WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-_____ (RDD)** |
| | : | |
| Debtors.[1] | : | **(Joint Administration Requested)** - |

-------------------------------------------------------------x

**MOTION OF DEBTORS FOR INTERIM**
**AND FINAL ORDERS ESTABLISHING NOTIFICATION**
**PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN**
**TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE DEBTORS AND**
**CLAIMING A WORTHLESS STOCK DEDUCTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation ("**SHC**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represent in support of this motion (the "**Motion**"):

## Background

1.     On the date hereof (the "**Commencement Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").   The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, sworn to on the date hereof (the "**Riecker Declaration**"),[2] which has been filed with the Court contemporaneously herewith and is incorporated herein by reference.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

## **Jurisdiction**

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Relief Requested**

5.      Pursuant to sections 105(a) and 362 of the Bankruptcy Code, the Debtors request entry of interim and final orders authorizing the Debtors to establish procedures (the "**Procedures**") to protect the potential value of the Debtors' consolidated net operating loss carryforwards ("**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors.  The Procedures apply to (a) common stock of SHC (the "**Common Stock**") and any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations) (together with the Common Stock, the "**SHC Securities**") and any options or similar rights (within the meaning of applicable Treasury Regulations) to acquire such stock or interests (the "**Options**"), (b) claims (each, as defined in section 101(5) of the Bankruptcy Code, a "**Claim**") against one or more of the Debtors and (c) any claim (for income tax reporting purposes) of a worthless stock deduction under section 165(g) of Title 26 of the United States Code (the "**Tax Code**") with respect to SHC Securities (a "**Worthless Stock Deduction**") by a Majority Securityholder (as hereinafter defined).  The Debtors request relief effective *nunc pro tunc* to the date hereof.

6.      A proposed form of order granting the relief requested herein on an interim basis (the "**Proposed Interim Order**") is annexed hereto as **Exhibit A.**  A proposed form of order granting the relief requested herein on a final basis (the "**Proposed Final Order**"

WEIL:\96320908\22\73219.0006

and, together with the Proposed Interim Order, the "**Proposed Orders**") is annexed hereto as

**Exhibit B**.

### The Debtors' Tax Attributes

7.      The Debtors possess certain Tax Attributes, including tax basis in assets exceeding the value of such assets and, as of the Commencement Date, estimated NOLs in excess of $5 billion and tax credits of approximately $900 million.  The Tax Attributes are valuable assets.

8.      The Tax Code generally permits a corporation to carry forward its NOLs to reduce future taxable income, thereby reducing, along with available tax credits, such corporation's tax liability in future periods.  *See, e.g.*, 26 U.S.C. §§ 172 and 904(c).  In addition, in situations where a corporation holds assets with a tax basis in excess of the assets' value, the Tax Code permits the corporation to claim deductions and/or losses with respect to the higher tax basis as the assets are held or sold, which deductions and losses may be applied to offset taxable income and reduce or eliminate the corporation's income tax liability.  Accordingly, absent any intervening limitations and depending on future operating results and the consummation of taxable asset dispositions by the Debtors, the Tax Attributes could substantially reduce the Debtors' U.S. federal income tax liability for current and future periods, including during the pendency of these chapter 11 cases.  The Tax Attributes are available to reduce the Debtors' federal income tax liability through the taxable year that includes the effective date of a chapter 11 plan and potentially thereafter, depending on the consequences of the restructuring.  The Tax Attributes, therefore, could translate into future tax savings over time, and any such savings could enhance the Debtors' cash position for the benefit of all parties in interest and contribute to the Debtors' efforts toward a successful reorganization.

WEIL:\96320908\22\73219.0006

9.      The Debtors' ability to utilize the Tax Attributes to reduce future tax liability is subject to certain statutory limitations.  Sections 382 and 383 of the Tax Code limit a corporation's ability to utilize its NOLs, tax credits, and certain other tax benefits to offset future income once that corporation has undergone an "ownership change" within the meaning of section 382 of the Tax Code (an "**Ownership Change**").  Pursuant to section 382 of the Tax Code, an Ownership Change generally occurs when the percentage of a corporation's equity held by one or more of its "5-percent shareholders" (each, as that term is used in section 382 of the Tax Code, a "**5-Percent Shareholder**") increases by more than fifty (50) percentage points above the lowest percentage of the corporation's equity owned by such shareholder(s) at any time during the relevant testing period (usually three years).  *See id.* § 382(g).  Further, section 382(g)(4)(D) of the Tax Code generally provides that if (a) a 50-percent shareholder (which, for this purpose, includes a shareholder who owned at least fifty percent (50%) of the stock at any time during the applicable three-year period) in a corporation claims a worthless stock deduction during any taxable year and (b) the stock with respect to which such worthless stock deduction is taken is held by the shareholder at the end of such taxable year, then the shareholder is treated as having acquired such stock on the first day of the shareholder's next taxable year and is treated as never having owned such stock during any prior year for purposes of testing whether an Ownership Change has occurred.

10.      The Debtors do not believe that SHC has undergone an Ownership Change prior to the Commencement Date.  Accordingly, the Debtors believe that they continue to have significant Tax Attributes that would be adversely affected (and perhaps effectively eliminated) by the occurrence of an Ownership Change during the pendency of these chapter 11 cases.  If such an Ownership Change was to occur, the valuation for determining the annual

5

amount of useable Tax Attributes is expected to be at or close to zero, effectively eliminating the availability and value of such Tax Attributes.  Therefore, it is in the best interests of the Debtors and their stakeholders to restrict both trading of SHC Securities and any claim of a Worthless Stock Deduction that could result in an Ownership Change occurring *before* the effective date of a chapter 11 plan or any applicable bankruptcy court order.  Such a restriction would protect the Debtors' ability to use the Tax Attributes during the pendency of these chapter 11 cases or, potentially, in the event of a future transaction, to offset gain or other income recognized in connection with the Debtors' sale or ownership of their assets, which may be significant in amount.  Although (as described below) the limitations imposed by section 382 of the Tax Code may be significantly less restrictive when an Ownership Change occurs *pursuant* to a confirmed chapter 11 plan (or any applicable bankruptcy court order), the benefits available under section 382 of the Tax Code in connection with a confirmed chapter 11 plan (or any applicable bankruptcy court order) are not applied retroactively to reduce the limitations imposed on a corporation's ability to utilize its tax benefits resulting from a *previous* Ownership Change (such as an Ownership Change occurring during the pendency of a chapter 11 case).  *See id.* § 382(*l*)(5), (6).

11.    Any chapter 11 plan that contemplates a reorganization of the Debtors likely will involve the issuance of new common stock in the Debtors (or any successor to the Debtors) and the distribution of such stock to certain creditors in satisfaction, in whole or in part, of their respective Claims against the Debtors.  This issuance and distribution could potentially result in an Ownership Change.  In such event, it is possible that the special relief afforded by section 382(*l*)(5) of the Tax Code could be both available and beneficial to the Debtors; the Debtors, in that circumstance, would seek to qualify the restructuring for such relief.  Such relief,

WEIL:\96320908\22\73219.0006

however, may become unavailable to the Debtors if the trading and accumulation of certain

Claims prior to the effective date of a chapter 11 plan is left unrestricted.

### The Proposed Procedures Relating to SHC Securities

12.    By establishing procedures for monitoring the transfer of, and the claiming

of a worthless stock deduction by any Majority Securityholder with respect to, SHC Securities

(the "**Securities Procedures**"), the Debtors can preserve their ability to seek the necessary relief

if it appears that any such transfer(s) or claim(s) may jeopardize the Debtors' ability to utilize

their Tax Attributes.  Therefore, the Debtors propose the following Security Procedures:[3]

(a)    Definitions.  For purposes of these Security Procedures, the
following terms have the following meanings:

(i)    "**Beneficial ownership**" of SHC Securities and Options to
acquire SHC Securities shall be determined in accordance with section 382 of the Tax Code, the
regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the
"**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and,
thus, to the extent provided in those sources, from time to time shall include, without limitation,
(A) direct and indirect ownership, determined without regard to any rule that treats stock of an
entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g.,
a holding company would be considered to beneficially own all stock owned or acquired by its
subsidiaries), (B) ownership by a holder's family members, (C) ownership by any group of
persons acting pursuant to a formal or informal understanding among themselves to make a
coordinated acquisition of stock, and (D) to the extent set forth in Treasury Regulations section
1.382-4, the ownership of an Option to acquire SHC Securities.

(ii)    "**Substantial Securityholder**" shall mean any "entity" (as
such term is defined in Treasury Regulations section 1.382-3(a), an "**Entity**") or person that
beneficially owns at least 5,177,155 shares of Common Stock (representing approximately
4.75% of all issued and outstanding shares of Common Stock) or at least 4.75% of any other
class of SHC Securities.

(iii)    "**Majority Securityholder**" shall mean (A) any person that
beneficially owns at least 51,771,556 shares of Common Stock (representing approximately
47.5% of all issued and outstanding shares of Common Stock) or (B) any person that would be a
"50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of SHC

---

[3] The Security Procedures delineated herein summarize the relevant portion of **Exhibit 1** to the Proposed Orders,
which sets forth the Procedures.

WEIL:\96320908\22\73219.0006

Securities if such person claimed a Worthless Stock Deduction at any time on or after the Commencement Date.

(b)    Notice of Substantial Ownership.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, SHC Securities in an amount sufficient to qualify such person or Entity as a Substantial Securityholder shall file with this Court and serve upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179 (Attn: Luke Valentino); (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ray C. Schrock, P.C.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), as proposed counsel to the Debtors; (iii) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); and (iv) counsel to the lenders under the Debtors' proposed debtor in possession financing facilities (the "**DIP Lenders**") (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Security Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Securityholder. At the election of the Substantial Securityholder, the Substantial Securityholder Ownership Notice to be filed with this Court (but not the Substantial Security Ownership Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(c)    Acquisition of SHC Securities.  At least twenty (20) business days prior to the proposed date of any transfer of SHC Securities or exercise of any Option to acquire SHC Securities that would result in an increase in the amount of SHC Securities beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Securityholder (a "**Proposed Acquisition Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferee**") shall file with this Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate SHC Securities (an "**Acquisition Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.   At the election of the Substantial Securityholder, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(d)    Disposition of SHC Securities.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition of SHC Securities that would result in either a decrease in the amount of SHC Securities beneficially owned by a Substantial Securityholder or a person's or Entity's ceasing to be a Substantial Securityholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferor**") shall file with this Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer SHC Securities (a "**Disposition Notice**"

and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Substantial Securityholder, the Trading Notice to be filed with this Court (but not the Trading Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(e)    Notice of Status as a Majority Securityholder.  Any person that currently is or becomes a Majority Securityholder shall file with this Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Securityholder Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 5**, which describes specifically and in detail such person's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person qualifies as a Majority Securityholder.  At the election of the Majority Securityholder, the Majority Securityholder Notice to be filed with this Court (but not the Majority Securityholder Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(f)    Notice of Intent to Claim a Worthless Stock Deduction.  At least twenty (20) business days before a Majority Securityholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Securityholder ending on or before the effective date of a plan of reorganization (the "**Plan**"), such Majority Securityholder shall file with this Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 6**.  At the election of the Majority Securityholder, the Worthless Stock Deduction Notice to be filed with this Court (but not the Worthless Stock Deduction Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(g)    Objection Procedures.  The Debtors and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with this Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, or a Majority Securityholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice.  If the Debtors or any Creditors' Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of this Court.  If neither the Debtors nor any Creditors' Committee file an Objection by the Objection Deadline or if the Debtors and any and all Creditors' Committees provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Securityholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice

WEIL:\96320908\22\73219.0006

or Worthless Stock Deduction Notice.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

## The Proposed Procedures Relating to Claims

13.     The procedures relating to the trading of Claims (the "**Claims Procedures**"), which only will become effective upon entry of the order granting the requested relief on a final basis, permit the full trading of Claims until the Debtors or another Plan Proponent (as hereinafter defined) decides to pursue a plan of reorganization contemplating the potential utilization of section 382($l$)(5) of the Tax Code, at which point, if necessary for the Debtors to utilize that provision, a purchaser of certain Claims on or after the Commencement Date may be required to resell some or all of such Claims.  The following are certain principal provisions of the proposed Claims Procedures:[4]

(a)     Disclosure of 382($l$)(5) Plan. If the proponent of a Plan (a "**Plan Proponent**") determines that the reorganized Debtors likely will benefit from the application of section 382($l$)(5) of the Tax Code and reasonably anticipates that the reorganized Debtors (or any successors thereto) (the "**Post-Emergence SHC**") will invoke such section (a "**382($l$)(5) Plan**"), then the Plan Proponent shall disclose the following in its proposed disclosure statement or, in the case of items (iii) through (v) described below, a later, separate notice (collectively, the "**Proposed 382($l$)(5) Disclosure Statement**"):

(i)     Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382($l$)(5) of the Tax Code that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

(ii)     A summary of any restrictions expected to be imposed on the transferability of securities issued under the Plan in order to preserve such incremental tax benefits;

(iii)     The (A) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in the equity of Post-Emergence SHC (the "**New SHC Stock**") and (B) number of any of the specified interests (the "**Owned Interests**") in the Debtors expected to result in a one-percent (1%) interest in the New SHC Stock, in each case based upon then-available information;

---

[4] The complete proposed Claims Procedures are set forth in **Exhibit 1** to the Proposed Final Order, which sets forth the Procedures.

