WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                    :
                                         :    Chapter 11
SEARS HOLDINGS CORPORATION, et al.,      :
                                         :    Case No. 18-_____ (RDD)
                                         :
         Debtors.[1]                     :    (Joint Administration Requested)
------------------------------------------------------------x
```

**MOTION OF DEBTORS FOR ENTRY OF ORDER (I) WAIVING THE
REQUIREMENT TO (A) FILE LIST OF CREDITORS (B) PREPARE AND
FILE THE LIST OF EQUITY SECURITY HOLDERS AND (C) PROVIDE
EQUITY SECURITY HOLDERS WITH THE NOTICE OF COMMENCEMENT,
AND (II) GRANTING DEBTORS AUTHORITY TO ESTABLISH PROCEDURES
FOR NOTIFYING CREDITORS OF COMMENCEMENT OF CHAPTER 11 CASES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation ("**Sears Holdings**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and, together with their non-debtor affiliates, (the "**Company**"), respectfully represent in support of this motion (the "**Motion**"):

### Background

1. On the date hereof (the "**Commencement Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn to on the date hereof (the "**Riecker Declaration**"),[2] which has been filed with the Court contemporaneously herewith and is incorporated herein by reference.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Day Declaration.

2

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5. By this Motion, pursuant to sections 105(a), 342(a), and 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a) and (d) and 2002(a), (d), and (f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1007-1 and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors request entry of an order (i) waiving the requirement to (a) file a list of creditors on the Commencement Date (the "**List of Creditors**"), as set forth in section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and General Orders M-133, M-137, and M-138 (the "**Standing Orders**") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "**Notice Rules**"); (b) prepare and file the list of equity security holders as set forth in Bankruptcy Rule 1007(a)(3); (c) provide equity security holders with a copy of the notice announcing the commencement of these chapter 11 cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the **"Notice of Commencement"**) as set forth in Bankruptcy Rule 2002(d); and (ii) authorizing the Debtors to implement certain procedures (the "**Procedures**") for the mailing and publication of the Notice of Commencement and for notifying creditors and other parties in interest of the commencement of these chapter 11 cases.

3

6. A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A** (the "**Proposed Order**"). The proposed form of Notice of Commencement is attached to the Proposed Order as **Exhibit 1**.

## The Relief Requested Should Be Granted

**A.     Waiving the Requirement to File a List of Creditors is Warranted**

7. Pursuant to the Notice Rules, unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, a debtor must file the List of Creditors with the petition. Contemporaneously herewith, the Debtors have filed a motion requesting an extension of the time to file their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "**Schedules**"), and, therefore, have not yet filed their Schedules with the Court. Accordingly, without the relief requested herein, the Notice Rules would require each of the Debtors to file a separate list of creditors on the date hereof. The Debtors submit that waiving the requirement to file the List of Creditors is appropriate in these chapter 11 cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

8. The Debtors have filed a motion to retain and employ Prime Clerk LLC as its claims and noticing agent (the "**Claims and Noticing Agent**") in these chapter 11 cases. Pursuant to section 156(c) of title 28 of the United States Code, the Court is empowered to use outside facilities or services to provide notices and other administrative information to parties in interest, if the costs are paid from the assets of the estates. Local Rule 5075-1 also requires that debtors, such as the ones in these cases, which have over 250 creditors and equity security holders, retain an approved claims and noticing agent.

9. Under the proposed Procedures set forth below, and pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), as soon as practicable after the Commencement Date, the Debtors will furnish their consolidated List of Creditors to the Claims and Noticing Agent so that the Claims and Noticing Agent may mail the Notice of Commencement to creditors identified on the Debtors' List of Creditors.

10. Given that the Claims and Noticing Agent will receive the List of Creditors and will use the list to furnish the Notice of Commencement to creditors, the Debtors submit that filing the List of Creditors would serve no useful purpose. Consequently, the Notice Rules should be waived.

11. Courts in this District have granted similar relief in other chapter 11 cases. *In re Republic Airways Holdings Inc.*, No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2016) (waiving requirement to file list of creditors); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014) (same); *In re AMR Corp.*, No. 11-15463 (SHL) (Bankr. S.D.N.Y. Nov. 30, 2011) (same).

