WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
In re                                          :
                                               :        Chapter 11
SEARS HOLDINGS CORPORATION, et al.,            :
                                               :        Case No. 18-_____ (RDD)
                                               :
                      Debtors.¹                :        (Joint Administration Requested)
----------------------------------------------------------------x
```

**MOTION OF DEBTORS FOR ENTRY OF
AN ORDER ESTABLISHING PROCEDURES FOR REJECTION
OF UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent in support of this motion (the "**Motion**"):

**Background**

1.    On the date hereof (the "**Commencement Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").    The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.    No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.    Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn to on the date hereof (the "**Riecker Declaration**"),[2] which has been filed with the Court contemporaneously herewith and is incorporated herein by reference.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

WEIL:\96759238\1\73217.0003

**Jurisdiction**

4.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

**Relief Requested**

5.        By this Motion, pursuant to sections 105(a), 365, and 554(a) of the Bankruptcy Code, Bankruptcy Rule 6006, and Rules 6006-1 and 6007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors request that the Court approve procedures (the "**Rejection Procedures**") for the rejection of unexpired leases of nonresidential real property of the Debtors and related subleases (each, a "**Lease**" or "**Sublease**") and, collectively, the "**Leases**"), effective as of the date the Debtors have surrendered the leased premises to the landlord via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not delivering such keys or codes, providing notice that the landlord may re-let the premises (the "**Rejection Date**"), and the abandonment of certain property in connection therewith.  The Debtors also request that the deadline to file a proof of claim with respect to any claim for damages arising from the rejection of a Lease be the later of (i) the deadline to file general unsecured proofs of claim (the "**Bar Date**") fixed by the Court; and (ii) only if the Proposed Order (as defined herein) is entered by the Court within fourteen (14) days of the Bar Date, thirty (30) days after the entry of the Proposed Order.

6.        A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A** (the "**Proposed Order**").

**Proposed Rejection Procedures**

7.      In the months leading up to the Commencement Date, the Debtors, together with their advisors, conducted an extensive review of all of their store operations, as well as their leases of non-residential real property.  Contemporaneously herewith, the Debtors have filed the *Omnibus Motion of Debtors to Reject Certain Unexpired Leases and Related Subleases of Nonresidential Real Property and Abandon Property in Connection Therewith* seeking to reject 217 leases for stores and other non-retail locations that have already closed or gone "dark".

8.      The Debtors are continuing to review their retail store footprint, as well as their real estate portfolio, and expect that additional store closings and lease rejections may be prudent as the chapter 11 cases unfold.  To streamline future store closings, rejections of unexpired nonresidential real property leases, and abandonment of assets, and to avoid filing multiple, individual motions, the Debtors seek authority to implement the Rejection Procedures substantially in the form annexed to the Proposed Order as **Exhibit 1**.

9.      The Rejection Procedures provide that the Debtors will file a notice (the "**Rejection Notice**"), substantially in the form annexed as **Schedule A** to the Rejection Procedures, to reject the identified unexpired leases or subleases, which will include a proposed order approving rejection of the unexpired leases or subleases (the "**Rejection Order**").  Any property remaining at the leased premises as of the Rejection Date shall be deemed abandoned without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.

10.      Objections to the proposed rejection or abandonment (each, an "**Objection**") must be filed and served no later than ten (10) calendar days after service of the

Rejection Notice (the "**Rejection Objection Deadline**").    If no Objection is filed by the Rejection Objection Deadline, the Debtors may submit the proposed Rejection Order to the Court.    If an Objection is timely filed and served, and not withdrawn or resolved (an "**Unresolved Objection**"), the Debtors shall file a notice of a hearing for the Court to consider the Unresolved Objection at the next scheduled omnibus hearing after the Rejection Objection Deadline.

**The Relief Requested Should Be Granted**

11.    The Rejection Procedures are the most efficient and economical way for the Debtors to address future rejections of the Leases and abandonment of assets located at such leased premises.    For this reason, and those set forth more fully below, the Rejection Procedures should be approved.

