WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                              :
                                                   :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*          :
                                                   :    **Case No. 18-_____ (RDD)**
                                                   :
            Debtors.[1]                            :    **(Joint Administration Requested)**
------------------------------------------------------------x

**MOTION OF DEBTORS FOR ENTRY OF
ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS
AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation ("**Sears Holdings**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represent in support of this motion (the "Motion"):

**Background**

1. On the date hereof (the "**Commencement Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn to on the date hereof (the "**Riecker Declaration**"),[2] which has been filed with the Court contemporaneously herewith and is incorporated herein by reference.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

2

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5. By this Motion, the Debtors request authority pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors request that the Court extend the fourteen (14) day period to file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs (collectively, the "**Schedules**"), as set forth in section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, by an additional forty-five (45) days, through and including December 13, 2018, without prejudice to the Debtors' right to request additional time should it become necessary. A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A** (the "**Proposed Order**").

**The Relief Requested Should Be Granted**

6. The Court may grant the relief requested herein pursuant to Bankruptcy Rule 1007(c), which provides that "any extension of time to file schedules [and] statements . . . may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . . , trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c). The Debtors submit that the vast amount of information that must be assembled and compiled and the number of hours required to complete the Schedules constitute good and sufficient cause for granting the requested extension of time.

3

7. Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors respectfully submit that the relief requested is appropriate in these chapter 11 cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code and, therefore, the deadline to file the Schedules should be extended as requested herein.

8. On the Commencement Date, the Debtors filed with the Court a consolidated list of creditors holding the five (5) largest secured claims against the Debtors' estates and a consolidated list of creditors holding the twenty (20) largest unsecured claims against the Debtors' estates. However, given the size, geographical spread, and complexity of the Debtors' operations, the Debtors anticipate that they will be unable to complete their Schedules in the mere fourteen (14) days provided under Bankruptcy Rule 1007(c). The Debtors hold an aggregate of approximately $6.9 billion in assets and approximately $11.3 billion in liabilities as indicated in their most recent consolidated balance sheet. The Debtors estimate that they have more than one hundred thousand creditors on a combined basis.

9. To prepare the Schedules, the Debtors must compile information from books, records, and other documents relating to, among other things accounts payable and receivable, real estate and capital leases, employee wages and benefits, intercompany transactions, and vendor and supplier agreements in connection with their approximately 687 full-line and specialty retail stores located throughout the United States. Collecting the necessary information to prepare the Schedules requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professionals.

10. While the Debtors, with the assistance of their professional advisors, are mobilizing their employees to work diligently and expeditiously on preparing the Schedules, the Debtors' resources are strained. Given the amount of work entailed in completing the Schedules, and the competing demands on the Debtors' employees and professionals to stabilize business operations during the initial postpetition period, pursue a sale process, implement a strategy to shrink its retail footprint by shedding unwanted stores and leases, and otherwise provide continued support to the Debtors' efforts to maximize value, the Debtors likely will not be able to properly and accurately complete the Schedules within the required fourteen (14) day time period.

11. Although the Debtors have commenced the task of gathering the necessary information that will enable them to prepare and finalize what undoubtedly will be voluminous Schedules, the Debtors anticipate that they will require at least forty-five (45) additional days to complete the Schedules.

12. The Court may grant the relief requested herein in large, complex chapter 11 cases such as these. *See, e.g.*, *In re Fairway Grp. Holdings Corp.*, Case No. 16-11241 (MEW) (Bankr. S.D.N.Y. May 5, 2016) (granting a 46-day extension); *In re MPM Silicones, LLC*, Case No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 15, 2014) (granting a 46-day extension).

13. Accordingly, the Debtors request that the Court extend the fourteen (14) day period for an additional forty-five (45) days, without prejudice to the Debtors' right to request further extensions, for cause shown.

14. The relief requested herein will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and other parties in interest to provide access to relevant information regarding the Debtors' businesses and financial affairs.

**Notice**

15. Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel for Bank of America, N.A., as administrative agent under the First Lien Credit Facility and the DIP ABL Agent; (iv) counsel for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility; (v) counsel for JPP, LLC, as administrative agent under the Second Lien Credit Facility, the IP/Ground Lease Term Loan, and the Consolidated Secured Loan Facility; (vi) counsel for Computershare Trust Company N.A., as indenture trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes; (vii) counsel for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes; (viii) counsel for The Bank of New York Mellon Trust Company, N.A., as successor trustee for the SRAC Unsecured PIK Notes, the SRAC Unsecured Notes, and the SRAC Medium Term Notes; (ix) the Pension Benefit Guaranty Corporation; (x) the Unions; (xi) the Securities and Exchange Commission; (xii) the Internal Revenue Service; and (xiii) the United States Attorney's Office for the Southern District of New York. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: October 15, 2018
    New York, New York

/s/ Ray C. Schrock P.C.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al*.,                   :
                                                            :    Case No. 18-_____ (RDD)
                                                            :
            Debtors.[1]                                     :    (Jointly Administered)
------------------------------------------------------------x

### ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation ("**Sears Holdings**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for an order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

extending the fourteen (14) day period to file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (ii) statements of financial affairs (collectively, the "**Schedules**"), all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for relief granted herein; is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1, the time by which the Debtors shall file their Schedules is extended by an additional forty-five (45) days, through and including December 13, 2018, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor.

3. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
      White Plains, New York

                                              _____
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE