WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :     **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :
                                                            :     **Case No. 18-23538 (RDD)**
                                                            :
Debtors.[1]                                                 :     **(Joint Administration Requested)**
------------------------------------------------------------x

# MOTION OF DEBTORS FOR ENTRY OF
# ORDER AUTHORIZING THE DEBTORS TO FILE
# REDACTED FEE LETTER RELATED TO THE DIP ABL FACILITY

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represent in support of this motion (the "**Motion**"):

## Background

1. On the date hereof (the "**Commencement Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn to on the date hereof (the "**Riecker Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated herein by reference.

2

**Jurisdiction**

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5.      By this Motion, the Debtors request authority, pursuant to sections 107(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), entry of an order (a) authorizing the Debtors to file a redacted version of that certain fee letter, attached hereto as **Exhibit A**, entered into by the Company with the DIP ABL Lenders[2] (the "**Fee Letter**") in connection with the proposed debtor-in-possession financing facility (the "**DIP ABL Facility**"), as further described in the *Debtors' Motion for Authority to (A) Obtain Postpetition Financing; (B) Use Cash Collateral; (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* (the "**DIP Motion**"), filed contemporaneously with this Motion; and (b) directing that the Fee Letter shall remain confidential and shall not be made available to any party other than (i) the Court, and (ii) the U.S. Trustee, on a confidential basis, and (c) granting such other and further relief as the Court deems just and proper.  The Debtors shall provide unredacted copies of Fee Letter to the Court and the U.S. Trustee.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the DIP Motion.

3

6. A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit B** (the "**Proposed Order**").

## The Relief Requested Should Be Granted

7. Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and protects entities from potential harm caused by the disclosure of confidential information. Specifically, section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may -
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . [.]

11 U.S.C. § 107(b). Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may obtain a protective order authorizing the filing of a redacted document pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part, "[o]n motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bank. P. 9018.

8. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003); *see also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d. Cir. 1994) (holding that "[d]isclosing the sealed information, including the overall structure, terms and conditions of the McDonald's Agreement,

WEIL:\96367579\1\79607.0003

renders very likely a direct and adverse impairment to [the Debtor's] ability to negotiate favorable promotion agreements…thereby giving [its] competitors an unfair advantage." (quoting *In re Orion Pictures Corp., et al.*, No. 91 B 15635, Memorandum at 7 (Bankr. S.D.N.Y. Dec. 18, 1992)).

9. Once the Court determines that a party in interest is seeking protection of information that falls within section 107(b) of the Bankruptcy Code purview, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *In re MF Global, Inc.*, 2012 WL 3260393, at *2 (Bankr. S.D.N.Y. 2012) (citing to *Orion*, 21 F.3d at 27 (emphasis in original)). Moreover, a court has broad authority to issue an order under Bankruptcy Rule 9018. *See, e.g.*, *In re Global Crossing*, 295 B.R. at 724 ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – any order which justice requires. The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.") (internal citations omitted); *In re MF Global*, at *3 ("In cases where protection is required, however, the form of protection that must be granted is not commanded by the statute. The Court has discretion when deciding how to protect commercial information.").

10. Courts have recognized the term "commercial information" is broad under section 107(b) of the Bankruptcy Code. This Court has held that "commercial information" need not rise to the level of a trade secret to be protected by section 107(b) but rather, and in contrast to Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) does not require the moving party to demonstrate "good cause." *In re Orion Pictures*, 21 F.3d at 28. As this Court previously explained, "the commercial information that is entitled to protection under [the Bankruptcy] Code section 107(b) and Bankruptcy Rule 9018 must be viewed from the practical perspective of damage to the estate or its *creditors*…" *In re Global Crossing*, 295 B.R. at 725 (emphasis added).

5

In addition, "commercial information includes information that could "ultimately affect[] the viability of the Debtors." *In re Lomas Fin. Corp.*, No. 90-civ-7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (emphasis added).

