**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                               :

                                   :        **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.*,  :

                                   :        **Case No. 18-23538 (RDD)**

                                   :

               Debtors.[1]       :        **(Jointly Administered)**
-------------------------------------------------------------------x

## INTERIM ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE DEBTORS AND CLAIMING CERTAIN WORTHLESS STOCK DEDUCTIONS

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation ("**SHC**") and its

debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 362 of title 11 of the United States

Code (the "**Bankruptcy Code**"), for entry of interim and final orders establishing procedures to

protect the potential value of the Debtors' consolidated net operating loss carryforwards (the

"**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

the reorganization of the Debtors, all as more fully set forth in the Motion; and the Court having

jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§

157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31,

2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the interim relief sought in the Motion

having been given as provided in the Motion, and such notice having been adequate and

appropriate under the circumstances; and it appearing that no other or further notice need be

provided for the interim relief granted herein; and the Court having held a hearing to consider the

relief requested in the Motion on an interim basis on October 15, 2018 (the "**Interim Hearing**");

and upon the First Day Declaration, filed contemporaneously with the Motion, the record of the

Interim Hearing, and upon all of the proceedings had before the Court; and the Court having

determined that the legal and factual bases set forth in the Motion establish good and sufficient

cause for the relief granted herein, and that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors, and all parties in interest; and after due

deliberation and sufficient cause appearing therefor,

                    **IT IS HEREBY ORDERED THAT:**

   1.     The Motion is granted on an interim basis to the extent set forth herein.

   2.     The provisions of this Interim Order shall be effective *nunc pro tunc* to the

Commencement Date.

   3.     The restrictions, notification requirements, and other procedures annexed

hereto as **<u>Exhibit 1</u>** (the "**Procedures**") are hereby approved and shall apply to all trading and

transfers of, and worthless stock deductions claims with respect to, interests in the Debtors.

4.    Until further order of this Court to the contrary, any acquisition, disposition, or trading of, or worthless stock deduction claim with respect to, SHC Securities in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5.    Any person or Entity that acquires, disposes of, or trades SHC Securities in violation of this Interim Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a worthless stock deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6.    The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5** and **Exhibit 6** are hereby approved.

7.    Within three (3) business days of the entry of this Interim Order, the Debtors shall send the notice of this Interim Order (the "**Notice of Interim Order**") annexed hereto as **Exhibit 7** to all parties that were served with notice of the Motion, publish the Notice of Interim Order once in the national edition of *The New York Times*, and post the Procedures to the website established by Prime Clerk for these chapter 11 cases (which website address shall be identified in the Notice of Interim Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

8.    Nothing herein shall preclude any person or Entity desirous of acquiring or transferring, or making worthless stock deduction claims with respect to, any interest in the

WEIL:\96320908\22\73219.0006

Debtors from requesting relief from this Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10.     The relief granted in this Interim Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Interim Order expressly conditions or restricts trading in, or making worthless stock deduction claims with respect to, interests in the Debtors, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under any chapter 11 Plan or any applicable bankruptcy court order.

11.     The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

12.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

13.     This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided that* the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

14.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

WEIL:\96320908\22\73219.0006

15.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

16.     The Final Hearing on the Motion shall be held on **November 15, 2018, at 10:00 a.m. (Prevailing Eastern Time)**, and any objections or responses to the Motion shall be filed and served in accordance with the Case Management Order so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on November 8, 2018**.

Dated: October 16, 2018
      New York, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\96320908\22\73219.0006

# **Exhibit 1 to Interim Order**

## **Procedures**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
----------------------------------------------------------------x

## NOTICES, RESTRICTIONS, AND
## OTHER PROCEDURES REGARDING OWNERSHIP AND TRANSFERS OF,
## AND WORTHLESS STOCK DEDUCTIONS WITH RESPECT TO,
## <u>INTERESTS IN THE DEBTORS</u>

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions* (the "**Interim Order**") entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____, 2018, Docket No. _____, the following restrictions, notification requirements,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of interests in the Debtors.[2]

## A.     SHC Securities Restrictions

(1)    <u>Definitions</u>.  For purposes of these Procedures, the following terms have the following meanings:

(a)     "**SHC**" shall mean Sears Holdings Corporation.

(b)     "**Common Stock**" shall mean any common stock issued by SHC.

(c)     "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(d)     "**SHC Securities**" shall mean, collectively, Common Stock and any other interest in a Debtor treated as stock within the meaning of Treasury Regulations sections 1.382-2(a)(3) and 1.382-2T(f)(18) (other than any such stock or interest held by a Debtor).  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire SHC Securities may be treated as the owner of such SHC Securities.

(e)     "**Beneficial ownership**" of SHC Securities and Options to acquire SHC Securities shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire SHC Securities.

(f)     "**Substantial Securityholder**" shall mean any "entity" (as such term is defined in Treasury Regulations section 1.382-3(a), an "**Entity**") or person that beneficially owns at least 5,177,155 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock) or at least 4.75% of any other class of SHC Securities.

(g)     "**Majority Securityholder**" shall mean (i) any person that beneficially owns at least 51,771,556 shares of Common Stock (representing approximately 47.5% of all issued and

---

[2] Capitalized terms used but not defined herein (in particular, see definitions in paragraphs A(1) below) shall have the meanings ascribed to them in the Interim Order.

outstanding shares of Common Stock) or (ii) any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of SHC Securities if such person claimed a Worthless Stock Deduction at any time on or after the Commencement Date.

(2)     Notice of Substantial Ownership.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, SHC Securities in an amount sufficient to qualify such person or Entity as a Substantial Securityholder shall file with the Bankruptcy Court, and serve upon (a) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179 (Attn: Luke Valentino); (b) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ray C. Schrock, P.C.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), as proposed counsel to the Debtors; (c) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); and (d) counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**") (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Security Ownership Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Securityholder.  At the election of the Substantial Securityholder, the Substantial Security Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Security Ownership Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(3)     Acquisition of SHC Securities.  At least twenty (20) business days prior to the proposed date of any transfer of SHC Securities or exercise of any Option to acquire SHC Securities that would result in an increase in the amount of SHC Securities beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Securityholder (a "**Proposed Acquisition Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate SHC Securities (an "**Acquisition Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Substantial Securityholder, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(4)     Disposition of SHC Securities.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition of SHC Securities that would result in either a decrease in the amount of SHC Securities beneficially owned by a Substantial

WEIL:\96320908\22\73219.0006

Securityholder or a person's or Entity's ceasing to be a Substantial Securityholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer SHC Securities (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Substantial Securityholder, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(5)    Notice of Status as a Majority Securityholder. Any person that currently is or becomes a Majority Securityholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Securityholder Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 5**, which describes specifically and in detail such person's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person qualifies as a Majority Securityholder.  At the election of the Majority Securityholder, the Majority Securityholder Notice to be filed with the Bankruptcy Court (but not the Majority Securityholder Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(6)    Notice of Intent to Claim a Worthless Stock Deduction.  At least twenty (20) business days before a Majority Securityholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Securityholder ending on or before the effective date of the Plan, such Majority Securityholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 6**.  At the election of the Majority Securityholder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(7)    Objection Procedures.  The Debtors and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be,  or a Majority Securityholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless

Stock Deduction Notice.  If the Debtors or any Creditors' Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court.  If neither the Debtors nor any Creditors' Committee file an Objection by the Objection Deadline or if the Debtors and any and all Creditors' Committees provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Shareholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

## B.    Noncompliance with the Procedures

Any acquisition, disposition, or trading of, or claim of worthless stock deduction with repect to, SHC Securities in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  In the event that a Majority Securityholder claims a Worthless Stock Deduction in violation of these Procedures, such holder shall be required to file an amended federal income tax return revoking such deduction.  Furthermore, any person or Entity that acquires, disposes of, or trades, or claims a worthless stock deduction with respect to, SHC Securities in violation of these Procedures shall be subject to sanctions as provided by law.

## C.    Debtors' Right to Waive

**The Debtors may waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.**

Dated:    New York, New York                        **BY ORDER OF THE COURT**
           _____, 2018

5

**<u>Exhibit 2 to Interim Order</u>**

**Notice of Substantial Security Ownership**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------x
In re                                    :
                                         :        Chapter 11
SEARS HOLDINGS CORPORATION, et al.,      :
                                         :        Case No. 18-23538 (RDD)
                                         :
         Debtors.¹                       :        (Jointly Administered)
---------------------------------------------------------------x
```

## <u>NOTICE OF SUBSTANTIAL SECURITY OWNERSHIP</u>

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

    (i)    _____ shares of Common Stock,[2]

    (ii)    _____ other interests in a Debtor treated as stock ("**Other Interests**") which consist of _____, and/or

    (iii)    Options to acquire _____ shares of Common Stock,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **<u>Exhibit 1</u>** to the Interim Order.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Common Stock, Other Interests and/or Options to acquire Common Stock that are owned directly by the Filer, the table sets forth (a) the number of such shares, the number of such interests and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

In the case of Common Stock and/or Options to acquire Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock, Other Interests and/or Options to acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock, the number of interests and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock, Other Interests and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares/Number of Interests Owned | Shares/Number of Interests Underlying Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

**<u>Exhibit 3 to Interim Order</u>**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate SHC Securities**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re                            :

                                  :        **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*  :

                                  :        **Case No. 18-23538 (RDD)**

                                  :

            Debtors.[1]          :        **(Jointly Administered)**

-----------------------------------------------------------------x

## NOTICE OF INTENT TO PURCHASE,
## ACQUIRE, OR OTHERWISE ACCUMULATE SHC SECURITIES



        PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions,* dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate directly one or more shares of Common Stock[2], other interests in a Debtor treated as stock ("**Other Interests**") and/or Options to acquire Common Stock and/or (ii) a proposed purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock that would result in an increase in the number of shares of Common Stock, Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Common Stock, Other Interests and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2. If the Proposed Transfer involves the purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock, Other Interests and/or Options, (b) the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options proposed to be purchased or acquired, and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares/Number of Interests to be Purchased or Acquired | Shares/Number of Interests Underlying Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Other Interests and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

WEIL:\96320908\22\73219.0006

| Class | Name of Owner | Shares/Number of Interests to Be Owned | Shares/Number of Interests Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Other Interests | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Securityholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Securityholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares/Number of Interests Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests to Be Owned Following Proposed Transfer | Shares/Number of Interests Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Other Interests | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

3

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

WEIL:\96320908\22\73219.0006

**<u>Exhibit 4 to Interim Order</u>**

**Notice of Intent to Sell, Trade, or Otherwise Transfer SHC Securities**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                    :
                                                         :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                :
                                                         :        **Case No. 18-23538 (RDD)**
                                                         :
            Debtors.[1]                                  :        **(Jointly Administered)**
-----------------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE, OR OTHERWISE TRANSFER SHC SECURITIES

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice  of (i) its intention to sell, trade, or otherwise transfer or dispose of one or more shares of Common Stock[2], other interests in a Debtor that are treated as stock ("**Other Interests**") and/or Options to acquire Common Stock and/or (ii) a proposed sale, transfer, or disposition of Common Stock, Other Interests and/or Options to acquire Common Stock that would result in a decrease in the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.    If the Proposed Transfer involves the sale, transfer, or disposition directly by the Filer of Common Stock, Other Interests and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2.    If the Proposed Transfer involves the sale, transfer or disposition of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock, Other Interests and/or Options; (b) the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of; and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares/Number of Interests to Be Sold, Transferred, or Disposed Of | Shares/Number of Interests Underlying Options to Be Sold, Transferred, or Disposed Of | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options (a) that would be owned directly by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Other Interests and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, Other Interests and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

2

| Class | Name of Owner | Shares/Number of Interests to Be Owned | Shares/Number of Interests Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Other Interests | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer, or disposition of Common Stock, Other Interests and/or Options to acquire Common directly by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Securityholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Securityholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock, the Other Interests and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares/Number of Interests Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests to Be Owned Following Proposed Transfer | Shares/Number of Interests Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Other Interests | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

3

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

4

**<u>Exhibit 5 to Interim Order</u>**

**Declaration of Status as a Majority Securityholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :
                                                         :        **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                :
                                                         :        **Case No. 18-23538 (RDD)**
                                                         :
            Debtors.[1]                                   :        **(Jointly Administered)**
-------------------------------------------------------------------x

## <u>DECLARATION OF STATUS AS A MAJORITY SECURITYHOLDER</u>

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Securities.[2]

PLEASE TAKE FURTHER NOTICE that, as of _____ ____, 2018, the Filer beneficially owns _____ shares of and/or interests in SHC Securities.  The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such SHC Securities in an amount sufficient for the Filer to qualify as a Majority Securityholder:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **<u>Exhibit 1</u>** to the Interim Order.

| Number of Shares of and/or Interests in SHC Securities | Date(s) Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional pages if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____

_____

Telephone: _____
Facsimile: _____
Date: _____

2

## Exhibit 6 to Interim Order

**Declaration of Intent to Claim a Worthless Stock Deduction**

WEIL:\96320908\22\73219.0006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re                                                              :
                                                                   :          **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                         :
                                                                   :          **Case No. 18-23538 (RDD)**
                                                                   :
                        Debtors.[1]                                :          **(Jointly Administered)**

-----------------------------------------------------------------x

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

        PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction[2] with respect to its SHC Securities (a "**Proposed Deduction**").

        PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 20__, the Filer filed a Declaration of Status as a Majority Securityholder with this Court.

        PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares and/or interests of SHC Securities.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to ___ shares of and/or interests in SHC Securities.  If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired ___ shares of and/or interests in SHC Securities on the first day of the Filer's next taxable year and shall be treated as never having owned such SHC Securities during any prior year for the purposes of testing whether an Ownership Change has occurred.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

2

**<u>Exhibit 7 to Interim Order</u>**

**Interim Publication Notice**

WEIL:\96320908\22\73219.0006

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, (I) SECURITIES ISSUED BY SEARS HOLDINGS CORPORATION OR ITS SUBSIDIARIES AND (II) CERTAIN CLAIMS AGAINST SEARS HOLDINGS CORPORATION OR ITS SUBSIDIARIES:**

Upon the motion (the "**Motion**") of Sears Holdings Corporation ("**SHC**") and its subsidiaries (the "**Debtors**"), on October 15, 2018, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Sears Holdings Corporation, et al.*, Case No. 18-23538 (RDD) (the "**Chapter 11 Cases**"), entered an interim order establishing procedures (the "**Procedures**") with respect to direct and indirect transfers of, and claims of worthless stock deductions with respect to, interests in the Debtors and scheduling a hearing on a final order with respect to such Procedures.

In certain circumstances, the Procedures restrict (i) transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that is or, as a result of such a transaction, would become a Substantial Securityholder of the common stock issued by SHC (the "**Common Stock**") or any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations) (together with the Common Stock, the "**SHC Securities**") and (ii) claims by any Majority Securityholder of a worthless stock deduction under section 165(g) of the Internal Revenue Code with respect to the SHC Securities.  For purposes of the Procedures, a "**Substantial Securityholder**" is any person or entity (including certain persons making a coordinated acquisition) that beneficially owns, directly or indirectly (and/or owns options to acquire) at least 5,177,155 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock) or at least 4.75% of any other class of SHC Securities, and a "**Majority Securityholder**" is any person that beneficially owns at least 51,771,556 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code) of SHC Securities (as defined in the Procedures) if such person claimed a worthless stock deduction with respect to such securities.  *Any prohibited acquisition or other transfer of, or claim of a worthless stock deduction with respect to, SHC Securities will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

In addition, the Debtors have requested approval of additional procedures (the "**Claims Procedures**") as part of the final order that set forth (i) certain future circumstances under which any person, group of persons, or entity holding, or which as a result of a proposed transaction may hold, a substantial amount of certain claims against the Debtors may be required to file notice of its holdings of such claims and of proposed transactions, which transactions may be restricted, and (ii) certain limited circumstances thereafter under which such person(s) may be required to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any such claims acquired during the Chapter 11 Cases.

*The Procedures, as approved on an interim basis and as requested on a final basis (inclusive of the Claims Procedures), are available on the website of Prime Clerk LLC, the Debtors' Court-approved claims agent, located at https://primeclerk.com, and on the docket of the*

*Chapter 11 Cases, Docket No. 18-23538 (RDD), which can be accessed via PACER at https://www.pacer.gov.*

**A direct or indirect holder of, or prospective holder of, securities issued by SHC that may be or become a Substantial Securityholder, a Majority Securityholder or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors should consult the Procedures.**

PLEASE TAKE NOTICE that the Final Hearing on the Motion shall be held on **November 15, 2018, at 10:00 a.m. (Prevailing Eastern Time)**, and any objections or responses to the Motion shall be filed and served in accordance with the Case Management Order so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on November 8, 2018**.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse non-compliance therewith.

Dated:   New York, New York          **BY ORDER OF THE COURT**
         October ___, 2018

2