UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                              :
                                                   :        Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,              :
                                                   :        Case No. 18-23538 (RDD)
                                                   :
            Debtors.[1]                            :        (Jointly Administered)
---------------------------------------------------------------x

### ORDER (I) WAIVING THE REQUIREMENT TO (A) FILE LIST OF CREDITORS (B) PREPARE AND FILE THE LIST OF EQUITY SECURITY HOLDERS AND (C) PROVIDE EQUITY SECURITY HOLDERS WITH THE NOTICE OF COMMENCEMENT, AND (II) GRANTING DEBTORS AUTHORITY TO ESTABLISH PROCEDURES FOR NOTIFYING CREDITORS OF COMMENCEMENT OF CHAPTER 11 CASES

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation ("**Sears**

**Holdings**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 342(a) and 521(a)(1)

of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007(a) and (d) and

2002(a), (d), and (f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for an order (i) waiving the requirement to (a) file a list of creditors on the Commencement Date, as set forth in section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and General Orders M-133, M-137, and M-138 (the "**Standing Orders**") of the   United States Bankruptcy Court for the Southern District of New York (collectively, the "**Notice Rules**"); (b) prepare and file the list of equity security holders, as set forth in Bankruptcy Rule 1007(a)(3); (c) provide equity security holders with a copy of the notice announcing the commencement of these chapter 11 cases and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**Notice of Commencement**") as set forth in Bankruptcy Rule 2002(d); and (ii) authorizing the Debtors to implement certain procedures (the "**Procedures**") for providing the Notice of Commencement to creditors, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on October 15, 2018 (the "**Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein is in

the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted to the extent set forth herein.

2.      The requirements under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and the Standing Orders that the Debtors file the List of Creditors with this Court are waived.

3.      The requirement under section Bankruptcy Rule 1007(a)(3) that the Debtors file the Equity List within 14 days of the Commencement Date is waived.

4.      The requirement under Bankruptcy Rule 2002(d) that the Debtors give notice of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**Notice of Commencement**") to all equity security holders is waived.

5.      As soon as practicable after entry of an order authorizing the engagement of a claims and noticing agent in these cases (the "**Claims and Noticing Agent**"), the Debtors shall furnish to the Claims and Noticing Agent a consolidated list containing the names and last known addresses of the Debtors' creditors (the "**List of Creditors**").

6.      The Notice of Commencement substantially in the form attached hereto as Exhibit 1 is hereby approved. And Prime Clerk LLC, as the Debtors' proposed claims and noticing agent, shall promptly provide such notice in addition to all other mailings directed by the Bankruptcy Court, the United States Trustee for Region 2, or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f).

7.      On or before the date that is 21 days prior to the date on which the meeting of creditors is to be held, the Debtors, with the assistance of the Claims and Noticing Agent, shall mail the Notice of Commencement to all creditors on the Debtors' List of Creditors.

8.      Pursuant to Bankruptcy Rule 2002(l), the Debtors, with the assistance of the Claims and Noticing Agent, shall cause the Notice of Commencement to be published (i) once in the national edition of *The New York Times* and (ii) on the website to be established by the Claims and Noticing Agent and the Debtors' website.

9.      The form and manner of notice as provided herein are reasonably calculated to inform interested parties of these chapter 11 cases and are hereby approved.

10.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: October 16, 2018
       White Plains, New York

                                /s/ Robert D. Drain
                                THE HONORABLE ROBERT D. DRAIN
                                UNITED STATES BANKRUPTCY JUDGE