**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                          :
                                                               :     Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,                      :
                                                               :     Case No. 18-23538 (RDD)
                                                               :
                    Debtors.[1]                                :     (Jointly Administered)
------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 105(a), 28 U.S.C. § 156(c),**
**AND LOCAL RULE 5075-1 APPOINTING PRIME CLERK LLC**
**AS CLAIMS AND NOTICING AGENT FOR THE DEBTORS**

Upon the application (the "**Application**")[2] of Sears Holdings Corporation ("**Sears Holdings**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to 28 U.S.C. § 156(c), section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 5075-1 of the Local Bankruptcy Rules for the Southern District of New York, for entry of an order appointing Prime Clerk LLC ("**Prime Clerk**") as claims and noticing agent (the "**Claims and Noticing Agent**") in the Debtors' chapter 11 cases, in accordance with the terms and conditions of that certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

Engagement Agreement dated October 7, 2018, by and between Sears Holdings and Prime Clerk (the "**Engagement Agreement**"), all as more fully set forth in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Application on October 15, 2018 (the "**Hearing**"); and upon the Riecker Declaration of October 15, 2018 filed contemporaneously with the Application, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Application is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

          **IT IS HEREBY ORDERED THAT:**

          1.      The Application is granted to the extent set forth herein.

          2.      The Debtors are authorized to appoint Prime Clerk as Claims and Noticing Agent effective *nunc pro tunc* to the Commencement Date under the terms of the Engagement Agreement annexed hereto as **Exhibit 1**, as set forth herein, and Prime Clerk is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer

the proofs of claim filed in these chapter 11 cases, and all related tasks, all as described in the Application.

3. Notwithstanding the terms of the Engagement Agreement, the Application is approved solely to the extent set forth in this Order.

4. Prime Clerk shall serve as the custodian of Court records, shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases, and is authorized and directed to maintain official Claims Registers for each of the Debtors, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. Prime Clerk is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

6. Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application.

7. Prime Clerk shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any other party in interest who specifically requests service of the monthly invoices.

8. The Debtors are authorized to compensate Prime Clerk in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Prime Clerk and the rates charged therefor and to reimburse Prime Clerk for all reasonable and necessary expenses it may incur, upon the presentation of

appropriate documentation, without the need for Prime Clerk to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices, *provided* that the parties may seek resolution of the matter from the Court if such efforts prove unsuccessful.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Prime Clerk under this Order shall be an administrative expense of the Debtors' estates.

11. Prime Clerk may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and, thereafter, Prime Clerk may hold its advance during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

12. The Debtors shall indemnify Prime Clerk under the terms of the Engagement Agreement, as modified pursuant to this Order.

13. All requests by Prime Clerk for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, *provided* that in no event shall Prime Clerk be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

14. In the event Prime Clerk seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to

the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Prime Clerk's own applications, both interim and final, but determined by this Court after notice and a hearing.

15. In the event Prime Clerk is unable to provide the services set out in this Order, Prime Clerk immediately shall notify the Clerk and counsel for the Debtors and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and counsel for the Debtors.

16. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Prime Clerk that is not specifically authorized by this Order.

17. The Debtors and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

18. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

19. Prime Clerk shall not cease providing claims processing services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court.

20. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, the Order shall govern.

21.    Notwithstanding any term in the Engagement Agreement to the contrary, this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: October 16, 2018
      New York, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE