**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                       :
                                                            :    Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :
                                                            :    Case No. 18-23538 (RDD)
                                                            :
                                        Debtors.[1]         :    (Jointly Administered)
---------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING DEBTORS TO (I) PAY PREPETITION CLAIMS OF (A) SHIPPERS, WAREHOUSEMEN, AND OTHER NON-MERCHANDISE LIEN CLAIMANTS AND (B) HOLDERS OF PACA/PASA CLAIMS, AND (II) CONFIRM ADMINISTRATIVE EXPENSE PRIORITY FOR PREPETITION ORDERS DELIVERED TO THE DEBTORS POSTPETITION, AND SATISFY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, and 503 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of interim and final orders (i) authorizing but not directing them to pay (a) Shipping and Warehousing Charges, (b) Non-Merchandise Lien Claims, and (c) PACA/PASA Claims, and (ii) granting administrative priority status to all

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

undisputed obligations of the Debtors owing to third party vendors and suppliers arising from the postpetition delivery of goods ordered prior to the Commencement Date and authorizing the Debtors to pay such obligations in the ordinary course of business, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the interim relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided with respect to the interim relief granted herein; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis on October 15, 2018 (the "**Interim Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, and the record of the Interim Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, provides a net benefit to the Debtors and their estates after taking into account the Bankruptcy Code's priority scheme, and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, to pay the prepetition Lien Claims; *provided that*, the Debtors are authorized, but not directed, to pay only amounts due and payable as of the Commencement Date and amounts that are or become due and payable between the Commencement Date and the date that a final order on the Motion is entered, unless otherwise ordered by the Court.

3. The Debtors, in their sole discretion, shall undertake appropriate efforts to cause the Lien Claimants to acknowledge in writing that payment of their respective Lien Claims is conditioned upon such Lien Claimant continuing to supply services to the Debtors on terms that, at a minimum, such Lien Claimant provided to the Debtors on a historical basis prior to the Commencement Date, or such other trade practices and programs that are at least as favorable to the Debtors as those in effect during such time, and the Debtors reserve the right to negotiate new trade terms with any Lien Claimant as a condition to payment of any such claim.

4. The Debtors may condition, in their sole discretion, payment of Lien Claims on the agreement of such Lien Claimants to continue supplying goods and services to the Debtors on the same trade terms given to them prior to the Commencement Date or upon new trade terms (to the extent agreed to by the Debtors and the applicable Lien Claimant, the "**Agreed Terms**").

5. To the extent a Lien Claimant fails to comply with the Agreed Terms, the Debtors may, in their sole discretion, (i) cause (a) any payment made to such Lien Claimant on account of its asserted lien claim to be deemed to have been in payment of then outstanding postpetition obligations owed to the Lien Claimant and (b) the Lien Claimant shall be required to immediately repay to the Debtors any payment made to it on account of its asserted lien claim to the extent the aggregate amount of such payments exceeds the postpetition obligations then

outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise.

6. Neither the Debtors nor any other party in interest concedes that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Interim Order are valid, and the Debtors expressly reserve the right to contest the extent, validity or perfection or seek the avoidance of all such liens.

7. The Debtors are hereby directed to pay PACA/PASA Claims in the ordinary course of business consistent with the parties' customary practices in effect prior to the Commencement Date.

8. All undisputed obligations of the Debtors arising from the postpetition delivery or shipment by of goods under the Prepetition Orders are granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code, and the Debtors are authorized, but not directed, to pay such obligations in the ordinary course of business consistent with the parties' customary practices in effect prior to the Commencement Date.

9. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

10. Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable:  (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities

(collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

11. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Interim Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

12. Nothing contained in the Motion or this Interim Order nor any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

13. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

15. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

16. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

5

17. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided that*, the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

18. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

19. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

20. The Final Hearing on the Motion shall be held on **November 15, 2018, at 10:00 a.m. (Prevailing Eastern Time)** and any objections or responses to the Motion shall be in filed and served in accordance with the Case Management Order so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on November 8, 2018**.

Dated:  October 16, 2018
       White Plains, New York

/s/ Robert D. Drain_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE