**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :
                                                                  :     **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                          :
                                                                  :     **Case No. 18-23538 (RDD)**
                                                                  :
         Debtors.[1]                                              :     **(Jointly Administered)**
------------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING**
**DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES**

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), 507(a), and 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (i) authorizing but not directing the Debtors to remit and pay certain taxes, assessments, fees, and other charges in the ordinary course of business (without regard to whether such obligations accrued or arose before or after

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

the Commencement Date), including any such taxes, assessments, fees, and other charges subsequently determined, upon audit or otherwise, to be owed (collectively, the "**Taxes and Fees**"); and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the interim relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided with respect to the interim relief granted herein; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis on October 15, 2018 (the "**Interim Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, and the record of the Interim Hearing; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, provides a net benefit to the Debtors and their estates after taking into account the Bankruptcy Code's priority scheme, and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY ORDERED THAT**:

        1.      The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, in the ordinary course of business as such obligations become due, to pay the Taxes and Fees (without regard to whether such Taxes and Fees accrued or arose before or after the Commencement Date), including all of those Taxes and Fees subsequently determined, upon audit or otherwise, to be owed; *provided that*, the Debtors are authorized, but not directed, to pay only amounts due and payable as of the Commencement Date and amounts that are or become due and payable between the Commencement Date and the date that a final order on the Motion is entered, unless otherwise ordered by the Court.

3. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

4. Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

5. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Interim Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

WEIL:\96759210\1\73217.0003

6. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

7. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

9. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

10. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

11. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided that*, the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

12. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

WEIL:\96759210\1\73217.0003

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

14. The Final Hearing on the Motion shall be held on **November 15, 2018, at 10:00 a.m. (Prevailing Eastern Time)** and any objections or responses to the Motion shall be in filed and served in accordance with the Case Management Order so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on November 8, 2018**.

Dated: October 16, 2018
      White Plains, New York

                              /s/ Robert D. Drain
                              THE HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

WEIL:\96759210\1\73217.0003