**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :
                                                                  :   **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                         :
                                                                  :   **Case No. 18-23538 (RDD)**
                                                                  :
        Debtors.[1]                                               :   **(Joint Administered)**
------------------------------------------------------------------x

**ORDER AUTHORIZING DEBTORS TO (I) MAINTAIN AND
ADMINISTER PREPETITION CUSTOMER PROGRAMS, PROMOTIONS, AND
PRACTICES, AND (II) PAY AND HONOR RELATED PREPETITION OBLIGATIONS**

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation, and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), and 507(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors, in the ordinary course of business and consistent with past practice, to: (i) maintain and administer their customer programs, promotions, and practices, and (ii) pay and otherwise honor their obligations to customers relating thereto, whether arising prior to or after the Commencement Date, as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home Improvement Products, Inc. (8591); Sears Protection Company (1250); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); KCD IP, LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); and SRC Real Estate (TX), LLC (None). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

necessary and appropriate in the Debtors' business judgment, and granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the interim relief requested in the Motion having been given as provided in the Motion, such notice having been adequate and appropriate under the circumstances and it appearing that no other or further notice need be provided of the relief granted herein; and the Court having held a hearing on October 15, 2018 to consider the relief requested in the Motion (the "**Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, and the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, provides a net benefit to the Debtors and their estates after taking into account the Bankruptcy Code's priority scheme, and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, to maintain and administer the Customer Programs and honor any related prepetition obligations in the ordinary course of

business and consistent with past practice, as necessary and appropriate in the Debtors' business judgment.

3. The Debtors are authorized, but not directed, to honor, perform under and otherwise satisfy all of their obligations in connection with the Citibank Credit Card Program, whether arising prepetition or postpetition, including, without limitation, permitting and effecting any rights of setoff or recoupment thereunder, maintaining, extending, renewing, replacing, or amending the letter of credit issued in connection therewith in the ordinary course, and turning over to Citibank any in-store payments made on credit cards issued under the Citibank Credit Card Program, and, notwithstanding the commencement of the chapter 11 cases, Citibank shall be permitted to act under and in accordance with the Citibank Credit Card Program Agreement, including, without limitation, with respect to setoff, recoupment and the application of the letter of credit or other collateral

4. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

5. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

6. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

7. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

8. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: October 17, 2018
      White Plains, New York

                          /s/ Robert D. Drain
                          THE HONORABLE ROBERT D. DRAIN
                          UNITED STATES BANKRUPTCY JUDGE