**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                    :
                                                         :     **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*                :
                                                         :     **Case No. 18-23538 (RDD)**
                                                         :
                 Debtors.[1]                             :     **(Jointly Administered)**
------------------------------------------------------------x

## ORDER IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(c), 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 5005-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") for an order (i) approving and implementing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

the notice, case management, and administrative procedures therein (collectively the "**Case Management Procedures**"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on October 15, 2018 (the "**Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted to the extent set forth herein.

2. The Case Management Procedures set forth herein are approved and shall govern all aspects of these chapter 11 cases, except as otherwise ordered by the Court or agreed to by mutual consent of the parties.

3. The Debtors' claims and noticing agent (the "**Claims and Noticing Agent**") is authorized, but not directed, to establish a case website (the "**Case Website**"), where,

among other things, the Case Management Procedures, and also key dates and information about these chapter 11 cases, will be posted.

### Filing of Documents

4.      All documents filed in these cases, including but not limited to all notices, motions, applications, other requests for relief, and documents and exhibits filed in support thereof (collectively, the "**Pleadings**"), objections or responses to Pleadings ("**Objections**"), and replies to Objections (the "**Replies**," and together with the Pleadings and the Objections, the "**Documents**") shall be filed electronically with the Court on the docket of *In re Sears Holdings Corporation, et al.*, Ch. 11 Case No. 18-26538 (RDD) (the "**Docket**"), pursuant to Local Rule 5005-2, by users of the Court's electronic filing system in searchable portable document format ("**PDF**").

### Parties Entitled to Service of Documents

5.      All Documents shall be served, in the manner described herein, on the following parties (collectively, the "**Standard Parties**"):

i.  the Chambers of the Honorable Judge Robert D. Drain ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601;

ii. the Debtors, c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates IL 60179 (Attn: Stephen Sitley Esq., and Luke J. Valentino, Esq.);

iii. Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq., and Sunny Singh, Esq.), proposed attorneys for the Debtors;

iv. the Office of the United States Trustee for Region 2 (the "**U.S. Trustee**"), 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq.);

  v. Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.), attorneys for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent;

  vi. Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY, 10017 (Attn: Marshall S. Huebner, Esq. and Eli J. Vonnegut, Esq.), attorneys for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility;

  vii. Cleary, Gottlieb, One Liberty Plaza, New York, NY, 10006 (Attn: Sean A. O'Neal, Esq.), attorneys for JPP, LLC, as agent under the Second Lien Credit Facility, IP/Ground Lease Term Loan Facility, and the Consolidated Secured Loan Facility;

  viii. Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (Attn: Eric R. Wilson, Esq., Benjamin D. Feder, Esq., and T. Charlie Liu, Esq.), attorneys for Computershare Trust Company, N.A., as trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes;

  ix. Wilmington Trust, National Association, Corporate Capital Markets, 50 South Sixth Street, Suite 1290, Minneapolis, MN 55402 (Attn: Sears Holdings Corp. Administrator), as indenture trustee for the Second Lien Notes;

  x. Carter Ledyard & Milburn LLP, 2 Wall Street, New York, NY 10015 (Attn: James Gadsden, Esq.), attorneys for The Bank of New York Mellon Trust Company, as successor trustee for the SRAC Unsecured PIK Notes, SRAC Unsecured Notes, and the SRAC Medium Term Notes;

  xi. Locke Lord LLP, 111 South Wacker Drive, Chicago, IL 60606 (Attn: Brian A. Raynor, Esq.), attorneys for the Pension Benefit Guaranty Corporation;

  xii. the attorneys for any official committee(s) that may be appointed in these chapter 11 cases (an "**Official Committee**"); and

  xiii. any person or entity with a particularized interest in the subject matter of the relevant Document (a "**Particularized Notice Party**").

  6. In addition to the Standard Parties, Pleadings, but no other Document, must be served on all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Case Management Procedures (the "**Rule**

4

**2002 Parties**"). Documents filed in adversary proceedings do not need to be served on the Rule 2002 Parties.

7. The Claims and Noticing Agent shall maintain a master service list (the "**Master Service List**"), which shall include the Standard Parties and the Rule 2002 Parties. The Master Service List shall contain addresses and e-mail addresses. The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days. The Claims and Noticing Agent shall provide a copy of the most up-to-date version of the Master Service List to any party in interest requesting a copy of the same and a copy of the Master Service List shall be posted on the Case Website commencing as of the date that is ten (10) days from the date hereof.

8. The proceedings with respect to which notice is limited to the Master Service List (including any person or entity with a particularized interest in the subject matter of the Document) shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notices of (a) a meeting of creditors pursuant to section 341 of the Bankruptcy Code, (b) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (c) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and a chapter 11 plan; and (ii) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, which notices would be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

### Method of Service of Documents

9. Parties shall serve the Master Service List by U.S. mail, overnight delivery, hand delivery, or e-mail in accordance with the Bankruptcy Code, the Bankruptcy

Rules, and the Local Rules; provided that if a party entitled to notice of a Pleading does not have an e-mail address or an e-mail address is not available, the party shall be served by U.S. mail, overnight delivery, facsimile (if agreed by such party), or hand delivery, the choice of the foregoing being in the sole discretion of the serving party in accordance with the Case Management Procedures; and (iii) any other party may agree to accept service by e-mail. Notwithstanding the foregoing, parties may not serve Chambers by e-mail and, pursuant to Local Rule 9070-1, a hard copy of all papers filed with the Court, including those filed electronically, other than proofs of claim, shall be submitted to the U.S. Trustee.

10. If service is authorized and completed by e-mail, paper copies of the Documents shall not be required to be served on interested parties by any other method and e-mail service shall satisfy the Court's rules for service.

11. Service by e-mail shall be effective as of the date the Document is sent to the e-mail address provided by a party.

12. All Documents served by e-mail shall include the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in "**.pdf**" format, readable by Adobe Acrobat or an equivalent program, and the subject line shall contain the chapter 11 case name and number. The relevant Document shall either be attached to the e-mail in a format specified above or the e-mail shall contain a link to such filing in such format. Notwithstanding the foregoing, if a Document cannot be attached to an e-mail (because of its size, technical difficulties, or otherwise), the party serving the Document may, in its sole discretion (i) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials or (ii) e-mail the party being served and include a notation that the Document

6

cannot be attached and will be (a) mailed if requested or (b) posted on any website maintained in connection with these chapter 11 cases.

13. All Rule 2002 Parties must provide an e-mail for service to the Claims and Noticing Agent. The Rule 2002 Parties shall be deemed to have consented to service by e-mail, and such parties shall thereby be served in accordance with the Case Management Procedures.

14. Pursuant to Local Rule 9070-1, a hard copy of all papers filed with the Court, including those filed electronically, other than proofs of claim, shall be submitted to the U.S. Trustee.

15. Within five (5) business days of the completion of noticing any particular matter, the party seeking relief shall file with the Court either an affidavit of service or a certification of service attaching the list of parties that received notice.

### Requesting Notice

16. Any creditor, equity interest holder, or party in interest that wishes to receive notice in these cases and is not otherwise entitled to notice pursuant to these Case Management Procedures shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) (a "**Notice of Appearance**").

17. A Notice of Appearance shall include the following information: (i) the party's name and address; (ii) the name of the client, if applicable; (iii) an e-mail address at which the requesting party may be served; and (iv) an address by which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery. Notwithstanding Bankruptcy Rules 2002 and 9019(b), no request for service filed in these cases shall have any effect unless the foregoing requirements are satisfied.

18. Any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same. Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, or facsimile, in the sole discretion of the serving party in accordance with the Case Management Procedures.

### Scheduling of Hearings

19. The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("**Omnibus Hearings**") at which Pleadings and other requests for relief shall be heard. Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website. The Court shall schedule additional Omnibus Hearings on request of the Debtors, and, upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearing on the Case Website. Entities may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

20. Pre-trial conferences for adversary proceedings shall be scheduled on Omnibus Hearing dates; provided that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on a date that is at least thirty (30) days after the filing of the complaint.

21. Pleadings filed in, and trials related to, adversary proceedings shall be scheduled upon request of a party to the adversary proceeding and approval of the Court. Parties in adversary proceedings shall comply with the procedures set forth on the Chambers' website (www.nysb.uscourts.gov/content/judge-robert-d-drain) (the "**Chambers Website**"), including that such parties should be prepared at the first pretrial conference to submit a joint pretrial scheduling order that includes a discovery cutoff date. Parties should use the standard form of

pretrial scheduling order set forth on Chambers Website. After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court. If a briefing schedule cannot be agreed upon, the parties to the adversary proceeding shall appear at the next scheduled pre-trial conference or some other date set by the Court. Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference. A request for such conference should be made by letter, filed electronically on the Court's website, http://ecf.nysb.uscourts.gov, setting forth the issues to be presented in the summary judgment motion, with a copy e-mailed to Chambers.

22. Hearings on Pleadings (other than Pleadings filed in adversary proceedings, which shall comply with paragraph 21 above) must be scheduled for an Omnibus Hearing except as permitted under the Expedited Relief Procedures (as defined below). Notwithstanding the foregoing, hearings on Pleadings may thereafter be rescheduled by the parties for a date other than an Omnibus Hearing date through coordination with the Court and the filing and service of a notice of such adjournment on the docket.

23. If a Document is filed that purports to set a hearing date inconsistent with the Case Management Procedures, the hearing shall be scheduled, without the necessity of Court order, for the first applicable Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended.

24. If a movant or applicant determines that a motion or application requires emergency or expedited relief, the movant or applicant shall telephonically contact the adverse party's attorneys (if applicable) requesting that the motion or application be considered on an expedited basis (the "**Expedited Relief Procedures**"). To the extent applicable, if such adverse

party disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by telephone and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court and the parties to discuss the disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, request an expedited hearing. The parties shall otherwise comply with the procedures set forth on the Chambers Website.

25. If a motion to extend the time to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

### **Filing Deadlines**

26. Except as provided with respect to Pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b), Pleadings filed in adversary proceedings, or the Presentment Procedures (as defined below), Pleadings shall not be considered unless filed, noticed, and served in accordance with the Case Management Procedures at least fourteen (14) calendar days before the applicable hearing date; <u>provided</u> that if a Particularized Notice Party is served (i) by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days before the next applicable hearing, or (ii) if by overnight delivery, the Pleading must be filed and served at least fifteen (15) calendar days before the next applicable hearing; <u>provided further</u> that subject to the Expedited Relief Procedures, nothing in the Case Management Procedures shall prejudice

the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c).

27. If a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)-(b), the relevant hearing shall be set after the passage of the time period set forth in such rule; provided that pursuant to Bankruptcy Rule 9006(f), if service is by overnight delivery or U.S. mail, one (1) or three (3) calendar days, respectively, shall be added to the time period set forth in Bankruptcy Rule 2002(a) or (b).

28. Notwithstanding anything contained herein, a party may settle or present a proposed order for approval by the Court as provided by Local Rule 9074-1; provided that the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar administrative or standard order, must be filed and served at least seven (7) calendar days before the presentment date and Objections thereto must be filed and served at least one (1) calendar day before presentment date (the "**Presentment Procedures**"), and the presenting party shall comply with the procedures on the Chambers Website, including that after the applicable objection period has passed, if no timely objection has been filed, the underlying motion, the certificate of service, and an electronic version of the proposed order in Word or WordPerfect format should be emailed to Chambers. The cover note must contain a representation that (i) the movant sought relief by notice of presentment and (ii) the objection period has passed and no objections were filed.

29. The deadline to file an Objection to any Pleading, including any joinder to an Objection, or any statement in respect of a Pleading (the "**Objection Deadline**") shall be (i) 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days before the applicable hearing date or (ii) any date and time otherwise ordered by the Court; provided that if

11

a Pleading is filed in advance of the deadline for the filing of a Pleading as described above (the "**Filing Deadline**"), then the Objection Deadline for such Pleading may be set for a date that is more than seven (7) calendar days before the applicable hearing date, such date being equal to seven (7) calendar days plus the number of calendar days such Pleading was filed in advance of the Filing Deadline; <u>provided further</u> that notwithstanding anything to the contrary herein, the Debtors, any Official Committee, and the U.S. Trustee, but no other party, are authorized to file statements in support of Pleadings by the Reply Deadline (defined below). The Objection Deadline may be extended with the consent of the movant or applicant. An Objection will not be considered timely unless filed with the Court and received by the Standard Parties in accordance with the manner of service prescribed herein on or before the applicable Objection Deadline. All parties filing an Objection (i) shall include their telephone and e-mail address (if available) in the signature block on the last page of the Objection and (ii) are required to attend the hearing, and failure to appear may result in the relief being granted or denied upon default.

30. Unless otherwise ordered by the Court, Replies, if any, shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (Prevailing Eastern Time) on the day that is at least two (2) business days prior to the date of the applicable hearing (the "**Reply Deadline**").

31. Sur-replies shall be not permitted or considered unless authorized by the Court.

**Motions for Relief from the Automatic Stay and/or to
Compel Assumption or Rejection of an Executory Contract**

32. Notwithstanding anything contained herein, motions for relief from the automatic stay ("**Stay Relief Motions**") in accordance with section 362 of the Bankruptcy Code

and/or to compel assumption or rejection of an executory contract shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) days after the motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be 4:00 p.m. (Prevailing Eastern Time) on the date that this seven (7) calendar days prior to the applicable hearing.

33. Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

### Hearing Procedures

34. The initial hearing on all Pleadings will be a non-evidentiary hearing, unless: (i) the motion is of a type specified in Local Rule 9014-2(b), (c), (d), or (e) or (ii) the Court otherwise directs in advance of the hearing. If, upon or after the filing of a motion, any party seeks an evidentiary hearing on a motion not covered under Local Rule 9014-2, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate. In the absence of an agreement, the Court will consider requests for an evidentiary hearing. Notwithstanding Local Rule 9014-2, the Court may, upon advance request and for cause shown, order that the initial hearing on a motion of the type specified in Local Rule 9014-2(c), (d), or (e) will be a non-evidentiary hearing. Generally, interests of judicial economy and the absence of disputed material issues of fact will collectively

13

suggest that a non-evidentiary hearing is appropriate on motions subject to Local Rule 9014-2(c), (d) or (e).

35. Concurrently with any determination that an evidentiary hearing is necessary or desirable, Chambers must be notified with an estimate of expected trial time; parties may be informed that a different return date is necessary if the available time on the requested day is insufficient. Any motion noticed as an evidentiary hearing must prominently state, just below the return date in the upper right-hand corner, "Evidentiary Hearing Requested."

36. A request for relief in a Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline, the attorney for the entity who has filed the Pleading (i) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Case Management Procedures (the "**Certificate of No Objection**"); (ii) serves the Certificate of No Objection via e-mail upon the attorneys for the Debtors and any Official Committee prior to submission thereof to the Court; and (iii) delivers by e-mail to rdd.Chambers@nysb.uscourts.gov the proposed order (in Word or WordPerfect format only), the Certificate of No Objection, the underlying request for relief (with all exhibits), and the certificate of service in accordance with the procedures on the Chambers Website. Upon receipt of the foregoing, the Court may grant the relief requested in the Pleading without further submission, hearing, or request. If the Court does not grant the relief, the Pleading will be heard at the next Omnibus Hearing; provided that if the Court does not grant the relief requested in a Pleading without a hearing, such action shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

37. In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

**Form of Documents**

38. A "**Notice of Hearing**" shall be affixed to all Pleadings and shall include the following: (i) the title of the Pleading; (ii) the parties upon whom any Objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline; (iv) the date of the Omnibus Hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Case Management Procedures.

39. The applicable Objection Deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading and each Objection thereto.

40. Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or

15

commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in these cases.

### Discovery and Evidence

41. Expedited discovery in contested matters in these chapter 11 cases is authorized without further Court order. This authorization is without prejudice to the rights of any party or witness to seek protective order relief if the time to respond or appear, or the burden of the requested discovery, is unreasonable or for other cause shown. Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation. Document requests by letter, facsimile (if available), or e-mail (if available) are authorized.

42. Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers. Such calls will not be scheduled unless and until the parties have tried and failed to resolve the disputed matters themselves. Parties requesting a conference call shall do so by an emailed written request to Chambers with a brief description of the underlying dispute. Unless otherwise ordered by the Court, no motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

43. Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in these chapter 11 cases, other than duly designated deposition testimony and testimony by witnesses not under the party's reasonable control, must be submitted by affidavit, and all cross-examination and subsequent examination will be taken live. Unless otherwise ordered by the Court, all affidavits and any designated

testimony must be submitted to the adversary and the Court no later than three (3) full business days before the hearing.

44. Parties may, if they are so advised, introduce the testimony of witnesses who reasonably can be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct." The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court generally will regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis. In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (*e.g.*, subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses. The parties shall also meet and confer to agree on the admissibility of as many proposed exhibits as possible and shall submit a joint exhibit book to Chambers no later than three (3) business days before the hearing.

## Miscellaneous

45. By approximately 12:00 p.m. (Prevailing Eastern Time) on the day before a scheduled hearing, the Debtors shall file with the Court a letter (the "**Agenda Letter**") setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by e-mail or facsimile on: (i) Chambers; (ii) the U.S. Trustee; (iii) the attorneys for any Official Committee; and (iv) any parties filing Documents to be heard at the hearing; provided that an Agenda Letter shall not be required where the Debtors have less than forty-eight (48) hours' notice of a hearing.

46. Matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

47. If a party desires to participate in a hearing by telephone, such party may do so by registering with CourtSolutions at www.Court-Solutions.com. Parties who wish to participate in a hearing telephonically on a "live" line must submit a dial-in request to CourtSolutions at www.Court-Solutions.com. If the request is approved, the party will then receive an email from CourtSolutions with dial-in information. The party participating telephonically must adhere to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to these chapter 11 cases, and supply the dial-in details to the Debtors' attorneys.

48. Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1. If, after review of the motion, the Court determines that it requires a response, and/or a hearing, it will notify the parties accordingly.

49. Any party in interest may seek to amend the Case Management Procedures from time to time throughout these chapter 11 cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

50. Within three (3) business days of entry of this Order, the Claims and Noticing Agent shall serve a printed copy of this Order upon all parties on the Master Service List and post a copy of this Order on the Case Website.

51. To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules for the United States Bankruptcy

Court for the Southern District of New York, the Case Management Procedures shall govern these chapter 11 cases.

52. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: October 17, 2018
      White Plains, New York

                                      /s/ Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN