**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                     :
                                                          :   **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                 :
                                                          :   **Case No. 18-23538 (RDD)**
                                                          :
              Debtors.[1]                                 :   **(Joint Administration Requested)**
------------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTORS TO FILE
### REDACTED FEE LETTER RELATED TO THE DIP ABL FACILITY

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 107(b) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to file a redacted version of the Fee Letter related to the DIP ABL Facility, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the DIP Motion, as applicable.

pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the relief requested in the Motion having been given as provided in the Motion, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and, having reviewed the unredacted version of the Fee Letter and having been informed that counsel for the United States Trustee has also reviewed such unredacted version, the Court having determined that the information proposed to be redacted is confidential commercial information warranting protection from public disclosure under section 107(b)(1) of the Bankruptcy Code and that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 107(b) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to file a redacted version of the Fee Letter, attached hereto as **Exhibit A**, with the amounts redacted.

3. The Fee Letter shall remain confidential and shall not be made available to anyone other than to (i) the Court and (ii) the U.S. Trustee, on a confidential basis.

4. The Debtors shall submit (a) a copy of this Order and (b) an unredacted copy of the Fee Letter to the Clerk of this Court in an envelope, clearly indicating that the same

has been filed with redactions by order of the Court and may not be unredacted until and unless permitted by further order of the Court.

5. The Clerk of the Court shall treat the Fee Letter as confidential, and counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the Fee Letter as soon as practicable following the effective date of any chapter 11 plan in this case or any successor cases.

6. If the Fee Letter is attached or referred to in any future pleadings or document filed with the Court relating this chapter 11 case, this Order shall apply to such pleading or document.

7. Service of the Motion, as set forth therein, is hereby deemed proper, timely, and due and sufficient notice of the Motion under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion is required.

8. Nothing in this Order prejudices the rights of any party in interest, including the U.S. Trustee, to seek on appropriate motion, the unredaction of the Fee Letter or any part thereof.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: October 18, 2018
      White Plains, New York

                                      /s/ Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE