**Exhibit A**

**Redacted Fee Letter**

| | | |
|---|---|---|
| **BANK OF AMERICA, N.A. MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED** One Bryant Park New York, NY 10036 | **CITIGROUP GLOBAL MARKETS INC.** 388 Greenwich Street New York, NY 10013 | **WELLS FARGO BANK, NATIONAL ASSOCIATION** One Boston Place, 19th Floor Boston, MA 02108 |

October 15, 2018

**SEARS HOLDINGS CORPORATION**

3333 Beverly Road,
Hoffman Estates, Illinois 60179

**SEARS ROEBUCK ACCEPTANCE CORP.**

3333 Beverly Road,
Hoffman Estates, Illinois 60179

**KMART CORPORATION**

3333 Beverly Road,
Hoffman Estates, Illinois 60179

Senior Secured Superpriority Priming Debtor-In-Possession
Asset-Based Credit Facility
Fee Letter

Ladies and Gentlemen:

This letter (the "*Fee Letter*") is delivered to Sears Roebuck Acceptance Corp., a Delaware corporation ("*SRAC*"), Kmart Corporation, a Michigan corporation ("*Kmart*", and together with SRAC, the "*Borrowers*" and each, a "*Borrower*") and Sears Holdings Corporation, a Delaware corporation ("*Holdings*", and together with the Borrowers, "*you*"), in connection with that certain $1.83 Billion Senior Secured Superpriority Priming Debtor-In-Possession Asset-Based Credit Facility Summary of Proposed Terms and Conditions, dated as of the date hereof (as amended, restated, supplemented or otherwise modified from time to time, the "*Term Sheet*") among you, Bank of America, N.A. ("*Bank of America*"), Merrill Lynch, Pierce, Fenner & Smith Incorporated (together with any of its designated affiliates, "*MLPFS*" and, together with Bank of America, "*BAML*"), Citigroup Global Markets Inc. ("*CGMI*"), on behalf of Citi (as defined below), and Wells Fargo Bank, National Association ("*Wells Fargo Bank*" and, together with BAML and Citi, "*we*" and "*us*"), regarding the structuring and arrangement of the DIP Facility described therein. Unless otherwise defined herein, capitalized terms shall have the same meanings as specified therefor in the Term Sheet. "*Citi*" means CGMI, Citibank, N.A., Citicorp North America, Inc. and/or any of their affiliates as may be appropriate to consummate the transactions contemplated hereby.

In connection with, and in consideration of the agreements contained in, the Term Sheet, you agree with us as follows:

1. **STRUCTURING FEE**. You will pay to each of MLPFS, CGMI, and Wells Fargo Bank, each for its own account, a fee (the "*DIP Structuring Fee*") in an amount equal to $[REDACTED]

each. Such DIP Structuring Fee shall be earned upon your acceptance of this letter, and shall be due and payable upon entry of the Interim Order. Each of MLPFS, CGMI, and Wells Fargo Bank may share its DIP Structuring Fee in its sole discretion in connection with the syndication of the New Money Loans.

2.   **DIP UNDERWRITING FEE**. You will pay to Bank of America, for the account of each Lender (including Bank of America), a fee (the "*DIP Underwriting Fee*"), in an amount equal to 0.50% of such Lender's Incremental DIP Revolving Commitments and Incremental DIP Term Loans under the DIP Facility upon entry of the Final Order. Such DIP Underwriting Fee shall be due and payable upon entry of the Final Order.

3.   **DIP Administrative Agent Fee**. You will pay to Bank of America, for its own account, a fee (the "*DIP Administrative Agent Fee*") in an amount equal to $[REDACTED]. $[REDACTED] of the DIP Administrative Agent Fee shall be due and payable upon entry of the Interim Order, and $[REDACTED] of the DIP Administrative Agent Fee shall be due and payable upon entry of the Final Order.

Holdings and each Borrower represents, warrants and covenants that no proceeds of any borrowing, whether under the Prepetition ABL Credit Agreement, or from any New Money Loans, shall be used to pay any portion of the DIP Structuring Fee or the DIP Underwriting Fee.

All of the fees described above in this letter agreement shall be fully earned upon becoming due and payable in accordance with the terms hereof, shall be nonrefundable for any reason whatsoever and shall be in addition to any other fees, costs and expenses payable pursuant to the Term Sheet, the Interim Order, the Final Order, or the definitive documentation for the DIP Facility. All the fees described above in this letter agreement constitute compensation for services rendered and do not constitute interest or a charge for the use of money. Each of MLPFS, Bank of America, CGMI, and Wells Fargo Bank reserves the right to allocate, in whole or in part, to any of its affiliates, certain fees payable to it hereunder in such manner as it shall agree in its sole and absolute discretion.

Your obligation to pay the foregoing fees will not be subject to counterclaim or setoff for, or be otherwise affected by, any claim or dispute you may have. In addition, all such payments of fees shall be made without deduction for any taxes, levies, imposts, duties, deductions, charges or withholdings imposed by any national, state or local taxing authority, or will be grossed up by you for such amounts.

Except as required under applicable law or compulsory legal process, Holdings and the Borrowers shall maintain as confidential the terms and conditions of this Fee Letter; <u>provided</u> that (a) Holdings and the Borrowers may disclose this Fee Letter in whole or in part to the directors, officers, employees, accountants, attorneys and professional advisors retained by Holdings and the Borrowers in connection with the establishment of the DIP Facility on a confidential basis or (b) to such other persons with the prior written consent of each of us. Notwithstanding anything to the contrary in the foregoing, you shall be permitted to file this Fee Letter with the Bankruptcy Court under seal and provide an unredacted copy of this Fee Letter to the Bankruptcy Court, the Office of the United States Trustee for the Southern District of New York and to counsel and financial advisors to any statutory committee appointed in the Chapter 11 Cases on a confidential and "professionals only" basis.

This Fee Letter shall be governed by, and construed in accordance with, the laws of the State of New York (including, without limitation, Section 5-1401 of the General Obligations Law of the State of New York), without regard to conflicts of laws principles. Holdings and the Borrowers hereby irrevocably submit to the exclusive jurisdiction of (i) any New York State court or federal court sitting in the County of New York and (ii) after the commencement of the Chapter 11 Cases, the Bankruptcy Court and any appellate court from such court, in each case, in respect of any suit, action or proceeding arising out of or

relating to the provisions of this Fee Letter and the transactions contemplated hereby and thereby, and irrevocably agrees that all claims in respect of any such suit, action or proceeding may be heard and determined in any such court. Holdings and the Borrowers hereby waive any objection that they may now or hereafter have to the laying of venue of any such suit, action or proceeding brought in any such court, and any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum. Holdings and the Borrowers agree that service of any process, summons, notice or document by registered mail addressed to Holdings and the Borrowers shall be effective service of process for any suit, action or proceeding brought in any such court. **EACH PARTY HERETO WAIVES THE RIGHT TO A JURY IN ANY TRIAL OF ANY CASE OR CONTROVERSY ARISING OUT OF OR IN RESPECT OF, ANY RELATIONSHIP AMONGST OR BETWEEN THE PARTIES HERETO.**

The provisions of this paragraph and the immediately preceding two paragraphs shall remain in full force and effect regardless of whether the Interim Order or the Final Order is entered by the Bankruptcy Court, or whether any definitive documentation for the DIP Facility shall be executed and delivered, and notwithstanding the termination of any obligations described in the Term Sheet.

The identity of Holdings and the Borrowers is of material importance to us. Consequently, this Fee Letter may not be assigned or transferred by Holdings or the Borrowers without the prior written consent of each of us, and any attempted assignment without such consent shall be void. This Fee Letter may not be amended or any provision hereof waived or modified except by an instrument in writing signed by each party hereto.

This Fee Letter may be executed in any number of counterparts, each of which, when so executed, shall be deemed to be an original and all of which, taken together, shall constitute one and the same letter. Delivery of an executed counterpart of a signature page to this Fee Letter by electronic transmission shall be as effective as delivery of an original executed counterpart of this Fee Letter.

[THE BALANCE OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

If the foregoing is in accordance with your understanding, please sign and return this letter agreement to us.

Very truly yours,

**BANK OF AMERICA, N.A.**

By: *Elizabeth A. Ratto*
Name: Elizabeth A. Ratto
Title: Managing Director

**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**

By: *Elizabeth A. Ratto*
Name: Elizabeth A. Ratto
Title: Managing Director

[DIP Facility Fee Letter]

CITIGROUP GLOBAL MARKETS INC.

By: *[signature]*
Name: David Smith
Title: Director

[DIP Facility Fee Letter]

WELLS FARGO BANK, NATIONAL ASSOCIATION

By: /s/ Keith Vercauteren
Name: Keith Vercauteren
Title: Senior Managing Director

ACCEPTED AND AGREED TO
AS OF THE DATE FIRST ABOVE WRITTEN:


**SEARS HOLDINGS CORPORATION,**
a Delaware corporation

By: _____/s/_____

Name: Robert A. Riecker

Title: Chief Financial Officer


**SEARS ROEBUCK ACCEPTANCE CORP.,**
a Delaware corporation

By: _____/s/_____

Name: Robert A. Riecker

Title: Chief Financial Officer


**KMART CORPORATION,**
a Michigan corporation

By: _____/s/_____

Name: Robert A. Riecker

Title: Chief Financial Officer