Hearing Date and Time: November 15, 2018 at 10:00 am (Eastern)
Objection Date and Time: November 8, 2018 at 4:00 pm (Eastern)

Patricia B. Fugée
FisherBroyles, LLP
27100 Oakmead Drive, #306
Perrysburg, OH 43553
Phone/Fax: (419) 874-6859
Email: patricia.fugee@fisherbroyles.com

-and-

Mark E. Wilson
FisherBroyles, LLP
203 North LaSalle Street
Suite 2100
Chicago, Illinois 60601
Phone: (312) 498-8078
Email: mark.wilson@fisherbroyles.com

Counsel to Clover Technologies Group, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF CLOVER TECHNOLOGIES GROUP, LLC
TO DEBTORS' MOTION FOR AUTHORITY TO (A) OBTAIN
POSTPETITION FINANCING, (B) USE CASH COLLATERAL, (C) GRANT
CERTAIN PROTECTIONS TO PREPETITION SECURED PARTIES, AND (D)
<u>SCHEDULE SECOND INTERIM HEARING AND FINAL HEARING</u>**

Clover Technologies Group, LLC ("Clover") hereby files its limited objection (the

"Objection") to the *Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use*

*Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule*

1

*Second Interim Hearing and Final Hearing* filed October 15, 2018 as docket no. 7 (the "DIP Motion") filed by the above-captioned debtors (the "Debtors"). In support of this Objection, Clover respectfully represents as follows:

**INTRODUCTION**

1. In the DIP Motion, the Debtors seek permission to, among other things, grant priming and other liens upon its assets, including inventory at its stores, on the basis that it is necessary for its survival.

2. However, the Motion fails to address the inventory belonging to consignor vendors like Clover and specifically, fails to provide for any protections whatsoever for such consignor vendors in connection with the proposed DIP Financing.[1] While Clover does not object to the Debtors obtaining financing in principle, it submits that any order granting the DIP Motion should exclude the inventory subject to the *Scan-Based Trading and Consignment Agreement* dated April 3, 2012 (the "Consignment Agreement") by and between Clover and Kmart Corporation ("Kmart"), and the proceeds thereof, and provide that such inventory and proceeds thereof shall not be subject to any of the liens granted therein and instead, all such inventory and proceeds must be held in trust for Clover, as a Trust Fund Counterparty in accordance with this Court's *Order Authorizing the Debtors to (I) Maintain Certain Trust Fund Programs, (II) Release Certain Funds Held in Trust, and (III) Continue to Perform and Honor Related Obligations* (the "Trust Order"), entered on October 18, 2018 (docket no. 167).

3. This relief is particularly necessitated by the Debtors' pending request in their *Motion of Debtors For Approval of (I) Procedures for Store Closing Sales and (ii) Assumption of Liquidation Consulting Agreement* dated October 15, 2018 (docket no. 23), for permission to sell

---

[1] Capitalized terms not defined herein are as defined in the DIP Motion.

2

all such inventory. Clover is simultaneously filing a limited objection to that relief, as well.

## BACKGROUND AND OBJECTION

4. Clover and Kmart are parties to the Consignment Agreement identified above, pursuant to which they entered into a scan-based trading and consignment arrangement for the supply of certain merchandise for resale to retail customers, primarily consisting of ink, color toner, mono toner, MICR, and postage products as well as all other products manufactured and/or distributed by Clover (together with the proceeds thereof, the "Merchandise").

5. Pursuant to the Consignment Agreement, Clover delivered the Merchandise to Kmart but retained title and ownership of the Merchandise until it is scanned by Kmart at the register, at which time it is purchased and then resold to the retail customer. The Consignment Agreement provides that the parties intend for it to be a "consignment" arrangement agreement under § 9-102(2) of the Uniform Commercial Code ("UCC") and that all Merchandise delivered thereunder is consigned merchandise within the meaning of the UCC.

6. In order to perfect its interest in the Merchandise, Clover filed its UCC-1 financing statement in Michigan (document number 2012099717-3, amendment document number 20170303000786-1). Clover also provided notice to the holders of existing security interests, including most recently, providing such notice in 2016 to such holders, including but not limited to, Bank of America, JPMorgan Chase Bank, and Wells Fargo Bank.

7. Accordingly, whether Clover's transactions with Kmart constitute a consignment or give rise to a purchase money security interest, Clover holds title to the Merchandise and its interests therein are senior to any liens or claims held by any other party, including but not limited to Bank of America, JPMorgan Chase Bank and Wells Fargo Bank.

8. Nonetheless, according to the DIP Motion, the Debtor intends to grant liens,

including some priming liens on the Merchandise. The Motion fails, however, to even mention, let alone address, the rights of consignment vendors like Clover.

9. In the absence of appropriate treatment as a Trust Fund Counterparty as set forth in the Trust Order, or other appropriate and adequate protection of its rights in and to the Merchandise acceptable to Clover, Clover objects to the grant of any liens upon the Merchandise subject to the Consignment Agreement.

## CONCLUSION

10. Based on the foregoing, the DIP Motion should be denied to the extent that the it grants any liens, including priming liens, upon Clover's Merchandise.

Dated: October 22, 2018

>Respectfully submitted,
>
>*/s/ Patricia B. Fugée*
>Patricia B. Fugée
>FisherBroyles, LLP
>27100 Oakmead Drive, #306
>Perrysburg, OH  43553
>Telephone: (419) 874-6859
>Email: patricia.fugee@fisherbroyles.com

- And –

>*/s/ Mark E. Wilson*
>Mark E. Wilson
>FISHERBROYLES, LLP
>203 North LaSalle Street
>Suite 2100
>Chicago, Illinois 60601
>Telephone: (312) 498-8078
>Email: mark.wilson@fisherbroyles.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 22, 2018, she caused a true and correct copy of the foregoing *Limited Objection* to be served electronically and by email upon all

those identified in the Master Service List as of October 18, 2018 in accordance with this Court's *Order Implementing Certain Notice and Case Management Procedures* (the "Case Management Order") entered on October 17, 2018 (docket no. 139). I hereby further certify that pursuant to the Case Management Order and the local rules, hard copies of the foregoing *Limited Objection* were delivered via overnight mail to (i) the Honorable Robert D. Drain, and (ii) the United States Trustee's Office.

>  */s/ Patricia B. Fugée*
>  Patricia B. Fugée

5