Hearing Date and Time: October 25, 2018 at 10:00 am (Eastern)
Objection Date and Time: October 22, 2018 at 4:00 p.m. (Eastern)

Frederick Schmidt
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
Phone: 212-883-4948
Facsimile: 646-588-1552
Email:  eschmidt@cozen.com
*Counsel to Scents of Worth, Inc.*

**UNITED STATES BANKRUTPCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF SCENTS OF WORTH, INC. TO DEBTORS'**
**MOTION FOR APPROVAL OF (I) STORE CLOSING SALES AND**
**(II) ASSUMPTION OF LIQUIDATION CONSULTING AGREEMENT**

Scents of Worth, Inc. ("SOW") hereby files its limited objection (the "Objection") to the Motion of Debtors for Approval of (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement dated October 15, 2018 (docket no. 23) filed by the above-captioned debtors (the "Debtors").  In support of this Objection, SOW respectfully states as follows:

**INTRODUCTION**

1.  In the Motion, the Debtors seek permission to, among other things, liquidate inventory remaining at the Closing Stores,[1] and such other inventory as the Debtors choose, as part of the Store Closing Sales, asserting that doing so will maximize value to all stakeholders.

---

[1] Capitalized terms not defined herein shall have those meanings ascribed in the Motion.

LEGAL\38810853\3

2. The Motion, however, fails to address the inventory belonging to consignor vendors like SOW and specifically, fails to provide for any protections whatsoever for such consignor vendors in connection with the Store Closing Sales. While SOW does not object to the Store Closing Sales in Principal, it submits that any order granting the Motion should provide that the proceeds of the sale of all inventory that was provided to the Debtors by SOW must be held in trust for SOW, as a Trust Fund Counterparty in accordance with this *Court's Order Authorizing the Debtors to (I) Maintain Certain Trust Fund Programs, (II) Release Certain Funds Held in Trust, and (III) Continue to Perform and Honor Related Obligations* (the "Trust Order"), entered on October 18, 2018 (docket no. 167).

3. The relief is particularly necessitated by the Debtors' pending requests to grant liens on its assets, as more fully set forth in the *Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* ( the "DIP Motion") and in this Court's *Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* (the "Interim DIP Order"), entered on October 16, 2018 (docket no. 101).

## BACKGROUND AND OBJECTION

4. Upon information and belief, SOW and one or more of the Debtors are parties to a consignment agreement (the "Consignment Agreement"), pursuant to which they entered into a consignment arrangement for the supply of certain merchandise for resale to retail customers,

primarily consisting of perfumes and fragrances (together with the proceeds thereof, the "Merchandise").

5. Upon information and belief, pursuant to the Consignment Agreement, SOW delivered the Merchandise to one or more of the Debtors but retained title and ownership of the Merchandise.

6. Upon information and belief, in order to prefect its interest in the Merchandise, SOW filed a UCC-1 financing statement and provided notice to the holders of existing security interests.

7. Accordingly, whether SOW's transactions with the Debtors constitutes a consignment or give rise to a purchase money security interest, SOW holds title to the Merchandise and its interests therein are senior to any liens or claims held by any other party, including but not limited to Bank of America, JPMorgan Chase Bank and Wells Fargo Bank.

8. Nonetheless, according to the Motion, the Debtors intend to use the proceeds from the sale of the Merchandise for liquidity and to pay down the DIP financing. Motion, ¶ 36. The Motion fails, however, to even mention, let alone address, the rights of consignment vendors like SOW.

9. Since the Consignment Agreement provides that the Debtors are obligated to pay SOW after the sale of the Merchandise to the retail customer, the proposed sale of the Merchandise in the Store Closing Sales has the effect of forcing SOW to sell goods on credit to the Debtors, post-petition, without its consent and without any adequate protection.

10. In the absence of appropriate treatment as a Trust Fund Counterparty as set forth in the Trust Order, or other appropriate and adequate protection of its rights in and to the Merchandise

acceptable to SOW, SOW objects to the liquidation sale of its Merchandise at the Store Closing Sales.

## CONCLUSION

11. Based on the foregoing, the Motion should be denied to the extent that the Debtors seek to liquidate SOW's Merchandise, without holding the proceeds in trust.[2]

Dated: October 22, 2018

COZEN O'CONNOR

*/s/ Frederick (Erik) Schmidt*
Frederick (Erik) Schmidt
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
Phone: 212-883-4948
Facsimile: 646-588-1552
Email: eschmidt@cozen.com

*Counsel to Scents of Worth, Inc.*

---

[2] SOW reserves all of its rights to supplement this Limited Objection.

LEGAL\38810853\3