|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: October 25, 2018<br>Hearing Time: 2:00 p.m. |

```
----------------------------------------  x
                                          :
In re                                     :   Chapter 11
                                          :
SEARS HOLDINGS CORPORATION, et al.,       :   Case No. 18-23538 (RDD)
                                          :
                              Debtors.    :   Jointly Administered
                                          :
----------------------------------------  x
```

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO
MOTION OF DEBTORS FOR APPROVAL OF (I) PROCEDURES
FOR STORE CLOSING SALES AND (II) ASSUMPTION OF
LIQUIDATION CONSULTING AGREEMENT**

TO:   **THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. §§ 586(a)(3) and (5), hereby respectfully submits his limited objection (the "**Objection**") to the motion (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates (collectively, the "**Debtors**" or "**Sears**") for approval of (I) procedures of store closing sales and (II) entry into the liquidation consulting agreement. ECF Doc. No. 23.

### I.   PRELIMINARY STATEMENT

The United States Trustee objects to the Motion to the extent the Debtors seek to employ and compensate Abacus Advisory Group, LLC ("**Abacus**") for professional services as a liquidation consultant without complying with Section 327 of the Bankruptcy Code (the "Code") and Federal Rule of Bankruptcy Procedure 2014. Abacus's "liquidation consultant" services are those of either an auctioneer or other professional person, which require court approval under

Section 327(a). Abacus has been retained under Section 327 in other bankruptcy cases, and the Debtors provide no explanation as to why the facts here warrant a different outcome.

Separately, the Debtors also seek a waiver from compliance with certain state and local laws, rules, and regulations. That request is defective; it appears that the Debtors have not served the Motion, notice of the Motion, or notice of the upcoming hearing on any of the relevant governmental authorities. Accordingly, the United States Trustee objects to this request until the appropriate governmental authorities have been properly noticed and afforded an opportunity to respond.

For these reasons, as fully detailed below, the United States Trustee objects to the Motion on these limited bases.

## II. BACKGROUND

**A.    General Background**

1. The Debtors commenced voluntary chapter 11 cases on October 15, 2018 (the "**Petition Date**").

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Code.

3. The Debtors' chapter 11 cases (the "**Chapter 11 Cases**") are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). ECF Doc. No. 118.

4. According to the Debtors, Sears currently operates 687 retail stores in forty-nine (49) states, Guam, Puerto Rico, and the U.S. Virgin Islands. Declaration of Robert A. Riecker, ECF Doc. No. 3, ¶ 25.

**B.     The Store Closing Motion**

5.     On the Petition Date, the Debtors filed the Motion. The Motion seeks authority to implement store closing procedures to close any stores that the Debtors designate. Motion, ¶ 3.

6.     By the Motion, the Debtors seek, *inter alia*, approval of procedures to sell the furniture, fixtures, and equipment (the "**FF&E**"), and other assets free and clear of liens, claims, or encumbrances (with any such liens attaching to the proceeds with the same validity and in the same priority as they attached to the sold Store Closing Assets). Motion, ¶ 6.

**C.     The Debtors' Contract with Abacus**

7.     The Motion also seeks, *inter alia*, authority to assume a liquidation consulting agreement that is attached to the Motion (the "**Agreement**") with Abacus. *Id*. at ¶ 7. Under the Agreement, Abacus will supply a full-time on-site supervisor (the "**Supervisor**") for each store that is to be closed to plan the advertising, marketing and sales promotion for liquidation sales, arrange the stock in the store for liquidation, determine and effect price reductions, arrange for and supervise all personnel and merchandise preparation, and conduct the sales. Agreement, ¶ 3.

8.     The Agreement provides that Abacus will receive a fee of $100,000 to $140,000 per month, depending upon the number of active closings. *Id*. at ¶ 9. The Supervisor will also be eligible to receive incentive compensation up to $1,225 per week based upon the Supervisor's performance pursuant to a formula constructed by Abacus. *Id*. at ¶ 10.

9.     The Agreement also provides that Abacus shall receive a commission in the amount of ten percent (10%) of the total sale proceeds collected from the sale of the Debtors'

fixtures, equipment, furniture, furnishings and other appurtenances thereto located at any store. *Id.* at ¶ 16.

10. The Motion does not seek authority to retain Abacus under Section 327 or Bankruptcy Rule 2014, nor have the Debtors filed a separate application to retain Abacus. The Motion similarly offers no explanation or argument as to why Abacus would be exempt from these requirements. Consequently, the Debtors have not filed a verified statement setting forth Abacus's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

11. In other bankruptcy cases filed in the Southern District of New York, other debtors have filed applications to retain Abacus pursuant to Section 327. *See, e.g.*, *Footstar, Inc., et al.*, Case No. 04-22350 (ASH) (Bankr. S.D.N.Y., March 30, 2014) (granting application to retain Abacus as wind-down advisor and consultant pursuant to Section 327(a)).

**D.    Relief Sought in Connection with State and Local Laws, Rules, and Regulations**

12. The Motion seeks a waiver of compliance with various state and local "laws, rules, or regulations regarding licensing or other requirements governing the conduct of store closings, liquidations, or other inventory clearance sales." Motion, ¶ 19. Such a waiver would relieve the Debtor of complying with "fast pay laws" that require payment of terminated employees within a specific timeframe. *Id.* at 48. It would also relieve the Debtor of complying with license requirements, waiting periods, time limits, and other procedures for store closing liquidation or similar acts. *Id.*

13. The Affidavit of Service filed with respect to the Motion does not indicate that any state or local authorities were served with the Motion, a notice of the Motion, or a notice of hearing. ECF Doc. No. 58.

### III. LIMITED OBJECTION

**A. Abacus is a Professional That Must be Retained Pursuant to Section 327**

*i. General Standards*

Section 327(a) of the Code provides that the trustee or debtor-in-possession, "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."[1] In turn, Section 330 of the Code governs the compensation of professionals retained under Section 327. 11 U.S.C. § 330. Local Bankruptcy Rule 6005-1 also governs compensation for auctioneers.

An auctioneer is generally defined as a "person legally authorized to sell goods or lands of other persons at public auction for a commission or fee." BLACK'S LAW DICTIONARY (10th ed. 2014). If a party is serving as an auctioneer, no matter how modest the compensation or how limited the services, it must be formally retained. *In re Borders Grp., Inc.*, 453 B.R. 477, 485 (Bankr. S.D.N.Y. 2011).[2]

---

[1] Bankruptcy Rule 2014 likewise provides that "[a]n order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee." Fed. R. Bankr. P. 2014(a).

[2] Retention need not be a time consuming process. *See Borders*, 453 B.R. at 485 ("Applications to retain brokers, auctioneers and liquidators to conduct *de minimis* asset sales are commonplace; it need not be an expensive or time-consuming process.").

5

Beyond the enumerated professional classification of auctioneer, "other professional persons" must likewise be employed pursuant to Section 327.  *See In re First Merchants Acceptance Corp.,* 1997 WL 873551 (D. Del. 1997) (business consultant with discretion over debtor's assets is a professional under Section 327); *see also In re Bicoastal Corporation*, 149 B.R. 216, 218 (Bankr. M.D. Fla. 1993) (investment advisors, business and financial consultants and asset managers are professional persons defined under Section 327).

ii.    Recent Case Developments

Some courts have recently held that liquidation consultants are neither auctioneers nor other professional persons subject to Section 327.  *See In re Brookstone Holdings Corp.*, No. 18-11780 (BLS), 2018 WL 4801890 (Bankr. D. Del. Oct. 1, 2018); *Heritage Home Corp., LLC*, Case No. 18-11736 (KG), Mem. Op. dated September 27, 2018 [Docket No. 330].  In both of these cases, the courts limited the definition of auctioneer to include only those who sell assets at a public auction to the highest bidder.  *Brookstone*, 2018 WL 4801890, at *5 (quotations omitted); *Heritage*, pp. 5 of 8.  Under this framework, the courts determined liquidation consultants were not auctioneers because they instead made sales to retail customers.[3]  *Id.*

Having concluded that the liquidation consultants were not auctioneers, these courts then considered several factors in determining whether they qualified as "other professional persons" instead.  In *Brookstone*, for example, the court applied the test developed by *First Merchants,* 1997 WL 873551, at *3:

---

[3]    Even under this framework, Abacus appears to function as an auctioneer, at least in part.  The Agreement directs Abacus to sell the Debtor's furniture, fixtures, and equipment in exchange for a fee and a ten percent commission.  *See* Agreement, ¶ 16.  The sale of these goods differs from the sale of inventory to retail customers.

> (1) whether the employee controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;
>
> (2) whether the employee is involved in negotiating the terms of a Plan of Reorganization;
>
> (3) whether the employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;
>
> (4) whether the employee is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate, *i.e.* the qualitative approach;
>
> (5) the extent of the employee's involvement in the administration of the debtor's estate, i.e. the quantitative approach; and
>
> (6) whether the employee's services involve some degree of special knowledge or skill, such that the employee can be considered a "professional" within the ordinary meaning of the term.

*Brookstone*, 2018 WL 4801890, at *7.[4]

   iii.   *Brookstone* and *Heritage* are Distinguishable

The *Brookstone* and *Heritage* courts determined that liquidation consultants were not professional persons under the *First Merchants* test. In *Brookstone*, for example, the court determined that the debtor's "management and staff remain at all times in complete control of all aspects of the GOB sales," which cut against the first factor in *First Merchants*. *Brookstone*, 2018 WL 4801890, at *7. Likewise, the *Brookstone* court found that the liquidation consultant's

---

[4] Liquidation consultants share common features with both auctioneers and appraisers. The Supreme Court has explained that it "rel[ies] on the principle of *noscitur a sociis*—a word is known by the company it keeps—to avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving unintended breadth to the Acts of Congress." *Yates v. United States*, 135 S. Ct. 1074, 1085 (2015) (internal quotations omitted). Under this canon of interpretation, other professional person should capture those who perform duties similar to the enumerated classes of professionals—including agents, auctioneers, and appraisers. *See* 11 U.S.C. 327(a) and Fed. R. Bankr. P. 2014(a) (identifying "agents" as professionals who must submit disclosures under this rule).

lack of control over pricing strategy evidenced a lack of discretion or autonomy that led it to conclude the fourth *First Merchant* factor was not present either.  2018 WL 4801890, at *8-9.

Not so here.  In this case, the Agreement provides Abacus with far greater control over sales and pricing—duties Abacus will execute in its "professional judgment."  Indeed, the Agreement in this case provides that "Abacus will supply a full-time on-site supervisor ("Supervisor") for each store that is to be closed to plan the advertising, marketing and sales promotion for liquidation sales, arrange the stock in the store for liquidation, **determine and effect price reductions, arrange for and supervise all personnel and merchandise preparation, and conduct the sales.**"  (emphasis added) Agreement at ¶ 3.  These duties demonstrate that Abacus controls and manages the sales process in two important respects.  First, the Supervisors supplied by Abacus supervise the Debtors' rank and file employees when executing on the store liquidations (unlike *Brookstone*).  Second, the Agreement provides Abacus with unilateral power to effectuate price reductions provided only that it consults with the Debtors.  The Agreement specifically provides that Abacus "shall discount the Inventory (and change discounts from time to time) **in accordance with its professional judgment** in order to maximize the proceeds and maintain the momentum of such Sale."  Agreement, ¶ 5 (emphasis added).

The Debtors have offered no contrary arguments or explanation why Abacus is not a professional person subject to Section 327.  Consequently, the United States Trustee objects to the Motion to the extent the Debtors seek to employ and compensate Abacus without the Code's traditional safeguards.

**B.     The Requested Relief from State and Local Laws, Rules, and Regulations Cannot be Granted Without Affording the Relevant Authorities Proper Notice and an Opportunity to Respond**

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950) (internal citations omitted).  Bankruptcy Rule 9014 provides, in part:

> (a) Motion. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.
>
> (b) Service. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d) [. . .]

Fed. R. Bank. P. 9014.

Bankruptcy Rule 7004 sets forth the applicable service requirements including the requirements for serving state or local governments.  Local Bankruptcy Rule 9013-1(b) requires that "[i]n addition to all entities otherwise entitled to receive notice, notice of a motion shall be given to any entity believed to have or be claiming an interest in the subject matter of the proposed order or who, it is believed, otherwise would be affected by the proposed order.  LBR 9013-1(b).

The Motion seeks relief from compliance with various state and local "laws, rules, or regulations regarding licensing or other requirements governing the conduct of store closings, liquidations, or other inventory clearance sales[.]"  Motion, ¶ 19.  The Motion fails to identify which states or localities may be affected by the requested relief.  Based on the affidavit of

9

service filed in connection with the Motion, the Debtors have not served the Motion or even notice of the Motion or hearing on any of the potentially affected governmental authorities. *See* ECF Doc. No. 58. Accordingly, the Motion does not currently comply with Bankruptcy Rule 9014, Local Bankruptcy Rule 9013-1, and fundamental due process requirements as articulated by the United States Supreme Court. Therefore, the United States Trustee objects to the requested relief until the relevant governmental authorities have been properly noticed and afforded an opportunity to respond to the Motion.

     **WHEREFORE,** the United States Trustee respectfully requests that the Court sustain the foregoing limited Objection and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 22, 2018

                                                WILLIAM K. HARRINGTON
                                                UNITED STATES TRUSTEE

By:   */s/ Paul Schwartzberg*
       Paul Schwartzberg
       Richard Morrissey
       Trial Attorneys
       201 Varick Street Suite 1006
       New York, New York 10004
       Tel. No. (212) 510-0500