Dustin P. Branch (*pro hac vice pending*)
**Ballard Spahr LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Direct: (424) 204-4354; Fax: (424) 204-4350
E-mail: branchd@ballardspahr.com

- and –

Paul E. Harner
Alyssa E. Kutner
**Ballard Spahr LLP**
919 Third Avenue
New York, NY 10022
Direct: (646) 346-8075; Fax: (212) 223-1942
E-mail: harnerp@ballardspahr.com
   kutnera@ballardspahr.com

Attorneys for The Macerich Company

Obj. Deadline: October 22, 2018 at 4:00p.m. ET
Hearing Date: October 25, 2018 at 10:00 a.m. ET

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| SEARS HOLDINGS CORPORATION, *et al.*, | : Case No. 18-23538 (RDD) |
| | : |
| | : (Jointly Administered) |
| Debtors. | : |

-------------------------------------------------------------x

**OBJECTION OF THE MACERICH COMPANY TO THE OMNIBUS MOTION OF DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES AND RELATED SUBLEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

The Macerich Company, on behalf of Towne Mall, LLC (hereinafter, "Landlord"), by and through its undersigned counsel, hereby files this objection (the "Objection")[1] to the Omnibus Motion of Debtors to Reject Certain Unexpired Leases and Related Subleases of

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Store Closing Motion, and accompanying documents.

Nonresidential Real Property and Abandonment of Property in Connection Therewith [Docket No. 25] (the "Rejection Motion"), and respectfully represents as follows:

## I. BACKGROUND FACTS

1. Sears Holdings Corporation, and its affiliated co-debtors (collectively, the "Debtors"),[2] filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on October 15, 2018. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[3]

2. The Debtors lease retail space (the "Premises") from Landlord pursuant to an unexpired lease of nonresidential real property (the "Lease") at the shopping center known at Towne Mall in Elizabethtown, KY (the "Center").

3. The Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On October 15, 2018, the Debtors filed the Rejection Motion, which seeks authority to reject 217 stores that are no longer being operated by the Debtors. Landlords have

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); and SRC Real Estate (TX), LLC (None). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[3] All statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") unless otherwise specified in this Motion.

no objection to the rejection of any of the leases, including the Lease. However, since Landlord does not have possession of the Premises at this time, have Landlord files this Objection to make sure that the rejection date for the Lease is consistent with the Landord's recovery of possession and the surrender of the Premises by the Debtors and Spirit Halloween, Debtors' subtenant.

## II.     ARGUMENT

### A.     *The effective date of any lease rejection cannot occur until the Premises are properly turned over to the Landlords.*

5.     The Rejection Motion seeks to reject the Lease effective October 15, 2018. Landlord does not object to the proposed rejection date to the extent the Debtors have turned over the Premises to Landlord as of that date. However, as per the Rejection Motion, Spirit Halloween is apparently operating a temporary Halloween store at the Premises. The Landlord is not a part to any lease or license agreement between Spirit and the Debtors, and as long as Spirit is in possession of the Premises, the Debtors cannot properly reject the Lease.

6.     In order to properly turn over the Premises and effectively reject the Lease, the Debtors must turnover all keys and alarm codes to the Landlord (or to the mall managers or to the mall management office where the leased premises are located), along with written confirmation that Debtors have vacated the Premises to Landlord, which written confirmation should include information necessary to effect the transfer utilities to the Landlords, as well as any other information to facilitate transition of the Premises. The Debtors provided written notice of the their purported surrender of the Premises, along with information on the lockbox and alarm code, but this is insufficient to turn over possession of the Premises is a third party is occupying the Premises, and the Debtors cannot unilaterally absolve themselves from liability in this manner.

7.     Rejection cannot occur prior to the date Landlords regains full possession and control of the Premises. If the Debtors seek to reject prior to turning over the Premises, it exposes the Landlords to liability for damages over which it has no control, and would create a potential gap in insurance coverage between the rejection date and the date of possession and

control by the Landlords. Once the legal rejection date occurs for any Lease, the Debtors arguably no longer have an insurable interest in such Lease or Premises, and thus any damages occurring to persons or property after the legal date of rejection are potentially not covered by the Debtors' insurance. Therefore, rejection and possession must happen simultaneously to adequately protect Landlords.

### III.  JOINDER IN OBJECTIONS BY OTHER LANDLORDS

8.  To the extent not inconsistent with the relief sought herein, the Landlords hereby join in any objections raised by other landlords.

### IV.  CONCLUSION

Landlord requests the Court require that any order approving rejection of the Lease provide that the effective date of rejection should be the date that Spirit vacates and turns over the Premises to Landlord, by delivering the keys, alarm codes, and other transitional information to the Landlord, and after the removal of all personal property as required by the Lease, and grant such other and further relief as may be just and proper.

Dated: October 22, 2018  
New York, New York

Respectfully submitted,

*/s/ Paul E. Harner*  
Paul E. Harner, Esquire  
Alyssa E. Kutner, Esquire  
**Ballard Spahr LLP**  
919 Third Avenue  
New York, NY 10022  
Direct: (646) 346-8075  
Fax: (212) 223-1942  
Email: harnerp@ballardspahr.com  
        kutnera@ballardspahr.com

and

Dustin P. Branch, Esquire  
**Ballard Spahr LLP**  
2029 Century Park East, Suite 800  
Los Angeles, CA 90067-2909

Direct: (424) 204-4354
Fax: (424) 204-4350
Email: branchd@ballardspahr.com

and

*Attorneys for The Macerich Company*