UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, et als. | (Jointly Administered) |
| Debtors. | |

**LIMITED OBJECTION OF PHILLIPS EDISON & COMPANY AND LEVIN MANAGEMENT CORPORATION TO DEBTORS' MOTION FOR APPROVAL OF (I) PROCEDURES FOR STORE CLOSING SALES AND (II) ASSUMPTION OF LIQUIDATION CONSULTING AGREEMENT**

Phillips Edison & Company and Levin Management Corporation ("Landlords"), by and through its counsel, hereby files the following Objection to the above-captioned debtors' (the "Debtors") Motion of Debtors for Approval of (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement (the "Motion"), and respectfully represents as follows:

**BACKGROUND**

1. On October 5, 2018 (the "Petition Date"), the above captioned Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

2. Debtors are operating their businesses as debtors-in-possession pursuant to sections

1

1107(a) and 1108 of the Bankruptcy Code.

3.      Landlords and at least one of Debtors are parties to an unexpired leases of nonresidential real property (collectively the "Leases").

4.      The Leases are leases "of real property in a shopping center" as used in Section 365(b)(3) of the Bankruptcy Code. See, In re Joshua Slocum Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5.      On or about October 15, 2018, Debtors filed a motion conduct store closing sales and to assume a consulting agreement. Although Landlords expect that side letters will be entered in regards to the sales, no such communications have taken place between Landlords and Debtors' representatives. As such, Landlords' file is limited objection to protect their rights in the event that a side letter is not finalized prior to a store closing.

## OBJECTIONS TO STORE CLOSING SALES

6.      There is no question that this Court may place reasonable limitations or constraints on a going out of business sale ("GOB Sale"). Among other things, restrictions may be placed on the number, size, language, color, and placement of sale signage and banners, advertising, duration of the sale, and the condition and turnover of the premises at the end of the GOB Sale. Security for payment of rent during the sale period may also be obtained until the store is finally closed.

7.      However, Bankruptcy Courts have held some lease provisions restricting store closing sales valid. See, e.g, In re Lisbon Shops, Inc., 24 B.R. 693, 695 (Bankr. E.D. Pa. 1982) (restrictive clauses in lease may be preserved by Bankruptcy Court supervision of GOB sales); In

re Tobago Bay Trading Co., 112 B.R. 463, 467 (Bankr. N.D. Ga. 1990) (rendering unenforceable provisions prohibiting GOB sales).

8.  As noted by other counsel, the orders in the retail cases cited by Debtors, such as *Aeropostale* and *Blockbuster*, were authorized subject to negotiated store closing guidelines, as well as separate side letter agreements between the landlords, including Landlords, and the liquidators, which controlled over the orders and sale guidelines, with respect to issues of signage and advertising at Landlords' shopping centers.

9.  Here, Debtors request that the Court remove contractual and legal restrictions on a GOB Sale. Landlords have the following objections to the Store Closing Notice:

- *Sale Duration and Hours.* The GOB sales should be requires to comply with the specific lease provisions.
- *Mall/Center Regulations* The GOB Sale should comply with the mall or shopping center regulations or guidelines concerning security, maintenance, trash removal or any other pertinent guidelines.
- *Signage and Advertising* Reasonable restrictions should be placed on: (1) the language and wording used in the signs or advertising; (2) the number of signs or advertisements the Debtors will use; (3) the placement of any signs; (4) the color of the signs; (5) the use of amplified sound to advertise the GOB sale; and (6) the use of sign-walkers and handbills.
- *Merchandise* Debtors should not be permitted to augment the inventory with new merchandise or merchandise from another of its stores.
- *Rent and Lease Obligations* Debtors should pay all post-petition administrative rent and otherwise comply with the lease obligations. The Debtors should be responsible for maintaining insurance.
- *Abandonment of Property* Debtors should not be permitted to abandon property within the leased premises after the GOB Sale, and should pay the cost of removing that property if abandoned. Landlord should be absolved of all responsibility to Debtors or third parties for property left behind.
- *Notice of Conclusion* Debtors should provide both Landlords and counsel seven (7) days advance written notice of the conclusion of the stores closing for each store.
- *Maintenance of Premises* During the GOB Sale, Debtors should be responsible for keeping the leased premises clean and maintained.

## JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS AND RESERVATION OF RIGHTS

10. To the extent consistent with the objections expressed herein, Landlords also joins in the objections of other shopping center lessors to Debtors' proposed relief. Further, Landlords reserve all rights to make further and/or future objections.

**WHEREFORE,** Landlord respectfully requests the relief set forth above, and for such other and further relief as the Court deems proper.

Respectfully submitted,

**STARK & STARK**
**A Professional Corporation**

By: /s /*Thomas S. Onder*

Dated: October 22, 2018        Thomas S. Onder

993 Lenox Drive
Lawrenceville, NJ 08648
(609) 895-7353 (direct)
(609) 895-7395 (facsimlile)

Attorneys for Phillips Edison & Company
and Levin Management Corporation

4838-4130-5721, v. 2