**LAW OFFICES OF MITCHELL J. DEVACK**, PLLC
90 Merrick Avenue, Suite 500
East Meadow, NY 11554
Telephone:  (516) 794-2800
Facsimile:   (516) 794-2800

*Attorneys for Beauty Gem, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No.  18-23538-rdd |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------x

**LIMITED OBJECTION OF BEAUTY GEM, INC., TO DEBTORS' MOTION FOR APPROVAL OF (I) PROCEDURES FOR STORE CLOSING SALES AND (II) ASSUMPTION OF THE LIQUIDATION CONSULTING AGREEMENT**

Beauty Gem, Inc. ("**Beauty Gem**"), by and through its undersigned counsel, hereby files its objection (the "**Objection**") to the *Debtors' Motion for Approval of (I) Procedures for Store Closing Sales and (II) Assumption of The Liquidation Consulting Agreement*, dated October 15, 2018 (Dkt. No. 23) (the "**Motion**") filed by the above-captioned debtors (the "**Debtors**"). In support of this Objection, Beauty Gem respectfully represents as follows:

### INTRODUCTION

1.     The Motion indicates that the Debtors seek approval of streamlined procedures to sell the inventory, furniture, fixtures, and equipment ("**FF&E**"), and other assets in the Closing Stores (collectively, the "**Store Closing Assets**"), in each case free and clear of liens, claims, or encumbrances (the "**Store Closing Procedures**," and the sales, the "**Store Closing Sales**"), and further indicates that the Debtors seek interim and final approval to apply the Store Closing Procedures to the Initial Closing Stores (as said term is defined in the Motion). The Debtors have also requested a finding that any contractual restrictions that could otherwise inhibit or prevent the Debtors' ability to maximize recovery through the Store Closing Sales are unenforceable, in that in certain cases, the Store Closing Sales may be inconsistent with certain provisions of leases, subleases, vendor contracts, or other documents associated with the Closing Stores. Nowhere in the Motion are there any provisions that mention consignment vendors, or

that provide for any protection of consignment vendors in connection with the Store Closing Sales.

## BACKGROUND

2.      Beauty Gem together with Kmart Corporation and Sears Roebuck and Co. (collectively, the "**Buyers**") are parties to a certain Scan-Based Trading and Consignment Agreement governing the distribution and retail sale by the Buyers of certain jewelry and related products (collectively, the "**Consigned Merchandise**") on a scan-based trading ("**SBT**") method of sales.

3.      Under the SBT protocol, the Buyers receive and accept Consigned Merchandise on a consignment basis, under which title to all Consigned Merchandise is reserved with Beauty Gem until the register scan and sale of the Consigned Merchandise to retail customers.

4.      In order to perfect its interest in the Consigned Merchandise, Beauty Gem filed UCC-1 financing statements and UCC-3 continuation statements, and provided notice to the holders of existing security interests, in accordance with the applicable provisions of the Uniform Commercial Code.

## LIMITED OBJECTION

5.      Whether Beauty Gem's transactions with the Buyers constitute a consignment or give rise to a purchase money security interest, Beauty Gem holds title to the Consigned Merchandise and Beauty Gem's interest in the Consigned Merchandise, including the proceeds of sales of the Consigned Merchandise up to the stated consignment price (as set forth in the aforesaid SBT Agreement), is superior and senior to that of any other party.

6.      In Paragraph "41" of the Motion, the Debtors state: "Pursuant to section 363(f) of the Bankruptcy Code, a debtor may sell property of the estate free and clear of any interest in such property of an entity other than the estate" if any one of certain conditions is satisfied.

7.      Beauty Gem respectfully asserts that the Consigned Merchandise - which is not owned by the Debtors, but rather by Beauty Gem - is not "property of the estate" and is therefore not subject to the provisions of section 363(f) of the Bankruptcy Code as suggested by the Debtors in the Motion. Moreover, Beauty Gem has not consented to the sale of the Consigned Merchandise as requested in the Motion by the Debtors.

8.      Since the Scan-Based Trading and Consignment Agreement provides that the Buyers are obligated to pay Beauty Gem within fifteen (15) days of the sale of Consigned Merchandise to the retail customer, the proposed sale of the Consigned Merchandise in the Store Closing Sales has the effect of forcing Beauty Gem to sell goods on credit to the Debtors, post-petition, without Beauty Gem's consent and without any adequate protection.

9.     Accordingly, the proceeds of sale for the Consigned Merchandise, and any unsold Consigned Merchandise should be held in trust for Beauty Gem, as the equivalent of a Trust Fund Counterparty as referenced in this Court's *Order Authorizing the Debtors to (I) Maintain Certain Trust Fund Programs, (II) Release Certain Funds Held in Trust, and (III) Continue to Perform and Honor Related Obligations* (the "Trust Order"), entered on October 18, 2018 (docket no. 167). Alternatively, Beauty Gem should be provided with an equivalent form of adequate protection.

10.    This relief is particularly necessitated by the Debtors' pending requests to grant liens on its assets, as more fully set forth in the *Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* (the "DIP Motion") and in this Court's *Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (IV) Granting Related Relief* (the "Interim DIP Order"), entered on October 16, 2018 (docket no. 101). Beauty Gem also intends to file a limited objection to that motion.

## **CONCLUSION**

11.    Based on the foregoing, the Motion should be denied to the extent that the Debtors seek to sell the Consigned Merchandise free and clear of Beauty Gem's interests therein, without holding the proceeds of such sales, together with the unsold Consigned Merchandise, in trust, or without providing Beauty Gem with an equivalent form of adequate protection.

Dated: October 23, 2018

                                          Respectfully submitted,

                                          */s/ Thomas Yanega*
                                          Thomas Yanega
                                          **LAW OFFICES OF MITCHELL J. DEVACK, PLLC**
                                          90 Merrick Avenue, Suite 500
                                          East Meadow, NY 11554
                                          Telephone:  (516) 794-2800
                                          Facsimile:   (516) 794-2800
                                          Email: ty@devacklaw.com

                                          *Attorneys for Beauty Gem, Inc.*