Joseph N. Froehlich
Locke Lord LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
(212) 415-8600
jfroehlich@lockelord.com

-and-

W. Steven Bryant *(pro hac vice motion to be filed)*
Locke Lord LLP
600 Congress Avenue, Ste. 2200
Austin, Texas 78701
(512) 305-4726
sbryant@lockelord.com
*Counsel for Cardtronics USA, Inc.*

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | Jointly Administered |

**LIMITED RESPONSE AND RESERVATION OF RIGHTS OF
CARDTRONICS USA, INC. TO THE DEBTORS' MOTION FOR INTERIM
APPROVAL OF (I) PROCEDURES FOR STORE CLOSING SALES AND (II)
ASSUMPTION OF THE LIQUIDATION CONSULTING AGREEMENT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); and SRC Real Estate (TX), LLC (None). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Cardtronics USA, Inc. ("Cardtronics"), by and through their attorneys Locke Lord LLP, hereby submit this *Limited Response and Reservation of Rights* (the "Response") to the *Motion of Debtors for Approval of (I) Procedures for Store Closing Sales and (II) Assumption of The Liquidation Consulting Agreement* [D.I. 23] (the "Motion") filed on October 15, 2018 (the "Petition Date") in the above-styled, jointly administered bankruptcy cases (the "Bankruptcy Cases").

1. On or about September 14, 2012, WSILC, LLC d/b/a Welch ATM ("Welch ATM") entered into that certain *ATM Placement Agreement* (the "ATM Agreement") with Kmart Corporation ("Kmart"). Under the ATM Agreement, Kmart licensed to Welch ATM the right to place and operate automated teller machines ("ATMs") owned by Welch ATM in various Kmart stores around the United States. Under the ATM Agreement, Welch ATM remained the owner of the ATMs as well as of the cash inside them. In exchange for this privilege, Welch ATM paid Kmart certain specified licensing fees, while Kmart, in turn, also paid certain additional fees to Welch ATM.

2. Welch ATM subsequently assigned all its rights under the ATM Agreement and the affected ATM machines (and their cash) to Cardtronics. Since 2012, the ATM Agreement has also been amended to, among other things, modify the fees charged and the stores affected. Finally, Kmart assigned the ATM Agreement to SHC Licensed Businesses LLC ("SHC"), an affiliate of Kmart and of Sears Holdings Management Corp. ("Sears Management"). Sears Management acts as the agent for SHC.

3. On the Petition Date, Sears Holdings Corp., Sears Management, and the other Debtors commenced the Bankruptcy Cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors also filed the Motion on the Petition Date. The Motion

requests authority to begin immediately closing 142 poorly performing Kmart and Sears stores (the "Initial Closing Stores"). The Motion also seeks to establish procedures to govern the closure of additional, future stores as well as the liquidation of all the assets located both in the Initial Closing Stores and in these as-yet-unidentified future stores (the "Store Closing Assets").

4.    Given the very short notice between the filing of the Motion and its October 22, 2018 objection deadline, Cardtronics has not yet had sufficient time to determine the full extent to which the Motion could negatively impact Cardtronics' ATMs (and the cash inside them) or the ATM Agreement. Cardtronics has so far determined that Cardtronics' ATMs are located in forty-five (45) of the Initial Closing Stores. Because, under the ATM Agreement, Cardtronics continues to own these ATMs (and the cash inside them), Cardtronics must ensure that none of the relief sought in the Motion could be interpreted as providing the Debtors with any rights to transfer or liquidate the ATMs (or the cash inside them) or to take any other actions that violate the ATM Agreement. For its part, Cardtronics also wishes to establish procedures that will, at the Debtors' and Cardtronics' convenience, permit Cardtronics to de-install and remove the ATMs from the Initial Closing Stores as well as from any future stores slated by the Debtors for closing.

5.    With these concerns in mind, Cardtronics states that it does not oppose *in principle* either the closing of the Initial Closing Stores or any of the other relief sought in the Motion. Cardtronics merely wishes to ensure that its ownership rights in its ATMs (and the cash inside them) are preserved and respected during the store-closing process and that none of the relief that the Debtors are seeking contravenes the ATM Agreement. As of today's date, counsel for Cardtronics has contacted counsel for the Debtors to discuss adding certain additional language in the proposed order granting the Motion that will address Cardtronics' concerns. Before the hearing on the Motion (which is currently set for October 25, 2018), Cardtronics expects to review the

Motion in more detail and continue its discussions with the Debtors. Cardtronics firmly believes the parties will reach an agreement and that its concerns will be addressed. However, until agreed language resolving Cardtronics' issues has been finalized and included in the proposed order granting the Motion, Cardtronics objects to the Motion and reserves all rights to submit a further substantive response to the Motion. If necessary, this further response would develop the issues identified in this Response and supplement this Response with any additional concerns that Cardtronics may have. Cardtronics further reserves the right to be heard before the Court with regard to the issues raised in this Response and the Motion generally.

WHEREFORE, for the reasons set forth in this Response, Cardtronics respectfully requests that this Court consider the issues raised in this Response and include in any order granting the Motion language acceptable to Cardtronics that resolves its concerns as outlined in this Response. Cardtronics additionally requests such other relief as the Court deems just and proper.

Dated: October 23, 2018
      New York, New York

Respectfully Submitted,

By: */s/ Joseph N. Froehlich*
Joseph N. Froehlich
Locke Lord LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
(212) 415-8600
jfroehlich@lockelord.com

-and-

W. Steven Bryant *(pro hac vice motion to be filed)*
Locke Lord LLP
600 Congress Avenue, Ste. 2200
Austin, Texas 78701
(512) 305-4726
sbryant@lockelord.com
*Counsel for Cardtronics USA, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Response* was served via ECF upon all parties registered to receive service via ECF in these Bankruptcy Cases on this 23rd day of October, 2018, and on the following parties identified in the Master Service List:

Chambers of the Honorable Judge Robert D. Drain,
United States Bankruptcy Court for the Southern
District of New York,
300 Quarropas Street, Room 248,
White Plains, New York 10601;

Sears Holdings Corporation,
Attn: Stephen Sitley Esq., and Luke J. Valentino, Esq
3333 Beverly Road, Hoffman
Estates IL 60179
**The Debtors**

Weil, Gotshal & Manges LLP,
Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq.,
Garret A. Fail, Esq., and Sunny Singh, Esq.
767 Fifth Avenue,
New York, New York 10153
**Proposed Counsel for the Debtors**

Office of the United States Trustee for Region 2
Attn: Paul Schwartzberg, Esq.
201 Varick Street, Suite 1006,
New York, New York 10014

Skadden, Arps, Slate, Meagher & Flom LLP,
Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and
George R. Howard, Esq.
4 Times Square,
New York, NY 10036
**Attorneys for Bank of America, N.A.,
administrative agent under the First Lien Credit
Facility and the DIP ABL Agent**

Davis Polk & Wardell LLP,
Attn: Marshall S. Huebner, and Eli J. Vonnegut,
450 Lexington Avenue
New York, NY, 10017
**Attorneys for Citibank, N.A., as administrative
agent under the Stand-Alone L/C Facility;**

Cleary, Gottlieb,
Attn: Sean A. O'Neal, Esq.
One Liberty Plaza,
New York, NY, 10006
**Attorneys for JPP, LLC, as agent under the Second
Lien Credit Facility, IP/Ground Lease Term Loan
Facility, and the Consolidated Secured Loan
Facility**

Kelley Drye & Warren LLP,
Attn: Eric R. Wilson, Esq., Benjamin D. Feder, Esq.,
and T. Charlie Liu, Esq.
101 Park Avenue,
New York, NY 10178
**Attorneys for Computershare Trust Company,
N.A., as trustee for the Second Lien PIK Notes, the
Holdings Unsecured PIK Notes, and the Holdings
Unsecured Notes**

Wilmington Trust, National Association,
Corporate Capital Markets,
Attn: Sears Holdings Corp. Administrator
50 South Sixth Street, Suite 1290,
Minneapolis, MN 55402
**As Indenture Trustee for the Second Lien Notes**

Carter Ledyard & Milburn LLP,
Attn: James Gadsden, Esq.
2 Wall Street,
New York, NY 10015
**Attorneys for The Bank of New York Mellon Trust
Company, as successor trustee for the SRAC
Unsecured PIK Notes, SRAC Unsecured Notes, and
the SRAC Medium Term Notes**

Locke Lord LLP,
Attn: Brian A. Raynor, Esq.
111 South Wacker Drive,
Chicago, IL 60606
**Attorneys for the Pension Benefit Guaranty
Corporation**

*/s/ Joseph N. Froehlich* _____
Joseph N. Froehlich