# EXHIBIT D

Sears Holdings Corp. v. Lake Plaza Shopping Center, LLC, 143 A.D.3d 969 (2016)
40 N.Y.S.3d 449, 2016 N.Y. Slip Op. 07015

143 A.D.3d 969
Supreme Court, Appellate Division,
Second Department, New York.

SEARS HOLDINGS
CORPORATION, et al., respondents,
v.
LAKE PLAZA SHOPPING
CENTER, LLC, appellant.

Oct. 26, 2016.

**Synopsis**
**Background:** Plaintiff brought action against defendant for breach of sublease between them, seeking declaration that plaintiffs cured any alleged breach of sublease. The Supreme Court, Putnam County, Grossman, J., granted plaintiff's motion for summary judgment. Defendant appealed.

**Holding:** The Supreme Court, Appellate Division, held that defendant was not entitled to judgment declaring that prior insurance policies held by plaintiff constituted breach of sublease.

Affirmed and remitted for entry of judgment.

West Headnotes (1)

[1]    **Declaratory Judgment**
       ⚖ Liability or indemnity insurance in general
       **Declaratory Judgment**
       ⚖ Leases
       Defendant was not entitled to judgment declaring that prior insurance policies held by plaintiff constituted breach of sublease between parties, which contained provision requiring plaintiff to maintain liability insurance, where plaintiff's procurement of new insurance policies that complied with terms of sublease cured any alleged breach of sublease.

1 Cases that cite this headnote

**Attorneys and Law Firms**

**449 Wilk Auslander LLP, New York, NY (M. William Scherer of counsel), for appellant.

Reed Smith LLP, New York, NY (Gil Feder and John Scalzo of counsel), and Lewis & Greer, P.C., Poughkeepsie, NY (Lou Lewis and J. Scott Greer of counsel), for respondents (one brief filed).

L. PRISCILLA HALL, J.P., LEONARD B. AUSTIN, SANDRA L. SGROI, and FRANCESCA E. CONNOLLY, JJ.

**Opinion**
*969 In an action, inter alia, for a judgment declaring that the plaintiffs cured any alleged breach of a sublease between the parties, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Grossman, J.), dated April 3, 2014, as granted the plaintiffs' motion for summary judgment declaring that they had cured any alleged breach of the parties' sublease.

ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, *970 Putnam County, for the entry of a judgment, inter alia, declaring that the plaintiffs cured any alleged breach of the parties' sublease.

As the Supreme Court properly determined, the plaintiffs cured any alleged breach of a provision in a sublease between the parties requiring them to maintain liability insurance by procuring new insurance policies in compliance with the terms of the sublease (see Metropolitan Transp. Auth. v. Kura Riv. Mgt., 292 A.D.2d 230, 739 N.Y.S.2d 668). The defendant's contention that it is entitled to a judgment declaring that the prior insurance policies held by the plaintiffs constituted a breach of the sublease is not properly before this Court, as the defendant did not seek such a declaration in the Supreme Court (see Valley Forge Ins. Co. v. ACE Am. Ins. Co., 79 A.D.3d 736, 737, 913 N.Y.S.2d 289; see also Rosenzweig v. Freidland, 84 A.D.3d 921, 926, 924 N.Y.S.2d 99; County of Orange v. Grier, 30 A.D.3d 556, 817 N.Y.S.2d 146).

**Sears Holdings Corp. v. Lake Plaza Shopping Center, LLC, 143 A.D.3d 969 (2016)**
40 N.Y.S.3d 449, 2016 N.Y. Slip Op. 07015

In any **\*\*450** event, this contention has been rendered academic, as the new insurance policies procured by the plaintiffs cured the alleged breach (*see BLT Steak, LLC v. 57th St. Dorchester, Inc.*, 93 A.D.3d 554, 940 N.Y.S.2d 603; *see also Westchester County Indus. Dev. Agency v. Morris Indus. Bldrs.*, 278 A.D.2d 232, 233, 717 N.Y.S.2d 279). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment declaring that they had cured any alleged breach of the parties' sublease.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Putnam County, for the entry of a judgment, inter alia, declaring that the plaintiffs cured any alleged breach of the parties' sublease (*see Lanza v. Wagner*, 11 N.Y.2d 317, 334, 229 N.Y.S.2d 380, 183 N.E.2d 670).

**All Citations**

143 A.D.3d 969, 40 N.Y.S.3d 449, 2016 N.Y. Slip Op. 07015

---

**End of Document**                                                                 © 2018 Thomson Reuters. No claim to original U.S. Government Works.