# EXHIBIT F

STATE OF NEW YORK
SUPREME COURT          COUNTY OF NIAGARA

---

EVELYN M. WELD and
THOMAS H. WELD,

                *Plaintiffs*,

    -vs-

KMART CORPORATION, COUNTY OF NIAGARA,
and NIAGARA REALTY (NY), LLC,

                *Defendants.*

**DEFENDANTS' COMBINED
DEMAND RESPONSES**

Index No. E155511/2015

---

Defendants and, Kmart Corporation and Niagara Realty (NY), LLC ("Responding Parties"), by their attorneys, Barclay Damon, LLP, for its Response to the Combined Discovery Demands of Plaintiffs Evelyn M. Weld and Thomas H. Weld, dated June 11, 2015, state as follows:

### GENERAL OBJECTIONS

A.     Responding Parties object to any request that calls for communications of any kind between Responding Parties and their counsel that are protected by the attorney-client privilege.

B.     Responding Parties objects to any request that calls for trial preparation or other information prepared in anticipation of, as a result of, or relating to litigation, or that is otherwise protected by the work-product doctrine or other applicable privilege or protection from disclosure.

C.     Responding Parties objects to any request to the extent it purports to impose upon Responding Parties any obligation beyond those imposed by the New York Civil Practice Law and Rules ("CPLR").

D.     Responding Parties objects to any request to the extent it employs imprecise specifications of the information sought. In particular, terms such as "any and all," "consist of," "concern," "refer," and other like terms do not provide an adequate classification of the information sought. Where such terms

films, video tapes, movies or other visual reproductions or depictions, including out-takes, of any of the following:

    a. The scene of the occurrence alleged in the complaint;

    b. All instrumentalities involved;

    c. Any other materials, subjects or elements reflecting on liability.

RESPONSE: All photographs in Responding Parties' possession that are responsive to this demand were provided by Plaintiff's counsel and are attached hereto as **Exhibit A**.

## DEMAND FOR INSURANCE

4. INSURANCE: A statement setting forth the existence of any and all insurance agreements, including excess or additional insurance, under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment, together with the limits of liability, identity of the insured(s), identity of the insurance carrier(s), and amount of the deductible interest (if applicable) under said policy or policies, a copy of the face sheet of said policy(s) as well as a statement as to the total number of claims made against the policy(s), the amounts already paid from the policy(s), and the net amount of coverage remaining, *Brandes v. North Shore Univ. Hosp.*, 1 A.D.3d 549, 767 N.Y.S.2d 667(2003). If there are no other claims pending or paid, an affirmative statement to that effect is required, *Greenwald v. Eiseman*, 120 A.D.2d 564, 502 N.Y.S.2d 56 (1986). A statement from counsel of the limits of liability will not be accepted. If the aforesaid insurance agreements have or are modified during the pendency of the litigation as to limits of available coverage, or amounts of indemnification including agreements relative to "bad faith", immediate notification is herein demanded.

RESPONSE: Responding Parties object to this request as overly broad and burdensome; the request seeks material that is irrelevant and not reasonably calculated to lead to discoverable evidence. Subject to and without waiving the foregoing, Responding Party Kmart Corporation is responsible for the first $5,000,000 of every loss.

## DEMAND FOR SURVEILLANCE

5. SURVEILLANCE: Pursuant to *DiNardo v. Koronowski*, 252 A.D.2d 69, 684 N.Y.S.2d 736 (4th Dep't 1998) any and all surveillance materials relative to the trial of this action, including, but not limited to films, video-tapes, photographs and/or investigative notes depicting or describing the Plaintiff(s) and it is further demanded that plaintiffs be provided with complete copies of all such films or materials including outtakes, together with the identity of the photographer or investigator who filmed, taped or otherwise recorded the activities of the Plaintiff(s), *Barrowman v. Niagara Mohawk Power Corp.*, 252 A.D.2d 947, 675 N.Y.S.2d 734 (4th Dep't 1998).

## DEMAND FOR SIMILAR ACCIDENTS/INCIDENTS

9. SIMILAR ACCIDENTS/INCIDENTS: (other than motor vehicle incidents) Complete copies of Complaints, claims, notices and records of similar accidents, incidents or conditions for a period of one year prior and subsequent to the date of the accident/incident herein. *Petty v. Riverbay Corp.*, 92 A.D.2d 525, 459 N.Y.S.2d 441 (1st Dep't 1983): *Klatz v. Armor Elevator Co., Inc.*, 93 A.D.2d 633, 462 N.Y.S.2d 677 (2d Dep't 1983).

RESPONSE: Responding Parties object to this request on the grounds that the request is overly broad and burdensome; that the request seeks information concerning incidents and injuries not substantially the same as or similar to the incident involved in this case; that the request, as framed, requires Responding Parties to speculate concerning the similarity of incident patterns and hazards, and that some of the information sought is neither relevant, material nor necessary to the resolution of this case, and is not reasonably calculated to lead to the discovery of admissible evidence.

## DEMAND FOR CERTIFICATE OF TITLE

10. CERTIFICATE OF TITLE: A copy of the certificate of title of the vehicle(s) involved in or out of which this accident occurred.

RESPONSE: Not applicable.

## DEMAND FOR LEASE AGREEMENTS

11. LEASE AGREEMENTS: A copy of any and all lease or sublease agreements pertaining to the vehicle and/or premises involved in or relating to this mater.

RESPONSE: Not applicable.

DATED:    August 21, 2015    BARCLAY DAMON, LLP

By: _____
   Matthew J. Rosno

*Attorneys for Defendants*
Kmart Corporation and

BARCLAY DAMON, LLP

94230-17.1    -6-