**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Creditor, iStar Jewelry LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(WHITE PLAINS)

| | |
|---|---|
| In Re:<br><br>SEARS HOLDINGS CORPORATION, et. al.<br><br>Debtor. | Case No.: 18-23538 (RDD)<br>(Jointly Administered)<br><br>Chapter 11 Proceeding<br>Hon. Robert D. Drain, U.S.B.J.<br><br>Hearing Date: October 25, 2018 |

**LIMITED OBJECTION OF ISTAR JEWELRY LLC d/b/a STANLEY CREATIONS TO DEBTORS' MOTION FOR APPROVAL OF PROCEDURES FOR STORE CLOSING SALES AND ASSUMPTION OF LIQUIDATION CONSULTING AGREEMENT**

**PLEASE TAKE NOTICE** iStar Jewelry LLC ("iStar"), by an through the counsel, Brach Eichler L.L.C., hereby tenders its limited objection to the Debtors' Motion for Approval of (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement *[Docket Entry # 23]* (the "Motion"). In support of its objection, iStar respectfully states as follows:

1.   iStar and debtors, Sears Holding Corporation, Kmart Corporation and Sears Roebuck and Co. (all and singularly, the "Debtors"), are parties to a consignment agreement (the "Consignment Agreement") entered into in on May 23, 2013, which was assigned to iStar on September 1, 2016, pursuant to which they entered into a consignment arrangement for certain jewelry products (the "Goods").

2. Under the Consignment Agreement, iStar shipped and delivered Goods to the Debtors, but retained title and ownership of the Goods until it was scanned by the Debtors at the register.

3. The Consignment Agreement requires the Debtors to pay iStar within fifteen (15) days of the sale.

4. iStar hereby joins in the objections of the Debtors' consignment creditors, as set forth in objections no. 211, 224, 242, 243 and 260, and incorporates the arguments raised therein, pursuant to the decision reached by the Bankruptcy Court in In re Whitehall Jewelers Holdnigs, Inc., Case No.: 08-11261, 2008 WL 2951974, * 8 (Bankr. D. Del. July 28, 2008).

5. iStar further requests that the proceeds of any Goods sold to the Debtors under the Consignment Agreement must be held in trust in accordance with the Court's October 18, 2018 Order Authorizing the Debtors to (I) Maintain Certain Trust Fund Programs, (II) Release Certain Funds Held in Trust, and (III) Continue to Perform and Honor Related Obligations. *[Docket Entry # 167]*.

6. Without consent of iStar or receipt of adequate protection, the procedures proposed by the Debtors in their Motion must be rejected by the Court.

## **CONCLUSION**

Wherefore, iStar respectfully requests this Honorable Court to deny the Debtors' Motion, as it relates to consigned goods.

Dated:    October 24, 2018
         Roseland, New Jersey

                          **BRACH EICHLER L.L.C.**
                          Attorneys for Creditor, iStar Jewelry LLC
                          101 Eisenhower Parkway
                          Roseland, New Jersey  07068-1067


                          By: /s/ Anthony M. Rainone
                                Anthony M. Rainone, Esq.

BE:9998262.1/CHE228-270469