ALSTON & BIRD LLP
Leib M. Lerner (*Admitted Pro Hac Vice*)
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
Email: leib.lerner@alston.com

-and-

James J. Vincequerra
90 Park Avenue
New York, NY 10016-1387
Telephone:  (212) 210-9400
Facsimile:  (212) 210-9444
Email: James.Vincequerra@alston.com

*Attorneys for Twentieth Century Fox Home Entertainment LLC*

**Hearing Date/Time: October 25, 2018 at 2:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, *et al.*,                        :    Case No. 18-23538 (RDD)
                                                             :
                    Debtors.                                 :    (Jointly Administered)
-------------------------------------------------------------

### OBJECTION AND JOINDER OF TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC IN THE LIMITED OBJECTIONS OF VARIOUS CONSIGNMENT VENDORS TO DEBTORS' MOTION FOR APPROVAL OF (I) STORE CLOSING SALES AND (II) ASSUMPTION OF LIQUIDATION CONSULTING AGREEMENT

Twentieth Century Fox Home Entertainment LLC ("Fox") hereby files this objection and joinder (the "Joinder") to the objections filed by (i) Clover Technologies Group, LLC (Docker # 211); (iii) Shanti Corporation d/b/a Vijay Gold Designs (Docket #242); (iii) Rosy Blue, Inc.; and (iv) Sakar International Inc. (Docket #243) (collectively the "Consignment Vendor Objections") to the Motion of Debtors For Approval of (I) Procedures

1

---

[1] Capitalized terms not defined herein are as defined in the Motion.

for Store Closing Sales and (ii) Assumption of Liquidation Consulting Agreement dated October 15, 2018 (Docket # 23) filed by the above-captioned debtors (the "Debtors"). In support of this Joinder, Fox respectfully represents as follows:

### INTRODUCTION

1. In the Motion, the Debtors seek permission to, among other things, liquidate the Debtors' Inventory located in one hundred forty two (142) of the Debtors' retail store locations (collectively, the "Closing Stores") through certain store closing or liquidation sales pursuant to that certain Amended and Restated Agency and Consulting Services Agreement between Abacus Advisors Group, L.L.C., as Agent, and Sears Holding Management Corporation, as agent for Kmart Corporation and Sears, Roebuck & Co., as the Company.

2. While Fox does not object to the conduct of the sale at the Closing Stores, Fox joins in the Consignment Vendor Objections and submits that any order granting the Motion and authorizing such sales, should provide that the proceeds of the sale of any SBT Merchandise (as defined below) belonging to Fox and on consignment with the Subject Debtors must be held in trust for Fox, as a Trust Fund Counterparty in accordance with this Court's Order Authorizing the Debtors to (I) Maintain Certain Trust Fund Programs, (II) Release Certain Funds Held in Trust, and (III) Continue to Perform and Honor Related Obligations (the "Trust Order"), entered on October 18, 2018 (Docket # 167).

3. This relief is particularly necessitated by the Debtors' pending requests to grant liens on its assets, as more fully set forth in the Debtors' Motion for Authority to (A) Obtain Post-Petition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing (the "DIP Motion") and in this Court's Interim Order (I) Authorizing the Debtors to (A) Obtain Post-

2

Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (IV) Granting Related Relief (the "Interim DIP Order"), entered on October 16, 2018 (Docket # 101).

## BACKGROUND AND OBJECTION

4. Fox and Sears Holding Management Corporation, as agent for Kmart Corporation and Sears, Roebuck and Company (collectively, the "Subject Debtors"), are parties to that certain Scan-Based Trading and Consignment Agreement, as of March 24, 2014 (the "Consignment Agreement"). Pursuant to the Consignment Agreement, Fox provided certain merchandise (the "SBT Merchandise") to the Subject on a consignment basis in which Fox "retains title and ownership of such merchandise" until purchased by the Subject Debtors (as provided for under the Consignment Agreement). The Consignment Agreement further provides that Fox has a security interest in the "SBT Merchandise (and proceeds)". Fox provided notice of its security interest to all known parties asserting a lien or security interest in the Subject Debtors' inventory and further properly perfected its security interest in and to the SBT Merchandise filing of the applicable UCC-1 financing statements with the Secretary of State for the State of New York (Sears, Roebuck and Company) and Michigan (K-Mart Corporation) on April 27, 2017. By such notice and filing, Fox maintains a first priority perfected consignment security interest in the SBT Merchandise and the proceeds of the sale thereof.

5. Pursuant to the Consignment Agreement, Fox delivered the SBT Merchandise to the Subject Debtors but retained title and ownership of the Merchandise until it is scanned by the Subject Debtors at the register, at which time it is purchased and then resold to the retail customer.

6. By letter dated October 24, 2018, Fox, through its counsel, served written notice of its right, title and first priority perfected interest in and to the SBT Merchandise (as identified by Fox, as currently being on hand with the Subject Debtors) and, pursuant to the Consignment Agreement and U.C.C. § 9-324, made demand for the immediate: (i) return to Fox of the SBT Merchandise identified by Fox; and/or (ii) remittance of such portion of the proceeds from the sale of any SBT Merchandise sufficient to pay Fox for such goods, as well as any of the SBT Merchandise previously sold by the Subject Debtors but not otherwise paid for.

7. As set forth above, Fox has no objection to the conduct of the sales at the Closing Stores, or to the inclusion of the SBT Merchandise, so long at Fox receives all amounts that is owed to it on account of such SBT Merchandise that is sold during such sales, as provided for under the Consignment Agreement. However, neither the definition of Inventory in the Motion, nor the definition of Inventory in the Consulting Agreement make any distinction between the sale of the Subject Debtor's owned inventory and inventory the Subject Debtors are holding on consignment and for which title to such goods remains with the subject vendors.

8. Accordingly, regardless of whether Fox's transactions with the subject Debtors constitute a consignment or give rise to a purchase money security interest, Fox holds title to the Merchandise and its interests therein are senior to any liens or claims held by any other party.

9. Nonetheless, according to the Motion, the Debtor intends to use the proceeds from the sale of the Merchandise for liquidity and to pay down the DIP financing. Motion, ¶ 36. The Motion fails, however, to address the rights of consignment vendors like Fox.

10. Since the Consignment Agreement provides that the Subject Debtors are obligated to pay Fox within fifteen (15) days of the sale of Merchandise to the retail customer, the proposed sale of the Merchandise in the Store Closing Sales has the effect of forcing Fox to

4

sell goods on credit to the Debtor, post-petition, without its consent and without any adequate protection.

11. In the absence of appropriate treatment as a Trust Fund Counterparty as set forth in the Trust Order, or other appropriate and adequate protection of its rights in and to the Merchandise acceptable to Fox, Fox objects to the liquidation sale of its Merchandise at the Store Closing Sales. Courts have rejected sales of consigned goods absent adequate protection to or consent from the consignment vendors. *See In re Whitehall Jewelers Holdings, Inc.*, Case No. 08-11261, 208 WL 2951974, at 8* (Bankr. D. Del. July 28, 2008) (bankruptcy court refused to allow debtors to sell consigned goods absent providing adequate protection to or consent from the consignment vendors). *See also In re Sports Authority Holdings, Inc. et al.*, Case No. 1610527 (MFW) (Bankr. D. Delaware), at Docket # 1704 (the bankruptcy court ruled to the extent that a consignment vendor delivered goods to the debtors pre or post petition on a consignment basis, the debtors could sell the consigned goods pursuant to the consignment agreements but were directed to remit the portion of the proceeds of such goods allocable to the consignment vendors to the consignment vendors).

## **CONCLUSION**

12. Based on the foregoing, the Motion should be denied as to the Fox SBT Merchandise, unless the Debtors agree that any proceeds from the sale of such SBT Merchandise shall be held in trust for Fox and that the Debtors shall timely remit amounts due to Fox are a result of such sales of SBT Merchandise as provided for under the Consignment Agreement.

Dated: New York, New York
October 24, 2018

Respectfully submitted,

/s/ James J. Vincequerra
James J. Vincequerra
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
Tel:    212-210-9400
Fax:   212-210-9444
Email: James.Vincequerra@alston.com

- and –

Leib M. Lerner (Admitted *Pro Hac Vice*)
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
Email: Leib.Lerner@alston.com

*Attorneys for Twentieth Century Fox Home Entertainment LLC*