Miriam R. Stein
Chuhak & Tecson, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 855-6109
Email: mstein@chuhak.com

Counsel to MJ Holding Company, LLC

Hearing Date/Time: October 25, 2018 at 2:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**OBJECTION AND JOINDER OF MJ HOLDING COMPANY, LLC IN THE LIMITED OBJECTIONS OF CONSIGNMENT VENDORS TO DEBTORS' MOTION FOR APPROVAL OF (I) STORE CLOSING SALES AND (II) ASSUMPTION OF LIQUIDATION CONSULTING AGREEMENT**

MJ Holding Company, LLC ("MJH") files this objection and joinder (the "Objection") to the objections filed by (i) Clover Technologies Group LLC (Dkt. 211); (ii) Shanti Corporation d/b/a Vijay Gold Designs (Dkt. 242); (iii) Rosy Blue, Inc. (Dkt. 243) and (iv) Sakar International Inc. (Dkt. 260) (collectively, the "Consignment Vendor Objections") to the Motion of Debtors for Approval of (i) Procedures for Store Closing Sales and (ii) Assumption of Liquidation Consulting Agreement dated October 15, 2018 (Dkt. 23) filed by the above-captioned debtors (the "Debtors"). In support of this Objection, MJH respectfully represents as follows:

1. In their Motion, the Debtors seek, among other things, authority to liquidate the Debtors' inventory located in 142 of the Debtors' retail store locations (collectively, the "Closing Stores") through store closing or liquidation sales pursuant to an Amended and Restated Agency

and Consulting Services Agreement between Abacus Advisors Group, as agent, and certain of the Debtors.

2. While MJH does not object to the Debtors' liquidation at the Closing Stores, MJH joins in the Consignment Vendor Objections and objects to the Debtors' liquidation of consigned goods without payment of the sale proceeds to perfected consignment vendors.

3. MJH and Sears Holdings Corporation, as agent for Kmart Corporation and Sears Roebuck & Co. are parties to that certain Scan-Based Trading and Consignment Agreement dated November 23, 2009 (the "Consignment Agreement"). Pursuant to the Consignment Agreement, MJH provided certain merchandise (the "Consigned Goods") to the Debtors on a consignment basis in which MJH "retains title and ownership of such merchandise" until purchased by the Debtors (as provided for under the Consignment Agreement). The Consignment Agreement further provides that MJH has a security interest in the Consigned Goods and proceeds.

4. MJH provided notice of its security interest to all known parties asserting a lien or security interest in the Debtors' inventory and further properly perfected its security interest in and to the Consigned Goods by filing the applicable UCC-1 financing statements with the Secretary of State for the State of Michigan (K-Mart Corporation) on December 1, 2009 (and continuing statement filed on June 3, 2014). By such notice and filing, MJH maintains a first priority perfected consignment security interest in the Consigned Goods and the proceeds of the sale thereof.

5. Pursuant to the Consignment Agreement, MJH delivered the Consigned Goods to the Debtors but maintained title and ownership of the Consigned Goods until such goods are scanned by the Debtors at the register, at which time the goods are purchased and resold to the retail customer.

6. As set forth above, MJH does not object to the conduct of sales at the Closing Stores or to the inclusion of any remaining Consigned Goods in these sales, provided that MJH receives all amounts that it owed to it on account of the Consigned Goods which are sold during the liquidation sale(s), as provided under the Consignment Agreement. However, neither the Motion nor the proposed Order differentiate between the sale of Debtors' owned inventory and inventory that the Debtors hold on consignment, which title remains with the subject vendors. The failure to address this issue is problematic for MJH and violates the terms of the Consignment Agreement and this Court's Order authorizing the Debtors to (i) maintain certain trust programs, (ii) release certain funds held in trust, and (iii) continue to perform and honor related obligations, entered on October 18, 2018 (Dkt. 167).

7. Moreover, courts have rejected sales of consigned goods absent adequate protection to or consent from the consignment vendors. *See In re Whitehall Jewelers Holdings Inc.*, Case No. 08-11261, 208 WL 2951974, at *8 (Bankr. D. Del. July 28, 2008) (bankruptcy court refused to allow debtors to sell consigned goods absent providing adequate protection to or consent from the consignment vendors); *see also In re Sports Authority Holdings, Inc. et al.*, Case No. 16-10527 (MFW) (Bankr. D. Del.)(Dkt. 1704).

8. The Debtors cannot sell what they do not own without the consent of MJH, as the owner of the goods, or without providing adequate protection to MJH, in the form of immediate payment of the proceeds of sale.

## Conclusion

9. Based on the foregoing, the Motion should be denied as to the Consigned Goods unless the Debtors agree that any proceeds from the sale of the Consigned Goods shall be held in

trust for MJH and the Debtors shall timely remit amounts due to MJH on account of such sale(s) as provided for under the Consignment Agreement.

Dated: Chicago, Illinois
October 25, 2018

Respectfully submitted,
CHUHAK & TECSON, P.C.

By: /s/ Miriam R. Stein
Miriam R. Stein
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 855-6109
Email: mstein@chuhak.com