UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDING CORPORATION, ,<br>*et als.,*<br><br>Debtors | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered)<br><br>Objection Deadline: October 25, 2018<br><br>Hearing Date: November 1, 2018 at 2:00 p.m. (ET) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PHILLIPS EDISON & COMPANY AND LEVIN MANAGEMENT CORPORATION TO DEBTORS' MOTION FOR AUTHORITY TO (A) OBTAIN POSTPETITION FINANCING (B) USE CASH COLLATERAL; (C) GRANT CERTAIN PROTECTIONS TO PREPETITION SECURED PARTIES, AND (D) SCHEDULE SECOND INTERIM HEARING AND FINAL HEARING**

Phillips Edison & Company and Levin Management Corporation (the "Landlords"), by and through their counsel, Stark & Stark, P.C., hereby file the following limited objection and reservation of rights (the "Objection") to the above-captioned debtors' (the "Debtors") Motion for Authority to (A) Obtain Post petition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing, and Final Hearing (the "Financing Motion"). In support of the Objection, the Landlords respectfully state as follows:

**BACKGROUND**

1. On or about October 15, 2018 (the "Petition Date"), Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2. Upon information and belief, Debtors operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

1

3. Landlords, as agents for landlords or directly as landlords, are parties to unexpired leases (the "Leases") of nonresidential real property (the "Premises") with one of the Debtors within several shopping centers (collectively the "Shopping Centers"). Each of the Premises are part of a "shopping center" as that term is referred to in Bankruptcy Code §365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d. 1081 (3d Cir. 1990). As such, Landlords are entitled to the protections of that section for the Premises within the Shopping Centers.[1]

4. On or about October 15, 2018, Debtors filed the Financing Motion. An interim order was entered on October 16, 2018 [Document No. 101].

5. As of today's date, Debtors have yet to inform Landlords of their intentions regarding all of the Leases for the Premises.

6. Both pre-petition and post-petition rents for the Premises, respectively have not been paid. Landlords reserve their right to assert additional amounts, including rent, reconciliation charges, damages, attorneys' fees and costs.

## OBJECTIONS

**Stub Rent and Other Post-Petition Rent Should Be Paid Immediately & Provided in Budget**

7. Debtors' Motion seeks authorization to obtain post-petition financing and to use cash collateral and provide adequate protection to fund operating needs including the closure of numerous stores and rejection of numerous lease agreements.

8. Upon information and belief, the budget does not provide for the immediate payment of rent due and owing to Landlords for stub rent – the amounts between October 15, 2018 through October 31, 2017 (the "Stub Rent").

9. Further, it does not appear that the budget has provided for adequate amounts to be placed in reserve for Stub Rent.

---

[1] Due to the voluminous nature of the leases, Landlords reserve the right to provide a copy of the leases upon request.

4848-9867-6601, v. 2

10. Debtors' continuing use and occupancy of the Premises is critical to Debtors' ongoing operations. The use and occupancy of the Premises provides an actual, necessary, and ongoing benefit to Debtors, and the Court should require Debtors to pay Landlords Stub Rent. Authorizing use of the Premises for the benefit of the Debtors and the DIP Lenders without payment of Stub Rent is not supported by applicable law.

11. Landlords should not be forced to bear the risk of administrative insolvency, while other parties in interest benefit from ongoing operations and the store optimization plan. See e.g., *In re ZB Company, Inc.*, 302 B.R. 316, 320 (Bankr. D. Del. 2003) (holding that rent should be paid to landlords on a per diem basis during the pre-rejection period in order to avoid the potential that the landlord could be left with an allowed administrative claim against an administratively insolvent estate).

12. As a condition to granting the Financing Motion, the Court should require that payment be remitted to Landlord for post-petition rent for the use of the Premises for the benefit of the Debtors and the lenders.

**Oppose Waiver of § 506(c) and 552(b)(2) Protections**

13. In addition, Landlords oppose waivers of § 506(c) and 552(b)(2).

14. Courts may require payment of Stub Rent under Section 506(c) of the Bankruptcy Code. This section provides that a trustee or debtor in possession may recover from property securing an allowed secured claim the "reasonable, necessary costs and expenses of preserving or disposing of, such property to the extent of any benefit to the holder of such claim …." 11 U.S.C. § 506(c);

15. The basis for Section 506(c) is that unsecured creditors should not be forced to bear the costs of preserving a secured creditor's collateral. *See In re Evanston Beauty Supply Inc.*, 136 B.R. 171, 175 (Bankr. N.D. Ill. 1992). "Ample case authority exists which permits lessors to recover under Section 506(c) provided that the standards for recovery are met." *In re World*

*Wines, Ltd.*, 77 B.R. 653, 658 (Bankr. N.D.Ill.1987). The standards for recovery of a Section 506(c) surcharge are that the services were necessary and beneficial to the lender. *Visual Ind., Inc.*, 57 F.3d at 325. The Debtors and the lenders are the primary beneficiaries of the post-petition use and sales at the Premises, and there is no legitimate reason that they should not pay for that benefit.

16. Courts may surcharge lenders for post-petition rents and related charges owed to them for storing lender's collateral, as necessary and directly beneficial to the lender. *In re Scopetta-Senra Partnership III*, 129 B.R. 700 (Bankr.S.D.Fla.1991) (holding that landlord who provided post-petition lease space provided benefit to the secured creditor by storing its collateral, and ensuring the debtor's continued operations); *In re Gain Electronics Corp.*, 138 B.R. 464, 465 (Bankr. D.N.J. 1992); *In re World Wines, Ltd.*, 77 B.R. at 658 (holding that landlord was entitled payment from the bank for the use and occupancy of its premises for storage of wine pursuant to Section 506(c)); *In re Proto–Specialties*, Inc., 43 B.R. 81 (Bankr. D. Ariz.1984).

17. Here, the Premises are being used to sell the lenders' collateral. In addition, the post-petition use of the Premises allows for the continuing operations of the Debtors and the ability to sell the Debtors' assets and inventory. The Stub Rent owing to Landlords are reasonable and necessary costs for the preservation and disposal of the lenders' collateral, and provides them with a direct benefit. Moreover, allowing the lenders access to storage and preservation and disposition of collateral at no cost would "result in a windfall benefit to the lenders to the detriment of a third party." <u>In re So Good South Potato Chip Co.</u>, 116 B.R. 144, 146 (Bankr. E.D.Mo.1990). Based on the above, the Court should require the payment of Stub Rent for the preservation of the DIP and Prepetition Secured Lenders' collateral under Section 506(c).

18. The Court should not allow Debtors to place the financing of their case on the backs of

4

Landlords, while using the Landlords' Premises, and should also not allow the surcharge waivers contemplated by the Financing Motion.

**Stub Rent as Adequate Protection**

19. Landlords request that Stub Rent should be paid as adequate protection under section 363(e).  This section authorizes the granting of adequate protection to creditors. See, *In re Intran Corp.,* 62 B.R. 435 (Bankr. D. Minn. 1986) (debtor obligated to pay its use of leased property); Regarding property lessors, like Landlords, courts have granted adequate protection. See, e.g., *Matter of Cont'l Airlines, Inc.*, 154 B.R. 176, 180 (Bankr. D. Del. 1993) (adequate protection available under § 363(e) for a decrease in value due to the use, sale, or lease of an entity's interest in property); *In re P.J. Clarke's Restaurant Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) ("landlord's  right to adequate protection seems to follow clearly from the language of Section 363(e)..."); *In re Ernst  Home  Center,  Inc.*, 209  B.R.  955,  966-67  (Bankr.  W.D.  Wash. 1997)  (finding that adequate protection is available to  real  property  lessors  under Section 363(e));

20. Here, it is appropriate for adequate protection to take the form of immediate cash payments for post-petition use of the Premises.  See 11 U.S.C. § 361. *In re Kellstrom Indus., Inc.*, 282 B.R. 787, 794 (Bankr. D. Del. 2002).

### JOINDER IN OBJECTIONS RAISED BY
### OTHER LANDLORDS AND RESERVATION OF RIGHTS

21. To the extent consistent with the objections expressed herein, Landlords also join in the objections of other shopping center landlords to the Financing Motion. Further, Landlords reserve all rights to make further and or future objections.

**WHEREFORE**, Landlords respectfully requests that Stub Rent be paid immediately and the waivers under § 506(c) and 552(b)(2) be denied, and for such other and further relief as the

4848-9867-6601, v. 2

Court deems proper.

|  |  |
|---|---|
| Dated: October 25, 2018 | **STARK & STARK**<br>**A Professional Corporation**<br><br>By: /s / *Thomas S. Onder*<br>　　　Thomas S. Onder<br>　　　Joseph H. Lemkin<br><br>993 Lenox Drive<br>Lawrenceville, NJ 08648<br>(609) 219-7458 (direct)<br>(609) 896-9060 (main)<br>(609) 895-7395 (facsimile)<br>Attorneys for Phillips Edison & Company,<br>and Levin Management Corporation |

4848-9867-6601, v. 2