UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
In re:                                      )    Chapter 11
                                            )
SEARS HOLDINGS CORPORATION., et al.,[1]     )    Case No. 18-23538 (RDD)
                                            )
Debtors.                                    )    (Jointly Administered)
_____)

**LIMITED OBJECTION OF YANG MING TO DEBTOR'S
MOTION FOR AUTHORITY TO (A) OBTAIN
POSTPETITION FINANCING, (B) USE CASH COLLATERAL, (C) GRANT
CERTAIN PROTECTIONS TO PREPETITION SECURED PARTIES,
AND (D) SCHEDULE SECOND INTERIM HEARING AND FINAL HEARING**

Yang Ming (America) Corp. and Yang Ming Marine Transport Corp. (collectively "Yang Ming"), hereby files its objection (the "Objection") to the Debtors' Motion for Authority to (A) Obtain Post-petition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing, dated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

October 15, 2018 (Dkt. No. 7) (the "Motion") filed by the above-captioned debtors (the "Debtors"). In support of this Limited Objection, Yang Ming respectfully represents as follows:

## INTRODUCTION

1. The Motion indicates that Bank of America, N.A., as collateral agent ("BofA"), is the first lien holder. Yang Ming submits that with respect to certain containerloads of cargo under the custody and control of Yang Ming, this is not accurate. Rather, Yang Ming holds a priority possessory security interest in the Debtors' merchandise loaded inside containers in Yang Ming's possession (the "Merchandise") for unpaid freight, demurrage and charges due Yang Ming post-petition.

2. To the extent that the Debtors seek a priming lien in Merchandise subject to Yang Ming's possessory interest, Yang Ming objects to the relief sought in the Motion.

## BACKGROUND

3. Yang Ming has the Merchandise in its possession or under its control. By the time of the hearing on the Motion, it is expected that approximately 130 containers will have been discharged from ocean vessels and placed "on hold" at terminals and storage locations under Yang Ming's control.

4. Yang Ming is or will soon be owed more than $ 250,000.00 for unpaid freight plus demurrage and additional charges incurred in connection with the handling of the Merchandise.

5. Innovel Solutions, Inc. as agent for Sears Holdings Management Corporation and its Affiliates as defined in the Contract (collectively, the "Merchants") are parties to certain Yang Ming bills of lading and Service Contract no. 491817 ("Contract") (bills of lading, incorporated tariffs and Contract, collectively, the "Agreement") governing the transportation of Merchants'

commodities or merchandise between the origin and destination locations listed in the Agreement.

6.  For centuries, courts have held that people who own and operate a vessel have a lien on the cargo transported on their ships. *The Bird of Paradise*, 72 U.S. (5 Wall.) 545, 555, 18 L.Ed. 662 (1866) ("Legal effect of such a lien is, that the ship-owner, as carrier by water, may retain the goods until the freight is paid, or he may enforce the same by a proceeding *in rem* in the District Court."); *In re 4,885 Bags of Linseed*, 66 U.S. (1 Black) 108, 113, 17 L.Ed. 35 (1861) ("The lien of the carrier by water for his freight, under the ordinary bill of lading, although it is maritime, yet it stands upon the same ground with the carrier by land, and arises from his right to retain the possession until the freight is paid, and is lost by an unconditional delivery to the consignee.").

7.  In addition, Yang Ming's bills of lading contain the following lien provision:

> The Carrier shall have a lien on Goods and any documents relating thereto (including this Bill), which shall survive delivery and release of such Goods, for any and all sums payable to the Carrier under the contract and/or any other contracts between the Carrier and the Merchant whether or not related to or concerned with the Carriage and expenses incurred by the Carrier for the account of the Merchant and for general average and salvage contributions to whomsoever due and for the costs of recovering same and for any penalties and assessments charged to the Carrier as a result of its Carriage of Goods. In order to recover any sums due the Carrier shall have the right to sell Goods by public auction or private treaty without notice to the Merchant. If on sale of Goods, the proceeds fail to cover the amount due and the costs and expenses incurred, the Carrier shall be entitled to recover the deficit from the Merchant.

8.  In *World Imports Ltd. v. OEC Group*, the United States Court of Appeals for the Third Circuit upheld a carrier's lien on a currently held cargo for freight charges that were owed by the shipper on other cargo that had already been delivered. *In re World Imports, Ltd. v OEC Group New York*, 820 F.3d 576,580-581 (3d Cir. 2016). In other words, a carrier's possessory

lien can be extended by contract, even in circumstances where the carrier has surrendered possession of the original goods.

9. "[B]ecause it would frustrate commerce to require shipowners to retain their liens only by actual possession of the implicated cargo, a shipowner enjoys a strong presumption that, absent a clear indication to the contrary, he has not waived his cargo lien upon the delivery of that cargo." *In re World Imports Ltd.*, 820 F.3d at 584 (footnotes omitted).  See also *Norden V. 25,001.078 Metric Tons of Fly Ash,* 308 F.Supp.3d 693 (SDNY 2018) (applying *In re World Imports*).

10. Yang Ming has not waived any of its possessory liens on the Merchandise.

11. The Contract contains the following provision:

> Notwithstanding Carrier's Terms under its bill of lading, Carrier shall have no lien on freight charges of any cargo moving hereunder, without prejudice to Carrier's rights to exercise a lien in the following circumstances: : i) general average or salvage events; ii) where Merchant takes affirmative steps to commence a bankruptcy or other similar legal proceeding to reorganize or obtain protection from creditors.  In such instances, Carrier agrees to release such liens upon the provision of reasonable security, as determined by Carrier, including but not limited to bonds or letters of undertaking from Merchant or Affiliate's underwriters. General average shall be governed in accordance with the York/Antwerp Rules 1974 as amended in 1990 and 1994

12.  This provision of the Contract, which pertains to "freight charges of any cargo", did not affect the lien of Yang Ming on the Merchandise.

13. "Freight charges of any cargo" is not Merchandise.

14. The provisos of the Contract do not waive Yang Ming's lien on the Merchandise.

15.  Debtors' took affirmative steps to commence a bankruptcy or other similar legal proceeding to reorganize.  See, Declaration of Robert A. Riecker, para. 10 - 12, 43 - 54  (Dkt. 3).

16. Since Debtors took such steps, the Contract cannot be said to amount to a waiver of any of Yang Ming's rights in the Merchandise or "[f]reight charges of any cargo".

17. To maintain perfection of its interest in the Merchandise, Yang Ming continues to possess the Merchandise on notice to the Debtors.

18. As a priority secured party, Yang Ming is entitled to receive its collateral or the value of the collateral up to the amount of all unpaid freight, demurrage and charges due or to become due post-petition. Since post-petition freight, demurrage and other charges are not yet paid, Yang Ming is entitled to retain possession of the Merchandise to secure its claim so that it may ultimately execute its maritime lien on the cargo.

19. Any freight charges or demurrage due for the post-petition period constitute amounts that are secured by the Merchandise.

## OBJECTION

20. Yang Ming objects to the Motion to the extent that it seeks to grant a priming lien on the Merchandise or the proceeds thereof. Such a priming lien should not be granted given that (i) the Debtors have not satisfied in full Yang Ming's possessory liens, (ii) Yang Ming does not consent, and (iii) the Debtors have failed to offer any form of adequate protection to Yang Ming.

## CONCLUSION

21. Based on the foregoing, the Motion should be denied to the extent the Debtors seek a priming lien in the Merchandise.

Respectfully submitted,

Dated: October 25, 2018        GELLERT SCALI BUSENKELL & BROWN LLC
Philadelphia, PA

/s/ Gary F. Seitz
8 Penn Center
1628 John F. Kennedy Blvd, Suite 1901
Philadelphia, PA 19103

gseitz@gsbblaw.com
215-238-0011
Counsel to Yang Ming (America) Corp. and Yang Ming Marine Transport Corp. (collectively "Yang Ming")

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October 2018, a true and correct copy of the foregoing was sent by ECF Noticing to all parties receiving ECF Notices in these chapter 11 cases.

 /s/ Gary F. Seitz
Gary F. Seitz