WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
In re                                          :
                                               :        Chapter 11
SEARS HOLDINGS CORPORATION, et al.,            :
                                               :        Case No. 18-23538 (RDD)
                                               :
            Debtors.¹                          :        (Jointly Administered)
---------------------------------------------------------------x
```

**NOTICE OF HEARING ON APPLICATION**
**OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY**
**WACHTELL, LIPTON, ROSEN & KATZ AS SPECIAL COUNSEL**
**FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed application (the "**Application**"), of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for authority, but not direction, to retain and employ Wachtell, Lipton, Rosen & Katz ("**Wachtell**") as special counsel for the Debtors for those matters described herein, effective *nunc pro tunc* to the Commencement Date, all as more fully set forth in the Application, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **November 15, 2018 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Order*

WEIL:\96748487\9\73219.0006

*Implementing Certain Notice and Case Management Procedures*, entered on October 17, 2018

(ECF No. 139), so as to be filed and received no later than **November 8, 2018 at 4:00 p.m.**

**(Eastern Time)** (the "**Objection Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and

served with respect to the Application, the Debtors may, on or after the Objection Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Application, which order may be entered without further notice or opportunity to be heard.

      **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted upon default.


Dated: October 29, 2018
     New York, New York

                /s/ Sunny Singh            
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York  10153
                Telephone:  (212) 310-8000
                Facsimile:  (212) 310-8007
                Ray C. Schrock, P.C.
                Jacqueline Marcus
                Garrett A. Fail
                Sunny Singh

                *Proposed Attorneys for Debtors*
                *and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Joint Administration Requested)** |

---------------------------------------------------------------x

**APPLICATION OF DEBTORS FOR**
**AUTHORITY TO RETAIN AND EMPLOY**
**WACHTELL, LIPTON, ROSEN & KATZ AS SPECIAL COUNSEL**
**FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represent in support of this Application (the "**Application**"):

## Background

1.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York* (the "**Riecker Declaration**") (ECF No. 3).[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

WEIL:\96748487\9\73219.0006

## Jurisdiction

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.     By this Application, the Debtors request authority, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), but not direction, to retain and employ Wachtell, Lipton, Rosen & Katz ("**Wachtell**") as special counsel for the Debtors for those matters described herein, effective *nunc pro tunc* to the Commencement Date.  Such relief, including any and all authorizations or payments requested herein, shall be subject to and implemented in accordance with the provisions of the Cash Collateral/DIP Orders.

6.     A proposed form of order granting the relief requested in this Application is attached hereto as **Exhibit A** (the "**Proposed Order**").

7.     In support of the relief requested herein, the Debtors submit the Declaration of Amy R. Wolf, of counsel to Wachtell (the "**Wolf Declaration**"), attached hereto as **Exhibit B**.

## Scope of Wachtell's Services

8.     Wachtell has a longstanding relationship with the Debtors, having acted as general corporate counsel in numerous matters over a period of many years.  As general corporate counsel for the Debtors, Wachtell has been involved in and has expertise in various matters for the Debtors (the "**Wachtell Matters**").  These matters have included negotiating and

WEIL:\96748487\9\73219.0006

structuring asset sales and other disposition transactions, including real estate matters, advising on various financing transactions, negotiating agreements with the Pension Benefit Guaranty Corp., and advising on significant litigation matters, including the CCAA proceeding for Sears Canada. In addition, from time to time, Wachtell has represented the Debtors with other matters. It is possible that such engagements could arise or expertise could be required during the course of these chapter 11 cases.[3]

9. The Debtors require and will continue to require Wachtell's services with respect to certain of the Wachtell Matters, and such other new, discrete matters that may arise during these chapter 11 cases. Wachtell will also be able to provide the Debtors and their restructuring advisors with knowledge and expertise regarding historical matters and issues that may affect the Debtors' chapter 11 cases. Wachtell will not serve as the Debtors' general or special bankruptcy counsel and will not advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.

10. Subject to approval of this Application, Wachtell has informed the Debtors that it is willing to serve as the Debtors' special counsel and to perform the services, to the extent required, on similar matters to those described above.

### Wachtell's Qualifications

11. The Debtors selected Wachtell as its legal counsel because of its stellar reputation and expertise. In addition, the Debtors have employed Wachtell for well over 10 years as its general corporate counsel. By virtue of such prior engagement, Wachtell is intimately familiar with the facts and history of the company and retention of Wachtell will promote the efficient administration of the chapter 11 cases.

---

[3] The Debtors seek authorization from this Court to employ Wachtell in connection with both the Wachtell Matters and any new matters that may arise during these chapter 11 cases upon the terms set forth in this Application.

12. Wachtell's services will not be duplicative of work performed by Weil or any other advisor retained by the Debtors. Additionally, if the Debtors are required to retain different counsel for the Wachtell Matters or the Debtors' general, non-bankruptcy legal work, the Debtors will have to expend significant resources and expense in ensuring that new counsel becomes familiar with the Debtors' business affairs and the Wachtell Matters.

13. In light of the foregoing, Wachtell is both well qualified and uniquely able to represent the Debtors as special counsel pursuant to section 327(e) of the Bankruptcy Code, and Wachtell's retention would be in the best interest of the Debtors' estates, creditors, and other parties in interest.

## Wachtell's Disinterestedness

14. To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Wolf Declaration, Wachtell has represented that it neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

15. The Debtors have been informed that Wachtell will supplement its disclosure to the Court if any facts or circumstances are discovered that would require additional disclosure.

## Wachtell's Compensation

16. The current hourly billing rates for Wachtell professionals expected to spend significant time on the engagement range from $950 to $1400 for partners and of counsel, $500 to $925 for associates, and $250 to $325 for paralegals.[4] In addition to the hourly billing rates set forth herein, Wachtell customarily charges its clients for all reimbursable expenses

---

[4] Such hourly rates are subject to change from time to time in the regular course of Wachtell's business.

incurred, including photocopying charges, messengers, courier mail, overtime, overtime meals, late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, computer research, and similar items. The Debtors respectfully submit that Wachtell's rates and policies, as stated in the Wolf Declaration, are reasonable

17.     The Debtors understand and have agreed that Wachtell will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (collectively, the "**Fee Guidelines**"), sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further orders of the Court for all professional services performed and expenses incurred after the Commencement Date.

18.     Prior to the Commencement Date and as set forth in the Wolf Declaration, Wachtell received total payments in the amount of $1,370,577.28 during the ninety (90) day period prior to the Commencement Date for services performed and expenses incurred.

19.     To the best of the Debtors' knowledge, neither Wachtell nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code. Wachtell has agreed not to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the

6

Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among Wachtell's partners.

## No Duplication of Services

20.    The Debtors intend that the services of Wachtell will complement, and not duplicate, the services being rendered by other professionals retained in these chapter 11 cases. Wachtell understands that the Debtors have retained and may retain additional professionals during the term of the engagement, and Wachtell will work cooperatively with such professionals to integrate any work conducted by the professionals on behalf of the Debtors.

## The Relief Requested Should Be Granted

21.    Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).   Bankruptcy Rule 2014 requires that applications for retention of professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

22.    In light of the size and complexity of these chapter 11 cases, the Debtors respectfully submit that retaining and employing Wachtell pursuant to the terms of this

Application is necessary and in the best interests of the Debtors' estates and all parties in interest to these chapter 11 cases. As set forth in the Wolf Declaration, Wachtell has represented the Debtors for many years and has in-depth knowledge of the Debtors' various businesses, assets, and liabilities. The services to be provided by Wachtell will not overlap with, but rather will compliment, the services to be provided by the Debtors' general bankruptcy counsel, Weil, Gotshal & Manges, LLP. Wachtell has also represented to the Debtors that it neither holds nor represents any interest that is materially adverse to the Debtors' estates in connection with any matter on which it would be employed

## Notice

23. Notice of this Motion will be provided in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 139) (the "**Case Management Order**"). The Debtors respectfully submit that no further notice is required.

24. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WEIL:\96748487\9\73219.0006

WHEREFORE the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just.

Dated: October 29, 2018
      New York, New York

                                       SEARS HOLDINGS CORPORATION
                                       (for itself and on behalf of its affiliates as
                                       Debtors and Debtors in Possession)

                                       /s/ Mohsin Y. Meghji
                                       NAME:  Mohsin Y. Meghji
                                       TITLE:  Chief Restructuring Officer

WEIL:\96748487\9\73219.0006

**Exhibit A**

**Proposed Order**

WEIL:\96748487\9\73219.0006

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

In re                                   :

                                     :       **Chapter 11**

**SEARS HOLDINGS CORPORATION**, *et al.*,    :

                                     :       **Case No. 18-23538 (RDD)**

                                     :

                Debtors.[1]            :       **(Jointly Administered)**

----------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
## OF WACHTELL, LIPTON, ROSEN & KATZ AS SPECIAL COUNSEL
## FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application, dated October 26, 2018 (ECF No. [●]) (the "**Application**")[2]

of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(e) of

title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(a) of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

entry of an order authorizing the Debtors to retain and employ Wachtell, Lipton, Rosen & Katz ("**Wachtell**") as special counsel for the Debtors for those matters described therein, effective *nunc pro tunc* to the Commencement Date, all as more fully set forth in the Application; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Application on November 15, 2018 (the "**Hearing**"); and upon the Declaration of Amy R. Wolf, filed contemporaneously with the Application, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to retain Wachtell as special counsel for the Debtors, effective *nunc pro tunc* to the Commencement Date, and Wachtell is authorized and directed to perform the general legal services described in the Application.

2

3.      Wachtell shall be compensated in accordance with, and shall file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any further order of the Court.

4.      Wachtell shall be reimbursed for reasonable and necessary expenses.

5.      Wachtell shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

6.      The Debtors and Wachtell are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

8.      To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
            White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\96748487\9\73219.0006

**Exhibit B**

**Wolf Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

## DECLARATION OF AMY R.
## WOLF IN SUPPORT OF APPLICATION OF
## DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY
## WACHTELL, LIPTON, ROSEN & KATZ AS SPECIAL COUNSEL
## FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

I, Amy R. Wolf, under penalty of perjury, declare as follows:

1.       I am of counsel to the firm of Wachtell, Lipton, Rosen & Katz

(**"Wachtell"**), a law firm whose offices are located at 51 West 52nd Street, New York, NY 10019.

Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if

called and sworn as a witness, I could and would testify competently thereto.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2. This Declaration is made in support of the application (the "**Application**")[2] of Sears Holdings Corporation ("**SHC**") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for Authority to Retain and Employ Wachtell, Lipton, Rosen & Katz as special counsel for the Debtors *Nunc Pro Tunc* to the Commencement Date, which was filed contemporaneously herewith.

3. Wachtell is a firm of 283 lawyers with one office, located in New York City. The firm has expertise in, *inter alia*, the fields of mergers and acquisitions, strategic investments, corporate and securities law, and corporate governance, as well as litigation and corporate restructuring.

4. Wachtell has a longstanding relationship with the Debtors, having acted as general corporate counsel in numerous matters over a period of many years. As general corporate counsel for the Debtors, Wachtell has been involved in and has expertise in various matters for the Debtors (the "**Wachtell Matters**"). These matters have included negotiating and structuring asset sales and other disposition transactions, including real estate matters, advising on various financing transactions, negotiating agreements with the Pension Benefit Guaranty Corp., and advising on significant litigation matters, including the CCAA proceeding for Sears Canada. In addition, from time to time, Wachtell has represented the Debtors in connection with other matters. It is possible that such engagements could arise or expertise could be required during the course of these chapter 11 cases.

5. In performing such services, Wachtell will charge the Debtors the rates set forth in the Application. Wachtell intends to apply to the Court for allowance of compensation

_____

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Application.

WEIL:\96748487\9\73219.0006

and reimbursement of expenses incurred after the Commencement Date in connection with the services it provides as special counsel in accordance with the *Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals M-412*, dated December 21, 2010 (Gonzalez, C.J.); the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases M-447*, dated January 29, 2013 (Morris, C.J.); and the United States Trustee Program's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58)* (collectively, the "**Fee Guidelines**"); sections 330 and 331 of the Bankruptcy Code; the Bankruptcy Rules; the Local Rules; and any further orders of the Court, both in connection with the Application and the interim and final fee applications to be filed by Wachtell in these chapter 11 cases. In addition, Wachtell will make all reasonable efforts to comply with requests from the U.S. Trustee for information and additional disclosures as set forth in the Fee Guidelines.

6.     I have reviewed a list of the Creditors holding the 40 Largest Unsecured Claims filed by the Debtors. At this juncture, and as set forth in further detail herein, Wachtell is not aware of any relationship that would present a disqualifying conflict of interest. Should Wachtell discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Wachtell will make all reasonable efforts to promptly file a supplemental declaration.

7.     To the best of my knowledge, and solely based upon information provided to me by the Debtors, neither Wachtell nor any Wachtell Professional has any interest that is materially adverse to the Debtors, their creditors, or other relevant parties with respect to any matter upon which Wachtell is to be engaged in these chapter 11 cases.

3

8.     Wachtell has represented and will continue to represent clients who may be involved in these chapter 11 cases in connection with matters unrelated to these chapter 11 cases. Of the Debtors' top 40 unsecured creditors, Wachtell has in the past, currently does, and might in the future represent Cardinal Health, Inc., and has in the past represented Whirlpool Corporation. Wachtell currently represents Bank of America Corporation, Wells Fargo & Co, Simon Property Group, Inc., all in connection with matters unrelated to the Debtors. Wachtell in the past has, and might in the future represent Abacus Advisory Consulting Corp. and Tiger Capital. LLC. Wachtell currently represents Seritage Growth Properties in connection with certain limited corporate matters, but does not and will not represent Seritage in connection with these chapter 11 cases. Wachtell has in the past represented ESL Investments, Inc. and affiliates on certain limited matters entirely unrelated to the Debtors, and has not represented ESL or its affiliates entities on any matter since June 2015. In addition, with respect to matters unrelated to these cases, Wachtell and its personnel have and will continue to have relationships in the ordinary course of business with certain financial institutions, landlords, vendors, professionals, and other parties in interest that may be involved in the Debtors' chapter 11 cases. Wachtell also may provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, the Debtors or their chapter 11 cases.

9.     Wachtell and Wachtell Professionals in their individual capacities regularly utilize the services of law firms, accounting firms, and financial advisors. Such firms engaged by Wachtell or any Wachtell Professional may appear in these chapter 11 cases representing the Debtors or other parties in interest. All engagements where such firms represent

4

Wachtell or any Wachtell Professional in their individual capacities are unrelated to these chapter 11 cases.

10.     From time to time, Wachtell Professionals personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds, and other types of investment funds (collectively, the "**Investment Funds**"), through which such Wachtell Professionals indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates, without the Wachtell Professional's knowledge. Individually, Wachtell Professionals do not manage, or otherwise control, such Investment Funds; and have no influence over the Investment Funds' decisions to buy, sell, or vote any particular security. The Investment Funds generally are operated as blind pools, such that when a Wachtell Professional makes an investment in an Investment Fund, he or she has no knowledge of or control over which securities the blind pool will purchase or sell.

11.     To the best of my knowledge, neither Wachtell nor any Wachtell Professional represents any interest materially adverse to the Debtors' estates with respect to any matter upon which Wachtell is to be engaged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed this 29th day of October, 2018

Amy R. Wolf
Of Counsel
Wachtell, Lipton, Rosen & Katz