# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In RE: | ) | Chapter 11 Case Number 18-23538 |
| | ) | |
| Sears Holdings Corporation | ) | JUDGE: **ROBERT D. DRAIN** |
| | ) | |
| Debtor(s) | ) | **MOTION FOR RELIEF FROM** |
| | ) | **STAY TO ALLOW CIVIL** |
| | ) | **LITIGATION TO PROCEED** |

**************************************************************************

Under 11 U.S.C.§362(d) and local rule 4001-1, derived from Former Local Bankruptcy Rule 44(a) Joyce Franklin ("Movant"), by and through counsel, Jaime L. Agnew, moves this Court for relief from the automatic stay imposed by §362(d) of the Bankruptcy Code.

In support of this motion, the Movant states as follows:

## MEMORANDUM IN SUPPORT

1.    That the Movant, Joyce Franklin, is the Plaintiff in a civil action filed against the Debtor, Sears Holdings Corporation, in a case styled, Joyce Franklin vs. Kmart Corporation, et. al, Case No. G-4801-CI-0201803819-000, which Complaint is currently pending in the Lucas County Court of Common Pleas, Lucas County, Ohio and is attached hereto as Exhibit #1 and is incorporated herein by reference. Plaintiff alleges in her Complaint that the Defendant/Debtor engaged in tortious conduct, or an act that injured or interfered with another's person or property, whether intentionally or negligently.

2. That on or around July 8, 2017, the Debtor Sears Holdings Company and each of
its affiliated companies (including Kmart Corporation) filed for bankruptcy
protection under Chapter 11 of the United States Bankruptcy Code, which case was assigned
Bankruptcy Case No. 18-23538 after it was filed in this court, the Southern District of New
York;

3. That upon information and belief, the Debtor has available insurance coverage
against liability for the claims in the civil court actions referenced above. The Movant herein
seeks to proceed with the civil litigation in Lucas County Common Pleas Court, Lucas County,
Ohio for discovery purposes and/or to recover any insurance coverage;

4. That based on the foregoing, the Movant seeks relief from the automatic stay "for
cause" under §362(d)(1) to proceed to recover from Debtor's insurance coverage;

5. That upon information and belief, there is available insurance coverage by which
to cover the claims of the Movant against the Debtor, and allowing the civil action litigation to
proceed will cause no harm to the Debtor or the bankruptcy estate;

6. As the legislative history of §362 shows "it will often be more appropriate to
permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy
estate would result, in order to leave the parties to their chosen forum and to relieve the
bankruptcy court from any duties that may be handled elsewhere." *In re Lamberjack,* 149 B.R.
467, 470 (Bankr. N.D. Ohio 1992) (citing Senate Report No., 989, 95th Cong., 2d Sess.,
50)(emphasis added).

7. That determining as to whether "cause" exists, most Courts "balance the hardship
to the creditor, if they are not allowed to proceed with their lawsuit, against potential prejudice to

the Debtor, Debtor's estate and other creditors." *In re R. J. Groover Constr.*, LLC, 411 B.R. 460,

463-64 (Bankr. N.D. Ga. 2008). In carrying out this balancing test, Courts have considered

numerous factors, including:

(a) Whether relief would result in partial or complete resolution of the issues;

(b) The lack of any connection with or interference with the bankruptcy case;

(c) Whether other proceeding involves the Debtor as a fiduciary;

(d) Whether a specialized tribunal with the necessary expertise has been
established to hear the cause of action;

(e) Whether the Debtor has applicable insurance coverage and said insurer has
assumed full responsibility for defending it;

(f) Whether the action primarily involves third parties;

(g) Whether litigation in another forum would prejudice the interests of other
creditors;

(h) Whether the judgment claim arising from the other action is subject to
equitable subordination;

(i) Whether the Movant's success in the other proceeding would result in a
judicial lien available by the Debtor;

(j) The interests of judicial economy and the expeditious and economical
resolution of the litigation;

(k) Whether the parties are ready for trial in the other proceeding;

(l) The impact of the stay on the parties and the balance of harm.

*In re New York Medical Group*, P.C., 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); see

also *Sonnax Industries, Inc. v. Tri Component Production Corp. (In re Sonnax Industries, Inc.),*

907 F.2d 1280, 1286 (2d Cir. 1990*); Goya Foods, Inc. v. Unanue-Casual*, (*In re Unanue-Casal*)

159 B.R. 90, 96 (D.P.R. 1993) aff'd 23 F.3d 395 (1st Cir. 1994); *In re Busch*, 294 B.R. 137, 141

n.4 (10th Cir. B.A.P. 2003); *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984).  In

weighing these factors, Courts only consider those factors that are relevant to the particular case

at issue and do not assign equal weight to each factor. *In re Mezzeo*, 167 F.3d 139, 143 (2d Cir.

1999). In this case, several of the factors are relevant and all weigh heavily in favor of lifting the

stay so that the Movant can proceed with her tortious claims in the Lucas County Court of

Common Pleas, Lucas County, Ohio.

  8. That determining whether "cause" exists to permit the Movant to proceed with her

circuit court litigation is whether "the interests of the estate" are outweighed "by the hardships

incurred by the creditor-plaintiff." In re Indian River, 293 B.R. at 433. Because no harm will

befall the Debtor and Movant may effectively be prejudiced by delaying his employment claims,

a lifting of the stay is appropriate.


## A. LIFTING THE STAY TO ALLOW THE CIRCUIT COURT LITIGATIONS
## TO PROCEED WILL COMPLETELY RESOLVE THE ISSUES
## BETWEEN THE DEBTOR AND THE MOVANT

  This Court can completely resolve the issues between the parties by lifting the automatic

stay. The only issue that exists between the Movant and the Debtor is the underlying

tort action. If the Court lifts the stay and allows the Movant to proceed and litigate her tort claim

to conclusion, the relationship between the Movant and the Debtor will be over.

## B. LIFTING THE STAY WILL NOT INTERFERE WITH
## THE BANKRUPTCY ESTATE

Whether the common pleas proceedings are connected with or will interfere with the bankruptcy estate also supports lifting the stay. Movant seeks to liquidate his claims in the Lucas County Common Pleas Court in order to recover under the applicable insurance policies and from other non-debtor sources. "Numerous Courts have permitted the stay to be lifted when the Movant is simply seeking to establish the fact and amount of the Debtor's liability and, as in these cases the Movant has stipulated that any recovery will be sought from the Debtor's insurer or a co-defendant." *In re Peterson*, 116 B.R. 247, 250-51 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to move forward." *In re 15375 Memorial Corp.*, 382 B.R. 652, 689 (Bankr. D. Del. 2008); "Where, as here, the Plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay"; *In re Grace Indus., Inc.,* 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006); also see, *In re Todd Shipyards Corp.*, 92 B.R. 600, (Bankr. D.N.J. 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings.")

## C. THE DEBTOR HAS AVAILABLE INSURANCE COVERAGE
## THROUGH ITS INSURANCE CARRIER

The next relevant factor is whether the Debtor has applicable insurance coverage and if an insurance carrier has assumed responsibility for defending the common pleas litigation. If so, then lifting the stay to allow the common pleas litigation to proceed will not prejudice the Debtor.

That upon information and belief, the Debtor has liability insurance coverage for the

periods in which the claims filed by Joyce Franklin took place.

## D. THE DEBTOR IS STILL OPERATING
## STORES FOR PROFIT

Another factor that supports a grant of the motion is the consideration that the Debtor, upon

information and belief, has secured at least $300 million in financing to help keep the company

operational during bankruptcy. If so, lifting the stay to allow the common pleas litigation to

proceed will not prejudice the Debtor, especially where current insurance will need to be in place

 to continue operations.

## E. LIFTING THE STAY WILL NOT PREJUDICE
## OTHER CREDITORS

 Another factor that supports granting the motion to lift the stay is that the Ohio state court

litigation will not prejudice the interests of other creditors. Movant will collect any

judgment against the Debtors solely from the applicable insurance proceeds and/or other non-

debtor sources. Thus, the other creditors in the bankruptcy will not be harmed by granting the

motion because the Movant will not be able to enforce any judgment directly against the Debtor

or its estate. *See R.J. Groover Construction*, 411 B.R. at 465; *In re Loudon*, 284 B.R. 106, 108

(8th Cir. B.A.P. 2002); *In re; G.S. Distribution, Inc.*, 331 B.R. 552, 567-68 (Bankr. S.D.N.Y.

2005) (finding no prejudice to creditors from lifting the stay because Movant will not be able to

enforce judgment without permission of Bankruptcy Court); *In re 15375 Memorial Corp.*, 382

B.R. at 690 (lifting the stay because Movants "recovery against available insurance proceeds will

in no way negatively impact the rights of the handful of other creditors in these cases").

## F. CONTINUING THE AUTOMATIC STAY WILL IMPOSE SUBSTANTIAL HARDSHIPS ON MOVANTS THAT FAR OUTWEIGHT ANY HARDSHIPS ON THE DEBTORS

Movant may effectively be harmed by delaying the civil court action. The mere existence of a bankruptcy action does not deny the Movant the opportunity to prosecute his case. *In re Brock Laundry Machine Co.,* 37 B.R. 564, 566-67 (Bankr. N.D. Ohio 1984). In fact, courts have found that making a plaintiff wait to prosecute a claim puts them at a considerable disadvantage due to the preservation of evidence and loss of witnesses, as well as the length of time to receive a final award. *Id.* Therefore, courts lift the stay under §362(d) and allow Movant/Plaintiff to recover under any applicable insurance policy coverage. *Id.*

### CONCLUSION

"The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a Debtor's assets. A lifting of the stay to allow a Plaintiff-Creditor to determine liability will not affect the estate. It will only allow the Movants to establish the amount of (their) claim. In this respect, a relief from the stay will not violate the purpose for which it was imposed." *In re Brock Laundry Machine Co.,* 37 B.R. at 567. On the other hand, Movant believes the interest of judicial economy will be served by lifting the stay to permit the tortious conduct case to continue, and, if successful, proceed against the Debtor's insurance liability carrier for an award of damages, if any. For the reasons stated above, the Movant herein requests that this Court grant her Motion.

WHEREFORE, Movant hereby requests that this Court enter an Order granting relief

from the automatic stay imposed by 11 U.S.C. §362 and permit the Movant to proceed in the

common pleas action and to proceed against any insurance coverage of the Debtors, Sears

Holdings Corporation and/or Kmart Corporation, et. al.


Respectfully submitted,


/s/ Jaime L. Agnew, Esq.
Jaime L. Agnew (0081919)
**AGNEW Law Office, LLC**
Attorney for Movant
*Admitted Pro Hac Vice*
1144 S. Detroit #140215
Toledo, OH 43614
P: (419) 944-0880
F: (419) 382-1916
jaimeagnew21@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following parties by electronic

notice on this _____ day of October, 2018.


*By Electronic Notice*:

**Attorney For Defendant (Lucas County Common Pleas):**
Keith A. Savidge, Esq. (0014242)
Terese M. Fennell, Esq. (0070871)
Seeley, Savidge, Ebert, & Gourash Co., L.P.A.
26600 Detroit Rd.
Cleveland, OH 44145-2397
(216) 566-8200; (216) 566-0213
Ksavidge@sseg-law.com
tfennell@sseg-law.com

**Attorney For Debtor (Southern District New York):**
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, New York 10153
(212) 310-8000; (212) 310-8007
Ray C. Schrock P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*/s/ Jaime L. Agnew, Esq.*
Jaime L. Agnew (0081919)

FILED
LUCAS COUNTY

2018 SEP 24  PM 12: 30

COMMON PLEAS COU
BERNIE QUILTER
CLERK OF COURTS

# IN THE COURT OF COMMON PLEAS
# LUCAS COUNTY, OHIO

G-4801-CI-0201803819-000
**Judge**
**DEAN P. MANDROS**

| | |
|---|---|
| **JOYCE FRANKLIN** | ) |
| 2129 Clinton St. | ) |
| Toledo, OH 43607 | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| **KMART** | ) |
| 1801 W. Alexis Rd. | ) |
| Toledo, OH 43613 | ) |
| *aka* | ) |
| K-MART CORPORATION, | ) |
| a corporation, K-Mart Management | ) |
| Corporation, K-mart Holdings | ) |
| Corporation, Sears Corporation | ) |
| *also serve* | ) |
| **Sears Holdings Corporation** | ) |
| 3333 Beverly Rd. | ) |
| Hoffman Estates, IL 60179 | ) |
| **Sedgwick Claims Management** | ) |
| Services, Inc. | ) |
| PO Box 14448 | ) |
| Lexington, KY 40512-4448 | ) |
| | ) |
| **Defendant(s).** | ) |

Case No.
Judge:
**COMPLAINT WITH JURY DEMAND**
**ENDORSED THEREON**

Jaime L. Agnew, Esq. (0081919)
jaimeagnew21@gmail.com
AGNEW Law Office, LLC
1144 S. Detroit, #140215
Toledo, OH 43614
Phone: (419) 944-0880

Attorney for Plaintiff Joyce Franklin

************************************************************************

Plaintiff, Joyce Franklin, through counsel, Jaime L. Agnew, Esq., hereby alleges
and avers as follows against Defendant(s) K-Mart, K-Mart Corporation, a corporation, K-
Mart Management Corporation, K-Mart Holdings Corporation and Sears Holdings
Corporation (hereinafter "Defendants" and/or "Kmart"), by and through its' authorized
agents and/or employees:

EXHIBIT 1

1. Plaintiff, Joyce Franklin, is an adult citizen of Ohio, and a resident of Lucas County;

2. Plaintiff is informed and believes and thereon alleges that Defendants "Kmart" was at all relevant times herein a corporation duly organized and existing under the laws of the State of Ohio, and doing business in Lucas County, Ohio. Plaintiff is informed and believes that at other relevant times herein, K-mart merged with, was purchased by, was affiliated with or otherwise associated with, operated jointly with, was a subsidiary of, and/or otherwise was governed and controlled by Defendant Sears Holdings Corporation ("Sears"), which Plaintiff is informed and believes was at times relevant herein duly organized and existing under the laws of the State of Delaware. Plaintiff is informed and believes that Sears does business as K-mart. Both Defendant K-mart and Sears (collectively "K-mart") at all times relevant herein were doing business in Lucas County, Ohio.

3. Plaintiff herein alleges that K-mart Management Corporation is a business entity of form unknown.

4. Plaintiff herein alleges that K-mart Holdings Corporation is a business entity of form unknown.

5. Plaintiff herein alleges that the "aka" names may be fictitious names with the true names and capacities, whether individual, corporate, or otherwise, currently unknown to Plaintiff. When the true names and/or capacities are ascertained, Plaintiff will seek leave to amend, if deemed necessary, to accurately reflect names and/or capacities of the Defendant(s). Plaintiff is informed and believes upon such information and belief alleges that each of the aka or fictitiously named Defendants is responsible in some manner for the occurrences alleged in the Complaint and the Plaintiff's damages as alleged herein were proximately and legally caused by their conduct.

6. Plaintiff is informed and believes upon such information and belief alleges that all times relevant to this action, Defendants were the agents or employees of each other, and in doing the things alleged herein, were acting within the course and scope of their agency and/or employment, and with the permission, knowledge, ratification, consent and/or affirmation of the co-Defendants.

7. Wherever and whenever reference is made to individuals who are not named as Defendants in this action, but were the agents and/or employees of Defendants, or any of them, it is alleged that such individuals, at all time, acted on behalf of the Defendants named in this action within the course and scope or their respective agencies and/or employments.

8. Whenever and wherever reference is made in this Complaint to any conduct of the Defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each Defendant, acting individually, jointly and severally.

9. Jurisdiction and Venue are proper with this Court because the injuries sustained by Plaintiff occurred in the State of Ohio, Lucas County.

EXHIBIT 1

## GENERAL ALLEGATIONS

10. Plaintiff re-alleges and incorporates by reference each and every allegation contained within paragraphs 1 through 9, inclusive, as though set forth at length herein and made a part hereof.

11. That on July 8, 2017, and prior subsequent thereto, the Defendants (K-mart, et al), owned, possessed, controlled, maintained and managed a certain premises commonly described as K-mart, Store # unknown, located at 1801 W. Alexis Rd., Toledo, OH 43613.

12. That on the aforesaid date of July 8, 2017, Plaintiff, Joyce Franklin, was a business invitee and customer of the Defendants in the aforesaid Kmart store, and as such invitee, and customer, she was rightly on said premises.

13. That on the aforesaid date of July 8, 2017, the Plaintiff, Joyce Franklin, was in the furniture section of the store, and then proceeded to the toy section, when she fell due to an unknown liquid substance and/or coffee on the common floor area, which was on the premises of the Defendant K-mart.

14. That it thereon became and was the duty of the Defendants, K-mart, by and through its' duly authorized agents and/or employees, to exercise all due care and caution for the safety of the Plaintiff and other members of the public on its' premises, but the Defendants did not regard its' duty, or use due care on behalf of the Plaintiff, by and through its' authorized agents and/or employees, and negligently and carelessly allowed aforesaid premises unsafe to traverse by customers in its' store.

15. That on the aforesaid date of July 8, 2017, the Defendants, Kmart, by and through its' authorized agents and/or employees, was then and there, negligent in one or more of the following respects:
    a. Carelessly and negligently failed to provide reasonably and safe premises for persons in said aisle;
    b. Carelessly and negligently failed to maintain the aforesaid aisle;
    c. Carelessly and negligently failed permitted a slick unknown substance to be present on the floor in an area where customers traversed;
    d. Carelessly and negligently failed to warn customers of the presence of the unknown liquid and/or coffee on the floor;
    e. Carelessly and negligently failed to clean the unknown liquid and/or coffee on the floor of the aisle after it knew or should have known that the unknown liquid and/or coffee presented a danger to its' customers;
    f. Carelessly and negligently failed to maintain the premises owned by the Defendants in a good and safe condition for the Plaintiff and others;
    g. Failing to otherwise comply with the applicable laws and regulations of the State of Ohio and applicable Federal laws and regulations;
    h. Carelessly and negligently failed to exercise the degree of care required under the circumstances;

EXHIBIT 1

     i.  Otherwise being negligent.

16. That as a direct and proximate result of one or more of the above set forth wrongful acts of negligence on part of the Defendants, by and through its' authorized agents and/or employees, the Plaintiff then and there suffered injuries, incurred severe pain and suffering, incurred medical expenses, lost wages, Plaintiff has, may, and probably will for an indefinite period of time in the future suffer great pain, inconvenience, embarrassment, and mental anguish. Plaintiff has, may and probably will for an indefinite period of time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity, and her overall health, strength and vitality has been greatly impaired, without any negligence of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff demands judgment against the Defendants, Kmart, in the sum of in excess of twenty-five thousand dollars and zero cents ($25,000.00), together with interest and costs of the suit, pursuant to the laws of the State of Ohio, Lucas County, and any other relief the Court deems just and proper.

Respectfully submitted,

Jaime L. Agnew, Esq. (0081919)
Jaimeagnew21@gmail.com
**AGNEW Law Office, LLC**
1144 S. Detroit, #140215
Toledo, OH 43614
Telephone: (419) 944-0880

Attorney  for Plaintiff Joyce Franklin

EXHIBIT 1

### JURY DEMAND

Plaintiff hereby demands that all issues contained in the Complaint which are able

to be tried before a jury, be so tried.

_____

Jaime L. Agnew, Esq.  (0081919)
**AGNEW Law Office, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served upon the following via First

Class U.S. mail, postage prepaid, this _24th_ day of September, 2018.

**Sears Holdings Corporation**
3333 Beverly Rd.
Hoffman Estates, IL 60179

**Sedgwick Claims Management**
Services, Inc.
PO Box 14448
Lexington, KY 40512-4448
Via Email: gary.abrath@sedgwick.com

**Kmart**
1801 W. Alexis Rd.
Toledo, OH 43613

EXHIBIT 1