# FULTZ MADDOX DICKENS
PLC

Laura M. Brymer ▪ (502) 992-5023 ▪ lbrymer@fmdlegal.com                    ATTORNEYS

November 1, 2018

Garrett A. Fail                                                             VIA FEDEX & EMAIL
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
garrett.fail@weil.com

Sears, Roebuck and Co.                                                      VIA FEDEX & FAX
Attn: Vice President and GMM, Home Appliances
3333 Beverly Road, Mail Station: C2-266B
Hoffman Estates, IL 60179
Fax: (847) 286-6195

Sears Holdings Corporation                                                  VIA FEDEX & FAX
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179
Fax: (847) 286-2471

    RE:    RECLAMATION DEMAND BY HAIER U.S. APPLIANCE SOLUTIONS, INC. D/B/A GE APPLIANCES ("GEA") UPON THE DEBTORS IN THE CASES JOINTLY ADMINISTERED UNDER IN RE SEARS HOLDINGS CORPORATION, ET AL., CASE NO. 18-23538 (BANKR. S.D.N.Y.) (THE "DEBTORS")

    As you know, along with Klestadt Winters Jurreller Southard and Stevens, LLP, this firm represents GEA in connection with the above-referenced Chapter 11 bankruptcy proceeding. Demand is hereby made upon the Debtors and their affiliates pursuant to section 546(c) of the United States Bankruptcy Code (11 U.S.C. § 546(c)) and Uniform Commercial Code § 2-702 (810 Ill. Comp. Stat. 5/2-702, or Section 2-702 of the Uniform Commercial Code as applicable in other relevant jurisdictions) or other applicable law for reclamation and return of all goods and merchandise sold to and received by the Debtors from GEA within forty-five days prior to the date the Debtors filed for chapter 11 protection (the "Reclamation Goods"). The Reclamation Goods include, without limitation, those items identified on the schedule enclosed with this letter. Because the schedule is voluminous and contains confidential information, it will not be attached to the Notice of Reclamation Demand filed with the Court. The Reclamation Goods were sold and delivered by GEA in the ordinary course of GEA's business while Debtors were insolvent. Reclamation Goods do not include goods, if any, delivered post-petition that were ordered pre-petition that will be paid for by Debtors as an administrative expense and which Debtors have agreed to pay in the ordinary course pursuant to Court order or that are paid as an administrative expense under 11 U.S.C. § 503(b)(9).



November 1, 2018
Page 2

GEA demands that the Debtors protect and segregate the Reclamation Goods and refrain from selling, disposing, or using the Reclamation Goods for any purpose whatsoever, except those specifically authorized, following notice and a hearing by the Bankruptcy Court. GEA further demands an opportunity to inspect and identify the Reclamation Goods and an accounting of the Reclamation Goods on hand at the time this letter is received and any Reclamation Goods sold after the Debtors filed for Chapter 11 protection.

This letter is not a waiver or relinquishment of any rights or remedies available to GEA, including the right of GEA to assert an administrative claim pursuant to section 503(b)(9) or any other provision of the Bankruptcy Code or other applicable law (which rights are expressly reserved). GEA also reserves the right to amend or supplement this demand and to serve and file additional demands or claims. GEA reserves all other rights, claims, remedies, defenses and offsets to the fullest extent.

Thank you for your attention to this matter.

Sincerely,

Laura M. Brymer

Enclosure
cc:    Phillip A. Martin (*via email*)
       Sean Southard (*via email*)

{01927264}