**Hearing Date and Time: November 15, 2018 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: November 8, 2018 at 4:00 p.m. (Eastern Time)**

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton
Susanna M. Buergel
Robert Britton
Jonathan Hurwitz

*Proposed Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.** [1] | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' APPLICATION FOR AN ORDER**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Hearing Date and Time: November 15, 2018 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: November 8, 2018 at 4:00 p.m. (Eastern Time)**

### AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

**PLEASE TAKE NOTICE** that a hearing on the annexed *Debtors' Application for an Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Financial Advisor for the Debtors Nunc Pro Tunc to the Petition Date* (the "**Application**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2014 and rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 2014-1 and rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **November 15, 2018 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Application shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to

Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Order Implementing Certain Notice and Case Management Procedures*, entered on October 17, 2018 (ECF No. 139), so as to be filed and received no later than **November 8, 2018 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered without further notice or opportunity to be heard.

*[Remainder of page intentionally left blank]*

**Hearing Date and Time: November 15, 2018 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: November 8, 2018 at 4:00 p.m. (Eastern Time)**

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: November 1, 2018
   New York, New York

        */s/ Paul M. Basta*     
        PAUL, WEISS, RIFKIND, WHARTON &
        GARRISON LLP
        1285 Avenue of the Americas
        New York, New York 10019
        Tel: 212-373-3000
        Fax: 212-757-3990
        Paul M. Basta
        Kelley A. Cornish
        Lewis R. Clayton
        Susanna M. Buergel
        Robert Britton
        Jonathan Hurwitz

        *Proposed Counsel for Debtors*
        *and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors. [1] | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

## DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation ("Sears") and its affiliated debtors and debtors in

possession (each a "Debtor" and, collectively, the "Debtors") submit this application

(this "Retention Application") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Proposed Order"), pursuant to sections 327(a) and 328 of title 11 of the United

States Code (the "Bankruptcy Code"), rule 2014 and rule 2016 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Procedure (the "<u>Bankruptcy Rules</u>"), and rule 2014-1 and rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"), authorizing retention and employment of Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "<u>A&M</u>") as the Debtors' financial advisor *nunc pro tunc* to the Petition Date (as defined below), to render services acting solely at the direction of the restructuring sub-committee (the "<u>Restructuring Sub-Committee</u>") of the restructuring committee (the "<u>Restructuring Committee</u>") of Sears' board of directors (the "<u>Board</u>") with respect to certain matters controlled by the Restructuring Sub-Committee (the "<u>RSC Conflict Matters</u>").  In support of this Retention Application, the Debtors rely upon the Declaration of <u>Dennis Stogsdill</u>, a Managing Director at A&M (the "<u>Stogsdill Declaration</u>"), attached hereto as **<u>Exhibit B</u>**, and respectfully state as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327(a), 328, 330, 331, and 1107(b) of the Bankruptcy Code, as supplemented by Rules 2014 and 2016 of the Bankruptcy Rules.

## RELIEF REQUESTED

3.      By this Retention Application, the Debtors seek authority to retain and employ A&M as their financial advisor to render services in connection with the RSC Conflict Matters, solely at the direction of the Restructuring Sub-Committee in accordance with the terms and conditions set forth in the A&M engagement agreement effective as of October 15, 2018

(the "Engagement Letter"), attached hereto as **Exhibit C**.  The Debtors request that the Court approve the retention of A&M as financial advisor to perform the necessary services described herein that will be required during these Chapter 11 Cases.

## Retention of A&M

4.       In light of the complexity of the RSC Conflict Matters in these Chapter 11 Cases, the Restructuring Sub-Committee requires a qualified and experienced financial advisor with the resources, capabilities and experience of A&M to assist its investigation into those matters.  The services of a financial advisor, such as A&M, complement the services provided by the Debtors' other RSC Conflict Matters professionals.

5.       A&M is well qualified to provide the required services in light of its extensive knowledge and expertise with respect to chapter 11 proceedings.  A&M specializes in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, forensic advisory services, and financial and operational restructuring. A&M's debtor advisory services have included a wide range of activities, including developing or validating forecasts, business plans and related assessments of a business's strategic position.

## Postpetition Services

6.       Since A&M was retained by the Debtors, A&M has acquired significant knowledge of the Debtors and has spent material time, together with Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), Young, Conway, Stargatt & Taylor LLP (together with Paul, Weiss, "Counsel"), and Evercore Group L.L.C, assisting with the myriad requirements of the RSC Conflict Matters in these Chapter 11 Cases.  The Debtors believe that A&M has developed significant relevant experience and expertise regarding the Debtors and the unique circumstances of these cases.  For these reasons, A&M is both well qualified and uniquely suited to deal effectively and efficiently with RSC Conflict Matters that may arise in the context of these cases.

## Scope of Services

7.    The terms and conditions of the Engagement Letter were negotiated and reflect the Debtors' and A&M's mutual agreement as to the substantial efforts that will be required in this engagement.   Under the Engagement Letter, in consideration for the compensation contemplated thereby, A&M has provided and has agreed to provide the following financial advisory services to Counsel at the direction of the Restructuring Sub-Committee, to the extent it deems such services necessary, appropriate and feasible:

(a)    the evaluation of any financial and valuation issues raised in connection with the RSC Conflicts Matters investigation (the "Investigation");

(b)    assist in preparation for interviews, examinations and the review of documents and other materials in connection with the Investigation;

(c)    assist in the preparation of reports and other documents that may be necessary in connection with the Investigation; and

(d)    assist in undertaking any additional tasks or duties that the Restructuring Sub-Committee may direct or that Counsel may determine are necessary and appropriate.

## No Duplication of Services

8.    The services that A&M will provide to the Debtors are necessary to enable the Debtors to complete the investigation into the RSC Conflict Matters and to maximize the value of their estates.   A&M will use reasonable efforts not to duplicate the services that other professionals will be providing to the Debtors in these Chapter 11 Cases.  A&M has used and will use reasonable efforts to coordinate with the Debtors and other retained professionals to avoid the unnecessary duplication of services.

**A&M's Disinterestedness**

9.     To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Stogsdill Declaration, A&M:  (i) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee; (ii) does not hold any interest adverse to the Debtors' estates; and (iii) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

10.     In addition, as set forth in the Stogsdill Declaration, if any new material facts or relationships are discovered or arise, A&M will provide the Court with a supplemental declaration.

**Terms of Retention**

11.     Subject to approval by the Court, the Debtors propose to employ and retain A&M to serve as the Debtors' financial advisor on the terms and conditions set forth in the Engagement Letter.

12.     <u>Compensation</u>.   Upon entry of the Proposed Order, A&M will receive $500,000 as a retainer in connection with this engagement, as described in the Engagement Letter. In accordance with the terms of the Engagement Letter, A&M will be paid by the Company for the services of the A&M professionals at their customary hourly billing rates which shall be subject to the following ranges:

    (a)     <u>Restructuring</u>

        i.   Managing Director    $850-1,050

        ii.   Director    $650-800

        iii.  Analyst/Associate    $400-625

(b)    <u>Forensic and Dispute Services</u>

    i.   Managing Director       $775-850

    ii.  Director               $550-750

    iii. Manager             $475-550

    iv. Associate           $250-450

Such rates and ranges shall be subject to adjustment annually at such time as A&M adjusts its rates generally.

13.      In addition, A&M will be reimbursed for the reasonable out-of-pocket expenses of the A&M professionals incurred in connection with this assignment, such as travel, lodging, third party duplications, messenger and telephone charges. In addition, A&M shall be reimbursed for the reasonable fees and expenses of its counsel incurred in connection with the preparation and approval of this Application. All fees and expenses due to A&M will be billed in accordance with any interim compensation orders entered by this Court, and the relevant sections of the Bankruptcy Code, Bankruptcy Rules and the Local Rules.

14.      <u>Indemnification</u>. As a material part of the consideration for which the A&M Professionals have agreed to provide the services described herein, the Debtors have agreed to the indemnification provisions in paragraph 11 of the Engagement Letter.

15.      All requests of A&M for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall A&M be indemnified in the case of its own bad-faith, self-dealing, gross negligence or willful

misconduct.  In no event shall A&M be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, A&M's own bad-faith, self-dealing,  gross negligence, or willful misconduct.

## Fees

16.    The Debtors understand that A&M intends to apply to the Court for allowance of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and guidelines established by the United States Trustee.

17.    Given the numerous issues that A&M may be required to address in the performance of its services, A&M's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the Debtors submit that the fee arrangements set forth herein are reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

## Applicable Authority

18.    The Debtors submit that the retention of A&M under the terms described herein is appropriate under sections 327(a), 328, and 1107(b) of the Bankruptcy Code.  Section 327(a) of the Bankruptcy Code empowers the trustee, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a).  Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that:

(a)    is not a creditor, an equity security holder, or an insider;

(b)      is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(c)      does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.  11 U.S.C. § 101(14).

19.      Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer . . ."  11 U.S.C. § 328(a).  The Debtors submit that the terms and conditions of A&M's retention as described herein, including the proposed compensation and indemnification terms, are reasonable and in keeping with the terms and conditions typical for engagements of this size and character.  Since the Debtors will require substantial assistance with the reorganization process, it is reasonable for the Debtors to seek to employ and retain A&M to serve as its financial advisor on the terms and conditions set forth herein.

## Notice

20.      Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel for Bank of America, N.A., as administrative agent under the First Lien Credit Facility and the DIP ABL Agent; (iv) counsel for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility; (v) counsel for JPP, LLC, as administrative agent under the Second Lien Credit Facility, the IP/Ground Lease Term Loan, and the Consolidated Secured Loan Facility; (vi) counsel for Computershare Trust Company N.A., as indenture trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes; (vii) counsel for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes; (viii) counsel for The Bank of New York Mellon Trust

Company, N.A., as successor trustee for the SRAC Unsecured PIK Notes, the SRAC Unsecured

Notes, and the SRAC Medium Term Notes; (ix) the Pension Benefit Guaranty Corporation; (x) the

Unions; (xi) the Securities and Exchange Commission; (xii) the Internal Revenue Service;

(xiii) the United States Attorney's Office for the Southern District of New York; (xiv) the Banks;

and (xv) Akin Gump Strauss Hauer & Feld LLP as counsel for the Official Committee of

Unsecured Creditors. The Debtors submit that, in view of the facts and circumstances, such notice

is sufficient and no other or further notice need be provided.

21.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

**[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]**

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: November 1, 2018
New York, New York

SEARS HOLDINGS CORPORATION
(for itself and on behalf of each of its subsidiary
debtors as Debtors and Debtors in Possession)

Name: William L. Transier
Title: Director

*[Signature page]*

**<u>Exhibit A</u>**

**<u>Proposed Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                  :
In re:                                            :          **Chapter 11**
                                                  :
**SEARS HOLDINGS CORPORATION,** *et al.*,          :          **Case No. 18-23538 (RDD)**
                                                  :
          Debtors. [1]                            :          **(Jointly Administered)**
                                                  :
-----------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

1.     Upon the retention application (the "Retention Application") of Sears

Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 327(a) and

328 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules") for entry

of an order authorizing the Debtors to retain and employ Alvarez & Marsal North America, LLC

together with employees of its affiliates (all of which are wholly-owned by its parent company and

employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"),

as their financial advisor, in accordance with the terms and conditions set forth in that certain

engagement letter dated as of October 15, 2018 attached to the Retention Application as **Exhibit C**

(including any amendments and schedules thereto, the "Engagement Letter"), *nunc pro tunc* to the

Petition Date, all as more fully set forth in the Retention Application; and upon the Declaration of

Dennis Stogsdill in support of the Retention Application (the "Stogsdill Declaration"); and the

Court having jurisdiction to consider the Retention Application and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*,

dated January 31, 2012 (Preska, C.J.); and consideration of the Retention Application and the

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief

sought in the Retention Application having been provided; and such notice having been adequate

and appropriate under the circumstances, and it appearing that no other or further notice need be

provided; and the Court having held a hearing to consider the relief requested in the Application

(the "Hearing"); and upon the record of the Hearing; and the Court being satisfied, based on the

representations made in the Retention Application and in the Stogsdill Declaration, that A&M is a

"disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code and, as

required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither

represents nor holds an interest adverse to the Debtors or their estates; and the Court having found

and determined that the terms and conditions of A&M's employment, including but not limited to

2

the fees set forth in the Engagement Letter and summarized in the Retention Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Retention Application establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Retention Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

1.      The Application is granted to the extent set forth herein.

2.      The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1 to employ and retain A&M as the financial advisor to the Restructuring Sub-Committee with respect to all RSC Conflict Matters in accordance with the terms and conditions set forth in the Engagement Letter, including the Indemnification Provisions and the fees, annexed to the Retention Application as **Exhibit C**, *nunc pro tunc* to the Petition Date, and to pay fees and reimburse expenses to A&M on the terms and times set forth in the Engagement Letter.

3.      The terms of the Engagement Letter are reasonable terms and conditions of employment and are approved, as hereinafter modified.

4.      Notwithstanding anything to the contrary in the Engagement Letter, the Application, or the Stogsdill Declaration, to the extent that the Debtors request A&M to perform any services other than those detailed in the Engagement Letter, the Debtors shall seek further application for an order of approval by the Court for a supplement to the retention and any related modifications to the Engagement Letter and such application shall set forth, in addition to the additional services to be performed, the additional fees sought to be paid.

3

5.    6.    A&M shall be compensated for fees and reimbursed for out-of-pocket expenses pursuant to section 328 of the Bankruptcy Code in accordance with the terms of the Engagement Letter, and all fees and out-of-pocket expense reimbursements to be paid to A&M, shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as set forth herein.

7.    A&M shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred (including the reasonable fees, disbursements and other charges of A&M's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise)) in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines (the "Fee Guidelines") promulgated by the Office of the United States Trustee (the "U.S. Trustee"), and any applicable orders of this Court.

8.    Notwithstanding anything to the contrary contained herein, the U.S. Trustee shall have the right to object to A&M's interim and final applications for compensation and reimbursement of out-of-pocket expenses based on the reasonableness standard in section 330 of the Bankruptcy Code.

9.    A&M shall include in its fee applications, among other things, time records setting forth, in summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-half hour increments, but A&M shall be excused from keeping time in one-tenth of an hour increments and shall not be required to provide or conform to any schedules of hourly rates for its professionals.

4

10.    The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify and hold harmless A&M, pursuant to the Engagement Letter, subject, during the pendency of these Chapter 11 Cases, to the following:

(a)    All requests by A&M for the payment of indemnification, contribution or otherwise as set forth in the Engagement Letter during the pendency of these Chapter 11 Cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided that in no event shall A&M be indemnified in the case of its own gross negligence, bad faith, or willful misconduct. In no event shall A&M be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, A&M's own bad-faith, self-dealing, gross negligence, or willful misconduct.

(b)    In the event A&M seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in A&M's own applications, both interim and final, and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

11.    To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

12.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13.    Notice of the Retention Application as provided therein shall be deemed good and sufficient notice of such Retention Application and the requirements of the Local Rules are satisfied by such notice.

5

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

16.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

17.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:     White Plains, New York
           _____, 2018

                              _____
                              THE HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

6

**Exhibit B**

**Stogsdill Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                     :        **Chapter 11**
                                           :
**SEARS HOLDINGS CORPORATION,** *et al.*,  :        **Case No. 18-23538 (RDD)**
                                           :
Debtors. [1]                               :        **(Jointly Administered)**
                                           :
---------------------------------------------------------------x

## DECLARATION OF DENNIS STOGSDILL IN SUPPORT OF THE DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Dennis Stogsdill, hereby states under penalty of perjury as follows:

1.     I am a Managing Director with Alvarez & Marsal North America, LLC

(together with employees of its affiliates (all of which are wholly-owned by its parent company

and employees), its wholly owned subsidiaries, and independent contractors, "**A&M**"), a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

restructuring advisory services firm with numerous offices throughout the country.  I submit this declaration (this "**Declaration**") on behalf of A&M in support of the Debtors' Application for an Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Financial Advisor for the Debtors *Nunc Pro Tunc* to the Petition Date (the "**Application**") on the terms and conditions set forth in the Application and the engagement letter attached to the Application as Exhibit C (the "**Engagement Letter**").  Except as otherwise noted,[2] I have personal knowledge of the matters set forth herein.

## Disinterestedness and Eligibility

2.    A&M together with its professional service provider affiliates (the "**Firm**") utilize certain procedures (the "**Firm Procedures**") to determine the Firm's relationships, if any, to parties that may have a connection to a client debtor.  In implementing the Firm Procedures, the following actions were taken to identify parties that may have connections to the Debtors, and the Firm's relationship with such parties:

(a)    A&M requested and obtained from the Debtors extensive lists of interested parties and significant creditors (the "**Potential Parties in Interest**").[3]  The list of Potential Parties in Interest which A&M reviewed is annexed hereto as Schedule A.  The Potential Parties in Interest reviewed include, among others, the Debtors, prepetition lenders, current and former officers and

---

[2]  Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at A&M and are based on information provided by them.

[3]  The list of Potential Parties in Interest is expected to be updated during these cases.  A&M continues to review the relationships its attorneys may have with potentially interested parties and to determine whether any relationships other than those set forth herein exist.  As may be necessary, A&M will supplement this Declaration if it becomes aware of a relationship that may adversely affect A&M's retention in these cases or discovers additional parties in interest through the filing of statements of financial affairs or statements under Rule 2019.  A&M will update this disclosure if it is advised of any trading of claims against or interests in the Debtors that may relate to A&M's retention or otherwise requires such disclosure.

directors, the forty (40) largest unsecured creditors of the Debtors (on a consolidated basis), certain significant suppliers, parties holding ownership interests in the Debtors, certain significant landlords, certain significant counterparties to material agreements and certain professionals and Court personnel related to these cases.  A&M will continue to compile any known connections between the Firm and the Potential Parties in Interest.  These connections, if any, will be identified in a supplemental declaration, which A&M will promptly file.

(b)    A&M then compared the names of each of the Potential Parties in Interest to the names in its master electronic database of the Firm's current and recent clients (the "**Client Database**").  The Client Database generally includes the name of each client of the Firm, the name of each party who is or was known to be adverse to the client of the Firm in connection with the matter in which the Firm is representing such client, the name of each party that has, or had, a substantial role with regard to the subject matter of the Firm's retention, and the names of the Firm professionals who are, or were, primarily responsible for matters for such clients.

(c)    An email was issued to all Firm professionals requesting disclosure of information regarding:  (i) any known personal connections between the respondent and/or the Firm on the one hand, and certain critical Potential Parties in Interest or the Debtors, on the other hand,[4] (ii) any known connections or representation by the respondent and/or the Firm of any of

---

[4]  In reviewing its records and the relationships of its professionals, A&M did not seek information as to whether any A&M professional or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or through partnerships in which certain A&M professionals have invested but as to which such professionals have no control over or knowledge of investment decisions, securities of the Debtors or any other party in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest.  If any such relationship does exist, I do not believe it would impact A&M's disinterestedness or otherwise give rise to a finding that A&M holds or represents an interest adverse to the Debtors' estates. It is also noted that in the course of our review it came to A&M's attention that A&M personnel own de minimis investments, representing not more than 0.01% of the equity interests in various parties in interest, including but not limited to Bank of America, Citibank NA, Deutsche Bank,

those Potential Parties in Interest in matters relating to the Debtors; and (iii) any other conflict or reason why A&M may be unable to represent the Debtors.

(d)　　Known connections between former or recent clients of the Firm and the Potential Parties in Interest listed on <u>Schedule A</u> were compiled for purposes of preparing this Declaration.  These connections are listed in <u>Schedule B</u> annexed hereto.

3.　　As a result of the Firm Procedures, I have ascertained that, except as may be set forth herein, upon information and belief, if retained, A&M:

(a)　　is not a creditor of the Debtors, an equity security holder of the Debtors (except certain Firm employees may own de <u>minimis</u> amounts representing not more than 0.01% of the equity interests in the related entity, or an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code;

(b)　　is not, and has not been, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c)　　does not have an interest materially adverse to the interests of the Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

4.　　As can be expected with respect to any international professional services firm such as A&M, the Firm provides services to many clients with interests in the Debtors' chapter 11 cases.  To the best of my knowledge, except as indicated below, the Firm's services for such clients do not relate to the Debtors' chapter 11 cases.

5.　　In addition to the relationships disclosed on <u>Schedule B</u>, I note that:

---

General Electric, JP Morgan, Travelers Casualty & Surety Insurance Company of America, Siemens, Verizon and Wells Fargo.

4

(a)      JPMorgan Chase Bank, N.A. ("**JPMC**") together with certain of its affiliates (collectively, "**JPM**") and Wells Fargo Bank, National Association ("**WFBNA**") together with certain of its affiliates (collectively, "**Wells Fargo**") are Potential Parties in Interest. Under a credit facility (the "**Credit Facility**") to A&M's parent company Alvarez & Marsal Holdings, LLC ("**A&M Holdings**"): WFBNA is administrative agent, swingline lender and issuing lender, JPMC is a syndication agent and participating lender and Wells Fargo Securities, LLC and J.P. Morgan Securities LLC are joint lead arrangers and joint book runners and TD Bank and HSBC are participating lenders. In addition to the receipt of interest in their capacity as a lender under the Credit Facility, Wells Fargo and JPM have received certain customary and negotiated fees and reimbursement of expenses in connection with their roles under the Credit Facility.

(b) A&M's affiliate, Alvarez & Marsal Canada ULC, was engaged as a financial advisor to a group of secured creditors of Sears Canada Inc. in connection with its Canadian insolvency proceedings.  That engagement is complete.

(c)      From 2015 to 2017, A&M's affiliates, Alvarez & Marsal Taxand, LLC and Alvarez & Marsal Valuation Services, LLC, were engaged by ESL Investments, Inc. and its subsidiaries and affiliates ("**ESL**") to provide certain calculations used solely for ESL's income tax and financial reporting purposes related to (i) various debt instruments issued by Debtor entities and (ii) the fair value of certain equity interests in Potential Party in Interest Seritage Growth Properties.    Those engagements are complete. A&M's affiliates received approximately $74,157.69 in fees from ESL. Neither of the affiliates nor any of their personnel, including personnel involved in the prior engagement, will be involved in these chapter 11 cases.

5

6.      Further, as part of its diverse practice, the Firm appears in numerous cases and proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who represent claimants and parties-in-interest in the Debtors' chapter 11 cases.  Further, the Firm has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings.  Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtors in matters upon which A&M is to be employed, and none are in connection with these cases.

7.      To the best of my knowledge, no employee of the Firm is a relative of, or has been connected with the United States Trustee in this district or its employees.

8.      Accordingly, to the best of my knowledge, A&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that A&M:  (i) is not a creditor, equity security holder, or insider of the Debtors; (ii) was not, within two years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors; and (iii) does not have an interest materially adverse to the Debtors' estates or of any class of creditors or equity security holders.

9.      If any new material relevant facts or relationships are discovered or arise, A&M will promptly file a supplemental declaration.

## Compensation

10.      Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable United States Trustee guidelines, and the Local Rules of this Court, A&M will seek from the Debtors payment for compensation on an

hourly basis and reimbursement of actual and necessary expenses incurred by A&M.  A&M's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application.  These hourly rates are adjusted annually.

11.    To the best of my knowledge, no commitments have been made or received by A&M with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and A&M has no agreement with any other entity to share with such entity any compensation received by A&M in connection with these chapter 11 cases.

*[Remainder of page intentionally left blank]*

7

12.     By reason of the foregoing, I believe A&M is eligible for employment and retention by the Debtors pursuant to sections 327(a) (as modified by sections 328, 330 and 331 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

Dated this 1st day of November, 2018

By:    /s/_____

Dennis Stogsdill
Managing Director

**Schedule A**
**List of Potential Parties in Interest**

**<u>Debtors</u>**

Sears, Roebuck and Co.
Sears Holdings Corporation
Kmart Holding Corporation
Kmart Operations LLC
Sears Operations LLC
A&E Factory Service, LLC
A&E Home Delivery, LLC
A&E Lawn & Garden, LLC
A&E Signature Service, LLC
FBA Holdings Inc.
Innovel Solutions, Inc.
Kmart Corporation
MaxServ, Inc.
Private Brands, Ltd.
Sears Development Co.
Sears Holdings Management Corporation
Sears Home Improvement Products, Inc.
Sears Protection Company
Sears Roebuck Acceptance Corp.
SRC Sparrow 1 LLC
Sears, Roebuck de Puerto Rico, Inc.
Big Beaver of Florida Development, LLC
California Builder Appliances, Inc.
Florida Builder Appliances, Inc.
KBL Holding Inc.
KLC, Inc.
Kmart of Michigan, Inc.
Kmart of Washington LLC
Kmart Stores of Illinois LLC
Kmart Stores of Texas LLC
MyGofer LLC
Sears Brands Business Unit Corporation
Sears Protection Company (Florida), L.L.C.
SHC Desert Springs, LLC
SOE, Inc.
SRC Sparrow 2 LLC
StarWest, LLC
STI Merchandising, Inc.
Troy Coolidge No. 13, LLC
BlueLight.com, Inc.
Sears Brands, L.L.C.
Sears Buying Services, Inc.
SRC O.P. LLC
KCD IP, LLC [confirm]
Kmart.com LLC
Sears Brands Management Corporation
SRC Facilities LLC
SRC Real Estate (TX), LLC

**Holder of Five Largest Secured Claims**
Bank of America, N.A.,
Citibank, N.A.
JPP II, LLC
JPP, LLC
Wilmington Trust, N.A.


**Secured Lender/Bank**
U.S. BANK TRUST NATIONAL ASSOCIATION,


**Trade Names/Aliases (Up to 8 Years)**
A&E Factory Service
Accents for Less
American Siding & Deck, Inc.
American Windows & Sash, Inc.
Appliance Liquidators
Austin Technology Center
Bath and Kitchen Elegance
Bath and Kitchen Elegance of the Desert
Big Beaver of Caguas Development Corporation
Big Beaver of Caguas Development Corporation II
Big Kmart
Big Kmart (#3680)
Central Wholesale Appliance Supply, Inc.
Chantell Marketing
Circle of Beauty Inc.
Delver
Delver.com
Designer Depot
Eblon Technologies India Private Limited
Evoke Productions
FitStudio by Sears
Florida Builder Appliances, Inc.
Garment Rack
HDC Holding Company of Delaware, Inc.
HO. Tampa Development Co.
HO. Tysons Office Investment Co.
ILJ, Inc.
JAF, Inc.
KC Kelley Group
Kenmore Direct
Kids Stockroom
Kmart
Kmart Acquisition Corp.
Kmart Apparel Corp.
Kmart Apparel Fashions Corp.
Kmart Apparel Leasing Corp.
Kmart Apparel Service of Atlanta Corp.

**Trade Names/Aliases (Up to 8 Years)**

Kmart Apparel Service of Des Plaines Corp.
Kmart Apparel Service of Sunnyvale Corp.
Kmart Corporation
Kmart Enterprises, Inc.
Kmart Far East Limited
Kmart Financing I
Kmart Global Sourcing Ltd.
Kmart Holding Company
Kmart Holdings, Inc.
Kmart Lessee Operations, LLC
Kmart Management Corporation
Kmart Michigan Property Services, L.L.C.
Kmart of Amsterdam, NY Distribution Center, Inc.
Kmart of Pennsylvania LP
Kmart Pharmacies of Minnesota, Inc.
Kmart Pharmacies, Inc.
Kmart Properties, Inc.
Kmart Stores of Indiana, Inc.
Kmart Stores of TNCP, Inc.
KMI, Inc.
Koolvent Aluminum Products, Inc.
Kresge - Kmart Limited
Little Caesars
Max Acquisition Delaware Inc.
McKids
McKids The Store
McPhail's Appliances
MetaScale Technologies India Private Limited
Monark
Monark Holdings Inc.
Monark of California
Monark Premium Appliance Co.
Monark Premium Appliance Co. of Arizona
Monark Premium Appliance Co. of California
MXSV, Inc.
NTB - National Tire and Battery
NTB-National Tire & Battery
PMB, Inc.
Prairie Buck I, Inc.
Prairie Buck II, Inc.
Private Brands, Ltd.
Relay LLC
San Diego Appliance Sales
Sears
Sears #1284
Sears Acquisition Corp.
Sears Auto Center
Sears Auto Center #6582
Sears Auto Centers
Sears Carpet and Upholstery Care, Inc.

**Trade Names/Aliases (Up to 8 Years)**

Sears Essentials
Sears Grand
Sears Grand #1673
Sears Holdings Management Corporation
Sears Home Appliance Showrooms
Sears Home Improvement Products (South), Inc.
Sears Home Services
Sears Home&Life
Sears Lessee Operations, LLC
Sears Logistics Services
Sears Logistics Services, Inc.
Sears Merchandise Group
Sears Merchandise Group, Inc.
Sears New York Insurance Agency
Sears Oklahoma Insurance Agency
Sears Protection Company Inc.
Sears Protection Company, Inc.
Sears Technology Services LLC
Sears, Roebuck de Mexico, S.A. de C.V.
Sears, Wishbook, Inc.
ServiceLive Direct
SHMC, Inc.
Shop Your Way Local, LLC
shopyourway.com
Sourcing and Technical Services, Inc.
SRC O.P. LLC
SRC Real Estate (TX), LLC
Standards of Excellence
Standards of Excellence Outlet Store
Super K
Super Kmart
SUPER KMART CENTER
Super Kmart Center
Texas Bluelight.com Inc.
The Annexx Restaurant
The Great Indoors
Tire Property Holding, Inc.
Tri-Valley Crossings
Troy CMBS Property, L.L.C.
Westar Kitchen & Bath LLC
Westar Kitchen and Bath
Westar Kitchen and Bath, LLC
Western Bluelight.com LLC
WestStar Kitchen and Bath
WestStar Kitchen and Bath LLC

**Secured Lender**

Cascade Investment, L.L.C.
JPP II, LLC

**Secured Lender**
JPP, LLC

**Bank Accounts/Lender/UCC Lien Parties/Administrative Agents/ Revolving Lender**
Ally Bank
Ally Commercial Finance LLC
Banco Popular
Banco Popular de Puerto Rico
Bancorpsouth Bank
Bank Leumi
Bank of America
Bank of America, N.A.
Bank of China
Bank of Oklahoma
BB&T Bank
BNY Midwest Trust Company
Capital One Bank
Cascade Investment, L.L.C.
Centennial Bank
Cherokee State Bank
Citibank
Citibank, N.A.
Citigroup Global Markets Inc.
Citizens Bank
Citizens Business Capital, a division of Citizens Asset Finance Inc.
Citizens National Bank
Commercial International Bank (Egypt) S.A.E.
Commercial Savings Bank
Community Bank NA
Community First Bank
Fifth Third Bank
First and Farmers Bank
First Bank and Trust Company
First Hawaiian Bank
First Interstate Bank of Billings
First Interstate Bank of Riverton
First National Bank
First National Bank in Alamogordo
First National Bank Oelwein
First National Bank of Grayson
First National Bank of Pierre
First Security Bank
First Security Bank and Trust Company
First State Bank
First Tennessee
General Electric Capital Corporation
Hilltop National Bank
Houghton State Bank
HSBC Bank

**Bank Accounts/Lender/UCC Lien Parties/Administrative Agents/ Revolving Lender**
Huntington National Bank
ICBC
Independent Bank East Michigan
Iowa State Bank
JP Morgan Chase Bank
JPP II, LLC
JPP, LLC
Key Bank
M&T Bank
Merrill Lynch, Pierce, Fenner & Smith Incorporated
National Bank and Trust Company of Norwich
Old National Bank
PNC Bank
PNC Bank, National Association
Premierbank
Regions Bank
Shenzhen Development Bank Co Ltd
Siemens Financial Services, Inc.
Standard Bank Ltd. Mauritius
Standard Chartered Bank
TD Bank, N.A.
U.S. Bank Trust National Association
Union Bank
United Missouri Bank
UPS Capital Corporation
US Bank
Wells Fargo Bank
Wells Fargo Bank, National Association
Wesbanco Bank
Western State Bank
Wilmington Trust, N.A.
Woori Bank
Zions National Bank


**Bankruptcy Professionals**
Deloitte & Touche LLP
Weil, Gotshal & Manges LLP
AlixPartners
Wachtell, Lipton, Rosen & Katz


**Beneficial Holder**
SPE I Partners, LP
ESL Partners, L.P.
SPE Master I, LP
RBS Partners, L.P.
ESL Investments, Inc.
Edward S. Lampert

**<u>Director-Officer – Current</u>**

Acquaviva, David L.
Adams, Thomas
Aditya, Pialy
Ainsworth, Julie
Alexander, Robyn L.
Allagapen, Kevin
Allen, Michael T.
Alvarez, Cesar L.
Anderson, Jared
Anderson, Nate
Andresen, Randall B.
Arvia, Thomas A.
Babb, Jonathan C.
Baker, Daena M.
Baker, Robert
Balagna, Jeffrey A.
Barr, James IV
Baxi, Pritam B.
Bellamy, Jasmine N.
Berghel, Victoria S.
Berkowitz, Bruce R.
Bezanson, Llewellyn W.
Bichkoff, Brian W.
Blee, Jeffrey S.
Boerio, Mark
Book, Chris
Bottomly, Glenn D.
Bouchard, Denis R.
Bourque, Mary Ellen M.
Boutros, Peter
Bowden, Jonathan R.
Bowie, Maya
Boyle, Raymond E.
Brathwaite, Christian E.
Brisentine, Mary K.
Brohawn, Timothy M.
Broockerd, Bronson
Brooks, Charles A.
Broome, Donna
Brophy, Daniel M.
Brotnow, Michael J.
Bruder, Kurt
Buckley, Alice I.
Burdett, Jay R.
Burnham, Jacob
Butler, Rhett A.
Calabrese, Frank W.
Carozza, Thomas
Cassey, Justin M.

**<u>Director-Officer – Current</u>**

Catanese, JoAnn
Cates, Brandon T.
Cavnar, James
Chapman, Bradley G.
Chase, Christopher
Chawla, Rakesh
Cherry, Debra
Chung, Eui
Ciovacco, Ryan
Clark, Laura J.
Clarke, Andrew
Collins, Doris D.
Conard, Mark T.
Connow, Daniel E.
Cook, Kelly
Cropp, Derek
Daley, James
Dastagir, Mohammed M.
Dattilo, Anthony F.
Debber, Steven W.
DePodesta, Paul G.
Desalvo, Thomas E.
Deshmukh, Makarand
Dickert, Philip
Dillon, Jason
Douglass, Ronald P.
Drieselman, Daniel M.
Dunaway, Sheila A.
Dvoskin, Vlad
Dybowski, Michael
East, Brian
Ebert, Gregory
Ejarque Lopez, Victor
Elder, Sara E.
Elsasser, Steven M.
Emmanuele, Philip L.
Engfer, Victoria L.
Ennis, Daniel
Eyunni, Kris
Fallon, John J.
Farney, Sean M.
Farrar, Gary D.
Ferguson, Brian D.
Ferguson, Eric T.
Ferrell, Patrick J.
Ferrone, Steven
Finney, Stephen M.
Fleshood, Lesley R.
Foley, Brendan A.
Ford, Christopher

**<u>Director-Officer – Current</u>**

Forney, Kristin J.
Fortuna, Anthony T.
Fournier, Michael
Franceschi, Karen M.
Freitag, Thomas C.
Garg, Parag
Gates, Ryan W.
Geog, Clinton
George, David L.
Gerlach, Robert J. II
Glenn, Scott D.
Glover, Christopher
Glynne, Gareth
Gonzalez, Jesse
Gould, Christopher K.
Gourlin, Franck
Granger, R. Christopher
Grant, Jeffrey F.
Gray, Stuart W.
Green, Katherine L.
Greenfield, Stacy A.
Guha, Angshuman
Gursel, Kubilay
Halffield, David W.
Hand, Anne M.
Harrison, Richard O.
Hassel, Kenik
Hayes, Neil B.
Hayward, Paul G.
Heinz, Nicholas L.
Helsel, Sean L.
Hernandez, Matthew C.
Hicks, Mark D.
Hoeller, William
Hollar, Jason M.
Holmes, John L. Jr.
Hopp, Daniel L.
Horwitz, Sandra E.
Huckins, Scott E.
Humayun, S.M. Usman
Ingersoll, Andrew G.
Irby, Michael D.
Ireland, Vincent A. III
Jaffe, Eric D.
James, Alasdair
Jenchel, Laurence M.
Jenkins, Laura
Jhaveri, Ramya D.
Johnstone, Andrew M.
Jordan, Joseph F.

**<u>Director-Officer – Current</u>**
Joshi, Vishal
Joye, Jennifer L.
Kamlani, Kunal S.
Kandala, Srinivasa A.
Kaner, Brian
Karmona, Moti
Keough, Philip J. IV
Kouatchou, Gide N.
Krishnaswami, Ravi
Krohn, Christopher E.
Kruszewski, Frank M.
Kumar, Alok
Kumar, Simha
Kunkler, William C.
Kurt, Justin S.
Kwan, Brenda Kwai Chu
Lakshman, Girish S.
Lampert, Edward S.
Lange, Mark W.
Lavion, Valerie
Lee, Mitchell K.
Lehlbach, Rebecca L.
Leismer, Andrew J.
Lemmert, Todd C.
Lifson, Dale P.
Lin, Eric
Linnane, William
Little, David W.
Lorenz, John L.
Lukes, David R.
Lummas, David M.
Madelaine, Laurent
Magnabosco, Peter J.
Makechnie, Brendaen K.
Manzau, Horst D.
Marks, Alan
Marks, Seth L.
Marsella, David M.
Marusich, Sam III
Mazouzi, Zine El Abidine
McClearn, Marisa
McCoy, Daniel
McGugan, Christopher L.
McIlvried, Mac D.
McKnight, Diane M.
McLeod, W. Gene
McNerny, Michael
Meerschaert, Lawrence J.
Merchant, Kabir
Mesenbring, James

**Director-Officer – Current**

Michalski, M. Catherine
Middleton-Bjelan, Erin C.
Miller, Alice
Miller, Lori K.
Mitchell, Michael J.
Mitzner, Gary L.
Mollsen, Michael C.
Mondkar, Aloke
Mookherjee, Reetabrata
Moore, Dennis B.
Moore, John
Moore, Jonathan J.
Morgan, Jeff E.
Morrie, Michael V.
Morris, Tiffany L.
Mortimer, Becky A.
Muddada, Vamsi
Multer, Scott H.
Munjal, Leena
Munn, Donald C.
Murphy, Gerard
Naedele, Jr., Robert J.
Nagle, Courtney Q.
Nastasia, Charles Jr.
Newell, A. Jeffrey
Nguyen, Frank
Novak, Laura A.
Nyman, Alfred W. Jr.
O'Connor, J. Michael
O'Malley, Michael
Otterberg, Jonathan C.
Pal, Anindya
Paluch, Paul
Pang, Eileen
Park, Thomas F.
Pastrana Benito, David
Peoples, James
Petrozzi, Ursula A.
Pfabe, John
Phelan, Robert J.
Piccininni, Domenico
Politeski, James
Polouski, Joseph
Pospischel, Gustavo
Prakash, Rajat
Prestinario, Celeste
Qazi, Shoaib A.
Quinn, Jodie M.
Raphael, Howard
Redman Oppenkowski, Misty N.

**<u>Director-Officer – Current</u>**

Reese, Ann N.
Reese, Brian
Reposa, Joseph P.
Reynaud, Nicolas C.J.
Ricchio, Carol R.
Richards, Joseph
Richter, Glenn R.
Ridle, James K.
Riecker, Robert A.
Rita, Carlos
Robbins-Jones, Philip J.
Robertson, Michael A.
Rockoff, Joshua
Rolecek, Terrence E.
Rose, C. Thomas
Sankaran, Vishak
Savillo, Benedicto T.
Scarnati, David A.
Schiele, Tyrone L.
Schoenwolf, Kimberly
Schriesheim, Robert A.
Schuvie, David L.
Schwan, Craig A.
Schwartz, Dean
Schwartz, P. Dean
Seesholtz, Michael
Semisch, Mark
Shanklin, Melinda L.
Sharma, Pallaw
Sharp, Larsen
Shaw, Alan F.
Shears, Rodney
Shellenberger, David A.
Singh, Scherjang
Singhal, Anuj
Sinha, Narendra N.
Sinharoy, Tanuja
Sitley, Stephen L.
Skelley, Sean
Smathers, Karen M.
Smith, Alfred
Smith, Charles
Staelens, thi C.
Stall, Timothy C.
Steckbeck, Todd
Stecko, Eric E.
Stevens, Seth M.
Stewart, Patrick W.
Stollenwerck, S. Jeffrey
Strohl, MIchael D.

**<u>Director-Officer – Current</u>**
Swager, Kenneth J.
Tabor, Candace
Tietze, Fred B.
Tisch, Thomas J.
Tomak, Kerem
Tortorice, Mary E.
Underwood, Randall
Unglo, Samuel J.
Upadhyayula, Sreeharsha
Van Auken, Robert M.
Vidal Panelli, Marino
Wagner, Jason T.
Waity-Fontanetta, Katherine
Walls, Anita
Walsh, Lynn A.
Walsh, Robert B.
Warr, Jason D.
Weber, Robert
Wells, Paris S.
West, Richard J.
Winstead, Russell W.
Wong, Jimmy
Wood, David B.
Yee, Wai Gen
Zachrisen, Espen
Zehrer, Tonia E.
Zielecki, Thomas E.
Zoll, Stephan


**<u>Director- Officer – Former</u>**
Bruce R. Berkowitz, Bruce R.


**<u>Director/Officer – Affiliations – from 10K</u>**
Amazon.com, Inc.
Asurion
Delphi Automotive PLC
Delphi Europe
Ebay Germany
ESL Investments, Inc.,
Fairholme Capital Management, LLC
Fairholme Funds, Inc.
Fairholme Capital Management, L.L.C.
Grubhub, Inc.
Inditex USA
Powertrain Systems
Rand Group
Samsung Electronics Canada
Samsung USA

**Director/Officer – Affiliations – from 10K**
Topshop USA


**Equity Holders**
Fairholme Capital Management, L.L.C.
Fairholme Funds, Inc.
ESL Investments, Inc.


**Landlords – from SEC filing**
Seritage SRC Finance LLC
Seritage KMT Finance LLC
Seritage SRC Finance LLC
Seritage KMT Finance LLC
Seritage Growth Properties
General Growth Properties, Inc. ("GGP")
Simon Property Group, Inc. ("Simon")
The Macerich Company ("Macerich")
CBL and Associates Properties, Inc. ("CBL")


**Top Unsecured Creditors**
American Tire Distributors Inc.
Apex Tool Group LLC
Apparel Sourcing (HK) Limited
Black & Decker US Inc.
Cardinal Health
Chamberlain Manufacturing Corp.
Cleva Hong Kong Ltd.
Collins Co. Ltd.
Cooper Tire & Rubber Company
Dongbu Daewoo Electronics America
East Penn Manufacturing Co Inc.
F & T Apparel LLC
FMI Inc.
Frigidaire Company
General Electric Company
Haddad Apparel Group Ltd.
Hasbro Inc.
Husqvarna Outdoor Products
Icon Health and Fitness
Jordache Limited
Maytag Appliances
Michelin North America Inc.
MKK Enterprises Corp.
MTD Products Inc.
Natural Textile Co. Ltd.
Procter & Gamble Distributing
Prudent International Ltd.
Sealy Mattress Company

**Top Unsecured Creditors**
Serta Incorporated
South China Shoes Products Co.
Tempur Pedic North America LLC
VF Jeanswear Limited Partnership
Waterloo Industries Inc.
Whirlpool Corporation
Whirlpool Kenmore Corporation
Winners Industry Company Limited
Wolverine World Wide Inc.
Xiamen Golden Textile Import
Xiamen Golden Textile Import
Zhejiang Kata Technology Co Ltd.
The Pension Benefit Guaranty Corporation (PUBGC)
SRAC Medium Term Notes
Holdings Unsecured Notes (8.00%)
Holdings Unsecured PIK Notes (8.00%)
SRAC Unsecured Notes
SRAC Unsecured PIK Notes
Whirlpool Corporation
Frigidaire Company
Winia Daewood Electronics America
Cardinal Health
Icon Health and Fitness Inc
HK Greatstar Int'l Co Ltd
Samsung Electronics America HA
Apex Tool International LLC
Black & Decker US Inc
Eastern Prime Textile Limited
Winners Industry Company Limited
Tata Consultancy Services Ltd
Active Media Services Inc
Automotive Rentals Inc


**Unions**
AFL-CIO
International Brotherhood of Electrical Workers
International Brotherhood of Teamsters
International Union of Operating Engineers
Service Employees International Union
The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW)
The United Food and Commercial Workers International Union
United Service Workers Union (USWU)
United Steel Workers Union
Workers United
International Brotherhood of Electrical Workers Local #1075 (IBEW)
International Brotherhood of Electrical Workers Local #1547
International Brotherhood of Teamsters #107
International Brotherhood of Teamsters #150

**Unions**
International Brotherhood of Teamsters #174
International Brotherhood of Teamsters #243
International Brotherhood of Teamsters #348
International Brotherhood of Teamsters #401
International Brotherhood of Teamsters #688
International Brotherhood of Teamsters #705
International Union of Operating Engineers Local # 399 (IUOE)
International Union of Operating Engineers Local #70
The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) #2901
The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) #8275
The United Food and Commercial Workers International Union Local #880
The United Food and Commercial Workers International Union Local #881 (UFCW)
United Service Workers Union (USWU) District 10
United Steel Workers Union District 10
Workers United #196
Workers United #512
United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") Local 8275
UAW Local 2901
UFCW Local 880
UFCW Local 881


**Notice Parties**
Bank of America, N.A., as administrative agent under the First Lien Credit Facility
Citibank, N.A., as administrative agent under the Letter of Credit Facility
JPP, LLC, as administrative agent under the Second Lien Credit Facility
Wells Fargo Bank, National Association, as indenture trustee for the Second Lien Notes
Computershare Trust Company, N.A., as indenture trustee for the SHC Unsecured Notes
BNY Midwest Trust Company, as indenture trustee for the SRAC Unsecured Notes


**8% Senior Unsecured Notes due 2019**
Computershare Trust Company, N.A.
Cede & Co.
Computershare Inc.
Wachtell, Lipton Rosen & Katz LLP


**Indenture**
Ally Bank
Banc of America Securities LLC
Bank of America Merrill Lynch
Bank of America, N.A.,
Barclays Capital Inc.
BNY Midwest Trust Company
Citigroup Global Markets Inc.
Deutsche Bank Securities Inc.
Goldman, Sachs & Co.

**Indenture**

Merrill Lynch, Pierce, Fenner & Smith Incorporated
PNC Bank, National Association
Siemens Financial Services, Inc.
Wells Fargo Bank, National Association
Wells Fargo Securities, LLC


**Insurance**

ACE
Citizens Insurance Company of America
Hibernia Bk
Liberty Mutual Insurance Company
Massachusetts Bay Insurance Company
National Union Fire Insurance Co.
Ohio Bureau of Workers Compensation
Old Republic Insurance Company
Safety National
State of California - Office of Self Insurance Plans (OSIP)
Travelers Indemnity Company
Virginia Surety Company, Inc.,


**Secured Lenders**

BNY Midwest Trust Company
Computershare Trust Company, N.A.
JPP II, LLC
JPP, LLC
Och-Ziff Capital Structure Arbitrage Master Fund Ltd
Och-Ziff Holding Corporation
OZ Management LP
RBS Partners, L.P
UBS AG, Stamford Branch, LLC
UBS Securities LLC
Ally Commercial Finance LLC
Banco Popular de Puerto Rico
Bank of America N.A
Bank of America, N.A.
Cascade Investment, L.L.C
Citibank, N.A.
Citizens Business Capital, a division of Asset Finance, Inc.
Pension Benefit Guaranty Corporation
PNC Bank, National Association
Regions Bank
Siemens Financial Services, Inc.
TD Bank, N.A.
U.S. Bank National Association
UBS Capital Corporation
Wells Fargo Bank, National Association
Citibank, N.A.
Citibank (South Dakota), N.A.

**Bank Accounts**
Bank of America


**Officers and Directors (Current)**
Edward S. Lampert
Robert A. Riecker
Luke J. Valentino
Alan Carr
William Transier


**Board of Directors**
Bruce R. Berkowitz (Former)
Thomas J. Tisch
Paul G. DePodesta
Kunal S. Kamlani
William C. Kunkler, III
Edward S. Lampert
Ann N. Reese


**Beneficial Owners (form 13D – Amend NO. 65) filed 6.5.18**
ESL Partners, L.P. (73.5%)
JPP II, LLC (36.2%)
SPE I Partners, LP (.1%)
SPE Master I, LP  (.2%)
RBS Partners, L.P.  (73.6%)
ESL Investments, Inc. (73.6%)
JPP, LLC  (28%)
Edward S. Lampert (73.6%)


**Joint Venture**
General Growth Properties, Inc. ("GGP")
Simon Property Group, Inc. ("Simon")
The Macerich Company ("Macerich")
Seritage Growth Properties ("Seritage")

**Schedule B**
**Potential connections or related parties**

**Sears**

## Current and Former Clients of A&M and/or its Affiliates [1]

ACE
ADP Inc.
Aetna Resources for Living
AIG Europe Limited
Allianz Global Risks US Insurance Co.
Allstate
Ally Bank
Amazon.com, Inc.
American Express Travel Related Services
American Guarantee & Liability Insurance
Angelo Gordon & Co.
Aon Hewitt
Apex Tool Group
AXA Insurance Company
Axis Insurance Company
Banco Popular de Puerto Rico
BancorpSouth Bank
Bank of America, NA
Bank of China
Bank of Oklahoma
Barclays Capital Inc.
BB&T Bank
Berkshire Hathaway International Insurance
Black & Decker US
Blackhawk Network, Inc.
BNY Midwest Trust Company
Broadspire
Burlington Insurance Company
Capitol One Bank
Cardinal Health
Cigna Group Insurance
Citibank, NA
Citizens Bank
Citizens Insurance Company of America
CNA Financial Corporation
Community Bank
Computershare Inc.

Cooper Tire & Rubber
Deloitte & Touche LLP
Delphi Automotive PLC
Deutsche Bank Securities Inc.
eBay Germany
ESL Investments Inc.
Fairfax Financial Holdings
Fairholme Funds, Inc.
Fifth Third Bank
First Interstate Bank of Billings
First National Bank
First Tennessee
Frigidaire Company
General Growth Properties, Inc.
General Electric Capital Corporation
General Security Indemnity Co. of AZ
Global Aerospace, Inc.
Goldman Sachs & Co.
Great Lakes Reinsurance (UK)
GrubHub, Inc.
Hibernia BK
HSBC Bank
Huntington National Bank
Husqvarna Outdoor Products
ICBC
Illinois National Insurance Company
inVentive Medical Management
Key Bank
Lands End
Liberty Mutual Insurance Company
Lloyds of London Beazley
M&T Bank
Macerich Company
Merrill Lynch Pierce Fenner & Smith
Metropolitan Life Insurance Company
Morgan Stanley Smith Barney
National Union Fire Insurance Co. of
   Pittsburgh
Navigators Insurance Company
Och-Ziff Holding Corporation
Old Republic Insurance Company
PartnerRe Ireland Insurance Ltd.
PNC Bank
Powertrain Systems
Prime Clerk LLC
Procter & Gamble Distributing
QBE Insurance Corporation

---

[1] A&M and/ or an affiliate is currently providing or has previously provided certain consulting or interim management services to these parties or their affiliates (or, with respect to those parties that are investment funds or trusts, to their portfolio or asset managers or their affiliates) in wholly unrelated matters.

**Sears**

Regions Bank
Samsung USA
Sealy Mattress Company
Siemens Financial Services, Inc.
Sparrow1 LLC
Standard Bank
Standard Chartered Bank
TD Bank, NA
Tokio Marine America Insurance Company
Travelers Indemnity Company
U.S. Bank Trust NA
Union Bank, NA
United Missouri Bank
Wells Fargo Bank
Western Union Financial Services
WillisTowersWatson
Wilmington Trust, NA
XL Catlin (Bermuda) Ltd.
Zions National Bank

### Significant Equity Holders of Current and Former A&M Clients[2]

ACE
ADP Inc.
Aetna Resources for Living
AIG Europe Limited
Allianz Global Risks US Insurance Co.
Allstate
Ally Bank
Amazon.com, Inc.
American Express Travel Related Services
Angelo Gordon & Co.
AXA Insurance Company
Bank of America, NA
Barclays Capital Inc.
BB&T Bank
Berkshire Hathaway International Insurance
BNY Midwest Trust Company
Brentwood Capital Corporation
Cascade Investment LLC

Cigna Group Insurance
Citibank, NA
CNA Financial Corporation
Community Bank
Computershare Inc.
Deutsche Bank Securities Inc.
eBay Germany
ESL Investments Inc.
Fairfax Financial Holdings
Fairholme Funds, Inc.
Fifth Third Bank
General Electric Capital Corporation
Goldman Sachs & Co.
HSBC Bank
Huntington National Bank
ICBC
Key Bank
KMI, Inc.
Lampert, Edward S.
Liberty Mutual Insurance Company
Macerich Company
Merrill Lynch Pierce Fenner & Smith
Metropolitan Life Insurance Company
Morgan Stanley Smith Barney
Och-Ziff Holding Corporation
PartnerRe Ireland Insurance Ltd.
PNC Bank
Samsung USA
Siemens Financial Services, Inc.
Standard Chartered Bank
Tokio Marine America Insurance Company
Travelers Indemnity Company
U.S. Bank Trust NA
United Missouri Bank
Wells Fargo Bank
Woori Bank
Zions National Bank

### Creditors/Noteholders in A&M Engagements[3]

---

[2] These parties or their affiliates (or, with respect to those parties that are investment funds or trusts, their portfolio or asset managers or other funds or trusts managed by such managers) are significant equity holders of clients or former clients of A&M or its affiliates in wholly unrelated matters.

[3] A&M is currently advising or has previously advised these parties or their affiliates (or, with respect to those parties that are investment funds or trusts, their portfolio or asset managers or other funds

**Sears**

Allstate
American Express Travel Related Services
Angelo Gordon & Co.
Aon Hewitt
Bank of America, NA
Bank of China
Bank Leumi
Barclays Capital Inc.
BNY Midwest Trust Company
Cigna Group Insurance
Citibank, NA
Citizens Bank
CNA Financial Corporation
Deutsche Bank Securities Inc.
Fifth Third Bank
First Hawaiian Bank
First Interstate Bank of Billings
General Electric Capital Corporation
Goldman Sachs & Co.
HSBC Bank
Huntington National Bank
ICBC
Key Bank
M&T Bank
Merrill Lynch Pierce Fenner & Smith
Morgan Stanley Smith Barney
Pension Benefit Guaranty Corporation
Sealy Mattress Company
Standard Chartered Bank
TD Bank, NA
Travelers Indemnity Company
U.S. Bank Trust NA
Union Bank, NA
Wells Fargo Bank

**Professionals & Advisors**[4]
AlixPartners
Aon Hewitt
Computershare Inc.
Deloitte & Touche LLP
Prime Clerk LLC
Wachtell Lipton Rosen & Katz
Weil Gotshal & Manges LLP
WillisTowersWatson
Wilmington Trust, NA

**Significant Joint Venture Partners**[5]
Allstate
Bank of America, NA
JPMorgan Chase
Metropolitan Life Insurance Company
Samsung USA
Siemens Financial Services, Inc.

**Board Members**[6]
Alvarez, Cesar L.
Berkowitz, Bruce R.

**A&M Vendors**[7]
ADP Inc.
Aetna Resources for Living
AIG Europe Limited
AlixPartners

---

managed by such managers) as noteholders or creditors or various creditors' or noteholders' committees in which these parties or their affiliates were members or which represented the interests of these parties or their affiliates.

[4] These professionals have represented clients in matters where A&M was also an advisor (or provided interim management services) to the same client. In certain cases, these professionals may have engaged A&M on behalf of such client.

[5] These parties or their affiliates are significant joint venture partners of other clients or former clients of A&M or its affiliates in wholly unrelated matters.

[6] These parties or their affiliates are board members of other clients or former clients of A&M or their affiliates in wholly unrelated matters.

[7] These parties or their affiliates provide or have provided products, goods and/or services (including but not limited to legal representation) to A&M and/or its affiliates

3

**Sears**

Allianz Global Risks US Insurance Co.
Amazon.com, Inc.
American Express Travel Related Services
AXA Insurance Company
Bank of America, NA
Bank of China
BNY Midwest Trust Company
Cigna Group Insurance
Citibank, NA
Chubb
Deloitte & Touche LLP
Deutsche Bank Securities Inc.
Federal Insurance Company
HSBC Bank
JPMorgan Chase Bank
Lloyds of London Beazley
Metropolitan Life Insurance Company
Merrill Lynch Pierce Fenner & Smith
National Union Fire Insurance Co. of
        Pittsburgh
PNC Bank
Sedgwick Claims Management Services
Standard Chartered Bank
Travelers Indemnity Company
U.S. Bank Trust NA
UPS Capital Corporation
Wachtell Lipton Rosen & Katz
Weil Gotshal & Manges LLP
Wells Fargo Bank
WillisTowersWatson
Wilmington Trust, NA
XL Catlin (Bermuda) Ltd.

**Exhibit C**

**Engagement Letter**

Alvarez & Marsal North America, LLC
600 Madison Avenue, 8th Floor
New York, NY 10022
Phone: +1 212 759 4433
Fax: +1 212 759 5532

October 15, 2018

Paul M. Basta
Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Dear Mr. Basta:

This letter confirms and sets forth the terms and conditions of the engagement between Alvarez & Marsal North America, LLC ("A&M") by Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") to provide certain advisory services, as described below, in connection with Paul Weiss's representation of Sears Holdings Corporation and its direct and indirect subsidiaries (jointly and severally, the "Company"), including the scope of the services to be performed and the basis of compensation for those services.

The Company has retained Paul Weiss as counsel acting at the direction of the restructuring sub-committee (the "Sub-Committee") of the restructuring committee (the "Restructuring Committee") of the Company's board of directors (the "Board").  The Board has directed the Sub-Committee to, among other things, investigate affiliate transactions that were consummated prior to the date the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Commencement Date") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and to evaluate whether there are any viable causes of action with respect to such transactions (the "Investigation").  The Sub-Committee has retained Paul Weiss and is authorized to retain other counsel and advisors. Working with the assistance of Paul Weiss and its other advisors, the Sub-Committee, in its sole discretion, will evaluate such prepetition transactions and determine appropriate action with respect thereto.

Upon execution of this letter by each of the parties below and receipt of the retainer described below, this letter will constitute an agreement among Paul Weiss, the Company and A&M (the "Agreement").

1.    <u>Description of Services</u>

(a) A&M shall provide assistance in analyzing financial information and other relevant data in order to assist Paul Weiss and the Sub-Committee in the Investigation, including to assist Paul Weiss:

   i.     *in the evaluation of any financial and valuation issues raised in connection with the Investigation;*

   ii.    *with interviews, examinations and the review of documents and other materials in connection with the Investigation;*

   iii.   *in the preparation of reports and other documents that may be necessary in connection with the Investigation; and*

   iv.    *in undertaking any additional tasks or duties that the Sub-Committee may direct or that Paul Weiss may determine are necessary and appropriate in connection with the Investigation*

The specific procedures to be performed by A&M will be established based on discussions with you as this engagement progresses and as additional information is obtained. Because A&M will be acting as an independent expert or consultant, its reports or advice must be objective and impartial. Paul Weiss, the Sub-Committee, and the Company acknowledge that no reliance shall be placed on draft reports or preliminary conclusions or advice, whether written or oral. A&M agrees to perform its work in consultation with Paul Weiss but A&M shall have sole control over the substance of its conclusions and the form and content of its reports.

In rendering its services to the Company, A&M will report directly to Paul Weiss and will make recommendations to and consult with Paul Weiss and, as directed by Paul Weiss, the Sub-Committee.

(b) In connection with the services to be provided hereunder, from time to time A&M may utilize the services of employees of its affiliates and subsidiaries. Such affiliates are wholly owned by A&M's parent company and employees.

A&M personnel providing services hereunder may also work with other A&M clients in conjunction with unrelated matters.



2.     <u>Information Provided by the Company and Forward Looking Statements</u>

The Company and Paul Weiss shall use all reasonable efforts to: (i) provide A&M with access to management and other representatives of the Company; and (ii) to furnish all data, material, and other information concerning the business, assets, liabilities, operations, cash flows, properties, financial condition and prospects of the Company that A&M reasonably requests in connection with the services to be provided hereunder. A&M shall rely, without further independent verification, on the accuracy and completeness of all publicly available information and information that is furnished by or on behalf of the Company and/or Paul Weiss and otherwise reviewed by A&M in connection with the services performed hereunder.  The Company and Paul Weiss acknowledge and agree that A&M is not responsible for the accuracy or completeness of such information and shall not be responsible for any inaccuracies or omissions therein. A&M is under no obligation to update data submitted to it or to review any other areas unless specifically requested by Paul Weiss to do so and agreed to by A&M.

You understand that the services to be rendered by A&M may include the preparation of projections and other forward-looking statements, and numerous factors can affect the actual results of the Company's operations, which may materially and adversely differ from those projections.  In addition, A&M will be relying on information provided by or on behalf of the Company and/or Paul Weiss in the preparation of those projections and other forward-looking statements.

3.     <u>Limitation of Duties</u>

A&M makes no representation or guarantee that, inter alia, (i) any strategic recommendation presented to Paul Weiss or the Sub-Committee will be more successful than all other alternatives or (ii) if formulated, that any strategic recommendation will be accepted by any of the Company's creditors, shareholders and other constituents. Further, A&M does not assume any responsibility for the Sub-Committee's or Paul Weiss's decision to pursue, or not pursue any strategic direction.

4.    <u>Compensation</u>

(a) A&M will receive fees based on the following hourly rates:

<u>Restructuring:</u>

| | |
|---|---|
| Managing Directors | $850-1,050 |
| Directors | $650-800 |
| Analysts/Associates | $400-625 |

<u>Forensic and Dispute Services:</u>

| | |
|---|---|
| Managing Directors | $775-850 |
| Directors | $550-750 |
| Managers | $475-550 |
| Associates | $250-450 |

Such rates shall be subject to adjustment annually at such time as A&M adjusts its rates generally.

(b) In addition, A&M will be reimbursed for its reasonable out-of-pocket expenses incurred in connection with this assignment, such as travel, lodging, duplicating, messenger and telephone charges.  All fees and expenses will be billed on a monthly basis or, at A&M's discretion, more frequently and such invoices will be presented to both Paul Weiss and Company.  Invoices are payable by Company upon receipt.

(c) Within one (1) business day of the entry of an order of the Bankruptcy Court approving this Agreement, the Company shall remit to A&M a retainer in the amount of $500,000, which shall be credited against any amounts due at the termination of this engagement and returned upon the satisfaction of all obligations hereunder.

(d) In no event shall Paul Weiss be liable in any capacity for any amounts owed to or by A&M pursuant to this Agreement.

(e) A&M understands that its retention and the Company's payment of fees are subject to court approval.

5.    <u>Term</u>

(a) This Agreement will apply from the commencement of the services referred to in Section 1 and may be terminated with immediate effect by Paul Weiss, the Sub-Committee, or A&M without cause by written notice to each of the other parties.



(b) A&M normally does not withdraw from an engagement unless its client misrepresents or fails to disclose material facts, fails to pay fees or expenses, or makes it unethical or unreasonably difficult for A&M to continue performance of the engagement, or other just cause exists.

(c) On termination of the Agreement, any fees and expenses due to A&M shall be remitted promptly (including fees and expenses that accrued prior to but are invoiced subsequent to such termination).

(d) The provisions of this Agreement that give the parties rights or obligations beyond its termination shall survive and continue to bind the parties.

6.   Relationship of the Parties

The parties intend that an independent contractor relationship will be created by this engagement letter.  Neither A&M nor any of its personnel or agents is to be considered an employee or agent of Paul Weiss or the Company and the personnel and agents of A&M are not entitled to any of the benefits that Paul Weiss or the Company provide for their employees.  Paul Weiss and the Company acknowledge and agree that A&M's engagement shall not constitute an audit, review or compilation, or any other type of financial statement reporting engagement that is subject to the rules of the AICPA, SEC or other state or national professional or regulatory body.

7.   Attorney Work Product

We understand that our work will be done at the direction of Paul Weiss to assist Paul Weiss in rendering legal advice, and that work performed by us as part of this engagement, including, without limitation, any reports we may prepare, is privileged and confidential and is deemed to constitute an attorney work product which we will not disclose to any other third-party (other than Paul Weiss and the Sub-Committee) except at the direction of Paul Weiss or otherwise in accordance with the terms hereof.  We understand that any documents prepared or obtained by us are prepared or obtained solely for the use and benefit of Paul Weiss in connection with its representation of the Company, and are subject to Paul Weiss's right to request that they be delivered into their possession at any time they are still in our possession.

8.   No Third Party Beneficiary

Paul Weiss and the Company acknowledge that all advice (written or oral) provided by A&M in connection with this engagement is intended solely for the benefit and use of Paul Weiss and the Sub-Committee in considering the matters to which this engagement relates.  Paul Weiss and the Company agree that no such advice shall be used for any other purpose or reproduced, disseminated, quoted or referred to at any time in any manner or for any purpose other than accomplishing the tasks referred to herein without



A&M's prior approval (which shall not be unreasonably withheld), except as required by law.

9.  Conflicts

A&M is not currently aware of any relationship that would create a conflict of interest with the Company or those parties-in-interest of which you have made us aware. Because A&M and its affiliates and subsidiaries comprise a consulting firm (the "Firm") that serves clients on a global basis in numerous cases, both in and out of court, it is possible that the Firm may have rendered or will render services to or have business associations with other entities or people which had or have or may have relationships with the Company and/or Paul Weiss, including creditors of the Company.  The Firm will not be prevented or restricted by virtue of providing the services under this Agreement from providing services to other entities or individuals, including entities or individuals whose interests may be in competition or conflict with Paul Weiss's or the Company's, provided the Firm makes appropriate arrangements to ensure that the confidentiality of information is maintained.

10. Confidentiality / Non-Solicitation

A&M shall keep as confidential all non-public information received from Paul Weiss and/or the Company in conjunction with this engagement, except:  (i) as requested by the Sub-Committee or its legal counsel; (ii) as required by legal proceedings or (iii) as reasonably required in the performance of this engagement.  All obligations as to non-disclosure shall cease as to any part of such information to the extent that such information is or becomes public other than as a result of a breach of this provision.  The Company, on behalf of itself and its subsidiaries and affiliates and any person which may acquire all or substantially all of its assets agrees that, until two (2) years subsequent to the termination of this engagement, it will not solicit, recruit, hire or otherwise engage any employee of A&M or any of its affiliates who worked on this engagement while employed by A&M or its affiliates ("Solicited Person").  Should the Company or any of its subsidiaries or affiliates or any person who acquires all or substantially all of its assets extend an offer of employment to or otherwise engage any Solicited Person and should such offer be accepted, A&M shall be entitled to a fee from the Company equal to the Solicited Person's hourly client billing rate at the time of the offer multiplied by 4,000 hours for a Managing Director, 3,000 hours for a Senior Director and 2,000 hours for any other A&M employee. The Company acknowledges and agrees that this fee fairly represents the loss that A&M will suffer if the Company breaches this provision.  The fee shall be payable at the time of the Solicited Person's acceptance of employment or engagement.

11.    <u>Indemnification and Limitations on Liability</u>

The attached indemnification and limitation on liability agreement is incorporated herein by reference and shall be executed upon the acceptance of this Agreement.  Termination of this engagement shall not affect these indemnification and limitation on liability provisions, which shall remain in full force and effect.

As to the services that A&M has agreed to provide under this Agreement, the total aggregate liability of A&M under this Agreement to Paul Weiss and the Company and their respective successors and assigns, shall be limited to the actual damages incurred by Paul Weiss and the Company and their successors or assigns, respectively.  In no event will A&M or any of its affiliates be liable to Paul Weiss or the Company or their successors or assigns for consequential, special or punitive damages, including loss of profit, data, business or goodwill.  Further, in no event shall the total aggregate liability of A&M under this Agreement to Paul Weiss and the Company and their successors and assigns, exceed the total amount of fees received and retained by A&M hereunder.

12.    <u>Miscellaneous</u>

This Agreement (together with the attached indemnity provisions), including, without limitation, the construction and interpretation of thereof and all claims, controversies and disputes arising under or relating thereto, shall be governed and construed in accordance with the laws of the State of New York, without regard to principles of conflict of law that would defer to the laws of another jurisdiction.  The Company, Paul Weiss, and A&M agree to waive trial by jury in any action, proceeding or counterclaim brought by or on behalf of the parties hereto with respect to any matter relating to or arising out of the engagement or the performance or non-performance of A&M hereunder. The Company, Paul Weiss and A&M agree, to the extent permitted by applicable law, that any Federal Court sitting within the Southern District of New York shall have exclusive jurisdiction over any litigation arising out of this Agreement; to submit to the personal jurisdiction of the Courts of the United States District Court for the Southern District of New York; and to waive any and all personal rights under the law of any jurisdiction to object on any basis (including, without limitation, inconvenience of forum) to jurisdiction or venue within the State of New York for any litigation arising in connection with this Agreement.

This Agreement shall be binding upon A&M, Paul Weiss and the Company, their respective heirs, successors, and assignees, and any heir, successor, or assignee of a substantial portion of A&M's, Paul Weiss's or the Company's respective businesses and/or assets, including any Chapter 11 Trustee.  This Agreement incorporates the entire understanding of the parties with respect to the subject matter hereof and may not be amended or modified except in writing executed by Paul Weiss, the Company and A&M; provided, however, it is understood and agreed that upon written notice by the Sub-Committee to A&M that Paul Weiss has been replaced in connection with any portion of



this matter with another law firm, including because of any actual or perceived conflicts of interest of Paul Weiss, such law firm may succeed to all of Paul Weiss's rights and obligations under this agreement with respect to such matters and as of the date of such replacement, upon acknowledgment by such replacement firm, all references hereunder to Paul Weiss shall mean such replacement law firm with respect to such matters. Notwithstanding anything herein to the contrary, A&M may reference or list the Company's name and/or logo and/or a general description of the services in A&M's marketing materials, including, without limitation, on A&M's website.



If the foregoing is acceptable to you, kindly sign where indicated below to acknowledge your agreement with its terms.

Very truly yours,

Alvarez & Marsal North America, LLC

By: _____
      Dennis Stogsdill
      Title:  Managing Director

Accepted and agreed:

*Paul Weiss*

By: _____
      Paul M. Basta
      Title: Partner

*Sears Holdings Corporation, on behalf of itself and its subsidiaries*

By: _____
      Alan Carr, Independent Director



## INDEMNIFICATION AND LIMITATION ON LIABILITY AGREEMENT

This indemnification and limitation on liability agreement is made part of an agreement, dated October 16, 2018 (which together with any renewals, modifications or extensions thereof, is herein referred to as the "Agreement") by and between Alvarez & Marsal North America, LLC ("A&M") and Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), in connection with Paul Weiss's representation of Sears Holding Corporation.

A.       The Company, jointly and severally, agrees to indemnify and hold harmless each of A&M, its affiliates and their respective shareholders, members, managers, employees, agents, representatives and subcontractors (each, an "Indemnified Party" and collectively, the "Indemnified Parties") against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including the costs for counsel or others (including employees of A&M, based on their then current hourly billing rates) in investigating, preparing or defending any action or claim, whether or not in connection with litigation in which any Indemnified Party is a party, or enforcing the Agreement (including these indemnity provisions), as and when incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Indemnified Parties' acceptance of or the performance or nonperformance of their obligations under the Agreement; provided, however, such indemnity shall not apply to any such loss, claim, damage, liability or expense to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from such Indemnified Party's gross negligence or willful misconduct.  The Company also agrees that (a) no Indemnified Party shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company for or in connection with the engagement of A&M, except to the extent that any such liability for losses, claims, damages, liabilities or expenses are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from such Indemnified Party's gross negligence or willful misconduct and (b) in no event will any Indemnified Party have any liability to the Company for special, consequential, incidental or exemplary damages or loss (nor any lost profits, savings or business opportunity).  The Company further agrees that it will not, without the prior consent of an Indemnified Party, settle or compromise or consent to the entry of any judgment in any pending or threatened claim, action, suit or proceeding in respect of which such Indemnified Party seeks indemnification hereunder (whether or not such Indemnified Party is an actual party to such claim, action, suit or proceedings) unless such settlement, compromise or consent includes an unconditional release of such Indemnified Party from all liabilities arising out of such claim, action, suit or proceeding.

B.       These indemnification provisions shall be in addition to any liability which the Company may otherwise have to the Indemnified Parties. In the event that, at any time whether before or after termination of the engagement or the Agreement, as a result of or in connection with the Agreement or A&M's and its personnel's role under the Agreement, A&M or any Indemnified Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or A&M or any of its personnel (including former employees) or any other Indemnified Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Indemnified Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Company will reimburse the Indemnified Party for its out of pocket expenses, including the reasonable fees and expenses of its counsel, and will compensate the Indemnified Party for the time expended by its personnel based on such personnel's then current hourly rate.

C.       If any action, proceeding or investigation is commenced to which any Indemnified Party proposes to demand indemnification hereunder, such Indemnified Party will notify the Company with reasonable promptness; provided, however, that any failure by such Indemnified Party to notify the Company will not relieve the Company from its obligations hereunder, except to the extent that such failure shall have actually prejudiced the defense of such action.  The Company shall promptly pay expenses reasonably incurred by any Indemnified Party in defending, participating in, or settling any action, proceeding or investigation in which such Indemnified Party is a party or is threatened to be made a party or otherwise is participating in by reason of the engagement under the Agreement, upon submission of invoices therefor, whether in advance of the final disposition of such action, proceeding, or investigation or otherwise.  Each Indemnified Party hereby undertakes, and the Company hereby accepts its



undertaking, to repay any and all such amounts so advanced if it shall ultimately be determined that such Indemnified Party is not entitled to be indemnified therefor. If any such action, proceeding or investigation in which an Indemnified Party is a party is also against the Company, the Company may, in lieu of advancing the expenses of separate counsel for such Indemnified Party, provide such Indemnified Party with legal representation by the same counsel who represents the Company, provided such counsel is reasonably satisfactory to such Indemnified Party, at no cost to such Indemnified Party; provided, however, that if such counsel or counsel to the Indemnified Party shall determine that due to the existence of actual or potential conflicts of interest between such Indemnified Party and the Company such counsel is unable to represent both the Indemnified Party and the Company, then the Indemnified Party shall be entitled to use separate counsel of its own choice, and the Company shall promptly advance its reasonable expenses of such separate counsel upon submission of invoices therefor. Nothing herein shall prevent an Indemnified Party from using separate counsel of its own choice at its own expense. The Company will be liable for any settlement of any claim against an Indemnified Party made with the Company's written consent, which consent shall not be unreasonably withheld.

D.      In order to provide for just and equitable contribution if a claim for indemnification pursuant to these indemnification provisions is made but it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) that such indemnification may not be enforced in such case, even though the express provisions hereof provide for indemnification, then the relative fault of the Company, on the one hand, and the Indemnified Parties, on the other hand, in connection with the statements, acts or omissions which resulted in the losses, claims, damages, liabilities and costs giving rise to the indemnification claim and other relevant equitable considerations shall be considered; and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnified Parties pursuant to the Agreement. No person found liable for a fraudulent misrepresentation shall be entitled to contribution hereunder from any person who is not also found liable for such fraudulent misrepresentation.

E.      Neither termination of the Agreement nor termination of A&M's engagement nor the filing of a petition under Chapter 7 or 11 of the United States Bankruptcy Code (nor the conversion of an existing case to one under a different chapter) shall affect these indemnification provisions, which shall hereafter remain operative and in full force and effect.

F.      The rights provided herein shall not be deemed exclusive of any other rights to which the Indemnified Parties may be entitled under the certificate of incorporation or bylaws of the Company, any other agreements, any vote of stockholders or disinterested directors of the Company, any applicable law or otherwise.

SEARS HOLDING COMPANY, *on behalf of itself and its subsidiaries*

ALVAREZ & MARSAL NORTH AMERICA, LLC

By: _____

Alan Carr, Independent Director

By: _____

