**Hearing Date and Time:** November 15, 2018 at 10:00 a.m. (Eastern Time)
**Objection Date and Time:** November 8, 2018 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re                                           :
                                                :   Chapter 11
SEARS HOLDINGS CORPORATION, et al.,             :
                                                :   Case No. 18-23538 (RDD)
                                                :
             Debtors.¹                          :   (Jointly Administered)
-----------------------------------------------------------------x
```

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616, and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

**NOTICE OF HEARING ON MOTION OF DEBTORS
FOR AUTHORITY TO EXTEND THE TIME TO ASSUME OR REJECT
UNEXPIRED LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to section 365(d)(4) of title 11 of the United States Code and Rule 6006-1(c) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), extending the initial 120-day period to assume or reject all of their unexpired leases and subleases, all as more fully set forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **November 15, 2018 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) and (b) by all other parties in interest on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **November 8, 2018 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

2

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that all objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: November 1, 2018
     New York, New York

    /s/ Sunny Singh
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York  10153
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007
    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh

    *Proposed Attorneys for Debtors*
    *and Debtors in Possession*

Hearing Date and Time: November 15, 2018 at 10:00 a.m. (Eastern Time)
Objection Date and Time: November 8, 2018 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :
                                                            :    **Case No. 18-23538 (RDD)**
                                                            :
Debtors.[1]                                                 :    **(Jointly Administered)**
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616, and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

**MOTION OF DEBTORS FOR AUTHORITY TO EXTEND
THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES
AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern*

2

*District of New York*, sworn to on the Commencement Date (the "**Riecker Declaration**") (ECF No. 3).[2]

## Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6. By this Motion, the Debtors request entry of an order, pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code and Rule 6006-1(c) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), extending the initial 120-day period to assume or reject all of their unexpired leases and subleases of non-residential real property (collectively, the "**Leases**") by an additional ninety (90) days, from February 12, 2019, up to and including May 13, 2019, without prejudice to the Debtors' right to seek further extensions in accordance with the Bankruptcy Code.

7. A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A** (the "**Proposed Order**").

## The Debtors' Leases

8. As of the Commencement Date, certain of the Debtors were lessees under approximately 1,800 Leases for properties located throughout the United States. The Debtors' leasehold interests are important assets of the Debtors' estates, and the proper treatment of such

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

3

assets is integral to the Debtors' ability to reorganize and maximize value. To that end, the Debtors are in the process of conducting a comprehensive review of their store portfolio and have retained A&G Realty Partners, LLC ("**A&G**") as their real estate advisor to assist them with this analysis.[3] The extension of time to assume and reject leases is necessary for A&G and the Debtors to complete the analysis of their real estate portfolio, evaluate and finalize their real estate strategy with their key stakeholders, including the lenders under the DIP ABL Facility (the "**DIP Lenders**") and the Creditors' Committee, and to execute their strategy. Obtaining the relief sought herein is also a milestone under the Debtors' DIP ABL Facility. Specifically, the DIP ABL Facility requires the Debtors to obtain an order extending the lease assumption/rejection period pursuant to section 365(d)(4) of the Bankruptcy Code, such that the lease assumption/rejection period is 210 days in total, no later than forty-five (45) days following the Commencement Date.

## **The Relief Requested Should Be Granted**

9. Section 365(d)(4) of the Bankruptcy Code provides, in pertinent part:

> an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A). Thus, absent the relief requested herein, the Debtors' Leases that are not assumed within the initial 120 days of these Chapter 11 Cases and that are not the subject of a motion to assume such Leases will be deemed rejected.

---

[3] The Debtors intend to file an application to retain A&G shortly.

4

10. Pursuant to section 365(d)(4)(B) of the Bankruptcy Code, the Court may extend the 120-day period "for 90 days for cause." *Id.* § 365(d)(4)(B); *see also Condal Distribs., Inc. v. 2300 Xtra Wholesalers, Inc. (In re 2300 Xtra Wholesalers, Inc.)*, 445 B.R. 113, 122 (S.D.N.Y. 2011) (holding that section 365(d)(4)(B)(i) permits the Bankruptcy Court, upon motion, to grant a ninety (90) day extension "for cause"). In determining whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property, courts have considered the following factors:

a. whether the debtor was paying for the use of the property;

b. whether the debtors' continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

c. whether the debtor has had sufficient time to formulate a plan of reorganization;

d. whether the bankruptcy case is complex; and

e. the number of leases the debtor must evaluate.

*See, e.g.*, *S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761–62 (2d Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471–73 (Bankr. S.D.N.Y. 1987); *see also Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993) ("[N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop."); *In re 611 Sixth Ave. Corp.*, 99 B.R. 295, 298 (Bankr. S.D.N.Y. 1996) ("The bankruptcy court may extend the . . . period if the debtor makes a timely motion and established 'cause.'").

11. The Debtors will be unable to make reasoned decisions with respect to assuming or rejecting their remaining Leases within the 120-day period specified in section 365(d)(4)(A) of the Bankruptcy Code, which period will expire on February 12, 2019. To make

5

informed decisions regarding whether to assume or reject each of their Leases, the Debtors will require more time to adequately assess the potential value of each of the Leases in the context of their sale and restructuring efforts. In addition, the Debtors will need to share their analysis with the DIP Lenders and the Creditors' Committee, coordinate on strategy, and execute their strategy with respect to the Leases.

12. These Chapter 11 Cases are large and complex. The Debtors are parties to approximately 1,800 Leases, which Leases are integral to the Debtors' continuing operations or key to maximizing value. Because of the size of the Debtors' operations and the complexity of these Chapter 11 Cases, the Debtors must evaluate the Leases while also, among other things, (i) attending to the myriad of other issues in connection with the administration of these cases, (ii) marketing substantially all of the Debtors' assets, (iii) negotiating and developing a chapter 11 plan, (iv) focusing on preserving and enhancing the going-concern value of a potential reorganized business, and (iv) continuing to operate a large and complex department-store and big-box-store business. In light of the foregoing, 120 days is an insufficient amount of time in which to make critical determinations regarding the assumptions or rejections of their approximately 1,800 Leases. The Debtors require additional time to carefully evaluate the economics of the Leases to determine whether the assumption or rejection of each of the Leases would benefit their estates, their creditors, and other parties in interest.

13. As noted above, two of the factors to be considered in determining whether cause exists to extend the time to assume or reject the Leases are "the complexity of the case facing the debtor [and] the number of leases that the debtor must evaluate." *Burger Boys,* 94 F.3d at 761. Considering the size and complexity of these Chapter 11 Cases, cause exists for a ninety (90) day extension to be granted pursuant to section 365(d)(4)(B) of the Bankruptcy Code. Without such

6

relief, the Debtors will be (i) forced to prematurely decide, without being afforded time to adequately consider the value of each Lease, whether to permanently forfeit their right to assume the Leases or (ii) be compelled to assume the Leases by February 12, 2019, to avoid deemed rejections, with the resultant imposition of potentially substantial administrative expenses on their estates.

14. Importantly, securing an order extending the section 365(d)(4) lease assumption/rejection period is a milestone under the DIP ABL Facility, which could trigger an event of default if the order is not obtained within forty-five (45) days of the Commencement Date. Furthermore, the deemed rejection of the Debtors' Leases could adversely impact the Debtors' ongoing efforts to reorganize around a footprint of profitable stores and could greatly disrupt their operations, as many of the Leases involve properties that are critical to the Debtors' ability to generate revenue. The Debtors have been and are committed to remaining current with respect to all undisputed postpetition obligations under the Leases in compliance with section 365(d)(3) of the Bankruptcy Code, and thus the requested extension will not adversely affect the Debtors' lessors with respect to the Leases. The Debtors will continue evaluating the Leases on an ongoing basis as expeditiously as practicable, will consult with their key stakeholders, and will file appropriate motions as soon as informed decisions can be made.

15. In light of the foregoing, the Debtors submit that a ninety (90) day extension of the period within which the Debtors must assume or reject the Leases, to and including May 13, 2019, is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and the Court should grant such extension.

**Notice**

16. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405) (the "**Case Management Order**"). The Debtors respectfully submit that no further notice is required.

17. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 1, 2018
New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :   Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                          :
                                                               :   Case No. 18-23538 (RDD)
                                                               :
              Debtors.[1]                                      :   (Jointly Administered)
---------------------------------------------------------------x

## ORDER EXTENDING TIME TO ASSUME OR REJECT
## UNEXPIRED LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY]

Upon the motion, dated November 1, 2018 (ECF No. [__]) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code and Rule 6006-1(c) of the Local Bankruptcy Rules for the Southern District of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616, and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

New York, for entry of an order extending the initial 120-day period to assume or reject all of their unexpired leases and subleases of non-residential real property (collectively, the "**Leases**") by an additional ninety (90) days, from February 12, 2019, up to and including May 13, 2019, without prejudice to the Debtors' right to seek further extensions in accordance with the Bankruptcy Code and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on November 15, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The time by which the Debtors must assume or reject the Leases is extended to and including May 13, 2019.

3. Entry of this Order is without prejudice to the Debtors' right to request further extensions of the time to assume or reject the Leases in accordance with section 365(d)(4) of the Bankruptcy Code.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
      White Plains, New York

                                              _____
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE

WEIL:\96763758\2\73217.0003