Hearing Date and Time: November 15, 2018 at 10:00 a.m. (Eastern Time)
Objection Date and Time: November 8, 2018 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| In re                                  | :  |                          |
|                                        | :  | **Chapter 11**           |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | :  |                          |
|                                        | :  | **Case No. 18-23538 (RDD)** |
|                                        | :  |                          |
| Debtors.[1]                            | :  | **(Jointly Administered)** |
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 cases requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

**NOTICE OF HEARING ON MOTION OF DEBTORS PURSUANT
TO FED. R. BANKR. P. 9006(c) FOR ORDER SHORTENING NOTICE
WITH RESPECT TO MOTION OF DEBTORS FOR ENTRY OF AN
ORDER (I)(A) APPROVING BIDDING PROCEDURES FOR SALE OF SEARS
HOME IMPROVEMENT BUSINESS, (B) APPROVING STALKING HORSE
BID PROTECTIONS, (C) SCHEDULING AUCTION FOR AND HEARING TO
APPROVE SALE OF SEARS HOME IMPROVEMENT BUSINESS, (D) APPROVING
FORM AND MANNER OF NOTICE OF SALE, AUCTION, AND SALE HEARING, (E)
APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) APPROVING
THE SALE OF SEARS HOME IMPROVEMENT BUSINESS IN ACCORDANCE WITH
THE STALKING HORSE AGREEMENT AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion to Shorten**"), of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure, shortening the notice period and setting the date and time for a hearing on the *Motion of Debtors for Entry of an Order (i)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (ii) Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking Horse Agreement and (iii) Granting Related Relief* (the "**Motion**"), all as more fully set forth in the Motion to Shorten, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **November 15, 2018 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion to Shorten shall be in writing, shall conform to the Federal Rules of

2

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **November 8, 2018 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion to Shorten, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion to Shorten, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: November 3, 2018
      New York, New York

    /s/ Ray C. Schrock, P.C.
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York  10153
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007
    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh
    *Proposed Attorneys for Debtors*
    *and Debtors in Possession*

Hearing Date and Time: November 15, 2018 at 10:00 a.m. (Eastern Time)
Objection Date and Time: November 8, 2018 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :   Chapter 11
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :
                                                            :   Case No. 18-23538 (RDD)
                                                            :
                        Debtors.[1]                         :   (Jointly Administered)
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 cases requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

**MOTION OF DEBTORS PURSUANT TO
FED. R. BANKR. P. 9006(c) FOR ORDER SHORTENING NOTICE
WITH RESPECT TO MOTION OF DEBTORS FOR ENTRY OF AN
ORDER (I)(A) APPROVING BIDDING PROCEDURES FOR SALE OF SEARS
HOME IMPROVEMENT BUSINESS, (B) APPROVING STALKING HORSE
BID PROTECTIONS, (C) SCHEDULING AUCTION FOR AND HEARING TO
APPROVE SALE OF SEARS HOME IMPROVEMENT BUSINESS, (D) APPROVING
FORM AND MANNER OF NOTICE OF SALE, AUCTION, AND SALE HEARING, (E)
APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) APPROVING
THE SALE OF SEARS HOME IMPROVEMENT BUSINESS IN ACCORDANCE WITH
THE STALKING HORSE AGREEMENT AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation ("**Sears Holdings**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**" or "**Sears**"), respectfully represent as follows in support of this motion (the "**Motion to Shorten**"):

**Background**

1.  Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Bankruptcy Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

3.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (ECF No. 3) (the "**Riecker Declaration**").

### Jurisdiction

5.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

6.     By this Motion to Shorten, pursuant to Bankruptcy Rule 9006(c), the Debtors request entry of an order shortening the notice period with respect to the *Motion of Debtors for Entry of an Order (i)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (ii) Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking Horse Agreement and (iii) Granting Related Relief* (the "**Motion**"),[2] filed contemporaneously herewith,

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion and/or the Riecker Declaration, as applicable.

3

and setting the date and time for the hearing on the Motion for **November 15, 2018** at **10:00 a.m. (Eastern Time)** (the "**Hearing**"). The Debtors also request that the Court set the objection deadline for the Motion for **November 8, 2018** at **4:00 p.m. (prevailing Eastern Time)**.

7.    A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Relief Requested Should Be Granted

8.    On November 2, 2018, the Debtors and Service.com (the "**Stalking Horse Bidder**") entered into an asset purchase agreement (the "**Stalking Horse Agreement**") for the sale of the Debtors' home improvement business (the "**SHIP Business**"). In conjunction with negotiating the Stalking Horse Agreement, so as to obtain the highest and best offer for the SHIP Business, the Debtors developed bidding and auction procedures to govern the sale of the SHIP Business (the "**Bidding Procedures**"). By the Motion, the Debtors request entry of an order (a) approving the Bidding Procedures, (b) approving stalking horse bid protections, (c) scheduling an auction for and hearing to approve the sale of the SHIP Business, (d) approving form and manner of notice of sale, auction, and sale hearing, (e) approving assumption and assignment procedures, (ii) approving the sale of the SHIP Business in accordance with the Stalking Horse Agreement and (iii) granting related relief.

9.    Bankruptcy Rule 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

10.    Bankruptcy Courts regularly allow debtors to file motions seeking relief, including approval of bidding and auction procedures, on shortened notice. *See In re Blockbuster*

4

*Inc.*, Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Feb. 21, 2011) (Docket No. 949) (granting a motion to shorten notice for a motion seeking approval of bidding procedures, stalking horse expense reimbursement, notice of sale, and other protections including an expense reimbursement and sale-related administrative expense priority claims); *In re Footstar, Inc.,* Case No. 04-22350 (ASH) (Bankr. S.D.N.Y. Mar. 26, 2004) (Docket No. 217) (granting a motion to shorten notice for a motion requesting relief including proposed auction procedures, assumption and assignment procedures, and a break-up fee arrangement); *In re Ames Dep't Stores, Inc.*, Case No. 01-42217 (REG) (Bankr. S.D.N.Y. Oct. 30, 2002) (Docket No. 1306) (granting a motion to shorten notice for a motion requesting relief including a break-up fee and bidding protections); *In re Saint Vincents Catholic Med. Ctr. of New York d/b/a Saint Vincent Catholic Medical Centers*, Case No. 05-14945 (ASH) (Bankr. S.D.N.Y. Dec. 14, 2006) (Docket No. 2514) (granting a motion to shorten notice for a motion requesting relief including bidding procedures, scheduling procedures, and a break-up fee).

    11. Here, the Debtors seek to have the notice period for the Motion shortened to twelve (12) days.  Courts in this District have previously granted motions seeking approval of bidding procedures and other relief requested in the Motion to be heard on even shorter notice. *See In re Blockbuster Inc.,* Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Feb. 21, 2011) (Docket No. 949) (shortening notice to 9 days); *In re Saint Vincents,* Case No. 05-14945 (ASH) (Bankr. S.D.N.Y. Dec. 14, 2006) (Docket No. 2514) (shortening notice to 6 days); *In re Footstar, Inc.,* Case No. 04-22350 (ASH) (Bankr. S.D.N.Y. Mar. 26, 2004) (Docket No. 217) (shortening notice to 10 days); *In re Ames Dep't Stores, Inc.*, Case No. 01-42217 (REG) (Bankr. S.D.N.Y. Oct. 30, 2002) (Docket No. 1306) (shortening notice to 7 days).

5

12. Furthermore, the *Guidelines for Asset Sales* established by the United States Bankruptcy Court for the Southern District of New York, originally promulgated by General Order M-383 and later amended on March 6, 2013 (the "**Guidelines**"), which identify and discuss the types of relief requested in the Motion, including bidding procedures and assumption and assignment of contracts, state that "[t]he Guidelines are designed to help practitioners identify issues… so that, among other things, determinations can be made, if necessary, on an expedited basis." *See Guidelines*, p. 1. Therefore, the Bankruptcy Court foresaw the likelihood that parties would seek the type of relief requested in the Motion on an expedited basis, and also expected to make decisions on an expedited basis.

13. The Debtors believe that sufficient cause exists to shorten the notice period for a hearing on the Motion to twelve (12) days. Contemporaneously herewith, the Debtors have filed a motion seeking approval of global bidding and sale procedures for the marketing, auction, and sale of a substantial portion of their retail business as a going concern (the "**Global Bidding Procedures**"). The Debtors believe, however, that it is critical that they sell the SHIP Business separately from the rest of their assets and on an accelerated timetable. The Debtors believe they can get the most value for the Assets by selling the SHIP Business in advance of the schedule set forth in the Global Bidding Procedures. The motion seeking approval of the Global Bidding Procedures is scheduled to be heard at the Hearing.

14. The shortened notice period requested herein is reasonable and appropriate because a prompt sale of the SHIP Business on the timetable described in the Motion will allow the Debtors to maximize the value of the SHIP Business, which has begun to deteriorate as a result of the commencement of the chapter 11 cases. Furthermore, the Stalking Horse Bidder agreed to the terms of the Stalking Horse Agreement on the expedited timeline contemplated by the Motion.

6

15. Absent the sale process and transactions contemplated by the Motion, the Debtors believe they will be unable to maximize the value of the SHIP Business for the benefit of all stakeholders. Accordingly, the Debtors believe that the proposed timeline set forth in the Motion for the sale process for the SHIP Business is both reasonable and appropriate under the circumstances of these chapter 11 cases.

16. Furthermore, the Company has been marketing the SHIP Business since January 2018, and this marketing process has put other potential bidders and investors on more than adequate notice. Consequently, the Debtors believe their agreement to seek a shortened notice period for a hearing to consider the Motion is a reasonable exercise of their business judgment.

17. Finally, the Debtors believe that interested parties will not be prejudiced by the shortened notice. Both the Creditors' Committee and the "DIP ABL Agent" under the Debtors' senior debtor-in-possession ("**DIP**") facility have been updated by the Debtors' advisors and have been on notice of the relief that the Debtors are seeking in the Motion in advance of its filing.

18. Based on the foregoing, the Debtors respectfully submit that cause exists to shorten the notice period with respect to the Motion.

## Notice

19. Notice of this Motion to Shorten has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405) (the "**Case Management Order**"). The Debtors respectfully submit that no further notice is required.

20. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

7

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just and appropriate.

Dated: November 3, 2018
      New York, New York

/s/ Ray C. Schrock, P.C.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|                                              |   :   |                              |
|----------------------------------------------|-------|------------------------------|
| In re                                        |   :   |                              |
|                                              |   :   | Chapter 11                   |
| **SEARS HOLDINGS CORPORATION,** *et al.*,    |   :   |                              |
|                                              |   :   | Case No. 18-23538 (RDD)      |
|                                              |   :   |                              |
| Debtors.[1]                                  |   :   | (Jointly Administered)       |

------------------------------------------------------------x

**ORDER SHORTENENING TIME FOR NOTICE OF HEARING WITH
RESPECT TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I)(A) APPROVING BIDDING PROCEDURES FOR SALE OF SEARS HOME
IMPROVEMENT BUSINESS, (B) APPROVING STALKING HORSE BID
PROTECTIONS, (C) SCHEDULING AUCTION FOR AND HEARING TO
APPROVE SALE OF SEARS HOME IMPROVEMENT BUSINESS, (D) APPROVING
FORM AND MANNER OF NOTICE OF SALE, AUCTION, AND SALE HEARING, (E)
APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) APPROVING
THE SALE OF SEARS HOME IMPROVEMENT BUSINESS IN ACCORDANCE WITH
THE STALKING HORSE AGREEMENT AND (III) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 cases requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

WEIL:\96785419\4\73217.0004

Upon the motion to shorten notice, dated November 3, 2018 (the "**Motion to Shorten**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), for entry of an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") shortening the time for notice of the hearing to consider the *Motion of Debtors for Entry of an Order (i)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (ii) Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking Horse Agreement and (iii) Granting Related Relief* (the "**Motion**"), all as more fully set forth in the Motion to Shorten; and the Court having jurisdiction to decide the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion to Shorten and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion to Shorten having been provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and it

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion to Shorten.

2

appearing that the relief requested in the Motion to Shorten and granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is granted.

2. A hearing on the Motion will be held on **November 15, 2018** at **10:00 a.m. (Eastern Time)**.

3. Any responses or objections (collectively, "**Objections**") to the Motion must be filed by **November 8, 2018** at **4:00 p.m. (Eastern Time)**.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
     White Plains, New York

                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE