**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                                            :
                                                                 :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                        :
                                                                 :    **Case No. 18-23538 (RDD)**
                                                                 :
                    Debtors.[1]                                  :    **(Jointly Administered)**
-----------------------------------------------------------------x

**ORDER (I) APPROVING DEBTORS' PROPOSED
FORM OF ADEQUATE ASSURANCE OF PAYMENT TO
UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR
DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE
UTILITY SERVICES, AND (III) PROHIBITING UTILITY PROVIDERS
FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE**

Upon the motion, dated October 18, 2018 (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (i) approving the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

proposed form of adequate assurance of payment for future utility services, (ii) establishing procedures for determining adequate assurance of payment for future utility services, and (iii) prohibiting Utility Providers from altering or discontinuing utility service on account of outstanding prepetition invoices, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and there being no objections to the Motion as granted hereby; and the Court having held a hearing on November 1, 2018 to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, to pay in the ordinary course of business any postpetition obligations related to ENGIE Insight Services Inc.'s service fees in accordance with prepetition practice.

WEIL:\96781481\7\73217.0003

3.  As adequate assurance, the Debtors shall deposit the Adequate Assurance Deposit, as set forth in **Exhibit 1** to this Order (as may be amended or modified in accordance with the procedures described herein and in the Adequate Assurance Procedures, attached as **Exhibit 2** to this Order) into the Adequate Assurance Account, and such amount shall be allocated for, and payable only to, each Utility Provider in the amount set forth for such Utility Provider in **Exhibit 1**; *provided that*, to the extent any Utility Provider receives any other value from the Debtors on account of adequate assurance, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account for such Utility Provider by such amount.

4.  The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) the Debtors' payment in full of all postpetition obligations due and owing to the applicable Utility Provider, (ii) the Debtors' termination of services with such Utility Provider, or (iii) the conclusion of these chapter 11 cases, if not applied earlier.

5.  The Proposed Adequate Assurance constitutes sufficient adequate assurance to the Utility Providers.

6.  The Proposed Adequate Assurance is hereby approved and is deemed adequate assurance of payment as the term is used in section 366 of the Bankruptcy Code.

7.  If the Debtors fail to pay a utility bill when due (including the passage of any cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the

3

amount due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider.

8. The Adequate Assurance Procedures, as set forth on **Exhibit 2** attached hereto, are hereby approved in their entirety.

9. Absent compliance with the Adequate Assurance Procedures, the Utility Providers are prohibited from altering, refusing, or discontinuing service on account of any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

10. Any Utility Provider may make an Additional Assurance Request in accordance with the Adequate Assurance Procedures.

11. Notwithstanding entry of this Order approving the Adequate Assurance Procedures, if there is a material adverse change in the Debtors' financial condition during these chapter 11 cases, any Utility Provider may file an application with the Court requesting additional adequate assurance of future payment; *provided that*, pending resolution of such application, the relevant Utility Provider shall be prohibited from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services or on any material, adverse change in the Debtors' financial condition.

12. The Debtors are authorized, in their sole discretion, to amend the Utility Service List to add or delete any Utility Provider, and the Order shall apply to any Utility Provider that is subsequently added to the Utility Service List in accordance with the Adequate Assurance Procedures.

4

13. Any Utility Provider that fails to request additional assurance in accordance with the Adequate Assurance Procedures shall be deemed to consent to the Adequate Assurance Procedures and shall be bound by this Order.

14. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

15. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

16. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

5

17. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status or priority of any claim held by, any party.

18. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

19. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: November 1, 2018
      White Plains, New York

                                  /s/Robert D. Drain
                                  THE HONORABLE ROBERT D. DRAIN
                                  UNITED STATES BANKRUPTCY JUDGE

WEIL:\96781481\7\73217.0003

# EXHIBIT 1

**Utility Service List**

WEIL:\96781481\7\73217.0003

# EXHIBIT 2

**Adequate Assurance Procedures**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
|                                              |   |                          |
|----------------------------------------------|---|--------------------------|
| In re                                        | : |                          |
|                                              | : | **Chapter 11**           |
| **SEARS HOLDINGS CORPORATION,** *et al.*,    | : |                          |
|                                              | : | **Case No. 18-23538 (RDD)** |
|                                              | : |                          |
|                   Debtors.[1]                | : | **(Jointly Administered)** |

----------------------------------------------------------------x

## ADEQUATE ASSURANCE PROCEDURES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2

On October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") filed chapter 11 petitions commencing chapter 11 cases under title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). On October 18, 2018, the Debtors filed the *Motion of Debtors Requesting Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Providers, (II) Establishing Procedures for Determining Adequate Assurance of Payment for Future Utility Services, and (III) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Service* (ECF No. 196) (the "**Motion**"). On [_____] the Bankruptcy Court entered an order granting the relief requested in the Motion (ECF No. [__]) (the "**Order**"), which is summarized herein.

**Absent compliance with the procedures set forth herein and in the Order, the Debtors' utility providers (the "Utility Providers") are prohibited from altering, refusing, or discontinuing service on account of any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.**

A.   **Proposed Adequate Assurance**

1.   The Debtors will deposit the amount set forth in **Exhibit B** to the Motion (as may be amended or modified in accordance with the procedures described herein or in the Order) (the "**Utility Service List,**" and the amount set forth for deposit therein, the "**Adequate Assurance Deposit**") into a segregated, interest bearing bank account (the "**Adequate Assurance Account**"). This amount represents a sum equal to two weeks' worth of the average utility cost for each Utility Provider (less any amounts already on deposit or supported by a letter of credit with any such Utility Provider that exceed outstanding prepetition amounts owed to such Utility Provider);[2] *provided that*, to the extent any Utility Provider receives any

---

[2] To the extent any deposits or letters of credit with any Utility Provider are in excess of two weeks' worth of the average utility cost, the Debtors reserve their right to apply such amounts to charges for postpetition services.

3

other value from the Debtors as adequate assurance of payment, the Debtors may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account for such Utility Provider by such amount. The amount allocated for, and payable to, each Utility Provider shall be equal to the amount set forth on the Utility Service List as to each Utility Provider or as otherwise agreed for such Utility Provider.

**B.     Adequate Assurance Procedures**

2. The Debtors will fax, e-mail, serve by overnight mail, or otherwise expeditiously send a copy of the Motion and the Order, which include the Adequate Assurance Procedures, to each Utility Provider within three (3) business days after entry of the Order by the Bankruptcy Court.

3. The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) the Debtors' payment in full of all postpetition obligations due and owing to the applicable Utility Provider, (ii) the Debtors' termination of services with such Utility Provider, or (iii) the conclusion of these chapter 11 cases, if not applied earlier.[3]

4. Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") so that it is received at the following addresses: (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179 (Attn: Stephen Sitley); (ii) proposed counsel for the Debtors Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Jessica Liou, Esq.) and Weil, Gotshal & Manges LLP, 200 Crescent Court, Suite 300, Dallas, Texas 75201 (Attn: Jeri Leigh Miller, Esq.); (iii) counsel for the DIP ABL Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York, 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.); and (iv) Office of the United States Trustee for Region 2 at 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq. and Richard Morrissey, Esq.) (collectively, the "**Adequate Assurance Notice Parties**"). The Additional Assurance Request must be sent to all of the above Adequate Assurance Notice Parties to be deemed valid.

5. Any Additional Assurance Request must (i) be made in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

---

[3] In the event that a Utility Provider has more than one account with the Debtors, then, upon termination of an account by the Debtors, only that portion of the Adequate Assurance Deposit attributable to such account will be returned.

4

6. Any Additional Assurance Request must be made and actually received by all the Adequate Assurance Notice Parties listed above by no later than twenty (20) days after entry of the Order, or such greater period as may be agreed to by the Debtors and the relevant Utility Provider. If a Utility Provider fails to file and serve a timely Additional Assurance Request, it shall be: (i) deemed to have received adequate assurance of payment satisfactory to such Utility Provider in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden to discontinue, alter, or refuse service to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance, subject to paragraph 11 of the Order.

7. Upon the Adequate Assurance Notice Parties' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (i) twenty (20) days from the receipt of such Additional Assurance Request or (ii) thirty (30) days from the date of entry of the Order (collectively, the "**Resolution Period**") to negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request, or such greater period as may be agreed to by the Debtors and the relevant Utility Provider, subject to the Utility Provider's right to seek emergency relief under the Case Management Order.

8. The Debtors may, in their sole discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Bankruptcy Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including but not limited to cash deposits, prepayments or other forms of security, without further order of the Bankruptcy Court if the Debtors believe such additional assurance is reasonable.

9. If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach a resolution with the Utility Provider during the Resolution Period, the Debtors or the Utility Provider, during or immediately after the Resolution Period, will request a hearing before the Bankruptcy Court to determine the adequacy of the Debtors' assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

**10. Pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider is prohibited from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.**

C. **Subsequent Modifications**

11. The terms of the Order apply to any subsequently identified Utility Provider. For those Utility Providers that are subsequently added to Utility Service List, the Debtors will serve a copy of the Order on such subsequently added Utility

5

Provider and deposit two weeks' worth of estimated utility costs in the Adequate Assurance Account for the benefit of such Utility Provider (less any amounts on deposit or supported by an existing letter of credit with any such subsequently added Utility Provider that exceed any outstanding prepetition amounts owed to such Utility Provider).  Utility Providers subsequently added to the Utilities Service List shall have twenty (20) days from service of the Order to make an objection thereto.

WEIL:\96781481\7\73217.0003