**Requested Hearing Date and Time:  November 15, 2018 at 10:00 a.m. (Eastern Time)**
**Requested Objection Date and Time:  November 14, 2018 at 12:00 p.m. (Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel:  (212) 872-1000
Fax:  (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Joseph L. Sorkin

*Proposed Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | |
| | : | (Jointly Administered) |
| | : | |

---

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.*, FOR ENTRY OF AN ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(D)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Committee") of Sears Holdings Corporation ("Sears Holdings") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors," and together with their non-Debtor affiliates, the "Company") by and through its undersigned proposed counsel, hereby submits this motion (the "Motion") for entry of an order pursuant to Federal Rule of Evidence ("FRE") 502(d) ("Rule 502(d) Order") in the form attached hereto as Exhibit A. In support of this Motion, the Committee respectfully represents as follows:

## RELEVANT BACKGROUND

1. Contemporaneously with this Motion, the Committee filed a motion (the "Rule 2004 Motion") seeking entry of an order pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004"), authorizing the Committee to conduct an examination of certain Insider Transactions (as defined and set forth in more detail in the Rule 2004 Motion) and other potentially problematic transactions involving the Debtors, and, in connection with that investigation, (i) serve documents requests/subpoenas on, and (ii) take depositions of representatives of, the Debtors, ESL Investments, Inc. (together with its affiliates, "ESL"), Seritage Growth Properties ("Seritage"), Fairholme Capital Management LLC (along with its affiliates, "Fairholme"), and other entities involved in or having knowledge of the Insider Transactions and other potentially problematic transactions.

2. As outlined in the Rule 2004 Motion, the Debtors intend to designate a stalking horse bidder by December 15, 2018 for a sale of certain assets and have already discussed such a potential stalking horse bid with ESL. *See* First Day Decl. ¶ 15. Thus, to properly evaluate any stalking horse bid by ESL, and investigate the Insider Transactions within the timeline provided by the Debtors, the Committee's professionals need access to historical information from the Debtors and other third parties without any delay. That means that the Debtors, ESL, and other

involved parties must be able to produce documents as expediently as possible and that there is no time available for any lag associated with lengthy and detailed privilege reviews that will prevent the Committee from receiving the information to which it is entitled and which is necessary for the Committee to fulfill its obligations under the Bankruptcy Code. Moreover, the transactions under investigation are largely estate causes of action that should generate and preserve value for the benefit of a variety of stakeholders.

## RELIEF REQUESTED

3.      Accordingly, to effectuate the efficient and timely production of documents in connection with such investigation, the Committee asks that this Court enter an order pursuant to FRE 502(d), substantially in the form attached hereto as Exhibit A.

## BASIS FOR RELIEF

4.      FRE 502(d) authorizes a court to enter an order providing that attorney-client privilege or work product protection is not waived by any disclosure of privileged or protected information that occurs in connection with litigation pending before a court. Fed. R. Evid. 502(d). The Addendum to the Advisory Committee Notes to FRE 502 explains that subdivision (d) of FRE 502 "is designed to enable a court to enter an order, whether on motion of one or more parties or on its own motion, that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery."

5.      Courts routinely enter Rule 502(d) Orders, providing that disclosures of potentially privileged or protected documents and information—whether inadvertent or otherwise—will not constitute a waiver. *See Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase*

*& Co.*, 297 F.R.D. 99, 105 (S.D.N.Y. 2013) (entering a Fed. R. Evid. 502(d) order to "alleviate the defendants' burden concerns"); *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, No. 09-CIV-9783 (RWS), 2013 WL 2322678, at *9 (S.D.N.Y. May 21, 2013) (quoting Fed. R. Evid. 502 Advisory Committee Notes); *Winfield v. City of New York*, 15-cv-05236 (LTS) (KHP), 2018 WL 2148435, at *4 (S.D.N.Y. May 10, 2018) (same).

6. Thus, the Committee requests that the Court enter the proposed Rule 502(d) Order in the form attached hereto as <u>Exhibit A</u>. Here, entry of the Rule 502(d) Order will allow the Committee to conduct its investigation in the limited time afforded it and conserve the resources of the Court and the bankruptcy estate.

## MOTION PRACTICE

7. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. The Committee submits that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## NOTICE

8. The Committee has provided notice of this Motion to all Rule 2002 Parties. *See Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405] (the "<u>CMO</u>") ¶ 6. Further, pursuant to CMO ¶ 24, counsel for the Committee has notified counsel for the entities identified as subject to discovery in connection with this Motion that the Committee seeks to have this Motion be considered on an expedited basis on November 15, 2018. As of the filing of this Motion, counsel for certain parties have indicated that, once they have had an opportunity to review the filed Motion, they will respond to the Committee's request to have the Motion heard on an expedited basis. The Committee will provide an update to the

Court, pursuant to CMO ¶ 24, once informed whether such parties consent to or oppose the request for an expedited hearing.

## NO PRIOR REQUEST

9. No prior request for the relief sought in this Motion has been made.

## RESERVATION OF RIGHTS

10. The Committee and its members reserve all of their respective rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Motion, to seek additional discovery, add additional parties, or to raise additional grounds for granting this Motion during any hearing on the Motion.

## CONCLUSION

11. The Committee respectfully requests that the Court (i) enter a FRE 502(d) Order, substantially in the form of Exhibit A and (ii) grant any further relief as may be just and proper.

| | |
|---|---|
| Dated: New York, New York<br>November 5, 2018 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>By: /s/ *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Joseph L. Sorkin<br>One Bryant Park<br>New York, New York 10036<br>Tel: (212) 872-1000<br>Fax: (212) 872-1002<br>idizengoff@akingump.com<br>pdublin@akingump.com<br>aqureshi@akingump.com<br>jsorkin@akingump.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation,* |