**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re:                                            :    Chapter 11
                                                  :
SEARS HOLDINGS CORPORATION, et al.,               :    Case No. 18-23538 (RDD)
                                                  :
                                                  :    (Jointly Administered)
                  Debtors.¹                       :
------------------------------------------------------------x
In re:                                            :
                                                  :    Chapter 11
SHC LICENSED BUSINESS LLC,                        :
                                                  :    Case No. 18-23616 (RDD)
                                                  :
                  Debtor.                         :    (Jointly Administered with Case
------------------------------------------------------------x    No. 18-23538)
                                                  :
In re:                                            :
                                                  :    Chapter 11
SHC PROMOTIONS LLC,                               :
                                                  :    Case No. 18-23630 (RDD)
                                                  :
                  Debtor.                         :    (Jointly Administered with Case
------------------------------------------------------------x    No. 18-23538)
```

**ORDER PURSUANT TO BANKRUPTCY CODE §§ 105(a), 363 and 364 DIRECTING CERTAIN ORDERS IN CHAPTER 11 CASES OF SEARS HOLDINGS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**CORPORATION, ET AL.**
**BE MADE APPLICABLE TO SUBSEQUENT DEBTORS**

Upon the motion, dated October 26, 2018 (the "**Motion**")[2] of Sears Holdings Corporation and the above referenced debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") seeking application of certain generally applicable orders and other pleadings entered or filed in these jointly administered chapter 11 cases [Case No. 18-23538] be made applicable to SHC Licensed Business LLC and SHC Promotions LLC (the "**Additional Debtors**"), all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and grant the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice or hearing is required; and there being no objections to the relief granted herein; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1. The Motion is granted to the extent set forth herein.

2. Pursuant to sections 105(a), 363 and 364 of the Bankruptcy Code, (a) the Preexisting Orders set forth on **Schedule 1** annexed hereto from the Original Debtors' jointly administered chapter 11 cases (Case No. 18-23538 (RDD)) are hereby made applicable to the Additional Debtors *nunc pro tunc* to the date of commencement of their respective chapter 11 cases, as if the Additional Debtors were debtors referred to in said orders, and (b) all Pending Orders shall apply to the Additional Debtors effective as of the date of their entry by this Court.

3. The following procedures (the "**New Debtor Procedures**") shall apply to any affiliate of the Debtors that hereafter files a petition under chapter 11 of the Bankruptcy Code:

   a. The Debtors shall provide two (2) days advance notice to the extent practicable to the advisors to the Creditors' Committee prior to filing any new Debtor.

   b. Contemporaneously with the filing of a chapter 11 petition of any affiliate of the Debtors (the "**New Debtor**"), the New Debtor shall cause to be filed a notice (the "**New Debtor Notice**") on the docket of the Chapter 11 Cases that, among other things: (i) identifies the New Debtor and the case number assigned thereto; (ii) provides an updated footnote for the caption of the jointly administered Chapter 11 Cases, which shall list all of the Debtors, including the New Debtor, and their individual case numbers; (iii) sets forth the date the New Debtor filed its chapter 11 petition; (iv) incorporates by reference the First Day Declaration; and (v) identifies the applicable orders entered in the Chapter 11 Cases to be made applicable to the New Debtor.

   c. The New Debtor shall serve the New Debtor Notice on the Notice Parties under the Case Management Order.

   d. The orders previously entered in the Chapter 11 Cases that are identified on the New Debtor Notice shall immediately apply to the New Debtor with full force and effect and the caption of the jointly administered Chapter 11 Cases shall be amended to include the New Debtor as set forth in the New Debtor Notice unless there is an objection to the New Debtor Notice, at which time a hearing shall be scheduled.

4. The *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York* is hereby made applicable to the Additional Debtors as if the Additional Debtors were debtors referred to in said affidavit.

5. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: November 6, 2018
      White Plains, New York

                                      /s/ Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

**Schedule 1**

**Preexisting Orders Entered in
Sears Holdings Corporation,** *et al.*
**Case No. 18-23538**

WEIL:\96784045\1\73219.0006

| ECF No. | Order |
|---|---|
| 101 | Interim Order signed on 10/16/2018 (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims and (C) Utilize Cash Collateral, (II) Granting Adequate Protection to the prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief. Hearing to be held on 11/15/2018 at 10:00 AM at Courtroom 118, White Plains Courthouse |
| 102 | Interim Order signed on 10/16/2018 Authorizing Debtors to (I) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms, (II) Implement Ordinary Course Changes to Cash Management System, (III) Continue Intercompany Transactions, and (IV) Provide Administrative Expense Priority for Postpetition Intercompany Claims and Granting Related Relief. The Final Hearing on the motion shall be held on 11/15/2018 at 10:00 AM at Courtroom 118, White Plains Courthouse |
| 103 | Order signed on 10/16/2018 Granting Motion Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs |
| 109 | Interim Order signed on 10/16/2018 Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions. Final Hearing to be held on 11/15/2018 at 10:00 AM at Courtroom 118, White Plains Courthouse |
| 112 | Order signed on 10/16/2018 (I) Waiving the Requirement to (A) File List of Creditors (B) Prepare and File the List of Equity Security Holders and (C) Provide Equity Security Holders with the Notice of Commencement, and (II) Granting Debtors Authority to Establish Procedures for Notifying Creditors of Commencement of Chapter 11 Cases |
| 113 | Order signed on 10/16/2018 Appointing Prime Clerk LLC as Claims and Noticing Agent for the Debtors |
| 114 | Interim Order signed on 10/16/2018 (I) Authorizing but Not Directing the Debtors to (A) Pay Certain Prepetition Wages and Reimbursable Employee Expenses, (B) Pay and Honor Employee Medical and Other Benefits, and (C) Continue Employee Benefits Programs, and (II) Granting Related Relief, with Final Hearing to be held on 11/15/2018 at 10:00 AM at Courtroom 118 |
| 115 | Interim Order signed on 10/16/2018 Authorizing Debtors to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants, and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Order Delivered to the Debtors Postpetition and Satisfy Such Obligations in the Ordinary Course of Business , with Final Hearing to be held on 11/15/2018 at 10:00 AM at Courtroom 118, White Plains Courthouse |

| ECF No. | Order |
|---|---|
| 116 | Interim Order signed on 10/16/2018 Authorizing Debtors to Pay Certain Prepetition Taxes and Fees, with Final Hearing to be held on 11/15/2018 at 10:00 AM at Courtroom 118, White Plains Courthouse |
| 135 | Order signed on 10/17/2018 Granting Motion Authorizing Debtors to (I) Maintain and Administer Prepetition Customer Programs, Promotions, and Practices, and (II) Pay and Honor Related Prepetition Obligations |
| 137 | Interim Order Granting Motion (I) Authorizing Debtors to Pay Certain Prepetition Obligations to Critical Vendors, (II) Approving Procedures to Address Vendors who Repudiate and Refuse to Honor Their Contractual Obligations to The Debtors, and (III) Granting Related Relief. The Final Hearing on the Motion shall be held on 11/15/2018 at 10:00 AM at Courtroom 118, White Plains Courthouse |
| 139 | Order signed on 10/17/2018 Granting Motion Implementing Certain Notice and Case Management Procedures |
| 141 | Interim Order signed on 10/17/2018 Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor all Obligations with Respect Thereto; and (III) Modify the Automatic Stay with Respect to the Workers' Compensation Program. The Final Hearing on the Motion shall be held on 11/15/2018 at 10:00 AM at Courtroom 118, White Plains Courthouse |
| 167 | Order signed 10/18/2018 Authorizing the Debtors to (I) Maintain Certain Trust Fund Programs, (II) Release Certain Funds Held in Trust, and (III) Continue to Perform and Honor Related Obligations |

WEIL:\96784045\1\73219.0006