WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                      :
                                                           :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                  :
                                                           :    **Case No. 18-23538 (RDD)**
                                                           :
             Debtors.[1]                                   :    **(Jointly Administered)**
------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION
REGARDING APPLICATION OF DEBTORS FOR AUTHORITY
TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP AS
ATTORNEYS FOR DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On October 26, 2018, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for Debtors Nunc Pro Tunc to the Commencement Date* [Docket No. 344] (the "**Application**").

2. The Debtors served the Application and proposed order as reflected in the affidavit of service filed at Docket No. 393.

3. The deadline for parties to object or file responses to the Application was November 2, 2018 at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**"). Local Rule 9075-2 provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed prior to 48 hours after the relevant objection deadline and the attorney for the entity who filed the pleadings complies with certain procedural and notice requirements.

4. Before the Objection Deadline, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") provided informal comments to the Debtors (the "**Informal Comments**") with respect to the Application. The Debtors have resolved the Informal Comments with the U.S. Trustee by incorporating language into the

proposed order that was filed with the Application (such revised proposed order attached hereto as **Exhibit A**, the "**Proposed Order**").  A redline of the Proposed Order to the proposed order filed with the Application is attached hereto as **Exhibit B**.

5. The Objection Deadline has passed and, to the best of my knowledge other than the Informal Comments, no objection, responsive pleading, or request for a hearing with respect to the Application has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors.

6. Accordingly, the Debtors respectfully request that the Proposed Order, granting the relief requested in the Application on a final basis, annexed hereto as **Exhibit A**, be entered in accordance with Local Rule 9075-2.

I declare that the foregoing is true and correct.

Dated: November 6, 2018
New York, New York

/s/ Ray C. Schrock, P.C.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

**Proposed Order**

WEIL:\96788483\3\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                              :
                                                   :        Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                :
                                                   :        Case No. 18-23538 (RDD)
                                                   :
Debtors.[1]                                        :        (Jointly Administered)
------------------------------------------------------------x
```

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application (the "**Application**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") for entry of an order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

authorizing the employment of Weil, Gotshal & Manges LLP ("**Weil**") as attorneys for the Debtors, effective as of October 15, 2018 (the "**Commencement Date**"), all as more fully described in the Application; and upon the declaration of Ray C. Schrock, P.C., a member of Weil, attached to the Application as **Exhibit B** (the "**Schrock Declaration**") and the declaration of Mohsin Meghji, Chief Restructuring Officer of the Debtors, attached to the Application as **Exhibit C** (the "**Meghji Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Schrock Declaration, that Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Weil represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Application on November 15, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein, and is in the best interests of the

Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to employ and retain Weil as their attorneys in these chapter 11 cases in accordance with Weil's normal hourly rates and disbursement policies, all as contemplated by the Application, *nunc pro tunc* to the Commencement Date.

3. Weil is authorized to render the following professional services to the Debtors:

   a. take all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

   b. prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

   c. take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

   d. take all necessary actions to protect and preserve the value of the Debtors' estates, including advising with respect to the Debtors' non-debtor subsidiaries and all related matters; and

   e. perform all other reasonable or necessary legal services in connection with the prosecution of these chapter 11 cases.

4. Weil shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

3

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5. Weil shall provide reasonable notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases of any increase of Weil's hourly rates set forth in the Schrock Declaration, and such notice must be filed with the Court.

6. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

7. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
      White Plains, New York

                                                            _____
                                                            THE HONORABLE ROBERT D. DRAIN
                                                            UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Redline of Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                               :
                                                    :       **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,           :
                                                    :       **Case No. 18-23538 (RDD)**
                                                    :
Debtors.[1]                                         :       **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application (the "**Application**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") for entry of an order authorizing the employment of Weil, Gotshal & Manges LLP ("**Weil**") as attorneys for the Debtors, effective as of October 15, 2018 (the "**Commencement Date**"), all as more fully described in the Application; and upon the declaration of Ray C. Schrock, P.C., a member of Weil, attached to the Application as **Exhibit B** (the "**Schrock Declaration**") and the declaration of Mohsin Meghji, Chief Restructuring Officer of the Debtors, attached to the Application as **Exhibit C** (the "**Meghji Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Schrock Declaration, that Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Weil represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Application on November 15, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the

2

Application establish just cause for the relief granted herein, and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to employ and retain Weil as their attorneys in these chapter 11 cases in accordance with Weil's normal hourly rates and disbursement policies, all as contemplated by the Application, *nunc pro tunc* to the Commencement Date.

3. Weil is authorized to render the following professional services to the Debtors:

   a. take all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

   b. prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

   c. take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

   d. take all necessary actions to protect and preserve the value of the Debtors' estates, including advising with respect to the Debtors' non-debtor subsidiaries and all related matters; and

   e. perform all other reasonable or necessary legal services in connection with the prosecution of these chapter 11 cases.

3

4. Weil shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5. Weil shall provide reasonable notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases of any increase of Weil's hourly rates set forth in the Schrock Declaration, and such notice must be filed with the Court.

6. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

7. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
      White Plains, New York

                                                           _____
                                                           THE HONORABLE ROBERT D. DRAIN
                                                           UNITED STATES BANKRUPTCY JUDGE

4