WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :   **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :
                                                            :   **Case No. 18-23538 (RDD)**
                                                            :
Debtors.[1]                                                 :   **(Jointly Administered)**
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**CERTIFICATE OF NO OBJECTION REGARDING APPLICATION OF DEBTORS FOR ENTRY OF ORDER (A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE *NUNC PRO TUNC* TO THE COMMENCEMENT DATE, (B) MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS AND (C) GRANTING RELATED RELIEF**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On October 26, 2018, the Debtors filed the *Application of Debtors for Entry of Order (A) Authorizing the Employment and Retention of Lazard Frères & Co. LLC as Investment Banker to the Debtors and Debtors in Possession, Effective Nunc Pro Tunc to the Commencement Date, (B) Modifying Certain Time-Keeping Requirements and (C) Granting Related Relief* (Docket No. 345) (the "**Lazard Application**").

2. The Debtors served the Lazard Application and proposed order as reflected in the affidavit of service filed at Docket No. 393.

3. The deadline for parties to object or file responses to the Lazard Application was November 2, 2018 at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**"). Local Rule 9075-2 provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed prior to 48

hours after the relevant objection deadline and the attorney for the entity who filed the pleadings complies with certain procedural and notice requirements.

4. The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading, or request for a hearing with respect to the Lazard Application has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors.

5. Accordingly, the Debtors respectfully request that the proposed order granting the relief requested in the Lazard Application on a final basis, annexed hereto as **Exhibit A**, be entered in accordance with Local Rule 9075-2.

I declare that the foregoing is true and correct.

Dated: November 6, 2018
      New York, New York

                                       /s/ Sunny Singh
                                       WEIL, GOTSHAL & MANGES LLP
                                       767 Fifth Avenue
                                       New York, New York 10153
                                       Telephone: (212) 310-8000
                                       Facsimile: (212) 310-8007
                                       Ray C. Schrock, P.C.
                                       Jacqueline Marcus
                                       Garrett A. Fail
                                       Sunny Singh

                                       *Proposed Attorneys for Debtors*
                                       *and Debtors in Possession*

## Exhibit A

**Proposed Order for Lazard Retention**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x
In re:                                                          :    Chapter 11
                                                                :
**SEARS HOLDINGS CORPORATION**, *et al.*,[1]                    :    Case No. 18-23538 (RDD)
                                                                :
Debtors.                                                        :    (Jointly Administered)
                                                                :
                                                                :    Re: Docket No. 345
--------------------------------------------------------------- x

## ORDER (A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE *NUNC PRO TUNC* TO THE COMMENCEMENT DATE, (B) MODIFYING CERTAIN TIME KEEPING REQUIREMENTS AND (C) GRANTING RELATED RELIEF

Upon consideration of the application (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**") (i) authorizing the Debtors to retain and employ Lazard Frères & Co. LLC ("**Lazard**") as their investment banker, *nunc pro tunc* to the Commencement Date,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used, but not otherwise defined herein, shall have their meanings ascribed to such terms in the Application.

on the terms and conditions set forth herein and in the engagement agreement between Lazard and Sears Holdings Corporation dated as of October 11, 2018 (the "**Engagement Letter**") and related indemnification agreement between the parties dated as of January 17, 2018 (the "**Indemnification Letter**"), (ii) modifying certain time-keeping requirements as set forth below, and (iii) granting related relief.; and the Court having reviewed the Application and the Aebersold Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York* dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Application and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth in this Order *nunc pro tunc* to the Commencement Date.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to engage Lazard as their investment banker in these chapter 11 cases, *nunc pro tunc* to the Commencement Date, pursuant to the terms of the Engagement Letter and the Indemnification Letter, which are annexed hereto as **Exhibit 1** and **Exhibit 2** respectively.

3. All of Lazard's compensation as set forth in the Engagement Letter and the Indemnification Letter including, without limitation, the Monthly Fee, the Restructuring Fee, the Financing Fee and the Sale Transaction Fee, and the expense reimbursement and indemnification and related obligations are approved pursuant to section 328(a) of the Bankruptcy Code and Lazard shall be compensated, reimbursed and indemnified pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified in, the Engagement Letter and Indemnification Letter.

4. Lazard shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court, provided that Lazard shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a) and that Lazard's fees and expenses shall not be subject to review under the standard set forth in section 330 of the Bankruptcy Code; _provided that_ fees and expenses shall be paid by the Debtors as and when due as set forth in the Engagement Letter without the need to file monthly fee statements; _provided, further that_, for the avoidance of doubt, such fees and expenses shall be subject to review and approval in any quarterly interim and final fee applications.

5. Notwithstanding anything to the contrary herein, the Office of the United States Trustee for the Southern District of New York shall have the right to object to Lazard's interim and final fee applications (including expense reimbursement) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.

WEIL:\96788483\1\73217.0004

6.   Lazard shall be excused from keeping time records for services rendered in one-tenth-hour (.1) increments, and instead shall only be required to maintain time records in half-hour (.5) increments in summary format.

7.   None of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

8.   The indemnification, exculpation, contribution, reimbursement and related provisions set forth in the Engagement Letter and Indemnification Letter are approved, subject during the pendency of these chapter 11 cases to the following:

(a) All requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the Indemnification Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Indemnification Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court; provided that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

(b) In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter or the Indemnification Letter if the Debtors or a representative of the Debtors' estates asserts a claim for, and the Court determines by final order that such claim primarily arose out of, the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

(c) In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Indemnification Letter, the invoices and supporting time records from such attorneys shall be annexed to Lazard's own interim and final fee applications, and such invoices and time records shall be subject to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases and the approval of the Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code

and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. Subject to the requirements of Paragraph 4 above regarding the filing of interim and final fee applications, and notwithstanding anything to the contrary in the Application, the Engagement Letter or the Aebersold Declaration, and Financing Fee payable pursuant to the Engagement Letter shall be payable upon the consummation of the applicable Financing Transaction.

10. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, the Indemnification Letter, and this Order, the terms of this Order shall govern.

11. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the chapter 11 cases to cases under chapter 7.

12. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: November __, 2018

                                                  THE HONORABLE ROBERT D. DRAIN
                                                  UNITED STATES BANKRUPTCY JUDGE