| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: November 15, 2018<br>Hearing Time: 10:00 a.m. |

-------------------------------------------------- x
                                                   :
In re                                              :    Chapter 11
                                                   :
SEARS HOLDINGS CORPORATION, *et al.*,              :    Case No. 18-23538 (RDD)
                                                   :
                                       Debtors.    :    Jointly Administered
                                                   :
-------------------------------------------------- x

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE
TO MOTION OF DEBTORS FOR APPROVAL OF
GLOBAL BIDDING PROCECDURES**

TO:   **THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. §§ 586(a)(3) and (5), hereby respectfully submits his limited objection (the "**Objection**") to the motion (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates (collectively, the "**Debtors**" or "**Sears**") for approval of Global Bidding Procedures.  ECF Doc. No. 429.

**PRELIMINARY STATEMENT**

The Debtors seek approval of global bidding procedures to sell approximately 400 stores. It is unclear from the Motion if the sale includes personally identifiably information of the Debtors' customers.  The Debtors, however, do not propose the appointment of a consumer privacy ombudsman in connection with the sale.  Accordingly, because the Bankruptcy Code directs the appointment of an ombudsman in connection with the sale of customer data, if the Debtors seek to sell their customers' personally identifiable information the United States Trustee objects to the Motion until a consumer privacy ombudsman in appointed.

# BACKGROUND

A.  **General Background**

1. The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code on October 15, 2018 (the "**Petition Date**").

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases (the "**Chapter 11 Cases**") are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  ECF Doc. No. 118.

4. On October 24, 2018, the United States Trustee formed an official committee of unsecured creditors.

B.  **The Global Bidding Procedures**

5. On November 1, 2018, the Debtors filed the Motion seeking approval of global bidding procedures for the sale of approximately 400 of the Debtors' stores as a going concern. Motion at ¶¶ 1-3.

6. It is unclear from the Motion if the Debtors will be selling any personally identifiable information of their customer base.

7. The Motion does not disclose the Debtors' privacy policies, if any, that apply to customer information.

8. The Motion does require a purchaser of the Debtors' assets to comply with the Debtors' privacy policies.

9.  The Debtors do not propose the appointment of a consumer privacy ombudsman in connection with the sale of their customers' personal information.

## LEGAL STANDARDS

Section 363(b)(1) of the Bankruptcy Code provides:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless –
>
> > (A) such sale or lease is consistent with such policy; or
> >
> > (B) after appointment of a consumer privacy ombudsman in accordance with section 332, and after notice and a hearing, the court approves such sale or such lease –
> >
> > > (i) giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and
> > >
> > > (ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

1.  Section 332 of the Bankruptcy Code provides:

(a) If a hearing is required under section 363(b)(1)(B), the court shall order the United States trustee to appoint, not later than 7 days before the commencement of the hearing, 1 disinterested person (other than the United States trustee) to serve as the consumer privacy ombudsman in the case and shall require that notice of such hearing be timely given to such ombudsman.

(b) The consumer privacy ombudsman may appear and be heard at such hearing and shall provide to the court information to assist the court in

its consideration of the facts, circumstances, and conditions of the proposed sale or lease of personally identifiable information under section 363(b)(1)(B). Such information may include presentation of—

    (1) the debtor's privacy policy;
    (2) the potential losses or gains of privacy to consumers if such sale or such lease is approved by the court;
    (3) the potential costs or benefits to consumers if such sale or such lease is approved by the court; and
    (4) the potential alternatives that would mitigate potential privacy losses or potential costs to consumers.

(c) The consumer privacy ombudsman shall not disclose any personally identifiable information obtained by the ombudsman under this title.

## ARGUMENT

The Debtors have not disclosed if (i) they will be selling personally identifiable information of their customer base, (ii) their privacy policies that apply to their customer base, and (iii) if a purchaser will be required to comply with the Debtor's privacy policies. Accordingly, if the Debtors seek to sell their customers' personally identifiable information, the approval of any bidding procedures should require the appointment of a consumer privacy ombudsman pursuant to Bankruptcy Code Section 332(a).

WHEREFORE, the U.S. Trustee respectfully requests that the Court direct the U.S. Trustee to appoint a consumer privacy ombudsman, and grant such other relief as the Court deems fair and just.

Dated: New York, New York
November 8, 2018

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Paul K. Schwartzberg*
Paul K. Schwartzberg
Trial Attorney
201 Varick Street, Room 1006
New York, New York 10014
Tel. (212) 510-0500