| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: November 15, 2018<br>Hearing Time: 10:00 a.m. |

```
------------------------------------------------------   x
                                                         :
In re                                                    :   Chapter 11
                                                         :
SEARS HOLDINGS CORPORATION, et al.,                      :   Case No. 18-23538 (RDD)
                                                         :
                                       Debtors.          :   Jointly Administered
                                                         :
------------------------------------------------------   x
```

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE
TO MOTION OF DEBTORS FOR ENTRY OF ORDER (I)(A) APPROVING BIDDING
PROCEDURES FOR SALE OF SEARS HOME IMPROVEMENT BUSINESS, (B)
APPROVING STALKING HORSE BID PROTECTIONS, (C) SCHEDULEING
ACUTION FOR AND HEARING TO APPROVE SALE OF SEARS HOME
IMPROVEMENT BUSINESS, (D) APPROVING FORM AND MANNER OF NOTICE
OF SALE, AUCTION , AND SALE HEARING, (E) APPROVING ASSUMPTION AND
ASSIGNMENT PROCEDUES, (II) APPROVING THE SALE OF SEARS HOME
IMPROVEMENT BUSIENSS IN ACCORDANCE WITH THE STALKING HORSE
AGREEMENT, AND (III) GRANTING RELATED RELIEF**

TO:   **THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. §§ 586(a)(3) and (5), hereby respectfully submits his limited objection (the "**Objection**") to the motion (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates (collectively, the "**Debtors**" or "**Sears**") for Entry of Order (I)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bidding Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (II) Approving the Sale of Sears Home Improvement Business in

Accordance with the Stalking Horse Agreement, and (III) Granted Related Relief.  ECF Doc. No. 450.

## PRELIMINARY STATEMENT

The Debtors seek approval of bidding procedures to sell their home improvement business.  The proposed transaction includes the sale of their customers' personally identifiable information.  The Debtors, however, do not propose the appointment of a consumer privacy ombudsman in connection with the sale.  Accordingly, because the Bankruptcy Code directs the appointment of an ombudsman in connection with the sale of customer data, the United States Trustee objects to the Motion until a consumer privacy ombudsman in appointed.

## BACKGROUND

**A.**     **General Background**

1. The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code on October 15, 2018 (the "**Petition Date**").

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases (the "**Chapter 11 Cases**") are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  ECF Doc. No. 118.

4. On October 24, 2018, the United States Trustee formed an official committee of unsecured creditors.

**B.      The Sale Motion**

5.      On November 3, 2018, the Debtors filed the Motion seeking, among other things, approval of bidding procedures to sell all their assets, properties and rights exclusively related to their home improvement business to Service.com, a stalking horse bidder.  Motion at ¶¶ 1 and 4.

6.      The Stalking Horse Agreement (the "**Agreement**") annexed to the Motion lists "Customer Data" as an asset the Debtors seek to sell.  Agreement at Article II, Section 2.01(i).

7.      The term "Customer Data" is defined to include personally identifiable information.  Agreement at Exhibit A.

8.      The Motion does not disclose the Debtors' privacy policies, if any, that apply to Customer Data.

9.      The Debtors do not propose the appointment of a consumer privacy ombudsman in connection with the sale of their customers' personal information.

10.     Rather, the proposed order (the "**Proposed Order**") annexed to the Motion provides that "if the Debtors seek to transfer any personally identifiable information through or in connection with the Sale Transaction, other than pursuant to Company privacy policies, the Debtors will promptly alert the US Trustee, who will determine whether appointment of a consumer privacy ombudsman is required."  Proposed Order at ¶ 37.

11.     The Proposed Order does not require a purchaser to comply with the Debtors' privacy policies.

3

## LEGAL STANDARDS

Section 363(b)(1) of the Bankruptcy Code provides:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless –
>
> > (A) such sale or lease is consistent with such policy; or
> >
> > (B) after appointment of a consumer privacy ombudsman in accordance with section 332, and after notice and a hearing, the court approves such sale or such lease –
> >
> > > (i) giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and
> > >
> > > (ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

1. Section 332 of the Bankruptcy Code provides:

(a) If a hearing is required under section 363(b)(1)(B), the court shall order the United States trustee to appoint, not later than 7 days before the commencement of the hearing, 1 disinterested person (other than the United States trustee) to serve as the consumer privacy ombudsman in the case and shall require that notice of such hearing be timely given to such ombudsman.

(b) The consumer privacy ombudsman may appear and be heard at such hearing and shall provide to the court information to assist the court in its consideration of the facts, circumstances, and conditions of the proposed sale or lease of personally identifiable information under section 363(b)(1)(B). Such information may include presentation of—

  (1) the debtor's privacy policy;
  (2) the potential losses or gains of privacy to consumers if such sale or such lease is approved by the court;
  (3) the potential costs or benefits to consumers if such sale or such lease is approved by the court; and
  (4) the potential alternatives that would mitigate potential privacy losses or potential costs to consumers.

 (c) The consumer privacy ombudsman shall not disclose any personally identifiable information obtained by the ombudsman under this title.

## ARGUMENT

The Debtors seek to sell their customers' personally identifiable information. The Debtors, however, have not disclosed their privacy policies that apply to their customer base or require a purchaser to comply with those policies. Accordingly, no bidding procedures should be approved unless a consumer privacy ombudsman is appointed pursuant to Bankruptcy Code Section 332(a).

  WHEREFORE, the U.S. Trustee respectfully requests that the Court direct the U.S. Trustee to appoint a consumer privacy ombudsman, and grant such other relief as the Court deems fair and just.

Dated: New York, New York
   November 8, 2018

              Respectfully submitted,

              WILLIAM K. HARRINGTON
              UNITED STATES TRUSTEE, Region 2

              By: */s/ Paul K. Schwartzberg*
              Paul K. Schwartzberg
              Trial Attorney
              201 Varick Street, Room 1006
              New York, New York 10014
              Tel. (212) 510-0500