Marshall Turner
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3433
(314) 470-1500 (Telephone)
(314) 480-1505 (Fax)
e-mail: marshall.turner@huschblackwell.com

Lynn H. Butler
Texas Bar No. 03527350
**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 479-9758 (Telephone)
(512) 479-1101 (Fax)
e-mail: lynn.butler@huschblackwell.com

*Attorneys for WC Independence Center, LLC*

Obj. Deadline: November 8, 2018 at 4:00p.m. ET
Hearing Date: November 15, 2018 at 10:00 a.m. ET

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | x : | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | : : | Case No. 18-23538 (RDD) |
| Debtors. | : x | (Jointly Administered) |

**OBJECTION OF WC INDEPENDENCE CENTER, LLC TO THE
OMNIBUS MOTION OF DEBTORS TO REJECT CERTAIN UNEXPIRED
LEASES AND RELATED SUBLEASES OF NONRESIDENTIAL REAL PROPERTY
AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

WC Independence Center, LLC (hereinafter, "Landlord"), by and through its undersigned counsel, hereby files this objection (the "WC Objection")[1] to the Omnibus Motion of Debtors to Reject Certain Unexpired Leases and Related Subleases of Nonresidential Real Property and

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Store Closing Motion, and accompanying documents.

Abandonment of Property in Connection Therewith [Docket No. 25] (the "Rejection Motion"), and respectfully represents as follows:

## I. BACKGROUND FACTS

1. Sears Holdings Corporation, and its affiliated co-debtors (collectively, the "Debtors"),[2] filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on October 15, 2018. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[3]

2. The Debtors lease retail space at 4023 S. Noland, Independence, Missouri 64055-3390 (the "Premises") from Landlord pursuant to an unexpired lease of nonresidential real property (the "Lease").

3. The Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); and SRC Real Estate (TX), LLC (None). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[3] All statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") unless otherwise specified in this Motion.

2

4. On October 15, 2018, the Debtors filed the Rejection Motion, which seeks authority to reject 217 stores that are no longer being operated by the Debtors. Landlord has no objection to the rejection of any of the leases, including the Lease. However, since Landlord does not have possession of the Premises at this time, Landlord files this WC Objection to make sure that the rejection date for the Lease is consistent with the Landlord's recovery of possession and the surrender of the Premises by the Debtors and Spirit Halloween ("Spirit"), Debtors' subtenant.

5. Spirit informed Landlord that it intends to vacate the Premises on or around November 11, 2018, but Spirit's lease or license agreement with Debtor does not end until November 15, 2018. Spirit's decision to vacate the Premises on or before November 15, 2018, creates an untenable position for Landlord with a potential gap in insurance coverage and utility service for the Premises. To protect its interest, Landlord will retake possession of the Premises as soon as Spirit vacates the Premises (presumably on November 11, 2018), initiate utility service, and rekey the locks to avoid issues with insurance coverage and utility services.

## II.    ARGUMENT

*A.    The effective date of any lease rejection cannot occur until the Premises is properly turned over to the Landlord.*

6. The Rejection Motion seeks to reject the Lease effective October 15, 2018. Landlord does not object to the proposed rejection date to the extent the Debtors have turned over the Premises to Landlord as of that date. However, as per the Rejection Motion, Spirit Halloween is apparently operating a temporary Halloween store at the Premises. The Landlord is not a party to any lease or license agreement between Spirit and the Debtors, and as long as Spirit is in possession of the Premises, the Debtors cannot properly reject the Lease.

7. In order to properly turn over the Premises and effectively reject the Lease, the Debtors must turnover all keys and alarm codes to the Landlord (or to the mall managers or to

the mall management office where the leased premises are located), along with written confirmation that Debtors have vacated the Premises to Landlord, which written confirmation should include information necessary to effect the transfer utilities to the Landlord, as well as any other information to facilitate transition of the Premises. The Debtors provided written notice of the their purported surrender of the Premises, along with information on the lockbox and alarm code, but this is insufficient to turn over possession of the Premises if a third party is occupying the Premises, and the Debtors cannot unilaterally absolve themselves from liability in this manner.

8. Rejection cannot occur prior to the date Landlord regains full possession and control of the Premises. If the Debtors seek to reject prior to turning over the Premises, it exposes the Landlord to liability for damages over which it has no control, and would create a potential gap in insurance coverage between the rejection date and the date of possession and control by the Landlord. Once the legal rejection date occurs for any Lease, the Debtors arguably no longer have an insurable interest in such Lease or Premises, and thus any damages occurring to persons or property after the legal date of rejection are potentially not covered by the Debtors' insurance. Therefore, rejection and possession must happen simultaneously to adequately protect the Landlord. Landlord requests that the Court set the Debtors' rejection date as the actual date that Spirit, the Debtors' licensee or lessee, actually vacates the Premises.

### III. JOINDER IN OBJECTIONS BY OTHER LANDLORDS

9. To the extent not inconsistent with the relief sought herein, Landlord hereby joins in any objections raised by other landlords.

4

## IV. CONCLUSION

Landlord requests that the Court:

a) Require that any order approving rejection of the Lease provide that the effective date of rejection should be the date that Spirit vacates and turns over the Premises to Landlord, by delivering the keys, alarm codes, and other transitional information to the Landlord, and after the removal of all personal property as required by the Lease;

b) Require that the Debtors pay Landlord the rent and other expenses detailed in the Lease, as required by 11 U.S.C. § 305(d)(3), until the date that Sprit vacates the Premises and turns over the Premises to Landlord; and

c) Grant Landlord such other and further relief as may be just and proper.

Dated: November 8, 2018                                Respectfully submitted,

                                             By: */s/ Marshall Turner*
                                                 Marshall Turner

                                             **HUSCH BLACKWELL LLP**
                                             190 Carondelet Plaza, Suite 600
                                             St. Louis, MO 63105-3433
                                             (314) 470-1500 (Telephone)
                                             (314) 480-1505 (Fax)
                                             Marshall.Turner@huschblackwell.com

                                             ATTORNEYS FOR WC INDEPENDENCE
                                             CENTER, LLC

# CERTIFICATE OF SERVICE

I, Marshall Turner, Esquire, do hereby certify that, on this 8th day of October, 2018, I caused a true and correct copy of the foregoing **Objection of WC Independence Center, LLC to the Omnibus Motion of Debtors to Reject Certain Unexpired Leases and Related Subleases of Nonresidential Real Property and Abandonment of Property in Connection Therewith** (the "WC Objection") to be served electronically and by email upon all those identified in the Master Service List as of November 8, 2018, in accordance with this Court's *Order Implementing Certain Notice and Case Management Procedures* (the "Case Management Order") entered on October 17, 2018 [Docket No. 139]. I hereby further certify that pursuant to the Case Management Order, hard copies of the foregoing WC Objection was delivered via overnight mail to (i) the Honorable Robert D. Drain, and (ii) the Office of the United States Trustee.

*/s/ Marshall Turner*
Marshall Turner

DocID: 4820-3551-0650.2