| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: November 15, 2018<br>Hearing Time: 10:00 A.M. |

In re:

SEARS HOLDINGS CORPORATION, et al.,

Debtors.

Chapter 11
Case No.: 18-23538 (RDD)
(Jointly Administered)

**CERTAIN TEXAS TAXING ENTITIES' OBJECTION TO THE DEBTORS' MOTION FOR AUTHORITY TO (A) OBTAIN POSTPETITION FINANCING, (B) USE CASH COLLATERAL, (C) GRANT CERTAIN PROTECTIONS TO PREPETITION SECURED PARTIES, AND (D) SCHEDULE SECOND INTERIM HEARING AND FINAL HEARING**
**(Relates to doc. Nos. 7 and 101)**

To:    HON. ROBERT D. DRAIN,
        UNITED STATES BANKRUPTCY JUDGE:


The Nolan County, City Sweetwater, Sweetwater Independent School District (ISD),

Palo Pinto County, City Mineral Wells, Mineral Wells ISD, Johnson County, City Cleburne,

Cleburne , ISD, Arlington ISD, Crowley ISD, Eagle Mountain-Saginaw ISD, City Grapevine,

Grapevine-Colleyville ISD, Richardson ISD, Carrollton-Farmers Branch ISD, City of Garland,

Lubbock Central Appraisal District, Midland County, Tyler ISD, Cass County, Houston County,

Mineola ISD, Nacogdoches County, Austin County Appraisal District, Brazoria County Tax

Office, Brazoria County Municipal Utility District (MUD) #35, Brazoria County Tax Office,

Fort Bend ISD, Fort Bend County Levee Improvement District #2, First Colony MUD #10, Clear

Creek ISD, Galveston County Mgmt. Dist. #1, Dickinson ISD, Interstate MUD, Clear Creek

ISD, Galveston County Mgmt Dist. #1, Dickinson ISD, Interstate MUD, Clear Creek ISD, City

of Houston, Galena Park ISD, HC MUD 285, Clear Creek ISD, City of Houston, Galena Park

ISD, Spring Branch ISD, Spring ISD, Alief ISD, Tomball ISD, City of Tomball, Midtown Mgmt

District, City of Jasper, City of Cleveland, Bay City ISD, Kerr County, Kendall County,  Fayette

1

County, Maverick County,  Uvalde County, Weslaco City, Weslaco ISD,  Randall County Tax

Office,  Potter County Tax Office,  Gray County Tax Office (collectively the "Certain Texas

Taxing Entities" or "Objectants"), secured creditors and parties in interest, by their counsel,

Perdue Brandon Fielder Collins and Mott, LLP, by Eboney Cobb, Esq., and Law Offices of

Douglas T. Tabachnik, P.C., by Douglas T. Tabachnik, Esq., object to The Debtors' Motion for

Authority to (A) Obtain Post- Petition Financing, (B) Use Cash Collateral, (C) Grant Certain

Protections to Pre-Petition Secured Parties, and (D) Schedule Second Interim Hearing and Final

Hearing (the "Motion"), and respectfully show to the Court as follows:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(D).  This Objection is

designated as a contested matter under Bankruptcy Rule 9014.

## Background

3.      The Certain Texas Taxing Entities are political subdivisions of the State of Texas,

authorized and required by the Constitution and laws of the State of Texas to levy and collect *ad*

*valorem* taxes and assessments on taxable property within its boundaries in order to discharge

their statutory duties.

4.      The Certain Texas Taxing Entities filed proofs of claim for the estimated 2018 *ad*

*valorem* taxes currently being assessed on the Debtors' real and tangible personal property (the

"Property") located within the respective Certain Texas Taxing Entities jurisdictions, in the

approximate amount of $1,450,095.60.[1] In addition to the taxes, the Certain Texas Taxing

---

[1.] Annexed hereto as **Exhibit A** is a spreadsheet of the filed claims. Some of the claims are estimated or otherwise to
be determined upon the final assessment by the respective Taxing Entities.

Entities claim interest at the applicable non-bankruptcy rate as provided under 11 U.S.C § 511 to

the extent the taxes are not be paid prior to delinquency.

**Objection**

5.      The Certain Texas Taxing Entities' claims are secured by superior, prior,

perfected, continuing, enforceable liens on the Property, as provided by Sections 32.01 and

32.05(b) of the Texas Tax Code. *Tex. Tax Code § 32.05 (LexisNexis 2018).*

6.      Pursuant to Texas law, a lien automatically attached to the Property located within

the respective certain taxing entities' taxing jurisdictions on January 1, of each respective

calendar tax year to secure payment of the pre-petition taxes, penalties, and interest ultimately

imposed on the Debtors' property.  *In re Winn's Stores, Inc., 177 B.R. 253 (Bankr. W.D. Tex.*

*1995); Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W.2d 841*

*(Tex. App.-Eastland 1995).* Texas Tax Code Section 32.01 provides in relevant part:

> On January 1 of each year, a tax lien attaches to property to secure the payment of
> all taxes, penalties, and interest ultimately imposed for the year on the property…

*Tex. Tax Code § 32.01(a) (LexisNexis 2018).*  Moreover, this statute also provides, in pertinent

part,

> A tax lien on inventory, furniture, equipment, or other personal property is a lien
> *in solido* and attaches to all inventory, furniture, equipment, and other personal
> property that the property owner owns on January 1 of the year the lien attaches
> or that the property owner subsequently acquires.

*Tex. Tax Code § 32.01(b) (LexisNexis 2018)*(emphasis added).

7.      *Section 32.01(d)* of the *Texas Tax Code*, further, states that the tax liens were

perfected on attachment and required no further action on the part of the taxing authorities. *Id.*

Furthermore, secured tax liens for the relevant property taxes will also attach to the Property on

January 1, 2019 to secure payment of the 2019 and all subsequent future taxes that will be incurred post-petition in each succeeding tax year.

8.      Moreover, the Certain Texas Taxing Entities further assert that any proceeds from any sale of business personal property that is encumbered by Certain Texas Taxing Entities' *ad valorem* tax liens should be used to satisfy the Certain Texas Taxing Entities' secured tax liens prior to any DIP lenders or other junior lien-holders.  In order to adequately protect their secured tax liens, the Certain Texas Taxing Entities, request that either their liens be paid at the time of any sale (store closing) that pertains to any of the Property encumbered by their secured tax liens, or, in the alternative, that such sums be held in a separate escrow or segregated account, created at closing from the proceeds of any such related sale in a sufficient amount to cover all *ad valorem* property taxes owed to the Certain Texas Taxing Entities.  The Objectants' secured tax liens need to be deemed attached to these segregated proceeds with the same validity, priority, and effect as they exist under non-bankruptcy law.

9.      The Certain Texas Taxing Entities respectfully request that the entry of any final order authorizing among other things (1) post-petition financing under 11 U.S.C. §364(d)(1) grant Adequate Protection to the Certain Texas Taxing Entities as to any and all proposed Debtor in possession lenders or any other party liens or rights inconsistent with the superior lien status of the Certain Texas Taxing Entities.

10.      The Certain Texas Taxing Entities object to the Motion except to the extent that the Debtors are able to demonstrate that their tax liens are adequately protected as provided under 11 U.S.C. § 364(d)(1)(B) and 364(d)(2).

11.    The Certain Texas Taxing Entities object to the Motion to the extent that it requests the grant to any and all proposed Debtor in possession lenders or any other party liens or rights equal to or superior to those of the Certain Texas Taxing Entities, as described above.

WHEREFORE, the Certain Texas Taxing Entities respectfully request that the Court sustain their objections to the Motion and that they be granted, together with such other and further relief, as to this Court seems just, proper and equitable.

Dated: November 8, 2018

Respectfully submitted,

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.

By: /s/ Eboney Cobb
Eboney Cobb, Esq.
(Application for admission pro hac vice to be submitted)
SBN:  24048397
500 East Border Street, Suite 640
Arlington, Texas 76010
Tel:  (817) 461-3344
Fax:  (817) 860-6509
ecobb@pbfcm.com

LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.

By:  /s/ Douglas T. Tabachnik
Douglas T. Tabachnik, Esq.
(Admitted in this District)
63 West Main Street
Suite C
Freehold, NJ 07728-2141
Tel: (732) 780-2760
Fax: (732) 780-2761
dtabachnik@dttlaw.com

Counsel for the Certain Texas Taxing Entities