| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Debtors. | Hearing Date: November 15, 2018<br>Hearing Time: 10:00 A.M.<br><br>Chapter 11<br>Case No.: 18-23538 (RDD)<br>(Jointly Administered) |

**CERTAIN TEXAS TAXING ENTITIES LIMITED OBJECTION TO DEBTORS'
MOTION FOR APPROVAL OF PROCEDURES FOR STORE CLOSING SALES AND
ASSUMPTION OF LIQUIDATION CONSULTING AGREEMENT**

(Relates to Doc. No. 23)

To:  HON. ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

The Nolan County, City Sweetwater, Sweetwater Independent School District (ISD), Palo Pinto County, City Mineral Wells, Mineral Wells ISD, Johnson County, City Cleburne, Cleburne , ISD, Arlington ISD, Crowley ISD, Eagle Mountain-Saginaw ISD, City Grapevine, Grapevine-Colleyville ISD, Richardson ISD, Carrollton-Farmers Branch ISD, City of Garland, Lubbock Central Appraisal District, Midland County, Tyler ISD, Cass County, Houston County, Mineola ISD, Nacogdoches County, Austin County Appraisal District, Brazoria County Tax Office, Brazoria County Municipal Utility District (MUD) #35, Brazoria County Tax Office, Fort Bend ISD, Fort Bend County Levee Improvement District #2, First Colony MUD #10, Clear Creek ISD, Galveston County Mgmt. Dist. #1, Dickinson ISD, Interstate MUD, Clear Creek ISD, Galveston County Mgmt. Dist. #1, Dickinson ISD, Interstate MUD, Clear Creek ISD, City of Houston, Galena Park ISD, Harris County MUD 285, Clear Creek ISD, City of Houston, Galena Park ISD, Spring Branch ISD, Spring ISD, Alief ISD, Tomball ISD, City of Tomball, Midtown Mgmt. District, City of Jasper, City of Cleveland, Bay City ISD, Kerr County, Kendall County,  Fayette County, Maverick County,  Uvalde County, Weslaco City, Weslaco ISD,

1

Randall County Tax Office, Potter County Tax Office, Gray County Tax Office (collectively the "Certain Texas Taxing Entities" or "Objectants"), secured creditors and parties in interest, by their counsel, Perdue Brandon Fielder Collins and Mott, LLP, by Eboney Cobb, Esq., and Law Offices of Douglas T. Tabachnik, P.C., by Douglas T. Tabachnik, Esq., object to the Debtors' Motion for Approval of Procedures for Store Closing Sales and Assumption of Liquidation Consulting Agreement (the "Motion"), and respectfully shows to the Court as follows:

### Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, *et seq.*

2.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This Objection is designated as a contested matter under Bankruptcy Rule 9014.

### Objection

3.  The Certain Texas Taxing Entities object to the Motion for the reasons stated herein and for the further reasons stated in the accompanying objection (docket number 526) to the Debtors' motion for proposed debtor-in-possession financing, the content of which objection is incorporated herein by reference, and annexed hereto as **Exhibit A**.

4.  The Certain Texas Taxing Entities are a subdivision of the State of Texas and, as such, are authorized to levy and assess *ad valorem* taxes on the value of property located within its taxing jurisdiction as of January 1 of each tax year.

5.  The Certain Texas Taxing Entities hold pre-petition and post-petition *ad valorem* tax liens. These secured tax liens currently encumber the property that is the subject of the Motion. Certain Texas Taxing Entities claims are secured by prior perfected continuing enforceable tax liens upon the property of the Debtors, as provided by Sections 32.01 and 32.05(b) of the Texas Tax Code. *Tex. Tax Code §§32.01 and 32.05 (LexisNexis 2018).*

6.   The Certain Texas Taxing Entities assert a limited objection to the Motion to the extent that it seeks to sell the property subject to the Certain Texas Taxing Entity's secured tax liens, free and clear of the pre-petition and post-petition taxes, and the lien securing the same, which were incurred January 1 of each respective tax year, and which encompass both existing and after-acquired real and personal property.

7.   In order to adequately protect the Certain Texas Taxing Entities secured tax liens, the Objectants respectfully request that either their respective liens be paid at the time of sale, or, in the alternative, funds sufficient to secure the payment of the referenced taxes be placed in a separate escrow or segregated account, from the proceeds of the sale, as to both the pre-petition and post-petition *ad valorem* taxes owed, and with language in any order approving the sale stating that the tax liens will attach to these segregated proceeds with the same validity, priority, and effect as they exist under non-bankruptcy law.

WHEREFORE, the Certain Texas Taxing Entities respectfully request an order approving the proposed sale and/or disposition of any and all of the Debtors' assets provide for either payment or adequate means for payment, as stated herein, of the Certain Texas Taxing Entities' secured tax liens as adequate protection for the referenced tax liens and tax obligations, together with such other and further relief as to this Court seems just, proper and equitable.

Dated: November 8, 2018

    Respectfully submitted,
    PERDUE, BRANDON, FIELDER,
    COLLINS & MOTT, L.L.P.

    By: /s/ Eboney Cobb
    Eboney Cobb, Esq.
    (Application for admission pro hac vice to be submitted)
    SBN: 24048397
    500 East Border Street, Suite 640
    Arlington, Texas 76010

Tel:  (817) 461-3344
Fax:  (817) 860-6509
ecobb@pbfcm.com


LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.

By: /s/ Douglas T. Tabachnik
Douglas T. Tabachnik, Esq.
(Admitted in this District)
63 West Main Street
Suite C
Freehold, NJ 07728-2141
Tel: (732) 780-2760
Fax: (732) 780-2761
dtabachnik@dttlaw.com

Counsel for the Certain Texas Taxing Entities

# EXHIBIT A

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Debtors. | Hearing Date: November 15, 2018<br>Hearing Time: 10:00 A.M.<br><br>Chapter 11<br>Case No.: 18-23538 (RDD)<br>(Jointly Administered) |

**CERTAIN TEXAS TAXING ENTITIES' OBJECTION TO THE DEBTORS' MOTION FOR AUTHORITY TO (A) OBTAIN POSTPETITION FINANCING, (B) USE CASH COLLATERAL, (C) GRANT CERTAIN PROTECTIONS TO PREPETITION SECURED PARTIES, AND (D) SCHEDULE SECOND INTERIM HEARING AND FINAL HEARING**
**(Relates to doc. Nos. 7 and 101)**

To:   HON. ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

The Nolan County, City Sweetwater, Sweetwater Independent School District (ISD), Palo Pinto County, City Mineral Wells, Mineral Wells ISD, Johnson County, City Cleburne, Cleburne , ISD, Arlington ISD, Crowley ISD, Eagle Mountain-Saginaw ISD, City Grapevine, Grapevine-Colleyville ISD, Richardson ISD, Carrollton-Farmers Branch ISD, City of Garland, Lubbock Central Appraisal District, Midland County, Tyler ISD, Cass County, Houston County, Mineola ISD, Nacogdoches County, Austin County Appraisal District, Brazoria County Tax Office, Brazoria County Municipal Utility District (MUD) #35, Brazoria County Tax Office, Fort Bend ISD, Fort Bend County Levee Improvement District #2, First Colony MUD #10, Clear Creek ISD, Galveston County Mgmt. Dist. #1, Dickinson ISD, Interstate MUD, Clear Creek ISD, Galveston County Mgmt Dist. #1, Dickinson ISD, Interstate MUD, Clear Creek ISD, City of Houston, Galena Park ISD, HC MUD 285, Clear Creek ISD, City of Houston, Galena Park ISD, Spring Branch ISD, Spring ISD, Alief ISD, Tomball ISD, City of Tomball, Midtown Mgmt District, City of Jasper, City of Cleveland, Bay City ISD, Kerr County, Kendall County,  Fayette

1

County, Maverick County, Uvalde County, Weslaco City, Weslaco ISD, Randall County Tax Office, Potter County Tax Office, Gray County Tax Office (collectively the "Certain Texas Taxing Entities" or "Objectants"), secured creditors and parties in interest, by their counsel, Perdue Brandon Fielder Collins and Mott, LLP, by Eboney Cobb, Esq., and Law Offices of Douglas T. Tabachnik, P.C., by Douglas T. Tabachnik, Esq., object to The Debtors' Motion for Authority to (A) Obtain Post-Petition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Pre-Petition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing (the "Motion"), and respectfully show to the Court as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(D). This Objection is designated as a contested matter under Bankruptcy Rule 9014.

## Background

3. The Certain Texas Taxing Entities are political subdivisions of the State of Texas, authorized and required by the Constitution and laws of the State of Texas to levy and collect *ad valorem* taxes and assessments on taxable property within its boundaries in order to discharge their statutory duties.

4. The Certain Texas Taxing Entities filed proofs of claim for the estimated 2018 *ad valorem* taxes currently being assessed on the Debtors' real and tangible personal property (the "Property") located within the respective Certain Texas Taxing Entities jurisdictions, in the approximate amount of $1,450,095.60.[1] In addition to the taxes, the Certain Texas Taxing

---

[1.] Annexed hereto as **Exhibit A** is a spreadsheet of the filed claims. Some of the claims are estimated or otherwise to be determined upon the final assessment by the respective Taxing Entities.

Entities claim interest at the applicable non-bankruptcy rate as provided under 11 U.S.C § 511 to the extent the taxes are not be paid prior to delinquency.

## **Objection**

5.     The Certain Texas Taxing Entities' claims are secured by superior, prior, perfected, continuing, enforceable liens on the Property, as provided by Sections 32.01 and 32.05(b) of the Texas Tax Code. *Tex. Tax Code § 32.05 (LexisNexis 2018).*

6.     Pursuant to Texas law, a lien automatically attached to the Property located within the respective certain taxing entities' taxing jurisdictions on January 1, of each respective calendar tax year to secure payment of the pre-petition taxes, penalties, and interest ultimately imposed on the Debtors' property. *In re Winn's Stores, Inc.,* 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.,* 894 S.W.2d 841 *(Tex. App.-Eastland 1995).* Texas Tax Code Section 32.01 provides in relevant part:

> On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property…

*Tex. Tax Code § 32.01(a) (LexisNexis 2018).* Moreover, this statute also provides, in pertinent part,

> A tax lien on inventory, furniture, equipment, or other personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property <u>that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.</u>

*Tex. Tax Code § 32.01(b) (LexisNexis 2018)*(emphasis added).

7.     *Section 32.01(d)* of the *Texas Tax Code*, further, states that the tax liens were perfected on attachment and required no further action on the part of the taxing authorities. *Id.* Furthermore, secured tax liens for the relevant property taxes will also attach to the Property on

3

January 1, 2019 to secure payment of the 2019 and all subsequent future taxes that will be incurred post-petition in each succeeding tax year.

8. Moreover, the Certain Texas Taxing Entities further assert that any proceeds from any sale of business personal property that is encumbered by Certain Texas Taxing Entities' *ad valorem* tax liens should be used to satisfy the Certain Texas Taxing Entities' secured tax liens prior to any DIP lenders or other junior lien-holders.  In order to adequately protect their secured tax liens, the Certain Texas Taxing Entities, request that either their liens be paid at the time of any sale (store closing) that pertains to any of the Property encumbered by their secured tax liens, or, in the alternative, that such sums be held in a separate escrow or segregated account, created at closing from the proceeds of any such related sale in a sufficient amount to cover all *ad valorem* property taxes owed to the Certain Texas Taxing Entities.  The Objectants' secured tax liens need to be deemed attached to these segregated proceeds with the same validity, priority, and effect as they exist under non-bankruptcy law.

9. The Certain Texas Taxing Entities respectfully request that the entry of any final order authorizing among other things (1) post-petition financing under 11 U.S.C. §364(d)(1) grant Adequate Protection to the Certain Texas Taxing Entities as to any and all proposed Debtor in possession lenders or any other party liens or rights inconsistent with the superior lien status of the Certain Texas Taxing Entities.

10. The Certain Texas Taxing Entities object to the Motion except to the extent that the Debtors are able to demonstrate that their tax liens are adequately protected as provided under 11 U.S.C. § 364(d)(1)(B) and 364(d)(2).

11. The Certain Texas Taxing Entities object to the Motion to the extent that it requests the grant to any and all proposed Debtor in possession lenders or any other party liens or rights equal to or superior to those of the Certain Texas Taxing Entities, as described above.

WHEREFORE, the Certain Texas Taxing Entities respectfully request that the Court sustain their objections to the Motion and that they be granted, together with such other and further relief, as to this Court seems just, proper and equitable.

Dated: November 8, 2018

> Respectfully submitted,
>
> PERDUE, BRANDON, FIELDER,
> COLLINS & MOTT, L.L.P.
>
> By: /s/ Eboney Cobb
> Eboney Cobb, Esq.
> (Application for admission pro hac vice to be submitted)
> SBN:  24048397
> 500 East Border Street, Suite 640
> Arlington, Texas 76010
> Tel:  (817) 461-3344
> Fax:  (817) 860-6509
> ecobb@pbfcm.com
>
> LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.
>
> By:  /s/ Douglas T. Tabachnik
> Douglas T. Tabachnik, Esq.
> (Admitted in this District)
> 63 West Main Street
> Suite C
> Freehold, NJ 07728-2141
> Tel: (732) 780-2760
> Fax: (732) 780-2761
> dtabachnik@dttlaw.com
>
> Counsel for the Certain Texas Taxing Entities