WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                    :

                                                  :                **Chapter 11**

**SEARS HOLDINGS CORPORATION, et al.,**   :

                                                  :                **Case No. 18-23538 (RDD)**

                                                  :

                **Debtors.**[1]          :                **(Jointly Administered)**

---------------------------------------------------------------x

**NOTICE OF SUPPLEMENTAL FILINGS WITH REGARD TO**
**APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND**
**EMPLOY WACHTELL, LIPTON, ROSEN & KATZ AS SPECIAL COUNSEL**
**FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that on October 29, 2018, Sears Holding Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Application of Debtors for Authority to Retain and Employ Wachtell, Lipton, Rosen & Katz as Special Counsel for the Debtors Nunc Pro Tunc to the Commencement Date* (ECF No. 357) (the "**Application**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file an *Amended Declaration of Amy R. Wolf in Support of Application of Debtors for Authority to Retain and Employ Wachtell, Lipton, Rosen & Katz as Special Counsel for the Debtors Nunc Pro Tunc to the Commencement Date* (the "**Amended Declaration**"), attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file as a supplement the *Declaration of Mohsin Meghji in Support of Application of Debtors for Authority to Retain and Employ Wachtell, Lipton, Rosen & Katz as Special Counsel for the Debtors Nunc Pro Tunc to the Commencement Date* (the "**Supplemental Declaration**"), attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Order Authorizing the Retention and Employment of Wachtell, Lipton, Rosen & Katz as Special Counsel for the Debtors Nunc Pro Tunc to the Commencement Date* (the "**Revised Proposed Order**"), attached hereto as **Exhibit C**.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit D** is a redline of the Revised Proposed Order reflecting changes from the proposed form of Order attached to the Application.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Application and Revised Proposed Order can be viewed and obtained (i) by accessing the Bankruptcy Court's

2

website at www.nysb.uscourts.gov, or (ii) by accessing, free of charge, the website maintained by the Debtors' claims and noticing agent, Prime Clerk LLC, https://restructuring.primeclerk.com/sears/. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated: November 8, 2018
        New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

3

## Exhibit A

**Amended Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                               :

                                                    :          **Chapter 11**

**SEARS HOLDINGS CORPORATION**, *et al.*,            :

                                                    :          **Case No. 18-23538 (RDD)**

                                                    :

           Debtors.[1]                              :          **(Jointly Administered)**

---------------------------------------------------------------x

## AMENDED DECLARATION OF AMY R. WOLF IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY WACHTELL, LIPTON, ROSEN & KATZ AS SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

I, Amy R. Wolf, under penalty of perjury, declare as follows:

1.      I am of counsel to the firm of Wachtell, Lipton, Rosen & Katz

("**Wachtell**"), a law firm whose offices are located at 51 West 52nd Street, New York, NY 10019.

Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if

called and sworn as a witness, I could and would testify competently thereto.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.      This Amended Declaration is made in support of the application (the "**Application**")[2] of Sears Holdings Corporation ("**SHC**") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for Authority to Retain and Employ Wachtell, Lipton, Rosen & Katz as special counsel for the Debtors *Nunc Pro Tunc* to the Commencement Date [Docket No. 357], which was filed on October 29, 2018.  It amends and supersedes the Declaration of Amy R. Wolf in Support of Application of Debtors for Authority to Retain and Employ Wachtell, Lipton, Rosen & Katz as Special Counsel for the Debtors *Nunc Pro Tunc* to the Commencement Date attached as Exhibit B to the Application.

3.      Wachtell is a firm of 283 lawyers with one office, located in New York City.  The firm has expertise in, *inter alia*, the fields of mergers and acquisitions, strategic investments, corporate and securities law, and corporate governance, as well as litigation and corporate restructuring.

4.      Wachtell has a longstanding relationship with the Debtors, having acted as general corporate counsel in numerous matters over a period of many years.  As general corporate counsel for the Debtors, Wachtell has been involved in and has expertise in various matters for the Debtors (the "**Wachtell Matters**").  These matters have included negotiating and structuring asset sales and other disposition transactions, including real estate matters, advising on various financing transactions, negotiating agreements with the Pension Benefit Guaranty Corporation, and advising on significant litigation matters, including the CCAA proceeding for Sears Canada.  In addition, from time to time, Wachtell has represented the Debtors in

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Application.

2

connection with other matters.  It is possible that such engagements could arise or expertise could be required during the course of these chapter 11 cases.

5.      In performing such services, Wachtell will charge the Debtors the rates set forth in the Application.  Wachtell intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Commencement Date in connection with the services it provides as special counsel in accordance with the *Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals M-412*, dated December 21, 2010 (Gonzalez, C.J.); the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases M-447*, dated January 29, 2013 (Morris, C.J.); and the United States Trustee Program's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58)* (collectively, the "**Fee Guidelines**"); sections 330 and 331 of the Bankruptcy Code; the Bankruptcy Rules; the Local Rules; and any further orders of the Court, both in connection with the Application and the interim and final fee applications to be filed by Wachtell in these chapter 11 cases.  In addition, Wachtell will make all reasonable efforts to comply with requests from the U.S. Trustee for information and additional disclosures as set forth in the Fee Guidelines.

6.      I have reviewed a list of the Creditors Holding the 40 Largest Unsecured Claims filed by the Debtors, as well as the entities that act as agents for the Debtors' secured credit facilities.  At this juncture, and as set forth in further detail herein, Wachtell is not aware of any relationship that would present a disqualifying conflict of interest.  Should Wachtell discover any new relevant facts or relationships bearing on the matters described herein during

the period of its retention, Wachtell will make all reasonable efforts to promptly file a supplemental declaration.

7.      To the best of my knowledge, and solely based upon information provided to me by the Debtors, neither Wachtell nor any Wachtell Professional has any interest that is materially adverse to the Debtors, their creditors, or other relevant parties with respect to any matter upon which Wachtell is to be engaged in these chapter 11 cases.

8.      Wachtell has represented and will continue to represent clients who may be involved in these chapter 11 cases in connection with matters unrelated to these chapter 11 cases.  Of the Debtors' top 40 unsecured creditors, Wachtell has in the past, currently does and might in the future represent Cardinal Health, Inc., and has in the past represented Whirlpool Corporation.  Wachtell currently represents Bank of America Corporation, Wells Fargo & Co, Simon Property Group, Inc., M&T Bank Corporation and UBS Group AG, all in connection with matters unrelated to the Debtors.  Wachtell in the past has, and might in the future represent Abacus Advisory Consulting Corp. and Tiger Capital. LLC.  Wachtell currently represents Seritage Growth Properties in connection with certain limited corporate matters, but does not and will not represent Seritage in connection with these chapter 11 cases.  Wachtell has in the past represented ESL Investments, Inc. and affiliates on certain limited matters entirely unrelated to the Debtors, and has not represented ESL or its affiliates entities on any matter since June 2015. In addition, with respect to matters unrelated to these cases, Wachtell and its personnel have and will continue to have relationships in the ordinary course of business with certain financial institutions, landlords, vendors, professionals, and other parties in interest that may be involved in the Debtors' chapter 11 cases.  Wachtell also may provide professional services to entities or

4

persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, the Debtors or their chapter 11 cases.

9.      Wachtell and Wachtell Professionals in their individual capacities regularly utilize the services of law firms, accounting firms, and financial advisors.  Such firms engaged by Wachtell or any Wachtell Professional may appear in these chapter 11 cases representing the Debtors or other parties in interest.  All engagements where such firms represent Wachtell or any Wachtell Professional in their individual capacities are unrelated to these chapter 11 cases.

10.     From time to time, Wachtell Professionals personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds, and other types of investment funds (collectively, the "**Investment Funds**"), through which such Wachtell Professionals indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates, without the Wachtell Professional's knowledge. Individually, Wachtell Professionals do not manage, or otherwise control, such Investment Funds; and have no influence over the Investment Funds' decisions to buy, sell, or vote any particular security.  The Investment Funds generally are operated as blind pools, such that when a Wachtell Professional makes an investment in an Investment Fund, he or she has no knowledge of or control over which securities the blind pool will purchase or sell.

11.     To the best of my knowledge, neither Wachtell nor any Wachtell Professional represents any interest materially adverse to the Debtors' estates with respect to any matter upon which Wachtell is to be engaged.

12.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Guidelines for Reviewing Applications for

5

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013, established by the Executive Office for the United States Trustees:

**Question**:   Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**:   No.

**Question**:   Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response**:   No.

**Question**:   If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response**:   In the past, Wachtell has billed on a transaction basis and been paid a monthly retainer. Going forward, Wachtell will bill at its customary hourly rates. On information and belief, this change in billing method will not increase Wachtell's total bills to the estate.

**Question**:   Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**:   As the purpose of Wachtell's retention is principally to make it possible for the Debtors or their other counsel to call upon Wachtell for its advice given its long relationship with the Debtors, it may not be feasible for Wachtell to predict in advance the amount of time it will be asked to spend on matters relating to the Debtors. Wachtell, however, will work the Debtors to attempt to develop a prospective budget and staffing plan with respect to matters as they arise in these chapter 11 cases. Wachtell and the Debtors will periodically review any such budget to determine whether it remains reasonable.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

[Remainder of Page Intentionally Left Blank]

6

Executed this 7th day of November, 2018

Amy R. Wolf
Of Counsel
Wachtell, Lipton, Rosen & Katz

## Exhibit B

**Supplemental Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                      :

SEARS HOLDINGS CORPORATION, *et al.*,        :

Debtors.[1]                                              :
----------------------------------------------------------------x

:          **Chapter 11**

:          **Case No. 18-23538 (RDD)**

:          **(Jointly Administered)**

**DECLARATION OF MOHSIN MEGHJI IN SUPPORT OF**
**APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN**
**AND EMPLOY WACHTELL, LIPTON, ROSEN & KATZ AS SPECIAL COUNSEL FOR**
**THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

Mohsin Meghji makes this declaration under 28 U.S.C. § 1746:

1.      I am the Chief Restructuring Officer of Sears Holding Corporation ("**Sears**

**Holdings**") and certain of its affiliates.  In my current role at Sears Holdings, I am responsible for

supervising outside counsel and monitoring and managing legal fees and expenses.

2.      On October 15, 2018 (the "**Commencement Date**"), Sears Holdings and

certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code

(the "**Bankruptcy Code**").  I submit this Declaration in support of the Debtors' application (the

"**Application**"),[2] pursuant to section 327(a) of the Bankruptcy Code, Rules 2014 and 2016 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014-1 and 2016-1

of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for

authority to retain and employ Wachtell, Lipton, Rosen & Katz ("**Wachtell**" or the "**Firm**"), as

special counsel for the Debtors in the above-captioned chapter 11 cases *nunc pro tunc* to the

Commencement Date, filed contemporaneously herewith.

3.      This Declaration is provided pursuant to Paragraph D.2 of the *United States*

*Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses*

*Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1,

2013.  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon

my personal knowledge, information provided to me by the Debtors' employees or advisors, or

my opinion based upon knowledge and experience as Chief Restructuring Officer of the Debtors.

I am authorized to submit this Declaration on behalf of the Debtors.

### The Debtors' Selection of Wachtell as Counsel

4.      Wachtell is proposed to serve as special counsel to the Debtors.  I

understand that a comprehensive review process is necessary when selecting and managing chapter

11 counsel to ensure the bankruptcy professionals are subject to the same client-driven market

forces, security, and accountability as professionals in nonbankruptcy engagements.  The Debtors

chose Wachtell because of, among other factors, the Firm's longstanding relationship with the

Debtors and its role as general corporate counsel in numerous matters over a period of many years.

---

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

## Cost Supervision

5.      As Chief Restructuring Officer, I was actively involved in negotiating the terms of Wachtell's engagement on behalf of the Debtors.  Wachtell has confirmed to me that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement.  Wachtell has advised me that its current customary U.S. hourly rates are $950 to $1,400 for partners and counsel, $500 to $925 for associates, and $250 to $325 for paralegals.  In addition to the hourly billing rates set forth herein, Wachtell customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, messengers, courier mail, overtime, overtime meals, late night transportation, travel, lodging, meal charges for business meetings, postage, printing,  transcripts, filing fees, computer research, and similar items.

6.      I am informed by Wachtell that its attorneys' billing rates are subject to change from time to time in the regular course of Wachtell's business.  However, to the extent there is any change in such rates or any disparity between Wachtell's rates and those of its peer firms, I nevertheless believe that Wachtell's retention by the Debtors is warranted in these cases for the reasons set forth in the Debtors' Application.

7.      I understand that Wachtell's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these chapter 11 cases by, among other parties, the Office of the United States Trustee, the Debtors, and any official committee appointed in these chapter 11 cases in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in chapter 11 cases.

8.      As Chief Restructuring Officer of the Debtors, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel.  I or someone under my supervision

review the Debtors' outside counsel invoices and authorize all legal fees and expenses prior to the payment of such fees to outside counsel.  In doing so, I assure that all requested fees and expenses are not unreasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates.  The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy cases.  Moreover, Wachtell has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by Wachtell.  I will continue to review the invoices that the Debtors submit and, together with Wachtell, amend such invoices as necessary.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 6th day of November, 2018

  /s/ Mohsin Meghji
Mohsin Meghji
Chief Restructuring Officer,
Sears Holdings Corporation

# Exhibit C

## Revised Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                                            :
                                                                 :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*        :
                                                                 :        **Case No. 18-23538 (RDD)**
                                                                 :
              Debtors.[1]                                         :        **(Jointly Administered)**
-----------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WACHTELL, LIPTON, ROSEN & KATZ AS SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application, dated October 29, 2018 (ECF No. 357)

(the "**Application**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),

pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules

2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

York (the "**Local Rules**"), for entry of an order authorizing the Debtors to retain and employ

Wachtell, Lipton, Rosen & Katz ("**Wachtell**") as special counsel for the Debtors for those

matters described therein, effective *nunc pro tunc* to the Commencement Date, all as more fully

set forth in the Application; and the Court having jurisdiction to decide the Application and the

relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the relief requested in the Application having

been provided in accordance with the Case Management Order; such notice having been

adequate and appropriate under the circumstances, and it appearing that no other or further notice

need be provided; and the Court having held a hearing to consider the relief requested in the

Application on November 15, 2018 (the "**Hearing**"); and upon the Declaration of Amy R. Wolf,

filed contemporaneously with the Application, the record of the Hearing, and upon all of the

proceedings had before the Court; and the Court having determined that the legal and factual

bases set forth in the Application establish just cause for the relief granted herein and is in the

best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due

deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is granted to the extent set forth herein.

2.      The Debtors are authorized to retain Wachtell as special counsel for the

Debtors, effective *nunc pro tunc* to the Commencement Date, and Wachtell is authorized and

directed to perform the general legal services described in the Application.

2

3.      Wachtell shall be compensated in accordance with, and shall file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any further order of the Court.

4.      Wachtell shall be reimbursed for reasonable and necessary expenses.

5.      Wachtell shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases before implementing any increases in the rates set forth in the Application for professionals providing services in these cases, and such notice must be filed with the Court.

6.      Wachtell shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7.      The Debtors and Wachtell are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

9.      To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
        White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit D</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                          :
                                               :       Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,          :
                                               :       Case No. 18-23538 (RDD)
                                               :
Debtors.[1]                                     :       (Jointly Administered)
-------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
### OF WACHTELL, LIPTON, ROSEN & KATZ AS SPECIAL COUNSEL
### FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application, dated October ~~26~~29, 2018 (ECF No. ~~[●]~~357)

(the "**Application**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"),

pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to retain and employ Wachtell, Lipton, Rosen & Katz ("**Wachtell**") as special counsel for the Debtors for those matters described therein, effective *nunc pro tunc* to the Commencement Date, all as more fully set forth in the Application; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Application on November 15, 2018 (the "**Hearing**"); and upon the Declaration of Amy R. Wolf, filed contemporaneously with the Application, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is granted to the extent set forth herein.

2

2.      The Debtors are authorized to retain Wachtell as special counsel for the Debtors, effective *nunc pro tunc* to the Commencement Date, and Wachtell is authorized and directed to perform the general legal services described in the Application.

3.      Wachtell shall be compensated in accordance with, and shall file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any further order of the Court.

4.      Wachtell shall be reimbursed for reasonable and necessary expenses.

5.      Wachtell shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases before implementing any increases in the rates set forth in the Application for professionals providing services in these cases, and such notice must be filed with the Court.

6.      ~~5.~~ Wachtell shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7.      ~~6.~~ The Debtors and Wachtell are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.      ~~7.~~ Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

9.      ~~8.~~ To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

10.     ~~9.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

3

Dated: _____, 2018
      White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\96748487\9\73219.0006