| | |
|---|---|
| Donna H. Lieberman, Esq.<br>HALPERIN BATTAGLIA BENZIJA, LLP<br>40 Wall Street, 37th floor<br>New York, New York 10005<br>Telephone: (212) 765-9100<br>dlieberman@halperinlaw.net | Hearing Date: November 15, 2018<br>Time: 10:00 a.m. |

and

Kevin S. Neiman, Esq.
LAW OFFICES OF KEVIN S. NEIMAN, PC
999 18th Street, Suite 1230 S
Denver, CO  80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Properties Landlords*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
|
In re:                                                                          |    Chapter 11
                                                                                     |    Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.,*       |
                                                                                     |    (Jointly Administered)
                                            Debtors.                     |
                                                                                     |
---------------------------------------------------------------x

**LIMITED OBJECTION OF THE NW PROPERTIES LANDLORDS TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR REJECTION OF UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**

NW Cambridge Property Owner LLC, NW Centennial LLC, NW 51st Street LLC, NW Springs LLC, NW Northgate II LLC, NW Duluth LLC, and NW Gaithersburg LLC (together, the "NW Properties Landlords"), by and through their undersigned counsel, hereby file this limited objection (the "Objection") to the *Motion of Debtors for Entry of an Order Establishing*

*Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith* [D.N. 24, 250] (the "Rejection Procedure Motion" or the "Motion"). In support of this Objection, the NW Properties Landlords respectfully state as follows:

## BACKGROUND

1. On October 15, 2018, the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The NW Properties Landlords are the lessors under seven leases with the Debtors, at least six of which are "shopping center" leases as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

3. The leases (together, the "Leases") are for premises at the following locations:

| Landlord | Leased Premises |
| --- | --- |
| NW Cambridge Property Owner LLC | Cambridge, MA |
| NW Centennial LLC | Centennial, CO |
| NW 51st Street LLC | Pittsburgh, PA |
| NW Springs LLC | Colorado Springs, CO |
| NW Northgate II LLC | Durham, NC |
| NW Duluth LLC | Duluth, GA |
| NW Gaithersburg LLC | Gaithersburg, MD |

4. By the Rejection Procedure Motion, the Debtors seek the Court's approval of certain procedures to govern the future rejection of leases and abandonment of property. The proposed "Rejection Procedures" are set forth in Exhibit 1 to the Motion and they, among other

things, "contemplate that the Rejection Date may be before the date an order approving rejection is entered by the Court." Motion, ¶ 20.  Moreover, as recounted in paragraph 22 of the Motion:

> The Debtors also request authority to abandon any property remaining at the leased premises on the Rejection Date of the applicable Leases that the Debtors determine is too difficult to remove or expensive to store, such that the economic benefits of removing or storing such remaining property would by outweighed by the attendant costs (such assets, the "**De Minimis Assets**").

5.     Contemporaneously with the filing of the Rejection Procedure Motion, the Debtors filed their *Omnibus Motion of Debtors to Reject Certain Unexpired Leases and Related Subleases of Nonresidential Real Property and Abandonment of Property in Connection Therewith* [D.N. 25, 250, 290] (the "Lease Rejection Motion").

6.     The NW Properties Landlords are objecting on a limited basis to the Lease Rejection Motion and the Rejection Procedure Motion.  They object to two components of the Debtors' motions: (i) the *nunc pro tunc* rejection relief sought by the Debtors; and (ii) the proposed provisions for abandonment of property by the Debtors at the leased premises, in violation of the Leases, in a manner that not only puts the burden and expense of removing the property on the NW Properties Landlords, but also seems designed to ensure that the landlords will not have post-petition claims for the costs or damages incurred in connection with the removal of that property.

## **LIMITED OBJECTION**

7.     The NW Properties Landlords do not generally object to the Debtors' request for approval of procedures that will govern lease rejections.  But for the reasons set forth in their limited Objection to the Lease Rejection Motion, which is incorporated herein by reference, the NW Properties Landlords do object on a limited basis to certain of the procedures proposed in the Rejection Procedure Motion.

8. Any rejection, if approved, should be effective only as of the *later* of the date of the order granting such relief or the surrender of the Premises (or at a minimum, the date of the hearing). Moreover, any Order on the Rejection Procedure Motion and the Rejection Procedures should include a reservation of rights for landlords, making it clear that nothing in the Order or the Rejection Procedures is intended to preclude the allowance of such costs as administrative claims or waive the rights of any landlords to assert any claim, pursuant to, *inter alia*, §§ 365 or 503 of the Bankruptcy Code, for any costs or expenses that any landlord may incur in relation to any abandonment of any property at their premises. Any contrary language should be struck or amended to be consistent with the foregoing.

## RESERVATION OF RIGHTS

9. The NW Properties Landlords expressly reserve any and all rights to supplement or amend this Objection and make any other objections to further relief sought by the Debtors, including in relation to any proposed rejection, assumption, assumption and assignment, or sale of any of the Leases.

## JOINDER

10. The NW Properties Landlords join in the objections to the Debtorsø requested relief filed by other landlords and parties-in-interest to the extent they are not inconsistent with this Objection.

## CONCLUSION

WHEREFORE, the NW Properties Landlords respectfully request that this Court enter an order: (a) sustaining this Objection; (b) modifying the relief request by the Debtors to address the issues raised by the NW Properties Landlords; and (c) granting the NW Properties Landlords such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: November 8, 2018                                     Respectfully submitted,

**HALPERIN BATTAGLIA BENZIJA, LLP**

/s/ *Donna H. Lieberman*
Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

       - and-

Kevin S. Neiman, Esq.
**LAW OFFICES OF KEVIN S. NEIMAN, PC**
999 18th Street, Suite 1230 S
Denver, CO 80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Properties Landlords*