Donna H. Lieberman, Esq.
HALPERIN BATTAGLIA BENZIJA, LLP
40 Wall Street, 37th floor
New York, New York 10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

and

Kevin S. Neiman, Esq.
LAW OFFICES OF KEVIN S. NEIMAN, PC
999 18th Street, Suite 1230 S
Denver, CO  80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Properties Landlords*

Hearing Date: November 15, 2018
Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|
In re:                                                      |    Chapter 11
                                                            |    Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.*,                       |
                                                            |    (Jointly Administered)
                      Debtors.                              |
                                                            |
------------------------------------------------------------x

**LIMITED OBJECTION OF THE NW PROPERTIES LANDLORDS TO THE OMNIBUS MOTION OF DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES AND RELATED SUBLEASES OF NONRESIDENTIAL REAL PROPERTY AND <u>ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH</u>**

NW Cambridge Property Owner LLC, NW Centennial LLC, NW 51st Street LLC, NW Springs LLC, NW Northgate II LLC, NW Duluth LLC, and NW Gaithersburg LLC (together, the "<u>NW Properties Landlords</u>"), by and through their undersigned counsel, hereby file this limited objection (the "<u>Objection</u>") to the *Omnibus Motion of Debtors to Reject Certain*

*Unexpired Leases and Related Subleases of Nonresidential Real Property and Abandonment of Property in Connection Therewith* [D.N. 25, 250, 290] (the "Motion"). In support of this Objection, the NW Properties Landlords respectfully state as follows:

## BACKGROUND

1.  On October 15, 2018, the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.  The NW Properties Landlords are the lessors under seven leases with the Debtors, at least six of which are "shopping center" leases as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

3.  The leases (together, the "Leases") are for premises at the following locations:

| Landlord | Leased Premises |
| --- | --- |
| NW Cambridge Property Owner LLC | Cambridge, MA |
| NW Centennial LLC | Centennial, CO |
| NW 51st Street LLC | Pittsburgh, PA |
| NW Springs LLC | Colorado Springs, CO |
| NW Northgate II LLC | Durham, NC |
| NW Duluth LLC | Duluth, GA |
| NW Gaithersburg LLC | Gaithersburg, MD |

4.  By the Motion, the Debtors seek the Court's approval to reject certain leases and subleases that are set forth in Schedule 1 to the Motion, as amended from time to time [D.N. 290], and authority to abandon any property remaining at the leased premises as of the rejection date. The proposed rejection date is, according to paragraph 12 of the Motion, "the date that the

-2-

Debtors surrender possession of the property, and which may occur before the date an order approving rejection of the Leases has been entered by the Court." In addition, the proposed Order on the Motion has language consistent with the preceding language, including in paragraph 3, which states that "[t]he Debtors shall not be liable for any additional administrative expenses arising after the Rejection Date with respect to the Leases."

5. The Duluth, Georgia leased premises (the "Premises") are currently included on Schedule 1, and identified as store ID no. 1685 (on PDF page 17 at D.N. 290) (the "Duluth Lease").

6. On October 15, 2018, Scott Nierman, who identified himself as Senior Real Estate Strategist of Sears Holding Corporation, sent an e-mail to a representative for the NW Properties Landlords, purporting to cause the Debtors to "surrender the premises by providing the codes below."

7. On October 18, 2018, the NW Properties Landlords responded through a representative with an e-mail to Mr. Nierman, raising certain concerns of the alleged post-petition surrender of the Premises without Court approval, stating in part:

> Dear Mr. Nierman – thanks for your email of 10/15/18. We understand that the lease on the below-referenced property is subject to a pending motion to reject, filed at Dkt. No. 25 – see Motion to Reject Lease or Executory Contract / Omnibus Motion of Debtors to Reject Certain Unexpired Leases and Related Subleases of Nonresidential Real Property and Abandonment of Property in Connection Therewith filed by Ray C Schrock on behalf of Sears Holdings Corporation. In light of the pending motion that has yet to be ruled upon, and the Bankruptcy Code's automatic stay, we are uncomfortable assuming possession and control of the real property (and any related personal property) notwithstanding your efforts to surrender same. The lease currently remains in full force and effect, and we trust that the lessee will continue to comply with all such terms therein, and preserve and protect the property including in relation to any insurance.

8. Mr. Nierman responded a week later, on October 25th, advising that: "we are

hearing that the rejection order will be retroactive to 10/15." The day before Mr. Nierman's response, the Debtors amended the exhibit to the Motion identifying the leases to be rejected, adding some leases and deleting others [D.N. 290].

9. For the reasons set forth herein, the NW Properties Landlords object to certain relief sought by the Debtors in the Motion.

## LIMITED OBJECTION

10. The NW Properties Landlords generally do not object to the Debtors' request for authority to reject the Lease. By way of this limited Objection, however, they raise two primary issues.

11. First, given that the automatic stay prevents, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," § 362(a)(3) of the Bankruptcy Code, the Debtors cannot realistically believe that a simple post-petition e-mail purporting to surrender the Premises without a Court order is a valid surrender of the Premises and rejection of the Duluth Lease. The NW Properties Landlords could not re-let the space in advance of the entry of a Court order, nor would they be free from any potential liability if they assumed possession and control over the Premises. In addition to potentially giving rise to a stay violation, any such action could be violative of §§ 363(b) (use, sale, or lease outside of ordinary course), 549 (post-petition transfer not authorized by Court), and 554 (abandonment). *See*, *e.g.*, *Matter of Hejco, Inc.*, 87 B.R. 80, 83 (Bankr. D. Neb. 1988) ("It should be noted, however, that the giving of notice of nonrenewal before the lease is rejected or deemed rejected, could be construed to violate the automatic stay since such a notice would be an attempt to deprive the debtor of its then existing contingent future interest in the leasehold estate.").

12.     Rejection should not occur prior to when the NW Properties Landlords regain full possession and control of the Premises without any risk of violating any Bankruptcy Code provisions. *In re Adwar Video Corp.*, 38 B.R. 628, 629 (Bankr. S.D.N.Y. 1984) ("A reading of 365(a) in conjunction with 365(d)(2) makes it clear that court approval is mandatory before an unexpired lease can be rejected in a Chapter 11 proceeding. Notice, even in the form of surrendering the property, will not constitute a rejection. There is nothing in the record to indicate why an order was not requested at the time of the surrender; nor does Adwar give any persuasive reason why it is now necessary to reject the lease *nunc pro tunc.* Therefore, the debtor's motion is denied."). The Debtors' purported surrender of the Premises is not a rejection of the Duluth Lease, and to treat it as such exposes the NW Properties Landlords to liability for damages over which they have no control, including potential insurance coverage gap issues between the "surrender" date and the date of entry of a rejection order.

13.     To the extent that the bankruptcy court has discretion to approve a rejection of a nonresidential lease pursuant to § 365(a) retroactively, "[t]he decision to grant retroactive rejection of a lease or contract is dictated by equitable considerations." *In re Phila. Newspapers, LLC*, 424 B.R. 178, 185 (Bankr. E.D. Pa. 2010). "In most cases a lease will be considered rejected as of the date of entry of the order approving the rejection." *In re O'Neil Theatres*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000). "Only in exceptional circumstances . . . will the court adopt a retroactive date." *Id.* (allowing retroactive rejection to debtor's petition date where lessee had taken clear steps to surrender leased property before petition date and landlord accepted the same). *See also In re Chi-Chi's, Inc*., 305 B.R. 396, 399 (Bankr. D. Del. 2004); *In re Fleming Cos., Inc*., 304 B.R. 85, 96 (Bankr. D. Del. 2003) ("Rejection has been allowed *nunc pro tunc* to the date the motion is filed or the premises is surrendered, whichever is later, *only in*

*certain circumstances.*"); and *BP Energy Co. v. Bethlehem Steel Corp.*, No. 02 CIV. 6419 (NRB), 2002 WL 31548723, at *4 (S.D.N.Y. Nov. 15, 2002) (citing *In re CCI Wireless,* LLC, 279 B.R. 590, 595 (Bankr. D. Colo. 2002) for the proposition "that –when **principles of equity so dictate**, [we] may approve a rejection of a nonresidential lease pursuant to 365(a) *retroactive to the motion filing date.'*) (emphasis added).") (*bolded emphasis added*).

14.     Here, equity requires that rejection of the Lease, if approved, be effective only as of the *later* of the date of the order granting such relief or the surrender of the Premises (or at a minimum, the date of the hearing).  The intent of the Debtors is clear: they are seeking retroactive effectiveness of the rejection to avoid paying any further rent.  Yet, NW Duluth LLC is unable to re-let the property given the automatic stay and the pending Motion because the Debtors' interest in the Lease is still an asset of the bankruptcy estates, enforceable against NW Duluth LLC.  Thus, the lessor stands to lose the significant monthly rental income to which it is entitled under the Lease and section 365 of the Bankruptcy Code.

15.     The very first case cited by the Debtors in their Motion (paragraph 12), *Adelphia Bus. Sols., Inc. v. Abnos*, 482 F.3d 602 (2d Cir. 2007), actually states:

> We have not ruled on the existence or scope of a bankruptcy court's equitable authority to order retroactive approval of rejection under § 365, and there is no need for us to do so here.

*Id.* at 602. Yet according to the Debtors, it stands for the proposition that "rejection of an unexpired lease was retroactive to the date of the hearing on the motion to reject."

16.     In fact, the *Adelphia* holding supports this limited Objection, which asks that rejection be no earlier than the date of the hearing on this Motion.  The Debtors, by contrast, seek retroactive rejection to October 15, 2018, one month prior to the hearing date.

17.     The Debtors could easily have scheduled an earlier hearing date for the Motion,

and not created a situation where they are asking the Court to determine that rejection is effective 31 days (or more) prior to the date that an Order is entered.  The Bankruptcy Code and Rules and the Local Rules of this Court do not require one month's notice of a rejection motion, and the Debtors have certainly made other motions returnable on significantly less notice.  The Debtors' subsequent actions make it clear why they scheduled this Motion as they did.  On October 24, 2018, the Debtors filed an amended version of the exhibit to the Motion, adding some leases to the rejection list and removing others.  Effectively, the Debtors were continuing to weigh what they were doing with their leases after they filed the Motion (and decided to retain some of the leases), but did not want to comply with the requirements of the Bankruptcy Code concerning payment of post-petition rent and related obligations.

18.    The second issue is the Debtors' proposed abandonment of property at the Premises.  Such abandonment is in violation of the Lease, which requires that the Premises be returned "in substantially the same condition existing at the date hereof [(commencement of the lease)], reasonable wear and tear and damage by casualty and the elements excepted" (*i.e.*, in broom clean condition), and creates an additional expense for the landlord.  If there is any cost to NW Duluth LLC in connection with the removal of property that is abandoned by the Debtors, such costs should be allowed as an administrative expense.  NW Duluth LLC is not requesting that the Court rule on this issue at this time, but rather simply requests that any Order on the Motion include a reservation of rights for landlords, making it clear that nothing in the Order is intended to preclude the allowance of such costs as administrative claims or waive the rights of any landlords to assert any claim, pursuant to, *inter alia*, §§ 365 or 503 of the Bankruptcy Code, for any costs or expenses that any landlord may incur in relation to the Debtors' abandonment of property at their premises.  The NW Properties Landlords respectfully submit that paragraph 3 of

the proposed order should be struck or otherwise amended to be consistent with the foregoing.

**RESERVATION OF RIGHTS**

19. The NW Properties Landlords expressly reserve any and all rights to supplement or amend this Objection and make any other objections to further relief sought by the Debtors, including in relation to any proposed rejection, assumption, assumption and assignment, or sale of any of the Leases.

**JOINDER**

20. The NW Properties Landlords join in the objections to the Debtors' requested relief filed by other landlords and parties-in-interest to the extent they are not inconsistent with this Objection.

**CONCLUSION**

WHEREFORE, the NW Properties Landlords respectfully request that this Court enter an order: (a) sustaining this Objection; (b) modifying the relief request by the Debtors to address the issues raised by the NW Properties Landlords; and (c) granting the NW Properties Landlords such other and further relief as this Court deems just and appropriate under the circumstances.

|  |  |
|---|---|
| Dated: November 8, 2018 | Respectfully submitted, |

**HALPERIN BATTAGLIA BENZIJA, LLP**

/s/ *Donna H. Lieberman*
Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

        - and-

Kevin S. Neiman, Esq.
**LAW OFFICES OF KEVIN S. NEIMAN, PC**
999 18th Street, Suite 1230 S
Denver, CO 80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Properties Landlords*