Donna H. Lieberman, Esq.
HALPERIN BATTAGLIA BENZIJA, LLP
40 Wall Street, 37th floor
New York, New York 10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

   and

Kevin S. Neiman, Esq.
LAW OFFICES OF KEVIN S. NEIMAN, PC
999 18th Street, Suite 1230 S
Denver, CO  80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Properties Landlords*

                                      Hearing Date: November 15, 2018
                                      Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, *et al.*, | |
| | (Jointly Administered) |
| Debtors. | |

-------------------------------------------------------------x

**LIMITED OBJECTION OF THE NW PROPERTIES LANDLORDS TO DEBTORS'
MOTION FOR AUTHORITY TO (A) OBTAIN POSTPETITION FINANCING, (B) USE
CASH COLLATERAL, (C) GRANT CERTAIN PROTECTIONS TO PREPETITION
SECURED PARTIES, AND (D) SCHEDULE
<u>SECOND INTERIM HEARING AND FINAL HEARING</u>**

        NW Cambridge Property Owner LLC, NW Centennial LLC, NW 51st Street LLC, NW Springs LLC, NW Northgate II LLC, NW Duluth LLC, and NW Gaithersburg LLC (together, the "<u>NW Properties Landlords</u>"), by and through their undersigned counsel, hereby file this

limited objection (the "Objection") to the *Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* [D.N. 7] (the "Motion"). In support of this Objection, the NW Properties Landlords respectfully state as follows:

## BACKGROUND

1. On October 15, 2018, the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The NW Properties Landlords are the lessors under seven leases with the Debtors, at least six of which are "shopping center" leases as that term is used in section 365(b)(3) of the Bankruptcy Code. The leases (together, the "Leases") are for premises at the following locations:

| Landlord | Leased Premises |
| --- | --- |
| NW Cambridge Property Owner LLC | Cambridge, MA |
| NW Centennial LLC | Centennial, CO |
| NW 51st Street LLC | Pittsburgh, PA |
| NW Springs LLC | Colorado Springs, CO |
| NW Northgate II LLC | Durham, NC |
| NW Duluth LLC | Duluth, GA |
| NW Gaithersburg LLC | Gaithersburg, MD |

3. By the Motion, the Debtors seek the Court's approval of post-petition financing

and, among other things, the granting of liens in connection therewith. An interim order dated October 16, 2018 has already been entered with respect to the Motion (the "Interim Order") [D.N. 101], and a hearing is scheduled for November 15, 2018 with respect to the Motion [Notice of Hearing, D.N. 250].[1]

4.  In the section of the Interim Order titled "DIP ABL Liens and DIP ABL Collateral," the Interim Order states in pertinent part:

> *[p]rovided* the DIP ABL Liens extend only to the proceeds of leased real property and are not direct liens on the Debtors' leases of real property unless such liens are expressly permitted pursuant to the underlying lease documents; *provided, however*, the Final Order may provide for the grant of liens on real property leases.

*See* Interim Order, page 33 (emphasis in original).

5.  For the reasons set forth herein, the NW Properties Landlords object to certain relief sought by the Debtors in the Motion.

## **LIMITED OBJECTION**

6.  The NW Properties Landlords object to the language of the Interim Order quoted above with respect to relief that the Debtors may seek in the final order. It is unclear whether the Debtors are currently seeking authority to grant liens on the Leases and the leasehold interests, and therefore, in an excess of caution, the NW Properties Landlords submit this Objection to any such relief.

7.  The Leases (one of which is filed at D.N. 223) do not expressly permit the granting of liens on the Leases or the leasehold interests. Moreover, they state in paragraph 3,

---

[1] The Debtors had previously scheduled a separate hearing with respect to their request for approval of "junior DIP financing" [Notice of Hearing, D.N. 197]. (No separate motion was filed.) That hearing was adjourned without date [D.N. 288] and subsequently included in a new notice of hearing that references both senior and junior DIP financing [D.N. 428]. The NW Properties Landlords submit this Objection to any request for the granting of liens on the Leases, property and/or leasehold interests of the NW Properties Landlords, whether the request is made in connection with senior or junior DIP financing.

among other things, that any surrender of the leased premises be "free of liens or mortgages created by Sears or a person, firm or entity operating under a Sears Lease. . . ." There is also a subordination provision in paragraph 23(a) that states in part that "[t]his Lease and all rights of Sears hereunder are hereby made and shall be subject and subordinate in all respects to the lien of all mortgages or other methods of financing which may now or hereafter encumber Landlord's interest in the Property. . . ." The Debtors now seemingly seek to invalidate, or at least adversely affect, these terms of the Leases in connection with DIP financing.

8. Section 365 of the Bankruptcy Code requires that the Debtors timely perform their obligations under the Leases until assumption and assignment or rejection of the same. The lien and encumbrance covenants at issue are material and enforceable provisions of the Leases that go to the landlords' ability to finance, refinance, and convey their property. The Debtors have provided no basis or authority for disregarding such terms. As such, the NW Properties Landlords object to any inclusion in any filings with the Bankruptcy Court, including in relation to DIP financing and any Orders on same, that purport to lien the Leases, the leasehold interests, the leased premises, or any other property of the NW Properties Landlords in any manner.

## RESERVATION OF RIGHTS

9. The NW Properties Landlords expressly reserve any and all rights to supplement or amend this Objection.

## JOINDER

10. The NW Properties Landlords join in the objections to the Debtors' requested relief filed by other landlords to the extent they are not inconsistent with this Objection.

## CONCLUSION

WHEREFORE, the NW Properties Landlords respectfully request that this Court enter an order: (a) sustaining this Objection; (b) modifying the relief request by the Debtors to address the issues raised by the NW Properties Landlords; and (c) granting the NW Properties Landlords such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: November 8, 2018

Respectfully submitted,

**HALPERIN BATTAGLIA BENZIJA, LLP**

/s/ *Donna H. Lieberman*
Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY  10005
(212) 765-9100 Telephone
dlieberman@halperinlaw.net

- and-

Kevin S. Neiman, Esq.
**LAW OFFICES OF KEVIN S. NEIMAN, PC**
999 18th Street, Suite 1230 S
Denver, CO  80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Properties Landlords*