Donna H. Lieberman, Esq.
HALPERIN BATTAGLIA BENZIJA, LLP
40 Wall Street, 37th floor
New York, New York 10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

   and

Kevin S. Neiman, Esq.
LAW OFFICES OF KEVIN S. NEIMAN, PC
999 18th Street, Suite 1230 S
Denver, CO  80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Properties Landlords*

                                            Hearing Date: November 15, 2018
                                            Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                           |

In re:                                                       |   Chapter 11
                                                           |   Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.,*    |
                                                           |   (Jointly Administered)
                          Debtors.         |
                                                           |
------------------------------------------------------------x

**LIMITED OBJECTION OF THE NW PROPERTIES LANDLORDS TO THE MOTION
OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND ESTABLISHING
PROCEDURES FOR DE MINIMIS ASSET SALES
<u>AND DE MINIMIS ASSET ABANDONMENTS</u>**

      NW Cambridge Property Owner LLC, NW Centennial LLC, NW 51st Street LLC, NW Springs LLC, NW Northgate II LLC, NW Duluth LLC, and NW Gaithersburg LLC (together, the "<u>NW Properties Landlords</u>"), by and through their undersigned counsel, hereby file this limited objection (the "<u>Objection</u>") to the *Motion of Debtors for Entry of an Order Authorizing*

*and Establishing Procedures for De Minimis Asset Sales and De Minimis Asset Abandonments* [D.N. 427] (the "Motion"). In support of this Objection, the NW Properties Landlords respectfully state as follows:

## BACKGROUND

1. On October 15, 2018, the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The NW Properties Landlords are the lessors under seven leases with the Debtors, at least six of which are "shopping center" leases as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

3. The leases (together, the "Leases") are for premises at the following locations (together, the "Premises"):

| Landlord | Leased Premises |
| --- | --- |
| NW Cambridge Property Owner LLC | Cambridge, MA |
| NW Centennial LLC | Centennial, CO |
| NW 51st Street LLC | Pittsburgh, PA |
| NW Springs LLC | Colorado Springs, CO |
| NW Northgate II LLC | Durham, NC |
| NW Duluth LLC | Duluth, GA |
| NW Gaithersburg LLC | Gaithersburg, MD |

4. By the Motion, the Debtors seek the Court's approval of certain procedures to govern so-called *de minimis* asset (the "De Minimis Assets") sales and De Minimis Assets' abandonments.

-2-

5. In paragraph 8 of the Motion, the Debtors advise that the De Minimis Assets may be included in the sales involved in the "Store Closing Sales":

> The Debtors believe that certain De Minimis Assets also will be included among the sale of the certain unprofitable stores that require prompt closure (the "**Store Closing Sales**"), described in the *Motion of Debtors for Approval of (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement* (ECF No. 23) (the "**Store Closing Motion**").

In addition, paragraph 9 of the Motion notes that the Debtors may also be selling certain "De Minimis Real Estate Assets" and that some of their more valuable "De Minimis Real Estate Assets" will be included in the sales of assets pursuant to the Global Bidding Procedures Motion.

6. But paragraph 12 of the proposed Order in respect to this Motion states that:

> De Minimis Asset Sales consummated in connection with **Store Closing Sales** or pursuant to the Global Bidding Procedures Motion shall not be subject to this Order or the De Minimis Asset Sale Procedures.

(*bolded emphasis added*).

7. This provision of the proposed Order is of particular importance to the NW Properties Landlords, as prior to filing the Motion, the Debtors filed the *Motion of Debtors for Approval of (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement* [D.N. 23] (the "Store Closing Motion") to which the NW Properties Landlords objected [D.N. 223]. The objection included the landlords' concerns about the Debtors' abandonment of property and costs and notice related to same. Since filing that objection, the NW Properties Landlords have been negotiating a side-letter (the "Side-Letter") with the Debtors' consultant, to supplant and supplement the store closing procedures that have already been approved by the Court on an interim basis. *See Interim Order Approving (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement* [D.N. 337] (the "Interim Order").

**LIMITED OBJECTION**

8. The NW Properties Landlords generally do not object to the Debtors' request for authority to sell or abandon the De Minimis Assets. But there are certain components of the sale and abandonment procedures to which they take issue, or that require clarification.

9. First, the Interim Order, ¶ 3, provides in pertinent part: "To the extent that there is any inconsistency between the Store Closing Procedures, the Liquidation Consulting Agreement, and this Interim Order on the one hand, and a Landlord Agreement on the other hand, the terms of the Landlord Agreement shall control." The apparent inconsistency between this language in the Interim Order and the proposed Order relating to the instant Motin should be corrected to make it consistent with the hierarchy set forth in paragraph 3 of the Interim Order (and any final Order that has similar if not identical language).

10. Likewise, second, the Debtors have filed a separate *Motion for Approval of Global Bidding Procedures* (the "Global Bidding Procedures Motion"), which addresses, among other things, the potential sale of leases, and procedures and deadlines relating to the assumption and assignment of leases. It is unclear if any of the Leases are considered De Minimis Assets. To the extent that they are, proper procedures should be implemented as are generally contemplated in the Global Bidding Procedures Motion and other filings, addressing notice and opportunity to object to cure amounts, adequate assurance, and other assumption and assignment issues. Alternatively, any Order on the Motion should expressly state that non-residential leases, like the Leases, are not De Minimis Assets subject to the Motion or Order.

11. Third, in paragraph 13(a), which sets forth the proposed procedures for sales up to $2.5 million, the Debtors propose not giving any notice if the Debtors believe that the sales are in the best interest of their bankruptcy estates. To the extent any of these sales are to be conducted

at any of the Premises (for example, through an in-store auction), the NW Properties Landlords request notice and an opportunity to object. Moreover, the NW Properties Landlords respectfully submit that they should receive notice of any sales of property at or from their Premises (whatever the dollar amount of the sales), so that the landlords can ensure that no property of the NW Properties Landlords, such as fixtures which the Leases specifically identify as landlord property, are being removed or sold.

12. Fourth and relatedly, in light of the possible ambiguity between paragraph 8 of the Motion and paragraph 12 of the proposed Order, to the extent applicable, all proposed procedures and the Order on the Motion should be expressly subject to the terms of any side-letters, and any Orders on the Store Closing Motion and/or the Global Bidding Procedures Motion.

13. Fifth, in paragraph 13(b), which sets forth the proposed procedures for sales over $2.5 million to $15 million, the Debtors propose giving limited notice to the "De Minimis Asset Notice Parties," including to "any known affected party, including counsel to any creditor asserting a lien, claim, encumbrance on, or interest in the relevant assets. . . ." To the extent any of these sales are to be at the Premises, the NW Properties Landlords should expressly be included as De Minimis Asset Notice Parties. This will likewise ensure that the NW Properties Landlords are part of service of any notice of abandonment of De Minimis Assets as contemplated in paragraph 15(a) of the Motion.

14. And sixth, with regard to any abandonment, in addition to proper notice and an opportunity to object, there should be reasonable protections afforded to landlords. For example, similar language to what is stated in ¶ 7 of the Interim Order should be included in any Order on the Motion:

*provided that*, to the extent any such assets remain at the leased premises after the completion of the applicable Store Closing Sales therein and notice by the Debtors to the Notice Parties, such Store Closing Assets shall be deemed abandoned to the affected landlord with the right of the landlord (or its designee) to dispose of such property free and clear of all interests and without notice or liability to any party; *provided further* that the Debtors shall remove any hazardous or toxic materials (as such terms are defined in any applicable federal, state or local law, rule, regulation, or ordinance) from the Closing Stores. Any Landlord or other designee shall be free, notwithstanding the automatic stay, to dispose of abandoned property without notice or liability to any party (including any third parties) and without further notice or order of the Court, and the applicable landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

Similarly, any Order on the Motion should include a reservation of rights for landlords, making it clear that nothing in the Order is intended to preclude the allowance of such costs as administrative claims or waive the rights of any landlords to assert any claim, pursuant to, *inter alia*, §§ 365 or 503 of the Bankruptcy Code, for any other costs or expenses that any landlord may incur in relation to any abandonment of any property at their premises.

## RESERVATION OF RIGHTS

15.     The NW Properties Landlords expressly reserve any and all rights to supplement or amend this Objection and make any other objections to further relief sought by the Debtors, including in relation to any proposed rejection, assumption, assumption and assignment, or sale of any of the Leases.

## JOINDER

16.     The NW Properties Landlords join in the objections to the Debtors' requested relief filed by other landlords and parties-in-interest to the extent they are not inconsistent with this Objection.

## CONCLUSION

WHEREFORE, the NW Properties Landlords respectfully request that this Court enter an order: (a) sustaining this Objection; (b) modifying the relief requested by the Debtors to address the issues raised by the NW Properties Landlords; and (c) granting the NW Properties Landlords such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: November 8, 2018                                                    Respectfully submitted,

**HALPERIN BATTAGLIA BENZIJA, LLP**

/s/ *Donna H. Lieberman*
Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY  10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

                - and-

Kevin S. Neiman, Esq.
**LAW OFFICES OF KEVIN S. NEIMAN, PC**
999 18th Street, Suite 1230 S
Denver, CO  80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Properties Landlords*