Hearing Date and Time: November 15, 2018 at 10:00 a.m. (Eastern Time)
Objection Date and Time: November 8, 2018 at 4:00 p.m. (Eastern Time)

McGlinchey Stafford, PLLC
Richard A. Aguilar, Esq. (Admitted *Pro Hac Vice*)
Rudy J. Cerone, Esq. (Admitted *Pro Hac Vice*)
Mark J. Chaney, Esq. (Admitted *Pro Hac Vice*)
12th Floor, 601 Poydras Street
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile: (504) 596-2800
*Attorneys for*
*Automotive Rentals, Inc. and ARI Fleet LT*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **IN RE:** | * | **CHAPTER 11** |
| | * | |
| **SEARS HOLDINGS CORPORATION,** *et al.* | * | **CASE NO. 18-23538 (RDD)** |
| | * | |
| Debtors.[1] | * | **Jointly Administered** |

**LIMITED OBJECTION OF AUTOMOTIVE RENTALS, INC. AND ARI FLEET LT TO MOTION OF DEBTORS FOR ENTRY OF ORDER (I)(A) APPROVING BIDDING PROCEDURES FOR SALE OF SEARS HOME IMPROVEMENT BUSINESS, (B) APPROVING STALKING HORSE BID PROTECTIONS, (C) SCHEDULING AUCTION FOR AND HEARING TO APPROVAL SALE OF SEARS HOME IMPROVEMENT BUSINESS, (D) APPROVING FORM AND MANNER OF NOTICE IMPROVEMENT BUSINESS, (E) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) APPROVING THE SALE OF SEARS HOME IMPROVEMENT BUSINESS IN ACCORDANCE WITH THE STALKING HORSE AGREEMENT, AND (III) GRANTING RELATED RELIEF [ECF DOC. 450]**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings

**To:** **THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**

Automotive Rentals, Inc. and ARI Fleet LT (collectively "**ARI**"), hereby submit this limited objection to Debtors' Motion for Entry of Order (I)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approval Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice Improvement Business, (E) Approving Assumption and Assignment Procedures, (II) Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking Horse Agreement, and (III) Granting Related Relief [ECF Doc. 450] (the "**SHIP Bidding Motion**"), and in support thereof, state as follows:

## BACKGROUND

1. Beginning on October 15, 2018 (the "**Petition Date**"), each of the above-captioned debtors (the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

2. ARI provided, and continues to provide, vehicle leasing and management services, as well as other services related thereto, to Sears Holdings Management Corporation and its Affiliates[2], including, without limitation, the Debtors pursuant to that certain Master Agreement

---

Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

[2] Affiliates is defined in the Master Agreement for Fleet Vehicle Leasing and Maintenance Services dated effective as of December 1, 2009, as amended from time to time.

for Fleet Vehicle Leasing and Maintenance Services dated effective as of December 1, 2009, as amended from time to time (the "**Master Agreement**"), and the Debtors provided, and continue to provide, vehicle maintenance and repair services to ARI.

3. The Master Agreement is both an executory contract and an unexpired lease of personal property, as those terms are used in § 365 and other provisions of the Bankruptcy Code. Approximately 7000 vehicles owned by ARI are leased pursuant to the Master Agreement (the "**Leased Vehicles**").

4. In the SHIP Bidding Motion, the Debtors request entry of an order (the "**SHIP Bidding Procedures Order**"), pursuant to sections 363 and 365 of the Bankruptcy Code, authorizing and establishing expedited procedures (the "**SHIP Bidding Procedures**") to sell its home improvement business here.

## LIMITED OBJECTION

### The Debtor's Proposed SHIP Bidding Order Should be Modified.

5. The SHIP Bidding Order generally is acceptable. However, there are several ambiguities and omissions that require the order to be modified.

A. <u>Personal Property Leases Are Not Included in the SHIP Bidding Order</u>

6. The SHIP Bidding Order provides, in pertinent part (emphasis added) on page 2:

> … for an order (i) (a) approving the Bidding Procedures, substantially in the form attached hereto as **Exhibit 1** (the "**Bidding Procedures**"), in connection with a sale of the Sears Home Improvement business (the "**SHIP Business**") owned by the Debtors (the "**Sale Transaction**"); … (e) authorizing and approving the procedures for the assumption and assignment of executory contracts or unexpired non-residential real property leases of the Debtors (collectively, the "**Contracts and Leases**," and such procedures, the "**Assumption and Assignment Procedures**") and approving the notice to each non-Debtor counterparty (each a "**Counterparty**") to a relevant Contract or Lease regarding the Debtors' potential assumption and assignment of Contracts and Leases and the Debtors' calculation of the amount necessary to cure

3

>any monetary defaults under such Contracts and Leases (the "**Cure Costs**"), substantially in the form attached hereto as **Exhibit 2** (the "**Assumption and Assignment Notice**") …

7. These provisions omit personal property leases from the definition of "**Contracts and Leases**" and, as a result, exclude personal property lessors, such as ARI, from the definition of "**Counterparty**." As a result, ARI may not receive the "**Assumption and Assignment Procedures Notices**" provided for in the Order.

B. <u>The Debtors Should Be Prohibited from Selling or Transferring the Master Agreement and the Leased Vehicles Without Notice to ARI.</u>

8. The SHIP Bidding Order should be amended to preclude the Debtors from selling or transferring, in whole or in part, the Master Agreement and/or any of the Leased Vehicles without providing ARI notice and a meaningful opportunity to be heard in connection therewith.

9. Section 365 of the Bankruptcy Code sets forth the procedures for assumption and assignment of executory contracts and unexpired leases of personal property. The SHIP Bidding Order, as currently drafted, should not be construed to allow the Debtors to circumvent those procedures through the sales process set forth therein without notice to ARI and an opportunity for ARI to be heard on any proposed sale or assumption and assignment of its contract rights, in whole or in part, and any of its Leased Vehicles. That order must be changed to remedy that deficiency.

C. <u>Setoff and Recoupment Rights Must Be Preserved</u>.

10. The SHIP Bidding Order also fails to address specifically preservation of the rights of setoff and/or recoupment held by ARI, as the Counterparty under the Master Agreement.

11. ARI objects to entry of the SHIP Bidding Order without a reservation of those rights of setoff and recoupment.

WHEREFORE, ARI respectfully requests that this Court enter an Order:

a. Sustaining this Limited Objection;

b.  Requiring changes to the proposed form of SHIP Building Order consistent with the specific requests set forth herein; and

c.  Granting ARI such other and further relief as the Court deems.

Respectfully submitted, this 8th day of November, 2018.

MCGLINCHEY STAFFORD, PLLC

*/s/ Richard A. Aguilar*
Richard A. Aguilar, Esq. (Admitted *Pro Hac Vice*)
Rudy J. Cerone, Esq. (Admitted *Pro Hac Vice*)
Mark J. Chaney, Esq. (Admitted *Pro Hac Vice*)
12th Floor, 601 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
Attorney for
Automotive Rentals, Inc. and ARI Fleet LT

2187392.1