GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, Massachusetts  02110-3333
Tel:   (617) 482-1776
Fax:   (617) 574-4112
Douglas B. Rosner, Esq.

885 Third Avenue, 18th Floor
New York, New York 10022
Tel:   (212) 878-6900
Fax:   (212) 878-6911
Trevor R. Hoffmann, Esq.

*Counsel to Cape Town Plaza LLC,
New Westgate Mall LLC, STAG IV
Cheektowaga, LLC, OND Property, LLC,
R.K. Hooksett, LLC and R.K. Associates #5, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Joint Administration Pending) |

**LIMITED OBJECTION OF CAPE TOWN PLAZA LLC,
NEW WESTGATE MALL LLC, STAG IV CHEEKTOWAGO, LLC,
OND PROPERTY, LLC, R.K. HOOKSETT, LLC AND
R.K. ASSOCIATES #5, INC. TO ENTRY OF FINAL DIP ORDER**

Cape Town Plaza LLC, New Westgate Mall LLC, STAG IV Cheektowaga, LLC, OND Property, LLC, R.K. Hooksett, LLC and R.K. Associates #5, Inc. (collectively, the "Landlords"), hereby submit this limited objection (the "Limited Objection") to *Debtors' Motion For Authority To (A) Obtain Post-Petition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections To Prepetition Secured Parties, And (D) Schedule Second Interim Hearing And Final Hearing* (the "DIP Motion") (Docket No. 7) and respectfully state as follows:

1

4833-0320-0890

**BACKGROUND**

1. On October 15, 2018 (the "Petition Date"), the Debtors filed their petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 15, 2018, the Debtors filed the DIP Motion. On October 16, 2018, the Bankruptcy Court entered an *Interim Order (I) Authorizing the Debtors to (A) Obtain Post-petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims and (C) Utilize Cash Collateral, (II) Granting Adequate Protection to the prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief* (the "Interim Order") (Docket No. 101).[1]

3. The Landlords are (i) Cape Town Plaza LLC, landlord of the Kmart store located at Cape Town Plaza, Hyannis, Massachusetts; (ii) New Westgate Mall LLC, landlord of the Sears store located at Westgate Mall, Brockton, Massachusetts; (iii) STAG IV Cheektowaga, LLC, landlord of the Sears distribution facility located at 60 Industrial Parkway, Cheektowaga, New York; (iv) OND Property, LLC, landlord of the Sears office space located at One North Dearborn, Chicago, Illinois; (v) R.K. Hooksett, LLC, landlord of the Kmart store located at 1265-1271 Hooksett Road, Hooksett, New Hampshire; (vi) R.K. Associates #5, Inc., landlord of the Sears store located at 901 N. Federal Highway, Ft. Lauderdale, Florida; and (vii) R.K. Associates #5, Inc., landlord of the Sears store located at 3655 SW 22nd Street, Miami, FL. For

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Interim DIP Order.

4833-0320-0890

the purposes of this Limited Objection, the leases for the above-referenced premises are defined, collectively, as the "Leases".

4.  All of the Leases other than the one in Cheektowaga, New York and Chicago, Illinois are leases of real property located within a "shopping center" within the meaning of Bankruptcy Code section 365(b)(3).

## LIMITED OBJECTION

5.  The Landlords file this Limited Objection to protect and preserve their rights in the event the Final Order ultimately seeks to provide for the grant of liens on the Debtors' leasehold interests in the Leases.

6.  The Interim Order grants the DIP Lenders[2] post-petition security interests in and liens (*i.e.,* DIP ABL Liens) on all DIP ABL Collateral. In defining *DIP ABL Collateral*, the Interim Order provides that ". . . the DIP ABL Liens extend only to the proceeds of leased real property and are not direct liens on the Debtors' leases of real property unless such liens are expressly permitted pursuant to the underlying lease documents; ***provided*, *however*, the Final Order may provide for the grant of liens on real property leases**." *See* Interim Order ¶ 12 (emphasis added).

7.  The Landlords object to the extent the Debtors are requesting liens on the Debtors' leasehold interests. Any liens on Leases must be limited to the proceeds arising from the disposition of the Leases and not the Leases themselves other than to the extent permitted by the terms of the Leases themselves – precisely as provided in the Interim DIP Order. A grant of liens on the Leases would provide a back-door means for the DIP Lenders to step into the shoes of the Debtors under the Leases upon a DIP default or assign the Leases to a third party, and thus

---

[2] For ease of use, references to *DIP Lenders* shall include the ABL Control Co-Collateral Agent, for itself and for the benefit of the DIP ABL Credit Parties. This Limited Objection shall also apply with equal force to other agents or lenders to whom the Debtors may seek to grant a lien over the Leases, whether now or in the future.

circumvent the requirements for assumption and assignment contained in Bankruptcy Code section 365.

8.   The Bankruptcy Code is clear that in order for a debtor to assume and assign its interests in an unexpired non-residential property lease, it must cure defaults and demonstrate adequate assurance of the assignee's ability to perform under the lease on an ongoing basis.  11 U.S.C. §§ 365(b), (f).  The sweeping remedies granted to the DIP Lenders upon the occurrence of a default under the Final Order would result in a *de facto* assignment of the Leases.  The DIP Lenders cannot circumvent Bankruptcy Code section 365 in the context of a financing motion.

9.   Furthermore, because several Leases are for locations in shopping centers, any assignee would be required to comply with the heightened restrictions contained in Bankruptcy Code section 365(b)(3).  *See In re Joshua Slocum, Ltd.,* 922 F.2d 1081, 1086-87 (3d Cir. 1990); 11 U.S.C. § 365(b)(3)(C) (". . . assumption or assignment of such [shopping center] lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center); 11 U.S.C. § 365(b)(3)(D) (". . . assumption or assignment of such [shopping center] lease will not disrupt any tenant mix or balance in such shopping center").  Accordingly, the DIP Lenders cannot take over the Debtors' lease rights upon a DIP default without complying with the restrictions of Bankruptcy Code section 365(b)(3).

10.  Finally, the Court must deny the direct grant of liens on the Leases to the extent the Leases restrict or prohibit such liens.  Lease provisions which restrict the ability to encumber leases are both enforceable and critical to the Landlords' ability to (i) control their properties, (ii) preserve clear title to their Leases, (iii) comply with their own financing and investment requirements and (iv) market their properties effectively.  An enforceable lease provision under

applicable state law remains enforceable in a bankruptcy case. Indeed, section 365(d)(3) expressly mandates that the Debtors comply with their post-petition lease obligations. A lien on the proceeds arising from the disposition of the Leases provides the DIP Lenders with the economic protections they seek as lenders without trampling over the Landlords' statutory and contractual protections.

11. The burden to demonstrate that bankruptcy law overrides applicable state law falls on the party making that assertion. *See Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 25 (2000); *Butner v. United States*, 440 U.S. 48, 55 (1979). The Debtors cite no authority to re-write the terms of the Leases in the financing context – nor can they do so. Bankruptcy law does not override state law or the terms of the Leases in the financing context. On the contrary, Bankruptcy Code section 365(d)(3) mandates that the Debtors "timely perform all the obligations . . . under any unexpired lease of nonresidential real property, until such lease is assumed or rejected". 11 U.S.C. § 365(d)(3). As such, the Debtors must continue to perform in accordance with the terms of Leases until they assume or reject them – and cannot pick and choose which terms to disregard or violate.[3]

## JOINDER IN OTHER OBJECTIONS

12. The Landlords hereby join in any objections raised by the Debtors' other landlords to the extent not inconsistent herewith.

---

[3] If the Bankruptcy Court determines to grant the DIP Lenders direct liens on the Leases (and it should not), then at a very minimum, the Final Order must (i) require the DIP Lenders to comply with the Bankruptcy Code's requirements for assumption and assignment as a pre-requisite to enforcement of their remedies, (ii) preserve the Landlords' rights to object to same upon due and adequate notice; and (iii) expressly provide that any liens granted on Leases under the Final Order remain subject to any rights of the Landlords under the Leases and any ancillary documents related thereto, including but not limited to security deposits, letters of credit, landlord liens arising under contract or by operation of law, setoff, recoupment and offset rights.

## **RESERVATION OF RIGHTS**

13. Nothing herein shall constitute a waiver of any rights or remedies of the Landlords under the Bankruptcy Code or applicable law, including without limitation, the right to supplement this Limited Objection or raise any other additional arguments at a later date.

## **CONCLUSION**

WHEREFORE, the Landlords respectfully request that the Court (i) deny any request by the Debtors to grant the DIP Lenders direct liens in the Leases; and (ii) grant such other and further relief as this Court deems just and proper.

Dated: November 8, 2018

        /s/ Douglas B. Rosner
        Douglas B. Rosner, Esq.
        GOULSTON & STORRS PC
        400 Atlantic Avenue
        Boston, MA  02110-3333
        Tel:  (617) 482-1776
        drosner@goulstonstorrs.com

        Trevor R. Hoffmann
        GOULSTON & STORRS PC
        885 Third Avenue, 18th Floor
        New York, New York 10022
        Tel:    (212) 878-6900
        Fax:   (212) 878-6911
        thoffman@goulstonstorrs.com

*        Counsel to Cape Town Plaza LLC, New Westgate
        Mall LLC, STAG IV Cheektowaga, OND Property, LLC,
        R.K. Hooksett, LLC and R.K. Associates #5, Inc.*

GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Tel:   (617) 482-1776
Fax:   (617) 574-4112
Douglas B. Rosner, Esq.

885 Third Avenue, 18th Floor
New York, New York 10022
Tel:   (212) 878-6900
Fax:   (212) 878-6911
Trevor R. Hoffmann, Esq.

*Counsel to Cape Town Plaza LLC, New Westgate Mall LLC,*
*STAG IV Cheektowaga, LLC, OND Property, LLC,*
*R.K. Hooksett, LLC and R.K. Associates #5, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) Case No. 18-23538 (RDD) |
| Debtors. | ) (Joint Administration Pending) |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of November, 2018, I caused a copy of the foregoing pleading to be served via (i) hand delivery to the Chambers of the Honorable Judge Robert D. Drain and the United States Trustee's Office, (ii) via overnight delivery to the Debtors, and (iii) electronic means via email or the Court's ECF system to all parties on the attached service list.

/s/ Douglas B. Rosner
Douglas B. Rosner, Esq.
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA 02110-3333
Tel: (617) 482-1776
drosner@goulstonstorrs.com

1

4833-0320-0890

## Service List

Brandon K. Bains on behalf of Interested Party Liberty Mutual Insurance Company
bbains@l-llp.com, ehyman@l-llp.com;ltemp@l-llp.com

Michael I. Baird on behalf of Creditor Pension Benefit Guaranty Corporation
baird.michael@pbgc.gov, efile@pbgc.gov

Kay Diebel Brock on behalf of Creditor Travis County
bkecf@co.travis.tx.us

James L. Bromley on behalf of Creditor ESL Investments, Inc.
maofiling@cgsh.com, jbromley@cgsh.com

Eboney Cobb on behalf of Creditor Carrollton-Farmers Branch ISD
ecobb@pbfcm.com

Andrew S. Conway on behalf of Creditor Taubman Landlords
aconway@taubman.com

Kelly Rose Cusick on behalf of Creditor Pension Benefit Guaranty Corporation
cusick.kelly@pbgc.gov, efile@pbgc.gov

Andrew G. Dietderich on behalf of Creditor Fairholme Capital Management, LLC and Fairholme Funds, Inc.
dietdericha@sullcrom.com, s&cmanagingclerk@sullcrom.com;andrew-dietderich-6008@ecf.pacerpro.com;MAASSE@SULLCROM.COM;BAKERR@SULLCROM.COM

Rachel E. Edwards on behalf of Interested Party Liberty Mutual Insurance Company
redwards@l-llp.com, ehyman@l-llp.com;ltemp@l-llp.com

Gregory W. Fox on behalf of Creditor Waste Management National Services, Inc. and its affiliates
gfox@goodwinprocter.com

Steven A. Ginther on behalf of Creditor Missouri department of revenue
sdnyecf@dor.mo.gov

Ronald Eric Gold on behalf of Creditor Washington Prime Group Inc.
rgold@fbtlaw.com, awebb@fbtlaw.com;bmparker@fbtlaw.com;eseverini@fbtlaw.com

Eric R Goodman on behalf of Creditor American Greetings Corporation
egoodman@bakerlaw.com

Alan H Katz on behalf of Creditor Pension Benefit Guaranty Corporation
akatz@lockelord.com

1

Erin C. Kim on behalf of Creditor Pension Benefit Guaranty Corporation
kim.erin@pbgc.gov, efile@pbgc.gov

Jeffrey Kurtzman on behalf of Creditor BET Investments
jkurtzma@klehr.com

Keith A Langley on behalf of Interested Party Liberty Mutual Insurance Company
klangley@l-llp.com, ehyman@l-llp.com;pgentry@l-llp.com

Paul D. Leake on behalf of Interested Party Bank of America, N.A.
wendy.lamanna@skadden.com;andrea.chouprouta@skadden.com

Joseph H. Lemkin on behalf of Creditor Levin Management Corporation
jlemkin@stark-stark.com

Jacqueline Marcus on behalf of Debtor Sears Holdings Corporation
jacqueline.marcus@weil.com,
jessica.liou@weil.com;matthew.goren@weil.com;candace.arthur@weil.com

Ilan Markus on behalf of Creditor Benenson Capital Partners, LLC and Brooks Shopping Centers, LLC
ilan.markus@leclairryan.com,
kim.knicely@leclairryan.com;wendy.kane@leclairryan.com

Sean A. O'Neal on behalf of Creditor ESL Investments, Inc.
soneal@cgsh.com, maofiling@cgsh.com

Thomas S. Onder on behalf of Creditor Levin Management Corporation
tonder@stark-stark.com

Kristen N. Pate on behalf of Creditor Brookfield Property REIT Inc.
bk@brookfieldpropertiesretail.com

David L. Pollack on behalf of Creditor Brixmor Property Group, Inc.
pollack@ballardspahr.com

Ray C Schrock on behalf of Debtor Sears Holdings Corporation
ray.schrock@weil.com, matthew.goren@weil.com;christopher.stauble@weil.com

Gary F Seitz on behalf of Creditor Yang Ming (America) Corp.
gseitz@gsbblaw.com, gary.seitz@gmail.com

Owen M. Sonik on behalf of Creditor Spring Branch Independent School District, et al.
osonik@pbfcm.com, tpope@pbfcm.com;osonik@ecf.inforuptcy.com

Richard A. Stieglitz, Jr. on behalf of Creditor SHLD Lendco, LLC
RStieglitz@cahill.com, MMcLoughlin@cahill.com;ma@cahill.com

Sabrina L. Streusand on behalf of Creditor Dell Financial Services L.L.C.
streusand@slollp.com, prentice@slollp.com

Ronald M. Tucker on behalf of Unknown Simon Property Group, L.P.
rtucker@simon.com, bankruptcy@simon.com

United States Trustee
USTPRegion02.NYECF@USDOJ.GOV

Andrew W. Weaver on behalf of Creditor ESL Investments, Inc.
aweaver@cgsh.com, maofiling@cgsh.com

Elizabeth Weller on behalf of Creditor Dallas County
dallas.bankruptcy@publicans.com, Beth.weller@lgbs.com;Dora.Casiano-Perez@lgbs.com

Garth D. Wilson on behalf of Creditor Pension Benefit Guaranty Corporation
wilson.garth@pbgc.gov, efile@pbgc.gov

Marc A. Zelina on behalf of Unknown Simon Property Group, L.P.
marc.zelina@lw.com