**Hearing Date and Time: November 15, 2018 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: November 8, 2018 at 4:00 p.m. (Eastern Time)**

McGlinchey Stafford, PLLC
Richard A. Aguilar, Esq. (Admitted *Pro Hac Vice*)
Rudy J. Cerone, Esq. (Admitted *Pro Hac Vice*)
Mark J. Chaney, Esq. (Admitted *Pro Hac Vice*)
12th Floor, 601 Poydras Street
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile: (504) 596-2800
*Attorneys for*
*Automotive Rentals, Inc. and ARI Fleet LT*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **IN RE:** | * | **CHAPTER 11** |
| | * | |
| **SEARS HOLDINGS CORPORATION,** *et al.* | * | **CASE NO. 18-23538 (RDD)** |
| | * | |
| **Debtors.[1]** | * | **Jointly Administered** |

## LIMITED OBJECTION BY AUTOMOTIVE RENTALS, INC. AND ARI FLEET LT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET SALES AND DE MINIMIS ASSET ABANDONMENTS [ECF Doc No. 427]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

To:    **THE HONORABLE ROBERT D. DRAIN**
       **UNITED STATES BANKRUPTCY JUDGE:**

Automotive Rentals, Inc. and ARI Fleet LT (collectively "**ARI**"), hereby submit this limited objection to Debtors' Motion for Entry of an Order Authorizing and Establishing Procedures for De Minimis Asset Sales and De Minimis Asset Abandonments [ECF Doc. No. 427] (the "**De Minimis Procedures Motion**"), and in support thereof, state as follows:

## BACKGROUND

1.    Beginning on October 15, 2018 (the "**Petition Date**"), each of the above-captioned debtors (the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

2.    ARI provided, and continues to provide, vehicle leasing and management services, as well as other services related thereto, to Sears Holdings Management Corporation and its Affiliates[2], including, without limitation, the Debtors pursuant to that certain Master Agreement for Fleet Vehicle Leasing and Maintenance Services dated effective as of December 1, 2009, as amended from time to time (the "**Master Agreement**"), and the Debtors provided, and continue to provide, vehicle maintenance and repair services to ARI.

3.    The Master Agreement is both an executory contract and an unexpired lease of personal property, as those terms are used in § 365 and other provisions of the Bankruptcy Code. Approximately 7000 vehicles owned by ARI are leased pursuant to the Master Agreement (the "**Leased Vehicles**").

4.    In the De Minimis Procedures Motion, the Debtors request entry of an order,

---

[2] Affiliates is defined in the Master Agreement for Fleet Vehicle Leasing and Maintenance Services dated effective as of December 1, 2009, as amended from time to time.

2

pursuant to sections 105(a) and 363 of the Bankruptcy Code and the Bankruptcy Rule 2002, authorizing and establishing expedited procedures (the "**De Minimis Asset Sale Procedures**") to (a) sell or transfer certain assets, including any rights or interests therein, that are of relatively *de minimis* value compared to the Debtors' total asset base (the "**De Minimis Assets**"; and the sales, the "**De Minimis Asset Sales**"), including certain of the Debtors' real estate assets (the "**De Minimis Real Estate Assets**"); (b) pay necessary fees and expenses incurred in connection with the De Minimis Asset Sales; and (c) abandon De Minimis Assets for which the Debtors are unable to find purchasers (each abandonment, a "**De Minimis Asset Abandonment**").

## LIMITED OBJECTION

### The Debtor's Proposed De Minimis Procedures Order Should be Modified.

5.      The De Minimis Procedures Order generally is acceptable.  However, there is at least one ambiguity that requires the order to be modified.

A.      <u>De Minimis Procedures Order, ¶ 2, provides, in pertinent part (emphasis added), as follows:</u>

(a)      With respect to sales or transfers of De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price less than or equal to $2,500,000:

(1)      the Debtors are authorized to consummate such sales *without further order of the Court or notice to any party* if the Debtors determine, in the reasonable exercise of their business judgment, that such sales are in the best interest of the estates.

6.      This provision could be construed to permit the Debtors to transfer the Master Agreement, in whole or in part, or any Leased Vehicles if they determine its value is less than $2,500,000.

B.    <u>The Debtors Should Be Prohibited from Selling or Transferring the Master Agreement and the Leased Vehicles.</u>

7.    The De Minimis Procedures Order should be amended to preclude the Debtors from selling or transferring, in whole or in part, the Master Agreement and/or any of the Leased Vehicles.

8.    Section 365 of the Bankruptcy Code sets forth the procedures for assumption and assignment of executory contracts and unexpired leases of personal property.  The De Minimis Procedures Order should not be construed to allow the Debtors to circumvent those procedures through the sales process set forth therein without notice to ARI and an opportunity for ARI to be heard on any proposed sale or assumption and assignment of its contract rights, in whole or in part, and any of its Leased Vehicles.

WHEREFORE, ARI respectfully requests that this Court enter an Order:

a.    Sustaining this Limited Objection;

b.    Requiring changes to the proposed form of De Minimis Procedures Order consistent with the specific requests set forth herein; and

c.    Granting ARI such other and further relief as the Court deems.

Respectfully submitted, this 8th day of November, 2018.

McGLINCHEY STAFFORD, PLLC

_/s/ Richard A. Aguilar_____
Richard A. Aguilar, Esq. (Admitted *Pro Hac Vice*)
Rudy J. Cerone, Esq. (Admitted *Pro Hac Vice*)
Mark J. Chaney, Esq. (Admitted *Pro Hac Vice*)
12th Floor, 601 Poydras Street
New Orleans, Louisiana  70130
Telephone:  (504) 586-1200
Facsimile: (504) 596-2800

Attorney for
Automotive Rentals, Inc. and ARI Fleet LT

2187000.1