Hearing Date: November 15, 2018 at 10 a.m.

Alan D. Halperin, Esq.
Ligee Gu, Esq.
HALPERIN BATTAGLIA BENZIJA, LLP
40 Wall Street, 37th floor
New York, New York 10005
Telephone: (212) 765-9100
ahalperin@halperinlaw.net
lgu@halperinalaw.net

*Counsel to Relator Carl Ireland,*
*Administrator of the Estate of James Garbe*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x
                                                                |
In re:                                                          |   Chapter 11
                                                                |   Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.*,                           |
                                                                |   (Jointly Administered)
                                          Debtors.              |
                                                                |
--------------------------------------------------------------- x

**LIMITED OBJECTION OF RELATOR CARL IRELAND, ADMINISTRATOR OF THE
ESTATE OF JAMES GARBE, TO DEBTORS' MOTION FOR AUTHORITY TO
(A) OBTAIN POST-PETITION FINANCING, (B) USE CASH COLLATERAL,
(C) GRANT CERTAIN PROTECTIONS TO PREPETITION SECURED PARTIES,
AND (D) SCHEDULE SECOND INTERIM HEARING AND FINAL HEARING**

Carl Ireland, Administrator of the Estate of James Garbe (the "Relator"), by and through his counsel, files this limited objection (the "Objection") to the *Debtor's Motion for Authority to (a) Obtain Post-Petition Financing, (b) Use Cash Collateral, (c) Grant Certain Protections to Prepetition Secured Parties, and (d) Schedule Second Interim Hearing and Final Hearing* (the "DIP Motion") [Docket No. 7] and the entry of a final order on the DIP Motion. In support of this Objection, the Relator respectfully represents as follows:

**INTRODUCTION**

1.  In the DIP Motion, the above-captioned debtors and debtors-in-possession (the "Debtors") seek authority to, among other things, grant priming and other liens upon their assets. It is unclear whether the DIP Lenders are priming all existing real property liens, and the Relator holds a first priority, perfected mortgage lien on the Debtors' real property known as the Sears Distribution Center #8975, Cupey Bajo, San Juan, Puerto Rico (the "Puerto Rico Property") and any and all proceeds of the Puerto Rico Property.

2.  The Relator objects to the DIP Motion to the extent the DIP Motion seeks to prime the Relator's Mortgage Liens (defined below), grant liens that are *pari passu* with the Mortgage Liens, or otherwise impair his rights and interests. The Relator does not consent to such treatment and has not been offered any form of adequate protection.

3.  An interim order dated October 16, 2018 has already been entered with respect to the DIP Motion (the "Interim Order") [Docket No. 101] and a final hearing has been scheduled for November 15, 2018.

**BACKGROUND AND OBJECTION**

4.  The Relator, as well as the United States of America, through the United States Department of Justice (the "United States"), the Office of Inspector General of the Department of Health and Human Services, and the Defense Health Agency, Kmart Corporation ("Kmart"), and Sears Holding Corporation ("SHC") are parties to a December 2017 settlement agreement whereby Kmart agreed to pay a total of $59 million in three (3) installments (the "Settlement Payments") to settle a civil action brought under the False Claims Act and analogous state statutes (the "Settlement Agreement"). The Settlement Payments were to be made to the United States, various state governments, and the Relator and his counsel.

5.      Additionally, as adequate protection in the event Kmart defaulted any of its obligations under the Settlement Agreement, Kmart and SHC granted first priority liens to the United States and the Relator on certain real properties owned by Kmart and/or SHC. The real properties are located in San Juan, Puerto Rico (defined above as the Puerto Rico Property) and Winter Park, Florida. After certain payments were made under the Settlement Agreement, the mortgage on the property in Winter Park, Florida was deemed satisfied, and the Relator no longer has a lien on that property.

6.      Pursuant to a *Mortgage Note, Pledge and Security Agreement*, dated January 12, 2018 (the "Note and Security Agreement"), Sears Roebuck de Puerto Rico, Inc. pledged collateral to the United States and Relator, comprised of a mortgage note in the principal amount of $17.4 million, secured by a deed for the Puerto Rico Property, and all proceeds of the foregoing, including, without limitation, cash proceeds (the "Collateral"). The liens in the Collateral were timely and properly recorded in the appropriate municipality, as provided for under the Note and Security Agreement. Therefore, the Relator's first priority, perfected liens on the Collateral (the "Mortgage Liens") remain extant and effective as of the date of this Objection.

7.      As of the date of the Debtors' bankruptcy filings, October 15, 2018 (the "Petition Date"), the amount that remains due and unpaid under the Settlement Agreement is $26,200,000.00, of which $8,772,984.24 is owed specifically to the Relator and his attorneys' fees and costs. No payments have been made in connection with the Settlement Agreement since the Petition Date.

8.      Because the Relator cannot determine with certainty if the Debtors are seeking authority to have all pre-existing liens primed or grant liens on the Collateral that are *pari passu* with the prior, perfected and first priority liens of the Relator and others (including the United

3

States), the Relator submits this Objection to the DIP Motion.  As a secured party holding first priority and perfected liens in the Collateral (the Puerto Rico Property and the proceeds thereof), the Relator is entitled to receive the value of the Collateral.

9. Given the foregoing, the Relator respectfully submits that any Order or Orders entered in connection with the DIP Motion should provide that, notwithstanding any other provisions of any Order of this Court or agreement between the Debtors and the DIP parties, nothing in such Orders or agreements shall grant the DIP lenders or any other party liens or security interests in the Collateral that are senior to or *pari passu* with the Mortgage Liens.

## **RESERVATION OF RIGHTS**

10. The Relator expressly reserves any and all rights to supplement or amend this Objection.

## **CONCLUSION**

WHEREFORE, the Relator respectfully requests that this Court enter an Order: (a) sustaining this Objection; (b) to the extent the Debtors are seeking to prime or otherwise impair the Relator's Mortgage Lien, denying such relief; (c) modifying the relief requested by the Debtors to address the issue raised by the Relator; and (d) granting the Relator such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: November 8, 2018
      New York, New York

Respectfully submitted,

HALPERIN BATTAGLIA BENZIJA, LLP

*/s/ Alan D. Halperin*
Alan D. Halperin, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
ahalperin@halperinlaw.net
lgu@halperinlaw.net

*Counsel to Relator Carl Ireland,*
*Administrator for the Estate of James Garbe*

5