**ROBINSON BROG LEINWAND GREENE**      <u>Hearing Date and Time:</u>
**GENOVESE & GLUCK P.C.**      **November 15, 2018 at 10:00 a.m.**
*Counsel for Rockaway Realty Assocs., LP*
875 Third Avenue, 9th Floor
New York, New York 10022
Tel: No.: 212-603-6300
**Robert M. Sasloff**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:        Chapter 11

**SEARS HOLDING CORP., ET AL.,**      Case No. 18-23538-rdd

       Debtors.

---------------------------------------------------------X

## LIMITED OBJECTION TO OMNIBUS MOTION OF DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES AND RELATED SUBLEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

     **Rockaway Realty Assocs., LP** (the "Landlord"), by its attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.,** as and for its Limited Objection to the Omnibus Motion of Debtors to Reject Certain Unexpired Leases and Related Subleases of Nonresidential Real Property and Abandonment of Property in Connection Therewith (the "Motion"), respectfully sets forth and alleges as follows:

     1.      The Landlord is the owner of premises located at 253-01 Rockaway Blvd, Rosedale, NY (the "Premises"), from which Kmart Corporation (the "Debtor") leases space pursuant to a written lease dated November 1, 1988, as amended (the "Lease"). The Landlord does not object to the proposed rejection of the Lease, however, as indicated in the proposed

order attached to the Motion, there is also currently a subtenant, M&W Spa (the "Subtenant"), still occupying a portion of the Premises pursuant to a sublease with the Debtor, thereby making the Debtor's rejection not effective. The portion of the Premises that the Subtenant occupies also prevents the Landlord from re-letting the Premises. Because of the continuing presence of the Subtenant, the Debtor objects to the proposed form of order.

2. Under paragraph 2 of the proposed order, the Debtor requests that rejection be effective as of "the date the Debtors have surrendered the premises to the landlord via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the Landlord . . . or, if not delivering such keys or codes providing notice that the Landlord may re-let the premises, as such estimated dates are set forth on Schedule 1". In Schedule 1, the estimated rejection date for the rejection of the Lease is October 15, 2018. However, as of the filing of this objection, while the Debtor may have vacated the Premises, the Subtenant remains. When a debtor elects to reject a nonresidential lease, the debtor is required to surrender the premises. *See In re Henderson*, 245 B.R. 449, 443 (Bankr. S.D.N.Y. 2000) ("[w]here the trustee rejects a non-residential real property lease, he must immediately surrender the property to the lessor"). That also includes removal of the subtenant. *See In re The Great Atlantic & Pac. Tea Co., Inc.*, 554 B.R. 43, 53 (Bankr. S.D.N.Y. 2016) (subtenant is not entitled to remain at the premises when either overlease or sublease is rejected).

3. Additionally, paragraph 3 of the proposed order states that "the Debtors shall not be liable for any additional administrative expenses arising after [October 15, 2018] with respect to the Lease[]." This language appears to remove any liability for the Subtenant's continued presence at the Premises from the proposed October 15, 2018 rejection date. The Landlord objects as the Landlord is accruing additional administrative expenses because of the Subtenant's

continued occupancy at the Premises, including rent and potential expenses for the removal of the Subtenant, should the Debtor not remove the Subtenant. Additionally, there is the question as to if the Subtenant is still paying rent, who is collecting the rent.

4. Until the Subtenant is removed from the Premises, the Debtor remains liable for postpetition rents, including, but not limited to, taxes and CAM. The Landlord requests that the proposed order be revised to: (a) provide that the Lease is not rejected until the Debtor is able to deliver vacant possession, meaning without the Subtenant, of the Premises to the Landlord; (b) until the Subtenant is removed, the Debtor is obligated to pay all rents and other charges under the Lease for the use of the Premises, which shall be deemed administrative expenses; (c) the Landlord may file a claim for payment of an administrative expense claim for any unpaid use and occupation charges for occupancy of the Premises subsequent to rejection of the Lease; and (d) the Debtor shall have thirty (30) days from the date the Debtor delivers the Premises vacant to the Landlord or the Landlord remove the Subtenant to file a claim for damages arising out of the rejection of the Lease.

5. For the foregoing reasons, the Landlord objects to the proposed form of order and respectfully requests that the proposed form of order be revised to address the Landlord's objections.

## **RESERVATION OF RIGHTS**

6. The Landlord expressly reserves the right to supplement and/or amend this Limited Objection from time to time and at any time. Landlord further reserves any and all rights to raise any additional objections with respect to the Motion or otherwise with respect to any relief requested as it may affect the Lease or the interests of the Landlord.

{00967846.DOC;2}                                    3

## JOINDER

7.  The Landlord joins in any objections to the Motion filed by other landlords to the extent that they are not inconsistent with this Limited Objection.

**WHEREFORE,** the Landlord respectfully requests that this Court enter an order: (a) sustaining the Landlord's Limited Objection to the Motion; and (b) granting Landlord such other and further relief as this Court deems just and appropriate under the circumstances.

**Dated:**  New York, New York
November 8, 2018

                                      **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**
*Counsel for Rockaway Realty Assocs., LP*
875 Third Avenue, 9th Floor
New York, New York 10022
Tel: No.: 212-603-6300


By: /s/ Robert M. Sasloff
**Robert M. Sasloff**