# EXHIBIT A

1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

IN RE:                              )
                                    )
NAMCO CYBERTAINMENT, INC.,          ) Case No. 98-173 (PJW)
                                    )
            Debtor.                 )

                    United States Bankruptcy Court
                    Courtroom No. 2
                    Sixth Floor
                    824 North Market Street
                    Wilmington, Delaware 19801

                    Wednesday, April 15, 1998
                    4:00 p.m.

BEFORE:  HONORABLE PETER J. WALSH
         United States Bankruptcy Judge

TRANSCRIPT OF PROCEEDINGS

---

WILCOX & FETZER
1330 King Street - Wilmington, Delaware 19801
(302) 655-0477



WILCOX & FETZER LTD.
Registered Professional Reporters

15           THE COURT: Okay. Well, it does seem
16  to me that where it is patently clear that the lease is
17  going to be rejected that as a matter, some equity
18  relief ought to be granted.
19           And I think the role that I am
20  inclined to adopt--and I'm not going to apply it in
21  this case because for the reasons I mentioned--I
22  believe that if the premises are surrendered with an
23  unequivocal statement to the landlord that the debtor
24  is abandoning and thereafter the debtor files a motion

35

1  to reject, then I believe that it would be equitable to
2  allow the rejection date to be effective on the date
3  that that motion is served, provided that the motion
4  contains a representation that the committee agrees
5  with the motion; because if that representation were in
6  the motion, then I can't conceive of the circumstances
7  under which the motion would be denied.
8              And if a landlord wants--I'm sorry.
9  If the debtor wants a rejection date prior to the
10 hearing date, then to the extent it seeks that date,
11 then a part of my rule would be that the debtor cannot
12 change its mind.
13             So, if you want a rejection date
14 prior to the hearing, it seems to me that it could be
15 done in the circumstances where (a) prior to the filing
16 of the motion, the keys were surrendered, the premises
17 surrendered with an unequivocal statement to the
18 landlord of abandonment; (b) the motion is served and
19 filed on the landlord; (c) the motion states that the
20 committee agrees with the motion; and (d) that the
21 debtor acknowledges that it will not have the right to
22 withdraw that motion prior to the hearing.  Given those
23 situation--given those factors, I would permit the
24 rejection effective as of service of the motion.

```
                                                           36
1              You don't have those facts in this
2    case.  So, I wouldn't apply the rule in this case.
3              However, it does seems to me that
4    there was an objection deadline of April 6th, 1998.
5    Nobody objected to the rejection.  And it certainly
6    seems to me that a rejection date of April 6 would be
7    appropriate under these circumstances.  So, I'll sign
8    an order authorizing the rejection as of April 6.
```