**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re:

SEARS HOLDINGS CORPORATION, et al.

Debtors

-------------------------------------------------------------x

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

**STATEMENT OF POSITION OF DART WAREHOUSE CORPORATION TO THE
MOTION OF DEBTORS FOR INTERIM AND FINAL AUTHORITY TO (I) PAY
PREPETITION CLAIMS OF (A) SHIPPERS, WAREHOUSEMEN, AND OTHER NON-
MERCHANDISE LIEN CLAIMANTS, AND (B) HOLDERS OF PACA/PASA CLAIMS,
AND (II) CONFIRM ADMINISTRATIVE EXPENSE PRIORITY FOR PREPETITION
ORDERS DELIVERED TO THE DEBTORS POSTPETITION AND SATISFY SUCH
OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS**

**TO:  THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:**

DART Warehouse Corporation ("DART"), creditor and party in interest submits this

statement of position with respect to the October 15, 2018 Motion of Debtors for Interim and

Final Authority to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other

Non-merchandise Lien Claimants, and (B) Holders of PACA/PASA Claims, and (II) Confirm

Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition and

Satisfy Such Obligations in the Ordinary Course of Business ("Shippers and Warehousemen

Motion") (Dkt. 14) filed by Debtor in Possession Sears Holdings Corporation ("Sears").

**DART's Business with Sears**

DART operates a warehouse fulfillment center for Sears in Naperville, Illinois and a

warehouse in Ontario, California.  DART also provides truck shipping and logistical services to

- 1 -

Sears from both locations.  This brief description of these DART contractual relationships with Sears are just a few of the contractual relationships with the Debtor, but those that are relevant to the Shippers and Warehousemen Motion.

**The Shippers and Warehousemen Motion is Vague**

DART assumes it is one of the shippers and warehousemen contemplated by Sears' motion, but the motion is very vague on this point as it is on a good many others.

DART understands Sears' wish as a debtor in possession to have as much flexibility as possible but nevertheless is troubled by the lack of specificity in the Shippers and Warehousemen Motion (along with the Critical Vendors Motion) as to what percentage of payment DART might expect to receive on its pre-petition claims, the timing of such payments, and the number of shippers and warehousemen and critical vendors who may be involved.

In sum, Sears has not been especially communicative toward DART, despite DART's substantial placement in Sears' chain of supply and distribution (DART holds approximate pre-petition claims estimated at the time to be $3.5 million dollars; the motion states the estimated pre-petition shipping and warehouse charges outstanding are approximately $16.7 million, see page 5, Dkt. No. 14; ergo, DART has a sizeable interest in this Shippers and Warehousemen Motion).  Accordingly, at this juncture, DART can only state it seeks to have the Court require Sears to be more expansive going forward with respect to notice (i.e., beyond the limited circle of entities Sears listed in the Shippers and Warehousemen Motion (Dkt. 14, p. 18)) and more

/ / /

/ / /

/ / /

specific as to how many critical vendors there are, timing of payment and possible pro rata

distribution to this segment of critical vendor/shippers and warehousemen.

Dated: November 8, 2018
      San Diego, CA

                           LAW OFFICE OF WILLIAM P. FENNELL, APLC


                           By: /s/William P. Fennell
                           William P. Fennell, Esq.
                           401 West A Street, Suite 1800
                           San Diego, CA 92101
                           Telephone: (619) 325-1560
                           Facsimile: (619) 325-1558
                           Email: william.fennell@fennelllaw.com

                           *Attorneys for Dart Warehouse Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I, William P. Fennell, Esquire, do hereby certify that, on this 8th day of November, 2018, I caused a true and correct copy of the foregoing Statement of Position of Dart Warehouse Corporation to the Motion of Debtors for Interim and Final Authority to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-merchandise Lien Claimants, and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition and Satisfy Such Obligations in the Ordinary Course of Business Therewith ("DART SOP") to be served electronically and by email upon all those identified in the Master Service List as of November 8, 2018, in accordance with this Court's Order Implementing Certain Notice and Case Management Procedures (the "Case Management Order") entered on October 17, 2018 [Docket No. 139].  I hereby further certify that pursuant to the Case Management Order, hard copies of the foregoing DART SOP was delivered via FedEx to (i) the Honorable Robert D. Drain, and (ii) the Office of the United States Trustee.

/s/William P. Fennell_____
William P. Fennell

- 4 -