Allen G. Kadish
Lance A. Schildkraut
ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Email: akadish@archerlaw.com
      lschildkraut@archerlaw.com

    and

Kenneth M. Florey
M. Neal Smith
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
      nsmith@robbins-schwartz.com

    and

Matthew T. Gensburg
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

Hearing Date: November 15, 2018
Hearing Time: 10:00 A.M.

*Attorneys for Community Unit School District 300*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
|  | (Jointly Administered) |
| Debtors. |  |

**LIMITED OBJECTION OF COMMUNITY UNIT SCHOOL DISTRICT 300
TO DEBTORS' MOTION FOR AUTHORITY TO (A) OBTAIN
POSTPETITION FINANCING, (B) USE CASH COLLATERAL, (C) GRANT
CERTAIN PROTECTIONS TO PREPETITION SECURED PARTIES, AND
(D) SCHEDULE SECOND INTERIM HEARING AND FINAL HEARING**

COMMUNITY SCHOOL DISTRICT UNIT 300, an Illinois school district existing and

operating pursuant to the Illinois School Code, 150 Illinois Compiled Statutes ("**ILCS**") 5/1-1, *et*

*seq.* (the "**School District**"), a party in interest to this case, by and through its attorneys, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Gensburg Calandriello & Kanter, P.C., and Archer & Greiner, P.C., hereby files its limited objection and reservation of rights (the "**Objection**") to the *Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing,* filed October 15, 2018 [Doc. No. 7] (the "**DIP Motion**") filed by the above-captioned debtors (the "**Debtors**"). In support of this Objection, the School District respectfully states:

## BACKGROUND

1. On or about October 15, 2018 (the "**Petition Date**"), Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") with this Court.

2. The Debtors operate their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 15, 2018, Debtors filed the DIP Motion. An interim order was entered on October 16, 2018 granting the DIP Motion on an interim basis (the "**Interim Order**"). [Doc. No. 101]. In the DIP Motion and through Interim Order, the Debtors seek permission to grant the Prepetition ABL Lenders, the DIP ABL Credit Parties and other relevant lenders, among other things, superpriority claims in all of the Debtors' assets pursuant to Section 364(c)(1) of the Bankruptcy Code, first priority liens on and security interests in the Debtors assets pursuant to Section 364(c)(2), junior liens on and security interests in all of the Debtors assets pursuant to Section 364(c)(3) of the Bankruptcy Code, and senior adequate protection liens pursuant to

Sections 361, 363(e) and 364(d)(1) of the Bankruptcy Code, all of which will prime other liens, interests and claims of creditors, including those of the School District.

4.     The School District's interests and claims arise out of the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1, *et seq.* (the "**Illinois Sears EDA Act**") passed in Illinois in 1989. The Illinois Sears EDA Act was designed to specifically incentivize the Debtor to relocate its headquarters from downtown Chicago to undeveloped farmland in the Village of Hoffman Estates (the "**Village**"). Pursuant to the Illinois Sears EDA Act, the Village and the Debtor entered into an Economic Development Agreement which provided considerable financial assistance and subsidies for the Debtor to develop its corporate campus in the Village. Under that agreement, millions of taxpayer dollars, many of which would have gone to the School District, were diverted to the Debtor. In exchange and as a condition for the Debtor to recapture its property taxes, the Debtor agreed, among other things, to create or maintain a minimum number of jobs and cause a specific amount of private investment to occur in the designated project area.

5.     In 2012, Illinois legislators passed an amendment to the Illinois Sears EDA Act that effectively extended the 1990 Agreement. Included in the 2012 Amendments to the Illinois Sears EDA Act was a requirement that the Debtor create or retain not less than 4,250 full-time equivalent jobs at its headquarters in the Village. In the event that the Debtor failed to live up to the requirement that it create or retain not less than 4,250 jobs, the 2012 Amendments provide a formula for recapture of the subsidies based on the amount of time that the Debtor failed to comply with the job requirement.

6.     On October 10, 2018, the School District brought suit against the Village and the Debtor, in the Circuit Court of Cook County, State of Illinois (the "**Circuit Court**"), in a matter styled, *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018

CH 12683 (the "**Illinois Action**"), alleging a failure of Debtor to maintain the statutorily required 4,250 jobs at the Debtor's corporate campus in the Village.  On October 12, 2018, the School District filed an Emergency Motion for Injunctive Relief seeking to have the Illinois court enter an injunction order directing the Village not to make any further distributions from the Village's special tax allocation fund under the Illinois Sears EDA Act until the rights of the parties are declared by the court.

## **LIMITED OBJECTION**

7.     The School District believes that the Debtors have failed to maintain the statutorily required 4,250 jobs at the Debtors corporate campus, and have failed to do so for a number of prior years.  Whether as a result of a mistake of fact, or otherwise, the effect of this is that the Debtors recaptured large portions of their property taxes that they were never entitled to receive.

8.      Bankruptcy Code Section 541(a)(1) provides for a broad 'estate' which includes "all legal or equitable interests of the debtor in property [that the debtor holds] as of the commencement of the case." 11 U.S.C. § 541(a)(1).  Section 541(d) prevents certain property from entering the estate to which "the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).

9.     Bankruptcy courts recognize constructive trusts as mechanisms through which property is prevented from entering into a bankruptcy estate.  *See, In re First Central Financial Corp.*, 377 F.3d 209 (2d Cir. 2004); *In re Mississippi Valley Livestock, Inc.*, 745 F.3d 299 (7th Cir. 2014); *Chiu v. Wong*, 16 F.3d 306 (8th Cir. 1994); *In re Mid-Atlantic Supply Co.*, 790 F.2d 1121 (4th Cir. 1986).  Funds improperly recaptured by the Debtor through the Illinois Sears EDA Act

4

may arguably be held in a constructive trust. A constructive trust may be imposed upon intermingled funds or proceeds of property held in constructive trust. *In re Seneca Oil Co.,* 906 F.2d 1451, 1453 (10th Cir. 1990); *Mississippi Valley Livestock,* 745 F.3d at 307-08; *In re Dameron*, 206 B.R. 394, 403-04 (Bankr. E.D.Va. 1997). Funds improperly recaptured by the Debtor may be traceable to property held by the Debtor on the Petition Date.

10. To the extent the aforementioned funds and proceeds of the same are deemed held in a constructive trust, the Debtors are not entitled to grant priming and other liens upon those funds. At a minimum, the School District's interests and claims in those funds are senior to any liens or claims that the Debtor is seeking to grant pursuant to the DIP Motion.

11. The School District's rights need to be reserved or other appropriate and adequate protection of its rights maintained pending resolution of its claims and interests arising under the Illinois Sears EDA Act.

## CONCLUSION

12. Based on the foregoing, (i) the DIP Motion should be denied to the extent that it grants any liens, including priming liens, in funds improperly received and held by the Debtors pursuant to Illinois Sears EDA Act, (ii) the School District should be afforded such other and further relief as is just and proper.

Dated: New York, New York  
       November 8, 2018

ARCHER & GREINER, P.C.

By:   s/ Allen G. Kadish  
    Allen G. Kadish  
    Lance A. Schildkraut  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Email: akadish@archerlaw.com  
       lschildkraut@archerlaw.com

and

Kenneth M. Florey  
M. Neal Smith  
Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.  
631 E. Boughton Road, Suite 200  
Bolingbrook, Illinois 60440  
Tel: (630) 929-3639  
Email: kflorey@robbins-schwartz.com  
      nsmith@robbins-schwartz.com

and

Matthew T. Gensburg  
Gensburg Calandriello & Kanter, P.C.  
200 West Adams Street, Suite 2425  
Chicago, Illinois 60606  
Tel: (312) 263-2200  
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

215466943v1