UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | CASE NO. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION., et al, | Chapter 11<br>Jointly Administered |
| DEBTORS. | Hearing: November 15, 2018 at 10:00 a.m (ET) |

**LOCAL TEXAS TAX AUTHORITIES' OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET SALES AND DEMINIMIS ASSET ABANDONMENT**

TO THE HONORABLE COURT:

NOW COME   Allen ISD, Angelina County, Aransas Count, Atascosa County, Atlanta, Atlanta ISD, Bee County, Bexar County, Blanco CAD, Cameron County, Cleveland ISD, Cypress-Fairbanks ISD, Dallas County, Del Rio, Eagle Pass, Eagle Pass ISD, El Paso, Ellis County, Fort Bend County, Frisco, Galveston County, Grayson County, Gregg County, Harlingen, Harlingen CISD, Harris County, Hidalgo County, Hood CAD, Hopkins County, Hunt County, Irving ISD, Jasper County, Jefferson County, Jim Wells CAD, Kaufman County, Lewisville ISD, Matagorda County, McAllen, McLennan County, Montgomery County, Navarro County, Nueces County, Parker CAD, Pecos County, Pleasanton, Polk County, Rockwall CAD, San Patricio County, Smith County, Stephenville, Stephenville ISD, Sulphur Springs, Sulphur Springs ISD, Tarrant County, Tom Green CAD, Val Verde County, Van Zandt CAD, Victoria County, Wharton Co. Jr. College Dist., Wilson County, Wise CAD, Wise County and Wood County (jointly the "Local Texas Tax

1

Authorities" or "Tax Authorities") and file their Objection to the Debtors' Motion for entry of an Order establishing procedures for the Debtors to sell de minimis assets and for other related relief (hereinafter the "De Minimis Asset Motion").    In support of their Objection, the Tax Authorities would show the Court the following:

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State.   The Tax Authorities have filed secured claims totaling approximately $5.5 million for ad valorem taxes owed on the Debtors' property for the 2018 tax year.

II.

The Tax Authorities' claims are secured with unavoidable liens on the Debtors' real and personal property that is superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code § § 32.01 and 32.05(b). The priority of the tax claims is determined under applicable non-bankruptcy law.   11 U.S.C. §506; Butner v. U.S., 440 U.S. 48, 55 (1979).   The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.   See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property.   See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).   The tax lien is a lien *in solido* and is a lien on all personal property of the Debtors.

2

See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).   The tax lien is also unavoidable.  See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

III.

Although the relief requested in the De Minimis Asset Motion provides that the tax liens attach to the sale proceeds, this does not adequately protect the tax liens and claims as required by 11 U.S.C. § 363(e). The Tax Authorities' claims are secured by Permitted Prior Liens which are not primed by the DIP financing. The proceeds from the sale of the Tax Authorities' collateral constitute the cash collateral of these claimants, and they object to the use of their collateral to pay any other creditors of this estate.  Pursuant to 11 U.S.C. § 363(c) (4), absent consent by these claimants or an order of the court permitting use of their cash collateral, the Debtors Ashall segregate and account for any cash collateral in their possession.  The Debtors have not filed a motion seeking to use the cash collateral of these claimants nor has there been notice or a hearing on the use of these claimants' collateral.  Accordingly, absent their consent, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c) (4).

The proceeds from the sale of the Tax Authorities' collateral should not be distributed to any other party unless and until their claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

In the event of a credit bid, there may be no sale proceeds to which the liens can attach or which may be used to pay the claims of the Tax Authorities.  In the event of a credit bid by a junior lienholder, the property should be sold subject to the senior tax liens, with the purchaser explicitly assuming the responsibility for paying the taxes, or the liens should be paid at closing. A credit bid by a junior lienholder is an attempt to avoid the consequences of foreclosing/seizing

3

DROPBOX.ARCHIVE.58755281

Pg 4 of 6

the property under applicable non-bankruptcy law which would require it to take the property subject to the tax liens. There is no legal or equitable basis for thus subordinating or avoiding the tax liens. Absent provisions for the adequate protection of the tax liens, the Local Texas Tax Authorities object to the approval of any sale on a credit bid.

Further, to the extent property is abandoned, it should be made clear that the automatic stay pursuant to 11 U.S.C. § 362 is lifted with respect to all parties.

IV.

WHEREFORE, the Local Texas Tax Authorities object to the relief sought in the Debtors' De Minimis Asset Motion and request this Court to order appropriate provisions to assure the protection of the position of these secured tax creditors, and further request such other relief as the Court may find is just and proper.

Dated: November 8, 2018

    Respectfully submitted,

    LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

    BY:   /s/ Elizabeth Weller
         Elizabeth Weller
         Tex. Bar No. 00785514

    2777 N. Stemmons Fwy., Ste. 1000
    Dallas, TX 75207
    (469)221-5075 phone
    (469)221-5003 fax
    BethW@LGBS.com email

    Counsel for the Local Texas Tax Authorities

    ANSELL GRIMM & AARON, P.C.

    By: *s/Anthony J. D'Artiglio*
    Anthony J. D'Artiglio, Esq.

DROPBOX.ARCHIVE.58755281

Joshua S. Bauchner, Esq.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
(973) 925-7357 Phone
(973) 247-9199 Fax
ajd@ansellgrimm.com

Local Counsel for the Local Texas Tax Authorities

DROPBOX.ARCHIVE.58755281

## CERTIFICATE OF SERVICE

I hereby certify that this 8th day of November, 2018, I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon counsel for the Debtors to the attention of Ray Schrock at ray.schrock@weil.com , Jacquiline Marcus at Jacqueline.marcus@weil.com; Garrett Fail at garrett.rail@weil.com and Sunny Singh at sunny.singh@weil.com .

    /s/ Elizabeth Weller
Elizabeth Weller

DROPBOX.ARCHIVE.58755281