UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

SEARS HOLDINGS CORPORATION., et al,

DEBTORS.

CASE NO. 18-23538 (RDD)

Chapter 11
Jointly Administered

Hearing: November 15, 2018 at
10:00 a.m .(ET)

**LOCAL TEXAS TAX AUTHORITIES' OBJECTION TO DEBTORS' MOTION FOR APPROVAL OF (I) PROCEDURES FOR STORE CLOSING SALES AND (II) ASSUMPTION OF LIQUIDATION CONSULTING AGREEMENT**

TO THE HONORABLE COURT:

NOW COME   Allen ISD, Angelina County, Aransas Count, Atascosa County, Atlanta, Atlanta ISD, Bee County, Bexar County, Blanco CAD, Cameron County, Cleveland ISD, Cypress-Fairbanks ISD, Dallas County, Del Rio, Eagle Pass, Eagle Pass ISD, El Paso, Ellis County, Fort Bend County, Frisco, Galveston County, Grayson County, Gregg County, Harlingen, Harlingen CISD, Harris County, Hidalgo County, Hood CAD, Hopkins County, Hunt County, Irving ISD, Jasper County, Jefferson County, Jim Wells CAD, Kaufman County, Lewisville ISD, Matagorda County, McAllen, McLennan County, Montgomery County, Navarro County, Nueces County, Parker CAD, Pecos County, Pleasanton, Polk County, Rockwall CAD, San Patricio County, Smith County, Stephenville, Stephenville ISD, Sulphur Springs, Sulphur Springs ISD, Tarrant County, Tom Green CAD, Val Verde County, Van Zandt CAD, Victoria County, Wharton Co. Jr. College Dist., Wilson County, Wise CAD, Wise County and Wood County (jointly the "Local Texas Tax

1

Authorities" or "Tax Authorities") and file their Objection to the Debtors' Motion for entry of an Order authorizing Debtors to obtain post-petition financing, use cash collateral, grant superpriority liens and administrative expense status, and for other related relief (hereinafter the "Financing Motion"). In support of their Objection, the Tax Authorities would show the Court the following:

I.

The Local Texas Tax Authorities are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State. The Tax Authorities have filed secured claims totaling approximately $5.5 million for ad valorem taxes owed on the Debtors' property for the 2018 tax year.

II.

The Tax Authorities' claims are secured with unavoidable liens on the Debtors' real and personal property that is superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code §§ 32.01 and 32.05(b). The priority of the tax claims is determined under applicable non-bankruptcy law. 11 U.S.C. §506; Butner v. U.S., 440 U.S. 48, 55 (1979). The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. -

DROPBOX.ARCHIVE.58755341

Dallas 1994).    The tax lien is a lien *in solido* and is a lien on all personal property of the Debtors. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).   The tax lien is also unavoidable.   See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

### III.

The proponents of the Financing Motion have failed to demonstrate that the liens of the Tax Authorities are adequately protected as required by 11 U.S.C. § 364(d)(1)(b).   The proponent of a motion seeking a super priority lien has the burden of proof on that issue, 11 U.S.C. § 364(d)(2).

The Tax Authorities' believe their liens constitute "Permitted Prior Liens" as defined in the Interim Order on the Financing Motion.1   As such, the liens of the DIP lenders or the adequate protection liens granted other parties should not prime or subordinate the tax liens.   However, it is unclear whether proceeds from the sale of the Tax Authorities' collateral could be used to satisfy these junior liens prior to payment of the Tax Authorities.   Paragraph 30 of the Interim Order specifies that proceeds from collateral shall be used to pay DIP ABL Secured Obligations and other obligations owed to the DIP ABL Loan Parties, but does not provide for payment to senior secured parties prior to such distributions.

The proceeds from the sale of the Tax Authorities' collateral constitute the cash collateral of these claimants, and they object to the use of their collateral to pay any other creditors of this estate.   Pursuant to 11 U.S.C. § 363(c) (4), absent consent by these claimants or an order of the

---

1 The chart in paragraph 14 of the Interim Order is a little confusing as to lien priority with respect to Prepetition Encumbered DIP ABL Collateral since it refers to the seniority of "All valid and perfected security interests in favor of third parties as of the Petition Date."   The Tax Authorities have liens, but do not have "security interests".   It should be clarified that the priority of **all** Prepetition Prior Liens is preserved, not just those related to security interests.

3

Court permitting use of their cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession. The Debtors have not filed a motion seeking to use the cash collateral of these claimants nor has there been notice or a hearing on the use of these claimants' collateral. Accordingly, absent their consent, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c)(4).

The proceeds from the sale of the Tax Authorities' collateral should not be distributed to any other party unless and until their claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

IV.

Further, the Tax Authorities object to the extent the Financing Motion seeks relief which would impair their liens and claims for 2019 ad valorem taxes. On January 1, 2019, tax liens and liability will be incurred for the 2019 taxes, which constitute administrative expense claims pursuant to 11 U.S.C § 503. No claim or request for payment need be filed for these to be allowed administrative expenses. 11 U.S.C. § 503(b)(1)(D). To allow the DIP lenders a super priority claim "with priority over any and all administrative expenses" is contrary to the requirements of 28 U.S.C. §§ 959 and 960 that debtors in possession operate pursuant to all applicable local laws, including tax laws. The Tax Authorities object to any relief to the extent it purports to grant the Debtors liens or claims superior to their liens and claims which will arise with respect to the post-petition taxes.

WHEREFORE, the Local Texas Tax Authorities object to the Debtors' Financing Motion and request this Court to order appropriate provisions to assure the protection of the position of

DROPBOX.ARCHIVE.58755341

these secured tax creditors, and further request such other relief as the Court may find is just and proper.

Dated: November 8, 2018

        Respectfully submitted,

        LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

        BY:   /s/ Elizabeth Weller
Elizabeth Weller
Tex. Bar No. 00785514

        2777 N. Stemmons Fwy., Ste. 1000
        Dallas, TX 75207
        (469)221-5075 phone
        (469)221-5003 fax
        BethW@LGBS.com email

        Counsel for the Local Texas Tax Authorities

        ANSELL GRIMM & AARON, P.C.

        By: *s/Anthony J. D'Artiglio*
        Anthony J. D'Artiglio, Esq.
        Joshua S. Bauchner, Esq.
        365 Rifle Camp Road
        Woodland Park, New Jersey 07424
        (973) 925-7357 Phone
        (973) 247-9199 Fax
        ajd@ansellgrimm.com

        Local Counsel for the Local Texas Tax Authorities

DROPBOX.ARCHIVE.58755341

CERTIFICATE OF SERVICE

I hereby certify that this 8th day of November, 2018 , I caused a true and exact copy of the foregoing to be served upon all parties to the Court's electronic noticing system and upon counsel for the Debtors to the attention of Ray Schrock at ray.schrock@weil.com , Jacquiline Marcus at Jacqueline.marcus@weil.com; Garrett Fail at garrett.rail@weil.com and Sunny Singh at sunny.singh@weil.com .

    /s/ Elizabeth Weller
Elizabeth Weller

DROPBOX.ARCHIVE.58755341