Hearing Date: November 15, 2018 @ 10:00 a.m.

Patrick Collins
Veronique A. Urban
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, New York 11556
Tel:  (516) 227-0700
Fax:  (516) 227-0777

*Attorneys for Midwood Management Corp., as agent*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                                    :    Chapter 11
                                                          :
SEARS HOLDINGS CORPORATION, *et al.*,    :    Case No. 18-23538 (RDD)
                                                          :    (Jointly Administered)
                          Debtors.                        :
------------------------------------------------------------------x

### OBJECTION TO MOTION OF DEBTORS FOR AUTHORITY TO EXTEND THE TIME TO ASSUME OR REJECT UNEXPIRED LEASE AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY

Midwood Management Corp., as agent for Expressway Plaza I, LLC and Farmingville Associates Phase 1, LLC as tenants in common ("Landlord"), hereby submits this objection (the "Objection") to the *Motion of Debtors for Authority to Extend the Time to Assume or Reject Unexpired Lease and Subleases of Nonresidential Real Property* [Docket No. 426] (the "Motion"). In support of its Objection, Landlord respectfully states as follows:

### BACKGROUND

1. Landlord, as assignee of Farmingville Associates, a New York general partnership, and debtor Kmart Corporation ("Kmart") are parties to a lease (as amended and extended, the "Lease"), dated December 20, 1991, under which Kmart leased from Landlord premises located at 2280 North Ocean Avenue, Farmingville, New York (the "Premises").[1] The Premises is located within a shopping center known as Expressway Plaza.

---
[1] A copy of the Farmingville Lease is annexed hereto as Exhibit "1".

*Kmart's Default under the Lease*

2.  On October 10, 2012, Kmart sent to the Landlord a letter of agreement to acknowledge that, pursuant to Article 30 of the Lease, Kmart had exercised its option to perform the Common Area (as defined in the Lease) maintenance on the Premises.[2] Kmart failed to comply with such maintenance obligations under the Lease with respect to the Common Area parking lot and drive lanes. As a result, by Notice dated November 8, 2017,[3] Landlord exercised its rights under Article 25(F) to perform emergency repair work to the parking lot and drive lanes (the "Emergency Work") at Kmart's cost and expense.

3.  On or about April 4, 2018, Landlord invoiced Kmart for the costs of performing the Emergency Work.[4] Pursuant to Article 25(F) of the Lease, the sums expended by Landlord were deemed additional rent and Kmart was required to reimburse by Tenant upon demand, together with interest at eighteen (18%) per annum.

4.  Kmart failed to pay the invoices sent by Landlord for the Emergency Work. As such, $215,426.88 plus interest as additional rent under Article 25(F) of the Lease is currently due and owing to Landlord for the Emergency Work (the "Additional Rent").

5.  On September 12, 2018, Landlord, pursuant to its rights under Article 25 of the Lease, sent to Kmart a "Notice of Default and Fifteen (15) Day Notice to Cure" (the "Notice of Default").[5] The Notice of Default informed Kmart that it was in default under the Lease for its failure to pay the Additional Rent relating to the Emergency Work. The Notice of Default further informed Kmart that, pursuant to Article 25 of the Lease, unless Kmart cured the default within fifteen (15) days from service of the notice, the Landlord would serve Kmart with a notice of

---

[2] A copy of the letter dated October 10, 2012 is annexed hereto as Exhibit "2".
[3] A copy of the November 2017 Notice is attached as Exhibit "A" to the Notice of Default annexed hereto as Exhibit "3".
[4] Copies of the invoices are attached as Exhibit "B" to the Notice of Default annexed hereto as Exhibit "3".
[5] A copy of the Notice of Default annexed hereto as Exhibit "3".

election to terminate the Lease.

6.     Landlord received no response from Kmart with respect to the Notice of Default and the default was not cured.

*Termination of the Lease*

7.     Having received no response to the Notice of Default, the Landlord, exercising its rights pursuant to Article 25 of the Lease, sent to Kmart a Ten (10) Day Notice of Lease Termination (the "Lease Termination Notice") on October 11, 2018.[6]

8.     The Lease Termination Notice informed Kmart that, due to its default in fulfilling the covenants of the Lease, and its subsequent failure to remedy those defaults as demanded in the Notice of Default, the Lease would terminate ten (10) days following the service of the Lease Termination Notice on Kmart. Notably, the Lease Termination Notice, consistent with the terms of the Lease, did not provide that Kmart could cure the defaults during the ten (10) day period.

9.     The Lease subsequently expired by its terms on October 23, 2018—taking into account two additional days because the Lease Termination Notice was served by certified mail. Landlord has received no response from Kmart with respect to the Lease Termination Notice.

10.    Notwithstanding the termination of the Lease, Kmart remains in possession of the Premises without the Landlord's consent. Kmart remitted rent to the Landlord for the month of November 2018, which the Landlord has not accepted.

*The Debtors' Bankruptcy Filing*

11.    On October 15, 2018, Kmart and certain of its affiliates (collectively, the "Debtors") commenced the above-captioned voluntary cases under chapter 11 of title 11 of the United States Code.

---

[6] A copy of the Lease Termination Notice is annexed hereto as Exhibit "4".

12.     On November 1, 2018, the Debtors filed the Motion, pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code and Rule 6006-1(c) of the Local Bankruptcy Rules for the Southern District of New York, to extend the initial 120-day period for the Debtors to assume or reject all of their unexpired leases and subleases of non-residential real property (collectively, the "Leases") by an additional ninety (90) days, from February 12, 2019, up to and including May 13, 2019.

13.     The Motion did not include a list of the Leases.

14.     On November 6, 2018, Prime Clerk LLC, the claims and noticing agent for the Debtors, filed an Affidavit of Service [ECF No. 503] relating to the Motion. The Landlord is not listed as a notice party on the Affidavit of Service and was evidently not served with the Motion. On the other hand, Kmart remains in possession of the Premises, and just recently sent correspondence to the Landlord discussing the Lease as if was still in effect.

15.     The Landlord therefore files this Objection to protect its rights in the event the Debtors assert that the Lease is an unexpired lease of nonresidential real property to which the Motion applies.

**OBJECTION**

16.     The Lease expired by its terms on October 23, 2018. Landlord objects to the Motion to the extent that the Debtors seeks to extend the assumption and rejection period with respect to the Lease.

17.     Section 365(d)(4)(A) provides that an unexpired lease of nonresidential real property shall be deemed rejected if the trustee does not assume or reject the lease by the earlier of "(i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan." 11 U.S.C. § 365(d)(4)(A). Pursuant to § 365(d)(4)(B), the court may extend the period, prior to the expiration of the 120-day period, for 90 days on the motion of

4

the trustee or lessor for cause." 11 U.S.C. § 365(d)(4)(B). Section 365(d)(4) is applicable solely to **_unexpired_** leases of nonresidential real property.

18.    Section 541(b)(2) of the Bankruptcy Code excludes from property of the estate "any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease **_during the case_**" (emphasis added).

19.    Similarly, Section 362(b)(10) of the Bankruptcy Code provides that the automatic stay does not apply to "any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or **_during a case_** under chapter 11 to obtain possession of such property" (emphasis added).

20.    In accordance with Article 35 of the Lease, the Notice of Default was mailed on September 12, 2018, by certified mail return receipt requested, to Kmart at the address set forth on the first page of the Lease and to an additional address in Illinois to which the Landlord had previously sent correspondence to Kmart. Taking into account an additional two days because the Notice of Default was served by certified mail, the date the Notice of Default was deemed given is September 14, 2018. Pursuant to Article 25(A) of the Lease, an Event of Default occurred thereunder upon Kmart's failure to cure its failure to pay the Additional Rent within 15 days from when the Notice of Default was given.

21.    Article 25(B) of the Lease provides:

> Upon the occurrence of an Event of Default, Landlord shall thereafter have and is hereby given the right to serve upon Tenant a notice of cancellation of this Lease at the end of 10 days from the date such notice

>is given, and upon the expiration of such 10 day period this Lease shall wholly cease and expire (without the delivery of any further notice) in the same manner as if it were the expiration of the term…

22. In accordance with Article 35 of the Lease, the Lease Termination Notice was mailed on October 11, 2018, by certified mail return receipt requested, to the address set forth on the first page of the Lease and to an additional address in Illinois to which the Landlord had previously sent correspondence to Kmart. Taking into account an additional two days because the Notice of Default was served by certified mail, the date the Lease Termination Notice was given for purposes of the Lease is October 13, 2018.

23. Notwithstanding that the Debtors filed for bankruptcy protection on October 15, 2018, the Lease expired on October 23, 2018.

24. A lease may be terminated under New York law by operation of a conditional limitation. *See In re Musikahn Corp*., 57 B.R. 938, 940 (Bankr. E.D.N.Y. 1986). When a lease contains a conditional limitation, the landlord may send the tenant in default a notice of termination of the lease, stating that the lease will be deemed terminated upon a specified date due to tenant's default. *See id*. The lease is terminated when the time expires, rather than on any further act by the landlord. *See id*.

25. In this case, the Landlord sent the Lease Termination Notice to Kmart prior to the commencement of the Debtors' bankruptcy cases. The Lease terminated by operation of a condition limitation, the passage of ten days' time following service of the Lease Termination Notice. The Lease Termination Notice did not provide any further opportunity to cure the outstanding defaults under the Lease but, rather, terminated the Lease without any further act by the Landlord or Kmart.

26. The Debtors' bankruptcy filing, sandwiched between the serving of the Lease Termination Notice and the termination date of the Lease, did not toll the termination date of the lease. The automatic stay does not toll the running of time under a contract and does not prevent the automatic termination of a contract. *See Moody v. Amoco Oil Co.*, 734 F.2d 1200 (8th Cir. 1984).

27. In the leading case in the Second Circuit addressing these issues, *In re Policy Realty*, 242 B.R. 121 (S.D.N.Y. 1999), *aff'd Policy Realty Corp. v. Trever Realty LLC*, 2000 U.S. App. LEXIS 8846 (2d Cir. 2000), the U.S. District Court for the Southern District of New York held that Section 362(b)(10) of the Bankruptcy Code applies to leases that expire because of a conditional limitation following a default and not just to leases for which the non-default term expiration date has been reached.

28. In *Policy Realty*, the landlord terminated a lease with a tenant for failure to pay rent and sent a termination notice to its tenant. Policy Realty, the subtenant on the lease, commenced an action by order to show cause in state court, seeking a temporary restraining order pending a hearing on the termination of the lease. Policy Realty subsequently filed for bankruptcy relief on September 9, 1998, just before the temporary restraining order it had obtained was set to expire. The district court held that the exception to the automatic stay under Section 362(b)(10) applied, and the lease had expired, because the termination notice sent by the landlord caused an expiration of "the stated term of the lease" where the tenant did not have the right to cure during the notice period and all that needed to occur for the termination to become effective was the passage of time. *Id.* at 128. The court reasoned that under New York law, a conditional limitation termination notice satisfied Section 362(b)(10), because "the lease is terminated when the time expires, rather than on any further act by the landlord." *Id.* The state court's temporary restraining order merely tolled the termination date, and did not in any way

7

impact the landlord-tenant relationship. *Id.* The court therefore concluded that the lease was not property of the estate under Section 541(b) and was not subject to the automatic stay under Section 362(a) and Section 362(b)(10).

29. Here, the Landlord provided Kmart with an opportunity to cure the default under the Lease by its mailing of the Notice of Default. Kmart did not to respond to or act with respect to the Notice of Default. Landlord then sent to Kmart the Lease Termination Notice, as was its right under the terms of the Lease.

30. The Lease terminated on October 23, 2018, ten days after the date of notice for the Lease Termination Notice. The Debtors' bankruptcy filing did not act to toll the passage of the ten day notice period.

31. Pursuant to Sections 362(b)(10) and 541(b)(2) of the Bankruptcy Code, the Lease is therefore not property of the Debtors' estates and is not an unexpired lease for which the time to assume or reject can be extended.

[CONTINUED ON NEXT PAGE]

WHEREFORE, Midwood respectfully requests that the Court (i) find that the Lease terminated and is therefore not part of the Debtors' estates and deny the Motion to the extent the Debtors seek to extend the time to assume and reject the Lease; and (iii) grant Midwood such other and further relief as the Court deems just and proper.

Dated:  Uniondale, New York
       November 8, 2018                 FARRELL FRITZ, P.C.

By:   /s/ *Patrick Collins*
      Patrick Collins
      Veronique A. Urban
      400 RXR Plaza
      Uniondale, New York 11556
      Tel:   (516) 227-0700
      Fax:  (516) 227-0777

*Attorneys for Midwood Management Corp., as agent for Expressway Plaza I, LLC and Farmingville Associates Phase 1, LLC as tenants in common*

FF\7881984.4