**Hearing Date and Time:  November 15, 2018 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time:  November 9, 2018 at 4:00 p.m. (Eastern Time)**
**(Extended by Debtors)**

BARCLAY DAMON LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone:  (315) 413-7115
Facsimile:  (315) 703-7349
Kevin M. Newman

*Attorneys for Aviation Mall NewCo, LLC, Holyoke Mall Company, L.P., JPMG Manassas Mall Owner LLC, Poughkeepsie Galleria LLC, Salmon Run Shopping Center, L.L.C., S&R Company of West Seneca NewCo, LLC, and DGI LS, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538-rdd |
| SEARS HOLDING CORPORATION, *et al.* | Jointly Administered |
| Debtors. | |

---------------------------------------------------------------

**LIMITED OBJECTION OF AVIATION MALL NEWCO, LLC, HOLYOKE MALL COMPANY, L.P., JPMG MANASSAS MALL OWNER LLC, POUGHKEEPSIE GALLERIA LLC, SALMON RUN SHOPPING CENTER, L.L.C., S&R COMPANY OF WEST SENECA NEWCO, LLC AND DGI LS, LLC TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET SALES AND DE MINIMIS ASSET ABANDONMENTS**

Aviation Mall NewCo, LLC, Holyoke Mall Company, L.P., JPMG Manassas Mall Owner LLC, Poughkeepsie Galleria LLC, Salmon Run Shopping Center, L.L.C., S&R Company of West Seneca NewCo LLC and DGI LS, LLC (each a "Landlord"; collectively, the "Landlords"), through their attorneys, submit this limited objection (the "Limited Objection") to the Motion of Debtors for Entry of an Order Authorizing and Establishing Procedures for De

Minimis Asset Sales and De Minimis Asset Abandonments (the "Motion") (Dkt. 427). In support of this Limited Objection, the Landlords respectfully submit as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2. On October 15, 2018, Debtors commenced a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

3. The Landlords and the Debtors are parties to unexpired leases of nonresidential real property (each a "Lease"; collectively, the "Leases") of the premises (the "Premises") and/or Reciprocal Easement Agreements and other agreements with regard to the Premises and shopping centers containing the Premises (each an "REA"; collectively, the "REAs"), as follows:

| **Landlord** | **Shopping Center** | **Location** | **Contract** |
|---|---|---|---|
| Aviation Mall NewCo, LLC | Aviation Mall | Queensbury, NY | Lease |
| Holyoke Mall Company, L.P. | Holyoke Mall | Holyoke, VA | Lease |
| JPMG Manassas Mall Owner LLC | Manassas Mall | Manassas, VA | Lease and REA |
| Poughkeepsie Galleria LLC | Poughkeepsie Galleria | Poughkeepsie, NY | Ground Lease and REA |
| Salmon Run Shopping Center, L.L.C. | Salmon Run Mall | Watertown, NY | Lease |
| S&R Company of West Seneca NewCo, LLC | Shops at West Seneca | West Seneca, NY | Lease |
| DGI LS, LLC | Logisti Center at Logan | Logan Township, NJ | Lease |

4. The Premises are located within "shopping centers" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

2

5. On November 1, 2018, the Debtors filed the Motion (Dkt. 427). The Motion seeks (1) authority to (a) sell or transfer de minimis assets, including the "Debtors' real estate assets," and (b) abandon de minimis assets the Debtors are unable to sell; and (2) to implement procedures for doing the same.

**OBJECTION**

A. *The De Minimis Asset Sale Procedures Fail to Provide Due Process to the Landlords with Respect to the Sale of the Debtors' Real Property Assets.*

6. By the Motion, the Debtors seek approval of procedures for the sale of De Minimis Assets, free and clear of liens, without adequate notice and an opportunity to be heard with respect to such sales.

7. "Notice must be provided in bankruptcy cases, as in plenary litigation, that is reasonably calculated, under all the circumstances to apprise people of the pendency of any proceeding that may result in their being deprived of any property, and to afford them an opportunity to present their objections." *In re Motors Liquidation Co.*, 2015 Bankr. LEXIS 4445, at *16 (Bankr. S.D.N.Y June 1, 2015). Due process requires that notice "be reasonably calculated to apprise interested parties of the pendency of an action" **and** that interested parties be afforded "an opportunity to present objection." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Due process requires "a meaningful opportunity to be heard within the limits of practicality[.]" *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971).

8. In particular, the Debtors propose procedures that would permit them to sell De Minimis Assets (including "Debtors' real estate assets," which may include the Leases and/or property subject to the terms of an REA) yielding a sale price of less than $2,500,000, without notice to the Landlords and an opportunity to object to such sale(s), and without further order of the Court (*see* Dkt. 427 at 13[a]). The Debtors propose that such procedure is sufficient to

3

deliver title to such De Minimis Assets "free and clear of all liens, claims, and encumbrances" (Dkt. 427 at ¶ 13[a][ii]).  The Landlords object to such proposed procedure as it deprives the Landlords of due process.  Such procedure fails to give known creditors and parties to agreements affecting real property the Debtors propose to sell actual notice of the proposed sale or transfer of De Minimis Assets and an opportunity to present an objection thereto.

9. With respect to sales in excess of $2,500,000 but less than $15,000,000, the Debtors propose to provide the Landlords with only seven (7) days' notice of such sales (Dkt. 427 at ¶ 13[b]).  The Landlords object to such proposed procedure as it fails to provide the Landlords sufficient time to review and assess the advisability of such sale(s).  Moreover, the Debtors have failed to set forth any actual urgency warranting the Court to dispense with the Landlords' due process rights.

10. The Landlords and all parties to agreements affecting real property the Debtors propose to sell are entitled to adequate notice and an opportunity to be heard with respect to the sale of De Minimis Assets in which they maintain an interest, and the failure of such notice and opportunity to be heard constitutes a violation of the Landlords' fundamental due process rights and requires denial of the Motion in its present form.

11. It is respectfully submitted that, in order to afford the Landlords due process, the proposed De Minimis Asset Sale Procedures must be amended to provide at least fourteen (14) business days' notice of **all** sales of De Minimis Assets, regardless of the selling price, and the Notice Period must be extended to fourteen (14) days from the date of <u>filing</u> and service of the De Minimis Asset Sale Notice.

4

### B. *The Debtors Do Not Maintain an "Unfettered" Right to Abandon Assets.*

12.  The Debtors assert that their right to abandon property is "unfettered" (Dkt. 427 at ¶ 25). However, as set forth in the Motion, Section 554(a) of the Bankruptcy Code does not permit the Debtors "to abandon property in contravention of state or local laws designed to protect public health or safety." *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 506-07 (1986); *see also In re McCrory Corp.*, 188 B.R. 763, 767 (Bankr. S.D.N.Y. 1995). Therefore, any Order granting the Debtors the right to abandon De Minimis Assets should be limited such that the Debtors are prohibited from abandoning (1) hazardous or toxic materials (as those terms are defined in any applicable federal, state or local law, rule, regulation or ordinance); and (2) assets containing personal or confidential information.

13.  Further, the Motion fails to address the Landlords' right to dispose of the abandoned assets. Any Order granting the Debtors the right to abandon De Minimis Assets should include a provision providing that the abandoned assets are abandoned to the affected party with the right thereof to dispose of such abandoned assets free and clear of all interests of the Debtors and third parties (whether liens, claims or encumbrances), without notice or liability to any party or third party, without further notice to or order of the Court, and without violation of the automatic stay.

14.  Finally, it is respectfully submitted that, in order to afford the Landlords due process, the proposed De Minimis Asset Abandonment Procedures must be amended to provide at least ten (10) business days' notice of all abandonments of De Minimis Assets, and the Notice Period must be extended to ten (10) days from the date of <u>filing</u> and service of the De Minimis Asset Abandonment Notice.

    C. *The De Minimis Asset Notice Parties Should Include Any Known Affected Party and All Parties to Any Agreement Affecting the Real Property Assets the Debtors Propose to Sell.*

15. The Motion defines "De Minimis Asset Notice Parties" to include "any known affected party, including counsel to any creditor asserting a lien, claim, encumbrance on, or interest in the relevant assets" (Dkt. 427 at ¶ 13[b][iii]). The definition of De Minimis Asset Notice Parties should be clarified to expressly include all parties to agreements affecting real property the Debtors propose to sell or abandon, including, but in no way limited to, parties to REAs.

## JOINDER AND RESERVATION OF RIGHTS

16. The Landlords join in the objections of other landlords of the Debtors to the extent they are not inconsistent with this Limited Objection.

17. The Landlords reserve their rights to supplement this Limited Objection and to make such other and further objections as they may deem necessary or appropriate, including, but not limited to, any amendment to the proposed Order granting the Motion or to the proposed De Minimis Asset Sale Procedures and/or the De Minimis Asset Abandonment Procedures.

## CONCLUSION

**WHEREFORE,** the Landlords respectfully request that the Court deny the Motion or condition any grant of the Motion as set forth in this Objection, and grant the Landlords any additional and further relief the Court deems just and proper.

| | |
|---|---|
| Dated: November 9, 2018<br>Syracuse, New York | **BARCLAY DAMON LLP**<br><br>By: /s/Kevin Newman<br>Kevin M. Newman, Esq.<br>Office and Post Office Address<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202-2020<br>Telephone: (315) 413-7115<br>Facsimile: (315) 703-7349<br><br>*Attorneys for Aviation Mall NewCo, LLC, Holyoke Mall Company, L.P., JPMG Manassas Mall Owner LLC, Poughkeepsie Galleria LLC, Salmon Run Shopping Center, L.L.C., S&R Company of West Seneca NewCo, LLC, and DGI LS, LLC* |