**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
In re:                                                             :   Chapter 11
                                                                   :
**SEARS HOLDINGS CORPORATION,** *et al.*,[1]                       :   Case No. 18-23538 (RDD)
                                                                   :
                        Debtors.                                   :   (Jointly Administered)
                                                                   :
                                                                   :   Re: Docket No. 345
------------------------------------------------------------------ x

## ORDER (A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE *NUNC PRO TUNC* TO THE COMMENCEMENT DATE, (B) MODIFYING CERTAIN TIME KEEPING REQUIREMENTS AND (C) GRANTING RELATED RELIEF

Upon the application, dated October 26, 2018 (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**") (i) authorizing the Debtors to retain and employ Lazard Frères & Co. LLC ("**Lazard**") as their investment banker, *nunc pro tunc* to the Commencement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used, but not otherwise defined herein, shall have their meanings ascribed to such terms in the Application.

Date, on the terms and conditions set forth herein and in the engagement agreement between Lazard and Sears Holdings Corporation dated as of October 11, 2018 (the "**Engagement Letter**") and related indemnification agreement between the parties dated as of January 17, 2018 (the "**Indemnification Letter**") copies of which are attached to the Application; (ii) modifying certain time-keeping requirements as set forth below; and (iii) granting related relief; and the Court having reviewed the Application and the Aebersold Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York* dated January 31, 2012, which this Court may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue of the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Application and opportunity for a hearing thereon were appropriate under the circumstances; and there being no objections to the Application; and no other notice or a hearing being required; and, based on the Application and the Aebersold Declaration, it appearing that Lazard does not hold or represent an adverse interest to the Debtors or their estates, that it is disinterested under 11 U.S.C. § 101(14), and that its retention is necessary and in the best interests of the Debtors' estates; and it further appearing that the terms of Lazard's compensation set forth in the Application and the Engagement Letter are reasonable for purposes of 11 U.S.C. § 328(a); and, after due deliberation it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein, it is HEREBY ORDERED THAT:

    1.    The Application is granted as set forth in this Order *nunc pro tunc* to the Commencement Date.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to engage Lazard as their investment banker in these chapter 11 cases, *nunc pro tunc* to the Commencement Date, pursuant to the terms of the Engagement Letter and the Indemnification Letter, which are annexed hereto as **Exhibit 1** and **Exhibit 2** respectively, as modified by this Order**.**

3. All of Lazard's compensation as set forth in the Engagement Letter and the Indemnification Letter including, without limitation, the Monthly Fee, the Restructuring Fee, the Financing Fee and the Sale Transaction Fee, and the expense reimbursement and indemnification and related obligations are approved pursuant to section 328(a) of the Bankruptcy Code and Lazard shall be compensated, reimbursed and indemnified pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified in, the Engagement Letter and Indemnification Letter and this Order.

4. Lazard shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court; provided, that Lazard shall be compensated and reimbursed pursuant to the standard set forth in Bankruptcy Code section 328(a) and that Lazard's fees and expenses shall not be subject to review under the standard set forth in section 330 of the Bankruptcy Code, subject to paragraph 5 hereof; provided, further, that Larzard's allowed fees and expenses shall be paid by the Debtors as and when due as set forth in the Engagement Letter without the need to file monthly fee statements; provided, further that, for the avoidance of doubt, such fees and expenses shall be subject to review and approval in any quarterly interim and final fee applications.

5.  The Office of the United States Trustee for the Southern District of New York shall have the right to object to Lazard's interim and final fee applications (including expense reimbursement) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.

6.  Lazard shall be excused from keeping time records for services rendered in one-tenth-hour (.1) increments, and instead shall be required to maintain time records in half-hour (.5) increments in summary format.

7.  None of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

8.  The indemnification, exculpation, contribution, reimbursement and related provisions set forth in the Engagement Letter and Indemnification Letter are approved, subject during the pendency of these chapter 11 cases to the following:

    (a) All requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the Indemnification Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Indemnification Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court; provided that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

    (b) In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Engagement Letter or the Indemnification Letter if the Debtors or a representative of the Debtors' estates asserts a claim for, and the Court determines by final order that such claim primarily arose out of, the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

    (c) In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Indemnification Letter, the invoices

4

and supporting time records from such attorneys shall be annexed to Lazard's own interim and final fee applications, and such invoices and time records shall be subject to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases and the approval of the Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. Subject to the requirements of Paragraph 4 above regarding the filing of interim and final fee applications, and notwithstanding anything to the contrary in the Application, the Engagement Letter or the Aebersold Declaration, and Financing Fee payable pursuant to the Engagement Letter shall be payable upon the consummation of the applicable Financing Transaction.

10. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, the Indemnification Letter, and this Order, the terms of this Order shall govern.

11. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the chapter 11 cases to cases under chapter 7.

12. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: White Plains, New York
      November 9, 2018

                                      /s/Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE