Hearing Date and Time:  November 15, 2018 at 10:00 a.m. (Eastern Time)
Objection Date and Time:  November 9, 2018 at 4:00 p.m. (Eastern Time)
(Extended by the Debtors)

BARCLAY DAMON LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone:  (315) 413-7115
Facsimile:  (315) 703-7349
Kevin M. Newman

*Attorneys for Aviation Mall NewCo, LLC, Holyoke Mall Company, L.P., JPMG Manassas Mall Owner LLC, Poughkeepsie Galleria LLC, Salmon Run Shopping Center, L.L.C., S&R Company of West Seneca NewCo, LLC, and DGI LS, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538-rdd |
| SEARS HOLDING CORPORATION, *et al.* | Jointly Administered |
| Debtors. | |

---------------------------------------------------------------

**LIMITED OBJECTION OF AVIATION MALL NEWCO, LLC, HOLYOKE MALL COMPANY L.P., JPMG MANASSAS MALL OWNER LLC, POUGHKEEPSIE GALLERIA LLC, SALMON RUN SHOPPING CENTER L.L.C., S&R COMPANY OF WEST SENECA NEWCO LLC AND DGI LS, LLC TO THE DEBTORS' MOTION FOR AUTHORITY TO (A) OBTAIN POSTPETITION FINANCING, (B) USE CASH COLLATERAL, (C) GRANT CERTAIN PROTECTIONS TO PREPETITION SECURED PARTIES, AND (D) SCHEDULE SECOND INTERIM HEARING AND FINAL HEARING (WITH <u>RESPECT TO THE SENIOR AND JUNIOR DIP FINANCING</u>)**

Aviation Mall NewCo, LLC, Holyoke Mall Company L.P., JPMG Manassas Mall Owner LLC, Poughkeepsie Galleria LLC, Salmon Run Shopping Center, L.L.C., S&R Company of West Seneca NewCo LLC and DGI LS, LLC (each a "Landlord"; collectively, the "Landlords"), through their attorneys, submit this limited objection (the "Limited Objection") to the Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant

Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing (With Respect to the Senior and Junior DIP Financing) (Dkt. 427). In support of this Limited Objection, the Landlords respectfully submit as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2.      On October 15, 2018, Debtors commenced a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

3.      The Landlords and one or more of the Debtors (the "Tenant") are parties to unexpired leases of nonresidential real property (each a "Lease"; collectively, the "Leases") of the premises (the "Premises") and/or Reciprocal Easement Agreements (each an "REA"; collectively, the "REAs"), as follows:

| **Landlord** | **Shopping Center** | **Location** |
|---|---|---|
| Aviation Mall NewCo, LLC | Aviation Mall | Queensbury, NY |
| Holyoke Mall Company, L.P. | Holyoke Mall | Holyoke, VA |
| JPMG Manassas Mall Owner LLC | Manassas Mall | Manassas, VA |
| Poughkeepsie Galleria LLC | Poughkeepsie Galleria | Poughkeepsie, NY |
| Salmon Run Shopping Center, L.L.C. | Salmon Run Mall | Watertown, NY |
| S&R Company of West Seneca NewCo, LLC | Shops at West Seneca | West Seneca, NY |
| DGI LS, LLC | Logisti Center at Logan | Logan Township, NJ |

4. The Premises are located within "shopping centers" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On October 15, 2018, the Debtors filed their Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing (the "Motion") (Dkt. 7).

6. On October 16, 2018, the Court entered an Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secure Parties; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief (the "Interim Order") (Dkt. 101).

7. On November 1, 2018, the Debtors filed a Notice of Hearing on Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral; (C) Grant Certain Protections to Prepetition Secure Parties, and (D) Schedule Interim Hearing and Final Hearing (With Respect to the Senior and Junior DIP Financing) (Dkt. 428).

8. The Landlords object to the Motion to the extent that it seeks to grant liens against the Leases (as opposed to liens against the proceeds of Leases) and lender occupancy rights.

## **OBJECTION**

A. *The Landlords Object to Inclusion in the Final Order of Any Liens Against Leases as Collateral for the DIP Financing.*

9. Should the Court approve the postpetition financing, the Landlords do not oppose the grant of liens against the proceeds of leased real property as collateral for the post-petition financing. However, the Leases do not permit the Tenant to assign, transfer, mortgage, pledge or

otherwise encumber its interests in the Leases. To the extent the Leases are assumed, the Tenant must assume the terms of the Leases *cum onere* (*see In re Village Rathskeller, Inc.*, 147 B.R. 665, 671 (Bankr. S.D.N.Y. 1992); *see also In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951))), including those provisions of the Leases which do not permit the Tenant to grant liens on the Leases.

10. The Debtors have not filed or provided the Landlords with a proposed Final Order or any separate proposed Order regarding the junior DIP financing. The Landlords object to any Order (with respect to the senior or junior DIP financing) granting liens against the Leases. Any liens and/or collateral securing the post-petition financing must be limited to liens against the proceeds of the Leases.

B. *The Landlords Object to Inclusion in the Final Order of Any Rights of Access To or Rights of Entry On and/or Occupancy of the Premises.*

11. As acknowledged by the Debtors in the Motion (*see* Dkt. 7, ¶ 33[d]) and the Interim Order (*see* Dkt. 101, ¶ 33[d]), the lenders rights to enter upon or occupy the Premises must be limited to those instances in which there is a written consent of the Landlords or further court order obtained upon motion of the lenders on notice to the Landlords in accordance with the Amended Case Management Procedures Order (*see* Dkt. 405).

12. The Debtors' rights with respect to the Premises are limited to their rights under the Leases and do not permit the Debtors to expand those rights to allow others to use the Premises. *See In re Boutilier*, 196 B.R. 323, 328 (Bankr. W.D. Va. 1996) (providing that the Bankruptcy Code does not "expand the debtor's rights against others more than they existed at the commencement of the case; they simply transfer to the debtor the debtor's interests in property as it existed at the time of the commencement of the bankruptcy proceedings and if those interests were limited at that time, the trustee's rights to possession are similarly limited");

4

*see also In re Island Helicopters*, 211 B.R. 453, 464 (Bankr. E.D.N.Y. 1997) (generally providing that "[t]he filing of a bankruptcy petition does not expand the debtor's rights against other more than they exist at the commencement of the case"); *In re Finlay Enters.*, 2009 Bankr. LEXIS 5252, at *35 (Bankr. S.D.N.Y. Aug. 20, 2009) (limiting lenders a right to use and occupy leased real property). The Debtors do not have the authority to grant the lenders rights of access to or occupancy of the Premises.

13. The lenders are not parties to the Leases. They have no independent contractual right to access to the Premises, to enter on and/or occupy the Premises without the prior consent of the Landlords.

14. Therefore, the Final Order should maintain so much of the language of the Interim Order as prohibits access and occupancy rights in the absence of express written consent of the Landlords (see Interim Order, ¶ 33[d]).

## JOINDER AND RESERVATION OF RIGHTS

15. The Landlords join in the objections of other landlords of the Debtors to the extent they are not inconsistent with this Limited Objection.

16. The Landlords reserve their rights to supplement this Limited Objection and to make such other and further objections as they may deem necessary or appropriate, including, but not limited to, any amendment to the proposed Order granting the Motion and any junior DIP Financing motion.

## CONCLUSION

**WHEREFORE,** the Landlords respectfully request that the Court deny the Motion or condition any grant of the Motion as set forth in this Objection, and grant the Landlords any additional and further relief the Court deems just and proper.

Dated: November 9, 2018  
Syracuse, New York

**BARCLAY DAMON LLP**

By: /s/Kevin Newman  
Kevin M. Newman, Esq.  
Office and Post Office Address  
Barclay Damon Tower  
125 East Jefferson Street  
Syracuse, New York 13202-2020  
Telephone: (315) 413-7115  
Facsimile: (315) 703-7349

*Attorneys for Aviation Mall NewCo, LLC, Holyoke Mall Company, L.P., JPMG Manassas Mall Owner LLC, Poughkeepsie Galleria LLC, Salmon Run Shopping Center, L.L.C., S&R Company of West Seneca NewCo, LLC, and DGI LS, LLC*