TARTER KRINSKY & DROGIN LLP
*Attorneys for Alpine Creations Ltd.*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Rocco A. Cavaliere, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et. al.*[1], | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtor. | : | (Jointly Administered) |

------------------------------------------------------------------ x

# JOINDER OF ALPINE CREATIONS LTD. TO RESPONSE AND LIMITED OBJECTION OF APEX TOOL GROUP, LLC TO THE MOTION OF DEBTORS FOR INTERIM AND FINAL AUTHORITY TO, AMONG OTHER THINGS, CONFIRM ADMINISTRATIVE EXPENSE PRIORITY FOR PREPETITION ORDERS DELIVERED TO THE DEBTORS POSTPETITION, AND SATISFY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS

Alpine Creations, Ltd. ("Alpine"), by and through undersigned counsel, hereby files this joinder to the response and limited objection of Apex Tool Group, LLC (the "Apex Objection") to the *Motion of Debtors for Interim and Final Authority to (I) Pay Prepetition Claims of (A)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition, and Satisfy Such Obligations in the Ordinary Course of Business* (the "Debtors' Motion"). In support of this Joinder, Alpine respectfully represents as follows:

1. As is well documented, many vendors have ceased doing business with the Debtors because of concerns about the Debtors' ability to make payments to vendors. If Alpine feels secure in payment, it would ideally like to continue to work with the Debtors, if possible, to support their reorganization efforts. However, Alpine, like Apex, has a number of pre-petition purchase orders for which product has not yet been delivered, and in some cases, is being manufactured. Clearly, such product, if delivered during the post-petition period, must be deemed to be an administrative claim under section 503(b)(1) of the Bankruptcy Code (subject only, of course, to a defense that the product is damaged).

2. The interim order [Dkt. No. 115] (the "Interim Order") approving the Debtors' Motion already appears to include language in paragraph 8 therein, making clear that any prepetition purchase orders for post-petition deliveries are granted administrative expense claim status pursuant to section 503(b)(1) of the Bankruptcy Code. A proposed final order has not been filed and presumably, such final order will include similar language. By this Joinder, Alpine respectfully requests that the Court ensure that the final order approving the Debtors' Motion includes appropriate language, similar to the language in paragraph 8 of the Interim Order.

3.      Alpine also joins in other aspects of the Apex Objection, including the need for clarity on the Debtors' intended interpretation of "delivered" or "received" for purposes of section 503(b)(9). See Apex Objection, ¶ 9.

**WHEREFORE**, Alpine respectfully requests that the Court approve the Debtors' Motion subject to the clarification set forth in the Apex Objection and this Joinder.

Dated: New York, New York
    November 9, 2018

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP
*Attorneys for Alpine Creations Ltd.*

By:  s/ Rocco A. Cavaliere
    Rocco A. Cavaliere
    1350 Broadway, 11th Floor
    New York, New York 10018
    (212) 216-8000