Obj. Deadline: Nov. 9, 2018 at 4:00 p.m. ET (by agreement)
Hearing Date: Nov. 15, 2018 at 10:00 a.m. ET

Ronald E. Gold, Esq.
(*Pro hac vice* admission pending)
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
Email: rgold@fbtlaw.com

-and-

Seth Van Aalten, Esq.
Sarah Carnes, Esq.
**COOLEY LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: svanaalten@cooley.com
       scarnes@cooley.com

*Counsel for Washington Prime Group Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | **CASE NO. 18-23538-RDD** |
| Debtors. | **(Jointly Administered)** |

**LIMITED OBJECTION OF WASHINGTON PRIME GROUP INC.**
**TO DEBTORS' MOTION FOR APPROVAL OF GLOBAL BIDDING PROCEDURES**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Washington Prime Group Inc. ("WPG"), as managing agent for the owner of the properties

identified herein, by its undersigned counsel, hereby files this limited objection ("Limited Objection")

to the *Debtors' Motion for Approval of Global Bidding Procedures* (Docket No. 429) (the "Bid Procedures Motion").[1] In support of this Limited Objection, WPG respectfully states:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. WPG is the owner, or the managing agent for the owners of, certain real properties in which the Debtors lease retail space (the "WPG Leased Premises") from WPG pursuant to those certain unexpired leases (collectively, the "WPG Leases" and each a "WPG Lease"). Specifically, the Debtors are currently leasing certain retail space from WPG at approximately twenty-two (22) locations (the "Leased Premises"), which are identified on Exhibit A attached hereto.[2]

4. The Leased Premises are located in "shopping centers" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On November 1, 2018, the Debtors filed their Bid Procedures Motion seeking, among

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Bid Procedures Motion.
[2] WPG is also party to nineteen (19) operating or other agreements (the "Operating Agreements") where Sears stores are located at WPG retail centers. WPG submits that the Operating Agreements are interests in real property that cannot be assumed or assigned by the Debtors and reserves its rights accordingly.

2

other things, approval of procedures to market, auction, and sell the Debtors' real estate and other assets as a going concern (the "Going Concern Sale"), separated into: (i) procedures that apply to certain "go-forward" stores and related assets that the Debtors have deemed profitable; and (ii) global procedures that apply to the Debtors' remaining assets that are not sold as part of the "go-forward" stores (collectively, the "Proposed Bid Procedures").

## LIMITED OBJECTION

6.      WPG does not object—generally—to the Debtors establishing procedures for the sale of their assets, including procedures for the potential assumption and assignment of the Debtors' unexpired leases (including the WPG Leases). However, WPG objects to the Proposed Bid Procedures as currently drafted on three grounds, all primarily related to ensuring that: (i) the Proposed Bid Procedures allows for bids to be submitted by the Debtors landlords, whether individually or as part of a group, and that those bids be considered as part of the Going Concern Sale and receive adequate and fair consideration; (ii) the Debtors comply with their obligations under the Bankruptcy Code with respect to any proposed assumption and assignment of a WPG Lease; and (iii) WPG receives the protections afforded to it under the Bankruptcy Code, the WPG Leases, and applicable law.

7.      First, WPG is concerned with the separation of the 400 Go Forward Stores from the Global Bidding Procedures. The Proposed Bid Procedures do not specifically identify any of the Go Forward Stores, and the Debtors have not articulated a need as to why the procedures and sale process for the Go Forward Stores must be separated from the Global Bidding Procedures. As drafted and proposed to this Court, while the Proposed Bid Procedures seems to allow Counterparties to bid on their own leases, it is not clear if bids submitted by Counterparties will be evaluated in connection

3

with the auction for the Go Forward Stores or if those bids will instead be evaluated in connection with the Global Bidding Procedures. WPG seeks to ensure that any auction impacting the WPG Leases is conducted in a transparent manner and that any bid (or bids) submitted by Counterparties or a group of Counterparties, including WPG, will be evaluated in connection with the auction for the Go Forward Stores. The Proposed Bid Procedures should be revised accordingly.

8. Second, the Proposed Bid Procedures do not provide Counterparties with sufficient adequate assurance information. The Proposed Bid Procedures provide that Counterparties will only receive an Adequate Assurance Package consisting of "(i) the Prospective Bidder's financial wherewithal and willingness to perform under Proposed Assumed Contracts and any other Contracts and Leases that may later be designated by the Prospective Bidder (if named a Successful Bidder) for assumption and assignment in connection with a Sale Transaction; and (ii) the identity of any known proposed assignee of applicable Contracts or Leases (if different from the Prospective Bidder) with contact information for such person or entity." Proposed Bid Procedures, VI. B. 6. The Adequate Assurance Package may include additional information at the Debtors' discretion.

9. WPG requests that the Adequate Assurance Package be revised to comply with the heightened standards for adequate assurance of future performance under the Bankruptcy Code for leases of non-residential real property, including the WPG Leases. This includes, but is not limited to, evidence that the proposed assignee will comply with the use clause, radius and tenant mix provisions in the WPG Leases, all in accordance with section 365 of the Bankruptcy Code.[3]

---

[3] Adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance: (A) of the source of rent and other consideration due under the WPG Lease, and that the financial condition and operating performance of the proposed assignee and any guarantor shall be similar to the financial condition and operating performance of the Debtors and any guarantor of the Debtors at the time the Debtors entered into the WPG Lease; (B) that any percentage rent due under the WPG Lease will not decline substantially; (C) that assumption and assignment of the

4

10. In order to satisfy the heightened adequate assurance of future performance burden, WPG should receive for any proposed assignee of the WPG Leases, <u>at a minimum</u>, the following information: (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store; (ii) the proposed assignee's intended use for the space and an adequate description of how such intended use allegedly complies with any of the use restrictions in the WPG Lease; (iii) a description of all other stores owned and/or operated by the proposed assignee, locations of the same and trade names used with respect to the same; (iv) audited financial statements and annual reports for the past three (3) years, including all supplements or amendments thereto; (v) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projections for the WPG Lease, and any financial projections, calculations and/or proformas prepared in contemplation of purchasing the WPG Lease; (vi) all documents and other evidence of the proposed assignee's retail experience and experience operating stores in a shopping center; and (vii) a contact person for the proposed assignee who WPG may directly contact in connection with the adequate assurance of future performance information. The Debtors cannot carry their burden under section 365 of the Bankruptcy Code without providing such information, and without receipt of this information, WPG cannot meaningfully assess any

---

WPG Lease is subject to all provisions of the WPG Lease, including but not limited to radius, location, use or exclusivity provisions, and will not breach any such provision contained in another lease; and (D) that assumption or assignment of the WPG Lease will not disrupt any tenant mix in the WPG Leased Premises. *See* 11 U.S.C. § 365(b)(3). The Debtors bear the burden of demonstrating the proposed assignee's ability to provide adequate assurance of future performance. *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991). *See also In re Federated Dept. Stores, Inc.*, 135 B.R. 941, 944 (Bankr. S.D. Ohio 1991); *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299, 308 (Bankr. S.D.N.Y. 1983). In addition, in connection with the heightened adequate assurance requirement for shopping center leases, courts require a specific factual showing through competent evidence to determine whether the Debtors have provided adequate assurance of future performance. *See, e.g.*, *Matter of Haute Cuisine, Inc.*, 58 B.R. 390 (Bankr. M.D. Fla. 1986) (even though experts presented cash flow projections, the court found that insufficient documentary evidence had been presented).

5

proposed assignee of a WPG Lease.

11. Third, the Proposed Bidding Procedures only provide for a "target date" by which the Debtors must file with the Bankruptcy Court the Notice of Auction Results and to provide applicable Counterparties with Adequate Assurance Information for Successful Bidders. Counterparties may have, at most, eight days (including weekends) to review the Adequate Assurance Information and the Notice of Auction Results. WPG requests that the Debtors be required to file the Notice of Auction Results and provide Counterparties with Adequate Assurance Information by a date certain that allows Counterparties up to ten (10) days to evaluate the information and file an objection, if appropriate.

12. Ultimately, any assumption and/or assignment of the WPG Leases should be conditioned upon, among other things, full compliance with section 365 of the Bankruptcy Code, including, but not limited to, WPG receiving adequate notice and a sufficient opportunity to be heard with respect to any proposed assumption and assignment of the WPG Leases, the payment to WPG of all amounts due and owing under the WPG Leases through the effective date of assumption and assignment of the WPG Leases, the provision by the Debtors and/or the proposed assignee of sufficient adequate assurance of future performance information, and WPG being provided with sufficient time and opportunity to submit any objections (to the extent deemed necessary) and to prepare for any hearing with respect to any proposed assumption and assignment of any WPG Lease.

## **RESERVATION OF RIGHTS**

13. WPG reserves any and all rights to supplement and/or amend this Limited Objection and expressly reserves the right to raise any additional objections with respect to the Bid Procedures Motion, including but not limited to: (i) any additional objections with respect to any potential sale of

any WPG Lease and proposed sale procedures; (ii) any additional objections with respect to the potential assumption and assignment of any WPG Lease, on any and all grounds under section 365 of the Bankruptcy Code or as otherwise may be available to WPG; and/or (iii) any and all other objections with respect to the relief requested in the Bid Procedures Motion and/or such relief that may subsequently be sought by the Debtors and/or any other party, as such requested relief relates to any WPG Lease and/or the interests of WPG.

## **JOINDER IN OTHER LANDLORD OBJECTIONS**

14. WPG hereby joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the provisions hereof.

**WHEREFORE**, WPG respectfully requests that this Court enter an order: (a) sustaining this Limited Objection; (b) modifying the Proposed Bid Procedures consistent with this Limited Objection, in order to ensure that the rights of WPG are adequately protected; and (c) granting the WPG such other and further relief as this Court deems just and appropriate under the circumstances.

[*signature page follows*]

| | |
|---|---|
| Dated: November 9, 2018<br>New York, New York | Respectfully submitted,<br><br>By: /s/ *Seth Van Aalten*<br>Seth Van Aalten, Esq.<br>Sarah Carnes, Esq.<br>COOLEY LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 479-6000<br>Facsimile: (212) 479-6275<br>Email: svanaalten@cooley.com<br>         scarnes@cooley.com<br><br>-and-<br><br>Ronald E. Gold, Esquire<br>(*Pro hac vice* admission pending)<br>FROST BROWN TODD LLC<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati, Ohio 45202<br>Telephone: (513) 651-6800<br>Facsimile: (513) 651-6981<br>Email: rgold@fbtlaw.com<br><br>*Counsel for Washington Prime Group Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2018, a copy of the foregoing was served electronically or via First Class Mail, postage prepaid upon all those identified on the Master Service List as of November 5, 2018 in accordance with this Court's Amended Order Implementing Certain Notice and Case Management Procedures (the "Case Management Order") entered November 1, 2018 [Docket No. 405]. I hereby further certify that pursuant to the Case Management Order and the Local Rules, hard copies of the foregoing were delivered via overnight mail to (i) the Honorable Robert D. Drain and (ii) the United States Trustee's Office.

                                                /s/ *Sarah Carnes*
                                                  Sarah Carnes

## Exhibit A

| Shopping Center | Location |
|---|---|
| Boynton Beach Mall | Boynton Beach, Florida |
| Boynton Beach Mall (Auto Center) | Boynton Beach, Florida |
| Charlottesville Lease Tract | Charlottesville, Virginia |
| Chautauqua Mall | Lakewood, New York |
| Grand Central Mall | Vienna, West Virginia |
| Indian Mound Mall | Heath, Ohio |
| Lima Mall | Lima, Ohio |
| Longview Mall | Longview, Texas |
| Mall at Fairfield Commons | Beavercreek, Ohio |
| Mall at Johnson City | Johnson City, Tennessee |
| Mesa Mall | Grand Junction, Colorado |
| Mesa Mall (Service Center) | Grand Junction, Colorado |
| Morgantown Mall | Morgantown, West Virginia |
| Muncie Mall | Muncie, Indiana |
| Pearlridge Center | Aiea, Hawaii |
| Polaris Fashion Place | Columbus, Ohio |
| Port Charlotte Town Center | Port Charlotte, Florida |
| Southern Hills Mall | Missoula, Montana |
| Town Center at Aurora | Aurora, Colorado |
| Weberstown Mall | Stockton, California |
| Westshore Plaza | Tampa, Florida |
| Whitehall Mall | Whitehall, Pennsylvania |