PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Proposed Counsel to the Debtors Acting at the Direction
of the Restructuring Subcommittee of the Board of Directors
of Sears Holdings Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors. [1]** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**MOTION PURSUANT TO FED. R. BANKR. P. 9006(c) AND 9007 AND
LOCAL BANK. R. 9006-1 FOR ORDER SHORTENING NOTICE WITH RESPECT TO
THE MOTION FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO
BANKRUPTCY RULE 2004**

The Restructuring Subcommittee (the "Subcommittee" and the "Movant") of the restructuring committee (the "Restructuring Committee") of the Sears Holdings Corporation ("Sears" or the "Debtors") board of directors (the "Board") hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to rules 9006(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), shortening notice with respect to the Motion for Leave to Conduct Discovery Pursuant to Bankruptcy Rule 2004 (the "Rule 2004 Motion" [ECF 609]). In support of this Motion, the Subcommittee respectfully states as follows:

## Background

1.      On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant cases (the "Chapter 11 Cases").  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

2.      No trustee or examiner has been appointed in the Chapter 11 Cases.  An official committee of unsecured creditors was appointed on October 24, 2018 (the "Unsecured Creditors Committee"). The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

3.      The Subcommittee was created the week prior to the Petition Date and consists of two highly qualified and independent directors appointed to the Board in October 2018. It was created and given a mandate by the Board to investigate prepetition related-party

2

transactions that may give rise to material claims or causes of action.  The Subcommittee's mandate includes, among other things, the authority to control Debtors' attorney-client and attorney work product privilege for any information disclosed to or developed by the Subcommittee or its advisors during the course of the Subcommittee's investigation.  As a committee of the Board, the Subcommittee also has a fiduciary duty to maximize the value of the Debtors' estate for all constituents.

4.      Additional information regarding the Subcommittee, including the steps it has taken to pursue its investigation to date, can be found in the Subcommittee's Rule 2004 Motion, also filed on November 9, 2018.

### Jurisdiction and Venue

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.      The statutory predicates for the relief requested herein are Bankruptcy Rules 9006(c) and 9007and Local Bankruptcy Rule 9006-1.

### No Prior Request

7.      No prior motion for the relief requested herein has been made by the Subcommittee to this or any other court.

### Relief Requested

8.      By this Rule 2004 Motion, pursuant to Bankruptcy Rules 9006(c) and 9007 and Local Bankruptcy Rule 9006-1, the Subcommittee requests entry of an order shortening the notice period with respect to the Rule 2004 Motion, filed contemporaneously herewith, and setting the date and time for the hearing on the Rule 2004 Motion for **November 15, 2018 at 10:00 a.m.**

3

(**Eastern Time**).  The Subcommittee also requests that the Court set the objection deadline for the Rule 2004 Motion as **November 14, 2018 at 12:00 p.m. (Eastern Time)**.

### Basis for Relief Requested

9.    Requests for the relief in the Rule 2004 Motion are generally subject to Local Bankruptcy Rule 9006-1(b), which requires that parties in interest be provided with at least 14 days' notice.  Local Bankruptcy Rule 9006-1(b).  Nevertheless, Bankruptcy Rule 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c); *see also* Local Bankruptcy Rule 9006-1(b) (providing that the Court has the authority to alter the notice periods).  In addition, pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter in which notice is provided. *See* Fed. R. Bankr. P. 9007.  Ample cause exists to shorten the notice period with respect to the Rule 2004 Motion as requested herein.

10.    As set forth in the Rule 2004 Motion, the Subcommittee seeks to have the notice period for the Rule 2004 Motion shortened to six days. The speedy approval of the Rule 2004 Motion will enhance the Subcommittee's ability to expeditiously and efficiently investigate key prepetition transactions in order to identify potential claims or causes of action the Debtors may have, with the ultimate goal of maximizing the value of Debtors' estates for *all* constituents including both secured and unsecured creditors, and to ascertain the feasibility of a reorganization of the debtors' businesses.  This immediate need for information is amplified by the extremely tight constraints under which the Subcommittee is operating.

4

11.     Duff & Phelps, LLC ("Duff & Phelps")—an advisor that played a key role in the Seritage Transaction and the Lands' End spinoff—has informed the Subcommittee that it will not produce any documents without an order from this Court.  Because Duff & Phelps possesses documents critical to the Subcommittee's investigation, it is vital that it receives such documents as soon as possible.

12.     Absent the relief sought in this Motion, the Rule 2004 Motion would not be heard on less than 14 days' notice (i.e., prior to November 23, 2018).  However, an Omnibus Hearing is scheduled for November 15, 2018, the date that the Unsecured Creditors Committee also has requested that the Court hear its Rule 2004 Motion.  Shortening the notice will not prejudice the Debtors, Duff & Phelps, or any other party.  Indeed, the relief the Subcommittee seeks is similar to the relief sought in the Unsecured Creditors Committee.   It will preserve the time and resources of the Court and all parties involved to have both motions heard during the same hearing.

13.     Further still, Duff & Phelps was put on notice of this issue when the Subcommittee provided it with informal document requests in October 26, 2018.  Additionally, when Duff & Phelps stated it would not respond to any informal requests for discovery, the Subcommittee immediately informed Duff & Phelps that it would seek relief pursuant to Rule 2004.

14.     Because it is in the best interest of the Debtors and their estates to facilitate the Court's prompt consideration of the Rule 2004 Motion, and because Duff & Phelps has had prior and ample notice of the Subcommittee's Rule 2004 Motion, consideration of the Rule 2004 Motion is on an expedited basis is warranted.

15.     Based on the foregoing, the Subcommittee respectfully submits that cause exists to shorten the notice period with respect to the Rule 2004 Motion.

**<u>Notice</u>**

16.     Notice of this Motion to Shorten will be provided to: (i) the Office of the United States Trustee for Region 2; (ii) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (iii) counsel for Bank of America, N.A., as administrative agent under the First Lien Credit Facility and the DIP ABL Agent; (iv) counsel for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility; (v) counsel for JPP, LLC, as administrative agent under the Second Lien Credit Facility, the IP/Ground Lease Term Loan, and the Consolidated Secured Loan Facility; (vi) counsel for Computershare Trust Company N.A., as indenture trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes; (vii) counsel for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes; (viii) counsel for The Bank of New York Mellon Trust Company, N.A., as successor trustee for the SRAC Unsecured PIK Notes, the SRAC Unsecured Notes, and the SRAC Medium Term Notes; (ix) the Pension Benefit Guaranty Corporation; (x) the Unions; (xi) the Securities and Exchange Commission; (xii) the Internal Revenue Service; (xiii) the United States Attorney's Office for the Southern District of New York; (xiv) the Banks; (xv) the Contacted Parties as defined in the Subcommittee's Rule 2004 Motion; (xvi) Akin Gump Strauss Hauer & Feld LLP as counsel for the Official Committee of Unsecured Creditors.  The Subcommittee submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## Reservation of Rights

17.     The Subcommittee reserve their rights to request and conduct any other discovery, pursuant to Rule 2004 or other applicable law, from any person or entity.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

WHEREFORE, the Subcommittee respectfully request entry of the Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: November 9, 2018          /s/ Paul M. Basta
      New York, New York          PAUL, WEISS, RIFKIND, WHARTON &
                                                        GARRISON LLP
                                                         1285 Avenue of the Americas
                                                         New York, New York 10019
     Tel: 212-373-3000
     Fax: 212-757-3990
     Paul M. Basta
     Kelley A. Cornish
     Lewis R. Clayton

*Proposed Counsel to the Debtors Acting at the Direction of the Restructuring Subcommittee of the Board of Directors of Sears Holdings Corporation*

8

<u>**Exhibit A**</u>

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors. [1] | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------x

## ORDER SHORTENING TIME FOR NOTICE OF HEARING WITH RESPECT TO THE MOTION FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO BANKRUPTCY RULE 2004

Upon the motion to shorten notice, dated November 9, 2018 (the "Motion to Shorten") of the Subcommittee, for entry of an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure shortening the notice period of the hearing to consider the *Motion for Leave to Conduct Discovery Pursuant to Bankruptcy Rule 2004* (the "Rule 2004 Motion") [ECF 609], all as more fully set forth in the Motion to Shorten; and the Court having jurisdiction to consider the Motion to Shorten and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, LLC (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

(Preska, C.J.); and in consideration of the Motion to Shorten and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion to Shorten having been provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405], such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion to Shorten is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that a hearing (the "Hearing") on the Rule 2004 Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 on **November 15, 2018 at 10:00 a.m. (Eastern Time)**; and it is further

**ORDERED** that, any responses or objections (collectively "Objections") to the Rule 2004 Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 139] (the "Case Management Order") and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov) and (b) by all other parties-in-interest, on a CD-ROM, in text-

2

searchable portable document format (PDF) (with a hard copy delivered directly to Chambers as set forth in the Case Management Order), in accordance with the customary practices of the Bankruptcy Court and General Order M–399, to the extent applicable, and served so as to be actually received no later than **November 14, 2018 at 12:00 p.m. (Eastern Time)** on: (i) counsel to the Subcommittee, as defined in the Motion; (ii) counsel to the Debtors; (iii) the Office of the United States Trustee; (iv) the other Official Committees and any Particularized Notice Party as defined in the Case Management Order; and it is further

**ORDERED** Notice of the Hearing shall be provided by sending a copy of this Order and the Rule 2004 Motion via personal delivery, e-mail, fax, or overnight mail within one day of entry of this Order.   Service of the Rule 2004 Motion and this Order on the Official Committees and any Particularized Notice Party, each as defined and set forth in the Case Management Order shall be deemed sufficient under the circumstances; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that Subcommittee is authorized to take all actions necessary or appropriate to give effect to this Order; and it is further

**ORDERED** that this this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: November __, 2018
         White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE