Obj. Deadline: Nov. 9, 2018 at 4:00 p.m. ET (by agreement)
Hearing Date: Nov. 15, 2018 at 10:00 a.m. ET

Ronald E. Gold, Esq.
(*Pro hac vice* admission pending)
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
Email: rgold@fbtlaw.com

-and-

Seth Van Aalten, Esq.
Sarah Carnes, Esq.
**COOLEY LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: svanaalten@cooley.com
       scarnes@cooley.com

*Counsel for Washington Prime Group Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | **CASE NO. 18-23538-RDD** |
| Debtors. | **(Jointly Administered)** |

**LIMITED OBJECTION OF WASHINGTON PRIME GROUP INC.
TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND
ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET SALES AND DE MINIS
<u>ABANDONMENTS</u>**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Washington Prime Group Inc. ("<u>WPG</u>"), as managing agent for the owner of the properties

identified herein, by its undersigned counsel, hereby files this limited objection ("<u>Limited Objection</u>")

to the *Motion of Debtors for Entry of an Order Authorizing and Establishing Procedures for De Minimis Asset Sales and De Minimis Asset Abandonments* (Docket No. 427) (the "De Minimis Procedures Motion").[1] In support of this Limited Objection, WPG respectfully states:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. WPG is the owner, or the managing agent for the owners of, certain real properties in which the Debtors lease retail space (the "WPG Leased Premises") from WPG pursuant to those certain unexpired leases (collectively, the "WPG Leases" and each a "WPG Lease"). Specifically, the Debtors are currently leasing certain retail space from WPG at approximately twenty-two (22) locations (the "Leased Premises"), which are identified on Exhibit A attached hereto.[2]

4. The Leased Premises are located in "shopping centers" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the De Minimis Procedures Motion.

[2] WPG is also party to nineteen (19) operating or other agreements (the "Operating Agreements") where Sears stores are located at WPG retail centers. WPG submits that the Operating Agreements are interests in real property that cannot be assumed or assigned by the Debtors and reserves its rights accordingly.

2

5. On November 1, 2018, the Debtors filed the De Minimis Procedures Motion which seeks, among other things, approval of procedures to "sell or transfer certain assets, including any rights or interests therein, that are of relatively *de minimis* value compared to the Debtors' total asset base…including certain of the Debtors' real estate assets." *See* De Minimis Procedures Motion, ¶ 6. A hearing on the De Minimis Procedures Motion is currently scheduled for November 15, 2018, with objections due by November 8, 2018 at 4:00 p.m.

**LIMITED OBJECTION**

6. WPG files this Limited Objection to the De Minimis Procedures Motion because, as currently drafted, the scope of the De Minimis Procedures Motion is unclear. While WPG does not object to the Debtors establishing an efficient process for the sales of certain of its assets, the definition of "De Minimis Assets" and "De Minimis Asset Sales" in the De Minimis Procedures Motion could apply to the Debtors' assumption and assignment of its leases and executory contracts. In that event, the De Minimis Procedures Motion fails to adequately afford WPG the protections provided to it under the Bankruptcy Code, the WPG Leases, and applicable law.

7. First, any assumption and assignment of the WPG Leases must be conditioned on the Debtors paying all amounts due and owing under the WPG Leases through the effective date of assumption of the WPG Leases, in accordance with section 365 of the Bankruptcy Code.

8. Second, WPG objects to any potential assumption and assignment of the WPG Leases absent the Debtors, and any proposed assignee, providing WPG with sufficient information with respect to adequate assurance of future performance in accordance with section 365 of the Bankruptcy Code. The adequate assurance of future performance information provided to WPG must demonstrate that the heightened standards for adequate assurance of future performance in a shopping center will

3

be satisfied by the proposed assignee of the WPG Leases, including, but not limited to, compliance with the use clause, radius and tenant mix provisions in the WPG Leases, all in accordance with section 365 of the Bankruptcy Code. Specifically, WPG believes that in connection with the possible assumption and assignment of the WPG Leases, WPG must be provided with information detailing (a) the source of rent and other consideration due under the WPG Leases, and that the financial condition and operating performance of the proposed assignee and any guarantor shall be similar to the financial condition and operating performance of the Debtors and any guarantor of the Debtors at the time the Debtors entered into the WPG Leases; (b) that any percentage rent due under the WPG Leases, if applicable, will not decline substantially; (c) that assumption and assignment of the WPG Leases is subject to all provisions of the WPG Leases, including but not limited to radius, location, use or exclusivity provisions, and will not breach any such provision contained in another lease; and (d) that assumption or assignment of the WPG Leases will not disrupt any tenant mix in the Leased Premises. *See* 11 U.S.C. § 365(b)(3).

9.      As part of adequate assurance information, WPG should also receive the following: (a) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store; (b) the proposed assignee's intended use for the space and an adequate description of how such intended use allegedly complies with any of the use restrictions in the Lease; (c) a description of all other stores owned and/or operated by the proposed assignee, locations of the same and trade names used with respect to the same; (d) audited financial statements and annual reports for the past three (3) years, including all supplements or amendments thereto; (e) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projections for the WPG Leases, and any financial projections, calculations and/or

4

proformas prepared in contemplation of purchasing the WPG Leases; (f) all documents and other evidence of the proposed assignee's retail experience and experience operating stores in a shopping center; and (g) a contact person for the proposed assignee who WPG may directly contact in connection with the adequate assurance of future performance information.[3]

10. Lastly, to the extent the Debtors seek to assume and assign any of the WPG Leases through the De Minimis Procedures Motion, the Debtors should be required to establish procedures with respect to providing notice of future requests of the Debtors for approval of any proposed assumption and assignment of the WPG Leases. At a minimum, such procedures should provide WPG with an opportunity to object to any proposed assumption and/or assignment of the WPG Leases at such time that the Debtors may seek to actually assume and assign any of the WPG Leases, including but not limited to, allowing WPG (at such time in the future) to assert objections with respect to the proposed cure and adequate assurance of future performance.

11. In sum, because of the great uncertainty surrounding the scope of the De Minimis Procedures Motion, WPG files this Limited Objection to the extent the Debtors seek to apply the De Minimis Procedures Motion to the assumption and assignment of the WPG Leases.

## **RESERVATION OF RIGHTS**

12. WPG reserves any and all rights to supplement and/or amend this Limited Objection and expressly reserves the right to raise any additional objections with respect to the De Minimis Procedures Motion, including, but not limited to: (i) any additional objections with respect to any potential sale of any WPG Lease and proposed sale procedures; (ii) any additional objections with

---

[3] WPG expressly reserves the right to request further information it may deem necessary to make an informed decision as to the ability of any proposed assignee to satisfy the requirements of section 365 of the Bankruptcy Code.

respect to the potential assumption and assignment of any WPG Lease, on any and all grounds under section 365 of the Bankruptcy Code or as otherwise may be available to WPG; and/or (iii) any and all other objections with respect to the relief requested in the De Minimis Procedures Motion and/or such relief that may subsequently be sought by the Debtors and/or any other party, as such requested relief relates to any WPG Lease and/or the interests of WPG.

## JOINDER IN OTHER LANDLORD OBJECTIONS

13.    WPG hereby joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the provisions hereof.

**WHEREFORE**, WPG respectfully requests that this Court enter an order: (a) sustaining this Limited Objection; (b) modifying the De Minimis Procedures Motion consistent with this Limited Objection, in order to ensure that the rights of WPG are adequately protected; and (c) granting the WPG such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature page follows*]

Dated: November 9, 2018  
New York, New York

Respectfully submitted,

By: /s/ *Seth Van Aalten*  
Seth Van Aalten, Esq.  
Sarah Carnes, Esq.  
COOLEY LLP  
1114 Avenue of the Americas  
New York, NY 10036  
Telephone: (212) 479-6000  
Facsimile: (212) 479-6275  
Email: svanaalten@cooley.com  
　　　　scarnes@cooley.com

-and-

Ronald E. Gold, Esquire  
(*Pro hac vice* admission pending)  
FROST BROWN TODD LLC  
3300 Great American Tower  
301 East Fourth Street  
Cincinnati, Ohio 45202  
Telephone: (513) 651-6800  
Facsimile: (513) 651-6981  
Email: rgold@fbtlaw.com

*Counsel for Washington Prime Group Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 9, 2018, a copy of the foregoing was served electronically or via First Class Mail, postage prepaid upon all those identified on the Master Service List as of November 5, 2018 in accordance with this Court's Amended Order Implementing Certain Notice and Case Management Procedures (the "Case Management Order") entered November 1, 2018 [Docket No. 405]. I hereby further certify that pursuant to the Case Management Order and the Local Rules, hard copies of the foregoing were delivered via overnight mail to (i) the Honorable Robert D. Drain and (ii) the United States Trustee's Office.

                                                    /s/ *Sarah Carnes*
                                                    Sarah Carnes

**Exhibit A**

| *Shopping Center* | *Location* |
|---|---|
| Boynton Beach Mall | Boynton Beach, Florida |
| Boynton Beach Mall (Auto Center) | Boynton Beach, Florida |
| Charlottesville Lease Tract | Charlottesville, Virginia |
| Chautauqua Mall | Lakewood, New York |
| Grand Central Mall | Vienna, West Virginia |
| Indian Mound Mall | Heath, Ohio |
| Lima Mall | Lima, Ohio |
| Longview Mall | Longview, Texas |
| Mall at Fairfield Commons | Beavercreek, Ohio |
| Mall at Johnson City | Johnson City, Tennessee |
| Mesa Mall | Grand Junction, Colorado |
| Mesa Mall (Service Center) | Grand Junction, Colorado |
| Morgantown Mall | Morgantown, West Virginia |
| Muncie Mall | Muncie, Indiana |
| Pearlridge Center | Aiea, Hawaii |
| Polaris Fashion Place | Columbus, Ohio |
| Port Charlotte Town Center | Port Charlotte, Florida |
| Southern Hills Mall | Missoula, Montana |
| Town Center at Aurora | Aurora, Colorado |
| Weberstown Mall | Stockton, California |
| Westshore Plaza | Tampa, Florida |
| Whitehall Mall | Whitehall, Pennsylvania |