Obj. Deadline: Nov. 9, 2018 at 4:00 p.m. ET (by agreement)
Hearing Date: Nov. 15, 2018 at 10:00 a.m. ET

Ronald E. Gold, Esq.
(*Pro hac vice* admission pending)
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
Email: rgold@fbtlaw.com

-and-

Seth Van Aalten, Esq.
Sarah Carnes, Esq.
**COOLEY LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: svanaalten@cooley.com
        scarnes@cooley.com

*Counsel for Washington Prime Group Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | CASE NO. 18-23538-RDD |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF WASHINGTON PRIME GROUP INC. TO THE ENTRY OF A FINAL ORDER IN CONNECTION WITH THE DEBTORS' MOTION TO APPROVE DEBTOR IN POSSESSION FINANCING**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Washington Prime Group Inc. ("WPG"), as managing agent for the owner of the properties identified herein, by its undersigned counsel, hereby submits this limited objection and reservation of

rights (this "Limited Objection") to the *Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* (Docket No. 7) (the "Financing Motion")[1].

WPG objects to the Financing Motion to the extent the Debtors seek to grant direct liens on the Debtors' leases in favor of the DIP ABL Credit Parties, the Junior DIP Financing lender(s) (the "Junior Credit Parties")[2], or any third party, regardless of whether the leases permit such liens. In support of this Limited Objection, WPG respectfully states:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. WPG is the owner, or the managing agent for the owners of approximately 22 real properties in which the Debtors lease retail space (the "Leased Premises") from WPG pursuant to those certain leases (the "Leases").

4. All of the Premises are located in "shopping centers" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g., In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in the Financing Motion or Interim Order (defined herein) as applicable.

[2] Attached as Exhibit C to the Financing Motion is a term sheet summarizing the principal terms and conditions of the Junior DIP Financing between the Debtors and ESL Investments, Inc. and certain related entities.

5. On the Petition Date, the Debtors filed the Financing Motion seeking to obtain this Court's approval of debtor-in-possession financing comprised of a DIP ABL Facility and Junior DIP Financing on an interim and final basis.

6. On October 16, 2018, this Court entered its *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* (Docket No. 101) (the "DIP ABL Interim Order") approving the DIP ABL Facility on an interim basis. Under the Interim Order, the DIP ABL Lenders were granted liens on all DIP ABL Collateral. Interim Order, ¶ 12. The Interim Order provides that the "the DIP ABL Liens only extend to the proceeds of the leased real property and are not direct liens on the Debtors' leases of real property unless such liens are expressly permitted pursuant to the underlying lease documents." *Id*. However, the DIP ABL Interim Order leaves open the possibility that the Debtors may grant liens on their leases even where the leases do not expressly permit the granting of such liens by providing that "the Final Order may provide for the grant of liens on real property leases." *Id.*

7. On November 15, 2018 at 10:00 a.m. ET, this Court will hold (i) a final hearing to consider entry of the Final Order and approval of the DIP ABL Facility, and (ii) an interim hearing to consider entry of an interim order (the "Junior DIP Interim Order") and approval of the Junior DIP Financing. Objection are due by November 8, 2018 at 4:00 p.m. ET.

### LIMITED OBJECTION

8. WPG files this Limited Objection as a precautionary matter. As of the date of this Limited Objection, the Debtors have not filed the proposed Final Order or Junior DIP Interim Order

3

and, as a result, it is unclear if the Debtors intend to grant direct liens on the Debtors' leases in favor of the DIP ABL Credit Parties, the Junior Credit Parties, or any third party where the leases do not expressly permit the granting of such liens. WPG objects to any attempt by the Debtors to grant liens on the Leases to the DIP ABL Credit Parties, the Junior Credit Parties, or any third party where the Leases do not expressly permit the mortgaging or encumbering of such interests. Any purported grant is prohibited under the majority of Leases, not permitted by the Bankruptcy Code or relevant authority, and would materially increase the risk imposed on WPG and its interests in the Leased Premises.

9. The Debtors' proposed treatment of the Leases, where there is no provision expressly permitting the granting of direct liens on the Debtors' leasehold interests, represents an impermissible attempt to unilaterally modify the terms of such Leases and should not be approved by this Court. *See City of Covington v. Covington landing L.P.*, 71 F.3d 1221, 1226 (6th Cir. 1995) ("Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party."); *In re Air Vectors Assocs.*, 53 B.R. 668, 687 (Bankr. S.D.N.Y. 1985) (The bankruptcy court does not have authority to rewrite the terms of a lease.).

10. Notwithstanding the fact that the majority of the Leases do not permit the Debtors to mortgage their leasehold interests, the Debtors may potentially do just that by granting to the DIP ABL Credit Parties, the Junior Credit Parties, or any third party security interests and liens on the Leases. The Debtors cite no authority to support this blatant and willful violation of the Leases and the Debtors' proposed treatment of the Leases disregards section 365(d)(3) of the Bankruptcy Code which requires the Debtors to comply with the terms of the Leases and perform all obligations until such Leases are assumed or rejected. 11 U.S.C. § 365(d)(3).

11. The Bankruptcy Code does not permit the Debtors or their lenders to override the terms of the Leases or grant the Debtors an independent postpetition right to pledge the Debtors'

4

interest in the Leases as security for their postpetition financing. *See In re EES Lambert Assocs.*, 62 B.R. 328, 336 (Bankr. N.D. Ill. 1986) ("However expansive the bankruptcy court's power may be to protect the property interests of debtors-in-possession, it does not extend to enlarging the rights of a debtor under a contract or rewriting its terms."); *Matter of Lauderdale Motorcar Corp.*, 35 B.R. 544, 548–49 (Bankr. S.D. Fla. 1983) ("However great this Court's powers are to preserve a debtor's property interest, this Court cannot enlarge or increase the Debtor's property or rewrite the terms of a contract.").

12.     Bankruptcy Courts are required to uphold state law rights of creditors, including enforcement of contractual provisions governing those rights. *Butner v. United States*, 440 U.S. 48, 55 (1979). As the Supreme Court recognized in *Butner*, "[p]roperty interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id.* Only certain contractual provisions not applicable in this case, such as sections 365(e) and 365(f), are unenforceable under the Bankruptcy Code. *In re Kopel*, 232 B.R. 57, 64 (Bankr. E.D.N.Y. 1999); s*ee Matter of Vill. Rathskeller, Inc.*, 147 B.R. 665, 671-72 (Bankr. S.D.N.Y. 1992) (Citing sections 108(b), 365(e)(1), and 365(f)(1), the Court acknowledged the Bankruptcy Code "alters certain [contractual] rights of the parties."); *Ramco-Gershenson Properties, L.P. v. Serv. Merch. Co.*, 293 B.R. 169, 174 (M.D. Tenn. 2003) ("Pursuant to § 365(f)(1), courts may temporarily render anti-assignment clauses unenforceable so that a debtor's assignment is not blocked."); *In re W.R. Grace & Co.*, 475 B.R. 34, 152 (D. Del. 2012), *aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013), and *aff'd,* 532 F. App'x 264 (3d Cir. 2013), and *aff'd,* 729 F.3d 311 (3d Cir. 2013), and *aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013) ("[I]t is well-established that *ipso facto* clauses are unenforceable as a matter of law under the Bankruptcy Code.").

13. The Leases represent valid and enforceable contracts under applicable state law and their terms must be enforced by this Court. *See Butner*, 440 U.S. at 55. As a result, this Court should deny any attempt by the Debtors to grant liens on the Leases to the DIP ABL Credit Parties, the Junior Credit Parties, or any third party in direct contravention of the Leases and the Bankruptcy Code where the Leases do not expressly permit the granting of such liens.

## **RESERVATION OF RIGHTS**

14. WPG reserves any and all rights to supplement and/or amend this Limited Objection and expressly reserves the right to assert any further objections with respect to the Financing Motion as it deems necessary or appropriate.

## **JOINDER**

15. WPG joins in any objections to the Financing Motion filed by the Debtors' other landlords, to the extent that such objections are not inconsistent with this Limited Objection.

**WHEREFORE**, WPG respectfully requests that this Court: (a) sustain this Limited Objection; (b) modify the relief granted as to the Financing Motion as requested herein; and (c) grant WPG such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature page follows*]

Dated: November 9, 2018　　　　　　　　Respectfully submitted,
New York, New York

　　　　　　　　　　　　　　　　　　　　By: /s/ *Seth Van Aalten*
　　　　　　　　　　　　　　　　　　　　Seth Van Aalten, Esq.
　　　　　　　　　　　　　　　　　　　　Sarah Carnes, Esq.
　　　　　　　　　　　　　　　　　　　　COOLEY LLP
　　　　　　　　　　　　　　　　　　　　1114 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 479-6000
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 479-6275
　　　　　　　　　　　　　　　　　　　　Email: svanaalten@cooley.com
　　　　　　　　　　　　　　　　　　　　　　　　　scarnes@cooley.com

　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　Ronald E. Gold, Esquire
　　　　　　　　　　　　　　　　　　　　(*Pro hac vice* admission pending)
　　　　　　　　　　　　　　　　　　　　FROST BROWN TODD LLC
　　　　　　　　　　　　　　　　　　　　3300 Great American Tower
　　　　　　　　　　　　　　　　　　　　301 East Fourth Street
　　　　　　　　　　　　　　　　　　　　Cincinnati, Ohio 45202
　　　　　　　　　　　　　　　　　　　　Telephone: (513) 651-6800
　　　　　　　　　　　　　　　　　　　　Facsimile: (513) 651-6981
　　　　　　　　　　　　　　　　　　　　Email: rgold@fbtlaw.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Washington Prime Group Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2018, a copy of the foregoing was served electronically or via First Class Mail, postage prepaid upon all those identified on the Master Service List as of November 5, 2018 in accordance with this Court's Amended Order Implementing Certain Notice and Case Management Procedures (the "Case Management Order") entered November 1, 2018 [Docket No. 405]. I hereby further certify that pursuant to the Case Management Order and the Local Rules, hard copies of the foregoing were delivered via overnight mail to (i) the Honorable Robert D. Drain and (ii) the United States Trustee's Office.

*/s/ Sarah Carnes*
Sarah Carnes

**Exhibit A**

| *Shopping Center* | *Location* |
|---|---|
| Boynton Beach Mall | Boynton Beach, Florida |
| Boynton Beach Mall (Auto Center) | Boynton Beach, Florida |
| Charlottesville Lease Tract | Charlottesville, Virginia |
| Chautauqua Mall | Lakewood, New York |
| Grand Central Mall | Vienna, West Virginia |
| Indian Mound Mall | Heath, Ohio |
| Lima Mall | Lima, Ohio |
| Longview Mall | Longview, Texas |
| Mall at Fairfield Commons | Beavercreek, Ohio |
| Mall at Johnson City | Johnson City, Tennessee |
| Mesa Mall | Grand Junction, Colorado |
| Mesa Mall (Service Center) | Grand Junction, Colorado |
| Morgantown Mall | Morgantown, West Virginia |
| Muncie Mall | Muncie, Indiana |
| Pearlridge Center | Aiea, Hawaii |
| Polaris Fashion Place | Columbus, Ohio |
| Port Charlotte Town Center | Port Charlotte, Florida |
| Southern Hills Mall | Missoula, Montana |
| Town Center at Aurora | Aurora, Colorado |
| Weberstown Mall | Stockton, California |
| Westshore Plaza | Tampa, Florida |
| Whitehall Mall | Whitehall, Pennsylvania |