IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered)<br><br>Re: Docket No. 429<br><br>**Objection Deadline: November 9, 2018 at 4:00 p.m. (ET)**<br>**(extended by agreement with Debtors' counsel)**<br>Hearing Date: November 15, 2018 at 10:00 a.m. (ET) |

## OBJECTION OF BENDERSON DEVELOPMENT COMPANY LLC, BROOKFIELD PROPERTIES RETAIL GROUP, GREGORY GREENFIELD & ASSOCIATES, LTD., LBA REALTY LLC, NASSIMI REALTY LLC, RADIANT PARTNERS LLC, REALTY INCOME CORP., REGENCY CENTERS CORP., SHOPCORE PROPERTIES, L.P., SITE CENTERS CORP., SUN VALLEY, LTD., TLM REALTY CORP., AND WEINGARTEN REALTY INVESTORS TO DEBTORS' MOTION FOR APPROVAL OF GLOBAL BIDDING PROCEDURES

Benderson Development Company, LLC, Brookfield Properties Retail Group, Gregory Greenfield & Associates, Ltd., LBA Realty LLC, Nassimi Realty LLC, Radiant Partners LLC, Realty Income Corp., Regency Centers Corp., Shopcore Properties, L.P., SITE Centers Corp., Sun Valley, Ltd., TLM Realty Corp., and Weingarten Realty Investors (collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

"Landlords"), by and through their counsel, Kelley Drye & Warren LLP, hereby object (the "Objection") to the *Debtors' Motion for Approval of Global Bidding Procedures* (Docket No. 429) (the "Motion"). In support of the Objection, the Landlords respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Landlords do not object to the prompt consummation of sale transactions that will allow the Debtors to maximize the value of their assets. However, such transactions should not be conducted at the expense of the Landlords' rights to due process and fundamental fairness.

2. The Landlords are entitled to proper treatment under the Bankruptcy Code regarding adequate assurance of future performance under their own Leases and payment in full of amounts necessary to cure pre-petition arrears.

3. The procedures governing sales of the Debtors' assets should be narrowly tailored and specifically defined in scope and application. As currently proposed, it is unclear to what extent the Bid Procedures (as defined below) apply solely to the sale of a going concern store portfolio, or also to the assignment of leases on an individual basis.

4. The Landlords are also entitled to sufficient time to evaluate proposed assignees for their Leases and, if necessary, conduct discovery, draft an objection and prepare for a contested sale/assignment hearing.

5. Further, certain key dates and deadlines in the Bid Procedures are either lacking completely or require amendment in the consideration of fairness and due process to the Landlords.

6. The Landlords have been in discussion with the Debtors, through counsel, and hope to consensually resolve some, if not all, of their concerns with the Debtors prior to the

hearing on the Motion.  However, the Landlords are filing this Objection out of an abundance of caution to preserve their rights in the event that a consensual resolution is not reached.

**BACKGROUND**

7.  The Landlords are the owners, affiliates or managing agents of the owners of numerous shopping centers and distribution centers located throughout the United States where the Debtors either (i) lease retail space or distribution centers pursuant to written leases (each, a "Lease," and collectively, the "Leases") for the stores or distribution centers at the locations listed on the attached Exhibit A (collectively, the "Leased Premises"), or (ii) own property adjacent to the Debtors' or third parties' fee-owned parties and are counterparties to reciprocal easement or similar agreements.  With the exception of the distribution centers leased from the Landlords affiliated with LBA Realty LLC, most or all of the Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code.  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

8.  On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

9.  On November 1, 2018, the Debtors filed the Motion, which seeks to establish, *inter alia*, procedures for a going concern sale of the Debtors' store portfolio (the "Bid Procedures") including procedures for the assumption and assignment of unexpired leases (the "Assumption Procedures") and procedures for the cure of defaults under the Leases (the "Cure Procedures").

**ARGUMENT**

A. **The Landlords Must Receive Adequate Assurance of Future Performance**

10. Landlords, and, in particular, shopping center landlords, are afforded special statutory protections under the Bankruptcy Code in the form of obtaining adequate assurance of future performance from any proposed assignee of a real property lease. *See Joshua Slocum,* 922 F.2d at 1086–1087; *see also In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002).

11. In connection with a shopping center lease, adequate assurance of future performance includes adequate assurance –

(A) of the source of the rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B) that any percentage rent due under such lease will not decline substantially;

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3). The Debtors bear the burden of demonstrating adequate assurance of future performance. *See In re Rachel Indus., Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *see also In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

12. In order to determine whether the requirement of adequate assurance of future performance will be satisfied, the Landlords and their counsel must be provided, at a

4

minimum, with adequate assurance information ("Adequate Assurance Information") containing the following:

 (i) The exact name of the successful bidder and the exact name of the entity which is going to be designated as the proposed assignee of each Lease;

 (ii) The proposed assignee's and/or any guarantor's audited financial statements (or un-audited, if audited financials are not available) and any supplemental schedules for the calendar or fiscal years ending 2016, 2017, and 2018;

 (iii) The number of stores the proposed assignee operates and all trade names that the proposed assignee uses;

 (iv) A statement setting forth the proposed assignee's intended use of the Leased Premises;

 (v) The proposed assignee's retail experience and experience operating in-line and/or anchor stores in a shopping center;

 (vi) The proposed assignee's 2019 and 2020 business plans, including sales and cash flow projections;

 (vii) Any financial projections, calculations, and/or financial pro-formas prepared in contemplation of purchasing the Leases; and

 (viii) Evidence that the proposed assignee has obtained authorization or approval from its board of directors (or other comparable governing body).

13. As proposed, the Bid Procedures only require bidders to submit limited adequate assurance information (Motion, ¶ 19(h)(1)(b)). The Landlords respectfully request that the Bid Procedures be modified to require that a bid, in order to be considered "qualified," must include all of the Adequate Assurance Information or comparable information.

  **B.** **The Scope and Application of the Bidding Procedures Lack Certainty and Specificity**

14. It is unclear whether the proposed Bid Procedures, including the Assumption Procedures and Cure Procedures, apply solely to the sale of the Debtors' going concern store portfolio, or also to the assignment of leases, regardless of whether they are designated as part of a going concern bid.

5

15. Consequently, the Landlords respectfully request that the scope of the Bid Procedures be amended and refined to provide certainty and clarity for all affected parties, including the Landlords, as to their application to the sale of the Debtors' assets. To the extent that the Debtors seek to auction or otherwise assign leases outside of the going concern sale process, the Landlords also request that the requisite Adequate Assurance Information be provided as to those bidders, and that the Assumption and Cure Procedures, as amended, apply to those transactions as well.

### C. The Landlords Must Have Sufficient Time to Evaluate the Adequate Assurance Information, Conduct Discovery, and Object to the Proposed Assignment of Their Leases

16. It is unclear whether the Bid Procedures provide sufficient time for the Landlords to assess the adequate assurance information of any proposed assignees for the Leases. The Landlords need sufficient time to (i) evaluate the adequate assurance information, (ii) consult with counsel, (iii) take discovery, and (iv) prepare an objection if necessary in advance of the sale hearing. The Bid Procedures should therefore require that (i) the Debtors provide the Adequate Assurance Information to the Landlords when the Debtors receive the Adequate Assurance Information from bidders and, in any event, no later than twenty-four (24) hours after than Bid Deadline and (ii) the Landlords have at least ten (10) days to assess that information before the Sale Hearing.

17. To assess and, if necessary, contest the assumption and assignment of their Leases to the successful bidder, the Landlords will need to complete the following tasks:

- assess the successful bidder and its adequate assurance information to determine whether the successful bidder has the ability to perform financially under the Leases for their duration;

- determine whether the successful bidder's use of the Leased Premises will violate the radius, exclusivity, and/or use restrictions in the Leases or in any other leases in the applicable shopping center;

6

- conduct discovery, if necessary;

- draft, file, and serve an objection; and

- prepare for a contested Sale Hearing.

18. While the Landlords recognize the Debtors' asserted need for a timely sale process, the Debtors cannot be allowed to ignore the Landlords' fundamental right to due process. The proposed Bid Procedures should identify the specific Adequate Assurance Information that bidders must provide to the Debtors and the Landlords, and give the Landlords a reasonable and meaningful opportunity to assess the Adequate Assurance Information, conduct discovery (if necessary), and file and serve a written objection to the proposed assignment of the Leases. *See Martin v. Brown*, 63 F.3d 1252, 1262 (3d Cir. 1995) (noting that the fundamentals of due process are notice and an opportunity to respond).

19. Further, the Debtors' proposed cure objection deadline should be extended to provide the Landlords with fourteen (14) days to review the Debtors' proposed cure costs and, if necessary file an objection (Motion, ¶ 28(c)(1)). Landlords have had fourteen (14) days to object on this basis in many similar cases as well. *See, e.g.*, *In re Sports Authority Holdings, Inc., et al.*, Case No. 16-10527 (MFW), Docket No. 1186.

20. Finally, the Landlords respectfully request that the proposed sale timeline be amended to require the Debtors to furnish auction results (and proposed cure costs and adequate assurance information, to the extent not already provided) to all affected parties, including the Landlords and their counsel, if known, within twenty-four (24) hours of conclusion of the Auction.

**D.      The Landlords' Right to Bid on Their Own Leases Should Not Require a Cash Component or Deposit, and Credit Bidding Should Not be Limited to "Rental Arrears"**

21.     The Bid Procedures allow for Landlords to bid, subject to the Debtors' discretion, on one or more of such Landlord's own leases (each, a "Landlord Bid"). However, the Debtors further propose that a Landlord Bid must include "a (i) cash component, and (ii) a non-cash component that represents a 'credit' for *rental arrears* under such Lease … to reduce the cash consideration for the applicable Lease, but not the Good Faith Deposit … required." (Motion, ¶ 19(e)(2) (emphasis added)).

22.     The Bid Procedures also require that all qualified bids, including Landlord Bids, be made with a cash deposit "equal to at least ten percent (10%) of the proposed purchase price." (Motion, ¶ 19(e)(4)).

23.     The Landlords' right to bid on their leases should not be subject to the discretion of the Debtor. Each Landlord must be able to fully participate in the lease auction process, granting them automatic qualification to credit bid on any one or more of their own Leases.

24.     The Landlords' credit bids also should not be limited to "rental arrears." The Landlords should be entitled to credit bid any portion of the outstanding amounts owed under the Lease including undisputed cure amounts, post-petition arrears, and accruing administrative expenses.

25.     Finally, any Landlord credit bidding on its own lease should not be required to submit a cash deposit or otherwise comply with the requirements set forth in the Bid Procedures.

8

### E. The Designation Rights Period Should End No Later Than The Debtors' Deadline to Assume or Reject Unexpired Leases

26. The Landlords do not object conceptually to designation rights affording a going concern bidder the opportunity to defer their assumption and assignment decisions on leases. However, the proposed Bid Procedures lack an outside cutoff date on the designation rights period.

27. As a part of modified Bid Procedures that would be fair and equitable to the Landlords, it must be clarified that any designation rights period must not go beyond the Debtors' deadline to assume or reject leases under section 365(d)(4) of the Bankruptcy Code. *See In re Ames Department Stores, Inc.*, 287 B.R. 112, 115 (Bankr. S.D.N.Y. 2002) ("[A] sale of designation rights with respect to leases cannot and does not result in an exemption from the requirements of section 365 (including … section 365(d)(4)))."

28. Until the Landlords are able to review any proposed designation rights procedures, if and when they are proposed, the Landlords reserve the right to object on that ground.

### RESERVATION OF RIGHTS

29. The Landlords reserve the right to amend and/or supplement this Objection and to raise any additional objections to the Motion at the hearing to consider this Motion.

30. The Landlords also reserve the right to object to the assumption and assignment of the Leases on any basis, including, without limitation, that the Debtors or any proposed assignee have failed to provide adequate assurance of future performance.

### JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS

31. To the extent not inconsistent with this Objection, the Landlords join in the objections to the Motion asserted by other landlords and contract counterparties.

## **CONCLUSION**

**WHEREFORE**, the Landlords request that the Court enter an order (i) modifying the Bid Procedures as requested herein; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: November 9, 2018
New York, New York

                                             KELLEY DRYE & WARREN LLP

                                             */s/     Robert L. LeHane*
                                             Robert L. LeHane, Esq.
                                             Scott L. Fleischer, Esq.
                                             101 Park Avenue
                                             New York, New York 10178
                                             Tel: (212) 808-7800
                                             Fax: (212) 808-7897

                                             *Attorneys for the Landlords*

# EXHIBIT A

## BENDERSON DEVELOPMENT COMPANY, LLC

| Shopping Center | Location |
|---|---|
| K-Mart | 10500 Wichlow Way<br>Jackson, CA |
| K-Mart Plaza | 215 W. Hanford Armona Road<br>Lemoore, CA |
| K-Mart | 910 North China Lake Road<br>Ridgecrest, CA |
| K-Mart | 93 West Campbell Road<br>Schenectady, NY |
| K-Mart Plaza | 1105 N. Court Street<br>Medina, OH |
| Cherrywood Plaza | 1460-1490 Blackwood<br>Clementon, NJ |
| Delaware Hertel Plaza | 1001 Hertel Avenue<br>Buffalo, NY |
| K-Mart Plaza | 175 S. Maag Avenue<br>Oakdale, CA |
| Sears | Transit & Wehrle Regal Center<br>Lancaster, NY |
| K-Mart | 3701 N. 23rd Street<br>McAllen, TX |
| K-Mart Plaza | 8943 University Avenue, NE<br>Blaine, MN |
| K-Mart Plaza | Winona, MN |
| K-Mart - SubTenant | 1105 N. Court Street<br>Medina, OH |
| K-Mart Plaza | Topeka, KS |
| K-Mart Plaza | Englewood, OH |
| K-Mart Plaza | 3110 Belvidere Road<br>Waukegan, IL |
| Parkway Plaza | 4945-5065 Golden Gate Pkwy<br>Naples, FL |
| K-Mart | 26996 US Highway 19N<br>Clearwater, FL |
| K-Mart | 2055 Walden Avenue<br>Cheektowaga, NY |
| K-Mart | Sarasota, FL |
| South Meadow Marketplace | 744 South Meadow Street<br>Ithaca, NY |
| K-Mart | Brook Ridge<br>Brooklyn, OH |

**BROOKFIELD PROPERTIES RETAIL GROUP**

| Shopping Center | Location |
| --- | --- |
| North Point Mall (Sears-Debtor) | Alpharetta, GA |
| Oakwood Hills Mall (Sears-Debtor) | Eau Claire, WI |
| Silver Lake Mall (Sears-Debtor | Eau Claire, WI |
| Kapiolani Retail | Chicago, IL |
| Baybrook Mall | Friendswood, TX |
| Alderwood Mall | Lynnwood, WA |
| Columbia Mall MO | Columbia, MO |
| Crossroads Center (MN) | St. Cloud, MN |
| Brass Mill Center | Waterbury, CT |
| Coastland Center GSPH 2017 | Naples, FL |
| Cumberland Mall GSPH 2017 | Atlanta, GA |
| Altamonte Mall GSPH 2017 | Altamonte Springs, FL |
| Oakwood Mall WI | Eau Claire, WI |
| Boise Town Mall (Sears Operation-Debtor) | Boise, ID |
| Carolina Place (Sears-Debtor) | Pineville, NC |
| Coronado Center (Sears-Debtor) | Albuquerque, NM |
| Greenwood Mall (Sears-Debtor) | Bowling Green, KY |
| Lakeland Mall (Sears Operation-Debtor) | Lakeland, FL |
| Mall in Columbia (Sears-Debtor) | Columbia, MN |
| Natick Mall (Sears-Debtor) | Natick, MA |
| Neshaminy Mall (Sears-Debtor) | Bensalem, PA |
| Ridgedale Center (Sears-Debtor) | Minnetonka, MN |
| Sierra Vista Mall (Sears Operation-Debtor) | Sierra Vista, GA |
| Sooner Mall (Sears-Debtor) | Norman, OK |
| Stonebriar Center (Sears-Debtor) | Frisco, TX |
| Valley Plaza (Sears-Debtor) | Bakersfield, CA |
| Eastridge Mall (Sears-Debtor) | Casper, WY |
| Oxmoor Center | Louisville, KY |
| Oakbrook Anchor Acquisition II | Oak Brook, IL |
| Paramus Park | Paramus, NJ |
| Park Place | Tucson, AZ |
| Pecanland Mall | Monroe, LA |
| North Point Mall | Alpharetta, GA |
| Oak View Mall | Omaha, NE |
| Woodbridge Center | Woodbridge , NJ |
| Animas Valley Mall (Sears) | Farmington, NM |
| Augusta Mall | Augusta, GA |

| | |
|---|---|
| Bayshore Mall (Sears) | Eureka, CA |
| Boise Towne Square | Boise, ID |
| Carolina Place | Pineville, NC |
| Chesterfield Towne Center (Sears) | Richmond, VA |
| Chula Vista Center (Sears) | Chula Vista (San Diego), CA |
| Clackamas Town Center | Portland, OR |
| Coronado Center Sears Anchor | Albuquerque, NM |
| Deerbrook Mall | Humble, TX |
| Florence Mall | Florence, KY |
| Fox River Mall | Appleton, WI |
| Fox River Mall | Appleton, WI |
| Glenbrook Square | Ft. Wayne, IN |
| Governors Square | Tallahassee, Florida |
| Grand Teton Mall | Idaho Falls, ID |
| Greenwood Mall | Bowling Green, KY |
| Hulen Mall | Fort Worth, TX |
| Mall of Louisiana | Columbia, MD |
| Mall St. Vincent (Sears) | Shreveport-Bossier City, LA |
| Meadows Mall | Las Vegas, NV |
| Natick Mall Sears Anchor | Natick, MA |
| Neshaminy Anchor Acquisition | Bensalem, PA |
| Newpark Mall (Sears) | Newark (San Francisco), CA |
| Northridge Fashion Center GSPH | Northridge, CA |
| NorthTown Mall | Spokane, WA |
| Oglethorpe Mall | Savannah, GA |
| Park City Center | Lancaster, PA |
| Pembroke Lakes Sears Anchor | Pembroke Pines, FL |
| Pierre Bossier Mall (Sears) | Bossier City (Shreveport), LA |
| Prince Kuhio Plaza | Hilo, HI |
| Ridgedale Center Sears Anchor | Minnetonka, MN |
| Riverchase Galleria | Hoover, AL |
| Rivertown Crossings | Chicago, IL |
| Shoppes at Carlsbad (Sears) | Carlsbad, CA |
| Silver Lake Mall (Sears Auto Center) | Coeur D' Alene, ID |
| Sooner Mall Sears Anchor | Norman, OK |
| Southland Mall (Sears) | Hayward, CA |
| Southwest Plaza | Littleton, CO |
| Spokane Valley Mall | Spokane, WA |
| Spring Hill Mall (Sears) | West Dundee (Chicago), IL |

| | |
|---|---|
| Staten Island Mall Sears Anc | Staten Island, NY |
| Stonebriar Centre Sears Anchor | Frisco, TX |
| The Centre at Salisbury (Sears) | Salisbury, MD |
| The Crossroads MI | Portage, MI |
| The Maine Mall | South Portland, ME |
| The Mall at Barnes Crossing (Sears) | Tupelo, MS |
| The Mall in Columbia Sears Anc | Columbia, MD |
| The Oaks Mall | Gainesville, FL |
| The Parks Mall at Arlington | Arlington, TX |
| The Shoppes at Buckland Hills | Manchester, CT |
| The Streets at Southpoint | Durham, NC |
| Town East Mall | Mesquite, TX |
| Tucson Mall | Tuscon, AZ |
| Valley Hills Mall (Sears) | Hickory, NC |
| Valley Plaza Mall Sears Anchor | Bakersfield, CA |
| West Valley Mall (Sears) | Tracy (San Francisco), CA |
| White Marsh Mall | Baltimore, MD |
| Willowbrook Mall TX | Houston, TX |
| Willowbrook NJ GSPH 2017 | Wayne, NJ |

**GREGORY GREENFIELD & ASSOCIATES, LTD.**

| Shopping Center | Location |
|---|---|
| Central Mall (Sears) | Fort Smith |
| Westgate Mall | Amarillo, TX |
| Southpark Mall | San Antonio, TX |

**LBA REALTY LLC**

| Distribution Center | Location |
|---|---|
| Sears Outlet | 500 West Warner Avenue Santa Ana, CA |
| Sears Outlet | 960 Sherman Street San Diego, CA |
| Sears | 1600 Roe Street Dallas, TX |
| Sears | 2065 George Street Melrose Park, IL |
| Sears | 3825 Forsyth Road Winter Park, FL |
| Sears | 1 Imeson Park Blvd. Jacksonville, FL |
| Sears | 1055 Hanover Street Wilkes Barre, PA |

**NASSIMI REALTY LLC**

| Shopping Center | Location |
|---|---|
| Market Street Square | Elizabethtown, PA |

### RADIANT PARTNERS, LLC

| Shopping Center | Location |
|---|---|
| Alexandria Mall | Alexandria, LA |
| Mall of Abilene | Abilene, TX |
| Santa Rosa Mall | Mary Esther, FL |

### REALTY INCOME CORP.

| Shopping Center | Location |
|---|---|
| K-Mart | 2505 El Camino Real Tustin, CA |

### REGENCY CENTERS CORP.

| Shopping Center | Location |
|---|---|
| Newbury Square (K-Mart-Debtor) | 900 NW 76 Blvd Gainesville, FL |
| Hancock Center (K-Mart-Debtor) | 1000 E 42st Street Austin, TX |

### SHOPCORE PROPERTIES, L.P.

| Shopping Center | Location |
|---|---|
| The Promenade (Living Spaces) | Scottsdale, AZ |
| Great Southwest Crossing (Appliance Showroom) | Grand Prairie, TX |

### SITE CENTERS CORP.

| Shopping Center | Location |
|---|---|
| Plaza Rio Hondo (K-Mart) | Bayamon, PR (Rio Hondo) |
| Plaza Del Atlantico (K-Mart) | Arecibo, PR (Atlantico) |
| Plaza Del Norte | Hatillo, PR (Plaza Del Norte) |

### SUN VALLEY, LTD.

| Shopping Center | Location |
|---|---|
| Twelve Mile Crossing at Fountain Walk (Sears Outlet) | Novi, MI |
| Griffith Park Plaza | Griffith, IN |

### TLM REALTY, CORP.

| Shopping Center | Location |
|---|---|
| K-Mart | Cleveland, OH |
| Sears | Bay City, MI |
| K-Mart | Spanish Fork, UT |
| Willow Grove Mall | Willow Grove, PA |

### WEINGARTEN REALTY INVESTORS

| Shopping Center | Location |
|---|---|
| Prospector's Plaza  (Kmart) | 3968-A Missouri Flat Rd. Placerville, CA 95667 |
| Six Forks Station (Kmart) | 8711-102 Six Forks Road Raleigh, NC 27615 |

# CERTIFICATE OF SERVICE

I, Scott L. Fleischer, do hereby certify that I am not less than 18 years of age and that on the 9th day of November 2018, I caused a copy of the foregoing *OBJECTION OF BENDERSON DEVELOPMENT COMPANY LLC, BROOKFIELD PROPERTIES RETAIL GROUP, GREGORY GREENFIELD & ASSOCIATES, LTD., LBA REALTY LLC, NASSIMI REALTY LLC, RADIANT PARTNERS LLC, REALTY INCOME CORP., REGENCY CENTERS CORP., SHOPCORE PROPERTIES, L.P., SITE CENTERS CORP., SUN VALLEY, LTD., TLM REALTY CORP., AND WEINGARTEN REALTY INVESTORS TO MOTION OF DEBTORS FOR APPROVAL OF GLOBAL BIDDING PROCEDURES* to be filed electronically through the Court's CM-ECF system, and served upon the parties listed below in the manner indicated.

*/s/ Scott L. Fleischer*
Scott L. Fleischer

**Via Email**

| | |
|---|---|
| Proposed Counsel to Official Committee of Unsecured Creditors<br>Ira S. Dizengoff, Esq.<br>Philip C. Dublin, Esq.<br>Abid Qureshi, Esq.<br>Sara L. Brauner, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>idizengoff@akingump.com<br>pdublin@akingump.com<br>aqureshi@akingump.com<br>sbrauner@akingump.com | Counsel to Debtors<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus, Esq.<br>Garrett A. Fail, Esq.<br>Sunny Singh, Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>ray.schrock@weil.com<br>jacqueline.marcus@weil.com<br>garrett.fail@weil.com<br>sunny.singh@weil.com |
| United States Trustee, Southern District of New York<br>Paul Schwartzberg<br>Richard Morrissey<br>201 Varick St.<br>Ste. 1006<br>New York, NY 10014<br>richard.morrissey@usdoj.gov<br>paul.schwartzberg@usdoj.gov | Counsel to Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent<br>Paul Leake, Esq.<br>Shana Elberg, Esq.<br>George R. Howard, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>155 N. Wacker Drive<br>Chicago, IL 60606<br>Paul.Leake@skadden.com<br>Shana.Elberg@skadden.com<br>George.Howard@skadden.com |

**Via First Class Mail**

| United States Bankruptcy Court for the Southern District of New York Sears Chambers Copy US Bankruptcy Court SDNY 300 Quarropas Street, Room 248 White Plains, NY 10601 Chambers of the Honorable Robert D. Drain | Sears Holdings Corporation Headquarters 3333 Beverly Road Hoffman Estates, IL 60179 |
|---|---|