Hearing Date: November 15, 2018
Time: 10:00 a.m.

Donna H. Lieberman, Esq.
HALPERIN BATTAGLIA BENZIJA, LLP
40 Wall Street, 37th floor
New York, New York 10005
Telephone: (212) 765-9100
ahalperin@halperinlaw.net
dlieberman@halperinlaw.net

and

Andrew Conway, Esq.
Vice President, Senior Counsel
TAUBMAN
200 East Long Lake Road, Suite 300
Bloomfield Hills, Michigan 48304-2324
Telephone: (248) 258-7427
Aconway@taubman.com

*Co-counsel to the Taubman Landlords*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
|
In re:                                                          |    Chapter 11
                                                                |    Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.*,                           |
                                                                |    (Jointly Administered)
                                      Debtors.                  |
                                                                |
----------------------------------------------------------------x

**LIMITED OBJECTION OF THE TAUBMAN LANDLORDS TO: (A) THE MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET SALES AND DE MINIMIS ASSET ABANDONMENTS [D.N. 427] AND (B) THE MOTION OF THE DEBTORS FOR APPROVAL OF GLOBAL BIDDING PROCEDURES [D.N. 429]**

Fairfax Company of Virginia L.L.C, TVO Mall Owner LLC and Sunvalley Shopping Center LLC (together, the "Taubman Landlords"), by and through their undersigned counsel, hereby file this limited objection (the "Objection") to (a) the *Motion of the Debtors for Entry of an Order Authorizing and Establishing Procedures for De Minimis Asset Sales and De Minimis Asset Abandonments* [D.N. 427] (the "De Minimis Sales Motion") and (b) the Motion of the

Debtors for Approval of Global Bidding Procedures [D.N. 429] (the "Bidding Procedures Motion" and together with the De Minimis Sales Motion, the "Motions"). In support of this Objection, the Taubman Landlords respectfully state as follows:

## BACKGROUND

1. On October 15, 2018, the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Taubman Landlords are parties to leases and other real estate arrangements with the Debtors (together, the "Leases"). The Leases are for premises at the following locations (together, the "Premises"):

| Landlord | Location of the Premises |
|---|---|
| Fairfax Company of Virginia L.L.C. | Fair Oaks Mall (Fairfax, Virginia) |
| TVO Mall Owner LLC | Twelve Oaks Mall (Novi, Michigan) |
| Sunvalley Shopping Center LLC | Sunvalley Shopping Center (Concord, California). |

The Premises are subject to express easements – rights granted by the real estate owners (the Taubman Landlords) to use the owners' land, and/or reciprocal easement agreements, covenants, licenses, redevelopment agreements, supplemental agreements or other rights or interests applicable to such real estate interests.

## LIMITED OBJECTION

3. By the Motions, the Debtors seek procedures that will allow them to market and sell assets, including real property and real property leases, free and clear of liens, claims and encumbrances. The Taubman Landlords submit this Objection to address a single, discrete issue in connection with such proposed procedures and the attendant proposed Orders.

2

4. Easements and similar interests and rights that "run with the land" are generally non-executory, and are not subject to rejection. Likewise, sales of real estate assets, including leases, cannot and should not be free and clear of existing easements, reciprocal easements and similar interests and rights. The Taubman Landlords respectfully submit that the Leases and the Premises cannot be sold free and clear of the easements or similar interests and rights related to that real estate. *See generally Koepp v. Holland*, 688 F. Supp. 2d 65, 92 (N.D.N.Y. 2010)(*discussion of types of easements and rights of parties thereto*), *aff'd on other grounds*, 2014 WL 6600418 (2d Cir. Nov 21, 2014); *Silverman v. Ankari (In re Oyster Bay Cove, Ltd.*), 196 B.R. 251, 255-56 (E.D.N.Y. 1996)(*citing approvingly to the Bankruptcy Court's determination that a sale "free and clear of liens and other interests has no impact on easements that run with the land*).

5. The Taubman Landlords therefore request that any bidding procedures and information to be provided to potential purchasers (whatever the dollar of the proposed sale) provide such purchasers with unequivocal notice of the easement issue, and clearly state that real estate and real estate leases will be sold subject to, and **not** free and clear of, existing easements, reciprocal easement agreements, and the like.

6. In addition, and consistent therewith, the Taubman Landlords request that the following language be added to the Orders relating to each of the Motions:

> Notwithstanding anything to the contrary in this Order (or any other Order approving (i) the sale of real estate assets or (ii) the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases), the sale of any real estate rights or assets, including but not limited to real estate leases, shall be subject to and shall not be free and clear of (and shall not extinguish or otherwise diminish) any easements, reciprocal easement agreements, operating or redevelopment agreements, supplemental agreements, covenants, licenses, permits, or other rights or interests applicable to such real estate rights or assets, unless otherwise agreed in writing by the applicable non-Debtor counterparties.[1]

---

[1] While no revised proposed orders have yet been filed with the Court, the Taubman Landlords have been advised that language is being added to the proposed Orders to address the easement

(continued . . .)

3

## RESERVATION OF RIGHTS

7. The Taubman Landlords expressly reserve any and all rights to supplement or amend this Objection and make any other objections to further relief sought by the Debtors, including in relation to any proposed rejection, assumption, assumption and assignment, or sale of any of the Leases or the Premises.

## JOINDER

8. The Taubman Landlords join in the objections to the Debtors' requested relief filed by other landlords and parties-in-interest to the extent they are not inconsistent with this Objection.

## CONCLUSION

WHEREFORE, the Taubman Landlords respectfully request that this Court enter an Order: (a) sustaining this Objection; (b) modifying the relief requested by the Debtors to address the issues raised by the Taubman Landlords; and (c) granting the Taubman Landlords such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: November 9, 2018         HALPERIN BATTAGLIA BENZIJA, LLP

                                */s/ Donna H. Lieberman*
                                Donna H. Lieberman, Esq.
                                40 Wall Street, 37th Floor
                                New York, NY  10005
                                Telephone: (212) 765-9100
                                dlieberman@halperinlaw.net

---

(. . . continued)
issue. However, the Taubman Landlords are concerned (particularly in connection with the draft language they have been provided in connection with the Bidding Procedures Motion), that the new language will not clearly notify prospective buyers that the sales will be subject to easements, but instead, suggests that this issue is unsettled.

AND

TAUBMAN

*/s/ Andrew Conway*
Andrew Conway, Esq.
Vice President, Senior Counsel
200 East Long Lake Road, Suite 300
Bloomfield Hills, Michigan 48304-2324
Telephone: (248) 258-7427
Aconway@taubman.com

*Co-counsel to the Taubman Landlords*