Hearing Date and Time: November 15, 2018 at 10:00 a.m. (Eastern Time)
Objection Deadline: November 9, 2018

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION., *et al.*,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* TO DEBTORS' APPLICATION TO RETAIN AND EMPLOY EVERCORE GROUP L.L.C. AS INVESTMENT BANKER**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Sears Holdings"), and its affiliated debtors and debtors in possession (collectively, the "Debtors" and together with their non-Debtor affiliates, the "Company" or "Sears"), by and through its proposed undersigned counsel, submits this objection (the "Objection") to the *Debtors' Application for an Order Authorizing the Retention and Employment of Evercore Group L.L.C.* ("Evercore") *as Investment Banker For the Debtors Nunc Pro Tunc to the Petition Date* [ECF No. 424] (the "Evercore Application").[2]  In support of this Objection, the Creditors' Committee respectfully states as follows.

## BACKGROUND

1.      On November 1, 2018, the Debtors filed the Evercore Application seeking authorization to retain and employ Evercore, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), to render services at the direction of the restructuring sub-committee (the "RSC") of the restructuring committee (the "Restructuring Committee") of the board of directors of Sears Holdings in connection with certain matters controlled by the RSC (the "RSC Conflict Matters").  None of the Evercore Application, Proposed Order or Evercore Engagement Letter[3] provides additional specificity regarding the scope of the RSC Conflict Matters.  Indeed, the Evercore Engagement Letter merely defines such matters as "all matters that are delegated by the Board to the Restructuring Sub-Committee." Evercore Engagement Letter, at 1.

2.      Pursuant to the terms of the Evercore Engagement Letter, Evercore will, among other things, assist counsel to the RSC ("RSC Counsel") in (i) determining whether a matter

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Evercore Application.
[3] The Evercore Engagement Letter is attached as Exhibit 1 to the Proposed Order, which is attached as Exhibit A to the Evercore Application.

2

constitutes an RSC Conflict Matter, (ii) investigating and analyzing the RSC Conflict Matters, (iii) implementing RSC directions related to RSC Conflict Matters and (iv) reviewing and analyzing the current and/or prior business, operations and financial projections with respect to the RSC Conflict Matters.  Evercore Engagement Letter ¶ 1; *see also* Evercore Application ¶ 12; *see also Declaration of Daniel Aronson in Support of Application of Debtors for Authority to Employ and Retain Evercore Group L.L.C. as Investment Banker for the Debtors Nunc Pro Tunc to the Commencement Date* (the "Aronson Declaration") ¶ 9.

3. The Debtors propose to pay Evercore a monthly fee of $200,000 (the "Monthly Fees") and an additional fee (the "Additional Fee") if the aggregate of all Monthly Fees paid to Evercore since the execution of the Engagement Letter are less than $3 million.  The Additional Fee will be calculated as $3 million less the aggregate amount of all Monthly Fees paid to Evercore, such that Evercore will be paid no less than $3 million in connection with its engagement.  Evercore Engagement Letter ¶ 2; Evercore Application ¶ 15.[4]

## OBJECTION

4. The Creditors' Committee respectfully requests that the Court deny the Evercore Application absent additional evidence establishing the necessity of retaining Evercore in addition to A&M and modification to the terms of Evercore's retention to ensure that there is no

---

[4] On the same date as the filing of the Evercore Application, the Debtors filed the *Debtors' Application for an Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Financial Advisor for the Debtors Nunc Pro Tunc to the Petition Date* [ECF No. 423] (the "A&M Application"), which seeks authorization to retain and employ Alvarez & Marsal North America, LLC ("A&M") also in connection with the RSC Conflict Matters.  Pursuant to the terms of its engagement, A&M will evaluate "financial and valuation issues" raised in connection with the investigation of the RSC Conflict Matters. A&M Application ¶ 7.  In addition, A&M will (i) prepare for interviews, examinations and review of documents and other materials in connection with the investigation of the RSC Conflict Matters, (ii) prepare reports and other documents that may be necessary in connection with such investigation and (iii) carry out "any additional tasks or duties that the Restructuring Sub-Committee may direct or that [RSC] Counsel may determine are necessary and appropriate."  A&M Application ¶ 7. The Debtors assert in both the Evercore Application and the A&M Application that each respective advisor will "use reasonable efforts" to coordinate with the Debtors and other retained professionals in order to avoid unnecessary duplication of services, but decline to provide any information regarding the delineation of the services to be provided by each advisor.  *Id.* ¶ 8; Evercore Application ¶ 14.

3

duplication of services. Bankruptcy Code section 327(a) permits a debtor, with the court's approval, to employ professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons to assist in carrying out its duties. 11 U.S.C. § 327(a). In turn, Bankruptcy Code section 328(a) permits the court to pre-approve any reasonable terms and conditions of employment for such professionals. 11 U.S.C. § 328(a); *see also In re ASARCO L.L.C.*, 702 F.3d 250, 258 (5th Cir. 2012) (citing *In re Smart World Techs., LLC*, 552 F.3d 228, 232 (2d Cir. 2009)). The burden is on the moving party to prove by evidence, not conclusory statements, that the proposed terms and conditions of a proposed retention are reasonable under Bankruptcy Code section 328(a). *In re High Voltage Eng'g Corp.*, 311 B.R. 320, 326 (Bankr. D. Mass. 2004).

5.      If the bankruptcy court finds that the proposed terms of a professional retention are unreasonable, the court may modify such the terms of retention to render them reasonable. *Energy Partners*, 409 B.R. at 226 (quoting *High Voltage*, 311 B.R. at 333); *see also In re Federal-Mogul Glob., Inc.*, 348 F.3d 390, 398 (3d Cir. 2003). Once the bankruptcy court pre-approves the terms and conditions of employment under Bankruptcy Code section 328(a), however (as the Debtors request here), the bankruptcy court's power to award compensation that differs from the compensation allowed under such terms, including to deny compensation for unnecessary duplication of services under Bankruptcy Code section 330(a)(4)(A), is severely proscribed. *See ASARCO*, 702 F.3d at 258 (citing *Smart World*, 552 F.3d at 232); *High Voltage*, 311 B.R. at 332. Given the difficulty of denying compensation for duplicative services after a professional has been retained under Bankruptcy Code section 328(a), such applications require particularly close scrutiny. *See In re Energy Partners, Ltd.*, 409 B.R. 211, 225 (Bankr. S.D. Tex. 2009).

4

A.   **Evercore's Proposed Retention is Unnecessary and Duplicative of A&M's Proposed Retention**

6.   The Debtors have not carried their burden of demonstrating that the terms of Evercore's retention are reasonable under Bankruptcy Code section 328(a). Accordingly, absent additional evidence from the Debtors regarding the necessity of both A&M and Evercore assisting the Restructuring Sub-Committee and substantial modification to the terms of Evercore's engagement to ensure no duplication of efforts, the Court should deny the Evercore Application. Simply put, there is no indication in the Evercore Application that Evercore will provide services to the Debtors beyond what A&M will already provide or is capable of providing.

7.   The Evercore Application states that Evercore will assist RSC Counsel in the investigation and analysis of RSC Conflict Matters. Evercore Application ¶ 12. This is largely coterminous with A&M's evaluation of any financial and valuation issues raised in connection with the RSC Conflict Matters. A&M Application ¶ 7. In addition, the Debtors state that Evercore will perform such services as assisting RSC Counsel with the determination of whether a matter constitutes an RSC Conflict Matter and analyzing financial projections, but fail to provide any explanation of why A&M is not providing—or cannot provide—these services. *See* Evercore Application ¶ 12. The Debtors' only apparent justification for retaining Evercore is that the Restructuring Sub-Committee "requires a qualified and experienced investment banker." *Id.* ¶ 7; Aronson Declaration ¶ 4. However, the Creditors' Committee understands that the Restructuring Sub-Committee's role in these cases will be limited to investigating potential estate claims relating to certain prepetition transactions and the Restructuring Sub-Committee will not be involved in any efforts that generally might require the services of a traditional investment bank, such as the conducting of asset sales or raising of DIP or exit financing. These

5

types of services will be provided to the Debtors by Lazard Freres & Co. LLC. Moreover, the Debtors state that Evercore's expertise in restructuring and valuation may be required by the Restructuring Sub-Committee in connection with its investigation, notwithstanding that A&M possesses the same expertise and notwithstanding the fact that A&M has been retained specifically to evaluate financial and valuation issues. Evercore Application ¶ 17; A&M Application ¶ 7. The Debtors and the RSC have failed to provide—and the Creditors' Committee has been unable to find—any precedent for a sub-committee of a restructuring committee of a board of directors retaining both a financial advisor and an investment banker.

8.  In short, the Debtors have failed to establish that Evercore's retention will not result in duplication of services that will (or can) be provided by A&M. Moreover, permitting the retention by the RSC of multiple, duplicative advisors may lead to other parties in interest (including the Restructuring Committee) determining that they too require advisors to perform duties clearly within the purview of already retained professionals. As the Court's ability to deny compensation for duplicative services would be limited if the Evercore Application were to be approved under section 328, the Court must deny the Evercore Application absent additional evidence in support of the need for both advisors and modification to the Evercore Application to ensure that Evercore will provide only services that A&M cannot.

B.  **The Proposed Fee Structure is Not Reasonable**

9.  Finally, the Debtors have not proven that the Additional Fee, which guarantees that Evercore will be paid a minimum of $3 million during its employment, is reasonable and should be pre-approved pursuant to Bankruptcy Code section 328(a). This is particularly true because the Court will not have the ability to revisit Evercore's compensation in the event that there is a substantial amount of duplication of services performed by Evercore and A&M.

Therefore, the Creditors' Committee respectfully requests that the Court strike the Additional Fee in the event it approves the Evercore Application.

## CONCLUSION

For the foregoing reasons, the Creditors' Committee respectfully requests that the Court (a) deny the Evercore Application absent the modifications identified in this Objection and (b) grant the Creditors' Committee such other and further relief as is just, proper and equitable.

| | |
|---|---|
| New York, New York<br>Dated:   November 9, 2018 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/ *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>idizengoff@akingump.com<br>pdublin@akingump.com<br>aqureshi@akingump.com<br>sbrauner@akingump.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |