**Hearing Date and Time: November 13, 2018 at 1:00 p.m. (Eastern Time)**
**Objection Date and Time: November 13, 2018 at 1:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                            :
                                                 :          Chapter 11
SEARS HOLDINGS CORPORATION, et al.,              :
                                                 :          Case No. 18-23538 (RDD)
                                                 :
                    Debtors.¹                    :          (Jointly Administered)
------------------------------------------------------------x
```

# NOTICE OF HEARING ON MOTION OF DEBTORS FOR ORDER SHORTENING NOTICE WITH RESPECT TO EMERGENCY MOTION OF DEBTORS FOR ORDER APPROVING SALE OF MEDIUM TERM NOTES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion to Shorten**"), of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**), for entry of an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure, shortening the notice period and setting the date and time for a hearing on the *Emergency Motion of Debtors for Order Approving Sale of Medium Term Notes* (the "**Motion**"), all as more fully set forth in the Motion to Shorten, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **November 13, 2018 at 1:00 p.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion may be asserted in writing or orally at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: November 9, 2018
    New York, New York

               /s/ Jacqueline Marcus
               WEIL, GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, New York 10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007
               Ray C. Schrock, P.C.
               Jacqueline Marcus
               Garrett A. Fail
               Sunny Singh

               *Proposed Attorneys for Debtors*
               *and Debtors in Possession*

**Hearing Date and Time: November 13, 2018 at 1:00 p.m. (Eastern Time)**
**Objection Date and Time: November 13, 2018 at 1:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                      :
                                                               :    **Case No. 18-23538 (RDD)**
                                                               :
Debtors.[1]                                                    :    **(Jointly Administered)**
---------------------------------------------------------------x

**MOTION OF DEBTORS FOR ORDER SHORTENING NOTICE WITH**
**RESPECT TO EMERGENCY MOTION OF DEBTORS FOR**
**<u>ORDER APPROVING SALE OF MEDIUM TERM NOTES</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation ("**Sears Holdings**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represent as follows in support of this motion (the "**Motion to Shorten**"):

## Background

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (ECF No. 3) (the "**Riecker Declaration**").

2

**Jurisdiction**

5.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6.  By this Motion to Shorten, the Debtors request entry of an order, pursuant to Bankruptcy Rule 9006(c), shortening the notice period with respect to the *Emergency Motion of Debtors for Order Approving Sale of Medium Term Notes* (the "**Motion**"),[2] filed contemporaneously herewith, and setting the date and time for the hearing on the Motion for **November 13, 2018** at **1:00 p.m. (Eastern Time)** (the "**Hearing**").

7.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should Be Granted**

8.  In the Motion, the Debtors request, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Rule 6004(a) of the Bankruptcy Rules, authority to sell certain SRAC Medium Term Notes Series B (the "**MTNs**") issued by Debtor Sears Roebuck Acceptance Corp. and currently owned by various other Debtors prior to an upcoming auction (the "**Auction**") conducted by the International Swaps and Derivatives Association ("**ISDA**"). The Debtors have a unique opportunity to sell the MTNs and maximize their value for the benefit of all creditors, but only if a sale can be accomplished expeditiously. Hence the Debtors, with the support of the

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion and/or the Riecker Declaration, as applicable.

Creditors' Committee, request that the Court authorize them to proceed with the proposed sale on an expedited basis.

9. Bankruptcy Rule 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

10. Bankruptcy Courts regularly allow debtors to file motions seeking relief, including approval of sale and auction procedures, on shortened notice. *See In re Blockbuster Inc.*, Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Feb. 21, 2011) (Docket No. 949) (granting a motion to shorten notice for a motion seeking approval of bidding procedures, stalking horse expense reimbursement, notice of sale, and other protections including an expense reimbursement and sale-related administrative expense priority claims); *In re Footstar, Inc.,* Case No. 04-22350 (ASH) (Bankr. S.D.N.Y. Mar. 26, 2004) (Docket No. 217) (granting a motion to shorten notice for a motion requesting relief including proposed auction procedures, assumption and assignment procedures, and a break-up fee arrangement); *In re Ames Dep't Stores, Inc.*, Case No. 01-42217 (REG) (Bankr. S.D.N.Y. Oct. 30, 2002) (Docket No. 1306) (granting a motion to shorten notice for a motion requesting relief including a break-up fee and bidding protections); *In re Saint Vincents Catholic Med. Ctr. of New York d/b/a Saint Vincent Catholic Medical Centers*, Case No. 05-14945 (ASH) (Bankr. S.D.N.Y. Dec. 14, 2006) (Docket No. 2514) (granting a motion to shorten notice for a motion requesting relief including bidding procedures, scheduling procedures, and a break-up fee).

11. Here, the Debtors seek to have the notice period for the Motion shortened to two days. Courts in this District have previously granted motions seeking approval of bidding

4

or sale procedures and other relief requested in the Motion to be heard on shortened notice. *See In re Westinghouse Elec. Co.*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Dec. 5, 2017) (7 days); *In re Aéropostale, Inc.*, Case No. 16-11275 (SHL) (Bankr. S.D.N.Y. Aug. 5, 2016) (4 days); *In re Great Atlantic & Pacific Tea Co.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 20, 2015) (4 days); *Saint Vincents*, (6 days); *Ames Dep't Stores, Inc.*, (7 days). While a two day notice period is somewhat extraordinary, the Debtors submit that the ample benefits to be realized by the Debtors justify the extraordinary relief.

12. As set forth in the Motion, the dynamics of ISDA's auction process have driven up the price of qualifying obligations, like the MTNs. At this point in time, the MTNs have a value that is greater than a value derived simply from the collectability of the MTNs and their relative priority in the Debtors' capital structure. Although the Debtors are not eligible to sell the MTNs directly into the Auction, they can benefit from the spike in the price of the bonds immediately before the Auction by selling the MTNs to entities that are. Consequently, there is an opportunity for the Debtors to monetize their interest in the MTNs at a favorable price. That opportunity will only be available before the Auction takes place.

13. Finally, the Debtors believe that interested parties will not be prejudiced by the shortened notice. Both the Creditors' Committee and the DIP ABL Lenders (as defined in the *Interim Order (I) Authorizing The Debtors To (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens And Superpriority Administrative Expense Claims, And (C) Utilize Cash Collateral; (II) Granting Adequate Protection To The Prepetition Secured Parties; (III) Modifying The Automatic Stay; (IV) Scheduling Final Hearing; And (V) Granting Related Relief*, dated October 16, 2018 (ECF No. 101)) have been updated by the Debtors' advisors and have been put on notice of the relief that the Debtors are seeking in the Motion in advance of its filing.

5

Furthermore, the Creditors' Committee has indicated that it supports having the Motion heard on expedited notice.

14. Based on the foregoing, the Debtors respectfully submit that cause exists to shorten the notice period with respect to the Motion.

## Notice

15. Notice of this Motion to Shorten has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405) (the "**Case Management Order**"). The Debtors respectfully submit that no further notice is required.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just and appropriate.

Dated: November 9, 2018
    New York, New York

                      /s/ Jacqueline Marcus
                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York  10153
                      Telephone:  (212) 310-8000
                      Facsimile:  (212) 310-8007
                      Ray C. Schrock, P.C.
                      Jacqueline Marcus
                      Garrett A. Fail
                      Sunny Singh

                      *Proposed Attorneys for Debtors*
                      *and Debtors in Possession*

**Exhibit A**

**Proposed Order**

WEIL:\96785419\4\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                                           :
                                                                :     Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                           :
                                                                :     Case No. 18-23538 (RDD)
                                                                :
Debtors.[1]                                                     :     (Jointly Administered)
----------------------------------------------------------------x

### ORDER SHORTENING TIME FOR NOTICE OF HEARING WITH RESPECT TO EMERGENCY MOTION OF DEBTORS FOR ORDER <u>APPROVING SALE OF MEDIUM TERM NOTES</u>

Upon the motion to shorten notice, dated November 9, 2018 (the "**Motion to Shorten**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), for entry of an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") shortening the time for notice of the hearing to consider the *Emergency Motion of Debtors for*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion to Shorten.

*Order Approving Sale of Medium Term Notes* (the "**Motion**"), all as more fully set forth in the Motion to Shorten; and the Court having jurisdiction to decide the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion to Shorten and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion to Shorten having been provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and it appearing that the relief requested is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is granted.

2. A hearing on the Motion will be held on **November 13, 2018** at **1:00 p.m. (Eastern Time)**.

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

4.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　THE HONORABLE ROBERT D. DRAIN
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE