PAUL, WEISS, RIFKIND, WHARTON,
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: (212) 373-3000
Fax: (212) 757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Proposed Counsel for the Debtors, Acting
at the Direction of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors. [1] | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**CERTIFICATE OF NO OBJECTION REGARDING APPLICATION OF DEBTORS'
FOR AUTHORITY TO RETAIN AND EMPLOY PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN
POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUTPCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. On October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On November 1, 2018, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Paul, Weiss, Rifkind, Wharton, & Garrison LLP as Attorneys for Debtors Nunc Pro Tunc to the Commencement Date* [Docket No. 417] (the "**Application**").

2. The Debtors served the Application and proposed order as reflected in the affidavit of service filed at [Docket No. 495].

3. The deadline for parties to object or file responses to the Application was November 8, 2018 at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**"). Local Rule 9075-2 provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed prior to 48 hours after the relevant objection deadline and the attorney for the entity who filed the pleadings complies with certain procedural and notice requirements.

4. The Debtors received informal comments to the Motion and Proposed

Order from the Office of the U.S. Trustee, which the Debtors incorporated in the revised proposed order granting the Motion, attached hereto as **Exhibit A** (the "Proposed Order").  A redline of the Proposed Order to the proposed order filed with the Application is attached hereto as **Exhibit B**.

5. This Certificate of No Objection has been served upon attorneys for the Debtors and the Official Committee of Unsecured Creditors in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* [Docket No. 405].

6. The Objection Deadline has passed and, to the best of my knowledge other than the Informal Comments, no objection, responsive pleading, or request for a hearing with respect to the Application has been (a) filed with the Court on the docket of the above-captioned cases or (b) served on counsel to the Debtors.

7. Accordingly, the Debtors respectfully request that the Proposed Order, granting the relief requested in the Application on a final basis, annexed hereto as **Exhibit A**, be entered in accordance with Local Rule 9075-2

*[Remainder of page intentionally left blank]*

I declare that the foregoing is true and correct.

Dated: November 12, 2018
New York, New York

*/s/ Paul M. Basta*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Proposed Counsel for the Debtors, Acting*
*at the Direction of the Restructuring Sub-Committee*

## **Exhibit A**

**Proposed Order**

18-23538-shl    Doc 647    Filed 11/12/18    Entered 11/12/18 14:56:04    Main Document
Pg 5 of 17

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                       :    Chapter 11
                                                             :
**SEARS HOLDINGS CORPORATION**, *et al.*,                    :    Case No. 18-23538 (RDD)
                                                             :
Debtors. [1]                                                 :    (Jointly Administered)
                                                             :
------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION
### AND EMPLOYMENT OF PAUL, WEISS, RIFKIND,
### WHARTON & GARRISON LLP AS ATTORNEYS FOR THE DEBTORS
### AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the *Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors and Debtors In Possession* Nunc Pro Tunc *to the Petition Date*, dated November 1, 2018 (the "Retention Application")[2] of the above-captioned debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors"), for entry of an order pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the retention and employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss" or the "Firm") as attorneys for the Debtors with respect to all Conflict Matters in these Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date, all as more fully described in the Retention Application; and the Court having reviewed the Retention Application, the declaration of Paul M. Basta, a partner of Paul, Weiss (the "Basta Declaration"), and the declaration of William Transier, a Disinterested Director of Sears (the "Transier Declaration"); and this Court being satisfied, based on the representations made in the Retention Application and the Basta Declaration, that Paul, Weiss is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Paul, Weiss neither holds nor represents an interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and it appearing that this Court has jurisdiction to consider the Retention Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 11 Cases and the Retention Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Retention Application has been given; and there being no objections to the requested relief; and it appearing that no other or further notice or a hearing is necessary; and upon all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Retention Application is necessary and is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and the legal and factual bases set forth

in the Retention Application having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Retention Application is GRANTED to the extent provided herein.

2. Pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Paul, Weiss as their counsel with respect to all Conflict Matters in these Chapter 11 Cases *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the engagement agreement effective as of October 8, 2018 (the "Engagement Letter") attached to the Retention Application as **Exhibit D**.

3. Paul, Weiss is authorized to render professional services to the Debtors as described in the Retention Application and the Engagement Letter. Specifically, but without limitation, Paul, Weiss shall provide services related to:

   a) investigating and advising the Restructuring Sub-Committee regarding whether a matter constitutes a RSC Conflict Matter;

   b) conducting investigations and analyses sufficient to advise the Restructuring Sub-Committee regarding RSC Conflict Matters;

   c) implementing the directions of the Restructuring Sub-Committee related to RSC Conflict Matters;

   d) implementing the directions of the Restructuring Committee or the Restructuring Sub-Committee, as the case may be, with respect to Other Conflict Matters; and

   e) rendering services for the Restructuring Sub-Committee and Restructuring Committee including, but not limited to, fact investigation, legal research, briefing, argument, discovery, negotiation, litigation, participation in meetings of the Board and applicable committees thereof, appearance and participation in hearings, and communications and meetings with parties in interest, in each case as it relates to RSC Conflict Matters or Other Conflict Matters.

4.      Paul, Weiss shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules and any other applicable fee and expense guidelines, procedures and orders of this Court.

5.      Paul, Weiss shall provide reasonable notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases of any increase of Paul, Weiss's hourly rates from those set forth in the Basta Declaration.

6.      Paul, Weiss shall file with the Court and (subject to the following clauses (a) through (c)) provide three days' notice of any proposed representation of the Debtors with respect to any Other Conflict Matters, *provided* that (a) Paul, Weiss shall not, and shall not be required to, break any privilege or breach any duty of confidentiality owed to the Debtors in connection with providing such notice; (b) subject to the terms of this Order and any other order of the Court, Paul, Weiss shall be entitled to payment of all fees earned and expenses incurred in connection with its representation of the Debtors with respect to any Other Conflict Matter; and (c) the timeliness of any notice required by this Paragraph 6 shall be assessed based on the facts and circumstances of the situation, including whether earlier disclosure may have revealed privileged information, breached any duty of confidentiality owed to the Debtors, or compromised the Debtors' abilities to perform their statutory and fiduciary duties.

7.      Paul, Weiss may apply its advanced payment retainer to outstanding fees and expenses relating to the period prior to the Petition Date. Paul, Weiss shall waive any outstanding fees and expenses in excess of the fully applied advanced payment retainer relating to the period prior to the Petition Date.

8. Paul, Weiss shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other Chapter 11 Professionals in these Chapter 11 Cases.

9. To the extent the Retention Application is inconsistent with this Order, the terms of this Order shall govern.

10. The Debtors and Paul, Weiss are authorized to take all action necessary to carry out this Order.

11. Notice of the Retention Application as provided therein shall be deemed good and sufficient notice of the Retention Application, and the Local Bankruptcy Rules are satisfied by the contents of the Retention Application.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2018
       White Plains, New York

                                            _____
                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
**SEARS HOLDINGS CORPORATION,** *et al.*,           :     Case No. 18-23538 (RDD)
                                                    :
Debtors.[1]                                         :     (Jointly Administered)
                                                    :
---------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the *Debtors' Application for an Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors and Debtors In Possession* Nunc Pro Tunc *to the Petition Date*, **dated November 1, 2018** (the "Retention Application")[2] of the above-captioned debtors and debtors in possession (each,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application.

a "Debtor" and, collectively, the "Debtors"), for entry of an order pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the retention and employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss" or the "Firm") as attorneys for the Debtors with respect to all Conflict Matters in these Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date, all as more fully described in the Retention Application; and the Court having reviewed the Retention Application, the declaration of Paul M. Basta, a partner of Paul, Weiss (the "Basta Declaration"), and the declaration of William Transier, a Disinterested Director of Sears (the "Transier Declaration"); and this Court being satisfied, based on the representations made in the Retention Application and the Basta Declaration, that Paul, Weiss is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Paul, Weiss **neither holds nor** represents ~~no~~**an** interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and it appearing that this Court has jurisdiction to consider the Retention Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 11 Cases and the Retention Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Retention Application has been given**;** and **there being no objections to the requested relief; and it appearing** that no other or further notice **or a hearing** is necessary; and ~~a hearing having been held to consider the relief requested in the Retention Application; and upon the record of the~~

~~hearing and~~**upon** all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Retention Application is **necessary and is** in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and the legal and factual bases set forth in the Retention Application having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Retention Application is GRANTED to the extent provided herein.

2. Pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Paul, Weiss as their counsel with respect to all Conflict Matters in these Chapter 11 Cases *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the engagement agreement effective as of October 8, 2018 (the "Engagement Letter") attached to the Retention Application as **Exhibit D**.

3. Paul, Weiss is authorized to render professional services to the Debtors as described in the Retention Application and the Engagement Letter. Specifically, but without limitation, Paul, Weiss shall provide services related to:

   a) investigating and advising the Restructuring Sub-Committee regarding whether a matter constitutes a RSC Conflict Matter;

   b) conducting investigations and analyses sufficient to advise the Restructuring Sub-Committee regarding RSC Conflict Matters;

   c) implementing the directions of the Restructuring Sub-Committee related to RSC Conflict Matters;

   d) implementing the directions of the Restructuring Committee or the Restructuring Sub-Committee, as the case may be, with respect to Other Conflict Matters; and

   e) rendering services for the Restructuring Sub-Committee and Restructuring Committee including, but not limited to, fact

        investigation, legal research, briefing, argument, discovery, negotiation, litigation, participation in meetings of the Board and applicable committees thereof, appearance and participation in hearings, and communications and meetings with parties in interest, in each case as it relates to RSC Conflict Matters or Other Conflict Matters.

4. Paul, Weiss shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules and any **other** applicable **fee and expense guidelines, procedures and** orders of this Court.

**5.** **Paul, Weiss shall provide reasonable notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases of any increase of Paul, Weiss's hourly rates from those set forth in the Basta Declaration.**

**6.** **Paul, Weiss shall file with the Court and (subject to the following clauses (a) through (c)) provide three days' notice of any proposed representation of the Debtors with respect to any Other Conflict Matters,** *provided* **that (a) Paul, Weiss shall not, and shall not be required to, break any privilege or breach any duty of confidentiality owed to the Debtors in connection with providing such notice; (b) subject to the terms of this Order and any other order of the Court, Paul, Weiss shall be entitled to payment of all fees earned and expenses incurred in connection with its representation of the Debtors with respect to any Other Conflict Matter; and (c) the timeliness of any notice required by this Paragraph 6 shall be assessed based on the facts and circumstances of the situation, including whether earlier disclosure may have revealed privileged information, breached**

**any duty of confidentiality owed to the Debtors, or compromised the Debtors' abilities to perform their statutory and fiduciary duties.**

7. Paul, Weiss may apply its advanced payment retainer to outstanding fees and expenses relating to the period prior to the Petition Date. Paul, Weiss shall waive any outstanding fees and expenses in excess of the fully applied advanced payment retainer relating to the period prior to the Petition Date.

8. Paul, Weiss shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other Chapter 11 Professionals in these Chapter 11 Cases.

9. To the extent the Retention Application is inconsistent with this Order, the terms of this Order shall govern.

10. The Debtors and Paul, Weiss are authorized to take all action necessary to carry out this Order.

11. Notice of the Retention Application as provided therein shall be deemed good and sufficient notice of the Retention Application, and the Local Bankruptcy Rules are satisfied by the contents of the Retention Application.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2018
      White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE