PAUL, WEISS, RIFKIND, WHARTON,
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: (212) 373-3000
Fax: (212) 757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Proposed Counsel for the Debtors, Acting
at the Direction of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
-----------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

# CERTIFICATE OF NO OBJECTION REGARDING APPLICATION OF DEBTORS' FOR AUTHORITY TO RETAIN AND EMPLOY ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. On October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On November 1, 2018, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Alvarez & Marsal North America, LLC as Attorneys for Debtors Nunc Pro Tunc to the Commencement Date* [Docket No. 423] (the "**Application**").

2. The Debtors served the Application and proposed order as reflected in the affidavit of service filed at [Docket No. 495].

3. The deadline for parties to object or file responses to the Application was November 8, 2018 at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**"). Local Rule 9075-2 provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed prior to 48 hours after the relevant objection deadline and the attorney for the entity who filed the pleadings complies with certain procedural and notice requirements.

2

4.  The Debtors received informal comments to the Motion and Proposed Order from the Office of the U.S. Trustee, which the Debtors incorporated in the revised proposed order granting the Motion, attached hereto as **Exhibit A** (the "Proposed Order").  A redline of the Proposed Order to the proposed order filed with the Application is attached hereto as **Exhibit B**.

5.  This Certificate of No Objection has been served upon attorneys for the Debtors and the Official Committee of Unsecured Creditors in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* [Docket No. 405].

6.  The Objection Deadline has passed and, to the best of my knowledge other than the Informal Comments, no objection, responsive pleading, or request for a hearing with respect to the Application has been (a) filed with the Court on the docket of the above-captioned cases or (b) served on counsel to the Debtors.

7.  Accordingly, the Debtors respectfully request that the Proposed Order, granting the relief requested in the Application on a final basis, annexed hereto as **Exhibit A**, be entered in accordance with Local Rule 9075-2.

*[Remainder of page intentionally left blank]*

I declare that the foregoing is true and correct.

Dated: November 12, 2018
New York, New York

*/s/ Paul M. Basta*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Proposed Counsel for the Debtors, Acting
at the Direction of the Restructuring Sub-Committee*

## **Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re:                                               :          Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,                :          Case No. 18-23538 (RDD)
:
Debtors.[1]                                          :          (Jointly Administered)
:
------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the retention application, dated November 1, 2018 (the "Retention Application") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the Southern District of New York

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

(the "Local Rules") for entry of an order authorizing the Debtors to retain and employ Alvarez & Marsal North America, LLC together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as their financial advisor, in accordance with the terms and conditions set forth in that certain engagement letter dated as of October 15, 2018 attached to the Retention Application as **Exhibit C** (including any amendments and schedules thereto, the "Engagement Letter"), *nunc pro tunc* to the Petition Date, all as more fully set forth in the Retention Application; and upon the Declaration of Dennis Stogsdill in support of the Retention Application (the "Stogsdill Declaration"); and the Court having jurisdiction to consider the Retention Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Retention Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Retention Application having been provided; and such notice having been adequate and appropriate under the circumstances; and there being no objections to the requested relief; and it appearing that no other or further notice or a hearing is required; and the Court being satisfied, based on the representations made in the Retention Application and in the Stogsdill Declaration, that A&M is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither represents nor holds an interest adverse to the Debtors or their estates; and the Court having found and determined that the terms and conditions of A&M's employment, including but not limited to the fees set forth in the Engagement Letter and summarized in the Retention Application, are reasonable as required

by section 328(a) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Retention Application establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Retention Application is necessary and in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1 to employ and retain A&M as the financial advisor to the Restructuring Sub-Committee with respect to all RSC Conflict Matters in accordance with the terms and conditions set forth in the Engagement Letter, including the Indemnification Provisions and the fees, annexed to the Retention Application as **Exhibit C**, *nunc pro tunc* to the Petition Date, and to pay fees and reimburse expenses to A&M on the terms and times set forth in the Engagement Letter.

3. The terms of the Engagement Letter are reasonable terms and conditions of employment and are approved, as hereinafter modified.

4. Notwithstanding anything to the contrary in the Engagement Letter, the Application, or the Stogsdill Declaration, to the extent that the Debtors request A&M to perform any services other than those detailed in the Engagement Letter, the Debtors shall seek further application for an order of approval by the Court for a supplement to the retention and any related modifications to the Engagement Letter and such application shall set forth, in addition to the additional services to be performed, the additional fees sought to be paid.

5. A&M shall be compensated for fees and reimbursed for out-of-pocket expenses pursuant to section 328 of the Bankruptcy Code in accordance with the terms of the Engagement Letter, and all fees and out-of-pocket expense reimbursements to be paid to A&M, shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as set forth herein.

6. A&M shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred (including the reasonable fees, disbursements and other charges of A&M's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise)) in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines (the "Fee Guidelines") promulgated by the Office of the United States Trustee (the "U.S. Trustee"), and any applicable orders of this Court.

7. Notwithstanding anything to the contrary contained herein, the U.S. Trustee shall have the right to object to A&M's interim and final applications for compensation and reimbursement of out-of-pocket expenses based on the reasonableness standard in section 330 of the Bankruptcy Code.

8. A&M shall include in its fee applications, among other things, time records setting forth, in summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors.

9. The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify and

hold harmless A&M, pursuant to the Engagement Letter, subject, during the pendency of these Chapter 11 Cases, to the following:

(a) All requests by A&M for the payment of indemnification, contribution or otherwise as set forth in the Engagement Letter during the pendency of these Chapter 11 Cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided that in no event shall A&M be indemnified in the case of its own gross negligence, bad faith, or willful misconduct. In no event shall A&M be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, A&M's own bad-faith, self-dealing, gross negligence, or willful misconduct.

(b) In the event A&M seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in A&M's own applications, both interim and final, and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. Notice of the Retention Application as provided therein shall be deemed good and sufficient notice of such Retention Application and the requirements of the Local Rules are satisfied by such notice.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

15. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:   White Plains, New York
             _____, 2018

                                            _____
                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re:                                                      :        Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,                       :        Case No. 18-23538 (RDD)
:
Debtors.[1]                                                 :        (Jointly Administered)
:
------------------------------------------------------------x

ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR
FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

~~1.~~    Upon the retention application**, dated November 1, 2018** (the "Retention Application") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the Southern District of New York

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

(the "Local Rules") for entry of an order authorizing the Debtors to retain and employ Alvarez & Marsal North America, LLC together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as their financial advisor, in accordance with the terms and conditions set forth in that certain engagement letter dated as of October 15, 2018 attached to the Retention Application as **Exhibit C** (including any amendments and schedules thereto, the "Engagement Letter"), *nunc pro tunc* to the Petition Date, all as more fully set forth in the Retention Application; and upon the Declaration of Dennis Stogsdill in support of the Retention Application (the "Stogsdill Declaration"); and the Court having jurisdiction to consider the Retention Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Retention Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Retention Application having been provided; and such notice having been adequate and appropriate under the circumstances~~;~~**; and there being no objections to the requested relief;** and it appearing that no other or further notice ~~need be provided; and the Court having held a hearing to consider the relief requested in the Application (the "Hearing"); and upon the record of the Hearing;~~**or a hearing is required;** and the Court being satisfied, based on the representations made in the Retention Application and in the Stogsdill Declaration, that A&M is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither represents nor holds an interest adverse to the Debtors or their estates; and the Court having found and determined that

the terms and conditions of A&M's employment, including but not limited to the fees set forth in the Engagement Letter and summarized in the Retention Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Retention Application establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Retention Application is **necessary and** in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

      1.      The Application is granted to the extent set forth herein.

      2.      The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1 to employ and retain A&M as the financial advisor to the Restructuring Sub-Committee with respect to all RSC Conflict Matters in accordance with the terms and conditions set forth in the Engagement Letter, including the Indemnification Provisions and the fees, annexed to the Retention Application as **Exhibit C**, *nunc pro tunc* to the Petition Date, and to pay fees and reimburse expenses to A&M on the terms and times set forth in the Engagement Letter.

      3.      The terms of the Engagement Letter are reasonable terms and conditions of employment and are approved, as hereinafter modified.

      4.      Notwithstanding anything to the contrary in the Engagement Letter, the Application, or the Stogsdill Declaration, to the extent that the Debtors request A&M to perform any services other than those detailed in the Engagement Letter, the Debtors shall seek further application for an order of approval by the Court for a supplement to the retention and any

related modifications to the Engagement Letter and such application shall set forth, in addition to the additional services to be performed, the additional fees sought to be paid.

5. ~~6.~~    A&M shall be compensated for fees and reimbursed for out-of-pocket expenses pursuant to section 328 of the Bankruptcy Code in accordance with the terms of the Engagement Letter, and all fees and out-of-pocket expense reimbursements to be paid to A&M, shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as set forth herein.

~~7~~6.    A&M shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred (including the reasonable fees, disbursements and other charges of A&M's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise)) in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines (the "Fee Guidelines") promulgated by the Office of the United States Trustee (the "U.S. Trustee"), and any applicable orders of this Court.

~~8~~7.    Notwithstanding anything to the contrary contained herein, the U.S. Trustee shall have the right to object to A&M's interim and final applications for compensation and reimbursement of out-of-pocket expenses based on the reasonableness standard in section 330 of the Bankruptcy Code.

~~9~~8.    A&M shall include in its fee applications, among other things, time records setting forth, in summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors ~~in one-half hour increments, but A&M shall be excused from~~

~~keeping time in one-tenth of an hour increments and shall not be required to provide or conform to any schedules of hourly rates for its professionals~~.

~~10~~9.   The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify and hold harmless A&M, pursuant to the Engagement Letter, subject, during the pendency of these Chapter 11 Cases, to the following:

(a)   All requests by A&M for the payment of indemnification, contribution or otherwise as set forth in the Engagement Letter during the pendency of these Chapter 11 Cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided that in no event shall A&M be indemnified in the case of its own gross negligence, bad faith, or willful misconduct. In no event shall A&M be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, A&M's own bad-faith, self-dealing, gross negligence, or willful misconduct.

(b)   In the event A&M seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in A&M's own applications, both interim and final, and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

~~11~~10.   To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

~~12~~11.   The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

~~13~~12.  Notice of the Retention Application as provided therein shall be deemed good and sufficient notice of such Retention Application and the requirements of the Local Rules are satisfied by such notice.

~~14~~13.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

~~15~~14.  The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

~~16~~15.  The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

~~17~~16.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:    White Plains, New York
          _____, 2018

                                                  _____
                                                  THE HONORABLE ROBERT D. DRAIN
                                                  UNITED STATES BANKRUPTCY JUDGE