YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
Pauline K. Morgan
Ryan M. Bartley
Travis G. Buchanan

*Proposed Conflicts Counsel for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, : | Case No. 18-23538 (RDD) |
| : | |
| Debtors.[1] : | (Jointly Administered) |
| : | |

------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**REGARDING DEBTORS' APPLICATION FOR AN ORDER**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CONFLICTS**
**COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

01:23852155.1

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. On October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On November 1, 2018, the Debtors filed the *Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Conflicts Counsel for the Debtors, Nunc Pro Tunc to the Petition Date* [Docket No. 419] (the "**Application**").

2. The Debtors served the Application and proposed order as reflected in the affidavit of service filed at Docket No. 495.

3. The deadline for parties to object or file responses to the Application was November 8, 2018 at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**"). Local Rule 9075-2 provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed prior to 48 hours after the relevant objection deadline and the attorney for the entity who filed the pleadings complies with certain procedural and notice requirements.

4. The Debtors received informal comments to the Motion and Proposed Order from the Office of the U.S. Trustee, which the Debtors incorporated in the revised proposed order granting the Motion, attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"). A redline of the Proposed Order to the proposed order filed with the Application is attached hereto as <u>Exhibit B.</u>

2

5. This Certificate of No Objection has been served upon attorneys for the Debtors and the Official Committee of Unsecured Creditors in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* [Docket No. 405].

6. The Objection Deadline has passed and, to the best of my knowledge other than the Informal Comments, no objection, responsive pleading, or request for a hearing with respect to the Application has been (a) filed with the Court on the docket of the above-captioned cases or (b) served on counsel to the Debtors.

7. Accordingly, the Debtors respectfully request that the Proposed Order, granting the relief requested in the Application on a final basis, annexed hereto as <u>Exhibit A</u>, be entered in accordance with Local Rule 9075-2

*[Remainder of page intentionally left blank]*

I declare that the foregoing is true and correct.

Dated: November 12, 2018
New York, New York

       */s/ Pauline K. Morgan*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
Pauline K. Morgan
Ryan M. Bartley
Travis G. Buchanan

*Proposed Conflicts Counsel for the Debtors*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re:                                              :   Chapter 11
                                                    :
SEARS HOLDINGS CORPORATION, et al.,                 :   Case No. 18-23538 (RDD)
                                                    :
                      Debtors.¹                     :   (Jointly Administered)
                                                    :
------------------------------------------------------------x   Ref. Docket No. ___
```

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CONFLICTS COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the *Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Conflicts Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Young Conaway as conflicts counsel to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

01:23829825.2

Debtors, *nunc pro tunc* to the Petition Date; and upon consideration of the Application and all pleadings related thereto, including the Morgan Declaration and the Transier Declaration; and the Court finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court finding that venue of the Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court finding that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors; and it appearing that Young Conaway neither holds nor represents any interest adverse to the Debtors or their estates; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is GRANTED to the extent provided herein.

2. Pursuant to section 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Young Conaway, *nunc pro tunc* to the Petition Date, as conflicts counsel to the Debtors (i) acting at the direction of the Restructuring Sub-Committee with respect to the RSC Conflict Matters, and (ii) acting at the direction of the Restructuring Committee or the Restructuring Sub-Committee, as the case may be, in connection with the Other Conflict Matters.

3. The Debtors are authorized and directed to pay the amounts owed to Young Conaway as conflicts counsel to the Debtors, in each case subject to the terms of the Engagement Letter and this Order.

4. Young Conaway shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with

sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

5.  Young Conaway shall provide reasonable notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases of any increase of Young Conaway's hourly rates set forth in the Morgan Declaration, and such notice shall be filed with the Court.

6.  Young Conaway shall file with the Court and (subject to the following clauses (a) through (c)) provide three days' notice of any proposed representation of the Debtors with respect to any Other Conflict Matters, provided that (a) Young Conaway shall not, and shall not be required to, break any privilege or breach any duty of confidentiality owed to the Debtors in connection with providing such notice; (b) subject to the terms of this Order and any other order of the Court, Young Conaway shall be entitled to payment of all fees earned and expenses incurred in connection with its representation of the Debtors with respect to any Other Conflict Matter; and (c) the timeliness of any notice required by this Paragraph 6 shall be assessed based on the facts and circumstances of the situation, including whether earlier disclosure may have revealed privileged information, breached any duty of confidentiality owed to the Debtors, or compromised the Debtors' abilities to perform their statutory and fiduciary duties.

7.  Young Conaway shall use its best efforts to avoid any duplication of its services with those provided by any of the Debtors' other professionals in these Chapter 11 Cases.

8.  To the extent the Application or Engagement Letter is inconsistent with this Order, the terms of this Order shall govern for the duration of the Chapter 11 Cases.

3

9. Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors and Young Conaway are authorized to take all action necessary to carry out this Order.

11. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the Local Rules are satisfied by the contents of the Application.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____
   White Plains, New York

                                     _____
                                     THE HONORABLE ROBERT D. DRAIN
                                     UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

**Redline**

01:23852155.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
SEARS HOLDINGS CORPORATION, *et al.*,               :    Case No. 18-23538 (RDD)
                                                    :
Debtors.[1]                                         :
                                                    :    (Jointly Administered)
                                                    :
---------------------------------------------------------------x    Ref. Docket No. ___

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CONFLICTS COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the *Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Conflicts Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Young Conaway as conflicts counsel to the Debtors, *nunc pro tunc* to the Petition Date; and upon consideration of the Application and all pleadings

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

01:23829825.123
829825.2

18-23538-shl    Doc 649    Filed 11/12/18    Entered 11/12/18 15:24:43    Main Document
Pg 12 of 15

related thereto, including the Morgan Declaration and the Transier Declaration; and the Court finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court finding that venue of the Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court finding that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors; and it appearing that Young Conaway neither holds nor represents any interest adverse to the Debtors or their estates; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is GRANTED to the extent provided herein.

2. Pursuant to section 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Young Conaway, *nunc pro tunc* to the Petition Date, as conflicts counsel to the Debtors (i) acting at the direction of the Restructuring Sub-Committee with respect to the RSC Conflict Matters, and (ii) acting at the direction of the Restructuring Committee or the Restructuring Sub-Committee, as the case may be, in connection with the Other Conflict Matters.

3. The Debtors are authorized and directed to pay the amounts owed to Young Conaway as conflicts counsel to the Debtors, in each case subject to the terms of the Engagement Letter and this Order.

4. Young Conaway shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with

sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

5. Young Conaway shall provide reasonable notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases of any increase of Young Conaway's hourly rates set forth in the Morgan Declaration, and such notice shall be filed with the Court.

6. Young Conaway shall file with the Court and (subject to the following clauses (a) through (c)) provide three days' notice of any proposed representation of the Debtors with respect to any Other Conflict Matters, provided that (a) Young Conaway shall not, and shall not be required to, break any privilege or breach any duty of confidentiality owed to the Debtors in connection with providing such notice; (b) subject to the terms of this Order and any other order of the Court, Young Conaway shall be entitled to payment of all fees earned and expenses incurred in connection with its representation of the Debtors with respect to any Other Conflict Matter; and (c) the timeliness of any notice required by this Paragraph 6 shall be assessed based on the facts and circumstances of the situation, including whether earlier disclosure may have revealed privileged information, breached any duty of confidentiality owed to the Debtors, or compromised the Debtors' abilities to perform their statutory and fiduciary duties.

7. ~~5.~~ Young Conaway shall use its best efforts to avoid any duplication of its services with those provided by any of the Debtors' other professionals in these Chapter 11 Cases.

8. ~~6.~~ To the extent the Application or Engagement Letter is inconsistent with this Order, the terms of this Order shall govern for the duration of the Chapter 11 Cases.

3

9. ~~7.~~ Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. ~~8.~~ The Debtors and Young Conaway are authorized to take all action necessary to carry out this Order.

11. ~~9.~~ Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the Local Rules are satisfied by the contents of the Application.

12. ~~10.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____
       White Plains, New York

                                            _____
                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Compare on Monday, November 12, 2018 2:19:39 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://WORKSITE02/YCST01/23829825/1 |
| Description | #23829825v1<YCST01> - Sears - YCST Retention Order [As filed] |
| Document 2 ID | interwovenSite://WORKSITE02/YCST01/23829825/2 |
| Description | #23829825v2<YCST01> - Sears - YCST Retention Order [Revised] |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 5 |
| Deletions | 7 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 12 |