# **EXHIBIT B**

Emergency Motion for Injunctive Relief

FILED
10/12/2018 1:41 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH12683

**IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| COMMUNITY UNIT SCHOOL DISTRICT 300, an Illinois school district, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2018 CH 12683 |
| VILLAGE OF HOFFMAN ESTATES, an Illinois municipal corporation; and SEARS HOLDINGS CORPORATION, a Delaware corporation, | ) ) ) ) ) |
| Defendants. | ) ) |

**EMERGENCY MOTION FOR INJUNCTIVE RELIEF WITH RESPECT TO
DISTRIBUTIONS FROM THE VILLAGE'S SPECIAL TAX ALLOCATION FUND**

NOW COMES the Plaintiff, Community Unit School District 300 ("District"), by and

through its attorneys the Law Office of Kory Atkinson and Robbins, Schwartz, Nicholas, Lifton

& Taylor, Ltd., and for the District's emergency motion, hereby alleges as follows:

1.     On October 10, 2018 the District filed its Verified Complaint for Declaratory,

Injunctive and Other Relief in this matter against the Village of Hoffman Estates ("Village") and

Sears Holdings Corporation ("Sears") alleging a failure of Sears to maintain the statutorily required

4,250 jobs at Sears corporate campus in the Village. Maintenance of the required number of jobs

is what enables Sears to continue to receive millions of dollars in property tax rebate subsidies

under the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1 et seq.

(the "Sears EDA Act").

2.     As more fully explained in the Verified Complaint, a failure of Sears to maintain

the required 4,250 jobs at Sears' corporate campus in the Village means that Sears forfeits property

FILED DATE: 10/12/2018 1:41 PM    2018CH12683

tax rebate dollars in a percentage amount proportional to the percentage of the calendar year that Sears did not maintain the required number of jobs.

3.    Sears has admitted to the media and in a settlement agreement with the State of Illinois Department of Commerce and Economic Opportunity ("Department of Commerce") that Sears does not maintain the requisite 4,250 jobs as required by its agreement with the Department of Commerce.   Since admitting to the Department of Commerce that it does not maintain the requisite number of jobs, Sears has cut hundreds more jobs at its corporate campus, as reported by several news outlets.  Most recently, Sears laid off 150 workers at its corporate campus beginning August 25 according to news reports.

4.    Before the Sears EDA Act property tax rebate subsidies are disbursed to Sears, the money sits in a Village fund known as the "special tax allocation fund" pursuant to the Sears EDA Act.  20 ILCS 620/4(g).  Property tax receipts are placed in the special tax allocation fund by the Cook County Treasurer.

5.    The Village was named in the above lawsuit because it administers and makes distributions from the special tax allocation fund.

6.    The District seeks a temporary restraining order in order to put a temporary hold on distributions from the special tax allocation fund until the rights of the parties are declared in this lawsuit.

7.    The purpose of a temporary restraining order/preliminary injunction is to preserve the status quo pending determination of the merits of a case. *Hartlein v. Illinois Power Co.,* 151 Ill. 2d 142, 156 (1992).  To get preliminary injunctive relief a plaintiff must demonstrate (1) a clearly ascertainable right which needs protection, (2) irreparable harm without the protection of the injunction, (3) no adequate remedy at law for plaintiff's injury, and (4) a likelihood of success

FILED DATE: 10/12/2018 1:41 PM    2018CH12683

on the merits of the underlying claim. *Shodeen v. Chicago Title and Trust Co.*, 162 Ill. App. 3d 667, 672 (2d Dist. 1987).

8.    Critically, before the entry of preliminary injunctive relief, the court must also balance the equities to determine whether the burden on the defendant from issuance of the injunction will outweigh the burden on the plaintiff if it is denied. *Id.* at 672. It is imperative that "the public interest must be reckoned into the weighing process" where the grant or denial has consequences beyond the immediate parties. *Id.* at 674.

9.    In this situation, the District is simply requesting that property taxes sitting in the Village's special tax allocation fund remain in place until the rights of the parties are declared by this Court. This is not a prejudicial arrangement since the special tax allocation fund is a safe and interest bearing account.

10.    Further, the District has a clearly ascertainable right in need of protection and has a likelihood of success on the merits. As the District establishes in its Verified Complaint, the Sears EDA Act is clear about the jobs requirement, and Sears admits that it has not maintained the requisite 4,250 jobs with respect to Sears' agreement with the Department of Commerce. Sears admitted as much in its Settlement Agreement with the State of Illinois and to media outlets. See Exhibits 3 and 4 to the Verified Complaint. Since then, according to media reports, Sears has hemorrhaged even more corporate campus jobs.

11.    Property taxes that Sears receives under the Sears EDA Act are diverted from the District and other taxing bodies that levy taxes on the Sears property, so if that money is unlawfully disbursed to Sears the District will be irreparably harmed because it is money the District would otherwise have received. And, of course, the District is a public educational institution; the loss of the property tax revenue will negatively impact the District's ability to educate the students in

FILED DATE: 10/12/2018 1:41 PM    2018CH12683

the District including but not limited to hiring sufficient staff, adequately funding student programs and properly maintaining District facilities. It goes without saying that educating students requires tax dollars, but tax dollars the District receives many years from now cannot be retroactively applied to educate and protect the students who had to suffer and miss out in the interim.

12.    Finally, the District has no adequate remedy at law. Other than coming to court and asking for injunctive relief as it now does, there is no mechanism provided at law that would enable the District to stop unlawful distributions from the Village's special tax allocation fund. Certainly, the Sears EDA Act does not provide a way for the District to stop the Village from making prohibited disbursements.

13.    The Sears EDA Act does provide that the taxing bodies shall meet annually to review the effectiveness and status of the economic development project area that is the Sears corporate campus. 20 ILCS 620/4(h). On July 16, 2018 the District attended and participated in this annual meeting. At the meeting, and in light of the news reports of further jobs losses at the Sears corporate headquarters, the District asked the Village Manager (with the Village's corporation counsel present) what steps the Village would be willing to take—beyond just receiving Sears' typical bald and unsupported statements—to confirm that the requisite jobs are maintained per the Sears EDA Act. The Village's blunt answer was that the Village would not be seeking any corroboration from Sears because the Village did not want to jeopardize its relationship with Sears. See affidavit of Kory Atkinson, attached hereto as Exhibit 1.

14.    Counsel for the District has made demand to counsel for the Village that the Village stop all disbursements to Sears out of the special tax allocation fund. The District received a response from Village counsel that the Village Board authorizes distributions and that the District's

FILED DATE: 10/12/2018 1:41 PM    2018CH12683

request will be forwarded to the Village Board. As of the filing of this motion, there has been no

determination by the Village Board. See Exhibit 1.

15.    Lastly, the District notes that this request for temporary injunctive relief plays out

against the backdrop of the broader financial woes of Sears with Sears desperately needing cash,

its stock falling precipitously and media reports swirling that a Sears bankruptcy is imminent. The

Village has already made distributions to Sears—it did so in and around January of this year—

despite Sears earlier acknowledgment that it fell short of the jobs requirement from at least May

31, 2017 to December 15, 2017. Such payments should have been prorated, if made at all. Further

distributions to Sears are believed to be imminent. In any event, distribution timing is a highly

discretionary decision that the Village gets to make with no oversight and few parameters. The

highly discretionary nature of the timing of the distributions and Sears' desperate need for cash

could easily precipitate additional illegal distributions to Sears. See Exhibit 1.

16.    It is the hope of the District that as the Village Board handles public money it will

act with the utmost care given that Board members are in a fiduciary relationship to the public and

occupy a position of the highest public trust. The appropriate path forward, as the Village Board

surely will agree, is to protect the public money it holds instead of making distributions that may

for all practical purposes be gone forever in a Sears bankruptcy and restructuring. The way for the

Village to respect it duties to the public is to let the court decide the proper distribution of the funds

in dispute and for the Village to safely hold the funds until then.

17.    Given the situation, the District is optimistic that the Village Board will be receptive

to an agreed order memorializing the relief sought herein.

WHEREFORE, the District, prays that this Court enter an injunction order directing the

Village of Hoffman Estates not to make any further distributions from the Village's special tax

FILED DATE: 10/12/2018 1:41 PM    2018CH12683

allocation fund under the Sears EDA Act until the rights of the parties are declared by this court,

and for such other and further relief as appropriate.

Respectfully submitted,

COMMUNITY UNIT SCHOOL DISTRICT 300

By:    /s/ Kenneth M. Florey_____
            One of its Attorneys

Kory Atkinson
**Law Office of Kory Atkinson**
236 West Lake Street, Suite 100
Bloomingdale, IL 60108
630-980-9100 (ph)
kaa@koryatkinson.com
Cook County No. 44788

Kenneth M. Florey
M. Neal Smith
**Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.**
631 E. Boughton Road, Suite 200
Bolingbrook, IL 60440
630-929-3639 (ph)
kflorey@robbins-schwartz.com
nsmith@robbins-schwartz.com
Cook County No. 91219



**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 10/12/2018 1:41 PM    2018CH12683

COMMUNITY UNIT SCHOOL DISTRICT 300,    )
an Illinois school district,    )
                                )
                Plaintiff,       )
                                )
        v.                       )          Case No. 2018 CH 12683
                                )
VILLAGE OF HOFFMAN ESTATES,      )
an Illinois municipal corporation; and SEARS    )
HOLDINGS CORPORATION,            )
a Delaware corporation,          )
                                )
                Defendants.      )

### AFFIDAVIT OF KORY ATKINSON

I, Kory Atkinson, being first duly sworn, have personal knowledge of the facts contained

herein, and if called to testify, could and would testify under oath as follows:

1.    I am an attorney licensed to practice law in the State of Illinois. I have been so

licensed since November 4, 2004. I am one of the attorneys for Community Unit School District

300 (the "District").

2.    On October 10, 2018, the District filed its Verified Complaint for Declaratory,

Injunctive and Other Relief in this matter against the Village of Hoffman Estates ("Village") and

Sears Holdings Corporation ("Sears") alleging a failure of Sears to maintain the statutorily required

4,250 jobs at Sears corporate campus in the Village.

3.    On July 16, 2018, on behalf of the District, I attended and participated in the annual

meeting conducted pursuant to section 4(h) of the Sears EDA Act, 20 ILCS 620/4(h). This section

provides that the taxing bodies shall meet annually to review the effectiveness and status of the

economic development project area that is the Sears corporate campus. 20 ILCS 620/4(h). At the

meeting, and in light of the news reports of further jobs losses at the Sears corporate headquarters,

on behalf of the District I asked the Village Manager (with the Village's corporation counsel

present) what steps the Village would be willing to take—beyond just receiving Sears' typical bald

and unsupported statements—to confirm that the requisite jobs are maintained by Sears per the

Sears EDA Act. The Village's blunt answer to my question was that the Village would not be

seeking any corroboration from Sears because the Village did not want to jeopardize its

relationship with Sears.

4.    On behalf of the District I have made demand to counsel for the Village that the

Village stop all disbursements to Sears out of the special tax allocation fund. I received a response

from Village's counsel stating that the Village Board authorizes distributions from the special tax

allocation fund and that the District's request will be forwarded to the Village Board. As of the

date of this affidavit, there has been no determination by the Village Board that I have been made

aware of. A copy of my email with Village counsel is attached to this affidavit.

5.    It is my belief and understanding, based on my past interactions and conversations

with the Village, that the Village made distributions to Sears in and around January of this year

despite Sears' unsupported job numbers, and that further distributions to Sears are probably

imminent. The distribution timing is a highly discretionary decision that the Village gets to make

with no oversight and few parameters.

Further affiant sayeth naught.

Kory Atkinson

SUBSCRIBED and SWORN
to before me this 12 day
of October, 2018

Notary Public

OFFICIAL SEAL
NEOMI E. PALLAREZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 12/08/2019

2

FILED DATE: 10/12/2018 1:41 PM    2018CH12663

**From:** "Art Janura" <januralaw@gmail.com>
**Date:** October 11, 2018 at 4:04:30 PM CDT
**To:** "'Kory Atkinson'" <kaa@koryatkinson.com>
**Cc:** "'Douglas LaSota'" <Douglas.LaSota@hoffmanestates.org>, "'Patricia Cross'"
<Patricia.Cross@Hoffmanestates.org>, "'Jim Norris'" <Jim.Norris@Hoffmanestates.org>, "'Arthur
Janura'" <Arthur.Janura@hoffmanestates.org>, "'Rachel Musiala'"
<Rachel.Musiala@Hoffmanestates.org>, "'Debbie Schoop'" <Debra.Schoop@Hoffmanestates.org>
**Subject: RE: School District 300 v. Sears**

Dear Kory,
Thank you for the email.   All EDA distributions are authorized by Village Board and I will convey your
request to the Board members.  We are aware of your client's lawsuit and will act appropriately.   I was
also concerned regarding all other taxing districts being necessary parties to this lawsuit.   I do not want
to have multiple lawsuits with inconsistent findings.

Art

ARTHUR JANURA, P.C.
2123 MULGUY COURT
INVERNESS, IL  60010
224-210-4593
januralaw@gmail.com

**From:** Kory Atkinson <kaa@koryatkinson.com>
**Sent:** Thursday, October 11, 2018 3:04 PM
**To:** Art Janura <januralaw@gmail.com>
**Cc:** Douglas LaSota <Douglas.LaSota@hoffmanestates.org>
**Subject:** School District 300 v. Sears

Hi Art:

In light of the declaratory judgment complaint filed by School District 300 yesterday (10/10/2018)
against Sears and the Village of Hoffman Estates regarding Sears's eligibility for payments under the
Economic Development Area Tax Increment Allocation Act (20 ILCS 620/1, et seq.), I request that the
Village immediately cease all distributions to Sears out of the "special tax allocation fund" or any other
fund relating to the Economic Development Area. The funds need to be preserved until such time as this
matter is resolved. I would appreciate a prompt response to this request

--Kory

--
Kory Atkinson
Law Office of Kory Atkinson
236 West Lake Street, Suite 100
Bloomingdale, Illinois 60108
P: (630) 980-9100

FILED
10/12/2018 1:41 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH12683

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 10/12/2018 1:41 PM   2018CH12683

| | |
|---|---|
| COMMUNITY UNIT SCHOOL DISTRICT 300, <br> an Illinois school district, <br><br>                   Plaintiff, <br><br>     v. <br><br> VILLAGE OF HOFFMAN ESTATES, <br> an Illinois municipal corporation; and SEARS <br> HOLDINGS CORPORATION, <br> a Delaware corporation, <br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     2018 CH 12683 |

**NOTICE OF FILING**

**TO:**

Village of Hoffman Estates
1900 Hassell Road
Hoffman Estate, IL 60169

Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL 60179

    **PLEASE TAKE NOTICE** that on October 12, 2018, I caused to be filed with the Circuit Clerk of Cook County, Illinois, **EMERGENCY MOTION FOR INJUNCTIVE RELIEF WITH RESPECT TO DISTRIBUTIONS FROM THE VILLAGE'S SPECIAL TAX ALLOCATION FUND,** a copy of which is hereby served upon you.

                                   /s/ Kenneth M. Florey
                                   KENNETH M. FLOREY

FILED DATE: 10/12/2018 1:41 PM    2018CH12683

## CERTIFICATE OF SERVICE

I, **KENNETH M. FLOREY,** an attorney, certify that I caused a copy of this Notice and the document referenced above to be served upon the above-named at their above-referenced addresses by U.S. Mail, this 12th day of October, 2018.

/s/ Kenneth M. Florey
KENNETH M. FLOREY

KORY ATKINSON
**LAW OFFICE OF KORY ATKINSON**
236 West Lake Street, Suite 100
Bloomingdale, IL 60108
630-980-9100 (ph)
kaa@koryatkinson.com
Cook County No. 44788

KENNETH M. FLOREY
M. NEAL SMITH
**ROBBINS SCHWARTZ NICHOLAS
   LIFTON & TAYLOR, LTD.**
631 E. Boughton Road, Suite 200
Bolingbrook, IL  60440-3098
630.929.3639
Cook County No. 91219
kflorey@robbins-schwartz.com
nsmith@robbins-schwartz.com

796804 v1