**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, New Jersey 07960
Telephone: (973) 992-4800
Facsimile: (973) 992-9125
Mark E. Hall, Esq.

*Attorneys for CAPREF Burbank LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :
                                                             :   Chapter 7
SEARS HOLDING CORPORATION, *et al.*,                         :
                                                             :   Case No. 18-23538 (RDD)
                      Debtors.                               :
                                                             :   Jointly Administered
------------------------------------------------------------ x

**JOINDER OF CAPREF BURBANK LLC TO LANDLORD OBJECTIONS
TO (I) DEBTORS' MOTION FOR APPROVAL OF GLOBAL BIDDING
PROCEDURES; AND (II) DEBTORS' MOTION FOR APPROVAL OF
<u>DEBTOR-IN-POSSESSION FINANCING</u>**

CAPREF Burbank LLC ("CAPREF"), through its attorneys, Fox Rothschild LLP, hereby submits this Joinder to Objections filed by landlords to (i) the Debtors' Motion for Approval of Global Bidding Procedures (the "Bidding Procedures Motion") [D.I. 429], and (ii) the Debtors' Motion for Authority to (a) Obtain Postpetition Financing, (b) Use Cash Collateral, (c) Grant Certain Protections to Prepetition Secured Parties, and (d) Schedule Second Interim Hearing and Final Hearing (the "DIP Financing Motion") [D.I. 7], and respectfully states:

<u>**BACKGROUND**</u>

1.      CAPREF is a landlord of debtor, Sears, Roebuck and Co. ("Sears Roebuck"), with respect to a shopping center site in Burbank, California, pursuant to a sublease (the "Lease") dated November 15, 1989, and subsequently amended on October 29, 1990. Additionally, CAPREF and Sears Roebuck are also parties to a First Amended and Restated Construction, Operation and

Reciprocal Easement Agreement (the "COREA") dated December 6, 1990 and recorded with the Recorder's Office of Los Angeles County, California, on that same date.[1]

2. Section 6.2 of the Lease contains certain restrictions on the ability of the lessee, Sears Roebuck, to assign the Lease, including requiring that any assignment made by the lessee "shall not become effective unless and until the assignee, in writing, for the benefit for lessor, shall assume this lease and agree to perform and be bound by all the obligations of lessees accruing under this lease from and after the date of such assignment."

3. Additionally, section 6.1 of a Supplement to Construction, Operation and Reciprocal Easement Agreement between CAPREF and Sears Roebuck dated November 15, 1989, states:

> Sears further agrees that no sale of all or any portion of the Sears Repurchase Property shall be made at any time … except as part of (a) a sale of at least two (2) of Sears stores in Southern California, (b) a merger, or (c) a sale of all or a portion of the Sears Repurchase Property to a parent or subsidiary of [Sears Roebuck], unless notice of the terms and conditions of a bona fide offer to purchase actually made to Sears and which Sears desires to accept, shall have been furnished to Developer and Developer shall have failed to agree to purchase the Sears Repurchase Property upon such terms and conditions.[2]

**JOINDER TO LANDLORD OBJECTIONS TO BIDDING PROCEDURES MOTION**

4. While CAPREF appreciates the Debtors' necessity to implement procedures for liquidating certain assets while it attempts to navigate chapter 11, CAPREF echoes the concerns expressed in objections to the Debtors' Bidding Procedures Motion filed thus far by other landlords. In particular, the Bidding Procedures Motion seeks to implement an extremely compressed timeframe for auctions of the Debtor's "Go Forward Stores" which may deprive

---

[1] CAPREF is the successor to Haagen-Burbank Partnership with respect to both the sub-lease and the COREA.

[2] The term "Developer" refers to CAPREF as the successor to Haagen-Burbank Partnership.

landlords the ability to fully evaluate prospective bidders and bids, as well as the impact that a successful bid could have on a landlord's lease, and what, if any action, a landlord may need to take to safeguard its interests. In this same vein, the procedures provide insufficient time for landlords to assess and object to proposed cure amounts for leases to be assumed.

5.  The concerns are further fueled by a general lack of clarity in the process. For instance, due to vagueness, the procedures may result in a landlord not having sufficient information to determine if a qualified bidder, stalking horse bidder, or prospective assignee of a lease would satisfy the requirement of adequate assurance of future performance. Similarly, and quite notably, the actual "Go Forward Stores" have not yet been identified and there does not appear to be a timeframe for when those stores will be identified, thereby further undermining a landlord's ability to effectively perform due diligence in connection with the proposed bidding process. There is also ambiguity with respect to the duration of any designation rights period and whether the Debtors will remain liable for obligations under subject leases during that period. In sum, the procedures as proposed, call into question whether landlords will be afforded due process.

6.  CAPREF also joins those landlords that have urged that a landlord's right to bid on its own lease should not be limited as proposed by the Debtors. As noted above, CAPREF, as "Developer," has certain express repurchase and notice rights under its agreements with Sears Roebuck, which should be honored. Landlords therefore must be permitted to be full participants in the auction process for their leases, with a right to credit bid any of the outstanding amounts due under the lease.

**JOINDER TO LANDLORD OBJECTIONS TO DIP FINANCING MOTION**

7.  On October 16, 2018, the Court entered an Interim Order with respect to the Debtors' DIP Financing Motion. The Interim Order at paragraph 12 granted the DIP ABL Lenders

liens on, among other things, "proceeds of leased real property…" CAPREF joins with other landlords that have objected to the DIP Financing Motion on the limited basis that the Debtors should not be permitted to grant liens on any leases in favor of the DIP ABL Credit Parties, the Junior Credit Parties, or any other third parties, to the extent that leases do not permit the granting of such liens. Landlords should not be subject to the unknowns that could result from having their leases utilized as collateral, particularly in the event the Debtors default in their obligations to the lenders.

### RESERVATION OF RIGHTS

8. CAPREF reserves the right to supplement this Joinder or make further objections to the Bidding Procedures Motion or the DIP Financing Motion, including in advance of the scheduled hearings on each motion.

9. CAPREF further reserves the right to object to any proposed assumption, assignment, sale, or rejection of its Lease on any basis it deems necessary and appropriate, including, but not limited to with respect to any proposed cure amounts and/or the failure to provide adequate assurance of future payment.

Dated: Morristown, New Jersey  
November 12, 2018

**FOX ROTHSCHILD LLP**  
*Attorneys for CAPREF Burbank LLC*

By: */s/ Mark E. Hall*  
Mark E. Hall  
49 Market Street  
Morristown, New Jersey 07960  
Telephone: (973) 992-4800  
Facsimile: (973) 992-9125

ACTIVE\78173783.v1-11/12/18