WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11
                                        :
SEARS HOLDINGS CORPORATION, et al.,     :    Case No. 18-23538 (RDD)
                                        :
                 Debtors.¹              :    (Jointly Administered)
                                        :
---------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION REGARDING MOTION OF DEBTORS**
**FOR AUTHORIZATION TO EMPLOY PROFESSIONALS USED IN THE ORDINARY**
**COURSE OF BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1.    Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On October 31, 2018 the Debtors filed the *Motion of Debtors for Authority to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Commencement Date* (ECF No. 396) (the "**Motion**").

2.    The Debtors served the Motion and as reflected in the affidavit of service filed at ECF No. 462.

3.    The Motion established a deadline (the "**Objection Deadline**") for parties to object or file responses to the Motion on November 8, 2018 at 4:00 p.m. (prevailing Eastern Time). The *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

4.    The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading, or request for a hearing with respect to the Motion has been (a)

WEIL:\96794843\2\73219.0006

filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors.

5.      Accordingly, the Debtors respectfully request that the revised proposed order granting the relief requested in the Motion, annexed hereto as **Exhibit A** (the "**Proposed Order**"), be entered in accordance with the Amended Case Management Order.  A redline of the Proposed Order to the proposed order filed with the Motion is attached hereto as **Exhibit B**.  The redline reflects minimal changes made to the Proposed Order, including the addition of Ordinary Course Professionals (as defined in the Motion) to **Exhibit 1** and **Exhibit 2** thereto.

I declare that the foregoing is true and correct.

Dated:  November 12, 2018
        New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

WEIL:\96794843\2\73219.0006

## Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

## ORDER AUTHORIZING DEBTORS TO EMPLOY
## PROFESSIONALS USED IN THE ORDINARY COURSE OF
## BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the motion, dated October 31, 2018 (ECF No. 396) (the "**Motion**")[2] of Sears

Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 327, 328,

and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (i) authorizing

the Debtors to establish certain procedures for the Debtors to retain and compensate those

professionals that the Debtors employ in the ordinary course of business (collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

"**Ordinary Course Professionals**"), effective as of the Commencement Date, without (a) the submission of separate retention applications, or (b) the issuance of separate retention orders for each individual Ordinary Course Professional, and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on November 15, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are authorized, but not directed, to employ the Ordinary Course Professionals listed on **Exhibit 1** and **Exhibit 2** hereto in the ordinary course of their business in accordance with the following procedures (the "**Procedures**"), *nunc pro tunc* to the Commencement Date:

3

(i) Within thirty (30) days after the later of (a) the entry of this Order and (b) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide the following to the Debtors' attorneys: (1) an affidavit (the "**OCP Affidavit**"), substantially in the form annexed hereto as **Exhibit 3** certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed and (2) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto as **Exhibit 4**.

(ii) Upon receipt of an OCP Affidavit, the Debtors shall file the same with the Court and serve a copy on (a) the United States Trustee for Region 2 (the "**U.S. Trustee**"), (b) counsel for the DIP Agent, and (c) the attorneys for the Creditors' Committee (collectively, the "**Reviewing Parties**").

(iii) If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within seven (7) days after the filing of the applicable OCP Affidavit (the "**Retention Objection Deadline**"), file with the Court and serve on (a) the attorneys for the Debtors and (b) the relevant Ordinary Course Professional (or its counsel if known) (together, the "**Objection Recipients**") a written objection stating, with specificity, the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(iv) If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the matter shall be scheduled for adjudication by the Court at the next available hearing.

(v) No Ordinary Course Professional shall be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi) The Debtors shall be authorized to retain an Ordinary Course Professional and to compensate such Ordinary Course Professional, without formal application to the Court, 100% of the fees and 100% of the expenses incurred upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable

WEIL:\96794843\2\73219.0006

detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); provided, however, the following limitations shall apply to the payment of fees and reimbursement of expenses:

- For each Ordinary Course Professional set forth on **Exhibit 1** annexed hereto, total compensation and reimbursements shall not exceed $75,000 per month (the "**Tier 1 Monthly Cap**") and $750,000 for the first twelve (12) months following the Commencement Date (the "**Tier 1 Annual Cap**");

- For each Ordinary Course Professional set forth on **Exhibit 2** annexed hereto, total compensation and reimbursements shall not exceed $25,000 per month (the "**Tier 2 Monthly Cap**," and together with the Tier 1 Monthly Cap, the "**OCP Monthly Caps**") and $250,000 for the first twelve (12) months following the Commencement Date (the "**Tier 2 Annual Cap**," and together with the Tier 1 Annual Cap, the "**OCP Annual Caps**"); and

- To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap shall be carried over to successive periods, subject at all times to the applicable OCP Annual Cap (as defined herein).

The OCP Annual Caps may be increased by mutual agreement between the Debtors, counsel to the Creditors' Committee, and the U.S. Trustee; provided that the Debtors shall file a notice with the Court of any such agreed increase.

(vii)    In the event that an Ordinary Course Professional's fees and expenses exceed the applicable OCP Monthly Cap for any month during these chapter 11 cases, (a) the Debtors may pay the Ordinary Course Professional's fees and expenses owed for such month up to the applicable OCP Monthly Cap; and (b) the Ordinary Course Professional shall file with the Court a fee application, to be heard on notice, on account of the fees and expenses in excess of the applicable OCP Monthly Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), *Guidelines for Reviewing Applications for Compensation*

5

*and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, and all orders of the Court.

(viii)    Payment to any one Ordinary Course Professional shall not exceed the applicable OCP Annual Cap, subject to further order of the Court.  In the event that an Ordinary Course Professional's fees and expenses exceed the applicable OCP Annual Cap, such Ordinary Course Professional shall be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

(ix)    Within thirty (30) days after the end of each quarterly period, the Debtors shall file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief granted herein.  The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(x)    If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit 1** and **Exhibit 2** hereto, the Debtors shall file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "**OCP List Supplement**"), along with the attendant OCP Affidavits and Retention Questionnaires.

(xi)    If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within seven (7) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating, with specificity, the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

3.    Entry of this Order and approval of the Procedures does not affect the

Debtors' ability to (i) dispute any invoice submitted by an Ordinary Course Professional or

(ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtors reserve all of their rights with respect thereto.

4.     The form of OCP Affidavit and Retention Questionnaire are approved.

5.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

6.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

7

**Exhibit 1**

**Tier 1 Ordinary Course Professionals**

1

WEIL:\96794843\2\73219.0006

**<u>Exhibit 2</u>**

**Tier 2 Ordinary Course Professionals**

1

## Exhibit 3

**Ordinary Course Professional Affidavit**

WEIL:\96794843\2\73219.0006

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                            :

                                                 :            **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*         :

                                                 :            **Case No. 18-23538 (RDD)**

                                                 :

          Debtors.[1]                            :            **(Jointly Administered)**

---------------------------------------------------------------x

**AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,**

**ON BEHALF OF _____**

STATE OF _____    )

                    ) s.s.:

COUNTY OF _____   )

              _____, being duly sworn, upon his oath, deposes and says as follows:

        1.    I am a _____ of _____,

located at _____ (the "**Firm**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

2.      Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have requested that the Firm provide _____ services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

3.      The Services include, but are not limited to, the following:

_____

_____.

4.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5.      Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6.      Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

2

7.      As of the commencement of this chapter 11 case, the Debtors owed the Firm $_____ in respect of prepetition services rendered to the Debtors.

8.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on _____, 2018, at _____.

_____
Affiant Name

SWORN TO AND SUBSCRIBED before
Me this ___ day of _____, 2018

_____
Notary Public

3

**<u>Exhibit 4</u>**

**Retention Questionnaire**

WEIL:\96794843\2\73219.0006

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re                                              :

                                                   :          **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*          :

                                                   :          **Case No. 18-23538 (RDD)**

                                                   :

         Debtors.[1]                               :          **(Jointly Administered)**

------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**").

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

> 1.    Name and address of professional:



---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

_____

2.    Date of retention:  _____

3.    Type of services to be provided:

_____

_____

4.    Brief description of services to be provided:

_____

_____

_____

5.    Arrangements for compensation (hourly, contingent, etc.):

_____

(a)    Average hourly rate (if applicable): _____

2

(b)      Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

_____

6.      Prepetition claims against the Debtors held by the company:

Amount of claim:  $_____

Date claim arose:  _____

Nature of claim:  _____

7.      Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

Name:  _____

Status:  _____

Amount of claim:  $_____

Date claim arose:  _____

Nature of claim:  _____

_____

_____

_____

8.      Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the professional is to be employed:

_____

_____

_____

_____

3

9.    Name and title of individual completing this form:

_____

Dated: _____, 2018

4

**<u>Exhibit B</u>**

**Redline**

WEIL:\96794843\2\73219.0006

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                            :

                                                 :            Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,            :

                                                 :            Case No. 18-23538 (RDD)

                                                 :

Debtors.[6]                                       :            (Jointly Administered)

-------------------------------------------------------------x

### ORDER AUTHORIZING DEBTORS TO EMPLOY
### PROFESSIONALS USED IN THE ORDINARY COURSE OF
### BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the motion, dated October 31, 2018 (ECF No. [—]396) (the "**Motion**")[7] of

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 327,

---

[6] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "Additional Debtors").  The Additional Debtors each filed a motion in their respective chapter 11 cases requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules."

[7] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

328, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an~~ ~~order (i) authorizing the Debtors to establish certain procedures for the Debtors to retain and compensate those professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Commencement Date, without (a) the submission of separate retention applications, or (b) the issuance of separate retention orders for each individual Ordinary Course Professional, and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein ~~in accordance with~~pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on November 15, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is granted to the extent set forth herein.

WEIL:\96794843\2\73219.0006

2.    The Debtors are authorized, but not directed, to employ the Ordinary Course Professionals listed on **Exhibit 1** and **Exhibit 2** hereto in the ordinary course of their business in accordance with the following procedures (the "**Procedures**"), *nunc pro tunc* to the Commencement Date:

(xii)    Within thirty (30) days after the later of (a) the entry of this Order and (b) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide the following to the Debtors' attorneys: (1) an affidavit (the "**OCP Affidavit**"), substantially in the form annexed hereto as **Exhibit 3** certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed and (2) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto as **Exhibit 4**.

(xiii)    Upon receipt of an OCP Affidavit, the Debtors shall file the same with the Court and serve a copy on (a) the United States Trustee for Region 2 (the "**U.S. Trustee**"), (b) counsel for the DIP Agent, and (c) the attorneys for the Creditors' Committee (collectively, the "**Reviewing Parties**").

(xiv)    If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within seven (7) days after the filing of the applicable OCP Affidavit (the "**Retention Objection Deadline**"), file with the Court and serve on (a) the attorneys for the Debtors and (b) the relevant Ordinary Course Professional (or its counsel if known) (together, the "**Objection Recipients**") a written objection stating, with specificity, the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(xv)    If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the matter shall be scheduled for adjudication by the Court at the next available hearing.

(xvi)    No Ordinary Course Professional shall be paid any amount for

invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(xvii)    The Debtors shall be authorized to retain an Ordinary Course Professional and to compensate such Ordinary Course Professional, without formal application to the Court, 100% of the fees and 100% of the expenses incurred upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); provided, however, the following limitations shall apply to the payment of fees and reimbursement of expenses:

- For each Ordinary Course Professional set forth on **Exhibit 1** annexed hereto, total compensation and reimbursements shall not exceed $75,000 per month (the "**Tier 1 Monthly Cap**") and $750,000 for the first twelve (12) months following the Commencement Date (the "**Tier 1 Annual Cap**");

- For each Ordinary Course Professional set forth on **Exhibit 2** annexed hereto, total compensation and reimbursements shall not exceed $25,000 per month (the "**Tier 2 Monthly Cap**," and together with the Tier 1 Monthly Cap, the "**OCP Monthly Caps**") and $250,000 for the first twelve (12) months following the Commencement Date (the "**Tier 2 Annual Cap**," and together with the Tier 1 Annual Cap, the "**OCP Annual Caps**"); and

- To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap shall be carried over to successive periods, subject at all times to the applicable OCP Annual Cap (as defined herein).

The OCP Annual Caps may be increased by mutual agreement between the Debtors, counsel to the Creditors' Committee, and the U.S. Trustee; provided that the Debtors shall file a notice with the Court of any such agreed increase.

(xviii)    In the event that an Ordinary Course Professional's fees and expenses exceed the applicable OCP Monthly Cap for any month during these chapter 11 cases, (a) the Debtors may pay the Ordinary Course Professional's fees and expenses owed for such month up to

4

the applicable OCP Monthly Cap; and (b) the Ordinary Course Professional shall file with the Court a fee application, to be heard on notice, on account of the fees and expenses in excess of the applicable OCP Monthly Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, and all orders of the Court.

(xix)     Payment to any one Ordinary Course Professional shall not exceed the applicable OCP Annual Cap, subject to further order of the Court.  In the event that an Ordinary Course Professional's fees and expenses exceed the applicable OCP Annual Cap, such Ordinary Course Professional shall be required to file a separate retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

(xx)     Within thirty (30) days after the end of each quarterly period, the Debtors shall file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief granted herein.  The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(xxi)     If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit 1** and **Exhibit 2** hereto, the Debtors shall file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "**OCP List Supplement**"), along with the attendant OCP Affidavits and Retention Questionnaires.

(xxii)     If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within seven (7) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating, with specificity, the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List

5

Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

3.      Entry of this Order and approval of the Procedures does not affect the Debtors' ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtors reserve all of their rights with respect thereto.

4.      The form of OCP Affidavit and Retention Questionnaire are approved.

5.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:  _____, 2018
        New YorkWhite Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

### **Tier 1 Ordinary Course Professionals**

| Professional | Address | Contact | Services Performed By Professional |
|---|---|---|---|
| Baker & Hostetler LLP | 191 N Wacker Dr, Suite 3100 Chicago, IL 60606-1901 | Attn: Craig White | Provides privacy, marketing and patent application legal advice |
| Baker & McKenzie LLP | 815 Connecticut Avenue, N.W. Washington, District of Columbia 20006 | Attn: Michael Murphy | Provides customs legal advice |
| Baute Crochetiere & Hartley LLP | 777 South Figueroa Street, 49th Floor Los Angeles, California 90017 | Attn: Steven Velkei | Provides regulatory legal advice in California |
| Cheng Cohen LLC | 311 N. Aberdeen, Ste 400, Chicago, IL 60607 | Attn: Amy Cheng | Provides franchise business legal advice |
| Constantine Cannon, LLP | 335 Madison Avenue New York, NY 10017 | Attn: Owen Glist | Provides litigation legal advice |
| Conyers Dill & Pearman | Hamilton HM 11 Bermuda | Attn: Chris Garrod | Provides insurance legal advice in Bermuda |
| Dentons US LLP | 233 South Wacker Drive Suite 5900 Chicago, IL 60606-6361 | Attn: Natalie Spears | Provides litigation legal advice |
| Dickie, McCamey & Chilcote, P.C. | Two PPG Place Ste 400 Pittsburgh, Pennsylvania 15222-5402 | Attn: Nancy Winschel | Provides litigation legal advice in Pennsylvania |
| DLA Piper LLP (US) | One Liberty Place 1650 Market Street Suite 4900 Philadelphia, Pennsylvania 19103-7300 | Attn: Joseph Kernen | Provides real estate legal advice |
| Eversheds Sutherland LLP | 700 Sixth Street, NW Suite 700 Washington DC 20001 | Attn: Dennis Allen | Provides regulatory legal advice |
| Guberman, Benson & Calise, LLC | 654 Newman Springs Rd. Suite F Lincroft, New Jersey 07738 | Attn: Albert A. Calise | Provides regulatory legal advice in New York |
| Jackson Lewis P.C. | 220 Headquarters Plaza East Tower, 7th Floor Morristown, NJ 07960 | Attn: Brett Anders | Provides employment legal advice |
| King & Spalding, LLP | 1185 Avenue of the Americas New York, NY 10036 | Attn: William F. Johnson | Provides litigation legal advice |
| Lenczner Slaght Royce Smith Griffin LLP | 130 Adelaide Street West, Suite 2600 Toronto, Ontario Canada M5H 3P5 | Attn: Peter Osborne | Provides litigation legal advice in Canada |
| McConnell Valdes LLC | 270 Muñoz Rivera Avenue Hato Rey, Puerto Rico 00918 | Attn: Dora Peñagaricano | Provides regulatory legal advice in Puerto Rico |
| Morgan Lewis & Bockius, LLP | 1701 Market St. Philadelphia, PA 19103-2921 | Attn: Gregory Parks | Provides regulatory legal advice |
| Morrison & Foerster LLP | 425 Market Street San Francisco, CA 94105-2482 | Attn: Michael Steel | Provides regulatory legal advice in California |
| Novack and Macey LLP | 100 North Riverside Plaza Chicago, IL 60606-1501 | Attn: Eric Macey | Provides litigation legal advice |
| O'Neill & Borges, LLC | 250 Ave. Muñoz Rivera, Ste. 800 San Juan, P.R. 00918-1813 | Attn: Carlos A. Valldejuly | Provides regulatory advice in Puerto Rico |
| Pettit Kohn Ingrassia & Lutz PC | 11622 El Camino Real, Suite 300 San Diego, California 92130 | Attn: Andrew Kohn | Provides general liability and regulatory legal advice in |
| Polsinelli, P.C. | 150 N. Riverside Plaza Suite 3000 Chicago, IL 60606 | Attn: Mark Gershon | Provides real estate legal advice |
| Quarles & Brady LLP | 300 N. LaSalle Street Suite 4000 Chicago, Illinois 60654 | Attn: Edward Rickert | Provides regulatory legal advice |
| Reed Smith, LLP | 10 South Wacker Drive, 40th Floor Chicago, IL 60606-7507 | Attn: Carolyn Rosenberg | Provides insurance legal advice |
| Richman Greer, P.A. | One Clearlake Centre Suite 1504 250 Australian Avenue South West Palm Beach, FL 33401 | Attn: Gerald F. Richman | Provides litigation legal advice in Florida |

Page 1 of 2

WEIL:\96794843\2\73219.0006

| Professional | Address | Contact | Services Performed By Professional |
|---|---|---|---|
| Sandler, Travis & Rosenberg, P.A. | 225 West Washington Street<br>Suite 1130<br>Chicago, Illinois 60606 | Attn: Mark J. Segrist | Provides customs legal advice |
| Saul Ewing Arnstein & Lehr, LLP | 161 North Clark Street<br>Suite 4200<br>Chicago, IL 60601 | Attn: Mark Enright | Provides litigation legal advice |
| Schuster Aguiló LLC | 221 Ponce de León Ave.<br>15th Floor<br>Hato Rey 00917-3128 Puerto Rico | Attn: Rafi Aguilo | Provides employment legal advice in Puerto Rico |
| Steptoe & Johnson, LLP | 115 South LaSalle Street, Suite 3100 Chicago, IL 60603 | Attn: Michael Dockterman | Provides litigation legal advice |
| Venable LLP | 600 Massachusetts Avenue, NW<br>Washington, DC 20001 | Attn: Michael A. Signorelli Provides | ~~Provides~~ marketing and privacy legal advice |

Page 2 of 2

WEIL:\96794843\2\73219.0006

**Exhibit 2**

**Tier 2 Ordinary Course Professionals**

WEIL:\96794843\2\73219.0006

| Professional | Address | Contact | Services Performed By Professional |
|---|---|---|---|
| Akerman LLP | 50 North Laura Street, Suite 3100 Jacksonville, FL 32202 | Attn: David Otero | Provides tax legal advice |
| Alston & Bird, LLP | The Atlantic Building 950 F Street NW Washington, DC 20004-1404 | Attn: Kendall Houghton | Provides unclaimed property legal advice |
| Atkin, Winner and Sherrod | 1117 South Rancho Drive Las Vegas, Nevada 89102 | Attn: Trevor Atkin | Provides general liability legal advice in Nevada |
| Baker Sterchi Cowden and Rice LLC | 2400 Pershing Road, Suite 500 Kansas City, Missouri 64108-2504 | Attn: Shawn Rogers | Provides general liability legal advice in Missouri |
| Barclay Damon, LLP | Barclay Damon Tower 125 East Jefferson Street Three Fountain Plaza Syracuse, New York 13202 | Attn: Alan Peterman | Provides general liability legal advice in New York |
| Birch, de Jongh & Hindels, PLLC | 1330 Estate Taarnebjerg; PO Box 1197 St Thomas, Virgin Islands 802 | Attn: Richard Farrelly | Provides general liability advice in United States Virgin Islands |
| Bonner Kiernan Trebach & Crociata LLP | 1233 20th Street NW Washington, District of Columbia 20036 | Attn: Joe Bottiglieri | Provides general liability legal advice in the District of Columbia |
| Brown & Brown, LLC | 501 Scoular Building, 2027 Dodge Street Omaha, Nebraska 68102 | Attn: Matt Heffron | Provides general liability legal advice in Nebraska |
| Brown & James, PC | 800 Market Street, Suite 1100 St. Louis, Missouri 63101 | Attn: Justin Chappel | Provides general liability legal advice in Missouri |
| Brown Law Firm, PC | 315 North 24th Street Billings, Montana 59101 | Attn: Kelly Gallinger | Provides general liability legal advice in Montana |
| Camacho Calvo Law Group LLC | 134 W Soledad Ave, Suite 401 Hagatna, Guam 96910 | Attn: Vince Camacho | Provides general liability legal advice in Guam |
| Campbell Woods, PLLC | 1002 Third Avenue Huntington, West Virginia 25719 | Attn: Chris Conley | Provides general liability legal advice in Kentucky |
| Carr, Allison, Pugh, Howard, Oliver and Sisson, P.C. | 100 Vestavia Parkway Birmingham, Alabama 35216 | Attn: Glenn Ireland | Provides general liability legal advice in Alabama |
| Cavaretta, Katona and Leighner, PLLC | One Riverwalk Place, 700 N. St. Mary's Street, Suite 1500 San Antonio, Texas 78205 | Attn: Les Katona | Provides general liability legal advice in Texas |
| Civerolo, Gralow & Hill, A Professional Association | 20 First Plaza Suite 500 Alburquerque, New Mexico 87103 | Attn: Lisa Pullen | Provides general liability legal advice in New Mexico |
| Clapp Moroney Bellagamba Vucinich Beeman & Scheley, A Professional Corporation | 6130 Stoneridge Mall Rd Pleasanton, California 94588 | Attn: Christopher Beeman | Provides general liability legal advice in California |
| Cohen and Lombardo, P.C. | 343 Elmwood Avenue Buffalo, New York 14222 | Attn: Rocco Lucente | Provides general liability legal advice in New York |
| Collinson, Daehnke, Inlow & Greco, Attorneys at Law | 21515 Hawthorne Boulevard, Suite 800 Torrance, California 90503 | Attn: Lisa Collinson | Provides general liability legal advice in California |
| Colon & Colon, P.S.C. | 173 O'Neill Street San Juan, Puerto Rico 00918 | Attn: Francisco J. Colon-Pagan | Provides general liability legal advice in Puerto Rico |
| Corneille Law Group, LLC | 7618 Westward Way Madison, Wisconsin 53717 | Attn: Barrett Corneille | Provides general liability legal advice in Wisconsin |
| Craig, Terrill, Hale & Grantham LLP | 9816 Slide Road, Suite 201 Lubbock, Texas 79424 | Attn: Bob Craig | Provides general liability legal advice in Texas |
| Davenport, Evans, Hurwitz & Smith, LLP | 206 West 14th Street Sioux Falls, South Dakota 57101-1030 | Attn: Eric Schulte | Provides general liability legal advice in South Dakota |
| DeLashmet & Marchand, P.C. | 462 Dauphin Street Mobile, Alabama 36602-2405 | Attn: Pemble DeLashmet | Provides general liability legal advice in Alabama |
| Dinse, Knapp & McAndrew, P.C. | 209 Battery Street Burlington, Vermont 05401 | Attn: Andy MacIlwaine | Provides general liability legal advice in Vermont |
| ~~Eaton Law Office, P.C~~Dykema Gossett, PLLC | 400 Renaissance Center Detroit, MI 48243~~500 Marquette Avenue NW~~ ~~Suite 620~~ | Attn: ~~Scott Eaton~~Todd Gattoni | Provides ~~general liability~~regulatory legal advice in ~~New Mexico~~Michigan |

|  | Albuquerque, New Mexico 87102-5302 |  |  |
|---|---|---|---|
| Eckert Seamans Cherin & Mellott, LLC (Pittsburgh) | 600 Grant Street Pittsburgh, Pennsylvania 15219 | Attn: Tom Sweeney | Provides general liability legal advice in Pennsylvania |
| Freeman Mathis & Gary LLP | 44 Montgomery Street San Francisco, California 94104-6702 | Attn: Jeffrey Allen | Provides general liability legal advice in California |
| Gibley and McWilliams, PC | 524 N. Providence Road; PO Box 1107 Media, Pennsylvania 19063-0807 | Attn: Joseph Gibley | Provides general liability legal advice in Pennsylvania |
| Godin and Baity LLC | 6041 S. Syracuse Way, Suite 310 Greenwood Village, Colorado 80111 | Attn: Stephen Baity | Provides general liability legal advice in Colorado |

| Professional | Address | Contact | Services Performed By Professional |
|---|---|---|---|
| Eaton Law Office, P.C | 500 Marquette Avenue NW Suite 620 Albuquerque, New Mexico 87102-5302 | Attn: Scott Eaton | Provides general liability legal advice in New Mexico |
| Eckert Seamans Cherin & Mellott, LLC (Pittsburgh) | 600 Grant Street Pittsburgh, Pennsylvania 15219 | Attn: Tom Sweeney | Provides general liability legal advice in Pennsylvania |
| Fitzpatrick Lentz & Bubba, P.C. | 4001 Schoolhouse Lane, Center Valley, PA 18034 | Attn: Gretchen L. Geisser Petersen | Provides real estate legal advice |
| Freeman Mathis & Gary LLP | 44 Montgomery Street San Francisco, California 94104-6702 | Attn: Jeffrey Allen | Provides general liability legal advice in California |
| Frilot LLC | 1100 Poydras Street, Suite 3700 New Orleans, LA 70163 | Attn: Leslie W. Ehret | Provides legal advice for non-stayed commercial litigation matters in Louisiana |
| Gibley and McWilliams, PC | 524 N. Providence Road; PO Box 1107 Media, Pennsylvania 19063-0807 | Attn: Joseph Gibley | Provides general liability legal advice in Pennsylvania |
| Godin and Baity LLC | 6041 S. Syracuse Way, Suite 310 Greenwood Village, Colorado 80111 | Attn: Stephen Baity | Provides general liability legal advice in Colorado |
| Goodin Abernathy, LLP | 8900 Keystone Crossing, Ste 1100 Indianapolis, Indiana 46240 | Attn: Karl Popowics | Provides general liability legal advice in Indiana |
| Gruvman, Giordano & Glaws, LLP | 61 Broadway, Suite 2715 New York, New York 10006 | Attn: Charles T. Glaws | Provides general liability legal advice in New York |
| Hack, Piro, O'Day, Merklinger, Wallace & McKenna, P.A. | 30 Columbia Turnpike Florham Park, New Jersey 07932 | Attn: Patrick Sages | Provides general liability legal advice in New Jersey |
| Harman, Claytor, Corrigan and Wellman, P.C. | 4951 Lake Brook Drive, Suite 100 Glen Allen, Virginia 23060-9272 | Attn: Danielle Giroux | Provides general liability legal advice in Virginia |
| Hawley Troxell Ennis & Hawley | 877 W Main Street, Suite 1000 U.S. South Capital Building, 10th Floor Boise, Idaho 83702 | Attn: Stephen Thomas | Provides general liability legal advice in Idaho |
| Haynes, Studnicka, Kahan, O'Neill & Poulakidas, LLC | 200 W. Adams St., Ste. 2175 Chicago, Illinois 60606-5215 | Attn: Shimon Kahan | Provides general liability legal advice in Chicago |
| Henson & Talley, LLP | 114 N. Elm St. Suite 600 Greensboro, North Carolina 27401-2841 | Attn: Perry Henson | Provides general liability legal advice in North Carolina |
| Higgins, Cavanagh and Cooney | 10 Dorrance Street, Suit 400 Providence, Rhode Island 02903 | Attn: Stephen Lang | Provides general liability legal advice in Rhode Island |
| Hill Knotts & Goldman, LLC | 300 N. Meridian Street, Suit 1290 Indianapolis, Indiana 46204 | Attn: Rori Goldman | Provides general liability legal advice in Indiana |
| Horwood Marcus & Berk | 500 West Madison St. Suite 3700 Chicago, IL 60661 | Attn: Fred Marcus | Provides tax and litigation legal advice |
| Hughes, White Colbo, Wilcox & Tervooren LLC | 1029 W. 3rd Avenue, Suite 110 Anchorage, Alaska 99501 | Attn: Jimmy White | Provides general liability legal advice in Alaska |
| Hunt Suedhoff, Kalamaros, LLP | 803 South Calhoun, 9th Floor Fort Wayne, Indiana 46858-1489 | Attn: Tim DeGroote | Provides general liability legal advice in Indiana |
| Hunter and Foster PA | 14 Manly Street Suite 4 Greenville, South Carolina 29601 | Attn: Lawrence Hunter | Provides general liability legal advice in South Carolina |
| Ice Miller LLP | One American Square Suite 2900 Indianapolis, IN 46282-0200 | Attn: Christina Fugate | Provides real estate legal advice |
| Jenkins Fenstermaker PLLC | 325 Eighth Street Huntington, West Virginia 25701-2225 | Attn: Lee Murray Hall | Provides general liability legal advice in West Virginia |
| Johnson & Bell, Ltd. | 33 West Monroe Street, Suite 2700 Chicago, Illinois 60603-5404 | Attn: Robert Burke | Provides general liability legal advice in Illinois |
| Kalbaugh, Pfund & Messersmith, PC | 901 Moorefield Park Drive, Suite 200 Richmond, Virginia 23235 | Attn: John Messersmith | Provides general liability legal advice in Virginia |
| Kean Miller LLP | 400 Convention Street, Suite 700 Baton Rouge, Louisiana 70802 | Attn: Scott Huffstetler | Provides general liability legal advice in Louisiana |

WEIL:\96794843\2\73219.0006

| Professional | Address | Contact | Services Performed By Professional |
|---|---|---|---|
| Kemp Smith, LLP | 221 North Kansas, Suite 1700 El Paso, Texas 79901 | Attn: Kim Lowry | Provides general liability legal advice in Texas |
| Law Office of Brian J. Donegan, LLC | 607 North Avenue, Suite 12-7, 2nd Floor Wakefield, Massachusetts 01880 | Attn: Brian Donegan | Provides general liability legal advice in Massachusetts |
| Law Office of David F. Szewczyk | One Cumberland Place, Suite 314 Bangor, Maine 04401 | Attn: David Szewczyk | Provides general liability legal advice in Maine |
| Leitner, Williams, Dooley and Napolitan, PLLC | 200 W. Martin Luther King Blvd. Suite 500 Chattanooga, Tennessee 37402 | Attn: Tony Noel | Provides general liability legal advice in Tennessee |
| Litchfield Cavo LLP | 1515 Market Street, Suite 1220 Philadelphia, Pennsylvania 19102 | Attn: Robert Sanzo | Provides general liability legal advice in Pennsylvania |
| Lynch Dallas, P.C. | 526 Second Ave SE Cedar Rapids, Iowa 52401 | Attn: Scott McLeod | Provides general liability legal advice in Iowa |
| Magnani & Buck, Ltd. | 321 South Plymouth Court Chicago, Illinois 60604 | Attn: Thomas Buck | Provides general liability legal advice in Illinois |
| Maire & Deedon | 2851 Park Marina Drive Suite 300 Redding, California 96001 | Attn: Patrick Deedon | Provides general liability legal advice in California |
| Marlow Connell Abrams Adler Newman & Lewis | 4000 Ponce de Leon Blvd., Suite 570 Coral Gables, Florida 33146 | Attn: Joel Adler | Provides general liability legal advice in Florida |
| Mayer Brown LLP | 71 S. Wacker Drive Chicago, IL 60606 | Attn: Heather Adkerson | Provides commercial transaction legal advice |
| Mazanec, Raskin & Ryder Co., L.P.A | 175 South Third Street, Suite 1000 Columbus, Ohio 43215 | Attn: Lisa Gentile | Provides general liability legal advice in Ohio |

WEIL:\96794843\2\73219.0006

| Professional Minino Abogados, S.R.L. | Address Torre Citigroup, Acropolis Center, Piso 11, Av. Winston Churchill 1099 Santo Domingo, Dominican Republic | Contact Attn: Carla Gonzalez | Provides litigation legal advice in the Dominican Republic Services Performed By Professional |
|---|---|---|---|
| Moffett, Vitu, Lascoe, Packus and Sims | 255 East Brown St, Ste 340 Birmingham, Michigan 48036 | Attn: Jerry Lascoe | Provides general liability legal advice in Michigan |
| Moore & Biser PLLC | 317 Fifth Avenue South Charleston, West Virginia 25301 | Attn: Michael Moore | Provides general liability legal advice in West Virginia |
| Murane & Bostwick, LLC | 201 N. Walcott Casper, Wyoming 82601-1930 | Attn: James Worthen | Provides general liability legal advice in Wyoming |
| Murphy & Landon, P.A. | 1011 Centre Road, Suite 210 Wilmington, Delaware 19805 | Attn: Roger Landon | Provides general liability legal advice in Delaware |
| Nelson Mullins Riley & Scarborough LLP | Meridian, 17th Floor, 1320 Main Street Columbia, South Carolina 29201 | Attn: Timothy McKissock | Provides general liability legal advice in South Carolina |
| O'Hagan Spencer, LLP | 1 E. Wacker Drive, #3400 Chicago, Illinois 60601 | Attn: Jim Balog | Provides general liability legal advice in Illinois |
| O'Meara, Leer, Wagner & Kohl, P.A | 7401 Metro Boulevard, Suite 600 Minneapolis, Minnesota 55439-3034 | Attn: Timothy Leer | Provides general liability legal advice in Minnesota |
| Orr & Reno P.A | 45 S. Main Street Concord, New Hampshire 03301 | Attn: Robert Carey | Provides general liability legal advice in New Hampshire |
| Pansing, Hogan, Ernst & Bachman LLP | 10250 Regency Cir., Suite 300 Omaha, Nebraska 68114 | Attn: David Welch | Provides general liability legal advice in Nebraska |
| Perrier & Lacoste, LLC | 365 Canal Street, Suite 2550 New Orleans, Louisiana 70130 | Attn: Curt Rome | Provides general liability legal advice in Louisiana |
| Pitzer Snodgrass, P.C. | 100 South Fourth Street, Suite 400 St. Louis, Missouri 63102 | Attn: Donald O'Keefe | Provides general liability legal advice in Missouri |
| Pond North LLP | 355 South Grand Ave., 43rd Floor Los Angeles, CA 90071 | Attn: Frank Pond | Provides asbestos litigation legal advice |
| Posternak Blankstein & Lund LLP | 800 Boylston Street, 32nd Floor Boston, MA 02199 | Attn: Paul White | Provide general liability legal advice in Massachusetts |
| Ranalli Zaniel Fowler & Moran, LLC | 2400 W. Horizon Ridge Parkway Henderson, Nevada 89052 | Attn: George Ranalli | Provides general liability legal advice in Nevada |

| Professional | Address | Contact | Services Performed By Professional |
|---|---|---|---|
| Rhodes Hieronymus Jones Tucker & Gable, PLLC | 2 West Second, Suite 1000 Tulsa, Oklahoma 74103 | Attn: Dan Folluo | Provides general liability legal advice in Oklahoma |
| Rumberger, Kirk and Caldwell | 80 S.W. 8th Street, Suite 3000 Miami, Florida 33130 | Attn: Jacey Kaps | Provides general liability legal advice in Florida |
| Sánchez-Betances, Sifre & Muñoz-Noya, P.S.C | 33 Bolivia Street 5th Floor San Juan, Puerto Rico 00917 | Attn: Adrian Sanchez | Provides general liability legal advice in Puerto Rico |
| Schneider and Onofry, P.C. | 3101 North Central Avenue, Suite 600 Phoenix, Arizona 85012 | Attn: Jon Schneider | Provides general liability legal advice in Arizona |
| Schutte, Terhoeve, Richardson, Eversberg, Cronin, Judice & Boudreaux, L.L.P. | 501 Louisiana Avenue Baton Rouge, Louisiana 70802 | Attn: David Ziober | Provides general liability legal advice in Louisiana |
| Schwabe, Williamson and Wyatt P.C. | 1211 S.W. Fifth Avenue Portland, Oregon 97204 | Attn: Jennifer Campbell | Provides general liability legal advice in Oregon |
| Seeley, Savidge, Ebert & Gourash, LPA | 800 Bank One Center 26600 Detroit Road Cleveland, Ohio 44145-2397 | Attn: Keith Savidge | Provides general liability legal advice in Ohio |
| Serkland Law Firm | 10 Roberts Street, P.O. 6017 Fargo, North Dakota 58108-6017 | Attn: Jane Dynes | Provides general liability legal advice in North Dakota |
| Simmons Jannace DeLuca, LLP | 43 Corporate ~~Drive~~ DriveProvides Hauppauge, New York 11788 | Attn: Steve Jannace | ~~Provides~~ general liability legal advice in New York |
| Sisselman & Schwartz, LLP | 75 Livingston Avenue Roseland, New Jersey 07068 | Attn: Marty Sisselman | Provides general liability legal advice in New Jersey |
| Smith Cohen & Horan PLC | 1206 Garrison Avenue Fort Smith, Arkansas 72901 | Attn: Stephen Smith | Provides general liability legal advice in Arkansas |
| SmithAmundsen LLC | 330 East Kilbourn Avenue, Suite 1100, Tower 1 Milwaukee, Wisconsin 53202-3170 | Attn: Paul Werkowski | Provides general liability legal advice in Wisconsin |
| Snow, Christensen and Martineau | 10 Exchange PL STE 1100 Salt Lake City, Utah 84111-2701 | Attn: Rodney Parker | Provides general liability legal advice in Utah |
| Sobel Pevzner, LLC fka Lynch Rowin | 464 New York Avenue Huntington, New York 11743 | Attn: Tom Lynch | Provides general liability legal advice in New York |

WEIL:\96794843\2\73219.0006

| Professional | Address | Contact | Services Performed By Professional |
|---|---|---|---|
| Strawinski and Stout, P.C. | 3340 Peachtree Road NE, Tower Place 100, Suite 1445 Atlanta, Georgia 30326 | Attn: Jim Strawinski | Provides general liability legal advice in Georgia |
| Sugarman, Rogers, Barshak and Cohen, P.C. | 101 Merrimac Street Boston, Massachusetts 02114-4737 | Attn: Andrea Studley Knowles | Provides general liability legal advice in Massachusetts |
| Swanson, Martin & Bell, LLP | 330 N. Wabash Suite 3300 Chicago, IL 60611 | Attn: Margaret O. Byrne | Provides asbestos litigation legal advice |
| Thomas, Thomas & Hafer, LLP | Cross Creek point, 1065 Highway 315, Suite 205 Wilkes-Barre, Pennsylvania 18705 | Attn: Ryan Blazure | Provides general liability legal advice in Pennsylvania |
| Thompson Brody & Kaplan, LLP | 161 North Clark Street, Suite 3575 Chicago, IL 60601 | Attn: Robert E. Wilens | Provides litigation legal advice |
| Thompson, Coe, Cousins & Irons, LLP | 700 North Pearl Street, 25th Floor Dallas, Texas 75201-2832 | Attn: Barry Moscowitz | Provides general liability legal advice in Texas |
| Trotta, Trotta & Trotta LLC | 900 Chapel Street New Haven, Connecticut 06503 | Attn: Erica Todd-Trotta | Provides general liability legal advice in Connecticut |
| Upton, Mickits and Heymann, LLP | Frost Bank Plaza 802 N. Caranchua, Suite 450 Corpus Christi, Texas 78401 | Attn: Kevin Mickits | Provides general liability legal advice in Texas |
| Van De Poel, Levy, Arneal & Serot, LLP | 1600 South Main Plaza, Suite 325 Walnut Creek, California 94596 | Attn: Jennifer Thomas | Provides general liability legal advice in California |
| Vidaurri, Lyde, Rodriguez & Haynes, LLP | 202 N. 10th Ave. 202 N. 10th Ave. Edinburg, Texas 78520 | Attn: Steven Vidaurri | Provides general liability legal advice in Texas |
| Wagner Saenz Dority, L.L.P. | 1010 Lamar Street, Suite 425 Houston, Texas 77002 | Attn: Jason Wagner | Provides general liability and regulatory legal advice in Texas |

WEIL:\96794843\2\73219.0006

| Professional | Address | Contact | Services Performed By Professional |
|---|---|---|---|
| Wanger Jones Helsley PC | 265 E. River Park Circle, Suite 310 Fresno, California 93720 | Attn: Michael Helsley | Provides general liability legal advice in California |
| Ward, Hocker & Thornton, PLLC | 333 West Vine Street, Suite 1100 Lexington, Kentucky 40507 | Attn: Gregg Thornton | Provides general liability legal advice in Kentucky |
| Wells, Marble, and Hurst, PLLC | 300 Concourse Boulevard, Suite 200 Ridgeland, Mississippi 39157 | Attn: Thomas Louis | Provides general liability legal advice in Mississippi |
| Wilbraham, Lawler & Buba | 1818 Market Street, Suite 3100 Philadelphia, Pennsylvania 19103 | Attn: Douglas Eisler | Provides general liability legal support in Pennsylvania |
| Willenken Wilson Loh & Delgado LLP | 707 Wilshire Boulevard, Suite 3850 Los Angeles, California 90017 | Attn: Paul J. Loh | Provides litigation legal advice |
| Williams Kastner & Gibbs, PLLC | Two Union Square 601 Union Street, Suite 4100 Seattle, Washington 98101-2380 | Attn: Robert Manlowe | Provides general liability legal advice in Washington |
| Womble Bond Dickinson (US) LLP | One West Fourth Street Winston-Salem, North Carolina 27101 | Attn: Mason Freeman | Provides general liability legal advice in North Carolina |
| Yoshimoto Law Group LLLC | 201 Merchant Street, Suite 244020 888 Mililani Street Honolulu, Hawaii 96813 | Attn: Donna Yoshimoto | Provides general liability legal advice in Hawaii |

WEIL:\96794843\2\73219.0006

| Summary report: Litéra® Change-Pro TDC 10.1.0.800 Document comparison done on 11/9/2018 12:36:15 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** OCP SCHEDULES_Filed.pdf | |
| **Modified filename:** OCP SCHEDULES_For Entry.pdf | |
| **Changes:** | |
| Add | 28 |
| Delete | 36 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 22 |
| Table Delete | 6 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 92 |

**Exhibit 3**

**Ordinary Course Professional Affidavit**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
In re                                              :
                                                   :        Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                :
                                                   :        Case No. 18-23538 (RDD)
                                                   :
             Debtors.¹                             :        (Jointly Administered)
-------------------------------------------------------x
```

AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,

ON BEHALF OF _____

STATE OF _____    )
                       ) s.s.:
COUNTY OF _____   )

_____, being duly sworn, upon his oath, deposes and says as follows:

9.    I  am  a  _____  of  _____,  located  at

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

~~The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "Additional Debtors").  The Additional Debtors each filed a motion in their respective chapter 11 cases requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules."~~

_____ (the "**Firm**").

10.     Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have requested that the Firm provide _____ services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

11.     The     Services     include,     but     are     not     limited     to,     the     following: _____ _____.

12.     The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases.  The Firm does not perform services for any such person in connection with these chapter 11 cases.  In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

13.     Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

14.     Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

15.      As of the commencement of this chapter 11 case, the Debtors owed the Firm $_____ in respect of prepetition services rendered to the Debtors.

16.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

         Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on _____, 2018, at _____.

_____
Affiant Name

SWORN TO AND SUBSCRIBED before
Me this ___ day of _____, 2018

_____
Notary Public

3

**Exhibit 2~~4~~**

**Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                      :
                                                           :        Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                      :
                                                           :        Case No. 18-23538 (RDD)
                                                           :
          Debtors.[1]                                      :        (Jointly Administered)
------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Sears Holdings Corporation and
its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**").

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate.
If more space is needed, please complete on a separate page and attach.

> 2.       Name and address of professional:

> _____

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "Additional Debtors").  The Additional Debtors each filed a motion in their respective chapter 11 cases requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules."

WEIL:\96794843\2\73219.0006

_____

_____

2.      Date of retention:  _____

3.      Type of services to be provided:

_____

_____

4.      Brief description of services to be provided:

_____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.):

_____

(a)      Average hourly rate (if applicable):  _____

2

(b)    Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

_____

6.    Prepetition claims against the Debtors held by the company:

Amount of claim:  $_____

Date claim arose:  _____

Nature of claim:  _____

7.    Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

Name:  _____

Status:  _____

Amount of claim:  $_____

Date claim arose:  _____

Nature of claim:  _____

_____

_____

_____

8.    Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the professional is to be employed:

_____

_____

_____

_____

3

9.      Name and title of individual completing this form:

_____

Dated: _____, 2018

WEIL:\96794843\2\73219.0006

**Exhibit 3**
**Tier 1 Ordinary Course Professionals**

WEIL:\96794843\2\73219.0006

**Exhibit 4**
**Tier 2 Ordinary Course Professionals**