WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :       Chapter 11
                                        :
SEARS HOLDINGS CORPORATION, et al.,     :       Case No. 18-23538 (RDD)
                                        :
            Debtors.¹                    :       (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

## CERTIFICATE OF NO OBJECTION REGARDING
## MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE DEBTORS AND CLAIMING A WORTHLESS STOCK DEDUCTION

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1.       Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On October 15, 2018, the Debtors filed the *Motion of Debtors for Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming a Worthless Stock Deduction* (ECF No. 20) (the "**Motion**").

2.       On October 16, 2018, the Court entered an order granting the relief requested in the Motion on an interim basis (ECF No. 109) (the "**Interim Order**").

3.       The Debtors served the Motion and the Interim Order as reflected in the affidavit of service filed at ECF No. 261.

4.       The Interim Order established a deadline of November 8, 2018 at 4:00 p.m. (Eastern Time) (the "**Objection Deadline**"). The *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage

2

of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

5.    The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading, or request for a hearing with respect to the Motion has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors.

6.    Accordingly, the Debtors respectfully request that the proposed order granting the relief requested in the Motion on a final basis, annexed hereto as **Exhibit A**, be entered in accordance with the Amended Case Management Order.  A redline of the revised proposed final order marked against the proposed final order annexed as **Exhibit B** to the Motion is annexed hereto as **Exhibit B**.

I declare that the foregoing is true and correct.

Dated: November 12, 2018
      White Plains, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

WEIL:\96796451\1\73217.0004

## Exhibit A

## Revised Proposed Final Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
In re                                    :
                                         :       Chapter 11
SEARS HOLDINGS CORPORATION, et al.,      :
                                         :       Case No. 18-23538 (RDD)
                                         :
              Debtors.[1]                :       (Jointly Administered)
-----------------------------------------------------------------x
```

### FINAL ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE DEBTORS AND CLAIMING CERTAIN WORTHLESS STOCK DEDUCTIONS

Upon the motion, dated October 15, 2018 (ECF No. 20) (the "**Motion**")[2] of Sears

Holdings Corporation ("**SHC**") and its debtor affiliates, as debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a)

and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of interim and

final orders establishing procedures to protect the potential value of the Debtors' consolidated net

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

WEIL:\96795354\5\73217.0004

operating loss carryforwards (the "**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the final relief sought in the Motion having been provided in accordance with the Amended Case Management Order and as set forth in the affidavit of service filed with respect thereto (ECF No. 58), and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having held a hearing on October 15, 2018 to consider the relief requested in the Motion on an interim basis (the "**Interim Hearing**"); and the Court having entered an order granting the relief requested in the motion on an interim basis (ECF No. 109) (the "**Interim Order**") and scheduling a final hearing on the Motion on November 15, 2018 (the "**Final Hearing**"); and the Final Hearing having been held to consider the relief requested in the Motion on a final basis on November 15, 2018; and upon the First Day Declaration filed contemporaneously with the Motion, the record of and representations made at the Interim Hearing and the Final Hearing, and all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      The provisions of this Order shall be effective *nunc pro tunc* to the Commencement Date.

3.      The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply to all trading and transfers of interests in, and Claims against, the Debtors and all worthless stock deductions claims with respect to interests in the Debtors.

4.      Any acquisition, disposition, or trading of SHC Securities or Claims against the Debtor or worthless stock deduction claim with respect to SHC Securities in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5.      Any person or Entity that acquires, disposes of, or trades SHC Securities or Claims against the Debtor in violation of this Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a worthless stock deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, **Exhibit 6**, **Exhibit 7**, **Exhibit 8** and **Exhibit 9** are hereby approved.

7.      Within three (3) business days of the entry of this Order, the Debtors shall send the notice of this Order (the "**Notice of Final Order**") annexed hereto as **Exhibit 10** to all

3

parties that were served with notice of the Motion, publish the Notice of Final Order once in the national edition of *The New York Times*, and post the Procedures to the website established by Prime Clerk LLC for these chapter 11 cases (which website address shall be identified in the Notice of Final Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

8.       Nothing herein shall preclude any person or Entity desirous of purchasing or transferring any interest in, or Claims against, the Debtors or making worthless stock deduction claims with respect to any interest in the Debtors from requesting relief from this Order from this Court, subject to the Debtors' rights to oppose such relief.

9.       Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10.      The relief granted in this Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Order expressly conditions or restricts trading in interests in, or Claims against, the Debtor or making worthless stock deduction claims with respect to interests in the Debtors, nothing in this Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in, or Claims against, the Debtors, including in connection with the treatment of any such interests under any chapter 11 Plan or any applicable bankruptcy court order.

11.      The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

4

12.     The entry of this Order shall in no way be deemed a determination that entry of a Sell-Down Notice is necessary or warranted in these chapter 11 cases, and this Court's review of any future request for entry of a Sell-Down Notice shall be without regard to the entry of this Order.

13.     Notwithstanding anything contained in the Motion, the Interim Order or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

14.     To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

15.     The entry of this Order shall in no way prejudice the rights of any part to oppose the entry of a Sell-Down Notice, on any grounds, and all such rights are expressly preserved hereby.

16.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

WEIL:\96795354\5\73217.0004

18.    The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____, 2018
           White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\96795354\5\73217.0004

## **Exhibit 1 to Final Order**

**Procedures**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                        :
                                             :        Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,        :
                                             :        Case No. 18-23538 (RDD)
                                             :
         Debtors.[1]                         :        (Jointly Administered)
---------------------------------------------------------------x

### NOTICES, RESTRICTIONS, AND OTHER PROCEDURES REGARDING OWNERSHIP AND TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE DEBTORS, AND CLAIMING CERTAIN WORTHLESS STOCK DEDUCTIONS

**TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions* (the "**Final Order**") entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on _____, 2018, Docket No. ____, the following restrictions, notification requirements, and/or other procedures

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

(collectively, the "**Procedures**") apply to all trading and transfers of interests in, and Claims[2] against, the Debtors and all claims of worthless stock deductions with respect to interests in the Debtors.

## A.      SHC Securities Restrictions

(1)      <u>Definitions</u>.  For purposes of these Procedures, the following terms have the following meanings:

(a)      "**SHC**" shall mean Sears Holdings Corporation.

(b)      "**Common Stock**" shall mean any common stock issued by SHC.

(c)      "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

(d)      "**SHC Securities**" shall mean, collectively, Common Stock and any other interest in a Debtor treated as stock within the meaning of Treasury Regulations sections 1.382-2(a)(3) and 1.382-2T(f)(18) (other than any such stock or interest held by a Debtor).  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire SHC Securities may be treated as the owner of such SHC Securities.

(e)      "**Beneficial ownership**" of SHC Securities and Options to acquire SHC Securities shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service (the "**IRS**"), and, thus, to the extent provided in those sources, from time to time shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire SHC Securities.

(f)      "**Substantial Securityholder**" shall mean any "entity" (as such term is defined in Treasury Regulations section 1.382-3(a), an "**Entity**") or person that beneficially owns at least 5,177,155 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock) or at least 4.75% of any other class of SHC Securities.

---

[2] Capitalized terms used but not defined herein (in particular, see definitions in paragraphs A(1) and B(1) below) shall have the meanings ascribed to them in the Final Order.

WEIL:\96795354\5\73217.0004

(g)    "**Majority Securityholder**" shall mean (i) any person that beneficially owns at least 51,771,556 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or (ii) any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of SHC Securities if such person claimed a Worthless Stock Deduction at any time on or after the Commencement Date.

(2)    Notice of Substantial Ownership.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, SHC Securities in an amount sufficient to qualify such person or Entity as a Substantial Securityholder shall file with the Bankruptcy Court, and serve upon (a) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179 (Attn: Luke Valentino); (b) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ray C. Schrock, P.C.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), as proposed counsel to the Debtors; (c) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); and (d) counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**") (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Security Ownership Notice**"), in substantially the form annexed to the Final Order as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Securityholder.  At the election of the Substantial Securityholder, the Substantial Security Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Security Ownership Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(3)    Acquisition of SHC Securities.  At least twenty (20) business days prior to the proposed date of any transfer of SHC Securities or exercise of any Option to acquire SHC Securities that would result in an increase in the amount of SHC Securities beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Securityholder (a "**Proposed Acquisition Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate SHC Securities (an "**Acquisition Notice**"), in substantially the form annexed to the Final Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Substantial Securityholder, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(4)    Disposition of SHC Securities.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition of SHC Securities that would result in either a decrease in the amount of SHC Securities beneficially owned by a Substantial

Securityholder or a person's or Entity's ceasing to be a Substantial Securityholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer SHC Securities (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Final Order as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction. At the election of the Substantial Securityholder, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(5)    Notice of Status as a Majority Securityholder. Any person that currently is or becomes a Majority Securityholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Securityholder Notice**"), in substantially the form annexed to the Final Order as **Exhibit 5**, which describes specifically and in detail such person's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person qualifies as a Majority Securityholder. At the election of the Majority Securityholder, the Majority Securityholder Notice to be filed with the Bankruptcy Court (but not the Majority Securityholder Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(6)    Notice of Intent to Claim a Worthless Stock Deduction. At least twenty (20) business days before a Majority Securityholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Securityholder ending on or before the effective date of the Plan, such Majority Securityholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Final Order as **Exhibit 6**. At the election of the Majority Securityholder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(7)    Objection Procedures. The Debtors and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, or a Majority Securityholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice. If the Debtors or any Creditors' Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved

4

by a final and nonappealable order of the Bankruptcy Court. If neither the Debtors nor any Creditors' Committee file an Objection by the Objection Deadline or if the Debtors and any and all Creditors' Committees provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Shareholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice. Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

**B.**    **Claims Restrictions**

(1)    Definitions. For purposes of these Procedures, the following terms have the following meanings:

(a)    "**SHC**" shall mean Sears Holdings Corporation.

(b)    "**Post-Emergence SHC**" means the reorganized Debtors or any successor thereto.

(c)    "**New SHC Stock**" means the common stock and any other equity securities (including securities that are treated as equity securities for U.S. federal income tax purposes) of Post-Emergence **SHC**, including Options to acquire the same.

(d)    "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "**Treasury Regulations**"), including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

(e)    A "**Claim**" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors, whether secured or unsecured, other than claims under or in connection with the Debtors' proposed debtor in possession financing facility (the "**DIP Loan**").

(f)    An "**Option**" includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(g)    A "**382(l)(5) Plan**" means a plan of reorganization (a "**Plan**") that contemplates the use of section 382(l)(5) of the title 26 of the United States Code (the "**Tax Code**") by a reorganized debtor to obtain certain incremental tax benefits.

(h)    "**Beneficial ownership**" of a Claim or Owned Interest means:

(i)    the beneficial ownership of a Claim or Owned Interest (as hereinafter defined) as determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, and rulings issued by the Internal Revenue Service (the "**IRS**") (for such purpose, a Claim is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without

5

limitation, (A) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all Claims or Owned Interests owned or acquired by its subsidiaries), (B) ownership by a holder's family members, and (C) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims, Owned Interests, and/or stock; and

(ii) the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest.

(iii) For the avoidance of doubt, beneficial ownership of a Claim or Owned Interests also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim or Owned Interests pursuant to a Plan or any applicable bankruptcy court order.

(i)    "**Threshold Amount**" means an amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including under the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock. For this purpose, the beneficial ownership of an Option to acquire Owned Interests shall be considered beneficial ownership of Owned Interests.

Notwithstanding the foregoing, if a beneficial owner of Claims does not agree to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) or to dispose of immediately any such Owned Interests or Options (if acquired on or after the Commencement Date but prior to submitting its Notice of Substantial Claim Ownership (as hereinafter defined)), the Threshold Amount for such beneficial owner of Claims shall be the "**Minimum Threshold Amount**," which shall be the amount of Claims beneficially owned by a holder of Claims continuously from the Commencement Date to the Sell-Down Date (as hereinafter defined).

(j)    A "**Substantial Claimholder**" means any person or Entity that **beneficially** owns an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims against the Debtors, of more than the Threshold Amount, excluding Claims under or in connection with the DIP Loan.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when a person's or Entity's status as a Substantial Claimholder (for such purpose, a Claim is treated as if it were stock).

(k)    "**Applicable Percentage**" means, if only one class of New SHC Stock is to be issued pursuant to the terms of a 382(*l*)(5) Plan and holders within each class of Claims receiving New SHC Stock will receive a pro rata distribution of the New SHC Stock, 4.5% of the number of shares of New SHC Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(*l*)(5) Plan, as determined for U.S. federal income tax purposes.

6

If more than one class of New SHC Stock is to be distributed pursuant to the terms of a 382(*l*)(5) Plan or if holders within a class of Claims may receive a disproportionate distribution of New SHC Stock relative to other holders in the same class, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed (as reflected in the valuation analysis set forth in the 382(*l*)(5) Plan and disclosure statement) and shall be expressed in a manner that makes clear the number of shares or other interests in each class of New SHC Stock that would constitute the Applicable Percentage.

(l)      "**Holdings Report**" means a Notice of Substantial Claim Ownership (as hereinafter defined) received by the Debtors with respect to the Determination Date.

(m)      "**Maximum Amount**" means the maximum amount of Claims (by class or other applicable classification of Claims) that may be held, as of the effective date of the 382(*l*)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Determination Date, which the Debtors shall calculate as follows:

(i)      Based upon the information provided by the Substantial Claimholders in the Holdings Reports, the Debtors shall calculate the aggregate amount of Claims that all such Substantial Claimholders must sell as a group to effectuate the 382(*l*)(5) Plan (the "**Sell-Down Amount**");

(ii)      The Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, (x) the numerator of which is the amount, if any, of Claims identified in such Substantial Claimholder's Holdings Report minus the greater of (A) the applicable Threshold Amount and (B) the Protected Amount for such Substantial Claimholder, and (y) the denominator of which is the aggregate amount of Claims identified in all of the Substantial Claimholders' Holdings Reports minus the greater of (A) the aggregate applicable Threshold Amount for all Substantial Claimholders and (B) the aggregate Protected Amount of all Substantial Claimholders; and

(iii)      For each such Substantial Claimholder, the Debtors shall subtract from the total Claims held by such Substantial Claimholder (as reported in the Holdings Report) such Substantial Claimholder's *pro rata* share of the Sell-Down Amount.  The difference shall be the Maximum Amount.

(n)      "**Newly Traded Claims**" means Claims (i) with respect to which a person or Entity acquired beneficial ownership after the date that was eighteen (18) months prior to the Commencement Date and (ii) that are not "ordinary course" Claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same person or Entity always has had beneficial ownership.

(o)      A "**Permitted Transferee**" with respect to a Substantial Claimholder is a person or Entity whose holding of a Claim would not result in such Substantial Claimholder having beneficial ownership of such Claim.

(p)      "**Protected Amount**" means the amount of Claims (by class or other applicable classification) of which a holder had beneficial ownership on the Commencement Date *plus* the

7

amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Commencement Date, but that had not yet closed as of the Commencement Date, and the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Commencement Date that have been approved by the Debtors in accordance with these Procedures *minus* the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Commencement Date, but that had not yet closed as of the Commencement Date.

(2)    Disclosure of 382(*l*)(5) Plan.  If the proponent of a Plan (a "**Plan Proponent**") determines that the reorganized Debtors likely will benefit from the application of section 382(*l*)(5) of the Tax Code and reasonably anticipates that Post-Emergence SHC  will invoke such section, then the Plan Proponent, in proposing a 382(*l*)(5) Plan, shall disclose in its proposed disclosure statement or, in the case of items (3) through (5) below, a later separate notice (collectively, the "**Proposed 382(*l*)(5) Disclosure Statement**"):

(a)    Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(*l*)(5) of the Tax Code that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

(b)    A summary of any restrictions expected to be imposed on the transferability of securities issued under the Plan in order to preserve such incremental tax benefits;

(c)    The (i) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in New SHC Stock and (ii) the number of any of the specified interests ("**Owned Interests**") in the Debtors expected to result in a one-percent (1%) interest in New SHC Stock, in each case based upon then-available information;

(d)    A specified date (the "**Determination Date**") that is not less than ten (10) calendar days after the service of the notice of the hearing with respect to the Proposed 382(*l*)(5) Disclosure Statement; and

(e)    A specified date (the "**Reporting Deadline**") that is not less than five (5) calendar days after the Determination Date, by which persons or Entities must serve on various parties the notice required by these Procedures (the "**Notice of Substantial Claim Ownership**").

In the event that items (c) through (e) above are disclosed in a separate notice after the filing of the proposed disclosure statement, such items shall also be disclosed in a separate filing with the Securities and Exchange Commission on Form 8-K.

(3)    Notice of Substantial Claim Ownership.

8

(a)     Any person or Entity that beneficially owns either (i) more than a specified amount of Claims[3] or (ii) a lower amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock, in each case as of the Determination Date, shall serve upon the Plan Proponent, its counsel, counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**"), and counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**") a Notice of Substantial Claim Ownership, in substantially the form annexed to the Final Order as **Exhibit 7** (or as adjusted and annexed to the Proposed 382(*l*)(5) Disclosure Statement) on or before the Reporting Deadline. Such person or Entity also shall set forth in the Notice of Substantial Claim Ownership its beneficial ownership, if any, of any Owned Interests and whether it agrees to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) until after the effective date of the 382(*l*)(5) Plan and to immediately dispose of any Owned Interests or Options (if acquired on or after the Commencement Date and prior to submitting its Notice of Substantial Claim Ownership). A person or Entity that is required to file a Notice of Substantial Claim Ownership may or may not be a "Substantial Claimholder". The standard for a person's or Entity's being required to file a Notice of Substantial Claim Ownership is different than the definition of a Substantial Claimholder. At the election of the Substantial Claimholder, the Notice of Substantial Claim Ownership to be filed with the Bankruptcy Court (but not the Notice of Substantial Claim Ownership that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(b)     In order to assist in determining their eligibility to avail themselves of the relief set forth in section 382(*l*)(5) of the Tax Code, the Debtors may request[4] from any person or Entity that beneficially owns either (i) more than a specified amount of Claims (which may be expressed by class or type of Claim(s), if applicable) or (ii) a lower amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock, in each case as of the date specified in such request, information regarding its beneficial ownership of Claims and Owned Interests (and Options to acquire the same) prior to the filing of the Proposed 382(*l*)(5) Disclosure Statement, in a manner consistent with these Procedures. In addition, the Debtors shall disclose such request in a separate filing with the Securities and Exchange Commission on Form 8-K.

(c)     Any person or Entity that fails to comply with its notification obligations set forth in this paragraph shall, in addition to the consequences set forth in paragraph B(5)(g) below, be subject to such remedy as the Bankruptcy Court may find appropriate upon motion by the Debtors,

---

[3] This "specified amount" is to be reasonably established by the Plan Proponent, taking into account the terms of the 382(*l*)(5) Plan, and disclosed in the Proposed 382(*l*)(5) Disclosure Statement. The "specified amount" may be expressed by class or type of Claim(s), if applicable.

[4] For purposes of making this determination, such request shall include information comparable to the information that would be required in a Proposed 382(*l*)(5) Disclosure Statement pursuant to these Procedures.

after service of the motion upon such person or Entity and a hearing on the motion in accordance with the Federal Rules of Bankruptcy Procedure, including, without limitation, ordering such noncompliant person or Entity to divest itself promptly of any beneficial ownership of Claims to the extent of such person's or Entity's ownership of an Excess Amount (as defined herein) and imposing monetary damages for any costs reasonably incurred by the Debtors that were caused by the violation and enforcement of this paragraph.

(4)    Claims Trading Before and After Determination Date.

(a)    Any person or Entity generally may trade freely and make a market in Claims until the Determination Date.

(b)    After the Determination Date, any acquisition of Claims by a person or Entity who filed or was required to file a Notice of Substantial Claim Ownership or by a person or Entity who would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each, a "**Proposed Claims Transferee**") shall not be effective unless consummated in compliance with these Procedures.

(c)    At least ten (10) business days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (a "**Proposed Claims Acquisition Transaction**"), such Proposed Claims Transferee shall serve upon the Plan Proponent, its counsel, counsel to the DIP Lenders, and counsel to any Creditors' Committee a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "**Claims Acquisition Request**"), in substantially the form annexed to the Final Order as **Exhibit 8,** which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.  At the election of the Substantial Claimholder, the Claims Acquisition Request to be filed with the Bankruptcy Court (but not the Claims Acquisition Request that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(d)    The Plan Proponent may determine, in consultation with counsel to any Creditors' Committee and counsel to the DIP Lenders, whether to approve a Claims Acquisition Request.  If the Plan Proponent does not approve a Claims Acquisition Request in writing within eight (8) business days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

(5)    Creditor Conduct and Sell-Down.

(a)    To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of the Final Order, any Substantial Claimholder that participates in formulating any chapter 11 Plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a Plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has a beneficial ownership are Newly Traded Claims, unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided,*

WEIL:\96795354\5\73217.0004

*however*, that the following activities shall not constitute participation in formulating a Plan *if*, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims:  filing an objection to a proposed disclosure statement or to confirmation of a proposed Plan; voting to accept or reject a proposed Plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to counsel to the Debtors; holding general membership on an official committee or an *ad hoc* committee; or taking any action required by an order of the Bankruptcy Court.

(b)     Following the Determination Date, if the Plan Proponent determines that Substantial Claimholders must sell or transfer all or a portion of their beneficial ownership of Claims in order that the requirements of section 382(*l*)(5) of the Tax Code will be satisfied, the Plan Proponent may file a motion with the Bankruptcy Court for entry of an order—after notice to counsel to any Creditors' Committee, counsel to the DIP Lenders, and the relevant Substantial Claimholder(s) and a hearing—approving the issuance of a notice (each, a "**Sell-Down Notice**") that such Substantial Claimholder must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims (by class or other applicable classification) equal to the excess of (x) the amount of Claims beneficially owned by such Substantial Claimholder over (y) the Maximum Amount for such Substantial Claimholder (such excess amount, an "**Excess Amount**").  The motion shall be heard on expedited basis such that the Bankruptcy Court can render a decision on the motion at or before the hearing on confirmation of the 382(*l*)(5) Plan.  If the Bankruptcy Court approves the Plan Proponent's motion for the issuance of a Sell-Down Notice, the Plan Proponent shall provide the Sell-Down Notice to the relevant Substantial Claimholder(s).

(c)     Notwithstanding anything to the contrary in these Procedures, no Substantial Claimholder shall be required to sell, cause to sell, or otherwise transfer any beneficial ownership of Claims if such sale would result in the Substantial Claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such Substantial Claimholder's Protected Amount.

(d)     Each Sell-Down Notice shall direct the Substantial Claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to Permitted Transferees (each sale or transfer, a "**Sell-Down**"), *provided*, *however*, that such Substantial Claimholder shall not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Claims and *provided*, *further*, that a Substantial Claimholder that has properly notified the Permitted Transferee of its Claims under these Procedures shall not be treated as having such reasonable basis in the absence of notification or actual knowledge that such Permitted Transferee would own, after the transfer, an Excess Amount of Claims.

(e)     By the date that is the later of (i) five (5) business days after the entry of an order confirming the 382(*l*)(5) Plan and (ii) such other date specified in the Sell-Down Notice, as applicable, but before the effective date of the 382(*l*)(5) Plan (the "**Sell-Down Date**"), each Substantial Claimholder subject to a Sell-Down Notice shall, as a condition to receiving New SHC Stock, serve upon the Plan Proponent, its counsel, counsel to the DIP Lenders, and counsel to the

11

Creditors' Committee a notice substantially in the form annexed to the Final Order as **Exhibit 9** that such Substantial Claimholder has complied with the terms and conditions set forth in these Procedures and that such Substantial Claimholder does not and will not hold an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan (each, a "**Notice of Compliance**").  Any Substantial Claimholder who fails to comply with this provision shall not receive New SHC Stock with respect to any Excess Amount of Claims. At the election of the Substantial Claimholder, the Notice of Compliance to be filed with the Bankruptcy Court (but not the Notice of Compliance that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(f)       Other than information that is public or in connection with an audit or other investigation by the IRS or other taxing authority, the Plan Proponent shall keep all Notices of Compliance and any additional information provided by a Substantial Claimholder pursuant to these Procedures (the "**Confidential Information**") strictly confidential and shall not disclose the Confidential Information to any other person or Entity, *provided, however*, that the Plan Proponent may disclose the identity of the Substantial Claimholder to its counsel and professional financial advisors, counsel to and the professional financial advisors of any Creditors' Committee or the DIP Lenders, and of any other person(s) that are subject to a nondisclosure agreement with the Plan Proponent, each of whom shall keep all Confidential Information strictly confidential, subject to further order of the Bankruptcy Court, and *provided, further*, that to the extent the Plan Proponent reasonably determines such Confidential Information is necessary to demonstrate to the Bankruptcy Court the need for the issuance of a Sell-Down Notice, such Confidential Information (determined by, among other things, whether such information was redacted in any public filing) shall be filed with the Bankruptcy Court under seal.

(g)       Any person or Entity that violates its obligations under these Procedures applicable to Claims or, if applicable, its agreement not to acquire beneficial ownership of Owned Interests (and Options to acquire the same) or to immediately dispose of any Owned Interests (if acquired on or after the Commencement Date but prior to submitting its Notice of Substantial Claim Ownership) in its Notice of Substantial Claim Ownership shall, pursuant to these Procedures, be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New SHC Stock that is attributable to the Excess Amount of Claims for such person or Entity and, if applicable, to the Owned Interests acquired (or not immediately disposed of) in violation of such agreement by such person or Entity (or if the Owned Interests acquired (or not immediately disposed of) in violation of such agreement become beneficial ownership of New SHC Stock without the need to receive new equity interests, such person or Entity shall be precluded as a result of such violation (and, thus, in addition to any other amounts otherwise precluded hereunder) from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New SHC Stock attributable to such person or Entity's Claims up to and including an amount equivalent to that represented by such Owned Interests), in each case including any consideration in lieu thereof, *provided*, *however*, that such person or Entity may be entitled to receive any other consideration to which such person or Entity may be entitled by virtue of holding Claims (this provision, the "**Equity Forfeiture Provision**").  Any purported acquisition of, or other increase in the beneficial ownership of, New SHC Stock that is precluded by the Equity Forfeiture Provision will be an acquisition of "**Forfeited Equity**."  Any acquirer of Forfeited Equity shall, promptly upon becoming aware of such fact, return or cause to return the Forfeited

WEIL:\96795354\5\73217.0004

Equity to the Debtors (or any successor to the Debtors, including Post-Emergence SHC) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity have been sold prior to the time such acquirer becomes aware of such fact, such acquirer shall return or cause to return to the Debtors (or any successor to the Debtors, including Post-Emergence SHC) (i) any Forfeited Equity still held by such acquirer and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity. Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Bankruptcy Court may determine. Any Forfeited Equity returned to the Debtors, including Post-Emergence SHC, shall be distributed (including a transfer to charity) or extinguished, in the Debtors' sole discretion, in furtherance of the 382(*l*)(5) Plan.

(h)    In effecting any sale or other transfer of Claims pursuant to a Sell-Down Notice, a Substantial Claimholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Claims of the existence of these Procedures and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a customer, including, without limitation, communication via telephone, e-mail, and instant messaging, the existence of these Procedures and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

(6)    <u>Exceptions</u>.

(a)    No person or Entity shall be subject to the approval provisions of paragraph B(4)(b)–(d) above or, in the case of Claims that are part of the transferor's Protected Amount, the sell-down provisions of paragraph B(5) above with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii) so long as such transfer is not for a principal purpose of obtaining New SHC Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii), *provided, however*, that any such transferee who becomes a Substantial Claimholder following the filing of a Proposed 382(*l*)(5) Disclosure Statement shall serve upon the Plan Proponent, its counsel, counsel to the DIP Lenders, and counsel to any Creditors' Committee, a notice of such status, substantially in the form annexed to the Final Order as **Exhibit 7,** as provided in these Procedures.

(b)    For the avoidance of doubt, the trustee of any trust, any indenture trustee, subordination agent, registrar, paying agent, transfer agent, loan or collateral agent, or any other entity serving in a similar capacity however designated, in each case for any Claim or any Ownership Interests, notes, bonds, debentures, property, or other debt securities or obligations (collectively, the "**Debt Securities**") (i) issued by any of the Debtors, (ii) secured by assets of any of the Debtors or agreements with respect to such assets, or (iii) secured by assets leased to any of the Debtors shall not be treated as a Substantial Claimholder solely to the extent that such entities are acting in the capacity described above, *provided*, *however*, that neither any transferee of Claims nor any equity or beneficial owner of a trust shall be excluded from these Procedures solely by reason of this provision.

13

## C.     Noncompliance with the Procedures.

Any acquisition, disposition, or trading of SHC Securities in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  Any acquisition, disposition, or trading of Claims against the Debtors in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  In the event that a Majority Securityholder claims a Worthless Stock Deduction in violation of these Procedures, such Worthless Stock Deduction shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code, and such holder shall be required to file an amended federal income tax return revoking such deduction.  Furthermore, any person or Entity that acquires, disposes of, or trades SHC Securities or Claims against the Debtors or claims a Worthless Stock Deduction in violation of these Procedures shall be subject to sanctions as provided by law.

## D.     Debtors' Right to Waive.

**The Debtors may waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice, *provided, however*, that after a 382(l)(5) Plan has been properly filed by a Plan Proponent (other than by, or jointly with, the Debtors) and is still actively being pursued before this Court, the consent of such Plan Proponent also shall be necessary for any subsequent waiver to be effective.**

Dated:    _____, 2018          **BY ORDER OF THE COURT**
            White Plains, New York

14

**<u>Exhibit 2 to Final Order</u>**

**Notice of Substantial Security Ownership**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                       :
                                                            :           **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                  :
                                                            :           **Case No. 18-23538 (RDD)**
                                                            :
                 Debtors.[1]                                :           **(Jointly Administered)**
-----------------------------------------------------------------x

## <u>NOTICE OF SUBSTANTIAL SECURITY OWNERSHIP</u>

        PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

      (i)      _____ shares of Common Stock,[2]

      (ii)    _____ other interests in a Debtor treated as stock ("**Other Interests**") which consist of _____, and/or

      (iii)   Options to acquire _____ shares of Common Stock,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **<u>Exhibit 1</u>** to the Final Order.

       PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

       PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

       For Common Stock, Other Interests and/or Options to acquire Common Stock that are owned directly by the Filer, the table sets forth (a) the number of such shares, the number of Other Interests and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares, Other Interests and/or Options were acquired (categorized by class, as applicable).

       In the case of Common Stock, Other Interests and/or Options to acquire Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock, Other Interests and/or Options to acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock, Other Interests and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares/Number of Interests Owned | Shares/Number of Interests Underlying Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional pages if necessary.)

       [[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

2

Date: _____

WEIL:\96795354\5\73217.0004

## **Exhibit 3 to Final Order**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate SHC Securities**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                            :
                                                                 :        **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,        :
                                                                 :        **Case No. 18-23538 (RDD)**
                                                                 :
                       Debtors.[1]                              :        **(Jointly Administered)**
------------------------------------------------------------------x

### NOTICE OF INTENT TO PURCHASE,
### ACQUIRE, OR OTHERWISE ACCUMULATE SHC SECURITIES

> PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate directly one or more shares of Common Stock[2], any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations) ("**Other Interests**") and/or Options to acquire Common Stock and/or (ii) a proposed purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock that would result in an increase in the number of shares of Common Stock, Other Interests and/or number of shares of Common Stock underlying Options

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **<u>Exhibit 1</u>** to the Final Order.

WEIL:\96795354\5\73217.0004

that are beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Common Stock, Other Interests and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock, Other Interests and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2. If the Proposed Transfer involves the purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock, Other Interests and/or Options, (b) the number of shares of Common Stock, number of Other Interests and/or number of shares of Common Stock underlying Options proposed to be purchased or acquired, and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares/Number of Interests to be Purchased or Acquired | Shares/Number of Interests Underlying Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Other Interests and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

WEIL:\96795354\5\73217.0004

| Class | Name of Owner | Shares/Number of Interests to Be Owned | Shares/Number of Interests Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Other Interests | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Securityholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Securityholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares/Number of Interests Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests to Be Owned Following Proposed Transfer | Shares/Number of Interests Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Other Interests | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

WEIL:\96795354\5\73217.0004

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

4

## **Exhibit 4 to Final Order**

**Notice of Intent to Sell, Trade, or Otherwise Transfer SHC Securities**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                            :
                                                 :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*         :
                                                 :        **Case No. 18-23538 (RDD)**
                                                 :
            Debtors.[1]                           :        **(Jointly Administered)**
-----------------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE,
## OR OTHERWISE TRANSFER SHC SECURITIES

      PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of one or more shares of Common Stock[2], any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations) ("**Other Interests**") and/or Options to acquire Common Stock and/or (ii) a proposed sale, transfer, or disposition of Common Stock, Other Interests and/or Options to acquire Common Stock that would result in a decrease in the number of shares of Common Stock, Other Interests and/or number of shares of Common Stock underlying Options to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **<u>Exhibit 1</u>** to the Final Order.

acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.   If the Proposed Transfer involves the sale, transfer, or disposition directly by the Filer of Common Stock, Other Interests and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2.   If the Proposed Transfer involves the sale, transfer or disposition of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock, Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock, Other Interests and/or Options; (b) the number of shares of Common Stock, number of Other Interests and/or number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of; and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares/Number of Interests to Be Sold, Transferred, or Disposed Of | Shares/Number of Interests Underlying Options to Be Sold, Transferred, or Disposed Of | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Other Interests and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

WEIL:\96795354\5\73217.0004

| Class | Name of Owner | Shares/Number of Interests to Be Owned | Shares/Number of Interests Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Other Interests | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer, or disposition of Common Stock, Other Interests and/or Options to acquire Common directly by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Securityholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Securityholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares/Number of Interests Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests to Be Owned Following Proposed Transfer | Shares/Number of Interests Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Other Interests | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

WEIL:\96795354\5\73217.0004

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

WEIL:\96795354\5\73217.0004

**<u>Exhibit 5 to Final Order</u>**

**Declaration of Status as a Majority Securityholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                  :
                                                       :        **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,              :
                                                       :        **Case No. 18-23538 (RDD)**
                                                       :
            Debtors.[1]                                :        **(Jointly Administered)**
-----------------------------------------------------------------x

## DECLARATION OF STATUS AS A MAJORITY SECURITYHOLDER

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Securityholder.[2]

PLEASE TAKE FURTHER NOTICE that, as of _____ ___, 2018, the Filer beneficially owns ____ shares of and/or interests in SHC Securities. The following table sets forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such SHC Securities in an amount sufficient for the Filer to qualify as a Majority Securityholder:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **<u>Exhibit 1</u>** to the Final Order.

WEIL:\96795354\5\73217.0004

| Number of Shares of and/or Interests in SHC Securities | Date(s) Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional pages if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

**<u>Exhibit 6 to Final Order</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                         :

                                              :         **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*     :

                                              :         **Case No. 18-23538 (RDD)**

                                              :

Debtors.[1]                                   :         **(Jointly Administered)**

---------------------------------------------------------------x

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice  of its intention to claim a Worthless Stock Deduction[2] with respect to its SHC Securities (a "**Proposed Deduction**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 20__, the Filer filed a Declaration of Status as a Majority Securityholder with this Court.

PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares of and/or interests in SHC Securities.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

1

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to ___ shares of and/or interests in SHC Securities.  If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired ___ shares of and/or interests in SHC Securities on the first day of Filer's next taxable year and shall be treated as never having owned such SHC Securities during any prior year for the purposes of testing whether an Ownership Change has occurred.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

2

## **Exhibit 7 to Final Order**

**Notice of Substantial Claim Ownership**

WEIL:\96795354\5\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                                                 :
                                                                      :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*          :
                                                                      :          **Case No. 18-23538 (RDD)**
                                                                      :
                    Debtors.[1]                                 :          **(Jointly Administered)**
-----------------------------------------------------------------x

## NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP

            PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [person or Entity] (the "**Filer**") hereby provides notice that the Filer beneficially owns either (i) more than $[  ] million of Claims[2] against the Debtors or (ii) a lesser amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including under the aggregation rules described in the definition of "Substantial Claimholder" below), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock.

            PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

1

1. In the case of Claims that are owned directly by the Filer, the table sets forth the dollar amount of all Claims beneficially owned (as hereinafter defined) by the Filer (categorized by class or other applicable classification).

2. In the case of Claims that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such Claims that are beneficially owned by the Filer and (b) the dollar amount of all Claims beneficially owned by such Filer (categorized by class or other applicable classification).

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|-------|---------------------|---------------|---------------------|
|       |                     |               |                     |
|       |                     |               |                     |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly) and that Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|-------|---------------------|---------------|------------------|
|       |                     |               |                  |
|       |                     |               |                  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. In the case of Owned Interests that are owned directly by the Filer, the table sets forth (a) the type and number of any Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by the Filer and (b) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification);

2. In the case of Owned Interests that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such Owned Interests that are beneficially owned by the Filer, (b) the type and number of any such Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by such Filer, and (c) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification).

2

The Filer will provide any additional information in respect of such Owned Interests that the Debtors reasonably request.

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby [agrees ☐ / does not agree ☐ — **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before SHC's emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Commencement Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

3

## **Exhibit 8 to Final Order**

**Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                          :
                                               :         **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,      :
                                               :         **Case No. 18-23538 (RDD)**
                                               :
              **Debtors.**[1]                  :         **(Jointly Administered)**
-------------------------------------------------------------------x

## NOTICE OF REQUEST TO PURCHASE, ACQUIRE,
## OR OTHERWISE ACCUMULATE A CLAIM AGAINST THE DEBTOR

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [person or Entity] (the "**Filer**") hereby provides notice of (i) its intent to purchase, acquire, or otherwise accumulate directly a Claim[2] or Claims against the Debtors and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)], the Filer served a Notice of Substantial Claim Ownership with the Plan Proponent, counsel to the Plan Proponent, counsel to the DIP Lenders, and counsel to the Creditors' Committee.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

1

PLEASE TAKE FURTHER NOTICE that the Filer is filing this notice as (check one):

| | |
|---|---|
| *A person or Entity that filed or was required to file a Notice of Substantial Claim Ownership* | |
| *A person or Entity that, upon consummation of the Proposed Transfer, would have been required to file a Notice of Substantial Claim Ownership (if the proposed acquisition date had been the Determination Date)* | |

PLEASE TAKE FURTHER NOTICE that the following tables set forth the following information:

1. In the case of Claims and/or Owned Interests that are owned directly by the Filer, the tables set forth (a) the dollar amount of all Claims and the type and number of Owned Interests (and Options to acquire the same) beneficially owned by the Filer (categorized by class or other applicable classification) and, (b) if applicable, the date such Owned Interests (or Options to acquire the same) were acquired.

2. In the case of Claims and/or Owned Interests that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the tables set forth (a) the name(s) of each record or legal owner of the Claims and/or Owned Interests (and Options to acquire the same) that are beneficially owned by the Filer, (b) the dollar amount of all Claims and the type and number of Owned Interests beneficially owned by the Filer (categorized by class or other applicable classification), and, (c) if applicable, the date such Owned Interests (and Options to acquire the same) were acquired.

The Filer will provide any additional information in respect of such Claims and/or Owned Interests that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

2

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly).

The Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|-------|----------------------|---------------|------------------|
|       |                      |               |                  |
|       |                      |               |                  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition of Claims directly by the Filer, the table sets forth the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

2. If the Proposed Transfer involves the purchase or acquisition of Claims by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such Claims and (b) the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

| Class | Description of Claim | Name of Owner | Dollar Amount to be Acquired |
|-------|----------------------|---------------|------------------------------|
|       |                      |               |                              |
|       |                      |               |                              |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Claims directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Claims by a person or Entity (other than the Filer) that currently is a Substantial Claimholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Claimholder, the following tables set forth (i) the name of each such person or Entity, (ii) the dollar amount of all Claims beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer) (categorized by class or other applicable classification), (iii) the dollar amount of all Claims that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class or other applicable classification), (iv) the number and type of Owned Interests (and Options to acquire the same)

3

beneficially owned by such person or Entity as of the date of the Proposed Transfer (categorized by class or other applicable classification), and (v) the date such Owned Interests (and Options to acquire the same) were acquired:

| Class | Description of Claim | Name of Owner | Dollar Amount of Claims Owned Currently (i.e., Prior to Proposed Transfer) | Dollar Amount of Claims to be Owned Following Proposed Transfer |
|---|---|---|---|---|
| | | | | |
| | | | | |

(Attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the Filer [agreed ☐ / did not agree ☐ — **PLEASE CHECK AS APPLICABLE**] in its Notice of Substantial Claim Ownership filed with the Court that it would not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before SHC's emergence from bankruptcy protection and that it immediately would dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the  Commencement Date and prior to submitting its Notice of Substantial Claim Ownership, and the Filer has complied with and intends to continue to comply with such statement.

PLEASE TAKE FURTHER NOTICE that, if the Plan Proponent approves the Proposed Transfer and the Filer did not previously file a Notice of Substantial Claim Ownership, the Filer, under penalty of perjury, hereby [agrees ☐ / does not agree ☐ — **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before SHC's emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Commencement Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

WEIL:\96795354\5\73217.0004

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that the Filer hereby acknowledges that, if the Plan Proponent does not approve the Proposed Transfer in writing within **eight (8) business days** after the filing of this Notice, such Proposed Transfer shall be deemed rejected.  If the Plan Proponent provides written authorization approving the Proposed Transfer prior to the end of such eight-business-day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

5

**<u>Exhibit 9 to Final Order</u>**

**Notice of Compliance**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                 :
                                                      :          **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,             :
                                                      :          **Case No. 18-23538 (RDD)**
                                                      :
            Debtors.[1]                               :          **(Jointly Administered)**
-----------------------------------------------------------------x

### NOTICE OF COMPLIANCE WITH SELL-DOWN NOTICE

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [___] (with all exhibits thereto, the "**Final Order**"), [person or Entity] (the "**Filer**") hereby provides notice that Filer has complied in full with the terms and conditions set forth in the Final Order and as further set forth in the Sell-Down Notice[2] issued to Filer, such that (i) Filer does not and will not beneficially own an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan and (ii) if Filer so agreed in its Notice of Substantial Claim Ownership, Filer does not and will not beneficially own any Owned Interests (and Options to acquire the same) unless acquired prior to the Commencement Date.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

1

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of Filer is _____.

[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____

Date: _____

2

## **Exhibit 10 to Final Order**

**Final Publication Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, (I) SECURITIES ISSUED BY SEARS HOLDINGS CORPORATION OR ITS SUBSIDIARIES AND (II) CERTAIN CLAIMS AGAINST SEARS HOLDINGS CORPORATION OR ITS SUBSIDIARIES:**

Upon the motion (the "**Motion**") of Sears Holdings Corporation ("**SHC**") and its subsidiaries (the "**Debtors**"), on [_____, 2018], the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Sears Holdings Corporation, et al.*, Case No. 18-23538 (RDD) (the "**Chapter 11 Cases**"), entered a final order establishing procedures (the "**Procedures**") with respect to direct and indirect transfers of interests in, and claims against, the Debtors and claims of worthless stock deductions with respect to interests in the Debtors.

In certain circumstances, the Procedures restrict (i) transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that is or, as a result of such a transaction, would become a Substantial Securityholder of the common stock issued by SHC (the "**Common Stock**") or any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations) (together with the Common Stock, the "**SHC Securities**") and (ii) claims by any Majority Securityholder of a worthless stock deduction under section 165(g) of the Internal Revenue Code with respect to the SHC Securities. For purposes of the Procedures, a "**Substantial Securityholder**" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns, directly or indirectly (and/or owns options to acquire) at least [5,177,155] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock) or at least 4.75% of any other class of SHC Securities, and a "**Majority Securityholder**" is any person that beneficially owns at least [51,771,556] shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code) of SHC Securities (as defined in the Procedures) if such person claimed a worthless stock deduction with respect to such securities. *Any prohibited acquisition or other transfer of, or claim of a worthless stock deduction with respect to, SHC Securities will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

In addition, the Procedures set forth (i) certain future circumstances under which any person, group of persons, or entity holding, or which as a result of a proposed transaction may hold, a substantial amount of certain claims against the Debtors may be required to file notice of its holdings of such claims and of proposed transactions, which transactions may be restricted, and (ii) certain limited circumstances thereafter under which such person(s) may be required to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any such claims acquired during the Chapter 11 Cases. *Any prohibited acquisition or other transfer of claims against the Debtors in violation of the claims procedures set forth in the Procedures will be null and void ab initio and/or may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

WEIL:\96795354\5\73217.0004

***The Procedures are available on the website of the Debtors' Court-approved claims agent, located at https://primeclerk.com/sears/, and on the docket of the Chapter 11 Cases, Docket No. 18-23538 (RDD), which can be accessed via PACER at https://www.pacer.gov.***

The requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse noncompliance therewith.

**A direct or indirect holder of, or prospective holder of, securities issued by SHC that may be or become a Substantial Securityholder, a Majority Securityholder or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors should consult the Procedures.**

Dated:    _____, 2018                    **BY ORDER OF THE COURT**
               White Plains, New York

WEIL:\96795354\5\73217.0004

**<u>Exhibit B</u>**

**Redline of Revised Proposed Final Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re                                          :

                                               :          Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,          :

                                               :          Case No. 18-~~———~~23538 (RDD)

                                               :

Debtors.[1]                                    :          (Jointly Administered)

----------------------------------------------------------------x

FINAL ORDER ESTABLISHING NOTIFICATION
PROCEDURES AND APPROVING RESTRICTIONS ON ~~CERTAIN~~
CERTAIN TRANSFERS OF INTERESTS IN, ~~AND CLAIMS AGAINST,~~AND CLAIMS
AGAINST,
THE DEBTORS ~~AND CLAIMING CERTAIN WORTHLESS STOCK
DEDUCTIONS~~AND CLAIMING CERTAIN WORTHLESS STOCK DEDUCTIONS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Upon the motion, dated October 15, 2018 (ECF No. 20) (the "**Motion**")[2] of Sears Holdings Corporation ("**SHC**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of interim and final orders establishing procedures to protect the potential value of the Debtors' consolidated net operating loss carryforwards (the "**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the final relief sought in the Motion having been ~~given as~~ provided in ~~the Motion~~ accordance with the Amended Case Management Order and as set forth in the affidavit of service filed with respect thereto (ECF No. 58), and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having held a hearing on October 15, 2018 to consider the relief requested in the Motion on an interim basis (the "**Interim Hearing**"); and the Court having entered an order granting the relief requested in the motion on an interim basis (ECF No.

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

109) (the "**Interim Order**") and scheduling a final hearing on the Motion on November 15, 2018 (the "**Final Hearing**"); and the Final Hearing having been held to consider the relief requested in the Motion on a final basis on [_____]November 15, 2018 (the "**Final Hearing**"); and upon the First Day Declaration filed contemporaneously with the Motion, the record of and representations made at the Interim Hearing and the Final Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent set forth herein.

2. The provisions of this Order shall be effective *nunc pro tunc* to the Commencement Date.

3. The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply to all trading and transfers of interests in, and Claims against, the Debtors and all worthless stock deductions claims with respect to interests in the Debtors.

4. Any acquisition, disposition, or trading of SHC Securities or Claims against the Debtor or worthless stock deduction claim with respect to SHC Securities in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay

under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5.     Any person or Entity that acquires, disposes of, or trades SHC Securities or Claims against the Debtor in violation of this Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a worthless stock deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6.     The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, **Exhibit 6**, **Exhibit 7**, **Exhibit 8** and **Exhibit 9** are hereby approved.

7.     Within three (3) business days of the entry of this Order, the Debtors shall send the notice of this Order (the "**Notice of Final Order**") annexed hereto as **Exhibit 10** to all parties that were served with notice of the Motion, publish the Notice of Final Order once in the national edition of *The New York Times*, and post the Procedures to the website established by Prime Clerk LLC for these chapter 11 cases (which website address shall be identified in the Notice of Final Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

8.     Nothing herein shall preclude any person or Entity desirous of purchasing or transferring any interest in, or Claims against, the Debtors or making worthless stock deduction claims with respect to any interest in the Debtors from requesting relief from this Order from this Court, subject to the Debtors' rights to oppose such relief.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10.      The relief granted in this Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Order expressly conditions or restricts trading in interests in, or Claims against, the Debtor or making worthless stock deduction claims with respect to interests in the Debtors, nothing in this Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in, or Claims against, the Debtors, including in connection with the treatment of any such interests under any chapter 11 Plan or any applicable bankruptcy court order.

11.      The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

12.      The entry of this Order shall in no way be deemed a determination that entry of a Sell-Down Notice is necessary or warranted in ~~this~~these chapter 11 cases, and this Court's review of any future request for entry of a Sell-Down Notice shall be without regard to the entry of this Order.

13.      Notwithstanding anything contained in the Motion, the Interim Order or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing

facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

14.    To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

15.    ~~13.~~ The entry of this Order shall in no way prejudice the rights of any part~~y~~ to oppose the entry of a Sell-Down Notice, on any grounds, and all such rights are expressly preserved hereby.

16.    ~~14.~~ Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

17.    ~~15.~~ The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

18.    ~~16.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____ ~~–~~, 201~~8~~ ~~–~~
        ~~New York~~ White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1 to Final Order

### Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re                                               :

                                                    :           **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.*,           :

                                                    :           **Case No. 18-~~——~~23538 (RDD)**

                                                    :

Debtors.[9]                                         :           **(Jointly Administered)**

-------------------------------------------------------------x

### NOTICES, RESTRICTIONS, AND
### OTHER PROCEDURES REGARDING OWNERSHIP AND TRANSFERS OF
### INTERESTS IN, ~~AND CLAIMS AGAINST,~~ AND CLAIMS AGAINST,
### THE DEBTORS, AND CLAIMING CERTAIN WORTHLESS STOCK DEDUCTIONS

**TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions* (the "**Final Order**") entered by the United States

---

[9] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

WEIL:\96795354\5\73217.0004

Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on

_____, 2018, Docket No. [_____], the following restrictions, notification requirements,

and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers of

interests in, and Claims10 2 against, the Debtors and all claims of worthless stock deductions with

respect to interests in the Debtors.

## A.  SHC Securities Restrictions

(1)  <u>Definitions</u>.  For purposes of these Procedures, the following terms have the following
meanings:

   (a)  "**SHC**" shall mean Sears Holdings Corporation.

   (b)  "**Common Stock**" shall mean any common stock issued by SHC.

   (c)  "**Option**" shall mean any contingent purchase, warrant, convertible debt, put,
stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of
whether it is contingent or otherwise not currently exercisable.

   (d)  "**SHC Securities**" shall mean, collectively, Common Stock and any other interest
in a Debtor treated as stock within the meaning of Treasury Regulations sections 1.382-2(a)(3)
and 1.382-2T(f)(18) (other than any such stock or interest held by a Debtor).  For the avoidance
of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire
SHC Securities may be treated as the owner of such SHC Securities.

   (e)  "**Beneficial ownership**" of SHC Securities and Options to acquire SHC
Securities shall be determined in accordance with section 382 of the title 26 of the United States
Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of Treasury under
the Tax Code (the "**Treasury Regulations**"), and rulings issued by the Internal Revenue Service
(the "**IRS**"), and, thus, to the extent provided in those sources, from time to time shall include,
without limitation, (i) direct and indirect ownership, determined without regard to any rule that
treats stock of an entity as to which the constructive ownership rules apply as no longer owned by
that entity (e.g., a holding company would be considered to beneficially own all stock owned
or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by
any group of persons acting pursuant to a formal or informal understanding among themselves to

---

10 2 Capitalized terms used but not defined herein (in particular, see definitions in paragraphs A(1) and B(1)
below) shall have the meanings ascribed to them in the Final Order.

WEIL:\96795354\5\73217.0004

make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire SHC Securities.

(f)    "**Substantial Securityholder**" shall mean any "entity" (as such term is defined in Treasury Regulations section 1.382-3(a), an "**Entity**") or person that beneficially owns at least 5,177,155 shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock) or at least 4.75% of any other class of SHC Securities.

(g)    "**Majority Securityholder**" shall mean (i) any person that beneficially owns at least 51,771,556 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or (ii) any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of SHC Securities if such person claimed a Worthless Stock Deduction at any time on or after the Commencement Date.

(2)    Notice of Substantial Ownership.  Any person or Entity that beneficially owns, at any time on or after the Commencement Date, SHC Securities in an amount sufficient to qualify such person or Entity as a Substantial Securityholder shall file with the Bankruptcy Court, and serve upon (a) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179 (Attn: Luke Valentino); (b) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ray C. Schrock, P.C.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), as proposed counsel to the Debtors; (c) counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**"); and (d) counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**") (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Security Ownership Notice**"), in substantially the form annexed to the Final Order as **Exhibit 2**, which describes specifically and in detail such person's or Entity's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Securityholder.  At the election of the Substantial Securityholder, the Substantial Security Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Security Ownership Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(3)    Acquisition of SHC Securities.  At least twenty (20) business days prior to the proposed date of any transfer of SHC Securities or exercise of any Option to acquire SHC Securities that would result in an increase in the amount of SHC Securities beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Securityholder (a "**Proposed Acquisition Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate SHC Securities (an "**Acquisition Notice**"), in substantially the form annexed to the Final Order as **Exhibit 3**,

WEIL:\96795354\5\73217.0004

which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Substantial Securityholder, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(4)    <u>Disposition of SHC Securities</u>.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition of SHC Securities that would result in either a decrease in the amount of SHC Securities beneficially owned by a Substantial Securityholder or a person's or Entity's ceasing to be a Substantial Securityholder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Securityholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer SHC Securities (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Final Order as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Substantial Securityholder, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Securityholder's taxpayer identification number and the amount of SHC Securities that the Substantial Securityholder beneficially owns.

(5)    <u>Notice of Status as a Majority Securityholder</u>.  Any person that currently is or becomes a Majority Securityholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such status (a "**Majority Securityholder Notice**"), in substantially the form annexed to the Final Order as **Exhibit 5**, which describes specifically and in detail such person's ownership of SHC Securities, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person qualifies as a Majority Securityholder.    At the election of the Majority Securityholder, the Majority Securityholder Notice to be filed with the Bankruptcy Court (but not the Majority Securityholder Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(6)    <u>Notice of Intent to Claim a Worthless Stock Deduction</u>.  At least twenty (20) business days before a Majority Securityholder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Securityholder ending on or before the effective date of the Plan, such Majority Securityholder shall file with the Bankruptcy Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Final Order as **Exhibit 6**.  At the election of the Majority Securityholder, the Worthless Stock Deduction Notice to be filed

WEIL:\96795354\5\73217.0004

with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Majority Securityholder's taxpayer identification number.

(7)     Objection Procedures.  The Debtors and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be,  or a Majority Securityholder, as applicable, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice.  If the Debtors or any Creditors' Committee files an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court.  If neither the Debtors nor any Creditors' Committee file an Objection by the Objection Deadline or if the Debtors and any and all Creditors' Committees provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Shareholder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

## B.     Claims Restrictions

(1)     Definitions.  For purposes of these Procedures, the following terms have the following meanings:

(a)     (h)  "**SHC**" shall mean Sears Holdings Corporation.

(b)     "**Post-Emergence SHC**" means the reorganized Debtors or any successor thereto.

(c)     "**New SHC Stock**" means the common stock and any other equity securities (including securities that are treated as equity securities for U.S. federal income tax purposes) of Post-Emergence **SHC**, including Options to acquire the same.

(d)     "**Entity**" has the meaning as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "**Treasury Regulations**"), including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

WEIL:\96795354\5\73217.0004

(e)    A "**Claim**" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors, whether secured or unsecured, other than claims under or in connection with the Debtors' proposed debtor in possession financing facility (the "**DIP Loan**").

(f)    An "**Option**" includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

(g)    A "**382(*l*)(5) Plan**" means a plan of reorganization (a "**Plan**") that contemplates the use of section 382(*l*)(5) of the title 26 of the United States Code (the "**Tax Code**") by a reorganized debtor to obtain certain incremental tax benefits.

(h)    "**Beneficial ownership**" of a Claim or Owned Interest means:

(i)    the beneficial ownership of a Claim or Owned Interest (as hereinafter defined) as determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, and rulings issued by the Internal Revenue Service (the "**IRS**") (for such purpose, a Claim is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (A) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all Claims or Owned Interests owned or acquired by its subsidiaries), (B) ownership by a holder's family members, and (C) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims, Owned Interests, and/or stock; and

(ii)    the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest.

(iii)    For the avoidance of doubt, beneficial ownership of a Claim or Owned Interests also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim or Owned Interests pursuant to a Plan or any applicable bankruptcy court order.

(i)    "**Threshold Amount**" means an amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including under the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock.  For this purpose, the beneficial ownership of an Option to acquire Owned Interests shall be considered beneficial ownership of Owned Interests.

Notwithstanding the foregoing, if a beneficial owner of Claims does not agree to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) or to dispose of immediately any such Owned Interests or Options (if acquired on or after the Commencement Date but prior to submitting its Notice of Substantial Claim

WEIL:\96795354\5\73217.0004

Ownership (as hereinafter defined)), the Threshold Amount for such beneficial owner of Claims shall be the "**Minimum Threshold Amount**," which shall be the amount of Claims beneficially owned by a holder of Claims continuously from the Commencement Date to the Sell-Down Date (as hereinafter defined).

(j)       A "**Substantial Claimholder**" means any person or Entity that **beneficially** owns an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims against the Debtors, of more than the Threshold Amount, excluding Claims under or in connection with the DIP Loan.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when a person's or Entity's status as a Substantial Claimholder (for such purpose, a Claim is treated as if it were stock).

(k)       "**Applicable Percentage**" means, if only one class of New SHC Stock is to be issued pursuant to the terms of a 382(*l*)(5) Plan and holders within each class of Claims receiving New SHC Stock will receive a pro rata distribution of the New SHC Stock, 4.5% of the number of shares of New SHC Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(*l*)(5) Plan, as determined for U.S. federal income tax purposes.  If more than one class of New SHC Stock is to be distributed pursuant to the terms of a 382(*l*)(5) Plan or if holders within a class of Claims may receive a disproportionate distribution of New SHC Stock relative to other holders in the same class, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed (as reflected in the valuation analysis set forth in the 382(*l*)(5) Plan and disclosure statement) and shall be expressed in a manner that makes clear the number of shares or other interests in each class of New SHC Stock that would constitute the Applicable Percentage.

(l)       "**Holdings Report**" means a Notice of Substantial Claim Ownership (as hereinafter defined) received by the Debtors with respect to the Determination Date.

(m)       "**Maximum Amount**" means the maximum amount of Claims (by class or other applicable classification of Claims) that may be held, as of the effective date of the 382(*l*)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Determination Date, which the Debtors shall calculate as follows:

(i)       Based upon the information provided by the Substantial Claimholders in the Holdings Reports, the Debtors shall calculate the aggregate amount of Claims that all such Substantial Claimholders must sell as a group to effectuate the 382(*l*)(5) Plan (the "**Sell-Down Amount**");

(ii)       The Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, (x) the numerator of which is the amount, if any, of Claims identified in such Substantial Claimholder's Holdings Report minus the greater of (A) the

WEIL:\96795354\5\73217.0004

applicable Threshold Amount and (B) the Protected Amount for such Substantial Claimholder, and (y) the denominator of which is the aggregate amount of Claims identified in all of the Substantial Claimholders' Holdings Reports minus the greater of (A) the aggregate applicable Threshold Amount for all Substantial Claimholders and (B) the aggregate Protected Amount of all Substantial Claimholders; and

(iii)    For each such Substantial Claimholder, the Debtors shall subtract from the total Claims held by such Substantial Claimholder (as reported in the Holdings Report) such Substantial Claimholder's *pro rata* share of the Sell-Down Amount.  The difference shall be the Maximum Amount.

(n)    "**Newly Traded Claims**" means Claims (i) with respect to which a person or Entity acquired beneficial ownership after the date that was eighteen (18) months prior to the Commencement Date and (ii) that are not "ordinary course" Claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same person or Entity always has had beneficial ownership.

(o)    A "**Permitted Transferee**" with respect to a Substantial Claimholder is a person or Entity whose holding of a Claim would not result in such Substantial Claimholder having beneficial ownership of such Claim.

(p)    "**Protected Amount**" means the amount of Claims (by class or other applicable classification) of which a holder had beneficial ownership on the Commencement Date *plus* the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Commencement Date, but that had not yet closed as of the Commencement Date, and the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Commencement Date that have been approved by the Debtors in accordance with these Procedures *minus* the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Commencement Date, but that had not yet closed as of the Commencement Date.

(2)    Disclosure of 382(*l*)(5) Plan.    If the proponent of a Plan (a "**Plan Proponent**") determines that the reorganized Debtors likely will benefit from the application of section 382(*l*)(5) of the Tax Code and reasonably anticipates that Post-Emergence SHC  will invoke such section, then the Plan Proponent, in proposing a 382(*l*)(5) Plan, shall disclose in its proposed disclosure statement or, in the case of items (3) through (5) below, a later separate notice (collectively, the "**Proposed 382(*l*)(5) Disclosure Statement**"):

(a)    (x) Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(*l*)(5) of the Tax Code that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

(b)    A summary of any restrictions expected to be imposed on the transferability of securities issued under the Plan in order to preserve such incremental tax benefits;

(c)    The (i) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in New SHC Stock and (ii) the number of any of the specified interests ("**Owned Interests**") in the Debtors expected to result in a one-percent (1%) interest in New SHC Stock, in each case based upon then-available information;

(d)    A specified date (the "**Determination Date**") that is not less than ten (10) calendar days after the service of the notice of the hearing with respect to the Proposed 382(*l*)(5) Disclosure Statement; and

(e)    A specified date (the "**Reporting Deadline**") that is not less than five (5) calendar days after the Determination Date, by which persons or Entities must serve on various parties the notice required by these Procedures (the "**Notice of Substantial Claim Ownership**").

In the event that items (c) through (e) above are disclosed in a separate notice after the filing of the proposed disclosure statement, such items shall also be disclosed in a separate filing with the Securities and Exchange Commission on Form 8-K.

(3)    Notice of Substantial Claim Ownership.

(a)    ~~(cc)~~ Any person or Entity that beneficially owns either (i) more than a specified amount of Claims~~11~~ ~3~ or (ii) a lower amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement, when taking into account any Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock, in each case as of the Determination Date, shall serve upon the Plan Proponent, its counsel, counsel to the lenders under the Debtors' proposed debtor in possession financing facility (the "**DIP Lenders**"), and counsel to any statutory committee of unsecured creditors appointed in these cases (a "**Creditors' Committee**") a Notice of Substantial Claim Ownership, in substantially the form annexed to the Final Order as **Exhibit 7** (or as adjusted and annexed to the Proposed 382(*l*)(5) Disclosure Statement) on or before the Reporting Deadline. Such person or Entity also shall set forth in the Notice of Substantial Claim Ownership its beneficial ownership, if any, of any Owned Interests and whether it agrees to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) until after the effective date of the 382(*l*)(5) Plan and to immediately dispose of any Owned Interests or Options (if acquired on or after the Commencement Date and prior to submitting its Notice of Substantial Claim Ownership). A person or Entity that is required to file a Notice of Substantial Claim Ownership may or may not be a "Substantial Claimholder". The standard for a person's or Entity's being required to file a Notice of Substantial Claim Ownership is different than the definition of a Substantial Claimholder. At the election of the Substantial Claimholder, the Notice of Substantial Claim Ownership to be filed with the Bankruptcy Court (but not the Notice of

---

~~11~~ ~3~ This "specified amount" is to be reasonably established by the Plan Proponent, taking into account the terms of the 382(*l*)(5) Plan, and disclosed in the Proposed 382(*l*)(5) Disclosure Statement. The "specified amount" may be expressed by class or type of Claim(s), if applicable.

WEIL:\96795354\5\73217.0004

Substantial Claim Ownership that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(b)    In order to assist in determining their eligibility to avail themselves of the relief set forth in section 382(*l*)(5) of the Tax Code, the Debtors may request[13] [4] from any person or Entity that beneficially owns either (i) more than a specified amount of Claims (which may be expressed by class or type of Claim(s), if applicable) or (ii) a lower amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock, in each case as of the date specified in such request, information regarding its beneficial ownership of Claims and Owned Interests (and Options to acquire the same) prior to the filing of the Proposed 382(*l*)(5) Disclosure Statement, in a manner consistent with these Procedures.  In addition, the Debtors shall disclose such request in a separate filing with the Securities and Exchange Commission on Form 8-K.

(c)    Any person or Entity that fails to comply with its notification obligations set forth in this paragraph shall, in addition to the consequences set forth in paragraph B(5)(g) below, be subject to such remedy as the Bankruptcy Court may find appropriate upon motion by the Debtors, after service of the motion upon such person or Entity and a hearing on the motion in accordance with the Federal Rules of Bankruptcy Procedure, including, without limitation, ordering such noncompliant person or Entity to divest itself promptly of any beneficial ownership of Claims to the extent of such person's or Entity's ownership of an Excess Amount (as defined herein) and imposing monetary damages for any costs reasonably incurred by the Debtors that were caused by the violation and enforcement of this paragraph.

(4)    <u>Claims Trading Before and After Determination Date</u>.

(a)    (ff) Any person or Entity generally may trade freely and make a market in Claims until the Determination Date.

(b)    After the Determination Date, any acquisition of Claims by a person or Entity who filed or was required to file a Notice of Substantial Claim Ownership or by a person or Entity who would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each, a "**Proposed Claims Transferee**") shall not be effective unless consummated in compliance with these Procedures.

(c)    At least ten (10) business days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (a "**Proposed Claims Acquisition Transaction**"), such Proposed Claims Transferee shall serve upon the Plan Proponent, its counsel, counsel to the DIP

---

[13] [4] For purposes of making this determination, such request shall include information comparable to the information that would be required in a Proposed 382(*l*)(5) Disclosure Statement pursuant to these Procedures.

WEIL:\96795354\5\73217.0004

Lenders, and counsel to any Creditors' Committee a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "**Claims Acquisition Request**"), in substantially the form annexed to the Final Order as **Exhibit 8,** which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.  At the election of the Substantial Claimholder, the Claims Acquisition Request to be filed with the Bankruptcy Court (but not the Claims Acquisition Request that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(d)    The Plan Proponent may determine, in consultation with counsel to any Creditors' Committee and counsel to the DIP Lenders, whether to approve a Claims Acquisition Request. If the Plan Proponent does not approve a Claims Acquisition Request in writing within eight (8) business days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

(5)    Creditor Conduct and Sell-Down.

(a)    (ii)  To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of the Final Order, any Substantial Claimholder that participates in formulating any chapter 11 Plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a Plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has a beneficial ownership are Newly Traded Claims, unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided, however,* that the following activities shall not constitute participation in formulating a Plan *if*, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims:  filing an objection to a proposed disclosure statement or to confirmation of a proposed Plan; voting to accept or reject a proposed Plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to counsel to the Debtors; holding general membership on an official committee or an *ad hoc* committee; or taking any action required by an order of the Bankruptcy Court.

(b)    Following the Determination Date, if the Plan Proponent determines that Substantial Claimholders must sell or transfer all or a portion of their beneficial ownership of Claims in order that the requirements of section 382(*l*)(5) of the Tax Code will be satisfied, the Plan Proponent may file a motion with the Bankruptcy Court for entry of an order—after notice to counsel to any Creditors' Committee, counsel to the DIP Lenders, and the relevant Substantial Claimholder(s) and a hearing—approving the issuance of a notice (each, a "**Sell-Down Notice**") that such Substantial Claimholder must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims (by class or other applicable classification) equal to the excess of (x) the amount of Claims beneficially owned by such Substantial Claimholder over (y) the Maximum Amount for such Substantial Claimholder (such excess amount, an "**Excess**

WEIL:\96795354\5\73217.0004

**Amount**").  The motion shall be heard on expedited basis such that the Bankruptcy Court can render a decision on the motion at or before the hearing on confirmation of the 382(*l*)(5) Plan.  If the Bankruptcy Court approves the Plan Proponent's motion for the issuance of a Sell-Down Notice, the Plan Proponent shall provide the Sell-Down Notice to the relevant Substantial Claimholder(s).

(c)     Notwithstanding anything to the contrary in these Procedures, no Substantial Claimholder shall be required to sell, cause to sell, or otherwise transfer any beneficial ownership of Claims if such sale would result in the Substantial Claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such Substantial Claimholder's Protected Amount.

(d)     Each Sell-Down Notice shall direct the Substantial Claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to Permitted Transferees (each sale or transfer, a "**Sell-Down**"), *provided*, *however*, that such Substantial Claimholder shall not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Claims and *provided*, *further*, that a Substantial Claimholder that has properly notified the Permitted Transferee of its Claims under these Procedures shall not be treated as having such reasonable basis in the absence of notification or actual knowledge that such Permitted Transferee would own, after the transfer, an Excess Amount of Claims.

(e)     By the date that is the later of (i) five (5) business days after the entry of an order confirming the 382(*l*)(5) Plan and (ii) such other date specified in the Sell-Down Notice, as applicable, but before the effective date of the 382(*l*)(5) Plan (the "**Sell-Down Date**"), each Substantial Claimholder subject to a Sell-Down Notice shall, as a condition to receiving New SHC Stock, serve upon the Plan Proponent, its counsel, counsel to the DIP Lenders, and counsel to the Creditors' Committee a notice substantially in the form annexed to the Final Order as **Exhibit 9** that such Substantial Claimholder has complied with the terms and conditions set forth in these Procedures and that such Substantial Claimholder does not and will not hold an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan (each, a "**Notice of Compliance**").  Any Substantial Claimholder who fails to comply with this provision shall not receive New SHC Stock with respect to any Excess Amount of Claims. At the election of the Substantial Claimholder, the Notice of Compliance to be filed with the Bankruptcy Court (but not the Notice of Compliance that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Creditors' Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(f)     Other than information that is public or in connection with an audit or other investigation by the IRS or other taxing authority, the Plan Proponent shall keep all Notices of Compliance and any additional information provided by a Substantial Claimholder pursuant to these Procedures (the "**Confidential Information**") strictly confidential and shall not disclose the Confidential Information to any other person or Entity, *provided, however*, that the Plan Proponent may disclose the identity of the Substantial Claimholder to its counsel and professional financial advisors, counsel to and the professional financial advisors of any Creditors' Committee or the DIP Lenders, and of any other person(s) that are subject to a nondisclosure agreement with the Plan Proponent, each of whom shall keep all Confidential Information strictly

WEIL:\96795354\5\73217.0004

confidential, subject to further order of the Bankruptcy Court, and *provided, further*, that to the extent the Plan Proponent reasonably determines such Confidential Information is necessary to demonstrate to the Bankruptcy Court the need for the issuance of a Sell-Down Notice, such Confidential Information (determined by, among other things, whether such information was redacted in any public filing) shall be filed with the Bankruptcy Court under seal.

(g)     Any person or Entity that violates its obligations under these Procedures applicable to Claims or, if applicable, its agreement not to acquire beneficial ownership of Owned Interests (and Options to acquire the same) or to immediately dispose of any Owned Interests (if acquired on or after the Commencement Date but prior to submitting its Notice of Substantial Claim Ownership) in its Notice of Substantial Claim Ownership shall, pursuant to these Procedures, be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New SHC Stock that is attributable to the Excess Amount of Claims for such person or Entity and, if applicable, to the Owned Interests acquired (or not immediately disposed of) in violation of such agreement by such person or Entity (or if the Owned Interests acquired (or not immediately disposed of) in violation of such agreement become beneficial ownership of New SHC Stock without the need to receive new equity interests, such person or Entity shall be precluded as a result of such violation (and, thus, in addition to any other amounts otherwise precluded hereunder) from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New SHC Stock attributable to such person or Entity's Claims up to and including an amount equivalent to that represented by such Owned Interests), in each case including any consideration in lieu thereof, *provided*, *however*, that such person or Entity may be entitled to receive any other consideration to which such person or Entity may be entitled by virtue of holding Claims (this provision, the "**Equity Forfeiture Provision**").  Any purported acquisition of, or other increase in the beneficial ownership of, New SHC Stock that is precluded by the Equity Forfeiture Provision will be an acquisition of "**Forfeited Equity**."  Any acquirer of Forfeited Equity shall, promptly upon becoming aware of such fact, return or cause to return the Forfeited Equity to the Debtors (or any successor to the Debtors, including Post-Emergence SHC) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity have been sold prior to the time such acquirer becomes aware of such fact, such acquirer shall return or cause to return to the Debtors (or any successor to the Debtors, including Post-Emergence SHC) (i) any Forfeited Equity still held by such acquirer and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity.  Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Bankruptcy Court may determine.  Any Forfeited Equity returned to the Debtors, including Post-Emergence SHC, shall be distributed (including a transfer to charity) or extinguished, in the Debtors' sole discretion, in furtherance of the 382(*l*)(5) Plan.

(h)     In effecting any sale or other transfer of Claims pursuant to a Sell-Down Notice, a Substantial Claimholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Claims of the existence of these Procedures and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a customer, including, without limitation, communication via telephone, e-mail, and instant

WEIL:\96795354\5\73217.0004

messaging, the existence of these Procedures and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

(6)     Exceptions.

(a)     (rr) No person or Entity shall be subject to the approval provisions of paragraph B(4)(b)–(d) above or, in the case of Claims that are part of the transferor's Protected Amount, the sell-down provisions of paragraph B(5) above with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii) so long as such transfer is not for a principal purpose of obtaining New SHC Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii), *provided, however*, that any such transferee who becomes a Substantial Claimholder following the filing of a Proposed 382(*l*)(5) Disclosure Statement shall serve upon the Plan Proponent, its counsel, counsel to the DIP Lenders, and counsel to any Creditors' Committee, a notice of such status, substantially in the form annexed to the Final Order as **Exhibit 7,** as provided in these Procedures.

(b)     For the avoidance of doubt, the trustee of any trust, any indenture trustee, subordination agent, registrar, paying agent, transfer agent, loan or collateral agent, or any other entity serving in a similar capacity however designated, in each case for any Claim or any Ownership Interests, notes, bonds, debentures, property, or other debt securities or obligations (collectively, the "**Debt Securities**") (i) issued by any of the Debtors, (ii) secured by assets of any of the Debtors or agreements with respect to such assets, or (iii) secured by assets leased to any of the Debtors shall not be treated as a Substantial Claimholder solely to the extent that such entities are acting in the capacity described above, *provided*, *however*, that neither any transferee of Claims nor any equity or beneficial owner of a trust shall be excluded from these Procedures solely by reason of this provision.

## C.     Noncompliance with the Procedures.

Any acquisition, disposition, or trading of SHC Securities in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  Any acquisition, disposition, or trading of Claims against the Debtors in violation of these Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  In the event that a Majority Securityholder claims a Worthless Stock Deduction in violation of these Procedures, such Worthless Stock Deduction shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code, and such holder shall be required to file an amended federal income tax return revoking such deduction.  Furthermore, any person or Entity that acquires, disposes of, or trades SHC Securities or Claims against the Debtors or claims a Worthless Stock Deduction in violation of these Procedures shall be subject to sanctions as provided by law.

WEIL:\96795354\5\73217.0004

**D.**    **Debtors' Right to Waive.**

**The Debtors may waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice, *provided, however*, that after a 382(l)(5) Plan has been properly filed by a Plan Proponent (other than by, or jointly with, the Debtors) and is still actively being pursued before this Court, the consent of such Plan Proponent also shall be necessary for any subsequent waiver to be effective.**

Dated:    New York, New York_____, 2018                **BY ORDER OF THE COURT**

         White Plains, New York
         [_____], 2018

WEIL:\96795354\5\73217.0004

## **Exhibit 2 to Final Order**

### **Notice of Substantial Security Ownership**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                          :
                                               :          **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,      :
                                               :          Case No. 18-[_____]23538 (RDD)
                                               :
        Debtors.[1]                            :          **(Jointly Administered)**
------------------------------------------------------------x

### NOTICE OF SUBSTANTIAL SECURITY OWNERSHIP

        PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

        (i)     _____ shares of Common Stock,[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (3379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

WEIL:\96795354\5\73217.0004
WEIL:\96795354\1\73217.0004

      (ii)    _____ other interests in a Debtor treated as stock ("**Other Interests**") which consist of _____, and/or

      (iii)  Options to acquire _____ shares of Common Stock,

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Common Stock, Other Interests and/or Options to acquire Common Stock that are owned directly by the Filer, the table sets forth (a) the number of such shares, the number of Other Interests and/or the number of shares underlying Options beneficially owned by such Filer and (b) the date(s) on which such shares, Other Interests and/or Options were acquired (categorized by class, as applicable).

In the case of Common Stock, Other Interests and/or Options to acquire Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock, Other Interests and/or Options to acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock, Other Interests and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares/Number of Interests Owned | Shares/Number of Interests Underlying Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional pages if necessary.)

    [[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

_____
Telephone: _____
Facsimile: _____
Date: _____

**Exhibit 3 to Final Order**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate SHC Securities**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                              :
                                                   :        Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,              :
                                                   :        Case No. 18-[_____]23538 (RDD)
                                                   :
Debtors.¹                                          :        (Jointly Administered)

------------------------------------------------------------x

### NOTICE OF INTENT TO PURCHASE,
### ACQUIRE, OR OTHERWISE ACCUMULATE SHC SECURITIES

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate directly one or more shares of Common Stock², any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations) ("**Other Interests**") and/or Options to acquire Common Stock and/or (ii) a proposed purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock that would result in

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings, Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (None); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

² Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

an increase in the number of shares of Common Stock, Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.   If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Common Stock, Other Interests and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock, Other Interests and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2.   If the Proposed Transfer involves the purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock, the number of Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock, Other Interests and/or Options, (b) the number of shares of Common Stock, number of Other Interests and/or number of shares of Common Stock underlying Options proposed to be purchased or acquired, and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares/Number of Interests to be Purchased or Acquired | Shares/Number of Interests Underlying Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Other Interests and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock

WEIL:\96795354\5\73217.0004

underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares/Number of Interests to Be Owned | Shares/Number of Interests Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Other Interests | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Common Stock, Other Interests and/or Options to acquire Common Stock directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Securityholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Securityholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock, the number of Other Interests and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares/Number of Interests Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests to Be Owned Following Proposed Transfer | Shares/Number of Interests Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Other Interests | | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to

WEIL:\96795354\5\73217.0004

the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____


Date: _____

WEIL:\96795354\5\73217.0004

**<u>Exhibit 4 to Final Order</u>**

**Notice of Intent to Sell, Trade, or Otherwise Transfer SHC Securities**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | |
| | : | Case No. 18-[_____]23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

-------------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE,
## OR OTHERWISE TRANSFER SHC SECURITIES

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of one or more shares of Common Stock[2], any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations) ("**Other Interests**") and/or Options to acquire Common Stock and/or (ii) a proposed sale, transfer, or disposition of Common Stock, Other Interests and/or Options to acquire Common Stock that would result in a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

WEIL:\96795354\5\73217.0004

decrease in the number of shares of Common Stock, Other Interests and/or number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.   If the Proposed Transfer involves the sale, transfer, or disposition directly by the Filer of Common Stock, Other Interests and/or Options to acquire Common Stock, the table sets forth (a) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

2.   If the Proposed Transfer involves the sale, transfer or disposition of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock, Other Interests and/or number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock, Other Interests and/or Options; (b) the number of shares of Common Stock, number of Other Interests and/or number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of; and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares/Number of Interests to Be Sold, Transferred, or Disposed Of | Shares/Number of Interests Underlying Options to Be Sold, Transferred, or Disposed Of | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Other Interests | | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options (a) that would be owned directly by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock, Other Interests and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock,

2

number of Other Interests and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares/Number of Interests to Be Owned | Shares/Number of Interests Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |
| Other Interests | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer, or disposition of Common Stock, Other Interests and/or Options to acquire Common directly by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock, Other Interests and/or Options to acquire Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Securityholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Securityholder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock, number of Other Interests and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares/Number of Interests Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests to Be Owned Following Proposed Transfer | Shares/Number of Interests Underlying Options Owned Currently (i.e., Prior to Proposed Transfer) | Shares/Number of Interests Underlying Options to Be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Other Interests | | | | | |

(Attach additional page if necessary.)

WEIL:\96795354\5\73217.0004

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
Telephone: _____
Facsimile: _____

Date: _____

WEIL:\96795354\5\73217.0004

**<u>Exhibit 5 to Final Order</u>**

**Declaration of Status as a Majority Securityholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                    :
                                         :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*    :
                                         :    **Case No. 18-[      ]23538 (RDD)**
                                         :
Debtors.[1]                              :    **(Jointly Administered)**
------------------------------------------------------------x

## DECLARATION OF STATUS AS A MAJORITY SECURITYHOLDER

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer is/has become a Majority Securityholder.[2]

PLEASE TAKE FURTHER NOTICE that, as of _____ ___, 2018, the Filer beneficially owns ____ shares of and/or interests in SHC Securities.  The following table sets

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

WEIL:\96795354\5\73217.0004

forth the date(s) on which the Filer acquired such ownership or otherwise has ownership of such SHC Securities in an amount sufficient for the Filer to qualify as a Majority Securityholder:

| Number of Shares of and/or Interests in SHC Securities | Date(s) Acquired |
| --- | --- |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional pages if necessary.)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

WEIL:\96795354\5\73217.0004

**<u>Exhibit 6 to Final Order</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                          :
                                               :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,      :
                                               :        **Case No. 18-[_____]23538 (RDD)**
                                               :
          Debtors.¹                            :        **(Jointly Administered)**
------------------------------------------------------------------x

### <u>DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION</u>

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction² with respect to its SHC Securities (a "**Proposed Deduction**").

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, LLC (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

² Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 20__, the Filer filed a Declaration of Status as a Majority Securityholder with this Court.

PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares of and/or interests in SHC Securities.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to ___ shares of and/or interests in SHC Securities.  If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired ___ shares of and/or interests in SHC Securities on the first day of Filer's next taxable year and shall be treated as never having owned such SHC Securities during any prior year for the purposes of testing whether an Ownership Change has occurred.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

**<u>Exhibit 7 to Final Order</u>**

**Notice of Substantial Claim Ownership**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                    :
                                         :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*  :
                                         :          **Case No. 18-**[_____]**23538** (RDD)
                                         :
        **Debtors.**[1]                  :          **(Jointly Administered)**
-------------------------------------------------------------x

<u>**NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP**</u>

        PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [person or Entity] (the "**Filer**") hereby provides notice that the Filer beneficially owns either (i) more than $[  ] million of Claims[2] against the Debtors or (ii) a lesser amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

aggregation rules described in the definition of "Substantial Claimholder" below), could result in such holder of Claims holding the Applicable Percentage of New SHC Stock.

        PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

        1.  In the case of Claims that are owned directly by the Filer, the table sets forth the dollar amount of all Claims beneficially owned (as hereinafter defined) by the Filer (categorized by class or other applicable classification).

        2.  In the case of Claims that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such Claims that are beneficially owned by the Filer and (b) the dollar amount of all Claims beneficially owned by such Filer (categorized by class or other applicable classification).

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|-------|----------------------|---------------|---------------------|
|       |                      |               |                     |
|       |                      |               |                     |

(Attach additional page if necessary.)

        PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly) and that Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|-------|----------------------|---------------|------------------|
|       |                      |               |                  |
|       |                      |               |                  |

(Attach additional page if necessary.)

        PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

        1.  In the case of Owned Interests that are owned directly by the Filer, the table sets forth (a) the type and number of any Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by the Filer and (b) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification);

2

2.       In the case of Owned Interests that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such Owned Interests that are beneficially owned by the Filer, (b) the type and number of any such Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by such Filer, and (c) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification).

The Filer will provide any additional information in respect of such Owned Interests that the Debtors reasonably request.

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before SHC's emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Commencement Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

WEIL:\96795354\5\73217.0004

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

WEIL:\96795354\5\73217.0004

**<u>Exhibit 8 to Final Order</u>**

**Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                              :

                                                   :        Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,              :

                                                   :        Case No. 18-[_____]23538 (RDD)

                                                   :

Debtors.¹                                          :        (Jointly Administered)

-------------------------------------------------------------x

## NOTICE OF REQUEST TO PURCHASE, ACQUIRE,
## OR OTHERWISE ACCUMULATE A CLAIM AGAINST THE DEBTOR

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [person or Entity] (the "**Filer**") hereby provides notice of (i) its intent to purchase, acquire, or otherwise accumulate directly a Claim² or Claims against the Debtors and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

² Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)], the Filer served a Notice of Substantial Claim Ownership with the Plan Proponent, counsel to the Plan Proponent, counsel to the DIP Lenders, and counsel to the Creditors' Committee.

WEIL:\96795354\5\73217.0004

PLEASE TAKE FURTHER NOTICE that the Filer is filing this notice as (check one):

| | |
|---|---|
| *A person or Entity that filed or was required to file a Notice of Substantial Claim Ownership* | |
| *A person or Entity that, upon consummation of the Proposed Transfer, would have been required to file a Notice of Substantial Claim Ownership (if the proposed acquisition date had been the Determination Date)* | |

PLEASE TAKE FURTHER NOTICE that the following tables set forth the following information:

1. In the case of Claims and/or Owned Interests that are owned directly by the Filer, the tables set forth (a) the dollar amount of all Claims and the type and number of Owned Interests (and Options to acquire the same) beneficially owned by the Filer (categorized by class or other applicable classification) and, (b) if applicable, the date such Owned Interests (or Options to acquire the same) were acquired.

2. In the case of Claims and/or Owned Interests that are not owned directly by the Filer but nonetheless are beneficially owned by the Filer, the tables set forth (a) the name(s) of each record or legal owner of the Claims and/or Owned Interests (and Options to acquire the same) that are beneficially owned by the Filer, (b) the dollar amount of all Claims and the type and number of Owned Interests beneficially owned by the Filer (categorized by class or other applicable classification), and, (c) if applicable, the date such Owned Interests (and Options to acquire the same) were acquired.

The Filer will provide any additional information in respect of such Claims and/or Owned Interests that the Debtors reasonably request.

| *Class* | *Description of Claim* | *Name of Owner* | *Dollar Amount Owned* |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

WEIL:\96795354\5\73217.0004

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly).

The Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition of Claims directly by the Filer, the table sets forth the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

2. If the Proposed Transfer involves the purchase or acquisition of Claims by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such Claims and (b) the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

| Class | Description of Claim | Name of Owner | Dollar Amount to be Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

WEIL:\96795354\5\73217.0004

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Claims directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Claims by a person or Entity (other than the Filer) that currently is a Substantial Claimholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Claimholder, the following tables set forth (i) the name of each such person or Entity, (ii) the dollar amount of all Claims beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer) (categorized by class or other applicable classification), (iii) the dollar amount of all Claims that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class or other applicable classification), (iv) the number and type of Owned Interests (and Options to acquire the same) beneficially owned by such person or Entity as of the date of the Proposed Transfer (categorized by class or other applicable classification), and (v) the date such Owned Interests (and Options to acquire the same) were acquired:

| Class | Description of Claim | Name of Owner | Dollar Amount of Claims Owned Currently (i.e., Prior to Proposed Transfer) | Dollar Amount of Claims to be Owned Following Proposed Transfer |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

(Attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the Filer [agreed ☐ / did not agree ☐— **PLEASE CHECK AS APPLICABLE**] in its Notice of Substantial Claim Ownership filed with the Court that it would not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before SHC's emergence from bankruptcy protection and that it immediately would dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Commencement Date and prior to submitting its Notice of Substantial Claim Ownership, and the Filer has complied with and intends to continue to comply with such statement.

PLEASE TAKE FURTHER NOTICE that, if the Plan Proponent approves the Proposed Transfer and the Filer did not previously file a Notice of Substantial Claim Ownership,

WEIL:\96795354\5\73217.0004

the Filer, under penalty of perjury, hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before SHC's emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Commencement Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that the Filer hereby acknowledges that, if the Plan Proponent does not approve the Proposed Transfer in writing within **eight (8) business days** after the filing of this Notice, such Proposed Transfer shall be deemed rejected. If the Plan Proponent provides written authorization approving the Proposed Transfer prior to the end of such eight-business-day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

WEIL:\96795354\5\73217.0004

WEIL:\96795354\5\73217.0004

**<u>Exhibit 9 to Final Order</u>**

**Notice of Compliance**

WEIL:\96795354\5\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                    :
                                         :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*, :
                                         :        **Case No. 18-[_____]23538 (RDD)**
                                         :
Debtors.[1]                              :        **(Jointly Administered)**
-------------------------------------------------------------x

## NOTICE OF COMPLIANCE WITH SELL-DOWN NOTICE

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, and Claims Against, the Debtors and Claiming Certain Worthless Stock Deductions*, dated [_____], 2018, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [person or Entity] (the "**Filer**") hereby provides notice that Filer has complied in full with the terms and conditions set forth in the Final Order and as further set forth in the Sell-Down Notice[2] issued to Filer, such that (i) Filer does not and will not beneficially own an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan and (ii) if Filer so agreed in its Notice of Substantial Claim Ownership, Filer does not and will not

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

beneficially own any Owned Interests (and Options to acquire the same) unless acquired prior to the Commencement Date.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of Filer is _____.

[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____

Telephone: _____
Facsimile: _____

Date: _____

2

WEIL:\96795354\5\73217.0004

**<u>Exhibit 10 to Final Order</u>**

**Final Publication Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, (I) SECURITIES ISSUED BY SEARS HOLDINGS CORPORATION OR ITS SUBSIDIARIES AND (II) CERTAIN CLAIMS AGAINST SEARS HOLDINGS CORPORATION OR ITS SUBSIDIARIES:**

Upon the motion (the "**Motion**") of Sears Holdings Corporation ("**SHC**") and its subsidiaries (the "**Debtors**"), on [_____, 2018], the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Sears Holdings Corporation, et al.*, Case No. ====18-23538 (RDD) (the "**Chapter 11 Cases**"), entered a final order establishing procedures (the "**Procedures**") with respect to direct and indirect transfers of interests in, and claims against, the Debtors and claims of worthless stock deductions with respect to interests in the Debtors.

In certain circumstances, the Procedures restrict (i) transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that is or, as a result of such a transaction, would become a Substantial Securityholder of the common stock issued by SHC (the "**Common Stock**") or any other interest in a Debtor treated as stock (within the meaning of applicable Treasury Regulations)- (together with the Common Stock, the "**SHC Securities**") and (ii) claims by any Majority Securityholder of a worthless stock deduction under section 165(g) of the Internal Revenue Code with respect to the SHC Securities.  For purposes of the Procedures, a "**Substantial Securityholder**" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns, directly or indirectly (and/or owns options to acquire) at least [5,177,155] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock) or at least 4.75% of any other class of SHC Securities, and a "**Majority Securityholder**" is any person that beneficially owns at least [51,771,556] shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock) or any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code) of SHC Securities (as defined in the Procedures) if such person claimed a worthless stock deduction with respect to such securities.  *Any prohibited acquisition or other transfer of, or claim of a worthless stock deduction with respect to, SHC Securities will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

In addition, the Procedures set forth (i) certain future circumstances under which any person, group of persons, or entity holding, or which as a result of a proposed transaction may hold, a substantial amount of certain claims against the Debtors may be required to file notice of its holdings of such claims and of proposed transactions, which transactions may be restricted, and (ii) certain limited circumstances thereafter under which such person(s) may be required to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any such claims acquired during the Chapter 11 Cases.- *Any prohibited acquisition or other transfer of claims against the Debtors in violation of the claims procedures set forth in*

4
WEIL:\96795354\5\73217.0004

*the Procedures will be null and void ab initio and/or may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

*The Procedures are available on the website of [_____], the Debtors' Court-approved claims agent, located at https://[_____]primeclerk.com/sears/, and on the docket of the Chapter 11 Cases, Docket No. _____18-23538 (RDD), which can be accessed via PACER at https://www.pacer.gov.*

The requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse noncompliance therewith.

**A direct or indirect holder of, or prospective holder of, securities issued by SHC that may be or become a Substantial Securityholder, a Majority Securityholder or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors should consult the Procedures.**

Dated:    New York, New York_____, 2018                    **BY ORDER OF THE COURT**
          [_____], 2018
          White Plains, New York

WEIL:\96795354\5\73217.0004

| Summary report: Litéra® Change-Pro TDC 10.1.0.800 Document comparison done on 11/12/2018 10:37:40 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://WEILDMS/WEIL/96795354/1 | |
| **Modified DMS:** iw://WEILDMS/WEIL/96795354/5 | |
| **Changes:** | |
| Add | 133 |
| Delete | 105 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 1 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 239 |