WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                           :
                                                :   **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,       :
                                                :   **Case No. 18-23538 (RDD)**
                                                :
Debtors.[1]                                     :   **(Jointly Administered)**
                                                :
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**DEBTORS' REPLY TO OBJECTIONS TO DEBTORS' MOTION FOR AUTHORITY TO (I) PAY PREPETITION CLAIMS OF (A) SHIPPERS, WAREHOUSEMEN, AND OTHER NON-MERCHANDISE LIEN CLAIMANTS AND (B) HOLDERS OF PACA/PASA CLAIMS, AND (II) CONFIRM ADMINISTRATIVE EXPENSE PRIORITY FOR PREPETITION ORDERS DELIVERED TO THE DEBTORS POSTPETITION, AND SATISFY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, submit this reply in further support of the *Motion of Debtors for Interim and Final Authority to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition and Satisfy Such Obligations in the Ordinary Course of Business* (ECF No. 14), dated October 15, 2018 (the "**Motion**")[2], and respectfully represent:

**Reply**

1.      No party in interest has objected to the Motion in so far as it (a) authorizes, but does not direct, the Debtors to pay prepetition Lien Claims, or (b) directs the Debtors to pay PACA/PASA Claims in the ordinary course of business.

2.      Apex Tool Group, LLC ("**Apex**") filed a response and limited objection (ECF No. 558) to the language in paragraph 8 of the Interim Order, which is intended to confirm that claims entitled to administrative priority status pursuant to section 503(b)(1) would be granted such status, and which authorized the Debtors to pay such claims in the ordinary course. Alpine Creations, Ltd. filed a joinder to Apex's response (ECF No. 611).

---

[2] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

3.      Neither the Interim Order nor the proposed Final Order enhanced or impaired the priority to which any claim may be entitled. Paragraph 13 of the Interim Order made this clear: "Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party." The same language appears in paragraph 12 of the proposed Final Order.

4.      The Court extended the Debtors' deadline to file their schedules of liabilities, and the Court has neither established a bar date for the filing of claims in these cases nor limited the time by which the Debtors or all parties in interest may object to any claims that may be filed. A substantial claims reconciliation process will ensue in due course, and any disputes that cannot be resolved between the Debtors and claimants ultimately will be determined by the Court, when there is a case or controversy, and based on application of individual facts of the cases presented.

5.      Apex, which has not yet filed any proof of claim, seeks an advisory ruling as to the priority to which its claims may be entitled. A request for declaratory relief of this nature through an objection to standard "first day" relief clearly is improper.[3] Fed. R. Bank. P. 7001. Accordingly, Apex's limited objection should be overruled.

---

[3] This Court has previously granted the relief requested with similar language, i.e., using the word "delivered." The order entered in *In re Tops Holding II Corp., et al*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Mar. 22, 2018) (Docket No. 184), for example, provided that "[a]ll undisputed amounts relating to Commencement Date Orders are hereby granted postpetition administrative expense priority pursuant to section 503(b) of the Bankruptcy Code . . . " where the term "Commencement Date Orders" was defined in the following sentence: "Prior to the Commencement Date, and in the ordinary course of business, the Debtors ordered Merchandise that will not be delivered until on or after the Commencement Date (the "Commencement Date Orders")." *Id.* (Docket No. 8). Likewise, in *The Great Atlantic & Pacific Tea Co., Inc.*, the Court's order provided that "all undisputed amounts relating to Commencement Date Orders are hereby granted postpetition administrative expense priority pursuant to section 503(b) of the Bankruptcy Code . . . ." Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 11, 2015) (Docket No. 504). As in *Tops*, "Commencement Date Orders" was defined in the following sentence: "Prior to the Commencement Date, and in the ordinary course of business, the Debtors ordered Merchandise that will not be delivered until on or after the Commencement Date (the "Commencement Date Orders")." *Id.* (Docket No. 11).

WEIL:\96797169\3\73217.0004

6.      The Debtors need not dispute the factual and legal assertions made by Apex at this time but reserve all rights to do so if necessary and relevant at a later date. The Debtors caution parties that may seek to stop shipments of goods to which the Debtors have title that the automatic stay is extant and will be enforced.

7.      DART Warehouse Corporation ("**DART**") filed a statement of position seeking the Debtors' consideration of DART for status as a Shipper, Warehouseman, or critical vendor, and additional information regarding the Debtors' selection of such parties (ECF No. 554). The Debtors have been in communication with DART. Nothing in DART's statement precludes entry of the proposed Final Order.

## Conclusion

For the reasons set forth in the Motion and herein, outstanding objections should be overruled, and the Final Order, in the form annexed hereto as **Exhibit A**, should be entered.

Dated: November 13, 2018
      New York, New York

                                         /s/ Garrett A. Fail
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York  10153
                                    Telephone:  (212) 310-8000
                                    Facsimile:  (212) 310-8007
                                    Ray C. Schrock, P.C.
                                    Jacqueline Marcus
                                    Garrett A. Fail
                                    Sunny Singh

                                    *Attorneys for Debtors*
                                    *and Debtors in Possession*

# EXHIBIT A

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                        :
                                                             :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                    :
                                                             :    **Case No. 18-23538 (RDD)**
                                                             :
            Debtors.[1]                                      :    **(Jointly Administered)**
------------------------------------------------------------x

**FINAL ORDER AUTHORIZING DEBTORS TO (I) PAY PREPETITION CLAIMS OF (A) SHIPPERS, WAREHOUSEMEN, AND OTHER NON-MERCHANDISE LIEN CLAIMANTS AND (B) HOLDERS OF PACA/PASA CLAIMS, AND (II) CONFIRM ADMINISTRATIVE EXPENSE PRIORITY FOR PREPETITION ORDERS DELIVERED TO THE DEBTORS POSTPETITION, AND SATISFY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion, dated October 15, 2018 (ECF No. 14) (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, and 503 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for entry of interim and final orders (i) authorizing but not directing the Debtors to pay (a) Shipping and Warehousing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Charges, (b) Non-Merchandise Lien Claims, and (c) PACA/PASA Claims, and (ii) granting administrative priority status to all undisputed obligations of the Debtors owing to third party vendors and suppliers arising from the postpetition delivery of goods ordered prior to the Commencement Date and authorizing the Debtors to pay such obligations in the ordinary course of business, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the Final Hearing (defined below) having been provided in accordance with the Amended Case Management Order and as set forth in the affidavit of service filed with respect thereto (ECF No. 58), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing on October 15, 2018 to consider the relief requested in the Motion on an interim basis (the "**Interim Hearing**"); and the Court having entered an order granting the relief requested in the Motion on an interim basis (ECF No. 115) (the "**Interim Order**") and scheduling a final hearing on the Motion on November 15, 2018 (the "**Final Hearing**"); and the Final Hearing having been held to consider the relief requested in the Motion on a final basis; and upon the record of and representations made at the Interim Hearing and the Final Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

2

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Debtors are further authorized, but not directed, to pay the prepetition Lien Claims.

3. The Debtors, in their sole discretion, shall undertake appropriate efforts to cause the Lien Claimants to acknowledge in writing that payment of their respective Lien Claims is conditioned upon such Lien Claimant continuing to supply services to the Debtors on terms that, at a minimum, such Lien Claimant provided to the Debtors on a historical basis prior to the Commencement Date, or such other trade practices and programs that are at least as favorable to the Debtors as those in effect during such time, and the Debtors reserve the right to negotiate new trade terms with any Lien Claimant as a condition to payment of any such claim.

4. The Debtors may condition, in their sole discretion, payment of Lien Claims on the agreement of such Lien Claimants to continue supplying goods and services to the Debtors on the same trade terms given to them prior to the Commencement Date or upon new trade terms (to the extent agreed to by the Debtors and the applicable Lien Claimant, the "**Agreed Terms**").

5. To the extent a Lien Claimant fails to comply with the Agreed Terms, the Debtors may, in their sole discretion, (i) cause (a) any payment made to such Lien Claimant on account of its asserted lien claim to be deemed to have been in payment of then outstanding postpetition obligations owed to the Lien Claimant and (b) the Lien Claimant shall be required to immediately repay to the Debtors any payment made to it on account of its asserted lien claim to the extent the aggregate amount of such payments exceeds the postpetition obligations then

outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise.

6. Neither the Debtors nor any other party in interest concedes that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Order are valid, and the Debtors expressly reserve the right to contest the extent, validity or perfection or seek the avoidance of all such liens.

7. The Debtors are hereby authorized, but not directed, to pay PACA/PASA Claims in the ordinary course of business consistent with the parties' customary practices in effect prior to the Commencement Date.

8. All undisputed obligations of the Debtors arising from the postpetition delivery or shipment by of goods under the Prepetition Orders are granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code, and the Debtors are authorized, but not directed, to pay such obligations in the ordinary course of business consistent with the parties' customary practices in effect prior to the Commencement Date.

9. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

4

10. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

11. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

12. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

13. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

14. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2018
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE