WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                               :
                                                    :        **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,           :
                                                    :        **Case No. 18-23538 (RDD)**
                                                    :
              Debtors.[1]                           :        **(Jointly Administered)**
                                                    :
-------------------------------------------------------------x

### DEBTORS' REPLY TO OBJECTION TO DEBTORS'
### MOTION FOR AUTHORITY TO EXTEND THE TIME TO ASSUME OR REJECT
### UNEXPIRED LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submit this reply to the objection (the "**Midwood Objection**") of Midwood Management Corp., as agent for Expressway Plaza I, LLC and Farmingville Associates Phase 1, LLC as tenants in common ("**Midwood Landlord**"), to the *Motion of Debtors for Authority to Extend the Time to Assume or Reject Unexpired Leases and Subleases of Nonresidential Real Property* (ECF No. 426, the "**Motion**").[2]  The Debtors respectfully represent as follows:

### PRELIMINARY STATEMENT

1.      As of the commencement of these chapter 11 cases, the Debtors operated 687 retail stores in forty-nine (49) states, Guam, Puerto Rico, and the U.S. Virgin Islands under the Sears® and Kmart® brands.  Certain of the Debtors are lessees under approximately 1,800 non-residential real property leases (collectively, the "**Leases**").  Not atypical for a chapter 11 case of this size and complexity, the Debtors filed the Motion seeking additional time to evaluate their extensive real estate portfolio and determine whether to reject, assume, or assume and assign the Leases as required under their DIP Milestones.  The treatment of the Leases is integral to the Debtors' restructuring efforts and the Motion rightfully seeks to preserve the Debtors' ability to make well-informed decisions as to such assets so as to maximize value for, and proceed in the best interests of, their estates and creditors.

2.      The Debtors served notice of the Motion on 384 landlords and lease counterparties in addition to all parties that requested notice in these cases pursuant to

---

[2] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Bankruptcy Rule 2002.  The only objection to the relief requested in the Motion was interposed by the Midwood Landlord and should be overruled for several reasons.  First, the Midwood Objection improperly seeks a determination as to the status of the lease encumbering the premises located at 2280 North Ocean Avenue, Farmingville, New York (the "**Farmingville Lease**").  Specifically, the Midwood Objection seeks a finding that the Farmingville Lease has been properly terminated.  Approval of the Motion does not constitute a finding as to the legal status of any Lease.  Indeed, the Motion is only applicable to "unexpired" non-residential real property leases and whether the Farmingville Lease has been terminated is not before the Court or necessary to approve the Motion.  To the extent the alleged termination is later found by the Court to be valid, the extension sought in the Motion will not apply and, conversely, the extension granted under the Motion will apply if the Farmingville Lease is later determined to be an unexpired lease that is property of the Debtors' estates.  Second, the Midwood Objection does not assert that the Debtors lack "cause" for the modest relief requested in the Motion but rather seemingly asserts that the Midwood Landlord only opposes the Motion to the extent that it applies to the Farmingville Lease – again, an issue the Court need not decide to grant the Motion.

3.      For the reasons set forth in the Motion and below, the Midwood Objection should be overruled and the limited relief requested in the Motion should be granted.

## Debtors' Reply

4.      Unequivocally, the Motion does not seek (i) a finding from the Court as to the legal status of any lease or (ii) authority to assume, assume and assign or reject any lease. The purpose of the Motion is to provide the Debtors with an additional ninety (90) days to meaningfully evaluate the Leases in view of their restructuring goals and to comply with the milestones under the DIP ABL Facility.  Nevertheless, for further clarity as to the effect of the Motion, the Debtors propose to revise the Proposed Order so as to include language that

3

expressly provides that entry of the order approving the Motion does not constitute a finding as to the legal status of any lease and the rights of the Debtors and any landlord as to such issues are preserved. A copy of the revised Proposed Order (the "**Revised Proposed Order**") is attached hereto as **Exhibit A**. As reflected in the Revised Proposed Order, the Court can grant the Motion without prejudice to the Midwood Landlord or any other landlord's rights or positions as it relates to their applicable real property lease.

5.      Even absent the Debtors' revision to the Proposed Order, the objections raised in the Midwood Objection are procedurally improper and should be overruled. The Motion is a summary proceeding, intended to review promptly the Debtors' request for an extension of time to determine treatment of their unexpired non-residential real property leases, not to determine the substantive rights of the Debtors and the Midwood Landlord as it relates to the Farmingville Lease. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1098-99 (2d Cir. 1993). As held by the Second Circuit in *In re Orion Pictures Corp.*, a summary proceeding "is not the time or place for prolonged discovery or a lengthy trial with disputed issues." 4 F.3d at 1098-99. The Midwood Landlord is attempting to obtain a substantive determination as to the status of the Farmingville Lease and should be precluded in this context from seeking a determination as to whether such lease is terminated by operation of law.

6.      Further, the Debtors have shown that sufficient cause exists for the relief requested in the Motion and the Midwood Objection fails to assert any facts to the contrary. As more fully discussed in the Motion, these chapter 11 cases are large and complex, and the Debtors have an extensive portfolio of non-residential real property leases that encumber properties throughout the United States. The Debtors' request for an extension under section 365(d)(4) of the Bankruptcy Code is necessary for the Debtors to complete the analysis of their

4

real estate portfolio, evaluate and finalize their real estate strategy with their key stakeholders, and comply with their DIP Milestones.   Compelling an accelerated and premature decision as to the treatment of the Leases would only serve to adversely affect the Debtors' estates and creditors.

7.    The Midwood Objection fails to present any factual or legal basis to warrant denying the motion and should not bar the Debtors from attaining the critical relief sought in the Motion.

## **CONCLUSION**

For the reasons set forth herein and in the Motion, the Midwood Objection should be overruled, and the Motion should be granted.

Dated:  November 13, 2018
       New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

5

**EXHIBIT A**

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                          :
                                               :         **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,      :
                                               :         **Case No. 18-23538 (RDD)**
                                               :
              Debtors.[1]                      :         **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER EXTENDING TIME TO ASSUME OR REJECT
### UNEXPIRED LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion, dated November 1, 2018 (ECF No. 426) (the "**Motion**")[2] of Sears

Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(d)(4)(B)(i) of the

Bankruptcy Code and Rule 6006-1(c) of the Local Bankruptcy Rules for the Southern District of

New York, for entry of an order extending the initial 120-day period to assume or reject all of their

unexpired leases and subleases of non-residential real property (collectively, the "**Leases**") by an

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

additional ninety (90) days, from February 12, 2019, up to and including May 13, 2019, without

prejudice to the Debtors' right to seek further extensions in accordance with the Bankruptcy Code

and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having

jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-

(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§

1408 and 1409; and due and proper notice of the relief requested in the Motion having been

provided in accordance with the Case Management Order; such notice having been adequate and

appropriate under the circumstances, and it appearing that no other or further notice need be

provided; and the Court having held a hearing to consider the relief requested in the Motion on

November 15, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the

proceedings had before the Court; and the Court having determined that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; and is in the best interests

of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation

and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted to the extent set forth herein.

2.    The time by which the Debtors must assume or reject the Leases is extended

to and including the earlier of (i) **May 13, 2019** and (ii) the date of entry of an order confirming a

chapter 11 plan.

2

3.      Entry of this Order is without prejudice to the Debtors' right to request further extensions of the time to assume or reject the Leases in accordance with section 365(d)(4)(B)(ii) of the Bankruptcy Code.

4.      This Order does not constitute a finding as to the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, a real property interest, or a financing arrangement), and the rights of the Debtors and any landlord as to such issues are preserved.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
      White Plains, New York

                        _____
                        THE HONORABLE ROBERT D. DRAIN
                        UNITED STATES BANKRUPTCY JUDGE

3