WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

**NOTICE OF FILING REVISED PROPOSED ORDER AUTHORIZING
DEBTORS TO SELL  MEDIUM TERM  NOTES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that on November 9, 2018, Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), filed the *Emergency Motion of Debtors for Order Approving Sale of Medium Term Notes* (ECF No. 642) (the "**Motion**").[2]

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Order Authorizing Debtors to Sell Medium Term Notes* (the "**Revised Proposed Order**"), attached hereto as **<u>Exhibit A</u>**.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **<u>Exhibit B</u>** is a redline of the Revised Proposed Order reflecting cumulative changes from the proposed form of order attached to the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will appear on **November 15, 2018 at 10:00 a.m. (Eastern Time)** or as soon thereafter as counsel may be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140, to present the Motion to the Court and request entry of the Revised Proposed Order.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

WEIL:\96763758\11\73217.00034

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion and Revised Proposed Order can be viewed and obtained (i) by accessing the Court's website at www.nysb.uscourts.gov, or (ii) by accessing, free of charge, the website maintained by the Debtors' claims and noticing agent, Prime Clerk LLC, https://restructuring.primeclerk.com/sears/.  Note that a PACER password is needed to access documents on the Court's website.

Dated: November 13, 2018
      New York, New York

                                      /s/ Jacqueline Marcus
                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York  10153
                                      Telephone:  (212) 310-8000
                                      Facsimile:  (212) 310-8007
                                       Ray C. Schrock, P.C.
                                      Jacqueline Marcus
                                      Garrett A. Fail
                                      Sunny Singh

                                      *Attorneys for Debtors*
                                      *and Debtors in Possession*

**<u>Exhibit A</u>**

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

---------------------------------------------------------------x

## ORDER AUTHORIZING DEBTORS TO SELL
## <u>MEDIUM TERM  NOTES</u>

Upon the motion, (the "**Motion**")[2] of Sears Holdings Corporation and its debtor

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 363 of title 11 of the United States

Code (the "**Bankruptcy Code**"), and Rule 6004(a) of the Federal Rules of Bankruptcy

Procedures (the "**Bankruptcy Rules**"), for an order authorizing, but not directing, the Debtors to

sell certain medium term notes, all as more fully set forth in the Motion; and the Court having

jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

§§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on November 13, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested provides a benefit to the Debtors and their estates, and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are authorized, but not directed, in consultation with the Creditors' Committee, to sell the MTNs to the party or parties that provide the highest or best offer and to deposit all net proceeds of the sale(s) into the Winddown Account, as provided in the DIP Orders (as defined below).

3.      In light of the fact that the sale of the MTNs and the deposit of the proceeds into the Winddown Account may affect the assets and liabilities of the respective Debtors, in connection with the chapter 11 plan process, the Debtors, the Creditors' Committee, and the DIP ABL Agents and the Prepetition ABL Agents (each as defined in the *Interim Order*

2

*(I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling Final Hearing; and (V) Granting Related Relief*, dated October 16, 2018 (ECF No. 101)) will agree upon a true-up mechanism to ensure that no Debtor's estate or creditors is adversely affected as a result of the sale of the MTNs, the deposit of the proceeds therefrom into the Winddown Account or the use of such proceeds in accordance with this Order.  In the event that the foregoing parties cannot agree upon a true-up mechanism, any dispute will be resolved by the Court.

4.    To the extent that the Debtors sell the MTNs, Jefferies may deduct the Jefferies Brokerage Fee from the gross proceeds of such sale.

5.    Pursuant to section 363(f) of the Bankruptcy Code, the MTNs being sold shall be sold free and clear of any and all liens, claims, and encumbrances (including, without limitation, any and all "claims" as defined in section 101(5) of the Bankruptcy Code) (collectively, the "**Liens and Claims**"), with such Liens and Claims, if any, to attach to the proceeds of such assets with the same validity and enforceability, to the same extent, subject to the same defenses, and with the same amount and priority as they attached to such assets immediately before the closing of the applicable sale.

6.    Any entity that purchases MTNs from the Debtors pursuant to the authority granted in this Order shall be deemed to have purchased the MTNs in good faith and shall be entitled to the protections set forth in section 363(m) of the Bankruptcy Code; provided, that nothing contained in this Order shall waive any rights of the Debtors, the Creditors'

3

Committee or any other party or governmental entity to the extent it is determined that a party

engaged in inappropriate conduct with respect to the transactions contemplated by this Order.

7.      Notwithstanding anything contained in the Motion or this Order to the

contrary, any payment made or action taken by any of the Debtors pursuant to the authority

granted herein, as well as the exercise of any and all other rights and authorizations granted or

approved hereunder, shall be subject in all respects to, as applicable:  (i) the orders approving the

Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities

(collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of

cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in

the DIP Orders).

8.      To the extent there is any inconsistency between the terms of any of the

DIP Orders or this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

9.      The Debtors are authorized to take all actions necessary to effectuate the

relief granted in this Order.

10.      The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated:                    , 2018
        White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE


4

**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                          :

                                           :      **Chapter 11**

**SEARS HOLDINGS CORPORATION**, *et al.*,      :

                                           :      **Case No. 18-23538 (RDD)**

                                           :

Debtors.[1]                                    :      **(Jointly Administered)**

-------------------------------------------------------------x

## ORDER AUTHORIZING DEBTORS TO SELL
## <u>MEDIUM TERM  NOTES</u>

Upon the motion, (the "**Motion**")[2] of Sears Holdings Corporation and its debtor

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to sections 105(a) and 363 of title 11 of the United States

Code (the "**Bankruptcy Code**"), and Rule 6004(a) of the Federal Rules of Bankruptcy

Procedures (the "**Bankruptcy Rules**"), for an order authorizing, but not directing, the Debtors to

sell certain medium term notes, all as more fully set forth in the Motion; and the Court having

jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

§§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on November 13, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested provides a benefit to the Debtors and their estates, and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

11.      The Motion is granted to the extent set forth herein.

12.      The Debtors are authorized, but not directed, in consultation with the Creditors' Committee, to sell the MTNs to the party or parties that provide the highest or best offer and to deposit all net proceeds of the sale(s) into the Winddown Account, as provided in the DIP Orders (as defined below).

13.      In light of the fact that the sale of the MTNs ~~may result in an increase in the amount of allowed claims at SRAC~~and the deposit of the proceeds into the Winddown Account may affect the assets and liabilities of the respective Debtors, in connection with the chapter 11 plan process, the Debtors ~~and~~, the Creditors' Committee, and the DIP ABL Agents

2

*and the Prepetition ABL Agents (each as defined in the Interim Order (I) Authorizing the*

*Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and*

*Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting*

*Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV)*

*Scheduling Final Hearing; and (V) Granting Related Relief,* dated October 16, 2018 (ECF No.

101) will agree upon a true-up mechanism to ensure that ~~SRAC and its~~no Debtor's estate or

creditors ~~are not~~is adversely affected as a result of the sale of the MTNs~~.~~, the deposit of the

proceeds therefrom into the Winddown Account or the use of such proceeds in accordance with

this Order.  In the event that the foregoing parties cannot agree upon a true-up mechanism, any

dispute will be resolved by the Court.

14.     To the extent that the Debtors sell the MTNs, Jefferies may deduct the

Jefferies Brokerage Fee from the gross proceeds of such sale.

15.     Pursuant to section 363(f) of the Bankruptcy Code, the MTNs being sold

shall be sold free and clear of any and all liens, claims, and encumbrances (including, without

limitation, any and all "claims" as defined in section 101(5) of the Bankruptcy Code)

(collectively, the "**Liens and Claims**"), with such Liens and Claims, if any, to attach to the

proceeds of such assets with the same validity and enforceability, to the same extent, subject to

the same defenses, and with the same amount and priority as they attached to such assets

immediately before the closing of the applicable sale.

16.     Any entity that purchases MTNs from the Debtors pursuant to the

authority granted in this Order shall be deemed to have purchased the MTNs in good faith and

shall be entitled to the protections set forth in section 363(m) of the Bankruptcy Code; provided,

that nothing contained in this Order shall waive any rights of the Debtors, the Creditors'

3

Committee or any other party or governmental entity to the extent it is determined that a party engaged in inappropriate conduct with respect to the transactions contemplated by this Order.

17.    Notwithstanding anything contained in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

18.    To the extent there is any inconsistency between the terms of any of the DIP Orders or this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

19.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

20.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:              , 2018
      White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

4