**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| In re:                                  | : | Chapter 11                |
|                                         | : |                           |
| **SEARS HOLDINGS CORPORATION,** *et al.*,| : | Case No. 18-23538 (RDD)   |
|                                         | : |                           |
| Debtors.[1]                             | : | (Jointly Administered)    |
|                                         | : |                           |
------------------------------------------------------------x   Ref. Docket No. ___

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CONFLICTS COUNSEL FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the *Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Conflicts Counsel for the Debtors,* Nunc Pro Tunc *to the Petition Date* (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Young Conaway as conflicts counsel to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

**Error!**

Debtors, *nunc pro tunc* to the Petition Date to provide the services described in the Application; and upon consideration of the Application and all pleadings related thereto, including the Morgan Declaration and the Transier Declaration; and the Court finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Court finding that venue of the Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court finding that proper and adequate notice of the Application has been given and that no other or further notice of or a hearing on the Application is required; and there being no objections to the requested relief; and, after due deliberation it appearing that Young Conaway neither holds nor represents any interest adverse to the Debtors or their estates, that it is disinterested under section 101(14) of the Bankruptcy Code, and that the relief requested in the Application is necessary and in the best interests of the Debtors, their estates, and their creditors; and good and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is GRANTED to the extent provided herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Young Conaway, *nunc pro tunc* to the Petition Date, as conflicts counsel to the Debtors (i) acting at the direction of the Restructuring Sub-Committee with respect to the RSC Conflict Matters, and (ii) acting at the direction of the Restructuring Committee or the Restructuring Sub-Committee, as the case may be, in connection with the Other Conflict Matters.

3. The Debtors are authorized and directed to pay the amounts owed to Young Conaway as conflicts counsel to the Debtors, in each case subject to the terms of the Engagement Letter and this Order.

4. Young Conaway shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any applicable fee and expense guidelines and orders of this Court.

5. Young Conaway shall provide reasonable notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases of any increase of Young Conaway's hourly rates set forth in the Morgan Declaration, and such notice shall be filed with the Court.

6. Young Conaway shall file with the Court and (subject to the following clauses (a) through (c)) provide three days' notice of any proposed representation of the Debtors with respect to any Other Conflict Matters, provided that (a) Young Conaway shall not, and shall not be required to, break any privilege or breach any duty of confidentiality owed to the Debtors in connection with providing such notice; (b) subject to the terms of this Order and any other order of the Court, Young Conaway shall be entitled to payment of all fees earned and expenses incurred in connection with its representation of the Debtors with respect to any Other Conflict Matter; and (c) the timeliness of any notice required by this Paragraph 6 shall be assessed based on the facts and circumstances of the situation, including whether earlier disclosure may have revealed privileged information, breached any duty of confidentiality owed to the Debtors, or compromised the Debtors' abilities to perform their statutory and fiduciary duties.

7. Young Conaway shall use its best efforts to avoid any duplication of its services with those provided by any of the Debtors' other professionals in these Chapter 11 Cases.

8. To the extent the Application or Engagement Letter is inconsistent with this Order, the terms of this Order shall govern for the duration of the Chapter 11 Cases.

9. Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors and Young Conaway are authorized to take all action necessary to carry out this Order.

11. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the Local Rules are satisfied by the contents of the Application.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: November 13, 2018
       White Plains, New York

                                              /s/Robert D. Drain
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE