WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **THE GREAT ATLANTIC & PACIFIC TEA** | : | |
| **COMPANY, INC.,** *et al.,* | : | **Case No. 15-23007 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

**RESPONSE OF DEBTORS TO
MOTION TO COMPEL OF CHRISTOPHER J. SHANNON**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

The Great Atlantic & Pacific Tea Company, Inc. and certain of its affiliates, as

debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the

"**Debtors**"), submit this response to the *Motion to Compel Settlement of Claim #9659* (ECF No.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc. (3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599). The international subsidiaries of The Great Atlantic & Pacific Tea Company, Inc. are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 19 Spear Road, Suite 310, Ramsey, New Jersey 07446.

4138) (the "**Motion to Compel**") filed by Christopher J. Shannon (the "**Movant**"), and respectfully represent as follows:

<u>**Response**</u>

1.     Movant asserts that the Debtors wrongfully terminated their long-term disability plan administered by Cigna (Policy No. 3203720) (the "**Plan**"),[2] pursuant to which Movant received long-term disability benefits, and seeks to compel payment of amounts allegedly owed in connection therewith.  As described in greater detail below, the Plan was properly terminated in accordance with its terms, which gave the Debtors the unilateral right to terminate the Plan at any time, and the Motion to Compel should be denied.

2.     Prior to the commencement of these chapter 11 cases, the Debtors maintained the Plan, which provided long-term disability benefits to non-union employees. During this time, the Plan was self-funded by the Debtors with Cigna acting as administrator, but not as insurer of the Plan.  Upon information and belief, Movant was a non-union store manager employed by the Debtors that became permanently disabled in 2008 and subsequently ceased working for the Debtors.  On March 13, 2014, Movant's long-term disability claim was approved and Movant began receiving benefits under the Plan.[3]

3.     On October 30, 2015, following the commencement of these chapter 11 cases, the Debtors notified Cigna that the Debtors would not be renewing Cigna's administrative services contract in connection with the Plan, and that the Plan would be terminated in accordance with its terms.[4]  On December 14, 2015, the Debtors notified all Plan participants

---

[2] The Debtors have requested a copy of the Plan from Cigna and will endeavor to provide a copy to the Court in advance of the hearing to consider the Motion to Compel.

[3] A copy of the letter notifying Movant of the approval of Movant's long-term disability benefits is annexed hereto as **<u>Exhibit A</u>**.

[4] A copy of Cigna's responsive confirmation letter is annexed hereto as **<u>Exhibit B</u>**.

WEIL:\96292681\4\50482.0005

that benefits under the Plan would cease as of December 31, 2015 due to the termination of the Plan.[5]  Upon information and belief, Movant subsequently corresponded with and, on December 21, 2015, received confirmation from, Cigna that Movant's benefits under the Plan would continue through July 17, 2033.[6]  Upon information and belief, this correspondence from Cigna was sent in error, as the Plan was scheduled to be, and was, terminated in accordance with its terms, which had already been communicated to Cigna at that time.  Subsequently, Movant's counsel[7] requested that the Debtors clarify the status of Movant's benefits under the Plan, and the Debtors confirmed to Movant's counsel that the Plan had been terminated and that Movant should file a proof of claim with the Court, which Movant did so on July 27, 2016.

4.      As this Court has recognized, a debtor may properly terminate or modify an employee benefit plan where permitted by the terms of the plan or applicable non-bankruptcy law.  *See In re Delphi Corp.*, Bankr. No. 05–44481 (RDD), 2009 WL 637315, at *6-*7 (Bankr. S.D.N.Y. Mar. 10, 2009) ("I believe that the debtors' interpretation of Section 1114 is the correct one, and that, if, in fact, the debtors have the unilateral right to modify a health or welfare plan, that modifiable plan is the plan that is to be maintained under Section 1114(e), with the debtors' pre-bankruptcy rights not being abrogated by the requirements of Section 1114."); *see also In re Chemtura Corp.*, Bankr. No. 09-11233 (REG), 2011 WL 1344573, at *6 (Bankr. S.D.N.Y. Apr. 8, 2011) ("Section 1114 doesn't apply to employee benefit plans that are terminable or amendable unilaterally by the plan sponsor.  Putting it another way, section 1114 does not trump any agreement between a company and its employee that gives the company the right to amend

---

[5] A copy of the letter notifying Plan participants of the termination of Plan benefits is annexed hereto as **Exhibit C**.

[6] A copy of Cigna's confirmation letter is annexed hereto as **Exhibit D**.

[7] Movant was represented by counsel during this period; however, upon information and belief, Movant's counsel ceased representation of him at some time after corresponding with the Debtors regarding the status of Movant's benefits under the Plan.

WEIL:\96292681\4\50482.0005

or terminate a welfare plan.") (citation omitted). As stated above, the Plan was terminable by the Debtors, and was terminated as of December 31, 2015. The Debtors should not be required to pay claims associated with a properly terminated employee benefit plan and Movant should not be permitted to elevate his claims above those of other former Plan participants.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the Court deny the Motion to Compel.

Dated: November 13, 2018
         New York, New York

/s/  Sunny Singh
Ray C. Schrock, P.C.
Garrett A. Fail
Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Debtors
and Debtors in Possession*

WEIL:\96292681\4\50482.0005

## Exhibit A

**Cigna's Letter Regarding Approval of Movant's Plan Benefits**

*Stan Bromfield*
*CIGNA Group Insurance*
12225 Greenville Avenue
Suite 1000
Dallas, TX 75243-9337

Phone: 800-352-0611 ext. 5628
Fax: 718-508-3657

www.mycigna.com

**CIGNA Group Insurance**
Life · Accident · Disability

MR. CHRISTOPHER SHANNON
110 WHISPERING PINES DR
LINCROFT, NJ 07738-1514

March 13, 2008

Name:                          CHRISTOPHER SHANNON
Incident Number:               1717432
Plan/Policy Number:            3203720
Plan/Policy Holder:            THE GREAT ATLANTIC & PACI FIC TEA COMPANY
Underwriting Company:          Connecticut General Life Insurance Company

DEAR MR. SHANNON,

We are writing to inform you that your claim for Long Term Disability (LTD) benefits has been approved.

Your first check in the amount of $4,181.54 will be sent under separate cover on May 2, 2008. This represents benefits due for the period of April 7, 2008 through May 6, 2008. Benefits commence on April 7, 2008 following a benefit waiting period of 180 days.

Your disability contract provides a monthly benefit at 60% of your Covered Earnings reduced by Other Income Benefits and applicable taxes.

These benefits are reduced by Other Income Benefits as well as any applicable taxes. Covered Earnings and Other Income Benefits are defined by your contract.

Other Income Benefits may include, but are not limited to: Social Security Disability or Retirement, Workers' Compensation, No-Fault insurance, State Disability benefits, pension, Veterans' benefits or any other disability payments from another group insurance policy. Please notify us immediately if you begin to receive any other sources of income.

Based on current information, your monthly benefit check is $4,500.76.

We will continue to monitor your claim, and periodically, we will request updated information to confirm your restrictions and limitations. Please be aware that payment of future benefits will depend on confirmation of your continuing disability status, and on other applicable contract provisions.

Please review your insurance booklet, certificate or coverage information available from your employer to determine if you are eligible for additional benefits.

CIGNA' and  CIGNA Group Insurance' are registered service marks and refer to various operating subsidiaries of CIGNA Corporation  Products and services are provided by these subsidiaries and not by CIGNA Corporation  These subsidiaries include Life Insurance Company of North America  CIGNA Life Insurance Company of New York  and Connecticut General Life Insurance Company

## Exhibit B

**Cigna's Letter in Response to Debtors' Termination Letter**

Alan Gates
Vice President
Cigna National Accounts



October 30, 2015

44 Whippany Rd.
Morristown, NJ  07960
Telephone 862.242.2598
Alan.Gates@cigna.com

VIA ELECTRONIC AND OVERNIGHT MAIL

Ms. Holly Janisieski                                  Mr. Paul A. Marsico
The Great Atlantic and Pacific Tea Company            The Great Atlantic and Pacific Tea Company
2 Paragon Drive                                       2 Paragon Drive
Montvale, NJ  07645                                   Montvale, NJ  07645

Mr. Eric S. Young
The Great Atlantic and Pacific Tea Company
2 Paragon Drive
Montvale, NJ  07645

Re:     Notice of Non-Renewal of Administrative Services Only ("ASO") Agreement No. 3203720
        (medical, pharmacy, vision, dental, Choicelinx and long-term disability services which also
        includes Account Nos. 2512702 and 2512647), Supplemental Medical Benefits Policy No.
        3203720, Dental Managed Care Policy No. 3203720, Dental Managed Care Group Contracts
        No. 3203720 (NJ, PA, CT), Claim Consulting Agreement No. NHD-986032 and Group
        Universal Life Policy Nos. M300890 and M30089A (collectively, the "Cigna Contracts")

Dear Ms. Janisieski and Messrs. Young and Marsico:

Cigna is in receipt of A&P's termination letter dated October 30, 2015.  Please accept this letter as: (i) a
withdrawal of the prior notice of renewal of the Cigna Contracts; and (ii) written notice of non-renewal of the
Cigna Contracts pursuant to their respective terms.  This withdrawal and Notice are subject to any subsequent
agreement relating to the Cigna Contracts that may be reached between Cigna and The Great Atlantic and
Pacific Tea Company, but only to the extent that such an agreement is inconsistent with the withdrawal and
Notice.

Very truly yours,

Alan Gates

"Cigna" and the "Tree of Life" logo are registered service marks of Cigna Intellectual Property, Inc., licensed for use by Cigna
Corporation and its operating subsidiaries. All products and services are provided by such operating subsidiaries and not by Cigna
Corporation. Such operating subsidiaries include Connecticut General Life Insurance Company, Cigna Health and Life Insurance
Company, Cigna Behavioral Health, Inc., and HMO or service company subsidiaries of Cigna Health Corporation and Cigna
Dental Health, Inc.

## Exhibit C

**Debtors' Letter to Plan Participants Regarding Termination of Plan Benefits**

   

December 14, 2015

To: All Cigna LTD Participants

From: A&P Human Resources

The Long Term Disability benefit you are currently receiving from Cigna will cease as of
midnight 11:59pm on December 31, 2015. If you have questions regarding any
payments made by Cigna for benefits through December 31, 2015, please contact
CIGNA at 1-800-352-0611 extension 1013141.

Please contact Cigna at the phone number above or the A&P Associate Resource Center
at 1-855-632-7023 or OBARC@aptea.com with any questions.

1

**<u>Exhibit D</u>**

**Cigna's Letter to Movant Regarding Continuation of Plan Benefits**



Phone: 800-352-0611 ext. 4965
Fax: 860-298-6526

www.mycigna.com

**CIGNA Group Insurance**
Life · Accident · Disability

MR. CHRISTOPHER SHANNON
110 WHISPERING PINES DR
LINCROFT, NJ 07738-1514

December 21, 2015

Name:                          CHRISTOPHER SHANNON
Incident Number:               1717432
Plan/Policy Number:            3203720
Plan/Policy Holder:            THE GREAT ATLANTIC & PACI FIC TEA COMPANY
Underwriting Company:          Connecticut General Life Insurance Company

Dear Mr. Shannon,

This letter is in reference to you Long Term Disability (LTD) claim.

This is to confirm that Connecticut General Life Insurance Companyis currently paying $1,178.80 per month in insurance benefits under the above-referenced policy to Christopher Shan non. Benefits will continue until July 17, 2033 as long as Christopher Shannon continues to meet all the provisions of the policy under which benefits are payable. This amount is subject to change per the provisions of the policy.

Please contact our office at 800-352-0611 ext. 4965 should you have any questions.

Sincerely,

*Joel B*

Joel B
SAM Claim Administrator

CIGNA Group Insurance is a registered service mark of CIGNA Intellectual Property, Inc., licensed for use by insurance company subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York and Connecticut General Life Insurance Company. Products and services are provided by these insurance company subsidiaries and not by CIGNA Corporation.