IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SEARS, ROEBUCK AND CO. | § | NO. 18-23537-rdd |
| | § | |
| DEBTOR. | § | |

## MOTION FOR LIMITED RELIEF FROM STAY

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW INTO COURT, through undersigned counsel, comes Judith Deeds and David Deeds ("Movers"), who, pursuant to 11 U.S.C. §361, §362, §363 and Bankruptcy Rules 4001, 6007, request an order conditioning, modifying, or resolving the automatic stay imposed by 11 U.S.C. §362 of the Bankruptcy Code:

### I.
### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334. This is a court proceeding under 28 U.S.C. §157(b)(2).

2. The venue of this case and this motion is proper under 28 U.S.C. §1408 and §1409.

### II.

3. Movers are Plaintiffs in a personal injury lawsuit that includes the Debtor as a Defendant.  Movers have standing to bring this motion by virtue of the "Notice of Suggestion of Bankruptcy and Imposition of Automatic Stay" of the appeal of a summary judgment granted by the District Court against Movers in a case filed in the District Court for the Southern Division of Texas.[1]

---

[1] No. 4:15-cv-2208; Judith Deeds and David Deeds vs. Whirlpool Corporation and Sears, Roebuck and Co.; In the United States District Court for the Southern District of Texas.

4.       On or about October 15, 2018, Sears and Roebuck Company ("Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code. Debtors plan for reconstruction has not been confirmed.

### III.

5.       Movers are potential unsecured creditors of the Debtor by way of the pending civil action which was commenced before commencement of this case under Title 11.

### IV.
### Background

6.       On or about June 18, 2012, Movers purchased a Whirlpool refrigerator, from the Debtor. On or about October 21, 2012, Mover, Judith Deeds sustained serious bodily injury when she slipped and fell in water accumulated on the floor of her kitchen caused by a leak from the cracked evaporator pan on her new Whirlpool refrigerator. As a result of her injuries, Mover, Judith Deeds, incurred medical expenses for care and treatment, including the insertion of a permanent metal rod in her humerus and permanent metal screws in her shoulder and rotator cuff, in excess of $50,000.00. Mover, David Deeds' claims are derivative of his wife's, Judith Deeds, injuries and loss of household services.

### V.

7.       On or about October 17, 2014, Movers filed suit against Debtor and Whirlpool Corporation to recover monetary damages for their injuries. On August 10, 2017, the District Court entered its Opinion and Order of Dismissal.

### VI.

8.       On February 13, 2018, Movers filed their Notice of Appeal of the District Court's Order of Dismissal in the Fifth Circuit Court of Appeals seeking reversal of the District Court's ruling and order. The Parties to the underlying lawsuit (Movers and Whirlpool, Sears, and

Roebuck & Co.) filed their briefs with the Fifth Circuit Court of Appeals on June 4, 2018 and June 25, 2018, respectively. On October 15, 2018, the Parties were served an Important Notice tentatively setting oral argument on Movants' appeal for the week of December 3, 2018.

### VII.

9.  On or about October 18, 2018, Debtor filed in the Fifth Circuit Court of Appeals its Notice of Suggestion of Bankruptcy and Imposition of Automatic Stay placing the Fifth Circuit on notice of the above styled and numbered case filed under Title 11. The Fifth Circuit Court of Appeals has stayed the Movers appeal and oral arguments tentatively set for the week of December 12, 2018.

10.  Although the Movers' appeal of the Debtor's summary judgment and the District Court's dismissal involves an action to recover a claim against the Debtor that arose before the commencement of the case under Title 11, the appeal seeks only to reverse and remand the case to the District Court. The Movers do not seek to enforce any judgment against the property of the Debtor's estate; to obtain possession of property, or to perfect or enforce any lien that arose before commencement of this case against the Debtor, or against property of the Debtor's estate.

11.  The Movers' appeal will have only one of two possible outcomes: The District Court is affirmed and the dismissal is final as to all of the Movers' claims, or the District Court's decision is reversed and the case is remanded to the District Court for disposition. This Court, through its order on limited relief from the stay can mandate that if the Movers appeal is granted and the case remanded, the section 362 automatic stay is automatically reimposed and remains in effect pursuant to the requirements of section 362.

12.  This limited relief from the automatic stay for purposes of oral argument of the appeal of the District Court's Order of Dismissal will in no way prejudice the rights of any parties

to the Debtor's bankruptcy proceedings. The Debtor is Co-Defendant with Whirlpool in the District Court case and both Defendants are represented by the same counsel. All Appellant briefing has been completed and all that remains to be done is the oral argument. Since the Debtor is a Co-Defendant with joint counsel, the cost of completion of the appeal should be zero or negligible at best.

WHEREFORE, Movers pray from an order from the Court granting Mover's limited relief from the automatic stay of section 362 of the Bankruptcy Court to permit Movers to proceed under law with the appeal of the District Court's summary judgment and order of dismissal and for such other and further relief to which Movers may show themselves justly entitled.

Respectfully submitted,

**COATS ROSE, P.C**.

By: */s/ Dwight E. Jefferson*
State Bar No. 10605600
djefferson@coatsrose.com
9 Greenway Plaza, Suite 1000
Houston, Texas 77046-0307
Telephone:    (713) 651-0111
Facsimile:    (713) 651-0220

**ATTORNEYS FOR MOVERS,
JUDITH DEEDS AND DAVID DEEDS**

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served upon counsel for all parties to this proceeding through the court's electronic filing system on November 13, 2018.

*/s/ Dwight E. Jefferson*