AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* FOR LEAVE TO REDACT AND FILE UNDER SEAL CERTAIN PORTIONS OF THE COMMITTEE'S SUPPLEMENTAL OBJECTION TO DEBTORS' MOTION FOR APPROVAL OF GLOBAL BIDDING PROCEDURES AND RELATED DECLARATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, respectfully submits this motion (the "Sealing Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") granting leave to file under seal certain portions (the "Redacted Portions") of the *Supplemental Objection of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al. to Debtors' Motion for Approval of Global Bidding Procedures* (the "Supplemental Objection" and such motion, the "Bidding Procedures Motion"), attached hereto as **Exhibit B**, and the *Declaration of Steven Simms in Support of the Supplemental Objection of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al. to Debtors' Motion for Approval of Global Bidding Procedures* (the "Simms Declaration" and together with the Supplemental Objection, the "Sealed Documents"), attached hereto as **Exhibit C**. The Creditors' Committee expects to file redacted versions of the Sealed Documents, redacting only the Redacted Portions, following consultation with the Debtors.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a) and 107(b), Bankruptcy Rule 9018 and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

### A. The Stipulated Protective Order

4.  On November 2, 2018 the Creditors' Committee served discovery on the Debtors in connection with the *Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* [ECF No. 7] (the "DIP Motion") and the Bidding Procedures Motion.

5.  The Creditors' Committee and its professionals have also engaged in a series of meetings with the Debtors and their professionals to allow the Creditors' Committee to better understand and evaluate the bases for the DIP Motion, the Bidding Procedures Motion, and the Debtors' intentions for the Debtors' proposed going concern sale process (the "Going Concern Sale Process") for certain of the Debtors' go-forward stores (the "Go Forward Stores").

6.  To facilitate the provision of confidential materials to the Creditors' Committee in connection with the discovery requests and conversations among the parties, the Debtors and the Creditors' Committee entered into a stipulated protective order, which was filed and so-ordered by the Court on November 9, 2018 [ECF No. 605] (the "Stipulated Protective Order").

7.  The Stipulated Protective Order sets forth the procedures for designating discovery material as either "Confidential" or "Highly Confidential" and provides the terms for limited use of such materials. Moreover, the Stipulated Protective Order governs the use of Confidential and Highly Confidential materials in pleadings or other papers filed with the Court. Specifically, the

3

Stipulated Protective Order *requires* all pleadings or other papers containing Confidential or Highly Confidential materials to be filed under temporary seal. *See* Stipulated Protective Order ¶ 12.

8.      The Committee has received numerous documents from the Debtors in connection with the discovery process, as well as a series of PowerPoint decks prepared by the Debtors and presented to the Committee during recent meetings, all of which were produced under a blanket designation of Highly Confidential pursuant to the Stipulated Protective Order.

**B.     The Proposed Redactions**

9.      In the Sealed Documents, the Creditors' Committee has referenced information provided by the Debtors in "Highly Confidential" disclosures, including information related to the Debtors' present and forecasted financial position and information concerning the Debtors' broader business plan for the Go Forward Stores. As such, the Creditors' Committee is required, pursuant to the terms of the Stipulated Protective Order, to file the Sealed Documents under seal.

10.     In the interest of time and pursuant to its obligations under paragraph 12 of the Stipulated Protective Order, counsel to the Creditors' Committee will inform counsel to the Debtors that they must provide appropriate Redacted Portions within one day after the filing of this Sealing Motion. The Committee then expects to file redacted versions of the Sealed Documents. In the interim, unredacted versions of the Sealed Documents will be provided to the Court and will be served on the United States Trustee for Region 2 and the Debtors.

## BASIS FOR RELIEF

11.     The Bankruptcy Code provides strong support for redacting and filing Highly Confidential materials under seal. Bankruptcy Code section 107(b)(1) authorizes this Court to

issue an order that will protect entities from the potential harm that may result from the disclosure of certain confidential information. The statute provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 further provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

12. The Second Circuit has recognized that Bankruptcy Code section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party must show only that that information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.* Commercial information need not rise to the level of a trade secret to be protected under Bankruptcy Code section 107(b). *See id.* at 28. Nor does obtaining protection under Bankruptcy Code section 107(b) require the requesting party to show "good cause" for the relief sought. *See id.*

13. Once a court determines that a party in interest is seeking to protect from public disclosure information that falls within the ambit of Bankruptcy Code section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27. Moreover, courts within the Second Circuit have held that a sealing order should be broad, specifically permitting "any order which justice requires." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018.

5

14. Here, the Sealed Documents rely heavily on materials designated as Highly Confidential pursuant to the Stipulated Protective Order. Therefore, the Creditors' Committee is required to file the portions of the Sealed Documents relying on Highly Confidential materials under seal. Moreover, although sealing orders may be broad, the Creditors' Committee does not seek blanket authority to file the entirety of the Sealed Documents under seal and will engage with the Debtors to reach consensus on the appropriate Redacted Portions. The Creditors' Committee will thereafter file redacted versions of the Sealed Documents. Accordingly, the Creditors' Committee submits that there is good cause to authorize the filing of the Sealed Documents under seal.

## NOTICE

15. Notice of this Sealing Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 [ECF No. 405]. The Creditors' Committee respectfully submit that no further notice is required.

## CONCLUSION

WHEREFORE, the Creditors' Committee respectfully requests that the Court authorize the Committee to file the Sealed Documents under seal.

Dated: November 13, 2018

By: /s/ *Ira S. Dizengoff*
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Proposed Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* FOR LEAVE TO REDACT AND FILE UNDER SEAL CERTAIN PORTIONS OF THE PAPERS IN SUPPORT OF THE COMMITTEE'S SUPPLEMENTAL OBJECTION TO DEBTORS' MOTION FOR APPROVAL OF GLOBAL BIDDING PROCEDURES**

Upon the motion (the "Sealing Motion")[2] of the Creditors' Committee; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Sealing Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein but not defined shall have the meanings given to them in the Sealing Motion.

the Sealing Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having found that the Creditors' Committee provided appropriate notice of the Sealing Motion; and the Court having determined that the legal and factual bases set forth in the Sealing Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

1. The Sealing Motion is granted to the extent set forth herein.

2. The Creditors' Committee is authorized to file the Sealed Documents under seal.

3. The Sealed Documents shall remain under seal until further order of this Court.

4. To the extent the Sealed Documents are referenced in any future filings by any party granted access to the Sealed Documents under paragraph 2 of this Order, the party shall also file such portions of its future filings referencing the Sealed Documents under seal, consistent with paragraph 2 of this Order.

5. Counsel for the Creditors' Committee shall unseal or dispose of the Sealed Documents at the conclusion of the matter.

6. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents.

7. Notice of the Sealing Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.   All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.  The Creditors' Committee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Sealing Motion.

11.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2018
       White Plains, New York

                                      _____
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**Supplemental Objection**

# **EXHIBIT C**

**Simms Declaration**