**Hearing Date and Time:  November 15, 2018 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: November 14, 2018 at 12:00 p.m. (Eastern Time)**

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Counsel to the Debtors Acting at the Direction*
*of the Restructuring Subcommittee of the Board of Directors*
*of Sears Holdings Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | **Case No. 18-23538 (RDD)** |
| **Debtors.** [1] | **(Jointly Administered)** |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RESPONSE TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF SEARS HOLDINGS CORPORATION, ET AL., FOR THE ENTRY OF
AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND FEDERAL
RULES OF BANKRUPTCY PROCEDURE 2004, 9006, AND 9016 AUTHORIZING
<u>EXPEDITED DISCOVERY OF THE DEBTORS AND THIRD PARTIES</u>**

The Restructuring Subcommittee (the "<u>Subcommittee</u>") of the restructuring

committee (the "<u>Restructuring Committee</u>") of the Sears Holdings Corporation ("<u>Sears</u>" or the

"<u>Debtors</u>") board of directors (the "<u>Board</u>") hereby submits this response (the "<u>Response</u>") to the

Motion of the Official Committee of Unsecured Creditors (the "<u>UCC</u>") of Sears Holdings

Corporation, et al., for the Entry of an Order Pursuant to Bankruptcy Code Section 105 and

Federal Rules Of Bankruptcy Procedure 2004, 9006, And 9016 Authorizing Expedited

Discovery of the Debtors and Third Parties [ECF No. 484] (the "<u>Motion</u>").  The Subcommittee

respectfully states as follows:

1.      The Subcommittee does not oppose the Motion.  On the contrary, as set

forth in the Subcommittee's Motion for Leave to Conduct Discovery Pursuant to Bankruptcy

Rule 2004, filed on November 9, 2018 [ECF No. 609] (the "<u>Subcommittee 2004 Motion</u>"), the

Subcommittee is committed to facilitating the Committee's investigation and the speedy and

efficient discovery and analysis of documents in these cases.  The Subcommittee agrees with the

UCC about the importance of working closely "to avoid duplication of efforts and conserve

estate resources," and acknowledges the Committee's stated intent to seek documents "consistent

with the requests already served by the Subcommittee" and to "work with the parties to

determine the appropriate scope of the discovery."  (Motion ¶ 27 and n. 29.)  Based upon its

interactions with the UCC to date, the Subcommittee believes the UCC is acting in good faith

consistent with that intent.

2.      As discussed further in the Subcommittee 2004 Motion, the Subcommittee

was created by the Board before the Petition Date with a mandate, among other things, to

investigate prepetition related-party transactions that may give rise to material claims or causes

of action on behalf of Sears, and to prosecute, release, or settle any such claims on its behalf.

Consistent with this mandate and with the interests at stake, the Subcommittee is expressly

empowered to control the Debtors' attorney-client and attorney work product privilege with

respect to any information disclosed to or developed by the Subcommittee or its advisors during

its work, including its investigation into prepetition related-party transactions.

3.      As a Committee of the Board, the Subcommittee acts pursuant to a

fiduciary duty to maximize the value of the Debtors' estates for the benefit of all constituents.  In

particular, the Subcommittee is focused on assessing the feasibility of a reorganization and

avoiding, if possible, the destruction of value and loss of tens of thousands of jobs that would

result from a liquidation.

4.      The Subcommittee, with the assistance of its legal and financial advisors,

has begun an impartial and unbiased investigation into prepetition related-party transactions that

may give rise to claims by Debtors or their creditors and the potential recoveries on such claims.

The Subcommittee is carefully analyzing questions surrounding the transactions that could give

rise to various causes of actions.  The Subcommittee is also investigating any defenses to the

potential claims, including defenses under applicable statutes of limitation.  (*See* Subcommittee

2004 Motion ¶¶ 10–22.)

5.      In accordance with its mandate, since October 12, 2018, the Subcommittee

has sent document requests to the Debtors and eight other entities that participated in or advised

on multiple significant prepetition related-party transactions (including counsel for the Debtors

in the transactions).  As of the date of this filing, the Subcommittee has received over 400,000

pages of documents responsive to its requests.  The Subcommittee's professionals have devoted

extensive time and effort to analyzing these documents as they are received as well as publicly available information about the Debtors and other entities. In the interest of expediting the Subcommittee's work, the Debtors and their counsel at Wachtell, Lipton, Rosen & Katz have agreed to produce to the Subcommittee large volumes of internal and external emails without first conducting a privilege review with the understanding that the Subcommittee will perform such a review before providing the documents to third parties.

6.      The Subcommittee has also been facilitating the investigation undertaken by the UCC and is committed to continue to do so. Among other things, the Subcommittee has been sharing non-privileged relevant documents that it receives with the UCC as expeditiously as possible. To date, the Subcommittee has provided the UCC with more than 100,000 pages of documents that it has received from Debtors and others. The Subcommittee is expeditiously reviewing other documents it has received for privilege and is committed to continue to provide the UCC with non-privileged documents following that review.

7.      As discussed in the Subcommittee's response to the UCC's Motion for Entry of An Order Pursuant to Federal Rule of Evidence 502(d) ("Unsecured Creditors Committee's 502(d) Motion"), the Subcommittee is continuing to evaluate its ability to share documents pursuant to a 502(d) order and all relevant risks. The scope of Rule 502(d) is not settled in the Second Circuit, and it is unclear whether the protections afforded by the Rule apply to both inadvertent productions of privileged documents and the intentional production of such documents. *See, e.g.*, *Potomac Elec. Power Co. & Subsidiaries v. United States*, 107 Fed. Cl. 725, 731 (2012) (holding that "although FRE Rule 502(d) is not expressly limited to unintentional disclosures, the context of the Rule as a whole makes clear that this provision exists to 'close the loop' on the protections" afforded to inadvertent disclosures). While the

Subcommittee does not oppose the UCC's 502(d) Motion, it has an obligation to ensure that the value of the Debtors' estates are not injured by the waiver of privilege or the release of documents that could otherwise harm the value of the estate.

Dated: November 14, 2018      Paul M. Basta
New York, New York

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Counsel to the Debtors Acting at the Direction of the Restructuring Subcommittee of the Board of Directors of Sears Holdings Corporation*