**Hearing Date and Time: November 15, 2018 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: November 14, 2018 at 12:00 p.m. (Eastern Time)**

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Counsel to the Debtors Acting at the Direction*
*of the Restructuring Subcommittee of the Board of Directors*
*of Sears Holdings Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**SEARS HOLDINGS CORPORATION,** *et al.*,<br><br>Debtors. [1] | **Chapter 11**<br><br>**Case No. 18-23538 (RDD)**<br><br>**(Jointly Administered)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RESPONSE TO MOTION FOR ENTRY OF AN ORDER
PURSUANT TO FEDERAL RULE OF EVIDENCE 502(D)**

The Restructuring Subcommittee (the "Subcommittee") of the Restructuring Committee of the Sears Holdings Corporation ("Sears" or the "Debtors") board of directors (the "Board") hereby submits this response (the "Response") to the Motion of the Official Committee of Unsecured Creditors ("UCC") of Sears Holdings Corporation for Entry of an Order Pursuant to Federal Rule of Evidence 502(d) [ECF No. 485] ("Rule 502(d) Motion").  The Subcommittee respectfully represents as follows:

**BACKGROUND**

1. The Subcommittee does not oppose the entry of a Rule 502(d) Order in the form sought by the Rule 502(d) Motion.  The Subcommittee submits this response solely to note that a Rule 502(d) order may not sufficiently protect the Debtors from being held to have waived privilege by intentionally disclosing privileged material to the Committee or any other third party.  The Subcommittee is continuing to evaluate relevant privilege issues, including its ability to share privileged documents with the UCC pursuant to a Rule 502(d) order and the benefits and risks to the estate in doing so.  As discussed below, some courts have held that the protections of Rule 502(d) apply only to disclosures of privileged materials that are inadvertent, and no court in this Circuit has directly addressed the issue.

2. As set forth in the Subcommittee's Motion for Leave to Conduct Discovery Pursuant to Bankruptcy Rule 2004 [ECF No. 609] and in its Response to the Motion Of The Official Committee Of Unsecured Creditors of Sears Holdings Corporation, *et al*., For The Entry Of An Order Pursuant To Bankruptcy Code Section 105 And Federal Rules Of Bankruptcy Procedure 2004, 9006, And 9016 Authorizing Expedited Discovery Of The Debtors And Third Parties [ECF No. 705], the Subcommittee was created by the Sears Board with a

mandate, among other things, to investigate prepetition related-party transactions that may give rise to material claims or causes of action on behalf of Sears, and to prosecute, release, or settle any such claims on its behalf. Consistent with this mandate and with the interests at stake, the Subcommittee's mandate includes control of the Debtors' attorney-client and attorney work product privilege with respect to any information disclosed to or developed by the Subcommittee or its advisors in its work. Accordingly, the Subcommittee has a duty to consider the impact of disclosing privileged communications to the UCC on potential disputes, including, for example, disputes with specific creditors.

3. The Subcommittee recognizes the important role of the UCC in representing the interests of unsecured creditors, including investigating potential estate and creditor claims. Accordingly, the Subcommittee has sought to facilitate the UCC's work by, among other things, sharing with the UCC relevant non-privileged documents that the Subcommittee receives as expeditiously as possible. To date, the Subcommittee has provided the UCC with more than 100,000 pages of documents that it has received from the Debtors and others. The Subcommittee continues to devote significant resources to reviewing additional documents for privilege and providing any non-privileged documents to the UCC.

## DISCUSSION

4. Rule 502(d) provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). Rule 502 "does not supersede Second Circuit case law that clearly states a court may not compel disclosure of privileged information absent waiver or other applicable exception." *Winfield v. City of New York*, 15-cv-05236 (LTS) (KHP), 2018 WL 2148435, at *8

(S.D.N.Y. May 10, 2018) (citing *In re Dow Corning Corp.*, 261 F.3d 280, 284–85 (2d Cir. 2001)).

      5.      The Second Circuit has not addressed whether Rule 502(d) protects against waiver of privilege due to intentional disclosures of privileged information. *See Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, 218 F. Supp. 3d 197, 201 n.1. (E.D.N.Y. 2016). Nor, contrary to the suggestion in the UCC's motion (Rule 502(d) Motion at 3), have the trial courts in this District clearly ruled on the issue. *See, e.g.*, *Fort Worth Emp.'s Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 104-05 (S.D.N.Y. 2013) (entering a Rule 502(d) order to facilitate the parties' negotiations of an ESI search protocol, without discussion as to its applicability to intentional disclosure); *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, Nos. 09-Civ. 9783 (RWS), 09 Civ. 9784 (RWS), 2013 WL 2322678, at *2 (S.D.N.Y. May 21, 2013) (noting that the court had previously entered a protective order under Rule 502(d) limited to "inadvertent" production of privileged documents); *Winfield*, 2018 WL 2148435, at *1 (denying motion to compel "quick peek" disclosure of privileged documents).

      6.      Some courts in other Circuits have expressly held that Rule 502(d) protects only inadvertent disclosures of privileged communications. *See, e.g.*, *Potomac Electric Power Co. and Subsidiaries v. United States*, 107 Fed. Cl. 725, 732 (2012) (reasoning that applying the Rule to intentional disclosures would "eviscerate" longstanding rules about selective waiver and the purpose of the Rule, and noting statement by the Advisory Committee that the Rule was not intended to "alter any aspect of the substantive doctrines regarding privilege and waiver"); *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14–v–00772–GMN–NJK, 2016 WL 3654285, at *2 (D. Nev. July 5, 2016) (noting that clawback provisions that may be protected under Rule 502(d) are "intended to override the common law as to

inadvertent disclosure, not displace the entire common law concerning privilege"); *Hostetler v. Dillard*, No. 3:13–cv–351–DCB–MTP, 2014 WL 6871262, at *4 (S.D. Miss. Dec. 3, 2014) (ruling that Rule 502(d) is not applicable to intentional disclosures); *see also* Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence, 154 Cong. Rec. H7818–19 (Sept. 8, 2008) ("[T]his subdivision does not provide a basis for a court to enable parties to agree to a selective waiver of the privilege . . . while preserving the privilege as against other parties seeking the information.").

7.  In light of the foregoing, the Subcommittee is continuing to evaluate how a Rule 502(d) order would impact its ability to preserve the Debtors' privilege with respect to communications intentionally disclosed to the UCC.

Dated: November 14, 2018
New York, New York

Paul M. Basta
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Counsel to the Debtors Acting at the Direction of the Restructuring Subcommittee of the Board of Directors of Sears Holdings Corporation*