Marshall C. Turner
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1768
Facsimile: 302480.1505
E-mail: marshall.turner@huschblackwell.com

*Attorney for CBL & Associates Management, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re : Chapter 11
: 
SEARS HOLDINGS CORPORATION :
*et al.*, : Case No. 18-23538 (RDD)
: 
Debtors[1] : (Jointly Administered)
: 
---------------------------------------------------------------x

## CBL & ASSOCIATES MANAGEMENT, INC.'S OBJECTION TO DEBTORS' MOTION TO (A) OBTAIN POSTPETITION FINANCING, (B) USE CASH COLLATERAL, (C) GRANT CERTAIN PROTECTIONS TO PREPETITION SECURED PARTIES, AND (D) SCHEDULE SECOND INTERIM HEARING AND FINAL HEARING

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

TO THE HONORABLE JUDGE D. DRAIN,

UNITED STATES BANKRUPTCY JUDGE:

CBL & Associates Management, Inc. ("CBL"), through counsel and as managing agent for the owners of the properties identified herein, objects (the "Objection") to Debtor's *Motion to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* [Docket No. 7] (the "DIP Motion"), and in support thereof states as follows:

## JURISDICTION AND BACKGROUND

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 §§ 1408 and 1409.

2. On October 15, 2018 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 cases.

4. On October 15, 2018, the Debtors filed the DIP Motion. A first-day hearing was held on the DIP Motion that same day (the "First-Day Hearing").

5. On October 16, 2018, this Court entered an Interim Order approving the DIP Motion and scheduled a hearing for November 15, 2018, with respect to the DIP Motion [Notice of Hearing, Docket No. 250].

6. CBL and Debtors have entered in certain unexpired leases of nonresidential real property (the "Leases"). In addition, the Debtors are subject to certain covenants, easements, and operating agreements at CBL premises (the "Premises") as follows:

| Property Name | Property Location |
|---|---|
| Arbor Place Mall | Douglasville, GA |
| Cherryvale Mall | Rockford, IL |
| Coastal Grand Mall | Myrtle Beach, SC |
| Cross Creek Mall | Fayetteville, NC |
| Dakota Square Mall | Minot, ND |
| East Towne Mall | Madison, WI |
| Eastgate Mall | Cincinnati, OH |
| Eastland Mall | Bloomington, IL |
| Friendly Center | Greensboro, NC |
| Frontier Mall | Cheyenne, WY |
| Hamilton Place Mall | Chattanooga, TN |
| Hanes Mall | Winston-Salem, NC |
| Harford Mall | Bel Air, MD |
| Honey Creek Mall | Terra Haute, IN |
| Jefferson Mall | Louisville, KY |
| Mall Del Norte | El Paso, TX |
| Mid Rivers Mall | St. Peters, MO |
| Northgate Mall | Chattanooga, TN |
| Northpark Mall | Hixson, TN |
| Old Hickory Mall | Jackson, TN |
| Parkdale Mall | Beaumont, TX |
| Post Oak Mall | College Park, TX |

| Property Name | Property Location |
|---|---|
| Richland Mall | Waco, TX |
| South County Center | St. Louis, MO |
| Southpark Mall | Colonial Heights, VA |
| St. Clair Square | Fairview Height, IL |
| Stroud Mall | Stroud, PA |
| Sunrise Mall | Brownsville, TX |
| Triangle Town Center | Raleigh, NC |
| Turtle Creek Mall | Hattiesburg, MS |
| Valley View Mall | Roanoke, VA |
| Volusia Mall | Daytona Beach, FL |
| Westgate Mall | Spartanburg, SC |
| Westmoreland Mall | Greensburg, PA |
| York Galleria | York, PA |

**PROPOSED LIENS ON LEASES**

7. CBL files this Objection as a precautionary matter. As of the date of this Objection, the Debtors have not filed the proposed Final Order or Junior DIP Interim Order and as a result, it is unclear if the Debtors intend to grant direct liens on the Debtors' leases in favor of the DIP ABL Credit Parties, the Junior Credit Parties, or any third party where the leases do not expressly permit the granting of such liens. CBL objects to any attempt by the Debtors to grant liens on the Leases to the DIP ABL Credit Parties, the Junior Credit Parties, or any third party where the Leases do not expressly permit the mortgaging or encumbering of such interests. Any purported grant is prohibited under the majority of Leases, not permitted by the Bankruptcy Code or relevant authority, and would materially increase the risk imposed on CBL and its interests in the leased Premises.

8. The Debtors' proposed treatment of the Leases, where there is no provision expressly permitting the granting of direct liens on the Debtor's leasehold interests,

4

DocID: 4846-5699-7498.4

represents an impermissible attempt to unilaterally modify the terms of such Leases and should not be approved by this Court. *See City of Covington v, Covington Landing L.P.*, 71 F.3d 1221, 1226 (6th Cir. 1995) ("Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party."); *In re Air Vectors Assocs.*, 53 B.R. 668, 687 (Bankr. S.D.N.Y. 1985) (The bankruptcy court does not have the authority to rewrite the terms of a lease.).

9. Notwithstanding the fact that the majority of the Leases do not permit the Debtors to mortgage their leasehold interests, the Debtors may potentially do just that by granting to the DIP ABL Credit Parties, the Junior Credit Parties, or any third party security interest and liens on the Leases. The Debtors cite no authority to support this blatant and willful violation of the Leases and the Debtors' proposed treatment of the Leases disregards Section 365(d)(3) of the Bankruptcy Code, which requires the Debtors to comply with the terms of the Leases and perform all obligations until such Leases are assumed or rejected. *See* 11 U.S.C. § 365(d)(3).

10. The Bankruptcy Code does not permit the Debtors or their lenders to override the terms of the Leases or grant the Debtors an independent postpetition right to pledge the Debtors' interest in the Leases as security for their postpetition financing. *See In re EES Lambert Assocs.*, 62 B.R. 328, 336 (Bankr. N.D. Ill. 1986) ("However expansive the bankruptcy court's power may be to protect the property interests of debtors-in-possession, it does not extend to enlarging the rights of a debtor under a contract or rewriting its terms."); *Matter of Lauderdale Motorcar Corp.*, 35 B.R. 544, 548-549 (Bankr. S.D. Fla. 1983) ("However great this Court's powers are to preserve a debtor's property interest, this Court cannot enlarge or increase the Debtor's property or rewire the terms of a contract.").

DocID: 4846-5699-7498.4

11.     Bankruptcy courts are required to uphold state law rights of creditors, including enforcement of contractual provisions governing those rights. *See Butner v. United States*, 440 U.S. 48, 55 (1979). As the Supreme Court recognized in *Butner*, "[p]roperty interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id.* Only certain contractual provisions are not applicable in this case, such as Sections 365(e) and 365(f) are unenforceable under the Bankruptcy Code. *See In re Kopel*, 232 B.R. 57, 64 (Bankr. E.D.N.Y. 1999); s*ee Matter of Vill. Rathskeller, Inc.*, 147 B.R. 665, 671-72 (Bankr. S.D.N.Y. 1992) (Citing sections 108(b), 365(e)(1), and 365(f)(1), the Court acknowledged the Bankruptcy Code "alters certain [contractual] rights of the parties."); *Ramco-Gershenson Properties, L.P. v. Serv. Merch. Co.*, 293 B.R. 169, 174 (M.D. Tenn. 2003) ("Pursuant to § 365(f)(1), courts may temporarily render anti-assignment clauses unenforceable so that a debtor's assignment is not blocked."); *In re W.R. Grace & Co.*, 475 B.R. 34, 152 (D. Del. 2012), *aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013), and *aff'd*, 532 F. App'x 264 (3d Cir. 2013), and *aff'd*, 729 F.3d 311 (3d Cir. 2013), and *aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013) ("[I]t is well-established that *ipso facto* clauses are unenforceable as a matter of law under the Bankruptcy Code.").

12.     The Leases represent valid and enforceable contracts under applicable state law and their terms must be enforced by this Court. *See Butner*, 440 U.S. at 55. As a result, this Court should deny any attempt by the Debtors to grant liens on the Leases to the DIP ABL Credit Parties, the Junior Credit Parties, or any third party in direct contravention of the Leases and the Bankruptcy Code where the Leases do not expressly permit the granting of such liens.

6

## THE COURT SHOULD LIMIT ANY REMEDIES THAT LENDERS MAY EXERCISE IN REGARD TO THE COLLATERAL AT THE PREMISES IN ACCORDANCE WITH THE PROTECTIONS PROVIDED IN THE LEASES AND BANKRUPTCY CODE

13. The DIP Motion and Proposed Order also provide for broad relief for their lenders upon the occurrence of a default. Provisions allowing the lenders broad relief upon occurrence of a default are contrary to CBL's Leases, and any attempt by the lenders to enforce their rights under their loan agreements (which also have not been submitted for review) must comply with all of the provisions of Section 365 of the Bankruptcy Code. Thus, the lenders' access rights in connection with CBL's leasehold premises[2] should be limited to (i) any agreement in writing between any of the DIP ABL Agents or the Prepetition ABL Agents (the "Prepetition ABL Agents" hereinafter defined as Bank of America, N. A. as administrative agent, as a co-collateral agent, and as a swingline agent, and together with Wells Fargo Bank, National Association, as a co-collateral agent), as applicable, and any applicable landlord, (ii) pre-existing rights of any of the DIP ABL Agents or any of the Prepetition ABL Agents, as applicable, and any applicable landlord under applicable non-bankruptcy law, (iii) consent of the applicable landlord, or (iv) further order of the Court following notice and a hearing.

14. Any final order should limit any lenders' access to the leased Premises to that provided by applicable non-bankruptcy law, by the terms of the Leases or separate agreement of CBL and lenders, and as ordered by this Court after the filing of a motion and appropriate opportunity for CBL to object and be heard.

---

[2] Debtors are parties to unexpired leases at the following landlord-owned CBL premises: Cherryvale Mall (Rockford, IL), Cross Creek Mall (Fayetteville, NC), Dakota Square Mall (Minot, ND), Eastgate Mall (Cincinnati, OH), Eastland Mall (Bloomington, IL), Hamilton Place Mall (Chattanooga, TN), Harford Mall (Bel Air, MD), Honey Creek Mall (Terra Haute, IN), Jefferson Mall (Louisville, KY), Old Hickory Mall (Jackson, TN), South County Center (St. Louis, MO), Southpark Mall (Colonial Heights, VA), Stroud Mall (Stroudsburg, PA), and Westmoreland Mall (Greensburg, PA).

7

DocID: 4846-5699-7498.4

15. Without these limitations, the lenders of the Debtors (Bank of America, N.A. and Wells Fargo Bank, National Association, each as a co-collateral agent, each in such capacity, a "DIP ABL Co-Collateral Agent" and together with the administrative agent Bank of America, N.A., the "DIP ABL Agents," and together with the revolving lenders or lenders otherwise from time to time party thereto, the "DIP ABL Lenders,") that is, the DIP ABL Agents and DIP ABL Lenders receive unfettered access and occupancy rights with respect to the Premises to liquidate the collateral and conduct going out-of-business sales. The granting of such rights through a financing order is excessive and inappropriate, and there is already a store closing procedures motion in place to control such a process. To the extent that a liquidation of the collateral would include any attempt to conduct any sale at the Premises, such sales will be governed by the existing procedures, the agreements between CBL and the liquidator, and the Leases. The parties are otherwise bound by the terms of the Leases. *See* 11 U.S.C. §§ 365(b)(3) and (d)(3). There is no basis to exempt DIP ABL Agents or the DIP ABL Lenders from the restrictions in the Leases, or the explicit requirements of the Bankruptcy Code.

16. Any request for authority to enter onto the Premises without proper protections in place, is also unduly prejudicial and exposes CBL and the Premises to unnecessary risk of loss. The DIP ABL Agents, Prepetition ABL Agents, and DIP ABL Lenders are not a party to the Leases and have no right to occupy and use landlords' property. If this Court is inclined to grant any ability to enter onto the Premises, it should specifically circumscribe such access to reasonable terms.[3]

17. As stated above, Debtors do not own certain of the Premises and the Leases explicitly prohibit the usurpation of the landlord's property rights. Landlords provide

---

[3] CBL would agree with and join in the proposed access terms proposed by Federal Realty Investment Trust, *et al.* in their Objection to the Motion [Docket No. 636].

8

DocID: 4846-5699-7498.4

Debtors a right to occupy certain space in the Premises, as set forth by the terms of the Leases. Debtors possess no right to use the Premises beyond those rights granted within the Leases, and the Bankruptcy Code does not expand those rights. The DIP ABL Lenders and DIP ABL Agents are not a party to the Leases and have no contractual or possessory right to enter the Premises.

18. Finally, if DIP ABL Lenders or DIP ABL Agents seek to enter onto the Premises, DIP ABL Agents and DIP ABL Lenders must bear full financial responsibility, not only for all charges arising under the Leases going forward, but also for prior unpaid rent or other charges that arise. To the extent the DIP ABL Lenders and DIP ABL Agents seek authority to essentially step into the shoes of the Debtors following a default, there is no reason to allow them to exercise rights which the Leases otherwise prohibit, and to "assume" the Leases for an indeterminate period of time, without being required to cure outstanding post-petition defaults. The lenders should not, on the one hand, receive a superpriority administrative claim, and on the other hand be relieved from liability for the Debtors' failure to remain current on post-petition rent obligations while the lenders attempts to realize upon their collateral. This result compels CBL to continue to suffer as involuntary post-petition creditors, the very result that Section 365(d)(3) was intended to counteract. *See In re Warehouse Club, Inc.*, 184 B.R. 316, 318 (Bankr. N.D. Ill. 1994).

## JOINDER

19. CBL hereby joins in the objections of any landlords to the DIP Motion to the extent they are not otherwise contrary to its arguments herein.

## RESERVATION OF RIGHTS

20. CBL reserves the right to make such other and further objections as may be appropriate.

DocID: 4846-5699-7498.4

**WHEREFORE**, in order to protect CBL's rights under the Leases and the Bankruptcy Code, the Court should (a) limit any lien with respect to the Leases to a lien only against the proceeds that may result from the sale or other disposition of the Leases where the Leases prohibit or restrict such liens; and (b) limit access to the Premises to that allowed under applicable non-bankruptcy law, as provided by the Lease or agreement of the parties, or as allowed by this Court after appropriate notice and opportunity to object, and grant such other and further relief that it deems just and proper.

Dated: November 14, 2018

    Respectfully submitted,

    HUSCH BLACKWELL LLP

    */s/Marshall C. Turner*
    Marshall C. Turner
    190 Carondelet Plaza, Suite 600
    St. Louis, Missouri 63105
    Telephone: 314.480.1768
    Facsimile: 302480.1505
    Email: marshall.turner@huschblackwell.com

    *Attorney for CBL & Associates Management, Inc.*

DocID: 4846-5699-7498.4

Marshall C. Turner
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1768
Facsimile: 302480.1505
E-mail: marshall.turner@huschblackwell.com

*Attorney for CBL & Associates Management, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                         :    Chapter 11
:
SEARS HOLDINGS CORPORATION                                    :
*et al.*,                                                     :    Case No. 18-23538 (RDD)
:
Debtors[4]                                                    :    (Jointly Administered)
:
---------------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of November, 2018, a true and exact copy of the foregoing Objection has been served by operation of the Court's electronic filing system to

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

11

DocID: 4846-5699-7498.4

all parties indicated on the electronic filing receipt and via electronic mail to the parties listed below:

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh

    *Proposed Attorneys for Debtors*
    *and Debtors in Possession*

                                                /s/ *Marshall C. Turner*
                                                Marshall C. Turner

DocID: 4846-5699-7498.4