WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                                 :

In re                                                 :         Chapter 11
                                                 :

SEARS HOLDINGS CORPORATION, *et al.*,  :         Case No. 18-23538 (RDD)
                                                 :

Debtors.[1]                                :         (Jointly Administered)
                                                 :
------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**REGARDING MOTION OF DEBTORS FOR**
**AUTHORITY TO EXTEND THE TIME TO ASSUME OR REJECT**
<u>**UNEXPIRED LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY**</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

WEIL:\96800802\1\73217.0004

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On November 1, 2018, the Debtors filed the *Motion of Debtors for Authority to Extend the Time to Assume or Reject Unexpired Leases and Subleases of Nonresidential Real Property* [ECF No. 426] (the "**Motion**").

2. The Debtors served the Motion as reflected in the affidavit of service filed at ECF No. 503.

3. The Motion established a deadline (the "**Objection Deadline**") for parties to object or file responses to the Motion for November 8, 2018 at 4:00 p.m. (Eastern Time). The *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

2

4. On November 8, 2018, Midwood Management Corp. ("**Midwood**"), as agent for Expressway Plaza I, LLC and Farmingville Associates Phase 1, LLC as tenant in common, filed an objection to the Motion (ECF No. 573, the "**Objection**"), and such Objection was withdrawn on November 14, 2018 (ECF No. 716).

5. To the best of my knowledge, no other objection, responsive pleading, or request for a hearing with respect to the Motion has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors.

6. Accordingly, the Debtors respectfully request that the proposed order granting the relief requested in the Motion on a final basis, annexed hereto as **Exhibit A**, be entered in accordance with the Amended Case Management Order. The proposed order reflects comments received from Midwood and other parties in interests. A redline of the proposed final order marked against the version filed with the Motion is annexed hereto as **Exhibit B**.

I declare that the foregoing is true and correct.

Dated: November 14, 2018
     New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

# Exhibit A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                          :
                                                                                    :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,        :
                                                                                    :        **Case No. 18-23538 (RDD)**
                                                                                    :
Debtors.[1]                                                                 :        **(Jointly Administered)**
---------------------------------------------------------------x

**ORDER EXTENDING TIME TO ASSUME OR REJECT**
**UNEXPIRED LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY**

Upon the motion, dated November 1, 2018 (ECF No. 426) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code and Rule 6006-1(c) of the Local Bankruptcy Rules for the Southern District of New York, for entry of an order extending the initial 120-day period to assume or reject all of their unexpired leases and subleases of non-residential real property (collectively, the "**Leases**") by an

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

additional ninety (90) days, from February 12, 2019, up to and including May 13, 2019, without prejudice to the Debtors' right to seek further extensions in accordance with the Bankruptcy Code and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on November 15, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The time by which the Debtors must assume or reject the Leases is extended to and including the earlier of (i) **May 13, 2019** and (ii) the date of entry of an order confirming a chapter 11 plan.

3. Entry of this Order is without prejudice to the Debtors' right to request further extensions of the time to assume or reject the Leases in accordance with section 365(d)(4)(B)(ii) of the Bankruptcy Code.

4. This Order does not constitute a finding as to the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, a real property interest, or a financing arrangement), and the rights of the Debtors and any landlord as to such issues are preserved.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
       White Plains, New York

                                                  THE HONORABLE ROBERT D. DRAIN
                                                  UNITED STATES BANKRUPTCY JUDGE

WEIL:\96788974\4\73217.0004

**Exhibit B**

**Redline**

WEIL:\96800802\1\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                              :
                                                                   :     Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,    :
                                                                   :     Case No. 18-23538 (RDD)
                                                                   :
Debtors.[1]                                                :     (Jointly Administered)
------------------------------------------------------------x

## ORDER EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES AND SUBLEASES OF NONRESIDENTIAL REAL PROPERTY]

Upon the motion, dated November 1, 2018 (ECF No. [__]426) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616, and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "**Additional Debtors**"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

WEIL:\96788974\1\73217.0004WEIL:\96788974\4\73217.0004

365(d)(4)(B)(i) of the Bankruptcy Code and Rule 6006-1(c) of the Local Bankruptcy Rules for the Southern District of New York, for entry of an order extending the initial 120-day period to assume or reject all of their unexpired leases and subleases of non-residential real property (collectively, the "**Leases**") by an additional ninety (90) days, from February 12, 2019, up to and including May 13, 2019, without prejudice to the Debtors' right to seek further extensions in accordance with the Bankruptcy Code and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on November 15, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

WEIL:\96788974\1\73217.0004WEIL:\96788974\4\73217.0004

2. The time by which the Debtors must assume or reject the Leases is extended to and including the earlier of (i) **May 13, 2019** and (ii) the date of entry of an order confirming a chapter 11 plan.

3. Entry of this Order is without prejudice to the Debtors' right to request further extensions of the time to assume or reject the Leases in accordance with section 365(d)(4)(B)(ii) of the Bankruptcy Code.

4. This Order does not constitute a finding as to the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, a real property interest, or a financing arrangement), and the rights of the Debtors and any landlord as to such issues are preserved.

5. ~~4.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

6. ~~5.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
    White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE