Hearing Date and Time: December 20, 2018 at 10:00 a.m. (Eastern Time)
Objection Date and Time: November 27, 2018 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                               :
                                                    :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,           :
                                                    :    **Case No. 18-23538 (RDD)**
                                                    :
                Debtors.[1]                         :    **(Jointly Administered)**
------------------------------------------------------------x

# NOTICE OF HEARING ON OMNIBUS MOTION OF DEBTORS FOR ORDER APPROVING REJECTION OF CERTAIN EXECUTORY CONTRACTS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**"), of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**), for entry of an order pursuant to sections 105(a) and 365(a) of chapter 11 of title 11 of the United States Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the rejection of certain executory contracts, all as more fully set forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **December 20, 2018 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **November 27, 2018 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

2

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: November 15, 2018
    New York, New York

    /s/ Sunny Singh
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York  10153
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007
    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh

    *Attorneys for Debtors*
    *and Debtors in Possession*

Hearing Date and Time: December 20, 2018 at 10:00 a.m. (Eastern Time)
Objection Date and Time: November 27, 2018 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                             :
                                                  :            **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,         :
                                                  :            **Case No. 18-23538 (RDD)**
                                                  :
             Debtors.[1]                          :            **(Jointly Administered)**
---------------------------------------------------------------x

# OMNIBUS MOTION OF DEBTORS
# FOR ORDER APPROVING REJECTION OF CERTAIN EXECUTORY CONTRACTS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

**Jurisdiction**

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6.      By this Motion, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, Rule 6006 of the Bankruptcy Rules, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order, (i) authorizing the Debtors to reject certain executory contracts listed on the schedule attached as **Schedule 1** to the Proposed Order (as defined herein), including any amendments or modifications thereto (the "**Agreements**"), and (ii) granting related relief.

7.      A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A** (the "**Proposed Order**").

**The Rejected Agreements**

8.      As more fully set forth in the Debtors' Wages and Benefits Motion,[3] the Debtors employ approximately 68,000 employees, and the Debtors maintain various Compensation and Benefits Programs for their employees. In the ordinary course of business, the Debtors regularly enter into severance agreements with certain qualifying employees at the management level. Since the filing of these chapter 11 cases, the Debtors have been reviewing their ongoing workforce needs and related obligations and expenses, with the overarching goal of reducing and managing potentially significant costs to the Debtors' estates while balancing

---

[3] (ECF No. 31).

3

employee morale and retention. As a part of that process, the Debtors have been reducing the footprint of unprofitable stores in their ongoing store closure initiative and have announced reductions in their workforce of store-level and corporate employees in connection with store closures.

9. In connection with the corporate workforce reduction announced, the Debtors have identified certain executory contracts that are no longer necessary or beneficial to the Debtors and their estates. As of today, the individuals who are counterparties to the Agreements identified in **Schedule 1** are notified of the Debtors' intent to terminate their employment and reject their severance agreements. The severance agreements were entered into prepetition by debtor Sears Holdings Corporation as a condition of the individual's employment. The Debtors' circumstances have substantially changed since the date they entered into these agreements, and as a result of their cost-cutting initiatives in chapter 11, no longer need the services provided by these employees and will obtain no benefit by paying any severance pursuant to the Agreements.

10. All the employees will continue to remain on the Debtors' payroll during the pendency of the Motion, as the Debtors are required to provide 60 days' WARN notice prior to termination.

11. In connection with the anticipated rejection of the Agreements, the Debtors have also offered certain eligible individuals an opportunity to participate in the non-insider Severance Program (as that term is defined in the Wages and Benefit Motion), pursuant to which they would receive the same severance benefits as the bulk of the Debtors' non-executive employees. Under the current terms of the non-insider Severance Program, the

4

individuals with at least one (1) year of service will be eligible to receive up to 10 weeks of severance, 1 week for every year of qualified service.

## The Relief Requested Should Be Granted

12. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993); *In re Republic Airways*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016); *see also In re Ames Dept. Stores, Inc.*, 306 B.R. 43, 51-52 (Bankr. S.D.N.Y. 2004) ("The ability to reject provides the trustee or debtor-in-possession with the means to relieve the estate of the duty to perform on burdensome obligations at the expense of all the estate's other creditors, and to avoid the incurrence of additional administrative expenses which lack a corresponding benefit to the estate.").

13. The standard applied to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard. *See In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008); *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009); *In re Delta Airlines, Inc.*, 359 B.R. 468, 476 (Bankr. S.D.N.Y. 2006). Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing "business judgment" standard used to approve rejection of executory contracts or unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Products,*

*Inc.)*, 78 F.2d 38, 42–43 (2d Cir. 1979) (holding that "business judgment" test is appropriate for determining when executory contract can be rejected).

14. The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See Orion Pictures*, 4 F.3d at 1098-99; *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2009) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (quoting *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), *aff'd*, 187 B.R. 111 (S.D.N.Y. 1995)); *see also In re Genco Shipping & Trading Ltd.*, 509 B.R. 455, 463 (Bank. S.D.N.Y. 2014) ("A court will generally not second-guess a debtor's business judgment regarding whether the assumption or rejection of a contract will benefit the debtor's estate."). Further, under the business judgment standard "a debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996).

15. Section 105(a) of the Bankruptcy Code provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105(a) allows the bankruptcy court to "craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the result the [Bankruptcy] Code was designed to obtain." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 235-36 (3d Cir. 2004) (citing *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v.*

WEIL:\96791606\7\73217.0004

*Chinery*, 330 F.3d 548, 568 (3d Cir. 2003)). Section 105(a) therefore provides additional authority to the Court to grant the relief requested herein.

16. The Debtors have reviewed the Agreements and determined, in their sound business judgment, that the Agreements are no longer beneficial to the Debtors' business and therefore create an unnecessary and burdensome expense for the Debtors' estates. As stated above, the Debtors intend to terminate the employment of the individuals on **Schedule 1** and to reject the Agreements. These individuals will continue to receive their regular wages during the WARN notice period as active employees until such time their terminations become effective. Failure to reject the Agreements at this time could result in the incurrence of additional administrative or other claims against the Debtors' estates that would constitute an unnecessary drain on the Debtors' limited assets. Accordingly, the Debtors submit that rejecting the Agreements is a reasonable exercise of the Debtors' business judgment and will preserve assets of the estates to help maximize distributions to all creditors.

17. In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code. Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "'protect and preserve the estate, including an operating business' going-concern value,'" on behalf of the debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through

its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee."). Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a); *see Ionosphere Clubs*, 98 B.R. at 175 (applying section 105(a) to justify an order authorizing the payment of certain prepetition wages, salaries, medical benefits, and business expense claims to debtor's employees); *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code provides a statutory basis for the payment of prepetition claims).

18. The individuals whose Agreements are being rejected will be provided notice of the Debtors' intent to reject the Agreements, and therefore will be on notice of the rejection. Should the Court fail to approve the rejections, the Debtors would be liable for additional postpetition obligations under the terms of the Agreements, to the detriment of their estates and creditors. For the reasons stated herein, the rejection of the Agreements is appropriate and should be approved.

## Notice

19. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") and the individuals listed on **Schedule 1**. The Debtors respectfully submit that no further notice is required.

8

20. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 15, 2018
      New York, New York

                                /s/ Sunny Singh
                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007
                                Ray C. Schrock, P.C.
                                Jacqueline Marcus
                                Garrett A. Fail
                                Sunny Singh

                                *Attorneys for Debtors*
                                *and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                          :
                                               :    Chapter 11
SEARS HOLDINGS CORPORATION, et al.,            :
                                               :    Case No. 18-23538 (RDD)
                                               :
Debtors.[1]                                    :    (Jointly Administered)
------------------------------------------------------------x
```

**OMNIBUS ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE REJECTION DATE**

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 6006 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (the "**Order**") (i) authorizing the Debtors to reject certain executory contracts listed on the schedule attached hereto as **Schedule 1**, including

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

18-23538-shl    Doc 746    Filed 11/15/18    Entered 11/15/18 07:57:43    Main Document
Pg 15 of 17


any amendments or modifications thereto (the "**Agreements**"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on December 20, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted to the extent set forth herein.

2.  Pursuant to section 365 of the Bankruptcy Code, each of the Agreements listed on **Schedule 1** attached hereto is hereby rejected by the Debtors.

3.  The Debtors shall not be liable for any additional administrative expenses arising after the entry of this Order with respect to the Agreements.

4.  As of the entry of this Order, the Debtors are relieved from any and all payments or performance due under such Agreements incurred; *provided*, *however*, that nothing

herein shall constitute a determination of claims arising from or related to the rejection of such Agreements filed in accordance with this Order, in connection with which the Debtors' rights are reserved in full.

5. **The deadline to file a proof of claim to assert any damage claim arising from the rejection of an Agreement shall be the date fixed by this Court as the deadline to file general unsecured proofs of claim in these cases.**

6. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

7. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
    White Plains, New York

                                              _____
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

### Schedule of Agreements to be Rejected

| Counterparty | Debtor | Type of Agreement |
|---|---|---|
| **Joseph E. Alvardo**<br>**Senior Director, Business Development** | Sears Holdings Corporation | SLP Severance Agreement |
| **Bronson Broockerd**<br>**Divisional Vice President, Marketing – Home Services** | Sears Holdings Corporation | Executive Severance Agreement |
| **James Daley**<br>**Chief Product Officer – Shop Your Way** | Sears Holdings Corporation | Executive Severance Agreement |
| **Andrew Ingersoll**<br>**Divisional Vice President – Sears Holdings**<br>**Chief of Staff / Chief Financial Officer – Shop Your Way Brands** | Sears Holdings Corporation | Executive Severance Agreement |
| **Gerard Murphy**<br>**Chief Marketing Officer** | Sears Holdings Corporation | Executive Severance Agreement |
| **Benedicto Savillo – Vice President, Credit Product Management** | Sears Holdings Corporation | Executive Severance Agreement |
| **Anita Walls**<br>**Divisional Vice President, Repair Call Center Opts – MSO** | Sears Holdings Corporation | Executive Severance Agreement |