WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
                                        :
**In re**                               :    **Chapter 11**
                                        :
**SEARS HOLDINGS CORPORATION, *et al.*,** :    **Case No. 18-23538 (RDD)**
                                        :
                    **Debtors.**[1]     :    **(Jointly Administered)**
                                        :
--------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**CERTIFICATE OF NO OBJECTION REGARDING MOTION
OF DEBTORS FOR ENTRY OF ORDER (I) AUTHORIZING BUT NOT
DIRECTING THE DEBTORS TO (A) PAY CERTAIN PREPETITION
WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (B) PAY AND
HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS, AND (C) CONTINUE
EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for

the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as

follows:

1.       Beginning on October 15, 2018 (the "**Commencement Date**") and

continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**")

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code.

On October 15, 2018, the Debtors filed the *Motion of Debtors for Entry of Order (I) Authorizing*

*But Not Directing The Debtors to (A) Pay Certain Prepetition Wages and Reimbursable Employee*

*Expenses, (B) Pay and Honor Employee Medical and Other Benefits, and (C) Continue Employee*

*Benefits Programs, and (II) Granting Related Relief* (ECF No. 31) (the "**Motion**").

2.       On October 16, 2018, the Court entered an order granting the relief

requested in the Motion on an interim basis (ECF No. 114) (the "**Interim Order**").

3.       The Debtors served the Motion and Interim Order as reflected in the

affidavits of service filed at ECF Nos. 58 and 261.

4.       The Interim Order established a deadline (the "**Objection Deadline**") for

parties to object or file responses to the Motion of November 8, 2018 at 4:00 p.m. (prevailing

Eastern Time).    The *Amended Order Implementing Certain Notice and Case Management*

2

*Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

5.      The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading, or request for a hearing with respect to the Motion has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors.

6.      Before the Objection Deadline had passed, the Debtors received informal comments (the "**Informal Comments**") from the Office of the United States Trustee for Region 2 (the "**U.S. Trustee**") and from counsel for the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "**Creditors' Committee**" and, together with the U.S. Trustee, the "**Commenting Parties**").  The Debtors have resolved the Informal Comments through correspondence with the Commenting Parties and through the inclusion of certain language into the proposed final order.  The Debtors are aware of no other informal comments.

7.      Accordingly, the Debtors respectfully request that the proposed order granting the relief requested in the Motion on a final basis except with respect to the Incentive Programs and Severance Program for which relief shall continue on an interim basis, annexed hereto as **Exhibit A** (the "**Proposed Order**"), be entered in accordance with the Amended Case Management Order.  The Proposed Order reflects comments received from the Commenting Parties.  A redline of the Proposed Order marked against the Interim Order entered by the Court is annexed hereto as **Exhibit B**.

WEIL:\96795421\3\73217.0004

I declare that the foregoing is true and correct.

Dated: November 15, 2018
    New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                    :
                                                         :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*                :
                                                         :        **Case No. 18-23538 (RDD)**
                                                         :
                    Debtors.[1]                          :        **(Jointly Administered)**
                                                         :
-----------------------------------------------------------------x        **Re: Docket No. 31**

### FINAL ORDER (I) AUTHORIZING BUT NOT DIRECTING THE DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (B) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS, AND (C) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF

Upon the motion, dated October 15, 2018 (ECF No. 31) (the "**Motion**") of Sears

Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363 and

507 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order granting the

Debtors (i) authority, but not direction, to pay certain prepetition amounts, and maintain and

continue to honor and pay, in their sole discretion, all amounts with respect to the Workforce

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Obligations,[2] and (ii) related relief, all as more fully set forth in the Motion; and the Court having

jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§

157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31,

2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the

Final Hearing (defined below) having been provided in accordance with the Amended Case

Management Order and as set forth in the affidavits of service filed with respect thereto (ECF

No. 58 and 261), such notice having been adequate and appropriate under the circumstances, and

it appearing that no other or further notice need be provided for the relief granted herein; and the

Court having held a hearing on October 15, 2018 to consider the relief requested in the Motion

on an interim basis (the "**Interim Hearing**"); and the Court having entered an order granting the

relief requested in the motion on an interim basis (ECF No. 114) (the "**Interim Order**") and

scheduling a final hearing on the Motion on November 15, 2018 (the "**Final Hearing**"); and the

Final Hearing having been held to consider the relief requested in the Motion on a final basis;

and upon the record of and representations made at the Interim Hearing and the Final Hearing;

and the Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and it appearing that the relief requested in the Motion

provides a net benefit to the Debtors and their estates after taking into account the Bankruptcy

Code's priority scheme and is in the best interests of the Debtors, their estates, their creditors,

and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms
in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, and 507(a) of the Bankruptcy Code, to pay and honor all prepetition obligations associated with the Workforce Obligations and to continue programs and maintain funding in the ordinary course of business, as described in the Motion, including on account of: (a) Unpaid Compensation; (b) Deductions and Payroll Taxes; (c) Supplemental Workforce Obligations; (d) Reimbursable Expenses; (e) the Corporate Card Program; (f) the Employee Benefit Programs; (g) the Former Employee Benefit Plans; and (h) the Other Employee Programs (each as defined therein); *provided*, the Debtors shall not pay or honor Unpaid Compensation or amounts due under the PTO Policy in amounts in excess of the priority amounts set forth at sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code.

3.      With respect to the Incentive Programs and Severance Program, the Debtors are further authorized, but not directed, to continue programs and maintain funding in the ordinary course of business on an interim basis pending entry of a final order; *provided*, that payments under the Severance Program shall not exceed $20 million pending entry of a final order; *provided, further*, that nothing herein shall authorize a payment under the Incentive Programs or Severance Program to an insider or in violation of section 503(c) of the Bankruptcy Code.

4.      The Debtors are further authorized, but not directed, to continue to honor and pay retiree benefits (as such term is defined in section 1114(a) of the Bankruptcy Code) in the ordinary course.

3

5.      Nothing herein restricts the Debtors' ability to modify or discontinue any benefit program to reduce or eliminate program expenses or the benefits provided thereunder, at any time, in their sole discretion without prior approval of this Court, subject to any contractual or non-bankruptcy law limitations.

6.      The Debtors and any applicable third parties are further authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

7.      The Debtors are further authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Workforce Obligations.

8.      Nothing contained in the Motion, the Interim Order, or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors;  (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code, including, without limitation, any CBA or Pension Plan.

9.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

4

10.     Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

12.     The Debtors are further authorized to take all action necessary to effectuate the relief granted in this Order.

13.     Notwithstanding anything in the Motion, the Interim Order, or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

14.     To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

15.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2018
      White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Redline**

WEIL:\96795421\3\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                               :                   **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*           :

                                                    :                   **Case No. 18-23538 (RDD)**

                                                    :

                                                    :

Debtors.[1]                                         :                   **(Jointly Administered)**

                                                    :

---------------------------------------------------------------x    Re: Docket No. 31

~~INTERIM~~<u>FINAL</u> ORDER (I) AUTHORIZING BUT NOT
DIRECTING THE DEBTORS TO (A) PAY CERTAIN PREPETITION
WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (B) PAY AND
HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS, AND (C) CONTINUE
EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF

Upon the motion, dated October 15, 2018 (ECF No. 31) (the "**Motion**") of

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

18-23538-rdd    Doc 749    Filed 10/15/18    Entered 10/15/18 11:78:54    Main Document
Pg 2 of 8

105(a), 363 and 507 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an

order granting the Debtors (i) authority, but not direction, to pay certain prepetition amounts,

and maintain and continue to honor and pay, in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

their sole discretion, all amounts with respect to the Workforce Obligations,[2] and (ii) related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the interim relief requestedsought in the Motion and the Final Hearing (defined below) having been given as provided in the Motion;accordance with the Amended Case Management Order and as set forth in the affidavits of service filed with respect thereto (ECF No. 58 and 261), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided for the relief granted herein; and the Court having held a hearing on October 15, 2018 to consider the relief requested in the Motion on an interim basis on October 15, 2018 (the "**Interim Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, Court having entered an order granting the relief requested in the motion on an interim basis (ECF No. 114) (the "**Interim Order**") and scheduling a final hearing on the Motion on November 15, 2018 (the "**Final Hearing**"); and the Final Hearing having been held to consider the relief requested in the Motion on a final basis; and upon the record of and representations made at the Interim Hearing, and upon all of the proceedings had before the Courtthe Final Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the interim relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

18-23538-rdd    Doc 719    Filed 10/15/18    Entered 10/15/18 17:18:52    Main Document
Pg 4 of 9

their estates as contemplated by Bankruptcy Rule 6003, provides a net benefit to the Debtors and

their estates after taking into account the Bankruptcy Code's priority scheme, and is in the best

interests of the Debtors, their estates, their creditors, and all parties in interest; and after due

deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted on an interim a final basis to the extent set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such
terms in the Motion.

2.      The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, and 507(a) of the Bankruptcy Code, to pay and honor all prepetition obligations associated with the Workforce Obligations and to continue programs and maintain funding in the ordinary course of business, as described in the Motion, including on account of: (a) Unpaid Compensation; (b) Deductions and Payroll Taxes; (c) Supplemental Workforce Obligations; (d) Reimbursable Expenses; (e) the Corporate Card Program; (f) the Employee Benefit Programs; (g) the Former Employee Benefit Plans; and (h) the Other Employee Programs (each as defined therein); provided that, the Debtors are authorized, but not directed, to pay only amounts due and payable as of the Commencement Date and amounts that are or become due and payable between the Commencement Date and the date that a final order on the Motion is entered, unless otherwise ordered by the Court; provided, further, that, pending entry of a final order, the Debtors shall not (i) pay or honor Unpaid Compensation, Reimbursable Expenses, or amounts due under the PTO Policy in amounts in excess of the priority amounts set forth at sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code or (ii) make any payments under the Incentive Programs.

3.      The With respect to the Incentive Programs and Severance Program, the Debtors are further authorized, but not directed, to continue programs and maintain funding in the ordinary course of business with respect to on an interim basis pending entry of a final order; provided, that payments under the Severance Program shall not exceed $20 million pending entry of a final order; provided, further, that nothing herein shall authorize a payment prohibited by under the Incentive Programs or Severance Program to an insider or in violation of section 503(c) of the Bankruptcy Code.

4.      The Debtors are further authorized, but not directed, to continue to honor and pay retiree benefits (as such term is defined in section 1114(a) of the Bankruptcy Code) in the ordinary course.

18-23538-rdd   Doc 719   Filed 10/15/18   Entered 10/15/18 11:16:52   Main Document
Pg 6 of 19

5.      Nothing herein restricts the Debtors' ability to modify or discontinue any benefit program to reduce or eliminate program expenses or the benefits provided thereunder, at any time, in their sole discretion without prior approval of this Court, subject to any contractual or non-bankruptcy law limitations.

6.      The Debtors and any applicable third parties are further authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

7.      The Debtors are further authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Workforce Obligations.

8. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

8.      9. Nothing contained in the Motion, the Interim Order, or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code, including, without limitation, any CBA or Pension Plan.

10. Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment made pursuant to this Interim Order.

9.    11. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

10.    13. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11.    14. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

15. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided* that, the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

12.    16. The Debtors are further authorized to take all action necessary to effectuate the relief granted in this Interim Order.

13.    17. Notwithstanding anything in the Motion, the Interim Order, or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities

(collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

14.    18. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Interim Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

15.    19. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

20. The Final Hearing on the Motion shall be held on **November 15, 2018, at 10:00 a.m. (Prevailing Eastern Time)**, and any objections or responses to the Motion shall be filed and served in accordance with the Case Management Order so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on November 8, 2018**.

Dated: October 16 _____, 2018
        White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE