Hearing Date and Time: November 15, 2018 at 10:00 am (Eastern)
Objection Date and Time: November 8, 2018 at 4:00 pm (Eastern) [1]

**MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022-4784
Telephone: (212) 735-8600
Facsimile: (212) 735-8708
Joseph T. Moldovan, Esq.
Robert K. Dakis, Esq.
David J. Kozlowski, Esq.

*Counsel to Allure Gems, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:                            :
                                  : Chapter 11
SEARS HOLDINGS CORPORATION,       :
*et al.*,                         : Case No. 18-23538 (RDD)
                                  :
            Debtors.              : (Jointly Administered)
---------------------------------------------------------x

**RESPONSE OF ALLURE GEMS, LLC WITH RESPECT
TO DEBTORS' MOTION FOR AUTHORITY TO (A) OBTAIN POSTPETITION
FINANCING, (B) USE CASH COLLATERAL, AND (C) GRANT CERTAIN
PROTECTIONS TO PREPETITION SECURED PARTIES AND
JOINDER BY ALLURE GEMS, LLC TO THE AMENDED
LIMITED OBJECTION OF AMERICAN GREETINGS CORPORATION
TO DEBTORS' MOTION FOR AUTHORITY TO (A) OBTAIN
POSTPETITION FINANCING, (B) USE CASH COLLATERAL, AND (C)
GRANT CERTAIN PROTECTIONS TO PREPETITION SECURED PARTIES**

Allure Gems, LLC ("**Allure**") hereby responds to the *Debtors' Motion For Authority To (A) Obtain Postpetition Financing, (B) Use Cash Collateral, [and] (C) Grant Certain Protections To Prepetition Secured Parties* (Dkt. No. 7) (the "**Motion**") filed by the above-captioned debtors (the "**Debtors**") and also joins to a limited extent in the Amended Limited

---

[1] Allure's time to respond to the Debtors' Motion was extended by the Debtors until 11/16/18 at 4:00 p.m.

#8280863 v1 \099998 \0038

Objection of American Greetings Corporation ("**AGC**") to the Motion (Dkt. No. 733), and respectfully represents as follows:

**Reclamation Issues**

1.  Allure, a vendor of certain jewelry and related products to the Debtors, had lodged an informal objection concerning certain issues arising from its reclamation demand asserted in this case (Dkt. No. 92). Allure believes that its informal objection to the Motion is resolved.

2.  To the extent that the agreed-upon language is not reflected in the final form of order filed by the Debtors, Allure submits this response so that it has preserved its right to file an objection prior to the hearing on the Motion or make an oral objection at the hearing.

**Consignment Issues**

3.  Allure had previously filed a limited objection with respect to the Debtors' motion for approval of store closings and related relief (Dkt. No. 251) with respect to its rights as a consignment vendor and repeats and restates all of the statements made therein, herein.

4.  Allure joins in the Amended Limited Objection of AGC to the Motion (AGC to the extent of seeking to preserve rights and claims against Bank of America or any other lender to the extent Bank of America or any other lender has taken, or been paid with, funds from the Debtors in which Allure has a superior interest for the reasons stated in the AGC limited objection to the Motion and restates the arguments made therein as if made herein.[2]

---

[2] AGC's Amended Limited Objection is based in part on Michigan law. Allure's Consignment Agreement is governed under Illinois law. The result is the same. *See, e.g.*, *American Ambassador Cas. Co. v. Jackson*, 295 Ill. App. 3d 485, 492 (1998) (Plaintiff established a *prima facie* case of bailment where a vehicle to be sold by Defendant on consignment was accepted by Defendant, who neither sold nor returned the vehicle); *Buffalo Gasoline Motor Co. v. Atwood*, 159 Ill. App. 28, 31 (1910) (finding a bailment with power to sell to be a consignment for sale); *see also*, *Hercules Powder Co. v. Rowan*, 245 Ill. App. 291, 293 (1924) (commenting that a transaction where a party would receive goods on consignment, pay market price for what the party uses, and return

#8280863 v1 \099998 \0038

Dated:   November 16, 2018                                MORRISON COHEN LLP

                          /s/ Joseph T. Moldovan
Joseph T. Moldovan, Esq.
Robert K. Dakis, Esq.
David J. Kozlowski, Esq,
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708
email: bankruptcy@morrisoncohen.com

---

the balance is a bailment); *Nelson v. Sotheb''s, Inc.*, 128 F. Supp. 2d 1172, 1175 (N.D. Ill. 2001) ("Consignment is the 'entrusting of goods to another to sell for the consignor' or '[a] bailment for sale.' A consignment is therefore a type of bailment." (*citing Cleveland Co-operative Stove Co. v. Matson*, 30 Ill. App. 372 (1888); Blacks Law Dictionary 307 (6th ed. 1991))).

#8280863 v1 \099998 \0038