**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                      :
                                                           :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                  :
                                                           :    **Case No. 18-23538 (RDD)**
                                                           :
            Debtors.[1]                                    :    **(Jointly Administered)**
------------------------------------------------------------x

## FINAL ORDER ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN, AND CLAIMS AGAINST, THE DEBTORS AND CLAIMING CERTAIN WORTHLESS STOCK DEDUCTIONS

Upon the motion, dated October 15, 2018 (ECF No. 20) (the "**Motion**")[2] of Sears Holdings Corporation ("**SHC**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of interim and final orders establishing procedures to protect the potential value of the Debtors' consolidated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

net operating loss carryforwards (the "**NOLs**") and other tax benefits (collectively, the "**Tax Attributes**") for use in connection with the reorganization of the Debtors, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the final relief sought in the Motion having been provided in accordance with the Amended Case Management Order and as set forth in the affidavit of service filed with respect thereto (ECF No. 58), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing on October 15, 2018 to consider the relief requested in the Motion on an interim basis (the "**Interim Hearing**"); and the Court having entered an order granting the relief requested in the motion on an interim basis (ECF No. 109) (the "**Interim Order**") and scheduling a final hearing on the Motion on November 15, 2018 (the "**Final Hearing**"); and there being no objections to the Motion or the entry of this Order; and the holding of the Final Hearing not having been required under the circumstances; and upon the First Day Declaration filed contemporaneously with the Motion, the record of and representations made at the Interim Hearing, and all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis to the extent set forth herein.

2. The provisions of this Order shall be effective *nunc pro tunc* to the Commencement Date.

3. The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply to all trading and transfers of interests in, and Claims against, the Debtors and all worthless stock deductions claims with respect to interests in the Debtors.

4. Any acquisition, disposition, or trading of SHC Securities or Claims against the Debtor or worthless stock deduction claim with respect to SHC Securities in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5. Any person or Entity that acquires, disposes of, or trades SHC Securities or Claims against the Debtor in violation of this Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a worthless stock deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

6. The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, **Exhibit 6**, **Exhibit 7**, **Exhibit 8** and **Exhibit 9** are hereby approved.

7. Within three (3) business days of the entry of this Order, the Debtors shall send the notice of this Order (the "**Notice of Final Order**") annexed hereto as **Exhibit 10** to all parties that were served with notice of the Motion, publish the Notice of Final Order once in the national edition of *The New York Times*, and post the Procedures to the website established by Prime Clerk LLC for these chapter 11 cases (which website address shall be identified in the Notice of Final Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

8. Nothing herein shall preclude any person or Entity desirous of purchasing or transferring any interest in, or Claims against, the Debtors or making worthless stock deduction claims with respect to any interest in the Debtors from requesting relief from this Order from this Court, subject to the Debtors' rights to oppose such relief.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10. The relief granted in this Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Order expressly conditions or restricts trading in interests in, or Claims against, the Debtor or making worthless stock deduction claims with respect to interests in the Debtors, nothing in this Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in, or Claims against, the Debtors, including in connection with the treatment of any such interests under any chapter 11 Plan or any applicable order in these cases.

11. The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws and do not excuse noncompliance therewith.

12. The entry of this Order shall in no way be deemed a determination that entry of a Sell-Down Notice is necessary or warranted in these chapter 11 cases, and this Court's review of any future request for entry of a Sell-Down Notice shall be without regard to the entry of this Order.

13. Notwithstanding anything contained in the Motion, the Interim Order or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

14. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

15. The entry of this Order shall in no way prejudice the rights of any part to oppose the entry of a Sell-Down Notice, on any grounds, and all such rights are expressly preserved hereby.

16. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

5

17. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

18. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: November 16, 2018
      White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE