**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                          :
                                                               :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                      :
                                                               :    **Case No. 18-23538 (RDD)**
                                                               :
            Debtors.[1]                                        :    **(Jointly Administered)**
                                                               :
------------------------------------------------------------x    Re: Docket No. 31

### FINAL ORDER (I) AUTHORIZING BUT NOT DIRECTING THE DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (B) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS, AND (C) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF

Upon the motion, dated October 15, 2018 (ECF No. 31) (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363 and 507 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order granting the Debtors (i) authority, but not direction, to pay certain prepetition amounts, and maintain and continue to honor and pay, in their sole discretion, all amounts with respect to the Workforce

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Obligations,[2] and (ii) related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the Final Hearing (defined below) having been provided in accordance with the Amended Case Management Order and as set forth in the affidavits of service filed with respect thereto (ECF No. 58 and 261), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided for the relief granted herein; and the Court having held a hearing on October 15, 2018 to consider the relief requested in the Motion on an interim basis (the "**Interim Hearing**"); and the Court having entered an order granting the relief requested in the motion on an interim basis (ECF No. 114) (the "**Interim Order**") and scheduling a final hearing on the Motion on November 15, 2018 (the "**Final Hearing**"); and upon the record of and representations made at the Interim Hearing and the Final Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion and granted herein provides a net benefit to the Debtors and their estates after taking into account the Bankruptcy Code's priority scheme and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363, and 507(a) of the Bankruptcy Code, to pay and honor all prepetition obligations associated with the Workforce Obligations and to continue programs and maintain funding in the ordinary course of business, as described in the Motion, including on account of: (a) Unpaid Compensation; (b) Deductions and Payroll Taxes; (c) Supplemental Workforce Obligations; (d) Reimbursable Expenses; (e) the Corporate Card Program; (f) the Employee Benefit Programs; (g) the Former Employee Benefit Plans; and (h) the Other Employee Programs (each as defined therein); *provided*, the Debtors shall not pay or honor Unpaid Compensation or amounts due under the PTO Policy in amounts in excess of the priority amounts set forth at sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code.

3. With respect to the Incentive Programs and Severance Program, the Debtors are further authorized, but not directed, to continue programs and maintain funding in the ordinary course of business on an interim basis pending entry of a final order; *provided*, that payments under the Severance Program shall not exceed $20 million pending entry of a final order; *provided, further*, that nothing herein shall authorize a payment under the Incentive Programs or Severance Program to an insider or in violation of section 503(c) of the Bankruptcy Code.

4. The Debtors are further authorized, but not directed, to continue to honor and pay retiree benefits (as such term is defined in section 1114(a) of the Bankruptcy Code) in the ordinary course.

5.      Nothing herein restricts the Debtors' ability to modify or discontinue any benefit program to reduce or eliminate program expenses or the benefits provided thereunder, at any time, in their sole discretion without prior approval of this Court, subject to any contractual or non-bankruptcy law limitations.

6.      The Debtors and any applicable third parties are further authorized to continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' stated policies and prepetition practices.

7.      The Debtors are further authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Workforce Obligations.

8.      Nothing contained in the Motion, the Interim Order, or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors;  (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code, including, without limitation, any CBA or Pension Plan.

9.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are further authorized to take all action necessary to effectuate the relief granted in this Order.

13. Notwithstanding anything in the Motion, the Interim Order, or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

14. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: November 16, 2018
     White Plains, New York

                                      /s/Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE