UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re                                      :
                                           :          **Chapter 11**
**SEARS HOLDINGS CORPORATION, et al.,**    :
                                           :          **Case No. 18-23538 (RDD)**
                                           :
             Debtors.[1]                   :          **(Jointly Administered)**

-----------------------------------------------------------------x

### ORDER AUTHORIZING DEBTORS TO ESTABLISH PROCEDURES FOR REJECTION OF UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDON PROPERTY IN CONNECTION THEREWITH

Upon the motion, dated October 15, 2018 (ECF No. 24) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 365, and 554(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Rules 6006-1 and 6007-1 of the Local Bankruptcy Rules for the Southern District of New York, for an order (i) authorizing the Debtors to establish

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

procedures for the rejection of unexpired leases of nonresidential real property of the Debtors (collectively, the "**Leases**") and the abandonment of certain property in connection therewith (the "**Rejection Procedures**"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided in accordance with the Amended Case Management Order and as set forth in the affidavits of service filed with respect thereto (ECF Nos. 58, 261), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing on November 15, 2018 to consider the relief requested in the Motion (the "**Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, the record of and representations made at the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.     The Motion is granted to the extent set forth herein.

2.     The Debtors are authorized, but not directed, to reject Leases effective as of (unless otherwise ordered by the Court) the later of (i) service and filing of the Rejection

Notice and (ii) the date the Debtors have surrendered the leased premises to the landlord, other applicable lease counterparty, or designee (the "**Landlord**") via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the Landlord, or, if not delivering such keys or codes, providing notice that the Landlord may re-let the premises (the "**Rejection Date**"), and the Debtors may abandon assets in accordance with the Rejection Procedures attached hereto as **Exhibit 1**, which are approved and incorporated by reference in their entirety.

3.     Notwithstanding anything to the contrary herein or in the Rejection Procedures, the Debtors shall notify counsel to the Creditors' Committee and the DIP ABL Agent prior to filing a Rejection Notice, or as soon as reasonably practicable thereafter, but in any case no later than two (2) days after filing such Rejection Notice, which notice shall include (i) any valuation analysis completed with respect to the Lease(s) including on the applicable Rejection Notice and (ii) a good faith estimate of the potential damages arising from the rejection of such Lease(s).

4.     Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, in their sole discretion, to abandon any assets at the leased premises, free and clear of any interests of any party subject to notice of such abandonment being given in accordance with the Rejection Procedures; *provided* that the Debtors shall remove any hazardous or toxic materials (as such terms are defined in any applicable federal, state or local law, rule, regulation, or ordinance) from the leased premises prior to the Rejection Date; *provided further* that, if the Debtors are abandoning assets which may contain personal or confidential or personally identifying information about the Debtors' employees or customers (the "**Confidential Information**"), the Debtors shall remove the Confidential Information from such items of assets before such abandonment, and retain such Confidential Information until

further order of the Court.  Any Landlord or other designee shall be free, notwithstanding the automatic stay, to dispose of any abandoned property without notice or liability to any party (including any third parties) and without further notice or order of the Court, and the applicable Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.  Any personal property of the Debtors remaining at the leased premises after the Rejection Date shall be deemed abandoned as of the Rejection Date.  Landlords shall not be liable to the Debtors or any third parties for the disposition of any and all such property remaining on the premises after the Rejection Date.

5.      **The deadline to file a proof of claim to assert any damage claim arising from the rejection of a Lease shall be the later of (i) the deadline to file general unsecured proofs of claim fixed by the Court, and (ii) thirty (30) days after the entry of the Rejection Order**.

6.      Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable:  (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"), (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities, and (iii) the Approved Budget (as defined in the DIP Orders).

7.      To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

8.      Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption, of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Further, nothing in this Order is intended to be or shall be construed as a waiver of any claims or causes of action that may exist against any of the Debtors arising from the rejection of the Leases or otherwise.

9.      Nothing in this Order or the Rejection Procedures shall be deemed to authorize or shall be argued to permit the Debtors, their agents or advisors to take any action in connection with an unexpired master lease of nonresidential real property to which a Debtor is a party (each such lease, a "**Master Lease**") or other relief granted in this Order that is not in compliance with, or that would result in a default or breach under, such Master Lease, without either (a) an amendment to or waiver under such Master Lease, in accordance with its terms and all consents required for such amendment or waiver under such Master Lease or (b) the entry of a further order of the Court, in either case, permitting such action; *provided* that if the Debtors include any property subject to a Master Lease on a Rejection Notice and the Debtors or any other party seek to sever a Master Lease applicable to such property, such relief shall be sought

by expressly stating that such party is seeking to sever such Master Lease and describing with

particularity the Master Lease and any non-Debtor counterparty to that Master Lease will have

fourteen (14) calendar days to file and serve an objection to such rejection; provided further that

all rights, remedies, and positions of all parties to any Master Leases are preserved.

10.     Notwithstanding entry of this Order, nothing herein shall create, nor is

intended to create, any rights in favor of or enhance the status of any claim held by any party.

11.     The Debtors are authorized to take all action necessary to effectuate the

relief granted in this Order.

12.     The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:  November 16, 2018
        White Plains, New York

                                        /s/Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

## Rejection Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                               :
                                                    :          **Chapter 11**
**SEARS HOLDINGS CORPORATION, et al.,**             :
                                                    :          **Case No. 18-23538 (RDD)**
                                                    :
            Debtors.[3]                             :          **(Jointly Administered)**
-----------------------------------------------------------------x

## <u>REJECTION PROCEDURES</u>

1.      <u>Rejection Notice.</u>  The Debtors will file with the Court and serve on the Rejection Notice Parties (as hereinafter defined) a notice (the "**Rejection Notice**"), substantially in the form attached hereto as **<u>Schedule A</u>**, to reject the identified unexpired lease(s) and/or sublease(s) pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the unexpired lease(s) and/or sublease(s) to be rejected; (ii) the names and addresses of the counterparties to such unexpired lease(s) and/or sublease(s); (iii) the proposed effective date of the rejection for each such unexpired lease(s) and/or sublease(s) (the "**Rejection Date**"); (iv) whether or not the Debtors intend to abandon any property at the leased premises (as described further in item #2, below) and a description of the same; and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice shall include the proposed order approving rejection of the unexpired lease(s) and/or sublease(s) (the "**Rejection Order**").

2.      <u>Abandonment.</u>  The Debtors will specify in the Rejection Notice whether they intend to abandon any personal property, including inventory, furniture, fixtures, equipment, and/or other material at the leased premises as of the Rejection Date.  Absent a timely objection,

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

any such property of the Debtors remaining after the Rejection Date shall be deemed abandoned to the landlord, other applicable lease counterparty, or designee (the "**Landlord**") without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances; *provided* that the Debtors shall remove any hazardous or toxic materials (as such terms are defined in any applicable federal, state, or local law, rule, regulation or ordinance) from the leased premises prior to the Rejection Date. Any Landlord shall be free to dispose of any abandoned property without notice or liability to any party, and the Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

With respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the leased premises prior to the Rejection Date. For the avoidance of doubt, if any such personal property remains on the leased premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth above.

3.     <u>Service of the Rejection Notice.</u>  The Debtors will cause the Rejection Notice to be served by overnight mail or email upon (i) the unexpired lease or sublease counterparties affected by the Rejection Notice, and their counsel, if known; (ii) any party known to assert an ownership interest in, or that has filed a UCC-1 statement against, personal property located at the applicable leased premises including any personal property proposed to be abandoned; (iii) any party known to assert a lien on any real property subject to the Lease; (iv) all parties who may have an interest in any personal property at the applicable leased premises; (v) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq. and Richard Morrissey, Esq.); (vi) counsel for the DIP ABL Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York, 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.); and (vii) counsel for any statutory committee appointed in these chapter 11 cases (collectively, the "**Rejection Notice Parties**").

4.     <u>Objection Procedures.</u>  Parties objecting to a proposed rejection or abandonment must file and serve a written objection (an "**Objection**") so that the Objection is filed with the Court and is actually received by (i) the Debtors c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.); and (iii) the Rejection Notice Parties, no later than ten (10) calendar days after the date the Debtors file and serve the relevant Rejection Notice (the "**Rejection Objection Deadline**"). Each Objection must state with specificity the legal and factual grounds for objection to the proposed rejection or abandonment.

5.     <u>Event of No Objection.</u>  If no Objection is filed and served by the Rejection Objection Deadline, the Debtors shall submit the proposed Rejection Order to the Court after the Rejection Objection Deadline and the Court may enter such order without a hearing. The Rejection Order shall set forth the applicable Rejection Date, which shall be the later of (i) service and filing of the Rejection Notice and (ii) the date (unless otherwise ordered by the Court) the Debtors have surrendered the leased premises to the Landlord via the delivery of the

keys, key codes, and alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not delivering such keys or codes, providing notice that the landlord may re-let the premises.  The deadline to file a proof of claim to assert any damage claim arising from the rejection of a Lease shall be the later of (i) the deadline to file general unsecured proofs of claim (the "**Bar Date**") fixed by the Court; and (ii) thirty (30) days after the entry of the Rejection Order.

6.      <u>Unresolved Objections.</u>    If an Objection is timely filed and not withdrawn or resolved (an "**Unresolved Objection**"), the Debtors shall file a notice for a hearing for the Court to consider the Unresolved Objection at the next scheduled omnibus hearing after the Rejection Objection Deadline, unless the Debtors and objecting party agree to a different hearing date and subject to the Court's schedule.   If the Unresolved Objection is overruled or withdrawn, the effective date of rejection shall be the (i) the Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.  If an Objection is filed for fewer than all of the Leases included on the Rejection Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining Leases on the Rejection Notice.

7.      <u>Treatment of Security Deposits</u>.    If the Debtors have deposited funds with a lease counterparty as a security deposit such counterparty may not set off or otherwise use such deposit without the prior authorization of this Court or consent of the Debtors.

## Schedule A

**Rejection Notice**

Objection Deadline: _____, 2018 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

In re                                                                  :
                                                                       :          **Chapter 11**
**SEARS HOLDINGS CORPORATION, et al.,**           :
                                                                       :          **Case No. 18-23538 (RDD)**
                                                                       :
                Debtors.[1]                                     :          **(Jointly Administered)**

-------------------------------------------------------------------x

### NOTICE OF REJECTION OF CERTAIN
### UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
### AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

PLEASE TAKE NOTICE that, on October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), each commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

PLEASE TAKE FURTHER NOTICE that, on [____], 2018, the Bankruptcy Court entered an order granting certain expedited procedures for the rejection of the Debtors' unexpired real property leases and the abandonment of the Debtors' property located at such leased premises (ECF No. [___]) (the "**Rejection Procedures Order**"). An electronic copy of the Rejection Procedures Order can found at https://restructuring.primeclerk.com/sears.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Rejection Procedures Order, the Debtors hereby give notice of their intent to reject the lease(s) set forth on **Annex A** attached hereto (each, a "**Lease**," and together, the "**Leases**"), effective as of (unless otherwise ordered by the Court) the later of (i) service and filing of the Rejection Notice and (ii) the date the Debtors have surrendered the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the Landlord, or, if not delivering such keys or codes, providing notice that the landlord may re-let the premises, as such estimated dates are set forth on **Annex A** (the "**Rejection Date**").

PLEASE TAKE FURTHER NOTICE that any personal property including inventory, furniture, fixtures, equipment or other materials remaining at the premises subject to the Leases as of the Rejection Date shall be deemed abandoned by the Debtors to the applicable Landlord.

PLEASE TAKE FURTHER NOTICE that with respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the leased premises prior to the Rejection Date. If any such personal property remains on the leased premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth above and without notice or liability to the Debtors or any third party.

PLEASE TAKE FURTHER NOTICE that, any party wishing to object to the Debtors' proposed rejection of a Lease or abandonment of personal property remaining on the leased premises, must file with the Bankruptcy Court and serve a written objection setting forth the legal and factual bases for such objection (an "**Objection**") so that it is actually filed with the Bankruptcy Court and served on the following parties no later than ten (10) calendar days after the date of filing and service of this Rejection Notice (the "**Rejection Objection Deadline**"): (i) the Debtors c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179; (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.); (iii) the applicable counterparty to the Lease that is the subject of the Objection; (iv) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq. and Richard Morrissey, Esq.); (v) counsel for the DIP ABL Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York, 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.); and (vi) counsel for any statutory committee appointed in these chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that if no Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Rejection Objection Deadline a proposed order approving the rejection of the Leases (each such order, a "**Rejection Order**"), substantially in the form attached hereto as **Annex B**, and the Bankruptcy Court may enter such order without a hearing.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Rejection Procedures Order, if no Objection is properly filed and served in compliance with the foregoing, the rejection of each Lease shall become effective as of the Rejection Date. The deadline to file

a proof of claim to assert any damage claim arising from the rejection of a Lease shall be the later of (i) the deadline to file general unsecured proofs of claim (the "**Bar Date**") fixed by the Court; and (ii) thirty (30) days after the entry of the Rejection Order.

PLEASE TAKE FURTHER NOTICE that, if an Objection is properly filed and served in compliance with the foregoing, a hearing will be scheduled to consider the Objection. If the Objection is overruled or withdrawn, the effective date of rejection shall be the (i) Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.  If an Objection is filed for fewer than all of the Leases included on the Rejection Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining Leases on the Rejection Notice.

PLEASE TAKE FURTHER NOTICE that a copy of all pleadings filed in these chapter 11 cases, including the motion (ECF No. 24) that sought the relief granted in the Rejection Procedures Order, is available for free at https://restructuring.primeclerk.com/sears  or for a fee via PACER at https://ecf.nysb.uscourts.gov.

Dated: _____, 2018
      New York, New York

                                   _____
                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York  10153
                                   Telephone:  (212) 310-8000
                                   Facsimile:  (212) 310-8007
                                   Ray C. Schrock, P.C.
                                   Jacqueline Marcus
                                   Garrett A. Fail
                                   Sunny Singh

                                   Attorneys for Debtors
                                   and Debtors in Possession

Objection Deadline: _____, 2018 at 4:00 p.m. (Eastern Time)

**Annex A**

**Form List of Rejected Leases**

| STORE ID | LANDLORD OR COUNTERPARTY NAME | DEBTOR-TENANT | REAL PROPERTY LEASE ADDRESS | ESTIMATED REJECTION DATE | PROPERTY TO BE ABANDONED |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**<u>Annex B</u>**

**Rejection Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                               :
                                                    :        **Chapter 11**
**SEARS HOLDINGS CORPORATION, et al.,**             :
                                                    :        **Case No. 18-23538 (RDD)**
                                                    :
         Debtors.[1]                                :        **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER APPROVING THE REJECTION
## OF UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
## AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

Pursuant to and in accordance with the *Order Authorizing Debtors to Establish*

*Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon*

*Property in Connection Therewith* (ECF No. [___]) (the "**Rejection Procedures Order**")[2]

entered in the above-captioned chapter 11 cases of Sears Holdings Corporation and its debtor

affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and

served on the Rejection Notice Parties a notice (the "**Rejection Notice**") of their intent to reject

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

certain unexpired leases identified on **Exhibit 1** hereto ("**Leases**") and to abandon any property remaining at the leased premises on the Rejection Date of the applicable Leases that the Debtors determine is too difficult to remove or expensive to store, such that the economic benefits of removing or storing such remaining property would by outweighed by the attendant costs in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Leases are hereby rejected as set forth herein, effective as of the later of (i) service and filing of the Rejection Notice and (ii) the date the Debtors have surrendered the premises to the Landlord via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the Landlord, or, if not delivering such keys or codes, providing notice that the Landlord may re-let the premises, as such estimated dates are set forth on Exhibit 1 (the "**Rejection Date**").

2.      Any and all personal property remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned upon the Rejection Date without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.

3.      With respect to any assets abandoned at one of the Debtors' leased properties, the applicable Landlord or other designee shall be free, notwithstanding the automatic stay, to dispose of such property without liability to any party (including any third

parties) and without further notice or order of the Court; and the applicable Landlord's rights, if

any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights

of any party in interest to object to such claims.

4.      If any affected non-Debtor party (each, a "**Counterparty**") to a Lease

asserts a claim against the Debtors arising from the rejection of the Lease, the Counterparty

shall submit a proof of claim by the later of (i) the deadline to file general unsecured proofs of

claim (the "**Bar Date**") fixed by the Court; and (ii) thirty (30) days after the entry of this Order.

If a Counterparty does not timely file a proof of claim in accordance with the terms of this

Order, the Counterparty shall forever be barred from asserting a claim arising from the rejection

of their Lease, absent further order of this Court to the contrary.

5.      Nothing contained in this Order is intended to be or shall be construed as

(i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors'

or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any

claim against the Debtors;  (iii) a waiver of any claims or causes of action that may exist against

any creditor or interest holder; or (iv) an approval, assumption, or adoption, of any agreement,

contract, lease, program, or policy between the Debtors and any third party under section 365 of

the Bankruptcy Code.

6.      Notwithstanding entry of this Order, nothing herein shall create, nor is

intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7.      The Debtors are authorized to take all action necessary to effectuate the

relief granted in this Order.

8.       The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:  November 16, 2018
        White Plains, New York

                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE