UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND FEDERAL
RULES OF BANKRUPTCY PROCEDURE 2004, 9006, AND 9016 AUTHORIZING
EXPEDITED DISCOVERY OF THE DEBTORS AND THIRD PARTIES**

Upon the motion, dated November 5, 2018 (the "Motion"), of the Official Committee of Unsecured Creditors (the "Committee") of Sears Holdings Corporation ("Sears Holdings") and its affiliated debtors and debtors in possession (collectively, the "Debtors," and together with their non-Debtor affiliates, the "Company") for an order pursuant to the Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 and section 105 of the Bankruptcy Code authorizing expedited discovery of the Debtors and other third parties

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

related to the alleged Insider Transactions[2] and other prepetition transactions (the "Rule 2004 Topics"); and, after due deliberation, the Court having concluded that the Committee has established sufficient cause for the relief granted herein; and no additional notice or hearing being required except as specified herein; now, therefore, it is hereby ORDERED that:

1. The Committee is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination of the Debtors and other third parties regarding the Rule 2004 Topics.

2. The Committee is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents relevant to the Rule 2004 Topics and attendance for the foregoing examinations (each, a "Rule 2004 Subpoena").

3. Pursuant to Rule 9006, the deadline for providing written responses and objections to each Rule 2004 Subpoena shall be seven (7) calendar days of service.

4. The Committee and the recipient of each Rule 2004 Subpoena shall work diligently to expedite and substantially complete production of responsive documents as soon as reasonably practicable.

5. The production and examination required hereby are subject to all applicable privileges; provided, that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, the recipient of each Rule 2004 Subpoena (or other party asserting privilege with respect to such document) shall provide a privilege log to the Committee's counsel at a time mutually agreed to between the producing party and the

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Committee.

6. The recipient of each Rule 2004 Subpoena shall inform the Committee's counsel of its search terms and other search parameters when conducting an electronic search. If necessary, the recipient of each Rule 2004 Subpoena shall meet and confer with the Committee's counsel to attempt to agree on appropriate search terms and other search parameters.

7. All disputes concerning discovery pursuant to this order, including objections thereto and disputes regarding the scope or timing of production, that are not resolved by agreement of the parties may be raised by letter brief to the Court not exceeding five pages, single spaced (excluding attachments). The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced (excluding attachments). Copies of such letter briefs shall also be emailed to the Court's chambers.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9. To the extent not otherwise limited by this Order, all discovery recipients reserve all substantive and procedural rights and objections they may have in connection with any discovery served pursuant to this Order.

Dated: White Plains, New York
   November 16, 2018      /s/Robert D. Drain

                THE HONORABLE ROBERT D. DRAIN
                UNITED STATES BANKRUPTCY JUDGE