UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                      :     Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, *et al.*,                       :     Case No. 18-23538 (RDD)
                                                            :
                Debtors.[1]                    :     (Jointly Administered)
                                                            :
------------------------------------------------------------x

**ORDER GRANTING THE MOTION FOR LEAVE TO CONDUCT EXPEDITED
DISCOVERY PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE
2004, 9006, AND 9016**

Upon the motion, dated November 9, 2018 (the "Motion"), of the Restructuring Subcommittee (the "Subcommittee") of the restructuring committee (the "Restructuring Committee") of the Sears Holdings Corporation ("Sears" or the "Debtors") board of directors (the "Board") for an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") [ECF No. 609] authorizing expedited discovery of Duff & Phelps, LLC and any other party the Subcommittee identifies as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

possessing information relevant to its investigation into the Prepetition Related-Party Transactions[2] and other prepetition transactions (the "Rule 2004 Topics"); and, after due deliberation, the Court having concluded that the Subcommittee has established sufficient cause for the relief granted herein; and no additional notice or hearing being required except as specified herein; now, therefore, it is hereby **ORDERED** that:

1. The Subcommittee is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination of Duff & Phelps, LLC and other third parties regarding the Rule 2004 Topics.

2. The Subcommittee is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents relevant to the Rule 2004 Topics and attendance for the foregoing examinations (each, a "Rule 2004 Subpoena").

3. Pursuant to Rule 9006, the deadline for providing written responses and objections to each Rule 2004 Subpoena shall be seven (7) calendar days of service.

4. The Subcommittee and the recipient of each Rule 2004 Subpoena shall work diligently to expedite and substantially complete production of responsive documents as soon as reasonably practicable.

5. The production and examination required hereby are subject to all applicable privileges; provided, that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, the recipient of each Rule 2004 Subpoena (or other party asserting privilege with respect to such document) shall provide a privilege log to the Subcommittee's counsel at a time mutually agreed to between the producing party and the Subcommittee.

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

6. The recipient of each Rule 2004 Subpoena shall inform the Subcommittee's counsel of its search terms and other search parameters when conducting an electronic search. If necessary, the recipient of each Rule 2004 Subpoena shall meet and confer with the Subcommittee's counsel to attempt to agree on appropriate search terms and other search parameters.

7. All disputes concerning discovery pursuant to this order, including objections thereto and disputes regarding the scope or timing of production, that are not resolved by agreement of the parties may be raised by letter brief to the Court not exceeding five pages, single spaced (excluding attachments).  The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced (excluding attachments).  Copies of such letter briefs shall also be emailed to the Court's chambers.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9. To the extent not otherwise limited by this Order, all discovery recipients reserve all substantive and procedural rights and objections they may have in connection with any discovery served pursuant to this Order.

Dated: November 16, 2018
      White Plains, New York

                                              /s/Robert D. Drain
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE