Allen G. Kadish
Lance A. Schildkraut
ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Email: akadish@archerlaw.com
      lschildkraut@archerlaw.com

    and

Kenneth M. Florey
M. Neal Smith
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
      nsmith@robbins-schwartz.com

    and

Matthew T. Gensburg
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

Hearing Date: November 27, 2018
Hearing Time: 1:30 P.M.

*Attorneys for Community Unit School District 300*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) ) ) | Case No. 18-23538 (RDD) (Jointly Administered) |
| Debtors. | ) ) |  |

**SUPPLEMENT TO
LIMITED OBJECTION OF COMMUNITY UNIT SCHOOL DISTRICT 300
TO DEBTORS' MOTION FOR AUTHORITY TO (A) OBTAIN POSTPETITION
FINANCING, (B) USE CASH COLLATERAL, (C) GRANT CERTAIN
PROTECTIONS TO PREPETITION SECURED PARTIES, AND
<u>(D) SCHEDULE SECOND INTERIM HEARING AND FINAL HEARING</u>**

COMMUNITY SCHOOL DISTRICT UNIT 300, an Illinois school district existing and operating pursuant to the Illinois School Code, 150 Illinois Compiled Statutes ("**ILCS**") 5/1-1, *et seq.* (the "**School District**"), a party in interest to this case, by and through its attorneys, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Gensburg Calandriello & Kanter, P.C., and Archer & Greiner, P.C., hereby files its supplement to the *Limited Objection of Community Unit School District 300 to Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* [Doc. No. 557] (the "**Objection**").[1] In further support of the Objection, the School District respectfully states:

## BACKGROUND

1. On October 15, 2018, the above-captioned debtors (the "**Debtors**") filed the DIP Motion. An interim order was entered on October 16, 2018 granting the DIP Motion on an interim basis [Doc. No. 101] (the "**Interim Order**").

2. On November 8, 2018, the School District filed the Objection. Focusing on certain rebated real estate taxes the Debtor improperly received under the Illinois Sears EDA Act, the School District noted that to the extent the aforementioned funds and proceeds of the same are deemed to be held in constructive trust, the Debtors are not entitled to grant priming and other liens upon those funds. The School District further noted that, at a minimum, its interests and claims in those funds are senior to any liens or claims that the Debtors are seeking to grant pursuant to the DIP Motion.

3. The School District supplements its objection by also noting that to the extent the Debtors improperly recaptured real estate taxes, the resulting taxes on the subject real estate,

---

[1] Capitalized terms not defined herein are as defined in the Objection.

2

together with all penalties, interests and costs, would represent a prior and first lien on the property, over which the Debtors cannot grant priming liens, or liens which are *pari passu* with the School District, or superpriority claims, without providing the School District with full and appropriate adequate protection.

## LIMITED OBJECTION

4.  Section 200/21-75 of Chapter 35 of the Illinois Compiled Statutes, 35 ILCS §200/21-75, provides that "[t]he taxes upon property, together with all penalties, interests and costs that may accrue thereon, shall be a prior and first lien on the property, superior to all other liens and encumbrances, from and including the first day of January in the year in which the taxes are levied until the taxes are paid or until the property is sold under this Code."

5.  Therefore, under Illinois law, "[u]npaid taxes become a lien on the property as of January 1 of the year in which the taxes are assessed, even though the amount is unknown and undetermined and the taxes not yet payable." *In re OBT Partners*, 214 B.R. 863, 868 (Bankr. N.D. Ill. 1997). This statutory provision makes such taxes "a lien superior to all other liens without regard to priority in point of time and to continue such liens without limitation of time until taxes are paid or the lien discharged by foreclosure as provided by law." *Forman Realty Corp. v. Brenza*, 11 Ill.2d 531, 539 (Ill. 1957).

6.  As noted in its Objection, the School District asserts that the Debtors have failed to maintain the statutorily required 4,250 jobs at the Debtors' corporate campus, and had failed to do so for a number of prior years. Whether as a result of a mistake of fact, or the Debtors' misstatements, the effect of this is that the Debtors recaptured large portions of their property taxes that they were not entitled to receive.

7.  The Illinois Sears EDA Act provides:

> In the event the developer fails to maintain 4,250 jobs at any time before termination of the economic development project area, except as provided in subsection (c), the developer shall forfeit an amount of its allocations from the special tax allocation fund for that time period in which the developer failed to maintain 4,250 jobs multiplied by the amount the developer would have received if they maintained 4,250 jobs for the entire year. Any refunds that are forfeited shall be distributed to the taxing districts in the same manner and proportion as the most recent distribution by the county collector to those taxing districts (inclusive of the municipality) in the economic development project area.

20 ILCS 620/4.5(b).

8.  As the Debtors failed to maintain the required number of jobs under the Illinois Sears EDA Act, the Debtors have outstanding property taxes that are owed to the Cook County Collector (the "**Collector**"), and the School District along with every other local government taxing body as recipients of the overdue taxes that are to be distributed to the taxing districts. Under Illinois law, the School District and any other taxing district has standing to recover the unpaid property taxes from the Debtors. *See Madison Two Associates v. Pappas*, 227 Ill.2d 474 (Ill. 2008) (taxing districts have an immediate legal interest in challenges to property tax assessments).

9.  Arguably, the outstanding property taxes, along with all penalties, interest and costs that have and will accrue thereon, represent a prior and first lien on the assessed property, superior to all other liens and encumbrances, and is now due the Collector and the School District. Further, any proceeds arising from a sale of the aforementioned real estate would be encumbered by the tax lien and should be used to satisfy the claims of the Collector and the School District. As the School District has an interest in the property tax funds under the Illinois Sears EDA Act, the

4

School District's interests and claims in those funds are senior to any liens or claims that the Debtor is seeking to grant pursuant to the DIP Motion, the Interim Order and any final order.

10. The School District objects to the DIP Motion to extent the Debtor is seeking a senior priming lien upon the real estate encumbered by the taxes referenced herein, or a lien *pari passu* with that of the School District, or seeks a superpriority claim pursuant to 11 U.S.C. § 364(c)(1), with such claim having priority over all other administrative expense claims, all adequate protection claims, and all other claims against the Debtors now existing or thereafter arising, whether under the Senior Secured ABL Facility or the Junior Secured ABL Facility.

11. Pursuant to Section 364(d)(1)(B) of the Bankruptcy Code, the Court may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if "there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted." 11 U.S.C. § 364(d)(1)(B). The DIP Motion does not provide the School District with adequate protection of its interest in the Debtors' encumbered real estate.

## RESERVATION OF RIGHTS

12. The School District expressly reserves any and all rights to further supplement or amend its Objection.

## CONCLUSION

13. Based on the foregoing, (i) the DIP Motion should be denied (a) as stated in the Objection, and (b) to the extent that it seeks a senior priming lien upon the real estate encumbered by the taxes referenced herein, or a lien *pari passu* with that of the School District, or seeks a superpriority claim over all other administrative expense claims, all adequate protection claims, and all other claims against the Debtors arising from the real estate encumbered by the taxes and

Illinois Sears EDA Act, and (ii) the School District should be afforded such other and further relief as is just and proper.

| | |
|---|---|
| Dated: New York, New York<br>November 16, 2018 | ARCHER & GREINER, P.C.<br><br>By:   s/ Allen G. Kadish<br>     Allen G. Kadish<br>     Lance A. Schildkraut<br>630 Third Avenue<br>New York, New York 10017<br>Tel: (212) 682-4940<br>Email: akadish@archerlaw.com<br>       lschildkraut@archerlaw.com<br><br>and<br><br>Kenneth M. Florey<br>M. Neal Smith<br>Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.<br>631 E. Boughton Road, Suite 200<br>Bolingbrook, Illinois 60440<br>Tel: (630) 929-3639<br>Email: kflorey@robbins-schwartz.com<br>       nsmith@robbins-schwartz.com<br><br>and<br><br>Matthew T. Gensburg<br>Gensburg Calandriello & Kanter, P.C.<br>200 West Adams Street, Suite 2425<br>Chicago, Illinois 60606<br>Tel: (312) 263-2200<br>Email: mgensburg@gcklegal.com<br><br>*Attorneys for Community Unit School District 300* |

215525364v2