UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                                        :
                                                             :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                        :
                                                             :    Case No. 18-23538 (RDD)
                                                             :
                    Debtors.[1]                              :    (Jointly Administered)
------------------------------------------------------------ x

### ORDER APPROVING REJECTION OF CERTAIN UNEXPIRED
### LEASES AND RELATED SUBLEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion, dated October 15, 2018 (ECF No. 25) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 365 and 554(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Rules 6006-1 and 6007-1 of the Local Bankruptcy Rules for the Southern District of New York, for entry of an order (i) authorizing, but not directing, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Debtors to reject certain unexpired leases and related subleases (each, a "**Lease**" and, collectively, the "**Leases**") and abandon certain property in connection therewith (the "**De Minimis Assets**"), and (ii) granting related relief, all as more fully set forth in the Motion; and upon the *Notice of Filing a Revised Schedule to Omnibus Motion of Debtors to Reject Certain Unexpired Lease and Related Subleases of Nonresidential Real Property and Abandonment of Property in Connection Therewith* (the "**Revised Schedule**") (ECF No. 290); and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the Revised Schedule having been provided in accordance with the Amended Case Management Order and as set forth in the affidavits of service filed with respect thereto (ECF Nos. 58 and 317), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the objections to the Motion and the Debtors' reply thereto; and the Court having held a hearing to consider the relief requested in the Motion on November 15, 2018 (the "**Hearing**"); and upon the Riecker Declaration, filed contemporaneously with the Motion, the record of and representations made at the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion and granted herein is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

WEIL:\96791967\4\73217.0004

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein and the remaining objections thereto are overruled for the reasons stated by the Court at the Hearing.

2. The Motion is adjourned solely with respect to the unexpired nonresidential real property leases associated with store numbers 1040, 3459, 4939, 7341, 7388 and 7683, pending review by the Creditors' Committee and such review shall be completed on or before November 23, 2018 at 4:00 p.m. (Eastern Time).

3. Pursuant to section 365 of the Bankruptcy Code, each of the Leases listed on **Schedule 1** attached hereto is hereby rejected by the Debtors with such rejection being effective as of the date the Debtors have surrendered the premises to the landlord via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the landlord, other applicable lease counterparty, or designee (the "**Landlord**") or, if not delivering such keys or codes, providing notice that the Landlord may re-let the premises, as such estimated dates are set forth on **Schedule 1** (the "**Rejection Date**").

4. Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, in their sole discretion, to abandon the De Minimis Assets, free and clear of any interests of any party subject to notice of such abandonment being given in accordance with the Rejection Procedures; *provided* that the Debtors shall remove any hazardous or toxic materials (as such terms are defined in any applicable federal, state or local law, rule, regulation, or ordinance) from the leased premises prior to the Rejection Date. Any Landlord or other designee shall be free, notwithstanding the automatic stay, to dispose of the same without notice or liability to any party and without further notice or order of the Court, and the applicable landlord's rights, if any, to file a claim for the costs of disposal of such property are fully

reserved, as are the rights of any party in interest to object to such claims. Any personal property of the Debtors remaining at the leased premises after the Rejection Date shall be deemed abandoned as of the Rejection Date. Landlords shall not be liable to the Debtors or any third parties for the disposition of any and all such property remaining on the premises after the Rejection Date.

5. **The deadline to file a proof of claim to assert any damage claim arising from the rejection of a Lease shall be the date fixed by this Court as the deadline to file general unsecured proofs of claim in these cases**.

6. Nothing contained in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

7. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

8. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any

4

creditor or interest holder; or (iv) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

9. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: November 19, 2018
      White Plains, New York

                                        /s/Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

**Schedule of Unexpired Leases of Nonresidential Real Property to be Rejected**