**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                                          :
                                                               :    Chapter 11
**SEARS HOLDINGS CORPORATION**, *et al.*,    :
                                                               :    Case No. 18-23538 (RDD)
                                                               :
              Debtors.[1]                                 :    (Jointly Administered)
-----------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WACHTELL, LIPTON, ROSEN & KATZ AS SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application, dated October 29, 2018 (ECF No. 357) (the "**Application**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

York (the "**Local Rules**"), for entry of an order authorizing the Debtors to retain and employ Wachtell, Lipton, Rosen & Katz ("**Wachtell**") as special counsel for the Debtors for those matters described therein (the "**Wachtell Matters**"), effective *nunc pro tunc* to the Commencement Date, all as more fully set forth in the Application; and upon the Declaration and Amended Declaratoin of Amy R. Wolf in support of the Application; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application and the opportunity for a hearing thereon having been provided in accordance with the Case Management Order; and there being no objections to the requested relief; and no further notice or a hearing thereon being required; and upon all of the proceedings had before the Court; and the Court having determined that Wachtell does not hold or represent an adverse interest to the Debtors or their estates, that it is disinterested under section 101(14) of the Bankruptcy Code, and that its retention is necessary and in the best interests of the estates; and after due deliberation and sufficient cause appearing therefor,

        IT IS HEREBY ORDERED THAT:

1.    The Application is granted to the extent set forth herein.

2.    The Debtors are authorized to retain Wachtell as special counsel for the Debtors, effective *nunc pro tunc* to the Commencement Date, with respect to the Wachtell Matters.

WEIL:\96748487\9\73219.0006

3. Wachtell shall be compensated in accordance with, and shall file, interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines and orders of the Court.

4. Wachtell shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases before implementing any increases in the rates set forth in the Application for professionals providing services in these cases, and such notice must be filed with the Court.

5. Wachtell shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

6. The Debtors and Wachtell are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

8. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: November 19, 2018
     White Plains, New York

                                                /s/Robert D. Drain
                                                THE HONORABLE ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE