UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                    :        Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,    :        Case No. 18-23538 (RDD)
:
Debtors.[1]                                         :        (Jointly Administered)
:
------------------------------------------------------------x

**ORDER AUTHORIZING
DEBTORS TO RETAIN M-III ADVISORY PARTNERS, LP TO PROVIDE
A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL
PERSONNEL FOR DEBTORS *NUNC PRO TUNC* TO COMMENCEMENT DATE**

Upon the application, dated October 25, 2018 (the "**Application**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to retain M-III Advisory Partners, LP ("**M-III**") and for the provision of Mohsin Y.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

Meghji as Chief Restructuring Officer ("**CRO**") *nunc pro tunc* to the Commencement Date, pursuant to the terms of that certain engagement letter dated October 10, 2018 (the "**Engagement Letter**") annexed to the Application as **Exhibit B**, all as more fully set forth in the Application; and upon the Declaration of Mohsin Y. Meghji in support of the Application annexed thereto as **Exhibit C**; and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application and the opportunity for a hearing thereon having been provided in accordance with the Case Management Order; and there being no objections to the requested relief; and no additional notice or hearing being required; and upon all of the proceedings had before the Court; and the Court having determined that the proposed retention of M-III is a proper exercise of business judgment and that the firm does not hold or represent an adverse interest to the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code; and the legal and factual bases set forth in the Application establishing just cause for the relief granted herein; and such relief being in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized to (i) retain M-III and (ii) designate Mohsin Y. Meghji as the Debtors' Chief

Restructuring Officer, *nunc pro tunc* to the Commencement Date on the terms set forth in the Engagement Letter.

        3.      The terms of the Engagement Letter, including without limitation, the fee provisions and the indemnification provisions, as modified by this Order, are reasonable terms and conditions of employment and are hereby approved; subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application to the contrary:

    (i)    All requests by Indemnified Persons for the payment of indemnification, contribution or otherwise as set forth in the Engagement Letter during the pendency of these chapter 11 cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided that* in no event shall any Indemnified Person be indemnified in the case of its own gross negligence or willful misconduct;

    (ii)    In the event an Indemnified Person seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in M-III's Monthly Statements (as defined below), and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code;

    (iii)    In the event the Debtors seek to have M-III personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (a) modifying the functions of personnel, (b) adding new executive officers, or (c) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed;

    (iv)    No principal, employee or independent contractor of M-III and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases;

    (v)    M-III shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses

    incurred on a monthly basis (the "**Monthly Statements**"). All compensation shall be subject to review by the Court in the event an objection is filed;

(vi) For a period of three (3) years after the conclusion of the engagement, neither M-III nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors; and

(vii) M-III shall disclose any and all facts that would reasonably be expected to have a bearing on whether M-III, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

4. The Debtors are authorized to pay M-III in such amounts and at such times as is provided in the Engagement Letter without further order of this Court; provided, that any dispute over such compensation shall be decided by this Court.

5. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

6. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all action necessary to the relief granted in this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: November 19, 2018
   White Plains, New York

               /s/Robert D. Drain
               THE HONORABLE ROBERT D. DRAIN
               UNITED STATES BANKRUPTCY JUDGE