Hearing Date and Time: November 27, 2018 at 1:30 p.m. (ET)
Objection Date and Time: November 15, 2018 at 4:00 p.m. (ET)

**DUANE MORRIS LLP**
Wendy M. Simkulak, Esq. (WS-8945)
1540 Broadway, 14th Floor
New York, NY 10036-4086
(212) 692-1000 (Telephone)
(212) 692-1020 (Facsimile)
and
Catherine B. Heitzenrater, Esq. (PA 205597)
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000 (Telephone)
(215) 979-1020 (Facsimile)

*Counsel for the Chubb Companies*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179. The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "Additional Debtors"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

**LIMITED OBJECTION OF THE CHUBB COMPANIES TO THE DEBTORS' MOTION FOR AUTHORITY TO (A) OBTAIN POSTPETITION FINANCING, (B) USE CASH COLLATERAL, (C) GRANT CERTAIN PROTECTIONS TO PREPETITION SECURED PARTIES, AND (D) SCHEDULE SECOND INTERIM HEARING AND FINAL HEARING**

ACE American Insurance Company, Indemnity Insurance Company of North America, ACE Property and Casualty Insurance Company, Illinois Union Insurance Company, ACE Fire Underwriters Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company and Federal Insurance Company (and, together with each of their affiliates and successors, the "Chubb Companies"), by and through their undersigned counsel, hereby file this limited objection (the "Limited Objection") to the *Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* [Docket No. 7] (the "DIP Motion") and in support of the Limited Objection, the Chubb Companies respectfully state as follows:

**BACKGROUND**

A.   **The Bankruptcy Case**

1.   Starting on October 15, 2018 (the "Petition Date"), Sears Holding Corporation and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") thereby commencing these jointly-administered bankruptcy cases (the "Bankruptcy Cases").

2.   On the Petition Date, the Debtors filed the DIP Motion.[2]

---

[2]   All capitalized terms used herein but not defined shall have the meanings ascribed to them in the DIP Motion.

2

3. Pursuant to the DIP Motion, the Debtors seek, *inter alia*, authority to enter into certain postpetition senior secured asset based financing (the "DIP ABL Facility") with certain lenders (the "DIP ABL Lenders").

4. A hearing on the DIP Motion was originally scheduled for November 15, 2018, but was later adjourned by the Debtors to November 27, 2018 pursuant to the *Notice of Adjournment of Hearing on Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* [Docket No. 642] (the "DIP Adjournment Notice").

5. Pursuant to the DIP Adjournment Notice, the Debtors also established November 15, 2018 at 4:00 p.m. as the deadline to object to the DIP Motion. DIP Adjournment Notice at 1.

6. Prior to November 15, 2018, the Chubb Companies requested that certain language (the "Preliminary Chubb Language") be included in the Final DIP Order in connection with the Insurance Programs (as defined below), and the Debtors indicated that they and the DIP ABL Lenders did not object to including the Preliminary Chubb Language in the Final DIP Order.

7. On November 15, 2018—the same day established as the objection deadline for the DIP Motion—the Debtors filed the Superpriority Senior Secured Debtor-In-Possession Asset-Based Credit Agreement [Doc. No. 744] (the "DIP ABL Credit Agreement") which forms the basis of the DIP ABL Facility.[3]

---

[3] Based upon when the DIP ABL Credit Agreement was filed, the Chubb Companies were not able to file and serve this Limited Objection by the previously-established objection deadline.

8. The DIP ABL Credit Agreement provides, *inter alia*, that:

> … Each certificate delivered by the Loan Parties' insurance broker with respect to each property and liability insurance policy referred to in this Section 6.01(c) shall also provide that such policy shall not be canceled, modified or not renewed other than upon not less than ten (10) days' prior written notice thereof by the insurance broker to the Co-Collateral Agents.

DIP ABL Credit Agreement § 6.01(c)(iii).

9. The DIP ABL Credit Agreement also provides that certain endorsements shall be added to certain of the Debtors' insurance policies requiring that the Co-Collateral Agents be added as loss payees or additional insureds thereunder. DIP ABL Credit Agreement §§ 6.01(c)(ii), (iii), and (v).

### B.     The Insurance Programs

10. Prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "Policies") to one or more of the Debtors as named insureds.

11. Pursuant to certain Policies (together with any agreements related thereto, the "ACE Insurance Program"), ACE American Insurance Company, Indemnity Insurance Company of North America, ACE Property and Casualty Insurance Company, Illinois Union Insurance Company, ACE Fire Underwriters Insurance Company, Westchester Surplus Lines Insurance Company and Westchester Fire Insurance Company provide, *inter alia*, property, primary casualty, directors and officers, general liability, excess general liability, international casualty, workers' compensation, excess workers' compensation, excess fire, international advantage, umbrella excess, environmental, fiduciary liability, automobile liability, professional liability, construction wrap up, employment practices liability, inland marine and other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and

4

conditions, as more particularly described therein and the insureds, including one or more of the Debtors, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the ACE Insurance Program (the "ACE Program Obligations").

12.    Pursuant to other Policies (together with any agreements related thereto, the "Chubb Insurance Program", and collectively with the ACE Insurance Program, the "Insurance Programs"),[4] Federal Insurance Company and certain other of the Chubb Companies provide, *inter alia*, guild travel accident, boiler and machinery, fire, crime, excess crime, directors and officers, excess, export package, excess retail, fiduciary liability, general liability, property, package, fire, cargo, automobile liability, umbrella, workers' compensation, and other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein, and the insureds, including one or more of the Debtors, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the Chubb Insurance Program (the "Chubb Program Obligations," and collectively with the ACE Program Obligations, the "Obligations").

13.    The Debtors' Obligations are payable over an extended period of time and are subject to future audits and adjustments.

---

[4]   The descriptions of the Insurance Programs set forth herein are not intended to, and shall not be deemed to amend, modify or waive any of the terms or conditions of the Insurance Programs.  Reference is made to the Insurance Programs for a complete description of their terms and conditions.

14. Certain of the Policies, including certain liability Policies, are set to expire on January 1, 2019 (the "Expiring Policies").

15. In accordance with the Expiring Policies and state law and regulation, the Chubb Companies timely sent Notices of Nonrenewal of Insurance with respect to the Expiring Policies on September 13, 2018 (the "Notices of Non-Renewal"). True and correct copies of the Notices of Non-Renewal are attached hereto as **Exhibit A**.

16. The Notices of Non-Renewal were delivered to the Debtors' corporate headquarters on September 14, 2018. A true and correct copy of the Federal Express delivery confirmation for the Notices of Non-Renewal is attached hereto as **Exhibit B**.

17. As such, not only do the Expiring Policies expire on January 1, 2019, but the Chubb Companies are not under—and cannot be under—any obligation to renew them.

## **LIMITED OBJECTION**

18. The Chubb Companies do not generally object to the relief requested in the DIP Motion.

19. Specifically, in light of the Bankruptcy Cases, the Chubb Companies do not object to the inclusion of the Co-Collateral Agents as loss payees on property Policies, to the extend such status is effective as of the Effective Date of the DIP ABL Facility, and not prior to that date. In addition, the Chubb Companies do not object to adding the Co-Collateral Agents as additional insureds[5] under commercial general liability Policies as of the Effective Date of the DIP ABL Facility to the extent of the Co-Collateral Agents' relationship with the Debtors, or to the extent that any such entities may already have additional insured status under the terms and

---

[5] Unlike a loss payee, which may only be entitled to proceeds of a policy that would otherwise go to the insured, an additional insured is a separate entity that may be entitled to coverage under the policy.

6

conditions of such commercial general liability Policies, as issued. However, in each instance, such additions must be made by an endorsement to the Policies issued by the Chubb Companies, and any such endorsement is subject to the prior approval of the Chubb Companies.

20. However, the Chubb Companies do object on the basis that they are concerned that certain of the terms of the DIP ABL Credit Agreement purport to impermissibly alter the terms and conditions of the Policies.

21. Specifically, the DIP ABL Credit Agreement requires that insurance certificates with respect to the Debtors' property and liability policies provide that such policies shall not be cancelled, modified or non-renewed without ten days' prior written notice to the Co-Collateral Agents. *See* DIP ABL Credit Agreement § 6.01(c)(iii)

22. However, any insurance certificates provided by the Debtors' insurance broker (i) are not a part of the Policies, (ii) cannot alter or modify the terms of the Policies, including the Expiring Policies, and (iii) are not binding on the Chubb Companies in any way.

23. The Chubb Companies sent the Notices of Non-Renewal with respect to the Expiring Policies before the Petition Date, and in accordance with the terms of the Policies and applicable law.

24. Additionally, the Chubb Companies do not know, and have no way of knowing, whether any of the Debtors' insurance brokers have advised or will advise the Co-Collateral Agents of the Notices of Non-Renewal, and the Chubb Companies have no way to effectively cause the Debtors' insurance brokers to so advise the Co-Collateral Agents.

25. In order to resolve the Chubb Companies' concerns, the Chubb Companies assert that the Final Order approving the DIP Motion must, *inter alia*:

    a. include the Preliminary Chubb Language; and

b. provide that nothing, including the DIP ABL Credit Agreement, alters or modifies (i) the terms and conditions of the Policies or the Non-Renewal Notices; (ii) the right of the Chubb Companies to decline to renew the Expiring policies or issue replacement policies for such Expiring Policies, or (iii) the expiration of the Expiring Policies pursuant to the terms of the Expiring Policies and the Non-Renewal Notices.

WHEREFORE, the Chubb Companies respectfully request that the Court (a) condition any approval of the DIP Motion on inclusion of the language proposed by the Chubb Companies; and (b) grant such other relief as the Court deems appropriate.

Dated: November 19, 2018

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Wendy M. Simkulak*
Wendy M. Simkulak, Esq. (WS-8945)
1540 Broadway, 14th Floor
New York, NY 10036-4086
(212) 692-1000 (Telephone)
(212) 692-1020 (Facsimile)

and

Catherine B. Heitzenrater, Esq. (PA 205597)
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000 (Telephone)
(215) 979-1020 (Facsimile)

*Counsel for the Chubb Companies*

DM3\5488952.1