## Exhibit 2

## Store Closing Procedures

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                              :
                                                   :           **Chapter 11**
**SEARS HOLDINGS CORPORATION, et al.,**            :
                                                   :           **Case No. 18-23538 (RDD)**
                                                   :
         Debtors.[1]                               :           **(Joint Administration Requested)**
---------------------------------------------------------------x

## STORE CLOSING PROCEDURES

(a)   The Store Closing Sales[2] will be conducted during normal business hours at the applicable Closing Stores or such hours as otherwise permitted by the applicable unexpired lease; <u>provided</u> <u>that</u> the Debtors may, in their discretion, modify the business hours as necessary or advisable, but no longer than normal operating hours as provided in the applicable leases.

(b)   The Store Closing Sales will be conducted in accordance with applicable state and local "Blue Laws" and, thus, if applicable, no Store Closing Sales will be conducted on Sunday unless the Debtors have been operating the applicable Closing Stores on Sundays.

(c)   On "shopping center" property, neither the Debtors nor the Liquidation Consultant shall distribute handbills, leaflets, or other written materials to customers outside of any Closing Stores' premises, unless permitted by the applicable lease or if distribution is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the *Final Order Approving (I) Procedures for Store Closing Sales and (II) Assumption of the Liquidation Consulting Agreement* (the "**Final Order**").

customary in the "shopping center" in which such Store is located; provided that the Debtors and the Liquidation Consultant may solicit customers in such manner in the stores themselves.

(d) The Debtors and the Liquidation Consultant shall have the right to sell or transfer the furniture, fixtures, and equipment (the "**FF&E**"), inventory, and any other assets of the Debtors in the Closing Stores (together, the "**Store Closing Assets**"), subject to the entry of the Proposed Order, and any such transactions shall be free and clear of all liens, claims, interests, and other encumbrances. The Debtors and the Liquidation Consultant may advertise the sale of the Store Closing Assets in a manner consistent with these Store Closing Procedures. The purchasers of any Store Closing Assets sold during a Store Closing Sale shall be permitted to remove the Store Closing Assets either through the back or alternative shipping areas of the applicable Closing Store at any time, or through other areas after the Closing Store's business hours; provided that, the foregoing shall not apply to *de minimis* Store Closing Sales made whereby the item can be carried out of the Closing Store in a shopping bag.

(e) The Debtors may abandon any Store Closing Assets not sold in the Store Closing Sales at the Closing Stores at the conclusion of the Store Closing Sales and upon notice by the Debtors to (i) the applicable Landlord and (ii) and party with an interest in the property to be abandoned; provided that, if the Debtors propose selling or abandoning such assets, which may contain personal or confidential information about the Debtors' employees or customers (the "**Confidential Information**"), the Debtors shall remove the Confidential Information from such items of assets before such sale or abandonment, and retain such Confidential Information until further order of the Court.

(f) The Debtors and the Liquidation Consultant may, but are not required to, advertise all of the Store Closing Sales as "store closing sale," "sale on everything," "everything must go," or similarly themed sales. The Debtors and the Liquidation Consultant may also advertise each sale as a "store closing" and have a "countdown to closing" sign prominently displayed in a manner consistent with these Store Closing Procedures.

(g) If Store Closing Sales are to be considered "final," conspicuous signs will be posted in each of the affected stores to the effect that all sales are "final." The Debtors and the Liquidation Consultant shall accept return of any goods purchased during the Store Closing Sales that contain a defect which the lay consumer could not reasonably determine was defective by visual inspection prior to purchase for a full refund, *provided that* the consumer must return the merchandise within seven (7) days of purchase, the consumer must provide a receipt, and the asserted defect must in fact be a "latent" defect. Returns, if permitted, related to the purchase of Store Closing Assets shall not be accepted at stores that are not participating in the Store Closing Sales. Conspicuous signs will be posted at each Closing Stores clearly describing return rights of purchasers.

(h) The Debtors and the Liquidation Consultant shall be permitted to utilize sign walkers, display and hanging signs, and interior banners in connection with the Store Closing Sales. All display and hanging signs in connection with the Store Closing Sales will be professionally lettered and all hanging signs will be hung in a professional manner. In

2

addition, the Debtors will be permitted to utilize exterior banners and sign-walkers, provided that such use is in a safe and professional manner. Nothing contained in these Store Closing Procedures shall be construed to create or impose upon the Debtors or the Liquidation Consultant any additional restrictions not contained in any applicable lease agreement.

(i) Neither the Debtors nor the Liquidation Consultant shall make any alterations to the storefront, roof, or exterior walls of any Closing Stores, or interior or exterior store lighting and will not use any type of amplified sound to advertise the Store Closing Sales or solicit customers, except as authorized by the applicable lease. The hanging of signage as provided herein shall not constitute an alteration to any Closing Store.

(j) Landlords will have the ability to negotiate with the Debtors, or at the Debtors' direction, the Liquidation Consultant, any particular modifications to the Store Closing Procedures. The Debtors and the landlord of any Closing Store are authorized to enter into agreements modifying the Store Closing Procedures (each, a "**Landlord Agreement**") without further order of the Court; provided that such agreements do not have a material adverse effect on (i) the Debtors or their estates or (ii) the property of any other person that is not a party to such Landlord Agreement.

(k) No property of any landlord will be removed or sold during the Store Closing Sales. No property of any other non-Debtor third party will be removed or sold during the Store Closing Sales other than in the ordinary course of business.

(l) With respect to any personal property located in a Closing Store that is either (i) leased to the Debtors by a third party or (ii) owned by a third party, such third party may contact the Debtors and remove or cause to be removed such personal property from the Closing Store after the completion of the Store Closing Sales and prior to the Debtors turning over the premises to the applicable landlord.

To the extent that a dispute arises between the Debtors and a third party regarding the ownership and/or rights of such third party and the Debtors in certain affected personal property to be sold in a Store Closing Sale (including, without limitation, the right of the Debtors to sell such personal property), then either the Debtors or such third party may move or otherwise petition this Court to adjudicate such dispute on an expedited basis so that the dispute can be resolved prior to the completion of such Store Closing Sale. Such personal property may not be sold until this Court resolves such dispute.

For the avoidance of doubt, if any such personal property remains at the Closing Store after the Store Closing Sales have been completed and the premises have been returned to the applicable landlord, the landlord may dispose of any and all such property.

(m) The Debtors will keep each store premises and surrounding areas clear and orderly, consistent with past practices.

(n) The Debtors do not have to comply with Liquidation Sale Laws or lease provisions or covenants that are inconsistent with these Store Closing Procedures.

3

(o) Pharmaceutical Assets will be sold or transferred in accordance with applicable state law.

(p) An unexpired nonresidential real property lease will only be deemed rejected in accordance with the Lease Rejection Procedures set forth in the *Motion of Debtors for Entry of an Order Establishing Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith*, filed contemporaneously herewith, or by separate order of the Court, and shall not be deemed rejected solely by reason of a Store Closing Sale or the adoption of the Store Closing Procedures.

(q) The rights of landlords against the Debtors for any damages to any Closing Store shall be reserved in accordance with the provisions of the applicable lease.

(r) Abacus (or any other Liquidation Consultant retained by the Debtors, subject to the approval rights of the DIP ABL Agents under the terms of the DIP Loan Documents, as applicable) and its respective agents and representatives shall continue while retained to have exclusive and unfettered access to each applicable Closing Store until and unless the Debtors reject the underlying lease.

(s) Closing Stores that are not Initial Closing Stores may be closed under the terms of the Order and the Liquidation Consulting Agreement, or in accordance with any other agreement approved by the Debtors subject to the approval rights of the DIP ABL Agents under the terms of the DIP Loan Documents.

(t) No landlord, licensor, property owner, or property manager shall prohibit, restrict, or otherwise interfere with any Store Closing Sale at any Closing Store.

(u) If the landlord of any Closing Store contends that the Debtors or the Liquidation Consultant is in breach of or default under these Store Closing Procedures (an "**Alleged Default**"), such landlord shall provide the Debtors and the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") with at least seven (7) days' written notice (the "**Default Notice Period**") of the Alleged Default, which notice shall include the opportunity for the Debtors to cure such Alleged Default within seven (7) days of the expiration of the Default Notice Period (the "**Default Cure Period**"), served by email or overnight delivery, on:

If to the Debtors, to:

Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL 60179
Attn: Stephen Sitley, Esq. and Luke J. Valentino, Esq.
E-mail: stephen.sitley@searshc.com and luke.valentino@searshc.com

with a copy (which shall not constitute notice) to:

Weil, Gotshal & Manges LLP
767 Fifth Avenue

4

    New York, NY 10153
Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq., and Sunny Singh, Esq.
E-mail: ray.schrock@weil.com, jacqueline.marcus@weil.com, garrett.fail@weil.com, and sunny.singh@weil.com.

If to the Creditors' Committee, to:

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Attn.: Philip C. Dublin, Esq. and Sara L. Brauner, Esq.
Email: pdublin@akingump.com, sbrauner@akingump.com

If the parties are unable to resolve the Alleged Default at the end of the Default Cure Period, either the landlord or the Debtors shall have the right to schedule a hearing before the Court on no less than five (5) days' written notice to the other party, served by email or overnight delivery.

Notwithstanding these provisions, all parties shall have the right to seek emergency relief with the Court in accordance with the Case Management Order.

(v)     These Store Closing Procedures are subject to the requirements of the interim and final orders entered by the United States Bankruptcy Court for the Southern District of New York in connection with the Debtors' executing the Store Closing Sales.