UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

----------------------------------------------------------------x

## FINAL ORDER AUTHORIZING DEBTORS TO (I) PAY PREPETITION CLAIMS OF (A) SHIPPERS, WAREHOUSEMEN, AND OTHER NON-MERCHANDISE LIEN CLAIMANTS AND (B) HOLDERS OF PACA/PASA CLAIMS, AND (II) CONFIRM ADMINISTRATIVE EXPENSE PRIORITY FOR PREPETITION ORDERS DELIVERED TO THE DEBTORS POSTPETITION, AND SATISFY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion, dated October 15, 2018 (ECF No. 14) (the "**Motion**") of Sears

Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 363,

and 503 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 6004 of the

Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for entry of interim and

final orders (i) authorizing but not directing the Debtors to pay (a) Shipping and Warehousing

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Charges, (b) Non-Merchandise Lien Claims, and (c) PACA/PASA Claims, and (ii) granting administrative priority status to all undisputed obligations of the Debtors owing to third party vendors and suppliers arising from the postpetition delivery of goods ordered prior to the Commencement Date and authorizing the Debtors to pay such obligations in the ordinary course of business, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the Final Hearing (defined below) having been provided in accordance with the Amended Case Management Order and as set forth in the affidavit of service filed with respect thereto (ECF No. 58), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon all of the pleadings filed in connection with the Motion; and the Court having held a hearing on October 15, 2018 to consider the relief requested in the Motion on an interim basis (the "**Interim Hearing**"); and the Court having entered an order granting the relief requested in the Motion on an interim basis (ECF No. 115) (the "**Interim Order**") and scheduling a final hearing on the Motion on November 15, 2018 (the "**Final Hearing**"); and the Final Hearing having been held to consider the relief requested in the Motion on a final basis on November 15, 2018; and upon the record of and representations made at the Interim Hearing and the Final Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, including that

2

such relief provides a net benefit to the Debtors and their estates and creditors after taking into account the Bankruptcy Code's priority scheme; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      The Debtors are further authorized, but not directed, to pay the prepetition Lien Claims.

3.      The Debtors, in their sole discretion, shall undertake appropriate efforts to cause the Lien Claimants to acknowledge in writing that payment of their respective Lien Claims is conditioned upon such Lien Claimant continuing to supply services to the Debtors on terms that, at a minimum, such Lien Claimant provided to the Debtors on a historical basis prior to the Commencement Date, or such other trade practices and programs that are at least as favorable to the Debtors as those in effect during such time, and the Debtors reserve the right to negotiate new trade terms with any Lien Claimant as a condition to payment of any such claim.

4.      The Debtors may condition, in their sole discretion, payment of Lien Claims on the agreement of such Lien Claimants to continue supplying goods and services to the Debtors on the same trade terms given to them prior to the Commencement Date or upon new trade terms (to the extent agreed to by the Debtors and the applicable Lien Claimant, the "**Agreed Terms**").

5.      To the extent a Lien Claimant fails to comply with the Agreed Terms, the Debtors may, in their sole discretion, (i) cause (a) any payment made to such Lien Claimant on account of its asserted lien claim to be deemed to have been in payment of then outstanding postpetition obligations owed to the Lien Claimant and (b) the Lien Claimant shall be required to

WEIL:\96759237\1\73217.0003

immediately repay to the Debtors any payment made to it on account of its asserted lien claim to the extent the aggregate amount of such payments exceeds the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise.

6.      Neither the Debtors nor any other party in interest concedes that any liens (contractual, common law, statutory or otherwise) satisfied pursuant to this Order are valid, and the Debtors expressly reserve the right to contest the extent, validity or perfection or seek the avoidance of all such liens.

7.      The Debtors are hereby authorized, but not directed, to pay PACA/PASA Claims in the ordinary course of business consistent with the parties' customary practices in effect prior to the Commencement Date.

8.      All undisputed obligations of the Debtors arising from the postpetition delivery or shipment by of goods under the Prepetition Orders are granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code, and the Debtors are authorized, but not directed, to pay such obligations in the ordinary course of business consistent with the parties' customary practices in effect prior to the Commencement Date.

9.      Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable:  (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

4

10.     To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

11.     Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors;  (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

12.     Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

13.     Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

14.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

WEIL:\96759237\1\73217.0003

16.     The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:  November 20, 2018
        White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE