Hearing Date: December 20, 2018 at 10:00 a.m.
Objection Deadline: December 13, 2018 at 4:00 p.m.

FORMAN HOLT
Michael J. Connolly, Esq.
66 Route 17 North
Paramus, NJ 07652
Phone: (201) 845-1000
Fax:    (201) 655-6650
Email: mconnolly@formanlaw.com

Attorneys for Margaret and Michael Reheis

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                            :
                                                 : Chapter 11
SEARS HOLDINGS CORPORATION, et al.,              :
                                                 : Case No. 18-23538 (RDD)
                                                 :
           Debtors.  :                           : (Jointly Administered)
                                                 :
                                                 :
-----------------------------------------------------------x

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Margaret Reheis and Michael Reheis (the "Movants"), respectfully represent as follows in support of this motion (the "Motion").

### Preliminary Statement

1.   This Motion seeks relief from the automatic stay provisions of section 362 of the United States Bankruptcy Code (11 U.S.C. §362) (the "Automatic Stay"). The Movants seek relief from the automatic stay to continue a personal injury action against the Debtors in the Superior Court of New Jersey, Law Division, Essex County, to seek recovery from any and all insurance policies to the extent possible, maintained by or available to the Debtors. Through this Motion, Movant does not seek stay relief to obtain recoveries from the Debtors, their estates or

their successors, but will instead limit her efforts to seek recovery from the available insurance coverage.

## Background

2. On or about September 9. 2015, Movant Margaret Reheis was a business invitee of a strip mall parking lot at commercial property located in West Orange, New Jersey known as the West Orange Plaza.

3. Movant Margaret Reheis sustained injuries in the West Orange Plaza parking lot.

4. The Debtor, Sears Roebuck and Co. was the party (or one of several parties) responsible for inspecting, supervising, controlling and maintaining the parking lot at the West Orange Plaza.

5. Movant Margaret Reheis contends that her injuries were caused by the negligent and careless failure of the Debtor Sears Roebuck and Co., and other responsible parties, to inspect, supervise, control and maintain the parking lot.

6. Movant Michael Reheis, the spouse of Movant Margaret Reheis, contends that he lost the services, society and consortium of Movant Margaret Reheis due to the negligence and carelessness of the Debtor Sears Roebuck and Co. and other responsible parties.

7. On April 3, 2017, Movants filed a lawsuit against the Debtor Sears Roebuck and Co. and other responsible parties in the Superior Court of New Jersey, Law Division, Essex County. Reheis v. Sears Roebuck and Co., et al., Docket No. ESX-L-2426-17 (the "Lawsuit").

8. The Movants continued their prosecution of the Lawsuit and were engaged in discovery.

9. During discovery, Movants obtained a Certificate of Liability Insurance from the United States Liability Insurance Company ("USLI") for commercial general liability and

umbrella coverage for work at the West Orange Plaza naming Paving Associates, LLC as the insured. Additional insureds under the policy include Sears Roebuck and Co., Sears Operations, LLC, Kmart Corporation, Kmart Operations, LLC and Sears Holdings Management Corporation.

10. Movants also learned in discovery that the Debtor was aware of the decrepit condition of the parking lot and undertook efforts to resurface the lot. Among other things, Sears Holding Management Corporation entered into a contract with Paving Associates, LLC to resurface the parking lot on July 28, 2015 (shortly before Movant Margaret Reheis' accident on September 9, 2015). Prior to Movant Margaret Reheis' accident, the Debtors' representatives and the paving company met together with drawings regarding the work to be performed and markings were made of the various potholes in the parking lot. However, Sears did not place cones or other warning devices as to the hazards on the lot.

11. The Debtors' defense in the Lawsuit was tendered to USLI. However, USLI denied coverage. In response, the Movants instituted an action against USLI for a declaratory judgment to provide coverage.

12. On October 15, 2018, the Debtor Sears Roebuck and Co. filed a voluntary petition under chapter 11 of the United States Bankruptcy Code in this Court. Because of the bankruptcy filing, the Movants were automatically stayed from continuing the Lawsuit against Debtor Sears Roebuck and Co.

13. Movants wish to continue the Lawsuit in order to attempt to prove the Debtors' liability to recover from their liability insurers. Movants are not seeking to recover anything directly from the Debtors or their bankruptcy estates. Instead, Movants will rely on the proceeds from their insurance policies to satisfy any judgment against them.

**Legal Authority For The Relief Requested**

14. Upon the filing of a Bankruptcy petition, an automatic stay takes place giving the debtor "a short respite from creditors' demands, during which a debtor will have the opportunity to develop and implement plans to right his financial affairs." In re Bogdanovich, 292 F.3d 104, 110 (2d Cir. 2002). The Bankruptcy Code provides that relief from the automatic stay may be granted after notice and a hearing, "for cause." See 11 U.S.C. §362(d)(1).

15. The Bankruptcy Code does not define the meaning of the phrase "for cause." See Bogdanovich, 292 F.3d at 110. In determining whether there is cause to grant relief from the automatic stay, a Court in this circuit should examine the factors outlined in In re Sonmax Indus., Inc. 907 F.2d 1280, 1286 (2d Cir. 1990).

16. The factors to consider are as follows: 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties and the balance of harms. Id.

17. All twelve Sonmax factors will not be relevant in every case. See In re Masse, 167 F.3d 139, 143 (2d Cir. 1999). Furthermore, the Court in its discretion, need not grant equal weight

to each factor. See In re Burger Boys, Inc., 183 B.R. 682, 688 (Bankr. S.D.N.Y. 1994); In re New York Medical Group, P.C., 265 B.R. 408. 413 (Bankr. S.D.N.Y. 2001). Additionally, the Bankruptcy Court has wide discretion to grant relief and lift the stay. See In re Laventhol & Horwath, 139 B.R. 109 (Bankr. S.D.N.Y. 1992); and Matter of Thomson McKinnon, Inc., 130 B.R. 721 (Bankr. S.D.N.Y. 1991).

18. In the instant matter, factors one, two, five, ten, eleven, and twelve are relevant and weight in Movants' favor in the instant application.

19. Under the first factor, granting relief will result in a complete resolution of the issues before this Court. The Movants will not seek recovery from the estates or the Debtors, but instead limit their recovery to any insurance policies in place.

20. Under the second factor, Movants' claims will not interfere with Debtor's Chapter 11 efforts since Movants are only seeking recovery against insurance policies.

21. As to the fifth factor, there is an insurance company that has named the Debtors as insureds. While the insurance company, USLI has denied coverage, the denial is now the subject of a declaratory judgment action by the Movants. Should the Movants prevail in the declaratory judgment action, the fifth factor will be fully satisfied. In the event that the declaratory judgment action results in a determination of no coverage, the Movants will not proceed further. Where the creditor must prove the liability of the debtor for the limited purpose of recovering from a debtor case law supports the proposition that relief from an automatic stay should be granted. See e.g., Green v Welsh, 956 F.2d 30 (2d Cir. 1992); and Terwilliger v. Terwilliger, 206 F.3d 240, 247-248 (2d Cir. 2000).

22. As to factors ten and eleven, Movants are prepared and willing to actively prosecute the matter in the state court.

23.     As to factor twelve, Movants have suffered delay and should, in the interests of justice, be given the opportunity to continue his action in state court. Debtors will not suffer as the Movants seeks the Debtors' available insurance coverage. When balancing the interests between the Movants and the Debtors, it is readily apparent that the Movants harm greatly outweighs the Debtors' harm.

24.     In the event a judgment against Debtors is recovered by Movants, there recovery will be to the insurance policies only. Therefore, the prosecution of this claim will in no manner reduce or jeopardize the assets of the Debtors to the detriment of the other creditors.

25.     Further, under Section 157(b)(2)(B) of Title 28 of the United States Code, the liquidation or estimation of an non-liquidated personal injury tort claim is a non-core matter. A Bankruptcy Court lacks jurisdiction to liquidate non-core matters such as a personal injury claim. See In re United States Lines, Inc., 1998 U.S. Dist. LEXIS 10135 (S.D.N.Y. July 9, 1998), aff'd, 216 F.3d 228 (2d Cir.2000). Regarding non-core matters, a Bankruptcy Court may only submit proposed findings of fact and conclusions of law to the District Judge who then may enter a final judgment. See 28 U.S.C. §157(c)(1). 22. Here, Movant's injury claim involves issues of state law which may be more efficiently decided by a state court. Hearing of Movants' personal injury claims by the Bankruptcy Court will not be in the interests of the expeditious and economical resolution of litigation because it will unnecessarily expend resources of the bankruptcy proceeding.

WHEREFORE, Movants respectfully requests that the Court grant the instant application for relief from the Bankruptcy Stay so that the matter may proceed to trial in State Court through trial and judgment, and, for such other and further relief as is just and proper.

Dated: November 20, 2018
Paramus, New Jersey

/s/ *Michael J. Connolly*
Michael J. Connolly, Esq.
FORMAN HOLT
66 Route 17 North
Paramus, NJ 07652
Phone: (201) 845-1000
Fax:   (201) 655-6650
Email: mconnolly@formanlaw.com
Attorneys for Margaret and Michael Reheis