**Requested Hearing Date and Time: November 27, 2018 at 1:30 p.m. (Eastern Time)**
**Requested Objection Date and Time:  November 26, 2018 at 12:00 p.m. (Eastern Time)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | : | |
|---|---|---|
| **In re:** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------------x

# MOTION OF ESL INVESTMENTS, INC. FOR THE ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004, 9006, AND 9016 AUTHORIZING EXPEDITED DISCOVERY OF THE UCC AND THE SUBCOMMITTEE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

ESL Investments, Inc. and its affiliates (including JPP, LLC and JPP II, LLC (collectively, "ESL")), in their capacity as prepetition lenders to Sears Holdings Corporation and certain of its affiliates (collectively, "Sears" and with respect to its chapter 11 affiliates, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached here as Exhibit A, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing and directing discovery from the Official Committee of Unsecured Creditors of the Debtors (the "UCC") and the Restructuring Subcommittee of the restructuring committee of the Sears board of directors (the "Subcommittee," together with the UCC, the "Committees") in connection with their expedited review (the "Review") of the Transactions (defined below). ESL also moves for entry of an order pursuant to section 105 of the Bankruptcy Code and Rules 9006 and 9016 expediting the time for the UCC and the Subcommittee to respond to ESL's Rule 2004 discovery requests. In support of this Motion, ESL respectfully states as follows:

**PRELIMINARY STATEMENT**

1. By this Motion, ESL seeks authority to take expedited discovery pursuant to Rules 2004, 9006, and 9016 of the Committees, seeking specifically information relevant to ESL and the Transactions (as defined below) gathered by the Committees as part of their expedited Review of the Transactions. The requested relief is driven by the exigencies of this case. The Debtors are in the midst of a process seeking to sell substantially all of their operating assets in a going concern sale. ESL, which is owed more than $2.5 billion by the Debtors, is considering a bid that will contain a substantial credit bid component. The Committees have commenced the expedited Review to assess within the next several weeks ESL's ability to credit bid any portion of its debt. Indeed, the UCC has already made clear that it intends to challenge ESL's liens and claims. Given

the looming December 15, 2018 deadline for the selection of a stalking horse bid (and the January 14, 2019 auction date), the validity of ESL's liens and claims is likely to be considered by this Court in a matter of weeks.

2.     To facilitate this exercise, ESL is cooperating with the Committees' Review of Sears' pre-petition transactions and has already provided substantial information and document discovery. ESL will continue to furnish information and material to the Committees to expedite the prompt and efficient resolution of the Committees' Review as it relates to ESL.

3.     On the other hand, as part of the Review, the Committees have gathered, but to date have been unwilling to share with ESL absent a Rule 2004 request, a substantial volume of material from the Debtors and other persons that is clearly relevant to ESL's claims and defenses. Moreover, similar to the relief sought by ESL here, to facilitate their efforts the Committees have also already sought and obtained orders permitting them to pursue expedited discovery under Rule 2004.[2]

4.     ESL believes that the relevant information gathered by the Committees can and should be furnished to ESL through the cooperative channels already established. But to date, the only materials that ESL has received have come from the Subcommittee – Sears board of director materials.

5.     Although ESL is confident that the Committees will conclude that the Transactions were proper, ESL remains the stated and public focus of the Committees' ongoing Review. See Hr'g Tr. (Nov. 15, 2018) at 126:13-126:18 ("ESL . . . is a target of the investigation"). In particular, ESL has been singled out by the UCC in several pleadings. See

---

[2] See Order Pursuant to Bankruptcy Code Section 105 and Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 Authorizing Expedited Discovery of the Debtors and Third Parties [ECF No. 802] ("UCC R. 2004 Order"); Order Granting the Motion for Leave to Conduct Expedited Discovery Pursuant to Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 [ECF No. 803] ("SC R. 2004 Order").

2

*Motion of the Official Committee of Unsecured Creditors of Sears Holdings Corporations, et al., for the Entry of an Order Pursuant to Bankruptcy Code Section 105 and Federal Rules of Bankruptcy Procedure 2004, 9006, and Authorizing Expedited Discovery of the Debtors and Third Parties* [ECF No. 484] ("UCC R. 2004 Mot.") ¶ 10 (alleging that "ESL and other insiders may have exercised undue influence to siphon value away from the Company on favorable terms"); *Preliminary Objection of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al., to Debtors' Motion for Approval of Global Bidding Procedures* [ECF No. 640] ¶ 4 (claiming that a "process geared toward a purely ESL-driven solution does not withstand scrutiny").[3]

6.    ESL must therefore expeditiously prepare to assert and defend its claims, and rebut any challenges to claims, which through a credit bid would form a significant portion of the consideration for a potential going concern bid for substantially all of the Debtors' assets. This must happen on the same timeframe driving the Committees. It is only fair that ESL have access to the discovery materials being made available to the Committees from whatever source.

7.    Accordingly, by this Motion, ESL seeks an order providing it with authority to request and obtain on an expedited basis relevant discovery obtained by the Committees as part of the Review.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[3] For the record, ESL vigorously objects to the unfounded statements that have been made alleging improprieties relating to the Transactions. ESL also objects to the use of the loaded terms "investigation" or "target" that imply some sort of preliminary view or probable cause that ESL has acted improperly vis-à-vis Sears. Such an inference is wrong. Nothing other than ESL's steadfast commitment to Sears has generated the unwarranted allegations ESL now faces.

3

9. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

10. The bases for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rules 2004, 9006, and 9016.

## BACKGROUND

11. Prior to October 15, 2018, (the "Petition Date"), ESL participated in various transactions on standard business terms. These transactions, in many circumstances, provided Sears with runway to implement business solutions to the challenges it faced, while at the same time allowing Sears to continue to meet its ongoing normal course obligations to employees, retirees, trade vendors and creditors generally (the "Transactions"). See generally *ESL's Preliminary Response To The Motion Of The Official Committee Of Unsecured Creditors* [ECF No. 575] at 3-4. These included certain spin-offs and rights offerings that helped Sears rationalize its business and raise liquidity and in which ESL participated solely on a pro-rata basis with other shareholders. ESL also made loans to Sears, often alongside other third-party lenders, and became Sears' most significant source of financing in recent years. These financing transactions were fully documented, made on fair and reasonable terms and approved by independent directors. These financing transactions provided Sears with billions of dollars of liquidity.

12. From the outset of these proceedings, ESL has been committed to cooperating with any review by the Committees of Debtors' pre-petition transactions. ESL has been in frequent communication with counsel for the UCC and the Subcommittee, and has already made substantial document productions in connection with this matter. ESL intends to continue to promptly provide information and documents to the Committees in order to help facilitate the efficient and expeditious completion of their ongoing Review.

13. The Subcommittee, however, has already received over 400,000 pages of

documents in response to document requests served on Debtors and other persons, the vast majority of which has yet to be shared with ESL despite its likely relevance to ESL and the Transactions given the stated focus of the Review.  See *Motion for Leave to Conduct Discovery Pursuant to Bankruptcy Rule 2004* [ECF No. 609] ("SC R. 2004 Mot.") ¶ 2.  ESL must have full and prompt access to the full record developed in connection with the Transactions so that it may pursue and defend its interests in these proceedings, including to prepare any witnesses who may be interviewed as part of the Review.

14.     As both the UCC and the Subcommittee explained in their own motions seeking expedited discovery, time is of the essence.  See UCC R. 2004 Mot. ¶ 38 (noting the "extremely expedited timeline"); SC R. 2004 Mot. ¶ 35 (noting the "expedited timeline of this proceeding").  By this Motion, ESL seeks the authority to serve expedited discovery requests under Rule 2004 seeking the relevant non-privileged materials collected by the Committees in connection with their Review.  A protective order is already in place, and ESL has entered into confidentiality agreements with each of the Committees.  See *Stipulated Protective Order* [ECF No. 605].  ESL agrees to keep confidential any information received from the Committees on the same basis agreed to by the Committees with respect to ESL information.

## RELIEF REQUESTED

15.     ESL respectfully requests an order substantially in the form attached here as Exhibit A, authorizing ESL to serve subpoenas and obtain expedited discovery relevant to ESL and the Transactions from the Subcommittee and the UCC.

16.     The relief sought by ESL in this Motion is consistent with the relief already granted by this Court to the UCC and the Subcommittee.  See UCC R. 2004 Order; SC R. 2004 Order.

**BASIS FOR RELIEF**

A.    **ESL is Entitled to Discovery under Bankruptcy Rule 2004.**

17.    Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." The examination may extend to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). Third parties are subject to Rule 2004 examination "if they possess knowledge of the debtor's acts, conduct, or financial affairs which relate to the bankruptcy proceedings." In re Brown, No. 18-10617-JLG, 2018 WL 4944816, at *3 (Bankr. S.D.N.Y. Oct. 11, 2018).

18.    The decision to grant or deny a Rule 2004 request lies "within the sound discretion of the court." In re Transmar Commodity Grp. Ltd., No. 16-13625-JLG, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018). The party seeking Rule 2004 discovery must establish good cause for the request. In re SunEdison, Inc., 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017). Good cause exists where the discovery sought "is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." In re Metiom, Inc., 318 B.R. 263, 268 (S.D.N.Y. 2004) (internal quotation marks omitted).

19.    As Sears' largest creditor with more than $2.5 billion in claims and a likely bidder in the coming going concern auction, ESL is a party in interest entitled to Rule 2004 discovery. See In re MF Glob. Inc., No. 11-02790 MG, 2013 WL 74580, at *1 (Bankr. S.D.N.Y. Jan. 8, 2013) (parties in interest generally include creditors). ESL seeks access to the discovery already collected or to be collected by the Committees in connection with ESL as part of their Review of the Transactions.

6

20. The discovery sought is necessary for ESL to defend its claims in these proceedings and allow equal access to the record upon which the Committees may base possible claims or challenges, particularly in the context of a possible bid by ESL. See Fed. R. Bankr. P. 2004(b) (in a Chapter 11 case, the examination extends to any "matter relevant . . . to the formulation of a plan"); In re Drexel Burnham Lambert Grp., Inc., 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) (granting claimant's request for production of already gathered Rule 2004 materials and noting that it "seems impractical and unfair to prevent the potentially largest claimant from an investigation of the parameters of its claims and possible defenses"). As a practical matter, denying the Motion would result in obvious inefficiencies that would further burden Debtors and other parties, as ESL would be required to duplicate the discovery already conducted by the Committees. See SunEdison, Inc., 562 B.R. at 249 (in evaluating whether good cause exists, "the Court must balance the competing interests of the parties"). Accordingly, good cause exists to grant the Motion.

**B.    ESL is Entitled to Discovery on an Expedited Basis.**

21. Under Bankruptcy Rule 9006(c)(1), "when an act is required or allowed to be done at or within a specified time by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." In furtherance of their Review into Sears' pre-petition transactions, the Subcommittee and UCC have requested and obtained orders permitting them to pursue discovery on an expedited basis in connection with their Rule 2004 requests. See UCC R. 2004 Order; SC R. 2004 Order. Good cause exists for ESL to obtain the same relief.

22. The UCC has stated that it must be in a position to evaluate the propriety of any bids, and in particular any bid from ESL that has a credit bid component, by December 15, 2018

7

and has sought expedited discovery as to "any potential causes of action." See UCC R. 2004 Mot. ¶ 38. The Subcommittee has similarly expressed a need for an "expedited document production process" in connection with its Review. See SC R. 2004 Mot. ¶ 35.

23. Good cause exists for ESL to obtain discovery on the same expedited basis as the Committees to allow for a fair process, particularly in light of the effort ESL is making toward submitting a going concern bid by the December 15 deadline. See *Limited Response to the Preliminary Objections of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al., to Debtors' Motion for Approval of Global Bidding Procedures* [ECF No. 700] ¶ 4 (noting that "ESL is investing substantial resources into developing a going concern bid for hundreds of Sears stores and other Sears assets"). Accordingly, ESL respectfully requests that the Court shorten the time set forth in Bankruptcy Rule 9016 to require responses to ESL's discovery requests within seven (7) calendar days of service, and further order that the served persons be required to substantially complete document production as soon as reasonably practicable. As for information and documents already collected by the Committees, all non-privileged material should be produced immediately.

## NOTICE

24. ESL has provided notice of this Motion to all Rule 2002 Parties. See *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405] ("CMO") ¶ 6. Further, pursuant to CMO ¶ 24, counsel for ESL has notified counsel for the Committees in connection with this Motion that ESL seeks to have this Motion considered on an expedited basis on November 27, 2018. As of the filing of this Motion, counsel for the Committees have indicated that, once they have had an opportunity to review the filed Motion, they will respond to ESL's request to have the Motion heard on an expedited basis. ESL will provide an update to

the Court, pursuant to CMO ¶ 24, once informed whether the Committees consent to or oppose the request for an expedited hearing.

## NO PRIOR REQUEST

25. No prior request for the relief sought in this Motion has been made.

## RESERVATION OF RIGHTS

26. ESL reserves its rights, claims, defenses, and remedies, including the right to amend, modify, or supplement this Motion, to seek additional discovery, add additional parties, or to raise additional grounds for granting this Motion (during any hearing on the Motion or otherwise).

## CONCLUSION

27. ESL respectfully requests that the Court enter an order, substantially in the form of Exhibit A, that: (i) authorizes ESL to serve discovery on the Subcommittee and the UCC (in particular, as to documents already gathered by the Subcommittee and the UCC during their Review of the Transactions); and (ii) requires the Subcommittee and the UCC to respond to the Requests within seven (7) calendar days of service and to substantially complete their document productions as soon as reasonably practicable.

Dated: New York, New York
November 21, 2018

                      CLEARY GOTTLIEB STEEN & HAMILTON LLP

                      */s/ James L. Bromley*
                      James L. Bromley
                      Sean A. O'Neal
                      Jennifer Kennedy Park
                      Andrew Weaver
                      Rahul Mukhi
                      One Liberty Plaza
                      New York, New York 10006
                      Telephone: (212) 225-2000
                      Facsimile: (212) 225-3999

                      *Attorneys for ESL*