**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

## Exhibit A

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004, 9006, AND 9016 AUTHORIZING EXPEDITED DISCOVERY OF THE UCC AND THE SUBCOMMITTEE**

Upon the motion, dated November 21, 2018 (the "Motion"), of ESL Investments, Inc. for an order pursuant to the Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 and section 105 of the Bankruptcy Code, authorizing and directing expedited discovery of information relevant to ESL and transactions involving Sears in which ESL participated as a lender or Sears shareholder (the "Rule 2004 Topics") from the Official Committee of Unsecured Creditors of Sears Holding Corporation and its affiliated debtors and debtors in possession (the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

"UCC") and the Restructuring Subcommittee of the restructuring committee of the Sears Holdings Corporation board of directors (the "Subcommittee"); and, after due deliberation, the Court having concluded that ESL has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby ORDERED that:

1. ESL is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents relevant to the Rule 2004 Topics and attendance for the foregoing examination (each, a "Rule 2004 Subpoena").

2. ESL is authorized to serve Rule 2004 Subpoenas upon the UCC and the Subcommittee seeking production of materials that they have gathered as part of their review that are relevant to the Rule 2004 Topics (the "Reproduction Subpoenas").

3. Pursuant to Rule 9006, the deadline for providing written responses and objections to each Rule 2004 Subpoena shall be seven (7) calendar days of service.

4. ESL and the recipient of each Rule 2004 Subpoena shall work diligently to expedite and substantially complete production of responsive documents as soon as reasonably practicable.

5. The production and examination required hereby are subject to all applicable privileges; provided, that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, the recipient of each Rule 2004 Subpoena (or other party asserting privilege with respect to such document) shall provide a privilege log to ESL's counsel at a time mutually agreed to between the producing party and ESL.

6. The recipient of each Rule 2004 Subpoena shall inform ESL's counsel of its search terms and other search parameters when conducting an electronic search. If necessary, the recipient of each Rule 2004 Subpoena shall meet and confer with ESL's counsel to attempt to agree on appropriate search terms and other search parameters.

7. All disputes concerning discovery pursuant to this order, including objections thereto and disputes regarding the scope or timing of production, that are not resolved by agreement of the parties may be raised by letter brief to the Court not exceeding five pages, single spaced (excluding attachments). The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced (excluding attachments). Copies of such letter briefs shall also be emailed to the Court's chambers.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9. To the extent not otherwise limited by this Order, all discovery recipients reserve all substantive and procedural rights and objections they may have in connection with any discovery served pursuant to this Order.

Dated: November [  ], 2018
       White Plains, New York

_____ \_\_\_, _____              _____
                                                    THE HONORABLE ROBERT D. DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE