**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                  :
                                                                           :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,    :
                                                                           :    **Case No. 18-23538 (RDD)**
                                                                           :
          Debtors.[1]                                             :    **(Jointly Administered)**
---------------------------------------------------------------x

## ORDER AUTHORIZING AND ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET SALES AND DE MINIMIS ASSET ABANDONMENTS

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 2002, for an order authorizing and establishing expedited procedures (as set forth below, the "**De Minimis Asset Sale Procedures**") to (a) sell or transfer certain assets, including any rights or interests therein, that are of relatively *de minimis* value compared to the Debtors' total asset base (the sales, the "**De Minimis Asset Sales**"), including certain of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Debtors' real estate assets (collectively, the "**De Minimis Assets**"), (b) pay necessary fees and expenses incurred in connection with the De Minimis Asset Sales, and (c) abandon De Minimis Assets for which the Debtors are unable to find purchasers (each abandonment, a "**De Minimis Asset Abandonment**"), all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been given as provided in the Motion, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon all pleadings filed in connection with the Motion; and the Court having held a hearing to consider the relief requested in the Motion on November 15, 2018 (the "**Hearing**"); the upon record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is granted to the extent set forth herein.

2.    Pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 2002, the De Minimis Asset Sale Procedures are approved as follows:

(a) With respect to sales or transfers of De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a selling price less than or equal to $15,000,000:

(i) the Debtors are authorized to consummate such sales without further order of the Court if the Debtors determine, in the reasonable exercise of their business judgment and in consultation with the Creditors' Committee and the DIP Agents' Counsel, that such sales are in the best interest of the estates, subject to the procedures set forth herein;

(ii) any such sales shall be free and clear of all liens, claims, and encumbrances, with such liens, claims, and encumbrances attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to the sale;

(iii) the Debtors shall, at least seven (7) business days prior to closing such sale or effectuating such transfer, file and serve a written notice of such sale or transfer by e-mail, facsimile, or overnight delivery service (each notice, an "**De Minimis Asset Sale Notice**")[3] to (a) the attorneys for the Creditors' Committee; (b) the United States Trustee for Region 2 (the "**U.S. Trustee**"); (c) Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden**") and Choate, Hall & Stewart LLP ("**Choate**" and, together with Skadden, the "**DIP Agents' Counsel**") as counsel to Bank of America, N.A. and to Wells Fargo Bank, National Association, respectively, each in its capacity as DIP ABL Agents; (d) Seyfarth Shaw LLP ("**Seyfarth**") as counsel to Wilmington Trust, National Association; and (e) any known affected party, including counsel to any creditor asserting a lien, claim, encumbrance on, or interest in the relevant assets (the "**De Minimis Asset Notice Parties**");

(iv) the content of the De Minimis Asset Sale Notice shall consist of (A) identification of the De Minimis Assets being sold or transferred, (B) identification of the purchaser of the assets, (C) the purchase price, and (D) any other significant terms of the sale or transfer;

(v) the parties receiving a De Minimis Asset Sale Notice shall have seven (7) business days (the "**Notice Period**") after the filing and service of the De Minimis Asset Sale Notice to file and serve any objections to a De Minimis Asset Sale;

(vi) if any material economic term of a De Minimis Asset Sale is amended after transmittal of the De Minimis Asset Sale Notice, but prior to the expiration of the Notice Period, the Debtors shall file and serve a revised De Minimis Asset Sale Notice on the De Minimis Asset Notice Parties describing the proposed De Minimis Asset Sale, as amended, and the Notice Period shall be extended for an additional five (5) business days;

---

[3] A proposed form of De Minimis Asset Sale Notice is attached hereto as **Exhibit A**.

(vii)     any objections to a De Minimis Asset Sale must (A) be in writing, (B) set forth the name of the objecting party, (C) provide the basis for the objection and the specific grounds therefor, (D) be filed electronically with the Court, and (E) be served on Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Esq.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), as proposed counsel to the Debtors, **so as to be received on or before 4:00 p.m. (Eastern Time) on the last day of the Notice Period**;

(viii)     if no written objections are timely filed and served by any of the Standard Parties during the Notice Period, the Debtors are authorized to immediately consummate such sale;

(ix)     if a written objection is properly filed and served, (A) the objection shall be deemed a request for a hearing on the De Minimis Asset Sale, and the objection shall be heard at the next scheduled omnibus hearing in these chapter 11 cases that is at least five (5) calendar days after service of the objection (provided that the Debtors reserve the right to seek a hearing prior to such time), and (B) the De Minimis Asset Sale may not proceed absent (1) written withdrawal of the objection or (2) entry of an order by the Court specifically approving the De Minimis Asset Sale;

(x)     the Debtors may consummate a De Minimis Asset Sale prior to expiration of the Notice Period only if they obtain written consent to such sale from the De Minimis Asset Notice Parties; and

(xi)     each purchaser shall be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser.

(b)     With respect to De Minimis Assets for which the Debtors are unable to find purchasers, the Debtors are authorized to abandon the property without further order of the Court if the Debtors determine, in the reasonable exercise of their business judgment, that such abandonment is in the best interest of the estates and where the Debtors determine that the cost of continuing to maintain, relocate, and/or store such De Minimis Assets outweighs any potential recovery from a future sale, subject to the following notice procedures:

(i)     the Debtors shall file and serve a notice (each notice, an "**De Minimis Asset Abandonment Notice**")[4] of such De Minimis Asset Abandonment by e-mail, facsimile, or overnight delivery service to the De Minimis Asset Notice Parties;

(ii)     the content of the De Minimis Asset Abandonment Notice shall consist of identification of the De Minimis Assets being abandoned;

---

[4] A proposed form of De Minimis Asset Abandonment Notice is attached hereto as **Exhibit B**.

4

 (iii) the parties receiving a De Minimis Asset Abandonment Notice shall have seven (7) business days (the "**Abandonment Notice Period**") after the filing and service of the De Minimis Asset Abandonment Notice to file and serve any objections to the De Minimis Asset Abandonment;

 (iv) any objections to the De Minimis Asset Abandonment must (i) be in writing, (ii) set forth the name of the objecting party, (iii) provide the basis for the objection and the specific grounds therefor, (iv) be filed electronically with the Court, and (v) be served on Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Esq.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), as proposed counsel to the Debtors, **so as to be received on or before 4:00 p.m. (Eastern Time) on the last day of the Abandonment Notice Period**;

 (v) if no written objections are timely filed and served by any of the De Minimis Asset Notice Parties during the Abandonment Notice Period, the Debtors are authorized to immediately consummate such De Minimis Asset Abandonment; and

 (vi) if a written objection is properly filed and served, (A) the objection shall be deemed a request for a hearing on the De Minimis Asset Abandonment, and the objection shall be heard at the next scheduled omnibus hearing in these chapter 11 cases that is at least five (5) calendar days after service of the objection (provided that the Debtors reserve the right to seek a hearing prior to such time), and (B) the De Minimis Asset Abandonment may not proceed absent (1) written withdrawal of the objection or (2) entry of an order by the Court specifically approving the De Minimis Asset Abandonment; and the Debtors may abandon a De Minimis Asset prior to expiration of the Abandonment Notice Period only if they obtain written consent to such De Minimis Asset Abandonment from (a) the Creditors' Committee; (b) any known affected creditor(s), including counsel to any party asserting a lien, claim, or encumbrance on the relevant De Minimis Assets; and (c) the DIP Agents' Counsel.

(c) **Procedures with respect to Environmental Property**. With respect to Environmental Property, as defined below, the following procedures apply:

 (i) "Environmental Property" includes any real or personal property that is: known or reasonably suspected to be environmentally contaminated; or which is subject to a known or reasonably suspected environmental liability; or which is designated as hazardous under applicable federal, state, or local law; or which, under applicable federal, state, or local law is subject to specific environmental restrictions on disposal or abandonment.

 (ii) "Environmental Costs" shall include the known or reasonably expected costs to investigate and remediate any environmental liabilities associated with Environmental Property.

5

    (iii)    Notwithstanding anything to the contrary in this Order, the procedures of this Order shall not apply to any individual transaction or series of related transactions to a single buyer or group of related buyers that includes the sale or transfer of Environmental Property with Environmental Costs exceeding $250,000, nor shall the procedures of this Order authorize Debtors to abandon any Environmental Property with Environmental Costs exceeding $250,000.

    (iv)    Environmental Property with Environmental Costs of up to $250,000 may be sold or abandoned under the procedures of paragraphs 2(a) and 2(b) of this Order, with the following modifications:

        (a)    the notice periods provided in paragraphs 2(a)(iii) and 2(b)(iii) shall apply, and if the United States or any other governmental unit entitled to receive notice pursuant to the following section 2(a)(iv)(b) notifies the Debtors of its objection during this notice period, the sale of the property will not proceed until the objection is resolved or pursuant to an order of the Court;

        (b)    the notices provided in paragraph 2(a)(iii) and 2(b)(i) shall additionally be sent to the United States Attorney's Office for the Southern District of New York, the Pennsylvania Department of Environmental Protection, the environmental protection agency of the state in which the property to be sold is located (and, if that state's attorney general has appeared or requested service in these cases, the state attorney general's office), and any governmental unit known to have a permit, proceeding, or investigation with respect to the Environmental Property;

        (c)    the content of the notices provided in paragraph 2(a)(iv) and 2(b)(ii) shall additionally include a description of the reasons the property constitutes Environmental Property; any known interested or affected governmental entity or regulatory body, and the nature of such interest or effect; to the extent applicable and known to the Debtors, the permit number of any regulatory licenses or permits issued in connection with the assets to be sold; and the manner by which the sale or abandonment documents ensure that any Environmental Costs associated with the Environmental Property will be paid, if necessary, and by whom; and

        (d)    Notwithstanding anything to the contrary in this Order, the Debtors are not authorized hereunder to abandon any Environmental Property, regardless of associated Environmental Costs, without further order of the Court.

3.    The Debtors shall provide, to the extent practicable, a written report, within thirty (30) days after each calendar quarter (to the extent De Minimis Asset Sales or De

6

Minimis Asset Abandonments were consummated in the relevant quarter), concerning any such sales, transfers, or abandonments made pursuant to the relief requested herein (including the names of the purchasing parties and the types and amounts of the sales) to the attorneys for the Creditors' Committee, the DIP Agents' Counsel, Seyfarth, and the U.S. Trustee.

4. The Debtors' reporting obligations with respect to De Minimis Asset Sales and De Minimis Asset Abandonments shall terminate following the Debtors' filing a report pursuant to this Order thirty (30) days after confirmation of a chapter 11 plan.

5. Sales or transfers of De Minimis Assets shall be deemed arm's-length transactions conducted in good faith and entitled to the protections of section 363(m) of the Bankruptcy Code.

6. The Debtors are authorized to take any action that is reasonable and necessary to close a De Minimis Asset Sale and obtain the proceeds thereof, including, without limitation, paying reasonable and necessary fees and expenses to agents, brokers, auctioneers, and liquidators.

7. The De Minimis Asset Sale Notice substantially in the form annexed as **Exhibit A** to the Motion is hereby authorized and approved.

8. The De Minimis Asset Abandonment Notice substantially in the form annexed as **Exhibit B** to the Motion is hereby authorized and approved.

9. Pursuant to section 363(f) of the Bankruptcy Code, the De Minimis Assets being sold shall be sold free and clear of any and all mortgages, security interests, conditional sales or title retention agreements, pledges, hypothecations, liens (including, without limitation, all consensual, judicial and statutory liens), judgments, encumbrances or claims of any kind or nature, with all such liens and claims to attach to the sale proceeds in the same amount and

7

priority, with the same force, effect and validity, and subject to the same defenses as existed immediately before such sale. With respect to all De Minimis Asset Sales consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and each De Minimis Asset Sale consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities that may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments or that may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby, provided that nothing herein shall affect the obligation to pay any filing fees required under nonbankruptcy law.

10. The De Minimis Asset Sale Procedures shall not apply to any transaction that involves the assumption or the assumption and assignment of (i) executory contracts, (ii) unexpired leases of personal property, or (iii) unexpired leases of nonresidential real property for which a Debtor is not the landlord pursuant to section 365 of the Bankruptcy Code.

11. With respect to any De Minimis Assets abandoned pursuant to the De Minimis Asset Abandonment Procedures and located at one of the Debtors' leased properties, the applicable landlord or other designee shall be free to dispose of such property without liability to any party and without further notice or order of the Court; provided, that notwithstanding anything to the contrary in this Final Order, the Debtors are not authorized hereunder to abandon,

8

and are directed to remove any hazardous or toxic materials (as such terms are defined in any applicable federal, state or local law, rule, regulation, or ordinance) and any personal or confidential information about the Debtors' employees or customers from the property. Any Landlord or other designee shall be free, notwithstanding the automatic stay, to dispose of abandoned property without notice or liability to any party (including any third parties) and without further notice or order of the Court, and the applicable landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

12. Nothing in this Order or any sale pursuant to this Order releases, nullifies, precludes or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations (including but not limited to environmental laws or regulations), and any associated liabilities for penalties, damages, cost recovery, or injunctive relief that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of entry of this Order. Nothing in this Order or any sale pursuant to this Order shall in any way diminish the obligation of any entity, including the Debtors, to comply with environmental laws.

13. Nothing in this Order or any sale pursuant to this Order authorizes the transfer to the purchaser of any governmental licenses, permits, registrations, authorizations or approvals without the purchaser's compliance with all applicable legal requirements under non bankruptcy law governing such transfers.

14. All conveyance documents effectuating sales pursuant to this Order will state that such sale is authorized by and subject to this Order.

15. No sales and transfers of De Minimis Assets to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, including, for the avoidance of doubt, ESL and its affiliates may be treated as De Minimis Asset Sales.

16. Any De Minimis Asset Sale consummated by the Debtors pursuant to this Order shall be subject to the DIP ABL Credit Agreement in all respects.

17. De Minimis Asset Sales consummated in connection with Store Closing Sales or pursuant to the Global Bidding Procedures Motion shall not be subject to this Order or the De Minimis Asset Sale Procedures.

18. Nothing herein shall authorize, absent further order of the Court or agreement among the Debtors and the applicable non-Debtor counterparty, the sale of any real estate rights or assets free and clear of (and shall not extinguish or otherwise diminish) any interests, covenants, or rights applicable to such real estate assets or rights that limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, "**Restrictive Covenants**") that are not executory or that run with the land. To the extent that the Debtors or any other party seek to sell any real estate rights or assets free and clear of any Restrictive Covenant, the Debtors shall describe with particularity the Restrictive Covenant that the party is seeking to extinguish or otherwise diminish and any non-Debtor counterparty to a Restrictive Covenant will have fourteen (14) calendar days from the filing and service of notice of such requested relief to file and serve an objection thereto. All rights, remedies, and positions of all parties with respect to such relief are preserved.

19. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as

well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

20. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

21. As adequate protection for the claims of the Specified Governmental Units,[5] the Debtors either will pay such claims directly or fund a segregated account (the "**Specified Governmental Units Account**"), in each case from the proceeds of the Store Closing Sales located in the jurisdictions subject to the authority of the Specified Governmental Units. The liens asserted by the Specified Governmental Units shall attach to the Specified

---

[5] For purposes of this Order "Specified Governmental Units" means Allen ISD, Angelina County, Aransas Count, Atascosa County, Atlanta, Atlanta ISD, Bee County, Bexar County, Blanco CAD, Cameron County, Cleveland ISD, Cypress-Fairbanks ISD, Dallas County, Del Rio, Eagle Pass, Eagle Pass ISD, El Paso, Ellis County, Fort Bend County, Frisco, Galveston County, Grayson County, Gregg County, Harlingen, Harlingen CISD, Harris County, Hidalgo County, Hood CAD, Hopkins County, Hunt County, Irving ISD, Jasper County, Jefferson County, Jim Wells CAD, Kaufman County, Lewisville ISD, Matagorda County, McAllen, McLennan County, Montgomery County, Navarro County, Nueces County, Parker CAD, Pecos County, Pleasanton, Polk County, Rockwall CAD, San Patricio County, Smith County, Stephenville, Stephenville ISD, Sulphur Springs, Sulphur Springs ISD, Tarrant County, Tom Green CAD, Val Verde County, Van Zandt CAD, Victoria County, Wharton Co. Jr. College Dist., Wilson County, Wise CAD, Wise County, Wood County, Nolan County, City Sweetwater, Sweetwater Independent School District (ISD), Palo Pinto County, City Mineral Wells, Mineral Wells ISD, Johnson County, City Cleburne, Cleburne ISD, Arlington ISD, Crowley ISD, Eagle Mountain-Saginaw ISD, City Grapevine, Grapevine-Colleyville ISD, Richardson ISD, Carrollton-Farmers Branch ISD, City of Garland, Lubbock Central Appraisal District, Midland County, Tyler ISD, Cass County, Houston County, Mineola ISD, Nacogdoches County ISD, Austin County Appraisal District, Brazoria County Tax Office, Brazoria County Municipal Utility District (MUD) #35, Brazoria County Tax Office, Fort Bend ISD, Fort Bend County Levee Improvement District #2, First Colony MUD #10, Clear Creek ISD, Galveston County Mgmt. Dist. #1, Dickinson ISD, Interstate MUD, Clear Creek ISD, Galveston County Mgmt Dist. #1, Dickinson ISD, Interstate MUD, Clear Creek ISD, City of Houston, Galena Park ISD, HC MUD 285, Clear Creek ISD, City of Houston, Galena Park ISD, Spring Branch ISD, Spring ISD, Alief ISD, Tomball ISD, City of Tomball, Midtown Mgmt District, City of Jasper, City of Cleveland, Bay City ISD, Kerr County, Kendall County, Fayette County, Maverick County, Uvalde County, Weslaco City, Weslaco ISD, Randall County Tax Office, Potter County Tax Office, Gray County Tax Office, Garland ISD, Humble ISD, Harris County MUD 109, and Maricopa County Treasurer.

Governmental Units Account to the same extent and with the same priority as the liens the Specified Governmental Units now have against such assets of the Debtors. The Specified Governmental Units Account shall be maintained solely for the purpose of providing adequate protection and shall constitute neither the allowance of the claims of the Specified Governmental Units, nor a floor or cap on the amounts the Specified Governmental Units may be entitled to receive. All parties' rights to object to the priority, validity, amount, and extent of the claims and liens asserted by the Specified Governmental Units are fully preserved. Funds in the Specified Governmental Units Account may be distributed upon agreement between the Specified Governmental Units and the Debtors, with the consent of the DIP ABL Administrative Agent (as defined in the DIP Orders), or by subsequent order of the Court, duly noticed to the Specified Governmental Units.

22. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

23. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry, and no further or additional waivers of the fourteen-day stay of Bankruptcy Rule 6004(h) shall be required for the Debtors to consummate any De Minimis Asset Sale or De Minimis Asset Abandonment, subject to compliance with the De Minimis Asset Procedures.

24. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

25. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: November 21, 2018
      White Plains, New York

                                        /s/Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Proposed De Minimis Asset Sale Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :        **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :
                                                            :        **Case No. 18-23538 (RDD)**
                                                            :
Debtors.[1]                                                 :        **(Jointly Administered)**
------------------------------------------------------------x

## NOTICE OF DE MINIMIS ASSET SALE

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to that certain *Order Authorizing and Establishing Procedures for De Minimis Asset Sales and De Minimis Asset Abandonments* entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on [_____], 2018 (ECF No. __) (the "**Sale and Abandonment Order**"), propose to sell or transfer certain assets (the "**Assets**") to _____ (the "**Purchaser**") pursuant to an agreement dated _____, _____ (the "**Sale Agreement**").  This Notice is being provided in accordance with and sets forth the information required under the Sale and Abandonment Order.

Description of the Assets.  The Assets consist of _____ and are located at_____.

Relationship of the Purchaser to the Debtors.  The Purchaser's relationship, if any, with the Debtors is as follows: _____.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

    Liens and Encumbrances on the Assets.  The Debtors are aware of the following liens and/or encumbrances on the Assets: _____.  To the extent that any party has liens or encumbrances on the Assets, any such lien or encumbrance will attach to the proceeds of the sale described herein.

    The sale of any real estate Assets will not be free and clear of (and shall not extinguish or otherwise diminish) any interests, covenants, or rights applicable to such real estate assets or rights that limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, "**Restrictive Covenants**") unless (i) the counterparties to a Restrictive Covenant agree otherwise or (ii) the Court so determines after specific notice that the Debtors are seeking to sell an Asset free and clear of an identified Restrictive Covenant, an opportunity for counterparties to object, and a hearing.

    Material Economic Terms and Conditions of the Proposed Sale.  The Debtors propose to sell or transfer the Assets to the Purchaser on an "as is" basis (if applicable), free and clear of all liens or encumbrances therein, pursuant to section 363(f) of the Bankruptcy Code. The Purchaser has agreed to pay a purchase price of $_____ for the Assets.  [IF APPLICABLE: The Sale Agreement is annexed hereto as **Exhibit 1**.]

    [IF APPLICABLE:  Commission, Fees, or other Similar Expenses:  The Debtors propose to pay $_____ in commission, fees, or other similar expenses in connection with the sale.]

    Procedures to Object to the Proposed Sale.  Any objection to the proposed sale (an "**Objection**") must:  (i) be in writing; (ii) set forth the name of the objecting party; (iii) provide the basis for the Objection and the specific grounds therefor; (iv) be filed electronically with the Bankruptcy Court; and (v) be served on Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ray C. Schrock, P.C., Esq.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq.; and Sunny Singh, Esq.), as counsel to the Debtors **on or before _____, _____** (the "**Objection Deadline**").

    If no Objections are filed with the Bankruptcy Court and served by the Objection Deadline in accordance with the terms of the Sale and Abandonment Order described above, then the Debtors may proceed with the sale in accordance with the terms of the Sale and Abandonment Order.

    The Debtors may consummate the transaction prior to expiration of the applicable Objection Deadline if the Debtors obtain written consent to the transaction from (i) the Creditors' Committee; (ii) any known affected creditor(s), including counsel to any creditor asserting a lien, claim, or encumbrance on the relevant De Minimis Assets; and (iii) the DIP Agents' Counsel.

**If an Objection is timely received and cannot be resolved consensually, then the sale will not be consummated absent further order of the Court.**

Dated: _____, 2018
      New York, New York

                                                                _____
                                                                WEIL, GOTSHAL & MANGES LLP
                                                                767 Fifth Avenue
                                                                New York, New York  10153
                                                                Telephone:  (212) 310-8000
                                                                Facsimile:  (212) 310-8007
                                                                Ray C. Schrock, P.C.
                                                                Jacqueline Marcus
                                                                Garrett A. Fail
                                                               Sunny Singh

                                                              *Attorneys for Debtors*
                                                              *and Debtors in Possession*

# Exhibit B

**Proposed De Minimis Asset Abandonment Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                          :
                                                               :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,    :
                                                               :          **Case No. 18-23538 (RDD)**
                                                               :
              **Debtors.**[1]                              :          **(Jointly Administered)**
----------------------------------------------------------------x

## NOTICE OF DE MINIMIS ASSET ABANDONMENT

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to that certain *Order Authorizing and Establishing Procedures for De Minimis Asset Sales and De Minimis Asset Abandonments* entered by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on [_____], 2018 (ECF No. __) (the "**Sale and Abandonment Order**"), propose to abandon certain assets (the "**Assets**"). This Notice is being provided in accordance with and sets forth the information required under the Sale and Abandonment Order.

Description of the Assets. The Assets consist of _____ and are located at_____.

Liens and Encumbrances on the Assets. The Debtors are aware of the following liens and/or encumbrances on the Assets: _____.

Reasons for the Proposed Abandonment of the Assets. The Debtors propose to abandon the Assets because _____.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

<u>Procedures to Object to the Proposed Abandonment</u>. Any objection to the proposed abandonment (an "**Objection**") must: (i) be in writing; (ii) set forth the name of the objecting party; (iii) provide the basis for the Objection and the specific grounds therefor; (iv) be filed electronically with the Bankruptcy Court; and (v) be served on Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Esq.; Jacqueline Marcus, Esq.; Garrett A. Fail, Esq., and Sunny Singh, Esq.), as counsel to the Debtors **on or before _____, _____** (the "**Objection Deadline**").

If no Objections are filed with the Bankruptcy Court and served by the Objection Deadline in accordance with the terms of the Sale and Abandonment Order described above, then the Debtors may proceed with the abandonment in accordance with the terms of the Sale and Abandonment Order.

The Debtors may consummate the abandonment prior to expiration of the applicable Objection Deadline if the Debtors obtain written consent to the abandonment from (i) the Creditors' Committee; (ii) any known affected creditor(s), including counsel to any creditor asserting a lien, claim, or encumbrance on the relevant De Minimis Assets; and (iii) the DIP Agents' Counsel.

**If an Objection is timely received and cannot be resolved consensually, then the abandonment will not be consummated absent further order of the Court after notice and a hearing.**

Dated: _____, 2018
      New York, New York

      _____
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007
      Ray C. Schrock, P.C.
      Jacqueline Marcus
      Garrett A. Fail
      Sunny Singh

      *Attorneys for Debtors*
      *and Debtors in Possession*

WEIL:\96798082\2\73217.0004