WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : |  |
|  | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : |  |
|  | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------x

## NOTICE OF HEARING ON APPLICATION
## OF DEBTORS FOR AUTHORITY TO RETAIN AND
## EMPLOY MCANDREWS, HELD & MALLOY, LTD AS IP COUNSEL
## <u>FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

PLEASE TAKE NOTICE that a hearing on the annexed application (the "**Application**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**), for entry of an order pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for authority, but not direction, to retain and employ McAndrews, Held & Malloy, Ltd. ("**McAndrews**") as counsel for the Debtors with respect to the intellectual property matters described herein, effective *nunc pro tunc* to the Commencement Date, all as more fully set forth in the Application, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **December 20, 2018 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "**Objections**") to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the

*Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **December 5, 2018 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

> **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application, which order may be entered without further notice or opportunity to be heard.

> **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: November 21, 2018
      New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

WEIL:\96807034\6\73217.0004

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION, *et al.,*** | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

## APPLICATION OF DEBTORS FOR
## AUTHORITY TO RETAIN AND EMPLOY
## MCANDREWS, HELD & MALLOY, LTD AS IP COUNSEL
## <u>FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represent in support of this application (the "**Application**"):

## Background

1.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 24, 2018, the United States Trustee for Region 2 (the "**United States Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).

2

**Jurisdiction**

5.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6.        By this Application, the Debtors request authority, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), but not direction, to retain and employ McAndrews, Held & Malloy, Ltd. ("**McAndrews**") as intellectual property ("**IP**") counsel for the Debtors for those matters described herein, effective *nunc pro tunc* to the Commencement Date.

7.        A proposed form of order granting the relief requested in this Application is attached hereto as **Exhibit A** (the "**Proposed Order**").

8.        In support of the relief requested herein, the Debtors submit the Declaration of Ronald H. Spuhler, shareholder and attorney at McAndrews (the "**Spuhler Declaration**") and the Declaration of Mohsin Meghji, Chief Restructuring Officer to the Debtors (the "**Meghji Declaration**"), attached hereto as **Exhibit B** and **Exhibit C** respectively.

**Scope of McAndrews' Services**

9.        Since May 2012, McAndrews has represented the Debtors in a vast majority of their IP matters, with highly regarded teams of IP attorneys, patent agents, and technology specialists in the United States.  As IP counsel for the Debtors, McAndrews has been involved in and has expertise in clearing, drafting, prosecuting and/or maintaining the Debtors' domestic and international patent and trademark portfolios.  Currently the Debtors have over 500

3

active patents and patent applications, and over 2,200 registered or applied-for trademarks, worldwide. McAndrews has also handled offensive and defensive IP claims asserted by or against the Debtors, including multiple IP infringement actions brought in district court, and negotiated and drafted agreements regarding the acquisition or disposition of the Debtors' IP assets (collectively, the "**McAndrews Matters**").

10.     In connection with the McAndrews Matters, the services McAndrews provides may include (collectively, the "**Fixed Fee Services**"):

(a)     performing full trademark clearance searches (using commercial search providers);

(b)     preparation and filing of new trademark applications and prosecuting trademark applications;

(c)     monitoring for significant trademarks of the Debtors (as designated by the Debtors from time to time);

(d)     handling the maintenance of the Debtors' existing trademark and domain name portfolios;

(e)     counseling with respect to trademark portfolio organization;

(f)     preparing new copyright applications and prosecuting the same;

(g)     domain name monitoring (including new generic top level domains) and related take-down notices;

(h)     handling administrative trademark and domain name disputes, including UDRP, cancellation, and opposition proceedings;

(i)     negotiating and preparing settlement agreements resulting from disputes outlined above;

(j)     responding to the Debtors' general IP inquiries; and

(k)     counseling on IP strategy and operations (e.g. internal IP structures and policies, web site design, infringement procedures).

11.     The McAndrews Matters also include patent idea qualification and preliminary prior art searches related thereto, the preparation and filing of patent applications

WEIL:\96807034\6\73217.0004

with the United States Patent and Trademark Office and foreign patent offices and the prosecution thereof, through appeal, until the underlying patent is issued or abandoned (collectively, the "**Flat Fee Services**").

12.     The Debtors require and will continue to require McAndrew's services with respect to certain of the McAndrews Matters, and such other new, discrete matters that may arise during these chapter 11 cases.[2]   The Debtors' in-house attorneys that were primarily responsible for overseeing the Debtors' IP portfolio and a number of paralegals recently left the company, leaving the Debtors without the requisite level of IP expertise or historical knowledge of the IP portfolio.   As such, the Debtors have asked McAndrews to act as *de facto* in-house counsel on IP matters.   McAndrews will not serve as the Debtors' general or special bankruptcy counsel and will not advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.

13.     Subject to approval of this Application, McAndrews has informed the Debtors that it is willing to serve as the Debtors' IP counsel and to perform the services, to the extent required, on similar matters to those described above.[3]

### McAndrews' Qualifications

14.     McAndrews is an IP boutique firm with one office in Chicago.   The firm has expertise in all IP matters, including the procurement, enforcement and monetization of patents, trademarks and copyrights.

---

[2] The Debtors seek authorization from this Court to employ McAndrews in connection with both the McAndrews Matters and any new IP matters that may arise during these chapter 11 cases upon the terms set forth in this Application.

[3] The Debtors' engagement letter with McAndrews contains confidential proprietary information and will be provided upon request on a confidential basis to the United States Trustee, the Creditors' Committee, or the Court.

WEIL:\96807034\6\73217.0004

15.     The Debtors selected McAndrews as its legal counsel because of its prior work experience in technology and IP-focused industries and because of its deep bench of experts in patents, trademarks, copyrights, trade secrets, and unfair competition.  In addition, the Debtors have employed McAndrews for over six years as its IP counsel.  By virtue of such prior engagement, McAndrews is intimately familiar with the facts and history of the company's IP assets and coordinates the filing of IP applications in foreign jurisdictions.  The compensation proposed by McAndrews is at or below comparable rates in the IP market.  Thus, McAndrews' retention will promote the efficient administration of these chapter 11 cases.

16.     McAndrews' services will not be duplicative of work performed by Weil or any other advisor retained by the Debtors.  If the Debtors are required to retain different counsel for the McAndrews Matters or the Debtors' IP work, the Debtors will have to expend significant resources and expense in ensuring that new counsel becomes familiar with the Debtors' business affairs and accepted by international counterparties to the McAndrews Matters.  Hiring new counsel to handle the Debtors' IP needs will very likely result in inefficiencies, increased fees and expenses, and even potential disruption in the Debtors' business.

17.     In light of the foregoing, McAndrews is both well qualified and uniquely able to represent the Debtors as IP counsel pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, and McAndrews' retention would be in the best interest of the Debtors' estates, creditors, and other parties in interest.

## McAndrews' Disinterestedness

18.     To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Spuhler Declaration, McAndrews has represented that it neither holds nor

WEIL:\96807034\6\73217.0004

represents any interest that is materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

19.     The Debtors have been informed that McAndrews will supplement its disclosure to the Court if any facts or circumstances are discovered that would require additional disclosure.

## McAndrews' Compensation

20.     McAndrews intends to apply for compensation of professional services rendered (i) on a monthly fixed fee basis in the amount of $43,750 for services rendered in connection with the Fixed Fee Services (the "**Fixed Fee**"), (ii) on a flat fee basis ranging from $750 to $11,000 for services rendered in connection with the Flat Fee Services (the "**Flat Fee**"), and (iii) on an hourly basis, subject to a 20% discount from each individual attorney's standard hourly rate, for services rendered that are not otherwise covered under the Fixed Fee Services or the Flat Fee Services (the "**Hourly Fee**").  McAndrews understands that the Fixed Fee will be subject to review under section 328(a) of the Bankruptcy Code and the Flat Fee and Hourly Fee will be subject to review under sections 330 and 331 of the Bankruptcy Code.  Aside from the Retainers and Fee Advance, the terms and compensation structure outlined herein, including the Flat Fee, are consistent with the engagement agreements historically in place between the Debtors and McAndrews prior to the Commencement Date.

21.     Additionally, McAndrews intends to apply for reimbursement of expenses incurred in connection with the services rendered, subject to Court approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the United States Trustee, and any other applicable procedures and orders of this Court.

WEIL:\96807034\6\73217.0004

22.     McAndrews' hourly rates are set at a level designed to compensate McAndrews for the work of its attorneys, patent agents, and paraprofessionals.  Hourly rates vary with the experience and seniority of the individuals assigned and the Flat Fees vary with the type of IP matter involved and the scope of services to be provided.  The current hourly billing rates for McAndrews professionals expected to spend significant time on the engagement range from $376 to $560 for partners, $272 to $396 for of counsel, $330 for associates, and $184 to $264 for patent agents and paralegals.  This billing rate is at or below market rates for the IP market, as evidenced by the fact that McAndrews' proposed rates are at or below the comparable average costs included in the American Intellectual Property Law Association's 2017 Report of the Economic Survey, a leading publication regarding costs associated with IP matters.  The Debtors respectfully submit that McAndrews' rates and policies, as stated in the Spuhler Declaration, are reasonable.

23.     The Debtors understand and have agreed that, subject to the waiver requested herein, McAndrews will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated November 16, 2018 (ECF No. 796) (the "**Interim Compensation Order**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013

8

(collectively, the "**Fee Guidelines**"), sections 330 and 331 of the Bankruptcy Code where applicable, the Bankruptcy Rules, the Local Rules, and any further orders of the Court for all professional services performed and expenses incurred after the Commencement Date.  To the extent McAndrews renders services in connection with the Fixed Fee Services or the Flat Fee Services, the Debtors and McAndrews seek a waiver of the otherwise applicable requirement that the Debtors maintain time records or bill in 1/10 of an hour increments.

24.    Given the nature of several of the McAndrews' Matters, the Debtors also seek authority to pay to McAndrews the following amounts as a retainer for postpetition services and fees (collectively, the "**Retainers**"):  (i) $80,000 for postpetition attorneys' fees incurred during the representation of the Debtors in the McAndrews Matters; and (ii) $50,000 for postpetition disbursements to foreign associates that assist with the McAndrews Matters outside of the United States.  The Debtors request McAndrews be permitted to hold the Retainers in a trust account and withdraw such Retainers in the event the Debtors fail to submit payment on fees and expenses approved pursuant to the Interim Compensation Order or any other future order of this Court within seven business days after obtaining such approval.  In the event any portion of a Retainer is used, the Debtors request authorization to replenish such Retainer by the amount used.

25.    Additionally, the Debtors seek authority to deposit with McAndrews $75,000 (or such lower amount as mutually agreed by the Debtors and McAndrews) as a fee advance (the "**Fee Advance**") for postpetition disbursements incurred, or to be incurred in the near-term, in connection with outstanding foreign patent applications, including several dozen foreign design patent applications covering the Ovation mixer that were filed, or are to be filed, on or before November 22, 2018.  The Debtors respectfully request that McAndrews be

9

permitted to apply the Fee Advance against foreign disbursements made in connection with the Ovation design patent applications.  In the event the foreign disbursements made in connection with the Ovation design patent applications are less than the Fee Advance, McAndrews will immediately apply the excess funds against any outstanding disbursements for other foreign IP matters of the Debtors.

26.    Prior to the Commencement Date and as set forth in the Spuhler Declaration, McAndrews received total payments in the amount of $476,634.39 during the ninety day period prior to the Commencement Date for services performed and expenses incurred.

27.    To the best of the Debtors' knowledge, neither McAndrews nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code.  McAndrews has agreed not to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of sharing of compensation among McAndrews' partners.

### No Duplication of Services

28.    The Debtors intend that the services of McAndrews will complement, and not duplicate, the services being rendered by other professionals retained in these chapter 11 cases.  McAndrews understands that the Debtors have retained and may retain additional professionals during the term of the engagement, and McAndrews will work cooperatively with such professionals to integrate any work conducted by the professionals on behalf of the Debtors.

WEIL:\96807034\6\73217.0004

## <u>The Relief Requested Should Be Granted</u>

29.     Section 327(e) of the Bankruptcy Code provides that a debtor, subject to

Court approval:

> [M]ay employ, for a specified special purpose, other than to represent the
> [debtor] in conducting the case, an attorney that has represented the
> debtor, if in the best interest of the estate, and if such attorney does not
> represent or hold any interest adverse to the debtor or to the estate with
> respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).    Bankruptcy Rule 2014 requires that applications for retention of

professionals include, among other things:

> [S]pecific facts showing the necessity for the employment, the name of the
> [firm] to be employed, the reasons for the selection, the professional
> services to be rendered, any proposed arrangement for compensation, and,
> to the best of the applicant's knowledge, all of the [firm]'s connections
> with the debtor, creditors, any other party in interest, their respective
> attorneys and accountants, the United States trustee, or any person
> employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

30.     Section 328(a) of the Bankruptcy Code provides that a debtor may retain

counsel pursuant to reasonable terms and conditions.   The Debtors believe that, in light of the

size and complexity of these chapter 11 cases, the Fixed Fee Services, the Flat Fee Services, the

Hourly Fees, the Retainers, and the Fee Advance, as described above, constitute fair and

reasonable terms and conditions for the retention of McAndrews as IP counsel for the Debtors.

31.     As set forth in the Spuhler Declaration, McAndrews has represented the

Debtors for many years and has in-depth knowledge of the Debtors' IP affairs.   The services to

be provided by McAndrews will not overlap with the services already being provided by the

Debtors' other retained counsel in these chapter 11 cases.   McAndrews has also represented to

the Debtors that it neither holds nor represents any interest that is materially adverse to the

Debtors' estates in connection with any matter on which it would be employed.   Thus, the

11

Debtors respectfully request the Court approve the fees and expenses as outlined herein pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## Notice

32.     Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

33.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just.

Dated: November 21, 2018
     New York, New York

                          SEARS HOLDINGS CORPORATION
                          (for itself and on behalf of its affiliates as
                          Debtors and Debtors in Possession)

                          /s/ Mohsin Y. Meghji
                          NAME:  Mohsin Y. Meghji
                          TITLE:  Chief Restructuring Officer

WEIL:\96807034\6\73217.0004

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                              :

                                               :        **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*          :

                                               :        **Case No. 18-23538 (RDD)**

                                               :

Debtors.[1]                                        :        **(Jointly Administered)**

---------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION AND
## EMPLOYMENT OF MCANDREWS, HELD & MALLOY, LTD AS IP COUNSEL
## FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application (the "**Application**")[2] of Sears Holdings Corporation and its

debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to sections 327(e) and 328(a) of title 11 of the United

States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(a) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

order authorizing the Debtors to retain and employ McAndrews Held & Malloy, Ltd. ("**McAndrews**") as intellectual property ("**IP**") counsel for the Debtors for those matters described therein, effective *nunc pro tunc* to the Commencement Date, all as more fully set forth in the Application; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Application on December 20, 2018 (the "**Hearing**"); and upon the Declarations of Ronald H. Spuhler and Mohsin Meghji, filed contemporaneously with the Application, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that McAndrews does not hold or represent an adverse interest to the Debtors or their estates on the matters on which it is to be retained, and that its retention is necessary and in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it further appearing that the terms of McAndrews' retention are reasonable for purposes of section 328(a); and after due deliberation, it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is granted.

2.      The Debtors are authorized to employ and retain McAndrews as their IP counsel in these chapter 11 cases in accordance with McAndrew's normal rates and disbursement policies, all as contemplated by the Application, *nunc pro tunc* to the Commencement Date.

3.      The Fixed Fee is approved pursuant to section 328(a) of the Bankruptcy Code and such compensation shall be paid pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of this Order.

4.      McAndrews shall file fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred, including the Fixed Fee, Flat Fee and the hourly fees, in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, Local Rules, the Interim Compensation Order, the Fee Guidelines, and any further order of the Court; <u>provided</u>, that the Fixed Fee shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code.

5.      With regard to services covered under the Fixed Fee Services and the Flat Fee Services, McAndrews shall be excused from keeping time records for services rendered in 1/10 of an hour increments.

6.      McAndrews shall provide ten business days' notice to the Debtors, the United States Trustee, and the Creditors' Committee before implementing any increases in the rates set forth in the Application for professionals providing services in these cases, and such notice must be filed with the Court.

3

7.      The Debtors are hereby authorized to provide to McAndrews, within seven business days following entry of this Order, the following amounts as a retainer for postpetition services and fees (collectively, the "**Retainers**"):   (i) $80,000 for postpetition attorneys' fees incurred during the representation of the Debtors in the McAndrews Matters; and (ii) $50,000 for postpetition disbursements to foreign associates that assist with the McAndrews Matters outside of the United States.  The Retainers shall be held in McAndrews' trust account and may only be withdrawn in the event the Debtors fail to pay fees and expenses approved pursuant to this Order and/or the Interim Compensation Order within seven business days after such fees and expenses have been approved for payment thereunder.  In the event any portion of a Retainer is used, the Debtors are authorized to replenish such Retainer by the amount used.

8.      The Debtors are hereby authorized to provide to McAndrews, within seven business days following entry of this Order, $75,000 (or such lower amount as mutually agreed by the Debtors and McAndrews) as a fee advance for certain postpetition disbursements (the "**Fee Advance**").  McAndrews is authorized to apply the Fee Advance as described in the Application.  In the event amounts applied are less than the Fee Advance, McAndrews is authorized to apply the excess funds against any outstanding disbursements for other foreign IP matters of the Debtors, as described in the Application.

9.      McAndrews shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

10.     The Debtors and McAndrews are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

4

12.     To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
          White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

5

## Exhibit B

**Spuhler Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                           :
                                                :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*       :
                                                :        **Case No. 18-23538 (RDD)**
                                                :
            Debtors.[1]                         :        **(Jointly Administered)**
------------------------------------------------------------x

## DECLARATION OF RONALD H. SPUHLER IN SUPPORT OF
## APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND
## EMPLOY MCANDREWS, HELD & MALLOY, LTD AS IP COUNSEL
## FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

I, Ronald H. Spuhler, under penalty of perjury, declare as follows:

1.     I am a shareholder and attorney at McAndrews, Held & Malloy, Ltd.

("**McAndrew**s"), a law firm whose offices are located at 500 West Madison Street, Suite 3400,

Chicago, Illinois 60661.  Except as otherwise noted, I have personal knowledge of the matters set

forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.     This Declaration is made in support of the application (the "**Application**")[2] of Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for Authority to Retain and Employ McAndrews as intellectual property ("**IP**") counsel for the Debtors *Nunc Pro Tunc* to the Commencement Date, which is being filed contemporaneously herewith.

3.     McAndrews is an IP boutique firm with one office in Chicago and approximately seven-seven attorneys.  The firm has expertise in all IP matters, including the procurement, enforcement and monetization of patents, trademarks and copyrights.

4.     Since May 2012, McAndrews has represented the Debtors in a vast majority of their IP matters.  These matters have included clearing, drafting, prosecuting and/or maintaining the Debtors' domestic and international patent and trademark portfolios.  Currently the Debtors have over 500 active patents and patent applications, and over 2,200 registered or applied-for trademarks, worldwide.  McAndrews has also handled offensive and defensive IP claims asserted by or against the Debtors, including multiple IP infringement actions brought in district court.  McAndrews has also assisted in negotiating and drafting agreements regarding the acquisition or disposition of the Debtors' IP assets (collectively, the "**McAndrews Matters**").

5.     In performing such services, McAndrews has become intimately familiar with the Debtors' business, personnel and internal processes, and is extremely knowledgeable regarding the Debtors' IP portfolio.  The Debtors' in-house attorneys that were primarily responsible for overseeing the Debtors' IP portfolio and a number of paralegals recently left the company, leaving the Debtors without the requisite level of IP expertise or historical knowledge

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Application.

2

of the IP portfolio.  As such, the Debtors have asked McAndrews to act as *de facto* in-house counsel on IP matters.

6.      McAndrews will charge the Debtors (i) on a monthly fixed fee basis in the amount of $43,750 for services rendered in connection with the Fixed Fee Services, (ii) on a flat fee basis for services rendered in connection with the Flat Fee Services, and (iii) on an hourly basis, subject to a 20% discount from each individual attorney's standard hourly rate, for services rendered that are not otherwise covered under the Fixed Fee Services or the Flat Fee Services. The terms and compensation structure outlined herein, including the payments contemplated for Flat Fee Services rendered, is consistent with the engagement agreements historically in place between the Debtors and McAndrews for the 12 months prior to the filing of the Debtors' bankruptcy petition.   In view of McAndrews' expertise in the IP field, coupled with its knowledge of the Debtors' processes and IP portfolio, the compensation proposed by McAndrews is at or below comparable rates in the IP market.  This is best evidenced by the fact that McAndrews' proposed rates are at (or in almost every occasion, below) the comparable average rates included in the American Intellectual Property Law Association's 2017 Report of the Economic Survey, a leading publication regarding costs associated with IP matters.

7.      McAndrews intends to, subject to the waiver requested in the Application, apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Commencement Date in connection with the services it provides as IP counsel in accordance with the General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (Gonzalez, C.J.)), Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013

3

(Morris, C.J.)), the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated November 16, 2018 (ECF No. 796), and the United States Trustee Program's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58)* (collectively, the "**Fee Guidelines**"); where applicable, sections 330 and 331 of the Bankruptcy Code; the Bankruptcy Rules; the Local Rules; and any further orders of the Court, both in connection with the Application and the interim and final fee applications to be filed by McAndrews in these chapter 11 cases.  In addition, McAndrews will make all reasonable efforts to comply with requests from the U.S. Trustee for information and additional disclosures as set forth in the Fee Guidelines.

8.      On November 9, 2018, McAndrews received the "Master Retention Checklist" from the Debtors' bankruptcy counsel.  McAndrews compared the parties identified in this checklist against its current client list.  At this juncture, and as set forth in further detail herein, McAndrews is not aware of any relationship that would present a disqualifying conflict of interest.  Should McAndrews discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, McAndrews will make all reasonable efforts to promptly file a supplemental declaration.

9.      To the best of my knowledge, and solely based upon information provided to me by the Debtors, neither McAndrews nor any McAndrews Professional has any interest that is materially adverse to the Debtors, their creditors, or other relevant parties with respect to any matter upon which McAndrews is to be engaged by the Debtors.

10.      McAndrews has represented and will continue to represent clients who may be involved in these chapter 11 cases in connection with matters unrelated to the work McAndrews will be doing for the Debtors.  McAndrews has in the past, currently does, and

4

might in the future represent: Nike, Inc.; General Growth Properties; Walgreen Corporation; Whirlpool Corporation; Samsung Electronics, Inc.; Cardinal Health, Inc.; Ace Hardware Corporation; Clear Channel Outdoor; Coca-Cola; and Johnson Controls, Inc. In each instance, McAndrews' representation of these clients has been, and will continue to be, in connection with matters unrelated to the Debtors. In addition, with respect to matters unrelated to these cases, McAndrews and its personnel have and will continue to have relationships in the ordinary course of business with certain financial institutions, landlords, vendors, professionals, and other parties in interest that may be involved in the Debtors' chapter 11 cases. McAndrews also may provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, the Debtors or their chapter 11 cases.

11.     McAndrews and McAndrews Professionals in their individual capacities regularly utilize the services of law firms, accounting firms, and financial advisors. Such firms engaged by McAndrews or any McAndrews Professional may appear in these chapter 11 cases representing the Debtors or other parties in interest. All engagements where such firms represent McAndrews or any McAndrews Professional in their individual capacities are unrelated to these chapter 11 cases and/or the work to be completed by McAndrews on behalf of the Debtors.

12.     From time to time, McAndrews Professionals personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds, and other types of investment funds (collectively, the "**Investment Funds**"), through which such McAndrews Professionals indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates, without the McAndrews Professional's knowledge. Individually, McAndrews Professionals do not manage, or otherwise control, such Investment

5

Funds; and have no influence over the Investment Funds' decisions to buy, sell, or vote any particular security.  The Investment Funds generally are operated as blind pools, such that when a McAndrews Professional makes an investment in an Investment Fund, he or she has no knowledge of or control over which securities the blind pool will purchase or sell.

13.    To the best of my knowledge, neither McAndrews nor any McAndrews Professional represents any interest materially adverse to the Debtors' estates with respect to any matter upon which McAndrews is to be engaged.

14.    The following is provided in response to Paragraph D.1 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, established by the Executive Office for the United States Trustees:

> **Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
>
> **Response**:    No.
>
> **Question**:    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
>
> **Response**:    No.
>
> **Question**:    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.
>
> **Response**:    McAndrews has represented the Debtors in each of the 12 months prepetition.  Aside from the Retainers and Fee Advance, the compensation structure proposed by McAndrews in its retention application for this bankruptcy proceeding — including the fixed fee and flat fees referenced in paragraph 6 above — is the same structure used by the parties prepetition.  The current hourly billing rates for McAndrews Professionals expected to spend significant time on the engagement range from $376 to $560 for partners, $272 to $396 for of counsel, $330 for associates, and $184 to $264 for patent agents and paralegals.

6

**Question**:    Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**:    As the purpose of McAndrews' retention is principally to make it possible for the Debtors or their counsel to call upon McAndrews for IP issues as they arise, it may not be feasible for McAndrews to predict in advance the amount of time it will be asked to spend on matters relating to the Debtors.  McAndrews, however, will work with the Debtors to attempt to develop a prospective budget and staffing plan with respect to matters as they arise in these chapter 11 cases. McAndrews and the Debtors will periodically review any such budget to determine whether it remains reasonable.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my information, knowledge, and belief.

Executed this 21st day of November, 2018

/s/ Ronald H. Spuhler
Ronald H. Spuhler
Shareholder/Attorney
McAndrews, Held & Malloy, Ltd.

7

# **Exhibit C**

## **Meghji Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                              :
                                                   :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*          :
                                                   :          **Case No. 18-23538 (RDD)**
                                                   :
          **Debtors.**[1]                          :          **(Jointly Administered)**
-----------------------------------------------------------------x

## DECLARATION OF MOHSIN MEGHJI IN SUPPORT OF
## APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN
## AND EMPLOY MCANDREWS, HELD & MALLOY, LTD AS IP COUNSEL
## FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Mohsin Meghji makes this declaration under 28 U.S.C. § 1746:

1.      I am the Chief Restructuring Officer of Sears Holding Corporation

("**Sears Holdings**") and certain of its affiliates.  In my current role at Sears Holdings, I am

responsible for supervising outside counsel and monitoring and managing legal fees and

expenses.

2.      On October 15, 2018 (the "**Commencement Date**"), Sears Holdings and

certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  I submit this Declaration in support of the Debtors' application (the "**Application**"),[2] pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for authority to retain and employ McAndrews Held & Malloy, Ltd. ("**McAndrews**" or the "**Firm**"), as IP counsel for the Debtors in the above-captioned chapter 11 cases *nunc pro tunc* to the Commencement Date, filed contemporaneously herewith.

### The Debtors' Selection of McAndrews as Counsel

3.      McAndrews is proposed to serve as IP counsel to the Debtors.  I understand that a comprehensive review process is necessary when selecting and managing IP counsel to ensure the bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in nonbankruptcy engagements.  The Debtors chose McAndrews because of, among other factors, the Firm's relationship with the Debtors and its role as IP counsel in numerous matters over a period of many years.

### Cost Supervision

4.      As Chief Restructuring Officer, I have reviewed the terms of McAndrew's engagement on behalf of the Debtors, as set forth in the Application.  McAndrews has confirmed to me that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement.

5.      McAndrews has advised me that the rates for the Fixed Fee Services and the Flat Fee Services are consistent with the amounts historically paid by the Debtors to

---

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

McAndrews for services.  McAndrews has also advised me that its customary U.S. hourly rates range from $376 to $560 for partners, $272 to $396 for of counsel, $330 for associates, and $184 to $264 for patent agents and paralegals.  I am informed by McAndrews that its attorneys' billing rates reflect a 20% discount for the Debtors and are competitive as compared to the billing rates of its peer firms.  However, to the extent there is any disparity in such rates, I nevertheless believe that McAndrews' retention by the Debtors is warranted in these cases for the reasons set forth in the Debtors' Application.

6.      I understand that certain of McAndrews' fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the pendency of these chapter 11 cases by, among other parties, the United States Trustee, the Debtors, and the Creditors' Committee, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in chapter 11 cases.

7.      As Chief Restructuring Officer of the Debtors, I supervise and manage legal fees and expenses incurred by the Debtors' outside counsel.  I or someone under my supervision review the Debtors' outside counsel invoices and authorize all legal fees and expenses prior to the payment of such fees to outside counsel.  In doing so, I assure that all requested fees and expenses are not unreasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates.  The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy cases.  Moreover, McAndrews has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be

4

carefully considered by McAndrews.  I will continue to review the invoices that the Debtors submit and, together with McAndrews, amend such invoices as necessary.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 21st day of November, 2018

/s/ Mohsin Y. Meghji
Mohsin Y. Meghji
Chief Restructuring Officer,
Sears Holdings Corporation

5