Presentment Date and Time: November 29, 2018 at 10:00 a.m. (Eastern Time)
Objection Date and Time: November 28, 2018 at 4:00 p.m. (Eastern Time)
Hearing Date (only if Objections filed): To Be Announced

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                    :    Chapter 11
                                                         :
**SEARS HOLDINGS CORPORATION,** *et al.*,                :    Case No. 18-23538 (RDD)
                                                         :
                                                         :    **(Jointly Administered)**
                Debtors.[1]                              :
------------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### NOTICE OF PRESENTMENT OF
### STIPULATION AND AGREED ORDER WITH
### RESPECT TO APPOINTMENT OF A CONSUMER PRIVACY OMBUDSMAN

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the Stipulation and Agreed Order with Respect to Appointment of a Consumer Privacy Ombudsman (the "**Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **November 29, 2018 at 10:00 a.m. (Eastern Time)**. A copy of the Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation attached hereto is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **November 28, 2018 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider such Stipulation, and such Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Stipulation, a hearing (the "**Hearing**") will be held to consider such Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: November 21, 2018
      New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

# Exhibit 1

**Stipulation**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
::
In re                                                      :    Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,   :    Case No. 18-23538 (RDD)
:
Debtors.                                              :    (Jointly Administered)
:
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER WITH RESPECT TO**
**APPOINTMENT OF A CONSUMER PRIVACY OMBUDSMAN**

This Stipulation and Agreed Order (the "**Stipulation**") is made and entered into by and between Sears Holdings Corporation and its related debtors, as debtors and reorganized debtors (collectively, the "**Debtors**"), and William K. Harrington, the United States Trustee for Region 2 ("the **U.S. Trustee**," and together with the Debtors, the "**Parties**").

**RECITALS**

A.  Beginning on October 15, 2018 and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      On November 1, 2018, the Debtors filed a motion seeking entry of an order that would approve Global Bidding Procedures to sell the Debtors' assets (the "**Global Bidding Procedures Motion**"). On November 3, 2018, the Debtors filed a separate motion seeking entry of an order that would, among other things, approve Bidding Procedures for the sale of the Sears Home Improvement Business (the "**SHIP Bidding Procedures Motion**").[2]

C.      On November 16, 2018, this Court entered an order approving the SHIP Bidding Procedures Motion (ECF No. 775). On November 19, 2018, this Court entered an order approving the Global Bidding Procedures Motion (ECF No. 816).

D.      On November 8, 2018, the U.S. Trustee filed a Limited Objection to the Global Bidding Procedures Motion (ECF No. 522) and a Limited Objection to the SHIP Bidding Procedures Motion (ECF No. 523) (together, the "**Objections**"). In both of the Objections, the U.S. Trustee requested that a consumer privacy ombudsman be appointed with respect to the sale of the Debtors' customers' "personally identifiable information," as such term is defined in 11 U.S.C. § 101(41A) ("**PII**").

E.      The Parties have entered into this Stipulation to resolve the U.S. Trustee's Objections as set forth below.

## AGREED ORDER

1.      This Stipulation shall become effective on the date that it is "So Ordered" by the Bankruptcy Court (the "**Effective Date**") and shall inure to the benefit of the Parties and their respective successors.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Global Bidding Procedures Motion or SHIP Bidding Procedures Motion, as applicable.

2

2. To facilitate sales of PII and to assist the Court in connection therewith, the Parties seek the appointment of a disinterested person to serve as consumer privacy ombudsman in these chapter 11 cases pursuant to 11 U.S.C. § 332 (the "**Ombudsman**").

3. The Ombudsman shall (a) perform the functions set forth in 11 U.S.C. § 332(b), subject to the terms of this Stipulation, and (b) at all times comply with 11 U.S.C. § 332(c).

4. The Ombudsman shall be compensated pursuant to 11 U.S.C. § 330, provided that this Stipulation shall have no effect on any agreement between one or more of the Debtors and one or more third parties that provides for the responsibility or any allocation of costs or expenses of the Ombudsman, rights of reimbursement or recoupment, or any similar rights related thereto.

5. If a report or recommendation of the Ombudsman is required to be submitted, then any such report or recommendation must be submitted prior to (a) in cases where the procedures governing a sale provide for notice and objections, the applicable objection deadline, or (b) in cases where the procedures governing a sale do not provide for notice and objections, seven (7) days after the Debtors provide notice to the Ombudsman of such sale.

6. Nothing in this Stipulation shall be construed as an admission of liability or constitute, imply, or evidence the validity of any claim, allegation, objection, defense, asserted right or remedy at law or equity, raised, or that could be raised, by any party in connection with the Claims.

7. This Stipulation may not be modified, amended, or vacated other than by a signed writing executed by the Parties. This Stipulation contains all of the terms agreed upon by the Parties regarding the subject of this Stipulation. Any prior agreements, promises, negotiations,

or representations, either oral or written, relating to the subject of this Stipulation that are not set forth or referred to in this Stipulation are of no force or effect.

8. Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Evidence of execution of this Stipulation may be exchanged by electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be fully binding on the Party as a signed original.

10. The claims agent in the Debtors' chapter 11 cases is authorized to adjust the claims register in accordance with this Stipulation.

11. The Bankruptcy Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Stipulation.

Dated: November 20, 2018

| | |
|---|---|
| By: /s/ Sunny Singh | By: /s/ Paul K. Schwartzberg |
| WEIL, GOTSHAL & MANGES LLP | WILLIAM K. HARRINGTON |
| 767 Fifth Avenue | UNITED STATES TRUSTEE, Region 2 |
| New York, NY 10153 | 201 Varick Street, Room 1006 |
| Telephone: (212) 310-8000 | New York, NY 10014 |
| Facsimile: (212) 310-8007 | Tel. (212) 510-0500 |
| Ray C. Schrock, P.C. | Paul K. Schwartzberg |
| Jacqueline Marcus | |
| Garrett A. Fail | |
| Sunny Singh | |
| | |
| *Attorneys for Debtors and Debtors in Possession* | *United States Trustee, Region 2* |

**APPROVED AND SO ORDERED**
this __ day of November 2018

**BY THE COURT:**

_____
Honorable Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

5