Hearing Date and Time: **EXPEDITED HEARING REQUESTED**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                              :
                                                   :     **Chapter 11**
**SEARS HOLDINGS CORPORATION, *et al.*,**          :
                                                   :     **Case No. 18-23538 (RDD)**
                                                   :
Debtors.[1]                                        :     **(Jointly Administered)**
------------------------------------------------------------x

## NOTICE OF HEARING ON MOTION OF DEBTORS TO SHORTEN NOTICE WITH RESPECT TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING ENTRY INTO ADMINISTRATION AGREEMENT

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that the Debtors will request a hearing on the annexed motion (the "**Motion to Shorten**"), of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure, shortening the notice period and setting the date and time for a hearing on the *Motion of Debtors for Entry of an Order Authorizing Entry into Administration Agreement* (the "**Motion**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") as soon as counsel may be heard.

Dated: November 23, 2018
      New York, New York

                      /s/ Garrett A. Fail
                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York  10153
                      Telephone:  (212) 310-8000
                      Facsimile:  (212) 310-8007
                      Ray C. Schrock, P.C.
                      Jacqueline Marcus
                      Garrett A. Fail
                      Sunny Singh

                      *Attorneys for Debtors*
                      *and Debtors in Possession*

Hearing Date and Time: **EXPEDITED HEARING REQUESTED**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                          :
                                               :       **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al*.,       :
                                               :       **Case No. 18-23538 (RDD)**
                                               :
Debtors.[1]                                    :       **(Jointly Administered)**
------------------------------------------------------------x

# MOTION OF DEBTORS TO SHORTEN NOTICE WITH RESPECT TO MOTION OF DEBTORS FOR ORDER ENTRY OF AN ORDER AUTHORIZING ENTRY INTO ADMINISTRATION AGREEMENT

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**" or "**Sears**"), respectfully represent as follows in support of this motion (the "**Motion to Shorten**"):

**Background**

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Bankruptcy Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (ECF No. 3) (the "**Riecker Declaration**").

2

**Jurisdiction**

5.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6.  By this Motion to Shorten, pursuant to Bankruptcy Rule 9006(c), the Debtors request entry of an order shortening the notice period with respect to the *Motion of Debtors for Entry of an Order Authorizing Entry into Administration Agreement* (the "**Motion**"),[2] filed contemporaneously herewith. The Debtors also request that the Court permit any objector to assert a written objection at any time in advance of the hearing to consider the Motion and/or an oral objection at the hearing.

7.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should Be Granted**

8.  In the Motion, the Debtors request, pursuant to sections 105 and 363 of the Bankruptcy Code, authority to enter into an Administration Agreement with Assurant. The Debtors previously announced on the record to the Court on November 15 that they were working to enter into an agreement with a third-party underwriter of Service Agreements. The Debtors do not believe that Court approval of the Administration Agreement is required; however, Assurant has the right to terminate the Administration Agreement if the Court does not formally approve

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion and/or the Riecker Declaration, as applicable.

the Motion by December 7, 2018.  Furthermore, as described in the Motion, with the holiday shopping season already in progress, the Debtors need immediate approval of the Motion to continue selling the Service Contracts and prevent the termination of the Administration Agreement.  Hence, the Debtors with the support of the Creditors' Committee and the Debtors' postpetition secured lenders request that the Court shorten the notice period otherwise required to consider authorizing approval of the Administration Agreement, so that the Debtors may continue selling Service Contracts.

9. Bankruptcy Rule 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c).

10. The Debtors believe that sufficient cause exists to shorten the notice period for a hearing on the Motion.  Given the timing of the Court's next omnibus hearing date, if the Debtors did not file the Motion to Shorten, Assurant would have a right to terminate the Administration Agreement and impact the Debtors' liquidity during this important period.  As the Debtors have emphasized, the Debtors' financial performance during the current period is critical to maintaining going-concern value and soliciting bids for the business.

11. The shortened notice period requested herein is appropriate under the circumstances.

12. Based on the foregoing, the Debtors respectfully submit that cause exists to shorten the notice period with respect to the Motion.

4

**Notice**

13. Notice of this Motion to Shorten has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405) (the "**Case Management Order**"). The Debtors respectfully submit that no further notice is required.

14. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just and appropriate.

Dated: November 23, 2018
       New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

# Exhibit A

**Proposed Order**

WEIL:\96813358\1\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                                       :
                                                            :     Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                         :
                                                            :     Case No. 18-23538 (RDD)
                                                            :
Debtors.¹                                                   :     (Jointly Administered)
------------------------------------------------------------x
```

### ORDER SHORTENENING TIME FOR NOTICE OF HEARING NOTICE WITH RESPECT TO MOTION OF DEBTORS FOR ORDER ENTRY OF AN ORDER AUTHORIZING ENTRY INTO ADMINISTRATION AGREEMENT

Upon the motion to shorten notice, dated November 23, 2018 (the "**Motion to Shorten**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), for entry of an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion to Shorten.

shortening the time for notice of the hearing to consider the *Motion of Debtors for Entry of an Order Authorizing Entry into Administration Agreement* (the "**Motion**"), all as more fully set forth in the Motion to Shorten; and the Court having jurisdiction to decide the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion to Shorten and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion to Shorten having been provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion to Shorten and granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is granted.

2. A hearing on the Motion will be held on **[_____], [_] 2018** at **[_] a.m./p.m. (Eastern Time)** (the "**Hearing**").

3. Any responses or objections (collectively, "**Objections**") to the Motion may be asserted in writing or at the Hearing.

    4.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
       White Plains, New York

                          THE HONORABLE ROBERT D. DRAIN
                          UNITED STATES BANKRUPTCY JUDGE

WEIL:\96813358\1\73217.0004