Hearing Date and Time: November 27, 2018 at 1:30 p.m. (Eastern Time)
Objection Date and Time: November 26, 2018 at 12:00 p.m. (Eastern Time)

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-373-3000
Fax: 212-757-3990
Paul M. Basta
Kelley A. Cornish
Lewis R. Clayton

*Counsel to the Debtors Acting at the Direction
of the Restructuring Subcommittee of the Board of Directors
of Sears Holdings Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | **Case No. 18-23538 (RDD)** |
| Debtors. [1] | **(Jointly Administered)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RESTRUCTURING SUBCOMMITTEE'S RESPONSE TO THE MOTION OF ESL INVESTMENTS, INC., FOR THE ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004, 9006, AND 9016 AUTHORIZING EXPEDITED DISCOVERY OF THE UCC AND THE SUBCOMMITTEE**

The Restructuring Subcommittee (the "Subcommittee") of the Restructuring Committee of the Sears Holdings Corporation ("Sears" or the "Debtors") Board of Directors (the "Board") hereby submits this response (the "Response") to the *Motion of ESL Investments, Inc. ("ESL"), for the Entry of an Order Pursuant to Bankruptcy Code Section 105 and Federal Rules Of Bankruptcy Procedure 2004, 9006, And 9016 Authorizing Expedited Discovery of the Debtors and Third Parties* [ECF No. 854] (the "Motion"). The Subcommittee respectfully states as follows:

1. The Subcommittee consists of two independent directors appointed to the Board in October 2018, prior to the petition date. The Subcommittee's mandate includes, among other things, investigating prepetition related-party transactions that may give rise to claims or causes of action on behalf of Sears, and to prosecute, release, or settle any such claims on its behalf. (*See Subcommittee Motion for Leave to Conduct Discovery Pursuant to Bankruptcy Rule 2004* [ECF No. 609] ("Subcommittee 2004 Motion")). The Subcommittee's mandate grants the Subcommittee the authority to control the Debtors' attorney-client and attorney work product privileges with respect to any information disclosed to or developed by the Subcommittee or its advisors during their work.

2. The Subcommittee, with the assistance of its legal and financial advisors, is undertaking an impartial investigation into prepetition related-party transactions that may give rise to claims by Debtors or their creditors and the potential recoveries on such claims. In the interests of avoiding unnecessary cost and duplication of effort, the Subcommittee has also been cooperating with the investigation by the Official Committee of Unsecured Creditors (the

"UCC"). Among other things, the Subcommittee has been sharing with the UCC certain non-privileged relevant documents that it receives from the Debtors and others. To date, the Subcommittee has provided the UCC with more than 200,000 pages of such documents. The Subcommittee is expeditiously reviewing other documents it has received for privilege and is continuing to provide the UCC with non-privileged documents following that review.

3. In the interests of expediting this case, the Subcommittee does not object at this time to providing ESL with the same non-privileged documents it has provided and will provide to the UCC, subject to ESL's consent to the Stipulated Protective Order [ECF No. 605]. The Subcommittee understands that ESL does not seek by its Motion access to privileged documents of the Debtors. *See* Motion ¶ 14 ("By this Motion, ESL seeks the authority to serve expedited discovery requests under Rule 2004 seeking the relevant *non-privileged* materials collected by the Committees in connection with their Review.") (emphasis added); *id.* Ex. A (Proposed Order), ¶ 5 ("The production and examination required hereby are subject to all applicable privileges . . . ."). For the avoidance of doubt, and without waiving any other applicable privileges or protections, the Subcommittee contends that its selection of materials from the Debtors that it does not provide to the UCC, if any, is subject to protection as attorney work product, and it will not produce any such documents to ESL. To the extent that any producing party objects to the production of its documents to ESL, the Subcommittee takes no position as to the validity of any such objection, and intends to withhold such documents pending a resolution of any such objection by agreement between the producing party and ESL or by order of the Court.

4. The Subcommittee has discussed the Motion with counsel for ESL and the UCC. It has been advised by ESL that it concurs with the proposed approach set forth in the

Doc#: US1:12442741v6

foregoing paragraph.  The UCC has stated that it takes no position on (neither objecting to nor affirmatively supporting) discovery directed at other third parties, including the Subcommittee.

Dated: November 26, 2018  
New York, New York

*/s/ Paul M. Basta*  
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP  
1285 Avenue of the Americas  
New York, New York 10019  
Tel: 212-373-3000  
Fax: 212-757-3990  
Paul M. Basta  
Kelley A. Cornish  
Lewis R. Clayton

*Counsel to the Debtors Acting at the Direction of the Restructuring Subcommittee of the Board of Directors of Sears Holdings Corporation*