Hearing Date and Time: November 27, 2018 at 1:30 p.m. (Eastern Time)
Objection Deadline: November 26, 2018 12:00 p.m. (Eastern Time)

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Joseph L. Sorkin
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION., *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* TO ESL INVESTMENTS, INC.'S MOTION SEEKING EXPEDITED DISCOVERY**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Sears Holdings") and its affiliated debtors and debtors in possession (collectively, the "Debtors" and together with their non-Debtor affiliates, the "Company" or "Sears"), by and through its proposed undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the *Motion Of ESL Investments, Inc. For The Entry Of An Order Pursuant To Bankruptcy Code Section 105 And Federal Rules Of Bankruptcy Procedure 2004, 9006, And 9016 Authorizing Expedited Discovery Of The UCC And The Subcommittee* filed on November 21, 2018 [ECF No. 854] (the "ESL Discovery Motion"). In support of its Limited Objection, the Creditors' Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. By the ESL Discovery Motion, ESL[2] seeks expedited discovery from the recently appointed Committees despite possessing a ringside seat to all the Transactions subject to the Committees' Review. As such, its request, at the very least, seems entirely unnecessary given its prior access to the information that it now seeks through the ESL Discovery Motion. Regardless, even if ESL did not have all the materials it demands that the Creditors' Committee now reproduce, the Creditors' Committee is not the proper target of its requests, and should not bear the burden of serving as an intermediary between ESL on the one hand, and the Company and any third parties on the other. ESL's demand is particularly burdensome given the extreme time pressure faced by the Creditors' Committee to substantially complete its investigation prior to the Debtors' December 15, 2018 deadline to select a stalking horse bidder for the sale of their go-forward operating business. This investigation must be substantially completed prior to that

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the ESL Discovery Motion.

2

deadline because it will inform the Creditors' Committee's position with respect to an ESL credit bid and any proposed releases. As such, the ESL Discovery Motion should be denied to the extent it seeks relief as against the Creditors' Committee.

## BACKGROUND

2. On November 6, 2018, the Creditors' Committee filed a motion (the "Creditors' Committee Motion") pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") seeking authorization to pursue expedited discovery of the Debtors and other entities, including ESL, that were involved in various related-party transactions that are the subject of the Creditors' Committee's investigation. *See Motion of the Official Committee of Unsecured Creditors of Sears Holdings Corporations, et al., for the Entry of an Order Pursuant to Bankruptcy Code Section 105 and Federal Rules of Bankruptcy Procedure 2004, 9006, and Authorizing Expedited Discovery of the Debtors and Third Parties* [ECF No. 484]. The restructuring subcommittee of the restructuring committee of the Sears Holdings board of directors filed a motion (the "Restructuring Subcommittee Motion") seeking substantially similar relief soon thereafter, explaining that it, too, is investigating the same prepetition related-party transactions under investigation by the Creditors' Committee. *See Motion for Leave to Conduct Discovery Pursuant to Bankruptcy Rule 2004* [ECF No. 609].

3. ESL filed a preliminary response to the Creditors' Committee Motion, asserting that "ESL's efforts benefited Sears and its stakeholders by providing Sears with liquidity and runway to implement solutions to the challenges it faced." *See ESL's Preliminary Response to the Motion of the Official Committee of Unsecured Creditors* [ECF No. 575]. ESL did not object to the relief requested in the Creditors' Committee's Motion and instead reaffirmed its pledge to cooperate with "any investigation." *See id.*

3

4. On November 16, 2018, the Court entered orders granting the relief requested in the Creditors' Committee Motion (the "November 16 Order") and the Restructuring Subcommittee Motion. *See* ECF Nos. 802, 803.

5. On November 21, 2018, ESL filed the ESL Discovery Motion, seeking "authority to take expedited discovery pursuant to Rules 2004, 9006, and 9016 of the Committees, seeking specifically information relevant to ESL and the Transactions . . . gathered by the Committees as part of their expedited Review of the Transactions." ESL Discovery Motion ¶ 1.

## OBJECTION

6. The Creditors' Committee respectfully requests that the Court deny the ESL Discovery Motion as directed against the Creditors' Committee.[3] Put simply, the Creditors' Committee is not a proper target of any Rule 2004 subpoena issued by ESL: the Creditors' Committee is a body appointed by the U.S. Trustee pursuant to Bankruptcy Code section 1102 that did not exist prior to the commencement of these cases. Prior to its appointment, the Creditors' Committee had no knowledge of the "the acts, conduct, or property or to the liabilities and financial condition of the [Debtors], or to any matter which may affect the administration of the [Debtors' estates]." Fed. R. Bankr. P. 2004(b).

7. Thus, any information the Creditors' Committee now has regarding the Debtors' affairs is a result of its own investigative efforts, including the issuance of its own Rule 2004 subpoenas. Indeed, the Court's November 16 Order authorizing the Creditors' Committee discovery pursuant to Rule 2004 was intended to facilitate the *Creditors' Committee's* investigation of the Debtors; it did not convert the Creditors' Committee into a repository for *all*

---

[3] For the avoidance of doubt, the Creditors' Committee takes no position on any request by ESL seeking discovery from any other parties.

4

other interested parties to seek reproduction of all produced materials relevant to their interests. ESL cites no authority for such a position, and the Creditors' Committee is unaware of any authority allowing such relief.

8.     Moreover, the potential burden of ESL's requested discovery imposed on the Creditors' Committee is not justified here, where ESL has extensive knowledge of, and was directly involved in, the matters under investigation. ESL held a controlling interest in the Debtors at all relevant times, its founder occupied the position of the CEO of Sears during most of the relevant periods, it had representatives on Sears Holdings board of directors, and it was intimately involved in the prepetition Transactions, often participating as the counterparty on the other side of such Transactions.

9.     ESL doubtless already has access to most, if not all, of the materials obtained to date (or for that matter sought) by the Creditors' Committee as a result of its involvement in most of the Transactions being investigated. ESL's broad request for "all discovery already collected or to be collected by the Committees in connection with ESL," ESL Discovery Motion ¶ 19, necessarily seeks information and materials already in its possession. Significantly, the Creditors' Committee has yet to receive critical and necessary information, including, but not limited to, such basic information as the identification of the specific assets owned by each legal entity as well as each of the specific assets proposed to be included in the sale of the go-forward operating business. Given its historical involvement in the Debtors' business, ESL has substantially more information than the Creditors' Committee does at this point in time. Yet ESL has explained neither why it must receive reproduction of those same materials nor why it must burden the Creditors' Committee with the task of doing so. Accordingly, its requests are overbroad and burdensome, and its overreach should be denied. *See, e.g., Cohen v. City of New*

5

*York*, 255 F.R.D. 110, 112 (S.D.N.Y. 2008) (modifying subpoena to exclude materials that were already in the possession of the party serving the subpoena).

10. Thus, both because ESL's request is not properly directed at the Creditors' Committee, and because ESL undoubtedly already has a substantial portion of the materials it requests that the Creditors' Committee now reproduce, or can request such materials directly from the Company or the appropriate third parties,[4] the ESL Discovery Motion fails to articulate the "good cause" necessary to grant the requested relief. In light of the exigencies of these chapter 11 cases, ESL's unnecessary request would strain the already strained resources of the Creditors' Committee, and saddle it with an entirely unnecessary burden.

## **CONCLUSION**

For the foregoing reasons, the Creditors' Committee respectfully requests that the Court (a) deny the ESL Discovery Motion to the extent it seeks authorization to serve discovery requests on the Creditors' Committee and (b) grant the Creditors' Committee such other and further relief as is just, proper and equitable.

---

[4] Should the Court grant ESL's request to take discovery on the Creditors' Committee, the Creditors' Committee respectfully requests that the Court order that any discovery objection raised by a third party be handled between ESL and the relevant objecting party.

| | |
|---|---|
| New York, New York<br>Dated:   November 26, 2018 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/ *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Joseph L. Sorkin<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>idizengoff@akingump.com<br>pdublin@akingump.com<br>aqureshi@akingump.com<br>jsorkin@akingump.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |