Hearing Date and Time: November 27, 2018 at 1:30 pm (Eastern)
Objection Date and Time: November 27, 2018 at 1:30 pm(Eastern)

THE SARACHEK LAW FIRM
Joseph E. Sarachek
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (212) 365-8792
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>SEARS HOLDING CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD) |

**LIMITED OBJECTION OF MIEN CO. LTD TO DEBTORS'**
**SUPPLEMENTAL MOTION FOR AUTHORITY TO (I)**
**OBTAIN JUNIOR POSTPETITION FINANCING, (II)**
<u>**SCHEDULE FINAL HEARING**</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179

7

Mien Co. Ltd ("**Mien**") hereby files its limited objection (the "**Objection**") to the *Debtors' Supplemental Motion For Authority To (I) Obtain Junior Postpetition Financing, (II) Schedule A Final Hearing, dated October 25, 2018 2018 (Dkt. No. 872)* (the "**Motion**") filed by the above-captioned debtors (the "**Debtors**"). In support of this Objection, Mien respectfully represents as follows:

1. In the Motion, the Debtors seek authority to, among other things, enter into a $350 million multiple-draw junior debtor-in-possession term loan (the "Junior DIP Financing"). This is on top of the Debtors existing DIP ABL Financing. While there is little doubt that the Debtors need this financing, it is unclear to Mien, a trade vendor with approximately $1.2 million in 503(b)(9) claims and an aggregate of $4 million in unsecured claims how it will be impacted by this financing and more particularly the interplay the new financing will have on the relief sought in the Court's previous order on Critical Vendors.

2. With respect to the prior order of November 16, 2018, this Court signed the Final Order (I)Authorizing Debtors to Pay Certain Prepetition Obligations To Critical Vendors: (II) Approving Procedures to Address Vendors Who Repudiate and Refuse To Honor Their Contractual Obligations To the Debtors; and (III) Granting Related Relief. *Docket No. 793* (the "Critical Vendor Order"). An explicit part of the Critical Vendor Order is the satisfaction of 503(b)(9) claims of certain vendors. Mien believes it is a Critical Vendor and has been in communication with the Debtors' representatives and they have asked Mien to ship additional goods but, to date, Mien has not received payment on its 503(b)(9) claims. Will the Junior DIP Financing be used to pay off existing 503(b)(9) claimants who are Critical Vendors? There is no clear indication in the Motion.

3. The Debtors have gone to great lengths in the Motion and Term Sheets to enumerate the levels and priorities of indebtedness, however they have not provided 503(b)(9) claimants with

any indication of where they are situated in the capital structure. Furthermore, they have not provided the Court or the creditor body with a reasonable estimate of the outstanding pool of 503(b)(9) claims.

4. The Bankruptcy Code permits a debtor to obtain post-petition financing only where the debtor cannot obtain "unsecured credit allowable under section 503(b)(1)" of the Bankruptcy Code. *See* 11 U.S.C. § 364(c). Approval of a proposed DIP Facility is within the Court's discretion; however, the Court must balance the interests of all stakeholders to these cases, including those of administrative and general unsecured creditors.

5. In order to strike that balance, the debtor must demonstrate that the proposed financing will permit the debtor to operate in a manner that benefits all stakeholders. *See In re Aqua Assocs.*, 123 B.R. 192, 196 (Bankr. E.D. Pa. 1991); *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 37–40 (Bankr. S.D.N.Y. 1990). The Debtors cannot abandon their duties to their stakeholders. *Ames Department Stores*, 115 B.R. at 38. Likewise, section 364 of the Bankruptcy Code is not a "secured lenders' act" allowing a single creditor to upset the level playing field contemplated by the Bankruptcy Code. *See Ames Dep't Stores*, 115 B.R. at 37; *see also Tenney Vill. Co.*, 104 B.R. 562, 568 (Bankr. D.N.H. 1989). This is not Mien's intent.

6. The proposed roll up is troublesome given the potential size of the administrative claims pool. Based on the filings to date, it appears that, trade creditors have filed at least $80 million in reclamation claims against the Debtors. Clearly, a portion of this $80 million will relate to goods that were provided in the 20 days prior to the Petition Date, and as such will be entitled to administrative priority under Bankruptcy Code 503(b)(9). The Debtors have provided no comfort that holders of 503(b)(9) claims will be paid, and instead are seeking to layer additional superpriority claims on top of them. The Court should not approve the Junior DIP Motion without some showing from the Debtors that the liquidity by the proposed will cover section 503(b)(9)

claims and all post-petition trade claims. These cases should not be financed on the back of vendors.

7. Mien does not take issue with the Debtors' need for post-petition financing. However, it wants more transparency. Administrative trade vendors who are the lifeblood of this Company should not bear further diminution in priority without be provided protection.

8. Based on the foregoing, the Court should enter an order (i) modifying the Junior DIP Order to preserve and protect the interests of 503(b)(9) creditors, and (ii) granting such other relief as is just and proper.

Dated:   November 26, 2018                THE SARACHEK LAW FIRM

                                             */s/ Joseph E.Sarachek*
Joseph E. Sarachek
101 Park Avenue – 27th Floor
New York, NY. 10178
Telephone: (212) 808-7881
Facsimile: (646) 861-4950

# CERTIFICATE OF SERVICE

      I, Jonathan H. Miller, do hereby certify that I am not less than 18 years of age and that on the 26th day of November 2018, I caused a copy of the foregoing LIMITED OBJECTION OF MIEN CO. LTD TO DEBTORS' SUPPLEMENTAL MOTION FOR AUTHORITY TO (I) OBTAIN JUNIOR POSTPETITION FINANCING, (II) SCHEDULE FINAL HEARING to be filed electronically through the Court's CM-ECF system, and served upon the parties listed below via email.

                                                   */s/ Jonathan H. Miller*
                                                   Jonathan H. Miller

ray.schrock@weil.com
garrett.fail@weil.com
jacqueline.marcus@weil.com
sunny.singh@weil.com
JeriLeigh.Miller@weil.com
jessica.liou@weil.com
Paloma.VanGroll@weil.com
richard.morrissey@usdoj.gov
paul.schwartzberg@usdoj.gov
paul.leake@skadden.com
shana.elberg@skadden.com
george.howard@skadden.com
idizengoff@akingump.com
pdublin@akingump.com
aqureshi@akingump.com
sbrauner@akingump.com
marshall.huebner@davispolk.com
eli.vonnegut@davispolk.com
sears.service@davispolk.com
soneal@cgsh.com
jbromley@cgsh.com
aweaver@cgsh.com
kdwbankruptcyDepartment@kelleydrye.com
bfeder@kelleydrye.com
cliu@kelleydrye.com
emfox@seyfarth.com
gadsden@clm.com
bankruptcy@clm.com
Dennis.roemlein@bnymellon.com
braynor@lockelord.com
asmith@lockelord.com
dwirt@lockelord.com