| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Joseph L. Sorkin<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* | WEIL, GOTSHAL, & MANGES LLP<br>767 5th Ave<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Jared R. Friedmann<br>Sunny Singh<br><br>*Attorneys for Debtors and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | |
|---|---|
| In re | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

------------------------------------------------------------

**NOTICE OF FILING OF STATEMENT OF STIPULATED FACTS IN
CONNECTION WITH THE DEBTORS' DIP FINANCING MOTION
AND CASH MANAGEMENT MOTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE THAT** the Official Committee of Unsecured Creditors (the "Creditors' Committee"), by and through its proposed undersigned counsel, and the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, have stipulated to certain facts (the "Statement of Stipulated Facts"), annexed hereto as **Exhibit 1**, in connection with the hearing (the "Hearing") scheduled for **November 27, 2018 at 1:30 p.m. (ET)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas St., White Plains, New York 10061 to consider (i) the entry of a final order (the "Final DIP Order") granting the *Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* [ECF No. 7] (the "DIP Financing Motion") and (ii) the entry of a final order (the "Final Cash Management Order") granting the *Motion of the Debtors for Authority to (I) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms, (II) Implement Ordinary Course Changes to Cash Management System, (III) Continue Intercompany Transactions, and (IV) Provide Administrative Expense Priority for Postpetition Intercompany Claims and Related Relief* [ECF No. 5] (the "Cash Management Motion"). By stipulating to these facts, neither the Creditors' Committee nor the Debtors concede that any are relevant to the pending DIP Financing Motion, the Cash Management Motion, the Final DIP Order or the Final Cash Management Order, and expressly reserve the right to object to the admission of any of the stipulated facts on the basis of relevance.

**PLEASE TAKE FURTHER NOTICE THAT** the Creditors' Committee intends to rely on the Statement of Stipulated Facts during the Hearing.

New York, New York

Dated: November 26, 2018

| AKIN GUMP STRAUSS HAUER & FELD LLP | WEIL, GOTSHAL, & MANGES LLP |
|---|---|
| By: /s/ *Joseph L. Sorkin* | By: /s/ *Jared R. Friedmann* |
| Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Joseph L. Sorkin<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 842-1000<br>Fax: (212) 872-1002<br>idizengoff@akingump.com<br>pdublin@akingump.com<br>aqureshi@akingump.com<br>jsorkin@akingump.com | Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Jared R. Friedmann<br>Sunny Singh<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Fax: (212) 310-8007<br>rayschrock@weil.com<br>jacqueline.marcus@weil.com<br>garrett.fail@weil.com<br>jared.friedmann@weil.com<br>sunny.singh@weil.com |
| *Proposed Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* | *Attorneys for Debtors and Debtors in Possession* |

# EXHIBIT 1

**Statement of Stipulated Facts in Connection with the Debtors' DIP Financing Motion and Cash Management Motion**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

---

**STATEMENT OF STIPULATED FACTS IN CONNECTION WITH THE DEBTORS' DIP FINANCING MOTION AND CASH MANAGEMENT MOTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "UCC") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") and the Debtors submit this Statement of Stipulated Facts in connection with the (i) entry of a final order (the "Final DIP Order") granting the *Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* [ECF No. 7] (the "DIP Financing Motion") and (ii) entry of a final order (the "Final Cash Management Order") granting the *Motion of the Debtors for Authority to (I) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms, (II) Implement Ordinary Course Changes to Cash Management System, (III) Continue Intercompany Transactions, and (IV) Provide Administrative Expense Priority for Postpetition Intercompany Claims and Related Relief* [ECF No. 5) (the "Cash Management Motion"). By stipulating to the following stipulated facts, neither the UCC nor Debtors concede that any are relevant to the pending DIP Financing Motion, the Cash Management Motion, the Final DIP Order and the Final Cash Management Order (the "Motions") and expressly reserve the right to object to their admission on the basis of relevance. Subject to that understanding, the UCC and Debtors agree to the following stipulated facts for purposes of the Motions:

1.     Consolidating financial statements for Sears Holdings Corporation do not exist. Balance sheets, trial balances and income statements for each Debtor entity exist, but have not been made available to any third party, including the UCC, and were not considered or relied upon by the Debtors in connection with the Motions.

2. Historical, current and estimated future operating cash flows on a Debtor-entity-by-Debtor-entity basis do not exist.

3. An estimate of the amount of cash each Debtor entity will receive from the proposed debtor-in-possession financing in connection with the DIP Financing Motion (the "DIP Financing") does not exist.

4. A budget for the uses of the funds each Debtor entity will receive from the proposed DIP Financing does not exist.

5. Debtors have identified for the UCC on a Debtor-entity-by-Debtor-entity-basis all prepetition unencumbered accounts receivable assets and unencumbered real estate assets that would become encumbered by the proposed DIP Financing, but a comprehensive schedule or other statement of the identity on a Debtor-entity-by-Debtor-entity basis of all prepetition unencumbered assets that would become encumbered by the proposed DIP Financing does not exist.

6. The identity and existence on a Debtor-entity-by-Debtor-entity-basis of all prepetition unencumbered assets that would become encumbered by the proposed DIP Financing was not considered or relied upon by the Debtors in connection with the negotiation of the proposed DIP Financing or the Motions.

7. Debtors have identified for the UCC on a Debtor-entity-by-Debtor-entity-basis which legal entity owns all prepetition unencumbered accounts receivable assets and unencumbered real estate assets that would become encumbered by the proposed DIP Financing, but a comprehensive schedule or other statement of the identity on a Debtor-entity-by-Debtor-entity basis of which legal entity owns all of the prepetition unencumbered assets that would become encumbered by the proposed DIP Financing does not exist.

8. The identity and existence on a Debtor-entity-by-Debtor-entity-basis of which legal entity owns all prepetition unencumbered assets that would become encumbered by the proposed DIP Financing was not considered or relied upon by the Debtors in connection with the negotiation of the proposed DIP Financing or the Motions.

9. Debtors have identified for the UCC on a Debtor-entity-by-Debtor-entity-basis the identity of all prepetition accounts receivable assets and real estate assets, but a comprehensive schedule or other statement of the identity of all prepetition assets each Debtor entity holds does not exist by entity.

10. The identity and value of all prepetition assets each Debtor entity holds was not considered or relied upon by the Debtors in connection with the negotiation of the proposed DIP Financing or the Motions.

11. A schedule or other statement of the identity and book value of each prepetition claim that could be asserted against each Debtor entity is in the process of being prepared but did not exist at the time the Motions were filed and will not exist in advance of the November 27, 2018 hearing on the Motions.

12. The identity and book value of each prepetition claim that could be asserted against each Debtor entity was not considered or relied upon by the Debtors in connection with the negotiation of the proposed DIP Financing or the Motions.

13. A schedule or other statement of the identity and book value of each prepetition lien in existence at each Debtor entity is in the process of being prepared but did not exist at the time the Motions were filed and will not exist in advance of the November 27, 2018 hearing on the Motions.

14.     The identity and book value of each prepetition lien in existence at each Debtor entity was not considered or relied upon by the Debtors in connection with the negotiation of the proposed DIP Financing or the Motions.

15.     An analysis, budget or other build up that shows a breakdown of the costs that the Debtors estimate will be covered by the Winddown Account exists, but has not been disclosed because it is privileged work product.

16.     The Debtors' proposed budget requires incremental financing (beyond the DIP Financing and the junior DIP financing for which the Debtors are seeking approval) beginning the week ending January 19, 2019 and aggregating to approximately $239 million by February 16, 2019 for a going concern sale of 505 stores.

Dated: New York, New York

November 26, 2018

| WEIL, GOTSHAL, & MANGES LLP | AKIN GUMP STRAUSS HAUER & FELD LLP |
|---|---|
| By: /s/ *Jared R. Friedmann* | By: /s/ *Joseph L. Sorkin* |
| Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Jared R. Friedmann<br>Sunny Singh<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Fax: (212) 310-8007<br>rayschrock@weil.com<br>jacqueline.marcus@weil.com<br>garrett.fail@weil.com<br>jared.friedmann@weil.com<br>sunny.singh@weil.com<br><br>*Attorneys for Debtors and Debtors in Possession* | Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Joseph L. Sorkin<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 842-1000<br>Fax: (212) 872-1002<br>idizengoff@akingump.com<br>pdublin@akingump.com<br>aqureshi@akingump.com<br>jsorkin@akingump.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |