**Hearing Date and Time: December 20, 2018 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: December 4, 2018 at 4:00 p.m. (prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————————————————————

|  |  |  |
|---|---|---|
| **In re** | : | Chapter 11 |
|  | : |  |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | Case No. 18-23538 (RDD) |
|  | : |  |
| **Debtors.[1]** | : | (Jointly Administered) |

——————————————————————————————————————

**NOTICE OF HEARING ON THE MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* FOR
ENTRY OF AN ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS
TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A
PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that on November 27, 2018, the Official Committee of Unsecured Creditors of Sears Holdings Corporation, *et al.* (the "Creditors' Committee") hereby files the annexed *Motion of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al., for Entry of an Order Clarifying the Requirements to Provide Access to Confidential or Privileged Information and Approving a Protocol Regarding Creditor Requests for Information* (the "Motion").

**PLEASE TAKE NOTICE** that a hearing to consider the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Court"), 300 Quarropas Street, Courtroom No. 116, White Plains, New York 10601, on **December 20, 2018 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the relief requested in the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405], entered on November 1, 2018, so as to be filed and received no later than **December 4, 2018 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Creditors' Committee may, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the hearing, and failure to appear may result in relief being granted upon default.

New York, New York
Dated:  November 27, 2018

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ *Ira S. Dizengoff*
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
E-mail: idizengoff@akingump.com
         pdublin@akingump.com
         aqureshi@akingump.com
         sbrauner@akingump.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.*

**Hearing Date and Time: December 20, 2018 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: December 4, 2018 at 4:00 p.m. (prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————————:

|  |  |  |
|---|---|---|
| **In re** | : | Chapter 11 |
|  | : |  |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | Case No. 18-23538 (RDD) |
|  | : |  |
| **Debtors.[1]** | : | (Jointly Administered) |

———————————————————————————:

### MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* FOR ENTRY OF AN ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby files this motion (the "Motion"), pursuant to sections 105(a), 107(b) and 1102(b)(3)(A) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), clarifying the requirements of the Creditors' Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding creditor requests for information.  In support of the Motion, the Creditors' Committee respectfully states as follows.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal bases for the relief requested herein are Bankruptcy Code sections 105(a), 107(b), and 1102(b)(3)(A) and (B) and Bankruptcy Rule 9018.

## BACKGROUND

4.      On October 15, 2018 and continuing thereafter, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors' chapter 11 cases (the "Chapter 11 Cases") have

2

been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [ECF No. 118].

5.      On October 24, 2018 (the "Committee Formation Date"), the United States Trustee for the Southern District of New York appointed the Creditors' Committee pursuant to Bankruptcy Code section 1102.  The Creditors' Committee currently comprises: (i) Apex Tool Group, LLC; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A., as indenture trustee; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group L.P.; (vii) The Bank of New York Mellon Trust Company, N.A., as indenture trustee; (viii) Basil Vasiliou; and (ix) Winiadaewoo Electronics America, Inc. [ECF No. 276].

6.      The Creditors' Committee selected Akin Gump Strauss Hauer & Feld LLP as its counsel on October 24, 2018, FTI Consulting, Inc. as its financial advisor on October 25, 2018, and Houlihan Lokey Capital, Inc. as its investment banker on October 29, 2018, each subject to Court approval (collectively, the "Committee Professionals").

7.      The Creditors' Committee has adopted bylaws, which contain numerous provisions designed to, among other things, protect confidential information, materials, and communications produced by or related to the Creditors' Committee, its members, and its professionals, as well as privileged information (collectively, the "Confidential Committee Information").  Confidential Committee Information includes any and all written and oral correspondence, reports, and memoranda prepared by the Committee Professionals for the benefit of the Creditors' Committee as well as all related communications received by any of the members of the Creditors' Committee, including reports disseminated by members of the Creditors' Committee among themselves and/or the Committee Professionals.  The Creditors' Committee also has its own obligations regarding the Creditors' Committee's use and disclosure

of non-public business information provided to the Creditors' Committee by or on behalf of the

Debtors (collectively, the "Confidential Debtor Information").

## RELIEF REQUESTED

8.      Pursuant to this Motion, the Creditors' Committee requests entry of the Proposed

Order, effective as of the Committee Formation Date, authorizing the Creditors' Committee to

establish and implement a protocol (the "Creditor Information Protocol") in accordance with

Bankruptcy Code sections 1102(b)(3)(A) and (B) to facilitate the obligation of the Creditors'

Committee to provide information to the Debtors' unsecured creditor constituency.

9.      Additionally, the Creditors' Committee seeks express authority to maintain a

website for the benefit of the Debtors' creditors.  This website will be used to make non-

confidential and non-privileged information available to the Debtors' unsecured creditors that is

either not otherwise readily available or that the Creditors' Committee determines should be

further highlighted for unsecured creditors.

## BASIS FOR RELIEF REQUESTED

10.     Bankruptcy Code section 1102(b)(3) provides, in relevant part, that a creditors'

committee appointed under Bankruptcy Code section 1102(a) shall "provide access to

information for creditors who (i) hold claims of the kind represented by that committee; and

(ii) are not appointed to the committee."  11 U.S.C. § 1102(b)(3)(A).  Bankruptcy Code section

1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to

information" to creditors, nor does the associated legislative history provide any guidance.

11.     As Bankruptcy Code section 1102(b)(3)(A) simply requires a creditors'

committee to "provide access to information," yet sets forth no guidelines as to the type, kind

and extent of the information to be provided, the statute could be read as requiring a creditors'

4

committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities law disclosure requirements (where applicable).  The legislative history for Bankruptcy Code section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3).  *See* H.R. REP. NO. 109-31(I), at 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information.  In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports or disclosures available to them.").

12.      The lack of specificity in Bankruptcy Code section 1102(b)(3)(A) is a potential source of confusion for creditors and creditors' committees.  Here, as is typical in most chapter 11 cases, the Creditors' Committee already has received and expects to continue to receive confidential and other non-public proprietary information from the Debtors and other parties in interest.  This information likely will be used for, among other things, valuing assets, understanding the Debtors' operations, analyzing potential claims and causes of action, and consideration of restructuring proposals.  A creditor taking an extreme view of Bankruptcy Code section 1102(b)(3)(A), however, might argue that section 1102(b)(3)(A) requires the Creditors' Committee to share another party's (including the Debtors') confidential information that such creditor would not be able to obtain otherwise.  Such an interpretation has a strong potential to chill information sharing between and among stakeholders and the Creditors' Committee and hinder the restructuring process to the detriment of all parties in interest.

13.    Moreover, Bankruptcy Code section 1102(b)(3)(A) also could be read to permit the disclosure of attorney-client privileged information or information protected by any other applicable privilege or doctrine.  Such a reading of the statute raises the question of whether the Creditors' Committee could be required to disclose another party's or its own privileged information.  An obligation to disseminate privileged information or Confidential Committee Information would limit the Committee Professionals' ability to communicate effectively with and advise the Creditors' Committee, thereby reducing the benefit that active Creditors' Committee engagement brings to the administration of these Chapter 11 Cases.

14.    The Creditors' Committee seeks to avoid the foregoing issues as well as any other potential issues that could arise by implementing the following Creditor Information Protocol through the Proposed Order:

    a.    <u>Privileged and Confidential Information</u>: The Creditors' Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Debtor Information, Confidential Committee Information or confidential and non-public proprietary information from other parties ("<u>Confidential Non-Debtor Information</u>" and, collectively with Confidential Debtor Information and Confidential Committee Information, the "<u>Confidential Information</u>") or (ii) any information subject to attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Creditors' Committee or is a joint or common interest privilege with the Debtors or some other party (collectively, the "<u>Privileged Information</u>").  In addition, the Creditors' Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Creditors' Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

    b.    <u>Information Obtained Through Discovery</u>: Any information received (formally or informally) by the Creditors' Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery.  The Creditors' Committee shall not be obligated to provide any information the Creditors' Committee obtains from third parties.

6

c.  <u>Creditor Information Requests</u>: If a creditor (a "<u>Requesting Creditor</u>") submits a written request to the Creditors' Committee or the Committee Professionals for the Creditors' Committee to disclose information (an "<u>Information Request</u>"), pursuant to Bankruptcy Code section 1102(b)(3)(A), the Creditors' Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including by providing access to the information requested or stating the reason(s) why the Creditors' Committee cannot disclose the information requested by such Information Request.  If the Response is to deny the Information Request because the Creditors' Committee believes that the Information Request implicates Confidential Information or Privileged Information that needs not be disclosed, including, but not limited to, (i) pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Creditors' Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Creditors' Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled.  Nothing shall preclude the Requesting Creditor from requesting (or the Creditors' Committee objecting to such request) that the Creditors' Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Creditors' Committee deems to be Confidential Information or Privileged Information.  Further, the Requesting Creditor will be permitted to request that the Court conduct an *in camera* review of information that the Creditors' Committee sets forth in the Response that it cannot share.

d.  <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Creditors' Committee agrees that such request should be satisfied, or if the Creditors' Committee without a third party request wishes to disclose such Confidential Information to creditors, the Creditors' Committee may request (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed; and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed.  If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Creditors' Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion on any basis. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be

7

submitted by email to: Sunny Singh (sunny.singh@weil.com), Natasha S. Hwangpo (natasha.hwangpo@weil.com) and Philip DiDonato (philip.didonato@weil.com). The Creditors' Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such third party, as applicable, or further order of the Court.

e.  The Creditors' Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Creditors' Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement similar to the confidentiality agreement entered into between the Creditors' Committee and the Debtors or any other party.

15.    The Proposed Order would also permit, but not require, the Creditors' Committee to provide access to Privileged Information to any party so long as the relevant privilege is held and controlled solely by the Creditors' Committee and does not include Confidential Debtor Information or Confidential Non-Debtor Information.

16.    The Creditors' Committee believes that granting the relief requested herein will ensure efficient administration of these Chapter 11 Cases and active Creditors' Committee engagement. Moreover, the requested relief is consistent with the language of the Bankruptcy Code. Congress did not intend for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party as that would result in Bankruptcy Code section 1102(b)(3) frustrating other provisions of the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.

17.    Bankruptcy Code section 107(b)(1) provides that, "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). The language of Bankruptcy Code section 107(b)(1) is mandatory, not permissive. *Video Software*

*Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). The plain language of this section of the Bankruptcy Code mandates that confidential information be protected.

18.     Bankruptcy Rule 9018 further supports an interpretation of Bankruptcy Code section 1102(b)(3) that does not require creditors' committees to disseminate confidential or privileged information or materials. Bankruptcy Rule 9018 states, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Bankruptcy Rule 9018 goes a step further than Bankruptcy Code section 107(b)(1); the rule expressly allows a court to act on its own initiative.

19.     Finally, Bankruptcy Code section 105(a) empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Creditors' Committee submits that the requested relief is both necessary for the Creditors' Committee to fulfill its obligations as set forth under Bankruptcy Code section 1103(c) and appropriate in light of Bankruptcy Code section 107(b)(1), Bankruptcy Rule 9018, and the equitable considerations of efficient case administration.

20.     The Creditor Information Protocol sets forth narrowly tailored rules designed to protect the interests of the Debtors, the Creditors' Committee, and affected creditors while permitting reasonable access to information for the Debtors' unsecured creditors. The relief requested also ensures the proper functioning of the chapter 11 process and open informal discovery and due diligence. Bankruptcy courts in this district routinely grant relief substantially

similar to the relief requested by this Motion. *See, e.g., In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. June 5, 2018) [ECF No. 353]; *In re BCBG Max Azria Global Holdings, LLC,* No. 17-10466 (SCC) (Bankr. S.D.N.Y. April 5, 2017) [ECF No. 277]; *In re Avaya Inc.,* No. 17-10089 (SMB) (Bankr. S.D.N.Y. March 16, 2017) [ECF No. 249]; *In re AOG Entm't, Inc.,* No. 16-11090 (SMB) (Bankr. S.D.N.Y. June 30, 2016) [ECF No. 188]; *In re SunEdison, Inc.,* No. 16-10992 (SMB) (Bankr. S.D.N.Y. June 8, 2016) [ECF No. 507]; *In re Sabine Oil & Gas Corp.,* No. 15-11835 (SCC) (Bankr. S.D.N.Y. Sept. 10, 2015) [ECF No. 321]; *In re MPM Silicones, LLC,* No. 14-22503 (RDD) (Bankr. S.D.N.Y. June 2, 2014) [ECF No. 298]; *In re Ambac Fin. Grp., Inc.* No. 10-15973 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2010) [ECF No. 76]; *In re Neff Corp.,* No. 10-12610 (SCC) (Bankr. S.D.N.Y. July 13, 2010) [ECF No. 269].

## NO PRIOR REQUEST

21.     No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

22.     Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405]. The Creditors' Committee respectfully submits that no further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Creditors' Committee respectfully requests that the Court (i) enter the

Proposed Order, substantially in the form attached hereto as **Exhibit A** and (ii) grant the

Creditors' Committee such other and further relief as is just, proper and equitable.

New York, New York
Dated:  November 27, 2018

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/  *Ira S. Dizengoff*
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
E-mail: idizengoff@akingump.com
          pdublin@akingump.com
          aqureshi@akingump.com
          sbrauner@akingump.com

*Proposed Counsel to the Official Committee of
Unsecured Creditors of Sears Holdings
Corporation, et al.*

11

## **Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— :
                                                                                    :
**In re**                                                                     :    Chapter 11
                                                                                    :
**SEARS HOLDINGS CORPORATION,** *et al.,*    :    Case No. 18-23538 (RDD)
                                                                                    :
                                                           **Debtors.**[1]    :    (Jointly Administered)
                                                                                    :
—————————————————————————— :

### ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the

"Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections

105(a), 107(b), and 1102(b)(3)(A) and (B) of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

clarifying the requirements of the Creditors' Committee to provide access to confidential or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

privileged information to creditors and approving a protocol regarding the same; and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing*

*Order of Reference from the United States District Court for the Southern District of New York*,

dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with

Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed the Motion;

and this Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and upon all of the proceedings had before this Court; and

after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED**

**THAT**:

1.      The relief requested in the Motion is granted, effective *nunc pro tunc* to the

Committee Formation Date, as set forth herein.

2.      The Creditors' Committee shall implement the following protocol for providing

access to information for creditors (the "Creditor Information Protocol") in accordance with

Bankruptcy Code sections 1102(b)(3)(A) and (B):

> a.   Privileged and Confidential Information: The Creditors' Committee shall not be
> required to disseminate to any entity (all references to "entity" herein shall be as
> defined in Bankruptcy Code section 101(15)) (i) without further order of the
> Court, Confidential Information or (ii) any Privileged Information.  In addition,
> the Creditors' Committee shall not be required to provide access to information
> for or solicit comments from any entity that has not demonstrated to the

2

satisfaction of the Creditors' Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

b. <u>Information Obtained Through Discovery</u>: Any information received (formally or informally) by the Creditors' Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order governing such discovery. The Creditors' Committee shall not be obligated to provide any information the Creditors' Committee obtains from third parties.

c. <u>Creditor Information Requests</u>: If a creditor (a "<u>Requesting Creditor</u>") submits a written request to the Creditors' Committee or the Committee Professionals for the Creditors' Committee to disclose information (an "<u>Information Request</u>"), pursuant to Bankruptcy Code section 1102(b)(3)(A), the Creditors' Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including by providing access to the information requested or stating the reason(s) why the Creditors' Committee cannot disclose the information requested by such Information Request. If the Response is to deny the Information Request because the Creditors' Committee believes that the Information Request implicates Confidential Information or Privileged Information that needs not be disclosed, including, but not limited to, (i) pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Creditors' Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Creditors' Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled. Nothing shall preclude the Requesting Creditor from requesting (or the Creditors' Committee objecting to such request) that the Creditors' Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Creditors' Committee deems to be Confidential Information or Privileged Information. Further, the Requesting Creditor will be permitted to request that the Court conduct an *in camera* review of information that the Creditors' Committee sets forth in the Response that it cannot share.

d. <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Creditors' Committee agrees that such request should be satisfied, or if the Creditors' Committee without a third party request wishes to disclose such Confidential Information to creditors, the Creditors' Committee may request (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the

3

Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed; and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed.  If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Creditors' Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion on any basis. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Sunny Singh (sunny.singh@weil.com), Natasha S. Hwangpo (natasha.hwangpo@weil.com) and Philip DiDonato (philip.didonato@weil.com).  The Creditors' Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such third party, as applicable, or further order of the Court.

e.   The Creditors' Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Creditors' Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement similar to the confidentiality agreement entered into between the Creditors' Committee and the Debtors or any other party.

3.      The Creditors' Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Confidential Information to any creditor with a claim of the kind represented by the Creditors' Committee except as provided in the Creditor Information Protocol.

4.      The Creditors' Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Creditors' Committee.  Nonetheless, the Creditors' Committee shall be permitted, but not required, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or

Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Creditors' Committee.

5.      Nothing in this Order shall diminish or modify the rights and obligations of the Creditors' Committee or its members and representatives under the Creditors' Committee bylaws or any confidentiality agreement entered into with the Debtors or any other party (including the Creditors' Committee's or its member's and representative's rights to disclose Confidential Information as permitted under such confidentiality agreement), which rights and obligations shall remain in full force and effect notwithstanding any provision of this Order.

6.      None of the Debtors, the Creditors' Committee, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, and agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have to incur any liability to any entity (including the Debtors and their affiliates) for any act taken or omitted to be taken pursuant to the Creditor Information Protocol set forth herein; *provided*, *however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order.  Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

7.      The Creditors' Committee is hereby authorized to establish and maintain a website as described in the Motion.

5

8.      The Creditors' Committee is further authorized to use Prime Clerk LLC ("Prime Clerk") in connection with such website for the benefit of creditors.  Any costs, expenses, or fees charged by Prime Clerk on account of such website will be included in the invoices submitted by Prime Clerk to the Debtors pursuant to the *Order Pursuant to 11 U.S.C. § 105(a), 28 U.S.C. § 156(c), and Local Rule 5075-1 Appointing Prime Clerk LLC as Claims and Noticing Agent for the Debtors* [ECF No. 113] and shall be paid according to the procedures therein.

9.      Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Creditors' Committee to provide access or not provide access to any information of the Debtors to any party except as explicitly provided herein.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  _____, 2018
             White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

6