**Hearing Date and Time: December 20, 2018 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: December 13, 2018 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

# NOTICE OF HEARING ON MOTION OF
# DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE
# AUTOMATIC STAY TO CERTAIN NON-DEBTOR PARTIES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**"), of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105 and 362(a) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") for an order extending the automatic stay to certain non-debtor parties, as more fully set forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **December 20, 2018 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **December 13, 2018 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: November 28, 2018
New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and Debtors in Possession*

Hearing Date and Time: December 20, 2018 at 10:00 a.m. (Eastern Time)
Objection Date and Time: December 13, 2018 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                  :
                                                       :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,              :
                                                       :        **Case No. 18-23538 (RDD)**
                                                       :
                  Debtors.[1]                          :        **(Jointly Administered)**
------------------------------------------------------------------x

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER
## EXTENDING THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR PARTIES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**<u>Preliminary Statement</u>**

1.      The Debtors are parties to numerous pending actions that assert claims allegedly arising during the prepetition period (the "**Pending Debtor Actions**").  Some of the Debtors' non-debtor affiliates, employees, contract counterparties and other third parties (collectively, the "**Non-Debtor Parties**"), are (1) co-defendants or third-party defendants in the Pending Debtor Actions, or (2) defendants in actions not asserted directly against one or more of the Debtors (together with the Pending Debtor Actions, the "**Prepetition Actions**") and have indemnification or contribution rights against the Debtors with respect to the Prepetition Actions. The Debtors remain parties in the Prepetition Actions that are stayed only as to the Debtors, and have an interest in the Prepetition Actions that were only asserted directly as to the Non-Debtor Parties.

2.      If the Prepetition Actions proceed, judgments against the Non-Debtor Parties will prejudice the Debtors.  The continuation of Prepetition Actions will not only distract the Debtors' personnel from participation in the Debtors' reorganization efforts, but may also create administrative expense claims in the Debtors' chapter 11 cases.  Such administrative expense claims may include Non-Debtor Parties' attorneys' fees and other costs, including damages from judgments.  In addition, absent a stay and without the Debtors' continued defense, indemnification or reimbursement, some Non-Debtor Parties may refuse to provide valuable

services to the Debtors on a go-forward basis.  Further, judgments against co-defendants could result in res judicata or law of the case or other findings that would be adverse to the Debtors in any subsequent adjudication of claims against the Debtors.

3.    The claims asserted against the Non-Debtor Parties in the Prepetition Actions essentially are claims against the Debtors, which would be subject to the automatic stay (the "**Automatic Stay**") imposed by section 362(a) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  Accordingly, the Debtors request entry of an order extending the application of the Automatic Stay to the Non-Debtor Parties.

4.    Extension of the Automatic Stay to the Non-Debtor Parties would relieve the Debtors' estates of the administrative burdens and costs associated with the Prepetition Actions and afford the Debtors the necessary breathing room intended by the Automatic Stay.  Without the relief requested, the Debtors may be forced to participate in the Prepetition Actions to protect their interests and minimize their exposure, depriving the Debtors of one of the fundamental debtor protections provided by the Bankruptcy Code.

### Background

5.    Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

5.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).[2]

### Jurisdiction

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

### Relief Requested

8.      By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, extending the Automatic Stay to the Non-Debtor Parties to Prepetition Actions.

9.      A proposed form of order granting the relief requested in this Motion is attached hereto as **Exhibit A** (the "**Proposed Order**").  A list identifying the Non-Debtor Parties and Prepetition Actions (the "**Non-Debtor Party List**") is annexed to the Proposed Order as **Exhibit 1.**

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

10.     The Proposed Order permits the Debtors to amend or supplement the Non-Debtor Party List to add omitted or subsequently-identified Non-Debtor Parties (the "**Supplemental Parties**") and Prepetition Actions (the "**Supplemental Actions**"), and provides the parties to the Supplemental Actions with the same notice and objection opportunities as are afforded to the Non-Debtor Parties listed on Exhibit 1 hereto.

11.     In addition, the Proposed Order authorizes the Debtors to file a notice (the "**Stay Notice**") in the Prepetition Actions, advising the courts in these cases that the Automatic Stay has been extended to cover the Non-Debtor Parties pursuant to an Order of the Bankruptcy Court. A proposed form of the Stay Notice is annexed to the Proposed Order as **<u>Exhibit 2</u>**.

**<u>Proposed Procedures for Supplemental Parties and Supplemental Actions</u>**

12.     The procedures proposed by the Debtors provide that if the Debtors seek to supplement the Non-Debtor Party List to add any Supplemental Parties or Supplemental Actions, the Debtors will file with this Court, and serve upon the parties in the Supplemental Actions, a notice identifying the Supplemental Parties and Supplemental Actions, together with a copy of the Order approving this Motion (the "**Supplemental Notice**").

13.     The parties to the Supplemental Actions will have fourteen (14) days to object to the extension of the Automatic Stay to their Prepetition Action. If no such objection is received, the parties to the Supplemental Action shall be deemed subject to the Order approving this Motion. If a properly-filed and served objection is received, the Debtors may, in their discretion, adjourn the Supplemental Notice as to a party or action subject to an objection.

### The Court Should Exercise its Broad Equitable
### Powers to Extend the Automatic Stay to the Non-Debtor Parties

11.     Enforcement of the Automatic Stay is a core aspect of the bankruptcy court's jurisdiction.  Section 362(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> (a)     Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title . . . operates as a stay, applicable to all entities, of –
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

12.     The legislative history of section 362 indicates that Congress intended for the scope of the Automatic Stay to be sweeping, in order to effectuate its protective purpose on behalf of debtors:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.  It gives the debtor a breathing spell from his creditors.  It stops all collection efforts, all harassment, and all foreclosure actions.  It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>
> …
>
> The automatic stay is one of the most important protections provided by the Bankruptcy laws.  Nevertheless, the Bankruptcy Courts must have the power to enjoin actions not covered by the automatic stay, in order that the bankruptcy case may proceed unembarrassed by multiple litigation.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 49 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840-41, 5973; *Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 503 (the Automatic Stay is "one of the most fundamental protections provided [to the debtor] by the bankruptcy laws."). The Automatic Stay also protects

creditors from being harmed by other creditors' efforts to pursue claims against the debtor, or to

deprive the debtor of the rights and benefits of the bankruptcy process.  *See A.H. Robins Co. v.*

*Piccinin (In re A.H. Robins Co.)*, 788 F.2d 994, 998 (4th Cir. 1986) (the purpose of the Automatic

Stay "is to protect the debtor from an uncontrollable scramble for its assets in a number of

uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to

the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable

respite from protracted litigation, during which they may have an opportunity to formulate a plan

of reorganization for the debtor").

13.     Although the Automatic Stay directly applies to actions against a debtor,

section 105(a) of the Bankruptcy Code confers broad equitable powers on bankruptcy courts to

achieve the protections and promote the purposes of chapter 11.  Specifically, section 105(a)

provides bankruptcy courts with broad authority to enjoin or stay actions that are not directly

subject to the Automatic Stay:

> The court has ample . . . *powers to stay actions not covered by the*
> *automatic stay*.  Section 105 . . . grants the power to issue orders
> necessary or appropriate to carry out the provisions of title 11.  The
> district court and the bankruptcy court as its adjunct have all the
> traditional injunctive powers of a court of equity.

S. Rep. No. 989, 95th Cong., 2d Sess. 51 (1978); H. Rep. No. 595, 95th Cong., 1st Sess. 341-42

(1977) (emphasis added); *see also* H. Rep. No. 95-595, 95th Cong., 1st Sess. 342-43 (1977); S.

Rep. No. 95-989, 95th Cong., 2d Sess. 51-52 (1978) (the effect of an exception to the Automatic

Stay under section 362(b) is not to make the action immune from injunction, and the court has

power, under section 105, to stay actions not covered by the Automatic Stay).

14.     Courts extend the automatic stay to non-debtors "only when a claim against

the non-debtor will have an immediate adverse economic consequence for the debtor's estate."

*Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *Trs. of the Plumbers Local Union*

*No. 1 Welfare Fund v. Enobrac Plumbing, Inc.*, No. 17-CV-2846-DLI-SJB, 2018 U.S. Dist. LEXIS 23658, at *36 (E.D.N.Y. Feb. 12, 2018); *Capitol Records, Inc. v. MP3tunes, LLC*, 2012 U.S. Dist. LEXIS 87718, at *2 (S.D.N.Y. June 25, 2012); *Gucci, Am., Inc. v. Duty Free Apparel, Ltd*., 328 F. Supp. 2d 439, 442 (S.D.N.Y. 2004). The adverse economic consequence requirement "has been construed to include any perceptible economic harm to a non-party debtor's tangible or intangible property interest." *Lisa Ng v. Adler (In re Adler)*, 494 B.R. 43, 57 (Bankr. E.D.N.Y. 2013), *aff'd, Ng v. Adler*, 518 B.R. 228 (E.D.N.Y. 2014). Examples of what courts have found to be claims that would have an immediate adverse economic consequence on a debtor include "claims to establish an obligation of which the debtor is a guarantor…, [and] a claim against the debtor's insurer." *Queenie, Ltd.*, 321 F.3d at 287; *In re McCormick*, 381 B.R. 594, 601 (Bankr. S.D.N.Y. 2008).

16.     In addition, courts extend the Automatic stay to non-debtor parties where an "there is such identity between the debtor and the third party defendant  that the debtor may be said to be the real party defendant and that a judgment against the third party defendant will in effect be a judgment or finding against the debtor." *In re A.H. Robins Co.*, 788 F.2d at 999; *see also Queenie, Ltd.*, 321 F.3d at 288; *In re Congregation Birchos Yosef*, 535 B.R. 629, 633 (Bankr. S.D.N.Y. 2015); *Gucci, Am., Inc.*, 328 F. Supp. 2d at 441 ("[A] § 362(a) stay may be imposed against a non-bankrupt party when such an identity of interest exists between the debtor and third party non-debtor that a judgment against the third party will directly affect the debtor.").

17.     Courts recognize "an identity of interest between a debtor and a third party non-debtor when a right to indemnification exists. These courts reason that a special circumstance exists because a judgment against the non-debtor will affect directly the debtor's assets." *N. Star Contracting Corp. v. McSpedon (In re N. Star Contracting Corp.)*, 125 B.R. 368, 370-71 (S.D.N.Y. 1991); *see also, In re the Great Atl. & Pac. Co., Inc.*, Case No. 10-24549 (Bankr.

S.D.N.Y. Dec. 23, 2011) (ECF No. 3085) (extending the Automatic Stay to various indemnified non-debtor parties named as defendants in personal injury actions, finding that these claims are the "type of claim where [the plaintiff is] really looking to collect against the debtor.").

18.    Courts have also referred to the standard for extending the Automatic Stay in the following way: "where a particular action against the non-debtor party threatens to adversely affect the debtor's reorganization efforts, courts are willing to extend §362(a)'s coverage accordingly." *Gucci, Am., Inc.,* 328 F. Supp. 2d at 441; *In re McCormick*, 381 B.R. at 601; *Rosetta Res. Operating LP v. Pogo Producing Co. (In re Calpine Corp.)*, Nos. 05-60200 (BRL), 06-1757 (BRL), 2007 Bankr. LEXIS 2025, at *5 (Bankr. S.D.N.Y. Apr. 30, 2007).

19.    Applying the Automatic Stay to the Non-Debtor Parties is consistent with the protection the Court has afforded similarly-situated non-debtor parties. *See In re the Great Atl. & Pac. Co., Inc.,* Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Dec. 23, 2011) (ECF No. 1565); *In re Congregation Birchos Yosef*, 2015 WL 5012592 (Bankr. S.D.N.Y. Aug. 24, 2015); *In re the Great Atl. & Pac. Co., Inc.,* Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 23, 2011) (ECF No. 3085).

20.    Here, the justifications for extending the Automatic Stay are applicable. The majority of the Non-Debtor Parties are indemnified by or have contribution claims against the Debtors with regard to the applicable Prepetition Action, and consequently the Debtors and the Non-Debtor Parties have an identity of interest.

21.    With respect to Non-Debtor Parties that are the Debtors' co-defendants to certain of the Prepetition Actions, if the plaintiffs in those actions are successful, the Debtors may be precluded from asserting defenses and participating in discovery with respect to such actions as a result of application of the doctrine of collateral estoppel, or issue preclusion. In this respect, the

automatic stay should be extended to the Non-Debtor Parties because entrance of a judgment against the Non-Debtor Parties would, in effect, be a judgment against the Debtors' bankruptcy estates.

22.    Furthermore, the volume of claims and Prepetition Actions in various courts in various states would be a significant burden on the Debtors' resources. The time and resources that would be needed to preserve the Debtors' rights and defenses in the Prepetition Actions would be costly to the Debtors' estates and would distract the Debtors' personnel from participating in the reorganization process, causing the Debtors and their creditors immediate and irreparable harm.

23.    In addition, allowing the Prepetition Actions to proceed in any stage of litigation could convert any indemnification or contribution claims against the Debtors into administrative expense claims, including if the claims are in connection with executory contracts or unexpired leases that are assumed in these chapter 11 cases. Such administrative expense claims would include defense costs and expenses incurred by Non-Debtor Parties.

24.    By extending the Automatic Stay to the Non-Debtor Parties, the Court will provide the Debtors with the "breathing spell" contemplated by section 362 and the opportunity to minimize administrative expenses that could frustrate their efforts to maximize the value of the Debtors' estates for the benefit of all of their stakeholders. Extending the Automatic Stay to cover the Non-Debtor Parties is in the best interests of the Debtors, their creditors, and other parties in interest in these chapter 11 cases.

22.    Based on the foregoing, the Debtors submit that the relief requested in this Motion is necessary and appropriate, is in the best interests of their estates, and should be granted in all respects.

## **Reservation of Rights**

27.    Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or, validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code.

## **Notice**

28.    Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Case Management Order**").  The Debtors respectfully submit that no further notice is required.

29.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 28, 2018
      New York, New York

                /s/ Garrett A. Fail
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York  10153
                Telephone:  (212) 310-8000
                Facsimile:  (212) 310-8007
                Ray C. Schrock, P.C.
                Jacqueline Marcus
                Garrett A. Fail
                Sunny Singh

                *Attorneys for Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                                   :

                                                        :          **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*    :

                                                        :          **Case No. 18-23538 (RDD)**

                                                        :

            **Debtors.**[1]                             :          **(Jointly Administered)**

-------------------------------------------------------------x

## ORDER EXTENDING THE AUTOMATIC STAY
## TO CERTAIN NON-DEBTOR PARTIES

Upon the motion, dated November 28, 2018 (ECF No. [__]) (the "**Motion**")[2] of

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and

362(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order

extending the automatic stay imposed by section 362(a) of the Bankruptcy Code (the "**Automatic**

**Stay**") to certain non-debtor parties (the "**Non-Debtor Parties**"), as more fully set forth in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405); such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on December 20, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.    The Motion is granted.

2.    The Automatic Stay hereby is extended to the Non-Debtor Parties identified on **Exhibit 1** annexed hereto (the "**Non-Debtor Party List**").

3.    The proposed form of Stay Notice attached hereto as **Exhibit 2** is approved.

4.    If the Debtors wish to supplement the Non-Debtor Party List to add any omitted or subsequently identified Non-Debtor Party (the "**Supplemental Parties**"), the Debtors are hereby authorized to file with this Court a notice (the "**Supplemental Notice**") identifying the omitted or supplemental Prepetition Actions (the "**Supplemental Actions**"), and serve on the

parties to the Supplemental Actions the Supplemental Notice and a copy of the Order approving

this Motion.  The parties to the Supplemental Actions will have fourteen (14) days to object to the

extension of the Automatic Stay to their Supplemental Action.  If no such objection is received,

the parties to the Supplemental Action shall be deemed subject to the Order approving this Motion.

5.      Nothing contained in this Order or in the Motion shall be construed as

(i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or

any appropriate party in interest's rights to dispute the amount of, basis for, or, validity of any

claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against

any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any

agreement, contract, program, policy, or lease between the Debtors and any third party under

section 365 of the Bankruptcy Code.

6.      The Debtors are authorized to take all actions necessary to effectuate the

relief granted in this Order.

7.      The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____, 2018
        White Plains, New York

                                    _____
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Non-Debtor Party List**

| Non-Debtor Parties | Case Caption | Court or Agency | Case Number |
|---|---|---|---|
| John Doe Sears Employee; Jane Doe Sears Employee Spouse; and Spokane Mall LLC | Dahman, Ralph v. Sears, Roebuck and Co.; Sears Holdings Management Corporation; John Doe Sears Employee; Jane Doe Sears Employee Spouse; and Spokane Mall, LLC | Superior Court, Spokane County, WA | 16201363-0 |
| Sierra Financial, Ltd; and Madison Plaza Associates | Maldonado, Stephen v. Sierra Financial, Ltd, and Madison Plaza Associates v. K-Mart Corporation | Third Judicial Circuit Court of Madison County, IL | 2016 L 000305 |
| Seritage KMT Finance, LLC, individually and d/b/a Kmart Store #7676 | Kappauf, Brenda L. v. Kmart Corporation, individually and dba Kmart Store #7676; Kmart Operations, LLC, individually and dba Kmart Store #7676; and Seritage KMT Finance, LLC, individually and dba Kmart Store #7676 | Supreme Court, Delaware County, NY | 2017-456 |
| | Byrd, Gary and Lori Kay v. Whynot Leasing, L.L.C.; Frigidaire Sales Corporation; Kmart Tempoe, LLC d/b/a WhyNotLeaseIt; and Frigidaire Sales Corporation; | Circuit Court Henry County, AL | 37-CV-2018-900006.00 |
| Elias Properties Babylon, LLC | Alvaredo, Cecelia v. Elias Properties Babylon, LLC | State Court in Suffolk County, NY | 601586/2018 |
| Niagara Realty, LLC | Burkhart, Nancy v. Kmart Stores; Kmart Corporation; Sears Holdings Corporation; and Niagara Realty, LLC | Supreme Court of Niagara County, NY | E159810/2016 |
| Alexander's Rego Shopping Center, Inc. | Shimunova, Mafrat v. Sears, Roebuck & Co.; and Alexander's Rego Shopping Center, Inc. | State Court in Queens County, NY | 09553/2018 |
| Harford Mall Business Trust | Austin, Tavesia v. Harford Mall Business Trust | Circuit Court of Hartford County, MD | 12-C-16-3185 |
| Korpenn LLC | Myrie, Iris Grey v. Sears Holdings Management Corporation d/b/a K Mart; K Mart Corporation; and Korpenn LLC | Supreme Court of Bronx County, NY | 15377/2018 |
| Abacus Advisor, LLC | Figliacconi, John v. Abacus Advisor, LLC | State Court, New York County, NY | 155229/2017 |
| VNO 839 New York Avenue LLC | Salcedo, Eveyln; and Hector v. Kmart Corporation; and VNO 839 New York Avenue LLC | State Court in Suffolk County, NY | 16-06941 |
| Lavaughan Johnson; Lavaughan Johnson d/b/a Up and Go BBQ; SSI Nolensville, LLC | Tarkington, Eddie v. Lavaughan Johnson; Lavaughan Johnson dba Up and Go BBQ; SSI Nolensville, LLC and K Mart Corporation | Circuit Court, Davidson County, TN | 16C1945 |
| Orange Park Mall, LLC | Patterson, Sandra and Patterson, Freddie, her husband v. Orange Park Mall, LLC | 4th Judicial Circuit Court, Clay County, FL | 16-CA-326-Division F |
| The Pyramid Companies aka Pyramid Management Group, LLC | DePretto, Geraldine v. Sears Roebuck and Co.; and The Pyramid Companies aka Pyramid Management Group, LLC | Hampden County, Superior Court, MA | 1779CV00714 |
| Diakon Logistics Inc.; Sears Outlet Stores, L.L.C. | Bartels, Jule and Diannna aso State Farm Fire and Casualty Company v. Diakon Logistics Inc.; Sears Outlet Stores, L.L.C. | State Court, Jefferson County, MO | 17JE-CC00929 |
| Starwood Retail Partners, d/b/a Louis Joliet Mall | Sanchez, Monica v. Sears, Roebuck and Co., dba Sears; Sears Holdings Management Corp.; Starwood Retail Partners, d/b/a Louis Joliet Mall | 12th Judicial Court of Will County, IL | 17L000594 |
| Baybrook Mall, LLC | Castillo, Sandra v. Baybrook Mall, LLC | 212th District Court of Galveston County, TX | 18-CV-0629 |
| Simon Property Group (Texas), L.P. | Gonzalez, Lorraine, individually, and as mother and next friend of Caleb Gonzalez, minor child v. Sears, Roebuck and Co.; and Simon Property Group (Texas), L.P. | District Judicial District El Paso County, TX | 2016DCV1927 |
| JWH Joliet, LLC | Parisi, Joanne v. JWH Joliet, LLC | 12th Judicial Court of Will County, IL | 2017L000934 |
| Altamonte Mall, LLC | Applegarth, Chantal v. Sears Roebuck and Co.; Altamonte Mall, LLC | 18th Judicial Circuit Court, Seminole County, FL | 2018-CA-000118-11JW |
| UE Bruckner Plaza LLC; and VNO Bruckner Plaza LLC | Montalvo, Harry v. Kmart Corporation; Kmart Corporation dba Kmart-Sears Store #9420; UE Bruckner Plaza LLC; and VNO Bruckner Plaza LLC | State Court in Bronx County, NY | 24661/2018E |
| VNO Bruckner Plaza LLC/Vornado Realty Trust; and VNO Bruckner Plaza LLC/CT Corporation System | Toro Muniz, Teresa v. 9420 Kmart; VNO Bruckner Plaza LLC/Vornado Realty Trust; and VNO Bruckner Plaza LLC/CT Corporation System | State Court in Bronx County, NY | 304391/2014 |
| Sears Outlet Stores, LLC; and Interprop Bedford, LLC | Michel-Leveque, Marie v. Sears Holdings Corporation; Sears Holdings Management Corporation; Sears, Roebuck & Co.; Sears Operations, LLC; Sears Outlet Stores, LLC; and Interprop Bedford, LLC | State Court, New York County, NY | 508731/2017 |
| Little Caesar's Enterprises, Inc. | Felton, Natasha v. Kmart Corporation; and Little Caesar's Enterprises, Inc. | State Court, Monroe County, IN | 53C01-1801-CT-000114 |
| Elias Properties Babylon, LLC; and Greg Geiger's Landscaping and Snow Removal | Vargas, Sonia v. Kmart Corporation; Elias Properties Babylon, LLC; and Greg Geiger's Landscaping and Snow Removal | State Court in Suffolk County, NY | 611547/2017 |
| Sayville Menlo, LLC; Sayville Property Company, LLC | Serrano, Claribel v. Sayville Menlo, LLC; Sayville Property Company, LLC and Kmart Corporation | State Court in Suffolk County, NY | 616807/2016 |
| CT Corporation System; and Vornado Realty Trust | Perez, Ivelize v. Sears Holdings Management Corporation, d/b/a Kmart Holdings Corporation; CT Corporation System; and Vornado Realty Trust | State Court in Queens County, NY | 715126/2016 |
| Little Caesar Enterprises, Inc.; Enterprise Food Services, Inc.; and Erie Foods, Inc. | Phillips, Carol and Richard v. Kmart Corporation; Sears Holdings Corporation; Little Caesar Enterprises, Inc.; Enterprise Food Services, Inc.; and Erie Foods, Inc. | Vigo Superior Court, Vigo County IN | 84D01-1711-CT-008309 |
| Oelwein ATM, LLC | Bauer, Matt L. v. K Mart Corporation; Oelwein ATM, LLC; and Sears Roebuck & Co. | District Court, Fayette County, IA | LACV055116 |
| VNO Bruckner Plaza LLC; and UE Bruckner Plaza LLC | Enriquez, Carmen v. K-Mart; Sears Holdings Corporation; Sears Holdings Management Corporation; VNO Bruckner Plaza LLC; and UE Bruckner Plaza LLC | State Court in Bronx County, NY | N/A |
| Craftsman; Stanley Black & Decker, Inc.; Rexon; Rexon Industrial Corp., Ltd.; Power Tool Specialists, I | Vega, Kristan v. Craftsman; Sears v. Stoneridge Mall; Sears Brands Management Corporation; Sears, Roebuck and Co.; Sears Holdings Management Corporation; Stanley Black & Decker, Inc.; Rexon; Rexon Industrial Corp., Ltd.; Power Tool Specialists, I | Superior Court, Alameda County, CA | RG17881316 |
| West Orange Plaza and/or ABC Corporation; Levin Management Corporation; Metro Commercial Real Estate Inc.; Vanguard Realty, Inc. and GHI Maintence Company | Reheis, Margaret and Matthew v. West Orange Plaza and/or ABC Corporation; Levin Management Corporation; Metro Commercial Real Estate Inc.; Vanguard Realty, Inc. and GHI Maintence Company | Superior Court of New Jersey, Law Division: Essex County | ESX-L-2426-17 |
| Main 19, LLC | Boeselager, Patricia v. Main 19, LLC | Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida Civil Division | 2017-CA-001291 |
| Jason Herbert | Baker, Trista v. Sears Holdings Corporation; Sears, Roebuck and Co.; and Jason Herbert | Superior Court Chittenden Unit Civil Division, | 1074-11-17 Cncv |
| Kevin Mash; and Evelyn Rush | Celso, Mario v. Sears Roebuck and Co.; Kevin Mash; and Evelyn Rush | 9th Judicial Circuit Court, Orange County, FL | 2012-CA-13699-O |
| May Mayumi Goto | Crocoll, Kimberly v. Kmart Corporation, May Mayumi Goto | Nevada County Superior Court, CA | CU18-083249 |

| Non-Debtor Parties | Case Caption | Court or Agency | Case Number |
|---|---|---|---|
| Bobby Blaise and XYZ Insurance Company | Donker, Christine v. Sears Roebuck and Co.; Bobby Blaise and XYZ Insurance Company | 24th JudicialDistrict Court Parish of Jefferson, | 780-501, Div. M |
| Ryan Kurtz | Filan, Jerry v. Sears Roebuck & Co. and Ryan Kurtz | 5th Judicial Court Marion County, FL | 15-CA-1533 |
| Jacob Aman (Auto Manager) | Fishburn, Claude v. Sears, Roebuck and Co.; and Jacob Aman | Small Claims Court, El Paso County, CO | 18S357 |
| Harold E. Leath; and Does 1-10 | Garcia, Maggie and Jayden Eveningstar v. Harold E. Leath; Sears, Roebuck and Co.; Kmart Corporation; and Does 1-10 | 2nd Judicial Court, Washoe County, NV | CV17-01419,Dept. No 15 |
| Nick Meister | Herman, Annette v. Nick Meister | 11th Judicial Court, McLean County, IL | 2018AR000111 |
| Russell Hammond | Hodges, Duane L. a/s/o East Penn Manufacturing Co. by and through it's agent, Sedgwick CMS v. Russell Hammond and Sears, Roebuck and Co. d/b/a Sears Auto Center and d/b/a Sears Store 6515 | Spartanburg County Court, SC | 2018CP4203264 |
| Lawrence Wesley Slocum and Jane Doe Slocum; John Does 1-10 and XYZ Corporations 1-10 | Johns, Brenda D. Parker v. Sears, Roebuck and Co., d/b/a Sears Holdings Corporation; Sears Roebuck Company; Roebuck and Co Sears, Sears Fitness Flagship Store #1338; Lawrence Wesley Slocum and Jane Doe Slocum; John Does 1-10 and XYZ Corporations 1- | Superior Court of Pima County, AZ | C20183228 |
| Lancy Ulrich | Jones, Norma v. K-Mart Corporation, #9105; and Lancy Ulrich | Circuit court of Pettis County, MO | 18PT-CC00119 |
| Eric Gossiaux | Keiser, Jolina; individually and as administratrix and natural tutrix of the estates of her minor children; Kyle Keiser and Bryce Keiser v. Sears Roebuck and Company; and Eric | 24th JudicialDistrict Court Parish of Jefferson, LA | 785-797 |
| Abbey Lambert, PharmD | Kieborz, Joyce v. K Mart Corporation; Abbey Lambert, PharmD | District Court, Buffalo County, NE | D09CI180000066 |
| Alan Marse | Lemaire, Faron v. Alan Marse | 5th Justice of the Peace Court, Jefferson County, LA | 15-160 |
| C-Huey Harrison | McCarter, Sandra A. v. K Mart Corporation; and C-Huey Harrison | 24th JudicialDistrict Court Parish of Jefferson, | 763-894, Division B |
| Roger Clausen, RPh | McGee, Deborah and Anthony v. Kmart Corporation dba Kmart Pharmacy; and Roger Clausen, RPh | 14th Judicial District Court, Parish of Calcasieu, LA | 2017-412 E |
| Charles Litzler | Miller, Mary v. Sears, Roebuck and Co. dba Sears at Lakeland Square Mall #1955; and Charles Litzler | 10th Judicial Circuit Court, Polk County, FL | 2016CA-002995-0000-00 |
| Jason Currie | Moran, Esther; individually and next of kin to Tony Moran; deceased and as administrator of the estate of Tony Moran v. Sears Holding Corporation; Sears, Roebuck & Co.; Sears Auto Center; and Jason Currie | Superior Court, Chittenden County, VG | 107-2-18 |
| Jason Riley a/k/a Vanderhoff and Jim Roberson a/k/a Robinson | Richert, Johnna v. Jason Riley a/k/a Vanderhoff and Jim Roberson a/k/a Robinson; K-Mart Corporation | 16th Judicial Circuit Court, Jackson County, MO | 1816-CV22710 |
| Alex Forrester | Santiago, Abel v. Kmart Corporation and Alex Forrester | Supreme Court, Bronx County, NY | 20823/2014E |
| Ari Fleet LT; Richard Wood; Does 1 to 100 | Shirley, Bryanna v. Sears Holdings Management Corporation; Sears, Roebuck and Co.; Sears Holding Corp.; Sears Holdings LLC; Sears Home Services; Sears Brands, L.L.C.; Ari Fleet LT; Richard Wood; Does 1 to 100 | Superior Court, Los Angeles County, CA | MC028145 |
| Christopher Solis | Trigo, Marylou v. Sears, Roebuck and Co. and Christopher Solis | 250th Judicial District Court, Travis County, TX | D-4-GN-17-000938 |
| City of Watchung NJ; Paul Sandler and Matthew Lenson | Uzoaru, Matthias E. v. Sears, Rte. 22 E. Watchung; and City of Watchung NJ | Somerset County, Superior Court, NJ | SOM-L-1316-17 |
| Randy Denny | Vallecillo, Merlin Sequeira v. Sears, Roebuck and Co.; Sears Holdings Management Corporation; and Randy Denny | Connecticut Superior court | N/A |
| Joe Andrada and ARI Fleet, LT | Vuong, Anthony v. Joe Andrada and ARI Fleet, LT | 55th Judicial District Court, Harris County, TX | 201852692 |
| SRC Facilities Statutory Trust No. 2003-1; SRC Facilities LLC; and Amy Kelso Sikorski | Yednak, Jenny and Ronald v. Sears Roebuck & Co.; SRC Facilities Statutory Trust No. 2003-1; SRC Facilities LLC; and Amy Kelso Sikorski | Circuit Court of Cook County, IL | 2018L007065 |
| Alfred W. Nyman, Pelican Remodel LLC, Remodeling LA LLC, Magnolia Roofing & Exteriors, Inc., AAR Contracting LLC, Alpha Home Improvement LLC, Consolidated Restoration, LLC, GAR-LIN Construction, LLC, and Craftsmanship Siding & | Morris, Clifford and Linda; Darrick R. Bailey; Virgil D. Sorina, Sr.; and Scott Searcy v. Sears Home Improvement Products, Inc., Pelican Remodel, LLC, Remodeling LA LLC, et al. | 19th Judicial District Court for the Parish of East Baton Rouge | 668160 Div. 26 |
| Jennifer Walker | Salazar, Cris v. Kmart Corporation; and Jennifer Walker | 1st Judicial District Court of Sanfa Fe, NM | D-101-CV-2018-02955 |
| Ernest M. Hirt; Eduardo M. Gutierrez; Jesus L. Gutierrez; A&E Factory Service, LLC dba Sears; Does 1-100; Roe Corporations 101-200, | Groff, Kelly M. v. Ernest M. Hirt; Eduardo M. Gutierrez; Jesus L. Gutierrez; A&E Factory Service, LLC dba Sears; Does 1-100; Roe Corporations 101-200, inclusive | District Court, Clark County, NV | A-18-781229-C |
| Ricky Williams | Shelton, Laveta v. Ricky Williams; and Sears, Roebuck and Co. | 161st District Court, Ector County, Odessa, TX | B-18-10-1594-CV |
| Carlos Alberto Lopez | Potts, Stasie v. Sears, Roebuck and Co., and Sears Alberto Lopez | 190th Judicial District Court, Harris County, TX | 2018-70506 |
| Robert Lipinski; and Lease Plan USA | DAngelo, Vincenzo v. Robert Lipinski; and Lease Plan USA | Connecticut Superior court | N/A |
| Eric R. Green | Marcoccia, Sante v. Sears Holding Management Corporation; and Eric R. Green | Circuit Court of the 18th Judicial Circuit, Brevard County, FL | N/A |
| Sears Logistics Services Inc., Tim McCann, and Scott Walsh | Smith, Karen v. Sears Logistics Services Inc., Tim McCann, and Scott Walsh | Pennsylvania Court of Common Pleas for Luzerne County | 13028-2015 |
| Harold Hignite | Bailey-Lombardelli, Michael v. Sears, Roebuck and Co. and Harold Hignite | Southern District of Ohio | 1:18-cv-487 |
| Ben Michel, Leroy Steiner, Kory Webber, and Lorenzo Bermudez | Meza, Sergio v. Kmart Corporation, Sears Holdings Corporation, Sears Holdings Management Corporation, Ben Michel, Leroy Steiner, Kory Webber, and Lorenzo | Superior Court of the State of California for the County of Santa Barbara | 18CV02586 |
| Robert Rodriguez | Egbuna, Clara; Chiazor Ndiwe; Winnifred Ndiwe and Josephine Onyia v. Sears Holding Corporation and Robert Rodriguez | Harris County, Civil Court, TX | 1116138 |
| A&E Factory Service, L.L.C.; Fatemah S. Alsuwaidan and John Doe Alsuwaidan; Edwin G. Miguel and Jane Doe Miguel; Jenni m. Wakida and John Doe Wakida | Hawkins, Shelley S. v. A&E Factory Service, L.L.C.; Sears Holdings Management Corporation; Fatemah S. Alsuwaidan and John Doe Alsuwaidan; Edwin G. Miguel and Jane Doe Miguel; Jenni m. Wakida and John Doe Wakida | Superior Court, Snohomish County, WA | Unknown |
| Stephen Sitley | Hand, Robert v. Stephen Sitley and Sears Protection Company | Small Claims Division, First City Court, New Orleans, LA | 18-02128 |

| Non-Debtor Parties | Case Caption | Court or Agency | Case Number |
|---|---|---|---|
| Shirley Doe; Angela Doe | Devaux, Roslyn v. Sears; Shirley Doe; Angela Doe | Franklin County Municipal Court, Small Claims Division, Columbus, OH | 2017 CVI 042095 |
| Tri-county Installation LLC; Lawrence Niederman; Judith Niederman, Innovel Solutions Market Operations Manager | Headley, Peter v. Tri-county Installation LLC; Lawrence Niederman; Judith Niederman, Innovel Solutions Market Operations Manager; Sears Holdings Corporation | Civil Court, County of Queens, NY | CV-028321-18/QU |
| Anne Hand | Carey, Al v. Sears Holdings Management Corporation and Anne Hand | Superior Court of California, County of Placer | RSC0024711 |
| Michael Karrer | Ching, Henry v. Sears Holdings Management and Michael Karrer | Superior Court of California, County of Los Angeles | 18WCSC00361 |
| Tamara Dawkins | Sanchez, Ronnie R. v. Sears Home Improvement & Tamara Dawkins | Superior Court of New Jersey, Morris County, Law Division | MRS-DC-005720-18 |
| ABC Insurance Company, Inc.; and ABC Insurance Company, Inc. | Williams, Pamela D. v. Sears Holding Corporation; ABC Insurance Company, Inc.; and ABC Insurance Company, Inc. | Shreveport City Court, Parish of Caddo, State of LA | 2018R00475 |
| CherryVale Mall, LLC; CBL/CherryVale I, LLC; CBL & Associates Management, Inc.; National Elevator Inspection Services, Inc.; Kone Inc. | Jaimes, Leonor and Jose v. Sears, Roebuck and Co.; CherryVale Mall, LLC; CBL/CherryVale I, LLC; CBL & Associates Management, Inc.; National Elevator | State of Illinois, In the Circuit Court of the 17th Judicial Circuit, Winnebago County, Rockford, | 2016-L-0000129 |
| Simon Property Group (Texas), L.P. | Gonzalez, Lorraine, individually; and as mother and next friend of Caleb Gonzalez, minor child v. Sears, Roebuck and Co.; and Simon Property Group (Texas), L.P. | District Judical District El Paso County, TX | 2016DCV1927 |
| Otis Elevator Company | Medina, Ruben and Heather Ximenez; individually and as next friend of Melody Medina v. Sears, Roebuck & Co.; and Otis Elevator Company | District Court 408th Judicial District Bexar County, TX | 2018-CI-14453 |
| Pergament Investments, aka Pergament Properties; MPRP Metro Mall, LLC; and Middle Village Associates, LLC | Girolamo, Rose v. Sears Holding Corporation; KMart Holding Corporation aka KMart Corporation; Pergament Investments, aka Pergament Properties; MPRP Metro Mall, LLC; and Middle Village Associates, LLC | Supreme Court of the State of New York, County of Queens | 705616/2015 |
| Schindler Elevator Corporation | Krasniqi, Qazim B. v. Korpenn LLC; Sears Holdings Corporation; Sears, Roebuck and Co.; Kmart Corporation; Kmart Holding Corporation; Schindler Elevator Corporation | Supreme Court of the State of New York, County of New York | 158520/2013 |
| Schindler Elevator Corporation; and Vertical Industrial Park Associates, a Limited Partnership | Santiago, Evelyn v. Schindler Elevator Corporation; K Mart Corporation and Vertical Industrial Park Associates, a Limited Partnership | Supreme Court of the State of New York, County of Kings | 502950/16 |
| Jamaica Colosseum Mall; and Travelers Insurance | Sharhan, Yvonne S. v. Sears aka Sears, Roebuck and Company; K-Mart aka Kmart Holdings Corporation; Jamaica Colosseum Mall; and Travelers Insurance | Supreme Court of the State of New York, County of Queens | 10586/16 |
| Schindler Elevator Corporation; John Doe Corporation One and John Doe Corporation Two | Hoskins, Damon A., a Minor by his Next Friend and Parent, Raymond G. Hoskins; Raymond G. Hoskins and Jennifer R. Hoskins v. Sears, Roebuck and Co.; Schindler Elevator Corporation; John Doe Corporation One and John Doe Corporation Two | Court of Common Pleas, Richland County, OH | 17CV187 |
| Schindler Elevator Corp.; and Does 1-20 | Jackson, Jaylah Bagby; and Maria Navarro v. Schindler Elevator Corp.; Sears Roebuck & Co.; and Does 1-20 | Superior Court of California, County of Santa Clara | 16CV296662 |
| Perez, Maria v. Sears, Roebuck and Co.; and Does 1-20, inclusive | Perez, Maria v. Sears, Roebuck and Co.; and Does 1-20, inclusive | Superior Court of the State of California County of Solano | FCS046217 |
| Does 1 to 30 | Ruiz, Consuelo v. Sears Roebuck and Co. and Does 1 to 30 | Superior Court of California, County of Los Angeles | BC692038 |
| Northridge Fashion Ce Property Owner of premise located at 9301 Tampa Av; Does 1-50, inclusive | Taj, Makai and Shamla v. Sears Roebuck and Co.; Kmart; Northridge Fashion Ce Property Owner of premise located at 9301 Tampa Av; Does 1-50, inclusive | Superior Court of California, County of Los Angeles | 14K05920 |
| Does 1-30, inclusive | Webber, Elizabeth v. Sears, Roebuck & Co.; and Does 1-30, inclusive | Superior Court of California, County of Solano | FCS07899 |
| Does 1 through 50, Inclusive | Youkhanna, Naska - v. Sears, Roebuck and Co.; and Does 1 through 50, Inclusive | Superior Court of California County of San | 37-2018-00046600-CU-PO-CTL. |
| Vertical Industrial Park Associates; Schindler Elevator Corporation | Gharibian, Kevork v. Kmart Corporation; Sears Holdings Corporation; Vertical Industrial Park Associates; Schindler Elevator Corporation | Supreme Court of the State of New York, County of Queens | 18985/2013 |
| John Doe 1-10; ABC Corp. 1-10 | Gomez De Peralta, Salustina v. Sears Holdings Corporation; John Doe 1-10; ABC Corp. 1-10 | Superior Court of New Jersey Law Division: Middlesex County | MID-L-003000-18 |
| Jim Wilson and Associates, LLC dba Edgewater Mall, Schindler Elevator Corporation, Kone, Inc., and Otis Elevator Company | Burton, Dora v. Sears Roebuck and Co., Jim Wilson and Associates, LLC dba Edgewater Mall, Schindler Elevator Corporation, Kone, Inc., and Otis Elevator Company | Circuit Court of Harrison County, Mississippi Second Judicial District | A2402-18-28 |
| ABC Elevator Repair and Maintenance Company | Celestine, Shelia and Oliver v. Sears, Roebuck and Co.; and ABC Elevator Repair and Maintenance Company | 24th Judicial District Court for the Parish of Jefferson, State of Louisiana | 768-815, Division A |
| Schindler Elevator Corporation | Batiste, Patty B. v. Sears, Roebuck and Co.; and Schindler Elevator Corporation | 15th Judicial District Court Parish Of Lafayette State Of Louisiana | 218619, Division D |
| Sedgwick Claims Management Services, Inc. | Coke-Ng, Brian v. Kmart Pharmacy; Kmart Holding Corporation; Sears Holdings Corporation; Sedgwick Claims Management Services, Inc. | Supreme Court of the State of New York | 100386/18 |
| K-Mart Management Corporation, K-mart Holdings Corporation, Sedgwick Claims Management | Franklin, Joyce v. Kmart a/k/a K-Mart Corporation, K-Mart Management Corporation, K-mart Holdings Corporation, Sears Corporation; Sears Holdings Corporation; Sedgwick Claims Management | Court Of Common Pleas Lucas County, OH | G-4801-CI-0201803819-000 |
| John Doe; ABC Corporation; Richard Roe; XYZ Corporation; Sedgwick Claims Management Services, Inc.; and LMN Insurance Company | Scott, Barbara v. Kmart Corporation; John Doe; ABC Corporation; Richard Roe; XYZ Corporation; Sedgwick Claims Management Services, Inc.; and LMN Insurance Company | Superior Court of New Jersey, Law Division: Essex County | ESX-L-006325-17 |
| Sears Garage Solutions aka Installs; Sedgwick Claims Management Service, Inc. | Heaven, Mausea v. Sears Garage Solutions aka Installs; Sedgwick Claims Management Service, Inc. | District Court of Maryland for Prince George's County | 050200142862018 |
| Craftsman; Emerson Electric Company; Emerson; Stanley Black & Decker; Ace Hardware of West Chester; Ace Hardware Corporation; and Ace Wholesale Holdings, LLC | Ruf, Terence Jr. v. Sears, Roebuck & Co.; Sears; Sears Brands, LLC; Sears Brands Management; Craftsman; Emerson Electric Company; Emerson; Stanley Black & Decker; Ace Hardware of West Chester; Ace Hardware Corporation; and Ace Wholesale Holdings, | Court of Common Pleas, Philadelphia County, PA | 2018-04-000283 |
| W & H LLC, a California Limited Liability Company; Sears Outlet Stores, a Delaware Limited Liability Company; and Does 1-10 | Gabriela Cabrera v. W & H LLC, a California Limited Liability Company; Sears Outlet Stores, L.L.C., a Delaware Limited Liability Company; and Does 1-10 | U.S. District Court for the Central District of California | 2:18-cv-08233-DDP-AS |

| Non-Debtor Parties | Case Caption | Court or Agency | Case Number |
|---|---|---|---|
| A.F. German Co., Inc., f/k/a A.F. German Company, Inc., BCS America LLC, Briggs & Stratton Corporation, individually and as successor to Simplicity Manufacturing Inc. and Snapper, Inc., Carlisle Companies Incorporated, CBS Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, Continental Automotive Systems Inc., f/k/a Continental Teves Inc., Cummins Inc., f/k/a Cummins Engine Company, Inc., Dana Companies, LLC, Electrolux Home Products, Inc., individually and as successor to American Yard Products, Electrolux USA, Inc., individually and successor to American Yard Products, Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co., General Electric Company, individually and as successor to Geroge D. Roper Co., Genuine Parts Co., Honeywell International Inc., f/k/a AllideSignal Inc., as successor to the Bendix Corporation; Husqvarna Consumer Outdoor Products N.A., Inc., individually and successor to American Yard Products and Geroge D. Roper Co., Husqvarna Professional Products, Inc., individually and as successor to Tecumseh Products Co., Kohler Co., McCord Corp., MTD Products Company, f/k/a Modern Tool and Die Company National Automotive Parts Association Inc., a/k/a NAPA Auto Parts, Platinum Equity, LLC, d/b/a Tecumseh Power, Individually and as successor to Tecumseh Products Co., Pneumo Abex LLC, individually and as successor to Abex Corporation, Schiller Grounds Care, Inc., individually and as successor to Steiner Co., W.J. Connell Co. | Paticia A. Main, Individually and as Personal Representative of the Estate of Billy D. Main v. A.F. German Co., Inc., f/k/a A.F. German Company, Inc., BCS America LLC, Briggs & Stratton Corporation, individually and as successor to Simplicity Manufacturing Inc. and Snapper, Inc., Carlisle Companies Incorporated, CBS Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, Continental Automotive Systems Inc., f/k/a Continental Teves Inc., Cummins Inc., f/k/a Cummins Engine Company, Inc., Dana Companies, LLC, Electrolux Home Products, Inc., individually and as successor to American Yard Products, Electrolux USA, Inc., individually and successor to American Yard Products, Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co., General Electric Company, individually and as successor to Geroge D. Roper Co., Genuine Parts Co., Honeywell International Inc., f/k/a AllideSignal Inc., as successor to the Bendix Corporation; Husqvarna Consumer Outdoor Products N.A., Inc., individually and successor to American Yard Products and George D. Roper Co., Husqvarna Professional Products, Inc., individually and as successor to Tecumseh Products Co., Kohler Co., McCord Corp., MTD Products Company, f/k/a Modern Tool and Die Company National Automotive Parts Association Inc., a/k/a NAPA Auto Parts, Platinum Equity, LLC, d/b/a Tecumseh Power, Individually and as successor to Tecumseh Products Co., Pneumo Abex LLC, individually and as successor to Steiner Co., Sears Holdings Management Corp., d/b/a Craftsman, Sears, Roebuck & Co., d/b/a Craftsman, Stanley Black & Decker, Inc., individually and as successor to Marion-Craftsman Tool Co., Tecumseh Products Company LLC, f/k/a Tecumseh Products Co., The Toro Company, Venture Products, Inc., f/d/a Steiner AG | Commonwealth of Massachusetts Middlesex County Superior Court Department of the Trial Court | 17-3242 |
| Robert A. Catalfamo, Individually and on behalf of the Sears Holdings Savings Plan, and/or on behalf of a class consisting of similarly situated participants of Sears Holdings Savings Plan v. Sears Holdings Corporation, Edward S. Lampert, Sears Holdings Corporation Investment Committee, and John Does 1-20 | Robert A. Catalfamo, Individually and on behalf of the Sears Holdings Savings Plan, and/or on behalf of a class consisting of similarly situated participants of Sears Holdings Savings Plan v. Sears Holdings Corporation, Edward S. Lampert, Sears Holdings Corporation Investment Committee, and John Does 1-20 | USDC, Nothern District of IL, Eastern Division | 1:17-cv-05230 |
| Home Products International-North America, Inc.; and Does 1 through 25, Inclusive | Paul Benavidez v. Kmart Corporation; Home Products International-North America, Inc.; and Does 1 through 25, Inclusive | USDC, Central District of California | CV 17-6226-JFW (JEMx) |
| Onebeacon Services, LLC d/b/a Atlantic Speciality Insurance Company | Phillip Doran, and Linda Doran, husband and wife, and the marital community comprised thereof v. Sears Home Improvement Products, Inc., a Pennsylvania Corporation, Sears Holdings Management Corporation, a Delaware Corporation, and Onebeacon Services, LLC d/b/a Atlantic Speciality Insurance Company, a Delaware Limited Liability Company | In the Superior Court of the State of Washington In and For the County of Thurston | 17-2-06663-34 |
| Three Brothers Construction Co. d/b/a Sears Garage Door and James Edward Kutteroff | Ila Clemesha v. P.B. Home Services, Inc. d/b/a Sears Home Services, Sears, Roebuck and Co., Three Brothers Construction Co. d/b/a Sears Garage Door and James Edward Kutteroff, Individually and Jointly | In the County Court in and for Miami-Date County, FL | 16-5053 CC 26 |
| One World Technologies, Inc.; RYOBI Technologies, Inc.; and Techtronic Industries North America, Inc. | Magnani, Peter v. KCD IP, LLC; Sears Holdings Management Corporation; Sears, Roebuck and Co.; One World Technologies, Inc.; RYOBI Technologies, Inc.; and Techtronic Industries North America, Inc. | Supreme Court Nassau County, NY | 602360/2012 |
| Ubaldo Miranda; Shelly Miranda; KCD IP, LLC; Briggs & Stratton Corporation; Husqvarna Consumer Outdoor Products N.A., Inc. | Townsend, Samuel v. Ubaldo Miranda; Shelly Miranda; Sears, Roebuck and Co.; Sears Brands, L.L.C.; Sears Holdings Management Corporation; KCD IP, LLC; Briggs & Stratton Corporation; Husqvarna Consumer Outdoor Products N.A., Inc. | Superior Court, Porty County, IN | 64D01-1808-CT-007890 |
| Zion Evangelical Lutheran Church, Springfield, Missouri, Inc.; Kenmore Craftsman DieHard Intellectual Property, LLC aka and dba KCD IP, LLC | Buchanan, William and Eva v. Zion Evangelical Lutheran Church, Springfield, Missouri, Inc.; Sears Holdings Corporation; Sears, Roebuck and Co.; Kenmore Craftsman DieHard Intellectual Property, LLC aka and dba KCD IP, LLC | Circuit Court of Green County, MO | 1731-CC01255 |
| Sears Rockaway Townsquare; KCD IP, LLC dba Craftsman; Briggs & Stratton; Husqvarna; Stanley Black & Decker; XYZ Corporation 1-10; John Doe 1-10 | Visakay, Aida; as executor for the estate of William Visakay v. Sears Roebuck and Company; Sears Rockaway Townsquare; KCD IP, LLC dba Craftsman; Briggs & Stratton; Husqvarna; Stanley Black & Decker; XYZ Corporation 1-10; John Doe 1-10 | Superior Court, Morris County, NJ | MRS-L-1705-17 |
| KCD IP, LLC; Sears Brands, LLC | Andrews, Rhonda v. Sears, Roebuck and Co.; KCD IP, LLC; Sears Brands, LLC; and Sears Holdings Corporation | State Court, Bibb County, GA | 86833 |
| Ari Fleet LT; Richard Wood; Does 1 to 100 | Shirley, Bryanna v. Sears Holdings Management Corporation; Sears, Roebuck and Co.; Sears Holding Corp.; Sears Holdings LLC; Sears Home Services; Sears Brands, L.L.C.; Ari Fleet LT; Richard Wood; Does 1 to 100 | Superior Court, Los Angeles County, CA | MC028145 |
| Home Security of America, Inc.; Margaret Cooper; Daniel Cooper; and Sears Home Services | Downs, Kimberly v. Sears Home Improvement products, Inc.; Home Security of America, Inc.; Margaret Cooper; Daniel Cooper; and Sears Home Services | Court of Common Pleas of Northumberland County, PA | CV-15-841 |
| Sears Home Services; Briggs & Stratton Corp.; ABC Corporations 1-10; and John Does 1-10 | Gayle, Michael v. Sears Roebuck & Co.; Sears Home Services; Sears Brands, LLC; Sears Holdings, Corp.; Briggs & Stratton Corp.; ABC Corporations 1-10; and John Does 1-10 | Superior Court, Essex County, NJ | ESX-L-6632-17 |
| FSA Network, Inc.; G-Boyz, LLC; Daniel Gonzalez, director of G-Boyz, LLC; Sears, Roebuck and Co. dba Sears Home Services, Sears Appliance Repair, and/or all subsidiaries and affiliates | Horan, Donald and Eleanor aso Universal Property & Casualty Insurance Company v. FSA Network, Inc.; G-Boyz, LLC; Daniel Gonzalez, as last known officer; director of G-Boyz, LLC; Sears, Roebuck and Co. dba Sears Home Services, Sears Appliance Repair, and/or all subsidiaries and affiliates | Circuit Court, St. Lucie County, FL | 562017CA001725AXXXHC |

| Non-Debtor Parties | Case Caption | Court or Agency | Case Number |
|---|---|---|---|
| Sears Home & Business Franchises, Inc., dba Sears Carpet Cleaning and Air Duct Cleaning of Buffalo Grove, Illinois; aka Sears Carpet and Upholstery Care, Inc. | Rosenberg, Justin v. Sears Home & Business Franchises, Inc., dba Sears Carpet Cleaning and Air Duct Cleaning of Buffalo Grove, Illinois; aka Sears Carpet and Upholstery Care, Inc.; and Sears Holdings, dba Sears Home Services | Circuit Court of 19th Judicial Circuit, Lake County, IL | 17L926 |
| Icon Health and Fitness, Inc.; and Sears Home Services, L.L.C | Mauer, Marlene v. Icon Health and Fitness, Inc.; Sears, Roebuck and Co. aka Sears dba Sears Crossroads Center Store #1072; and Sears Home Services, L.L.C. | District Court, Bremer County, IA | LACV 005874 |
| Jerrard James Johnson; and Sears Home Services, L.L.C. | WLR Automotive Group, Inc. a/s/o Selective Insurance Company v. Jerrard James Johnson; and Sears Home Services, L.L.C. | District Court, Baltimore County, MD | CV 1477378 |
| Sears Home Services, Inc. | Cimmino, Robert v. Sears Home Services | Civil Court, Richmond County, NY | 16061.SCR2018 1 |
| Whirlpool Canada LP, Whirlpool Canada Inc., Whirlpool Corporation, Sears Canada Inc., Sears Canada Holdings Corp. | Gaudette, Sylvain v. Whirlpool Canada LP, Whirlpool Canada Inc., Whirlpool Corporation, Sears Canada Inc. Sears Canada Holdings Corp. and Sears, Roebuck & Co. | Supreme Court of Canada, Province of Quebec | 500-06-000794-160 |
| Electrolux Home Products, Inc.; KCD IP, LLC;  Chaplin Williams Rentals, Inc.; Hanna Saikali; Nadia Saikali; and John Saikali | Oquendo, Daniel v. Electrolux Home Products, Inc.; KCD IP, LLC; Sears Holdings Corporation; Sears, Roebuck and co.; Chaplin Williams Rentals, Inc.; Hanna Saikali; Nadia Saikali; and John Saikali | 4th Judicial Circuit Court, Dubal County, FL | 2018-CA-7638 |
| Sears Home Services, Inc. | Isaac, Maxine v. Sears Home Services | Civil Court, Queens County, NY | CV-029874-18-QU |
| Sedgwick Claims Management Services, Inc. | Matthews, Shirley and Dwight Langhum v. Sedgwick Claims Management Services, Inc. and Sears Holdings Management Corporation d/b/a Sears Home Services | Wilson County State Court, TN | 2018-CV-3409 |

**<u>Exhibit 2</u>**

**Proposed Stay Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re                                                     :

                                                          :        **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*                 :

                                                          :        **Case No. 18-23538 (RDD)**

                                                          :

          **Debtors.**[1]                                 :        **(Jointly Administered)**

----------------------------------------------------------------x

## NOTICE OF ENTRY OF ORDER EXTENDING
## THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR PARTIES

     **PLEASE TAKE NOTICE** that on December [__], 2018, the Bankruptcy Court

for the Southern District of New York (the "**Bankruptcy Court**") entered an Order Pursuant to

11 U.S.C. §§ 105(a) and 362(a) extending the automatic stay imposed by section 362(a) of the

Bankruptcy Code in the above chapter 11 cases  (ECF No. [__]) (the "**Order**").  A copy of the

Order is annexed hereto as **Exhibit A**.

     **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Order, the

proceedings identified on **Exhibit B** hereto (the "**Prepetition Actions**") have been stayed as to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

both any applicable Debtors and the parties (the "**Non-Debtors Parties**") identified on Exhibit B, which stay may be modified by the Bankruptcy Court as set forth in the Order.

        **PLEASE TAKE FURTHER NOTICE** that, during the effectiveness of the automatic stay, both the Debtors and the Non-Debtor Parties are not required to submit any response, answer, or other pleading in connection with the Action, and the Action may not continue against either any applicable Debtor or any applicable Non-Debtor Party.

Dated:  December [__], 2018
        New York, New York



                                    _____
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York  10153
                                    Telephone:  (212) 310-8000
                                    Facsimile:  (212) 310-8007
                                    Ray C. Schrock, P.C.
                                    Jacqueline Marcus
                                    Garrett A. Fail
                                    Sunny Singh

                                    *Attorneys for Debtors and Debtors in Possession*