**Hearing Date: December 20, 2018 at 10:00 a.m. (ET)**
**Objection Deadline: December 13, 2018 at 4:00 p.m. (ET)**

Patrick Collins
Veronique A. Urban
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, New York 11556
Tel:    (516) 227-0700
Fax:    (516) 227-0777

*Attorneys for Midwood Management Corp., as agent*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |

-----------------------------------------------------------------x

**NOTICE OF HEARING OF MOTION FOR ORDER DECLARING AUTOMATIC STAY INAPPLICABLE TO NON-RESIDENTIAL REAL PROPERTY LEASE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    A hearing to consider the motion (the "Motion") of Midwood Management Corp., as agent for Expressway Plaza I, LLC and Farmingville Associates Phase 1, LLC as tenants in common ("Landlord"), for an order declaring the automatic stay of Section 362(a) of the Bankruptcy Code inapplicable to actions to be undertaken by the Landlord's to recover property from chapter 11 debtor Kmart Corporation ("Kmart") under a lease of non-residential real property, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **December 20, 2018 at 10:00 A.M.**

2.    Objections, if any, to the Motion must be made in writing, with a hard copy delivered to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601;

conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; be filed with the Bankruptcy Court; and be served in accordance with the provisions of General Order M-399 of this Court on the following parties **so as to be actually received by them not later than December 13, 2018** (the "Objection Deadline"):

(i) Farrell Fritz, P.C., 400 RXR Plaza, Uniondale, New York 11556 (Attn: Patrick Collins, Esq. and Veronique A. Urban, Esq.), attorneys for Landlord;

(ii) the Debtors, c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179 (Attn: Stephen Sitley Esq., and Luke J. Valentino, Esq.);

(iii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors;

(iv) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq.);

(v) Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.), attorneys for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent;

(vi) Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Marshall S. Huebner, Esq. and Eli J. Vonnegut, Esq.), attorneys for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility;

(vii) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006 (Attn: Sean A. O'Neal, Esq.), attorneys for JPP, LLC, as agent under the Second Lien Credit Facility, IP/Ground Lease Term Loan Facility, and the Consolidated Secured Loan Facility;

(viii) Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 (Attn: Eric R. Wilson, Esq., Benjamin D. Feder, Esq., and T. Charlie Liu, Esq.), attorneys for Computershare Trust Company, N.A., as trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes;

(ix) Seyfarth Shaw LLP, 620 Eighth Avenue, New York, New York 10018 (Attn: Edward M. Fox, Esq.), attorneys for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes;

(x) Carter Ledyard & Milburn LLP, 2 Wall Street, New York, New York 10015 (Attn: James Gadsden, Esq.), attorneys for The Bank of New York Mellon Trust Company, as successor trustee for the SRAC Unsecured PIK Notes, SRAC Unsecured Notes, and the SRAC Medium Term Notes;

(xi) Locke Lord LLP, 111 South Wacker Drive, Chicago, Illinois 60606 (Attn: Brian A. Raynor, Esq.), attorneys for the Pension Benefit Guaranty Corporation;

(xii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira S. Dizengoff, Esq., Philip C. Dublin, Esq., Abid Qureshi, Esq., Joseph L. Sorkin, Esq.), attorneys for the Official Committee of Unsecured Creditors;

(xiii) the attorneys for any other committee(s) that may be appointed in these chapter 11 cases;

(xiv) any person or entity with a particularized interest in the subject matter of the relevant document; and

(xv) all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Case Management Procedures.

3. If no objections are timely filed and served, Landlord may, on or after the Objection Deadline, submit the proposed order to the Court substantially in the form attached to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: Uniondale, New York
      November 29, 2018               FARRELL FRITZ, P.C.

                                        By:    /s/ *Patrick Collins*
                                                  Patrick Collins
                                                  Veronique A. Urban
                                                  400 RXR Plaza
                                                  Uniondale, New York 11556
                                                  Tel:    (516) 227-0700
                                                  Fax:   (516) 227-0777

                                                  *Attorneys for Midwood Management Corp., as agent for Expressway Plaza I, LLC and Farmingville Associates Phase 1, LLC as tenants in common*

**Hearing Date: December 20, 2018 at 10:00 a.m. (ET)**
**Objection Deadline: December 13, 2018 at 4:00 p.m. (ET)**

Patrick Collins
Veronique A. Urban
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, New York 11556
Tel:    (516) 227-0700
Fax:   (516) 227-0777

*Attorneys for Midwood Management Corp., as agent*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al*., | : | Case No. 18-23538 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |

------------------------------------------------------------------x

### MOTION FOR ORDER DECLARING AUTOMATIC STAY INAPPLICABLE TO NON-RESIDENTIAL REAL PROPERTY LEASE

Midwood Management Corp., as agent for Expressway Plaza I, LLC and Farmingville Associates Phase 1, LLC as tenants in common ("Landlord"), hereby submits this motion (the "Motion") for an order, substantially in the form annexed hereto as *Exhibit A*, (i) declaring the automatic stay of Section 362(a) of the Bankruptcy Code inapplicable to actions to be undertaken by the Landlord's to recover property from chapter 11 debtor Kmart Corporation ("Kmart") under a lease of non-residential real property that terminated by expiration of the term of the Lease.  In support of its Motion, Landlord submits the Declaration of Steven Brown (the "Brown Declaration", annexed hereto as *Exhibit B*, and the Declaration of Aaron E. Zerykier (the "Zerykier Declaration", annexed hereto as *Exhibit C*, and respectfully states as follows:

### BACKGROUND

1.     Landlord, as assignee of Farmingville Associates, a New York general partnership, and Kmart Corporation are parties to a lease (as amended and extended, the

"Lease"), dated December 20, 1991, under which Kmart leased from Landlord premises located at 2280 North Ocean Avenue, Farmingville, New York (the "Premises").[1] Brown Declaration, ¶ 3. The Premises is located within a shopping center known as Expressway Plaza. *Id.*

*Kmart's Default under the Lease*

2. On October 10, 2012, Kmart sent to the Landlord a letter of agreement to acknowledge that, pursuant to Article 30 of the Lease, Kmart had exercised its option to perform the Common Area (as defined in the Lease) maintenance on the Premises.[2]

3. Kmart failed to comply with its maintenance obligations under the Lease with respect to the Common Area parking lot and drive lanes. Brown Declaration, ¶ 5. As a result, by Notice dated November 8, 2017,[3] Landlord exercised its rights under Article 25(F) to perform emergency repair work to the parking lot and drive lanes (the "Emergency Work") at Kmart's cost and expense. *Id*.

4. On or about April 4, 2018, Landlord sent Kmart three invoices in the total amount of $215,426.88 for Kmart's share of the costs incurred by Landlord to perform the Emergency Work.[4] Brown Declaration, ¶ 6. Pursuant to Article 25(F) of the Lease, Kmart's share of the sums expended by Landlord, together with interest on the unreimbursed amounts at eighteen (18%) per annum were deemed additional rent (the "Additional Rent").

5. Kmart failed to pay the invoices sent by Landlord for the Additional Rent. As such, $215,426.88 plus interest as Additional Rent under Article 25(F) of the Lease is currently due and owing to Landlord for the Emergency Work. Brown Declaration, ¶ 7.

6. On September 12, 2018, Landlord, pursuant to its rights under Article 25 of the

---

[1] A copy of the Lease is annexed to the Brown Declaration as Exhibit "1".

[2] A copy of the letter dated October 10, 2012 is annexed to the Brown Declaration as Exhibit "2".

[3] A copy of the November 2017 Notice is attached to the Brown Declaration as Exhibit "3".

[4] Copies of the invoices are attached as Exhibit "4" to the Brown Declaration.

Lease, sent to Kmart a "Notice of Default and Fifteen (15) Day Notice to Cure" (the "Notice of Default").[5] Zerykier Declaration, ¶ 3. The Notice of Default informed Kmart that it was in default under the Lease for its failure to pay the Additional Rent relating to the Emergency Work. The Notice of Default further informed Kmart that, pursuant to Article 25 of the Lease, unless Kmart cured the default within fifteen (15) days from service of the notice, the Landlord would serve Kmart with a notice of election to end the term of the Lease at the expiration of ten (10) days from the date of service of such notice.

7. Landlord received no response from Kmart with respect to the Notice of Default and the default was not cured. Zerykier Declaration, ¶ 7; Brown Declaration, ¶ 8.

*Termination of the Lease*

8. Having received no response to the Notice of Default, the Landlord, exercising its rights pursuant to Article 25 of the Lease, sent to Kmart a Ten (10) Day Notice of Lease Termination (the "Lease Termination Notice") on October 11, 2018.[6]

9. The Lease Termination Notice informed Kmart that, due to its default in fulfilling the covenants of the Lease, and its subsequent failure to remedy the defaults identified in the Notice of Default, the Lease would terminate ten (10) days following the service of the Lease Termination Notice on Kmart. Notably, the Lease Termination Notice, consistent with the terms of the Lease, did not provide that Kmart could cure the defaults during the ten (10) day period.

10. The Lease subsequently expired by its terms on October 23, 2018—taking into account two additional days because the Lease Termination Notice was served by certified mail. Landlord has received no response from Kmart with respect to the Lease Termination Notice.

11. Notwithstanding the termination of the Lease, Kmart remains in possession of the

---

[5] A copy of the Notice of Default is annexed to the Zerykier Declaration as Exhibit "A".

[6] A copy of the Lease Termination Notice is annexed to the Zerykier Declaration as Exhibit "B".

Premises without the Landlord's consent. Kmart remitted rent to the Landlord for the month of November 2018, which the Landlord has not accepted. Brown Declaration, ¶ 9.

*The Debtors' Bankruptcy Filing*

12. On October 15, 2018, Kmart and certain of its affiliates (collectively, the "Debtors") commenced the above-captioned voluntary cases under chapter 11 of title 11 of the United States Code.

13. On November 1, 2018, the Debtors filed the *Motion of Debtors for Authority to Extend the Time to Assume or Reject Unexpired Lease and Subleases of Nonresidential Real Property* [Docket No. 426], pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code and Rule 6006-1(c) of the Local Bankruptcy Rules for the Southern District of New York, to extend the initial 120-day period for the Debtors to assume or reject all of their unexpired leases and subleases of non-residential real property by an additional ninety (90) days, from February 12, 2019, up to and including May 13, 2019 (the "Extension Motion").

14. On November 8, 2018, Landlord filed its *Objection* [ECF No. 573] (the "Objection") to the Motion to the extent that the Debtors sought to extend the assumption and rejection period with respect to the Lease because, as further stated herein, the Lease expired by its terms on October 23, 2018.

15. On November 14, 2018, as a result of discussions among counsel to the Debtors and the Landlord concerning the Extension Motion, and submission of a proposed order clarifying that granting the relief requested in the Extension Motion does not comprise a determination concerning the status of any particular lease, the Landlord withdrew the Objection.

4

**RELIEF REQUESTED**

16.     The Debtors have no interest in the Lease or the Property protectable in their bankruptcy cases.  Accordingly, Landlord seeks a declaration (i) that the automatic stay of Section 362(a) of the Bankruptcy Code is inapplicable to Landlord's efforts to regain possession of the Property and enforce its rights under the Lease and applicable law and (ii) that the Lease is not property of the Debtors' estates.

**ARGUMENT**

**I.     The Automatic Stay is Inapplicable Because the Term of the Lease has Expired.**

17.     The Lease expired by its terms on October 23, 2018.

18.     Section 362(b)(10) of the Bankruptcy Code provides that the automatic stay does not apply to "any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or *during a case* under chapter 11 to obtain possession of such property" (emphasis added).

19.     In addition, Section 541(b)(2) of the Bankruptcy Code excludes from property of the estate "any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease *during the case*" (emphasis added).

20.     The exception to the automatic stay rule articulated in Section 362(b)(10) and the designation of what is and is not in the debtor's estate as stated in Section 541 of the Bankruptcy Code of the Bankruptcy Code were intended to afford lessors of nonresidential property "significant safeguards" by allowing them to proceed in state court to reclaim possession of the

5

nonresidential leased premises where the lease expires by its own terms. *In re Policy Realty*, 242 B.R. 121 (S.D.N.Y. 1999), *aff'd Policy Realty Corp. v. Trever Realty LLC*, 2000 U.S. App. LEXIS 8846 (2d Cir. 2000); *In re Neville*, 118 B.R. 14, 17 (Bankr. E.D.N.Y. 1990).

21.  A lease may be terminated under New York law by operation of a conditional limitation. *See TSS-Seedman's, Inc. v. Elota Realty Co*., 72 N.Y.2d 1024; 534 N.Y.S.2d 925 (1988) (recognizing that, under conditional limitation clause in real property lease, term of lease ends by the passage of time following service of notice by landlord after tenant's default); *In re Artisanal 2015, LLC*, 2017 WL 5125545 at * 9 (Bankr. S.D.N.Y. 2017) (explaining operation of conditional limitation lease clauses under New York law); *In re Musikahn Corp*., 57 B.R. 938, 940 (Bankr. E.D.N.Y. 1986) (same). When a lease contains a conditional limitation, the landlord may send the tenant in default a notice of termination of the lease, stating that the term of the lease will be deemed to expire upon a specified date due to tenant's default. *See Musikahn,* 57 B.R. at 938.  "The lease is thus terminated upon the mere lapse of time, rather than on any further act by the landlord." *Id*.

22.  In accordance with Article 35 of the Lease, the Notice of Default was mailed to Kmart on September 12, 2018. Taking into account an additional two days because the Notice of Default was served by certified mail (as provided in Section 35 of the Lease), the date the Notice of Default was deemed given is September 14, 2018.  Pursuant to Article 25(A) of the Lease, an Event of Default occurred thereunder upon Kmart's failure to cure its failure to pay the Additional Rent within 15 days from when the Notice of Default was given.

23.  Article 25(B) of the Lease provides:

> Upon the occurrence of an Event of Default, Landlord shall thereafter have and is hereby given the right to serve upon Tenant a notice of cancellation of this Lease at the end of 10 days from the date such notice is given, and upon the expiration of such 10 day period this Lease shall

> wholly cease and expire (without the delivery of any further notice) in the same manner as if it were the expiration of the term…

This provision is clearly imposes a conditional limitation as it provides for the expiration of the term of the Lease at a fixed time that is earlier than the term that would otherwise be in effect. *See Artisanal 2015* WL 5125545 at * 9 (clause is conditional limitation if it has "the effect of definitely fixing an earlier date for the expiration of the lease than the original term prescribed by the lease ...."). (quoting 2 J. Rasch, *New York Landlord and Tenant* § 752 (2d ed. 1971)).

24. In accordance with Article 35 of the Lease, the Lease Termination Notice was mailed to Kmart on October 11, 2018, by certified mail return receipt requested. Taking into account an additional two days (as provided in Section 35 of the Lease) because the Notice of Default was served by certified mail, the date the Lease Termination Notice was given for purposes of the Lease is October 13, 2018.

25. Notwithstanding that the Debtors commenced their bankruptcy cases on October 15, 2018, the Lease expired on October 23, 2018—ten days after service of the Lease Termination Notice.

26. The Landlord sent the Lease Termination Notice to Kmart prior to the commencement of the Debtors' bankruptcy cases. The Lease terminated by operation of a conditional limitation, the passage of ten days' time following service of the Lease Termination Notice. The Lease Termination Notice did not provide any further opportunity to cure the outstanding defaults under the Lease but, rather, provided notice of the termination of the Lease at the conclusion of the notice period without any further act by the Landlord or Kmart.

27. The Debtors' bankruptcy filing, sandwiched between the serving of the Lease Termination Notice and the termination date of the Lease, did not toll the termination date of the

7

lease. The automatic stay does not toll the running of time under a contract and does not prevent the automatic termination of a contract. *Moody v. Amoco Oil Co.*, 734 F.2d 1200 (8th Cir. 1984).

28. In *In re Policy Realty*, 242 B.R. 121 (S.D.N.Y. 1999), *aff'd Policy Realty Corp. v. Trever Realty LLC*, 2000 U.S. App. LEXIS 8846 (2d Cir. 2000), the U.S. District Court for the Southern District of New York held that Section 362(b)(10) of the Bankruptcy Code applies to leases that expire because of a conditional limitation following a default and not just to leases for which the non-default term expiration date has been reached.

29. In *Policy Realty*, the landlord terminated a lease with a tenant for failure to pay rent and sent a termination notice to its tenant. Policy Realty, the subtenant on the lease, commenced an action by order to show cause in state court, seeking a temporary restraining order pending a hearing on the termination of the lease. Policy Realty subsequently filed for bankruptcy relief on September 9, 1998, just before the temporary restraining order it had obtained was set to expire. The district court held that the exception to the automatic stay under Section 362(b)(10) applied, and the lease had expired, because the termination notice sent by the landlord caused an expiration of "the stated term of the lease" where the tenant did not have the right to cure during the notice period and all that needed to occur for the termination to become effective was the passage of time. *Id.* at 128. The court reasoned that under New York law, a conditional limitation termination notice satisfied Section 362(b)(10), because "the lease is terminated when the time expires, rather than on any further act by the landlord." *Id.* The state court's temporary restraining order merely tolled the termination date, and did not in any way impact the landlord-tenant relationship. *Id.* The court therefore concluded that the lease was not property of the estate under Section 541(b) and was not subject to the automatic stay under Section 362(a) and Section 362(b)(10).

18-23538-shl    Doc 932    Filed 11/29/18    Entered 11/29/18 14:02:36    Main Document
Pg 13 of 14

30. Courts have stated that "naked possessory interest" is of "no value" to the debtor's estate and is therefore insufficient to invoke the automatic stay protections of the Bankruptcy Code when the exception provided under Section 362(b)(10) applies. *Policy Realty*, 242 B.R. at 129; *Neville*, 114 B.R. at 18. If mere possession were enough to render the exception inapplicable, not only would the purpose of the exception be undermined, the exception would be meaningless. *Id*.

31. Here, the Landlord provided Kmart with an opportunity to cure the default under the Lease by mailing the Notice of Default to Kmart. Kmart did not to respond to or act with respect to the Notice of Default. Landlord then sent to Kmart the Lease Termination Notice, as was its right under the terms of the Lease.

32. The Lease terminated on October 23, 2018, ten days after the date of notice for the Lease Termination Notice. The Debtors' bankruptcy filing did not act to toll the passage of the ten day notice period and Kmart's naked possession of the Premises is insufficient to invoke the automatic stay protections of the Bankruptcy Code.

33. Therefore, pursuant to Sections 362(b)(10) of the Bankruptcy Code, the automatic stay does not apply to the Landlord's efforts to enforce its rights under the Lease.

## II. The Lease is Not Property of the Debtors' Estates

34. As discussed above, the exception under Section 541(b)(2) of the Bankruptcy Code to which property is considered property of the estate tracks the automatic stay exception under Section 362(b)(10). A lease of nonresidential real property that has terminated at the expiration of the stated term is not property of the estate for the same reason that it is not subject to the automatic stay. *See Policy Realty*, 242 B.R. at 128 (determining that lease for which

Section 362(b)(10) applies is not property of a debtor's estate). The Lease is not property of the Debtors' estates because the term of the Lease has expired.

## NOTICE

35.     Landlord will provide notice of this motion to the "Standard Parties" and "Rule 2002 Parties" in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405]. Based upon the foregoing, Landlord respectfully submits that notice of this motion and the relief sought herein is sufficient, and that no additional or further notice should be required.

## NO PRIOR REQUEST

36.     No previous motion or application for the relief sought herein has been made to this or any other court, except as hereinabove discussed.

WHEREFORE, Midwood respectfully requests that the Court grant the Motion in its entirety, find that (i) the automatic stay is inapplicable to the Landlord's efforts to assert its rights under the Lease and (ii) that the Lease is not property of the Debtors' estates, and grant Midwood such other and further relief as the Court deems just and proper.

Dated:  Uniondale, New York
       November 29, 2018                    FARRELL FRITZ, P.C.

                                      By:     */s/ Patrick Collins*
                                                Patrick Collins
                                                Veronique A. Urban
                                                400 RXR Plaza
                                                Uniondale, New York 11556
                                                Tel:    (516) 227-0700
                                                Fax:   (516) 227-0777

                                                *Attorneys for Midwood Management Corp., as agent for Expressway Plaza I, LLC and Farmingville Associates Phase 1, LLC as tenants in common*