**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

**AFFIDAVIT AND DISCLOSURE STATEMENT OF DAVID E. OTERO,**

**ON BEHALF OF AKERMAN LLP**

STATE OF FLORIDA )
) s.s.:
COUNTY OF DUVAL )

David E. Otero, being duly sworn, upon his oath, deposes and says as follows:

1. I am a partner in Akerman LLP, located at 50 North Laura Street, Suite 3100, Jacksonville, Florida 32202 (the "**Firm**").

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2. Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

3. The Services include, but are not limited to, the following for which the Debtors are responsible for the fees incurred: (1) the appeal of a claim for refund of sales taxes filed with the Vermont Department of Revenue, as well as the appeal of an audit assessment by the Department of Revenue; (2) various state and local sales tax audits that may arise during the pendency of the bankruptcy case for which the Debtors will wish to utilize the Firm. The Services also include the following for which the fees incurred are paid by Citibank, N.A. pursuant to Exhibit Q of the Program Agreement by and between the Debtors and Citibank, N.A.: (1) a sales and use tax audit by the California Department of Tax and Fee Administration for the period of 2012 through 2016 which continues pursuant to the exception to the automatic stay for tax audits; (2) a sales and use tax audit by the California Department of Tax and Fee Administration for the period of 2007 through 2011; (3) appeals of claims for refund of sales tax filed with the Illinois Department of Revenue which are expected to be denied shortly; (4) audits of sales tax refund claims and a sales and use tax audit by the Texas Comptroller; (5) a forthcoming sales tax assessment by the Wisconsin Department of Revenue; (6) various state and local sales tax audits regarding bad debt sales recovery which may arise during the pendency of the bankruptcy case.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or

be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases, with respect to the matters on which the Firm is to be retained. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

7. As of the commencement of this chapter 11 case, the Debtors owed the Firm $4,020.00 in respect of prepetition services rendered to the Debtors.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on November 27, 2018, at Jacksonville, Florida.

David E. Otero

SWORN TO AND SUBSCRIBED before
Me this 27th day of November, 2018

Notary Public

KIM A. CRENIER
Commission # GG 073285
Expires February 14, 2021
Bonded Thru Troy Fain Insurance 800-385-7019



47076895;2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | |
| | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** ***et al.*****,** | |
| | **Case No. 18-23538 (RDD)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**").

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of professional:

David E. Otero
Akerman LLP
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202

2. Date of retention: September, 2004

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

3. Type of services to be provided:

Legal representation in state and local tax matters

4. Brief description of services to be provided:

The Services to be provided include, but are not limited to, the following for which the Debtors are responsible for the fees incurred: (1) the appeal of a claim for refund of sales taxes filed with the Vermont Department of Revenue, as well as the appeal of an audit assessment by the Department of Revenue; (2) various state and local sales tax audits that may arise during the pendency of the bankruptcy case for which the Debtors will wish to utilize the Firm. The Services also include the following for which the fees incurred are paid by Citibank, N.A. pursuant to Exhibit Q of the Program Agreement by and between the Debtors and Citibank, N.A.: (1) a sales and use tax audit by the California Department of Tax and Fee Administration for the period of 2012 through 2016 which continues pursuant to the exception to the automatic stay for tax audits; (2) a sales and use tax audit by the California Department of Tax and Fee Administration for the period of 2007 through 2011; (3) appeals of claims for refund of sales tax filed with the Illinois Department of Revenue which are expected to be denied shortly; (4) audits of sales tax refund claims and a sales and use tax audit by the Texas Comptroller; (5) a forthcoming sales tax assessment by the Wisconsin Department of Revenue; (6) various state and local sales tax audits regarding bad debt sales recovery which may arise during the pendency of the bankruptcy case.

5. Arrangements for compensation (hourly, contingent, etc.):

Compensation is on an hourly basis

(a) Average hourly rate (if applicable): $400.00

(b) Estimated average monthly compensation based on prepetition retention (if company was employed prepetition): $5,000.00

6. Prepetition claims against the Debtors held by the company:

Amount of claim: $4,020

Date claim arose: 9/4/2018 and 10/1/2018

Nature of claim: Legal services rendered

7. Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

Name: None

Status: __________

Amount of claim: $__________

Date claim arose: __________

Nature of claim: __________

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the professional is to be employed:

None

9. Name and title of individual completing this form:

David E. Otero, Partner, Akerman LLP

Dated: November 27, 2018