**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                               :          Chapter 11
                                                     :
**SEARS HOLDINGS CORPORATION,** *et al.*,            :          Case No. 18-23538 (RDD)
                                                     :
Debtors.[1]                                          :          (Jointly Administered)
                                                     :
---------------------------------------------------------------x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004, 9006, AND 9016 AUTHORIZING EXPEDITED DISCOVERY OF THE RESTRUCTURING SUBCOMMITTEE**

Upon the motion, dated November 21, 2018 (the "Motion"), of ESL Investments, Inc. for an order pursuant to the Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 and section 105 of the Bankruptcy Code, authorizing and directing expedited discovery of information relevant to ESL and transactions involving Sears[2] in which ESL participated as a lender or Sears shareholder (the "Rule 2004 Topics") from the Restructuring Subcommittee of the restructuring committee of the Sears Holdings Corporation board of directors (the "Subcommittee") and the Official Committee of Unsecured Creditors (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Unless otherwise defined herein, capitalized terms have the meaning ascribed to them in the Motion.

"UCC"); and upon the objections to the Motion filed by the Subcommittee and the UCC; and upon the record of the hearing held by the Court on the Motion on November 23, 2018, at which the parties announced an agreement resolving the Motion and the Objection, as set forth herein; and, after due deliberation, the Court having concluded that ESL has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby ORDERED that:

1. ESL is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents set forth herein relevant to the Rule 2004 Topics (each, a "Rule 2004 Subpoena").

2. ESL is authorized to serve Rule 2004 Subpoenas upon the Subcommittee seeking production of materials (other than privileged materials) that the Subcommittee has gathered as part of its review and provided to the UCC and that are relevant to the Rule 2004 Topics (the "Reproduction Subpoenas").

3. Pursuant to Rule 9006, the deadline for providing written responses and objections to each Rule 2004 Subpoena shall be seven (7) calendar days of service.

4. ESL and the Subcommittee shall work diligently to expedite and substantially complete production of responsive documents as soon as reasonably practicable.

5. The production required hereby is subject to all applicable privileges (including but not limited to attorney-client privilege and work product protection); provided, that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, the Subcommittee (or other party asserting privilege with respect to such document) shall provide a privilege log to ESL's counsel at a time mutually agreed to between the producing party and ESL in the same form and concurrent with the production of a privilege log

to the UCC.  For avoidance of doubt, the Subcommittee shall not be required to produce to ESL or log any documents that it collects and does not provide to the UCC.

6. The Subcommittee's obligation to produce any documents to ESL shall be subject to ESL's consent to the Stipulated Protective Order [ECF No. 605], as such order may be hereinafter modified by the Court or agreement of the parties.

7. To the extent that any producing party objects to the production of its documents to ESL, the Subcommittee may withhold such documents from ESL pending a resolution of such objection by agreement between the producing party and ESL or by order of the Court.

8. All disputes concerning discovery pursuant to this order, including objections thereto and disputes regarding the scope or timing of production, that are not resolved by agreement of the parties may be raised by letter brief to the Court not exceeding five pages, single spaced (excluding attachments).  The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced (excluding attachments).  Copies of such letter briefs shall also be emailed to the Court's chambers.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. To the extent not otherwise limited by this Order, all discovery recipients reserve all substantive and procedural rights and objections they may have in connection with any discovery served pursuant to this Order.

Dated: November 30, 2018
      White Plains, New York

                                       /s/Robert D. Drain
                                       THE HONORABLE ROBERT D. DRAIN
                                       UNITED STATES BANKRUPTCY JUDGE