LAW OFFICES
# SCHELBERG & ROSS LLP
1801 CENTURY PARK EAST
SUITE 2400
LOS ANGELES, CALIFORNIA  90067

Tel:  310-552-1400      Fax:  310-943-1747      email:  kschelberg@schelross.com

September 14, 2018

VIA FEDERAL EXPRESS
Zachary W. Blair, Esq.
Sr. Counsel, Real Estate
Sears Holdings Management Corporation
333 Beverly Road, BC-109B
Hoffman Estates, IL  60179
(847) 286-1764

  Re: Kmart Store No. 7006
     2258 Addison Avenue East
     Twin Falls, ID  83303

Dear Mr. Blair:

  This law office represents Gershman Properties, LLC ("Gershman"), which is the owner of the real property located at 2258 Addison Avenue East, Twin Falls, ID  83303 (the "Property") and landlord under that certain Amended and Restated Lease dated September 1, 1989, as assigned and amended (collectively, the "Lease") originally by ands between Addison Realty Limited Partnership, a Tennessee limited partnership, and K Mart Corporation, a Michigan corporation ("Kmart").

  Gershman is currently in escrow to sell the Property (Kmart having elected not to exercise its right of first refusal).  As part of its due diligence, Gershman's buyer (the "Buyer") has engaged a licensed environmental inspector, Materials Testing & Inspection, LLC ("Consultant") to perform a Phase I investigation of the Property.  The Consultant determined that in 1973 Kmart installed one underground oil storage tank on the Property and in 1988 Kmart installed two underground gasoline storage tanks on the Property.  While all of the tanks were apparently subsequently removed from the Property, a search of the records of the City of Twin Falls Fire Department and of the Idaho Department of Environmental Quality provides no evidence that such removal was performed in compliance with applicable law and/or with all required governmental approvals or permits.

  Following the receipt of such results, Gershman requested that Kmart provide it with all of its records regarding the installation and/or removal of the tanks.  Kmart responded by stating that it had no records whatsoever regarding this matter.  Based on the lack of any documentation (filed or in Kmart's possession) regarding this matter, the Consultant has determined this matter to constitute a "Controlled Recognized Environmental Condition" for which it recommends soil sampling.  Gershman has requested the right to perform the Phase II and Kmart has refused,

apparently on the basis that there is nothing in the Lease which expressly permits Gershman, as landlord, to inspect the Property.

We have researched the law and found that there is, in fact, caselaw supporting a landlord's right to perform an inspection of the Property to confirm tenant's compliance with law, *even where such language does not expressly exist in the lease*. For example, in the case of <u>Sachs v. Exxon</u>, 9 Cal.App.4th 1491 (1992), the Court stated as follows:

> *In leases, as in contracts, a covenant of good faith and fair dealing has been implied….The covenant requires that neither party do anything which will have the effect of destroying or injuring the right of the other party to receive the benefits of the lease. (Ibid.) One of the benefits provided to the [the landlord] by this lease is the promise of the defendants that they will not violate governmental laws and regulations which apply to the leasehold. This assurance is of little benefit to [the landlord] if they are precluded from assuring themselves that no such violations are taking place, particularly in circumstances in which they reasonably suspect violations. Since contamination which would give rise to a violation of environmental law is usually hidden from a layman's view, the means by which a violation can be ascertained requires the use of expert investigation. Thus, good faith and fair dealing as respects the covenant of lawful activity requires a reasonable means by which [the landlord] can assure themselves as to the status of environmental hazards which may be the result of the tenant's activities. Such assurance could presumably be provided by tests and reports initiated by the tenant which, from an objective point of view, provide adequate assurance to a landlord. Lacking such tenant action, we would imply a right on the part of the landlord to come upon the premises and conduct testing in a reasonable and nonobstructive manner.*

The facts of this current situation almost identically mirror those in *Sachs*, to wit:

1. While the controlling leases in both cases do not expressly authorize the landlord to perform environmental testing, in both cases, the leases do require the tenant to comply with all applicable law. In the Kmart lease, Paragraph 17 requires Kmart to "observe and comply with all rules, order and regulations of all duly constituted public authorities."

2. In both cases, the tenant has failed to provide documentation evidencing that it has complied with environmental laws, leaving Gershman with no way to confirm that the tenant has satisfied its obligations under Paragraph 17 of the Lease;

3. In both cases, the tenant has refused to permit the landlord to perform tests sufficient "to provide adequate assurance" regarding the tenant's satisfaction of its lease obligations.

Based on the foregoing, Gershman is confident that a court would permit it to conduct testing at the Property sufficient to allow Gershman to confirm Kmart's compliance with its obligations under the Lease. While Gershman would certainly prefer to avoid litigation, it is nonetheless prepared to take all action necessary to protect its Lease rights.

      I am hopeful that you recognize that Gershman's request in this matter is legitimate and appropriate and that you counsel your client to permit the performance of a Phase II in this matter. Since it is Kmart's obligation under the Lease to comply with all applicable law, and since this work is necessitated as a result of Kmart's inability to demonstrate that it has done so, Gershman demands that Kmart bear the cost of this Phase II, in the amount of $10,810.70, as shown in the attached proposal from Buyer's Consultant.

      Your prompt response is requested. If we do not hear from you by close of business on September 21, 2018, permitting Gershman to complete the work at Kmart's expense, we will understand that Kmart has elected to reject our request, and Gershman will then be free to take any action it deems appropriate. In the event that Kmart's continued refusal to permit and pay for the Phase II results in Gershman losing the Buyer, Gershman reserves the right to seek damages from Kmart therefor.

      Respectfully,

Kenneth J. Schelberg
Of Schelberg & Ross LLP



**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



EXHIBIT "A"
PAGE #1 OF 3
PRINT DATE 9/14/2018
U:\KMART\B182215R_KMART TWIN FALLS_PHASE II LIMITED SUBSURFACE ASSESSMENT.DOCX

❑ Environmental Services    ❑ Geotechnical Engineering    ❑ Construction Materials Testing    ❑ Special Inspections

September 14, 2018                                                                                          P: 208.412.1329

Mr. Travis Stroud
Greenhorn Ventures, LLC
1980 South Meridian Road
Meridian, Idaho  83642

Via email: *travis@nwdevco.com*

Re:    Proposal – Phase II Limited Subsurface Assessment.
       Kmart Retail Store, 2258 Addison Avenue East (the "site"), Twin Falls, Idaho.

Dear Mr. Stroud:

Materials Testing & Inspection, LLC (MTI) is presenting this proposal to conduct a Phase II Limited Subsurface Assessment at the site referenced above. MTI understands three, underground storage tanks (USTs) were formerly located onsite, however a data gap exists regarding the UST basin location(s).  The following summarizes the proposed scope of services, schedule and estimate of costs.

**SCOPE OF SERVICES**

**Task 1 – Limited Subsurface Sampling and Analysis**
MTI will conduct an onsite survey outside the building foot-print, using ground penetrating radar to locate the former UST basin(s).  MTI will contact Digline of Idaho and subcontract with Magic Valley Private Utility Locates of Twin Falls, Idaho to mark underground onsite private utilities and clear each direct-push probe location prior to subsurface sampling activities.

MTI will subcontract with Cascade Drilling of Boise, Idaho to advance direct-push probes at up to five locations to assess subsurface conditions in the former UST basin(s).  The probes will be advanced using a track-mounted unit with hydraulic direct-push capabilities.  Static groundwater is reportedly located at approximately 28 feet below the ground surface (bgs), subsequently groundwater samples will be unattainable.

Five soil samples and one duplicate quality assurance sample will be collected in laboratory prepared containers, according to EPA Method 5035, placed in an iced cooler and shipped under standard chain of custody protocol to Pace Analytical of Mt. Juliet, Tennessee for normal turn-around analysis of benzene, toluene, ethylbenzene, total xylenes, naphthalene (BTEXN), methyl tert butyl ether (MTBE) and 1,2-dichloroethane (EDC) according to EPA Method 8260 and polycyclic aromatic hydrocarbons (PAHs) according to EPA Method 8270C.

**Task 2 –Report Preparation**
Following the receipt of analytical data, MTI will prepare a letter report summarizing site data, activities and photographic documentation.  Figures will be generated showing site location, site configuration and sample locations.



❑ Environmental Services    ❑ Geotechnical Engineering    ❑ Construction Materials Testing    ❑ Special Inspections

## SCHEDULE

The letter report will be submitted within two weeks following the receipt of analytical data. Expedited sample analysis is available at additional costs.

## BUDGET

MTI proposes to conduct the scope of services described above on a time and materials basis, not to exceed $10,810.70.

| Phase II Limited Subsurface Assessment | Rate | Unit | Subtotal |
|---|---|---|---|
| **TASK 1 – Limited Subsurface Sampling and Analysis** | | | |
| Project Manager (Code 88120) | $125.00 | 3 | $375.00 |
| Staff Engineer (Code 88540) | $80.00 | 12 | $960.00 |
| Private Utility Locate | $780.00 | 1 | $897.00 |
| Ground Penetrating Radar Survey | $1,300.00 | 1 | $1,495.00 |
| Cascade Drilling - Direct-Push Probe | $3,770.00 | 1 | $4,335.50 |
| Pace - Disposal and Energy Fees | $23.00 | 1 | $23.00 |
| Pace - Soil Samples (BTEXNM, EDC, EDB 8260B and PAHs 8270C) | $138.00 | 6 | $828.00 |
| Mileage (Code 91300) | $0.68 | 290 | $197.20 |
| Field Sampling Kit (Code 93110) | $85.00 | 1 | $85.00 |
| PID (Code 93115) | $85.00 | 1 | $85.00 |
| **TASK 2 – Report Preparation** | | | |
| Project Manager (Code 88120) | $125.00 | 2 | $250.00 |
| Staff Engineer (Code 88540) | $80.00 | 16 | $1,280.00 |
| **Total Cost Estimate** | | | **$10,810.70** |

If this proposal is acceptable, please authorize below to proceed with the scope of services, which will be performed in accordance with MTI's terms and conditions. If you require additional information or have questions regarding the proposal and estimate of costs, please contact the undersigned at 208.631.9210 (cell) or by email at kucheraj@mti-id.com.

Sincerely,

**MATERIALS TESTING & INSPECTION, LLC**

James Kuchera, P.G.
Senior Project Manager



Exhibit "A"
Page #3 of 3
Print Date 9/14/2018
U:\Kmart\B182215R_Kmart Twin Falls_Phase II Limited Subsurface Assessment.docx

☐ Environmental Services     ☐ Geotechnical Engineering     ☐ Construction Materials Testing     ☐ Special Inspections

The individual signing below represents and warrants that he/she has full authority to enter into this Agreement on behalf of CLIENT. By signing below, CLIENT is acknowledging and agreeing to Materials Testing and Inspection's Terms and Conditions (or available upon request). If the individual below lacks such authority, he/she shall be personally responsible for payment of obligations under this Agreement. IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date indicated above.

| **Materials Testing & Inspection, LLC** | **Greenhorn Ventures, LLC** |
|---|---|
| Signature: *James Kuchera* | Signature: |
| Print Name & Title: James Kuchera – Senior Project Manager | Print Name & Title: |
| Date: September 14, 2018 | Date: |

**(EOE/AA/MFDV)**