UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:                                ) | Chapter 11 Case Number 18-23537-rdd |
|                                           ) | (jointly administered with 18-23538-lead case) |
| **Sears, Roebuck & Co.,**      ) | |
|                                           ) | Judge Robert D. Drain |
| Debtor.                            ) | |

### MARIO ALIANO'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO ALLOW CIVIL LITIGATION ON APPEAL TO PROCEED

NOW COMES MARIO ALIANO ("Movant" or "Aliano"), by and through counsel, and, hereby moves, pursuant to 11 U.S.C.A. § 362(d) and Local Rule 4001-1, for Relief from Automatic Stay to Allow Civil Litigation on Appeal to Proceed, and in support thereof, states as follows:

Movant is the plaintiff in a civil action filed against the debtor, Sears, Roebuck & Co. ("Sears"), in a case styled, *Mario Aliano v. Sears, Roebuck & Co.*, Case No. 09 CH 16132 (Cir. Ct. of Cook County, Illinois). Aliano obtained a judgment against Sears. On December 30, 2015, the Illinois Appellate Court upheld the circuit court's finding that Sears violated the Illinois Consumer Fraud Act and upheld the entry of judgment in favor of Aliano. *Aliano v. Sears, Roebuck & Co.,* 2015 Il App (1st) 143367, ¶ 36.  However, the Illinois Appellate Court reversed the circuit court's award of attorneys' fees and costs and remanded with instructions that the circuit court conduct a hearing to determine the reasonable fees and costs to which Plaintiff is entitled. *Id.* at ¶¶ 34, 36.

On August 25, 2017, after a 3-day evidentiary hearing on Plaintiff's Revised Fee Petition, the circuit court entered an order awarding attorneys' fees to Aliano in the amount of $267,470.00. *See* **Exhibit 1**, attached hereto. Sears appealed that order and the matter is

presently pending in the Illinois Appellate Court. Briefing on appeal has been completed. The Parties are simply awaiting a ruling from the Illinois Appellate Court.

On October 15, 2018, Sears filed its Suggestion of Bankruptcy. *See* **Exhibit 2**, attached hereto. In its Suggestion of Bankruptcy, Sears stated that "pursuant to Section 362 of the Bankruptcy Code, the commencement or continuation of a judicial, administrative or other action or proceeding against the Debtor is stayed upon the filing of the Bankruptcy Petition."

On October 15, 2018, on its own motion, the Illinois Appellate Court entered an order staying that matter pending further order of Court due to Sears's petition pursuant to Chapter 11 of the United States Bankruptcy Code. *See* **Exhibit 3**, attached hereto.

However, in the circuit court proceedings, Sears previously filed a Motion for Approval of Appeal Bond *Instanter*. *See* **Exhibit 4**, attached hereto. The proffered Appeal Bond, attached as Exhibit C to Sears's Motion, states that the judgment[1] is for $291,542.30, which is equal to the amount of the judgment ($267,470.00), plus a post-judgment interest rate of 9% per annum for one year ($24,072.30). Argonaut Insurance Company ("Argonaut") signed the Appeal Bond and it has agreed to be bound "to pay [Plaintiff Mario Aliano] any part of the judgment which is not reversed, and interest, damages and costs" that Sears does not pay. *City of Elgin v. Arch Ins. Co.*, 2015 IL App (2d) 150013, ¶ 19 ("the surety is bound to perform if the principal obligor does not"), appeal denied, 60 N.E.3d 871 (Ill. 2016).

On October 23, 2017, the circuit court in the Illinois court proceedings granted Sears's Motion for Approval of Appeal Bond. *See* **Exhibit 5**, attached hereto.

---

[1] "Where a judgment is recited in an appeal bond the parties are estopped from questioning the judgment either as to its existence or its validity." *People ex rel. Empress Farms, Inc. v. U. S. Trotting Ass'n*, 13 Ill. App.3d 327, 329, 300 N.E.2d 18, 20 (4th Dist. 1973).

Given the foregoing approval of the Appeal Bond and Argonaut's obligation to pay any part of the judgment which is not reversed, plus interest, damages and costs, Movant seeks relief from the automatic stay so that the Illinois Court proceedings on appeal may continue. *Am-Haul Carting, Inc. v. Contractors Cas. & Sur. Co.*, 33 F. Supp. 2d 235, 242 (S.D.N.Y. 1998) ("Section 362(a) does not stay actions against guarantors or sureties.") (citations omitted); *In re Keene Corp.*, 162 B.R. 935, 943 (Bankr. S.D.N.Y. 1994) ("The obligations of a surety are sufficiently independent to provide the basis of an action by the judgment creditor to collect on the bond unfettered by the automatic stay provisions of the Bankruptcy Code.") (citations omitted); *see also In re Caesars Entm't Operating Co., Inc.*, 540 B.R. 637, 643 (Bankr. N.D. Ill. 2015) ("[S]ection 362(a) is clear, courts in this circuit—including the court of appeals—have repeatedly held that the automatic stay does not apply to non-debtors or their property. The stay protects the debtor, but it poses no bar to a creditor's actions against non-debtor third parties—including third parties who are 'guarantors, sureties, insurers, partners, and other persons liable' on the same debt.") (citations omitted).

Allowing a matter to proceed in another forum may constitute "cause" for relief from the stay provided for in Section 362(d)(1) and the court's determination to grant relief for that reason is clearly within its discretion. *In re Parkinson*, 102 B.R. 141, 142 (Bankr. C.D. Ill. 1988) (citing *In re Valley Kitchens, Inc.,* 58 B.R. 6 (Bkrtcy. S.D.Ohio 1985)); *see also In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). In making such a determination, courts have employed a balancing test—weighing the interest of the estate against the hardships that will be incurred by the creditor-plaintiff. *In re Bock Laundry Mach. Co.,* 37 B.R. 564 (Bkrtcy. 1984).

3

The Bankruptcy Code does not define the phrase "for cause," and in determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the *Sonnax* factors:

1. whether relief would result in a partial or complete resolution of the issues,
2. the lack of any connection with or interference with the bankruptcy case,
3. whether the other proceeding involves the debtor as a fiduciary,
4. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,
5. whether the debtor's insurer has assumed full responsibility for defending the action,
6. whether the action primarily involves third parties,
7. whether litigation in another forum would prejudice the interests of other creditors,
8. whether the judgment claim arising from the other action is subject to equitable subordination,
9. whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,
10. the interests of judicial economy and the expeditious and economical resolution of litigation,
11. whether the parties are ready for trial in the other proceeding, and
12. the impact of the stay on the parties and the balance of harms.

*In re Mildred Deli Grocery, Inc.*, No. 18-10077 (MG), 2018 WL 1136017, at *3 (Bankr. S.D.N.Y. Feb. 28, 2018) (citing *Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990)); *In re New York Medical Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Not all of the *Sonnax* factors are relevant in every case, and "cause" is a flexible concept that must be determined on a case-by-case basis. *Id.* (citing *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)).

Here, the first, second, fifth, seventh, tenth, eleventh, and twelfth factors are relevant and all weigh in favor of a lift of the stay so that Aliano's civil litigation may proceed. As to the first factor, a lift of the stay would allow a complete resolution of Aliano's civil litigation, as judgment against Sears has already been entered and upheld on appeal, and all that remains is the Illinois Appellate Court's decision on an award of Aliano's attorneys' fees.

The second factor weighs in favor of lifting the stay, as Aliano's civil litigation has no connection with, and will not interfere with, the bankruptcy case.

The fifth factor weighs in favor of lifting the stay, as Argonaut has assumed full responsibility to pay Aliano pursuant to the Appeal Bond.

The seventh factor favors a lifting of the stay because Aliano's civil litigation will not prejudice the rights of other creditors. As set forth above, Argonaut has an absolute payment obligation under the Appeal Bond.

The tenth and eleventh factors weigh in favor of this motion because the trial has already occurred and resolution of the remaining matter on appeal favors the interests of judicial economy and the expeditious and economical resolution of litigation.

The twelfth factor favors a lifting of the stay because continuing the automatic stay will impose substantial hardships on Movant that far outweigh any hardships on the debtor because it will unnecessarily delay any award of attorneys' fees to Movant. The appeal is fully briefed. All that remains in the Illinois Appellate Court proceedings is for the Illinois Appellate Court to rule on Movant's appeal and once that ruling is issued, Movant will be able to collect his award of attorneys' fees from Argonaut pursuant to the Appeal Bond.

WHEREFORE, MARIO ALIANO respectfully requests that this Court lift the bankruptcy stay and allow his civil litigation on appeal to proceed in Illinois, and grant any further relief deemed just under the circumstances.

MARIO ALIANO,

By:  /s/ Thomas A. Zimmerman, Jr.
     Thomas A. Zimmerman, Jr.
     *tom@attorneyzim.com*
     ZIMMERMAN LAW OFFICES, P.C.

77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile

Counsel for Mario Aliano

**CERTIFICATE OF SERVICE**

Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing *Mario Aliano's Motion for Relief from Automatic Stay to Allow Civil Litigation on Appeal to Proceed* to be served upon counsel of record in this case via the U.S. Bankruptcy Court CM/ECF System, on this 3rd day of December, 2018.

/s/ Thomas A. Zimmerman, Jr.