UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re:                                                          :    Chapter 11
                                                                :
SEARS HOLDINGS CORPORATION, *et al.*,[1]                        :    Case No. 18-23538 (RDD)
                                                                :
                                    Debtors.                    :    (Jointly Administered)
---------------------------------------------------------------X

## ACCEPTANCE OF APPOINTMENT AND VERIFIED
## STATEMENT OF CONSUMER PRIVACY OMBUDSMAN

I, Elise S. Frejka, CIPP/US hereby accept my appointment by the United States Trustee as Consumer Privacy Ombudsman in the above-captioned jointly administered chapter 11 cases and hereby verify and declare as follows:

1.    I am a person eligible and competent to perform the duties of Consumer Privacy Ombudsman, as set forth in 11 U.S.C. § 332.

2.    I am an attorney-at-law and a member of the law firm of Frejka PLLC, which has an address at 420 Lexington Avenue – Suite 310, New York, New York 10170 (the "Firm"). In addition, I am a certified privacy professional credentialed by the International Association of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Privacy Professionals. I currently serve, or have served, as the consumer privacy ombudsman in the bankruptcy cases of (a) *RadioShack Corporation, et al.* (D. Del. Bankr.); (b) *The Wet Seal, LLC*, *et al.* (D. Del. Bankr.); (c) *SFX Entertainment, Inc., et al.* (D. Del. Bankr.); (d) *VoicePulse Inc.* (D. N.J. Bankr.); (e) *The Great Atlantic & Pacific Tea Company, Inc., et al.* (S.D.N.Y. Bankr.); (f) *Avaago, Inc.* (S.D.N.Y. Bankr.); (g) *Marbles Holdings, LLC, et al.* (N.D. Il. Bankr.); (h) *Bristlecone, Inc. et al.* (D. Nev. Bankr.); (i) *Toys "R" Us, Inc., et al. (*Va E. Bankr.); (j) *Hooper Holmes, Inc., et al.* (S.D.N.Y. Bankr.); and (k) *Wall Street Languages Ltd.* (S.D.N.Y. Bank.).

      3.      I submit this Declaration to establish that I am a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) in connection with my appointment as the Consumer Privacy Ombudsman in the jointly administered chapter 11 cases of Sears Holdings Corporations and its debtor affiliates (collectively, the "<u>Debtors</u>").

      4.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

      5.      The Firm maintains and systematically updates its conflicts database system in the regular course of its business, and it is the Firm's regular practice to make and maintain these records. It is the Firm's policy that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict database system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by the Firm. In connection with my appointment as Consumer Privacy Ombudsman, I have caused a search of the Firm's conflicts database to determine whether the Firm or I have any connections or relationships

with any of the persons or entities identified on the Potential Parties in Interest attached to the Declaration of Paul M. Basta in support of the Debtors' Application for An Order Authorizing the Retention and Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Attorneys for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date [Dkt. No. 417].

6. With respect to my "disinterestedness" under Section 101(14) of the Bankruptcy Code, I provide the following information:

   a. Neither the Firm nor I is, and has not been, during the pendency of this chapter 11 case, a creditor, equity security holder or insider of the Debtors.

   b. Neither any attorney at the Firm nor I is, and has not been, a director, officer or employee of the Debtors.

   c. Neither the Firm nor I have an interest materially adverse to the interests of the bankruptcy estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

   d. Neither any attorney at the Firm nor I is a relative of any Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, the Office of the United States Trustee for Region 2 or any person employed by the Office of the United States Trustee for Region 2.

   e. Neither the Firm nor I represent, or have represented in the past, the Debtors.

   f. Neither the Firm nor I represent, or has represented in the past, any party in interest in connection with the Debtors' chapter 11 case.

   g. Neither the Firm nor I has any connection with any of the professionals which have been retained by the Debtors or the Official Committee of Unsecured Creditors.

7. Based upon the foregoing, I believe that the Firm and I are "disinterested persons" within the meaning of 11 U.S.C. §§ 101(14) and 332(a).

8. I have not received any compensation from any party with respect to my

3

appointment in this case, nor have I made any agreements or arrangements with the Office of the United States Trustee, the Debtors or any other party for compensation.

9. I agree to serve as Consumer Privacy Ombudsman and to seek reimbursement of fees and expenses from the estate based on an application to be filed with, and subject to approval by the Court as provided in 11 U.S.C. § 330. My 2018 hourly rate is $525, and it is my firm's policy to maintain rates for the duration of an engagement.

10. I acknowledge my statutory obligation not to disclose any personally identifiable information I obtain, and I agree to comply with 11 U.S.C. § 332(c).

11. If I become aware of any additional unrelated representations or relationship subsequent to the date of this Declaration, I intend to supplement this Declaration accordingly.

\* \* \* \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
December 3, 2018

*/s/ Elise S. Frejka*

Elise S. Frejka

4