**CKR LAW LLP**  
1330 Avenue of the Americas, 14th Floor  
New York, NY 10019  
Telephone: (212) 259-7300  
Facsimile: (212) 259-8200  
Edward L. Schnitzer, Esq.

-and-

**CAMPBELL & LEVINE, LLC**  
310 Grant Street, Suite 1700  
Pittsburgh, PA 15219  
Telephone: (412) 261-0310  
Facsimile: (412) 261-5066  
Paul J. Cordaro, Esq.

*Counsel for Movants*

Objection Deadline: January 11, 2019  
Hearing Date: January 18, 2019

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.: 18-23538 (RDD)<br>Jointly Administered |

**MOTION OF FELICIA BROWELL, AS PARENT AND NATURAL GUARDIAN OF RHIANNA L. BROWELL, A MINOR, ROBERT MALONE, ADMINISTRATOR OF THE ESTATE OF RHODA MALONE, ROBERT MALONE, AS PARENT AND NATURAL GUARDIAN OF ROBERT LOGAN MALONE, AND THOMAS K. DOWLER AND RENNE I. DOWLER, ADMINISTRATORS OF THE ESTATE OF FAITH RENNE DOWLER FOR AN ORDER FOR RELIEF FROM THE <u>AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE</u>**

Felicia Browell, as Parent and Natural Guardian of Rhianna L. Browell, a minor, Robert Malone, Administrator of the Estate of Rhoda Malone, Robert Malone, as Parent and Natural Guardian of Robert Logan Malone, and Thomas K. Dowler and Renne I. Dowler, Administrators of the Estate of Faith Renne Dowler (collectively, "<u>Movants</u>"), by their counsel CKR Law LLP

and Campbell & Levine, LLC, move pursuant to section 362(d) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for an order for relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code (the "Motion") state as follows:

## PRELIMINARY STATEMENT

1. Movants seek relief from the automatic stay to continue prosecuting the four (4) actions Movants filed (an action filed by each Movant) against, *inter alia*, Sears, Roebuck and Co. and Innovel Solutions, Inc. (the "Debtor Defendants") which are pending in the Harrison County Circuit Court, State of West Virginia (the "West Virginia State Court") at Case Nos. 17-C-159, 17-C-218, 17-C-358, and 17-C-48-2 (the "State Court Actions") and relate to the same tragic and deadly accident. Stay relief to permit the continuation of the State Court Actions is warranted and necessary because (a) two Movants suffered deaths and the other two Movants suffered personal injuries, claims that this Court lacks the requisite jurisdiction to adjudicate, and (b) the continued prosecution of the State Court Actions is necessary to resolve and liquidate Movants' claims.

## RELEVANT BACKGROUND

2. On September 9, 2016, David M. Elsbury, Jr., an agent, servant, and/or employee of the Debtor Defendants, drove across the I-79 median in Harrison County, West Virginia and struck a minivan carrying six individuals headed to a church event with his box truck, causing the deaths of three passengers (two of which are Movants) and seriously injuring the other three passengers (two of which are Movants). At the relevant time, the box truck was filled with goods and merchandise of the Debtor Defendants, and the Debtor Defendants determined, directed, ordered, controlled, and/or instructed Mr. Elsbury as to how, when, where, and what was to be

delivered to the Debtor Defendants' clients/customers and Mr. Elsbury was acting within the scope of his agency and/or employment, actual and/or ostensible, of the Debtor Defendants.

3. In September, 2018, each Movant filed their Amended Complaint for Damages in the West Virginia State Court, a copy of which is attached hereto as Exhibit A-1, A-2, A-3 and A-4.

4. On October 15, 2018, the Debtor Defendants along with certain of their affiliates filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") automatically staying the State Court Actions.

5. Upon information and belief, co-defendant Liberty Transportation, Inc. ("Liberty") has a contract with the Debtor Defendants wherein Liberty must indemnify Debtor Defendants and pay attorneys' fees. Moreover, upon information and belief, certain insurance carriers insure the Debtor Defendants from these kinds of liabilities.

## RELIEF SOUGHT BY MOVANTS

6. By this Motion, Movants seek relief from the automatic stay for the limited purpose of continuing the State Court Actions to liquidate Movants' claims so Movants may (i) recover their liquidated claims from any applicable provider of insurance, and (ii) participate as a creditor with liquidated claims against the Debtor Defendants and their estate.

## ARGUMENT

### CAUSE EXISTS TO LIFT THE AUTOMATIC STAY TO ALLOW MOVANTS TO CONTINUE TO ADJUDICATE THEIR CLAIMS

7. This Motion is brought pursuant to section 362(d) of the Bankruptcy Code, Rule 4001 of the Bankruptcy Rules, and Rule 4001-1 of the Local Rules for entry of an order granting Movants relief from the automatic stay to allow Movants to continue the prosecution of the State Court Actions for damages.

8.  As set forth in the legislative history behind section 362(d), it is often more appropriate to allow litigation to proceed in the claimant's chosen forum when there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).  Courts in the Second Circuit frequently grant motions to lift a bankruptcy stay to permit an adjudication on the merits in another forum. *See, e.g., In re Fishgold*, 206 B.R. 50 (Bankr. W.D.N.Y. 1997) (modifying stay to allow claim against debtors to be fixed and liquidated in pending action in other forum).

9.  Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause . . . ." 11 U.S.C. § 362(d).

10. A bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. *In re M.J.& K. Co.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993); *In re Holly's Inc.*, 140 B.R. 643, 687 (Bankr. W.D. Mich. 1992).  The movant bears the initial burden of making a *prima facie* showing of "cause" for relief from the stay, but the ultimate burden of persuasion rests with the debtor to show an absence of "cause." *In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017).

11. In *Sonnax Industries, Inc. v. Tri Component Products Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280 (2d Cir. 1990), the Second Circuit set forth twelve factors to consider in determining whether sufficient cause exists to grant relief from the automatic stay. These factors are: (1) whether relief would result in a partial or complete resolution of the issues, (2) lack of any connection with or interference with the bankruptcy case, (3) whether the other proceeding

4

involves the debtor as a fiduciary, (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action, (5) whether the debtor's insurer has assumed full responsibility for defending it, (6) whether the action primarily involves third parties, (7) whether litigation in another forum would prejudice the interests of other creditors, (8) whether the judgment claim arising from the other action is subject to equitable subordination, (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the Debtor, (10) the interests of judicial economy and the expeditious and economical resolution of litigation, (11) whether the parties are ready for trial in the other proceeding, and (12) impact of the stay on the parties and the balance of harms. *Id.*

12. Not all twelve *Sonnax* factors will necessarily be relevant in every case, nor must a court accord them equal weight. *Id.* "When applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the Debtor Defendants and the estate." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). Here, the facts weigh heavily in Movants' favor.

### APPLICATION OF *SONNAX* FACTORS

*Sonnax* Factor 1:   *Whether Relief Would Result in a Partial or Complete Resolution of the Issues*

13. If a second action resolves the issue of the Debtors's liability *vel non* to the claimant, the first *Sonnax* Factor weighs in favor of lifting the stay. *In re Cicale*, 2007 Bankr. LEXIS 2252 at *9 (Bankr. S.D.N.Y. June 29, 2007) (determining that resolution in the state action of the issue of the validity of a mortgage in favor of the claimant, which could resolve the subsequent issue of the dischargeability of the Debtor's liability under the mortgage, weighed in favor of lifting the stay).

5

14. Here, the State Court Actions would determine whether, and the extent to which, the Debtor Defendants are liable to Movants. Accordingly, the first *Sonnax* Factor weighs in favor of lifting the stay.

  *Sonnax* Factor 2:  *Lack of Any Connection With or Interference With the Bankruptcy Case*

15. The fact that the resolution of another action may affect the distributions paid out in a bankruptcy plan does not mean that the litigation "interferes with" the bankruptcy case in the context of the second *Sonnax* factor. *See, e.g., In re N.Y. Med. Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Moreover, some delay caused by a second action does not amount to interference with the bankruptcy proceeding. *Cicale* at *10-11. Indeed, where a second action may actually aid in the resolution of the issues in the bankruptcy proceeding, this factor should weigh in favor of lifting the stay. *Id.* Here, the State Court Actions will aid in resolving the issue of the Debtor Defendants' liability to Movants. Accordingly, the second *Sonnax* Factor weighs in favor of lifting the stay.

  *Sonnax* Factor 3:  *Whether the Other Proceeding Involves the Debtor as a Fiduciary*

16. Movants are not aware of any fiduciary relationships between Debtor Defendants and any other person or entity in the underlying bankruptcy proceeding. Accordingly, this *Sonnax* factor should not be given great weight one way or the other.

  *Sonnax* Factor 4:  *Whether a Specialized Tribunal with the Necessary Expertise Has Been Established to Hear the Cause of Action*

17. The West Virginia State Court is not a specialized tribunal *per se*, but it has acquired a factual familiarity and documentary history that would facilitate an expeditious resolution of these matters. Such familiarity with specialized areas of law, even in a forum that is not a "specialized tribunal" *per se*, have been held to weigh in favor of the lifting of a stay under the

fourth *Sonnax* factor. *See, e.g., Cont'l Casualty Co. v. Pfizer, Inc. (In re Quigley Co.),* 361 B.R. 723, 744 (Bankr. S.D.N.Y. 2007) (finding that the probability that an arbitrator would have experience with Wellington Agreements governing asbestos litigation weighed in favor of stay relief).

18. Furthermore, the issues in the State Court Actions primarily involve West Virginia state law that should be decided by the West Virginia State Court. Courts have lifted the automatic stay to allow state court actions to proceed where state law was at issue. *See, e.g., In re Project Orange Associates, LLC,* 432 B.R. 89, 112 (Bankr. S.D.N.Y. 2010); *In re James T. Metz,* 165 B.R. 769 (Bankr. E.D.N.Y. 1994).

19. Moreover, the Bankruptcy Court does not have jurisdiction to hear and decide personal injury and death tort cases. *See* 28 U.S.C. § 157(b)(2)(B) and 157(b)(5).

*Sonnax* Factor 5: *Whether the Debtor Defendants' Insurer Has Assumed Full Responsibility for Defending It*

20. Upon information and belief, co-defendant Liberty Transportation, Inc. ("Liberty") has a contract with the Debtor Defendants wherein Liberty must indemnify Debtor Defendants and pay attorneys' fees. Moreover, upon information and belief, certain insurance carriers insure the Debtor Defendants from these kinds of liabilities. Lastly, "[t]he cost of defending litigation, by itself, has not been regarded as constituting great prejudice, precluding relief from the automatic stay." *In re Anton,* 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992). As such, this factor weighs in favor of granting the requested relief.

*Sonnax* Factor 6: *Whether the Action Primarily Involves Third Parties*

21. The State Court Actions name other individuals and entities as defendants in addition to the Debtor Defendants and allege that all of the defendants were involved in the fatal collision causing multiple deaths and serious injuries. Given the interlocking nature of that

scheme, it is not clear the extent to which the State Court Actions can be said to "primarily" involve third parties, so this *Sonnax* factor should not be given great weight one way or the other.

    *Sonnax* Factor 7:    *Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors*

22.    The State Court Actions provide a ready forum for the expeditious resolution of the Debtor Defendants' liability to Movants – a benefit that will accrue to all parties, other creditors included. The other creditors in this bankruptcy proceeding would suffer no prejudice if the Court were to grant this Motion.

    *Sonnax* Factor 8:    *Whether the Judgment Claim Arising from the Other Action is Subject to Equitable Subordination*

23.    Movants have not engaged in any conduct that would subject their claims to equitable subordination, and no such allegation has been made by either the Debtor Defendants or by any other creditors. This factor, therefore, weighs in favor of the lifting of the stay.

    *Sonnax* Factor 9:    *Whether Movant's Success in the Other Proceeding Would Result in a Judicial Lien Avoidable by the Debtor Defendants*

24.    Movants' success in the State Court Actions would not result in a judicial lien avoidable by the Debtor Defendants. Accordingly, this *Sonnax* factor weighs in favor of granting the relief requested.

    *Sonnax* Factor 10:    *The Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation*

25.    Courts have found that allowing a creditor to prosecute a claim in a pending action in another forum to fix the amount of a claim promotes the interests of judicial economy. *See, e.g., In re Fishgold,* 206 B.R. 50, 54 (Bankr. W.D.N.Y. 1997) (holding "in the interests of judicial economy, the determination of whether and in what amount [Plaintiffs] may have a valid [] claim can best be made by the District Court in that Action"). The West Virginia State Court is best

suited to interpret West Virginia state law and try this matter, especially since the vast majority of lay witnesses reside in and around West Virginia.

26. Moreover, as discussed above in connection with the second *Sonnax* factor, the State Court Actions will aid in resolving the issue of the Debtor Defendants' liability to Movants. Accordingly, the tenth *Sonnax* Factor weighs in favor of lifting the stay.

*Sonnax* Factor 11:    *Whether the Parties Are Ready for Trial in the Other Proceeding*

27. Although the parties in the State Court Actions are not prepared for trial given that discovery is not complete, the parties are prepared to move ahead with that litigation expeditiously. A trial has been scheduled for December 2019. Accordingly, this *Sonnax* factor should not be given great weight one way or the other.

*Sonnax* Factor 12:    *Impact of the Stay on the Parties and the Balance of Harms*

28. The stay currently prevents Movants from trying their claims against all of the defendants in one forum. If this Court denies this Motion, Movants will have no choice but to proceed against the many non-debtor defendants in that forum while claims against the Debtor Defendants are adjudicated elsewhere. That duplicative litigation would substantially burden Movants and waste judicial resources.

29. Conversely, prosecution of all of Movants' claims in the State Court Actions will not prejudice the Debtor Defendants.

**RESERVATION OF RIGHTS**

30. Movants hereby reserves all objections and do not consent to venue and jurisdiction of this Court to adjudicate any matters affecting their personal injury and death claims, as well as any constitutional or other objections arising or within the scope of *Stern v. Marshall*, 564 U.S. 2 (2011). *See* 28 U.S.C. 157(b)(2)(B). Movants do not consent to entry of final orders or judgments

by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. *See* Local Rule 9013-1(h). Movants hereby demand a trial by jury.

## MOTION PRACTICE

31. Because the statutory provisions and authorities relied upon in support of this Motion are set forth herein, Movants submit that this Motion satisfies the requirement of Rule 9013-1(a) of the Local Rules.

## NO PRIOR APPLICATION

32. No prior application for the relief sought herein has been made to this or any other Court.

[THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK]

WHEREFORE, Movants respectfully request the entry of an Order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow Movants to prosecute their claims asserted in the State Court Actions.

Dated: December 5, 2018

**CKR LAW LLP**

By: */s/ Edward L. Schnitzer*
    Edward L. Schnitzer
    Maura I. Russell

1330 Avenue of the Americas, 14th Floor
New York, NY 10019
Telephone: (212) 259-7300
Facsimile: (212) 259-8200
Email: eschnitzer@ckrlaw.com
Email: mrussell@ckrlaw.com

-and-

**CAMPBELL & LEVINE, LLC**
Paul J. Cordaro, Esq.
330 Grant Street, Suite 1700
Pittsburgh, PA 15219
Telephone: (412) 261-0310
Facsimile: (412) 261-5066
Email: pcordaro@camlev.com

*Counsel for Movants*