IN THE COURT OF HARRISON COUNTY, WEST VIRGINIA

THOMAS K. DOWLER
and RENNE' I. DOWLER,
Administrators of the Estate of
FAITH RENNE' DOWLER, deceased

      Plaintiffs,

v.

DAVID M. ELSBURY, JR.;
RHODA MALONE, deceased
and THE ESTATE OF RHODA
MALONE; LIBERTY TRANSPORATION, INC.;
LANDMARK LEASING, INC., LIBERTY
DISTRIBUTION, INC., COLONIAL PARK
LOGISTICS, INC. D/B/A LIBERTY
TRANSPORTATION, INC.'
HUNTER LEASING, LLC;
IDEALEASE SERVICES, INC.;
IDEALEASE, INC.; H.D.H. GROUP, INC.;
SEARS, ROEBUCK AND COMPANY;
INNOVEL SOLUTIONS, INC.; NAVISTAR, INC.;
R.H. SHEPPARD, INC., previously known as
R.H. SHEPPARD COMPANY, INC., HAPPY
WHEELS AUTO AND TRUCK COLLISION,
D/B/A HAPPY WHEELS BODY SHOP
AND/OR HAPPYWHEELS BODY SHOP
JOHN DOES 1-5 (names currently
unknown despite the best efforts for Plaintiffs,
but stated as any other individuals or entities
responsible for the manufacture, design,
installation, maintenance, upkeep and repair of
the defective parts of the box truck in issue);
JOHN DOES 6-10 (names currently unknown
despite the best efforts of Plaintiffs, knowledge
of the defective nature of the box truck in issue
and who did not warn and/or advise the
appropriate parties of the defects)

      Defendants.

CIVIL ACTION: 17-C-213-1

TYPE OF PLEADING:
*Amended*
COMPLAINT IN CIVIL ACTION

FILED ON BEHALF OF PLAINTIFFS:

Thomas K. Dowler and Renne' I. Dowler
Administrators of the Estate of Faith Renne'
Dowler, deceased

ATTORNEY OF RECORD FOR THIS
PARTY:

John T. Hofrichter, Esquire
W.VA. I.D.# 4802

JOHN T. HOFRICHTER & ASSOCIATES
144 North Main Street
Washington, PA  15301
724-222-7363

**JURY TRIAL DEMANDED**

IN THE COURT OF HARRISON COUNTY, WEST VIRGINIA

THOMAS K. DOWLER
and RENNE' I. DOWLER,
Administrators of the Estate of
FAITH RENNE' DOWLER, deceased                    CIVIL ACTION:  17-C-213-1

      Plaintiffs,

v.

DAVID M. ELSBURY, JR.;
RHODA MALONE, deceased
and THE ESTATE OF RHODA
MALONE; LIBERTY TRANSPORATION
LIBERTY TRANSPORATION, INC.;
LANDMARK LEASING, INCL, LIBERTY
DISTRIBUTION, INC., D/B/A LIBERTY
TRANSPORATION, INC.,
HUNTER LEASING, LLC;
IDEALEASE SERVICES, INC.;
IDEALEASE, INC.; H.D.H. GROUP, INC.;
SEARS, ROEBUCK AND COMPANY;
INNOVEL SOLUTIONS, INC.; NAVISTAR, INC.;
R.H. SHEPPARD, INC., previously known as
R.H. SHEPPARD COMPANY, INC., HAPPY
WHEELS AUTO AND TRUCK COLLISION, D/B/A
HAPPY WHEELS BODY SHOP AND/OR HAPPY
WHEELS BODY SHOP
JOHN DOES 1-5 (names currently
unknown despite the best efforts for Plaintiffs,
but stated as any other individuals or entities
responsible for the manufacture, design,
installation, maintenance, upkeep and repair of
the defective parts of the box truck in issue);
JOHN DOES 6-10 (names currently unknown
despite the best efforts of Plaintiffs, knowledge
of the defective nature of the box truck in issue
and who did not warn and/or advise the
appropriate parties of the defects)

## NOTICE TO DEFEND AND CLAIM RIGHTS

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take-action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:**

LAWYER REFERRAL SERVICE
Washington County Bar Association
523 Washington Trust Building
Washington, PA  15301
Telephone: (724) 225-6710

SOUTHWESTEPENNSYLVANIA
LEGAL AID SOCIETY
16 West Cherry Street
Washington, PA  15301
Telephone: (724) 225-6170

Legal Aid Society
Charleston, WV
Telephone: (800) 642-8279

IN THE COURT OF HARRISON COUNTY, WEST VIRGINIA

THOMAS K. DOWLER
and RENNE' I. DOWLER,
Administrators of the Estate of
FAITH RENNE' DOWLER, deceased                    CIVIL ACTION:  17-C-213-1

      Plaintiffs,

v.

DAVID M. ELSBURY, JR.;
RHODA MALONE, deceased
and THE ESTATE OF RHODA
MALONE; LIBERTY TRANSPORATION
LIBERTY TRANSPORATION, INC.;
LANDMARK LEASING, INCL, LIBERTY
DISTRIBUTION, INC., D/B/A LIBERTY
TRANSPORATION, INC.,
HUNTER LEASING, LLC;
IDEALEASE SERVICES, INC.;
IDEALEASE, INC.; H.D.H. GROUP, INC.;
SEARS, ROEBUCK AND COMPANY;
INNOVEL SOLUTIONS, INC.; NAVISTAR, INC.;
R.H. SHEPPARD, INC., previously known as
R.H. SHEPPARD COMPANY, INC., HAPPY
WHEELS AUTO AND TRUCK COLLISION, D/B/A
HAPPY WHEELS BODY SHOP AND/OR HAPPY
WHEELS BODY SHOP
JOHN DOES 1-5 (names currently
unknown despite the best efforts for Plaintiffs,
but stated as any other individuals or entities
responsible for the manufacture, design,
installation, maintenance, upkeep and repair of
the defective parts of the box truck in issue);
JOHN DOES 6-10 (names currently unknown
despite the best efforts of Plaintiffs, knowledge
of the defective nature of the box truck in issue
and who did not warn and/or advise the
appropriate parties of the defects)

4

## COMPLAINT IN CIVIL ACTION
### (Jury Demand Endorsed Herein)

AND NOW, comes the Plaintiffs, Thomas K. Dowler and Renne' I. Dowler, as Administrators of the Estate of Faith Renne' Dowler, in their own rights, through their attorneys, JOHN T. HOFRICHTER & ASSOCIATES, by John T. Hofrichter, Esquire, and files the following Complaint in Civil Action:

1. All the events hereinafter complained of occurred on or about September 9, 2016 at proximately 4:15 p.m. in Harrison County, West Virginia.

2. The Plaintiffs, Thomas K. Dowler and Renne' I. Dowler, (hereinafter referred to as "Plaintiffs parents") are the Administrators of the Estate of their child (hereinafter" referred to as "Decedent Faith Renne' Dowler"). Letters of Administration appointing Plaintiff parents as Administrators of the Estate were established in Washington, County, Pennsylvania.

3. Defendant, David M. Elsbury, Jr., (hereinafter referred to as "Defendant Elsbury") is an adult individual with a principal place of residence at 234 Kennedy Avenue, Masontown, Pennsylvania 15461, and at all times relevant hereto was a commercially licensed driver in the Commonwealth of Pennsylvania.

4. At all times relevant hereto, Defendant Elsbury was an independent contractor who offered his services as a professional and commercially licensed driver.

5. At all times relevant hereto, Defendant Elsbury was an employee, agent and/or servant of the Defendants, Liberty Transportation, Inc., Landmark Leasing, Inc., Liberty Distribution, Inc., Colonial Park Logistics, Inc., d/b/a Liberty Transportation, Inc.

6. Defendant, Rhoda Malone, deceased and the Estate of Rhoda Malone, (hereinafter
referred to as "Defendant Malone") was an adult individual who resided at 409
Highfield Drive in Canonsburg, Pennsylvania, 15317. Defendant Malone's date of
death was September 9, 2016.

7. At all times relevant hereto, Defendant Malone was the driver in full possession and
control of the vehicle in which the Defendant Faith Renne' Dowler was a passenger
on September 9, 2016.

8. Defendant, Liberty Transportation, Inc., ("Defendant-Liberty"), is a Pennsylvania
company and/or business entity, with a principle place of business at 838 Croft Road,
Greensburg, Westmoreland County, Pennsylvania, 15601. At all times material
hereto, Defendant-Liberty is in the business of shipping and transporting products by
truck and/or vehicle commercially and/or in interstate commerce. Defendant-Liberty
is registered as an interstate motor carrier for hire with the United States Department
of Transportation (U.S. DOT), is assigned U.S. DOT No. 254513, has operating
privileges from U.S. DOT and/or has interstate operating privileges from U.S. DOT
by virtue of MC No. 180417, and/or operates as an interstate motor carrier for hire as
defined by the Federal Motor Carrier Safety Regulations (FMCSR). At all material
times, Defendant/Liberty acts through its actual, apparent, authorized, and/or
ostensible agents, employees, and/or servants and regularly conducts business
throughout the state of Pennsylvania, including Washington County.

9. Defendant, Landmark Leasing, Inc., ("Defendant-Landmark") is a Pennsylvania
company and/or business entity, with a principle place of business at 838 Croft Road,
Greensburg, Westmoreland County, Pennsylvania. 15601. At all times material

hereto, Defendant-Landmark is in the business of shipping and transporting products
by truck and/or vehicle commercially, Defendant/Landmark is registered as an
intrastate motor carrier with the U.S. DOT, is assigned U.S. DOT NO. 300465, has
operating privileges from U.S. DOT, and/or operates as an intrastate motor carrier as
defined by FMCSR. At all material times, Defendant-Landmark acts through its
actual, apparent, authorized, and/or ostensible agents, employees, and/or servants and
regularly conducts business throughout the state of Pennsylvania, including
Washington County.

10. Defendant, Liberty Distribution, Inc. ("Defendant-Distribution"), is a Pennsylvania
Company and/or business entity, with a principal place of business at 838 Croft Road,
Greensburg, Westmorland County, Pennsylvania 15601. At all times material hereto,
Defendant-Distribution is in the business of shipping and transporting products by
truck and/or vehicle commercially and/or in interstate commerce. Defendant-
Distribution acts through its actual, apparent, authorized, and/or ostensible agents,
employees, and/or servants and regularly conducts business throughout the state of
Pennsylvania, including Washington County.

11. Defendant, Colonial Park Logistics, Inc., d/b/a Liberty Transportation, Inc.,
("Defendant-Colonial"), is a Pennsylvania Company and/or business entity, with a
principle place of business at 838 Croft Road, Greensburg, Westmoreland County,
Pennsylvania 15601. At all times material hereto, Defendant-Colonial is in the
business of shipping and transporting products by truck and/or vehicle commercially
and/or in interstate commerce. Defendant-Colonial is registered as an interstate motor
carrier for hire and/or broker with the U.S. DOT, is assigned U.S. DOT No. 2984571,

7

has operating privileges from U.S. DOT and/or has interstate operating privileges
from U.S. DOT by virtue of MC No. 15994, and/or operates as an interstate motor
carrier for hire and/or broker is defined by the FMCSR. At all material times,
Defendant-Colonial acts through its actual, apparent, authorized, and/or ostensible
agents, employees, and/or servants and regularly conducts business throughout the
state of Pennsylvania, including Washington County.

12. Plaintiff believes that, all the material times, Defendant-Liberty, Defendant-
Landmark, Defendant-Distribution, and/or Defendant-Colonial performed separate
functions and/or committed separate acts and/or omissions, as set forth throughout
this Complaint, so as to independently and/or individually cause the injuries and
damages to Plaintiff as set forth more fully throughout this Complaint. Defendant-
Liberty, Defendant-Landmark, Defendant-Distribution, and/or Defendant-Colonial
were headquartered at the same place, managed and/or operated by the same
directors, managers, and/or officers under united control, were undercapitalized, had
uncertain and/or blurred distinctions, and/or were alter-egos.

13. Defendant-Liberty, Defendant-Landmark, Defendant-Distribution, and/or Defendant-
Colonial are hereinafter referred to as, collectively, "the Liberty-Defendants," unless
otherwise identified individually.

14. At all times relevant hereto, the Liberty-Defendants have conducted continuous and
substantial business in the State of West Virginia and Harrison County, West Virginia
and at all times relevant was engaged in the business of providing services, loading,
transporting goods, advertising, promoting, distributing, selling, and otherwise
placing into the stream of commerce goods and services related to being a

8

professional commercial carrier of goods and otherwise conducting business in the State of West Virginia.

15. At all times relevant hereto, the Liberty-Defendants contracted with the Defendant Elsbury as an independent contractor to operate commercial box trucks for its benefit and on its behalf.

16. In the alternative, at all times relevant hereto, the Liberty-Defendants employed Defendant Elsbury as an operator of commercial box trucks for its benefit and on its behalf.

17. At all times relevant hereto, the Defendant, H.D.H. Group, Inc., is a Pennsylvania Company and/or business entity, with a principle place of business at 210 Sixth Avenue, 30th Floor, Pittsburgh, Allegheny County, Pennsylvania, 15222. Plaintiff believes and, therefore avers that H.D.H. Group, Inc., performs insurance brokerage services. Plaintiff, believes and, therefore, avers that, all of times material hereto, H.D.H. Group, Inc., rendered safety consultation, management, and/or trouble-shooting and/or risk control and risk control operational services to the Liberty-Defendants. At all material times, H.D.H. Group, Inc., acts through its actual, apparent, authorized and/or ostensible agents, employees, and/or servants and regularly conducts business through out the states of Pennsylvania and West Virginia

18. Defendant, Hunter Leasing, LLC, is a Pennsylvania limited liability company and is an affiliate of Idealease and PacLease, two (2) large national leasing organizations and has a principle office at 480 Pittsburgh Road, Butler, Pennsylvania 16002, as well as, an office at 1 West Alexander Road, Valley Grove, West Virginia 26060, as well as 350 Poplar Street, Pittsburgh, Pennsylvania 15223.

19. At all times relevant hereto, the Hunter Leasing was the owners of a 2011 International Durastar, white in color, bearing Pennsylvania registration YZH5336 and/or were in care, custody and control of the above described box truck and were responsible for the maintenance, upkeep, and repair of said vehicle including the maintenance, repair, upkeep and installation of any other equipment necessary to properly operate said box truck.

20. At all times relevant hereto, the 2011 International Durastar, white in color, bearing Pennsylvania registration YZH5336 will be referred to as "box truck".

21. At all times relevant hereto, the box truck was in the possession of the Liberty Defendants for only several days before the date of the crash.

22. At all times relevant hereto, the Hunter Leasing traded and did business as Hunter Idealease and engaged in the business of a leasing organization which leased, rented and/or provided box trucks and other commercial transportation to various companies and specifically, the Defendants Liberty Transport which transported goods on the interstates and highways of states including West Virginia.

23. Defendant, Idealease Services, Inc., is an Illinois corporation with a principal place of business at 430 North Rand Road, North Barrington, Illinois 60010 and is a leasing organization affiliated with Hunter Leasing Defendants in order to lease, rent, and/or provide box trucks and other commercial transportation to companies including the Defendants Liberty Transport which transported goods across interstates and highways of various states including West Virginia.

24. Defendant, Idealease, Inc., is an Illinois corporation with a principal place of business at 430 North Rand Road, North Barrington, Illinois 60010 and is a leasing

10

organization affiliated with Hunter Leasing Defendants in order to lease, rent, and/or provide box trucks and other commercial transportation to companies including the Defendants Liberty Transport which transported goods across interstates and highways of various states including West Virginia.

25. At all times relevant hereto, the Defendants, Idealease Services, Inc., and Idealease, Inc., will be referred to as "Idealease Defendants".

26. At all times relevant hereto, the Idealease Defendants were the owners of the above described box truck and/or were in care, custody and control of the above described box truck and were responsible for the maintenance, upkeep and repair of said vehicle including the maintenance, repair, upkeep and installation of any other equipment necessary to properly operate said box truck.

27. Defendant, Sears, Roebuck and Company, (hereinafter referred to as "Defendant Sears") is a member of the Sears Holdings Corporation (NASDAQ: SHLD) family of companies and is responsible for all logistical activity at Sears-branded and affiliated stores throughout the United States. The company also provides logistics services to external clients utilizing assets, resources and experience to create value. The principal office of Defendant Sears is 3333 Beverly Road, B2-116B, Hoffman Estates, Illinois 60517.

28. Defendant, Sears a scratch and dent Sears outlet store at 27 51st Street, Pittsburgh, Pennsylvania 15201 and at all times relevant hereto, hires, contracts and/or utilizes the Defendants Liberty Transport to move goods across state lines including making deliveries in and through Harrison County, West Virginia.

29. Defendant, Innovel Solutions, Inc., (hereinafter referred to as "Defendant Innovel") is a member of the Sears Holdings Corporation (NASDAQ: SHLD) and is responsible for all logistical activity at more than 2,700 Sears-branded ad affiliated stores through all 50 states, including West Virginia. Additionally, the company also provides logistics services to external clients. The principal office of Innovel Solutions, Inc. is 3333 Beverly Road, B2-116B, Hoffman Estates, Illinois 60517 and was formerly called Sears Logistics.

30. Defendant, Navistar, Inc, is a Corporation Headquartered at 2701 Navistar Drive, Lisle Illinois 60532. Navistar d/b/a Navistar, International, Inc., manufactures commercial trucks, including the International Durastar 4300 Commercial vehicle involved in the accident which serves as the basis of the Plaintiffs Complaint. Navistar, Inc. conducts business in both Pennsylvania and West Virginia.

31. Defendant, R.H. Sheppard, Co., Inc., previously known as R.H. Sheppard Company, Incorporated, is a division of WABCO Company is an engineering, designing and manufacturing company developing and producing products for commercial trucks including steering parts. R.H. Sheppard, Company, designed and manufactured mechanical parts for the International Durastar 4300 box truck which was involved in the accident which forms the basis of the Plaintiffs Complaint. R.H. Sheppard, Company, has a mailing address of 101 Philadelphia Street, PO Box 877, Hanover, Pennsylvania 17331-8077. R.H. Sheppard and Company conducts business in both Pennsylvania and West Virginia.

32. Defendant, Happy Wheels Auto and Truck Collision, Inc, d/b/a Happy Wheels Body Shop and/or Happy Wheels Body Shop is a Pennsylvania business with a mailing

address of 129 McKees Rock, PA  15136 conducting business in both Pennsylvania

and West Virginia in a form of including but not limited to mechanic repair which

performs repair work on the International Durastar 4300 box truck, which was

involved in the auto accident which forms the basis of the Plaintiffs Complaint.

33. At all times relevant hereto, all of the Defendants conducted continuous and

substantial business in the State of West Virginia and all times relevant was engaged

in the business of providing services and goods, loading, hiring commercial carriers

to transport goods, shipping goods, advertising, promoting, distributing, selling and

otherwise placing into the stream of commerce goods and services related to being a

professional shipper of goods.

34. The Defendants, John Does 1 through 5, the identifies of which are currently

unknown, are all other individuals or entities, other than the above-named Defendants

and their employees, which were responsible for the manufacturing, designing,

installation, maintenance, upkeep, repair, and replacement of defective parts of the

box truck which caused the below described crash.

35. The Defendants, John Does 6 through 10, are any manufactures, sellers, persons

and/or entities with knowledge of the defective nature of the box truck did not warn

and/or advise the appropriate parties not to operate said truck thereby acting in a

negligent and reckless manner.

## AVERRED FACTS

36. Paragraphs 1 through 35, above, are incorporated by reference herein as though more

fully set forth hereinafter.

37. Prior to September 2016, the Liberty entered into a full-service lease for commercial vehicles which included the box truck described previously in this Complaint with Hunter Leasing Defendant and/or Idealease Defendants which included, at least, the following terms:

(a) A full-service lease from Hunter Leasing/Idealease Defendants allowed the Defendants Liberty Transport to pay even more attention to serving its customers and growing its business.

(b) It was represented by Hunter Leasing Defendants and/or Idealease Defendants that they would provide industry-leading vehicles that are backed by superior fleet maintenance.

(c) It was represented that 24/7 roadside assistance would be provided.

(d) Professional vehicle maintenance by the Hunter Leasing/Idealease Defendants.

(e) Dedicated Maintenance.

(f) Mobile Service (at designated locations).

(g) Periodic state and federal inspections.

(h) 24/7 Roadside Assistance.

(i) Fleet Services.

(j) Fuel Card with U.S. and Canada fuel tax reporting.

(k) Vehicle licensing, permitting, legalization.

(l) Motor Vehicle Report Service.

(m)Telematics Services.

(n) Safety & Compliance training and consultation.

(o) Driver training to reduce driver turnover.

(p) Replacement rental vehicles.

(q) Discounted rental vehicles.

38. At all times relevant hereto, the Liberty Defendants entered into a contract with the Sears Defendants where the following terms were included, but not limited to:

(a) Transportation of goods from the Sears Defendants' store locations to destinations in West Virginia.

(b) Motor Vehicle Report Service.

(c) Telematics Services.

(d) Safety & Compliance training and consultation.

(e) Driver training to reduce driver turnover.

(f) Insurance requirements of companies transporting Sears' goods.

39. At all times relevant hereto, Defendant Elsbury was operating the above described box truck as an independent contractor for the Liberty Defendants and was dispatched by this Defendant to pick up goods which were to be shipped from Pittsburgh, Pennsylvania location of Sears, Roebuck and Company to locations in and/or around and/or through Harrison County, West Virginia.

40. In the alternative, Defendant Elsbury was operating the above described box truck as an employee of the Liberty Defendants and was dispatched by said the Liberty Defendants to pick up goods and make deliveries in and around Harrison County, West Virginia as aforesaid.

41. At all times relevant hereto, Defendant Elsbury did not correctly or adequately operate the box truck including allowing for appropriate rest stops, adequate sleep between shifts, and adequate pre-inspection before operating said box truck on September 9, 2016.

42. At all times relevant hereto, the Defendants knew or should have known the following about the Defendant Elsbury and his driver history:

(a) Defendant Elsbury pled guilty to operating a vehicle without a valid inspection on July 18, 2016;

15

(b) Defendant Elsbury pled guilty to failure to use a seat belt on July 18, 2016;

(c) Defendant Elsbury pled guilty to failure to obey traffic control devices on March 15, 2016; and

(d) Defendant Elsbury pled guilty to failure to obey traffic control devices on August 7, 2014.

43. At all times relevant hereto, the Defendants should have known of the box truck's maintenance history and/or inspection history and/or operation history which would have shown that this box truck was not safe for operation on any public state highways.

44. On or about September 9, 2016, Defendant Elsbury was operating the above described box truck on Interstate 79 northbound with goods of the Sears Defendant.

45. At all times relevant hereto, the Sears, Roebuck and Company determined, directed, ordered, controlled and/or instructed the Liberty Defendants and Defendant Elsbury as to how, when, where and what was to be delivered to the Sears, Roebuck and Company clients/customers.

46. On September 9, 2017, Defendant Elsbury operated the above described box truck in the following manner:

| | | |
|---|---|---|
| (a) | 0911 hours - | Speeding – 75.9 mph – Interstate 79 Morgantown |
| (b) | 0915 hours - | Speeding – 80.9 mph – Interstate 79 Morgantown |
| (c) | 0930 hours - | Speeding – 78.6 mph – Interstate 79 Fairmount |
| (d) | 0938 hours - | Watch Moving – 78.9 mph – Interstate 79 Fairmount |
| (e) | 0948 hours - | Speeding – 75.7 mph – Interstate 79 Bridgeport |
| (f) | 0951 hours - | Speeding – 78.2 mph – Interstate 79 Clarksburg |
| (g) | 1001 hours - | Speeding – 77.2 mph – Interstate 79 Lost Creek |
| (h) | 1307 hours - | Hard braking – 16.3 mph – Copley Road Weston |
| (i) | 1313 hours - | Hard cornering – 33 mph – Copley Road Weston |
| (j) | 1319 hours - | Hard cornering – 37.2 mph – Copley Road Weston |
| (k) | 1457 hours - | Hard cornering – 26.2 mph – Sand Fork Glenville |
| (l) | 1473 hours - | Hard cornering – 28.9 mph – Smith Run Weston |

47. On or about September 9, 2016, Defendant Elsbury was traveling northbound on

   State Route 79 in Harrison County, West Virginia and at all times relevant hereto was

   within his scope of the employment and/or contract with the Defendants Liberty

   Transport.

48. At all times relevant hereto, Defendant Elsbury was required to adhere to the

   logistics/plans of the Sears, Roebuck and Company and the Liberty Defendants.

49. On September 9, 2016, Defendant Elsbury did not have sufficient time to make all of

   the deliveries to the specifications required by the Sears, Roebuck and Company and

   Liberty Defendants.

50. At all times relevant hereto, the Decedent Rhoda Malone was operating her minivan

   in a southbound direction with five (5) passengers who were all going to a church

   event located in West Virginia.

51. Suddenly and without warning, Defendant Elsbury left his lane of travel on I-79

   northbound in Harrison County, West Virginia, crossed the median and entered the

   lane of the minivan operated by the Decedent Rhoda Malone and violently struck the

   minivan which caused death and injury to Faith Renne' Dowler.

52. At all times relevant hereto, Defendant Elsbury acted negligently and recklessly

   resulting in the accident set forth herein.

53. After the accident, which is the subject matter of this Complaint in Civil Action,

   Defendant Elsbury stated the following to the police:

   Driver 1 state he was traveling northbound and he said his father asked him what the
   clicking noise was. Driver 1 state at that time he went into the left lane and he could
   not control the vehicle. Driver 1 state he was attempting to roll the vehicle onto its
   side but vehicle 1 crossed the median and struck vehicle 2 traveling southbound on I-
   79. Driver 1 state he believed something broke in front end causing him to swerve to
   the left.

54. In the alternative, the above statement from Defendant Elsbury indicated that the collision was wholly or partially due to a defect of the box truck and/or a failure to maintain/inspect/repair properly by the Liberty Defendants, Hunter Leasing and/or Idealease Defendants and causing the steering of the box truck to fail and Defendant Elsbury to lose control of the vehicle resulting in a violent collision with the minivan of the Decedent Faith Renne' Dowler. Hunter Leasing, LLC, Idealease Services, Inc, Idealease, Inc.-Defendant, Navistar, Inc., R.H. Sheppard previously known as R.H. Sheppard Company, Inc., H.D.H. Group, Inc., and Happy Wheels Auto and Collison, Inc., d/b/a Happy Wheels Body Shop and/or Happy Wheels Body Shop and causing the steering box to fail.

55. In the alternative, David Elsbury, Jr., indicated that the collision was whole or partly due to a defect in the box truck arising from defective design and manufacturer of said truck and specifically including the steering mechanism of said truck arising from defects of design and manufacture by Defendant-Navistar, Inc., and R.H. Sheppard Co., at which caused a malfunction in the box truck causing the steering to fail and the Defendant Elsbury to lose control of the vehicle and resulting in the violent collision with the mini-van in which the Plaintiffs were riding.

56. At all times relevant hereto, the maintenance performed on the box truck was by the Hunter Leasing and/or Idealease Defendants through their employees, agents and/or contractors, specifically including, but not limited to Happy Wheels Auto and Collison, Inc., d/b/a Happy Wheels Body Shop and Happy Wheels Body Shop.

18

57. On September 9, 2016, the Decedent Faith Renne' Dowler died at the time of the accident with the primary cause of her death being multiple injuries from the motor vehicle collision.

58. Prior to this incident, Defendants John Does 1 through 5 negligently, recklessly and/or are strictly liable for the damage or defect to this box truck which made it unreasonably dangerous to operate due to a defect which caused the collision on September 9, 2016.

59. At no time did the employees, agents or representatives of Defendants John Does 1 through 5 warn and advise the co-Defendants and/or the public of the defective nature of the product which caused this collision.

60. Prior to this incident, Defendants John Does 6 through 10 manufactured, designed, and/or failed to warn the public of a defective part and/or parts in the box truck which caused the accident identified herein.

## COUNT I – NEGLIGENCE
### Plaintiffs v. Defendant Elsbury

61. Paragraphs 1 through 60, above, are incorporated by reference herein as though more fully set forth hereinafter.

62. All of the injuries and damages hereinafter set forth were the direct and proximate result of the carelessness, recklessness and negligence of the defendant driver, Defendant Elsbury, generally and in the following particulars:

(a) In operating the box truck in a dangerous and reckless speed under the circumstances;

(b) In failing to have the box truck under proper control;

19

(c) In operating the box truck in such a manner that it crossed the median and entered oncoming traffic on Interstate 79 at the time and place of the accident;

(d) In operating the box truck in the incorrect direction for travel on Interstate 79 at the time and place herein;

(e) In failing to perform an adequate pre-operation inspection;

(f) In failing to adequately monitor the operation and performance of the box truck while driving;

(g) In failing to perform adequate rest stops during the course of his work day.

(h) In failing to allow for and obtain adequate sleep and/or rest between shifts of operating the vehicle.

(i) In causing the box truck to approach and collide with northbound vehicles on Interstate 79 at the time and place identified herein;

(j) In failing to provide adequate signal and notice of the operation and intent to operate the box truck in the incorrect direction on Interstate 79 at the time and place identified herein;

(k) In failing to adequately signal or sound the horn to give warning to approaching vehicles of his direction of travel at the time and place identified herein;

(l) In operating the box truck in such a fashion so as to cause and require Defendant Malone to apply her brakes in an emergency fashion and attempt to avoid impact thereby creating an unreasonably dangerous situation based on the circumstances then and there existing;

(m)In operating the box truck in such a fashion so as to cause the same to collide with the vehicle of Defendant Malone at the time and place identified herein;

(n) In failing to observe the care and caution required under the circumstances then and there existing on September 9, 2016;

(o) In violating various Statutes both State and Federal, specifically including Federal Motor Vehicles, Statutes, and Codes, as well as, Municipal Ordinances pertaining to the operation of motor vehicles on public thoroughfares under the circumstances then and there existing on September 9, 2016; and

(p) Being inattentive and in failing to maintain a sharp lookout of the road, his vehicle and the condition of traffic surrounding the defendant driver, Defendant Elsbury.

63. The defendant driver, Defendant Elsbury, was negligent and reckless because he breached his duties to Deceased Faith Renne' Dowler to drive the box truck in a safe and reasonable manner under the circumstances.

64. Further, defendant driver, Defendant Elsbury's, conduct demonstrated a conscious disregard of the known risks to Decedent Faith Renne' Dowler and to the rest of the public by operating his box truck in the manner stated.

65. The direct and proximate result of the defendant driver, Defendant Elsbury's, negligence and recklessness, was the death of the Decedent Faith Renne' Dowler and injuries and losses to the Estate of Decedent Faith Renne' Dowler and her parents, Thomas K. Dowler and Renne' I. Dowler.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne', deceased, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Estate for its losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE PER SE
### Plaintiffs v. Defendant Elsbury

66. Paragraphs 1 through 65, above, are incorporated by reference herein as though more fully set forth hereinafter.

67. Defendant Elsbury, violated various laws of West Virginia, Federal Codes and Federal Motor Vehicle Statutes relating to the operation and maintenance of the vehicle by, among other things, operated his box truck in an unsafe condition; driving at a speed that was too fast for the conditions; failed to maintain his lane of travel;

21

failed to perform the necessary inspections; failed to obtain and receive appropriate

periods of sleep to avoid exhaustion, failure to take appropriate breaks during the

work day to avoid exhaustion and otherwise failed to comply with the laws of the

State of West Virginia and Federal Statutes and Codes.

68. As a direct and proximate result of the defendant driver, Defendant Elsbury's,

violations of state and federal statutes and regulations, the Plaintiffs sustained the

damages described in causes of action herein.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators

of the Estate of Faith Renne' Dowler , deceased prays for judgment against all of the

Defendants, jointly and severally, for an amount to fairly and adequately compensate the

Estate for its losses, injuries, punitive damages to deter such future conduct by the

Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such

other further relief as this Court deems just and proper.

## COUNT III – VICARIOUS LIABILITY
### Plaintiffs v. Defendants

69. Paragraphs 1 through 68, above, are incorporated by reference herein as though more

fully set forth hereinafter.

70. At all relevant times, the defendant driver, Defendant Elsbury, was working for the

Liberty Defendants agent, employee, servant, and/or independent contractor and was

acting within the course and scope of his employment, under the direct control of the

Liberty Defendants.

71. Accordingly, the Liberty Defendants are vicariously liable for the Defendant

Elsbury's aforesaid negligence and conduct and all damages proximately caused by

such negligence and conduct.

22

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment against all of the Liberty Defendants, jointly and severally, for an amount to fairly and adequately compensate the Estate for its losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

### COUNT IV – NEGLIGENCE
### Plaintiffs v. Liberty Defendants and Defendant Elsbury

72. Paragraphs 1 through 69, above, are incorporated by reference herein as though more fully set forth hereinafter.

73. The Liberty Defendants had a duty to act reasonably in hiring, contracting, employing, supervising and retaining Defendant Elsbury and failing to adopt and enforce policies, procedures and rules to ensure that its vehicles were maintained property and that its drivers were competent, adequately trained and operated vehicles appropriately.

74. The Liberty Defendants conduct demonstrated a conscious disregard of the known risks to the Decedent Faith Renne' Dowler, Plaintiffs and to the public.

75. The Liberty Defendants breached its aforementioned duties and those breaches directly and proximately caused the damages described in this Complaint in Civil Action.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the

Estate for its losses, injuries, punitive damages to deter such future conduct by the

Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such

other further relief as this Court deems just and proper.

## COUNT V – NEGLIGENCE PER SE

### Plaintiffs v. Liberty Defendants and Defendant Elsbury

76. Paragraphs 1 through 75, above, are incorporated by reference herein as though more

    fully set forth hereinafter.

77. The Liberty Defendants violated and caused, or permitted, Defendant Elsbury to

    violate various statues and regulations.

78. As a direct and proximate result of the Liberty Defendants violations of various

    statutes and regulations, designed to protect the public people, the Plaintiffs and

    Decedent Faith Renne' Dowler sustained damages more fully set forth in this

    Complaint in Civil Action.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators

of the Estate of Faith Renne' Dowler and Thomas K. Dowler, deceased prays for

judgment against all of the Defendants, jointly and severally, for an amount to fairly and

adequately compensate the Estate for its losses, injuries, punitive damages to deter such

future conduct by the Defendants named herein, for attorneys' fees and for costs incurred,

interest, and for such other further relief as this Court deems just and proper.

## COUNT VI – VICARIOUS LIABILITY

### Plaintiffs v. Idealease Defendants and Hunter Leasing

79. Paragraphs 1 through 78, above, are incorporated by reference herein as though more

    fully set forth hereinafter.

80. At all relevant times, Defendant Elsbury was a contractor, agent, employee, or servant of Hunter Leasing and/or Idealease Defendant and was acting within the course and scope of his employment and/or contract under the direct control of the Idealease Defendants and Hunter Leasing.

81. Accordingly, Idealease Defendants and Hunter Leasing, are vicariously liable for the Defendant Elsbury's aforementioned negligence and for any damages proximately caused by such conduct.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Estate for its losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT VII – NEGLIGENCE
### Plaintiffs v. Idealease Defendants and Hunter Leasing

82. Paragraphs 1 through 81, above, are incorporated by reference herein as though more fully set forth hereinafter.

83. Idealease Defendants and Hunter Leasing had a duty to act reasonably in contracting, hiring, training, supervising and retaining the person and/or entities responsible for the maintenance of the box truck, inspections and/or any other actions to ensure that the vehicle being leased was safe and operational for public driving.

84. Idealease Defendants and Hunter Leasing had a duty to reasonably inspect, maintain and/or provide trucks that were safe, operational, and in conformance with the laws

applicable to driving upon public roadways and to adopt and enforce policies, procedures and rules to ensure that its contractors, employees, agents and/or servants acted in a manner that reasonably assured that its vehicle(s) were safe and operational as advertised, properly maintained, safely and inspected.

85. Idealease Defendants and Hunter Leasing had a duty to warn Defendants Liberty and or Defendant Elsbury, and the public, that its truck was not in good working order and that it would not be safe for operation on any public highway.

86. Idealease Defendants and Hunter Leasing demonstrated a conscious disregard of the known risks to the Plaintiffs and the public.

87. Idealease Defendants and Hunter Leasing negligently and recklessly breached its duties to the Plaintiffs and public, the beaches directly and proximately caused the damages described in this cause of action.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Estate for its losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## VIII – NEGLIGENCE PER SE
### Plaintiffs v. Idealease Defendants and Hunter Leasing

88. Paragraphs 1 through 87, above, are incorporated by reference herein as though more fully set forth hereinafter.

89. Idealease Defendants and Hunter Leasing violated, permitted and encouraged defendant driver, Defendant Elsbury, to violate various laws and regulations.

90. As a direct and proximate result of the Idealease Defendants' and Hunter Leasing negligent and reckless violations of these various laws and regulations, the Plaintiffs suffered the damages described in causes of action above and below.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Estate for its losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## IX – VICARIOUS LIABILITY
### Plaintiffs v. Sears, Roebuck and Company Defendant

91. Paragraphs 1 through 90, above, are incorporated by reference herein as though more fully set forth hereinafter.

92. At all relevant times, the Sears, Roebuck and Company Defendant was the agent, contractor, employer, statutory employer, or otherwise responsible for the acts other Defendants.

93. Accordingly, the Sears, Roebuck and Company Defendant is vicariously liable for the Defendants' aforementioned negligence and any damages proximately caused said negligence and conduct.

27

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Estate for its losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## X – NEGLIGENCE
### Plaintiffs v. Sears, Roebuck and Company Defendant

94. Paragraphs 1 through 93, above, are incorporated by reference herein as though more fully set forth hereinafter.

95. The Sears, Roebuck and Company Defendant had a duty to act reasonably in contracting for delivery and in advising in the hiring and retaining the defendant driver, Defendant Elsbury, and to adopt and enforce policies, procedures and rules to ensure that the Defendants Liberty, its agents, employees and subcontractors had the experience, training and knowledge to safely operate the box truck which is the subject matter of this Complaint in Civil Action.

96. The Sears, Roebuck and Company Defendant conduct demonstrated a conscious disregard of the known risks to the Plaintiffs and the public.

97. The Sears, Roebuck and Company Defendant negligently and recklessly breached the duties described above, which directly and proximately caused the damages described in this Complaint in Civil Action.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne' Dowler and Thomas K. Dowler, deceased, prays for judgment

against all of the Defendants, jointly and severally, for an amount to fairly and adequately

compensate the Estate for its losses, injuries, punitive damages to deter such future

conduct by the Defendants named herein, for attorneys' fees and for costs incurred,

interest, and for such other further relief as this Court deems just and proper.

## XI – NEGLIGENCE PER SE

### Plaintiffs v. Sears, Roebuck and Company Defendant

98.  Paragraphs 1 through 97, above, are incorporated by reference herein as though more

fully set forth hereinafter.

99. The Sears, Roebuck and Company Defendant knew or should have known that the

defendant driver, Defendant Elsbury, violated state statutes and regulations,

permitted, encouraged and was complicit in these violations.

100.    As a direct and proximate result of the Sears, Roebuck and Company Defendant

negligent and reckless, conduct including requiring excessive drive time, requiring

the number and distance of deliveries, which the Defendant knew or should of

known, could not be performed while complying with state and federal regulation

involving maximum drive time and rest stops, Sears, thereby,  violated various state

and federal statutes and regulations and participated in the Liberty Defendants

violating State and Federal statutes and regulations, the Plaintiffs suffered the

damages described in causes of action above and below.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators

of the Estate of Faith Renne' Dowler, deceased, prays for judgment against all of the

Defendants, jointly and severally, for an amount to fairly and adequately compensate the

Estate for its losses, injuries, punitive damages to deter such future conduct by the

Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT XII – NEGLIGENCE
### Plaintiffs v. Defendant Malone

101.    Paragraphs 1 through 100, above, are incorporated by reference herein as though more fully set forth hereinafter.

102.    At all times relevant hereto, the Defendant Malone was the operator of the van in which Faith Renne' Dowler was a passenger.

103.    At all times relevant hereto, the Defendant Malone had a duty to observe and avoid the vehicle driven by Defendant Elsbury. Failure to timely observe and avoid the box truck constitutes negligence and is a proximate cause resulting in damage to the Plaintiffs as more fully set forth herein.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Estate for its losses, injuries, damages, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT XIII

### Plaintiffs v. Defendant Navistar, Inc.

104.    Paragraphs 1 through 103, above, are incorporated by reference herein as though more fully set forth hereinafter.

105.    The Plaintiffs herein alleges that the 2011 International Durastar, involved in the accident which is the subject of this Complaint was engineered, manufactured, and sold by Navistar, Inc., in a condition which directly caused the injury to the Plaintiffs herein. The box truck was detective when manufactured and sold. The Defendant-Navistar, Inc., was negligent in its design and manufacturer resulting injury to the Plaintiffs. The Defendant had a duty to design and manufacture the box truck to be safe for its intended use. The Defendant, breached that duty resulting in an injury to the Plaintiff.

106.    Navistar, Inc., designed and manufactured the defective box truck, which said defects were the proximate cause of the injuries to the Plaintiff as set forth hereinafter. The box truck was defective when it left the Defendants possession and said defect was the proximate cause of the injuries to the Plaintiff.

107.    The Defendant-Navistar, Inc., failed to provide adequate warning of the defective condition of the box truck.

108.    The Defendant-Navistar, Inc., failed to engineer and design the box truck to be reasonably safe for its intended use.

109.    The Defendant-Navistar, Inc., failed to engineer and design the box truck in accordance with reasonable engineering and manufacturing and/or within the state of the art existing at that time.

110.    The Defendant-Navistar, Inc., breached its warranties of good and merchantable quality; that it was fit for use in the tracking business, that it was reasonably safe; that it was made of good and merchantable materials, that it was properly assembled, inspected and tested.

31

111.   The Defendant, Navistar, Inc., manufactured a defective box truck which caused injury to the Plaintiffs herein as a result of a manufacturing and/or design defect.

112.   As a result of this failure to warn, the vehicle was used in a manner causing injuries to the Plaintiffs as more fully set forth herein.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Estate for its losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT IV

## Plaintiff v. R.H. Sheppard Company, Inc.

113.   Paragraphs 1 through 112, above, are incorporated by reference herein as though more fully set forth hereinafter.

114.   The Plaintiff herein alleges in the alternative that a steering mechanism caused the box truck to be involved in the accident forming the underlined basis of this claim. The steering mechanism was engineered, manufactured, and sold by R.H. Sheppard, Co., in a condition which directly caused the injury to the Plaintiff herein. The steering mechanism was defected when manufactured and sold. The Defendant-R.H. Sheppard, Co., was negligent in its design and manufacturer of the vehicle resulting injury to the Plaintiff. The Defendant had a duty to design and manufacture the steering mechanism to be safe for its intended use. The Defendant, breached that duty resulting in an injury to the Plaintiff.

32

115.   R.H. Sheppard, Co., designed and manufactured the defective steering mechanism, which said defects were the proximate cause of the injuries to the Plaintiff as set forth hereinafter. The steering mechanism was defective when it left the Defendants possession and said defect was the proximate cause of the injuries to the Plaintiff herein as more fully set forth hereinafter.

116.   The Defendant-R.H. Sheppard, Co., failed to provide adequate warning of the defective condition of the steering mechanism.

117.   The Defendant-R.H. Sheppard, Co, failed to engineer and design the steering mechanism to be reasonably safe for its intended use.

118.   The Defendant-R.H. Sheppard, Co., failed to engineer and design the steering mechanism in accordance with reasonable engineering and manufacturing standards.

119.   The Defendant-R.H. Sheppard, Co, failed to engineer and design the steering mechanism in conformity with the state of the art existing at the time of this manufacturing design.

120.   The Defendant, R.H. Sheppard, Co, manufactured a defective steering mechanism which caused injury to the Plaintiff herein as a result of a manufacturing and/or design defect.

121.   The Defendant, R.H. Sheppard, Co., failed to adequately warn the defects existing at the time of the manufacturer of the box steering mechanism in question.

122.   As a result of failures and negligence aforesaid the steering mechanism was used in a manner causing injuries to the Plaintiff as more fully set forth herein.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler,

Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment

33

against all of the Defendants, jointly and severally, for an amount to fairly and adequately

compensate the Estate for its losses, injuries, punitive damages to deter such future

conduct by the Defendants named herein, for attorneys' fees and for costs incurred,

interest, and for such other further relief as this Court deems just and proper.

## COUNT XV

## Plaintiff v. Happy Wheels Auto and Truck Collision, Inc., d/b/a Happy Wheels Body Shop and/or Happy Wheels Body Shop

123.    Paragraphs 1 through 122, above, are incorporated by reference herein as though
more fully set forth hereinafter.

124.    The Defendant-Happy Wheels Auto and Truck Collison, Inc., d/b/a Happy
Wheels Body Shop and/or Happy Wheels Body Shop (hereinafter "Happy Wheels")
performed maintenance on the box truck which is the vehicle involved in the accident
forming the underlined basis for the Plaintiffs Complaint. In performing said
maintenance, Happy Wheels failed to exercise reasonable, ordinary care, which a
reasonable prudent person or enterprise would have exercised under the same or
similar circumstances. As a result of the failure to exercise said reasonable, ordinary
care, the Plaintiff herein were injured as a result of the auto accident which forms the
basis of this Complaint.

125.    In performing maintenance and repair of the box truck, Happy Wheels owed a
duty to the Plaintiff to perform such maintenance and repair in a reasonable fashion;
consistent with the maintenance standard of the industry. As a result of the acts and
omissions of Happy Wheels, the Plaintiff herein suffered an injury which was the
direct and proximate result of the lack of ordinary care and/or negligence of the

Defendant-Happy Wheels and was the proximate cause of the injuries set forth hereinafter.

126.   Happy Wheels in performing maintenance and/or repair on the box truck was negligent causing injury to the Plaintiff as follows:

a.   In failing to adequately inspect and insure that the maintenance performed on the box truck caused the vehicle to be safe for the intended use in accordance with reasonable and prudent maintenance standards existing at the time of the work done by Happy Wheels; and

b.   Failure to ensure that the steering mechanism on the box truck would perform in such a manner as to prevent a failure of steering.

c.   Failed to adequately repair the box truck such that the box truck including but not limited to the steering system was in a defective condition, unreasonably dangerous to the Plaintiff.

d.   In failing to use due care to repair test and inspect the steering system of the box truck or its durability and functionality for the purpose for which it was intended

127.   The Defendant-Happy Wheels negligently and recklessly breached its duties as owed to the Plaintiff proximately causing the damages described more fully in this Complaint.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Estate for its losses, injuries, punitive damages to deter such future

conduct by the Defendants named herein, for attorneys' fees and for costs incurred,

interest, and for such other further relief as this Court deems just and proper.

## COUNT XVI

### Plaintiff v. H.D.H. Group, Inc.

128.   Paragraphs 1 through 127 above, are incorporated by reference herein as though
more fully set forth hereinafter.

129.   At all material times, Defendant-H.D.H. Group, Inc., rendered services and/or
consultation as insurance broker and in the areas of:

   a.   Safety consultation, management, and troubleshooting; and/or

   b.   Risk control and risk control operations.

130.   Defendant-H.D.H. Group, Inc., provided such safety consultation, management,
and troubleshooting, and/or risk control and risk control operations to the Liberty-
Defendants before and after the subject accident.

131.   Sub-Defendant-H.D.H. Group, Inc.:

   a.   Counseled with Liberty-Defendants on driving competency, driver fitness
   and/or unfitness and/or driver hours of service;

   b.   Counseled Liberty-Defendants should have known delivery of the defendant's
   history, pattern and/or practice of hiring drivers; and

      i.   Hiring drivers of limited/questionable competency;

      ii.   Hiring unfit drivers and/or drivers of limited/questionable fitness
      and/or;

      iii.   Exceeding allowable hours of service;

   c.   Failed to improve and/or require improvement entirely.

       d.  Counseled the Liberty-Defendants in the areas of operations, effective

          documentation, US DOT compliance, FMCSR compliance.

       e.  Counsel the Liberty-Defendants on US DOT safety compliance reviews.

132.    The Defendant-H.D.H. Group, Inc., in providing services to the Liberty

Defendants, facilitated in and enabled the Liberty-Defendants to operated commercial

vehicles, including commercial trucks, providing safety, management and consulting

services which facilitated the trucking operations of the Liberty-Defendants,

sufficient to enable Liberty-Defendant to operate the vehicle which was involved in

the Plaintiffs Complaint set forth herein and facilitated and enabled Liberty-

Defendants to use unfit drivers, agents, employees, specifically including Defendant

Elsbury, as more fully set forth in Complaint.

133.    The Defendant, H.D.H. Group, Inc., negligently, carelessly, recklessly, and

outrageously:

       a.  Aided, abetted, encouraged, permitted, and/or required violations of the

          FMCSR by the Liberty-Defendants, 49 C.F.R. §390; and/or

       b.  Undertook to render services to the Liberty-Defendants that Defendant-

          H.D.H. Group, Inc., knew or should have known unreasonably exposed others

          to risk; and/or

       c.  Performed safety consultation and/or risk control services and advisory

          services to/and for the Liberty-Defendants which the Defendant-H.D.H.

          Group, Inc., failed to adequately or reasonably perform.

134.    The Defendant-H.D.H. Group, Inc., owed a duty to the Plaintiffs and the general

public to counsel, inform and direct duty of Liberty-Defendants to facilitate and cause

37

Liberty-Defendants to comply with applicable laws and to conduct operations in a manner which did not cause injury to the general public and to the Plaintiffs in particular.

135.    As a direct and proximate result of such negligence, carelessness, recklessness, and/or outrageousness, Plaintiffs have suffered those injuries and damages, as set forth more fully thorough out this Complaint.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler, Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Estate for its losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## DAMAGES

136.    The Plaintiff reiterates and realleges the facts and allegations set forth in the previous paragraphs 1 through 135.

137.    As a direct and proximate result of the above referenced negligence and/or recklessness of all of the Defendants, the Decedent Faith Renne' Dowler, from the time of recognition of the approaching box truck, through the time of her injuries and until the time of her death, suffered great physical and mental pain, shock, terror and agony.

138.    As a direct and proximate result of the above referenced negligence and/or recklessness of all the Defendants the Plaintiff seeks to recover those damages

available pursuant to West Virginia Code § 55-7-5 and 55-7-6, which include, but are

not limited to, damages for:

(a) Sorrow, mental anguish and solace, companionship, comfort and kindly offices and advice of the Decedent Faith Renne' Dowler;

(b) The services, care and assistance provided by the Decedent Faith Renne' Dowler;

(c) Expenses for the care, treatment of the Decedent Faith Renne' Dowler including expenses of the Decedent instant to the injuries she suffered resulting in death;

(d) Funeral expenses incurred by the Decedent Faith Renne' Dowler's Estate; and

(e) The grief, sorrow, loss and mental anguish incurred by the Decedent Faith Renne' Dowler's next of kin.

WHEREFORE, Plaintiffs, Thomas K, Dowler and Renne' I Dowler,

Administrators of the Estate of Faith Renne' Dowler, deceased, prays for judgment

against all of the Defendants, jointly and severally, for an amount to fairly and adequately

compensate the Estate for its losses, injuries, punitive damages to deter such future

conduct by the Defendants named herein, for attorneys' fees and for costs incurred,

interest,  and for such other further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

JOHN T. HOFRICHTER & ASSOCIATES

DATE: _Sept 4 2018_

_____
John T. Hofrichter, Esquire
144 North Main Street
Washington, PA  15301
(724) 222-7362
WVA I.D. No. 4802

## VERIFICATION

We, **Thomas K. Dowler and Renne' I Dowler, administrators of the Estate of Faith Renne' Dowler, deceased** hereby verify that the facts and statements contained in the foregoing **Amended Complaint**, are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties relating to unsworn falsification to authorities which provides that if I knowingly make false statements I may be subject to criminal penalties.

_____
Thomas K. Dowler

_____
Renne' I Dowler

Dated: _____9-4-18_____

# IN THE CIRCUIT COURT OF _____HARRISON_____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

| | |
|---|---|
| **Plaintiff(s)** | **Case No.** 17-C-213 |
| Thomas K. Dowler and Renne I. Dowler, | **Judge:** Christopher McCarthy |
| As Administrators of the Estate of | |
| Faith Renne Dowler, deceased | |

**vs.**

| **Defendant(s)** | **Days to Answer** | **Type of Service** |
|---|---|---|
| David M. Elsbury, Jr. et al | 20 | Secretary of State |
| Name | | |
| 234 Kennedy Avenue | | |
| Street Address | | |
| Masontown, PA  15461 | | |
| City, State, Zip Code | | |

**II. TYPE OF CASE:**

| | |
|---|---|
| [✔] General Civil | [ ] Adoption |
| [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]* | [ ] Administrative Agency Appeal |
|    [ ] Asbestos | [ ] Civil Appeal from Magistrate Court |
|    [ ] FELA Asbestos | [ ] Miscellaneous Civil Petition |
|    [ ] Other: | [ ] Mental Hygiene |
| [ ] Habeas Corpus/Other Extraordinary Writ | [ ] Guardianship |
| [ ] Other: | [ ] Medical Malpractice |

**III. JURY DEMAND:** [ ] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): ____/____

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✔] No

**IF YES, PLEASE SPECIFY:**

[ ] Wheelchair accessible hearing room and other facilites
[ ] Reader or other auxiliary aid for the visually impaired
[ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
[ ] Spokesperson or other auxiliary aid for the speech impaired
[ ] Foreign language interpreter-specify language: _____
[ ] Other: _____

| | |
|---|---|
| Attorney Name: John T. Hofrichter | **Representing:** |
| Firm: JOHN T. HOFRICHTER & ASSOCIATES | [✔] Plaintiff  [ ] Defendant |
| Address: 144 North Main Street, Washington, PA  15301 | [ ] Cross-Defendant  [ ] Cross-Complainant |
| Telephone: (724)222-7363 | [ ] 3rd-Party Plaintiff  [ ] 3rd-Party Defendant |
| [ ] **Proceeding Without an Attorney** | |

Original and _____ copies of complaint enclosed/attached.

Dated: 09 / 05 / 2018    Signature: _____

**SCA-C-100:** Civil Case Information Statement (Other than Domestic Relations)    Revision Date: 12/2015

**Plaintiff:** Thomas K. Dowler & Renne I. Dowler, Admin  *, et al*      **Case Number:** 17-C-213

**vs.**

**Defendant:** David M. Elsbury, Jr.      *, et al*

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

Rhoda Malone, deceased, & the Estate of R.M
Defendant's Name

409 Highfield Drive                                Days to Answer:      20
Street Address

Canonsburg, PA  15317                        Type of Service: Secretary of State
City, State, Zip Code

---

Liberty Transportation, Inc.
Defendant's Name

838 Croft Road                                     Days to Answer:      20
Street Address

Greensburg, PA  15601                        Type of Service: Secretary of State
City, State, Zip Code

---

Liberty Distribution, Inc.
Defendant's Name

838 Croft Road                                     Days to Answer:      20
Street Address

Greensburg, PA  15601                        Type of Service: Secretary of State
City, State, Zip Code

---

Landmark Leasing, Inc.
Defendant's Name

838 Croft Road                                     Days to Answer:      20
Street Address

Greensburg, PA  15601                        Type of Service: Secretary of State
City, State, Zip Code

---

Colonial Park Logistics, Inc/d/b/a Liberty Trans
Defendant's Name

838 Croft Road                                     Days to Answer:      20
Street Address

Greensburg, PA  15601                        Type of Service: Secretary of State
City, State, Zip Code

---

Hunter Leasing, LLC.
Defendant's Name

480 Pittsburgh Road                            Days to Answer:      20
Street Address

Butler, PA  16002                                 Type of Service: Secretart of State
City, State, Zip Code

---

Idealease Services, Inc.
Defendant's Name

430 North Rand Road                           Days to Answer:      20
Street Address

North Barrington, Illinois                      Type of Service: Seretrary of State
City, State, Zip Code

---

**SCA-C-100:  Civil Case Information Statement-Defendant(s) Continuation Page**      Revision Date:  12/2015

**Plaintiff:** Thomas K. Dowler & Renne I. Dowler, Admin *, et al*      **Case Number:** 17-C-213

**vs.**

**Defendant:** David M. Elsbury, Jr.                     *, et al*

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

Idealease, Inc.
Defendant's Name

430 North Rand Road                 Days to Answer:    20
Street Address

North Barrington, Illinois          Type of Service: Secretary of State
City, State, Zip Code

---

Innovel Solutions, Inc.
Defendant's Name

3333 Beverly Road, B2-116B          Days to Answer:    20
Street Address

Hoffman Estates, Illinois 60517     Type of Service: Secretary of State
City, State, Zip Code

---

Sears, Roebuck & Company
Defendant's Name

3333 Beverly Road, B2-116B          Days to Answer:    20
Street Address

Hoffman Estates, Illinois 60517     Type of Service: Secretary of State
City, State, Zip Code

---

H.D.H.Group, Inc.
Defendant's Name

210 Sixth Avenue, 30th Floor        Days to Answer:    20
Street Address

Pittsburgh, PA  15222               Type of Service: Secretary of State
City, State, Zip Code

---

Navistar, Inc, d/b/a, International, Inc.
Defendant's Name

2701 Navistar Drive                 Days to Answer:    20
Street Address

Lisle, Illinois 60532               Type of Service: Secretary of State
City, State, Zip Code

---

R.H. Sheppard, Company division of WABCO
Defendant's Name

101 Philidelphia Street, PO Box 877     Days to Answer:    20
Street Address

Hanover, PA  17331-9077             Type of Service: Secretary of State
City, State, Zip Code

---

Happy Wheels Auto & Collison, Inc
Defendant's Name

1929 McKees Rocks Road              Days to Answer:    20
Street Address

McKees Rocks, PA  15136             Type of Service: Seretary of State
City, State, Zip Code

---