IN THE COURT OF HARRISON COUNTY, WEST VIRGINIA

FELICIA BROWELL, Parent and
Natural Guardian of RHIANNA
BROWELL, a minor,

CIVIL ACTION: ~~17-C-213-1~~  *18-C-48-2*

          Plaintiffs,

TYPE OF PLEADING:
*Amended*
COMPLAINT IN CIVIL ACTION

v.

DAVID M. ELSBURY, JR.;
RHODA MALONE, deceased
and THE ESTATE OF RHODA
MALONE; LIBERTY TRANSPORATION, INC.;
LANDMARK LEASING, INC., LIBERTY
DISTRIBUTION, INC., COLONIAL PARK
LOGISTICS, INC. D/B/A LIBERTY
TRANSPORTATION, INC.'
HUNTER LEASING, LLC;
IDEALEASE SERVICES, INC.;
IDEALEASE, INC.; H.D.H. GROUP, INC.;
SEARS, ROEBUCK AND COMPANY;
INNOVEL SOLUTIONS, INC.; NAVISTAR, INC.;
R.H. SHEPPARD, INC., previously known as
R.H. SHEPPARD COMPANY, INC., HAPPY
WHEELS AUTO AND TRUCK COLLISION,
D/B/A HAPPY WHEELS BODY SHOP
AND/OR HAPPYWHEELS BODY SHOP
JOHN DOES 1-5 (names currently
unknown despite the best efforts for Plaintiffs,
but stated as any other individuals or entities
responsible for the manufacture, design,
installation, maintenance, upkeep and repair of
the defective parts of the box truck in issue);
JOHN DOES 6-10 (names currently unknown
despite the best efforts of Plaintiffs, knowledge
of the defective nature of the box truck in issue
and who did not warn and/or advise the
appropriate parties of the defects)

FILED ON BEHALF OF PLAINTIFFS:

Felicia Browell, Parent and Natural
Guardian of Rhianna Browell, a minor

ATTORNEY OF RECORD FOR THIS
PARTY:

John T. Hofrichter, Esquire
W.VA. I.D.# 4802

JOHN T. HOFRICHTER & ASSOCIATES
144 North Main Street
Washington, PA  15301
724-222-7363

**JURY TRIAL DEMANDED**

          Defendants.

IN THE COURT OF HARRISON COUNTY, WEST VIRGINIA

FELICIA BROWELL, Parent and
Natural Guardian of RHIANNA
BROWELL, a minor,                          CIVIL ACTION:  17-C-213-1

     Plaintiffs,

v.

DAVID M. ELSBURY, JR.;
RHODA MALONE, deceased
and THE ESTATE OF RHODA
MALONE; LIBERTY TRANSPORATION
LIBERTY TRANSPORATION, INC.;
LANDMARK LEASING, INCL, LIBERTY
DISTRIBUTION, INC., D/B/A LIBERTY
TRANSPORATION, INC.,
HUNTER LEASING, LLC;
IDEALEASE SERVICES, INC.;
IDEALEASE, INC.; H.D.H. GROUP, INC.;
SEARS, ROEBUCK AND COMPANY;
INNOVEL SOLUTIONS, INC.; NAVISTAR, INC.;
R.H. SHEPPARD, INC., previously known as
R.H. SHEPPARD COMPANY, INC., HAPPY
WHEELS AUTO AND TRUCK COLLISION, D/B/A
HAPPY WHEELS BODY SHOP AND/OR HAPPY
WHEELS BODY SHOP
JOHN DOES 1-5 (names currently
unknown despite the best efforts for Plaintiffs,
but stated as any other individuals or entities
responsible for the manufacture, design,
installation, maintenance, upkeep and repair of
the defective parts of the box truck in issue);
JOHN DOES 6-10 (names currently unknown
despite the best efforts of Plaintiffs, knowledge
of the defective nature of the box truck in issue
and who did not warn and/or advise the
appropriate parties of the defects)

## NOTICE TO DEFEND AND CLAIM RIGHTS

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take-action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:**

LAWYER REFERRAL SERVICE
Washington County Bar Association
523 Washington Trust Building
Washington, PA  15301
Telephone: (724) 225-6710

Legal Aid Society
Charleston, WV
Telephone: (800) 642-8279

SOUTHWESTEPENNSYLVANIA
LEGAL AID SOCIETY
16 West Cherry Street
Washington, PA  15301
Telephone: (724) 225-6170

IN THE COURT OF HARRISON COUNTY, WEST VIRGINIA

FELICIA BROWELL, Parent and
Natural Guardian of RHIANNA
BROWELL, a minor,                                        *18-C-48-2*

                                                  CIVIL ACTION: ~~17-C-213~~-1

      Plaintiffs,

v.

DAVID M. ELSBURY, JR.;
RHODA MALONE, deceased
and THE ESTATE OF RHODA
MALONE; LIBERTY TRANSPORATION
LIBERTY TRANSPORATION, INC.;
LANDMARK LEASING, INCL, LIBERTY
DISTRIBUTION, INC., D/B/A LIBERTY
TRANSPORATION, INC.,
HUNTER LEASING, LLC;
IDEALEASE SERVICES, INC.;
IDEALEASE, INC.; H.D.H. GROUP, INC.;
SEARS, ROEBUCK AND COMPANY;
INNOVEL SOLUTIONS, INC.; NAVISTAR, INC.;
R.H. SHEPPARD, INC., previously known as
R.H. SHEPPARD COMPANY, INC., HAPPY
WHEELS AUTO AND TRUCK COLLISION, D/B/A
HAPPY WHEELS BODY SHOP AND/OR HAPPY
WHEELS BODY SHOP
JOHN DOES 1-5 (names currently
unknown despite the best efforts for Plaintiffs,
but stated as any other individuals or entities
responsible for the manufacture, design,
installation, maintenance, upkeep and repair of
the defective parts of the box truck in issue);
JOHN DOES 6-10 (names currently unknown
despite the best efforts of Plaintiffs, knowledge
of the defective nature of the box truck in issue
and who did not warn and/or advise the
appropriate parties of the defects)

4

## COMPLAINT IN CIVIL ACTION
### (Jury Demand Endorsed Herein)

AND NOW, comes the Plaintiffs, Felicia Browell, Parent and Natural Guardian of

Rhianna Browell, a minor, in their own rights, through their attorneys, JOHN T. HOFRICHTER

& ASSOCIATES, by John T. Hofrichter, Esquire, and files the following Complaint in Civil

Action:

1. All the events hereinafter complained of occurred on or about September 9, 2016 at

   proximately 4:15 p.m. in Harrison County, West Virginia.

2. The Plaintiffs, Rhianna L. Browell, Individually and Felicia Browell as Parent and

   Natural Guardian of Rhianna L. Browell, a minor (hereinafter referred to as

   "Plaintiffs parent") are the parents and natural guardians of Rhianna L. Browell, a

   minor.

3. Defendant, David M. Elsbury, Jr., (hereinafter referred to as "Defendant Elsbury") is

   an adult individual with a principal place of residence at 234 Kennedy Avenue,

   Masontown, Pennsylvania 15461, and at all times relevant hereto was a commercially

   licensed driver in the Commonwealth of Pennsylvania.

4. At all times relevant hereto, Defendant Elsbury was an independent contractor who

   offered his services as a professional and commercially licensed driver.

5. At all times relevant hereto, Defendant Elsbury was an employee, agent and/or

   servant of the Defendants, Liberty Transportation, Inc., Landmark Leasing, Inc.,

   Liberty Distribution, Inc., Colonial Park Logistics, Inc., d/b/a Liberty Transportation,

   Inc.

6. Defendant, Rhoda Malone, deceased and the Estate of Rhoda Malone, (hereinafter

   referred to as "Defendant Malone") was an adult individual who resided at 409

5

Highfield Drive in Canonsburg, Pennsylvania, 15317. Defendant Malone's date of death was September 9, 2016.

7.  At all times relevant hereto, Defendant Malone was the driver in full possession and control of the vehicle in which the Defendant Rhianna Browell was a passenger on September 9, 2016.

8.  Defendant, Liberty Transportation, Inc., ("Defendant-Liberty"), is a Pennsylvania company and/or business entity, with a principle place of business at 838 Croft Road, Greensburg, Westmoreland County, Pennsylvania, 15601. At all times material hereto, Defendant-Liberty is in the business of shipping and transporting products by truck and/or vehicle commercially and/or in interstate commerce. Defendant-Liberty is registered as an interstate motor carrier for hire with the United States Department of Transportation (U.S. DOT), is assigned U.S. DOT No. 254513, has operating privileges from U.S. DOT and/or has interstate operating privileges from U.S. DOT by virtue of MC No. 180417, and/or operates as an interstate motor carrier for hire as defined by the Federal Motor Carrier Safety Regulations (FMCSR). At all material times, Defendant/Liberty acts through its actual, apparent, authorized, and/or ostensible agents, employees, and/or servants and regularly conducts business throughout the state of Pennsylvania, including Washington County.

9.  Defendant, Landmark Leasing, Inc., ("Defendant-Landmark") is a Pennsylvania company and/or business entity, with a principle place of business at 838 Croft Road, Greensburg, Westmoreland County, Pennsylvania. 15601. At all times material hereto, Defendant-Landmark is in the business of shipping and transporting products by truck and/or vehicle commercially, Defendant/Landmark is registered as an

6

intrastate motor carrier with the U.S. DOT, is assigned U.S. DOT NO. 300465, has

operating privileges from U.S. DOT, and/or operates as an intrastate motor carrier as

defined by FMCSR. At all material times, Defendant-Landmark acts through its

actual, apparent, authorized, and/or ostensible agents, employees, and/or servants and

regularly conducts business throughout the state of Pennsylvania, including

Washington County.

10. Defendant, Liberty Distribution, Inc. ("Defendant-Distribution"), is a Pennsylvania

Company and/or business entity, with a principal place of business at 838 Croft Road,

Greensburg, Westmorland County, Pennsylvania 15601. At all times material hereto,

Defendant-Distribution is in the business of shipping and transporting products by

truck and/or vehicle commercially and/or in interstate commerce. Defendant-

Distribution acts through its actual, apparent, authorized, and/or ostensible agents,

employees, and/or servants and regularly conducts business throughout the state of

Pennsylvania, including Washington County.

11. Defendant, Colonial Park Logistics, Inc., d/b/a Liberty Transportation, Inc.,

("Defendant-Colonial"), is a Pennsylvania Company and/or business entity, with a

principle place of business at 838 Croft Road, Greensburg, Westmoreland County,

Pennsylvania 15601. At all times material hereto, Defendant-Colonial is in the

business of shipping and transporting products by truck and/or vehicle commercially

and/or in interstate commerce. Defendant-Colonial is registered as an interstate motor

carrier for hire and/or broker with the U.S. DOT, is assigned U.S. DOT No. 2984571,

has operating privileges from U.S. DOT and/or has interstate operating privileges

from U.S. DOT by virtue of MC No. 15994, and/or operates as an interstate motor

carrier for hire and/or broker is defined by the FMCSR. At all material times,

Defendant-Colonial acts through its actual, apparent, authorized, and/or ostensible

agents, employees, and/or servants and regularly conducts business throughout the

state of Pennsylvania, including Washington County.

12. Plaintiff believes that, all the material times, Defendant-Liberty, Defendant-

Landmark, Defendant-Distribution, and/or Defendant-Colonial performed separate

functions and/or committed separate acts and/or omissions, as set forth throughout

this Complaint, so as to independently and/or individually cause the injuries and

damages to Plaintiff as set forth more fully throughout this Complaint. Defendant-

Liberty, Defendant-Landmark, Defendant-Distribution, and/or Defendant-Colonial

were headquartered at the same place, managed and/or operated by the same

directors, managers, and/or officers under united control, were undercapitalized, had

uncertain and/or blurred distinctions, and/or were alter-egos.

13. Defendant-Liberty, Defendant-Landmark, Defendant-Distribution, and/or Defendant-

Colonial are hereinafter referred to as, collectively, "the Liberty-Defendants," unless

otherwise identified individually.

14. At all times relevant hereto, the Liberty-Defendants have conducted continuous and

substantial business in the State of West Virginia and Harrison County, West Virginia

and at all times relevant was engaged in the business of providing services, loading,

transporting goods, advertising, promoting, distributing, selling, and otherwise

placing into the stream of commerce goods and services related to being a

professional commercial carrier of goods and otherwise conducting business in the

State of West Virginia.

15. At all times relevant hereto, the Liberty-Defendants contracted with the Defendant Elsbury as an independent contractor to operate commercial box trucks for its benefit and on its behalf.

16. In the alternative, at all times relevant hereto, the Liberty-Defendants employed Defendant Elsbury as an operator of commercial box trucks for its benefit and on its behalf.

17. At all times relevant hereto, the Defendant, H.D.H. Group, Inc., is a Pennsylvania Company and/or business entity, with a principle place of business at 210 Sixth Avenue, 30th Floor, Pittsburgh, Allegheny County, Pennsylvania, 15222. Plaintiff believes and, therefore avers that H.D.H. Group, Inc., performs insurance brokerage services. Plaintiff, believes and, therefore, avers that, all of times material hereto, H.D.H. Group, Inc., rendered safety consultation, management, and/or trouble-shooting and/or risk control and risk control operational services to the Liberty-Defendants. At all material times, H.D.H. Group, Inc., acts through its actual, apparent, authorized and/or ostensible agents, employees, and/or servants and regularly conducts business through out the states of Pennsylvania and West Virginia

18. Defendant, Hunter Leasing, LLC, is a Pennsylvania limited liability company and is an affiliate of Idealease and PacLease, two (2) large national leasing organizations and has a principle office at 480 Pittsburgh Road, Butler, Pennsylvania 16002, as well as, an office at 1 West Alexander Road, Valley Grove, West Virginia 26060, as well as 350 Poplar Street, Pittsburgh, Pennsylvania 15223.

19. At all times relevant hereto, the Hunter Leasing was the owners of a 2011 International Durastar, white in color, bearing Pennsylvania registration YZH5336

and/or were in care, custody and control of the above described box truck and were responsible for the maintenance, upkeep, and repair of said vehicle including the maintenance, repair, upkeep and installation of any other equipment necessary to properly operate said box truck.

20. At all times relevant hereto, the 2011 International Durastar, white in color, bearing Pennsylvania registration YZH5336 will be referred to as "box truck".

21. At all times relevant hereto, the box truck was in the possession of the Liberty Defendants for only several days before the date of the crash.

22. At all times relevant hereto, the Hunter Leasing traded and did business as Hunter Idealease and engaged in the business of a leasing organization which leased, rented and/or provided box trucks and other commercial transportation to various companies and specifically, the Defendants Liberty Transport which transported goods on the interstates and highways of states including West Virginia.

23. Defendant, Idealease Services, Inc., is an Illinois corporation with a principal place of business at 430 North Rand Road, North Barrington, Illinois 60010 and is a leasing organization affiliated with Hunter Leasing Defendants in order to lease, rent, and/or provide box trucks and other commercial transportation to companies including the Defendants Liberty Transport which transported goods across interstates and highways of various states including West Virginia.

24. Defendant, Idealease, Inc., is an Illinois corporation with a principal place of business at 430 North Rand Road, North Barrington, Illinois 60010 and is a leasing organization affiliated with Hunter Leasing Defendants in order to lease, rent, and/or provide box trucks and other commercial transportation to companies including the

Defendants Liberty Transport which transported goods across interstates and highways of various states including West Virginia.

25. At all times relevant hereto, the Defendants, Idealease Services, Inc., and Idealease, Inc., will be referred to as "Idealease Defendants".

26. At all times relevant hereto, the Idealease Defendants were the owners of the above described box truck and/or were in care, custody and control of the above described box truck and were responsible for the maintenance, upkeep and repair of said vehicle including the maintenance, repair, upkeep and installation of any other equipment necessary to properly operate said box truck.

27. Defendant, Sears, Roebuck and Company, (hereinafter referred to as "Defendant Sears") is a member of the Sears Holdings Corporation (NASDAQ: SHLD) family of companies and is responsible for all logistical activity at Sears-branded and affiliated stores throughout the United States. The company also provides logistics services to external clients utilizing assets, resources and experience to create value. The principal office of Defendant Sears is 3333 Beverly Road, B2-116B, Hoffman Estates, Illinois 60517.

28. Defendant, Sears a scratch and dent Sears outlet store at 27 51st Street, Pittsburgh, Pennsylvania 15201 and at all times relevant hereto, hires, contracts and/or utilizes the Defendants Liberty Transport to move goods across state lines including making deliveries in and through Harrison County, West Virginia.

29. Defendant, Innovel Solutions, Inc., (hereinafter referred to as "Defendant Innovel") is a member of the Sears Holdings Corporation (NASDAQ: SHLD) and is responsible for all logistical activity at more than 2,700 Sears-branded ad affiliated stores through

all 50 states, including West Virginia.  Additionally, the company also provides

logistics services to external clients.  The principal office of Innovel Solutions, Inc. is

3333 Beverly Road, B2-116B, Hoffman Estates, Illinois 60517 and was formerly

called Sears Logistics.

30. Defendant, Navistar, Inc, is a Corporation Headquartered at 2701 Navistar Drive,

Lisle Illinois 60532. Navistar d/b/a Navistar, International, Inc., manufactures

commercial trucks, including the International Durastar 4300 Commercial vehicle

involved in the accident which serves as the basis of the Plaintiffs Complaint.

Navistar, Inc. conducts business in both Pennsylvania and West Virginia.

31. Defendant, R.H. Sheppard, Co., Inc., previously known as R.H. Sheppard Company,

Incorporated, is a division of WABCO Company is an engineering, designing and

manufacturing company developing and producing products for commercial trucks

including steering parts. R.H. Sheppard, Company, designed and manufactured

mechanical parts for the International Durastar 4300 box truck which was involved in

the accident which forms the basis of the Plaintiffs Complaint. R.H. Sheppard,

Company, has a mailing address of 101 Philadelphia Street, PO Box 877, Hanover,

Pennsylvania 17331-8077. R.H. Sheppard and Company conducts business in both

Pennsylvania and West Virginia.

32. Defendant, Happy Wheels Auto and Truck Collision, Inc, d/b/a Happy Wheels Body

Shop and/or Happy Wheels Body Shop is a Pennsylvania business with a mailing

address of 129 McKees Rock, PA  15136 conducting business in both Pennsylvania

and West Virginia in a form of including but not limited to mechanic repair which

12

performs repair work on the International Durastar 4300 box truck, which was

involved in the auto accident which forms the basis of the Plaintiffs Complaint.

33. At all times relevant hereto, all of the Defendants conducted continuous and

substantial business in the State of West Virginia and all times relevant was engaged

in the business of providing services and goods, loading, hiring commercial carriers

to transport goods, shipping goods, advertising, promoting, distributing, selling and

otherwise placing into the stream of commerce goods and services related to being a

professional shipper of goods.

34. The Defendants, John Does 1 through 5, the identifies of which are currently

unknown, are all other individuals or entities, other than the above-named Defendants

and their employees, which were responsible for the manufacturing, designing,

installation, maintenance, upkeep, repair, and replacement of defective parts of the

box truck which caused the below described crash.

35. The Defendants, John Does 6 through 10, are any manufactures, sellers, persons

and/or entities with knowledge of the defective nature of the box truck did not warn

and/or advise the appropriate parties not to operate said truck thereby acting in a

negligent and reckless manner.

## AVERRED FACTS

36. Paragraphs 1 through 35, above, are incorporated by reference herein as though more

fully set forth hereinafter.

37. Prior to September 2016, the Liberty entered into a full-service lease for commercial

vehicles which included the box truck described previously in this Complaint with

Hunter Leasing Defendant and/or Idealease Defendants which included, at least, the

following terms:

(a) A full-service lease from Hunter Leasing/Idealease Defendants allowed the
Defendants Liberty Transport to pay even more attention to serving its customers and
growing its business.

(b) It was represented by Hunter Leasing Defendants and/or Idealease Defendants
that they would provide industry-leading vehicles that are backed by superior fleet
maintenance.

(c) It was represented that 24/7 roadside assistance would be provided.

(d) Professional vehicle maintenance by the Hunter Leasing/Idealease Defendants.

(e) Dedicated Maintenance.

(f) Mobile Service (at designated locations).

(g) Periodic state and federal inspections.

(h) 24/7 Roadside Assistance.

(i) Fleet Services.

(j) Fuel Card with U.S. and Canada fuel tax reporting.

(k) Vehicle licensing, permitting, legalization.

(l) Motor Vehicle Report Service.

(m) Telematics Services.

(n) Safety & Compliance training and consultation.

(o) Driver training to reduce driver turnover.

(p) Replacement rental vehicles.

(q) Discounted rental vehicles.

38. At all times relevant hereto, the Liberty Defendants entered into a contract with the
Sears Defendants where the following terms were included, but not limited to:

(a) Transportation of goods from the Sears Defendants' store locations to destinations
in West Virginia.

(b) Motor Vehicle Report Service.

(c) Telematics Services.

(d) Safety & Compliance training and consultation.

(e) Driver training to reduce driver turnover.

(f) Insurance requirements of companies transporting Sears' goods.

39. At all times relevant hereto, Defendant Elsbury was operating the above described box truck as an independent contractor for the Liberty Defendants and was dispatched by this Defendant to pick up goods which were to be shipped from Pittsburgh, Pennsylvania location of Sears, Roebuck and Company to locations in and/or around and/or through Harrison County, West Virginia.

40. In the alternative, Defendant Elsbury was operating the above described box truck as an employee of the Liberty Defendants and was dispatched by said the Liberty Defendants to pick up goods and make deliveries in and around Harrison County, West Virginia as aforesaid.

41. At all times relevant hereto, Defendant Elsbury did not correctly or adequately operate the box truck including allowing for appropriate rest stops, adequate sleep between shifts, and adequate pre-inspection before operating said box truck on September 9, 2016.

42. At all times relevant hereto, the Defendants knew or should have known the following about the Defendant Elsbury and his driver history:

(a) Defendant Elsbury pled guilty to operating a vehicle without a valid inspection on July 18, 2016;

(b) Defendant Elsbury pled guilty to failure to use a seat belt on July 18, 2016;

(c) Defendant Elsbury pled guilty to failure to obey traffic control devices on March 15, 2016; and

(d) Defendant Elsbury pled guilty to failure to obey traffic control devices on August 7, 2014.

43. At all times relevant hereto, the Defendants should have known of the box truck's maintenance history and/or inspection history and/or operation history which would have shown that this box truck was not safe for operation on any public state highways.

44. On or about September 9, 2016, Defendant Elsbury was operating the above described box truck on Interstate 79 northbound with goods of the Sears Defendant.

45. At all times relevant hereto, the Sears, Roebuck and Company determined, directed, ordered, controlled and/or instructed the Liberty Defendants and Defendant Elsbury as to how, when, where and what was to be delivered to the Sears, Roebuck and Company clients/customers.

46. On September 9, 2017, Defendant Elsbury operated the above described box truck in the following manner:

| | | |
|---|---|---|
| (a) | 0911 hours - | Speeding – 75.9 mph – Interstate 79 Morgantown |
| (b) | 0915 hours - | Speeding – 80.9 mph – Interstate 79 Morgantown |
| (c) | 0930 hours - | Speeding – 78.6 mph – Interstate 79 Fairmount |
| (d) | 0938 hours - | Watch Moving – 78.9 mph – Interstate 79 Fairmount |
| (e) | 0948 hours - | Speeding – 75.7 mph – Interstate 79 Bridgeport |
| (f) | 0951 hours - | Speeding – 78.2 mph – Interstate 79 Clarksburg |
| (g) | 1001 hours - | Speeding – 77.2 mph – Interstate 79 Lost Creek |
| (h) | 1307 hours - | Hard braking – 16.3 mph – Copley Road Weston |
| (i) | 1313 hours - | Hard cornering – 33 mph – Copley Road Weston |
| (j) | 1319 hours - | Hard cornering – 37.2 mph – Copley Road Weston |
| (k) | 1457 hours - | Hard cornering – 26.2 mph – Sand Fork Glenville |
| (l) | 1473 hours - | Hard cornering – 28.9 mph – Smith Run Weston |

47. On or about September 9, 2016, Defendant Elsbury was traveling northbound on State Route 79 in Harrison County, West Virginia and at all times relevant hereto was within his scope of the employment and/or contract with the Defendants Liberty Transport.

16

48. At all times relevant hereto, Defendant Elsbury was required to adhere to the logistics/plans of the Sears, Roebuck and Company and the Liberty Defendants.

49. On September 9, 2016, Defendant Elsbury did not have sufficient time to make all of the deliveries to the specifications required by the Sears, Roebuck and Company and Liberty Defendants.

50. At all times relevant hereto, the Decedent Rhoda Malone was operating her minivan in a southbound direction with five (5) passengers who were all going to a church event located in West Virginia.

51. Suddenly and without warning, Defendant Elsbury left his lane of travel on I-79 northbound in Harrison County, West Virginia, crossed the median and entered the lane of the minivan operated by the Decedent Rhoda Malone and violently struck the minivan which causing injuries to Rhianna Browell.

52. At all times relevant hereto, Defendant Elsbury acted negligently and recklessly resulting in the accident set forth herein.

53. After the accident, which is the subject matter of this Complaint in Civil Action, Defendant Elsbury stated the following to the police:

Driver 1 state he was traveling northbound and he said his father asked him what the clicking noise was. Driver 1 state at that time he went into the left lane and he could not control the vehicle. Driver 1 state he was attempting to roll the vehicle onto its side but vehicle 1 crossed the median and struck vehicle 2 traveling southbound on I-79. Driver 1 state he believed something broke in front end causing him to swerve to the left.

54. In the alternative, the above statement from Defendant Elsbury indicated that the collision was wholly or partially due to a defect of the box truck and/or a failure to maintain/inspect/repair properly by the Liberty Defendants, Hunter Leasing Defendants and/or Ideal lease Defendants and causing the steering of the box truck to

fail and Defendant Elsbury to lose control of the vehicle resulting in a violent

collision with the minivan in which Rhianna L. Browell was a passenger.

55. In the alternative, David Elsbury, Jr., indicated that the collision was whole or partly

due to a defect in the box truck arising from defective design and manufacturer of

said truck and specifically including the steering mechanism of said truck arising

from defects of design and manufacture by Defendant-Navistar, Inc., and R.H.

Sheppard Co., at which caused a malfunction in the box truck causing the steering to

fail and the Defendant Elsbury to lose control of the vehicle and resulting in the

violent collision with the mini-van in which the Plaintiffs were riding.

56. At all times relevant hereto, the maintenance performed on the box truck was by the

Hunter Leasing and/or Idealease Defendants through their employees, agents and/or

contractors, specifically including, but not limited to Happy Wheels Auto and

Collison, Inc., d/b/a Happy Wheels Body Shop and Happy Wheels Body Shop.

57. On September 9, 2016, the Plaintiff, Rhianna Browell was injured physically,

mentally, and emotionally at the time of the accident with the primary cause of her

injuries from the motor vehicle collision.

58. Prior to this incident, Defendants John Does 1 through 5 negligently, recklessly

and/or are strictly liable for the damage or defect to this box truck which made it

unreasonably dangerous to operate due to a defect which caused the collision on

September 9, 2016.

59. At no time did the employees, agents or representatives of Defendants John Does 1

through 5 warn and advise the co-Defendants and/or the public of the defective nature

of the product which caused this collision.

60. Prior to this incident, Defendants John Does 6 through 10 manufactured, designed, and/or failed to warn the public of a defective part and/or parts in the box truck which caused the accident identified herein.

## COUNT I – NEGLIGENCE

### Plaintiffs v. Defendant Elsbury

61. Paragraphs 1 through 60, above, are incorporated by reference herein as though more fully set forth hereinafter.

62. All of the injuries and damages hereinafter set forth were the direct and proximate result of the carelessness, recklessness and negligence of the defendant driver, Defendant Elsbury, generally and in the following particulars:

(a) In operating the box truck in a dangerous and reckless speed under the circumstances;

(b) In failing to have the box truck under proper control;

(c) In operating the box truck in such a manner that it crossed the median and entered oncoming traffic on Interstate 79 at the time and place of the accident;

(d) In operating the box truck in the incorrect direction for travel on Interstate 79 at the time and place herein;

(e) In failing to perform an adequate pre-operation inspection;

(f) In failing to adequately monitor the operation and performance of the box truck while driving;

(g) In failing to perform adequate rest stops during the course of his work day.

(h) In failing to allow for and obtain adequate sleep and/or rest between shifts of operating the vehicle.

(i) In causing the box truck to approach and collide with northbound vehicles on Interstate 79 at the time and place identified herein;

(j)  In failing to provide adequate signal and notice of the operation and intent to operate the box truck in the incorrect direction on Interstate 79 at the time and place identified herein;

(k)  In failing to adequately signal or sound the horn to give warning to approaching vehicles of his direction of travel at the time and place identified herein;

(l)  In operating the box truck in such a fashion so as to cause and require Defendant Malone to apply her brakes in an emergency fashion and attempt to avoid impact thereby creating an unreasonably dangerous situation based on the circumstances then and there existing;

(m) In operating the box truck in such a fashion so as to cause the same to collide with the vehicle of Defendant Malone at the time and place identified herein;

(n)  In failing to observe the care and caution required under the circumstances then and there existing on September 9, 2016;

(o)  In violating various Statutes both State and Federal, specifically including Federal Motor Vehicles, Statutes, and Codes, as well as, Municipal Ordinances pertaining to the operation of motor vehicles on public thoroughfares under the circumstances then and there existing on September 9, 2016; and

(p)  Being inattentive and in failing to maintain a sharp lookout of the road, his vehicle and the condition of traffic surrounding the defendant driver, Defendant Elsbury.

63. The defendant driver, Defendant Elsbury, was negligent and reckless because he breached his duties to Rhianna Browell to drive the box truck in a safe and reasonable manner under the circumstances.

64. Further, defendant driver, Defendant Elsbury's, conduct demonstrated a conscious disregard of the known risks to Rhianna Browell and to the rest of the public by operating his box truck in the manner stated.

65. The direct and proximate result of the defendant driver, Defendant Elsbury's, negligence and recklessness, was the injuries and losses sustained by Rhianna L. Browell and her parent Felicia Browell.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of

Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and

severally, for an amount to fairly and adequately compensate the Estate for its losses,

injuries, punitive damages to deter such future conduct by the Defendants named herein,

for attorneys' fees and for costs incurred, interest, and for such other further relief as this

Court deems just and proper.

## COUNT II – NEGLIGENCE PER SE
### Plaintiffs v. Defendant Elsbury

66. Paragraphs 1 through 65, above, are incorporated by reference herein as though more

    fully set forth hereinafter.

67. Defendant Elsbury, violated various laws of West Virginia, Federal Codes and

    Federal Motor Vehicle Statutes relating to the operation and maintenance of the

    vehicle by, among other things, operated his box truck in an unsafe condition; driving

    at a speed that was too fast for the conditions; failed to maintain his lane of travel;

    failed to perform the necessary inspections; failed to obtain and receive appropriate

    periods of sleep to avoid exhaustion, failure to take appropriate breaks during the

    work day to avoid exhaustion and otherwise failed to comply with the laws of the

    State of West Virginia and Federal Statutes and Codes.

68. As a direct and proximate result of the defendant driver, Defendant Elsbury's,

    violations of state and federal statutes and regulations, the Plaintiffs sustained the

    damages described in causes of action herein.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of

Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly

and severally, for an amount to fairly and adequately compensate for the losses,

injuries, punitive damages to deter such future conduct by the Defendants named

herein, for attorneys' fees and for costs incurred, interest, and for such other further

relief as this Court deems just and proper.

**COUNT III – VICARIOUS LIABILITY**
**Plaintiffs v. Defendants**

69. Paragraphs 1 through 68, above, are incorporated by reference herein as though more

    fully set forth hereinafter.

70. At all relevant times, the defendant driver, Defendant Elsbury, was working for the

    Liberty Defendants agent, employee, servant, and/or independent contractor and was

    acting within the course and scope of his employment, under the direct control of the

    Liberty Defendants.

71. Accordingly, the Liberty Defendants are vicariously liable for the Defendant

    Elsbury's aforesaid negligence and conduct and all damages proximately caused by

    such negligence and conduct.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of

Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and

severally, for an amount to fairly and adequately compensate for the losses, injuries,

punitive damages to deter such future conduct by the Defendants named herein, for

attorneys' fees and for costs incurred, interest, and for such other further relief as this

Court deems just and proper.

**COUNT IV – NEGLIGENCE**
**Plaintiffs v. Liberty Defendants and Defendant Elsbury**

72. Paragraphs 1 through 71, above, are incorporated by reference herein as though more

    fully set forth hereinafter.

73. The Liberty Defendants had a duty to act reasonably in hiring, contracting, employing, supervising and retaining Defendant Elsbury and failing to adopt and enforce policies, procedures and rules to ensure that its vehicles were maintained property and that its drivers were competent, adequately trained and operated vehicles appropriately.

74. The Liberty Defendants conduct demonstrated a conscious disregard of the known risks to the Rhianna Browell, Plaintiff and to the public.

75. The Liberty Defendants breached its aforementioned duties and those breaches directly and proximately caused the damages described in this Complaint in Civil Action.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate for the losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT V – NEGLIGENCE PER SE
### Plaintiffs v. Liberty Defendants and Defendant Elsbury

76. Paragraphs 1 through 75, above, are incorporated by reference herein as though more fully set forth hereinafter.

77. The Liberty Defendants violated and caused, or permitted, Defendant Elsbury to violate various statues and regulations.

78. As a direct and proximate result of the Liberty Defendants violations of various

statutes and regulations, designed to protect the public people, the Plaintiffs and

Rhianna Browell, sustained damages more fully set forth in this Complaint in Civil

Action.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of

Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and

severally, for an amount to fairly and adequately compensate for the losses, injuries,

punitive damages to deter such future conduct by the Defendants named herein, for

attorneys' fees and for costs incurred, interest, and for such other further relief as this

Court deems just and proper.

## COUNT VI – VICARIOUS LIABILITY
### Plaintiffs v. Idealease Defendants and Hunter Leasing

79. Paragraphs 1 through 78, above, are incorporated by reference herein as though more

fully set forth hereinafter.

80. At all relevant times, Defendant Elsbury was a contractor, agent, employee, or servant

of Hunter Leasing and/or Idealease Defendant and was acting within the course and

scope of his employment and/or contract under the direct control of the Idealease

Defendants and Hunter Leasing.

81. Accordingly, Idealease Defendants and Hunter Leasing, are vicariously liable for the

Defendant Elsbury's aforementioned negligence and for any damages proximately

caused by such conduct.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of

Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and

severally, for an amount to fairly and adequately compensate for the losses, injuries,

punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT VII – NEGLIGENCE

### Plaintiffs v. Idealease Defendants and Hunter Leasing

82. Paragraphs 1 through 81, above, are incorporated by reference herein as though more fully set forth hereinafter.

83. Idealease Defendants and Hunter Leasing had a duty to act reasonably in contracting, hiring, training, supervising and retaining the person and/or entities responsible for the maintenance of the box truck, inspections and/or any other actions to ensure that the vehicle being leased was safe and operational for public driving.

84. Idealease Defendants and Hunter Leasing had a duty to reasonably inspect, maintain and/or provide trucks that were safe, operational, and in conformance with the laws applicable to driving upon public roadways and to adopt and enforce policies, procedures and rules to ensure that its contractors, employees, agents and/or servants acted in a manner that reasonably assured that its vehicle(s) were safe and operational as advertised, properly maintained, safely and inspected.

85. Idealease Defendants and Hunter Leasing had a duty to warn Defendants Liberty and or Defendant Elsbury, and the public, that its truck was not in good working order and that it would not be safe for operation on any public highway.

86. Idealease Defendants and Hunter Leasing demonstrated a conscious disregard of the known risks to the Plaintiffs and the public.

87. Idealease Defendants and Hunter Leasing negligently and recklessly breached its

    duties to the Plaintiffs and public, the beaches directly and proximately caused the

    damages described in this cause of action.

    WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of

Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and

severally, for an amount to fairly and adequately compensate for the losses, injuries,

punitive damages to deter such future conduct by the Defendants named herein, for

attorneys' fees and for costs incurred, interest, and for such other further relief as this

Court deems just and proper.

## VIII – NEGLIGENCE PER SE
### Plaintiffs v. Idealease Defendants and Hunter Leasing

88. Paragraphs 1 through 87, above, are incorporated by reference herein as though more

    fully set forth hereinafter.

89. Idealease Defendants and Hunter Leasing violated, permitted and encouraged

    defendant driver, Defendant Elsbury, to violate various laws and regulations.

90. As a direct and proximate result of the Idealease Defendants' and Hunter Leasing

    negligent and reckless violations of these various laws and regulations, the Plaintiffs

    suffered the damages described in causes of action above and below.

    WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of

Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and

severally, for an amount to fairly and adequately compensate for the losses, injuries,

punitive damages to deter such future conduct by the Defendants named herein, for

attorneys' fees and for costs incurred, interest, and for such other further relief as this
Court deems just and proper.

## IX – VICARIOUS LIABILITY

### Plaintiffs v. Sears, Roebuck and Company Defendant

91. Paragraphs 1 through 90, above, are incorporated by reference herein as though more
fully set forth hereinafter.

92. At all relevant times, the Sears, Roebuck and Company Defendant was the agent,
contractor, employer, statutory employer, or otherwise responsible for the acts other
Defendants.

93. Accordingly, the Sears, Roebuck and Company Defendant is vicariously liable for the
Defendants' aforementioned negligence and any damages proximately caused said
negligence and conduct.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of
Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and
severally, for an amount to fairly and adequately compensate for the losses, injuries,
punitive damages to deter such future conduct by the Defendants named herein, for
attorneys' fees and for costs incurred, interest, and for such other further relief as this
Court deems just and proper.

## X – NEGLIGENCE

### Plaintiffs v. Sears, Roebuck and Company Defendant

94. Paragraphs 1 through 93, above, are incorporated by reference herein as though more
fully set forth hereinafter.

27

95. The Sears, Roebuck and Company Defendant had a duty to act reasonably in contracting for delivery and in advising in the hiring and retaining the defendant driver, Defendant Elsbury, and to adopt and enforce policies, procedures and rules to ensure that the Defendants Liberty, its agents, employees and subcontractors had the experience, training and knowledge to safely operate the box truck which is the subject matter of this Complaint in Civil Action.

96. The Sears, Roebuck and Company Defendant conduct demonstrated a conscious disregard of the known risks to the Plaintiffs and the public.

97. The Sears, Roebuck and Company Defendant negligently and recklessly breached the duties described above, which directly and proximately caused the damages described in this Complaint in Civil Action.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate for the losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## XI – NEGLIGENCE PER SE

### Plaintiffs v. Sears, Roebuck and Company Defendant

98. Paragraphs 1 through 97, above, are incorporated by reference herein as though more fully set forth hereinafter.

99. The Sears, Roebuck and Company Defendant knew or should have known that the defendant driver, Defendant Elsbury, violated state statutes and regulations, permitted, encouraged and was complicit in these violations.

100.    As a direct and proximate result of the Sears, Roebuck and Company Defendant negligent and reckless, conduct including requiring excessive drive time, requiring the number and distance of deliveries, which the Defendant knew or should of known, could not be performed while complying with state and federal regulation involving maximum drive time and rest stops, Sears, thereby,  violated various state and federal statutes and regulations and participated with the Liberty Defendants violating State and Federal statutes and regulations, the Plaintiffs suffered the damages described in causes of action above and below.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate for the losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT XII – NEGLIGENCE
### Plaintiffs v. Defendant Malone

101.    Paragraphs 1 through 100, above, are incorporated by reference herein as though more fully set forth hereinafter.

102.    At all times relevant hereto, the Defendant Malone was the operator of the van in which Rhianna Browell was a passenger.

103.    At all times relevant hereto, the Defendant Malone had a duty to observe and avoid the vehicle driven by Defendant Elsbury.  Failure to timely observe and avoid the box truck constitutes negligence and is a proximate cause resulting in damage to the Plaintiffs as more fully set forth herein.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate for the losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT XIII

### Plaintiffs v. Defendant Navistar, Inc.

104.    Paragraphs 1 through 103, above, are incorporated by reference herein as though more fully set forth hereinafter.

105.    The Plaintiff herein alleges that the 2011 International Durastar, involved in the accident which is the subject of this Complaint was engineered, manufactured, and sold by Navistar, Inc., in a condition which directly caused the injury to the Plaintiff herein. The box truck was detective when manufactured and sold. The Defendant-Navistar, Inc., was negligent in its design and manufacturer resulting injury to the Plaintiff. The Defendant had a duty to design and manufacture the box truck to be safe for its intended use. The Defendant, breached that duty resulting in an injury to the Plaintiff.

106.    Navistar, Inc., designed and manufactured the defective box truck, which said defects were the proximate cause of the injuries to the Plaintiff as set forth hereinafter.

The box truck was defective when it left the Defendants possession and said defect was the proximate cause of the injuries to the Plaintiff.

107. The Defendant-Navistar, Inc., failed to provide adequate warning of the defective condition of the box truck.

108. The Defendant-Navistar, Inc., failed to engineer and design the box truck to be reasonably safe for its intended use.

109. The Defendant-Navistar, Inc., failed to engineer and design the box truck in accordance with reasonable engineering and manufacturing and/or within the state of the art existing at that time.

110. The Defendant-Navistar, Inc., breached its warranties of good and merchantable quality; that it was fit for use in the trucking business, that it was reasonably safe; that it was made of good and merchantable materials, that it was properly assembled, inspected and tested.

111. The Defendant, Navistar, Inc., manufactured a defective box truck which caused injury to the Plaintiffs herein as a result of a manufacturing and/or design defect.

112. As a result of this failure to warn, the vehicle was used in a manner causing injuries to the Plaintiffs as more fully set forth herein.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate for the losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

31

## COUNT IV

### Plaintiff v. R.H. Sheppard Company, Inc.

113.    Paragraphs 1 through 112, above, are incorporated by reference herein as though more fully set forth hereinafter.

114.    The Plaintiff herein alleges in the alternative that a steering mechanism caused the box truck to be involved in the accident forming the underlined basis of this claim. The steering mechanism was engineered, manufactured, and sold by R.H. Sheppard, Co., in a condition which directly caused the injury to the Plaintiff. The steering mechanism was defected when manufactured and sold. The Defendant-R.H. Sheppard, Co., was negligent in its design and manufacturer of the vehicle resulting injury to the Plaintiff. The Defendant had a duty to design and manufacture the steering mechanism to be safe for its intended use. The Defendant, breached that duty resulting in an injury to the Plaintiff.

115.    R.H. Sheppard, Co., designed and manufactured the defective steering mechanism, which said defects were the proximate cause of the injuries to the Plaintiff as set forth hereinafter. The steering mechanism was defective when it left the Defendants possession and said defect was the proximate cause of the injuries to the Plaintiff herein as more fully set forth hereinafter.

116.    The Defendant-R.H. Sheppard, Co., failed to provide adequate warning of the defective condition of the steering mechanism.

117.    The Defendant-R.H. Sheppard, Co, failed to engineer and design the steering mechanism to be reasonably safe for its intended use.

118.    The Defendant-R.H. Sheppard, Co., failed to engineer and design the steering mechanism in accordance with reasonable engineering and manufacturing standards.

119.    The Defendant-R.H. Sheppard, Co, failed to engineer and design the steering mechanism in conformity with the state of the art existing at the time of this manufacturing design.

120.    The Defendant, R.H. Sheppard, Co, manufactured a defective steering mechanism which caused injury to the Plaintiff herein as a result of a manufacturing and/or design defect.

121.    The Defendant, R.H. Sheppard, Co., failed to adequately warn the defects existing at the time of the manufacturer of the box steering mechanism in question.

122.    As a result of the failures and negligence aforesaid, the steering mechanism was used in a manner causing injuries to the Plaintiff as more fully set forth herein.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate for the losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT XV

### Plaintiff v. Happy Wheels Auto and Truck Collision, Inc., d/b/a Happy Wheels Body Shop and/or Happy Wheels Body Shop

123.    Paragraphs 1 through 122, above, are incorporated by reference herein as though more fully set forth hereinafter.

124.    The Defendant-Happy Wheels Auto and Truck Collison, Inc., d/b/a Happy

Wheels Body Shop and/or Happy Wheels Body Shop (hereinafter "Happy Wheels")

performed maintenance on the box truck which is the vehicle involved in the accident

forming the underlined basis for the Plaintiffs Complaint. In performing said

maintenance, Happy Wheels failed to exercise reasonable, ordinary care, which a

reasonable prudent person or enterprise would have exercised under the same or

similar circumstances. As a result of the failure to exercise said reasonable, ordinary

care, the Plaintiff herein were injured as a result of the auto accident which forms the

basis of this Complaint.

125.    In performing maintenance and repair of the box truck, Happy Wheels owed a

duty to the Plaintiff to perform such maintenance and repair in a reasonable fashion;

consistent with the maintenance standard of the industry. As a result of the acts and

omissions of Happy Wheels, the Plaintiff herein suffered an injury which was the

direct and proximate result of the lack of ordinary care and/or negligence of the

Defendant-Happy Wheels and was the proximate cause of the injuries set forth

hereinafter.

126.    Happy Wheels in performing maintenance and/or repair on the box truck was

negligent causing injury to the Plaintiff as follows:

    a.    In failing to adequately inspect and insure that the maintenance performed on

        the box truck caused the vehicle to be safe for the intended use in accordance

        with reasonable and prudent maintenance standards existing at the time of the

        work done by Happy Wheels; and

b. Failure to ensure that the steering mechanism on the box truck would perform in such a manner as to prevent a failure of steering.

c. Failed to adequately repair the box truck such that the box truck including but not limited to the steering system was in a defective condition, unreasonably dangerous to the Plaintiff.

d. In failing to use due care to repair test and inspect the steering system of the box truck or its durability and functionality for the purpose for which it was intended.

127. The Defendant-Happy Wheels negligently and recklessly breached its duties as owed to the Plaintiff proximately causing the damages described more fully in this Complaint.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate for the losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT XVI

### Plaintiff v. H.D.H. Group, Inc.

128. Paragraphs 1 through 127, above, are incorporated by reference herein as though more fully set forth hereinafter.

129. At all material times, Defendant-H.D.H. Group, Inc., rendered services and/or consultation as insurance broker and in the areas of:

a. Safety consultation, management, and troubleshooting; and/or

b. Risk control and risk control operations.

130. Defendant-H.D.H. Group, Inc., provided such safety consultation, management, and troubleshooting, and/or risk control and risk control operations to the Liberty-Defendants before and after the subject accident.

131. Defendant-H.D.H. Group, Inc.:

a. Counseled with Liberty-Defendants on driving competency, driver fitness and/or unfitness and/or driver hours of service;

b. Counseled Liberty-Defendants and should have known of the defendant's history, pattern and/or practice of hiring drivers; and

    i. Hiring drivers of limited/questionable competency;

    ii. Hiring unfit drivers and/or drivers of limited/questionable fitness and/or;

    iii. Exceeding allowable hours of service;

c. Failed to improve and/or require improvement entirely.

d. Failed to adequately counsel the Liberty-Defendants in the areas of operations, effective documentation, US DOT compliance, FMCSR compliance.

e. Failed to adequately counsel the Liberty-Defendants on US DOT safety compliance reviews.

132. The Defendant-H.D.H. Group, Inc., in providing services to the Liberty Defendants, facilitated in and enabled the Liberty-Defendants to operated commercial vehicles, including commercial trucks, providing safety, management and consulting

services which facilitated the trucking operations of the Liberty-Defendants sufficient to enable Liberty-Defendant to operate the vehicle which was involved in the Plaintiffs Complaint set forth herein and facilitated and enabled Liberty-Defendants to use unfit drivers, agents, employees, specifically including Defendant Elsbury, as more fully set forth in Complaint.

133.    The Defendant, H.D.H. Group, Inc., negligently, carelessly, recklessly, and outrageously:

    a.    Aided, abetted, encouraged, permitted, and/or required violations of the FMCSR by the Liberty-Defendants, 49 C.F.R. §390; and/or

    b.    Undertook to render services to the Liberty-Defendants that Defendant-H.D.H. Group, Inc., knew or should have known unreasonably exposed others to risk; and/or

    c.    Performed safety consultation and/or risk control services and advisory services to/and for the Liberty-Defendants which the Defendant-H.D.H. Group, Inc., failed to adequately or reasonably perform.

134.    The Defendant-H.D.H. Group, Inc., owed a duty to the Plaintiffs and the general public to counsel, inform and direct duty of Liberty-Defendants to facilitate and cause Liberty-Defendants to comply with applicable laws and to conduct operations in a manner which did not cause injury to the general public and to the Plaintiffs in particular.

135.    As a direct and proximate result of such negligence, carelessness, recklessness, and/or outrageousness, Plaintiffs have suffered those injuries and damages, as set forth more fully thorough out this Complaint.

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of

Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and

severally, for an amount to fairly and adequately compensate for the losses, injuries,

punitive damages to deter such future conduct by the Defendants named herein, for

attorneys' fees and for costs incurred, interest, and for such other further relief as this

Court deems just and proper.

## DAMAGES

136.    The Plaintiff reiterates and realleges the facts and allegations set forth in the

previous paragraphs 1 through 135.

137.    As a direct and proximate result of the above referenced negligence and/or

recklessness of all of the Defendants, the Plaintiff, Rhianna L. Browell, from the time

of recognition of the approaching box truck, through the time of her injuries and to

the current day suffered great physical and mental pain, shock, terror and agony.

138.    As a direct and proximate result of the above referenced negligence and/or

recklessness of all the Defendants the Plaintiffs seek to recover those damages

available pursuant to West Virginia Code § 55-7-5 and 55-7-6, which include, but are

not limited to, damages for:

(a) Pain and suffering, sorrow, mental anguish and solace, companionship, comfort

and kindly offices of the Plaintiff, Rhianna L. Browell;

(b) The services, care and assistance provided by the Plaintiff, Rhianna L. Browell;

(c) Expenses for the care, and treatment of the Plaintiff Rhianna L. Browell,
including expenses of the Plaintiff for the injuries she suffered;

WHEREFORE, Plaintiffs, Felicia Browell, Parent and Natural Guardian of

Rhianna Browell, a minor, prays for judgment against all of the Defendants, jointly and

severally, for an amount to fairly and adequately compensate these Defendants for their

injuries, suffering, losses, punitive damages to deter such future conduct by the

Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such

other further relief as this Court deems just and proper.

### JURY TRIAL DEMANDED

Respectfully submitted,

JOHN T. HOFRICHTER & ASSOCIATES

DATE: _September 4 2018_

John T. Hofrichter, Esquire
144 North Main Street
Washington, PA  15301
(724) 222-7362
WVA I.D. No. 4802

## VERIFICATION

I, **Felicia Browell, Parent and Natural Guardian of Rhianna Browell, a minor** hereby verify that the facts and statements contained in the foregoing **Amended Complaint**, are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties relating to unsworn falsification to authorities which provides that if I knowingly make false statements I may be subject to criminal penalties.

Felicia Browell, Parent and Natural Guardian
of Rhianna Browell, a minor

Dated: _____9-4-18_____