Hearing Date and Time: December 20, 2018 at 10:00 a.m. (Eastern Time)
Objection Date and Time: December 13, 2018 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    **Chapter 11**
                                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :    **Case No. 18-23538 (RDD)**
                                                            :
Debtors.[1]                                                 :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

# NOTICE OF HEARING ON MOTION OF
# DEBTORS FOR ENTRY OF ORDER ENLARGING TIME
# WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for enlargement of the time within which the Debtors may file notices of removal of civil actions and proceedings to which the Debtors are or may be parties, all as more fully set forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **December 20, 2018 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be so filed and received no later than **December 13, 2018 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: December 5, 2018
      New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

Hearing Date and Time: December 20, 2018 at 10:00 a.m. (Eastern Time)
Objection Date and Time: December 13, 2018 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                              :          Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,              :          Case No. 18-23538 (RDD)
:
Debtors.[1]                                        :          (Jointly Administered)
:
------------------------------------------------------------x

## MOTION OF DEBTORS FOR ENTRY OF ORDER ENLARGING TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).

**Jurisdiction**

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6.    By this Motion, pursuant to Bankruptcy Rules 9006(b) and 9027(a) and Rule 9006-2 of the Local Bankruptcy Rules of the Southern District of New York (the "**Local Rules**"), the Debtors request an extension of time for the Debtors to file notices of removal (the "**Removal Period**") of the civil actions and proceedings in state and federal courts to which the Debtors are parties (the "**Civil Actions**") from January 14, 2019 until the date an order is entered confirming a chapter 11 plan in the Debtors' chapter 11 cases.  The Debtors are aware of thousands of litigation claims pending in a variety of courts as of the Commencement Date.

7.    A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A** (the "**Proposed Order**").

**Basis for Relief**

8.    Section 1452 of title 28 of the United State Code provides for the removal of actions related to bankruptcy cases and provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

3

9.     Bankruptcy Rule 9027 sets forth the time periods for the filing of notices to remove claims or causes of action and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

10.    Accordingly, the time within which the Debtors must file motions to remove any pending prepetition Civil Actions is currently set to expire on January 14, 2019.

11.    Bankruptcy Rule 9006, however, permits the Court to enlarge the Removal Period and provides, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

*Id.* 9006(b)(1).

12.    It is well established that, pursuant to Bankruptcy Rule 9006(b)(1), this Court has authority to enlarge the removal period under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (indicating that Bankruptcy Rule 9006(b) permits enlargement of time to remove state court actions "if the request therefor is made before the expiration of the period originally prescribed"); *see also Pioneer Inv. Servs. Co. v. Brunswick*

4

*Assocs. Ltd. P'ship*, 507 U.S. 380, 382 (1993) ("[Bankruptcy] Rule 9006 is a general rule governing the computation, enlargement, and reduction of periods of time prescribed in other bankruptcy rules."); *In re Piesner*, 130 B.R. 399, 400-01 (Bankr. E.D.N.Y. 1991) ("Bankruptcy Rule 9006, dealing generally with time periods, permits the Court to enlarge the time before the expiration of a specified period if a motion is made before the expiration of the original period . . . ."); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding that Supreme Court intended to give bankruptcy judges power to enlarge filing period set forth in Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

13. In fact, courts in this district have granted similar extensions of the removal period in other large chapter 11 cases. *See, e.g.*, *In re Tops Holding II Corp., et al.*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. May 10, 2018) (ECF No. 355) (extending the debtors' removal deadline through the date an order is entered confirming a chapter 11 plan); *In re 21st Century Oncology Holdings, Inc., et al.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. Sept. 6, 2017) (ECF No. 393) (extending the debtors' removal deadline through the earlier of six months, confirmation of a plan of reorganization, and thirty days following entry of an order terminating the automatic stay with respect to a particular action sought to be removed); *In re Westinghouse Elec. Co. LLC, et al.*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Jul. 25, 2017) (ECF No. 993) (extending the debtors' removal deadline through the date an order is entered confirming a chapter 11 plan); *In re The Great Atlantic & Pacific Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Oct. 2, 2015) (ECF No. 1138) (extending the debtors' removal deadline through the date an order is entered confirming a chapter 11 plan); *In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Jan. 27, 2012) (ECF No. 882) (extending the debtors' removal deadline through the date an order is entered confirming a chapter 11 plan).

**Relief Requested Should Be Granted**

14.     The facts and circumstances of these chapter 11 cases justify an extension of the Removal Period.  Since the Commencement Date, the Debtors' resources have been divided between the day-to-day demands of operating their businesses and those that have arisen in the course of these proceedings.  Specifically, the Debtors and their employees have been working on a number of time-consuming tasks related to these chapter 11 cases, including, stabilizing their business operations; engaging with the Debtors' various creditor constituencies; negotiating and funding debtor in possession financing; obtaining approval of various sale procedures; engaging in a systematic review of each of the Debtors' stores and analyzing their profitability; preparing their schedules of assets and liabilities and statements of financial affairs; responding to motions; addressing numerous matters raised by vendors, utility providers, and other parties in interest; and working with the Office of the United States Trustee to provide requested financial information and to comply with the reporting requirements under the Bankruptcy Code.  As a result, the Debtors have not had an opportunity to fully examine all of the Civil Actions to determine the feasibility or benefit of removing each case.

15.     The Debtors are continuing to review their records to determine whether it would benefit their estates to remove any of the Civil Actions.  As noted above, as of the Commencement Date, the Debtors are party to thousands of pending Civil Actions.  The Debtors require additional time to consider whether to file notices of removal of the Civil Actions because the Debtors' key personnel must assess these numerous lawsuits while concurrently administering these complex chapter 11 cases.

16.     The Debtors believe that the extension requested will provide sufficient additional time for them to consider, and decide upon, removal of the Civil Actions.  Absent the requested relief, the Debtors will not have sufficient time to consider removal of the Civil

6

Actions. Based on the foregoing, the Debtors submit that there exists sufficient cause to grant the relief requested in this Motion.

**Notice**

17. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"). The Debtors respectfully submit that no further notice is required.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: December 5, 2018
      New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

# Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, *et al.*,                       :    Case No. 18-23538 (RDD)
                                                            :
        Debtors.[1]                                         :    (Jointly Administered)
                                                            :
-----------------------------------------------------------------x

### ORDER ENLARGING TIME WITHIN WHICH TO
### FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS

Upon the motion, dated [__] (ECF No. [__]) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to Bankruptcy Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") for entry of an order (i) enlarging the time within which to file notices of removal (the "**Removal Period**")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

of civil actions and of related proceedings to which the Debtors are parties (the "**Civil Actions**"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on [December 20], 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The time period provided by Bankruptcy Rule 9027 within which the Debtors may file notices of removal of the Civil Actions is extended until the date an order is entered confirming a chapter 11 plan in the Debtors' chapter 11 cases.

3. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2018
      White Plains, New York

 

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE