AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**CERTIFICATE OF NO OBJECTION REGARDING MOTION
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
SEARS HOLDINGS CORPORATION, ET AL. FOR ORDER CLARIFYING
THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR
PRIVILEGED INFORMATION AND APPROVING A PROTOCOL
<u>REGARDING CREDITOR REQUESTS FOR INFORMATION</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pursuant to 28 U.S.C. § 1746 and rule 9075-2 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405], entered on November 1, 2018 (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1. On October 15, 2018 (the "Petition Date") and continuing thereafter, each of the Debtors filed a voluntary petition for relief pursuant to title 11 of the United States Code (the "Bankruptcy Code").

2. On October 24, 2018, pursuant to Bankruptcy Code section 1102, the United States Trustee for the Southern District of New York appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") [ECF No. 276].[2] On November 27, 2018, the Creditors' Committee filed the *Motion of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al., for Entry of an Order Clarifying the Requirement to Provide Access to Confidential or Privileged Information and Approving a Protocol Regarding Creditor Requests for Information* [ECF No. 898] (the "Motion").

3. The Creditors' Committee served the Motion and proposed order (the "Proposed Order") on November 27, 2018 [ECF No. 899].

4. The deadline for parties to object or file responses to the Motion was December 4, 2018, at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline"). Local Rule 9075-2

---

[2] The Creditors' Committee currently comprises: (i) Apex Tool Group, LLC; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A., as indenture trustee; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group L.P.; (vii) The Bank of New York Mellon Trust Company, N.A., as indenture trustee; (viii) Basil Vasiliou; and (ix) Winiadaewoo Electronics America, Inc.

provides that a motion or application may be granted without a hearing, provided that no objections or the responsive pleadings have been filed prior to 48 hours after the passage of the objection deadline and the attorney for the entity who filed the pleadings complies with certain procedural and notice requirements. Similarly, the Amended Case Management Order provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

5. The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading or request for a hearing with respect to the Motion has been (a) filed with the Court or (b) served on counsel to the Creditors' Committee. Accordingly, the Creditors' Committee respectfully request that the proposed order granting the relief requested in the Motion, annexed hereto as **Exhibit A**, be entered in accordance with Local Rule 9075-2 and the Amended Case Management Order.

I declare the foregoing is true and correct.

| | |
|---|---|
| New York, New York<br>Dated: December 6, 2018 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/ *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re** | : | Chapter 11 |
|  | : |  |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | Case No. 18-23538 (RDD) |
|  | : |  |
| **Debtors.**[1] | : | (Jointly Administered) |
|  | : |  |

**ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION**

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) and (B) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") clarifying the requirements of the Creditors' Committee to provide access to confidential or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

privileged information to creditors and approving a protocol regarding the same; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The relief requested in the Motion is granted, effective *nunc pro tunc* to the Committee Formation Date, as set forth herein.

2. The Creditors' Committee shall implement the following protocol for providing access to information for creditors (the "Creditor Information Protocol") in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B):

    a. Privileged and Confidential Information: The Creditors' Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Information or (ii) any Privileged Information. In addition, the Creditors' Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the

satisfaction of the Creditors' Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

b. <u>Information Obtained Through Discovery</u>: Any information received (formally or informally) by the Creditors' Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order governing such discovery.  The Creditors' Committee shall not be obligated to provide any information the Creditors' Committee obtains from third parties.

c. <u>Creditor Information Requests</u>: If a creditor (a "<u>Requesting Creditor</u>") submits a written request to the Creditors' Committee or the Committee Professionals for the Creditors' Committee to disclose information (an "<u>Information Request</u>"), pursuant to Bankruptcy Code section 1102(b)(3)(A), the Creditors' Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including by providing access to the information requested or stating the reason(s) why the Creditors' Committee cannot disclose the information requested by such Information Request.  If the Response is to deny the Information Request because the Creditors' Committee believes that the Information Request implicates Confidential Information or Privileged Information that needs not be disclosed, including, but not limited to, (i) pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Creditors' Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Creditors' Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled.  Nothing shall preclude the Requesting Creditor from requesting (or the Creditors' Committee objecting to such request) that the Creditors' Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Creditors' Committee deems to be Confidential Information or Privileged Information.  Further, the Requesting Creditor will be permitted to request that the Court conduct an *in camera* review of information that the Creditors' Committee sets forth in the Response that it cannot share.

d. <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Creditors' Committee agrees that such request should be satisfied, or if the Creditors' Committee without a third party request wishes to disclose such Confidential Information to creditors, the Creditors' Committee may request (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the

    Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed; and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed.  If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Creditors' Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion on any basis. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Sunny Singh (sunny.singh@weil.com), Natasha S. Hwangpo (natasha.hwangpo@weil.com) and Philip DiDonato (philip.didonato@weil.com).  The Creditors' Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such third party, as applicable, or further order of the Court.

  e. The Creditors' Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Creditors' Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement similar to the confidentiality agreement entered into between the Creditors' Committee and the Debtors or any other party.

  3. The Creditors' Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Confidential Information to any creditor with a claim of the kind represented by the Creditors' Committee except as provided in the Creditor Information Protocol.

  4. The Creditors' Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Creditors' Committee.  Nonetheless, the Creditors' Committee shall be permitted, but not required, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or

Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Creditors' Committee.

5. Nothing in this Order shall diminish or modify the rights and obligations of the Creditors' Committee or its members and representatives under the Creditors' Committee bylaws or any confidentiality agreement entered into with the Debtors or any other party (including the Creditors' Committee's or its member's and representative's rights to disclose Confidential Information as permitted under such confidentiality agreement), which rights and obligations shall remain in full force and effect notwithstanding any provision of this Order.

6. None of the Debtors, the Creditors' Committee, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, and agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have to incur any liability to any entity (including the Debtors and their affiliates) for any act taken or omitted to be taken pursuant to the Creditor Information Protocol set forth herein; *provided*, *however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

7. The Creditors' Committee is hereby authorized to establish and maintain a website as described in the Motion.

8. The Creditors' Committee is further authorized to use Prime Clerk LLC ("Prime Clerk") in connection with such website for the benefit of creditors. Any costs, expenses, or fees charged by Prime Clerk on account of such website will be included in the invoices submitted by Prime Clerk to the Debtors pursuant to the *Order Pursuant to 11 U.S.C. § 105(a), 28 U.S.C. § 156(c), and Local Rule 5075-1 Appointing Prime Clerk LLC as Claims and Noticing Agent for the Debtors* [ECF No. 113] and shall be paid according to the procedures therein.

9. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Creditors' Committee to provide access or not provide access to any information of the Debtors to any party except as explicitly provided herein.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2018
White Plains, New York

                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE