WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :       Chapter 11
                                        :
SEARS HOLDINGS CORPORATION, et al.,     :       Case No. 18-23538 (RDD)
                                        :
               Debtors.¹                :       (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

# NOTICE OF HEARING ON MOTION

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**OF DEBTORS FOR ENTRY OF ORDER FURTHER
EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES,
STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**"),

of the Debtors for entry of an order pursuant to sections 105(a) and 521 of title 11 of the United

States Code (the "**Bankruptcy Code**"), and Rules 1007(c), 2015.3, and 9006(b) of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1007-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), to (a) further

extend the deadline by which the Debtors must file their schedules of assets and liabilities and

statements of financial affairs (collectively, the "**Schedules**"), and (b) extend the deadline by

which the Debtors must file their initial reports pursuant to Federal Rule of Bankruptcy

Procedure 2015.3 (the "**2015.3 Reports**") through and including January 17, 2019, without

prejudice to the Debtors' ability to request additional extensions, all as more fully set forth in the

Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at

the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300

Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on

**December 20, 2018 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as

counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the

"**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the

Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the

Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with

General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other

parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a

WEIL:\96830116\5\73219.0006

hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), so as to be filed and received no later than **December 13, 2018 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

        **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

        **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: December 6, 2018
      New York, New York

                /s/ Sunny Singh
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York  10153
                Telephone:  (212) 310-8000
                Facsimile:  (212) 310-8007
                Ray C. Schrock, P.C.
                Jacqueline Marcus
                Garrett A. Fail
                Sunny Singh
                Jessica Liou

                *Attorneys for Debtors*
                *and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
: 
In re                                          :        **Chapter 11**
: 
**SEARS HOLDINGS CORPORATION,** *et al.,*       :        **Case No. 18-23538 (RDD)**
: 
Debtors.[1]                          :        **(Jointly Administered)**
: 
-------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## MOTION OF DEBTORS FOR ENTRY OF ORDER FURTHER
## EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES,
## STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent in support of this motion (the "**Motion**"):

### Background

1.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).

2

5.      On the Commencement Date, the Debtors filed the *Motion of Debtors for Entry of Order Extending Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs* (ECF No. 28) (the "**Original Extension Motion**") requesting an extension of time to file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs (collectively, the "**Schedules**").  By the order dated October 16, 2018 (ECF No. 103), the Court granted the Original Extension Motion and extended the time for the Debtors to file their Schedules through and including December 13, 2018, without prejudice to the Debtors' rights to seek further extensions (the "**Current Deadline**").

<u>**Relief Requested**</u>

6.      By this Motion, the Debtors request, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1007(c), 2015.3, and 9006(b), the Court (i) further extend the deadline by which the Debtors must file their Schedules by an additional thirty-five (35) days, through and including January 17, 2019, without prejudice to the Debtors' ability to request additional extensions; and (ii) extend the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Federal Rule of Bankruptcy Procedures 2015.3(d) (the "**2015.3 Reports**") to thirty-five (35) days after the meeting of creditors to be held pursuant to Section 341 of the Bankruptcy Code (the "**341 Meeting**"), which is scheduled for December 13, 2018, through and including January 17, 2019, without prejudice to the Debtors' ability to request additional extensions.

7.      A proposed form of order granting the relief requested in the Motion is attached hereto as **<u>Exhibit A</u>** (the "**Proposed Order**").

3

## Jurisdiction

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested Should Be Granted

### A.      Cause Exists To Extend the Time To File the Schedules

9.      The Court may grant the relief requested herein pursuant to Bankruptcy Rule 1007(c), which provides that "any extension of time to file schedules [and] statements . . . may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . . , trustee, examiner, or other party as the court may direct."  Fed. R. Bankr. P. 1007(c).  The Debtors submit that the vast amount of information that must be assembled and compiled and the number of hours required to complete their Schedules, coupled with the competing demands on the Debtors' personnel to stabilize operations during the initial postpetition period, constitute good and sufficient cause for granting the requested extension of time.

10.     Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors respectfully submit that the relief requested is appropriate in these chapter 11 cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code and, therefore, the deadline to file their Schedules should be extended as requested herein.

4

11.     Given the size and complexity of the Debtors' operations, the Debtors anticipate that they will be unable to complete their Schedules by December 13, 2018. The Debtors have approximately $6.9 billion in assets and approximately $11.3 billion in liabilities, and the Debtors estimate that they have more than 100,000 creditors on a combined basis. *See* Riecker Decl. ¶ 30. To prepare the Schedules, the Debtors must compile information from books, records, and other documents relating to, among other things, accounts payable and receivable, real estate and capital leases, employee wages and benefits, intercompany transactions, and vendor and supplier agreements in connection with over 600 full-line and specialty retail stores located throughout the United States. Collecting the necessary information to prepare the Schedules requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professionals at a time when resources are already strained.

12.     During the initial postpetition period, the Debtors and their professionals have expended tremendous amounts of time and effort on ensuring a smooth transition into chapter 11 for the Debtors' business. The Debtors have sought and obtained approval of a number of first day motions that have allowed them to continue their operations, allowing for the continuation of (i) their employee programs and payments to their workforce, (ii) their cash management system, (iii) their customer programs, and (iv) authority to pay critical vendors, shippers, and other authorized parties as needed. In addition, the Debtors have sought and obtained approval of not one, but two, debtor-in-possession financings that will provide the Debtors the funding needed to operate their business while the Debtors determine the best path in chapter 11 for maximizing the value of their estates.

13.     The Debtors have also commenced a number of initiatives to facilitate reducing their expenses and monetizing their assets to maximize value. Since the

5

Commencement Date, the Debtors have rejected over 230 leases, and have sought and obtained court approval for (i) global bidding procedures to solicit the highest and best bids for substantially all their retail stores and other assets, (ii) procedures to expeditiously sell *de minimis* assets, (iii) procedures to solicit the highest and best bid for their Sears Home Improvement business, and (iv) sales of valuable unencumbered assets, such as the sale of certain Medium Term Notes for over $81 million, that will help to fund the Debtors' wind-down.

14.    In light of the competing demands the Debtors have faced during the initial postpetition period, the Debtors will be unable to properly and fully complete the Schedules by the Current Deadline.  Although the Debtors have commenced the task of gathering the necessary information that will enable them to prepare and finalize what undoubtedly will be voluminous Schedules, the Debtors anticipate that they will require at least thirty-five (35) additional days, through and including January 17, 2019, to complete the Schedules.

15.    The Court may grant the relief requested herein in large, complex chapter 11 cases such as these.  *See, e.g.*, *In re Republic Airways Holdings Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Apr. 11, 2016) (granting debtors a further extension of 45 days); *In re Arcapita Bank B.S.C.(c)*, Case No. 12-11076 (SHL) (Bankr. S.D.N.Y. May 15, 2012) (granting debtors a further extension of 31 days); *In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Jan. 27, 2012) (granting debtors a further extension of 30 days).

16.    Accordingly, the Debtors request that the Court extend the deadline to file their Schedules from December 13, 2018 for an additional thirty-five (35) days, through and including January 17, 2019, without prejudice to the Debtors' right to request further extensions, for cause shown.

WEIL:\96830116\5\73219.0006

### B.    Cause Exists to Extend the Time To File the 2015.3 Reports

17.     Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven (7) days before the date set for the 341 Meeting and no less than every six (6) months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest.  *See* Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause."  Fed. R. Bankr. P. 9006(b)(1).  Additionally, Bankruptcy Rule section 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those requirements, or that the information . . . is publicly available."  *See* Fed. R. Bankr. P. 2015.3(d).

18.     The Debtors directly and indirectly own non-debtor subsidiaries for which they are required to file 2015.3 Reports.  Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on: (i) the size, complexity, and geographic scope of the Debtors' business; and (ii) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases.  The Debtors are not in a position to complete their initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3.

19.     Extending the deadline to file their initial 2015.3 Reports will provide the Debtors with the necessary time to examine the books and records of its non-debtor subsidiaries that are subject to Bankruptcy Rule 2015.3.  The additional time will also will enable the Debtors to work with their financial advisors and the U.S. Trustee to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by

7

Bankruptcy Rule 2015.3.  Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to thirty-five (35) days after the 341 Meeting, scheduled for December 13, 2018, pursuant to the Bankruptcy Rule 2015.3(d).

20.    The relief requested herein will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and other parties in interest to provide access to relevant information regarding the Debtors' business and financial affairs.

21.    Courts in this district regularly have found "cause" to extend the deadline for filing 2015.3 reports in chapter 11 cases of comparable size, complexity, and geographic scope.  *See, e.g.*, *In re 21st Century Oncology Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. May 26, 2016) (granting debtors the later of 30 days after the 341 meeting and 90 days after the petition date to file 2015.3 reports); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Feb. 10, 2017) (granting debtors the later of 30 days after the 341 meeting and 61 days after the petition date to file 2015.3 reports); *In re Breitburn Energy Partners LP*, Case No. 16-11390 (SMB) (Bankr. S.D.N.Y. May 17, 2016) (granting debtors 30 days after the 341 meeting to file 2015.3 reports); *In re Int'l Shipholding Corp.*, Case No. 16-12220 (SMB) (Bankr. S.D.N.Y. Aug. 10, 2016) (granting debtors 45 days after the 341 meeting to file their initial 2015.3 reports); *In re NII Holdings, Inc.*, Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2016) (granting debtors 30 days after the 341 meeting to file their initial 2015.3 reports).

## Notice

22.    Notice of this Motion has been provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management**

8

Order"). The Debtors respectfully submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

23.     Other than the Original Extension Motion, no previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: December 6, 2018
       New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*

9

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                 :

In re                     :         **Chapter 11**
                 :

**SEARS HOLDINGS CORPORATION**, *et al.*,   :         **Case No. 18-23538 (RDD)**
                 :

       Debtors.[1]         :         **(Jointly Administered)**
                 :

---------------------------------------------------------------x

## ORDER FURTHER EXTENDING DEBTORS' TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS

Upon the motion, dated December 6, 2018 (ECF No. [__]), (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 1007(c), 2015.3(d), and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order further extending the period of time to file their (i) schedules of assets and liabilities,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

(ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs (collectively the "**Schedules**") by an additional thirty-five (35) days, through and including January 17, 2019, without prejudice to the Debtors' ability to request additional extensions; and (b) extending the deadline by which they must file their 2015.3 Reports to thirty-five (35) days after the 341 Meeting, scheduled for December 13, 2018, through and including January 17, 2019, without prejudice to the Debtors' ability to request additional extensions, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on December 20, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

WEIL:\96830116\5\73219.0006

2.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1007(c) and 9006(b), the time by which the Debtors shall file their Schedules is extended by an additional thirty-five (35) days, through and including January 17, 2019, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor.

3.      Pursuant to Bankruptcy Rule 2015.3, the time by which the Debtors shall file their 2015.3 Reports is extended through and including January 17, 2019, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor.

4.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
        White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

WEIL:\96830116\5\73219.0006