**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                  :

In re:                             :        **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.*,   :        **Case No. 18-23538 (RDD)**

                                 :

         **Debtors.** [1]             :        **(Jointly Administered)**

                                 :

-------------------------------------------------------------------x

### MODIFIED ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF EVERCORE GROUP L.L.C. AS FINANCIAL ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the retention application (the "Retention Application") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules") for entry of an order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

authorizing the Debtors to retain and employ Evercore Group L.L.C. ("Evercore"), as their investment banker, in accordance with the terms and conditions set forth in that certain engagement letter, dated as of the Petition Date, a copy of which attached hereto as **Exhibit 1** (including any amendments and schedules thereto, the "Engagement Letter"), *nunc pro tunc* to the Petition Date, all as more fully set forth in the Retention Application; and upon the Declaration of Daniel Aronson in support of the Retention Application (the "Aronson Declaration"); and upon the Declaration of William Transier in support of the Retention Application (the "Transier Declaration"); and the Court having jurisdiction to consider the Retention Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Retention Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Retention Application having been provided, such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and upon the objection to the Application of the Official Committee of Unsecured Creditors; and the Court having held a hearing to consider the relief requested in the Retention Application (the "Hearing"); and upon the record of the Hearing; and the Debtors having filed a certification of counsel (the "COC") with a modified form of order following the Hearing substantially in the form of this Order, resolving the foregoing objection; and the Court being satisfied, based on the representations made in the Retention Application, the COC, the Aronson Declaration and the Transier Declaration, that Evercore is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code and, as required by section 327(a) and referenced by section

328(c) of the Bankruptcy Code, neither represents nor holds an interest adverse to the Debtors or

their estates; and the Court having found and determined that the terms and conditions of

Evercore's employment, including but not limited to the Monthly Fee and the Additional Fee set

forth in the Engagement Letter and summarized in the Retention Application, as modified by this

Order, are reasonable for purposes section 328(a) of the Bankruptcy Code; and the Court having

determined that the legal and factual bases set forth in the Retention Application establish just

cause for the relief granted herein and that such relief is necessary and is in the best interests of

the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor, it

is hereby

ORDERED that:

1.      The Application is granted to the extent set forth herein.

2.      The Debtors are authorized pursuant to sections 327(a) and 328(a) of the

Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1 to

employ and retain Evercore as the investment banker to the Restructuring Sub-Committee with

respect to all RSC Conflict Matters in accordance with the terms and conditions set forth in the

Engagement Letter, including the Indemnification Provisions, the Monthly Fee, and the

Additional Fee, *nunc pro tunc* to the Petition Date, and to pay fees and reimburse expenses to

Evercore on the terms and times set forth in the Engagement Letter, in each case as modified by

this Order.

3.      The terms of the Engagement Letter, as modified hereby, are reasonable

terms and conditions of employment and are approved in all respects.

4.      Notwithstanding anything to the contrary in the Engagement Letter, the

Application, or the Aronson Declaration, to the extent that the Debtors request Evercore to

perform any services other than those detailed in the Engagement Letter, the Debtors shall make a further application for an order of approval by the Court for a supplement to the retention and any related modifications to the Engagement Letter, and such application shall set forth, in addition to the additional services to be performed, the additional fees sought to be paid.

5.      Evercore shall use reasonable efforts to avoid any duplication of services provided to any of the Debtors by other retained professionals in these Chapter 11 Cases.

6.      Notwithstanding anything to the contrary in the Engagement Letter or the Retention Application, Evercore shall be compensated by the Debtors for the provision of services under the Engagement Letter as follows:

(a.)    Two monthly fees of $200,000 shall be (i) earned as of the date of entry of this Order and (ii) payable within one (1) business day of the date of entry of this Order.

(b.)    Additional monthly fees of $200,000 each (the "Standard Monthly Rate") shall be earned and payable on the 15th day of each month commencing December 15, 2018, until the earlier to occur of (i) the effective date of the Debtors' chapter 11 plan or (ii) the termination of Evercore's engagement, *provided* that monthly fees payable to Evercore shall be subject to potential reduction to a rate of $25,000 per month (the "Reduced Monthly Rate") as determined by the Restructuring Sub-Committee, *provided further* that the Restructuring Sub-Committee may determine to subsequently re-engage Evercore at the Standard Monthly Rate, for a minimum of two months for each such reengagement, in each case subject to the provisions of subsections (d) and (e) of this paragraph.

(c.)    If Evercore's engagement terminates prior to the effective date of the Debtors' chapter 11 plan or Evercore's compensation is reduced to the Reduced Monthly Rate, Evercore shall be entitled to immediate payment in the amount of $1,300,000 *minus* the aggregate amount of all fees paid to Evercore during the Chapter 11 Cases through the date of such termination or reduction (the "Acceleration Fee"). The unpaid portion of the Acceleration Fee, if any, will be invoiced to the Debtors in the next billable month.

(d.)    No later than 10 days following the 15th day of any billable month, Paul, Weiss shall send to Akin Gump Strauss Hauer & Feld LLP as counsel for the Official Committee of Unsecured Creditors (the "Creditors' Committee") a fee statement prepared by Evercore detailing Evercore's activity for the prior month (the "Fee Statement"). The Fee Statement's description of Evercore's

activities shall be substantially consistent with the requirements of paragraph 11 of this Order.

(e.)    Upon receipt of any Fee Statement, the Creditors' Committee may prepare a letter to the Restructuring Sub-Committee if the Creditors' Committee believes the continued engagement of Evercore at the Standard Monthly Rate or the reengagement of Evercore at the Standard Monthly Rate is inappropriate.  Subject to each of their fiduciary duties, the Restructuring Sub-Committee and the Creditors' Committee shall negotiate in good faith regarding the Creditors' Committee's concerns expressed in any such letter.  If the Restructuring Sub-Committee and the Creditors' Committee do not reach a resolution with respect to the Creditors' Committee's concerns (which may include payment of any rate between the Standard Monthly Rate and the Reduced Monthly Rate without further order of the Court) within 14 days of the Restructuring Sub-Committee's receipt of any such letter, either the Restructuring Sub-Committee or the Creditors' Committee may request that the Court consider the Restructuring Sub-Committee's decision to continue to compensate or to reengage Evercore at the Standard Monthly Rate.

7.    Except as set forth in this Order, the Engagement Letter, including the expense reimbursement and indemnification provisions set forth therein, will continue in full force and effect.  All fees and out-of-pocket expense reimbursements to be paid to Evercore shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as set forth herein.

8.    Evercore shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred (including the reasonable fees, disbursements and other charges of Evercore's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise)) in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines and orders of this Court; provided, however, that the fee applications filed by Evercore shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the

Bankruptcy Code, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as set forth herein.

9.      Notwithstanding anything to the contrary contained herein, the U.S. Trustee shall have the right to object to Evercore's interim and final applications for compensation (including the Monthly Fee and the Additional Fee) and reimbursement of out-of-pocket expenses based on the reasonableness standard in section 330 of the Bankruptcy Code.

10.     None of the fees payable to Evercore under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

11.     Evercore shall include in its fee applications, among other things, time records setting forth, in summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-half hour increments, but Evercore shall be excused from keeping time in one-tenth of an hour increments and shall not be required to provide or conform to any schedules of hourly rates for its professionals.

12.     The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify and hold harmless Evercore and the other Indemnified Persons, pursuant to the Engagement Letter, subject, during the pendency of these Chapter 11 Cases, subject to the following, notwithstanding any provision in the Engagement Letter to the contrary:

(a)     All requests by Indemnified Persons for the payment of indemnification, contribution or otherwise as set forth in the Engagement Letter during the pendency of these Chapter 11 Cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which

indemnity is sought; provided that in no event shall any Indemnified Person be indemnified in the case of its own gross negligence, fraud, bad faith, breach of fiduciary duty (if any) or willful misconduct.

(b)      In the event an Indemnified Person seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Evercore's own applications, both interim and final, and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

13.    The third paragraph of Schedule I of the Engagement Letter is modified by deleting the following from clause (ii) thereof: "provided, however, that, to the extent permitted by applicable law, in no event shall Evercore or any other Indemnified Person be required to contribute an aggregate amount in excess of the aggregate fees actually paid to Evercore for such financial advisory services."

14.    To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

15.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

16.    Notice of the Retention Application shall be deemed good and sufficient notice of such Retention Application and the requirements of the Local Rules are satisfied by such notice.

17.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

19.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:      White Plains, New York
            December 4, 2018

                          /s/Robert D. Drain
                          THE HONORABLE ROBERT D. DRAIN
                          UNITED STATES BANKRUPTCY JUDGE