**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :
                                                                  :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                         :
                                                                  :    **Case No. 18-23538 (RDD)**
                                                                  :
          Debtors.[1]                                             :    **(Jointly Administered)**
------------------------------------------------------------------x

**OMNIBUS ORDER**
**AUTHORIZING DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS**

Upon the motion, dated November 15, 2018 (ECF No. 746) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 6006 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (the "**Order**") (i) authorizing the Debtors to reject certain executory contracts listed on the schedule attached hereto as **Schedule 1**, including any amendments or modifications thereto (the "**Agreements**"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the certificate of no objection filed by counsel for the Debtors, there being no opposition to the relief granted hereby; and no additional notice or hearing being required; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, each of the Agreements listed on **Schedule 1** attached hereto is hereby rejected by the Debtors.

3. The Debtors shall not be liable for any additional administrative expenses arising after the entry of this Order with respect to the Agreements.

4. As of the entry of this Order, the Debtors are relieved from any and all payments or performance due under such Agreements incurred; *provided*, *however*, that nothing herein shall constitute a determination of claims arising from or related to the rejection of such Agreements filed in accordance with this Order, in connection with which the Debtors' rights are reserved in full.

5. **The deadline to file a proof of claim to assert any damage claim arising from the rejection of an Agreement shall be the date fixed by this Court as the deadline to file general unsecured proofs of claim in these cases.**

6. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

7. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December 7, 2018
      White Plains, New York

                                      /s/Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

WEIL:\96825385\2\73217.0004

## Schedule 1

### Schedule of Agreements to be Rejected

| Counterparty | Debtor | Type of Agreement |
|---|---|---|
| **Joseph E. Alvardo**<br>**Senior Director, Business Development** | Sears Holdings Corporation | SLP Severance Agreement |
| **Bronson Broockerd**<br>**Divisional Vice President, Marketing – Home Services** | Sears Holdings Corporation | Executive Severance Agreement |
| **James Daley**<br>**Chief Product Officer – Shop Your Way** | Sears Holdings Corporation | Executive Severance Agreement |
| **Andrew Ingersoll**<br>**Divisional Vice President – Sears Holdings**<br>**Chief of Staff / Chief Financial Officer – Shop Your Way Brands** | Sears Holdings Corporation | Executive Severance Agreement |
| **Gerard Murphy**<br>**Chief Marketing Officer** | Sears Holdings Corporation | Executive Severance Agreement |
| **Benedicto Savillo – Vice President, Credit Product Management** | Sears Holdings Corporation | Executive Severance Agreement |
| **Anita Walls**<br>**Divisional Vice President, Repair Call Center Opts – MSO** | Sears Holdings Corporation | Executive Severance Agreement |