**WEXLER WALLACE LLP**
55 West Monroe St., Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
Edward A. Wallace
Bethany R. Turke
Andrew D. Welker

*Attorneys for Movants Rebecca Rysewyk,*
*Katie Smith, and Brian Van Vooren*

Hearing Date: December 20, 2018 at 10:00 a.m.
Objection Deadline: December 17, 2018 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | Case No. 18-23538 (RDD) |
|  | **(Jointly Administered)** |
| **Debtors.** |  |

**MOTION OF CLASS REPRESENTATIVES FOR**
**RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**

Rebecca Rysewyk, Katie Smith, and Brian Van Vooren, as representatives of a class of plaintiffs in the class action litigation described below (collectively, the "Movants"), by and through their undersigned counsel, pursuant to section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), hereby submit this motion for relief from the automatic stay (the "Motion"). The Debtor-Defendants (as defined below) have consented to the entry of the proposed order, attached as Exhibit A hereto. In support of this Motion, the Movants state as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

2.  On or about May 21, 2015, the Movants filed suit in the United States District Court for the Northern District of Illinois Eastern Division (the "District Court") against Sears Holdings Corporation, KCD IP, LLC, and Sears, Roebuck and Company (collectively, the "Debtor-Defendants") asserting various causes of action arising from certain allegedly defective Craftsman® riding lawn tractors sold by the Debtor-Defendants, *Rysewyk, et al., on behalf of themselves and all others similarly situated v. Sears Holding Corporation, et al.*, No. 15-cv-04519 (N.D. Ill. May 21, 2015) (the "Class Action"). A copy of the complaint in the Class Action is attached hereto as Exhibit B (the "Complaint").

3.  The Class Action arises from certain Craftsman® riding lawn tractors purchased by the Movants (and the other similarly situated class members) from the Debtor-Defendants between January 1, 2009 and December 31, 2015 (the "CRLTs"). The Movants have alleged, *inter alia*, that the Debtor-Defendants "failed to adequately design, manufacture, and/or test the CRLTs to ensure that they were free from defects before offering them for sale to [Movants] and Class members, despite its duty to do so." *See* Complaint ¶ 34. It is contended in the Class Action that the CRLTs have certain defective parts in the fuel delivery system that are prone to become loose and/or leak fuel, *i.e.*, the fuel tank grommet, clamps securing fuel lines, and fuel lines, and the Class Action seeks, among other things, the costs of repair or replacement of the alleged defective parts on the CRLTs. The Movants made claims for (1) breach of express warranty, (2) breach of implied warranty of merchantability, (3) negligence, (4) unjust

2

enrichment, (5) strict liability for manufacturing and design defects and failure to warn, and (6) injunctive and declaratory relief. *Id.* ¶¶ 79-150. Debtor-Defendants have denied all claims in the Class Action.

4. The CRLTs were manufactured and supplied to the Debtor-Defendants by Husqvarna Consumer Outdoor Products N.A., Inc. ("HCOP"). Upon information and belief based on discussion with Debtor-Defendants and HCOP, subsequent to the filing of the Class Action, the Debtor-Defendants and HCOP agreed that HCOP would assume the cost of defending the Debtor-Defendants in the Class Action.

5. On or about July 20, 2018, the Movants and the Debtor-Defendants (with the approval and cooperation of HCOP) entered into a settlement agreement (the "Settlement Agreement") that, subject to approval by the District Court, would resolve all claims arising from or relating to the Class Action. A copy of the Settlement Agreement is attached hereto as Exhibit C.

6. Pursuant to the Settlement Agreement, the Movants and the Debtor-Defendants have agreed to mutually release and forever discharge each other from "all claims relating to the institution, prosecution or defense of [the Class Action], including the negotiation of [the] Settlement Agreement" upon entry of a final order by the District Court approving the Settlement Agreement. *See* Settlement Agreement ¶ 2.12.

7. The Settlement Agreement provides (as more fully described in the Settlement Agreement): (1) free inspections and repairs of certain fuel leaks and/or loose fuel line connections (if they are observed by the Class Member when conducting a self-inspection) on the Class Member's CRLT, up to three (3) times within 12 or 18 months depending on the date the CRLT was purchased; and/or (2) cash reimbursement of out-of-pocket expenses for

3

previously incurred expenses for repairs of fuel leaks and/or loose fuel line connections on the Class Member's CRLT, up to $125, subject to appropriate documentation or support.

8. Upon information and belief based on discussion with Debtor-Defendants and HCOP, in connection with the execution of the Settlement Agreement, HCOP agreed that it intended to accept responsibility for the costs of the activities and fees discussed in the Settlement Agreement.

9. On July 23, 2018, the Movants filed with the District Court a motion for preliminary approval of the Settlement Agreement.

10. On or about August 6, 2018, the District Court entered an order certifying for settlement purposes only the Settlement Class and preliminarily approving the Settlement Agreement (the "Preliminary Approval Order"). A copy of the Preliminary Approval Order is attached hereto as Exhibit D. The District Court found that the Settlement Agreement satisfied all the prerequisites for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. *See* Preliminary Approval Order ¶¶ 1–3. The District Court found that the Settlement Agreement (1) provides comprehensive relief and monetary compensation to the Movants, (2) was entered into after arm's-length negotiations by experienced counsel on behalf of the Movants, (3) lacked any evidence of collusion, and (4) was fair, reasonable, and adequate. *Id.* ¶¶ 6-7. The District Court also appointed undersigned counsel as Class Counsel for the proposed Settlement Class and appointed the Movants as the class representatives for the Settlement Class. *Id.* ¶ 5.

11. The District Court has scheduled a hearing for January 29, 2019 to determine whether the proposed Settlement Agreement should be finally approved, and final judgment entered thereon (the "Final Approval Hearing"). *Id.* ¶ 7. Pursuant to the Preliminary Approval

4

Order, counsel to the Movants must file a Motion for Final Approval of Settlement Agreement at least fourteen (14) days before the Final Approval Hearing (the "Settlement Motion"). *Id.* ¶ 20.

## RELIEF REQUESTED

12.     The Movants request that this Court grant this Motion for relief from the automatic stay "for cause" under section 362(d)(1) of the Bankruptcy Code, for the limited purposes of (a) allowing the Movants to file the Settlement Motion in the District Court in accordance with the provisions of the Preliminary Approval Order, (b) allowing the District Court to enter an order approving the Settlement Agreement on a final basis, and (c) allowing the parties to the Settlement Agreement to take such other actions as are necessary and appropriate to cause the Effective Date to occur under Settlement Agreement (as defined therein) and to carry out the terms of settlement. Debtor-Defendants have consented to the relief requested in this Motion on the terms set forth in the attached proposed order.

13.     In this case, for the reasons set forth above and discussed in further detail below, Debtor-Defendants will benefit from the lifting of the stay to allow the District Court to proceed with the approval and implementation of the Settlement Agreement.

## BASIS FOR RELIEF REQUESTED

14.     Stay relief is appropriate because approval of the Settlement Agreement will not affect the assets of the Debtor-Defendants' estates. Upon information and belief based on discussion with Debtor-Defendants and HCOP, HCOP has agreed to accept responsibility for the costs of the activities and fees discussed in the Settlement Agreement and no expense will accrue to the Debtor-Defendants therefrom. Furthermore, the Settlement Agreement will permit HCOP to resolve the claims of the Movants and the settlement class against the Debtor-Defendants, which will inure to the benefit of the Debtor-Defendants' estates by reducing their pool of

5

unsecured creditors with payments from non-debtor assets and performance by a non-debtor party (*i.e.*, HCOP).

15. The Second Circuit has articulated twelve factors courts should consider in determining whether to grant motions to lift the automatic stay for "cause" pursuant to Section 362(d). *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990). The twelve *Sonnax* factors are: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *Sonnax*, 907 F.2d at 1286.

16. The twelve *Sonnax* factors are non-exhaustive and a court need not evaluate each factor in every case or give each factor the same weight. *Musso v. Hirsch*, No. 08-CV-4532 CBA, 2011 WL 4543225, at *6 (E.D.N.Y. Sept. 29, 2011). The applicable *Sonnax* factors are analyzed below. All such relevant factors weigh in favor of lifting the stay for the limited purpose of settling the claims of Class Members in the Class Action pursuant to the terms of the Settlement Agreement.

6

        **A.**    **The requested relief would result in complete resolution of the Class Action**

17. Stay relief for the limited purpose of allowing the Final Approval Hearing to take place and entry of a final order approving the Settlement Agreement would "resolve finally and completely" all of the Movants' claims against Debtor-Defendants. *See* Settlement Agreement at 2. Once approved by final order of the District Court, Movants will be "forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against [Debtor-Defendants]" with respect to the Released Claims asserted in the Class Action. *Id.* ¶ 8.3. Accordingly, the first *Sonnax* factor clearly weighs in favor of granting this Motion.

        **B.**    **The Class Action lacks any connection with or interference with the bankruptcy case**

18. Here, the second *Sonnax* factor—lack of any connection with or interference with the bankruptcy case—weighs in favor of lifting the stay. No recovery is sought from estate assets and the approval of the Settlement Agreement will have no impact on the administration of the Debtor-Defendants' estates, thus stay relief is appropriate. *See In re Grace Indus.*, 341 B.R. 399, 404 (Bankr. E.D.N.Y.) (no basis for continuing stay in action where there would be no recovery from estate assets); *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 181 (7th Cir. 1994).

19. Pursuant to the terms of HCOP's agreements, no expense from the Class Action or the Settlement Agreement will accrue to the Debtor-Defendants' estates. Furthermore, the Movants have no intention to and will not file a claim on behalf of themselves or the Settlement Class in the Debtor-Defendants' bankruptcy proceedings with respect to the claims asserted in the Class Action if the Settlement Agreement is approved and reaches the Effective Date.

7

20. Because approval of the Settlement Agreement will have no impact on the estates of the Debtor-Defendants, the second *Sonnax* factor weighs in favor of granting the Motion. *See In re Grace Indus.*, 341 B.R. at 404.

### C. HCOP has assumed full financial responsibility for obligations arising out of the Settlement Agreement

21. The fifth *Sonnax* factor weighs in favor of granting relief from the automatic stay because no cost of obtaining final approval of the Settlement Agreement will accrue to the Debtor-Defendants' estates.

### D. The Class Action predominately involves third parties

22. The sixth *Sonnax* factor weighs in favor of stay relief because the Debtor-Defendants are only involved in the Settlement Agreement nominally because HCOP assumed all financial responsibility for any payments or costs arising out of the Settlement Agreement.

### E. Lack of Prejudice to Interests of Other Creditors

23. Based upon the foregoing, no interests of the Debtor-Defendants' other creditors would be prejudiced as a result of final approval of the Settlement Agreement. In fact, the Debtor-Defendants' other creditors would receive a windfall as a result of the approval of the Settlement Agreement (and HCOP's satisfaction of the Debtor-Defendants' financial obligations thereunder) because it would have the effect of shrinking the Debtor-Defendants' claims pool with non-debtor resources.

24. Thus, the seventh *Sonnax* factor weighs in favor of granting this Motion.

### F. Interests of Judicial Economy and Readiness for Trial

25. The Movants commenced the Class Action over three years ago, on May 21, 2015. The parties have engaged in extensive litigation, substantial discovery, multiple court hearings, and numerous arms-length negotiations over the course of many months to reach the

settlement embodied in the Settlement Agreement. The execution of the Settlement Agreement occurred only on July 20, 2018, after more than three years of extensive litigation and negotiation. The only remaining steps to fully consummate the parties' agreement memorialized in the Settlement Agreement is holding a Fairness Hearing and the entry of a final order by the District Court approving the Settlement Agreement.

26. Given the advanced posture of the Movants' Class Action, it is clear that the interests of judicial economy—the tenth *Sonnax* factor—favor permitting the Movants to conclude the multi-year litigation of their claims, and for the Debtor-Defendants to be released therefrom.

### G. Impact of the Stay and Balance of Harms

27. Lifting of the stay will not impact the Debtor-Defendants or their estates. The Debtor-Defendants are making no admission of fault or wrongdoing in connection with the Settlement Agreement. The Debtor-Defendants delegated, and HCOP assumed, the costs and obligations arising from settling the Class Action. Upon approval of the Settlement Agreement, the Debtor-Defendants will obtain a release from all Class Members pursuant to section 7 of the Settlement Agreement. Finally, the Movants will seek and obtain dismissal with prejudice of all Released Claims arising from the Class Action or the Settlement Agreement upon the District Court's entry of a final order approving the Settlement Agreement. Consequently, the Debtor-Defendants' estates will only benefit from the final approval of the Settlement Agreement.

28. On the other hand, failure to grant the Motion would significantly, if not completely, prejudice the Movants' ability to execute the bargained-for Settlement Agreement and thus obtain any compensation, monetary or otherwise, for their claims in connection with the Class Action. In such an instance, the Debtor-Defendants would not obtain the benefit of the

9

subject releases, and instead the claims of the Movants and the Settlement Class would continue to be obligations of the Debtor-Defendants (thereby inflating the unsecured creditor pool).

29.     For the aforementioned reasons, the twelfth *Sonnax* factor weighs in favor of granting this Motion.

## CONCLUSION

WHEREFORE, Movants respectfully request that the Court grant relief from the automatic stay as described herein and as set forth in the attached proposed order.

Dated: December 7, 2018

Respectfully Submitted,

/s/ Bethany R. Turke
Edward A. Wallace
Bethany R. Turke
Andrew D. Welker
**WEXLER WALLACE LLP**
55 West Monroe St., Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
eaw@wexlerwallace.com
brt@wexlerwallace.com
adw@wexlerwallace.com

Gregory F. Coleman
Mark E. Silvey
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: 865-247-0080
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com

Shanon J. Carson
Michael T. Fantini
Jeffrey L. Osterwise
**BERGER & MONTAGUE, P.C**.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000

scarson@bm.net  
mfantani@bm.net  
josterwise@bm.net  

*Attorneys for Movants Rebecca Rysewyk,  
Katie Smith, and Brian Van Vooren*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed using this Court's CM/ECF service, which will send notification of such filing to all counsel of record on this 7th day of December 2018.

                                                    /s/ Bethany R. Turke
                                                    Bethany R. Turke