# EXHIBIT D

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| REBECCA RYSEWYK, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:15-cv-04519<br><br>Judge Manish S. Shah |

## PRELIMINARY APPROVAL ORDER

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement that Plaintiffs Rebecca Rysewyk, Katie Smith, and Brian Van Vooren (together, "Plaintiffs") have reached with Defendants Sears Holdings Corporation and Sears, Roebuck and Co. (collectively, "Sears") (Dkt. No. 182). In connection with that Motion, the Court has considered and reviewed the following materials: (a) Plaintiffs motion for preliminary approval of the Settlement (the "Motion"), and the papers filed in connection therewith; and (b) the settlement agreement dated July 20, 2018 and the exhibits attached thereto (the "Settlement Agreement").[1] In addition, the Court has considered the arguments of counsel and the pleadings and record in this case. Further, as a part of the Settlement Agreement, the Defendants are not objecting to the certification of the Settlement Class for settlement purposes only. Having considered all the foregoing materials and information, this Court finds that there is good cause for granting the Motion.

---

[1] Unless otherwise stated, defined terms herein have the meaning given to such terms in the Settlement Agreement.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

### Conditional Certification of Settlement Class

1. For purposes of this proposed Settlement only, and pending final approval of the Settlement Agreement after a Final Approval Hearing, the Court finds that the prerequisites for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met, and therefore the Court provisionally certifies a nationwide Settlement Class consisting of:

> All individuals who between January 1, 2009 and December 31, 2015, purchased from Sears, Roebuck and Co. ("Sears") in the United States certain new Craftsman® Riding Lawn Tractors for primarily personal use, the model numbers of which are attached as Exhibit A to the Settlement Agreement (hereinafter "CRLT").

> Excluded from the Settlement Class are (a) officers, directors, and employees of Sears; (b) insurers of members of the Settlement Class; (c) any entity purporting to be a subrogee of a member of the Settlement Class; (d) all suppliers, manufacturers, distributors, shippers, and third-party issuers or providers of extended warranties or service contracts for CRLTs; (e) individuals who previously settled and released claims against Sears with respect to their CRLTs which fall within the definition of "Released Claims" in Section 1.31; (f) individuals other than the Settlement Class Representatives who, as of the date of the Settlement Agreement, have legal damage claims pending against Sears with respect to their CRLTs, and (g) the judge overseeing the proposed settlement and the judge's immediate family.

2. The Settlement Class satisfies the requirements of Rule 23(a). The members of the Settlement Class are so numerous that joinder is impracticable; there are questions of law or fact common to the proposed Settlement Classes; Plaintiffs' claims are typical of the claims of the Settlement Class; and Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Settlement Class.

3. The Settlement Class also satisfies the requirements of 23(b)(3) because this Court finds that issues of law and fact common to the proposed Settlement Class predominate over any issues affecting only individual members of the proposed Settlement Class, and that settlement of this action as a class action is superior to other means available for fairly and

efficiently resolving the controversy.

4. Lastly, the class definition is sufficiently ascertainable such that an individual can ascertain whether he or she is in the Settlement Class based on objective criteria.

5. The Court finds that proposed Class Counsel are competent and capable of exercising their responsibilities, and that proposed Class Counsel and the proposed Class Representatives have fairly and adequately represented the interests of the Settlement Class. The Court appoints Shanon J. Carson, Michael T. Fantini, and Jeffrey L. Osterwise of Berger & Montague, P.C.; Gregory F. Coleman, Mark E. Silvey, and Lisa A. White of Greg Coleman Law, P.C.; and Edward A. Wallace and Andrew D. Welker of Wexler Wallace, LLP, as Class Counsel for the proposed Settlement Class. Plaintiffs Rebecca Rysewyk, Katie Smith, and Brian Van Vooren are appointed as the Class Representatives for the Settlement Class.

## Preliminary Approval of Settlement

6. The terms of the Settlement Agreement, including all exhibits thereto, appear to be in the range of reason and fair, reasonable, and adequate, and the Settlement Agreement is hereby preliminarily approved. This Order incorporates the Settlement Agreement, and terms used in this Order that are defined in the Settlement Agreement have the same meanings.

7. The Agreement provides comprehensive relief and monetary compensation to eligible members of the Settlement Class. It was entered into after arm's-length negotiations by experienced counsel on behalf of the Settlement Class. There is no evidence of collusion or that the Class Counsel placed their interests above those of the Settlement Class. The material terms of the Settlement were agreed to prior to the Parties' discussion of attorneys' fees and expenses, and any attorneys' fees and expenses awarded will be in addition to the relief provided to Settlement Class Members under the Settlement Agreement.

8.  Pending further order of the Court, all litigation activity in this case unrelated to the settlement is hereby stayed. In the event that the Settlement Agreement is not approved by the Court or such approval is vacated on appeal, the litigation shall resume without prejudice to the Parties for having negotiated the settlement agreement upon joint application of the Parties to the Court to lift the stay.

9.  The Court retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlement Agreement.

## Class Notice

10. The Court approves the proposed notices that have been submitted as Exhibits D, E and F to the Settlement Agreement, which is attached as Exhibit A to Plaintiffs' Memorandum in Support of Preliminary Approval of the Class Action Settlement and Related Matters.

11. The Court finds that the manner of mailing or emailing, publication and dissemination of the Notices and related Settlement information as described in Section 6 of the Settlement Agreement and the Declaration of Steven Weisbrot, Esq. of Angeion Group constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto, and that the Notice Plan complies with the requirements of Fed. R. Civ. P. 23 and provides Settlement Class Members due process under the United States Constitution. The Mailed Form of Notice, the Publication Form of Notice, Long Form of Notice, and Claim Form are subject to further modification to insert the proper deadlines and as determined appropriate by the Settlement Administrator.

12. Promptly following the entry of this Order, the Parties and Settlement Administrator shall prepare final versions of (i) the Mailed Form of Notice, (ii) Publication Form of Notice, (iii) Long Form of Notice, and (iv) Claim Form, incorporating into each of them the

4

Fairness Hearing date and the Objection and Opt Out deadlines based on the actual date determined by the Parties and the Settlement Administrator to be the Notice Commencement Date as set forth below.

13.     The Notice Commencement Date is the date on which the Settlement Website established by the Settlement Administrator is first accessible on the Internet, making available the Long Form Notice and CRLT model numbers covered by the Settlement.  The Notice Commencement Date should occur no later than [45] days after the entry of this Order, or by the next following Business Day if the deadline falls on a weekend or legal holiday.  The Mailed Form of Notice should be emailed, or mailed if required, on the Notice Commencement Date or within a reasonable time shortly after the Notice Commencement Date.  The Publication Form of Notice should be published as soon after the Notice Commencement Date as is practicable for the identified publications.

14.     The Court appoints Angeion Group as the Settlement Administrator.

15.     The fees and costs of the Settlement Administrator shall be paid by Sears.

16.     The Settlement Administrator shall implement the Parties' Notice Plan which is set forth in the Declaration of Steven Weisbrot, Esq. of Angeion Group and described in Section 6 of the Settlement Agreement.  The payment of fees and costs to the Settlement Administrator shall not be contingent upon any further action of the Court, including, without limitation, any decision on a Motion for Final Approval of the Settlement Agreement.

17.     The Court approves the procedure set forth in Section 1.11 of the Settlement Agreement by which the Parties may agree to a revised and updated Exhibit A to the Settlement Agreement, listing the model numbers of Craftsmen® Riding Lawn Tractors covered by this Settlement, prior to the Notice Commencement Date.  If the Parties agree to a revised and

5

updated Exhibit A before the Notice Commencement Date, it shall be filed with the Court and it will be for all purposes Exhibit A to the Settlement Agreement and posted on the Settlement Website. If no agreement is reached between the Parties on a revised and updated Exhibit A before the Notice Commencement Date, then the initial Exhibit A attached to the Settlement Agreement will remain the Exhibit A to the Settlement Agreement and be posted on the Settlement Website.

## **Final Approval Hearing**

18. The Court will hold a Final Approval Hearing on January 29, 2019 at 10:30 a.m. in Courtroom 1719 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to determine the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, and to determine whether the proposed Settlement should be finally approved, and final judgment entered thereon. At the Final Approval Hearing, the Court will also consider Class Counsels' Motion for Approval of Attorneys' Fees and Expenses and Named Plaintiff Service Awards. Any Settlement Class Member who follows the procedures set forth in the Settlement Agreement may appear and be heard at the Final Approval Hearing. The Final Approval Hearing may be continued without further notice to the proposed Settlement Class, except that Class Counsel shall cause any newly-established date and time for the Final Approval Hearing to be posted on the Settlement Website.

19. All objections and requests for exclusion from the proposed Settlement Class, as more fully explained in the Notices, shall be postmarked no later than [60] days after the Notice Commencement Date. Claims for reimbursement of out-of-pocket expenses must be submitted online via the Settlement Website, or be postmarked if mailed, no later than [90] days after the Notice Commencement Date. Settlement Class Members wishing to make objections, file claims

6

or exclude themselves from the Settlement Class and this Settlement must otherwise comply with the requirements set forth in the Long Form Notice.

20.     Class Counsel shall file with the Court their Motion for Final Approval of Settlement Agreement, including any motion for an award of attorneys' fees and expenses and Named Plaintiff Service Awards, at least 14 days before the Final Approval Hearing.

21.     The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants maintain that the CRLTs are free of defects and have at all times denied, and continue to deny, any wrongful act or omission alleged by Plaintiffs or that they owe any liability of any sort to Plaintiffs or any member of the Settlement Class. Nothing contained in the Settlement Agreement, in the documents relating to the Settlement Agreement, or in this Order shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

22.     If for any reason the Settlement Agreement ultimately does not become effective, Defendants' conditional decision to not object to the certification of the Settlement Class shall be null and void in its entirety; this Order certifying a nationwide class shall be vacated; the Parties shall return to their respective positions in this Action as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or in this Order shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action or proceeding of any kind.

IT IS SO ORDERED.

Dated: August 6, 2018

*/s/ Manish S. Shah*

Manish S. Shah, Judge
United States District Court
Northern District of Illinois

8