**WEXLER WALLACE LLP**
55 West Monroe St., Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
Edward A. Wallace
Bethany R. Turke
Andrew D. Welker

*Attorneys for Movants Rebecca Rysewyk,
Katie Smith, and Brian Van Vooren*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |

**MOTION OF CLASS REPRESENTATIVES FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. §§ 102(1) AND 105 SHORTENING NOTICE
REGARDING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Rebecca Rysewyk, Katie Smith, and Brian Van Vooren, as representatives of a class of plaintiffs in the class action litigation described below (collectively, the "Movants"), by and through their undersigned counsel, pursuant to Bankruptcy Rule 9006(c), hereby submit this motion (the "Motion to Shorten") for entry of an order shortening notice regarding the *Motion of Class Representatives for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362* (the "Stay Relief Motion"), filed contemporaneously herewith. In support of this Motion to Shorten, the Movants state as follows:

**Relief Requested**

1. By this Motion to Shorten, pursuant to Bankruptcy Rule 9006(c), the Movants request entry of an order shortening the notice period with respect to the Stay Relief Motion and setting the date and time for the hearing on the Stay Relief Motion for December 20, 2018 at 10:00 a.m. (prevailing Eastern Time). The Movants also request that the Court set the objection deadline for the Stay Relief Motion for December 17, 2018 at 4:00 p.m. (prevailing Eastern Time).[1]

2. A proposed form of order granting the relief requested herein is annexed hereto as Exhibit A (the "Proposed Order").

**Jurisdiction**

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4. Beginning on October 15, 2018 and continuing thereafter, each of the Debtors commenced with this Bankruptcy Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "Creditors' Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

---

[1] Any capitalized terms used but not defined herein shall have the meanings given to them in the Stay Relief Motion.

2

6. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. On or about May 21, 2015, the Movants filed suit in the United States District Court for the Northern District of Illinois Eastern Division (the "District Court") against Sears Holdings Corporation, KCD IP, LLC, and Sears, Roebuck and Company (collectively, the "Debtor-Defendants") asserting various causes of action arising from certain allegedly defective Craftsman® riding lawn tractors sold by the Debtor-Defendants (the "Class Action"). *Rysewyk, et al. v. Sears Holding Corp., et al.*, No. 15-cv-04519 (N.D. Ill. May 21, 2015).

8. On or about July 20, 2018, the Movants and the Debtor-Defendants (with the approval and cooperation of Husqvarna Consumer Outdoor Products N.A., Inc. ("HCOP") entered into a settlement agreement (the "Settlement Agreement") that, subject to approval by the District Court, would resolve all claims arising from or relating to the Class Action.

9. On or about August 6, 2018, the District Court entered an order certifying, for settlement purposes only, a Settlement Class and preliminarily approving the Settlement Agreement (the "Preliminary Approval Order").

10. Upon information and belief based on discussion with Debtor-Defendants and HCOP, HCOP has agreed to accept responsibility for the costs of the activities and fees discussed in the Settlement Agreement and no expense will accrue to the Debtor-Defendants therefrom. Approval of the Settlement Agreement will thus not affect the assets of the Debtor-Defendants' estates.

11. The District Court has scheduled a hearing for January 29, 2019 to determine whether the proposed Settlement Agreement should be finally approved, and final judgment

entered thereon (the "Final Approval Hearing"). Pursuant to the Preliminary Approval Order, Movants' counsel must file a Motion for Final Approval of Settlement Agreement at least fourteen (14) days before the Final Approval Hearing (the "Settlement Motion").

12. In the Stay Relief Motion, the Movants request, pursuant to section 362(d) of the Bankruptcy Code, relief from the automatic stay "for cause" under section 362(d)(1) of the Bankruptcy Code, for the limited purposes of (a) allowing the Movants to file the Settlement Motion in the District Court in accordance with the provisions of the Preliminary Approval Order, (b) allowing the District Court to enter an order approving the Settlement Agreement on a final basis, and (c) allowing the parties to the Settlement Agreement to take such other actions as are necessary and appropriate to cause the Effective Date to occur under Settlement Agreement (as defined therein) and to carry out the terms of settlement.

13. Under the current *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405) (the "Case Management Order"), a stay relief motion "shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) days after the motion is filed and notice thereof is served upon the Debtors." [Docket 405], at ¶ 32. Approval of the Stay Relief Motion at the next scheduled omnibus hearing on January 18, 2019 would not allow the Movants to timely file the Settlement Motion with the District Court.

**Relief Requested Should be Granted**

14. Bankruptcy Rule 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

15. The Movants believe that sufficient cause exists to shorten the notice period for a hearing on the Stay Relief Motion. Given the timing of the Final Approval Hearing scheduled by the District Court on January 29, 2019, and the requirements of the Case Management Order, the approval of the Settlement Agreement depends on the shortening of the notice period. Approval of the Settlement Agreement will permit HCOP to resolve the claims of the Movants and the settlement class against the Debtor-Defendants, which will inure to the benefit of the Debtor-Defendants' estates by reducing their pool of unsecured creditors with payments from non-debtor assets and performance by a non-debtor party (*i.e.*, HCOP).

16. On the other hand, failure to timely file the Settlement Motion would significantly, if not completely, prejudice the Movants' ability to execute the bargained-for Settlement Agreement and thus obtain any compensation, monetary or otherwise, for their claims in connection with the Class Action. In such an instance, the Debtor-Defendants would not obtain the benefit of the subject releases, and instead the claims of the Movants and the Settlement Class would continue to be obligations of the Debtor-Defendants (thereby inflating the unsecured creditor pool).

17. The shortened notice period requested herein is appropriate under the circumstances.

18. Based on the foregoing, the Movants respectfully submit that cause exists to shorten the notice period with respect to the Stay Relief Motion.

19. Notice of this Motion to Shorten has been provided in accordance with the procedures set forth in the Case Management Order. The Movants respectfully submit that no further notice is required.

20. No previous request for the relief sought herein has been made by the Movants to this or any other Court.

WHEREFORE, the Movants respectfully request entry of an order granting the relief requested herein and such other and further relief as is just and appropriate.

Dated: December 7, 2018

Respectfully Submitted,

/s/ Bethany R. Turke
Edward A. Wallace
Bethany R. Turke
Andrew D. Welker
**WEXLER WALLACE LLP**
55 West Monroe St., Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
eaw@wexlerwallace.com
brt@wexlerwallace.com
adw@wexlerwallace.com

Gregory F. Coleman
Mark E. Silvey
**GREG COLEMAN LAW PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: 865-247-0080
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com

Shanon J. Carson
Michael T. Fantini
Jeffrey L. Osterwise
**BERGER & MONTAGUE, P.C**.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
scarson@bm.net
mfantani@bm.net
josterwise@bm.net

*Attorneys for Movants Rebecca Rysewyk,
Katie Smith, and Brian Van Vooren*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed using this Court's CM/ECF service, which will send notification of such filing to all counsel of record on this 7th day of December 2018.

/s/ Bethany R. Turke  
Bethany R. Turke