UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

IN RE:

SEARS HOLDING CORPORATION, et. al.,

                   Debtors.
-----------------------------------------------------X

Chapter 11
Case No. 18-23538 (RDD)
(Jointly Administered)

## APPLICATION FOR RELIEF FROM THE AUTOMATIC STAY

Application of Qazim B. Krasniqi, a Creditor herein, by his attorney Richard A. Klass, Esq., who represents to the Court and alleges:

1. That Debtors filed a petition under Chapter 11 of the Bankruptcy Code on October 15, 2018.

2. That at the time of the filing of said petition, Debtor Kmart Corporation was a defendant in a person injury action brought by Creditor Qazim B. Krasniqi in the Supreme Court of the State of New York, County of New York (Index No. 158520/2013). Copies of the Supplemental Summons and Amended Complaint are annexed hereto as Exhibit A.

3. Debtor Kmart Corporation[1] provided its response to Plaintiff's Discovery Demand, in which it stated that "it is responsible for the first $5,000,000 of every loss." See, Exhibit B. Debtor did not provide any evidence of insurance coverage as part of its response.

4. Upon information and belief, Debtor Kmart Corporation maintains either/both an insurance policy and/or self-funded insurance reserves covering this personal injury claim. The same is subject to confirmation by Debtor and its counsel.

---

[1] Debtors/Defendants Sears Holding Corporation, Sears, Roebuck and Co., and Kmart Holding Corporation were dismissed from the personal injury action by the court. Accordingly, no relief is sought against them in this motion.

5. In *In re Sonnax Indus., Inc.*, 907 F2d 1280 [2d Cir 1990], the Second Circuit adopted twelve factors "to be weighed in deciding whether litigation should be permitted to continue" in a forum other than the bankruptcy court. *Id.* at 1286. Those factors are:

1. whether relief would result in a partial or complete resolution of the issues;
2. lack of any connection with or interference with the bankruptcy case;
3. whether the other proceeding involves the debtor as a fiduciary;
4. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
5. whether the debtor's insurer has assumed full responsibility for defending it;
6. whether the action primarily involves third parties;
7. whether litigation in another forum would prejudice the interests of other creditors;
8. whether the judgment claim arising from the other action is subject to equitable subordination;
9. whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
10. the interests of judicial economy and the expeditious and economical resolution of litigation;
11. whether the parties are ready for trial in the other proceeding; and
12. impact of the stay on the parties and the balance of harms.

6. Creditor herein requests that this Court terminate, lift and modify the automatic stay granted to Debtor under Section 362(a) of the Bankruptcy Code, to the extent of permitting him to continue and pursue the personal injury claim for all purposes including determining the extent of Debtor Kmart Corporation's liability therefor based upon the following *Sonnax* factors:

i. A complete resolution of the issue of tort liability should be had in the state court personal injury action, especially where there are other non-debtor parties against whom potential liability is to be granted to the plaintiff;

   ii. The state court personal injury action has been pending since 2013 and extensive discovery proceedings have occurred in the action and the matter is on the trial calendar (See, Note of Issue and Order confirming discovery as complete, Exhibit C);

   iii. Upon information and belief, Debtor Kmart Corporation maintains either/both an insurance policy and/or self-funded insurance reserves covering this personal injury claim. The same is subject to confirmation by Debtor and its counsel;

   iv. The interests of judicial economy and expeditious resolution of the litigation in the state court action;

   v. The parties in the state court action are ready for trial; and

   vi. The impact of the continuation of the stay upon Creditor Qazim Krasniqi would be significant. Mr. Krasniqi sustained tremendous injuries as a result of the incident, which occurred on January 10, 2011. Mr. Krasniqi is 71 years old (See, Bill of Particulars, Exhibit D).

  7. That the foregoing constitutes cause to terminate the automatic stay under Section 362(d) of the Bankruptcy Code.

WHEREFORE, it is respectfully requested that this Court grant Creditor's motion for relief from the stay as to Creditor Qazim B. Krasniqi, and for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
   December 10, 2018

/s/
RICHARD A. KLASS, ESQ.
Attorney for Qazim B. Krasniqi
16 Court Street, 28th Floor
Brooklyn, New York 11241
718-643-6063
RichKlass@courtstreetlaw.com