**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK           **Index No.: 158520/13**
          **Date Purchased: 9/18/13**
-----------------------------------X
QAZIM B. KRASNIQI,

               Plaintiff,     ***Plaintiff designates:***
         **New York County as the**
         **place of trial.**
     - against -          ***The basis of venue:***
         **As Per CPLR 509**

KORPENN LLC,          **SUPPLEMENTAL SUMMONS**
SEARS HOLDINGS CORPORATION,
SEARS, ROEBUCK AND CO.,      ***Plaintiff resides at:***
KMART CORPORATION,        **26 Adams Street**
KMART HOLDING CORPORATION,    **Staten Island, New York**
SCHINDLER ELEVATOR CORPORATION,
ONE PENN PLAZA LLC,

             Defendants.
-----------------------------------X
To the above-named Defendant(s):

    YOU ARE HEREBY SUMMONED to answer the complaint in this
action and to serve a copy of your answer, or, if the complaint
is not served with this summons, to serve a notice of
appearance, on the Plaintiffs' attorney(s) within 20 days after
the service of this Summons, exclusive of the day of service (or
within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will
be taken against you by default for the relief demanded in the
complaint.

Dated: Brooklyn, New York
      October 22, 2013
                  Yours etc.,
                  STEFANO A. FILIPPAZZO, P.C.

                  _____/s/_____
                  STEFANO A. FILIPPAZZO, ESQ.
                  **Attorneys for Plaintiff**
                  16 Court Street, 29th Floor
                  Brooklyn, New York 11241
                  P: 718.855.1350

<u>**Service List**</u>:

- KORPENN LLC - Secretary of State;
- SEARS HOLDINGS CORPORATION - 3333 Beverly Road, Hoffman Estates, Illinois 60179;
- SEARS, ROEBUCK AND CO. - 3333 Beverly Road, Hoffman Estates, Illinois 60179;
- KMART CORPORATION - 3333 Beverly Road, Hoffman Estates, Illinois 60179;
- KMART HOLDING CORPORATION - 3333 Beverly Road, Hoffman Estates, Illinois 60179;
- SCHINDLER ELEVATOR CORPORATION- Secretary of State;
- ONE PENN PLAZA LLC – Secretary of State.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK               **Index No.: 158520/13**
------------------------------------X
QAZIM B. KRASNIQI,

                     **Plaintiff,**

      - against -

                                  **AMENDED**
KORPENN LLC,                   **VERIFIED COMPLAINT**
SEARS HOLDINGS CORPORATION,
SEARS, ROEBUCK AND CO.,
KMART CORPORATION,
KMART HOLDING CORPORATION,
SCHINDLER ELEVATOR CORPORATION,
ONE PENN PLAZA LLC,

                   **Defendants.**
------------------------------------X


     Plaintiff, by his attorneys, STEFANO A. FILIPPAZZO, P.C., complaining of the Defendants, respectfully alleges the following upon information and belief:


### BACKGROUND

     1.    That on January 10, 2011 Plaintiff was and still is a resident of the County of Richmond, State of New York.

     2.    That at all times hereinafter mentioned the Defendant, KORPENN LLC was and still is a foreign limited liability company authorized to conduct business in the State of New York.

     3.    That Defendant KORPENN LLC maintains an office for the conducting of its business in the County of New York, State of New York.

3

4. That at all times hereinafter mentioned the Defendant, SEARS HOLDINGS CORPORATION was and still is a foreign corporation authorized to conduct business in the State of New York.

5. That Defendant SEARS HOLDINGS CORPORATION maintains an office for the conducting of its business in the State of Illinois.

6. That at all times hereinafter mentioned the Defendant, SEARS, ROEBUCK AND CO. was and still is a foreign corporation authorized to conduct business in the State of New York.

7. That Defendant SEARS, ROEBUCK AND CO. maintains an office for the conducting of its business in the State of Illinois.

8. That at all times hereinafter mentioned the Defendant, KMART CORPORATION was and still is a foreign corporation authorized to conduct business in the State of New York.

9. That Defendant KMART CORPORATION maintains an office for the conducting of its business in the State of Illinois.

10. That at all times hereinafter mentioned the Defendant, KMART HOLDING CORPORATION was and still is a foreign corporation authorized to conduct business in the State of New York.

11. That Defendant KMART HOLDING CORPORATION maintains an office for the conducting of its business in the State of Illinois.

12.   That at all times hereinafter mentioned the Defendant, SCHINDLER ELEVATOR CORPORATION was and still is a foreign corporation authorized to conduct business in the State of New York.

13. That Defendant SCHINDLER ELEVATOR CORPORATION maintains an office for the conducting of its business in the State of New York.

14. That at all times hereinafter mentioned the Defendant, ONE PENN PLAZA LLC was and still is a domestic limited liability company authorized to conduct business in the State of New York.

15. That Defendant ONE PENN PLAZA LLC maintains an office for the conducting of its business in the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

16.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" inclusive, as if hereinafter set forth at length.

17. That on January 10, 2011 the Defendant KORPENN LLC owned the premises denominated 250 West 34th Street, New York, New York a/k/a One Penn Plaza, New York, New York (hereinafter referred to as "THE PREMISES").

18. That on January 10, 2011 the Defendant KORPENN LLC owned the escalator bearing Identification Number 1E20022 (hereinafter referred to as "THE ESCALATOR"), located at THE PREMISES.

19. That on January 10, 2011 the Defendant KORPENN LLC was the lessor of THE PREMISES.

20. That on January 10, 2011 the Defendant KORPENN LLC maintained THE PREMISES.

21. That on January 10, 2011 the Defendant KORPENN LLC operated THE PREMISES.

22. That on January 10, 2011 the Defendant KORPENN LLC managed THE PREMISES.

23. That on January 10, 2011 the Defendant KORPENN LLC controlled THE PREMISES.

24. That on January 10, 2011 the Defendant KORPENN LLC maintained THE ESCALATOR.

25. That on January 10, 2011 the Defendant KORPENN LLC operated THE ESCALATOR.

26. That on January 10, 2011 the Defendant KORPENN LLC managed THE ESCALATOR.

27. That on January 10, 2011 the Defendant KORPENN LLC controlled THE ESCALATOR.

28. That on or about January 10, 2011 the Defendant KORPENN LLC performed repairs to the escalators located at THE PREMISES.

29. That on or before January 10, 2011 Defendant KORPENN LLC contracted for the management, maintenance and/or repair being performed to the escalators at THE PREMISES.

6

30. That on January 10, 2011 while this Plaintiff was lawfully upon THE ESCALATOR, he was caused to be injured, and sustain severe personal injuries as a result of negligence on the part of this Defendant.

31. That the incident complained of was caused by reason of the carelessness, recklessness, negligence on part of this Defendant, its agents, servants and/or employees in the ownership, maintenance, operation, management and control of said premises and escalator, in that this Defendant failed to provide Plaintiff with a safe place to stand; in that this Defendant caused the very incident complained of which was foreseeable; in that this Defendant created said dangerous conditions; in that this Defendant had notice of the dangerous and defective conditions; in that this Defendant failed to remedy said dangerous conditions; in that this Defendant was otherwise careless and negligent.

32. That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent. Plaintiff has incurred and will incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from attending his occupation causing a loss of past and future earnings.

7

33. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

34. Plaintiff may rely on the Doctrine of Res Ipsa Loquitor.

35. This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

36. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" inclusive, as if hereinafter set forth at length.

38. That on January 10, 2011 the Defendant SEARS HOLDINGS CORPORATION owned the escalator bearing Identification Number 1E20022 located at THE PREMISES.

39. That on January 10, 2011 the Defendant SEARS HOLDINGS CORPORATION was the lessee of THE PREMISES.

40. That on January 10, 2011 the Defendant SEARS HOLDINGS CORPORATION maintained THE PREMISES.

41. That on January 10, 2011 the Defendant SEARS HOLDINGS CORPORATION operated THE PREMISES.

42. That on January 10, 2011 the Defendant SEARS HOLDINGS CORPORATION managed THE PREMISES.

43. That on January 10, 2011 the Defendant SEARS HOLDINGS CORPORATION controlled THE PREMISES.

44. That on January 10, 2011 the Defendant SEARS HOLDINGS CORPORATION maintained THE ESCALATOR.

45. That on January 10, 2011 the Defendant SEARS HOLDINGS CORPORATION operated THE ESCALATOR.

46. That on January 10, 2011 the Defendant SEARS HOLDINGS CORPORATION managed THE ESCALATOR.

47. That on January 10, 2011 the Defendant SEARS HOLDINGS CORPORATION controlled THE ESCALATOR.

48. That on or about January 10, 2011 the Defendant SEARS HOLDINGS CORPORATION performed repairs to the escalators located at THE PREMISES.

49. That on or before January 10, 2011 Defendant SEARS HOLDINGS CORPORATION contracted for the management, maintenance and/or repair being performed to the escalators at THE PREMISES.

50. That on January 10, 2011 while this Plaintiff was lawfully upon THE ESCALATOR, she was caused to be injured, and sustain severe personal injuries as a result of negligence on the part of this Defendant.

51. That the incident complained of was caused by reason of the carelessness, recklessness, negligence on part of this

9

Defendant, its agents, servants and/or employees in the ownership, maintenance, operation, management and control of said premises and escalator, in that this Defendant failed to provide Plaintiff with a safe place to stand; in that this Defendant caused the very incident complained of which was foreseeable; in that this Defendant created said dangerous conditions; in that this Defendant had notice of the dangerous and defective conditions; in that this Defendant failed to remedy said dangerous conditions; in that this Defendant was otherwise careless and negligent.

52. That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent. Plaintiff has incurred and will incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from attending his occupation causing a loss of past and future earnings.

53. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

54. Plaintiff may rely on the Doctrine of Res Ipsa Loquitor.

55. This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

56. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" inclusive, as if hereinafter set forth at length.

58. That on January 10, 2011 the Defendant SEARS, ROEBUCK AND CO. owned the escalator bearing Identification Number 1E20022 located at THE PREMISES.

59. That on January 10, 2011 the Defendant SEARS, ROEBUCK AND CO. was the lessee of THE PREMISES.

60. That on January 10, 2011 the Defendant SEARS, ROEBUCK AND CO. maintained THE PREMISES.

61. That on January 10, 2011 the Defendant SEARS, ROEBUCK AND CO. operated THE PREMISES.

62. That on January 10, 2011 the Defendant SEARS, ROEBUCK AND CO. managed THE PREMISES.

63. That on January 10, 2011 the Defendant SEARS, ROEBUCK AND CO. controlled THE PREMISES.

64. That on January 10, 2011 the Defendant SEARS, ROEBUCK AND CO. maintained THE ESCALATOR.

11

65. That on January 10, 2011 the Defendant SEARS, ROEBUCK AND CO. operated THE ESCALATOR.

66. That on January 10, 2011 the Defendant SEARS, ROEBUCK AND CO. managed THE ESCALATOR.

67. That on January 10, 2011 the Defendant SEARS, ROEBUCK AND CO. controlled THE ESCALATOR.

68. That on or about January 10, 2011 the Defendant SEARS, ROEBUCK AND CO. performed repairs to the escalators located at THE PREMISES.

69. That on or before January 10, 2011 Defendant SEARS, ROEBUCK AND CO. contracted for the management, maintenance and/or repair being performed to the escalators at THE PREMISES.

70. That on January 10, 2011 while this Plaintiff was lawfully upon THE ESCALATOR, she was caused to be injured, and sustain severe personal injuries as a result of negligence on the part of this Defendant.

71. That the incident complained of was caused by reason of the carelessness, recklessness, negligence on part of this Defendant, its agents, servants and/or employees in the ownership, maintenance, operation, management and control of said premises and escalator, in that this Defendant failed to provide Plaintiff with a safe place to stand; in that this Defendant caused the very incident complained of which was foreseeable; in that this Defendant created said dangerous

12

conditions; in that this Defendant had notice of the dangerous and defective conditions; in that this Defendant failed to remedy said dangerous conditions; in that this Defendant was otherwise careless and negligent.

72. That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent. Plaintiff has incurred and will incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from attending his occupation causing a loss of past and future earnings.

73. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

74. Plaintiff may rely on the Doctrine of Res Ipsa Loquitor.

75. This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

76. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FOURTH CAUSE OF ACTION

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "76" inclusive, as if hereinafter set forth at length.

78. That on January 10, 2011 the Defendant KMART CORPORATION owned the escalator bearing Identification Number 1E20022 located at THE PREMISES.

79. That on January 10, 2011 the Defendant KMART CORPORATION was the lessee of THE PREMISES.

80. That on January 10, 2011 the Defendant KMART CORPORATION maintained THE PREMISES.

81. That on January 10, 2011 the Defendant KMART CORPORATION operated THE PREMISES.

82. That on January 10, 2011 the Defendant KMART CORPORATION managed THE PREMISES.

83. That on January 10, 2011 the Defendant KMART CORPORATION controlled THE PREMISES.

84. That on January 10, 2011 the Defendant KMART CORPORATION maintained THE ESCALATOR.

85. That on January 10, 2011 the Defendant KMART CORPORATION operated THE ESCALATOR.

86. That on January 10, 2011 the Defendant KMART CORPORATION managed THE ESCALATOR.

14

87. That on January 10, 2011 the Defendant KMART CORPORATION controlled THE ESCALATOR.

88. That on or about January 10, 2011 the Defendant KMART CORPORATION performed repairs to the escalators located at THE PREMISES.

89. That on or before January 10, 2011 Defendant KMART CORPORATION contracted for the management, maintenance and/or repair being performed to the escalators at THE PREMISES.

90. That on January 10, 2011 while this Plaintiff was lawfully upon THE ESCALATOR, she was caused to be injured, and sustain severe personal injuries as a result of negligence on the part of this Defendant.

91. That the incident complained of was caused by reason of the carelessness, recklessness, negligence on part of this Defendant, its agents, servants and/or employees in the ownership, maintenance, operation, management and control of said premises and escalator, in that this Defendant failed to provide Plaintiff with a safe place to stand; in that this Defendant caused the very incident complained of which was foreseeable; in that this Defendant created said dangerous conditions; in that this Defendant had notice of the dangerous and defective conditions; in that this Defendant failed to remedy said dangerous conditions; in that this Defendant was otherwise careless and negligent.

15

92.  That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent.  Plaintiff has incurred and will incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from attending his occupation causing a loss of past and future earnings.

93.  That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

94.  Plaintiff may rely on the Doctrine of Res Ipsa Loquitor.

95.  This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

96.  That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "96" inclusive, as if hereinafter set forth at length.

98. That on January 10, 2011 the Defendant KMART HOLDING CORPORATION owned the escalator bearing Identification Number 1E20022 located at THE PREMISES.

99. That on January 10, 2011 the Defendant KMART HOLDING CORPORATION was the lessee of THE PREMISES.

100. That on January 10, 2011 the Defendant KMART HOLDING CORPORATION maintained THE PREMISES.

101. That on January 10, 2011 the Defendant KMART HOLDING CORPORATION operated THE PREMISES.

102. That on January 10, 2011 the Defendant KMART HOLDING CORPORATION managed THE PREMISES.

103. That on January 10, 2011 the Defendant KMART HOLDING CORPORATION controlled THE PREMISES.

104. That on January 10, 2011 the Defendant KMART HOLDING CORPORATION maintained THE ESCALATOR.

105. That on January 10, 2011 the Defendant KMART HOLDING CORPORATION operated THE ESCALATOR.

106. That on January 10, 2011 the Defendant KMART HOLDING CORPORATION managed THE ESCALATOR.

17

107.   That on January 10, 2011 the Defendant KMART HOLDING CORPORATION controlled THE ESCALATOR.

108.   That on or about January 10, 2011 the Defendant KMART HOLDING CORPORATION performed repairs to the escalators located at THE PREMISES.

109.   That on or before January 10, 2011 Defendant KMART HOLDING CORPORATION contracted for the management, maintenance and/or repair being performed to the escalators at THE PREMISES.

110.   That on January 10, 2011 while this Plaintiff was lawfully upon THE ESCALATOR, she was caused to be injured, and sustain severe personal injuries as a result of negligence on the part of this Defendant.

111.   That the incident complained of was caused by reason of the carelessness, recklessness, negligence on part of this Defendant, its agents, servants and/or employees in the ownership, maintenance, operation, management and control of said premises and escalator, in that this Defendant failed to provide Plaintiff with a safe place to stand; in that this Defendant caused the very incident complained of which was foreseeable; in that this Defendant created said dangerous conditions; in that this Defendant had notice of the dangerous and defective conditions; in that this Defendant failed to remedy said dangerous conditions; in that this Defendant was otherwise careless and negligent.

18

112.   That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent.   Plaintiff has incurred and will incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from attending his occupation causing a loss of past and future earnings.

113.   That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

114.   Plaintiff may rely on the Doctrine of Res Ipsa Loquitor.

115.   This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

116.   That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SIXTH CAUSE OF ACTION

117.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "116" inclusive, as if hereinafter set forth at length.

118.  That on January 10, 2011 the Defendant SCHINDLER ELEVATOR CORPORATION owned the escalator bearing Identification Number 1E20022 located at THE PREMISES.

119.  That on January 10, 2011 the Defendant SCHINDLER ELEVATOR CORPORATION maintained THE ESCALATOR.

120.  That on January 10, 2011 the Defendant SCHINDLER ELEVATOR CORPORATION operated THE ESCALATOR.

121.  That on January 10, 2011 the Defendant SCHINDLER ELEVATOR CORPORATION managed THE ESCALATOR.

122.  That on January 10, 2011 the Defendant SCHINDLER ELEVATOR CORPORATION controlled THE ESCALATOR.

123.  That on or about January 10, 2011 the Defendant SCHINDLER ELEVATOR CORPORATION performed repairs to THE ESCALATOR located at THE PREMISES.

124.  That on or before January 10, 2011 Defendant SCHINDLER ELEVATOR CORPORATION contracted for the management, maintenance and/or repair being performed to THE ESCLATOR at THE PREMISES.

125. That on or before January 10, 2011 Defendant SCHINDLER ELEVATOR CORPORATION entered into a contract with one or more of the within named Defendants for the management, maintenance and/or repair being performed to THE ESCLATOR at THE PREMISES.

126. That on January 10, 2011 said contract was in full force and effect.

127. That on January 10, 2011 while this Plaintiff was lawfully upon THE ESCALATOR, she was caused to be injured, and sustain severe personal injuries as a result of negligence on the part of this Defendant.

128. That the incident complained of was caused by reason of the carelessness, recklessness, negligence on part of this Defendant, its agents, servants and/or employees in the ownership, maintenance, operation, management and control of said premises and escalator, in that this Defendant failed to provide Plaintiff with a safe place to stand; in that this Defendant caused the very incident complained of which was foreseeable; in that this Defendant created said dangerous conditions; in that this Defendant had notice of the dangerous and defective conditions; in that this Defendant failed to remedy said dangerous conditions; in that this Defendant was otherwise careless and negligent.

21

129.    That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent.    Plaintiff has incurred and will incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from attending his occupation causing a loss of past and future earnings.

130.    That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

131.    Plaintiff may rely on the Doctrine of Res Ipsa Loquitor.

132.    This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

133.    That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION

134. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "133" inclusive, as if hereinafter set forth at length.

135. That on January 10, 2011 the Defendant ONE PENN PLAZA LLC owned THE PREMISES.

136. That on January 10, 2011 the Defendant ONE PENN PLAZA LLC owned THE ESCALATOR, located at THE PREMISES.

137. That on January 10, 2011 the Defendant ONE PENN PLAZA LLC was the lessor of THE PREMISES.

138. That on January 10, 2011 the Defendant ONE PENN PLAZA LLC maintained THE PREMISES.

139. That on January 10, 2011 the Defendant ONE PENN PLAZA LLC operated THE PREMISES.

140. That on January 10, 2011 the Defendant ONE PENN PLAZA LLC managed THE PREMISES.

141. That on January 10, 2011 the Defendant ONE PENN PLAZA LLC controlled THE PREMISES.

142. That on January 10, 2011 the Defendant ONE PENN PLAZA LLC maintained THE ESCALATOR.

143. That on January 10, 2011 the Defendant ONE PENN PLAZA LLC operated THE ESCALATOR.

144. That on January 10, 2011 the Defendant ONE PENN PLAZA LLC managed THE ESCALATOR.

23

145. That on January 10, 2011 the Defendant ONE PENN PLAZA LLC controlled THE ESCALATOR.

146. That on or about January 10, 2011 the Defendant ONE PENN PLAZA LLC performed repairs to the escalators located at THE PREMISES.

147. That on or before January 10, 2011 Defendant ONE PENN PLAZA LLC contracted for the management, maintenance and/or repair being performed to the escalators at THE PREMISES.

148. That on January 10, 2011 while this Plaintiff was lawfully upon THE ESCALATOR, he was caused to be injured, and sustain severe personal injuries as a result of negligence on the part of this Defendant.

149. That the incident complained of was caused by reason of the carelessness, recklessness, negligence on part of this Defendant, its agents, servants and/or employees in the ownership, maintenance, operation, management and control of said premises and escalator, in that this Defendant failed to provide Plaintiff with a safe place to stand; in that this Defendant caused the very incident complained of which was foreseeable; in that this Defendant created said dangerous conditions; in that this Defendant had notice of the dangerous and defective conditions; in that this Defendant failed to remedy said dangerous conditions; in that this Defendant was otherwise careless and negligent.

24

150. That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent. Plaintiff has incurred and will incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from attending his occupation causing a loss of past and future earnings.

151. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

152. Plaintiff may rely on the Doctrine of Res Ipsa Loquitor.

153. This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

154. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

**WHEREFORE** the Plaintiff demands judgment against the Defendant KORPENN LLC in the First Cause of Action in the sum exceeding the jurisdictional limits of all lower courts; Plaintiff demands judgment against the Defendant SEARS HOLDINGS CORPORATION in the Second Cause of Action in the sum exceeding the jurisdictional limits of all lower courts; Plaintiff demands

25

judgment against the Defendant SEARS, ROEBUCK AND CO. in the Third Cause of Action in the sum exceeding the jurisdictional limits of all lower courts; Plaintiff demands judgment against the Defendant KMART CORPORATION in the Fourth Cause of Action in the sum exceeding the jurisdictional limits of all lower courts; Plaintiff demands judgment against the Defendant KMART HOLDING CORPORATION in the Fifth Cause of Action in the sum exceeding the jurisdictional limits of all lower courts; Plaintiff demands judgment against the Defendant SCHINDLER ELEVATOR CORPORATION in the Sixth Cause of Action in the sum exceeding the jurisdictional limits of all lower courts; Plaintiff demands judgment against the Defendant ONE PENN PLAZA LLC in the Seventh Cause of Action in the sum exceeding the jurisdictional limits of all lower courts; together with the costs, disbursements and expenses of this action and for such other and further relief as may be just and proper.

Dated:      Brooklyn, New York
            October 22, 2013

                        Yours etc.,
                        STEFANO A. FILIPPAZZO, P.C.


                        _____/s/_____
                        STEFANO A. FILIPPAZZO, ESQ.
                        **Attorneys for Plaintiff**
                        16 Court Street, 29th Floor
                        Brooklyn, New York 11241
                        P: 718.855.1350

26

Copy to:   Karen L. Kirshenbaum, Esq.
           LYNCH ROWN LLP
           **Attorney for Defendants**
           SEARS HOLDINGS CORPORATION,
           SEARS, ROEBUCK AND CO.,
           KMART CORPORATION,
           KMART HOLDING CORPORATION,
           30 Vesey Street, 8th Floor
           New York, New York 10007
           P: 212.682.4001

           SMITH MAZURE DIRECTOR WILKINS
           YOUNG & YAGERMAN, P.C.
           **Attorneys for Defendant**
           KORPENN LLC
           111 John Street
           New York, New York 10038
           P: 212.964.7400

           Ava R. Maynard, Esq.
           SABATINI & ASSOCIATES
           **Attorneys for Defendant**
           SCHINDLER ELEVATOR CORPORATION
           237 West 35th Street, Suite 1502
           New York, New York 10001
           P: 212.239.5900

27

## ATTORNEY'S VERIFICATION

**STEFANO A. FILIPPAZZO, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am the attorney of record for the Plaintiff, I have read the annexed **Supplemental Summons and Amended Verified Complaint** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not the Plaintiffs is that Plaintiffs are not presently in the County wherein the attorney for the Plaintiffs maintains his offices.

Dated: Brooklyn, New York
       October 22, 2013

_____/s/_____

**STEFANO A. FILIPPAZZO, ESQ.**

28

### AFFIRMATION OF SERVICE

STEFANO A. FILIPPAZZO, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, does hereby affirm the following under the penalties of perjury:

I served a true copy of the annexed: **SUPPLEMENTAL SUMMONS AND AMENDED COMPLAINT**, on October 22, 2013, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

Copy to:   Karen L. Kirshenbaum, Esq.
LYNCH ROWN LLP
**Attorney for Defendants**
SEARS HOLDINGS CORPORATION,
SEARS, ROEBUCK AND CO.,
KMART CORPORATION,
KMART HOLDING CORPORATION,
30 Vesey Street, 8th Floor
New York, New York 10007
P: 212.682.4001

SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.
**Attorneys for Defendant**
KORPENN LLC
111 John Street
New York, New York 10038
P: 212.964.7400

Ava R. Maynard, Esq.
SABATINI & ASSOCIATES
**Attorneys for Defendant**
SCHINDLER ELEVATOR CORPORATION
237 West 35th Street, Suite 1502
New York, New York 10001
P: 212.239.5900

Affirmed this 22nd
Day of October, 2013

_____/s/_____
STEFANO A. FILIPPAZZO, ESQ.

29