**Exhibit B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

QAZIM B. KRASNIQI,   Index No. 158520/2013

Plaintiff,

-against-   RESPONSE OF KMART
   CORPORATION
KORPENN LLC, SEARS HOLDINGS CORPORATION,   TO PLAINTIFF'S
SEARS, ROEBUCK AND CO., KMART CORPORATION,   DISCOVERY DEMAND
KMART HOLDING CORPORATION, SCHINDLER
ELEVATOR CORPORATION, ONE PENN PLAZA LLC,

Defendants.

-------------------------------------------------------------------x

Defendant Kmart Corporation ("Responding Party Kmart Corporation"), by its attorneys, Lynch Rowin LLP, for its response to plaintiff's Discovery Demand, states as follows:

1.-2.   **Insurance**:   Responding Party Kmart Corporation states that it is responsible for the first $5,000,000 of every loss.

3.   **Adverse Party Statements**:   No such statements are in the possession of Responding Party Kmart Corporation other than what may appear in the Incident Report annexed hereto and plaintiff's medical records.

4.   **Witnesses**:   Kevin McCarthy, Loss Prevention Associate, Responding Party Kmart Corporation, c/o Lynch Rowin LLP.

Jose Pagan, former Loss Prevention Associate, Responding Party Kmart

Corporation, last known address 2557 Marion Avenue, Bronx, New York..

Frank Junior, c/o Schindler Elevator Corporation.

EMT Badge No. 6105

5. <u>Incident Reports</u>: <u>See</u> Incident Report annexed hereto.

6. <u>Site Photographs</u>: <u>See</u> photographs annexed hereto.

7. <u>Surveillance Media and Photographs Depicting Plaintiff</u>: No surveillance media or photographs depicting the plaintiff are in the possession of Responding Party Kmart Corporation.

8. <u>Names and Addresses of All Employees on Site at Time of Incident</u>: Responding Party Kmart Corporation objects to this demand on the grounds that it is unduly burdensome, seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and overbroad in scope, in that it is not limited to the subject matter of the complaint.

Subject to and without waiving said objections, Jose Pagan was the first Associate aware of the subject incident and Kevin McCarthy responded to the incident scene and conducted an investigation of the incident.

9. <u>Copies of All Contracts Entered By Defendants</u>: Responding Party Kmart Corporation states that the subject agreement between itself and Schindler Elevator Corp. contains information that is confidential and proprietary. Responding Party

2

Kmart Corporation will produce a copy of said agreement, redacted as to financial terms, upon entry of the Confidentiality Stipulation provided herewith.

10. <u>Identity of Entities Conducting Maintenance and Repair of Escalator and Premises</u>: Responding Party Kmart Corporation objects to this demand on the grounds that it is overbroad in scope, in that it is not limited to the subject matter of the complaint, overbroad in time, in that it is not limited to a reasonable period before the incident and seeks information that is post-incident, and otherwise seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Kmart Corporation states that it contracted with Schindler Elevator Corp. for the inspection, maintenance and repair of the subject escalator during the relevant time period.

11. <u>Dates of Repairs Upon Subject Escalator and/or Premises</u>: Responding Party Kmart Corporation objects to this demand on the grounds that it is overbroad in scope, in that it is not limited to the subject matter of the complaint, overbroad in time, in that it is not limited to a reasonable period before the incident and seeks information that is post-incident, and otherwise seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Responding Party Kmart

3

Corporation is not aware of the specific dates of repairs for the subject escalator other than what may appear in the Incident Report.

12. <u>Copies of Maintenance and Repair Records for Subject Escalator</u>: Responding Party Kmart Corporation objects to this demand on the grounds that it is overbroad in time, in that it is not limited to a reasonable period before the incident and seeks information that is post-incident, and otherwise seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Responding Party Kmart Corporation is not in possession of the requested records for the subject escalator.

13. <u>Copies of Maintenance Schedules for Subject Escalator and Premises</u>: Responding Party Kmart Corporation objects to this demand on the grounds that it is overbroad in scope, in that it is not limited to the subject matter of the complaint, and otherwise seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Responding Party Kmart Corporation is not in possession of the requested schedules for the subject escalator.

14. <u>Prior and Subsequent Escalator Incidents</u>: Responding Party Kmart Corporation objects to this demand on the grounds that it is overbroad in time, in that it is not limited to a reasonable period before the incident and seeks information that is

4

post-incident, overbroad in scope, in that it is not limited to the subject matter of the complaint, and otherwise seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party Kmart Corporation further objects to this demand on the grounds that plaintiff has not identified a specific defective condition of the subject escalator, thereby requiring Responding Party Kmart Corporation to speculate concerning the similarity of incident patterns and hazards.

15. <u>Site History Report for the Subject Escalator and Premises</u>: Responding Party Kmart Corporation objects to this demand on the grounds that it is overbroad in time, in that it is not limited to a reasonable period before the incident and seeks information that is post-incident, overbroad in scope, in that it is not limited to the subject matter of the complaint, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Responding Party Kmart Corporation is not in possession of a site history report for the subject escalator.

16. <u>Check Charts for the Subject Escalator</u>: Responding Party Kmart Corporation objects to this demand on the grounds that the term "check charts" is vague and ambiguous. Responding Party Kmart Corporation further objects to this demand on the grounds that it is overbroad in time, in that it is not limited to a reasonable period

5

before the incident and seeks information that is post-incident, and otherwise seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, and to the extent Responding Party Kmart Corporation understands this demand, no such "check charts" are in its possession for the subject escalator.

17.    <u>Logbooks for the Subject Escalator</u>: Kmart Corporation objects to this demand on the grounds that it is overbroad in time, in that it is not limited to a reasonable period before the incident and seeks information that is post-incident, and otherwise seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, no such logbooks are in the possession of Responding Party Kmart Corporation.

18.    <u>Escalator Violations</u>:  Kmart Corporation objects to this demand on the grounds that it is overbroad in time, in that it is not limited to a reasonable period before the incident and seeks information that is post-incident, and otherwise seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party Kmart Corporation further objects to this demand on the grounds that the information requested is publicly available.

6

19. <u>Expert Disclosure</u>: Responding Party Kmart Corporation has not yet designated any expert witnesses. When it has done so, this response will be supplemented.

Dated: New York, New York
February 12, 2015

                                LYNCH ROWIN LLP

                                By: _____
                                Karen L. Kirshenbaum
                                30 Vesey Street, 8th Floor
                                New York, New York 10007-4202
                                (212) 682-4001
                                Attorneys for Defendants
                                 Sears Holdings Corporation, Sears,
                                 Roebuck and Co., Kmart Corporation
                                Kmart Holding Corporation, Korpenn
                                LLC and One Penn Plaza LLC

TO: STEFANO A. FILIPPAZZO, P.C.
16 Court Street, 29th Floor
Brooklyn, New York 11241
(718) 855-1350
Attorneys for Plaintiff

SABATINI & ASSOCIATES
237 West 35th Street, Suite 1502
New York, New York 10001
(212) 239-5900
Attorneys for Defendant
   Schindler Elevator Corporation

7