**Exhibit D**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X
QAZIM B. KRASNIQI,

                Plaintiff,

-against-

KORPENN LLC,
SEARS HOLDINGS CORPORATION,
SEARS, ROEBUCK AND CO.,
KMART CORPORATION,
KMART HOLDING CORPORATION,
SCHINDLER ELEVATOR CORPORATION,
ONE PENN PLAZA LLC,

                Defendants.
------------------------------------------X

Index No.: 158520/2013

**VERIFIED**
**BILL OF PARTICULARS**

SABATINI & ASSOCIATES
APR 18 2014
RECEIVED

COUNSEL:

    Plaintiff, by his attorneys, STEFANO A. FILIPPAZZO, P.C., responding to the demands of the Defendant, **SCHINDLER ELEVATOR CORPORATION**, for a Verified Bill of Particulars, alleges, upon information and belief, as follows:

    1.    The date of the occurrence was January 10, 2011.

    2.    Objection as evidentiary in nature, improperly requesting interrogatories and otherwise beyond the scope of a bill of particulars. Notwithstanding this objection and without waiving it, plaintiff responds he fell and was caused to sustain injury as a result of a defective and dangerous escalator, bearing Identification Number 1E20022, and located at the premises denominated 250 West 34th Street, New York, New York a/k/a One Penn Plaza, New York, New York.

1

3. Objection as evidentiary in nature, improperly requesting interrogatories and otherwise beyond the scope of a bill of particulars. Notwithstanding this objection and without waiving it, plaintiff responds that the Defendants, their agents, licensees, servants and/or employees were careless, reckless and negligent in the ownership, operation, management, maintenance and control of an escalator; in failing to provide Plaintiff with a safe place to work; in failing to provide adequate maintenance and repair; in causing and/or permitting unsafe conditions to exist at the aforesaid premises which constituted a danger, hazard and menace to the safety of the Plaintiff; in failing to provide a safety fence on said escalator; in failing to provide adequate illumination on said escalator; in failing to warn and/or apprise the Plaintiff of hazardous conditions; in causing and/or permitting hazardous and dangerous conditions to exist in violation of law; in failing to take necessary steps and measures to protect the life of the Plaintiff; in causing and/or permitting the Plaintiff to travel and be exposed to dangerous circumstances without the benefit of adequate and appropriate protection for Plaintiff's safety and welfare; in causing and/or permitting the existence of a condition which was dangerous, hazardous and unsafe; in failing to construct, shore, equip, place, guard, arrange and maintain the freight escalator so as to give proper protection to the Plaintiff; in

failing to take reasonable precautions to control, supervise, inspect and otherwise assure that Plaintiff could traverse on the escalator under safe conditions, such that there was an undue risk of injury under the circumstances then and there existing; in causing, permitting and/or allowing the aforementioned freight escalators to be, become and remain unsafe for members of the general public to traverse; in causing, permitting and/or allowing the aforesaid freight escalator to become hazardous and trap-like, constituting a nuisance and hazard upon the premises; in causing a hazard to persons lawfully present on the aforesaid premises; in causing and/or permitting the aforementioned conditions to be existent for a considerable length of time prior to the incident, and the Defendants their agents, servants and/or employees knew or should have known that such hazardous conditions would present a hazard and danger to persons present on the freight escalator, including the Plaintiff; in failing to correct or remedy such conditions all of which Defendant had actual and constructive notice of; in failing to inspect said freight escalators; in failing to warn or apprise the Plaintiff of the danger to Plaintiff's person; in failing to properly barricade or safeguard said conditions; in allowing a dangerous condition to exist causing a hazard to the life and limb of Plaintiff; in failing to use reasonable care, caution and forbearance that should have been exercised under the

circumstances and the situation that prevailed and existed at the time and place of said occurrence; in violating the laws of the State of New York and the rules, regulations, and ordinances of the City of New York in force and effect at the time of the happening of this incident; all these conditions were in the exclusive control of the Defendants, their agents, servants and/or employees and they had due notice of or by reasonable care and inspection could have avoided same.

4. Objection as vague and unclear.

5. Defendant violated the laws of the State of New York State and the rules, regulations, and ordinances of the City of New York in force and effect at the time of the happening of this incident. The Plaintiff will respectfully request that the Court take judicial notice of the statutes or ordinances violated by Defendants. Furthermore, Plaintiff will rely on the Doctrine of Res Ipsa Loquitor. Lastly, Plaintiff reserves its right to supplement this response after further discovery proceedings including but not limited to examinations before trial.

6.  Plaintiff, QAZIM B. KRASNIQI, sustained the following permanent personal injuries as a result of his incident of January 10, 2011:

(a) Concussion;
(b) postconcussion syndrome;
(c) cerebral dysfunction;
(d) neuropsychological impairment secondary to cerebral dysfunction;
(e) right orbital floor blowout fracture or dehiscence;
(f) Headaches;
(g) Dizziness;
(h) anxiety;
(i) Receptive aphasia;
(j) Antalgic gate;
(k) Difficulty walking
(l) Walks with a limp;
(m) Requires assistance of a cane to ambulate;
(n) Leg weakness;
(o) Antalgic weakness of upper extremities;
(p) Antalgic weakness of the lower extremities;
(q) Neck injury
(r) disc herniation at C4-5;
(s) encroachment upon the spinal canal by disc material at C4-C5;
(t) narrowing of the left neural foramen at C4-5;
(u) disc bulge at C5-6;
(v) disc herniation at C5-6;
(w) compromise of the neural foramina at C5-6;
(x) cervical radiculitis;
(y) cervical radiculopathy;
(z) neck pain, numbness and weakness, radiating to the arms;
(aa) Low back injury;
(bb) disc bulge at L4-5
(cc) disc herniation at L4-5;
(dd) encroaching upon the left lateral recess by disc material at L4-5;
(ee) Lumbar radiculitis;
(ff) Lumbar radiculopathy;
(gg) (z) neck pain, numbness and weakness, radiating to the legs;
(hh) Severe physical pain and suffering;

5

(ii)   emotional distress;
(jj)   mental anguish;
(kk)   fatigue;
(ll)   difficulty sleeping;
(mm)   body aches and pains;
(nn)   nerve damage;
(oo)   difficulty in performing activities of daily living;
(pp)   malaise;
(qq)   difficulty walking;
(rr)   difficulty carrying;
(ss)   Neck pain;
(tt)   decreased range of motion of the neck;
(uu)   Neck sprain;
(vv)   Neck strain;
(ww)   Neck spasm;
(xx)   Neck tenderness;
(yy)   Neck myofascial derangement;
(zz)   Low back injury;
(aaa)  Low back pain;
(bbb)  decreased range of motion of the low back;
(ccc)  Low back sprain;
(ddd)  Low back strain;
(eee)  Low back spasm;
(fff)  Low back tenderness;
(ggg)  Low back myofascial derangement;
(hhh)  Paraspinal muscle spasm;
(iii)  Paraspinal muscle sprain;
(jjj)  Paraspinal muscle strain;
(kkk)  Paraspinal muscle tenderness;
(lll)  Trapezius muscle spasm;
(mmm)  Trapezius muscle spasm;
(nnn)  Trapezius muscle sprain;
(ooo)  Trapezius muscle strain;
(ppp)  Trapezius muscle tenderness;
(qqq)  physical therapy;
(rrr)  rehabilitation therapy;
(sss)  has been deprived of the ability to enjoy all normal functions and pleasures of life;
(ttt)  has been required to obtain goods and services related to her injuries.

The above enumerated injuries were caused by the subject occurrence. The above injuries involve the surrounding muscles,

tendons, ligaments, tissues, soft tissue, fascia, connective tissues, epithelial tissues, cartilage, nerves and nerve tissue, nerve roots, ganglions, nerve fibers and system, blood vessels and blood supply, lymphatic vessels and system, musculature and bone structure surrounding the areas of the injury. The injuries have resulted in pain, deformity, disability, stiffness, tenderness, tingling sensation, weakness and limitation and have further prevented the claimant from enjoying the normal fruits of his activities, including but not limited to social, economic and educational.

7. All the injuries are permanent and may grow progressively worse in their end effects, residuals, results, symptoms and extent and will cause and/or accelerate traumatic and/or osteoarthritis and/or other conditions connected and related to the aging process.

8 - 9. There are no preexisting injuries.

10. As a result of the defendant's negligence, plaintiff was confined to:

    (a) bed home intermittently from the date of her incident of January 10, 2011 until the present date and continuing;

    (b) home intermittently from the date of her incident of January 10, 2011 until the present date and continuing;

    (c) hospital for approximately two weeks and can expect to be confined as such for additional periods in the future.

11. Special damages, are incomplete and continuing, as follows:

(a) Hospital expenses in connection with this matter are estimated at $50,000.00;

(b) Objection as to the demand for "other medical care as vague and unclear. Notwithstanding this objection and without waiving it, plaintiff responds that Physicians services are estimated at $50,000.00;

(c) Radiological studies and diagnostic tests are estimated at $20,000.00;

(d) There are no expenses in connection with nursing services to date, other than such expenses included with said Hospital expenses;

(e) medication expenses are estimated at $5,000.00;

(f) Objection as to the demand for "other medically-related devices" as vague and unclear. Notwithstanding this objection and without waiving it, plaintiff responds that medical supplies are estimated at $5,000.00;

(g) Objection as to the demand for "other" special damages as vague and unclear. Notwithstanding this objection and without waiving it, plaintiff responds and loss of earnings information, if any, will be provided at deposition. Documentation in connection with loss of earnings information

8

will be provided under separate cover; rehabilitation and physical therapy are estimated at $100,000.00.

12 - 13. employment and loss of earnings information, if any, will be provided at deposition. Documentation in connection with loss of earnings information will be provided under separate cover.

14. Date of birth of plaintiff is April 15, 1947. The plaintiff's residence address for all relevant times is 26 Adams Street, Staten Island, New York. Objection as to the demand for plaintiff's social security number as palpably improper. Notwithstanding this objection and without waiving it, plaintiff responds that his social security number will be provided along with authorizations for records, if necessary.

15. Objection as to the demand for a statement concerning "other damage or relief" claimed as vague and unclear.

Dated: Brooklyn, New York
       April 16, 2014

Yours etc.,
STEFANO A. FILIPPAZZO, P.C.

_____
STEFANO A. FILIPPAZZO, ESQ.
Attorneys for Plaintiff
16 Court Street, 28th Floor
Brooklyn, New York 11241
P: 718.855.1350

### ATTORNEY'S VERIFICATION

STEFANO A. FILIPPAZZO, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am the attorney of record for the Plaintiffs, I have read the annexed **Verified Bill of Particulars** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not the Plaintiffs is that Plaintiffs are not presently in the County wherein the attorney for the Plaintiffs maintains his offices.

Dated: Brooklyn, New York
April 16, 2014

_____
STEFANO A. FILIPPAZZO, ESQ.