**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* TO RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD LLP, AS COUNSEL, EFFECTIVE <u>*NUNC PRO TUNC*</u> TO OCTOBER 24, 2018

Upon the application, dated November 28, 2018 (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

for the Southern District of New York (the "Local Rules"), authorizing the Creditors' Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), and upon the declaration of Ira S. Dizengoff, a partner of Akin Gump, dated November 28, 2018 (the "Dizengoff Declaration") and the declaration of Ronald M. Tucker on behalf of Simon Property Group L.P., in its capacity as co-chair of the Creditors' Committee, dated November 28, 2018 (the "Tucker Declaration" and, together with the Dizengoff Declaration, the "Declarations"); and it appearing that the attorneys of Akin Gump who will perform services on behalf of the Creditors' Committee in the Chapter 11 Cases are duly qualified to practice before this Court; and the Court finding, based on the representations made in the Application and the Declarations, that Akin Gump does not hold or represent any interest adverse to the Creditors' Committee or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and as required by Bankruptcy Code section 328, that its employment is necessary and in the best interests of the Creditors' Committee and the Debtors' estates; and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and finding that adequate notice of the Application and the opportunity for a hearing thereon has been given; and there being no objections to the requested elief; and no additional notice or a hearing being required; and upon all of the

proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1. The relief requested in the Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Creditors' Committee is authorized and empowered to retain and employ Akin Gump as its counsel to represent it in these Chapter 11 Cases and related matters and proceedings on the terms set forth in the Application and the Declarations, effective *nunc pro tunc* to October 24, 2018.

3. Akin Gump shall be compensated and reimbursed in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines an orders of the Court..

4. Akin Gump shall file a supplemental declaration with this Court and give not less than 10 business days' notice to the Debtors, the U.S. Trustee, and the Creditors' Committee prior to implementing any increases in the rates set forth in the Dizengoff Declaration in this case. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Creditors Committee has consented to the rate increase.

5. To the extent any provision of the Application is inconsistent with this Order, the terms of this Order shall govern.

6. The Creditors' Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: White Plains, New York
December 10, 2018

/s/ Robert D. Drain

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE