**Exhibit A**

FILED: NEW YORK COUNTY CLERK 08/18/2017 10:22 AM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------X

ANTHONY SCULLARI,                            Index No.: 159054/15
                                             Purchased: 9/1/15
                    Plaintiff,

            -against-                        Plaintiff designates
                                             **NEW YORK** County as the
                                             place of trial.
S.A. BONSIGNORE,                             The basis of venue:
BRIAN STRAFFORD,                             CPLR 509
MIDWOOD MANAGEMENT CORP.,                    **SECOND**
FARMINGVILLE ASSOCIATES,                     **SUPPLEMENTAL SUMMONS**
BURGER KING CORPORATION,
L.I. RESTAURANT ASSOCIATES, L.P.,
TGI FRIDAY'S INC.,
KMART CORPORATION,                           Plaintiff resides at:
                    Defendants.              10 Second Avenue
                                             Rocky Point, New York
-------------------------------------X

To the above-named Defendants:
    YOU ARE HEREBY SUMMONED to answer the complaint in this
action and to serve a copy of your answer, or, if the complaint
is not served with this summons, to serve a notice of
appearance, on the Plaintiff's attorney(s) within 20 days after
the service of this Summons, exclusive of the day of service (or
within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will
be taken against you by default for the relief demanded in the
complaint.
Dated: Brooklyn, New York
       August 18, 2017
                          Yours, etc.,
                          STEFANO A. FILIPPAZZO, P.C.


                          _____
                          STEFANO A. FILIPPAZZO, ESQ.
                          Attorneys for Plaintiff
                          16 Court Street, 28th Floor
                          Brooklyn, New York 11241
                          P: 718.855.1350

I

FILED: NEW YORK COUNTY CLERK 08/31/2017 10:22 AM                    INDEX NO. 159054/2015
NYSCEF DOC. NO. 31                                                 RECEIVED NYSCEF: 08/18/2017

**Service List:**

- BURGER KING CORPORATION — Secretary of State;
- L.I. RESTAURANT ASSOCIATES, L.P. — Secretary of State;
- TGI FRIDAY'S INC. — Secretary of State
- KMART CORPORATION - Secretary of State

To:  Brian Liferiedge, Esq.
     HARRIS, KING, FODERA & CORREIA
     **Attorneys for Defendant**
     MIDWOOD MANAGEMENT CORP.
     FARMINGVILLE ASSOCIATES
     One Battery Park Plaza, 29th Floor
     New York, New York 10004
     P: 212.487.9701

     RIVKIN RADLER LLP
     **Attorneys for Defendants**
     S.A. BONSIGNORE and
     BRIAN STAFFORD
     926 RXR Plaza, 10th Floor
     Uniondale, New York 11556
     P: 516.357.3000

2

FILED: NEW YORK COUNTY CLERK 08/18/2017 03:12 PM    INDEX NO. 159054/2015
NYSCEF DOC. NO. 32                                        RECEIVED NYSCEF: 08/18/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------X
ANTHONY SCULLARI,                        Index No.: 159054/15

                    Plaintiff,

            -against-

S.A. BONSIGNORE,
BRIAN STRAFFORD,
MIDWOOD MANAGEMENT CORP.,                **SECOND**
FARMINGVILLE ASSOCIATES,                 **AMENDED COMPLAINT**
BURGER KING CORPORATION,
L.I. RESTAURANT ASSOCIATES, L.P.,
TGI FRIDAY'S INC.,
KMART CORPORATION,
                    Defendants.

------------------------------------X

        Plaintiff, by his attorneys, STEFANO A. FILIPPAZZO, P.C.,
complaining of the Defendants, respectfully alleges the
following upon information and belief:

### BACKGROUND

        1.    That at all times hereinafter mentioned and on October
31, 2014, Plaintiff was and still is a resident of the County of
Suffolk, State of New York.

        2.    That on October 31, 2014, the Defendant S.A.
BONSIGNORE was and still is a resident of the State of New York,
County of Suffolk.

3

FILED: NEW YORK COUNTY CLERK 08/18/2017 11:27 AM   INDEX NO. 159054/2015
NYSCEF DOC. NO. 32   RECEIVED NYSCEF: 08/18/2017

3.   That on October 31, 2014, the Defendant BRIAN STRAFFORD was and still is a resident of the State of New York, County of Nassau.

4.   That at all times hereinafter mentioned and on October 31, 2014, the Defendant MIDWOOD MANAGEMENT CORP., was and still is a domestic business corporation authorized to conduct business in the State of New York.

5.   That Defendant MIDWOOD MANAGEMENT CORP. maintains an office for the conducting of its business in the County of New York, and State of New York.

6. That at all times hereinafter mentioned and on October 31, 2014, the Defendant FARMINGVILLE ASSOCIATES, was and still is a General Partnership authorized to conduct business in the State of New York.

7.   That Defendant FARMINGVILLE ASSOCIATES maintains an office for the conducting of its business in the County of Suffolk, and State of New York.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>

8. Plaintiff repeats, realleges and reiterates each and every allegation as contained in paragraphs "1" through "7" hereof with the same force and effect as if set forth herein at length.

4

9.   That on October 31, 2014 the Defendant S.A. BONSIGNORE owned a certain vehicle bearing license plate number 15803MG, as issued by the State of New York.

10.   That on October 31, 2014 the Defendant S.A. BONSIGNORE maintained a certain vehicle bearing license plate number 15803MG, as issued by the State of New York.

11.   That on October 31, 2014 the Defendant S.A. BONSIGNORE controlled a certain vehicle bearing license plate number 15803MG, as issued by the State of New York.

12.   That on October 31, 2014 the Defendant S.A. BONSIGNORE operated a certain vehicle bearing license plate number 15803MG, as issued by the State of New York.

13.   That on October 31, 2014 the Defendant S.A. BONSIGNORE operated a certain vehicle bearing license plate number 15803MG, as issued by the State of New York with the knowledge and consent of defendant BRIAN STRAFFORD.

14.   That on October 31, 2014 the Defendant BRIAN STRAFFORD negligently entrusted a certain vehicle bearing license plate number 15803MG, as issued by the State of New York to defendant S.A. BONSIGNORE.

15.   That on October 31, 2014 the Plaintiff was the lawful driver of a vehicle bearing license plate number GRN8128, as

5

FILED: NEW YORK COUNTY CLERK 03/31/2017 10:22 AM   INDEX NO. 159054/2015
NYSCEF DOC. NO. 32                                           RECEIVED NYSCEF: 08/18/2017

issued by the State of New York, (hereinafter "THE PLAINTIFF'S VEHICLE").

16. That on October 31, 2014 defendant S.A. BONSIGNORE caused a collision between a certain vehicle bearing license plate number 15803MG, as issued by the State of New York and PLAINTIFF'S VEHICLE while driving on North Ocean Avenue near the intersection of Bound Road, County of Suffolk, State of New York, at the time of this incident.

17. That said occurrence was caused by reason of the negligence of Defendant S.A. BONSIGNORE, and the Plaintiff sustained serious and permanent personal injuries.

18. That on October 31, 2014 the Defendant S.A. BONSIGNORE was reckless, careless and negligent in maintenance, control of his vehicle; and in failing to keep his vehicle under proper control, in failing to observe the traffic and roadway conditions; in traveling in an excessive and unsafe rate of speed; in failing to properly steer the vehicle and use the brakes.

19. As a result of the foregoing, the Plaintiff sustained serious and permanent personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than the basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

6

FILED: NEW YORK COUNTY CLERK 08/18/2017 02:22 AM    INDEX NO. 159054/2015
NYSCEF DOC. NO. 32    RECEIVED NYSCEF: 08/18/2017

20. This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

21. That as a result of the foregoing, the Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

22. Plaintiff repeats, realleges and reiterates each and every allegation as contained in paragraphs "1" through "21" hereof with the same force and effect as if set forth herein at length.

23. That on October 31, 2014 the Defendant BRIAN STRAFFORD owned a certain vehicle bearing license plate number 15803MG, as issued by the State of New York.

24. That on October 31, 2014 the Defendant BRIAN STRAFFORD maintained a certain vehicle bearing license plate number 15803MG, as issued by the State of New York.

25. That on October 31, 2014 the Defendant BRIAN STRAFFORD controlled a certain vehicle bearing license plate number 15803MG, as issued by the State of New York.

26. That on October 31, 2014 the Defendant BRIAN STRAFFORD operated a certain vehicle bearing license plate number 15803MG, as issued by the State of New York.

7

FILED: NEW YORK COUNTY CLERK 07/31/2017 10:22 AM                    INDEX NO. 159054/2015
NYSCEF DOC. NO. 32                                          RECEIVED NYSCEF: 08/18/2017

27.  That on October 31, 2014 the Defendant S.A. BONSIGNORE operated a certain vehicle bearing license plate number 15803MG, as issued by the State of New York with the knowledge and consent of defendant BRIAN STRAFFORD.

28.  That on October 31, 2014 the Defendant BRIAN STRAFFORD negligently entrusted a certain vehicle bearing license plate number 15803MG, as issued by the State of New York to defendant S.A. BONSIGNORE.

29.  That on October 31, 2014 the Plaintiff was the lawful driver of THE PLAINTIFF'S VEHICLE.

30.  That on October 31, 2014 defendant S.A. BONSIGNORE caused a collision between a certain vehicle bearing license plate number 15803MG, as issued by the State of New York and PLAINTIFF'S VEHICLE while driving on North Ocean Avenue near the intersection of Bound Road, County of Suffolk, State of New York, at the time of this incident.

31.  That said occurrence was caused by reason of the negligence of Defendant BRIAN STRAFFORD, and the Plaintiff sustained serious and permanent personal injuries.

32.  That on October 31, 2014 the Defendant BRIAN STRATFORD was reckless, careless and negligent in maintenance, control of his vehicle; and in failing to keep his vehicle under proper control, in failing to observe the traffic and roadway

8

FILED: NEW YORK COUNTY CLERK 08/18/2017 02:21 AM   INDEX NO. 157054/2015
NYSCEF DOC. NO. 32                                          RECEIVED NYSCEF: 08/18/2017

conditions; in traveling in an excessive and unsafe rate of speed; in failing to properly steer the vehicle and use the brakes.

33. As a result of the foregoing, the Plaintiff sustained serious and permanent personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than the basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

34. This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

35. That as a result of the foregoing, the Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" inclusive, as if hereinafter set forth at length.

37. That on October 31, 2014 the Defendant MIDWOOD MANAGEMENT CORP. the owner of the premises designated The Expressway Plaza Shopping Center located at 2240 North Ocean Avenue, Farmingville, New York a/k/a 2250 North Ocean Avenue, Farmingville, New York a/k/a 2280 through 2390 North Ocean

9

FILED: NEW YORK COUNTY CLERK 07/31/2017 Amended Complaint Pg 11 of 27 INDEX NO. 59054/2015

NYSCEF DOC. NO. 32                                                      RECEIVED NYSCEF: 08/18/2017

Avenue, Farmingville, New York, (hereinafter referred to as THE PREMISES).

38. That on October 31, 2014 the Defendant MIDWOOD MANAGEMENT CORP. was the lessor THE PREMISES.

39. That on October 31, 2014 the Defendant MIDWOOD MANAGEMENT CORP. was the lessee THE PREMISES.

40. That on October 31, 2014 the Defendant MIDWOOD MANAGEMENT CORP. managed THE PREMISES.

41. That on October 31, 2014 the Defendant MIDWOOD MANAGEMENT CORP. maintained THE PREMISES.

42. That on October 31, 2014 the Defendant MIDWOOD MANAGEMENT CORP. operated THE PREMISES.

43. That on October 31, 2014 the Defendant MIDWOOD MANAGEMENT CORP. controlled THE PREMISES.

44. That on October 31, 2014 the Defendant MIDWOOD MANAGEMENT CORP. allowed THE PREMISES to become and remain dangerous and/or defective.

45. That on October 31, 2014 while this Plaintiff was lawfully upon THE PREMISES, he was caused to sustain severe personal injuries as a result of the negligence on the part of Defendant MIDWOOD MANAGEMENT CORP.

10

FILED: NEW YORK COUNTY CLERK 01/30/2017 02:22 AM   INDEX NO. 152054/2015
NYSCEF DOC. NO. 32                                                RECEIVED NYSCEF: 08/18/2017

46. That said occurrence was caused by reason of the negligence of this Defendant and the Plaintiff, sustained serious and permanent personal injuries.

47. That this incident was caused by the reason of the negligence, recklessness and carelessness of this Defendant, its agents, servants, employees and/or licensees due to the negligent maintenance, operation, control, placement, design and/or repair of Traffic Control Devices at THE ROADWAY.

48. Plaintiff will rely on the Doctrine of Res Ipsa Loquitor.

49. That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent. Plaintiff has incurred and will incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from attending his occupation causing a loss of past and future earnings.

50. As a result of the foregoing, the Plaintiff sustained serious and permanent personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than the basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

11

FILED: NEW YORK COUNTY CLERK 07/31/2017 10:22 AM   INDEX NO. 159054/2015

NYSCEF DOC. NO. 32                                          RECEIVED NYSCEF: 08/18/2017

51.   This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

52.   That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A FOURTH CAUSE OF ACTION

53.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" inclusive, as if hereinafter set forth at length.

54.   That on October 31, 2014 the Defendant FARMINGVILLE ASSOCIATES was the owner of THE PREMISES.

55.   That on October 31, 2014 the Defendant FARMINGVILLE ASSOCIATES was the lessor THE PREMISES.

56.   That on October 31, 2014 the Defendant FARMINGVILLE ASSOCIATES was the lessee THE PREMISES.

57.   That on October 31, 2014 the Defendant FARMINGVILLE ASSOCIATES managed THE PREMISES.

58.   That on October 31, 2014 the Defendant FARMINGVILLE ASSOCIATES maintained THE PREMISES.

59.   That on October 31, 2014 the Defendant FARMINGVILLE ASSOCIATES operated THE PREMISES.

60.   That on October 31, 2014 the Defendant FARMINGVILLE ASSOCIATES controlled THE PREMISES.

12

FILED: NEW YORK COUNTY CLERK 08/18/2017 10:22 AM    INDEX NO. 158054/2015
NYSCEF DOC. NO. 32    RECEIVED NYSCEF: 08/18/2017

61. That on October 31, 2014 the Defendant FARMINGVILLE ASSOCIATES allowed THE PREMISES to become and remain dangerous and/or defective.

62. That on October 31, 2014 while this Plaintiff was lawfully upon THE PREMISES, he was caused to sustain severe personal injuries as a result of the negligence on the part of Defendant FARMINGVILLE ASSOCIATES.

63. That said occurrence was caused by reason of the negligence of this Defendant and the Plaintiff, sustained serious and permanent personal injuries.

64. That this incident was caused by the reason of the negligence, recklessness and carelessness of this Defendant, its agents, servants, employees and/or licensees due to the negligent maintenance, operation, control, placement, design and/or repair of Traffic Control Devices at THE ROADWAY.

65. Plaintiff will rely on the Doctrine of Res Ipsa Loquitor.

66. That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent. Plaintiff has incurred and will incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from

13

FILED: NEW YORK COUNTY CLERK 07/15/2017 10:22 AM       INDEX NO. 159054/2015
NYSCEF DOC. NO. 32                                      RECEIVED NYSCEF: 08/18/2017

attending his occupation causing a loss of past and future earnings.

67. As a result of the foregoing, the Plaintiff sustained serious and permanent personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than the basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

68. This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

69. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "69" inclusive, as if hereinafter set forth at length.

71. That at all times hereinafter mentioned and on October 31, 2014, the Defendant BURGER KING CORPORATION, was and still is a foreign business corporation authorized to conduct business in the State of New York.

14

FILED: NEW YORK COUNTY CLERK 08/30/2017 10:22 AM    INDEX NO. 157054/2015
NYSCEF DOC. NO. 32                                      RECEIVED NYSCEF: 08/18/2017

72.  That Defendant BURGER KING CORPORATION maintains an office for the conducting of its business in the County of New York, and State of New York.

73.  That on October 31, 2014 the Defendant BURGER KING CORPORATION was a lessee of THE PREMISES.

74.  That on October 31, 2014 the Defendant BURGER KING CORPORATION managed THE PREMISES.

75.  That on October 31, 2014 the Defendant BURGER KING CORPORATION maintained THE PREMISES.

76.  That on October 31, 2014 the Defendant BURGER KING CORPORATION operated THE PREMISES.

77.  That on October 31, 2014 the Defendant BURGER KING CORPORATION controlled THE PREMISES.

78.  That on October 31, 2014 the Defendant BURGER KING CORPORATION allowed THE PREMISES to become and remain dangerous and/or defective.

79.  That on October 31, 2014 while this Plaintiff was lawfully upon THE PREMISES, he was caused to sustain severe personal injuries as a result of the negligence on the part of Defendant BURGER KING CORPORATION.

80.  That said occurrence was caused by reason of the negligence of this Defendant and the Plaintiff, sustained serious and permanent personal injuries.

15

FILED: NEW YORK COUNTY CLERK 08/18/2017 10:22 AM   INDEX NO. 759054/2015
NYSCEF DOC. NO. 32                                          RECEIVED NYSCEF: 08/18/2017

81.   That this incident was caused by the reason of the negligence, recklessness and carelessness of this Defendant, its agents, servants, employees and/or licensees due to the negligent maintenance, operation, control, placement, design and/or repair of Traffic Control Devices at THE ROADWAY.

82.   Plaintiff will rely on the Doctrine of Res Ipsa Loquitor.

83.   That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent.   Plaintiff has incurred and will incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from attending his occupation causing a loss of past and future earnings.

84.   As a result of the foregoing, the Plaintiff sustained serious and permanent personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than the basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

85.   This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

16

FILED: NEW YORK COUNTY CLERK 08/18/2017 10:22 AM        INDEX NO. 154054/2015
NYSEF DOC. NO. 32                                RECEIVED NYSCEF: 08/18/2017

86. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SIXTH CAUSE OF ACTION

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "86" inclusive, as if hereinafter set forth at length.

88. That at all times hereinafter mentioned and on October 31, 2014, the Defendant L.I. RESTAURANT ASSOCIATES, L.P., was and still is a domestic limited partnership authorized to conduct business in the State of New York.

89. That Defendant L.I. RESTAURANT ASSOCIATES, L.P. maintains an office for the conducting of its business in the County of New York, and State of New York.

90. That on October 31, 2014 the Defendant L.I. RESTAURANT ASSOCIATES, L.P. was a lessee of THE PREMISES.

91. That on October 31, 2014 the Defendant L.I. RESTAURANT ASSOCIATES, L.P. managed THE PREMISES.

92. That on October 31, 2014 the Defendant L.I. RESTAURANT ASSOCIATES, L.P. maintained THE PREMISES.

93. That on October 31, 2014 the Defendant L.I. RESTAURANT ASSOCIATES, L.P. operated THE PREMISES.

17

FILED: NEW YORK COUNTY CLERK 07/31/2017 10:22 AM    INDEX NO. 159054/2015
NYSCEF DOC. NO. 32                                          RECEIVED NYSCEF: 08/18/2017

94.   That on October 31, 2014 the Defendant L.I. RESTAURANT ASSOCIATES, L.P. controlled THE PREMISES.

95.   That on October 31, 2014 the Defendant L.I. RESTAURANT ASSOCIATES, L.P. allowed THE PREMISES to become and remain dangerous and/or defective.

96.   That on October 31, 2014 while this Plaintiff was lawfully upon THE PREMISES, he was caused to sustain severe personal injuries as a result of the negligence on the part of Defendant L.I. RESTAURANT ASSOCIATES, L.P..

97.   That said occurrence was caused by reason of the negligence of this Defendant and the Plaintiff, sustained serious and permanent personal injuries.

98.   That this incident was caused by the reason of the negligence, recklessness and carelessness of this Defendant, its agents, servants, employees and/or licensees due to the negligent maintenance, operation, control, placement, design and/or repair of Traffic Control Devices at THE ROADWAY.

99.   Plaintiff will rely on the Doctrine of Res Ipsa Loquitor.

100.  That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent.   Plaintiff has incurred and will

18

FILED: NEW YORK COUNTY CLERK 08/18/2017 10:22 AM    INDEX NO. 159054/2015
NYSCEF DOC. NO. 32                                        RECEIVED NYSCEF: 08/18/2017

incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from attending his occupation causing a loss of past and future earnings.

101. As a result of the foregoing, the Plaintiff sustained serious and permanent personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than the basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

102. This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

103. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A SEVENTH CAUSE OF ACTION

104. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "103" inclusive, as if hereinafter set forth at length.

105. That at all times hereinafter mentioned and on October 31, 2014, the Defendant TGI FRIDAY'S INC., was and still is a domestic business corporation authorized to conduct business in the State of New York.

19

106. That Defendant TGI FRIDAY'S INC. maintains an office for the conducting of its business in the County of New York, and State of New York.

107. That on October 31, 2014 the Defendant TGI FRIDAY'S INC. was a lessee of THE PREMISES.

108. That on October 31, 2014 the Defendant TGI FRIDAY'S INC. managed THE PREMISES.

109. That on October 31, 2014 the Defendant TGI FRIDAY'S INC. maintained THE PREMISES.

110. That on October 31, 2014 the Defendant TGI FRIDAY'S INC. operated THE PREMISES.

111. That on October 31, 2014 the Defendant TGI FRIDAY'S INC. controlled THE PREMISES.

112. That on October 31, 2014 the Defendant TGI FRIDAY'S INC. allowed THE PREMISES to become and remain dangerous and/or defective.

113. That on October 31, 2014 while this Plaintiff was lawfully upon THE PREMISES, he was caused to sustain severe personal injuries as a result of the negligence on the part of Defendant TGI FRIDAY'S INC.

114. That said occurrence was caused by reason of the negligence of this Defendant and the Plaintiff, sustained serious and permanent personal injuries.

20

FILED: NEW YORK COUNTY CLERK 05/30/2017 01:22 AM
NYSCEF DOC. NO. 32

115. That this incident was caused by the reason of the negligence, recklessness and carelessness of this Defendant, its agents, servants, employees and/or licensees due to the negligent maintenance, operation, control, placement, design and/or repair of Traffic Control Devices at THE ROADWAY.

116. Plaintiff will rely on the Doctrine of Res Ipsa Loquitor.

117. That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent. Plaintiff has incurred and will incur in the future considerable expenses for medical and hospital care and treatment and has been prevented from attending his occupation causing a loss of past and future earnings.

118. As a result of the foregoing, the Plaintiff sustained serious and permanent personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than the basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

119. This action falls within one or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules.

21

FILED: NEW YORK COUNTY CLERK 08/18/2017 ... INDEX NO. 159054/2015
NYSCEF DOC. NO. 32                                    RECEIVED NYSCEF: 08/18/2017

120. That as a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

121. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "120" inclusive, as if hereinafter set forth at length.

122. That at all times hereinafter mentioned and on October 31, 2014, the Defendant KMART CORPORATION, was and still is a foreign business corporation authorized to conduct business in the State of New York.

123. That Defendant KMART CORPORATION maintains an office for the conducting of its business in the County of New York, and State of New York.

124. That on October 31, 2014 the Defendant KMART CORPORATION was a lessee of THE PREMISES.

125. That on October 31, 2014 the Defendant KMART CORPORATION managed THE PREMISES.

126. That on October 31, 2014 the Defendant KMART CORPORATION maintained THE PREMISES.

127. That on October 31, 2014 the Defendant KMART CORPORATION operated THE PREMISES.

22

FILED: NEW YORK COUNTY CLERK 08/31/2017 10:22 AM   INDEX NO. 159054/2015
NYSCEF DOC. NO. 32                                RECEIVED NYSCEF: 08/18/2017

128. That on October 31, 2014 the Defendant KMART CORPORATION controlled THE PREMISES.

129. That on October 31, 2014 the Defendant KMART CORPORATION allowed THE PREMISES to become and remain dangerous and/or defective.

130. That on October 31, 2014 while this Plaintiff was lawfully upon THE PREMISES, he was caused to sustain severe personal injuries as a result of the negligence on the part of Defendant KMART CORPORATION.

131. That said occurrence was caused by reason of the negligence of this Defendant and the Plaintiff, sustained serious and permanent personal injuries.

132. That this incident was caused by the reason of the negligence, recklessness and carelessness of this Defendant, its agents, servants, employees and/or licensees due to the negligent maintenance, operation, control, placement, design and/or repair of Traffic Control Devices at THE ROADWAY.

133. Plaintiff will rely on the Doctrine of Res Ipsa Loquitor.

134. That as a result of the foregoing Plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame and disabled and Plaintiff's injuries will be permanent.  Plaintiff has incurred and will

23

FILED: NEW YORK COUNTY CLERK 07/31/2017 10:22 AM   INDEX NO. 159054/2015
NYSCEF DOC. NO. 32                                              RECEIVED NYSCEF: 08/18/2017

incur in the future considerable expenses for medical and
hospital care and treatment and has been prevented from
attending his occupation causing a loss of past and future
earnings.

135. As a result of the foregoing, the Plaintiff sustained
serious and permanent personal injuries as defined in Section
5102(d) of the Insurance Law of the State of New York, and/or
economic loss greater than the basic economic loss as defined in
Section 5102(a) of the Insurance Law of the State of New York.

136. This action falls within one or more of the exceptions
set forth in Article 16 of the Civil Practice Law and Rules.

137. That as a result of the foregoing, Plaintiff has been
damaged in a sum exceeding the jurisdictional limits of all
lower courts.

**WHEREFORE** the Plaintiff demands judgment on the First Cause
of Action against Defendant S.A. BONSIGNORE in a sum exceeding
the jurisdictional limits of all lower Courts; Plaintiff demands
judgment on the Second Cause of Action against Defendant BRIAN
STRAFFORD in a sum exceeding the jurisdictional limits of all
lower Courts; Plaintiff demands judgment on the Third Cause of
Action against Defendant MIDWOOD MANAGEMENT CORP. in a sum
exceeding the jurisdictional limits of all lower Courts;
Plaintiff demands judgment on the Fourth Cause of Action against

24

Defendant FARMINGVILLE ASSOCIATES in a sum exceeding the jurisdictional limits of all lower Courts; Plaintiff demands judgment on the Fifth Cause of Action against Defendant BURGER KING CORPORATION in a sum exceeding the jurisdictional limits of all lower Courts; Plaintiff demands judgment on the Sixth Cause of Action against Defendant L.I. RESTAURANT ASSOCIATES, L.P. in a sum exceeding the jurisdictional limits of all lower Courts; Plaintiff demands judgment on the Seventh cause of Action against Defendant TGI FRIDAY'S INC. in a sum exceeding the jurisdictional limits of all lower Courts; Plaintiff demands judgment on the Eighth cause of Action against Defendant KMART CORPORATION in a sum exceeding the jurisdictional limits of all lower Courts; all together with the interest, costs and disbursements of this action.

Dated:    Brooklyn, New York
          August 18, 2017

                    Yours, etc.,
                    STEFANO A. FILIPPAZZO, P.C.

                    _____
                    STEFANO A. FILIPPAZZO, ESQ.
                    **Attorneys for Plaintiff**
                    16 Court Street, 28th Floor
                    Brooklyn, New York 11241
                    P: 718.855.1350

25

FILED: NEW YORK COUNTY CLERK 07/31/2017 10:22 AM INDEX NO. 159054/2015
NYSCEF DOC. NO. 32                                                     RECEIVED NYSCEF: 08/18/2017

To: HARRIS, KING, FODERA & CORREIA
    **Attorneys for Defendant**
    MIDWOOD MANAGEMENT CORP.
    FARMINGVILLE ASSOCIATES
    One Battery Park Plaza, 29th Floor
    New York, New York 10004
    P: 212.487.9701

    RIVKIN RADLER LLP
    **Attorneys for Defendants**
    S.A. BONSIGNORE and
    BRIAN STAFFORD
    926 RXR Plaza, 10th Floor
    Uniondale, New York 11556
    P: 516.357.3000