IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF:                                             CASE NO. 18-23538

SEARS HOLDINGS CORPORATION,
*et al.,*

   DEBTORS                                            CHAPTER 11

THE COUNTY OF ANDERSON, TEXAS, BASTROP COUNTY, BELL COUNTY TAX APPRAISAL DISTRICT, BOSQUE COUNTY, BOWIE CENTRAL APPRAISAL DISTRICT, BRAZOS COUNTY, BROWN CAD, BURNET CENTRAL APPRAISAL DISTRICT, CHEROKEE COUNTY, COMAL COUNTY, CORYELL COUNTY, DENTON COUNTY, ERATH COUNTY, GUADALUPE COUNTY, HARRISON CENTRAL APPRAISAL DISTRICT, HAYS COUNTY, HENDERSON COUNTY, JASPER COUNTY TAX UNITS, MEXIA I. S. D., WACO, CITY ET AL., MIDLAND CENTRAL APPRAISAL DISTRICT, TAYLOR COUNTY CENTRAL APPRAISAL DISTRICT, TERRY COUNTY APPRAISAL DISTRICT, WHARTON COUNTY, WILLIAMSON COUNTY, BASTROP COUNTY WCID#2, DENTON RUD#1, HARRISON COUNTY, GROESBECK I. S. D., AND CITY OF GROESBECK'S OBJECTION TO DEBTOR'S MOTIONFOR AUTHORITY TO (A) OBTAIN POSTPETITION FINANCING, (B) USE CASH COLLATERA, (C) GRANT CERTAIN PROTECTIONS TO PERPETITION SECURED PARTIES, AND (D) SCHEDULE SECOND <u>INTERIM HEARING AND FINAL HEARING</u>

TO THE HONORABLE BANKRUPTCY JUDGE:

    NOW COME the County of Anderson, Texas, Bastrop County, Bell County Tax Appraisal District, Bosque County, Bowie Central Appraisal District, Brazos County, Brown CAD, Burnet Central Appraisal District, Cherokee County, Comal County, Coryell County, Denton County, Erath County, Guadalupe County, Harrison Central Appraisal District, Hays County, Henderson County, Jasper County Tax Units, Mexia I. S. D., Waco, City et al., Midland Central Appraisal District, Taylor County Central Appraisal District, Terry County Appraisal District, Wharton County, Williamson County, Bastrop County WCID#2, Denton RUD#1, Harrison County, Groesbeck I. S. D., and City of Groesbeck ("Texas Ad Valorem Taxing Jurisdictions"), secured creditors in the above bankruptcy case, and file their Objection to **Debtor's Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing (the "Motion") [Docket No. 7]**, on the following grounds

1. The Texas Ad Valorem Taxing Jurisdictions are political subdivisions of the State of Texas authorized to assess and collect ad valorem taxes pursuant to the laws of the State. The Texas Ad Valorem Taxing Jurisdictions have filed secured claims for 2013-2018 ad valorem taxes totaling approximately $435,054.49.

2. The Texas Ad Valorem Taxing Jurisdictions' claims are secured by unavoidable liens on the personal property of the Debtor that are superior to that of any other secured claimant pursuant to the Texas Constitution, Article VIII, Section 15, and the Texas Property Tax Code §§ 32.01 and 32.05(b). The priority of the tax claims and related liens is determined under applicable non-bankruptcy law. 11 U.S.C. §506; Butner v. U.S., 440 U.S. 48, 55 (1979). The tax liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tac Code §32.05 (b)' See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's senior statutory tax lien). The tax liens arise on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v Cornerstone Bank, 879 S. W. 2d 264 (Tex. App. –Dallas 1994). The tax liens are *in solido* and a lien on all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns Store, 177 B.R. 253 (Bankr. W.D. Tex. 1995)

3. Although the Global bidding procedures provides for the tax liens to attach to the sale proceeds this does not adequately protect the tax liens and claims as required by 11 U.S.C. § 363 (e). The proceeds from the sale of the Texas Ad Valorem Taxing Jurisdictions' collateral constitute their cash collateral, and they object to the use of the collateral to pay any other creditors of this estate. Pursuant to 11 U.S.C. § 363(c) (4), absent consent by the Texas Ad Valorem Taxing Jurisdictions or an order of the Court permitting use of the cash collateral, the Debtor "shall segregate and account for any cash collateral" in its possession. Accordingly, absent consent, a segregated account must be

established from the sale proceeds to comply with the requirement of § 363(c) (4), These proceeds from the sale the Texas Ad Valorem Taxing Jurisdictions' collateral should not be distributed to any other party unless and until its claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

4. Although no sale pursuant to a credit bid is contemplated, in the event of a credit bid, there may be no sale proceed to which the liens can attach or which may be used to pay the claims of the Texas Ad Valorem Taxing Jurisdictions. If there is a credit bid by a junior lienholder, the property should be sold subject to the senior tax liens or the liens should be paid at closing. A credit bid by a junior lienholder is an attempt to avoid the consequences of foreclosing/seizing the property under applicable non-bankruptcy law, which would require it to take the property subject to the tax liens. There is no legal or equitable basis for thus subordinating or avoiding the tax liens. Absent provisions for the adequate protection of the tax liens, the Texas Ad Valorem Taxing Jurisdictions object to the approval of a sale on a credit bid.

WHEREFORE, the Texas Ad Valorem Taxing Jurisdictions object to the Debtor's Debtor-In-Possession Credit Agreement and request this Court to order appropriate provisions to assure the protection of the position of their secured tax claim and further request other such relief as is just and proper.

Dated:  December 3, 2018

> Respectfully submitted,
> MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
>
> */s/Tara LeDay*
> Tara LeDay
> State Bar Number 24106701
> P.O. Box 1269
> Round Rock, Texas 78680
> Telephone: (512) 323-3200
> tleday@mvbalaw.com
>
> *Attorneys for the Texas Ad Valorem Taxing Jurisdictions*

## CERTIFICATE OF SERVICE

I hereby certify that the above Objection to Sale has been served upon the following parties as well as all parties receiving the Court's ECF service on December 3, 2018, by Electronic Notification.

                                      */s/Tara LeDay*
                                      Tara LeDay