**Hearing Date:  January 18, 2019**
                                                    **Objection Deadline:  January 11, 2019**

The Employment Law Firm
Cynthia L. Pollick, Esquire
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

Attorney for Karen Smith
*Pro Hac Vice*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re:

SEARS HOLDING CORPORATION, et al.        Chapter 11

        Debtor s                                Case No.: 18-23538 (RDD)

                                                     (Jointly Administered)
                                                     Honorable Robert D. Drain
-----------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY

      Under 11 U.S.C. § 362 (d) and Local Bankruptcy Rules of the United States District Court, Southern District of New York 9006-1, Karen Smith ("Movant"), by counsel, moves this Court for relief from the automatic stay imposed by 11 U.S.C. § 362 (d) of the Bankruptcy Code. In support of this motion, the Movant states as follows:

      1.     Movant, Karen Smith, is the Plaintiff in a civil action for defamation filed against Debtor, Sears Logistics Services, Inc., in the case, *Smith v. Sears Logistics, Inc., et al.*, 13028-2015, which is currently pending in the Luzerne County Court of Common Pleas in Pennsylvania;

2.     On or about February 18, 2015, Movant, who had worked for Sears Logistics Services for over 20 years, was escorted out of the facility and terminated. Movant was accused of stealing merchandise.

3.     On October 15, 2015, Debtor filed for Chapter 11 Bankruptcy in the Southern District of New York;

4.     That upon information and belief, the Debtor has available insurance coverage against liability for the claims in the civil court action referenced above. The Movant herein seeks to proceed with the civil litigation in Luzerne County Court of Common Pleas.  A trial is set to begin on March 4, 2019;

5.     That based on the foregoing, the Movant seeks relief from the automatic stay "for cause" under § 362 (d)(1) to proceed to recover from Debtor's insurance coverage;

6.     That upon information and belief, there is available insurance coverage covering the claims of Movant against the Debtor, and allowing the civil action litigation to proceed will cause no harm to the Debtor or the bankruptcy estate;

7.     The Bankruptcy Code provides that relief from an Automatic Stay may be granted after notice and a hearing for cause. 11 U.S.C. § 362 (d)(1).

8.     "In determining cause to lift the stay, courts consider the following factors:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interest of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's succession to other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties

are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *In re MF Glob. Holdings Ltd.*, 469 B.R. 177, 191 (Bankr. S.D.N.Y. 2012), *subsequently dismissed sub nom. Sapere Wealth Mgt. LLC v. MF Glob. Holdings Ltd.*, 566 F. App'x 81 (2d Cir. 2014).

9. "Where the continuation of the stay deprives the judgment creditor of the opportunity to collect the judgment from a third party—and no other sources of collection exist—a court will generally lift the stay to permit the litigation to continue." *In re Keene Corp.*, 171 B.R. 180, 184 (Bankr. S.D.N.Y. 1994).

10. Pursuant to the 12 factors, Movant Smith is entitled to relief from the Automatic Stay in order to pursue her defamation claim against Debtor in the Court of Common Pleas of Luzerne County. Creditor's defamation claim has no connection and will not interfere with Debtor's Chapter 11 efforts since Creditor is only seeking recovery against any available insurance policy in effect on the date of Movant's defamation.

11. Under the first and second factors, granting relief will result in complete resolution of the issues before this Court. The Movant will not seek recovery from the estates or the Debtors, but instead limit their recovery to any insurance policies in place.

12. Under the fifth factor, it is believed that an insurance policy exists that would cover the claim in question.

13. Under the ten and eleventh factor, Movant is prepared to actively prosecute this matter in state court.

14. Under factor twelve, Movant has suffered delay and should, in the interests of justice, be given the opportunity to continue her action in state court. Debtors will not suffer as the Movant seeks the Debtors' available insurance coverage. When balancing the interests between

the Movant and the Debtors, it is apparent that the Movant's harm greatly outweighs the Debtors' harm.

WHEREFORE, Movant hereby respects that this Court enter an Order granting relief from the automatic stay imposed by 11 U.S.C. § 362 and permit the Movant to proceed in the Court of Common Please in Luzerne county against any insurance coverage of the Debtor, Sear Logistics, Inc..

RESPECTFULLY SUBMITTED:

By: /s Cynthia L. Pollick
Cynthia L. Pollick, Esquire
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
*Admitted Pro Hac Vice*