Obj. Deadline: December 11, 2018 at 4:00 p.m. ET (prevailing Eastern Time)
Hearing Date: December 18, 2018 at 10:00 a.m. (prevailing Eastern Time)

Ronald E. Gold, Esq.
(Admitted *pro hac vice*)
A.J. Webb, Esq.
(Admitted *pro hac vice*)
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile:  (513) 651-6981
Email: rgold@fbtlaw.com
       awebb@fbtlaw.com

*Counsel for The Kroger Co.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | **CASE NO. 18-23538-RDD** |
| Debtors. | **(Jointly Administered)** |

**OBJECTION OF THE KROGER CO. TO THE NOTICE OF ASSUMPTION AND ASSIGNMENT IN CONNECTION WITH THE SALE OF SEARS HOME IMPROVEMENT BUSINESS (DOCKET NO. 901)**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

The Kroger Co. ("Kroger"), by its undersigned counsel, hereby files this Cure Objection and Adequate Assurance Objection (collectively, this "Objection")[1] in connection with the Debtors'

---

[1] Capitalized terms used herein have the meanings ascribed to them in the Notice or the Bidding Procedures Order, as those terms are defined in this Objection.

*Notice of Assumption and Assignment in Connection with Sale of Sears Home Improvement Business* (Docket No. 901) (the "Notice"). In support of this Objection, Kroger respectfully states:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On August 6, 2010, Debtor Sears, Roebuck and Co. entered into that certain lease with G&I V Lake Emma LLC (as amended, the "Lease") for that certain real property commonly known as Suite 1020 at 3200 Lake Emma Road, Lake Mary, Florida (the "Premises"). The Lease was subsequently assumed and assigned to Kroger pursuant to that certain Assignment and Assumption of Contracts, Permits and Lease dated February 4, 2016.

4. On November 16, 2018, the Bankruptcy Court entered its *Order (A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption And Assignment Procedures, and (F) Granting Related Relief* (Docket No. 775) (the "SHIP Bidding Procedures Order") which, among other things, authorized and approved procedures for the assumption and assignment certain Contracts and Leases of the

2

Sears Home Improvement ("SHIP") business.

5.     Prior to the entry of the SHIP Bidding Procedures Order, the Debtors and Service.com (the "SHIP Stalking Horse Bidder") entered into that certain Asset Purchase Agreement dated as of November 2, 2018 for certain assets of the SHIP business (the "APA," attached as Exhibit B to Docket No. 450).

6.     On November 27, 2018, the Debtors filed the Notice which identifies certain Contracts and Leases the Debtors propose to assume and assign to the SHIP Stalking Horse Bidder pursuant to the terms of the APA and in connection with the SHIP Bidding Procedures Order. The Notice also contains directions for counterparties to Contracts and Leases to obtain adequate assurance information for the SHIP Stalking Horse Bidder. The Notice identifies $0.00 as the amount necessary to cure all monetary defaults under the Lease in connection with the proposed assumption and assignment of the Lease to the SHIP Stalking Horse Bidder (the "Proposed Cure Amount").

7.     Pursuant to the Notice, Kroger contacted and obtained from the SHIP Stalking Horse Bidder certain confidential adequate assurance information (the "Proposed Adequate Assurance Information").

8.     As provided by the Notice, the deadline to file a Cure Objection or an Adequate Assurance Objection is December 11, 2018 at 4:00 p.m.

**OBJECTION**

9.     While Kroger does not generally oppose to the assumption and assignment of the Lease to a financially viable assignee, Kroger objects to the proposed assignment of the Lease by the Debtors to the SHIP Stalking Horse Bidder because, upon information and belief, the proposed assumption and assignment of the Lease fails to strictly comply with the requirements of section 365

3

of the Bankruptcy Code and the terms and conditions of the Lease. The proposed assignment of the Lease by the Debtors to the SHIP Stalking Horse Bidder must be conditioned on, among other things: (i) the payment of all amounts due and owing under the Lease through the effective date of the assignment of the Lease; and (ii) the Debtors satisfying their burden under the Bankruptcy Code of demonstrating adequate assurance of future performance under the Lease by the SHIP Stalking Horse Bidder.

**The Cure Amount**

10. The Debtors' proposed assignment of the Lease must be conditioned on all defaults under the Lease being cured by the Debtors or the SHIP Stalking Horse Bidder as of the effective date of the assignment of the Lease. As of the date of this Objection, the aggregate cure amount due and owing under the Lease is in an amount not less than $72,689.67 (the "Cure Amount").[2] Attached hereto and incorporated herein as Exhibit A is a schedule containing an itemization of the amounts due and owing under the Lease.

11. The Cure Amount represents known amounts that are currently due and owing to Kroger under the Lease, exclusive of any sums which have become due or have been paid after the date of this Objection. The Cure Amount may increase prior to any actual date of assignment of the Lease if the Debtors do not timely and properly pay all amounts that accrue after the date of this Objection (as required by the Bankruptcy Code), including attorneys' fees pursuant to the Lease and other amounts that may come due pursuant to the terms of the Lease and regardless of

---

[2] The Cure Amount includes $1,000.00 in attorneys' fees, as noted below.

4

when those amounts accrued including, but not limited to, the Additional Rent as defined under the Lease.

12. Accordingly, Kroger expressly reserves its right to amend or supplement this Objection and the Cure Amount from time to time and at any time, and requests that the Debtors remain liable for, among other things: (a) all post-petition rent and other charges under the Lease; (b) all amounts accruing under the Lease which may be unbilled as of the date of this Objection, including but not limited to year-end adjustments; (c) any regular or periodic adjustment of charges under the Lease which were not due or had not been determined as of the date of this Objection; (e) any non-monetary defaults; and/or (f) insurance, indemnification and other contractual obligations under the Lease.

13. As part of the proposed assumption and assignment of the Lease, the Debtors must assume and assign the Lease in its entirety, including all indemnification and contribution covenants and obligations contained in the Lease. This obligation requires the Debtors to assume and assign all terms, conditions, covenants, and obligations under the Lease, whether monetary or non-monetary, for which the Debtors are responsible pursuant to the Lease. Any order entered by this Court approving the assumption and assignment of the Terms and Conditions should provide for the same.

14. In addition, the Lease imposes certain indemnification and contribution obligations that arise out of litigation or other claims that may be asserted or threatened against Kroger in connection with the Lease. Each of these indemnification and contribution covenants and obligations must be assumed and assigned to the SHIP Stalking Horse Bidder. Kroger objects to the proposed

5

assumption and assignment of the Lease by the Debtors if the Debtors do not address and cure the indemnification and contribution covenants and obligations under of the Lease.

15. Moreover, there may also be unknown and/or unasserted claims (among various other types of claims and liabilities) against Kroger that presently exist or may exist in the future, for which the Debtors may be obligated to indemnify and defend Kroger. Kroger reserves its rights under the Lease and applicable law to assert against the Debtors or any other appropriate party, including the SHIP Stalking Horse Bidder, any and all amounts that may be due and owing to Kroger or their affiliated or related parties for the indemnification and contribution obligations under the Lease.

16. In connection with any proposed assignment of the Lease, and as part of the Cure Amount, the Debtors must compensate Kroger for attorneys' fees and costs incurred in enforcing its rights under the Lease in the Debtors' bankruptcy case. *See In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption); *Urban Retail Properties v. Loews Cineplex Entm't Corp.*, No. 01 CIV.8946 (RWS), 2002 WL 535479, at *9 (S.D.N.Y. Apr. 9, 2002) ("Recovery of attorneys' fees and interest under Section 365 is appropriate where the lease at issue provides for such recovery as an obligation of the Debtor."); *In re Crown Books Corp.*, 269 B.R. 12, 16-18 (Bankr. D. Del. 2001) (landlords' legal fees incurred in connection with enforcing the terms of the leases in the bankruptcy proceeding are recoverable).

17. Consistent with the foregoing, Kroger respectfully requests that any order approving the assumption and assignment of the Lease provide, among other things, that the Debtors or any proposed assignee of the Lease, including the SHIP Stalking Horse Bidder, pay to Kroger, on the effective date of the assignment, all amounts due and owing under the Lease through the effective

date of assignment of the Lease (*i.e.*, the Cure Amount, as the same may increase). In addition, Kroger respectfully requests that any order approving the assumption and assignment of the Lease specifically provide that any proposed assignee of the Lease, including the SHIP Stalking Horse Bidder, will be responsible for paying the following charges when they become due, regardless of whether these obligations and charges accrue prior to or after effective date of assumption and/or assignment of the Lease:

    a) all accruing but unbilled charges under the Lease, including but not limited to all unpaid year-end and other adjustments and reconciliations (such as adjustments for common area maintenance, taxes and similar charges);

    b) all regular or periodic adjustment of charges under the Lease which were not due or had not been determined as of the date of this Objection; and

    c) all insurance, indemnification and other contractual obligations under the Lease, including but not limited to indemnification obligations relating to currently unknown and/or unasserted claims against WPG that presently exist or may exist in the future, for which the tenants under the Lease may be obligated to indemnify and defend WPG.

Such provisions are supported by the statutory requirement that the Debtors cure all arrears and that the Debtors and/or the proposed assignee of the Lease, including the SHIP Stalking Horse Bidder, provide adequate assurance of future performance under the terms of the Lease. *See* 11 U.S.C. § 365(b)(1).

**Adequate Assurance of Future Performance**

    18.    Pursuant to section 365(f)(2)(B) of the Bankruptcy Code, the Debtors may only assign the Lease if adequate assurance of future performance under the Lease by the SHIP Stalking Horse Bidder is provided. Additionally, the Bidding Procedures Order requires that counterparties to Contracts and Leases be provided with "the Prospective Bidder's financial wherewithal and

willingness to perform under the Proposed Assumed Contracts and any other Contracts or Leases that may later be designated by the Prospective Bidder." Bidding Procedures Order, ¶ 30. The Debtors bear the burden of demonstrating the SHIP Stalking Horse Bidder's ability to provide adequate assurance of future performance under the Lease. *In re Rachels Industries, Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990) (debtor bears burden of proving adequate assurance).

19. As of the filing of this Objection, the Debtors and the SHIP Stalking Horse Bidder have not provided Kroger with sufficient information demonstrating the SHIP Stalking Horse Bidder's ability to satisfy all Lease obligations (monetary and non-monetary) when required under the Lease. The Proposed Adequate Assurance Information simply does not provide any financial information to allow Kroger to properly evaluate the SHIP Stalking Horse Bidder's financial wherewithal and ability to continue operating under the Lease. Kroger should receive sufficient adequate assurance information for the SHIP Stalking Horse Bidder prior to the Sale Hearing in order to properly evaluate the SHIP Stalking Horse Bidder's ability to continue operating under the Lease and comply with all terms thereof. The Proposed Adequate Assurance Information falls short of the Debtors' burden under the Bankruptcy Code and the Bidding Procedures Order, and until Kroger receives adequate assurance information for the SHIP Stalking Horse Bidder sufficient to Kroger, Kroger objects to the assumption and assignment of the Lease to the SHIP Stalking Horse Bidder.

## RESERVATION OF RIGHTS

20. Nothing in this Objection is intended to be, or should be construed as, a waiver by Kroger of any of its rights under any of the Lease, the Bankruptcy Code, or applicable law. Kroger expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or

8

amend this Objection and to assert any additional objections with respect to the cure amount and any proposed assignment of the Lease on any and all grounds; (b) amend the Cure Amount; (c) assert any nonmonetary defaults under the Lease; (d) assert any rights for indemnification or contribution against the Debtors arising under the Lease; (e) object to any proposed assignee's adequate assurance of future performance; and (f) assert any further objections as it deems necessary or appropriate.

**WHEREFORE**, Kroger respectfully requests that this Court enter an order: (a) sustaining this Objection; (b) affirmatively requiring the Debtors or the SHIP Stalking Horse Bidder to pay all amounts owing to Kroger under the Lease through the effective date of any assignment of the Lease plus attorneys' fees; (c) affirmatively requiring the assignee to comply with each and every term, condition and obligation set forth in the Lease; and (d) granting Kroger such other and further relief as this Court deems just and appropriate under the circumstances.

| | |
|---|---|
| Dated: December 11, 2018<br>Cincinnati, Ohio | Respectfully submitted,<br><br>By: /s/ *Ronald E. Gold*<br>Ronald E. Gold, Esq.<br>(Admitted *pro hac vice*)<br>A.J. Webb, Esq.<br>(Admitted *pro hac vice*)<br>FROST BROWN TODD LLC<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati, Ohio 45202<br>Telephone: (513) 651-6800<br>Facsimile: (513) 651-6981<br>Email: rgold@fbtlaw.com<br>          awebb@fbtlaw.com<br><br>*Counsel for The Kroger Co.* |

## CERTIFICATE OF SERVICE

    I hereby certify that on December 11, 2018, a copy of the foregoing was served electronically or via First Class Mail, postage prepaid upon all those identified on the Master Service List as of December 11, 2018 in accordance with this Court's Amended Order Implementing Certain Notice and Case Management Procedures (the "Case Management Order") entered on November 1, 2018 [Docket No. 405]. I hereby further certify that pursuant to the Case Management Order and the Local Rules, hard copies of the foregoing were delivered via overnight mail or email to the "Standard Parties" in the Case Management Order, and the following parties identified in the Notice:

Sears Holdings Corporation
Attn: Stephen Sitley Esq., and Luke J. Valentino, Esq.
3333 Beverly Road
Hoffman Estates, IL 60179
(counsel@searshc.com)

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Gavin Westerman, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.
767 Fifth Avenue
New York, New York 10153
(ray.schrock@weil.com; jacqueline.marcus@weil.com; gavin.westerman@weil.com; garrett.fail@weil.com; sunny.singh@weil.com)

Lazard Frères & Co., LLC
Attn: Brandon Aebersold and Levi Quaintance
30 Rockefeller Plaza, New
York, New York 10112
(brandon.aebersold@lazard.com; levi.quaintance@lazard.co).

Sidley Austin LLP
Attn: Aaron Rigby and David E. Kronenberg
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
(arigby@sidley.com; kronenberg@sidley.com)

                                                        /s/ *Ronald E. Gold*
                                                          Ronald E. Gold

0046909.0712481    4822-4056-7170v2