Hearing: December 18, 2018 at 10:00 a.m. E.T.
Objection Deadline: December 11, 2018 at 4:00 p.m. E.T.
Re: ECF Docket No. 901

**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Suite 500
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for ADT LLC d/b/a Protection One*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>*Debtors-in-Possession*. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 18-23538 (RDD)<br>)<br>) (Jointly Administered)<br>)<br>) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
ADT LLC D/B/A PROTECTION ONE TO
DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT
IN CONNECTION WITH SALE OF SEARS HOME IMPROVEMENT BUSINESS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

ADT LLC d/b/a Protection One ("Protection One"), by and through its undersigned counsel, files the within Objection ("Objection") to the Notice ("Notice") of Assumption and Assignment in Connection with Sale of Sears Home Improvement Business dated November 27, 2018 [Docket No. 901] and in support thereof states as follows:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and its debtor affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, thereby commencing the above-captioned bankruptcy cases.

2. On November 27, 2018, the Debtors filed the Notice.

3. Attached to the Notice as Exhibit B was a list of Designation Rights Contracts[2] with associated Cure Costs.

4. Included in the list of Designated Rights Contracts is an "MSA" allegedly by and between Protection One and one of the Debtors, "Sears Home Improvement Products, Inc." ("SHIP") with a proposed cure amount of $0.00. *See* Notice, Exhibit B, Designation Rights Contracts at entry 842.

5. As of the date hereof, Protection One has been unable to identify this MSA.

6. Protection One, however, *is* a party to that certain master services agreement (the "Protection One MSA") dated July 24, 2018 by and between Debtor's Sears, Roebuck and Co., Kmart Corporation, Sears, Roebuck de Puerto Rico, Inc., and Innovel Solutions, Inc. on the one hand and Protection One on the other. Under the Protection One MSA, Protection One provided

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Notice.

2

and continues to provide to various Sears Debtors and non-Debtors central security monitoring and fire and burglar alarm services ("Security Services") at over 1500 locations, some of which appear to be locations associated with the SHIP business.

7. Since the Petition Date, Protection One has continued to provide services to of the Debtors and non-debtors pursuant to the Protection One MSA.

8. As of the Petition Date, Protection One's books and records reflect an outstanding prepetition balance under the Protection One MSA of at least $586,576,90 and to the extent such contract is slated for assumption assignment, such amount represents the required cure amount ("Prepetition Cure Amount").

### LIMITED OBJECTION AND RESERVATION OF RIGHTS

9. Protection One files this limited objection and reservation of rights on the basis that (a) Protection One cannot determine how the Debtors propose to treat the Protection One MSA in connection with the proposed sale of the SHIP Business, (b) the Protection One MSA may only be assumed as a whole and not piecemeal, and (c) prior to assumption, all defaults under the Protection One MSA must be cured.

10. If a debtor assumes a contract, it must do so *cum onere*, with all the benefits as well as the burdens. *See*, *e.g.*, *Cinicola v. Scharffenberger*, 248 F.3d 110 (3d Cir. 2001). As such, the Debtors may not assume the Protection One MSA unless the Debtors, *inter alia*, cure all defaults under the Protection One MSA. 11 U.S.C. § 365(b)(1)(A).

11. Also, a debtor must assume a contract in its entirety, any may not pick and choose which portions of a contract it assumes and which it rejects. *Id*.

12. Under the terms of the Protection One MSA, Protection One provides Security Services to over 1,500 locations, including, but not limited to various SHIP Business locations.

Because there is no separate MSA that covers only the entities associated with the SHIP Business, it is unclear what the Debtors intend by the Notice.

13. To the extent that the Debtors intend to assume only those portions of the Protection One MSA related to the SHIP Business, such a piecemeal assumption is not permitted under 11 U.S.C. § 365.

14. To the extent that the Debtors intend to assume the entire Protection One MSA, the propose cure claim of $0.00 is incorrect.

15. The Protection One MSA may only be assumed in its entirety and upon the payment of all outstanding balances associated with the Protection One MSA. The Debtors may not assume only that portion of the Protection One MSA that relates to the SHIP Business, nor may they assume it for anything less that the cure of all defaults under the contract as required by 11 U.S.C. § 365.

16. Protection One also files this limited objection and reservation of rights to the extent the Debtors could later argue that the inclusion of an "MSA" allegedly between Protection One and Sears Home Protection, Inc. is the Protection One MSA and that it may be assumed with a cure claim of $0.00.

17. Pursuant to Protection One's books and records, as of the Petition Date, Protection One is owed not less than the Prepetition Cure Amount for services provided to the Debtors under the Protection One MSA and this amount must be paid to Protection One to cure defaults under the Protection One MSA prior to any assumption of the Protection One MSA. Further, the Debtors must cure any additional charges that may occur under the Protection One MSA prior to the date that the Protection One MSA is actually assumed.[3]

---

[3] Protection One's review of its business records is continuing and ongoing, therefore, Protection One reserves the right to amend and/or supplement this Objection as additional information becomes available. Protection One further

4

WHEREFORE, ADT LLC d/b/a Protection One requests that this Court set a cure amount with respect to the Protection One MSA that is consistent with the foregoing and grant Protection One such other and further relief as this Court deems appropriate.

Dated: December 11, 2018

                Respectfully submitted,

                */s/* Gary O. Ravert
                Gary O. Ravert
                RAVERT PLLC
                116 West 23rd Street, Suite 500
                New York, New York 10011
                Tel: (646) 961-4770
                Fax: (917) 677-5419
                gravert@ravertpllc.com

                  and

                Sally E. Edison
                Spilman Thomas & Battle, PLLC
                One Oxford Centre, Suite 3440
                301 Grant Street
                Pittsburgh, PA 15219
                Tel: (412) 325-3301
                sedison@spilmanlaw.com

                *Counsel to ADT LLC d/b/a Protection One*

---

reserves the right to file amended proofs of claim in these bankruptcy cases for all amounts owed under the Protection One MSA.