| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Debtors. | Hearing Date: December 18, 2018<br>Hearing Time: 10:00 A.M.<br><br>Chapter 11<br>Case No.: 18-23538 (RDD)<br>(Jointly Administered) |

**CERTAIN TEXAS TAXING ENTITIES LIMITED OBJECTION TO DEBTORS'
MOTION FOR ENTRY OF ORDER APPROVING THE SALE OF SEAR'S HOME
IMPROVEMENT BUSINESS IN ACCORDANCE WITH THE STALKING HORSE
AGREEMENT AND GRANTING RELATED RELIEF
(the "MOTION")**

(Relates to Doc. Nos. 450, 775, 1035, 1054)

To:   HON. ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

The Nolan County, City Sweetwater, Sweetwater Independent School District (ISD), Palo Pinto County, City Mineral Wells, Mineral Wells ISD, Johnson County, City Cleburne, Cleburne , ISD, Arlington ISD, Crowley ISD, Eagle Mountain-Saginaw ISD, City Grapevine, Grapevine-Colleyville ISD, Richardson ISD, Carrollton-Farmers Branch ISD, City of Garland, Lubbock Central Appraisal District, Midland County, Tyler ISD, Cass County, Houston County, Mineola ISD, Nacogdoches County, Austin County Appraisal District, Brazoria County Tax Office, Brazoria County Municipal Utility District (MUD) #35, Brazoria County Tax Office, Fort Bend ISD, Fort Bend County Levee Improvement District #2, First Colony MUD #10, Clear Creek ISD, Galveston County Mgmt. Dist. #1, Dickinson ISD, Interstate MUD, Clear Creek ISD, Galveston County Mgmt. Dist. #1, Dickinson ISD, Interstate MUD, Clear Creek ISD, City of Houston, Galena Park ISD, Harris County MUD 285, Clear Creek ISD, City of Houston, Galena Park ISD, Spring Branch ISD, Spring ISD, Alief ISD, Tomball ISD, City of Tomball, Midtown Mgmt. District, City of Jasper, City of Cleveland, Bay City ISD, Kerr County, Kendall

1

County, Fayette County, Maverick County, Uvalde County, Weslaco City, Weslaco ISD, Randall County Tax Office, Potter County Tax Office, Gray County Tax Office (collectively the "Certain Texas Taxing Entities" or "Objectants"), secured creditors and parties in interest, by their counsel, Perdue Brandon Fielder Collins and Mott, LLP, by Eboney Cobb, Esq., and Law Offices of Douglas T. Tabachnik, P.C., by Douglas T. Tabachnik, Esq., object to the Debtors' motion for entry of an order approving form and manner of notice of sale, auction, and sale hearing, approving assumption and assignment procedures, approving the sale of Sears home improvement business in accordance with the stalking horse agreement and granting related relief (the "Motion"), and respectfully show to the Court as follows:

## Jurisdiction

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, *et seq.*

2.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(N). This Objection is designated as a contested matter under Bankruptcy Rule 9014.

## Background

3.  The Certain Texas Taxing Entities are political subdivisions of the State of Texas, authorized and required by the Constitution and laws of the State of Texas to levy and collect *ad valorem* taxes and assessments on taxable property within its boundaries in order to discharge their statutory duties.

4.  The Certain Texas Taxing Entities have claims for the estimated 2018 *ad valorem* taxes currently being assessed on the Debtors' real and tangible personal property (the "Property") located within the respective Certain Texas Taxing Entities jurisdictions, in the approximate amount of $1,450,095.60.[1] In addition to the taxes, the Certain Texas Taxing

---

[1.] Annexed hereto as **Exhibit A** is a spreadsheet of the claims. Some of the claims are estimated or otherwise to be determined upon the final assessment by the respective Taxing Entities.

Entities claim interest at the applicable non-bankruptcy rate as provided under 11 U.S.C § 511 to the extent the taxes are not be paid prior to delinquency.

### **Objection**

5.      The Certain Texas Taxing Entities assert a limited objection to the Motion to the extent that it seeks to sell the property subject to the Certain Texas Taxing Entity's secured tax liens, free and clear of the pre-petition and post-petition taxes, and the lien securing the same, which were incurred January 1 of each respective tax year, and which encompass both existing and after-acquired real and personal property.

6.      In order to adequately protect the Certain Texas Taxing Entities secured tax liens, the Objectants respectfully request that either their respective liens be paid at the time of sale, or, in the alternative, funds sufficient to secure the payment of the referenced taxes be placed in a separate escrow or segregated account, from the proceeds of the sale, as to both the pre-petition and post-petition *ad valorem* taxes owed, and with language in any order approving the sale stating that the tax liens will attach to these segregated proceeds with the same validity, priority, and effect as they exist under non-bankruptcy law.

7.      The Certain Texas Taxing Entities' claims are secured by superior, prior, perfected, continuing, enforceable liens on the Property, as provided by Sections 32.01 and 32.05(b) of the Texas Tax Code. *Tex. Tax Code § 32.05 (LexisNexis 2018)*.

8.      Pursuant to Texas law, a lien automatically attached to the Property located within the respective certain taxing entities' taxing jurisdictions on January 1, of each respective calendar tax year to secure payment of the pre-petition taxes, penalties, and interest ultimately imposed on the Debtors' property. *In re Winn's Stores, Inc., 177 B.R. 253 (Bankr. W.D. Tex.*

*1995); Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W.2d 841 (Tex. App.-Eastland 1995)*. Texas Tax Code Section 32.01 provides in relevant part:

> On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property…

*Tex. Tax Code § 32.01(a) (LexisNexis 2018)*. Moreover, this statute also provides, in pertinent part,

> A tax lien on inventory, furniture, equipment, or other personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property <u>that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.</u>

*Tex. Tax Code § 32.01(b) (LexisNexis 2018)*(emphasis added).

9. *Section 32.01(d)* of the *Texas Tax Code*, further, states that the tax liens were perfected on attachment and required no further action on the part of the taxing authorities. *Id*. Furthermore, secured tax liens for the relevant property taxes will also attach to the Property on January 1, 2019 to secure payment of the 2019 and all subsequent future taxes that will be incurred post-petition in each succeeding tax year. The priority of the tax claims and related liens is determined under applicable non-bankruptcy law. *In re Pruitt, 401 B.R. 546, 553-54 (Bankr. D. Ct. 2009)*.

10. To the extent that the Debtors propose that the liens, claims, and encumbrances attach to proceeds, the Objectants respectfully submit that the Debtors cannot demonstrate that they can satisfy the provisions of 11 U.S.C. § 363(f)(3), without knowing that the cash proceeds of the sale of assets will exceed the extent of the liens that are attached to same. Moreover, satisfaction of the other tenets of section 363(f) are problematic as well.

11. 11 U.S.C. § 363(f) provides, in pertinent part:

4

    (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-

        (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
        (2) such entity consents;
        (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
        (4) such interest is in bona fide dispute; or
        (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*11 USCS § 363 (LexisNexis, Lexis Advance through PL 115-277, approved 11/3/18).*

    12.    Pursuant to the citations referenced above and this objection, it is submitted that items one, two, and four are not satisfied. Item three can only be satisfied if the price to be sold is greater than the aggregate of all liens on the property, which cannot be known until the value of the cash price to be paid is determined. Item 5 can only be addressed if in fact the cash proceeds of sale would be sufficient to satisfy the value of the liens and thereby used to pay the underlying tax obligations. *See generally*, 3 Collier on Bankruptcy ¶ 363.06, Matthew Bender & Company, Inc. (Richard Levin & Henry J. Sommer eds., 16th ed. 2018).

    13.    The foregoing dovetails with the arguments made by the Texas Ad Valorem Taxing Jurisdictions at docket number 1120, which the Certain Texas Taxing Authorities adopt and incorporate herein to the extent applicable to the instant motion.

    14.    In order to adequately protect their secured tax liens, the Certain Texas Taxing Entities request that either their liens be paid at the time of any sale that pertains to any of the Property encumbered by their secured tax liens, or, in the alternative, that such sums be held in a separate escrow or segregated account, created at closing from the proceeds of any such related sale in a sufficient amount to cover all *ad valorem* property taxes owed to the Certain Texas

Taxing Entities. The Objectants' tax liens need to be treated with the same validity, priority, and effect as they exist under non-bankruptcy law.

15.  Accordingly, the Certain Texas Taxing Entities further assert that any proceeds from any sale of business personal property that is encumbered by Certain Texas Taxing Entities' *ad valorem* tax liens should be used to satisfy the Certain Texas Taxing Entities' secured tax liens prior to any DIP lenders or other junior lien-holders. The Certain Texas Taxing Entities respectfully request that the entry of any final order authorizing, among other things, approval the sale of the Debtors' home improvement business rights, be fashioned in a manner that accommodates, and is consistent with the superior lien status of the Certain Texas Taxing Entities. In the event that cash sale proceeds are insufficient to satisfy the aggregate value of all liens on the affected property, then, in that event, the liens need to remain attached to the property to be sold.

WHEREFORE, the Certain Texas Taxing Entities respectfully request that the Court sustain their objections to the Motion and that any order approving the Motion make adequate provision for the protection of the liens held by the Objectants and the payment of the affected

[THIS SPACE IS INTENTIONALLY LEFT BLANK]

*ad valorem* taxes in a fashion consistent with the foregoing objection, together with such other and further relief, as to this Court seems just, proper and equitable.

Dated: December 11, 2018

        Respectfully submitted,
        PERDUE, BRANDON, FIELDER,
        COLLINS & MOTT, L.L.P.

        By: /s/ Eboney Cobb
        Eboney Cobb, Esq.
        (Admitted *pro hac vice*)
        SBN:  24048397
        500 East Border Street, Suite 640
        Arlington, Texas 76010
        Tel:  (817) 461-3344
        Fax:  (817) 860-6509
        ecobb@pbfcm.com

        LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.

        By:  /s/ Douglas T. Tabachnik
        Douglas T. Tabachnik, Esq.
        (Admitted in this District)
        63 West Main Street
        Suite C
        Freehold, NJ 07728-2141
        Tel: (732) 780-2760
        Fax: (732) 780-2761
        dtabachnik@dttlaw.com

        Counsel for the Certain Texas Taxing Entities