UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered)<br><br>Hearing Date: December 18, 2018 at 10:00 a.m.<br>Objections Due: December 11, 2018 at 4:00 p.m. |

## LIMITED OBJECTION OF SEIKO WATCH OF AMERICA LLC, SUCCESSOR BY MERGER TO SEIKO CORPORATION OF AMERICA, TO DEBTORS' MOTION FOR ENTRY OF ORDER (I)(A) APPROVING BIDDING PROCEDURES FOR SALE OF SEARS HOME IMPROVEMENT BUSINESS, (B) APPROVING STALKING HORSE BID PROTECTIONS, (C) APPROVING FORM AND MANNER OF NOTICE OF SALE, AUCTION AND SALE HEARING, (E) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) APPROVING THE SALE OF SEARS HOME IMPROVEMENT BUSINESS IN ACCORDANCE WITH THE STALKING HORSE AGREEMENT, AND (III) GRANTING RELATED RELIEF

Seiko Watch of America LLC, Successor by Merger to Seiko Corporation of America ("Seiko"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the following motion filed by the Debtors: *Motion of Debtors for Entry of Order (i)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holding Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718) A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC(0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Building Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None): SOE, Inc. (9616); StarWest KKC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); Blue Light.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365); The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (ii) Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking Horse Agreement, and (iii) Granting Related Relief* (ECF No. 450) (the "Motion"). In support of the Objection, Seiko states as follows:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, Seiko and the Debtor were parties to a Scan-Based Trading and Consignment Agreement (the "Consignment Agreement"), whereby Seiko consigned certain merchandise, namely Seiko branded timepiece products (referred to herein as the "Seiko Goods"), to the Debtor for sale at certain of the Debtor's retail locations. Attached hereto as **Exhibit A** is a copy of the Consignment Agreement.

3. As provided for in the Consignment Agreement, and at all times during their consignment relationship, Seiko and the Debtor acknowledged and agreed that all right, title, and interest in and to any of the Seiko Goods remained with Seiko and never transferred to the Debtor. *See* Consignment Agreement, §2.

4. In addition, as contemplated under the Consignment Agreement, Seiko fully perfected a security interest in the Seiko Goods by filing the appropriate UCC-1 Financing Statement, and provided appropriate notice of such. Attached hereto as **Exhibit B** are copies of the UCC-1 Financing Statements filed by Seiko and the creditor notification letters.

5. The Consignment Agreement was in full force and effect as of the Petition Date.

6.  As of the Petition Date, Seiko asserts the following amounts owed by the Debtor under the Consignment Agreement as of the Petition Date[2]:

| Total Amount Owed to Seiko for sold but unpaid consignment goods | $357,000 |
|---|---|
| Seiko Inventory on hand with Debtor as of Petition Date | $275,000 |

## OBJECTION

7.  Seiko objects to any attempts by the Debtor to sell the Seiko Goods without fully complying with the Consignment Agreement, or any attempts in the Motion to circumvent Seiko's rights in the Seiko Goods by granting a security interest in or lien on the Seiko Goods without Seiko's consent. In addition, the terms and conditions of any sale of the Seiko Goods must be consented by Seiko.

8.  The Motion makes no reference to consigned goods in general, and certainly no reference to the Seiko Goods specifically; therefore, there is no assurance from the Debtor, or any party involved in this bankruptcy case, that the Seiko Goods will be sold with appropriate amounts from the sale of the Seiko Goods remitted to Seiko as provided for in the Consignment Agreement.

9.  While the Consignment Agreement makes clear that the title and ownership of the Seiko Goods remains with Seiko (not the Debtor or the bankruptcy estate), and Seiko can demand the immediate return of the Seiko Goods, Seiko is willing to allow the store closing sales to continue and the Seiko Goods to be sold pursuant to the store closing sales provided that all funds received from the Seiko Goods are segregated, accounted for and remitted directly to Seiko as required under the Consignment Agreement. Unless and until Seiko's rights in and to the Seiko Goods are acknowledged and properly protected and Seiko

---

[2] Seiko asserts these amounts to the best of its knowledge and belief as of this date and reserves all rights to modify, amend or add to the claim amounts at a later date.

3

consents to the terms and conditions of the sale of the Seiko Goods, Seiko objects to the Store Closing Motion to the extent that the Debtor seeks to sell the Seiko Goods in violation of the Consignment Agreement.[3]

10. In a similar fashion, Seiko's rights in and to the Seiko Goods are superior to all parties by virtue of the Consignment Agreement, and the appropriate financing statements. As such, Seiko objects to the Motion unless and until Seiko's rights in and to the Seiko Goods are acknowledged and properly protected.

## RESERVATION OF RIGHTS

11. Seiko reserves its rights to assert any and all pre-and post-petition claims against the Debtor, and to asserts additional arguments in support of this Objection.

WHEREFORE, Seiko respectfully requests that this Court issue an order commensurate with this Objection, and grant Seiko any such other relief as this Court deems just and appropriate.

Dated: December 11, 2018    /s/ Sam Della Fera, Jr.
McMANIMON, SCOTLAND & BAUMANN, LLC
75 Livingston Avenue
Suite 201
Roseland, New Jersey 07068
Telephone: (973) 622-1800
Facsimile: (973) 681-7233
Email: sdellafera@msbnj.com
Sam Della Fera, Jr.

*Attorneys for Seiko Watch of America LLC, Successor by Merger to Seiko Corporation of America*

---

[3] Seiko understands that certain post-petition sales have occurred, but there has been no indication of whether those sales are in compliance with the Consignment Agreement. Seiko reserves all of its rights with respect to any post-petition sales of the Seiko Goods.

## CERTIFICATE OF SERVICE

I certify that on December 11, 2018, this office caused the within Objection of Seiko Watch of America LLC, Successor by Merger to Seiko Corporation of America, to Debtors' Motion for Entry of Order (i)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction and Manner of Notice of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (ii) Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking Horse Agreement, and (iii) Granting Related Relief to be served on the parties on the annexed Service List via electronic mail and/or first-class mail.

Dated: December 11, 2018

                                                              */s/ Sam Della Fera, Jr.*
                                                              Sam Della Fera, Jr.

## SERVICE LIST

Honorable Robert D. Drain, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street, Room 248
White Plains, NY 10601

Office of the United States Trustee
Attn: Paul K. Schwartzberg, Esq.
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

### Debtors:

Sears Holdings Corporation, et al.
Attn: Stephen Sitley, Esq.
      Luke J. Valentino, Esq.
3333 Beverly Road
Hoffman Estates, IL 60179
(counsel@searsshc.com)
*Notice on behalf of All Debtors*

### Attorneys for Debtors

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock, P.C.
      Jacqueline Marcus, Esq.
      Gavin Westerman, Esq.
      Garrett A. Fail, Esq.
      Sunny Singh, Esq.
767 Fifth Avenue
New York, NY 10153
ray.sschrock@weil.com;
jacqueline.marcus@weil.com;
gavin.westerman@weil.com;
garrett.fail@weil.com;
sunny.singh@weil.com

### Debtors' Investment Banker

Lazard Freres & Co., LLC
Attn: Brandon Aebersold
      Levi Quaintance
30 Rockefeller Plaza
New York, NY 10112
Brandon.aebersold@lazard.com;
levi.quaintance@lazard.com

### Attorneys for Stalking Horse Bidder

Sidley Austin LLP
Attn: Aaron Rigby, Esq.
      David E. Kronenberg, Esq.
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
arigby@sidley.com;
dkronenberg@sidley.com

### Attorneys for Official Committee of Unsecured Creditors

Ira S. Dizengoff, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
One Bryant Park
New York, NY 10036


All Parties on the Debtors' Master Service List as of December 10, 2018 Maintained by Prime Clerk

4833-1649-6258, v. 1