Armando Llorens
FURGANG & ADWAR, LLP
515 Madison Avenue
Suite 6A
New York, New York 10022
T:  212-725-1818
F:  212-941-9711
armando.dkos@gmail.com

And

Jonathan L. Gold (PHV motion to be filed)
MICHAEL BEST & FRIEDRICH LLP
601 Pennsylvania Avenue, NW
Suite 700 South
Washington, DC 20004
T: (202) 747-9594
F: (202) 347-1819
jlgold@michaelbest.com

*Counsel for Felix Calls, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (RDD) |
| Debtors. | Jointly Administered |

**OBJECTION OF FELIX CALLS, LLC TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF THE FELIX CONTRACT, AS SET FORTH IN THE DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT IN CONNECTION WITH SALE OF SEARS HOME IMPROVEMENT BUSINESS [DOCKET NO. 901]**

Felix Calls, LLC ("**Felix**"), by and through their undersigned counsel, hereby submit this objection ("**Objection**") with respect to the Debtors' *Notice of Assumption and Assignment in Connection with Sale of Sears Home Improvement Business* [Docket No. 901] ("**Assumption Notice**"). In support of the Objection, Felix respectfully represents as follows:

**BACKGROUND**

1. On or about October 15, 2018 ("**Petition Date**"), Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

2. The Debtors have continued to possess their property and have continued to operate and manage their businesses as debtors-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

3. On or about November 3, 2018, the Debtors filed the *Motion of Debtors for Entry of Order (i)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (ii) Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking Horse Agreement, and (iii) Granting Related Relief* [Docket No. 450] (the "**Sale Motion**"), seeking, among other things, approval of the bidding procedures for soliciting bids for, conducting an auction (the "**Auction**") of, and consummating the sale (the "**Sale Transaction**") of the Sears Home Improvement business (the "**SHIP Business**").

4. On or about November 16, 2018, the Bankruptcy Court entered the *Order (A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption And Assignment Procedures, and (F) Granting*

*Related Relief* [Docket No. 775] (the "**SHIP Bidding Procedures Order**")

5. On or about November 27, 2018, the Debtors selected certain executory contracts to assume and filed the Assumption Notice, which proposed to assume, among other contracts, the Master Advertiser Listing Agreement (the "**Felix Contract**") entered into with Felix on or about February 1, 2017.

6. For the reasons set forth below, Felix objects to the proposed assumption and assignment to the extent that the Debtors have not, among other things, accurately represented the proposed amounts to cure existing defaults under the Felix Contract, as described below.

**OBJECTION TO PROPOSED SALE, ASSUMPTION AND ASSIGNMENT**

7. Pursuant to the Assumption Notice, the Debtors list the proposed cure amount for the Felix Contract at $21,326.00 (the "**Proposed Cure Amount**"), which amount is inconsistent with Felix's books and records.[1]

8. In that regard, Felix disputes the Proposed Cure Amount. Felix asserts that the correct cure amount regarding the Felix Contract is $432,800.00 (the "**Correct Cure Amount**"). The Felix Contract and itemized statements containing the amounts related to the Correct Cure Amount are attached hereto and incorporated herein as **Exhibit 1**. Additionally, Felix filed three (3) proofs of claims referencing the amount currently owed by the Debtors. *See* Claims Nos. 3864, 4869, and 4906.

9. In addition, the Debtors are obligated to: (a) demonstrate adequate assurance of future performance under the Felix Contract by the proposed assignee, and (b) pay Felix for its attorneys' fees incurred in these proceedings, including the filing of this Objection, in an amount yet to be determined by the Court. To date, the Debtors have not provided the requisite adequate

---

[1] In the Assumption Notice, the Debtors list the counter-party as Felix.com. It is assumed for the purposes of this Objection that Felix.com is intended to refer to Felix.

assurance of future performance to Felix.

## ARGUMENT

10.    Before the Debtors may assume any executory contracts, the Bankruptcy Code obligates the Debtors to either "cure" or provide adequate assurance that the Debtors will "promptly cure" all defaults. *See* 11 U.S.C. § 365(b)(1).

11.    It is well established that a debtor cannot assume an executory contract unless the debtor satisfies several statutory conditions designed to make the non-debtor contracting party whole. Specifically, a debtor must (a) cure all defaults, or provide adequate assurance that it will promptly cure such defaults; (b) compensate, or provide adequate assurance that the trustee or debtor-in-possession will promptly compensate, the non-debtor party to the contract for any actual monetary loss caused by the debtor's default; and (c) provide adequate assurance of future performance under the contract. *See* 11 U.S.C. § 365(b)(1)(A)-(C); *see also Regen Capital I, Inc. v Halperin (In re U. S. Wireless Data, Inc.)*, 547 F3d 484, 486 (2d Cir. 2008); *In re Steve & Barry's Manhattan LLC*, 2008 Bankr. LEXIS 4348, at 41 (Bankr. S.D.N.Y. 2008).

12.    Further, a debtor is obligated to pay a counter-party to an executory contract for other charges, interest, and attorneys' fees incurred during a bankruptcy proceeding if the contract specifically provides for such recovery. *In re Trak Auto Corp.*, 277 B.R. at 669 (Court holding that where the debtor's agreement provides for the payment of counsel fees and late fees or interest, the court will uphold the terms of the contract) (citing *In re Shangra-La, Inc.*, 167 F.3d 843 (4th Cir. 1999)); *In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001).

13.    Accordingly, the Correct Cure Amount asserted by Felix is owed by the Debtors under the terms of the Felix Contract. Such amounts are commonly awarded by other bankruptcy courts, including cases reviewed in this District. Accordingly, such amount must be

paid as part of the assumption and assignment process.

## **RESERVATION OF RIGHTS**

14.     Felix reserves all rights, including without limitation, the right to supplement or amend this Objection; supplement the Correct Cure Amount with additional cure costs and fees allowable under the Felix Contract and applicable law (including attorneys' fees of Felix's counsel); and raise further objections to the assumption and assignment of the Felix Contract.

WHEREFORE, for the foregoing reasons, Felix respectfully requests that the Court enter an order consistent with this Objection, (a) requiring a cure payment of **no less than $432,800.00** for the Felix Contract, (b) making clear that nothing in the order approving the assumption and assignment of the Felix Contract (or any other order of this Court or related assignment agreement) will in any way amend, modify or supplement the obligations contained in the Felix Contract, (c) requiring the Debtors to provide to Felix adequate assurance of future performance

by the proposed assignee, and (d) granting Felix such other and further relief as is just and appropriate under the circumstances.

Dated:  December 11, 2018.                                  Respectfully submitted,

                                                By:     /s/ Armando Llorens
Armando Llorens
FURGANG & ADWAR, LLP
515 Madison Avenue
Suite 6A
New York, New York 10022
T:  212-725-1818
F:  212-941-9711
armando.dkos@gmail.com

And

Jonathan L. Gold (PHV motion to be filed)
MICHAEL BEST & FRIEDRICH LLP
601 Pennsylvania Avenue, NW
Suite 700 South
Washington, DC 20004
T: (202) 747-9594
F: (202) 347-1819
jlgold@michaelbest.com

*Counsel for Felix Calls, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 11, 2018, an electronic copy of the Objection was filed using the Court's ECF System which caused electronic notification of filing to be served on all registered users of the ECF System that have requested such notification in the Sears holdings Corporation, et al., bankruptcy proceeding and also caused to be served by an approved method pursuant to the Case Management Order all parties in the Debtors Master Service List as of December 10, 2018 maintained by Prime Clerk.

                                                                      /s/ Armando Llorens
                                                                      Co-Counsel for Felix Calls, LLC