**Hearing Date and Time: December 18, 2018 at 10:00a.m. (Eastern Time)**
**Objection Date and Time: December 11, 2018 at 4:00 p.m. (Eastern Time)**

BARCLAY DAMON LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 413-7115
Facsimile: (315) 703-7349
Kevin M. Newman
Teresa M. Bennett (*admitted pro hac vice*)

*Attorneys for Light 125 James West LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538-rdd |
| SEARS HOLDING CORPORATION, *et al.* | Jointly Administered |
| Debtors.[1] | |

-------------------------------------------------------------

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF LIGHT 125 JAMES WEST LLC TO THE DEBTORS (1) MOTION FOR ENTRY OF AN ORDER (I)(A) APPROVING BIDDING PROCEDURES FOR SALE OF SEARS HOME IMPROVEMENT BUSINESS, (B) APPROVING STALKING HORSE BID PROTECTIONS, (C) SCHEDULING AUCTION FOR AND HEARING TO APPROVE SALE OF SEARS HOME IMPROVEMENT BUSINESS, (D) APPROVING FORM AND MANNER OF NOTICE OF SALE, AUCTION,**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**AND SALE HEARING, (E) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) APPROVING THE SALE OF SEARS HOME IMPROVEMENT BUSINESS IN ACCORDANCE WITH THE STALKING HORSE AGREEMENT, AND (III) GRANTING RELATED RELIEF, AND (2) NOTICE OF ASSUMPTION AND ASSIGNMENT IN CONNECTION WITH SALE OF SEARS HOME IMPROVEMENT BUSINESS**

Light 125 James West LLC (the "Landlord"), by and through its attorneys, submit this Limited Objection and Reservation of Rights (the "Limited Objection") to the Debtors' (1) Motion for Entry of an Order (I)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (II) Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking Horse Agreement, and (III) Granting Related Relief (the "Motion") (Dkt. 450), and the Debtors' (2) Notice of Assumption and Assignment in Connection with Sale of Sears Home Improvement Business (the "Notice of Assumption and Assignment") (Dkt. 901). In support of this Limited Objection, the Landlord respectfully submits as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2. On October 15, 2018, Debtors commenced a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

2

3. The Landlord and one of the Debtors (the "Tenant") are parties to an unexpired lease of nonresidential real property (the "Lease") of premises located at 125 James Drive West, Suite 100, St. Rose, LA (the "Premises").

4. On November 3, 2018, the Debtors filed the Motion (Dkt. 450).

5. On November 16, 2018, this Court entered an Order (A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief (the "Bidding Procedures Order" (the "Bidding Procedures Order") (Dkt. 775).

6. On November 27, 2018, the Debtors filed the Notice of Assumption and Assignment (Dkt. 901). The Notice of Assumption and Assignment includes the Lease, and proposed a cure amount of $0.00 (the "Proposed Cure Amount").

7. On December 4, 2018, the Debtors filed a Notice and Proposed Order (I) Approving the Sale of the Sears Home Improvement Business and (II) Granting Related Relief (the "Proposed Order") (Dkt. 1035).

**OBJECTION**

8. Under Section 365(f)(2) of the Bankruptcy Code, the Lease may only be assigned if (1) the Lease is assumed in accordance with the requirements of Section 365(b)(1) of the Bankruptcy Code, and (2) the moving party provides adequate assurance of future performance by the proposed assignee of the Lease terms. 11 U.S.C. § 365(f)(2).

9. Under Section 365(b)(1) of the Bankruptcy Code, the Lease may only be assumed upon (1) cure of all existing defaults (11 U.S.C. § 365(b)(1)(A)), (2) compensating the Landlord

for pecuniary losses resulting from such default (11 U.S.C. § 365(b)(1)(B)), and (3) providing adequate assurance of future performance under the Lease (11 U.S.C. § 365(b)(1)(C)).

10.     The Landlord does not object to assumption and assignment of the Lease to the stalking horse bidder, Service.com, Inc., on grounds of its adequate assurance of future performance information. However, the Notice of Assumption and Assignment and Proposed Order fail to comply with the requirements of Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code and the Proposed Order should be modified.

*A. The Proposed Cure Amount is not Correct and is Subject to Change.*

11.     As a condition of any assumption and assignment of the Lease, the Landlord is entitled to cure of all defaults. 11 U.S.C. § 365(b)(1)(A). The Debtors have proposed a cure amount of $0.00 (the "Proposed Cure Amount").

12.     The Tenant is currently in default under the Lease for failure to pay rent and other charges currently due and owing in the amount of $235.42 (exclusive of attorneys' fees, accrued rent and charges and indemnity obligations) (the "Correct Cure Amount"). A detailed statement of the Correct Cure Amount is attached as Exhibit "A."

13.     Further, the Correct Cure Amount is subject to change through and including the date of assumption and assignment of the Lease. The Correct Cure Amount only reflects past due and/or billed amounts due and owing under the Lease through December 10, 2018.

14.     Under section 365(b)(1)(A) of the Bankruptcy Code, the Debtors must cure the defaults under the Lease in connection with any assumption and assignment. Any provision in the Proposed Order which relieves the Debtors of further liability for obligations due and owing under the Lease or provides that no defaults shall exist upon assignment (*see, e.g.*, Dkt. 1035, ¶¶

4

21, 25) must be amended to require full payment of the Correct Cure Amount under the Lease as a condition to such relief.

 B. *The Proposed Cure Amount Does Not Include Attorneys' Fees, Which are Pecuniary Losses Suffered as a Result of Tenant's Default Under the Lease.*

 15. The Landlord further objects to the Proposed Cure Amount because it does not include attorneys' fees. The Lease entitles the Landlord to attorneys' fees. Therefore, attorneys' fees are properly included in the Landlord's cure amount as pecuniary losses suffered as a result of the Tenant's default, under Section 365(b)(1)(B). *See Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186, at *25-28 (S.D.N.Y. Apr. 8, 2002); *see also In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams*, 2011 Bankr. LEXIS 2463, at *3 (Bankr. D. Del. June 24, 2011); *see also In re French*, 131 B.R. 138, 141 (Bankr. E.D. Miss. 1991); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Entertainment, Inc.*, 223 B.R. 141, 152-153 (Bankr. N.D. Ill. 1998).

 16. The Landlord requests reimbursement for all of its actual pecuniary losses including, but not limited to, attorneys' fees and costs expended with regard to the Tenant's breach of the Lease. The Landlord currently has incurred attorneys' fees of approximately $4,000 and its fees continue to accrue.

 C. *Any Assumption and Assignment Must Be Cum Onere and the Proposed Assignee Must Assume Liability for All Obligations for Accrued, But Unbilled or Not Due Rent and Charges and Indemnity Obligations.*

 17. The Lease includes a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Tenant's proportionate share of the real estate taxes, insurance premiums, utilities, common area and building maintenance, which have accrued, or will accrue under the Lease through any assumption and assignment of

5

the Lease and are not yet billed or due. The Correct Cure Amount does not include amounts that have accrued but have not been billed or have not come due under the Lease.

18.     Additionally, the Proposed Cure Amount does not include contractual obligations to indemnify the Landlord for events occurring prior to any assumption and assignment of the Lease, including claims which may not become known until after the Lease is assumed and assigned.

19.     The Tenant continues to be responsible to pay additional rent and charges, which have accrued, or will accrue under the Lease through any assumption and assignment of the Lease and are not yet billed or due, and to indemnify the Landlord for all claims.

20.     It is well settled that assumption of the Lease must be *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). The requirement that lease assumption be *cum onere* applies equally to assignment, as assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)). Therefore, any assignee of the Lease must continue to satisfy all rent and charges accruing or coming due under the Lease, including additional rent and charges that have not been billed, reconciled, or adjusted, and indemnification obligations.

21.     The Proposed Order provides:

> **No Successor or Derivative Liability.** The sale and transfer of the Transferred Assets to the Buyer, including the assumption by the Debtors and assignment, transfer and/or sale to the Buyer and the Buyer's occupation and use of the Transferred Assets will not subject the Buyer to any liability (including any successor liability) with respect to the operation of any of the Debtors' businesses before Closing or by reason of such transfer, except that, upon the Closing, the Buyer shall become liable for the applicable Assumed Liability. Buyer shall have no obligations with respect to any liabilities of the Debtors or the Debtors' estates

> arising out of or related to the Transferred Assets, except as expressly provided in the Asset Purchase Agreement.

(Dkt. 1035, ¶ K; *see also* Dkt. 1035, ¶¶ 13, 15, 20). The Proposed Order does not define "Assumed Liability," but refers the reader to the Motion. The Motion does not define "Assumed Liabilities"; however, the proposed Stalking Horse Agreement defines "Assumed Liabilities" to include the obligation to "assume and fully pay, discharge, satisfy and perform when due all Liabilities of Seller and its Subsidiaries solely to the extent arising out of or relating to the operation of the Business and the Transferred Assets, in each case, after the Closing . . .." (Dkt. 450, Ex. B at § 2.03).

22. The Proposed Order further seeks to "sell the Transferred Assets free and clear of all encumbrances, claims (including those that constitute a 'claim' as defined in section 101(5) of the Bankruptcy Code), rights, liabilities, encumbrances, and other interests of any kind or nature whatsoever against any of the Debtors or the Transferred Assets . . .." (Dkt. 1035, ¶ O; *see also* Dkt. 1035, ¶¶ 12, 14, 21)).

23. The obligation to pay ongoing rent and charges and to satisfy indemnity obligations is essential to the Landlord's entitlement, pursuant to Section 365(b)(1)(C) of the Bankruptcy Code, to adequate assurance of future performance, and must be assumed by the proposed assignee, *cum onere*. Therefore, any Order authorizing the assumption and assignment of the Lease to the proposed assignee must provide that the proposed assignee is liable for all obligations to pay accrued, but unbilled or not due rent and charges and indemnity obligations. The Lease may not be assumed free and clear of the obligation to pay this rent and indemnity obligations.

*D. Assumption and Assignment of the Lease Should Not be Free and Clear of Restrictive Covenants.*

24. The Proposed Order should be further modified to make clear that assumption and assignment of the Lease is not free and clear of (and shall not extinguish or otherwise diminish) any interests, covenants, or rights applicable to the Lease or rights that limit or condition the permitted use of the property, such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits that are not executory and run with the land. *See* Order Approving Global Bidding Procedures and Granting Related Relief (Dkt. 816, ¶ 51).

*E. The Proposed Order Improperly Seeks to Render Provisions of the Lease Unenforceable.*

25. By the Proposed Order, the Debtors seek to render "unenforceable . . . void and of no force and effect" certain unspecified provisions of the Lease "that prohibit[] or condition[] the assignment or sublease of the Assumed Contract." (Dkt. 1035, ¶ 25).

26. The Court may not re-write or abrogate lease provisions. Section 365 of the Bankruptcy Code does not render anti-assignment clauses generally unenforceable. Rather, Section 365(f) provides that the Lease may be assumed and assigned notwithstanding provisions in the Lease or applicable law that prohibit, restrict or condition assignment of the Lease. Unexpired leases and executory contracts must be assumed *cum onere*, or not at all. *In re ANC Rental Corp.*, 277 B.R. 226, 238-239 (Bankr. D. Del. 2002). The Lease can only be assumed and assigned "as is" and in accordance with all of its terms.

*F. To the Extent that the Stalking Horse Bidder is Not the Successful Bidder, the Landlord is Entitled to Adequate Assurance Information With Respect to Any Proposed Assignee.*

27. Pursuant to Section 365 of the Bankruptcy Code, assumption and assignment of the Lease requires adequate assurance that the proposed assignee has the ability to perform under

8

the terms of the Lease.  11 U.S.C. §§ 365(b)(1)(C) & (f)(2).  The party seeking to assume and assign a lease bears the initial burden of proving adequate assurance of future performance.  *See In re Kings Terrace Nursing Home  Health Related Facility*, 1995 Bankr. LEXIS 157, at *27 (Bankr. S.D.N.Y. Jan. 26, 1995); *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1080 (9th Cir. 1989); *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 269 B.R. 139, 166 (D. Md. 2001); *In re Vitanza*, 1998 Bankr. LEXIS 1497, at *50 (Bankr. E.D. Pa. Nov. 13, 1998); *In re Great NW Recreation Center, Inc.*, 74 B.R. 846, 853 (Bankr. Mont. 1993) (*citing Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309-10 (5th Cir. 1985)); *In re Rachels Indus., Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. Jan. 24, 1990).

28.    The Landlord reserves its right to object to any assumption and assignment of the Lease to any presently unidentified successful or backup bidder on any grounds and requests strict compliance with the adequate assurance of future performance requirements of section 365 of the Bankruptcy Code.

## JOINDER AND RESERVATION OF RIGHTS

29.    The Landlord joins in the objections of other landlords of the Debtors to the extent they are not inconsistent with this Limited Objection.

30.    The Landlord reserves its right to supplement this Limited Objection and to make such other and further objections as it may deem necessary or appropriate, including, but not limited to, any amendment to the proposed Order granting the Motion and to assumption and assignment of the Lease to any successful or back-up bidder (to the extent not the Stalking Horse Bidder).

9

## CONCLUSION

**WHEREFORE,** the Landlord respectfully requests that the Court condition any assumption and assignment of the Lease as set forth in this Objection, and grant the Landlord any additional and further relief the Court deems just and proper.

Dated: December 11, 2018  
Syracuse, New York

**BARCLAY DAMON LLP**

By: /s/Kevin Newman  
Kevin M. Newman  
Teresa M. Bennett (*admitted pro hac vice*)  
Office and Post Office Address  
Barclay Damon Tower  
125 East Jefferson Street  
Syracuse, New York 13202-2020  
Telephone: (315) 413-7115  
Facsimile: (315) 703-7349

*Attorneys for Light 125 James West LLC*