# IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## CHRISTIAN COUNTY, ILLINOIS

CHARLES PUGH, NICOLE PUGH,　　　)
JACK PUGH, SAM PUGH, and　　　　　)
CHARLES F. PUGH,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Case No.: 2016-L-3
　　　　　　　　　　　　　　　　　　)
ELECTROLUX HOME PRODUCTS, INC.,　)
a Delaware corporation,　　　　　　　　)
HOMEDELIVERYLINK, INC.,　　　　　)
a California corporation,　　　　　　　　)
SEARS, ROEBUCK AND CO.,　　　　　)
a New York corporation, and　　　　　　)
A&E FACTORY SERVICE, LLC,　　　　)
a Delaware limited liability company,　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　)

**FILED**

DEC 13 2016

*Julie J. Mayer*
Circuit Clerk
Christian County

## AMENDED COMPLAINT

NOW COME Plaintiffs, CHARLES PUGH, NICOLE PUGH, JACK PUGH, SAM PUGH, and CHARLES F. PUGH, by and through their attorneys, Sorling Northrup, David A. Rolf, of Counsel, and for their Amended Complaint against the Defendants, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, HOMEDELIVERYLINK, INC., a California corporation, SEARS, ROEBUCK AND CO., a New York corporation, and A&E FACTORY SERVICE, LLC, a Delaware limited liability company, states as follows:

### Allegations Common to All Counts

1.　　　Defendant, Electrolux Home Products, Inc. (hereinafter "Electrolux H.P."), is a Delaware corporation authorized to transact business in Illinois and at all relevant times doing business in Christian County, Illinois.

2.      Defendant, Sears, Roebuck and Co. (hereinafter "Sears"), is a New York corporation with its principal place of business in Hoffman Estates, Illinois and authorized to transact business in Illinois and at all relevant times doing business in Christian County, Illinois.

3.      Defendant, A&E Factory Service, LLC (hereinafter "A&E"), is a Delaware limited liability company, with its principal office located in Hoffman Estates, Illinois, and authorized to transact business in Illinois and at all relevant times doing business in Christian County, Illinois.

4.      Defendant, HomeDeliveryLink, Inc. (hereinafter "HDL"), is a California corporation, authorized to transact business in Illinois.

5.      This cause of action arises out of events which occurred in Christian County, Illinois.

6.      Venue is proper pursuant to §2-101(2) of the Illinois Code of Civil Procedure, 735 ILCS 5/2-101(2).

7.      On or about March 15, 2010, Plaintiffs, Charles and Nicole Pugh, purchased a new Kenmore free standing natural gas oven from Sears, specifically placing and paying for such order at the Sears store located in Forsyth, Illinois.  A copy of the receipt for said transaction is attached as **Exhibit 1**.

8.      Pursuant to said purchase, Sears contacted the manufacturer of a Kenmore stove, Defendant, Electrolux Home Products, Inc. or its predecessors in interest, to order said stove for manufacture and delivery to Plaintiffs' residence in Stonington, Christian County, Illinois.

9.      At the time of Plaintiffs' purchase, Sears arranged for the delivery and hook up of the unit with Defendant, HDL.

10.    At the time of Plaintiffs' purchase, Plaintiffs paid to Sears all charges associated with the purchase, delivery, and hook up of the Kenmore unit.

11.    On or about March 31, 2010, Defendant, HDL, delivered and connected the Kenmore unit to the gas line at Plaintiffs' residence located at 402 North Elm Street, Stonington, Christian County, Illinois.

12.    Said Kenmore unit bore Serial No. NF01122028 and Model No. 79075403501, and on information and belief said model was manufactured by Defendant, Electrolux Home Products, Inc., or its predecessors in interest.

13.    Said Kenmore unit was manufactured in a manner that it could on installation be set to operate on either natural gas or liquefied propane gas (hereinafter "LP gas").

14.    Plaintiffs' house was at all times served by natural gas, and specifically a natural gas line served the location where the oven was to be installed.

15.    The Kenmore unit, at the time of delivery to Plaintiffs' residence, was accompanied by a Use and Care Guide and Installation Instructions, copies of which are attached as **Exhibit 2** and **Exhibit 3** and incorporated herein.

16.    The Kenmore unit, at the time of delivery to Plaintiffs' residence, was accompanied by an Instruction Manual for converting the range to operating on LP gas, and said Instruction Manual specifically stated that the unit is "shipped from the factory for use with natural gas." A copy of said Instruction Manual is attached hereto as **Exhibit 4** and incorporated herein.

17.    Without knowledge of Plaintiffs, the stove was connected to the gas line with the gas valve setting in the LP gas position.

18.    On or after installation, Plaintiffs used the oven for the purpose and the manner intended for the preparation of food.

19.    Without knowledge of Plaintiffs, the Kenmore unit operating on natural gas through an LP valve setting resulted in an improper burn of the fuel, creating high levels of carbon monoxide at each use of said Kenmore unit.

20.    Prior to April 16, 2014, Defendants, A&E, Sears' designated service provider for appliances it sells, including the Kenmore unit purchase by Plaintiffs, received service calls from Plaintiffs concerning said oven.

21.    Over the passage of time and with continued use of the Kenmore unit, and without knowledge of Plaintiffs, Plaintiffs were repeatedly exposed to high levels of carbon monoxide.

22.    During the time after installation and prior to April 16, 2014, Plaintiffs began to and did experience various maladies and illnesses for which they sought medical diagnosis and treatment.

23.    On April 16, 2014, in an effort to determine the cause of the Plaintiffs' ailments, Plaintiffs had the Kenmore unit inspected by the City of Stonington.

24.    On April 16, 2014, for the first time, the City of Stonington "red tagged" the Kenmore unit, having determined through testing that its operation produced excessive levels of carbon monoxide.

25.    Up until April 16, 2014, Plaintiffs were unaware of their exposure to excessive levels of carbon monoxide from the operation of the Kenmore unit.

26.    Upon discovery of such information, Plaintiffs had the unit inspected and as a result of said inspection discovered that the unit had been installed with its gas valve set to receive LP gas for operation, rather than natural gas for operation.

### Index to Counts

1.    Charles Pugh v. Electrolux Home Products, Inc. – Strict Liability

2.    Charles Pugh v. Electrolux Home Products, Inc. – Negligence

3.    Charles Pugh v. HomeDeliveryLink, Inc. – Negligence

4.    Charles Pugh v. Sears, Roebuck and Co. – Strict Liability

5.    Charles Pugh v. Sears, Roebuck and Co. – Negligence

6.    Charles Pugh v. Sears, Roebuck and Co. – Principal Agent

7.    Charles Pugh v. Sears, Roebuck and Co. – Consumer Fraud

8.    Charles Pugh v. Sears, Roebuck and Co. – Implied Warranty

9.    Charles Pugh v. A&E Factory Service, LLC – Negligence

10.    Nicole Pugh v. Electrolux Home Products, Inc. – Strict Liability

11.    Nicole Pugh v. Electrolux Home Products, Inc. – Negligence

12.    Nicole Pugh v. HomeDeliveryLink, Inc. – Negligence

13.    Nicole Pugh v. Sears, Roebuck and Co. – Strict Liability

14.    Nicole Pugh v. Sears, Roebuck and Co. – Negligence

15.    Nicole Pugh v. Sears, Roebuck and Co. – Principal Agent

16.    Nicole Pugh v. Sears, Roebuck and Co. – Consumer Fraud

17.    Nicole Pugh v. Sears, Roebuck and Co. – Implied Warranty

18.    Nicole Pugh v. A&E Factory Service, LLC – Negligence

19.    Jack Pugh v. Electrolux Home Products, Inc. – Strict Liability

20.    Jack Pugh v. Electrolux Home Products, Inc. – Negligence

21.    Jack Pugh v. HomeDeliveryLink, Inc. – Negligence

22.    Jack Pugh v. Sears, Roebuck and Co. – Strict Liability

23.    Jack Pugh v. Sears, Roebuck and Co. – Negligence

24.    Jack Pugh v. Sears, Roebuck and Co. – Principal Agent

25.    Jack Pugh v. Sears, Roebuck and Co. – Consumer Fraud

26.    Jack Pugh v. Sears, Roebuck and Co. – Implied Warranty

27.    Jack Pugh v. A&E Factory Service, LLC – Negligence

28.    Sam Pugh v. Electrolux Home Products, Inc. – Strict Liability

29.    Sam Pugh v. Electrolux Home Products, Inc. – Negligence

30.    Sam Pugh v. HomeDeliveryLink, Inc. – Negligence

31.    Sam Pugh v. Sears, Roebuck and Co. – Strict Liability

32.    Sam Pugh v. Sears, Roebuck and Co. – Negligence

33.    Sam Pugh v. Sears, Roebuck and Co. – Principal Agent

34.    Sam Pugh v. Sears, Roebuck and Co. – Consumer Fraud

35.    Sam Pugh v. Sears, Roebuck and Co. – Implied Warranty

36.    Sam Pugh v. A&E Factory Service, LLC – Negligence

37.    Charles F. Pugh v. Electrolux Home Products, Inc. – Strict Liability

38.    Charles F. Pugh v. Electrolux Home Products, Inc. – Negligence

39.    Charles F. Pugh v. HomeDeliveryLink, Inc. – Negligence

40.    Charles F. Pugh v. Sears, Roebuck and Co. – Strict Liability

41.    Charles F. Pugh v. Sears, Roebuck and Co. – Negligence

42.    Charles F. Pugh v. Sears, Roebuck and Co. – Principal Agent

43.   Charles F. Pugh v. Sears, Roebuck and Co. – Consumer Fraud

44.   Charles F. Pugh v. Sears, Roebuck and Co. – Implied Warranty

45.   Charles F. Pugh v. A&E Factory Service, LLC – Negligence

46.   Nicole Pugh v. Electrolux Home Products, Inc. – Family Expenses

47.   Nicole Pugh v. Electrolux Home Products, Inc. – Family Expenses

48.   Nicole Pugh v. HomeDeliveryLink, Inc. – Family Expenses

49.   Nicole Pugh v. Sears, Roebuck and Co. – Family Expenses

50.   Nicole Pugh v. Sears, Roebuck and Co. – Family Expenses

51.   Nicole Pugh v. Sears, Roebuck and Co. – Family Expenses

52.   Nicole Pugh v. Sears, Roebuck and Co. – Family Expenses

53.   Nicole Pugh v. Sears, Roebuck and Co. – Family Expenses

54.   Nicole Pugh v. A&E Factory Service, LLC – Family Expenses

## Count 1
### Electrolux Home Products, Inc. – Strict Liability – Charles Pugh

1-26.   Plaintiffs repeat and reallege Paragraphs 1 through 26 of the Allegations Common to All Counts as and for Paragraphs 1 through 26 of Count 1.

27.   On information and belief, in the ordinary course of its business, Defendant, Electrolux H.P., or its predecessor, manufactured the subject oven purchased by Plaintiffs in or about March 2010.

28.   At the time the unit left Electrolux H.P. and its control, the unit was defective and unreasonably dangerous because the valve of the unit was set to operate on LP gas when the unit ordered was to be set for use with natural gas.

29.     At the time the unit left Electrolux H.P.'s control, the unit was defective and unreasonably dangerous because the valve of the unit was set to operate on LP gas when it was accompanied in its packaging with instructions stating it was set to operate on natural gas.

30.     At the time the unit left Electrolux H.P.'s control, the unit was defective and unreasonably dangerous due to inadequate warnings and instructions.

31.     As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, Plaintiff, Charles Pugh, suffered serious injuries of a personal and pecuniary nature including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, and these losses have been incurred in the past and will continue to incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES PUGH, requests judgment be entered in his favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in an amount necessary to fairly and fully compensate him for all losses, an amount in excess of $50,000.00.

## Count 2
### Electrolux Home Products, Inc. – Negligence – Charles Pugh

1-26.   Plaintiffs repeat and reallege Paragraphs 1 through 26 of the Allegations Common to All Counts as and for Paragraphs 1 through 26 of Count 2.

27.     It was Electrolux H.P.'s duty to use reasonable care in the design and manufacture of the Kenmore unit.

28.     Notwithstanding its duty, Electrolux H.P., by and through its agents, servants, or employees negligently and carelessly:

(a)    Improperly designed the unit in such a manner as to allow the unit to be connected to a natural gas line and operate when its valve setting was set to burn LP gas;

(b)    Improperly manufactured the unit in such a way as to allow the unit to be connected to a natural gas line and operate when its valve was set to burn LP gas;

(c)    Failed to adequately warn the users of the unit that it could be connected to the natural gas line irrespective of the setting of the valve for operation of the unit on LP gas;

(d)    Improperly provided instructions with the unit indicating that it was shipped from the factory for use with natural gas when in fact it was shipped for use with liquid propane gas;

(e)    Improperly inspected the unit during the design, manufacture, packaging, and shipping; and

(f)    Improperly assembled the unit to operate on LP gas when the unit was ordered for operation on natural gas.

29.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, Electrolux H.P., the Plaintiff, Charles Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES PUGH, prays that judgment be entered in his favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in

an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

### Count 3
### HomeDeliveryLink, Inc. – Negligence – Charles Pugh

1-26.    Plaintiffs repeat and reallege Paragraphs 1 through 26 of the Allegations Common to All Counts as and for Paragraphs 1 through 26 of Count 3.

27.    At all relevant times, Defendant, HDL, was an appliance delivery and hook up contractor, performing work in residential settings.

28.    On or about March 31, 2010, Defendant, HDL, participated in the installation of the above Kenmore unit at the Plaintiffs' residence, specifically delivering and connecting said unit to the natural gas source of fuel at said residence.

29.    It was then and there, HDL's duty to use reasonable care in the performance of its work.

30.    Notwithstanding its duty, HDL, through its agents, servants, or employees, acted negligently and carelessly in the following manners:

(a)    Improperly installed the Kenmore unit by connecting the natural gas source of fuel to an oven whose valve was set to receive LP gas;

(b)    Failed to adequately train its employees to properly hook up and/or inspect units which they were hooking up, including specifically checking the valve setting for the correct source of fuel;

(c)    Failed to inspect the valve setting for the correct source of fuel;

(d)    Failed to test the unit as installed for adequate burning of the fuel and the presence of carbon monoxide;

(e)    Failed to warn the Plaintiffs, users of the unit, of the possible presence of carbon monoxide; and

(f)    Improperly connected the unit to a natural gas fuel source while leaving the valve setting in the unit on LP fuel, or in the alternative, changing the valve setting from natural gas to a LP setting.

31.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, HDL, the Plaintiff, Charles Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES PUGH, request that judgment be entered in his favor and against Defendant, HOMEDELIVERYLINK, INC., a California corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

### Count 4
### Sears, Roebuck and Co. – Strict Liability – Charles Pugh

1-26.    Plaintiffs repeat and reallege Paragraphs 1 through 26 of the Allegations Common to All Counts as and for Paragraphs 1 through 26 of Count 4.

27.    In the ordinary course of its business, Defendant, Sears, sold and had delivered said Kenmore unit to Plaintiffs in March 2010.

28.    At the time the Kenmore unit was sold and distributed by Sears, the Kenmore unit was set to operate on a LP gas setting when Plaintiffs ordered and purchased a unit for operation on a natural gas setting.

29.    At the time said Kenmore unit was sold and distributed by Sears, the Kenmore unit was accompanied by instructions identifying the Kenmore unit as shipped from the factory for use with natural gas, but was in fact set for use with LP gas.

30.    As a result of the above conduct, Sears placed a defective and unreasonably dangerous unit in the stream of commence, and specifically into Plaintiffs' home for their use.

31.    At the time Sears placed the Kenmore unit into the stream of commerce, it was defective and unreasonably dangerous due to inadequate warnings and instructions.

32.    As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, the Plaintiff, Charles Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES PUGH, request that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

### Count 5
### Sears, Roebuck and Co. – Negligence – Charles Pugh

1-26.    Plaintiffs repeat and reallege Paragraphs 1 through 26 of the Allegations Common to All Counts as and for Paragraphs 1 through 26 of Count 5.

27.    It was at all times the duty of Sears to use reasonable care in the sale and distribution of its products.

28.    At the time and place alleged above, Sears was guilty of one or more of the following negligent acts or omissions:

(a)    Sold and distributed to the general public, including Plaintiffs, an oven that was dangerous and defective;

(b)    Failed to warn those using the oven that said Kenmore unit ordered for use on the natural gas, was manufactured with a valve setting to be used to burn LP gas;

(c)    Failed to inspect the unit and its component parts to determine whether it was reasonably safe and in the condition that it had been ordered by Plaintiffs, specifically for use with a natural gas source of fuel.

(d)    Failed to train its contract delivery and hook up installers on the proper fuel connection of said Kenmore unit; and

(e)    Ordered delivery and hook up services for the Kenmore unit from an entity it knew or should have known was not qualified to perform these services.

29.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, Sears, the Plaintiff, Charles Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES PUGH, request that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 6
### Sears, Roebuck and Co. – Principal Agent – Charles Pugh

1-26.    Plaintiffs repeat and reallege Paragraphs 1 through 26 of the Allegations Common to All Counts as and for Paragraphs 1 through 26 of Count 6.

27.    At all relevant times, Sears held itself out as offering delivery and installation of its appliances through its employees, servants, or agents.

28.    At all relevant times, Sears accepted, as part of the purchase of its appliances, orders for the delivery and installation of appliances it sold.

29.    At all relevant times, Sears accepted payment, as part of the purchase of its appliances, for the delivery and installation of appliances it sold.

30.    At all relevant times, Sears arranged, through its employees and agents, for the delivery and installation of appliances it sold.

31.    With respect to Plaintiffs' purchase of the Kenmore unit, Sears offered, accepted an order for, collected payment for, and arranged for the delivery and hook up of the Kenmore unit by HDL.

32.    Plaintiffs did not choose HDL, but relied on Sears to procure the delivery and hook up of the Kenmore unit in a proper manner and within the standard of care.

33.    Defendant, HDL, was negligent in the performance of its services in one or more of the manners described in Paragraphs 30(a) through (f) of Count 3 hereof, which Paragraphs are incorporated herein by reference.

34.    Any act or omission of HDL during the delivery and hook up of the Kenmore unit at Plaintiffs' residence was an act or omission of Sears.

35.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Sears' agent, HDL, the Plaintiff, Charles Pugh, suffered serious injuries of a

personal and pecuniary nature, including medical expenses, loss of earnings, and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

### Count 7
### Sears, Roebuck and Co. – Consumer Fraud and Deceptive Practice Act – Charles Pugh

1-26.    Plaintiffs repeat and reallege Paragraphs 1 through 26 of the Allegations Common to All Counts as and for Paragraphs 1 through 26 of Count 7.

27.    At all relevant times, Sears was a person engaged in Illinois in the conduct of trade and commerce by offering merchandise for sale to consumers, as defined in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

28.    As part of the purchase by Plaintiffs from Sears of the Kenmore unit, its delivery and hook up, Sears stated to Plaintiffs that the Kenmore unit was "shipped from the factory for use with natural gas."

29.    At the time Sears made the statement referenced in Paragraph 28 of Count 7, it made the statement in reckless disregard to whether it was true or false.

30.    At the time Sears made the statement referenced in Paragraph 28 of Count 7, it was made with the intent that Plaintiffs rely on it.

31.    At the time Sears made the statement referenced in Paragraph 28 of Count 7, it was a misrepresentation of material fact.

32.     As and direct and proximate result of the misrepresentation of material fact by Defendant, Sears, the Plaintiff, Charles Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

33.     Sears misrepresentations as described above constitute a deceptive act or practice under Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

34.     Pursuant to §10a.(c) of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a.(c), Plaintiff is entitled to recover his attorneys' fees and costs herein in addition to the damages he has sustained.

WHEREFORE, Plaintiff, CHARLES PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00, together with his attorneys' fees and costs.

**Count 8**
**Sears, Roebuck and Co. – Breach of Implied Warranty – Charles Pugh**

1-26.   Plaintiffs repeat and reallege Paragraphs 1 through 26 of the Allegations Common to All Counts as and for Paragraphs 1 through 26 of Count 8.

27.     Sears impliedly warranted that the Kenmore unit was safe, of merchantable quality, and fit for ordinary purposes for which the product was intended.

28.     Plaintiffs relied upon the skill, knowledge, judgment, representations, and warranties of Sears when they purchased and used the Kenmore unit.

29.    The representations and implied warranties of Sears were false, misleading, and inaccurate, and when Plaintiffs used the Kenmore unit, it proved to be unsound and unsuitable for the purpose intended.

30.    The Kenmore unit was unsafe, dangerous, defective, and not of merchantable quality, in breach of Sears' implied warranty.

31.    As a direct and proximate result of the aforementioned breach of implied warranty by Defendant, Sears, Plaintiff, Charles Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

### Count 9
### A&E Factory Service, LLC – Negligence – Charles Pugh

1-26.    Plaintiffs repeat and reallege Paragraphs 1 through 26 of the Allegations Common to All Counts as and for Paragraphs 1 through 26 of Count 9.

27.    At all relevant times, Defendant, A&E, was an appliance service contractor, performing work in residential settings.

28.    After March 31, 2010 and prior to April 16, 2014, Defendant, A&E, received calls for service to the Kenmore unit at the Plaintiffs' resident.

29.    It was then and there, A&E's duty to use reasonable care in the performance of its work.

30.    Notwithstanding its duty, A&E, through its agents, servants, or employees, acted negligently and carelessly in the following manners:

(a)    Improperly inspected the Kenmore unit by failing to detect the natural gas source of fuel connection to an oven whose valve was set to receive LP gas;

(b)    Failed to adequately train its employees to property inspect units, including specifically checking the valve setting for connection to the correct source of fuel;

(c)    Failed to inspect the valve setting for connection to the correct source of fuel;

(d)    Failed to test the unit as installed for adequate burning of the fuel and the presence of carbon monoxide;

(e)    Failed to warn the Plaintiffs, users of the unit, of the possible presence of carbon monoxide; and

(f)    Failed to have operable equipment to test the unit for the emission of carbon monoxide.

31.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, A&E, the Plaintiff, Charles Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES PUGH, prays that judgment be entered in his favor and against Defendant, A&E FACTORY SERVICE, LLC, a Delaware limited liability company,

in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 10
### Electrolux Home Products, Inc. – Strict Liability – Nicole Pugh

1-30.    Plaintiffs repeat and reallege Paragraphs 1 through 30 of Count 1 as and for Paragraphs 1 through 30 of Count 10.

31.    As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, Plaintiff, Nicole Pugh, suffered serious injuries of a personal and pecuniary nature including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, and these losses have been incurred in the past and will continue to incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, NICOLE PUGH, requests judgment be entered in her favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in an amount necessary to fairly and fully compensate her for all her losses, an amount in excess of $50,000.00.

## Count 11
### Electrolux Home Products, Inc. – Negligence – Nicole Pugh

1-28.    Plaintiffs repeat and reallege Paragraphs 1 through 28 of Count 2 as and for Paragraphs 1 through 28 of Count 11.

29.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, Electrolux H.P., the Plaintiff, Nicole Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in an amount necessary to fairly and fully compensate her for all her losses, an amount in excess of $50,000.00.

## Count 12
### HomeDeliveryLink, Inc. – Negligence – Nicole Pugh

1-30.    Plaintiffs repeat and reallege Paragraphs 1 through 30 of Count 3 as and for Paragraphs 1 through 30 of Count 12.

31.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, HDL, the Plaintiff, Nicole Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, NICOLE PUGH, request that judgment be entered in her favor and against Defendant, HOMEDELIVERYLINK, INC., a California corporation, in an amount necessary to fairly and fully compensate her for all her losses, an amount in excess of $50,000.00.

## Count 13
### Sears, Roebuck and Co. – Strict Liability – Nicole Pugh

1-31.    Plaintiffs repeat and reallege Paragraphs 1 through 31 of Count 4 as and for Paragraphs 1 through 31 of Count 13.

32.    As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, the Plaintiff, Nicole Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and

earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, NICOLE PUGH, request that judgment be entered in her favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate her for all her losses, an amount in excess of $50,000.00.

## Count 14
### Sears, Roebuck and Co. – Negligence – Nicole Pugh

1-28.   Plaintiffs repeat and reallege Paragraphs 1 through 28 of Count 5 as and for Paragraphs 1 through 28 of Count 14.

29.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, Sears, the Plaintiff, Nicole Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, NICOLE PUGH, request that judgment be entered in her favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate her for all her losses, an amount in excess of $50,000.00.

## Count 15
### Sears, Roebuck and Co. – Principal Agent – Nicole Pugh

1-34.   Plaintiffs repeat and reallege Paragraphs 1 through 34 of Count 6 as and for Paragraphs 1 through 34 of Count 15.

43K646405 12/8/2016                      Page 21 of 48                      Case No.:  2016-L-3

35.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Sears' agent, HDL, the Plaintiff, Nicole Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings, and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate her for all her losses, an amount in excess of $50,000.00.

## Count 16
## Sears, Roebuck and Co. – Consumer Fraud and Deceptive Practice Act – Nicole Pugh

1-31.    Plaintiffs repeat and reallege Paragraphs 1 through 31 of Count 7 as and for Paragraphs 1 through 31 of Count 16.

32.    As and direct and proximate result of the misrepresentation of material fact by Defendant, Sears, the Plaintiff, Nicole Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

33.    Sears misrepresentations as described above constitute a deceptive act or practice under Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

34.    Pursuant to §10a.(c) of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a.(c), Plaintiff is entitled to recover his attorneys' fees and costs herein in addition to the damages he has sustained.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate her for all her losses, an amount in excess of $50,000.00, together with her attorneys' fees and costs.

### Count 17
### Sears, Roebuck and Co. – Breach of Implied Warranty – Nicole Pugh

1-30.    Plaintiffs repeat and reallege Paragraphs 1 through 30 of Count 8 as and for Paragraphs 1 through 30 of Count 17.

31.    As a direct and proximate result of the aforementioned breach of implied warranty by Defendant, Sears, Plaintiff, Nicole Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate her for all her losses, an amount in excess of $50,000.00, together with his attorneys' fees and costs.

### Count 18
### A&E Factory Service, LLC – Negligence – Nicole Pugh

1-30.    Plaintiffs repeat and reallege Paragraphs 1 through 30 of Count 9 as and for Paragraphs 1 through 30 of Count 18.

31.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, A&E, the Plaintiff, Nicole Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning

capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, A&E FACTORY SERVICE, LLC, a Delaware limited liability company, in an amount necessary to fairly and fully compensate her for all her losses, an amount in excess of $50,000.00.

## Count 19
## Electrolux Home Products, Inc. – Strict Liability – Jack Pugh

1-30.    Plaintiff, Jack Pugh, repeats and realleges Paragraphs 1 through 30 of Count 1 as and for Paragraphs 1 through 30 of Count 19.

31.    Plaintiff, Jack Pugh (hereinafter "Son Jack"), is the son of Plaintiffs, Charles and Nicole Pugh, born December 29, 1996.

32.    Son Jack has at all times resided with his parents on a full-time basis, including at all times following installation of the Kenmore unit described above.

33.    Over the passage of time and with continued use of the Kenmore unit within the residence, and without knowledge of Son Jack, he was repeatedly exposed to high levels of carbon monoxide.

34.    As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, Plaintiff, Jack Pugh, suffered serious injuries of a personal and pecuniary nature including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, and these losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, JACK PUGH, requests judgment be entered in his favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in an

amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 20
## Electrolux Home Products, Inc. – Negligence – Jack Pugh

1-28.   Plaintiff, Jack Pugh, repeats and realleges Paragraphs 1 through 28 of Count 2 as and for Paragraphs 1 through 28 of Count 20.

29-31.   Plaintiff, Jack Pugh, repeats and realleges Paragraphs 31 through 33 of Count 19 as and for Paragraphs 29 through 31 of Count 20.

32.   As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, Electrolux H.P., the Plaintiff, Jack Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, JACK PUGH, prays that judgment be entered in his favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 21
## HomeDeliveryLink, Inc. – Negligence – Jack Pugh

1-30.   Plaintiff, Jack Pugh, repeats and realleges Paragraphs 1 through 30 of Count 3 as and for Paragraphs 1 through 30 of Count 21.

31-33.   Plaintiff, Jack Pugh, repeats and realleges Paragraphs 31 through 33 of Count 19 as and for Paragraphs 31 through 33 of Count 21.

34.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, HDL, the Plaintiff, Jack Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, JACK PUGH, request that judgment be entered in his favor and against Defendant, HOMEDELIVERYLINK, INC., a California corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

### Count 22
### Sears, Roebuck and Co. – Strict Liability – Jack Pugh

1-31.   Plaintiff, Jack Pugh, repeats and realleges Paragraphs 1 through 31 of Count 4 as and for Paragraphs 1 through 31 of Count 22.

33-35.   Plaintiff, Jack Pugh, repeats and realleges Paragraphs 31 through 33 of Count 19 as and for Paragraphs 33 through 35 of Count 22.

36.    As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, the Plaintiff, Jack Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, JACK PUGH, request that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 23
### Sears, Roebuck and Co. – Negligence – Jack Pugh

1-28.   Plaintiff, Jack Pugh, repeats and realleges Paragraphs 1 through 28 of Count 5 as and for Paragraphs 1 through 28 of Count 23.

29-31.  Plaintiff, Jack Pugh, repeats and realleges Paragraphs 31 through 33 of Count 19 as and for Paragraphs 29 through 31 of Count 23.

32.   As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, Sears, the Plaintiff, Jack Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, JACK PUGH, request that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 24
### Sears, Roebuck and Co. – Principal Agent – Jack Pugh

1-34.   Plaintiff, Jack Pugh, repeats and realleges Paragraphs 1 through 34 of Count 6 as and for Paragraphs 1 through 34 of Count 24.

35-37.  Plaintiff, Jack Pugh, repeats and realleges Paragraphs 31 through 33 of Count 19 as and for Paragraphs 35 through 37 of Count 24.

38.   As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Sears' agent, HDL, the Plaintiff, Jack Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings, and earning

capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, JACK PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 25
### Sears, Roebuck and Co. – Consumer Fraud and Deceptive Practice Act – Jack Pugh

1-31.   Plaintiff, Jack Pugh, repeats and realleges Paragraphs 1 through 31 of Count 7 as and for Paragraphs 1 through 31 of Count 25.

32-34.  Plaintiff, Jack Pugh, repeats and realleges Paragraphs 31 through 33 of Count 19 as and for Paragraphs 31 through 33 of Count 25.

35.     As and direct and proximate result of the misrepresentation of material fact by Defendant, Sears, the Plaintiff, Jack Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

36.     Sears misrepresentations as described above constitute a deceptive act or practice under Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

37.     Pursuant to §10a.(c) of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a.(c), Plaintiff, Jack Pugh, is entitled to recover his attorneys' fees and costs herein in addition to the damages he has sustained.

WHEREFORE, Plaintiff, JACK PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00, together with his attorneys' fees and costs.

## Count 26
### Sears, Roebuck and Co. – Breach of Implied Warranty – Jack Pugh

1-30.    Plaintiff, Jack Pugh, repeats and realleges Paragraphs 1 through 30 of Count 8 as and for Paragraphs 1 through 30 of Count 26.

31-33.    Plaintiff, Jack Pugh, repeats and realleges Paragraphs 31 through 33 of Count 19 as and for Paragraphs 31 through 33 of Count 26.

32.    As a direct and proximate result of the aforementioned breach of implied warranty by Defendant, Sears, Plaintiff, Jack Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, JACK PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00, together with his attorneys' fees and costs.

## Count 27
### A&E Factory Service, LLC – Negligence – Jack Pugh

1-30.    Plaintiff, Jack Pugh, repeats and realleges Paragraphs 1 through 30 of Count 9 as and for Paragraphs 1 through 30 of Count 27.

43K646405 12/8/2016

Case No.: 2016-L-3

31-33.  Plaintiff, Jack Pugh, repeats and realleges Paragraphs 31 through 33 of Count 19 as and for Paragraphs 31 through 33 of Count 27.

32.    As a direct and proximate result of the aforementioned negligent acts or omissions by Defendant, A&E, Plaintiff, Jack Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, JACK PUGH, prays that judgment be entered in his favor and against Defendant, A&E FACTORY SERVICE, LLC, a Delaware limited liability company, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00, together with his attorneys' fees and costs.

### Count 28
### Electrolux Home Products, Inc. – Strict Liability – Sam Pugh

1-30.  Plaintiff, Sam Pugh, repeats and realleges Paragraphs 1 through 30 of Count 1 as and for Paragraphs 1 through 30 of Count 28.

31.    Plaintiff, Sam Pugh (hereinafter "Son Sam"), a minor, is the son of Plaintiffs, Charles and Nicole Pugh, born August 31, 2000, and this action is brought for and on his behalf by his mother, Nicole Pugh.

32.    Son Sam has at all times resided with his parents on a full-time basis, including at all times following installation of the Kenmore unit described above.

33.    Over the passage of time and with continued use of the Kenmore unit within the residence, and without knowledge of Son Sam, he was repeatedly exposed to high levels of carbon monoxide.

34.    As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, Plaintiff, Sam Pugh, suffered serious injuries of a personal and pecuniary nature including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, and these losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, SAM PUGH, requests judgment be entered in his favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

### Count 29
### Electrolux Home Products, Inc. – Negligence – Sam Pugh

1-28.   Plaintiff, Sam Pugh, repeats and realleges Paragraphs 1 through 28 of Count 2 as and for Paragraphs 1 through 28 of Count 29.

29-31.  Plaintiff, Sam Pugh, repeats and realleges Paragraphs 31 through 33 of Count 28 as and for Paragraphs 29 through 31 of Count 29.

32.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, Electrolux H.P., the Plaintiff, Sam Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, SAM PUGH, prays that judgment be entered in his favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 30
### HomeDeliveryLink, Inc. – Negligence – Sam Pugh

1-30.    Plaintiff, Sam Pugh, repeats and realleges Paragraphs 1 through 30 of Count 3 as and for Paragraphs 1 through 30 of Count 30.

31-33.    Plaintiff, Sam Pugh, repeats and realleges Paragraphs 31 through 33 of Count 28 as and for Paragraphs 31 through 33 of Count 30.

34.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, HDL, the Plaintiff, Sam Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, SAM PUGH, request that judgment be entered in his favor and against Defendant, HOMEDELIVERYLINK, INC., a California corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 31
### Sears, Roebuck and Co. – Strict Liability – Sam Pugh

1-31.    Plaintiff, Sam Pugh, repeats and realleges Paragraphs 1 through 31 of Count 4 as and for Paragraphs 1 through 31 of Count 31.

33-35.    Plaintiff, Sam Pugh, repeats and realleges Paragraphs 31 through 33 of Count 28 as and for Paragraphs 33 through 35 of Count 31.

36.    As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, the Plaintiff, Sam Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning

capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, SAM PUGH, request that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

### Count 32
### Sears, Roebuck and Co. – Negligence – Sam Pugh

1-28.   Plaintiff, Sam Pugh, repeats and realleges Paragraphs 1 through 28 of Count 5 as and for Paragraphs 1 through 28 of Count 32.

29-31.  Plaintiff, Sam Pugh, repeats and realleges Paragraphs 31 through 33 of Count 28 as and for Paragraphs 29 through 31 of Count 32.

32.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, Sears, the Plaintiff, Sam Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, SAM PUGH, request that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 33
## Sears, Roebuck and Co. – Principal Agent – Sam Pugh

1-34.   Plaintiff, Sam Pugh, repeats and realleges Paragraphs 1 through 34 of Count 6 as and for Paragraphs 1 through 34 of Count 33.

35-37.   Plaintiff, Sam Pugh, repeats and realleges Paragraphs 31 through 33 of Count 28 as and for Paragraphs 35 through 37 of Count 33.

38.   As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Sears' agent, HDL, the Plaintiff, Sam Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings, and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, SAM PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 34
## Sears, Roebuck and Co. – Consumer Fraud and Deceptive Practice Act – Sam Pugh

1-31.   Plaintiff, Sam Pugh, repeats and realleges Paragraphs 1 through 31 of Count 7 as and for Paragraphs 1 through 31 of Count 34.

32-34.   Plaintiff, Sam Pugh, repeats and realleges Paragraphs 31 through 33 of Count 28 as and for Paragraphs 31 through 33 of Count 34.

35.   As and direct and proximate result of the misrepresentation of material fact by Defendant, Sears, the Plaintiff, Sam Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering,

and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

36. Sears misrepresentations as described above constitute a deceptive act or practice under Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

37. Pursuant to §10a.(c) of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a.(c), Plaintiff, Sam Pugh, is entitled to recover his attorneys' fees and costs herein in addition to the damages he has sustained.

WHEREFORE, Plaintiff, SAM PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00, together with his attorneys' fees and costs.

### Count 35
### Sears, Roebuck and Co. – Breach of Implied Warranty – Sam Pugh

1-30. Plaintiff, Sam Pugh, repeats and realleges Paragraphs 1 through 30 of Count 8 as and for Paragraphs 1 through 30 of Count 35.

31-33. Plaintiff, Sam Pugh, repeats and realleges Paragraphs 31 through 33 of Count 28 as and for Paragraphs 31 through 33 of Count 35.

32. As a direct and proximate result of the aforementioned breach of implied warranty by Defendant, Sears, Plaintiff, Sam Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, SAM PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00, together with his attorneys' fees and costs.

## Count 36
### A&E Factory Service, LLC – Negligence – Sam Pugh

1-30.    Plaintiff, Sam Pugh, repeats and realleges Paragraphs 1 through 30 of Count 9 as and for Paragraphs 1 through 30 of Count 36.

31-33.    Plaintiff, Sam Pugh, repeats and realleges Paragraphs 31 through 33 of Count 28 as and for Paragraphs 31 through 33 of Count 36.

32.    As a direct and proximate result of the aforementioned breach of implied warranty by Defendant, A&E, Plaintiff, Sam Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, SAM PUGH, prays that judgment be entered in his favor and against Defendant, A&E FACTORY SERVICE, LLC, a Delaware limited liability company, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00, together with his attorneys' fees and costs.

## Count 37
### Electrolux Home Products, Inc. – Strict Liability – Charles F. Pugh

1-30.    Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 1 through 30 of Count 1 as and for Paragraphs 1 through 30 of Count 37.

31.     Plaintiff, Charles F. Pugh (hereinafter "Son Charles"), a minor, is the son of Plaintiffs, Charles and Nicole Pugh, born May 29, 2003, and this action is brought for and on his behalf by his mother, Nicole Pugh.

32.     Son Charles has at all times resided with his parents on a full-time basis, including at all times following installation of the Kenmore unit described above.

33.     Over the passage of time and with continued use of the Kenmore unit within the residence, and without knowledge of Son Charles, he was repeatedly exposed to high levels of carbon monoxide.

34.     As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, Plaintiff, Charles F. Pugh, suffered serious injuries of a personal and pecuniary nature including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, and these losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES F. PUGH, requests judgment be entered in his favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

### Count 38
### Electrolux Home Products, Inc. – Negligence – Charles F. Pugh

1-28.   Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 1 through 28 of Count 2 as and for Paragraphs 1 through 28 of Count 38.

29-31.  Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 31 through 33 of Count 37 as and for Paragraphs 29 through 31 of Count 38.

32.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, Electrolux H.P., the Plaintiff, Charles F. Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES F. PUGH, prays that judgment be entered in his favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

### Count 39
### HomeDeliveryLink, Inc. – Negligence – Charles F. Pugh

1-30.    Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 1 through 30 of Count 3 as and for Paragraphs 1 through 30 of Count 39.

31-33.    Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 31 through 33 of Count 37 as and for Paragraphs 31 through 33 of Count 39.

34.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, HDL, the Plaintiff, Charles F. Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES F. PUGH, request that judgment be entered in his favor and against Defendant, HOMEDELIVERYLINK, INC., a California corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 40
### Sears, Roebuck and Co. – Strict Liability – Charles F. Pugh

1-31.    Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 1 through 31 of Count 4 as and for Paragraphs 1 through 31 of Count 40.

33-35.    Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 31 through 33 of Count 37 as and for Paragraphs 33 through 35 of Count 40.

36.    As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, the Plaintiff, Charles F. Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES F. PUGH, request that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 41
### Sears, Roebuck and Co. – Negligence – Charles F. Pugh

1-28.    Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 1 through 28 of Count 5 as and for Paragraphs 1 through 28 of Count 41.

29-31.    Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 31 through 33 of Count 37 as and for Paragraphs 29 through 31 of Count 41.

32.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, Sears, the Plaintiff, Charles F. Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning

capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES F. PUGH, request that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

### Count 42
### Sears, Roebuck and Co. – Principal Agent – Charles F. Pugh

1-34.  Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 1 through 34 of Count 6 as and for Paragraphs 1 through 34 of Count 42.

35-37. Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 31 through 33 of Count 37 as and for Paragraphs 35 through 37 of Count 42.

38.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Sears' agent, HDL, the Plaintiff, Charles F. Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings, and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES F. PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00.

## Count 43
## Sears, Roebuck and Co. – Consumer Fraud and Deceptive Practice Act – Charles F. Pugh

1-31.    Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 1 through 31 of Count 7 as and for Paragraphs 1 through 31 of Count 43.

32-34.    Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 31 through 33 of Count 37 as and for Paragraphs 31 through 33 of Count 43.

35.    As and direct and proximate result of the misrepresentation of material fact by Defendant, Sears, the Plaintiff, Charles F. Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

36.    Sears misrepresentations as described above constitute a deceptive act or practice under Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

37.    Pursuant to §10a.(c) of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a.(c), Plaintiff, Charles F. Pugh, is entitled to recover his attorneys' fees and costs herein in addition to the damages he has sustained.

WHEREFORE, Plaintiff, CHARLES F. PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00, together with his attorneys' fees and costs.

## Count 44
### Sears, Roebuck and Co. – Breach of Implied Warranty – Charles F. Pugh

1-30.    Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 1 through 30 of Count 8 as and for Paragraphs 1 through 30 of Count 44.

31-33. Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 31 through 33 of Count 37 as and for Paragraphs 31 through 33 of Count 44.

32.    As a direct and proximate result of the aforementioned breach of implied warranty by Defendant, Sears, Plaintiff, Charles F. Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES F. PUGH, prays that judgment be entered in his favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00, together with his attorneys' fees and costs.

## Count 45
### A&E Factory Service, LLC – Negligence – Charles F. Pugh

1-30.    Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 1 through 30 of Count 9 as and for Paragraphs 1 through 30 of Count 45.

31-33. Plaintiff, Charles F. Pugh, repeats and realleges Paragraphs 31 through 33 of Count 37 as and for Paragraphs 31 through 33 of Count 45.

32.    As a direct and proximate result of the aforementioned breach of implied warranty by Defendant, A&E, Plaintiff, Charles F. Pugh, suffered serious injuries of a personal and pecuniary nature, including medical expenses, loss of earnings and earning capacity, pain and

suffering, and loss of normal life, which losses have been incurred in the past and will continue to be incurred in the future, some of which are permanent.

WHEREFORE, Plaintiff, CHARLES F. PUGH, prays that judgment be entered in his favor and against Defendant, A&E FACTORY SERVICE, LLC, a Delaware limited liability company, in an amount necessary to fairly and fully compensate him for all his losses, an amount in excess of $50,000.00, together with his attorneys' fees and costs.

### Count 46
### Electrolux Home Products, Inc. – Family Expenses – Nicole Pugh

1.    Plaintiff, Nicole Pugh, repeats and realleges the allegations contained in Counts 19, 28, and 37 as if fully stated herein.

2.    Plaintiff, Nicole Pugh, is the mother of Jack Pugh, Sam Pugh, and Charles F. Pugh.

3.    As a proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, Plaintiff, Nicole Pugh, has, and will in the future, incur medical expenses for which she is liable under the Illinois Family Expense Act, 750 ILCS 60/15.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in an amount to fully compensate her for said expenses.

### Count 47
### Electrolux Home Products, Inc. – Family Expenses – Nicole Pugh

1.    Plaintiff, Nicole Pugh, repeats and realleges the allegations contained in Counts 20, 29, and 38 as if fully stated herein.

2.    Plaintiff, Nicole Pugh, is the mother of Jack Pugh, Sam Pugh, and Charles F. Pugh.

3.      As a proximate result of the above described negligent acts or omission of by Defendant, Electrolux H.P., Plaintiff, Nicole Pugh, has, and will in the future, incur medical expenses for which she is liable under the Illinois Family Expense Act, 750 ILCS 60/15.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, ELECTROLUX HOME PRODUCTS, INC., a Delaware corporation, in an amount to fully compensate her for said expenses.

## Count 48
### HomeDeliveryLink, Inc. – Family Expenses – Nicole Pugh

1.      Plaintiff, Nicole Pugh, repeats and realleges the allegations contained in Counts 21, 30, and 39 as if fully stated herein.

2.      Plaintiff, Nicole Pugh, is the mother of Jack Pugh, Sam Pugh, and Charles F. Pugh.

3.      As a proximate result of the above described negligent acts or omission of by Defendant, HDL, Plaintiff, Nicole Pugh, has, and will in the future, incur medical expenses for which she is liable under the Illinois Family Expense Act, 750 ILCS 60/15.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, HOMEDELIVERYLINK, INC., a California corporation, in an amount to fully compensate her for said expenses.

## Count 49
### Sears, Roebuck and Co. – Family Expenses – Nicole Pugh

1.      Plaintiff, Nicole Pugh, repeats and realleges the allegations contained in Counts 22, 31, and 40 as if fully stated herein.

2.      Plaintiff, Nicole Pugh, is the mother of Jack Pugh, Sam Pugh, and Charles F. Pugh.

3.     As a proximate result of one or more of the aforementioned unreasonably dangerous conditions or defects, Plaintiff, Nicole Pugh, has, and will in the future, incur medical expenses for which she is liable under the Illinois Family Expense Act, 750 ILCS 60/15.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount to fully compensate her for said expenses.

### Count 50
### Sears, Roebuck and Co. – Family Expenses – Nicole Pugh

1.     Plaintiff, Nicole Pugh, repeats and realleges the allegations contained in Counts 23, 32, and 41 as if fully stated herein.

2.     Plaintiff, Nicole Pugh, is the mother of Jack Pugh, Sam Pugh, and Charles F. Pugh.

3.     As a proximate result of one or more of the aforementioned negligent acts or omission of Defendant, Sears, Plaintiff, Nicole Pugh, has, and will in the future, incur medical expenses for which she is liable under the Illinois Family Expense Act, 750 ILCS 60/15.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount to fully compensate her for said expenses.

### Count 51
### Sears, Roebuck and Co. – Family Expenses – Nicole Pugh

1.     Plaintiff, Nicole Pugh, repeats and realleges the allegations contained in Counts 24, 33, and 42 as if fully stated herein.

2.     Plaintiff, Nicole Pugh, is the mother of Jack Pugh, Sam Pugh, and Charles F. Pugh.

3.      As a proximate result of one or more of the aforementioned negligent acts or omissions of Sears' agent, HDL, Plaintiff, Nicole Pugh, has, and will in the future, incur medical expenses for which she is liable under the Illinois Family Expense Act, 750 ILCS 60/15.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount to fully compensate her for said expenses.

### Count 52
### Sears, Roebuck and Co. – Family Expenses – Nicole Pugh

1.      Plaintiff, Nicole Pugh, repeats and realleges the allegations contained in Counts 25, 34, and 43 as if fully stated herein.

2.      Plaintiff, Nicole Pugh, is the mother of Jack Pugh, Sam Pugh, and Charles F. Pugh.

3.      As a proximate result of the misrepresentation of material fact by Defendant, Sears, Plaintiff, Nicole Pugh, has, and will in the future, incur medical expenses for which she is liable under the Illinois Family Expense Act, 750 ILCS 60/15.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount to fully compensate her for said expenses.

### Count 53
### Sears, Roebuck and Co. – Family Expenses – Nicole Pugh

1.      Plaintiff, Nicole Pugh, repeats and realleges the allegations contained in Counts 26, 35, and 44 as if fully stated herein.

2.      Plaintiff, Nicole Pugh, is the mother of Jack Pugh, Sam Pugh, and Charles F. Pugh.

3.      As a proximate result of the aforementioned breach of implied warranty by Defendant, Sears, Plaintiff, Nicole Pugh, has, and will in the future, incur medical expenses for which she is liable under the Illinois Family Expense Act, 750 ILCS 60/15.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, SEARS, ROEBUCK AND CO., a New York corporation, in an amount to fully compensate her for said expenses.

### Count 54
### A&E Factory Service, LLC – Family Expenses – Nicole Pugh

1.      Plaintiff, Nicole Pugh, repeats and realleges the allegations contained in Counts 27, 36, and 45 as if fully stated herein.

2.      Plaintiff, Nicole Pugh, is the mother of Jack Pugh, Sam Pugh, and Charles F. Pugh.

3.      As a proximate result of the above described negligent acts or omission of by Defendant, A&E, Plaintiff, Nicole Pugh, has, and will in the future, incur medical expenses for which she is liable under the Illinois Family Expense Act, 750 ILCS 60/15.

WHEREFORE, Plaintiff, NICOLE PUGH, prays that judgment be entered in her favor and against Defendant, A&E FACTORY SERVICE, LLC, a Delaware limited liability company, in an amount to fully compensate her for said expenses.

**PLAINTIFFS DEMAND TRIAL BY JURY OF TWELVE ON ALL COUNTS.**

CHARLES PUGH, NICOLE PUGH, JACK PUGH,
SAM PUGH, and CHARLES F. PUGH,
Plaintiffs,

By: _____
One of Their Attorneys

Sorling Northrup
David A. Rolf, of Counsel
One North Old State Capitol Plaza, Suite 200
Post Office Box 5131
Springfield, IL 62705
Telephone: (217)544-1144
Facsimile: (217)522-3173
E-Mail: darolf@sorlinglaw.com

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served by placing same in a sealed envelope addressed:

Mr. Lucas Sun
O'Hagan, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
*Attorney for Defendants, A&E Factory Service, LLC and Sears, Roebuck and Co.*

Mr. Paul L. Knobbe
Goldberg Segalla LLP
8000 Maryland Street, Suite 640
St. Louis, MO 63105
*Attorney for Defendant, Electrolux Home Products, Inc.*

and by depositing same in the United States mail in Springfield, Illinois, on the 13th day of December, 2016, with postage fully prepaid.

_____