UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------X

IN RE:

SEARS HOLDING CORPORATION, et. al.,

                        Debtors.  
-------------------------------------------------------X

Hearing Date: December 20, 2018  
Time: 10:00 a.m.

Chapter 11  
Case No. 18-23538 (RDD)  
(Jointly Administered)

## OBJECTIONS TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY TO NON-DEBTOR PARTIES

Objections of Qazim B. Krasniqi, a Creditor herein, by his attorney Richard A. Klass, Esq., to Debtors' Motion to extend the automatic stay to certain non-debtor parties dated November 28, 2018, who represents to the Court and alleges:

1. That at the time of the filing of said petition, Debtor Kmart Corporation was a defendant in a person injury action brought by Creditor Qazim B. Krasniqi in the Supreme Court of the State of New York, County of New York (Index No. 158520/2013).

2. Creditor Qazim B. Krasniqi has filed his motion for relief from the automatic stay, noticed to be heard on January 18, 2019. Copies of the Notice of Hearing and Application are annexed hereto as Exhibit A.

3. In the state court personal injury action, Debtor Kmart Corporation provided its response to Plaintiff's Discovery Demand, in which it stated that "it is responsible for the first $5,000,000 of every loss." However, Debtor did not provide any evidence of insurance coverage as part of its response. See, Application par. 3.

### Objection No. 1 – Debtors failed to serve their Motion

4. Before considering the merits of Debtors' Motion, this Court ought to be made aware that service of the motion papers was not properly made. Allegedly, service of the within motion was made upon Objectant with the simple statement in the Affidavit of Service of

Jouledeen Frans of Prime Clerk LLC (Debtors' claim and noticing agent) that service was made by overnight mail at "address on file." But no address is indicated. See, Exhibit B, in relevant part.

5. Neither Objectant nor his attorney in the personal injury action, Stefano Filippazzo, Esq., were served with this motion, which is contrary to the case management procedures in this case. More importantly, due process should dictate that counsel to parties in litigation be served with motions in order to receive fair notices of requests for relief against them.

6. On this basis alone, Debtors' Motion should be denied unless it can prove that service of its motion was made upon all proper parties in the Pending Debtor Actions.

Objection No. 2 – Debtors did not establish 'immediate adverse consequences' for such relief

7. Debtors' motion does not allege in any way the basis for their drastic request. They merely make the blanket statement that there will be prejudice to Debtors in the Prepetition Actions proceed (see, Debtors' Motion, par. 2).

8. In *Queenie, Ltd. v Nygard Intern.*, 321 F3d 282, 287-88 [2d Cir 2003], the Second Circuit held (emphasis added):

> "[A] suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." 3 *Collier on Bankruptcy* § 362.03[3][d] (15th ed.2002); *see Croyden Associates v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir.1992); *Teachers Insurance and Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir.1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir.1983); *cf.* 11 U.S.C. § 1301(a) (stay in Chapter 13 proceeding applicable against "any individual that is liable on [a] debt with the debtor"). **The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.** Examples are a claim to establish an obligation of which the debtor is a guarantor, *McCartney v. Integra National Bank North*, 106 F.3d 506, 510–11 (3d Cir.1997), a claim against the debtor's insurer, *Johns–Manville Corp. v. Asbestos Litigation Group (In re Johns–Manville Corp.)*, 26 B.R. 420, 435–36 (Bankr.S.D.N.Y.1983) (on rehearing), and actions where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant ...," *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986).

9. In this case, Debtors have not established in their motion papers the consequences of the continuation of the Prepetition Actions against them, their insurers, if any, and other non-debtor parties to those actions.

10. Debtors make very general statements in their Motion in order to obtain very severe relief against non-debtor parties, including that the volume of claims in various courts would be a significant burden on the debtors' resources and the majority of the non-debtor parties have an identity of interest with the debtors. They do not provide any factual bases for the motion regarding the 124 cases in their exhibit upon which this Court may make a determination on the merits of the motion. [1]

11. Debtors' statement that they may be later preclude in asserting defenses or otherwise litigating the Prepetition Actions because of the doctrine of collateral estoppel (Par. 21) was specifically rejected by the Second Circuit in *Queenie, Ltd. v Nygard Intern.,* supra at 288 ("We have not located any decision applying the stay to a non-debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision. If such apprehension could support application of the stay, there would be vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants.")

12. Debtors' Motion requests that this Court follow its prior holdings in what are claimed to be similar cases (see, Debtors' Motion, par. 19). However, in *In re The Great Atlantic & Pacific Tea Company, Inc.* (Case No. 10-24549), this Court granted its Order extending relief to *related non-debtor parties* based upon an elaborate claims resolution procedure. See, Order dated December 23, 2011, Exhibit C.

---

[1] *See, In re Residential Capital, LLC,* 529 Fed Appx 69, 71 [2d Cir 2013] ("Here, the district court denied application of Section 362(a)'s automatic stay to the non-debtor entities as a categorical matter, without factual findings as to whether the lawsuit against those entities would have had "immediate adverse economic consequence[s]" on ResCap's estate.")

13. Debtors have not made any statement concerning the existence of self-funded insurance reserves or insurance policies covering Objectant's claim. Moreover, Debtors have not established any procedure for evaluating and resolving personal injury claims. Accordingly, the reference to this Court's prior orders is misplaced.

14. Debtors have not shown why the automatic stay should be extended to such an extent that it would substantially harm Objectant from pursuing his personal injury claim.

WHEREFORE, it is respectfully requested that this Court deny Debtors' Motion dated November 28, 2018, and grant such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
December 13, 2018

_____
RICHARD A. KLASS, ESQ.
Attorney for Objectant Qazim B. Krasniqi
16 Court Street, 28th Floor
Brooklyn, New York 11241
718-643-6063
RichKlass@courtstreetlaw.com