EXHIBIT A

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>----------------------------------------X<br><br>IN RE:<br><br>SEARS HOLDING CORPORATION, et. al.,<br><br>                Debtors.<br>----------------------------------------X | Hearing Date: January 18, 2019<br>Time: 10:00 a.m.<br><br>Chapter 11<br>Case No. 18-23538 (RDD)<br>(Jointly Administered) |

## NOTICE OF HEARING

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

PLEASE TAKE NOTICE that, upon the annexed Application of Qazim B. Krasniqi, a Creditor in this action, by his attorney Richard A. Klass, Esq., dated December 7, 2018, Creditor will move this Court before the Hon. Robert D. Drain, at the Courthouse located at 300 Quarropas Street, White Plains NY 10601, on January 18, 2019, at 10:00 a.m., or as soon thereafter as counsel may be heard, for an Order:

    a)    pursuant to 11 U.S.C. §362(d), terminating, lifting and modifying the automatic stay arising from the filing of Debtor's petition, insofar as the said stay prohibits Qazim B. Krasniqi, a Creditor herein, from proceeding with his personal injury action pending against Debtor Kmart Corporation in the Supreme Court of the State of New York, County of New York (Index No. 158520/2013), and any potential appeals therefrom, for all purposes including determining the extent of Debtor Kmart Corporation's liability therefor; or

    b)    in the alternative, pursuant to 11 U.S.C. §362(d), terminating, lifting and modifying the automatic stay arising from the filing of Debtor's petition, insofar as the said stay prohibits Qazim B. Krasniqi, a Creditor herein, from proceeding with his personal injury action pending against Debtor Kmart Corporation in the Supreme Court of the State of New York, County of New York (Index No. 158520/2013), and any potential appeals therefrom, for all purposes including determining the extent of Debtor Kmart Corporation's liability therefor, to recover solely from Debtor's either/both insurance policy and/or self-funded insurance reserves; or

    c)    in the alternative, pursuant to 11 U.S.C. §362(d), terminating, lifting and modifying the automatic stay arising from the filing of Debtor's petition, insofar as the said stay prohibits Qazim B. Krasniqi, a Creditor herein, from severing the causes of action against Debtor Kmart Corporation and proceeding with his personal injury action pending against the other parties defendant in the Supreme Court of the State of New York, County of New York (Index No. 158520/2013); and

    d)    granting such other and further relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that any responses or objections (the "Objections") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "Amended Case Management Order"), so as to be filed and received no later than January 11, 2019 at 4:00 p.m. (Eastern Time) (the "Objection Deadline") upon the undersigned and the parties entitled to notice thereof.

PLEASE TAKE FURTHER NOTICE that, if no Objections are timely filed and served with respect to the Motion, the relief requested may be granted without a hearing.

Dated: Brooklyn, New York  
       December 10, 2018

/s/  
RICHARD A. KLASS, ESQ.  
Attorney for Qazim B. Krasniqi  
16 Court Street, 28th Floor  
Brooklyn, New York 11241  
718-643-6063  
RichKlass@courtstreetlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

IN RE:

SEARS HOLDING CORPORATION, et. al.,

                        Debtors.
------------------------------------------------X

Chapter 11
Case No. 18-23538 (RDD)
(Jointly Administered)

## APPLICATION FOR RELIEF FROM THE AUTOMATIC STAY

Application of Qazim B. Krasniqi, a Creditor herein, by his attorney Richard A. Klass, Esq., who represents to the Court and alleges:

1. That Debtors filed a petition under Chapter 11 of the Bankruptcy Code on October 15, 2018.

2. That at the time of the filing of said petition, Debtor Kmart Corporation was a defendant in a person injury action brought by Creditor Qazim B. Krasniqi in the Supreme Court of the State of New York, County of New York (Index No. 158520/2013). Copies of the Supplemental Summons and Amended Complaint are annexed hereto as Exhibit A.

3. Debtor Kmart Corporation[1] provided its response to Plaintiff's Discovery Demand, in which it stated that "it is responsible for the first $5,000,000 of every loss." See, Exhibit B. Debtor did not provide any evidence of insurance coverage as part of its response.

4. Upon information and belief, Debtor Kmart Corporation maintains either/both an insurance policy and/or self-funded insurance reserves covering this personal injury claim. The same is subject to confirmation by Debtor and its counsel.

---

[1] Debtors/Defendants Sears Holding Corporation, Sears, Roebuck and Co., and Kmart Holding Corporation were dismissed from the personal injury action by the court. Accordingly, no relief is sought against them in this motion.

5. In *In re Sonnax Indus., Inc.*, 907 F2d 1280 [2d Cir 1990], the Second Circuit adopted twelve factors "to be weighed in deciding whether litigation should be permitted to continue" in a forum other than the bankruptcy court. *Id.* at 1286. Those factors are:

1. whether relief would result in a partial or complete resolution of the issues;
2. lack of any connection with or interference with the bankruptcy case;
3. whether the other proceeding involves the debtor as a fiduciary;
4. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
5. whether the debtor's insurer has assumed full responsibility for defending it;
6. whether the action primarily involves third parties;
7. whether litigation in another forum would prejudice the interests of other creditors;
8. whether the judgment claim arising from the other action is subject to equitable subordination;
9. whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
10. the interests of judicial economy and the expeditious and economical resolution of litigation;
11. whether the parties are ready for trial in the other proceeding; and
12. impact of the stay on the parties and the balance of harms.

6. Creditor herein requests that this Court terminate, lift and modify the automatic stay granted to Debtor under Section 362(a) of the Bankruptcy Code, to the extent of permitting him to continue and pursue the personal injury claim for all purposes including determining the extent of Debtor Kmart Corporation's liability therefor based upon the following *Sonnax* factors:

i. A complete resolution of the issue of tort liability should be had in the state court personal injury action, especially where there are other non-debtor parties against whom potential liability is to be granted to the plaintiff;

ii. The state court personal injury action has been pending since 2013 and extensive discovery proceedings have occurred in the action and the matter is on the trial calendar (See, Note of Issue and Order confirming discovery as complete, Exhibit C);

iii. Upon information and belief, Debtor Kmart Corporation maintains either/both an insurance policy and/or self-funded insurance reserves covering this personal injury claim. The same is subject to confirmation by Debtor and its counsel;

iv. The interests of judicial economy and expeditious resolution of the litigation in the state court action;

v. The parties in the state court action are ready for trial; and

vi. The impact of the continuation of the stay upon Creditor Qazim Krasniqi would be significant. Mr. Krasniqi sustained tremendous injuries as a result of the incident, which occurred on January 10, 2011. Mr. Krasniqi is 71 years old (See, Bill of Particulars, Exhibit D).

7. That the foregoing constitutes cause to terminate the automatic stay under Section 362(d) of the Bankruptcy Code.

WHEREFORE, it is respectfully requested that this Court grant Creditor's motion for relief from the stay as to Creditor Qazim B. Krasniqi, and for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
December 10, 2018

/s/
RICHARD A. KLASS, ESQ.
Attorney for Qazim B. Krasniqi
16 Court Street, 28th Floor
Brooklyn, New York 11241
718-643-6063
RichKlass@courtstreetlaw.com