**Exhibit C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE GREAT ATLANTIC & PACIFIC TEA ) | Case No. 10-24549 (RDD) |
| COMPANY, INC., *et al.* ) | |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

### ORDER EXTENDING THE AUTOMATIC STAY AND CLAIMS
### RESOLUTION PROCEDURES TO CERTAIN RELATED NON-DEBTOR PARTIES

Upon the motion (the "*Motion*")[1] of The Great Atlantic & Pacific Tea Company, Inc. ("*A&P*") and certain of its affiliates, as debtors and debtors in possession (collectively, the "*Debtors*")[2] for the entry of an order (this "*Order*") pursuant to sections 105(a) and 362(a) of the Bankruptcy Code extending the automatic stay imposed by section 362 of the Bankruptcy Code (the "*Automatic Stay*") and certain claims resolution procedures (the "*Claims Resolution*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or Procedures Order, as applicable.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: The Great Atlantic & Pacific Tea Company, Inc. (0974); 2008 Broadway, Inc. (0986); AAL Realty Corporation (3152); Adbrett Corporation (5661); Amsterdam Trucking Corporation (1165); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Bergen Street Pathmark, Inc. (1604); Best Cellars DC Inc. (2895); Best Cellars Inc. (9550); Best Cellars Licensing Corp. (2896); Best Cellars Massachusetts, Inc. (8624); Best Cellars VA Inc. (1720); Bev, Ltd. (9046); Borman's Inc. (9761); Bridge Stuart, Inc. (8652); Clay-Park Realty Co., Inc. (0902); Compass Foods, Inc. (0653); East Brunswick Stuart, LLC (9149); Farmer Jack's of Ohio, Inc. (5542); Food Basics, Inc.(1210); Gramatan Foodtown Corp. (5549); Grape Finds At DuPont, Inc. (9455); Grape Finds Licensing Corp. (7091); Grapefinds, Inc. (4053); Greenlawn Land Development Corp. (7062); Hopelawn Property I, Inc. (6590); Kohl's Food Stores, Inc. (2508); Kwik Save Inc. (8636); Lancaster Pike Stuart, LLC (9158); LBRO Realty, Inc. (1125); Lo-Lo Discount Stores, Inc. (8662); Mac Dade Boulevard Stuart, LLC (9155); McLean Avenue Plaza Corp. (5227); Milik Service Company, LLC (0668); Montvale Holdings, Inc. (6664); North Jersey Properties, Inc. VI (6586); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge, LLC (5965); SEG Stores, Inc. (4940); Shopwell, Inc. (3304); Shopwell, Inc. (1281); Spring Lane Produce Corp. (5080); Super Fresh/Sav-A-Center, Inc. (0228); Super Fresh Food Markets, Inc. (2491); Super Market Service Corp. (5014); Super Plus Food Warehouse, Inc. (9532); Supermarkets Oil Company, Inc. (4367); The Food Emporium, Inc. (3242); The Old Wine Emporium of Westport, Inc. (0724); The South Dakota Great Atlantic & Pacific Tea Company, Inc (4647); Tradewell Foods of Conn., Inc. (5748); Upper Darby Stuart, LLC (9153); and Waldbaum, Inc. (8599). The location of the Debtors' corporate headquarters is Two Paragon Drive, Montvale, New Jersey 07645.

*Procedures"*) approved by the *Order Approving Certain Personal Injury Resolution Procedures* [Docket No. 2752] (the "*PI Order*") to Related Non-Debtor Parties, as described in greater detail in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided adequate and appropriate notice of the Motion under the circumstances; and there being no opposition to the requested relief except as resolved pursuant to paragraph 8 of this Order; and upon the record of the hearing held by the Court on the Motion on December 22, 2011; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and, after due deliberation, and sufficient cause appearing for the relief granted herein, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. The Automatic Stay is hereby extended to the Related Non-Debtor Parties identified in **Exhibit 1** attached hereto.

3. The plaintiffs set forth in **Exhibit 1** shall be construed as "PI Claimants" for the purposes of the application of the Claims Resolution Procedures, whether or not such party has filed a timely proof of claim against the Debtors or is otherwise entitled to receive a distribution from the Debtors' estates.

4. The Related Non-Debtor Parties identified in **Exhibit 1** attached hereto shall, for the purposes of the Procedures Order, have the same rights and obligations as "the Debtors" for any PI Claim involving said Related Non-Debtor Party.

2

5. The Debtors shall have the right, pursuant to the Procedures Order, to participate in the resolution of all matters set forth in **Exhibit 1.**

6. The Debtors may, at their sole discretion, stipulate to lift the Automatic Stay with respect to a Related Non-Debtor Party, in which case the Related Non-Debtor Party would no longer be covered by the Claims Resolution Procedures.

7. The Debtors must be copied on all communications made pursuant to the Procedures Order between the plaintiffs and the Related Non-Debtor Parties set forth in **Exhibit 1** attached hereto.

8. Evelyn Schwartz shall not be subject to this Order, and the Automatic Stay shall not be extended to Brooklyn Grocery Owners, LLC ("***Brooklyn Grocery***"), *provided, however*, that Ms. Schwartz shall hereby be deemed to: (a) waive any and all claims against any and all property of the Debtors' estates, including proof of claim number 5071, and (b) agree not to file any other claims or actions against the Debtors or the reorganized Debtors. Any determination with respect to Ms. Schwartz's claims against Brooklyn Grocery on account of her alleged personal injury shall have no collateral estoppel effect on claims that Brooklyn Grocery or the Debtors may assert against each other in these chapter 11 cases.

9. The Debtors are authorized to take all actions that the Debtors determine, in their sole discretion, are necessary or appropriate to implement the extension of the Automatic Stay as provided herein.

10. The Debtors shall promptly serve a copy of this Order on the parties listed in **Exhibit 1** hereto.

11. The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: White Plains, New York  /s/Robert D. Drain
       December 23, 2011  United States Bankruptcy Judge

4