UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDING CORPORATION, *et als.*,<br><br>Debtors | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered)<br><br>Objection Deadline: December 11, 2018<br><br>Hearing Date: December 18, 2018 at 10:00 a.m. (ET) |

**LIMITED OBJECTION, JOINDER AND RESERVATION OF RIGHTS OF PHILLIPS EDISON & COMPANY, LEVIN MANAGEMENT CORPORATION, AND 67500 SOUTH MAIN STREET, RICHMOND, LLC IN RESPONSE TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)(A) APPROVING BIDDING PROCEDURES FOR SALE OF SEARS HOME IMPROVEMENT BUSINESS, (B) APPROVING STALKING HORSE BID PROTECTIONS, (C) SCHEDULING AUCTION FOR AND HEARING TO APPROVE SALE OF SEARS HOME IMPROVEMENT BUSINESS, (D) APPROVING FORM AND MANNER OF NOTICE OF SALE, AUCTION, AND SALE HEARING, (E) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) APPROVING THE SALE OF SEARS HOME IMPROVEMENT BUSINESS IN ACCORDANCE WITH THE STALKING HORSE AGREEMENT, AND (III) GRANTING RELATED RELIEF**

Phillips Edison & Company, 67500 South Main Street, Richmond, LLC and Levin Management Corporation (the "Landlords"), by and through their counsel, Stark & Stark, P.C., hereby file the following limited objection, joinder and reservation of rights (the "Objection") to the above-captioned debtors' (the "Debtors") Motion for Entry of an Order (I)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (II) Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking Horse Agreement, and (III) Granting Related Relief (the "Motion") [Document No. 450], in support of the Objection the

1

Landlords respectfully state as follows:

## BACKGROUND

1. On or about October 15, 2018 (the "Petition Date"), Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2. Upon information and belief, Debtors operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Landlords, as agents for landlords or directly as landlords, are parties to unexpired leases (the "Leases") of nonresidential real property (the "Premises") with one of the Debtors within several shopping centers (collectively the "Shopping Centers"). Each of the Premises are part of a "shopping center" as that term is referred to in Bankruptcy Code §365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d. 1081 (3d Cir. 1990). As such, Landlords are entitled to the protections of that section for the Premises within the Shopping Centers.[1]

4. On or about November 3, 2018, Debtors filed the Motion. An order was entered approving the bidding procedures on November 16, 2018 (the "Bidding Procedures Order") [Document No. 775].

5. The Debtors filed a Notice of Assumption and Assignment [Document No. 901] on November 27, 2018. While seemingly not included in the notice, Landlords are filing this Objection in an abundance of caution in the event the Notice of Assumption and Assignment is supplemented or otherwise modified to impact Landlord's leases.

6. Both pre-petition and post-petition rents for the Premises, respectively have not been paid. Landlords reserve their right to assert additional amounts, including rent, reconciliation charges, damages, attorneys' fees and costs.

---

[1] Due to the voluminous nature of the leases, Landlords reserve the right to provide a copy of the leases upon request.

4837-5736-9986, v. 1

## **OBJECTIONS**

**All Existing Defaults Must Be Cured**

7. Section 365(f)(2) of the Bankruptcy Code, provides that a Lease may only be assigned if (1) the Lease is assumed in accordance with the requirements of Section 365(b)(1) of the Bankruptcy Code.

8. Under Section 365(b)(1) of the Bankruptcy Code, the Lease may only be assumed upon (1) cure of all existing defaults (11 U.S.C. § 365(b)(1)(A)), (2) compensating the Landlord for pecuniary losses resulting from such default (11 U.S.C. § 365(b)(1)(B)), and (3) providing adequate assurance of future performance under the Lease (11 U.S.C. § 365(b)(1)(C)).

9. To the extent Debtors seek to assume and assign Landlord's leases, all defaults must be cured, including attorneys' fees and costs which are pecuniary damages which must be cured as a result of the Debtors' defaults under the Leases. *See Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186, at *25-28 (S.D.N.Y. Apr. 8, 2002).

10. The assumption of any lease must be *cum onere*, accepting both the benefits and burdens of the leases. *See In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). This requirement equally applies to assumption and assignment of an unexpired lease and indeed, "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)). Therefore, an assignee of a lease must continue to satisfy all obligations under a lease, including rent and charges accruing or coming due under the Lease, including additional rent and charges which have not yet been billed, reconciled, or adjusted, and indemnification obligations under the lease.

11. In sum any Order authorizing the assumption and assignment of the Landlords' Leases must require that the proposed assignee is liable for all obligations to pay accrued, but unbilled or

3

not due rent and charges and indemnity obligations.

## JOINDER IN OBJECTIONS RAISED BY
## OTHER LANDLORDS AND RESERVATION OF RIGHTS

12. To the extent consistent with the objections expressed herein, Landlords also join in the objections of other shopping center landlords to the Motion. Further, Landlords reserve all rights to make further and or future objections.

**WHEREFORE**, Landlords respectfully that an order be entered consistent with the foregoing objection.

Dated: December 13, 2018

STARK & STARK
A Professional Corporation

By: /s / *Thomas S. Onder*
Thomas S. Onder
Joseph H. Lemkin

993 Lenox Drive
Lawrenceville, NJ 08648
(609) 219-7458 (direct)
(609) 896-9060 (main)
(609) 895-7395 (facsimile)
Attorneys for Phillips Edison & Company, Levin Management Corporation and 67500 South Main Street, Richmond, LLC

4837-5736-9986, v. 1

## CERTIFICATE OF SERVICE

I, Thomas S. Onder, Esq., do hereby certify that on December 13, 2018, I caused a true and correct copy of the foregoing Limited Objection and Reservation of Rights of Phillips Edison & Company, Levin Management Corporation and 67500 South Main Street, Richmond, LLC to Debtors' Motion FOR Entry of an Order (I)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (II) Approving the Sale of Sears Home Improvement Business in Accordance With the Stalking Horse Agreement, and (III) Granting Related Relief to be served electronically and by U.S. Mail upon all those identified in the below Service List in accordance with this Court's Case Management Order [Docket No. 139].

*/s/ Thomas S. Onder*
Thomas S. Onder
STARK & STARK, P.C.

## SERVICE LIST

Honorable Robert D. Drain
U.S. Bankruptcy Court – SDNY
300 Quarropas Street, Room 248
White Plains, NY 10601

Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL 60179
*Debtors*

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq. and Sunny Singh, Esq.
767 Fifth Avenue
New York, NY 10153
*Proposed Attorneys for the Debtors*

Office of the U.S. Trustee
Attn: Paul Schwartzsberg, Esq.
201 Varick Street, Suite 1006
New York, NY 10014

Skadden, Arps, Slate Meagher & Flom LLP
Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq. and George R. Howard, Esq.
4 Times Square
New York, NY 10036
*Attorneys for Bank of America, N.A.*

Davis Polk & Wardell LLP
Attn: Marshall S. Huebner, Esq. and Eli J. Vonnegut, Esq.
450 Lexington Ave.
New York, NY 10017
*Attorneys for Citibank, N.A.*

Cleary, Gottlieb
Attn: Sean A. O'Neal, Esq.
One Liberty Plaza
New York, NY 1006
*Attorneys for JPP, LLC*

Kelley Drye & Warren LLP
Attn: Eric R. Wilson, Esq., Benjamin D. Feder, Esq. and T. Charlie Liu, Esq.
101 Park Ave.
New York, NY 10178
*Attorneys for Computershare Trust Comp.*

Wilmington Trust, National Association, Corporate Capital Markets
Attn: Sears Holdings Corp. Administrator
50 South Sixth Street, Suite 1290
Minneapolis, MN 55402
*Trustee for Second Lien Notes*

Carter Ledyard & Millburn LLP
Attn: James Gadsden, Esq.
2 Wall Street
New York, NY 10015
*Attorneys for The Bank of New York Mellon Trust Company*

Locke Lord LLP
Attn: Brian A. Raynor, Esq.
111 South Wacker Drive
Chicago, IL 60606
*Attorneys for Pension Benefit Guaranty Corporation*

4849-5975-6665, v. 1