RICH MICHAELSON MAGALIFF, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

JENNIS LAW FIRM
606 East Madison Street
Tampa, Florida 33602
813.229.2800
Daniel Etlinger

*Attorneys for Sante Marcoccia*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re:

SEARS HOLDING CORPORATION, *et al.*,

                            Debtors.

------------------------------------------------------------ x

Chapter 11
Case No. 18-23538 (RDD)

(Jointly Administered)

## SANTE MARCOCCIA'S RESPONSE IN OPPOSITION TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR PARTIES

TO THE HON. ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

        Sante Marcoccia ("Marcoccia"), a creditor and party in interest, by his attorneys Rich Michaelson Magaliff, LLP, pursuant to §§ 105 and 362 of the Bankruptcy Code[1], respectfully submits this response in opposition to the *Motion of Debtors for Entry of an Order Extending the Automatic Stay to Certain Non-Debtor Parties* (Doc. No. 924) (the "Motion"), and states as follows:

---

[1]    All references to the "Bankruptcy Code" are to the applicable section of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

## BACKGROUND

1.      On or about October 10, 2016, Marcoccia's claim arose out of a motor ve-
hicle collision between him and Eric R. Green ("Green"), an employee of Sears, Roebuck and
Co. ("Sears Roebuck").  During the relevant time period, Sears Holding Management Corpora-
tion ("SHMC") owned a motor vehicle which was operated with its knowledge, permission, and
consent by Green, on U.S. Highway 1 at or near its intersection with Longwood Avenue in
Rockledge, Brevard County, Florida.  Marcoccia alleges that Green was an employee, agent, or
servant acting within the course and scope of his employment with Sears Roebuck and that
Green negligently operated and/or maintained the motor vehicle so that it collided with Marcoc-
cia's car, directly and proximately causing his injuries and damages.

2.      On October 27, 2017, Marcoccia initiated a pending lawsuit in the Eight-
eenth Judicial Circuit in and for Brevard County, Florida as Case Number 05-2017-CA-049291-
XXXX-XX (the "State Court Litigation")

3.      On March 22, 2018, Marcoccia filed an *Amended Complaint* against Sears
Roebuck, SHMC, Green and LM General Insurance Company ("LMGIC") for the damages and
injuries Marcoccia sustained as aforementioned in Paragraph 1.

4.      On October 15, 2018 (the "Filing Date"), Sears Holdings Corporation
("SHC") and its related and affiliated debtors (collectively, "Sears" or the "Debtors") each filed a
*Voluntary Petition for Non-Individuals Filing for Bankruptcy* thereby staying the State Court Lit-
igation as against the Debtors.

5.      On October 16, 2018, this Court entered its *Order Directing Joint Admin-
istration of Related Chapter 11 Cases* thereby jointly administering SHC's bankruptcy with that
of the approximately fifty (50) additional Debtors.

6.     On October 24, 2018, the United States Trustee filed the *Notice of Appointment of Official Committee of Unsecured Creditors* (the "Committee").

## DISCUSSION

7.     "[A] petition … operates as a stay, applicable to all entities, of – the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the **debtor** that was or could have been commenced before the commencement of the case under this title."  11 U.S.C. § 362(a)(1) (emphasis added).

8.     However, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  *Id.* at § 105(a).

9.     Several courts have read into a court's broad powers the ability to extend the automatic stay to a non-debtor.  *SMF Realty Co. v. Consolini*, 903 F.Supp. 656, 662 (S.D.N.Y. 1995).  "Thus, in order to achieve the Bankruptcy Code's goals of fair and orderly resolution of claims against the bankrupt estate, courts may enjoin a suit against a non-debtor defendant if it would offer a plaintiff the means to make an 'end run' around the protection provided by the Code to the debtor."  *Id.*  "Even where appropriate, however, such 'stays' take the form of injunctions issued by the bankruptcy court."  *Id.*

10.     "A request by a debtor for an injunction under section 105(a) pending confirmation of the debtor's plans for reorganization is regarded as a request for a preliminary injunction."  *In re Calpine Corp.*, 365 B.R. 401, 409 (S.D.N.Y. 2007).  "Although the Second Circuit has declined to enunciate an explicit test for when an injunction should issue, courts have applied the traditional preliminary injunction standard as modified to fit the bankruptcy context."  *Id.*  Thus,

in the bankruptcy context, the court should evaluate the following factors: (1) whether there is a likelihood of successor reorganization; (2) whether there is an imminent irreparable harm to the estate in the absence of an injunction; (3) whether the balance of harms tips in favor of the moving party; and (4) whether the public interest weighs in favor of an injunction.  In evaluating these factors, the court takes a flexible approach and no one factor is determinative.

*Id.*

11.     In this case, the Motion faces substantive and procedural issues which warrant its denial, and the Debtors have failed to demonstrate that they meet the standards for an injunction.

12.     First, the Debtors state "**[s]ome** of the [Non-Debtor Parties] have indemnification or contribution rights against the Debtors with respect to the Prepetition Actions." *Motion* ¶ 1 (emphasis added).  And later on, the "**majority** of the Non-Debtor Parties are indemnified by or have contribution claims against the Debtors with regard to the applicable Prepetition Action." *Id.* at ¶ 20 (emphasis added).  Therefore, even the Debtors concede that not all of the third parties (collectively, the "Non-Debtor Parties") are subject to indemnification provisions.  Thus, it would be manifestly unjust to extend the automatic stay to Marcoccia's claims against third parties without even first determining they are subject to indemnification claims.

13.     Toward that end, the Debtors have not produced a single document evidencing or supporting the contribution or indemnification rights let alone produce the documents for all Non-Debtor Parties, including Marcoccia's claims.  Therefore, it is impossible to determine the extent and validity of any rights relating to Marcoccia's claims.  Until such time as this determination is made the Debtors cannot proceed forward on their identity of interest argument.

14.     For these reasons the Motion is premature and only speculative as to how any of the Debtors would suffer harm should Marcoccia proceed against the Non-Debtor Parties.

15.    Second, the Motion is procedurally improper.  The *Federal Rules of Bankruptcy Procedure* do not authorize an injunction by way of motion for contested matter; and, the Debtors have not filed an adversary proceeding.  Even if this Court determines that the Motion is procedurally sufficient, the Debtors have failed to meet their standard to impose injunctive relief.

16.    Third, the Debtors have postulated only hypothetical harms should the stay not be extended.  Conversely, Marcoccia will suffer very real harm should the stay be extended.  The Motion would effectively thwart all of Marcoccia's avenues of recovery, thereby leaving his damages without recourse.  Furthermore, Marcoccia will be seeking relief from the stay to continue the State Court Litigation as against LMGIC.

**WHEREFORE**, Marcoccia respectfully requests that this Court enter an order (i) denying the Motion in whole or in part until such time as the contribution and/or indemnification rights specific to Marcoccia's claims can be determined; and (ii) for such other and further relief as to the Court may seem just.

Dated:   New York, New York             RICH MICHAELSON MAGALIFF, LLP
         December 13, 2018              Attorneys for Sante Marcoccia
                                        By:

                                        /s/ Howard P. Magaliff
                                        HOWARD P. MAGALIFF
                                        335 Madison Avenue, 9th Floor
                                        New York, NY 10017
                                        646.453.7851
                                        *hmagaliff@r3mlaw.com*

                                        JENNIS LAW FIRM
                                        606 East Madison Street
                                        Tampa, Florida 33602
                                        813.229.2800
                                        Daniel Etlinger
                                        *detlinger@jennislaw.com*