**STULL, STULL & BRODY**
Mark Levine
mlevine@ssbny.com
Michael J. Klein
mklein@ssbny.com
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
*Attorneys for Non-Debtor Parties*
*Robert A. Catalfamo, et ano.*

(see other counsel on signature page)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| In re: | : | |
|---|---|---|
| | : | Chapter 11 |
| SEARS HOLDINGS CORPORATION, | : | |
| *et al,* | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**ROBERT A. CATALFAMO AND LAVARITA D. MERIWETHER'S OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR PARTIES**

**TABLE OF CONTENTS**

I. JURISDICTION AND VENUE ................................................................................................ 1
II. RELEVANT BACKGROUND ................................................................................................. 1
   A. The ERISA Action .............................................................................................................. 1
   B. The Bankruptcy Filing ........................................................................................................ 3
   C. Status of the ERISA Action ................................................................................................ 4
III. Relief Requested ....................................................................................................................... 5
IV. Argument .................................................................................................................................. 5
V. Conclusion ............................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In Re 2017 Sears Holdings Corp ERISA Litigation*,
  Civ. Action No. 1:17-cv-05230 (N.D. Ill.) ...................................................................1

*Becker v. Chrysler LLC Health Care Benefits Plan*,
  No. 09-C-344, 2009 U.S. Dist. LEXIS 83703 (E.D. Wis. Aug. 24, 2009) ............................7, 8

*Buchanan v. Golden Casting Corp.*,
  No. 03-CV-151, 2003 U.S. Dist. LEXIS 19879 (S.D. Ind. Oct. 10, 2003) ...........................7, 8

*In re Chateaugay Corp.*,
  76 B.R. 945 (S.D.N.Y. 1987)........................................................................................6

*In re Crazy Eddie Sec. Litig.*,
  104 B.R. 582 (E.D.N.Y. 1989) ....................................................................................6

*Duval v. Gleason*,
  No. C-90-0242-DLJ, 1900 U.S. Dist. LEXIS 18398 (N.D. Cal. Oct. 19, 1990) ......................8

*Eastern Airlines v. Rolleston*,
  111 B.R. 423 (Bankr. S.D.N.Y. 1990), *affd in relevant part sub nom.*, *In re Ionosphere Clubs, Inc.*, 124 B.R. 635 (S.D.N.Y. 1991) ............................................6

*In re First Cent. Fin. Corp.*,
  238 B.R. 9 (Bankr. E.D.N.Y. 1999)..............................................................................6

*Gray v. Hirsch*,
  230 B.R. 239 (S.D.N.Y. 1999).....................................................................................6

*Leahy v. Trans Jones, Inc.*,
  996 F.2d 136 (6th Cir. 1993) .......................................................................................7

*In re Lion Capital Group*,
  44 B.R. 690 (Bankr. S.D.N.Y. 1984) ..........................................................................10

*In re Metal Center, Inc.*,
  31 B.R. 458 (Bankr. D. Conn. 1983) ............................................................................9

*In re RCN Corp.*,
  No. 04-B-13638 (RDD) (Bankr. S.D.N.Y.), *In re RCN Corp. ERISA Litig.*,
  No. 04-CV-5068 (D.N.J.), ...........................................................................................7

*Ripely v. Mulroy*,
  80 B.R. 17 (E.D.N.Y. 1987) ........................................................................................6

*Stanford v. Foamex L.P.*,
　No. 07-cv4225, 2009 WL 1033607 (E.D. Pa. April 15, 2009) .............................................. 7, 9

*In re SunEdison, Inc., et al.*,
　No. 16-10992 (Bankr. S.D.N.Y.) ................................................................................................ 7

*Teachers Ins. & Annuity Assn v. Butler*,
　803 F.2d 61, 65 (2d Cir. 1986) .................................................................................................... 6

*In re Vector Arms, Corp., Debtor*,
　No. 15-cv-21039, 2015 WL 8999261 (D. Utah Dec. 11, 2015) ................................................ 6

**Statutes**

11 U.S.C. § 362 ............................................................................................................... *passim*

28 U.S.C. § 157 ............................................................................................................... *passim*

29 U.S.C § 1110(a) .................................................................................................................. 9

Employee Retirement Income Security Act of 1974 ...................................................... *passim*

ERISA ............................................................................................................................. *passim*

**Other Authorities**

Federal Rules of Bankruptcy Procedure 4001 and 9014 ............................................................ 1

Robert A. Catalfamo and Lavarita D. Meriwether (the "ERISA Plaintiffs"), through their undersigned counsel, hereby respectfully submit their objection to the Motion of Debtors for Entry of an Order Extending the Automatic Stay to Certain Non-Debtor Parties ("Motion"), and request entry of an order finding that the automatic stay does not apply under 11 U.S.C. § 362(d)(1), for the purpose of continuing the litigation proceedings against the non-debtor defendants in their pre-existing action, *In Re 2017 Sears Holdings Corp ERISA Litigation*, Civ. Action No. 1:17-cv-05230 (N.D. Ill.), alleging breaches of fiduciary duty against the debtor, Sears Holdings Corporation ("Sears"), and numerous non-debtors, as well as prohibited transactions under the Employee Retirement Income Security Act of 1974 ("ERISA"), in connection with the Sears Holdings Savings Plan and the Sears Holdings Puerto Rico Savings Plan (collectively, the "Savings Plans" or the "Plans"), established for the benefit of the Sears' employees. In support of their objection, the ERISA Plaintiffs respectfully state as follows:

## I.     JURISDICTION AND VENUE

1.     The statutory predicates for the relief sought herein are 11 U.S.C. § 362(d) and Federal Rules of Bankruptcy Procedure 4001 and 9014. The Court has subject-matter jurisdiction over the Motion at issue pursuant to 28 U.S.C. § 157. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §1409.

## II.     RELEVANT BACKGROUND

### A.     The ERISA Action

2.     On October 6, 2017, the ERISA Plaintiffs filed their Consolidated Class Action Complaint, in the United States District Court for the Northern District of Illinois, Eastern Division. The consolidated ERISA action ("ERISA Action") was brought against Sears and the following non-debtor defendants: Edward S. Lampert (the Chairman and former Chief

1

Executive Officer ("CEO") of Sears), Michael O'Malley (member of the Administrative Committee as defined below), the Sears Holdings Corporation Administrative Committee (the "Administrative Committee")[1], the Sears Holdings Corporation Investment Committee (the "Investment Committee" and with the Administrative Committee the "Committees"),[2] and the unknown members of the Committees (collectively, the "Non-Debtor ERISA Defendants" and together with Sears, the "ERISA Defendants" or "Defendants").

3. The ERISA Plaintiffs, former employees of Sears, brought the ERISA Action derivatively, on behalf of the Savings Plans, and as a class action on behalf of all other similarly situated participants and beneficiaries (the "Participants") of the Sears Holdings 401(k) Savings Plan Master Trust (the "Master Trust") pursuant to §§ 404, 405, 409, and 502 of ERISA, 29 U.S.C. §§ 1104, 1105, 1109, and 1132.

4. The ERISA Plaintiffs allege that Defendants breached their duties to the Savings Plan and the Participants by, among other things, keeping the Sears Holdings Corporation Stock Fund (the "Sears Stock Fund") as an investment option under the Savings Plans when a reasonable fiduciary using the "care, skills, prudence, and diligence… that a prudent man acting in a like capacity and familiar with such matter would use" would have done otherwise under the then-prevailing circumstances. *See* ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

5. The ERISA Action alleges that Defendants permitted the Savings Plans to continue to offer the Sears Stock Fund as an investment option to Participants even after they

---

[1] The Administrative Committee consists of at least three members, appointed by the CEO of Sears, and comprised of employees of Sears Holdings Management Corporation ("SHMC"). The identity of the members of the Administrative Committee during the relevant period, other than Defendant O'Malley, is currently unknown to the ERISA Plaintiffs.

[2] The Investment Committee, as the Administrative Committee, likewise consists of at least three members, appointed by the CEO of Sears, and is also comprised of SHMC employees. The identity of the members of the Investment Committee during the relevant period is currently unknown.

2

knew, or should have known, that during the relevant period (August 22, 2014, to the present), the Sears Stock Fund was performing extremely poorly (continuously failing, among other things, to meet its stated performance benchmark, the S&P 500 Retailing Index), and that there was no reasonable prospect of a turn-around in the performance of the Sears Stock Fund. As such, the ERISA Plaintiffs have alleged that permitting the Master Trust to continue to purchase and hold shares of Sears stock, in abrogation of the Defendants' responsibility to systematically monitor the ongoing prudence of the Savings Plans' investment options, resulted in Defendants violating their fiduciary duties owed under ERISA.

6.  ERISA Defendants were empowered, as fiduciaries of the Savings Plans, to remove the Sears Stock Fund from the Plans' investment options, yet they failed to do that, or to sufficiently protect the interests of the Plans or their Participants, in violation of their respective fiduciary duties. Sears' subsequent, but not surprising, filing for bankruptcy protection confirms the imprudence of the Savings Plans' investment in Sears, which has not had a single profitable quarter from business operations since 2010.

**B.      The Bankruptcy Filing**

7.  Sears filed a voluntary chapter 11 petition for relief with this Court on October 15, 2018. On information and belief, none of the Non-Debtor ERISA Defendants has filed for bankruptcy protection. No trustee has been appointed and Sears, together with its affiliated debtors (collectively, "Debtors"), are acting as debtors in possession, pursuant to 11 U.S.C. §§1107(a) and 1108.

8.  On October 24, 2018, the Office of the United States Trustee for Region 2 appointed an official committee of unsecured creditors.

**C.     Status of the ERISA Action**

9.    On August 21, 2018, the Northern District of Illinois granted the ERISA Defendants' motion to dismiss, without prejudice. On September 21, 2018, the ERISA Plaintiffs filed a timely notice of appeal.

10.    On October 17, 2018, Sears filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay as to Sears Holdings Corporation ("Notice of Bankruptcy") with the Seventh Circuit Court of Appeals, where the above-referenced appeal of the ERISA Action is now pending. *See* Exh. A.

11.    Upon the filing of the Notice of Bankruptcy, on October 18, 2018, the Seventh Circuit issued an order staying all appeal proceedings in the ERISA Action, and further ordering that counsel for the appellees file, on or before February 15, 2019, a status report detailing the progress of the bankruptcy proceeding ("October 18, 2018 Order"). *See* Exh. B.

12.    On October 23, 2018, the ERISA Plaintiffs filed a Docketing Statement, under the Rules of the Seventh Circuit, objecting to the imposition of the automatic stay on the Non-Debtor ERISA Defendants. *See* Exh. C at 3. In their respective Docketing Statement, the ERISA Defendants contended that "the automatic stay [the Circuit] Court previously ordered should remain in effect for all Appellees…pending further action by the relevant Bankruptcy court." *See* Exh. D at 4. The ERISA Defendants further submitted that "[t]he Bankruptcy Court is the appropriate court to determine the scope of the automatic stay pursuant to 28 U.S.C. §§157 and 1334." *Id*.

13.    On November 28, 2018, the Debtors made the instant Motion before this Court, seeking to extend the automatic stay to certain non-debtor parties, including the Non-Debtor ERISA Defendants. *See* Docket No. 924 at Exh. 1.

### III. RELIEF REQUESTED

14. In light of the October 18, 2018 Order issued in the ERISA Action, and for the Debtors otherwise failing to establish that they are entitled to have a stay issued in this Court as to the Non-Debtor ERISA Defendants, the ERISA Plaintiffs respectfully request the Court to deny the Motion as to the ERISA Action, and enter an order finding that the imposition of the automatic stay is limited solely to the Debtors and does not extend to the Non-Debtor ERISA Defendants.

### IV. ARGUMENT

**The Automatic Stay Does Not Extend to the Non-Debtor ERISA Defendants**

15. The Debtors' Motion is not directed at the ERISA Action specifically, and fails to explain why the Non-Debtor ERISA Defendants in particular, should be subject to an automatic stay. Rather, the Debtors make a broad request that this Court put a cold stop to the prosecutions of the scores of various actions pending not only against Sears and its debtor affiliates, but also against any non-debtor parties[3] in these actions, thereby precluding any findings of liability, or obtaining any relief in connection with the claims arising from the prepetition period, for an untold period of time, while Sears goes through its reorganization. *See* Motion at 4. The Debtors' Motion is not well-founded[4], and should be denied, at least as to the ERISA Action.[5]

---

[3] The Motion sweepingly defines the "Non-Debtor Parties" as "the Debtors' non-debtor affiliates, employees, contract counterparties and other third parties." Motion at 2.

[4] The Motion fails to, *inter alia*, cite ERISA-specific case law, where a stay has been granted as to the non-debtors.

[5] ERISA Plaintiffs take no position as to the propriety of staying the other actions the Debtors seek to stay, but note that the Debtors have sought to stay scores of actions without discussing the specific facts or circumstances of any of them. It is unclear whether Sears seeks to stay all actions that may implicate any Debtor in any way without providing *any* specific reasoning for *any* such stay.

5

16. The Bankruptcy Code, invoked by the Debtors in their misguided attempt to curtail any ongoing litigation that Sears is involved in (however remotely), was never intended to be used as a shield behind which the officers and directors of a debtor corporation or non-debtor affiliates could hide their violations of the federal laws. *See In re Chateaugay Corp.*, 76 B.R. 945, 948-49 (S.D.N.Y. 1987). By its plain language, the automatic stay provision of the Bankruptcy Code applies only as against a *debtor*, and does not extend automatically to the *non-debtors*. *See* 11 U.S.C. § 362(a)(1). "[S]tays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants . . . Chapter 11 . . . contains no provision to protect non-debtors who are jointly liable on a debt with the debtor." *In re Crazy Eddie Sec. Litig.*, 104 B.R. 582, 583-84 (E.D.N.Y. 1989) (quoting *Teachers Ins. & Annuity Assn v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)). *See also In re Vector Arms, Corp., Debtor*, No. 15-cv-21039, 2015 WL 8999261, at *6 (D. Utah Dec. 11, 2015) ("By its terms, the automatic stay applies only to the [d]ebtor and does not prevent actions against non-debtor principals, officers, employees, and other related parties.").

17. Accordingly, courts across the country, including in this District, have continually held that the automatic stay is inapplicable to the actions and proceedings against non-debtors. *See Gray v. Hirsch*, 230 B.R. 239, 242 (S.D.N.Y. 1999) (stating "courts in this circuit regularly refuse to extend a debtor corporation's § 362 stay to its non-debtor officers and principals" and refusing § 362 stay for non-debtor chairman who "owned or controlled" debtor as officer and principal); *Ripely v. Mulroy*, 80 B.R. 17, 19 (E.D.N.Y. 1987) ("[t]he automatic stay provision was intended by Congress to apply to the debtor only, and not to others"). *See also In re First Cent. Fin. Corp.*, 238 B.R. 9 (Bankr. E.D.N.Y. 1999); *Eastern Airlines v. Rolleston*, 111 B.R.

6

423, 430 (Bankr. S.D.N.Y. 1990), *aff'd in relevant part sub nom.*, *In re Ionosphere Clubs, Inc.*, 124 B.R. 635 (S.D.N.Y. 1991).

18.     This argument applies with equal force in the context of claims against an ERISA plan's individual fiduciaries. *See In re SunEdison, Inc., et al.,* No. 16-10992 (Bankr. S.D.N.Y.) (order entered June 6, 2016 in an analogous ERISA action, finding "[t]he automatic stay imposed by the Bankruptcy Code section 362 does not extend to the Non-Debtor Defendants…") (Exh. E); *In re RCN Corp.*, No. 04-B-13638 (RDD) (Bankr. S.D.N.Y.) (order entered April 1, 2005, permitting the naming of RCN as a nominal defendant in an ERISA action brought in New Jersey, *In re RCN Corp. ERISA Litig.*, No. 04-CV-5068 (D.N.J.), and noting that "[n]othing in this [o]rder prevents [p]laintiffs from pursuing litigation claims against others, including current or former directors, officers, employees, partners, members, or managers…") (Exh. F); *Stanford v. Foamex L.P.*, No. 07-cv4225, 2009 WL 1033607, at *2 (E.D. Pa. April 15, 2009) (refusing to extend a § 362(a) stay to the individual fiduciary non-debtor defendants in an analogous case "because liability of the non-bankrupt defendants is premised on their alleged breaches of fiduciary duties owed to plaintiff, [and] the non-bankrupt defendants, not the debtor are the real parties in interest."); *Buchanan v. Golden Casting Corp.*, No. 03-CV-151, 2003 U.S. Dist. LEXIS 19879, at *11 (S.D. Ind. Oct. 10, 2003) (finding that "individual plan fiduciaries are not protected from prosecution by a § 362 automatic stay of suits against the employer"); *Leahy v. Trans Jones, Inc.*, 996 F.2d 136 (6th Cir. 1993) (permitting appeal to proceed against the individual fiduciaries of the plan at issue); *Becker v. Chrysler LLC Health Care Benefits Plan*, No. 09-C-344, 2009 U.S. Dist. LEXIS 83703 (E.D. Wis. Aug. 24, 2009) (vacating stay against healthcare plan).

19. Here, Sears' "bankruptcy does not shield [the Non-Debtor ERISA Defendants] from liability because an employer's bankruptcy has no effect on a suit brought by an employee against the … plan's fiduciaries." *Buchanan*, 2003 U.S. Dist. LEXIS 19879, at *5. As the court noted in *Chrysler*, "[t]he reason why employee benefit plans are not protected by the automatic stay provision of 11 U.S.C. § 362 is that the employer itself has no property interest in the plan." 2009 U.S. Dist. LEXIS, at *3.

20. Some courts have determined that an even more stringent standard should govern where, as here, a debtor seeks to enjoin an action against executive officers in a class action context. For example, in an analogous circumstance where officers are alleged to have violated the securities laws, in *Duval v. Gleason,* the court reasoned:

> Unlike a products liability action in which a suit against an officer is effectively one against the corporation itself, the present securities action seeks to attach liability for the specific fraudulent acts of named individuals. *Thus, the securities laws allow for the independent liability of the officers or other parties involved, and proceedings like the present may go forward without the participation of the corporation.* To hold otherwise would allow the Bankruptcy Act to create a sizable loophole through which malfeasant corporate officers and directors and their insurers could escape, at least temporarily, all civil prosecutions of their individual fraudulent acts by having the corporation file a bankruptcy petition. *We cannot agree that the protections afforded by the Bankruptcy Act were intended to be so all-encompassing as to shield such non-debtor third parties.*

No. C-90-0242-DLJ, 1990 U.S. Dist. LEXIS 18398, at **12-13 (N.D. Cal. Oct. 19, 1990) (emphasis added).

21. The *Duval* court's reasoning applies with equal force in the instant matter. Like the securities laws, ERISA provides for independent liability for individuals responsible for the administration of a 401(k) plan. *See* ERISA § 409(a), 29 U.S.C. § 1109(a).

8

Consequently, the Non-Debtor ERISA Defendants should not be permitted to obfuscate their transgressions merely because their employer filed for bankruptcy protection.[6]

22. Importantly, Sears, the debtor, is *not* the real party in interest with respect to the claims against the Non-Debtor ERISA Defendants. "Where, as here, claims are premised on breaches of fiduciary duties that are not merely derivative of the defendant's job with the debtor, the defendant who owes to the plaintiff the relevant fiduciary duties ... is the real party in interest." *Foamex*, 2009 WL 1033607, at *2 ("[b]ecause the claims against [the defendant] are not derivative of his status as Chairman and Chief Executive Officer of [debtor], but rather are premised upon [the defendant's] own conduct, including an alleged breach of his fiduciary duty... a stay is not warranted ....") (internal citations omitted); *In re Metal Center, Inc.*, 31 B.R. 458, 462 (Bankr. D. Conn. 1983) (reasoning that extension of the stay is inappropriate if the non-bankrupt defendant is "independently liable as, for example, where the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of a duty"). Because Plaintiffs seek recovery for the actions which Non-Debtor ERISA Defendants took in their capacity as fiduciaries under the Savings Plans, the Non-Debtor ERISA Defendants are the real parties in interest to these claims.

23. As in many class actions, much of the information relevant to the claims against the non-debtor fiduciaries in the ERISA Action may be obtained only from that particularized

---

[6] Here, there is no suggestion that allowing the ERISA Action to continue against the non-debtor defendants has had or will have any impact on Sears' bankruptcy proceeding, let alone a material impact. Upon information and belief, at least certain of the claims raised in the ERISA Action are subject to coverage by fiduciary liability policies that would not apply to any other claims asserted against the Debtors. Moreover, any purported indemnification agreement cannot be used to relieve any Non-Debtor ERISA Defendant's liability as against public policy. 29 U.S.C § 1110(a).

9

sub-set of the Sears personnel who administered and managed the Savings Plans at issue. If the prosecution of the ERISA Action is stayed for any significant length of time, much of this critical information and knowledge may well be lost. Human recollection inevitably fades as time passes. Similarly, pertinent documents currently in the possession of the Non-Debtor ERISA Defendants might be lost or discarded, even inadvertently. Thus, imposing the requested stay may effectively deny the ERISA Plaintiffs' day in court. *See In re Lion Capital Group,* 44 B.R. 690, 703 (Bankr. S.D.N.Y. 1984). The same is true with respect to the derivative aspect of the claims of the ERISA Plaintiffs.

24. In addition, a significant delay in the prosecution of the ERISA Action will likely make it more difficult to deliver the proceeds of any recovery to class members. Class members may move, die, or otherwise become unavailable/un-locatable. The inability to identify class members or to deliver any recovery to them is by itself a significant hardship, effectively depriving them of their rights.

## V.    CONCLUSION

WHEREFORE, for the foregoing reasons, the ERISA Plaintiffs respectfully request that the Court deny the Debtors' Motion as to the ERISA Action, and enter an order: (i) finding that the automatic stay imposed by the Bankruptcy Code does not extend to the Non-Debtor ERISA Defendants; and (ii) granting such other and further relief as is just and necessary.

Dated: December 13, 2018

Respectfully submitted,

**STULL, STULL & BRODY**

**By:** /s/ Mark Levine
Mark Levine
mlevine@ssbny.com
Michael J. Klein
mklein@ssbny.com
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**KELLER ROHRBACK L.L.P.**

Lynn L. Sarko
lsarko@kellerrohrback.com
T. David Copley
dcopley@kellerrohrback.com
Erin M. Riley
eriley@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

**KELLER ROHRBACK L.L.P.**

Gary A. Gotto
ggotto@kellerrohrback.com
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 230-6322
Fax: (602) 248-2822

11

**KELLER ROHRBACK L.L.P.**
Tanya Korkhov
tkorkhov@kellerrohrback.com
1140 Avenue of the Americas, Ninth Floor
New York, NY 10036
Tel: (646) 380-6690
Fax: (646) 380-6692

SIPRUT PC
Bruce C. Howard
bhoward@siprut.com
Richard S. Wilson
rwilson@siprut.com
17 N. State Street
Suite 1600
Chicago, Illinois 60602
Tel: (312) 236-0000
Fax: (312) 878-1342

**STEPHAN ZOURAS, LLP**
James B. Zouras
jzouras@stephanzouras.com
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Tel: 312-233-1550
Fax: 312-233-1560

*Attorneys for non-debtor parties
Catalfamo and Meriwether*

4842-4893-4786, v. 1