# EXHIBIT A

No. 18-3040

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

ROBERT A. CATALFAMO, et al.,
Plaintiffs-Appellants,

v.

SEARS HOLDINGS CORPORATION, et al.,
Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Illinois, Eastern Division
Case No. 1:17-cv-05230
The Honorable Judge Charles R. Norgle

NOTICE OF BANKRUPTCY FILING AND IMPOSITION OF
AUTOMATIC STAY AS TO SEARS HOLDINGS CORPORATION

PLEASE TAKE NOTICE that on October 15, 2018 (the "Commencement Date"),

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in

possession in the chapter 11 cases described herein (collectively, the "Debtors"), each

commenced a voluntary case (the "Chapter 11 Cases") under chapter 11 of title 11 of the

United States Code (11 U.S.C. § 101 *et seq.*) (the "Bankruptcy Code") in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The

Chapter 11 Cases are being jointly administered under Case No. 18-23538 (RDD) (the

"Bankruptcy Cases"). A copy of Sears Holdings Corporation's chapter 11 petition is

attached hereto as Exhibit A.

PLEASE BE ADVISED that, as of the Commencement Date, any new or further actions against the Debtors, including Sears Holdings Corporation, are automatically stayed pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay"), which provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities," of, among other things "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(1), (3).

PLEASE BE FURTHER ADVISED that any action taken against the Debtors, including Sears Holdings Corporation, without obtaining relief from the Automatic Stay from the Bankruptcy Court is void *ab initio* and may result in a finding of contempt for violation of the Automatic Stay.  The Debtors reserve and retain their statutory right to seek relief in the Bankruptcy Court from any action by Plaintiffs-Appellants or any judgment, order, or ruling entered in violation of the Automatic Stay.

In the event the Court or any parties have questions regarding the Chapter 11 Cases, please contact Sears Holdings Corporation's counsel in the above-captioned appeal, or Debtors' counsel in the Bankruptcy Cases:

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

Telephone: (212) 310-8000
Facsimile: (212) 310 8007
Ray C. Schrock P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

Dated: October 17, 2018                          Respectfully submitted,

                                                 */s/ Deborah S. Davidson* _____

                                                 **MORGAN, LEWIS & BOCKIUS LLP**
                                                 Deborah S. Davidson
                                                 Christopher J. Boran
                                                 Hillary E. August
                                                 77 West Wacker Drive, Fifth Floor
                                                 Chicago, IL 60601
                                                 Tel: (312) 324-1000
                                                 deborah.davidson@morganlewis.com
                                                 christopher.boran@morganlewis.com
                                                 hillary.august@morganlewis.com

                                                 *Attorneys for Defendants-Appellees Sears
                                                 Holdings Corporation, Sears Holdings
                                                 Corporation Investment Committee, Sears
                                                 Holdings Corporation Administrative
                                                 Committee, Edward S. Lampert, and
                                                 Michael O'Malley*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2018, I electronically filed the foregoing with its Exhibit with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


*/s/ Deborah S. Davidson*
Deborah S. Davidson

# EXHIBIT A

**Fill in this information to identify the case**

United States Bankruptcy Court for the:

Southern     District of    New York
                                       (State)

Case number (*If known*): _____    Chapter    11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Sears Holdings Corporation |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | See Schedule 1 |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20-1920798 |

**4. Debtor's address**

| Principal place of business | | Mailing address, if different from principal place of business | |
|---|---|---|---|
| 3333 | Beverly Road | | |
| Number | Street | Number | Street |
| | | **P.O. Box** | |
| Hoffman Estates    Illinois    60179 | | | |
| City     State     ZIP Code | | City     State     ZIP Code | |
| | | **Location of principal assets, if different from principal place of business** | |
| Cook County | | | |
| County | | Number | Street |
| | | City     State     ZIP Code | |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.searsholdings.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above   Retail

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

SIC Code 5311 (NAICS Code 4521)

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   ☐ A plan is being filed with this petition.
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____ When _____ Case number _____
                                 MM/ DD/ YYYY
         District _____ When _____ Case number _____
                                 MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor   See Schedule 2            Relationship   See Schedule 2
         District   See Schedule 2          When           See Schedule 2
         Case number, if known _____   MM / DD/ YYYY

Debtor   Sears Holdings Corporation
Name

Case: 18-3040   Document: 119-8   Filed: 10/17/2018   Pages: 24

18-23538-rdd   Doc 1197-1   Filed 12/13/18   Entered 12/13/18 15:37:51   Exhibit A
Pg 9 of 27

Case number (if known)

**11. Why is the case filed in this district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|---|---|

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Request for Relief, Declaration, and Signatures |
| --- |

**WARNING** — Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and  correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___October 15, 2018___
                 MM / DD  / YYYY

✗ ___/s/ Mohsin Y. Meghji___        ___Mohsin Y. Meghji___
    Signature of authorized representative of debtor     Printed name

    ___Chief Restructuring Officer___
    Title

**18. Signature of attorney**

✗ ___/s/ Jacqueline Marcus___     Date ___October 15, 2018___
    Signature  of attorney for  debtor       MM / DD  / YYYY

    ___Jacqueline Marcus___
    Printed Name

    ___Weil, Gotshal & Manges LLP___
    Firm Name

    ___767 Fifth Avenue___
    Number      Street

    ___New York___     ___New York___     ___10153___
    City         State         ZIP Code

    ___(212) 310-8000___     ___jacqueline.marcus@weil.com___
    Contact phone       Email address

    ___1867746___     ___New York___
    Bar Number       State

**Schedule 1**

## All Other Names Used By the Debtor or its Affiliates in the Last 8 Years

| | |
|---|---|
| A&E Factory Service | Kmart Pharmacies of Minnesota, Inc. |
| Accents for Less | Kmart Pharmacies, Inc. |
| American Siding & Deck, Inc. | Kmart Properties, Inc. |
| American Windows & Sash, Inc. | Kmart Stores of Indiana, Inc. |
| Appliance Liquidators | Kmart Stores of TNCP, Inc. |
| Austin Technology Center | KMI, Inc. |
| Bath and Kitchen Elegance | Koolvent Aluminum Products, Inc. |
| Bath and Kitchen Elegance of the Desert | Kresge - Kmart Limited |
| Big Beaver of Caguas Development Corporation | Little Caesars |
| Big Beaver of Caguas Development Corporation II | Max Acquisition Delaware Inc. |
| Big Kmart | McKids |
| Big Kmart (#3680) | McKids The Store |
| Central Wholesale Appliance Supply, Inc. | McPhail's Appliances |
| Chantell Marketing | MetaScale Technologies India Private Limited |
| Circle of Beauty Inc. | Monark |
| Delver | Monark Holdings Inc. |
| Delver.com | Monark of California |
| Designer Depot | Monark Premium Appliance Co. |
| Eblon Technologies India Private Limited | Monark Premium Appliance Co. of Arizona |
| Evoke Productions | Monark Premium Appliance Co. of California |
| FitStudio by Sears | MXSV, Inc. |
| Florida Builder Appliances, Inc. | NTB - National Tire and Battery |
| Garment Rack | NTB-National Tire & Battery |
| HDC Holding Company of Delaware, Inc. | PMB, Inc. |
| HO. Tampa Development Co. | Prairie Buck I, Inc. |
| HO. Tysons Office Investment Co. | Prairie Buck II, Inc. |
| ILJ, Inc. | Private Brands, Ltd. |
| JAF, Inc. | Relay LLC |
| KC Kelley Group | San Diego Appliance Sales |
| Kenmore Direct | Sears |
| Kids Stockroom | Sears #1284 |
| Kmart | Sears Acquisition Corp. |
| Kmart Acquisition Corp. | Sears Auto Center |
| Kmart Apparel Corp. | Sears Auto Center #6582 |
| Kmart Apparel Fashions Corp. | Sears Auto Centers |
| Kmart Apparel Leasing Corp. | Sears Carpet and Upholstery Care, Inc. |
| Kmart Apparel Service of Atlanta Corp. | Sears Essentials |
| Kmart Apparel Service of Des Plaines Corp. | Sears Grand |
| Kmart Apparel Service of Sunnyvale Corp. | Sears Grand #1673 |
| Kmart Corporation | Sears Holdings Management Corporation |
| Kmart Enterprises, Inc. | Sears Home Appliance Showrooms |
| Kmart Far East Limited | Sears Home Improvement Products (South), Inc. |
| Kmart Financing I | Sears Home Services |
| Kmart Global Sourcing Ltd. | Sears Home&Life |
| Kmart Holding Company | Sears Lessee Operations, LLC |
| Kmart Holdings, Inc. | Sears Logistics Services |
| Kmart Lessee Operations, LLC | Sears Logistics Services, Inc. |
| Kmart Management Corporation | Sears Merchandise Group |
| Kmart Michigan Property Services, L.L.C. | Sears Merchandise Group, Inc. |
| Kmart of Amsterdam, NY Distribution Center, Inc. | Sears New York Insurance Agency |
| Kmart of Pennsylvania LP | Sears Oklahoma Insurance Agency |

**Schedule 1**

**All Other Names Used By the Debtor or its Affiliates in the Last 8 Years**

| | |
|---|---|
| Sears Protection Company Inc. | The Annexx Restaurant |
| Sears Protection Company, Inc. | The Great Indoors |
| Sears Technology Services LLC | Tire Property Holding, Inc. |
| Sears, Roebuck de Mexico, S.A. de C.V. | Tri-Valley Crossings |
| Sears, Wishbook, Inc. | Troy CMBS Property, L.L.C. |
| ServiceLive Direct | Westar Kitchen & Bath LLC |
| SHMC, Inc. | Westar Kitchen and Bath |
| Shop Your Way Local, LLC | Westar Kitchen and Bath, LLC |
| shopyourway.com | Western Bluelight.com LLC |
| Sourcing and Technical Services, Inc. | WestStar Kitchen and Bath |
| SRC O.P. LLC | WestStar Kitchen and Bath LLC |
| SRC Real Estate (TX), LLC | Continental Carpet Cleaning, Inc. |
| Standards of Excellence | Sears Carpet and Upholstery Care, Inc. |
| Standards of Excellence Outlet Store | Print Procurement Company, LLC |
| Super K | Print Production Company, LLC |
| Super Kmart | Relay LLC |
| SUPER KMART CENTER | Shop Your Way Local, LLC |
| Super Kmart Center | Sears New York Insurance Agency |
| Texas Bluelight.com Inc. | Sears Oklahoma Insurance Agency |

WEIL:\96070001\1\73217.0003

## Schedule 2

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the **"Court"**). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Sears Holdings Corporation.

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| Sears, Roebuck and Co. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Holding Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Operations LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Operations LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| ServiceLive, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Factory Service, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Home Delivery, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Lawn & Garden, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Signature Service, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| FBA Holdings Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Innovel Solutions, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| MaxServ, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Private Brands, Ltd. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Development Co. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Management Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Home & Business Franchises, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Home Improvement Products, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Insurance Services, L.L.C. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Procurement Services, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company (PR) Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Roebuck Acceptance Corp. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears, Roebuck de Puerto Rico, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |

WEIL:\96070001\1\73217.0003

Schedule 2

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| SYW Relay LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Wally Labs LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Big Beaver of Florida Development, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| California Builder Appliances, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Florida Builder Appliances, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| KBL Holding Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| KLC, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart of Michigan, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart of Washington LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Stores of Illinois LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Stores of Texas LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| MyGofer LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands Business Unit Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Publishing Company, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company (Florida), L.L.C. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| SHC Desert Springs, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| SOE, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| StarWest, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| STI Merchandising, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Troy Coolidge No. 13, LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| BlueLight.com, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands, L.L.C. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Buying Services, Inc. | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart.com LLC | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands Management Corporation | 18-_____ ( ) | October 15, 2018 | S.D.N.Y. | Pending |

---

**Fill in this information to identify the case:**

Debtor name: <u>Sears Holdings Corporation</u>

United States Bankruptcy Court  for the:  <u>Southern</u>  District of  <u>New York</u>
                                                                        (State)

Case number (*If known*):  _____

---

## Attachment to Voluntary Petition for
## Non-Individuals Filing for Bankruptcy under Chapter 11

If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number <u>001-36693</u>.

The following financial data is the latest available information and refers to the debtor's condition on August 4, 2018.

| | |
|---|---|
| Total assets | <u>$6.937 billion</u> |
| Total debts (including debts listed in 2.c., below) | <u>$11.339 billion</u> |

Debt securities held by more than 500 holders:

| | | | | Approximate number of holder |
|---|---|---|---|---|
| secured ☒ | unsecured ☐ | subordinated ☐ | $175 million in 6.625% 2L Notes (non-PIK) | Unknown |
| secured ☐ | unsecured ☒ | subordinated ☐ | $411 million in 8.00% Unsecured Notes (non-PIK) | Unknown |
| secured ☐ | unsecured ☒ | subordinated ☐ | $186 million in SRAC Unsecured Notes (non-PIK) | Unknown |

| | |
|---|---|
| Number of shares of preferred stock | <u>20 million shares authorized zero outstanding</u> |
| Number of shares common stock | <u>Approx. 108,750,000</u> |

Comments, if any: _____

*Brief description of debtor's business*:  Sears Holdings Corporation (**"Holdings"**) is an integrated retailer with significant physical and intangible assets, as well as virtual capabilities enabled through technology.  At August 4, 2018, Holdings operated a national network of stores with 866 full-line and specialty retail stores in the United States operating through Kmart and Sears. Further, Holdings operates a number of websites under the sears.com and kmart.com banners which offer millions of products and provide the capability for our members and customers to engage in cross-channel transactions such as free store pickup; buy in store/ship to home; and buy online, return in store.  Holdings is also the home of Shop Your Way®, a free membership program that connects its members to personalized products, programs and partners that help them save time and money every day. Through an extensive network of national and local partners, members can shop thousands of their favorite brands, dine out and access an array of exclusive partners like Uber® and fuboTV® to earn CASHBACK in points to redeem for savings on future purchases at Sears, Kmart, Lands' End and at ShopYourWay.com. The Sears MasterCard with Shop Your Way® features an industry-leading 5-3-2-1 rewards offer, where members can earn rewards points on all purchases everywhere they shop. Holdings is a leading home appliance retailer, as well as a leader in tools, lawn and garden, fitness equipment, automotive repair and maintenance, and is a significant player in the rapidly emerging connected solutions market. Holdings offers key proprietary brands including Kenmore® and DieHard®, as well as Craftsman® branded product offerings. Holdings' Kenmore and DieHard brands are also now available on Amazon.com. Holdings also maintains a broad apparel and home offering including such well-known labels as

---

Official Form 201a        **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**        Page 1

WEIL:\96070001\1\73217.0003

Jaclyn Smith®, Joe Boxer®, Route 66®, Cannon®, Adam Levine® and Levi's® and also offers Lands' End® merchandise in some of our Full-line stores. Holdings is the nation's No. 1 provider of appliance and product repair services, with over five million service calls made annually.

List the names of any person who directly or indirectly owns controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

ESL Investments, Inc. and its affiliates; and Fairholme Capital Management and its affiliates

# PROPOSED RESOLUTIONS OF
# THE BOARD  OF DIRECTORS OF
# SEARS HOLDINGS CORPORATION

WHEREAS, the board of directors (the "Board") of Sears Holdings Corporation (the "Company") has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

WHEREAS, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

WHEREAS, the Board has reviewed, considered, and had the opportunity to ask questions about the Chapter 11 Case and Chapter 11 Filings (each as defined below) and the DIP ABL Term Sheet (as defined below).

**Chapter 11 Filing**

NOW, THEREFORE, BE IT RESOLVED, that the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code; and be it further

RESOLVED, that any officer of the Company (each, an "Authorized Person"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, file and perform, in the name and on behalf of the Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, orders and other documents (the "Chapter 11 Filings") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

RESOLVED, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 case (the "Chapter 11 Case") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such

acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**Debtor-in-Possession Financing**

RESOLVED, that in connection with the Chapter 11 Case, it is desirable and in the best interests of the Company, its creditors, and other parties in interest to enter into and obtain loans and consummate the transactions under that certain senior secured superpriority priming debtor-in-possession asset-based credit facility in an aggregate principal amount of $1.875 billion (the "DIP ABL Loan"), representing an increase of $300 million from the existing facility, on terms set forth on the term sheet attached hereto as Exhibit A (the "DIP ABL Term Sheet"). The DIP ABL Loan, will be evidenced by such Term Sheet, and upon entry of the final order approving, among other things, the Company's entry into the DIP ABL Loan, a senior secured superpriority priming debtor-in-possession asset-based credit agreement, in each case to be entered into by and among, Sears Roebuck Acceptance Corp. ("SRAC") and Kmart Corporation ("Kmart", together with SRAC, the "DIP ABL Borrowers"), and Holdings and the other Loan Parties (as defined in the DIP ABL Term Sheet (other than the DIP ABL Borrowers) as guarantors (the "Guarantors"), the lenders from time to time party thereto (the "DIP ABL Lenders"), and Bank of America, N.A., as administrative agent for the DIP ABL Lenders (in such capacity and together with its successors, the "DIP ABL Agent") (together with the Exhibits and Schedules annexed thereto, the "DIP ABL Loan Credit Agreement" and together with the DIP Loan Documents (as defined in the Dip ABL Loan Term Sheet), the "DIP ABL Financing Documents"), in each case subject to approval of the United States Bankruptcy Court for the Southern District of New York which is necessary and appropriate to the conduct of the business of the Company; and be it further

RESOLVED, that the form, terms and provisions of (i) the DIP ABL Term Sheet, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially consistent with the DIP ABL Term Sheet, which has been presented to the Board and (ii) any and all of the other documents, agreements (including the DIP ABL Credit Agreement and the other DIP Loan Documents), including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the DIP ABL Loan and the performance of obligations thereunder, including the borrowings, guarantees, granting of security and pledging of collateral contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP ABL Term Sheet and DIP ABL Credit Agreement, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the DIP ABL Agent or required by the DIP ABL Term Sheet, including the DIP ABL Credit Agreement; and be it further

RESOLVED, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP ABL Financing Documents including the borrowing and reborrowing of loans, guaranteeing of

obligations of the Borrowers, granting of security thereunder and the pledging of collateral; and be it further

> RESOLVED, that any Authorized Person is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP ABL Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the respective lenders and agents under the DIP ABL Financing Documents, and to authorize, execute, verify, file and/or deliver to the DIP ABL Agent, on behalf of the Company, all agreements, documents and instruments required by the respective lenders and agents under the DIP ABL Financing Documents in connection with the foregoing; and be it further

> RESOLVED, that any Authorized Person, in connection with the DIP Financing, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and security interests in any and all property of the Company as may be contemplated by or required under the terms of any cash collateral agreements or other similar arrangements entered into in connection with the DIP Financing, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Company in the Chapter 11 Case and any of the Company's affiliates who may also, concurrently with the Company's petition, file for relief under the Bankruptcy Code; and be it further

> RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP ABL Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP ABL Term Sheet, DIP ABL Credit Agreement or any of the other DIP ABL Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

> RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP ABL Term Sheet, the DIP ABL Credit Agreement and/or any of the DIP ABL Financing Documents, in each case consistent with the DIP ABL Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and be it further

**Retention of Advisors**

> RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

> RESOLVED, that the firm of M-III Advisory Partners, LP, located at 30 Rockefeller Plaza, New York, NY 10112, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Lazard Freres & Company, located at 30 Rockefeller Plaza, New York, NY 10112, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of DLA Piper LLP, located at 500 Eighth Street, NW, Washington, DC 20004, is hereby retained to provide the Company with additional real estate and advisory services in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Prime Clerk, located at 830 Third Avenue, 9th Floor, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that, with respect to each Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses and taxes) that such Authorized Person deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Case.

**Dissolution of Committees**

WHEREAS, in light of the role and responsibilities of the Restructuring Committee in connection with the Chapter 11 Case, the functions of the Related Person Transactions Subcommittee of the Audit Committee of the Board (the "RPT Committee"), the Real Estate Transactions Subcommittee of the Audit Committee of the Board (the "RE Transactions Committee"), the Strategic Planning Committee of the Board (the "Strategic Planning Committee"), and the Special Committee of the Board (the "Special Committee") are no longer necessary.

NOW, THEREFORE, BE IT RESOLVED, that each of the RPT Committee, RE Transactions Committee, the Strategic Planning Committee and the Special Committee is hereby dissolved.

**Ratification**

RESOLVED, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

**General Authorization**

RESOLVED, FURTHER, that the Authorized Persons, each of whom may act

without the joinder of any of the others, be, and each of them individually hereby is, authorized and directed, in the name and on behalf of the Corporation, to take or cause to be taken all such further actions, including without limitation, negotiating, signing, executing, acknowledging, certifying, attesting, delivering, accepting, recording and filing (with such changes as such Authorized Person shall approve, the execution and delivery thereof or the taking of such other action to be conclusive evidence of such approval) the Chapter 11 Case, the Chapter 11 Filings, the DIP ABL Credit Agreement and the retention of advisors and all such further documents, agreements, certificates and instruments and paying all fees, taxes and other expenses or payments, in each case as such Authorized Person, in such Authorized Person's sole discretion, may determine to be necessary, appropriate or desirable in order to fulfill the intent and accomplish the purposes of the foregoing resolution, such determination to be conclusively evidenced by the taking of any such further action; and

RESOLVED, FURTHER, that any actions taken by any Authorized Person, for or on behalf of the Corporation, prior to the date hereof that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date hereof be, and they hereby are, authorized, adopted, approved, confirmed and ratified in all respects as the actions and deeds of the Corporation.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name: <u>Sears Holdings Corporation</u>

United States Bankruptcy Court  for the: <u>Southern</u>  District of <u>New York</u>
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

<u>Official Form 204</u>

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured  claim |
| 1 | The Pension Benefit Guaranty Corporation Attn.:  Office of the Chief Counsel 1200 K Street, N.W., Suite 300 Washington District of Columbia 20005 | Attn.:  Office of the Chief Counsel Phone: 202-326-4110 Facsimile:  202-326-4114 Email: | Pension Benefits | | | | Unknown |
| 2 | SRAC Medium Term Notes c/o BNY Midwest Trust Company Attn.:  President or General Counsel 101 Barclay St., Floor 8W, New York, New York 10286 | Attn.:  President or General Counsel Phone: 312-294-5200 Facsimile: Email: | Unsecured Notes | | | | $2,311,800,000.00 |
| 3 | Holdings Unsecured Notes (8.00%) c/o Computershare Trust Company, N.A. Attn.:  President or General Counsel 250 Royal Street Canton, Massachusetts 02021 | Attn.:  President or General Counsel Phone: 781-575-2000 Facsimile: 781-575-4210 Email: | Unsecured Notes | | | | $411,000,000.00 |
| 4 | Holdings Unsecured PIK Notes (8.00%) c/o Computershare Trust Company, N.A. Attn.:  President or General Counsel 250 Royal Street Canton, Massachusetts 02021 | Attn.:  President or General Counsel Phone: 781-575-2000 Facsimile: 781-575-4210 Email: | Unsecured Notes | | | | $222,600,000.00 |
| 5 | SRAC Unsecured Notes c/o The Chase Manhattan Bank, N.A. Attn.:  Corporate Trust Department 4 Chase MetroTech Center, 3rd Floor Brooklyn, New York 11245 | Attn.:  Corporate Trust Department Phone: Facsimile: Email: | Unsecured Notes | | | | $185,600,000.00 |
| 6 | SRAC Unsecured PIK Notes c/o BNY Midwest Trust Company Attn.:  President or General Counsel 101 Barclay Street, Floor 8W New York, New York 10286 | Attn.:  President or General Counsel Phone: 312-294-5200 Facsimile: Email: | Unsecured Notes | | | | $107,900,000.00 |

| Debtor | Sears Holdings Corporation | Case: 18-3040 | Document: 15 Filed: 10/17/2018 | Pages: 24 | Case Number (if known) | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Whirlpool Corporation Attn.: President or General Counsel 2000 North M-63 Benton Harbor, Michigan 49022 | Attn.: President or General Counsel Phone: 269-923-5000 Facsimile: 269-923-3722 Email: | Trade Payable | | | | $23,409,729.00 |
| 8 | Frigidaire Company c/o Electrolux Attn.: President or General Counsel P.O. Box 2638 Carol Stream, Illinois 60132-2638 | Attn.: President or General Counsel Phone: 786-388-6400 Facsimile: Email: | Trade Payable | | | | $18,617,186.00 |
| 9 | Winia Daewoo Electronics America Attn.: President or General Counsel 65 Challenger Road, Suite 360 Ridgefield Park, New Jersey 07660 | Attn.: President or General Counsel Phone: 877-393-7823 Facsimile: Email: | Trade Payable | | | | $15,180,156.00 |
| 10 | Cardinal Health Attn.: President or General Counsel 7000 Cardinal Place Dublin, Ohio 43017 | Attn.: President or General Counsel Phone: 614-757-5000 Facsimile: Email: | Trade Payable | | | | $13,877,913.00 |
| 11 | Icon Health and Fitness Inc. Attn.: President or General Counsel 1500 South 1000 West Logan, Utah 84321 | Attn.: President or General Counsel Phone: 877-993-7999 Facsimile: 435-750-5238 Email: | Trade Payable | | | | $12,102,200.00 |
| 12 | HK Greatstar Int'l Co. Ltd. Attn.: President or General Counsel Rm 35, 4/F., Po Yip Building 23 Hing Yip Street, Kwun Tong, Kowloon, Hong Kong | Attn.: President or General Counsel Phone: 852 2110 4002 Facsimile: 852 3585 6687 Email: | Trade Payable | | | | $10,354,683.00 |
| 13 | Samsung Electronics America HA Attn.: President or General Counsel 85 Challenger Road, 7th Floor Ridgefield Park, New Jersey 07660 | Attn.: President or General Counsel Phone: 201-229-4000 Facsimile: 201-229-4029 Email: | Trade Payable | | | | $8,054,247.00 |
| 14 | Apex Tool International LLC Attn.: President or General Counsel 910 Ridgebrook Road, Suite 200 Sparks, Maryland 21152 | Attn.: President or General Counsel Phone: 410-773-7800 Facsimile: 800-234-0472 Email: | Trade Payable | | | | $6,605,582.00 |
| 15 | Black & Decker US Inc. c/o Stanley Black & Decker Attn.: President or General Counsel 1000 Stanley Drive New Britain, Connecticut 06053 | Attn.: President or General Counsel Phone: Facsimile: Email: | Trade Payable | | | | $5,893,734.00 |
| 16 | Eastern Prime Textile Limited Attn.: President or General Counsel Unit F10/F, King Win FTY Building No. 65-67 King Yip Street, Kwun Tong, Kowloon, Hong Kong | Attn.: President or General Counsel Phone: 852 21918293 Facsimile: 852 27939353 Email: | Trade Payable | | | | $5,761,992.00 |
| 17 | Winners Industry Company Limited Attn.: President or General Counsel Unit A, Wah Lung Building 49-53 Wang Lung Street,Tsuen wan, New Territories, Hong Kong | Attn.: President or General Counsel Phone: 86 769 83213199 Facsimile: 86 769 83213177 Email: | Trade Payable | | | | $5,359,201.00 |

Official Form 204 **List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders** Page 2

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18  Tata Consultancy Services Ltd.<br>Attn.: President or General Counsel<br>379 Thornal Street, 4th Floor<br>Edison, New Jersey 08837 | Attn.: President or General Counsel<br>Phone: 732-590-2600<br>Facsimile:<br>Email: | Trade Payable | | | | $5,333,545.00 |
| 19  Active Media Services Inc.<br>Attn.: President or General Counsel<br>1 Blue Hill Plaza<br>Pearl River, New York 10965 | Attn.: President or General Counsel<br>Phone: 845-735-1700<br>Facsimile: 845-735-0717<br>Email: | Trade Payable | | | | $5,192,874.00 |
| 20  Automotive Rentals Inc.<br>Attn.: President or General Counsel<br>4001 Leadenhall Road<br>Mount Laurel, New Jersey 08054-4611 | Attn.: President or General Counsel<br>Phone:<br>Facsimile:<br>Email: | Trade Payable | | | | $4,830,313.00 |

18-23538-rdd   Doc 1197-1   Filed 12/13/18   Entered 12/13/18 15:37:51   Exhibit A
Pg 25 of 27
18-23538-rdd   Doc 1   Filed 10/15/18   Entered 10/15/18 01:03:35   Main Document
Pg 25 of 27

Case: 18-3040      Document: 13      Filed: 10/17/2018      Pages: 24

---

**Fill in this information to identify the case:**

Debtor name: <u>Sears Holdings Corporation</u>

United States Bankruptcy Court for the: <u>Southern</u> District of <u>New York</u>
(State)

Case number (*If known*): _____

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.
I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>October 15, 2018</u>      x  <u>/s/ Mohsin Y. Meghji</u>
　　　　　　MM / DD / YYYY          Signature of individual signing on behalf of debtor

　　　　　　　　　　　　　　　　<u>Mohsin Y. Meghji</u>
　　　　　　　　　　　　　　　　Printed name

　　　　　　　　　　　　　　　　<u>Chief Restructuring Officer</u>
　　　　　　　　　　　　　　　　Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

WEIL:\96070001\1\73217.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

SUNEDISON, INC., *et al.*,                      Chapter 11
                                                Case No. 16-10992 (SMB)

                        Debtors.
--------------------------------------------------------X

### ORDER CLARIFYING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(d)(1) TO CERTAIN PREPETITION ERISA ACTION AS AGAINST NON-DEBTOR DEFENDANTS

Upon the motion (the "Motion")[1] of Alexander Y. Usenko, Julie Dull, Eric O'Day and Robert Linton (the "ERISA Plaintiffs") for an order (this "Order") Clarifying that the Automatic Stay Does Not Apply Under 11 U.S.C. § 362(d)(1) to Certain Prepetition ERISA Action as Against Non-Debtor Defendants filed on May 9, 2016 [ECF Docket No. 229] pursuant to section 362(d) of the Bankruptcy Code; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and no responses or objections to the Motion having been filed or received; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The automatic stay imposed by Bankruptcy Code section 362 (the "Automatic Stay") does not extend to the Non-Debtor Defendants, absent a further order of this Court or another court of competent jurisdiction extending it thereto.

3.      Nothing contained in this Order shall limit or impair the protections of the Automatic Stay as against the Debtors. Unless and until a court of competent jurisdiction orders

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

16-10992-smb   Doc 474-1   Filed 06/06/16   Entered 06/06/16 16:37:23   Main Document
                                          Pg 2 of 2

otherwise, the Automatic Stay shall not prevent the Consolidated ERISA Action from proceeding as against the Non-Debtor Defendants.

4.    All parties' rights, claims, and defenses are fully preserved and reserved, and this Order is without prejudice to any such rights, claims, and defenses, including the right of any party, including, but not limited to, the debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"), the Non-Debtor Defendants (or any future non-debtor defendants), and/or the Official Committee of Unsecured Creditors, to file a motion to extend the Automatic Stay to the Non-Debtor Defendants in the Consolidated ERISA Action or any other actions.

5.    Nothing in this Order restricts the ability of any court presiding over pending litigation involving the Debtors and/or non-debtors to exercise any authority granted to it under the applicable rules and law to stay, dismiss, close, or otherwise manage those cases.

6.    The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

7.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:  New York, New York
        June 6th, 2016


                                        /s/ STUART M. BERNSTEIN
                                        HONORABLE STUART M. BERNSTEIN


2

934331v1