# EXHIBIT D

No. 18-3040

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

**ROBERT A. CATALFAMO, et al.,**
**Plaintiffs-Appellants,**

v.

**SEARS HOLDINGS CORPORATION, et al.,**
**Defendants-Appellees.**

**Appeal from the United States District Court
For the Northern District of Illinois, Eastern Division
Case No. 1:17-cv-05230
The Honorable Judge Charles R. Norgle**

**DOCKETING STATEMENT OF DEFENDANTS-APPELLEES SEARS HOLDINGS CORPORATION ADMINISTRATIVE COMMITTEE, SEARS HOLDINGS CORPORATION INVESTMENT COMMITTEE, EDWARD S. LAMPERT AND MICHAEL O'MALLEY**

Appellees Sears Holdings Corporation Administrative Committee, Sears Holdings Corporation Investment Committee, Edward S. Lampert and Michael O'Malley (collectively, "Appellees")[1] hereby submit this Docketing Statement pursuant

---

[1] Appellees are filing this Docketing Statement in an abundance of caution, and despite the Order entered by this Court on October 18, 2018, staying this Appeal pursuant to the Notice of Bankruptcy Filing and Imposition of Automatic Stay as to Sears Holdings Corporation. *See* App. Ct. Doc. Nos. 11, 13. However, given Sears Holdings Corporation's Voluntary Petition for Bankruptcy (*see* App. Ct. Doc. No. 11, Ex. A), it does not join in this Docketing Statement. Appellees address Appellants' argument that the Automatic Stay should not apply to Appellees in Part III, *infra*.

to Circuit Rules 3(c) and 28(a).  Appellees state that the Docketing Statement filed by Appellants (App. Ct. Doc. No. 15) is neither complete nor correct.

I.  **District Court Jurisdiction**

Appellants correctly state that the United States District Court for the Northern District of Illinois, Eastern Division ("District Court"), had jurisdiction over the subject matter of this action, a suit brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

II.  **Appellate Jurisdiction**

Appellants are correct that this Appeal is taken from a decision of the District Court dated August 21, 2018 (*see* Dist. Ct. Doc. Nos. 60, 61), and that Appellants filed their Notice of Appeal with the District Court on September 20, 2018.  *See* Dist. Ct. Doc. No. 62.

Appellants' additional statement that the Court has jurisdiction over this Appeal pursuant to 28 U.S.C. § 1291 because the decision of the District Court was a "final decision" (App. Ct. Doc. No. 15 at 2) requires the following clarification.  On August 21, 2018, the District Court dismissed Appellees' Complaint in its entirety *without* prejudice.  *See* Dist. Ct. Doc. Nos. 60, 61.  In separate filings requested by this Court, Appellants and Appellees have taken the position that the dismissal without prejudice operated as a "final decision," because there is no amendment Appellants could reasonably offer to save their Complaint from dismissal.  *See* App. Ct. Doc. No. 5 at 1; App. Ct. Doc. No. 12 at 4.  Accordingly, the parties agree that this Court has jurisdiction

over this Appeal pursuant to 28 U.S.C. § 1291. Appellees state that this Court also has jurisdiction over the appeal pursuant to 28 U.S.C. § 1294(1).

Appellees further note, pursuant to Cir. R. 28(a)(2), that neither party has filed a motion for a new trial, alteration of the judgment, or any other motion claimed to toll the time within which to appeal, and this is not a direct appeal from a decision of a magistrate judge.

Finally, pursuant to Cir. R. 3(c)(1), Appellees make the following additional statements. First, there have been no prior or related appellate proceedings. Second, this is a civil case that does not involve any criminal convictions. 28 U.S.C. § 1915(g) is inapplicable. Third, none of the parties to the litigation appears in an official capacity. Fourth, this case does not involve a collateral attack on a criminal conviction.

### III.   Automatic Stay

On October 15, 2018, Sears Holdings Corporation, along with a number of other affiliated entities, filed a voluntary petition for bankruptcy under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). *See* App. Ct. Doc. No. 11, Ex. A. Accordingly, on October 17, 2018, Sears Holdings Corporation filed a Notice of Bankruptcy and Imposition of Automatic Stay of Appellants' claims against it in this Appeal pursuant to 11 U.S.C. § 362(a). *See* App. Ct. Doc. No. 11.

On October 18, 2018, this Court entered the automatic stay, ordering "that all proceedings in this appeal are STAYED pursuant to the automatic stay provision of 11 U.S.C. § 362." App. Ct. Doc. No. 13. The Court ordered "counsel for the appellees [to]

3

file, on or before February 15, 2019, a status report detailing the progress of the bankruptcy proceeding." *Id.*

In their Docketing Statement, Appellants assert that "the automatic stay should not extend to non-debtor defendants-appellees Sears Holdings Corporation Administrative Committee, Sears Holdings Corporation Investment Committee, Edward S. Lampert and Michael O'Malley." App. Ct. Doc. No. 15 at 3. Contrary to Appellants' suggestion, the automatic stay this Court previously ordered should remain in effect for all Appellees, at least pending further action by the relevant Bankruptcy Court. Sears Holdings Corporation and its affiliated debtors are preparing a filing in the Bankruptcy Court seeking a complete stay of proceedings as to the non-debtor defendants/Appellees.

The Bankruptcy Court is the appropriate court to determine the scope of the automatic stay pursuant to 28 U.S.C. §§ 157 and 1334. Section 1334 grants district courts original jurisdiction over bankruptcy matters. Pursuant to Section 157(a), a district court may refer to the applicable bankruptcy court for such district "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11," including, for example, "matters concerning the administration of the estate" (28 U.S.C. §157(b)(2)(A)), and "motions to terminate, annul, or modify the automatic stay" (28 U.S.C. §157(b)(2)(G)). Bankruptcy matters are generally referred pursuant to standing orders of reference entered in each United States district. *See Amended Standing Order of Reference*, M-431 (S.D.N.Y. January 31, 2012).

4

While Appellants are correct that an automatic stay pursuant to 11 U.S.C. § 362 generally applies only to actions against the debtor itself, a broader class of actions against a broader class of defendants have the potential to undercut the purposes of the automatic stay.  Congress thus enacted Section 105 of the Bankruptcy Code, which enables a bankruptcy court to take any action that is "necessary or appropriate to carry out the provisions" of Title 11.  11 U.S.C. § 105(a); *see also In re Caesars Ent. Op. Co., Inc.*, 808 F.3d 1186, 1188 (7th Cir. 2015) ("Though section 105(a) does not give the bankruptcy court carte blanche . . . it grants the extensive equitable powers that bankruptcy courts need in order to be able to perform their statutory duties") (citations omitted).  This includes entering an order "to enjoin parties other than the bankrupt from commencing or continuing litigation."  *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1002 (4th Cir. 1986) (quotation and citation omitted); *see also Caesars*, 808 F.3d at 1189-91 (vacating denial of injunction to bar suit against debtor's non-debtor corporate affiliate); *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. 1998) ("The jurisdiction of the bankruptcy court to stay actions in other courts extends beyond claims by and against the debtor, to include 'suits to which the debtor need not be a party but which may affect the amount of property in the bankrupt estate,' . . . or 'the allocation of property among creditors.'") (citations omitted).

Allowing this Appeal to proceed as to all Appellees would undermine the rationale for the bankruptcy stay as to Sears Holdings Corporation under Section 362.  Because Sears Holdings Corporation is required to indemnify the individual Appellees for any liability they incur in connection with their services to Sears Holdings

5

Corporation and the ERISA plan at issue here, the ultimate disposition of this case could affect the amount of property in the bankruptcy estate and its allocation among creditors. *See, e.g.*, Dist. Ct. Doc. No. 41-1, § 13.13 (Sears Holdings Savings Plan provides for indemnification of all fiduciaries by Sears Holdings Corporation and its affiliates, and requires Sears Holdings Corporation to purchase fiduciary liability policy for Plan fiduciaries in case of liquidation); Sears Holdings Corporation Corporate Guidelines, *online at* https://searsholdings.com/invest/corporate-governance/guidelines (last visited Nov. 5, 2018) (all directors of Sears Holdings Corporation—including Appellee Edward Lampert—are entitled to indemnification by the Corporation through insurance policies or otherwise).

Appellees respectfully submit that the Bankruptcy Court, not this Court, should determine whether the Automatic Stay should continue to apply to all Appellees. *See* 28 U.S.C. § 157(b)(2)(A), (G); 11 U.S.C. § 105(a); *see also Fisher*, 155 F.3d at 882. Furthermore, preserving the automatic stay in this action as to all Appellees will not unduly prejudice Appellants. There has already been a final determination by the District Court in this matter (*see* Dist. Ct. Doc. Nos. 60, 61), and maintaining the automatic stay does not affect any briefing deadlines in this Appeal, as no briefing schedule had been set. Instead, maintaining the automatic stay to allow the Bankruptcy Court to rule on the papers that Sears Holdings Corporation and its affiliated debtors will file shortly will do nothing more than preserve the status quo. Appellees will submit a notice and copy of that filing to this Court once it is filed with the Bankruptcy Court.

For the foregoing reasons, Appellees respectfully submit that this Court should not lift the automatic stay, but instead allow the Bankruptcy Court to resolve any disputes regarding the scope of the automatic stay.

Dated: November 6, 2018                        Respectfully submitted,

/s/ Deborah S. Davidson _____

**MORGAN, LEWIS & BOCKIUS LLP**
Deborah S. Davidson
Christopher J. Boran
Hillary E. August
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Tel: (312) 324-1000
deborah.davidson@morganlewis.com
christopher.boran@morganlewis.com
hillary.august@morganlewis.com

*On Behalf of Defendants-Appellees Sears Holdings Corporation Investment Committee, Sears Holdings Corporation Administrative Committee, Edward S. Lampert, and Michael O'Malley*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system on the following:

Michael J. Klein, Attorney
STULL, STULL & BRODY
Six E. 45th Street
New York, NY 10017
212-687-7230
mklein@ssbny.com

T. David Copley, Attorney
Erin M. Riley, Attorney
KELLER, ROHRBACK
Suite 3200
1201 Third Avenue
Seattle, WA 98101
206-623-1900
dcopley@kellerrohrback.com
eriley@kellerrohrback.com

*Attorneys for Plaintiffs-Appellants*


　　　　　　　　　　　　　　　　　　　　*/s/ Deborah S. Davidson*
　　　　　　　　　　　　　　　　　　　　Deborah S. Davidson