# **EXHIBIT E**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

SUNEDISON, INC., *et al.*,                    Chapter 11
                                              Case No. 16-10992 (SMB)
                  Debtors.
------------------------------------------------------------X

### ORDER CLARIFYING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(d)(1) TO CERTAIN PREPETITION ERISA ACTION AS AGAINST NON-DEBTOR DEFENDANTS

Upon the motion (the "Motion")[1] of Alexander Y. Usenko, Julie Dull, Eric O'Day and Robert Linton (the "ERISA Plaintiffs") for an order (this "Order") Clarifying that the Automatic Stay Does Not Apply Under 11 U.S.C. § 362(d)(1) to Certain Prepetition ERISA Action as Against Non-Debtor Defendants filed on May 9, 2016 [ECF Docket No. 229] pursuant to section 362(d) of the Bankruptcy Code; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and no responses or objections to the Motion having been filed or received; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED to the extent set forth herein.

2. The automatic stay imposed by Bankruptcy Code section 362 (the "Automatic Stay") does not extend to the Non-Debtor Defendants, absent a further order of this Court or another court of competent jurisdiction extending it thereto.

3. Nothing contained in this Order shall limit or impair the protections of the Automatic Stay as against the Debtors. Unless and until a court of competent jurisdiction orders

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

otherwise, the Automatic Stay shall not prevent the Consolidated ERISA Action from proceeding as against the Non-Debtor Defendants.

4. All parties' rights, claims, and defenses are fully preserved and reserved, and this Order is without prejudice to any such rights, claims, and defenses, including the right of any party, including, but not limited to, the debtors and debtors in possession in the above captioned cases (collectively, the "<u>Debtors</u>"), the Non-Debtor Defendants (or any future non-debtor defendants), and/or the Official Committee of Unsecured Creditors, to file a motion to extend the Automatic Stay to the Non-Debtor Defendants in the Consolidated ERISA Action or any other actions.

5. Nothing in this Order restricts the ability of any court presiding over pending litigation involving the Debtors and/or non-debtors to exercise any authority granted to it under the applicable rules and law to stay, dismiss, close, or otherwise manage those cases.

6. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
      June 6th, 2016

                                        **/s/ STUART M. BERNSTEIN**
                                        **HONORABLE STUART M. BERNSTEIN**

934331v1