Hearing Date and Time: December 20, 2018 at 10:00 am (Eastern)
Objection Date and Time: December 13, 2018 at 4:00 pm (Eastern)

**ROPES & GRAY LLP**
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
James M. Wilton (*admitted pro hac vice*)
Patricia I. Chen (*admitted pro hac vice*)

*Attorneys for Cross Country Home Services, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x
In re                                              :    Chapter 11
                                                   :
**SEARS HOLDINGS CORPORATION, *et al.*,**[1]  :    Case No. 18-23538 (RDD)
                                                   :
        **Debtors.**                               :    (Jointly Administered)
-----------------------------------------------------------x

## LIMITED OBJECTION OF CROSS COUNTRY HOME SERVICES, INC. TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING ENTRY INTO ADMINISTRATION AGREEMENT

Cross Country Home Services, Inc. ("CCHS"), a party in interest in the above-captioned chapter 11 cases, by and through its undersigned attorneys, submits this limited objection

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

(this "Limited Objection") to the *Debtors' Motion for Entry of an Order Authorizing Entry into Administration Agreement* [Docket No. 870] (the "Assurant Motion"). In support of this Limited Objection, CCHS respectfully states as follows:

**Background**

1. CCHS is a provider of home warranty, repair, and maintenance services, which has partnered with Sears Holdings Management Corporation ("Sears Holdings") and Sears, Roebuck and Co. ("Sears Roebuck") to offer a Total Home Management Program (the "THM Program") to customers. The THM Program has been a successful and productive partnership and generates significant revenues for CCHS, Sears Holdings, and Sears Roebuck. Under the THM Program, CCHS (i) receives fees from customers in the THM Program and pays a portion of such fees to Sears Holdings as compensation for originating customers for the THM Program and for providing certain benefits and other services under the THM Program, (ii) compensates Sears Roebuck for repair and maintenance services for the home warranty plans provided under the THM Program, and (iii) performs credit card merchant services for Sears Holdings in relation to service call charges.

2. THM Program is governed by, *inter alia*, the Amended and Restated Total Home Management Program Agreement, dated as of November 1, 2017, between (x) CCHS, on behalf of itself and as agent for HomeSure Services, Inc., HomeSure of America, Inc., HomeSure Protection of California, Inc., and HomeSure of Virginia, Inc. and (y) Sears Holdings, on behalf of itself and each of its affiliates (as amended from time to time, the "THM Agreement").

3. The warranties under the THM Program cover multiple HVAC, plumbing, and electrical systems and/or multiple appliances in a customer's home and are offered through several marketing channels. Since November 7, 2018, CCHS, Sears Holdings, and their

2

respective affiliates have reached an agreement, whereby Sears Holdings offers CCHS' warranties through additional, non-repair "aftermarket" related channels ("Aftermarket Warranties") to customers with expiring purchase protection agreements. The terms and conditions of the Aftermarket Warranties (the "Third Amendment" to the THM Agreement) have been agreed and the parties have been operating under the Third Amendment in the ordinary course of business since November 7, 2018, pursuant to 11 U.S.C. § 363(c) and 1108. However, in an abundance of caution, CCHS has requested that the Debtors seek court approval of the Third Amendment.

4. Pursuant to the Assurant Motion, the Debtors request court approval of an Administration Agreement (the "Administration Agreement") between Sears Holdings, as client, and Assurant Service Protection, Inc., Federal Warranty Service Corporation, United Service Protection, Inc., and United Service Protection Corporation, as warranty providers (collectively, "Assurant"). Under the Administration Agreement, the Debtors propose to market purchase protection agreements and extended warranties that cover major appliances, heating, ventilation, and air conditioning products, water heaters, water softeners, and certain other products sold by Debtors. These purchase protection agreements and extended warranties would be underwritten by Assurant, with the Debtors receiving a portion of the revenues as commissions.

5. Under Section 3(a) of the Administration Agreement, Sears Holdings has agreed that Assurant would be its "exclusive provider" for all service contracts and similar agreements and services for eligible products within the agreed territory, except for certain existing relationships. The Administration Agreement acknowledges the THM Agreement and contains a

carve out for performance by Sears Holdings of the THM Agreement (the "THM Agreement Carve Out").

### Limited Objection

6. CCHS files this limited objection to ensure that: (i) the THM Agreement Carve Out includes the THM Agreement, as amended by the Third Amendment, and (ii) no conflict exists between the THM Agreement, as so amended, and the Administration Agreement. Accordingly, CCHS requests that the following clarifying language be included in any order approving the Assurant Motion:

> Notwithstanding anything to the contrary in this Order or the Administration Agreement, nothing in this Order or the Administration Agreement shall modify, impair, limit, or otherwise interfere with the Amended and Restated Total Home Management Program Agreement, dated as of November 1, 2017, between (x) CCHS, on behalf of itself and as agent for HomeSure Services, Inc., HomeSure of America, Inc., HomeSure Protection of California, Inc., and HomeSure of Virginia, Inc. and (y) Sears Holdings, on behalf of itself and each of its affiliates, as amended by the Third Amendment, effective as of November 7, 2018 (the "THM Agreement").

**WHEREFORE**, CCHS respectfully requests that the Court (a) include the language requested in this Limited Obligation in any order granting the Assurant Motion, and (b) grant such other and further relief as is just, proper, and equitable.

Dated: December 13, 2018
       Boston, Massachusetts

                                 */s/ James M. Wilton*
                               James M. Wilton (*admitted pro hac vice*)
                               Patricia I. Chen (*admitted pro hac vice*)
                               ROPES & GRAY LLP
                               Prudential Tower, 800 Boylston Street
                               Boston, MA 02199-3600
                               Telephone: (617) 951-7000
                               Facsimile: (617) 951-7050
                               james.wilton@ropesgray.com
                               patricia.chen@ropesgray.com