Hearing Date and Time: December 20, 2018 at 10:00 am (Eastern)
Objection Date and Time: December 13, 2018 at 4:00 pm (Eastern)

THE SARACHEK LAW FIRM
Joseph E. Sarachek
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| SEARS HOLDING CORPORATION, *et al.*, | Chapter 11 |
| Debtors.[1] | Case No. 18-23538 (RDD) |

**LIMITED OBJECTION OF MIEN LTD TO DEBTORS'
MOTION FOR AUTHORITY TO (A) OBTAIN
POSTPETITION FINANCING, (B) USE CASH
COLLATERAL, (C) GRANT CERTAIN PROTECTIONS TO
PREPETITION SECURED PARTIES, AND (D) SCHEDULE
SECOND INTERIM AND FINAL HEARING WITH
RESPECT TO JUNIOR DIP FINANCING**

Mien Co. Ltd ("**Mien**") hereby files its limited objection (the "**Objection**") to the *Debtors'*

*Final Order (I) Authorizing the Debtors To (A) Obtain Post-petition Financing, (B) Grant Senior*

*Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash*

*Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying*

*the Automatic Stay; and (IV) Granting Related Relief, dated November 30, 2018 2018 (Dkt. No.*

*955) and the Supplemental Motion For Authority to (I) Obtain Junior Postpetition Financing, and*

*(II) Schedule Final Hearing (Dkt. No. 872) (the "**Motion**") filed by the above-captioned debtors*

(the "**Debtors**"). In support of this Objection, Mien respectfully represents as follows:

1.    Mien is a trade vendor that provides handbags, belts and other items to the Debtors. Mien filed a Limited Objection to the Debtors' Motion for Interim Junior DIP Financing *(Dkt. No. 890)* and was hoping that subsequent to approval of that motion, the Debtors would have provided additional information regarding claimants who hold 503(b)(9) claims.  While there is little doubt that the Debtors need this financing, it is unclear to Mien, a trade vendor with approximately $484,000 in 503(b)(9) claims and an aggregate of almost $4 million in unsecured claims, how it will be impacted by this financing and more particularly the interplay the new financing will have on the relief sought in the Court's previous orders.  By Mien's estimate, there are over $350,000,000 in claimants who hold 503(b)(9) claims.  That is significantly more than the $240 million to be held in the Winddown reserve account and equal to the amount of financing sought in post-petition financing.

2.    Mien and its counsel have repeatedly reached out to the Debtors and its counsel and have not received satisfactory answers to the questions regarding 503(b)(9) claims.  The reason it is so critical for Mien to receive this information is that without validation of its 503(b)(9) claims, Mien may not be able to provide the Debtors with additional goods which the Debtors are requesting.

3.    The Debtors have gone to great lengths in the Motion to enumerate the levels and priorities of indebtedness; however, they have not provided 503(b)(9) claimants with any indication of where they are situated in the capital structure.  What the Debtors have not done is submit evidence in the form of an affidavit detailing the size of the 503(b)(9) claims.  There must be a process put in place where trade vendors who hold 503(b)(9) claims can quickly ascertain the amount and validity of their claims.  Already, one 503(b)(9) creditor has filed a motion to allow a 503(b)(9) administrative expense claim *(Dkt. No. 978)*. By providing transparency, it will not only

help the creditors but the Debtors as well.  Furthermore, it will provide the Court with a gauge about whether to approve the Motion.  Approval of a proposed DIP Facility is within the Court's discretion; however, the Court must balance the interests of all stakeholders to these cases, including those of administrative and general unsecured creditors.

4.      In order to strike that balance, the debtor must demonstrate that the proposed financing will permit the debtor to operate in a manner that benefits all stakeholders. *See In re Aqua Assocs.*, 123 B.R. 192, 196 (Bankr. E.D. Pa. 1991); *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 37–40 (Bankr. S.D.N.Y. 1990). The Debtors cannot abandon their duties to their stakeholders. *Ames Department Stores*, 115 B.R. at 38.    Likewise, section 364 of the Bankruptcy Code is not a "secured lenders' act" allowing a single creditor to upset the level playing field contemplated by the Bankruptcy Code. *See Ames Dep't Stores*, 115 B.R. at 37; *see also Tenney Vill. Co.*, 104 B.R. 562, 568 (Bankr. D.N.H. 1989).  This is not Mien's intent.

5.      Given that 503(b)(9) claims may exceed $350 million, of which over $30 million have already been sold to claims purchasers, the Debtors should be compelled to provide comfort to holders of 503(b)(9) claims that they will be paid in full, not that they are being further subordinated.  The Court should not approve the Junior DIP Motion without some showing from the Debtors that the liquidity that is proposed will cover section 503(b)(9) claims and all post-petition trade claims. These cases should not be financed on the backs of vendors.

3

6.      Based on the foregoing, the Court should enter an order (i) modifying the Junior

DIP Order to preserve and protect the interests of 503(b)(9) creditors, and (ii) granting such other

relief as is just and proper.

Dated:    December 13, 2018                    THE SARACHEK LAW FIRM


                                                 /s/ Joseph E. Sarachek
                                               Joseph E. Sarachek
                                               101 Park Avenue – 27th Floor
                                               New York, NY. 10178
                                               Telephone: (646) 517-5420
                                               Facsimile: (646) 861-4950