WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

------------------------------------------------------------------x

## NOTICE OF FILING REVISED PROPOSED ORDER
### (I) APPROVING DEBTORS' INCENTIVE AND RETENTION PROGRAMS
### FOR CERTAIN KEY EMPLOYEES AND (II) GRANTING RELATED RELIEF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that on November 15, 2018, Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), filed the *Motion of Debtors for Entry of an Order (I) Approving Debtors' Incentive and Retention Programs for Certain Key Employees and (II) Granting Related Relief* (ECF No. 766) (the "**Motion**").[2]

**PLEASE TAKE FURTHER NOTICE** that on December 12, 2018, the Debtors filed a revised the *Debtors' Reply to Objection of the United States Trustee to Motion of Debtors for Entry of an Order (I) Approving Debtors' Incentive and Retention Programs for Certain Key Employees and (II) Granting Related Relief* (ECF No. 1160) and a revised *Order (I) Approving Debtors' Incentive and Retention Programs for Certain Key Employees and (II) Granting Related Relief* (the "**Proposed Order**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised Proposed Order (the "**Revised Proposed Order**"), attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is a redline of the Revised Proposed Order reflecting cumulative changes from the Proposed Order attached to the Reply.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will appear on **December 14, 2018 at 10:00 a.m. (Eastern Time)** or as soon thereafter as counsel may be heard, before the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140, to present the Motion to the Court and request entry of the Proposed Final Order.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

WEIL:\96841267\3\73217.0004

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion and Proposed Final Order can be viewed and obtained (i) by accessing the Court's website at www.nysb.uscourts.gov, or (ii) by accessing, free of charge, the website maintained by the Debtors' claims and noticing agent, Prime Clerk LLC, https://restructuring.primeclerk.com/sears/.  Note that a PACER password is needed to access documents on the Court's website.

Dated:  November 13, 2018
        New York, New York

> /s/ Ray C. Schrock P.C.
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, New York  10153
> Telephone:  (212) 310-8000
> Facsimile:  (212) 310-8007
>  Ray C. Schrock, P.C.
> Jacqueline Marcus
> Garrett A. Fail
> Sunny Singh
> Jessica Liou
>
> *Attorneys for Debtors*
> *and Debtors in Possession*

WEIL:\96841267\3\73217.0004

## Exhibit A

**Revised Proposed Order**

WEIL:\96841267\3\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                     :
                                                          :      **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                 :
                                                          :      **Case No. 18-23538 (RDD)**
                                                          :
            Debtors.[1]                                   :      **(Jointly Administered)**
-------------------------------------------------------------x

## ORDER (I) APPROVING DEBTORS' INCENTIVE AND RETENTION PROGRAMS FOR CERTAIN KEY EMPLOYEES AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 15, 2018 (ECF No. 766) (the "**Motion**")[2] of

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a),

363(b), and 503(c)(3) of title 11 of the United States Code (the "**Bankruptcy Code**") and in

accordance with the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for

entry of an order (i) approving of the Debtors' incentive and retention programs for certain key

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

employees and (ii) granting related relief, all as more fully set forth in the Motion and in the Debtors' reply, filed December 12, 2018 (ECF No. 1160) (the "**Reply**"); and upon the Meghji Declaration, the Friske Declaration, the Supplemental Meghji Declaration, and the Weber Declaration; the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the Hearing (defined below) having been provided in accordance with the Amended Case Management Order and as set forth in the affidavit of service filed with respect thereto (ECF No. 836), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of and representations made at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion, as modified by the Reply and this Order, establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors' key employee incentive program (the "**KEIP**") as set forth in the Motion and as modified by the Reply is hereby approved.

3.      The Debtors are authorized to take all actions necessary to implement the KEIP on the terms and conditions set forth in the Motion, as modified by the Reply and this

2

Order, including making any payments that become due pursuant to the terms of the KEIP;

*provided*, that the KEIP shall be subject to the foregoing notice and objection procedures (the

"**Objection Procedures**"):

    a.  with regard to any proposed amendment to the debtor-in-possession financing budget (an "**Amended Budget**"):

        i.  the Debtors shall provide the Amended Budget to (1) counsel to the Creditors' Committee, (2) the U.S. Trustee, and (3) counsel to the administrative agent for each of the junior and senior debtor-in-possession financing facilities (the "**DIP Lenders**") as soon as practicable but in event less than ten (10) calendar days in advance (the "**Review Period**") of the effectiveness of such Amended Budget as establishing the Cash Flow Targets;

        ii.  counsel to the Creditors' Committee and U.S. Trustee may serve a written objection on the Debtors during the Review Period solely with respect to the Amended Budget establishing the Cash Flow Targets and for no other purpose (an "**Objection**");

        iii.  if no written Objection is received by the Debtors within the Review Period, the Debtors may set the Cash Flow Targets as established by the Amended Budget without further action by any party or order of the Court;

        iv.  if counsel to the Creditors' Committee or the U.S. Trustee serves a timely Objection (the "**Objecting Party,**" as applicable) on the Debtors during the Review Period, then the Amended Budget shall establish the Cash Flow Targets only upon resolution by the Debtors and the Objecting Party or upon further order of the Court;

    b.  with regard to the debtor-in-possession financing budget as it relates to the Cash Flow Targets for the Second Performance Period (the "**Q2 Budget**"):

        i.  the Debtors shall provide the Q2 Budget to counsel to the Creditors' Committee and counsel to the DIP Lenders no less than two (2) weeks before the start of the Second Performance Period (the "**Q2 Review Period**");

3

    ii.    the Debtors will work with the Creditors' Committee and its advisors in good faith in connection with establishing the Cash Flow Targets for the Second Performance Period;

    iii.    counsel to the Creditors' Committee may serve a written objection on the Debtors during the Q2 Review Period solely with respect to the effectiveness of the Q2 Budget at establishing the Cash Flow Targets and for no other purpose (a "**Q2 Objection**");

    iv.    if counsel to the Creditors' Committee serves a timely Q2 Objection on the Debtors during the Q2 Review Period, then the Q2 Budget shall be effective as establishing the Cash Flow Targets for the Second Performance Period only upon resolution by the Debtors and the Creditors' Committee or upon further order of the Court.

For the avoidance of doubt, the Objection Procedures shall apply solely with regard to any Amended Budget or Q2 Budget setting Cash Flow Targets and any Objection or Q2 Objection shall only apply to the Amended Budget or Q2 Budget, as applicable, establishing the Cash Flow Targets under the KEIP, as described in the Motion, as modified by the Reply and this Order.

    4.    The Debtors shall provide the Creditors' Committee, the DIP Lenders, and U.S. Trustee with prior written notice of the Debtors' intent to pay any KEIP Award on account of an Acceleration Event (an "**Acceleration Payment**") and the proposed KEIP Award payouts for each individual participant no less than seven (7) calendar days in advance of any such Acceleration Payment (the "**Acceleration Payment Notice Period**"); *provided*, that the U.S. Trustee's rights to object to the Acceleration Payment shall be preserved and the U.S. Trustee shall be entitled to object to an Acceleration Payment within the Acceleration Payment Notice Period by serving a written objection on the Debtors (the "**Acceleration Payment Objection**"), solely with respect to the Acceleration Payment. If the U.S. Trustee serves a timely Acceleration Payment Objection on the Debtors, the Debtors shall be able to pay an

Acceleration Payment only upon resolution by the Debtors and the U.S. Trustee or upon further order of the Court.

5.     Notwithstanding anything in the Motion or Reply to the contrary, the KEIP shall be subject to the following additional conditions/provisions:

a.   The actual performance with respect to the Cash Flow Targets for the First Performance Period shall be measured by reference to, and in a manner consistent with that certain "Total Operating Cash Flow" line-item of the Updated DIP Budget, net of the cost of the KEIP.

b.   The Debtors shall provide the Creditors' Committee with (i) calculations with respect to the actual Total Operating Cash Flow or such other performance metric for such Performance Period, including any and all supporting documentation for the calculations and detailed line build ups for any adjustments, and (ii) the proposed quarterly KEIP Award payout for each KEIP Participant for the applicable Performance Period, no less than seven (7) business days in advance of each payment.

c.   Absent separate order of the Court, the Debtors shall not add any new or additional KEIP Participant(s), other than to replace any current KEIP Participant whose employment has terminated and who has not received any payments under the KEIP (as long as the aggregate payout under the KEIP in respect of the applicable Performance Period does not exceed $2,107,613 (in the event actual performance equals or exceeds the maximum performance level)); *provided* that to the extent a separate order of the Court is not required, the Debtors shall nevertheless be required to provide reasonable notice to the Creditors' Committee of any new KEIP Participant(s).

d.   If the Debtors' estates are administratively insolvent, as determined in good faith by the Debtors' Restructuring Committee in consultation with the Creditors' Committee at the time such payment is otherwise due, no amounts that become payable as a result of an Acceleration Event, shall be due or payable; *provided*, that any Holdback and any earned KEIP Award earned prior to the Acceleration Event shall still be payable.

e.   No KEIP Awards or Holdback shall be paid if the Debtors are, or reasonable anticipate to be, on or around the time such payment is due, in default of any covenants under the (i) *Superpriority Senior Secured Debtor-In-Possession Asset-Based Credit Agreement* dated November 29, 2018 [Docket No. 955-1] or (ii) the *Superpriority Junior Lien Secured Debtor-In-Possession Credit Agreement* dated as of

5

November 29, 2018 [Docket No. 951-2], each as may be amended, supplemented, or otherwise modified from time to time in accordance with the applicable terms.

6.      The Debtors' key employee retention program (the "**KERP**") as set forth in the Motion and as modified by the Reply is hereby approved.

7.      The Debtors are authorized to take all actions necessary to implement the KERP on the terms and conditions set forth in the Motion and as modified by the Reply, including making any payments that become due pursuant to the terms of the KERP; *provided*, that the Debtors shall provide counsel to the Creditors' Committee and counsel to the DIP Lenders with reasonable advance written notice of any reallocations, Discretionary Awards, and/or additions of new participants to the KERP in accordance with the terms and conditions of the KERP.

8.      Notwithstanding anything in the Motion, the Reply, or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

9.      To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

6

10.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

11.    Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

13.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:    _____, 2018
          White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline of Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                                        :

                                                             :        Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,                        :

                                                             :        Case No. 18-23538 (RDD)

                                                             :

Debtors.[1]                                                  :        (Jointly Administered)

------------------------------------------------------------x

## ORDER (I) APPROVING DEBTORS' INCENTIVE AND RETENTION PROGRAMS FOR CERTAIN KEY EMPLOYEES AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 15, 2018 (ECF No. 766) (the "**Motion**")[2] of

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a),

363(b), and 503(c)(3) of title 11 of the United States Code (the "**Bankruptcy Code**") and in

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

accordance with the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for entry of an order (i) approving of the Debtors' incentive and retention programs for certain key employees and (ii) granting related relief, all as more fully set forth in the Motion and in the Debtors' reply, filed December 12, 2018 (ECF No. [——]1160) (the "**Reply**"); and upon the Meghji Declaration, the Friske Declaration, the Supplemental Meghji Declaration, and the Weber Declaration; the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the Final Hearing (defined below) having been provided in accordance with the Amended Case Management Order and as set forth in the affidavit of service filed with respect thereto (ECF No. [——]836), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of and representations made at the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and, as modified by the Reply and this Order, establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors' key employee incentive program (the "**KEIP**") as set forth in the Motion and as modified by the Reply is hereby approved.

3.      The Debtors are authorized to take all actions necessary to implement the KEIP on the terms and conditions set forth in the Motion and, as modified by the Reply and this Order, including making any payments that become due pursuant to the terms of the KEIP; *provided*, that the KEIP shall be subject to the foregoing notice and objection procedures (the "**Objection Procedures**"):

    a.  with regard to any proposed amendment to the debtor-in-possession financing budget (an "**Amended Budget**"):

        i.  the Debtors shall provide the Amended Budget to (1) counsel to the Creditors' Committee, (2) the U.S. Trustee, and (3) counsel to the administrative agent for each of the junior and senior debtor-in-possession financing facilities (the "**DIP Lenders**") as soon as practicable but in event less than ten (10) calendar days in advance (the "**Review Period**") of the effectiveness of such Amended Budget as establishing the Cash Flow Targets;

        ii.  counsel to the Creditors' Committee and U.S. Trustee may serve a written objection on the Debtors during the Review Period solely with respect to the effectiveness of the Amended Budget at establishing the Cash Flow Targets and for no other purpose (an "**Objection**");

        iii.  if no written Objection is received by the Debtors within the Review Period, the Debtors may set the Cash Flow Targets as established by the Amended Budget without further action by any party or order of the Court;

        iv.  if counsel to the Creditors' Committee or the U.S. Trustee serves a timely Objection (the "**Objecting Party,**" as applicable) on the Debtors during the Review Period, then the Amended Budget shall be effective at establishing the Cash Flow Targets only upon resolution by the Debtors and the Objecting Party or upon further order of the Court;

    b.  with regard to the debtor-in-possession financing budget as it relates to the Cash Flow Targets for the Second Performance Period (the "**Q2 Budget**"):

        i.  the Debtors shall provide the Q2 Budget to counsel to the Creditors' Committee and counsel to the DIP Lenders no less

3

than two (2) weeks before the start of the Second Performance Period (the "**Q2 Review Period**");

    ii.   the Debtors will work with the Creditors' Committee and its advisors in good faith in connection with establishing the Cash Flow Targets for the Second Performance Period;

    iii.   ii. counsel to the Creditors' Committee may serve a written objection on the Debtors during the Q2 Review Period solely with respect to the effectiveness of the Q2 Budget at establishing the Cash Flow Targets and for no other purpose (a "**Q2 Objection**");

    iv.   iii. if counsel to the Creditors' Committee serves a timely Q2 Objection on the Debtors during the Q2 Review Period, then the Q2 Budget shall be effective as establishing the Cash Flow Targets for the Second Performance Period only upon resolution by the Debtors and the Creditors' Committee or upon further order of the Court.

For the avoidance of doubt, the Objection Procedures shall apply solely with regard to any Amended Budget or Q2 Budget setting Cash Flow Targets and any Objection or Q2 Objection shall only apply to the ~~effectiveness of an~~ Amended Budget or Q2 Budget, as applicable, ~~on~~ establishing the Cash Flow Targets under the KEIP, as described in the Motion ~~and~~, as modified by the Reply and this Order.

    4.    The Debtors shall provide the Creditors' Committee, the DIP Lenders, and U.S. Trustee with prior written notice of the Debtors' intent to pay any KEIP Award on account of an Acceleration Event (an "**Acceleration Payment**") and the proposed KEIP Award payouts for each individual participant no less than seven (7) calendar days in advance of any such Acceleration Payment (the "**Acceleration Payment Notice Period**"); *provided*, that the U.S. Trustee's rights to object to the Acceleration Payment shall be preserved and the U.S. Trustee shall be entitled to object to an Acceleration Payment within the Acceleration Payment Notice Period by serving a written objection on the Debtors (the "**Acceleration Payment**

4

Objection"), solely with respect to the Acceleration Payment.  If the U.S. Trustee serves a timely Acceleration Payment Objection on the Debtors, the Debtors shall be able to pay an Acceleration Payment only upon resolution by the Debtors and the U.S. Trustee or upon further order of the Court.

5.      Notwithstanding anything in the Motion or Reply to the contrary, the KEIP shall be subject to the following additional conditions/provisions:

        a.    The actual performance with respect to the Cash Flow Targets for the First Performance Period shall be measured by reference to, and in a manner consistent with that certain "Total Operating Cash Flow" line-item of the Updated DIP Budget, net of the cost of the KEIP.

        b.    The Debtors shall provide the Creditors' Committee with (i) calculations with respect to the actual Total Operating Cash Flow or such other performance metric for such Performance Period, including any and all supporting documentation for the calculations and detailed line build ups for any adjustments, and (ii) the proposed quarterly KEIP Award payout for each KEIP Participant for the applicable Performance Period, no less than seven (7) business days in advance of each payment.

        c.    Absent separate order of the Court, the Debtors shall not add any new or additional KEIP Participant(s), other than to replace any current KEIP Participant whose employment has terminated and who has not received any payments under the KEIP (as long as the aggregate payout under the KEIP in respect of the applicable Performance Period does not exceed $2,107,613 (in the event actual performance equals or exceeds the maximum performance level)); *provided* that to the extent a separate order of the Court is not required, the Debtors shall nevertheless be required to provide reasonable notice to the Creditors' Committee of any new KEIP Participant(s).

        d.    If the Debtors' estates are administratively insolvent, as determined in good faith by the Debtors' Restructuring Committee in consultation with the Creditors' Committee at the time such payment is otherwise due, no amounts that become payable as a result of an Acceleration Event, shall be due or payable; *provided*, that any Holdback and any earned KEIP Award earned prior to the Acceleration Event shall still be payable.

5

WEIL:\96825746\6\73217.0004

e.  No KEIP Awards or Holdback shall be paid if the Debtors are, or reasonable anticipate to be, on or around the time such payment is due, in default of any covenants under the (i) *Superpriority Senior Secured Debtor-In-Possession Asset-Based Credit Agreement* dated November 29, 2018 [Docket No. 955-1] or (ii) the *Superpriority Junior Lien Secured Debtor-In-Possession Credit Agreement* dated as of November 29, 2018 [Docket No. 951-2], each as may be amended, supplemented, or otherwise modified from time to time in accordance with the applicable terms.

6.    5.  The Debtors' key employee retention program (the "**KERP**") as set forth in the Motion and as modified by the Reply is hereby approved.

7.    6.  The Debtors are authorized to take all actions necessary to implement the KERP on the terms and conditions set forth in the Motion and as modified by the Reply, including making any payments that become due pursuant to the terms of the KERP; *provided*, that the Debtors shall provide counsel to the Creditors' Committee and counsel to the DIP Lenders with reasonable advance written notice of any reallocations, Discretionary Awards, and/or additions of new participants to the KERP in accordance with the terms and conditions of the KERP.

8.    7.  Notwithstanding anything in the Motion, the Reply, or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

WEIL:\96825746\6\73217.0004

9.      8. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

10.      9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

11.      10. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

12.      11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

13.      12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:    _____, 2018
          White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

7

WEIL:\96825746\6\73217.0004