# EXHIBIT A



# SEARS, ROEBUCK AND CO.
## MASTER LEASE AGREEMENT SCHEDULE NO. 001-6505200-024

THIS SCHEDULE IS SUBJECT TO AND INCORPORATES THE TERMS AND CONDITIONS OF MASTER LEASE AGREEMENT NO. **6505200** ("Agreement") DATED **February 5, 1999** BETWEEN **DELL FINANCIAL SERVICES L.L.C.** ("Lessor") AND **SEARS, ROEBUCK AND CO.** ("Lessee"). If the entity named on this Schedule is not the Lessee named under the Agreement, then such entity, if an affiliate of Lessee approved in writing in advance by Lessor, shall be deemed the Lessee under this Schedule.

Lessor hereby agrees to lease and/or make available to Lessee subject to the terms, conditions and provisions set forth in this Schedule and in the Agreement, the Products described below. Any capitalized term used herein and not defined herein shall have the meaning ascribed to it in the Agreement.

PRODUCT DESCRIPTION AND LOCATION: See below or Exhibit "A" attached to and made a part hereof.

PRODUCT SELLER: **[SHI INTERNATIONAL, 290 Davidson Ave, Somerset, NJ 08873]**

| Product Description | Product Location | Lessee Purchase Order No. | Rent* | Primary Term (Mos.) | Commencement Date** |
|---|---|---|---|---|---|
| See Exhibit A | See Exhibit A | 15083-001510.0000 | $81,809.69 | 24 | February 1, 2016 |

**Total Product Acquisition Cost: $2,156,291.34**

Rent is payable: **in Arrears**

Payment Period: **Monthly**

Pro-rated Rent: **does not Apply**

\* Lessee is responsible for applicable taxes, shipping and other amounts as described in the Agreement, and, with the first payment of Rent, any prorated Rent if applicable. Such amounts are further described in Exhibit "A".

\*\* The Commencement Date may be extended for one Payment Period until the Schedule is returned in accordance with the terms stated in the Agreement. Lessor may charge Lessee prorated Rent accruing from the Acceptance Date to the Commencement Date, as such date is finally determined.

END OF LEASE OPTIONS: Provided that no Event of Default has occurred and is continuing, and at least 30 days but no more than 180 days prior to the expiration of the Primary Term (the "Expiration Date"), Lessee will give irrevocable written notice to Lessor of its intention to either:
   (i)     purchase all of the Products at Fair Market Value (defined below);
   (ii)    renew the Term for twelve (12) months at lease terms, including a lease rate factor of 2.464%, based on a Lessee purchasing the equipment for $1.00 at the end of the renewal Term; or
   (iii)   return all of the Products in accordance with the Agreement.

If Lessee exercises the option to purchase the Products then, on receipt of payment of the "Fair Market Value" (defined below) plus applicable taxes, Lessor will sell the Products to Lessee AS IS-WHERE IS, WITHOUT WARRANTY OR RECOURSE, EXPRESS, IMPLIED OR OTHERWISE, INCLUDING ANY WARRANTIES OF DESIGN, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR AGAINST INFRINGEMENT. The Fair Market Value purchase price shall be paid on or before the last day of the Primary Term. "Fair Market Value" means the price of the Products, installed, in use and in the condition required

SCHEDULE-UPDATED 5/02

# Exhibit "A"

011142.00011:140342.02

MASTER LEASE AGREEMENT SCHEDULE NO. 001-6505200-024

by the Agreement as determined by Lessor in its reasonable judgment, but shall not exceed 29% of the Product Cost. If Lessee disagrees with the Fair Market Value, Lessee shall notify Lessor in writing within 60 days prior to the Expiration Date and, upon Lessee's request and within ten (10) days after receipt of Lessee's notice, Lessor shall appoint a qualified appraiser reasonably acceptable to Lessee to appraise the retail value of the Products. The amount determined by such appraiser shall be the final Fair Market Value. Lessor and Lessee shall share the expense of such appraisal equally.

If Lessee desires to renew a Lease, Lessee and Lessor shall enter into a supplement to this Schedule describing the length of the renewal Lease Term and the renewal Rent provided, however, all other terms of this Schedule and the Agreement shall remain in full force and effect.

Whether or not Lessee has given Lessor notice of its intent to as described above, if Lessee does not return or purchase the Products or renew the Lease as required above, the Lease Term shall automatically extend on a month-to-month basis at the Rent in effect on the last day of the Primary Term (prorated on a monthly basis if the Payment Period was other than monthly during the Primary Term). Such extension shall continue until Lessee: (i) provides 30 days prior written notice of its intention to return or purchase the Products (to take effect on the next Rent payment date that is at least 30 days after the notice is received by Lessor) and (ii) either returns or purchases all of the Products in accordance with the End of Lease options above. Payments of Rent during the month-to-month extension are due and payable monthly as specified in Lessor's invoice. If Lessee fails to return or purchase any Products, the Schedule and associated Rent for the Products that have not been returned or purchased shall extend on a month-to-month basis in accordance with the prior sentence.

**COMPLETION OF SCHEDULE:** Lessee hereby authorizes Lessor to insert or update the serial numbers of the Products from time to time as necessary.

If Lessee delivers this signed Schedule, any amendment or other document related to this Schedule or the Master Lease (each a "Document") to Lessor by facsimile transmission, and Lessor does not receive all of the pages of that Document, Lessee agrees that, except for any pages which require a signature, Lessor may supply the missing pages to the Document from Lessor's database which conforms to the version number at the bottom of the page. If Lessee delivers a signed Document to Lessor as an e-mail attachment, facsimile transmission or by U.S. mail, Lessee acknowledges that Lessor is relying on Lessee's representation that the Document has not been altered. Lessee further agrees that, notwithstanding any rule of evidence to the contrary, in any hearing, trial or proceeding of any kind with respect to a Document, Lessor may produce a tangible copy of the Document transmitted by Lessee to Lessor by facsimile or as an e-mail attachment and such signed copy shall be deemed to be the original of the Document. To the extent (if any) that the Document constitutes chattel paper under the Uniform Commercial Code, the authoritative copy of the Document shall be the copy designated by Lessor or its assignee, from time to time, as the copy available for access and review by Lessee, Lessor or its assignee. All other copies are deemed identified as copies of the authoritative copy. In the event of inadvertent destruction of the authoritative copy, or corruption of the authoritative copy for any reason or as the result of any cause, the authoritative copy may be restored from a backup or archive copy, and the restored copy shall become the authoritative copy. At Lessor's option, this electronic record may be converted into paper form. At such time, such paper copy will be designated or marked as the authoritative copy of the Document.

By signing below, each of the parties hereto agrees to be bound by the terms of the Agreement, this Schedule and the attached Exhibit "A".

**SEARS, ROEBUCK AND CO.**
(Lessee)

By: _____
(Authorized Signature)
_SCOTT F. HUCK INJ_
(Name/Title)
_JAN 14, 2015_
(Date)

**DELL FINANCIAL SERVICES L.L.C.**
(Lessor)

By: _____
(Au
(Na    Kim Vodicka, Executive Director
(D

REVIEWED
By walter_kuehner at 2:03 pm, Feb 17, 2016

SCHEDULE-UPDATED 5/02

**Exhibit "A"**

011142.00011:140342.02

# Exhibit A

**Dell Financial Services**

Dell Financial Services
PO Box 81577
Austin, TX 78708-1577

LEASE SCHEDULE
Contract #:  001-6500100-024
Customer Name:  SEARS, ROEBUCK AND CO.
Commencement Date:  01-01-2016
Termination Date:  01-01-2018

| Order # | Qty | Serial Number | Service Tag | Item Description | Equipment Location | | LOB | Invoice | Asset Type | Stop Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 730157911 | 1 | 3GY01R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08827-1060 | SH INTERNATIONAL - WELLS FARG INV#8504050517 | 0.037H M | | |
| 730157911 | 1 | 3GY11R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08827-1060 | SH INTERNATIONAL - WELLS FARG INV#8504050517 | 0.037H M | | |
| 730157911 | 1 | 3FY71R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08827-1060 | SH INTERNATIONAL - WELLS FARG INV#8504050517 | 0.037H M | | |
| 730157911 | 1 | 3G202R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08827-1060 | SH INTERNATIONAL - WELLS FARG INV#8504050517 | 0.037H M | | |
| 730157911 | 1 | 3G212R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08827-1060 | SH INTERNATIONAL - WELLS FARG INV#8504050517 | 0.037H M | | |
| 730157911 | 1 | 3G221R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08827-1060 | SH INTERNATIONAL - WELLS FARG INV#8504050517 | 0.037H M | | |
| 730157911 | 1 | 3HX01R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08827-1060 | SH INTERNATIONAL - WELLS FARG INV#8504050517 | 0.037H M | | |
| 730157911 | 1 | 3H001R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08827-1060 | SH INTERNATIONAL - WELLS FARG INV#8504050517 | 0.037H M | | |
| 730157911 | 1 | 3H011R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08827-1060 | SH INTERNATIONAL - WELLS FARG INV#8504050517 | 0.037H M | | |
| 730157911 | 1 | 3H021R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08827-1060 | SH INTERNATIONAL - WELLS FARG INV#8504050517 | 0.037H M | | |
| 730157911 | | | | | | | | | | 12/31/2015 |
| 730157911 | 1 | 2F001R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2F011R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2F021R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2G211R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2H011R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2FY02R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2F121R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2HY02R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2HX02R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2FX01R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2FX02R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2F211R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2FY11R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2H021R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2FY01R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2FX11R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2FY21R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2F221R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2HX11R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2F111R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2HX21R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2G0B1R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2G1Q1R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 3GZ01R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 2F0B1R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 3G8Z1R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 3GZ21R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 3FX11R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 3GY21R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 3GZ11R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 3GB01R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 3F2Z1R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |
| 730157911 | 1 | 3GB21R2 | 200 Varga Ln | PowerEdge T430 Server 210-ADLR | NJ | 08833-1363 | SH INTERNATIONAL - WELLS FARG INV#8504049988 | 0.037H M | | |

**Exhibit "A"**

**Exhibit "A"**

**Exhibit "A"**

**Exhibit "A"**

**Exhibit "A"**

**Exhibit "A"**

**Exhibit "A"**



**Exhibit "A"**



## SEARS, ROEBUCK AND CO.
## MASTER LEASE AGREEMENT SCHEDULE NO. 001-6505200-024

THIS SCHEDULE IS SUBJECT TO AND INCORPORATES THE TERMS AND CONDITIONS OF MASTER LEASE AGREEMENT NO. **6505200** ("Agreement") DATED **February 5, 1999** BETWEEN **DELL FINANCIAL SERVICES L.L.C.** ("Lessor") AND **SEARS, ROEBUCK AND CO.** ("Lessee"). If the entity named on this Schedule is not the Lessee named under the Agreement, then such entity, if an affiliate of Lessee approved in writing in advance by Lessor, shall be deemed the Lessee under this Schedule.

Lessor hereby agrees to lease and/or make available to Lessee subject to the terms, conditions and provisions set forth in this Schedule and in the Agreement, the Products described below. Any capitalized term used herein and not defined herein shall have the meaning ascribed to it in the Agreement.

PRODUCT DESCRIPTION AND LOCATION: See below or Exhibit "A" attached to and made a part hereof.

**PRODUCT SELLER: [SHI INTERNATIONAL, 290 Davidson Ave, Somerset, NJ 08873]**

| Product Description | Product Location | Lessee Purchase Order No. | Rent* | Primary Term (Mos.) | Commencement Date** |
|---|---|---|---|---|---|
| See Exhibit A | See Exhibit A | 15083-001510.0000 | $81,809.69 | 24 | February 1, 2016 |

Total Product Acquisition Cost: **$2,156,291.34**

Rent is payable: **in Arrears**

Payment Period: **Monthly**

Pro-rated Rent: **does not Apply**

\* Lessee is responsible for applicable taxes, shipping and other amounts as described in the Agreement, and, with the first payment of Rent, any prorated Rent if applicable. Such amounts are further described in Exhibit "A".

\*\* The Commencement Date may be extended for one Payment Period until the Schedule is returned in accordance with the terms stated in the Agreement. Lessor may charge Lessee prorated Rent accruing from the Acceptance Date to the Commencement Date, as such date is finally determined.

END OF LEASE OPTIONS: Provided that no Event of Default has occurred and is continuing, and at least 30 days but no more than 180 days prior to the expiration of the Primary Term (the "Expiration Date"), Lessee will give irrevocable written notice to Lessor of its intention to either:
(i)     purchase all of the Products at Fair Market Value (defined below);
(ii)    renew the Term for twelve (12) months at lease terms, including a lease rate factor of 2.464%, based on a Lessee purchasing the equipment for $1.00 at the end of the renewal Term; or
(iii)   return all of the Products in accordance with the Agreement.

If Lessee exercises the option to purchase the Products then, on receipt of payment of the "Fair Market Value" (defined below) plus applicable taxes, Lessor will sell the Products to Lessee AS IS-WHERE IS, WITHOUT WARRANTY OR RECOURSE, EXPRESS, IMPLIED OR OTHERWISE, INCLUDING ANY WARRANTIES OF DESIGN, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR AGAINST INFRINGEMENT. The Fair Market Value purchase price shall be paid on or before the last day of the Primary Term. "Fair Market Value" means the price of the Products, installed, in use and in the condition required

## Exhibit "A"

011142.00011:140342.02

MASTER LEASE AGREEMENT SCHEDULE NO. 001-6505200-024

by the Agreement as determined by Lessor in its reasonable judgment, but shall not exceed 29% of the Product Cost.  If Lessee disagrees with the Fair Market Value, Lessee shall notify Lessor in writing within 60 days prior to the Expiration Date and, upon Lessee's request and within ten (10) days after receipt of Lessee's notice, Lessor shall appoint a qualified appraiser reasonably acceptable to Lessee to appraise the retail value of the Products.  The amount determined by such appraiser shall be the final Fair Market Value. Lessor and Lessee shall share the expense of such appraisal equally.

If Lessee desires to renew a Lease, Lessee and Lessor shall enter into a supplement to this Schedule describing the length of the renewal Lease Term and the renewal Rent provided, however, all other terms of this Schedule and the Agreement shall remain in full force and effect.

Whether or not Lessee has given Lessor notice of its intent to as described above, if Lessee does not return or purchase the Products or renew the Lease as required above, the Lease Term shall automatically extend on a month-to-month basis at the Rent in effect on the last day of the Primary Term (prorated on a monthly basis if the Payment Period was other than monthly during the Primary Term).  Such extension shall continue until Lessee:  (i) provides 30 days prior written notice of its intention to return or purchase the Products (to take effect on the next Rent payment date that is at least 30 days after the notice is received by Lessor) and (ii) either returns or purchases all of the Products in accordance with the End of Lease options above.  Payments of Rent during the month-to-month extension are due and payable monthly as specified in Lessor's invoice.  If Lessee fails to return or purchase any Products, the Schedule and associated Rent for the Products that have not been returned or purchased shall extend on a month-to-month basis in accordance with the prior sentence.

**COMPLETION OF SCHEDULE:**  Lessee hereby authorizes Lessor to insert or update the serial numbers of the Products from time to time as necessary.

If Lessee delivers this signed Schedule, any amendment or other document related to this Schedule or the Master Lease (each a "Document") to Lessor by facsimile transmission, and Lessor does not receive all of the pages of that Document, Lessee agrees that, except for any pages which require a signature, Lessor may supply the missing pages to the Document from Lessor's database which conforms to the version shown at the bottom of the page.  If Lessee delivers a signed Document to Lessor as an e-mail attachment, facsimile transmission or by U.S. mail, Lessee acknowledges that Lessor is relying on Lessee's representation that the Document has not been altered.  Lessee further agrees that, notwithstanding any rule of evidence to the contrary, in any hearing, trial or proceeding of any kind with respect to a Document, Lessor may produce a tangible copy of the Document transmitted by Lessee to Lessor by facsimile or as an e-mail attachment and such signed copy shall be deemed to be the original of the Document.  To the extent (if any) that the Document constitutes chattel paper under the Uniform Commercial Code, the authoritative copy of the Document shall be the copy designated by Lessor or its assignee, from time to time, as the copy available for access and review by Lessee, Lessor or its assignee.  All other copies are deemed identified as copies of the authoritative copy.  In the event of inadvertent destruction of the authoritative copy, or corruption of the authoritative copy for any reason or as the result of any cause, the authoritative copy may be restored from a backup or archive copy, and the restored copy shall become the authoritative copy.  At Lessor's option, this electronic record may be converted into paper form. At such time, such paper copy will be designated or marked as the authoritative copy of the Document.

By signing below, each of the parties hereto agrees to be bound by the terms of the Agreement, this Schedule and the attached Exhibit "A".

**SEARS, ROEBUCK AND CO.**                          **DELL FINANCIAL SERVICES L.L.C.**
(Lessee)                                            (Lessor)

By: _____                       By:_____
    (Authorized Signature)                              (Authorized Signature)
    _SCOTT E HUCKINS_
    (Name/Title)                                        (Name/Title)
    _JAN 15, 2016_
    (Date)                                              (Date)

# Exhibit "A"

011142.00011:140342.02

# Exhibit A





**Exhibit "A"**

**Exhibit "A"**

**Exhibit "A"**

**Exhibit "A"**

**Exhibit "A"**

**Exhibit "A"**

**Exhibit "A"**

**Exhibit "A"**



**Exhibit "A"**