UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**SEARS HOLDINGS CORPORATION,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>**(Jointly Administered)** |

**ORDER GRANTING DELL FINANCIAL SERVICES L.L.C.'S
MOTION TO TERMINATE THE AUTOMATIC STAY OR, IN THE
ALTERNATIVE, FOR ADEQUATE PROTECTION PAYMENTS**

Dell Financial Services L.L.C. ("**DFS**") filed a Motion to Terminate the Automatic Stay or, in the Alternative, for Adequate Protection Payments (the "**Motion**"). The Court makes the following findings of fact and law:

1. On October 15, 2018 (the "**Petition Date**"), Sears Holdings Corporation and related entities (the "**Debtors**") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code.

2. Prior to the Petition Date, the Debtors leased from DFS certain Dell computer equipment and related product (the "**Equipment**") described more specifically in the master lease and lease schedule no. 001-6505200-024 (the "**Lease**"). A copy of the Lease is attached to the Motion.

3. As of the Petition Date, the amount outstanding under the Lease post-petition is $132,880.26. No payments on the Lease have been made by the Debtors to DFS post-petition.

4. DFS perfected its security interest in the Equipment by filing Uniform Commercial Code Financing Statements ("**UCC-1**") with the State of Illinois. A true and correct copy of the UCC-1 is attached to the Motion.

5.     The Equipment's value continues to decrease with the passage of time under the Lease and is subject to loss, damage and shrinkage.

6.     No post-petition payments have been made to DFS and no form of adequate protection of DFS's interests in the Equipment has been offered.

7.     Terminating the automatic stay for cause under 11 U.S.C. § 362(d)(1) is appropriate because:

    (a)  During the Store Closing Sales, the Equipment, by its very nature, is subject to potential theft, loss, and mishandling.  In addition, the value of the Equipment will decline due to normal depreciation and usage and, therefore, DFS' interest in the Equipment is not being adequately protected while this chapter 11 bankruptcy case is pending; and

    (b) No adequate protection of DFS's interests in the Equipment has been provided or offered.

As a result, sufficient cause exists for lifting the automatic stay and allowing DFS to recover the Equipment.

ACCORDINGLY, IT IS ORDERED that the Motion is GRANTED;

IT IS FURTHER ORDERED the automatic stay is terminated as to DFS and DFS may proceed with its remedies under the Lease and under State Law to enforce its rights and remedies against the Equipment;

IT IS FURTHER ORDERED that the Debtors are required to gather the Equipment into one Central location (as required under the Lease), give access to that location to DFS and coordinate the return of the Equipment with DFS;

IT IS FURTHER ORDERED that this Court will retain jurisdiction of this matter in order to enforce the provisions of this Order.

Dated:

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY COURT