# EXHIBIT

# C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

**NOTICE OF ENTRY**

U.S. Bank National Association as Trustee, successor in interest
to Bank of America, National Association as Trustee successor
by merger to LaSalle Bank, National Association, as Trustee for
Washington Mutual Asset-Backed Certificates WMABS Series
2006-HE5 Trust,

                                         Plaintiff,                    Index No. 13-866

            -against-

Oscar Ralda a/k/a Oscar Armando Ralda a/k/a Oscar A. Ralda;
Milagro Ralda; Sears Roebuck & Co. a Corporation; Clerk of
Suffolk County; People of the State of New York; Clerk of the
Suffolk County District Court; Town Supervisor of the Town of
Islip, et al.,

                                    Defendants.

SIRS:

        PLEASE TAKE NOTICE that the within is a true copy of a Summary Judgment Order, duly
entered in the office of the clerk of the within named court on January 4, 2016.

DATED: January _13_, 2016

                                         Scott Ferraro, Esq
                                         Associate Attorney
                                         SHAPIRO, DICARO & BARAK, LLC
                                         Attorneys for Plaintiff
                                         175 Mile Crossing Boulevard
                                         Rochester, New York 14624
                                         (585) 247-9000
                                         Fax: (585) 247-7380

TO:
Karen Ferrare, Esq.
Law Office Of Karen Ferrare P.C.
*Attorney for Defendants, Oscar Ralda & Milagro Ralda*
162 Post Avenue, 2nd Floor
Westbury, NY 11590

Sears Roebuck & Co. a Corporation
c/o Secretary of State
99 Washington Avenue
Albany, NY 12210

11-007226

Clerk of Suffolk County
310 Center Drive
PO Box 9007
Riverhead, NY 11901

Clerk of Suffolk County District Court
Cohalan Court Complex
400 Carleton Avenue
Central Islip, NY 11722

People of the State of New York
200 Old Country Road
Mineola, NY 11501

Jeannie Cedano
1580 Brentwood Road
Bay Shore, NY 11706

Skarlen Cedano
1580 Brentwood Road
Bay Shore, NY 11706

Maritza Montero
1580 Brentwood Road
Bay Shore, NY 11706

Carlos Cedano
1580 Brentwood Road
Bay Shore, NY 11706

Carlos Cedano, Jr.
1580 Brentwood Road
Bay Shore, NY 11706

11-007226

Short Form Order

# SUPREME COURT - STATE OF NEW YORK

## I.A.S. PART·7 - SUFFOLK COUNTY

PRESENT:

WILLIAM B. REBOLINI
Justice

---

| | |
|---|---|
| U.S. Bank National Association as Trustee, successor in interest to Bank of America, National Association as Trustee successor by merger to LaSalle Bank, National Association, as Trustee for Washington Mutual Asset-Backed Certificates WMABS Series 2006-HE5 Trust, | Motion Sequence No.: 001; MG<br>Motion Date: 12/5/14<br>Submitted:<br><br>Index No.: 00866/2013 |

Plaintiff,

-against-

Attorney for Plaintiff:

Shapiro, DiCaro & Barak, LLC
175 Mile Crossing Blvd.
Rochester, N. Y. 14624

Oscar Ralda a/k/a Oscar Armando Ralda a/k/a
Osar A. Ralda; Milagro Ralda; Sears Roebuck
& Co. a Corporation; Clerk of Suffolk County;
People of the State of New York; Clerk of Suffolk
County; People of the State of New York;
Clerk of the Suffolk County District Court; Town
Supervisor of the Town of Islip, and "JOHN DOE",
said name being fictitious, it being the intention of
Plaintiff to designate any and all occupants of
premises being foreclosed herein, and any parties,
corporations or entities, if any, having or claiming
an interest or lien upon the mortgaged premises,

Attorney for Defendants
Oscar Ralda a/k/a
Oscar Armando Ralda a/k/a
Osar A. Ralda and Milagro Ralda:

Law Office of Karen Ferrare, P.C.
162 Post Avenue, 2nd Floor
Westbury, N. Y. 11590

Clerk of the Court

Defendants.

---

Upon the following papers numbered 1 to 13 read upon this motion for summary judgment:
Notice of Motion and supporting papers, 1 - 13; it is

U.S. Bank N.A. v Ralda, et. al.
Index No.: 00866/2013
Page 2

ORDERED that this motion by plaintiff for an order awarding it summary judgment against answering defendants and default judgments against the remaining defendants joined by service of process, identifying and/or deleting unknown defendants, amending the caption, and for an order appointing a referee to compute, is considered under CPLR 3212, 3215, 1003 and RPAPL §1321, and is granted; and it is

ORDERED that the branch of the motion wherein plaintiff requests an order awarding it the costs of this motion is denied without prejudice, with leave to renew upon proper documentation for same at the time of submission of the judgment; and it is

ORDERED that plaintiff shall serve an executed copy of the order of reference amending the caption of this action upon the Calendar Clerk of this Court; and it is further

ORDERED that within 30 days of the entry date of this order, plaintiff shall serve a copy of the order of reference with notice of entry upon all parties who have appeared in this action and who have not waived further notice, and thereafter file the affidavit of service with the Clerk of the Court.

Plaintiff's unopposed motion sufficiently demonstrates its entitlement to the relief requested (see, Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566, 996 NYS2d 130 [2d Dept 2014]; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 986 NYS2d 843 [2d Dept 2014]; Jessabell Realty Corp. v Gonzales, 117 AD3d 908, 985 NYS2d 897 [2d Dept 2014]). Defendants' answer is insufficient, as a matter of law, to defeat plaintiff's unopposed motion (see, Flagstar Bank v Bellafiore, 94 AD3d 1044, 943 NYS2d 551 [2d Dept 2012]; Wells Fargo Bank Minn. N.A. v Perez, 41 AD3d 590, 837 NYS2d 877 [2d Dept 2007]). Where a defendant fails to oppose a motion for summary judgment, there is, in effect, a concession that no question of fact exists, and the facts as alleged in the moving papers may be deemed admitted (Kuehne & Nagel v Baiden, 36 NY2d 539, 369 NYS2d 667 [1975]).

The proposed order of reference, as modified by the Court, has been signed concurrently with this order.

Dated:  10/22/2015

HON. WILLIAM B. REBOLINI, J.S.C.

_____ FINAL DISPOSITION___X___ NON-FINAL DISPOSITION

At an IAS Part _VII_ of the Supreme Court
of the State of New York in and for the
County of Suffolk at the Suffolk County
Courthouse, One Court Street, Riverhead, NY
11901 on _October_ _22_, 2015.

Present: HON. WILLIAM B. REBOLINI

U.S. Bank National Association as Trustee, successor in
interest to Bank of America, National Association as Trustee
successor by merger to LaSalle Bank, National Association,
as Trustee for Washington Mutual Asset-Backed Certificates
WMABS Series 2006-HE5 Trust,

                                        Plaintiff,

        -against-

Oscar Ralda a/k/a Oscar Armando Ralda a/k/a Oscar A.
Ralda; Milagro Ralda; Sears Roebuck & Co. a Corporation;
Clerk of Suffolk County; People of the State of New York;
Clerk of the Suffolk County District Court; Town Supervisor
of the Town of Islip, and "JOHN DOE", said name being
fictitious, it being the intention of Plaintiff to designate any
and all occupants of premises being foreclosed herein, and
any parties, corporations or entities, if any, having or
claiming an interest or lien upon the mortgaged premises,
                                        Defendants.

**ORDER GRANTING
SUMMARY/DEFAULT
JUDGMENT**

Index No. 13-866        MOTION/CROSS/OSC
                              1 - PAID
                              Judith A. Pascale
                              Suffolk County Clerk

ORIGINAL

Mot Seq #001 MG

On reading the (i) Notice of Motion dated November 6, 2014, to dismiss the Answer,
drop Defendants, amend title and appoint a referee to compute, filed by U.S. Bank National
Association as Trustee, successor in interest to Bank of America, National Association as Trustee
successor by merger to LaSalle Bank, National Association, as Trustee for Washington Mutual
Asset-Backed Certificates WMABS Series 2006-HE5 Trust the Plaintiff herein, (ii) the Plaintiff's
Affidavit in Support thereof dated September 15, 2014 and (iii) the Affirmations, dated
November 6, 2014, of Scott Ferraro, Esq. of Shapiro, DiCaro & Barak, LLC, the attorneys for
Plaintiff; and on all the pleadings, papers and proceedings heretofore had herein; and the

7

Plaintiff's Motion having come on to be heard before this Court on December 5, 2014; and due deliberation having been had on all the issues and matters raised therein; it is

*let summary judgment is awarded against the*
ORDERED, that the Answer of Defendants, Oscar Ralda a/k/a Oscar Armando Ralda *answering defendants and all nonappearing, nonanswering* a/k/a Oscar A. Ralda and Milagro Ralda, be stricken and dismissed and the appearance of such *defendants are deemed to be in default;* Defendants be limited to a notice of appearance and waiver of service of all papers and of notices of all proceedings in said action except copy of Referee's Oath and Report of Amount Due, copy of Judgment of Foreclosure and Sale, Notice of Entry of Judgment, Notice of Sale, copy of Referee's Report of Sale, and notice of proceedings to obtain surplus moneys; and it is further

ORDERED, that **John Zollo**, Esq. with an address of **38 Southern Blvd #3 Nesconset, NY 11767**

is hereby appointed as Referee to ascertain and compute the amount due except for attorney's fees upon the Bond/Note and Mortgage upon which this action was brought, to examine and report whether the mortgaged premises (Section 225 Block 3 Lot 49) as further described in the Complaint in this action and hereinafter described, should be sold in one or more parcels, and that the Referee make his/her report to this Court with all convenient speed; and it is further

ORDERED, that, if required, the Referee take testimony pursuant to RPAPL §1321; and it is further

ORDERED, that by accepting this appointment the referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, section 36.2(c) ("Disqualifications from appointment"), and section 36.2 (d) ("Limitations on appointments based upon compensation"); and it is further

ORDERED, plaintiff is to include in any proposed order for a judgment of foreclosure and sale language complying with the Suffolk County Local Rule for filing of the Foreclosure Action Surplus Monies form contained in Suffolk County Administrative Order # 41-13.

**ORDERED,** that the caption be amended by substituting Jeannie Cedano, Skarlen Cedano, Maritza Montero, Carlos Cedano and Carlos Cedano, Jr. in place of "John Doe", as necessary parties, who were served with a copy of the Summons and Complaint without prejudice to the proceedings therefore had herein; and it is further

**ORDERED,** that the caption shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

U.S. Bank National Association as Trustee, successor in interest to Bank of America, National Association as Trustee successor by merger to LaSalle Bank, National Association, as Trustee for Washington Mutual Asset-Backed Certificates WMABS Series 2006-HE5 Trust,

Plaintiff,                    Index No. 13-866

-against-

Oscar Ralda a/k/a Oscar Armando Ralda a/k/a Oscar A. Ralda; Milagro Ralda; Sears Roebuck & Co. a Corporation; Clerk of Suffolk County; People of the State of New York; Clerk of the Suffolk County District Court; Town Supervisor of the Town of Islip; Jeannie Cedano; Skarlen Cedano; Maritza Montero; Carlos Cedan; Carlos Cedano, Jr.

Defendants.

and it is further,

~~ORDERED, that a default judgment in favor of the Plaintiff and against the answering Defendants is granted as to all of the facts and issues described~~

~~Complaint herein; and it is further,~~

**ORDERED,** that a copy of this Order with Notice

owner of the equity of redemption, any tenant

entitled to notice; and it is further,

**ORDERED**, that pursuant to CPLR 8003(a)(the statutory fee of $50.00)(in the
of the Court, a fee of $250), shall be paid to the Referee for the Computation Stage and upon
the filing of his/her report; and it is further,

**ORDERED**, that the Referee appointed herein is subject to the requirements of Rule
36.2(c) of the Chief Judge and, if the referee is disqualified from receiving an appointment
pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith.

ENTER,

HON. WILLIAM B. REBOLINI
J.S.C.



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

**SUMMONS AND NOTICE**

U.S. Bank National Association as Trustee, successor in
interest to Bank of America, National Association as Trustee
successor by merger to LaSalle Bank, National Association,
as Trustee for Washington Mutual Asset-Backed Certificates
WMABS Series 2006-HE5 Trust,

Index No. _____

Date Filed:_____

Plaintiff,

-against-

Oscar Ralda a/k/a Oscar Armando Ralda; Milagro Ralda;
Sears Roebuck & Co. a Corporation; Clerk of Suffolk
County; People of the State of New York; Clerk of Suffolk
County, District Court; Town Supervisor of the Town of
Islip, "JOHN DOE", said name being fictitious, it being the
intention of Plaintiff to designate any and all occupants of
premises being foreclosed herein, and any parties,
corporations or entities, if any, having or claiming an interest
or lien upon the mortgaged premises,

Defendants.

PROPERTY ADDRESS:    1580 Brentwood Road, Bay Shore, NY 11706

**TO THE ABOVE NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or a notice of appearance on the attorneys for the Plaintiff within thirty

(30) days after the service of this summons, exclusive of the day of service. The United States of

America, if designated as a defendant in this action, may appear within sixty (60) days of service

hereof. In case of your failure to appear or answer, judgment will be taken against you by

default for the relief demanded in the complaint.

**NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT THE OBJECT** of

the above captioned action is to foreclose a Mortgage to secure $382,500.00 and interest,

recorded in the Suffolk County Clerk's Office on July 29, 2006, in Liber 21350 of Mortgages,

page 442 covering premises known as 1580 Brentwood Road, Bay Shore, NY 11706.

The relief sought in the within action is a final judgment directing the sale of the premises

described above to satisfy the debt secured by the Mortgage described above.

Plaintiff designates Suffolk County as the place of trial. Venue is based upon the County

in which the mortgaged premises is situated.

**NOTICE**
**YOU ARE IN DANGER OF LOSING YOUR HOME**

**IF YOU DO NOT RESPOND TO THIS SUMMONS AND COMPLAINT BY
SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE MORTGAGE
COMPANY WHO FILED THIS FORECLOSURE PROCEEDING AGAINST YOU AND
FILING THE ANSWER WITH THE COURT, A DEFAULT JUDGMENT MAY BE
ENTERED AND YOU CAN LOSE YOUR HOME.**

**SPEAK TO AN ATTORNEY OR GO TO THE COURT WHERE YOUR CASE IS
PENDING FOR FURTHER INFORMATION ON HOW TO ANSWER THE SUMMONS
AND PROTECT YOUR PROPERTY.**

**SENDING A PAYMENT TO YOUR MORTGAGE COMPANY WILL NOT STOP
THIS FORECLOSURE ACTION.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE
ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE
ANSWER WITH THE COURT.**

Dated: October 29, 2012

Craig Carson, Esq.
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000
Our File No. 11-007226

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

|  |  |
|---|---|
| U.S. Bank National Association as Trustee, successor in interest to Bank of America, National Association as Trustee successor by merger to LaSalle Bank, National Association, as Trustee for Washington Mutual Asset-Backed Certificates WMABS Series 2006-HE5 Trust, | **MORTGAGE FORECLOSURE COMPLAINT**<br><br>Index No. _____<br><br>Date Filed:_____ |

Plaintiff,

-against-

Oscar Ralda a/k/a Oscar Armando Ralda; Milagro Ralda;
Sears Roebuck & Co. a Corporation; Clerk of Suffolk
County; People of the State of New York; Clerk of Suffolk
County, District Court; Town Supervisor of the Town of
Islip, "JOHN DOE", said name being fictitious, it being the
intention of Plaintiff to designate any and all occupants of
premises being foreclosed herein, and any parties,
corporations or entities, if any, having or claiming an interest
or lien upon the mortgaged premises,
                                        Defendants.

_____

The Plaintiff herein, by its Attorneys, Shapiro, DiCaro & Barak, LLC, complains of the

defendants above named, and for its cause of action, alleges that:

First:      The Plaintiff herein, at all times hereinafter mentioned was and still is a

duly authorized Corporation or Association and having an office c/o 7255 Baymeadows Way,

Jacksonville, Florida 32256.

## PLAINTIFF FURTHER ALLEGES
## UPON INFORMATION AND BELIEF

Second:     The defendants set forth in Schedule "A" reside or have a place of

business at the address set forth therein and are made defendants in this action in the capacities

therein alleged and for the purpose of foreclosing and extinguishing any other right, title or

interest said defendants may have in the subject premises.

Third:     The United States of America, The People of the State of New York, The

State Tax Commission of the State of New York, the Industrial Commissioner of the State of

New York and all other agencies or instrumentalities of the Federal, State or local government

(by whatever name designated) if made parties to this action and if appearing in Schedule "B",

are made parties solely by reason of the interest set forth in Schedule "B" and for no other

reason.

Fourth:     Heretofore, the defendant(s), Oscar Ralda, for the purpose of securing to

People's Choice Home Loan, Inc., its successors and assigns, the sum of $382,500.00, duly made

a certain bond, note, consolidation, extension, modification, recasting, or assumption agreement,

as the case may be, wherein and whereby they bound themselves, their heirs, executors,

administrators and assigns, and each and every one of them, jointly and severally, in the amount

of said sum of money, all as more fully appears together with the terms of repayment of said sum

or rights of People's Choice Home Loan, Inc., its successors and assigns, in said bond, note or

other instrument, a copy of which is attached hereto and made a part hereof.

Fifth:     As security for the payment of said indebtedness, a mortgage was

executed, acknowledged and delivered to Mortgage Electronic Registration Systems, Inc., as

nominee for People's Choice Home Loan, Inc. recorded in the Suffolk County Clerk's Office on

July 29, 2006, in Liber 21350 of Mortgages, page 442, wherein and whereby the mortgagor(s)

named therein mortgaged, bargained, granted an interest in and/or sold to the mortgagee, its successors and assigns, the premises more particularly described therein, hereinafter called "mortgaged premises", under certain conditions with rights, duties and privileges between or among them as more fully appears in said mortgage, a copy of which is attached hereto and made a part hereof.

Sixth:    The Plaintiff is the current owner and holder of the subject mortgage and note, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note. If Plaintiff is not the original owner and holder of the subject note and mortgage then information regarding the chain of title will be contained in Schedule "D".

Seventh:    The said mortgage was duly recorded and the mortgage tax due thereon was duly paid on the recorded instrument in the proper County Clerk's Office at the place and time which appears thereon. Plaintiff shall pay the requisite Mortgage tax attributed to the Modification Agreement, if any, prior to Judgment of Foreclosure and Sale.

Eighth:    The defendants, Oscar Ralda and Milagro Ralda, so named, have failed and neglected to comply with the conditions of said mortgage, bond or note by omitting and failing to pay the monthly payments of principal, interest, taxes, assessments, water rates, insurance premiums, escrow and/or other charges, and accordingly, the plaintiff has duly elected and does hereby elect to call due the entire amount presently secured by the mortgage described in paragraph "FIFTH" hereof.

Ninth:    Heretofore and prior to the commencement of this action, part of the original principal sum may have been paid to apply on said indebtedness and there remains due the amount set forth in Schedule "C".

Tenth:    In order to protect its security, the plaintiff has paid, or will pay, as may be compelled during the pendency of this action, local taxes, assessments, water rates, insurance premiums, inspections and other charges affecting the mortgaged premises, and the plaintiff requests that any sums thus paid by it for said purposes (together with interests thereon) should be added to the sum otherwise due and be deemed secured by the said mortgage and be adjudged a valid lien on the mortgage premises, the amount of which will ultimately be determined by the Court.

Eleventh:    The defendants herein have, or claim to have, some interest in or lien upon, said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of plaintiff's mortgage or was subordinated to.

Twelfth:    There are no pending proceedings at law or otherwise to collect or enforce said bond/note and mortgage and that there is no other action pending which has been brought to recover said mortgage debt or any part thereof.

Thirteenth:    The Schedules, Exhibits and other items attached to this complaint are expressly incorporated and made a part of this Complaint for all purposes with the same force and effect as if they were completely and fully set forth herein wherever reference has been made to each or any of them.

Fourteenth:    By reason of the foregoing, there is now due and owing to the plaintiff upon said bond, note, assumption agreement, consolidation agreement, or recasting agreement, the unpaid principal balance set forth in Schedule "C", and such other fees, costs, late charges, and interest, the amount of which will be determined by the Court.

Fifteenth:    The mortgage provides that, in the case of foreclosure, the mortgaged premises may be sold in one parcel.

Sixteenth:        The Plaintiff shall not be deemed to have waived, altered, released

or changed the election hereinbefore made by reason of the payment or performance, after the

date of the commencement of this action, of any or all of the defaults mentioned herein; and such

election shall continue and remain effective until the costs and disbursements of this action, and

all present and future defaults under the Note and Mortgage and occurring prior to the

discontinuance of this action are fully paid and cured.

Seventeenth:        Pursuant to the Fair Debt Collection Practices Act, this action may

be deemed to be an attempt to collect a debt, on behalf of Plaintiff. Any information obtained as

a result of this action will be used for that purpose.

Eighteenth:        If the subject note and mortgage fall within the prescribed

definition of a subprime home loan or high-cost home loan as identified under section six-l or

six-m of the New York State Banking Law, then Plaintiff has complied with all the provisions of

section five-hundred ninety-five of the New York State Banking Law and any rules and

regulations promulgated thereunder, section six-l or six-m of the New York State Banking Law

and section thirteen hundred four of New York State Real Property Actions and Proceedings

Law (RPAPL).

Nineteenth:        Upon information and belief, Plaintiff has complied with the

provisions of RPAPL § 1306, if applicable.

**WHEREFORE**, plaintiff demands judgment:

(a)    Adjudging and decreeing the amounts due the plaintiff for principal, interest,

costs, and reasonable attorney's fees, if and as provided for in the said mortgage;

(b)    That the defendants and all persons claiming by, through or under them, or either or any of them, subsequent to the commencement of this action and every other person or corporation whose right, title conveyance or encumbrance is subsequent to or subsequently recorded, may be barred and forever foreclosed of all right, claim, lien, or interest, or equity of redemption in and to said mortgaged premises;

(c)    That the said mortgaged premises, or such part thereof as may be necessary to raise the amounts then due for principal, interest, costs, reasonable attorney's fees, allowances and disbursements, together with any monies advanced and paid, may be decreed to be sold according to law;

(d)    That out of the monies arising from the sale thereof, the plaintiff may be paid the amounts then due on said bond/note and mortgage and any sum which may have been paid by the plaintiff to protect the lien of plaintiff's mortgage as herein set forth, with interest upon said amounts from the dates of the respective payments and advances thereof, the costs and expenses of this action, additional allowance, if any, and reasonable attorney's fees, if and as provided for in the mortgage, rider or other agreement, so far as the amount of such money properly applicable thereto will pay the same;

(e)    That either or any of the parties to this action may become a purchaser upon such sale;

(f)    That this Court forthwith appoint a Receiver of the rents and profits of said premises with the usual powers and duties;

(g)    That the defendant(s), Oscar Ralda, <u>unless discharged in bankruptcy</u> may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto;

(h)    That the United States of America shall have the right of redemption, if

applicable;

(i)    That the plaintiff may have such other or further relief, or both, in the premises as

may be just and equitable.

Plaintiff specifically reserves its right to share in any surplus monies arising from the sale

of subject premises by virtue of its position as a judgment or other lien creditor excluding the

mortgage being foreclosed herein.

Dated: October 29, 2012

Craig Carson, Esq,
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000
Our File No. 11-007226

## SCHEDULE A – DEFENDANTS

### DEFENDANTS

### CAPACITY

Oscar Ralda
a/k/a Oscar Armando Ralda
1580 Brentwood Road
Bay Shore, NY 11706

Owner of record and original obligor under the
Note secured by the Mortgage recorded in
Liber 21350 of Mortgages, page 442, being
foreclosed herein, as assigned.

Milagro Ralda
1580 Brentwood Road
Bay Shore, NY 11706

Owner of record and Mortgagor secured by the
Mortgage recorded in Liber 21350 of
Mortgages, page 442, being foreclosed herein,
as assigned.

Sears Roebuck & Co. a Corporation
45 Congress Street
Salem, MA 01970

Judgment creditor by virtue of a Suffolk
County Court judgment filed on February 6,
2001 for $3,536.31 vs. Oscar Ralda. Attorney:
Upton Cohen & Slamowitz.

"JOHN DOE"

Said name being fictitious, it being the
intention of Plaintiff to designate any and all
occupants, tenants, persons or corporations, if
any, having or claiming an interest in or lien
upon the premises being foreclosed herein.

## SCHEDULE B – DEFENDANTS

| DEFENDANTS | CAPACITY |
|---|---|
| Clerk of Suffolk County<br>Criminal Courts Building<br>210 Center Drive<br>PO Box 9007<br>Riverhead, NY 11901 | Judgment creditor by virtue of a Suffolk County Court judgment filed on May 30, 2006 for \$1,295.00 vs. Oscar Ralda. Attorney: Suffolk County District Attorney. |
| People of the State of New York<br>Criminal Courts Building<br>210 Center Drive<br>PO Box 9007<br>Riverhead, NY 11901 | Judgment creditor by virtue of a Suffolk County Court judgment filed on October 7, 2002 for \$210.00 vs. Oscar Armando Ralda. Attorney: Suffolk County District Attorney. |
| Clerk of Suffolk County<br>District Court<br>Cohalan Court Complex<br>400 Carleton Avenue<br>Central Islip, NY 11722 | Judgment creditor by virtue of a Suffolk County Court judgment filed on May 19, 2008 for \$550.00 vs. Oscar Ralda. Attorney: Suffolk County District Attorney. |
| Town Supervisor of the Town of Islip<br>655 Main Street<br>Islip, NY 11751 | Judgment creditor by virtue of a Suffolk County Court judgment filed on March 18, 2010 for \$1,200.00 vs. Oscar Ralda. |

## SCHEDULE C

## MORTGAGE INFORMATION

| | | |
|---|---|---|
| 1. | Original Amount of Bond/Note/<br>Consolidation or Modification Agreement | $382,500.00 |
| 2. | Last installment due and paid | January 1, 2009 |
| 3. | Date of first unpaid installment/<br>default date | February 1, 2009 |

## AMOUNT DUE

| | | |
|---|---|---|
| 4. | Principal balance owing | $374,007.42 |
| 5. | *Interest @ 8%<br>from January 1, 2009 | To Be Calculated at Judgment |
| 6. | Late charges as per the terms of the Note | To Be Calculated at Judgment |
| 7. | Taxes Advanced by Plaintiff | To Be Calculated at Judgment |
| 8. | Escrow Advances | To Be Calculated at Judgment |

\* *Interest will continue to accrue at the contract bond/note/loan agreement rate, until a Judgment of Foreclosure and Sale has been entered in the proper County Clerk's Office, at which time the interest rate will be calculated at the legal rate of 9.00%.*

(11-007226)

## SCHEDULE D

The instrument being foreclosed herein is a Mortgage dated June 29, 2006, executed by Oscar Ralda and Milagro Ralda, as Mortgagor(s) to Mortgage Electronic Registration Systems, Inc., as nominee for People's Choice Home Loan, Inc., as Mortgagee, to secure the sum of $382,500.00, and recorded in the Suffolk County Clerk's Office on July 29, 2006, at Liber 21350 of Mortgages, page 442. The Note and Mortgage were transferred to U.S. Bank National Association as Trustee, successor in interest to Bank of America, National Association as Trustee successor by merger to LaSalle Bank, National Association, as Trustee for Washington Mutual Asset-Backed Certificates WMABS Series 2006-HE5 Trust, and said transfer was memorialized by an Assignment of Mortgage executed on October 17, 2012.

In addition, the underlying Note was indorsed by the original lender or its agent, successor, or assign, and was delivered to Plaintiff prior to the commencement of this action.

(11-007226)