# Exhibit 1

# Allerding, John

| | |
|---|---|
| **From:** | Allerding, John |
| **Sent:** | Tuesday, November 27, 2018 9:42 AM |
| **To:** | 'Goldinstein, Arkady' |
| **Cc:** | Singh, Sunny; Hwangpo, Natasha |
| **Subject:** | RE: Sears - Reservation of Rights (SUBJECT TO FRE408) |

SUBJECT TO FRE 408

Arkady,

Thank you for your below email. We cannot get comfortable with the consignment vendor language because, as you and I discussed briefly yesterday, we are not a consignment vendor – I know that the Debtors aren't there yet, but we are really closer to the Trust Fund Vendors that the Court previously authorized the Debtors to pay. In either case, because the consignment vendor language doesn't apply to us, there are many inconsistencies between it and the License Agreement – which leads to ambiguities. Thus, we propose the following language:

***Luxottica.*** A dispute (the "Luxottica Dispute") has arisen between Debtors and Luxottica Retail North America Inc. ("Luxottica") with respect to certain cash, checks, credit sales documents, and any proceeds thereof (collectively, the "License Funds"), provided to the Debtors pursuant to that certain License Agreement (as defined in the objection filed by Luxottica under ECF No. 757, the "License Agreement"). Notwithstanding anything to the contrary herein, Luxottica's rights in the License Funds, including without limitation all License Funds provided to the Debtors prior to the Petition Date (the "Prepetition License Funds"), are hereby preserved. For the avoidance of doubt, absent further order of the Court or written agreement of Luxottica and the Debtors, the Prepetition License Funds shall not be subject to any DIP Liens or Adequate Protection Liens. Debtors are authorized and instructed to take all actions necessary to preserve Luxottica's rights in the Prepetition License Funds pending the resolution of the Luxottica Dispute, including without limitation refraining from remitting, transferring, or otherwise disposing of any of such Prepetition License Funds. Any rights of the Debtors or any other party in interest to object to Luxottica's assertion of rights in the Prepetition License Funds are also hereby preserved.

"The Debtors are directed to establish a separate, segregated account (the "Luxottica Reserve Account") to hold all License Funds provided to it subsequent to the Petition Date (the "Post-Petition License Funds"). Notwithstanding anything to the contrary herein, the Debtors shall (i) immediately fund the Luxottica Reserve Account with all Post-Petition License Funds currently in the Debtors' possession; and (ii) deposit into the Luxottica Reserve Account all Post-Petition License Funds that come into its possession subsequent to the entry of this Order. The Debtors shall hold the Post-Petition License Funds in the Luxottica Reserve Account in trust for the sole and exclusive benefit of Luxottica. For the avoidance of doubt, neither the Post-Petition License Funds nor the Luxottica Reserve Account shall be subject to any DIP Liens or Adequate Protection Liens.

The Debtors shall remit the Post-Petition License Funds held in the Luxottica Reserve Account to Luxottica on the business day immediately following that on which such License Funds are collected; provided, however, that nothing contained herein shall restrict or otherwise prejudice the Debtors' right to collect the Company Fee as provided for under the terms of the License Agreement.

Notwithstanding anything to the contrary herein, the DIP Liens and Adequate Protection liens shall not attach to the goods and/or inventory offered for sale or otherwise held by Luxottica at any location, including without limitation the Debtors' store locations, such goods and inventory being the property of Luxottica pursuant to the terms of the License Agreement.

1

Pending resolution of the Luxottica Dispute, or the rejection of the License Agreement pursuant to Section 365 of the Bankruptcy Code, the Debtors are authorized and instructed to fully comply with the terms of the License Agreement."

At your earliest convenience, please let me know if the Debtors are agreeable to the addition of this language.

Thanks,

John

**John C. Allerding | Thompson Hine LLP**
3900 Key Center | 127 Public Square | Cleveland, Ohio 44114
**Office:** 216.566.5748 | **Mobile:** 216.402.9953
**Fax:** 216.566.5800 | **Email:** John.Allerding@ThompsonHine.com
**Web:** http://www.ThompsonHine.com



A Smarter Way to Work – predictable, efficient and aligned with client goals. Read more.

Named a top firm in 11 areas of the law by *Chambers USA*, with 45 lawyers recognized as leaders in their practice areas, and named a leading firm by *U.S. News – Best Lawyers*® and *The Legal 500*.

Atlanta | Cincinnati | Cleveland | Columbus | Dayton | New York | Washington, D.C.

---

**From:** Goldinstein, Arkady [mailto:Arkady.Goldinstein@weil.com]
**Sent:** Monday, November 26, 2018 5:44 PM
**To:** Allerding, John
**Cc:** Singh, Sunny; Hwangpo, Natasha
**Subject:** Sears - Reservation of Rights (SUBJECT TO FRE408)

SUBJECT TO FRE408

John,

The Debtors propose the following language to be added to the DIP orders to resolve Luxottica's DIP Objection. A copy of the Final GOB Order (ECF No. 876) is attached for your convenience. Please let us know if this is acceptable. Thank you.

*Luxottica.* Notwithstanding anything to the contrary contained herein, all rights of Luxottica Retail North America Inc. ("Luxottica") with respect to any proceeds remitted to the Debtors prior to the Petition Date pursuant to that certain License Agreement (as defined in the objection filed by Luxottica under ECF No. 757) are preserved, and the rights of the Debtors and any other party in interest to object are also hereby preserved. Luxottica shall be treated as a consignment vendor with respect to postpetition sales as provided in the *Final Order Approving (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement* (ECF No. 876).



Arkady A. Goldinstein

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
arkady.goldinstein@weil.com
+1 212 310 8052 Direct
+1 917 836 9155 Mobile

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.