**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION FOR THE DEBTOR TO (i) DISCLOSE STATUS OF INSURANCE CLAIM; (ii) DEPOSIT ANY INSURANCE PROCEED INTO SEPARATE ACCOUNT TO BE USED EXCLUSIVELY TO REPAIR THE INSURED DEMISED PREMISES; AND (iii) ALTERNATIVELY, FIND THE AUTOMATIC STAY <u>INAPPLICABLE TO THE INSURANCE PROCEEDS</u>**

Upon the *Motion for the Debtor to (i) Disclose Status of Insurance Claim; (ii) Deposit Any Insurance Proceed into Separate Account to be Used Exclusively to Repair the Insured Demised Premises; and (iii) Alternatively, Find the Automatic Stay Inapplicable to the Insurance Proceeds*, dated December 14, 2018 (the "<u>Motion</u>", Docket No. ____), of creditor Santa Rosa Mall, LLC ("<u>Santa Rosa Mall</u>"), for the entry of an Order compelling the Debtors to disclose and turnover any insurance proceeds recovered or that may be recovered under the Insurance Policy for damages

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC(6546); Sears Operations LLC(4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

to anchor Store No. 1915, caused by hurricane Maria, and place such proceeds into an escrow account, pursuant to Article 10 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 10, and, after due deliberation, the Court having concluded that Santa Rosa Mall has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby ORDERED that:

1. Santa Rosa Mall's Motion (Docket No. _____) is hereby granted.

2. The Debtors are ordered to disclose and turn over the insurance proceeds in a separate escrow account related to insurance policy number PTNAM1701557 of AIG Europe Limited, for damages caused by hurricane Maria on September 20, 2017, to anchor store no. 1915 in Santa Rosa Mall, Bayamon, Puerto Rico, within seven (7) days, due on December 21, 2018, pursuant to Section 6.03(b)(3) of the Lease Agreement dated September 22, 1965, executed by Santa Rosa Mall and Sears, Roebuck of Puerto Rico, Inc.

3. The insurance proceeds are not part of the bankruptcy estate and thus, not subject to the automatic stay under Sections 362(c)(1) and 362(j) of the Bankruptcy Code.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2018
White Plains, New York

                                           HONORABLE ROBERT D. DRAIN
                                           UNITED STATES BANKRUPTCY JUDGE