# EXHIBIT

# C

FILED: KINGS COUNTY CLERK 04/23/2018 02:17 PM                               INDEX NO. 508191/2018
NYSCEF DOC. NO. 1                                                           RECEIVED NYSCEF: 04/23/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

PennyMac Corp.

                      Plaintiff,

      -against-

Mordechai Weiss, Citibank, N.A., The Board of Managers of
the 9 Franklin-405 Flushing Condominiums, Discover Bank,
New York State Department of Taxation and Finance,
American Express Bank FSB, New York City Environmental
Control Board, New York City Parking Violations Bureau,
New York City Transit Adjudication Bureau, LVNV Funding
LLC A/P/O Sears and "JOHN DOE #1" through "JOHN DOE
#10", the last ten names being fictitious and unknown to the
plaintiff, the person or parties intended being the persons or
parties, if any, having or claiming an interest in or lien upon the
mortgaged premises described in the Complaint,

                      Defendants.

**SUMMONS**

Plaintiff designates Kings
County as the place of trial.
Venue is based upon the
County in which the
mortgaged premises is
situated.

TO THE ABOVE NAMED DEFENDANT(S):

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the attorneys for the plaintiff within twenty (20) days after service of this Summons, exclusive of the day of service; or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York; or within sixty (60) days if it is the United States of America. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

FILED: KINGS COUNTY CLERK 04/23/2018 02:17 PM                                INDEX NO. 508191/2018
NYSCEF DOC. NO. 1                                                     RECEIVED NYSCEF: 04/23/2018

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to your mortgage company will not stop this foreclosure action.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: Williamsville, New York
April 23, 2018

FRENKEL, LAMBERT, WEISS,
WEISMAN & GORDON, LLP

BY: Kristin Bolduc
Attorneys for Plaintiff
Main Office – 53 Gibson Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.: 01-069544-F00

TO:
Mordechai Weiss
9 Franklin Avenue, Unit 9-1A
Brooklyn, NY 11211

Citibank, N.A.
3900 Paradise Road, Suite 127
Las Vegas, Nevada 89109

And
1 Court Sq.
Long Island, NY 11229

The Board of Managers of the 9 Franklin-405 Flushing Condominiums
405 Flushing Ave., Unit 1A
Brooklyn, NY 11206

Discover Bank
6500 New Albany Rd.
New Albany, OH 43054

New York State Department of Taxation and Finance
WA Harriman State Campus
Albany, NY 12227

American Express Bank FSB
200 Vesey St. 44th Fl.
New York, NY 10285

New York City Environmental Control Board
100 Church Street, 4th Floor
New York, NY 10007

New York City Parking Violations Bureau
100 Church Street, 4th Floor
New York, NY 10007

New York City Transit Adjudication Bureau
130 Livingston Street
Brooklyn, NY 11201

LVNV Funding LLC a/p/o Sears
15 S. Main Street
Greenville, SC 29601

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

PennyMac Corp.

                    Plaintiff,

    **COMPLAINT**

-against-

Mordechai Weiss, Citibank, N.A., The Board of Managers of the 9 Franklin-405 Flushing Condominiums, Discover Bank, New York State Department of Taxation and Finance, American Express Bank FSB, New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau, LVNV Funding LLC A/P/O Sears and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the mortgaged premises described in the Complaint,

                    Defendants.

The plaintiff, by its attorneys, Frenkel, Lambert, Weiss, Weisman, & Gordon, LLP, complaining of the defendants herein allege, upon information and belief, as follows:

### AS A FIRST CAUSE OF ACTION

1. That the plaintiff, PennyMac Corp., at all times hereinafter mentioned was and still is a National Association organized under the laws of the United States of America.

2. On or about December 20, 2006, Mordechai Weiss executed and delivered to Bank of America, N.A. a note dated December 20, 2006 whereby Mordechai Weiss promised to pay the principal sum of $450,000.00.

3. On or about December 20, 2006, Mordechai Weiss executed and delivered to Bank of America, N.A. a mortgage (hereinafter "mortgage") in the principal sum of $450,000.00, with interest, mortgaging the premises known as 9 Franklin Avenue, Unit 9-1A, Brooklyn, NY 11211 (hereinafter "premises") as collateral security for the note. The mortgaged premises is more fully described in **EXHIBIT "A"** annexed hereto.

4. The mortgage was duly recorded in the Office of the Clerk of the County of Kings on January 11, 2007 in CRFN 2007000022697, and the recording tax was duly paid.

5. That plaintiff is in possession of the original note with a proper endorsement and/or allonge and is therefore, the holder of both the note and mortgage, which passes as incident to the note.

6. Pursuant to the note, Mordechai Weiss, promised to make consecutive monthly payments of principal and interest each month, in accordance with the terms of the note, commencing February 01, 2007 and on the first day of each succeeding month up to and including January 01, 2037 when the entire principal amount and accrued interest shall be due and payable.

7. Pursuant to the terms of the mortgage, in addition to principal and interest, the mortgagee can collect and charge to the loan all amounts necessary to pay for taxes, assessments, leasehold payments or ground rents (if any), hazard insurance and mortgage insurance.

8. The mortgage further provides that in case of default in the payment of any principal or interest or any other terms, covenants or conditions of the mortgage, the holder of the mortgage could declare the entire indebtedness secured by the mortgage immediately due and payable, and the holder of the mortgage is empowered to sell the mortgaged premises according to law.

9. Mordechai Weiss failed to comply with the terms, covenants and conditions of said note and mortgage by failing and omitting to pay, to the plaintiff, payments due on July 01, 2010 and said default has continued for a period in excess of fifteen (15) days.

10. Thereafter, the debt was accelerated pursuant to a foreclosure action filed on June 7, 2012 under Index No. 501437/2012.

11. Thereafter, the above referenced action was discontinued pursuant to an Order of Discontinuance dated December 1, 2017.

12. The current unpaid principal balance is $427,641.88 with interest thereon from June 01, 2010, plus late charges if applicable pursuant to the terms of the note and advances made by the plaintiff on behalf of the defendant(s) and any other charges due and owing pursuant to the terms of the note and mortgage.

13. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of payment after the date of commencement of this action of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

14. In order to protect its security, the plaintiff may be compelled, during the pendency of this action, to pay sums for premiums on insurance policies, real estate taxes, assessments, water charges and sewer rents which are or may become liens on the mortgaged premises, and other charges which may be necessary for the protection of the mortgaged premises, and the plaintiff prays that any sum or sums so paid, together with interest from the date of payments, shall be added to the plaintiff's claim and be deemed secured by said note and mortgage and adjudged a valid lien on the mortgaged premises, and that the plaintiff be paid such sums, together with interest thereon, out of the proceeds of the sale of the mortgaged premises.

15. Upon information and belief all the defendants herein have or claim to have some interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of plaintiff's mortgage, or has been paid or equitably subordinated to

plaintiff's mortgage, or been duly subordinated thereto. The reason for naming said defendants is set forth in "**Schedule A**" that is attached to this complaint.

16.    A prior action was brought to recover part of the mortgage debt, however none of the mortgage debt was collected.

17.    Plaintiff has complied with all of the provisions of Banking Law §595-a and any rules and regulations promulgated thereunder, Banking Law §§6-1 and 6-m, if applicable.

18.    Upon information and belief, plaintiff has complied with the provisions of Real Property Actions and Proceedings Law §1304 and §1306 unless exempt from doing so.

19.    That the plaintiff is now the owner and holder of the said note and mortgage securing the same or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note or is the holder of the note and mortgage and has been delegated the authority to institute a mortgage foreclosure action by the owner of the note and mortgage.

20.    If plaintiff is not the owner and holder of the subject note and mortgage, plaintiff has been delegated the authority to institute a mortgage foreclosure action pursuant to statute and/or delegation of authority by the owner of the subject note and mortgage.

21.    Plaintiff requests that the mortgaged premises be sold in one parcel and that if the premises consists of more than one parcel, plaintiff respectfully requests that the judgment of foreclosure provide for the parcels to be sold as one parcel.

22.    The sale of the mortgaged premises under foreclosure herein is subject to any state of facts that an inspection of the premises would disclose, any state of facts an accurate survey would show, and to covenants, restrictions and easements, if any, of record affecting said mortgaged premises and any violation thereof, any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale, prior mortgages and liens of record, if any, any rights of tenants or persons in possession of the subject premises, and to zoning regulations and ordinances of the city, town or village in which said mortgaged premises lies and any violations thereof.

23.    In the event that the plaintiff possesses any other lien(s) against the mortgaged premises either by way of judgment, junior mortgage or otherwise, plaintiff requests that such other lien(s) not be merged in plaintiff's cause(s) of action set forth in this Complaint, but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

### AS AND FOR A SECOND CAUSE OF ACTION

24.    The plaintiff repeats and realleges each and every allegation contained in paragraphs designated 1 through 23.

25.    The mortgage provides that in the event of default, the plaintiff may recover all costs, including reasonable attorneys' fees, disbursements, and allowances provided by law in bringing any action to protect its interest in the premises, including foreclosure of the mortgage.

WHEREFORE, the plaintiff demands judgment against the defendant(s) as follows:

a)    That the defendants and all persons claiming under them or any of them, subsequent to the commencement of this action and to the filing of the Notice of Pendency of this action, may be barred and foreclosed of all right, title, claim, lien and equity of redemption in the mortgaged premises;

b)    That the mortgaged premises be sold in one parcel according to law subject to any state of facts an accurate survey would show, any covenants, easements, encroachments, reservations, and restrictions, violations and agreements of record, zoning regulations and ordinances of the city, town, or village; wherein the premises is located, any state of facts a physical inspection will disclose, rights of tenants and other persons in possession of the mortgaged premises, prior judgments, liens and mortgages of record and any and all rights of the United States of America to redeem the subject premises;

c)    That the premises be sold in accordance with Title 28, Section 2410 of the United State Code preserving all rights of redemption, if any, of the United States of America;

d)    That the monies received from the sale be brought into Court and that plaintiff be paid the amount adjudged to be due it with interest thereon to the time of such payment, together with late charges, any sums paid by the plaintiff for real estate taxes, assessments, water charges and sewer rents, insurance premiums, sums expended for the protection or preservation of the property, together with attorneys' fees as demanded in the second cause of action, the costs and disbursements of this action and any other necessary expenses to protect the lien of the mortgage to the extent that the amount of such monies applicable thereto will pay the same;

e)    That this Court, if requested, appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties;

f)    That the defendant(s) obligated under the note be adjudged to pay any deficiency which may remain after applying all of such monies as aforesaid in accordance with the law and provided that plaintiff have execution therefore, unless the debt has been discharged in a Bankruptcy petition or that said defendant(s) obligated under the note have been relieved of responsibility for any such deficiency.

g)    That in the event plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, plaintiff requests that such other lien(s) shall not be merged in plaintiff's cause(s) of action(s) set forth in the Complaint but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination or priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings;

    h)    That plaintiff have such other and further relief in the mortgaged premises as may be just and equitable.

Dated: Williamsville, New York
       April 23, 2018

                             Frenkel, Lambert, Weiss, Weisman, & Gordon, LLP

                             By: _____
                             Kristin Bolduc
                             Attorneys for Plaintiff
                             Main Office - 53 Gibson Street
                             Bay Shore, New York 11706
                             (631) 969-3100
                             Our File No.: 01-069544-F00

EXHIBIT A



755 Jefferson Road • Suite 300 • Rochester, New York 14623 • P: (888-250-9056 / F: 888-250-9057) • www.webtitle.us

**Title No.** ████████

## SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

The Condominium Unit (the "Unit") known as Unit No. 1A in the premises known as 9 Franklin Avenue, Brooklyn, New York, in the County of Kings, and State of New York, said Unit being designated and described as Unit No. 1A in the Declaration establishing a plan for condominium ownership of said premises comprising the 9 Franklin - 405 Flushing Condominium (hereinafter called the "Condominium") under Article 9-B of the Real Property Law of the State of New York (the "Condominium Act"), dated 4/3/2006 and recorded in the Office of the Register of the City of New York, Kings County on 7/11/2006 in CRFN 2006000391566 and also designated as Tax Lot 1714 in Block 2262 of the Borough of Brooklyn on the Tax Map of the Borough of Brooklyn and on the floor plans of said building filed with the Real Property Assessment Department of the Borough of Kings.

TOGETHER with an undivided 3.74% interest in the Common Elements.

<u>DESCRIPTION OF THE LAND - LOT 4</u>

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Franklin Avenue distant 74 feet 8 1/2 inches northerly from the corner formed by the intersection of northerly side of Flushing Avenue with the easterly side of Franklin Avenue;

RUNNING THENCE easterly parallel with Flushing Avenue 19 feet 1 inch;

THENCE southerly in a straight line forming an exterior angle with the preceding course of the premises being described of 89 degrees 50 minutes 48 seconds a distance of 12 feet 5 1/2 inches;

THENCE easterly parallel with Flushing Avenue 18 feet;

THENCE northerly in a straight line forming an interior angle with the preceding course of the premises being described of 91 degrees 19 minutes 23 seconds 37 feet 8 inches;

THENCE westerly parallel with Flushing Avenue 9 feet 4 inches;

THENCE northerly parallel with Franklin Avenue and part of the distance through a party wall 49 feet 4 inches;

THENCE westerly in a straight line 25 feet 1 1/2 inches to a point on the easterly side of Franklin Avenue distant 75 feet 8 3/4 inches northerly from the beginning;

THENCE southerly along the easterly side of Franklin Avenue 75 feet 8 3/4 inches to the point or place of BEGINNING.

FOR INFORMATION ONLY:
Said premises is known as 9 Franklin Avenue, Unit 1A, Brooklyn, New York.
Also known as Block 2262 Lot 1714 in Kings County.

Premises: 9 Franklin Avenue, Unit 1A, Brooklyn, NY 11211
Tax Map/Parcel ID No.: Block: 2262 Lot: 1714

## Schedule A

| Party Name | Description |
| --- | --- |
| Mordechai Weiss | Obligor/Mortgagor/Owner |
| Citibank, N.A. | Holder of a subordinate mortgage on the subject premises. Said mortgage recorded 12/12/2007, in CRFN 2007000022697, and holder of judgments against the property. |
| The Board of Managers of the 9 Franklin- 405 Flushing Condominiums | For possible unpaid common charges. |
| Discover Bank | Judgment Creditor |
| New York State Department of Taxation and Finance | Holder of Judgment(s) against the property being foreclosed herein. Said lien is more particularly described in **Exhibit "B"** annexed hereto. |
| American Express Bank FSB | Judgment Creditor |
| LVNV Funding LLC a/p/o Sears | Judgment Creditor |
| New York City Environmental Control Board | Holder of Judgment(s) against the property being foreclosed herein. Said lien is more particularly described in **Exhibit "B"** annexed hereto. |
| New York City Parking Violations Bureau | Holder of Judgment(s) against the property being foreclosed herein. Said lien is more particularly described in **Exhibit "B"** annexed hereto. |
| New York City Transit Adjudication Bureau | Possible holder of Judgment(s) against the property being foreclosed herein. |

```
 USER: KINGS      COUNTY CLERKS OFFICE  KINGS           DATE: 04/17/2018
 TERM:  S129          JUDGMENT DOCKET BOOK INQUIRY      TIME: 14:59:40
              CONTROL NUMBER : 002611724 - 01

      *** DOCKETING DATA ***          *** SOURCE DOCUMENT ***
  DOCKETING DATE: 05/07/2009                  TYPE: TJ   TRANSCRIPT OF JUDGME
            TIME: 09:07:00                  COUNTY: 24   KINGS
  EFFECTIVE DATE: 02/15/2008                  COURT: C   CIVIL COURT
            TIME: 15:11:00            TOTAL DEBTORS: 01   UPDATED: N
  CLERK/SEQ #   : CGRIFFIN  014      INDEX NUMBER: CV142931/07
                      *** DEBTOR/CORPORATION ***
   NAME   FORMAT I  : MORDECHAI,WEISZ
     ADDRESS   NUMBER: 83      STREET: LORIMER ST
               CITY : BK NY                ZIP CODE: 11206
     OCCUPATION     :
                      *** CREDITOR ***
   NAME   FORMAT C  : LVNV FUNDING LLC A/P/O SEARS
     ADDRESS   NUMBER: 15S     STREET: MAIN ST
               CITY : GREENVILLE SC        ZIP CODE: 29601

              AMOUNT:           $9359.02
   INTERIM DISPOSITION:
 ENTER CONTROL NUMBER FOR NEXT INQUIRY
 PRESS: PF1- HELP, PF2- CANCEL INQUIRY PF8- 2ND PAGE DATA, ENTER- INQUIRE RECORD
```