# EXHIBIT

# D

RECEIVED   WEDNESDAY 6/24/2015 4:58:59 PM 13608293
FILED Jun 25, 2015

JAMAR BENJAMIN
JB 008802005

FCZ-162357-R1/rj
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 101
Mountainside, NJ 07092-0024
1-908-233-8500

| | |
|---|---|
| U.S. Bank National Association, as trustee, in trust for the holders of MLMI Trust 2002-AFC1 Asset-Backed Certificates, Series 2002-AFC1, | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION BURLINGTON COUNTY DOCKET NO. F-022451-15 |
| Plaintiff, vs. | Civil Action |
| Barry Youmans, his/her heirs, devisees, and personal representatives, and his, her, their or any of their successors in right, title and interest; Mrs. Barry Youmans, Wife of Barry Youmans; General Motors Acceptance Corporation; Lisa R. Dabney, his/her heirs, devisees, and personal representatives, and his, her, their or any of their successors in right, title and interest; Sears Roebuck & Company; Lourdes Medical Center of Burlington County fka Rancocas Hospital; | COMPLAINT FOR FORECLOSURE |
| Defendant(s) | |

U.S. Bank National Association, as trustee, in trust for the holders of MLMI Trust 2002-AFC1 Asset-Backed Certificates, Series 2002-AFC1, (hereinafter "plaintiff"), through its servicing agent SELECT PORTFOLIO SERVICING, INC., located at 3815 SOUTH WEST TEMPLE, SALT LAKE CITY, UT 84115-4412 says:

## FIRST COUNT

1. On August 2, 2000, Blanche Youmans executed to Superior Bank FSB a Note (hereinafter "Note") securing the sum of $50,000.00, payable on August 7, 2025 with the initial interest rate of 10.96% per annum. The Plaintiff is the holder of the Note.

2. To secure the payment of the Note, Blanche Youmans, unmarried, executed to Superior Bank FSB, a Mortgage (hereinafter "Mortgage") dated August 2, 2000, and thereby mortgaged to Superior Bank FSB in fee the land hereinafter described (hereinafter "Mortgaged Premises"). Said Mortgage was duly recorded on August 16, 2000, in the Office of the Clerk of Burlington County, in Mortgage Book 7811, Page 001. The Mortgage is not a Purchase Money Mortgage.

3. The legal description of the Mortgaged Premises is described on the Schedule annexed hereto and made a part hereof.

## SCHEDULE A- Legal Description

ALL the following described property located in the Township of Riverside, County of Burlington, State of New Jersey:

COMMONLY known as 723 Bem Street, Riverside, NJ 08075-3407.

BEING also known as Lot 6, Block 2805 (f/k/a Block 920) on the tax map of the Township of Riverside.

Dimension: **Approximately 60 x 100**
Nearest Cross Street: **Situate on the northeasterly side of Bem Street at its intersection with the northwesterly side of Palmer Street**

The following is a metes and bounds legal description as found in the Mortgage:

ALL THAT CERTAIN LAND AND PREMISES SITUATE IN THE TOWNSHIP OF RIVERSIDE, COUNTY OF BURLINGTON AND THE STATE OF NEW JERSEY.
BEGINNING AT THE INTERSECTION OF THE NORTHEASTERLY LINE OF BEM STREET AND THE NORTHWEST LINE OF PALMER STREET; THENCE (1) NORTHWEST ALONG THE NORTHEAST LINE OF BEM STREET, SIXTY FEET TO A POINT; THENCE (2) NORTHEAST AT RIGHT ANGLES TO BEM STREET, ONE HUNDRED FEET TO A POINT; THENCE (3) SOUTHEAST PARALLEL WITH BEM STREET, SIXTY FEET TO THE NORTHWEST LINE OF PALMER STREET; THENCE (4) SOUTHWEST ALONG THE NORTHWEST LINE OF PALMER STREET, ONE HUNDRED FEET TO PLACE OF BEGINNING.    BEING KNOWN AS LOT 6, BLOCK 920, TAX MAP OF RIVERSIDE. BEING ALSO KNOWN AS LOTS 26, 27, 28, BLOCK 20, PLAT 9 OF THE PLAN OF RIVERSIDE COTTAGE COMPANY.

4. The following Assignment(s) of Mortgage appears in the chain of assignment(s):

a. By assignment of mortgage executed on August 23, 2012 from Federal Deposit Insurance Corporation as Receiver for Superior Bank FSB to Merrill Lynch Mortgage Capital, Inc. Said assignment was duly recorded on January 17, 2013 in the Office of the Clerk of Burlington County in Assignment Book OR13046 at Page 7958.

b. By assignment of mortgage executed on September 5, 2012 from Merrill Lynch Mortgage Capital, Inc. to U.S. Bank National Association, as Trustee, in Trust for the Holders of MLMI Trust 2002-AFC1 Asset-Backed Certificates, Series 2002-AFC1. Said assignment was recorded on January 23, 2013 in the Office of the Clerk of Burlington County in Assignment Book OR13048 at Page 948.

c. Plaintiff is entitled to enforce the note and mortgage under applicable law.

5. A Modification Agreement was made by Estate of Blanche Youmans commencing on November 7, 2009, the terms of which modified the unpaid Principal Balance to $47,271.01, payable at a yearly interest rate of 4.750%, with corresponding monthly payments of Principal and interest in the amount of $ 220.17 commencing on November 7, 2009 and continuing on each month thereafter until paid in full or by August 7, 2032. Said Modification Agreement is unrecorded at this time.

6. A second Modification Agreement was made by Estate of Blanche Youmans commencing on April 1, 2014, the terms of which are as follows:

The Modification: If Borrower's representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on March 1, 2014 (the "Modification Effective Date") and all late charges that remain unpaid will be waived. Borrower understands that if they fail to make any payments as a precondition to this modification under a workout plan or trial modification plan, this modification will not take effect. The first modified payment will be due on April 1, 2014

a. The Maturity Date will be February 1, 2038.

b. The modified principal balance of the Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to the account associated with the Note. The new principal balance of the Note will be $76,849.12 (the "New Principal Balance"). Borrower understands that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. Borrower also understands that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

c. $36,500.00 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and will be treated as a non-interest bearing principal forbearance. Borrower will not pay interest or make monthly payments on the Deferred Principal Balance. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $40,349.12. Interest at the rate of 4.375% will begin to accrue on the Interest Bearing Principal Balance as of March 1, 2014 and the first new monthly payment on the Interest Bearing Principal Balance will be due on April 1, 2014. The payment schedule for the modified Loan Documents was follows:

| Months | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-287 | 4.875% | N/A | $179.05 | $585.04, may adjust periodically | $764.09, may adjust periodically | April 1, 2014 | 287 |

A final balloon payment on the Interest Bearing Principal Balance of $24,780.77 is due on the Maturity Date.

The Deferred Principal Balance of $36,300.00 will be due as a balloon payment on the earlier of: payoff of the Interest Bearing Principal Balance, transfer of the property or on the Modified Maturity Date. The above terms in this Section 2.c shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore the total monthly payment may change accordingly.

BALLOON NOTICE. THE AMORTIZATION TERM OF THE LOAN IS 480 MONTHS. BORROWER WILL BE REQUIRED TO REPAY THE ENTIRE PRINCIPAL BALANCE AND ANY ACCRUED INTEREST THEN OWING ON THE MATURITY DATE. LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN, INCLUDING THE DEFERRED PRINCIPAL BALANCE AT THE END OF TERM. THEREFORE BORROWER MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS THEY OWN, OR BORROWER MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN. ASSUMING ANOTHER LENDER REFINANCES THIS LOAN AT MATURITY, BORROWER MAY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THE NOTE. BORROWER MAY ALSO HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

Said Modification Agreement is unrecorded at this time.

7. The Note contains a provision that says that if the obligor commits an act of default the entire amount due on the Note may be demanded. After the default herein the entire amount due on the loan has been accelerated.

8. The obligor(s) has/have failed to make the installment payment when same became due and payable. Therefore the loan is in default as of July 1, 2014.

9. As a result of said default, plaintiff hereby elects and declares that the whole unpaid principal sum due on the Note and Mortgage, along with all unpaid interest, advances, fees and costs, shall be accelerated and is now due and payable.

10. The Note and Mortgage do not contain a prepayment penalty.

11. The following defendants are joined herein because they are either the holder of an instrument or interest appearing of record which affect or may affect the Mortgaged Premises, or because they are the holder of a legal and equitable interest in the Mortgaged Premises which is subordinate to plaintiff's Mortgage lien:

    a. Blanche Youmans died testate on August 16, 2008, a resident of the Township of Riverside, County of Burlington and State of New Jersey. Barry Youmans was named the Executor of the Estate of said decedent in the Last Will and Testament dated February 29, 2008. A Complaint to probate Will was filed in the Burlington County Surrogate's Court on August 29, 2008, bearing Docket No. 2008-1887. Said Last Will and Testament discloses decedent gave, devised and bequeathed the residuary estate to her son, Barry Youmans.

    b. On December 11, 2008, Barry Youmans, Executor of the Estate of Blanche Youmans conveyed the premises described above and being foreclosed herein to Barry Youmans which deed was recorded December 11, 2008 in Book 06614 of Deeds for Burlington County, Page 206.

    c. Title to the property passed to Barry Youmans. The vesting deed does not recite his marital status. In the event he married after acquiring title to the property as referenced in paragraph 9b. above, plaintiff joins Mrs. Barry Youmans, Wife of Barry Youmans, as a defendant for any marital and/or possessory interests, if any, she may have in the mortgaged premises.

    d. General Motors Acceptance Corporation; Lisa R. Dabney; Sears Roebuck & Company; and Lourdes Medical Center of Burlington County fka Rancocas Hospital are made party defendants to this foreclosure action by reason of the following judgments entered in the Office of the Clerk of the Superior Court of New Jersey, recovered against plaintiff's mortgagor(s) and/or record owners of the property.

```
                    SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-224415-1997           CASE NUMBER: L-003035-96
DATE ENTERED: 04/09/97    DATE SIGNED: 03/19/97
TYPE OF ACTION: CONTRACT
VENUE: BURLINGTON
                                          DEBT: $    25,848.41
                                          COSTS: $      254.84
CREDITOR(S):
   GENERAL MOTORS ACCEPTANCE CORPORATION
   ATTORNEY: LAVIN, COLEMAN, O'NEIL, ET AL
DEBTOR(S):
   BARRY YOUMANS
         723 BEM ST, RIVERSIDE, NJ 06975
                    -----------------
                 *** End of Abstract ***
```

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT: J-255390-2003                        CASE NUMBER: CS 722197 20A
DATE ENTERED: 10/23/03
ACTION: CHILD SUPPORT
VENUE: BURLINGTON
   CREDITOR(S):
       LISA R DABNEY
   ATTY FOR CR.: PRO SE
   DEBTOR(S):
       BARRY YOUMANS
       723 BEM ST, RIVERSIDE, NJ 08075
       ------------------
   The debt amount varies from date to date. If you wish to know
   the current details, please contact: 1-877-NJ-KIDS1 (1-877-655-4371)
   or www.njchildsupport.org
                       *** End of Abstract ***



                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-171162-1997                CASE NUMBER: DC-006711-96
DATE DOCKETED: 03/27/97        DATE OF JUDGMENT IN S.C.P.: 02/05/97
TYPE OF ACTION: CONTRACT
VENUE: BURLINGTON
                                              DEBT:  $    3,193.55
                                              COSTS: $      126.88
                                              DCKG:  $        5.00
   CREDITOR(S):
       SEARS ROEBUCK & CO.
           ATTORNEY: KENNETH H. STRUCK
   DEBTOR(S):
       BARRY YOUMANS
                723 BEM ST, RIVERSIDE, NJ 08075
                -------------------
   03-20-01 SUBSTITUTION OF ATTORNEY FILED-FARR, BURKE, GAMBACORTA &
   WRIGHT, P.C.
                       *** End of Abstract ***



                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-273121-1997                CASE NUMBER: DC-001163-97
DATE DOCKETED: 06/23/97        DATE OF JUDGMENT IN S.C.P.: 04/24/97
TYPE OF ACTION: CONTRACT
VENUE: BURLINGTON
                                              DEBT:  $    1,269.43
                                              COSTS: $       88.39
                                              DCKG:  $        5.00
   CREDITOR(S):
       SEARS ROEBUCK AND COMPANY
           ATTORNEY: KENNETH H. STRUCK
   DEBTOR(S):
       BARRY YOUMANS
                723 BEM ST, RIVERSIDE, NJ 08075
                -------------------
   03-20-01 SUBSTITUTION OF ATTORNEY FILED- FARR, BURKE, GAMBACORTA
   & WRIGHT
                       *** End of Abstract ***
```

Sears Roebuck & Co. and Sears Roebuck and Company are one in the same and defendant herein is being designated as Sears Roebuck and Company.

```
                    SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-332284-1997           CASE NUMBER: DC-000034-96
DATE DOCKETED: 07/15/97          DATE OF JUDGMENT IN S.C.P.: 09/04/96
TYPE OF ACTION: CONTRACT
VENUS: BURLINGTON
                                         DEBT:  $    7,059.24
                                         CCSTS: $      197.18
                                         OTH:   $       79.14
                                         INT:   $      302.58
                                         DCKG:  $        5.00
CREDITOR(S):
    RANCOCAS HOSPITAL
        ATTORNEY: ELTMAN, ELTMAN & COOPER
DEBTOR(S):
    BARRY YOUMANS
        (No Address)

08-21-97 SUB. OF ATTORNEY: MATTLEMAN, WEINROTH & MILLER
                   *** End of Abstract ***
```

12. The following defendants are joined herein because they are the holder of an instrument or interest appearing of record which affect or may affect the Mortgaged Premises which has been paid in full but have not been discharged of record:

NONE.

13. In the event plaintiff is unable to determine the present whereabouts of defendant(s) Barry Youmans, Lisa R. Dabney, or ascertain if he/she/they is/are presently alive, and as a precaution, plaintiff has joined the following persons as party defendants to this foreclosure action for any lien, claim or interest they may have in, to, or against the mortgaged premises:

Barry Youmans; Lisa R. Dabney; his/her/their heirs, devisees and personal representatives, and his/her/their or any of their successors in right, title and interest.

14. Pursuant to the terms of the Note and Mortgage, plaintiff (or its predecessors, successors or servicing agent), reserved the right to pay taxes, municipal charges, or other liens affecting the Mortgaged Premises, which charges or liens are superior to the lien of the Mortgage. When paid by plaintiff (or its predecessors, successors, or servicing agent), these taxes, municipal charges, or other liens, together with interest thereon, are to be added to the amount due plaintiff, whether such advances were made prior to the filing of this action or during its pendency.

15. Plaintiff has complied with the Fair Foreclosure Act N.J.S.A. 2A:50-53, et seq., by serving the required Notice of Intention to Foreclose at least 30 days in advance of filing of this complaint.

WHEREFORE, the plaintiff demands judgment:

(a) Fixing the amount due on the Mortgage;

(b) Barring and foreclosing the defendants and each of them of all equity of redemption in and to the Mortgaged Premises;

(c) Directing that plaintiff be paid the amount due as provided in the Mortgage, together with interest, fees, costs and advances;

(d) Adjudging that the Mortgaged Premises be sold according to law to satisfy the amount due to plaintiff on the Mortgage; and

(e) Appointing a receiver of the rents, issues and profits of the Mortgaged Premises.

### SECOND COUNT

1. Plaintiff hereby repeats, re-alleges, and incorporates the allegations set forth in the First Count of the Complaint, as if set forth herein at length.

2. By the terms of the Note and Mortgage, plaintiff is entitled to possession of the Mortgaged Premises and all appurtenances.

3. The Mortgagor(s) and Obligor(s) named herein has or may claim to have certain rights in the Mortgaged Premises, and by reason thereof, has or have deprived plaintiff of possession of the Mortgaged Premises.

WHEREFORE, plaintiff demands judgment against the defendants, except those protected by N.J.S.A. 2A:18-61.1, et. seq.:

(a) for possession of the Mortgaged Premises in favor of plaintiff or its assignee or designee, which right to possession shall be transferred to the successful purchaser at the foreclosure sale;

(b) for costs.

### THIRD COUNT

1. Plaintiff repeats and re-alleges each and every allegation to the first two counts of the Complaint as if each were set forth herein at length.

2. Inadvertently and due to clerical error, the face page of plaintiff's Mortgage erroneously states that the property is situated in the City of Riverside, Essex County, New Jersey; when in fact it should read as the City of Riverside, Burlington County, New Jersey.

**WHEREFORE**, plaintiff demands judgment on the Third Count of this Complaint reforming the face page of plaintiff's Mortgage to correctly recite that the property is situated in the City of Riverside, Burlington County, New Jersey.

ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff

By: _____
JAMAR BENJAMIN, ESQ.
FOR THE FIRM

Dated: June 9, 2015