AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **In re** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

---

**CERTIFICATE OF NO OBJECTION REGARDING APPLICATION
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY
OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO
11 U.S.C. §§ 328 AND 1103, *NUNC PRO TUNC* TO OCTOBER 29, 2018**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405], entered on November 1, 2018 (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1. On October 15, 2018 (the "Petition Date") and continuing thereafter, each of the Debtors filed a voluntary petition for relief pursuant to title 11 of the United States Code (the "Bankruptcy Code").

2. On October 24, 2018, pursuant to Bankruptcy Code section 1102, the United States Trustee for the Southern District of New York appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") [ECF No. 276].[2] On December 6, 2018, the Creditors' Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Retention and Employment of Houlihan Lokey Capital, Inc. as Investment Banker to the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328(a) and 1103,* Nunc Pro Tunc *to October 29, 2018* [ECF No. 1071] (the "Application").

3. The Creditors' Committee served the Application and proposed order (as amended, the "Proposed Order")[3] on December 6 and December 7, 2018 [ECF No. 1092].

---

[2] The Creditors' Committee currently comprises: (i) Apex Tool Group, LLC; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A., as indenture trustee; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group L.P.; (vii) The Bank of New York Mellon Trust Company, N.A., as indenture trustee; (viii) Basil Vasiliou; and (ix) Winiadaewoo Electronics America, Inc.

[3] The Proposed Order, as amended to reflect certain informal clarification requests received by the Creditors' Committee, is annexed hereto as **Exhibit A**, along with a blackline reflecting such clarifications, annexed hereto as **Exhibit B**.

4.      The deadline for parties to object or file responses to the Application was December 13, 2018, at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline"). Local Rule 9075-2 provides that a motion or application may be granted without a hearing, provided that no objections or the responsive pleadings have been filed prior to 48 hours after the passage of the objection deadline and the attorney for the entity who filed the pleadings complies with certain procedural and notice requirements. Similarly, the Amended Case Management Order provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

5.      The Objection Deadline has passed and, to the best of my knowledge, no formal objection, responsive pleading or request for a hearing with respect to the Application has been (a) filed with the Court or (b) served on counsel to the Creditors' Committee. The Creditors' Committee did receive, however, certain informal comments to the Proposed Order, which comments have been incorporated into the Proposed Order. Accordingly, the Creditors' Committee respectfully requests that the Proposed Order, annexed hereto as **Exhibit A**, be entered in accordance with Local Rule 9075-2 and the Amended Case Management Order.

[*Remainder of page left blank intentionally.*]

I declare the foregoing is true and correct.

| | |
|---|---|
| New York, New York<br>Dated:  December 17, 2018 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/  *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br><br>*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |

**EXHIBIT A**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 328 AND 1103, *NUNC PRO TUNC* TO OCTOBER 29, 2018

Upon the application, dated December 6, 2018 (the "Application"), of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the Creditors' Committee to retain and employ Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as investment banker for the Creditors' Committee, *nunc pro tunc* to October 29, 2018, pursuant to the terms of that certain engagement letter between the Creditors' Committee and Houlihan Lokey, dated as of October 29, 2018 (the "Engagement Agreement"), all as more fully described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and determined that the employment of Houlihan Lokey by the Creditors' Committee is necessary and in the best interest of the Debtors' estates, creditors, and other parties in interest and that the terms of compensation being sought by the Application as set forth in the Engagement Agreement are reasonable; and the Court having considered the Declaration of Saul E. Burian, dated December 6, 2018 (the "Burian Declaration") filed in support of the Application; and the Court being satisfied based on the representations in the Application and the Burian Declaration that Houlihan Lokey does not represent any other entity having an adverse interest in connection with the chapter 11 cases; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103, the Creditors' Committee is authorized to retain and employ Houlihan Lokey as its investment banker in these chapter 11 cases pursuant to the terms and subject to the conditions set forth in the Engagement Agreement, the Application, the Burian Declaration and this Order, *nunc pro tunc* to October 29, 2018.

3. All compensation and reimbursement of expenses to be paid to Houlihan Lokey shall be subject to the standard of review provided in Bankruptcy Code section 328(a), and not subject to any other standard of review under Bankruptcy Code section 330, and none of the fees contemplated by the Engagement Agreement shall constitute a "bonus" under applicable law. Houlihan Lokey shall be compensated in accordance with this Court's *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796].

4. Notwithstanding the preceding paragraph, the compensation to be paid to Houlihan Lokey shall be subject to prior approval of this Court pursuant to the standard of review described above, and the U.S. Trustee shall retain the right to object to the compensation payable pursuant to the Engagement Agreement based on the reasonableness standard provided for in Bankruptcy Code section 330 of the Bankruptcy Code.

5. Houlihan Lokey's Deferred Fee (as defined in the Engagement Agreement) is herby included, in full, in the Permitted Carve-Out Consummation Fees, as provided for, and defined in, the *Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured*

*Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [ECF No. 955]. Upon the conversion of the chapter 11 cases to chapter 7, the full amount of the Deferred Fee shall be due, payable and owing under the Carve Out and treated *pari passu* with all other professional fees in these chapter 11 cases included in the relevant Carve Out.

6. In the event Houlihan Lokey seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's own application and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses (the "U.S. Trustee Fee Guidelines") and the approval of the Bankruptcy Court under the Bankruptcy Code sections 330 and 331.

7. In light of the services to be provided by Houlihan Lokey and the compensation structure in the Engagement Agreement, Houlihan Lokey and its professionals shall be excused from the requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-1 and the U.S. Trustee Fee Guidelines or conform to a schedule of hourly rates for its professionals; *provided*, *however*, that, notwithstanding that Houlihan Lokey does not charge for its services on an hourly basis, Houlihan Lokey will nonetheless maintain reasonably detailed time records in 0.5 hour increments containing descriptions of those services rendered for the Creditors' Committee, and the individuals who provided those services, and shall present such records to the Court, and will also provide a list of names of professional employees not in the financial restructuring group who provide services through the course of the engagement.

8. The Debtors shall be bound by the indemnification, contribution, reimbursement and exculpation provisions set forth in the Engagement Agreement, subject during the pendency of these cases to the following:

    a. All requests by Indemnified Parties for the payment of indemnification, contribution, or otherwise as set forth in the Engagement Agreement during the pendency of these chapter 11 cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity, contribution, or other payment is sought; *provided* that in no event shall any Indemnified Party be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct. In no event shall an Indemnified Party be indemnified if the Debtors or a representative of the estate asserts a claim for, and the Court determines by final order that such claim arose out of, such Indemnified Party's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

    b. In the event an Indemnified Party seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's own applications, both interim and final, and such invoices and time records shall be subject to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (General Order M-447), and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. To the extent this Order is inconsistent with the Engagement Agreement or the Application, this Order shall govern.

10. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: _____, 2018
       White Plains, New York

                                              _____
                                              THE HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE

18-23538-shl    Doc 1270    Filed 12/17/18    Entered 12/17/18 16:08:39    Main Document
Pg 11 of 18

## **EXHIBIT B**

Redline of Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

---

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 328 AND 1103, *NUNC PRO TUNC* TO OCTOBER 29, 2018

Upon the application, dated December 6, 2018 (the "Application"), of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the Creditors' Committee to retain and employ Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as investment banker for the Creditors' Committee, *nunc pro tunc* to October 29, 2018, pursuant to the terms of that certain engagement letter between the Creditors' Committee and Houlihan Lokey, dated as of October 29, 2018 (the "Engagement Agreement"), all as more fully described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and determined that the employment of Houlihan Lokey by the Creditors' Committee is necessary and in the best interest of the Debtors' estates, creditors, and other parties in interest and that the terms of compensation being sought by the Application as set forth in the Engagement Agreement are reasonable; and the Court having considered the Declaration of Saul E. Burian, dated December 6, 2018 (the "Burian Declaration") filed in support of the Application; and the Court being satisfied based on the representations in the Application and the Burian Declaration that Houlihan Lokey does not represent any other entity having an adverse interest in connection with the chapter 11 cases; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103, the Creditors' Committee is authorized to retain and employ Houlihan Lokey as its investment banker in these chapter 11 cases pursuant to the terms and subject to the conditions set forth in the Engagement Agreement, the Application, the Burian Declaration and this Order, *nunc pro tunc* to October 29, 2018.

3. All compensation and reimbursement of expenses to be paid to Houlihan Lokey shall be subject to the standard of review provided in Bankruptcy Code section 328(a), and not subject to any other standard of review under Bankruptcy Code section 330, and none of the fees contemplated by the Engagement Agreement shall constitute a "bonus" under applicable law. Houlihan Lokey shall be compensated in accordance with this Court's *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796].

4. Notwithstanding the preceding paragraph, the compensation to be paid to Houlihan Lokey shall be subject to prior approval of this Court pursuant to the standard of review described above, and the U.S. Trustee shall retain the right to object to the compensation payable pursuant to the Engagement Agreement based on the reasonableness standard provided for in Bankruptcy Code section 330 of the Bankruptcy Code.

5. Houlihan Lokey's Deferred Fee (as defined in the Engagement Agreement) is herby included, in full, in the Permitted Carve-Out Consummation Fees, as provided for, and defined in, the *Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III)*

*Modifying the Automatic Stay; and (IV) Granting Related Relief* [ECF No. 955]. Upon the conversion of the chapter 11 cases to chapter 7, the full amount of the Deferred Fee shall be due, payable and owing under the Carve Out and treated *pari passu* with all other professional fees in these chapter 11 cases included in the relevant Carve Out.

6. In the event Houlihan Lokey seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's own application and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses (the "U.S. Trustee Fee Guidelines") and the approval of the Bankruptcy Court under the Bankruptcy Code sections 330 and 331.

7. In light of the services to be provided by Houlihan Lokey and the compensation structure in the Engagement Agreement, Houlihan Lokey and its professionals shall be excused from the requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a), Local Rule 2016-1 and the U.S. Trustee Fee Guidelines or conform to a schedule of hourly rates for its professionals; *provided*, *however*, that, notwithstanding that Houlihan Lokey does not charge for its services on an hourly basis, Houlihan Lokey will nonetheless maintain reasonably detailed time records in 0.5 hour increments containing descriptions of those services rendered for the Creditors' Committee, and the individuals who provided those services, and shall present such records to the Court, and will also provide a list of names of professional employees not in the financial restructuring group who provide services through the course of the engagement.

8. The Debtors shall be bound by the indemnification, contribution, reimbursement and exculpation provisions set forth in the Engagement Agreement, subject during the pendency of these cases to the following:

    a. All requests by Indemnified Parties for the payment of indemnification, contribution, or otherwise as set forth in the Engagement Agreement during the pendency of these chapter 11 cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity, contribution, or other payment is sought; *provided* that in no event shall any Indemnified Party be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct. In no event shall an Indemnified Party be indemnified if the Debtors or a representative of the estate asserts a claim for, and the Court determines by final order that such claim arose out of, such Indemnified Party's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

    b. In the event an Indemnified Party seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's own applications, both interim and final, and such invoices and time records shall be subject to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (General Order M-447), and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. To the extent this Order is inconsistent with the Engagement Agreement or the Application, this Order shall govern.

10. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: _____, 2018
      White Plains, New York

_____

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litéra® Change-Pro TDC 10.1.0.300 Document comparison done on 12/14/2018 3:29:49 PM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** Sears - Houlihan Original Order.docx ||
| **Modified filename:** Sears - Houlihan Retention Order (12.14.18).docx ||
| **Changes:** ||
| Add | 1 |
| Delete | 0 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 1 |