AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | Case No. 18-23538 (RDD) |
| | : | |
| **Debtors.**[1] | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------

**CERTIFICATE OF NO OBJECTION REGARDING**
**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT**
**TO 11 U.S.C. §§ 328 AND 1103, *NUNC PRO TUNC* TO OCTOBER 25, 2018**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405], entered on November 1, 2018 (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1.      On October 15, 2018 (the "Petition Date") and continuing thereafter, each of the Debtors filed a voluntary petition for relief pursuant to title 11 of the United States Code (the "Bankruptcy Code").

2.      On October 24, 2018, pursuant to Bankruptcy Code section 1102, the United States Trustee for the Southern District of New York appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") [ECF No. 276].[2]  On December 6, 2018, the Creditors' Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of An Order Authorizing The Retention And Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328 and 1103*, Nunc Pro Tunc *to October 25, 2018* [ECF No. 1074] (the "Application").

3.      The Creditors' Committee served the Application and proposed order (as amended, the "Proposed Order")[3] on December 6 and December 7, 2018 [ECF No. 1092].

---

[2] The Creditors' Committee currently comprises: (i) Apex Tool Group, LLC; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A., as indenture trustee; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group L.P.; (vii) The Bank of New York Mellon Trust Company, N.A., as indenture trustee; (viii) Basil Vasiliou; and (ix) Winiadaewoo Electronics America, Inc.

[3] The Proposed Order, as amended to reflect certain informal clarification requests received by the Creditors' Committee, is annexed hereto as **Exhibit A**, along with a blackline reflecting such clarifications annexed hereto as **Exhibit B**.

4.      The deadline for parties to object or file responses to the Application was

December 13, 2018, at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").  Local

Rule 9075-2 provides that a motion or application may be granted without a hearing, provided

that no objections or the responsive pleadings have been filed prior to 48 hours after the passage

of the objection deadline and the attorney for the entity who filed the pleadings complies with

certain procedural and notice requirements.  Similarly, the Amended Case Management Order

provides that a motion or application may be granted without a hearing, provided that no

objections or other responsive pleadings have been filed after the passage of the Objection

Deadline and the attorney for the entity who filed the pleadings complies with the terms of the

Amended Case Management Order.

5.      The Objection Deadline has passed and, to the best of my knowledge, no formal

objection, responsive pleading or request for a hearing with respect to the Application has been

(a) filed with the Court or (b) served on counsel to the Creditors' Committee.  The Creditors'

Committee did receive, however, certain informal comments to the Proposed Order, which

comments have been incorporated into the Proposed Order.  Accordingly, the Creditors'

Committee respectfully requests that the Proposed Order, annexed hereto as **Exhibit A**, be

entered in accordance with Local Rule 9075-2 and the Amended Case Management Order.  A

redline of the Proposed Order marked against the version filed with the Application is annexed

hereto as **Exhibit B**, which reflects a clarification to the Proposed Order.


*[Reminder of page left blank intentionally.]*

I declare the foregoing is true and correct.

New York, New York                          AKIN GUMP STRAUSS HAUER & FELD LLP
Dated: December 17, 2018

                                            /s/  *Ira S. Dizengoff*
                                            Ira S. Dizengoff
                                            Philip C. Dublin
                                            Abid Qureshi
                                            Sara L. Brauner
                                            One Bryant Park
                                            New York, New York 10036
                                            Telephone: (212) 872-1000
                                            Facsimile: (212) 872-1002

                                            *Counsel to the Official Committee of Unsecured*
                                            *Creditors of Sears Holdings Corporation, et al.*

## **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
|                                          |   :
| **In re**                                |   :   Chapter 11
|                                          |   :
| **SEARS HOLDINGS CORPORATION,** *et al.,* |   :   Case No. 18-23538 (RDD)
|                                          |   :
| **Debtors.**[1]                          |   :   (Jointly Administered)
|                                          |   :
------------------------------------------------------------

### ORDER AUTHORIZING THE RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 25, 2018

Upon the application (the "<u>Application</u>") of the Official Committee of Unsecured

Creditors (the "<u>Creditors' Committee</u>") of Sears Holdings Corporation and its affiliated debtors

and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an order pursuant to sections

328(a) and 1103(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014

and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules

2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"<u>Local Bankruptcy Rules</u>") authorizing the Creditors' Committee to retain and employ FTI

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Consulting, Inc. (together with its wholly-owned subsidiaries and independent contractor(s),

"FTI") as financial advisor, all as more fully described in the Application; and the Court being

satisfied, based on the representations made in the Application and the Star Declaration in

support of the Application that the employment of FTI by the Creditors' Committee is in the best

interests of the Debtors' estates and their unsecured creditors, that FTI does not hold or represent

any entity having an interest adverse to the interests of the Debtors' estates and is a "disinterested

person" as that term is defined in Bankruptcy Code section 101(14); and the Court having

jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§

157 and 1334; and consideration of the Application and the requested relief being a core

proceeding pursuant to 28 U.S.C. 157(b)(2); and venue being proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given;

and it appearing that no other notice or further notice need be given; and the Court having

reviewed the Application and determined that the legal and factual bases set forth therein

establish just cause for the relief granted herein; and upon all of the proceedings had before the

Court and after due deliberation and sufficient cause appearing therefore, it is HEREBY

ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The Creditors' Committee is authorized to retain and employ FTI as its financial

advisor in these chapter 11 cases, pursuant to the terms and conditions set forth in the

Application and this Order, *nunc pro tunc* to October 25, 2018.

3.      FTI shall be compensated in accordance with the procedures set forth in

Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, from

time to time, and such other orders and procedures as may be fixed by this Court (including the

*Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* [ECF No. 796]).

4.      FTI is entitled to reimbursement of actual and necessary expenses, including

reasonable legal fees and expenses related to the Application and future fee applications as

approved by the Court.

5.      The following indemnification provisions are approved:

a.   all requests for payment of indemnity shall be made by means of a fee

application and shall be subject to the approval of, and review by, the Court to

ensure that such payment conforms to the terms of any indemnification

agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy

Rules and other orders of this Court and is reasonable based on the

circumstances of the litigation or settlement in respect of which indemnity is

sought;

b.   in no event shall FTI be indemnified or receive contribution or other payment

if the Debtor or a representative of the Debtor's estate asserts a claim for, and

a court determines by a final order that such claims primarily arose out of,

such person's gross negligence, willful misconduct, or fraud of any

indemnified parties; and

c.   in the event FTI seeks reimbursement of attorneys' fees from the Debtor

pursuant to the indemnification agreement, the invoices and supporting time

records from such attorneys shall be attached to FTI's own interim and final

fee applications, and such invoices and time records shall be subject to

approval of the Bankruptcy Court under the standards of section 330 and

applicable law of the Bankruptcy Code without regard to whether such

attorneys have been retained under the Bankruptcy Code and without regard

3

to whether such attorneys' services satisfy section 330(a)(3)(C) of the

Bankruptcy Code.

6.    This Court shall retain jurisdiction with respect to all matters arising or related to

the implementation of this order.


Dated: _____, 2018
       White Plains, New York

_____

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## <u>EXHIBIT B</u>

**Redline of Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

### ORDER AUTHORIZING THE RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 25, 2018

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") authorizing the Creditors' Committee to retain and employ FTI

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Consulting, Inc. (together with its wholly-owned subsidiaries and independent contractor(s),

"FTI") as financial advisor, all as more fully described in the Application; and the Court being

satisfied, based on the representations made in the Application and the Star Declaration in

support of the Application that the employment of FTI by the Creditors' Committee is in the best

interests of the Debtors' estates and their unsecured creditors, that FTI does not hold or represent

any entity having an interest adverse to the interests of the Debtors' estates and is a

"disinterested person" as that term is defined in Bankruptcy Code section 101(14); and the Court

having jurisdiction to consider the Application and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; and consideration of the Application and the requested relief being a

core proceeding pursuant to 28 U.S.C. 157(b)(2); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having

been given; and it appearing that no other notice or further notice need be given; and the Court

having reviewed the Application and determined that the legal and factual bases set forth therein

establish just cause for the relief granted herein; and upon all of the proceedings had before the

Court and after due deliberation and sufficient cause appearing therefore, it is HEREBY

ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The Creditors' Committee is authorized to retain and employ FTI as its financial

advisor in these chapter 11 cases, pursuant to the terms and conditions set forth in the

Application and this Order, *nunc pro tunc* to October 25, 2018.

3.      FTI shall be compensated in accordance with the procedures set forth in

Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, from

time to time, and such other orders and procedures as may be fixed by this Court *(including the*

*Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of*

2

*Professionals* [ECF No. 796]).

4.      FTI is entitled to reimbursement of actual and necessary expenses, including reasonable legal fees and expenses related to the Application and future fee applications as approved by the Court.

5.      The following indemnification provisions are approved:

a.   all requests for payment of indemnity shall be made by means of a fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of any indemnification agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and other orders of this Court and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought;

b.   in no event shall FTI be indemnified or receive contribution or other payment if the Debtor or a representative of the Debtor's estate asserts a claim for, and a court determines by a final order that such claims primarily arose out of, such person's gross negligence, willful misconduct, or fraud of any indemnified parties; and

c.   in the event FTI seeks reimbursement of attorneys' fees from the Debtor pursuant to the indemnification agreement, the invoices and supporting time records from such attorneys shall be attached to FTI's own interim and final fee applications, and such invoices and time records shall be subject to approval of the Bankruptcy Court under the standards of section 330 and applicable law of the Bankruptcy Code without regard to whether such attorneys have been retained under the Bankruptcy Code and without regard

3

to whether such attorneys' services satisfy section 330(a)(3)(C) of the

Bankruptcy Code.

6.    This Court shall retain jurisdiction with respect to all matters arising or related to

the implementation of this order.


Dated: _____, 2018
        White Plains, New York

                                    _____

                                    THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE

4

| Summary report: Litéra® Change-Pro TDC 10.1.0.300 Document comparison done on 12/14/2018 3:32:14 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Sears - FTI Retention Order (12.14.18).docx | |
| **Modified filename:** Sears - FTI Retention Order (1).docx | |
| **Changes:** | |
| Add | 1 |
| Delete | 0 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 1 |