AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| **In re** | : | Chapter 11 |
|  | : |  |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
|  | : |  |
| **Debtors.**[1] | : | (Jointly Administered) |
|  | : |  |

# JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' RESPONSE TO APPLICATION OF GA CAPITAL FOR ALLOWANCE OF PAYMENT OF FEES AND EXPENSES PURSUANT TO BANKRUPTCY CODE SECTIONS 503(B)(3)(D) AND 503(B)(4)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this joinder (the "Joinder") to the *Debtors' Response to Application of GA Capital for Allowance and Payment of Fees and Expenses Pursuant to Bankruptcy Code Sections 503(b)(3)(D) and 503(b)(4)* [ECF No. 1264] (the "Response" and the underlying application, the "Application").[2] In support of this Joinder, the Creditors' Committee respectfully states as follows.

## JOINDER AND RESERVATION OF RIGHTS

1. By the Application, GA Capital seeks payment of the fees and expenses it incurred in connection with submitting a bid for, and negotiating documents in connection with, the Junior DIP Financing. The Creditors' Committee agrees with the Debtors' argument, as set forth in the Response, that GA Capital has not met its burden of demonstrating a substantial contribution to the administration of the Debtors' estates under Bankruptcy Code section 503(b) sufficient to warrant reimbursement of all of the fees and expenses GA Capital incurred in connection with the Junior DIP Financing. *In re Villa Luisa, L.L.C.*, 354 B.R. 345, 348 (Bankr. S.D.N.Y. 2006) ("The burden of proving substantial contribution rests on the petitioning creditor and it is exceedingly difficult since the general presumption is that the creditor is acting in its own interest" and requires "extraordinary creditor actions . . . when the creditor's involvement truly fosters and enhances the administration of the estate."). Accordingly, the Creditors' Committee expressly joins, adopts, and incorporates the arguments set forth in the Response, as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Response.

2.     In order to demonstrate a substantial contribution, a creditor seeking payment of fees and expenses under Bankruptcy Code section 503(b) must show that such creditor's participation resulted in an actual and demonstrable benefit to the administration of the chapter 11 cases and, thus, to the debtors' estates.  Such participation "generally take[s] the form of constructive contributions in key reorganizational aspects, when *but for* the role of the creditor, the movement towards final reorganization would have been substantially diminished." *U.S. Lines, Inc.*, 103 B.R. at 430 (emphasis added) (quoting *In re D. W.G.K. Rest., Inc.*, 84 B.R. 684, 690 (Bankr. S.D. Cal. 1988)).

3.     Significantly, courts in the Second Circuit hold that, notwithstanding any incidental benefit to the cases, the fees and expenses of unsuccessful bidders—such as GA Capital—do not amount to a substantial contribution compensable under Bankruptcy Code section 503(b).  *See, e.g.*, *In re S & Y Enterprises, LLC*, 480 B.R. 452, 463 (Bankr. E.D.N.Y. 2012) ("[A] substantial contribution administrative expense for an unsuccessful bidder is not warranted.").  The rationale for this rule is straightforward.  A substantial contribution arises most frequently when a creditor plays a leadership role that otherwise would have been performed by an estate-compensated professional, *In re Bayou Grp., LLC*, 431 B.R. 549, 562 (Bankr. S.D.N.Y. 2010), whereas an unsuccessful bidder acts primarily in its own self-interest and not for the benefit of the debtor's estate as a whole.  *In re S & Y*, 480 B.R. at 463.

4.     Notwithstanding the foregoing, the Creditors' Committee, like the Debtors, acknowledges that GA Capital contributed to the administration of the Debtors' chapter 11 cases through its preparation of documents that ultimately served as the basis of the Cyrus-led Junior DIP Financing.  GA Capital's rhetoric and approach to seeking reimbursement of all of its expenses, however, is unproductive and unfounded.  Indeed, as the Debtors make clear in the

3

Response, the Debtors volunteered to pay (with the support of the Creditors' Committee) a reasonable amount of GA Capital's fees and expenses once it became apparent that Cyrus had outbid GA Capital to be the Junior DIP Lender. This offer was rebuffed and, rather than provide a counter, GA Capital merely filed the Application attacking the Debtors' process and seeking an administrative expense claim of approximately $2.1 million.[3]

5.  Accordingly, the Creditors' Committee respectfully submits that, even if GA Capital's efforts constitute a substantial contribution pursuant to Bankruptcy Code section 503(b), GA Capital has not met its burden of demonstrating either the reasonableness of its fees and expenses or that all of such fees and expenses were actual and necessary. As an initial matter, GA Capital is not—under any circumstances—entitled to reimbursement of fees or expenses incurred prior to November 14, 2018, when GA Capital was selected as the Junior DIP Lender. GA Capital's efforts up to that point were for the sole purpose of advancing its own economic interest in serving as the Junior DIP Lender.

6.  Second, the Application (and the 60-page invoice for Paul Hastings's services filed on December 12, 2018) otherwise provides insufficient detail to assess the reasonableness of the requested fees under Bankruptcy Code section 330. For example, the Application contains little more than conclusory statements that the Junior DIP Financing "required a tremendous amount of legal and business work and diligence," or that it "required extensive negotiation over the liens and rights to be granted . . . and how those liens and rights would relate to each other." Application ¶¶ 68-69. Moreover, the Debtors and the Creditors' Committee should not be

---

[3] Moreover, Bankruptcy Code section 503(b) entitles creditors demonstrating a substantial contribution to *reimbursement* of fees and expenses. *See e.g.*, *In re Bayou Grp., LLC*, 431 B.R. 549, 564 (Bankr. S.D.N.Y. 2010) (noting that there is no guarantee that a creditor's fees and expenses will be reimbursed under Bankruptcy Code section 503(b)). GA Capital has failed to demonstrate that counsel fees and related expenses actually were paid and, therefore, that it is entitled to reimbursement of such costs.

4

required to sift through Paul Hastings's 60-page invoice, which was not provided to the Debtors or the Creditors' Committee until it was filed as an exhibit to the *Revised Proposed Order for the Application* [ECF No. 1179] on the evening of December 12, 2018, to determine the reasonableness of Paul Hastings's requested fees and expenses. As set forth in the Response, an initial review of the time records reveals that certain entries do not meet the reasonableness requirement, as they contain numerous block-billed time entries and vague and incomplete descriptions of the work performed.

7. In view of the foregoing, GA Capital has failed to meet its burden of demonstrating a substantial contribution to the Debtors' estates under Bankruptcy Code section 503(b) such that it is in entitled to payment of all of its requested fees and expenses. However, as set forth herein, the Creditors' Committee agrees with the Debtors' view that GA Capital is entitled to some portion of its fees and expenses incurred in connection with the documentation of the Junior DIP Facility. Accordingly, by this Joinder, the Creditors' Committee requests that the Court deny the Application without prejudice.

8. The Creditors' Committee reserves the right to supplement and join in any other filings and to present further arguments at any hearing on the Application.

| | |
|---|---|
| New York, New York<br>Dated:  December 17, 2018 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/  *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>E-mail: idizengoff@akingump.com<br>           pdublin@akingump.com<br>           aqureshi@akingump.com<br>           sbrauner@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |