WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                  :    Chapter 11
                                                       :
**SEARS HOLDINGS CORPORATION,** *et al.*,              :    Case No. 18-23538 (RDD)
                                                       :
Debtors.[1]                                            :    (Jointly Administered)
                                                       :
------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION REGARDING**
**MOTION OF DEBTORS FOR ENTRY OF ORDER FURTHER**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES,
STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On December 6, 2018 the Debtors filed the *Motion of Debtors for Entry of Order Further Extending Time to File Schedules of Assets and Liabilities, Statements of Financial Affairs, and Rule 2015.3 Financial Reports* (ECF No. 1080) (the "**Motion**").

2. The Debtors served the Motion as reflected in the affidavit of service filed at ECF No. 1141.

3. The Motion established a deadline (the "**Objection Deadline**") for parties to object or file responses to the Motion for December 13, 2018 at 4:00 p.m. (prevailing Eastern Time). The Objection Deadline was extended for the Creditors' Committee. The *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

4. The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading, or request for a hearing with respect to the Motion has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors.

5. Accordingly, the Debtors respectfully request that the proposed order granting the relief requested in the Motion, annexed hereto as **Exhibit A**, be entered in accordance with the Amended Case Management Order. A redline of the proposed order marked against the version filed with the Motion is annexed hereto as **Exhibit B**, which reflects non-substantive edits to the proposed order.

I declare that the foregoing is true and correct.

Dated: December 18, 2018
      New York, New York

    /s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit A

**Proposed Order**

WEIL:\96846099\2\73219.0006

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :     Chapter 11
                                              :
SEARS HOLDINGS CORPORATION, et al.,           :     Case No. 18-23538 (RDD)
                                              :
        Debtors.[1]                           :     (Jointly Administered)
                                              :
------------------------------------------------------------x
```

### ORDER FURTHER EXTENDING DEBTORS' TIME TO FILE SCHEDULES OF ASSETS AND LIABILITES, STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS

Upon the motion, dated December 6, 2018 (ECF No. 1080) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 1007(c), 2015.3(d), and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

further extending the period of time to file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs (collectively, the "**Schedules**") by an additional thirty-five (35) days, through and including January 17, 2019, without prejudice to the Debtors' ability to request additional extensions; and (b) extending the deadline by which they must file their 2015.3 Reports to thirty-five (35) days after the 341 Meeting, scheduled for December 13, 2018, through and including January 17, 2019, without prejudice to the Debtors' ability to request additional extensions, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and no objection having been filed and the Debtors having submitted a certificate of no objection, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1007(c) and 9006(b), the time by which the Debtors shall file their Schedules is extended by an additional thirty-five (35) days, through and including January 17, 2019, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor.

3. Pursuant to Bankruptcy Rule 2015.3, the time by which the Debtors shall file their 2015.3 Reports is extended through and including January 17, 2019, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor.

4. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
      White Plains, New York

                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Redline**

WEIL:\96846099\2\73219.0006

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, *et al.*,                       :    Case No. 18-23538 (RDD)
                                                            :
Debtors.[1]                                                 :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**ORDER FURTHER EXTENDING DEBTORS' TIME TO**
**FILE SCHEDULES OF ASSETS AND LIABILITIES, STATEMENTS**
**OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS**

Upon the motion, dated December 6, 2018 (ECF No. [⎯]1080)⸺ (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 1007(c), 2015.3(d), and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

further extending the period of time to file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs (collectively, the "**Schedules**") by an additional thirty-five (35) days, through and including January 17, 2019, without prejudice to the Debtors' ability to request additional extensions; and (b) extending the deadline by which they must file their 2015.3 Reports to thirty-five (35) days after the 341 Meeting, scheduled for December 13, 2018, through and including January 17, 2019, without prejudice to the Debtors' ability to request additional extensions, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and ~~the Court having held a hearing to consider the relief requested in the Motion on December 20, 2018 (the "**Hearing**"); and upon the record of the Hearing~~ no objection having been filed and the Debtors having submitted a certificate of no objection, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in

the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1007(c) and 9006(b), the time by which the Debtors shall file their Schedules is extended by an additional thirty-five (35) days, through and including January 17, 2019, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor.

3. Pursuant to Bankruptcy Rule 2015.3, the time by which the Debtors shall file their 2015.3 Reports is extended through and including January 17, 2019, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor.

4. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
   White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE