Allen G. Kadish
Lance A. Schildkraut
ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Email: akadish@archerlaw.com
      lschildkraut@archerlaw.com

    and

Kenneth M. Florey
M. Neal Smith
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
      nsmith@robbins-schwartz.com

    and

Matthew T. Gensburg
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

### AFFIDAVIT OF SUSAN HARKIN

Susan Harkin, being first duly sworn, on oath deposes and says:

1. I am over 21 years of age, and if called to testify, could competently state the following facts based my own personal knowledge.

813363v1

2. Since 2012 through the date of this Affidavit, I have been the Chief Operating Officer and Chief School Business Official for Community Unit School District 300, an Illinois school district (the "School District"). My duties and responsibilities as the School District's Chief Operating Officer and Chief School Business Official include, but are not limited to, overseeing non-academic areas of the School District which include human resources, finance, operations and maintenance, technology, student transportation, food service, grants, purchasing and construction, financial projections, long-range financial planning, cash flow management, budgeting and financial reporting, enrollment projections, and master facilities planning. Additionally, I work with the School Board Finance and Construction and Facilities Oversight Committees.

3. Prior to 2012, Community Consolidated School District 47 employed me as the Chief School Business Official and Chief Financial Officer. I have earned a Masters Degree in School Business Administration from Northern Illinois University. I have completed all coursework for my Educational Leadership Doctorate from Concordia University and am working to complete my dissertation.

4. The School District is a public school district located in Cook, Kane and McHenry Counties, Illinois. The School District is entitled to levy and receive collected real estate taxes on real property located within its corporate boundaries. The School District receives 72% of its revenue from local funding inclusive of local property taxes.

5. The School District consists of 1 preschool, 16 primary schools, 1 K-8 school, 4 middle schools, 1 alternative school, 1 charter school and 3 high schools, has in excess of 21,000 students and is the sixth largest school district in the State of Illinois. The percentage of students in our schools at or below the poverty level is 42%. The School District's average class size of

23 is higher than the State of Illinois average and its expenditures per student of $11,150 is lower than the State of Illinois average of $13,335. Prior to the 2012 extension and renegotiation of the Sears EDA, the School District issued Tax Anticipation Warrants ("TAWs") to fund payroll until spring property taxes were received. For 2019, the School District was designated at the highest Tier (Tier 1) of underfunded schools under the State's evidenced-based funding formula and had an adequacy funding gap of $99.2 million.

6. Under the Illinois Sears EDA Act (the "EDA Act"), a significant portion of the property tax dollars that would normally go to the School District are diverted to Sears Holdings Corporation (the "Debtor") as detailed in our State of Illinois circuit court Complaint the School District filed against Sears, a copy of which is attached as Exhibit A and which factual statements are incorporated into this affidavit ("Verified Complaint"). Under the EDA Act, after Sears pays its property tax bill for property taxes ("Taxes") assessed against the Sears corporate headquarters in the Village of Hoffman Estates ("Village"), Illinois, to Cook County ("County"). The County then sends these property tax proceeds to the Village that deposits them in an EDA Fund. The Village then disperses 45% (approximately $7.2 million) of the Taxes to the local government taxing districts ("Local Districts"), i.e. the School District, the Public Library District, the Park District etc., and returns 55% (approximately $8.8 million) of the Taxes back to Sears as long as Sears qualifies under the EDA Act. Sears no longer qualifies for the 55% Local Governments property taxes rebates, if its full-time equivalent (FTE) employee head count at the Hoffman Estates corporate headquarters falls below the 4,250 statutory minimum in the EDA Act. The School District believes that Sears has dropped below this employee count based on media reports, copies of which are included in Exhibit 2 of the School District's Verified Complaint, of the many employee layoffs at the Sears corporate headquarters, and a statement

and admission by Sears with respect to this fact in an Agreement Sears reached with the State of Illinois. In this Agreement, a copy of which is included as Exhibit 3 in the School District's Verified Complaint, the State of Illinois and Sears stipulate that as of May 31, 2017, the number of Sears retained employees fell below the 4,250 threshold. The School District has since asked Sears to verify the number of employees at its corporate headquarters, but Sears refused to provide any information.

7. Since the Illinois General Assembly extended the EDA Act in 2012, the Village has consistently followed the process of distributing the 45% to the Local Districts, which have budgeted and expended their share of the 45% to pay for public services and operations such as employees, operating expenses, capital maintenance and facilities improvement and repairs. For the School District, its annual capital improvements plan, which includes critical capital repairs and improvements to the school buildings, is funded by the School District's share of the 45% distribution. Under the EDA Act, Sears has never received any portion of the Local Governments' 45% share.

8. Sears now objects to the Village distributing this 45% share to the Local Governments that could adversely affect each of the Local Governments including the School District. Sears asserts that the Village cannot distribute the 45% to the Local Governments but must distribute the 55% to Sears (which the School District asserts, in its State of Illinois case and Motion for a Temporary Restraining Order would subject the Village to potential liability to the School District and other Local Governments as violation of the EDA Act) or the Village will violate the automatic stay. These assertions obviously concern the School District and the Village. Critically, the Village needs direction from the Bankruptcy Court regarding the 45%

and 55% distributions as soon as possible. The next Village Board meeting at which these distributions would be subject to approval is only weeks away on January 7, 2019.

9. These exigencies, and need for a hearing on the merits of the School District's suit, exist in that for the summer of 2019, the School District budgeted for and planned to expend its portion of the 45% property taxes distribution (approx. $5,000,000) on several school construction projects, including multiple school buildings safety improvements ("School Safety Improvements"). These specific projects include the following:

- Replace and upgrade district-wide building level access security systems to secure the outer building level perimeter in the event of a "Code Red" lockdown;
- Replace two elementary school's failing public announcement systems that is used to share important safety information during building emergencies;
- Remove and replace failing asbestos tile flooring at five schools;
- Complete failing roof repairs and replacements at three schools;
- Complete mechanical and HVAC repairs to failing equipment at three schools; and
- Complete upgrades to failing bathrooms in four schools.

10. In order to enter into construction contracts for the School Safety Improvements, the School District plans publish the details of the projects and seek public bids from contractors in January of 2019. Critically, however, the School District cannot do so until it is certain that it will receive its $5,000,000. Without the School District receipt of its share of the 45%, these school safety and other facilities projects will be on hold.

11. If Sears has not, in fact, complied with the requirements of the EDA Act, as the School District believes and Sears appears to have admitted, the School District would be entitled to receive approximately 70% of the funds not otherwise rebated to Sears.

12. The loss of property tax revenues from both the 45% and the 55%, immediately negatively affects the School District. Specifically, these proceeds would be used to fund various back-logged projects designed to reduce classroom overcrowding, increase school security, properly maintain School District facilities and provide other public services to the School District's community such as, hiring sufficient staff, adequately and funding student programs. As previously indicated, the loss of funding may lead to the District needing to borrow money through TAWs to fund spring payrolls in the future as well as putting critical safety and construction projects on hold that are in dire need of being completed.

13. I am submitting this affidavit on behalf of the School District in further support its Motion for Relief: (1) to advise the Court in advance of the upcoming preliminary hearing on December 20, 2018, of these time-sensitive and operationally critical issues and (2) to detail my expected testimony at the substantive hearing on the merits of the School District's Motion for Relief.

FURTHER AFFIANT SAYETH NAUGHT

STATE OF ILLINOIS )
) SS
COUNTY OF MCHENRY )

_____
Susan Harkin

Subscribed and sworn to before
me this  18  day of December, 2018.

_____
NOTARY PUBLIC

GAYLE SEATON
Official Seal
Notary Public – State of Illinois
My Commission Expires Sep 15, 2021