**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| **In re** | : | Chapter 11 |
|  | : |  |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | Case No. 18-23538 (RDD) |
|  | : |  |
| **Debtors.**[1] | : | (Jointly Administered) |
|  | : |  |

---

**ORDER AUTHORIZING THE RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 25, 2018**

Upon the application, dated December 6, 2018 (the "Application") of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") authorizing the Creditors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Committee to retain and employ FTI Consulting, Inc. (together with its wholly-owned subsidiaries and independent contractor(s), "FTI") as financial advisor, all as more fully described in the Application; and due and proper notice of the Application having been given, and it appearing that no other notice or further notice need be given; and there being no objections to the requested relief and no hearing on the Application being required under the circumstances; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due deliberation the Court being satisfied, based on the representations made in the Application and the Star Declaration in support of the Application (including as to any independent contractors) that the employment of FTI by the Creditors' Committee is in the best interests of the Debtors' estates and their unsecured creditors, that FTI does not hold or represent an interest adverse to the Debtors or their estates and that FTI is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14); and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Creditors' Committee is authorized to retain and employ FTI as its financial advisor in these chapter 11 cases pursuant to the terms and conditions set forth in the Application and this Order, *nunc pro tunc* to October 25, 2018.

3. FTI shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable, and such other orders and procedures as may be fixed by this Court (including the *Order Authorizing Procedures for Interim Compensation and Reimbursement of*

*Expenses of Professionals* [ECF No. 796]).

4. FTI is entitled to reimbursement of actual and necessary expenses, including reasonable legal fees and expenses related to the Application and future fee applications as approved by the Court.

5. The following indemnification provisions are approved:

   a. all requests for payment of indemnity shall be made by means of a fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of any indemnification agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and other orders of this Court and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought;

   b. in no event shall FTI be indemnified or receive contribution or other payment if the Debtor or a representative of the Debtor's estate asserts a claim for, and a court determines by a final order that such claims primarily arose out of, such person's gross negligence, willful misconduct, or fraud of any indemnified parties; and

   c. in the event FTI seeks reimbursement of attorneys' fees from the Debtor pursuant to the indemnification agreement, the invoices and supporting time records from such attorneys shall be attached to FTI's own interim and final fee applications, and such invoices and time records shall be subject to approval of the Bankruptcy Court under the standards of section 330 and applicable law of the Bankruptcy Code without regard to whether such attorneys have been retained under the Bankruptcy Code and without regard

to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

6. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: December 18, 2018
       White Plains, New York

/s/ Robert D. Drain_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE