**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | : | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

---

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO**
**11 U.S.C. §§ 328 AND 1103,** *NUNC PRO TUNC* **TO OCTOBER 29, 2018**

Upon the application, dated December 6, 2018 (the "Application"), of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Creditors' Committee to retain and employ Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as investment banker for the Creditors' Committee, *nunc pro tunc* to October 29, 2018, pursuant to the terms of that certain engagement letter between the Creditors' Committee and Houlihan Lokey, dated as of October 29, 2018 (the "Engagement Agreement"), all as more fully described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and there being no objections to the requested relief; and no hearing on the Application being required under the circumstances; and, after due deliberation, the Court having determined that the employment of Houlihan Lokey by the Creditors' Committee is necessary and in the best interest of the Debtors' estates, creditors, and other parties in interest and that the terms of compensation being sought by the Application as set forth in the Engagement Agreement are reasonable for purposes of section 328(a) of the Bankruptcy Code; and the Court being satisfied based on the representations in the Application and the Declaration of Saul E. Burian, dated December 6, 2018 (the "Burian Declaration") filed in support of the Application that Houlihan Lokey does not hold or represent an adverse interest to the Debtors or their estates in connection with the chapter 11 cases and that the firm is disinterested under section 101(14) of the Bankruptcy Code; and sufficient cause appearing, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103, the Creditors' Committee is authorized to retain and employ Houlihan Lokey as its investment banker in these chapter 11 cases pursuant to the terms and subject to the conditions set forth in the Engagement Agreement, the Application, the Burian Declaration and this Order, *nunc pro tunc* to October 29, 2018.

3. All compensation and reimbursement of expenses to be paid to Houlihan Lokey shall be subject to the standard of review provided in Bankruptcy Code section 328(a) and not subject to any other standard of review under Bankruptcy Code section 330, and none of the fees contemplated by the Engagement Agreement shall constitute a "bonus" under applicable law. Houlihan Lokey shall be compensated in accordance with proper applications therefor under section 328(a) of the Bankruptcy Code and the applicable Bankruptcy Rules, Local Bankruptcy Rules and fee and expense guidelines and orders of the Court, including this Court's *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796].

4. Notwithstanding the preceding paragraph, the U.S. Trustee shall retain the right to object to the compensation and remeimbursement payable pursuant to the Engagement Agreement based on the reasonableness standard provided for in Bankruptcy Code sections 330 and 331 of the Bankruptcy Code.

5. Houlihan Lokey's Deferred Fee (as defined in the Engagement Agreement) is hereby included, in full, in the Permitted Carve-Out Consummation Fees, as provided for, and defined in, the *Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III)*

*Modifying the Automatic Stay; and (IV) Granting Related Relief* [ECF No. 955]. Upon the conversion of the chapter 11 cases to chapter 7, the full amount of the Deferred Fee shall be due, payable and owing under the Carve Out and treated *pari passu* with all other professional fees in these chapter 11 cases included in the relevant Carve Out.

6. Notwithstanding any other provision of this Order, if Houlihan Lokey seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's own fee and expense application and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses (the "U.S. Trustee Fee Guidelines") and the approval of the Bankruptcy Court under the Bankruptcy Code sections 330 and 331.

7. Notwithstanding any other provision of this Order, in light of the services to be provided by Houlihan Lokey and the compensation structure in the Engagement Agreement, Houlihan Lokey and its professionals shall be excused from the requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a), Local Bankruptcy Rule 2016-1 or conform to a schedule of hourly rates for its professionals; *provided*, *however*, that, notwithstanding that Houlihan Lokey does not charge for its services on an hourly basis, Houlihan Lokey will nonetheless maintain reasonably detailed time records in 0.5 hour increments containing descriptions of those services rendered for the Creditors' Committee and the individuals who provided those services, and shall file records on the docket, and will also provide a list of names of professional employees not in the financial restructuring group who provide services through the course of the engagement.

8. The Debtors shall be bound by the indemnification, contribution, reimbursement and exculpation provisions set forth in the Engagement Agreement, subject during the pendency of these cases to the following:

   a. All requests by Indemnified Parties for the payment of indemnification, contribution, or otherwise as set forth in the Engagement Agreement during the pendency of these chapter 11 cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity, contribution, or other payment is sought; *provided* that in no event shall any Indemnified Party be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct. In no event shall an Indemnified Party be indemnified if the Debtors or a representative of the estate asserts a claim for, and the Court determines by final order that such claim arose out of, such Indemnified Party's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

   b. In the event an Indemnified Party seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's own applications, both interim and final, and such invoices and time records shall be subject to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (General Order M-447), and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. To the extent this Order is inconsistent with the Engagement Agreement or the Application, this Order shall govern.

10. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: December 18, 2018
      White Plains, New York

                                            /s/ Robert D. Drain
                                            THE HONORABLE ROBERT D. DRAIN
                                            UNITED STATES BANKRUPTCY JUDGE