The Employment Law Firm
Cynthia L. Pollick, Esquire
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

Attorney for Karen Smith
*Pro Hac Vice*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:

| | |
|---|---|
| SEARS HOLDING CORPORATION, et al. | Chapter 11 |
| Debtor s | Case No.: 18-23538 (RDD) |
| | (Jointly Administered)<br>Honorable Robert D. Drain |

---------------------------------------------------------------x

### SUPPLEMENTAL AUTHORITY FOR OBJECTIONS TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY TO NON-DEBTOR PARTIES

Supplemental Authority for Objections of Karen Smith, a Creditor herein, by her attorney Cynthia L. Pollick, Esquire, to Debtors' Motion to extend the automatic stay to certain non-debtor parties dated November 28, 2018, who represents to the Court and alleges:

1. Debtors have confirmed that they did not serve Karen Smith with the Motion since it was mailed to addresses in NE and WI; and she resides in PA.

2. At the time of filing said petition, Debtor *Sears Logistics, Inc., et al.* was a Defendant in a defamation action brought by Creditor Karen Smith in Luzerne County Court of Common Pleas of Pennsylvania, which is set for trial on March 4, 2019. *Smith v. Sears Logistics, Inc., et al.*, 13028-2015. Creditor Karen Smith also sued managers Scott Walsh and Tim McCann,

who are not owners or directors of Sears Logistics, Inc, for their own actions. (See Exhibit "A", State Complaint). They are non-debtor parties to the action. Mr. McCann no longer works for Sears Logistics, Inc.

2    "[A] suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." 3 Collier on Bankruptcy § 362.03[3][d] (15th ed. 2002); see Croyden Associates v. Alleco, Inc., 969 F.2d 675, 677 (8th Cir. 1992); Teachers Insurance and Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.")" *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2nd Cir. 2003).

3.    "It is well settled that Section 362 of the Bankruptcy Code, which stays actions against the debtor and against property of the estate, does not forbid actions against its nondebtor principals, partners, officers, employees, co-obligors, guarantors, or sureties." *In re Arrow Huss, Inc.*, 51 B.R. 853, 856 (Bankr. Utah 1985).

4.    The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2nd Cir. 2003).

5.    "An actual, not just a theoretical, likelihood of harm to the reorganization must be shown before the automatic stay may be extended to protect non-debtors." *FPSDA II, LLC v. Larin (In re FPSDA I, LLC),* 2012 Bankr. LEXIS 5906, *49 (Bankr. E.D.N.Y. 2012).

5.    "Debtors have failed to make any showing that their ability to successfully reorganize would be irreparably harmed --or even impeded-- by the continued prosecution of the Actions against the non-debtors. Debtors do not intend to reorganize." *Wolf Fin. Group, Inc. v.*

*Hughes Constr. Co. (In re Wolf Fin. Group, Inc.)*, 1994 Bankr. LEXIS 2350, *15 (Bankr. S.D.N.Y. 1994).

6. "In limited instances, courts have extended § 362 to stay prosecution of civil actions against officers and/or employees of a chapter 11 debtor. In each case, the non-debtor has been inextricably involved in the debtor-in-possession's reorganization efforts and the courts have found that continued prosecution of the action would undermine the debtor-in-possession's ability to reorganize by distracting that person from the process." *Id.*

7. Just as *in re Wolf Fin. Group, Inc.*, here the Non-Debtors are not involved in the bankruptcy proceeding, and one is no longer with the company.

8. Consequently, there is no reason to extend the automatic stay to Non-Debtors in Creditor Karen Smith's state action.

WHEREFORE, it is respectfully requested that this Court deny Debtors' Motion dated November 28, 2018, and grant such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED:

By: /s Cynthia L. Pollick
Cynthia L. Pollick, Esquire
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
*Admitted Pro Hac Vice*

Dated: Pittston, PA
December 19, 2018