**YOU ARE HEEBY NOTICED TOPLEAD TO THE ENCLOSED PLEADING WITHIN TWENTY (20 DAYS) FROM THE SERVICE HEREOF OR A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU**

The Employment Law Firm
Cynthia L. Pollick, LLM                                    Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

---

| | | |
|---|---|---|
| KAREN SMITH, | : | |
| | : | IN THE COMMON PLEAS OF |
| Plaintiff | : | LUZERNE COUNTY |
| | : | |
| | : | CIVIL ACTION – LAW |
| -v- | : | |
| | : | JURY TRIAL DEMANDED |
| SEARS LOGISTICS SERVICES, INC., | : | |
| TIM MCCANN and SCOTT WALSH, | : | |
| | : | |
| Defendants | : | NO. |

## COMPLAINT

NOW comes the Plaintiff, KAREN SMITH, by her attorney, Cynthia L. Pollick, Esquire, and files the following Complaint against Defendants and avers as follows:

1. Plaintiff, KAREN SMITH, was hired by Defendants on or about September 25, 1994, and worked for the Defendants for over 20 years and is a competent adult individual who resides in Luzerne County, Pennsylvania.

1

Exhibit "A"

2. Defendant, SEARS LOGISTICS SERVICE, INC, is a corporation doing business at 1055 Hanover Street, Wilkes-Barre, Pennsylvania.

3. Defendant, TIM MCCANN, was the Asset and Profit Protection Manager, and had a principal place of business at 1055 Hanover Street, Wilkes-Barre, Pennsylvania and resides in Luzerne County.

4. Defendant, SCOTT WALSH, was the Asset and Profit Protection Supervisor, and had a principal place of business at 1055 Hanover Street, Wilkes-Barre, Pennsylvania and resides in Luzerne County.

5. Both Defendant MCCANN and Defendant WALSH were employed by Sears Logistics Services, Inc., and at all time acted within their scope of employment and as agents for SEARS LOGISTICS SERVICES, INC..

6. Therefore, SEARS LOGISTICS, INC., is vicariously liable or liable under *respondent superior* liable for the actions of their agent/employee Defendants TIM MCCANN and SCOTT WALSH.

**COUNT I**
**FALSE LIGHT & DEFAMATION**
**PLAINTIFF V. DEFENDANTS**

7. Paragraphs 1-6 above are incorporated herein by reference as if fully set forth herein at length.

8.    Defendant Tim McCann yelled at Plaintiff and told her, "we know you weren't charging for merchandise", and "if you don't admit it, you'll be taken out in handcuffs in front of your peers, is that what you want".

9.    On the day in question, Defendants accused Plaintiff of fraud, stealing and theft when Manager Tim McCann and Supervisor Scott Walsh spoke with John Hoffman.

10.    Regional Manager Vince Colleyacme was also told about Plaintiff's alleged theft, stealing and fraud.

11.    McCann and Walsh were acting as Defendant Sears Logistics' agents when they made the damning, false statements that Plaintiff was guilty of fraud, stealing and theft and Defendant Sears Logistics' is vicariously liable or acting *respondent superior* for their defaming conduct.

12.    Defendant Walsh heard all the defamatory allegations since he was present in the room when Defendant MCCANN badgered Plaintiff.

13.    Thereafter, Defendants forwarded the defaming and damning allegations of theft, stealing and fraud to the Hanover Township Police Department for criminal investigation.

14.    Hanover Township Police Department has not charged Plaintiff with the crime of theft, stealing or fraud.

15. Defendants' statement that Plaintiff was guilty of a crime was published to employees, Hanover Township Police Department, and at the Unemployment Compensation hearing, and Plaintiff has been forced to self-publish the defamatory statements to others. *Stine v. Walter*, 29 Pa. D. & C4th 193 (C.C.P. York 1996).

16. Defendants and their agents knew that the statements and accusations that Plaintiff had committed a crime were false, misleading, defamatory, libelous, unprivileged, and without legal excuse.

17. The aforementioned statements exposed Plaintiff to hatred and contempt by imputing on her that she was guilty of a crime.

18. The aforementioned statements injured Plaintiff's good name, reputation, and employment and cost Plaintiff her job she held for over 20 years.

19. The aforementioned statements were published by Defendants and their agents with the expressed and implied malice, and with the design and intent to injure Plaintiff and her good name, reputation, and employment, and by reason thereof, Plaintiff is entitled to actual damages.

20. As a direct result of the publication of Defendants' and their agents statements, Plaintiff has suffered severe emotional anguish and has been confronted by other individuals concerning the allegations set forth

above. Plaintiff has been required to explain away the allegations set forth in this matter, and in fact, the allegations set forth above unequivocally state that Plaintiff is guilty of a crime.

21.    As a result of the aforementioned, Plaintiff has sustained serious permanent emotional and mental anguish, embarrassment, loss of future income and career opportunities, loss of his good reputation in the community, as well as his standing in the community.

22.    Defendants and their agents knew that said accusations and statements were untrue, and Defendants made such accusations maliciously with the intent to harm Plaintiff, and with reckless disregard for the consequences of making the aforementioned false accusations and statements.

23.    As a result of the above-stated acts and omissions Plaintiff has suffered damage and harm to his good reputation along with being terminated from a job she held for over 20 years.

**WHEREFORE**, Plaintiff seeks all remedies available, including but not limited clearing of Plaintiff's employment record of false allegations of her committing a crime, back and front pay, public apology, emotional distress, punitive damages, attorney fees and costs, pre- and post- interest, delay damages, and letters of good reference.

A jury trial is demanded.

By: _____
Cynthia L. Pollick, Esquire, LLM
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com

6

Exhibit "A"