WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                       :       **Chapter 11**
:
**SEARS HOLDINGS CORPORATION,** *et al.*,       :       **Case No. 18-23538 (RDD)**
:
**Debtors.**[1]                                 :       **(Jointly Administered)**
:
---------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**CERTIFICATE OF NO OBJECTION REGARDING
APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND
EMPLOY MCANDREWS, HELD & MALLOY, LTD AS IP COUNSEL
FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On November 21, 2018, the Debtors filed the *Application of Debtors for Authority to Retain and Employ McAndrews, Held & Malloy, Ltd. as IP Counsel for the Debtors Nunc Pro Tunc to the Commencement Date* (ECF No. 857) (the "**Application**").

2. The Debtors served the Application as reflected in the affidavit of service filed at ECF No. 895.

3. The deadline for parties to object or file responses to the Application was December 5, 2018, at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**"). The *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed, after the passage of the Objection Deadline, and the attorney

2

for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

4. The Objection Deadline has passed and, to the best of my knowledge, other than the objection filed by the United States Trustee for Region 2 (the "**U.S. Trustee**") (ECF No. 1018) (the "**Objection**"), no other objection, responsive pleading, or request for a hearing with respect to the Application has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors.

5. The Objection has been fully resolved between the Debtors and the U.S. Trustee, which resolution is reflected in the Revised Proposed Order (defined below).

6. Accordingly, the Debtors respectfully request that the Court enter the proposed Order granting the relief requested in the Application, annexed hereto as **Exhibit A** (the "**Revised Proposed Order**"). Annexed hereto as **Exhibit B** is a redline of the Revised Proposed Order to the version of the Order filed with the Application.

I declare that the foregoing is true and correct.

Dated: December 19, 2018
    New York, New York

                                         /s/ Garrett A. Fail
                                         WEIL, GOTSHAL & MANGES LLP
                                         767 Fifth Avenue
                                         New York, New York  10153
                                         Telephone:  (212) 310-8000
                                         Facsimile:  (212) 310-8007
                                         Ray C. Schrock, P.C.
                                         Jacqueline Marcus
                                         Garrett A. Fail
                                         Sunny Singh
                                         Jessica Liou

                                         *Attorneys for Debtors*
                                         *and Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                    :
                                                         :       Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                    :
                                                         :       Case No. 18-23538 (RDD)
                                                         :
                    Debtors.[1]                          :       (Jointly Administered)
------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND
### EMPLOYMENT OF MCANDREWS, HELD & MALLOY, LTD AS IP COUNSEL
### FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application (the "**Application**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

the Debtors to retain and employ McAndrews Held & Malloy, Ltd. ("**McAndrews**") as intellectual property ("**IP**") counsel for the Debtors for those matters described therein, effective *nunc pro tunc* to the Commencement Date, all as more fully set forth in the Application; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the objection of the U.S. Trustee filed on the record (ECF No. 1018); and upon the consensual resolution of such objection; and the Court having held a hearing to consider the relief requested in the Application on December 20, 2018 (the "**Hearing**"); and upon the Declarations of Ronald H. Spuhler and Mohsin Meghji, filed contemporaneously with the Application, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that McAndrews does not hold or represent an adverse interest to the Debtors or their estates on the matters on which it is to be retained, and that its retention is necessary and in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it further appearing that the terms of McAndrews' retention are reasonable for purposes of section 328(a); and after due deliberation, it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to employ and retain McAndrews as their IP counsel in these chapter 11 cases in accordance with McAndrew's normal rates and disbursement policies, all as contemplated by the Application, *nunc pro tunc* to the Commencement Date.

3. Subject to paragraph 4 below, the Fixed Fee is approved pursuant to section 328(a) of the Bankruptcy Code and such compensation shall be paid pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of this Order.

4. McAndrews shall file fee applications for the allowance of compensation for services rendered, including the Fixed Fee, Flat Fee, the hourly fees, and reimbursement of expenses incurred, including the work completed by the Law Firms (defined below) retained by McAndrews on behalf of the Debtors (which work shall be billed to the Debtors at cost with no markup), in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, Local Rules, the Interim Compensation Order, and any further order of the Court; provided, that with the exception of the U.S. Trustee (and a fee examiner, if appointed), who shall be entitled to review the Fixed Fee under the standard set forth in section 330 of the Bankruptcy Code, the Fixed Fee shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code.

5. McAndrews shall provide ten business days' notice to the Debtors, the United States Trustee, and the Creditors' Committee before implementing any increases in the rates set forth in the Application for professionals providing services in these cases, and such notice must be filed with the Court.

3

6. The Debtors are hereby authorized to provide to McAndrews, within seven business days following entry of this Order, the Retainers and Fee Advance upon the terms described in the Application; <u>provided</u>, however, that such Retainers and Fee Advance shall not be replenished automatically; <u>provided</u>, <u>further</u>, that the Debtors' rights to seek further relief from the Court with respect to such Retainers and Fee Advance shall be preserved without prejudice.

7. With respect to any foreign associate law firm that is engaged directly by McAndrews in connection with the McAndrews Matters (each, a "**Law Firm**"), the Debtors shall not be required to retain the Law Firm as a professional under the Bankruptcy Code provided that (i) the member(s) of the Law Firm working on the matter are not located in the United States of America; (ii) the Law Firm is being engaged to prepare for filing and to file those documents required to protect a patent or trademark according to the applicable country's legal requirements with respect thereto, and (iii) the Law Firm will not be performing any substantive legal analysis or legal research in connection with its work for McAndrews that is specific to the Debtors' matter, such as providing legal analysis regarding the patentability of the Debtors' claims or registerability of the Debtors' trademarks. To the extent the Law Firm is required to perform work outside the above parameters, the Law Firm shall be treated similar to an ordinary course professional by filing – or causing McAndrews to file – an affidavit with this Court disclosing whether it has an adverse interest to the Debtors in connection with the matter for which it has been engaged and shall be subject to a monthly aggregate cap for fees only (not expenses) of $75,000 and aggregate case cap for fees only (not expenses) of $750,000 (collectively, the "**Caps**"). To the extent such Law Firm's fees exceed the Caps, it must be retained by the Debtors before further fees can be paid.

8. McAndrews shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

4

9. The Debtors and McAndrews are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

11. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
      White Plains, New York

                                                                                    _____
                                                                                     THE HONORABLE ROBERT D. DRAIN
                                                                                     UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Redline**

WEIL:\96849926\3\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                    :
                                                                              :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.***,**    :
                                                                              :    **Case No. 18-23538 (RDD)**
                                                                              :
           Debtors.[1]                                           :    **(Jointly Administered)**
------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MCANDREWS, HELD & MALLOY, LTD AS IP COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application (the "**Application**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

the Debtors to retain and employ McAndrews Held & Malloy, Ltd. ("**McAndrews**") as intellectual property ("**IP**") counsel for the Debtors for those matters described therein, effective *nunc pro tunc* to the Commencement Date, all as more fully set forth in the Application; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the objection of the U.S. Trustee filed on the record (ECF No. 1018); and upon the consensual resolution of such objection; and the Court having held a hearing to consider the relief requested in the Application on December 20, 2018 (the "**Hearing**"); and upon the Declarations of Ronald H. Spuhler and Mohsin Meghji, filed contemporaneously with the Application, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that McAndrews does not hold or represent an adverse interest to the Debtors or their estates on the matters on which it is to be retained, and that its retention is necessary and in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it further appearing that the terms of McAndrews' retention are reasonable for purposes of section 328(a); and after due deliberation, it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

WEIL:\96849926\3\73217.0004
WEIL:\96807034\6\73217.0004

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to employ and retain McAndrews as their IP counsel in these chapter 11 cases in accordance with McAndrew's normal rates and disbursement policies, all as contemplated by the Application, *nunc pro tunc* to the Commencement Date.

3. Subject to paragraph 4 below, ~~T~~the Fixed Fee is approved pursuant to section 328(a) of the Bankruptcy Code and such compensation shall be paid pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of this Order.

4. McAndrews shall file fee applications for the allowance of compensation for services rendered ~~and reimbursement of expenses incurred~~, including the Fixed Fee, Flat Fee ~~and~~, the hourly fees, and reimbursement of expenses incurred, including the work completed by the Law Firms (defined below) retained by McAndrews on behalf of the Debtors (which work shall be billed to the Debtors at cost with no markup), in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, Local Rules, the Interim Compensation Order, ~~the Fee Guidelines,~~ and any further order of the Court; provided, that with the exception of the U.S. Trustee (and a fee examiner, if appointed), who shall be entitled to review the Fixed Fee under the standard set forth in section 330 of the Bankruptcy Code, the Fixed Fee shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code~~, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code~~.

~~5. With regard to services covered under the Fixed Fee Services and the Flat Fee Services, McAndrews shall be excused from keeping time records for services rendered in 1/10 of an hour increments.~~

3

5. ~~6.~~ McAndrews shall provide ten business days' notice to the Debtors, the United States Trustee, and the Creditors' Committee before implementing any increases in the rates set forth in the Application for professionals providing services in these cases, and such notice must be filed with the Court.

~~7. The Debtors are hereby authorized to provide to McAndrews, within seven business days following entry of this Order, the following amounts as a retainer for postpetition services and fees (collectively, the "**Retainers**"): (i) $80,000 for postpetition attorneys' fees incurred during the representation of the Debtors in the McAndrews Matters; and (ii) $50,000 for postpetition disbursements to foreign associates that assist with the McAndrews Matters outside of the United States. The Retainers shall be held in McAndrews' trust account and may only be withdrawn in the event the Debtors fail to pay fees and expenses approved pursuant to this Order and/or the Interim Compensation Order within seven business days after such fees and expenses have been approved for payment thereunder. In the event any portion of a Retainer is used, the Debtors are authorized to replenish such Retainer by the amount used.~~

6. ~~8.~~ The Debtors are hereby authorized to provide to McAndrews, within seven business days following entry of this Order, ~~$75,000 (or such lower amount as mutually agreed by the Debtors and McAndrews) as a fee advance for certain postpetition disbursements (the "**Fee Advance**"). McAndrews is authorized to apply the Fee Advance as described in the Application. In the event amounts applied are less than the Fee Advance, McAndrews is authorized to apply the excess funds against any outstanding disbursements for other foreign IP matters of the Debtors, as described in the Application.~~ the Retainers and Fee Advance upon the terms described in the Application; provided, however, that such Retainers and Fee Advance shall not be replenished automatically; provided, further, that the Debtors' rights to seek further relief

4

from the Court with respect to such Retainers and Fee Advance shall be preserved without prejudice.

7. With respect to any foreign associate law firm that is engaged directly by McAndrews in connection with the McAndrews Matters (each, a "**Law Firm**"), the Debtors shall not be required to retain the Law Firm as a professional under the Bankruptcy Code provided that (i) the member(s) of the Law Firm working on the matter are not located in the United States of America; (ii) the Law Firm is being engaged to prepare for filing and to file those documents required to protect a patent or trademark according to the applicable country's legal requirements with respect thereto, and (iii) the Law Firm will not be performing any substantive legal analysis or legal research in connection with its work for McAndrews that is specific to the Debtors' matter, such as providing legal analysis regarding the patentability of the Debtors' claims or registerability of the Debtors' trademarks. To the extent the Law Firm is required to perform work outside the above parameters, the Law Firm shall be treated similar to an ordinary course professional by filing – or causing McAndrews to file – an affidavit with this Court disclosing whether it has an adverse interest to the Debtors in connection with the matter for which it has been engaged and shall be subject to a monthly aggregate cap for fees only (not expenses) of $75,000 and aggregate case cap for fees only (not expenses) of $750,000 (collectively, the "**Caps**"). To the extent such Law Firm's fees exceed the Caps, it must be retained by the Debtors before further fees can be paid.

8. ~~9.~~ McAndrews shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

9. ~~10.~~ The Debtors and McAndrews are authorized to take all actions necessary to effectuate the relief granted ~~pursuant to~~in this Order ~~in accordance with the Application~~.

5

WEIL:\96849926\3\73217.0004
WEIL:\96807034\6\73217.0004

10. ~~11.~~ Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

11. ~~12.~~ To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

12. ~~13.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2018
      White Plains, New York

                                      _____
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litéra® Change-Pro TDC 10.1.0.800 Document comparison done on 12/19/2018 4:33:43 PM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** McAndrews Order.doc ||
| **Modified DMS:** iw://WEILDMS/WEIL/96849461/3 ||
| **Changes:** ||
| Add | 28 |
| Delete | 21 |
| Move From | 2 |
| Move To | 2 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 53 |