My Chi To
Erica S. Weisgerber
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

*Counsel to SL Agent, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |
|  | Re: D.I. 938, 1350 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); and SRC Real Estate (TX), LLC (None). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**LIMITED OBJECTION OF SL AGENT, LLC TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE SALE OF CERTAIN REAL PROPERTY, (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES IN CONNECTION THEREWITH, AND (III) GRANTING RELATED RELIEF**

1.  SL Agent, LLC, as agent under the Loan Agreement (as defined below) ("**SL Agent**"), by and through its attorneys Debevoise & Plimpton LLP, files this limited objection to the *Motion of Debtors for Entry of an Order (I) Approving the Sale of Certain Real Property, (II) Authorizing the Assumption and Assignment of Certain Unexpired Leases in Connection Therewith and (III) Granting Related Relief* [D.I. 938] (the "**Sale Motion**") filed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**") on November 29, 2018.

**PRELIMINARY STATEMENT**

2.  SL Agent is the agent under that certain Third Amended and Restated Loan Agreement, dated as of June 4, 2018 (as amended, supplemented or otherwise modified prior to the date hereof, the "**Loan Agreement**"), among (i) JPP, LLC, JPP II, LLC and Cascade Investment, L.L.C., as lenders, and (ii) Sears, Roebuck And Co., KMART Stores of Illinois LLC, KMART of Washington LLC, KMART Corporation, SHC Desert Springs, LLC, Innovel Solutions, Inc., Sears Holdings Management Corporation, Maxserv, Inc., Troy Coolidge No. 13, LLC, Sears Development Co., Big Beaver Of Florida Development, LLC and Sears Holdings Corporation, as obligors.

3.  As of the commencement of these cases, approximately $831.4 million was outstanding under the Loan Agreement, including approximately $108.1 million evidenced by certain notes held by Cascade Investment L.L.C. ("**Note A**") and approximately $723.3 million evidenced by certain notes held by JPP, LLC and JPP II, LLC ("**Note B**" and together with Note A, the "**Loan**"). The Loan is secured by, among other things, a portfolio of real estate assets

2

subject to mortgages in favor of SL Agent for the benefit of the lenders (the "**Collateral**"). Principal outstanding on Note A is entitled to repayment prior to principal outstanding on Note B.

4. On November 29, 2018, the Debtors filed the Sale Motion to seek this Court's approval of the sale of certain properties to Amerco Real Estate Company, including six properties that are part of the Collateral[2] (the "**Sale**"). The price allocation for those six properties is approximately $28.2 million.

5. Paragraph 28 of the proposed *Order (I) Approving the Sale of Certain Real Property, (II) Authorizing the Assumption and Assignment of Certain Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [D.I. 1350] submitted by the Debtors on December 19, 2018 (the "**Proposed Sale Order**") provides that all proceeds from the Sale will be used in accordance with the budget approved as part of the Debtors' debtor-in-possession financing facilities.

6. SL Agent does not object to the sale of the Collateral pursuant to the Sale Motion or the proposed price allocation for the Collateral. However, SL Agent has not consented to the Debtors' use of Collateral proceeds contemplated by the Proposed Sale Order, and is not otherwise adequately protected for such use. Accordingly, SL Agent files this limited objection to request that such Collateral proceeds be either used to repay Note A or held in a segregated account pending further order of this Court.

---

[2] The following properties subject to the Sale are part of the Collateral: 1805 E Stone Drive, Kingsport, TN 37660 (#3147); 200 Irwin Avenue NE, Fort Walton Beach, FL 32548 (#3223); 996 W View Park Drive, Pittsburgh, PA 15229 (#3529); 3250 Clear Lake Road, Springfiled, IL 62702 (#4048); 17580 Frazho Road, Roseville, MI 48066 (#4998); and 1705 South Main Street, Roswelll, NM 88203 (#7017).

**BACKGROUND**

7. The Sale Motion and the proposed form of order initially filed in connection therewith provided that pre-petition liens would attach to the proceeds of the Sale, but were silent on the use of such proceeds by the Debtors.

8. On December 4, 2018, counsel for SL Agent contacted Debtors' counsel to request that the Collateral proceeds be used to repay Note A at closing of the Sale. On December 9, Debtors' counsel responded that the Debtors opposed the request. On December 10, SL Agent's counsel asked for confirmation that, if the proceeds are not used to repay Note A, they would be held in a segregated account until further order of this Court. On December 12, Debtors' counsel responded that the Debtors intended to treat the Collateral proceeds as SL Agent's cash Collateral, but did not indicate that the Debtors intended to use that cash Collateral.

9. On December 13, 2018, after the objection deadline for the Sale Motion, the Debtors circulated a revised form of order, which contained a new paragraph substantially identical to paragraph 28 of the Proposed Sale Order, providing that all proceeds from the Sale will be used in accordance with the budget approved as part of the Debtors' debtor-in-possession financing facilities.

10. Counsel for SL Agent immediately contacted Debtors' counsel to object to the Debtors' proposed use of Collateral proceeds, but despite good-faith discussions, the parties have been unable to reach an agreement. Accordingly, SL Agent hereby files this objection.[3]

---

[3] SL Agent respectfully requests leave to file this objection after the objection deadline in light of the fact that this dispute did not become apparent until the Debtors circulated a revised form of order after the Sale Motion's objection deadline.

**LIMITED OBJECTION TO THE SALE MOTION**

11. SL Agent objects to paragraph 28 of the Proposed Sale Order, which provides:

> **Final DIP Order.** Notwithstanding anything to the contrary in this Order or in the Purchase Agreement or any other Related Agreement: (i) upon Closing, the liens granted under the Final DIP Order and the DIP ABL Documents and the Prepetition ABL Loan Documents (each as defined in the Final DIP Order) shall be discharged against the Acquired Assets and shall attach to the proceeds of the Transaction in the same amount, to the same extent, and with the same priority as set forth in the Final DIP Order; (ii) unless otherwise ordered by the Court, all proceeds from the Transaction shall be used and/or applied in accordance with the Approved Budget (as defined in the Final DIP Order) and the terms and conditions of the Final DIP Order, the DIP ABL Documents, and the Prepetition ABL Loan Documents, as applicable; and (iii) nothing in this Order or in the Purchase Agreement or any other Related Agreement shall amend or modify any provision of the Final DIP Order, or the rights of any party set forth therein.

12. This paragraph would permit the Debtors, without the consent of SL Agent, to use Collateral proceeds in accordance with the budget approved as part of the Debtors' debtor-in-possession financing facilities. SL Agent has not consented to, and is not otherwise adequately protected for, such use. Nor is the use of the Loan's cash Collateral permitted under either the Junior DIP Order (as defined below) or any other prior order of the Court.

13. The Bankruptcy Code prohibits the post-petition use of a secured lender's collateral by a debtor, unless the secured party consents or the bankruptcy court authorizes the use of such collateral upon a finding that the secured party's interest therein is adequately protected. *See* 11 U.S.C. § 363(c)(2) ("The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless-(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."); 11 U.S.C. § 363(e) ("[O]n request of an entity that has an interest in property ... proposed to be used, sold, or leased, by the trustee,

5

the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."); *In re Metaldyne Corp*, No. 09-13412 MG, 2009 WL 2883045, at *2 (Bankr. S.D.N.Y. June 23, 2009).

14. The Debtors have the burden of proof with respect to whether security interests are adequately protected, and must detail how such interests are protected. *See* 11 U.S.C. §§ 363(e), 363(p)(1); Fed. R. Bankr. P. 4001(b)(iv). Moreover, the Debtors must prove that, if no other form of adequate protection is available, the value of SL Agent's interest in the Collateral will not decrease by their use of cash Collateral. *See In re Carbone*, 395 B.R. 631, 635 (Bankr. N.D. Ohio 2008). The Debtors have not put forth any evidence that SL Agent is adequately protected for the use of the Collateral proceeds contemplated by the Sale Motion. The Debtors are essentially seeking to use SL Agent's cash Collateral for corporate general purposes without any compensation or other protection.

15. The Debtors have not offered any additional adequate protection for their use of Collateral proceeds, nor could they since substantially all of the Debtors' assets are encumbered. Instead, the Debtors have pointed to the existing grant of adequate protection of SL Agent's liens under the proposed *Final Junior DIP Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Grant Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* [D.I. 1297] (the "**Junior DIP Order**") in the form of payment of post-petition interest on Note A, among other things. That adequate protection package, which was agreed before SL Agent even knew about the Sale, was not contingent on SL Agent's agreement to the Debtors' use of cash Collateral, and reflected SL Agent's right to be protected against the reduction of value of

6

the Collateral due to use during the bankruptcy, particularly in light of the automatic stay. *See, e.g.*, 3 Collier on Bankruptcy P 361.03[5][b] (16th ed. 2018) (collecting cases).

16.    In any event, the adequate protection that the Debtors agreed to provide in the Junior DIP Order—post-petition interest of roughly $1 million per month—is insufficient adequate protection for the Debtors' proposed use of approximately $28.2 million of Collateral proceeds pursuant to the Sale Motion. Permitting the Debtors to use cash Collateral will only increase the risk that the Loan will ultimately be undersecured. Indeed, the adequate protection granted to SL Agent expressly recognizes this possibility: post-petition interest payable on Note A is subject to recharacterization as principal if the Loan is determined to be undersecured.[4]

17.    Under the Bankruptcy Code, a debtor must segregate and account for any cash collateral that it does not have the consent of the creditor or authority from the court to use, sell or lease. *In re White Plains Devel. Corp.*, 137 B.R. 139, 142 (Bankr. S.D.N.Y. Feb. 25, 1992). Accordingly, SL Agent files this objection to request that Collateral proceeds from the Sale be either used to repay Note A or held in a segregated account pending further order of this Court.

## RELIEF REQUESTED

18.    SL Agent requests that the Proposed Sale Order be modified to require that Collateral proceeds from the Sale (after giving effect to the allocation of expenses described in

---

[4]    Junior DIP Order ¶ 58 ("(iii) cash payment of post-petition interest on Note A-1 and Note A-2 (each as defined in the Prepetition Consolidated Loan Agreement) under the Prepetition Consolidated Loan Agreement as such interest becomes due and payable at the applicable non-default rate thereunder from and after the Petition Date; *provided* that in the event of a final determination that the Prepetition Consolidated Loan Parties, as applicable are undersecured as of the Petition Date, payments received by the applicable Prepetition Consolidated Loan Parties pursuant to this clause (iii) may be recharacterized and applied as payments of principal. For the avoidance of doubt, the foregoing does not apply to any portion of the Prepetition Consolidated Loan held by ESL.").

paragraph 27 of the Proposed Sale Order) be either used to repay Note A or held in a segregated account pending further order of this Court.

## CONCLUSION

19. For the foregoing reasons SL Agent requests that the Court grant the relief requested herein.

New York, New York
Dated:  December 20, 2018

**DEBEVOISE & PLIMPTON LLP**

*/s/ My Chi To*
My Chi To
Erica S. Weisgerber
919 Third Avenue
New York, New York 10022
Phone:  (212) 909-6000
Facsimile:  (212) 909-6836

*Counsel to SL Agent, LLC*