**McKool Smith, P.C.**
One Bryant Park
47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
H. Jeffrey Schwartz
hjschwartz@McKoolSmith.com

-and-

**McKool Smith, P.C.**
600 Travis Street, Suite 7000
Houston, TX  77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
Benjamin W. Hugon (*pro hac vice* pending)
bhugon@McKoolSmith.com

*Counsel for Winners Industry Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) Hearing Date: Jan. 18, 2019 at 10:00 am (ET) |
| | ) Objection Deadline: Jan. 11, 2019 at 4:00 pm (ET) |
| | ) |
| **SEARS HOLDINGS CORPORATION, et al.** | ) Chapter 11 |
| | ) |
| **Debtors**[1] | ) Case No. 18-23538 (RDD) |
| | ) Jointly Administered |

## NOTICE OF HEARING ON MOTION OF WINNERS INDUSTRY CO., LTD. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed *Motion of Winners Industry Co., Ltd. for Allowance and Payment of Administrative Expense Claims* (the "Motion") filed by Winners Industry Co., Ltd., will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "Bankruptcy Court"), on **January 18, 2019 at 10:00 am (ET)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, shall be filed with the Bankruptcy Court, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* (Dkt. No. 405) (the "Amended Case Management Order"), so as to be filed and received no later than **January 11, 2019 at 4:00 pm (ET)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not filed and served by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing pursuant to the Amended Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

[*Remainder of page left blank intentionally*.]

4820-0340-9282

Dated:  December 21, 2018

>Respectfully submitted,
>
>*/s/   H. Jeffrey Schwartz*
>**McKool Smith, P.C.**
>One Bryant Park
>47th Floor
>New York, NY 10036
>Telephone: (212) 402-9400
>Facsimile: (212) 402-9444
>H. Jeffrey Schwartz
>hjschwartz@McKoolSmith.com
>
>-and-
>
>**McKool Smith, P.C.**
>600 Travis Street, Suite 7000
>Houston, TX  77002
>Telephone: (713) 485-7300
>Facsimile: (713) 485-7344
>Benjamin W. Hugon (*pro hac vice* pending)
>bhugon@McKoolSmith.com
>
>*Counsel for Winners Industry Co., Ltd.*

4820-0340-9282

**McKool Smith, P.C.**
One Bryant Park
47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
H. Jeffrey Schwartz
hjschwartz@McKoolSmith.com

-and-

**McKool Smith, P.C.**
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
Benjamin W. Hugon (*pro hac vice* pending)
bhugon@McKoolSmith.com

*Counsel for Winners Industry Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) Hearing Date: Jan. 18, 2019 at 10:00 am (ET) |
| | ) Objection Deadline: Jan. 11, 2019 at 4:00 pm (ET) |
| | ) |
| **SEARS HOLDINGS CORPORATION, et al.** | ) Chapter 11 |
| | ) |
| **Debtors**[1] | ) Case No. 18-23538 (RDD) |
| | ) Jointly Administered |

# MOTION OF WINNERS INDUSTRY CO., LTD. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

4818-6182-8481

Winners Industry Co., Ltd. ("Winners") respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) allowing Winners' administrative expense claims pursuant to 11 U.S.C. § 503(b)(1)(A) with respect to those goods received by one or more Debtors on or after October 15, 2018 (the "Petition Date"); (ii) allowing Winners' administrative expense claims pursuant to 11 U.S.C. § 503(b)(9) with respect to those goods received by one or more Debtors on or after September 25, 2018 but before the Petition Date; and, (iii) directing immediate payment of Winners' administrative expense claims. In support of this Motion, Winners respectfully: (i) submits the declaration of Kitty Chow (Zhou Qiuhua), attached as **Exhibit X** hereto (the "Chow Declaration"); and, (ii) represents as follows:

I. **JURISDICTION AND VENUE**

1. The United States District Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and has properly referred this matter to the United States Bankruptcy Court for the Southern District of New York (the "Court") under 28 U.S.C. § 157(a) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). The Court has constitutional authority to enter final orders in this proceeding and Winners consents to entry of final orders by the Court.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

18-23538-shl    Doc 1386    Filed 12/21/18    Entered 12/21/18 11:42:35    Main Document
Pg 6 of 14

## II.     BACKGROUND

a. *Debtors' Bankruptcy Proceedings*

4. On October 15, 2018, all Debtors filed chapter 11 petitions with the Court with the exceptions of SHC Licensed Business LLC and SHC Promotions LLC, who filed chapter 11 petitions on October 18, 2018 and October 22, 2018 respectively. The Court has approved joint administration of the Debtors' chapter 11 cases. The Debtors continue in the management and operation of their businesses and properties as debtors-in-possession pursuant to sections 1107 and 1108.

5. Also on October 15, 2018, the Debtors filed the *Motion of Debtors for Interim and Final Authority to (I) Pay Prepetition Claims of (A) Shippers, Warehouseman, and Other Non-Merchandise Lien Claimants and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition, and Satisfy Such Obligations in the Ordinary Course of Business* (Dkt. No. 14) ("Postpetition Deliveries Motion"), requesting authority to pay vendors in the ordinary course of business for goods ordered prepetition but delivered to the Debtors postpetition. The Court approved the Postpetition Deliveries Motion by final order entered November 20, 2018 (Dkt. No. 843).

6. Also on October 15, 2018, the Debtors filed their *Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* (Dkt. No. 7), requesting approval to enter into the DIP ABL Facility and the Junior DIP Facility. The Debtors filed a *Supplemental Motion for Authority to (I) Obtain Junior Postpetition Financing and (II) Schedule Final Hearing* (Dkt. No. 872) on November 25, 2018 relating to the Junior DIP Facility.

3

4818-6182-8481

7. The Court approved entry into the DIP ABL Facility on an interim basis by order entered October 16, 2018, and on a final basis by order entered November 30, 2018. *See Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* ("DIP ABL Facility Final Order") (Dkt. No. 955). Under the DIP ABL Facility, the Debtors have access to up to $300 million in new money.

8. The Court approved entry into the Junior DIP Facility on an interim basis by order entered November 30, 2018 (Dkt. No. 951), and on a final basis at a hearing on December 20, 2018. Under the Junior DIP Facility, Debtors have access to up to $350 million of new money.

9. On information and belief, the Debtors' estates (including the estates of Kmart Corporation and Sears, Roebuck and Co.) are administratively solvent. *See* DIP ABL Facility Final Order. Further, in response to an objection to the Junior DIP Facility based on whether the Debtors had demonstrated sufficient liquidity to cover section 503(b)(9) claims and postpetition trade claims, the Debtors represented to the Court that they "do not intend, nor have they ever intended to finance these chapter 11 cases on the backs of vendors." *See Debtors' Omnibus Reply to Objections to Junior Debtor-in-Possession Financing*, ¶ 6 (Dkt. No. 1297).

  b. *Winners' Relationship with the Debtors*

10. Winners is among the Debtors' largest suppliers of artificial Christmas trees and wreaths. Winners has supplied these goods to the Debtors since 2015. Over this period the value of the goods Winners sold to the Debtors per year has ranged from approximately $5.4 million to $11.7 million. Ex. X, CHOW DECL. ¶¶ 6–7.

11. Due to the nature of the goods, Winners supplies Debtors on a seasonal basis only. The first shipment of the year is usually in June and the last in late September. Due to this seasonal timeframe, shipments for the 2018 season have ceased. Ex. X, CHOW DECL. ¶ 5.

12. Winners remains interested in supplying the Debtors (or their successors) in future seasons. Winners applied for critical vendor status (fully aware that this would likely require a commitment to supply goods in future years on historical business terms) but has not yet been approved.

    c. *The 21 Outstanding Shipments*

13. Winners sold goods on credit to the Debtors (specifically, Kmart Corporation and Sears, Roebuck and Co.) via 21 separate shipments during the 2018 season. The 21 shipments involved over 170 containers of goods with a total value of $5,359,201.08. *See* Exs. C-W; Ex. X, CHOW DECL. ¶ 7. Winners has not been paid for any shipment. Ex. X, CHOW DECL. ¶ 7. As discussed in further detail below, for at least 11 of these shipments, Winners is entitled to an administrative expense claim under section 503(b)(9). For (at least) another 4 shipments, Winners is entitled to an administrative expense claim under section 503(b)(1)(A). A summary spreadsheet of all 21 shipments with relevant details is attached as **Exhibit B**.

14. Winners sold these goods in the ordinary course of business and under the same payment and shipping terms the parties historically used. Ex. X, CHOW DECL. ¶¶ 8–11. Winners shipped the goods F.O.B. ("free on board"). Ex. X, CHOW DECL. ¶ 9. Winners left the goods at the port in Yantian, China in the custody of UPS Supply Chain Solutions, Inc. ("UPS"), who acted as freight forwarder. Ex. X, CHOW DECL. ¶¶ 8–9. UPS provided Winners with a Forwarder's Cargo Receipt ("FCR") for each shipment, to which the related invoices and

packing lists were attached. Copies of the FCRs (including the attached invoices and packing lists) for these 21 shipments are attached as **Exhibits C–W**. *See* Ex. X, CHOW DECL. ¶ 9.

15. UPS arranged for export carriers to ship the goods from the port in Yantian, China to various ports of discharge in the United States. The three companies UPS used for these 21 shipments were Maersk Inc. ("Maersk"), APL America LLC ("APL"), and Yang Ming (America) Corporation ("YangMing").

16. After shipment to the United States, and upon arrival at the ports of discharge, trucking companies were used to deliver the containers of goods to Kmart Corporation or Sears, Roebuck and Co. (depending on the shipment) at the place of delivery noted in the FCRs.

17. Maersk, APL, and Yangming representatives have confirmed that the containers of goods comprising these 21 shipments were delivered to Kmart Corporation or Sears, Roebuck and Co. on the dates set forth in the summary spreadsheet attached as **Exhibit B**.[2]

### III. RELIEF REQUESTED

18. By this Motion, Winners seeks entry of an order: (i) allowing Winners' administrative expense claim pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(9) against Kmart Corporation in at least the amount of $1,205,965.44; (ii) allowing Winners' administrative expense claim pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(9) against Sears, Roebuck & Co. in at least the amount of $1,726,765.83; and, (iii) directing immediate payment of Winners' administrative expense claims.

---

[2] As some shipments involved multiple containers, deliveries were not always made on a single day. Based on this further due diligence and inquiry, this spreadsheet supersedes Winners' prior summary spreadsheet.

**IV.    BASIS FOR THE RELIEF REQUESTED**

   a. *Administrative Expense Claims under Section 503(b)(9)*

19.    Bankruptcy Code section 503(b)(9) provides that: "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including—(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

20.    In other words, section 503(b)(9) provides for the allowance of an administrative expense claim where: "(1) the vendor sold 'goods' to the debtor; (2) the goods were received by the debtor within twenty days [before the bankruptcy] filing; and (3) the goods were sold . . . in the ordinary course of business." *In re Worlds Imps., Ltd.*, 862 F.3d 338, 341 (3d Cir. 2017) (quoting *In re Goody's Family Clothing, Inc.*, 401 B.R. 131, 133 (Bankr. D. Del. 2009)).

21.    The artificial Christmas trees and wreaths that Winners sold to the Debtors constitute "goods." *See* N.Y. C.L.S. UCC § 2-105(1); *Hudson Energy Servs., LLC v. A&P (In re A&P)*, 498 B.R. 19, 22 (S.D.N.Y. 2013) (UCC provides operative definition of "goods" for section 503(b)(9)).

22.    The Debtors received the goods related to Shipment Nos. 7–16, 18 within twenty days of the Petition Date. *See* Exs. B, I–R, T.   The key date for "receipt" under section 503(b)(9) is not the date of shipment, but the date on which debtors take physical possession of the goods.  The Third Circuit addressed this issue in the recent case of *In re World Imports, Ltd.*, 862 F.3d 338 (3d Cir. 2017).  That case also involved a Chinese company that shipped goods F.O.B. to debtors in the ordinary course of business, with the risk of loss or damage transferring to the debtors upon delivery at the port of origin.  In *World Imports* (as here) certain goods were

7

shipped F.O.B. more than 20 days before the petition date, but the debtors did not take physical possession of those goods until within 20 days of the petition date. The Third Circuit awarded the creditors' claims administrative priority under those facts, holding that goods are not "received" for purposes of section 503(b)(9) until debtors or their agents take physical possession of the goods, and rejecting the argument that common carriers qualify as a debtor's agents. *World Imports*, 862 F.3d at 342–45. This Court should follow the Third Circuit's *World Imports* decision and find that the goods related to Shipment Nos. 7–16, 18 were "received" for section 503(b)(9) purposes by the Debtors within 20 days of the Petition Date.

23. Finally, Winners sold the goods to the Debtors in the ordinary course of business. *See* EX. X, CHOW DECL. ¶¶ 8–11 (goods sold using historical payment and shipping terms); *see also Official Committee of Unsecured Creditors of Cyberrebate.com, Inc. v. Gold Force Int'l Ltd. (In re Cyberrebate.com, Inc.)*, 296 B.R. 639, 643 (Bankr. E.D.N.Y. 2003) ("Courts considering whether a transaction is in the ordinary course of business have generally focused on whether the transactions were ordinary in relation to the prior course of dealings between the particular parties.").

24. Thus, Winners has established entitlement pursuant to 11 U.S.C. § 503(b)(9) of allowed administrative expense claims against Kmart Corporation in at least the amount of $1,117,926.72 and against Sears, Roebuck & Co. in at least the amount of $943,943.23 for Shipment Nos. 7–16, 18,[3] as set forth in the following table:

| Ship. No. | Counterparty | Amount |
|---|---|---|
| 7 | Kmart Corp. | $38,385.00 |
| 8 | Kmart Corp. | $156,142.44 |
| 9 | Sears, Roebuck & Co. | $22,922.00 |
| 10 | Sears, Roebuck & Co. | $22,825.00 |

---

[3] The amount of the claim is the value of the goods (which is presumed to equal the invoiced purchase price). *See, e.g.*, *in re Semcrude, L.P.*, 416 B.R. 399, 405 (Bankr. Del. 2009); 4 Collier on Bankr. ¶ 502.16[1] (16th ed.) ("The invoice or purchase price is presumptively the value of the section 503(b)(9) claim.").

| 11 | Sears, Roebuck & Co. | $282,236.20 |
| 12 | Kmart Corp. | $75,334.92 |
| 13 | Kmart Corp. | $667,264.50 |
| 14 | Sears, Roebuck & Co. | $183,483.30 |
| 15 | Sears, Roebuck & Co. | $45,747.00 |
| 16 | Sears, Roebuck & Co. | $386,729.73 |
| 18 | Kmart Corp. | $180,799.86 |
|  | **TOTAL 503(b)(9)** | **$2,061,869.95** |
|  |  |  |
|  | Kmart Corp. 503(b)(9) | $1,117,926.72 |
|  | Sears, Roebuck & Co. 503(b)(9) | $943,943.23 |

25.    In addition to allowing Winners' section 503(b)(9) administrative expense claims, the Court should compel immediate payment. The DIP ABL Facility and the Junior DIP Facility provide Debtors with the funds necessary to keep current with the administrative expenses incurred.

  b. *Administrative Expense Claims under Section 503(b)(1)(A)*

26.    Bankruptcy Code section 503(b)(1) provides: "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1).

27.    The goods comprising Shipment Nos. 17, 19–21 were delivered to the Debtors postpetition. *See* Exs. B, S, U–W. The Debtors previously noted that such claims are entitled to administrative priority under section 503(b)(1)(A) as actual, necessary costs and expenses of preserving the estate:

> Pursuant to section 503(b) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of necessary goods and services are afforded administrative expense priority because they benefit the estate postpetition. 11 U.S.C. § 503(b)(1)(A); *see In re Chateaugay Corp.*, 10 F.3d 944, 956 (2d. Cir. 1993) (holding that an obligation arising from the postpetition performance relating to a prepetition transaction is entitled to administrative expense priority) *In re A.C.E. Elevator Co., Inc.*, 347 B.R. 473, 481 (Bankr. S.D.N.Y. 2006) (holding that to receive a claim

9

4818-6182-8481

under section 503 a claimant must provide a postpetition benefit to the estate).

POSTPETITION DELIVERIES MOT. ¶ 32.

28.     Accordingly, as the Debtors themselves acknowledge, Winners is entitled pursuant to 11 U.S.C. § 503(b)(1)(A) to administrative expense claims against Kmart Corporation in at least the amount of $88,038.72 and against Sears, Roebuck and Co. in at least the amount of $782,822.60 for Shipment Nos. 17, 19–21, as set forth in the following table:

| Ship. No. | Counterparty | Amount |
|---|---|---|
| 17 | Sears, Roebuck & Co. | $464,650.00 |
| 19 | Kmart Corp. | $88,038.72 |
| 20 | Sears, Roebuck & Co. | $290,476.60 |
| 21 | Sears, Roebuck & Co. | $27,696.00 |
|  | TOTAL 503(b)(1)(A) | $870,861.32 |
|  |  |  |
|  | Kmart Corp. 503(b)(1)(A) | $88,038.72 |
|  | Sears, Roebuck & Co. 503(b)(1)(A) | $782,822.60 |

29.     In addition to allowing Winners' section 503(b)(1)(A) administrative expense claims, the Court should compel immediate payment. The DIP ABL Facility and the Junior DIP Facility provide Debtors with the funds necessary to keep current with the administrative expenses incurred. In addition, the Court has already entered a final order approving the Postpetition Deliveries Motion, which allows Debtors to make these payments in the ordinary course of business. Under the parties' historical payment terms, payment for Shipment No. 17 is due December 6, 2018, payments for Shipment Nos. 19–20 are due December 12, 2018, and payment for Shipment No. 21 is due December 17, 2018. *See* Exs. B, S, U–W. Any order approving this Motion would be entered after these dates.

c.  *Summary Table of Winners' Allowed Administrative Expense Claims*

30.     Based on the above, Winners is entitled to administrative expense claims against the Kmart Corporation and Sears, Roebuck and Co. as set forth in the following table:

|  | *Winners' Combined Administrative Expense Claims* | *Administrative Expense Claim Against Kmart Corp.* | *Administrative Expense Claim Against Sears, Roebuck & Co.* |
|---|---|---|---|
| 503(b)(9) | $2,061,869.95 | $1,117,926.72 | $943,943.23 |
| 503(b)(1)(A) | $870,861.32 | $88,038.72 | $782,822.60 |
| **TOTAL** | **$2,932,731.27** | **$1,205,965.44** | **$1,726,765.83** |

### V.    CONCLUSION

31.    For the reasons set forth above, Winners respectfully requests that the Court: (i) enter the Proposed Order attached as **Exhibit A**; (ii) allow Winners' administrative expense claim pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(9) against Kmart Corporation in at least the amount of $1,205,965.44; (iii) allow Winners' administrative expense claim pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(9) against Sears, Roebuck and Co. in at least the amount of $1,726,765.83; (iii) direct immediate payment of Winners' administrative expense claims; and, (iv) for such other and further relief as may be just and proper.

Dated:  December 21, 2018

Respectfully submitted,

*/s/   H. Jeffrey Schwartz*
**McKool Smith, P.C.**
One Bryant Park
47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
H. Jeffrey Schwartz
hjschwartz@McKoolSmith.com

-and-

**McKool Smith, P.C.**
600 Travis Street, Suite 7000
Houston, TX  77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
Benjamin W. Hugon (*pro hac vice* pending)
bhugon@McKoolSmith.com

*Counsel for Winners Industry Co., Ltd.*

11

4818-6182-8481