UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re                                                        :
                                                             :     Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                        :
                                                             :     Case No. 18-23538 (RDD)
                                                             :
                       Debtors.[1]                           :     (Jointly Administered)
-------------------------------------------------------------x

ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF MCANDREWS, HELD & MALLOY, LTD AS IP COUNSEL
FOR THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the application (the "**Application**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order authorizing the Debtors to retain and employ McAndrews Held & Malloy, Ltd. ("**McAndrews**") as intellectual property ("**IP**") counsel for the Debtors for those matters described therein, effective *nunc pro tunc* to the Commencement Date, all as more fully set forth in the Application; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Amended Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the objection of the U.S. Trustee filed on the record (ECF No. 1018); and upon the consensual resolution of such objection as provided herein; and there being no other objections to the requested relief and the Court having held a hearing to consider the relief requested in the Application on December 20, 2018 (the "**Hearing**"); and upon the Declarations of Ronald H. Spuhler and Mohsin Meghji, filed contemporaneously with the Application, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that McAndrews does not hold or represent an adverse interest to the Debtors or their estates on the matters on which it is to be retained, that it is disinterested under section 101(14) of the Bankruptcy Code, that its retention is necessary and in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it further appearing that the terms of McAndrews' retention are reasonable for purposes of section 328(a) to the extent this

Order applies such section to such terms; and after due deliberation, it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein,

IT IS HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to employ and retain McAndrews as their IP counsel in these chapter 11 cases in accordance with McAndrew's normal rates and disbursement policies, all as contemplated by the Application, *nunc pro tunc* to the Commencement Date.

3. Subject to paragraph 4 below, the Fixed Fee is approved pursuant to section 328(a) of the Bankruptcy Code and such compensation shall be paid pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of this Order.

4. McAndrews shall file fee applications for the allowance of compensation for services rendered, including the Fixed Fee, Flat Fee, the hourly fees, and reimbursement of expenses incurred, including the work completed by the Law Firms (defined below) retained by McAndrews on behalf of the Debtors (which work shall be billed to the Debtors at cost with no markup), in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Bankruptcy Rules, the Interim Compensation Order, and any further order of the Court; provided, that with the exception of the U.S. Trustee (and a fee examiner, if appointed), who shall be entitled to review the Fixed Fee under the standard set forth in section 330 of the Bankruptcy Code, the Fixed Fee shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code.

5. McAndrews shall provide ten business days' notice to the Debtors, the United States Trustee, and the Creditors' Committee before implementing any increases in the

rates set forth in the Application for professionals providing services in these cases, and such notice must be filed with the Court.

   6. The Debtors are hereby authorized to provide to McAndrews, within seven business days following entry of this Order, the Retainers and Fee Advance upon the terms described in the Application; <u>provided</u>, however, that such Retainers and Fee Advance shall not be replenished automatically; <u>provided</u>, <u>further</u>, that the Debtors' rights to seek further relief from the Court with respect to such Retainers and Fee Advance shall be preserved without prejudice.

   7. With respect to any foreign associate law firm that is engaged directly by McAndrews in connection with the McAndrews Matters (each, a "**Law Firm**"), the Debtors shall not be required to retain the Law Firm as a professional under the Bankruptcy Code provided that (i) the member(s) of the Law Firm working on the matter are not located in the United States of America; (ii) the Law Firm is being engaged to prepare for filing and to file those documents required to protect a patent or trademark according to the applicable country's legal requirements with respect thereto, and (iii) the Law Firm will not be performing any substantive legal analysis or legal research in connection with its work for McAndrews that is specific to the Debtors' matter, such as providing legal analysis regarding the patentability of the Debtors' claims or registerability of the Debtors' trademarks.  To the extent the Law Firm is required to perform work outside the above parameters, the Law Firm shall be treated similar to an ordinary course professional by filing – or causing McAndrews to file – an affidavit with this Court disclosing whether it has an adverse interest to the Debtors in connection with the matter for which it has been engaged and shall be subject to a monthly aggregate cap for fees only (not expenses) of $75,000 and aggregate case cap for fees only (not expenses) of $750,000

4

(collectively, the "**Caps**"). To the extent such Law Firm's fees exceed the Caps, it must be retained by the Debtors before further fees can be paid.

8. McAndrews shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

9. The Debtors and McAndrews are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

11. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December 21, 2018
      White Plains, New York

                                /s/ Robert D. Drain
                                THE HONORABLE ROBERT D. DRAIN
                                UNITED STATES BANKRUPTCY JUDGE