**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
In re                                                              :         Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,    :         Case No. 18-23538 (RDD)
:
Debtors.[1]                                                 :         (Jointly Administered)
:
-----------------------------------------------------------------x

# ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JONES LANG LASALLE AMERICAS, INC. AND JLL VALUATION & ADVISORY SERVICES, LLC AS THE DEBTORS' REAL ESTATE ADVISOR, EFFECTIVE AS OF NOVEMBER 5, 2018

Upon the application, dated December 6, 2018 (ECF No. 1081) (the "**Application**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

**Rules**"), for entry of an order authorizing the Debtors to retain and employ Jones Lang LaSalle Americas, Inc. ("**JLL Americas**") and JLL Valuation & Advisory Services, LLC ("**JLL Advisory**" and, together with JLL Americas, "**JLL**") as their non-exclusive real estate advisor, to provide necessary real estate advice and services as more fully set forth in the (i) Real Estate Advisory Services Agreement between JLL Americas and SHC, effective as of November 5, 2018, annexed hereto as **Exhibit 1**, and as amended by the First Amendment to Real Estate Advisory Services Agreement, dated December 12, 2018, annexed hereto as **Exhibit 2** (together, the "**Non-Core Asset Sales Engagement Letter**"), (ii) Real Estate Advisory Services Agreement between JLL Americas and SHC, effective as of November 26, 2018, annexed hereto as **Exhibit 3**, and as amended by the First Amendment to Real Estate Advisory Services Agreement, dated December 12, 2018, annexed hereto as **Exhibit 4** (together, the "**Global Real Property Sales Engagement Letter**"), and (iii) the amended and restated Valuation and Advisory Services Agreement, effective as of November 28, 2018, annexed hereto as **Exhibit 5** (the "**Appraisal Engagement Letter**" and, collectively with the Non-Core Asset Sales Engagement Letter and the Global Real Property Asset Sales Engagement Letter, the "**Engagement Letters**"), all as more fully set forth in the Application; and upon the Declaration of Donna Kolius filed in support of the Application and attached thereto as Exhibit D; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Amended Case Management

2

Order, such notice having been adequate and appropriate, and it appearing that no other or further notice need be provided; and the Debtors having submitted a certificate that no objection was filed; and no hearing being required under the circumstances; and it appearing that JLL does not hold or represent an adverse interest to the Debtors or their estates, that it is disinterested under section 101(14) of the Bankruptcy Code, and that its retention is necessary and in the best interests of the estates; and it further appearing that the terms of JLL's compensation under the Engagement Letters are reasonable for purposes of section 328(a) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; ,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to employ and retain JLL as their non-exclusive real estate advisor in these chapter 11 cases in accordance with the terms of the Engagement Letters.

3. JLL is authorized to render the Services set forth in the Engagement Letters.

4. All of JLL's compensation as set forth in the Engagement Letters, including, without limitation, the Appraisal Fees, the Global Real Property Assets Sale Fees, and the Non-Core Asset Sale Fees, including the Additional Compensation, and the expense reimbursement and indemnification and related obligations, as applicable, are approved pursuant to section 328(a) of the Bankruptcy Code and JLL shall be compensated, reimbursed and indemnified pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified in, the Engagement Letters and this Order.

5. JLL will submit invoices to the Debtors, the Office of the United States Trustee for Region 2, the Creditors' Committee, and the lenders under their postpetition debtor-in-possession secured financing (*see* ECF Nos. 951 and 955) for the payment of compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in accordance with the terms of the Engagement Letters when such compensation becomes due and owing and such expenses are incurred. Such parties shall have fifteen (15) days to review and dispute any such invoice submitted by JLL, and if no such disputes are received, without any further order of the Court, the Debtors shall be authorized to pay such JLL invoices. If any objection is received, the Debtors shall withhold the payment of the portion of the payment that is objected to and promptly pay the remainder. All objections that are not resolved shall be preserved and presented to the Court for determination.

6. JLL shall work cooperatively with other real estate advisors retained by the Debtors in these chapter 11 cases to integrate any work conducted by the other professionals on behalf of the Debtors, so as to avoid duplication of services provided by any of the Debtor's other such retained professionals.

7. JLL shall file a final fee application with a summary of fees earned and expenses incurred along with a summary of the fees and expenses that have been paid.

8. Notwithstanding anything in the Application or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the DIP ABL Order and the Interim Junior DIP Order (*see* ECF Nos. 951 and 955); (ii) the other documentation governing

WEIL:\96843163\5\73217.0004

the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP ABL Order).

9. To the extent there is any inconsistency between the terms of any of the DIP ABL Order, the Interim Junior DIP Order and this Order, the terms of the DIP ABL Order or the Interim Junior DIP Order, as applicable, shall control.

10. To the extent there is inconsistency between the terms of the Application, the Engagement Letters, and this Order, the terms of this Order shall govern.

11. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December 21, 2018
      White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE