Andrew V. Tenzer, Esq.
Leslie A. Plaskon, Esq.
Shlomo Maza, Esq.
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6000
Fax: (212) 319-4090
andrewtenzer@paulhastings.com
leslieplaskon@paulhastings.com
shlomomaza@paulhastings.com

*Attorneys for GACP II, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           : Presentment Date: Dec. 28, 2018 at 10:00 am (ET)
                                                           : Objection Deadline: Dec. 27, 2018 at 4:00 pm (ET)
In re:                                                     : Hearing Date (only if Objections filed): TBA
                                                           :
SEARS HOLDING CORPORATION, *et al.*,                       : Chapter 11
                                                           : Case No. 18-23538-RDD
                          Debtors.[1]                      :
                                                           : (Jointly Administered)
---------------------------------------------------------- x

# NOTICE OF PRESENTMENT OF AGREED ORDER WITH RESPECT TO APPLICATION OF GA CAPITAL FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES PURSUANT TO BANKRUPTCY CODE SECTIONS 503(b)(3)(D) AND 503(b)(4)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE THAT** on December 9, 2018, GACP II, L.P. ("GA Capital") filed the *Application of GA Capital for Allowance and Payment of Fees and Expenses Pursuant to Bankruptcy Code Section 503(b)(3)(D) and 503(b)(4)* [Docket No. 1102] (the "Application").[2]

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors and the Creditors' Committee filed responses to the Application [Docket Nos. 1264 and 1279] (the "Responses") objecting to certain of the relief requested in the Application.

**PLEASE TAKE FURTHER NOTICE THAT** GA Capital, the Debtors, and the Committee have resolved the issues raised in the Responses and will present the agreed Order Granting Application of GA *Capital for Allowance and Payment of Fees and Expenses Pursuant to Bankruptcy Code Section 503(b)(3)(D) and 503(b)(4)* (the "Agreed Order") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **December 28, 2018 at 10:00 a.m. (ET)**.  A copy of the Agreed Order is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE THAT**, unless a written objection to the Agreed Order attached hereto is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **December 27, 2018 at 4:00 p.m. (ET)**, there will not be a hearing to consider such Agreed Order, and the Agreed Order may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE THAT** if a written objection is timely filed and served with respect to the Stipulation, a hearing (the "Hearing") will be held to consider such Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the

---

[2]   Capitalized term used but not otherwise defined herein shall have the meanings given to such terms in the Application.

- 2 -

United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on a date to be announced.

**PLEASE TAKE FURTHER NOTICE THAT** objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: December 21, 2018<br>New York, New York | */s/ Andrew V. Tenzer*<br>PAUL HASTINGS LLP<br>Andrew V. Tenzer, Esq.<br>Leslie A. Plaskon, Esq.<br>Shlomo Maza, Esq.<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 318-6000<br>andrewtenzer@paulastings.com<br>leslieplaskon@paulhastings.com<br>shlomomaza@paulhastings.com<br><br>*Counsel to GACP II, L.P.* |

## **EXHIBIT A**

**Agreed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                                                         :

In re:                                                             :    Chapter 11

SEARS HOLDING CORPORATION, *et al.*,       :
                                                            :    Case No. 18-23538-RDD
                                                   Debtors.[1]     :    (Jointly Administered)
---------------------------------------------------------------- x

## ORDER GRANTING APPLICATION OF GA CAPITAL FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES PURSUANT TO BANKRUPTCY CODE SECTIONS 503(b)(3)(D) AND 503(b)(4)

Upon consideration of the *Application of GA Capital for Allowance and Payment of Fees and Expenses Pursuant to Bankruptcy Code Sections 503(b)(3)(D) and 503(b)(4)* [Docket No. 1102] (the "<u>Application</u>")[2] for payment of the Requested Fees incurred by GA Capital in making a substantial contribution in the Chapter 11 Cases, all as more fully described in the Application, together with the *Supplemental Declaration of Robert Louzan in Support of Application of GA Capital for Allowance and Payment of Fees and Expenses Pursuant to Bankruptcy Code Section*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized term used but not otherwise defined herein shall have the meanings given to such terms in the Application.

*503(b)(3)(D) and 503(b)(4)* and the *Declaration of Leslie A. Plaskon in Support of Application of GA Capital for Allowance and Payment of Fees and Expenses Pursuant to Bankruptcy Code Section 503(b)(3)(D) and 503(b)(4)* [Docket No. 1179]; and the Debtors and the Creditors' Committee having filed responses to the Application [Docket Nos. 1264 and 1279] (the "Responses"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided and no further notice being required; and upon the Court's review of the Application and all responses thereto; and the parties having resolved the Responses to the Application as recited on the record of the hearing held on December 20, 2018; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is GRANTED to the extent set forth herein.

2. GA Capital shall have an allowed administrative expense claim under Bankruptcy Code Sections 503(b)(3)(D) and 503(b)(4) in full and final satisfaction of all claims of GA Capital in connection with the Junior DIP Financing in the amount of $1,250,000 (the "Substantial Contribution Claim").

3. The Debtors shall pay the Substantial Contribution Claim to Paul Hastings, as counsel for GA Capital, within five business days of the entry of this order (the "Substantial Contribution Payment").

4. Upon receipt of the Substantial Contribution Payment, GA Capital and the Debtors, and their respective affiliates, predecessors, successors, assignees, financial advisors,

principals, attorneys, professionals, accountants, investment bankers, consultants, agents, transferees, and representatives shall be deemed to forever waive and release against each other any and all claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, including any derivative claims, whether known or unknown, asserted or unasserted, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, whether for tort, fraud, contract, violations of federal or state laws or otherwise, relating to, arising out of, or in connection with the *Junior DIP Motion* [Docket No. 872], the GA Capital DIP and the Junior DIP Financing, including, without limitation, GA Capital's claim to receive or otherwise recover from the Debtors or their estates any additional amounts sought in the Application in excess of the Substantial Contribution Payment. For the avoidance of doubt, GA Capital is not providing any release hereunder of any of its rights arising from its prepetition claims, including its rights to adequate protection arising in connection with Court approval of the Junior DIP Financing.

5.  Notwithstanding anything in the Application, the Responses or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "DIP Orders"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

6.  To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

7.      This Court shall retain exclusive jurisdiction to hear and decide all matters arising from or related to this order.

Dated: December _____, 2018
       White Plains, New York

                                                    _____
                                                    HONORABLE ROBERT D. DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE