UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                          :
                                               :     Chapter 11
SEARS HOLDINGS CORPORATION, et al.,            :
                                               :     Case No. 18-23538 (RDD)
                                               :
         Debtors.[1]                           :     (Jointly Administered)
------------------------------------------------------------x

### ORDER APPROVING THE REJECTION
### OF UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY
### AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

Pursuant to and in accordance with the *Order Authorizing Debtors to Establish Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith* (ECF No. 800) (the "**Rejection Procedures Order**")[2] entered in the above-captioned chapter 11 cases of Sears Holdings Corporation and its debtor affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice, dated December 6, 2018 (the "**Rejection Notice**") of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

their intent to reject certain unexpired leases identified on **Exhibit 1** hereto ("**Leases**") and to abandon any property remaining at the leased premises on the Rejection Date of the applicable Leases that the Debtors determine is too difficult to remove or expensive to store, such that the economic benefits of removing or storing such remaining property would by outweighed by the attendant costs in accordance with the terms of the Rejection Procedures Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and a proper exercise of business judgment; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Leases are hereby rejected pursuant to 11 U.S.C. § 365 as set forth herein, effective as of the later of (i) service and filing of the Rejection Notice and (ii) the date the Debtors have surrendered the premises to the Landlord via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the Landlord, or, if not delivering such keys or codes, providing notice that the Landlord may re-let the premises, as such estimated dates are set forth on **Exhibit 1** (the "**Rejection Date**").

2. Any and all personal property remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned pursuant to 11 U.S.C. § 554 upon the Rejection Date and as contemplated by the Rejection Procedures Order and herein without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.

3. With respect to any assets abandoned at one of the Debtors' leased properties, the applicable Landlord or other designee shall be free, notwithstanding the automatic stay, to dispose of such property without liability to any party (including any third parties) and without further notice or order of the Court; and the applicable Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

4. <u>If any affected non-Debtor party (each, a "**Counterparty**") to a Lease asserts a claim against the Debtors arising from the rejection of the Lease, the Counterparty shall submit a proof of claim by the later of (i) the deadline to file general unsecured proofs of claim fixed by the Court; and (ii) thirty (30) days after the entry of this Order. If a Counterparty does not timely file a proof of claim in accordance with the terms of this Order, the Counterparty shall forever be barred from asserting a claim arising from the rejection of their Lease, absent further order of this Court to the contrary</u>.

5. Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, or (iv) an approval, assumption, or adoption, of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

6. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December 21, 2018
      White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

## Rejected Leases

WEIL:\96847719\1\73217.0004