**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

In re:                                                :      **Chapter 11**
                                               :
**SEARS HOLDINGS CORPORATION**, *et al.*,  :      **Case No. 18-23538 (RDD)**
                                               :
         **Debtors.** [1]                   :      **(Jointly Administered)**
                                               :

-------------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF STOUT RISIUS ROSS, LLC AS REAL ESTATE CONSULTANT AND ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO NOVEMBER 21, 2018

Upon the retention application (the "Retention Application") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules") for entry of an order authorizing the Debtors to retain and employ Stout Risius Ross, LLC ( "Stout"), as their real

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

estate consultant and advisor, in accordance with the terms and conditions set forth in that certain

engagement letter dated as of November 21, 2018 attached to the Retention Application as

**Exhibit C** (including any amendments and schedules thereto, the "Engagement Letter"), *nunc*

*pro tunc* to November 21, 2018, all as more fully set forth in the Retention Application; and

upon the Declaration of Kevin Kernen in support of the Retention Application (the "Kernen

Declaration"); and the Court having jurisdiction to consider the Retention Application and the

relief requested therein pursuant to 28 U.S.C. §§ 157(a0-(b) and 1334(b) and the *Amended*

*Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of

the Retention Application and the requested relief being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the relief sought in the Retention Application having been provided,

such notice having been adequate and appropriate under the circumstances, and it appearing that

no other or further notice need be provided; and there being no objections to the requested relief;

and no hearing being required under the circumstances; and, based on the representations made

in the Retention Application and in the Kernen Declaration, it appearing that Stout is a

"disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code and, as

required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither

represents nor holds an interest adverse to the Debtors or their estates; and the Court having

found and determined that the terms and conditions of Stout's employment, including but not

limited to the fees set forth in the Engagement Letter and summarized in the Retention

Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court

having determined that the legal and factual bases set forth in the Retention Application establish

just cause for the relief granted herein; and the Court having determined that the relief requested

in the Retention Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

1.  The Retention Application is granted to the extent set forth herein.

2.  The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1 to employ and retain Stout as real estate consultant and advisor, acting at the direction of the Restructuring Sub-Committee with respect to all RSC Conflict Matters in accordance with the terms and conditions set forth in the Engagement Letter, including the Indemnification Provisions and the fees, annexed to the Retention Application as **Exhibit C**, *nunc pro tunc* to November 21, 2018, and to pay fees and reimburse expenses to Stout on the terms and times set forth in the Engagement Letter as modified hereby.

3.  The terms of the Engagement Letter are reasonable terms and conditions of employment and are approved, as hereinafter modified.

4.  Notwithstanding anything to the contrary in the Engagement Letter, the Application, or the Kernen Declaration, to the extent that the Debtors request Stout to perform any services other than those detailed in the Engagement Letter, the Debtors shall seek further application for an order of approval by the Court for a supplement to the retention and any related modifications to the Engagement Letter and such application shall set forth, in addition to the additional services to be performed, the additional fees sought to be paid.

5.  Stout shall be compensated and reimbursed for out-of-pocket expenses pursuant to section 328 of the Bankruptcy Code in accordance with the terms of the Engagement Letter, and all fees and out-of-pocket expense reimbursements to be paid to Stout shall be subject

to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as set forth herein. Stout shall be compensated in accordance with this Court's *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796].

6.  Stout shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred (including the reasonable fees, disbursements and other charges of Stout's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise)) in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this Court.

7.  Notwithstanding anything to the contrary contained herein, the U.S. Trustee shall have the right to object to Stout's interim and final applications for compensation and reimbursement of out-of-pocket expenses based on the reasonableness standard in section 330 of the Bankruptcy Code.

8.  Stout shall include in its fee applications, among other things, time records setting forth, in summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors.

9.  The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify

4

and hold harmless Stout, pursuant to the Engagement Letter, subject, during the pendency of

these Chapter 11 cases, to the following:

(a)    All requests by Stout for the payment of indemnification, contribution or otherwise as set forth in the Engagement Letter during the pendency of these Chapter 11 Cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided that in no event shall Stout be indemnified in the case of its own gross negligence, bad faith, or willful misconduct. In no event shall Stout be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, Stout's own bad-faith, self-dealing, gross negligence, or willful misconduct.

(b)    In the event Stout seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Stout's own applications, both interim and final, and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10.    To the extent that there may be any inconsistency between the terms of the

Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

11.    The Debtors are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order.

12.    Notice of the Retention Application as provided therein shall be deemed

good and sufficient notice of such Retention Application and the requirements of the Local Rules

are satisfied by such notice.

13.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

14. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

15. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:   White Plains, New York
         December 26, 2018

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE