**NIXON PEABODY LLP**
Christopher M. Desiderio
55 West 46th Street
New York, NY 10036
Tel.: (212) 940-3000
Fax: (212) 940-3111
cdesderio@nixonpeabody.com

and

Richard C. Pedone
100 Summer Street
Boston, Massachusetts 02110
Tel.: (617) 345-1000
Fax: (617) 345-1300
rpedone@nixonpeabody.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK--**
-------------------------------------------------------x

| | : | |
|---|---|---|
| | : | Chapter 11 |
| In re: | : | |
| | : | |
| SEARS HOLDING CORPORATION., | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors[1]. | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, In. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

4825-8162-5988.5

# MOTION OF THE KCD INDENTURE TRUSTEE
# FOR LEAVE TO FILE UNDER SEAL MOTION OF THE
# KCD INDENTURE TRUSTEE FOR AN ORDER (I) GRANTING
# RELIEF FROM THE AUTOMATIC STAY AND (II) COMPELLING
# DEBTOR PERFORMANCE AS SERVICER AND MANAGER OF KCD IP, LLC

U.S. Bank National Association, in its capacity as indenture trustee (in such capacity, the "KCD Indenture Trustee") under the Indenture,[2] dated May 18, 2006, by and between KCD IP, LLC ("KCD IP") and the KCD Indenture Trustee (as amended, supplemented or modified from time to time, the "Indenture"), by and through its attorneys, hereby moves for entry of an order pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") (the "Motion") authorizing the KCD Indenture Trustee to file an unredacted *Motion of the KCD Indenture Trustee for an Order (I) Granting Relief from the Automatic Stay and (II) Compelling Debtor Performance As Servicer and Manager of KCD IP, LLC* ("Relief from Stay Motion") and all exhibits thereto under seal. The Relief from Stay Motion and all exhibits thereto are annexed hereto as **Exhibit A** and filed contemporaneously with this Motion. In support of this Motion, the KCD Indenture Trustee states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction of the subject matter hereof pursuant to 28 U.S.C. §1334(a). This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (B), (C), (G) and (O).

2. The bases for this Motion are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Relief from Stay Motion.

2

# BACKGROUND

**A.    The Chapter 11 Cases**

3.    Beginning on October 15, 2018 (the "Commencement Date") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in these chapter 11 cases.

5.    The Debtors' chapter 11 cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

**B.    The Indenture and Related Agreements**

6.    Prior to the Commencement Date, the KCD Indenture Trustee and KCD IP, a non-debtor affiliate of the Debtors, executed the Indenture related to the issuance of certain asset-backed securities. Section 1.18 of the Indenture precludes the unauthorized use or disclosure of certain non-public information related to the Indenture and certain related agreements (as defined in the Indenture, "Confidential Information").

7.    Pursuant to the Relief from Stay Motion, the KCD Indenture Trustee seeks entry of order (i) granting relief from the automatic stay to remove and replace the Debtor-Servicer and Debtor-Manager in accordance with the terms and conditions of the governing agreements and (ii) compelling the Debtor-Servicer and Debtor-Manager to perform their respective obligations pending their removal and replacement. Both the Indenture and related agreements are attached as necessary exhibits to the Relief from Stay Motion. Moreover, the Relief from Stay Motion contains a detailed description of their terms.

3

8. On December 20, 2018 and again on December 24, 2018, the KCD Indenture Trustee asked counsel for the Debtors to state its position as to whether the Indenture and/or the agreements, including any description of the terms contained therein, constitute Confidential Information. On December 24, 2018, counsel for the posited that the Indenture, related agreements, or descriptions contained in the Relief Stay Motion do not constitute Confidential Information.

9. Notwithstanding, KCD IP, as Issuer, and the holder of the notes under the Indenture, both of which are non-debtor affiliates of the Debtors, as direct and indirect beneficiaries under the Indenture and related agreements, have not indicated their position as to the confidentiality of the Indenture and the related agreements.

## RELIEF REQUESTED

10. Out of an abundance of caution and to ensure compliance with the confidentiality provisions of the Indenture and the Agreements, the KCD Indenture Trustee respectfully requests entry of an order, substantially in the form annexed hereto as **Exhibit B**, authorizing the KCD Indenture Trustee to file under seal (i) an unredacted Relief from Stay Motion and (ii) all exhibits thereto.

## BASIS FOR RELIEF

11. The Bankruptcy Code provides strong support for filing confidential materials under seal. Section 107(b)(1) of the Bankruptcy Code authorizes the Court to issue an order that will protect entities from the potential harm that may result from the disclosure of certain confidential information. The statute provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 further provides:

4

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

13. The Second Circuit has recognized that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party must show only that that information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.* Commercial information need not rise to the level of a trade secret to be protected under Bankruptcy Code section 107(b). *See id.* at 28. Nor does obtaining protection under Bankruptcy Code section 107(b) require the requesting party to show "good cause" for the relief sought. *See id.*

13. Once a court determines that a party in interest is seeking to protect from public disclosure information that falls within the ambit of Bankruptcy Code section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* at 27. Moreover, courts within the Second Circuit have held that a sealing order should be broad, specifically permitting "any order which justice requires." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018.

14. Here, both the Indenture and the agreements are attached as necessary exhibits to the Relief from Stay Motion. Further, the Relief from Stay Motion contains a detailed description of their terms. The non-debtor Issuer and holder of the Notes, as direct and indirect beneficiaries under the Indenture and the related agreements, have not indicated whether or not they consider the Indenture, related agreements, or a description of the foregoing to constitute or contain Confidential Information. Accordingly, out of an abundance of caution and to ensure compliance with the broad confidentiality provisions of the Indenture and related agreements, filing an

unredacted version of Relief from Stay Motion and all the exhibits thereto under seal should be authorized.

## NOTICE

15. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405) (the "Case Management Order"). The KCD Indenture Trustee respectfully submits that no further notice is required.

## NO PRIOR REQUEST

16. No previous request for the relief sought herein has been made by the KCD Indenture Trustee to this or any other Court.

(*concluded on the following page*)

## CONCLUSION

17.     WHEREFORE, the KCD Indenture Trustee respectfully requests that the Court enter an order in the form attached hereto granting relief as set forth herein and providing such other relief as this Court deems just and proper.

Dated:  December 27, 2018                    **NIXON PEABODY LLP**

By: */s/ Christopher M. Desiderio*
Christopher M. Desiderio
55 West 46th Street
New York, NY 10036
Tel: (212) 940-3000
Fax: (212) 940-3111
cdesderio@nixonpeabody.com

and

Richard C. Pedone
100 Summer Street
Boston, Massachusetts 02110
Tel: (617) 345-1000
Fax: (617) 345-1300
rpedone@nixonpeabody.com

*Counsel to U.S. Bank National Association, N.A., as Indenture Trustee*

# EXHIBIT A

**(Motion with Exhibits to be Filed Under Seal)**

## EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK-
------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
                                                :
SEARS HOLDING CORPORATION.,                     :    Case No. 18-23538 (RDD)
                                                :
              Debtors[1].                       :    **(Joint Administration)**
                                                :
------------------------------------------------------x

### ORDER GRANTING THE KCD INDENTURE TRUSTEE LEAVE
### TO FILE UNDER SEAL MOTION OF THE KCD INDENTURE TRUSTEE FOR AN
### ORDER (I) GRANTING RELIEF FROM THE AUTOMATIC STAY
### AND (II) COMPELLING DEBTOR PERFORMANCE AS SERVICER
### AND MANAGER OF KCD IP, LLC

Upon the motion (the "Motion")[2] of the U.S. Bank National Association, in its capacity as indenture trustee (in such capacity, the "KCD Indenture Trustee") under the Indenture, dated May 18, 2006, by and between KCD IP, LLC ("KCD IP") and the KCD Indenture Trustee; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, In. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4825-8162-5988.5

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having found that the KCD Indenture Trustee provided appropriate notice of the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The KCD Indenture Trustee is hereby authorized to file an unredacted version of the Relief from Stay Motion and all exhibits thereto under seal.

3. The Relief from Stay Motion and all exhibits thereto shall remain under seal until further order of this Court.

4. To the extent the Relief from Stay Motion is referenced in any future filings by any party granted access to the Motion, the terms of this Order shall apply to such pleading or document

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Relief from Stay Motion and/or any exhibits thereto.

6. Counsel for the KCD Indenture Trustee shall unseal or dispose of the Relief from Stay Motion and all exhibits thereto at the conclusion of the matter.

7. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____
       White Plains, New York

                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE