**HEARING DATE: January 18, 2019, at 10:00 a.m.**
**OBJECTION DEADLINE: January 11, 2019, at 4:00 p.m.**

**NIXON PEABODY LLP**
Christopher M. Desiderio
55 West 46th Street
New York, NY 10036
Tel.: 212-940-3000
Fax: 212-940-3111
cdesderio@nixonpeabody.com

and

Richard C. Pedone
100 Summer Street
Boston, MA 02110
Tel.: 617- 345-1000
Fax: 617-345-1300
rpedone@nixonpeabody.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
|  |  |
|---|---|
| In re: | : Chapter 11 |
| | : |
| SEARS HOLDING CORPORATION., | : Case No. 18-23538 (RDD) |
| | : |
| Debtors.[1] | : **(Joint Administration)** |
| | : |

------------------------------------------------------x

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**MOTION OF THE KCD INDENTURE TRUSTEE FOR AN ORDER (I) GRANTING
RELIEF FROM THE AUTOMATIC STAY AND (II) COMPELLING DEBTOR
PERFORMANCE AS SERVICER AND MANAGER OF KCD IP, LLC**

U.S. Bank National Association, in its capacity as indenture trustee (in such capacity, the

"KCD Indenture Trustee") under the Indenture[2] dated as of May 18, 2006, by and between KCD

IP, LLC ("KCD IP") and the KCD Indenture Trustee (as amended, supplemented or modified

from time to time, the "Indenture," annexed hereto as **Exhibit A**), by and through its attorneys,

hereby moves for entry of an order pursuant to sections 105, 361, 362(d)(1) and 363(e) of title 11

of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District (the "Local Rules") (the

"Motion") granting the KCD Indenture Trustee relief from the automatic stay and compelling

contractual performance by the Debtors. Specifically, with this Motion, the KCD Indenture

Trustee seeks entry of an Order:

a) granting it relief from the automatic stay to remove and replace ███████
   ██████████████████████ Servicer and ██████████████████
   ██████████████ Manager in accordance with the terms and conditions
   of their respective agreements; and

b) compelling (i) ████████████████████████ Servicer, and
   (ii) ██████████████████████ Manager, to perform their
   respective obligations pending their removal and replacement.

In support of this Motion, the KCD Indenture Trustee states as follows:

**PRELIMINARY STATEMENT**

As summarized above, and explained in detail below and in the attached proposed Order,

the KCD Indenture Trustee seeks to enforce certain contractual rights and to compel ███████

████████████████████████████████████████████████████████ to perform their

contractual obligations pending their replacement. To date, despite demand, they have failed to

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Indenture,
       Servicing Agreement (defined below) or Management Agreement (defined below), as applicable.

4831-7220-0834

perform, and this jeopardizes the rights and interests of the KCD Indenture Trustee and the

holder of the notes issues pursuant to the Indenture.

## JURISDICTION AND VENUE

1.       The Court has jurisdiction of the subject matter hereof pursuant to 28 U.S.C.

§1334(a). This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (B), (C), (G) and (O).

2.       The bases for this Motion are sections 105, 361, 362(d) and 363(e) of the

Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1.

## BACKGROUND

**A.      Background on Transactions Creating KCD IP and Related Structure**

3.       ███████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

█   ██████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████

_____

█   █████████████████████████████████████████████

     ████████████████████████████████████████

4831-7220-0834



4831-7220-0834

███████████████████████████████████████████████████

████████████████████████████

  ▪   ████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

  ▪   ████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████  ▪

**B.   The Chapter 11 Cases**

10.     Beginning on October 15, 2018 (the "<u>Commencement Date</u>"), and continuing thereafter, each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[8]   The KCD Indenture Trustee reserves all rights to seek a further modification of the automatic stay in the event that it is directed by the Holder to take additional actions under the Indenture or other applicable agreements, or it elects to seek such relief.

███████████

11.     On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in these chapter 11 cases.

12.     The Debtors' chapter 11 cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

*The Sale Process with Respect to Certain Assets of the Debtors*

13.     On November 1, 2018, the Debtors filed their Motion for Approval of Global Bidding Procedures [Docket No. 419]. On November 19, 2018, the Court entered its Order Approving Global Bidding Procedures and Granting Related Relief [Docket No. 816] (the "Global Bidding Procedures Order").

14.     The Global Bidding Procedures Order established December 5, 2018, as the deadline by which interested parties were required to submit Non-Binding Indications of Interest (defined in the Global Bidding Procedures Order) with respect to certain assets of the Debtors. *See* Global Bidding Procedures Order, Section IV(B) of Ex. 1.

15.     As set forth in the Global Bidding Procedures Order, the deadline for submitting Qualified Bids (defined in the Global Bidding Procedures Order) is December 28, 2018, at 4:00 p.m. (Eastern Time) and, thereafter, an auction will take place on January 14, 2019, at 10:00 a.m. (Eastern Time) with respect to those assets.[9]

16.     In the event the Debtors seek to assume the License Agreements or any other contracts with the KCD Indenture Trustee or KCD IP, or any Sublicense related thereto, KCD IP will have until the later of January 24, 2019, or eight (8) days from the filing of the Notice of Auction Results (defined in the Global Bidding Procedures Order) to object to any proposed cure costs related to any proposed assumption.

---

[9]     The Debtors did not designate a Stalking Horse Bidder (defined in the Global Bidding Procedures Order) by the December 15, 2018, deadline.

4831-7220-0834

17.     Pursuant to the terms of the Servicing Agreement and the Management

Agreement, the Debtor Servicer and Manager, respectively, are obligated to protect KCD IP's

rights in connection with any such sale. *See, generally,* Indenture, Section 4.17.

### *The Servicing Agreement and Defaults Thereunder*

18.     Pursuant to Section 2.1(d) of the Servicing Agreement the Servicer is required to,

among other things:



19.     Section 2.2 of the Servicing Agreement provides, among other things, that the

Servicer shall:



20.     Section 3.1 of the Servicing Agreement provides, among other things, that:



21.    Section 4.1(c) of the Indenture provides, in pertinent part, that:

22.

4831-7220-0834



*The Management Agreement and Defaults Thereunder*

29.    Section 4.1 (c) of the Indenture provides in pertinent part:

4831-7220-0834

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████

30.   ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

█     ███████████████████████████████████████████

████████████████████████████████████████████████

███████████

█     █████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████

█     █████████████████████████████████████████████

████████████████████████████████████████████████

██████████████

█     █████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

**RELIEF REQUESTED**

35.   By this Motion, the KCD Indenture Trustee respectfully requests entry of an

Order in the form attached hereto as **Exhibit I** (a) granting relief from the automatic stay to

remove and replace ██████████████████████████ Servicer and ██████████

████████████████████ Manager in accordance with the terms and conditions of their

respective agreements; and (b) compelling █████████████████████████

4831-7220-0834

Servicer, and ████████████████████ Manager, to perform their respective

obligations pending their removal and replacement.

## BASIS FOR RELIEF

**A.      Cause Exists to Grant Relief from the Automatic Stay to Permit the KCD
Indenture Trustee to Exercise Removal Rights with Respect to the Servicer
and/or Manager.**

36.      Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in

interest and after notice and a hearing, the court shall grant relief from the stay … such as by

terminating, annulling, modifying, or conditioning such stay — (1) for cause …" 11 U.S.C. §

362(d)(1). The Bankruptcy Code does not define "cause." *See Spencer v. Bogdanovich (In re

Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002). Because the Bankruptcy Code does not define

"cause," courts conduct case-by-case inquiries and look into the totality of the circumstances to

determine whether sufficient cause exists to grant relief from the automatic stay. *See, e.g., In re

Balco Equities Ltd., Inc.,* 312 B.R. 734, 738 (Bankr. S.D.N.Y. 2004).

37.      It is well settled that the decision to lift the automatic stay is within the discretion

of the bankruptcy court. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).

38.      Here, where it appears that both the Servicer and Manager have abrogated all of

their duties, "cause" exists to replace them. Specifically, "cause" exists because the KCD

Indenture Trustee's interest ████████████████████

████████████ *See In re B-K of Kansas, Inc.,* 69 B.R. 812, 815 (Bankr. D. Kan. 1987)

(finding "cause" to exist pursuant to section 362(d)(1) of the Bankruptcy Code due to a lack of

adequate protection where franchisee continued to use trademarks without making royalty

payments post-petition). Moreover, relief is especially appropriate in this instance, because

performance of the duties at issue — as opposed to the payment of money — is arguably the

only acceptable form of adequate protection. *Id.* at 815 (finding "the property in this case, the use

of trademarks and service marks, is of such a type that money may never adequately protect the

4831-7220-0834

movant"); *see also In re Tudor Motor Lodge Assocs., Ltd. P'ship.*, 102 B.R. 936, 957 (Bankr.

D.N.J. 1989) (granting relief from automatic stay where franchisor lacked adequate protection

with regard to the debtor's continued use of trademarks).

39.     Finally, cause exists here where there is an expedited sale process, because a

functioning Servicer and Manager are required to protect KCD IP's rights during that sale

process, such as enforcing cure obligations and evaluating and, if necessary, demanding,

adequate assurance of future performance.

**B.     Pending Removal and Replacement, the Servicer and the Manager Should Be
         Compelled to Perform Their Respective Obligations as Adequate Protection of
         the Collateral Under the Indenture.**

40.     Section 363(e) of the Bankruptcy Code, in relevant part, provides:

> Notwithstanding any other provision of this section, at any time, on request
> of an entity that has an interest in property used, sold, or leased, or proposed
> to be used, sold, or leased by the trustee, the court, with or without a
> hearing, shall prohibit or condition such use, sale, or lease as is necessary to
> provide adequate protection of such interest.

11 U.S.C. § 363(e). "Adequate protection protects the holder of an interest in property of a

bankruptcy estate from the adverse effects of the imposition of the automatic stay." *See United*

*Sav. Ass'n. of Tex. v. Timbers of Inwood Forest Assocs., Ltd*., 484 U.S. 365, 370 (1988).

41.     The nature of adequate protection is provided by Section 361 of the Bankruptcy

Code, which states that adequate protection may be provided by:

(1) Requiring the trustee to make a cash payment or periodic cash payments to
    such entity, to the extent that the stay under section 362 of this title, use,
    sale, or lease under section 363 of this title, or any grant of a lien under
    section 364 of this title results in a decrease in the value of such entity's
    interest in such property;

(2)  Providing to such entity an additional or replacement lien to the extent that
    such stay, use, sale, lease or grant results in a decrease in the value of such
    entity's interest in such property; or

(3) Granting such other relief, other than entitling such entity to compensation
    allowable under section 503(b)(1) of this title as an administrative expense,

4831-7220-0834

as will result in the realization by such entity of the indubitable equivalent
of such entity's interest in such property.

*See* 11 U.S.C. § 361. The list of adequate protection options set forth in section 361 is not

exhaustive, and a court may authorize other forms of adequate protection as may be required by

particular facts and circumstances. *See In re Watkins*, Nos. 05-CV-344 & 05-CV-790, 2005 U.S.

Dist. LEXIS 44754, at *8 (E.D.N.Y. Aug. 23, 2005) (indicating that section 361 lists non-

exclusive means for providing adequate protection); *In re 495 Cent. Park Ave. Corp.*, 136 B.R.

626, 631 (Bankr. S.D.N.Y. 1992) (same); *In re Aurora Cord & Cable Co.*, 2 B.R. 342, 346

(Bankr. N.D. Ill. 1980) ("Section 361 illustrates some forms of adequate protection, but it is by

no means exhaustive or inclusive").

    42.    Here, the property rights in question include: ███████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

4831-7220-0834

███████████████████████████████████████████████████

████████████████████████████████████████

43.    Notably, the Servicer is not ████████████████████████

██████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

██████████████████████████████

## **NOTICE**

44.    Notice of this Motion will be provided in accordance with the procedures set forth in the Amended Order Implementing Certain Notice and Case Management Procedures (ECF No. 405) (the "Case Management Order"). The KCD Indenture Trustee respectfully submits that no further notice is required.

## **NO PRIOR REQUEST**

45.    No previous request for the relief sought herein has been made by the KCD Indenture Trustee to this or any other Court.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

46.    WHEREFORE, the KCD Indenture Trustee respectfully requests that the Court

enter an order in the form attached hereto, granting relief as set forth herein and providing such

other relief as this Court deems just and proper.

Dated: December 27, 2018                    **NIXON PEABODY LLP**

By: */s/Chistopher M. Desiderio*
Christopher M. Desiderio
55 West 46th Street
New York, NY 10036
Tel.: 212-940-3000
Fax: 212-940-3111
cdesderio@nixonpeabody.com

and

Richard C. Pedone (*pro hac vice*)
100 Summer Street
Boston, MA 02110
Telephone: 617-345-1000
Facsimile: 617-345-1300
rpedone@nixonpeabody.com

*Counsel to U.S. Bank National Association,*
*N.A., as Indenture Trustee*

**(EXHIBITS A – H FILED UNDER SEAL)**

**EXHIBIT I**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
                                                       :    Chapter 11
In re:                                                 :
                                                       :
SEARS HOLDING CORPORATION.,                            :    Case No. 18-23538 (RDD)
                                                       :
                Debtors[1].                            :    **(Joint Administration)**
                                                       :
-------------------------------------------------------x

### ORDER GRANTING RELIEF FROM THE
### AUTOMATIC STAY AND COMPELLING PERFORMANCE

Upon the motion (the "Motion") of U.S. Bank National Association, in its capacity as

indenture trustee (in such capacity, the "KCD Indenture Trustee") under the Indenture,[2] for an

order pursuant to section 105, 361, 362(d)(1), 363(e) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Southern District (the "Local Rules"); and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4823-0319-6034

1334; and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it

appearing that no other or further notice need be provided; and the Court having reviewed the

Motion; and the Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court and after due deliberation and sufficient cause appearing therefor, it is

   **ORDERED** that the Motion is granted as set forth herein; and it is further

   ***Relief Related to the Removal and Replacement of the Servicer***

   **ORDERED** that relief from the automatic stay pursuant to section 362(d)(1) of the

Bankruptcy Code is granted to allow the KCD Indenture Trustee (in concert with the Issuer

and/or Holder, if necessary) to remove ███████████████████ Servicer and

appoint a successor servicer in accordance with the applicable provisions of the Indenture and

the Servicing Agreement; and it is further

   **ORDERED** that, until such time as ██████████████is removed as

Servicer, it shall perform any and all of its obligations as Servicer arising under the Servicing

Agreement, including, without limitation, those obligations set forth in Section 2.1(d) and 3.1 of

the Servicing Agreement, including, without limitation, providing any and all Servicer Reports,

whether past due or to become due, during the post-petition period; it is further

   **ORDERED** that the Debtors shall cooperate with any successor servicer appointed as

Servicer under the provisions of the Indenture and the Servicing Agreement; and it further

2

4823-0319-6034

*Relief Related to the Removal and Replacement of the Manager*

**ORDERED** that relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code is granted to allow the KCD Indenture Trustee (in concert with the Issuer and/or Holder, if necessary) to remove the ███████████████████████ Manager and appoint ██████████, the Back-Up Manager, as manager in accordance with the applicable provisions of the Indenture, the Management Agreement, and the Back-Up Management Agreement; and it is further

**ORDERED** that, until such as the Manager is removed as Manager under the provisions of the Indenture and the Management Agreement, the Manager shall perform any and all of its obligations under the Management Agreement, including, without limitation, those set forth on Exhibit A to the Management Agreement; and it is further

**ORDERED** that the Debtors shall cooperate with the Back Up Manager appointed manager under the provisions of the Indenture, the Manager Agreement, and the Back-Up Management Agreement; and it is further

**ORDERED** that, once appointed Manager, the Back Up Manager is authorized to take any and all action permitted under the Management Agreement and Back Up Management Agreement, as applicable.

Dated: _____
          White Plains, New York


                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

4823-0319-6034