```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                          :
                                               :    Chapter 11
SEARS HOLDINGS CORPORATION, et al.,            :
                                               :    Case No. 18-23538 (RDD)
                                               :
                    Debtors.¹                  :    (Jointly Administered)
------------------------------------------------------------x
```

## ORDER AUTHORIZING ENTRY INTO ADMINISTRATION AGREEMENT

Upon the motion, dated November 23, 2018 (ECF No. 870) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code requesting entry of a proposed order authorizing but not directing the Debtors to enter into the Administration Agreement with Assurant, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on December 20, 2018 (the "**Hearing**"); and upon the record of the Hearing and upon all of the related pleadings and proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized to enter into and perform under the Administration Agreement, to execute and deliver all documents, agreements, or amendments related thereto, and to perform thereunder pursuant to section 363(b) of the Bankruptcy Code.

3. All of the Debtors' actions taken in accordance with the Administration Agreement, including any payments to Assurance thereunder, prior to the entry of this Order are hereby approved and ratified.

4. Upon execution of the Administration Agreement and entry of this Order the terms and conditions contained in the Administration Agreement are approved and binding and enforceable against the parties thereto.

5.  The Debtors and Assurant are authorized to terminate the Administration Agreement in accordance with its terms and exercise any rights of setoff and/or recoupment that may exist without the necessity of seeking relief from this Court, including, without limitation, the need to seek relief from the Bankruptcy Code's automatic stay.

6.  Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"), (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities, and (iii) the Approved Budget (as defined in the DIP Orders).

7.  To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

8.  Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceability upon its entry, for cause.

9.  Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December 21, 2018
      White Plains, New York

                                        /s/ Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE