Hearing Date and Time: January 18, 2019 at 10:00 a.m. (Eastern Time)
Objection Date and Time: January 11, 2019 at 4:00 p.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, *et al.*,[1]                     :   Case No. 18-23538 (RDD)
                                                             :
                              Debtors.                       :   (Jointly Administered)
                                                             :
                                                             :
------------------------------------------------------------ x

**APPLICATION OF DEBTORS FOR**
**ENTRY OF ORDER APPROVING AMENDMENT TO**
**TERMS AND CONDITIONS OF THE DEBTORS' EMPLOYMENT AND**
**RETENTION OF LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER**

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Relief Requested**

1.     By this Application, the Debtors respectfully request that the Court approve a certain amendment to the terms and conditions of the previously approved retention of Lazard Frères & Co. LLC ("**Lazard**") (Docket Nos. 606, 607) to increase the aggregate fee cap.

2.     A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Jurisdiction**

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4.     On October 26, 2018, the Debtors filed the *Application of Debtors for Entry of Order (A) Authorizing the Employment and Retention of Lazard Frères & Co. LLC as Investment Banker to the Debtors and Debtors in Possession, Effective Nunc Pro Tunc to the Commencement Date, (B) Modifying Certain Time-Keeping Requirements and (C) Granting Related Relief* (the "**Initial Application**") (ECF No. 345).[2]  Copies of Lazard's engagement letter and the indemnification letter (collectively, the "**Engagement Letter**") are annexed as Exhibit 1 and Exhibit 2, respectively, to Exhibit A to the Initial Application.

5.     On November 9, 2018, the Court entered the *Order (A) Authorizing the Employment and Retention of Lazard Frères & Co. LLC as Investment Banker to the Debtors and Debtors in Possession, Effective Nunc Pro Tunc to the Commencement Date, (B) Modifying*

---

[2]     Capitalized terms used, but not otherwise defined herein, shall have their meanings ascribed to such terms in the Initial Application.

*Certain Time-Keeping Requirements and (C) Granting Related Relief* (ECF Nos. 606 and 607) (the "**Initial Retention Order**").

## Amendment to the Terms of Employment and Retention

6. When the Initial Application was filed, the Debtors were not certain that they would use Lazard's services in connection with all material asset sales. Accordingly, the Engagement Letter describes potential sale-related services that may be provided by Lazard, but states that the provision of any such additional services is subject to the further agreement of Lazard. Specifically, the Engagement Letter includes, among the services to be provided by Lazard, the following:

> (k)  Subject to Lazard's agreement so to act, assisting the Company in identifying and evaluating candidates for any potential Sale Transaction, advising the Company in connection with negotiations and aiding in the consummation of any Sale Transaction.

Engagement Letter § 1(k). The aggregate fee cap set forth in the Engagement Letter, therefore, was set at $12.5 million (excluding monthly fees) to reflect the limited services contemplated.

7. Since the commencement of these cases, the Debtors have determined that Lazard's sale services are indeed necessary and have requested Lazard's services in connection with all material asset sales. Lazard has agreed to provide such sale services as requested by the Debtors, provided that the aggregate fee cap set forth in the Engagement Letter is increased. Specifically, given the additional time and effort that will be required of Lazard in connection with these sale services, the Debtors and Lazard have agreed to increase the aggregate fee cap to $19,500,000 (excluding Monthly Fees).

## Notice

8. The Debtors have notified the Official Committee of Unsecured Creditors and the DIP ABL Credit Parties and Junior DIP Credit Parties (each as defined in the *Interim*

3

*Junior DIP Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Grant Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Modifying the Automatic Stay; (III) Scheduling Final Hearing; and (IV) Granting Related Relief*, dated November 30, 2018 (ECF No. 951)) of the revised terms of the Engagement Letter.  Notice of this Motion will be provided in accordance with the procedures set forth in the Order Implementing Certain Notice and Case Management Procedures (ECF No. 139) (the "**Case Management Order**").  The Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: December 28, 2018
          New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*

**Exhibit A**

**Proposed Order**

WEIL:\96856306\5\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, *et al.*,[1]                     :    Case No. 18-23538 (RDD)
                                                             :
                                    Debtors.                 :    (Jointly Administered)
                                                             :
                                                             :
------------------------------------------------------------ x

## ORDER APPROVING AMENDMENT TO TERMS AND CONDITIONS OF THE DEBTORS' EMPLOYMENT AND RETENTION OF LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER

Upon the application (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**") approving an amendment to the terms and conditions of the Debtors' employment and retention of Lazard Frères & Co. LLC ("**Lazard**") as their investment banker; and the Court having reviewed the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334 and the *Amended*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used, but not otherwise defined herein, shall have their meanings ascribed to such terms in the Application.

*Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Amended Case Management Order, such notice having been adequate and appropriate, and it appearing that no other notice or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Application is approved.

2. Notwithstanding anything to the contrary in the Engagement Letter, the Initial Application, or the Initial Retention Order, Section 1(k) of the Engagement Letter shall be amended and restated as follows:

> Assisting the Company in identifying and evaluating candidates for potential going concern Sale Transactions involving material assets of the Company and advising the Company in connection with negotiations and aiding in the consummation of any such Sale Transactions;

3. Notwithstanding anything to the contrary in the Engagement Letter, the Initial Application, or the Initial Retention Order, the third sentence of Section 2(f) of the Engagement Letter shall be amended and restated as follows:

> In the event of a Bankruptcy Process, the aggregate fees payable to Lazard pursuant to this Agreement (including, without limitation, any Tail Fee, but excluding and Monthly Fees or Amendment Fees) shall not exceed $19,500,000.00.

4. To the extent that there may be any inconsistency between the terms of the Initial Application, the Application, the Engagement Letter, the Initial Retention Order, and this Order, the terms of this Order shall govern.

5. The Initial Retention Order remains valid and enforceable in all respects, except as explicitly modified herein.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December __, 2018
      White Plains, New York

                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE