UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                 :
In re                                    :          Chapter 11
                                                 :
SEARS HOLDINGS CORPORATION, *et al.*,   :          Case No. 18-23538 (RDD)
                                                 :
                 Debtors.[1]            :          (Jointly Administered)
                                                 :
------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF A&G REALTY PARTNERS, LLC AS THE DEBTORS' REAL ESTATE CONSULTANT AND ADVISOR, EFFECTIVE AS OF NOVEMBER 6, 2018

Upon the application, dated December 6, 2018 (ECF No. 1079) (the "**Application**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

**Rules**"), for entry of an order authorizing the Debtors to retain and employ A&G Realty Partners, LLC ("**A&G**"), pursuant to the terms of that certain Real Estate Services Agreement dated November 6, 2018, annexed hereto as **Exhibit 1** (the "**Services Agreement**"), all as more fully set forth in the Application; and upon the Declaration of Michael Jerbich in support of the Application annexed to the Application as **Exhibit 2**; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Amended Case Management Order; and no objection having been filed and the Debtors having submitted a certificate of no objection; and no additional notice or hearing being required under the circumstances; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein, including that A&G does not hold or represent an adverse interest to the Debtors or their estates, that it is disinterested under 11 U.S.C. § 101(!4), and that its retention is necessary and in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it further appearing that the terms of A&G's proposed compensation are reasonable for purposes of 11 U.S.C. § 328(a); and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2

2. The Services Agreement, annexed to the Application as **Exhibit 1**, is approved to the extent set forth herein.

3. The Debtors are authorized to employ and retain A&G as their real estate consultant and advisor in these chapter 11 cases in accordance with the terms of the Services Agreement and this Order.

4. A&G is authorized to render the following Services to the Debtors:

  (a) Consult with and advise the Debtors (and, to the extent requested by the Debtors, negotiate with applicable landlords on behalf of the Debtors) in order to assist the Debtors in obtaining modifications of the Leases;

  (b) To the extent expressly requested by the Debtors in writing, negotiate with the applicable landlords and other third parties on behalf of the Debtors in order to assist the Debtors in obtaining Lease Sales;

  (c) To the extent expressly requested by the Debtors in writing, negotiate with third parties on behalf of the Debtors in order to assist the Debtors in obtaining Property Sales; and

  (d) Report periodically to the Debtors regarding the status of the Services.

5. All of A&G's compensation as set forth in the Services Agreement including, without limitation, the Base Fee, the Lease Sale Fee, and the Property Sale Fee, and the expense reimbursement and indemnification and related obligations are approved pursuant to section 328(a) of the Bankruptcy Code, and A&G shall be compensated, reimbursed and indemnified pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of, and at the times specified in, the Services Agreement and this Order.  Notwithstanding the foregoing, the United States Trustee has the right to object to A&G's proposed compensation and reimbursement pursuant to the standard set forth in 11 U.S.C. § 330 and, further, any fees and expenses of A&G's counsel under the indemnification provisions of the Services Agreement during the course of this case shall be subject to review under the standard set forth in 11 U.S.C. § 330.

6. A&G shall be compensated pursuant to proper applications therefor under 11 U.S.C. §§ 330 and 331, as the case may be, subject to the standards provided in paragraph 5 hereof, and the applicable Bankruptcy Rules, Local Bankruptcy Rules and fee and expense guidelines and orders of the Court; provided, that such application may be contained in any motion(s) by the Debtors for approval of the sale or assignment of any Lease to which the Services Agreement applies.

7. A&G shall work cooperatively with other real estate advisors retained by the Debtors in the above-captioned chapter 11 cases to integrate any work conducted by the other professionals on behalf of the Debtors, and shall avoid duplication of services provided by any of the Debtor's other such retained professionals.

8. Notwithstanding anything in the Application or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) DIP ABL Order and the Interim Junior DIP Order (*see* ECF Nos. 951 and 955); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP ABL Order).

9. To the extent there is any inconsistency between the terms of any of the DIP ABL Order, the Interim Junior DIP Order and this Order, the terms of the DIP ABL Order or the Interim Junior DIP Order, as applicable, shall control.

10. To the extent there is inconsistency between the terms of the Application, the Services Agreement, and this Order, the terms of this Order shall govern.

WEIL:\96842776\2\73219.0006

11. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December 28, 2018
      White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE