Anne M. Aaronson, Esquire
**DILWORTH PAXSON LLP**
99 Park Avenue #320
New York NY 10016
Telephone: (917) 675.4250
Facsimile: (215) 575.7200

Harold G. Cohen, Esquire
**DILWORTH PAXSON LLP**
457 Haddonfield Road, Suite 700
Cherry Hill NJ 08002
Telephone: (856) 675.1950
Facsimile: (856) 663.8855

*Attorneys for James J. Thompson Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SEARS HOLDING CORPORATION, *ET AL.*,**<br><br>Debtors | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

### OBJECTION TO NOTICE OF REJECTION OF CERTAIN UNEXPIRED LEASES, ETC.

The James J. Thompson Trust (the "**Thompson Trust**" or "**Landlord**"), by its undersigned counsel, hereby objects to the *Notice Of Rejection Of Certain Unexpired Leases of Nonresidential Real Property And Abandonment Of Property In Connection Therewith* ("**Rejection Notice**")[1] [Doc. No. 1348] on the following grounds:

1. The Landlord is a family trust created to own and rent land as a means for providing income for the individuals who are trust beneficiaries from time to time. At present,

---

[1] All capitalized terms not otherwise defined in this Objection shall have the same meaning as ascribed in the Rejection Notice and in the *Motion Of Debtors For Entry Of An Order Establishing Procedures For Rejection Of Unexpired Leases of Nonresidential Real Property And Abandonment Of Property In Connection Therewith* the "**Rejections Procedures Motion**")[Doc. No. 24].

120696043_2

there is one beneficiary - an 84 year old woman who relies upon rent collected by the Thompson Trust for her income and support.

2. The Thompson Trust owns a parcel of land in North Brunswick, New Jersey that includes a piece of approximately 1.6 acres at 1055 Route 1 South in North Brunswick, New Jersey (the "**Premises**"). The Premises are subject to a Ground Lease to Sears, Roebuck and Co. ("**Sears**"), dated April 15, 1998 for a 20-year term (from a commencement date defined in Paragraph 3(a) of the Ground Lease) plus 4 five-year options. Landlord's records indicate that the Ground Lease Commencement Date was February 7, 1999 and, therefore, the Ground Lease terminates on February 6, 2019. Attached to this Objection as Exhibit **A** are two letters sent by Landlord's attorneys to Sears for the purpose of confirming the Ground Lease termination date; none of the letters was answered.

3. The Ground Lease is a triple net lease. The current monthly rent is Twelve Thousand Nine Hundred Ninety and 83/100 Dollars ($12,990.83). Rent has been paid through the month of December 2018.

4. Although the Ground Lease identifies Sears' intended use being the sale, service and storage of merchandise then normally sold in Sears' tire and battery stores, Sears subleased the Premises to Kentucky Fried Chicken of California, Inc. ("**KFC**" or "**Subtenant**") by Sublease dated November 4, 1999. The Sublease is also triple net, with an initial term ending February 7, 2019 and allowing for 2 five-year options. The Subtenant is given the right to construct improvements on the Premises. It did so and has been operating a KFC brand restaurant on-site. Attached to this Objection as Exhibit **B** is a copy the Sublease and attached thereto is a copy of the Ground Lease.

5. Rent under the Sublease has always been slightly more than the rent payable by Sears under the Ground Lease. Rent on the KFC Sublease started at Eight Thousand Seven Hundred Fifty and 00/100 ($8,750.00) month for the first 5 years and increased by 15% cumulatively for each successive 5 year period. Landlord does not have access to the rent

2

commencement date under the Sublease but believes that KFC is in its 4th five-year term and that current rent being paid by KFC to Sears is Thirteen Thousand Three Hundred Seven and 66/100 ($13,307.66) month (more than the rent payable by Sears under the Ground Lease).

6. Because the ground lease and Sublease both terminate, by their own terms, in February 2019, and Sears has no financial exposure under the Ground Lease as long as KFC fulfills its obligations under the Sublease, there is no prudent reason for Sears to reject the Ground Lease retroactively to the Rejection Date.

7. The ThompsonTrust received an email from Sears (as copy of which is attached to this Objection as Exhibit **C**) purporting to tender possession of the Premises to the Landlord (the "**Tender Notice**"). The Tender Notice arrived before Landlord received the Rejection Notice later that same day (December 20, 2018).

8. The Tender Notice contains inaccurate information about the Commencement Date of the Sears Chapter 11 Case. Consequently, the Landlord was puzzled that the balance of the Tender Notice was also inaccurate. A telephone call to Cheryl Schwartz (issuer of the Tender Notice) was met with a holiday greeting that she was out of the office for the Christmas/New Year's Holiday Season. A telephone message has not been answered. Attached to this Objection as Exhibit **D** is a copy of a December 21, 2108 email sent by Landlord's attorneys to the individual who generated the Tender Notice, with a copy to Sears Chapter 11 attorneys noted on the Rejection Notice. As the concluding text of that email stated, a quick reply was requested in order to avoid the filing of an objection by the Thompson Trust to the Rejection Notice. That email was, not surprisingly (due to the onset of the Christmas/New Year's Holiday Season), met with silence - neither a telephone call nor email from Sears or its many counsel. This Objection is being filed due to Sears' failure to amicably seek a resolution of the Landlord's concerns.

9. Unable to receive any information from Sears regarding contact information for its KFC Subtenant (and noting that the address provided in the Rejection Notice for the Subtenant is different from the addresses for KFC in the Sublease), Landlord's attorneys sent a

3

letter dated December 21, 2018 (a photocopy of which, without exhibits, is attached to this Objection as Exhibit **E**) to KFC – to the addresses shown in the Sublease and the possibly mistaken address shown by Sears in its Rejection Notice. No response has yet to be received from KFC to that letter.

10.    Landlord has not be able to determine if KFC wants to remain at the Premises beyond the February 2019 Sublease termination date or the Rejection Date.

11.    Because the address for the "counterparty/Subtenant" identified in the Rejection Notice may not be correct and Sears has refused to provide Landlord with contact information for the Subtenant:

   a. The Sears Rejection Notice may not have been property served;

   b. If the Rejection Notice was not properly served on KFC, the time for objection to the Rejection Notice has not yet begun;

   c. The Landlord and the Subtenant have been deprived of any opportunity to confer to determine if KFC is interested in remaining on the Premises as a tenant of the Thompson Trust or if the Subtenant is removing all furnishings, fixtures and equipment as of the Rejection Date (it has not yet done so and KFC remains in operation on the Premises);

   d. The Subtenant may not know that, pursuant to the Rejection Notice all of Subtenant's personal property (including inventory, furniture, fixtures, equipment, etc. remaining on the Premises have been abandoned to the Landlord and can be removed by Landlord "without notice or liability to the Debtors or any third party" ("third party" apparently intended to mean the Subtenant)[ *see* ¶¶ 4 and 5 on page 2 of the Rejection Notice]; and

   e. Fundamental fairness dictates that the Rejection Notice and any rejection of the Ground Lease (and concomitant rejection of the Sublease) should not occur until the Rejection Notice has been properly served on all interested parties and the Landlord and Subtenant have had a reasonable opportunity to confer – once Sears provides Subtenant contact information to the Landlord.

4

12. The timing by Sears of the Rejection Notice and email tendering possession were in bad faith:

a. The Rejection Procedures Order was entered on November 16, 2018 but Sears withheld issuance of the Rejection Notice for over a month – until the onset of the Christmas/New Year's Holiday Season and time when most businesses and professionals are away from their offices;

b. The Rejection Procedures Motion (in ¶¶ 7 and 8) emphasizes a strategy of rejecting leases for stores and other non-retail locations that have already closed or gone "dark." The Premises do not fall into either of those categories as the Premises are subleased, at a profit, to KFC;

c. The Trust was served with the Rejection Notice on December 20, 2018. Earlier that day, the Trust received the Tender Notice. Sears offers no explanation in the Tender Notice or Rejection Notice why Sears delayed – to the severe detriment of the Thompson Trust and KFC - over a month to issue those notices that had been authorized by the Rejection Procedures Order;

d. Sears' failure to quickly serve the Rejection Notice and Tender Notice demonstrates that Sears felt no need to hasten the lease rejection process, especially since landlords and subtenants were being accorded only 10 days within which to object;

e. There is no need for hurried notice and immediate rejection of the Ground Lease and Sublease since the Ground Lease and Sublease will simultaneously expire on their own terms in roughly 6 weeks and Sears has already paid the December rent;

f. There is no financial burden to Sears by allowing both leases to run their terms, thereby avoiding claims by Landlord and Subtenant arising from the premature, needless rejection of the two leases;

g. The Rejection Notice for the Premises was presumably served by Sears upon FQSR, LLC (identified in the Chart attached as Exhibit A to the Rejection Notice) as the

120696043_2

counterparty-subtenant to the Ground Lease. That is a different party from the Subtenant identified in the Sublease (Kentucky Fried Chicken of California, Inc. - with different addresses for notice than the address shown for FQSR, LLC); and

   h. Although authorized over a month earlier by the Rejection Procedures Order, the Rejection Notice and Tender Notice were given on the eve of the Christmas/New Year's Holiday break at a time likely to minimize reasonable opportunity for objection, at a time when no one was available at Sears or the Subtenant to respond to the Landlord's inquiries; and

 13. Despite the lack of a reply by Sears or its counsel (apparently all enjoying the Holidays while leaving targets of the Rejection Notice to suffer), Landlord (through counsel) sent its December 21, 2018 inquiry letter to the Subtenant (at the addresses stated in the Sublease) and to FQSR, LLC (the counterparty-subtenant identified in the Rejection Notice).

 14. Having received no reply by December 28, Landlord's counsel began an investigation to attempt to ascertain a contact person for KFC (the Subtenant). On-line research disclosed that FQSR, LLC does business as KBP Foods. Further investigation identified Ben Johnson as General Counsel for KBP Foods. Attempts to speak with Johnson or an Operations Vice President were met with recordings inviting the caller to leave a voice-mail message. A voice mail message was left urging a rapid reply due to the urgency created by the Sears Rejection Notice. Ben Johnson, from vacation, called in response to the urgent voicemail. He said that KBP Foods reviewed its leasehold portfolio months earlier, while Sears was announcing its anticipated Chapter 11 filing, and concluded that it had no Sears lease exposures. However, he offered to investigate further upon his return to the office, with a reply expected early in the New Year.

 15. The Thompson Trust has not otherwise had any success reaching the KFC identified in the Sublease to ascertain if the Subtenant timely received the Rejection Notice and to determine the intentions of KFC.

16. Under §365 of the Bankruptcy Code, this Rejection Notice may not deprive KFC of its occupancy rights under the Sublease. But, confusion may exist regarding rights of KFC to continue possession and rights of the Landlord to take possession.

17. Rejection of the Ground Lease, and apparent consequential termination of the Sublease, will create claims by Landlord under the Ground Lease and claims by KFC under the Sublease. All claims can be averted by allowing the two leases to expire by their own terms in about 6 weeks. No foreseeable harm to Sears is likely if these 2 leases are not rejected. Rejection unnecessarily creates personal harm to the Thompson Trust's beneficiary by depriving her of income.

18. On a weighing of all merits and equities, the balance falls in favor of allowing the Ground Lease and Sublease to run their terms, with Sears collecting Sublease rent and remitting Ground Lease rent to the Landlord.

19. The Rejection of the Ground Lease should not be approved by the Bankruptcy Court.[2]

Dated: December 31, 2018

*S/Anne M. Aaronson*
Anne M. Aaronson, Esquire
**DILWORTH PAXSON LLP**
99 Park Avenue #320, New York NY 10016
Telephone: (917) 675.4250
Facsimile: (215) 575.7200

Harold G. Cohen, Esquire
**DILWORTH PAXSON LLP**
457 Haddonfield Road, Suite 700, Cherry Hill NJ 08002
Telephone: (856) 675.1950
Facsimile: (856) 663.8855

*Attorneys for James J. Thompson Trust*

---

[2] On December 28, 23018, the Court entered its *Order Approving The Rejection Of Unexpired Leases of Nonresidential Real Property And Abandonment Of Property In Connection Therewith* [Doc. No. 1441] before the 10-day period expired for the Thompson Trust to object to the Rejection Notice. The Thompson Trust was served with the Rejection Notice on December 20, 2018., Pursuant to FRBP 9006(a), the 10-day period began on December 21, 2018. Because the 10 days expired on Sunday, December 30, the 10 days expire on December 31, 2018. And as otherwise argued in the Thompson Trust Objection, Sears should not benefit, nor does it garner any needed benefit, by prematurely rejecting the Thompson Trust Ground Lease and KFC Sublease.

120696043_2