AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Sara L. Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, *et al*.,** | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING APPROVAL OF SALE OF MEDIUM TERM INTERCOMPANY NOTES TO CYRUS CAPITAL PARTNERS, L.P.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this reservation of rights (the "Reservation of Rights") with respect to the *Notice of Hearing for Approval of Sale of Medium Term Intercompany Notes to Cyrus Capital Partners, L.P.* [ECF No. 1396] (the "Notice").[2] In support of this Reservation of Rights, the Creditors' Committee respectfully states as follows.

## RESERVATION OF RIGHTS

1. As the Court is aware, at the time the Debtors conducted the auction for the sale of their MTNs, the Creditors' Committee supported the Debtors' determination to sell such MTNs to Cyrus. Indeed, the Creditors' Committee viewed the Cyrus bid as the most value-maximizing alternative available to the Debtors' estates at the time. *See Joinder of the Official Committee of Unsecured Creditors to Debtors' Objection to Motion of Omega Advisors Inc. Regarding Sale of Medium Term Intercompany Notes* [ECF No. 1214] (the "Joinder"). Specifically, the Creditors' Committee agreed with the Debtors' position that the bid submitted by Cyrus during the MTN auction offered the most consideration to the Debtors' estates and represented the lowest execution risk, as it was not contingent upon the deliverability of the MTNs into the ISDA auction. *Id.* ¶¶ 1, 2; Transcript of December 20, 2018 Hearing (the "December 20 Hearing") 149:3-9. As noted during the December 20 Hearing, however, the Creditors' Committee was not aware at the time the Cyrus bid was accepted that the Note Purchase Agreement executed in connection therewith effectively precluded the Debtors' non-debtor affiliate, Sears Re, from selling the MTNs held by Sears Re. While the Creditors' Committee did not believe that this limitation contained in the Note Purchase Agreement would

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Notice.

have changed the outcome of the sale of the Debtors' MTNs, it was troubled by the undisclosed "lock-up" provision. *See* Dec. 20 Hr'g. Tr. 153:25-154:15.

2. Following entry of the MTN Sale Order, Omega Advisors Inc. ("Omega") filed a motion (the "Omega Motion"), which was joined by Och-Ziff Capital Structure Arbitrage Master Fund, Ltd. ("Och-Ziff"), to enforce the MTN Sale Order and invalidate the "lock-up" provision in the Note Purchase Agreement. [ECF Nos. 1077, 1177].

3. During the December 20 Hearing, Omega and Och-Ziff argued that they had been unaware of the true scope of the Transaction (including the "lock-up" of Sears Re MTNs) and that Cyrus had included seemingly innocuous language in the MTN Sale Order, which Cyrus knew would chill the bidding process for the MTNs. *See* Dec. 20 Hr'g. Tr. 104:2-6 (Counsel to Omega argued that "there is something fundamentally wrong with Cyrus lying in the weeds as it slipped purportedly innocent language in the sale order that it uniquely knew would chill bidding and that had its intended effect."). Omega and Och-Ziff also assured the Debtors, the Creditors' Committee and the Court that additional value would be available to the Debtors' estates if the Court granted the Omega Motion and re-opened the MTN sale process. Indeed, counsel to Omega represented that it had "submitted a written offer to Sears Re to pay 40 cents on the dollar for $150 million of their $1.4 billion of medium term notes. That's $60 million that's still on the table as I stand here before you." Dec. 20 Hr'g. Tr. 100:8-11. In addition, counsel to Och-Ziff read into the record correspondence received from counsel to Barclays Capital ("Barclays"), pursuant to which Barclays offered in excess of $100 million for $235 million of MTNs to the extent the Court reopened the auction for the sale of the Debtors' MTNs. *Id.* at 169:20-21.

4. Despite determining that the objecting parties had not provided credible evidence that they would have bid differently at the auction had they been aware of the intended scope of

the Cyrus bid, the Court agreed that the MTN Sale Order did not authorize the "lock-up" provision in the Note Purchase Agreement. Accordingly, the Court required the Debtors to file the Notice and provide parties with the opportunity to object to the "lock-up" provision and submit new competing bids for the acquisition of all or a portion of the Debtors' MTNs. The Court also scheduled a hearing for January 2, 2018 (the "January 2 Hearing") to ensure that the objecting parties had the opportunity to be heard. The Notice required that any objections to the Transaction be filed on or before December 31, 2018 at 4:00 p.m. (ET) (the "Objection Deadline"), with any competing bids for the MTNs to be provided contemporaneously therewith.

5. In view of the substantial interest and time that Omega, Och-Ziff and other CDS counterparties invested in pursuing the acquisition of MTNs, as well as the representations made during the December 20 Hearing and subsequent communications with counsel for such parties, the Creditors' Committee fully expected the Debtors to receive competing bids for the MTNs that potentially could result in more value for the Debtors' estates. Notwithstanding their ardent objections, however—and to the surprise of the Creditors' Committee—none of Omega, Och-Ziff or any other party that purportedly was included in Barclays's $100 million "consortium bid" filed an objection or confirmed its prior offer to purchase MTNs made on the record less than two weeks prior.

6. After the Objection Deadline had passed, counsel to the Creditors' Committee learned that the Omega and Och-Ziff objections to the MTN sale had been "resolved" and that the Transaction would be presented on an uncontested basis during the January 2 Hearing. *See* Correspondence between J. Marcus and P. Dublin, dated December 31, 2018, attached hereto as **Exhibit A**; *see also Response of Cyrus Capital Partners, L.P. to Debtors' Notice of Hearing for Approval of Sale of Medium Term Intercompany Notes to Cyrus Capital Partners, L.P.* [ECF

4

1455] at 28 (noting that "Cyrus has begun closing out CDS positions with CDS counterparties to derisk itself from its CDS exposure."). Upon inquiring as to the terms of the purported resolution, counsel to the Creditors' Committee was informed by counsel to Omega that the terms were "confidential" and could not be disclosed at that time. Subsequently, counsel to Omega explained that following the December 20 Hearing, CDS participants, including Omega, began selling their exposure, thereby eliminating their need to purchase MTNs. The Creditors' Committee's advisors also had learned previously that Barclays no longer was leading the consortium bid and that it had engaged in a transaction to settle its CDS exposure following the December 20 Hearing. Upon information and belief, after Barclays resolved its CDS exposure, the remaining 8-9 members of the consortium endeavored to find a new investment bank to work with them to submit a consortium bid, but such efforts proved unsuccessful for unknown reasons. Subsequent discussions have revealed that the parties that appeared before the Court at the December 20 Hearing have since engaged in private CDS-related transactions, purportedly through broker-dealers. Such transactions had the effect of eliminating all competition for the Debtors' MTNs, thereby forestalling a potential new auction that would have inured to the benefit of the Debtors' estates. Although consideration changed hands among CDS participants, the Debtors were unable to realize any of that value.

7. In accordance with paragraph 7 of the MTN Sale Order, the Creditors' Committee intends to investigate fully the events that transpired between the December 20 Hearing and the Objection Deadline to determine if any party engaged in inappropriate conduct with respect to the transactions contemplated by the MTN Sale Order and to advise the Court of its conclusions as soon as reasonably practicable. *See* MTN Sale Order ¶ 7.

8. Accordingly, the Creditors' Committee submits this Reservation of Rights without prejudice to, and with a full reservation of, any rights, claims, defenses or remedies relating to the purchase and sale of the MTNs and any other rights, claims, defenses or remedies that may be available against any party arising out of or related to the MTN sale process or otherwise (including without limitation the right to seek equitable subordination of any and all claims held by any culpable parties against the Debtors' estates and/or affirmative damages), and without limiting any other rights of the Creditors' Committee.

| | |
|---|---|
| New York, New York<br>Dated: January 1, 2019 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>/s/ Ira S. Dizengoff<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Sara L. Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>E-mail: idizengoff@akingump.com<br>        pdublin@akingump.com<br>        aqureshi@akingump.com<br>        sbrauner@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |

**<u>Exhibit A</u>**

| | |
|---|---|
| **From:** | Marcus, Jacqueline <jacqueline.marcus@weil.com> |
| **Sent:** | Monday, December 31, 2018 5:08 PM |
| **To:** | Dublin, Philip |
| **Cc:** | Dizengoff, Ira; Brauner, Sara; Schrock, Ray; cadams@miiipartners.com; Mishkin, Jessie |
| **Subject:** | RE: Sears _ MTNs |

We are not concerned; Milbank describes it as "de-risking" Cyrus's position.  I suggested to Milbank that they reach out to you to discuss.



**Jacqueline Marcus**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Jacqueline.marcus@weil.com
+1 212 310 8130 Direct
+1 212 310 8007 Fax

---

**From:** Dublin, Philip <pdublin@AkinGump.com>
**Sent:** Monday, December 31, 2018 4:59 PM
**To:** Marcus, Jacqueline <jacqueline.marcus@weil.com>
**Cc:** Dizengoff, Ira <idizengoff@AkinGump.com>; Brauner, Sara <sbrauner@akingump.com>; Schrock, Ray <Ray.Schrock@weil.com>; cadams@miiipartners.com; Mishkin, Jessie <jessie.mishkin@weil.com>
**Subject:** Re: Sears _ MTNs

Let's discuss tomorrow.  We raised our issues previously which, if confirmed, were alarming to say the least.

**Philip C. Dublin**
**AKIN GUMP STRAUSS HAUER & FELD LLP**

One Bryant Park **|** New York, NY 10036-6745 **|** USA **|** Direct: +1 212.872.8083 **|** Internal: 38083
Fax: +1 212.872.1002 **|** pdublin@akingump.com **|** akingump.com **|** Bio

On Dec 31, 2018, at 4:56 PM, Marcus, Jacqueline <jacqueline.marcus@weil.com> wrote:

> **\*\*EXTERNAL Email\*\***
>
> I'm sure you've seen that no objections or bids were filed with respect to the MTNs.  The only pleading timely filed is the Cyrus response, a copy of which is attached for your convenience.  Given the circumstances, I expect that Wednesday's hearing will be very short and we will stick with the Cyrus transaction.  Please let me know if there is anything we need to discuss.
>
> Thanks and Happy New Year.
>
> <image001.jpg>

1

**Jacqueline Marcus**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Jacqueline.marcus@weil.com
+1 212 310 8130 Direct
+1 212 310 8007 Fax

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

<1455.pdf>

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.