**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
: 
In re: :
: Chapter 11
SEARS HOLDING CORPORATION, *et al.*, :
: Case No. 18-23538-RDD
Debtors.[1] : (Jointly Administered)
------------------------------------------------------------------ x

### ORDER GRANTING, IN PART, APPLICATION OF GA CAPITAL FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES PURSUANT TO BANKRUPTCY CODE SECTIONS 503(b)(3)(D) AND 503(b)(4)

Upon the *Application of GA Capital for Allowance and Payment of Fees and Expenses Pursuant to Bankruptcy Code Sections 503(b)(3)(D) and 503(b)(4)* [Docket No. 1102] (the "Application")[2] for payment of the Requested Fees incurred by GA Capital in making a substantial contribution in the Chapter 11 Cases, all as more fully described in the Application, together with the *Supplemental Declaration of Robert Louzan in Support of Application of GA Capital for Allowance and Payment of Fees and Expenses Pursuant to Bankruptcy Code Section*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized term used but not otherwise defined herein shall have the meanings given to such terms in the Application.

1

*503(b)(3)(D) and 503(b)(4)* and the *Declaration of Leslie A. Plaskon in Support of Application of GA Capital for Allowance and Payment of Fees and Expenses Pursuant to Bankruptcy Code Section 503(b)(3)(D) and 503(b)(4)* [Docket No. 1179]; and the Debtors and the Creditors' Committee having filed responses to the Application [Docket Nos. 1264 and 1279] (the "Responses"); and there being no other objections to the requested relief; and the Court having been informed on the record of the hearing held by the Court on the Application on December 20, 2018 that GA Capital, the Debtors and the Creditors' Committee have agreed to a resolution of the Application and the responses as set forth herein; and upon the notice of presentment, dated December 21, 2018, of the proposed form of this order setting forth such resolution; and, after due notice, there being no objections to such proposed order; and no additional notice or hearing being required; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the Court's review of the Application and the responses thereto and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, including that the proposed resolution of the Application is fair and reasonable in light of the relevant issues and in the best interests of the Debtors' estates, it is hereby ORDERED THAT:

1. The Application is GRANTED to the extent set forth herein.

2. GA Capital shall have an allowed administrative expense claim under Bankruptcy Code sections 503(b)(3)(D) and 503(b)(4) in full and final satisfaction of all claims of GA

Capital in connection with the Junior DIP Financing in the amount of $1,250,000 (the "Substantial Contribution Claim").

3.      The Debtors shall pay the Substantial Contribution Claim to Paul Hastings, as counsel for GA Capital, within five business days of the entry of this order (the "Substantial Contribution Payment").

4.      Upon receipt of the Substantial Contribution Payment, GA Capital and the Debtors, and their respective affiliates, predecessors, successors, assignees, financial advisors, principals, attorneys, professionals, accountants, investment bankers, consultants, agents, transferees, and representatives shall be deemed to forever waive and release against each other any and all claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, including any derivative claims, whether known or unknown, asserted or unasserted, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, whether for tort, fraud, contract, violations of federal or state laws or otherwise, relating to, arising out of, or in connection with the *Junior DIP Motion* [Docket No. 872], the GA Capital DIP and the Junior DIP Financing, including, without limitation, GA Capital's claim to receive or otherwise recover from the Debtors or their estates any additional amounts sought in the Application in excess of the Substantial Contribution Payment.  For the avoidance of doubt, GA Capital is not providing any release hereunder of any of its rights arising from its prepetition claims, including its rights to adequate protection arising in connection with Court approval of the Junior DIP Financing.

5.      Notwithstanding anything in the Application, the responses or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or

approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "DIP Orders"), (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities, and (iii) the Approved Budget (as defined in the DIP Orders).

6. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

7. This Court shall retain exclusive jurisdiction to hear and decide all matters arising from or related to this order.


Dated: January 2, 2019
       White Plains, New York

                                               /s/Robert D. Drain
                                               HONORABLE ROBERT D. DRAIN
                                               UNITED STATES BANKRUPTCY JUDGE