**KURTZMAN | STEADY, LLC**
Jeffrey Kurtzman, Esquire
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com

Attorneys for BT Granite Run, LP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SEARS HOLDINGS CORPORATION, INC., et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-23538 (RDD) <br><br> (Jointly Administered) |

**MOTION OF BT GRANITE RUN, LP, FOR AN ORDER COMPELLING THE PAYMENT OF POST-PETITION RENT AND RELATED LEASE OBLIGATIONS PURSUANT TO 11 U.S.C. §365(d)(3)**

TO:   THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Se s Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC(6546); Sears Operations LLC(4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc.(0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The motion of BT Granite Run, LP ("BT Granite Run"), by and through its undersigned attorneys, for an order compelling the payment of post-petition rent and related lease obligations pursuant to 11 U.S.C. §365(d)(3), as more particularly described herein, respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157. This matter is a core proceeding under 28 U.S.C. §157(b)(A) and (B).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

3. On October 15, 2018 (the "Petition Date"), Sears Roebuck and Company (the "Debtor") and certain of its affiliates filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtor has continued to operate its business and manage its properties as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

4. BT Granite Run is the owner of the Granite Run Mall located in Media, Pennsylvania (the "Property"). The Property is a "shopping center" within the meaning of §365(b)(3) of the Bankruptcy Code.

5. The Debtor leases a portion of the Property for use as a department store pursuant to an unexpired nonresidential real property lease (the "Lease").

6. To date, the Lease has neither been assumed nor rejected.

7. Among other obligations, the Lease requires the Debtor to pay monthly base rent, common area maintenance ("CAM") and utility charges, as well as county, school and township taxes.

8. As reflected in the statement annexed hereto and made a part hereof as Exhibit "A", the Debtor has failed to satisfy substantial obligations arising under the Lease during the months of November and December, 2018 and January, 2019, including base rent, CAM and taxes. In the aggregate, the Debtor's unpaid lease obligations total $183,431.40 as of the date hereof.

9. For the reasons hereinafter set forth, BT Granite Run respectfully requests the entry of an order pursuant to §365(d)(3) of the Bankruptcy Code directing the Debtor immediately to satisfy the unpaid post-petition lease obligations described herein.

### THE RELIEF REQUESTED AND THE REASONS THEREFOR

**The Debtor Is Required to Pay Obligations Under the Lease Timely and in Full Under §365(d)(3).**

10. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11. By operation of §365(d)(3), the Debtor is obligated to pay post-petition rent and related lease obligations timely and in full as provided in the Lease for each month in which the Lease remains in effect.

12. As of the date of this Motion, and despite the statutory mandate contained in §365(d)(3), the Debtor is three months delinquent with respect to its post-petition obligations under the Lease.

13. By this Motion, BT Granite Run seeks an order compelling the Debtor immediately to satisfy its accrued, unpaid post-petition lease obligations. In this regard, while the language of §365(d) makes it clear that BT Granite Run is entitled to the allowance and

3

payment of its administrative claims arising under the Lease "*notwithstanding* section 503(b)" of the Bankruptcy Code, BT Granite Run submits that, even without the administrative status which Congress afforded post-petition rent claims under §365(d)(3), the claim would nevertheless be entitled to administrative priority under §503(b) where the Debtor has operated its retail business continuously at the Property since the Petition Date. As such, BT Granite Run has provided the Debtor with post-petition value commensurate with the Debtor's obligations under the Lease by making the leasehold premises available for the conduct of the Debtor's business during each of November, December and January. See, e.g., NLRB v. Bildisco & Bildisco, 465 U.S. 513 (1984); In re Patient Education Media, Inc., 221 B.R. 97 (Bankr. S.D.N.Y. 1991). See also, In re Koenig Sporting Goods, Inc., 203 F.3d 986 (6th Cir. 2000); In re R.H. Macy & Co., 152 B.R. 869, 872-73 (Bankr. S.D.N.Y. 1993), affirmed, 1994 WL 482948 *13 (S.D.N.Y. Feb. 23, 1994).

## CONCLUSION

14.  For the foregoing reasons, BT Granite Run respectfully requests the entry of an order pursuant to §365(d)(3) of the Bankruptcy Code directing the Debtor immediately to satisfy the unpaid post-petition balance arising under the Lease and to satisfy any future post-petition, pre-rejection lease obligations timely and in full.

WHEREFORE, BT Granite Run, LP respectfully requests the entry of an order granting the foregoing relief, together with such other and further relief as is just and proper.

Dated: January 3, 2019

KURTZMAN | STEADY, LLC

By: _____
Jeffrey Kurtzman, Esquire
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com
Attorneys for BT Granite Run, LP

4