UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re                                                        :        Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, *et al.*,                        :        Case No. 18-23538 (RDD)
                                                             :
                                            Debtors.         :        Jointly Administered
                                                             :
------------------------------------------------------------ x

**MOTION OF UNITED STATES TRUSTEE FOR ORDER AUTHORIZING
APPOINTMENT OF INDEPENDENT FEE EXAMINER**

TO:    **THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:**

Pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 105(a) and 330, William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), respectfully moves for an Order authorizing the appointment of an Independent Fee Examiner and for related modifications to the Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Court Docket No. 796]. In support thereof, the United States Trustee states as follows:

**PRELIMINARY STATEMENT**

The United States Trustee respectfully requests that the Court authorize the appointment of an Independent Fee Examiner to provide substantive analysis of the fee requests filed by more than a dozen professionals whose retention has been authorized or requested by the Court. Given the magnitude of these chapter 11 cases and the number of retained professionals who will apply to this Court for compensation, scrutiny of professional fees will prove especially challenging. To meet these challenges and to ensure that all professional fee requests meet applicable Bankruptcy Code requirements, the Court should authorize the appointment of a fee examiner. Additionally,

1

because the Debtors' business effects a large segment of the general consumer public, such an appointment will also help ensure public confidence in the Bankruptcy System.[1]

## BACKGROUND

### General Background

1. The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code on October 15, 2018 (the "Petition Date").

2. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. ECF Doc. No. 118.

4. According to the Debtors, as of the Petition Date Sears operated 687 retail stores in forty-nine (49) states, Guam, Puerto Rico, and the U.S. Virgin Islands. See Declaration of Robert A. Riecker. ECF Doc. No. 3, ¶ 25.

5. Prior to the Petition Date, the Restructuring Committee of the Debtors' Board of Directors formed a restructuring sub-committee to review certain pre-petition transactions. Riecker Declaration at ¶ 12.

6. On October 24, 2018, the United States Trustee formed an official committee of unsecured creditors (the "**Committee**").

---

[1] The United States Trustee has engaged in preliminary discussions with the Debtors regarding the relief sought in the instant motion and intends to consult with counsel to both the Debtors and the Committee regarding the parameters of the proposed Order appointing a fee examiner, as well as on the selection of a fee examiner. However, to ensure that this motion will heard at the next omnibus hearing date, the United States Trustee is filing the motion at this time.

7. On November 16, 2018, the Court entered its Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals ("Interim Compensation Order") [Docket No. 796].

8. Following the filing, the Debtors have employed with Court approval (or applications are pending for) the following professionals:

   a. Weil, Gotshal & Manges, lead counsel for the Debtors

   b. Wachtell, Lipton Rosen & Katz, special counsel for Debtors

   c. McAndrews, Held & Malloy, LLP as Intellectual Property counsel for the Debtors

   d. Lazard Freres & Co., LLC, Investment Banker for the Debtors

   e. M-III Advisory Partners, LP as Chief Restructuring Officer for the Debtors

   f. A&G Realty Partners, LLC as Real Estate Consultant and Advisor for the Debtors

   g. Jones Lang Lasalle Americas, Inc., and JLL Valuation & Advisory Services, LLC as Real Estate Advisors for the Debtors

   h. Prime Clerk LLC, Claims and Noticing Agent and Administrative Agent for Debtors.

   i. The Debtors have also been authorized to retain numerous "Ordinary Course Professionals."

8. Following the filing the Restructuring Sub-Committee of the Restructuring Committee of the Debtors' Board has employed with Court approval (or applications are pending for) the following professionals:

   a. Paul, Weiss, Rifkind, Wharton & Garrison LLC counsel for the Restructuring Sub-Committee

b. Young, Conaway, Stargatt & Taylor, LLP as conflicts counsel for the Restructuring Sub-Committee

c. Alvarez & Marsal North America, LLC as financial advisors for the Restructuring Sub-Committee

d. Evercore Group, L.L.C as Investment Banker for the Restructuring Sub-Committee

e. Stout, Risius, Ross, LLC as Real Estate Consultant and Advisors for the Restructuring Sub-Committee

9. Following its formation the Official Committee of Unsecured Creditors has employed with Court approval (or applications are pending) for the following professionals:

a. Akin, Gump, Strauss, Hauer & Feld, LLP, lead counsel to the Official Committee of Unsecured Creditors

b. Houlihan Lokey, Investment Banker for the Official Committee of Unsecured Creditors

c. FTI Consulting, Inc., financial advisor to the Official Committee of Unsecured Creditors.

**AUTHORITY FOR THE APPOINTMENT OF
AN INDEPENDENT FEE EXAMINER**

Section 330(a)(3) of Title 11 sets forth the standards for authorizing compensation to professionals retained in bankruptcy cases:

> In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all factors, including–
>
> (A) the time spent on such services;

4

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person … has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).   It is the Court's responsibility to review applications for compensation and reimbursement of expenses and to enter appropriate Orders on them.    The United States Trustee is also charged with reviewing fee applications and commenting when appropriate. 28 U.S.C. § 586(a)(3)(A).

In complex cases a number of bankruptcy courts have appointed independent fee examiners pursuant to Section 105 of the Bankruptcy Code.  The role of a fee examiner is different from that of an examiner appointed under 11 U.S.C. § 1104(c) who is charged with conducting "an investigation of the debtor as is appropriate."  11 U.S.C. § 1104; *see also In re Collins & Aikman Corp.*, 368 B.R. 623, 625-627 (Bankr. E.D. Mich. 2007).

Fee examiners or fee review committees have been appointed in many significant and complex bankruptcy cases, including but not limited to *Energy Future Holdings*, Docket No. 1896, Case No. 14-10979-CSS (Bankr. Del.), *Budd Company*, Docket No. 346, Case No. 14-11873-JBS (Bankr. N.D.Ill.), *Lehman Brothers Holdings*, Docket No. 3651, Case No. 08-13555-scc (Bankr. S.D.N.Y.), *Motors Liquidation (f/k/a General Motors)*, Docket No. 4708, Case No. 09-50026-reg (Bankr. S.D.N.Y.), *AMR Corp.*, Docket No. 2897, Case No. 11-15463-shl (Bankr.

S.D.N.Y.), *Exide Technologies*, Docket No. 1283, Case No. 13-11482-KJC (Bankr. Del.), and *Mineral Park*, Docket No. 274, Case No. 14-11996-KJC (Bankr. Del.).

The Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and guidelines issued by the bankruptcy courts and the Executive Office for U.S. Trustees impose fairly rigorous and detailed timekeeping and reporting standards on professionals.

> Even with electronic data and filing now widely in use, those detailed reporting requirements impose a significant burden on the courts: daily narrative time records for hundreds and, in some proceedings, thousands of timekeepers fill thousands of pages and hundreds of thousands of lines.  On occasion, usually by stipulation, the bankruptcy courts have utilized fee auditors, fee examiners, and fee committees to provide quantitative and qualitative analysis and recommendations.

*Baker Botts L.L.P.* v. *Asarco, LLC*, 2014 WL 6984132 (Supreme Court December 10, 2014) (*Amicus Brief of Neutral Fee Examiners Supporting Neither Party*).

## ARGUMENT

### A.    The Court Should Authorize the Appointment of an Independent Fee Examiner.

Given the size and complexity of the chapter 11 cases, the United States Trustee requests that the Court authorize the appointment of an Independent Fee Examiner to review and report on as appropriate the monthly invoices submitted in accordance with the Compensation Order and all interim and final applications for allowance of compensation and reimbursement of expenses filed by professionals retained under sections 105, 327, or 1103 of the Bankruptcy Code or similar authority (the "Retained Professionals"), in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (collectively, the "Applications").

The appointment of a fee examiner will promote consistency, predictability, and transparency when the Retained Professionals file their Applications.  In addition, all parties will maintain their rights to review and contest any of the Applications.

Because the Debtors' business effects a large segment of the general consumer public, the appointment of a fee examiner will help ensure public confidence in the Bankruptcy system. *Cf., In re Ionosphere Clubs, Inc.,* 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990)(where debtor's business effects large segment of general public, consideration of public interest becomes a factor in deciding to appoint trustee).

**B.    Duties of Independent Fee Examiner**

The United States Trustee requests that any Order authorizing the appointment of an Independent Fee Examiner impose upon the Independent Fee Examiner the duty to review and assess all Applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications, for compliance with the following:

    a.    Bankruptcy Code Sections 328, 329, 330, and 331, as applicable;

    b.    Rule 2016 of the Federal Rules of Bankruptcy Procedure;

    c.    The Interim Compensation Order;

    d.    Local Bankruptcy Rule 2016-1; and

    e.    United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, 28 C.F.R. Part 58, Appendix A and Appendix B.

**C.    Authority of Independent Fee Examiner**

The United States Trustee also requests that any Court Order appointing an Independent Fee Examiner also authorize the Fee Examiner to:

    a.    File comments on the public docket of the Court regarding any Application by a Retained Professional;

      b.      Communicate his concerns regarding any Application to the Retained Professionals to whom such Application pertains, and to request further information as appropriate;

      c.      Request Retained Professionals to provide budgets, staffing plans, or other information to the Independent Fee Examiner;

      d.      Establish procedures for the resolution of disputes with Retained Professionals;

      e.      Recommend procedures to facilitate the preparation and review of Applications;

      f.      Appear and be heard on any matter before the Court;

      g.      File and litigate objections to the allowance of any Application;

      h.      Take, defend, or appear in any appeal regarding an Application;

      i.      Conduct discovery; and

      j.      Retain, subject to Court approval, professionals (including attorneys and auditors) to represent or assist the Independent Fee Examiner in connection with any of the foregoing.

The United States Trustee further requests that any Order appointing an Independent Fee Examiner provide that the Debtors, the Committee, the United States Trustee, and all Retained Professionals shall cooperate with the Independent Fee Examiner in the discharge of the Independent Fee Examiner's duties and shall promptly respond to any reasonable requests for information or communications from the Independent Fee Examiner.

### D. Compensation of Fee Examiner

The United States Trustee requests that any Order appointing an Independent Fee Examiner provide that the Fee Examiner and any Professionals retained by the Independent Fee Examiner shall be entitled to reasonable compensation from the estate for their reasonable fees and expenses. Any such requests for compensation shall be made by application to the Court and shall be allowed according to the same standards and procedures that apply to Retained Professionals.

### E. Immunity of Independent Fee Examiner

Finally, the United States Trustee requests that any Order authorizing the appointment of an Independent Fee Examiner provide that the Independent Fee Examiner is appointed as an Officer of the Court with respect to the performance of the duties set forth herein and given immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties.

## VI. PROPOSED MODIFICATIONS TO THE INTERIM COMPENSATION ORDER

Should the Court find that the appointment of an Independent Fee Examiner is warranted under the circumstances, the United States Trustee requests entry of an Order modifying the existing Interim Compensation Order. A proposed modified Order is submitted herewith.

\*\*\*

WHEREFORE, the United States Trustee respectfully requests that the Court consider the foregoing, and authorize the appointment of an Independent Fee Examiner subject to the terms herein, and grant such further relief as may be just.

Dated: New York, New York
January 3, 2019

                              Respectfully submitted,

                              WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE, Region 2

                              By: */s/ Richard C. Morrissey*
                              Paul K. Schwartzberg
                              Richard C. Morrissey
                              Trial Attorneys
                              201 Varick Street, Room 1006
                              New York, New York 10014
                              Tel. (212) 510-0500