UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
:
In re                                                        :         Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,                        :         Case No. 18-23538 (RDD)
:
Debtors.                                                     :         Jointly Administered
:
------------------------------------------------------------ x

**ORDER AUTHORIZING INDEPENDENT FEE EXAMINER PURSUANT TO 11 U.S.C. § 105(a) AND MODIFYING INTERIM COMPENSATION PROCEDURES FOR CERTAIN PROFESSIONALS EMPLOYED PURSUANT TO 11 U.S.C. § 327**

Upon consideration of the Motion for the Appointment of an Independent Fee Examiner pursuant to 11 U.S.C. § 105(a) and for Modification of Interim Compensation Procedures for Certain Professionals Employed Pursuant to 11 U.S.C. § 327 (the "Fee Examiner Motion") and the Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals ("Interim Compensation Order") [Docket No. 796] (the "Interim Compensation Order") entered by the Court in these cases; upon further consideration that the size and complexity of these jointly administered Chapter 11 cases will result in the filing of numerous, lengthy and complex professional fee applications; and upon the Court's conclusion that the appointment of a fee examiner under Bankruptcy Code § 105 appears to be in the best interests of the Debtors, their estates and creditors, and other parties-in-interest,

IT IS HEREBY ORDERED THAT:

1.      The United States Trustee (after consultation with the Debtors and the Committee and such other parties-in–interest that are impacted by this Order) shall appoint a disinterested person to serve as independent fee examiner (the "Fee Examiner") in these cases, subject to the terms and conditions of this order and subject to the terms and conditions of the Interim

Compensation Order, as modified herein.

2. In the performance of his duties and powers as provided in this Order, the Fee Examiner shall enjoy the maximum immunity permitted by law from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by him. Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee application in these cases pursuant to 11 U.S.C. § 330 shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

3. The Fee Examiner may retain attorneys and other professionals, assistants, or consultants to the extent he deems it necessary to discharge his duties. The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to 11 U.S.C. § 327, after notice and opportunity for hearing pursuant to Local Rules of this Court.

4. The fees and expenses of the Fee Examiner shall be subject to application and review pursuant to Bankruptcy Code § 330 and shall be paid from the Debtors' estates as an expense of administration under 11 U.S.C. § 503(b)(2) and in accordance with the procedures in the Interim Compensation Order. The Fee Examiner's compensation shall not be contingent or dependent on any element of success or result. The Fee Examiner's fees and expenses shall be subject to the information detail requirements set forth in Local Rule 2016-1 and the applicable United States Trustee Appendix B Guidelines for Compensation.

5. Except as otherwise provided herein, the scope of the Fee Examiner's duties and responsibilities shall encompass all interim and final applications submitted after the effective date of this Order by (1) any and all professionals in these cases requesting compensation and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy

Code §§ 327, 330, 331, or 1103, and (2) any professional subject to the Order Authorizing the Debtors to Employ and Compensate Professionals for Specific Services Rendered to the Debtors in the Ordinary Course of Business (the "Ordinary Course Professionals Order") whose fees exceed the annual cap specified for such professional in the Ordinary Course Professionals Order, but only for fees incurred in the year in which such fees exceed the annual cap (together, the "Retained Professionals").  Unless the Court orders otherwise, the scope of the Fee Examiner's duties and responsibilities shall not extend to (1) any requests for compensation submitted pursuant to 11 U.S.C. §§ 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these Chapter 11 cases, or (2) any applications for interim compensation made pursuant to 11 U.S.C. §331 that were filed before the effective date of this Order, provided that the Fee Examiner may review such interim applications for the purpose of performing his duties and responsibilities with regard to any final applications for compensation and reimbursement of expenses submitted pursuant to 11 U.S.C. § 330.

6.    Except as provided in Paragraph 5 above, the Fee Examiner shall review and assess all fee and expense applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the fee applications, for compliance with (1) Sections 328, 329, 330 and 331 of Title 11 of the United States Code, as applicable, (2) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (3) the Interim Compensation Order (as amended herein); and (4) Local Bankruptcy Rule 2016-1 and the applicable Guidelines for Compensation.  The Fee Examiner is further authorized and shall have standing before the Court:

> A.    to review and comment on applications for interim compensation and final fee applications;

      B.    to prepare summaries and reports for the Court to aid in the review and approval of interim and final fee applications, which may include such matters as the efficiency and reasonableness of staffing and expenses and the appropriateness of periodic increases in hourly rates;

      C.    to require applicants for compensation to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; provided, however, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged information, work product or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its clients; provided, for the avoidance of doubt, that a professional's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity;

      D.    to object to the allowance of fees or expenses sought by any Retained Professional in a fee application on the same grounds as any party in interest in this case, including based on the reasonableness standard provided in Bankruptcy Code § 330;

      E.    to appear, file and litigate such objections to interim and final applications as he may deem appropriate; and

      F.    to conduct such discovery as may be pertinent and necessary to the performance of his other duties and responsibilities after first securing approval of this Court, which may be granted only upon notice to all interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matters relating to such discovery.

Notwithstanding these enumerated powers, the Fee Examiner shall have no role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee Examiner to consider the factors set forth in 11 U.S.C. §§ 330(a)(3)(C) and (D) in his evaluation of applications for compensation and reimbursement of expenses.

      7.    The Debtors, the Restructuring Sub-Committee, the Official Committee of Unsecured Creditors and all Retained Professionals (including attorneys, financial advisors, auditors, and claims consultants) shall cooperate with the Fee Examiner in the discharge of

the Fee Examiner's duties and shall, subject to the qualification set forth in Paragraph 6.C above with respect to privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

8. Nothing contained herein shall affect the right, if any, of any party in interest in these cases to object or otherwise respond to any interim fee application or monthly request for compensation and reimbursement of expenses, including those of the Fee Examiner. Nothing herein shall affect any party's right to request a waiver of the requirements of Local Rule 2016-1 or the applicable Guidelines for Compensation and the requirements under 11 U.S.C. § 330, to the extent they apply.

9. Any communication between the Fee Examiner (or any agent thereof) and any Notice Party (or any agent thereof) that pertains to the fees or expenses of any Retained Professional of another Notice Party itself shall be in writing and copies thereof shall be sent to the Retained Professional whose fees or expenses are the subject of such communication, at the same time and by the same means as the communication between the Fee Examiner or the Notice Party.

10. The Notice Parties, as defined in the Interim Compensation Order, as amended by this Order, are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order, but only to the extent such actions are not inconsistent with the express terms of the Order.

11. The Interim Compensation Order is hereby modified as follows:

    A. The Fee Examiner to be appointed by the United States Trustee is designated as an additional Notice Party entitled to receive monthly statements, and provide objections if appropriate, under the Compensation Procedures set forth in the Interim Compensation Order.

     B. Each Monthly Statement and Fee Application shall include detail containing the time entries and the expense items in searchable Adobe Acrobat (pdf) format or other searchable electronic format as may be reasonably requested (such as Excel or Microsoft Word).

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and shall remain in effect unless and until the Court orders otherwise.

13. The Court retains jurisdiction to enforce, modify or vacate this Order after hearing upon not less than ten (10) days' notice to the Fee Examiner, the Debtors, the Official Committee of Unsecured Creditors and the United States Trustee. Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional are necessary and reasonable under 11 U.S.C. § 330.

DATED this _____ day of January, 2019

_____
The Honorable Robert D. Drain
United States Bankruptcy Judge