UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :
                                                   :   **Chapter 11**
SEARS HOLDINGS CORPORATION, *et al.*,              :
                                                   :   **Case No. 18-23538 (RDD)**
                                                   :
Debtors.[1]                                        :   **(Jointly Administered)**
------------------------------------------------------------x

**AFFIDAVIT AND DISCLOSURE STATEMENT OF MICHAEL DOCKTERMAN,
ON BEHALF OF STEPTOE & JOHNSON, LLP**

STATE OF ILLINOIS)
                 ) s.s.:
COUNTY OF COOK )

Michael Dockterman, being duly sworn, upon his oath, deposes and says as follows:

1. I am a partner with the law firm of Steptoe & Johnson, LLP located at 115 S. LaSalle St., #3100, Chicago, Illinois 60603 (the "**Firm**").

2. Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

requested that the Firm provide legal services to the Debtors in pending litigation brought by Debtor in *Sears, Roebuck and Company; Kmart Corporation; and Sears Brands Management Corporation v. Ideal Industries, Inc.*, pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, 17-CH-07881 and breach of contract dispute with Omni United (S) Pte. Ltd., due to tire supplier's refusal to honor purchase orders, and the Firm has consented to provide such services (the "**Services**").

3. The Services include, but are not limited to, the following: legal services to the Debtors in pending litigation and other commercial matters that may be appropriate to assist in recovery of services or amounts owed to Debtors.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflict checks." The Firm's database contains information regarding the Firm's present and past representations. Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I obtained a list of the entities identified in Bankruptcy Rule 2014(a) from counsel to Debtors for purposes of searching the aforementioned

database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections: See attached Exhibit "A", clients of the firm in unrelated matters which present no conflict with the Debtors.

6. The Firm has represented and continues to represent a number of the entities (or affiliates of these entities) in matters unrelated to this chapter 11 case and unrelated to the Debtors. The Firm does not believe that such representations cause any unwaivable conflicts in this chapter 11 case.

7. The Firm, and its attorneys, has previously represented, currently represents, and in the future will likely represent debtors, creditors and equity holders and other interested parties in cases unrelated to this chapter 11 case wherein one or more of our lawyers have provided advice and other professional services. The Firm does not believe that such representation causes any unwaivable conflict in this chapter 11 case.

8. The Firm, and its attorneys, have represented, represents, and in the future will likely represent debtors, creditors and equity holders and other interested parties in cases unrelated to this chapter 11 case wherein one or more of the Bankruptcy Judges and/or U.S. Trustee employees identified on Exhibit 1 have been involved, in their capacity as such, in the matter upon which the Firm provided representation. The Firm does not believe that such representation causes any conflict in this chapter 11 case.

9. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

10. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

11. As of the commencement of this chapter 11 case, the Debtors owed the Firm $119,431.50 in respect of prepetition services rendered to the Debtors. The Firm has agreed to be retained as special counsel pursuant to 11 U.S.C. § 327(e), and the Firm's prepetition claim is not being waived and shall be administered in accordance with the claims procedures for allowance and treatment of unsecured prepetition claims in this case. The Firm represented the Debtors prior to the bankruptcy proceeding and received payments, including payments within the 90-days immediately prior to the commencement of the bankruptcy proceeding, for services it provided.

12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on December 28, 2018, at 115 S. LaSalle St., #3100, Chicago, Illinois 60603.

_____
Michael Dockterman

SWORN TO AND SUBSCRIBED before
me this 28th day of December, 2018

_____
Notary Public

```
ANGELIQUE K GUINN
Official Seal
Notary Public - State of Illinois
My Commission Expires Feb 9, 2020
```

# EXHIBIT A

18-23538-shl    Doc 1472    Filed 01/03/19    Entered 01/03/19 15:18:18    Main Document
Pg 6 of 13

AKZO NOBEL NV

ALLSTATE CORP

AMAZON.COM INC

AMERICAN INTL GROUP INC

AO SMITH CORP

ARKEMA SA

ASHLAND GLOBAL HOLDINGS INC

BARCLAYS PLC

BASF SE

BERKSHIRE HATHAWAY INC

BP PLC

CALIFORNIA, STATE OF

CHINA, GOVT OF

CHUBB LTD

CITIGROUP INC

COMPAGNIE DE ST GOBAIN SA

CRAY VALLEY USA LLC

DEPOSITORY TRUST & CLEARING CORP

DEUTSCHE BANK AG

DOWDUPONT INC

ECOLAB INC

EDISON INTL

ENBRIDGE INC

ENERGY TRANSFER EQUITY LP

ENSTAR GROUP LTD

ENTERPRISE PRODUCTS PARTNERS LP

EURO CHLOR CHLORINE REGISTRATION GROUP

EURO CHLOR SODIUM HYPOCHLORITE BIOCIDES REGISTRATION GROUP

EUROPEAN AMINOCARBOXYLATES CONSORTIUM

EXELON CORP

FTI CONSULTING INC

GLENCORE PLC

GOLDMAN SACHS GROUP INC

HARTFORD FINANCIAL SVCS GROUP INC

HENKEL AG & CO KGAA

HUNTSMAN CORP

INEOS LTD

INGERSOLL RAND PLC

JPMORGAN CHASE & CO

KEYCORP

KOCH INDUSTRIES INC

GEORGIA PACIFIC LLC

LIGADO NETWORKS LLC

LUBRIZOL CORP

MARATHON PETROLEUM CORP

METLIFE INC

MITSUBISHI HEAVY INDUSTRIES LTD

NEWMARKET CORP

OCH ZIFF CAPITAL MANAGEMENT GROUP LLC

OKLAHOMA, STATE OF

UNIVERSITY OF OKLAHOMA

ORGANIC PEROXIDES CONSORTIUM

ORGANOMETALLICS CONSORTIUM

PENSION BENEFIT GUARANTY CORP

PERACETIC ACID REGISTRATION GROUP

PERACETIC ACID REACH REGISTRATION CONSORTIUM

POLYELECTROLYTE PRODUCERS GROUP

POPULAR INC

PROCTER & GAMBLE CO

RAG STIFTUNG

REGIONS FINANCIAL CORP

SCHLUMBERGER LTD

STANLEY BLACK & DECKER INC

STATE FARM MUTUAL AUTOMOBILE INS CO

STOLT NIELSEN LTD

TOTAL SA

TOYS R US INC

US DEPT OF TRANSPORTATION

US STEEL CORP

WALMART INC

ZURICH INS GROUP LTD

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                          :
                                               :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,          :
                                               :    Case No. 18-23538 (RDD)
                                               :
Debtors.[1]                                    :    (Jointly Administered)
----------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**").

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of professional:

Michael Dockterman
Steptoe & Johnson, LLP
115 S. LaSalle St., #3100
Chicago, Illinois 60603

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.  Date of retention:  December of 2015.

3.  Type of services to be provided:

    Legal services.

4.  Brief description of services to be provided:

    Legal services to the Debtors in pending litigation and other commercial matters that may be appropriate to assist in recovery of services or amounts owed to Debtors, including in pending litigation brought by Debtor in *Sears, Roebuck and Company; Kmart Corporation; and Sears Brands Management Corporation v. Ideal Industries, Inc.*, pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, 17-CH-07881 and breach of contract dispute with Omni United (S) Pte. Ltd., due to tire supplier's refusal to honor purchase orders, and the Firm has consented to provide such services (the "**Services**").

5.  Arrangements for compensation (hourly, contingent, etc.):

    Hourly

    (a)  Average hourly rate (if applicable):

    | Michael Dockterman | $935.00 |
    | William Andrichik | $660.00 |

    (b)  Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

    Ideal: $45,000

    Omni: $5,000

6. Prepetition claims against the Debtors held by the company:

   Amount of claim: $119,431.50

   Date claim arose: June 5, 2018 to petition date.

   Nature of claim: Legal Services provided pre-petition

7. Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

   Name: _____none_____

   Status: _____none_____

   Amount of claim: _____none_____

   Date claim arose: _____none_____

   Nature of claim: _____none_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the professional is to be employed:

   None. Conflicts disclosed on Affiant's affidavit are not concurrently adverse.

9. Name and title of individual completing this form:

   Michael Dockterman
   Partner, Steptoe & Johnson

Dated: December 28, 2018