UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, *et al.*,                       :    Case No. 18-23538 (RDD)
                                                            :
           Debtors.[1]                                      :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### ORDER DENYING MOTION OF LUXOTTICA RETAIL
### NORTH AMERICA INC. FOR RELIEF FROM THE AUTOMATIC STAY

Upon the motion, dated November 30, 3018 (ECF No. 981) (the "**Motion**")[2] of Luxottica Retail North America Inc. ("**Luxottica**"), pursuant to sections 362 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") requesting relief from the automatic stay or, in the alternative, compelling assumption or rejection of the License Agreement, all as more fully set forth in the Motion; and upon the objection of the Debtors, dated December 14, 2018 (ECF No. 1241) and the reply of Luxottica dated December 18, 2018 (ECF No. 1322); and the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.), consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having held a hearing to consider the relief requested in the Motion on December 20, 2018 (the "**Hearing**"); and after due deliberation and for the reasons stated by the Court on the record of the Hearing, the Court having determined that the Motion should be denied, it is hereby

## ORDERED THAT:

1. The Motion is denied, without prejudice.

2. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: January 3, 2019
     White Plains, New York

                                         /s/Robert D. Drain
                                         THE HONORABLE ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE