UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                      :

In re                      :          **Chapter 11**

                      :

**SEARS HOLDINGS CORPORATION,** *et al.*,  :          **Case No. 18-23538 (RDD)**

                      :

          Debtors.[1]        :          **(Jointly Administered)**

                      :

---------------------------------------------------------------x

## ORDER ENLARGING TIME WITHIN WHICH TO
## FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS

Upon the motion, dated December 5, 2018 (ECF No. 1052) (the "**Motion**")[2] of

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to Bankruptcy Rules

9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and

Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local**

**Rules**") for entry of an order (i) enlarging the time within which to file notices of removal (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).   The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

"**Removal Period**") of civil actions and of related proceedings to which the Debtors are parties

(the "**Civil Actions**"), and (ii) granting related relief, all as more fully set forth in the Motion;

and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant

to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431,

dated January 31, 2012 (Preska, C.J.), consideration of the Motion and the requested relief being

a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the

Motion and the opportunity for a hearing thereon having been provided in accordance with the

Amended Case Management Order, such notice having been adequate and appropriate under the

circumstances, and it appearing that no other or further notice need be provided; and no objection

having been filed, and the Debtors having submitted a Certificate of No Objection; and no

hearing on the Motion being required under the circumstances; and upon all of the proceedings

had before the Court; and after due deliberation the Court having determined that the legal and

factual bases set forth in the Motion establish good and sufficient cause for the relief granted

herein, which is in the best interests of the Debtors, their estates, their creditors, and all parties in

interest; now, therefore,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The time provided by Bankruptcy Rule 9027 within which the Debtors

may file notices of removal of the Civil Actions is extended to and including the date an order is

entered confirming a chapter 11 plan in the Debtors' chapter 11 cases.

3.      The Debtors are authorized to take all action necessary to effectuate the

relief granted in this Order.

4.      This Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.


Dated: January 3, 2019
        White Plains, New York


                                    /s/Robert D. Drain
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE