# EXHIBIT

# C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Wells Fargo Bank, NA
Plaintiff,

-against-

Robert Carpenter, Teachers Federal Credit Union, People of the State of New York, KMT Group LLC, LVNV Funding LLC APO Sears and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the Mortgaged premises described in the Complaint,

Defendants.

**Index #:**
**Filed:**
**NOTICE OF PENDENCY OF ACTION**



NOTICE IS HEREBY GIVEN, that an action has been commenced and is pending in this Court upon a Complaint of the above named Plaintiff against the above named Defendants for the foreclosure of a Mortgage, dated June 23, 2003, executed by Robert Carpenter, as mortgagor, to Mortgage Electronic Registration Systems, Inc. solely as nominee for Alliance Mortgage Banking Corp., as mortgagee, to secure the sum of $213,099.00, and recorded in the Office of the Clerk of the County of Suffolk on October 10, 2003 in Liber 20528 at Page 982. The note and mortgage were assigned to Washington Mutual Bank by an assignment dated February 28, 2006 and recorded on March 27, 2006, in Liber 21263 at Page 265. Subsequently assigned to Wells Fargo Bank, N.A. by an assignment dated March 18, 2011 and recorded on March 31, 2011, in Liber 22060 at Page 471.

NOTICE IS FURTHER GIVEN, that the mortgaged premises affected by said foreclosure action, at the time of the commencement of said action and at the time of the filing of this notice, was situated at 113 Madison Street, Mastic, NY 11950, County of Suffolk, State of New York at Section 881.00, Block 07.00, Lot 003.000, District 0200.

The Clerk of the County of Suffolk is directed to index this notice to the names of all of the above defendants. The premises known as 113 Madison Street, Mastic, NY 11950, in Suffolk County, New York.

Dated: Bay Shore, New York
March 30, 2012

Yours, etc.,
Frenkel, Lambert, Weiss, Weisman, & Gordon, LLP

Todd Falasco
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.: 01-049534-F00

SECTION 881.00
BLOCK 07.00
LOT 003.000, District 0200




69 Cascade Drive - Knowlton Building, Suite 101, Rochester, NY 14614 (888-250-9056 / F: 888-250-9057) www.webtitle.us

## SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

Title No.: [redacted]

All that certain plot, piece or parcel of land, situate, lying and being in the Town of Brookhaven, County of Suffolk and State of New York, known and designated as and by the Lot Nos. 9589-9593, inclusive on a certain map entitled, "Map of Mastic Park, Section 9" and filed in the Office of the Clerk of the County of Suffolk on 4/18/1922 as Map No. 612.

BEGINNING at a point on the easterly side of Madison Street distant 220.00 feet southerly from the corner formed by the intersection of the easterly side of Madison Street and the southerly side of South Haven Avenue;

RUNNING THENCE South 88 degrees 10 minutes 10 seconds East a distance of 100.00 feet;

THENCE South 01 degrees 49 minutes 50 seconds West a distance of 111.73 feet;

THENCE North 83 degrees 36 minutes 40 seconds West a distance of 100.32 feet;

THENCE north 01 degrees 49 minutes 50 seconds East a distance of 103.76 feet to the point or place of BEGINNING.

Index #

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

Wells Fargo Bank, NA,

Plaintiff,

- against -

Robert Carpenter, Teachers Federal Credit Union, People of the State of New York, KMT Group LLC, LVNV Funding LLC APO Sears, and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the Mortgaged premises described in the Complaint,

Defendants.

---

**NOTICE OF PENDENCY OF ACTION**

---

FRENKEL, LAMBERT, WEISS, WEISMAN & GORDON, LLP
Attorneys for Plaintiff
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Fax (631) 969-3101
Our File No.: 01-049534-F00

---

To

Attorney(s) for

---

Service of a copy of the within

is hereby admitted.

Dated,

________________

Attorney(s) for

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Wells Fargo Bank, NA

Plaintiff,

-against-

Robert Carpenter, Teachers Federal Credit Union, People of the State of New York, KMT Group LLC, LVNV Funding LLC APO Sears and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the Mortgaged premises described in the Complaint,

Defendants.

**Index #:**
**Filed:**

FILED
APR 27 2012
COUNTY CLERK
JUDITH A. PASCALE

**SUMMONS**

Plaintiff designates Suffolk County as the place of trial. Venue is based upon the County in which the mortgage premises is situated.

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the attorneys for the plaintiff within twenty (20) days after service of this Summons, exclusive of the day of service; or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York; or within sixty (60) days if it is the United States of America. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

**NOTICE**
**YOU ARE IN DANGER OF LOSING YOUR HOME**

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to your mortgage company will not stop this foreclosure action.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Wells Fargo Bank, NA

Plaintiff,

**Index #:** 13243/2012
**Filed:** 4/27/12

-against-

**SUMMONS**

Robert Carpenter, Teachers Federal Credit Union, People of the State of New York, KMT Group LLC, LVNV Funding LLC APO Sears and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the Mortgaged premises described in the Complaint,

Defendants.

Plaintiff designates Suffolk County as the place of trial. Venue is based upon the County in which the mortgage premises is situated.

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the attorneys for the plaintiff within twenty (20) days after service of this Summons, exclusive of the day of service; or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York; or within sixty (60) days if it is the United States of America. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

**NOTICE**
**YOU ARE IN DANGER OF LOSING YOUR HOME**

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to your mortgage company will not stop this foreclosure action.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: Bay Shore, New York
March 30, 2012

FRENKEL, LAMBERT, WEISS,
WEISMAN & GORDON, LLP

BY: Todd Falasco
Attorneys for Plaintiff
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.: 01-049534-F00

TO:
Robert Carpenter
113 Madison Street
Mastic, NY 11950

Teachers Federal Credit Union
2410 North Ocean Avenue
Farmingville, NY 11738

People of the State of New York
Criminal Courts Building
P.O. Box 9007
Riverhead, NY 11901

KMT Group LLC
3000 Hempstead Turnpike, 4th Floor
Levittown, NY 11756

LVNV Funding LLC APO Sears
625 Pilot Road, Suite 3
Las Vegas, NV 89119

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Wells Fargo Bank, NA

Plaintiff,

**COMPLAINT**

-against-

Robert Carpenter, Teachers Federal Credit Union, People of the State of New York, KMT Group LLC, LVNV Funding LLC APO Sears and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the Mortgaged premises described in the Complaint,

Defendants.

The plaintiff, by its attorneys, Frenkel, Lambert, Weiss, Weisman, & Gordon, LLP, complaining of the defendants herein allege, upon information and belief, as follows:

## AS A FIRST CAUSE OF ACTION

1. That the plaintiff, Wells Fargo Bank, NA, at all times hereinafter mentioned was and still is a National Association organized under the laws of the United States of America with offices at 3476 Stateview Blvd., Fort Mill, SC 29715.

2. On or about June 23, 2003, Robert Carpenter executed and delivered to Alliance Mortgage Banking Corp. a note dated June 23, 2003 whereby Robert Carpenter promised to pay the principal sum of $213,099.00.

3. On or about June 23, 2003, Robert Carpenter executed and delivered to Mortgage Electronic Registration Systems, Inc. solely as nominee for Alliance Mortgage Banking Corp. a mortgage (hereinafter "mortgage") in the principal sum of $213,099.00, with interest, mortgaging the premises known as 113 Madison Street, Mastic, NY 11950 (hereinafter "premises") as collateral security for the note. The mortgaged premises are more fully described in **Exhibit "A"** annexed hereto

4. The Mortgage was duly recorded in the Office of the Clerk of the County of Suffolk on October 10, 2003 in Liber 20528 at Page 982 and the recording tax was duly paid.

5. That Plaintiff is in possession of the original note with a proper endorsement and/or allonge and is therefore, the holder of both the note and mortgage, which passes as incident to the note.

6. Pursuant to the note, Robert Carpenter promised to make consecutive monthly payments of principal and interest each month, in accordance with the terms of the note, commencing August 1, 2003 and on the first day of each succeeding month up to and including July 1, 2033 when the entire principal amount and accrued interest shall be due and payable.

7. Pursuant to the terms of the mortgage, in addition to principal and interest, the Mortgagee can collect and charge to the loan all amounts necessary to pay for taxes, assessments, leasehold payments or ground rents (if any), hazard insurance and mortgage insurance.

8. The Mortgage further provides that in case of default in the payment of any principal or interest or any other terms, covenants or conditions of the Mortgage, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage immediately due and payable, and the holder of the Mortgage is empowered to sell the mortgaged premises according to law.

9. Robert Carpenter failed to comply with the terms, covenants and conditions of said Note and Mortgage by failing and omitting to pay, to the plaintiff, payments due on October 1, 2006 and said default has continued for a period in excess of fifteen (15) days.

10. Pursuant to the terms of the note and mortgage, the plaintiff has elected and does hereby elect to declare the entire principal balance to be due and owing.

11. That there is now due and owing to the plaintiff under said Note and Mortgage the principal sum of $204,245.02 with interest thereon from September 1, 2006, plus late charges if applicable pursuant to the terms of the note and advances made by the plaintiff on behalf of the defendant(s) and any other charges due and owing pursuant to the terms of the Note and Mortgage.

12. Plaintiff has complied with all conditions precedent, required by the mortgage, prior to the commencement of this action.

13. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of payment after the date of commencement of this action of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

14. In order to protect its security, the plaintiff may be compelled, during the pendency of this action, to pay sums for premiums on insurance policies, real estate taxes, assessments, water charges and sewer rents which are or may become liens on the Mortgage premises, and other charges which may be necessary for the protection of the Mortgage premises, and the plaintiff pays that any sum or sums so paid, together with interest from the date of payments, shall be added to the plaintiff's claim and be deemed secured by said Note and Mortgage and adjudged a valid lien on the mortgaged premises, and that the plaintiff be paid such sums, together with interest thereon, out of the proceeds of the sale of the mortgaged premises.

15. Upon information and belief all the defendants herein have or claim to have some interest in our lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of Plaintiffs mortgage, or has been paid or equitably subordinated to Plaintiff's mortgage, or been duly subordinated thereto. The reason for naming said defendants is set forth in **"Schedule A"** that is attached to this complaint.

16. That there are no pending proceedings at law or otherwise to collect or enforce said note and mortgage.

17. Plaintiff has complied with all of the provisions of Banking Law §595-a and any rules and regulations promulgated thereunder, Banking Law §§6-1 and 6-m.

18. Plaintiff has complied with the provisions of Real Property Actions and Proceedings Law §1304 and §1306 unless exempt from doing so.

19. That the plaintiff is now the owner and holder of the said note and mortgage securing the same or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note or is the holder of the note and mortgage and has been delegated the authority to institute a mortgage foreclosure action by the owner of the note and mortgage.

20. If Plaintiff is not the owner and holder of the subject note and mortgage, plaintiff has been delegated the authority to institute a mortgage foreclosure action pursuant to statute and/or delegation of authority by the owner of the subject note and mortgage.

21. The Mortgage provides that, in the case of foreclosure, the mortgaged premises may be sold in One parcel and that if the premises consists of more than one parcel, plaintiff respectfully requests that the judgment of foreclosure provide for the parcels to be sold as one parcel.

22. The sale of the mortgaged premises under foreclosure herein is subject to any state of facts that an inspection of the premises would disclose, any state of facts an accurate survey would show, and to covenants, restrictions and easements, if any, of record affecting said Mortgage premises and any violation thereof, any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale, prior mortgages and liens of record, if any, any rights of tenants or persons in possession of the subject premises, and to zoning regulations and ordinances of the city, town or village in which said Mortgage premises lies and any Violations thereof.

23. In the event that the plaintiff possesses any other lien(s) against the mortgaged premises either by way of judgment, junior Mortgage or otherwise, plaintiff requests that such other lien(s) not be merged in plaintiff's cause(s) of action set forth in this Complaint, but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

## AS AND FOR A SECOND CAUSE OF ACTION

24. The plaintiff repeats and realleges each and every allegation contained in paragraphs designated 1 through 23.

25. The mortgage provides that in the event of default, the plaintiff may recover all costs, including reasonable attorneys' fees, disbursements, and allowances provided by law in bringing any action to protect its interest in the premises, including foreclosure of the mortgage.

WHEREFORE, the plaintiff demands judgment against the Defendant(s) as follows:

a) That the defendants and all persons claiming under them or any of them, subsequent to the commencement of this action and to the filing of the Notice of Pendency of this action, may be barred and foreclosed of all right, title, claim, lien and equity of redemption in the mortgaged premises;

b) That the mortgaged premises be sold in One parcel according to law subject to any state of facts an accurate survey would show, any covenants, easements, encroachments, reservations, and restrictions, Violations and agreements of record, zoning regulations and ordinances of the city, town, or village; wherein the premises are located, any state of facts a physical inspection will disclose, rights of tenants and other persons in possession of the mortgaged premises, prior judgments, liens and mortgages of record and any and all rights of the United States of America to redeem the subject premises;

c) That the premises be sold in accordance with Title 28, Section 2410 of the United State Code preserving all rights of redemption, if any, of the United States of America;

d) That the monies received from the sale be brought into Court and that plaintiff be paid the amount adjudged to be due it with interest thereon to the time of such payment, together with late charges, any sums paid by the plaintiff for real estate taxes, assessments, water charges and sewer rents, insurance premiums, sums expended for the protection or preservation of the property, together with attorneys' fees as demanded in the second cause of action, the costs and disbursements of this action and any other necessary expenses to protect the lien of the Mortgage to the extent that the amount of such monies applicable thereto will pay the same;

e) That this Court, if requested, appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties;

f) That the defendant(s) obligated under the note be adjudged to pay any deficiency which may remain after applying all of such monies as aforesaid in accordance with the law and provided that plaintiff have execution therefore, unless the debt has been discharged in a Bankruptcy petition or that said defendant(s) obligated under the note have been relieved of responsibility for any such deficiency.

g) That in the event plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior Mortgage or otherwise, plaintiff requests that such other lien(s) shall not be merged in plaintiff's cause(s) of action(s) set forth in the Complaint but that plaintiff shall be permitted to enforce said other lien(s) and/or seek determination or priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings;

h) That plaintiff have such other and further relief in the mortgaged premises as may be just and equitable.

Dated: Bay Shore, New York
March 30, 2012

Frenkel, Lambert, Weiss, Weisman, & Gordon, LLP

By: ____________________

Todd Falasco
Attorneys for Plaintiff
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.: 01-049534-F00

**Schedule A**

| **Party Name** | **Description** |
|---|---|
| Robert Carpenter | Obligor/Mortgagor/Owner |
| Teachers Federal Credit Union | Judgment Creditor |
| People of the State of New York | Holder of Judgment(s) against the property being foreclosed herein. Said lien is more particularly described in **Exhibit "B"** annexed hereto. |
| KMT Group LLC | Judgment Creditor |
| LVNV Funding LLC APO Sears | Judgment Creditor |




69 Cascade Drive - Knowlton Building, Suite 101, Rochester, NY 14614 (888-250-9056 / F: 888-250-9057) www.webtitle.us

## SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

Title No.: [redacted]

All that certain plot, piece or parcel of land, situate, lying and being in the Town of Brookhaven, County of Suffolk and State of New York, known and designated as and by the Lot Nos. 9589-9593, inclusive on a certain map entitled, "Map of Mastic Park, Section 9" and filed in the Office of the Clerk of the County of Suffolk on 4/18/1922 as Map No. 612.

BEGINNING at a point on the easterly side of Madison Street distant 220.00 feet southerly from the corner formed by the intersection of the easterly side of Madison Street and the southerly side of South Haven Avenue;

RUNNING THENCE South 88 degrees 10 minutes 10 seconds East a distance of 100.00 feet;

THENCE South 01 degrees 49 minutes 50 seconds West a distance of 111.73 feet;

THENCE North 83 degrees 36 minutes 40 seconds West a distance of 100.32 feet;

THENCE north 01 degrees 49 minutes 50 seconds East a distance of 103.76 feet to the point or place of BEGINNING.




# Suffolk County Clerk's Office

## JUDGMENT - RETRIEVAL REPORT

12/19/2011 2:49:53 pm

**General Info for** **Doc Date:** 2/21/2008 **Seq # :** 1387 **Doc Type :** JUDGMENT

| INDEX # | D T PERFECTED | COURT | COUNTY | SHERIFF FEES | AMOUNT ($) | COST ($) | TOTAL ($) | REMARKS |
|---|---|---|---|---|---|---|---|---|
| 08 07366 | 2/21/2008 2:16:00 AM | CO | SUFFOLK | 0 | 160.00 | 0.00 | 160 | |

### Debtor Info

| Last Name | First Name | Type | Street # | Street name | Street Type | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| CARPENTER | ROBERT | | 113 | MADISON | ST | | | MASTIC | NY | 11950 |

### Creditor Info

| Last Name | First Name | Type | Street # | Street name | Street Type | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| PEOPLE OF THE STATE OF NEW YORK | | | | CRIMINAL COURTS BLDG | | 210 CENTER DR | PO BOX 9007 | RIVERHEAD | NY | 11901 |

### Attorney Info

| Name | Street # | Street name | Street type | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| SUFFOLK COUNTY DISTRICT ATTORNEY | 210 | CENTER | DR | | | RIVERHEAD | NY | 11901 |

# Help for Homeowners in Foreclosure

New York State Law requires that we send you this notice about the foreclosure process. Please read it carefully.

Summons and Complaint

You are in danger of losing your home. If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home. Please read the summons and complaint carefully. You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

Sources of Information and Assistance

The State encourages you to become informed about your options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during this process.

To locate an entity near you, you may call the toll free helpline maintained by the New York State Banking Department at 1-877-BANK-NYS (1-877-226-5697) or visit the Department's website at http://www.banking.state.ny.us.

Foreclosure Rescue Scams

Be careful of people who approach you with offers to "save" your home. There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge and which prohibits them from taking any money from you until they have completed all such promised services.

**CERTIFICATION BY ATTORNEY**

Todd Falasco, an attorney duly admitted to practice law before the Courts of the State of New York, an attorney with the firm of Frenkel, Lambert, Weiss, Weisman, & Gordon, LLP, attorneys for the Plaintiff herein, pursuant to Uniform Rule Section 130-1.1-a, states as follows:

I hereby certify, under the penalty of perjury and as an officer of the Court, that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within paper or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1, including that the substance of the factual statements therein are not false.

Dated: Bay Shore, New York
March 30, 2012

Frenkel, Lambert, Weiss, Weisman, & Gordon, LLP

Todd Falasco
Attorneys for Plaintiff
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.: 01-049534-F00

Index #

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Wells Fargo Bank, NA,

Plaintiff,

- against -

Robert Carpenter, Teachers Federal Credit Union, People of the State of New York, KMT Group LLC, LVNV Funding LLC APO Sears, and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the Mortgaged premises described in the Complaint,

Defendants.

**SUMMONS AND COMPLAINT**

FRENKEL, LAMBERT, WEISS, WEISMAN & GORDON, LLP
Attorneys for Plaintiff
20 West Main Street
Bay Shore, New York 11706
(631) 969-3100
Fax (631) 969-3101
Our File No.: 01-049534-F00

To

Attorney(s) for

Service of a copy of the within

is hereby admitted.

Dated,

______________

Attorney(s) for



# Suffolk County Clerk's Office

## JUDGMENT - RETRIEVAL REPORT

12/19/2011 2:52:56 pm

**General Info for** **Doc Date:** 4/23/2010 **Seq # :** 227 **Doc Type :** JU-TRANSCR-JGMT

| INDEX # | D T PERFECTED | COURT | COUNTY | SHERIFF FEES | AMOUNT ($) | COST ($) | TOTAL ($) | REMARKS |
|---|---|---|---|---|---|---|---|---|
| BAC 09 0010900 | 2/23/2010 2:42:00 PM | 2ND | SUFFOLK | 1 | 2,981.75 | 140.00 | 3121.75 | |

**Debtor Info**

| Last Name | First Name | Type | Street # | Street name | Street Type | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| CARPENTER | ROBERT | | 113 | MADISON | ST | | | MASTIC | NY | 11950 |

**Creditor Info**

| Last Name | First Name | Type | Street # | Street name | Street Type | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| SEARS | | | 625 | PILOT | RD | STE 3 | | LAS VEGAS | NV | 89119 |
| LVNV FUNDING LLC | | APO | 625 | PILOT | RD | STE 3 | | LAS VEGAS | NV | 89119 |

**Attorney Info**

| Name | Street # | Street name | Street type | Addr2 | Addr3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| FORSTER & GARBUS ESQS | 500 | BI COUNTY | BLVD | PO BOX 9030 | | FARMINGDALE | NY | 11735 9030 |