UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                          :
                                                               :        Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,          :
                                                               :        Case No. 18-23538 (RDD)
                                                               :
          Debtors.[1]                                          :        (Jointly Administered)
------------------------------------------------------------x

### ORDER EXTENDING THE AUTOMATIC STAY
### TO CERTAIN NON-DEBTOR PARTIES

Upon the motion, dated November 28, 2018 (ECF No. 924) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 362(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order extending the automatic stay imposed by section 362(a) of the Bankruptcy Code (the "**Automatic Stay**") to certain non-debtor parties (the "**Non-Debtor Parties**") or declaring that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

the Automatic Stay applies to them, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on December 20, 2018 (the "**Hearing**"); and upon all of the pleadings filed in connection with the Motion, the record of the Hearing and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor for the reasons stated by the Court at the Hearing, the Court having determined that the legal and factual bases set forth in the Motion warrant the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest,

    **IT IS HEREBY ORDERED THAT:**

    1.    The Motion is granted to the extend set forth herein.

    2.    The Automatic Stay is extended to the Non-Debtor Parties solely with respect to the actions identified on **Exhibit 1** annexed hereto (the "**Non-Debtor Party List**").

    3.    The Hearing on the Motion is hereby adjourned to January 18, 2019, at 10:00 a.m. (Eastern Time) and the Debtors' response deadline to January 11, 2019, at 4:00 p.m. (Eastern Time), each only with respect to the objections filed by Robert A. Catalfamo and

Lavarita D. Meriwether (ECF No. 1197), Sante Marcoccia (ECF No. 1194), and Karen Smith (ECF Nos. 1298 and 1335).

      4.      The proposed form of Stay Notice attached hereto as **Exhibit 2** is approved.

      5.      If the Debtors wish to supplement the Non-Debtor Party List to add any omitted or subsequently identified Non-Debtor Party (the "**Supplemental Parties**"), the Debtors are authorized to file with this Court a notice (the "**Supplemental Notice**") identifying the omitted or supplemental Prepetition Actions (the "**Supplemental Actions**"), and serve the Supplemental Notice and a copy of the Order on the parties to the Supplemental Actions. The parties to the Supplemental Actions will have fourteen (14) days to object to the extension of the Automatic Stay to their Supplemental Action. If no such objection is received, the parties to the Supplemental Action shall be deemed subject to the Order approving this Motion.

      6.      Nothing contained in this Order or in the Motion shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or, validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code.

      7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: January 8, 2019
      White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE