UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

IN RE

SEARS HOLDINGS CORPORATION, ET AL

DEBTOR

CHAPTER 11

CASE NO. 18-23538 (RDD)

(Jointly Administered)

MOTION DATE: February 14, 2019

MOTION TIME: 10:00 am

**AFFIRMATION IN SUPPORT GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY RULE 4001 AND 11 U.S.C. §362(d)**

Wells Fargo Bank, N.A. by and through its attorney, Shapiro DiCaro & Barak, LLC is seeking an Order vacating the automatic stay pursuant to 11 U.S.C §362(d) and in support thereof, states as follows:

Shari S. Barak, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Southern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am a member with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Wells Fargo Bank, N.A ("Movant"). As such, I am fully familiar with the facts and circumstances of this case.

14-036345

## RELIEF REQUESTED

2. This is a contested matter brought pursuant to the Federal Rules of Bankruptcy Procedure Rules 4001, 9014 and Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), for an Order: (i)pursuant to Bankruptcy Rule 4001 and 362(d) seeking relief from the Automatic Stay as to real property known as 217 Morningstar Road, Staten Island, New York (the "Premises"), (ii) waiving the fourteen (14) day stay invoked pursuant to F.R.B.P. 4001(a)(3); and (iii) granting Movant such other and further relief as is just and proper under the circumstances of this case.

3. This Court has jurisdiction pursuant to 28 U.S.C. Section 13334. This is a core proceeding pursuant to 28 U.S.C. Section 157 (b)

## BACKGROUND

4. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation, et al and the other above- captioned debtors each filed voluntary petitions under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On October 17, 2002 Sears Roebuck and Company recorded a judgment lien against Melody Ramos and the Property in the amount of $2,412.98 under Index # 33279-02

6. On December 7, 1999 Melody Ramos borrowed $130,368.00 from Brucha Mortgage Bankers Corp. as evidenced by a note (the "Note").Said Note is secured by a mortgage from Brucha Mortgage Bankers Corp. on certain real property, commonly known as 217 Morningstar Road, Staten Island, New York 10303 and specifically described in said mortgage (the "Property"). The Mortgage was assigned from Brucha Mortgage Bankers Corp. to Fleet

14-036345

Mortgage Corp. The Mortgage was subsequently assigned from FDIC as receiver for Washington Mutual Bank, Henderson, NV, formerly known as Washington Mutual Bank, FA successor in interest to Washington Home Loans, Inc. successor by merger to Fleet Mortgage Corporation to Wells Fargo Bank, N.A. Copies of the Note, Mortgage and Assignments of Mortgage are annexed hereto as **Exhibit "A"**.

7. The mortgage is in default and movant is proceeding with a foreclosure of its mortgage. Foreclosure was commenced in Richmond County under index No. 135968/2014. A copy of the Summons and Complaint is annexed hereto as **Exhibit "B"**. Sears Roebuck and Company holds a judgment against Melody Ramos, the co-owner and co-mortgagor. A copy of said Judgment is annexed hereto as **Exhibit "C"**.

8. As Sears Roebuck and Company is a judgement creditor of Ms. Ramos they are a necessary party defendant in the foreclosure.

9. Sears Holdings Corporation, et al filed bankruptcy under case number 18-23538, which case is being jointly administered. As a result of this bankruptcy filing, movant is stayed from proceeding with its foreclosure.

10. As of December 13, 2018 the approximate payoff held by movant is $254,474.10

11. According to the Residential Appraisal Report dated December 20, 2018 which is annexed hereto as **Exhibit "D"** the fair market value of the Property is $415,000.00.

12. In light of the pending bankruptcy petition Wells Fargo Bank, N.A. cannot proceed with a foreclosure naming Sears Roebuck and Co. as a party defendant.

13. By reason of the foregoing, Wells Fargo Bank, N.A. its servicing agent, nominees, successors and or assigns respectfully requests relief from the automatic stay.

14-036345

14. It is requested that, in the event that an Order Grating Relief from the Automatic Stay is granted, that such Order shall survive conversion to any other chapter.

15. No prior application has been made for the relief requested herein.

16. It is respectfully submitted that good cause exists to vacate the automatic stay of 11 U.S.C. § 362 to allow Wells Fargo Bank, N.A. to maintain a foreclosure action on its mortgage. It is further requested that this Court waive the fourteen (14) day stay invoked pursuant to F.R.B.P. 4001 (a)(3) so Movant may immediately commence and /or resume the foreclosure proceedings.

**WHEREFORE,** Movant respectfully requests an Order of this Court be granted vacating the automatic stay as to the aforementioned Property; allowing Movant, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage including but not limited to foreclose the Mortgage secured by the subject Property; waiving the fourteen (14) day stay pursuant to F. R. B. P. 4001(a)(3); and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:     January 11, 2019
         Melville, New York

    /s/Shari Barak

Shari S. Barak
Managing Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Wells Fargo Bank, N.A.
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

14-036345