**Exhibit "B"**

FILED: RICHMOND COUNTY CLERK 12/04/2014 11:20 AM
NYSCEF DOC. NO. 3

INDEX NO. 135968/2014
RECEIVED NYSCEF: 12/04/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Wells Fargo Bank, N.A.,

**NOTICE OF PENDENCY
OF ACTION**

                Plaintiff,

Index No. _____

    -against-

Melody Ramos a/k/a Melody I. Ramos, Individually and on
behalf of the Estate of Melody Ramos; Jules DeJesus;
Mariah DeJesus; Alfredo Ramos; Any unknown heirs,
devisees, distributees or successors in interest of the late
Melody Ramos if they be living or, if they be dead, their
spouses, heirs, devisees, distributees and successors in
interest, all of whom and whose names and places of
residence are unknown to the Plaintiff; Citibank South
Dakota, N.A.; Discover Bank; Sears Roebuck & Company;
Criminal Court of the City of New York; New York State
Department of Taxation and Finance; City of New York
Environmental Control Board; City of New York Parking
Violations Bureau; City of New York Transit Adjudication
Bureau; State of New York, "JOHN DOE", said name being
fictitious, it being the intention of Plaintiff to designate any
and all occupants of premises being foreclosed herein, and
any parties, corporations or entities, if any, having or
claiming an interest or lien upon the mortgaged premises,
                         Defendants.

      **NOTICE IS HEREBY GIVEN** that an action has been commenced and is pending in

this Court upon a complaint of the above named Plaintiff against the above named Defendants

for the foreclosure of a Mortgage dated December 7, 1999, executed by Melody I. Ramos and

Melody Ramos, now deceased, as Mortgagor(s), to Brucha Mortgage Bankers Corp., as

Mortgagee, to secure the sum of $130,368.00, and recorded in the Richmond County Office of

the City Register on March 8, 2000, at Reel 10008 of Mortgages, page 82.  The Note and

14-036345

Mortgage were transferred from Brucha Mortgage Bankers Corp. to Fleet Mortgage Corp., and said transfer was memorialized by an Assignment of Mortgage executed on December 7, 1999 and recorded May 30, 2000 in Reel 10282 of Mortgages, page 36. The Note and Mortgage were subsequently transferred to Wells Fargo Bank, N.A. and said transfer was memorialized by an Assignment of Mortgage executed on September 4, 2014 and recorded September 15, 2014 in Land Document Number 534751.

In addition, the underlying Note was indorsed by the original lender or its agent, successor, or assign, and was delivered to Plaintiff prior to the commencement of this action.

**NOTICE IS FURTHER GIVEN** that the mortgaged premises affected by said foreclosure action, at the time of the commencement of said action and at the time of the filing of this notice, was situated at 217 Morningstar Road, Staten Island, NY 10303, the County of Richmond and the State of New York, and is more particularly described in said Mortgage and in Schedule "A" attached hereto and made a part hereof.

Dated: December 4, 2014

Kristin Corsi, Esq.
Associate Attorney
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
175 Mile Crossing Boulevard
Rochester, NY 14624
(585) 247-9000
Our File No. 14-036345

14-036345

# DEFAULT SERVICES
DIVISION OF

# FRONTIER ABSTRACT AND RESEARCH SERVICES, INC.

### 30 West Broad Street, Irving Place, Suite 100, Rochester, NY 14614

**SEARCH NO.** 1020701                    **CLIENT NO.** 14-036345

### Schedule A- Description of the Premises

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Third Ward of the Borough of Staten Island, County of Richmond , City and State of New York, situate, lying and being on the Easterly side of Morningstar Road at Elm Park, and more particularly described as follows:

BEGINNING at a point on said Easterly side of Morningstar Road, distant one 187.42 feet deed (187.70 feet actual) Northerly along the same from the corner formed by the intersection of the Northerly side of Sherman Street with the Easterly side of Morningstar Road;

RUNNING THENCE Northerly along said Easterly line of Morningstar Road, Forty (40) feet;

THENCE Easterly parallel with said Northerly side of Sherman Street, one hundred twenty-five (125) feet;

THENCE Southerly, parallel with said Easterly side of Morningstar Road, forty (40 feet):

THENCE Westerly again parallel with said Northerly line of Sherman Street one hundred twenty five (125) feet to the point or place of BEGINNING.

### 217 Morningstar Road, Staten Island, New York 10303 (Borough of Staten Island, City of New York)
### Richmond County
## BLOCK: 1127 LOT: 10

TO:  THE CLERK OF THE COUNTY OF RICHMOND:

You are hereby directed to index the within Notice of Pendency of Action to the

name of all of the Defendant(s) herein and the Section, Block and Lot(s) and/or property address

as set forth below:

Block 1127 Lot 10
Property Address: 217 Morningstar Road, Staten Island, NY 10303

Dated: December 4, 2014

Kristin Corsi, Esq.
Associate Attorney
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
175 Mile Crossing Boulevard
Rochester, NY 14624
(585) 247-9000
Fax: (585) 247-7380

14-036345

## CERTIFICATION BY ATTORNEY

I, Kristin Corsi, am an attorney duly admitted to the practice of law in the State of New York. I am an associate of Shapiro, DiCaro & Barak, LLC, the attorneys for Plaintiff, Wells Fargo Bank, N.A., in the above captioned civil action.

I HEREBY CERTIFY, pursuant to Sec. 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR), to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of the Notice of Pendency in this action, or the contentions therein, are not frivolous as defined in subsection (c) of Sec. 130-1.1 of the Rules of the Chief Administrator (22 NYCRR).

Dated: December 4, 2014

Kristin Corsi, Esq.
Associate Attorney
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
175 Mile Crossing Boulevard
Rochester, NY 14624
(585) 247-9000
Fax: (585) 247-7380

14-036345

FILED: RICHMOND COUNTY CLERK 12/04/2014 11:20 AM
NYSCEF DOC. NO. 1

INDEX NO. 135968/2014

RECEIVED NYSCEF: 12/04/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

**SUMMONS AND NOTICE**

Wells Fargo Bank, N.A.,

Index No. _____

               Plaintiff,

Date Filed:_____

    -against-

Melody Ramos a/k/a Melody I. Ramos, Individually and on
behalf of the Estate of Melody Ramos; Jules DeJesus;
Mariah DeJesus; Alfredo Ramos; Any unknown heirs,
devisees, distributees or successors in interest of the late
Melody Ramos if they be living or, if they be dead, their
spouses, heirs, devisees, distributees and successors in
interest, all of whom and whose names and places of
residence are unknown to the Plaintiff; Citibank South
Dakota, N.A.; Discover Bank; Sears Roebuck & Company;
Criminal Court of the City of New York; New York State
Department of Taxation and Finance; City of New York
Environmental Control Board; City of New York Parking
Violations Bureau; City of New York Transit Adjudication
Bureau; State of New York, "JOHN DOE", said name being
fictitious, it being the intention of Plaintiff to designate any
and all occupants of premises being foreclosed herein, and
any parties, corporations or entities, if any, having or
claiming an interest or lien upon the mortgaged premises,
               Defendants.

---

PROPERTY ADDRESS:   217 Morningstar Road, Staten Island, NY 10303

**TO THE ABOVE NAMED DEFENDANTS:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or a notice of appearance on the attorneys for the Plaintiff within thirty

(30) days after the service of this summons, exclusive of the day of service. The United States of

America, if designated as a defendant in this action, may appear within sixty (60) days of service

14-036345

hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT THE OBJECT** of the above captioned action is to foreclose a Mortgage to secure $130,368.00 and interest, recorded in the Richmond County Office of the City Register on March 8, 2000, in Reel 10008 of Mortgages, page 82 covering premises known as 217 Morningstar Road, Staten Island, NY 10303.

The relief sought in the within action is a final judgment directing the sale of the premises described above to satisfy the debt secured by the Mortgage described above.

Plaintiff designates Richmond County as the place of trial. Venue is based upon the County in which the mortgaged premises is situated.

14-036345

## NOTICE
### YOU ARE IN DANGER OF LOSING YOUR HOME

**IF YOU DO NOT RESPOND TO THIS SUMMONS AND COMPLAINT BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE MORTGAGE COMPANY WHO FILED THIS FORECLOSURE PROCEEDING AGAINST YOU AND FILING THE ANSWER WITH THE COURT, A DEFAULT JUDGMENT MAY BE ENTERED AND YOU CAN LOSE YOUR HOME.**

**SPEAK TO AN ATTORNEY OR GO TO THE COURT WHERE YOUR CASE IS PENDING FOR FURTHER INFORMATION ON HOW TO ANSWER THE SUMMONS AND PROTECT YOUR PROPERTY.**

**SENDING A PAYMENT TO YOUR MORTGAGE COMPANY WILL NOT STOP THIS FORECLOSURE ACTION.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated:  December 4, 2014

*Kristin Corsi*

Kristin Corsi, Esq.
Associate Attorney
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
175 Mile Crossing Boulevard
Rochester, NY 14624
(585) 247-9000
Our File No. 14-036345

FILED: RICHMOND COUNTY CLERK 12/04/2014 11:20 AM
NYSCEF DOC. NO. 2

INDEX NO. 135968/2014
RECEIVED NYSCEF: 12/04/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

---

Wells Fargo Bank, N.A.,

                          Plaintiff,

          -against-

Melody Ramos a/k/a Melody I. Ramos, Individually and on
behalf of the Estate of Melody Ramos; Jules DeJesus;
Mariah DeJesus; Alfredo Ramos; Any unknown heirs,
devisees, distributees or successors in interest of the late
Melody Ramos if they be living or, if they be dead, their
spouses, heirs, devisees, distributees and successors in
interest, all of whom and whose names and places of
residence are unknown to the Plaintiff; Citibank South
Dakota, N.A.; Discover Bank; Sears Roebuck & Company;
Criminal Court of the City of New York; New York State
Department of Taxation and Finance; City of New York
Environmental Control Board; City of New York Parking
Violations Bureau; City of New York Transit Adjudication
Bureau; State of New York, "JOHN DOE", said name being
fictitious, it being the intention of Plaintiff to designate any
and all occupants of premises being foreclosed herein, and
any parties, corporations or entities, if any, having or
claiming an interest or lien upon the mortgaged premises,
                          Defendants.

---

**MORTGAGE FORECLOSURE
COMPLAINT**

Index No. _____

Date Filed:_____

The Plaintiff herein, by its Attorneys, Shapiro, DiCaro & Barak, LLC, complains of the

defendants above named, and for its cause of action, alleges that:

    <u>First:</u>               The Plaintiff herein, at all times hereinafter mentioned was and

still is a duly authorized National Association and having an office at c/o 3476 Stateview Blvd,

MAC# X7801-013 (FC), Fort Mill, South Carolina 29715.

**PLAINTIFF FURTHER ALLEGES
UPON INFORMATION AND BELIEF**

14-036345

Second:                      The defendants set forth in Schedule "A" reside or have a place

of business at the address set forth therein and are made defendants in this action in the

capacities therein alleged and for the purpose of foreclosing and extinguishing any other right,

title or interest said defendants may have in the subject premises.

Third:                      The United States of America, The People of the State of New

York, The State Tax Commission of the State of New York, the Industrial Commissioner of the

State of New York and all other agencies or instrumentalities of the Federal, State or local

government (by whatever name designated) if made parties to this action and if appearing in

Schedule "B", are made parties solely by reason of the interest set forth in Schedule "B" and for

no other reason.

Fourth:                      Heretofore, the defendant(s), Melody I. Ramos and Melody

Ramos, now deceased, for the purpose of securing to Brucha Mortgage Bankers Corp., its

successors and assigns, the sum of $130,368.00, duly made a certain bond, note, consolidation,

extension, modification, recasting, or assumption agreement, as the case may be, wherein and

whereby they bound themselves, their heirs, executors, administrators and assigns, and each and

every one of them, jointly and severally, in the amount of said sum of money, all as more fully

appears together with the terms of repayment of said sum or rights of Brucha Mortgage Bankers

Corp., its successors and assigns, in said bond, note or other instrument, a copy of which is

attached hereto and made a part hereof.

Fifth:                      As security for the payment of said indebtedness, a mortgage

was executed, acknowledged and delivered to Brucha Mortgage Bankers Corp. recorded in the

Richmond County Office of the City Register on March 8, 2000, in Reel 10008 of Mortgages,

page 82, wherein and whereby the mortgagor(s) named therein mortgaged, bargained, granted an

interest in and/or sold to the mortgagee, its successors and assigns, the premises more particularly described therein, hereinafter called "mortgaged premises", under certain conditions with rights, duties and privileges between or among them as more fully appears in said mortgage, a copy of which is attached hereto and made a part hereof.

Sixth:                    The Plaintiff is the current owner and holder of the subject mortgage and note, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note. If Plaintiff is not the original owner and holder of the subject note and mortgage then information regarding the chain of title will be contained in Schedule "D".

Seventh:                 The said mortgage was duly recorded and the mortgage tax due thereon was duly paid on the recorded instrument in the proper County Clerk's Office at the place and time which appears thereon. Plaintiff shall pay the requisite mortgage tax attributed to the Modification Agreement, if any, prior to Judgment of Foreclosure and Sale.

Eighth:                   The defendant(s), Melody I. Ramos and Estate of Melody Ramos, has failed and neglected to comply with the conditions of said mortgage, bond or note by omitting and failing to pay the monthly payments of principal, interest, taxes, assessments, water rates, insurance premiums, escrow and/or other charges, and accordingly, the plaintiff has duly elected and does hereby elect to call due the entire amount presently secured by the mortgage described in paragraph "FIFTH" hereof.

Ninth:                    Heretofore and prior to the commencement of this action, part of the original principal sum may have been paid to apply on said indebtedness and there remains due the amount set forth in Schedule "C".

14-036345

Tenth:                    In order to protect its security, the plaintiff has paid, or will pay, as may be compelled during the pendency of this action, local taxes, assessments, water rates, insurance premiums, inspections and other charges affecting the mortgaged premises, and the plaintiff requests that any sums thus paid by it for said purposes (together with interests thereon) should be added to the sum otherwise due and be deemed secured by the said mortgage and be adjudged a valid lien on the mortgaged premises, the amount of which will ultimately be determined by the Court.

Eleventh:                    The defendants herein have, or claim to have, some interest in or lien upon, said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, or is otherwise subordinate to, the lien of plaintiff's mortgage.

Twelfth:                    There are no pending proceedings at law or otherwise to collect or enforce said bond/note and mortgage and there is no other action pending which has been brought to recover said mortgage debt or any part thereof.

Thirteenth:                    The Schedules, Exhibits and other items attached to this Complaint are expressly incorporated and made a part of this Complaint for all purposes with the same force and effect as if they were completely and fully set forth herein wherever reference has been made to each or any of them.

Fourteenth:                    By reason of the foregoing, there is now due and owing to the plaintiff upon said bond, note, assumption agreement, consolidation agreement, or recasting agreement, the unpaid principal balance set forth in Schedule "C", and such other fees, costs, late charges, and interest, the amount of which will be determined by the Court.

Fifteenth:                    The mortgage provides that, in the case of foreclosure, the mortgaged premises may be sold in one parcel.

14-036345

Sixteenth:          The Plaintiff shall not be deemed to have waived, altered, released

or changed the election hereinbefore made by reason of the payment or performance, after the

date of the commencement of this action, of any or all of the defaults mentioned herein; and such

election shall continue and remain effective until the costs and disbursements of this action, and

all present and future defaults under the Note and Mortgage and occurring prior to the

discontinuance of this action are fully paid and cured.

Seventeenth:          Pursuant to the Fair Debt Collection Practices Act, this action may

be deemed to be an attempt to collect a debt, on behalf of Plaintiff.  Any information obtained as

a result of this action will be used for that purpose.

Eighteenth:          If the subject note and mortgage fall within the prescribed

definition of a subprime home loan or high-cost home loan as identified under section six-l or

six-m of the New York State Banking Law, then Plaintiff has complied with all the provisions of

section five-hundred ninety-five of the New York State Banking Law and any rules and

regulations promulgated thereunder, section six-l or six-m of the New York State Banking Law

and section thirteen hundred four of New York State Real Property Actions and Proceedings

Law (RPAPL).

Nineteenth:          Plaintiff has complied with the provisions of RPAPL § 1306, if

applicable.

Twentieth:          To the extent the original obligation was discharged in bankruptcy

under Title 11 of the United States Code, this pleading does not constitute an attempt to collect a

debt or to impose personal liability for such obligation. However, the secured party retains all

rights, and hereby exercises its right to foreclose its lien, under its security instrument.

14-036345

**WHEREFORE**, plaintiff demands judgment:

(a)     Adjudging and decreeing the amounts due the plaintiff for principal, interest, costs, and reasonable attorney's fees, if and as provided for in the said mortgage;

(b)     That the defendants and all persons claiming by, through or under them, or either or any of them, subsequent to the commencement of this action and every other person or corporation whose right, title conveyance or encumbrance is subsequent to or subsequently recorded, may be barred and forever foreclosed of all right, claim, lien, or interest, or equity of redemption in and to said mortgaged premises;

(c)     That the said mortgaged premises, or such part thereof as may be necessary to raise the amounts then due for principal, interest, costs, reasonable attorney's fees, allowances and disbursements, together with any monies advanced and paid, may be decreed to be sold according to law;

(d)     That out of the monies arising from the sale thereof, the plaintiff may be paid the amounts then due on said bond/note and mortgage and any sum which may have been paid by the plaintiff to protect the lien of plaintiff's mortgage as herein set forth, with interest upon said amounts from the dates of the respective payments and advances thereof, the costs and expenses of this action, additional allowance, if any, and reasonable attorney's fees, if and as provided for in the mortgage, rider or other agreement, so far as the amount of such money properly applicable thereto will pay the same;

(e)     That either or any of the parties to this action may become a purchaser upon such sale;

(f)     That this Court forthwith appoint a Receiver of the rents and profits of said premises with the usual powers and duties;

14-036345

     (g)     That the defendant(s), Melody I. Ramos and Estate of Melody Ramos, <u>unless</u>

<u>discharged in bankruptcy</u> may be adjudged to pay any deficiency that may remain after applying

all of said monies so applicable thereto;

     (h)     That the United States of America shall have the right of redemption, if

applicable;

     (i)     That the plaintiff may have such other or further relief, or both, in the premises as

may be just and equitable.

     Plaintiff specifically reserves its right to share in any surplus monies arising from the sale

of subject premises by virtue of its position as a judgment or other lien creditor excluding the

mortgage being foreclosed herein.

Dated: December 4, 2014

*Kristin Corsi*

Kristin Corsi, Esq.
Associate Attorney
SHAPIRO, DICARO & BARAK, LLC
Attorneys for Plaintiff
175 Mile Crossing Boulevard
Rochester, NY 14624
(585) 247-9000
Our File No. 14-036345

## SCHEDULE A – DEFENDANTS

| DEFENDANTS | CAPACITY |
|---|---|
| Melody Ramos<br>a/k/a Melody I. Ramos, Individually and on behalf of the Estate of Melody Ramos<br>217 Morningstar Road<br>Staten Island, NY 10303 | Owner of record and original Obligor under the Note secured by the Mortgage recorded on March 8, 2000, in Reel 10008 of Mortgages, page 82, being foreclosed herein. |
| | On behalf of the Estate of the late Melody Ramos, deceased May 26, 2011. Melody Ramos being the original owner of record and original Obligor under the Note secured by the Mortgage recorded on March 8, 2000, in Reel 10008 of Mortgages, page 82, being foreclosed herein. |
| | Possible distributee of the Estate of the late Melody Ramos, deceased May 26, 2011. Melody Ramos being the original owner of record and original Obligor under the Note secured by the Mortgage recorded on March 8, 2000, in Reel 10008 of Mortgages, page 82, being foreclosed herein. |
| Jules DeJesus<br>217 Morningstar Road<br>Staten Island, NY 10303 | Possible distributee of the Estate of the late Melody Ramos, deceased May 26, 2011. Melody Ramos being the original owner of record and original Obligor under the Note secured by the Mortgage recorded on March 8, 2000, in Reel 10008 of Mortgages, page 82, being foreclosed herein. |
| Mariah DeJesus<br>217 Morningstar Road<br>Staten Island, NY 10303 | Possible distributee of the Estate of the late Melody Ramos, deceased May 26, 2011. Melody Ramos being the original owner of record and original Obligor under the Note secured by the Mortgage recorded on March 8, 2000, in Reel 10008 of Mortgages, page 82, being foreclosed herein. |

Alfredo Ramos
998 East 167 Street
Bronx, NY 10459

Possible distributee of the Estate of the late
Melody Ramos, deceased May 26, 2011.
Melody Ramos being the original owner of
record and original Obligor under the Note
secured by the Mortgage recorded on March 8,
2000, in Reel 10008 of Mortgages, page 82,
being foreclosed herein.

Citibank South Dakota, N.A.
701 East 60th Street North
Sioux Falls, SD 57104

Judgment creditor by virtue of a Richmond
County Court judgment filed on May 2, 2002
for $4,623.11 vs. Melody Ramos.
Attorney: Upton, Cohen & Slamowitz

Discover Bank
3311 Mill Meadow Drive
Hilliard, OH 43026

Judgment creditor by virtue of a Richmond
County Court judgment filed on July 16, 2002
for $12,352.25 vs. Melody Ramos.
Attorney: Upton, Cohen & Slamowitz

Sears Roebuck & Company
45 Congress Street
Salem, MA 01970

Judgment creditor by virtue of a Richmond
County Court judgment filed on October 17,
2002 for $2,412.98 vs. Melody Ramos.
Attorney: Rubin & Rothman LLC

"JOHN DOE"

Said name being fictitious, it being the
intention of Plaintiff to designate any and all
occupants, tenants, persons or corporations, if
any, having or claiming an interest in or lien
upon the premises being foreclosed herein.

## SCHEDULE B – DEFENDANTS

| DEFENDANTS | CAPACITY |
|---|---|
| Criminal Court of the City of New York<br>67 T Argee Street<br>Staten Island, NY 10304 | Judgment creditor by virtue of a Richmond County Court judgment filed on December 22, 2010 for $120.00 vs. Julian DeJesus. Attorney: District Attorney of Richmond County. |
| New York State Department of Taxation and Finance<br>PO Box 5149<br>Albany, NY 12205 | Lienor by virtue of a Tax Warrant for $1,732.09 filed December 2, 2014 vs. Alfredo Ramos, 217 Morningstar Road Staten Island, NY 10303. |
| City of New York Environmental Control Board<br>100 Church Street<br>New York, NY 10007 | To cut off any possible liens filed by the Environmental Control Board with the Clerk of Richmond County. |
| City of New York Parking Violations Bureau<br>100 Church Street<br>New York, NY 10007 | To cut off any possible liens filed by the New York City Parking Violations Bureau with the Clerk of Richmond County. |
| City of New York Transit Adjudication Bureau<br>130 Livingston Street<br>Brooklyn, NY 11201 | To cut off any possible liens filed by the Transit Adjudication Bureau with the Clerk of Richmond County. |
| State of New York | To cut off any possible lien for unpaid estate taxes, outstanding tax law warrants and/or any other liens against the subject premises. |

## SCHEDULE C

### MORTGAGE INFORMATION

| | | |
|---|---|---|
| 1. | Original Amount of Bond/Note/<br>Consolidation or Modification Agreement | $130,368.00 |
| 2. | Last installment due and paid | September 1, 2011 |
| 3. | Date of first unpaid installment/<br>default date | October 1, 2011 |

### AMOUNT DUE

| | | |
|---|---|---|
| 4. | Principal balance owing | $114,036.13 |
| 5. | *Interest @ 9.5%<br>from September 1, 2011 | To Be Calculated at Judgment |
| 6. | Late charges as per the terms of the Note | To Be Calculated at Judgment |
| 7. | Taxes Advanced by Plaintiff | To Be Calculated at Judgment |
| 8. | Escrow Advances | To Be Calculated at Judgment |

*Interest will continue to accrue at the contract bond/note/loan agreement rate, until a Judgment of Foreclosure and Sale has been entered in the proper County Clerk's Office, at which time the interest rate will be calculated at the legal rate of 9.00%.*

14-036345

## SCHEDULE D

The instrument being foreclosed herein is a Mortgage dated December 7, 1999, executed by Melody I. Ramos and Melody Ramos, now deceased, as Mortgagor(s) to Brucha Mortgage Bankers Corp., as Mortgagee, to secure the sum of $130,368.00, and recorded in the Richmond County Office of the City Register on March 8, 2000, at Reel 10008 of Mortgages, page 82. The Note and Mortgage were transferred from Brucha Mortgage Bankers Corp. to Fleet Mortgage Corp., and said transfer was memorialized by an Assignment of Mortgage executed on December 7, 1999 and recorded May 30, 2000 in Reel 10282 of Mortgages, page 36. The Note and Mortgage were subsequently transferred to Wells Fargo Bank, N.A. and said transfer was memorialized by an Assignment of Mortgage executed on September 4, 2014 and recorded September 15, 2014 in Land Document Number 534751.

In addition, the underlying Note was indorsed by the original lender or its agent, successor, or assign, and was delivered to Plaintiff prior to the commencement of this action.

14-036345