Allen G. Kadish
Lance A. Schildkraut
ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Email: akadish@archerlaw.com
      lschildkraut@archerlaw.com

    and

Kenneth M. Florey
M. Neal Smith
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
      nsmith@robbins-schwartz.com

    and

Matthew T. Gensburg
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) | Case No. 18-23538 (RDD) |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart

1

)

**STIPULATION AND ORDER BY AND AMONG THE VILLAGE OF HOFFMAN ESTATES, SEARS HOLDINGS CORPORATION AND COMMUNITY UNIT SCHOOL DISTRICT 300 CONCERNING FUNDS HELD PURSUANT TO THE ECONOMIC DEVELOPMENT AREA AND TAX INCREMENT ALLOCATION ACT**

WHEREAS, **o**n October 10, 2018, Community Unit School District 300 (the "**School District**") brought suit against the Village of Hoffman Estates (the "**Village**") and Sears Holdings Corporation ("**Sears**" and together with certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, collectively, the "**Debtors**"), (each a "**Party**" and collectively, the "**Parties**") in the Circuit Court of Cook County, State of Illinois (the "**Circuit Court**"), in a matter styled *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018 CH 12683 (the "**Illinois Action**"), seeking declaratory, injunctive and other relief arising from Sears' alleged failure to comply with certain terms and conditions of the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1 *et seq.* (the "**EDA Act**") and an Economic Development Agreement entered into by and between the Village and Sears pursuant to the EDA Act, which provides certain subsidies to Sears in the form of annual payments.

WHEREAS, on October 12, 2018, School District filed an Emergency Motion for Injunctive Relief (the "**TRO**") seeking to have the Circuit Court enter an injunction order directing the Village not to make further distributions from the Village's special tax allocation fund maintained under the Sears EDA Act, 20 ILCS 620/4(g) (the "**Special Tax Allocation**

---

Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Fund**" and the funds therein, the "**EDA Funds**") to Sears until the rights of the parties in the Illinois Action are declared by the Circuit Court.

WHEREAS, the EDA Funds in dispute in the Illinois Action represent fifty-five percent (55%) of certain EDA Funds presently held in the Special Tax Allocation Fund and projected for distribution to the developer (as set forth in the EDA Act) pursuant to the EDA Act (the "**55% Portion**"). The remaining forty-five percent (45%) of the EDA Funds presently held in the Special Tax Allocation Fund are projected for distribution to various taxing districts within the State of Illinois pursuant to the EDA Act (the "**45% Portion**"), and with respect to those funds, no Party seeks to prevent disbursement of such funds.

WHEREAS, on October 15, 2018, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), staying the Illinois Action pursuant to Section 362 of the Bankruptcy Code.

WHEREAS, On November 12, 2018, the School District filed its *Motion of Community Unit School District 300 for Relief From the Automatic Stay or, in the Alternative, for Abstention* (the "**Lift Stay Motion**"), pursuant to which it sought the entry of an order granting relief from the automatic stay to permit the School District to continue the prosecution of its claims in the Illinois Action. A preliminary hearing on the Lift Stay Motion was held on December 20, 2018.

WHEREAS, the Debtors dispute the allegations made in the Illinois Action and the School District's entitlement to relief requested therein and in the Lift Stay Motion.

WHEREAS, the Parties have reached an interim accord to allow the Village to distribute the 45% Portion (i.e., that portion which is not the subject of the Illinois Action).

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Debtors, Village and School District AND HEREBY ORDERED that:

1. The Parties stipulate and agree that the Village shall be authorized to take all necessary steps to distribute the 45% Portion pursuant to the EDA Act.

2. The Parties stipulate and agree that the Village will not distribute the 55% Portion pursuant to the EDA Act until the earlier of (i) entry of an order pursuant to Paragraph 5 of this Stipulation and Order, (ii) ten (10) business days after entry of an order granting or denying the Lift Stay Motion, or (iii) the date the Parties otherwise mutually agree.

3. Each Party expressly agrees that it will not assert that the Village violated any section of the EDA Act, the automatic stay imposed pursuant to Section 362 of the Bankruptcy Code, or any other provisions of the Bankruptcy Code by making the disbursements referenced in Paragraph 1 above.

4. Each Party also expressly agrees that it will not assert that the Village violated any section of the EDA Act, the automatic stay imposed pursuant to Section 362 of the Bankruptcy Code, or any other provisions of the Bankruptcy Code by <u>not</u> disbursing the 55% Portion to Sears until the date set forth in Paragraph 2 above.

5. Nothing in this Stipulation and Order shall be deemed to prejudice the Debtors' rights to petition the Bankruptcy Court, in compliance with the applicable Federal Rules of Bankruptcy Procedure, for a distribution by the Village to Sears of the 55% Portion at any time following the Village's disbursement of the 45% Portion referenced in Paragraph 1 above.

6. Neither this Stipulation and Order, nor any terms contained herein, shall be offered or received as evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary to obtain

approval and to enforce this Stipulation and Order. Nothing herein is intended or shall be construed to waive any defenses, objections, counterclaims or other positions that the Debtors, School District and/or the Village may have with respect to the Illinois Action, the Lift Stay Motion or any action brought by the Debtors pursuant to Paragraph 5 of this Stipulation and Order.

7. Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation and Order on behalf of his/her respective clients.

8. This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Stipulation shall be immediately effective and enforceable upon approval of the Bankruptcy Court.

(Signature page follows)

810631v1
WEIL:\96854583\7\73217.0004

**CONSENTED AND AGREED TO:**

VILLAGE OF HOFFMAN ESTATES

By:/s/ Michael Schein
One of its Attorneys

Michael Schein
Joshua Dunn
Vedder Price P.C.
1633 Broadway, 31st Floor
New York, New York 10019
(212) 407-7700 (telephone)
(212) 407-7799 (facsimile)

THE DEBTORS

By:/s/ Sunny Singh
One of Their Attorneys

Ray C. Schrock, P.C.
Sunny Singh
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000 (telephone)
(212) 310-8007 (facsimile)

COMMUNITY UNIT SCHOOL DISTRICT 300

By/s/ Kenneth Florey
One of its Attorneys

Kenneth Florey
Neal Smith
Robbins Schwartz, Nicholas, Lifton & Taylor, Ltd.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
(630) 929-3639 (telephone)
(630) 783-3231 (facsimile)

SO ORDERED THIS
11th DAY OF January, 2019

/s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE

810631v1
WEIL:\96854583\7\73217.0004