**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
```
In re                                                    :
                                                         :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.***,**            :
                                                         :          **Case No. 18-23538 (RDD)**
                                                         :
                  Debtors.[1]                            :          **(Jointly Administered)**
```
-----------------------------------------------------------------x
```

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement**

**and Order**") is entered into by and among Sears Holdings Corporation and Sears, Roebuck and

Co. (collectively, the "**Debtors**"), Husqvarna Consumer Outdoor Products N.A., Inc.

("**HCOP**"), and Rebecca Rysewyk, Katie Smith, and Brian Van Vooren (collectively, the

"**Movants**"). The Debtors, HCOP, and the Movants collectively are referred to in this

Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**." The Parties hereby

stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A.    WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtors and certain of their affiliates (collectively, the "**Chapter 11 Entities**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Chapter 11 Entities are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    WHEREAS, on May 21, 2015, the Movants, as representatives of a certain class of plaintiffs, commenced an action styled as *Rebecca Rysewyk, et al., v. Sears Holding Corporation, et al.*, No. 15-cv-04519 (N.D. Ill. May 21, 2015) (the "**Class Action**") that currently is pending in the United States District Court for the Northern District of Illinois Eastern Division (the "**District Court**") against the Debtors and their non-debtor affiliate KCD IP, LLC.[2]  The Class Action involves claims asserted by the Movants for (i) breach of express warranty, (ii) breach of implied warranty of merchantability, (iii) negligence, (iv) unjust enrichment, (v) strict liability for manufacturing and design defects and failure to warn, and (vi) injunctive and declaratory relief in each case arising from certain allegedly defective Craftsman® riding lawn tractors sold by the Debtors to the Movants between January 1, 2009 and December 31, 2015.

C.    WHEREAS, on July 20, 2018, the Debtors and Movants (with the approval and cooperation of HCOP) entered into a settlement agreement (the "**Settlement Agreement**") that, subject to approval by the District Court, would resolve all Released Claims (as defined in the Settlement Agreement) arising from or relating to the Class Action (the "**Class Action Settlement**").  A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

---

[2] On December 18, 2015, the District Court entered an order dismissing the Class Action against KCD IP, LLC.

D. WHEREAS, HCOP has agreed to accept responsibility for the costs of the activities and fees outlined in the Settlement Agreement, and to abide by the terms of the Settlement Agreement if the "Effective Date" under, and as defined in, the Settlement Agreement (the "**Settlement Effective Date**") is reached.

E. WHEREAS, on December 10, 2018, the Movants filed the *Motion of Class Representatives for Relief from the Automatic Stay Pursuant to 11 U.S.C. 362* [ECF No. 1124] (the "**Motion**"),[3] seeking relief from the Automatic Stay for the limited purposes of (a) allowing the Movants to file a Motion for Final Approval of Settlement Agreement (the "**Settlement Motion**") in the District Court in accordance with the provisions of the Preliminary Approval Order, (b) allowing the District Court to enter an order approving the Settlement Agreement on a final basis, and (c) allowing the parties to the Settlement Agreement to take such other actions as are necessary and appropriate to cause the Settlement Effective Date to occur under the Settlement Agreement and to carry out the terms of Class Action Settlement.

F. WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.    This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

---

[3] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

2.      Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary solely to (a) allow the Movants to file the Settlement Motion in the District Court in accordance with the provisions of the Preliminary Approval Order, (b) allow the Debtors' attorneys in the Class Action (at no cost to the Debtors) to support approval of the Class Action Settlement at the Fairness Hearing in the District Court, (c) allow the District Court to enter an order approving the Settlement Agreement on a final basis or deny the Settlement Motion, and (d) allow the parties to the Settlement Agreement to take such other actions as are necessary and appropriate to cause the Settlement Effective Date to occur and to carry out the terms of settlement; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtors or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect; provided further, that notwithstanding anything to the contrary in the Settlement Agreement, (i) none of the Debtors or the other Chapter 11 Entities shall be liable in any way in the event the Debtors fail to comply with any of their obligations under the Settlement Agreement and (ii) the Movants, HCOP, and any other participants in the Class Action Settlement, if it is approved and reaches the Settlement Effective Date, hereby waive their respective rights to (x) enforce any rights against the Debtors or the other Chapter 11 Entities that may arise pursuant to the terms of the Settlement Agreement or (y) assert, collect, assess, or recover any claim against the Debtors or the other Chapter 11 Entities as a result of the Debtors failure to comply with any of their obligations under the Settlement Agreement.

3.      In the event the District Court does not enter an order approving the Settlement

Agreement on a final basis, the Automatic Stay, as then existing, will remain in full force and

effect with respect to the Class Action and the Parties as if this Stipulation, Agreement, and

Order had not been approved by the Bankruptcy Court.

4.      As of the Effective Date, the Movants hereby agree to waive any right to recovery

for the Released Claims under the Class Action Settlement against the Debtors and the Chapter

11 Entities, as well as any prepetition claim (as defined in section 101(5) of the Bankruptcy

Code) that may be recoverable in connection therewith.

5.      As of the Effective Date, HCOP hereby agrees to waive any right to recovery for

contractual, indemnity, and contribution claims against the Debtors and the remaining Chapter

11 Entities arising from or related to the Released Claims under the Class Action Settlement.

6.      Nothing contained herein shall be construed as a waiver by the Chapter 11

Entities of their right to object to any and all proofs of claim relating to the Class Action or any

other pending prepetition action to which the Debtors or any of the other Chapter 11 Entities are

a party that may be filed by any of the Movants in the chapter 11 cases of the Chapter 11

Entities.

7.      The limited relief set forth herein shall not be construed as an admission of

liability by the Chapter 11 Entities, any of their non-debtor affiliates, or HCOP regarding any

claim or cause of action arising from or in relation to the Class Action or any other matter.

8.      This Stipulation, Agreement, and Order shall constitute the entire agreement and

understanding of the Parties relating to the subject matter hereof and supersedes all prior

agreements and understandings relating to the subject matter hereof.

9.      The undersigned who executes this Stipulation, Agreement and Order by or on

behalf of each respective Party represents and warrants that he or she has been duly authorized

and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such

Party.

10.    This Stipulation, Agreement and Order may be executed  in counterparts, each of

which shall be deemed an original, but all of which together shall constitute one and the same

instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to

present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11.    This Stipulation, Agreement and Order shall not be modified, altered, amended or

vacated without the written consent of all Parties hereto or by further order of the Bankruptcy

Court.

12.    Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and

provisions of this Stipulation, Agreement and Order immediately shall be effective and

enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and

their respective affiliates, successors and, with respect to the Settlement Agreement, any

authorized assigns.

13.    This Stipulation, Agreement and Order shall be governed by, and construed in

accordance with, the laws of the State of New York, except to the extent that the Bankruptcy

Code applies, without regard to principles of conflicts of law that would require the application

of laws of another jurisdiction.

14.    The Bankruptcy Court shall retain jurisdiction to resolve any disputes or

controversies arising from this Stipulation, Agreement and Order.

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

Dated: January 3, 2019

By:   */s/* Garrett A. Fail
     Ray C. Schrock, P.C.
     Jacqueline Marcus
     Garrett A. Fail
     Sunny Singh
     Jessica Liou
     WEIL, GOTSHAL & MANGES LLP
     767 Fifth Avenue
     New York, NY 10153
     Telephone: (212) 310-8000
     Facsimile: (212) 310-8007

     *Attorneys for Debtors*
     *and Debtors in Possession*

Dated: January 3, 2019

By:   */s/* W. Austin Jowers
     W. Austin Jowers
     KING & SPALDING LLP
     1180 Peachtree Street
     Atlanta, Georgia 30309
     Telephone: (404) 572-2776
     Facsimile: (404) 572-5135

     *Attorney for HCOP*

Dated: January 3, 2019

By:   */s/* Bethany R. Turke
     Edward A. Wallace
     Bethany R. Turke
     Andrew D. Welker
     WEXLER WALLACE LLP
     55 West Monroe St., Suite 3300
     Chicago, IL 60603
     Telephone: (312) 346-2222
     Facsimile: (312) 346-0022

     Gregory F. Coleman
     Mark E. Silvey
     GREG COLEMAN LAW PC
     800 S. Gay Street, Suite 1100
     Knoxville, TN 37929
     Telephone: (865) 247-008

     Shanon J. Carson
     Michael T. Fantini
     Jeffrey L. Osterwise
     BERGER MONTAGUE PC
     1818 Market Street
     Philadelphia, PA 19103
     Telephone: (215) 875-3000

     *Attorneys for Movants*

It is SO ORDERED

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Dated:   January 11, 2019
     White Plains, New York

7

**<u>Exhibit A</u>**

**Settlement Agreement**