The Employment Law Firm
Cynthia L. Pollick, Esquire
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

Attorney for Karen Smith
*Pro Hac Vice*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:

SEARS HOLDING CORPORATION, et al.         Chapter 11

        Debtor s                         Case No.: 18-23538 (RDD)

                            (Jointly Administered)
                            Honorable Robert D. Drain
---------------------------------------------------------------x

## SECOND SUPPLEMENTAL AUTHORITY FOR OBJECTIONS TO DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY TO NON-DEBTOR PARTIES

     Second Supplemental Authority for Objections of Karen Smith, a Creditor herein, by her attorney Cynthia L. Pollick, Esquire, to Debtors' Motion to extend the automatic stay to certain non-debtor parties dated November 28, 2018, who represents to the Court and alleges:

     1.    Non-debtor, Sears Logistics, Inc, have alleged that Scott Walsh and Tim McCann were acting "outside the scope of their employment with Defendant". (See Attached State Answer filed by Sears Logistics, Inc., Scott Walsh and Tim McCann).

     2.    Non-debtor, Sears Logistics, Inc., has provided no proof of a letter agreement that was allegedly signed in 2017 and this action was started in 2015. *Smith v. Sears Logistics, Inc., et al.*, 13028-2015. Moreover, any agreement will not interfere with the prosecution of the state

action since it does not affect the Debtors in any way. The attorneys representing Non-debtors would be just as Creditor Smith is a creditor.

3. Consequently, there is no reason to extend the automatic stay to Non-Debtors in Creditor Karen Smith's state action.

WHEREFORE, it is respectfully requested that this Court deny Debtors' Motion dated November 28, 2018, and grant such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED:

By: /s Cynthia L. Pollick
Cynthia L. Pollick, Esquire
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
*Admitted Pro Hac Vice*

Dated: Pittston, PA
January 14, 2019

**JACKSON LEWIS P.C.**
Andrew D. La Fiura (PA I.D. 307891)
Alacoque Hinga Nevitt (PA I.D. 310072)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, Pennsylvania 19102
Tel: (267) 319-7802
Fax: (215) 399-2249
ATTORNEYS FOR DEFENDANTS

| | |
|---|---|
| KAREN SMITH<br><br>Plaintiff,<br><br>v.<br><br>SEARS LOGISTICS SERVICES, INC., TIM MCCANN and SCOTT WALSH,<br><br>Defendants. | IN THE COURT OF COMMON PLEASE OF LUZERNE COUNTY<br><br>CIVIL ACTION - LAW<br><br>CASE NO. 13028-2015 |

## DEFENDANTS' ANSWER AND NEW MATTER TO PLAINTIFF'S COMPLAINT

Defendants Innovel Solutions, Inc. (improperly named in the complaint as Sears Logistics Services, Inc.), Tim McCann, and Scott Walsh (collectively "Defendants"), by and through their attorneys, Jackson Lewis P.C., for their answer to the Complaint of Plaintiff Karen Smith ("Plaintiff"), states as follows:

1. Defendants admit only that Plaintiff was hired in 1994. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2. The allegations contained in Paragraph 2 are legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 2 require a response, they are denied.

3.  The allegations contained in Paragraph 3 are legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 3 require a response, they are denied.

4.  The allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 4 require a response, they are denied.

5.  The allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 5 require a response, they are denied.

6.  The allegations contained in Paragraph 6 are legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 6 require a response, they are denied.

**COUNT 1**
**FALSE LIGHT & DEFAMATION**
**PLAINTIFF V. DEFENDANTS**

7.  Defendants incorporate by reference their responses to Paragraphs 1-6 as if set forth at length herein.

8.  Denied.

9.  Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. The allegations contained in Paragraph 14 are not directed to Defendants and therefore, no response is required. To the extent the allegations contained in Paragraph 14 require a response, they are denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

WHEREFORE, Defendants respectfully request that this Court:

    a. Dismiss the Complaint in its entirety;

    b. Deny each and every demand, claim and prayer for relief contained in the Complaint;

    c. Award to Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

    d. Grant such other and further relief as the Court may deem just and proper.

## NEW MATTER

### FIRST DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by Pennsylvania's Workers' Compensation Law.

## THIRD DEFENSE

Defendants acted reasonably and in good faith at all times.

## FOURTH DEFENSE

Defendants are liable for no damages, including punitive damages.

## FIFTH DEFENSE

None of Defendants' alleged actions were willful, malicious, deliberate or outrageous.

## SIXTH DEFENSE

Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with our without notice.

## SEVENTH DEFENSE

Each and every action taken by Defendants with respect to Plaintiff was justified by business necessity.

## EIGHTH DEFENSE

Assuming any of the allegations in the Complaint are true, they are attributable to individuals acting outside the scope of their employment with Defendant.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## TENTH DEFENSE

The statements complained of do not constitute defamation or defamation per se.

## ELEVENTH DEFENSE

Any statements made about Plaintiff were true or substantially true.

### TWELFTH DEFENSE

Plaintiff fails to state a claim for defamation.

### THIRTEENTH DEFENSE

Plaintiff fails to state a claim for false light.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred because there was no publication by Defendants of, and no publicity of, any statements or representations about or concerning Plaintiff.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred because there was no publication of false information, no knowledge of falsity, no reckless disregard for the truth, and no actual malice on the part of Defendants. Defendants had reasonable belief that every statement they made concerning Plaintiff was true.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred because any and all statements or representations made by Defendants to third parties about or concerning Plaintiff were made pursuant to Defendants' conditional, qualified, or absolute privilege or immunity.

### SEVENTEENTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of fair comment.

### EIGHTEENTH DEFENSE

Plaintiff's claims and/or recovery of damages are barred due to her own misconduct.

Defendants reserve the right to amend their answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for investigation and appropriate discovery.

        Respectfully submitted,

        **JACKSON LEWIS P.C.**

        */s/ Alacoque Hinga Nevitt*
        Andrew D. La Fiura (PA I.D. 307891)
        Alacoque Hinga Nevitt (PA I.D. 310072)
        Three Parkway
        1601 Cherry Street, Suite 1350
        Philadelphia, Pennsylvania 19102
        Tel: (267) 319-7802
        Fax: (215) 399-2249
        andrew.lafiura@jacksonlewis.com
        alacoque.nevitt@jacksonlewis.com

        Attorneys for Defendants

Dated: January 26, 2016

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

JACKSON LEWIS P.C.

*/s/ Alacoque Hinga Nevitt*
Andrew D. La Fiura (PA I.D. 307891)
Alacoque Hinga Nevitt (PA I.D. 310072)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, Pennsylvania 19102
Tel: (267) 319-7802
Fax: (215) 399-2249
andrew.lafiura@jacksonlewis.com
alacoque.nevitt@jacksonlewis.com

Attorneys for Defendants

Dated: January 26, 2016

4813-3483-1660, v. 2

7