WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, et al.,                          :    Case No. 18-23538 (RDD)
                                                             :
                    Debtors.¹                                :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION REGARDING MOTION OF DEBTORS FOR AUTHORITY TO ENTER INTO POSTPETITION INSURANCE PROGRAM WITH INSURANCE AFFILIATES OF AMERICAN INTERNATIONAL GROUP, INC.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On December 5, 2018 the Debtors filed the *Motion of Debtors for Authority to Enter Into Postpetition Insurance Program with Insurance Affiliates of American International Group, Inc.* [ECF No. 1448] (the "**Motion**").

2. The Debtors served the Motion as reflected in the affidavit of service filed at ECF No. 1482.

3. The Motion established a deadline (the "**Objection Deadline**") for parties to object or file responses to the Motion for January 11, 2019 at 4:00 p.m. (prevailing Eastern Time). The *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

4. The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading, or request for a hearing with respect to the Motion has been (a)

2

filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors.

5. Accordingly, the Debtors respectfully request that the proposed order granting the relief requested in the Motion, annexed hereto as **Exhibit A**, be entered in accordance with the Amended Case Management Order. A redline of the proposed order marked against the version filed with the Motion is annexed hereto as **Exhibit B**, which reflects non-substantive edits to the proposed order.

I declare that the foregoing is true and correct.

Dated: January 15, 2019
      New York, New York

                                           */s/ Sunny Singh*
                                           WEIL, GOTSHAL & MANGES LLP
                                           767 Fifth Avenue
                                           New York, New York  10153
                                           Telephone:  (212) 310-8000
                                           Facsimile:   (212) 310-8007
                                           Ray C. Schrock, P.C.
                                           Jacqueline Marcus
                                           Garrett A. Fail
                                           Sunny Singh
                                           Jessica Liou

                                           *Attorneys for Debtors*
                                           *and Debtors in Possession*

## Exhibit A

**Proposed Order**

WEIL:\96871450\1\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                             :
                                                                                     :     **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al*.,          :
                                                                                     :     **Case No. 18-23538 (RDD)**
                                                                                     :
                    Debtors.[1]                                             :     **(Jointly Administered)**
------------------------------------------------------------x

**ORDER AUTHORIZING**
**DEBTORS TO ENTER INTO POSTPETITION INSURANCE PROGRAM**
**WITH INSURANCE AFFILIATES OF AMERICAN INTERNATIONAL GROUP, INC.**

Upon the motion, dated December 28, 2018 (ECF No. 1448) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105, 363, and 364 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to enter into a postpetition insurance program with certain affiliates of American International Group, Inc. ("**AIG**"), extend and renew the program with AIG or any other insurer,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

in the ordinary course of business, and post any collateral in connection therewith, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and no objection having been filed and the Debtors having submitted a certificate of no objection, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.   The Motion is granted to the extent set forth herein.

2.   The Debtors are authorized and directed to enter into and perform under the AIG Insurance Program, to execute and deliver all documents, agreements, or amendments related thereto and perform thereunder.

3.   The Debtors are authorized and directed to pay their obligations under the AIG Insurance Program, including, without limitation, premium and losses, in the ordinary course of business, in accordance with the relevant terms of the AIG Insurance Program including any provision for minimum earned premium, without further order of the Court. The

Debtors shall also consent to non-renewal of the AIG policies at the expiration of each such policy.

    4.  Subject to the terms of paragraph five (5) of the Final Insurance Order, the Debtors are authorized to agree to future amendments, renewals, extensions of AIG Insurance Program or agree to new policies with AIG or any other insurer in the ordinary course of business (and pay any amounts in connection therewith), including policies and programs that require collateral, and to amend, addend, renew, extend or enter into related agreements, agree to and provide any collateral and/or security in connection therewith in the ordinary course of business, and to take other actions in the ordinary course of business, in order to effectuate such transactions without further order of the Bankruptcy Court.

    5.  In the event of a default by the Debtors under the AIG Insurance Program, AIG may exercise all contractual rights in accordance with the terms of the AIG Insurance Program without further order of the Court, including, without limitation, its rights to (i) cancel the AIG Insurance Program, (ii) draw or make demand on any letter of credit or surety bond, and (iii) receive and apply the unearned or returned premiums to the Debtors' outstanding obligations to AIG.

    6.  The obligations under the AIG Insurance Program (regardless of whether all or any part of such obligations are liquidated before or after confirmation of a plan or conversion of one or more of the pending cases to chapter 7) shall be administrative obligations entitled to priority under section 503(b) of the Bankruptcy Code and shall be paid on the earlier of the due date or thirty days from the date billed. No additional proof of claim or request for payment of administrative expenses need be filed by AIG. AIG shall be exempt from any bar

3

date that may be issued for the filing of any proof of claim or administrative claim relating to the AIG Insurance Program.

7. Subject to the terms of the AIG Insurance Program, AIG may adjust, settle and pay insured claims, utilize funds provided for that purpose, and otherwise carry out the terms and conditions of the AIG Insurance Program and the Approval Motions to be filed, without further order of the Court.

8. The Debtors shall comply with requests by AIG to seek Approval Motions and AIG may request such motions be filed prior to any particular payment to or on behalf of any non-workers compensation claimants.

9. ALAE payments under any and all policies, and all other expense covered by any of the policies, may be paid by AIG in the ordinary course of business without further order of this Court.

10. The AIG Insurance Program shall be binding on all successor and assigns, including, without limitation, any trustee or liquidating trustee, and may not be altered by any plan of reorganization filed or confirmation order entered in these chapter 11 cases and shall survive any confirmed plan of reorganization.

11. The Debtors shall reimburse AIG for its reasonable and necessary legal fees and expenses incurred in connection with the AIG Insurance Program, including in connection with obtaining the approval of this Order and approval of the Approval Motions.

12. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash

collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

13. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                       :
                                                            :    Case No. 18-23538 (RDD)
                                                            :
Debtors.[1]                                                 :    (Jointly Administered)
------------------------------------------------------------x

## ORDER AUTHORIZING
## DEBTORS TO ENTER INTO POSTPETITION INSURANCE PROGRAM
## WITH INSURANCE AFFILIATES OF AMERICAN INTERNATIONAL GROUP, INC.

Upon the motion, dated December 28, 2018 (ECF No. [——]1448) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105, 363, and 364 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

authorizing the Debtors to enter into a postpetition insurance program with certain affiliates of American International Group, Inc. ("**AIG**"), extend and renew the program with AIG or any other insurer, in the ordinary course of business, and post any collateral in connection therewith, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and ~~the Court having held a hearing to consider the relief requested in the Motion on January 18, 2019 (the "**Hearing**"); and upon the record of the Hearing~~<ins>no objection having been filed and the Debtors having submitted a certificate of no objection</ins>, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted to the extent set forth herein.

2.     The Debtors are authorized and directed to enter into and perform under the AIG Insurance Program, to execute and deliver all documents, agreements, or amendments related thereto and perform thereunder.

~~WEIL:\96871391\1\73217.0004~~<ins>WEIL:\96871391\2\73217.0004</ins>

3. The Debtors are authorized and directed to pay their obligations under the AIG Insurance Program, including, without limitation, premium and losses, in the ordinary course of business, in accordance with the relevant terms of the AIG Insurance Program including any provision for minimum earned premium, without further order of the Court. The Debtors shall also consent to non-renewal of the AIG policies at the expiration of each such policy.

4. Subject to the terms of paragraph five (5) of the Final Insurance Order, the Debtors are authorized to agree to future amendments, renewals, extensions of AIG Insurance Program or agree to new policies with AIG or any other insurer in the ordinary course of business (and pay any amounts in connection therewith), including policies and programs that require collateral, and to amend, addend, renew, extend or enter into related agreements, agree to and provide any collateral and/or security in connection therewith in the ordinary course of business, and to take other actions in the ordinary course of business, in order to effectuate such transactions without further order of the Bankruptcy Court.

5. In the event of a default by the Debtors under the AIG Insurance Program, AIG may exercise all contractual rights in accordance with the terms of the AIG Insurance Program without further order of the Court, including, without limitation, its rights to (i) cancel the AIG Insurance Program, (ii) draw or make demand on any letter of credit or surety bond, and (iii) receive and apply the unearned or returned premiums to the Debtors' outstanding obligations to AIG.

6. The obligations under the AIG Insurance Program (regardless of whether all or any part of such obligations are liquidated before or after confirmation of a plan or conversion of one or more of the pending cases to chapter 7) shall be administrative obligations

3

entitled to priority under section 503(b) of the Bankruptcy Code and shall be paid on the earlier of the due date or thirty days from the date billed.  No additional proof of claim or request for payment of administrative expenses need be filed by AIG.  AIG shall be exempt from any bar date that may be issued for the filing of any proof of claim or administrative claim relating to the AIG Insurance Program.

7. Subject to the terms of the AIG Insurance Program, AIG may adjust, settle and pay insured claims, utilize funds provided for that purpose, and otherwise carry out the terms and conditions of the AIG Insurance Program and the Approval Motions to be filed, without further order of the Court.

8. The Debtors shall comply with requests by AIG to seek Approval Motions and AIG may request such motions be filed prior to any particular payment to or on behalf of any non-workers compensation claimants.

9. ALAE payments under any and all policies, and all other expense covered by any of the policies, may be paid by AIG in the ordinary course of business without further order of this Court.

10. The AIG Insurance Program shall be binding on all successor and assigns, including, without limitation, any trustee or liquidating trustee, and may not be altered by any plan of reorganization  filed or confirmation order entered in these chapter 11 cases and shall survive any confirmed plan of reorganization.

11. The Debtors shall reimburse AIG for its reasonable and necessary legal fees and expenses incurred in connection with the AIG Insurance Program, including in connection with obtaining the approval of this Order and approval of the Approval Motions.

WEIL:\96871391\1\73217.0004WEIL:\96871391\2\73217.0004

12. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

13. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
 White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litéra® Change-Pro TDC 10.1.0.800 Document comparison done on 1/12/2019 12:59:23 PM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://WEILDMS/WEIL/96871391/1 ||
| **Modified DMS:** iw://WEILDMS/WEIL/96871391/2 ||
| **Changes:** ||
| Add | 4 |
| Delete | 4 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 8 |