**Law Offices of Leo B. Dubler, III, LLC**
20000 Horizon Way, Suite 300
Mount Laurel, NJ 08054
(856) 235-7075
By: Leo B. Dubler, III, Esquire (Attorney I.D. #: 030071993)
ATTORNEY FOR PLAINTIFF SUZANNE MERCADO

| | |
|---|---|
| In re:<br><br>Kmart Corporation,<br><br>Debtor<br><br>SUZANNE MERCADO,<br><br>Plaintiff,<br><br>v.<br><br>KMART CORPORATION,<br><br>Defendant. | UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>**Chapter 11**<br><br>**Case No.: 18-23538**<br><br>**NOTIE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

To: Jaqueline Marcus
    Weil, Gothshal, and Manges LLP
    767 Fifth Avenue
    New York, New York 10153

PLEASE TAKE NOTICE that on Tuesday, February 5, 2019 at 9:00 a.m. or as soon thereafter as counsel may be heard, the undersigned, attorney for Plaintiff, will move before the United States Bankruptcy Court, Southern District of New York, for an Order for Relief from The Automatic Stay. Reliance shall be placed upon the attached Certification of Counsel. A proposed form of Order is enclosed. Oral argument is not requested unless timely opposition is received.

                                            **Law Offices of Leo B. Dubler, III, LLC**
                                            Attorney for Plaintiff Suzanne Mercado

Date: January 15, 2019                        _/s/ Leo B. Dubler, III_
                                                             Leo B. Dubler, III

**Law Offices of Leo B. Dubler, III, LLC**
20000 Horizon Way, Suite 300
Mount Laurel, NJ 08054
(856) 235-7075
Attorney I.D. #: 030071993
ATTORNEY FOR PLAINTIFF SUZANNE MERCADO

| | |
|---|---|
| In re:<br><br>    Kmart Corporation,<br><br>                  Debtor<br>........................................................<br>SUZANNE MERCADO,<br><br>                  Plaintiff,<br>v.<br><br>KMART CORPORATION,<br><br>                  Defendant. | UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>**Chapter 11**<br><br>**Case No.: 18-23538**<br><br>**CERTIFICATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

I, Leo B. Dubler III, Esquire, do hereby certify and state:

1. I am an attorney at law in the State of New Jersey and represent Plaintiff Suzanne Mercado in the above-referenced matter. As such, I am fully familiar with the facts of this case.

2. I represent the Credit/Plaintiff, Suzanne Mercado ("Plaintiff"), who filed a negligence action for personal injury against Debtor/Defendant Kmart Corporation in New Jersey Superior Court. Please See attached as **Exhibit A**, a filed copy of Suzanne's Complaint.

2. Plaintiff is filing this motion for relief from the automatic stay entered into the underlying civil proceeding. Please See attached as **Exhibit B**, the Order of Disposition On Account of Bankruptcy Proceeding.

3. Pursuant to the civil court's Order of Disposition, Plaintiff is requesting relief from the automatic stay, which is justified on two grounds.

5. First, Plaintiff's claim is only seeking proceeds from Defendant Kmart Corporation's ("Kmart") insurance policies that cover premises liability.

6. Plaintiff is willing to enter into a stipulation and/or agreement that she will only pursue the proceeds of any applicable insurance policies/self-insurance funds, without pursuing the Debtor's other assets.

7. In addition, the relative size of Plaintiff's personal injury claim is small compared to the overall assets of Kmart Corporation.

8. Because of the fact it is a claim for insurance proceeds, and because of the size of the claim in comparison to Kmart's assets, Plaintiff's claim can continue without disrupting the bankruptcy proceedings.

9. Based upon all of the above, it is respectfully requested that the Court enter an Order Granting Plaintiff Relief from the Automatic Stay.

I certify that the foregoing statements made by me are true. I am aware that if any of the above is willfully false, I am subject to punishment.

**Law Office of Leo B. Dubler, III, LLC**
Attorney for Plaintiff/Creditor Suzanne Mercado

By: _____
Leo B. Dubler III

Dated: January 15, 2019

2

# EXHIBIT A

**Law Offices of Leo B. Dubler, III, LLC**
20000 Horizon Way, Suite 300
Mt. Laurel, New Jersey 08054
(856) 235-7075
By: Leo B. Dubler, III, Esquire (Attorney I.D. #: 030071993)
ATTORNEY FOR PLAINTIFF SUZANNE MERCADO

| | |
|---|---|
| SUZANNE MERCADO,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Kmart CORPORATION,<br>JOHN DOES 1-10,<br>and ABC COMPANIES 1-10,<br>jointly, severally, and in the alternative,<br><br>　　　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>**Docket No.: ATL-L-**<br><br>**COMPLAINT AND<br>JURY DEMAND** |

The Plaintiff, Suzanne Mercado, residing in Mays Landing, located within the Township of Hamilton, County of Atlantic and State of New Jersey, complaining against the Defendants, Kmart Corporation, John Does 1-10, and ABC Companies 1-10, says:

### FIRST COUNT

1. On or about November 2, 2016, and for a period of time prior thereto, Defendant Kmart Corporation ("Kmart") owned, operated, and controlled a business establishment in the form of a retail store known as Kmart, located in Somers Point, New Jersey.

2. On or about November 2, 2016, Plaintiff, Suzanne Mercado ("Suzanne"), was a business invitee at Kmart.

3. On November 2, 2016, while a business invitee of Defendant Kmart, Suzanne was caused to slip and fall on a wet floor at Kmart in Somers Point, New Jersey, which caused her damages, injuries, and losses.

4.     Defendant Kmart failed to maintain their premises in a reasonable manner; failed to keep their premises safe for business invitees such as Suzanne; knew or should have known of the dangerous condition and failed to take steps to remedy the situation; failed to make proper inspections of their premises; negligently created a dangerous condition; negligently allowed a dangerous condition to exist; failed to give notice or warning of such dangerous conditions to its customers and business invitees, including Suzanne; negligently and carelessly supervised the work of its employees, servants and agents; negligently and carelessly hired employees; negligently and carelessly failed to supervise managers, contractors, and subcontractors; negligently and carelessly failed to supervise and inspect other entities with which they had contracts; negligently and carelessly performed their jobs; and other such acts of negligence and carelessness as shall be determined through pre-trial discovery.

5.     As a result of the aforesaid negligence and carelessness of Defendant Kmart, Suzanne was caused to sustain personal injuries, damages and losses.

WHEREFORE, Plaintiff Suzanne Mercado demands judgment against Defendant Kmart Corporation, jointly, severally, and in the alternative, for damages, interest and costs of suit.

## SECOND COUNT

6.     Plaintiff Suzanne Mercado repeats and incorporates all of the facts and all of the paragraphs of the First Count of the Complaint as if set forth at length herein.

7.     Defendant John Does 1-10 are the fictitious names of real individuals (male and female) the real names of which are currently unknown.

2

8. Defendant ABC Companies 1-10 are the fictitious names of business entities (such as companies, partnerships, corporations, limited liability companies, joint ventures, sole proprietorships, etc.,) the real names of which are currently unknown.

9. At all relevant times herein, Defendants John Does 1-10 and ABC Companies 1-10 owned, operated, or maintained Kmart.

10. At all relevant times herein, Defendants John Does 1-10 and ABC Companies 1-10 supervised, managed, and/or controlled Kmart at which Suzanne was injured.

11. At all relevant times herein, Defendants John Does 1-10 and ABC Companies 1-10 negligently and carelessly failed to maintain their premises in a reasonable manner; failed to keep their premises safe for business invitees such as Suzanne; failed to make proper inspections of their premises; negligently created a dangerous condition; negligently allowed a dangerous condition to exist; failed to give notice or warning of such dangerous conditions to their customers and business invitees, including Suzanne; knew or should have known of the dangerous condition but failed to take steps to remedy the situation; negligently and carelessly supervised the work of their employees, servants and agents; negligently and carelessly hired employees; negligently and carelessly failed to supervise managers, contractors, and subcontractors; negligently and carelessly failed to supervise and inspect other individuals and entities with which they had contracts; negligently and carelessly performed their jobs; and other such acts of negligence and carelessness as shall be determined through pre-trial discovery.

12. As a result of the aforesaid negligence and carelessness of Defendants John Does 1-10 and ABC Companies 1-10, Suzanne was caused to sustain personal injuries, damages and losses.

3

WHEREFORE, Plaintiff Suzanne Mercado gereby demands judgment against Defendants Kmart Corporation, John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages, interest and costs of suit.

### JURY DEMAND

The Plaintiff hereby requests a trial by jury as to all issues referred to in the Complaint.

### CERTIFICATION

I certify that this matter is not the subject of any pending law suit or arbitration. I further certify that no other parties should be joined in this matter.

### DEMAND FOR ANSWERS TO INTERROGATORIES

It is hereby demanded that each Defendant provide Certified Answers to Form C and Form C (2) Interrogatories found in Appendix II of the Rules Governing the Courts of the State of New Jersey within the time prescribed by the Court Rules.

**Law Offices of Leo B. Dubler, III, LLC**
Attorney for Plaintiffs Suzanne Mercado

_/s/ Leo B. Dubler, III_
Leo B. Dubler, III

Dated: October 26, 2018

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-002634-18**

**Case Caption:** MERCADO SUZANNE VS KMART CORPORATION
**Case Initiation Date:** 10/26/2018
**Attorney Name:** LEO BERNARD DUBLER III
**Firm Name:** LEO B. DUBLER, III
**Address:** 20000 HORIZON WAY SUITE 300
MT LAUREL NJ 08054
**Phone:**
**Name of Party:** PLAINTIFF : Mercado, Suzanne
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  If yes, please identify the requested accommodation:

**Will an interpreter be needed?** NO
  If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/26/2018                                              /s/ LEO BERNARD DUBLER III
Dated                                                                            Signed

# EXHIBIT B

# EXHIBIT B

**FILED**

**Prepared and filed by the Court:**

NOV 16 2018

**JOHN C. PORTO, J.S.C.**

| Suzanne Mercado |
| Plaintiff |
| Vs. |
| KMART Corporation |
| Defendant |

**SUPERIOR COURT OF NEW JERSEY**
Law Division Atlantic County
Docket Number: ATL-L-2634-18

Civil Action Order of Disposition
On Account of Bankruptcy
Proceeding

The court has been advised that **KMART Corporation**, (the Debtor(s)), has/have filed a petition in bankruptcy. Accordingly, all claims pending herein by/against such petitioner in bankruptcy are dismissed, without prejudice and without costs, subject to restoration as allowed for below.

Unless the bankruptcy court has previously addressed the issue, any party making claim against the petitioner in bankruptcy must, within 60 days from the date of this order, file a formal application in the bankruptcy court to obtain permission to proceed with this matter, subject to any terms or conditions that the bankruptcy court may impose. Then, within 30 days after receiving such permission to proceed from the bankruptcy court, either the debtor or the party making claims against the debtor must file a formal motion to vacate this **Order of Disposition on Account of Bankruptcy Proceeding** and to restore to the active calendar all claims by and/or against the debtor. Failure of either the debtor and/or the party claiming against the debtor to follow the procedure outlined above shall be considered as a waiver of all rights to proceed under this caption.

Additionally, formal application shall be made, **no later than 60 days** after the pending bankruptcy proceedings are concluded, to vacate this **Order of Disposition on Account of Bankruptcy Proceeding** and restore the claim (s) made by and/or against the debtor if the pending bankruptcy proceeding do not fully dispose of all claims between the parties and either the debtor and/or the claimant then still wishes to pursue this matter under this caption. Again, failure to timely follow the above procedure shall be considered as a waiver of all rights to proceed by and/or against the debtor under this caption.

Please note: **This order dismisses the entire matter without prejudice**, pending the disposition of the bankruptcy proceeding. Counsel for the debtor or the debtor is hereby directed to serve a copy of this order on all other parties/counsel within seven (7) days of receipt of this order.

Date: 11/16/18

John C. Porto, J.S.C.

## Law Offices of Leo B. Dubler, III, LLC
20000 Horizon Way, Suite 300
Mount Laurel, NJ 08054
(856) 235-7075
Attorney I.D. #:
ATTORNEY FOR PLAINTIFF SUZANNE MERCADO

| | |
|---|---|
| In re:<br><br>    Kmart Corporation,<br><br>                    Debtor<br><br>SUZANNE MERCADO,<br><br>                    Plaintiff,<br><br>v.<br><br>KMART CORPORATION,<br><br>                  Defendant. | UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>**Chapter 11**<br><br>**Case No.: 18-23538**<br><br><br>**ORDER** |

This matter having come before the Court on application of Leo B. Dubler III, Esquire of The Law Offices of Leo B. Dubler, III, LLC, attorneys for Plaintiff Suzanne Mercado, with notice having been given to Jaqueline Marcus, Esquire, of Weil, Gothshal & Manges LLP, attorneys for Defendant/Debtor Kmart Corporation; and the Court having considered the moving papers, any opposition thereto, and for good cause shown,

It is on this _____ day of _____, 2019, **ORDERED AND ADJUDGED** that the Plaintiff's motion to for Relief from the Automatic Stay is hereby **GRANTED**, and Plaintiff is permitted to proceed in the underlying civil matter; and

It is further **ORDERED AND ADJUDGED** that a copy of this Order is to be served on all parties within _____ days of the date of this Order.

_____
,

**( ) OPPOSED**
**( ) UNOPPOSED**

# Law Offices of Leo B. Dubler, III, LLC
20000 Horizon Way, Suite 300
Mount Laurel, NJ 08054
By: Leo B. Dubler, III, Esquire (Attorney I.D. #: 030071993)
ATTORNEY FOR PLAINTIFF SUZANNE MERCADO

| | |
|---|---|
| In re:<br><br>　　　　Kmart Corporation,<br><br>　　　　　　　Debtor<br><br>------------------------------<br><br>SUZANNE MERCADO,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KMART CORPORATION,<br><br>　　　　　　　Defendant. | UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>**Chapter 11**<br><br>**Case No.: 18-23538**<br><br><br>**MAILING CERTIFICATE** |

1. I, the undersigned, am an employee with The Law Offices of Leo B. Dubler, III, LLC, attorneys for the Plaintiff in the above-captioned matter.

2. On January 15, 2019, I served via CM/ECF e-filing a Notice of Motion, Certification of Counsel, this Mailing Certificate, and a proposed form of Order to:

Clerk<br>
<b>United States Bankruptcy Court</b><br>
District of New Jersey<br>
Mitchell H. Cohen U.S. Courthouse<br>
401 Market Street<br>
Camden, NJ 08101

3. On January 15, 2019, I served via e-filing and regular mail a copy of a Notice of Motion, Certification of Counsel, letter to clerk, this Mailing Certificate, Certificate of Noncompliance, and proposed form of Order to:

Jacqueline Marcus
Weil Gotshal & Manges, LLP
767 Fifth Avenue,
New York, New York 10153
Jacqueline.marcus@weil.com

    I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Valerie Cunnane

Dated: January 15, 2019