Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to Perlene Haley
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

**Hearing Date: February 14, 2019**
**Time: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:                                                                    Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,                  Case No. 18-23538 (RDD)

                                   Debtors.
--------------------------------------------------------x

**NOTICE OF MOTION OF PERLENE HALEY FOR AN ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE**, that upon the annexed application dated January 15,

2019, Perlene Haley, by and through her undersigned counsel, will move this Court before the

Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy

Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York

10601, on February 14, 2019 at 10:00 a.m., or as soon thereafter as counsel may be heard, for entry

of an Order, pursuant to 11 U.S.C. § 362(d)(1) and Rule 4001 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), modifying the automatic stay arising in these chapter 11

cases so as to permit the continuation of a certain action pending in the Circuit Court of Shelby

County, Tennessee, Thirteenth Judicial District at Memphis, entitled *Perlene Haley v. Sears,*

*Roebuck & Company*, Docket No. CT-000853-18, Div. VII, and granting such other and further

relief as this Court may deem just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall

(i) be made in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure and the Local

Rules for United States Bankruptcy Court for the Southern District of New York, (iii) set forth the name of the objecting party, the nature and amount of any claim or interest held or asserted against the Debtor's estate or property, the basis for the objection and the specific grounds therefor, (iv) be filed with the Court with a copy to the chambers of Honorable Robert D. Drain, together with proof of service thereof, and (v) be served in a manner so as to be received by Pick & Zabicki LLP, 369 Lexington Avenue, 12th Floor, New York, New York 10017, Attn.: Eric C. Zabicki, Esq., not later than February 17, 2014 at 4:00 p.m. (Prevailing Eastern Time).

Dated: New York, New York
　　　　January 15, 2019

**PICK & ZABICKI LLP**
Counsel to Perlene Haley

By: _____
　　　Eric C. Zabicki
　　　369 Lexington Avenue, 12th Floor
　　　New York, New York 10017
　　　(212) 695-6000

Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to Perlene Haley
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                          Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,                          Case No. 18-23538 (RDD)

                                    Debtors.
-----------------------------------------------------------x

## APPLICATION OF PERLENE HALEY IN SUPPORT OF AN
## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

   Perlene Haley ("Movant"), by and through her undersigned counsel, submits this

application in support of the entry of an Order, pursuant to § 362(d)(1) of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), granting relief from the automatic stay arising in these chapter 11 cases

commenced by debtors Sears Holdings Corporation, *et al.* (collectively, the "Debtors"), so as to

permit the continuation of a certain State Court Action (hereinafter defined) (the "Motion"), and

respectfully represents and alleges as follows:

### BACKGROUND

   1. On February 26, 2017, Movant suffered severe injuries to her head, face and

brain when a stove which had been designed by, purchased from and/or installed by one or more

of the Debtors tipped over and struck her.

2.      On February 26, 2018, Movant commenced an action in the Circuit Court of Shelby County, Tennessee, Thirteenth Judicial District at Memphis (the "State Court"), against (among others) debtors Sears, Roebuck & Co., Sears Home Improvement Products, Inc., and Sears Holdings Corporation (collectively, the "Debtor Defendants") entitled *Perlene Haley v. Sears, Roebuck & Company*, Docket No. CT-000853-18, Div. VII (the "State Court Action"), seeking to recover compensatory and punitive damages on account of her injuries based upon causes of action sounding in products liability, negligence, recklessness, strict liability, breach of warranty, and breach of or failure to discharge a duty to warn or instruct.   A copy of Movant's Complaint is attached hereto as *Exhibit "A"* (the "Complaint").   The crux of the Complaint is that the defendants in the State Court Action were aware that the stove had been defectively designed and was unreasonably dangerous in that it had a propensity to tip forward.   Defendants nevertheless sold the stove and installed same in Movant's home without a safety bracket that would have prevented it from tipping forward.

3.      On August 2, 2018, the Debtor Defendants filed their joint Answer disputing Movant's entitlement to the relief requested in the Complaint and further asserting various affirmative defenses.   A copy of said Answer is attached hereto as *Exhibit "B"*.   Movant is not presently certain as whether any insurance coverage exists which might provide for the Debtor Defendants' defense in the State Court Action and/or which might be available to satisfy all or any portion of a judgment entered in favor of Movant as against the Debtor Defendants in connection with the State Court Action.[1]   However, Movant believes that such insurance coverage likely exists.

---

[1] Unlike most states, Tennessee discovery laws do not mandate the disclosure of insurance information in typical personal injury or wrongful death cases.

2

4.    On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court and Orders for Relief were entered.   On October 19, 2018, the Debtor Defendants filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay in the State Court Action.   A copy of said Notice (without exhibits) is attached hereto as *Exhibit "C"*.   There have been no further proceedings in the State Court Action since that time.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory predicates for the relief requested herein are § 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001.

## RELIEF REQUESTED

6.    By this Motion, Movant seeks relief from the automatic stay so as to permit the continuation of the State Court Action through the entry of judgment (and any related appeal) and Movant's recovery from the proceeds of any related insurance policy.   The enforcement of any judgment will continue to be stayed as against the Debtor Defendants to the extent that the judgment amount exceeds any available insurance coverage.

7.    In this regard, § 362(d)(1) of the Bankruptcy Code provides, in relevant part, that:

> (d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1)    *for cause*, including the lack of adequate protection of an interest in property of such party in interest;

3

8.     The Bankruptcy Code does not define the term "cause" however, the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances." In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) (*quoting* H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44, *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300).    The burden of proof on a motion seeking modification of the automatic stay is a shifting one: the movant has the initial burden of showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence. In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999).

9.     The Second Circuit has articulated the following twelve (12) factors which the bankruptcy court must weigh upon a request for relief from the automatic stay in order to continue litigation in another forum:

(i)     whether relief would result in a partial or complete resolution of the issues;

(ii)    lack of any connection with or interference with the bankruptcy case;

(iii)   whether the other proceeding involves the debtor as a fiduciary;

(iv)    whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(v)     whether the debtor's insurer has assumed full responsibility for defending it;

(vi)    whether the action primarily involves third parties;

(vii)   whether litigation in another forum would prejudice the interests of other creditors;

(viii)  whether the judgment claim arising from the other action is subject to equitable subordination;

(ix)    whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

4

(x)     the interests of judicial economy and the expeditious and economical resolution of litigation;

(xi)    whether the parties are ready for trial in the other proceeding; and

(xii)   impact of the stay on the parties and the balance of harms.

Sonnax, 907 F.2d at 1286.   Only those factors that are relevant to a particular case need be considered and the court need not assign them equal weight.   In re Keene Corp., 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).   When applying these factors the court "should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate."   Id.   As such, "cause" may be established by the demonstration of a single factor. In re Drexel Burnham Lambert Group, Inc., 113 B.R. 830, 838 n8 (Bankr. S.D.N.Y. 1990).

10.     Turning to the instant case, Movant respectfully submits that "cause" exists for a modification of the automatic stay so as to permit the immediate continuation of the State Court Action as substantially all of the relevant Sonnax factors favor such a modification:

(i)     whether relief would result in a partial or complete resolution of the issues;

- Permitting Movant to proceed with the State Court Action will result in a complete resolution of the Debtor Defendants' (as well as their non-debtor co-defendants') alleged liability for Movant's injuries and will also conclusively establish the damages to which Movant is entitled on account of said injuries (thereby liquidating Movant's claims against the Debtor Defendants' respective estates).

(ii)    lack of any connection with or interference with the bankruptcy case;

- Again, while she is not certain at this time, Movant believes that it is highly likely that the Debtor Defendants have available insurance coverage with regard to Movant's claims asserted in the State Court Action, providing a third-party payment source for both the Debtor Defendants' defense costs and to satisfy all or a portion of any judgment that might be entered in Movant's favor.  Additionally, the enforcement of any judgment will continue to be stayed as against the Debtor Defendants to the extent that the judgment amount exceeds any available insurance coverage.  As such,

5

continuation of the State Court Action would not result in any interference with these chapter 11 cases.

(iii)    whether the other proceeding involves the debtor as a fiduciary;

- The State Court Action does not involve the Debtor Defendants as a fiduciary.

(iv)    whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

- Respectfully, the State Court is better equipped than this Court to hear and determine Movant's tort claims at issue in the State Court Action. All of said claims arise under Tennessee law. The State Court, and the jury to be assembled for trial, possess the necessary expertise and are well suited to fully resolve the State Court Action.

(v)    whether the debtor's insurer has assumed full responsibility for defending it;

- Again, it is highly likely that the Debtor Defendants have available insurance coverage with regard to Movant's claims asserted in the State Court Action. The Debtor Defendants can confirm whether or not this is the case.

(vi)    whether the action primarily involves third parties;

- The State Court Action involves a number of non-debtor defendants/tortfeasors (*e.g.,* Next Step Home Inspections, LLC, Electrolux Home Products, Inc., etc.). Also, to the extent that the Debtor Defendants have available insurance coverage, the insurance providers are the real parties in interest and the Debtor Defendants are nominal parties only.

(vii)    whether litigation in another forum would prejudice the interests of other creditors;

- Permitting Movant to proceed with the State Court Action would not result in any prejudice to the interests of other creditors particularly if, as is believed to be the case, the Debtor Defendants have available insurance coverage with regard to the State Court Action. Moreover, the liquidation of Movant's claims against the Debtor Defendants in the State Court Action will serve to benefit all creditors.

6

(viii)   whether the judgment claim arising from the other action is subject to equitable subordination;

- Any judgment claim arising from the State Court Action will not be subject to equitable subordination as Movant has not engaged in nor has she been accused of any conduct that might give rise to a claim for equitable subordination.

(ix)   whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

- The Movant's success in the State Court Action would not result in an avoidable judicial lien.

(x)   the interests of judicial economy and the expeditious and economical resolution of litigation;

- Permitting Movant to proceed with the State Court Action would serve to promote judicial economy and the expeditious and economical resolution of litigation since, *inter alia*, the State Court is the more appropriate forum to adjudicate the claims and defenses at issue while serving to liquidate Movant's claims, if any, against the Debtor Defendants' estates.

(xi)   whether the parties are ready for trial in the other proceeding; and

- At this time, the State Court Action is in its early stages and, thus, is not ready for trial. However, Movant is prepared to immediately move forward so as to bring the State Court Action to an expeditious conclusion once the automatic stay has been modified so as to permit same.

(xii)   impact of the stay on the parties and the balance of harms.

- If Movant is not granted relief from the automatic stay as sought herein, she will suffer substantial harm. Movant suffered significant injuries and her efforts to obtain redress therefor from the Debtor Defendants and their non-debtor co-defendants have been stymied by the imposition of the automatic stay in these chapter 11 cases. In contrast, neither the Debtor Defendants nor their other creditors will suffer substantial harm if Movant is permitted to proceed with the State Court Action due to the likely existence of available insurance coverage and the continuation of the stay as to the enforcement of any judgment in excess of said insurance

7

coverage against the Debtor Defendants' assets.    As such, the balance of harms weighs heavily in favor of Movant.

## **CONCLUSION**

11.    Based upon the foregoing, Movant respectfully submits that the automatic stay should be modified so as to permit the continuation of the State Court Action through the entry of judgment (and any related appeal), and Movant's recovery from the proceeds of any related insurance policy, and with the enforcement of any judgment entered against the Debtor Defendants (except as may be covered by insurance) continuing to be stayed pending further Order of this Court.

**WHEREFORE**, Movant respectfully requests that the Court grant the Motion in its entirety together with such other and further relief as may be just and proper.

Dated: New York, New York
    January 15, 2019

**PICK & ZABICKI LLP**
Counsel to Perlene Haley

By: _____
    Eric C. Zabicki
    369 Lexington Avenue, 12th Floor
    New York, New York 10017
    (212) 695-6000