EXHIBIT "A"

ELECTRONICALLY FILED
2018 Feb 26 4:17 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

PERLENE HALEY,

    Plaintiffs,

v.                                      No. CT-000853-18 Div. 7
                                              (Jury Demanded)

SEARS, ROEBUCK & COMPANY;
SEARS HOME IMPROVEMENT
PRODUCTS, INC.;
SEARS HOLDINGS CORPORATION;
SEARS ROEBUCK & COMPANY, dba
KENMORE DIRECT;
NEXT STEP HOME INSPECTIONS, LLC;
ANDREW SOBRAL;
JOHN DOE; and XYZ Corporation

    Defendants.

## COMPLAINT

**COME NOW**, the Plaintiff, Perlene Haley, and for cause of action against Defendants Sears, Roebuck & Company; Sears Home Improvement Products, Inc., Sears Holdings Corporation, Sears Roebuck & Company dba Kenmore, Next Step Home Inspections, LLC, Andrew Sobral, John Doe, and XYZ Corporation, do hereby allege:

### JURISDICTION AND VENUE

1.     Plaintiff, Perlene Haley is a resident of Shelby County, Tennessee.

2.     Defendant, Sears Roebuck and Company, upon information and belief is a New York Corporation which is owned and or operated by Sears Holdings Corporation. Its principal office is located at 3333 Beverly Road, Hoffmam Estates, IL 60179. Defendant can be serve with process by delivering the Complaint and Summons to the registered agent for service of process

1

C.T. Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919. Defendant is subject to the jurisdiction and venue of this court. Plaintiffs specifically allege that valid service of process has been issued and properly served upon the Defendant herein.

3. Defendant, Sears Home Improvement Products, Inc., upon information and belief is a Pennsylvania Corporation. Its principal office is located at 3333 Beverly Road, Hoffmam Estates, IL 60179. Defendant can be serve with process by delivering the Complaint and Summons to the registered agent for service of process C.T. Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919. Defendant is subject to the jurisdiction and venue of this court. Plaintiffs specifically allege that valid service of process has been issued and properly served upon the Defendant herein.

4. Defendant, Sears Holdings Corporation, upon information and belief owns and/or operates Sears, Roebuck and Company and Kenmore. Its principal office is located at 3333 Beverly Road, Hoffmam Estates, IL 60179. Defendant can be serve with process by delivering a copy of the Complaint and Summons to the registered agent for service of process C.T. Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919. Defendant is subject to the jurisdiction and venue of this court. Plaintiffs specifically allege that valid service of process has been issued and properly served upon the Defendant herein.

5. Defendant, Sears, Roebuck and Company dba Kenmore Direct, upon information and belief is a New York Corporation. Its principal office is located at 3333 Beverly Road, Hoffmam Estates, IL 60179. Defendant can be serve with process by delivering the Complaint and Summons to the registered agent for service of process C.T. Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919. Defendant is subject to the jurisdiction and venue of this court. Plaintiffs specifically allege that valid service of process has been issued and

properly served upon the Defendant herein.

6. Defendant, Next Step Home Inspections, LLC, upon information and belief is a Tennessee Corporation. Its principal office is located at 8802 River Pine Drive, Cordova, Tennessee 38016. Defendant can be serve with process by delivering the Complaint and Summons to the registered agent for service of process James Pitcock at the same address herein. Defendant is subject to the jurisdiction and venue of this court. Plaintiffs specifically allege that valid service of process has been issued and properly served upon the Defendant herein.

7. Defendant, Andrew Sobral, upon information and belief is a home inspector who is licensed in the state of Tennessee. Defendant can be served with process by delivering a copy of the summons and complaint to him at 4419 Sequoia Road, Memphis, Tennessee. Defendant is subject to the jurisdiction and venue of this court. Plaintiffs specifically allege that valid service of process has been issued and properly served upon the Defendant herein.

8. Defendant, John Doe and XYZ Corporation, upon information and belief are either agents, employees, representatives or predecessors of the named Defendants or are somehow responsible for the acts described in this complaint. Plaintiff does not know the true identities of the Doe Defendants. Their identities are known to the party Defendants. When their true identities become known to Plaintiff she will amend this complaint to substitute the true names of such John Doe defendants in compliance with T.R.C.P 15.03.

9. Plaintiff's serious and life altering injuries and damages arise in tort as a result of the negligence, reckless conduct, and other product liability actions detailed herein.

10. Plaintiffs specifically allege that valid service of process has been issued and properly served on all of the Defendants herein.

3

## FACTS

11. Sears, Roebuck and Company, Sears Home Improvement Products, Inc., Sears Holdings Corporation, and Sears, Roebuck and Company dba Kenmore Direct, (hereinafter collectively referred to as the "Sears Defendants") operate and conduct business as home product and appliance designers, sellers/vendors, and installers.

12. In furtherance of their business, the **Sears Defendants** designed, sold, and installed a stove that went in to the kitchen of the house at 4745 White Pass Dr., Collierville, TN 38017, (hereinafter referred to as the "**Haley House**").

13. The stove as designed was known by the **Sears Defendants** to be in defective condition and unreasonably dangerous in that it was likely to tip over. The **Sears Defendants** did not adequately warn purchasers of the product of the dangers inherent in the product.

14. Despite its known propensity to tip forward causing injuries and even deaths, the **Sears Defendants** installed the stove into the **Haley House** without any safety bracket to prevent the product from tipping over.

15. On April 22, 2014, before Plaintiff Perlene Haley purchased the **Haley House**, Defendants Andrew Sobral and Next Step Home Inspections, LLC, (hereinafter collectively referred to as "**Next Step Defendants**") did a pre-purchase inspection of the **Haley House**.

16. The home inspection report made no mention of the fact that the stove in the **Haley House** was not secured by any safety bracket that would prevent it from tipping over and causing injury.

17. In June of 2014, Plaintiff purchased the **Haley House**.

18. On 2/26/2017, Plaintiff was cleaning the inside of the oven when the stove tipped over and struck her causing severe injuries to her head, face, and brain.

### TENNESSEE PRODUCT LIABILITY ACTION

19. Based upon the foregoing facts, which are included herein by reference, the **SEARS DEFENDANTS** are guilty of defective manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of their unreasonably dangerous product.

20. This lawsuit is in part a Tennessee Product Liability Action in that based upon the foregoing facts, which are included herein by reference, Plaintiff sues the **SEARS DEFENDANTS** for strict liability; negligence; breach of warranty; breach of or failure to discharge a duty to warn or instruct; and misrepresentation, concealment, or nondisclosure.

### ACTS OF NEGLIGENCE AND RECKLESSNESS

21. The **Sears Defendants** and **Next Step Defendants** are guilty of one or more of the following acts of common law negligence and/or recklessness, each and every one of which is a direct and proximate cause of the injuries and damages complained of herein, to wit:

    a. Negligently and recklessly failing to exercise that degree of care and caution as required of a reasonable, prudent person under the same or similar circumstances;

    b. Negligently and recklessly manufacturing, constructing, designing, creating, preparing, assembling, testing, servicing, and selling a product that is known to be prone to tipping over;

5

    c.    Failing to include appropriate warning, instruction, marketing, packaging or labeling on the product to appropriately warn the purchaser and users of the propensity for the stove to tip over;

    d.    Failing to include appropriate installation hardware or other design elements which would prevent the stove from tipping over;

    e.    Negligently and recklessly installing the stove without any safety bracket;

    f.    Negligently and recklessly performing a pre-purchase home inspection that included inspection of the stove and other kitchen appliances but failed to make mention of or otherwise warn the Plaintiff of the lack of a safety bracket on the stove, and of the stoves propensity to tip over;

22.    The Plaintiffs specifically allege and aver that there are no other persons, businesses or entities, other than the Defendants named herein, who are responsible, either directly or indirectly, for the injuries and damages to the Plaintiffs herein.

**INJURIES AND DAMAGES**

30.    Plaintiff, Perlene Haley, as a direct and proximate result of one or more of the above acts of recklessness, negligence, strict liability, breach of warranty, breach of or failure to discharge a duty to warn or instruct, and misrepresentation, concealment, or nondisclosure, suffered the following injuries and damages:

    a.    Severe and permanent injury and disfigurement, either caused, precipitated and/or aggravated by the wrongs complained of, including but not limited to, traumatic brain injury, abrasions, and disfigurement and scarring of the head and face;

    b.    Great fright and shock;

    c.    Great physical pain both past and future;

    d.    Great mental and emotion anguish both past and future;

    e.    Large medical expenses both past and future;

    f.    Inability to enjoy the normal pleasures of life, both past and future;

    g.    Conscious pain and suffering

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Perlene Haley, sues the Defendants herein, for actual and compensatory damages in the sum of TEN MILLION DOLLARS ($10,000,000.00).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Perlene Haley, sues the Defendants herein, for punitive damages in the sum of FIFTEEN MILLION DOLLARS ($15,000,000.00).

WHEREFORE, PREMISES CONSIDERED, Plaintiff Perlene Haley, respectfully prays for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for costs and interest, for all such other general relief justified by the facts under the law or in equity and hereby respectfully requests a trial by jury.

Respectfully submitted,

**THE HOLTON LAW FIRM, PLLC**

John R. Holton (27312)
Timothy R. Holton (11832)
296 Washington Ave.
Memphis, TN 38103
(901) 523-2222