**EXHIBIT "B"**

ELECTRONICALLY FILED
2018 Aug 02 8:54 AM
CLERK OF COURT

## IN THE CIRCUIT COURT OF TENNESSEE FOR
## THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| PERLENE HALEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. CT-000853-18 |
| SEARS, ROEBUCK & COMPANY; | ) Div. VII |
| SEARS HOME IMPROVEMENT | ) |
| PRODUCTS, INC.; SEARS HOLDING | ) |
| CORPORATION; SEARS ROEBUCK & | ) |
| COMPANY, dba KENMORE DIRECT; | ) |
| NEXT STEP HOME INSPECTIONS, | ) |
| LLC; ANDREW SOBRAL; JOHN DOE; | |
| and XYZ CORPORATION | |
| | |
| Defendants. | |

### ANSWER OF SEARS, ROEBUCK AND CO., SEARS HOME IMPROVEMENT PRODUCTS, INC., AND SEARS HOLDINGS CORPORATION

Defendants, Sears, Roebuck and Co. (incorrectly named in this matter as Sears Roebuck & Company and Sears Roebuck & Company, dba Kenmore Direct); Sears Home Improvement Products, Inc., and Sears Holdings Corporation (hereinafter "Defendants" or "Sears Defendants"), by and through undersigned counsel of record, Leitner, Williams, Dooley & Napolitan, PLLC, pursuant to the Tennessee Rules of Civil Procedure, hereby responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against these Defendants; therefore, these Defendant move this Honorable Court to dismiss the Complaint in its entirety pursuant to Tenn. R. Civ. P. 12.02(6).

## SECOND DEFENSE

For answer to the separately numbered paragraphs of Plaintiff's Complaint, these Defendants would state as follows:

1. These Defendants are without sufficient information to admit or deny the allegations set forth in numbered paragraph 1 of Plaintiff's Complaint regarding Plaintiff's residency, and would deny the same and demand proof thereof at trial if their interests are thereby affected.

2. The allegations set forth in numbered paragraph 2 of Plaintiff's Complaint are denied as the allegations incorrectly name the defendants. The correct name of this defendant is Sears, Roebuck and Co.

3. The allegations set forth in numbered paragraph 3 related to state of incorporation, principal place of business and registered agent for Sears Home Improvement Products, Inc. are admitted. The remaining allegations assert legal determinations that require no response in this filing. To the extent it is deemed a response is required to the remaining allegations they are denied.

4. The allegation set forth in numbered paragraph 4 related to principal place of business for Sears Holding Corporation is admitted. It is also admitted that Sears Holdings Corporation owns Sears, Roebuck and Co. All other allegations asserted in paragraph 4 of the Complaint are denied.

5. The allegations set forth in numbered paragraph 5 of Plaintiff's Complaint are denied as the allegations incorrectly name the defendants. The correct name of this defendant is Sears, Roebuck and Co.

6. These Defendants are without sufficient information to admit or deny the allegations set forth in numbered paragraph 6 of Plaintiff's Complaint, and would deny the same and demand proof thereof at trial if its interests are thereby affected.

7. These Defendants are without sufficient information to admit or deny the allegations set forth in numbered paragraph 7 of Plaintiff's Complaint, and would deny the same and demand proof thereof at trial if its interests are thereby affected.

8. These Defendants are without sufficient information to admit or deny the allegations set forth in numbered paragraph 8 of Plaintiff's Complaint, and would deny the same and demand proof thereof at trial if its interests are thereby affected.

9. The allegations set forth in numbered paragraph 9 of Plaintiff's Complaint are denied.

10. The allegations set forth in numbered paragraph 10 of Plaintiff's Complaint are denied.

11. The allegations set forth in numbered paragraph 11 of Plaintiff's Complaint are denied.

12. The allegations set forth in numbered paragraph 12 of Plaintiff's Complaint are denied.

13. The allegations set forth in numbered paragraph 13 of Plaintiff's Complaint are denied.

14. The allegations set forth in numbered paragraph 14 of Plaintiff's Complaint are denied.

15. These Defendants are without sufficient information to admit or deny the allegations set forth in numbered paragraph 15 of Plaintiff's Complaint, and would deny the same and demand proof thereof at trial if its interests are thereby affected.

16. These Defendants are without sufficient information to admit or deny the allegations set forth in numbered paragraph 16 of Plaintiff's Complaint, and would deny the same and demand proof thereof at trial if its interests are thereby affected.

17. These Defendants are without sufficient information to admit or deny the allegations set forth in numbered paragraph 17 of Plaintiff's Complaint, and would deny the same and demand proof thereof at trial if its interests are thereby affected.

18. These Defendants are without sufficient information to admit or deny the allegations set forth in numbered paragraph 18 of Plaintiff's Complaint, and would deny the same and demand proof thereof at trial if its interests are thereby affected.

19. The allegations set forth in numbered paragraph 19 of Plaintiff's Complaint are denied.

20. The allegations set forth in numbered paragraph 20 of Plaintiff's Complaint are arguments of counsel and legal conclusions to which no response is required in this filing. To the extent a response is deemed to be required to the allegations set forth in numbered paragraph 20 of Plaintiff's Complaint, these Defendants would deny the same, and demand proof of same at trial if their interests are affected thereby

21. These Defendants would deny the allegations set forth in numbered paragraph 21 directed towards them, including specifically denying subparagraphs a-f.

22. The allegations set forth in numbered paragraph 22 of Plaintiff's Complaint are arguments of counsel and legal conclusions to which no response is required in this filing. To the extent a response is deemed to be required to the allegations set forth in numbered paragraph 22 of Plaintiff's Complaint, these Defendants would deny the same, and demand proof of same at trial if their interests are affected thereby.

23. Omitted by Plaintiff

24. Omitted by Plaintiff

25. Omitted by Plaintiff

26. Omitted by Plaintiff

27. Omitted by Plaintiff

28. Omitted by Plaintiff

29. Omitted by Plaintiff

30. The allegations set forth in numbered paragraph 30 of Plaintiff's Complaint directed towards them are denied, including specifically denying subparagraphs a-g. These Defendants would aver that they are not liable to Plaintiff under any theory of recovery whatsoever.

31. The allegations set forth in Plaintiff's Prayer for Relief are denied. These Defendants would aver that they are not liable to Plaintiff under any theory of recovery whatsoever.

32. These Defendants join in Plaintiff's request for trial by jury when the issues are properly joined for trial.

33. Any allegations set forth in Plaintiff's Complaint not heretofore admitted, denied, or specifically explained, are here and now denied as if expressly set forth and denied.

### THIRD DEFENSE

These Defendants affirmatively plead and rely upon the doctrine of comparative fault as currently defined by Tennessee statutes and interpretative case law as a bar to, or in mitigation of Plaintiff's claims. These Defendants aver that the comparative fault and/or negligence of Plaintiff serves as a complete bar to recovery, same being denied, or, in the alternative, a basis for the reduction of the portion of fault attributed to these Defendants, if any, same being denied.

### FOURTH DEFENSE

These Defendants would affirmatively aver that they did not breach any standard of care with respect to Plaintiff.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of repose.

### SEVENTH DEFENSE

These Defendants did not design, manufacture, or install the product that forms the basis of Plaintiff's Complaint.

### EIGHTH DEFENSE

These Defendants deny any negligence in this matter and further deny that the product in question was unreasonably dangerous or defective. However, to the extent that Plaintiff may prove that the product in question is unreasonably dangerous or defective, these Defendants assert the affirmative defense of comparative fault against the manufacturer of the product in questions. The manufacturer of the product in question is not currently a party to this lawsuit. The product in question was manufactured by Electrolux Major Appliances North American division of Electrolux Home Products, Inc. a Delaware corporation, who may be served with process to their registered agent CT Corporation Systems, 300 Montvue RD, Knoxville, TN 37919-5546. Electrolux Home Products, Inc. is the entity that manufactured the product in question, and to the extent the Plaintiff proves any defect exists, it is the fault of the manufacturer, not these Defendants. These Defendants therefore assert comparative fault against the manufacturer, Electrolux Home Products, Inc. The negligence of this entity either reduces or eliminates any fault of these Defendants as provided under Tennessee law under comparative fault principles.

### NINTH DEFENSE

Tenn. Code Ann. § 29-28-106 bars any products liability action against these Defendants. These Defendants are not the manufacturer of the product in question and if proven by the Plaintiff

at most were only a seller of the product as contemplated under the Tennessee Products Liability Act. Tenn. Code Ann. § 29-28-106 therefore bars Plaintiff's claim against these Defendants. The Plaintiff has not and cannot establish that any of the exceptions found in Tenn. Code Ann. § 29-28-106 apply to this matter to allow suit against these Defendants.

## TENTH DEFENSE

To the extent Plaintiff may assert a claim of breach of express or implied warranty against these Defendants, such claims fail as a matter of law pursuant to Tenn. Code Ann. § 29-28-106 and applicable Tennessee Law.

## ELEVENTH DEFENSE

For further defense, these Defendants would affirmatively plead the applicability of and its reliance upon any and all limitations and/or caps on non-economic and punitive damages provided for in the Tennessee Civil Justice Act of 2011.

## TWELFTH DEFENSE

Affirmatively and alternatively, these Defendants assert that the facts as alleged in Plaintiff's Complaint and as may be proven at trial do not warrant an award of punitive damages under Tennessee statutes and interpretive case law and that such award would violate these Defendant's constitutional rights under both the Constitution of the United States and Tennessee, including, but not limited to, those rights contained in the provisions setting forth due process, equal protection, and the prohibition against cruel and unusual punishment, and, therefore, any such claim should be dismissed. Moreover, and in accordance with the law of Tennessee, these Defendants would request that this Honorable Court to bifurcate the trial of this matter with reference to the issues concerning punitive damages pursuant to statutes and interpretive case law,

relying upon the protections, legal reasoning, and standards of proof set forth in *Hodges v. S.C. Toof and Company*, 833 S.W.2d 896 (Tenn. 1992).

### THIRTEENTH DEFENSE

Pleading alternatively, the Defendants would aver that the proximate and legal cause of Plaintiff's alleged injuries and damages, same being denied, was the negligence of Plaintiff, for which these Defendants cannot be liable.

### FOURTEENTH DEFENSE

Pleading alternatively, these Defendants would aver that the product in question was materially altered, modified, or changed by individuals or entities, known and unknown, identified and not yet identified, and not these Defendants, that acted as an independent, intervening and superseding cause of the damages to the Plaintiffs, if any, the same being denied.

### FIFTEENTH DEFENSE

Pleading alternatively, if the product in question was materially altered, modified, or changed by individuals or entities, known and unknown, identified and not yet identified, those alterations, modifications, or changes, effectively invalidated or voided any warranties, express or implied, upon which Plaintiffs may attempt to rely.

### SIXTEENTH DEFENSE

These Defendants would aver that Plaintiffs' claims are barred, in whole, or in part by the doctrines of waiver, laches, and/or estoppel.

### SEVENTEENTH DEFENSE

These Defendants would aver that to the extent the alleged product that forms the basis of Plaintiff's Complaint, was materially misused, modified, abused, or otherwise not subject to proper, regular, or reasonably necessary preventative maintenance by individuals or entities,

known and unknown, identified and not yet identified, that was the proximate cause or proximately contributing cause of the damages sustained by the Plaintiff, if any, same being denied.

## EIGHTEENTH DEFENSE

These Defendants would aver that they had no actual or constructive notice or knowledge of any dangerous or unsafe condition concerning the alleged product in question that forms the basis of Plaintiff's Complaint.

## NINETEENTH DEFENSE

. These Defendants would aver that to the extent Plaintiff may be asserting warranty claims under 15 U.S.C §2304, they are not applicable to the instant matter. To the extent deemed applicable, these Defendants assert all defenses available to it pursuant to the Moss-Magnuson Act and the case law developed interpreting and applying it.

## TWENTIETH DEFENSE

These Defendants would aver that to the extent Tenn. Code. Ann §§ 29-28-101 *et. seq.* is not applicable to the instant matter, then Defendants assert all defenses available to it pursuant to the Tennessee Products Liability Act and the case law developed interpreting and applying it, including prohibitions against warranties, express or implied, claimed by Plaintiff that fail as a matter of law.

## TWENTY-FIRST DEFENSE

These Defendants would aver that Plaintiffs' claims are barred, in whole, or in part by the Plaintiff's failure to mitigate damages.

## TWENTY-SECOND DEFENSE

No acts or omissions, if any, of these Defendants constitute fraudulent, malicious, willful or reckless conduct, which must be shown by clear and convincing evidence pursuant to Tennessee law, and, therefore, any award of exemplary / punitive damages is barred.

### TWENTY-THIRD DEFENSE

Plaintiff's demand for exemplary / punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature, but the burden of proof of Plaintiff is less than the "beyond a reasonable doubt" standard required in criminal cases.

### TWENTY-FOURTH DEFENSE

Because of the lack of clear standards, the imposition of exemplary / punitive damages against Defendants is unconstitutionally vague and/or overbroad.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim for exemplary / punitive damages is in contravention of the rights of Defendants under each of the following constitutional provisions:

a. The Commerce Clause of Article 1, Section 8, of the United States Constitution;

b. The Contracts Clause of Article 1, Section 10, of the United States Constitution;

c. The Supremacy Clause of Article VI, of the United States Constitution;

d. The Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution;

e. The Fifth Amendment of the United States Constitution;

f. The Excessive Fines clause of the Eighth Amendment of the United States Constitution;

g. The Equal Protection clause of the Fourteenth Amendment of the United States Constitution; and

    h.    The Constitution of the State of Tennessee.

### TWENTY-SIXTH DEFENSE

With respect to Plaintiff's claims for punitive damages, Defendants specifically incorporate by reference any and all standards of limitations regarding the determination and/or enforceability of punitive awards which arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### TWENTY-SEVENTH DEFENSE

These Defendants request that they be allowed to amend their Answer as discovery develops and as justice so requires.

Defendants, having fully answered Plaintiff's Complaint, move this Honorable Court to dismiss the Complaint with costs assessed against Plaintiff, and request any other relief, both general and specific, to which these Defendants may be entitled.

Respectfully submitted,

By: /s/ Tracy A. Overstreet
Tracy A. Overstreet, No. 022219
Kenneth O. Cooper, No. 020029
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC
Brinkley Plaza
80 Monroe Avenue, Suite 800
Memphis, Tennessee 38103
Phone:(901) 527-0214
Fax:(901) 527-8224
tracy.overstreet@leitnerfirm.com
ken.cooper@leitnerfirm.com
*Attorneys for Sears Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing instrument has been served on the following attorney of record via U.S. Mail, postage prepaid and/or via electronic means:

| | |
|---|---|
| John R. Holton<br>Timothy R. Holton<br>THE HOLTON LAW FIRM, PLLC<br>296 Washington Ave.<br>Memphis, TN 38103<br>*Attorneys for Plaintiff* | Warren D. McWhirter<br>HOLLEY, ELDER & MCWHIRTER, P.C.<br>9032 Stone Walk Place<br>Germantown, TN 38138<br>*Attorneys for Next Step Home Inspections, LLC &<br>Andrew Sobral* |

on this 2nd day of August 2018.

                                                                Tracy A. Overstreet
                                                                 Kenneth O. Cooper