UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                      :
                                                           :    Chapter 11
**SEARS HOLDINGS CORPORATION**, *et al.*,                  :
                                                           :    Case No. 18-23538 (RDD)
                                                           :
Debtors.[1]                                                :    (Jointly Administered)
------------------------------------------------------------x

### DECLARATION OF MOHSIN MEGHJI
### IN SUPPORT OF THE APPLICATION OF DEBTORS FOR ENTRY OF ORDER APPROVING AMENDMENT TO TERMS AND CONDITIONS OF THE DEBTORS' EMPLOYMENT AND RETENTION OF LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER

I, Mohsin Meghji, hereby declare under penalty of perjury to the best of my knowledge, information, and belief:

1. I am the Chief Restructuring Officer ("**CRO**") of Sears Holdings Corporation ("**Sears Holdings**") and its debtor affiliates (collectively, the "**Debtors**") in the above-captioned chapter 11 cases. I am a Managing Partner with M-III Advisory Partners, LP

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

("**M-III**"). In October 2018, M-III was retained by Sears Holdings to provide the Debtors with a CRO and to provide the Debtors and their other professionals with financial advisory services in connection with the Company's evaluation and development of strategic alternatives. In connection with the M-III engagement and prior to October 15, 2018 (the "**Commencement Date**"), I was appointed CRO of Sears Holdings with the contemplated commencement of the chapter 11 cases. As CRO, I report and provide strategic business advice to the Restructuring Committee of the Board of Directors of Sears Holdings in connection with the Debtors' chapter 11 cases, and I am responsible for carrying out the Debtors' chapter 11 strategy and objectives. I am knowledgeable about and familiar with the Debtors' day-to-day operations, business and financial affairs, books and records, and the circumstances leading to the commencement of these chapter 11 cases. I have more than 25 years of financial restructuring, interim management, turnaround, and management consulting experience.

2.  I submit this declaration in support of the *Application of Debtors for Entry of Order Approving Amendment to Terms and Conditions of the Debtors' Employment and Retention of Lazard Frères & Co. LLC as Investment Banker*.[2]

3.  Except as otherwise indicated, all statements in this declaration are based on my personal experience and knowledge, my opinion, my discussions with the Debtors' management and professionals, and my review of relevant documents. If called to testify, I could and would testify to each of the facts and opinions set forth herein.

4.  I have reviewed the Application, the objection to the Application filed by the U.S. Trustee, and the Debtors' Reply to the objection by the U.S. Trustee being filed

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Application.

concurrently herewith (the "**Reply**"), and the documents identified therein. I believe that approval of the Application is necessary to the Debtors' reorganization efforts and to maximizing the value of the Debtors' estates for the benefit of all of the Debtors' economic stakeholders.

5.    At the time that the Initial Engagement Letter was executed, the Debtors did not know whether they would use the services of Lazard, or another firm in connection with certain sale transactions and did not know the extent of any sale services that would be required.

6.    As a result of this uncertainty, we specifically negotiated the Initial Engagement Letter to exclude sale transactions and to provide that, if it were requested to render additional services in connection with sale transactions, Lazard would have the option as to whether to perform such services.

7.    Consistent with the foregoing, the Initial Engagement Letter included a cap on fees of $12.5 million, which, in my experience, represents a below-market cap on fees for cases of this scope and magnitude, especially if sale services are included in the scope of the Initial Engagement Letter.

8.    Since the agreement on the terms of the Initial Engagement Letter, the Debtors have determined that they want to use Lazard for certain sale-related services. Thus, Lazard has expended a substantial amount of time advising and negotiating the terms of the sale of the Sears Home Improvement business, the sale of the Parts Direct business, and the sale of the Sears Home Services business. As a result, the Debtors and Lazard have renegotiated the fee cap.

9.    In exchange for an increase of the fee cap by $7 million to account for the additional services being provided, Lazard agreed to forego the right to accept or reject the provision of the additional sale services, as described in the Application.

10. The Debtors believe that the increase in the cap is a fair and appropriate amendment, in light of the additional work being requested of Lazard. Indeed, Lazard has been performing additional services requested by the Debtors, notwithstanding that its request for an increase in the fee cap is still pending.

11. Based on the foregoing and my experience, the retention and employment of Lazard on the amended terms contemplated in the Application is necessary, is in the best interests of the Debtors and their estates, and is justified in light of the extraordinary amount of work Lazard has performed on behalf of the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: January 16, 2019  
    New York, New York

By: /s/ Mohsin Meghji  
    Mohsin Meghji  
    Chief Restructuring Officer  
    Debtors and Debtors in Possession