## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **IN RE:** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** | : | **Case No. 18-23538 (RDD)** |
| **And  K-MART CORPORATION** | : | **(Jointly Administered)** |

### NOTICE OF MOTION FOR RELIEF FROM STAY

**To:**  **Jacqueline Mancus**
**Weil, Gothshal, and Manges, LLP**
757 Fifth Avenue
New York, New York   10153

PLEASE TAKE NOTICE, that upon the annexed Affirmation of Samuel G. Encarnacion, Esquire, the undersigned will present the attached proposed Order to the Honorable Judge Robert D. Drain, Bankruptcy Judge for the United States for the Southern District of New York (the "Bankruptcy Court"), at 300 Quarropas Street, White Plains, New York 10601 on February 14, 2019, at 10:00 am (Prevailing Eastern Time) for an Order granting relief from the Automatic Stay pursuant to 11 U.S.C. §362, and for such other and further relief as this Court deems just and appropriate.

PLEASE TAKE FURTHER NOTICE, that pursuant to Local Bankruptcy Rule 9006-1 any answering Affidavits shall be served so as to ensure actual receipt not later than three (3) days before the return date of this Motion.

PLEASE TAKE FURTHER NOTICE, that Objections, if any, to the relief requested in this Motion must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, must be set forth in writing describing the basis therefore and must be filed with the Bankruptcy Court at least seven (7) calendar days before the applicable hearing by or as otherwise ordered by the Court.  Failure to file Objections by the Objection Deadline may cause the Court to not consider the Objection.

PLEASE TAKE FURTHER NOTICE that a hearing shall be held on before the United States for the Southern District of New York (the "Bankruptcy Court"). The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Respectfully submitted,
**HAGGERTY & SILVERMAN, P.C.**

Dated: 1/16/19

By: _____

Samuel E. Encarnacion, Esquire
Attorney Identification No. 64417
*Attorney for Plaintiff*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| IN RE: | : | Chapter 11 |
|---|---|---|
| | : | |
| **SEARS HOLDINGS CORPORATION,** | : | **Case No. 18-23538 (RDD)** |
| And   **K-MART CORPORATION** | : | **(Jointly Administered)** |

## ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the *Motion of Maria Gonzalez for Relief from Stay Under Section 362 of the Bankruptcy Code* (the "Motion") and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that sufficient cause exists to grant the Motion; and after due deliberation thereon and good and sufficient cause appearing therefor it is hereby ORDERED that:

The Motion is GRANTED to the extent described herein; and it is further

ORDERED that the automatic stay is hereby modified as of the date hereof to allow the Movants to commence litigation against the Debtors in the appropriate Pennsylvania state court and to prosecute and liquidate the Movants' personal injury claims (the "Claims") against the Debtors; and it is further

ORDERED that the Movants may liquidate their Claims against the Debtors either through settlement or adjudication of the Claims and may enforce any such settlement or judgment solely through the application of the proceeds of Debtors' insurance to the extent that any such proceeds are available; and it is further

ORDERED that the automatic stay shall otherwise remain in full effect, including but not limited to the prohibition of any actions to enforce a judgment or award, or collect or exercise

control over any property of the Debtors, except for the application of any available insurance proceeds as provided herein; and it is further

ORDERED that this Court shall retain jurisdiction over all matters related to the implementation of this Order.

Dated: _____

_____
JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| IN RE: | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** | : | **Case No. 18-23538 (RDD)** |
| And    **K-MART CORPORATION** | : | **(Jointly Administered)** |

### AFFIRMATION IN SUPPORT OF MOTION OF MARIA GONZALEZ FOR RELIEF FROM AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

I, Samuel G. Encarnacion, attorney for creditor, Maria Gonzalez, affirms that the following statements are true under penalties of perjury:

1.      I am an attorney with Haggerty & Silverman, P.C., attorneys for Maria Gonzalez (hereinafter "Creditor") on the above named debtors, Sears Holdings Corporation and K-Mart Corporation (hereinafter "Debtors").

2.      This Court has subject matter jurisdiction over this proceeding pursuant to Title 28 of the United States Code Sections 1334(b) and 157(a). Venue is proper pursuant to Title 28 of the United States Code Sections 1408 and 1409.

3.      By provision of 11 U.S.C. §507 all persons are enjoined and stayed from commencing or continuing any suit against the debtor.  On October 30, 2018, a Notice of Bankruptcy Filing and Imposition of Automatic Stay was filed with the Court of Common Pleas of Lancaster County, Pennsylvania.

4.      Creditors, by and through their attorney, Samuel G. Encarnacion, hereby moves this Court to grant relief from the Automatic Stay, pursuant to 11 U.S.C. §362, allowing them to proceed with their claims for personal injury against Debtors in the Court to seek recovery from any and all insurance policies to the extent possible, maintained by or available to the Debtors; and that recovery shall be limited to the available insurance coverage, and that the Creditor shall not seek recoveries from Debtors, their estates, or their successors, there being good and sufficient cause for the waiver of the Stay set forth in the Bankruptcy Rule 400 l (a)(3).

1

5.     Upon information and belief, Debtors had general liability insurance at the time of Creditor's loss.

## FACTUAL BACKGROUND

6.     Due to the negligence of Debtors, and on September 23, 2016, Maria Gonzalez was seriously injured in a slip and fall incident at K-Mart Store #4373 owned by Sears Holding Company and K-Mart Corporation, and was located at 1890 Fruitville Pike in Lancaster, Pennsylvania.

7.     As a result of her slip and fall, Creditor, Maria Gonzalez suffered serious and permanent personal injury, requiring costly medical treatment related to this incident. As a result of said incident, a Writ of Summons was filed on July 25, 2018, **hereto attached as Exhibit "A".**

8.     On October 15, 2018, Debtors filed for Chapter 11 Bankruptcy in the Southern District of New York. As a result of said proceedings, Creditor filed Proof of Claims which have been docketed at Claim #5213 and 5361. Said Proof of Claims and Receipts of such claims, **hereto attached as Exhibit "B".**

9.     As such, Creditor seeks an Order lifting the Stay against these Debtors.

## CREDITORS ARE ENTITLED TO RELIEF FROM THE AUTOMATIC STAY

10.     Upon the filing of a Bankruptcy petition, an Automatic Stay takes place giving the debtor "a short respite from creditors' demands, during which a debtor will have the opportunity to develop and implement plans to right his financial affairs." *In re Bogdanovich,* 292 F.3d 104, 110 (2d Cir. 2002). The Bankruptcy Code provides that relief from the Automatic Stay may be granted after notice and a hearing, "for cause." *See* 11 U.S.C. §362(d)( 1 ). The Bankruptcy Code does not define the meaning of the phrase "for cause." *See Bogdanovich,* 292 F.3d at 110. In determining whether there is cause to grant relief from the automatic stay, a Court in this

2

circuit should examine the factors outlined in *In re Sonmax Industries Incorporated. See Jn re Sonmax Indus., Inc.* 907 F.2d 1280, 1286 (2d Cir. 1990). The factors to consider are as follows: 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready to proceed with litigation or settlement in the other proceeding; and 12) impact of the stay on the parties and the balance of harms. Id.

11.    All twelve *Sonmax* factors will not be relevant in every case. *See In re Masse,* 167 F.3d 139, 143 (2d Cir. 1999). Furthermore, the Court in its discretion, need not grant equal weight to each factor. *See In re Burger Boys, Inc.,* 183 B.R. 682, 688 (Bankr. S.D.N.Y. 1994); *In re New York Medical Group, P.C.,* 265 B.R. 408. 413 (Bankr. S.D.N.Y. 2001). Additionally, the Bankruptcy Court has wide discretion to grant relief and lift the stay. *See In re Laventhol & Horwath,* 139 B.R. 109 (Bankr. S.D.N.Y. 1992); *and Matter of Thomson McKinnon, Inc.,* 130 B.R. 721 (Bankr. S.D.N.Y. 1991). In the instant matter, factors one, two, five, ten, eleven, and twelve are relevant and weight in Creditor's favor in the instant application.

12.    Under the factors set forth in *Sonmax,* Creditor is entitled to relief from the Automatic Stay in order to pursue their personal injury claim against Debtors in the Court of Common Pleas of Lancaster County. As to the second factor, Creditor's personal injury claim

3

has no connection and will not interfere with Debtor's Chapter 11 efforts since the Creditor is only seeking recovery against Debtor's commercial and general liability insurance policies effective on the date of Creditor's accident. Creditor herein agrees to seek recovery limited to those policies and will not seek to recover damages in excess of said insurance policies

13.    As to the fifth factor, Debtors were issued a liability insurance policy, for purposes of general commercial liability and in part for personal injury. Where the creditor must prove the liability of the debtor for the limited purpose of recovering from a debtor case law supports the proposition that relief from an Automatic Stay should be granted. *See e.g., Green v Welsh,* 956 F.2d 30 (2d Cir. 1992); and *Terwilliger v. Terwilliger,* 206 F.3d 240, 247-248 (2d Cir. 2000). In pursuing her personal injury claim, Creditors will attempt to prove Debtor's liability solely to recover from its liability insurers. Debtor's liability insurance carriers will bear all of the cost required to defend against Creditor's personal injury claim. As to any costs not borne by Debtor's liability insurance carrier, case law states that the cost of defending litigation, by itself, is not regarded as constituting "great prejudice," precluding relief from the Automatic Stay. *See In re Unioil,* 54 B.R. 192 (Banlcr. D. Colo. 1985).

14.    Creditor believes and therefore avers that under said general liability policy, the insolvency or bankruptcy of the debtor-insured, or the insolvency of its estate shall not release the insurance company or risk retention from the payment of damages for injuries sustained during the term of and within coverage of said policy.

15.    Here, Creditor's personal injury claim arose on September 23, 2016, and Debtor's filed their Bankruptcy Petition on October 15, 2018.

16.    As to factors ten and eleven, Creditor is prepared and willing to actively prosecute the matter in Lancaster County Court of Common Pleas. In fact, on July 25, 2018, a Writ of Summons was filed on this claim. Prior to this Court's stay, Creditor was in the process of

4

preparing and filing a Complaint with Lancaster County Court of Common Pleas. In the interest of judicial efficiency, this motion must be granted prior to any further litigation regarding the Premises Liability claim.

17.    As to factor twelve, Creditor, Maria Gonzalez, suffered serious and permanent personal injuries and Creditor's accident was more than over a year ago. As a result, Creditor may suffer through the pendency of the stay detrimental delay and should, in the interests of justice, be given the opportunity to continue this action in State court. Debtors will not suffer as the Creditor seeks only the Debtor's available insurance coverage. When balancing the interests between the Creditor and the Debtors, it is readily apparent that the Creditor's harm greatly outweighs the Debtors' harm.

18.    In the event a judgment against Debtors is recovered by Creditor in the aforementioned claim, and such judgment remains unsatisfied at the expiration of the time stated in the insurance laws of the Commonwealth of Pennsylvania, Creditor will commence an action against Debtor's insurance company or risk retention policy.

19.    Therefore, the prosecution of this claim will in no manner reduce or jeopardize the assets of the debtor to the detriment of the other Creditors in bankruptcy.

20.    In the event Creditors are permitted to pursue the aforementioned claim they will not pursue a claim in this proceeding.

## THE LANCASTER COUNTY COURT OF COMMON PLEAS IS
## THE PROPER VENUE FOR CREDITOR'S PERSONAL INJURY ACTION

21.    Under Section 157(b)(2)(B) of Title 28 of the United States Code, the liquidation or estimation of an non-liquidated personal injury tort claim is a non-core matter. A Bankruptcy Court lacks jurisdiction to liquidate non-core matters such as a personal injury claim. *See In re*

*United States Lines, Inc.,* 1998 U.S. Dist. LEXIS 10135 (S.D.N.Y. July 9, 1998), *aff'd,* 216 F.3d

228 (2d Cir.2000).  Regarding non-core matters, a Bankruptcy Court may only submit proposed

findings of fact and conclusions of law to the District Judge who then may enter a final

judgment.  See 28 U.S.C. §157(c)( l).

   22.    Here, Creditor's injury claim involves issues of state law which may be more

efficiently decided by a State Court.  Hearing of a Creditor's personal injury claim by the

Bankruptcy Court will not be in the interests of the expeditious and economical resolution of

litigation because it will unnecessarily expend resources of the bankruptcy proceeding.  If relief

from the Automatic Stay is denied, Creditor, who has already endured substantial personal injury

and medical costs, will continue to accrue costly medical expenses with no means of obtaining

relief from a State Court until such time that Debtors resolve the Chapter 11 case and the

Automatic Stay is lifted.  Any further delay will lead to undue prejudice to the rights of the

Creditor to proceed with her prepetition litigation and seek justice for injuries sustained more

than a year ago.

   WHEREFORE, Creditor respectfully requests that the Court grant the instant application

for relief from the Bankruptcy Stay so that the matter may proceed into litigation in Lancaster

County Court, and, for such other and further relief as is just and proper.

<div style="margin-left:45%;">

Respectfully submitted,
**HAGGERTY & SILVERMAN, P.C.**

</div>

Dated: _____                    By:_____
                                          Samuel G. Encarnacion, Esquire
                                          Attorney Identification No. 64417
                                          *Attorney for Plaintiff*

EXHIBIT "A"

**HAGGERTY & SILVERMAN, P.C.**
Howard G. Silverman, Esquire
Attorney Identification No.: 48319
Samuel G. Encarnacion, Esquire
Attorney Identification No.: 64417
240 North Duke Street
Lancaster, PA   17602
(717) 397-3200
SamE@haggertylaw.com



---

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

| | | |
|---|---|---|
| MARIA GONZALEZ | : | |
| 5527 N.W. 3rd Street | : | |
| Miami, FL   33126 | : | |
|     Plaintiff | : | No. CI-18- |
|     vs. | : | |
| K-MART CORPORATION | : | **18-06005** |
| d/b/a K-MART STORE #4373 | : | |
| 3100 West Big Beaver Road | : | |
| Troy, MI  48084 | : | |
|     and | : | |
| SEARS HOLDINGS CORPORATION | : | |
| d/b/a K-MART | : | |
| 3333 Beverly Road | : | |
| Hoffman Estates, IL   60179 | : | |
|     Defendants | : | **JURY TRIAL DEMANDED** |

PROTHONOTARY'S OFFICE
LANCASTER, PA
2018 JUL 25   AM 10:03
ENTERED AND FILED

---

### PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

    Please issue a Writ of Summons on behalf of the Plaintiff and against each of the

Defendants, K-Mart Corporation d/b/a K-Mart Store #4373 and Sears Holdings Corporation

d/b/a K-Mart, in the above-captioned case.

                    Respectfully submitted,
                    **HAGGERTY & SILVERMAN, P.C.**

DATE: _Jul 25 / 18_        By: _____
                       Samuel G. Encarnacion, Esquire
                       Attorney ID. 64417
                       *Attorney for Plaintiff*

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**

| | | |
|---|---|---|
| MARIA GONZALEZ | : | |
| 5527 N.W. 3rd Street | : | |
| Miami, FL  33126 | : | |
| Plaintiff | : | No. CI-18- |
| vs. | : | |
| K-MART CORPORATION | : | **18-06005** |
| d/b/a K-MART STORE #4373 | : | |
| 3100 West Big Beaver Road | : | |
| Troy, MI  48084 | : | |
| and | : | |
| SEARS HOLDINGS CORPORATION | : | |
| d/b/a K-MART | : | |
| 3333 Beverly Road | : | |
| Hoffman Estates, IL  60179 | : | |
| Defendants | : | **JURY TRIAL DEMANDED** |

## WRIT OF SUMMONS

**TO:**  K-MART CORPORATION D/B/A K-MART STORE #4373
and SEARS HOLDINGS CORPORATION d/b/a K-MART

You are notified that Plaintiff Maria Gonzalez has commenced an action against each of

you.

Date: _7-25-2018_                    KATHERINE WOOD-JACOBS, PROTHONOTARY

By: _____
                                        Deputy

**HAGGERTY & SILVERMAN, P.C.**
Howard G. Silverman, Esquire
Attorney Identification No.: 48319
Samuel G. Encarnacion, Esquire
Attorney Identification No.: 64417
240 North Duke Street
Lancaster, PA  17602
(717) 397-3200
SamE@haggertylaw.com

**HAGGERTY & SILVERMAN, P.C.**
Howard G. Silverman, Esquire
Attorney Identification No.: 48319
Samuel G. Encarnacion, Esquire
Attorney Identification No.: 64417
240 North Duke Street
Lancaster, PA  17602
(717) 397-3200
SamE@haggertylaw.com

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | |
|---|---|
| MARIA GONZALEZ | : |
| 5527 N.W. 3rd Street | : |
| Miami, FL  33126 | : |
| Plaintiff | : No. CI-18-  **18-06005** |
| vs. | : |
| K-MART CORPORATION | : |
| d/b/a K-MART STORE #4373 | : |
| 3100 West Big Beaver Road | : |
| Troy, MI  48084 | : |
| and | : |
| SEARS HOLDINGS CORPORATION | : |
| d/b/a K-MART | : |
| 3333 Beverly Road | : |
| Hoffman Estates, IL  60179 | : |
| Defendants | : **JURY TRIAL DEMANDED** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the provisions of the Public Access Policy

of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts

that require filing confidential information and documents differently than non-confidential

information and documents.

Respectfully submitted,
**HAGGERTY & SILVERMAN, P.C.**

Dated: _____         By: _____
                                   Samuel E. Encarnacion, Esquire
                                   Attorney Identification No. 64417
                                   *Attorney for Plaintiff*



No. CI-18-06005

ENTERED AND FILED

2018 AUG 31    AM 11: 13

**HAGGERTY & SILVERMAN, P.C.**
Howard G. Silverman, Esquire
Attorney Identification No.: 48319
Samuel G. Encarnacion, Esquire
Attorney Identification No.: 64417
240 North Duke Street
Lancaster, PA   17602
(717) 397-3200
SamE@haggertylaw.com

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

MARIA GONZALEZ                         :
5527 N.W. 3rd Street                   :
Miami, FL   33126                      :
      Plaintiff              :          No. CI-18-06005
      vs.                    :
K-MART CORPORATION                     :
d/b/a K-MART STORE #4373               :
3100 West Big Beaver Road              :
Troy, MI   48084                       :
   and                        :
SEARS HOLDINGS CORPORATION             :
d/b/a K-MART                           :
3333 Beverly Road                      :
Hoffman Estates, IL   60179            :
      Defendants             :          **JURY TRIAL DEMANDED**

### AFFIDAVIT OF SERVICE

I, Samuel G. Encarnacion, Esquire, of Haggerty & Silverman P.C., being duly affirmed according to law, deposes and says that he is the attorney for the Plaintiff in the above case. That on the 30th day of July, 2018, I forwarded a true and correct copy of the Writ of Summons to Defendant, K-Mart Corporation d/b/a K-Mart Store #4373, to its place of business, 3100 West Big Beaver Road, Troy, MI   48084, by United States Mail, Certified Mail Item Number 7013 1710 0000 6194 7931, with return receipt requested. That correspondence was returned to our office marked "not deliverable as addressed; unable to forward." And that on the 21st day of August, 2018, I forwarded a true and correct copy of the Writ of Summons to Defendant, K-Mart

No. CI-18-06005

Corporation d/b/a K-Mart Store #4373, to its place of business, 3333 Beverly Road, Hoffman

Estates, IL  60179, by United States Mail, Certified Mail Item Number 7013 1710 0000 6194

8280, with return receipt requested.  Said return receipt signed indicating it was received was

returned to Haggerty & Silverman, P.C. on the 24th day of August, 2018, a Certified Mail Return

Receipt bearing Item Number 7013 1710 0000 6194 8280 signed by Defendant, which is

attached hereto, and made a part hereof; and that the purpose of this Affidavit is to show proper

service of the Writ of Summons, which service satisfies the requirements of Pa. R.C.P. No. 400

et seq.

Respectfully submitted,
**HAGGERTY & SILVERMAN, P.C.**

Dated: _Aug 31, 2018_            By: _____
Samuel E. Encarnacion, Esquire
Attorney Identification No. 64417
*Attorney for Plaintiff*

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

K-Mart Corp d/b/a KMart Store
Attn: Risk Mgmt.    #4373
3333 Beverly Road
Hoffman Estates, IL 60179

|||||||||||||||||||||||||||||||||||||||||||||||||
9590 9402 3091 7124 5586 09

2. Article Number *(Transfer from service label)*

7013 1710 0000 6194 8280

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X    C Cemen    ☐ Agent
                 ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

C CONNEL    8/24/18

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

AUG 28 2018

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**HAGGERTY & SILVERMAN, P.C.**
Howard G. Silverman, Esquire
Attorney Identification No.: 48319
Samuel G. Encarnacion, Esquire
Attorney Identification No.: 64417
240 North Duke Street
Lancaster, PA   17602
(717) 397-3200
SamE@haggertylaw.com

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | | |
|---|---|---|
| MARIA GONZALEZ | : | |
| 5527 N.W. 3rd Street | : | |
| Miami, FL   33126 | : | |
|       Plaintiff | : | No. CI-18-06005 |
|       vs. | : | |
| K-MART CORPORATION | : | |
| d/b/a K-MART STORE #4373 | : | |
| 3100 West Big Beaver Road | : | |
| Troy, MI  48084 | : | |
|     and | : | |
| SEARS HOLDINGS CORPORATION | : | |
| d/b/a K-MART | : | |
| 3333 Beverly Road | : | |
| Hoffman Estates, IL   60179 | : | |
|       Defendants | : | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,
**HAGGERTY & SILVERMAN, P.C.**

Dated: _Aug 31, 2018_

By: _____
Samuel E. Encarnacion, Esquire
Attorney Identification No. 64417
*Attorney for Plaintiff*



No. CI-18-06005

ENTERED AND FILED

2018 AUG 31    AM 11: 13

**HAGGERTY & SILVERMAN, P.C.**
Howard G. Silverman, Esquire
Attorney Identification No.: 48319
Samuel G. Encarnacion, Esquire
Attorney Identification No.: 64417
240 North Duke Street
Lancaster, PA   17602
(717) 397-3200
SamE@haggertylaw.com

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

MARIA GONZALEZ                          :
5527 N.W. 3rd Street                    :
Miami, FL   33126                       :
      Plaintiff                     :    No. CI-18-06005
        vs.                     :
K-MART CORPORATION                      :
d/b/a K-MART STORE #4373                :
3100 West Big Beaver Road               :
Troy, MI  48084                         :
    and                         :
SEARS HOLDINGS CORPORATION              :
d/b/a K-MART                            :
3333 Beverly Road                       :
Hoffman Estates, IL   60179             :
      Defendants                    :    **JURY TRIAL DEMANDED**

## AFFIDAVIT OF SERVICE

     I, Samuel G. Encarnacion, Esquire, of Haggerty & Silverman P.C., being duly affirmed

according to law, deposes and says that he is the attorney for the Plaintiff in the above case; that

on the 30th day of July, 2018, I forwarded a true and correct copy of the Writ of Summons to

Defendant, Sears Holdings Corporation d/b/a K-Mart, to its place of business, 3333 Beverly

Road, Hoffman Estates, IL   60179, by United States Mail, Certified Mail Item Number 7013

1710 0000 6194 9188, with return receipt requested.  Said return receipt signed indicating it was

received was returned to Haggerty & Silverman, P.C. on the 8th day of August, 2018, a Certified

Mail Return Receipt bearing Item Number 7013 1710 0000 6194 9188 signed by Defendant,

No. CI-18-06005

which is attached hereto, and made a part hereof; and that the purpose of this Affidavit is to show

proper service of the Writ of Summons, which service satisfies the requirements of Pa. R.C.P.

No. 400 et seq.

Respectfully submitted,
**HAGGERTY & SILVERMAN, P.C.**

Dated: _Aug 31, 2018_                    By: _____

Samuel E. Encarnacion, Esquire
Attorney Identification No. 64417
*Attorney for Plaintiff*

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _C Conun_    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

_C CONNEN_

1. Article Addressed to:

Sears Holdings Corporation
d/b/a K-Mart
3333 Beverly Road
Hoffman Estates, IL 60179

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:    ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 3091 7124 5496 76

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7019 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

PS Form 3811, July 2015 PSN 7530-02-000-9053    Return Receipt

**HAGGERTY & SILVERMAN, P.C.**
Howard G. Silverman, Esquire
Attorney Identification No.: 48319
Samuel G. Encarnacion, Esquire
Attorney Identification No.: 64417
240 North Duke Street
Lancaster, PA  17602
(717) 397-3200
SamE@haggertylaw.com

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

| | | |
|---|---|---|
| MARIA GONZALEZ | : | |
| 5527 N.W. 3rd Street | : | |
| Miami, FL  33126 | : | |
| Plaintiff | : | No. CI-18-06005 |
| vs. | : | |
| K-MART CORPORATION | : | |
| d/b/a K-MART STORE #4373 | : | |
| 3100 West Big Beaver Road | : | |
| Troy, MI  48084 | : | |
| and | : | |
| SEARS HOLDINGS CORPORATION | : | |
| d/b/a K-MART | : | |
| 3333 Beverly Road | : | |
| Hoffman Estates, IL  60179 | : | |
| Defendants | : | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,
**HAGGERTY & SILVERMAN, P.C.**

Dated: Aug. 31, 2018

By: _____
Samuel E. Encarnacion, Esquire
Attorney Identification No. 64417
*Attorney for Plaintiff*

**EXHIBIT "B"**

**Fill in this information to identify the case:**

Debtor 1    K-Mart Corporation

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Southern District of New York

Case number   18-23538 (RDD)

[c] COPY

Claim No. 5213
Initials K.L.

RECEIVED
NOV 19 2018
PRIME CLERK LD 04/16

## Official Form 410

# Proof of Claim

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

*Filers must leave out or redact* information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.*

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Maria Gonzalez
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Haggerty & Silverman, P.C.
Name

240 North Duke Street
Number   Street

Lancaster    PA    17602
City    State    ZIP Code

Contact phone   717-397-3200

Contact email   SamE@haggertylaw.com

Where should payments to the creditor be sent? *(if different)*

Haggerty & Silverman, P.C.
Name

240 North Duke Street
Number   Street

Lancaster    PA    17602
City    State    ZIP Code

Contact phone   717-397-3200

Contact email   SamE@haggertylaw.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ – _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
     MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**    $ 85,000.00   **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unliquidated personal injury claim with demand of $85,000.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured:    $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11/13/2018
                  MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Samuel G. Encarnacion | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Haggerty & Silverman, P.C. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 240 North Duke Street | | |
| | Number    Street | | |
| | Lancaster | PA | 17602 |
| | City | State | ZIP Code |
| Contact phone | 717 397-3200 | Email | SamE@haggertylaw.com |

**Prime Clerk**
830 Third Ave, 9th Floor
New York, NY 10022

In re Sears Holdings Corporation
Case No. 18-23538
United States Bankruptcy Court for the Southern District of New York (White Plains)

**PRIME CLERK RECEIVED YOUR PROOF OF CLAIM.**

Date Filed: 11/19/2018
Proof of Claim No.: 5213

For additional information, please visit
**http://restructuring.primeclerk.com/Sears,**
or call us at 844.384.4460.



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 11232
02 4W
0000349804 NOV 30 2018

$ 000.35°

Maria Gonzalez
Haggerty & Silverman, P.C.
240 North Duke Street
Lancaster, PA 17602

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Sears Holdings Corporation |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number | 18-23538 (RDD) |

Ⓒ COPY

RECEIVED NOV 19 2018 PRIME CLERK LLC

Claim No. 5361
Initials K.L /IS

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Maria Gonzalez <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes. From whom? _____ |

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Haggerty & Silverman, P.C.
Name

240 North Duke Street
Number     Street

Lancaster          PA          17602
City                State         ZIP Code

Contact phone    717-397-3200

Contact email    SamE@haggertylaw.com

**Where should payments to the creditor be sent? (if different)**

Haggerty & Silverman, P.C.
Name

240 North Duke Street
Number     Street

Lancaster          PA          17602
City                State         ZIP Code

Contact phone    717-397-3200

Contact email    SamE@haggertylaw.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____ MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

---

**7. How much is the claim?**   $_____ 85,000.00 . Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by *Bankruptcy Rule 3001(c)(2)(A)*.

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unliquidated personal injury claim with demand of $85,000.

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* |

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11/18/2018
                  MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Samuel G. Encarnacion<br>First name        Middle name                    Last name |
| Title | Attorney |
| Company | Haggerty & Silverman, P.C.<br>Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 240 North Duke Street<br>Number        Street |
| | Lancaster                                    PA        17602<br>City                                            State    ZIP Code |
| Contact phone | 717 397-3200                        Email   SamE@haggertylaw.com |



**Prime Clerk**
830 Third Ave, 9th Floor
New York, NY 10022

U.S. POSTAGE >> PITNEY BOWES

ZIP 11232 $ 000.35⁰
02 4W
0000349804 DEC 07 2018

In re Sears Holdings Corporation
Case No. 18-23538
United States Bankruptcy Court for the Southern District of New York (White Plains)

Maria Gonzalez
Haggerty & Silverman, P.C.
240 North Duke Street
Lancaster, PA 17602

## PRIME CLERK RECEIVED YOUR PROOF OF CLAIM.

Date Filed: 11/19/2018
Proof of Claim No.: 5361

For additional information, please visit
**http://restructuring.primeclerk.com/Sears,**
or call us at **844.384.4460.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| IN RE: | : | Chapter 11 |
|---|---|---|
| | : | |
| **SEARS HOLDINGS CORPORATION,** | : | **Case No. 18-23538 (RDD)** |
| And   **K-MART CORPORATION** | : | **(Jointly Administered)** |

### CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing documents, Notice of Motion for Relief from Stay from Bankruptcy, Order Granting Limited Relief from the Automatic Stay and Affirmation of Motion of Maria Gonzalez for Relief from Automatic Stay, upon the person(s) and in the manner indicated below:

### SERVICE BY E-FILING AND FIRST CLASS MAIL
### ADDRESSED AS FOLLOWS:

Honorable Judge Robert D. Drain
United States Bankruptcy Court of Southern New York
300 Quarropas Street
White Plains, NY  10601

and

**Jacqueline Mancus**
**Weil, Gothshal, and Manges, LLP**
757 Fifth Avenue
New York, New York  10153

Respectfully submitted,
**HAGGERTY & SILVERMAN, P.C.**

Dated: Jan 16, 1919

By: _____
Samuel G. Encarnacion, Esquire
Attorney Identification No. 64417
*Attorney for Plaintiff*