AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Joseph L. Sorkin
Lacy M. Lawrence (*pro hac vice* pending)
*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF SEARS HOLDINGS CORPORATION, *ET AL*. FOR LEAVE TO FILE UNDER SEAL**
**PORTIONS OF THE COMMITTEE'S MOTION FOR ENTRY OF AN ORDER (I)**
**GRANTING LEAVE, STANDING, AND AUTHORITY TO COMMENCE AND**
**PROSECUTE CERTAIN CLAIMS ON BEHALF OF THE DEBTORS' ESTATES AND**
**(II) NON-EXCLUSIVE SETTLEMENT AUTHORITY IN RESPECT OF SUCH CLAIMS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Holdings") and its affiliated debtors and debtors in possession (collectively, the "Debtors" and, together with their non-Debtor affiliates, the "Company" or "Sears"), by and through its undersigned counsel, respectfully submits this motion (the "Sealing Motion") pursuant to the amended stipulated protective order entered on December 4, 2018 [ECF No. 1084] (the "Amended Stipulated Protective Order"), requiring the filing under seal of certain redacted portions of the (i) Motion of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, *et al.*, for Entry of an Order (I) Granting Leave, Standing, and Authority to Commence and Prosecute Certain Claims on Behalf of the Debtors' Estates and (II) Non-exclusive Settlement Authority in Respect of Such Claims (the "Standing Motion"), and (ii) Proposed Complaint (with exhibits) attached as Exhibit B to the Standing Motion (together, the "Sealed Documents"), should the Court determine that the material should be withheld from the public. A proposed order is attached hereto as Exhibit 1. Unredacted versions of the Sealed Documents will be provided to the Court and will be served on Debtors, ESL Investments, Inc., and the United States Trustee for Region 2.

**PRELIMINARY STATEMENT**

1. Shortly after 3 a.m. this morning, the Debtors officially closed the auction for the sale of substantially all of the Debtors' assets with an announcement that ESL Investments, Inc. was the successful bidder. For myriad reasons that will be set forth fully before this Court in the coming days, the Creditors' Committee opposes the proposed sale. At this critical juncture of the Debtors' Chapter 11 Cases[2], the Creditors' Committee seeks to file the Standing Motion and Proposed Complaint seeking standing to assert causes of action on behalf of the Debtors' estates

---

[2] Capitalized terms not defined herein have the same meaning given in the Standing Motion.

2

against Edward S. Lampert ("Lampert") (Chairman of the Board and former CEO of Holdings, ESL[3] (Lampert's investment firm and, with Lampert, Holdings's controlling shareholder), and Kunal S. Kamlani ("Kamlani") (ESL's President and a director of Holdings). The Creditors' Committee believes that these causes of action should be litigated in open court but is complying with its obligations under the Amended Stipulated Protective Order to file the Standing Motion and Proposed Complaint under seal because certain materials relied on or cited to in the Sealed Documents were designated by producing parties as "Confidential" or "Highly Confidential." For the avoidance of doubt, the Creditors' Committee does not believe that any of the information referred to in the Standing Motion or Proposed Complaint should be withheld from the public.

2. Since its appointment, the Creditors' Committee and its professionals have spent considerable time and energy investigating the prepetition transactions and conduct that led to the Debtors' bankruptcy filing. The Creditors' Committee has uncovered facts demonstrating that Sears's downfall—while, like the financial struggles of other big box retailers, was caused in part by the Internet age and other factors beyond Sears's control—also was precipitated by years of misconduct by Lampert, ESL, and others against Sears and its creditors. By accepting ESL's bid to acquire Sears, made in large part through a credit bid of disputed claims, the Debtors—led by Board members who were handpicked by and are beholden to Lampert and ESL—have capitulated to Lampert's and ESL's efforts to control the remaining assets of Sears and deprive unsecured creditors, already damaged by Lampert's and ESL's multi-year and multi-faceted scheme, of any chance of a recovery. In the Sealed Documents, the Creditors' Committee seeks standing on behalf of the Debtors' estates to remedy the injustices that the Defendants have perpetrated on Sears and its stakeholders.

---

[3] "ESL" refers to Defendants ESL Investments, Inc.; ESL Partners, L.P.; JPP, LLC; and JPP II, LLC.

3.  Sears's downfall is nothing short of tragic. After taking control of Sears in 2005, ESL—acting at all times at founder and namesake Lampert's direction—engaged in serial asset stripping, taking Sears's best assets out of the enterprise to shield them from the claims of other creditors and maximize ESL's investments (in Sears and other entities) in anticipation of these inevitable bankruptcy proceedings. Over the course of Lampert's and ESL's reign, Sears closed over 3,500 stores, cut approximately 250,000 jobs, and lost untold billions in value. In effect, Lampert and ESL managed Sears as if it were a private portfolio company that existed solely to provide the greatest returns on their investment, recklessly disregarding the damage to Sears, its employees, and its creditors. As Sears's CEO, Chairman of the Board, controlling shareholder (with ESL), and "bank," Lampert was hopelessly conflicted as he presided over Sears's descent into insolvency and a persistent state of liquidity crisis. Time after time, Lampert used those self-made crises to divert more of Sears's assets for his and ESL's benefit or to burden Sears with more and more purported "debt" obligations (held by ESL, of course) that would never and could never be paid back without an unfathomable turnaround of Sears.

4.  Lampert and ESL should not now be allowed to assert superior claims to the value of Sears's remaining assets over the very creditors they damaged through the asset stripping transactions they directed and secured financing transactions they coordinated for Lampert's and ESL's own benefit. Nor should they be able to shield their conduct from public scrutiny through inappropriate confidentiality designations. ESL's current bid to "save the Company" is nothing but the final fulfillment of a years-long scheme to deprive Sears and its creditors of assets and its employees of jobs while lining Lampert's and ESL's own pockets. Accordingly, by the Sealed Documents, the Creditors' Committee seeks standing to prosecute the Proposed Claims, seeking the following relief:

4

- The recharacterization as equity or equitable subordination of the "debt" that ESL provided to Sears during the years leading up to these Chapter 11 Cases. ESL papered these capital infusions as debt and now seeks to assert claims against the Debtors' estates (as to all claims asserted by or on behalf of ESL against the Debtors' estates, "ESL's Claims"), when in fact ESL contributed this capital to Sears knowing it would be dissipated by unrelenting losses, and without any reasonable expectation (much less some formal projection) that such "debt" could ever be repaid according to its terms. ESL's purpose in providing this capital to Sears was to maximize the value of its investments in Sears and the spin-off entities (including Seritage) and position itself advantageously vis-à-vis Sears's creditors in anticipation of these Chapter 11 Cases. These contributions (referred to in the Standing Motion as the 2016-2018 ESL Contributions) bear the hallmarks of equity, not debt, and should be recharacterized. They also are part of a years-long pattern of entirely unfair and inequitable conduct by Lampert and ESL against Sears and its stakeholders that requires the equitable subordination of all of ESL's Claims to the claims of all unsecured creditors.

- The recovery from ESL of the value of the properties transferred in the Seritage Transaction, in which Sears transferred some of its most valuable real estate to Seritage, an entity controlled by Lampert and ESL, for less than reasonably equivalent value and at a time when Sears was (or was rendered) insolvent. Lampert and ESL caused Sears to execute the Seritage Transaction with an actual intent to hinder, delay, or defraud creditors. Pursuant to sections 544 and 550 of the Bankruptcy Code (and applicable state law), Lampert and ESL must return the full value of the assets transferred to Seritage because of this constructive and actual fraudulent transfer. Relatedly, the Creditors' Committee seeks to disallow all of ESL's Claims in these Chapter 11 Cases pursuant to section 502 of the Bankruptcy Code.

- The avoidance of the obligations incurred in connection with a number of transactions, including the avoidance of: (i) the Lands' End spin-off as a fraudulent transfer; (ii) the 2016-2018 ESL Contributions and/or liens associated therewith pursuant to sections 544 and 548 of the Bankruptcy Code and applicable state law because Lampert and ESL caused Sears to execute them with an actual intent to hinder, delay, or defraud creditors; and (iii) grants and guarantees made by certain of Sears's subsidiaries in connection with the creation of the IP/Ground Lease Term Loan Facility as constructively fraudulent because those subsidiaries incurred obligations for less than reasonably equivalent value (or no value) and at times when those subsidiaries were insolvent as a result of Lampert's and ESL's asset-stripping schemes. Relatedly, the Creditors' Committee seeks to disallow all of ESL's Claims under section 502 of the Bankruptcy Code.

- The recovery of all ill-gotten gains and compensation for the damages incurred by the Debtors and their stakeholders due to the wrongful actions of Lampert, ESL, and Kamlani (who is ESL's President and Lampert's right-hand man). By directing, facilitating, and approving a scheme to rob the Debtors and their stakeholders of value, Lampert, ESL, and Kamlani breached the fiduciary duties

5

they owed to the Debtors and their stakeholders. For similar reasons, Lampert and ESL were unjustly enriched by the scheme to strip assets from the Debtors for their own benefit.[4]

5.  The above remedies would rectify only some of the wrongs Lampert and ESL have perpetrated on Sears, its stakeholders, and its creditors. Nothing can undo Sears's excruciating, slow motion destruction at the hands of Lampert and ESL. But without any such recourse, Lampert and ESL will have created the perfect blueprint for future bad actors: stack a company's board of directors with allies and devotees; with their blessing, raid the company's cash and assets; in the process, dismantle operations and put hundreds of thousands of employees out of a job; and, finally, manipulate chapter 11 proceedings to obtain the company's remaining assets for a bargain while falsely claiming to "save" a fraction of the jobs already sacrificed. Throughout these proceedings, Lampert and ESL have painted themselves as saviors, stating that their bid will save the few jobs they have not already eliminated—but for how long? They have failed to set forth a business plan that offers any viable go-forward path. Sears simply cannot survive as a going concern.

6.  This is a matter of significant public interest and should be heard entirely in open court. Pursuant to the Amended Stipulated Protective Order, the Creditors' Committee has no choice but to move to file the Sealed Documents under seal, even though it believes that these Confidential and Highly Confidential designations are not appropriate and that the Standing Motion and Proposed Complaint should be made public in their entirety.

---

[4] The Creditors' Committee is continuing to investigate the many additional prepetition transactions involving Sears and ESL and therefore reserves the right to assert additional claims if warranted by the evidence.

18-23538-rdd    Doc 1598    Filed 01/17/19    Entered 01/17/19 13:52:42    Main Document
Pg 7 of 14

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

8. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

9. The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a) and 107(b), Bankruptcy Rule 9018 and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

10. Since nearly the beginning of these cases, the Creditors' Committee has been endeavoring on its own and coordinating with the Restructuring Subcommittee of the Debtors to obtain documents relevant to the Creditors' Committee's investigation.

11. The Creditors' Committee and its professionals have also conducted a number of interviews, including with the Debtors, Lampert, Kamlani, and others, to allow the Creditors' Committee to better understand and evaluate certain prepetition transactions.

12. To facilitate the provision of confidential materials to the Creditors' Committee in connection with the discovery requests and conversations among the parties, the Debtors and the Creditors' Committee entered into a stipulated protective order, which was filed and so-ordered by the Court on November 9, 2018 [ECF No. 605] (the "Stipulated Protective Order"). The Debtors and the Creditors' Committee subsequently entered into the Amended Stipulated Protective Order on December 4, 2018 [ECF No. 1084].

13. The Amended Stipulated Protective Order sets forth the procedures for designating discovery material as either Confidential or Highly Confidential and provides the terms for the

7

limited use of such materials. Moreover, the Amended Stipulated Protective Order governs the use of Confidential and Highly Confidential materials in pleadings or other papers filed with the Court. Specifically, the Amended Stipulated Protective Order requires that all portions of pleadings, motions, or other papers filed with the Court that disclose Confidential or Highly Confidential materials be filed under seal. *See* Amended Stipulated Protective Order ¶ 13.

14. The Creditors' Committee has received numerous documents from the Debtors, ESL, and others and their respective professionals in connection with the discovery process, as well as interview testimony from several witnesses who testified on behalf of the Debtors, ESL, and their respective professionals.

## BASIS FOR RELIEF

15. The Sealed Documents rely upon, describe, and cite to documents, testimony, and information that have been designated wholesale under the Amended Stipulated Protective Order as Confidential or Highly Confidential. The Creditors' Committee does not believe these designations are appropriate. None of these documents, testimony, or information contain or constitute proprietary information of a nature appropriate for designation as Confidential or Highly Confidential. Moreover, this is a case of significant public interest and impact and should be heard in open court. While the Creditors' Committee does not agree that the Sealed Documents should be sealed, pursuant to the Amended Stipulated Protective Order the Creditors' Committee is required to file portions of the Standing Motion and Proposed Complaint under seal. The Sealed Documents will remain sealed in accordance with and for the duration stated in the Amended Stipulated Protective Order. The unredacted versions of the Sealed Documents will be retrieved and disposed of in accordance with the Amended Stipulated Protective Order at the conclusion of the matter.

**RESERVATION OF RIGHTS**

16. The Creditors' Committee reserves its right to object to the designation of Confidential and Highly Confidential information, including the designation of the information contained in the Sealed Documents.

**NOTICE**

17. Notice of this Sealing Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 [ECF No. 405]. The Creditors' Committee respectfully submits that no further notice is required.

**CONCLUSION**

WHEREFORE, the Creditors' Committee respectfully requests that the Court authorize it to file the Sealed Documents under seal or any such other and further relief deemed just, proper, and equitable.

<table>
</table>

| | |
|---|---|
| New York, New York<br>Dated: January 17, 2019 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>By: /s/ *Ira S. Dizengoff*<br>　　Ira S. Dizengoff<br>　　Philip C. Dublin<br>　　Abid Qureshi<br>　　Joseph L. Sorkin<br>　　One Bryant Park<br>　　New York, New York 10036<br>　　Telephone: (212) 872-1000<br>　　Facsimile: (212) 872-1002<br>　　idizengoff@akingump.com<br>　　pdublin@akingump.com<br>　　aqureshi@akingump.com<br>　　jsorkin@akingump.com<br><br>　　Lacy M. Lawrence (*pro hac vice* pending)<br>　　2300 N. Field Street, Suite 1800<br>　　Dallas, Texas 75201<br>　　Telephone: (214) 969-2800<br>　　Facsimile: (214) 969-4343<br>　　llawrence@akingump.com<br><br>　　*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |

## EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] ) | Case No. 18-23538 (RDD) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

**ORDER ON MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL*. FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THE COMMITTEE'S MOTION FOR ENTRY OF AN ORDER (I) GRANTING LEAVE, STANDING, AND AUTHORITY TO COMMENCE AND PROSECUTE CERTAIN CLAIMS ON BEHALF OF THE DEBTORS' ESTATE AND (II) NON-EXCLUSIVE SETTLEMENT AUTHORITY IN RESPECT OF SUCH CLAIMS AND REQUIRING THE FILING OF UNREDACTED DOCUMENTS**

Upon the motion (the "Sealing Motion")[2] of the Creditors' Committee; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Sealing Motion in this district is proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein but not defined shall have the meanings given to them in the Sealing Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Sealing Motion is pursuant to the Amended Stipulated Protective Order [ECF No. 1084]; and the Court having found that the Creditors' Committee provided appropriate notice of the Sealing Motion; and the Court having reviewed the unredacted versions of the Sealed Documents and given the important public nature of the proceedings determined that the Sealed Documents should not be filed under seal; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Creditors' Committee is authorized to file the Sealed Documents in unredacted form on the docket.

2. Notice of the Sealing Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

3. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The Creditors' Committee is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: January __, 2019
      White Plains, New York

                                                                                                                                                _____
                                                                                                                                                THE HONORABLE ROBERT D. DRAIN
                                                                                                                                                UNITED STATES BANKRUPTCY JUDGE