

U.S. Department of Justice

Office of the United States Trustee

*Southern District of New York*

---

January 17, 2019

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    **Sears Holdings Corporation,** *et al.,*
               **Case No. 18-23538 (RDD)**

Dear Judge Drain:

      The docket for this case reflects a request to file under seal portions of the motion of the official committee of unsecured creditors (the "Committee") for an order granting the Committee standing to prosecute claims (the "Seal Motion"). Docket No. 1598.

      The Seal Motion is based upon this Court's Amended Stipulated Protective Order (the "Protective Order"). Docket No. 1084. The Protective Order allows parties producing discovery to designate such discovery as "Confidential Material" or "Highly Confidential Material." Protective Order at ¶ 5. The Protective Order requires that all portions of pleadings, motions or other papers filed with the Court that disclose Confidential or Highly Confidential materials be filed under Seal. Seal Motion at ¶ 13.

      In seeking to file pleadings under seal, the Seal Motion merely refers to the Protective Order. The Seal Motion does not provide any substantive argument that the information sought to be sealed is truly confidential and its disclosure will harm the Debtors or their estates or put them at a competitive disadvantage. In fact, the Seal Motion provides that "this is a case of significant public interest and impact and should be heard in open court. While the [] Committee does not agree that the Sealed Documents should be sealed, pursuant to the [] Protective Order the [] Committee is required to file portions of the Standing Motion and Proposed Complaint under seal." Seal Motion at ¶ 15.

      The burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code Section 107(b) and FRBP 9018, *see Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3d Cir. 2001); *In re Fibermark, Inc.*, 330 B.R. 480 (Bankr. D. Vt. 2005). The Seal Motion fails to meet that burden. Rather, it merely refer to the Protective Order. Accordingly, the United States Trustee objects to the Seal Motion. *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994)("The policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in a bankruptcy proceeding."); *Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.)*, 492

B.R. 162, 180 (Bankr. S.D.N.Y. 2013)(a confidentiality order does not displace the Court's duty to scrutinize the request for a seal order); *In re Barney's, Inc.*, *et al.*, 201 B.R.703, 707 (Bankr. S.D.N.Y. 1996) ("Congress did not intend that sealed pleadings be the rule in bankruptcy cases"); *In re Alterra Healthcare Corp.*, No. 03-10254 (MFW), 2006 WL 2946055, at * 6 (Bankr. D. Del. 2006) ("Congress has codified the historical practice of open access in bankruptcy").

Should your honor have any questions, please do not hesitate to have your law clerk contact me.

Very truly yours,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2


By:     /s/ *Paul k. Schwartzberg*
Paul K. Schwartzberg
Trial Attorney