WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------x

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## KMART.COM LLC
## CASE NO. 18-23585 (RDD)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

### GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Sears Holdings Corporation ("**Sears Holdings**") and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**" and, collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" or "**SOFA**" and, collectively, the "**Statements**" or "**SOFAs**" in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statements of Limitations, Methodology and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all the Schedules and Statements. The Global Notes are in addition to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

specific notes set forth below with respect to particular Schedules and Statements (the "**Specific Notes**" and, together with the Global Notes, the "**Notes**").   These Global Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals and have necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' businesses, the Debtors' management has not (and could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors.

The Schedules and Statements are unaudited and subject to potential adjustment.   In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors' management team and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to the Schedules or Statements and inadvertent errors, omissions, or inaccuracies may exist.   Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of debtor or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."   Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1. **Description of the Cases.** The Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code on October 15, 2018 (such Debtors, the "**Initial Debtors**"), and on October 18, 2018, October 22, 2018, and

January 7, 2018 (such Debtors, the **Additional Debtors**"),[2] each such date, the
"**Commencement Date**" for the relevant Debtors.  The Debtors are authorized to
operate their businesses and manage their properties as debtors in possession
pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 16,
2018, the Bankruptcy Court entered an order authorizing the joint administration
of the cases of the Initial Debtors pursuant to Bankruptcy Rule 1015(b).   On
November 1, 2018, November 2, 2018, and January 10, 2019, the Bankruptcy
Court applied such order to the cases of the Additional Debtors.  On October 24,
2018, the United States Trustee for the Southern District of New York Region 2
(the "**U.S. Trustee**") appointed an official committee of unsecured creditors
pursuant to section 1102(a)(1) of the Bankruptcy Code (the "**Creditors'
Committee**").

2.      **Basis of Presentation.**   For financial reporting purposes, the Debtors generally
prepare consolidated financial statements, which include financial information for
Sears Holdings and its subsidiaries, including both Debtors and certain non-debtor
affiliates.  The Schedules and Statements are unaudited and reflect the Debtors'
reasonable efforts to report certain financial information of each Debtor on a
stand-alone, unconsolidated basis. These Schedules and Statements, neither
purport to represent financial statements prepared in accordance with Generally
Accepted Accounting Principles in the United States ("**GAAP**"), nor are they
intended to be fully reconciled with the financial statements of each Debtor.

The Debtors attempted to attribute the assets and liabilities, certain required
financial information, and various cash disbursements to the proper Debtor entity.
However, because the Debtors' accounting systems, policies, and practices were
developed for consolidated reporting purposes, rather than by individual legal
entity, it is possible that not all assets, liabilities or amounts of cash disbursements
have been recorded with the correct legal entity on the Schedules and Statements.
Accordingly, the Debtors reserve all rights to supplement and/or amend the
Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the valuation of certain
assets and the valuation and nature of certain liabilities, a Debtor may report more
assets than liabilities.  Such report shall not constitute an admission that such
Debtor was solvent on the Commencement Date or at any time before or after the
Commencement Date.  Likewise, a Debtor reporting more liabilities than assets
shall not constitute an admission that such Debtor was insolvent at the
Commencement Date or any time prior to or after the Commencement Date.

3.      **Reporting Date.**  Unless otherwise noted, the Schedules and Statements generally
reflect the Debtors' books and records as of the close of business on the

---

[2] The Additional Debtors, along with the last four digits of each Additional Debtor's federal tax identification
number are, as follows: (i) SHC Licensed Business LLC (3718) filed on October 18, 2018; (ii) SHC Promotions
LLC (9626) filed on October 22, 2018; and (iii) SRe Holding Corporation (4816) filed on January 7, 2019.

Commencement Date, adjusted for authorized payments under the First Day
Orders (as defined below).[3]

4. **Current Values.** The assets and liabilities of each Debtor are listed on the basis
of the book value of the asset or liability in the respective Debtor's accounting
books and records. Unless otherwise noted, the carrying value on the Debtor's
books, rather than the current market value, is reflected in the Schedules and
Statements.

5. **Confidentiality.** There may be instances where certain information was not
included or redacted due to the nature of an agreement between a Debtor and a
third party, concerns about the confidential or commercially sensitive nature of
certain information, or to protect the privacy of an individual. The omissions and
redactions are limited to only what is necessary to protect the Debtor or a third
party and will provide interested parties with sufficient information to discern the
nature of the listing.

6. **Consolidated Entity Accounts Payable and Disbursement Systems.** As
described in the Cash Management Motion,[4] the Debtors utilize an integrated,
centralized cash management system, in the ordinary course of business, to collect,
concentrate, and disburse funds generated by their operations (the "**Cash
Management System**"). The Debtors maintain a consolidated accounts payable
and disbursements system to pay operating and administrative expenses through
various disbursement accounts.

In the ordinary course of business, the Debtors maintain business relationships
among each other and with certain non-debtor affiliates, which result in
intercompany receivables and payables (the "**Intercompany Claims**") arising
from intercompany transactions (the "**Intercompany Transactions**"). As set
forth more fully in the Cash Management Motion, the primary Intercompany
Transactions giving rise to Intercompany Claims are cash receipts activities,
disbursement activities, inventory purchases, and expense allocations.
Historically, Intercompany Claims are not settled by actual transfers of cash
among the Debtors. Instead, the Debtors track all Intercompany Transactions in

---

[3] While the Additional Debtors (i) SHC Licensed Business LLC (3718) and (ii) SHC Promotions LLC (9626) filed
subsequent to the Initial Debtors' Commencement Date, unless otherwise indicated the information presented in the
Schedules and Statements is as of the Initial Debtors' Reporting Date of October 15, 2018. The Debtor SRe Holding
Corporation (4816) filed on January 7, 2019 and the information presented in the Schedules and Statements is as of
January 5, 2019, which coincides with the timing of this Debtor's fiscal accounting period that is closest to January
7, 2019.

[4] *Motion of Debtors for Authority to (i) Continue Using Existing Cash Management System, Bank Accounts, and
Business Forms, (ii) Implement Ordinary Course Changes to Cash Management System, (iii) Continue
Intercompany Transactions, and (iv) Provide Administrative Expense Priority for Postpetition Intercompany
Claims and Related Relief* (ECF No. 5) (the "**Cash Management Motion**").

their accounting system, which concurrently are recorded on the applicable Debtors' balance sheets.

In addition, as defined and discussed in the Cash Management Motion, the Debtors are party to certain Foreign Affiliate Intercompany Transactions, Warranty Payments and Intellectual Property Intercompany Transactions. Unless otherwise noted, the Debtors have reported the aggregate net intercompany balances among the Debtors and their non-debtor affiliates as assets on Schedule A/B or as liabilities on Schedule E/F, as appropriate.

7.   **Accuracy.**  Although the Debtors have made reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary or appropriate. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

8.   **Net Book Value of Assets.**  In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets. As such, wherever possible, unless otherwise indicated, net book values as of the Commencement Date are presented for all assets. When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. As applicable, fixed assets and leasehold improvement assets that fully have been depreciated, amortized or impaired, or were expensed for GAAP accounting purposes, have no net book value, and, therefore, are not included in the Schedules and Statements.

9.   **Currency.**  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

10.  **Payment of Prepetition Claims Pursuant to First Day Orders.**  Shortly after October 15, 2018, the Bankruptcy Court entered orders (collectively, the "**First-Day Orders**"), authorizing, but not directing, the Initial Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the Debtors' banks and debit and credit card companies; (ii) claims of warehousemen and miscellaneous lien claimants; (iii) certain insurance obligations; (iv) obligations to "critical vendors;" (v) customer programs obligations; (vi)

employee wages, salaries, and related items, including, but not limited to, employee benefit programs and independent contractor obligations; (vii) taxes and assessments; and (viii) amounts held in trust or on a consignment basis where the company has collected on behalf of a third party.[5]  Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Commencement Date. To the extent any adjustments are necessary for any payments made on account of such claims following the commencement of these chapter 11 cases pursuant to the authority granted to the Debtors by the Bankruptcy Court under the First-Day Orders, such adjustments have been included in the Schedules and Statements unless otherwise noted on the applicable Schedule or Statement. The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to the First-Day Orders.

11. **Other Paid Claims.**  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

12. **Setoffs.** The Debtors routinely incur certain setoffs from customers and suppliers in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, customer programs, returns, promotional funding, warranties, refunds, and other disputes between the Debtors and their customers and/or suppliers. These routine setoffs are consistent with the ordinary course of business in the Debtors' industry, and, therefore, can be particularly voluminous, unduly burdensome, and costly for the Debtors to regularly document. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and, as such, are excluded from the Schedules and Statements. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.

13. **Accounts Receivable.** The accounts receivable information listed on the Schedules includes receivables from the Debtors' customers and are calculated net of any amounts that, as of the Commencement Date, may be owed to such customers in the form of offsets or other price adjustments pursuant to the Debtors' customer program policies and day-to-day operating policies.

---

[5] The First Day Orders were later applied to the Additional Debtors by the Bankruptcy Court.

14. **Inventory.** Inventories are valued at the lower of cost or market determined primarily using the retail inventory method.  For certain of the Debtors that operate as Kmart, their merchandise inventories are valued under the retail inventory method using primarily a first-in, first-out cost flow assumption. For certain of the Debtors that operate as Sears, their merchandise inventories are valued under the retail inventory method using primarily a last-in, first-out cost flow assumption.

15. **Property and Equipment.** Property and equipment (including leasehold improvements) are carried at cost, less accumulated depreciation.  Additions and substantial improvements are capitalized and include expenditures that materially extend the useful lives of existing facilities and equipment.  Maintenance and repairs that do not materially improve or extend the lives of the respective assets are expensed as incurred.  Depreciation expense, which includes depreciation on assets under capital leases, is recorded over the estimated useful lives of the respective assets using the straight-line method for financial statement purposes. The range of lives are generally 20 to 50 years for buildings, 3 to 10 years for furniture, fixtures and equipment, and 3 to 5 years for computer systems and computer equipment. Leasehold improvements are depreciated over the shorter of the associated lease term or the estimated useful life of the asset.

    The inventories, property and equipment listed in the Schedules are presented without consideration of any mechanics' or other liens.

16. **Mechanics' & UCC Liens.**  Known, filed mechanics' and UCC liens are listed on Schedule D.  The inventories, property, plant and equipment listed in these Schedules are presented without consideration of any mechanics' or other liens. To the extent the corresponding Debtor is identified within the filed documents, the liens are identified on that Debtor's Schedule D.  Those documents that do not identify a specific debtor are listed on Schedule D for Sears Holdings.

17. **Excluded Assets and Liabilities.** Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported. Therefore, they do not represent specific claims as of the Commencement Date and are not otherwise set forth in the Schedules. Additionally, certain deferred assets, charges, accounts or reserves recorded for GAAP reporting purposes only and certain assets with a net book value of zero are not included in the Schedules. Excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, self-insurance reserves, closed store and warehouse reserves, accrued occupancy related costs for open stores, deferred real estate income, favorable lease rights and unfavorable lease liabilities.   Other immaterial assets and liabilities may have been excluded.

In the ordinary course of business, the Debtors maintain a customer loyalty reward program that entitles customers to receive certain benefits based on the amount they spend with the Debtors and certain partners (the "**Shop Your Way Program**").  As of the Commencement Date, there were approximately 144 million customers enrolled in the Shop Your Way Program.  The Debtors received approval under the *Order Authorizing Debtors to (i) Maintain and Administer Prepetition Customer Programs, Promotions, and Practices, and (ii) Pay and Honor Related Prepetition Obligations* (ECF No. 135) (the "**Customer Programs Order**") to continue to honor Shop Your Way program benefits and obligations.  Due to the Debtors' concern for their customers' privacy, and because it would be unduly burdensome and costly, the Debtors have not provided this customer list in their response to Schedule A/B Part 10.  The Debtors' customer list associated with the Shop Your Way Program is not representative of the customer lists generally identified in the Schedules.

The Debtors also support a number of other customer programs such as the ability for customers to purchase gift cards from the Debtors' stores to be redeemed later for merchandise, offers to customers for markdowns, deals, blue light specials and other offers, and may honor both their own and third-party coupons for discounts on merchandise.  The Debtors have received approval under the Customer Programs Order to continue to honor these program benefits.

The Debtors offer their customers an opportunity to purchase protection agreements ("**PAs**") or extended warranties under a number of different in-house programs that cover the repair or replacement cost of a product, including, but not limited to, home appliances, tools, jewelry, tires, electronics, lawn mowers and certain heating, ventilation, and air-conditioning products.  The Debtors offer service plans for these various products (retail and aftermarket) at different protection levels known as "Master Protection Agreements."  There are millions of customers enrolled in these various PAs.  The Debtors received approval under the Customer Programs Order to continue to honor these agreements.

18. **Debtors' Reservation of Rights.**  Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, the following:

   a.  Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on its Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

   b.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

c.  The listing of a claim (i) on Schedule D as "secured," (ii) on Schedule E/F as either "priority," or "unsecured priority," or (iii) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.  Listing a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules accordingly.

d.  In the ordinary course of their business, the Debtors may lease equipment from certain third-party lessors for use in the daily operation of its business. Any such leases are set forth in Schedule G and any current amount due under such leases that were outstanding as of the Commencement Date is listed on Schedule E/F. The property subject to any of such leases is not reflected in Schedule A/B as either owned property or assets of the Debtor nor is such property reflected in the Debtor's Statement of Financial Affairs as property or assets of third parties within the control of the Debtor. Nothing in the Statements or Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including, but not limited to, the recharacterization thereof.

e.  The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including, but not limited to the right to assert claims objections and/or setoffs with respect to the same.

f.  The Debtors' businesses are part of a complex enterprise. Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases set forth on the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

9

g.  The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

h.  The Debtors exercised their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  However, a review of these agreements, specifically the Debtors' unexpired leases and executory contracts, is ongoing.  Where such Guarantees have been identified, they are included in the relevant Schedules and Statements.  Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements inadvertently may have been omitted. Thus, the Debtors reserve their rights to amend and supplement the Schedules and Statements to the extent that additional Guarantees are identified.  In addition, the Debtors reserve the right to amend the Schedules and Statements to re-characterize and reclassify any such contract or claim.  The Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings and debt instruments on Schedule H.  Guarantees with respect to the Debtors' executory contracts and unexpired leases are not included on Schedule H and the Debtors believe that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, other secured financing, debt instruments and similar agreements may exist and, to the extent they do, will be identified upon further review.

i.  Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

j.  To timely close the books and records of the Debtors as of the Commencement Date and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses as of the Commencement Date. The Debtors reserve all rights to amend the reported amounts of assets, liabilities, reported revenue and expenses to reflect changes in those estimates and assumptions.

19. **Global Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

**Specific Notes with Respect to the Debtors' Schedules of Assets and Liabilities**

1. **Schedule-Specific Disclosures.** Each of Schedules A/B, D, E/F, G and H contain explanatory or qualifying notes that pertain to the information provided in the Schedules. Those Schedule-specific notes are incorporated herein by reference. The asset totals listed on the Schedules represent all known amounts included in the Debtors' books and records as of the Commencement Date. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

2. **Schedules A/B**

   a. **Part 1.** Details with respect to the Debtors' cash management system are provided in the Cash Management Motion.

   The Debtors are in possession of certain monies related to tenant or subtenant deposits where the Debtors are the lessor. These monies are not segregated in separate accounts and have been reported in the Debtors' cash balances. The Debtors believe that these amounts aggregate to less than $600,000.

   The restricted cash balance ($281.9 million) at Debtor Sears Holdings Corporation represents amounts in an escrow account held for the benefit of PBGC. This restricted cash was disbursed to the PBGC in November 2018.

   **Part 2.** The amounts listed in Part 2 for each Debtor are listed in accordance with the Debtors' books and records. These amounts do not necessarily reflect assets the Debtors will be able to collect or realize.

   The Debtors have numerous deposits with utility companies serving certain geographies with multiple facilities. It has been the Debtors' practice to largely account for these deposits on an operational, rather than on a store location and corresponding legal entity basis, which has resulted in utility deposits being primarily recorded on the balance sheets of debtors Kmart Corporation and Sears, Roebuck and Co. The carrying value of the deposits, as reflected in each Debtors' records, are listed in Part 2.

   The Debtors also maintain deposits to satisfy certain statutory requirements related to PAs, and sales tax requirements for the franchise business. These deposits are included in the Schedules for the appropriate legal entity as either collateral or miscellaneous deposits.

   Prepaid expenses primarily consist of cash in advance amounts paid to numerous vendors and suppliers for the purchase of inventory items. These advances were generally made on an operational basis for a vendor in the total amount for the Debtors, rather than by invoice or individual legal entity. The excess advances

11

above payables have been reclassified as prepaid inventory or prepaid miscellaneous expenses and are subject to reconciliation. The remaining prepaid expenses primarily relate to prepaid advertising, insurance, rent and data processing expenses. It has been the Debtors' practice to largely account for these advances on an operational, rather than a corresponding legal entity basis, which has resulted in the advances being primarily recorded on the balance sheets of Debtors: Sears, Roebuck and Co.; Sears Holdings Management Corporation; Kmart Operations LLC; Sears Operations LLC; and Sears Holdings Corporation.

b. **Part 3.** The Debtors performed an analysis to estimate their accounts receivable aging on a legal entity basis. This analysis was performed using accounts receivable data as of October 6, 2018, which coincides with the timing of the Debtors' fiscal accounting period that is closest to the Commencement Date. The October 6, 2018 information was utilized to estimate the aging as the level of detail required to perform this estimation was not available as of the Commencement Date.

c. **Part 4.** Any of the Debtors' ownership interests in subsidiaries, partnerships, and joint ventures are listed in Schedule A/B, Part 4, as undetermined amounts, because the fair market value of such interests is dependent on numerous variables and factors and may differ significantly from the net book value.

Membership or equity interests held by each of the Debtors in the other Debtor entities are contained in the Debtors' corporate ownership interest statements, which were filed in the Debtors' chapter 11 cases (collectively,[6] and as may be amended and supplemented, the "**Corporate Ownership Statements**"), and are hereby incorporated into Schedule A/B, Part 4, by reference. Consequently, such interests are not listed again in these Schedules.

d. **Part 5.** Amounts presented in the Schedules exclude any amounts of inventory on consignment. Amounts presented as inventory receipts within twenty days of filing have not been reduced to reflect inventory received under cash in advance payment or payments made post-petition under certain First-Day Orders. The amounts listed in this Part 5 should not be interpreted as an estimate of outstanding 11 U.S.C. § 503(b)(9) balances.

e. **Part 8.** Actual realizable values of the identified leased or owned vehicles, machinery, fixtures and equipment may vary significantly relative to net book values as of the Commencement Date.

---

[6] The Initial Debtors' Consolidated Corporate Ownership Statement can be found at ECF No. 2. Debtors SHC Licensed Business LLC, SHC Promotions LLC, and SRe Holding Corporation commenced voluntary cases under chapter 11 of the Bankruptcy Code October 18, 2018, October 22, 2018, and January 7, 2019 respectively, and are jointly administered with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules. For ownership information pertaining to these three subsidiary legal entities, please refer to ECF No. 2 under Case No. 18-23616, ECF No. 2 under Case No. 18-23630, and ECF No. 2 under Case No. 19-22031 for SHC Licensed Business LLC, SHC Promotions LLC, and SRe Holding Corporation, respectively.

f.  **Part 9.** The values listed for the real property owned and leased by the Debtors are the net book values of the various asset components (land, buildings, leasehold improvements, capital lease assets, etc.) as recorded on the fixed asset register for each applicable Debtor.  A listing of each real property (primarily store locations) owned by each of the Debtors is contained in a Rider to Schedule A/B for each applicable Debtor.  The Debtors have not included the net book value of each Debtor's interest in each owned or leased property as its fixed asset records are maintained on an operational rather than on a store location and corresponding legal entity basis.

Due to the complexity of certain of the Debtors' leasing and real estate transactions, the Debtors may have inadvertently listed certain properties as real property assets in Part 9 when such properties are in fact properties that are subject of certain of the executory contracts and unexpired leases reported on Schedule G. The Debtors reserve all rights to re-characterize their interests in real property at a later date.  Further, due to the volume of the Debtors' real and personal property holdings, the Debtors may have listed certain assets as real property assets when such holdings are in fact in the nature of personal property holdings.  Debtors may also have listed certain assets as personal property assets when such holdings are in fact real property holdings.  The Debtors are continuing to review all relevant documents and expressly reserve their right to amend, re-categorize and/or re-characterize such asset holdings at a later time to the extent the Debtors determine such holdings were improperly listed.

g.  **Part 10.**  Part 10 identifies the Debtors' patents, copyrights, trademarks and trade secrets. The values presented in Part 10 reflect the net book value, to the extent that such value is reflected in the Debtors' books and records. A number of the trademarks are registered in multiple countries, including the United States.

Part 10 also includes a best effort listing of the Debtors' registered internet domains and websites. The act of not listing any specific domain or website is not a relinquishing of ownership.  The values presented in this Schedule reflect the net book value, to the extent that such value is reflected in the Debtors' books and records.

h.  **Part 11.**  In Part 11, dollar amounts are presented net of impairments and other adjustments.

    i.  ***Tax refunds and unused net operating losses (NOLs).***  The Debtors have significant net operating loss carryforwards and tax credits. The timing and use of such credits cannot be determined at this time.  As a result, the current value is stated as "Undetermined" in Part 11. The use of the word "Undetermined" does not reflect the potential materiality of deferred value.  See also response to SOFA 31, "Consolidated Tax Group" for additional information with respect to Limited Liability Companies.

13

ii. **_Interests in Insurance Policies or Annuities._**  The Debtors maintain a portfolio of insurance policies against unforeseen incidents and losses. There has been no assessment of the cash surrender value, if any, of such policies, to date.  Accordingly, the values ascribed to such policies are reported as Undetermined.

iii. **_Other contingent and unliquidated claims or causes of action of every nature._** In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, setoffs, refunds with their customers and suppliers, and potential warranty claims against their suppliers, among other claims. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as plaintiffs, or counter-claims and/or cross-claims as defendants.

Despite their reasonable efforts to identify all such assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and neither these Global Notes nor the Schedules shall be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

iv. **_Other property of any kind not already listed._**  As discussed in the Cash Management Motion, in the ordinary course of business, the Debtors maintain business relationships with each other and with their non-Debtor affiliates. Such intercompany transactions among entities result in intercompany receivables and payables (the "**Intercompany Claims**"). The Debtors have reported for each Debtor, the aggregate net intercompany balances among the Debtors and their non-debtor affiliates as assets on Schedule A/B or as liabilities on Schedule E/F, as appropriate.

The intercompany receivable values reported in Schedule A/B reflect the net intercompany receivables for a particular Debtor entity from all other Debtor and non-Debtor affiliates. Similarly, the intercompany payable values reported in Schedule E/F reflect the net intercompany payable balances from a particular Debtor to all other Debtor and non-Debtor affiliates.

3. **Schedule D.** To the best of the Debtors' knowledge, all claims listed on Schedule D arose, or were incurred, before the Commencement Date.

Except as otherwise agreed pursuant to a stipulation, agreed order or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and/or their estates

14

reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. The Debtors scheduled claims of certain creditors as secured claims for informational purposes only, and no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. The Debtors have included on Schedule D the results of UCC searches performed prior to the Commencement Date. However, the listing of such results shall not be deemed an admission as to the validity or existence of any lien. The Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

The Debtors scheduled guarantee obligations under loan documents in Schedules D and E/F, as applicable, as contingent and unliquidated obligations, in undetermined amounts.

Any changes to the status of any liens or security rights since the Commencement Date may not be adequately reflected in Schedule D. Therefore, the Debtors may have listed claims with secured status that have changed, or failed to list certain parties whose claims may be secured through rights of setoff, deposits or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights on Schedule D.

Certain claims listed on Schedule D may be subject to setoff rights. The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

To the extent the agreements governing certain security relationships have been listed elsewhere in the Schedules for the applicable Debtors, they have not been listed on Schedule D. The descriptions provided in Schedule D are intended only to be a summary, and the amounts due reflect principal amounts due as of the Commencement Date. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Detailed descriptions of the Debtors' pre-petition debt structure, guarantees and descriptions of collateral relating to each debt contained on Schedule D are contained in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York* (ECF No. 3) (the "**CFO Declaration**"). In addition, the naming conventions used to describe the debt in Schedule D and, as applicable, Schedule E/F is consistent with the defined terms in the CFO Declaration.

4. **Schedule E/F**.

   a. **Part 1**.   The Debtors have not listed any tax, wage or wage-related obligations that the Debtors were granted authority to pay pursuant to First-Day Orders on Schedule E/F.   The Debtors believe that all such claims for wages, salaries, expenses, benefits and other compensation as described in the First-Day Orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant First Day Orders. Unpaid amounts for severed employees have not been analyzed to determine

whether such amounts should be viewed as priority claims. In addition, for severed employees, there has been no analysis of whether any unpaid amounts exceed the priority claim limit or whether there should be a bifurcation of amounts owed between priority and nonpriority unsecured amounts. Accordingly, such claims are listed in Part 1 of Schedule E/F, and these Schedules identify the amount that may be subject to priority and the amount that may be nonpriority as Undetermined in both parts. The Debtors reserve their right to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority claims.

Claims owing to various taxing and regulatory authorities to which the Debtors may potentially be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to on-going audits and/or the Debtors are otherwise unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as undetermined, pending final resolution of on-going audits or other outstanding issues.

b. **Part 2.** The Debtors have attempted to relate all liabilities to each applicable Debtor. As a result of the Debtors' large and complex operations, however, Schedule E/F for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors. Certain creditors listed on Schedule E/F may owe amounts to the Debtors and, as such, may have valid setoff and recoupment rights with respect to such amounts. The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown. Therefore, the Debtors did not indicate such potential set off rights. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted. Additionally, certain creditors may assert mechanics', materialsmen's, or other similar liens against the Debtors for amounts listed on Schedule E/F, with respect to which the Debtors reserve all rights. For certain vendors for which the claim amount may not be subject to offset, the Schedule reflect amounts which have been separately reclassified to either prepaid inventory or prepaid expense, as appropriate. Such prepaid amounts are reflected in Schedule A/B.

The Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, the Debtors reserve their right to dispute or challenge any priority asserted with respect to any liabilities listed on Schedule E/F. The Debtors have made reasonable efforts to include all trade creditors on Schedule E/F. However, the Debtors believe there are instances where vendors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and therefore have not been included on Schedule E/F.

The Debtors' accounting system tracks vendors by vendor number.  Because many vendors conduct business at several of the Debtors' locations and with multiple Debtors, and the Debtors may do business at multiple vendor locations, there are instances where the same vendor has multiple vendor numbers.  For purposes of Schedule E/F, the Debtors have attempted to aggregate all claims of such vendors with multiple vendor numbers, by Debtor.  However, instances may exist where not all such claims have been identified and the Debtors may have separately listed potentially duplicative claims of such vendors under multiple vendor numbers.

Unless otherwise noted, the claims listed on Schedule E/F are based on the Debtors' books and records as of the Commencement Date.  Payments may have been made to certain vendors under applicable First Day Orders. To the extent that any such payments have been made, the amounts paid have been applied to reduce the amount of the claim. If the application of payments made by the Debtors (i) pursuant to a First Day Order, (ii) a cash in advance payment made prior to the Commencement Date, or (iii) relate to other payments to vendors and result in an over-advance, such payments have been listed as a prepaid expenses and included in Schedule A/B Part 2.

Schedule E/F also contains information regarding pending litigation involving the Debtors.  In certain instances, the identity of each Debtor that is the subject of the litigation is unclear or undetermined.  However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in Schedule E/F for that Debtor. The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated and disputed in this Schedule.  The Debtors have excluded workers' compensation claims from the Statements because the Debtors continue to honor their workers' compensation obligations in the ordinary course in accordance with the *Final Order Authorizing Debtors to (i) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs: (ii) Honor All Obligations with Respect Thereto: and (iii) Modify the Automatic Stay With Respect to the Worker's Compensation Programs* (ECF No. 792), entered on November 16, 2018.

The Debtors sell gift cards to customers in the normal course of business.  The gift cards can be applied by customers toward purchases of groceries in the Debtors' stores.  Due to the volume and frequency of gift card sales, the Debtors are not able to identify (i) all of the individual gift card holders, and (ii) the unredeemed value remaining on the individual gift cards.  Accordingly, unredeemed gift card claims have not been included in Schedule E/F.

Schedule E/F includes the aggregate net intercompany payable amounts that may or may not result in allowed or enforceable claims by or against a given Debtor. Listing these payables is not an admission on the part of the Debtors that the intercompany claims are enforceable or collectible. The intercompany payables may be subject to set off, recoupment, netting or other adjustments made pursuant to intercompany policies and arrangements not reflected in the Schedules.

5. **Schedule G.** Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively the "**Agreements**"), review is ongoing and inadvertent errors, omissions or over-inclusion may have occurred. The Debtors may have entered into certain types of Agreements in the ordinary course of their businesses, such as indemnity agreements, non-executory supplemental agreements, amendments/letter agreements, and confidentiality agreements, which may not be set forth in Schedule G. In addition, as described herein, certain confidential information has been omitted from Schedule G.

The Debtors have entered into numerous Universal Terms and Conditions ("**UTC**") arrangements with vendors. For vendors with whom there was at least one open purchase order at the Commencement Date, the Debtors have included such purchase order in Schedule G. The Debtors have not listed all such short-term purchase and sales orders because of their large number and transitory nature.  Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  Schedule G may be amended at any time to add any omitted Agreements.  Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Commencement Date or is valid or enforceable.  The Agreements listed on Schedule G may have expired or may have been renewed, modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements, which may not be listed on Schedule G. Executory agreements that are oral in nature  have not been included in Schedule G.

Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, including, but not limited to, the Debtors' rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G and (iii) to amend or supplement Schedule G as necessary.

Certain of the Agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Each Agreement is included on Schedule G of every named Debtor party. In certain circumstances, the specific Debtor obligor(s) to certain of the Agreements could not be specifically identified. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the agreement.  .

6. **Schedule H**.  The Debtors are party to various debt agreements which were executed by multiple Debtors.  The guaranty obligations under prepetition secured credit agreements are noted on Schedule H for each individual Debtor.   In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against the other parties.  To the extent such claims are listed elsewhere in the

Schedules of the applicable Debtors, they have not been set forth on Schedule H. Further, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements to the extent that such agreements are listed elsewhere in the Schedules of the applicable Debtors.  In the event that two or more Debtors are co-obligors with respect to a scheduled debt or guaranty, such debt or guaranty is listed in the Schedules and Statements of each such Debtor at the full amount of such potential claim, and such claim is marked "contingent" and "unliquidated." No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors.  To the extent there are guarantees connected with any joint ventures to which the Debtor may be a party, such agreements are not identified in the Debtors' Schedules.

**<u>Specific Notes with Respect to the Debtors' Statements of Financial Affairs</u>**

1.  **SOFA 1 and SOFA 2.**  The presentation of amounts in the Debtors' responses to SOFA 1 and 2 are consistent with the classification of such amounts in the statements of operations, as disclosed in compliance with GAAP.

    The Debtors operate on a 4-4-5 retail calendar, dividing the year into four (4) quarters. Each quarter has 13 weeks, which are grouped into two (2) four-week "months" and one (1) five-week "month."  The Debtors' fiscal year ends on the Saturday closest to January 31 and consists of 52 weeks or, as is the case with fiscal year 2017, 53 weeks.

    - FY 2016: Comprised of 52 weeks ending January 28, 2017.
    - FY 2017: Comprised of 53 weeks ending February 3, 2018.
    - FY 2018: Comprised of 52 weeks ending February 2, 2019.

2.  **SOFA 3.** As described and defined in the Cash Management Motion, the Debtors utilize an integrated, centralized Cash Management System, in the ordinary course of business, to collect, concentrate and disburse funds generated by their operations.   The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The obligations of the Debtors are primarily paid by and through Sears, Roebuck and Co. or Kmart Corporation, notwithstanding that certain obligations may be obligations of one or more of the Debtors consistent with the Cash Management Motion.

    Payment data was extracted from multiple financial systems across the Debtors' organization. In instances where the payment system did not discern which Debtor the payment pertained to, such transactions were assigned to Sears, Roebuck and Co. The payments disclosed in SOFA 3 are based on payments made by the Debtors with payment dates from July 17, 2018 to October 15, 2018.

19

Amounts still owed to creditors will appear on the Schedules of Assets and Liabilities for each of the Debtors, as applicable.

The Debtor entities utilizes Automatic Data Processing, Inc. ("**ADP**") to process employee compensation and the related jurisdiction taxes associated with compensation payouts.    The Debtors make bulk payments which include employee compensation, associated jurisdiction taxes, as well as the service fee ADP would charge for its related services.  The various payments systems aren't able to bifurcate the portion related to employee compensation, therefore, amounts listed in response to SOFA 3 represent the total batch payments.

3.    **SOFA 4.**  For purposes of the Schedules and Statements, the Debtors define insiders as individuals that, based upon the totality of circumstances, (i) have a controlling interest in, or exercise sufficient control over the respective Debtor so as to unqualifiably dictate corporate policy and the disposition of assets, and/or (ii) are or were listed as participants in the Debtors' key employee incentive plan as approved by the KEIP Order.[7]

Individuals listed in the Statements as insiders have been included for informational purposes only.  The Debtors do not take any position with respect to (i) such individual's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an insider under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.  For more information regarding each Debtor's officers and directors, please see SOFA 28 and SOFA 29.

Payments to insiders that have a specific related party interest include M-III Partners LLC ("**M-III**"). M-III pays insider Chief Restructuring Officer Moshin Meghji, and therefore payments to M-III may indirectly benefit Mr. Meghji. Such payments have been listed in the response to SOFA 11.

The payroll-related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments are net amounts that include reductions for amounts including employee tax and benefit withholdings.

4.    **SOFA 5.**  The operating Debtors occasionally return damaged, unsatisfactory, or out-of-specification goods to vendors in the ordinary course of business. Other

---

[7] *Order (I) Approving Debtors' Incentive and Retention Programs for Certain Key Employees and (II) Granting Related Relief* (ECF No. 1437) (the "**KEIP Order**").

than ordinary course items, the Debtors are not aware of any property that has been returned to the seller.

5.   **SOFA 6.**   The Debtors accept payment in their various locations and on their website in the form of credit cards.  As a result of the relationship with the credit card processing companies, the Debtors are involved in setoff transactions on a continuous basis.   Specifically, other than the setoffs noted in SOFA 6, the Debtors maintain reserves with both First Data Corporation ("**First Data**") and American Express Co. ("**American Express**"). First Data and American Express are not owed any amounts because all amounts that are due and payable are offset against amounts that First Data and American Express owe the Debtors in the normal course of settlement.  While this is similar in effect to a set-off, it does not meet the legal criteria for set-off because the amounts never became unpaid.  Additionally, First Data and American Express have a contractual right to withhold from the settlements amounts due to them.  If the net amount due to the Debtors is greater than zero, there is no need for either American Express or First Data to exercise a set-off against the reserve, so the reserve will continue to be in place.  If First Data continues to process gift-card transactions and the Debtors continue to accept American Express credit cards for payment, the Company expects that net amounts due to the Debtors to exceed zero.  Further, the Debtors' relationships with their vendors require setoffs on regular cycles.  Documentation of these setoff transactions for the 90 days prior to the Commencement Date would be onerous and unwieldy.  Consequently, the Debtors have not listed these ordinary course setoffs in SOFA 6.

In the ordinary course of business, the Debtors receive benefits from their trade vendors including, but not limited to, rebates, promotional allowances, dividends, and contractual sharing of profits and discounts. These Debtor receivables are typically settled with the Debtors setting off the receivables against payments to the vendors. In some instances, the amounts are settled in cash. Given the frequency of these transactions, and the burden created in attempting to isolate them from normal course payments, the Debtors have not listed these ordinary course setoffs in SOFA 6.

The operating Debtors engage in certain customer programs, including return and refund programs pursuant to which customers may receive credits. Such transactions were not considered setoffs for the purpose of responding to SOFA 6, although the Debtors reserve all rights with respect thereto and make no admission of waiver thereby.

6.   **SOFA 7.**   The actions described in response to SOFA 7 are the responsive proceedings or pending proceedings of which the Debtors are aware. The actions described in SOFA 7 include, but are not limited to, commercial litigation, personal injury lawsuits, customer credit cases, workers' compensation claims, environmental-related proceedings, potential violations under the Equal Employment Opportunity Commission, potential violations under the

Occupational Safety & Health Administration, as well as investigations under state and federal law.

The Debtors have devoted substantial resources to identify and provide as much information for as many proceedings as possible in response to SOFA 7 using records that were reasonably accessible and reviewable. While the Debtors believe they were diligent in their efforts, information the Debtors were unable to locate for proceedings that were listed was left blank.

The Debtors reserve all of their rights and defenses with respect to all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings. Further, the Debtors own property in numerous jurisdictions and in the ordinary course of business have disputed property valuations/tax assessments. The Debtors have not listed such disputes on SOFA 7.

7.   **SOFA 9.**   The donations and/or charitable contributions listed in response to SOFA 9 represent payments made to third parties during the applicable timeframe that were recorded as such within the Debtors' books and records. The Debtors may occasionally have excess prepaid materials related to customized projects at the end of a projects life cycle that they may give away to local charitable organization, rather than holding potential obsolete inventory.  These materials are given away without being recorded as such within the Debtor's book of record, however, the purchase price of material is allocated to its respective project cost.

In addition to the charitable contributions and gifts listed, the Debtors assist local communities by participating in a number of different programs, which include disaster relief, discounted merchandise for the disadvantaged, sporting equipment for local youth athletic teams, and gift cards to support local programs. These contributions are often made at the discretion of store managers who have authority to make such donations, which are non-cash in nature. The Debtors track some of these contributions, but given the ad-hoc frequency and nature of these transactions, often do not track certain information such as the recipient counterparties.  Tracking down such information would be burdensome given that these contributions are made at the store level and therefore are not included in the list of charitable contributions and gifts identified.  The Debtors are also affiliated with the Sears-Roebuck Foundation, a 501(c)(3) non-profit organization founded in 1959.  The Sears-Roebuck Foundation is a not a Debtor and therefore, its charitable contributions are also excluded from the list.

Further, as described in the *Motion of Debtors for Authority to (I) Maintain Certain Trust Fund Programs, (II) Release Certain Funds Held in Trust, and (III)*

22

*Continue to Perform and Honor Related Obligations* (ECF No. 15) (the "**Trust Funds Motion**"), in the ordinary course of business, the Debtors collect charitable contributions from customers through cash and credit card contributions at store checkout points. These customer contributions are not property of the Debtors' estates and are passed through to the applicable charitable organizations. The transfer of funds associated with these charitable programs have not been disclosed in SOFA 9 as they do not reflect donations or charitable contributions of property of the Debtors' estate.

8.  **SOFA 10.** The Debtor did not incur any losses within the year prior to the Commencement Date with respect to fire, theft, or other casualty that exceeded its insurance deductibles. The losses listed may exclude those incurred in the ordinary course of business. Amounts listed may include the value of property or estimated claim amounts for, among other things, shrinkage and damage.

    Given the scale of the Debtors' store footprint, certain losses cannot be tracked by the Debtors with complete accuracy and, accordingly, such losses are listed on the Debtors' Statements based on general ledger accounts that capture items such as theft, inventory shrink, and property damage. Additionally, the Debtors only account for general recoveries of such losses, with this general amount being the recovery listed in the Statements for the one year immediately prior to the Petition Date.

9.  **SOFA 11.** All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Commencement Date were made by Sears Holdings and are, therefore, listed on that Debtor's response to SOFA 11. Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

    In addition, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their post-petition lenders or other parties on account of any applicable fee arrangements.

10. **SOFA 13.** The Debtors may, from time to time and in the ordinary course of business, transfer equipment and other assets and/or sell certain equipment and other assets to third parties. These types of ordinary course transfers have not been disclosed in SOFA 13.

    To the extent that the Debtors vacated store locations during the three years immediately preceding the Commencement Date, information on these former store locations is contained in the Debtors' response to SOFA 14. As part of the store closure process, the Debtors may sell equipment, hardware and other assets with value to interested parties such as the landlord and/or third party liquidators. The Debtors may also abandon assets in place at the locations for which they have

23

no future use or have been unable to sell to a third party.  Certain *de minimis* transfers of assets resulting from such actions may not have been captured in the Debtors' response to SOFA 13.

11.  **SOFA   14.**   The  Debtors  operate  locations  both  domestically  and internationally.  The Debtors have included a listing of all current and previous addresses  owned  or  leased  by  the  Debtor.  In  select  instances,  the  dates  of occupancy  for  certain  retail  addresses  was  not  readily  available.  For  these instances, the applicable dates are listed as "Unknown."

12.  **SOFA  16.**   In the ordinary course of business, the Debtors collect certain personally  identifiable  information  ("**PII**"),  including,  but  not  limited  to,  their customers'  names,  home  address,  and  email  addresses.   A  list  of  categories  of collected PII is included in the response to SOFA 16. The Debtors also maintain prescription-related  information  on  their  pharmacy  customers.  All  pharmacy records  are  kept  and  maintained  in  accordance  with  the  privacy  and confidentiality requirements mandated by Federal and state law. The Debtors' privacy  policy  for  pharmacy  records  is  available  at  all  of  their  pharmacy locations.

13.  **SOFA  20.**   The  Debtors  utilize  Iron  Mountain  Storage  Facilities  ("**Iron Mountain**")  to  retain  records.   Iron  Mountain  has  various  store  locations  across the  United  States.  The  Debtors  do  not  maintain  specific  Iron  Mountain  addresses and  thus  have  not  listed  them  in  SOFA  20.  The  Debtors  own  and  operate  their distribution centers. Accordingly, the distribution centers do not constitute off-premise storage for purposes of this response.

In addition, the Debtors have not disclosed in response to SOFA 20 (i) inventory for sale being held in the mini-storage units that the Debtors rent from time to time to store excess inventory in the ordinary course of business or (ii) any owned in-transit inventory. The Debtors have determined that the collection of this specific information would be time-consuming and an inefficient use of estate resources.  Further, such inventory is accounted for on the Debtors' Schedules. As such this inventory is not included in SOFA 20.

14.  **SOFA  21.**   In the ordinary course of business, the Debtors' retail locations contain various inventory goods owned by third parties. In addition to regular consignment inventory arrangements, the Debtors may have Scan Based Trading ("**SBT**") agreements with third parties. Goods that fall under SBT agreements are owned by the supplier up until the point of sale. The Debtors do not track the value of the SBT inventory for each supplier and such SBT inventory is held at various retail locations.  Additionally, the Debtors may utilize leased property in their ordinary course of business.  Therefore, the Debtors may hold property subject to leases listed on the Debtors' Schedule G.

15. **SOFA 22–24.** The Debtors have devoted substantial resources to identify and provide the required information for as many responsive sites and proceedings as possible in response to SOFA 22–24 using records that were reasonably accessible and reviewable. While the Debtors believe they were diligent in their efforts, it is possible that certain of the matters listed on SOFA 22–24 for a particular Debtor may also relate to another Debtor and may have been inadvertently left off such other Debtor's response to this question. The Debtors have endeavored to disclose all applicable information in response to SOFA 22–24. For ownership of subsidiary legal entities, please refer to the Debtors' Corporate Ownership Statements, which are incorporated into the Statements by reference herein.

With regard to SOFA 23, the Debtors have listed existing store locations for which environmental remediation actions were in process as of the Commencement Date. The Debtors were in compliance with all remediation requirements as of the Commencement Date.

16. **SOFA 25.** The Debtors have used their reasonable efforts to identify the beginning and ending dates of all businesses in which the Debtors were a partner or owned five percent or more of the voting or equity securities within the six years immediately preceding the Commencement Date. In certain instances, however, the dissolution dates of certain entities that are no longer in existence were not readily available and, therefore, are not included in SOFA 25. All such entities were either merged with other entities owned by the Debtors or were dissolved prior to the Commencement Date. The Debtors have listed non-debtor subsidiaries on the Statement of the Debtor entity (the "**Proximate Parent Debtor**") that most directly held or otherwise had control over the interests in such non-debtor entities, but not on the Statements of the parent entities of the Proximate Parent Debtor. For the inter-Debtor ownership information, please refer to the Corporate Ownership Statements.

17. **SOFA 26.** Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, the Debtors have filed with the U.S. Securities and Exchange Commission (the "**SEC**") reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information relating to the Debtors. Additionally, consolidated financial information for the Debtors is posted on the Debtors' website at www.sears.com. Because the SEC filings and the website are of public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the Debtors.

In addition, the Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors with financial statements that may not be part of a public filing. The Debtors do not maintain complete lists to track such disclosures and, therefore, have not listed these recipients in SOFA 26.

18.   **SOFA 27.**  The Debtors inventory product at their various store locations on a continual basis. In an effort to reduce the amount of disclosures that would be otherwise applicable—disclosures that could name in excess of 1,000 store-level managers—the Debtors have provided the regional leads in response to SOFA 27.

In addition, the Debtors perform periodic cycle inventory counts throughout each year and at least one full physical inventory count per year at each individual location.  The total values of each count related to "Sears" and "Kmart" retail and distribution center locations are assigned to their parent entities, Sears, Roebuck and Co. and Kmart Holding Corp., respectively.

Additionally, the Debtors inventory product at their various retail and distribution centers on a regular basis.  The Debtors have only provided the regional leads in response to SOFA 27.

19.   **SOFA 28.**  The Debtors have excluded from SOFA 28 shareholders who hold less than five percent (5%) of each Debtor's voting or equity securities, as is consistent with reporting requirements under SEC Filing 13D.  For inter-Debtor ownership information, please refer to the Corporate Ownership Statements. For each entity, the Debtors have included individuals as of the Commencement Date, identified as directors, officers, members, or managers, as applicable, of such entity in the Debtors' recordkeeping systems or, if no individuals were identified, an entity member, as applicable.

20.   **SOFA 29.**  The disclosures relate specifically to terminated job titles or positions and are not indicative of the individuals' current employment status with the Debtors. For each entity, the Debtors have included the individuals who, during the applicable period, were identified as directors and officers of such entity in the Debtors' recordkeeping systems.

21.   **SOFA 30.**  Any and all known disbursements to Insiders of the Debtors, as defined above, have been listed in the response to SOFA 4.

22.   **SOFA 31.**  Various Debtor limited liability companies ("**LLCs**") are disregarded for tax purposes.  Income generated by an LLC is consolidated at a higher reporting unit level with entities including Sears, Roebuck, and Co., Kmart Corporation, Sears Holdings and others. Only corporations can be "members" of a consolidated group for tax purposes. Because the Debtor LLCs are not corporations for tax purposes, they are identified as not being members of the tax consolidated group in the response to SOFA 31.

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | KMART.COM LLC |
| United States Bankruptcy Court for the: | Southern    District of: New York |
| | {State} |
| Case number (If known): | 18-23585 |

☐ Check if this is an amended filing

## Official Form 206 A/B

**12/15**

## Schedule A/B: Assets - Real and Personal Property

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    List Creditors Who Have Secured Claims

1.  **Does the debtor have any cash or cash equivalents?**

    ☐ No. Go to Part 2.

    ☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2.  **Cash on hand** | $ 0.00 |
| 3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | |
| Name of institution (bank or brokerage firm)    Type of account    Last 4 digits of account number | |
| 3.1.    None | $ 0.00 |
| 4.  **Other Cash equivalents** *(Identify all)* | |
| 4.1.    Credit Card Deposits in Transit | $ 11,619.00 |
| 5.  **Total of Part 1** | |
| Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | $ 11,619.00 |

### Part 2:    Deposits and prepayments

6.  **Does the debtor have any deposits or prepayments?**

    ☐ No. Go to Part 3.

    ☒ Yes. Fill in the information below.

Debtor    KMART.COM LLC
        Name                                      Case number *(if known)*  18-23585

|  | Current Value of debtor's interest |
|---|---|
| **7.** **Deposits, including security deposits and utility deposits** | |
| Description, including name of holder of deposit | |
| 7.1.  None | $    0.00 |
| **8.** **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent** | |
| Description, including name of holder of deposit | |
| 8.1.  Prepaid Expenses | $    501,763.00 |
| **9.** **Total of Part 2** | |
| Add lines 7 through 8. Copy the total to line 81. | $    501,763.00 |

**Part 3:**    **Accounts Receivable**

**10.** **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☒ Yes. Fill in the information below.

|  | Current Value of debtor's interest |
|---|---|
| **11.** **Accounts Receivable** | |

| 11a. 90 days old or less: | $     $267,862.00 <br> Face amount | − | $     $0.00 <br> Doubtful or uncollectible amount | =...... ➜ | $     $267,862.00 |
|---|---|---|---|---|---|
| 11b. Over 90 days old: | $     $0.00 <br> Face amount | − | $     $0.00 <br> Doubtful or uncollectible amount | =...... ➜ | $     $0.00 |

**12.** **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $    267,862.00

**Part 4:**    **Investments**

**13.** **Does the debtor own any investments?**

☐ No. Go to Part 5.

☒ Yes. Fill in the information below.

|  | Valuation method used for current value | Current Value of debtor's interest |
|---|---|---|
| **14.** **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1.  None | | $    0.00 |

Debtor    KMART.COM LLC
          Name

Case number (if known)    18-23585

**15.** **Non-publicly traded stocks and interests in incorporated and unincorporated businesses,**
       **including any interest in an LLC, partnership, or joint venture**

| Name of entity: | | % of ownership: | | | | |
|---|---|---|---|---|---|---|
| 15.1. | Marin Access LLC | 100% | % | Net Book Value | $ | UNDETERMINED |
| 15.2. | See Global Notes | | % | | $ | UNDETERMINED |

**16.** **Government bonds, corporate bonds, and other negotiable and non-negotiable**
       **instruments not included in Part 1**

Describe

| 16.1. | None | | $ | 0.00 |
|---|---|---|---|---|

**17.** **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

$    0.00

---

Debtor        KMART.COM LLC
              _____        Case number *(if known)*    18-23585
              Name

| **Part 5:** | **Inventory, excluding agricultural assets** |
|---|---|

**18.    Does the debtor own any inventory (excluding agriculture assets)?**

☐    No. Go to Part 6.

☒    Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (where available) | Valuation method used for current value | Current Value of debtor's interest |
|---|---|---|---|---|
| **19.    Raw Materials** | | | | |
| _____ | _____ MM/DD/YYYY | $            0.00 | _____ | $            0.00 |
| **20.    Work in progress** | | | | |
| None | _____ MM/DD/YYYY | $            0.00 | _____ | $            0.00 |
| **21.    Finished goods, including goods held for resale** | | | | |
| Merchandise less than 20 days | Various MM/DD/YYYY | $        78,361.00 | Net Book Value | $        78,361.00 |
| Merchandise greater than 20 days | Various MM/DD/YYYY | $     8,780,775.00 | Net Book Value | $     8,780,775.00 |
| **22.    Other inventory or supplies** | | | | |
| _____ | _____ MM/DD/YYYY | $            0.00 | _____ | $            0.00 |

**23.    Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$     8,859,136.00

**24.    Is any of the property listed in Part 5 perishable?**

☒    No.

☐    Yes.

**25.    Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐    No.

☒    Yes.    Book value    $        78,361.00    Valuation Method    Net Book Value    Current Value    $        78,361.00

**26.    Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☒    No.

☐    Yes.

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

Debtor     KMART.COM LLC _____     Case number *(if known)*    18-23585 _____
           Name

27.  **Does the debtor own or lease any farming and fishing related assets (other than titled motor vehicles and land)?**

☒  No. Go to Part 7.

☐  Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current Value of debtor's interest |
|---|---|---|---|

28.  **Crops - either planted or harvested**

_____  $ _____  _____  $ _____

29.  **Farm animals** *Examples:* Livestock, poultry, farm-raised fish

_____  $ _____  _____  $ _____

30.  **Farm machinery and equipment** (Other than titled motor vehicles)

_____  $ _____  _____  $ _____

31.  **Farm and fishing supplies, chemicals, and feed**

_____  $ _____  _____  $ _____

32.  **Other farming and fishing-related property not already listed in part 6**

_____  $ _____  _____  $ _____

33.  **Total of Part 6**
     Add lines 26 through 32. Copy the total to line 85.                                                    $ _____

34.  **Is the debtor a member of an agricultural cooperative?**

☐  No.

☐  Yes. Is any of the debtor's property stored at the cooperative?

    ☐  No.

    ☐  Yes.

35.  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐  No.

☐  Yes.  Book value _____  Valuation Method _____  Current Value _____

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

☐  No.

☐  Yes.

37.  **Has any of the property in Part 6 been appraised by a professional within the last year?**

☐  No.

☐  Yes.

Debtor      KMART.COM LLC _____      Case number *(if known)*    18-23585 _____
            Name

---

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

**38.**  **Does the debtor own or lease any office furniture , fixtures, equipment, or collectibles?**

☒  No. Go to Part 8.

☐  Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current Value of debtor's interest |
|---|---|---|---|
| **39.**  **Office furniture** | | | |
| | $ | | $ |
| **40.**  **Office fixtures** | | | |
| | $ | | $ |
| **41.**  **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $ | | $ |
| **42.**  **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections, memorabilia, or collectibles. | | | |
| 42.0 | $ | | $ |

**43.**  **Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| | $ |
|---|---|

**44.**  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐  No.

☐  Yes.

**45.**  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐  No.

☐  Yes.

---

| **Part 8:** | **Machinery, equipment, and vehicles** |
|---|---|

**46.**  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒  No. Go to Part 9.

☐  Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current Value of debtor's interest |
|---|---|---|---|
| **47.**  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| | $ | | $ |

---

Debtor    KMART.COM LLC _____    Case number *(if known)*   18-23585 _____
          Name

48. **Watercraft, trailers, motors, and related accessories** *Examples*: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

_____    $ _____    _____    $ _____

49. **Aircraft and accessories**

_____    $ _____    _____    $ _____

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

_____    $ _____    _____    $ _____

51. **Total of Part 8**

   Add lines 47 through 50. Copy the total to line 87.    $ _____

52. **Is a depreciation schedule available for any property listed in Part 8?**

   ❑ No.

   ❑ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

   ❑ No.

   ❑ Yes.

| **Part 9:** | **Real property** |
|---|---|

54. **Does the debtor own or lease any real property?**

   ☒ No. Go to Part 10.

   ❑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (where available) | Valuation method used for current value | Current Value of debtor's interest |
|---|---|---|---|---|
| Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | | | | |
| _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9**

   Add lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.    $ _____

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

   ❑ No.

   ❑ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

   ❑ No.

   ❑ Yes.

Debtor    KMART.COM LLC
_____
          Name

Case number *(if known)*    __18-23585_____

| Part 10: | Intangibles and Intellectual property |
| --- | --- |

**59.** **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (where available) | Valuation method used for current value | Current Value of debtor's interest |
| --- | --- | --- | --- |

**60.** **Patents, copyrights, trademarks, and trade secrets.**

| | $ | | $ |
| --- | --- | --- | --- |

**61.** **Internet domain names and websites**

| | $ | | $ |
| --- | --- | --- | --- |

**62.** **Licenses, franchises, and royalties**

| | $ | | $ |
| --- | --- | --- | --- |

**63.** **Customer lists, mailing lists, or other compilations**

| | $ | | $ |
| --- | --- | --- | --- |

**64.** **Other intangibles, or intellectual property**

| | $ | | $ |
| --- | --- | --- | --- |

**65.** **Goodwill**

| | $ | | $ |
| --- | --- | --- | --- |

**66.** **Total of Part 10**

Add lines 60 through 65. Copy the total to line 89.

$ _____

**67.** **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No.

☐ Yes.

**68.** **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No.

☐ Yes.

**69.** **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

Debtor    KMART.COM LLC
          Name

Case number (if known)    18-23585

---

**Part 11:**    **All other assets**

**70.**    **Does the debtor own any other assets that have not yet been reported on this form?**

☐    No. Go to Part 12.

☒    Yes. Fill in the information below.

|  |  |  |  | Current Value of debtor's interest |
|---|---|---|---|---|

**71.**    **Notes receivable**
Description (including name of obligor)

_____    $ _____    − $ _____    = ➔    $ _____
                            Total Face amount        Doubtful or uncollectible amount

**72.**    **Tax refunds and unused net operating losses (NOLS)**
Description (for example, federal, state, local)

See Global Notes to the Schedules regarding tax attributes of LLC entities    Tax Year    N/A    $    0.00

**73.**    **Interests in insurance policies or annuities**

_____    $ _____

**74.**    **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____    $ _____

Nature of claim    _____

Amount Requested    $ _____

**75.**    **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____    $ _____

Nature of claim    _____

Amount requested    $ _____

**76.**    **Trusts, equitable or future interests in property**

_____    $ _____

**77.**    **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____    $ _____

**78.**    **Total of Part 11**

Add lines 71 through 77. Copy the total to line 90.    $    0.00

**79.**    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒    No.

☐    Yes.

---

Debtor    KMART.COM LLC
          Name

Case number (if known)    18-23585

**Part 12:** **Summary**

**In part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ | 11,619.00 | |
| 81. **Deposits and Prepayments.** *Copy line 9, Part 2.* | $ | 501,763.00 | |
| 82. **Accounts Receivable.** *Copy line 12, Part 3.* | $ | 267,862.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ | 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ | 8,859,136.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ | - | |
| 86. **Office Furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ | - | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ | - | |
| 88. **Real Property.** *Copy line 56, Part 9.*.............................................................. ➔ | | | $ - |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ | - | |
| 90. **All other assets.** *Copy line 78, Part 11.* | **+** $ | 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column......................... 91. | $ | 9,640,380.00 | **+** $ 0.00 |
| 92. **Total of all property on Schedule A/B.** *Lines 91a + 91b = 92.*................................................................................ | | | $ 9,640,380.00 |

**Fill in this information to identify the case:**

Debtor name ___KMART.COM LLC___

United States Bankruptcy Court for the: ___Southern___ District of: ___New York___
{State}

Case number (If known): ___18-23585___

☐ Check if this is an amended filing

## Official Form 206 D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

---

**Part 1:**  **List Creditors Who Have Secured Claims**

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☒ Yes. Fill in all of the information below.

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1** **Creditor's Name**
JPP LLC

**Creditor's Mailing Address**
1170 KANE CONCOURSE SUITE 200,

BAY HARBOR ISLANDS, FL 33154
USA

**Creditor's email address, if known**

**Date debt was incurred** ___9/1/2016___

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**

☐ No
☒ Yes. Specify each creditor, including this creditor, and its relative priority

| 1. Bank of America; 2. JPP/JPP II, LLC |

**Describe debtor's property that is subject to a lien**

Inventory, receivables and other related assets of the Company and its subsidiaries which are obligated on the Second Lien Term Loan and the New Senior Secured Notes.

**Describe the lien**

Second Lien Term Loan  UCC Lien 20173946156

**Is the creditor an insider or related party?**

☐ No
☒ Yes

**Is anyone else liable on the claim?**

☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

$ UNDETERMINED   $ UNDETERMINED

---

Debtor    KMART.COM LLC
          Name

Case number (if known)    18-23585

**Part 1**    **Additional Page**

Copy this page only if more space is needed. Continue numbering lines sequentially from the previous page.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.2** Creditor's Name

WILMINGTON TRUST AS TRUSTEE

Describe debtor's property that is subject to a lien

$    UNDETERMINED    $    UNDETERMINED

Creditor's Mailing Address

7530 LUCERNE DR 305,

CLEVELAND, OH 44130

USA

Secured by a security interest in certain assets consisting primarily of domestic inventory and receivables.

Describe the lien

Second Lien Notes UCC Lien 20142601433

Creditor's email address, if known

Date debt was incurred     10/12/2010

Is the creditor an insider or related party?

- [X] No
- [ ] Yes

Last 4 digits of account number     ___ ___ ___ ___

Is anyone else liable on the claim?

- [ ] No
- [X] Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Do multiple creditors have an interest in the same property?

- [ ] No
- [X] Yes. Specify each creditor, including this creditor, and its relative priority

As of the petition filing date, the claim is:

Check all that apply.

- [X] Contingent
- [X] Unliquidated
- [ ] Disputed

> 1. Bank of America; 2. JPP/JPP II, LLC and Wilmington Trust

**2.3** Creditor's Name

CITIBANK NA AS ADMINISTRATIVE AGENT

Describe debtor's property that is subject to a lien

$    UNDETERMINED    $    UNDETERMINED

Creditor's Mailing Address

390 GREENWICH STREET 1ST FLOOR,

NEW YORK, NY 10013

USA

A Stand-Alone L/C Facility secured by a first lien on substantially all domestic inventory and credit card and pharmacy receivables. Cash collateral on deposit with the Issuing Bank equal to 102% of the commitments under the

Describe the lien

Stand-Alone L/C Facility  UCC Lien 201701040003368

Creditor's email address, if known

Date debt was incurred     12/28/2016

Is the creditor an insider or related party?

- [ ] No
- [X] Yes

Last 4 digits of account number     ___ ___ ___ ___

Is anyone else liable on the claim?

- [ ] No
- [X] Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

Do multiple creditors have an interest in the same property?

- [ ] No
- [X] Yes. Specify each creditor, including this creditor, and its relative priority

As of the petition filing date, the claim is:

Check all that apply.

- [X] Contingent
- [X] Unliquidated
- [ ] Disputed

> 1. Bank of America and JPP/JPP II, LLC

Debtor    KMART.COM LLC
        Name

Case number (if known)    18-23585

**Part 1**    **Additional Page**

Copy this page only if more space is needed. Continue numbering lines sequentially from the previous page.

| | **Column A**<br>**Amount of claim**<br>Do not deduct the value of collateral | **Column B**<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.4**

**Creditor's Name**

JPP LLC

**Describe debtor's property that is subject to a lien**

Secured by substantially all of the unencumbered intellectual property (IP) of the Company and its subsidiaries (excluding IP relating to the Kenmore and DieHard brands), and by certain real property interests.

$    UNDETERMINED    $    UNDETERMINED

**Creditor's Mailing Address**

1170 KANE CONCOURSE SUITE 200,

BAY HARBOR ISLANDS, FL 33154
USA

**Creditor's email address, if known**

**Describe the lien**

IP/Ground Lease Term Loan UCC Lien 20180124293

**Date debt was incurred**    1/4/2018

**Is the creditor an insider or related party?**

☐ No
☒ Yes

**Last 4 digits of account number**    ___ ___ ___ ___

**Is anyone else liable on the claim?**

☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No
☒ Yes. Specify each creditor, including this creditor, and its relative priority

1. JPP, LLC 1. JPP II, LLC c/o ESL Investments, Inc.Attention: Edward S. Lampert, CEO1170 Kane Concourse, Suite 200Bay Harbor Islands FL 33154

**As of the petition filing date, the claim is:**

Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

**2.5**

**Creditor's Name**

BANK OF AMERICA

**Describe debtor's property that is subject to a lien**

An asset-based revolving credit facility with current commitments of $1.5 billion secured by a first lien on substantially all domestic inventory and credit card and pharmacy receivables.

$    UNDETERMINED    $    UNDETERMINED

**Creditor's Mailing Address**

2417 REGENCY BLVD SUITE 6,

AUGUSTA, GA 30904
USA

**Creditor's email address, if known**

**Describe the lien**

Revolving Credit Facility (First Lien Credit Facility)  UCC Lien 20100665004

**Date debt was incurred**    7/21/2015

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Last 4 digits of account number**    ___ ___ ___ ___

**Is anyone else liable on the claim?**

☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

☐ No
☒ Yes. Specify each creditor, including this creditor, and its relative priority

1. Bank of America; 2. JPP/ JPP II, LLC and Wilmington Trust

**As of the petition filing date, the claim is:**

Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

Debtor    KMART.COM LLC
       Name

Case number *(if known)*    18-23585

---

**Part 1**    **Additional Page**

Copy this page only if more space is needed. Continue numbering lines sequentially from the previous page.

| | **Column A**<br>**Amount of claim**<br>Do not deduct the value<br>of collateral | **Column B**<br>**Value of collateral**<br>**that supports this**<br>**claim** |
|---|---|---|

---

**2.6** | **Creditor's Name**

BANK OF AMERICA

**Creditor's Mailing Address**

2417 REGENCY BLVD SUITE 6,

AUGUSTA, GA 30904
USA

**Creditor's email address, if known**

**Describe debtor's property that is subject to a lien**

A letter of credit sublimit of up to $1 billion secured by a first lien on substantially all domestic inventory and credit card and pharmacy receivables.

**Describe the lien**

First Lien Letters of Credit (First Lien Credit Facility) UCC Lien 20100665004

$    UNDETERMINED    $    UNDETERMINED

| | |
|---|---|
| **Date debt was incurred**    7/21/2015 | **Is the creditor an insider or related party?** |
| | ☒ No |
| **Last 4 digits of**<br>**account number**    ___ ___ ___ ___ | ☐ Yes |
| | **Is anyone else liable on the claim?** |
| **Do multiple creditors have an interest in**<br>**the same property?** | ☐ No |
| | ☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H). |
| ☐ No | **As of the petition filing date, the claim is:** |
| ☒ Yes. Specify each creditor, including this creditor,<br>and its relative priority | Check all that apply. |
| | ☒ Contingent |
| 1. Bank of America; 2. JPP/ JPP II, LLC<br>and Wilmington Trust | ☒ Unliquidated |
| | ☐ Disputed |

---

**2.7** | **Creditor's Name**

BANK OF AMERICA

**Creditor's Mailing Address**

2417 REGENCY BLVD SUITE 6,

AUGUSTA, GA 30904
USA

**Creditor's email address, if known**

**Describe debtor's property that is subject to a lien**

Secured by a first lien on substantially all domestic inventory and credit card and pharmacy receivables.

**Describe the lien**

First Lien Term Loan B (First Lien Credit Facility)  UCC 20100665004

$    UNDETERMINED    $    UNDETERMINED

| | |
|---|---|
| **Date debt was incurred**    7/21/2015 | **Is the creditor an insider or related party?** |
| | ☒ No |
| **Last 4 digits of**<br>**account number**    ___ ___ ___ ___ | ☐ Yes |
| | **Is anyone else liable on the claim?** |
| **Do multiple creditors have an interest in**<br>**the same property?** | ☐ No |
| | ☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H). |
| ☐ No | **As of the petition filing date, the claim is:** |
| ☒ Yes. Specify each creditor, including this creditor,<br>and its relative priority | Check all that apply. |
| | ☒ Contingent |
| 1. Bank of America; 2. JPP/ JPP II, LLC<br>and Wilmington Trust | ☒ Unliquidated |
| | ☐ Disputed |

---

Debtor    KMART.COM LLC
_____
          Name

Case number (if known)   18-23585
_____

| **Part 1** | **Additional Page** |
| --- | --- |

Copy this page only if more space is needed. Continue numbering lines sequentially from the previous page.

| | **Column A**<br>**Amount of claim**<br>Do not deduct the value of collateral | **Column B**<br>**Value of collateral that supports this claim** |
| --- | --- | --- |

---

**2.8**

**Creditor's Name**

BANK OF AMERICA

**Creditor's Mailing Address**

2417 REGENCY BLVD SUITE 6,

_____

AUGUSTA, GA 30904

USA

**Creditor's email address, if known**

_____

**Date debt was incurred**     7/21/2015

**Last 4 digits of account number**     ___  ___  ___  ___

**Do multiple creditors have an interest in the same property?**

☐ No
☒ Yes. Specify each creditor, including this creditor, and its relative priority

| 1. Bank of America; 2. JPP/ JPP II, LLC and Wilmington Trust |
| --- |

**Describe debtor's property that is subject to a lien**

| Secured by a first lien on substantially all domestic inventory and credit card and pharmacy receivables. |
| --- |

**Describe the lien**

| FILO Term Loan (First Lien Credit Facility) UCC Lien 20100665004 |
| --- |

**Is the creditor an insider or related party?**

☐ No
☒ Yes

**Is anyone else liable on the claim?**

☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

**Column A:** $   UNDETERMINED
**Column B:** $   UNDETERMINED

---

**2.9**

**Creditor's Name**

WILMINGTON TRUST AS TRUSTEE

**Creditor's Mailing Address**

7530 LUCERNE DR 305,

_____

CLEVELAND, OH 44130

USA

**Creditor's email address, if known**

_____

**Date debt was incurred**     2/1/2018

**Last 4 digits of account number**     ___  ___  ___  ___

**Do multiple creditors have an interest in the same property?**

☐ No
☒ Yes. Specify each creditor, including this creditor, and its relative priority

| 1. Bank of America; 2. JPP, LLC and JPP II, LLC and Wilmington Trust |
| --- |

**Describe debtor's property that is subject to a lien**

| Secured by a security interest in certain assets consisting primarily of domestic inventory and receivables |
| --- |

**Describe the lien**

| Second Lien PIK Notes UCC 20142601433 |
| --- |

**Is the creditor an insider or related party?**

☐ No
☒ Yes

**Is anyone else liable on the claim?**

☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

**Column A:** $   UNDETERMINED
**Column B:** $   UNDETERMINED

---

Debtor    KMART.COM LLC
          Name                                          Case number (if known)    18-23585

| Part 1 | Additional Page |

Copy this page only if more space is needed. Continue numbering lines sequentially from the previous page.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral | Column B<br>**Value of collateral that supports this claim** |

**2.10** **Creditor's Name**

JPP LLC

**Describe debtor's property that is subject to a lien**

$  UNDETERMINED    $  UNDETERMINED

**Creditor's Mailing Address**

1170 KANE CONCOURSE SUITE 200,

Secured by a security interest in certain assets consisting primarily of domestic inventory and receivables

BAY HARBOR ISLANDS, FL 33154
USA

**Describe the lien**

Second Lien Line of Credit and Alternative Tranche Line of Credit Loans UCC 20173946156

**Creditor's email address, if known**

**Date debt was incurred**    9/1/2016

**Is the creditor an insider or related party?**

☐ No
☒ Yes

**Last 4 digits of account number**    ___  ___  ___  ___

**Is anyone else liable on the claim?**

☐ No
☒ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Do multiple creditors have an interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply.

☐ No
☒ Yes. Specify each creditor, including this creditor, and its relative priority

☒ Contingent
☒ Unliquidated
☐ Disputed

1. Bank of America; 2. JPP/JPP II, LLC

3.    **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $    0.00

Debtor    KMART.COM LLC
      Name

Case number *(if known)*   18-23585

| Part 2 | List Others to be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and Address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity? |
|---|---|---|
| | | |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | KMART.COM LLC |
| United States Bankruptcy Court for the: | Southern |
| District of: | New York {State} |
| Case number (If known): | 18-23585 |

☐ Check if this is an amended filing

## Official Form 206 E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**  **List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☒ No. Go to Part 2.

   ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total Claim | Priority |
|---|---|---|---|
| **2.0** **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $ | $ |
| | Check all that apply. | | |
| | ☐ Contingent | | |
| | ☐ Unliquidated | | |
| **Date or dates debt was incurred** | ☐ Disputed | | |
| **Last 4 digits of account number** ___ ___ ___ ___ | **Basis for the claim:** | | |
| **Specify Code subscription of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____) | **Is the claim subject to offset?** ☐ No  ☐ Yes | | |

Debtor    KMART.COM LLC
          _____
          Name

Case number (if known)    18-23585
                          _____

| Part 2 | List all Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3.  **List in alphabetical order all creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 2.

---

**3.1**

**Nonpriority creditor's name and mailing address**

DUE TO AFFILIATED ENTITIES

|  |  |
|---|---|
| **Date or dates debt was incurred** | _____ |
| **Last 4 digits of account number** | __ __ __ __ |

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**    INTERCO PAYABLES

**Is the claim subject to offset?**

☐ No
☐ Yes

**Amount of Claim**

$                183,130,237.00

---

**3.2**

**Nonpriority creditor's name and mailing address**

PENSION BENEFIT GUARANTY CORPORATION

1200 K STREET NW SUITE 300

WASHINGTON, DC 20005

|  |  |
|---|---|
| **Date or dates debt was incurred** | _____ |
| **Last 4 digits of account number** | __ __ __ __ |

**As of the petition filing date, the claim is:**
*Check all that apply.*

☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:**    PENSION PLAN TERMINATION LIABILITY

**Is the claim subject to offset?**

☐ No
☐ Yes

**Amount of Claim**

$                UNDETERMINED

---

**3.3**

**Nonpriority creditor's name and mailing address**

WILMINGTON SAVINGS FUND SOCIETY FSB

'500 DELAWARE AVENUE 11TH FLOOR

WILMINGTON, DE 19801

|  |  |
|---|---|
| **Date or dates debt was incurred** | 5/15/1995 |
| **Last 4 digits of account number** | __ __ __ __ |

**As of the petition filing date, the claim is:**
*Check all that apply.*

☒ Contingent
☒ Unliquidated
☐ Disputed

**Basis for the claim:**    SRAC UNSECURED PIK NOTES

**Is the claim subject to offset?**

☐ No
☐ Yes

**Amount of Claim**

$                UNDETERMINED

---

Debtor      KMART.COM LLC
            _____        Case number (if known)    18-23585
            Name                                                                          _____

| Part 3 | List Others to Be Notified About Unsecured Claims |

4.  **List in alphabetical order any others who must be notified for claims listen in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

    If no others need to be notified for the data listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and Mailing Address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| _____ | Line _____ | |
| _____ | ☐ Not listed. Explain _____ | __ __ __ __ |
| _____ | _____ | |

Debtor  KMART.COM LLC
_____
Name

Case number *(if known)*   18-23585
_____

| **Part 4** | Total Amounts of the Priority and Nonpriority Unsecured Claims |

5.    Add the amounts of priority and nonpriority unsecured claims.

**Total of claim amounts**

| | | | |
|---|---|---|---|
| **5a.** | **Total claims from Part 1** | 5a. | $ 0.00 |
| **5b.** | **Total claims from Part 2** | 5b. + | $ 183,130,237.00 |
| **5c.** | **Total of parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 183,130,237.00 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | KMART.COM LLC |
| United States Bankruptcy Court for the: | Southern |
| District of: | New York |
| | {State} |
| Case number (If known): | 18-23585 |

☐ Check if this is an amended filing

## Official Form 206 G

### Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Go to Part 2.
   ☒ Yes. Go to line 2.

2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired license

| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | License Agreement | SEARS BRANDS, L.L.C. |
|---|---|---|---|
| | | Licensee | 3333 BEVERLY ROAD |
| | **State the term remaining** | | |
| | **List the contract number of any government contract** | | HOFFMAN ESTATE, IL 60179 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | KMART.COM LLC |
| United States Bankruptcy Court for the: | Southern |
| District of: | New York |
| | {State} |
| Case number (If known): | 18-23585 |

☐ Check if this is an
amended filing

# Official Form 206 H

## Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively. Attach the additional page to this page.**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☒ Yes.

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* Codebtor | | *Column 2:* Creditor | |
|---|---|---|---|
| **Name** / **Mailing Address** | | **Name** | **Check all schedules that apply:** |
| **2.1** A&E FACTORY SERVICE LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| **2.2** A&E FACTORY SERVICE LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.3** A&E FACTORY SERVICE LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.4** A&E FACTORY SERVICE LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |

Debtor  KMART.COM LLC
        Name

Case number *(if known)*  18-23585

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| 2.5 | A&E FACTORY SERVICE LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| 2.6 | A&E FACTORY SERVICE LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| 2.7 | A&E HOME DELIVERY LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| 2.8 | A&E HOME DELIVERY LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.9 | A&E HOME DELIVERY LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.10 | A&E HOME DELIVERY LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |

Debtor    KMART.COM LLC
          Name

Case number (if known)    18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| **2.11** A&E HOME DELIVERY LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.12** A&E HOME DELIVERY LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.13** A&E LAWN & GARDEN LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| **2.14** A&E LAWN & GARDEN LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.15** A&E LAWN & GARDEN LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.16** A&E LAWN & GARDEN LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |

Debtor   KMART.COM LLC
         Name

Case number *(if known)*   18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| **2.17** A&E LAWN & GARDEN LLC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D <br> ☒ E/F <br> ☐ G |
| **2.18** A&E LAWN & GARDEN LLC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D <br> ☒ E/F <br> ☐ G |
| **2.19** A&E SIGNATURE SERVICE LLC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | BANK OF AMERICA | ☒ D <br> ☐ E/F <br> ☐ G |
| **2.20** A&E SIGNATURE SERVICE LLC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D <br> ☐ E/F <br> ☐ G |
| **2.21** A&E SIGNATURE SERVICE LLC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | JPP LLC | ☒ D <br> ☐ E/F <br> ☐ G |
| **2.22** A&E SIGNATURE SERVICE LLC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D <br> ☐ E/F <br> ☐ G |

Debtor __KMART.COM LLC_____    Case number *(if known)* __18-23585_____
                Name

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| **2.23** A&E SIGNATURE SERVICE LLC | 3333 BEVERLY ROAD <br> Street <br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D <br> ☒ E/F <br> ☐ G |
| **2.24** A&E SIGNATURE SERVICE LLC | 3333 BEVERLY ROAD <br> Street <br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D <br> ☒ E/F <br> ☐ G |
| **2.25** BIG BEAVER OF FLORIDA DEVELOPMENT LLC | 3333 BEVERLY ROAD <br> Street <br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D <br> ☒ E/F <br> ☐ G |
| **2.26** BLUELIGHTCOM INC | 3333 BEVERLY ROAD <br> Street <br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D <br> ☒ E/F <br> ☐ G |
| **2.27** CALIFORNIA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD <br> Street <br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | BANK OF AMERICA | ☒ D <br> ☐ E/F <br> ☐ G |
| **2.28** CALIFORNIA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD <br> Street <br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D <br> ☐ E/F <br> ☐ G |

Debtor    KMART.COM LLC
          Name

Case number (if known)    18-23585

■ **Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| **2.29** | CALIFORNIA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.30** | CALIFORNIA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| **2.31** | CALIFORNIA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.32** | CALIFORNIA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.33** | FBA HOLDINGS INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| **2.34** | FBA HOLDINGS INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |

Debtor    KMART.COM LLC
          Name                                                    Case number (if known)    18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| 2.35 | FBA HOLDINGS INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.36 | FBA HOLDINGS INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| 2.37 | FBA HOLDINGS INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| 2.38 | FLORIDA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| 2.39 | FLORIDA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.40 | FLORIDA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |

Debtor    KMART.COM LLC
Name

Case number *(if known)*   18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| **2.41** | FLORIDA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| **2.42** | FLORIDA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.43** | FLORIDA BUILDER APPLIANCES INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.44** | INNOVEL SOLUTIONS INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.45** | KBL HOLDING INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.46** | KLC INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |

Debtor    KMART.COM LLC
Name

Case number *(if known)*  18-23585

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | Check all schedules that apply: |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | |
| **2.47** | KLC INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.48** | KLC INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.49** | KLC INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| **2.50** | KLC INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.51** | KLC INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.52** | KMART CORPORATION | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |

Debtor   __KMART.COM LLC_____     Case number *(if known)*   __18-23585_____
                 Name

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| **2.53** KMART CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D <br> ☐ E/F <br> ☐ G |
| **2.54** KMART CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | JPP LLC | ☒ D <br> ☐ E/F <br> ☐ G |
| **2.55** KMART CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D <br> ☐ E/F <br> ☐ G |
| **2.56** KMART CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D <br> ☒ E/F <br> ☐ G |
| **2.57** KMART CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D <br> ☒ E/F <br> ☐ G |
| **2.58** KMART HOLDING CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | BANK OF AMERICA | ☒ D <br> ☐ E/F <br> ☐ G |

Debtor    KMART.COM LLC
          Name                                                    Case number (if known)    18-23585

▮    **Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** / **Mailing Address** | | **Name** | Check all schedules that apply: |
| **2.59** | KMART HOLDING CORPORATION | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.60** | KMART HOLDING CORPORATION | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.61** | KMART HOLDING CORPORATION | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| **2.62** | KMART HOLDING CORPORATION | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.63** | KMART HOLDING CORPORATION | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.64** | KMART OF MICHIGAN INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |

Debtor  KMART.COM LLC
_____
Name

Case number *(if known)*  18-23585
_____

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** / **Mailing Address** | | **Name** | **Check all schedules that apply:** |
| **2.65** KMART OF MICHIGAN INC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D <br> ☐ E/F <br> ☐ G |
| **2.66** KMART OF MICHIGAN INC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | JPP LLC | ☒ D <br> ☐ E/F <br> ☐ G |
| **2.67** KMART OF MICHIGAN INC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D <br> ☐ E/F <br> ☐ G |
| **2.68** KMART OF MICHIGAN INC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D <br> ☒ E/F <br> ☐ G |
| **2.69** KMART OF MICHIGAN INC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D <br> ☒ E/F <br> ☐ G |
| **2.70** KMART OF WASHINGTON LLC | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | JPP LLC | ☒ D <br> ☐ E/F <br> ☐ G |

Debtor    KMART.COM LLC _____    Case number *(if known)*    18-23585 _____
       Name

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| **2.71** KMART OF WASHINGTON LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D ☒ E/F ☐ G |
| **2.72** KMART OF WASHINGTON LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D ☒ E/F ☐ G |
| **2.73** KMART OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D ☐ E/F ☐ G |
| **2.74** KMART OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |
| **2.75** KMART OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D ☐ E/F ☐ G |
| **2.76** KMART OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D ☐ E/F ☐ G |

Debtor    KMART.COM LLC
          _____          Case number *(if known)*    18-23585
          Name

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| **2.77** | KMART OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.78** | KMART OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.79** | KMART STORES OF ILLINOIS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.80** | KMART STORES OF ILLINOIS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.81** | KMART STORES OF ILLINOIS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.82** | KMART STORES OF TEXAS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |

Debtor   KMART.COM LLC
Name

Case number (if known)   18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** / **Mailing Address** | | **Name** | Check all schedules that apply: |
| 2.83 | KMART STORES OF TEXAS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.84 | KMART STORES OF TEXAS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.85 | KMART STORES OF TEXAS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| 2.86 | KMART STORES OF TEXAS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| 2.87 | KMART STORES OF TEXAS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| 2.88 | MAXSERV INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |

Debtor  KMART.COM LLC
Name

Case number (if known)  18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| **2.89** | MYGOFER LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| **2.90** | MYGOFER LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.91** | MYGOFER LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.92** | MYGOFER LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| **2.93** | MYGOFER LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.94** | MYGOFER LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |

Debtor   KMART.COM LLC
         Name

Case number *(if known)*   18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| **2.95** PRIVATE BRANDS LTD | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| **2.96** PRIVATE BRANDS LTD | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.97** PRIVATE BRANDS LTD | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.98** PRIVATE BRANDS LTD | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| **2.99** PRIVATE BRANDS LTD | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.100** PRIVATE BRANDS LTD | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |

Debtor   KMART.COM LLC
         Name

Case number (if known)   18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| **2.101** | SEARS BRANDS BUSINESS UNIT CORPORATION | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.102** | SEARS BRANDS BUSINESS UNIT CORPORATION | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.103** | SEARS BRANDS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| **2.104** | SEARS BRANDS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.105** | SEARS BRANDS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.106** | SEARS BRANDS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |

Debtor   KMART.COM LLC
_____
Name

Case number *(if known)*   18-23585
_____

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| **2.107** | SEARS BRANDS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.108** | SEARS BRANDS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.109** | SEARS BRANDS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.110** | SEARS BRANDS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.111** | SEARS BUYING SERVICES INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.112** | SEARS DEVELOPMENT CO | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |

| Debtor | KMART.COM LLC | Case number (if known) | 18-23585 |
| | Name | | |

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| 2.113 | SEARS DEVELOPMENT CO | 3333 BEVERLY ROAD<br><br>Street<br><br>HOFFMAN ESTATES, IL 60179<br><br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| 2.114 | SEARS HOLDINGS CORPORATION | 3333 BEVERLY ROAD<br><br>Street<br><br>HOFFMAN ESTATES, IL 60179<br><br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| 2.115 | SEARS HOLDINGS CORPORATION | 3333 BEVERLY ROAD<br><br>Street<br><br>HOFFMAN ESTATES, IL 60179<br><br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.116 | SEARS HOLDINGS CORPORATION | 3333 BEVERLY ROAD<br><br>Street<br><br>HOFFMAN ESTATES, IL 60179<br><br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.117 | SEARS HOLDINGS CORPORATION | 3333 BEVERLY ROAD<br><br>Street<br><br>HOFFMAN ESTATES, IL 60179<br><br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| 2.118 | SEARS HOLDINGS CORPORATION | 3333 BEVERLY ROAD<br><br>Street<br><br>HOFFMAN ESTATES, IL 60179<br><br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |

| Debtor | KMART.COM LLC | Case number (if known) | 18-23585 |
|---|---|---|---|
| | Name | | |

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| 2.119 | SEARS HOLDINGS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | BANK OF AMERICA | ☒ D ☐ E/F ☐ G |
| 2.120 | SEARS HOLDINGS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D ☐ E/F ☐ G |
| 2.121 | SEARS HOLDINGS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | JPP LLC | ☒ D ☐ E/F ☐ G |
| 2.122 | SEARS HOLDINGS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D ☐ E/F ☐ G |
| 2.123 | SEARS HOLDINGS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D ☒ E/F ☐ G |
| 2.124 | SEARS HOLDINGS MANAGEMENT CORPORATION | 3333 BEVERLY ROAD <br> Street <br><br> HOFFMAN ESTATES, IL 60179 <br> City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D ☒ E/F ☐ G |

Debtor     KMART.COM LLC
                   Name

Case number (if known)    18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** / **Mailing Address** | | **Name** | **Check all schedules that apply:** |
| **2.125** | SEARS HOLDINGS PUBLISHING COMPANY LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.126** | SEARS HOME & BUSINESS FRANCHISES INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.127** | SEARS HOME IMPROVEMENT PRODUCTS INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| **2.128** | SEARS HOME IMPROVEMENT PRODUCTS INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.129** | SEARS HOME IMPROVEMENT PRODUCTS INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.130** | SEARS HOME IMPROVEMENT PRODUCTS INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |

| Debtor | KMART.COM LLC | Case number (if known) | 18-23585 |
|---|---|---|---|
| | Name | | |

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|

| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
|---|---|---|---|---|
| **2.131** | SEARS HOME IMPROVEMENT PRODUCTS INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.132** | SEARS HOME IMPROVEMENT PRODUCTS INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.133** | SEARS INSURANCE SERVICES LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.134** | SEARS OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| **2.135** | SEARS OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.136** | SEARS OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |

Debtor __KMART.COM LLC_____    Case number (if known) ___18-23585_____
Name

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** / **Mailing Address** | | **Name** | **Check all schedules that apply:** |
| **2.137** SEARS OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| **2.138** SEARS OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.139** SEARS OPERATIONS LLC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.140** SEARS PROCUREMENT SERVICES INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.141** SEARS PROTECTION COMPANY | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| **2.142** SEARS PROTECTION COMPANY | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |

Debtor     KMART.COM LLC
           Name

Case number *(if known)*   18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** / **Mailing Address** | | **Name** | *Check all schedules that apply:* |
| **2.143** | SEARS PROTECTION COMPANY | 3333 BEVERLY ROAD / Street / HOFFMAN ESTATES, IL 60179 / City, State, Zip Code | JPP LLC | ☒ D / ☐ E/F / ☐ G |
| **2.144** | SEARS PROTECTION COMPANY | 3333 BEVERLY ROAD / Street / HOFFMAN ESTATES, IL 60179 / City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D / ☐ E/F / ☐ G |
| **2.145** | SEARS PROTECTION COMPANY | 3333 BEVERLY ROAD / Street / HOFFMAN ESTATES, IL 60179 / City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D / ☒ E/F / ☐ G |
| **2.146** | SEARS PROTECTION COMPANY | 3333 BEVERLY ROAD / Street / HOFFMAN ESTATES, IL 60179 / City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D / ☒ E/F / ☐ G |
| **2.147** | SEARS PROTECTION COMPANY FLORIDA LLC | 3333 BEVERLY ROAD / Street / HOFFMAN ESTATES, IL 60179 / City, State, Zip Code | BANK OF AMERICA | ☒ D / ☐ E/F / ☐ G |
| **2.148** | SEARS PROTECTION COMPANY FLORIDA LLC | 3333 BEVERLY ROAD / Street / HOFFMAN ESTATES, IL 60179 / City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D / ☐ E/F / ☐ G |

Debtor     KMART.COM LLC
           Name

Case number (if known)    18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** / **Mailing Address** | | **Name** | **Check all schedules that apply:** |
| **2.149** | SEARS PROTECTION COMPANY FLORIDA LLC<br>3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.150** | SEARS PROTECTION COMPANY FLORIDA LLC<br>3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| **2.151** | SEARS PROTECTION COMPANY FLORIDA LLC<br>3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.152** | SEARS PROTECTION COMPANY FLORIDA LLC<br>3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.153** | SEARS PROTECTION COMPANY PR INC<br>3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.154** | SEARS ROEBUCK ACCEPTANCE CORP<br>3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |

Debtor  KMART.COM LLC
        Name

Case number *(if known)*  18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| **2.155** SEARS ROEBUCK ACCEPTANCE CORP | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.156** SEARS ROEBUCK ACCEPTANCE CORP | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.157** SEARS ROEBUCK ACCEPTANCE CORP | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| **2.158** SEARS ROEBUCK ACCEPTANCE CORP | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.159** SEARS ROEBUCK ACCEPTANCE CORP | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.160** SEARS ROEBUCK AND CO | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |

Debtor    KMART.COM LLC
          Name

Case number (if known)    18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| 2.161 | SEARS ROEBUCK AND CO | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| 2.162 | SEARS ROEBUCK AND CO | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.163 | SEARS ROEBUCK AND CO | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| 2.164 | SEARS ROEBUCK AND CO | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| 2.165 | SEARS ROEBUCK AND CO | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| 2.166 | SEARS ROEBUCK DE PUERTO RICO INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |

Debtor    KMART.COM LLC
          Name

Case number (if known)    18-23585

| | Additional Page If Debtor Has More Codebtors |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| **2.167** SEARS ROEBUCK DE PUERTO RICO INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.168** SEARS ROEBUCK DE PUERTO RICO INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |
| **2.169** SEARS ROEBUCK DE PUERTO RICO INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| **2.170** SEARS ROEBUCK DE PUERTO RICO INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.171** SEARS ROEBUCK DE PUERTO RICO INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.172** SERVICELIVE INC | 3333 BEVERLY ROAD<br>Street<br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |

Debtor  KMART.COM LLC
  Name

Case number *(if known)*  18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| **2.173** | SHC DESERT SPRINGS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.174** | SHC LICENSED BUSINESS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.175** | SHC PROMOTIONS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.176** | SOE INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| **2.177** | SOE INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |
| **2.178** | SOE INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | JPP LLC | ☒ D<br>☐ E/F<br>☐ G |

Debtor   KMART.COM LLC
Name

Case number (if known)   18-23585

**Additional Page if Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| **2.179** | SOE INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON TRUST AS TRUSTEE | ☒ D<br>☐ E/F<br>☐ G |
| **2.180** | SOE INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.181** | SOE INC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D<br>☒ E/F<br>☐ G |
| **2.182** | SRE HOLDING CORPORATION | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.183** | STARWEST LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | BANK OF AMERICA | ☒ D<br>☐ E/F<br>☐ G |
| **2.184** | STARWEST LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | CITIBANK NA AS ADMINISTRATIVE AGENT | ☒ D<br>☐ E/F<br>☐ G |

Debtor    KMART.COM LLC
          Name

Case number (if known)    18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** / **Mailing Address** | | **Name** | Check all schedules that apply: |
| 2.185 | STARWEST LLC / 3333 BEVERLY ROAD, Street / HOFFMAN ESTATES, IL 60179, City, State, Zip Code | | JPP LLC | ☒ D / ☐ E/F / ☐ G |
| 2.186 | STARWEST LLC / 3333 BEVERLY ROAD, Street / HOFFMAN ESTATES, IL 60179, City, State, Zip Code | | WILMINGTON TRUST AS TRUSTEE | ☒ D / ☐ E/F / ☐ G |
| 2.187 | STARWEST LLC / 3333 BEVERLY ROAD, Street / HOFFMAN ESTATES, IL 60179, City, State, Zip Code | | PENSION BENEFIT GUARANTY CORPORATION | ☐ D / ☒ E/F / ☐ G |
| 2.188 | STARWEST LLC / 3333 BEVERLY ROAD, Street / HOFFMAN ESTATES, IL 60179, City, State, Zip Code | | WILMINGTON SAVINGS FUND SOCIETY FSB | ☐ D / ☒ E/F / ☐ G |
| 2.189 | STI MERCHANDISING INC / 3333 BEVERLY ROAD, Street / HOFFMAN ESTATES, IL 60179, City, State, Zip Code | | JPP LLC | ☒ D / ☐ E/F / ☐ G |
| 2.190 | STI MERCHANDISING INC / 3333 BEVERLY ROAD, Street / HOFFMAN ESTATES, IL 60179, City, State, Zip Code | | PENSION BENEFIT GUARANTY CORPORATION | ☐ D / ☒ E/F / ☐ G |

Debtor   KMART.COM LLC
         Name

Case number *(if known)*   18-23585

**Additional Page If Debtor Has More Codebtors**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| **2.191** | SYW RELAY LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.192** | TROY COOLIDGE NO 13 LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |
| **2.193** | WALLY LABS LLC | 3333 BEVERLY ROAD<br>Street<br><br>HOFFMAN ESTATES, IL 60179<br>City, State, Zip Code | PENSION BENEFIT GUARANTY CORPORATION | ☐ D<br>☒ E/F<br>☐ G |

**Fill in this information to identify the case:**

Debtor name    KMART.COM LLC

United States Bankruptcy Court for the:    Southern    District of:    New York
{State}

Case number (If known):    18-23585

☐ Check if this is an
amended filing

## Official Form 206Sum

### Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from Schedule A/B.................................................................................................

   $ _____ 0.00

   **1b. Total personal property:**
   Copy line 91A from Schedule A/B.................................................................................

   $ _____ 9,640,380.00

   **1c. Total of all property:**
   Copy line 92 from Schedule A/B.................................................................................

   $ _____ 9,640,380.00

| Part 2: | Summary of Liabilities |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................................

   $ _____ 0.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206 E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*...................................................................

   $ _____ 0.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...........................................................

   $ _____ 183,130,237.00

4. **Total liabilities**...................................................................................................................
   Lines 2+ 3a + 3b

   $ _____ 183,130,237.00

Case number (If known):

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | KMART.COM LLC |
| United States Bankruptcy Court for the: | Southern     District of: New York {State} |
| Case number (If known): | 18-23585 |

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☒ *Schedule A/B Assets - Real and Personal Property* (Official Form 206A/B)

- ☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☒ *Schedule H: Codebtors* (Official Form 206H)

- ☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

| | |
|---|---|
| Executed on 01/17/2019 | ✗ /s/ Robert A. Riecker |
| MM/DD/YYYY | Signature of individual signing on behalf of debtor |
| | Robert A. Riecker |
| | Printed name |
| | Office of the CEO, Chief Financial Officer |
| | Position or relationship to debtor |