UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                          :
                                               :         Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,          :
                                               :         Case No. 18-23538 (RDD)
                                               :
              Debtors.[1]                      :         (Jointly Administered)
------------------------------------------------------------------x

ORDER AUTHORIZING
DEBTORS TO ENTER INTO POSTPETITION INSURANCE PROGRAM
WITH INSURANCE AFFILIATES OF AMERICAN INTERNATIONAL GROUP, INC.

Upon the motion, dated December 28, 2018 (ECF No. 1448) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105, 363, and 364 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to enter into a postpetition insurance program with certain affiliates of American International Group, Inc. ("**AIG**"), extend and renew the program with AIG or any other insurer,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

in the ordinary course of business, and post any collateral in connection therewith, all as more fully set forth in the Motion and the exhibit thereto; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and no objection having been filed and the Debtors having submitted a certificate of no objection; and upon all of the proceedings had before the Court; and, after due deliberation, the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein, that the Debtors' decision to enter into the insurance program is a prudent exercise of business judgment, and that such program is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized and directed to enter into and perform under the AIG Insurance Program, to execute and deliver all documents, agreements, or amendments related thereto and perform thereunder.

3. The Debtors are authorized and directed to pay their obligations under the AIG Insurance Program, including, without limitation, premium and losses, in the ordinary

course of business, in accordance with the relevant terms of the AIG Insurance Program including any provision for minimum earned premium, without further order of the Court. The Debtors shall also consent to non-renewal of the AIG policies at the expiration of each such policy.

4. Subject to the terms of paragraph five (5) of the Final Insurance Order, the Debtors are authorized to agree to future amendments, renewals, extensions of AIG Insurance Program or agree to new policies with AIG or any other insurer in the ordinary course of business (and pay any amounts in connection therewith), including policies and programs that require collateral, and to amend, addend, renew, extend or enter into related agreements, agree to and provide any collateral and/or security in connection therewith in the ordinary course of business, and to take other actions in the ordinary course of business, in order to effectuate such transactions without further order of the Bankruptcy Court.

5. In the event of a default by the Debtors under the AIG Insurance Program, AIG may exercise all contractual rights in accordance with the terms of the AIG Insurance Program without further order of the Court, including, without limitation, its rights to (i) cancel the AIG Insurance Program, (ii) draw or make demand on any letter of credit or surety bond, and (iii) receive and apply the unearned or returned premiums to the Debtors' outstanding obligations to AIG.

6. The obligations under the AIG Insurance Program (regardless of whether all or any part of such obligations are liquidated before or after confirmation of a plan or conversion of one or more of the pending cases to chapter 7) shall be administrative obligations entitled to priority under section 503(b) of the Bankruptcy Code and shall be paid on the earlier of the due date or thirty days from the date billed. No additional proof of claim or request for

payment of administrative expenses need be filed by AIG. AIG shall be exempt from any bar date that may be issued for the filing of any proof of claim or administrative claim relating to the AIG Insurance Program.

7. Subject to the terms of the AIG Insurance Program, AIG may adjust, settle and pay insured claims, utilize funds provided for that purpose, and otherwise carry out the terms and conditions of the AIG Insurance Program and the Approval Motions to be filed, without further order of the Court.

8. The Debtors shall comply with requests by AIG to seek Approval Motions and AIG may request such motions be filed prior to any particular payment to or on behalf of any non-workers compensation claimants.

9. ALAE payments under any and all policies, and all other expense covered by any of the policies, may be paid by AIG in the ordinary course of business without further order of this Court.

10. The AIG Insurance Program shall be binding on all successor and assigns, including, without limitation, any trustee or liquidating trustee, and may not be altered by any plan of reorganization filed or confirmation order entered in these chapter 11 cases and shall survive any confirmed plan of reorganization.

11. The Debtors shall reimburse AIG for its reasonable and necessary legal fees and expenses incurred in connection with the AIG Insurance Program, including in connection with obtaining the approval of this Order and approval of the Approval Motions, to the extent provided in such program.

12. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as

well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or postpetition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

13. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: January 18, 2019
      White Plains, New York

                                      /s/Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE