**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :
                                                   :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,          :
                                                   :          Case No. 18-23538 (RDD)
                                                   :
            Debtors.[1]                            :          (Jointly Administered)
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among Sears, Roebuck and Company (the "**Debtor**" or "**Sears Roebuck**"), Whirlpool Corporation ("**Whirlpool**") and Judith and David Deeds (the "**PI Claimants**"). The Debtor, Whirlpool, and the PI Claimant collectively are referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RECITALS**

A. WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtor and certain of its affiliates (collectively, the "**Chapter 11 Entities**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Entities are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. WHEREAS, on October 17, 2014, the PI Claimants commenced an action styled as *Judith Deeds and David Deeds vs. Whirlpool Corporation and Sears, Roebuck and Co.* in the United States District Court for the Southern District of Texas (the "**District Court**") against Sears Roebuck and Whirlpool and that is currently pending on appeal in the Fifth Circuit Court of Appeals (the "**Fifth Circuit**", and the pending appeal before the Fifth Circuit, the "**Prepetition Action**"). The Prepetition Action involves claims asserted by the PI Claimants arising out of a certain alleged injury in the PI Claimants' home prior to the Commencement Date.

C. WHEREAS, on November 13, 2018, the Movants filed the *Motion for Limited Stay Relief* [ECF No. 697] (the "**Motion**"),[2] seeking relief from the Automatic Stay for the limited purposes of permitting the PI Claimants to proceed with oral argument of the appeal of the District Court's Order of Dismissal and a ruling in the Prepetition Action to either dismiss the Prepetition Action or remand it to the District Court.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

D.  WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary solely to (a) permit the PI Claimant to continue the Prepetition Action with respect to oral argument of the appeal of the District Court's Order of Dismissal, (b) allow the Fifth Circuit to affirm the District Court's Order of Dismissal and dismiss the Prepetition Action or reverse the District Court's Order of Dismissal and remand the Prepetition Action to the District Court, and (c) permit the PI Claimant to further appeal the Prepetition Action to the Supreme Court of the United States in the event the Fifth Circuit affirms the District Court's Order of Dismissal; provided, that the Automatic Stay shall remain in full force and effect with respect to any judicial proceedings against Sears Roebuck or any of the other Chapter 11 Entities that commence in the event the District Court's Order of Dismissal is reversed and the Prepetition Action remanded to the District Court or any other court; provided further, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears Roebuck or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the

3

Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Upon the Effective Date, the Motion shall be deemed withdrawn.

4. Nothing contained herein shall be construed as a waiver by the Chapter 11 Entities of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which Sears Roebuck or any of the other Chapter 11 Entities are a party that may be filed by a PI Claimant in the chapter 11 cases of the Chapter 11 Entities.

5. The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

6. This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

7. The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

8. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

5

9. This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date.

11. This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

[*Signature page follows*]

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

Dated: January 10, 2019          Dated: January 10, 2019

By:   */s/* Dwight E. Jefferson        By:   */s/* Garrett A. Fail
      Dwight E. Jefferson                   Ray C. Schrock, P.C.
      COATS ROSE, P.C.                    Jacqueline Marcus
      9 Greenway Plaza, Suite 1000        Garrett A. Fail
      Houston, Texas 77046-03207         Sunny Singh
      Telephone: (713) 651-0111           Jessica Liou
      Facsimile: (713) 651-0220           WEIL, GOTSHAL & MANGES LLP
                                                           767 Fifth Avenue
      *Attorney for PI Claimant*            New York, NY 10153
                                                           Telephone: (212) 310-8000
                                                           Facsimile: (212) 310-8007

                                                           *Attorneys for Debtors*
                                                           *and Debtors in Possession*

Dated: January 10, 2019

By:   */s/* Bradley B. Schneider
      Thomas B. Walper
      Bradley B. Schneider
      MUNGER TOLLES & OLSON LLP
      350 South Grand Avenue, 50th Floor
      Los Angeles, California 90071-1560
      Telephone: (213) 683-9100
      Facsimile: (213) 687-3702

      *Attorney for Whirlpool*

SO ORDERED

Dated: January 18, 2019
        White Plains, New York

                                   /s/Robert D. Drain
                                   THE HONORABLE ROBERT D. DRAIN
                                   UNITED STATES BANKRUPTCY JUDGE