# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

| In Re: | CHAPTER 11 |
| --- | --- |
| SEARS HOLDINGS CORPORATION, et al.<br><br>Debtors | Case No.: 18-23538 (RDD)<br><br>Jointly Administered |

**Response of Westfield Insurance Company to the Motion of Felicia Browell, as Parent and Natural Guardian of Rhianna L. Browell, a Minor, Robert Malone, Administrator of the Estate of Rhoda Malone, Robert Malone, as Parent and Natural Guardian of Robert Logan Malone, and Thomas K. Dowler and Renne I. Dowler, Administrators of the Estate of Faith Renne Dowler for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code**

Westfield Insurance Company ("Westfield"), by and through its undersigned attorneys, Fowler, Hirtzel, McNulty & Spaulding, LLP, do hereby file the within response to the Motion of Felicia Browell, as Parent and Natural Guardian of Rhianna L. Browell, a Minor, Robert Malone, Administrator of the Estate of Rhoda Malone, Robert Malone, as Parent and Natural Guardian of Robert Logan Malone, and Thomas K. Dowler and Renne I. Dowler, Administrators of the Estate of Faith Renne Dowler (collectively, "West Virginia Plaintiffs") for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code, and states in furtherance thereof, as follows:

I. **Preliminary Statement**

1. Westfield takes no position on the relief requested by the West Virginia Plaintiffs.

2. However, as detailed more fully herein, Westfield filed an interpleader action related, among other matters, to the actions in which the West Virginia Plaintiffs seek to have the automatic bankruptcy stay lifted.

{W0861929.1}                                           1

3.  Westfield also filed a motion to transfer the cases filed by the West Virginia Plaintiffs and the Interpleader Action to a "Mass Tort Program," which would effectively consolidate the cases for purposes of discovery, settlement, and trial.

4.  Thus, Westfield asks that if the Court decides to grant the relief requested by the West Virginia Plaintiffs that it also lift the automatic stay with respect to Westfield's Interpleader Action.

## II. Procedural and Factual History

5.  The West Virginia Plaintiffs filed four separate actions in Harrison County Circuit Court of West Virginia, under docket numbers. 17-C-159-1, 17-C-213-1, 17-C-358-1, and 18-C-48-2[1] (the "West Virginia Cases" or the "underlying actions").

6.  It is alleged, in each West Virginia Case, inter alia, that a box truck operated by David Elsbury on behalf of Westfield's named insured, Liberty Transportation, Inc. ("Liberty"), crossed the center line of I-79 in Harrison County, West Virginia, and collided with a van operated by Rhoda Malone and occupied by five other passengers.

7.  The accident resulted in the deaths of several occupants and alleged serious injuries to other occupants in the van for which compensation is sought from Liberty, Elsbury, and numerous other defendants in the West Virginia Cases, including debtors Innovel Solutions, Inc. and Sears Logistics Services, Inc.[2]

8.  Westfield issued a commercial auto policy of insurance to Liberty Transportation, Inc., Liberty Distribution, Inc., Landmark Leasing, Inc. and Colonial Park Logistics, Inc. ("Liberty

---

[1] It is noted that the West Virginia Plaintiffs misidentify the docket number of this matter in their moving papers as 17-c-48-2. However, as shown in their Exhibit A-2, the docket number is 18-c-48-2.

[2] Upon information and belief, Sears, Roebuck and Company may have been substituted for Sears Logistics Services in the West Virginia Cases.

{W0861929.1}                                2

Defendants"), policy number CSP 5 315 510, for the policy period from July 1, 2016 to July 1, 2017 (the "Westfield Policy").

9. The Liberty Defendants are party to the West Virginia Cases.

10. Subject to the terms of its policy, Westfield is providing a defense in the Underlying Actions to several of the defendants to the West Virginia Cases, including Sears Holdings, LLC and other entities who assert that they are entitled to contractual indemnification and/or additional insured coverage from Liberty or Westfield, respectively.

11. On June 22, 2018, Westfield filed a Complaint in Interpleader ("Interpleader Action") in the Harrison County Court of Common Pleas under docket number 18-C-164-2, wherein in exchange for a full and complete release by the claimants of any and all liability arising from any and all claims which have been asserted or which could be asserted by claimants in the Underlying Actions against the Nominal Defendants who may be entitled to coverage under the Westfield Policy, including the Nominal Defendants who are being provided a defense by Westfield in the Underlying Actions subject to the terms, conditions and limitations of the policy and reservations of rights issued and/or to be issued by Westfield. See **Exhibit "A"** at paragraph 14, copy of the Complaint in the Interpleader Action.

12. Debtors Innovel Solutions, Inc. and Sears Logistics Services, Inc. are named as defendants to the Interpleader Action.

13. Debtors Innovel Solutions, Inc. and Sears Logistics Services, Inc. are party to the West Virginia Cases and are being defended by Westfield.

14. Debtors Innovel Solutions, Inc. and Sears Logistics Services, Inc. assert that they are entitled to benefits under the Westfield Policy.

### III. Argument

15. Westfield takes no position with regard to the relief from the stay requested by the West Virginia Plaintiffs and asks only that, if the Court is inclined to grant the relief requested by the West Virginia Plaintiffs, that it also order that the automatic stay in Westfield's Interpleader Action be lifted.

16. However, Westfield is providing a defense to Debtors Innovel Solutions, Inc. and Sears Logistics Services, Inc. in the West Virginia Cases.

17. Debtors Innovel Solutions, Inc. and Sears Logistics Services, Inc. assert that they are entitled to indemnification pursuant to the Westfield Policy should a judgment be entered against them in the West Virginia Cases.

18. Due to the pending Interpleader Action, Westfield cannot pay indemnity via proceeds from the Westfield Policy to any party without the Interpleader Action Court's approval, and in exchange for a full and complete release of claims and liability asserted by the various Plaintiffs against the Westfield insureds and putative insureds, including the Liberty Defendants and Debtors, respectively.

19. Further, the Interpleader Action may be consolidated with the West Virginia Cases if the cases are transferred to the Mass Tort Program run by West Virginia Courts.

20. The West Virginia Plaintiffs seek relief from the automatic stay provisions of 11 U.S.C. Section 362.

21. In support of their application, the West Virginia Plaintiffs assert that, "Upon information and belief, co-defendant Liberty Transportation, Inc. ("Liberty") has a contract with the Debtor Defendants wherein Liberty must indemnify Debtor Defendants and pay attorneys' fees." See paragraph 20 of West Virginia Plaintiffs' Motion.

{W0861929.1}                                            4

22. Westfield is providing a defense to the Debtors as aforesaid pursuant to the terms of the Westfield Policy and the contract between Liberty and Debtors.

23. To the extent any party asserts a right of indemnification under the Westfield Policy, Westfield's indemnification obligations, subject to the terms and conditions of its policy, are contingent upon approval by the Harrison County Court of Common Pleas overseeing its Interpleader Action.

24. The West Virginia Plaintiffs do not include the Interpleader Action in their definition of the "State Court Actions," but if the stay is lifted in the West Virginia Cases, it should also be lifted in the Interpleader Action.

25. Therefore, Westfield respectfully requests that if this Honorable Court is inclined to grant the relief requested by the West Virginia Plaintiffs that it also lift the stay in Westfield's Interpleader Action, filed in the Harrison County, West Virginia Court of Common Pleas under Docket Number 18-c-164-2.

**WHEREFORE**, Westfield Insurance Company respectfully requests that should this Honorable Court grant the relief requested by the West Virginia Plaintiffs that it also lift the stay in Westfield's Interpleader Action.

Respectfully Submitted,

FOWLER HIRTZEL MCNULTY &
SPAULDING, LLP

BY: _____

**DATED:** January 10, 2018

FRANCES A. LETTIERI, ESQUIRE
Attorneys for Respondent
Westfield Insurance Company

{W0861929.1}                              5

# CERTIFICATE OF SERVICE

I, Frances A. Lettieri, hereby certify that a true and correct copy of the foregoing pleading was served on the court via Federal Express and all counsel of record and the following interested parties, via first class mail, postage pre-paid, at the following addresses:

Lee Murray Hall, Esq.
Sarah A. Walling, Esq.
Jenkins Fenstermaker PLLC
325 8th Street
P.O. Box 2688
Huntington, WV 25726
**Counsel for Idealease Services, Inc. and Idealease, Inc.**

**Liberty Transportation, Inc.**
955 Reedsdale Ave.
Pittsburgh, PA 15212

**Landmark Leasing, Inc.**
838 Croft Rd.
Greensburg, PA 15601

**Liberty Distribution, Inc.**
955 Reedsdale Ave.
Pittsburgh, PA 15212

**Colonial Park Logistics, Inc. D/B/A Liberty Transportation, Inc.**
838 Croft Rd.
Greensburg, PA 15601

**HDH Group, Inc.**
210 Sixth Avenue, 30th Floor
Pittsburgh, PA 15222

**David M. Elsbury, Jr.**
203 Gates Road
Adah, PA 15410-1119

**Steven R. Wolf, Esquire
Administrator of the Estate of Breanna N. Africa**
12 N. Jefferson Avenue
Canonsburg, PA 15317

**Michael D. Adams**
203 Gates Road
Adah, PA 15410-1119

**Navistar, Inc.**
2701 Navistar Drive
Lisle, IL 60532

**R.H. Sheppard Co., Inc., previously known as R.H. Sheppard Company, Incorporated**
101 Philadelphia Street
Hanover, PA 17331-0877

**Happy Wheels Auto and Truck Collision, Inc. d/b/a Happy Wheels Body Shop and/or Happy Wheels Body Shop.**
1929 McKees Rocks Road
McKees Rocks, PA 15136

{W0861929.1}                                       6

                                      **FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

                                      **BY:** _[signature]_

**DATED:** January 10, 2018                FRANCES A. LETTIERI, ESQUIRE
                                                        Attorneys for Respondent
                                                          Westfield Insurance Company

# EXHIBIT A

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) | CIVIL ACTION 18-C-164-2 |
| ) | |
| Plaintiff, ) | NO. Judge Bedell |
| ) | |
| v. ) | |
| ) | |
| THOMAS K. DOWLER AND RENEE' L. ) | |
| DOWLER, INDIVIDUALLY AND AS ) | |
| ADMINISTRATORS OF THE ESTATE OF ) | |
| FAITH RENEE' DOWLER; ROBERT ) | |
| MALONE, INDIVIDUALLY AND AS ) | |
| ADMINISTRATOR OF THE ESTATE OF ) | |
| RHODA MALONE; STEVEN R. WOLF, ) | |
| ADMINISTRATOR OF THE ESTATE OF ) | |
| BREANNA N. AFRICA; CARMINE ) | |
| MOLINARO, JR. AND COLETTE ) | |
| MOLINARO, PARENTS AND NATURAL ) | |
| GUARDIANS OF M.M; FELICIA ) | |
| BROWELL, AS PARENT AND NATURAL ) | |
| GUARDIAN OF R.L.B., A MINOR; DAVID ) | |
| M. ELSBURY, JR.; MICHAEL D. ADAMS; ) | |
| LIBERTY TRANSPORTATION, INC.; ) | |
| LANDMARK LEASING, INC.; LIBERTY ) | |
| DISTRIBUTION, INC., COLONIAL PARK ) | |
| LOGISTICS, INC. D/B/A LIBERTY ) | |
| TRANSPORTATION, INC.; HUNTER ) | |
| LEASING, LLC; HUNTER LEASING, INC.; ) | |
| IDEALEASE SERVICES, INC.; IDEALEASE, ) | |
| INC.; SEARS LOGISTICS SERVICES, INC.; ) | |
| SEARS OUTLET STORES, LLC; INNOVEL ) | |
| SOLUTIONS, INC.; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT OF INTERPLEADER PURSUANT TO W. VA. R. CIV. PRO RULE 22

Plaintiff, Westfield Insurance Company, hereby files the i8nstant Bill/Complaint of interpleader, averring in support as follows:

### THE PARTIES

1. Westfield is an Ohio corporation with a principal place of business in Ohio.

2. Westfield is the stakeholder in this interpleader action.

{W0745461.1}

3.    Defendants, Thomas K. Dowler and Renee' I. Dowler, individually and as administrators of the Estate of Faith Renee' Dowler; Robert Malone, individually and as administrator of the Estate of Rhoda Malone; Steven R. Wolf, administrator of the Estate of Breanna N. Africa; Carmine Molinaro, Jr. and Colette Molinaro, parents and natural guardians of M.M., and Felicia Browell, as parent and natural guardian of R.L.B., a minor (collectively, the "Claimants'), are Plaintiffs in various civil actions arising out of a motor vehicle accident occurring on or about September 9, 2016 in Harrison County, West Virginia.

4.    The Claimants have filed several civil actions in the Circuit Court of Harrison County, West Virginia and the Court of Common Pleas of Washington County, Pennsylvania arising out of a tragic motor vehicle accident occurring on or about September 9, 2016 in Harrison County, West Virginia (collectively, the "Underlying Actions").

5.    Defendants, David M. Elsbury, Jr.; Michael D. Adams; Liberty Transportation, Inc.; Landmark Leasing, Inc.; Liberty Distribution, Inc., Colonial Park Logistics, Inc. d/b/a Liberty Transportation, Inc.; Hunter Leasing, LLC; Hunter Leasing, Inc.; Idealease Services, Inc.; Idealease, Inc.; Sears Logistics Services, Inc.; Sears Outlet Stores, LLC; and Innovel Solutions, Inc. (collectively, the "Nominal Defendants"), are defendants in one or more of the Underlying Actions and have asserted claims of insured or additional insured status against the Plaintiff's policy of insurance discussed further at length below.

6.    The Nominal Defendants are included as parties to the extent that they may have an interest in this interpleader action.

## FACTUAL BACKGROUND

7.    The Underlying Actions involved claims asserted by the Claimants against the Nominal Defendants, among others.

{W0745467.1}                                2

8. Westfield issued a commercial auto policy of insurance to Liberty Transportation, Inc., Liberty Distribution, Landmark Leasing, and Colonial Park Logistics, Inc., policy number CSP 5 315 510, for the policy period from July 1, 2016 to July 1, 2017 (the "Westfield Policy").

9. The Westfield Policy is responding to defend the Underlying Actions on behalf of some or all of the Nominal Defendants and will continue to do so in accordance with the terms and conditions of its policy notwithstanding the commencement and pursuit of this action and the tender of any money into this Honorable Court.

10. The above referenced Westfield Policy has a limit of liability of $1,000,000 per accident for bodily injury and property damage.

11. The accident giving rise to the claims in the Underlying Actions involved a vehicle operated by Elsbury that crossed the median and into oncoming traffic in the southbound lanes of Interstate 79, which then collided with another vehicle, resulting in alleged personal injuries to the Claimants and the fatalities of Rhoda Malone, Brianna Africa, and Faith Dowler.

12. There has been no determination of liability of any of the Nominal Defendants in the Underlying Actions, but the severity of the alleged accident and the volume of claims has given rise to the concern that the limit of liability of the Westfield Policy will be insufficient to discharge the potential liability of the Nominal Defendants in the Underlying Actions who may be entitled to coverage under the Westfield Policy.

13. To the extent that the limits of the Westfield Policy are not adequate to discharge the potential liability of the Nominal Defendants in the Underlying Actions who may be entitled to coverage under the Westfield Policy, the Nominal Defendants or their insurers may be personally exposed to the claimants' claims.

2018-06-22 11:25   Harrison Co Cir Clrk 3046248710 >> Kesner 1   P 4/6

14. Westfield is ready and willing to pay the limit of liability of the Westfield Policy in exchange for a full and complete release by the claimants of any and all liability arising from any and all claims which have been asserted or which could be asserted by claimants in the Underlying Actions against the Nominal Defendants who may be entitled to coverage under the Westfield Policy, including the Nominal Defendants who are being provided a defense by Westfield in the Underlying Actions subject to the terms, conditions and limitations of the policy and reservations of rights issued and/or to be issued by Westfield.

### Count I - Interpleader

15. The claims in the Underlying Actions may expose Westfield to "double or multiple liability." W.V. R. Civ. P. 22.

16. Westfield is ready and willing to pay the limit of liability of the Westfield Policy in accordance with paragraph 14 above to satisfy the claims asserted in the Underlying Actions against the Nominal Defendants who may be entitled to coverage under the Westfield Policy

17. Westfield is presently unable to make the determination as to which of the Claimants may be entitled to the proceeds of the Westfield Policy and/or to what extent without exposing itself to potential double or multiple liability on account of the potentially competing claims of each of the Claimants to the proceeds of the Westfield Policy.

18. Westfield does not admit that it or any of the Nominal Defendants in the Underlying Actions who may be entitled to coverage under the Westfield Policy are liable in whole or in part to any of the claimants. W.V. R. Civ. P. 22.

19. Westfield seeks to demonstrate its willingness to pay the limit of liability of the Westfield Policy in exchange for release of any and all liability against the Nominal Defendants in the Underlying Actions who may be entitled to coverage under the Westfield Policy by depositing the limit of liability with this Court, with any distributions to occur only in exchange

for a release by all of the claimants of any and all liability arising from any and all claims which are alleged, or which could have been alleged, against the nominal defendants in the underlying action in accordance with paragraph 14 above.

**WHEREFORE**, Westfield respectfully requests that this Court grant the following relief:

(1) Permit Westfield to deposit the limit of liability of the Westfield Policy with the Court;

(2) Require Defendants to respond to this complaint and set forth the manner in which the limit of liability of the Westfield Policy should be allocated between claimants in exchange for a release of any and all liability on the claims they have against the nominal defendants (e.g., the insureds and putative insureds under the Westfield Policy pursuant to paragraph 14 above) in order to discharge the liability of the Nominal Defendants in the Underlying Actions; and

(3) Such other and further relief, as the Court may deem appropriate.

DATED: June 15, 2018

/s/ Diane Sneakievich
David L. Wyant, Esq.
WV ID#4149
Diane G. Sneakievich, Esq.
WV ID#9278
Bailey & Wyant, PLLC
1219 Chapline Street
Wheeling, WV 26003
dwyant@baileywyant.com
dsenakeivich@baileywyant.com

*Attorneys for Plaintiff, Westfield Insurance Company*

5



**FH** Fowler Hirtzel
**MS** McNulty Spaulding

2000 Market Street
Suite 550
Philadelphia, PA 19103
P (215) 789-4848
www.fhmslaw.com

Frances A. Lettieri
Partner
Direct Dial: (267) 457-4569
Cell: (215) 518-9687
Fax: (215) 253-4698
E-mail: flettieri@fhmslaw.com

January 10, 2019

**VIA FEDERAL EXPRESS**
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   In Re: Sears Holdings Corporation, et al
      <u>Case No. 18-23538 (RDD)</u>

Dear Madam/Sir:

Enclosed for filing is an original and one copy of the Response of Westfield Insurance Company to the Motion of Felicia Browell, as Parent and Natural Guardian of Rhianna L. Browell, a Minor, Robert Malone, Administrator of the Estate of Rhoda Malone, Robert Malone, as Parent and Natural Guardian of Robert Logan Malone, and Thomas K. Dowler and Renne I. Dowler, Administrators of the Estate of Faith Renne Dowler for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code with regard to the above matter. Kindly file the original of record and return a time-stamped copy to my attention in the self-addressed stamped envelope.

Thank you.

Very truly yours,

Frances A. Lettieri

FAL/ce

Enclosure

{W0863406.1}

Lancaster Office: 1860 Charter Lane|Suite 201|Lancaster, PA 17601-5865|P (717) 553-2600|F (717) 229-1239
Allentown Office: 4949 Liberty Lane|Suite 330|Allentown, PA 18106|P (484) 408-0300|F (484) 550-7992
New Jersey Office: 10000 Midlantic Drive|Suite 402W|Mount Laurel, NJ 08054|P (856) 242-2130|F (856) 861-6226

January 10, 2019
Page 2

cc: Lee Murray Hall, Esq.
Sarah A. Walling, Esq.
HDH Group, Inc.
David M. Elsbury, Jr.
Liberty Transportation, Inc.
Steven R. Wolf, Esquire
Landmark Leasing, Inc.
Michael D. Adams
Liberty Distribution, Inc.
Navistar, Inc.
Colonial Park Logistics, Inc. d/b/a Liberty Transportation, Inc.
Liberty Transportation, Inc.
R.H. Sheppard Co., Inc., previously known as R.H. Sheppard Company, Inc.
Happy Wheels Auto and Truck Collision, Inc. d/b/a Happy Wheels Body Shop and/or Happy Wheels Body Shop

{W0863406.1}