**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                       :        Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,       :        Case No. 18-23538 (RDD)
:
Debtors.[1]                                 :        (Jointly Administered)
:
------------------------------------------------------------x

# ORDER AUTHORIZING DEBTORS TO RETAIN DELOITTE TRANSACTIONS AND BUSINESS ANALYTICS LLP FOR BANKRUPTCY ADVISORY SERVICES *NUNC PRO TUNC* TO OCTOBER 29, 2018

Upon the application, dated January 4, 2019 (ECF No. 1495) (the "**Application**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for an order (i) authorizing the Debtors to retain and employ Deloitte Transactions and Business Analytics LLP ("**DTBA**") as bankruptcy advisor for the Debtors, effective as of October 29, 2018, and (ii) granting related relief, all as more fully set forth in the Application; and upon the declaration of John W. Little, a principal at DTBA, annexed to the Application as **Exhibit A** (the "**Little Declaration**"); and the Court being satisfied, based on the representations made in the Application and the Little Declaration, that DTBA is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, that DTBA neither represents nor holds an interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged, and that DTBA's retention is necessary and in the best interests of the Debtors' estates; and the Court having jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Amended Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and no objection having been filed and the Debtors having submitted a certificate of no objection; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and sufficient cause appearing therefor,

C:\USERS\PEENETRA\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\NC289CEI\SEARS - DTBA (ORDER ONLY)_WEIL_96871919_2.DOC

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as provided herein.

2. In accordance with section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain DTBA as the Debtors' bankruptcy advisor in accordance with the terms and conditions set forth in the Engagement Letter, effective *nunc pro tunc* to October 29, 2018 and to pay fees and reimburse expenses to DTBA on the terms set forth in the Engagement Letter, in each case as modified by this Order.

3. The terms and conditions of the Engagement Letter are reasonable and, as modified by this Order, are approved.

4. DTBA shall use reasonable efforts to cooperate with the Debtors to avoid any unnecessary duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5. DTBA shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and any applicable fee and expense guidelines and orders of this Court (including the Interim Compensation Order).

6. DTBA shall include in its fee applications, among other things, time records setting forth a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors.

7. DTBA shall provide reasonable notice to the Debtors, the Office of the United States Trustee, and any statutory committee appointed in these chapter 11 cases of any

increase of DTBA's hourly rates from those set forth in the Little Declaration, and such notice will be filed on the docket of these cases.

8. The Indemnification Provisions set forth in the general business terms attached to the Engagement Letter (the "**General Business Terms**") are approved subject to the following modifications with respect to the Bankruptcy Advisory Services performed thereunder after October 29, 2018 and prior to the effective date of any chapter 11 plan of the Debtors:

    a. All requests for payment of indemnity, contribution, or otherwise pursuant to the Indemnification Provisions shall be made by means of a final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Indemnification Provisions, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and other orders of this Court and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall an indemnified party be indemnified or receive contribution to the extent that any claim arose or expense has resulted for any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the breach of contract, gross negligence, willful misconduct, or fraud of any indemnified parties;

    b. In no event shall any indemnified parties be indemnified or receive contribution or other payment under the Indemnification Provisions if the Debtors or a representative of the Debtors' estates asserts a claim for, and a court determines by a final order that such claims primarily arose out of, such person's breach of contract, gross negligence, willful misconduct, or fraud of any Indemnified Parties;

    c. In the event an indemnified party seeks reimbursement of attorneys' fees from the Debtors pursuant to the indemnification provisions, the invoices and supporting time records from such attorneys shall be attached to DTBA's own interim and final fee applications, and such invoices and time records shall be subject to the applicable United States Trustee guidelines and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and

      d.    Any provision of the Engagement Letter relating to expense policies and reimbursements shall be subject to the applicable guidelines set forth in the Local Rules and general orders of this Court.

9. The Engagement Letter is further modified with respect to the Bankruptcy Advisory Services provided thereunder from October 29, 2018 through the effective date of any chapter 11 plan of the Debtors, as follows:

      a.    The last sentence in subsection a) in the "Limitation on Damages and Indemnification" provision of the General Business Terms of the Engagement Letter shall be deemed deleted.

      b.    The last sentence of "Independent Contractor" provision of the General Business Terms of the Engagement Letter shall be deleted and replaced with the following:

> It is understood and agreed that each of Advisor and Client is an independent contractor and that neither of them is, nor shall be considered to be, the other's agent, distributor, partner, joint venture, co-owner or representative.

10. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, the Little Declaration, and the terms of this Order, the terms of this Order shall govern.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

12. During the pendency of these chapter 11 cases, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

DATED:    White Plains, New York
               January 22, 2019

                                                        /s/ Robert D. Drain
                                                        Hon. Robert D. Drain
                                                        United States Bankruptcy Judge
                                                        Southern District of New York