**KURTZMAN | STEADY, LLC**
Jeffrey Kurtzman, Esquire
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com

Attorneys for PREIT Services, LLC, as agent
for PR North Dartmouth LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, | : | |
| INC., et al.,[1] | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**OBJECTION OF PREIT SERVICES, LLC, AS AGENT FOR PR NORTH
DARTMOUTH LLC, TO DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

TO:   THE HONORABLE ROBERT D. DRAIN,
        UNITED STATES BANKRUPTCY JUDGE:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Se s Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC(6546); Sears Operations LLC(4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The objection of PREIT Services, LLC ("PREIT"), as agent for PR North Dartmouth LLC ("PR North Dartmouth"), to the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction filed by the above-captioned debtors and debtors-in-possession (the "Debtors") on January 18, 2019 (the "Assumption Notice") [Doc. No. 1731], respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157.  This matter is a core proceeding under 28 U.S.C. §157(b)(A) and (B).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

3.      On October 15, 2018 (the "Petition Date"), the Debtors, including Sears Roebuck and Company ("Sears Roebuck"), filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  Since the Petition Date, the Sears Roebuck has continued to operate its business and manage its properties as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

4.      PR North Dartmouth is the owner of the Dartmouth Mall located in Dartmouth, Massachusetts (the "Property").  The Property is a "shopping center" within the meaning of §365(b)(3) of the Bankruptcy Code.

5.      Sears Roebuck leases a portion of the Property for use as a department store pursuant to an unexpired nonresidential real property lease, as amended (the "Lease").  Fn2The Lease is referenced as store no. 2373 and appears on page 5 of 10, line 149, of Exhibit B to the Assumption Notice.

6.      To date, the Lease has neither been assumed nor rejected.

2

A.    **The Lease Termination Transaction.**

7.    On May 17, 2018, PR North Dartmouth and Sears Roebuck entered into a Termination of Lease and Agreement (the "Lease Termination Agreement"), a copy of which is annexed hereto and made a part hereof as Exhibit "A".

8.    Pursuant to the Lease Termination Agreement, PR North Dartmouth agreed to pay Sears Roebuck the sum of $5,000,000.00 (the "Termination Payment") in consideration of the agreement of Sears Roebuck to terminate the Lease, vacate the Property and deliver possession thereof to PR North Dartmouth, at the election of PR North Dartmouth, on either August 31, 2019 or January 31, 2020 (the "Termination Date"). See, Lease, ¶ 2.

9.    On May 25, 2018, PR North Dartmouth delivered the Termination Payment to Sears Roebuck in full, thereby performing its obligations under the Termination Agreement and satisfying the only material condition to the performance of Sears Roebuck's obligations thereunder.

10.    On December 7, 2018, in compliance with its obligation to provide notice to Sears Roebuck of its election of the applicable Termination Date, PR North Dartmouth issued the notice annexed hereto and made a part hereof as Exhibit "B" (the "Termination Notice").

11.    Pursuant to the Termination Notice, PR North Dartmouth advised Sears Roebuck of the former's election that the Termination Date would be August 31, 2019.

12.    Notwithstanding the termination of the Lease as provided in the Termination Agreement and the performance of PR North Dartmouth of its obligations thereunder, including remitting the full amount of the Termination Payment, the Debtors nevertheless may seek to assume and assign the Lease to their prospective purchaser, ESL Investments.

13.     For the reasons hereinafter set forth, the Lease may not be assumed and assigned

to a third party by virtue of the fact that the Lease will terminate on August 31, 2019 as provided

in the Termination Agreement and the Termination Agreement itself cannot be rejected since it is

not "executory" within the meaning of §365(a) and (b) of the Bankruptcy Code.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

### B.     The Lease May Not Be Assumed and Assigned.

14.     As described above, PR North Dartmouth has fully performed its obligations

under the Lease Termination Agreement.  As a result, the Lease will terminate on the August 31

Lease Termination Date, at which point Sears Roebuck is required to vacate the Property and

surrender possession thereof.

15.     The only step which the Debtors could attempt to alter this result would be to seek

to reject the Lease Termination Agreement itself under §365 of the Bankruptcy Code.  However,

because the Lease Termination Agreement is not "executory", any such effort would be

unavailing as a matter of law.

16.     In this circuit and others, the operative definition of "executoriness" derives from

the Countryman definition, which states that a contract is executory if the obligations of both

parties are so unperformed that the failure of either party to complete performance would

constitute a material breach and thus excuse the performance of the other.  Vern Countryman,

*Executory Contracts in Bankruptcy (Part 1)*, 57 Minn. L. Rev. 439, 460; see also, *COR Route 5

Co. v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 381 (2d Cir. 2008). (Emphasis

added).

17.    While the Lease could arguably be assumed and assigned, subject to the limitations created by operation of the Lease Termination Agreement, the Lease Termination Agreement could not be rejected since it has been fully performed by PR North Dartmouth.

18.    As a result, for all practical purposes, the Debtors may not assume the Lease since to do so would frustrate the purpose and effect of the Lease Termination Agreement.

**C.    <u>Permitting the Debtors to Assume the Lease Would Result in Unjust Enrichment.</u>**

19.    In addition to the fact that the Lease Termination Agreement may not be rejected as a matter of law, permitting the Debtors to disregard that instrument would be wholly inequitable. As set forth above, Sears Roebuck has received a $5,000,000.00 in consideration of its agreement to vacate the Property on the Termination Date. Any modification or qualification of the rights of PR North Dartmouth to recapture the Property as provided in the Lease Termination Agreement, which rights were negotiated and exercised in good faith and for substantial value, would leave PR North Dartmouth without any meaningful remedy for Sears Roebuck's breach, would frustrate the intent of the parties in entering into the Lease Termination Agreement, and would unjustly and inequitably enrich Sears Roebuck by the amount of the Termination Payment to the extreme detriment of PR North Dartmouth.

## CONCLUSION

20.    For the foregoing reasons, PR North Dartmouth respectfully requests the entry of an order pursuant to §365 of the Bankruptcy Code determining that the Lease may not be assumed (or assumed and assigned).

WHEREFORE, PR North Dartmouth LLC respectfully requests the entry of an order

granting the foregoing relief, together with such other and further relief as is just and proper.

Dated:  January 22, 2019

**KURTZMAN | STEADY, LLC**

By:_____

Jeffrey Kurtzman, Esquire
401 S. 2nd Street, Suite 200
Philadelphia, PA  19147
Telephone: (215) 839-1222
Email:kurtzman@kurtzmansteady.com

Attorneys for PREIT Services, LLC, as agent for PR
North Dartmouth LLC