CUSTY LAW FIRM, LLC
Brian Custy
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
Telephone: (219) 286-7361
Email: bcusty@custylaw.com

Hearing Date: February 14, 2019
Time: 10:00am

*Counsel to Jenny Yednak and Ronald Yednak*
(*pro hac vice* admission pending)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                           :

In re:  :  Chapter 11
                                                           :

Sears Holding Corporation, et al.,  :  Case No. 18-23538-rdd
                                                           :

Debtors.  :  (Jointly Administered)
                                                           :
------------------------------------------------------------x

**APPLICATION OF JENNY YEDNAK AND RONALD YEDNAK IN SUPPORT OF
AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

Jenny Yednak and Ronald Yednak ("Movants"), by and through undersigned counsel, submit this application in support of the entry of an Order, pursuant to § 362(d)(l) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting relief from the automatic stay arising in these chapter 11 cases commenced by debtors Sears Holdings Corporation, *et al.* (collectively, the "Debtors"), so as to permit the continuation of a State Court Action (hereinafter defined) (the "Motion"), and respectfully represent and allege as follows:

**BACKGROUND**

1. On July 10, 2016, Movant Jenny Yednak suffered a traumatic brain injury after she

encountered a wet floor in the women's restroom at a Sears store and fell.

2. On July 9, 2018 Movants commenced an action in the Circuit Court of Cook County, Illinois (the "State Court"), against (among others) debtor Sears Roebuck & Co. (the "Debtor Defendant") captioned *Jenny Yednak et al. v. Sears Roebuck & Co. et al.,* cause no. 2018-L-007065 (the "State Court Action"), seeking to recover compensatory damages on account of her injuries based upon causes of action sounding in premises liability and general negligence. A copy of Movants' Complaint is attached hereto as Exhibit "A" (the "Complaint"). The crux of the Complaint is that the wet floor presented a safety hazard that defendants failed to remedy or warn Movant Jenny Yednak of. Debtor Defendant is believed to have operated the Sears store where Movant Jenny was hurt, while other named defendants owned or managed the property during relevant periods.

3. Movants are not presently certain whether any insurance coverage exists which might provide for the Debtor Defendant's defense in the State Court Action and/or which might be available to satisfy all or any portion of a judgment entered in favor of Movants as against the Debtor Defendant in connection with the State Court Action. However, Movants believe that such insurance coverage likely exists as well as insurance reserves, reinsurance treaties, excess insurance, and umbrella insurance which all may satisfy some or all of the damages in the State Court Action.

4. On October 15, 2018 (the "Petition Date"), the Debtor Defendant filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court and Orders for Relief were entered. On October 24, 2018, the Debtor Defendant filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay in the State Court Action.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are § 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001.

## RELEVANT LAW

6. By this Motion, Movants seek relief from the automatic stay to permit the continuation of the State Court Action and Movants' recovery from the proceeds of any related insurance policy or insurance reserves. The enforcement of any judgment will continue to be stayed against the Debtor Defendant to the extent that the judgment amount exceeds any available insurance coverage or insurance reserves.

7. In this regard, § 362(d)(l) of the Bankruptcy Code provides, in relevant part, that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) *for cause,* including the lack of adequate protection of an interest in property of such party in interest;

8. The Bankruptcy Code does not define the term "cause" however, the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances." *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1286 (2d Cir. 1990) *(quoting* H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44, *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300). The burden of proof on a motion seeking modification of the automatic stay is a shifting one: the movant has the initial burden of

showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence. *In re Mazzeo,* 167 F.3d 139, 142 (2d Cir. 1999).

9. The Second Circuit has articulated the following twelve (12) *Sonnax* factors which the bankruptcy court must weigh upon a request for relief from the automatic stay in order to continue litigation in another forum:

> (i) whether relief would result in a partial or complete resolution of the issues;
>
> (ii) lack of any connection with or interference with the bankruptcy case;
>
> (iii) whether the other proceeding involves the debtor as a fiduciary;
>
> (iv) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
>
> (v) whether the debtor's insurer has assumed full responsibility for defending it;
>
> (vi) whether the action primarily involves third parties;
>
> (vii) whether litigation in another forum would prejudice the interests of other creditors;
>
> (viii) whether the judgment claim arising from the other action is subject to equitable subordination;
>
> (ix) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
>
> (x) the interests of judicial economy and the expeditious and economical resolution of litigation;
>
> (xi) whether the parties are ready for trial in the other proceeding; and
>
> (xii) the impact of the stay on the parties and the balance of harms.

*Sonnax,* 907 F.2d at 1286. Only those factors that are relevant to a particular case need be considered and the court need not assign them equal weight. *In re Keene Corp.,* 171 B.R. 180,

183 (Bankr. S.D.N.Y. 1994). The court "should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate." *Id*. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Lamberjack*, 149 B.R. 467, 470 (Bankr. N.D. Ohio 1992)(citing Senate Report No., 989, 95th Cong., 2d. Sess., 50).

## ARGUMENT

10. Consideration of the *Sonnax* factors illustrate that "cause" exists for a modification of the automatic stay so as to permit the immediate continuation of the State Court Action. The various *Sonnax* factors are set forth below:

> **(i)** **whether relief would result in a partial or complete resolution of the issues;**

Continuation of the State Court Action will ultimately establish liability and damages amongst all parties including the liability and damages, if any, of the Debtor Defendant.

> **(ii)** **lack of any connection with or interference with the bankruptcy case;**

Movants believe that Debtor Defendant maintained insurance applicable to the claims asserted in the State Court Action which will provide for the Debtor Defendant's defense and satisfaction of any judgment entered against it. Enforcement of any judgment against the Debtor Defendant would continue to be stayed to the extent that the judgment amount exceeds any available insurance coverage or applicable insurance reserves or set-asides. Accordingly, continuation of the State Court Action will not interfere with this case. *See In re Todd Shipyards Corp.,* 92 B.R. 600 (Bankr. D.N.J. 1988)("Since the Movants only seek to litigate their claims

5

and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings").

> **(iii)    whether the other proceeding involves the debtor as a fiduciary;**

The State Court Action does not involve the Debtor Defendant as a fiduciary.

> **(iv)    whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;**

The Law Division of Cook County, Illinois routinely applies applicable state law to general negligence and premises liability actions like the State Court Action. The Cook County Circuit Court possesses the needed expertise to hear the State Court Action involving various defendants that call Illinois home.

> **(v)    whether the debtor's insurer has assumed full responsibility for defending it;**

The Debtor Defendant can confirm what insurance or reinsurance arrangements may provide for a defense of any portion of the State Court Action. Based upon the filings in this matter, it is believed that the Debtor Defendant maintained or had available excess or umbrella insurance for tort claims such as those asserted in the State Court Action.

> **(vi)    whether the action primarily involves third parties;**

The State Court Action involves 2 defendants, SRC Facilities Statutory Trust No. 2003-A and SRC Facilities LLC, which are believed to have owned the property where Movant Jenny Yednak fell during relevant times. Moreover, each was served with the State Court Action in Illinois. Neither is listed as a debtor in this action.

Amy Kelso Sikorski is another non-debtor defendant in the State Court Action who is

alleged to have managed the Sears store where the incident occurred. The Movants are each residents of Indiana and third parties to this matter. Finally, to the extent Debtor Defendant maintained applicable insurance, those carriers would also be relevant third parties to this action.

> **(vii)** **whether litigation in another forum would prejudice the interests of other creditors;**

Permitting Movants to proceed with the State Court Action will not prejudice any creditor to the extent Debtor Defendant is believed to have maintained applicable insurance on the date of the incident. Liquidation of the claims asserted in the State Court Action will benefit all creditors and Movants will not be permitted to enforce any judgment directly against it or its estate by granting the relief sought in this motion.

> **(viii)** **whether the judgment claim arising from the other action is subject to equitable subordination;**

Any judgment claim arising from the State Court Action will not be subject to equitable subordination. Movants have not engaged in any conduct which would give rise to such a claim.

> **(ix)** **whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;**

The Movants' success in the State Court Action would not result in an avoidable judicial lien.

> **(x)** **the interests of judicial economy and the expeditious and economical resolution of litigation;**

The Circuit Court of Cook County is the most appropriate forum in which to litigate this matter involving Illinois defendants and Indiana plaintiffs. The Cook County Circuit Court

routinely hears general premises liability and negligence claims like those asserted in the State Court Action.

### (xi) whether the parties are ready for trial in the other proceeding; and

The parties in the State Court Action are not presently ready for trial as the matter was in a very early stage when it was stayed. Upon modification of the automatic stay, undersigned and Movants are prepared to move the State Court Action to conclusion as quickly as possible.

### (xii) impact of the stay on the parties and the balance of harms.

The automatic stay has had an immediate and negative impact on Movants. Movant Jenny Yednak suffered a life changing brain injury at a Sears store and she and her family have struggled since. Their efforts to obtain redress in the State Court Action against Debtor Defendant and the other 3 defendants named have been negatively impacted to date by the stay. On the other hand, Debtor Defendant will not be negatively impacted if Movants are permitted to continue the State Court Action due to the likely existence of insurance coverage and the continuation of the stay as to the enforcement of any judgment not against any insurance, insurance reserve or insurance set-aside.

Accordingly, the balance of harms weighs heavily in favor of Movants.

## CONCLUSION

Movants request that the automatic stay be modified to permit the continuation of the State Court Action and Movant's recovery from the proceeds of any related insurance policy or applicable insurance reserve or set-aside.

Dated: January 22, 2019

                                                                                          CUSTY LAW FIRM, LLC

                                                                                         By: _/s/ Brian Custy_____

Brian Custy
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
Telephone: (219) 286-7361
Email: bcusty@custylaw.com

*Counsel to Jenny and Ronald Yednak*

Attorney No. 49823

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY
DEPARTMENT, LAW DIVISION

FILED
7/9/2018 12:06 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2018L007065

FILED DATE: 7/9/2018 12:06 PM 2018L007065

| | |
|---|---|
| JENNY YEDNAK and RONALD YEDNAK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO.: ) |
| SEARS ROEBUCK & CO., SRC FACILITIES STATUTORY TRUST NO. 2003-A, SRC FACILITIES LLC, and AMY KELSO SIKORSKI, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

JENNY YEDNAK (hereinafter "Jenny") and RONALD YEDNAK (hereinafter "Ronald"), by Custy Law Firm, LLC, for their Complaint against Defendants SEARS ROEBUCK & CO. (hereinafter "Sears"), SRC FACILITIES, LLC (hereinafter "SRC"), SRC FACILITIES STATUTORY TRUST NO. 2003-A (hereinafter "SRC Trust") and AMY KELSO SIKORSKI (hereinafter "Sikorski") allege and state:

### PARTIES JURISDICTION AND VENUE

1. At all times relevant, Jenny and Ronald were natural persons and citizens and residents of Lake County, Indiana.

2. Sikorski is a natural person, and a citizen and resident of Peoria County, Illinois.

3. Sikorski is subject to the jurisdiction of this Court pursuant to 735 ILCS 5/2-209(b), in that she is a natural person domiciled or residing in the State of Illinois at the time this action is commenced and at the time process is served.

4. SRC is a limited liability company organized under the laws of the State of Delaware. SRC's principal place of business is in Hoffman Estates, Cook County, Illinois.

5. SRC is subject to the jurisdiction of this Court pursuant to 735 ILCS 5/2-209(b), in that it is doing business within the State of Illinois.

6. SRC Trust is a foreign statutory trust organized under the laws of the State of Delaware. SRC Trust's principal place of business is in Hoffman Estates, Cook County, Illinois.

7. SRC is subject to the jurisdiction of this Court pursuant to 735 ILCS 5/2-209(b), in that it is doing business within the State of Illinois.

8. Sears is a corporation organized under the laws of the State of New York. Sears' principal place of business is in Hoffman Estates, Cook County, Illinois.

9. Sears is subject to the jurisdiction of this Court pursuant to 735 ILCS 5/2-209(b), in that it is doing business within the State of Illinois.

## GENERAL ALLEGATIONS

10. At all times relevant, SRC Trust owned property consisting of approximately 17.5 acres with developed retail shopping facilities at the Southlake Mall in Merrillville, Lake County, Indiana (the "Premises").

11. SRC Trust transferred the Premises to an affiliated company, SRC, which became owner of the Premises. Upon information and belief, SRC assumed all liabilities of the prior owner SRC Trust. Thus SRC is liable for its own acts as well as those of SRC Trust.

12. Sears operated a retail sales business at the Premises which was open to the public.

13. As part of its retail sales business, Sears invited and encouraged the public to enter the Premises and view merchandise for sale.

14. At all times relevant, Sikorski was the general manager of the Sears store located on the Premises and a believed employee of Sears. Sikorski was responsible for direct oversight of more than 80 employees at the Merrillville Sears store. Sikorski exercised control of the Premises at all times and had the authority to implement policies to detect hazardous conditions on the Premises and either correct or warn others of the condition. Sikorski had sufficient control to prevent, repair or warn of the defective condition at issue in this matter.

15. Sears is liable for the acts of Sikorski which were done within the course and scope of her employments.

16. On July 10, 2016, Sikorski, SRC, SRC Trust and Sears each invited Jenny to enter or remain on the Premises. Jenny entered and remained on the Premises during normal Sears business hours. Sikorski, SRC, SRC Trust and Sears each permitted Jenny to enter the Premises. None of Sikorski, SRC, SRC Trust or Sears objected to Jenny entering and remaining on the Premises.

## COUNT I

### Premises Liability / General Negligence

17. Jenny reincorporates and restates the allegations of paragraphs 1-16 of this Complaint.

18. On July 10, 2016, Sikorski, SRC, SRC Trust and Sears owed Jenny and others a duty as an owner or occupier or manager of the Premises to exercise ordinary care to see that the property was reasonably safe for the use of those lawfully on the Premises.

19. Each of Sikorski, SRC, SRC Trust and Sears occupied the Premises with an intent to control it.

20. Alternatively, if any of Sikorski, SRC, SRC Trust or Sears did not occupy the Premises with an intent to control it, they each carried out acts for the possessor of the Premises and are subject to liability as if they possessed the Premises.

4

21. Further, if any of Sikorski, SRC, SRC Trust or Sears did not occupy the Premises with an intent to control it, they each were required to exercise the general duty of reasonable care to prevent harming others.

22. On July 10, 2016, contrary to a duty of care owed, Sikorski, SRC, SRC Trust and Sears were each negligent in one of more of the following ways, *inter alia*:

   a. Created a condition that existed in the women's bathroom for a sufficient length of time and failed to correct the condition;

   b. Created a condition that existed in the women's bathroom for a sufficient length of time and failed to give adequate warning of the condition to invitees such as Jenny;

   c. Knew that a condition existed in the women's bathroom for a sufficient length of time and failed to correct the condition;

   d. Knew that a condition existed in the women's bathroom for a sufficient length of time and failed to give adequate warning of the condition to invitees such as Jenny;

   e. Failed to discover the substance on the floor of the women's bathroom after the condition had existed for sufficient time when it should have been discovered and corrected;

   f. Failed to discover the substance on the floor of the women's bathroom after the condition had existed for sufficient time when it should have been discovered and warning should have been given to invitees such as Jenny;

   g. Knew that a condition existed in the women's bathroom and realized that it created an unreasonable danger to an invitee such as Jenny;

   h. Should have known and discovered that a condition existed in the women's bathroom and should have realized that it created an unreasonable danger to an invitee;

   i. Should have expected that an invitee would not discover or realize the danger of the condition or would fail to protect himself or herself against it;

5

j. Failed to take proper measures to ensure the floors of the Premises were kept in safe condition;

k. Failed to use reasonable care to protect any invitee from the dangerous condition in the women's bathroom;

l. Failed to warn invitees and users of the Premises of the dangerous condition in the women's bathroom;

m. Failed to implement reasonable inspection policies so that the dangerous condition in the women's bathroom would have been discovered before an invitee could encounter the condition;

n. Failed to implement reasonable policies so that the dangerous condition would be escalated and remedied in a reasonable manner so as to prevent harm from invitees;

o. Failed to properly supervise employees of the Sears store on the Premsies so that they detected and corrected or warned of hazardous conditions on the Premises;

p. Failed to maintain the Premises in such a way to not cause injury to invitees;

q. Failed to inspect the Premises in such a way as to not cause injury to invitees; and/or

r. Behaved otherwise differently than a reasonable owner, occupier, manager or other person or entity would have under the same or similar circumstances.

23. As a direct and proximate result of the negligence of each of Sikorski, SRC, SRC Trust and Sears, Jenny encountered a wet floor in the women's restroom on the lower level of the Premises and fell causing her to strike her head. The wet floor was a hazardous condition which was dangerous to Jenny and others.

24. Defendants each failed to warn Jenny of the dangerous condition or address it in any way.

6

25. As a direct and proximate result of Jenny's fall and the conduct of Sikorski, SRC, SRC Trust and Sears, Jenny was physically injured, suffered and continues to suffer emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, plaintiff JENNY YEDNAK seeks the entry of judgment in her favor and against defendants AMY KELSO SIKORSKI, SEARS ROEBUCK & CO., SRC FACILITIES, LLC, and SRC FACILITIES STATUTORY TRUST NO. 2003-A for compensatory damages in an amount to be determined herein, prejudgment interest, for the costs of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

## COUNT II

### Premises Liability / General Negligence / Loss of Consortium

26. Ronald reincorporates and restates the allegations of paragraphs 1-25 of this Complaint.

27. At all times relevant, Ronald was married to Jenny.

28. In addition, as a further direct and proximate result of the negligence of Sikorski, SRC, SRC Trust and Sears, Ronald, has been deprived of a portion of Jenny's love, affection, companionship, services, and/or consortium which she ably provided prior to the fall at the Premises.

WHEREFORE, plaintiff RONALD YEDNAK seeks the entry of judgment in his favor and against defendants AMY KELSO SIKORSKI, SEARS ROEBUCK & CO., SRC FACILITIES, LLC, and SRC FACILITIES STATUTORY TRUST NO. 2003-A for compensatory damages in an amount to be determined herein, prejudgment interest, for the costs of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

Respectfully Submitted,

By: _____
Brian N. Custy

**JURY DEMAND**

Plaintiffs demand trial by jury on their Complaint.

Respectfully Submitted,

By: _____
Brian N. Custy

8

FILED DATE: 7/9/2018 12:06 PM   2018L007065

## SCR 222 CERTIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies on behalf of Plaintiffs that the total damages sought herein exceed $100,000.

Respectfully Submitted,

By: _____
Brian N. Custy

ARDC No. 6292134
Cook Cty. No. 49823
CUSTY LAW FIRM, LLC
101 W. 84th Drive, Suite A
Merrillville, Indiana 46410
(219) 660-0450



CUSTY LAW FIRM
TRIAL LAWYERS