# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In RE: | ) | Chapter 11 Case Number 18-23538 |
| Sears Holdings Corporation | ) | JUDGE: **ROBERT D. DRAIN** |
| Debtor(s) | ) | RE-STATED AND AMENDED MOTION FOR RELIEF FROM STAY TO ALLOW CIVIL LITIGATION TO PROCEED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Under 11 U.S.C. section 362 (d) and local rule 4001-1, derived from former Local Bankruptcy Rule 44 (a), Jerry Vosburg and Esther Vosburg (collectively, "Movants"), by and through counsel, Sedric E. Banks, hereby respectfully move to re-state, supersede and amend their original motion (Doc # 1255) previously filed in this Court for relief from the automatic stay imposed by section 362 (d) of the Bankruptcy Code, so as to include the following, to-wit:

## MEMORANDUM IN SUPPORT

1. Movants, Jerry and Esther Vosburg, are plaintiffs in a civil action filed August 8, 2008, against the Debtor, Sears Roebuck & Co. in a product liability complaint styled "*Jerry and Esther Vosburg vs. Sears Roebuck & Co.*" suit no 2008-0568 pending in Fourth District Court, Morehouse Parish, Louisiana. A copy the original petition in said suit is attached hereto as Exhibit A and is incorporated herein by reference. Plaintiffs allege in their complaint that they suffered loss, damage and catastrophic injury due to a defective product, namely a microwave oven which self-started and ignited foodstuff in the oven cavity, causing smoke and fire. In discovery, plaintiffs learned Sears had purchased the defective product wholesale and in bulk from the manufacturer, Samsung Electronics America, Inc., and/or Samsung Opto-Electronics America, Inc. (collectively "Samsung")

then rebranded and sold same to plaintiffs as "Sears Kenmore", without warning in breach of La. Product Liability Act codified in LSA – R.S. 9:2800.52, *et. seq*. Plaintiffs, also, learned, insurers and attorneys representing Samsung paid Sears' designated corporate representative to lie under oath at trial and falsely swear that Sears had not received a single complaint of self-starting microwave ovens which Samsung manufactured and Sears sold, never mind reams of consumer complaints maintained in Sears "legal" department (attached as Exhibit B, in globo) and/or emails between the "legal" department of Sears and Samsung discussing complaints filed with the U.S. Consumer Product and Safety Commission. In short, Samsung and/or its insurers paid outside attorneys representing Sears and Sears corporate representative to deceive the court and conceal material evidence. When the court discovered the truth, it ordered Sears' defenses stricken on January 5, 2014, leaving quantum as the only issue for trial. See attached Exhibit C. Recusal motions delayed trial on quantum. On March 12, 2018, the state Supreme Court appointed an ad hoc judge, namely Hon. Glynn D. Roberts, who fixed a jury trial on quantum for March, 2019.

2  On or about October 15, 2018, debtor Sears Roebuck & Co., its parent company, Sears Holding Corporation and affiliated companies filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code, which case was assigned Bankruptcy Case No. 18-23538 after it was filed in this court, the Southern District of New York;

3  Upon information and belief, the Debtor has available insurance coverage against liability for Movants' claims in the pending lawsuit referenced above. Also, on information and belief, debtor's deductible on such insurance coverage has been met. At trial on quantum, the trial court will determine damages, if any, due respective plaintiff-movants. Damages

awarded against Debtor at the quantum trial, if any, are recoverable from non-debtor sources, including without limitation, (s) direct action against debtors' insurers issuing contracts of insurance which cover such proven damages, if any; (b) Samsung 'Opto-Electronics America, Inc., Samsung Electronics America, Ltd. and/or Samsung Electronics America, Inc. by virtue of written "Universal Indemnity Agreements" (attached as Exhibit D, in globo) and/or an oblique action under La. Civil Code Article 2044 against Debtor's insurers named in insurance contracts and/or indemnity agreements, as more particularly explained in the Official Comments of said article, attached as Exhibit E. Additionally, plaintiff-movers are entitled to recover under the La. Product Liability Act against solidary obligors, namely Samsung Electronics America, Inc., Samsung Electronics America, Ltd. and/or Samsung Opto-Electronics America, Inc. as manufacturer(s) of Movants' defective oven.

4. Movants seek to proceed with the civil litigation in Fourth District Court, Morehouse Parish, LA. and higher courts, if necessary, in order to discover, prosecute and resolve state claims against non-debtor sources, including without limitation, those mentioned in item no. 3 above.

5. Based on the foregoing, Movants seek relief from the automatic stay "for cause" under section 362 (d)(1) to proceed to recover from Debtor's insurance coverage and/or indemnity agreements and/or from non-debtor sources and/or third parties, including without limitation, Samsung Electronics America, Inc., Samsung Electronics America, Ltd. and/or Samsung Opto-Electronics America, Inc.

6. Upon information and belief, there is available insurance coverage and/or indemnity agreements which cover Movants' claims against the Debtor, including insurance

contracts where the policy deductible has been met. Therefore, allowing the civil action litigation to proceed against Debtors' insurers and/or non-debtor sources, including indemnity agreements will cause no harm to the Debtor or the bankruptcy estate.

7. As the legislative history of section 362 shows, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Lamberjack*, 149 B.R. 467, 470 (Bankr N.D. Ohio 1992) (citing Senate Report No., 989, 95th Cong., 2d Sess. 50).

8. In determining whether "cause" exists, most courts "balance the hardship to the creditor, if they are not allowed to proceed with their lawsuit, against potential prejudice to the Debtor, Debtor's estate and other creditors." *In re: Groover Construction LLC*, 411 B.R. 460, 463-64 (Bankr N.D. Ga. 2008). In carrying out this balancing test, Courts have considered numerous factors, including:

   (a) Whether relief would result in partial or complete resolution of the issues;

   (b) The lack of any connection with or interference with the bankruptcy case

   (c) Whether other proceeding involves the Debtor as a fiduciary;

   (d) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

   (e) Whether the Debtor has applicable insurance coverage and said insurer has assumed full responsibility for defending it;

   (f) Whether the action primarily involves third parties;

   (g) Whether litigation in another forum would prejudice the interest of other creditors;

Page | 4

(h) Whether the judgment claim arising from the other action is subject to equitable subordination;

(i) Whether the Movants' success in the other proceeding would result in a judicial lien available by the Debtor;

(j) The interests of judicial economy and the expeditious and economical resolution of the litigation;

(k) Whether the parties are ready for trial in the other proceeding; and

(l) The impact of the stay on the parties and the balance of harm.

*In re: New York Medical Group*, P.C., 265 B.R. 408, 413 (Bankr. S.D.N.Y.); see also *Sonnax Industries, Inc. v. Tri Component Production Corp. (In re: Sonnaax Industries, Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *Goya Foods, Inc. v. Unanue-Casual, (In re Unanue-Casual)* 159 B.R. 90, 96 (D.P.R. 1993) aff'd 23 F.3d 395 (1st Cir. 1994); *In re Busch,* 294 B.R. 137,141 n.4 (10th Cir. B.A.P. 2003); *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). In weighing these factors, Courts only consider those factors that are relevant to the particular case at issue and do not assign equal weight to each factor. *In re Mezzeo*, 167 F.3d 139, 143 (2d Cir. 1999). In the instant case, several of the factors are relevant and all weigh heavily in favor of lifting the stay so that Movants can proceed with their claims in the Fourth District Court, Morehouse Parish, LA.

9. The determining factor whether "cause" exists to permit the Movants to proceed with their state court litigation is "whether the interests of the estate" are outweighed by "the hardships incurred by the creditor-plaintiff." *In re Indian River*, 293 B.R. 433. Because no harm will result to the Debtor and because Movants suffered catastrophic loses, injures and damages which left Jerry Vosburg, destitute, brain-damaged and unable to

Page | 5

work hauling high explosives for the federal government, and because Movants will be effectively prejudiced by delaying their claims, a lifting of the stay is proper, here.

### A. LIFTING THE STAY TO ALLOW THE STATE DISTRICT COURT LITIGATION TO PROCEED WILL COMPLETELY RESOLVE THE ISSUES BETWEEN THE DEBTOR AND MOVANTS

This court can completely resolve the issues between the parties by lifting the automatic stay. The only issue that exists between Movants and the Debtor is the underlying civil court action mentioned above. If the Court lifts the stay and allows Movants to proceed and litigate their civil liability claims to conclusion, the relationship between Movants and the Debtor will end.

### B. LIFTING THE STAY WILL NOT INTERFERE WITH BANKRUPTCY ESTATE

Whether the state court proceeding is connected with or will interfere with the bankruptcy estate also supports lifting the stay. Movants seek to liquidate their above mentioned claims in district court in Morehouse Parish in order to recover under applicable insurance policies, indemnity agreements and/or from other non-debtor sources such as Samsung. Indeed, "numerous Courts have permitted the stay to be lifted when the Movant is simply trying to establish the fact and amounts of the Debtor's liability and, as in the instant case, the Movant has stipulated that any recovery will be sought from the Debtor's insurer or a co-defendant." *In re Peterson*, 116 B.R. 247, 250-251 (D. Colo. 1990) In such cases, there can be no legitimate complaint that the estates will be dissipated by allowing the movants to move forward. In re 15375 Memorial Corp., 382 B.R. 652, 689 (Bankr. D. Del. 2008); "Whereas here, the Plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay." *In re Grace Indus. Inc.,* 341 B.R. 399, 405 (Bankr

E.D.N.Y. 2006); see also, *In re; Todd Shipyards Corp.*, 92 B.R. 600, (Bankr. D.N.J. 1988) ("Since the Movants only seek to amend their state court pleadings in order to litigate their claims and obtain proceeds through the Debtor's available insurance coverage (and/or indemnity agreements, if not Samsung as manufacturer of the defective microwave oven), and do not seek relief from the stay in order to attach property of the Debtor, such relief does not interfere with the bankruptcy proceedings.")

## C. DEBTOR HAS AVAILABLE INSURANCE COVERAGE THROUGH INSURANCE CARRIERS AND INDEMNITY AGREEMENT

The next relevant factor is whether the Debtor has applicable insurance coverage and if an insurance carrier has assumed responsibility for defending the state court litigation. If so, then lifting the stay to allow the state court litigation to proceed will not prejudice the Debtor. Upon information and belief, the Debtor has multiple contracts of layered liability insurance, where the deductible has been met, and which cover the periods of time in which Jerry and Esther Vosburg filed their claims. Debtor also, has universal indemnity agreements with non-debtors which covers plaintiff-movants' damages in state court litigation. Lastly, Debtor's insurer, if not, Samsung and its insurer(s) have wholly funded the cost of the state court litigation and, indeed, directed the defense of same since 2011, when Samsung and its insurers took over control of the litigation in a quid pro quo, where Sears dismissed its third party demand against Samsung, fired its then lawyer, and retained David Frohn, the lawyer representing Samsung. See attached Exhibit F, in globo. Debtor's legal counsel substituted for Mr. Frohn in the state court suit is likewise paid by Samsung, if not, Samsung's insurer, upon information and belief.

### D. THE DEBTOR IS STILL OPERATING STORES FOR PROFIT

Another factor that supports granting the instant motion is the fact the Debtor, upon information and belief has secured hundreds of millions of dollars in financing to help keep the company operational during bankruptcy. If so, lifting the stay to allow the state court litigation to proceed will not prejudice the Debtor since current insurance will need to be maintained in force in order to continue operations.

### E. LIFTING THE STAY WILL NOT PREJUDICE OTHER CREDITORS

An additional factor which supports lifting the stay is that Louisiana state court litigation will not prejudice the interests of other creditors. Movants will collect any judgment against the Debtor solely from the applicable insurance proceeds, indemnity agreements and/or other non-debtor sources. Thus, the other creditors in the bankruptcy will not be harmed by granting the instant motion because Movants will not be able to enforce any judgment directly against the Debtor or its estate. See *R.J. Groover Construction*, 411 B.R. at 465; *In re Loudon,* 284 B.R. 106, 108 (8th Cir. B.A.P. 2002*); In re G.S. Distribution, Inc.*, 331 B.R. 552, 567-568 (Bankr. S.D.N.Y. 2005) (finding no prejudice to creditors from lifting the stay because Movant will not be able to enforce judgment without permission of Bankruptcy Court); *In re 15375 Memorial Corp.*, 382 B.R. at 690 (lifting the stay because Movants' "recovery against available insurance proceeds will in no way negatively impact the rights of the handful of other creditors in these cases").

### F. CONTINUING THE AUTOMATIC STAY WILL IMPOSE SUBSANTIAL HARDSHIPS ON MOVANTS THAT FAR OUTWEIGH ANY HARDSHIPS ON DEBTORS

Here, plaintiff-movants have been in court for more than ten years litigating against a global retailer. During this time, plaintiff-movers discovered that Samsung and Sears

knew full well from consumer complaints, if not, first-hand knowledge that microwave ovens manufactured by Samsung were self-starting in recreational vehicles, dorm rooms, homes and even on display in Sears' stores, but no warning was issued to consumers. See attached Exhibits B and G, in globo. While, plaintiff-movants may suffer additional harm by delaying the civil state court action, harm caused by non-disclosed risks devastated Movants' life, left Jerry Vosburg brain damaged and destitute. Debtors' liability has been adjudged. The mere existence of a bankruptcy action does not deny Movant the opportunity to prosecute his case. *In re Brock Laundry Machine Co.*, 37 B.R. 564, 566-567 (Bankr. N.D. Ohio 1984). In fact, courts have found that making a plaintiff wait to prosecute a claim puts them at a considerable disadvantage due to preservation of evidence and loss of witnesses, as well as the length of time to receive a final award. *Id.* Therefore, courts lift the stay under section *362*(d) and allow plaintiff-movant to recover under any applicable insurance policy coverage and/or indemnity agreements. *Id.* Here, the fact plaintiff-movants have endured litigation for more than ten years, weighs heavily in not imposing further hardship on Plaintiff-movants, but rather allow them their day in court to pursue any and all rights and relief available from non-debtor sources, including insurance contracts and indemnity agreements and third parties, including Samsung Electronics America, Inc., Samsung Electronics America, Ltd. and/or Samsung Opto-Electronics America, Inc. and related insurer(s).

**CONCLUSION**

"The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a Debtor's assets. A lifting of the stay to allow a Plaintiff-Creditor to fix the amount of **adjudged** liability

(Exhibit C) will not affect the estate. It will only allow the Movants to establish the amount of (their) claim regarding the liability of Debtor in the state court litigation. Relief from the stay will allow Movants to recover fixed and liquidated damages, if any, from insurance coverage and/or indemnity agreements, if not, third persons, including Samsung Electronics America, Inc., Samsung Electronics America, Ltd. and/or Samsung Opto-Electronics America, Inc. In this respect, lifting the stay does not violate the purpose for which it was imposed." *In re Brock Laundry Machine Co*. 37 B.R. at 567. On the other hand, interests of both justice and judicial economy will be served by lifting the stay in order to permit the litigation to continue. For the reasons stated above, Movants respectfully request this Court grant their instant motion.

WHEREFORE, Movants hereby move for an Order granting relief from the automatic stay imposed by 11 U.S.C. section 362 and permitting Movants to proceed in civil action(s) in state court, including suit no. 2008-0568, against any and all non-debtors.

Respectfully submitted,

_____
SEDRIC E. BANKS LBN 2730
Attorney at Law
*Admitted Pro Hac Vice*
1038 North Ninth Street
Monroe, La.
318-388-1655   office
318-388-0227   facsimile
sedbanks@aol.com

Attorney for Movants,
*JERRY and ESTHER VOSBURG*