UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, *et al.*,[1]                      :    Case No. 18-23538 (RDD)
                                                             :
                                    Debtors.                 :    (Jointly Administered)
                                                             :
                                                             :
------------------------------------------------------------ x

### ORDER APPROVING AMENDMENT TO TERMS AND CONDITIONS OF THE DEBTORS' EMPLOYMENT AND RETENTION OF LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER

Upon the application, dated December 28, 2018 and the supplement thereto (the "**Application**")[2] of the Debtors for entry of an order approving an amendment to the terms and conditions of the Debtors' employment and retention of Lazard Frères & Co. LLC ("**Lazard**") as their investment banker; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334 and the *Amended Standing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used, but not otherwise defined herein, shall have their meanings ascribed to such terms in the Application.

*Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application having been provided in accordance with the Amended Case Management Order, such notice having been adequate and appropriate, and it appearing that no other notice or further notice need be provided; and upon the objection to the Application by the United States Trustee, and the record of the hearing held by the Court on the Application on January 18 2018, and all of the proceedings herein; and, after due deliberation and for the reasons stated by the Court in its bench ruling at the hearing, the Court having determined that the legal and factual bases set forth in the Application establish good and sufficient cause for the relief granted herein, is consistent with the parties' prior agreement and is a proper exercise of the Debtors' business judgment; now' therefore,

IT IS HEREBY ORDERED THAT:

1. The Application is granted.

2. Notwithstanding anything to the contrary in the Engagement Letter, the Initial Application, or the Initial Retention Order, Section 1(k) of the Engagement Letter shall be amended and restated as follows:

> Assisting the Company in identifying and evaluating candidates for potential going concern Sale Transactions involving material assets of the Company and advising the Company in connection with negotiations and aiding in the consummation of any such Sale Transactions;

3. Notwithstanding anything to the contrary in the Engagement Letter, the Initial Application, or the Initial Retention Order, the third sentence of Section 2(f) of the Engagement Letter shall be amended and restated as follows:

> In the event of a Bankruptcy Process, the aggregate fees payable to Lazard pursuant to this Agreement (including,

without limitation, any Tail Fee, but excluding and Monthly Fees or Amendment Fees) shall not exceed $19,500,000.00.

4. To the extent that there may be any inconsistency between the terms of the Initial Application, the Application, the Engagement Letter, the Initial Retention Order, and this Order, the terms of this Order shall govern.

5. The Initial Retention Order remains valid and enforceable in all respects, except as explicitly modified herein.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: January 23, 2019
      White Plains, New York

                                      /s/Robert D. Drain
                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE