ACKERMAN FOX, LLP
Attorneys for Erica Natasha Moore
90 Merrick Ave., Suite 400
East Meadow, New York 11554
Office Tel. No.: (516) 493-9920
Facsimile: (516) 228-3396
Neil H. Ackerman, Esq.
Direct Tel. No.: (516) 425-5365
nackerman@ackermanfox.com
Kamini Fox, Esq.
kfox@ackermanfox.com
Direct Tel. No.: (516) 528-6344

Date and Time of Hearing: 2/14/19 at 10:00 a.m.
**Objection Deadline: 2/7/19 at 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

SEARS HOLDINGS CORPORATION, *et al.*,

        Debtors.
------------------------------------------------------------X

Chapter 11
Case No. 18-23538 (RDD)
(Jointly administered)

## MOTION OF ERICA NATASHA MOORE FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE

TO THE HONORABLE ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE:

Erica Natasha Moore ("Movant"), by her counsel herein, Ackerman Fox, LLP, moves pursuant to Section 362(d) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for an Order granting her relief from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code (the "Motion"), as follows:

### PRELIMINARY STATEMENT

1.     Movant seeks relief from the automatic stay to re-file and prosecute her personal

1

injury action ("State Court Action") against Sears, Roebuck and Co. ("Sears") and Cleaning Services Group, CSG ("CSG") in the Superior Court of Lowndes County, State of Georgia (the "Georgia State Court").

2. On October 15, 2018, Sears along with certain of its affiliates filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), staying the State Court Action from being re-filed.

3. Stay relief to permit the State Court Action to be re-filed and prosecuted is warranted and necessary because (a) Movant suffered severe permanent and continuing bodily injury for which she required back surgery, has incurred (and is continuing to incur) substantial medical expenses for the treatment of her injuries, and has suffered a loss of earnings as a result of her injuries, all as a direct and proximate result of the defendants' negligent actions, and claims that this Court lacks the requisite jurisdiction to adjudicate, and (b) the continued prosecution of the State Court Actions is necessary to resolve and liquidate Movant's claim. A copy of the proposed Complaint in the State Court Action is annexed hereto as **Exhibit A** and is incorporated herein by reference.

4. Upon information and belief, co-defendant CSG has a contract with Sears, and there is or may be an additional agreement between CSG and Imperial Service, LLC/Cleaning Services Group of Florida ("CSG Florida"), under which Sears shall be indemnified for damages and attorneys' fees. Moreover, upon further information and belief, there is available insurance coverage to cover the claims of the Movant against Sears.

## FACTUAL BACKGROUND AND RELIEF SOUGHT BY MOVANT

5. As set forth in the proposed Complaint, on or about December 19, 2010, Movant was walking in a Sears establishment located at 1709 Baytree Road, Valdosta, Georgia (the "Store") and a slippery wet substance on the floor caused her to slip and fall, causing her to suffer severe injuries to her back and leg from hitting the hard surface of the floor. The dangerous condition (i.e.,

2

the slippery wet substance on the floor) was not readily apparent to the average customer/business invitee.

6. CSG had a contract for cleaning services with Sears for the Store.

7. Movant asserts that Sears and/or CSG, and their employees and agents, had notice of the dangerous condition; knew or should have known of the dangerous condition before Movant slipped and fell, and notwithstanding such notice and knowledge, maintained such dangerous condition, which was unknown to Movant; and that CSG may have spilled the liquid on the floor which caused Movant to fall.

8. As set forth above, Movant suffered severe permanent and continuing bodily injury as a result of the slip and fall for which she required back surgery, has incurred (and is continuing to incur) substantial medical expenses, and has suffered a loss of earnings as a result of her injuries, all as a direct and proximate result of the defendants' negligent actions.

9. Movant originally filed the lawsuit which is based on substantially the same cause of action in the State Court Action she now seeks to re-file, in the Georgia State Court on August 12, 2012 ("Original Action"). A Dismissal Without Prejudice was filed on September 12, 2018. This Dismissal was not based on the merits and was filed by Movant to enable Movant to conduct some further discovery and medical depositions. A copy of the Dismissal Without Prejudice is annexed hereto as **Exhibit B**.

10. Under Georgia law, Movant may refile the State Court Action within 6 months from the date of the dismissal of the Original Action, i.e., on or before March 11, 2019. OCGA Section 9-2-61.

11. By this Motion, Movant seeks relief from the automatic stay for the limited purpose of re-filing and prosecuting the State Court Action to liquidate Movant's claims so that Movant may (i) recover her liquidated claims from CSG and/or CSG of Florida, or any applicable provider of

3

insurance, and/or (ii) participate as a creditor with liquidated claims against Sears and its estate.

<u>APPLICABLE LAW</u>

**CAUSE EXISTS TO LIFT THE AUTOMATIC STAY
TO ALLOW MOVANT TO RE-FILE THE STATE
COURT ACTION TO ADJUDICATE HER CLAIMS**

12.    This Motion is brought pursuant to section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1 of this Court for entry of an Order granting Movant relief from the automatic stay to allow Movants to re-file and prosecute the State Court Action for damages.

13.    As set forth in the legislative history of Section 362(d), it is often more appropriate to allow litigation to proceed in the claimant's chosen forum when there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted). Courts in the Second Circuit frequently grant motions to lift a bankruptcy stay to permit an adjudication on the merits in another forum.

14.    Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause…". 11 U.S.C. § 362(d).

15.    "'[C]ause' is a flexible concept that must be determined on a case-by-case basis. <u>Spencer v. Bogdanovich (In re Bogdanovich)</u>, 292 F.3d 104, 110 (2nd Cir. 2002) (citing <u>Mazzeo v. Lenhart (In re Mazzeo)</u>, 167 F.3d 139, 143 (2d Cir. 1999))." <u>In re Mildred Deli Grocery, Inc.</u>, 2018 Bankr. LEXIS 546 (Bankr. S.D.N.Y. 2018). The movant bears the initial burden of making a *prima facie* showing of "cause" for relief from the stay, but the ultimate burden of persuasion rests with the debtor to show an absence of "cause." <u>In re Breitburn Energy Partners LP</u>,

4

571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017).

16. In <u>Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.)</u>, 907 F.2d 1280 (2d Cir. 1990), the Second Circuit adopted twelve factors which are weighed to consider in determining whether sufficient cause exists to grant relief from the automatic stay. These factors are: (i) whether relief would result in a partial or complete resolution of the issues, (ii) lack of any connection with or interference with the bankruptcy case, (iii) whether the other proceeding involves the debtor as a fiduciary, (iv) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action, (v) whether the debtor's insurer has assumed full responsibility for defending it, (vi) whether the action primarily involves third parties, (vii) whether litigation in another forum would prejudice the interests of other creditors, (viii) whether the judgment claim arising from the other action is subject to equitable subordination, (ix) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor, (x) the interests of judicial economy and the expeditious and economical resolution of litigation, (xi) whether the parties are ready for trial in the other proceeding, and (xii) impact of the stay on the parties and the balance of harms. <u>Sonnax Indus., Inc.</u>, 907 F.2d at 1286.

17. "Not all of the factors are relevant in every case, <u>In re Mazzeo</u>, 167 F.3d at 143; <u>see</u> <u>In re Touloumis</u>, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994), and the court need not assign equal weight to each factor. <u>In re Keene Corp.</u>, 171 B.R. 180, 183 (S.D.N.Y. 1994); In re Touloumis, 170 B.R. at 828." <u>In re N.Y. Med. Group, P.C.</u>, 265 B.R. 408 (Bankr. S.D.N.Y. 2001). "When applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate." <u>In re Keene Corp.</u>, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

18. Here, the factors weigh heavily in Movant's favor.

5

## APPLICATION OF *SONNAX* FACTORS

    *Sonnax* Factor 1:    *Whether Relief Would Result in a Partial or Complete Resolution of the Issues*

19.    Here, the State Court Action would completely determine the only issue between Sears and Movant: whether, and the extent to which, Sears is liable to Movant. Accordingly, the first *Sonnax* Factor weighs in favor of lifting the stay.

    *Sonnax* Factor 2:    *Lack of Any Connection With or Interference With the Bankruptcy Case*

20.    The fact that the resolution of another action may affect the distributions paid out in a bankruptcy plan does not mean that the litigation "interferes with" the bankruptcy case in the context of the second *Sonnax* factor. See, e.g., In re N.Y. Med. Group, P.C., 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Moreover, some delay caused by a second action does not amount to interference with the bankruptcy proceeding. In re Cicale, 2007 Bankr. Lexis at *10-11. Indeed, where a second action may actually aid in the resolution of the issues in the bankruptcy proceeding, this factor should weigh in favor of lifting the stay. Id.

21.    Here, the State Court Actions will aid in resolving the issue of the Sears' liability to Movant. Accordingly, the second *Sonnax* Factor weighs in favor of lifting the stay.

    *Sonnax* Factor 3:    *Whether the Other Proceeding Involves the Debtor as a Fiduciary*

22.    Movant is not aware of any fiduciary relationships between Sears and any other person or entity in the State Court Action. Accordingly, this *Sonnax* factor weighs in favor of lifting the stay.

    *Sonnax* Factor 4:    *Whether a Specialized Tribunal with the Necessary Expertise Has Been Established to Hear the Cause of Action*

23.    The Georgia State Court is not a specialized tribunal *per se*, but it has acquired a factual familiarity and documentary history that would facilitate an expeditious resolution of these matters. Such familiarity, even in a forum that is not a "specialized tribunal" *per se*, have been held to

weigh in favor of the lifting of a stay under the fourth *Sonnax* factor. See, e.g., Cont'l Casualty Co. v. Pfizer, Inc. *(*In re Quigley Co.*)*, 361 B.R. 723, 744 (Bankr. S.D.N.Y. 2007) (finding that the probability that an arbitrator would have experience with specialized knowledge weighed in favor of stay relief).

24. Furthermore, the issues in the State Court Actions primarily involve Georgia state law that should be decided by the Georgia State Court. Courts have lifted the automatic stay to allow state court actions to proceed where state law was at issue. *See*, *e.g.*, In re Project Orange Associates, LLC, 432 B.R. 89, 112 (Bankr. S.D.N.Y. 2010); Metz v. Poughkeepsie Sav. Bank, FSB (In re Metz), 165 B.R. 769 (Bankr. E.D.N.Y. 1994).

25. Moreover, the Bankruptcy Court does not have jurisdiction to hear and decide personal injury claims. *See* 28 U.S.C. § 157(b)(2)(B).

    *Sonnax* Factor 5:    *Whether the Debtor Defendants' Insurer Has Assumed Full Responsibility for Defending It*

26. Upon information and belief, co-defendant CSG has a contract with Sears, and there is or may be an additional agreement between CSG and Imperial Service, LLC/Cleaning Services Group of Florida ("CSG Florida"), under which Sears shall be indemnified for damages and attorneys' fees. Moreover, upon information and belief, there is available insurance coverage to cover the claims of the Movant against the Debtor, and allowing the State Court Action to proceed will cause no harm to Sears or its bankruptcy estate;

27. Additionally, "[t]he cost of defending litigation, by itself, has not been regarded as constituting great prejudice, precluding relief from the automatic stay." In re Anton, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992).

28. Based on the above, this factor weighs in favor of granting the requested relief.

    *Sonnax* Factor 6:    *Whether the Action Primarily Involves Third Parties*

29. The State Court Action names CSG as a defendant in addition to Sears and asserts that both of the defendants were involved in the tort. Therefore, it is unclear whether the State Court Action can be said to "primarily" involve third parties, so this *Sonnax* factor should not be given great weight one way or the other.

    *Sonnax* Factor 7:    *Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors*

30. The State Court Action provides a ready forum for the expeditious resolution of the Debtor Defendants' liability to Movant. The other creditors in this bankruptcy case would suffer no prejudice if the Court were to grant this Motion.

    *Sonnax* Factor 8:    *Whether the Judgment Claim Arising from the Other Action is Subject to Equitable Subordination*

31. Movant has not engaged in any conduct that would subject her claims to equitable subordination, and no such allegation has been made by Sears or by any other person or entity. This factor, therefore, weighs in favor of the lifting of the stay.

    *Sonnax* Factor 9:    *Whether Movant's Success in the Other Proceeding Would Result in a Judicial Lien Avoidable by the Debtor Defendants*

32. Movant's success in the State Court Action would not result in a judicial lien avoidable by Sears or the other Debtors. Accordingly, this *Sonnax* factor weighs in favor of granting the relief requested.

    *Sonnax* Factor 10:    *The Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation*

33. Courts have found that allowing a creditor to prosecute a claim in a pending action in another forum to fix the amount of a claim promotes the interests of judicial economy. See, e.g., *In re Fishgold,* 206 B.R. 50, 54 (Bankr. W.D.N.Y. 1997) (holding "in the interests of judicial economy, the determination of whether and in what amount [Plaintiffs] may have a valid [] claim can best be made by the District Court in that Action"). The Georgia State Court is best suited to interpret

Georgia state law and try this matter.

34.   Moreover, as discussed above in connection with the second *Sonnax* factor, the State Court Action will resolve the issue of Sears' liability to Movant. Accordingly, the tenth *Sonnax* Factor weighs in favor of lifting the stay.

*Sonnax* Factor 11:    *Whether the Parties Are Ready for Trial in the Other Proceeding*

35.   Movant is prepared to move ahead with the State Court Action expeditiously. Accordingly, this *Sonnax* factor appropriate should not be given great weight one way or the other.

*Sonnax* Factor 12:    *Impact of the Stay on the Parties and the Balance of Harms*

36.   The stay currently prevents Movant from trying her claims against all of the defendants in one forum. As stated in In re Bock Laundry Machine Co., 37 B.R. 564, 566-567 (Bankr. N.D. Oh. 1984).

> Of predominant importance [is] the hardships to the plaintiff of protracted litigation and the expense of time and money to the Debtor-In-Possession in defending these actions. A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships. The opinions reflect that the Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding. …
>
> The Courts have not, however, ascribed much significance to the fact that the debtor will be required to participate in their defense, especially when the debtor's insurer is obligated to provide counsel. … This position has been sustained despite the fact that the debtor was uninsured and was required to assume the costs of his own defense.

Id. If this Court denies this Motion, Movant will have no choice but to proceed against the other non-debtor defendant in that forum while claims against Sears are adjudicated elsewhere. That duplicative litigation would substantially burden Movant and waste judicial resources.

37.   Conversely, prosecution of all of Movant's claims in the State Court Action will not prejudice Sears.

38.   "The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a debtor's

assets. … A lifting of the stay to allow a plaintiff-creditor to determine liability will not affect the estate. It will only allow the Movants to establish the amount of a claim which already has been made against the estate. In this respect, a relief from the stay will not violate the purpose for which it was imposed." <u>Bock Laundry Machine Co.</u>, <u>supra</u>, 37 B.R. at 567.

### **RESERVATION OF RIGHTS**

39.     Movant hereby reserves all objections and do not consent to venue and jurisdiction of this Court to adjudicate any matters affecting her personal injury claims, as well as any constitutional or other objections arising or within the scope of <u>Stern v. Marshall</u>, 564 U.S. 2 (2011). *See* 28 U.S.C. 157(b)(2)(B). Movant does not consent to entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Movant hereby demands a trial by jury.

### **NO REQUIREMENT FOR SEPARATE MEMORANDUM OF LAW**

40.     Because the rules and statutory provisions upon which the Motion is predicated and the legal authorities that support the requested relief are set forth herein, Movant respectfully submits that this Motion satisfies the requirement of Local Rule 9013-1(a).

### **NO PRIOR REQUEST**

41.     No previous request for the relief sought herein has been made to this Court or any other Court.

WHEREFORE, for all the foregoing reasons, Movant respectfully requests the entry of an Order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow Movants to re-file and prosecute her State Court Action, together with such other relief as the Court

may deem just and proper.

Dated: East Meadow, New York          ACKERMAN FOX, LLP
       January 22, 2019                Attorneys for Erica Natasha Moore

                                By:   */s/ Neil H. Ackerman*
                                        Neil H. Ackerman
                                        Kamini Fox
                                        90 Merrick Ave., Suite 400
                                        East Meadow, New York 11554
                                        Phone No.: (516) 493-9920
                                        Fax No.: (516) 228-3396