**Presentment Date and Time: February 1, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: January 31, 2019 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed):  February 14, 2019, at 10:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :     **Chapter 11**
                                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :     **Case No. 18-23538 (RDD)**
                                                            :
        Debtors.[1]                                         :     **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER RESOLVING OBJECTION OF <u>JAMES J. THOMPSON TRUST TO LEASE REJECTION NOTICE</u>

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement, and Order Granting Limited Relief from Rejection Procedures Order* (the "**Proposed Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **February 1, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as <u>**Exhibit 1**</u>.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Stipulation is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **January 31, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Proposed Stipulation, and the Proposed Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider the Proposed Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on February 14, 2019 at 10:00 a.m. (Eastern Time).

2

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated:  January 24, 2019
      New York, New York

                /s/ Jacqueline Marcus
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York  10153
                Telephone:  (212) 310-8000
                Facsimile:  (212) 310-8007
                Ray C. Schrock, P.C.
                Jacqueline Marcus
                Garrett A. Fail
                Sunny Singh
                Jessica Liou

                *Attorneys for Debtors*
                *and Debtors in Possession*

## Exhibit 1

**Proposed Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*, : Case No. 18-23538 (RDD)
:
Debtors.¹ : (Jointly Administered)
:
------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER RESOLVING OBJECTION OF JAMES J. THOMPSON TRUST TO LEASE REJECTION NOTICE

This stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") is entered into by and among Sears, Roebuck and Co. ("**Sears**"), the James J. Thompson Trust (the "**Thompson Trust**" or "**Landlord**"), and FQSR, LLC d/b/a KBP Foods successor by assignment from Kentucky Fried Chicken of California, Inc. ("**FQSR**" or "**Subtenant**"). Sears, Thompson Trust, and FQSR collectively are referred to in this Stipulation, Agreement, and Order as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RECITALS**

A.  Landlord is the owner of approximately 3 acres of non-residential real property located at 1055 Route 1 South in North Brunswick, New Jersey (the "**Premises**").

B.  By that certain Ground Lease, dated April 15, 1998 and First Amendment to Ground Lease dated December 9, 1999, by and between the Landlord and Sears (together the "**Ground Lease**"), the Premises were leased to Sears. Landlord and Sears executed a Memorandum of Lease which was recorded on August 14, 2000 in Deed Book 04810 at Page 0510 in the office of the Clerk of Middlesex County, New Jersey (the "**MOL**"). In accordance with its terms, the Ground Lease is scheduled to expire on February 7, 2019.

C.  By that certain Sublease (the "**Sublease**"), dated November 4, 1999, Sears subleased the Premises to Subtenant, subject to the covenants, terms, provisions, and conditions of the Ground Lease. Sears and Subtenant executed a Memorandum of Sublease which was recorded on July 10, 2000 in Deed Book 04796 at Page 0602 in the office of the Clerk of Middlesex County, New Jersey and re-recorded on August 14, 2000 in Deed Book 04810 at Page 0516 (together the "**MOSL**"). In accordance with its terms, the Sublease is scheduled to expire on February 7, 2019.

D.  Landlord, Sears, and Subtenant executed a certain Fee Owner Recognition Agreement dated as of December 1, 1999 which was recorded on December 3, 2001 in Deed Book 04986 at Page 0343 in the office of the Clerk of Middlesex County, New Jersey (the "**FORA**").

E.  Beginning on October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced voluntary cases under

2

chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

F. On the Commencement Date, the Debtors filed that certain motion seeking entry of an order of the Bankruptcy Court approving certain procedures for the rejection of the Debtors' unexpired nonresidential real property leases and the abandonment of the Debtors' personal property located at such leased premises (ECF No. 24) (the "**Rejection Procedures**").

G. On November 16, 2018, the Bankruptcy Court entered an order granting the approval of the Rejection Procedures (ECF No. 800).

H. On December 19, 2018, pursuant to the Rejection Procedures, the Debtors filed the *Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Property In Connection Therewith* (ECF No. 1348) (the "**Rejection Notice**" and the leases identified therein, the "**Rejected Leases**"). On January 7, 2019, the Debtors filed a supplemental rejection notice extending the period to interpose an objection to the Debtors' proposed rejection of the Rejected Leases to January 11, 2019 (ECF No. 1507).

I. On December 31, 2018, the Landlord filed an objection to the Debtors' Rejection Notice (the "**Landlord Objection**").

J. Notwithstanding the Debtors' decision to reject the Ground Lease and the Sublease, Subtenant and Landlord both desire for Subtenant to continue possession of the Premises until February 7, 2019, pursuant to the terms of the Sublease and this Stipulation, Agreement, and Order.

3

K.  The Parties have agreed, subject to approval by the Bankruptcy Court, to resolve the Landlord Objection, subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.  This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.  All Parties agree that the Ground Lease and Sublease are deemed rejected *nunc pro tunc* to December 20, 2018 (the "**Rejection Date**") with possession of the Premises being surrendered to Landlord as of 11:59 p.m. on February 7, 2019 (the "**Expiration Date**").

3.  Notwithstanding the Debtors' rejection of the Ground Lease and the Sublease, Landlord agrees that Subtenant shall be permitted to remain on the Premises until the Expiration Date pursuant to the terms and conditions of the Sublease, the FORA, and this Stipulation, Agreement, and Order. Subtenant shall remove its personalty, equipment and signage from, and restore, the Premises in accordance with the relevant provisions of the Sublease and Ground Lease. Subtenant shall continue all insurance required by the Sublease through the Expiration Date.

4.  Subtenant agrees that, as of the Rejection Date and notwithstanding any contrary direction or provision in the Sublease, all amounts due under the Sublease in connection with its continued occupancy of the Premises will be paid directly to Landlord. The Debtors shall turnover to Landlord any amounts paid by Subtenant after December 20, 2018 in connection with its tenancy under the Sublease. Subtenant shall remit payment of the following

amounts to Landlord as Rent and Additional Rent (as those terms are defined in the Ground Lease):

    A.    Real estate taxes of $4,632.06 through the Expiration Date;

    B.    Rent of $16,237.54 for the period of January 1, 2019 through the Expiration Date; and

    C.    Water and sewer obligations for the Premises through the Expiration Date shall be paid either directly to the appropriate authority or agency or remitted to the Landlord within thirty (30) days after receipt of statement from the Landlord specifying the amounts.

The amounts stated in the foregoing clauses A and B shall be remitted by Subtenant to Landlord upon execution of this Stipulation, Agreement, and Order by the Parties.

    5.    Upon the Effective Date, the Landlord Objection shall be deemed withdrawn with prejudice.

    6.    Landlord and Subtenant agree to waive any claim for damages that either may have against Debtors in connection with the Debtors' rejection of the Ground Lease and the Sublease. If Subtenant fails to vacate and surrender the Premises to Landlord in accordance with the provisions of the Sublease on the Expiration Date, Landlord shall be entitled to pursue all rights and remedies, including damage claims, against Subtenant as arise under the Ground Lease, the Sublease, this Stipulation, Agreement, and Order and as otherwise provided by law. For purposes of the preceding sentence, Landlord shall be entitled to enforce the rights otherwise available to Debtors *viv-a-vis* Subtenant as if the Sublease had not been rejected.

    7.    Landlord shall be entitled to record a copy of this Stipulation, Agreement, and Order (certified by the attorney for the Landlord as a "true copy" of the original) with the Office of the Clerk of Middlesex County, New Jersey and that certified copy shall thereby constitute a release and discharge of the MOL, MOSL, and the FORA.

8. This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9. Each of the undersigned who executes the Stipulation, Agreement, and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement, and Order on behalf of such Party.

10. The Stipulation, Agreement, and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

11. This Stipulation, Agreement, and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

WEIL:\96862482\10\73217.0004

IN WITNESS WHEREOF, this Stipulation, Agreement, and Order has been executed and delivered as of the day and year first below written.

Dated: January 24, 2019

By: /s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated: January 24, 2019

By: /s/ Anne M. Aaronson
Anne M. Aaronson
DILSWORTH PAXSON LLP
99 Park Avenue # 320
New York, NY 10016
Telephone: (917) 675-4250
Facsimile: (215) 575-7200

Harold G. Cohen
DILSWORTH PAXSON LLP
457 Haddonfield Road, Suite 700
Cherry Hill, NJ 08002
Telephone: (856) 675-1950
Facsimile: (856) 663-8855

*Attorneys for the James J.
Thompson Trust*

Dated: January 24, 2019

By: /s/ Ben Johnson II
Ben Johnson
FQSR, LLC (dba KBP Foods)
10950 Grandview Drive, Suite 300
Overland Park, KS 66210

*General Counsel for FQSR, LLC
(d/b/a KBP Foods)*

**SO ORDERED**:

Dated: _____, 2019
New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

7