WASSERMAN, JURISTA & STOLZ, P.C.
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Phone: (973) 467-2700
Fax: (973) 467-8126
Donald W. Clarke
*Attorneys for Levcom Wall Plaza Associates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In Re:                                                         :    Chapter 11
                                                               :
**SEARS HOLDINGS CORPORATION,** *et al.*                       :    Case No. 18-23538-RDD
                                                               :
                                            Debtors.           :    (Jointly Administered)
---------------------------------------------------------------x

**OBJECTION BY LEVCOM WALL PLAZA ASSOCIATES (STORE NO. 7602) TO THE DEBTORS' NOTICE OF CURE COSTS [DOC 1731]**

*Levcom Wall Plaza Associates* ("Levcom"), creditor and landlord of the above-captioned debtors ("Debtors"), by and through its attorneys, Wasserman, Jurista & Stolz, PC, objects to the Debtors' *NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION* (the "Cure Notice") [Doc 1731], and sets forth as follows:

1. Levcom is the owner of certain real property on which Store No. 7602 is located. The Debtors operate Store No. 7602 pursuant to the terms of that certain lease, dated June of 1985, and as same has been amended (the "Lease").

2. The Cure Notice shows no cure due and owing under the Lease.

3. Attached hereto as **Exhibit "A"** is a statement, dated November 1, 2018, reflecting **real estate taxes totaling $53,946.47**.

4. Attached as **Exhibit "B"** is a statement showing the **1st Quarter 2019 taxes**, **totaling $50,524.60**, which become due February 1, 2019.

5. Pursuant to § 365(b) of the Bankruptcy Code, the Debtors are unable to assume the Lease before they first cure or provide adequate assurance that they will promptly cure all defaults (monetary and nonmonetary) as of the date of the propose assumption.

6. The Lease cannot be assigned before it is first assumed, and furthermore, cannot be assigned without adequate assurance of future performance.

7. The Landlord reserves their right to supplement this objection (the "Cure Objection") in the event administrative rents or other cure costs accrue and are unpaid up to and including the date the Lease is assumed.

8. To be clear, in order for the Debtor to assume the Lease, regardless of any proposed assignment, the Cure Amount must be paid in full, or the Debtor must adequately assure that it will promptly cure the default.

9. Unless the Debtors can adequately assure that this case will not be administratively insolvent, the Landlord does not consent to any portion of Cure Amount being treated as an "administrative claim."

10. In the event the proposed assignee of the Lease changes, or for any other reason, the Landlord reserves its right to object to the proposed assignment based on any applicable grounds.

11. Based on the foregoing, the Landlord respectfully requests that the Cure Amounts reflected in the attached *Exhibit "A,"* in addition to any amounts which might accrue prior to the assumption or assignment (*see Exhibit "B"*), be paid in full.

**WASSERMAN, JURISTA & STOLZ, P.C.**
*Attorney for Loycom-Wall Plaza Associates*

_____
DONALD W. CLARKE

Dated: January 24, 2019