**NIXON PEABODY LLP**
Christopher J. Fong
55 West 46th Street
New York, NY 10036
Tel.: (212) 940-3000
cfong@nixonpeabody.com

-and-

R. Scott Alsterda
70 West Madison Street.
Suite 3500
Chicago, IL 60602
Tel.: (312) 977-4400
rsalsterda@nixonpeabody.com

*Counsel to Cascade Water Services*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
|                                                        | :   | Chapter 11                  |
| In re:                                                 | :   |                             |
|                                                        | :   | Case No. 18-23538 (RDD)     |
| SEARS HOLDING CORPORATION.,                            | :   |                             |
|                                                        | :   | **(Jointly Administered)**  |
|         Debtors[1].                                    | :   |                             |
---------------------------------------------------------x

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, In. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

4838-4542-8102.2

### OBJECTION OF CASCADE WATER SERVICES TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH <u>GLOBAL SALE TRANSACTION</u>

Cascade Water Services ("<u>CWS</u>"), by and through its attorneys, files this objection (the "Objection") to the proposed Cure Amounts set forth in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* [Docket No. 1731] (the "<u>Cure Notice</u>").[2] In support of this Objection, CWS respectfully states as follows:

### **BACKGROUND**

1.  Beginning on October 15, 2018 (the "<u>Petition Date</u>") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors' chapter 11 cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

3.  On January 18, 2019, the Debtors filed the Cure Notice indicating that the Cure Amount for a contract titled "FAC - CASCADE WATER SERVICES INC - MASTER SERVICES AGREEMENT - 2012" (the "<u>CWS Contract</u>") between CWS, Innovel Solutions Inc., and Kmart Corporation was $207,929. *See* Cure Notice, at p. 68.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Cure Notice.

4. CWS previously filed the following amended proofs of claim (the "CWS POCs") indicating the following amounts were outstanding under the CWS Contract as of the Petition Date:

| Proof of Claim Number | Debtor | Claim Amount |
|---|---|---|
| 6931 | Kmart Corporation | $36,409.62 |
| 6936 | Sears Holding Corporation | $202,644.81 |
| TOTAL | | $239,054.43 |

No objections have been filed to either proof of claim as of the date hereof.

**OBJECTION**

5. Section 365 of the Bankruptcy Code generally permits a debtor to assume or to reject an executory contract in the debtor's discretion. However, in order to assume an executory contract, the Debtor must (i) cure (or provide adequate assurance that they will promptly cure) all defaults that exist as of the Petition Date; (ii) compensate, or provide adequate assurance that they will compensate, the counterparty to the executory contract for any pecuniary loss arising from such defaults; and (iii) provide adequate assurance of future performance under the contract. 11 U.S.C. § 365.

6. Here, the proposed Cure Amount contained in the Cure Notice for the CWS Contract (i.e., $207,929) is incorrect. As reflected in the CWS POCs, the actual amount outstanding under the CWS Contract as of the Petition Date is $239,054.43. The CWS Contract cannot be assumed unless all outstanding amounts are paid, plus additional amounts due and owing subsequent to the Petition Date through the effective date of the proposed assumption and assignment of the CWS Contract.

**RESERVATION OF RIGHTS**

7. Cascade expressly reserves all of its rights to supplement, modify or amend

this Objection and make such other and further objections to the Cure Notice or any assumption and assignment of the CWS Contract until such time as a final order is entered approving the Cure Amount with respect to the CWS Contract. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action and defenses that CWS has asserted, or may assert, with respect to any of proofs of claim against the Debtors. In addition, nothing set forth herein shall be construed as a waiver, release, discharge or disallowance of any and all administrative claims of CWS against the Debtors.

## CONCLUSION

WHEREFORE, CWS respectfully requests that the Court enter an order (i) setting $239,054.43 as the Cure Amount for the CWS Contract, plus additional amounts due and owing subsequent to the Petition Date through the effective date of the proposed assumption and assignment of the CWS Contract, and (ii) providing such other relief as this Court deems just and proper.

Dated: January 25, 2019

**NIXON PEABODY LLP**

By: /s/ Christopher J. Fong
Christopher J. Fong
55 West 46th Street
New York, NY 10036
Tel.: (212) 940-3000
cfong@nixonpeabody.com

-and-

R. Scott Alsterda
70 West Madison Street.
Suite 3500
Chicago, IL 60602
Tel.: (312) 977-4400
rsalsterda@nixonpeabody.com

*Counsel to Cascade Water Services*

4838-4542-8102.2