Jeffrey C. Wisler (DE #2795)
CONNOLLY GALLAGHER LLP
The Brandywine Building
1000 West Street, Suite 1400
Wilmington, DE  19801
Phone:  (302) 757-7300
Fax:     (302) 658-0380

Counsel for Cigna Life Insurance Company of New York
and Life Insurance Company of North America

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 18-23538 (RDD) |
| Sears Holdings Corporation, *et al.*, | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing: 02/04/19 @ 10:00 a.m.** |
| | ) | **Objection Deadline: 01/26/19** |
| Debtors. | ) | **Re: Docket Nos. 816, 1730, 1731** |

**OBJECTION OF CIGNA ENTITIES TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Cigna Life Insurance Company of New York ("CLICNY"), and Life Insurance Company of North America ("LINA," and jointly with CLICNY, "Cigna"), by and through their undersigned counsel, hereby object to *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* [D.I. 1731] ("Assumption/Assignment Notice").  In support of this Objection, Cigna states as follows:

**BACKGROUND**

1. Beginning on October 15, 2018, the above-captioned debtors ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Cigna and Debtors are parties to the following contracts (collectively, the "Cigna Contracts") pursuant to which Cigna provides administrative, insurance and other services to the Debtors for their employee benefits program ("Employee Benefits Program"):

- Short Term Disability Administrative Services Agreement - Account Nos. SHD-985124-SHD985127, including all amendments, appendices, exhibits, schedules and disclosures related thereto eff. 1/1/11 between Sears Holdings Management Corporation and LINA ("STD Services Agreement").

- Long Term Disability Master Services Agreement, including all amendments, appendices, exhibits, schedules and disclosures related thereto eff. 1/1/11 between Sears Holdings Management Corporation and LINA ("LTD Master Services Agreement").

- Group Long-Term Disability Policy No. VDT-980046 eff. 1/1/11, including all amendments, riders, exhibits, appendices, schedules and benefit certificates related thereto, between Sears Holdings Management Corporation and LINA ("LTD Policy").

- Group Temporary Disability Insurance Policy No. TDI-980100 (Hawaii), including all amendments, riders, exhibits, appendices, schedules and benefit certificates related thereto, eff. 2/1/13 between Sears Holdings Management Corporation and LINA ("Sears Hawaii TD Policy").

- New York Disability Benefits Policy No. NYD-075526, including all amendments, riders, exhibits, appendices, schedules and benefit certificates related thereto, eff. 1/1/18 between Sears Holdings Management Corporation and CLICNY ("NY Policy").

- Group Temporary Disability Insurance Policy No. TDI-980061 (Hawaii), including all amendments, riders, exhibits, appendices, schedules and benefit certificates related thereto, eff. 1/1/11 between Kmart Corporation and LINA ("Kmart Hawaii TD Policy").

The LTD Master Services Agreement and the LTD Policy are interdependent and function as an integrated arrangement.

3.     On November 19, 2018, this Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [D.I. 816].

4.     On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* [D.I. 1730], which identified Transform Holdco, LLC ("Buyer") as the Buyer.

5.     On January 18, 2019, Debtors also filed the Assumption/Assignment Notice. The Assumption/Assignment Notice proposes the assumption and assignment of certain designated executory contracts to the Buyer as part of the Global Asset Sale Transaction (as defined therein) ("Sale"). Exhibit A to the Assumption/Assignment Notice includes the following references to Cigna:

| No | Debtor Counterparty(s) | Counterparty Name | Contract Title | Contract Executed Date | Contract Expiration Date | Contract Number | Cure Amount |
|---|---|---|---|---|---|---|---|
| 1609 | Sears Holdings Management Corporation | Cigna Life Insurance Company of North America | THCS-Cigna Life Insurance Company of North America-Master Services Agreement and | 1/1/2011 | 12/31/2019 | SHCLCW3544 | |
| 1610 | Sears Holdings Management Corporation | Cigna Life Insurance/Life Insurance Company of North America | | 1/1/2011 | 12/31/2019 | SHCLCW3544 | |
| 1611 | Sears Holdings Management Corporation | Cigna Life Insurance/Life Insurance Company of North America | | 1/1/2011 | 12/31/2019 | SHCLCW3544 | |
| 1612 | Sears Holdings Management Corporation | Cigna Life Insurance/Life Insurance Company of North America | | 1/1/2011 | 12/31/2019 | SHCLCW3544 | |
| 1613 | Sears Holdings Management Corporation | Cigna Life Insurance/Life Insurance Company of North America | | 1/1/2011 | 12/31/2019 | SHCLCW3544 | |
| 4402 | Sears Holdings Management Corporation | Life Insurance Company of North America | Master Services Agreement – LTD | N/A | N/A | N/A | |
| 4403 | Sears Holdings Management Corporation | Life Insurance Company of North America | Amendment #1 to Master Services Agreement | N/A | N/A | N/A | |
| 4404 | Sears Holdings Management Corporation | Life Insurance Company of North America | Amendment #2 to Master Services Agreement | N/A | N/A | N/A | |
| 4405 | Sears Holdings Management Corporation | Life Insurance Company of North America | Amendment #3 to Master Services Agreement | N/A | N/A | N/A | |
| 4406 | Sears Holdings Management Corporation | Life Insurance Company of North America | Amendment #4 to Master Services Agreement | N/A | N/A | N/A | |
| 4407 | Sears Holdings Management Corporation | Life Insurance Company of North America | Amendment #5 to Master Services Agreement | N/A | 12/31/2019 | N/A | |

| 4408 | Sears Holdings Management Corporation | Life Insurance Company of North America | Administrative Services Agreement | N/A | 12/31/2019 | N/A | |
| 4409 | Sears Holdings Management Corporation | Life Insurance Company of North America | Amendment to Administrative Services Agreement | N/A | N/A | N/A | |
| 4410 | Sears Holdings Management Corporation | Life Insurance Company of North America | Amendment #2 to Administrative Services Agreement | N/A | N/A | N/A | |
| 4411 | Sears Holdings Management Corporation | Life Insurance Company of North America | Amendment #3 to Administrative Services Agreement | N/A | N/A | N/A | |
| 4412 | Sears Holdings Management Corporation | Life Insurance Company of North America | Amendment #4 to Administrative Services Agreement | N/A | 12/31/2019 | N/A | |

Contract Nos. 4402-4407 appear to refer to the LTD Master Services Agreement. Contract Nos. 4408-4412 appear to refer to the STD Services Agreement. The Assumption/Assignment Notice does not appear to list the LTD Policy, the Sears Hawaii Policy, the NY Policy or the Kmart Hawaii Policy; however, Contract Nos. 1609-1613 could have been intended to refer to those contracts.

6. The Assumption/Assignment Notice included a letter ("Adequate Assurance Letter") purporting to provide information demonstrating adequate assurance of the Buyer's future performance under contracts to be assumed and assigned.

**OBJECTION**

7. Cigna objects to the Assumption/Assignment Notice because, *inter alia*, it fails to properly and definitively identify the Cigna Contracts and fails to provide meaningful notice to Cigna relating to any proposed assumption and assignment of the Cigna Contracts. Further, to the extent that any Cigna Contracts are to be assumed and assigned as part of the Sale, the Debtors must provide adequate assurance of future performance. Finally, Cigna objects to any assumption and assignment of the Cigna Contracts without provision for sufficient cure.

A.  Full And Accurate Identification Of Contracts.

8. The Assumption/Assignment Notice lists sixteen contracts described as "Cigna" contracts. However, the ambiguous and incomplete "Cigna" listings on the

4

Assumption/Assignment Notice make it unclear which Cigna Contracts are proposed to be assumed and assigned.

9. To the extent that Debtors propose to go forward with a hearing on assumption and assignment of any Cigna Contracts, such hearing must be preceded by advance notice with a full and accurate designation of those Cigna Contracts. Further, any order authorizing assumption and assignment of the Cigna Contracts must fully and accurately identify the Cigna Contracts to be assumed and assigned.

B. <u>Disposition of the Cigna Contracts.</u>

10. The Assumption/Assignment Notice provides only a list of contracts that may <u>potentially</u> be designated for assumption and assignment. This process provides Cigna with no certainty whatsoever as to the proposed disposition of the Cigna Contracts.

11. The Cigna Contracts are critical to the Debtors' Employee Benefits Program. Because the Cigna Contracts provide benefits to the Debtors' employees, reasonable, advance notice of Debtors' intention with regard to those contracts must be provided. Accordingly, any proposed assumption and assignment of the Cigna Contracts must be specifically and definitively proposed at least five (5) business days prior to the hearing on approval of the Sale ("Sale Hearing").

C. <u>Adequate Assurance</u>.

12. Section 365(b)(1)(C) of the Bankruptcy Code requires the Debtors to provide adequate assurance of any proposed assignee's future performance prior to the assumption and assignment of an executory contract. Complete and timely demonstration of adequate assurance must be provided before the Cigna Contracts can be assumed and assigned.

13. The obligation to provide adequate assurance of the Buyer's future performance under the Cigna Contracts ("Adequate Assurance Information") is not satisfied by the Adequate Assurance Letter. That Letter states the Buyer's intentions and expectations relating to the funding and operations of the acquired assets post-Closing. However, the Adequate Assurance Letter contains no information about employees of the new entity or the non-wage benefits they may receive.

14. Adequate Assurance Information must be carefully reviewed and evaluated by Cigna in the context of, and consistent with, the terms and functions of the Cigna Contracts. Both Cigna and its counsel will need adequate time to complete this review and evaluation. Accordingly, to the extent that Adequate Assurance Information is not provided to Cigna at least five (5) business days prior to any hearing on the proposed assumption and assignment of the Cigna Contracts, or if the Debtors otherwise fail to demonstrate the Buyer's ability to perform under the Cigna Contracts, Cigna objects.

D. <u>Cure</u>.

15. When a contract is assumed under section 365 of the Bankruptcy Code, the non-debtor third-party to that contract must be "made whole at the time of the debtor's assumption of the contract." *In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). Accordingly, if the Debtors seek to assume and assign the Cigna Contracts, the Debtors must pay the full cure amount based upon the actual amounts that are due on the date that the Cigna Contracts are assumed and assigned by the Debtor ("Effective Date"). *See* 11 U.S.C. § 365(b)(1).

16. The proposed cure amounts in the Assumption/Assignment Notice are inaccurate and inadequate. Cigna expressly objects to any assertion that the appropriate cure amount for the Cigna Contracts is $0.

17. Amounts due and owing to Cigna under the Cigna Contracts accrue and are satisfied on a rolling basis. As of December 31, 2018, the cure amount due under the STD Services Agreement was $33,410.52. Additionally, amounts have and will continue to become due and owing to Cigna under all of the Cigna Contracts on and after December 31, 2018. Any order permitting the assumption and assignment of any of the Cigna Contracts must direct that the Debtors fully pay all amounts due to Cigna under the Cigna Contracts as of the Effective Date, as a condition precedent to such assumption and assignment.

E. <u>Provision of Employee Benefits Program Services</u>.

18. Cigna objects to any proposed disposition of the Cigna Contracts that would purport to require Cigna to simultaneously provide administrative, insurance or other services under the Cigna Contracts to the Debtors and the Buyer.

F. <u>Interdependence</u>

19. The LTD Policy and the LTD Master Services Agreement are interdependent and function as an integrated arrangement. Cigna objects to any proposed assumption and assignment of the LTD Master Services Agreement without the assumption and assignment of the LTD Policy.

WHEREFORE, Cigna respectfully requests that this Court enter an order that: (i) approves assumption and assignment of the Cigna Contracts only to the extent consistent with the foregoing; and (ii) grants Cigna such additional relief to Cigna as this Court deems just and equitable.

|  |  |
|---|---|
| Dated:  January 25, 2019 | CONNOLLY GALLAGHER LLP |
|  | */s/ Jeffrey C. Wisler*<br>Jeffrey C. Wisler (#2795)<br>1000 West Street, Suite 1400<br>Wilmington, DE  19081<br>Telephone: (302) 757-7300<br>Facsimile:  (302) 658-0380<br>jwisler@connollygallagher.com |
| #05439009 | Counsel for Cigna Life Insurance Company of New York and Life Insurance Company of North America |