Eiseman Levine Lehrhaupt & Kakoyiannis
Laurence May, Esq.
805 Third Avenue
New York, New York 10022
Telephone: (212)752-1000
Email: Lmay@eisemanlevine.com

Attorneys for K-Bay Plaza, LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**OBJECTION OF K-BAY PLAZA, LLC TO DEBTORS' NOTICE OF CURE COSTS
AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF LEASE IN CONNECTION
WITH GLOBAL SALE TRANSACTION**

**TO: THE HONORABLE ROBERT D. DRAIN, U.S.B.J.:**

K-Bay Plaza, LLC ("Landlord") by its attorney Eiseman Levine Lehrhaupt &

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); Service Live Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859);Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC(8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Kakoyiannis PC, as and for its objection to the Notice of Cure Costs And Potential Assumption And Assignment of Executory Contracts And Unexpired Leases In Connection With Global Sale Transaction (the "Notice," ECF 1731) of Sears Holdings Corporation *et al.* ("Debtors") respectfully represents and states as follows:

1.      Landlord is the owner and lessor of real property located at 300 Baychester Avenue, Bronx, New York which is the subject of a lease dated November 18, 1993 with Kmart Corporation (the "Lease"). The Lease was included on Exhibit B to the Notice as one which the Debtors might at some future unspecified time assume and simultaneously assign to a newly formed entity identified in the "Notice of Successful Bidder and Sale Hearing" (ECF 1730) as Transform Holdco LLC ("Assignee"). Exhibit B described the Lease on line number 7654 for store 315. According to the Exhibit the counterparty to the Lease is Sam Shalem who is not the lessor but an officer of K-Bay Plaza, LLC. The Exhibit states that the Lease terminates on November 30, 2019 [2].

2.      The Debtor filed the Notice on Friday evening, January 18. It represented that the noticing provisions were consistent with the Court's Global Bidding Procedures Order (the "Global Procedures Order" ECF No. 816) and advised the counterparties identified on Exhibits A and B that in order to dispute the Debtor's proposed cure amount for their contract or lease they had to serve an objection on the "Objection Recipients", as the term was defined in the Global Bidding Procedures Order, and file their objection with the Court no later than 4 p.m. on

---

[2]   The Landlord does not dispute that by its terms the Lease terminates on November 30, 2019. In December of 2018, Kmart Corporation ("Kmart") sent a notice of its intent to exercise a five year option to renew the Lease. Landlord immediately notified Kmart in writing that the notice was untimely, and the option right had expired before it was purportedly exercised. Prior to filing the Notice, Kmart never responded back to Landlord. We understand the description of the Lease on Exhibit B as Debtor's agreement that the Lease term has not been extended.

Saturday January 26, 2019. The Notice stated, however, that the Debtors and the Assignee had not finally determined whether any, some, or all of the executory leases and contracts identified on the exhibits would actually be assumed and assigned. The Notice stated that the Debtors had until January 25, 2019 to provide the Assignee with a schedule of "Potential Transferred Agreements" and that the Assignee then had five "Business Days" after delivery of the notice to deliver "a list of those Potential Transferred Agreements proposed to be assigned to Buyer or assumed by Seller and assigned to Buyer."

3.     The Notice also demanded that in order for a counterparty to preserve its right to "object to the proposed assumption, assignment, or potential designation of their Contract or Lease...the subject of which is the Buyer's (a) ability to provide adequate assurance of future performance or (b) the proposed form of adequate assurance" it had to do so by January 26, 2019, notwithstanding that the Debtor and the Assignee have, as to Landlord, (i) not notified it if the Lease will actually be the subject of an assumption and assignment motion, (ii) not provided information, financial or otherwise, as to the Assignee, and (ii) not proposed any adequate assurance. *See* Notice ¶19. In other words, the Notice requires a counterparty to object to an abstraction on pain of waiving the objection altogether. So as to preserve its rights, the Landlord hereby objects to any assumption and assignment of the Lease on adequate assurance grounds and expressly reserves all arguments, claims and rights to amend and supplement this objection when, and if, it is notified that the Debtor intends to assume and assign the Lease and has provided it with information relevant to the adequate protection proposed.

4.     The Landlord also objects to the proposed cure amount of $302,203. The monetary amount required to cure defaults under the Lease is substantially greater, in excess of $1,300,000. In this regard, on November 30, 2018, the Landlord provided Kmart with written

notice of default under the Lease. (A copy of the notice is attached as Exhibit A). In the notice, Landlord stated that Kmart was in breach of its maintenance obligation under Article 11A of the Lease in that it had failed to replace a twenty-five year old roof which was beyond its useful life.[3] Under the terms of the Lease, Kmart had thirty days to commence work on replacing the roof. It did not response to the notice, and to the best of Landlord's knowledge it has taken no steps to comply with the default notice.

5.    In addition to its defaults under Article 11A which would have to be cured as a condition of assumption and assignment, Kmart is in default of Articles 16A and 25 of the Lease. These provisions require Kmart to obtain full replacement value insurance for the leased premises and not less than $5,000,000 in liability insurance (with the Landlord as a named insured) with a solvent and responsible A rated insurance company should Kmart's net worth not exceed $200,000,000.

6.    Based on the Landlord's review of the "Motion of Debtors For Authorization to (I) Continue, Maintain, and Renew Their Insurance Policies, etc." (ECF 17) and a certificate of insurance provided to Landlord, it appears that the total amount of property insurance for all of the Debtors' leased and owned real property is $50,000,000. A fire at one location might very well exhaust this wholly inadequate insurance coverage. In its default notice, the Landlord requested that Kmart provide it with copies of insurance policies so that it could determine if the insurance coverage met the Lease requirements. The Debtor never responded to the request from

---

[3]    Landlord has obtained a third party estimate of $1,300,000 to replace the roof.

which the Landlord concludes, unless proved otherwise, that the current insurance is inadequate and that its understanding as to the limits of coverage is correct.

7.  The lack of adequate liability insurance must also be addressed as part of demonstrating adequate assurance. For example, should a claim be made against the Landlord arising out of an injury which occurred prior to an order authorizing the assumption and assignment of the Lease, the Assignee would undoubtedly disavow responsibility. Given the numerous personal injury actions already pending against the Debtor, the available coverage, which Landlord submits in any event does not satisfy the Debtor's obligations under the Lease, would likely be inadequate to provide defense and indemnification for the Landlord. As part of any assumption and assignment the Assignee must be willing to provide adequate assurance that the Landlord will be provided a full defense and indemnity against such claims.

Dated: January 25, 2019
       New York, New York

Eiseman Levine Lehrhaupt &
Kakoyiannis, P.C.

By: _____
           Laurence May, Esq.

805 Third Avenue
New York, New York 10022
Telephone: (212) 752-1000
Facsimile: (212) 355-4608

# EXHIBIT A



**RMF**
**RUSKINMOSCOUFALTISCHEK** P.C.
*Counselors at Law*

Writer's Direct Dial: (516) 663-6578
Writer's Direct Fax: (516) 663-6778
Writer's E-Mail: jsiegelman@rmfpc.com

November 30, 2018

**VIA FEDEX**

Kmart Corporation
c/o Sears Holding Corporation
3333 Beverly Road
Hoffman Estates, IL 60179
Attention: Vice President, Real Estate

    Re:    Lease, dated November 18, 1993, as amended, between K Bay Plaza, LLC, successor-in-interest to Prestige Bay Plaza Development Corp. ("Landlord") and Kmart Corporation ("Tenant"), 300 Baychester Avenue, Bronx, NY 10475

Ladies and Gentlemen:

    This firm, along with Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. as Chapter 11 counsel, represents K Bay Plaza, LLC, Landlord under Lease dated November 18, 1993, as amended, to Kmart Corporation, as Tenant for the premises located at 300 Baychester Avenue, Bronx, New York 10475 (the "Demised Premises"). It has come to Landlord's attention that the following conditions exist with respect to the Demised Premises which require repair:

- Clean building exterior, repair moisture damage, repair EIFS, apply elastomeric coating to EIFS and CMU walls, repair soffit, replace sealants and repaint miscellaneous surfaces, including miscellaneous repairs to exterior surfaces as necessary, and wet-sealing of glass in metal frames.
- Replace Ballasted EPDM membrane roof.
- Replace the rooftop DX system equipment.

    The repair of such items is an express obligation of Tenant in accordance with Article 11A of the Lease.

    It has further come to Landlord's attention that Tenant is not in compliance with the Tenant insurance requirements of the Lease.

    Article 16A of the Lease provides, in part, as follows:

RMF_DOC-#812418-V2-KMART_DEFAULT_NOTICE_DOC

East Tower, 15th Floor, 1425 RXR Plaza, Uniondale, NY 11556-1425 ▼ 516.663.6600 ▼ 212.688.8300 ▼ F 516.663.6601 ▼ www.rmfpc.com



November 30, 2018
Page 3

Inasmuch as Tenant's net worth is less than $200,000,000, Tenant is obligated to provide the referenced policy, without self-insurance, namely, a general comprehensive liability insurance policy (with broad form extended coverage if available), naming Landlord and Landlord's mortgagee, if any, as additional insureds under such a policy.

Please provide Landlord with a copy of the insurance policies verifying such required coverage for both property insurance and liability insurance as required by said terms of the Lease. Certificates of insurance, by their terms, are not evidence insurance that such insurance has been procured. Copies of the required policies with the proper endorsements must be provided in order to verify Tenant's compliance with its obligations under the Lease.

PLEASE TAKE NOTICE that if such repairs are not made, or such insurance policies are not provided to Landlord, within thirty (30) days following the date of this Notice, such failure shall constitute defaults under the Lease in accordance with Article 21A of the Lease. Notwithstanding such defaults, Landlord shall take no further action unless and until it has obtained an order of the United States Bankruptcy Court for the Southern District of New York vacating the automatic stay provided by section 362 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that Landlord reserves the right, consistent with applicable provisions of the Bankruptcy Code, to exercise all rights and remedies available to Landlord under the Lease, at law, or in equity, including without limitation, Landlord's right to cure the same in accordance with the provisions of Article 16 and Article 21F of the Lease.

The provisions of the Lease cited herein are not necessarily exhaustive of the Lease provisions that are implicated by the Tenant's current default or any anticipated default, as noted above. Landlord reserves all of its rights and remedies, at law, in equity and under the Lease, including, without limitation, the right to recover attorneys' fees and related expenses incurred in connection herewith.



**RMF**
RUSKINMOSCOUFALTISCHEK P.C.
*Counselors at Law*

November 30, 2018
Page 4


    If you wish to discuss any of the issues set forth above and how we might resolve them, please have your counsel contact me.

Very truly yours,

JERRY SIEGELMAN
For the Firm

JS:kad

cc:   VIA FED EX
      Kmart Corporation
      c/o Sears Holding Corporation
      3333 Beverly Road
      Hoffman Estates, IL 60179
      Attention: General Counsel

      VIA EMAIL
      Mr. Sam Shalem
      Mr. Naor Shalem
      Mr. Eric Shalem
      Mr. Charles Farmer
      Laurence May, Esq.

Laurence May
Eiseman Levine Lehrhaupt & Kakoyiannis, P.C.
805 Third Avenue
New York, NY 10022
212-752-1000
*Attorneys for K-Bay Plaza, LLC*

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
:
SEARS HOLDING CORPORATION, INC., et al.,   :
:     Index No. 18-23538 (RDD)
:
:     (Jointly Administered)
:
:     <u>Affidavit of Service</u>
--------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I, Alexander Tiktin, hereby certify that on the 25th day of January 2019, I personally caused a copy of the Objection of K-Bay Plaza, LLC to Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Lease in Connection with the Global Sale Transaction to be served on the following parties:

    1.    The parties requesting ECF notifications via the Court's CM/ECF case notification system;

    2.    All other parties requesting notice pursuant to Rule 2002 and in accordance with this Court's Amended Order Implementing Certain Notice and Case Management Procedures entered on November 1, 2018 [Docket No. 405];

3. The parties set forth below by FedEx:

a. Chambers of the Honorable Judge Robert D. Drain
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street, Room 248
White Plains, New York 10601

b. Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, Illinois 60179
Attn: Stephen Sitley
Esq. Luke J.
Valentino, Esq.

c. Office of the United States Trustee for Region 2
201 Varick Street, Suite 1006
New York, New York 10014
Attn: Paul Schwartzberg, Esq.

4. The parties set forth below by electronic mail:

a. Debtors
Rob Riecker - rob.riecker@searshc.com
Luke Valentino - luke.valentino@searshc.com
Mohsin Meghji - mmeghji@miiipartners.com

b. Debtors' Counsel
Weil, Gotshal & Manges LLP
767 Fifth Avenue New York, New York 10153
Attn: Ray C. Schrock, P.C. Jacqueline
Marcus, Esq. Garret A. Fail, Esq.
Sunny Singh, Esq.
ray.schrock@weil.com; garrett.fail@weil.com;
jacqueline.marcus@weil.com; sunny.singh@weil.com

c.     Attorneys for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square New York, NY 10036
Attn: Paul D. Leake, Esq. Shana A. Elberg, Esq.
George R. Howard, Esq.
paul.leake@skadden.com; shana.elberg@skadden.com; george.howard@skadden.com

d.     Attorneys for Citibank, N.A., as administrative agent under the Stand- Alone L/C Facility
Davis Polk & Wardell LLP
450 Lexington Avenue New York, NY 10017
Attn: Marshall S. Huebner,
Esq. Eli J. Vonnegut, Esq.
marshall.huebner@davispolk.com; eli.vonnegut@davispolk.com

e.     Attorneys for JPP, LLC, as agent under the Second Lien Credit Facility, IP/Ground Lease Term Loan Facility, and the Consolidated Secured Loan Facility
Cleary, Gottlieb
One Liberty Plaza New York, NY 10006
Attn: Sean A. O'Neal, Esq.
soneal@cgsh.com

f.     Attorneys for Computershare Trust Company, N.A., as trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes
Kelley Drye & Warren LLP
101 Park Avenue New York, NY 10178
Attn: Eric R. Wilson, Esq. Benjamin D. Feder, Esq. T. Charlie Liu, Esq.
ewilson@kelleydrye.com; bfeder@kelleydrye.com; cliu@kelleydrye.com

g.     Attorneys for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes Seyfarth Shaw, LLP
620 Eighth Avenue New York, NY 10018
Attn: Edward M. Fox, Esq.
emfox@seyfarth.com

h.     Attorneys for The Bank of New York Mellon Trust Company, as successor trustee for the SRAC Unsecured PIK Notes, SRAC Unsecured Notes, and the SRAC Medium Term Notes

3

        Carter Ledyard & Milburn LLP
        2 Wall Street New York, NY 10015
        Attn: James Gadsden, Esq.
        gadsden@clm.com

i.     Attorneys for the Pension Benefit Guaranty Corporation
       Locke Lord LLP
       111 South Wacker Drive Chicago, IL 60606
       Attn: Brian A. Raynor, Esq.
       braynor@lockelord.com

j.     Attorneys for the Official Committee of Unsecured Creditors
       Akin Gump Strauss Hauer & Feld LLP
       One Bryant Park New York, New York 10036
       Attn: Philip C. Dublin, Esq.
       Ira Dizengoff, Esq.
       Sara Lynne Brauner, Esq.
       pdublin@akingump.com; idizengoff@akingump.com;
       sbrauner@akingump.com

k.    Attorneys to Wells Fargo Bank, National Association
       Choate, Hall & Stewart LLP
       Two International Place Boston, MA 02110
       ksimard@choate.com; jmarshall@choate.com

l.     Debtors' Investment Banker
       Lazard Frères & Co., LLC
       30 Rockefeller Plaza, New York, New York 10112
       Attn: Brandon Aebersold Levi Quaintance
       project.blue.rx@lazard.com

m.   Buyer
       Transform Holdco LLC
       c/o ESL Partners, Inc.
       1170 Kane Concourse, Suite 200 Bay Harbor Islands, FL 33154
       Attn.: Kunal S. Kamlani
       Harold Talisman
       kunal@eslinvest.com; harold@eslinvest.com

n.     Counsel for Transform Holdco LLC
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn: Christopher E. Austin, Benet J. O'Reilly and Sean A. O'Neal
caustin@cgsh.com; boreilly@cgsh.com; soneal@cgsh.com

Alexander Tiktin