HOPKINS & CARLEY
Jay M. Ross, CA Bar No. 151750
Monique D. Jewett-Brewster, CA Bar No. 217792
The Letitia Building
70 S First Street
San Jose, California  95113-2406
Telephone:  (408) 286-9800
Fax:  (408) 998-4790
*Counsel for Creditors*
*John C. Adams and Kennylugenia Adams*

*Pro Hac Vice Applications Pending*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | **Case No. 18-23538 (RDD)** |
| Debtors.[1] | **(Jointly Administered)** |

**OBJECTION OF JOHN C. ADAMS AND KENNYLUGENIA ADAMS TO THE DEBTORS' PROPOSED CURE COST AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

853\3194766.2

John C. Adams and Kennylugenia Adams (collectively, "Landlord"), by and through their undersigned counsel, hereby submit this objection to the cure amount proposed in connection with the potential assumption and assignment of that certain ground lease with debtor Kmart Corporation ("Tenant") related to Store number 3725, as listed in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* [D.I. 1731] (the "Assumption and Assignment Notice"). In support of this objection, Landlord respectfully states as follows:

## BACKGROUND

1. On or about August 15, 1989, Landlord's predecessors in interest John H. Adams and Laura M. Adams (collectively, "Adams"), and Tenant, entered into a certain Ground Lease ("Lease") for Tenant's lease of that certain real property located at 1702 Freedom Blvd., Freedom, CA (the "Premises"). Thereafter, Adams assigned its right, title and interest in and under the Lease to Landlord.

2. Except as otherwise stated herein, capitalized terms herein have the same meaning as stated in the Lease. A true and correct copy of the Lease is attached hereto as **Exhibit A**.

3. Among the unexpired leases listed on Exhibit B to the Assumption and Assignment Notice is the Lease between Landlord and Tenant [Contract Number K3725-B thereon], with a proposed cure cost of $1,543.00 (the "Proposed Cure Cost").

## OBJECTION

4. Landlord objects to the Proposed Cure Cost on the basis that the figure is incorrect and does not take into account additional amounts that should be included in the Proposed Cure Cost as further detailed below.

5. Section 365(b)(1) of the Bankruptcy Code states, in pertinent part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A)    cures, or provides adequate assurance that the trustee will promptly cure such default . . . ;
>
> (B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C)    provides adequate assurance of future performance under such contract or lease.
>
> 11 U.S.C. § 365(b)(1).

5.    A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.* 33 B.R. 67, 76 (Bankr. D. Del. 2005).

6.    As of the date of this objection, Tenant has failed to pay the required Additional Rent under the Lease. Further, for more than a decade, Tenant has failed to make the reporting necessary under and required by the Lease to calculate the Additional Rent.

7.    In addition to the Basic Rent due and payable under the Lease, paragraph 8 of the Lease requires the Tenant to make Additional Rent payments each Additional Rent Year during the Term of the Lease in an amount equal to (i) twenty percent (20%) of Subtenant Percentage Rent, and (ii) twenty percent (20%) of Excess Subtenant Minimum Rentals (collectively "Additional Rent Payments").

8.    In Paragraph 8, the Lease also requires the Tenant to deliver certified written statements to Landlord showing (i) the Subtenant Percentage Rent and (ii) the Excess Subtenant Minimum Rentals received by Tenant during each Additional Rent Year (each such statement referred to as the "Subtenant Rent Report").

9.      Paragraph 8 of the Lease further directs that Subtenant Rent Reports must be delivered to the Landlord within sixty (60) days of the end of each Additional Rent Year. It further provides that Additional Rent Payments are due and payable within sixty (60) days following the end of each Additional Rent Year "commencing with the Additional Rent Year beginning on the fourth anniversary of the Commencement Date".

10.     In 2007, Tenant admitted to owing Landlord at least $30,516.99 in Additional Rent Payments, but has not paid that amount or any other Additional Rent Payments. Moreover, for over ten years, Tenant has failed to deliver to Landlord the Subtenant Rent Reports required under the Lease. As a result, Landlord lacks the financial reporting necessary to liquidate its pre-petition claim against the estate. Tenant must provide **each** of the missing Subtenant Rent Reports in order for Landlord to liquidate the amount of the unpaid Additional Rent under the Lease and Tenant must pay all Additional Rent owed.

11.     The Proposed Cure Cost fails to account for the years of unpaid Additional Rent due and payable by Tenant under the Lease, and Tenant has failed to provide the reporting necessary to liquidate this amount. Accordingly, Landlord objects to the cure cost proposed in connection with the potential assumption and assignment of the Lease.

12.     Landlord further objects to the Proposed Cure Cost on the basis that this figure does not include amounts that will become due from the Tenant under the terms of the Lease between the date of this objection and the effective date of any assumption and assignment of the Lease. For example, Tenant has not yet provided a Subtenant Rent Report or made any Additional Rent Payment for subtenant rents in 2018. Any order establishing the Cure Cost must require that Tenant cure any additional defaults that may occur between the date of this objection and the effective date of assumption and assignment of the Lease, including without limitation,

any failure by Tenant to comply with its 2018 obligations to provide a Subtenant Rent Report and pay related Additional Rent.

13.    Landlord respectfully requests that any order setting the Cure Cost in connection with the assumption and assignment of this Lease provide that Tenant shall provide Landlord with all Subtenant Rent Reports from 2008 to present and pay, as part of the Cure Cost, any Additional Rent amounts due under the Lease relating to the pre-assumption period notwithstanding that such additional Cure Cost may not be finally determined until after the effective date of assumption and assignment of the Lease.

## **RESERVATION OF RIGHTS**

14.    Landlord reserves the right to contest the assumption and assignment of the Lease on any basis other than the Proposed Cure Cost, including without limitation, based on the lack of adequate assurance. Landlord further reserves the right to amend and/or supplement this objection in the event it is determined additional cure amounts are owed under the Lease.

Dated:  January 25, 2019
San Jose, California.

HOPKINS & CARLEY

By:/s/ Monique D. Jewett-Brewster
Jay M. Ross
Monique D. Jewett-Brewster
The Letitia Building
70 S First Street
San Jose, CA  95113-2406
Telephone:  (408) 286-9800
Fax:  (408) (408) 998-4790

*Counsel for Creditors*
*John C. Adams and Kennylugenia Adams*

*Pro Hac Vice Applications Pending*

## **CERTIFICATE OF SERVICE**

      I certify that on January 25, 2019, this office caused the within Objection of John C. Adams and Kennylugenia Adams to the Debtors' Proposed Cure Cost and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction to be served upon all parties via the Court's CM/ECF electronic filing system and/or first class mail.

Dated:  January 25, 2019

                                              /s/ Elena Amaro
                                              Elena Amaro

853\3194766.2

# SERVICE LIST

| | |
|---|---|
| **VIA FIRST CLASS MAIL**<br>Honorable Robert D. Drain, U.S.B.J.<br>United States Bankruptcy Court<br>Southern District of New York<br>300 Quarropas Street, Room 248<br>White Plains, NY 10601 | **VIA FIRST CLASS MAIL**<br>Office of the United States Trustee<br>ATTN: Paul K. Schwartzberg, Esq.<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014 |
| **VIA FIRST CLASS MAIL**<br>Ira S. Dizengoff, Esq.<br>Akin, Gump, Strauss, Hauer & Feld, LLP.<br>One Bryant Park<br>New York, NY 10036<br>*Attorneys for Official Committee of Unsecured Creditors* | **VIA CM/ECF FILING SYSTEM**<br>Sears holding Corporation, et al.<br>ATTN: Stephen Sitley, Esq.<br>        Luke J. Valentino, Esq.<br>3333 Beverly Road<br>Hoffman Estates, IL 60179<br>counsel@searsshc.com<br>(**Debtors**)<br>*Notice on behalf of all Debtors* |
| **VIA CM/ECF FILING SYSTEM**<br>Weil, Gotshal & Manges, LLP.<br>ATTN: Ray C. Schrock, P.C.<br>        Jacqueline Marcus, Esq.<br>        Gavin Westerman, Esq.<br>        Garrett A. Fail, Esq.<br>        Sunny Singh, Esq.<br>767 Fifth Avenue<br>New York, NY 10153<br>ray.sschrock@weil.com<br>jacqueline.marcus@weil.com<br>gavin.westerman@weil.com<br>garrett.fail@weil.com<br>sunny.singh@weil.com<br>(**Attorneys for Debtors**) | **VIA CM/ECF FILING SYSTEM**<br>Lazard Freres & Co., LLC.<br>ATTN: Brandon Aebersold<br>Levi Quaintance<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Brandon.aebersold@lazard.com<br>levi.quaintance@lazard.com<br>(**Debtors' Investment Banker**) |
| **VIA CM/ECF FILING SYSTEM**<br>Sidley Austin LLP.<br>ATTN: Aaron Rigby, Esq.<br>        David E. Kronenberg, Esq.<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 75201<br>arigby@sidley.com<br>dkronenberg@sidley.com<br>(**Attorneys for Stalking Horse Bidder**) | All parties via Court's CM/ECF electronic filing system. |

853\3194766.2