Marshall C. Turner, Esq.
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1768
Facsimile: 314.480.1505
E-mail: marshall.turner@huschblackwell.com

Caleb T. Holzaepfel, Esq.
Admitted pro hac vice
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone:  423.755.2654
Facsimile: 423.266.5499
Email:  caleb.holzaepfel@huschblackwell.com

Hearing Date:    February 4, 2019 at 10:00 a.m.

*Attorneys for CBL & Associates Management, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re** : **Chapter 11**
: 
SEARS HOLDINGS CORPORATION, : 
*et al.*, : **Case No. 18-23538 (RDD)**
: 
**Debtors**[1] : **(Jointly Administered)**
: **Related to Docket No: 816, 1730, 1731, 1774**
------------------------------------------------------------x

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**CBL & ASSOCIATES MANAGEMENT, INC.'S LIMITED OBJECTION TO THE PROPOSED GLOBAL ASSET SALE TRANSACTION**

CBL & Associates Management, Inc., managing agent, creditor, and party-in-interest in the above-captioned jointly-administered bankruptcy cases ("CBL"), hereby submits its limited objection (the "Objection") to any sale of certain real property in which CBL has an interest in the proposed Global Sale Transaction to Transform Holdco, LLC (the "Buyer"), established by ESL Investments, Inc., to acquire all or substantially all of the Global Assets of Debtors, pursuant to this Court's *Order Approving Global Bidding Procedures and Granting Related Relief (the "Global Bidding Procedures Order")* [Docket No. 816] (the "Bidding Procedures Order").

**Preliminary Statement**

CBL does not categorically oppose the Debtors' sale of the Debtors' real property assets. However, CBL cannot acquiesce to the sale and herein objects unless Debtors include language in any order approving the sale of the relevant real property, that provides that (i) the transfer does not in any way affect or alter, and is expressly subject, to all easements, rights-of-way, leases (recorded or unrecorded), covenants, restrictions and all other exceptions of record, including but not limited to those contained in the agreements listed in Table 1 (*supra*); and (ii) Debtors pay the cure amounts due, assume and assign the relevant executory contracts that run with the land of the relevant real property proposed for sale, as more particularly described herein.

2

### Jurisdiction

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 §§ 1408 and 1409.

2.  On October 15, 2018 ("Petition Date"), Sears Holdings Corporation and several of its affiliates, including Kmart Corporation, filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

3.  Upon information and belief, the Debtors are operating their business and managing their properties as debtors-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

### Background

4.  The relevant CBL Landlord Entities (as defined in Table 1) entered into various executory contracts and agreements (the "Agreements") with Debtors prior to the Petition Date detailed as follows:

**Table 1**:

| CBL Landlord Entity | CBL Premises | Agreements[2] | Execution Date[3] | Recording Information | CBL Cure Amount |
|---|---|---|---|---|---|
| ARBOR PLACE II, LLC | Arbor Place Mall (Douglasville, GA) | Purchase and Sale Agreement | 3/18/1999 | Clerk of Superior Court, Douglas | $0.00 |
| ASHEVILLE MALL CMBS, LLC | Asheville Mall (Asheville, NC) | Easement | 6/8/1972 | Buncombe County, NC Register of Deeds, Book 1072, Page 759 | $0.00 |

---

[2] The copies of the Agreements are not attached hereto due to their voluminous nature. The Agreements are available via public record as noted in the Recording Information as well as by request to undersigned counsel.

[3] The Execution Date references the date of the original Agreement. Certain of the Agreements have been modified and/or amended from time to time.

| | | | | | |
|---|---|---|---|---|---|
| COASTAL GRAND CMBS, LLC | Coastal Grand Mall (Myrtle Beach, SC) | Operating and Easement Agreement | 3/28/2003 | Horry County, SD Registrar of Deeds, Deed 2579 0711 | $0.00 |
| MADISON JOINT VENTURE | East Towne Mall (Madison, WI) | Easement, Restriction and Operating Agreement | 2/16/1970 | Dane County, WI Register of Deeds, Vol 164 Page 125 | $376.48 |
| JG WINSTON-SALEM, LLC | Hanes Mall (Winston-Salem, NC) | Easement, Restriction and Operating Agreement | 4/24/1990 | Forsyth County, NC Register of Deeds Bk1691 Pg 1125 | $7,657.92 |
| IMPERIAL VALLEY MALL II, L.P. | Imperial Valley Mall (El Centro, CA) | Construction, Operating and Reciprocal Easement Agreement | 12/16/2003 | Office of the County Recorder for Imperial County, CA Book 2264 Page 386 | $0.00 |
| MALL DEL NORTE, LLC | Mall del Norte (Laredo, TX) | Amended and Restated Construction, Operating and Reciprocal Easement Agreement | 6/30/1999 | County Clerk Webb County, TX; Book 125 Page 565 | $0.00 |
| MID RIVERS MALL CMBS, LLC | Mid Rivers Mall (St. Peters, MO) | Second Amended and Restated Construction, Operating and Reciprocal Easement Agreement | 11/01/1996 | County of Charles Recorder of Deeds; Book 2095 Page 670 | $0.00 |
| PARKDALE MALL CMBS, LLC | Parkdale Mall (Beaumont, TX) | Operating Agreement | 1/12/1971 | County Clerk, Jefferson County, TX | $0.00 |
| POM-COLLEGE STATION, LLC | Post Oak Mall (College Station, TX) | Construction, Operating and Reciprocal Easement Agreement | 11/28/1980 | County Clerk, Brazos County, TX; Book 482; Page 448 | $0.00 |
| CBL RM-WACO, LLC | Richland Mall (Waco, TX) | Construction, Operating and Reciprocal Easement Agreement | 9/15/1978 | County Clerk, McLennan County, TX | $0.00 |

4

| | | | | | |
|---|---|---|---|---|---|
| ST. CLAIR SQUARE SPE, LLC | St. Clair Square (Fairview Heights, IL) | Construction, Operating and Reciprocal Easement Agreement | 3/30/1973 | St. Clair County, IL Recorder, Book 2344, Page 1 | $15,835.07 |
| G & I VIII CBL TTC LLC | Triangle Town Center (Raleigh, NC) | Easement, Restriction and Operating Agreement | 5/10/2001 | Wake County, NC Register of Deeds; Book 8946, Page 1453 | $0.00 |
| TURTLE CREEK LIMITED PARTNERSHIP | Turtle Creek Mall (Hattiesburg, MS) | Second Amended and Restated Operating and Easement Agreement | 1/25/1995 | Lamar County Chancery Clerk filed on July 21, 1995 | $0.00 |
| VALLEY VIEW MALL SPE, LLC | Valley View Mall (Roanoke, VA) | Construction, Operating and Reciprocal Easement Agreement | 12/5/1983 | Roanoke County, VA Register of Deeds; Book 1496 Page 1821 | $905.07 |
| WESTGATE MALL CMBS, LLC | Westgate Mall (Spartanburg, SC) | Amended and Restated Operating and Easement Agreement | 5/22/1998 | Spartanburg County, SC Register of Deeds; Book 64F Page 846 | $0.00 |
| MADISON JOINT VENTURE | West Towne Mall (Madison, WI) | Easement, Restriction and Operating Agreement | 1/24/1969 | Dane County, WI Register of Deeds | $0.00 |

5. These Agreements have been recorded[4] in the relevant jurisdictions and there are deed restrictions that run with the land.

6. Debtors are required to pay monthly and annual rent and charges that arise from certain of the Agreements. Attached to this Objection as **Exhibit A** is detailed AR showing the current cure amounts for the Agreements.

7. The Agreements include diverse affirmative and negative easements, rights-of-way, leases (recorded or unrecorded), covenants, restrictions, exceptions and obligations, that

---

[4] Note that recording information is not available for certain of these documents on the expedited basis that this Objection required. Upon request, CBL will update the above table to show Recording Information for the Agreements for which such information is omitted above.

5

include but are not limited to, rights of first refusal, repurchase rights, maintenance obligations, maintenance charges, use restrictions, and obligations to pay real estate taxes (the "CBL Rights and Restrictions").

8. On November 1, 2018, Debtors filed its *Motion for Approval of Global Bidding Procedures* [Docket No. 429].

9. On November 19, 2018, the Court entered the Bidding Procedures Order.

10. On January 18, 2019, Debtors filed their *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] naming the Buyer the winning bidder for the Global Assets (as defined in the *Bidding Procedures Order*) (the "Proposed Global Asset Sale").

11. The Proposed Global Asset Sale contemplates possible assumption, assignment, and going concern operation of the Sears locations appurtenant to the CBL Premises.

12. On January 18, 2019, Debtors filed their *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "First Cure Notice").

13. On January 24, 2018, Debtors filed their *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1774] (the "Supplemental Cure Notice," and together with the First Cure Notice, the "Cure Notice").

14. While the Proposed Global Asset Sale and Cure Notice do provide for the transfer of the relevant real property and/or leases appurtenant to the CBL Premises – the Proposed Global Asset Sale and Cure Notice do not contemplate assumption and assignment of the Agreements to Buyer nor are the CBL Rights and Restrictions referenced thereunder.

6

**Argument**

I.  **Rights That Run With the Land Bind Any Subsequent Purchasers.**

15.  Generally, an executory contract is a "contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *See* Vern Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn. L. Rev. 439, 460 (1973); *Gloria Mfg. Corp. v. Int'l Ladies' Garment Workers' Union,* 734 F.2d 1020 (4th Cir. 1984) (adopting the Countryman test).

16.  The Agreements are "complex contract[s] with multiple continuing conditions," including negative and affirmative covenants. *See In re RoomStore, Inc.*, 473 B.R. 107, 114 (Bankr. E.D. Va. 2012). The Agreements include diverse affirmative and negative easements, rights-of-way, leases (recorded or unrecorded), covenants, restrictions, exceptions and obligations, that is, the CBL Rights and Restrictions.

17.  While a debtor may be permitted to reject such an Agreement, a debtor cannot terminate an interest in land via rejection. *See, e.g., Gouveia v. Tazbir*, 37 F.3d 295, 298 (7th Cir. 1994) (holding that covenants running with the land are property interests and cannot be extinguished through bankruptcy).

18.  Further, although federal bankruptcy law confers status to a debtor-in-possession or trustee, state law is applied in determining what property rights the debtor-in-possession has vis-á-vis other parties. *Tyler v. Ownit Mortg. Loan Tr., Series 2006-3*, 460 B.R. 458, 462 (E.D. Va. 2011).

19.  Further, a debtor can only sell property free and clear of all third-party interests if certain criteria are met. *See* 11 U.S.C. § 363(f)(1). The most important of these criteria under

7

Section 363(f) is whether "applicable non-bankruptcy law permits sale of such property free and clear of such interest." *See* 11 U.S.C. § 363(f)(1). Applicable law has been interpreted to mean "applicable non-bankruptcy law." *In re Catron*, 158 B.R. 629, 634 (E.D. Va. 1993), aff'd, 25 F.3d 1038 (4th Cir. 1994).

20. Under New York law, an agreement, or covenant, between landlord and tenant is enforceable against a subsequent purchaser of the property if the covenant runs with the land. *See Arroyo v. Marlow*, 122 AD. 2d 821, 505 NYS.2d 892 (2d Dept. 1986). A covenant runs with the land when: (1) the parties intend it to run with the land; (2) it "touches and concerns" the land; and, (3) there is privity of estate between the owner of the burdened property and the person who seeks to enforce the covenant. *In re Dundee Equity Corp.*, 1992 WL 53743, at *2 (Bankr. S.D.N.Y. Mar. 6, 1992) (citing *Orange and Rockland Utilities v. Philwold Estates*, 52 NY.2d 253, 262 (1981).

21. Each of the Agreements have been recorded and run with the land and are defined as deed restrictions. This Court has held that "[d]eed restrictions are restrictive covenants which run with the land." *In re Inwood Heights Hous. Dev. Fund Corp.*, 2011 WL 3793324, at *7 (Bankr. S.D.N.Y. Aug. 25, 2011).

22. This Court has further held that "none of the provisions of § 363(f) permit" a trustee or debtor-in-possession to sell real property free and clear of a developer's rights that runs with the land as "applicable non-bankruptcy law does not permit the sale." *See In re Dundee Equity Corp.*, 1992 WL 53743, at *4.

23. The CBL Rights and Restrictions are interests in land and run to any subsequent purchaser. Any transfer of real property is subject to all easements, rights-of-way, leases (recorded or unrecorded), covenants, restrictions and all other exceptions of record.

DocID: 4830-4438-7462.2

24. As such, the CBL Rights and Restrictions survive any transfer or disposition of the CBL Premises and must be made in conjunction with any transfer of the CBL Premises. Any Sale Order should provide for such.

25. Further, to the extent Debtors do wish to transfer the CBL Premises pursuant to the Sale, any Sale Order and transfer of the Agreements should provide for cure of such monetary obligations arising thereunder. *See* 11 U.S.C. 365(d).

26. Section 365(b) provides in pertinent part as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

## II. Joinder

27. CBL hereby joins other landlords or parties-in-interest of the Debtors to the extent that such objections are not inconsistent with this Limited Objection.

## III. Reservation of Rights

28. CBL herein reserves its rights to supplement this Limited Objection and raise any additional objections to the proposed sale.

## IV. Conclusion

**WHEREFORE**, CBL respectfully requests that the Court enter an Order:

   a. Sustaining CBL's Limited Objection;

b. Denying Debtors' request to transfer the CBL Premises pursuant to the Bidding Procedure Order or in a sale or disposition otherwise, without language confirming that the transfer does not in any way affect or alter and is expressly subject to all easements, rights-of-way, leases (recorded or unrecorded), covenants, restrictions and all other exceptions of record, including but not limited to, CBL's Rights and Restrictions, as well as provide for cure of such monetary obligations arising thereunder;

c. Proving such other relief as the Court deems just and proper under the circumstances.

Dated:         January 25, 2019

        Respectfully Submitted,

        HUSCH BLACKWELL LLP

        */s/ Caleb T. Holzaepfel*
        Caleb T. Holzaepfel (*admitted pro hac vice*)
        736 Georgia Avenue, Suite 300
        Chattanooga, TN 37402
        Telephone: (423) 755-2654
        Facsimile: (423) 266-5499
        Caleb.Holzaepfel@huschblackwell.com

        - and-

        Marshall C. Turner, NY Bar #4003208
        190 Carondelet Plaza, Suite 600
        St. Louis, MO 63105
        Telephone: 314.480.1768
        Facsimile: 314.480.1505
        Email:  marshall.turner@huschblackwell.com

        *Attorneys for CBL & Associates Management, Inc.*

DocID: 4830-4438-7462.2

## CERTIFICATE OF SERVICE

      I hereby certify that on the 25th day of January, 2019, I caused a copy of the foregoing to be served by electronic means through the ECF system to all registered ECF participants on the creditor matrix (attached as **Exhibit B** hereto) as well as by e-mail on the following parties:

| | |
|---|---|
| Rob Riecker (rob.riecker@searshc.com); Luke Valentino (luke.valentino@searshc.com); Mohsin Meghji (mmeghji@miiipartners.com) | Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (Attn: Ray C. Schrock, P.C. (ray.schrock@weil.com); Jacqueline Marcus, Esq. (jacqueline.marcus@weil.com); Garrett A. Fail, Esq. (garrett.fail@weil.com); Sunny Singh, Esq. (sunny.singh@weil.com) |
| Lazard Frères & Co., LLC 30 Rockefeller Plaza New York, New York 10112 Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com) | Kunal S. Kamlani: kunal@eslinvest.com Harold Talisman: harold@eslinvest.com |
| Paul Leake, Esq.: Paul.Leake@skadden.com Shana Elberg, Esq.: Shana.Eiberg@skadden.com George Howard, Esq.: George.Howard@skadden.com | Christopher E. Austin, Esq.: caustin@cgsh.com Benet J. O'Reilly, Esq.: boreilly@cgsh.com Sean A. O'Neal, Esq.: soneal@cgsh.com |
| Kevin J. Simard, Esq.: ksimardachoate.com Jonathan D. Marshall, Esq.: jmarshall@choate.com | Ira S. Dizengoff, Esq. : idizengoff@akingump.com Philip C. Dublin, Esq.: pdublin@akingump.com Abid Qureshi, Esq.: aqureshi@akingump.com Sara L. Brauner, Esq.: sbrauner@akingump.com |

DocID: 4830-4438-7462.2

**And Via First Class Mail to**:

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman
and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

*/s/ Caleb T. Holzaepfel*
Caleb T. Holzaepfel

DocID: 4830-4438-7462.2