Marshall C. Turner, Esq.  
HUSCH BLACKWELL LLP  
190 Carondelet Plaza, Suite 600  
St. Louis, Missouri 63105  
Telephone: 314.480.1768  
E-mail: marshall.turner@huschblackwell.com  

Caleb T. Holzaepfel, Esq.  
Admitted *pro hac vice*  
HUSCH BLACKWELL LLP  
736 Georgia Avenue, Suite 300  
Chattanooga, Tennessee 37402  
Telephone:  423.755.2654  
Email:  caleb.holzaepfel@huschblackwell.com  

*Attorneys for CBL & Associates Management, Inc.*

Hearing Date: February 4, 2019 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
   In re                                                 :          Chapter 11
:
   SEARS HOLDINGS CORPORATION    :
   et al.,                                            :          Case No. 18-23538 (RDD)
:
                 Debtors                             :          (Jointly Administered)
:
---------------------------------------------------------------x

## CBL & ASSOCIATES MANAGEMENT, INC.'S LIMITED OBJECTION TO DEBTORS' STATED CURE AMOUNTS

CBL & Associates Management, Inc. ("CBL"), by and through counsel, and as managing agent to various landlords (the "Landlords")[1], hereby files this Limited Objection (the "Objection") to Debtors' *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Cure Notice") and Debtors' *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with*

---

[1] CBL is managing agent to landlord counter-parties to forty-two (42) premises and the appurtenant unexpired leases of real property and executory contracts, including the landlords referenced below in *Table 1*. A list of Landlords to which this Objection applies is attached hereto as **Exhibit A.**

1

*Global Sale Transaction* [Docket No. 1774] (the "Supplemental Cure Notice") and states as follows:

1. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and certain affiliates (the "Debtors"), filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. Debtors have continued to operate their business and manage their properties as debtor's-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

3. On November 1, 2018, Debtors filed their Motion for Approval of Global Bidding Procedures [Docket No. 429].

4. On November 19, 2018, the Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (the "Global Bidding Procedures Order") [Docket No. 816] (the "Bidding Procedures Order").

5. On January 18, 2019, Debtors filed their *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] naming the Buyer the winning bidder for the Global Assets (as defined in the Bidding Procedures Order) (the "Proposed Global Asset Sale").

6. On January 18, 2019, Debtors filed their Cure Notice [Docket No. 1731].

7. On January 23, 2019, Debtors filed their Supplemental Cure Notice [Docket No. 1774].

8. Prior to the Petition Date, Debtors entered into certain agreements to lease the various premises' and/or agreements regarding obligations and restrictions related to various premises (the "CBL Premises'") from the CBL Landlords pursuant to unexpired leases of

---

[2] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

nonresidential real property (the "CBL Leases") and easement, restriction and operating agreements appurtenant to certain real property owned by the Debtors or third-parties (the "CBL Agreements").

9. The CBL Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum LTD*, 922 F.2d 1081 (3d. Cir. 1990).

10. The CBL Agreements are executory contracts and include diverse affirmative and negative easements, rights-of-way, leases (recorded or unrecorded), covenants, restrictions, exceptions and obligations. *See In re Inwood Heights Hous. Dev. Fund Corp.*, 2011 WL 3793324, at *7 (Bankr. S.D.N.Y. Aug. 25, 2011).

11. As of the date of this Objection, rejection orders have been issued for five (5) of the CBL Leases. [*See* Docket Nos. 810, 1418, 1441].

12. As to the remaining CBL Premises, including those identified below in Table 1, for all but one[3] Debtors simply list the Creditor/Counterparty as "CBL" with no other identifier.[4] Of course, "CBL" is the managing agent to 40+ CBL Landlords. Absent listing the appropriate landlord entity or other identifying information, CBL cannot simply identify which cure amounts correspond to which CBL Premises – and is forced to file a blanket objection herein.

## CURE CLAIM OBJECTION

13. Section 365(b) provides in pertinent part as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

---

[3] Debtors identify one CBL Premises correctly: Northpark Mall/Joplin LLC. As such, Debtors' cure and CBL's cure are both listed. Debtors' other proposed cure amounts for the CBL Leases and CBL Agreements, as the case may be, remain uncertain.

[4] Undersigned counsel reached out to Debtors' counsel prior to the filing of this Objection – but Debtors' counsel did not (or would not) provide a Cure List to CBL that listed the Debtor counter-parties and/or location of the CBL Premises.

3

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

14. Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The CBL Leases and CBL Agreements provide for recovery of attorneys' fees and expenses. CBL hereby objects to assumption of the CBL Leases and CBL Agreements listed in the Cure Notice and Supplemental Cure Notice absent payment of CBL's attorneys' fees and expenses.

15. As of the date of this Objection, CBL states the following cure amounts apply to the below CBL Premises. To the extent these amounts differ from Debtors' amounts listed on the Cure Notice and Supplemental Cure Notice, CBL objects to those proposed cure amounts. CBL herein reserves the right to file a supplementary cure objection regarding additional CBL Leases and CBL Agreements, or for additional amounts accrued but not yet billed under any CBL Lease or CBL Agreement.

16. *Table 1* identifies the cure amounts for the various CBL Locations (the "CBL Cure Amounts"). A true and correct copy of CBL's Accounts Receivable Aging Report for the CBL Leases identified above supporting the actual CBL Lease and CBL Agreement Cure Amounts contained in *Table 1* is attached hereto and incorporated as **Exhibit B**.

**TABLE 1:**

| Mall | Landlord | Debtors' Stated Cure (If Identifiable) | CBL Cure Amount |
|---|---|---|---|
| Cross Creek Anchor | CROSS CREEK ANCHOR S, LP | *unidentified* | $865.60 |
| East Towne Mall | MADISON/EAST TOWNE, LLC | *unidentified* | $376.48 |
| Hamilton Place Anchor | HAMILTON PLACE ANCHOR S, LLC | *unidentified* | $6,953.77 |
| Hanes Mall | JG WINSTON-SALEM, LLC | *unidentified* | $7,657.92 |
| Harford Mall | HARTFORD MALL BUSINESS TRUST | *unidentified* | $3,215.16 |
| Honey Creek Mall | HONEY CREEK MALL, LLC | *unidentified* | $17,501.75 |
| Northgate Mall | HIXSON MALL, LLC; NORTHGATE SAC, LLC | *unidentified* | $416.67 |
| Northpark Mall | NORTHPARK MALL/JOPLIN, LLC | $0.00 | $5,868.15 |
| St. Clair Square | ST. CLAIR SQUARE SPE, LLC | *unidentified* | $15,835.07 |
| Stroud Mall | STROUD MALL, LLC | *unidentified* | $138,937.78 |
| Valley View Mall | VALLEY VIEW MALL SPE, LLC | *unidentified* | $905.07 |
| Volusia Mall | Mall Owner: VOLUSIA MALL, LLC | *unidentified* | $426.32 |

17. *Table 1* only represents the CBL Leases and CBL Agreements pursuant to which accrued charges are due and owing as of January 24, 2019. CBL reserves its rights to supplement this cure objection to include these additional Landlord locations.

18. CBL further objects to the assumption of the CBL Leases absent payment of all cure amounts owed thereunder through the effective date of assumption, including any amounts that will become due or be invoiced on or after January 24, 2019 (including, but not limited to, additional amounts, not yet known, that accrued following January 24, 2019, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

19. Further, CBL requests an award of attorneys' fees and expenses incurred in the filing of this motion in an amount not less than Seven Hundred Fifty and 00/100 ($750.00) per CBL Premises.

## JOINDER

20.     In addition to the foregoing, CBL further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

## RESERVATION OF RIGHTS

21.     CBL hereby reserves its rights to make such other and further objections as may be appropriate to all CBL Leases, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## CONCLUSION

22.     For the reasons set forth above, CBL respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the CBL Leases or CBL Agreements affirmatively require Debtors to pay all amounts accrued but not yet billed following January 24, 2019, including attorneys' fees and expenses; and (iii) grant CBL such further relief as it deems proper.

Dated:  January 25, 2019

[*Remainder of Page Intentionally Left Blank; Signature Page Follows*]

Respectfully Submitted,

*/s/ Caleb T. Holzaepfel*
Caleb T. Holzaepfel, Esq. (admitted *pro hac vice*)
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone:  423.755.2654
Facsimile:  423.266.5500
Email:  caleb.holzaepfel@huschblackwell.com

Marshall C. Turner, Esq., NY Bar #4003208
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1768
Facsimile: 314.480.1505
E-mail: marshall.turner@huschblackwell.com

*Attorneys for CBL & Associates Management, Inc.*

7

## CERTIFICATE OF SERVICE

       I hereby certify that on the 25th day of January, 2019, I caused a copy of the foregoing to be served by electronic means through the ECF system to all registered ECF participants on the creditor matrix (attached as **Exhibit C** hereto) as well as by e-mail on the following parties:

| | |
|---|---|
| Rob Riecker (rob.riecker@searshc.com); Luke Valentino (luke.valentino@searshc.com); Mohsin Meghji (mmeghji@miiipartners.com) | Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>(Attn: Ray C. Schrock, P.C. (ray.schrock@weil.com);<br>Jacqueline Marcus, Esq. (jacqueline.marcus@weil.com);<br>Garrett A. Fail, Esq. (garrett.fail@weil.com);<br>Sunny Singh, Esq. (sunny.singh@weil.com) |
| Lazard Frères & Co., LLC<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com) | Kunal S. Kamlani: kunal@eslinvest.com<br>Harold Talisman: harold@eslinvest.com |
| Paul Leake, Esq.: Paul.Leake@skadden.com<br>Shana Elberg, Esq.: Shana.Eiberg@skadden.com<br>George Howard, Esq.: George.Howard@skadden.com | Christopher E. Austin, Esq.: caustin@cgsh.com Benet J. O'Reilly, Esq.: boreilly@cgsh.com Sean A. O'Neal, Esq.: soneal@cgsh.com |
| Kevin J. Simard, Esq.: ksimardachoate.com<br>Jonathan D. Marshall, Esq.: jmarshall@choate.com | Ira S. Dizengoff, Esq. : idizengoff@akingump.com<br>Philip C. Dublin, Esq.: pdublin@akingump.com<br>Abid Qureshi, Esq.: aqureshi@akingump.com<br>Sara L. Brauner, Esq.: sbrauner@akingump.com |

**And Via First Class Mail to**:

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman
and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

*/s/ Caleb T. Holzaepfel*
Caleb T. Holzaepfel