**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                             :
                                                  :    **Chapter 11**
**SEARS HOLDINGS CORPORATION, *et al*.,**         :
                                                  :    **Case No. 18-23538 (RDD)**
                                                  :
        **Debtors.**                              :    **(Jointly Administered)**
---------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Corrina Kenwisher ("Movant"), a citizen of the State of Texas, by and through her attorney, Russell T. Jackson, pursuant to Section 362(d)(1) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), hereby submits her motion requesting an order granting relief from the automatic stay to permit Movant to continue the prosecution of the State Court Action (as defined below) against Sears Holdings Corporation and Sears, Roebucks & Co. to pursue insurance proceeds and liquidate claims for personal injury, and in support respectfully shows as follows:

### SUMMARY OF MOTION

1.      Movant was seriously injured in a motor vehicle crash caused by a Sears employee on June 8, 2017 in Bexar County, Texas. Movant filed suit against Sears and said employee in Texas state court on June 20, 2017. *See Exhibit A*. Through discovery, Plaintiff learned that Sears and its employee are covered by a policy of insurance with limits up to $5,000,000. *See Exhibit B*. Said policy also pays for Sears' attorneys, and all litigation expenses incurred by Sears. *See id*. On October 19, 2018 - after more than a year of litigation – Movant received Debtor Defendants' Notice of Bankruptcy Filing and Imposition of Automatic Stay. *See Exhibit C*.

1

2. Relief from the automatic stay is justified for the following reasons: (a) this Court lacks jurisdiction to adjudicate Movant's state court tort claims; (b) the continued prosecution of the State Court Action is necessary to resolve and liquidate Movant's claims; (c) there is ample insurance covering the claims of Movant against the Debtor Defendants in the state court lawsuit; and (d) allowing the state court lawsuit to proceed will cause no harm to the Debtor Defendants' bankruptcy proceeding or the bankruptcy estate.

## ARGUMENT

3. Section 362(d)(1) of the Bankruptcy Code provides in relevant part that upon a request of a party in interest, and after notice and a hearing, the Court shall grant relief from the automatic stay for "cause." 11 U.S.C. § 362(d)(1). The statute does not instruct a court on how for "cause" should be determined and left the decision whether to modify the stay to the discretion of the bankruptcy court. *In re Marketxt Corp.*, 428 B.R. 579, 584 (S.D.N.Y. 2010). A bankruptcy court must decide what constitutes a showing of "cause" to lift the automatic stay on a case by case basis. *In re M.J.& K. Co., Inc.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993).

4. This Court in *In Re Project Orange*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010) has provided guidance on what issues would necessitate a bankruptcy court to lift an automatic stay upon a showing of "cause," holding that:

> The legislative history of 362 reveals that Congress intended "that one of the factors to consider when determining whether to modify the stay is whether doing so would permit pending litigation involving the debtor to continue in a nonbankruptcy forum," as "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere."

*Id*. (*quoting*, *inter alia*, H.R. Rep. No. 95-595, 95th Cong., 1st Sess. at 341 (1977)).

5.  A movant requesting relief from an automatic stay bears the initial burden of making a *prima facie* showing of "cause" for relief from the stay, but the ultimate burden of persuasion rests with the Debtor Defendants to show an absence of "cause." *In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017). Based on an analysis of the "*Sonnax* factors," Movant files this motion to show the court there is clear "cause" for the relief Movant requests to lift the bankruptcy stay and allow Movant to pursue the State Court Action, to liquidate Movants damages, and to recover those liquidated damages through the Debtor Defendants' $5,000,000 insurance policy that is available to cover the injuries forming the basis of the State Court Action.

### *SONNAX* FACTORS—IDENTIFYING CAUSE TO LIFT THE AUTOMATIC STAY

6.  In determining whether a movant has shown sufficient "cause" to lift the automatic stay, the Second Circuit has identified twelve factors to consider that have come to be known as the "*Sonnax* Factors." See *Sonnax Indus., Inc. v. Tri-Component prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990). The *Sonnnax* Factors are:

> (1) Whether relief would result in a partial or complete resolution of the issues,
>
> (2) Lack of any connection with or interference with the bankruptcy case,
>
> (3) Whether the other proceeding involves the debtor as a fiduciary,
>
> (4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,
>
> (5) Whether the debtor's insurer has assumed full responsibility for defending it,
>
> (6) Whether the action primarily involves third parties,
>
> (7) Whether litigation in another forum would prejudice the interests of other creditors,
>
> (8) Whether the judgment claim arising from the other action is subject to equitable subordination,
>
> (9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the Debtor,

(10) The interests of judicial economy and the expeditious and economical resolution of litigation,

(11) Whether the parties are ready for trial in the other proceeding, and

(12) Impact of the stay on the parties and the balance of harms.

7.  Not all twelve *Sonnax* Factors will necessarily be relevant in every case, nor must a court accord them equal weight. *In re Everton Aloysius Sterling,* 543 B.R. 385, 393 (Bankr. S.D.N.Y. 2015) *(citing In re Sonnax Indus., Inc.,* 907 F.2d at 1286*)*. "When applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). In *Sterling*, the court considered the pertinent *Sonnax* Factors, determining that "the majority of the *Sonnax* Factors that are applicable to this case support lifting the automatic stay so that the Movant can proceed [in the nonbankruptcy forum]." *Id*.

### MOVANT'S SHOWING OF CAUSE TO LIFT THE AUTOMATIC STAY: APPLICATION OF RELEVANT *SONNAX* FACTORS

8.  Applying the Movant's request of this motion and considering the underlying State Court Action, and what is just to Movant, to Debtor Defendants, and to Estate, the applicable *Sonnax* Factors weigh heavily for lifting the automatic stay. Movant's State Court Action claim for personal injury will not interfere with the Debtor Defendants' bankruptcy proceeding since Movant is only seeking affirmative relief from the automatic stay to pursue recovery from an insurance policy that is known to be available to cover the claims forming the basis of the State Court Action.

*Sonnax* **Factor 1:** *Whether Relief Would Result in a Partial or Complete Resolution of the Issues*

9.  Granting relief to Movant to pursue recovery from available insurance in the State Court Action will result in complete resolution of the issues Movant brings before this Court. Movant does not ask the Court for relief to seek recovery from the estates or the Debtor Defendants, but narrowly asks the Court for relief limited to recovery from any insurance policies known to be available to satisfy all or part of a judgment in the State Court Action. The State Court Action will allow Movant to have a judgment entered, liquidating the currently unliquidated damages claimed. Should a judgment be entered in favor of Movant in excess of available insurance policies, a $5,000,000 primary policy known to exist, Movant will then have a liquidated damages claim that would be subject to the bankruptcy proceedings. Accordingly, the first *Sonnax* Factor weighs in favor of lifting the stay.

*Sonnax* **Factor 2**: *Lack of Any Connection With or Interference With the Bankruptcy Case*

10. The State Court Action for personal injury, brought in 2017 stemming from a February 7, 2017 motor vehicle collision, has no connection to the bankruptcy case and will not interfere with the bankruptcy case. Through discovery in the State Court Action, Defendant Debtors have produced an insurance policy available to cover the damages claimed by Movant in the State Court Action. Granting relief to Movant will result in complete resolution of the issues before this Court. Although it will not affect the bankruptcy proceedings, relief from the stay to conclude the pending State Court Action will aid in resolving the issue of the Debtor Defendants' liability to Movants by defining the amount of the currently-unliquidated claim. Accordingly, the first *Sonnax* Factor weighs in favor of lifting the stay.

*Sonnax* **Factor 4**: *Whether a Specialized Tribunal with the Necessary Expertise Has Been Established to Hear the Cause of Action*

11.  The Texas State Court where the State Court Action is currently pending has original jurisdiction over the non-diverse defendant, applying Texas law. The Texas State Court is where Movant's claim must be liquidated. As set forth in *In re Project Orange Associates, LLC*, 432 B.R. 89, 112 (Bankr. S.D.N.Y. 2010), "while the filing of a bankruptcy petition pursuant to Chapter 11 of the Code is intended to provide a debtor with protection from the onslaught of its creditors while it attempts to sort out its liabilities and formulate an acceptable plan providing for their payment, it is not intended to provide a debtor with an alternate forum to re-litigate issues which it could have or did litigate in another forum pre-petition."

12.  The issues currently pending in the State Court Action primarily involve Texas state law that should be decided by the Texas State Court. The Bankruptcy Court does not have jurisdiction to hear and decide personal injury and death tort cases. *See* 28 U.S.C. § 157(b)(2)(B) and 157(b)(5). In order for Movant to not be unfairly and unjustly affected by the Debtor Defendants' unrelated bankruptcy filing, the automatic stay should be lifted to allow the Texas State Court action to proceed in a venue with jurisdiction where state law was controlling. *See, e.g., In re Project Orange Associates, LLC*, 432 B.R. 89, 112 (Bankr. S.D.N.Y. 2010); *In re James T. Metz*, 165 B.R. 769 (Bankr. E.D.N.Y. 1994). Moreover,

*Sonnax* **Factor 5:** *Whether the Debtor Defendants' Insurer Has Assumed Full Responsibility for Defending It*

13.  Prior to the automatic stay, through the State Court Action Defendant Debtors have produced a copy an ACE American Insurance Company insurance policy (the "Policy") that declares an available $5,000,000 to cover Movant's claim for personal injury caused in this motor

6

vehicle collision, where Debtor Defendants are the responsible party.[1] The Policy was effective on the date of Movant's injury and is available to satisfy the claim brought by Movant in the State Court Action.

14.     Moreover, upon information and belief, ACE American Insurance Company has a responsibility under the policy to insure and defend the Debtor Defendants against the tort liability that forms the basis of the State Court Action (injury caused by negligent employee operation of a company vehicle by an employee in course and scope).[2] Although not relevant to analysis because the cost of defending litigation will be bore by the insurer, the U.S. Bankruptcy Court for the Eastern District of New York has offered the opinion that "[t]he cost of defending litigation, by itself, has not been regarded as constituting great prejudice, precluding relief from the automatic stay." *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992). As such, this factor weighs in favor of granting the requested relief.

***Sonnax* Factor 7**: *Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors*

15.     The State Court Actions provide a ready forum for the expeditious resolution of the Debtor Defendants' liability to Movants – a benefit that will accrue to all parties, other creditors included. The other creditors in this bankruptcy proceeding would not suffer any prejudice if the Court were to grant this Motion.

---

[1] Debtor Defendants produced the policy in response to Texas Rule of Civil Procedure 192.3(f) which requires disclosure of ". . . any indemnity or insurance agreement under which any person may be liable to satisfy part or all of a judgement rendered in the action or to indemnify or reimburse for payments made to satisfy the judgment."

[2] Substantial discovery has been conducted in the State Court Action and there is significant evidence supporting this assertion.

7

*Sonnax* **Factor 8**: *Whether the Judgment Claim Arising from the Other Action is Subject to Equitable Subordination*

16.     Movants have not engaged in any conduct that would subject their claims to equitable subordination, and no such allegation has been made by either the Debtor Defendants or by any other creditors. A judgment in the State Court Action would simply liquidate the currently pending unliquidated, unsecured claim.

*Sonnax* **Factor 9**: *Whether Movant's Success in the Other Proceeding Would Result in a Judicial Lien Avoidable by the Debtor Defendants*

17.     Movants' success in the State Court Actions would not result in a judicial lien avoidable by the Debtor Defendants. Accordingly, this *Sonnax* factor weighs in favor of granting the relief requested.

*Sonnax* **Factor 10**: *The Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation*

18.     Movant is prepared to actively prosecute this matter in state court. At the time of the Sears Bankruptcy Filing on October 15, 2018, the State Court Action was set for trial on March 4, 2019. Discovery had been ongoing and substantially complete, a majority of liability depositions had been taken, and Movant's experts had been designated with reports and were ready to be deposed.[3] The bankruptcy stay halted all momentum heading towards resolution of this matter. Proceeding with the State Court Action is the only way to determine the amount in damages of Movant's claim, which are currently unliquidated.

19.     The 57th Judicial District Court, Bexar County, Texas, is best suited to interpret Texas state law and try this matter, reaching a determination of the damages owed. Moreover, as discussed above in connection with the second *Sonnax* Factor, the State Court Actions will aid in

---

[3] Movant designated experts with reports on July 13, 2018, pursuant to the original docket control order and Texas Rules of Civil Procedure.

resolving the issue of the Debtor Defendants' liability to Movants. Accordingly, the tenth *Sonnax* Factor weighs in favor of lifting the stay.

*Sonnax* **Factor 11**: *Whether the Parties Are Ready for Trial in the Other Proceeding*

20.  Movant is prepared to actively prosecute this matter, originally filed on June 8, 2017, in Texas State Court. At the time Debtor Defendants filed for bankruptcy, the case was set on the Texas State Court's docket for trial on March 4, 2019. This was the second trial setting, a continuance having been granted by the Texas State Court in response to Debtor Defendants' Motion for Continuance and Motion to Extend Deadlines, filed on August 14, 2018.[4] As such, the parties would have had enough time to adequately prepare for trial on March 4, 2016, if not for the bankruptcy stay.

*Sonnax* **Factor 12**: *Impact of the Stay on the Parties and the Balance of Harms*

21.  Movant has suffered and will suffer the harm resulting from inability to pursue her claim in Texas State Court. In the interest of justice, Movant be given the opportunity to pursue her State Court Action. Debtor Defendants is unlikely to suffer harm from the Court granting Movant's requested relief from the automatic stay to pursue her claim against Debtor Defendants' available insurance coverage. When balancing the interests between the Movant and the Defendant Debtors, it is apparent that the Movant's harm greatly outweighs the Defendant Debtors' harm.

22.  If the Court denies this motion, Movant will have no other relief. Movant's claim will remain an unliquidated, unsecured claim that sits as pending litigation in the State Court Action, caught up in the bankruptcy proceeding, frozen by the automatic stay and subsequent bankruptcy proceedings with no remedy. As time goes by and the Debtor Defendants' bankruptcy proceeding

---

[4] The trial was originally set for October 22, 2018. There is no indication, and Movant does not suggest, that Debtor Defendants filed a motion for continuance in bad-faith to benefit in the State Court Action from the automatic stay of the pending bankruptcy filing.

rolls on, Movant will be forced to idly sit and wait out her denial of justice, having been twice at the receiving end of harm due to Debtor Defendants' actions and inactions. Prosecution of Movant's claims in the State Court Actions will not prejudice the Debtor Defendants.

## MOTION PRACTICE

23. Because the statutory provisions and authorities relied upon in support of this Motion are set forth herein, Movants submit that this Motion satisfies the requirement of Rule 9013-1(a) of the Local Rules.

## NO PRIOR APPLICATION

24. No prior application for the relief sought herein has been made to this or any other Court.

## PRAYER

WHEREFORE, Movant hereby respects that this Court enter an Order granting relief from the automatic stay imposed by 11 U.S.C. § 362 and permit the Movant to proceed in the State of Texas in the 57th Judicial District Court, Bexar County, Texas against Debtor Defendants, and for such other and further relief to which Movant is justly entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF THOMAS J. HENRY**
521 Starr Street
Corpus Christi, Texas 78401
Telephone: 361-985-0600
Facsimile: 361-985-0601

BY: *Russell Jackson*
Russell T. Jackson
Texas State Bar No. 24069978
U.S. Southern District (Texas) No. 1072039
Email address: *rjackson@tjhlaw.com*
**\*E-service address: *rjackson-svc@tjhlaw.com***
**ATTORNEY FOR CREDITOR**
**CORRINA KENWISHER**

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of the above and forgoing was served on all parties and/or attorneys of record via ***CM/ECF*** on this 25th day of January , 2019. Debtors' counsel in the State Court Action is likewise copied in the manner indicated below.

*[signature]*

      Russell T. Jackson

**Via Email: katonal@ckl-lawyers.com**
Les Katona, Jr.
CAVAREITA, KATONA & LEIGHNER, PLLC
700 N. St. Mary's Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 588-2901
Facsimile: (210) 588-2908
**ATTORNEY FOR DEFENDANTS ABRAHAM GONZALES, SEARS HOLDINGS MANAGEMENT CORPORATION, and SEARS, ROEBUCK AND CO.**