FILED
6/20/2017 4:37 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

18-23538-shl    Doc 1834-1    Filed 01/25/19    Entered 01/25/19 13:22:15    2CIT/PPS M/O SAC2 T/Exhibit PP
                                        Orig Pet    Pg 1 of 9

CAUSE NO. _____2017CI11345

| | | |
|---|---|---|
| CORRINA B. KENWISHER, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | 57TH JUDICIAL DISTRICT |
| SEARS HOLDINGS MANAGEMENT | § | |
| CORPORATION AND ABRAHAM GONZALEZ | § | |
| INDIVIDUALLY | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CORRINA B. KENWISHER, Plaintiff herein, and complains of SEARS HOLDINGS MANAGEMENT CORPORATION, and ABRAHAM GONZALEZ, INDIVIDUALLY, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### DISCOVERY LEVEL

1. Discovery shall be conducted in this case according to Level III discovery control plan.

### PARTIES/SERVICE

2. Plaintiff, CORRINA B. KENWISHER, is an individual residing in San Antonio, Texas.

3. Defendant, SEARS HOLDINGS MANAGEMENT CORPORATION, is a foreign doing business within the State of Texas. Said Defendant may be served with process by serving its registered agent for service: C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

4.  Defendant, ABRAHAM GONZALEZ, INDIVIDUALLY, is an individual residing in Harris County, Texas, and may be served with citation by serving him at: 7011 Riata Hills Lane, Spring, Texas 77379.

## VENUE

5.  Venue is proper in Bexar County, Texas, pursuant to §15.002(a)(1), Texas Civil Practice and Remedies Code in that all or a substantial part of the acts and/or omissions complained of occurred in San Antonio, Bexar County, Texas.

6.  This is a cause of action exceeds $1,000,000.00 in damages and is within the Court's jurisdictional limits.

## FACTS

7.  On or about June 8, 2017, Plaintiff, CORRINA B. KENWISHER, was driving her 2006 Mazda3S southeast on E. Evans Rd., in Bexar County, Texas, approaching its intersection with Green Mountain Rd. As Plaintiff approached the signal light at Green Mountain Rd., she slowed her vehicle for traffic at the signal light and was suddenly and without warning struck from behind by Defendant ABRAHAM GONALEZ, driving a 2016 Ford Van, owned by Defendant SEARS HOLDINGS MANAGEMENT CORPORATION, who also traveling south east, directly behind Plaintiff. As a result of this collision, Plaintiff, CORRINA B. KENWISHER, sustained severe injuries and damages as further set out below.

8.  The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## **NEGLIGENCE**

### DEFENDANT SEARS HOLDINGS MANAGEMENT CORPORATION

9.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant ABRAHAM GONZALEZ, INDIVIDUALLY, was within the course and scope of his employment with Defendants SEARS HOLDINGS MANAGEMENT CORPORATION.

10.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant ABRAHAM GONZALEZ, INDIVIDUALLY, was engaged in the furtherance of Defendants SEARS HOLDINGS MANAGEMENT CORPORATION's, business.

11.    Defendant ABRAHAM GONZALEZ, INDIVIDUALLY was engaged in accomplishing a task for which Defendant ABRAHAM GONZALEZ, INDIVIDUALLY was employed.

12.    Plaintiff invokes the doctrine of <u>Respondeat Superior</u> against Defendants SEARS HOLDINGS MANAGEMENT CORPORATION.

13.    The Defendant SEARS HOLDINGS MANAGEMENT CORPORATION., is liable under the doctrine of <u>Respondeat Superior</u> in that Defendant ABRAHAM GONZALEZ, INDIVIDUALLY was operating the vehicle in the course and scope of his employment with Defendants SEARS HOLDINGS MANAGEMENT CORPORATION.

14.    Defendant SEARS HOLDINGS MANAGEMENT CORPORATION, is also negligent in one or more of the following respects:

    a.    Negligent hiring of Defendant ABRAHAM GONZALEZ, INDIVIDUALLY;

    b.    Negligent training of Defendant ABRAHAM GONZALEZ, INDIVIDUALLY;

    c.    Negligent supervision of Defendant ABRAHAM GONZALEZ, INDIVIDUALLY, and

  d.  Negligent retention of Defendant ABRAHAM GONZALEZ, INDIVIDUALLY

15. As described herein, Defendant SEARS HOLDINGS MANAGEMENT CORPORATION, was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

16. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

DEFENDANT ABRAHAM GONZALEZ, INDIVIDUALLY

17. Defendant, ABRAHAM GONZALEZ, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

18. Plaintiff's injuries were proximately caused by Defendant, ABRAHAM GONZALEZ negligent, careless and reckless disregard of said duty.

19. . The Defendant, ABRAHAM GONZALEZ operated the vehicle he was driving in a negligent manner because he violated the duty which he owed Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

  a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

  b. in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

  c. in driving his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances;

      d.    in failing to maintain a clear and reasonable distance between the vehicle Plaintiff was in and Defendant's vehicle which would permit Defendant to bring his vehicle to a safe stop without colliding with the vehicle Plaintiff was in; and,

20.    Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural lives, and the damage and other losses to Plaintiff.

### **EXEMPLARY DAMAGES**

21.    The above-referenced acts and/or omissions by Defendants constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

22.    Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

23.    Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

24.    Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## DAMAGES

25. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, CORRINA B. KENWISHER, suffered severe bodily injuries to her head, neck, back, and other parts of her body generally. Her entire body was bruised, battered and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, caused the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

26. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, CORRINA B. KENWISHER, was caused to incur the following damages:

   a. Reasonable medical care and expenses in the past. Plaintiff, CORRINA B. KENWISHER, incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;

   b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

   e. Physical impairment in the past;

    f.    Physical impairment, which will, in all reasonable probability be suffered in the future;

    g.    Loss of wages in the past;

    h.    Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

    i.    Mental anguish in the past;

    j.    Mental anguish which will, in all reasonable probability be suffered in the future;

    k.    Fear of future disease or condition;

    l.    Disfigurement; and

    m.    Cost of medical monitoring and prevention in the future.

## **PREJUDGMENT AND POST-JUDGMENT INTEREST**

27.    Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## **JURY DEMAND**

28.    In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket. Plaintiff acknowledges payment this date of the required jury fee.

## **REQUEST FOR DISCLOSURE**

29.    Pursuant to Rule 194, Texas Rules of Civil Procedure, Defendant BERNARD ALPHONS GOTTSCHALK, III, INDIVIDUALLY is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of Rule 194.2 of the Texas Rules of Civil Procedure.

## 193.7 NOTICE

30. Pursuant to Tex.R.Civ.P. 193.7, Plaintiff gives notice of intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Court enter its Temporary Restraining Order and, upon hearing, Temporary Injunction, that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre judgment interest;
12. Post judgment interest;
13. Exemplary damages;
14. Loss of past wages;
15. Loss of future wages;
16. Loss of wage earning capacity;
17. Property damage; and
18. Loss of use.

          Respectfully submitted,

          **LAW OFFICES OF THOMAS J. HENRY**
          521 Starr Street
          Corpus Christi, Texas 78401
          Telephone: 361-985-0600
          Facsimile: 361-985-0601

BY: _____
          THOMAS J. HENRY
          STATE BAR NO. 09484210
          CURTIS W. FITZGERALD, II
          STATE BAR NO. 24012626
          Email address: *cfitzgerald@tjhlaw*
          *****E-service address:** *cfitzgerald-svc@tjhlaw.com*
          **ATTORNEYS FOR PLAINTIFF**

**\*service by email to this address only.**