**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
:
:
In re:                                             :        **Chapter 11**
:
**SEARS HOLDINGS CORPORATION,** *et al.,*[1]        :        **Case No. 18-23538 (RDD)**
:
Debtors.                        :        **Jointly Administered**
:
:
:
:
-------------------------------------------------------------x

## LIMITED OBJECTION OF SEARS HOMETOWN AND OUTLET STORES, INC.
## TO PROPOSED CURE AMOUNTS AND RESERVATION OF RIGHTS

Sears Hometown and Outlet Stores, Inc. ("SHO") and its affiliated entities Sears

Authorized Hometown Stores, LLC ("Hometown"), and Sears Outlet Stores, L.L.C. ("Outlet,"

and together with SHO and Hometown, the "SHO Parties") hereby submit this limited

objection and reservation of rights in response to the above-captioned debtors' *Notice of Cure*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation
(3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680);
ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E
Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204);
FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc.
(7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management
Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products,
Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears
Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp.
(0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None);
SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder
Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc.
(0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC
(8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit
Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company
(Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI
Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears
Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands
Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors'
corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF No. 1731] (the "Cure Notice") filed by SHC and its debtor affiliates (collectively, the "Debtors"), and the proposed cure amounts listed therein with respect to the Amended and Restated Merchandising Agreement, between the SHO Parties and Sears, Roebuck and Co. ("SRC"), Kmart Corporation ("Kmart") and Sears Holdings Corporation ("SHC," and together with SRC and Kmart, the "Sears Parties") (as amended, restated, supplemented or otherwise modified, the "Merchandising Agreement").  In support of this objection, the SHO Parties respectfully state as follows:

### Preliminary Statement

1.      The SHO Parties support, as being in the best interest of all of the Debtors' creditors and employees, the consummation of the transaction contemplated by the Asset Purchase Agreement, dated as of January 17, 2019, among Transform Holdco, LLC ("Transform Holdco"), SHC, and SHC's subsidiaries party thereto (the "APA").  The Debtors propose to assume certain agreements with the SHO Parties (collectively, the "SHO Agreements"), if such agreements are selected by Transform Holdco for assignment under the terms of the APA.  Despite the Cure Notice not identifying any amounts due with respect to any of the SHO Agreements, there are in fact existing defaults arising under the Merchandising Agreement, which must be cured in connection with an assumption of the SHO Agreements. Subject to the Sears Parties curing all defaults under the Merchandising Agreement, which are discussed in greater detail below, the SHO Parties support the assumption of the SHO Agreements and their assignment to Transform Holdco pursuant to the APA.

2.      The Sears Parties obtain merchandise for the SHO Parties pursuant to the Merchandising Agreement, which governs, among other things, the pricing for such merchandise

2

and the treatment of subsidies provided by vendors in connection with the purchase of their products.

3.    Under the terms of the Merchandise Agreement, the SHO Parties are entitled to an allocable share of cash discounts that the Sears Parties received in connection with the purchase of such products for merchandise purchased on behalf of the SHO Parties (the "Cash Discounts").  Additionally, the Merchandising Agreement requires the Sears Parties to pay to the SHO Parties a share of the vendor subsidies (the "Vendor Subsidies") that the Sears Parties collect from vendors with respect to certain products purchased by the Sears Parties on behalf of the SHO Parties.

4.    As of the date hereof, there remain outstanding Cash Discounts and Vendor Subsidies that are due and owing the SHO Parties under the terms of the Merchandising Agreement.  Accordingly, the SHO Parties submit this limited objection to ensure that they will be able to assert the cure claims described herein.

## Background

5.    Beginning on October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

6.    On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [ECF No. 816], approving global bidding and sale procedures in connection with the sale or disposition of substantially all of the Debtors' assets.

3

7.    On January 14, 2019, the Debtors commenced an auction for the sale of their assets, and determined that the offer submitted by Transform Holdco, LLC, established by ESL Investments, Inc., was the highest or best offer.

8.    In connection with their sale process, on January 18, 2019, the Debtors filed the Cure Notice containing a schedule of proposed assumed contracts together with asserted cure costs.

### The SHO Parties' Claims

9.    The SHO Parties' current cure claims, which arise out of breaches by the Sears Parties of the Merchandising Agreement, total $1,144,154 (the "Cure Claims").  Under the Merchandising Agreement, among other things, the Sears Parties sell to the SHO Parties products that the Sears Parties purchase from vendors in certain enumerated product categories (the "HTS Products").  The Sears Parties then invoice the SHO Parties for the HTS Products according to a formula that requires calculation of "the sum of (1) [the Sears Parties'] invoice costs from Vendors for HTS Products, plus (2) the net amount of [certain enumerated] charges and credits."  *See* Merchandising Agreement Section 3, Appendix 3(b).  Among the amounts that are required to be netted are Cash Discounts, which essentially are cash discounts that the Sears Parties receive in connection with the purchase of the products on account of the SHO Parties. As of the date hereof, the Sears Parties have failed, as required by the Merchandising Agreement, to net Cash Discounts totaling $483,794 that relate to periods prior to the petition date, and such amounts remain due and owing to the SHO Parties.

10.    Under Section 8 of the Merchandising Agreement, the Sears Parties are required to pay to the SHO Parties the Vendor Subsidies, which are the SHO Parties' share of subsidies provided by vendors for support or assistance relating to merchandise purchased from

NYDOCS03/1100698.2

vendors or the vendor-customer relationship and includes such things as advertising and

marketing allowances, new-outlet subsidies, product-return assistance, quality-assurance

subsidies, signage subsidies, volume incentive discounts and other subsidies and benefits.  *See*

Merchandising Agreement, Section 8.[2]  As of the date hereof, the Sears Parties have failed to

remit to the SHO parties the SHO Parties' share of vendor subsidies in an amount totaling

approximately $660,360 that relate to periods prior to the petition date.

## **Limited Objection**

11.    The SHO Parties seek payment in full of the Cure Claims prior to

assumption.[3]  Pursuant to section 365(b)(l) of the Bankruptcy Code, a debtor may only

assume an executory contract if the debtor, at the time of such assumption, cures or provides

adequate assurance that the debtor will promptly cure outstanding defaults.  *See, e.g.*, *In re*

*Jennifer Convertibles, Inc.*, 447 B.R. 713, 719 (Bankr. S.D.N.Y. 2011); In *re M. Fine*

*Lumber Co., Inc.*, 383 B.R. 565, 568 (Bankr. E.D.N.Y. 2008).  The SHO Parties object to the

assumption of the Merchandising Agreement solely insofar as the Debtors are seeking to assume

the SHO Agreements without curing all existing defaults.  If the Debtors cure all defaults, the

SHO Parties support the assumption of the Merchandising Agreement pursuant to the APA.

---

[2]    The SHO Parties and the Sears Parties divide the subsidies *pro rata* based on the total amount of products
purchased by each party from each vendor in a given fiscal year, subject to certain exceptions.  *See id*.

[3]    In addition, under that certain Services Agreement, dated as of August 8, 2012 between Sears Holdings
Management Corporation ("SHMC") and SHO (as amended, restated, supplemented or otherwise
modified), the SHO Parties exercised recoupment rights with respect to payments to vendors after SHMC
failed to make those payments on the SHO Parties' behalf in accordance with the terms of the Services
Agreement.  The SHO Parties reserve all rights, including the right to assert additional cure cost claims in
the event that the Debtors were to assert that any SHO Party's vendor payments must be remitted to the
Debtors and that the SHO Parties are not entitled to withhold reimbursement for unmade vendor payments
as a recoupment.

NYDOCS03/1100698.2

## Notice

12.    Notice of this objection will be provided to: (i) the Debtors, c/o Sears

Holdings corporation, 3333 Beverly Road, Hoffman Estates IL 60179, Attn: Rob Riecker

(rob.riecker@searshc.com), Luke Valentino (luke.valentino@searshc.com), and Mohsin Meghji

(mmeghji@miiipartners.com);  (ii) counsel to the Debtors, Weil Gotshal & Manges LLP, 767

Fifth Avenue, New York, New York 10153, Attn:  Ray C. Schrock, P.C.

(ray.schrock@weil.com), Jacqueline Marcus, Esq. (jacqueline.marcus@weil.com), Garrett A.

Fail, Esq. (garrett.fail@weil.com), and Sunny Singh, Esq. (sunny.singh@weil.com);  (iii) the

Debtors' investment banker, Lazard Frères & Co., LLC, 30 Rockefeller Plaza, New York, New

York 10112, Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com);

(iv) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times

Square, New York, NY 10036, Attn: Paul D. Leake, Esq. (Paul.Leake@skadden.com), Shana A.

Elberg, Esq. (Shana.Elberg@skadden.com), and George R. Howard, Esq.

(George.Howard@skadden.com);  (v) counsel to Wells Fargo Bank, National Association,

Choate, Hall and Stewart LLP, Attn: Kevin J. Simard (ksimard@choate.com), Jonathan D.

Marshall (jmarshall@choate.com);  (vi) counsel to the Official Committee of Unsecured

Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036,

Attn: Philip C. Dublin, Esq. (pdublin@akingump.com), Ira Dizengoff, Esq.

(idizengoff@akingump.com), Abid Qureshi (aqureshi@akingump.com) and Sara Lynne

Brauner, Esq. (sbrauner@akingump.com); (vii) counsel to ESL Investments and its affiliates,

Cleary, Gottlieb, Steen & Hamilton, One Liberty Plaza, New York, NY, 10006, Attn: Sean A.

O'Neal,  Esq. (soneal@cgsh.com), James L. Bromley (jbromley@cgsh.com), Andrew Weaver

(aweaver@cgsh.com), Rahul Mukhi (rmukhi@cgsh.com), Jennifer Kennedy Park

(jkpark@cgsh.com); and (viii) to all parties entitled to notice in accordance with paragraph 5 of the *Amended Order Implementing Certain Notice and Case Management Procedures*.

## **Reservation of Rights**

13.     The SHO Parties reserve all rights to amend and/or supplement this objection, file a reply to any response to this objection or to incorporate objections filed by other parties in interest in a subsequent joinder filed with the Court.  This objection does not constitute an admission by the SHO Parties that the Merchandising Agreement or any of the SHO Agreements are executory contracts.

WHEREFORE, the SHO Parties respectfully request that this Court enter an order (i) adjusting the proposed cure cost as set forth above; and (ii) granting the SHO Parties such other and further relief as is just.

Dated:  January 25, 2019

Respectfully Submitted,

By: */s/ Fredric Sosnick*
SHEARMAN & STERLING LLP
Fredric Sosnick
Sara Coelho
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile:  (212) 646-4000
Email:  fsosnick@shearman.com
             sara.coelho@shearman.com

*Attorneys for Sears Hometown and Outlet Stores, Inc*.

7