BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 231-7459
Facsimile: (317) 231-7433
Mark R. Owens

*Attorneys for Urschel Development Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | No. 18-23538 |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF URSCHEL DEVELOPMENT CORPORATION (STORE NO. 7042) TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Urschel Development Corporation ("UDC") hereby files this limited objection ("Limited Objection") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Doc. No. 1731; "Cure Notice"). In support of this Limited Objection, UDC respectfully states as follows:

## BACKGROUND

1. On October 15, 2018 ("Petition Date"), Sears Holdings Corporation and certain of its affiliates (collectively, "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are continuing to operate their businesses as debtors in possession.

2. Prepetition, on April 19, 1974, UDC, as landlord, and E. N. Maisel & Associates ("Maisel"), as developer, entered into a *Ground Lease* ("Ground Lease") for approximately 9.61 acres of real estate, which now has a common address of 2801 Calumet Avenue, Valparaiso, Indiana 46383 ("Real Estate"), which Ground Lease was subsequently amended by both a *First Amendment to Lease* dated March 25, 1975 ("First Amendment") and *Second Amendment to Lease* dated May 29, 2014 ("Second Amendment;" collectively with the Ground Lease and the First Amendment, the "Lease").

3. By virtue of a series of assignments, Troy Coolidge No. 30, LLC ("Troy 30") is now the current developer under the Lease. According to the bankruptcy schedules (Doc. No. 1629) of debtor Kmart Corporation ("Kmart"), Troy 30 is a wholly owned subsidiary of Kmart.[2]

4. On January 18, 2019, the Debtors filed the Cure Notice. The Cure Notice alleges that the aggregate amount necessary to "cure" all existing defaults under the Lease between UDC

---

[2] Upon information and belief, Troy 30 is also the current landlord under a certain Sublease with Kmart, as tenant, under which Kmart operates a retail store at the Real Estate.

2

and Troy 30 within the meaning of 11 U.S.C. §365 is $746.00 ("Debtors' Cure Amount"). (*See* Cure Notice, Exhibit B, Page 8, Item 274.)

5. UDC is currently entitled to significantly more than $746.00 under the Lease. Pursuant to Section 2 of the Second Amendment, the parties contracted the real estate subject to the Lease from 9.61 acres to 7.2 acres. An ATM machine for a bank is located on that portion of the real estate excluded from the Lease and is the subject of a separate sublease. Upon execution of the Second Amendment, UDC became entitled to amounts due under that separate sublease, certain of which amounts UDC has not yet received. Further, pursuant to Section 8 of the Ground Lease, the tenant is required to pay any and all real estate and ad valorem taxes and special assessments levied against the Real Estate subject to the Lease. UDC has advanced certain sums to satisfy such taxes for which it has not yet received full reimbursement.

6. The amounts due UDC under the Lease which comprise those amounts the Debtors must cure in order to assume and assign the Lease, are set forth as follows:

| ITEM | AMOUNT |
| --- | --- |
| Amount Due under ATM Sublease | $17,400.00 |
| Reimbursement (2016 taxes paid 2017 – Fall installment) | $17,443.38 |
| Reimbursement (2017 taxes paid Spring 2018) | $19,296.64 |
| Reimbursement (2017 taxes paid Fall 2018) [This represents a post-petition reimbursement] | $ 9,230.90 |
| Less Payment from Sears Holding (2017 paid Spring 2018) | ($19,296.64) |
| Total: | $44,074.28 |

7. Accordingly, UDC's books and records reflect that the Debtors' indebtedness under the Lease differs from the Debtors' Cure Amount as follows:

3

| **Debtors' Proposed Cure Amount** | **UDC Cure Amount** | **Variance** |
|---|---|---|
| $746.00 | $44,074.28 | $43,328.28 |

Copies of spreadsheets detailing the amounts due and owing to UDC pursuant to the Lease that the Debtors are seeking to assume are attached hereto as **Exhibit A**.[3]

8.   UDC has filed this Limited Objection to preserve its rights with respect to the proposed sale.  UDC does not oppose the sale – or generally the proposed assignment and assumption of the Lease as part of such sale – but does oppose any proposed assumption and assignment that fails to cure all amounts currently due under the Lease.  UDC is committed to resolving any discrepancies in these cure amounts with the Debtors and has separately furnished these materials to the Debtors' counsel in hopes of finding a good faith resolution of these issues.

## OBJECTION

9.   Section 365(a) of the Bankruptcy Code provides, in pertinent part, that "the trustee, subject to court approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  However, where a default has occurred under an executory contract or unexpired lease, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee:

(A)   cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B)   compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C)   provides adequate assurance of future performance under such contract or lease.

---

[3] Due to their voluminous nature, the Lease, as amended, has not been included with this Limited Objection but is available upon request to the undersigned attorneys.

11 U.S.C. § 365(b)(1); *see City of Covington v. Covington Landing Ltd. P'ship*, 71 F.3d 1221, 1226 (6th Cir. 1995) (trustee must assume both the benefits and the burdens of an executory contract or unexpired lease); *In re Adelphia Bus. Solutions, Inc.*, 322 B.R. 51 (Bankr. S.D.N.Y. 2005) (same).

10. The Debtors are impermissibly attempting to assume and assign the Lease to the proposed purchaser or another successful bidder without providing cure payments in full under the Lease.[4] As set forth above, the Debtors are proposing to provide a cure payment in the aggregate amount of $726.00, which, as set forth on <u>Exhibit A</u>, is insufficient by the aggregate amount of $43,328.28. In order for the Debtors to be permitted to assume the Lease identified in the Cure Notice, the Debtors are required to provide a cure payment to UDC of at least $44,074.28.

## CONCLUSION

11. UDC has no objection to the proposed assumption and assignment of the Lease set forth in the Cure Notice, provided that the Debtors provide a cure payment in the aggregate amount of $44,074.28.

## RESERVATION OF RIGHTS

12. UDC expressly reserves any and all rights to supplement and modify this Limited Objection and the cure amounts claimed hereunder. This Limited Objection is being filed only as it pertains to the Lease. Nothing contained herein should be construed as a waiver by UDC with respect to any other rights.

---

[4] UDC is also entitled to payment in full for any amounts due under the Lease on a post-petition basis pursuant to an executory contract, as the Debtors' obligation to cure extends not only to prepetition, but also post-petition, defaults. *See In re Burger Boys, Inc.*, 94 F.3d 755, 763 (2d Cir. 1996).

## **MEMORANDUM OF LAW**

13. This Limited Objection sets forth specific responses with supporting law divided under numerous paragraphs. UDC respectfully requests that the requirements of the service and filing of an answering memorandum of law under Local Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

WHEREFORE, UDC respectfully requests that the Court (i) deny the relief requested in the Cure Notice as it relates to UDC, (ii) order that the Debtors shall pay a cure payment to UDC of at least $44,074.28 to assume and assign the Lease, and (iii) grant such other and further relief as the Court may deem appropriate under the circumstances.

Dated: January 25, 2019

                                                              Respectfully submitted,

                                                              **URSCHEL DEVELOPMENT CORPORATION**

                                                              By:   /s/Mark R. Owens
                                                                   One of its Attorneys

Mark R. Owens
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 231-7459
Facsimile: (317) 231-7433
mowens@btlaw.com

*Attorneys for Urschel Development Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, et al., | ) | No. 18-23538 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, certify that I served a true and correct copy of the foregoing **Limited Objection of Urschel Development Corporation (Store No. 7042) to Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction** on all counsel of record via the Court's CM/ECF system on this 25th day of January 2019.

Dated: January 25, 2019          By:    */s/ Mark R. Owens*
                                              Mark R. Owens
                                              BARNES & THORNBURG LLP
                                              11 S. Meridian Street
                                              Indianapolis, Indiana 46204
                                              Telephone: (317) 231-7459
                                              Facsimile: (317) 231-7433
                                              mowens@btlaw.com

                                              *Attorneys for Urschel Development Corporation*

13916905 v 3

7