UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
|  | (Jointly Administered) |
| Debtors. |  |

**OBJECTION TO PROPOSED ASSUMPTION AND ASSIGNMENT OF CONTRACTS
WITH TELESIGHT, LLC d/b/a ERC MARKET RESEARCH (Nos. 2690, 2691, and 2692)
ON ACCOUNT OF PROPOSED CURE COSTS**

To: HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Enhanced Recovery Company, LLC, successor to TeleSight, LLC d/b/a ERC Market Research ("TeleSight"), the counterparty to contracts (the "Contracts") between TeleSight and Sears Holdings Management Corporation (the "Debtor") listed as Nos. 2690, 2691, and 2692 on Exhibit A (Cure Costs Schedule—Executory Contracts) to the Notice of Cure Costs and Potential Assumption and Assignment of executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (Doc. 1731), dated January 18, 2019, and given by the debtors and debtors in possession in the above-captioned cases (the "Notice"), by and through the undersigned counsel, hereby objects to the assumption and assignment of the Contracts on the grounds set forth below. In support of its objection, the Counterparty shows the Court as follows:

1. On August 29, 2009, the Debtor and TeleSight entered into the Contracts, which provided for TeleSight to provide to the Debtor services as described in the Contracts for the term beginning August 29, 2009, until terminated in accordance with their respective terms.

SGR/20057042.2

2. In April 2016, TeleSight assigned to Enhanced Recovery Company, LLC (the "Counterparty") all of its rights, and delegated to the Counterparty all of its duties, under the Contracts, and the Counterparty has since that date performed all services to be provided thereunder to the Debtor, which has accepted such performance from the Counterparty.

3. As of October 15, 2018 (the "Petition Date"), the date the Debtor and its affiliates commenced the above-captioned cases, substantial obligations by both the Debtor and the Counterparty remained unperformed under the terms of the Contracts, and each Contract, therefore, constituted an "executory contract" as said term is used in Section 365 of the Bankruptcy Code. 11 U.S.C. § 365.

4. As of the Petition Date the Debtor owed the Counterparty for services performed pursuant to the Contracts the aggregate amount of $38,924.00.

5. Since the Petition Date the Debtor has accrued additional indebtedness to the Counterparty for services rendered pursuant to the Contracts in the aggregate amount of $30,838.28 and continues to accrue indebtedness thereunder.

6. Of the total amount of $69,762.28 owing to the Counterparty pursuant to the Contracts as of the date hereof, the sum of $41,103.75 (the "Past Due Amount") is past due.

7. There has been a default under each Contract on account the Debtor's failure to pay the Past Due Amount when due, and the default can be cured only by payment in full of the Past Due Amount.

8. Exhibit A to the Notice purports to set forth the Debtor's calculation of the Cure Costs with respect to the Contracts, but indicates that no Cure Costs are due in connection with the Contracts.

9. Section 365(b)(1) of the Bankruptcy Code provides in relevant part that a debtor may not assume an executory contract "unless [*inter alia*], at the time of assumption of such contract, … [the debtor] – (A) cures , or provides adequate assurance that the … [debtor] will promptly cure, such default …."  11 U.S.C. §365(b)(1)(A).

10. Section 365(f)(2) of the Bankruptcy Code provides in relevant part that a debtor "may assign an executory contract … of the debtor only if [*inter alia*] — (A) the … [debtor] assumes such contract … in accordance with the provisions of this section …."  11 U.S.C. § 365(f)((2)(A).

11. The Counterparty objects to the assumption of the Contracts on the grounds that payment of the Past Due Amount is required to cure a default under the Contracts, the Debtor has indicated that it does not intend to pay the Counterparty the Past Due Amount or any part thereof, and assumption of the Contracts is not permitted unless the Debtor cures, or provides adequate assurance that the Debtor will promptly cure, such default.  11 U.S.C. §365(b)(1)(A).

12. The Counterparty objects to the assignment of the Contracts on the grounds that the Debtor may not assume the Contracts for the reasons set forth above, and the Debtor may not assign the Contracts unless it assumes the Contracts.  11 U.S.C. § 365(f)((2)(A).

WHEREFORE, the Counterparty prays that the Court deny the Debtor's request to assume and assign the Contracts, unless and until the Debtor cures the default under the Contracts by paying, or providing adequate assurance that the Debtor will promptly pay, the Past Due Amount, together with any other and further amounts that may become and remain past due under the Contracts at the time of the assumption of the Contracts, and that the Counterparty have such other and further relief as is just and proper.

Date:   New York, New York
        January 25, 2019

SMITH, GAMBRELL & RUSSELL, LLP

By: _____
    John G. McCarthy
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700
Fax: (212) 907-9800
jmccarthy@sgrlaw.com

*Attorneys for Enhanced Recovery Company, LLC, successor to TeleSight, LLC d/b/a ERC Market Research*

SGR/20057042.2