Allen G. Kadish  
Harrison H.D. Breakstone  
ARCHER & GREINER, P.C.  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Email: akadish@archerlaw.com  
       hbreakstone@archerlaw.com  

*Attorneys for Globant LLC*

**Hearing Date:** February 4, 2019  
**Hearing Time:** 10:00 A.M.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF  
GLOBANT LLC  
TO DEBTORS' NOTICE OF CURE COSTS  
AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF  
EXECUTORY CONTRACTS AND UNEXPIRED LEASES  
IN CONNECTION WITH GLOBAL SALE TRANSACTION**

      GLOBANT LLC ("**Globant**"), by and through its attorneys, Archer & Greiner, P.C., hereby files its limited objection and reservation of rights (the "**Objection**") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction,* filed January 18, 2019 [Doc. No. 1731], and the supplement thereto filed January 23, 2019 [Doc. No. 1774] (collectively, the "**Notice of Cure**") by the above-captioned debtors (the "**Debtors**"). In support of this Objection, Globant respectfully states:

**BACKGROUND**

      1.      On or about October 15, 2018, Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") with this Court.

2. The Debtors operate their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Globant's interests and claims arise out of services rendered and future services contemplated pursuant to a *Master Services Agreement,* dated May 17, 2012, between Globant and Sears Holdings Corporation, and periodic Scope of Work addenda thereunder, in which Globant agreed to provide software products and services to the Debtors.

4. In the Notice of Cure, the Debtors list Globant as Debtor Counterparty No. 3142 and provide a cure amount of $147,560.

5. Globant submits that this proposed cure amount is inaccurate and the pre-petition and post-petition amounts owed, as of December 31, 2018, total $448,591.25, as set forth below:

| Reference No. | Invoice Date | Amount |
| --- | --- | --- |
| 00101519 | 7/31/18 | $73,690.00 |
| 00102391 | 8/31/18 | $84,942.50 |
| 00103179 | 9/30/18 | $73,870.00 |
| 00103589 | 10/30/18 | $48,980.00 |
| 00103590 | 10/30/18 | $35,495.00 |
| 00104969 | 11/30/18 | $82,613.75 |
| 00105846 | 12/30/18 | $49,000.00 |
|  |  | TOTAL = **$448,591.25** |

Globant continues to render services under the Master Services Agreement and thus the cure amount will require adjustment as of an actual assumption date accordingly. Globant notes the Debtors have not paid any post-petition amounts due at all.

## LIMITED OBJECTION

6. Section 365(b)(1) governing executory contracts directs that defaults must be cured as of the time of assumption including all pre-petition and post-petition defaults. *See In re Stoltz,* 315 F.3d 80 (2d Cir. 2002). *See also In re U.S. Wireless Data, Inc.,* 547 F.3d 484, 493 (2d Cir. 2008). Unless the non-debtor party receives payment sufficient to cure all existing contract defaults through the time of assumption, together with adequate assurance of future performance under the assumed contract, an executory contract may neither be assumed nor assigned:

> [A] debtor must (1) cure the default, or provide adequate assurance that it will promptly cure it; (2) compensate, or provide adequate assurance that the trustee will promptly compensate, the non-debtor party to the contract for any actual monetary loss caused by the debtor's default; and (3) provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1)(A)-(C). The first requirement effectively confers priority status on claims of default arising under an assumed contract. *See id.* § 365(b)(1)(A); cf. *In re Chateauguay Corp.*, 10 F.3d at 954; *American Anthracite & Bituminous Coal Corp v. Leonardo Arrivabene, S.A.*, 280 F.2d 119, 124 (2d Cir. 1960). The resolution of these claims, generally referred to as "cure claims" strives to restore the "debtor-creditor relationship to pre-default conditions," *In re Taddeo*, 685 F. 2d 24, 26-27 (2d Cir. 1982), bringing the contract back into compliance with its terms, see 3 *Collier on Bankruptcy* § 365.05[3], at 365.54 (15th ed. rev. 2008).

*U.S. Wireless*, 547 F.3d at 489.

7. The Debtors may not assume and assign the Master Service Agreement absent proper cure.

8. Additionally, there may be other non-financial defaults to be addressed between the parties in order to effectuate a proper assumption and assignment.

9. Globant's rights hereby are preserved and maintained pending resolution of proper cure and any other defaults under the Master Services Agreement.

## **CONCLUSION**

Based on the foregoing, (i) the Master Services Agreement should not be assumed and assigned absent proper determination and payment of cure and provision of adequate assurance of future performance, and (ii) Globant should be afforded such other and further relief as is just and proper.

Dated: New York, New York  
       January 25, 2019

ARCHER & GREINER, P.C.

By:    s/ Allen G. Kadish  
     Allen G. Kadish  
     Harrison H.D. Breakstone  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Email: akadish@archerlaw.com  
        hbreakstone@archerlaw.com

*Attorneys for Globant LLC*

215858885v1