KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, NY 10036
Tel: (212) 972-3000
Sean C. Southard
Lauren C. Kiss

-and-

FULTZ MADDOX DICKENS PLC
101 South Fifth St., 27th Floor
Louisville, KY 40202
Tel: (502) 588-2000
Phillip A. Martin (admitted *pro hac vice*)
Laura M. Brymer (admitted *pro hac vice*)

*Attorneys for Haier US Appliance Solutions, Inc. d/b/a GE Appliances*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------x
In re                                                    :
                                                         :       Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                      :
                                                         :       Case No. 18-23538 (RDD)
                                                         :
                              Debtors.                   :       (Jointly Administered)
---------------------------------------------------------x
```

**OBJECTION OF HAIER US APPLIANCE SOLUTIONS, INC. D/B/A GE APPLIANCES TO DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Haier US Appliance Solutions, Inc. d/b/a GE Appliances ("GEA"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in connection with Global Sale Transaction* (ECF No. 1731) (the "First Assumption Notice") and the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory*

*Contracts and Unexpired Leases in connection with Global Sale Transaction* (ECF No. 1774) (the "Second Assumption Notice," together with the First Assumption Notice, the "Assumption Notices"), filed by the above-captioned Debtors (collectively, the "Debtors").[1] In support thereof, GEA respectfully states as follows:

## STATEMENT OF OBJECTION

1.  On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (ECF No. 816), which contemplates a process for the assumption of executory contracts and unexpired leases.

2.  On January 18, 2019, the Debtors filed a Notice of Successful Bidder and Sale Hearing (ECF No. 1730), stating that an affiliate of ESL Investments, LLC (the "Purchaser") was the successful bidder for the Global Assets (as defined therein).

3.  On January 18, 2019, the Debtors filed the First Assumption Notice, which lists a number of purported executory contracts and leases that the Debtors claim are subject to possible assumption and assignment to the Purchaser in connection with the sale.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); and SRC Real Estate (TX), LLC (None). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

4. On January 23, 2019, the Debtors filed the Second Assumption Notice, which lists a number of additional purported executory contracts and leases that the Debtors claim are subject to possible assumption and assignment to the Purchaser in connection with the sale.

5. The Assumption Notices identify several contracts related to GEA:

   (a) First Assumption Notice No. 3286, Page 144: Master Supply Agreement for Home Appliances with a proposed cure amount of $46,392 (the "Master Supply Agreement").

       (i) First Assumption Notice No. 3058, Page 135: Amendment #8 to Master Supply Agreement for Home Appliances with a proposed cure amount of $32,397 ("Amendment 8").

       (ii) First Assumption Notice No. 3287, Page 144: Amendment #9 to Master Supply Agreement for Home Appliances with a proposed cure amount of $0 ("Amendment 9").

   (b) First Assumption Notice No. 3285, Page 144: "Corporate Services – GE Factory Services – Sears Home Services – Master Agreement – 2018" with a proposed cure amount of $46,392 (the "Sears Service Agreement").

   (c) First Assumption Notice Nos. 3072 and 3073, Page 135 and 136: [No Contract Title][2] with a proposed cure amount of $0 (the "A&E Service Agreement").[3]

       (i) Second Assumption Notice No. 239, Page 18: "Sixth Amendment to Service Agreement" with a proposed cure amount of $0 (the "A&E Service Amendment").[4]

6. In the first instance, the Master Agreement, Amendment 8, and Amendment 9 are all part of the same agreement (the "Amended Master Supply Agreement"), as Amendment 8 and Amendment 9 simply amended the terms of the Master Supply Agreement. *See Declaration of Mason Carrico ("Carrico Decl."),* attached as **Exhibit 1**, at ¶ 3.

---

[2] GEA cannot properly respond given that Debtors do not identify the title of the agreement listed. Moreover, there are duplicate entries for the same untitled agreement. GEA requests that Debtors confirm the agreement they are referencing.

[3] Although the counterparty for the A&E Service Agreement is listed as General Electric Company, the A&E Service Agreement was assigned to GEA.

[4] Although the counterparty for the A&E Service Amendment is listed as General Electric Company, the A&E Service Amendment was assigned to GEA.

7. Given that Debtors did not provide the name of the agreement referenced between GEA and Debtor A&E Factory Service, LLC (and that there are duplicate entries for that agreement in the First Assumption Notice), GEA is left to guess at the agreement referenced. This alone would be reason that the agreement cannot be assumed and assigned. But to the extent the Debtors are referencing the A&E Service Agreement and the A&E Service Amendment, they are both part of the same agreement (the "Amended A&E Service Agreement").

8. The Amended Master Supply Agreement expired pursuant to its terms on December 31, 2018. *See Carrico Decl.* at ¶ 5. Thus, there is no longer an agreement that can be assumed and assigned, and the Amended Master Supply Agreement cannot be assumed or assigned to the Purchaser. *See e.g., Counties Contracting & Const. Co. v. Constitution Life Ins. Co.*, 855 F.2d 1054, 1061 (3d Cir. 1988); *In re Spectrum Info. Tech., Inc.*, 193 B.R. 400, 404 (Bankr. E.D.N.Y. 1996) (collecting cases). Moreover, GEA exercised its rights to stop accepting orders and suspended shipments to Debtors on or about October 8, 2018 (prior to the Petition Date). *See Carrico Decl.* at ¶ 6. Thus, even prior to termination, GEA was under no obligation to provide additional goods to Debtors.

9. While the Amended Master Supply Agreement is not subject to assumption or assignment, the Debtors also failed to schedule the full balance owed to GEA in connection with the Amended Master Supply Agreement as the cure cost. As of the Petition Date, based on current calculations,[5] GEA was owed at least $2,767,729 under the Amended Master Supply Agreement. *See Carrico Decl.* at ¶ 7. Thus, even assuming the Amended Master Supply Agreement could be assumed and assigned, that amount would have to be paid to cure the past defaults prior to

---

[5] The First Assumption Notice was filed late on the Friday before a holiday weekend with an objection deadline set not only four business days later, but also on a Saturday. Thus, GEA has not had adequate opportunity to evaluate the amounts due to it. *See Carrico Decl.* at ¶ 2.

assumption. *See* 11 U.S.C. § 365(b)(1)(A); *see also Eastern Airlines Inc. v. Ins. Co. of the State of Pa. (In re Ionosphere Clubs, Inc.)*, 85 F.3d 992, 999 (2d Cir. 1996) (citation omitted) (stating that the contracting parties must receive the full benefit of their bargain if they are forced to continue performance). The proposed cure amount of $32,397 is woefully inadequate to cure the monetary default. Other non-monetary defaults may exist as well.

10. The Sears Service Agreement has not yet terminated by its terms. *See Carrico Decl.* at ¶ 8. However, GEA did cease providing services to Debtors under the Sears Service Agreement on or about October 8, 2018 (prior to the Petition Date) and thus there are no services available to Debtors to assume and assign. *See id.*

11. While the Sears Service Agreement is not subject to assignment or assumption, the Debtors also failed to schedule the full balance owed to GEA in connection with the Sears Service Agreement as the cure cost. As of the Petition Date, based on current calculations,[6] GEA was owed at least $73,430 under the Sears Service Agreement. *See Carrico Decl.* at ¶ 9. Thus, that amount would have to be paid to cure the past defaults prior to assumption. *See* 11 U.S.C. § 365(b)(1)(A); *see also Eastern Airlines Inc.,* 85 F.3d at 999. The proposed cure amount of $46,392 is inadequate to cure the monetary default. Other non-monetary defaults may exist as well.

12. The Amended A&E Service Agreement has not yet terminated by its terms. *See Carrico Decl.* at ¶ 10. As of the Petition Date, based on current calculations,[7] there does not appear to be a balance owed to GEA under the Amended A&E Service Agreement. *See Carrico Decl.* at ¶ 11.

13. The foregoing amounts are subject to further adjustment subject to a reconciliation of amounts owed to GEA. GEA therefore reserves the right to amend this Objection.

---

[6] *See* Footnote 3.
[7] *See* Footnote 3.

14. GEA is also owed other sums from Debtors unrelated to the Amended Master Supply Agreement, the Sears Service Agreement, or the Amended A&E Service Agreement, and it reserves its rights in connection with those claims, including but not limited to all reclamation claims, administrative claims (including those under 11 U.S.C. § 503(b)(9)) or in connection with post-petition transactions), and all prepetition or post-petition claims of any type. *See Carrico Decl.* at ¶ 12. GEA also reserves all rights in connection with any claims made by the Debtors.

15. Finally, GEA has not had an opportunity to fully review the very limited adequate assurance information provided by the Debtors, but what has been provided is insufficient such that assignment and assumption of agreements is inappropriate. All rights and arguments of GEA in connection with adequate assurance are reserved pending further review. *See* 11 U.S.C. § 365(b)(1).

16. Accordingly, GEA objects to the Assumption Notices as they relate to GEA and any related motion[8] and to the entry of any Order approving the assumption or assignment of any agreement between Debtors and GEA. For the avoidance of doubt, GEA objects to any effort by the Debtors or the Purchaser to extend or modify the term of any agreement between GEA and the Debtors in connection with the sale or otherwise.

**WHEREFORE,** GEA:

(A) objects to the cure amounts set forth on the Assumption Notice;

(B) objects to the entry of any Order assuming or assigning any agreement between GEA and Debtors, including but not limited to the Amended Master Supply Agreement, the Sears Service Agreement, or the Amended A&E Service Agreement;

(C) objects that adequate assurance has been provided; and

---

[8] GEA does not object to sale itself, only to the impact of the sale proceedings on GEA's agreements or other relationships with the Debtors.

(C) requests the Court award it such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          January 25, 2019

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:    */s/ Sean C. Southard*
       Sean C. Southard
       200 West 41st St., 17th Floor
       New York, New York 10036
       Tel: (212) 972-3000
       Email: ssouthard@klestadt.com

**FULTZ MADDOX DICKENS PLC**

By:    */s/ Phillip A. Martin*
       101 South Fifth St., 27th Floor
       Louisville, KY 40202
       Tel: (502) 588-2000
       Email: pmartin@fmdlegal.com

*Counsel to Haier US Appliance Solutions,
Inc. d/b/a GE Appliances*