**Hearing Date and Time: February 4, 2019 at 10:00 a.m.**
**Objection Date and Time: January 26, 2019 at 5:00 p.m.**

Mark E. Felger, Esquire
Frederick (Erik) Schmidt, Esquire
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
Phone: 212-883-4948
Facsimile: 646-588-1552
Email: mfelger@cozen.com
Email: eschmidt@cozen.com
*Counsel to National Distribution Centers, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

## LIMITED OBJECTION OF NATIONAL DISTRIBUTION CENTERS, LLC TO THE GLOBAL ASSET SALE TRANSACTION AND CURE NOTICE

National Distribution Centers, LLC ("NDC"), by and through its undersigned counsel, hereby files its limited objection to the proposed Global Asset Sale Transaction and Cure Notice and avers in support of its limited objection as follows:

1. On October 15, 2018 (the "Petition Date"), the above-captioned Debtors commenced these cases by filing petitions under chapter 11 of the Bankruptcy Code.

2. On November 19, 2018, this Court entered the Order Approving Global Bidding Procedures and Granting Related Relief ("Procedures Order"), pursuant to which an auction was commenced on January 14, 2019 and concluded on January 17, 2019.

LEGAL\39698150\1

3. At the conclusion of the auction, the Debtors determined that the offer submitted by Transform Holdco LLC, an affiliate of ESL Investments, Inc. (the "Buyer"), had submitted the highest and best offer to acquire all or substantially all of the Global Assets.

4. On January 18, 2019, the Debtors filed the Notice of Successful Bidder and Sale Hearing (the "Sale Notice") and the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (the "Cure Notice") fixing January 26, 2019 as the deadline to file objections and February 4, 2019 at 10:00 a.m. as date and time for the hearing to consider approval of the sale to the Buyer.

## NDC'S LIMITED OBJECTION

5. On February 26, 2016, NDC entered into a Sublease ("Warehouse Lease") with Kmart Corporation ("Kmart") to lease a certain warehouse and distribution facility from Kmart on Penry Road in Greensboro, North Carolina ("Greensboro Facility"). Kmart leased the Greensboro Facility from Greensboro Lease Management pursuant to a master lease dated March 25, 1997.

6. As of the Petition Date, NDC was current on its lease obligations and has continued to pay rent since the Chapter 11 was commenced.

7. Under the terms of the Warehouse Lease, Kmart is required to pay for any necessary repairs to the roof of the Greensboro Facility. Prior to the commencement of the cases, NDC notified Kmart of substantial damage to the roof. NDC obtained an estimate of the costs to repair the roof. The estimate included multiple options for repairing the roof with the total cost ranging from $6.2 million to $9.4 million. As of the current date, Kmart has not repaired the roof or provided the necessary funding for NDC to effect the repair.

8. Also on February 26, 2016, NDC leased from Kmart ("Parking Lot Lease ") a 64.5 acre partially improved land parcel (the "Parking Lot Parcel"), which NDC utilizes for storage of trailers which provide critical support of the operations of the Greensboro Facility.

9. The Parking Lot Lease includes a right of first refusal ("ROFR") which entitles NDC to match any other offer obtained by the Debtors and purchase the Parking Lot Parcel at the same price.[1] A true and correct copy of the excerpt from Parking Lot Lease describing the ROFR is annexed hereto as Exhibit "A" and incorporated herein by reference.

10. On or about December 28, 2018, NDC made a written offer to Kmart[2] to purchase Kmart's interests in the Greensboro Facility and the Parking Lot Parcel for $5 million ($2.3 million for the Greensboro Facility, and $2.7 million for the Parking Lot Parcel). NDC subsequently executed Kmart's form of agreement and tendered a ten percent (10%) deposit, pursuant to the terms of the Procedures Order.

11. On January 13, 2019, NDC was informed that it was not invited to the auction, and that least in one iteration of the Buyer's bid, one or both of the properties were included. NDC's deposit was later returned to NDC.

---

[1] In the E-Z Serve Convenience Stores case, the Court found that the non-debtors' right of first refusal was enforceable in a setting similar to this case. In re E-Z Serve Convenience Stores, Inc., 289 B.R. 45 (Bankr. MDNC 2003). The open questions are whether the Buyer's bid includes the Parking Lot Parcel, and if so, did it allocate a higher price to the property than NDC's bid. If the answers to both questions are yes, then NDC must be afforded the right to match the Buyer's bid.

[2] NDC also made an offer for the Parking Lot Parcel prior to the commencement of these cases, to which Kmart never responded.

LEGAL\39698150\1

12. Upon a review of the Cure Notice and the Sale Notice, it is unclear[3] whether Kmart's interests in the Parking Lot Parcel and the Greensboro Facility are to be sold to the Buyer.

13. NDC has reached out to Debtors' counsel on multiple occasions (as well as to Buyer's counsel) to inquire whether the Buyer intends to purchase these assets, and no response has been forthcoming.

14. Therefore, NDC is filing this limited objection as a placeholder in the event that the Debtors intend to sell the Parking Lot Parcel in violation of NDC's ROFR under the Parking Lot Lease; and to place the Buyer on notice that any sale of Kmart's interest in the Greensboro Facility will, among other things, require a prompt investment of several million dollars to repair the roof of the facility.

15. Lastly, in the event that Kmart seeks to reject the Warehouse Lease and/or the Parking Lot Lease, NDC intends to exercise its right under section 365(h) of the Bankruptcy Code to retain its rights under the leases.

---

[3] The only reference to NDC in the attachment to the Cure Notice or the Sale Notice is a reference to NDC on the executory contract schedule to the Cure Notice with an "N/A" designation under certain columns and a blank under the cure amount column. Further, certain schedules to the Buyer's purchase agreement, which may (or may not) include these assets, have not been filed with the Court as of the time of the filing of this objection.

## **CONCLUSION**

16. Based on the foregoing, approval of the Global Assist Sale Transaction should be denied to the extent that the Buyer intends to include the Parking Lot Parcel in violation of NDC's ROFR and/or Kmart intends to assume or assign either lease without promptly curing all defaults thereunder.

Dated: January 25, 2019

Respectfully submitted,

COZEN O'CONNOR

Mark E. Felger, Esquire
Frederick (Erik) Schmidt, Esquire
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
Phone: 212-883-4948
Facsimile: 646-588-1552
Email: mfelger@cozen.com
Email: eschmidt@cozen.com

*Counsel to National Distribution Centers, LLC*

LEGAL\39698150\1