| | |
|---|---|
| Matthew G. Summers, Esquire* | Obj. Deadline: January 26, 2019 at 4:00 p.m. ET |
| Laurel D. Roglen, Esquire | Hearing Date: February 4, 2019 at 10:00 a.m. ET |
| Ballard Spahr LLP | |
| 919 North Market Street, 11th Floor | |
| Wilmington, Delaware 19801 | |
| Telephone: (302) 252-4428 | |
| Facsimile: (410) 361-8930 | |
| E-mail: summersm@ballardspahr.com | |
|        roglenl@ballardspahr,com | |
| (*Admitted *Pro Hac Vice*) | |

*Attorneys for Willis Towers Watson PLC, Willis Towers Watson US LLC, Towers Watson Investment Services, Inc., and affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                        :        Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,    :        Case No. 18-23538 (RDD)

                                                             :        (Jointly Administered)

                 Debtors.                            :
------------------------------------------------------------x

**OBJECTION OF WILLIS TOWERS WATSON PLC, WILLIS TOWERS WATSON US LLC, TOWERS WATSON INVESTMENT SERVICES, INC., AND THEIR AFFILIATES TO DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN <u>CONNECTION WITH GLOBAL SALE TRANSACTION</u>**

        Willis Towers Watson PLC, Willis Towers Watson US LLC, Towers Watson Investment Services, Inc. and their affiliates (collectively, "<u>WTW</u>"), by and through their undersigned counsel, hereby submit this Objection (the "<u>Objection</u>") to *Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* [Docket No. 1731] (the "<u>Cure Notice</u>"). In support of the Objection, WTW states the following:

DMEAST #36566289 v3

**I.    BACKGROUND FACTS**

        1.    Sears Holding Corporation, and its affiliated co-debtors (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code on October 15, 2018 (the "Petition Date"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[1]

        2.    Prior to the Petition Date, certain of the Debtors and WTW entered into approximately fifteen (15) agreements (the "Agreements"), pursuant to which WTW provided various consulting services to the Debtors regarding their pension and 401(k) plans. The services provided by WTW fall into two primary categories: investment related services and retirement related services.

        3.    Payments for the investment related services historically have not been paid by the Debtors, but rather, by the investment trusts themselves. For example, pursuant to two fiduciary services agreements dated December 11, 2017, WTW agreed to provide delegated investment management services for the qualified trusts in exchange for a $50,000 monthly fee paid by the pension plan and a $33,333.33 monthly fee paid from the 401(k) plan.

        4.    The retirement related services, on the other hand, include, among other things actuarial consulting on cost reduction strategies relating to the Debtors' pension plan, administration of the pension plan, actuarial valuation work on the pension plans, work on the annual funding notice, and participant lump sum window work. Certain of the retirement related services appear to be payable by the Debtors directly, while other retirement services historically were paid for by the trusts.

---

[1] All statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") unless otherwise specified in this Motion.

5. The Debtors filed and served the Cure Notice on the evening of January 18, 2019. The Cure Notice reflects twenty (20) Agreements with WTW with proposed cure amounts of $0, but as reflected in the relevant line items of the Cure Notice copied and set forth below, the Cure Notice lacks sufficient detail to allow WTW to determine which of the Agreements the Debtors' propose to assume and assign. Moreover, the Cure Notice lists many amendments and statements of work, rather than Agreements.

| No. | Debtor Counterparty | Counterparty Name | Contract Title | Contract Executed Date | Contract Expiration Date | Contract Number | Cure Amount |
|---|---|---|---|---|---|---|---|
| 7026 | N/A | Towers Watson Investment Services Inc. | FIN – Towers Watson Investment Services – Fiduciary Service Agreement 2017 | 12/11/2017 | 12/10/2020 | CW2334286 | $--- |
| 7027 | N/A | Towers Watson Investment Services Inc. | FIN – Towers Watson Investment Services – Fiduciary Services Agreement 2017 | 12/11/2017 | 12/10/2020 | CW2334289 | $--- |
| 7028 | Sears Holdings Corporation | Towers Watson Delaware Inc. | HR – Towers Watson-Master Services Agreement - 2008 | 8/15/2008 | 1/31/2020 | SHCLCW3487 | $--- |
| 7029 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | HR – Towers Watson-Master Services Agreement - 2013 | 8/12/2013 | 12/31/2021 | SHCLCW3488 | $--- |

3

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 7030 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | THCS – Towers Watson – SOW – Qualified Domestic Relations Order (QDRO) Services | 2/18/2014 | 6/30/2019 | CW2269718 | $--- |
| 7031 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | WTW Locating Missing and Paying Participants Due a Benefit SOW | 9/29/2016 | 12/31/2018 | CW2319548 | $--- |
| 7032 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | WTW Additional Annual Services SOW D 2018 | 1/1/2018 | 12/31/2018 | CW2334608 | $--- |
| 7033 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | WTW Finance and Investment Committee Support SOW C 2018 | 1/1/2018 | 12/31/2018 | CW2334606 | $--- |
| 7034 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | WTW Ancillary Services SOW B 2018 | 1/1/2018 | 12/31/2018 | CW2334600 | $--- |
| 7035 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | WTW PPPFA Implementation SOW F 2018 | 1/1/2018 | 12/31/2018 | CW2334623 | $--- |
| 7036 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | WTW Legislative and Funding Relief Related Services SOW E 2018 | 1/1/2018 | 12/31/2018 | CW2334621 | $--- |
| 7037 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | WTW Mandatory Cashout Sweep – Lump Sums Less than $1000 SOW | 3/20/2018 | 11/30/2018 | CW2336328 | $--- |

| 7038 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | HR – Towers Watson Statement of Work to MSA-2013 | 7/1/2018 | 12/31/2021 | SHCLCW3489 | $--- |
|---|---|---|---|---|---|---|---|
| 7039 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | WTW Correcting Benefit Components for Participants with Military Leave SOW 2018 05 | 10/1/2018 | 6/30/2019 | CW2337195 | $--- |
| 7040 | Sears Holdings Corporation | Towers Watson | Amendment #1 to 2008 Master Services Agreement | N/A | N/A | N/A | $--- |
| 7041 | Sears Holdings Corporation | Towers Watson | Amendment #2 to 2008 Master Services Agreement | N/A | N/A | N/A | $--- |
| 7042 | Sears Holdings Corporation | Towers Watson | Amendment #3 to 2008 Master Services Agreement | N/A | 1/31/2020 | N/A | $--- |
| 7043 | Sears Holdings Management Corporation | Towers Watson | Master Services Agreement for Administration Services | N/A | N/A | N/A | $--- |
| 7608 | Sears Holdings Management Corporation | Willis Towers Watson | WTW Benefit Restrictions Lifting Plan 1 SOW 2 2018 | 3/28/2018 | 12/31/2018 | CW2336594 | $--- |
| 7609 | Sears Holdings Management Corporation | Willis Towers Watson | Amendment #1 to Master Services Agreement for Administration Services | N/A | 12/31/2021 | N/A | $--- |

6. The proposed cure amounts set forth in the Cure Notice also do not reflect all outstanding balances due and owing to WTW. WTW hereby files this Objection in order to

5

preserve its rights under the Agreements, and will work with the Debtors to determine which Agreements are proposed to be assumed and to reconcile the appropriate cure amounts for such Agreements.

## II.   CURE OBJECTION

### A.   The Debtors' Proposed Cure Amounts Do Not Provide for Payment of All Obligations Due Under the Agreements.

7.   The amounts outstanding pursuant to the Agreements total not less than $1,884,415.66 and are summarized in the chart below:

| Date | Invoice Number | Amount | Description |
| --- | --- | --- | --- |
| 11/15/2018 | 1501140771657 | $8,936.00 | Retirement services |
| 12/20/2018 | 150140785342 | $153,289.00 | Retirement services |
| 1/11/2019 | 150140791654 | $55,156.00 | Retirement services |
| 1/14/2019 | 150140792030 | $57,193.00 | Retirement Qualified Core Trust |
| 1/14/2019 | 150140792097 | $41,135.00 | Retirement Qualified Core Trust |
| 1/14/2019 | 150140792098 | $25,753.00 | Retirement Services |
| 1/15/2019 | 150340014786 | $50,000.00 | December Investment Services for Sears Holdings Pension Master Trust |
| 1/15/2019 | 150340014810 | $33,333.33 | December Investment Services for Sears Holdings Savings Plan Master Trust |
| 1/17/2019 | 150140795969 | $825,000.00[2] | Retirement services |
| 1/23/2019 | 100063277346 | $87,715.46 | December 2018 Services for Sears Holding Pension Plan 1 |
| 1/23/2019 | 100063277391 | $172,113.54 | December 2018 Services for Sears Holding Pension Plan 2 |
| January 2019 | | $50,000.00 | January Investment Services for Sears Holdings Pension Master Trust |

---

[2] As of the date of this Objection, approximately 70% of the retirement services for which WTW is owed this fee have been completed.

6

| Date | Invoice Number | Amount | Description |
|---|---|---|---|
| January 2019 | | $33,333.33 | January Investment Services for Sears Holdings Savings Plan Master Trust |
| January 2019 | | $250,000.00 | January retirement services |

8. As noted above, the information provided in the Cure Notice is insufficient to allow WTW to determine which of the Agreements are being assumed, and thus, which of the outstanding amounts must be paid as cure prior to assumption. WTW will work with the Debtors to determine which Agreements are proposed to be assumed and reconcile the appropriate cure amounts.

**B.     The Cure Amounts Serve Only As Estimates.**

9. WTW can only provide the information presently available regarding amounts owing in connection with the Agreements, while reserving the right to amend the Objection as necessary to include any additional or unknown charges that arise. WTW has included amounts it projects will be incurred and due and owing as of January 31, 2019 in the calculation of its cure amount. There is no basis to impose upon WTW the equivalent of an administrative bar date, limiting their recourse to recover charges to which they are entitled under the Agreements. Further, the inclusion of any unpaid amount in this Objection shall not constitute a waiver or admission as to whether such amount is owed directly by the Debtors or by the applicable pension or trust.

**C.     The Debtors or Assignee Must Pay Undisputed Cure Amounts Immediately.**

10. Section 365(b)(1)(A) requires that the Debtors promptly cure outstanding balances due under the Agreements upon assumption. To the extent there is a dispute over the total cure obligation for any Agreement, all undisputed cure amounts should be paid

7

immediately. Debtors should escrow disputed amounts, and the Court should set a status conference within thirty (30) days of the assumption or assumption and assignment of the Agreements to deal with any disputes that remain unresolved after such period.

### D. The Debtors Must Assume Agreements in Their Entirety, Including Any Amendments or Statements of Work

11. The Debtors (or any successor) must take the Agreements *cum onere* – subject to existing burdens. The Debtors cannot assume the favorable portions, and reject the unfavorable provisions, of its Agreements. In re Washington Capital Aviation & Leasing, 156 B.R. 167,172 (Bankr. E.D. Va. 1993). If forced to continue in the performance of the Agreements, WTW is entitled to the full benefit of the bargain under its Agreements with the Debtors. See Matter of Superior Toy and Mfg. Co., Inc., 78 F.3d 1169 (7th Cir. 1996). One of the purposes of Section 365 is to permit the debtors to continue in a beneficial contract; provided, however, that the other party to the contract is made whole at the time of the debtor's assumption of the contract." In re Entm't, Inc., 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998).

12. In this case, the Debtors' Cure Notice separately lists various Agreements, amendments, and statements of work. Pursuant to Section 365, the Debtors may only assume the Agreements in their entirety, including any applicable amendments and statements of work.

### IV. RESERVATION OF RIGHTS

13. WTW continues to review its records to identify relevant Agreements and related cure amounts, and reserves its rights to modify or amend this Objection to include additional Agreements and related cures.

### V. CONCLUSION

WTW requests that the Court (i) allow the cure amounts (subject to adjustment by WTW) in the amounts set forth herein, (ii) order payment of all undisputed cure amounts, with

an escrow established that is sufficient to pay any remaining disputed cure amounts, when resolved by the parties or this Court, and (iii) grant such further relief as the Court deems proper.

Dated: January 25, 2019  
New York, New York

Respectfully submitted,

*/s/ Matthew G. Summers*  
Matthew G. Summers, Esquire*  
Laurel D. Roglen, Esquire  
Ballard Spahr LLP  
919 North Market Street, 11th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 252-4428  
Facsimile: (410) 361-8930  
E-mail: summersm@ballardspahr.com  
        roglenl@ballardspahr.com  
(*Admitted *Pro Hac Vice*)

*Attorneys for Willis Towers Watson PLC, Willis Towers Watson US LLC, Towers Watson Investment Services, Inc., and affiliates*