**Response Date and Time: January 26, 2019 at 4:00 p.m. (Eastern Time)**

Joseph N. Froehlich
Locke Lord LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
(212) 415-8600
jfroehlich@lockelord.com
-and-
W. Steven Bryant *(pro hac vice pending)*
Locke Lord LLP
600 Congress Avenue, Ste. 2200
Austin, Texas 78701
(512) 305-4726
sbryant@lockelord.com
*Counsel for Cardtronics USA, Inc.*

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | Jointly Administered |

**LIMITED RESPONSE OF CARDTRONICS USA, INC. TO THE
NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Cardtronics USA, Inc. ("Cardtronics"), by and through its attorneys Locke Lord LLP,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); SRC Real Estate (TX), LLC (None); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

hereby submit this *Limited Response* (the "Response") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [D.I. 1731] (the "Cure Notice") filed on January 18, 2019 in the above-styled, jointly administered bankruptcy cases (the "Bankruptcy Cases").

## I.    BACKGROUND FACTS

1. On or about September 14, 2012, WSILC, LLC d/b/a Welch ATM ("Welch ATM") entered into that certain *ATM Placement Agreement* (the "ATM Agreement") with Kmart Corporation ("Kmart"). Under the ATM Agreement, Kmart licensed to Welch ATM the right to place and operate automated teller machines ("ATMs") owned by Welch ATM in various Kmart stores around the United States. Under the ATM Agreement, Welch ATM remained the sole owner of both the ATMs and the vault cash inside them. In exchange for this right to place and operate the ATMs at Kmart stores, Welch ATM paid Kmart certain specified licensing fees, while Kmart, in turn, paid certain other fees to Welch ATM.

2. Welch ATM subsequently assigned all its rights under the ATM Agreement as well as the ATMs (and their vault cash) to Cardtronics. Since 2012, the ATM Agreement has been amended to, among other things, modify the fees charged and the stores affected. For its part, Kmart assigned the ATM Agreement to SHC Licensed Businesses LLC ("SHC"), an affiliate of Kmart and of Sears Holdings Management Corp. ("Sears Management").[2] Sears Management acts as the agent for SHC under the ATM Agreement. At all times under the ATM Agreement, Cardtronics continues to own the ATMs (and the vault cash inside them). Under the ATM Agreement, the Debtors do not have any ownership interest in either these machines or their cash.

3. On October 15, 2018 (the "Petition Date"), Sears Holdings Corp., Sears Management, and the other Debtors commenced the Bankruptcy Cases in this Court under Chapter

---

[2] Upon information and belief, the Debtor "SHC Licensed Business LLC" (3718) and SHC are the same entity.

11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors remain as debtors and debtors-in-possession in these Bankruptcy Cases. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Bankruptcy Cases on October 24, 2018.

4.      On January 18, 2019, the Debtors filed the Cure Notice in connection with the Global Bidding Procedures.[3] The Cure Notice identifies, *inter alia*, certain executory contracts and unexpired leases that the Debtors may elect to assume and assign to the Buyer (Transform Holdco, LLC) in connection with the proposed Global Asset Sale Transaction. The ATM Agreement is listed as **Contract No. 7682** on Exhibit "A" (Cure Costs Schedule – Executory Contracts) of the Cure Notice.

## II.     LIMITED RESPONSE OF CARDTRONICS TO THE MOTION

5.      Bankruptcy Code § 365(a) provides that a trustee or a debtor-in-possession may, subject to the bankruptcy court's approval, assume or reject any executory contract or unexpired lease. 11 U.S.C. § 365(a) (2019). A debtor-in-possession or a trustee must assume the entire contract, including both its benefits and its burdens, or else reject the entire contract. *The Cajun Elec. Members Comm. v. Mabey (In re Cajun Elec. Power Coop., Inc.),* 230 B.R. 693, 710 (Bankr. M.D. La. 1999).

6.      Cardtronics files this limited response in order to raise certain concerns about the description of the ATM Agreement appearing in the Cure Notice. That description contains several errors. For instance, the current counterparty to the ATM Agreement is ***not*** Welch ATM as reflected in the Cure Notice, but Cardtronics. Welch ATM assigned the ATM Agreement to Cardtronics after the ATM Agreement was executed. Similarly, the Debtor counterparty to the ATM Agreement is SHC and not Sears Management as shown in the Cure Notice. Although Sears Management acts as the agent for SHC under the ATM Agreement, SHC is the actual contracting

---

[3] All deadlines not otherwise defined in this Response have the meanings ascribed to them in the Cure Notice.

party. Finally, the Cure Notice also erroneously states that the ATM Agreement's "Contract Executed Date" and "Contract Expiration Date" are both "N/A". This characterization implies that the ATM Agreement has no defined contract term or period. In fact, the ATM Agreement specifically commenced on September 14, 2012. And, as amended by the *Third Amendment to ATM Placement Agreement*, dated February 26, 2018, that initial term will expire on January 31, 2021 (unless terminated earlier in accordance with the agreement's terms).

7. Cardtronics does not oppose in principle the assumption and assignment of the ATM Agreement (as amended) to the Buyer as part of the Global Asset Sale Transaction. However, Cardtronics wishes to avoid any confusion over the ATM Agreement, its terms, and the identities of the affected parties. Cardtronics also disputes any implication that an order of this Court approving the Global Asset Sale Transaction might somehow amend or alter the ATM Agreement by virtue of the Cure Notice's errors. Cardtronics therefore requests that the Cure Notice be amended to reflect the correct identities of the parties to the ATM Agreement as well as its actual term and that the Debtors agree that neither the Cure Notice nor any order approving the Global Asset Sale Transaction is intended to amend or alter the ATM Agreement.

8. Cardtronics reserves the right to further amend, modify, or supplement this Response at any time, including, without limitation, for lack of adequate assurance of future performance under Bankruptcy Code § 365. Cardtronics reserves all its rights in connection with this Response, the ATM Agreement, and the Global Asset Sale Transaction.

WHEREFORE, Cardtronics respectfully requests that this Court consider the issues raised in this Response, require the Debtors to amend the Cure Notice and any order approving the assumption and assignment of the ATM Agreement so that they reflect the correct identities of the parties to the ATM Agreement and its actual term, and grant Cardtronics such other relief as the

Court deems just and proper.

Dated: January 25, 2019  
      New York, New York

Respectfully Submitted,

By: */s/ Joseph N. Froehlich*  
Joseph N. Froehlich  
Locke Lord LLP  
Brookfield Place  
200 Vesey Street, 20th Floor  
New York, New York 10281  
(212) 415-8600  
jfroehlich@lockelord.com

-and-

W. Steven Bryant *(pro hac vice pending)*  
Locke Lord LLP  
600 Congress Avenue, Ste. 2200  
Austin, Texas 78701  
(512) 305-4726  
sbryant@lockelord.com  
*Counsel for Cardtronics USA, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that, on January 25, 2019, a true and correct copy of the foregoing *Response* was served via Electronic Case Filing on all parties receiving electronic notices in these Bankruptcy Cases and, in addition, on the Objection Recipients (as identified in the Global Bidding Procedures) below as indicated:

*/s/ Joseph N. Froehlich* _____
Joseph N. Froehlich

### *SERVICE LIST VIA EMAIL*

**I.    Bid Notice Parties**

a.    Debtors

Rob Riecker: rob.riecker@searshc.com
Luke Valentino: luke.valentino@searshc.com
Mohsin Meghji: mmeghji@miiipartners.com
General Counsel: counsel@searshc.com

b.    Debtors' counsel

Ray Schrock, Esq.: ray.schrock@weil.com
Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
Garrett A. Fail, Esq. garrett.fail@weil.com
Sunny Singh, Esq. sunny.singh@weil.com
Ellen J. Odoner, Esq. Ellen.Odoner@weil.com
Gavin Westerman, Esq. Gavin.Westerman@weil.com

c.    Debtors' investment banker:

Brandon Aebersold and Levi Quaintance: project.blue.rx@lazard.com

**II.    Buyer Parties**

a.    Buyer

Kunal S. Kamlani: kunal@eslinvest.com
Harold Talisman: harold@eslinvest.com

b.    Counsel

Christopher E. Austin, Esq.: caustin@cgsh.com
Benet J. O'Reilly, Esq.: boreilly@cgsh.com
Sean A. O'Neal, Esq.: soneal@cgsh.com

**III.    Consultation Parties**

a.    Bank of America

Paul Leake, Esq.: Paul.Leake@skadden.com
Shana Elberg, Esq.: Shana.Eiberg@skadden.com
George Howard, Esq.: George.Howard@skadden.com

    b.    <u>Wells Fargo Bank</u>

Kevin J. Simard, Esq.: ksimard@choate.com
Jonathan D. Marshall, Esq.: jmarshall@choate.com

    c.    <u>Committee</u>

Ira S. Dizengoff, Esq. : idizengoff@akingump.com
Philip C. Dublin, Esq.: pdublin@akingump.com
Abid Qureshi, Esq.: aqureshi@akingump.com
Sara L. Brauner, Esq.: sbrauner@akingump.com

### *SERVICE LIST VIA FIRST CLASS MAIL*

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C., Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin, Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006