IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
: 
In re: : Chapter 11
: 
: Case No. 18-23538 (RDD)
SEARS HOLDING CORPORATION, *et al.*, :
: (Jointly Administered)
Debtors. :
: 
------------------------------------------------x

### OBJECTION OF BLUE CROSS AND BLUE SHIELD OF ILLINOIS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE, TO THE POSSIBLE ASSUMPTION AND ASSIGNMENT AND ADEQUATE ASSURANCE AND OBJECTION TO THE ASSET PURCHASE AGREEMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Creditor Blue Cross and Blue Shield of Illinois, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSIL") objects to the potential assumption of its contract as described in the Debtors' Notice of Cure Costs and Possible Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sales Transaction and objects to the Asset Purchase Agreement as follows:

### BACKGROUND

1.    BCBSIL is a counter party to certain executory contracts with Debtor Sears Holding Corporation ("Debtor") pursuant to which Debtor retained BCBSIL to provide administrative services related to self-funded employee benefit plans that Debtor sponsors to provide health benefits to Debtor's Employees (the "Administrative Services Agreement").

2.    On October 15, 2018, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. Thereafter, upon motion of the Debtor, this Court entered the Order Approving Global Bidding Procedures and Granting Related Relief (Dkt. No. 816) (the "Bid Procedures Order").

3.   On January 14, 2019, Debtor commenced an action for the sale of its global assets. On January 18, 2019, Debtors filed its Notice of Successful Bidder and Sale Hearing (Dkt. No. 1730), announcing Transform Holdco LLC as the buyer ("Buyer") and Notice of Cure and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (Dkt. No. 1731). The Asset Purchase Agreement between Debtor and Buyer ("Asset Purchase Agreement") is attached as Exhibit B to the Notice of Successful Bidder and Sale Hearing.

4.   In the Assumption, Assignment and Cure Notice, disclaimer language provides that contracts have not been selected to be assumed. The deadline for notification of assumption is January 25, 2019. The objection deadline for lack of adequate assurance is Saturday, January 26, 2019, or such objections are waived. Therefore, out of an abundance of caution, BCBSIL files this objection to the lack of adequate assurance. BCBSIL further objects to section 9.7 of the Asset Purchase Agreement.

## OBJECTION TO ASSUMPTION, ASSIGNMENT AND CURE NOTICE

5.   Section 365(a) of the Bankruptcy Code permits a debtor in possession to assume or reject executory contracts and unexpired leases. 11 U.S.C. § 365(a). Section 365(b) of the Bankruptcy Code provides that if there has been a default under the executory contract or unexpired lease, a debtor in possession may not assume an executory contract or unexpired lease unless it:

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default ...;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.
>
> 11 U.S.C. § 365(b)(1).

Assignment of the Administrative Services Agreement, must comply with section 365(f), which states:

(f)(1) Except as provided in subsection (c) of this section, notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection.

(2) The trustee may assign an executory contract or unexpired lease of the debtor only if-

(A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

(3) Notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law that terminates or modifies, or permits a party other than the debtor to terminate or modify, such contract or lease or a right or obligation under such contract or lease on account of an assignment of such contract or lease, such contract, lease right, or obligation may not be terminated or modified under such provision because of the assumption or assignment of such contract or lease by the trustee.

11 U.S.C. $365(f)

6.  The debtor bears the burden of showing that the requirements for assumption under $365 have been met. *In re Embers 86th St. Inc.*, 184 B.R. 892, 902 (Bankr.S.D.N.Y. 1995); *In re Rachels Indus Inc.*, 109 B.R. 797, 802 (Bankr.W.D.Tenn.1990). Moreover, the financial capability of an assignee may be sufficient for a finding of adequate assurance under an executory contract. *In re U.L Radio Corp.*, 19 B.R. 537, 543(Bankr.S.D.N.Y. 1982).

7.  Buyer fails provide any evidence of adequate assurance for assumption of the Administrative Services Agreement. Under the Administrative Services Agreement, BCBSIL provides third party administrative and claim services to Debtor in connection with Debtor's employees' health benefit plans. Debtor's plans are self-funded, meaning Debtor is responsible for payment of the claims. BCBSIL processes claims as they are submitted and pays out funds to health care providers who have provided medical services to Debtor's employees. Debtor then

OBJECTION                                                                 Page 3

pays BCBSIL for such health care claims daily, in addition to other requirements of the Administrative Services Agreement. Buyer has failed to provide any assurance that it can maintain the same payment schedule and other financial obligations, including but not limited to maintenance of an escrow account.

8. Absolutely no evidence of the financial backing for Buyer has been provided. For the Administrative Services Agreement to be assumed, BCBSIL must be protected for the claims it has administered and funded. The daily amount of claims exceeds $1M, which must be paid by either Debtor or Buyer. Furthermore, even basic information regarding Buyer is lacking. For example, Buyer fails to provide the location of its principal place of business, which is necessary for determining that BCBSIL is authorized to continue to administer a Blue Cross Blue Shield plan for Buyer under the Administrative Services Agreement.

9. Further, under the Asset Purchase Agreement, Debtor and Buyer agreed that any claims incurred prior to the closing date would be the responsibility of Debtor. However, claims for medical services rendered prior to the closing date may not be submitted to BCBSIL for weeks or months after the closing date. The Asset Purchase Agreement fails to take into consideration the run off period after the contract ends and arrange for payment of claims for employees that are not "Transferred Employees" as defined by the Asset Purchase Agreement. Furthermore, there is no assurance that Debtor will have sufficient funds to pay for claims that occur prior to closing, but are submitted post-closing. The Asset Purchase Agreement further fails to determine a procedure for the any run off payments at the time of assignment. Therefore, BCBSIL objects to the Asset Purchase Agreement on such basis.

10. Additionally, BCBSIL objects to the timeline of less than 24 hours to review the proposed adequate assurance and file an objection on a Saturday. Parties are entitled to fair notice and the ability to analyze information, without being forced to preemptively file an

objection due to the lack of information provided and the short time frame to object.

11. Pursuant to section 365 of the Bankruptcy Code, Debtor cannot assume and assign its Administrative Services Agreement with BCBSIL without providing adequate assurance of future performance.

## RESERVATION OF RIGHTS

12. BCBSIL continues to review the Asset Purchase Agreement, the proposed sale order and other relevant documents and information that have been filed with the Court. In addition, a copy of the transition services agreement has not been filed with the Court, and additional pleadings and information relevant to this Objection may be filed, disclosed or learned after the filing of this Objection. Accordingly, BCBSIL reserves the right to amend, supplement and/or modify this Objection and to file in the future additional appropriate pleadings.

WHEREFORE, for the foregoing reasons and any additional reasons stated at a hearing on this matter, BCBSIL respectfully requests that the Court enter an Order: (1) conditioning the any assumption and/or assignment of the Administrative Services Agreement between Debtor and BCBSIL on adequate assurance by the Buyer and compliance with all terms of the put forth in the Administrative Services Agreement and (2) clarification as provided herein of Section 9.7 of the Asset Purchase Agreement.

Dated: January 25, 2019
Dallas, Texas

    /s/ Kelly E. Kleist
Kelly E. Kleist
State Bar No. 24046229 (pro hac vice)
Email: kek@crm-lawfirm.com
CONLEY ROSENBERG & MENDEZ LLP
5080 Spectrum Drive
Suite 850 E
Addison, Texas 75001
(972) 364-9700
(972) 713-6480 (fax)

*ATTORNEY FOR HEALTH CARE SERVICE CORPORATION, A MUTUAL LEGAL RESERVE AND ITS DIVISION BLUE CROSS BLUE SHIELD OF ILLINOIS*

## CERTIFICATE OF SERVICE

Kelly E. Kleist certifies that she caused to be served a true and correct copy of the attached Limited Objection To the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction via transmission of Notice of Electronic Filing generated by CM/ECF on all parties of record, and on the parties listed below as indicated.

Dated: January 25, 2019
Dallas, Texas

    /s/ Kelly E. Kleist
Kelly E. Kleist

## SERVICE LIST

**VIA EMAIL**

I. Bid Notice Parties
    a. Debtors
        Rob Riecker: rob.riecker@searshc.com
        Luke Valentino: luke.valentino@searshc.com
        Mohsin Meghji: mmeghji@miiipartners.com
        General Counsel: counsel@searshc.com

    b. Debtors' counsel
        Ray Schrock, Esq.: ray.schrock@weil.com
        Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
        Garrett A. Fail, Esq.: garrett.fail@weil.com
        Sunny Singh, Esq.: sunny.singh@weil.com
        Ellen J. Odoner, Esq.: Ellen.Odoner@weil.com
        Gavin Westerman, Esq.: Gavin.Westerman@weil.com

    c. Debtor's investment banker
        Brandon Aebersold and Levi Quaintance: project.blue.rx@lazard.com

II. Buyer Parties
    a. Buyer
        Kunal S. Kamlani: kunal@eslinvest.com
        Harold Talisman: harold@eslinvest.com

    b. Counsel
        Christopher E. Austin, Esq.: caustin@cgsh.com
        Benet J. O'Reilly, Esq.: boreilly@cgsh.com
        Sean A. O'Neal, Esq.: soneal@cgsh.com

III. Consultation Parties
    a. Bank of America
        Paul Leake, Esq.: Paul.Leake@skadden.com
        Shana Elberg, Esq.: Shana.Elberg@skadden.com
        George Howard, Esq.: George.Howard@skadden.com

    b. Wells Fargo Bank
        Kevin J. Simard, Esq.: ksimard@choate.com
        Jonathan D. Marshall, Esq.: jmarshall@choate.com

    c. Committee
        Ira S. Dizengoff, Esq.: idizengoff@akingump.com
        Philip C. Dublin, Esq.: pdublin@akingump.com
        Abid Qureshi, Esq.: aqureshi@akingump.com
        Sara L. Brauner, Esq.: sbrauner@akingroup.com

<u>VIA FIRST CLASS MAIL</u>

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, NY 10153

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

CONLEY
ROSENBERG &
MENDEZ LLP
A Registered Limited Liability Partnership
Of Professional Corporations

5080 Spectrum Drive, Suite 850 E
Addison, Texas 75001

Phillip J. Conley
Jay M. Rosenberg
Kelly E. Kleist

Michelle A. Mendez (1961-2014)

Telephone: 972.364.9700
Facsimile: 972.713.6480
Email: kek@crm-lawfirm.com
Web: www.crm-lawfirm.com

January 25, 2019

<u>VIA COURIER</u>
District Clerk
United States Bankruptcy Court
Southern District of New York
300 Quarropas St.
White Plains, New York 10601

Re:   Case No. 18-23538 (RDD), *In re: Sears Holding Corporation, et al.*
      United States Bankruptcy Court, Southern District of New York

Dear Clerk:

Enclosed are two copies of the Objection of Blue Cross and Blue Shield of Illinois, a Division of Health Care Service Corporation, a Mutual Legal Reserve, to the Possible Assumption and Assignment and Adequate Assurance and Objection to the Asset Purchase Agreement ("Objection"). Please file the Objection and remit a file stamped copy of the Objection to the waiting courier. If you need any additional information, please contact our office.

Yours truly,

CONLEY ROSENBERG &
MENDEZ LLP

Kelly E. Kleist

KEK/as
Enclosures