Gregory G. Hesse (admitted *pro hac vice*)
HUNTON ANDREWS KURTH LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
(214) 468-3335
ghesse@huntonak.com

Michael S. Legge
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, New York 10166
(212) 309-1158
mlegge@huntonak.com

*Attorneys for McLane Company, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**OBJECTION OF MCLANE COMPANY, INC. TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

McLane Company, Inc. ("McLane") hereby files this Objection to the Notice of Cure Costs and Potential Assumption of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction. In support thereof, McLane respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (Preska., C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. McLane confirms its consent to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

## BACKGROUND

3. On October 15, 2018 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under the Bankruptcy Code in the Bankruptcy Court.

4. Prior to the Petition Date, McLane sold to one or more of the Debtors grocery related inventory including, but not limited to, candy on open account. Pursuant to the terms of sale, the Debtors would make payment to McLane within three (3) days of an invoice being issued.

5. To secure payment of its amounts owing to McLane for sale of inventory on open account, on or about April 15, 2015, the Debtors delivered to McLane a deposit in the amount of $2.5 million (the "Initial Deposit"). As a result of reduced purchasing requirements of the Debtors, on or about February 2, 2018, McLane returned the sum of $1 million of the Initial Deposit to the Debtors and retained the sum of $1.5 million as a deposit to secure payment from the Debtors for the sale of inventory on open account (the "Pre-Petition Deposit"). A portion of the Pre-Petition Deposit is still held by McLane.[2] Since receipt of the Initial Deposit, McLane has not provided trade credit to the Debtors in excess of the Pre-Petition Deposit.

6. Subsequent to the Petition Date, the Debtors provided McLane with a deposit in the amount of $750,000 to secure the post-petition sale of inventory on open account (the "Post-Petition Deposit"). Since receipt of the Post-Petition Deposit, McLane has not provided post-petition trade credit to the Debtors in excess of the Post-Petition Deposit.

**LIMITED OBJECTION**

7. As part of the Bankruptcy Case, the Debtors have been conducting a high profile and public "auction" for the sale of certain of its assets. On January 18, 2019, the Debtor's filed:

(a) the Notice of Successful Bidder and Sale Hearing [Dkt. No. 1730], which had attached to it, inter alia, (i) the "Material Terms of the Successful Bid," and (ii) the Asset Purchase Agreement (the "Sale Notice"); and

(b) the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in connection with Global Sales Transaction [Dkt. No. 1731] (the "Cure Notice").

---

[2] Subsequent to the Petition Date, McLane returned to the Debtors a portion of the Pre-Petition Deposit.

3

8.  As is common, the Asset Purchase Agreement is silent as to the contracts that will be assumed by the Debtor and assigned to the Purchaser. The Cure Notice, however, includes a list of over 7,000 executory contracts and unexpired leases, along with the Debtor's proposed cure payments. In this instance, the Cure Notice asserts that the Debtors have an "executory contract" with McLane. *See* No. 4757 on PDF p. 206 of the Cure Notice.

9.  Upon information and belief, McLane is not a party to any pre-petition agreement, contract, etc. with the Debtors that is subject to assumption by the Debtor. As such, McLane files this Limited Objection to the Global Sale in so far as it seeks to (a) create a contract between McLane and the Debtor and (b) assume and assign such contract to the purchasers.

## RESERVATION OF RIGHTS

10. Further, McLane does not waive (and expressly reserves) its right to amend, modify and supplement this objection, seek a continuance of the sale hearing and to seek discovery.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

WHEREFORE, McLane respectfully requests that the Court (a) deny any implied request by the Debtors to deem a contractual relationship with McLane that would be subject to assumption and assignment; and (b) grant such other and further relief in favor of McLane as the Court may deem just or proper.

Dated: January 25, 2019
      New York, New York

By: */s/ Michael S. Legge*
Michael S. Legge
HUNTON ANDREWS KURTH, LLP
200 Park Avenue,
New York, New York 10166
(212) 309-1158
mlegge@huntonak.com

Gregory G. Hesse (admitted *pro hac vice*)
HUNTON ANDREWS KURTH, LLP
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
(214) 468-3335
ghesse@huntonak.com

*Attorneys for McLane Company, Inc.*