**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**OBJECTION OF VEHICLE SERVICE GROUP, LLC D/B/A ROTARY LIFT-DOVER COMPANY, TO THE DEBTORS' PROPOSED CURE AMOUNT IN THE *NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE GLOBAL SALE TRANSACTION***

Vehicle Service Group, LLC d/b/a Rotary Lift-Dover Company ("VSG"), hereby objects to the proposed cure amount set forth in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* ("Notice") (Doc. No. 1731) filed by the Debtors and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. VSG provides certain equipment, accessories, parts and related support services at the Debtors' Auto Centers in connection with a Master Equipment Purchase and Service

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Agreement dated May 11, 2016 ("MSA") entered into by VSG and Sears, Roebuck and Co. VSG objects to the assumption and assignment of the MSA because the proposed cure amount fails to satisfy all existing defaults under the MSA in accordance with 11 U.S.C. § 365(b).

## BACKGROUND FACTS

2. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and several of its affiliates, including Sears, Roebuck and Co., filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. As of the Petition Date, VSG had performed work on behalf of one or more of the Debtors pursuant to the MSA and was owed $306,695.44. Attached as Exhibit A hereto and incorporated herein is a summary of the amount owed, along with the invoices that support the amount.

5. On or about January 22, 2019, the Debtors served VSG with the Notice that identified VSG as a counterparty to an executory contract with a contract title of "SHC – FACILITIES – AUTOMOTIVE – ROTARY LIFT – DOVER CORP - MSA - 2016" and a cure amount of "$262,028" under Row No. 5954.

## AUTHORITY

6. 11 U.S.C. § 365(b)(1) states, in pertinent part:

> (b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . .;

2

  (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

  (C) provides adequate assurance of further performance under such contract or lease.

11 U.S.C. § 365(b)(1).

  7. A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

## ARGUMENT

  8. VSG objects to the proposed cure amount in the Notice on the basis that such proposed amount is not accurate and does not include the entire amount that is owed for pre-petition work. Under the relevant pre-petition invoices attached as Exhibit A, VSG is owed $306,695.44 pursuant to the MSA.

  9. The $306,695.44 amount is based on pre-petition work performed but not paid.

## RESERVATION OF RIGHTS

  10. This Objection is without prejudice to other and additional cure claim amounts that (a) may exist and/or may become known at a future date and (b) will accrue on an ongoing basis between the filing of this Objection and any subsequent assumption of the MSA. VSG reserves its right to amend or supplement this Objection and to contest the assumption, assignment, or rejection of the MSA on any basis other than the proposed cure amount. VSG further reserves the right to file a motion for a administrative expense claim under 11 U.S.C. 503(b) of the Bankruptcy Code.

  WHEREFORE, Vehicle Service Group, LLC d/b/a Rotary, a Dover Company, respectfully requests that this Court enter an Order: (a) conditioning any assumption of the MSA

upon the payment of the $306,695.44 cure amount described herein; and (b) granting such other and further relief as this Court deems equitable and proper.

Dated this 25th day of January, 2019.

Respectfully submitted,

By: */s/ Edward L. Schnitzer*
Edward L. Schnitzer

**CKR Law LLP**
1330 Avenue of the Americas, 14th Floor
New York, New York 10019
T: +1 (212) 259-7307
F: +1 (212) 259-8200
E: eschnitzer@ckrlaw.com
W: www.ckrlaw.com

and

Brian Koenig
**Koley Jessen P.C., L.L.O.**
1125 South 103 Street
Suite 800
Omaha, NE 68124
T: 402.390.9500
E: Brian.Koenig@koleyjessen.com
W: www.koleyjessen.com

*Attorneys for Vehicle Service Group
d/b/a Rotary Lift-Dover Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2019, I electronically filed the foregoing with the Clerk of the Bankruptcy Court which sent notification of such filing to all CM/ECF system participants, including the following Objection Recipients, which also were sent the foregoing:

**VIA EMAIL:**

I. Bid Notice Parties
    a. Debtors
        Rob Riecker: rob.riecker@searshc.com
        Luke Valentino: luke.valentino@searshc.com
        Mohsin Meghji: mmeghji@miiipartners.com
        General Counsel: counsel@searshc.com
    b. Debtors' counsel
        Ray Schrock, Esq.: ray.schrock@weil,com
        Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
        Garrett A. Fail, Esq.: garrett.fail@weil.com
        Sunny Singh, Esq.: sunny.singh@weil.corn
        Ellen J. Odoner, Esq.: Ellen.Odoner@weil.com
        Gavin Westerman, Esq.: Gavin.Westerman@weil.com
    c. Debtors' investment banker:
        Brandon Aebersold and Levi Quaintance: project.blue.rx@lazard.com
II. Buyer Parties
    a. Buyer
        Kunal S. Kamlani: kunal@eslinvest.com
        Harold Talisman: harold@eslinvest.com
    b. Counsel
        Christopher E. Austin, Esq.: caustin@cgsh.com
        Benet J. O'Reilly, Esq.: boreilly@cgsh.com
        Sean A. O'Neal, Esq.: soneal@cgsh.com
III. Consultation Parties
    a. Bank of America
        Paul Leake, Esq.: Paul.Leake@skadden.com
        Shana Elberg, Esq.: Shana.Eiberg@skadden.com
        George Howard, Esq.: George.Howard@skadden.com
    b. Wells Fargo Bank
        Kevin J. Simard, Esq.: ksimardachoate.com
        Jonathan D. Marshall, Esq.: jmarshall@choate.com

2

**VIA FIRST CLASS MAIL:**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

s/

2

**EXHIBIT A**

18-23538-shl    Doc 1888    Filed 01/25/19    Entered 01/25/19 16:04:35    Main Document
Pg 7 of 7