DELBELLO DONNELLAN WEINGARTEN      *Hearing Date: December 20, 2018*
WISE & WIEDERKEHR, LLP     *Hearing Time: 10:00 a.m.*
*Counsel for Greenhorn Ventures LLC*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                   :     Chapter 11
                                        :
SEARS HOLDINGS CORPORATION, *et al.*,   :     Case No. 18-23538 (RDD)
                                        :
                                        :     (Jointly Administered)
            Debtors.                    :
------------------------------------------------------------x

**OBJECTION OF GREENHORN VENTURES LLC TO SALE AND ASSIGNMENT OF LEASE AND PROPOSED CURE AMOUNT PURSUANT TO 11 U.S.C. § 365(b)(1)**

Greenhorn Ventures LLC, an Idaho limited liability company, by and through its co-counsel, Dawn Kirby of DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, files this Objection to Sale and Assignment of Lease and Proposed Cure Pursuant to 11 U.S.C. § 365(b)(1) ("Objection") to the Debtors' global bidding procedures as culminating in the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (ECF No. 1731) ("Proposed Cure Notice") as applicable to the lease involving Kmart Corporation's Store No. 7006 located in Twin Falls, Idaho. The Debtor-Tenant is in substantial default of the lease at issue, the defaults have not been cured, and the Debtors have allocated no amounts to cure the defaults under the lease. The Court should deny approval of any sale and assignment of the lease without full cure of all defaults. In support of its Objection, Greenhorn Ventures LLC states as follows:

**I.    PARTIES**

1.    Sears Holdings Corporation, and its affiliated co-debtor, Kmart Corporation, (collectively, the "Debtors"), are corporations with principal offices located at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

2.    Debtors and certain other affiliates filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C.A. §§ 101 *et seq.*, on October 15, 2018. The Debtors and such affiliates continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C §§ 1107 and 1108.

3.    Greenhorn Ventures LLC ("Owner-Landlord") is an Idaho limited liability company, owning certain real property including a commercial building and its additions located at 2258 Addison Avenue East, Twin Falls, ID 83301 ("Property"), which Property is currently leased to and occupied by Kmart Corporation ("Debtor-Tenant") and used to operate a Kmart retail store [Store No. 7006].

4.    On January 14, 2019, the Debtors and certain of their affiliates conducted an auction for the proposed sale of assets, including the Debtor-Tenant's lease with Owner-Landlord with respect to the Property.

**II.    JURISDICTION AND VENUE**

5.    This Honorable Court has jurisdiction over this matter pursuant to Sections 157(a) and 1334 of Title 28 of the United States Code.

6.    Venue is proper in this Court pursuant to Section 1409(a) of Title 28 of the United States Code.

7.    This is a core proceeding pursuant to Section 157(b) of Title 28 of the United States Code.

### III. FACTS

8. On or about September 1, 1989, Debtor-Tenant entered into a certain Amended and Restated Lease (the "Lease") with a predecessor-in-interest of Owner-Landlord, pursuant to which the Debtor-Tenant agreed to pay base rental amounts to Owner-Landlord for the use of the Property along with performing other agreed upon obligations. A true and correct copy of the Lease and the Amended and Restated Memorandum of Lease recorded in the real property records of Twin Falls County, Idaho on January 28, 1993 are attached as Exhibits A-1 and A-2 to the Declaration of Travis Stroud.

#### A. Failure to Provide Evidence of Insurance.

9. By letter dated December 21, 2018 and sent by certified mail, Owner-Landlord requested evidence of insurance on the Property as required by the Lease. Exh. A-1, par. 18. to the Declaration of Travis Stroud. The failure to provide evidence of insurance is a material breach of the Lease. No amount or action with respect to the cure of this default under the Lease is provided for under the Proposed Cure Notice.

#### B. Failure to Discharge and Pay Mechanic's Claim of Lien.

10. Owner-Landlord was notified in mid-December 2018 (via certified mail) that on December 10, 2018, a mechanic's lien (the "Mechanics Lien") was recorded against the Property by Kloepfer Inc. ("Contractor"). A true and correct copy of the Mechanics Lien is attached as Exhibit B to the Declaration of Travis Stroud. The Mechanics Lien alleges that Debtor-Tenant failed to pay Contractor for goods and services consisting of paving materials, gravel, concrete, labor and equipment in the total amount of $135,889.67 plus accruing interest at 21% per annum. Upon information and belief, the Contractor was hired by Debtor-Tenant to repave the parking lot

at the Property during the summer of 2018, an obligation that belongs to Debtor-Tenant under the Lease. The paving and other work was allegedly completed on September 11, 2018.

11. Pursuant to Idaho Code §45-510, the Contractor has six (6) months from the recording date of the Mechanics Lien to commence a foreclosure action thereunder against the Property. Such an action would not be in violation of the automatic stay, 11 U.S.C. 362(a), because it would not be against the Debtors or the Debtors' property. It would only be against the Owner-Landlord's Property.

12. Paragraph 39 of the Lease requires Debtor-Tenant to pay and discharge any lien against the Property that it does not contest. Debtor-Tenant, as of this date, has provided Owner-Landlord no evidence of any bona fide basis to contest the Mechanics Lien. Paragraph 39 of the Lease requires the immediate payment of any judgment with respect to a contested lien and Paragraph 27 of the Lease obligates the Debtor-Tenant to "indemnify and save Landlord harmless against all penalties, claims or demand of whatsoever nature arising from Tenant's use of the" Property. The Mechanics Lien places the Property at serious risk and the Debtor-Tenant's failure to pay the Mechanics Lien is a material breach of the Lease. No amount or action with respect to the cure of this default under the Lease is provided for under the Proposed Cure Notice.

    **C.    Failure to Cure Encroachment on Adjoining Property**

13. Pursuant to the Lease, as further described below, Debtor-Tenant was authorized to construct improvements to the Property, but it did so as to encroach on the adjoining landowner's property. The encroachment was discovered through an ALTA survey of the Property conducted in September 2018 by a licensed Idaho surveyor in connection with Owner-Landlord's purchase of the Property. The adjoining landowner's representatives have advised Owner-Landlord that the

adjoining landowner "wants the encroachment cured and remedied." Declaration of Travis Stroud, par. 6.

14. Paragraph 14 of the Lease allows Debtor-Tenant to, "at its own expense and at any time, erect or construct additional buildings or structures on any portion" of the Property. Such expanded structures or buildings become and remain the property of Owner-Landlord. In this regard, and under the terms of Paragraph 14 and as further described in the fourth through the eighth recitals to the Lease, Debtor-Tenant was specifically authorized to construct an approximately 23,049 square foot addition to the then existing building, which addition is referred to in the Lease as the "Expansion." The "Expansion" was authorized to be constructed on a to-be-acquired parcel of real property referred to as the "Expansion Parcel," which "Expansion Parcel" was acquired by a predecessor-in-interest of Owner-Landlord on or about January 2, 1990.[1] The "Expansion Parcel" was surveyed at the request of Debtor-Tenant in July 1989.

15. Following the acquisition of the "Expansion Parcel" in 1990, Debtor-Tenant constructed the "Expansion" on that part of the Property consisting of the "Expansion Parcel." In breach of the Lease, and notwithstanding the prior survey of the "Expansion Parcel," Debtor-Tenant constructed a part of the "Expansion" on the real property of the adjoining landowner to the east of the "Expansion Parcel," i.e., to the east of Parcel 2 as shown on the ALTA survey. This continuing encroachment and trespass exposes Owner-Landlord to a substantial potential liability claim from the adjoining landowner. A true and correct copy of the ALTA survey of the Property and an enlarged excerpt therefrom detailing the encroachment of the "Expansion" are attached as Exhibits C-1 and C-2 to the Declaration of Travis Stroud.

---

[1] The "Expansion Parcel" is Parcel II shown on Exhibit A-2 and Parcel 2 shown on Exhibit C-1 to the Declaration of Travis Stroud.

16. The Debtor-Tenant has suggested that this is a years-old event that is merely a pretext, and that the doctrine of adverse possession and equitable doctrines based upon yet-to-be-demonstrated conduct would render it a non-issue. However, to quiet title, any person claiming adverse possession under Idaho Code §5-210 must show clear and convincing evidence of each element of adverse possession including "hostile possession" or an "open and notorious" possession opposing the true owner, as well as demonstrate evidence of all other statutory and case law elements of adverse possession. *Pleasants v. Henry,* 36 Idaho 728, 213 P. 565 (1923); *Aldape v. State,* 98 Idaho 912, 575 P.2d 891 (1978); *Berg v. Fairman,* 107 Idaho 441, 690 P.2d 896 (1984). Such evidence has not been demonstrated in this instance.

17. Moreover, and regardless of Debtor-Tenant's purported ability to invoke adverse possession and quiet title and equitable defense(s) to a claim by the adjacent landowner with respect to the encroachment, the encroachment is a continuing "cloud" on Owner-Landlord's title to the Property created solely by Debtor-Tenant, which Debtor-Tenant, not Owner-Landlord, should be required to resolve, remedy and cure at Debtor-Tenant's sole cost and expense.

18. The continuing encroachment and trespass of the expanded building on the adjoining landowner's property is a continuing material breach and default of the terms of the Lease by Debtor-Tenant. No amount or action with respect to the cure of this default under the Lease is provided for under the Proposed Cure Notice.

19. Owner-Landlord is prejudiced by the Debtor-Tenant's continued use of the Property under the Lease as set forth above.

20. Owner-Landlord reserves the right to amend this Objection with any further breaches which may be discovered and which may otherwise exist or arise under the Lease.

**D.     Requested Remedy – Denial of Any Proposed Sale and Assignment of the Lease.**

21.     The Debtor-Tenant's post-petition leasing and use of Owner-Landlord's Property under the Lease constitutes an executory contract or unexpired lease under Section 365 of the Bankruptcy Code.

22.     Pursuant to Section 365(b)(1)(A) of the Bankruptcy Code, the Debtor-Tenant has a duty to cure and/or provide adequate assurance payments to promptly compensate the Owner-Landlord for defaults created by the Debtor-Tenant under the Lease.  It is not impossible for the Debtor-Tenant to cure such defaults.

23.     The Owner-Landlord is not aware that the Debtor-Tenant has allocated any amounts or provided adequate assurances to cure the above defaults.  Again, as detailed in the Proposed Cure Notice (ECF No. 1731; Exh B, pg. 8 of 10), the Debtor-Tenant has allocated no amounts to cure of the defaults under the Lease for Store No. 7006.

24.     The Kmart Store No. 7006 and the Lease associated with the Property in Twin Falls, Idaho continues to be listed by the Debtors and their affiliates as a "Go Forward Store" to be included and sold by Debtors and their affiliates.

25.     Because Owner-Landlord is being greatly prejudiced by the Debtor-Tenant's continued use of the Property, without evidence of insurance, without discharge of the Mechanics Lien, and being exposed to claims and liabilities of or created by the Debtor-Tenant with respect to the above-described encroachment as well as the imperfection to the title of the Property that the encroachment creates, this Court must deny approval of any proposed motion to sale as may involve the Lease and Kmart Store No. 7006.

**WHEREFORE**, Owner-Landlord requests that this Court enter an Order sustaining Greenhorn Ventures LLC's Objection to any proposed sale or assignment of the Lease. Owner-Landlord reserves all other legal rights and claims against all parties.

Dated: January 25, 2019
      White Plains, New York

Respectfully submitted,

*/s/ Dawn Kirby*

Dawn Kirby
DelBello Donnellan Weingarten Wise
   & Wiederkehr, LLP
One North Lexington Avenue
White Plains, New York 10601
Telephone: (914) 681-0200
Email: dkirby@ddw-law.com
   *Attorneys for Greenhorn Ventures LLC*