**ROPES & GRAY LLP**
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
James M. Wilton (*admitted pro hac vice*)
Patricia I. Chen (*admitted pro hac vice*)

*Attorneys for Cross Country Home Services, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------- x | | |
| In re | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| -------------------------------------------------------x | | |

**LIMITED OBJECTION OF CROSS COUNTRY HOME SERVICES, INC.
TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Cross Country Home Services, Inc. ("CCHS"), a party in interest in the above-captioned

chapter 11 cases, by and through its undersigned attorneys, submits this limited objection (this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

"Limited Objection") to the assumption and assignment of the executory contracts between the Debtors and CCHS, as set forth in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Initial Cure Notice") and the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1774] (the "Supplemental Cure Notice" and collectively with the Initial Cure Notice, the "Cure Notices").[2] In support of this Limited Objection, CCHS respectfully states as follows:

**Background**

1. The Debtors have proposed a sale of substantially all of their assets (the "Global Sale Transaction") to a designee of ESL Investments, Inc. (the "Buyer"). Pursuant to the Cure Notices, the Debtors have stated that the THM Program Contracts (as defined below) between the Debtors and CCHS may be assumed and assigned in connection with the Global Sale Transaction. The proposed sale order (the "Proposed Sale Order") defines "Claims" to include rights of setoff and recoupment and provides that the Debtors' assets will be sold free and clear of all Claims, other than Assumed Liabilities. Proposed Sale Order, § P. Under the Asset Purchase Agreement, the Assumed Liabilities with respect to assigned contracts are limited to claims and liabilities arising on or after the closing of the Global Sale Transaction (the "Closing").

2. CCHS, a provider of home warranty, repair, and maintenance services, has partnered with Sears Holdings Management Corporation ("Sears Holdings") and Sears, Roebuck and Co. ("Sears Roebuck") to offer a Total Home Management Program (the "THM Program") to customers. The THM Program has been a successful and productive partnership and generates

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Cure Notices.

2

significant revenues for CCHS, Sears Holdings, and Sears Roebuck. Under the THM Program, CCHS (i) receives fees from CCHS customers in the THM Program and pays a portion of such fees to Sears Holdings as a commission for originating customers for the THM Program and for providing certain customer benefits and other services under the THM Program, (ii) compensates Sears Roebuck for repair and maintenance services provided to CCHS customers under the home warranty plans offered under the THM Program, and (iii) performs credit card merchant services for Sears Holdings in relation to service call charges.

3. The agreements governing the THM Program (collectively, the "THM Program Contracts") include the following:

   a. Amended and Restated Total Home Management Program Agreement, dated as of November 1, 2017, between (x) CCHS, on behalf of itself and as agent for HomeSure Services, Inc., HomeSure of America, Inc., HomeSure Protection of California, Inc., and HomeSure of Virginia, Inc. and (y) Sears Holdings, on behalf of itself and each of its affiliates (as amended, the "THM Program Agreement");[3]

   b. Home Services Agreement, dated as of February 1, 2016, between CCHS and its subsidiaries and Sears Roebuck (as amended, the "Vendor Agreement");[4]

   c. Administration Agreement, dated as of April 28, 2014, between CCHS and Sears Holdings (the "Administration Agreement"); and

   d. Guarantee and Security Agreement, dated as of November 1, 2017, by and among Sears Holdings, Sears Roebuck, and Kmart Holding Corporation, in favor of CCHS, for itself and as agent for HomeSure Services, Inc., HomeSure of America, Inc., HomeSure Protection of California, Inc., and HomeSure of Virginia, Inc. (the "Guaranty Agreement").

4. The THM Program Contracts provide for detailed netting, recoupment and intra-contractual setoff rights. The THM Program Agreement provides that CCHS pays the "Sears

---

[3] The THM Program Agreement has been amended by the First Amendment, dated as of January 26, 2018, the Second Amendment, dated as of April 27, 2018, and the Third Amendment, dated as of November 7, 2018.

[4] The Vendor Agreement has been amended by the First Amendment, dated as of December 15, 2016, the Second Amendment, dated as of August 24, 2017, the Third Amendment, dated as of November 1, 2017, the Fourth Amendment, dated as of November 13, 2017, and the Fifth Amendment, dated as of August 21, 2018.

Payment" to Sears Holdings on a monthly basis, which is calculated using a contractual formula. THM Program Agreement, § 3(A) & Ex. A. Under this formula, the initial "Gross Sears Commission" is determined by the monthly fees collected from customers under the THM Program and a commission schedule that sets commission rates based on the type of CCHS warranty plan. The Gross Sears Commission is then modified to arrive at the Sears Payment by adding agreed bonuses and subtracting, through recoupment, agreed costs and adjustments (the "Agreed Reductions"). The Agreed Reductions include, without limitation:

      a. reductions to the commission when actual portfolio losses for active warranties ("Actual Portfolio Loss Cost") fall below an agreed operating range;

      b. allowable adjustments, including costs for development and distribution of marketing and promotional materials, fees and costs arising from early cancellations by customers, and taxes and other governmental charges; and

      c. early termination fees, losses indemnified by Sears Holdings, and any other amounts owing by Sears Holdings under the THM Program, including contractual damages (the "Secured Recoupment Amount").

5.      The Gross Sears Commission may be further reduced in the event that CCHS loses the use of Sears branding. THM Program Agreement, § 8(B)(4). CCHS is also entitled under the THM Program Agreement to recoup, setoff, and apply the Secured Recoupment Amount against the Sears Payment and any other obligations owing by CCHS to Sears Holdings under any THM Program Document. THM Program Agreement, § 5(E). Specific categories of expenses that are subject to recoupment include, without limitation and to the extent not previously recouped, (i) adjustments related to Actual Portfolio Loss Cost, (ii) increased costs incurred by CCHS during the Debtors' bankruptcy cases related to parts that the Debtors were unable to supply as a result of constraints on credit terms offered by the Debtors' vendors, and (iii) attorneys' fees and costs related to the negotiation and documentation of advances by CCHS of commissions paid to Sears Holdings during the pre-petition period.

6. The THM Agreement is governed by Illinois law. In the event of any dispute, claim or controversy arising from or relating to any of the THM Program Documents, the parties have agreed to submit such dispute, claim or controversy to arbitration pursuant to the JAMS Comprehensive Arbitration Rules & Procedures. THM Program Agreement, § 13(G).

7. Under the Vendor Agreement, Sears Roebuck provides services to CCHS customers at CCHS' request and receives compensation from CCHS for these services. CCHS is entitled to credits for customer fees collected by Sears Roebuck on CCHS's behalf as well as warranties and indemnities, which are recouped and set off against amounts owing by CCHS to Sears Roebuck under the Vendor Agreement. Vendor Agreement, §§ 3.3, 7, and 9.2. Further, under the Administration Agreement, CCHS is authorized to retain its administrative processing fees from the amounts remitted to Sears Holdings and has rights to reimbursement and indemnities against Sears Holdings. Administration Agreement, §§ 5, 8.

8. On November 8, 2018, CCHS filed a limited objection to the Debtors' motion for authority to obtain postpetition financing (the "DIP Facilities"). Similar to the relief requested in this Limited Objection, CCHS requested and obtained language in the orders approving the DIP Facilities (the "DIP Orders") confirming that nothing in the DIP Orders "is intended to, and shall not: (a) waive, modify, prejudice, limit or otherwise impair the right of any party to exercise rights of setoff or recoupment, if any, under the Bankruptcy Code (including, without limitation, pursuant to section 553 of the Bankruptcy Code) or any other applicable non-bankruptcy law . . . ." This language was included in both DIP Orders. *See Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (III)*

5

*Granting Related Relief* [Docket No. 955], ¶ 59; Final Junior DIP Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Grant Secured Priming Liens and Super priority Administrative Expense Claims; (II) Modifying the Automatic Stay; and (III) Granting Related Relief [Docket No. 1436], ¶ 57.

### Limited Objection[5]

9. Recoupment and setoff rights are integral to the calculation of amounts due to Sears Holdings and Sears Roebuck under the THM Program. Adjustments to the calculation after the Closing will necessarily include credits and recoupment for periods prior to the Closing, including as a result of any damages for any breach of the THM Program Contracts prior to the Closing. Contracts assumed pursuant to section 365(a) of the Bankruptcy Code are assumed "*cum onere*," *i.e.* with all benefits and burdens. *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531–32 (1984). CCHS files this Limited Objection to preserve its rights of recoupment and setoff, whether arising before or after the Closing of the Global Asset Sale Transaction.

10. In order to resolve this Limited Objection, CCHS requests that the following language be included in Proposed Sale Order:

> Notwithstanding anything to the contrary in this Order, nothing in this Order shall modify, impair, limit, or otherwise interfere with the rights of recoupment and setoff of Cross Country Home Service, Inc. ("CCHS"), whether arising before or after the Closing Date, under (i) the Amended and Restated Total Home Management Program Agreement, dated as of November 1, 2017, between (x) CCHS, on behalf of itself and as agent for HomeSure Services, Inc., HomeSure of America, Inc., HomeSure Protection of California, Inc., and HomeSure of Virginia, Inc. and (y) Sears Holdings Management Corporation ("Sears Holdings"), on behalf of itself and each of its affiliates, (ii) the Home Services Agreement, dated as of February 1, 2016, between CCHS and its subsidiaries and Sears, Roebuck &

---

[5] By filing this Limited Objection, CCHS does not consent to the jurisdiction of the Bankruptcy Court to determine the validity or amount of any setoff or recoupment or the arbitrability of any other dispute that may arise among the parties under the THM Program Contracts. *See Henry Schien, Inc. v. Archer and White Sales, Inc.*, 586 U.S. __, No. 17-1272, slip op. at 5 (Jan. 8, 2019) ("Just as a court may not decide a merits question that the parties have delegated to an arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator"). CCHS does not waive, and expressly reserves, all rights and remedies at law or in equity that CCHS may have under the THM Program Documents, including its rights to arbitration of any disputes related to recoupment and setoff.

Co., (iii) the Administration Agreement, dated as of April 28, 2014, between CCHS and Sears Holdings, and (iv) the Guarantee and Security Agreement, dated as of November 1, 2017, by and among Sears Holdings, Sears Roebuck, and Kmart Holding Corporation, in favor of CCHS, for itself and as agent for HomeSure Services, Inc., HomeSure of America, Inc., HomeSure Protection of California, Inc., and HomeSure of Virginia, Inc., in each case, as amended, supplemented or otherwise modified through the date hereof.

11.    CCHS also requests that the Debtors confirm that any assumption and assignment of the THM Program Contracts to the Buyer will include all amendments and supplements thereto.[6]

**WHEREFORE**, CCHS respectfully requests that the Court (a) include the language requested in this Limited Objection in the Proposed Sale Order, (b) require the Debtors to confirm that assumption and assignment of the THM Program Contracts includes all amendments and supplements to the THM Program Contracts, and (c) grant such other and further relief as is just, proper, and equitable.

Dated: January 25, 2019
       Boston, Massachusetts

                                        */s/ James M. Wilton*
                                     James M. Wilton (*admitted pro hac vice*)
                                     Patricia I. Chen (*admitted pro hac vice*)
                                     ROPES & GRAY LLP
                                     Prudential Tower, 800 Boylston Street
                                     Boston, MA 02199-3600
                                     Telephone: (617) 951-7000
                                     Facsimile: (617) 951-7050
                                     james.wilton@ropesgray.com
                                     patricia.chen@ropesgray.com

---

[6]  The Cure Notices fail to clearly set forth all of the amendments to the THM Program Contracts described in footnotes 3 and 4 above.