Benesch, Friedlander, Coplan & Aronoff LLP
39 Broadway, 25th Floor
New York, New York 10006
(302) 442-7010
Michael J. Barrie (No. 5057450)
Kevin M. Capuzzi (*pro hac vice* pending)

*Attorneys for PREP Hanover Real Estate LLC*

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | Chapter 11 |
|---|---|---|
| **In re** | : | |
| | : | Case No. 18-23538 (RDD) |
| **SEARS HOLDINGS CORPORATION,** | : | |
| *et al.,* | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | Re: ECF No. 1731 |

### OBJECTION OF PREP HANOVER REAL ESTATE LLC TO PROPOSED CURE AMOUNT AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE IN CONNECTION WITH GLOBAL SALE TRANSACTION

PREP Hanover Real Estate LLC ("Landlord"), by and through its undersigned counsel, hereby objects (the "Objection") to the *Notice of Cure Costs and Potential Assumption and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* (ECF No. 1731) (the "Cure Notice"). In support thereof, Landlord states as follows:

1. On October 15, 2018 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only.

2. Landlord and one of the Debtors, Sears, Roebuck and Co. ("Tenant"), are parties to that certain Lease dated October 12, 1973 (which Lease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "Lease"). Pursuant to the Lease, Tenant leases space currently containing approximately 125,546 rentable square feet, commonly known to Tenant as Store No. 1243 (the "Leased Premises"), located in the Hanover Mall in Hanover, Massachusetts.[2, 3]

3. On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (ECF No. 816) (the "Global Bidding Procedures Order"), approving global bidding and sale procedures (the "Global Bidding Procedures") in connection with the sale or disposition of substantially all of the Debtors' assets.

4. The Global Bidding Procedures included, *inter alia*, the requirement that the Debtors file and serve the Cure Notice. Exhibit B to the Cure Notice, as filed by the Debtors, lists the proposed cure amounts for leases proposed to be assumed and assigned to the successful bidder for certain of the Debtors' assets. The Debtors' proposed cure amount for the Leased

---

[2] The Lease is not attached hereto because it is voluminous and the Debtors are already in possession of a copy thereof; however, Landlord will produce a copy upon request.

[3] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them in the Lease.

Premises is found at No. 45 of Exhibit B to the Cure Notice is $23,540.00 (the "Proposed Cure Amount").

5. Landlord objects to the Proposed Cure Amount. As an initial matter, the Proposed Cure Amount does not include amounts that may become due under the Lease after the Lease is assumed or assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, real estate tax and common area maintenance reconciliations). Any order establishing a cure amount in connection with the assumption or assumption and assignment of the Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease, notwithstanding the Proposed Cure Amount.

6. Further, Landlord objects to Proposed Cure Amount as it does not provide for a cure of Tenant's non-rent-related defaults under the Lease (collectively, the "Non-Rent Default"), as discussed below.

7. The first Non-Rent Default relates to Tenant's operation of a Sears Auto Center (the "Auto Center") on the Leased Premises (the "Environmental Default"). From time to time, Tenant has dismantled or altered certain vehicle lifts and underground hydraulic storage units in, on, or under the Auto Center. Pursuant to section 25 of the Lease, Tenant is responsible for any and all alterations to the Leased Premises. Despite Landlord's demand, Tenant has not provided information to Landlord necessary to assess whether such alterations to the Auto Center were performed correctly and without causing any environmental effects. A true and correct copy of Landlord's October 30, 2018 demand letter related to the Non-Rent Default is attached hereto as Exhibit A and incorporated herein by reference. The amount necessary to cure (if possible to cure at all) the Environmental Default is presently unknown.

8.   The second Non-Rent Default relates to Tenant's damage to the HVAC air handler which services the Leased Premises (the "HVAC Default").  Specifically, Tenant failed to install an HVAC controls system and instead directed its employees to manually open and close the dampers.  Pursuant to section 23.6(d)(2), only a "qualified engineer" is authorized to service the HVAC equipment.  The employees charged with manually operating the HVAC equipment are not "qualified engineers" and they, at least twice, left the dampers open, thereby causing the air handler pipes to freeze.  Landlord's engineers believe that Tenant's actions have caused permanent damage to the chiller, thereby shortening its remaining working life, and potentially requiring replacement of the entire HVAC system by Tenant.  Pursuant to section 23.6(a), Tenant is responsible for all repairs and replacements to the HVAC system caused by its fault or neglect.  See Exhibit A.  The amount necessary to cure the HVAC Default is estimated to be not less than $600,000.00.

9.   Finally, the Proposed Cure Amount must also include the attorneys' fees incurred by Landlord in preparing, filing, and prosecuting this Objection.  Reasonable attorneys' fees are recoverable under section 365(b)(1) of the Bankruptcy Code if the lease sought to be assumed provides for the payment of such fees.  See e.g., In Re Child World, Inc., 161 B.R. 349, 354 (S.D.N.Y. 1993) (holding that section 365(b)(1) of the Bankruptcy Code allows for recovery of attorney fees if such is provided in the language of the lease).  Here, Section 11 of the Amendment to Lease dated as of October 26, 2011, and Section 11 of the Amendment to Lease dated as of January 16, 2013, specifically contemplate an award of attorneys' fees.  Landlord has accrued and will continue to accrue attorneys' fees in connection with this matter, all of which are (i) reimbursable by Tenant to Landlord under the Lease, and (ii) required to be paid by Tenant in connection with any assumption of the Lease (the "Attorneys' Fees").

4

10. Based on the foregoing, in order to assume and assign the Lease to the successful bidder, the Debtors must cure the Non-Rent Default, including the Environmental Default (in an amount to be determined) and HVAC Default (in an amount not less than $600,000.00) described above, plus Attorneys' Fees, real estate tax and CAM reconciliations, and all other amounts that may become due under the Lease after the Lease is assumed or assumed and assigned, but which may relate to the pre-assumption period (collectively, the "Actual Cure Amount").

11. Moreover, in addition to the payment of the Actual Cure Amount, the successful bidder must provide Landlord with adequate assurance of future performance pursuant to section 365(f)(2)(B) of the Bankruptcy Code. Because the Leased Premises is located in a shopping center, the Bankruptcy Code requires heightened adequate assurance requirements, including assurances:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3). Although Landlord has not yet received information to assess the successful bidder's future performance under the Lease, Landlord reserves its rights to supplement this Objection pursuant to section 365(f)(2)(B) of the Bankruptcy Code.

12.    Landlord reserves its rights to supplement this Objection at or prior to the hearing on the Objection.

NOTICE

13.    Notice of this objection will be provided to: (i) the Debtors, c/o Sears Holdings corporation, 3333 Beverly Road, Hoffman Estates IL 60179, Attn: Rob Riecker (rob.riecker@searshc.com), Luke Valentino (luke.valentino@searshc.com), and Mohsin Meghji (mmeghji@miiipartners.com); (ii) counsel to the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Ray C. Schrock, P.C. (ray.schrock@weil.com), Jacqueline Marcus, Esq. (jacqueline.marcus@weil.com), Garrett A. Fail, Esq. (garrett.fail@weil.com), and Sunny Singh, Esq. (sunny.singh@weil.com); (iii) the Debtors' investment banker, Lazard Frères & Co., LLC, 30 Rockefeller Plaza, New York, New York 10112, Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com); (iv) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attn: Paul D. Leake, Esq. (Paul.Leake@skadden.com), Shana A. Elberg, Esq. (Shana.Elberg@skadden.com), and George R. Howard, Esq. (George.Howard@skadden.com); (v) counsel to Wells Fargo Bank, National Association, Choate, Hall and Stewart LLP, Attn: Kevin J. Simard (ksimard@choate.com), Jonathan D. Marshall (jmarshall@choate.com); (vi) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Philip C. Dublin, Esq. (pdublin@akingump.com), Ira Dizengoff, Esq.

(idizengoff@akingump.com), Abid Qureshi (aqureshi@akingump.com) and Sara Lynne Brauner, Esq. (sbrauner@akingump.com); (vii) counsel to ESL Investments and its affiliates, Cleary, Gottlieb, Steen & Hamilton, One Liberty Plaza, New York, NY, 10006, Attn: Sean A. O'Neal, Esq. (soneal@cgsh.com), James L. Bromley (jbromley@cgsh.com), Andrew Weaver (aweaver@cgsh.com), Rahul Mukhi (rmukhi@cgsh.com), Jennifer Kennedy Park (jkpark@cgsh.com); and (viii) to all parties entitled to notice in accordance with paragraph 5 of the *Amended Order Implementing Certain Notice and Case Management Procedures*.

WHEREFORE, Landlord respectfully requests that: (a) any assumption and assignment of the Lease be conditioned upon payment of the Actual Cure Amount, which is comprised of the Non-Rent Default, including the Environmental Default (in an amount to be determined) and the HVAC Default (in an amount not less than $600,000.00) described above, plus Attorneys' Fees, real estate tax and CAM reconciliations, and all other amounts that may become due under the Lease after the Lease is assumed or assumed and assigned, but which may relate to the pre-assumption period; (b) any proposed assignee of the Lease provide adequate assurance of future performance of the Lease terms; (c) the Court grant Landlord such other and further relief as the Court deems just and proper.

Dated: January 25, 2019

        BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By:     */s/ Michael J. Barrie*
Michael J. Barrie (No. 5057450)
Kevin M. Capuzzi (*pro hac vice* pending)
39 Broadway, 25th Floor
New York, NY 10006
(302) 442-7010
mbarrie@beneschlaw.com
kcapuzzi@beneschlaw.com

*Counsel for PREP Hanover Real Estate LLC*