DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for National Health Information Network,*
*Inc. and PDX Inc.*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 681-0200
Julie Cvek Curley, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

SEARS HOLDINGS CORPORATION, *et al.*,[1]

                         Debtor.

Chapter 11
Lead Case No. 18-23538 (RDD)
(Jointly Administered)

-------------------------------------------------------------X

**LIMITED OBJECTION OF NATIONAL HEALTH INFORMATION NETWORK, INC. AND PDX INC. TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS IN CONNECTION WITH GLOBAL SALE TRANSACTION**

TO:    HONORABLE ROBERT D. DRAIN,
         UNITED STATES BANKRUPTCY JUDGE

National Health Information Network, Inc. ("NHIN") and PDX Inc. ("PDX"), creditors

in the above captioned Chapter 11 proceedings, by and through their attorneys, DelBello

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179. The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616, and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "Additional Debtors"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure

Donnellan Weingarten Wise & Wiederkehr, LLP, submit this limited objection (the "Limited Objection") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "Cure Notice", Dkt. No. 1731). In support of this Limited Objection, the PDX and NHIN respectfully state and represent as follows:

1.      On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and certain of its affiliates, including Sears, Roebuck and Co. ("SRC"), Kmart Corporation ("Kmart"), and Sears Brands Management Corporation ("SBMC"), together with Sears Holding Corporation, SRC and Kmart, the "Initial Debtors"), commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subsequently, three additional affiliates filed voluntary petitions on October 18, 2018, October 22, 2018 and January 7, 2019 (together with the Initial Debtors, the "Debtors").

2.      Prior to the Petition Date, the Debtors entered into four (4) executory contracts with NHIN and PDX. PDX, Inc. is a company that sells pharmacy management software. The implementation and use of PDX pharmacy software requires the corresponding use of the NHIN Drug File service. The contracts are summarized as follows:

- PDX. Inc. Software and License Agreement (the "License Agreement"): License agreement for use of proprietary PDX software for pharmacy management services.

- PDX Inc. HIPPA Agreement (the "HIPPA Agreement"): In connection with the implementation of the PDX and NHIN software, certain protected health information ("PHI") would be disclosed and exchanged. The purpose of this agreement is to provide satisfactory assurances that the requisite safeguards to the privacy and security of that PHI in compliance with applicable provisions of the Health Insurance Portability and Accountability Act of 1996, Public Law 104-191 ("HIPAA") and the HIPAA administrative simplification regulations.

- NHIN Drug File Services Agreement (the "Drug File Services Agreement"): The Database utilized in connection with the PDX software; it is a comprehensive database containing (i) descriptive, pricing, clinical, patient education, and Medicaid drug eligibility information regarding prescription drugs and selected

over-the-counter products, and (ii) extensive information of physicians, dentists, podiatrists, and mid-level practitioners,

- NHIN Absolute^AR Services (the "A/R Agreement"): NHIN will make available to Customer via the NHIN website or on DVDs Customer's NHIN reports generated from the sales and payment application of the ANSI X12 835 files. This software is the accounts receivable software and necessary for the Customer's pharmacy to process claims and reporting.

3. Each of the four contracts, the License Agreement, the HIPPA Agreement, the Drug File Services Agreement, and the A/R Agreement (collectively, the "Contracts") are inter-related and work together. Three of the four Contracts are required for the customer to effectively use the program. The License Agreement is akin to a "search engine." The Drug File Services Agreement is the "data." The HIPPA Agreement is necessary to avoid violation of federal health privacy regulations in the use of the software. These three Contracts work together and would not work separately. The A/R Agreement for billing and claims processing is a standalone service offering which can be used in conjunction with PDX pharmacy software or other proprietary pharmacy management systems.

4. On November 1, 2018, the Debtors moved this Court for Approval of Global Bidding Procedures (the "Global Bidding Procedures Motion", Docket No. 429) to facilitate sale transactions of substantially all of the Debtors' assets (the "Assets"), including the assumption and assignment of certain executory contracts.

5. On November 19, 2018, the Court entered the Order Approving Global Bidding Procedures and Granting Related Relief (the "Global Bidding Procedures Order", Docket No. 816), approving global bidding and sale procedures substantially in the form proposed by the Global Bidding Procedures Motion.

6. On January 14, 2019, the Debtors commenced an auction for a sale of the Assets, wherein the offer submitted by Transform Holdco LLC was determined to be the highest and best offer for the Assets.

7. On January 18, 2019, the Debtors filed the Cure Amount Notice. Attached to the Cure Amount Notice as Exhibit A is the Schedule of Cure Amounts (the "Cure Amount Schedule"), which lists proposed cure amounts (the "Proposed Cure Amount(s)") in connection with the Debtors' potential assumption or assumption and assignment of executory contracts.

8. The Cure Amount Schedule lists NHIN and PDX as a party to three agreements (the "Assumed Contracts") that the Debtors assert are subject to potential assumption and assignment:

| Contract No. | Counterparty Name | Contract Title | Proposed Cure Amount |
|---|---|---|---|
| 5153 | NATIONAL HEALTH INFORM NETWORK INC/ABSOLUTE AR | AR HEALTH WELLNESS ABSOLUTE MASTER AND EXHIBITS | $116,403.00 |
| 5470 | PDX INC-361857 | HEALTH WELLNESS NHS (PDX) HIPPA AGREEMENT 2015 | $75.00 |
| 5471 | PDX, INC. | LICENSE AGREEMENT | $ - |

9. NHIN objects to the Proposed Cure Amounts pertaining to the A/R Agreement. The correct cure amount under the A/R Agreement is $123,165.07, not $116,403.00. A copy of the computation of the cure amount for the A/R Agreement is annexed hereto as **Exhibit A.**

10. Further, NHIN and PDX assert that the Assumed Contracts cannot function without the assumption of the Drug File Services Agreement. The arrears owed by the Debtor to NHIN under the Drug File Services Agreement as of January 25, 2019 is $105,787.72. A copy of the computation of the cure amount for the Drug File Services Agreement is annexed hereto as **Exhibit B.**

11. Based upon the foregoing, NHIN and PDX assert that in order to assume the Assumed Contracts, the Debtors must also assume the Drug File Services Agreement, and request that the Drug File Services Agreement be added to the list of Assumed Contracts, with the cure amount set forth above.

12. NHIN and PDX assert that the Contracts to be assumed in connection with te Global Sale Transaction, and respective cure amounts are as follows:

| Counterparty Name | Contract Title | Proposed Cure Amount |
|---|---|---|
| National Health Information Network, Inc. | Absolute$^{AR}$ Agreement | $123,165.07 |
| PDX Inc. | HIPPA Agreement | $75.00 |
| PDX, Inc. | License Agreement | $0.00 |
| National Health Information Network, Inc. | Drug File Services Agreement | $105,787.72 |

13. The Cure Amount Notice does not require NHIN or PDX to assert any objections to the assumption and assignment of the Assumed Contracts other than as such objections relate to the Proposed Cure Amounts. NHIN and PDX reserves all rights to object to assumption and assignment of the Assumed Contracts, including objections based on whether such contracts are executory and objections based on the failure to provide adequate assurance of future performance pursuant to section 365(b)(1)(C).

**WHEREFORE**, NHIN and PDX respectfully requests that the cure amounts for the Assumed Contracts be set at the amounts stated herein, and that the Drug File Services Agreement be assumed as well, with a cure amount of $105,787.72, and that NHIN and PDX be granted such other relief to which it may be entitled.

Dated: White Plains, New York
January 25, 2019

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for Attorneys for National Health Information Network, Inc. and PDX Inc.*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 681-0200

By: */s/ Julie Cvek Curley*
Julie Cvek Curley, Esq.