N. Neville Reid
FOX SWIBEL LEVIN & CARROLL LLP
200 West Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1201
nreid@foxswibel.com

*Attorneys for The Chamberlain Group, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | |
|---|---|
| In re: | Case No. 18-23538 (RDD) |
| | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | (Jointly Administered) |
| Debtors. | |

---------------------------------------------------------------X

**LIMITED CURE CLAIM OBJECTION OF THE CHAMBERLAIN GROUP, INC. , AND REQUEST FOR CONFIRMATION OF IDENTIFICATION OF EXECUTORY CONTRACT**

The Chamberlain Group, Inc. ("Chamberlain"), by and through its undersigned counsel, hereby files this limited objection to the Debtors' statement of the cure costs associated with Chamberlain's executory contract that the Debtors may assume and assign to Transform Holdco, LLC (the "Buyer"), and further seeks confirmation that such executory contract includes all of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

the pre-petition amendments that the Debtors and Chamberlain made thereto. In support of this Limited Objection, Chamberlain states as follows:

1. Prior to October 15, 2018 (the "Petition Date"), certain of the Debtors (the "Contract Debtors")[2] entered into a Supply Agreement for Garage Door Operators and Accessories with Chamberlain dated January 1, 2010 (as amended, the "Contract"), pursuant to which Chamberlain provides certain goods and services to the Contract Debtors, including the *Craftsman* garage door products. The Contract includes eleven amendments that were entered into by the Contract Debtors and Chamberlain as of various dates.[3] Chamberlain has continued to supply goods and services to the Contract Debtors in the ordinary course after the Petition Date pursuant to the terms of the Contract.

2. Prior to and after the Petition Date and pursuant to the Contract, Chamberlain has billed three Contract Debtors for products or services provided under the Contract: Sears, Roebuck & Co. ("Sears Roebuck"); Sears Home & Business Franchises, Inc. ("Sears Franchise"); and Sears Holdings Corporation ("Sears Holdings").

3. On January 18, 2019, the Debtors served on Chamberlain and filed with the Court a notice that the Debtors may assume and assign the Contract to the Buyer, and attached thereto a schedule indicating the Debtor's calculation of the cure costs that would be payable upon any

---

[2] The Debtors that are parties to the Contract are: Sears, Roebuck and Co.; Kmart Corporation; and all other subsidiaries of Sears Holdings Corporation, including but not limited to Sears Brand Management Corporation.

[3] The amendments to the Contract are as follows (collectively, the "Amendments"): First Amendment to Supply Agreement For Garage Door Operators and Accessories, dated as of August 22, 2011; First Addendum to the First Amendment to the Supply Agreement dated September 24, 2011; Second Amendment, dated as of December 31, 2012; Third Amendment (date not provided in document); Fourth Amendment, dated as of March 29, 2016; Fifth Amendment, dated June 15, 2016 (upon information and belief); Sixth Amendment, dated as of July 29, 2016; Seventh Amendment, dated as of August 31, 2016 (upon information and belief); Eighth Amendment, dated as of October 1, 2016; Ninth Amendment, dated as of July 31, 2018; Tenth Amendment, dated as of August 31, 2018; and Eleventh Amendment, dated as of September 30, 2018. Neither the Amendments nor the Contract are attached hereto insofar as (i) they are voluminous and contain sensitive, proprietary pricing information that Chamberlain desires to keep confidential, and (ii) upon information and belief, the Contract and the Amendments are not disputed documents and are already in the possession of the Contract Debtors. To the extent necessary or appropriate, Chamberlain will provide copies of the Contract and the Amendments subject to redaction of sensitive information and/or a protective order from the Court.

actual assumption of the Contract and assignment thereof to the Buyer (Dkt. 1731; together with the exhibits attached thereto, the "Cure Cost Notice" or the "Notice").

4. The Cure Cost Notice contains two errors related to the Contract. First, the Schedule attached to the Notice refers to the Contract as "Third Amendment to Supply Agreement for Garage Door Operators and Accessories". Chamberlain assumes the Debtors intended to list the entire Contract, with all of the Amendments. Chamberlain does not object to the proposed assumption of the entire Contract with all of the Amendments, and assignment of the Contract with all of the Amendments to the Buyer, subject to payment of the Amended Cure Cost Amount described below (as well as payment of any Potential Post-Petition Past Due Amounts, as defined hereinbelow). However, Chamberlain seeks confirmation and clarification from the Contract Debtors of their intent to assume and then assign the entire Contract with all of the Amendments.

5. Second, the Notice lists a total cure cost amount of $4,373,658 (the "Debtor Cure Cost Amount")[4]. This amount appears to include only the amounts owed to Chamberlain by Sears Roebuck and excludes the amounts owed by Sears Franchise and Sears Holdings. Therefore, as a total cure cost for all amounts owed Chamberlain under the Contract, the $4,373,658 is not correct. In addition, the $4,373,658 excludes any post-petition amounts that may become past due as of the date of any actual assumption of the Contract by the Buyer, on account of any post-petition products or services provided (or to be provided) by Chamberlain to the Debtors (the "Post-Petition Shipments" and such amounts that may become past-due as to any Post-Petition Shipments as of the date of any assumption of the Contract, the "Potential Post-Petition Past Due Amounts").

---

[4] The Debtor Cure Cost Amount is $72 more than Chamberlain's calculation of the amount owed Chamberlain by Sears Roebuck, which may be a rounding error. Chamberlain would not contest a downward adjustment of the Debtor Cure Cost Amount by $72 solely as to amounts owed by Sears Roebuck.

-3-

6. The correct total known cure costs for assumption and assignment of the Contract is $5,039,807.77, exclusive of any Potential Post-Petition Past Due Amounts[5] (the "<u>Amended Cure Cost Amount</u>"). This amount consists of the following amounts owed to Chamberlain: (i) $4,373,586.76 owed by Sears Roebuck ($72 less than the Debtor Cure Cost Amount (see note 4, *supra*)); (ii) $523,055.56 owed by Sears Franchise, pursuant to the payables spreadsheet obtained by Chamberlain from the Contract Debtors' payables portal made available to their vendors, a copy of which is appended hereto as <u>Exhibit A</u>; and (iii) $143,165.45, owed by Sears Holdings for services provided under Chamberlain's Assurelink program, as reflected in the Chamberlain invoice dated November 28, 2018 and appended hereto as <u>Exhibit B</u>.

7. In order to assume and assign the Contract, the Debtor must cure the Amended Cure Cost Amount, as well as any and all Potential Post-Petition Past Due Amounts.

Dated: Chicago, Illinois  
       January 25, 2019

FOX SWIBEL LEVIN & CARROLL LLP

By: /s/ N. Neville Reid

200 West Madison Street, Suite 3000  
Chicago, IL 60606  
Telephone: (312) 224-1200  
Facsimile: (312) 224-1201  
nreid@foxswibel.com

*Attorneys for The Chamberlain Group, Inc.*

---

[5] "Section 365(b) applies to contracts for which default has occurred either before or after the commencement of the case. The other party to the contract or lease that the trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available." *Collier on Bankruptcy*, 16th Ed., ¶365.06[2].