Christopher R. Belmonte
Abigail Snow
SATTERLEE STEPHENS LLP
230 Park Ave., 11th Floor
New York, New York 10169
(212) 818-9200

*Attorneys for International Business Machines Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

### INTERNATIONAL BUSINESS MACHINES CORPORATION'S OBJECTION TO CURE AMOUNTS FOR CONTRACTS IDENTIFIED FOR POTENTIAL ASSUMPTION AND ASSIGNMENT

International Business Machines Corporation, on its own behalf and on behalf of its subsidiaries and affiliates (collectively "**IBM**"), hereby files its Objection to Cure Amounts for Contracts Identified for Potential Assumption and Assignment and in support thereof states as follows:

### BACKGROUND

1. Prior to the Petition Date, certain of the Debtors and IBM entered into a Master Services Agreement dated September 28, 2012, and contemporaneous and subsequent statements of work and transaction documents related thereto, including but not limited to customer and software maintenance agreements, and an International Passport Advantage Agreement, pursuant to which IBM provided services to the Debtors, including mainframe outsourcing contracts and related services. IBM has continued to provide services to the Debtors post-petition.

1

2. On January 18, 2019, the Debtors filed their "Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transactions" (ECF No. 1731) (the **"Cure Notice"**). Objections to the cure amounts set forth in Exhibit A are due by 4:00 p.m. Eastern Time on January 26, 2019.

3. The Cure Notice identifies nine contracts with IBM, at Rows 3697 to 3705 (including one contract for which no identification is provided), which are subject to potential assumption and assignment, and proposes a cure amount of $1,558,585 for just one of those contracts.

| Title | Contract Date | Expiration Date | Contract No.[1] | Cure Amount |
|---|---|---|---|---|
| IT OPS -IBM -EXHIBIT FOR RETAIL STORE SUPPORT SERVICES -2008 (AMENDED AND RESTATED EXHIBIT | 10/1/2008 | 12/31/2019 | SHCLCW6107 | $1,558,585 |
| IT - IBM - AMENDMENTS TO AMENDED AND RESTATED SOW (SOFTWARE MAINTENANCE | 6/1/2016 | 6/30/2019 | CW2315935 | - |
| IT - IBM - AMENDED AND RESTATED SOW (HARDWARE MAINTENANCE SERVICES) WITH | 6/1/2016 | 6/30/2019 | CW2315932 | - |
| MEMBER TECH IBM SOW FOR STORE HW MAINT AND DEPOT SUPPORT SERVICES APPLE AND SLEDS - | 7/28/2017 | 8/10/2019 | CW2331066 | - |
| HOME SERVICES IBM TRANSACTION DOCUMENT 2017 | 11/17/2017 | 11/16/2020 | CW2333427 | - |
| MT IBM SOW 2018 | 7/23/2018 | 12/31/2018 | CW2338990 | - |
| IT - INTERNATIONAL BUSINESS MACHINES CORPORATION -JOINT INITIATIVE AGREEMENT - | 6/3/2018 | 6/2/2019 | CW2315388 | - |

---

[1] The Contract Numbers do not match any numbers by which IBM identifies its contracts with the Debtors and are presumed to be numbers used by the Debtors internally.

2

3138299_2

| Title | Contract Date | Expiration Date | Contract No.[1] | Cure Amount |
|---|---|---|---|---|
| INNOVEL-IBM-SOW 4 BLUEWOLF SALESFORCE CLOUDJULY 2018 | 7/13/2018 | 7/12/2019 | CW2338770 | - |
|  | N/A | N/A | N/A | - |

4. On January 23, 2019, the Debtors filed their "Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transactions" (ECF No. 1774) (the **"Supplemental Cure Notice"**). Exhibit A-1 to the Supplemental Cure Notice ostensibly sets forth contracts which were not included in the initial Cure Notice or for which cure amounts have been revised (Supplemental Cure Notice at ¶ 7).

5. The Supplemental Cure Notice identifies two contracts with IBM, at Rows 298 and 299, which were identified in the initial Cure Notice and for which no details (other than the contract date, which has been left blank) have been changed:

| Title | Contract Date | Expiration Date | Contract No. | Cure Amount |
|---|---|---|---|---|
| MT IBM SOW 2018 |  | 12/31/2018 | CW2338990 | - |
| HOME SERVICES IBM TRANSACTION DOCUMENT 2017 |  | 11/16/2020 | CW2333427 | - |

6. Since the filing of the Cure Notice, IBM has undertaken the process of attempting to identify the contracts listed in the notice, as well as determining the cure amounts associated with those contracts. To the best of its abilities, IBM has identified the relevant contracts between IBM and the Debtors (the "**IBM Contracts**") and will work with the Debtors to confirm the identification of the IBM Contracts.

7. Further, IBM believes that there are additional contracts between IBM and the Debtors which the Debtors intend to assume and assign. IBM and the Debtors are currently

3

negotiating an amendment to the Software and Services Special Offer ("SSSO") Offering, dated June 30, 2015, although this agreement is not listed among the IBM Contracts subject to potential assumption and assignment pursuant to the Cure Notice and Supplemental Cure Notice.

8.      Based on the limited information provided by the Debtors, it appears that the cure amounts for the combined IBM Contracts totals $1,599,720.85, which amount is in excess of the $1,558,585 ascribed to only one of the IBM Contracts by the Debtors. In addition to the insufficiency of the total amount of the proposed cure, IBM objects to the lack of specific cure amounts listed for the remaining individual contracts.[2]  Further, invoices are in process and will continue to be rendered in the ordinary course for services being provided post-petition.  IBM will disclose to the Debtors and/or the Successful Bidder, as the purchaser, the documentation supporting its calculated cure amounts which, due to its length, is not attached hereto.

9.      Given the clear discrepancy in cure amounts, IBM objects to the cure amounts scheduled with respect to the assumption and assignment of the IBM Contracts as they do not accurately reflect the amounts due under the IBM Contracts to cure the defaults. Pursuant to 11 U.S.C. § 365, IBM is entitled to payment of $1,599,720.85 in order for the Debtors to assume and assign the IBM Contracts to the purchaser.

### **OBJECTION**

10.     While IBM does not object to the proposed assumption and assignment of the IBM Contracts, IBM objects to the cure amounts set forth in the Cure Notice and Supplemental Cure Notice, and the Debtors must cure all outstanding amounts owed under each assumed and assigned IBM Contract in full prior to assuming and assigning such contract.

---

[2] Given the extensive amount of work involved and the limited amount of time to do so, IBM expressly reserves the right to amend the cure amounts for each of the IBM Contracts, including identifying additional contracts between the parties and the cure amounts for those agreements.

11. Section 365(b)(1) of the Bankruptcy Code provides that if "there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default. . . ." 11 U.S.C. § 365(b)(1)(A). Accordingly, in order for the Debtors to assume and assign the IBM Contracts, the Debtors must pay the full and correct cure amounts.

## CONCLUSION

WHEREFORE, for the reasons stated above, IBM objects to the cure amounts proposed for the IBM Contracts and respectfully requests that the assumption and assignment of those contracts be denied until such time as the parties thereto reach a resolution as to the appropriate cure amounts, and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
January 25, 2019

SATTERLEE STEPHENS LLP
*Counsel for International Business Machines Corporation*

By: /s/ Christopher R. Belmonte
Christopher R. Belmonte
Abigail Snow
230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200
cbelmonte@ssbb.com
asnow@ssbb.com

3138299_2

# CERTIFICATION OF SERVICE

I hereby certify that on January 25, 2019, I caused a true and correct copy of the foregoing *International Business Machine Corporation's Objection to Cure Amounts for Contracts Identified for Potential Assumption and Assignment* to be served on the Objection Recipients, as identified in the *Order Approving Global Bidding Procedures and Granting Related Relief* (ECF No. 816) and set forth on the attached service list, to the email addresses set forth for each person on in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) or on the Master Service List as of 1/24/2018, obtained from website maintained for the Debtors' bankruptcy cases by Prime Clerk.

Dated:  January 25, 2019
           New York, New York

                                              /s/ Christopher R. Belmonte
                                              Christopher R. Belmonte

**SERVICE LIST**

A. The Bid Notice Parties:

    i. The Debtors
        Rob Riecker (rob.riecker@searshc.com)
        Luke Valentino (luke.valentino@searshc.com)
        Mohsin Meghji (mmeghji@miiipartners.com));

    ii. Counsel to the Debtors, Weil, Gotshal & Manges LLP
        Ray C. Schrock, P.C. (ray.schrock@weil.com)
        Jacqueline Marcus, Esq. (jacqueline.marcus@weil.com)
        Garrett A. Fail, Esq. (garrett.fail@weil.com)
        Sunny Singh, Esq. (sunny.singh@weil.com));

    iii. The Debtors' Investment Banker, Lazard Frères & Co
        Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com));

B. The Consultation Parties:

    i. Counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP; and Berkeley Research Group, LLC;
        Paul Leake, Esq. (Paul.Leak@skadden.com)
        Shana Elberg, Esq. (Shana.Elberg@skadden.com)
        George R. Howard, Esq. (George.Howard@skadden.com)

    ii. Counsel to Wells Fargo Bank, National Association, Choate, Hall & Stewart LLP
        Kevin J. Simard, Esq. (ksimard@choate.com)
        Jonathan D. Marshall, Esq. (jmarshall@choate.com)

    iii. Counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP
        Ira S. Dizengoff, Esq. (idizengoff@akingump.com)
        Philip C. Dublin, Esq. (pdublin@akingump.com)
        Abid Qureshi, Esq. (aqureshi@akingump.com)
        Sara L. Brauner, Esq. (sbrauner@akingump.com)

C. Counsel to the Successful Bidder, Cleary Gottlieb Steen & Hamilton LLP
    Sean A. O'Neal, Esq. (soneal@cgsh.com)
    Benet J. O'Reilly, Esq. (boreilly@cgsh.com)
    Christopher E. Austin, Esq. (caustin@cgsh.com)
    James L. Bromley, Esq. (jbromley@cgsh.com)
    Andrew Weaver, Esq. (aweaver@cgsh.com)
    Rahul Mukhi, Esq. (rmukhi@cgsh.com)
    Jennifer Kennedy Park, Esq. (jkpark@cgsh.com)