VEDDER PRICE P.C.
Michael Schein
1633 Broadway, 31st Floor
New York, New York 10019
Telephone: (212) 407-6920
Facsimile: (212) 407-7799

*Counsel to NorthStar Group Services, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | Case No. 18-23538 (RDD) |
| **Debtors.** | (Jointly Administered) |

**OBJECTION OF NORTHSTAR GROUP SERVICES, INC. TO DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

NorthStar Group Services, Inc. (f/k/a LVI Services, Inc.) and all of its subsidiaries (collectively, "NorthStar"), by and through its undersigned counsel, hereby objects (this "Objection"), pursuant to Section 365(b) of Title 11 of the United States Code (the "Bankruptcy Code"), to the Debtors' *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Dkt. 1731] (the "Assumption Notice") and, in support thereof, respectfully states as follows:

**Background**

1. NorthStar and Sears Holdings Management Corporation, for and on behalf of the company's subsidiaries and affiliates (collectively, the "Debtors"), are parties to that certain

Master Services Agreement, dated as of November 10, 2010, as amended (collectively, the "MSA").

2. Pursuant to the MSA, the Debtors engaged NorthStar to perform various repair services at the Debtors' stores and facilities throughout the country, including, but is not limited to, fire/water restoration services, biological chemical remediation, design and project management, restoration services, or any other repair services requested by the Debtors or otherwise required under the MSA.

3. NorthStar and the Debtors entered into an amendment #1 to the MSA, effective February 1, 2014, which, *inter alia*, extended the term of the MSA through and including January 31, 2019.

4. On or about October 15, 2018, the Debtors filed petitions for bankruptcy relief pursuant to Chapter 11 of the Bankruptcy Code. Since then, the Debtors have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. On or about October 19, 2018, NorthStar submitted a Vendor Request Form to the Debtors seeking to be granted the status of a critical vendor. As set forth in the NorthStar's Vendor Request Form, NorthStar's pre-petition claim against the Debtors for unpaid invoices under the MSA is $1,669,072.79, with an additional estimated $85,000.00 in amounts not yet then invoiced to the Debtors. The details supporting NorthStar's pre-petition claim, which were provided to the Debtors with NorthStar's Vendor Request Form, are attached hereto as **Exhibit A**.

6. Although the Debtors declined, at that time, to treat NorthStar as a critical vendor, NorthStar has continued to perform its obligations under the MSA and has provided the Debtors with ongoing post-petition repair services in accordance with the terms of the MSA.

7. On account of NorthStar's post-petition services to the Debtors, NorthStar is currently owed $1,459,062.00. Details regarding such outstanding invoices are attached hereto as **Exhibit B**.

8. On or about January 18, 2019, the Debtors provided NorthStar with a copy of the Assumption Notice. The Assumption Notice represents that the Debtors may assume and assign the MSA to the Buyer[1] in connection with the Global Asset Sale Transaction, and that there is no cure amount due under the MSA. *See* Assumption Notice, ¶ 4.

9. The Assumption Notice additionally provides that Adequate Assurance Information for the Buyer would be distributed to applicable Counterparties, such as NorthStar. *See* Assumption Notice, ¶ 9. However, as of the date of this Objection, NorthStar has not received any Adequate Assurance Information from the Debtors or the Buyer.

10. The Debtors are currently in default of their monetary obligations under the MSA to pay NorthStar amounts due and owing for pre-petition and post-petition services rendered to and on behalf of the Debtors by NorthStar.

**Objection**

11. Pursuant to Section 365(b)(1) of the Bankruptcy Code, the Debtors must cure the monetary defaults under the MSA and provide NorthStar adequate assurance of future performance before the MSA may be assumed or assigned. *See* 11 U.S.C. § 365(b)(1). Here, the Debtors have not done either.

12. NorthStar objects to the Debtors' representation in the Assumption Notice that there are no cure costs associated with the assumption and assignment of the MSA to the Buyer. As set forth above, the Debtors presently owe NorthStar no less than $3,213,134.79 on account of its pre-

---

[1] All terms not defined herein shall have the meaning ascribed to them in the Assumption Notice.

petition and post-petition repair services. These monetary defaults under the MSA must be cured before the MSA can be assumed and assigned.

13. NorthStar also objects to any assumption and assignment of the MSA unless and until the Debtors provide NorthStar with adequate assurance of the Buyer's future performance under the MSA. As noted above, no such Adequate Assurance Information has been provided to date.

## Reservation of Rights

14. NorthStar reserves all rights, claims and defenses with respect to the assumption and assignment of the MSA, or any other contract by and between any of the Debtors and their affiliated entities and NorthStar, and expressly reserves the right to amend, supplement or modify this Objection, including, without limitation, with respect to the updated cure amounts under the MSA.

WHEREFORE, NorthStar respectfully requests that this Court enter an order: (i) conditioning any assumption and/or assignment of the MSA upon the payment to NorthStar of the actual and total cure amounts due and owing under the MSA; (ii) prohibiting any assumption and/or assignment of the MSA unless and until the Debtors provide NorthStar with adequate assurance of the Buyer's future performance under the MSA; and (iii) granting such other and further relief as is just and appropriate.

Dated: January 25, 2019
       New York New York

**VEDDER PRICE P.C.**

*/s/ Michael Schein*
Michael Schein
1633 Broadway, 31st Floor
New York, New York 10019
Telephone: (212) 407-6920
Facsimile: (212) 407-7799
mschein@vedderprice.com

# CERTIFICATE OF SERVICE

Michael Schein certifies that he caused to be served a true and correct copy of the attached Objection of NorthStar Group Services, Inc. to Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction via transmission of Notice of Electronic Filing generated by CM/ECF on all parties of record, and on the parties listed below in the manner so indicated.

Dated: January 25, 2019
New York New York

**VEDDER PRICE P.C.**

*/s/ Michael Schein*
Michael Schein
1633 Broadway, 31st Floor
New York, New York 10019
Telephone: (212) 407-6920
Facsimile: (212) 407-7799
mschein@vedderprice.com

## SERVICE LIST

**Via Email**

1. The Bid Notice Parties

    (a) Debtors:

    (i) Rob Riecker (rob.riecker@searshc.com)

    (ii) Luke Valentino (luke.valentino@searshc.com)

    (iii) Mohsin Meghji (mmeghji@miipartners.com)

    (b) Counsel to the Debtors:

    (i) Ray C. Schrock (ray.schrock@weil.com)

    (ii) Jacqueline Marcus (Jacqueline.marcus@weil.com)

    (iii) Garret A. Fail (garrett.fail@weil.com)

    (iv) Sunny Singh (sunny.singh@weilcom)

(c) Debtors' Investment Banker:

  (i) Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com)

2. The Buyer Parties

  (a) Buyer:

    (i) Kunal S. Kamlani (kunal@eslinvest.com)

    (ii) Harold Talisman (harold@eslinvest.com)

  (b) Buyer's Counsel:

    (i) Christopher E. Austin (caustin@cgsh.com)

    (ii) Benet J. O'Reilly (boreilly@cgsh.com)

    (iii) Sean A. O'Neal (soneal@chsh.com)

3. Consultation Parties

  (a) Bank of America:

    (i) Paul Leake (paul.leake@skadden.com)

    (ii) Shana Elberg (shana.eiberg@skadden.com)

    (iii) George Howard (George.howard@skadden.com)

  (b) Wells Fargo Bank, N.A.:

    (i) Kevin J. Simard (ksimard@choate.com)

    (ii) Jonathan D. Marshall (jmarshall@choate.com)

  (c) The Committee:

    (i) Ira S. Dizengoff (idizengoff@akingump.com)

    (ii) Philip C. Dublin (pdublin@akingump.com)

    (iii) Abid Qureshi (aqureshi@akingump.com)

    (iv) Sara L. Brauner (sbrauner@akingump.com)

**Via First Class Mail**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani & Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock, P.C.
767 Fifth Avenue
New York, NY 10153

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin
One Liberty Plaza
New York, NY 10006