Stephen B. Gerald (admitted *pro hac vice*)
Whiteford, Taylor & Preston LLC
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, Delaware 19801-3700
Telephone: (302) 357-3282
Email:  sgerald@wtplaw.com

*Attorneys for The J.M. Smucker Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al* | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline: Jan. 26, 2019, at 4 p.m. ET** |

---

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE
J.M. SMUCKER COMPANY TO NOTICE OF CURE COSTS AND
POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

The J.M. Smucker Company ("Smucker"), by and through undersigned counsel, hereby files this limited objection and reservation of rights (the "Limited Objection") to the Debtors' *Notice of Cure Costs and Potential Assumption of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "Cure Notice") [Docket No. 1731]. In support thereof, Smucker states as follows:

### RELEVANT BACKGROUND

1.      On October 15, 2018, the above captioned debtors (the "Debtors") filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      Smucker asserts a claim against Kmart Corporation, one of the Debtors, in the amount of $84,579.84 on account of the prepetition sale of goods (the "Smucker Claim").

3.      On January 18, 2019, the Debtors filed their Cure Notice. The Cure Notice lists the contracts and leases to be potentially assumed and assigned by the Debtors and the corresponding cure costs associated with each.

4.      The Cure Notice identifies a Warehouse Service Agreement (the "Agreement") between Smucker and debtor Innovel Solutions, Inc. as a contract which may be assumed and assigned. The Cure Notice proposes a cure amount of $0 with respect to the Agreement.

### LIMITED OBJECTION

5.      Smucker does not object to the assumption and assignment of the Agreement, but files this Limited Objection to the extent the $0 cure amount set forth in the Cure Notice purports to affect or limit the allowance and future payment of the Smucker Claim. Smucker does not believe that the Smucker Claim is implicated in or affected by the Cure Notice, the proposed cure amount, or any assumption and assignment of the Agreement. To the extent that the Debtors

believe otherwise, Smucker accordingly objects to the assumption of the Agreement unless and until the correct cure amount of $84,579.84 is paid.

6.      Under section 365(b)(1) of the Bankruptcy Code, a debtor can assume an executory contract only if the debtor, at the time of such assumption, (A) cures or provides adequate assurance that the debtor will promptly cure any and all outstanding defaults, (B) compensates or provides adequate assurance that the debtor will promptly compensate for any actual pecuniary losses resulting from such default, and (C) provide adequate assurance of future performance.  11 U.S.C. § 365(b)(1); *see also* 3 COLLIER ON BANKRUPTCY ¶ 365.06[2] (Alan N. Resnick & Henry J. Sommer eds. 16th ed.) ("The other party to the contract or lease that the trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available.").

7.      If the Debtor alleges that the proposed cure amount reflects all amounts owed by the Debtors to Smucker, the proper cure amount is the $84,579.84 amount of the Smucker Claim. If the Debtors wish to assume and assign the Agreement, the Debtors must first cure all defaults, including payment to Smucker of the proper cure amount.

## **RESERVATION OF RIGHTS**

8.      Smucker reserves the right to amend, revise, or supplement this Limited Objection and/or the proper amount of any cure amount to be paid in connection with the assumption and assignment of the Agreement.  Smucker further reserves the right to make additional objections at the hearing or otherwise as may be appropriate, and does not waive and hereby preserves all of its rights, remedies, and arguments under the Bankruptcy Code or otherwise with respect to the Cure Notice, this Limited Objection, and the Smucker Claim.

## <u>CONCLUSION</u>

WHEREFORE, Smucker respectfully requests that the Court grant relief consistent with the foregoing Limited Objection, and for such other and further relief as the Court deems just and proper.

Dated: January 25, 2019                              Respectfully Submitted,


/s/ *Stephen B. Gerald*
Stephen B. Gerald (admitted *pro hac vice*)
Whiteford, Taylor & Preston LLC
The Renaissance Centre, Suite 500
405 North King Street
Wilmington, Delaware 19801
Telephone: (302) 353-4144
Email: sgerald@wtplaw.com

*Counsel to The J.M. Smucker Company*