**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

IN RE:

| | |
|---|---|
| **SEARS HOLDING CORPORATION, INC, et al** | Chapter 11 |
| | Case No. 18-23538 (rdd) |
| Debtors. | (jointly administered) |

-----------------------------------------------------------X

### OBJECTION OF CHURCH STREET, LLC (STORE NO. 4016) TO DEBTORS' NOTICE TO CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Church Street, LLC ("Church Street"), by and through its attorneys Cuddy & Feder, LLP, as and for its objection to the "Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction" (the "Cure Notice") filed by the above-captioned debtors and debtors-in-possession (the "Debtor") represents as follows:

1.) On or about October 15, 2018 the Debtor, including Kmart Holding Corporation ("Kmart"), filed petitions for bankruptcy relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor has continued to operate it business and manage its properties as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.) Church Street is the owner of the real property located at 1 K-Mart Plaza, Greenville, South Carolina (the "Property"). Church Street is the successor landlord and Kmart, formerly known as S.S. Kresge Company, is the tenant under a lease dated January 26, 1962, as amended most recently by the June 8, 2004 Fifth Amendment to Lease (collectively the "Lease"). Kmart, the Debtor entity, occupies the building located on the Property.

3.) The Lease has neither been assumed nor rejected.

1

4.) On or about January 18, 2019 the Debtor served the Cure Notice. Exhibit "B" attached to the Cure Notice at line No. 234 provides that the Cure Amount for the Lease is $0.00.

5.) Church Street submits that the actual cure amount due under the Lease is no less than $74,004 for the repair and maintenance costs necessary to remediate conditions at the Property that Kmart has caused by neglecting its maintenance obligations as tenant under the Lease.

6.) As explained in the affidavit of Molly Stengel of Hughes Development Corporation, property manager for the Property, the $74,004.00 is an estimated cost of repair. Church Street is unable to identify the precise cure cost figure at this time because it does not have access to the Property and cannot perform a comprehensive inspection. If the repair process or inspection reveals more significant damage to the Property and its systems than is immediately apparent from a visual inspection, the cure costs may be greater than $200,000.

7.) As set forth in Ms. Stengel's affidavit, the estimated costs to repair the HVAC system is $57,004. However, should the repair efforts reveal that the system is damaged to the point where replacement is required, the cost of such replacement is estimated at $165,000.

8.) During the Lease term, Kmart added a small addition to the Property, which Kmart agreed it would be responsible for the maintenance of. As seen in the photos attached to Ms. Stengel's affidavit, that portion of the building is crumbling and poses a safety risk. The estimated cost to repair the addition is $5,000, while the estimated cost to remove it is $14,000.

9.) Additionally, Kmart has failed to maintain a canopy on the back portion of the building located at the Property (photos attached to Ms. Stengel's affidavit). The estimated cost to replace it is $12,000.

10.)    Accordingly, the cure costs under the Lease are at a minimum $74,004 and upon further inspection may be determined to be in excess of $200,000. Because Church Street is unable to fully access and investigate the conditions at the Property it is unable to identify an exact figure of cure costs at this time. Therefore, Church Street reserves the right to supplement or amend this objection.

WHEREFORE, Church Street respectfully requests the entry of an order pursuant to 11 U.S.C. §365(b)(l) requiring that prior to assuming and assigning the Lease that the Debtor cure all amounts due under the Lease that arise prior to the actual date that the Lease is assumed, along with such other and further relief as is just and proper.

Dated: White Plains, New York
       January 25, 2019

                        CUDDY & FEDER LLP
                        Attorneys for Church Street LLC

By: /s/ Brendan Goodhouse
     Andrew Schriever
     Brendan Goodhouse
     445 Hamilton Avenue, 14th
     Floor White Plains, New York
     10601(914) 761-1300
     bgoodhouse@cuddyfeder.com