# **EXHIBIT C**

<u>Kin Property #3439 – Fairless Hills, PA</u>

<u>Kmart #8275</u>

## THIRD AMENDMENT TO LEASE

THIS THIRD AMENDMENT TO LEASE (the "Third Amendment") is made and entered into as of the 4th day of Feb., 2018 (the "Effective Date"), by and between FAIRSAN COMPANY, LLC, a Delaware limited liability company (the "Landlord"), and KMART CORPORATION, a Michigan corporation (the "Tenant").

### W I T N E S S E T H:

WHEREAS, Landlord (as successor-in-interest to Pennsylvania Mart Properties Corp.) and Tenant (as successor-in-interest to K Mart Enterprises of Pennsylvania, Inc.) are parties to that certain Lease dated as of March 20, 1975 (the "Original Lease"), together with Lease Supplement dated as of January 5, 1977 (the "Lease Supplement"), and that certain First Amendment to Lease dated March 31, 2017 (the "First Amendment"), and that certain Second Amendment to Lease dated June 21, 2017 (the "Second Amendment") (the Original Lease, Lease Supplement and First Amendment are hereinafter collectively referred to as the "Lease"), whereby Landlord leases to Tenant, and Tenant leases from Landlord, the "Leased Property", as defined in the Lease, situate in Falls Township, Bucks County, Pennsylvania, with an address of One Kresge Road, Falls Township, PA; and,

WHEREAS, Landlord and Tenant desire to amend certain terms and conditions of the Lease as set forth herein.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby agree as follows:

1.  <u>Incorporation of Recitals</u>. The above recitals are true and correct and are incorporated herein as if set forth in full.

2.  <u>General Provisions</u>. All defined terms in this Third Amendment shall have the same meaning as in the Lease, except as otherwise noted. Except as amended and modified by this Third Amendment, all of the terms, covenants, conditions, and agreements of the Lease shall remain in full force and effect. In the event of any conflict between the provisions of the Lease and the provisions of this Third Amendment, this Third Amendment shall control.

3.  <u>Right of First Refusal Fee</u>.

    A. The first paragraph of Section 5 of the First Amendment shall be deleted and replaced with the following:

    "5. <u>Right of First Refusal Fee</u>. In the event that Tenant exercises Tenant's First Refusal Right, then simultaneously with the delivery of the election to so exercise such right and as a condition to Tenant exercising such right, Tenant shall deliver to First American Title Insurance Company (at one of its national commercial services offices or such other of its office authorized to issue title insurance in Pennsylvania) (hereinafter the "Title Company") the sum of Two Hundred Thousand and 00/100 ($200,000.00) Dollars (hereinafter the "Tenant's Right of First Refusal Fee"), which shall be in addition to the purchase price set forth in the applicable offer. In the event that Landlord exercises Landlord's First Refusal Right, then simultaneously with the delivery of the election to so exercise such right and as a condition to Landlord exercising such right, Landlord shall deliver to the Title Company the sum of Two Hundred Fifty Thousand and 00/100 ($250,000.00) Dollars (hereinafter the "Landlord's Right of First Refusal Fee"), which shall be in addition to the purchase price set forth in the applicable offer. The Tenant's Right of First Refusal Fee or Landlord's Right of First Refusal Fee, respectively, shall be held in escrow by the Title

1

Company pursuant to a mutually agreed upon escrow agreement (with all parties acting reasonably and in good faith) that contains the following terms and conditions:"

B. In addition to the replacement of the first paragraph of above referenced Section 5 of the First Amendment, Section 6 of the Second Amendment is hereby deleted as well.

4.      Early Termination of Lease. Notwithstanding anything to the contrary, Tenant shall have an option to terminate the Lease prior to the expiration of the Term (hereinafter the "Early Termination Option") by delivering written notice thereof to Landlord twelve (12) months prior to such intended termination date. Such Early Termination Option may be exercised by Tenant at any time after January 17, 2021, by delivering the aforementioned written notice to Landlord following such date. In such event, the Lease will terminate on a date no less than twelve (12) months following the date of Landlord's receipt of written notice. Notwithstanding such early termination, Tenant shall be required to deliver the Leased Property to Landlord in such condition as prescribed in the Lease, and subject to any obligations expressly provided in the Lease to survive the expiration or earlier termination thereof.

5.      Increase in Rent. Commencing on (and retroactive to) January 1, 2018 and continuing through the end of the current "Renewal Term" (as defined in the Lease), the quarterly payments of "Basic Rent" (as defined in the Lease) shall be increased to the sum of Three Hundred Eighty-Four Thousand Eight Hundred Sixty-Eight Thousand and 59/100 Dollars ($384,868.59) Dollars per quarter. Such increased payments of Basic Rent are not inclusive of any "Additional Rent" (as defined in the Lease), or any other fees and expenses as may be provided in the Lease and all of which must still be paid by Tenant as prescribed therein.

6.      Brokerage. Landlord and Tenant each represent and warrant one to the other that neither of them has employed any broker in connection with the negotiations of the terms of this Third Amendment or the execution hereof. Landlord and Tenant hereby agree to indemnify and to hold each other harmless against any loss, expense, or liability with respect to any claims for commissions or brokerage fees arising from or out of any breach of the foregoing representation and warranty.

7.      Entire Agreement. The Lease, as modified by this Third Amendment, sets forth the entire agreement between the Landlord and Tenant concerning the Leased Property and Tenant's use and occupancy thereof and there are no other agreements or understandings between them.

8.      Counterparts; Facsimile. This Third Amendment may be executed in counterparts, each of which shall constitute an original and all of which together shall constitute one and the same agreement. This Third Amendment may be executed by facsimile or e-mail signature which shall, for all purposes, serve as an original executed counterpart of this Third Amendment.

[signatures on next page]

IN WITNESS WHEREOF, Landlord and Tenant have executed this Third Amendment as of the day and year first above written.

**LANDLORD:**

**FAIRSAN COMPANY, LLC,** a Delaware limited liability company

By:  Kinsan Management Corp., a Delaware corporation, its Manager

By: _____
Name: ~~ANDREW M. SCHREIER~~
Its: ~~VICE PRESIDENT~~

**TENANT:**
**KMART CORPORATION**, a Michigan corporation

By: _____
Name: ANDREW M. JOHNSTONE
Its: D.G.C.

3

*#5345* Fairless Hills, PA
KMart Lease

## BUCKS COUNTY RECORDER OF DEEDS
### 55 East Court Street
### Doylestown, Pennsylvania 18901
### (215) 348-6209

Instrument Number - 2018011141
Recorded On 3/1/2018 At 2:41:05 PM          * Total Pages - 5
* Instrument Type - DEED AGREEMENT - NO PROPERTY TRANSFER
Invoice Number - 926264          User - KLJ
* Grantor - FAIRSAN CO L L C
* Grantee - KMART CORP
* Customer - KIN PROPERTIES INC
* FEES
  RECORDING FEES         $78.75
  TOTAL PAID             $78.75

| Bucks County UPI Certification |
| On March 1, 2018 By JJK |

**This is a certification page**

# DO NOT DETACH

**This page is now part of this legal document.**

**RETURN DOCUMENT TO:**
KIN PROPERTIES INC

I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office of Bucks County, Pennsylvania.



Robin M. Robinson
Recorder of Deeds

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

13F7F8

This Document Prepared By and
Upon Recordation Return to:
Fairsan Company, LLC
c/o Kin Properties Inc.
185 N.W. Spanish River Boulevard, Suite 100
Boca Raton, FL 33431
Attention: General Counsel

Parcel #'s 13-28-62-1 and 13-28-58-1

RECEIVED    RECEIVED
2018 MAR -1  A 11:02   2009 FEB 14  A 8:46
BUCKS COUNTY
RECORDER OF DEEDS    RECORDER OF DEEDS

# MEMORANDUM OF THIRD AMENDMENT TO LEASE

THIS MEMORANDUM OF THIRD AMENDMENT TO LEASE ("Memorandum") is made as of the 5th day of FEB., 2018, by and between FAIRSAN COMPANY, LLC, a Delaware limited liability company (collectively, "Landlord"), and KMART CORPORATION, a Michigan corporation ("Tenant").

WITNESSETH:

Landlord (as successor-in-interest to Pennsylvania Mart Properties Corp.) and Tenant (as successor-in-interest to K Mart Enterprises of Pennsylvania, Inc.) are parties to that certain Lease dated as of March 20, 1975 (the "Original Lease"), together with Lease Supplement dated as of January 5, 1977 (the "Lease Supplement"), that certain First Amendment to Lease dated March 31, 2017 (the "First Amendment"), and that certain Second Amendment to Lease dated June 21, 2017 (the "Second Amendment") (the Original Lease, Lease Supplement, First Amendment, and Second Amendment hereinafter collectively referred to as the "Lease"), whereby Landlord leases to Tenant, and Tenant leases from Landlord, the Leased Property, as defined in the Lease, situate in Falls Township, Bucks County, Pennsylvania, with an address of One Kresge Road, Falls Township, PA and more particularly described on Exhibit "A" attached hereto and made a part hereof. A Memorandum of Lease was recorded in Deed Book 2156, Page 602 in the Bucks County, PA Recorders Office on April 4, 1975, a Memorandum of Amendment to Lease was recorded as instrument no. 2017023244 in the Bucks County, PA Recorders Office on April 24, 2017, and a Memorandum of Second Amendment to Lease was recorded as instrument no. 2017038970 in the Bucks County, PA Recorders Office on July 3, 2017.

Landlord and Tenant have entered into a Third Amendment to Lease of even date herewith (the "Third Amendment") whereby, among other things, the parties agreed to increase Tenant's rental obligations for the existing Term of the Lease and to provide a right to terminate the Lease in favor of Tenant on twelve (12) months' prior written notice with such notice to be delivered no earlier than January 17, 2021, all on the terms and conditions set forth in the Third Amendment. The parties confirm that the Term of the Lease has not been extended by the Third Amendment.

This Memorandum is for informational purposes only and nothing contained herein shall be deemed to in any way modify or otherwise affect any of the terms and conditions of the Lease (as modified by the Third Amendment), the terms of which are incorporated herein by reference. This instrument is merely a memorandum of the Third Amendment and is subject to all of the terms, provisions and conditions of the Lease (as modified by the Third Amendment). In the event of any inconsistency between the terms of the Lease (as modified by the Third Amendment) and this instrument, the terms of the Lease (as modified by the Third Amendment) shall prevail.

The rights and obligations set forth herein shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, personal representatives, successors and assigns.

This instrument may be executed in as many counterparts as may be convenient or required. It shall not be necessary that the signature or acknowledgement of, or on behalf of, each party, or that the signature of all persons required to bind any party, or the acknowledgement of such party, appear on each counterpart. All counterparts shall collectively constitute a single instrument. It shall not be necessary in making proof of this instrument to produce or account for more than a single counterpart containing the respective signatures of, or on behalf of, and the respective acknowledgements of, each of the parties hereto. Any signature or acknowledgement page to any counterpart may be detached from such counterpart without impairing the legal effect of the signatures or acknowledgements thereon and thereafter attached to another counterpart identical thereto except having attached to it additional signature or acknowledgement pages.

[signatures begin on next page]

1

**IN WITNESS WHEREOF,** the parties have executed this Memorandum of Third Amendment to Lease as of the day and year first above written.

**LANDLORD:**

FAIRSAN COMPANY, LLC, a Delaware limited liability company

By: Kinsan Management Corp., a Delaware corporation, its Manager

By: _/s/ Andrew M. Schreier_
Name: ANDREW M. SCHREIER
Title: VICE PRESIDENT

STATE OF FLORIDA            )
                            ) ss:
COUNTY OF PALM BEACH        )

The foregoing instrument was acknowledged before me this 2nd day of February in the year 2018 by Andrew M. Schreier as Vice President of Kinsan Management Corp., a Delaware corporation, on behalf of the corporation, as Manager of Fairsan Company, LLC, a Delaware limited liability company, on behalf of the limited liability company. He is personally known to me or has produced a driver's license as identification.

Notary: _/s/ Sandra Dilworth_
State of Florida  Sandra Dilworth
My commission expires: 2-23-2020

SANDRA DILWORTH
Notary Public - State of Florida
Commission # FF 949821
My Comm. Expires Feb 23, 2020
Bonded through National Notary Assn.

**TENANT:**

KMART CORPORATION, a Michigan corporation

By: _____
Name: ANDREW N. JOHNSTONE
Title: D.C.C.

STATE OF ILLINOIS    )
                     ) ss:
COUNTY OF COOK       )

The foregoing instrument was acknowledged before me this 5 day of FEBRUARY in the year 2018 by Andrew Johnstone, as DGC of KMART CORPORATION, a Michigan corporation, on behalf of the corporation. She/He is personally known to me or has produced a driver's license as identification.

Notary: _____
State of ILLINOIS   Deborah A. Ratterman-Warnecke
My commission expires: 3/07/22

**OFFICIAL SEAL**
DEBORAH A RATTERMAN-WARNECKE
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires 03/07/22

3

EXHIBIT "A" TO MEMORANDUM OF AMENDMENT TO LEASE

LEGAL DESCRIPTION OF LEASED PROPERTY

One Kresge Drive, Fairless Hills (Morrisville), Pennsylvania

ALL THAT CERTAIN piece or parcel of ground situate in Falls Township, Bucks County, Pennsylvania and described according to a Plan of Property of "96.218 Acres Subdivision in Penn Warner Park" made by Yerkes Associates, Inc. dated 9/23/1974, as follows, to wit:

BEGINNING at a point on the North side of Tyburn Road (120.00 feet wide) L.R. 09136, marking the Southeast corner of the subject tract; said point being the seven following courses and distances measured along the said North side line of Tyburn Road from the end of a radius round corner, having a radius of 75.00 feet on the West side of Newbold Road (100.00 feet wide): (1) South 66 degrees 08 minutes 53 seconds West 770.10 feet to a point of curve; (2) on a line curving to the right with a radius of 153.43 feet, the arc distance of 52.09 feet to a point of tangent; (3) South 85 degrees 34 minutes West 98.48 feet to a point; (4) South 04 degrees 26 minutes East 10.00 feet to a point; (5) South 85 degrees 34 minutes West 200.00 feet to a point; (6) South 04 degrees 26 minutes East 10.00 feet to a point; (7) South 85 degrees 34 minutes West 224.75 feet to said beginning point; thence from said beginning point along the North side line of said Tyburn Road, the two following courses and distances: (1) South 85 degrees 34 minutes West 2139.49 feet to a point of curve; (2) on a line curving to the right with a radius of 3009.55 feet, the arc distance of 352.31 feet to a point; thence partly by lands now or late of Chester Glenn and Thomas R. Owens, partly by land now or late of Marie Pellegrinni the three following courses and distances: (1) North 00 degrees 06 minutes West 107.32 feet to a point; (2) South 87 degrees 14 minutes West 160.00 feet to a point; (3) North 18 degrees 25 minutes West 905.94 feet to a point; thence by land now or late of Casper Beffert, North 44 degrees 53 minutes 57 seconds West 642.28 feet to a point; thence by other land now or late of Warner Company, of which this is a part, the following five courses and distances: (1) North 85 degrees 34 minutes East, partly along the South side line of a proposed road (60.00 feet wide) 3173.56 feet to a point of radius round corner at the intersection of another proposed road (60.00 feet wide); (2) on a line curving to the right with a radius of 45.00 feet, the arc distance of 70.69 feet to a point of tangent; (3) South 04 degrees 26 minutes East, along the West side line of a proposed road (60.00 feet wide) 871.21 feet to a point; (4) thence crossing said proposed road, North 85 degrees 34 minutes East 60.00 feet to a point; (5) South 04 degrees 26 minutes East 583.79 feet to the place of beginning.

CONTAINING 96.218 acres be the same more or less.

BEING COUNTY PARCEL NUMBERS 13-28-62-1 and 13-28-58-1

BEING the same premises which Pennsylvania Mart Limited Partnership by Deed dated 1/23/1998 and recorded in Bucks County in Land Record Book 1540 page 1959 conveyed unto Chester KM Penn LLC, a Delaware limited liabilty company in fee.

A-1