Hearing Date: February 4, 2019
Hearing Time:  10:00 A.M. (ET)
Objection Deadline:  January 26th @ 4:00 pm

Alan D. Halperin, Esq.
Walter Benzija, Esq.
Ligee Gu, Esq.
HALPERIN BATTAGLIA BENZIJA, LLP
40 Wall Street, 37th floor
New York, New York 10005
Telephone: (212) 765-9100
ahalperin@halperinlaw.net
wbenzija@halperinlaw.net
lgu@halperinalaw.net

*Counsel to Relator Carl Ireland*,
*Administrator of the Estate of James Garbe*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
|
In re:                                             |     Chapter 11
                                                   |     Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.*,              |
                                                   |     (Jointly Administered)
                                   Debtors.         |
                                                   |
------------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF RELATOR CARL IRELAND,
ADMINISTRATOR OF THE ESTATE OF JAMES GARBE, TO THE DEBTORS' PROPOSED
ORDER (I) APPROVING THE ASSET PURCHASE AGREEMENT AMONG SELLERS AND
BUYER, (II) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE
AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (III) AUTHORIZING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
LEASES IN CONNECTION THEREWITH AND (IV) GRANTING RELATED RELIEF**

Carl Ireland, Administrator of the Estate of James Garbe (the "Relator"), by and through

his counsel, files this limited objection (the "Objection") to the Debtors' proposed *Order (I)*

*Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of*

*Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances,*

*(III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith and (IV) Granting Related Relief* (the "Proposed Sale Order") [Docket No. 1730].   In support of this Objection, the Relator respectfully represents as follows:

## INTRODUCTION

1.      Relator holds a first priority, perfected mortgage lien on the Debtors' real property known as the Sears Distribution Center #8975, Cupey Bajo, San Juan, Puerto Rico (the "Puerto Rico Property") and any and all proceeds of the Puerto Rico Property.  In response to the Debtor's prior motion for approval on an interim and final basis of debtor in possession financing (the "DIP Motion"), the Relator interposed a limited objection to the proposed financing to the extent it seeks to prime or otherwise establish a priority superior to the Relator's in the Puerto Rico Property [Docket No. 550].  Following the hearing on the DIP Motion, the Debtors and the Relator were able to agree upon language for the final orders approving DIP financing, providing that the security interest of the Relator in the Puerto Rico Property is preserved and not subordinated in any manner to the DIP lender claims (the "DIP Final Orders"). Specifically, the DIP Final Orders provides as follows:

> **SHLD and Cyrus and Relator Carl Ireland.**  Notwithstanding anything to the contrary contained herein (including, but not limited to, paragraphs iv, 13, and 14 hereof),  nothing herein, including the Carve-Out, shall be deemed to prime or be otherwise made senior or pari passu to any valid, perfected and non-avoidable security interests or liens held by (i) SHLD Lendco, LLC or Cyrus Capital Partners, L.P. under the IP/Ground Lease Term Loan or (ii) Relator Carl Ireland, Administrator of the Estate of James Garbe, and the other parties to the Garbe settlement agreement sharing in that security interest with Garbe (such security interests and liens the "Specified Security Interests").  All parties' rights to object to the priority, validity, amount, and extent of the Specified Security Interests and the claims secured thereby (and all objections and defenses of the holders of the Specified Security Interests) are hereby fully preserved. All rights and remedies of the Debtors in respect of the Specified Security Interests, including, but not limited to, the right to seek to surcharge and to seek to impose the remedy of marshaling (and, in each case, all objections and defenses of the holders of the Specified Security Interests) are hereby fully preserved. All rights of the holders of the Specified Security Interests to seek relief from the automatic stay of section 362 of the

Bankruptcy Code, to seek adequate protection of the Specified Security Interests, and/or other permissible secured creditor rights, including the right to object to any relief sought pursuant to the Debtors' reserved rights, are hereby fully reserved.

[Docket No. 955 at Paragraph 65 and Docket No. 1436 at Paragraph 64].

2.      As listed in Schedule 1.1(p) of the Asset Purchase Agreement ("APA"), the Puerto Rico Property is one of the parcels of owned real estate proposed to be transferred free and clear to the buyers.

3.      The Relator objects to the Proposed Sale Order for two reasons.  First, Relator seeks confirmation that sufficient sale proceeds shall be set aside and preserved for payment to the Relator as required under the Court's Final DIP Orders and not paid over in any amount to the DIP Lender until or unless such proceeds are sufficient to fully satisfy Relator's Lien. Second, Relator objects to the sale to absent payment in full of the Mortgage Lien (defined below), and to the process by which sale proceeds will be allocated to the Puerto Rico Property.

## BACKGROUND AND OBJECTION

4.      The Relator, as well as the United States of America, through the United States Department of Justice (the "United States"), the Office of Inspector General of the Department of Health and Human Services, and the Defense Health Agency, Kmart Corporation ("Kmart"), and Sears Holding Corporation ("SHC") are parties to a December 2017 settlement agreement whereby Kmart agreed to pay a total of $59 million in three (3) installments (the "Settlement Payments") to settle a civil action brought under the False Claims Act and analogous state statutes (the "Settlement Agreement").  The Settlement Payments were to be made to the United States, various state governments, and the Relator and his counsel.

5.      Additionally, as protection in the event Kmart defaulted on any of its obligations under the Settlement Agreement, Kmart and SHC granted first priority liens to the United States

and the Relator on certain real properties owned by Kmart and/or SHC.  The real properties are located in San Juan, Puerto Rico (defined above as the Puerto Rico Property) and Winter Park, Florida.  After certain payments were made under the Settlement Agreement, the mortgage on the property in Winter Park, Florida was deemed satisfied, and the Relator no longer has a lien on that property.

6.        Pursuant to a *Mortgage Note, Pledge and Security Agreement*, dated January 12, 2018 (the "Note and Security Agreement"), Sears Roebuck de Puerto Rico, Inc. pledged collateral to the United States and Relator, comprised of a mortgage note in the principal amount of $17.4 million, secured by a deed for the Puerto Rico Property, and all proceeds of the foregoing, including, without limitation, cash proceeds (the "Collateral").  The lien in the Collateral were timely and properly recorded in the appropriate municipality, as provided for under the Note and Security Agreement.  Therefore, the Relator's first priority, perfected lien on the Collateral (the "Mortgage Lien") remain extant and effective as of the date of this Objection.[1]

7.        As of the date of the Debtors' bankruptcy filings, October 15, 2018 (the "Petition Date"), the amount that remains due and unpaid under the Settlement Agreement is $26,200,000.00. No payments have been made in connection with the Settlement Agreement since the Petition Date, although the due date for the next payment under the Settlement Agreement has come and gone.

8.        The Relator seeks confirmation in the Proposed Sale Order that in accordance with the Final DIP Orders, his claim will attach to the proceeds of the Puerto Rico Property to the full extent of the value of his Collateral as contemplated in paragraphs 17 and 43 of the Proposed Sale Order.

---

[1] Relator's Mortgage lien is joint with the other plaintiff parties to the Settlement Agreement, and so for purposes of this Objection references to the Mortgage Lien and Collateral should be considered to the full amount and extent of the lien and all debts under the Settlement Agreement that the Collateral supports.

9.      Second, under the current terms of the APA, the Buyer and Seller are the only parties involved in fixing an allocation of the purchase price to the assets being sold pursuant to section 9.3(d) of the APA, and there is no provision for involvement of anyone else in this process, much less the ability to address any disagreement on the valuation of the asset/allocation of proceeds for the Collateral.[2]  Relator is concerned that without his involvement, the value of the Puerto Rico Property may be fixed an artificially low price for reasons that might benefit the parties for tax or other reasons to the prejudice and detriment of the Relator and the value of his Collateral.  Accordingly, Relator respectfully submits the Proposed Sale Order should not be approved without affording the Relator a full and fair opportunity to fix the value of his Collateral.

10.     Pursuant to 11 U.S.C. §363(f) neither the Debtors nor the proposed buyer can sell the Collateral free and clear of the Mortgage Lien absent payment in full of the lien or Relator's (and other plaintiff parties to the Settlement Agreement's) consent.  As structured, the proposed asset purchase agreement and Proposed Sale Order do violence to the Relator's rights under the Bankruptcy Code as drafted, and the Relator does not consent to the sale of the Collateral absent payment in full of the Mortgage Lien.  Alternatively, the Relator would consider consenting to the sale of the Collateral free and clear, provided that safeguards of his rights as to valuation are included in the Order that the Relator determines are sufficient to ensure a fair and proper valuation and allocation of sale proceeds, as well as the prompt turnover of such proceeds upon resolution of allocation.

11.     Further, defaults under the Settlement Agreement and the passage of time, among other things, are resulting in a continuing diminution in the value of the Relator's interests in the

---

[2] In summary, section 9.3(d) of the proposed asset purchase agreement provides that, within 90 days after closing, the buyer shall deliver to the seller a schedule allocating the purchase price, which shall be prepared in accordance with section 1060 of the Internal Revenue Code or applicable law.

Collateral.  Upon information and belief, the Debtors continue to use the Collateral in their operations and derive value therefrom.  Accordingly, the Relator is entitled to adequate protection and reserves his right to seek such protection.

## **RESERVATION OF RIGHTS**

12.     The Relator expressly reserves any and all rights to supplement or amend this Objection.

## **CONCLUSION**

WHEREFORE, the Relator respectfully objects to the proposed sale on the grounds set forth in this Objection, and requests such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: January 25, 2019
        New York, New York

Respectfully submitted,

HALPERIN BATTAGLIA BENZIJA, LLP

*/s/ Alan D. Halperin*
Alan D. Halperin, Esq.
Walter Benzija, Esq.
Ligee Gu, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
ahalperin@halperinlaw.net
wbenzija@halperinlaw.net
lgu@halperinlaw.net

*Counsel to Relator Carl Ireland,*
*Administrator for the Estate of James Garbe*