Exhibit C

# CARSON FISCHER, P.L.C.

ROBERT M. CARSON
JOSEPH M. FISCHER
WILLIAM C. EDMUNDS
ROBERT A. WEISBERG
KAREN H. SAFRAN
JEFFREY B. SCHLUSSEL
GREGORY T. OBLOY
CHRISTOPHER A. GROSMAN
DAVID E. SCHLACKMAN
JEFFREY B. MILLER

4111 ANDOVER ROAD
WEST-SECOND FLOOR
BLOOMFIELD HILLS, MICHIGAN 48302-1924

rcarson@carsonfischer.com

TELEPHONE
(248) 644-4840

FACSIMILE
(248) 644-1832

June 3, 2014

Via E-mail and Federal Express
7701 7740 3043

Natalie J. Spears
Dentons US LLP
233 South Wacker Drive, Suite 7800
Chicago, IL 60606

Re: Gardens Mall- Sears-Forbes/Cohen Properties

Dear Ms. Spears:

    I am in receipt of your letter dated May 29, 2014 which continues to make unwarranted demands and mistaken assertions. My client has advised and continues to advise that it expects that the terms and conditions of the sublease, as amended and supplemented, between it and your client be honored. As you must know from your review of the sublease, it is subject to and governed by not only the terms set forth therein but also the other agreements referenced in the sublease and the other documents to which it is subject, including all obligations under the applicable laws, regulations and ordinances, etc. I respectfully suggest that a thorough review of the various provisions in all of the potentially applicable documents that may be relevant to your analysis of whether and under what conditions your client's "intended" transaction might be affected, will inform you of the issues involved and the shortcomings of both the information provided and the tentative transaction under consideration. We are not, contrary to your assertion, in a position to complete that analysis due to a lack of relevant information.

    My client has sought as a matter of courtesy to prevent your client from incurring unnecessary costs and wasted time by pursuing an arrangement that is not in compliance with its obligations. It does not seek to prevent your client from exercising its rights in a fully compliant transaction, one that conforms to the agreements, complies with all standards (i.e. Sublease, Supplemental Agreement, PUD Agreement,

PX14

Natalie J. Spears  **CARSON FISCHER, P.L.C.**
June 3, 2014
Page 2

PGA Corridor Overlay, ordinances, licensing and REA), secures all required approvals, including but not limited to, architectural approvals, the approval of all Majors to the extent required, approval of any governmental authorities, etc. and creates a circumstance that is consistent with that of a first class enclosed regional shopping center which is required.

Additionally, without the detail of any potential modifications to the building, including architectural specifications, exact sign (existing and proposed) size, location and full specifications, description of the lease restrictions on use, merchandise and services to be sold, area to be used for retail sales, area to be used for storage, if any, and other relevant information no meaningful determination can be made.

In regard to some of the specific complaints in your most recent letter: My client does not concern itself with the economic terms which may be set forth in the letter of intent; you have not identified the name of the legal entity that your client intends to sublease space to or the specific limitations on the use (see earlier comments); and by submitting preliminary renderings of potential modifications to the interior and exterior of the building without specifications we are in no position to make a determination as to whether the incompletely described potential modifications are in conformity, or to the extent they are not in conformity, with the restrictions that bind your client. We do note (without limiting the possible issues involved) that it appears that your client is contemplating modifications to the exterior appearance, signage and architecture that are not consistent with the current appearance or applicable standards, the possible use may not comply with the PGA Corridor Overlay, and the use may not be consistent with that for a first class enclosed regional shopping center. Those issues are or should be well known to your client and have not been definitively explored by us given the preliminary stage of the advice that we have received. Further, your confrontational correspondence does not address any of these issues or even acknowledge their relevance.

Finally and so that there should be no misunderstanding, my client does not and will not insist upon any activity or restriction beyond that applicable under the written agreements between the parties, including the conditions and restrictions referred to therein and required by law. My client is under no obligation to do anything in regard to a potential but not fully described transaction, but has every right to exercise its rights and insist that your client live up to the standards and obligations under the applicable agreements between the parties.

My client will not give a blanket waiver of its rights especially against an unknown situation and you have no right to demand such a waiver and no right to make any threats against my client.

PX14-0002

Natalie J. Spears  **CARSON FISCHER, P.L.C.**
June 3, 2014
Page 3

    Finally, your strident approach is tiresome and damaging to the longstanding business relationship between the parties. This is especially disappointing since from a cursory review of the relevant agreements and restrictions one must realize that substantial questions exist as to the likelihood of a transaction such as you have minimally described being authorized. Further it would appear that substantial uncertainty exists as to whether the required approvals by all concerned entities could be secured.

    My client does not waive any of its rights or, at this time and under these circumstances, grant any consent and it reserves all of its rights, claims and prerogatives.

    Sincerely,

    CARSON FISCHER, P.L.C.

    Robert M. Carson

RMC/lls

    Cc: Sears, Roebuck and Co. (Via Federal Express)
        Chicago, Illinois 60684
        Attention: National Manager Real Estate
        Planning Group, Dept. 824 R.E.

        Sears, Roebuck and Co. (Via Federal Express)
        Chicago, Illinois 60684
        Attention: General Counsel -
        Merchandising Group, Dept. 766