# Exhibit D

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CASE NO. 2014CA11945 AG


SEARS, ROEBUCK AND CO.,
a New York corporation,

       Plaintiff,

v.

FORBES/COHEN FLORIDA PROPERTIES, L.P.,
a Michigan limited partnership,

       Defendants.
_____/


PROCEEDINGS BEFORE THE HONORABLE EDWARD A. GARRISON
VOLUME 4

Tuesday, May 17, 2016
2:07 – 5:36 p.m.

Palm Beach County Courthouse
201 North Dixie Highway, Courtroom 9B
West Palm Beach, Florida 33401


Reported By:
Rachel W. Bridge, RMR, CRR
Notary Public, State of Florida


Mudrick Court Reporting, Inc.
(561) 615-8181

```
 1   APPEARANCES:

 2   On behalf of the Plaintiff:

 3
         RICHMAN GREER, P.A.
 4       250 West Australian Avenue South
         One Clearlake Centre, Suite 1504
 5       West Palm Beach, Florida  33401
         BY:  GERALD F. RICHMAN, ESQ.
 6       Telephone: 561-803-3500
         E-mail:  grichman@richmangreer.com
 7
                     and
 8
         DENTON US, LLP
 9       233 South Wacker Drive, Suite 7800
         Chicago, Illinois  60606
10       BY:  NATALIE J. SPEARS, ESQ.
              STEVEN MEROUSE, ESQ.
11            CHRISTINE SCHANBACHER, ESQ.
         Telephone:  312-876-8000
12       E-mail:  Natalie.spears@dentons.com
                  Steven.merouse@dentons.com
13
     On behalf of the Defendant Forbes/Cohen Florida
14   Properties, L.P.:

15       CARSON FISCHER, PLC
         4111 Andover Road, West Building, 2nd Floor
16       Bloomfield Hills, Michigan  48302
         BY:  ROBERT M. CARSON, ESQ.
17            JEFFREY B. MILLER, ESQ.
         Telephone: 248-644-4840
18       E-mail:  RCarson@Carsonfischer.com

19                  and

20       FITZGERALD, MAYANS & COOK, P.A.
         515 North Flagler Drive, Suite 900
21       West Palm Beach, Florida  33401
         BY:  E. COLE FITZGERALD, III, ESQ.
22       Telephone:  561-832-8655
         E-mail:  Fitzgerald@fmc-lawfirm.com
23

24

25
```

388

```
 1   APPEARANCES - CONTINUED:

 2   On behalf of the Defendant City of Palm Beach Gardens:

 3        LOHMAN LAW GROUP
          601 Heritage Drive, Suite 232
 4        Jupiter, Florida  33458
          BY:  R. MAX LOHMAN, ESQ.
 5        Telephone:  561-203-8208
          E-mail:  max@lohmanlawgroup.com
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

389

```
 1                        - - -
                        I N D E X
 2                        - - -

 3                                                         PAGE

 4   SIDNEY FORBES

 5       Deposition designations by Mr. Carson      393

 6       Deposition designations by Mr. Merouse     411

 7   THOMAS CAIRNES

 8       Deposition designations by Mr. Carson      409

 9

10   CLOSING STATEMENTS BY MS. SPEARS               417

11   CLOSING STATEMENTS BY MR. RICHMAN              443

12   CLOSING STATEMENTS BY MR. LOHMAN               463

13   CLOSING STATEMENTS BY MR. CARSON               490

14   CLOSING STATEMENTS BY MS. SPEARS               508

15   CLOSING STATEMENTS BY MR. RICHMAN              518

16

17

18

19

20

21

22

23

24

25
```

1  admonition from Judge Hafele, and that admonition
2  they received from Judge Hafele is also quoted in
3  our trial brief, and I'm not going to go through
4  all the law that's in our trial brief, Your Honor,
5  because I can tell from the beginning or at least
6  it's my impression from the beginning that this
7  court has read the material and was ready, so I'm
8  not going to belabor the cases and what-have-you.
9  They are there.  I invite your attention.
10       But the admonition they received, when he
11  denied their motion for summary judgment, said in
12  part "This simple statement here of Dick's being a
13  retailer and fitting under the contract is not
14  simple at all, because what comes with the
15  trappings of signage, square footage, following the
16  ordinances that have existed for a long time, it
17  takes more than just fitting under the
18  definition"-- he was referring to retail -- "to
19  create the court making a ruling as a matter of law
20  that somehow Sears has a right to sublease to
21  Dick's that fits this definition."
22       In fact, continuing on their fantasy trip,
23  Dick's has said -- Sears has said to you we don't
24  want you to look at the sublease.  Don't be
25  concerned with the sublease.

525

1       C E R T I F I C A T E
2
3  STATE OF FLORIDA
4  COUNTY OF PALM BEACH
5
6
7       I, Rachel W. Bridge, Certified Realtime
8  Reporter, State of Florida at large, certify that I was
9  authorized to and did stenographically report the
10 foregoing proceedings and that the transcript is a true
11 and complete record of my stenographic notes.
12      Dated this 22nd day of May, 2016.
13
14
15      _____
        Rachel W. Bridge, RMR, CRR
16      Court Reporter
17
18
19
20
21
22
23
24
25

```
                                                                    1

 1   IN THE FIFTEENTH JUDICIAL CIRCUIT COURT

 2   IN AND FOR PALM BEACH COUNTY, FLORIDA

 3   CIVIL DIVISION

 4   CASE NO:  2014CA011945AG

 5    SEARS, ROEBUCK AND CO., a New
      York corporation,
 6
               Plaintiff,
 7        V

 8   FORBES/COHEN FLORIDA PROPERTIES,
     L.P., a Michigan limited
 9   partnership,

10             Defendant.
                                            /
11

12

13       Proceedings before the Honorable

14              DONALD W. HAFELE

15        (Proceedings already in progress)

16

17

18   Monday, November 16, 2015

19   205 North Dixie Highway

20   Palm Beach County Courthouse

21   West Palm Beach, Florida 33401

22   1:59 - 2:30 p.m.

23

24   Reported by:
     Lisa Mudrick, RPR, FPR
25   Notary Public, State of Florida
```

2

```
 1   APPEARANCES:

 2   On behalf of the Plaintiff:

 3       RICHMAN GREER, P.A.
         250 Australian Avenue South
 4       One Clearlake Centre, Suite 1504
         West Palm Beach, Florida 33401
 5       BY:   GERALD F. RICHMAN, ESQUIRE

 6       -- and --

 7       DENTON US LLP
         233 South Wacker Drive, Suite 7800
 8       Chicago, Illinois 60606
         BY:   NATALIE J. SPEARS, ESQUIRE
 9             STEVEN L. MEROUSE, ESQUIRE

10
     On behalf of the Defendant:
11
         FITZGERALD MAYANS & COOK, P.A.
12       515 North Flagler Drive, Suite 900
         West Palm Beach, Florida 33401
13       BY:   E. COLE FITZGERALD, III, ESQUIRE

14       -- and --

15       CARSON FISCHER, PLC
         4111 Andover Road
16       West Building, 2nd Floor
         Bloomsfield Hills, Michigan 48302
17       BY:   ROBERT M. CARSON, ESQUIRE

18
     On behalf of The City of Palm Beach Gardens:
19
         CITY ATTORNEY'S OFFICE
20       PALM BEACH GARDENS, FLORIDA
         10500 North Military Trail
21       Palm Beach Gardens, Florida 33410
         BY:   R. MAX LOHMAN, ESQUIRE
22

23

24

25
```

3

1    P R O C E E D I N G S
2              - - -
3         BE IT REMEMBERED that the following
4    proceedings were had in the above-styled and
5    numbered cause in the Palm Beach County Courthouse,
6    City of West Palm Beach, County of Palm Beach, in
7    the State of Florida, by Lisa Mudrick, RPR, FPR,
8    before the Honorable DONALD W. HAFELE, Judge in the
9    above-named Court, on November 16, 2015, to wit:
10             - - -
11       (Proceedings already in progress)
12             - - -
13         MR. CARSON:  Going on to Tab 2, there is
14    only one agreement between Dick's and Sears.
15    That's what's been testified to.  That's what's
16    before the Court.  That is the entire
17    agreement.  So any representation which is an
18    argument of counsel that says, oh, don't worry
19    about this, we'll address this later, there is
20    no later.  This is the deal.  There is no
21    agreement to make modifications.
22         In fact, as you will see later on, the
23    testimony from Dick's is they wanted Sears to
24    give comfort that everything can be attained,
25    everything in here which is necessary can be

26

1 premises.

2 And what I mean by that is the simple
3 statement here of Dick's being a retailer and
4 fitting under the contract is not simple at
5 all. Because with that come the trappings of
6 signage, square footage, following ordinances
7 that have existed for a long time. And, yeah,
8 that resolution in 2012 may or may not stand.

9 But all of these things here require more
10 than just a declaration of this very simple
11 limited language. Because it's just not that
12 terminology that makes Dick's a permitted user
13 or fits under the definition set forth in the
14 contract. It's all of these other things
15 similar to this hot dog vendor, where that hot
16 dog vendor may need a separate license to sell
17 food, may have to follow certain sanitary
18 requirements required by the city or by the
19 county.

20 And it would essentially -- again, I am
21 not trying to minimize this or make this too
22 simplistic or facetious. It's just an example
23 that came to mind. That it takes more than
24 just fitting under a definition to create the
25 Court making a ruling as a matter of law that

27

|  |  |
|---|---|
| 1 | somehow Sears has this right to sublease |
| 2 | because Dick's fits under this definition.  The |
| 3 | definition at this stage of the proceeding is |
| 4 | simply not enough. |
| 14:29:03  5 | Therefore, the motion is respectfully |
| 6 | denied.  And again, with my thanks to all for |
| 7 | your participation, presentations, and |
| 8 | submissions. |
| 9 | MR. CARSON:  Thank you, Your Honor. |
| 14:29:13  10 | THE COURT:  Have a great rest of the week. |
| 11 | Does anyone have a blank order that just |
| 12 | simply says denied? |
| 13 | MR. RICHMAN:  We have one, Your Honor, |
| 14 | that says granted or denied. |
| 14:29:25  15 | THE COURT:  Okay.  That would be fine. |
| 16 | Thank you, Mr. Richman.  And I will need |
| 17 | envelopes, please. |
| 18 | MR. CARSON:  Thank you for the time, Your |
| 19 | Honor. |
| 14:29:33  20 | THE COURT:  Thank you all very much, |
| 21 | again, for your presentations. |
| 22 | MR. LOHMAN:  Excuse me, Your Honor, may I |
| 23 | approach? |
| 24 | THE COURT:  Yes. |
| 14:29:52  25 | MR. LOHMAN:  I just want to make sure they |

29

1              C E R T I F I C A T E

2                       - - -

3

4  The State of Florida

5  County of Palm Beach

6

7         I, Lisa Mudrick, RPR, FPR, certify that I

8  was authorized to and did stenographically report

9  the foregoing proceedings (already in progress),

10  pages 1 through 28, and that the transcript is a

11  true record.

12

13         Dated November 18, 2015.

14

15

16

17

18                  *[signature: Lisa Mudrick]*

19

20

21      LISA MUDRICK, RPR, FPR
        Mudrick Court Reporting, Inc.
22      1615 Forum Place, Suite 500
        West Palm Beach, Florida 33401
23      561-615-8181

24

25