UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
UNITED PARCEL SERVICE, INC. AND ITS AFFILIATES TO PROPOSED
CURE COSTS AND ASSUMPTION OF EXECUTORY CONTRACTS**

1.  United Parcel Service, Inc. and its affiliates (collectively "UPS"), by and through their undersigned counsel, Morrison & Foerster LLP, submit this limited objection and reservation of rights with respect to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Assumption Notice")[1] filed by the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors").

2.  UPS is party to multiple contracts with the Debtors governing, among other things, small package shipping, freight shipping, brokerage, and logistics services. The Assumption Notice states that the Debtors may assume and assign to the Successful Bidder or its designated assignee the following UPS contracts (collectively, the "UPS Contracts"):

    - Contract No. 1864 between Debtor Innovel Solutions, Inc. ("Innovel") and Coyote Logistics, LLC, described as "Amendment to Transportation Broker Agreement" with a proposed cure amount of $210,000;

    - Contract No. 7176 between Innovel and United Parcel Service Inc., described as "Amendment No. 5 to Amended and Restated Exhibit 1 Small Package Transporation" with a proposed cure amount of $198;

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Assumption Notice.

ny-1359545

- Contract No. 7177 between Innovel and United Parcel Service General Service Co. described as "Electronic Data Access And Exchange Agreement" with a proposed cure amount of $0;

- Contract No. 7201 between Innovel and UPS, described as "FAC   UPS Supply Chain Solutions   MSA 2017" with a proposed cure amount of $5,815,441;

- Contract No. 7202 between Innovel and UPS Supply Chain Logistics Services, Inc. ("SCS"), described as "Amendment No.4 to Exhibit 7 Customs Brokerage Services" with a proposed cure amount of $0;

- Contract No. 7203 between Innovel and SCS, described as "Amendment No. 2 to Master Service Agreement" with a proposed cure amount of $0;

- Contract No. 7204 between Debtor Sears Holdings Corporation ("Sears Holdings") and UPS Professional Services, described as "Client Agreemnent UPSPICAF02   0814" with a proposed cure amount of $0; and

- Contract No. 7205 between Sears Holdings and UPS Freight, described as "Statement of Agreed Pricing" with a proposed cure amount of $0.

3. UPS has been working with the Debtors since the commencement of these chapter 11 cases to reconcile pre- and postpetition amounts outstanding under the various agreements between the parties. Although significant progress has been made, that reconciliation process is still underway and the proposed cure amounts do not accurately reflect UPS's views on the total prepetition amounts presently outstanding under the UPS Contracts, nor do they appear to include postpetition amounts that may be outstanding. Accordingly, UPS submits this limited objection to the proposed cure amounts with respect to each of the UPS Contracts, and reserves the right to assert additional cure amounts upon completion of its claims reconciliation efforts with the Debtors.

4. In addition, in certain instances, the UPS Contracts identified for potential assumption by the Debtors reference only specific amendments to the applicable contracts, and do not appear to include the original agreement or any other amendments or ancillary terms that may remain in force. UPS objects to any attempt by the Debtors to "cherry pick" the UPS

2

ny-1359545

Contracts by seeking to assume some, but not all, of their obligations under a given UPS Contract.

5. Finally, with respect to any UPS Contracts that will expire by their own terms before any proposed assumption and assignment becomes effective, UPS objects to such assumption and assignment to the extent it purports to extend the applicable contract expiration date without UPS's express consent.

Dated: January 25, 2019
New York, New York

Respectfully submitted,

**MORRISON & FOERSTER LLP**

By: /s/  Jennifer L. Marines
Jennifer L. Marines
Erica J. Richards
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile:  (212) 468-7900
jmarines@mofo.com
erichards@mofo.com

*Counsel to United Parcel Service, Inc.*