Holland & Knight LLP
Barbra R. Parlin, Esq.
31 West 52nd Street
New York, New York 10019
Telephone No.:  (212) 513-3200
Facsimile No.:  (212) 385-9010
*Attorneys for Garda CL Great Lakes, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDING CORPORATION, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>Jointly Administered |

**LIMITED OBJECTION OF GARDA CL**
**GREAT LAKES, INC. TO THE DEBTORS' NOTICE**
**AND SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL**
**ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Creditor, Garda CL Great Lakes, Inc. ("Garda"), through its counsel, hereby objects

("Objection") to the cure amount set forth in the *Notice of Cure Costs and Potential*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe oration (4816).

*Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* [ECF No. 1731] ("Assumption and Assignment Notice"), and the cure amount set forth in the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF No. 1774] ("Supplemental Assumption and Assignment Notice"). In support of this Objection, Garda respectfully states:

1. On October 15, 2018 ("Petition Date"), the above captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. Garda is a party to an executory contract with the Debtors, as amended from time to time,[2] pursuant to which Garda is obligated to, and continues to, provide armored car services to the Debtors.

4. The Debtors seek to assume and assign the Contract pursuant to the *Notice of Successful Bidder and Sale Hearing* ("Successful Bid") [ECF No. 1730]. In conjunction with the Successful Bid, the Debtors filed the Assumption and Assignment Notice and the Supplemental Assumption and Assignment Notice, which incorrectly list the Debtors' proposed cure amounts for (i) Contract 3026 as $0.00, (ii) Contract 3027 as $0.00, and

---

[2] The Debtors list two contracts with Garda in their Assumption and Assignment Notice (Nos. 3026 and 3027). However, the Debtors list only *one* contract with Garda in their Supplemental Assumption and Assignment Notice (No. 236). Garda is aware of only one master contract between it and the Debtors, the first page of which is attached hereto as **Exhibit "A."** However, out of an abundance of caution, Garda defines contract Nos. 3026 ("Contract 3026"), 3027 ("Contract 3027"), and 236 ("Contract 236") collectively as "Contract" herein. Further, to the extent that the Debtors may argue that its relationship with Garda is governed by more than one contract, Garda reserves its rights to amend this Objection to set forth the correct cure amount(s) due and owing under each such contract.

2

Contract 236 as $0.00 (collectively "Debtors' Proposed Cure Amount").

## OBJECTION

5.  Garda objects to the Debtors' Proposed Cure Amount as set forth in the Assumption and Assignment Notice and the Supplemental Assumption and Assignment Notice because the correct cure amount due and owing under the Contract is $283,353.22, as set forth in the Summary of Pre- and Post-Petition Amounts attached to this Objection as **Composite Exhibit "B"** ("Correct Cure Amounts").[3]

6.  The Correct Cure Amounts are comprised of the following:

    a.  Amounts due for services performed by Garda pre-petition but disputed by the Debtors: $98,227.42;

    b.  Undisputed amounts due for services performed by Garda pre-petition (including any applicable credits): $114,885.37; and

    c.  Undisputed amounts due for services performed by Garda post-petition (including any applicable credits): $70,240.43.

7.  Garda further objects to the Debtors' Proposed Cure Amount in that it does not take into consideration the passage of time between the filing of the Assumption and Assignment Notice, the filing of the Supplemental Assumption and Assignment Notice, and the effective date of any assumption of the Contract by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the Contract must require that the Debtors cure any additional defaults that may occur under the Contract between

---

[3] Garda reserves the right to include additional charges that accrue under the Contract that are not identified on Exhibit "B" up through the date of any order approving an assumption or assumption and assignment of the Contract.

the date of this Objection and the effective date of any assumption by the Debtors. See 11 U.S.C. § 365(b)(1).

## ARGUMENT

8. Section 365 of the Bankruptcy Code obligates the Debtor to promptly cure all existing defaults before assuming any executory contract. *See* 11 U.S.C. § 365(b)(1)(A) and (B); *see also In re Embers 86th Street, Inc.*, 184 BR 892, 896 (Bankr. S.D.N.Y. 1995) ("Pursuant to § 365(b)(1)(A), as a condition to the assumption of an executory lease, a debtor must either cure existing defaults thereunder or provide 'adequate assurance' that it can 'promptly cure' those defaults."); *In re Alipat, Inc.*, 36 B.R. 274, 276 (Bankr. E.D. Mo. 1984) ("[I]f there has been a default in an executory contract or unexpired lease, the trustee may not assume such contract or lease unless he or she cures the default, compensates the other party, and provides adequate assurance of future performance…"); *In re Johnson*, 184 B.R. 570, 574 (Bankr. D. Minn. 1995) ("While the term 'cure' is not defined in the Code, courts generally agree that '[c]uring a default commonly means taking care of the triggering event and returning to pre-default conditions.' (citation omitted).") The Debtors are therefore required to promptly cure all existing defaults by paying Garda the Correct Cure Amount immediately upon the assumption of the Contract.

9. Prior to the Contract actually being assumed, all other amounts that will become due and owing under the Contract also need to be cured to the extent such amounts remain unpaid.

## RESERVATION OF RIGHTS AND JOINDER

10. Garda reserves its right to assert any and all other claims against the Debtors arising out of or related to the Contract, including but not limited to any pecuniary losses

suffered by Garda as a result of any defaults by the Debtors under the Contract.

11. Further, Garda reserves all rights to object to any proposed assignee of the Contract on any basis, to the extent the Debtors seek to assign the Contract, as well as any other rights it now has or may have under applicable law with respect to this matter including but not limited to any rights under Section 365 of the Bankruptcy Code.

12. To the extent not inconsistent herewith, Garda hereby joins in the objections raised by other executory contract counter-parties listed in the Assumption and Assignment Notice and the Supplemental Assumption and Assignment Notice.

## CONCLUSION

13. Garda respectively submits that the Correct Cure Amount should be allowed (subject to adjustment by Garda) in the amount set forth on the attached **Composite Exhibit "B,"** and the Court should grant such other relief that the Court finds just and proper.

WHEREFORE, Garda respectfully requests the Court sustain this Objection to the Debtors' Proposed Cure Amount, and for such other relief as the Court may deem proper and just.

Dated: January 25, 2019.                    HOLLAND & KNIGHT LLP

                                                            /s/ *Barbra R. Parlin*
Barbra R. Parlin, Esq.
31 West 52nd Street
New York, NY 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010

*-and-*

5

        Jose A. Casal, Esq.
        Joaquin J. Alemany, Esq.
        HOLLAND & KNIGHT LLP
        701 Brickell Avenue, Suite 3300
        Miami, Florida 33131
        Telephone: (305) 789-7763
        Facsimile: (305) 789-7799
        Email: jose.casal@hklaw.com
              joaquin.alemany@hklaw.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2019, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications to all parties and counsel of record, and to the Objection Recipient Parties as follows:

**VIA EMAIL**

I. Bid Notice Parties
    a. Debtors
        Rob Riecker: rob.riecker@searshc.com
        Luke Valentino: luke.valentino@searshc.com
        Mohsin Meghji: mmeghji@miiipartners.com
        General Counsel: counsel@searshc.com

    b. Debtors' counsel
        Ray Schrock, Esq.: ray.schrock@weil.com
        Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
        Garrett A. Fail, Esq. garrett.fail@weil.com
        Sunny Singh, Esq. sunny.singh@weil.com
        Ellen J. Odoner, Esq. Ellen.Odoner@weil.com
        Gavin Westerman, Esq. Gavin.Westerman@weil.com

    c. Debtors' investment banker:
        Brandon Aebersold and Levi Quaintance: project.blue.rx@lazard.corn

II. Buyer Parties
    a. Buyer
        Kunal S. Kamlani: kunal@eslinvest.com
        Harold Talisman: harold@eslinvest.com

    b. Counsel
        Christopher E. Austin, Esq.: caustin@cgsh.com
        Benet J. O'Reilly, Esq.: boreilly@cgsh.com
        Sean A. O'Neal, Esq.: soneal@cgsh.com

III. Consultation Parties
    a. Bank of America
        Paul Leake, Esq.: Paul.Leake@skadden.com
        Shana Elberg, Esq.: Shana.Eiberg@skadden.com
        George Howard, Esq.: George.Howard@skadden.com

b. Wells Fargo Bank
Kevin J. Simard, Esq.: ksimard@choate.com
Jonathan D. Marshall, Esq.: jmarshall@choate.com

c. Committee
Ira S. Dizengoff, Esq. : idizengoff@akingump.com
Philip C. Dublin, Esq.: pdublin@akingump.com
Abid Qureshi, Esq.: aqureshi@akingump.com
Sara L. Brauner, Esq.: sbrauner@akingump.com

**VIA FIRST CLASS, OVERNIGHT DELIVERY SERVICE**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

By: /s/ *Barbra R. Parlin*
Barbra R. Parlin, Esq.
31 West 52nd Street
New York, NY 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
Email: barbra.parlin@hklaw.com