**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| SEARS HOLDINGS CORPORATION, et al., | 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

----------------------------------------------------------------

**OBJECTION OF JOHNSON CONTROLS, INC. TO NOTICE OF CURE
COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN
CONNECTION WITH GLOBAL SALE TRANSACTION**

Johnson Controls, Inc. ("Johnson Controls" and, together with its affiliates, including, but not limited to Johnson Controls Security Solutions LLC (f/k/a Tyco Integrated Security LLC), and Johnson Controls of Puerto Rico, Inc. "JCI"), hereby files this objection (the "Objection") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Cure Notice"). In support of this Objection, JCI states as follows:

**Background**

1. This is a contested matter, pursuant to Bankruptcy Rules 6006(b) and 9014.

2. Jurisdiction is based upon 28 U.S.C. § 1334.

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4. On October 15, 2018 (the "Filing Date"), the Debtors filed their petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code").

5. Johnson Controls is a Wisconsin corporation that provides building control systems and services to certain of the above-referenced debtors (the "Debtors") at various locations, pursuant to certain executory contracts among others between JCI and the Debtors.

**Cure Amount Objection**

6.  In the Cure Notice, the Debtors seek to establish a cure amount for certain executory contracts with JCI (the "JCI Contracts"), in the event the JCI Contracts are identified for assumption and assignment in connection with the Global Asset Sale Transaction[1] with the Buyer and occurrence of the Closing Date.

7.  The Cure Notice lists fifteen line items related to the JCI Contracts[2]. *See* Cure Notice, Ex. A at p. 163-64, line nos. 3904-3418.

8.  JCI does not object to assumption and assignment of the six JCI Contracts identified in the Cure Notice. However, JCI objects to the proposed cure amount set forth in the Cure Notice, and assumes that where no amount was identified the proposed cure amount was $0. Based on JCI's records, the correct cure amount for each of the JCI Contracts is set forth below (each, a "Cure Amount"), as described more fully on the attached **Exhibit A.**

| Sears Contract Number | Cure Amount |
| --- | --- |
| CW2296586 | $209,107.20 |
| CW2305871<br>CW2329946<br>CW2329940<br>CW2329942 | $1,435,089.82 |
| CW2338996 | $45,555.41 |
| CW2339972 | $464,662.87 |
| CW2339967 | $408,680.95 |

9.  JCI anticipates engaging in dialogue with the Debtors to come to an agreement on the Cure Amount for each of the JCI Contracts.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Cure Notice.

[2] Johnson Controls and its affiliated entities have multiple executory contracts with one or more of the Debtors that are not among those identified in the Cure Notice. JCI reserves all rights and remedies for all executory contracts except for those specifically addressed herein. JCI further reserves all rights to object or otherwise respond to the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1774] (the "Supplemental Cure Notice"), in accordance with the terms thereof.

**Cure of Default Under § 365(b)(1)(A)**

10.     Section 365 of the Bankruptcy Code states, in relevant part, that "(a) Except as provided in … subsection[] (b) of this section, the [debtor-in-possession], subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.  *See* 11 U.S.C. §365(b)(1).  If there has been a default in an executory contract or unexpired lease of the debtor, the [debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the [debtor-in-possession]—(A) cures, or provides adequate assurance that the [debtor-in-possession] will promptly cure, such default…".

11.     "Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance."  *In re Ionosphere Clubs, Inc.,* 85 F.3d 992, 999 (2nd Cir. 1996) (citations omitted).  "Where a debtor has been permitted by the bankruptcy court to assume a contract pursuant to § 365, equitable estoppel principles may be applied by the court to deny the debtor permission to escape its obligation to perform the contract it assumed."  *Id.* at 1000.

12.     In order for the Debtors to assume the JCI Contracts, the Debtors must cure the existing defaults in full, which requires payment of the following Cure Amounts:

| Sears Contract Number | Cure Amount |
|---|---|
| CW2296586 | $209,107.20 |
| CW2305871<br>CW2329946<br>CW2329940<br>CW2329942 | $1,435,089.82 |
| CW2338996 | $45,555.41 |
| CW2339972 | $464,662.87 |
| CW2339967 | $408,680.95 |

3

## **REQUEST FOR RELIEF**

13. Accordingly, JCI requests that the Court deny the final relief requested in the Cure Notice as to the JCI cure amounts, and establish the Cure Amount for each of the JCI Contracts in the amounts set forth herein and on the attached Exhibit A.

WHEREFORE, JCI requests that the Court enter an order:

    A.    Establishing the Cure Amount relating to the JCI Contracts as set forth herein and on the attached Exhibit A; and

    B.    Providing such other and further relief as the Court deems just and appropriate.

GODFREY & KAHN, S.C.

By: /s/ Timothy F. Nixon
Timothy F. Nixon
New York State Bar No. 4436390
Attorneys for Johnson Controls, Inc.
200 South Washington Street, Suite 100
Green Bay, WI 54301-4298
920-432-9300

DATED: January 25, 2019

20093216.5