**CADWALADER, WICKERSHAM & TAFT LLP**
200 Liberty Street
New York, New York 10281
Telephone:     (212) 504-6000
Facsimile:      (212) 504-6666
Attn:   Eric G. Waxman III
          Anthony De Leo

*Counsel to Argonaut Insurance Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION OF ARGONAUT INSURANCE COMPANY
TO GLOBAL SALE TRANSACTION AND RELATED CURE NOTICE**

Argonaut Insurance Company (together with its affiliates and subsidiaries, "Argonaut") submits this limited objection (the "Objection") to the: (i) *Notice of Cure Costs and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Cure Notice"); and (ii) *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] (the "Notice of Successful Bidder").[2] In support of this Objection, Argonaut respectfully states as follows:

## PRELIMINARY STATEMENT

The legal predicate to the Cure Notice is the existence of an executory contract that is subject to assumption and assignment under section 365 of title 11 of the United States Code (the "Bankruptcy Code"). Although the contracts related to Argonaut's bond program (described below) are not listed in the Cure Notice, the asset purchase agreement for the Global Assets appears to include performance, payment, and surety bonds (including Argonaut's bonds) in the definition of Acquired Assets. However, the bond program is not an executory contract and, were it construed such, it nevertheless is a financial accommodation under section 365(c)(2) that cannot be assumed and assigned. Accordingly, any Order approving the sale of the Global Assets should make clear that Argonaut's bonds and related contracts are not being assumed and assigned as part of the sale.

## BACKGROUND

### A.     The Indemnity Agreement and the Bonds

1. Argonaut and certain of the Debtors are parties to that certain General Indemnity Agreement dated as of February 13, 2012 (as amended, the "Indemnity Agreement"), pursuant to which Argonaut issued surety bonds (collectively, the "Bonds") to certain obligees with respect to certain obligations of the Debtors and/or their non-Debtor affiliates.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Cure Notice or the Notice of Successful Bidder, as applicable.

2. Additionally, certain of the Debtors have executed and delivered certain continuing agreement(s) of indemnity pursuant to which such Debtors are required to pay all premiums and indemnify Argonaut, and hold Argonaut harmless from and against every claim, demand, liability, cost, charge, suit judgment and expense incurred by Argonaut in connection with, among other things, (1) the furnishing of any Bond or (2) the enforcement of any indemnity agreement.

B. **The Chapter 11 Cases and the Sale**

3. Beginning on October 15, 2018 (the "Commencement Date") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. On October 24, 2018, the United States Trustee for Region 2 (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors. No trustee or examiner has been appointed in these chapter 11 cases.

5. On November 19, 2018, the Court entered the Global Bidding Procedures Order, which establishes procedures for the Debtors' proposed sale of the Global Assets.

6. On January 14, 2019, the Debtors commenced the Auction for the sale of the Global Assets. The Debtors selected Transform Holdco, LLC as the Buyer for the Global Assets. On January 18, 2019, the Debtors filed the Notice of Successful Bidder, thereby providing parties in interest with notice of the results of the Auction and the terms of the Global Assets sale.

7. The Asset Purchase Agreement attached to the Notice of Successful Bidder (the "APA") appears to suggest that the Debtors contemplate transferring, among other things, the Debtors' payment, performance, and surety bonds to the Buyer. Section 2.1(o) of the APA defines "Acquired Assets" to include:

> any and all rights of Sellers in and to any restricted cash, security deposits, letters of credit, escrow deposits and cash collateral, including cash collateral given to obtain or maintain letters of credit and cash drawn or paid on letters of credit, utility deposits, **performance, payment or surety bonds**, credits, allowance, prepaid rent or other assets, charges, setoffs, prepaid expenses, other prepaid items and other security (collectively, "Security Deposits"), together with all contracts, agreements or documents evidencing or related to the same (collectively, "Security Deposit Documents"), in each case to the extent related to any Acquired Asset[.]

APA, § 2.1(o).

8. Also on December 21, 2018, the Debtors filed and served the Cure Notice on various contract counterparties in connection with the Debtors' proposed assumption and assignment of various executory contracts to the Buyer as part of the Global Assets sale. Although the Cure Notice does not appear to list any contract between the Debtors and Argonaut (or its affiliates) related to the Indemnity Agreement or the Bonds, the above-quoted language from the APA appears to suggest that such contracts are being transferred notwithstanding that they may not be assumed and assigned under section 365 of the Bankruptcy Code. Thus, in an abundance of caution, Argonaut submits this Objection to the Cure Notice and the Global assets sale to the extent the Debtors seek to assume and assign the Debtors' contracts relating to the Argonaut bond program.

**LIMITED OBJECTION**

**I.    The Bonds and Indemnity Agreement are not Assignable Under Bankruptcy Code Section 365**

9.    The Indemnity Agreement and related Bonds are not executory contracts that can be assumed and assigned under section 365 of the Bankruptcy Code without Argonaut's consent.  See, e.g., In re All Phase Elec. Contracting, Inc., 409 B.R. 272, 275 (Bankr. D. Conn. 2009) (holding that surety bond program did not constitute executory contract "because the Bonds were issued, and that was all that was required of Colonial on the operative dates"); In re Coal Stripping, Inc., 215 B.R. 500, 502 (Bankr. W.D. Pa. 1997) (holding that Annual Premium Agreement between debtor coal mine operator and underwriter of reclamation bonds was not an executory contract because debtor's only obligation was to pay annual premium); In re THC Fin. Corp., 446 F. Supp. 1329, 1331 (D. Haw. 1977) (indemnity agreement is not an executory contract).

10.    Even if regarded as executory contracts, the Indemnity Agreement and associated surety Bonds cannot be assumed and assigned under applicable bankruptcy law because they constitute "financial accommodations." 11 U.S.C. § 365(c)(2);[3] see In re Edwards Mobile Home Sales, Inc., 119 B.R. 857, 859 (Bankr. M.D. Fla. 1990) (holding that a surety bond issued to a debtor was a non-assumable financial accommodation because the bond evidenced the surety's obligation to pay the debt of the debtor); In re Wegner Farms Co., 49 B.R. 440, 444 (Bankr. N.D. Iowa 1985) (same); In re Adana Mortgage Bankers, Inc., 12 B.R. 977, 987 (Bankr. N.D. Ga. 1980) ("[t]he obligation to pay money on the obligation of another is a financial accommodation" within

---

[3] Section 365(c)(2) of the Bankruptcy Code provides that "[t]he trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if-- . . . (2) such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor[.]"

the meaning of sections 365(c) and (e) of the Bankruptcy Code). Accordingly, any Order approving the sale of the Global Assets should make clear that any contracts between the Debtors and Argonaut are not being assumed and assigned as part of the sale.

## CONCLUSION

**WHEREFORE**, Argonaut respectfully objects to the Cure Notice and the sale of the Global Assets and respectfully requests that any Order approving such sale make clear that the contracts relating to Argonaut's bond program may not be assumed and assigned under section 365 of the Bankruptcy Code.

New York, New York
January 25, 2019

        CADWALADER, WICKERSHAM & TAFT LLP

        By: */s/ Eric G. Waxman III*
           Eric G. Waxman III
           Anthony De Leo
           200 Liberty Street
           New York, NY 10281
           Telephone:  (212) 504-6000
           Facsimile:  (212) 504-6666
           Email: Eric.Waxman@cwt.com
                   Anthony.Deleo@cwt.com

        *Counsel to Argonaut Insurance Company*