Mark R. Somerstein
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail: *mark.somerstein@ropesgray.com*

*Counsel for HomeGoods, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
In re                                                                     :    Chapter 11
                                                                              :
**SEARS HOLDING CORPORATION**, *et al.*,[1]  :    Case No. 18-23538 (RDD)
                                                                              :
          **Debtors.**                                            :    (Jointly Administered)
-------------------------------------------------------------x

**OBJECTION AND RESERVATION OF RIGHTS OF HOMEGOODS, INC.
TO THE DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

HomeGoods, Inc. ("HomeGoods"), by and through its undersigned counsel, hereby submits this objection and reservation of rights to the proposed cure costs and potential assumption or assumption and assignment of a purported executory contract between Sears, Roebuck and Co. ("Debtor Sears") and HomeGoods, as listed in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* [Docket No. 1731] (the "Assumption Notice"), and, in support thereof, respectfully states as follows:

**Background**

1. Debtor Sears, as landlord, and HomeGoods, as tenant, are party to that certain Sub-Lease Agreement, dated as of August 28, 2012 (as amended and modified from time to time, the "Sublease"), in connection with real property located at 3801 E. Foothill Blvd., Pasadena California 91107, defined as "Store # 1048" in the Global Bid Procedures (as defined below).

2. On November 21, 2018, the Debtors filed the *Notice of Global Bidding Procedures Process Letter* [Docket No. 862] (the "Global Bid Procedures") soliciting bids in connection with the sale or disposition of substantially all of the Debtors' assets. On January 14, 2019, the Debtors commenced an auction for such sale, and, at the conclusion of the auction, the Debtors designated the bid submitted by Transform Holdco, LLC, as the successful bid.

3. On January 18, 2019, the Debtors filed the *Schedules of Assets and Liabilities for Sears, Roebuck and Co.* [Docket No. 1711] (the "Schedules"). The Schedules list the Sublease, among others, as an unexpired lease in connection with Store #1048. *See* Schedules, Schedule G at 2.1308. However, the Schedules do not identify any other executory contracts or unexpired leases relating to HomeGoods.

4.  On January 18, 2019, the same day the Debtors filed the Schedules, the Debtors filed the Assumption Notice, providing the following information with respect to a purported executory contract with HomeGoods (the "Purported Contract"):

| No. | Debtor Counterparty | Counterparty Name | Contract | Contract Executed Date | Contract Expiration Date | Contract # | Cure Amount |
|---|---|---|---|---|---|---|---|
| 3484 | Sears, Roebuck and Co. | HomeGoods, Inc. | -- | N/A | N/A | N/A | $-- |

*See* No. 3484, Ex. A to Assumption Notice. The Assumption Notice appears to assert that no cure amount would be due in connection with assumption or assumption and assignment of the Purported Contract.

5.  Aside from the Sublease, HomeGoods is not aware of any executory contract or unexpired lease with the Debtors; however, the Assumption Notice fails to identify the Sublease at all, but it does identify three other unexpired leases that the Debtors seek potentially to assume or assume and assign concerning Store #1048. *See* Nos. 9-11, Ex. B to Assumption Notice.

## Objection and Reservation of Rights

6.  The Assumption Notice fails to provide HomeGoods with information for HomeGoods to identify what the Purported Contract relates to, such as the name of the contract, the contract execution date, the contract expiration date, or the contract number. Moreover, HomeGoods is not aware of any executory contract it has with the Debtors. Without additional information from the Debtors, HomeGoods objects to the assumption, assumption and assignment, and cure amount of the Purported Contract and respectfully requests that the Debtors provide necessary identifying information and a proposed cure amount to HomeGoods prior to any assumption or assumption and assignment of the Purported Contract.

7.  To the extent that the Debtors actually seek to assume or assume and assign the Sublease, HomeGoods requests that the Debtors advise HomeGoods of same within ten (10)

3

business days prior to seeking to assume or assume and assign the Sublease, including stating any cure amounts due with respect to the Sublease.[2]

8.    HomeGoods continues to review the Sublease and its books and records. HomeGoods reserves all of its rights, including the right to supplement, modify or amend this pleading and to make such other and further objections to the Assumption Notice or any assumption or assumption and assignment of the Purported Contract and/or the Sublease until such time as a final order is entered approving the assumption or assumption and assignment of the Purported Contract or the Sublease, including, without limitation, the amount of any cure required and all other rights of HomeGoods pursuant to Bankruptcy Code section 365, or otherwise. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action and defense.  In addition, nothing set forth herein shall be construed as a waiver, release, discharge or disallowance of any and all administrative claims of HomeGoods against the Debtors.

[*Rest of Page Intentionally Left Blank*]

---

[2]   HomeGoods sought clarification from Debtors' counsel regarding its concerns prior to filing this pleading. Debtors' counsel acknowledged receipt of HomeGoods' inquiry, but otherwise has not clarified which agreement(s) it intends to assume or assume and assign. Although HomeGoods is not aware of ever being served with the Assumption Notice and no certificate of service is on file as of the filing of this pleading, this pleading was compelled because the Debtors filed the Assumption Notice at approximately 11:14 p.m. on Friday, January 18, 2019, providing HomeGoods (and all other parties identified in the hundreds of pages of material filed) with just four (4) business days to respond or risk being unfairly and prejudicially bound by the Assumption Notice without adequate time to review the Assumption Notice and relevant books and records.

5

**WHEREFORE**, for the foregoing reasons, HomeGoods respectfully requests that the Court enter an order (i) requiring the Debtors to provide additional information regarding the details pertaining to the Purported Contract and (ii) granting such other and further relief as the Court deems just and proper.

Dated: January 25, 2019
      New York, New York

**HOMEGOODS, INC.**

*/s/ Mark R. Somerstein*
Mark R. Somerstein
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:  (212) 596-9000
Facsimile:  (212) 596-9090
E-mail:  mark.somerstein@ropesgray.com

*Counsel to HomeGoods, Inc.*