**Obj. Deadline and Time: January 26, 2019 at 4:00 p.m. ET**
**Hearing Date and Time: February 4, 2019 at 10:00 a.m. ET**

Ronald E. Gold, Esq.
(Admitted *pro hac vice*)
A.J. Webb, Esq.
(Admitted *pro hac vice*)
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
Email: rgold@fbtlaw.com
awebb@fbtlaw.com

*Counsel for Macy's West Stores, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **SEARS HOLDINGS CORPORATION, *et al*.,** | **CASE NO. 18-23538-RDD** |
| **Debtors.** | **(Jointly Administered)** |

**RESERVATION OF RIGHTS OF MACY'S WEST STORES, INC. TO THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS IN CONNECTION WITH THE GLOBAL ASSET SALE TRANSACTION**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Macy's West Stores, Inc. ("Macy's"),[1] by its undersigned counsel, Frost Brown Todd LLC, hereby files this reservation of rights (this "Reservation of Rights") to the above-captioned debtors'

[1] Macy's West Stores, Inc., an Ohio corporation, is a successor-in-interest by mesne name changes, merger and assignment to Carter Haley Hale Stores, Inc., a Delaware corporation.

(the "Debtors"): (i) *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1731) (the "First Notice of Potential Assumption and Assignment"); and (ii) *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1774) (the "Second Notice of Potential Assumption and Assignment" and, together with the First Notice of Potential Assumption and Assignment, the "Potential Assumption and Assignment Notices").[2] In support of this Reservation of Rights, Macy's respectfully states:

**BACKGROUND**

1. On October 15, 2018 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors and Macy's are party to that certain Approval and Rent Reimbursement Agreement dated as of June 19, 1985 (the "Macy's Agreement") associated with 410 Sun Valley Mall, Concord, California, identified by the Debtors as Store No. 1368.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Potential Assumption and Assignment Notices.

4. On November 1, 2018, the Debtors filed their *Motion for Approval of Global Bidding Procedures* (Docket No. 429) (the "Sale Motion") seeking, among other things, approval of procedures to market, auction, and sell the Debtors' real estate and other assets as a going concern, separated into: (i) procedures that apply to certain "go-forward" stores and related assets that the Debtors have deemed profitable; and (ii) global procedures that apply to the Debtors' remaining assets that are not sold as part of the "go-forward" stores (collectively, the "Proposed Sale").

5. On November 19, 2018, this Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (Docket No. 816) (the "Sale Procedures Order") which, among other things, approved the Sale Motion.

6. Based on information and belief, on January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets (the "Auction") whereby the Debtors selected an offer by Transform Holdco, LLC (the "Proposed Buyer"), established by ESL Investments, Inc., as the highest and/or best offer for all or substantially all of the Global Assets.

7. In connection with the Sale Procedures Order, on January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* (Docket No. 1730) (the "Notice of Successful Bidder") stating that the Proposed Buyer was the highest and/or best offer for all or substantially all of the Global Assets. Attached to the Notice of Successful Bidder is the proposed Asset Purchase Agreement between the Proposed Buyer and the Debtors and the proposed sale order approving the proposed Asset Purchase Agreement.

8. On January 18, 2019, the Debtors filed the First Notice of Potential Assumption and Assignment, and on January 23, 2019, the Debtors filed the Second Notice of Potential Assumption and Assignment. The Potential Assumption and Assignment Notices identify certain executory

contracts and unexpired leases that the Debtors might assume and assign as part of the Proposed Sale, including the Macy's Agreement.[3] The Potential Assumption and Assignment Notices propose $4,114.00 as the aggregate amount necessary to cure all monetary defaults under the Macy's Agreement (the "Cure Amount").

**RESERVATION OF RIGHTS**

9. The Cure Amount represents the amounts currently due and owing to Macy's under the Macy's Agreement. This amount may increase prior to any actual date of assumption and assignment of the Macy's Agreement if the Debtors, the Proposed Buyer, or any applicable assignee do not pay all amounts that accrue and become due and owing under the Macy's Agreement after the date of this Reservation of Rights, and any interest or other amounts that may come due, pursuant to the terms of the Macy's Agreement and regardless of when those amounts accrued.

10. Macy's expressly reserves its right to amend or supplement the Cure Amount from time to time and at any time, and requests that the Debtors remain liable for, among other things: (a) post-petition charges or interest due under the Macy's Agreement; and/or (b) any non-monetary defaults.

11. In addition, Macy's requests that any order approving the assumption and assignment of the Macy's Agreement provides that any assignee will be responsible for all accrued, but unbilled charges under the Macy's Agreement, whether accruing prior to or after the effective date of

[3] The First Notice of Potential Assumption and Assignment schedules an executory contract between "Macy's, Inc." and Sears, Roebuck and Co. Macy's is unable to specifically identify this contract and, accordingly, Macy's reserves any and all of its rights with respect to this contract including Macy's right to object on any grounds associated with this contract.

assumption and/or assignment of the Macy's Agreement, when such charges become due in accordance with the terms of the Macy's Agreement. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the Macy's Agreement. *See* 11 U.S.C. § 365(b)(1).

12. Any assumption and/or assignment of the Macy's Agreement should be conditioned upon, among other things, full compliance with section 365 of the Bankruptcy Code, including, but not limited to, the payment to Macy's of all amounts due and owing under the Macy's Agreement through the effective date of assumption and assignment of the Macy's Agreement, *i.e.*, the Cure Amount, and the provision by the Debtors and/or the proposed assignee of sufficient adequate assurance of future performance information.

13. Nothing in this Reservation of Rights is intended to be, or should be construed as, a waiver by Macy's of any of its rights under the Macy's Agreement, the Bankruptcy Code, or applicable law. Macy's expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Reservation of Rights and to assert any additional objections with respect to the cure amount and any proposed assignment of the Macy's Agreement on any and all grounds; (b) amend the Cure Amount; (c) assert any nonmonetary defaults under the Macy's Agreement; (d) assert any rights for indemnification or contribution against the Debtors arising under the Macy's Agreement; (e) object to any proposed assignee's adequate assurance of future performance; and (f) assert any further objections as it deems necessary or appropriate.

[*Signature page follows*.]

Dated: January 25, 2019
Cincinnati, Ohio

Respectfully submitted,

By: /s/ *Ronald E. Gold*

Ronald E. Gold, Esq.
(Admitted *pro hac vice*)
A.J. Webb, Esq.
(Admitted *pro hac vice*)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
Email: rgold@fbtlaw.com
awebb@fbtlaw.com

*Counsel for Macy's West Stores, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2019, a copy of the foregoing was served electronically or via First Class Mail, postage prepaid upon all those identified on the Master Service List as of January 25, 2019 in accordance with this Court's: (i) *Amended Order Implementing Certain Notice and Case Management Procedures* entered November 1, 2018 (Docket No. 405); and (ii) *Order Approving Global Bidding Procedures and Granting Related Relief* entered November 19, 2018 (Docket No. 816) and the service requirements established thereby.

*/s/ Ronald E. Gold*
Ronald E. Gold

2921117.0714675 4811-7235-6230v2