**DUANE MORRIS LLP**
Lawrence J. Kotler (LK-8177)
1540 Broadway, 14th Floor
New York, NY 10036-4086
(212) 692-1000 (Telephone)
(212) 692-1020 (Facsimile)

*Counsel for Riskonnect, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 18-23538<br>(Jointly Administered) |

## LIMITED OBJECTION AMD RESERVATION OF RIGHTS OF RISKONNECT, INC. TO DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION

Riskonnect, Inc. ("Riskconnect"), by and through its undersigned counsel, hereby files

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179. The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "Additional Debtors"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

this limited objection and reservation of rights (the "Objection") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "First Assumption Notice") filed by the above-captioned Debtors (collectively, the "Debtors"). In support thereof, Riskonnect respectfully states as follows:

## STATEMENT OF OBJECTION

1. On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (ECF No. 816), which contemplates a process for the assumption of executory contracts and unexpired leases.

2. On January 18, 2019, the Debtors filed a Notice of Successful Bidder and Sale Hearing (ECF No. 1730), stating that an affiliate of ESL Investments, LLC (the "Purchaser") was the successful bidder for the Global Assets (as defined therein).

3. On January 18, 2019, the Debtors also filed the First Assumption Notice, which lists a number of purported executory contracts and leases that the Debtors claim are subject to possible assumption and assignment to the Purchaser in connection with the sale.

4. The First Assumption Notices identify several contracts related to Riskonnect:[2]

    (a) Riskonnect Management Risk Master and Addendum 23; and

    (b) An unnamed agreement with Riskonnect.[3]

5. As this Court is well aware, the Debtors, prior to assuming and assigning these agreements, would have to cure any past defaults that existed prior to the assumption. *See* 11

---

[2] *See* Page 246 of the First Assumption Notice, lines 5899 and 5900.

[3] Upon information and belief, the Debtors have not properly identified the actual agreements between the parties. In realty, Sears Holding Management Corporation and Riskonnect are parties to a certain Statement of Work Agreement (with the Effective Date of December 1, 2010) with various addendums thereto. The most recent addendum, SOW Addendum No. 25, was entered into on September 14, 2018.

2

U.S.C. § 365(b)(1)(A); *see also Eastern Airlines Inc. v.. Ins. Co. of the State of Pa. (In re Ionosphere Clubs, Inc.)*, 85 F.3d 992, 999 (2d Cir. 1996) (citation omitted) (stating that the contracting parties must reeive the full benefit of their bargain if they are forced to continue performance).

6.    In the First Assumption Notice, the Debtors have designated the potential cure amounts for both of these agreements at $0.00. This is incorrect and the actual cure amounts due and owing under these agreements are substantially more than $0.00.

7.    Riskonnect is in the process of determining the proper cure amounts that are due and owing but has filed this Objection to preserve its rights. Accordingly, Riskonnect reserves the right to amend this Objection, particularly given abbreviated time afforded to it by the Debtors.

8.    In addition, Riskonnect has not had an opportunity to fully review any of the limited adequate assurance information provided by the Debtors, but what has been provided is insufficient such that assignment and assumption of agreements is inappropriate. All rights and arguments of Riskonnect in connection with the Purchaser's provision of adequate assurance are reserved and preserved pending further review. *See* 11 U.S.C. § 365(b)(1).

9.    Accordingly, Riskonnect objects to the First Assumption Notice and to the entry of any Order approving the assumption or assignment of any agreement between Debtors and Riskonnect without payment of the proper cure amounts due and owing under these agreements.

10.    This Objection is also without prejudice to the fact that there may be additional cure amounts that will accrue on an ongoing basis between the filing of this Objection and any subsequent assumption and assignment of the aforementioned agreements. As such, Riskonnect

DM3\5591882.1

reserves any and all of its right to amend, supplement, or modify this Objection up to and including the actual assumption and assignment of the aforementioned agreements.

**WHEREFORE,** Riskonnect, Inc. respectfully requests that this Court deny the assumption of the Riskonnect agreements, as described herein, without the payment of the proper cure amount plus such other and further relief as the Court deems just and proper.

Dated: January 25, 2019

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Lawrence J. Kotler*
Lawrence J. Kotler (LK-8177)
1540 Broadway, 14th Floor
New York, NY 10036-4086
(212) 692-1000 (Telephone)
(212) 692-1020 (Facsimile)

*Counsel for Riskonnect, Inc.*