**Objection Deadline: January 26, 2019 at 4:00 p.m. (prevailing Eastern Time)**
**Hearing Date: February 4, 2019 at 10:00 a.m. (prevailing Eastern Time)**

Ross G. Shank (RShank@kasowitz.com)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Edwin H. Caldie (MN Bar No. 0388930)
Brittany M. Michael (MN Bar No. 0397592)
Kevin P. Kitchen (MN Bar No. 0399297)
STINSON LEONARD STREET LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota, 55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

*Counsel for CenturyLink Communications, LLC*
*and Level 3 Communications, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **SEARS HOLDINGS CORPORATION**, | ) | |
| *et al.*, | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF CENTURYLINK COMMUNICATIONS, LLC AND LEVEL 3
COMMUNICATIONS, LLC TO PROPOSED CURE AMOUNT**

CenturyLink Communications, LLC ("CenturyLink") and Level 3 Communications, LLC ("Level 3"; together with CenturyLink, and their applicable affiliates, the "Objecting Parties") hereby object to the cure amounts set forth in the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction ("Cure Notice") [ECF No. 1731] and state as follows:

## INTRODUCTION

The Objecting Parties deliver telecommunications solutions to the Debtors (the "Accounts"). In the Cure Notice, the Debtors sought to establish the cure amount for potentially assuming and assigning the Accounts. Although the Objecting Parties do not generally oppose assumption and assignment of the Accounts, they object to such assumption and assignment to the extent that the proposed cure amounts fail to satisfy all existing defaults under all of the Accounts in accordance with 11 U.S.C. § 365(b).

## FACTS

1. On October 15, 2018, the Debtors filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code.

2. The Debtors are operating their businesses and maintaining their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. The Debtors sent the Objecting Parties the Cure Notice.

4. The Cure Notice included the Accounts with a proposed cure of the CenturyLink accounts in the amount of $82,907.00, and a proposed cure of the Level 3 accounts in the amount of $458,677.00. The combined proposed cure amount for the Accounts is $541,584.00.

## LIMITED OBJECTION

5. The Objecting Parties do not oppose the assumption and assignment of the Accounts provided that it receives the proper cure required by 11 U.S.C. § 365.

6. The Objecting Parties' records indicate that the amounts listed in the Cure Notice are insufficient to cure the debt owed to the Objecting Parties and assume and assign the Accounts. The Debtors currently owe $138,563.47 for outstanding pre-petition services due and owing to CenturyLink.

7. The Debtors currently owe $654,631.27 for outstanding pre-petition services due and owing to Level 3.

8. The total amount owed to the Objecting Parties for pre-petition services is $793,194.74.[1]

9. 11 U.S.C. § 365(b)(1) states, in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

10. A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005). Accordingly, unless and until the Debtors cure the balance owed to the Objecting Parties in full for all of the Accounts, the Debtors cannot assume and assign all of the Accounts.

11. The Objecting Parties do not seek more than the amounts due under the relevant invoices as a cure. The Objecting Parties reserve the right to amend the cure amount demanded, and intends to work with the Debtors to reach an agreement as to the amounts necessary to fully cure the Accounts.

---

[1] The Objecting Parties believe the Debtors are in possession of copies of the outstanding invoices. Nevertheless, the Objecting Parties intend to file a supplemental declaration attaching the invoices.

WHEREFORE, the Objecting Parties respectfully request that this Court enter an Order: (i) conditioning the assumption and assignment of all of the Accounts upon the payment of the cure amount described herein; and (ii) granting such other and further relief as this Court deems equitable and proper.

Dated: January 25, 2019                    Respectfully submitted,

KASOWITZ BENSON TORRES LLP

*/s/ Ross G Shank*
Ross G. Shank (RShank@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel. (212) 506-1700 / Fax. (212) 506-1800

- and –

Edwin H. Caldie (MN Bar No. 0388930)
Brittany M. Michael (MN Bar No. 0397592)
Kevin P. Kitchen (MN Bar No. 0399297)
STINSON LEONARD STREET LLP
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel. (612) 335-1500 / Fax. (612) 335-1657

*Counsel for CenturyLink Communications, LLC and Level 3 Communications, LLC*