**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**OBJECTION OF WERNER ENTERPRISES, INC. TO THE DEBTORS' PROPOSED CURE AMOUNTS IN THE *NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE GLOBAL SALE TRANSACTION***

Werner Enterprises, Inc. ("Werner") hereby objects to the proposed cure amounts set forth in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* ("Notice") (Doc. No. 1731) filed by the Debtors and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      Werner provides transportation services to the Debtors on an at-will basis. Werner objects to the assumption and assignment of any purported Transportation Agreement because (a)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

the Transportation Agreement and all its amendments expired prior to the Petition Date (defined below) and no other executory contracted existed as of the Petition Date, and (b) even if any executory contract existed, which Werner adamantly disputes, the proposed cure amount fails to satisfy all existing defaults under the same in accordance with 11 U.S.C. § 365(b). Werner objects to the assumption and assignment of a purported "Director of Contract Admin." contract because there is no such contract.

## BACKGROUND FACTS

2. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and several of its affiliates, including Innovel Solutions, Inc., filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. As of the Petition Date, Werner had performed work on behalf of one or more of the Debtors on an at-will basis under an at-will load-by-load arrangement and was owed $130,579.29. Attached as Exhibit A hereto and incorporated herein is a summary of the amount owed, along with the invoices that support the amount. *See also* Proof of Claim No. 7401.

5. On or about January 25, 2019, Werner became aware of the Notice, which lists Werner as a counterparty to an executory contract with a contract title of "TRANSPORTATION AGREEMENT" with a cure amount of "___" under Row No. 7538.

6. Werner also because aware that the Debtors may have listed Werner as a counterparty to an executory contract with a contract title of "Director of Contract Admin." with

2

a cure amount of "___" under Row No. 2224. Werner has no knowledge regarding an alleged contract with the contract title of "Director of Contract Admin."

## AUTHORITY

7. 11 U.S.C. § 365(b)(1) states, in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . .;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of further performance under such contract or lease.

11 U.S.C. § 365(b)(1).

8. A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

## ARGUMENT

9. In addition to its argument that no executory contract exists, Werner objects to the proposed cure amount in the Notice with respect to the purported Transportation Agreement on the basis that such proposed amount is not accurate and does not include the entire amount that is owed for pre-petition work. Under the relevant pre-petition invoices attached as Exhibit A, Werner is owed $130,579.29.

10. The $130,579.29 amount is based on pre-petition work performed but not paid under the purported Transportation Agreement.

3

11. Werner objects to the proposed cure amount and any assumption of a contract with contract title of "Director of Contract Admin." as Werner has no knowledge of any such agreement.

## **RESERVATION OF RIGHTS**

12. This Objection is without prejudice to Werner's arguments that no executory transportation contract exists and no "Director of Contract Admin." contract exists, as well as Werner's rights to add other and additional cure claim amounts that (a) may exist and/or may become known at a future date and (b) will accrue on an ongoing basis between the filing of this Objection and any subsequent assumption of the alleged executory contract. Werner reserves its right to amend or supplement this Objection and to contest the assumption, assignment, or rejection of the Transportation Agreement on any basis other than the proposed cure amount. Werner further reserves its right, if any, to file a motion for an administrative expense claim under 11 U.S.C. 503(b) of the Bankruptcy Code.

*(Remainder of page intentionally left blank)*

**WHEREFORE**, Werner Enterprises, Inc., respectfully requests that this Court enter an Order: (a) finding that no executory contracts exist, (b) alternatively, finding that if any executory transportation contract exists, conditioning any assumption and assignment of any executory contract upon the payment of the $130,579.29 cure amount described herein; and (c) granting such other and further relief as this Court deems equitable and proper.

Dated this 25th day of January, 2019.

Respectfully submitted,

By: */s/ Edward L. Schnitzer*
Edward L. Schnitzer

**CKR Law LLP**
1330 Avenue of the Americas, 14th Floor
New York, New York 10019
T: +1 (212) 259-7307
F: +1 (212) 259-8200
E: eschnitzer@ckrlaw.com
W: www.ckrlaw.com

and

Brian Koenig
**KOLEY JESSEN P.C., L.L.O.**
1125 South 103 Street
Suite 800
Omaha, NE 68124
T: 402.390.9500
E: Brian.Koenig@koleyjessen.com
W: www.koleyjessen.com

*Attorneys for Werner Enterprises, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2019, I electronically filed the foregoing with the Clerk of the Bankruptcy Court which sent notification of such filing to all CM/ECF system participants, including the following Objection Recipients, and I also caused copies of the Objection to be served on the below by the indicated method service of service.

**VIA EMAIL:**

    I. Bid Notice Parties
        a. Debtors
            Rob Riecker: rob.riecker@searshc.com
            Luke Valentino: luke.valentino@searshc.com
            Mohsin Meghji: mmeghji@miiipartners.com
            General Counsel: counsel@searshc.com
        b. Debtors' counsel
            Ray Schrock, Esq.: ray.schrock@weil.com
            Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
            Garrett A. Fail, Esq.: garrett.fail@weil.com
            Sunny Singh, Esq.: sunny.singh@weil.corn
            Ellen J. Odoner, Esq.: Ellen.Odoner@weil.com
            Gavin Westerman, Esq.: Gavin.Westerman@weil.com
        c. Debtors' investment banker:
            Brandon Aebersold and Levi Quaintance: project.blue.rx@lazard.com
    II. Buyer Parties
        a. Buyer
            Kunal S. Kamlani: kunal@eslinvest.com
            Harold Talisman: harold@eslinvest.com
        b. Counsel
            Christopher E. Austin, Esq.: caustin@cgsh.com
            Benet J. O'Reilly, Esq.: boreilly@cgsh.com
            Sean A. O'Neal, Esq.: soneal@cgsh.com
    III. Consultation Parties
        a. Bank of America
            Paul Leake, Esq.: Paul.Leake@skadden.com
            Shana Elberg, Esq.: Shana.Elberg@skadden.com
            George Howard, Esq.: George.Howard@skadden.com
        b. Wells Fargo Bank
            Kevin J. Simard, Esq.: ksimard@choate.com
            Jonathan D. Marshall, Esq.: jmarshall@choate.com

**VIA FIRST CLASS MAIL:**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

*s/ Edward L. Schnitzer*
Edward L. Schnitzer

**CKR Law LLP**
1330 Avenue of the Americas, 14th Floor
New York, New York 10019
T: +1 (212) 259-7307
F: +1 (212) 259-8200
E: eschnitzer@ckrlaw.com
W: www.ckrlaw.com