Holland & Knight LLP
Barbra R. Parlin, Esq.
31 West 52nd Street
New York, New York 10019
Telephone No.: (212) 513-3200
Facsimile No.: (212) 385-9010
*Attorneys for Plaza del Caribe, S.E.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDING CORPORATION, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>Jointly Administered |

**LIMITED OBJECTION OF PLAZA DEL CARIBE, S.E. TO THE DEBTORS'**
**NOTICE AND SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL**
**ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES IN**
**CONNECTION WITH GLOBAL SALE TRANSACTION**

Landlord, Plaza del Caribe, S.E. ("Landlord"), through its counsel, hereby objects ("Objection") to the cure amounts set forth in the *Notice of Cure Costs and Potential*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe oration (4816).

*Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* [ECF No. 1731] ("Assumption and Assignment Notice") and the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* [ECF No. 1774] ("Supplemental Notice"). In support of this Objection, Landlord respectfully states:

1. On October 15, 2018 ("Petition Date"), the above captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. Landlord is a party to two unexpired leases of nonresidential real property with the Debtors located at the shopping center commonly known as Plaza del Caribe, located at San Juan, Puerto Rico ("Leases") identified on the: (1) Assumption and Assignment Notice as Store No. 1945 – Contract S1945-1-A and Store No. 1945 – Contract S1945-37-B; and (2) in the Supplemental Notice as Store No. 1945 – Contract S1945-1-A. True and correct copies of the Leases for each store are attached hereto as **Exhibits "A"** and **"B,"** respectively.

4. The Debtors seek to assume their unexpired Leases pursuant to the *Notice of Successful Bidder and Sale Hearing* ("Successful Bid") [ECF No. 1730]. In conjunction with the Successful Bid, the Debtors filed the Assumption and Assignment Notice and Supplemental Notice which incorrectly list the Debtors' proposed cure amounts for Store No. 1945 – Contract S1945-1-A as $98,185.00 and 108,101.96,

2

respectively, and in for Store No. 1945 – Contract S1945-37-B as $0.00 ("Debtors' Proposed Cure Amounts").

**OBJECTION**

5. Landlord objects to the Debtors' Proposed Cure Amounts as set forth in the Assumption and Assignment Notice and Supplemental Notice because the correct cure amounts due and owing under the Leases for Store No. 1945 – Contract S1945-1-A (expiring 09/01/2022) is **$350,751.35** and for Store No. 1945 – Contract S1945-37-B (expiring 09/09/2022) is **$14,839.79**, as set forth in the Statements attached to this Objection as **Exhibits "C"** and **"D"** ("Correct Cure Amounts").[2]  These amounts represent, inter alia, pre-petition and/or post-petition unpaid balances due under the Leases.

6. Landlord further objects to the Debtors' Proposed Cure Amounts in that they do not take into consideration the passage of time between the filing of the Assumption and Assignment Notice or Supplemental Notice, and the effective date of any assumption of the Leases by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the Leases must require that the Debtors (i) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption of the Leases; and (ii) cure any additional defaults that may occur under the Leases between the date of this Objection and the effective date of any assumption by the Debtors. See 11 U.S.C. § 365(b)(1).

7. Landlord further objects to the Debtors' Proposed Cure Amounts because they do not include amounts that may become due under the Leases after the Leases are

---

[2] Landlord reserves the right to include additional charges that accrue under the Leases that are not identified on Exhibits "C" and "D" up through the date of any order approving an assumption or assumption and assignment of the Leases.

assumed, but which may relate to the pre-assumption period (i.e., real estate tax and common area maintenance reconciliations). Any order establishing the cure amount in connection with the assumption of the Leases must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Leases, notwithstanding the Debtors' Proposed Cure Amounts.

8. Landlord further objects in that the Leases provide that the Debtors must indemnify and hold Landlors harmless with respect to any existing claims that may not become known until after the assumption of the Leases (i.e., personal injury claims, damage to the leased premises or shopping center caused by the Debtors or their agents). Any order approving the assumption of the Leases must therefore provide that the assumption is pursuant to the terms of the Leases, and that the Debtors will continue to be responsible for all such indemnification obligations, regardless of when they arose.

9. Finally, under the Leases, Landlord is entitled to attorneys' fees and costs. These amounts are currently unliquidated because as of the date hereof Landlord cannot be certain whether the Leases will be assumed and when such assumption will occur. The Correct Cure Amounts should therefore also include all of Landlords' attorneys' fees and costs to which it is entitled under the Leases.

## ARGUMENT

10. Section 365 of the Bankruptcy Code obligates the Debtor to promptly cure all existing defaults before assuming any unexpired lease of non-residential real property. *See* 11 U.S.C. § 365(b)(1)(A) and (B); *Agri Star Meat & Poultry, LLC v. Nevel Props. Corp. (In re Nevel Props. Corp.)*, 765 F.3d 846, 849 (8th Cir. 2014) (stating that a lease cannot be assumed unless a cure has been effected); *In re Alipat, Inc.*, 36 B.R. 274, 276

(Bankr. E.D. Mo. 1984) ("[I]f there has been a default in an executory contract or unexpired lease, the trustee may not assume such contract or lease unless he or she cures the default, compensates the other party, and provides adequate assurance of future performance…"). The Debtors are therefore required to promptly cure all existing defaults by paying Landlord the Correct Cure Amounts immediately upon the assumption of the Leases.

11. Prior to the Leases actually being assumed, all other amounts that will become due and owing under the Lease, including attorneys' fees also need to be cured to the extent such amounts remain unpaid.

## RESERVATION OF RIGHTS AND JOINDER

12. Landlord reserves its right to assert any and all other claims against the Debtors arising out of or related to the Leases, including without limitation, claims for (a) the costs of any repair that may be necessary after inspection of the interior of the leased premises; (b) post-petition rent and other charges accruing under the Leases that Landlord has yet to discover and not yet identified on Exhibits "C" and "D"; (c) pecuniary losses suffered by Landlords as a result of any defaults by Debtors under the Leases, including, but not limited to, attorneys' fees and costs incurred as a direct result of any further defaults; and (d) non-monetary defaults of which Landlord does not have knowledge at this time. Landlord reserves all rights to object to any proposed assignee of the Leases on any basis, to the extent the Debtors seek to assign the Leases, as well as any other rights it now has or may have under applicable law with respect to this matter including but not limited to any rights under Section 365 of the Bankruptcy Code. To the extent not inconsistent herewith, Landlord hereby joins in the objections raised by other landlords.

## **CONCLUSION**

13. Landlord respectively submits that the Correct Cure Amounts should be allowed (subject to adjustment by the Landlord) in the amount set forth on the attached, and the Court should grant such other relief that the Court finds just and proper.

WHEREFORE, Landlord respectfully requests the Court sustain this Objection to the Debtors' Proposed Cure Amounts, and for such other relief as the Court may deem proper and just.

Dated: January 25, 2019.                    HOLLAND & KNIGHT LLP

　　　　　　　　　　　　　　　　　　　　　　　/s/ *Barbra R. Parlin*
　　　　　　　　　　　　　　　　　　　　Barbra R. Parlin, Esq.
　　　　　　　　　　　　　　　　　　　　31 West 52nd Street
　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 513-3200
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 385-9010

　　　　　　　　　　　　　　　　　　　　*-and-*

　　　　　　　　　　　　　　　　　　　　Jose A. Casal, Esq.
　　　　　　　　　　　　　　　　　　　　Joaquin J. Alemany, Esq.
　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP
　　　　　　　　　　　　　　　　　　　　701 Brickell Avenue, Suite 3300
　　　　　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　　　　　Telephone: (305) 789-7763
　　　　　　　　　　　　　　　　　　　　Facsimile:  (305) 789-7799
　　　　　　　　　　　　　　　　　　　　Email: jose.casal@hklaw.com
　　　　　　　　　　　　　　　　　　　　　　　　joaquin.alemany@hklaw.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2019, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications to all parties and counsel of record, and to the Objection Recipient Parties as follows:

## VIA EMAIL

I. Bid Notice Parties
    a. Debtors
        Rob Riecker: rob.riecker@searshc.com
        Luke Valentino: luke.valentino@searshc.com
        Mohsin Meghji: mmeghji@miiipartners.com
        General Counsel: counsel@searshc.com

    b. Debtors' counsel
        Ray Schrock, Esq.: ray.schrock@weil.com
        Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
        Garrett A. Fail, Esq. garrett.fail@weil.com
        Sunny Singh, Esq. sunny.singh@weil.com
        Ellen J. Odoner, Esq. Ellen.Odoner@weil.com
        Gavin Westerman, Esq. Gavin.Westerman@weil.com

    c. Debtors' investment banker:
        Brandon Aebersold and Levi Quaintance: project.blue.rx@lazard.corn

II. Buyer Parties
    a. Buyer
        Kunal S. Kamlani: kunal@eslinvest.com
        Harold Talisman: harold@eslinvest.com

    b. Counsel
        Christopher E. Austin, Esq.: caustin@cgsh.com
        Benet J. O'Reilly, Esq.: boreilly@cgsh.com
        Sean A. O'Neal, Esq.: soneal@cgsh.com

III. Consultation Parties
    a. Bank of America
        Paul Leake, Esq.: Paul.Leake@skadden.com
        Shana Elberg, Esq.: Shana.Eiberg@skadden.com
        George Howard, Esq.: George.Howard@skadden.com

    b. Wells Fargo Bank
        Kevin J. Simard, Esq.: ksimard@choate.com
        Jonathan D. Marshall, Esq.: jmarshall@choate.com

    c. Committee
        Ira S. Dizengoff, Esq. : idizengoff@akingump.com
        Philip C. Dublin, Esq.: pdublin@akingump.com
        Abid Qureshi, Esq.: aqureshi@akingump.com
        Sara L. Brauner, Esq.: sbrauner@akingump.com

**VIA FIRST CLASS, OVERNIGHT DELIVERY SERVICE**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

                By: /s/ *Barbra R. Parlin*
                Barbra R. Parlin, Esq.
                31 West 52nd Street
                New York, NY 10019
                Telephone: (212) 513-3200
                Facsimile: (212) 385-9010
                Email: barbra.parlin@hklaw.com