**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RRD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF SALESFORCE.COM, INC. TO PROPOSED
ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND
NOTICE OF CURE COSTS, AND RESERVATION OF RIGHTS
IN CONNECTION WITH THE GLOBAL SALE TRANSACTION**

salesforce.com, Inc. ("**Salesforce**"), by and through its undersigned counsel, hereby files its objection and reservation of rights (the "**Assumption Objection**") to (A) the assumption of certain executory contracts (collectively, the "**Salesforce Contract**" as hereinafter identified) by and between Salesforce and certain of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), (B) the amount of the Cure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

P:\PHL\Business\Vandermark\Bankruptcy\S.D. NY\Sears\Salesforce\Cure Objection\Sears - Cure Objection (Salesforce) 2019.01.25.docx

- 1 -

Objection Of Salesforce.Com, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

Costs the Debtors contend must be paid to cure certain monetary defaults in connection with the Salesforce Contract, and (C) the assignment of the Salesforce Contract to Transform Holdco, LLC (the "**Successful Bidder**" or "**Buyer**") in connection with the Global Asset Sale Transaction (as hereinafter identified).[2]

Subject entry of an order granting relief requested in this Assumption Objection, Salesforce does not object to assumption or assignment of the Salesforce to the Buyer.

## RELIEF REQUESTED

Salesforce seeks entry of an order (the "Assumption Order") protecting its rights and interests by including the following:

    A.    Findings of fact stating that: (1) the Salesforce Contract constitutes a single integrated executory contract for purposes of assumption and assignment pursuant to 11 U.S.C. §365; (2) pursuant to the Salesforce Contract, the aggregate amount of US$ 580,351.27 (collectively, the "**Salesforce Cure Amount**") is due and owing, but unpaid as of January 23, 2019[3]; (3) pursuant to certain renewals of the Salesforce Contract, the aggregate amount of US$498,927.24, for Salesforce Services provided from and after March 16, 2019, will become due and owing (collectively, the "**Future Billings**")[4]; and (4) the Debtors and Transform Holdco, LLC (or any other assignee of the Salesforce Contract) have provided adequate assurance of future performance of all terms and conditions of the Salesforce Contract including, without limitation, payment of the Future Billings.

    B.    The requirement that, as a condition of approving the assumption of the Salesforce Contract, the Debtors shall pay not less than US$ 580,351.27 to cure the

---

[2] Capitalized terms used in this Assumption Objection, but which are not defined herein, shall have the meanings ascribed to them in the Ramirez Declaration filed concurrently herewith.

[3] *See* SFDC Cure Amount Summary attached as Exhibit A to the Ramirez Declaration at ¶13.

[4] *See* SFDC Cure Amount Summary attached as Exhibit A to the Ramirez Declaration at ¶13.

P:\PHL\Business\Vandermark\Bankruptcy\S.D. NY\Sears\Salesforce\Cure Objection (Salesforce) 2019.01.25.docx

- 2 -

Objection Of Salesforce.Com, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

monetary defaults (including amounts due by March 16, 2019 for Salesforce Services provided after the Petition Date) of the Salesforce Contract, plus any additional amounts as may accrue prior to the effective date of the assumption of the Salesforce Contract;

    C.  Approval of the Reservation of Rights (as set forth hereinafter); and

    D.  Grants such other relief as may be just and proper.

The Assumption Objection is based on the matters set forth herein, the *Declaration of Kevin Ramirez In Support of Objection Of Salesforce.Com, Inc. To The Proposed Assumption Of Certain Executory Contracts And Cure Costs, And Reservation Of Rights* (the "Ramirez Declaration") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

Salesforce requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## BACKGROUND

1.  Salesforce is a Delaware corporation and, among other activities, it provides on-demand customer relationship management and software application services (collectively, the "**Salesforce Services**") to Salesforce's business customers. (individually, a "**Salesforce Customer**" and, collectively, "**Salesforce Customers**"). *See* Ramirez Declaration at ¶2.

2.  Sears Holdings Corporation, Sears Holdings Management Corporation and Innovel Solutions, Inc. entered into certain Order Forms (the **"SFDC Orders"**)[5] whereby (a) they ordered Services from Salesforce and became obligated to pay the aggregate full

---

[5] The SFDC Orders are listed on the "SFDC Cure Amount Summary" that is attached as Exhibit A to the Ramirez Declaration.

contract amount for the Salesforce Services, and Salesforce became obligated to provide the Services to the Debtors.  *See* Ramirez Declaration at ¶6.

3.     The terms and conditions applicable to the Salesforce Services that are subject to the Salesforce Orders are set forth in the *Master Subscription Agreements*[6] by and between Debtors and Salesforce*,* (the **"MSAs"**, the MSAs together with the SFDC Orders constitute the "**Salesforce Contract**").   *See* Ramirez Declaration at ¶7.

## BANKRUPTCY CASE

4.     On October 15, 2018 (the "**Petition Date**"), Sears Holdings Corporation, Sears Holdings Management Corporation and Innovel Solutions, Inc. and the other above-captioned Debtors filed their individual, voluntary petitions in the above-captioned Court (the "**Court**") seeking relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

5.     On November 1, 2018, the Debtors filed their motion seeking, among other things, procedures for the sale of certain assets (the "**Assets**") and the assumption of certain executory contracts and unexpired leases.

6.     On November 19, 2018, the Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (ECF No. 816), approving global bidding and sale procedures applicable to the sale or disposition of the Assets.

7.     On January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets (the "**Auction**").  At the conclusion of the Auction, the Debtors (as directed by the Restructuring Committee) determined that the offer submitted by Transform Holdco, LLC (which was established by ESL Investments, Inc. to acquire substantially all of the Global Assets) was the highest or best offer for the Global Assets. The Debtors executed an

---

[6] The MSAs are listed on the "SFDC Cure Amount Summary" that is attached hereto as Exhibit A, and incorporated by reference herein as if fully set forth.

P:\PHL\Business\Vandermark\Bankruptcy\S.D. NY\Sears\Salesforce\Cure Objection (Salesforce) 2019.01.25.docx

- 4 -

Objection Of Salesforce.Com, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

asset purchase agreement with the Buyer for purchase of the Acquired Assets (as defined in the Asset Purchase Agreement dated January 17, 2019) and the transaction effected thereby, the "**Global Asset Sale Transaction**").[7]

8.      On January 18, 2019, the Debtors filed their notice (the "**Initial Cure Notice**")[8] identifying (A) the executory contracts and unexpired leases that they may assume and assign pursuant to the Global Asset Sale Transaction and (B) the monetary defaults (the "**Cure Amounts**") with respect to such contracts and leases (collectively, the "**Proposed Assumed Contracts**") that it contends must be cured as a condition of assuming a specific contract or lease.  Among the Proposed Assumed Contracts, the Cure Notice identifies the following agreements to which Salesforce is a counterparty (collectively, the "**Proposed Assumed Salesforce Contract**") and Cure Costs they contend must be cured as a condition of assuming these contracts:

| Debtor | Counterparty | Contract Type | Execute Date | Terminate Date | Contract No. | Cure Amount |
|---|---|---|---|---|---|---|
| Sears Holdings Management Corporation | Salesforce.com, Inc. | Invoice No. 12525781 | N/A | NA | N/A | $ 460,880 |
| Sears Holdings Management Corporation | Salesforce.com | Master Subscription Agreement - 2010 | N/A | NA | SHC-68113 | $ 0.00 |

13.     On January 23, 2019, the Debtors filed their supplemental notice (the "**Supplemental Cure Notice**") identifying certain additional executory contracts and unexpired leases that may be assumed and assigned in connection with the Global Sale Transaction and Cure Costs related to such contracts and leases.[9]  The Supplemental Cure Notice again identifies the Salesforce Contract as an additional Proposed Assumed Contract

---

[7] *See Notice of Successful Bidder and Sale Hearing* [ECF 1730].

[8] *See Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF 1731].

[9] *See Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the "Supplemental Cure Notice") [ECF 1774].

that may be assumed and assigned but, it now contends that the Cure Costs due and owing with respect to the Salesforce Contract are US$ 0.00.  The Supplemental Cure Notice also states that the deadline to file an objection to the Cure Costs is January 31, 2019, at 4:00 p.m., Eastern Time.

## CURE AMOUNT

14.     Based on its books and records pertinent to the Debtors' account, Salesforce submits that the Debtors have failed to pay all amounts due and owing pursuant to the Salesforce Contract.  More specifically, Salesforce submits that not less than the **aggregate Salesforce Cure Amount of US$ 580,351.27** is due and owing, but unpaid as of January 23, 2019, and such amount includes:  (i) US$ 109,525.95 that is due and owing, but unpaid, for Salesforce Services provided prior to the Petition Date; (ii) US$ 370,647.26 that is due and owing, but unpaid, for Salesforce Services provided after the Petition Date; and (iii) the aggregate amount of $100,178.06 that is owing for Salesforce Services provided after the Petition Date and prior to January 23, 2019, but which are due on February 8, 2019, February 18, 2019 and March 16, 2019, respectively).  *See* Ramirez Declaration at ¶13.[10]

15.     Based on its books and records pertinent to the Debtors' account, Salesforce further submits that, pursuant to renewal of Salesforce Services pursuant to the Salesforce Contract, an additional aggregate amount of US$ 498,927.24 for Salesforce Services provided from and after March 16, 2019 (collectively, the "**Future Billings**") will come due and owing.  *See* Ramirez Declaration at ¶14.  Salesforce submits that, if the Salesforce Contract is assumed and assigned to the Buyer, these Future Billings will be the obligations of the Buyer.

---

[10] *See* SFDC Cure Amount Summary attached as Exhibit A to the Ramirez Declaration at ¶13.

# GROUNDS FOR THE RELIEF REQUESTED

## The Salesforce Contract Constitutes An Integrated Contract That Must Be Assumed in Its Entirety

16. In the matter before the Court, Salesforce and the Debtors identify the executory contract that may be assumed and assigned pursuant to the Global Asset Sale Transaction differently. The Debtors, for their part, identify the Proposed Salesforce Assumed Contract they seek to assume and assign as *only including* (i) Invoice No. 12525781 and (ii) Master Subscription Agreement – 2010 between Salesforce and Sears Holding Management Corporation.[11]

17. Salesforce, in contrast, describes the Salesforce Contract as including additional agreements, Orders and related contracts that are necessary to provide the Salesforce Services that have been utilized by the Debtors.[12] Simply put, if the Buyers expect to receive the same Salesforce Services as currently being provided to the Debtors, the Debtors must assume the entire Salesforce Contract (as identified by Salesforce) and not simply the agreements identified by the Debtors in their Initial Cure Notice and the Supplementary Cure Notice.

18. As a practical matter, a commercial relationship may include several agreements that, taken together, constitute an integrated relationship. This relationship, in turn, may be embodied in several different agreements. The question, then, for purposes of contract assumption pursuant to 11 USC §365, is what constitutes the "executory contract" to be assumed.

---

[11] *See Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF 1731] and *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the "Supplemental Cure Notice") [ECF 1774].

[12] *See* Ramirez Declaration at ¶7 and Exhibit for description of all the agreements, Orders and other contracts constituting the Salesforce Contract.

19. If, as is the situation in this case, several agreements between the parties exist "it is well-settled that state law governs whether the agreements are separate or indivisible for purposes of §365." *In re New York Skyline, Inc.*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010) (applying New York state law); *In re Adelphia Bus. Solutions, Inc.*, 322 B.R. 51, 55 (Bankr. S.D.N.Y. 2005) (applying Missouri state law); *accord, Carlisle Corp. v. Uresco Const. Materials, Inc.*, 823 F. Supp. 271, 274 (M.D. Pa. 1993); *Pirinate Consulting Corp, LLC v. C.R. Meyer & Sons, Co. (In re Newpage Corporation)*, 2017 WL 571478 (Bankr. Del., Fen. 13, 2017); In *re Buffets Holdings, Inc.,* 387 B.R. 115, 120 (Bankr. D. Del. 2008).

20. In determining whether a series of agreements constitute an integrated contract or separate contracts, the intention of the parties is the first and foremost factor considered by a court. *Carlisle Corp. v. Uresco Const. Materials, Inc.*, 823 F. Supp. at 274; *Pirinate Consulting Corp, LLC*, *supra.* This determination is made by analyzing the plain language of the Master Agreement between the parties. *Carlisle Corp. v. Uresco Const. Materials, supra*; *Pirinate Consulting Corp, LLC*, *supra; In re Buffets Holdings, Inc.,* 387 B.R. at 120.

21. In this instance, the Salesforce Contract is governed by Delaware state law.[13] Accordingly, Salesforce submits that the plain language of the agreements between the parties lead to the conclusion that they intended all of the agreements identified by Salesforce as the Salesforce Contract to constitute one integrated contract. *See Carlisle Corp. v. Uresco Const. Materials, supra*; *Pirinate Consulting Corp, LLC*, *supra; In re Buffets Holdings, Inc.* For example, the *Master Subscription Agreement* between

---

[13] The various Orders, Master Subscription Agreements and other related agreements that constitute the Salesforce Contract have not been filed in conjunction with this Assumption Objection due to certain confidentiality provisions preventing disclosure of these agreements. However, Salesforce will make such agreements available to the Debtors upon request. *See* Ramirez Declaration at ¶7.

P:\PHL\Business\Vandermark\Bankruptcy\S.D. NY\Sears\Salesforce\Cure Objection (Salesforce) 2019.01.25.docx

- 8 -

Objection Of Salesforce.Com, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

Salesforce and Sears Holdings Management Corporation states that (A) this agreement (including all exhibits, addenda and all Orders Forms) constitutes the entire agreement between the parties and (B) no terms or conditions stated in any Customer purchase order or other order documentation may be incorporated into this agreement and any and all such terms or conditions are null and void.[14]  Accordingly, Salesforce contends that the entire Salesforce Contract (including, without limitation, all of Orders and related Master Subscription Agreements, and other identified agreements) must be assumed in its entirety.[15]

22. Additionally, assuming that the Buyers intend to utilize the same Salesforce Services (as a result of the Global Asset Sale Transaction) that the Debtors have utilized until now, Salesforce submits that the entire Salesforce Contract must be assumed and assigned. If, in contrast, only the Proposed Salesforce Assumed Contract is assumed, the Buyers will not enjoy the same Salesforce Services.

23. Accordingly, Salesforce has requested that the Court enter an Assumption Order that includes findings of fact that (A) the Salesforce Contract is an integrated contract for purposes of assumption pursuant to 11 U.S.C. §365 and (B) the Salesforce Contract is assumed rather than executory contract as described in the Initial Cure Notice and the Supplementary Cure Notice.

### All Defaults Under An Assumed Contract Must Be Cured

24. Where the debtor has defaulted on an executory contract, Section 365(b)(1) of

---

[14] *See e.g.*, §11.10 of the *Master Subscription Agreement*, dated March 1, 2010, by and between Salesforce and Sears Holdings Management Corporation.  This Agreement is available to the Debtors upon request. *See* Ramirez Declaration at ¶7.

[15] The various Orders, Master Subscription Agreements and other related agreements that constitute the Salesforce Contract have not been filed in conjunction with this Assumption Objection due to certain confidentiality provisions preventing disclosure of these agreements.  However, Salesforce will make such agreements available to the Debtors upon request.  *See* Ramirez Declaration at ¶7.

the Bankruptcy Code prohibits the debtor from assuming the contract unless the debtor:

> (A) cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . . .
>
> (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

25. A debtor in possession is prohibited from assuming an executory contract or unexpired leases unless it cures all monetary defaults in full – including all monetary defaults that arise both pre-petition and post-petition. *See* 11 U.S.C. §365(b)(1)(A); *Stoltz v. Brattleboro Housing Authority,* 315 F.3d 80, 94 (2nd Cir. 2002) (These conditions "protec[t] the creditor's pecuniary interests before requiring a creditor to continue a contractual relationship with a debtor."); *In re Embers 86th Street, Inc.*, 184 Bankr. 892 (Bankr. S.D.N.Y. 1995). "The other party to the contract or lease that the [debtor in possession or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available." 3 COLLIERS ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008).

26. Here, the evidence submitted by Salesforce establishes that, as of this date, not less than **US$ 580,351.27** (*i.e.*, the Salesforce Cure Amount) is due, but unpaid, for the Salesforce Services provided pursuant to the Salesforce Contract. *See* Ramirez Declaration at ¶13. Accordingly, based on the evidence before the Court, the Debtors are obligated to cure this monetary default in full as a condition of assumption of the Salesforce Contract pursuant to 11 U.S.C. §365(b)(1)(A).

P:\PHL\Business\Vandermark\Bankruptcy\S.D. NY\Sears\Salesforce\Cure Objection (Salesforce) 2019.01.25.docx

- 10 -    Objection Of Salesforce.Com, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

**Assignment of the Executory Contract and Unexpired Lease**

27. The Bankruptcy Code permits assignment of an unexpired executory contract or unexpired lease only if (A) the debtor in possession or trustee assumes the contract or lease in accordance with 11 U.S.C. §365(b)(1) and (B) the assignee provides adequate assurance of future performance of such contract or lease, whether or not there has been a default in such contract or lease. *See* 11 U.S.C. §365(f)(1), (2)(A) and (B); *In re Metromedia Fiber Network, Inc.,* 335 B.R. 41, 65-66 (Bankr. S.D.N.Y. 2005) (denying proposed assumption where debtor failed to provide adequate assurance of future performance).

28. Determining whether an assignee has provided adequate assurance of its ability to perform the contract in the future "must be determined by consideration of the facts of the proposed assumption." *In re Fleming Companies, Inc*., 499 F.3d 300, 307 (3d Cir. 2007). Adequate assurance of future performance has to be provided before an assignment may be authorized even if the executory contract at issue is not in default (*e.g.*, a monetary default has been cured as a condition of assumption pursuant to 11 U.S.C. §365(b)(1)). *Id*., 499 F.3d at 305). Adequate assurance may be provided, among other ways, by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See, e.g., In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance is present when prospective assignee of a contract or lease has financial resources and has expressed willingness to devote sufficient funding to business in order to give it strong likelihood of succeeding).

29. Here, Salesforce does not object to assignment of the Salesforce Contact *provided that* (A) the Debtors confirms whether Transform Holdco, LLC, or another entity, will be the ultimate assignee of the Salesforce Contract and (B) the Court finds that the

Debtor and the actual assignee have submitted competent evidence providing adequate assurance of future performance of this Salesforce Contract including, without limitation, payment of the Future Billings according to the terms and conditions of the Salesforce Contract.

## RESERVATION OF RIGHTS

30.     Salesforce does not object to assumption of the Salesforce Contract provided the Assumption Order requires payment of the Salesforce Cure Amount (plus all amounts that accrue from this date through the effective date of the Assumption Order) in full and includes the other relief requested by this Limited Objection.

31.     However, with respect to any and all other executory contracts and/or unexpired leases to which it is a counterparty (individually, an "Excluded Contract") and, collectively, the "Excluded Contracts") other than the Salesforce Contract, Salesforce hereby expressly reserves (the "Reservation of Rights") all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses pertaining to any or all Excluded Contracts including, without limitation, (a) the right to object to the assumption and/or assignment by the Debtors of any such Excluded Contract, (b) the right to payment of all monetary defaults that exist with respect to each such Excluded Contract, and/or (c) the right to have the assignment of any such Excluded Contract specifically conditioned on the Court finding, based on competent evidence, that the actual, proposed assignee of such contract is capable of performing all terms and conditions of such Excluded Contract including, without limitation, payment of all amounts that will come due and owing subsequent to any such assignment.

WHEREFORE, if the Court determines to approve assumption of the Salesforce Contract, Salesforce requests that the Assumption Order include the following:

A.     Findings of fact stating that: (1) the Salesforce Contract constitutes a single integrated executory contract for purposes of assumption and assignment pursuant to 11

U.S.C. §365; (2) pursuant to the Salesforce Contract, the aggregate amount of US$ 580,351.27 (the Salesforce Cure Amount) is due and owing, but unpaid as of January 23, 2019; (3) pursuant to certain renewals of the Salesforce Contract, the aggregate amount of US$ 498,927.24, for Salesforce Services provided from and after March 16, 2019, will become due and owing (the Future Billings); and (4) the Debtors and Transform Holdco, LLC (or any other assignee of the Salesforce Contract) have provided adequate assurance of future performance of all terms and conditions of the Salesforce Contract including, without limitation, payment of the Future Billings.

B. As a condition of approving the assumption of the Salesforce Contract, the Debtors shall pay not less than US$ 580,351.27 to cure the monetary defaults (including amounts due by March 16, 2019 for Salesforce Services provided after the Petition Date) under such contract, plus any additional amounts as may accrue prior to the effective date of the assumption of the Salesforce Contract;

C. Approval of the Reservation of Rights as herein; and

D. Grants such other relief as may be just and proper.

Dated: January 25, 2019

                Respectfully submitted,

                WHITE & WILLIAMS LLP
                /s/ *James C. Vandermark*_____
                James C. Vandermark
                7 Times Square, Suite 2900
                New York, New York   10036-6524
                Telephone: (212) 244-9500
                Facsimile: (212) 244-6200
                E-mail:  vandermarkj@whiteandwilliams.com

                -and-

P:\PHL\Business\Vandermark\Bankruptcy\S.D. NY\Sears\Salesforce\Cure Objection (Salesforce) 2019.01.25.docx

- 13 -    Objection Of Salesforce.Com, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

BIALSON, BERGEN & SCHWAB,<br>
A Professional Corporation<br>
Thomas M. Gaa, Esq.<br>
2600 El Camino Real, Suite 300<br>
Palo Alto, CA 94306<br>
Telephone: (650) 857-9500<br>
Fax: (650) 494-2738<br>
E-mail: Tgaa@bbslaw.com

*Attorneys for Creditor saleforce.com, inc.*

P:\PHL\Business\Vandermark\Bankruptcy\S.D. NY\Sears\Salesforce\Cure Objection\Sears - Cure Objection (Salesforce) 2019.01.25.docx

- 14 -  Objection Of Salesforce.Com, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction