**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, New Jersey 07960
Telephone:  (973) 992-4800
Facsimile:  (973) 992-9125
Mark E. Hall, Esq.
Michael R. Herz, Esq.

*Attorneys for CAPREF Burbank LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) |
| | ) Case No. 18-23538 (RDD) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re:  Docket No. 1731 |

### OBJECTION OF CAPREF BURBANK LLC TO PROPOSED CURE AMOUNT

CAPREF Burbank LLC ("Landlord"), by and through its undersigned counsel, hereby

objects (this "Objection") to the proposed cure amount set forth for the Landlord's lease in the

*Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and*

*Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Cure

Notice").  In support of this Objection, Landlord respectfully states as follows:

### BACKGROUND

1.      Landlord and one of the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors"), namely, Sears, Roebuck and Co., ("Tenant"), are parties to that

certain Sublease dated November 15, 1989 (which Sublease, together with all amendments,

modifications, and extensions thereof, is hereinafter referred to as the "Lease"),[1] related to retail

---

[1] The Lease is voluminous and presumably already in the Debtors' possession and thus has not been included in this filing, but a copy of the Lease can be provided to the Debtors or any other party upon request.

property located in the Burbank Town Center (Burbank, California), known to the Debtors as Store #1838 (the "Store").

2.      The Cure Notice, as filed by the Debtors, lists the proposed cure amounts for leases potentially to be assumed by the Debtors in connection with a potential global sale transaction. The Debtors' proposed cure amount for the Store is $750.00 (the "Proposed Cure Amount").

**OBJECTION**

3.      Landlord objects to the Proposed Cure Amount. As of the date hereof, the outstanding balance due and owing to Landlord under the Lease is no less than $18,827.34, comprised of: (i) two monthly installments of $9,944.50 each for the month of December of 2018 and January of 2019 for unpaid Common Area Maintenance Cost due pursuant to Section 8.2 of the Lease, as reduced by (ii) a payment in the amount of $1,061.66 received by Landlord from the Tenant on January 11, 2019 for reasons and in payment of an amount unknown (as such difference hereinafter may be increased by such other amounts as may be or become due under the Lease, including interest, the "Rent Non-Payment").

4.      Landlord also objects to the Cure Notice insofar is it improperly identifies the lessor under the Lease as "Cypress Equities." Although an entity known as Cypress Equities Managed Services, L.P. formerly had been the third party property management company for Burbank Town Center from approximately April of 2016 through March of 2018, such entity was never the owner of Burbank Town Center nor ever the lessor under the Lease or Tenant's landlord at the Store. CAPREF Burbank LLC should have identified as the landlord of the Store in the Cure Notice. All future notices concerning the status or proposed disposition of the Lease or the Store should be directed to CAPREF Burbank LLC.

2

5.      Landlord further objects the Cure Notice insofar as the Proposed Cure Amount does not include amounts that may become due under the Lease after the Lease is assumed, or assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, year-end common area maintenance reconciliations).   Any order establishing a cure amount in connection with the assumption or assumption and assignment of the Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease (including any documents cross-referenced in the Lease, such as the REA [as such term is defined in the Lease]), notwithstanding the Proposed Cure Amount or the currently stated Rent Non-Payment.

6.      Additionally, Section 6.2 of the Lease contains certain restrictions on the ability of the Tenant to assign the Lease, including requiring that any assignment made by the lessee "shall not become effective unless and until the assignee, in writing, for the benefit for lessor, shall assume this lease and agree to perform and be bound by all the obligations of lessee accruing under this lease from and after the date of such assignment."   Any assignment of the Lease thus must be done consistent with the terms of the Lease.

## RESERVATION OF RIGHTS

7.      Landlord reserves its rights to supplement this Objection to add additional sums that may accrue and/or become due under the Lease after the date hereof.

WHEREFORE, Landlord respectfully requests that any assumption of the Lease be conditioned upon payment of a cure amount totaling not less than the Rent Non-Payment amount as of the date hereof (plus additional interest and sums that may accrue and/or become due under the Lease after the date hereof), and for such other and further relief as the Court deems just and proper.

Dated:   Morristown, New Jersey          **FOX ROTHSCHILD LLP**
       January 25, 2019                    *Attorneys for CAPREF Burbank LLC*

                     By:   */s/ Mark E. Hall*
                           Mark E. Hall
                           Michael R. Herz
                           49 Market Street
                           Morristown, New Jersey 07960
                           Telephone:  (973) 992-4800
                           Facsimile:  (973) 992-9125