**K&L GATES LLP**
Robert T. Honeywell
599 Lexington Avenue
New York, NY 10022-6030
Telephone: (212) 536-3900
Facsimile: (212) 536-3901

*Counsel to Amazon.com Services, Inc. and Certain Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                  :         Chapter 11
                                                       :
**SEARS HOLDINGS CORPORATION,** *et. al.*,  :         Case No. 18-23538 (RDD)
                                                       :
                                                       :
                                                       :
           Debtors.[1]                                 :         (Jointly Administered)
                                                       :
---------------------------------------------------------------- x

### AMAZON'S LIMITED OBJECTION AND RESERVATION OF RIGHTS AS TO (I) APPROVAL OF GLOBAL ASSET SALE TRANSACTION, AND (II) DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holding Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Amazon.com Services, Inc. and certain of its affiliates[2] (collectively, "**Amazon**"), in support of this limited objection and reservation of rights (the "**Limited Objection**") to the Debtors' proposed Global Asset Sale Transaction, the proposed assumption and assignment of certain Amazon contracts thereunder, and the proposed cure costs in connection with such assumption and assignment, respectfully state as follows:[3]

## PRELIMINARY STATEMENT

Amazon and certain of the Debtors are parties to the contracts set forth on Exhibit "A" hereto, which Amazon understands the Debtor proposes to assume and assign (collectively, the "**Assumed Amazon Contracts**").[4] These include multiple terms, conditions, addenda and understandings between Amazon.com Services, Inc. (f/k/a Amazon Fulfillment Services, Inc.) ("**ACSI**") and its affiliates and Sears Brand

---

[2] Such affiliates include the Amazon entities listed in the chart attached hereto as Exhibit "A".

[3] Capitalized terms used but not defined herein shall have the respective meanings set forth in the Debtors' Notice of Auction Results and Sale Hearing, dated January 18, 2019 [Dkt. No. 1730] (the "**Notice of Auction Results**"), and the Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction, dated January 18, 2019 [Dkt. No. 1731] (the "**Assumption and Assignment Notice**").

[4] There are other contracts between the Debtors and Amazon which have not been identified for assumption and assignment pursuant to the Assumption and Assignment Notice. Those contracts are described in the attached Exhibit "B". To the extent the Debtors later seek to assume and assign additional Amazon contracts as appears to be contemplated under the Global Asset Sale Transaction, the objections and reservations expressed herein shall apply to such later identified assumed and assigned contracts, including those contracts identified on Exhibit "B".

The Debtors also propose to assume one or more agreements with Amazon Web Services, Inc. ("**AWS**"), which is an affiliate of Amazon.com Services, Inc. This Limited Objection is not being filed on behalf of AWS and does not concern such agreements. Accordingly, the agreements with AWS are not described on the attached Exhibit "A" and Exhibit "B".

Management Corporation ("**SBMC**") that together form a single contract governing the purchase, by Amazon, of large Kenmore brand appliances, Diehard batteries, and other products (collectively, the "**Vendor Contract**"). Under the Vendor Contract, Amazon has the right to deduct, from amounts owed to Sears under the contract, various credits authorized thereunder, including credits for the full purchase price of undamaged overstock inventory returned by Amazon. Such credits are in the nature of recoupments. Amazon has expressed, to the Debtors, its intention to return a substantial amount of undamaged overstock inventory in exchange for credit. The Debtors have not contested the ability of Amazon to exercise its return rights under the Vendor Contract in exchange for credit in the amount of the full purchase price of the returned items. The Assumed Amazon Contracts also include the Amazon business services agreement, certain nondisclosure contracts, and a transportation services contract.

Amazon and the Debtors are presently in good faith discussions to reconcile amounts owed between them under the various Assumed Amazon Contracts, and possible amendments of the terms of such contracts. The parties have not reached a final understanding regarding such reconciliation and amendments as of the date of this Limited Objection, but hope to do so by the time of the Sale Hearing.[5]

Amazon has no objection, in principle, to the assumption and assignment to the Buyer of the Assumed Amazon Contracts, provided that: (1) the list of Amazon contracts being assumed is clarified to reflect that each of the contracts identified on Exhibit "A" attached hereto are being assumed in their entirety by the Buyer; (2) the Sale Order

---

[5] Amazon reserves the right to supplement and/or amend this Limited Objection, including by filing supporting affidavits and contract documents, should no agreement be reached and Amazon's objections must be resolved by the Court.

clarifies that such assumption and assignment carries with it Amazon's contractual right to deduct, from any amounts owed, various credits including credits for returned undamaged overstock inventory; and (3) the Sale Order clarifies that any receivables owed by Amazon to the Debtors that are sold to the Buyer under the Asset Purchase Agreement are subject to all of Amazon's contract defenses, including rights of recoupment and setoff. Amazon provides suggested clarifying language for the Sale Order below.

## BACKGROUND

1. Under the proposed Asset Purchase Agreement and Global Asset Sale Transaction, the Buyer will acquire various retail stores and business lines (including Kenmore and Diehard) and assume a number of related executory contracts. Amazon understands, from the Assumption and Assignment Notice, that the contracts acquired by the Buyer will include all of the Assumed Amazon Contracts.

2. The Vendor Contract, which governs Amazon's purchase of principally large appliances under the Kenmore brand and batteries under the Diehard brand, is comprised of multiple terms, conditions, addenda and understandings. Among those terms and conditions are Amazon's standard Vendor Terms and Conditions (the "**Amazon Vendor Terms**"), which were amended by written amendments executed by Amazon and SBMC effective as of May 25, 2017 and July 18, 2017. The Amazon Vendor Terms (as so amended and supplemented by other terms and understandings) govern product purchases by Amazon from SBMC under the Vendor Contract, and provide that purchasing terms, coop, allowances, discounts, rebates, marketing, or other

4

funding are set forth in Amazon's program policies ("**Program Policies**") or in separate agreements, each of which is incorporated into the Amazon Vendor Terms.

3. Under the terms of the Vendor Contract (including the Amazon Vendor Terms incorporated therein), Amazon has a right to return Kenmore products to SMBC, including undamaged overstock inventory.[6] Amazon is also entitled to various other credits under the Vendor Contract, including credits for guaranteed margin and advertising.

4. Prior to the Petition Date, Amazon purchased and took delivery of certain inventory of Kenmore, Diehard, and other products under the Vendor Contract. Amazon presently holds a substantial amount of undamaged overstock inventory which it intends to return to the Debtors and apply against the amount of outstanding invoices as recoupments. In addition, and as described in the attached Exhibit "A", Amazon is presently entitled to pre-petition credits in the amount of $457,102 and post-petition credits in the amount of $5,639,004 under the Vendor Contract. Such credits, which are related to certain accruals and which are unrelated to Amazon's right to return overstock inventory, will be applied against outstanding payables owed by Amazon to the Debtors.

5. ACSI is a party to certain mutual nondisclosure agreements with Sears Holdings Corporation and Sears Brand Management. ACSI is also is a party to a Transportation and Services Agreement with Debtor Innovel Solutions, Inc., which includes amendments thereto and related work orders (collectively, the "**Transportation and Services Contract**").

---

[6] In addition to the explicit return rights under the Amazon Vendor Terms, Amazon also has the right to return the following types of inventory: customer damaged, warehouse damaged, vendor damaged, carrier damaged, and defective.

5

6. Amazon Services LLC, Amazon Payments, Inc., and other affiliates are each a party to warranty agreements with Debtors Sears Holdings Corporation, Sears Protection Company, and Sears Roebuck and Co. (collectively, the "**Business Services Agreement**"). The Business Services Agreement is comprised of multiple terms, conditions, addenda and understandings, including a Business Solutions Agreement ("**BSA**"), Tires Ship to Store Terms, and Professional Seller Program Addenda. Under the Business Services Agreement, Amazon is presently entitled to post-petition credits in the amount of $20,629.99.

7. On January 18, 2019, the Debtors filed their Assumption and Assignment Notice. The Assumption and Assignment Notice states that Adequate Assurance Information for the Buyer will be distributed to the applicable Counterparties. Amazon has not yet received any such Adequate Assurance Information.

8. The Assumption and Assignment Notice also identifies contracts with Amazon as executory contracts that the Debtors intend to assume and assign to Buyer in connection with the Global Asset Sale Transaction, as well as corresponding proposed cure amounts.

9. The Assumption and Assignment Notice does not include descriptions of all of the terms, conditions, addenda and understandings that comprise the Assumed Amazon Contracts, as set forth on Exhibit "A" hereto. For instance, with respect to the Vendor Contract, the original Amazon Vendor Terms are not listed. With respect to the Business Services Agreement, the BSA is not identified. Regarding the Transportation Contract, the work orders are not listed.

10. The Debtors do not identify any proposed Cure Costs with respect to the Assumed Amazon Contracts, with the exception of Contract No. 632, for which the Debtors indicate there is owed a cure obligation in the amount of $357,756.

11. Amazon files this Limited Objection, in part, to obtain clarification that the Buyer intends to honor all of the obligations under the Assumed Amazon Contracts, including the obligation under the Vendor Contract to honor Amazon's ability to return undamaged overstock inventory for the full purchase price value of such inventory.

12. On January 18, 2019, the Debtors filed their Notice of Auction Results. The Notice of Auction Results attaches a copy of the Debtors' proposed Asset Purchase Agreement with the Buyer. Section 2.1 of the Asset Purchase Agreement provides that the Buyer is acquiring certain accounts receivable from the Debtors (defined therein as "Acquired Receivables") free and clear of "any and all Encumbrances," which is defined as including any rights of setoff or recoupment. However, the Debtors have not filed a completed Schedule 1.1(k) to the Asset Purchase Agreement indicating which receivables are being sold to the Buyer. Accordingly, Amazon currently does not know if all receivables owed by Amazon to the Debtors under the Assumed Amazon Contracts are proposed to be acquired by the Buyer. Amazon has reached through counsel for the Debtors for clarification of the Debtors' intent regarding the sale of the Amazon receivables.

13. The Debtors also filed, as Exhibit C to the Notice of Auction Results, a proposed Sale Order. Paragraphs P and 17 of the proposed Sale Order provide that the

sale of the Debtors' assets to the Buyer shall be free and clear of all "Claims," which is defined as including any rights of off-set or recoupment.

## ARGUMENT

**A.    The Debtors Must Assume and Assign the Assumed Amazon Contracts in Their Entirety.**

14.    The Assumption and Assignment Notice sets forth the contracts that the Debtors intend to assume and assign to the Buyer.  However, the Assumption and Assignment Notice lists only some of the documents that memorialize the contracts between Amazon and the Debtors.[7]  Out of an abundance of caution, Amazon files this Limited Objection to ensure that all terms, conditions, addenda and understandings that form each of the Assumed Amazon Contracts are, in fact, being assumed and assigned to the Buyer in their entirety.

15.    An executory contract must be assumed or rejected in its entirety. *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits."). *See also In re Teligent, Inc.*, 268 B.R. 723, 728 (Bankr. S.D.N.Y. 2001) (stating that the rule with respect to whether separately executed agreements are in reality one also "applies to assumption and rejection issues under § 365").

---

[7] Pursuant to the Amazon Vendor Terms, Washington state and applicable U.S. federal law apply. The fact that the Assumed Amazon Contracts are expressed in multiple documents is not necessarily determinative as to the issue of whether the documents constitute a single contract, or separate contracts. *See Levinson v. Linderman*, 51 Wash.2d 855, 322 P.2d 863 (1958) (physically separate documents may constitute a single contract where they are part of the same transaction). New York law is in accord. *See, e.g., In re Adamson Apparel, Inc.*, 785 F.3d 1285 (9th Cir. 2015) (applying New York law, and stating that "[w]here multiple documents exist in support of the same transaction or purpose, the documents should generally be interpreted as a single contract").

16.     The Buyer's assumption of the Vendor Contract, and the other Assumed Amazon Contracts, necessitates that the Buyer comply with all of its obligations under the various agreements that comprise each integrated contract.  This includes the Amazon Vendor Terms (including all Program Policies), including the ongoing obligations under the Vendor Contract to permit Amazon to return overstock inventory for a full price credit against any amounts owed under the contract.

**B.     The Debtors Must Cure Existing Defaults Under the Assumed Amazon Contracts and Provide Adequate Assurance of Future Performance.**

17.     Section 11 U.S.C. § 365(b)(1) provides that if there has been a default in an executory contract of the debtor, it cannot be assumed unless, at the time of assumption of such contract, the debtor cures or provides adequate assurance that it will promptly cure such default.  The debtor must compensate, or provide adequate assurance that it will promptly compensate, its contract counterparty of any actual pecuniary loss resulting to such party from the default.  In addition, the debtor must provide adequate assurance of future performance under such contract.

18.     Amazon has expressed to the Debtors its intention to return certain undamaged overstock inventory as described above.  The Debtors have not disputed Amazon's right to return such overstock inventory and to receive a full purchase-price credit for such returned inventory.  As such, Amazon does not believe that there is a present default with respect to Amazon's exercise of its return and credit right as to such inventory under the Vendor Contract.  However, out of an abundance of caution, to the extent that the Debtors or the Buyer believe (or the Court later determines) that such return and credit right is a present default, Amazon asserts that it must be cured (*i.e.*,

9

affirmatively recognized and deducted from Amazon's payment obligations under the contract) in connection with the assumption and assignment of the Vendor Contract to the Buyer. In such event, Amazon will provide a liquidated amount as a Cure Cost, representing the total purchase-price credit due for such returned inventory.

19. Amazon has no objection to the cure amounts set forth in the Assumption and Assignment Notice. The Global Bidding Procedures Order defines "Cure Costs" as "the amount necessary to cure any monetary defaults" under executory contracts or unexpired leases sought to be assumed and assigned. There are multiple current credits owing to Amazon under the Assumed Amazon Contracts for which no default presently exists. Because no present defaults exist, the credits held by Amazon do not constitute "Cure Costs." Amazon reserves its rights to assert any and all such credits as a right of recoupment or setoff, which if not honored by the Buyer will result in a contract default. With respect to the Vendor Contract, Amazon is presently entitled to pre-petition credits in the amount of $457,102 and post-petition credits in the amount of $5,639,004. Under the Business Services Agreement, Amazon is presently entitled to post-petition credits in the amount of $20,629.99. Amazon reserves the right to supplement these amounts in the event that its return and credit rights are determined to be a present contract default, by providing a final liquidated amount for the purchase-price credit due for returned inventory.

20. In order for the Debtors to provide adequate assurance of future performance under Section 365(b)(1), the Debtors must provide Amazon adequate assurance that the Buyer will continue to honor all aspects of the Assumed Amazon

Contracts, including the ability of Amazon to deduct various credits from any payments owed.  For example, the Buyer must be willing to honor its contractual obligation to accept returns of undamaged overstock inventory for full price, and must honor Amazon's right to adjust future payments for credits for guaranteed margins and other credits contemplated under the agreements.  The Court should not permit assumption and assignment of the Assumed Amazon Contracts absent this express acknowledgement by the Buyer.

**C.    Amazon Objects to Approval of the Global Sale Transaction to the Extent that Such Sale Includes the Sale of any Receivables owed by Amazon "Free and Clear" of Amazon's Setoff and Recoupment Rights.**

21.    The Asset Purchase Agreement and Sale Order provide that the Buyer will acquire certain accounts receivable "free and clear" of any setoff and recoupment rights, pursuant to Section 363(f) of the Bankruptcy Code.  *See* Asset Purchase Agreement, at § 2.1; Sale Order, at ¶¶ P and 17.  The Debtors cannot extinguish Amazon's rights of recoupment and other defenses to payment that Amazon may have with respect to any accounts receivable.  *See In re Folger Adam Security, Inc.*, 209 F.3d 252, 261 (3d Cir. 2000) (recoupment and other unspecified contractual defenses are not claims or interests that can be extinguished through a Section 363(f) sale); *In re Personal Communications Devices, LLC*, 556 B.R. 45 (Bankr. E.D.N.Y. 2016) (Section 363(f) sale could not extinguish affirmative defense that customer had to nonpayment claim).

22.    Amazon respectfully requests that the proposed Sale Order be modified to include the following language at the end of Paragraphs P and 17:

11

Notwithstanding the foregoing or any other provision of this Sale Order or the Asset Purchase Agreement to the contrary, the transfer of the Acquired Assets to the Buyer shall not be free and clear of, and shall not impair in any respect, any setoff or recoupment rights or other affirmative defenses to payment held by either: (1) the parties to Assigned Agreements (other than the Debtors), pursuant to the terms of such Assigned Agreements and applicable law, including without limitation all return and credit rights under such Assigned Agreements; or (2) the obligors on any Acquired Receivables (as defined in the Asset Purchase Agreement), pursuant to the terms of the contracts giving rise to such Acquired Receivables and applicable law, whether or not such contracts are being assumed and assigned by the Debtors to the Buyer, including without limitation all return and credit rights under such contracts.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Amazon respectfully requests that the Court (i) condition assumption and assignment of the Assumed Amazon Contracts on the terms and conditions requested by Amazon herein, including the description of the Assumed Amazon Contracts set forth in Exhibit "A" hereto for purposes of the Asset Purchase Agreement; and (ii) condition entry of any order approving the Global Asset Transaction and Asset Purchase Agreement on the incorporation of the proposed order language set forth above.

Dated: January 25, 2019                    Respectfully submitted,

/s/ *Robert T. Honeywell*
Robert T. Honeywell III
**K&L GATES LLP**
599 Lexington Avenue
New York, NY 10022-6030
Telephone: (212) 536-3900
Facsimile: (212) 536-3901

*Counsel to Amazon.com Services, Inc. and Certain Affiliates*