**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 18-23538 (RDD) |
| Debtors. | ) (Jointly Administered) |

**OBJECTION OF CISCO SYSTEMS, INC. TO PROPOSED
ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND
NOTICE OF CURE COSTS, AND RESERVATION OF RIGHTS
IN CONNECTION WITH THE GLOBAL SALE TRANSACTION**

Cisco Systems, Inc. ("**Cisco Systems**"), by and through its undersigned counsel, hereby files its objection and reservation of rights (the "**Assumption Objection**") to (A) the assumption of certain executory contracts (collectively, the "**Cisco Systems Contract**" as hereinafter identified) by and between Cisco Systems and certain of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), (B) the amount of the Cure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx     - 1 -     Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

Costs the Debtors contend must be paid to cure certain monetary defaults in connection with the Cisco Systems Contract, and (C) the assignment of the Cisco Systems Contract to Transform Holdco, LLC (the "**Successful Bidder**" or "**Buyer**") in connection with the Global Asset Sale Transaction (as hereinafter identified).[2]

Subject entry of an order granting relief requested in this Assumption Objection, Cisco Systems does not object to assumption or assignment of the Cisco Systems to the Buyer.

## RELIEF REQUESTED

Cisco Systems seeks entry of an order (the "Assumption Order") protecting its rights and interests by including the following:

A.    Findings of fact stating that: (1) the Cisco Systems Contract constitutes a single integrated executory contract for purposes of assumption and assignment pursuant to 11 U.S.C. §365; (2) pursuant to the Cisco Systems Contract, the aggregate amount of US$ 519,160.56 (collectively, the "**Cisco Systems Cure Amount**") is due and owing, but unpaid as of January 23, 2019[3]; (3) pursuant to the Cisco Systems Contract, the aggregate amount of US$ 171,330.38 (the "**February 2019 Obligation**") will come due as follows: (a) on February 1, 2019, US$ 94,703.02, will become due and owing; and (b) on February 6, 2019, US$ 76,627.36 will become due and owning[4]; and (4) the Debtors and Transform Holdco, LLC (or any other assignee of the Cisco Systems Contract) have provided adequate assurance of future performance of all terms and conditions of the Cisco Systems Contract including, without limitation, payment of the

---

[2] Capitalized terms used in this Assumption Objection, but which are not defined herein, shall have the meanings ascribed to them in the Gaardsmoe Declaration filed concurrently herewith.

[3] *See* Cisco Systems Cure Amount Summary attached as Exhibit A to the Gaardsmoe Declaration at ¶15.

[4] *See* Cisco Systems Cure Amount Summary attached as Exhibit A to the Gaardsmoe Declaration at ¶16.

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx    - 2 -    Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

Future Billings.

    B.  The requirement that, as a condition of approving the assumption of the Cisco Systems Contract, the Debtors shall pay not less than **US$ 519,160.56** to cure the monetary defaults of the Cisco Systems Contract, plus any additional amounts as may accrue prior to the effective date of the assumption of the Cisco Systems Contract;

    C.  The requirement that, (1) as a condition of approving the assumption of the Cisco Systems Contract and (2) to the extent the effective date for assumption of the Cisco Systems Contract has not occurred by the following dates, the Debtors shall pay the following amounts: (a) on February 1, 2019, US$ 94,703.02 and (b) on February 6, 2019, US$ 76,627.36;

    D.  Approval of the Reservation of Rights (as set forth hereinafter); and

    E.  Grants such other relief as may be just and proper.

  The Assumption Objection is based on the matters set forth herein, the *Declaration of Dan Gaardsmoe In Support of Objection Of Cisco Systems.Com, Inc. To The Proposed Assumption Of Certain Executory Contracts And Cure Costs, And Reservation Of Rights* (the "Gaardsmoe Declaration") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

  Cisco Systems requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## BACKGROUND

  1.  Cisco Systems is a Delaware corporation and, among other activities, it provides on-demand customer relationship management and software application services

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx - 3 - Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

(collectively, the "**Cisco Systems Services**") to Cisco Systems' business customers. (individually, a "**Cisco Systems Customer**" and, collectively, "**Cisco Systems Customers**"). *See* Gaardsmoe Declaration at ¶2.

2. The Debtors (as identified below) entered into those certain Cisco System Agreements, orders and other contracts (collectively, the **"Cisco Systems Orders"**)[5] whereby (a) the named Debtors ordered Cisco System Services to be provided by Cisco Systems and thereby became obligated to pay the aggregate full contract amount for such services, and (b) Cisco Systems became obligated to provide the Cisco System Services to the Debtors. *See* Gaardsmoe Declaration at §7.

3. The terms and conditions applicable to the Cisco System Services that are subject to the above-referenced Cisco Systems Orders are set forth in the *Master Procurement Agreement*, dated November 30, 2009, as amended from time to time, by and between Debtors and Cisco Systems, (the **"MPA"**, the MPA together with the Cisco Systems Orders constitute the "**Cisco Systems Contract**"). Due to the confidentiality provisions contained within the Cisco Systems Contract, a copy of the Cisco Systems Contract is not attached hereto. However, a copy will be made available to the Debtors and the Committee in the event any response is filed to this Cure Objection or to assist in reconciling the amount of the Cisco Systems Cure Amount (as hereinafter identified). *See* Gaardsmoe Declaration at §8.

## BANKRUPTCY CASE

4. On October 15, 2018 (the "**Petition Date**"), Sears Holdings Corporation, Sears Holdings Management Corporation and Innovel Solutions, Inc. and the other above-captioned Debtors filed their individual, voluntary petitions in the above-captioned Court

---

[5] The Cisco Orders are listed on the "Cisco Cure Amount Summary" which is attached hereto as Exhibit A, and incorporated by reference herein as if fully set forth.

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx    - 4 -    Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

(the "**Court**") seeking relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

5. On November 1, 2018, the Debtors filed their motion seeking, among other things, procedures for the sale of certain assets (the "**Assets**") and the assumption of certain executory contracts and unexpired leases.

6. On November 19, 2018, the Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (ECF No. 816), approving global bidding and sale procedures applicable to the sale or disposition of the Assets.

7. On January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets (the "**Auction**"). At the conclusion of the Auction, the Debtors (as directed by the Restructuring Committee) determined that the offer submitted by Transform Holdco, LLC (which was established by ESL Investments, Inc. to acquire substantially all of the Global Assets) was the highest or best offer for the Global Assets. The Debtors executed an asset purchase agreement with the Buyer for purchase of the Acquired Assets (as defined in the Asset Purchase Agreement dated January 17, 2019) and the transaction effected thereby, the "**Global Asset Sale Transaction**").[6]

8. On January 18, 2019, the Debtors filed their notice (the "**Initial Cure Notice**")[7] that identifies the executory contracts and unexpired leases that it may assume and assign pursuant to the pending Global Asset Sale Transaction, and the monetary defaults (the "**Cure Costs**") with respect to such contracts and leases that it contends must be cured as a condition of assuming a specific contract or lease. Among other executory contracts and unexpired leases, the Cure Notice identifies the following executory contract

---

[6] *See Notice of Successful Bidder and Sale Hearing* [ECF 1730].

[7] *See Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF 1731].

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx        - 5 -        Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

and related Cure Amount:

| Debtor | Counterparty | Contract Type | Execute Date | Terminate Date | Contract No. | Cure Amount |
|---|---|---|---|---|---|---|
| Sears Holding Management Corporation | Cisco Systems, Inc. | IT-Cisco Systems, Inc. – Master Procurement Agreement | 11/30/2000 | 6/29/2022 | SHCLCW52 | US$ 424,905 |
| Sears Holding Management Corporation | Cisco Systems, Inc. | Amendment 4 to MPA - 2018 | 8/1/2018 | 7/31/2019 | CW2338855 | US$ 0.00 |

*See* Gaardsmoe Declaration at §13.

9.  On January 23, 2019, the Debtors filed a supplemental notice (the "**Supplemental Cure Notice**") identifying certain executory contracts and unexpired leases that may be assumed and assigned in connection with the Global Sale Transaction and Cure Costs related to such contracts and leases.[8] The Supplemental Cure Notice does not identify the Cisco Systems Contract as an additional executory contract that may be assumed and assigned, or indicate that the Cure Costs due and owing with respect to the Cisco Systems Contract differ from the Cure Costs identified in the Initial Cure Notice. *See* Gaardsmoe Declaration at §14.

## CURE AMOUNT

13.  Based on its books and records pertinent to the Debtors' account, Cisco Systems submits that the Debtors (including, without limitation, Sears Holding Management Corporation) have failed to pay all amounts due and owing pursuant to the Cisco Systems Contract, and (b) more specifically, as of January 23, 2019, not less than **US$ 519,160.56** (that is, the Cisco Systems Cure Amount) is past due and owing to Cisco

---

[8] *See* Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction (the "Supplemental Cure Notice") [ECF 1774].

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx    - 6 -    Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

Systems pursuant to the Cisco Systems Contract.  *See* Gaardsmoe Declaration at §16.[9]

14. Based on its books and records pertinent to the Debtors' account, Cisco Systems further submits that, in addition to the Cisco Systems Cure Amount, the aggregate amount of US$ 171,330.38 (that is, the February 2019 Obligation) will come due in the following amounts and on the following dates: (a) on February 1, 2019, US$ 94,703.02, will become due and owing; and (b) on February 6, 2019, US$ 76,627.36 will become due and owing.  Further, in addition to the Cisco Systems Cure Amount and the February 2019 Obligation, additional amounts may accrue with respect to Cisco Systems Services that are provided through the end of the term of the Cisco System Contract.  *See* Gaardsmoe Declaration at §16.

## GROUNDS FOR THE RELIEF REQUESTED

### The Cisco Systems Contract Constitutes An Integrated Contract That Must Be Assumed in Its Entirety

16. In the matter before the Court, it is not entirely certain that Cisco System and the Debtors agree on the agreements and contracts that constitute the executory contract that may be assumed and assigned pursuant to the Global Asset Sale Transaction.  The Debtors, for their part, identify the Proposed Cisco Systems Assumed Contract they seek to assume and assign as *only including* (i) IT-Cisco Systems, Inc. – Master Procurement Agreement (Contract No. SHCLCW52) and (ii) Amendment 4 to MPA - 2018.[10]

---

[9] A summary of the Cisco Systems Cure Amount (the "**Cisco Systems Cure Amount Summary**") is attached as Exhibit A to Gaardsmoe Declaration.  Copies of the Invoices have not been filed due to the confidentiality provisions contained within the Cisco Systems Contract.  However, copies will be made available to the Debtors upon request.

[10] *See Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF 1731] and *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the "Supplemental Cure Notice") [ECF 1774].

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx     - 7 -     Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

17.     Cisco Systems, in contrast, describes the Cisco Systems Contract as including certain Sales Orders and the *Master Procurement Agreement*, dated November 30, 2009, as amended from time to time, pursuant to which it provides the Cisco Systems Services that have been utilized by the Debtors.[11]

18.     Simply put, if the Buyers expect to receive the same Cisco Systems Services as currently being provided to the Debtors, the Debtors must assume the entire Cisco Systems Contract – that is, the *Master Procurement Agreement*, dated November 30, 2009, and all amendments thereto and not simply the "Amendment 4 to MPA – 2018" identified by the Debtors in their Initial Cure Notice.

19.     As a practical matter, a commercial relationship may include several agreements that, taken together, constitute an integrated relationship. This relationship, in turn, may be embodied in several different agreements. The question, then, for purposes of contract assumption pursuant to 11 USC §365, is what constitutes the "executory contract" to be assumed.

20.     If several agreements between the parties exist "it is well-settled that state law governs whether the agreements are separate or indivisible for purposes of §365." *In re New York Skyline, Inc.*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010) (applying New York state law); *In re Adelphia Bus. Solutions, Inc.*, 322 B.R. 51, 55 (Bankr. S.D.N.Y. 2005) (applying Missouri state law); *accord, Carlisle Corp. v. Uresco Const. Materials, Inc.*, 823 F. Supp. 271, 274 (M.D. Pa. 1993); *Pirinate Consulting Corp, LLC v. C.R. Meyer & Sons, Co. (In re Newpage Corporation)*, 2017 WL 571478 (Bankr. Del., Fen. 13, 2017); In re *Buffets Holdings, Inc.,* 387 B.R. 115, 120 (Bankr. D. Del. 2008). In determining whether a

---

[11] *See* Gaardsmoe Declaration at ¶8 and Exhibit for description of all the agreements, Orders and other contracts constituting the Cisco Systems Contract. Copies of these agreements have not been filed due to the confidentiality provisions contained within the Cisco Systems Contract. However, copies will be made available to the Debtors upon request.

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx          - 8 -     Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

series of agreements constitute an integrated contract or separate contracts, the intention of the parties is the first and foremost factor considered by a court. *Carlisle Corp. v. Uresco Const. Materials, Inc.*, 823 F. Supp. at 274; *Pirinate Consulting Corp, LLC*, *supra*. This determination is made by analyzing the plain language of the Master Agreement between the parties. *Carlisle Corp. v. Uresco Const. Materials, supra*; *Pirinate Consulting Corp, LLC*, *supra*; *In re Buffets Holdings, Inc.,* 387 B.R. at 120.

21.    Assuming that the Buyers intend to utilize the same Cisco Systems Services (as a result of the Global Asset Sale Transaction) that the Debtors have utilized until now, Cisco Systems submits that the entire Cisco Systems Contract (that is, all amendments to the *Master Procurement Agreement*, dated November 30, 2009) must be assumed. If, in contrast, only the Proposed Cisco Systems Assumed Contract is assumed, the Buyers may not enjoy the same Cisco Systems Services.

22.    Accordingly, Cisco Systems has requested that the Court enter an Assumption Order that includes findings of fact that (A) the Cisco Systems Contract is an integrated contract for purposes of assumption pursuant to 11 U.S.C. §365 and (B) the Cisco Systems Contract is assumed rather than executory contract as described in the Initial Cure Notice.

### All Defaults Under An Assumed Contract Must Be Cured

23.    Where the debtor has defaulted on an executory contract, Section 365(b)(1) of the Bankruptcy Code prohibits the debtor from assuming the contract unless the debtor:

> (A) cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . . .
>
> (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx

- 9 -    Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

    (C) provides adequate assurance of future performance under such contract or lease.

24. A debtor in possession is prohibited from assuming an executory contract or unexpired leases unless it cures all monetary defaults in full – including all monetary defaults that arise both pre-petition and post-petition. *See* 11 U.S.C. §365(b)(1)(A); *Stoltz v. Brattleboro Housing Authority,* 315 F.3d 80, 94 (2nd Cir. 2002) (These conditions "protec[t] the creditor's pecuniary interests before requiring a creditor to continue a contractual relationship with a debtor."); *In re Embers 86th Street, Inc.*, 184 Bankr. 892 (Bankr. S.D.N.Y. 1995). "The other party to the contract or lease that the [debtor in possession or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available." 3 COLLIERS ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008).

25. Here, the evidence submitted by Cisco Systems establishes that, as of this date, not less than US$ 519,160.56 (*i.e.*, the Cisco Systems Cure Amount) is due, but unpaid, for the Cisco Systems Services provided pursuant to the Cisco Systems Contract. *See* Gaardsmoe Declaration at ¶15. Accordingly, based on the evidence before the Court, the Debtors are obligated to cure this monetary default in full as a condition of assumption of the Cisco Systems Contract pursuant to 11 U.S.C. §365(b)(1)(A).

## Assignment of the Executory Contract and Unexpired Lease

26. The Bankruptcy Code permits assignment of an unexpired executory contract or unexpired lease only if (A) the debtor in possession or trustee assumes the contract or lease in accordance with 11 U.S.C. §365(b)(1) and (B) the assignee provides adequate assurance of future performance of such contract or lease, whether or not there has been a

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx   - 10 -   Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

default in such contract or lease. *See* 11 U.S.C. §365(f)(1), (2)(A) and (B); *In re Metromedia Fiber Network, Inc.,* 335 B.R. 41, 65-66 (Bankr. S.D.N.Y. 2005) (denying proposed assumption where debtor failed to provide adequate assurance of future performance).

27. Determining whether an assignee has provided adequate assurance of its ability to perform the contract in the future "must be determined by consideration of the facts of the proposed assumption." *In re Fleming Companies, Inc.*, 499 F.3d 300, 307 (3d Cir. 2007). Adequate assurance of future performance has to be provided before an assignment may be authorized even if the executory contract at issue is not in default (*e.g.*, a monetary default has been cured as a condition of assumption pursuant to 11 U.S.C. §365(b)(1)). *Id.*, 499 F.3d at 305). Adequate assurance may be provided, among other ways, by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See, e.g., In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance is present when prospective assignee of a contract or lease has financial resources and has expressed willingness to devote sufficient funding to business in order to give it strong likelihood of succeeding).

28. Here, Cisco Systems does not object to assignment of the Cisco Systems Contact *provided that* (A) the Debtors confirms whether Transform Holdco, LLC, or another entity, will be the ultimate assignee of the Cisco Systems Contract and (B) the Court finds that the Debtor and the actual assignee have submitted competent evidence providing adequate assurance of future performance of this Cisco Systems Contract including, without limitation, payment of the Future Billings according to the terms and conditions of the Cisco Systems Contract.

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx    - 11 -    Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

**RESERVATION OF RIGHTS**

29.   Cisco Systems does not object to assumption of the Cisco Systems Contract provided the Assumption Order requires payment of the Cisco Systems Cure Amount (plus all amounts that accrue from this date through the effective date of the Assumption Order) in full and includes the other relief requested by this Limited Objection.

30.   However, with respect to any and all other executory contracts and/or unexpired leases to which it is a counterparty (individually, an "Excluded Contract") and, collectively, the "Excluded Contracts") other than the Cisco Systems Contract, Cisco Systems hereby expressly reserves (the "Reservation of Rights") all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses pertaining to any or all Excluded Contracts including, without limitation, (a) the right to object to the assumption and/or assignment by the Debtors of any such Excluded Contract, (b) the right to payment of all monetary defaults that exist with respect to each such Excluded Contract, and/or (c) the right to have the assignment of any such Excluded Contract specifically conditioned on the Court finding, based on competent evidence, that the actual, proposed assignee of such contract is capable of performing all terms and conditions of such Excluded Contract including, without limitation, payment of all amounts that will come due and owing subsequent to any such assignment.

WHEREFORE, if the Court determines to approve assumption of the Cisco Systems Contract, Cisco Systems requests that the Assumption Order include the following:

A.   Findings of fact stating that: (1) the Cisco Systems Contract constitutes a single integrated executory contract for purposes of assumption and assignment pursuant to 11 U.S.C. §365; (2) pursuant to the Cisco Systems Contract, the aggregate amount of US$ 519,160.56 (the Cisco Systems Cure Amount) is due and owing, but unpaid as of January 23, 2019; (3) pursuant to the Cisco Systems Contract, the aggregate amount of

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx    - 12 -    Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

US$ 171,330.38 (the February 2019 Obligation) will come due as follows: (a) on February 1, 2019, US$ 94,703.02, will become due and owing; and (b) on February 6, 2019, US$ 76,627.36 will become due and owning; and (4) the Debtors and Transform Holdco, LLC (or any other assignee of the Cisco Systems Contract) have provided adequate assurance of future performance of all terms and conditions of the Cisco Systems Contract including, without limitation, payment of the Future Billings.

B.  As a condition of approving the assumption of the Cisco Systems Contract, the Debtors shall pay not less than US$ 519,160.56 to cure the monetary defaults (including amounts due by March 16, 2019 for Cisco Systems Services provided after the Petition Date) under such contract, plus any additional amounts as may accrue prior to the effective date of the assumption of the Cisco Systems Contract;

C.  As a condition of approving the assumption of the Cisco Systems Contract and to the extent the effective date for assumption of the Cisco Systems Contract has not occurred, the Debtors shall pay the following amounts on the following dates: (a) on February 1, 2019, US$ 94,703.02 and (b) on February 6, 2019, US$ 76,627.36;

D.  Approval of the Reservation of Rights as herein; and

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx

- 13 -   Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1

  E. Grants such other relief as may be just and proper.

Dated:  January 25, 2019

        Respectfully submitted,

        WHITE & WILLIAMS LLP
        */s/ James C. Vandermark*
        James C. Vandermark
        7 Times Square, Suite 2900
        New York, New York  10036-6524
        Telephone: (212) 244-9500
        Facsimile: (212) 244-6200
        E-mail:  vandermarkj@whiteandwilliams.com

        -and-

        BIALSON, BERGEN & SCHWAB,
        A Professional Corporation
        Thomas M. Gaa, Esq.
        2600 El Camino Real, Suite 300
        Palo Alto, CA 94306
        Telephone: (650) 857-9500
        Fax: (650) 494-2738
        E-mail: Tgaa@bbslaw.com

        *Attorneys for Creditor Cisco Systems, Inc.*

C:\NRPortbl\PHLDMS1\VANDERMARKJ\22222941_1.docx - 14 Objection Of Cisco Systems, Inc. To Proposed Assumption Of Certain Executory Contracts And Notice Of Cure Costs, And Reservation Of Rights In Connection With The Global Sale Transaction

22222941v.1