Amish R. Doshi, Esq.
**DOSHI LEGAL GROUP, P.C.**
1979 Marcus Avenue, Suite 210E
Lake Success, New York 11042
Telephone: (516) 622-2335

And

Shawn M. Christianson, Esq.
Valerie Bantner Peo, Esq.
**BUCHALTER, A Professional Corporation**
55 Second Street, 17th Floor
San Francisco, California 94105-2126
Telephone: (415) 227-0900

Hearing Date: February 4, 2019
Hearing Time: 10:00 AM
Objection Date: January 26, 2019

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> **SEARS HOLDINGS CORPORATION, et. al.,** <br><br> Debtors. | Chapter 11 <br><br> Case No.   18-23538 (RDD) <br><br> Jointly Administered |

**ORACLE'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING (1) DEBTORS' MOTION FOR APPROVAL OF GLOBAL BIDING PROCEDURES ("SALE MOTION"); (2) NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION ("ASSUMPTION NOTICE"); AND (3) SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION ("SUPPLEMENTAL ASSUMPTION NOTICE")**

Oracle America, Inc., successor in interest to Peoplesoft, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 cases, submits its limited objection and reservation of rights ("Rights Reservation") regarding the Sale Motion, the Assumption Notice and the Supplemental Assumption Notice filed by the above-captioned debtors, Sears Holdings Corporation, *et al*. ("Debtors").

## I. INTRODUCTION

1. By the Sale Motion, the Assumption Notice and the Supplemental Assumption Notice, the Debtors seek Bankruptcy Court authority to, among other things, assume and assign certain executory contracts between the Debtors and Oracle.

2. Oracle objects to the proposed assumption and assignment for the following reasons:

   (a) First, Oracle's agreements are, or pertain to, licenses of intellectual property that are not assignable absent Oracle's consent, pursuant to both the underlying license agreements and applicable law. Yet the Debtors request a judicial determination that any anti-assignment provision in contracts to be assumed and assigned is unenforceable and void. Oracle objects to this sweeping determination being made regarding its agreements with the Debtors.

   (b) Second, while the Assumption Notice and the Supplement Assumption Notice purport to identify a series of agreements with Oracle, the descriptions are inadequate for Oracle to determine the accuracy of the Debtors' proposed cure amount.

   (c) Third, the Debtors have not provided Oracle with sufficient information to determine whether the purchaser/assignee is capable of performing the terms of the Oracle contracts the Debtors seek to assume and assign, or to ascertain whether the assignee is an Oracle competitor.

   (d) Finally, the APA (defined below) contemplates that the Debtors will enter into an agreement for transition services with the purchaser ("TSA"), which may authorize the purchaser and the Debtors to utilize Oracle's software license agreements simultaneously. Such shared use is not permitted by Oracle's agreements

3. Accordingly, Oracle requests that the Court deny the Sale Motion to the extent it seeks to authorize the Debtors to assume and assign, transfer, or share use of, any Oracle agreement.

## II. FACTUAL BACKGROUND

4. The above captioned case was filed on October 15, 2018. An order approving joint administration was entered shortly thereafter.

5. The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On November 1, 2018, the Debtors filed the Sale Motion seeking Court authority to sell the Debtors retail stores and related assets as a going concern or, alternatively, on a liquidation basis.

7. On January 18, 2019, the Debtors filed the Notice of Successful Bidder and Sale Hearing ("Sale Notice") which identified Transform Holdco, LLC ("Transform") as the winning bidder for substantially all the Debtors' assets.

8. The Asset Purchase Agreement ("APA") between Transform and the Debtors is attached as Exhibit "B" to the Sale Notice. Section 8.8(a) of the APA contemplates a TSA, as follows:

> "The Parties shall work together in good faith and use their respective reasonable best efforts to agree as to the terms of, and execute, a transition services agreement pursuant to which Sellers shall provide Buyer and Buyer shall provide Sellers, as applicable, with certain services for a transitional period following the Closing Date."

9. Oracle is unable to determine how its rights may be affected by the contemplated TSA because no additional information is available regarding the scope of the services to be provided and the TSA has not been filed.

10. On January 18, 2019, the Debtors filed and served the Assumption Notice on contract counter-parties whose contracts <u>may</u> be assumed and assigned pursuant to the Sale Motion.

11. Numerous agreements between the Debtors and Oracle, and one agreement with an Oracle partner Rimini Street, are identified on Exhibit "A" to the Assumption Notice, as follows:

3

| Counter Party/Counterparties | Contract Type and Description | Contract Executed Date | Contract Expiration Date | Contract Number | Cure Amount |
|---|---|---|---|---|---|
| Oracle America, Inc. – 402651 | SYW – Oracle – OD for Email Marketing – 2018 | 7/9/2018 | 7/8/2020 | CW2339264 | 2,149,380.00 |
| Oracle America, Inc. – 402651 | MKTG – Home Services – Oracle-Maxymiser – 2018 | 9/8/2018 | 9/7/2019 | CW2340060 | $0.00 |
| Oracle America, Inc. – 402651. | SYW – Oracle – MSA – 2016 | 3/25/2016 | 3/24/2021 | CW2311500 | $0.00 |
| Oracle America, Inc. – 402651 | HS-Oracle - OD for HS Email Services - 2018 | 6/1/2018 | 5/31/2018 | CW2339405 | $0.00 |
| Oracle America, Inc. – 402651 | SYW – Oracle – OD - 2018 | 6/1/2018 | 5/31/2020 | CW2339388 | $0.00 |
| Oracle America, Inc. | IT OPS – Oracle USA Inc – MSSA-2005 | 12/23/2005 | 12/23/2020 | SHCLCW 1600 | $0.00 |
| Oracle America, Inc. | ITG – Oracle Amendment 2 to MSA-2005 | 12/24/2015 | 12/23/2020 | CW2309081 | $0.00 |
| Oracle America, Inc. | IT – Oracle – Cloud Services Agreement – 20160531 | 5/31/2016 | 5/30/2021 | CW2318109 | $0.00 |
| Oracle | | 9/8/2018 | 9/7/2019 | CW2340060 | $0.00 |
| Oracle America, Inc. | | 9/8/2018 | 9/7/2019 | CW2340060 | $0.00 |
| Oracle America | Oracle BI/Fusion 2018 Annual Maintenance | n/a | n/a | | $0.00 |
| Oracle America | Oracle G-Log GC3 Bundle 2018 Annual Renewal | n/a | n/a | | $0.00 |
| Oracle America | Oracle Weblogic OTM Renewal 2018 | n/a | n/a | | $0.00 |
| Oracle America | Oracle Weblogic 12K Renewal 2018 | n/a | n/a | | $0.00 |
| Rimini Street | IT-Rimini Street – Statement of Work 01 (Peoplesoft Support Services (2016) | 9/30/2016 | 9/29/2019 | CW2319307 | $0.00 |

4

12. On January 23, 2019, the Debtors filed the Supplemental Assumption Notice which identified additional contracts that <u>may</u> be assumed and assigned pursuant to the Sale Motion.

13. One additional agreement between the Debtors and Oracle is identified on Exhibit "A-1" to the Assumption Notice, as follows:

| Counter Party/Counterparties | Contract Type and Description | Contract Executed Date | Contract Expiration Date | Contract Number | Cure Amount |
|---|---|---|---|---|---|
| Oracle America, Inc. – 402651 | SYW – Oracle – OD FOR DELIVERABILITY - 2018 | | 5/31/2020 | CW2335726 | $0.00 |

The agreements listed in the Assumption Notice and the Supplemental Assumption Notice are referred to here collectively as the "Oracle Agreements".

### III. ARGUMENT

#### A. The Debtors May Not Assume And Assign Or Transfer Any Oracle Agreement Absent Oracle's Consent.

14. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

15. Federal law makes non-exclusive intellectual property licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so

5

are not assignable."); *See, In re Patient Educ. Media,* 210 B.R. 237, 243 (Bankr. S.D.N.Y 1997); *See, In re Adelphia Communications Corp, et al.,* 359 B.R. 65 (Bankr. S.D.N.Y. 2007).

16. Oracle's agreements are, or pertain to, non-exclusive licenses of copyrighted software. Therefore, pursuant to Bankruptcy Code section 365, the Debtors may not assume and assign the Oracle Agreements without Oracle's consent.

17. For the reasons discussed herein, Oracle does not consent to the Debtors' proposed assumption and assignment at this time.

18. The Sale Motion requests a blanket determination by the Court that any anti-assignment provision in contracts to be assumed and assigned is unenforceable and void.

19. The request is framed by the Debtors as follows:

"In addition, to facilitate the assumption and assignment of the Proposed Assumed Contracts, the Debtors further request that the Court find that all anti-assignment provisions in the Proposed Assumed Contracts, whether such provisions expressly prohibit or have the effect of restricting or limiting assignment of such contract or lease, to be unenforceable under section 365(f) of the Bankruptcy Code."

Sale Motion ¶54.

20. Oracle objects to the Debtors' requested finding because, as discussed above, the Oracle Agreements involve the non-exclusive license of copyrighted software, which are non-assignable absent Oracle's consent.

21. Because Bankruptcy Code section 365 and applicable law expressly preserve Oracle's right to consent to any assignment of its license agreements, the Debtors may not unilaterally nullify the anti-assignment provisions of the Oracle Agreements.

22. Accordingly, Oracle requests that the Debtors be denied this blanket authorization to the extent it would allow them to assume and assign, or transfer, the Oracle Agreements.

### B. The Debtors Have Not Adequately Identified The Oracle Agreements To Be Assumed And Assigned.

23. The contract descriptions provided in the Assumption Notice are inadequate for Oracle to ensure that it is evaluating the same agreements the Debtors seek to assume and assign.

24. For example, in some instances no underlying license agreement or support renewal document is identified.

25. It is impermissible for the Debtors to segregate the underlying Oracle license agreement from the corresponding support and any payment agreement for purposes of assumption and assignment, if that is the Debtors' intention. *See, e.g., In re Interstate Bakeries Corporation*, 751 F.3d 955, 963 (8th Cir. 2014); *In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008).

26. To clarify which contracts the Debtors seek to assume and assign, Oracle requests that, with respect to each such agreement, the Debtors specify the contract (a) name; (b) identification number, if any; (c) any associated support or support renewals; and (d) governing license agreement.

27. This information will enable Oracle to evaluate whether the Oracle Agreements are assignable, whether the relevant licenses are supported or in default, and, if so, the appropriate cure amount.

28. Additionally, it will allow Oracle to assess whether Oracle may accept performance from an entity other than the Debtors.

29. Oracle reserves its right to be heard on this issue after the Debtors identified with greater specificity the Oracle Agreements to be assumed and assigned.

### C. The Debtors May Not Have Provided The Correct Cure Amount.

30. Before assuming and assigning any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. 11 U.S.C. § 365(b)(1).

31. The Debtors have failed to describe the Oracle Agreements they seek to assume and assign with sufficient particularity for Oracle to identify which agreements are at issue, and thereby confirm the corresponding cure amount.

32. Therefore, Oracle reserves its right to be heard further regarding the cure amount after the contracts the Debtors seek to assume and assign are identified with enough specificity to allow Oracle to determine the correct cure amount

### D. The Debtors Have Not Provided Adequate Assurance of Future Performance By the Potential Assignee.

33. Before assuming and assigning any executory contract, the Debtors must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1).

34. Pursuant to the Sale Notice, Transform was the successful bidder for the Debtors' assets.

35. However, as of the date of filing this Rights Reservation, the Debtors have not provided adequate assurance information regarding Transform.

36. As a result, Oracle cannot evaluate Transform's acceptability as an assignee or whether the prerequisites of 11 U.S.C. § 365(b) will be met.

37. To satisfy 11 U.S.C. § 365(b), Oracle requests that the Debtors provide financial bona fides and confirmation that Transform is not an Oracle competitor.

38. In addition, Oracle requests confirmation that the ultimate assignee will (a) execute an Oracle Assignment Agreement and related documentation which identifies with

8

specificity <u>all</u> of the Oracle executory contracts to be assigned, and, if appropriate (b) enter into an Oracle Master License Agreement.

39. Absent these assurances, Oracle cannot determine the assignee's creditworthiness, its suitability as an Oracle customer, or its ability to adequately perform the terms of the Oracle Agreements.

40. Until the information described above is provided, the Debtors have not complied with the requirements of section 365(b)(1)(C) and the Sale Motion, the Assumption Notice and the Supplemental Assumption Notice must be denied to the extent they seek to authorize the Debtors to assume and assign the Oracle Agreements.

### E.   Simultaneous Use Of The Oracle Agreements By The Debtors and the Purchaser Is Not Authorized.

41. The APA contemplates that certain transition services will be provided between the Debtors and Transform.

42. The Debtors have not provided any additional information and the TSA has not been filed, rendering Oracle unable to determine the scope of the proposed transition services or whether its contracts will be affected.

43. If contemplated, shared access to and use of Oracle's licenses exceeds the scope of the permitted uses under the Oracle Agreements, and constitutes an unauthorized splitting of the respective licenses.

44. Therefore, Oracle objects to any transitional use contemplated by the Debtors and Transform which purports to authorize the Debtors and Transform to share use of Oracle's licenses.

## IV.  CONCLUSION

45.  For the reasons set forth above, Oracle respectfully requests that the Court deny the Sale Motion to the extent it seeks to authorize the Debtors to assume and assign, transfer, or share use of, any Oracle agreement, and Oracle reserves its right to be heard on all issues set forth herein.

Dated:  January 26, 2019     Respectfully submitted,
Lake Success, New York

By:   /s/ Amish R. Doshi
Amish R. Doshi, Esq.
**DOSHI LEGAL GROUP, P.C.**
1979 Marcus Avenue, Suite 210E
Lake Success, NY 11042
Tel: (516) 622-2335
E-Mail: amish@doshilegal.com

Shawn M. Christianson, Esq.
Valerie Bantner Peo, Esq.
**BUCHALTER, A Professional Corporation**
55 Second Street, 17th Floor
San Francisco, California 94105-2130
Telephone: (415) 227-0900

Deborah Miller, Esq.
Benjamin Wheeler, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200

**Attorneys for Oracle America, Inc.**