Ilan Markus
Andrew L. Cole
LeClairRyan, PLLC
545 Long Wharf Drive, Ninth Floor
New Haven, Connecticut 06511
Telephone: (203) 672-3212
Facsimile: (203) 672-3231
ilan.markus@leclairryan.com

*Counsel to Concord Mall LP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) ) ) | Case No. 18-23538 |
| Debtors. | ) ) | (Jointly Administered) |

**LIMITED OBJECTION BY CONCORD MALL LP TO DEBTORS'
PROPOSED SALE OF CERTAIN REAL PROPERTY
FREE AND CLEAR OF LIENS AND ENCUMBRANCES**

Concord Mall LP hereby submits this Limited Objection (the "Limited Objection") to the Debtors' Proposed Sale of Certain Real Property Free and Clear of Liens and Encumbrances, and in support thereof, states as follows:

**I.    INTRODUCTION AND SUMMARY OF LIMITED OBJECTION**

1.    Concord Mall LP objects to the Debtors' proposed sale of certain real property assets to the extent that such sale might impact recorded reciprocal easement agreements in favor of Concord Mall LP or its properties.

2.    Concord Mall LP is the owner of a retail development known as the "Concord Mall" in Wilmington, Delaware (the "Mall").

3. Upon information and belief, one or more of the Debtors is the owner of certain real property associated with Store 1853 (the "Property"), which is a part of the Concord Mall development, and which is subject to certain recorded reciprocal easement agreements benefitting Concord Mall LP (collectively the "Encumbrances").

4. The Debtors seek approval of the sale of certain real estate assets free and clear of liens and encumbrances, other than permitted encumbrances. The Debtors, however, have not filed or served a list of the real property assets intended to be transferred, nor have the Debtors filed or served a schedule of the permitted encumbrances with respect to such properties.

5. Concord Mall LP is unable to conclusively determine whether the Property is among the assets sought to be sold,[1] or whether the Encumbrances are among the permitted encumbrances that the Debtors do not seek to disturb in connection with the sale.[2]

6. Concord Mall LP objects to the sale to the extent that it seeks to sell the Property free and clear of any of the Encumbrances.

## II. FACTUAL AND PROCEDURAL BACKGOUND

7. Concord Mall LP is the owner of that certain regional shopping center known as the "Concord Mall" located on U.S. Highway 202, Concord Pike, in Brandywine Hundred, New Castle County, Delaware (the "Mall"), and is successor in interest to Concord Mall, a Delaware general partnership and Concord Mall, L.L.C., a Delaware limited liability company.

---

[1] The Debtors appear to have published certain schedules (1.1(m) through (p)) to the Asset Purchase Agreement on the Prime Clerk website indicating that the Property is among the assets to be transferred pursuant to the Asset Purchase Agreement, however upon information and belief, nothing that has been filed on the docket in this case lists the assets to be transferred, or confirms that the Property is among them.

[2] Counsel for the prospective purchaser has suggested that two of the three Encumbrances may be among the permitted encumbrances, however upon information and belief, nothing filed in the case confirms this fact either (nor has schedule 1.1(j) to the Asset Purchase Agreement been published on the Prime Clerk website).

8.  Upon information and belief, one of the Debtors owns the Property, which is contiguous with the Mall, and on which Store 1853 is located. The Property is known as Parcel 6, and the Mall, owned by Concord Mall LP is comprised of Parcels 1 through 5.

9.  The Encumbrances are comprised of:

    a.  That certain "Construction, Operation, and Reciprocal Easement Agreement" with Sears, Roebuck & Co. dated December 21, 1990, recorded among the land records of New Castle County, Delaware at Book 1240, page 0090 (the "REA"), a copy of which is attached as Exhibit 1.

    b.  that certain "Agreement" with Sears, Roebuck & Co., dated June 27, 1991, recorded among the land records of New Castle County, Delaware, at Book 1240, page 0040 (the "1991 Agreement"), which expressly amends the REA, a copy of which is attached as Exhibit 2.

    c.  That certain "Amendment to Construction, Operation and Reciprocal Easement Agreement" dated October 28, 1994, amending the Reciprocal Easement Agreement, and recorded among the land records of New Castle County Delaware at Book 1856, page 0308, (the "Amendment to REA"), which further expressly amends the REA, a copy of which is attached as Exhibit 3.

10. The Encumbrances contain various grants and restrictions, binding upon Concord Mall LP and the owner of the Property, providing *inter alia* for things such as access, parking, and the nature of the commercial operation of the Mall and the Property.

11. On October 15, 2018 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

12. On November 19, 2018, the Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (the "Bid Procedures Order") [D.I. 816] relating to the sale of certain of the Debtors' assets (the "Global Assets").

13. On November 21, 2018, the Debtors filed a *Notice of Filing of Global Bidding Procedures Process Letter* [D.I. 862] identifying 505 "Go Forward Stores" for which the Debtors sought a global bid.

14. On January 14, 2019, the Debtors held an auction for the sale of the Global Assets, at which they determined that the bid for certain of the Global Assets (the "Proposed Purchased Assets") submitted by Transform Holdco, LLC was the highest and best offer.

15. On January 18, 2019, the Debtors filed a *Notice of Successful Bidder and Sale Hearing* (the "Notice of Sale Hearing") [D.I. 1730], to which the Debtors attached a proposed Asset Purchase Agreement (the "Asset Purchase Agreement").

16. The Notice of Sale Hearing specifies an objection deadline of 4:00 p.m. on Saturday January 26, 2019.

17. The Notice of Sale Hearing and Asset Purchase Agreement describe the terms of a transaction involving "approximately 425 retail stores . . . and certain other owned and leased real estate interests," however neither includes any schedules, neither specifically identifies the real estate assets to be sold (which appears to be fewer than all of the 505 stores listed in D.I. 862), and neither identifies the permitted encumbrances (the "Schedules").

18. Among the Schedules omitted from the filed Asset Purchase Agreement are the schedules of real property being sold, including Schedule 1.1(n) identifying GOB Owned Stores, and Schedule 1.1(p), identifying Operating Owned Properties, as well as Schedule 1.1(j) which identifies Permitted Pre-Closing Encumbrances.

19. As of close of business on January 25, 2019, Concord Mall LP is unable to determine conclusively whether the Property is among the assets intended to be sold pursuant to the Asset Purchase Agreement, or whether the Encumbrances are among the Permitted Pre-Closing Encumbrances which are left undisturbed by the Asset Purchase Agreement.

20. In the Notice of Sale Hearing, the Debtors seek entry of an attached Order finding that the Debtors have satisfied their due process obligations as to all affected parties, and approving the Asset Purchase Agreement and the sale of the Proposed Purchased Assets pursuant to the terms of the Asset Purchase Agreement.

### III. ARGUMENT REGARDING OBJECTIONS

#### A. To the Extent the Debtors Seek to Sell the Property Free and Clear of any of the Encumbrances, the Sale Process, as Implemented, has Deprived Concord Mall LP of its Constitutional Due Process Rights

21. The Due Process clause of the Fifth Amendment prohibits the United States from depriving any person of property without due process of law.

22. Pursuant to the Fifth Amendment, "individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" *Dusenbery v. U.S.*, 534 U.S. 161, 167 (2002).

23. In this case, to the extent the Debtors may seek this Court's approval of a conveyance of the Property free and clear of the Encumbrances, the Debtors have failed to provide notice to Concord Mall LP of any such proposed deprivation of its property rights.

24. In the event the Debtors later provide notice to Concord Mall LP of an intent to deprive Concord Mall LP of its interest in the Property pursuant to the Encumbrances, Concord Mall LP reserves the right to further object to such proposed deprivation of its rights.

**B.     The Property Cannot be Sold Free and Clear of the Encumbrances**

25.    The Encumbrances are recorded among the land records of New Castle County, Delaware, and as such constitute encumbrances of record against the Property, and are obligations which "run with the land."

26.    In order to sell property free and clear of an interest, applicable non-bankruptcy law must permit the sale of such property free and clear of such interest. *See* 11 U.S.C. § 363(f)(1).

27.    As noted by the United States District Court for the Eastern District of New York, "a sale 'free and clear of liens and other interests' has no impact on restrictions of record that run with the land. . . . Clearly, 11 U.S.C.A. § 363(f) and Bankruptcy Rule 6004, which refer to the sale of land 'free and clear' from these 'interests,' are not intended to sever easements and other non-monetary property interests that are created by substantive state law. Indeed, absent the consent of the owner of the easement or the easement being in bona fide dispute, the Bankruptcy Code does not even allow the Bankruptcy Court to authorize a sale of the property ' free and clear' of an easement." *In re Oyster Bay Cove, Ltd.*, 196 B.R. 251, 255-56 (E.D.N.Y. 1996).

28.    This Court must look to state law to determine the property rights held by the Debtors with respect to third parties. *See Tyler v. Ownit Mortg. Loan Tr., Series 2006-3*, 460 B.R. 458, 462 (E.D. Va. 2011).

29.    Under applicable Delaware law, real property cannot be sold free and clear of a recorded restrictive covenant where the covenant is reasonable:

> '[R]estrictive covenants are recognized and enforced . . . where the parties' intent is clear and the restrictions are reasonable.' . . . '[R]estrictive covenants may be enforced against a purchaser only if he or she had notice, either actual or constructive, of their existence.' Importantly, 'buyers with knowledge or the means of gaining knowledge of covenants restricting use of the land they propose

to purchase cannot effectively object to the enforcement of such covenants when they are reasonable, realistic and are fairly administered.'

*New Castle County v. Pike Creek Recreational Services, LLC*, 82 A.3d 731, 745-46 (Del. Ch. 2013).

30. Even if the Debtors were somehow entitled to reject the Encumbrances, such rejection would not impact the issue of whether the Encumbrances remain binding on the Property post-sale. *See Gouveia v. Tazbir*, 37 F.3d 295, 298 (7th Cir. 1994).

### IV.    JOINDER

31. Concord Mall LP hereby joins the objection of any other similarly situated party in interest to the extent that such objection is not inconsistent herewith.

### V.    RESERVATION OF RIGHTS

32. Concord Mall LP reserves the right to supplement this Limited Objection and reserves the right to raise any other objections to the proposed sale.

**WHEREFORE**, if this Limited Objection has not been resolved in advance of the Sale Hearing, Landlord respectfully requests that this Court enter an order:

a. Sustaining this Limited Objection;

b. Denying the Debtors' request to transfer the Property in a sale, disposition, or otherwise, unless the Order approving such sale, disposition or other transfer expressly confirms that such transfer is made subject to, and does not in any way affect or alter, the rights of Concord Mall LP pursuant to the Encumbrances;

c. Establishing a discovery and briefing schedule in advance of an evidentiary hearing on the contested transfer of the Property; and

d. Granting Concord Mall LP such other and further relief as the court deems appropriate.

Dated: January 26, 2019
     New Haven, Connecticut     **LECLAIRRYAN, PLLC**

By:   /s/ Ilan Markus
      Ilan Markus
      Andrew L. Cole
      **LeClairRyan, PLLC**
      545 Long Wharf Drive – 9th Floor
      New Haven, Connecticut 06511
      Telephone: (203) 672-3212
      Facsimile: (203) 672-3231
      ilan.markus@leclairryan.com

Counsel to Concord Mall LP

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2019, a copy of this Limited Objection was sent via (i) the Court's electronic filing system to all Standard Parties and (ii) electronic mail to counsel for the Bid Notice Parties, the Consultation Parties, and the Successful Bidder, as set forth below.

Bid Notice Parties

i. the Debtors (rob.riecker@searshc.com; luke.valentino@searshc.com; mmeghji@miiipartners.com);

ii. counsel to the Debtors (ray.schrock@weil.com; jacqueline.marcus@weil.com; garrett.fail@weil.com; sunny.singh@weil.com); and

iii. the Debtors' investment banker (project.blue.rx@lazard.com).

Consultation Parties

i. counsel to Bank of America, N.A., in its capacity as the administrative agent under the First Lien Credit Facility and DIP ABL Agent (Paul.leake@skadden.com; Shana.Elberg@skadden.com; George.Howard@skadden.com);

ii. counsel to Wells Fargo Bank, National Association, in its capacity as Co-Collateral Agent under the First Lien Credit Facility and Co-Collateral Agent under the DIP ABL Facility (ksimard@choate.com; jmarshall@choate.com); and

iii. counsel the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (idizengoff@akingump.com; pdublin@akingump.com; aqureshi@akingump.com; sbrauner@akingump.com).

Successful Bidder

counsel to the Successful Bidder (jbromley@cgsh.com; soneal@cgsh.com; jkpark@cgsh.com).

Dated: January 26, 2019
New Haven, Connecticut    **LECLAIRRYAN, A Professional Corporation**

By:   /s/ Ilan Markus
Ilan Markus