WHITE & WILLIAMS LLP
James C. Vandermark, Esq.
7 Times Square, Suite 2900
New York, New York  10036-6524
Telephone: (212) 244-9500
Facsimile: (212) 244-6200
E-mail:vandermarkj@whiteandwilliams.com

*Counsel to Google LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**GOOGLE LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Google LLC f/k/a Google Inc. ("**Google**"), by and through its undersigned counsel, files the following limited objection and reservation of rights to the potential assumption and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc.(9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

assignment of the Google Contracts (as defined below) and proposed cure amounts, in response to the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [Doc. No. 1731] (the **"Cure Notice"**)[2] filed by the above-captioned debtors and debtors-in-possession (the **"Debtors"**), and states as follows:

## PRELIMINARY STATEMENT

Google objects to the proposed cure amounts as set forth by Debtors in the Cure Notice because the proposed cure amounts to be paid to Google - $0.00, if Google's executory contracts are assumed and assigned to the buyer, are drastically less than the amount required to be paid to cure the monetary defaults under Google's Contracts – at least $1,115,563.36.

## BACKGROUND

1. On or about October 15, 2018 (the **"Petition Date"**), the Debtors filed voluntary petitions for Chapter 11 relief in the United States Bankruptcy Court for the Southern District of New York (the **"Bankruptcy Court"**).

2. Prior to the Petition Date, Google and one or more of the Debtors entered into certain contracts (the **"Google Contracts"**), as set forth in the schedule in Paragraph 3. Pursuant to the Google Contracts, Google provides advertising services and other services to and for the benefit of the Debtors, including without limitations the Google Ads services (f/k/a AdWords). The Google's Ads program is an online advertising program that, among other things, allows advertisers (here, the Debtors) to reach potential customers as they search for designated words and phrases (i.e., keywords) or browse websites with themes similar to the advertiser's.

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Cure Notice.

3.      On January 18, 2019, Debtors filed the Cure Notice.  The contract schedule attached to the Cure Notice included six (6) alleged contracts between Google and certain Debtors (collectively, the "**Google Contracts**"), each with a proposed cure amount of zero dollars ($0.00) (the "**Proposed Cure Amount**").  A true and correct copy of page 139 of the Cure Notice, listing the Google Contracts is attached hereto as **Exhibit A**.

4.      The Cure Notice completely fails to identify the name/title of two (2) of the Google Contracts (collectively, the "**Unnamed Google Contracts**").  As of the filing of this Objection, Debtors have not responded to Google's request for the identity of the Unnamed Google Contracts.

5.      Debtors provided alleged titles to the other four (4) Google Contracts (collectively, the "**Named Google Contracts**"); however, the titles used by Debtors are somewhat general and do not match the correct titles of the subject contracts between the parties.

## BASIS FOR OBJECTION

6.      Debtors may assume contracts, but defaults under the contracts must be cured at the time the contract is assumed.  Section 365 of the Bankruptcy Code provides:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee-
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

        (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

7. Bankruptcy Code Section 365(b)(1) makes it clear that defaults must be cured as of the assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re McLean Industries, Inc.*, 96 B.R. 440, 449 n. 11 (S.D. NY 1989) ("assumption creates a post-petition liability and requires cure of pre-petition and post-petition defaults"); *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 173 (Bankr. E.D. Va. 1993) ("Section 365(b)(1)(A) requires the debtor in possession to cure pre- and post-petition defaults…This conclusion is clear from §365(b)(1) which measures defaults as of the 'time of assumption'") (*citing In re Rachels Industries, Inc.*, 109 Bankr. 797, 811-812 (Bankr. W.D. Tenn. 1990)); *In re Bachrach Clothing, Inc.*, 2007 Bankr. LEXIS 2623 * 11 (N.D. Ill. Aug. 2, 2007) ("…365(b)(1) measures defaults as of the time of assumption. Therefore, the debtor was required to cure both pre- and post-petition defaults.") *aff'd* 396 B.R. 219 (N.D. Ill. 2008).

8. Google objects to the proposed assumption of the Google Contracts on the ground that the Proposed Cure Amount ($0.00) does not cure the defaults under the Named Google Contracts because the amount of monetary defaults under the Named Google Contracts is $1,115.563.36.

9. As of January 24, 2019, the following cure amounts are due and owing for each of the Named Google Contracts[3]:

---

[3] Based upon Debtors alleged titles to the Named Google Contracts, Google states the correct names of the Named Google Contracts in the parenthetical below the contract names used by the Debtors in the chart in paragraph 9.

-4-

| Named Google Contracts | Debtor Party | Pre-Petition Cure Amount | Post-Petition Cure Amount | Total Cure Amount |
|---|---|---|---|---|
| Online – Google – DFP Premium – 2018 (Order Form – DFP Premium and AdX Services; Amendment 1 to DFP Premium and AdX Service Order Form; Order Form – DoubleClick Campaign Manager for Advertisers Service; Order Form - DoubleClick Bid Manager Service; Order Form – DoubleClick Search for Advertising/Agencies Services; Order Form - DoubleClick Rich Media Service for Advertisers) | SHMC | $442,910.83 | $0.00 | $442,910.83 |
| Home Service – Google – Suite360 – Order Form – 2018 (Order Form - Google Analytics 360 Suite Service) | SHMC | $106,320.00 | $22,500 | $128,820 |
| MKTG – Online – Google – ADSENSE – 2018 (Google Advertising Service Agreement) | SHMC | $6,532.26 | $4,717.74 | $11,250.00 |
| Google Advertising Service Agreement | SHBF | $532,582.53 | $0.00 | $532,582.53 |
| | TOTALS | $1,088,345.62 | $27,217.74 | $1,115,563.36 |

10.     To the extent that the Debtors seek to assume and assign the Named Google Contracts, the outstanding monetary defaults must be fully cured by paying Google $1,115,563.36, along with any amounts due and owing after January 24, 2019, through the effective date of assumption.

11.     Google also objects to the assumption and assignment of the Unnamed Google Contracts because Debtors completely failed to identify such contracts and, therefore Google

cannot determine the applicable cure amounts for these contracts. As a result, Google objects to the Debtors' proposed assumption and designation of any proposed cure amount for the Unnamed Google Contracts until their identity is adequately disclosed and Google has a reasonable opportunity to determine the correct cure amounts.

12. Debtors failure to identify the Unnamed Google Contracts constitutes a violation of Google's due process rights to receive sufficient prior notice and opportunity to object to the proposed assumption and cure amounts of the Unnamed Google Contracts and any other executory contracts to which it is a party that are not included in the Google Contracts.

13. After the filing of this Objection, Google will follow-up with the Debtors to try to resolve the cure amounts for the Named Google Contracts, to determine the identity of the Unnamed Google Contracts and the respective cure amounts and to provide Debtors a list of numerous other executory contracts between the parties (and associated cure amounts), that should be included in a supplemental assumption and cure notice for the buyer's consideration.

## **RESERVATION OF RIGHTS**

14. Google expressly reserves the right to amend, modify and/or supplement this Objection, including without limitation all rights to further object to the proposed assumption and assignment of the Unnamed Google Contracts, based upon the Debtors further disclosures and supplemental assumption/cure notices, the parties further discussions and exchange of information, and in reply to any responses to this Objection.

**WHEREFORE**, for the reasons set forth above, Google respectfully requests that the Court sustain this objection and (a) deny the assumption and assignment of the Named Google Contracts, unless Google is paid the full cure amount of $1,115,563.36 plus all unpaid charges due and owing after January 24, 2019, through the effective date of assumption, and (b)

22206122v.2

deny the assumption and assignment of the Unnamed Google Contracts for the reasons stated above.

Respectfully submitted,

By: /s/ James C. Vandermark

Dated: January 26, 2019

New York, NY

James C. Vandermark, Esq.
WHITE AND WILLIAMS LLP
7 Times Square, Suite 2900
New York, New York 10036
(212) 244-9500
vandermarkj@whiteandwilliams.com

*Attorneys for Google LLC*

22206122v.2