Hearing: February 4, 2019 at 10:00 a.m. E.T.
Objection Deadline: January 26, 2019 at 4:00 p.m. E.T.
Re: ECF Docket No. 1731

**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Suite 500
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for ADT LLC d/b/a Protection One*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEARS HOLDINGS CORPORATION, et al.[1], | ) Case No. 18-23538 (RDD) |
| | ) |
| *Debtors-in-Possession.* | ) (Jointly Administered) |
| | ) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
ADT LLC D/B/A PROTECTION ONE TO
DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
IN CONNECTION WITH GLOBAL SALE TRANSACTION**

ADT LLC d/b/a Protection One ("Protection One"), by and through its undersigned counsel, files the within Limited Objection ("Objection") and Reservation of Rights to the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction ("Notice")[2] [Docket No. 1731] and in support thereof states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Notice.

**BACKGROUND**

1. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and its debtor affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, thereby commencing the above-captioned bankruptcy cases.

2. On January 18, 2019, the Debtors filed the Notice.

3. Attached to the Notice as Exhibit A was a "Cure Costs Schedule - Executory Contracts" listing Contracts that might be assumed and assigned as part of the Global Asset Sale Transaction and the Debtors' calculation of Cure Costs associated with each contract.

4. Included in the list of Contracts at line 5665 is an alleged contract with a title of "APP-PROTECTION ONE-DVR BOXED ITEMS-2016" between Innovel Solutions, Inc. and Kmart Corporation on the one hand and Protection 1 Security Solutions on the other (the "DVR Contract"). The alleged Cure Cost associated with this contract is $508,145. *See* Notice, Exhibit A, Cure Costs Schedule - Executory Contracts" at entry 5665. The DVR Contract also appears to have expired.

5. As of the date hereof, Protection One is not aware of and has been unable to identify this DVR Contract.

6. Protection One, however, *is* a party to that certain master services agreement (the "Protection One MSA") dated July 24, 2018 by and between Debtors Sears, Roebuck and Co., Kmart Corporation, Sears, Roebuck de Puerto Rico, Inc., and Innovel Solutions, Inc. on the one hand and Protection One on the other. This appears to be the contract listed on line 5666 of the Notice with a Cure Claim of $0.00.

7. Under the Protection One MSA, Protection One provided and continues to provide to various Sears Debtors and non-Debtors central security monitoring and fire and burglar alarm services at over 1500 locations.

8. Since the Petition Date, Protection One has continued to provide these services to the Debtors and non-debtors pursuant to the Protection One MSA.

9. As of the Petition Date, Protection One's books and records reflect an outstanding prepetition balance under the Protection One MSA of at least $586,576.90 and a postpetition balance of at least $232,150.69, for a total of $818,727.59, which amount, to the extent such contract is assumed and assigned, represents the required cure amount ("Protection One Cure Amount"). A summary of prepetition invoices is attached hereto as Exhibit A. A summary of postpetition invoices is attached hereto as Exhibit B.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

10. Protection One files this limited objection and reservation of rights on the basis that (a) prior to assumption, all defaults under the Protection One MSA must be cured and the Cure Cost set forth in the Notice does not accurately reflect the balance owed under the Protection One MSA and (b) the Debtors seek to assume a contract, the DVR Contract, that Protection One believes does not exist and that also appears to be expired.

11. If a debtor assumes a contract, it must do so *cum onere,* with all the benefits as well as the burdens. *See, e.g., Cinicola v. Scharffenberger,* 248 F.3d 110 (3d Cir. 2001). As such, the Debtors may not assume the Protection One MSA unless the Debtors, *inter alia,* cure all defaults under the Protection One MSA. 11 U.S.C. § 365(b)(1)(A).

13. To the extent that the Debtors intend to assume the Protection One MSA, the proposed Cure Cost of $0.00 is incorrect.

14. Pursuant to Protection One's books and records, as of the date of the filing of this Objection, Protection One is owed not less than the Protection One Cure Amount for services provided to the Debtors under the Protection One MSA and this amount must be paid to Protection One to cure defaults under the Protection One MSA prior to any assumption of the Protection One MSA. Further, the Debtors must cure any additional charges that may occur under the Protection One MSA prior to the date that the Protection One MSA is actually assumed.[3]

---

[3] Protection One's review of its business records is continuing and ongoing, therefore, Protection One reserves the right to amend and/or supplement this Objection as additional information becomes available. Protection One further

15. With respect to the DVR Contract, Protection One reserves all rights with respect thereto including in connection with the Global Asset Sale Transaction, the Cure Cost, and/or the assumption and assignment, and requests that Debtors immediately provide a copy of such contract to Protection One. To the extent that the DVR Contract does not exist and/or has expired, Protection One Requests that Exhibit A to the Notice be amended to delete such contract.

WHEREFORE, ADT LLC d/b/a Protection One requests that this Court set a cure amount with respect to the Protection One MSA that is consistent with the foregoing, provide a copy of the DVR Contract to Protection Once, and grant Protection One such other and further relief as this Court deems appropriate.

Dated: January 26, 2019

Respectfully submitted,

*/s/* Gary O. Ravert
Gary O. Ravert
RAVERT PLLC
116 West 23rd Street, Suite 500
New York, New York 10011
Tel: (646) 961-4770
Fax: (917) 677-5419
gravert@ravertpllc.com

and

Sally E. Edison
Spilman Thomas & Battle, PLLC
One Oxford Centre, Suite 3440
301 Grant Street
Pittsburgh, PA 15219
Tel: (412) 325-3301
sedison@spilmanlaw.com

*Counsel to ADT LLC d/b/a Protection One*

---

reserves the right to file amended proofs of claim in these bankruptcy cases and/or otherwise seek payment for all amounts owed under the Protection One MSA and other contracts between Protection One and the Debtors, if any.