Thomas R. Fawkes
GOLDSTEIN & MCCLINTOCK LLLP
375 Park Avenue, Suite 2670
New York, NY  10152
Phone:  (212) 203-5940
E-mail:  tomf@goldmclaw.com

*Attorneys for Infinite Peripherals, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

**In re**                                                                              **Chapter 11**

**SEARS HOLDING CORPORATION, *et al.*,[1]**     Case No. 18-23538 (RDD)

             **Debtors.**                                                           **(Jointly Administered)**

------------------------------------------------------------ x

**CURE COSTS AND ADEQUATE ASSURANCE OBJECTION OF INFINITE
PERIPHERALS, INC. TO DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION
<u>WITH GLOBAL SALE TRANSACTION</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

1. Infinite Peripherals, Inc. ("IPC"), by and through its undersigned attorneys, hereby submits this objection with respect to adequate protection to the cure amount proposed in connection with the potential assumption and assignment of the Debtors' agreement with IPC, as listed in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* (Docket No. 1731) (the "Assumption and Assignment Notice"). In support of this limited objection, IPC states as follows:

2. On October 15, 2018 ("Petition Date"), the Debtors filed respective voluntary petitions for reorganization pursuant to chapter 11 of title 11 of the United States Code. Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as a debtor-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Debtor Sears Holdings Management Corporation and IPC entered into a Master Procurement Agreement, dated February 22, 2017 ("Master Agreement") whereby IPC would provide marketing services to the Debtors under various Statements of Work ("SOW") issued under the Master Agreement. A copy of the Master Agreement and all SOWs are available upon request.

**I.    Cure Costs Objection**

4. As of the Petition Date, IPC had an unpaid balance due of **$49,087.98** ("IPC Unpaid Amount"). The IPC Unpaid Amount represents the amount due for marketing services provided pre-petition under the Master Agreement. Payment of the IPC Unpaid Amount is necessary to cure all defaults under the Master Agreement before the Debtors may assume and assign that agreement.

5. All invoices detailing the legal services underlying the IPC Unpaid Amount are available on request.

6. The Assumption and Assignment Notice proposes a cure amount of $48,932.00. (Assumption and Assignment Notice, Ex. A at Nos. 3593, 3594.)

7. Accordingly, IPC objects to the proposed cure amount in connection with the potential assumption and assignment of the Master Agreement to the extent such amount is less than the IPC Unpaid Amount of $49,087.98.

8. Because the Debtors have defaulted under the Master Agreement, IPC is entitled to creditor protections of section 365 of the Bankruptcy Code, which trigger "[i]f there has been a default in an executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(b)(1). One of those protections is that the Debtors must provide adequate assurance of future performance under the Master Agreement. *See* 11 U.S.C. § 365(b)(1)(C).

**II.    Adequate Assurance Objection**

9. On or about January 10, 2019, the Debtors informed IPC that the "Ariba Spend Management Platform" ("Ariba"), which supports Sears Holding Corporation's ("SHC") management of indirect, non-merchandise expenditures, would "go dark" on January 31, 2019. The Debtors use of Ariba to process purchase orders and payables is an intricate and important part of the Debtors' and IPC's commercial relationship. Ariba allowed for a direct and a relatively automatic, fast and efficient method to submit work orders and process payment.

10. Also on January 10, 2019, SHC informed IPC that any invoices previously submitted through the Ariba system but not approved by SHC in 10 days – on or before January 20, 2019 – would be automatically rejected.

3

11. After the termination of Ariba, the SHC announced it plans to have its employees *manually* enter invoices, work orders and process payments through SHC's PeopleSoft Financial System. SHC will send purchase orders to Vendors by e-mail or hard copy U.S. mail and has requested that vendors likewise invoice SHC by e-mail or hard copy U.S. mail. As late as January 11, 2019, SHC representatives were unable to tell IPC where or to whom invoices should be submitted. Copies of these communications are available upon request.

12. Even before this systemic change in the Debtors' administration and processing of purchase orders and payments, the Debtors were late in making post-petition payments for IPC's services. (Payments typically satisfy multiple IPC invoices.) Since the Petition Date, IPC has received three payments from the Debtors for post-petition services – and all were late. Hence, all were in breach of the Master Agreement.

13. The first payment paid invoices due to IPC, on the average, two days late. The second payment paid invoices due to IPC, on the average, six days late. The third payment satisfied a single invoice seven days after payment was due. Needless to say, IPC is troubled by this trend. The transition from the automatic Ariba system to a manual one will only further negatively impact the Debtors' administration of its business to a degree that is as yet unknown.

14. Section 365 of the Bankruptcy Code requires that an executory contract may only be assumed and assigned if "adequate assurance of future performance under such contract or lease" is provided. 11 U.S.C. § 365(b)(1)(C).

15. The term "adequate assurance" is not defined in the Bankruptcy Code. The phrase is adopted from the Uniform Commercial Code and courts have recognized that what constitutes "adequate assurance of future performance" must be determined by consideration of the facts of the proposed assumption. *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 n.10 (3d Cir.

2001) quoting *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309-10 (5th Cir. 1985); *Great Atlantic & Pacific Tea*, 472 B.R. 666, 674 (S.D.N.Y 2012) ("The term 'adequate assurance of future performance' is not statutorily defined, but courts have determined that "[w]hether 'adequate assurance of future performance' has been provided is determined by the facts and circumstances of each case."). *See In re Filene's Basement, LLC,* No. 11-13511 (KJC), 2014 Bankr. LEXIS 2000, at *33-34 (Bankr. D. Del. Apr. 29, 2014) (for same, identifying a non-exclusive list of adequate assurance factors a court may consider in connection with the proposed assumption of a lease).

16. Here, the Debtors' *current* administrative infrastructure is insufficient to comply with the payment timing requirements of the Master Agreement. The elimination of the Ariba system will further stress the ability to process and pay – leaving IPC without adequate assurance that the assignee will not breach and default on its obligations under the Master Agreement each and every time a payment is due to IPC.

17. IPC reserves the right to contest the assumption, assignment or rejection of the Master Agreement on any basis other than the proposed cure amount and adequate assurance objections contained herein.

Dated: January 26, 2019
New York, New York

                                        INFINITE PERIPHERALS, INC.

                                        By:  /s/ Thomas R. Fawkes
                                              One of Its Attorneys

                                      Thomas R. Fawkes
                                      GOLDSTEIN & MCCLINTOCK LLLP
                                      375 Park Avenue, Suite 2670
                                      New York, NY  10152
                                      Phone:  (212) 203-5940
                                      E-mail:  tomf@goldmclaw.com

4611254/1/17030.004

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2019, a copy of the foregoing CURE COSTS AND ADEQUATE ASSURANCE OBJECTION OF INFINITE PERIPHERALS, INC. TO DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION was served in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures (Docket No. 405) and the Order Approving Global Bidding Procedures (Docket No. 816) on the following parties: (i) all parties listed on the Master Service List maintained by the Debtors' claims and noticing agent; (ii) all parties entitled to receive electronic service in these cases through the Court's CM/ECF System; and (iii) the Objection Recipients.

                                                                        /s/ Thomas R. Fawkes
                                                                      Thomas R. Fawkes, Esq.

4611254/1/17030.004