ROPES & GRAY LLP
Gregg M. Galardi
Kimberly J. Kodis
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090

*Counsel to Icon DE Holdings LLC*
*and Icon NY Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re:**                                                  :          **Chapter 11**
                                                            :
**SEARS HOLDING CORPORATION, *et al.*,**[1]                 :          **Case No. 18-23538 (RDD)**
                                                            :
                        **Debtors.**                        :          **(Jointly Administered)**
                                                            :
------------------------------------------------------------x


**LIMITED OBJECTION OF ICON DE HOLDINGS LLC AND ICON NY HOLDINGS LLC TO THE DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Icon DE Holdings LLC ("Icon DE") and Icon NY Holdings LLC ("Icon NY," and together with Icon DE, "Iconix"), parties in interest in the above-captioned chapter 11 cases, by and through its undersigned counsel, file this objection (the "Objection") to certain proposed cure costs (the "Proposed Cure Costs") reflected in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Cure Notice").[2]   In support of this Objection, Iconix respectfully states as follows:

## BACKGROUND

1.      Iconix is a brand management company, with a portfolio of global consumer brands.  Iconix licenses its brands to facilitate the manufacture, import, market, and sale of licensed products in retail locations.  In furtherance of such, Iconix is a party to license agreements with Kmart Corporation ("Kmart") and Sears, Roebuck and Co. ("Sears Roebuck" and together with Kmart, the "Debtor Counterparty").  Such agreements include the following:

> a.  License Agreement, dated as of September 26, 2006, by and between Icon DE Holdings LLC (as successor to IP Holdings LLC), as licensor, and Kmart Corporation, as licensee, as amended by the First Amendment to License Agreement, dated as of August 1, 2015, and extended by letters dated as of June 29, 2010, June 12, 2015, August 14, 2015 and August 18, 2015 (collectively, the "Joe Boxer License Agreement");

> b.  License Agreement, dated as of February 8, 2010, by and between Icon DE (as successor to IP Holdings LLC), as licensor, and Sears (as assignee from Kmart), as licensee, as amended by the First Amendment to License Agreement, dated as of August 1, 2015 and the Second Amendment to License Agreement, dated as of January 23, 2018 (collectively, the "Bongo License Agreement"); and

> c.  License Agreement, dated as of February 20, 2008, by and between Icon NY (as successor to and assignee from Official Pillowtex LLC), as licensor, and Kmart, as licensee, as extended by letters dated as of August 29, 2013 and July 24, 2018 (collectively, the "Cannon License Agreement" and together with the

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Global Bidding Procedures Order (as defined below), the Global Bidding Procedures (as defined in the Bidding Procedures Order) or the Cure Notice, as applicable.

Joe Boxer License Agreement and Bongo License Agreement, the "<u>License Agreements</u>").

2.      Under the License Agreements, Icon NY and Icon DE respectively granted each Debtor Counterparty an exclusive license to the trademarks detailed in each License Agreement. Each Debtor Counterparty agreed to pay a quarterly royalty payment equal to a defined percentage of net sales of Licensed Products, with a defined minimum royalty amount due each year.

3.      On October 15, 2018, and continuing thereafter, each of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") filed voluntary petitions for relief under chapter 11, of Title 11, of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Federal Rule of Bankruptcy Procedure 1015(b) [Docket No. 118].

4.      On October 24, 2018, the United States Trustee for Region 2, pursuant to section 1102(a) of the Bankruptcy Code, appointed the Official Committee of Unsecured Creditors of the Debtors [Docket No. 276].  No trustee or examiner has been appointed.

5.      On November 1, 2018, the Debtors filed the *Debtors' Motion for Approval of Global Bidding Procedures* [Docket No. 429] (the "<u>Global Bidding Procedures Motion</u>").

6.      On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket No. 816] (the "<u>Global Bidding Procedures Order</u>"), approving the relief requested in the Global Bidding Procedures Motion.

7.    On November 21, 2018, the Debtors filed the *Notice of Global Bidding Procedures Process Letter* [Docket No. 862] (the "Global Process Letter"), soliciting bids in connection with the sale or disposition of substantially all of the Debtors' assets (the "Assets").

8.    On January 14, 2019, the Debtors commenced an auction for the sale of the Assets (the "Auction").  At the conclusion of the Auction, the Debtors designated the bid submitted by Transform Holdco, LLC (the "Successful Bidder") as the successful bid.

9.    On January 17, 2019, the Debtors executed an asset purchase agreement (the "Asset Purchase Agreement") with the Successful Bidder for the purchase of the Acquired Assets (as defined in the Asset Purchase Agreement).

10.    On January 18, 2019, the Debtors filed the (i) *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] and (ii) Cure Notice, which sets forth the executory contracts and unexpired leases proposed to be potentially assigned or assumed and assigned to the Successful Bidder pursuant to the Asset Purchase Agreement (the "Cure Schedule").

11.    In the Cure Schedule, the Debtors propose to potentially assume or assume and assign each of the License Agreements to the Successful Bidder.[3]

12.    The Debtors are in default of their monetary obligations under each of the License Agreements to pay royalties to Iconix.

## CURE OBJECTION

13.    Section 365 of the Bankruptcy Code provides that a debtor in possession may assume or reject any executory contract or unexpired lease.  11 U.S.C. § 365(a).  If there has been

---

[3]    Iconix understands the Cure Notice to include the Joe Boxer License Agreement, the Bongo License Agreement, and the Cannon License Agreement, each in their entirety and including any and all amendments. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984) (stating that executory contracts that are assumed under Section 365 are assumed in full, including both benefits and burdens).  Iconix sought confirmation from Debtors' counsel prior to filing this pleading.  Debtors' counsel acknowledged receipt of Iconix's inquiry, but otherwise has not confirmed that it seeks to assume or assume and assign each of the License Agreements in their entirety.

a default in an executory contract, the debtor in possession may not assume such contract unless, at the time of assumption, the debtor in possession: (i) cures, or provides adequate assurance that the debtor in possession will cure, such default; (ii) compensates, or provides adequate assurance of prompt compensation, for any actual pecuniary loss resulting from such default; and (iii) provides adequate assurance of future performance under such contract. 11 U.S.C. § 365(b)(1)(A)–(C). The debtor in possession must cure all defaults whether such defaults occurred pre- or post-petition. *See In re Genuity, Inc.*, 323 B.R. 79, 84 (Bankr. S.D.N.Y. 2005) ("Code § 365 clearly and plainly states that in order to assume a contract, a debtor is *required* to first cure all defaults . . . .") (emphasis in original); *Official Comm. Of Unsecured Creditors v. Aust (In re Network Access Sols.)*, 330 B.R. 67, 76 (Bankr. D. Del. 2005) ("[W]hen a contract is assumed under section 365, all unpaid amounts due under the agreement must be paid.").

14.    The Proposed Cure Costs for the License Agreements are incorrect. The Proposed Cure Costs do not include all outstanding quarterly royalties due to Iconix under each of the License Agreements nor does it include other amounts the Debtors are contractually obligated to pay to Iconix, including yearly minimum royalties.

15.    The correct cure amounts (the "Correct Cure Amounts") due under the License Agreements are:

| Row No. | Debtor Counterparty | Counterparty | Contract Title | Proposed Cure Costs | Correct Cure Amounts |
|---|---|---|---|---|---|
| 3551 | Kmart Corporation | Icon DE Holdings LLC | License Agreement, as amended by the First Amendment to License Agreement, and extended by letters dated as of June 29, 2010, June 12, 2015, August 14, 2015, and August 18, 2015[4] | N/A | $7,771,992.00 |
| 3552 | Sears, Roebuck and Co. | Icon DE Holdings LLC | License Agreement, as amended by First Amendment to License Agreement and the Second Amendment to License Agreement[5] | N/A | $250,000.00 |
| 3558 | Kmart Corporation | Icon NY Holdings LLC | License Agreement, as extended by letters dated as of August 29, 2013 and July 24, 2018[6] | N/A | $4,131,850.00 |

16.     Itemizations of the Correct Cure Amounts under each of the License Agreements owed by the Debtors to Iconix are attached hereto as **Exhibits A–C**.[7]

## RESERVATION OF RIGHTS

17.     This Objection is filed with a full reservation of rights, including the right to supplement, modify or amend this Objection and make such other and further objections to the Cure Notice or any assumption or assumption and assignment of the License Agreements until such time as a final order is entered approving the Cure Costs with respect to the License Agreements.  Nothing set forth herein shall constitute a waiver, discharge or disallowance of any

---

[4]   For the avoidance of doubt, this is the Joe Boxer License Agreement.

[5]   For the avoidance of doubt, this is the Bongo License Agreement.

[6]   For the avoidance of doubt, this is the Cannon License Agreement.

[7]   Due to the voluminous nature of the License Agreements underling the Correct Cure Amounts, copies of such documents are not attached hereto.  Upon information and belief, copies of such documents are already in the Debtors' possession; however, Iconix will make such documents available to the Court and the Debtors upon request.  Any summary in this Objection of the underlying agreements between the parties is qualified in its entirety by the terms of the applicable documentation.

and all rights, claims, causes of action and defense.  In addition, nothing set forth herein shall be construed as a waiver, release, discharge or disallowance of any and all administrative claims of Iconix against the Debtors.

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Iconix respectfully requests that the Court (i) require the cure amount set forth in the Cure Notice be corrected to reflect cure costs of $7,771,992.00 due under the Joe Boxer License Agreement, $250,000.00 due under the Bongo License Agreement, and $4,131,850.00 due under the Cannon License Agreement; (ii) require the Debtors to confirm that assumption or assumption and assignment of the Joe Boxer License Agreement, the Bongo License Agreement, and the Cannon License Agreement includes any and all amendments or modifications; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: January 26, 2019
New York, New York

/s/ Gregg M. Galardi
ROPES & GRAY LLP
Gregg M. Galardi
Kimberly J. Kodis
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email:  gregg.galardi@ropesgray.com
          kimberly.kodis@ropesgray.com

*Counsel to Icon DE Holdings LLC
and Icon NY Holdings LLC*

## Exhibit A

**(Joe Boxer License Agreement Cure Amount)**

**Joe Boxer License Agreement Cure Amount**

| | |
|---|---|
| Pre-petition Royalties | $662,313.00 |
| Post-petition Royalties | $7,109,679.00 |
| **Total Cure Amount** | **$7,771,992.00** |

## **Exhibit B**

**(Bongo License Agreement Cure Amount)**

**Bongo License Agreement Cure Amount**

| | |
|---|---|
| Pre-petition Royalties | $16,776.00 |
| Post-petition Royalties | $233,224.00 |
| **Total Cure Amount** | **$250,000.00** |

**<u>Exhibit C</u>**

**(Cannon License Agreement Cure Amount)**

**Cannon License Agreement Cure Amount**

| | |
|---|---|
| Pre-petition Royalties | $205,849.00 |
| Post-petition Royalties | $3,926,001.00 |
| **Total Cure Amount** | **$4,131,850.00** |