DELBELLO DONNELLAN WEINGARTEN  
WISE & WIEDERKEHR, LLP  
*Co-Counsel for Felix Calls, LLC*  
One North Lexington Avenue  
White Plains, New York 10601  
(914) 681-0200  
Dawn Kirby, Esq.  
Julie Cvek Curley, Esq.  

and  

MICHAEL BEST & FRIEDRICH LLP  
*Co-Counsel for Felix Calls, LLC*  
601 Pennsylvania Avenue, NW  
Suite 700 South  
Washington, DC 20004  
(202) 747-9594  
Jonathan L. Gold, Esq.  

*Hearing Date: February 4, 2019*  
*Hearing Time: 10:00 a.m.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

-------------------------------------------------------------x  
In re                                              :    Chapter 11  
                                                   :  
SEARS HOLDINGS CORPORATION, *et al.*,              :    Case No. 18-23538 (RDD)  
                                                   :  
                                                   :    (Jointly Administered)  
            Debtors.                               :  
-------------------------------------------------------------x  

**OBJECTION OF BONNIER CORPORATION TO DEBTORS' PROPOSED
ASSUMPTION AND ASSIGNMENT OF THE BONNIER
AGREEMENT, AS SET FORTH IN THE DEBTORS' NOTICE
OF ASSUMPTION AND ASSIGNMENT IN CONNECTION
WITH THE GLOBAL SALE TRANSACTION [DOCKET NO. 1731]**

Bonnier Corporation ("**Bonnier**"), by and through their undersigned counsel, hereby submit this objection ("**Objection**") with respect to the Debtors' *Notice of Assumption and Assignment in Connection with the Global Sale Transaction* [Docket No. 1731] ("**Assumption Notice**"). In support of the Objection, Bonnier respectfully represents as follows:

**BACKGROUND**

1. On or about October 15, 2018 ("**Petition Date**"), Sears Holdings Corporation and

its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed voluntary bankruptcy petitions with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

2. The Debtors have continued to possess their property and have continued to operate and manage their businesses as debtors-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

3. On or about November 19, 2018, the Bankruptcy Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (the "**Global Bidding Procedures Order**") [Docket No. 816], approving global bidding and sale procedures (the "**Global Bidding Procedures**"), in connection with the sale or disposition of substantially all of the Debtors' assets (the "**Assets**"), among other relief.

4. On or about January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets (the "**Auction**"). In that regard, the Debtors determined that the offer submitted by Transform Holdco, LLC (the "**Successful Bidder**" or "**Buyer**"), established by ESL Investments, Inc. to acquire substantially all of the Global Assets, was the highest or best offer for the Global Assets (the "**Successful Bid**"). Upon information and belief, the Debtors executed an asset purchase agreement with the Buyer for purchase of the Acquired Assets (as defined in the Asset Purchase Agreement) dated January 17, 2019 (the "**Asset Purchase Agreement**," and the transaction effected thereby, the "**Global Asset Sale Transaction**").

5. On or about January 18, 2019, the Debtors selected certain executory contracts to assume and filed the Assumption Notice, which proposed to assume, among other contracts, that certain License Agreement by and between Sears, Roebuck and Co. (one of the Debtors) and Bonnier dated April 3, 2012 (and later amended on March 31, 2014 and October 12, 2017)

2

(collectively, the "**Bonnier Agreement**").

6. For the reasons set forth below, Bonnier objects to the proposed assumption and assignment of the Bonnier Agreement.

**OBJECTION TO PROPOSED ASSUMPTION AND ASSIGNMENT**

7. **The Bonnier Agreement Will Terminate on February 2, 2019**: The Bonnier Agreement shall terminate by its express terms on February 2, 2019, and therefore cannot be assumed and assigned as proposed by the Debtors in the Assumption Notice. Specifically, the current term of the Bonnier Agreement runs through February 2, 2019. The Debtors had an option to extend the current term for an additional 3-year period (from February 3, 2019 through January 29, 2022). To exercise such option, however, the Debtors were required to provide written notice to Bonnier on or before 120 days prior to the expiration of the current term. Such date occurred on October 5, 2018. The Debtors did not provide written notice to Bonnier seeking to extend the term of the Bonnier Agreement by the October 5, 2018 deadline. Accordingly, the Bonnier Agreement will terminate and expire by its express terms at the end of the current term: February 2, 2019.

8. It is well settled that nothing in the bankruptcy code prevents the termination of an executory contract under such contract's own cancellation provisions. *See In re New England Marine Servs.*, 174 B.R. 391, 397 (Bankr. E.D.N.Y. 1994) (internal citations omitted). Generally, if a contract expires before a debtor obtains an order authorizing assumption or rejection, any attempt to assume or reject the contract would be deemed moot. *See Gloria Mfg. Corp. v. Int'l Ladies' Garment Workers' Union*, 743 F.2d 1020, 1022 (4th Cir. 1984); *Counties Contracting & Constr. Co. v. Constitution Life*, 855 F.2d 1054, 10 (3rd Cir. 1988) ("A contract may not be assumed under § 365 if it has already expired according to its terms.") (citing 2 Collier on Bankruptcy ¶

3

365.04).

9. Under the circumstances, the Debtors proposed assumption of the Bonnier Agreement is inappropriate and moot.

10. **The Cure Amount Proposed by the Debtors is Incorrect**: Assuming, *arguendo*, that the Debtors could assume and assign the Bonnier Agreement (notwithstanding its termination on February 2, 2019), the cure amount proposed by the Debtors is not accurately identified in the Assumption Notice. Pursuant to the Assumption Notice, the Debtors list the proposed cure amount for the Bonnier Agreement at $0.00 (the "**Proposed Cure Amount**"), which amount is inconsistent with Bonnier's books and records.

11. In that regard, Bonnier disputes the Proposed Cure Amount. Bonnier asserts that the correct cure amount regarding the Bonnier Agreement is $288,250.89 plus any and all royalties due post-petition (the "**Correct Cure Amount**"). Bonnier filed a proof of claim with Prime Clerk on or about January 25, 2019 referencing the pre-petition amount currently owed by the Debtors.

12. In addition, the Debtors are obligated to: (a) demonstrate adequate assurance of future performance under the Bonnier Agreement by the proposed assignee, and (b) pay Bonnier for its attorneys' fees incurred in these proceedings, including the filing of this Objection, in an amount yet to be determined by the Court. To date, the Debtors have not provided the requisite adequate assurance of future performance to Bonnier.

13. Before the Debtors may assume any executory contracts, the Bankruptcy Code obligates the Debtors to either "cure" or provide adequate assurance that the Debtors will "promptly cure" all defaults. *See* 11 U.S.C. § 365(b)(1).

14. It is well established that a debtor cannot assume an executory contract unless the

4

debtor satisfies several statutory conditions designed to make the non-debtor contracting party whole. Specifically, a debtor must (a) cure all defaults, or provide adequate assurance that it will promptly cure such defaults; (b) compensate, or provide adequate assurance that the trustee or debtor-in-possession will promptly compensate, the non-debtor party to the contract for any actual monetary loss caused by the debtor's default; and (c) provide adequate assurance of future performance under the contract. *See* 11 U.S.C. § 365(b)(1)(A)-(C); *see also Regen Capital I, Inc. v Halperin (In re U. S. Wireless Data, Inc.)*, 547 F3d 484, 486 (2d Cir. 2008); *In re Steve & Barry's Manhattan LLC*, 2008 Bankr. LEXIS 4348, at 41 (Bankr. S.D.N.Y. 2008).

15. Further, a debtor is obligated to pay a counter-party to an executory contract for other charges, interest, and attorneys' fees incurred during a bankruptcy proceeding if the contract specifically provides for such recovery. *In re Trak Auto Corp.*, 277 B.R. at 669 (Court holding that where the debtor's agreement provides for the payment of counsel fees and late fees or interest, the court will uphold the terms of the contract) (citing *In re Shangra-La, Inc.*, 167 F.3d 843 (4th Cir. 1999)); *In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001).

16. Accordingly, the Correct Cure Amount asserted by Bonnier is owed by the Debtors under the terms of the Bonnier Agreement. Such amounts are commonly awarded by other bankruptcy courts, including cases reviewed in this District. Under the circumstances, such amount must be paid as part of the assumption and assignment process.

## RESERVATION OF RIGHTS

17. Bonnier reserves all rights, including without limitation, the right to supplement or amend this Objection; supplement the Correct Cure Amount with additional cure costs and fees allowable under the Bonnier Agreement and applicable law (including attorneys' fees of Bonnier's counsel); and raise further objections to the assumption and assignment of the Bonnier Agreement.

5

WHEREFORE, for the foregoing reasons, Bonnier respectfully requests that the Court enter an order consistent with this Objection, (a) denying the Debtors' proposed assumption and assignment of the Bonnier Agreement given that such agreement shall terminate pursuant to its terms on or about February 2, 2019, (b) alternatively, requiring a cure payment of **no less than $288,250.89 (plus all royalties due and owing post-petition)** for the Bonnier Agreement, (c) making clear that nothing in the order approving the assumption and assignment of the Bonnier Agreement (or any other order of this Court or related assignment agreement) will in any way amend, modify or supplement the obligations contained in the Bonnier Agreement (including, without limitation, that such agreement will terminate on or about February 2, 2019), (d) requiring the Debtors to provide to Bonnier adequate assurance of future performance by the proposed assignee, and (e) granting Bonnier such other and further relief as is just and appropriate under the circumstances.

Dated: January 26, 2019.

Respectfully submitted,

By: /s/ Dawn Kirby
Dawn Kirby, Esq.
Julie Cvek Curley, Esq.
DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR LLP
1 North Lexington Avenue
White Plains, NY  10601
T:  914-681-0200
dkirby@ddw-law.com

and

Jonathan L. Gold (PHV motion to be filed)
MICHAEL BEST & FRIEDRICH LLP
601 Pennsylvania Avenue, NW
Suite 700 South
Washington, DC 20004
T: (202) 747-9594
jlgold@michaelbest.com

*Counsel for Bonnier Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 26, 2019, an electronic copy of the Objection was filed using the Court's ECF System which caused electronic notification of filing to be served on all required parties via email upon the Bid Notice Parties the Buyer Parties and the Consultation Parties.

      /s/ Dawn Kirby
      Co-Counsel for Felix Calls, LLC