DELBELLO DONNELLAN WEINGARTEN      *Hearing Date: February 4, 20198*
WISE & WIEDERKEHR, LLP     *Hearing Time: 10:00 a.m.*
*Co-Counsel for Felix Calls, LLC*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.
Julie Cvek Curley, Esq.

and

MICHAEL BEST & FRIEDRICH LLP
*Co-Counsel for Felix Calls, LLC*
601 Pennsylvania Avenue, NW
Suite 700 South
Washington, DC 20004
(202) 747-9594
Jonathan L. Gold, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                   :       Chapter 11
                                                       :
SEARS HOLDINGS CORPORATION, *et al.*,    :       Case No. 18-23538 (RDD)
                                                       :
                                                       :       (Jointly Administered)
                Debtors.                         :
-----------------------------------------------------------x

**OBJECTION OF FELIX CALLS, LLC TO DEBTORS' PROPOSED
ASSUMPTION AND ASSIGNMENT OF THE FELIX CONTRACT, AS SET FORTH IN
THE DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT IN CONNECTION
WITH THE GLOBAL SALE TRANSACTION [DOCKET NO. 1731]**

       Felix Calls, LLC ("**Felix**"), by and through its undersigned counsel, hereby submits this objection ("**Objection**") with respect to the Debtors' *Notice of Assumption and Assignment in Connection with the Global Sale Transaction* [Docket No. 1731] ("**Assumption Notice**"). In support of the Objection, Felix respectfully represents as follows:

### BACKGROUND

       1.       On or about October 15, 2018 ("**Petition Date**"), Sears Holdings Corporation and

its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed voluntary bankruptcy petitions with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

2. The Debtors have continued to possess their property and have continued to operate and manage their businesses as debtors-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

3. On or about November 19, 2018, the Bankruptcy Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (the "**Global Bidding Procedures Order**") [Docket No. 816], approving global bidding and sale procedures (the "**Global Bidding Procedures**"), in connection with the sale or disposition of substantially all of the Debtors' assets (the "**Assets**"), among other relief.

4. On or about January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets (the "**Auction**"). In that regard, the Debtors determined that the offer submitted by Transform Holdco, LLC (the "**Successful Bidder**" or "**Buyer**"), established by ESL Investments, Inc. to acquire substantially all of the Global Assets, was the highest or best offer for the Global Assets (the "**Successful Bid**"). Upon information and belief, the Debtors executed an asset purchase agreement with the Buyer for purchase of the Acquired Assets (as defined in the Asset Purchase Agreement) dated January 17, 2019 (the "**Asset Purchase Agreement**," and the transaction effected thereby, the "**Global Asset Sale Transaction**").

5. On or about January 18, 2019, the Debtors selected certain executory contracts to assume and filed the Assumption Notice, which proposed to assume, among other contracts, the Master Advertiser Listing Agreement (the "**Felix Contract**") entered into with Felix on or about February 1, 2017.

2

6.      For the reasons set forth below, Felix objects to the proposed assumption and assignment to the extent that the Debtors have not, among other things, accurately represented the proposed amounts to cure existing defaults under the Felix Contract, as described below.

**OBJECTION TO PROPOSED SALE, ASSUMPTION AND ASSIGNMENT**

7.      Pursuant to the Assumption Notice, the Debtors list the proposed cure amount for the Felix Contract at $0.00 (the "**Proposed Cure Amount**"), which amount is inconsistent with Felix's books and records.

8.      In that regard, Felix disputes the Proposed Cure Amount. Felix asserts that the correct cure amount regarding the Felix Contract is $432,800.00 (the "**Correct Cure Amount**"). The Felix Contract and itemized statements containing the amounts related to the Correct Cure Amount are attached hereto and incorporated herein as **Exhibit 1**. Additionally, Felix filed three (3) proofs of claims referencing the amount currently owed by the Debtors. *See* Claims Nos. 3864, 4869, and 4906.

9.      In addition, the Debtors are obligated to: (a) demonstrate adequate assurance of future performance under the Felix Contract by the proposed assignee, and (b) pay Felix for its attorneys' fees incurred in these proceedings, including the filing of this Objection, in an amount yet to be determined by the Court. To date, the Debtors have not provided the requisite adequate assurance of future performance to Felix.

**ARGUMENT**

10.     Before the Debtors may assume any executory contracts, the Bankruptcy Code obligates the Debtors to either "cure" or provide adequate assurance that the Debtors will "promptly cure" all defaults. *See* 11 U.S.C. § 365(b)(1).

11.     It is well established that a debtor cannot assume an executory contract unless the

3

debtor satisfies several statutory conditions designed to make the non-debtor contracting party whole. Specifically, a debtor must (a) cure all defaults, or provide adequate assurance that it will promptly cure such defaults; (b) compensate, or provide adequate assurance that the trustee or debtor-in-possession will promptly compensate, the non-debtor party to the contract for any actual monetary loss caused by the debtor's default; and (c) provide adequate assurance of future performance under the contract. *See* 11 U.S.C. § 365(b)(1)(A)-(C); *see also Regen Capital I, Inc. v Halperin (In re U. S. Wireless Data, Inc.)*, 547 F3d 484, 486 (2d Cir. 2008); *In re Steve & Barry's Manhattan LLC*, 2008 Bankr. LEXIS 4348, at 41 (Bankr. S.D.N.Y. 2008).

12.    Further, a debtor is obligated to pay a counter-party to an executory contract for other charges, interest, and attorneys' fees incurred during a bankruptcy proceeding if the contract specifically provides for such recovery. *In re Trak Auto Corp.*, 277 B.R. at 669 (Court holding that where the debtor's agreement provides for the payment of counsel fees and late fees or interest, the court will uphold the terms of the contract) (citing *In re Shangra-La, Inc.*, 167 F.3d 843 (4th Cir. 1999)); *In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001).

13.    Accordingly, the Correct Cure Amount asserted by Felix is owed by the Debtors under the terms of the Felix Contract. Such amounts are commonly awarded by other bankruptcy courts, including cases reviewed in this District. Accordingly, such amount must be paid as part of the assumption and assignment process.

## RESERVATION OF RIGHTS

14.    Felix reserves all rights, including without limitation, the right to supplement or amend this Objection; supplement the Correct Cure Amount with additional cure costs and fees allowable under the Felix Contract and applicable law (including attorneys' fees of Felix's counsel); and raise further objections to the assumption and assignment of the Felix Contract.

4

WHEREFORE, for the foregoing reasons, Felix respectfully requests that the Court enter an order consistent with this Objection, (a) requiring a cure payment of **no less than $432,800.00** for the Felix Contract, (b) making clear that nothing in the order approving the assumption and assignment of the Felix Contract (or any other order of this Court or related assignment agreement) will in any way amend, modify or supplement the obligations contained in the Felix Contract, (c) requiring the Debtors to provide to Felix adequate assurance of future performance by the proposed assignee, and (d) granting Felix such other and further relief as is just and appropriate under the circumstances.

Dated: January 26, 2019
      White Plains, New York

Respectfully submitted,

By: _/s/ Dawn Kirby_
Dawn Kirby, Esq.
Julie Cvek Curley, Esq.
DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR LLP
1 North Lexington Avenue
White Plains, NY 10601
T: 914-681-0200
F: 914-684-0288
dkirby@ddw-law.com

and

Jonathan L. Gold (PHV motion to be filed)
MICHAEL BEST & FRIEDRICH LLP
601 Pennsylvania Avenue, NW
Suite 700 South
Washington, DC 20004
T: (202) 747-9594
F: (202) 347-1819
jlgold@michaelbest.com

*Counsel for Felix Calls, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 26, 2019, an electronic copy of the Objection was filed using the Court's ECF System which caused electronic notification of filing to be served on all required parties via email upon the Bid Notice Parties the Buyer Parties and the Consultation Parties.

                                                /s/ Dawn Kirby
                                                Co-Counsel for Felix Calls, LLC