JUDITH R. STARR
General Counsel
CHARLES L. FINKE
Deputy General Counsel
WILLIAM MCCARRON, JR.
GARTH D. WILSON
KELLY R. CUSICK
Assistant General Counsels
MICHAEL I. BAIRD
COURTNEY L. MORGAN
ERIN C. KIM
Attorneys
PENSION BENEFIT GUARANTY CORPORATION
Office of the General Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Telephone: (202) 326-4020, ext. 6222
Facsimile: (202) 326-4112
Emails: baird.michael@pbgc.gov *and* efile@pbgc.gov

− and −

Brian A. Raynor (*admitted pro hac vice*)
LOCKE LORD LLP
111 S. Wacker Drive
Chicago, Illinois 60606
Telephone: 312-443-0700
Facsimile: 312-443-0336
Email: braynor@lockelord.com

*Counsel to Pension Benefit Guaranty Corporation*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| In re: | ) | Chapter 11 |
|---|---|---|
|  | ) |  |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) | Case No. 18-23538 (RDD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531);

**OBJECTION AND RESERVATION OF RIGHTS OF
PENSION BENEFIT GUARANTY CORPORATION TO DEBTORS'
NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN
CONNECTION WITH GLOBAL SALE TRANSACTION**

Pension Benefit Guaranty Corporation ("PBGC") hereby files its objection and reservation of rights ("Objection") to the notice filed by the debtors and debtors in possession (the "Debtors") of cure costs and potential assumption and assignment of executory contracts and unexpired leases in connection with the proposed Global Sale Transaction (the "Cure Notice") (D.I. 1731). In support of this Objection, PBGC respectfully states as follows:

### I.    BACKGROUND

1. On November 19, 2018, the Court entered the Order Approving Global Bidding Procedures and Granting Related Relief (D.I. 816) (the "Global Bidding Procedures Order").[2]

2. On January 18, 2019, the Debtors filed the Successful Bidder Notice, which, among other things, announced that the Debtors determined that the offer submitted by Transform Holdco, LLC (the "Buyer"), established by ESL Investments, Inc., to acquire all or substantially all of the Global Assets, was the highest or best offer for the Global Assets.

3. On January 18, 2019, the Debtors filed the Cure Notice. Exhibit A to the Cure Notice identifies several license agreements (the "License Agreements") between KCD IP, LLC ("KCD"), a non-Debtor subsidiary of Debtor Sears Holdings Corporation ("SHC"), and several of the Debtors. *See* Cure Notice, Exhibit A, at 168-69, lines 4028-4042. Although unclear in the

---

Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Global Bidding Procedures Order.

2

Cure Notice, it appears that the Debtors are proposing an aggregate cure amount for all such contracts in the amount of $0 (the "Proposed Cure Amount").

## II.    OBJECTION

4. PBGC objects to the Proposed Cure Amount. The Debtors, in their Cash Management Motion,[3] stated the following:[4]

- "... KCD, which holds a substantial portion of the Company's IP, receives cash from other Company entities in exchange for use of its IP. The Debtors do not intend to effect Intercompany Transactions with respect to KCD." *See Cash Management Motion,* ¶ 26.

- "…all Intercompany Company Claims of a non-Debtor against a Debtor that arise after the Commencement Date should be accorded administrative expense priority pursuant to sections 503(b)(1) and 364(b) of the Bankruptcy Code, junior in all respects to the administrative expense priority claims granted pursuant to the DIP Orders.'' *Id.*, ¶ 45.

5. KCD, by the Debtors' admission, has administrative expense claims against the Debtor-licensee parties due to the non-payment of royalties to KCD during these chapter 11 cases. On information and belief, PBGC has reason to believe KCD has accrued at least $86 million in administrative expense claims, which figure should continue to grow (the "True Cure Amount").

6. With these circumstances, PBGC does not understand why the Debtors assert that the Proposed Cure Amount is $0. Whatever the circumstances, to date, KCD has not objected to this Proposed Cure Amount. This failure to object is highly prejudicial to PBGC, as PBGC has joint and several claims against each of the Debtors and KCD in the estimated amount of $1,737,500,000. In light of these circumstances, PBGC objects to the Proposed Cure Amount.

---

[3] *Motion of Debtors for Authority to (I) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms (II) Implement Ordinary Course Changes to Cash Management System, (III) Continue Intercompany Transactions, and (IV) Provide Administrative Expense Priority for Postpetition Claims and Related Relief* ("Cash Management Motion") (D.I. 5).

[4] Any capitalized terms used but not defined herein shall have the meaning provided in the Cash Management Motion.

3

7.     Section 365(b) allows a debtor to assume and assign a lease or other executory contract *only if* "at the time of assumption of such contract or lease, the [debtor] . . . compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default." 11 U.S.C. § 365(b)(1)(B).  Therefore, KCD is entitled to receive the True Cure Amount if the License Agreements are to be assumed and assigned as part of the Debtors' proposed Global Sale Transaction.

### III.     RESERVATION OF RIGHTS

8.     PBGC reserves the right to amend and/or supplement this Objection and to raise other and further objections with respect to the Debtors' proposed Global Sale Transaction and the Cure Notice.  PBGC further reserves the right to take discovery with respect to these matters, to the extent that the Debtors move forward with the assumption or assumption and assignment of the License Agreements.

9.     Moreover, PBGC is still investigating the amounts owing to KCD under the License Agreements, and because this reconciliation is still ongoing, PBGC reserves the right to amend and/or supplement this Objection to claim any additional amounts it discovers owing, or which are continuing to accrue, to KCD under the License Agreements and to which KCD is entitled in order to cure the Debtors' default.  Finally, PBGC reserves the right to object based on the Debtors' inability to provide adequate assurance of future performance on the part of the Debtors and/or any proposed assignee as required by section 365(f)(2) of the Bankruptcy Code if and when the Debtors provide such information.

[remainder of page intentionally left blank]

### IV. CONCLUSION

For the foregoing reasons, PBGC objects to the Cure Notice and reserves its rights, as set forth herein.

DATED: January 26, 2019
Washington, D.C.

Respectfully submitted,

By: /s/ Michael Baird
JUDITH R. STARR
General Counsel
CHARLES L. FINKE
Deputy General Counsel
WILLIAM MCCARRON, JR.
GARTH D. WILSON
KELLY R. CUSICK
Assistant General Counsels
MICHAEL I. BAIRD
COURTNEY L. MORGAN
ERIN C. KIM
Attorneys
Office of the General Counsel
PENSION BENEFIT GUARANTY CORPORATION
1200 K Street, N.W.
Washington, D.C. 20005
(202) 326-4020 ext. 6222
(202) 326-4112 (fax)
baird.michael@pbgc.gov and efile@pbgc.gov

− and −

Brian A. Raynor (*admitted pro hac vice*)
LOCKE LORD LLP
111 S. Wacker Drive
Chicago, Illinois 60606
Telephone: 312-443-0700
Facsimile: 312-443-0336
Email: braynor@lockelord.com

*Counsel to Pension Benefit Guaranty Corporation*