John C. Allerding, Esq.
(*Pro hac vice*)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Telephone: 216.566.5500
Facsimile: 216.566.5800
Email: John.Allerding@ThompsonHine.com

*Counsel for Luxottica Retail North America Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.* | Case No. 18-23538-RDD |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF LUXOTTICA RETAIL NORTH AMERICA INC. TO DEBTORS' PROPOSED ORDER (I) APPROVING THE ASSET PURCHASE AGREEMENT AMONG SELLERS AND BUYER (II) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES IN CONNECTION THEREWITH AND <u>(IV) GRANTING RELATED RELIEF</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings, Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holding Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Product, Inc.(8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365) (collectively, the "<u>Debtors</u>"). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Luxottica Retail North America Inc. ("**Luxottica**") hereby files this limited objection and reservation of rights (the "**Objection**") with respect to the Sale Motion (ECF No. 429) (the "Sale **Motion**") and the proposed sale order (the "**Proposed Sale Order**") attached as Exhibit B to the Debtors' *Notice of Successful Bidder and Sale Hearing* (ECF No. 1730) (the "**Notice of Successful Bidder**").

## **BACKGROUND**

1.      On or around May 31, 2015, Sears, Roebuck and Co. ("**Sears**") and Luxottica entered into a license agreement (as amended from time to time, the "**License Agreement**") pursuant to which Sears granted Luxottica a license to operate an optical goods and services business (Sears Optical) within certain Sears' store locations.[2] License Agreement, § 1.1.

2.      Throughout the course of their relationship, Luxottica and Sears (and/or the other Debtors) entered into a series of other agreements centered around the License Agreement and the business conducted pursuant thereto.

3.      On October 15, 2018 (the "**Petition Date**"), the Debtors filed for protection under chapter 11 of title 11 of the United States Code.

4.      On that same date, the Debtors filed their *Debtors' Motion for Authority to (A) Obtain Post Petition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties, and (D) Schedule Second Interim Hearing and Final Hearing* (ECF No. 7) (the "**Senior DIP Financing Motion**") requesting authorization to incur certain senior secured post-petition indebtedness.

---

[2] The License Agreement includes a confidentiality provision that permits disclosure of its terms only in limited circumstances. While those circumstances exist here, permitted disclosure is limited to that which is necessary under those circumstances. As a result, Luxottica has summarized only the necessary terms of the License Agreement and has not attached the License Agreement to this Objection. Luxottica will work with Sears to determine the most appropriate way to provide the Court with a copy of the License Agreement for its review in connection with this Objection.

5.      On November 1, 2018, the Debtors filed their *Motion for Approval of Global Bidding Procedures* (ECF No. 429) seeking, *inter alia*, procedures for the assumption and assignment of certain executory contracts and unexpired leases.

6.      On November 15, 2018, Luxottica filed an Objection to Debtor's Senior DIP Financing Motion (ECF No. 757) (the "**Senior DIP Financing Objection**").

7.      On November 19, 2018, the Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (ECF No. 816), approving the bidding and sale procedures applicable to the Debtors' executory contracts and unexpired leases.

8.      On November 25, 2018, the Debtors filed their *Supplemental Motion for Authority to (i) Obtain Junior Postpetition Financing; and (ii) Schedule Final Hearing* (ECF. No. 872) (the "**Junior DIP Financing Motion**") requesting authorization to incur certain additional secured post-petition indebtedness..

9.      On November 30, 2018, this Court entered its *Final Order (i) Authorizing the Debtors to (a) Obtain Post-Petition Financing, (b) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (c) Utilize Cash Collateral; (ii) Granting Adequate Protection to the Prepetition Secured Parties; (iii) Modifying the Automatic Stay; and (iv) Granting Related Relief* (ECF No. 955) (the "**Senior DIP Financing Order**"). With respect to Luxottica's Senior DIP Financing Objection, the Senior DIP Financing Order provided:

> At the time of submission of this Order, the Debtors, the DIP Agents and Luxottica Retail North America, Inc. ("Luxottica") are continuing to formulate language addressing the issues raised by Luxottica's objection (ECF No. 757) (the "Luxottica Objection"). If the Debtors, the DIP Agents and Luxottica reach an agreement on that language, the Debtors will file a stipulation with the Bankruptcy Court, which stipulation shall govern to the extent of any inconsistency with this order. If the Debtors, the DIP Agents and Luxottica cannot agree on such language, the parties will request a hearing before the Bankruptcy Court. Neither the entry of

this Order nor the passage of time shall prejudice the Luxottica Objection in any way. In addition, neither the entry of this Order nor the passage of time shall prejudice Luxottica's right to argue that an agreement resolving the Luxottica Objection was reached, and further shall not prejudice Luxottica's ability to enforce the terms of such agreement; provided that the Debtors' and the DIP Agents' rights to object to the same shall be preserved in every respect.

Senior DIP Financing Order, ¶ 67.

10.     On December 14, 2018, Luxottica filed its *Objection to Debtors' Supplemental Motion for Authority to (i) Obtain Junior Postpetition Financing; and (ii) Schedule Final Hearing* (ECF. No. 1234) (collectively with the Senior DIP Financing Objection, the "**DIP Financing Objections**").

11.     On December 28, 2018, the Court entered its *Final Junior DIP Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Grant Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* (ECF No. 1436) (the "**Junior DIP Order**"). The Junior DIP Order resolved Luxottica's DIP Financing Objections and granted Luxottica a number of protections, including without limitation (i) the establishment of a segregated reserve account (the "**Segregated Account**") in which the Debtors were required to hold Post-Petition License Funds[3] in which neither the Debtors nor their creditors held an interest; and (ii) to the extent the Court determined that (a) any unremitted Post-Petition License Funds are not property of the Debtors' estates and (b) such funds were paid over to the DIP Lenders upon the final repayment of the DIP Financing, Luxottica was granted a first priority interest in such funds and the DIP ABL Lenders or the Junior DIP Lenders were required to turn over the funds to Luxottica.[4]

---

[3] As used herein, the term "**Post-Petition License Funds**" shall have the meaning ascribed to such term in the Junior DIP Order.

[4] As used herein, the terms "**DIP ABL Lenders**" and "**Junior DIP Lenders**" shall have the meaning respectively ascribed to such terms in the Junior DIP Order.

4

12.     On January 14, 2019, the Debtors commenced an auction for the sale of substantially all of their assets – including certain executory contracts and unexpired leases to be identified at a later date. Transform Holdco, LLC ("**Buyer**") was determined to have submitted the highest and best offer for such assets. Notice of Successful Bidder, ¶ 4.

13.     On January 18, 2019, the Debtors filed their *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* (ECF No. 1731) (the "**Notice of Cure Costs**") identifying (i) certain agreements with Luxottica that may be assumed by the Debtors and assigned to the Buyer; and (ii) the Debtors' alleged cure costs with respect thereto.

14.     On January 23, 2019, Debtors filed their *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* (ECF No. 1774) (the "**Supplemental Notice of Cure Costs**," and collectively with the Notice of Cure Costs, the "**Cure Notices**") identifying (i) additional agreements[5] with Luxottica that may be assumed by the Debtors and assigned to the Buyer; and (ii) the Debtors' alleged cure costs with respect thereto.

15.     On January 25, 2019, Luxottica filed its *Objection to Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1882) (as supplemented, the "**Cure Objection**"), pursuant to which it objected to the Cure Notices on the grounds that (i) the Cure Notices did not accurately reflect the amounts necessary to cure the Debtors' prepetition default with respect to the Contracts; and (ii) Luxottica was not provided with adequate assurance of the

---

[5] The agreements between one or more of the Debtors and Luxottica that are identified on the Cure Notices are collectively referred to herein as the "**Contracts**," each being a "**Contract**").

Buyer's ability to adequately perform its obligations under the Contracts. Luxottica also reserved its right to modify, supplement and/or amend the Objection.

16.     Concurrently herewith, Luxottica filed its *Supplemental Objection to Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* in which it further identified the bases for its Cure Objection.

## BASIS FOR THE LIMITED OBJECTION

17.     Luxottica does not generally object to the terms of the proposed sale to the Buyer.

18.     Luxottica does object, however, to the entry of the Proposed Sale Order to the extent that such order amends, releases, waives, or otherwise affects any of Luxottica's rights under any of the Contracts and/or the Junior DIP Order prior to the assumption of the Contracts and the Debtors' satisfaction all of the requirements for assumption as set forth in 11 U.S.C. § 365(b) – including without limitation the full payment of the amounts set forth in the Cure Objection.

19.     To the extent that any one or more of the Contracts is not assumed, Luxottica further objects to the entry of the Proposed Sale Order to the extent that such order amends, releases, waives or otherwise affects any of Luxottica's rights of set off, recoupment, or any other legal rights that may exist in law or equity with respect to such unassumed Contract(s).

## RESERVATION OF RIGHTS

20.     Luxottica reserves the right modify, further supplement and/or amend this Objection as further information becomes available to it or to assert additional bases for such Objection.

Respectfully submitted,

**THOMPSON HINE LLP**

Dated:    January 26, 2019          /s/ John C. Allerding
          Cleveland, Ohio             John C. Allerding (OH Bar No. 0087025)
                              (*Pro Hac Vice*)
                    3900 Key Center, 127 Public Square
                    Cleveland, Ohio 44114-1291
                    T: 216.566.5500 / F:  216.566.5800
                    John.Allerding@ThompsonHine.com

                    *Counsel for Luxottica Retail North America Inc.*