FERRAIUOLI LLC
390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001
Email: scolon@ferraiuoli.com
Email: gchico@ferraiuoli.com

Counsels for *Santa Rosa Mall, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**STANDING OBJECTION TO GLOBAL ASSET SALE TRANSACTION**
(Related Docket No. 1730)

TO THE HONORABLE COURT:

COMES NOW Santa Rosa Mall, LLC ("Santa Rosa Mall"), and respectfully states and prays as follows:

Factual and Procedural Background

1. Santa Rosa Mall is a shopping mall located in Bayamon, Puerto Rico.

2. Pursuant to a *Lease Agreement* executed by Santa Rosa Mall and Sears, Roebuck of Puerto Rico, Inc. ("Sears") on September 22, 1965, Sears leases from Santa Rosa Mall its anchor store ("Store No. 1915" or the "Demised Premises"). We attach the *Lease Agreement* as **Exhibit I**.

3. Sears has operated Store No. 1915 at Santa Rosa Mall since 1965 until the passing of Hurricane Maria on September 20, 2017. The Court may take judicial notice of the passing of Hurricane Maria, as well as its trajectory and aftermath under Fed. R. Evid. 201.

4. At the time of this massive windstorm, Sears was insured by AIG Europe Limited ("AIG") under Policy No. PTNAM1701557 (the "*Insurance Policy*"). See *Certificate of Property Insurance*

-1-

attached hereto as **Exhibit II**. The limit of such *Insurance Policy* is of <u>$50,000,000</u>. Id.

5. Under the "Additional Remarks Schedule" of such *Certificate*, "**Santa Rosa Mall LLC … [is] included as <u>Loss Payee</u>** in accordance with the policy provisions of the Property policy with respect to the property located at the above referenced location", referring to "Sears Store No. 1915 – Santa Rosa Mall, Bayamon, PR". Id. (emphasis and underline added).

6. Section 6.03(b) of the *Lease Agreement* requires that in the event of damage by windstorm or any other casualty to the Demised Premises in an amount over $100,000, Sears to "proceed **with all reasonable expedition to restore or rebuild**, as the case may be, the building so destroyed or rendered untenantable, free from liens of any kind, in substantial accordance with the plans and specifications of the building so destroyed or rendered untenantable…". *Lease Agreement*, **Exhibit I**, § 6.03(b)(2), p. 28 (emphasis added).

7. In regard to the insurance proceeds, Section 6.03(b)(3) of the *Lease Agreement* mandates as follows:

> **The net sums recovered by [Santa Rosa Mall] and·[Sears] on account of loss or damage whether under the policies taken out as aforesaid, or under other <u>insurance policies</u>** taken·out by [Sears] and indemnifying for <u>physical loss</u> (as distinguished from the loss of use and occupancy. or profits), **shall by <u>deposited in a special account in the name of [Santa Rosa Mall]</u> separate and distinct from all other funds of [Santa Rosa Mall] <u>in a bank or trust company of the City of San Juan, Puerto Rico, approved by [Santa Rosa Mall] and [Sears]</u> to be applied on account of the cost of such restoration or rebuilding**, as the case may be, as the work of restoration or rebuilding progresses, and [Sears] shall pay any and all additional moneys required in such restoration or rebuilding in excess of said net sums recovered, and shall be entitled to receive any surplus, if any, remaining of said deposit after such restoration .. or rebuilding has been completed as aforesaid, provided, however, that should the aforesaid damage by fire or other casualty occur within the last three years of the initial term or any extended term this lease, [Sears] shall have the option to surrender the proceeds of any insurance to [Santa Rosa Mall] and vacate the premises.

*Lease Agreement*, **Exhibit I**, § 6.03(b)(3), pp. 28-29 (emphasis and underline added). The deposit of the insurance proceeds in a separate account is essential and Section 6.03(d) explains its

importance:

> If [Sears] does not commence promptly to repair or restore the injury or destruction, or if, having commenced the repair or restoration, [Sears] does not proceed diligently to complete the same, [Santa Rosa Mall] shall be entitled (but shall be under no obligation) at any time thereafter to enter the Demised Premises and repair or restore the injury or destruction and to apply any insurance proceeds in the said special account to the payment of the cost thereof; but if the insurance proceeds are insufficient for the cost of the repair, restoration or reconstruction, [Sears] shall pay to [Santa Rosa Mall], upon demand and as additional rent as the work progresses; such amounts as shall be necessary to complete the repair, restoration or reconstruction.

Id., § 6.03(d), p. 29.

8. On October 15, 2018, Sears filed the instant Chapter 11 bankruptcy petition (Docket No. 1). As of today, the *Lease Agreement* has not been rejected or assumed. See Santa Rosa Mall's *Motion for Reconsideration* (Docket No. 937) and *Amended Motion for Reconsideration* (Docket No. 1189).

9. On November 1, 2018, Sears filed a *Motion for Approval of Global Bidding Procedures* (the "*Global Bidding Procedures Motion*", Docket No. 429) in connection with a sale or disposition of certain assets of Sears and its debtor affiliates (the "*Global Bidding Procedures*").

10. On November 16, 2018, the Court entered an *Order* (the "*Order*", Docket No. 776) granting the *Motion for Extension of Time*, thereby extending the time to assume or reject unexpired leases until May 13, 2019.

11. On November 19, 2018, the Court entered an *Order Approving Global Bidding Procedures and Granting Related Relief* (the "*Global Bidding Procedures Order*", Docket No. 816) regarding the sale/disposition of certain assets, scheduling auctions and hearings for approval of proposed sale transactions and approving the procedures for the assumption and assignment of executory contract or unexpired non-residential lease.

12. On November 21, 2018, Sears filed a *Notice of Filing of Global Bidding Procedures Process Letter* (the "*Process Letter*", Docket No. 862) soliciting bids for all or some of Sears' stores and related assets identified as "Go Forward Stores", either on a going concern basis or on a liquidation basis.

Pursuant to the asset schedule attached thereto, Sears identified Santa Rosa Mall as a "Go Forward Store". Id., p. 43, line no. 381.

13. On December 20, 2018, Santa Rosa Mall filed a *Motion for Entry of Order for the Debtor to: (i) Disclose Status of Insurance Claim; (ii) Deposit Any Insurance Proceed into Separate Account to be Used Exclusively to Repair the Insured Demised Premises; and (iii) Alternatively, Find the Automatic Stay Inapplicable to the Insurance Proceeds* (the "*Motion to Compel Insurance Proceeds*", Docket No. 1240) for the Court to determine that the insurance proceeds are not part of the bankruptcy estate and must be exclusively applied to the restoration or rebuilding of the Demised Premises in accordance to the *Lease Agreement*. A hearing to consider the *Motion to Compel Insurance Proceeds* is scheduled for on February 14, 2018 (Docket No. 1363).

14. On January 14, 2019, Sears commenced an Auction for the assets identified as "Go Forward Stores" in connection with the *Global Bidding Procedure* Order. See Docket No. 816, p. 32; Docket No. 1730, p. 2, ¶ 4.

15. On January 18, 2019, Sears filed a *Notice of Successful Bidder and Sale Hearing* (Docket No. 1730). Attached thereto as Exhibit A (Docket No. 1730) is a copy of the *Asset Purchase Agreement* ("*Asset Purchase Agreement*") executed by and between Sears and Transform Holdco LLC (the "Buyer"), for the purchase of the *Acquired Assets*, as defined therein, on January 17, 2019. Id. at p. 2, ¶ 4. A hearing to consider approval of the sale of the Global Assets to the Buyer free and clear of liens, claims, encumbrances and other interests is scheduled for February 4, 2019 at 10:00 a.m. (the "Sale Hearing"). Id. at p. 3, ¶ 7.

16. Pursuant to the *Asset Purchase Agreement,* Sears shall sell, transfer, assign, convey and deliver, or cause to be sold, transferred, assigned, conveyed and delivered, to the Buyer or an applicable Assignee, all right, title and interest of Sears, in, to, or under all assets, properties and rights related to the business other than excluded assets (collectively, the "*Acquired Assets*") free and clear of any and all encumbrances of any kind, nature or description and any claims. See Docket No. 1730, § 2.1. p. 55.

17. *Acquired Assets* include, *inter alia*, all real property rights and all other rights and interests of the tenant under a Lease (the "*Acquired Lease Rights*") that is assumed by Sears and assigned to the Buyer pursuant to the terms of the *Asset Purchase Agreement* (the "*Acquired Lease*"). Id. at § 1.1, p. 23. A "Lease" is defined, collectively, as the "Initial Assigned Leases," *inter alia*. Id. at § 1.1, p. 41. In turn, the *Initial Assigned Leases* are those proposed to be assigned to Buyer or assumed by Sears and assigned to Buyer (the "Potential Transferred Agreements"). Id. at § 2.7(a)-(b), p. 45-46. *Acquired Assets* is further defined as including those agreements or leases proposed to be assigned to the Buyer or assumed by Sears and assigned to the Buyer (the "*Assigned Agreements*" or the "*Initial Assigned Agreements*"). Id. at § 2.1. p. 55, and § 2.7(a)-(b), pp. 65-66.

18. Additionally, *Acquired Assets* was defined to include:

> **any and all insurance proceeds**, warranty proceeds, condemnation awards or other compensation **in respect of loss or damage to** [] **any Acquired Asset** (and any right or claim of [Sears] to any such proceeds, awards or other compensation), **in each case**, to the extent **relating to a casualty occurring prior to**, on, or after **the Asset Purchase Agreement date**, and whether received prior to, on, or after the Closing Date, **in an aggregate amount not to exceed $13,000,000**.

Id. at § 2.1(q), p. 57 (emphasis and underline added).

19. In turn, the Buyer, or an applicable Assignee, shall assume, as of the closing of the sale, transfer, assignment, conveyance and delivery of Sears' right, title and interest in, to, and under the *Acquired Assets*, and shall timely perform and discharge certain of Sears' liabilities (collectively, the "*Assumed Liabilities*") with respect to such *Acquired Assets*. Id. at § 2.3, p. 39.

20. *Assumed Liabilities* include, *inter alia,* all liabilities of Sears or any of its subsidiaries "arising out of the ownership of the *Acquired Assets* or operation of the Business or the *Acquired Assets* on or after the Closing Date that are Related to any *Acquired Asset*", and all amounts payable in order to cure any monetary defaults required to be cured under section 365(b)(1) of the Bankruptcy Code or otherwise to effectuate the assumption of the *Assigned Agreements* (the "Cure Costs") solely with respect to the *Assigned Agreements*. Id. at § 2.3(a) and (g), pp. 59 and 60, respectively. This may potentially include Store No. 1915, if the Lease is assumed by the Buyer or assumed by Sears and assigned to the Buyer.

21. Also on January 18, 2019, Sears filed with the Court a *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transactions* (the "*Notice of Cure Costs*", Docket No. 1731). Each of the unexpired nonresidential leases included in the Successful Bid that may be assumed and assigned are set forth in Exhibit "B" thereto. The *Notice of Cure Costs* proposes a cure amount of $30,500.00, for Santa Rosa Mall. Id. at p. 336, line 116.

22. On January 23, 2019, Sears filed with the Court a *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "*Supplemental Notice of Cure Costs*", Docket No. 1774). In Exhibit "B-2" thereto, Sears included revised cure amounts for leases included in the *Notice of Cure Costs*. The *Supplemental Notice of Cure Costs* amended the proposed cure amount to a blank amount for Santa Rosa Mall. Id. at p. 61, line 116.

Discussion

23. We incorporate herein by reference our *Motion to Compel Insurance Proceeds* (Docket No. 1240) as if fully transcribed herein.

24. As a loss payee under the *Insurance Policy*, Santa Rosa is entitled to the totality of the insurance proceeds for the damages of Store No. 1915 under Policy No. PTNAM1701557. See *Certificate of Property Insurance*, **Exhibit II**. The coverage limit of the *Insurance Policy* for Store No. 1915 is $50,000,000 (id.), not $13,000,000. Sears cannot cap the damages sustained by Store No. 1915 through an agreement with the Buyer especially when Santa Rosa Mall, as loss payee, has been excluded and kept in the dark of such negotiations in spite of its numerous requests to participate in the insurance negotiations and has repeatedly inquired of the status of the insurance claim since the passage of Hurricane Maria over a year ago. See Santa Rosa Mall's *Motion to Compel Insurance Proceeds* (Docket No. 1240).

25. It seems as though Sears, the Buyer and the Insurance Company have globally settled among themselves the all insurance claims of all stores, without any disclosure, and are globally capping coverage across the board for all stores alike, including Store No. 1915, without taking into account the

damages for each individual store and the individual coverage afforded under each insurance policy.

26.  While Santa Rosa Mall does not categorically oppose the entirety of the sale of the Sears' assets, for the foregoing reasons it cannot acquiesce to the sale with the proposed $13M cap.

27.  Santa Rosa Mall submits the foregoing standing objection until Sears includes language that does not limit the agreements and total coverage reached under the *Insurance Policy*.

Prayer for Relief

WHEREFORE, Santa Rosa Mall respectfully requests the Court enter an Order sustaining Santa Rosa Mall's standing objection regarding the proposed *Global Asset Sale Transaction* (Docket No. 1730) for the foregoing reasons and/or any other proposal that contains a similar treatment that may affect or cap the insurance coverage for Store No. 1915 below the one afforded under the *Insurance Policy* and grant any other relief it deems fair and equitable.

Respectfully submitted.
Orlando, Florida.
Dated: January 26, 2018.

**Ferraiuoli** LLC

390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Phone: (407) 982-7310
Fax: (787) 766-7001

-and-

221 Ponce de León Avenue
5th Floor, San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

*/s/ Sonia E. Colon Colon*
Sonia E. Colón Colón
Admitted *Pro Hac Vice*
USDC-PR No. 213809
scolon@ferraiuoli.com

*/s/ Gustavo A. Chico-Barris*
Gustavo A. Chico-Barris
USDC-SDNY No. 929147
gchico@ferraiuoli.com

Attorneys for
*Santa Rosa Mall, LLC*