Stephen V. Falanga
Colleen M. Maker
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, NJ 07102
Tel.: (973) 757-1100

*Counsel to Schindler Elevator Corporation*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD) |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SCHINDLER ELEVATOR CORPORATION TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION

Schindler Elevator Corporation ("Schindler"), creditor of the above-captioned debtors (collectively, the "Debtors"), by and through its attorneys, files this Limited Objection and Reservation of Rights (the "Cure Objection") to the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction ("Notice of Potential Assumption and Assignment"), with respect to the cure obligations proposed by the Debtors in the Notice of Potential Assumption and Assignment. In support of its objection, Schindler states as follows:

1.      Schindler and several of the Debtors are parties to a number of pre-petition contracts, including but not limited to a certain Master Service Agreement, dated as of April 20,

---

[1] A complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/sears/.

2012, as amended, (the "MSA") for maintenance and repair services for vertical transportation equipment at certain locations of the Debtors nationwide (collectively, the "Schindler Agreements").

2.    The Notice of Potential Assumption and Assignment lists 24 contracts with Schindler as executory contracts that may be assumed and assigned to the purchaser in connection with the Global Sale Transaction, including the MSA (the "Schindler Executory Contracts").

3.    Schindler does not object to the Debtors' assumption of the Schindler Executory Contracts, but files this limited objection as a reservation of rights with respect to the Debtors' proposed cure obligations and to clarify its position on the record.

4.    The Debtors list a cure amount for the MSA of $2,510,064 and amounts of "0.00" for the remaining contracts listed for work at various locations.  In addition to monthly maintenance recurring charges there are numerous additional services provided pursuant to the MSA that are separately invoiced. In addition, Schindler provides a number of additional services and work, including new installations and various fixed-price renovations that are also billed separately from the MSA charges.

5.    Schindler does not have a breakdown of how the Debtors arrived at $2,510.064 for the cure amount due under the MSA and the 0.00 cure amounts for the remaining contracts Schindler.

6.    On January 24, 2019, through counsel, Schindler was advised that given the timing and number of possible objections and requests the Debtors will provide a breakdown if there is a discrepancy in the Debtors' proposed amounts.

7.    Due to the multitude of contracts between the Debtors and Schindler, including both the Schindler Executory Contracts and the Schindler Agreements generally, Schindler cannot

reconcile these proposed cure amounts without further information from the Debtors as to how the amounts were arrived upon.

8.    Upon receipt of the Debtors' breakdown of the proposed cure amounts, Schindler will promptly complete its review of all the contracts listed to ascertain cure amounts for each contract on the Notice of Potential Assumption and Assignment.

9.    Schindler reserves all of its rights, claims, and defenses related to its claim against the Debtors, and Schindler reserves the right to submit additional amounts that it may be owed by the Debtors under the Schindler Executory Contracts that may accrue prior to the date of assumption and assignment.

Wherefore, Schindler Elevator Corporation respectfully requests that the Court enter an Order with respect to the Debtors' cure obligations related to the Schindler Executory Contracts, that such Order: (1) direct the Debtors to pay Schindler as a cure amount all sums due and owing, plus any and all arrearages that may arise under any of the Schindler Agreements and to provide Schindler adequate assurance of future performance, and (2) grant Schindler such other and further relief the Court deems just and proper under the circumstances.

Dated: January 26, 2019
New York, New York

_s/ Stephen V. Falanga_
Stephen V. Falanga
Colleen M. Maker
WALSH PIZZI O'REILLY FALANGA LLP
1037 Raymond Blvd., Ste 600
Newark, New Jersey 07102
sfalanga@walsh.law
cmaker@walsh.law
Telephone: (973) 757-1100