Kimberly A. Posin (*pro hac vice* pending)
Annemarie V. Reilly
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

Counsel to Extreme Networks, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SEARS HOLDINGS CORPORATION**, et al., | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**OBJECTION AND RESERVATION OF RIGHTS OF EXTREME NETWORKS, INC.**
**TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT**
**OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH**
**THE GLOBAL SALE TRANSACTION**

Extreme Networks, Inc. ("Extreme Networks"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Cure Notice").  In support of this Objection, Extreme Networks respectfully states as follows:

**OBJECTION**

1. On and after October 15, 2018, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket No. 816], which contemplates a process for, among other things, the assumption and assignment of the Debtors' executory contracts and unexpired leases.

3. On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] announcing that the offer submitted by Transform Holdco, LLC (the "Buyer") was the highest or best offer that the Debtors had received.

4. On January 18, 2019, the Debtors also filed the Cure Notice. Exhibit A to the Cure Notice identifies two contracts with Extreme Networks: (1) "Member Tech – Extreme Networks Master Services Agreement 2011" (the "MSA"), with a cure amount of $995,413 (the "Proposed Cure Amount") and (2) "Member Tech – Extreme Networks Statement of Work 04 to Master Services Agreement" (the "SOW"), with a cure amount of $0. *See* Cure Notice, Exhibit A, Nos. 2775 and 2776.

5. The initial term of the SOW expires in November 2019. The SOW explicitly states that it is "part of and is incorporated into" the MSA and requires Extreme Networks to provide the following services in connection with the specifications included in the SOW: (a) managed infrastructure services, (b) managed security services, (c) managed guest wi-fi services, including management of DSL connection, and (d) life cycle management maintenance and system support. As the SOW is a part of the MSA, it is not a viable standalone contract without reference to and incorporation of the terms set forth in the MSA.

6. Extreme Networks objects to the Cure Notice on two grounds. First, Extreme Networks objects to the extent the Buyer seeks to take assignment of the SOW without also taking assignment of the MSA. Because the SOW depends upon the terms of the MSA and is

incorporated therein, the Buyer may not take assignment of the SOW without also taking assignment of the MSA.

7.      Second, Extreme Networks objects to the Proposed Cure Amount. Based on Extreme Networks' books and records, the cure amount relating to the assumption and assignment of the MSA (with or without the SOW) is $1,031,091.27 (including any additional amounts that accrue under the MSA on an ongoing basis in advance of any assignment, the "Actual Cure Amount"). In order to assume and assign the MSA (or the MSA and the SOW) to the Buyer, the Debtors or the Buyer must cure all defaults, including the payment of the Actual Cure Amount. *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in the executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default . . . "); *see also Eastern Airlines Inc. v. Ins. Co. of the State of Pa. (In re Ionosphere Clubs, Inc.)*, 85 F.3d 992, 999 (2d Cir. 1996) (citations omitted) (contracting parties must receive the full benefit of their bargain if they are forced to continue performance). Accordingly, Extreme Networks objects to the Cure Notice and to the entry of any Order approving the assumption and assignment of the MSA (or the MSA and the SOW) without payment of the Actual Cure Amount.

## **RESERVATION OF RIGHTS**

8.      The limited adequate assurance information that has been provided by the Debtors to date is insufficient and Extreme Networks reserves all rights and arguments in connection with the Buyer's ability to provide adequate assurance of future performance pursuant to the MSA (or the MSA and the SOW). *See* 11 U.S.C. § 365(b)(1). Extreme Networks reserves the right to

amend, supplement or modify this Objection up to and including the actual assumption and assignment of the aforementioned agreements.

WHEREFORE, Extreme Networks respectfully requests that this Court enter an Order (1) conditioning any assumption and/or assignment of the MSA (or the MSA and the SOW) upon the Debtors' or the Buyer's payment of the Actual Cure Amount, (2) conditioning any assumption and assignment of the SOW on the concurrent assumption and assignment of the MSA (including the payment of the Actual Cure Amount); and (3) granting such other and further relief as the Court deems appropriate.

Dated: January 26, 2019
      New York, New York

   /s/ Annemarie V. Reilly_____
Kimberly A. Posin (*pro hac vice* pending)
Annemarie V. Reilly
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Counsel to Extreme Networks, Inc.