WEIL:\96320908\22\73219.0006

(iv)    A specified date (the "**Determination Date**") that is not less than ten (10) calendar days after the service of the notice of the hearing with respect to the Proposed 382(*l*)(5) Disclosure Statement; and

(v)    A specified date (the "**Reporting Deadline**") that is not less than five (5) calendar days after the Determination Date, by which persons or Entities must serve on various parties the Notice of Substantial Claim Ownership (as defined in paragraph B(3) of **Exhibit 1** to Proposed Final Order) required by these Claims Procedures.

(b)    Claims Trading Before and After the Determination Date.

(i)    Any person or Entity generally may trade freely and make a market in Claims until the Determination Date.

(ii)    After the Determination Date, any acquisition of Claims by a person or Entity who filed or was required to file a Notice of Substantial Claim Ownership or by a person or Entity who would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each such person or Entity, a "**Proposed Claims Transferee**"), shall not be effective unless consummated in compliance with the Claims Procedures.

(iii)    At least ten (10) business days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (each acquisition, a "**Proposed Claims Acquisition Transaction**"), such Proposed Claims Transferee shall serve upon the Plan Proponent, its counsel, counsel to the DIP Lenders, and counsel to any Creditors' Committee a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "**Claims Acquisition Request**"), in substantially the form annexed to the Proposed Final Order as **Exhibit 6,** which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.

(iv)    The Plan Proponent may determine, in consultation with counsel to any Creditors' Committee and counsel to the DIP Lenders, whether to approve a Claims Acquisition Request.    If the Plan Proponent does not approve a Claims Acquisition Request in writing within eight (8) business days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

(c)    Creditor Conduct and Sell-Downs

(i)    Following the Determination Date, if the Plan Proponent determines that certain persons or Entities holding Claims must sell or transfer all or a portion of their beneficial ownership of Claims so that the requirements of section 382(*l*)(5) of the Tax Code will be satisfied, the Plan Proponent may request—after notice to counsel to any Creditors' Committee, counsel to the DIP Lenders, and the relevant claimholder(s), and a hearing—that this Court enter an order approving the issuance of a notice (a "**Sell-Down Notice**") that such claimholder(s) must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims. Notwithstanding anything to the contrary in this Motion, no claimholder shall be required to sell, cause to sell, or otherwise transfer any beneficial ownership of Claims if

11

such sale or transfer would result in the claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such claimholder's "protected amount" (as defined in paragraph B(1)(p) of **Exhibit 1** to the Proposed Final Order).

(ii)      Each Sell-Down Notice shall direct such claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to certain "permitted transferees."

(iii)      Any person or Entity that violates its obligations under the Claims Procedures shall be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New SHC Stock that is attributable to the "Excess Amount of Claims" (as defined in paragraph B(5)(b) of **Exhibit 1** to the Proposed Final Order) for such person or Entity, including any consideration in lieu thereof, *provided* that such person or Entity may be entitled to receive any other consideration to which such person or Entity may be entitled by virtue of holding Claims.

## The Relief Requested Should Be Granted

**I.      The Automatic Stay Bars Any Equity Transfer that Would Diminish or Limit the Debtors' Interests in the Tax Attributes**

14.      In furtherance of the automatic stay provisions of section 362 of the Bankruptcy Code and pursuant to section 105 of the Bankruptcy Code, the Debtors seek authority to monitor and approve (or disapprove) certain changes in the ownership of, and certain worthless stock deduction claims with respect to, SHC Securities to protect against the occurrence of an Ownership Change during the pendency of these chapter 11 cases, and thereby to preserve the potential value of the Tax Attributes. The Debtors also seek authority to monitor and approve (or disapprove) certain transfers of Claims and to require the sell down of certain Claims acquired during these chapter 11 cases to preserve the Debtors' ability to avail themselves of relief under section 382(*l*)(5) of the Tax Code, if such relief is determined to be desirable and otherwise available.

15.      Section 362 of the Bankruptcy Code enjoins all entities from, among other things, taking any action to obtain possession of property of or from the estate or to exercise control over property of the estate. Section 541 of the Bankruptcy Code defines "property of the

WEIL:\96320908\22\73219.0006

estate" to include all legal or equitable interests of a debtor in property as of the commencement date of a chapter 11 case, including tax benefits.

16.      The Tax Attributes are valuable property of the Debtors' estates and thus are protected, by operation of the automatic stay, from actions that would diminish or eliminate their value, including transfers and tax deduction claims that would effect an Ownership Change. It is well established that a debtor's NOLs are property of the debtor's estate protected by the automatic stay.  *See Official Comm. of Unsecured Creditors v. PSS S.S. Co. (In re Prudential Lines Inc.)*, 928 F.2d 565, 574 (2d Cir. 1991) ("[W]here a non-debtor's action with respect to an interest that is intertwined with that of a bankrupt debtor would have the legal effect of diminishing or eliminating property of the bankrupt estate, such action is barred by the automatic stay."); *Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them."); *In re Grossman's Inc.*, No. 97-695 (PJW), 1997 WL 33446314 (Bankr. D. Del. Oct. 9, 1997).  The United States Court of Appeals for the Second Circuit, in its seminal *In re Prudential Lines Inc.* decision, affirmed the application of the automatic stay to a debtor's tax benefits and upheld a permanent injunction prohibiting a parent corporation from taking a worthless stock deduction that would have adversely affected the ability of the parent corporation's subsidiary to utilize its NOLs under the special relief provisions of section 382 of the Tax Code.  *See* 928 F.2d at 573. As the Second Circuit stated:

> Including NOL carryforwards as property of a corporate debtor's estate is consistent with Congress' intention to "bring anything of value that the debtors have into the estate."  Moreover, . . . [i]ncluding the right to a NOL carryforward as property of [a debtor's] bankruptcy estate furthers the purpose of facilitating the reorganization of [the debtor].

*Id.* (quoting H.R. Rep. No. 95-595, at 176 (1978)) (citations omitted); *see also In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir. 2006) ("Property of the estate 'includes all interests, such as . . . contingent interests and future interests, whether or not transferable by the debtor.'" (quoting *Prudential Lines*, 928 F.2d at 572) (alteration in original)); *Gibson v. United States (In re Russell)*, 927 F.2d 413, 417 (8th Cir. 1991) (concluding that the "right to carry forward the [debtor's] NOLs" was a "property interest" of the estate).

17.    In *Prudential Lines,* the Second Circuit determined that, if the parent corporation were permitted to take a worthless stock deduction, its subsidiary's ability to carry forward its NOLs would be adversely impacted.  The Second Circuit concluded that "despite the fact that the [parent corporation's] action [was] not directed specifically at [the debtor subsidiary], it [nonetheless was] barred by the automatic stay as an attempt to exercise control over property of the estate." *Prudential Lines*, 928 F.2d at 573–574.

18.    In addition to finding that a debtor's NOLs are protected by the automatic stay, the Second Circuit also held that, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, a bankruptcy court may issue a permanent injunction to protect such NOLs. *Id.* at 574.

19.    In *In re Phar-Mor, Inc.*, 152 B.R. 924 (Bankr. N.D. Ohio 1993), the bankruptcy court applied similar reasoning and granted the debtors' motion to prohibit transfers of their stock that could have had an adverse effect on their ability to utilize their NOLs, even though the debtors' stockholders had not stated any intent to sell their stock and the debtors had not shown that a sale that would trigger an Ownership Change was pending.  *See id.* at 927. Despite the "ethereal" nature of the situation, the court observed that "[w]hat is certain is that the *NOL has a potential value, as yet undetermined*, which will be of benefit to creditors and will

assist debtors in their reorganization process. This asset is entitled to protection while [the d]ebtors move forward toward reorganization." *Id.* (emphasis added).

20. The bankruptcy court in *Phar-Mor* also concluded that, because the debtors were seeking to enforce the automatic stay, they did not have to meet the more stringent requirements for preliminary injunctive relief:

> The requirements for enforcing an automatic stay under 11 U.S.C. § 362(a)(3) do not involve such factors as lack of an adequate remedy at law, or irreparable injury, or loss and a likelihood of success on the merits. The key elements for a stay . . . are the existence of property of the estate and the enjoining of all efforts by others to obtain possession or control of property of the estate.

*Id.* at 926 (quoting *In re Golden Distribs., Inc.*, 122 B.R. 15, 19 (Bankr. S.D.N.Y. 1990)).

21. Restrictions on equity and/or Claims trading and/or worthless stock deduction claims to protect a debtor against the possible loss of valuable tax attributes are regularly approved by this and other courts. *See, e.g.*, *In re Aéropostale, Inc.*, Case No. 16-11275 (SHL), ECF Doc. 240 (Bankr. S.D.N.Y. June 3, 2016) (approving notification procedures and restrictions on certain transfers of equity interests in the debtors); *In re SunEdison, Inc.*, Case No. 16-1992 (SMB), ECF Doc. 253 (Bankr. S.D.N.Y. May 12, 2016) (same); *In re The Great Atl. & Pac. Tea Co.*, Case No. 15-23007 (RDD), ECF Doc. 501 (Bankr. S.D.N.Y. Aug. 11, 2015) (approving notification procedures and restrictions on certain transfers of Claims against and equity interests in the debtors); *In re AMR Corp.*, Case No. 11-15463 (SHL), ECF Doc. 890 (Bankr. S.D.N.Y. Jan. 27, 2012) (same); *In re NewPage Corp.*, Case No. 11-12804 (KG), ECF Doc. 307 (Bankr. D. Del. October 4, 2011) (approving notification procedures and restrictions on certain transfers of Claims against and equity interests in the debtors and certain worthless stock deduction claims with respect to equity interests in the debtors); *In re Portola Packaging, Inc.*, Case No. 08-12001 (CSS), ECF Doc. 130 (Bankr. D. Del. Sept. 19, 2008) (approving notification

15

procedures and restrictions on certain transfers of, and worthless stock deduction with respect to, equity interests in the debtors); *In re Delta Air Lines, Inc.*, Case No. 05-17923 (PCB), ECF Doc. 1640 (Bankr. S.D.N.Y. Dec. 20, 2005) (approving notification procedures and restrictions on certain transfers of equity interests in the debtors); *In re Nw. Airlines Corp.*, Case No. 05-17930 (ALG), ECF Doc. 836 (Bankr. S.D.N.Y. Oct. 28, 2005) (same); *In re WorldCom, Inc.*, Case No. 02-13533 (AJG), ECF Doc. 3613 (Bankr. S.D.N.Y. Mar. 5, 2003) (restricting acquisitions of stock above a certain threshold and establishing notification requirements for certain acquisitions of Claims); *In re Metrocall, Inc.*, Case No. 02-11579, ECF Doc. 290 (Bankr. D. Del. July 8, 2002) (approving procedures by which the debtor would provide five business days' notice to object to proposed transfers of stock that would result in a transferee's holding 5 percent or more of the debtor's stock or a reduction in the ownership interest of an existing 5-percent shareholder); *In re Reliance Acceptance Grp. Inc.*, Case No. 98-288 (PJW), ECF Doc. 270 (Bankr. D. Del. Apr. 28, 1998) (providing debtor with thirty-days' notice to object to proposed transfers that would result in a transferee holding five percent or more of debtor's common stock).

22.     As these cases demonstrate, it is well settled that, pursuant to section 362(a)(3) of the Bankruptcy Code, the automatic stay enjoins actions that would adversely affect a debtor's ability to utilize its NOLs and other tax benefits.

## II.    The Procedures Are Necessary and in the Best Interests of the Debtors, Their Estates, and Their Creditors

23.     The Procedures are necessary to preserve the Debtors' ability to utilize their Tax Attributes.  The Debtors' ability to preserve their Tax Attributes may be seriously jeopardized unless certain procedures are established immediately and *nunc pro tunc* to the Commencement Date to ensure that trading in SHC Securities or Claims against the Debtors, and

WEIL:\96320908\22\73219.0006

claiming certain worthless stock deductions with respect to equity interests in the Debtors, are either precluded or closely monitored and made subject to Court approval.

24.     Depending on the Debtors' future earnings and the consequences of a restructuring, the Debtors' ability to utilize the Tax Attributes may enhance the Debtors' prospects for a successful emergence from chapter 11. The relief requested herein is narrowly tailored to permit certain securities and Claims trading to continue, subject to Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws.

25.     The Security Procedures must be implemented as soon as possible. Even if a transfer or Worthless Stock Deduction claim were to be null and void under section 362 of the Bankruptcy Code or as a result of a final order of the Court that prohibited such a transfer or claim retroactively to the Commencement Date, under federal income tax law, such transfer or claim nevertheless may be regarded as having occurred for tax purposes, in which event the Debtors' estates could suffer an irrevocable loss of value. Accordingly, if a transfer or claim occurs that limits the Debtors' ability to utilize their Tax Attributes under section 382 of the Tax Code, the Debtors' ability to realize the value of their Tax Attributes may be permanently lost. The relief requested, therefore, is crucial to prevent an irrevocable diminution of the value of the Debtors' estates.

26.     The Claims Procedures permit the full trading of Claims until the Debtors or another Plan Proponent decides to pursue a Plan that contemplates the potential utilization of section 382(l)(5) of the Tax Code, at which point, if necessary for the Debtors' ability to utilize that provision, a purchaser of certain Claims on or after the Commencement Date may be required to resell some or all of such Claims.

WEIL:\96320908\22\73219.0006

27.     It is in the best interests of the Debtors and their stakeholders to restrict securities trading and Worthless Stock Deduction claims that could result in an Ownership Change *before* the effective date of a chapter 11 Plan or any applicable bankruptcy court order. This restriction would permit the Debtors' to utilize the Tax Attributes, if necessary, to offset gain or other income recognized in connection with the Debtors' ownership of their assets and operation of their business. If such an Ownership Change were to occur, however, the valuation for determining the annual amount of usable Tax Attributes is expected to be at or close to zero, effectively eliminating the availability of such Tax Attributes.

28.     As they relate to an Ownership Change that occurs *pursuant to* a confirmed chapter 11 Plan or any applicable bankruptcy court order, however, the limitations imposed by section 382 of the Tax Code are significantly less restrictive than those applicable to an Ownership Change that occurs before the effective date of (or otherwise outside of) a chapter 11 Plan. *See* 26 U.S.C. § 382(*l*)(5), (6). Under section 382(*l*)(5) of the Tax Code (the "**Section 382(*l*)(5) Safe Harbor**"), a corporation is not subject to the annual limitation ordinarily imposed by section 382 of the Tax Code with respect to an Ownership Change, provided that the Ownership Change resulted from the consummation of a chapter 11 Plan or pursuant to any applicable bankruptcy court order and that the debtor's pre-Ownership Change shareholders and/or "qualified creditors" (as hereinafter defined) emerge from the reorganization owning at least fifty percent (50%) of the total value and voting power of the reorganized debtor's stock immediately after the Ownership Change. *Id.* § 382(*l*)(5)(A). Under section 382(*l*)(5)(E) of the Tax Code and the applicable Treasury Regulations, a creditor whose Claim is exchanged for stock of the reorganized debtor under a chapter 11 Plan or pursuant to any applicable bankruptcy court order is, for purposes of section 382 of the Tax Code, a "qualified creditor" (each, a

"**Qualified Creditor**") if such creditor's Claim either (a) has been owned by such creditor for eighteen (18) or more months prior to the date of the commencement of the bankruptcy case or (b) arose in the ordinary course of the debtor's business and was at all times beneficially owned by such creditor.  Creditors also may be classified as Qualified Creditors, despite not satisfying either of these conditions, if such creditors meet the criteria set forth in Treasury Regulations section 1.382-9(d)(3) (the "**De Minimis Rule**").

29.    Under the De Minimis Rule, a debtor may, for purposes of the Section 382($l$)(5) Safe Harbor, "treat indebtedness as always having been owned by the beneficial owner of the indebtedness immediately before the [O]wnership [C]hange if the beneficial owner is not, immediately after the [O]wnership [C]hange, either a 5-[P]ercent [S]hareholder or an [E]ntity through which a 5-[P]ercent [S]hareholder owns an indirect ownership interest" in the debtor.  26 C.F.R. § 1.382-9(d)(3).  If a creditor is treated as having continuously owned its Claim(s) under the De Minimis Rule, such creditor will be regarded as a Qualified Creditor so long as the particular Claim(s) that it holds either (a) arose in the ordinary course of the debtor's business or (b) came into existence at least eighteen (18) months prior to the date of the commencement of the bankruptcy case.

30.    Although there can be no assurance that the Section 382($l$)(5) Safe Harbor ultimately will be available to the Debtors, and recognizing that the Debtors have not yet been able to determine whether the Section 382($l$)(5) Safe Harbor, even if available, would yield significant benefits in the context of the Debtors' restructuring, it is important that the Debtors preserve their ability to propose a chapter 11 Plan that could take advantage of the Section 382($l$)(5) Safe Harbor.  Because the determination of whether a creditor is a Qualified Creditor, in whole or in part, depends on the nature of its Claims and whether it has held its Claims (within

the meaning of the applicable Treasury Regulations) until the effective date of the chapter 11 Plan, transfers of Claims by creditors before such date pose a threat to the Debtors' ability to satisfy the requirements of the Section 382(*l*)(5) Safe Harbor.  The requested relief will ensure that the Debtors will have flexibility, if the Debtors determine it to be desirable, to structure a chapter 11 Plan or other distributions to comply with the requirements of the Section 382(*l*)(5) Safe Harbor and thus to preserve the Tax Attributes to the fullest extent possible.

31.    Even if it is ultimately determined that either the Section 382(*l*)(5) Safe Harbor is unavailable to the Debtors or the relief provided thereby would not materially benefit the Debtors in the context of their restructuring, section 382(*l*)(6) of the Tax Code provides a second, alternative rule that applies when an Ownership Change occurs pursuant to a confirmed chapter 11 Plan or any applicable bankruptcy court order.  Specifically, section 382(*l*)(6) of the Tax Code provides that, if a debtor undergoes an Ownership Change pursuant to a chapter 11 Plan and the Section 382(*l*)(5) Safe Harbor does not apply, then the appropriate value of the Debtors for purposes of calculating the annual limitation under section 382 of the Tax Code shall reflect the increase in value of the Debtors resulting from any surrender or cancellation of creditors' Claims.  Generally, under section 382 of the Tax Code, the taxable income of a loss corporation available for offset by pre-Ownership Change Tax Attributes is annually limited to an amount equal to the long-term tax-exempt bond rate times the value of the loss company's stock *immediately before* the Ownership Change.  Thus, assuming the equity value of the Debtors increases as a result of the reorganization, section 382(*l*)(6) of the Tax Code will provide for a higher (and therefore less restrictive) annual limitation than would result under the general rules of section 382 of the Tax Code, thereby preserving the Debtors' ability to utilize a greater portion of their otherwise available Tax Attributes to offset any post-Ownership Change income.

In all circumstances, it is in the best interest of the Debtors and their stakeholders for the Court to grant the requested relief in order to prevent an Ownership Change prior to the effective date of a chapter 11 Plan or any applicable bankruptcy court order.

## The Relief Requested Should Be Granted on an Interim Basis

32.     Granting the relief requested herein on an interim basis will benefit the Debtors and their stakeholders by preventing the loss of the Debtors' ability to utilize the Tax Attributes pending final approval of the Procedures, while allowing holders of SHC Securities and/or Claims against the Debtors and other parties in interest ample time to consider the Procedures.  Absent the interim relief, the Debtors may be irreparably harmed due to the equity trading that may follow immediately after persons or Entities receive notice of this Motion. Persons or Entities may rush to acquire or dispose of, or claim a Worthless Stock Deduction with respect to, SHC Securities before the Court imposes any restrictions on trading or deductions, and such transfers or deductions may be regarded as occurring for tax purposes even if such trades or deductions were to be null and void under section 362 of the Bankruptcy Code or as a result of a final order of this Court prohibiting such trading or deductions *nunc pro tunc* to the Commencement Date.  Such trading would jeopardize the Debtors' ability to utilize the Tax Attributes and would be counterproductive to the Debtors' objectives in seeking the relief requested herein.  Accordingly, the Debtors request that the Security Procedures proposed herein be approved on an interim basis and that a hearing be scheduled to consider entry of the Proposed Final Order.

## Reservation of Rights

33.     Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any Claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any Claim

21

against the Debtors; (iii) a waiver of any Claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code.

## Notice

34.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel for Bank of America, N.A., as administrative agent under the First Lien Credit Facility and the DIP ABL Agent; (iv) counsel for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility; (v) counsel for JPP, LLC, as administrative agent under the Second Lien Credit Facility, the IP/Ground Lease Term Loan, and the Consolidated Secured Loan Facility; (vi) counsel for Computershare Trust Company N.A., as indenture trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes; (vii) counsel for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes; (viii) counsel for The Bank of New York Mellon Trust Company, N.A., as successor trustee for the SRAC Unsecured PIK Notes, the SRAC Unsecured Notes, and the SRAC Medium Term Notes; (ix) the Pension Benefit Guaranty Corporation; (x) the Unions; (xi) the Securities and Exchange Commission; (xii) the Internal Revenue Service; and (xiii) the United States Attorney's Office for the Southern District of New York.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

35.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WEIL:\96320908\22\73219.0006

WHEREFORE the Debtors respectfully request entry of the Proposed Interim Order and the Proposed Final Order granting the relief requested herein and such other and further relief as is just.

Dated: October 15, 2018
New York, New York

/s/ Ray C. Schrock P.C.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

WEIL:\96320908\22\73219.0006

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : |  |
|  | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : |  |
|  | : | **Case No. 18-_____ (RDD)** |
|  | : |  |
| Debtors.[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

## INTERIM ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE DEBTORS AND CLAIMING CERTAIN WORTHLESS STOCK DEDUCTIONS

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation ("**SHC**") and its

debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 362 of title 11 of the United States

Code (the "**Bankruptcy Code**"), for entry of interim and final orders establishing procedures to

protect the potential value of the Debtors' consolidated net operating loss carryforwards (the

"**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

the reorganization of the Debtors, all as more fully set forth in the Motion; and the Court having

jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§

157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31,

2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the interim relief sought in the Motion

having been given as provided in the Motion, and such notice having been adequate and

appropriate under the circumstances; and it appearing that no other or further notice need be

provided; and the Court having held a hearing to consider the relief requested in the Motion on

an interim basis on October 15, 2018 (the "**Interim Hearing**"); and upon the First Day

Declaration, filed contemporaneously with the Motion, the record of the Interim Hearing, and

upon all of the proceedings had before the Court; and the Court having determined that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein, and that

the relief requested in the Motion is in the best interests of the Debtors, their estates, their

creditors, and all parties in interest; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on an interim basis to the extent set forth herein.

2.      The provisions of this Interim Order shall be effective *nunc pro tunc* to the

Commencement Date.

3.      The restrictions, notification requirements, and other procedures annexed

hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply to all trading and

transfers of, and worthless stock deductions claims with respect to, interests in the Debtors.

4.      Until further order of this Court to the contrary, any acquisition, disposition, or trading of, or worthless stock deduction claim with respect to, SHC Securities in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5.      Any person or Entity that acquires, disposes of, or trades SHC Securities in violation of this Interim Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a worthless stock deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5** and **Exhibit 6** are hereby approved.

7.      Within three (3) business days of the entry of this Interim Order, the Debtors shall send the notice of this Interim Order (the "**Notice of Interim Order**") annexed hereto as **Exhibit 7** to all parties that were served with notice of the Motion, publish the Notice of Interim Order once in the national edition of *The New York Times*, and post the Procedures to the website established by Prime Clerk for these chapter 11 cases (which website address shall be identified in the Notice of Interim Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

8.      Nothing herein shall preclude any person or Entity desirous of acquiring or transferring, or making worthless stock deduction claims with respect to, any interest in the

WEIL:\96320908\22\73219.0006

Debtors from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10.     The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Interim Order expressly conditions or restricts trading in, or making worthless stock deduction claims with respect to, interests in the Debtors, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under any chapter 11 Plan or any applicable bankruptcy court order.

11.     The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

12.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

13.     This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided that* the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

14.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

WEIL:\96320908\22\73219.0006

15.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

16.    A final hearing to consider the relief requested in the Motion shall be held on _____, **2018,** at _____ **(Eastern Time)**, and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn:  Ray C. Schrock, P.C.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.); (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq.); and (iii)  Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.), in each case, so as to be received no later than **4:00 p.m. (Eastern Time)** on _____, **2018**.

Dated: October 15, 2018
      New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1 to Interim Order**

**Procedures**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                            :

                                                 :          **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*        :

                                                 :          **Case No. 18-_____ (RDD)**

                                                 :

              Debtors.[1]                        :          **(Jointly Administered)**

-------------------------------------------------------------x

**NOTICES, RESTRICTIONS, AND
OTHER PROCEDURES REGARDING OWNERSHIP AND TRANSFERS OF,
AND WORTHLESS STOCK DEDUCTIONS WITH RESPECT TO,
<u>INTERESTS IN THE DEBTORS</u>**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions* (the "**Interim Order**") entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____, 2018, Docket No. ____, the following restrictions, notification requirements,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of interests in the Debtors.[2]

## A.    SHC Securities Restrictions

(1)    <u>Definitions</u>.  For purposes of these Procedures, the following terms have the following meanings:

(a)    "**SHC**" shall mean Sears Holdings Corporation.

(b)    "**Common Stock**" shall mean any common stock issued by SHC.

(c)    "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(d)    "**SHC Securities**" shall mean, collectively, Common Stock and any other interest in a Debtor treated as stock within the meaning of Treasury Regulations sections 1.382-2(a)(3) and 1.382-2T(f)(18) (other than any such stock or interest held by a Debtor).  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire SHC Securities may be treated as the owner of such SHC Securities.

(e)    "**Beneficial ownership**" of SHC Securities and Options to acquire SHC Securities shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire SHC Securities.

(f)    "**Substantial Securityholder**" shall mean any "entity" (as such term is defined in Treasury Regulations section 1.382-3(a), an "**Entity**") or person that beneficially owns at least 5,177,155 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock) or at least 4.75% of any other class of SHC Securities.

(g)    "**Majority Securityholder**" shall mean (i) any person that beneficially owns at least 51,771,556 shares of Common Stock (representing approximately 47.5% of all issued and

---

[2] Capitalized terms used but not defined herein (in particular, see definitions in paragraphs A(1) below) shall have the meanings ascribed to them in the Interim Order.

outstanding shares of Common Stock) or (ii) any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of SHC Securities if such person claimed a Worthless Stock Deduction at any time on or after the Commencement Date.

(2)    <u>Notice of Substantial Ownership</u>.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, SHC Securities in an amount sufficient to qualify such person or Entity as a Substantial Securityholder shall file with the Bankruptcy Court, and serve upon (a) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179 (Attn: Luke Valentino); (b) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ray C. Schrock, P.C.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), as proposed counsel to the Debtors; (c) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); and (d) counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**") (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Security Ownership Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Securityholder.  At the election of the Substantial Securityholder, the Substantial Security Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Security Ownership Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(3)    <u>Acquisition of SHC Securities</u>.  At least twenty (20) business days prior to the proposed date of any transfer of SHC Securities or exercise of any Option to acquire SHC Securities that would result in an increase in the amount of SHC Securities beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Securityholder (a "**Proposed Acquisition Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate SHC Securities (an "**Acquisition Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Substantial Securityholder, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(4)    <u>Disposition of SHC Securities</u>.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition of SHC Securities that would result in either a decrease in the amount of SHC Securities beneficially owned by a Substantial

WEIL:\96320908\22\73219.0006

Securityholder or a person's or Entity's ceasing to be a Substantial Securityholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer SHC Securities (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Substantial Securityholder, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(5)    <u>Notice of Status as a Majority Securityholder</u>. Any person that currently is or becomes a Majority Securityholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Securityholder Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 5**, which describes specifically and in detail such person's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person qualifies as a Majority Securityholder.  At the election of the Majority Securityholder, the Majority Securityholder Notice to be filed with the Bankruptcy Court (but not the Majority Securityholder Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(6)    <u>Notice of Intent to Claim a Worthless Stock Deduction</u>.  At least twenty (20) business days before a Majority Securityholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Securityholder ending on or before the effective date of the Plan, such Majority Securityholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 6**.  At the election of the Majority Securityholder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(7)    <u>Objection Procedures</u>.  The Debtors and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be,  or a Majority Securityholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless

Stock Deduction Notice. If the Debtors or any Creditors' Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court. If neither the Debtors nor any Creditors' Committee file an Objection by the Objection Deadline or if the Debtors and any and all Creditors' Committees provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Shareholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice. Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

## B.      Noncompliance with the Procedures

Any acquisition, disposition, or trading of, or claim of worthless stock deduction with repect to, SHC Securities in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code. In the event that a Majority Securityholder claims a Worthless Stock Deduction in violation of these Procedures, such holder shall be required to file an amended federal income tax return revoking such deduction. Furthermore, any person or Entity that acquires, disposes of, or trades, or claims a worthless stock deduction with respect to, SHC Securities in violation of these Procedures shall be subject to sanctions as provided by law.

## C.      Debtors' Right to Waive

**The Debtors may waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**


Dated:      New York, New York                    **BY ORDER OF THE COURT**
            _____, 2018

WEIL:\96320908\22\73219.0006

**<u>Exhibit 2 to Interim Order</u>**

**Notice of Substantial Security Ownership**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                      :
                                                           :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*                  :
                                                           :          **Case No. 18-_____ (RDD)**
                                                           :
       Debtors.[1]                                         :          **(Jointly Administered)**
-----------------------------------------------------------------x

<u>**NOTICE OF SUBSTANTIAL SECURITY OWNERSHIP**</u>

        PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

        (i)      _____ shares of Common Stock,[2]

        (ii)     _____ other interests in a Debtor treated as stock ("**Other Interests**") which consist of _____, and/or

        (iii)    Options to acquire _____ shares of Common Stock,

------------------------------

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in <u>**Exhibit 1**</u> to the Interim Order.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Common Stock, Other Interests and/or Options to acquire Common Stock that are owned directly by the Filer, the table sets forth (a) the number of such shares, the number of such interests and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

In the case of Common Stock and/or Options to acquire Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock, Other Interests and/or Options to acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock, the number of interests and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock, Other Interests and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares/Number of Interests Owned | Shares/Number of Interests Underlying Options Owned | Date(s) Acquired |
|-------|---------------|----------------------------------|-----------------------------------------------------|------------------|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

## Exhibit 3 to Interim Order

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate SHC Securities**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                              :
                                                   :      **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,          :
                                                   :      **Case No. 18-[_____] (RDD)**
                                                   :
            Debtors.[1]                            :      **(Jointly Administered)**

---------------------------------------------------------------x

## NOTICE OF INTENT TO PURCHASE,
## ACQUIRE, OR OTHERWISE ACCUMULATE SHC SECURITIES

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate directly one or more shares of Common Stock[2], other interests in a Debtor treated as stock ("**Other Interests**") and/or Options to acquire Common Stock and/or (ii) a proposed purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock that would result in an increase in the number of shares of Common Stock, Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.  If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Common Stock, Other Interests and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2.  If the Proposed Transfer involves the purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock, Other Interests and/or Options, (b) the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options proposed to be purchased or acquired, and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares/Number of Interests to be Purchased or Acquired | Shares/Number of Interests Underlying Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options (a) that would be owned directly by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Other Interests and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares/Number of Interests to Be Owned | Shares/Number of Interests Underlying Options to Be Owned |
|---|---|---|---|

WEIL:\96320908\22\73219.0006

| | | | |
|---|---|---|---|
| Common Stock | | | |
| Other Interests | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Securityholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Securityholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares/Number of Interests Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests to Be Owned Following Proposed Transfer | Shares/Number of Interests Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Other Interests | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

3

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

_____

Telephone: _____
Facsimile: _____


Date: _____

WEIL:\96320908\22\73219.0006

## **Exhibit 4 to Interim Order**

**Notice of Intent to Sell, Trade, or Otherwise Transfer SHC Securities**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                          :
                                               :        **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,      :
                                               :        **Case No. 18-[_____] (RDD)**
                                               :
        Debtors.[1]                            :        **(Jointly Administered)**
-------------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE,
## OR OTHERWISE TRANSFER SHC SECURITIES

    PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of one or more shares of Common Stock[2], other interests in a Debtor that are treated as stock ("**Other Interests**") and/or Options to acquire Common Stock and/or (ii) a proposed sale, transfer, or disposition of Common Stock, Other Interests and/or Options to acquire Common Stock that would result in a decrease in the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the sale, transfer, or disposition directly by the Filer of Common Stock, Other Interests and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2. If the Proposed Transfer involves the sale, transfer or disposition of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock, Other Interests and/or Options; (b) the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of; and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares/Number of Interests to Be Sold, Transferred, or Disposed Of | Shares/Number of Interests Underlying Options to Be Sold, Transferred, or Disposed Of | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options (a) that would be owned directly by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Other Interests and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, Other Interests and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of | Shares/Number of | Shares/Number of Interests |
|---|---|---|---|

2

| | Owner | Interests to Be Owned | Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Other Interests | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer, or disposition of Common Stock, Other Interests and/or Options to acquire Common directly by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Securityholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Securityholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock, the Other Interests and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares/Number of Interests Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests to Be Owned Following Proposed Transfer | Shares/Number of Interests Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Other Interests | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

3

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

_____

Telephone: _____
Facsimile: _____


Date: _____

WEIL:\96320908\22\73219.0006

**<u>Exhibit 5 to Interim Order</u>**

**Declaration of Status as a Majority Securityholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                          :
                                               :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*      :
                                               :        **Case No. 18-_____ (RDD)**
                                               :
        Debtors.[1]                            :        **(Jointly Administered)**
------------------------------------------------------------x

## <u>DECLARATION OF STATUS AS A MAJORITY SECURITYHOLDER</u>

   PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Securities.[2]

   PLEASE TAKE FURTHER NOTICE that, as of _____ ___, 2018, the Filer beneficially owns ____ shares of and/or interests in SHC Securities.  The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such SHC Securities in an amount sufficient for the Filer to qualify as a Majority Securityholder:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **<u>Exhibit 1</u>** to the Interim Order.

| Number of Shares of and/or Interests in SHC Securities | Date(s) Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional pages if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

Telephone: _____
Facsimile: _____
Date: _____

WEIL:\96320908\22\73219.0006

## Exhibit 6 to Interim Order

**Declaration of Intent to Claim a Worthless Stock Deduction**

WEIL:\96320908\22\73219.0006

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                  :
                                                       :       **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,              :
                                                       :       **Case No. 18-_____ (RDD)**
                                                       :
                                                       :
         Debtors.[1]                                   :       **(Jointly Administered)**
-----------------------------------------------------------------x

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction[2] with respect to its SHC Securities (a "**Proposed Deduction**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 20__, the Filer filed a Declaration of Status as a Majority Securityholder with this Court.

PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares and/or interests of SHC Securities.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to ___ shares of and/or interests in SHC Securities.  If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired ___ shares of and/or interests in SHC Securities on the first day of the Filer's next taxable year and shall be treated as never having owned such SHC Securities during any prior year for the purposes of testing whether an Ownership Change has occurred.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

WEIL:\96320908\22\73219.0006

**<u>Exhibit 7 to Interim Order</u>**

**Interim Publication Notice**

WEIL:\96320908\22\73219.0006

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, (I) SECURITIES ISSUED BY SEARS HOLDINGS CORPORATION OR ITS SUBSIDIARIES AND (II) CERTAIN CLAIMS AGAINST SEARS HOLDINGS CORPORATION OR ITS SUBSIDIARIES:**

Upon the motion (the "**Motion**") of Sears Holdings Corporation ("**SHC**") and its subsidiaries (the "**Debtors**"), on October 15, 2018, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Sears Holdings Corporation, et al.*, Case No. ____ (RDD) (the "**Chapter 11 Cases**"), entered an interim order establishing procedures (the "**Procedures**") with respect to direct and indirect transfers of, and claims of worthless stock deductions with respect to, interests in the Debtors and scheduling a hearing on a final order with respect to such Procedures.

In certain circumstances, the Procedures restrict (i) transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that is or, as a result of such a transaction, would become a Substantial Securityholder of the common stock issued by SHC (the "**Common Stock**") or any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations) (together with the Common Stock, the "**SHC Securities**") and (ii) claims by any Majority Securityholder of a worthless stock deduction under section 165(g) of the Internal Revenue Code with respect to the SHC Securities. For purposes of the Procedures, a "**Substantial Securityholder**" is any person or entity (including certain persons making a coordinated acquisition) that beneficially owns, directly or indirectly (and/or owns options to acquire) at least 5,177,155 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock) or at least 4.75% of any other class of SHC Securities, and a "**Majority Securityholder**" is any person that beneficially owns at least 51,771,556 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code) of SHC Securities (as defined in the Procedures) if such person claimed a worthless stock deduction with respect to such securities. *Any prohibited acquisition or other transfer of, or claim of a worthless stock deduction with respect to, SHC Securities will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

In addition, the Debtors have requested approval of additional procedures (the "**Claims Procedures**") as part of the final order that set forth (i) certain future circumstances under which any person, group of persons, or entity holding, or which as a result of a proposed transaction may hold, a substantial amount of certain claims against the Debtors may be required to file notice of its holdings of such claims and of proposed transactions, which transactions may be restricted, and (ii) certain limited circumstances thereafter under which such person(s) may be required to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any such claims acquired during the Chapter 11 Cases.

*The Procedures, as approved on an interim basis and as requested on a final basis (inclusive of the Claims Procedures), are available on the website of Prime Clerk LLC, the Debtors'*

*Court-approved claims agent, located at https://primeclerk.com, and on the docket of the Chapter 11 Cases, Docket No. _____ (RDD), which can be accessed via PACER at https://www.pacer.gov.*

**A direct or indirect holder of, or prospective holder of, securities issued by SHC that may be or become a Substantial Securityholder, a Majority Securityholder or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors should consult the Procedures.**

PLEASE TAKE NOTICE that the final hearing on the Motion shall be held on _____, 2018, at _____ **(Eastern Time),** and any objections or responses to the Motion shall be in writing, filed with the Court (with a copy delivered to Chambers), and served upon (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C. Schrock, P.C.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; Sunny Singh, Esq.), as proposed counsel to the Debtors, and (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq.), in each case so as to be received no later than **4:00 p.m. (Eastern Time) on _____, 2018**.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse non-compliance therewith.

Dated:   New York, New York           **BY ORDER OF THE COURT**
         October 15, 2018

2

**<u>Exhibit B</u>**

**Proposed Final Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re                                                          :

                                                               :        **Chapter 11**

**SEARS HOLDINGS CORPORATION**, *et al.*,        :

                                                               :        **Case No. 18-_____ (RDD)**

                                                               :

           **Debtors.**[1]                                     :        **(Jointly Administered)**

-----------------------------------------------------------------x

## FINAL ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE DEBTORS AND CLAIMING CERTAIN WORTHLESS STOCK DEDUCTIONS

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation ("**SHC**") and its

debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 362 of title 11 of the United States

Code (the "**Bankruptcy Code**"), for entry of interim and final orders establishing procedures to

protect the potential value of the Debtors' consolidated net operating loss carryforwards (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

"**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with

the reorganization of the Debtors, all as more fully set forth in the Motion; and the Court having

jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§

157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31,

2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the final relief sought in the Motion

having been given as provided in the Motion, and such notice having been adequate and

appropriate under the circumstances; and it appearing that no other or further notice need be

provided; and the Court having held a hearing to consider the relief requested in the Motion on a

final basis on [_____], 201_ (the "**Final Hearing**"); and upon the First Day Declaration filed

contemporaneously with the Motion, the record of the Final Hearing, and all of the proceedings

had before the Court; and the Court having found and determined that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein, and that the relief sought

in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in

interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The provisions of this Order shall be effective *nunc pro tunc* to the

Commencement Date.

3.      The restrictions, notification requirements, and other procedures annexed

hereto as **<u>Exhibit 1</u>** (the "**Procedures**") are hereby approved and shall apply to all trading and

2

transfers of interests in, and Claims against, the Debtors and all worthless stock deductions claims with respect to interests in the Debtors.

4.      Any acquisition, disposition, or trading of SHC Securities or Claims against the Debtor or worthless stock deduction claim with respect to SHC Securities in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5.      Any person or Entity that acquires, disposes of, or trades SHC Securities or Claims against the Debtor in violation of this Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a worthless stock deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, **Exhibit 6**, **Exhibit 7**, **Exhibit 8** and **Exhibit 9** are hereby approved.

7.      Within three (3) business days of the entry of this Order, the Debtors shall send the notice of this Order (the "**Notice of Final Order**") annexed hereto as **Exhibit 10** to all parties that were served with notice of the Motion, publish the Notice of Final Order once in the national edition of *The New York Times*, and post the Procedures to the website established by Prime Clerk LLC for these chapter 11 cases (which website address shall be identified in the Notice of Final Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

3

8.      Nothing herein shall preclude any person or Entity desirous of purchasing or transferring any interest in, or Claims against, the Debtors or making worthless stock deduction claims with respect to any interest in the Debtors from requesting relief from this Order from this Court, subject to the Debtors' rights to oppose such relief.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10.     The relief granted in this Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Order expressly conditions or restricts trading in interests in, or Claims against, the Debtor or making worthless stock deduction claims with respect to interests in the Debtors, nothing in this Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in, or Claims against, the Debtors, including in connection with the treatment of any such interests under any chapter 11 Plan or any applicable bankruptcy court order.

11.     The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

12.     The entry of this Order shall in no way be deemed a determination that entry of a Sell-Down Notice is necessary or warranted in this chapter 11 cases, and this Court's review of any future request for entry of a Sell-Down Notice shall be without regard to the entry of this Order.

4

13.     The entry of this Order shall in no way prejudice the rights of any party to oppose the entry of a Sell-Down Notice, on any grounds, and all such rights are expressly preserved hereby.

14.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

16.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 201_
          New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\96320908\22\73219.0006

**Exhibit 1 to Final Order**

**Procedures**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                                  :

                                                       :        **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.*,              :

                                                       :        **Case No. 18-_____ (RDD)**

                                                       :

          Debtors.[1]                                  :        **(Jointly Administered)**

---------------------------------------------------------------x

## NOTICES, RESTRICTIONS, AND
## OTHER PROCEDURES REGARDING OWNERSHIP AND
## TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE DEBTORS AND
## CLAIMING CERTAIN WORTHLESS STOCK DEDUCTIONS

**TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY
INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Final Order Establishing Notification Procedures and Approving*

*Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming*

*Certain Worthless Stock Deductions* (the "**Final Order**") entered by the United States

Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on

_____, 2018, Docket No. [____], the following restrictions, notification requirements,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of interests in, and Claims[1] against, the Debtors and all claims of worthless stock deductions with respect to interests in the Debtors.

## A.    SHC Securities Restrictions

(1)    <u>Definitions</u>.  For purposes of these Procedures, the following terms have the following meanings:

(a)    "**SHC**" shall mean Sears Holdings Corporation.

(b)    "**Common Stock**" shall mean any common stock issued by SHC.

(c)    "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(d)    "**SHC Securities**" shall mean, collectively, Common Stock and any other interest in a Debtor treated as stock within the meaning of Treasury Regulations sections 1.382-2(a)(3) and 1.382-2T(f)(18) (other than any such stock or interest held by a Debtor).  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire SHC Securities may be treated as the owner of such SHC Securities.

(e)    "**Beneficial ownership**" of SHC Securities and Options to acquire SHC Securities shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire SHC Securities.

(f)    "**Substantial Securityholder**" shall mean any "entity" (as such term is defined in Treasury Regulations section 1.382-3(a), an "**Entity**") or person that beneficially owns at least 5,177,155 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock) or at least 4.75% of any other class of SHC Securities.

---

[1] Capitalized terms used but not defined herein (in particular, see definitions in paragraphs A(1) and B(1) below) shall have the meanings ascribed to them in the Final Order.

WEIL:\96320908\22\73219.0006

(g)     "**Majority Securityholder**" shall mean (i) any person that beneficially owns at least 51,771,556 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or (ii) any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of SHC Securities if such person claimed a Worthless Stock Deduction at any time on or after the Commencement Date.

(2)     <u>Notice of Substantial Ownership</u>.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, SHC Securities in an amount sufficient to qualify such person or Entity as a Substantial Securityholder shall file with the Bankruptcy Court, and serve upon (a) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179 (Attn: Luke Valentino); (b) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ray C. Schrock, P.C.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), as proposed counsel to the Debtors; (c) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); and (d) counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**") (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Security Ownership Notice**"), in substantially the form annexed to the Final Order as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Securityholder.  At the election of the Substantial Securityholder, the Substantial Security Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Security Ownership Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(3)     <u>Acquisition of SHC Securities</u>.  At least twenty (20) business days prior to the proposed date of any transfer of SHC Securities or exercise of any Option to acquire SHC Securities that would result in an increase in the amount of SHC Securities beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Securityholder (a "**Proposed Acquisition Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate SHC Securities (an "**Acquisition Notice**"), in substantially the form annexed to the Final Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Substantial Securityholder, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

4

(4)    <u>Disposition of SHC Securities</u>.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition of SHC Securities that would result in either a decrease in the amount of SHC Securities beneficially owned by a Substantial Securityholder or a person's or Entity's ceasing to be a Substantial Securityholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer SHC Securities (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Final Order as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Substantial Securityholder, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(5)    <u>Notice of Status as a Majority Securityholder</u>. Any person that currently is or becomes a Majority Securityholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Securityholder Notice**"), in substantially the form annexed to the Final Order as **Exhibit 5**, which describes specifically and in detail how such person's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person qualifies as a Majority Securityholder.  At the election of the Majority Securityholder, the Majority Securityholder Notice to be filed with the Bankruptcy Court (but not the Majority Securityholder Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(6)    <u>Notice of Intent to Claim a Worthless Stock Deduction</u>.  At least twenty (20) business days before a Majority Securityholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Securityholder ending on or before the effective date of the Plan, such Majority Securityholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Final Order as **Exhibit 6**.  At the election of the Majority Securityholder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(7)    <u>Objection Procedures</u>.  The Debtors and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed

Transferee or a Proposed Transferor, as the case may be,  or a Majority Securityholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice.  If the Debtors or any Creditors' Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court.  If neither the Debtors nor any Creditors' Committee file an Objection by the Objection Deadline or if the Debtors and any and all Creditors' Committees provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Shareholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

**B.      Claims Restrictions**

(1)    Definitions.  For purposes of these Procedures, the following terms have the following meanings:

(a)      "**SHC**" shall mean Sears Holdings Corporation.

(b)      "**Post-Emergence SHC**" means the reorganized Debtors or any successor thereto.

(c)      "**New SHC Stock**" means the common stock and any other equity securities (including securities that are treated as equity securities for U.S. federal income tax purposes) of Post-Emergence **SHC**, including Options to acquire the same.

(d)       "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "**Treasury Regulations**"), including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

(e)      A "**Claim**" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors, whether secured or unsecured, other than claims under or in connection with the Debtors' proposed debtor in possession financing facility (the "**DIP Loan**").

(f)      An "**Option**" includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(g)      A "**382(*l*)(5) Plan**" means a plan of reorganization (a "**Plan**") that contemplates the use of section 382(*l*)(5) of the title 26 of the United States Code (the "**Tax Code**") by a reorganized debtor to obtain certain incremental tax benefits.

(h)      "**Beneficial ownership**" of a Claim or Owned Interest means:

(i)      the beneficial ownership of a Claim or Owned Interest (as hereinafter defined) as determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, and rulings issued by the Internal Revenue Service (the "**IRS**") (for such purpose, a Claim is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (A) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all Claims or Owned Interests owned or acquired by its subsidiaries), (B) ownership by a holder's family members, and (C) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims, Owned Interests, and/or stock; and

(ii)      the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest.

(iii)      For the avoidance of doubt, beneficial ownership of a Claim or Owned Interests also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim or Owned Interests pursuant to a Plan or any applicable bankruptcy court order.

(i)      "**Threshold Amount**" means an amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including under the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock.  For this purpose, the beneficial ownership of an Option to acquire Owned Interests shall be considered beneficial ownership of Owned Interests.

Notwithstanding the foregoing, if a beneficial owner of Claims does not agree to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) or to dispose of immediately any such Owned Interests or Options (if acquired on or after the Commencement Date but prior to submitting its Notice of Substantial Claim Ownership (as hereinafter defined)), the Threshold Amount for such beneficial owner of Claims shall be the "**Minimum Threshold Amount**," which shall be the amount of Claims beneficially owned by a holder of Claims continuously from the Commencement Date to the Sell-Down Date (as hereinafter defined).

(j)      A "**Substantial Claimholder**" means any person or Entity that **beneficially** owns an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims against the Debtors, of more than the Threshold Amount, excluding Claims under or in connection with the DIP Loan.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when a person's or Entity's status as a Substantial Claimholder (for such purpose, a Claim is treated as if it were stock).

7

(k)    "**Applicable Percentage**" means, if only one class of New SHC Stock is to be issued pursuant to the terms of a 382(*l*)(5) Plan and holders within each class of Claims receiving New SHC Stock will receive a pro rata distribution of the New SHC Stock, 4.5% of the number of shares of New SHC Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(*l*)(5) Plan, as determined for U.S. federal income tax purposes.  If more than one class of New SHC Stock is to be distributed pursuant to the terms of a 382(*l*)(5) Plan or if holders within a class of Claims may receive a disproportionate distribution of New SHC Stock relative to other holders in the same class, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed (as reflected in the valuation analysis set forth in the 382(*l*)(5) Plan and disclosure statement) and shall be expressed in a manner that makes clear the number of shares or other interests in each class of New SHC Stock that would constitute the Applicable Percentage.

(l)    "**Holdings Report**" means a Notice of Substantial Claim Ownership (as hereinafter defined) received by the Debtors with respect to the Determination Date.

(m)    "**Maximum Amount**" means the maximum amount of Claims (by class or other applicable classification of Claims) that may be held, as of the effective date of the 382(*l*)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Determination Date, which the Debtors shall calculate as follows:

(i)    Based upon the information provided by the Substantial Claimholders in the Holdings Reports, the Debtors shall calculate the aggregate amount of Claims that all such Substantial Claimholders must sell as a group to effectuate the 382(*l*)(5) Plan (the "**Sell-Down Amount**");

(ii)    The Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, (x) the numerator of which is the amount, if any, of Claims identified in such Substantial Claimholder's Holdings Report minus the greater of (A) the applicable Threshold Amount and (B) the Protected Amount for such Substantial Claimholder, and (y) the denominator of which is the aggregate amount of Claims identified in all of the Substantial Claimholders' Holdings Reports minus the greater of (A) the aggregate applicable Threshold Amount for all Substantial Claimholders and (B) the aggregate Protected Amount of all Substantial Claimholders; and

(iii)    For each such Substantial Claimholder, the Debtors shall subtract from the total Claims held by such Substantial Claimholder (as reported in the Holdings Report) such Substantial Claimholder's *pro rata* share of the Sell-Down Amount.  The difference shall be the Maximum Amount.

(n)    "**Newly Traded Claims**" means Claims (i) with respect to which a person or Entity acquired beneficial ownership after the date that was eighteen (18) months prior to the Commencement Date and (ii) that are not "ordinary course" Claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same person or Entity always has had beneficial ownership.

(o)    A "**Permitted Transferee**" with respect to a Substantial Claimholder is a person or Entity whose holding of a Claim would not result in such Substantial Claimholder having beneficial ownership of such Claim.

(p)    "**Protected Amount**" means the amount of Claims (by class or other applicable classification) of which a holder had beneficial ownership on the Commencement Date *plus* the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Commencement Date, but that had not yet closed as of the Commencement Date, and the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Commencement Date that have been approved by the Debtors in accordance with these Procedures *minus* the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Commencement Date, but that had not yet closed as of the Commencement Date.

(2)    Disclosure of 382(*l*)(5) Plan.  If the proponent of a Plan (a "**Plan Proponent**") determines that the reorganized Debtors likely will benefit from the application of section 382(*l*)(5) of the Tax Code and reasonably anticipates that Post-Emergence SHC will invoke such section, then the Plan Proponent, in proposing a 382(*l*)(5) Plan, shall disclose in its proposed disclosure statement or, in the case of items (3) through (5) below, a later separate notice (collectively, the "**Proposed 382(*l*)(5) Disclosure Statement**"):

(a)    Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(*l*)(5) of the Tax Code that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

(b)    A summary of any restrictions expected to be imposed on the transferability of securities issued under the Plan in order to preserve such incremental tax benefits;

(c)    The (i) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in New SHC Stock and (ii) the number of any of the specified interests ("**Owned Interests**") in the Debtors expected to result in a one-percent (1%) interest in New SHC Stock, in each case based upon then-available information;

(d)    A specified date (the "**Determination Date**") that is not less than ten (10) calendar days after the service of the notice of the hearing with respect to the Proposed 382(*l*)(5) Disclosure Statement; and

(e)    A specified date (the "**Reporting Deadline**") that is not less than five (5) calendar days after the Determination Date, by which persons or Entities must serve on various parties the notice required by these Procedures (the "**Notice of Substantial Claim Ownership**").

In the event that items (c) through (e) above are disclosed in a separate notice after the filing of the proposed disclosure statement, such items shall also be disclosed in a separate filing with the Securities and Exchange Commission on Form 8-K.

(3)    Notice of Substantial Claim Ownership.

(a)    Any person or Entity that beneficially owns either (i) more than a specified amount of Claims[1] or (ii) a lower amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock, in each case as of the Determination Date, shall serve upon the Plan Proponent, its counsel, counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**"), and counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**") a Notice of Substantial Claim Ownership, in substantially the form annexed to the Final Order as **Exhibit 7** (or as adjusted and annexed to the Proposed 382(*l*)(5) Disclosure Statement) on or before the Reporting Deadline.  Such person or Entity also shall set forth in the Notice of Substantial Claim Ownership its beneficial ownership, if any, of any Owned Interests and whether it agrees to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) until after the effective date of the 382(*l*)(5) Plan and to immediately dispose of any Owned Interests or Options (if acquired on or after the Commencement Date and prior to submitting its Notice of Substantial Claim Ownership).  A person or Entity that is required to file a Notice of Substantial Claim Ownership may or may not be a "Substantial Claimholder".  The standard for a person's or Entity's being required to file a Notice of Substantial Claim Ownership is different than the definition of a Substantial Claimholder. At the election of the Substantial Claimholder, the Notice of Substantial Claim Ownership to be filed with the Bankruptcy Court (but not the Notice of Substantial Claim Ownership that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(b)    In order to assist in determining their eligibility to avail themselves of the relief set forth in section 382(*l*)(5) of the Tax Code, the Debtors may request[2] from any person or Entity that beneficially owns either (i) more than a specified amount of Claims (which may be expressed by class or type of Claim(s), if applicable) or (ii) a lower amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock, in each case as of the date specified in such request, information regarding its beneficial ownership of Claims and Owned Interests (and Options to acquire the same) prior to the filing of the Proposed 382(*l*)(5) Disclosure Statement, in a manner consistent with these Procedures.  In addition, the Debtors shall disclose such request in a separate filing with the Securities and Exchange Commission on Form 8-K.

(c)    Any person or Entity that fails to comply with its notification obligations set forth in this paragraph shall, in addition to the consequences set forth in paragraph B(5)(g) below, be subject to such remedy as the Bankruptcy Court may find appropriate upon motion by the

---

[1] This "specified amount" is to be reasonably established by the Plan Proponent, taking into account the terms of the 382(*l*)(5) Plan, and disclosed in the Proposed 382(*l*)(5) Disclosure Statement.  The "specified amount" may be expressed by class or type of Claim(s), if applicable.

[2] For purposes of making this determination, such request shall include information comparable to the information that would be required in a Proposed 382(*l*)(5) Disclosure Statement pursuant to these Procedures.

10

Debtors, after service of the motion upon such person or Entity and a hearing on the motion in accordance with the Federal Rules of Bankruptcy Procedure, including, without limitation, ordering such noncompliant person or Entity to divest itself promptly of any beneficial ownership of Claims to the extent of such person's or Entity's ownership of an Excess Amount (as defined herein) and imposing monetary damages for any costs reasonably incurred by the Debtors that were caused by the violation and enforcement of this paragraph.

(4)    Claims Trading Before and After Determination Date.

(a)    Any person or Entity generally may trade freely and make a market in Claims until the Determination Date.

(b)    After the Determination Date, any acquisition of Claims by a person or Entity who filed or was required to file a Notice of Substantial Claim Ownership or by a person or Entity who would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each, a "**Proposed Claims Transferee**") shall not be effective unless consummated in compliance with these Procedures.

(c)    At least ten (10) business days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (a "**Proposed Claims Acquisition Transaction**"), such Proposed Claims Transferee shall serve upon the Plan Proponent, its counsel, counsel to the DIP Lenders, and counsel to any Creditors' Committee a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "**Claims Acquisition Request**"), in substantially the form annexed to the Final Order as **Exhibit 8,** which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.  At the election of the Substantial Claimholder, the Claims Acquisition Request to be filed with the Bankruptcy Court (but not the Claims Acquisition Request that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(d)    The Plan Proponent may determine, in consultation with counsel to any Creditors' Committee and counsel to the DIP Lenders, whether to approve a Claims Acquisition Request. If the Plan Proponent does not approve a Claims Acquisition Request in writing within eight (8) business days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

(5)    Creditor Conduct and Sell-Down.

(a)    To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of the Final Order, any Substantial Claimholder that participates in formulating any chapter 11 Plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a Plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has a beneficial ownership are Newly Traded Claims, unless compelled

to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided, however*, that the following activities shall not constitute participation in formulating a Plan *if*, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims: filing an objection to a proposed disclosure statement or to confirmation of a proposed Plan; voting to accept or reject a proposed Plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to counsel to the Debtors; holding general membership on an official committee or an *ad hoc* committee; or taking any action required by an order of the Bankruptcy Court.

(b)  Following the Determination Date, if the Plan Proponent determines that Substantial Claimholders must sell or transfer all or a portion of their beneficial ownership of Claims in order that the requirements of section 382($l$)(5) of the Tax Code will be satisfied, the Plan Proponent may file a motion with the Bankruptcy Court for entry of an order—after notice to counsel to any Creditors' Committee, counsel to the DIP Lenders, and the relevant Substantial Claimholder(s) and a hearing—approving the issuance of a notice (each, a "**Sell-Down Notice**") that such Substantial Claimholder must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims (by class or other applicable classification) equal to the excess of (x) the amount of Claims beneficially owned by such Substantial Claimholder over (y) the Maximum Amount for such Substantial Claimholder (such excess amount, an "**Excess Amount**"). The motion shall be heard on expedited basis such that the Bankruptcy Court can render a decision on the motion at or before the hearing on confirmation of the 382($l$)(5) Plan. If the Bankruptcy Court approves the Plan Proponent's motion for the issuance of a Sell-Down Notice, the Plan Proponent shall provide the Sell-Down Notice to the relevant Substantial Claimholder(s).

(c)  Notwithstanding anything to the contrary in these Procedures, no Substantial Claimholder shall be required to sell, cause to sell, or otherwise transfer any beneficial ownership of Claims if such sale would result in the Substantial Claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such Substantial Claimholder's Protected Amount.

(d)  Each Sell-Down Notice shall direct the Substantial Claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to Permitted Transferees (each sale or transfer, a "**Sell-Down**"), *provided*, *however*, that such Substantial Claimholder shall not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Claims and *provided*, *further*, that a Substantial Claimholder that has properly notified the Permitted Transferee of its Claims under these Procedures shall not be treated as having such reasonable basis in the absence of notification or actual knowledge that such Permitted Transferee would own, after the transfer, an Excess Amount of Claims.

(e)  By the date that is the later of (i) five (5) business days after the entry of an order confirming the 382($l$)(5) Plan and (ii) such other date specified in the Sell-Down Notice, as applicable, but before the effective date of the 382($l$)(5) Plan (the "**Sell-Down Date**"), each

12

Substantial Claimholder subject to a Sell-Down Notice shall, as a condition to receiving New SHC Stock, serve upon the Plan Proponent, its counsel, counsel to the DIP Lenders, and counsel to the Creditors' Committee a notice substantially in the form annexed to the Final Order as **Exhibit 9** that such Substantial Claimholder has complied with the terms and conditions set forth in these Procedures and that such Substantial Claimholder does not and will not hold an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan (each, a "**Notice of Compliance**"). Any Substantial Claimholder who fails to comply with this provision shall not receive New SHC Stock with respect to any Excess Amount of Claims. At the election of the Substantial Claimholder, the Notice of Compliance to be filed with the Bankruptcy Court (but not the Notice of Compliance that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(f)      Other than information that is public or in connection with an audit or other investigation by the IRS or other taxing authority, the Plan Proponent shall keep all Notices of Compliance and any additional information provided by a Substantial Claimholder pursuant to these Procedures (the "**Confidential Information**") strictly confidential and shall not disclose the Confidential Information to any other person or Entity, *provided, however*, that the Plan Proponent may disclose the identity of the Substantial Claimholder to its counsel and professional financial advisors, counsel to and the professional financial advisors of any Creditors' Committee or the DIP Lenders, and of any other person(s) that are subject to a nondisclosure agreement with the Plan Proponent, each of whom shall keep all Confidential Information strictly confidential, subject to further order of the Bankruptcy Court, and *provided, further*, that to the extent the Plan Proponent reasonably determines such Confidential Information is necessary to demonstrate to the Bankruptcy Court the need for the issuance of a Sell-Down Notice, such Confidential Information (determined by, among other things, whether such information was redacted in any public filing) shall be filed with the Bankruptcy Court under seal.

(g)      Any person or Entity that violates its obligations under these Procedures applicable to Claims or, if applicable, its agreement not to acquire beneficial ownership of Owned Interests (and Options to acquire the same) or to immediately dispose of any Owned Interests (if acquired on or after the Commencement Date but prior to submitting its Notice of Substantial Claim Ownership) in its Notice of Substantial Claim Ownership shall, pursuant to these Procedures, be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New SHC Stock that is attributable to the Excess Amount of Claims for such person or Entity and, if applicable, to the Owned Interests acquired (or not immediately disposed of) in violation of such agreement by such person or Entity (or if the Owned Interests acquired (or not immediately disposed of) in violation of such agreement become beneficial ownership of New SHC Stock without the need to receive new equity interests, such person or Entity shall be precluded as a result of such violation (and, thus, in addition to any other amounts otherwise precluded hereunder) from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New SHC Stock attributable to such person or Entity's Claims up to and including an amount equivalent to that represented by such Owned Interests), in each case including any consideration in lieu thereof, *provided, however*, that such person or Entity may be entitled to receive any other consideration to which such person or Entity may be entitled by virtue of holding Claims (this provision, the "**Equity**

13

Forfeiture Provision"). Any purported acquisition of, or other increase in the beneficial ownership of, New SHC Stock that is precluded by the Equity Forfeiture Provision will be an acquisition of "**Forfeited Equity**." Any acquirer of Forfeited Equity shall, promptly upon becoming aware of such fact, return or cause to return the Forfeited Equity to the Debtors (or any successor to the Debtors, including Post-Emergence SHC) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity have been sold prior to the time such acquirer becomes aware of such fact, such acquirer shall return or cause to return to the Debtors (or any successor to the Debtors, including Post-Emergence SHC) (i) any Forfeited Equity still held by such acquirer and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity. Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Bankruptcy Court may determine. Any Forfeited Equity returned to the Debtors, including Post-Emergence SHC, shall be distributed (including a transfer to charity) or extinguished, in the Debtors' sole discretion, in furtherance of the 382(*l*)(5) Plan.

(h)    In effecting any sale or other transfer of Claims pursuant to a Sell-Down Notice, a Substantial Claimholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Claims of the existence of these Procedures and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a customer, including, without limitation, communication via telephone, e-mail, and instant messaging, the existence of these Procedures and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

(6)   Exceptions.

(a)    No person or Entity shall be subject to the approval provisions of paragraph B(4)(b)–(d) above or, in the case of Claims that are part of the transferor's Protected Amount, the sell-down provisions of paragraph B(5) above with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii) so long as such transfer is not for a principal purpose of obtaining New SHC Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii), *provided, however*, that any such transferee who becomes a Substantial Claimholder following the filing of a Proposed 382(*l*)(5) Disclosure Statement shall serve upon the Plan Proponent, its counsel, counsel to the DIP Lenders, and counsel to any Creditors' Committee, a notice of such status, substantially in the form annexed to the Final Order as **Exhibit 7,** as provided in these Procedures.

(b)    For the avoidance of doubt, the trustee of any trust, any indenture trustee, subordination agent, registrar, paying agent, transfer agent, loan or collateral agent, or any other entity serving in a similar capacity however designated, in each case for any Claim or any Ownership Interests, notes, bonds, debentures, property, or other debt securities or obligations (collectively, the "**Debt Securities**") (i) issued by any of the Debtors, (ii) secured by assets of any of the Debtors or agreements with respect to such assets, or (iii) secured by assets leased to any of the Debtors shall not be treated as a Substantial Claimholder solely to the extent that such entities are acting in the capacity described above, *provided*, *however*, that neither any transferee

14

of Claims nor any equity or beneficial owner of a trust shall be excluded from these Procedures solely by reason of this provision.

### C.       Noncompliance with the Procedures.

Any acquisition, disposition, or trading of SHC Securities in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  Any acquisition, disposition, or trading of Claims against the Debtors in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  In the event that a Majority Securityholder claims a Worthless Stock Deduction in violation of the Procedures, such Worthless Stock Deduction shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code, and such holder shall be required to file an amended federal income tax return revoking such deduction.  Furthermore, any person or Entity that acquires, disposes of, or trades SHC Securities or Claims against the Debtors or claims a Worthless Stock Deduction in violation of these Procedures shall be subject to sanctions as provided by law.

### D.       Debtors' Right to Waive.

**The Debtors may waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice, *provided, however*, that after a 382(*l*)(5) Plan has been properly filed by a Plan Proponent (other than by, or jointly with, the Debtors) and is still actively being pursued before this Court, the consent of such Plan Proponent also shall be necessary for any subsequent waiver to be effective.**

Dated:      New York, New York                    **BY ORDER OF THE COURT**
                 [_____], 2018

WEIL:\96320908\22\73219.0006

**<u>Exhibit 2 to Final Order</u>**

**Notice of Substantial Security Ownership**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                          :

                                               :        **Chapter 11**

**SEARS HOLDINGS CORPORATION**, *et al.*,      :

                                               :        **Case No. 18-[_____] (RDD)**

                                               :

            Debtors.[1]                         :        **(Jointly Administered)**

---------------------------------------------------------------x

## <u>NOTICE OF SUBSTANTIAL SECURITY OWNERSHIP</u>

   PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

   (i)  _____ shares of Common Stock,[2]

   (ii)  _____ other interests in a Debtor treated as stock ("**Other Interests**") which consist of _____, and/or

   (iii) Options to acquire _____ shares of Common Stock,

   PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **<u>Exhibit 1</u>** to the Final Order.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Common Stock, Other Interests and/or Options to acquire Common Stock that are owned directly by the Filer, the table sets forth (a) the number of such shares, the number of Other Interests and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares, Other Interests and/or Options were acquired (categorized by class, as applicable).

In the case of Common Stock, Other Interests and/or Options to acquire Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock, Other Interests and/or Options to acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock, Other Interests and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares/Number of Interests Owned | Shares/Number of Interests Underlying Options Owned | Date(s) Acquired |
|-------|---------------|----------------------------------|------------------------------------------------------|------------------|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

**<u>Exhibit 3 to Final Order</u>**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate SHC Securities**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                            :
                                                                 :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                        :
                                                                 :    **Case No. 18-[_____] (RDD)**
                                                                 :
        Debtors.[1]                                              :    **(Jointly Administered)**
-----------------------------------------------------------------x

### NOTICE OF INTENT TO PURCHASE,
### ACQUIRE, OR OTHERWISE ACCUMULATE SHC SECURITIES

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate directly one or more shares of Common Stock[2], any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations) ("**Other Interests**") and/or Options to acquire Common Stock and/or (ii) a proposed purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock that would result in an increase in the number of shares of Common Stock, Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Common Stock, Other Interests and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock, Other Interests and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2. If the Proposed Transfer involves the purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock, Other Interests and/or Options, (b) the number of shares of Common Stock, number of Other Interests and/or number of shares of Common Stock underlying Options proposed to be purchased or acquired, and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares/Number of Interests to be Purchased or Acquired | Shares/Number of Interests Underlying Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options (a) that would be owned directly by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Other Interests and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares/Number of Interests to Be Owned | Shares/Number of Interests Underlying Options to Be Owned |
|---|---|---|---|

WEIL:\96320908\22\73219.0006

| | | | |
|---|---|---|---|
| Common Stock | | | |
| Other Interests | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Securityholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Securityholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares/Number of Interests Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests to Be Owned Following Proposed Transfer | Shares/Number of Interests Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Other Interests | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

3

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____


Date: _____

WEIL:\96320908\22\73219.0006

**<u>Exhibit 4 to Final Order</u>**

**Notice of Intent to Sell, Trade, or Otherwise Transfer SHC Securities**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re                                                      :

                                                           :          **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.*,     :

                                                           :          **Case No. 18-[_____] (RDD)**

                                                           :

            Debtors.[1]                                :          **(Jointly Administered)**

-----------------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE,
## OR OTHERWISE TRANSFER SHC SECURITIES

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice  of (i) its intention to sell, trade, or otherwise transfer or dispose of one or more shares of Common Stock[2], any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations) ("**Other Interests**") and/or Options to acquire Common Stock and/or (ii) a proposed sale, transfer, or disposition of Common Stock, Other Interests and/or Options to acquire Common Stock that would result in a decrease in the number of shares of Common Stock, Other Interests and/or number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned  by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the sale, transfer, or disposition directly by the Filer of Common Stock, Other Interests and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2. If the Proposed Transfer involves the sale, transfer or disposition of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock, Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock, Other Interests and/or Options; (b) the number of shares of Common Stock, number of Other Interests and/or number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of; and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares/Number of Interests to Be Sold, Transferred, or Disposed Of | Shares/Number of Interests Underlying Options to Be Sold, Transferred, or Disposed Of | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options (a) that would be owned directly by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Other Interests and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares/Number of Interests to Be Owned | Shares/Number of Interests Underlying Options to Be Owned |
|---|---|---|---|

2

| | | | |
|---|---|---|---|
| Common Stock | | | |
| Other Interests | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer, or disposition of Common Stock, Other Interests and/or Options to acquire Common Stock directly by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Securityholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Securityholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares/Number of Interests Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests to Be Owned Following Proposed Transfer | Shares/Number of Interests Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Other Interests | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

3

Respectfully submitted,

_____

[Name of Filer]

By: _____

Name: _____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

Date: _____

WEIL:\96320908\22\73219.0006

**<u>Exhibit 5 to Final Order</u>**

**Declaration of Status as a Majority Securityholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

In re                                          :

                                               :        **Chapter 11**

**SEARS HOLDINGS CORPORATION**, *et al.*,      :

                                               :        **Case No. 18-[_____] (RDD)**

                                               :

Debtors.[1]                                    :        **(Jointly Administered)**

-------------------------------------------------------------------x

## DECLARATION OF STATUS AS A MAJORITY SECURITYHOLDER

　　　　　　PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Securityholder.[2]

　　　　　　PLEASE TAKE FURTHER NOTICE that, as of _____ ___, 2018, the Filer beneficially owns ___ shares of and/or interests in SHC Securities.  The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such SHC Securities in an amount sufficient for the Filer to qualify as a Majority Securityholder:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

| Number of Shares of and/or Interests in SHC Securities | Date(s) Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional pages if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

**<u>Exhibit 6 to Final Order</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re                                                                :

                                                                     :          **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*        :

                                                                     :          **Case No. 18-[_____] (RDD)**

                                                                     :

            Debtors.[1]                                   :          **(Jointly Administered)**

-----------------------------------------------------------------x

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

            PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice  of its intention to claim a Worthless Stock Deduction[2] with respect to its SHC Securities (a "**Proposed Deduction**").

            PLEASE TAKE FURTHER NOTICE that, if applicable, on _____  __, 20__, the Filer filed a Declaration of Status as a Majority Securityholder with this Court.

            PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares of and/or interests in SHC Securities.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to ___ shares of and/or interests in SHC Securities.  If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired ___ shares of and/or interests in SHC Securities on the first day of Filer's next taxable year and shall be treated as never having owned such SHC Securities during any prior year for the purposes of testing whether an Ownership Change has occurred.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

2

**<u>Exhibit 7 to Final Order</u>**

**Notice of Substantial Claim Ownership**

WEIL:\96320908\22\73219.0006

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re                                                         :

SEARS HOLDINGS CORPORATION, *et al.*,        :

Debtors.[1]                                              :

-----------------------------------------------------------------x

:         **Chapter 11**

:         **Case No. 18-[_____] (RDD)**

:

:         **(Jointly Administered)**

## NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [person or Entity] (the "**Filer**") hereby provides notice that the Filer beneficially owns either (i) more than $[  ] million of Claims[2] against the Debtors or (ii) a lesser amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including under the aggregation rules described in the definition of "Substantial Claimholder" below), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

1.   In the case of Claims that are owned directly by the Filer, the table sets forth the dollar amount of all Claims beneficially owned (as hereinafter defined) by the Filer (categorized by class or other applicable classification).

2.   In the case of Claims that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such Claims that are beneficially owned by the Filer and (b) the dollar amount of all Claims beneficially owned by such Filer (categorized by class or other applicable classification).

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly) and that Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.   In the case of Owned Interests that are owned directly by the Filer, the table sets forth (a) the type and number of any Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by the Filer and (b) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification);

2.   In the case of Owned Interests that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such Owned Interests that are beneficially owned by the Filer, (b) the type and number of any such Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by such Filer, and (c) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification).

2

The Filer will provide any additional information in respect of such Owned Interests that the Debtors reasonably request.

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby [agrees ☐ / does not agree ☐ — **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before SHC's emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Commencement Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____

Telephone: _____
Facsimile: _____

3

Date: _____

WEIL:\96320908\22\73219.0006

## <u>Exhibit 8 to Final Order</u>

**Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                 :
                                                      :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*             :
                                                      :        **Case No. 18-[_____] (RDD)**
                                                      :
          Debtors.[1]                                 :        **(Jointly Administered)**
-------------------------------------------------------------x

## NOTICE OF REQUEST TO PURCHASE, ACQUIRE,
## OR OTHERWISE ACCUMULATE A CLAIM AGAINST THE DEBTOR

          PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [person or Entity] (the "**Filer**") hereby provides notice of (i) its intent to purchase, acquire, or otherwise accumulate directly a Claim[2] or Claims against the Debtors and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

          PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)], the Filer served a Notice of Substantial Claim Ownership with the Plan Proponent, counsel to the Plan Proponent, counsel to the DIP Lenders, and counsel to the Creditors' Committee.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

2

PLEASE TAKE FURTHER NOTICE that the Filer is filing this notice as (check one):

| | |
|---|---|
| *A person or Entity that filed or was required to file a Notice of Substantial Claim Ownership* | |
| *A person or Entity that, upon consummation of the Proposed Transfer, would have been required to file a Notice of Substantial Claim Ownership (if the proposed acquisition date had been the Determination Date)* | |

PLEASE TAKE FURTHER NOTICE that the following tables set forth the following information:

1.   In the case of Claims and/or Owned Interests that are owned directly by the Filer, the tables set forth (a) the dollar amount of all Claims and the type and number of Owned Interests (and Options to acquire the same) beneficially owned by the Filer (categorized by class or other applicable classification) and, (b) if applicable, the date such Owned Interests (or Options to acquire the same) were acquired.

2.   In the case of Claims and/or Owned Interests that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the tables set forth (a) the name(s) of each record or legal owner of the Claims and/or Owned Interests (and Options to acquire the same) that are beneficially owned by the Filer, (b) the dollar amount of all Claims and the type and number of Owned Interests beneficially owned by the Filer (categorized by class or other applicable classification), and, (c) if applicable, the date such Owned Interests (and Options to acquire the same) were acquired.

The Filer will provide any additional information in respect of such Claims and/or Owned Interests that the Debtors reasonably request.

| *Class* | *Description of Claim* | *Name of Owner* | *Dollar Amount Owned* |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

| *Name of Owner* | *Type and Number of Owned Interests Owned* | *Type and Number of Owned Interests Subject to Options Owned* | *Date Acquired* |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

3

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly).

The Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|-------|---------------------|---------------|------------------|
|       |                     |               |                  |
|       |                     |               |                  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition of Claims directly by the Filer, the table sets forth the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

2. If the Proposed Transfer involves the purchase or acquisition of Claims by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such Claims and (b) the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

| Class | Description of Claim | Name of Owner | Dollar Amount to be Acquired |
|-------|---------------------|---------------|------------------------------|
|       |                     |               |                              |
|       |                     |               |                              |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Claims directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Claims by a person or Entity (other than the Filer) that currently is a Substantial Claimholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Claimholder, the following tables set forth (i) the name of each such person or Entity, (ii) the dollar amount of all Claims beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer) (categorized by class or other applicable classification), (iii) the dollar amount of all Claims that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class or other applicable classification), (iv) the number and type of Owned Interests (and Options to acquire

4

the same) beneficially owned by such person or Entity as of the date of the Proposed Transfer (categorized by class or other applicable classification), and (v) the date such Owned Interests (and Options to acquire the same) were acquired:

| Class | Description of Claim | Name of Owner | Dollar Amount of Claims Owned Currently (i.e., Prior to Proposed Transfer) | Dollar Amount of Claims to be Owned Following Proposed Transfer |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

(Attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the Filer [agreed ☐ / did not agree ☐ — **PLEASE CHECK AS APPLICABLE**] in its Notice of Substantial Claim Ownership filed with the Court that it would not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before SHC's emergence from bankruptcy protection and that it immediately would dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Commencement Date and prior to submitting its Notice of Substantial Claim Ownership, and the Filer has complied with and intends to continue to comply with such statement.

PLEASE TAKE FURTHER NOTICE that, if the Plan Proponent approves the Proposed Transfer and the Filer did not previously file a Notice of Substantial Claim Ownership, the Filer, under penalty of perjury, hereby [agrees ☐ / does not agree ☐ — **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before SHC's emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Commencement Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

5

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that the Filer hereby acknowledges that, if the Plan Proponent does not approve the Proposed Transfer in writing within **eight (8) business days** after the filing of this Notice, such Proposed Transfer shall be deemed <u>rejected</u>. If the Plan Proponent provides written authorization approving the Proposed Transfer prior to the end of such eight-business-day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

 [IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

6

## **Exhibit 9 to Final Order**

**Notice of Compliance**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In re                                              :
                                                   :        **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,          :
                                                   :        **Case No. 18-[_____] (RDD)**
                                                   :
        Debtors.[1]                                :        **(Jointly Administered)**
-------------------------------------------------------------x

## NOTICE OF COMPLIANCE WITH SELL-DOWN NOTICE

> PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [person or Entity] (the "**Filer**") hereby provides notice that Filer has complied in full with the terms and conditions set forth in the Final Order and as further set forth in the Sell-Down Notice[2] issued to Filer, such that (i) Filer does not and will not beneficially own an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan and (ii) if Filer so agreed in its Notice of Substantial Claim Ownership, Filer does not and will not beneficially own any Owned Interests (and Options to acquire the same) unless acquired prior to the Commencement Date.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of Filer is _____.

[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____


Date: _____

2

**<u>Exhibit 10 to Final Order</u>**

**Final Publication Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, (I) SECURITIES ISSUED BY SEARS HOLDINGS CORPORATION OR ITS SUBSIDIARIES AND (II) CERTAIN CLAIMS AGAINST SEARS HOLDINGS CORPORATION OR ITS SUBSIDIARIES:**

Upon the motion (the "**Motion**") of Sears Holdings Corporation ("SHC") and its subsidiaries (the "**Debtors**"), on [_____, 2018], the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Sears Holdings Corporation, et al.*, Case No. ____ (RDD) (the "**Chapter 11 Cases**"), entered a final order establishing procedures (the "**Procedures**") with respect to direct and indirect transfers of interests in, and claims against, the Debtors and claims of worthless stock deductions with respect to interests in the Debtors.

In certain circumstances, the Procedures restrict (i) transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that is or, as a result of such a transaction, would become a Substantial Securityholder of the common stock issued by SHC (the "**Common Stock**") or any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations) (together with the Common Stock, the "**SHC Securities**") and (ii) claims by any Majority Securityholder of a worthless stock deduction under section 165(g) of the Internal Revenue Code with respect to the SHC Securities. For purposes of the Procedures, a "**Substantial Securityholder**" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns, directly or indirectly (and/or owns options to acquire) at least [5,177,155] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock) or at least 4.75% of any other class of SHC Securities, and a "**Majority Securityholder**" is any person that beneficially owns at least [51,771,556] shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code) of SHC Securities (as defined in the Procedures) if such person claimed a worthless stock deduction with respect to such securities. *Any prohibited acquisition or other transfer of, or claim of a worthless stock deduction with respect to, SHC Securities will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

In addition, the Procedures set forth (i) certain future circumstances under which any person, group of persons, or entity holding, or which as a result of a proposed transaction may hold, a substantial amount of certain claims against the Debtors may be required to file notice of its holdings of such claims and of proposed transactions, which transactions may be restricted, and (ii) certain limited circumstances thereafter under which such person(s) may be required to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any such claims acquired during the Chapter 11 Cases. *Any prohibited acquisition or other transfer of claims against the Debtors in violation of the claims procedures set forth in the Procedures will be null and void ab initio and/or may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

*The Procedures are available on the website of [_____], the Debtors' Court-approved claims agent, located at https://[_____], and on the docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at https://www.pacer.gov.*

The requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

**A direct or indirect holder of, or prospective holder of, securities issued by SHC that may be or become a Substantial Securityholder, a Majority Securityholder or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors should consult the Procedures.**

Dated:    New York, New York        **BY ORDER OF THE COURT**
          [_____], 2018

2