**B.    Waiving the Requirement to File the Equity List and Provide the Notice of Commencement to Equity Security Holders is Warranted**

12. Bankruptcy Rule 1007(a)(3) provides that "unless the court orders otherwise, the debtor must file within fourteen (14) days after entry of the order for relief a list of the debtor's equity security holders of each class showing the number and kinds of interests registered in the name of each holder, and the last known address or place of business for each holder." Fed. R. Bankr. P. 1007(a)(3). Furthermore, Bankruptcy Rule 2002(d) provides that, unless otherwise ordered by the Court, the Debtors shall provide notice to all equity security holders of the order for relief and any section 341 meeting. *See* Fed. R. Bankr. P. 2002(d). The

5

Debtors submit that waiving the requirements to prepare and file the list of equity security holders (the "**Equity List**") and provide equity security holders with the Notice of Commencement and of any section 341 meeting is appropriate in these chapter 11 cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

13. Sears Holdings is a public company and, as of the Commencement Date, has over 108 million common shares outstanding. The ownership of these shares change on a daily, if not more frequent, basis. The Debtors submit that preparing the Equity List with last-known addresses and sending notices to all parties on the Equity List will be expensive for Sears Holdings, time consuming, and difficult to do quickly and accurately. Moreover, with respect to the other Debtors, the information on the Equity List has already been disclosed through the Debtors' filed Corporate Ownership Statement. The Debtors further submit that equity security holders will not be prejudiced because if it is determined that they are entitled to distributions from the Debtors' estates, those parties will be provided with notice of the bar date and will have an opportunity to assert their interests at that time. Furthermore, equity security holders will likely learn of these chapter 11 cases through the financial press as well as the Debtors' reporting with the United States Securities and Exchange Commission. And, as proposed herein, the Notice of Commencement will be published once in the national edition of *The New York Times*, on the website to be established by the Claims and Noticing Agent, and the Debtors' website.

14. Courts in this District have granted similar relief in other chapter 11 cases. *See, e.g.*, *In re Breitburn Energy Partners LP*, No. 16-11390 (SMB) (Bankr. S.D.N.Y. May 17, 2016) (waiving requirement to file list of equity security holders and modifying requirement to mail Notice of Commencement to all equity security holders); *In re Aéropostale, Inc.*, No. 16-11275 (SHL) (Bankr. S.D.N.Y. May 6, 2016) (waiving both requirements).

C. **Proposed Procedures for Service of Notice of Commencement**

11. Bankruptcy Rule 2002(a) provides, in pertinent part, that the "clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(f) further provides that notice of the order for relief shall be provided to all creditors by mail. In light of the requirement to notify creditors of the commencement of these chapter 11 cases and the meeting of creditors, the Debtors seek authority to have the Claims and Noticing Agent undertake the mailing of the Notice of Commencement to creditors.

15. In addition to mailing the Notice of Commencement to the Debtors' creditors, the Debtors propose to publish, as soon as practicable, the Notice of Commencement substantially in the form attached to the Proposed Order (i) once in the national edition of *The New York Times*, and (ii) on the website to be established by the Claims and Noticing Agent and the Debtors' website. The Court has authority under Bankruptcy Rule 2002(l) to "order notice by publication if it finds that notice by mail is impracticable or that is it desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). Publication of the Notice of Commencement is the most practical method by which to notify those creditors and equity holders who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of these chapter 11 cases. Notice by publication also will ensure an efficient use of estate resources.

16. In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry

7

out the provisions of this title." 11 U.S.C. § 105(a). Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor in possession" to "protect and preserve the estate, including an operating business' going concern value," on behalf of the debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232 33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee."). The Debtors submit that implementation of the Procedures is appropriate in these chapter 11 cases and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

**Notice**

17. Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel for Bank of America, N.A., as administrative agent under the First Lien Credit Facility and the DIP ABL Agent; (iv) counsel for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility; (v) counsel for JPP, LLC, as administrative agent under the Second Lien Credit Facility, the IP/Ground Lease Term Loan, and the Consolidated Secured Loan Facility; (vi) counsel for Computershare Trust Company N.A., as indenture trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes; (vii) counsel for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes; (viii) counsel for The Bank of New York Mellon Trust Company, N.A., as successor trustee for the SRAC Unsecured PIK Notes, the SRAC Unsecured Notes, and the SRAC Medium Term Notes; (ix) the Pension Benefit Guaranty

8

Corporation; (x) the Unions; (xi) the Securities and Exchange Commission; (xii) the Internal Revenue Service; and (xiii) the United States Attorney's Office for the Southern District of New York. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: October 15, 2018
      New York, New York

                                  /s/ Ray C. Schrock P.C.
                                  WEIL, GOTSHAL & MANGES LLP
                                  767 Fifth Avenue
                                  New York, New York  10153
                                  Telephone:  (212) 310-8000
                                  Facsimile:  (212) 310-8007
                                  Ray C. Schrock, P.C.
                                  Jacqueline Marcus
                                  Garrett A. Fail
                                  Sunny Singh

                                  *Proposed Attorneys for Debtors*
                                  *and Debtors in Possession*

**Exhibit A**

**Proposed Order**

WEIL:\96759281\1\73219.0006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                       :
                                                            :    Case No. 18-_____ (RDD)
                                                            :
            Debtors.[1]                                     :    (Jointly Administered)
------------------------------------------------------------x

### ORDER (I) WAIVING THE REQUIREMENT TO (A) FILE LIST OF CREDITORS (B) PREPARE AND FILE THE LIST OF EQUITY SECURITY HOLDERS AND (C) PROVIDE EQUITY SECURITY HOLDERS WITH THE NOTICE OF COMMENCEMENT, AND (II) GRANTING DEBTORS AUTHORITY TO ESTABLISH PROCEDURES FOR NOTIFYING CREDITORS OF COMMENCEMENT OF CHAPTER 11 CASES

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation ("**Sears Holdings**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 342(a) and 521(a)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007(a) and (d) and 2002(a), (d), and (f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for an order (i) waiving the requirement to (a) file a list of creditors on the Commencement Date, as set forth in section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and General Orders M-133, M-137, and M-138 (the "**Standing Orders**") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "**Notice Rules**"); (b) prepare and file the list of equity security holders, as set forth in Bankruptcy Rule 1007(a)(3); (c) provide equity security holders with a copy of the notice announcing the commencement of these chapter 11 cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**Notice of Commencement**") as set forth in Bankruptcy Rule 2002(d); and (ii) authorizing the Debtors to implement certain procedures (the "**Procedures**") for providing the Notice of Commencement to creditors, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein is in the best interests of the

2

Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted to the extent set forth herein.

2. The requirements under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and the Standing Orders that the Debtors file the List of Creditors with this Court are waived.

3. The requirement under section Bankruptcy Rule 1007(a)(3) that the Debtors file the Equity List within 14 days of the Commencement Date is waived.

4. The requirement under Bankruptcy Rule 2002(d) that the Debtors give notice of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**Notice of Commencement**") to all equity security holders is waived.

5. As soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in these cases (the "**Claims and Noticing Agent**"), the Debtors shall furnish to the Claims and Noticing Agent a consolidated list containing the names and last known addresses of the Debtors' creditors (the "**List of Creditors**").

6. The Notice of Commencement substantially in the form attached hereto as Exhibit 1 is hereby approved. And Prime Clerk LLC, as the Debtors' proposed claims and noticing agent, shall promptly provide such notice in addition to all other mailings directed by the Bankruptcy Court, the United States Trustee for Region 2, or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f).

7. On or before the date that is 21 days prior to the date on which the meeting of creditors is to be held, the Debtors, with the assistance of the Claims and Noticing Agent, shall mail the Notice of Commencement to all creditors on the Debtors' List of Creditors.

8. Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of the Claims and Noticing Agent, shall cause the Notice of Commencement to be published (i) once in the national edition of *The New York Times* and (ii) on the website to be established by the Claims and Noticing Agent and the Debtors' website.

9. The form and manner of notice as provided herein are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved.

10. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____
      White Plains, New York

                                                THE HONORABLE ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Proposed Form of Notice of Commencement**

| Information to identify the case: | | | |
|---|---|---|---|
| **Debtor** | Sears Holdings Corporation, *et al.* | EIN | 20-1920798 |
| | Name | | |
| United States Bankruptcy Court for the Southern District of New York | | | |
| Case Number: _____ ( ) | | Date case filed in chapter 11: | **October 15, 2018** |

Official Form 309F (For Corporations of Partnerships)

# Notice of Chapter Bankruptcy Case                                                                         12/17

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**1.   Debtors' full names (and Jointly Administered Cases):**

| Debtor | EIN Number | Case No. | Address |
|---|---|---|---|
| Sears, Roebuck and Co. | 36-1750680 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Holdings Corporation | 20-1920798 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Kmart Holding Corporation | 32-0073116 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Kmart Operations LLC | 32-0456546 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Operations LLC | 35-2524331 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| ServiceLive, Inc. | 36-4616774 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| A&E Factory Service, LLC | 36-4486695 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| A&E Home Delivery, LLC | 37-1500205 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| A&E Lawn & Garden, LLC | 13-4275028 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| A&E Signature Service, LLC | 37-1500204 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| FBA Holdings Inc. | 36-4186537 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Innovel Solutions, Inc. | 36-1857180 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Kmart Corporation | 38-0729500 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| MaxServ, Inc. | 74-2707626 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Private Brands, Ltd. | 55-0544022 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Development Co. | 36-2476028 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Home & Business Franchises, Inc. | 98-0126742 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Holdings Management Corporation | 20-3592148 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Insurance Services, L.L.C. | 36-4287182 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |

Debtor    Sears Holdings Corporation, *et al.*,             Case number (if known) _____
          Name

| Debtor | EIN Number | Case No. | Address |
|---|---|---|---|
| Sears Procurement Services, Inc. | 30-0092859 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Home Improvement Products, Inc. | 25-1698591 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Protection Company | 36-4471250 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Protection Company (PR), Inc. | 66-0704861 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Roebuck Acceptance Corp. | 51-0080535 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears, Roebuck de Puerto Rico, Inc. | 66-0233626 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| SYW Relay LLC | 35-2561870 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Wally Labs LLC | None | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Big Beaver of Florida Development, LLC | None | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| California Builder Appliances, Inc. | 68-0406327 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Florida Builder Appliances, Inc. | 36-3619133 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| KBL Holding Inc. | 26-0031295 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| KLC, Inc. | 75-2490839 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Kmart of Michigan, Inc. | 38-3551696 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Kmart of Washington LLC | 61-1448898 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Kmart Stores of Illinois LLC | 61-1448897 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Kmart Stores of Texas LLC | 61-1448915 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| MyGofer LLC | 26-4005531 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Brands Business Unit Corporation | 42-1564658 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Holdings Publishing Company, LLC | 26-0075554 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Protection Company (Florida), L.L.C. | 20-0224239 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| SHC Desert Springs, LLC | None | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| SOE, Inc. | 83-0399616 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| StarWest, LLC | 37-1495379 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| STI Merchandising, Inc. | 38-2760188 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Troy Coolidge No. 13, LLC | None | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| BlueLight.com, Inc. | 77-0527034 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Brands, L.L.C. | 42-1564664 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Buying Services, Inc. | 36-3256533 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Kmart.com LLC | 77-0529022 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |
| Sears Brands Management Corporation | 36-2555365 | | 3333 Beverly Road, Hoffman Estates, Illinois 60179 |

| 2. All other names used in the last 8 years | | |
|---|---|---|
| A&E Factory Service | Kmart Holding Company | Sears Grand |
| Accents for Less | Kmart Holdings, Inc. | Sears Grand #1673 |
| American Siding & Deck, Inc. | Kmart Lessee Operations, LLC | Sears Holdings Management Corporation |
| American Windows & Sash, Inc. | Kmart Management Corporation | Sears Home Appliance Showrooms |
| Appliance Liquidators | Kmart Michigan Property Services, L.L.C. | Sears Home Improvement Products (South), Inc. |
| Austin Technology Center | Kmart of Amsterdam, NY Distribution Center, Inc. | Sears Home Services |
| Bath and Kitchen Elegance | Kmart of Pennsylvania LP | Sears Home&Life |
| Bath and Kitchen Elegance of the Desert | Kmart Pharmacies of Minnesota, Inc. | Sears Lessee Operations, LLC |
| Big Beaver of Caguas Development Corporation | Kmart Pharmacies, Inc. | Sears Logistics Services |
| Big Beaver of Caguas Development Corporation II | Kmart Properties, Inc. | Sears Logistics Services, Inc. |
| Big Kmart | Kmart Stores of Indiana, Inc. | Sears Merchandise Group |

Official Form 309F (For Corporations or Partnerships)    Notice of Chapter 11 Bankruptcy Case    page 2

WEIL:\96759281\1\73219.0006

| Debtor | Sears Holdings Corporation, *et al.*, | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 2. All other names used in the last 8 years | | |
|---|---|---|
| Big Kmart (#3680) | Kmart Stores of TNCP, Inc. | Sears Merchandise Group, Inc. |
| Central Wholesale Appliance Supply, Inc. | KMI, Inc. | Sears New York Insurance Agency |
| Chantell Marketing | Koolvent Aluminum Products, Inc. | Sears Oklahoma Insurance Agency |
| Circle of Beauty Inc. | Kresge - Kmart Limited | Sears Protection Company Inc. |
| Delver | Little Caesars | Sears Protection Company, Inc. |
| Delver.com | Max Acquisition Delaware Inc. | Sears Technology Services LLC |
| Designer Depot | McKids | Sears, Roebuck de Mexico, S.A. de C.V. |
| Eblon Technologies India Private Limited | McKids The Store | Sears, Wishbook, Inc. |
| Evoke Productions | McPhail's Appliances | ServiceLive Direct |
| FitStudio by Sears | MetaScale Technologies India Private Limited | SHMC, Inc. |
| Florida Builder Appliances, Inc. | Monark | Shop Your Way Local, LLC |
| Garment Rack | Monark Holdings Inc. | shopyourway.com |
| HDC Holding Company of Delaware, Inc. | Monark of California | Sourcing and Technical Services, Inc. |
| HO. Tampa Development Co. | Monark Premium Appliance Co. | SRC O.P. LLC |
| HO. Tysons Office Investment Co. | Monark Premium Appliance Co. of Arizona | SRC Real Estate (TX), LLC |
| ILJ, Inc. | Monark Premium Appliance Co. of California | Standards of Excellence |
| JAF, Inc. | MXSV, Inc. | Standards of Excellence Outlet Store |
| KC Kelley Group | NTB - National Tire and Battery | Super K |
| Kenmore Direct | NTB-National Tire & Battery | Super Kmart |
| Kids Stockroom | PMB, Inc. | SUPER KMART CENTER |
| Kmart | Prairie Buck I, Inc. | Super Kmart Center |
| Kmart Acquisition Corp. | Prairie Buck II, Inc. | Texas Bluelight.com Inc. |
| Kmart Apparel Corp. | Private Brands, Ltd. | The Annexx Restaurant |
| Kmart Apparel Fashions Corp. | Relay LLC | The Great Indoors |
| Kmart Apparel Leasing Corp. | San Diego Appliance Sales | Tire Property Holding, Inc. |
| Kmart Apparel Service of Atlanta Corp. | Sears | Tri-Valley Crossings |
| Kmart Apparel Service of Des Plaines Corp. | Sears #1284 | Troy CMBS Property, L.L.C. |
| Kmart Apparel Service of Sunnyvale Corp. | Sears Acquisition Corp. | Westar Kitchen & Bath LLC |
| Kmart Corporation | Sears Auto Center | Westar Kitchen and Bath |
| Kmart Enterprises, Inc. | Sears Auto Center #6582 | Westar Kitchen and Bath, LLC |
| Kmart Far East Limited | Sears Auto Centers | Western Bluelight.com LLC |
| Kmart Financing I | Sears Carpet and Upholstery Care, Inc. | WestStar Kitchen and Bath |
| Kmart Global Sourcing Ltd. | Sears Essentials | WestStar Kitchen and Bath LLC |

| 3. | Address | 3333 Beverly Road, Hoffman Estates, Illinois 60179 | | |
|---|---|---|---|---|
| 4. | Debtor's attorney<br><br>Name and address | WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Facsimile: (212) 310-8007<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh | Contact Telephone: | (212) 310-8000 |
| | | | Contact Facsimile: | (212) 310-8007 |
| | | | E-mail: | ray.schrock@weil.com<br>jacqueline.marcus@weil.com<br>garrett.fail@weil.com<br>sunny.singh@weil.com |

| | | | |
|---|---|---|---|
| 5. | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address.<br><br><br>You **may** inspect all records filed in this case at this office or online at www.pacer.gov. | U.S. Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 | **Hours open:**<br><br>Monday - Friday, 8:30 a.m. - 5:00 p.m. (except federal holidays)<br><br>**Contact phone**: (212) 668-2870 |
| 6. | **Meeting of creditors**<br>The **debtor's** representative<br><br>_____<br>at<br>_____<br><br>Location:<br>must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | _____ at _____ (ET)<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:** |
| 7. | **Proof of claim deadline** | **Deadline for filing proof of claim:**<br><br>_____ at _____ (ET) | [Not yet set. If a deadline is set, the court will send you another notice.] or<br><br>[date, if set by the court)] |
| | | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br><br>▪ your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>▪ you file a proof of claim in a different amount; or<br>▪ you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| 8. | **Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below<br><br>**Deadline for filing the complaint:**    _____ | |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. | |

| 11. Discharge of debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |
|---|---|