**A.    The Rejection Procedures Are in the Best Interests of the Debtors, Their Estates, and Their Creditors, and Provide Interested Parties with Reasonable and Sufficient Notice and Opportunity to Object and Be Heard**

12.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor."    11 U.S.C. § 365(a).    The standard applied to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard.    Courts defer to a debtor's business judgment in rejecting an executory contract and, upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code.    *See In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008); *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009); *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts or unexpired leases).

WEIL:\96759238\1\73217.0003

13.     The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate.  *See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.'") (citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2005) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995)).  Further, under the business judgment standard "a debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'"  *See In re Old Carco LLC*, 406 B.R. at 190 (quoting *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001)).

14.     In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code.  Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "'protect and preserve the estate, including an operating business' going-concern value,'" on behalf of the debtor's creditors and other parties in interest.  *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a); *see In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999).

15.      The ability to reject burdensome nonresidential real property leases is an important tool provided to debtors under the Bankruptcy Code.   Given that the Debtors are parties to approximately 1,800 real property leases, obtaining separate Court approval of each rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that would decrease the economic benefits of rejection.   As designed, the Rejection Procedures are in the best interests of the Debtors' estates and will allow the Debtors to minimize administrative expenses for rejected leases and will eliminate substantial legal expenses that would otherwise be incurred if multiple hearings were held on separate motions with respect to every lease that the Debtors seek to reject.   The Rejection Procedures are fair and reasonable to lease counterparties because they afford parties in interest the opportunity to appear and be heard with respect to the rejection of the Debtors' leases.   In addition, the Rejection Procedures will provide clarity and uniformity as to the procedures that will govern most rejections in these chapter 11 cases.

16.      The Rejection Procedures comply with the procedural requirements of the Bankruptcy Rules.   "A proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." Fed. R. Bankr. P. 6006(a).   Bankruptcy Rule 9014 provides that:  "In a contested matter . . . , not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a).   The notice and hearing

WEIL:\96759238\1\73217.0003

requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances"). The Rejection Procedures provide for notice to lease counterparties and an opportunity to be heard at a hearing, and thus satisfy the requirement of Bankruptcy Rules 6006(a) and 9014.

17.     Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to assume and assign or reject multiple unexpired leases in one motion, subject to Bankruptcy Rule 6006(f). *See* Fed. R. Bankr. P. 6006(e). Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple unexpired leases must satisfy. These requirements are procedural in nature. A motion to assume or reject multiple unexpired leases that are not between the same parties shall:

(a)     state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(b)     list parties alphabetically and identify the corresponding contract or lease;

(c)     specify the terms, including the curing of defaults, for each requested assumption or assignment;

(d)     specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

(e)     be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

(f)     be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

18.     The Rejection Procedures satisfy Bankruptcy Rule 6006(f). The clear purpose of Bankruptcy Rule 6006(f) is to protect the due process rights of counterparties to the

WEIL:\96759238\1\73217.0003

Debtors' leases. Counterparties must be able to locate their leases and readily determine whether their leases are being assumed or rejected. The Debtors will comply with all applicable procedural requirements of Bankruptcy Rule 6006(f) when serving the Rejection Notices.

19.     Under the circumstances, given the number of leases the Debtors are party to, obtaining separate Court approval of each rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that would decrease the economic benefits of rejection or assumption and assignment. The Debtors, therefore, request approval of the Rejection Procedures as the most efficient and economical way for the Debtors to address rejection of their unexpired leases.

**B.     Retroactive Rejection of the Leases Is Appropriate Under the Circumstances**

20.     The Rejection Procedures contemplate that the Rejection Date may be before the date an order approving rejection is entered by the Court. An order approving rejection of the Leases as of such date will expedite the Debtors' relief from onerous obligations. The proposed Rejection Date is fair and equitable to all parties because, upon service of the Rejection Notice, the relevant counterparties will have adequate notice of the Debtors' intent to reject the Leases and/or the Debtors will surrender the premises to the landlord as of the Rejection Date. Permitting the effective date of rejection to occur as of the Rejection Date is consistent with prior rulings in this and other circuits. *See, e.g., Adelphia Bus. Sol., Inc. v. Abnos*, 482 F.3d 602 (2d Cir. 2007) (upholding a bankruptcy court ruling that a rejection of an unexpired lease was retroactive to the date of the hearing on the motion to reject, even though the order to reject was not entered until nearly 33 months later); *see also Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064 (9th Cir. 2004) (applying the *In re Thinking Mach. Corp.* ruling and approving a retroactive order to reject an unexpired lease even though the lessor has not retaken the premises); *In re Thinking Mach. Corp. v. Mellon Fin. Servs. (In re*

9

*Thinking Mach. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of the equities favors such relief); *see also In re Tops Holding II Corp.,* Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Mar. 22, 2018) (ECF No. 199) (authorizing retroactive rejection of leases where the debtors had surrendered the keys to the lease counterparties); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 15, 2010) (ECF No. 18) (authorizing retroactive rejection of dark leases where the debtors had surrendered the keys to the lease counterparties); *In re The Reader's Digest Ass'n, Inc.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. Sept. 17, 2009) (ECF No. 94) (approving retroactive rejection of unexpired leases); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) (finding that retroactive rejection is valid when the balance of the equities favor such treatment); *In re Jamesway Corp.*, 179 B.R. 33, 36 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection").

21.     In view of the foregoing, the Debtors respectfully request that the Court approve the rejection of the Leases as of the Rejection Date, pursuant to section 365(a) of the Bankruptcy Code in the manner requested herein.

## C.     Abandonment of Remaining Property Should Be Approved

22.     The Debtors also request authority to abandon any property remaining at the leased premises on the Rejection Date of the applicable Leases that the Debtors determine is too difficult to remove or expensive to store, such that the economic benefits of removing or storing such remaining property would by outweighed by the attendant costs (such assets, the "**De Minimis Assets**").

23.     Under section 554(a) of the Bankruptcy Code, a debtor, after notice and a hearing, is authorized to "abandon any property of the estate that is burdensome to the estate or

WEIL:\96759238\1\73217.0003

that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon property is, except for certain exceptions inapplicable in the present case, unfettered. *See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 506–07 (1986) (noting one such exception and holding that section 554(a) does not preempt state laws aimed at protecting the public's health and safety).

24.    The proposed Rejection Procedures are necessary to the efficient administration of the Debtors' estates because they provide the Debtors with a streamlined mechanism by which they can: (i) stop the accrual of expenses associated with retaining de minimis assets; (ii) avoid the often difficult and expensive process of locating buyers for assets that are damaged or in premises that the Debtors no longer use; and (iii) minimize any distraction that may result from the challenges involved in attempting to sell illiquid assets that are of inconsequential value to the Debtors' estates.

25.    Rule 6007-1 of the Local Bankruptcy Rules requires that notice of a proposed abandonment describe the property to be abandoned, state the reason for the proposed abandonment, and identify the entity to whom the property is proposed to be abandoned, unless the Court orders otherwise. The Debtors submit that given the description of the De Minimis Assets provided herein and the *de minimis* nature of such property, which is the only property that the Debtors will seek to abandon pursuant to this Motion, the requirements of the Local Bankruptcy Rules have been satisfied. Alternatively, to the extent the Court finds such information does not meet the requirements of Local Bankruptcy Rule 6007-1, Debtors respectfully request that the Court waive such requirements with respect to this Motion.

26.    Courts in this district and elsewhere have previously approved similar relief in other chapter 11 cases involving retail debtors. *See, e.g., In re Tops Holding II Corp.,*

11

Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Mar. 22, 2018) (ECF No. 199) (authorizing debtors to abandon any remaining property on the leased premises for rejected leases, other than hazardous or toxic materials); *In re Sports Auth. Holdings, Inc.*, Case No. 16-10527 (MFW) (Bankr. D. Del. May 3, 2016) (ECF No. 1700) (authorizing the debtors to abandon any unremoved or unsold furniture, fixtures, and equipment at a closing store); *In re Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Jan. 22, 2016) (ECF No. 2367) (authorizing the debtors to abandon furniture, fixtures, and equipment as of a retroactive rejection date); *In re Am. Apparel, Inc.*, Case No. 15-12055 (BLS) (Bankr. D. Del. Nov. 20, 2015) (ECF No. 364) (authorizing the debtors to dispose of or abandon property of their estates left in stores after the completion of store closing sales); *In re RadioShack Corp.*, Case No. 15-10197 (BLS) (Bankr. D. Del. Feb. 2, 2015) (ECF No. 455) (authorizing the debtors to abandon all unsold assets located at any of the closing stores); *In re Metropark USA, Inc.*, Case No. 11-22866 (RDD) (Bankr. S.D.N.Y. May 5, 2011) (ECF No. 50) (authorizing the debtor to reject a lease and abandon certain furniture, fixtures, and equipment on the leased premises).

### **Reservation of Rights**

27.      Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or, validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code.

WEIL:\96759238\1\73217.0003

## Notice

28.     Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel for Bank of America, N.A., as administrative agent under the First Lien Credit Facility and the DIP ABL Agent; (iv) counsel for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility; (v) counsel for JPP, LLC, as administrative agent under the Second Lien Credit Facility, the IP/Ground Lease Term Loan, and the Consolidated Secured Loan Facility; (vi) counsel for Computershare Trust Company N.A., as indenture trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes; (vii) counsel for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes; (viii) counsel for The Bank of New York Mellon Trust Company, N.A., as successor trustee for the SRAC Unsecured PIK Notes, the SRAC Unsecured Notes, and the SRAC Medium Term Notes; (ix) the Pension Benefit Guaranty Corporation; (x) the Unions; (xi) the Securities and Exchange Commission; (xii) the Internal Revenue Service; and (xiii) the United States Attorney's Office for the Southern District of New York.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WEIL:\96759238\1\73217.0003

29.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: October 15, 2018
        New York, New York

/s/ Ray C. Schrock P.C.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                              :
                                                   :        **Chapter 11**
**SEARS HOLDINGS CORPORATION, et al.,**             :
                                                   :        **Case No. 18-_____ (RDD)**
                                                   :
              Debtors.[1]                           :        **(Jointly Administered)**
-----------------------------------------------------------------x

### ORDER AUTHORIZING DEBTORS TO ESTABLISH PROCEDURES FOR REJECTION OF UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDON PROPERTY IN CONNECTION THEREWITH

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 365, and 554(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Rules 6006-1 and 6007-1 of the Local Bankruptcy Rules for the Southern District of New York, for an order (i) authorizing the Debtors to establish procedures for the rejection of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

unexpired leases of nonresidential real property of the Debtors (collectively, the "**Leases**") and the abandonment of certain property in connection therewith (the "**Rejection Procedures**"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on [___], 2018 (the "**Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are authorized, but not directed, to reject Leases effective as of (unless otherwise ordered by the Court) the date the Debtors have surrendered the leased premises to the landlord, other applicable lease counterparty, or designee (the "**Landlord**") via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the

WEIL:\96759238\1\73217.0003

Landlord, or, if not delivering such keys or codes, providing notice that the Landlord may re-let the premises (the "**Rejection Date**"), and the Debtors may abandon assets in accordance with the Rejection Procedures attached hereto as **Exhibit 1**, which are approved and incorporated by reference in their entirety.

3.      The Debtors shall not be liable for any additional administrative expenses arising after the Rejection Date with respect to the Leases.

4.      Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, in their sole discretion, to abandon the De Minimis Assets, free and clear of any interests of any party subject to notice of such abandonment being given in accordance with the Rejection Procedures; *provided* that the Debtors shall remove any hazardous or toxic materials (as such terms are defined in any applicable federal, state or local law, rule, regulation, or ordinance) from the leased premises prior to the Rejection Date.  Any Landlord or other designee shall be free, notwithstanding the automatic stay, to dispose of the same without notice or liability to any party and without further notice or order of the Court, and the applicable landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims. Any personal property of the Debtors remaining at the leased premises after the Rejection Date shall be deemed abandoned as of the Rejection Date.  Landlords shall not be liable to the Debtors or any third parties for the disposition of any and all such property remaining on the premises after the Rejection Date.

5.      **The deadline to file a proof of claim to assert any damage claim arising from the rejection of a Lease shall be the later of (i) the deadline to file general unsecured proofs of claim (the "Bar Date") fixed by the Court; and (ii) only if this Order**

**is entered by the Court within fourteen (14) days of the Bar Date, thirty (30) days after the entry of this Order**.

6.      Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable:  (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

7.      To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

8.      Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors;  (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption, of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

9.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

WEIL:\96759238\1\73217.0003

10.    The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
              White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Rejection Procedures**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re                                    :
                                         :        Chapter 11
SEARS HOLDINGS CORPORATION, et al.,      :
                                         :        Case No. 18-_____ (RDD)
                                         :
            Debtors.[5]                   :        (Jointly Administered)
-------------------------------------------------------------x

## REJECTION PROCEDURES

1.    Rejection Notice.  The Debtors will file with the Court and serve on the Rejection Notice Parties (as hereinafter defined) a notice (the "**Rejection Notice**"), substantially in the form attached hereto as **Schedule A**, to reject the identified unexpired lease(s) and/or sublease(s) pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the unexpired lease(s) and/or sublease(s) to be rejected; (ii) the names and addresses of the counterparties to such unexpired lease(s) and/or sublease(s); (iii) the proposed effective date of the rejection for each such unexpired lease(s) and/or sublease(s) (the "**Rejection Date**"); (iv) whether or not the Debtors intend to abandon any property at the leased premises (as described further in item #2, below) and a description of the same; and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice shall include the proposed order approving rejection of the unexpired lease(s) and/or sublease(s) (the "**Rejection Order**").

2.    Abandonment.  The Debtors will specify in the Rejection Notice whether they intend to abandon any personal property, including inventory, furniture, fixtures, equipment, and/or other material at the leased premises as of the Rejection Date.  Absent a timely objection, any such property of the Debtors remaining after the Rejection Date shall be deemed abandoned

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

to the landlord, other applicable lease counterparty, or designee (the "**Landlord**") without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances; *provided* that the Debtors shall remove any hazardous or toxic materials (as such terms are defined in any applicable federal, state, or local law, rule, regulation or ordinance) from the leased premises prior to the Rejection Date. Any Landlord shall be free to dispose of any such items without notice or liability to any party, and the Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

With respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the leased premises prior to the Rejection Date. For the avoidance of doubt, if any such personal property remains on the leased premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth above.

3. <u>Service of the Rejection Notice.</u> The Debtors will cause the Rejection Notice to be served by overnight mail or email upon (i) the unexpired lease or sublease counterparties affected by the Rejection Notice, and their counsel, if known; (ii) any party known to assert an ownership interest in, or that has filed a UCC-1 statement against, personal property located at the applicable leased premises including any personal property proposed to be abandoned; (iii) any party known to assert a lien on any real property subject to the Lease; (iv) all parties who may have an interest in any personal property at the applicable leased premises; (v) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq. and Richard Morrissey, Esq.); (vi) counsel for the DIP ABL Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York, 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.); and (vii) counsel for any statutory committee appointed in these chapter 11 cases (collectively, the "**Rejection Notice Parties**").

4. <u>Objection Procedures.</u> Parties objecting to a proposed rejection or abandonment must file and serve a written objection (an "**Objection**") so that the Objection is filed with the Court and is actually received by (i) the Debtors c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, (ii) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.); and (iii) the Rejection Notice Parties, no later than ten (10) calendar days after the date the Debtors file and serve the relevant Rejection Notice (the "**Rejection Objection Deadline**"). Each Objection must state with specificity the legal and factual grounds for objection to the proposed rejection or abandonment.

5. <u>Event of No Objection.</u> If no Objection is filed and served by the Rejection Objection Deadline, the Debtors shall submit the proposed Rejection Order to the Court after the Rejection Objection Deadline and the Court may enter such order without a hearing. The Rejection Order shall set forth the applicable Rejection Date, which shall be the date (unless otherwise ordered by the Court) the Debtors have surrendered the leased premises to the Landlord via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not delivering such keys or codes, providing notice

WEIL:\96759238\1\73217.0003

that the landlord may re-let the premises. The deadline to file a proof of claim to assert any damage claim arising from the rejection of a Lease shall be the later of (i) the deadline to file general unsecured proofs of claim (the "**Bar Date**") fixed by the Court; and (ii) only if the Rejection Order is entered by the Court within fourteen (14) days of the Bar Date, thirty (30) days after the entry of the Rejection Order. In the event that the Rejection Order is entered within less than fourteen (14) days of the Bar Date, the Rejection Order shall also set forth the applicable bar date for claims arising from the rejection of the applicable Leases.

6.      <u>Unresolved Objections.</u>   If an Objection is timely filed and not withdrawn or resolved (an "**Unresolved Objection**"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at the next scheduled omnibus hearing after the Rejection Objection Deadline, unless the Debtors and objecting party agree to a different hearing date and subject to the Court's schedule. If the Unresolved Objection is overruled or withdrawn, the effective date of rejection shall be the (i) Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court. If an Objection is filed for fewer than all of the Leases included on the Rejection Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining Leases on the Rejection Notice.

7.      <u>Treatment of Security Deposits</u>.   If the Debtors have deposited funds with a lease counterparty as a security deposit or other similar arrangement, such counterparty may not set off or otherwise use such deposit without the prior authorization of this Court or consent of the Debtors.

WEIL:\96759238\1\73217.0003

## <u>Schedule A</u>

**Rejection Notice**

Objection Deadline: _____, 2018 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                              :
                                                   :        **Chapter 11**
**SEARS HOLDINGS CORPORATION, et al.,**            :
                                                   :        **Case No. 18-_____ (RDD)**
                                                   :
          Debtors.[1]                              :        **(Jointly Administered)**
-------------------------------------------------------------x

**NOTICE OF REJECTION OF CERTAIN**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**
**AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**

        PLEASE TAKE NOTICE that, on [____], 2018 (the "**Commencement Date**"), Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), each commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

        PLEASE TAKE FURTHER NOTICE that, on [____], 2018, the Bankruptcy Court entered an order granting certain expedited procedures for the rejection of the Debtors' unexpired real property leases and the abandonment of the Debtors' property located at such leased premises (ECF No. [___]) (the "**Rejection Procedures Order**").  An electronic copy of the Rejection Procedures Order can found at [website link].

        PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Rejection Procedures Order, the Debtors hereby give notice of their intent to reject the lease(s) set forth on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Annex A** attached hereto (each, a "**Lease**," and together, the "**Leases**"), effective as of (unless otherwise ordered by the Court) the date the Debtors have surrendered the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the Landlord, or, if not delivering such keys or codes, providing notice that the landlord may re-let the premises, as such estimated dates are set forth on **Annex A** (the "**Rejection Date**").

PLEASE TAKE FURTHER NOTICE that any personal property including inventory, furniture, fixtures, equipment or other materials remaining at the premises subject to the Leases as of the Rejection Date shall be deemed abandoned by the Debtors to the applicable Landlord.

PLEASE TAKE FURTHER NOTICE that with respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the leased premises prior to the Rejection Date. If any such personal property remains on the leased premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth above.

PLEASE TAKE FURTHER NOTICE that, any party wishing to object to the Debtors' proposed rejection of a Lease or abandonment of personal property remaining on the leased premises, must file with the Bankruptcy Court and serve a written objection setting forth the legal and factual bases for such objection (an "**Objection**") so that it is actually filed with the Bankruptcy Court and served on the following parties no later than ten (10) calendar days after the date of filing and service of this Rejection Notice (the "**Rejection Objection Deadline**"): (i) the Debtors c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179; (ii) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.); (iii) the applicable counterparty to the Lease that is the subject of the Objection; (iv) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq. and Richard Morrissey, Esq.); (v) counsel for the DIP ABL Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York, 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.); and (vi) counsel for any statutory committee appointed in these chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that if no Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Rejection Objection Deadline a proposed order approving the rejection of the Leases (each such order, a "**Rejection Order**"), substantially in the form attached hereto as **Annex B**, and the Bankruptcy Court may enter such order without a hearing.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Rejection Procedures Order, if no Objection is properly filed and served in compliance with the foregoing, the rejection of each Lease shall become effective as of the Rejection Date. The deadline to file a proof of claim to assert any damage claim arising from the rejection of a Lease shall be the later of (i) the deadline to file general unsecured proofs of claim (the "**Bar Date**") fixed by the Court; and (ii) only if the Rejection Order is entered by the Court within fourteen (14) days of

the Bar Date, thirty (30) days after the entry of the Rejection Order.  In the event that the Rejection Order is entered within less than fourteen (14) days of the Bar Date, the Rejection Order shall also set forth the applicable bar date for claims arising from the rejection of the applicable Leases.

PLEASE TAKE FURTHER NOTICE that, if an Objection is properly filed and served in compliance with the foregoing, a hearing will be scheduled to consider the Objection. If the Objection is overruled or withdrawn, the effective date of rejection shall be the (i) Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.  If an Objection is filed for fewer than all of the Leases included on the Rejection Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining Leases on the Rejection Notice.

PLEASE TAKE FURTHER NOTICE that a copy of all pleadings filed in these chapter 11 cases, including the motion (ECF No. [___]) that sought the relief granted in the Rejection Procedures Order, is available for free at [website link] or for a fee via PACER at https://ecf.nysb.uscourts.gov.

Dated: _____, 2018
    New York, New York

_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

Proposed Attorneys for Debtors
and Debtors in Possession

WEIL:\96759238\1\73217.0003

**Objection Deadline: _____, 2018 at 4:00 p.m. (Eastern Time)**

**Annex A**

**Form List of Rejected Leases**

| STORE ID | LANDLORD OR COUNTERPARTY NAME | DEBTOR-TENANT | REAL PROPERTY LEASE ADDRESS | ESTIMATED REJECTION DATE | PROPERTY TO BE ABANDONED |
|----------|-------------------------------|---------------|-----------------------------|--------------------------|--------------------------|
|          |                               |               |                             |                          |                          |
|          |                               |               |                             |                          |                          |
|          |                               |               |                             |                          |                          |

**Objection Deadline: _____, 2018 at 4:00 p.m. (Eastern Time)**

**<u>Annex B</u>**

**Rejection Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                     :
                                                          :          **Chapter 11**
**SEARS HOLDINGS CORPORATION, et al.,**                    :
                                                          :          **Case No. 18-_____ (RDD)**
                                                          :
            Debtors.[1]                                   :          **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER APPROVING THE REJECTION
### OF UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
### AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

Pursuant to and in accordance with the *Order Authorizing Debtors to Establish*

*Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon*

*Property in Connection Therewith* (ECF No. [___]) (the "**Rejection Procedures Order**")[2]

entered in the above-captioned chapter 11 cases of Sears Holdings Corporation and its debtor

affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and

served on the Rejection Notice Parties a notice (the "**Rejection Notice**") of their intent to reject

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

certain unexpired leases identified on **Exhibit 1** hereto ("**Leases**") and to abandon any property remaining at the leased premises on the Rejection Date of the applicable Leases that the Debtors determine is too difficult to remove or expensive to store, such that the economic benefits of removing or storing such remaining property would by outweighed by the attendant costs (such assets, the "**De Minimis Assets**") in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Leases are hereby rejected as set forth herein, effective as of the date the Debtors have surrendered the premises to the Landlord via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the Landlord, or, if not delivering such keys or codes, providing notice that the Landlord may re-let the premises, as such estimated dates are set forth on Exhibit 1 (the "**Rejection Date**").

2.      Any and all personal property remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned upon the Rejection Date without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.

3.      With respect to any De Minimis Assets abandoned at one of the Debtors' leased properties, the applicable Landlord or other designee shall be free, notwithstanding the automatic stay, to dispose of such property without liability to any party and without further notice or order of the Court; and the applicable Landlord's rights, if any, to file a claim for the

WEIL:\96759238\1\73217.0003

costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

4. If any affected non-Debtor party (each, a "**Counterparty**") to a Lease asserts a claim against the Debtors arising from the rejection of the Lease, the Counterparty shall submit a proof of claim by the later of (i) the deadline to file general unsecured proofs of claim (the "**Bar Date**") fixed by the Court; and (ii) only if this Order is entered by the Court within fourteen (14) days of the Bar Date, thirty (30) days after the entry of this Order.  If a Counterparty does not timely file a proof of claim in accordance with the terms of this Order, the Counterparty shall forever be barred from asserting a claim arising from the rejection of their Lease, absent further order of this Court to the contrary.

5. Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors;  (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption, of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

6. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

WEIL:\96759238\1\73217.0003

8.      The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
        White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

4