11.     The Debtors submit that cause exists to file a redacted version of the Fee Letter because it contains "commercial information" within the meaning of section 107(b) of the Bankruptcy Code.  The Fee Letter contains confidential commercial information concerning the commercial contract terms between the Company and the DIP Lenders.  In accordance with custom and practice in the finance industry, proprietary pricing information is generally not made publicly available.  Given the highly competitive nature of the investment banking and finance lending industries, disclosure of such pricing information would give competitors an unfair strategic advantage and thereby impair the ability of financial institutions to bid and compete for other financings.  Further, because debtor-in-possession financings are only a small fraction of all syndicated financings arranged by the DIP ABL Credit Parties, requiring them to disclose certain information concerning their fees in this context but not in others could have a "chilling effect" discouraging them and other competitor institutions from providing debtor-in-possession financing facilities on terms favorable to the debtors.  Accordingly, filing a redacted version of the Fee Letter with the amounts redacted should be authorized.

### Notice

12.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel for Bank of America, N.A., as administrative agent under the First Lien Credit Facility and the DIP ABL Agent; (iv) counsel for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility; (v) counsel for JPP, LLC, as

administrative agent under the Second Lien Credit Facility, the IP/Ground Lease Term Loan, and the Consolidated Secured Loan Facility; (vi) counsel for Computershare Trust Company N.A., as indenture trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes; (vii) counsel for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes; (viii) counsel for The Bank of New York Mellon Trust Company, N.A., as successor trustee for the SRAC Unsecured PIK Notes, the SRAC Unsecured Notes, and the SRAC Medium Term Notes; (ix) the Pension Benefit Guaranty Corporation; (x) the Unions; (xi) the Securities and Exchange Commission; (xii) the Internal Revenue Service; and (xiii) the United States Attorney's Office for the Southern District of New York. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

13.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  October 15, 2018
       New York, New York

/s/ Ray C. Schrock, P.C.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

# Exhibit A

# Redacted Fee Letter

| | | |
|---|---|---|
| **BANK OF AMERICA, N.A. MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED** One Bryant Park New York, NY 10036 | **CITIGROUP GLOBAL MARKETS INC.** 388 Greenwich Street New York, NY 10013 | **WELLS FARGO BANK, NATIONAL ASSOCIATION** One Boston Place, 19th Floor Boston, MA 02108 |

October 15, 2018

**SEARS HOLDINGS CORPORATION**

3333 Beverly Road,
Hoffman Estates, Illinois 60179

**SEARS ROEBUCK ACCEPTANCE CORP.**

3333 Beverly Road,
Hoffman Estates, Illinois 60179

**KMART CORPORATION**

3333 Beverly Road,
Hoffman Estates, Illinois 60179

Senior Secured Superpriority Priming Debtor-In-Possession
Asset-Based Credit Facility
Fee Letter

Ladies and Gentlemen:

This letter (the "*Fee Letter*") is delivered to Sears Roebuck Acceptance Corp., a Delaware corporation ("*SRAC*"), Kmart Corporation, a Michigan corporation ("*Kmart*", and together with SRAC, the "*Borrowers*" and each, a "*Borrower*") and Sears Holdings Corporation, a Delaware corporation ("*Holdings*", and together with the Borrowers, "*you*"), in connection with that certain $1.83 Billion Senior Secured Superpriority Priming Debtor-In-Possession Asset-Based Credit Facility Summary of Proposed Terms and Conditions, dated as of the date hereof (as amended, restated, supplemented or otherwise modified from time to time, the "*Term Sheet*") among you, Bank of America, N.A. ("*Bank of America*"), Merrill Lynch, Pierce, Fenner & Smith Incorporated (together with any of its designated affiliates, "*MLPFS*" and, together with Bank of America, "*BAML*"), Citigroup Global Markets Inc. ("*CGMI*"), on behalf of Citi (as defined below), and Wells Fargo Bank, National Association ("*Wells Fargo Bank*" and, together with BAML and Citi, "*we*" and "*us*"), regarding the structuring and arrangement of the DIP Facility described therein. Unless otherwise defined herein, capitalized terms shall have the same meanings as specified therefor in the Term Sheet. "*Citi*" means CGMI, Citibank, N.A., Citicorp North America, Inc. and/or any of their affiliates as may be appropriate to consummate the transactions contemplated hereby.

In connection with, and in consideration of the agreements contained in, the Term Sheet, you agree with us as follows:

1. **STRUCTURING FEE**. You will pay to each of MLPFS, CGMI, and Wells Fargo Bank, each for its own account, a fee (the "*DIP Structuring Fee*") in an amount equal to $[REDACTED]

each. Such DIP Structuring Fee shall be earned upon your acceptance of this letter, and shall be due and payable upon entry of the Interim Order. Each of MLPFS, CGMI, and Wells Fargo Bank may share its DIP Structuring Fee in its sole discretion in connection with the syndication of the New Money Loans.

   2. **DIP UNDERWRITING FEE**. You will pay to Bank of America, for the account of each Lender (including Bank of America), a fee (the "***DIP Underwriting Fee***"), in an amount equal to [REDACTED]% of such Lender's Incremental DIP Revolving Commitments and Incremental DIP Term Loans under the DIP Facility upon entry of the Final Order. Such DIP Underwriting Fee shall be due and payable upon entry of the Final Order.

   3. **DIP Administrative Agent Fee**. You will pay to Bank of America, for its own account, a fee (the "***DIP Administrative Agent Fee***") in an amount equal to $[REDACTED]. $[REDACTED] of the DIP Administrative Agent Fee shall be due and payable upon entry of the Interim Order, and $[REDACTED] of the DIP Administrative Agent Fee shall be due and payable upon entry of the Final Order.

Holdings and each Borrower represents, warrants and covenants that no proceeds of any borrowing, whether under the Prepetition ABL Credit Agreement, or from any New Money Loans, shall be used to pay any portion of the DIP Structuring Fee or the DIP Underwriting Fee.

All of the fees described above in this letter agreement shall be fully earned upon becoming due and payable in accordance with the terms hereof, shall be nonrefundable for any reason whatsoever and shall be in addition to any other fees, costs and expenses payable pursuant to the Term Sheet, the Interim Order, the Final Order, or the definitive documentation for the DIP Facility. All the fees described above in this letter agreement constitute compensation for services rendered and do not constitute interest or a charge for the use of money. Each of MLPFS, Bank of America, CGMI, and Wells Fargo Bank reserves the right to allocate, in whole or in part, to any of its affiliates, certain fees payable to it hereunder in such manner as it shall agree in its sole and absolute discretion.

Your obligation to pay the foregoing fees will not be subject to counterclaim or setoff for, or be otherwise affected by, any claim or dispute you may have. In addition, all such payments of fees shall be made without deduction for any taxes, levies, imposts, duties, deductions, charges or withholdings imposed by any national, state or local taxing authority, or will be grossed up by you for such amounts.

Except as required under applicable law or compulsory legal process, Holdings and the Borrowers shall maintain as confidential the terms and conditions of this Fee Letter; <u>provided</u> that (a) Holdings and the Borrowers may disclose this Fee Letter in whole or in part to the directors, officers, employees, accountants, attorneys and professional advisors retained by Holdings and the Borrowers in connection with the establishment of the DIP Facility on a confidential basis or (b) to such other persons with the prior written consent of each of us. Notwithstanding anything to the contrary in the foregoing, you shall be permitted to file this Fee Letter with the Bankruptcy Court under seal and provide an unredacted copy of this Fee Letter to the Bankruptcy Court, the Office of the United States Trustee for the Southern District of New York and to counsel and financial advisors to any statutory committee appointed in the Chapter 11 Cases on a confidential and "professionals only" basis.

This Fee Letter shall be governed by, and construed in accordance with, the laws of the State of New York (including, without limitation, Section 5-1401 of the General Obligations Law of the State of New York), without regard to conflicts of laws principles. Holdings and the Borrowers hereby irrevocably submit to the exclusive jurisdiction of (i) any New York State court or federal court sitting in the County of New York and (ii) after the commencement of the Chapter 11 Cases, the Bankruptcy Court and any appellate court from such court, in each case, in respect of any suit, action or proceeding arising out of or

2

relating to the provisions of this Fee Letter and the transactions contemplated hereby and thereby, and irrevocably agrees that all claims in respect of any such suit, action or proceeding may be heard and determined in any such court. Holdings and the Borrowers hereby waive any objection that they may now or hereafter have to the laying of venue of any such suit, action or proceeding brought in any such court, and any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum. Holdings and the Borrowers agree that service of any process, summons, notice or document by registered mail addressed to Holdings and the Borrowers shall be effective service of process for any suit, action or proceeding brought in any such court. **EACH PARTY HERETO WAIVES THE RIGHT TO A JURY IN ANY TRIAL OF ANY CASE OR CONTROVERSY ARISING OUT OF OR IN RESPECT OF, ANY RELATIONSHIP AMONGST OR BETWEEN THE PARTIES HERETO.**

The provisions of this paragraph and the immediately preceding two paragraphs shall remain in full force and effect regardless of whether the Interim Order or the Final Order is entered by the Bankruptcy Court, or whether any definitive documentation for the DIP Facility shall be executed and delivered, and notwithstanding the termination of any obligations described in the Term Sheet.

The identity of Holdings and the Borrowers is of material importance to us. Consequently, this Fee Letter may not be assigned or transferred by Holdings or the Borrowers without the prior written consent of each of us, and any attempted assignment without such consent shall be void. This Fee Letter may not be amended or any provision hereof waived or modified except by an instrument in writing signed by each party hereto.

This Fee Letter may be executed in any number of counterparts, each of which, when so executed, shall be deemed to be an original and all of which, taken together, shall constitute one and the same letter. Delivery of an executed counterpart of a signature page to this Fee Letter by electronic transmission shall be as effective as delivery of an original executed counterpart of this Fee Letter.

[THE BALANCE OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

1120543.02H-CHISR02A - MSW

If the foregoing is in accordance with your understanding, please sign and return this letter agreement to us.

Very truly yours,

**BANK OF AMERICA, N.A.**

By: *Elizabeth A. Ratto*
Name: Elizabeth A. Ratto
Title: Managing Director

**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**

By: *Elizabeth A. Ratto*
Name: Elizabeth A. Ratto
Title: Managing Director

[DIP Facility Fee Letter]

CITIGROUP GLOBAL MARKETS INC.

By: _____
Name: David Smith
Title: Director

[DIP Facility Fee Letter]

WELLS FARGO BANK, NATIONAL
ASSOCIATION

By: *[signature]*
Name: Keith Vercauteren
Title: Senior Managing Director

[DIP Facility Fee Letter]

ACCEPTED AND AGREED TO
AS OF THE DATE FIRST ABOVE WRITTEN:


**SEARS HOLDINGS CORPORATION,**
a Delaware corporation

By: _____

Name: Robert A. Riecker

Title:   Chief Financial Officer


**SEARS ROEBUCK ACCEPTANCE CORP.,**
a Delaware corporation

By: _____

Name: Robert A. Riecker

Title:   Chief Financial Officer


**KMART CORPORATION,**
a Michigan corporation

By: _____

Name: Robert A. Riecker

Title:   Chief Financial Officer

**Exhibit B**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                             :
                                                  :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,         :
                                                  :          **Case No. 18-23538 (RDD)**
                                                  :
       Debtors.¹                                  :          **(Joint Administration Requested)**
------------------------------------------------------------x

## ORDER AUTHORIZING THE DEBTORS TO FILE
## REDACTED FEE LETTER RELATED TO THE DIP ABL FACILITY

Upon the motion (the "**Motion**")² of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 107(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to file a redacted version of the Fee Letter related to the DIP ABL Facility, all as more fully set forth in the Motion; and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the DIP Motion, as applicable.

WEIL:\96367579\1\79607.0003

Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 107(b) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to file a redacted version of the Fee Letter with the amounts redacted.

3. The Fee Letter shall remain confidential and shall not be made available to anyone other than to (i) the Court and (ii) the U.S. Trustee, on a confidential basis.

4. The Debtors shall submit an unredacted copy of the Fee Letter to the Clerk of this Court in an envelope, clearly indicating that the same has been filed with redactions by order of the Court and may not be unredacted until and unless permitted by further order of the Court.

5. The Clerk of the Court shall treat the Fee Letter as confidential, and counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the Fee Letter

3

as soon as practicable following the effective date of any plan of reorganization or liquidation in this Case or any successor cases.

6.  If the Fee Letter is attached or referred to in any future pleadings or document filed with the Court relating to the above-caption Chapter 11 Case, this Order shall apply to such pleading or document.

7.  Service of the Motion, as set forth therein, is hereby deemed proper, timely, and due and sufficient notice of the Motion under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion is required.

8.  Nothing in this Order prejudices the rights of any party in interest, including the U.S. Trustee, to seek on appropriate motion, the unredaction of the Fee Letter or any part thereof.

9.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2018
       New York, New York

                                    _____
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE