**Obj. Deadline and Time: January 26, 2019 at 4:00 p.m. ET**
**Hearing Date and Time: February 4, 2019 at 10:00 a.m. ET**

Ronald E. Gold, Esq.
(Admitted *pro hac vice*)
**FROST BROWN TODD LLC**
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981
Email: rgold@fbtlaw.com

-and-

Edward M. King
(*Pro hac vice* application pending)
Kentucky Bar No. 86928
400 W. Market Street, 32nd Fl.
Louisville, Kentucky 40202
Telephone: (502) 589-5400
Facsimile: (502) 581-1087
Email: tking@fbtlaw.com

*Counsel for Sitel Operating Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | **CASE NO. 18-23538-RDD** |
| Debtors. | **(Jointly Administered)** |

**OBJECTION AND RESERVATION OF RIGHTS OF SITEL OPERATING CORPORATION TO THE CURE AMOUNTS PROPOSED IN CONNECTION WITH THE ASSUMPTION AND ASSIGNMENT OF AGREEMENTS PURSUANT TO THE GLOBAL ASSET SALE TRANSACTION**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sitel Operating Corporation ("Sitel"), by its undersigned counsel, hereby files this objection and reservation of rights (this "Objection") to the above-captioned debtors' (the "Debtors"): (i) *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1731) (the "First Notice of Potential Assumption and Assignment"); and (ii) *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1774) (the "Second Notice of Potential Assumption and Assignment" and, together with the First Notice of Potential Assumption and Assignment, the "Potential Assumption and Assignment Notices").[1]  In support of this Objection, Sitel respectfully states:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Potential Assumption and Assignment Notices.

2

3. Sitel is a business process outsourcing company that provides, among other things, customer care support for business. Sitel and one or more of the Debtors are party to those certain Master Outsourced Services Agreements, statements of work, and other agreements whereby Sitel provides business and information technology process services to the Debtors (collectively, the "Services Agreements")

4. On November 1, 2018, the Debtors filed their *Motion for Approval of Global Bidding Procedures* (Docket No. 429) (the "Sale Motion") seeking, among other things, approval of procedures to market, auction, and sell the Debtors' real estate and other assets as a going concern, separated into: (i) procedures that apply to certain "go-forward" stores and related assets that the Debtors have deemed profitable; and (ii) global procedures that apply to the Debtors' remaining assets that are not sold as part of the "go-forward" stores (collectively, the "Proposed Sale").

5. On November 19, 2018, this Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (Docket No. 816) (the "Sale Procedures Order") which, among other things, approved the Sale Motion.

6. Based on information and belief, on January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets whereby the Debtors selected an offer by Transform Holdco, LLC (the "Proposed Buyer"), established by ESL Investments, Inc., as the highest and/or best offer for all or substantially all of the Global Assets.

7. In connection with the Sale Procedures Order, on January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* (Docket No. 1730) (the "Notice of Successful Bidder") stating that the Proposed Buyer was the highest and/or best offer for all or substantially all of the Global Assets. Attached to the Notice of Successful Bidder is the proposed Asset Purchase

Agreement between the Proposed Buyer and the Debtors and the proposed sale order approving the proposed Asset Purchase Agreement.

8. On January 18, 2019, the Debtors filed the First Notice of Potential Assumption and Assignment, and on January 23, 2019, the Debtors filed the Second Notice of Potential Assumption and Assignment. The Potential Assumption and Assignment Notices identify certain executory contracts and unexpired leases that the Debtors might assume and assign as part of the Proposed Sale, including the Services Agreements.[2] The Potential Assumption and Assignment Notices propose $6,793,484 as the aggregate amount necessary to cure all monetary defaults under the Services Agreements (the "Proposed Cure Amount").

## **OBJECTION**

9. Any assumption or assumption and assignment of the Services Agreements must be conditioned on the Debtors' full compliance with the requirements of section 365 of the Bankruptcy Code and the Services Agreements, including, but not limited to, paying all amounts due and owing under the Services Agreements through the effective date of the assumption of the Services Agreements.

10. Sitel objects to the Proposed Cure Amount. As of the date of this Objection, the aggregate cure amount owing under the Services Agreements is not less than $6,878,397.79 as of the Petition Date (the "Sitel Cure Amount"), plus legal fees and other amounts due under the

---

[2] The Services Agreements are identified on the Potential Assumption and Assignment Notices by Contract Nos. CW2199750, SHCLCW5830, SHCLCW5830, CW2302646, CW2307634, CW2309747, CW2309745, CW2309749, CW2327010, CW2327017, CW2327013, CW2327019, CW2321624, CW2321629, CW2326428, CW2326446, CW2326444, CW2326435, CW2335245, CW2340773, CW2340776, CW2340778, CW2340780, CW2340782, CW2340782, CW2340784, CW2340786, CW2340789, and CW2340791.

4

Services Agreements, including amounts due and owing under the Services Agreements from and after the Petition Date until the date of assumption or assumption and assignment.

11. The Sitel Cure Amount represents the known amounts, based on information reasonably available to Sitel, currently due and owing to Sitel under the Services Agreements, exclusive of any sums which have become due or have been paid, or are discovered after the date of this Objection. The Sitel Cure Amount may increase prior to any actual date of assumption of the Services Agreements if the Debtors do not pay all amounts that accrue after the date of this Objection, pursuant to the terms of the Services Agreements and regardless of when those amounts accrued.

12. Accordingly, Sitel expressly reserves its rights to amend or supplement this Objection and the Sitel Cure Amount from time to time and at any time, and requests that the Debtors remain liable for, among other things, certain amounts accruing under the Services Agreements which may be unbilled as of the date hereof. Consistent with the foregoing, Sitel respectfully requests that any order approving the assumption of the Services Agreements provide, among other things, that the Debtors promptly pay to Sitel all amounts due and owing under the Services Agreements through the effective date of assumption of the Services Agreements (*i.e.*, the Sitel Cure Amount), as the same may increase to any other amounts that become due or are determined after the date of this Objection.

13. Furthermore, the Services Agreements are integrated agreements. Any assumption or assumption and assignment of the Services Agreements must be conditioned upon the Debtors assuming the Services Agreements in their entirety, including all related agreements and contracts. Sitel Objects to the assumption or assumption and assignment of the Services

Agreements to the extent the Debtors seek to assume or assume and assign the Services Agreements in a piecemeal fashion. *See, e.g.*, *In re Physiotherapy Holdings, Inc.*, 538 B.R. 225 (D. Del. 2015) (debtor is required to assume all related agreements upon showing that related agreements form part of a single contract).

14. Nothing in this Objection is intended to be, or should be construed as, a waiver by Sitel of any of its rights under the Services Agreements, the Bankruptcy Code, or applicable law. Sitel expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to Sitel Cure Amount; (b) amend the Sitel Cure Amount; (c) assert any nonmonetary defaults under the Services Agreements; (d) assert any rights for indemnification or contribution against the Debtors arising under the Services Agreements; and (e) assert any further objections as it deems necessary or appropriate, including objections with respect to the Proposed Sale and objections with respect to adequate assurance of future performance.

**WHEREFORE**, Sitel respectfully requests that this Court: (a) sustain this Objection; (b) affirmatively require the Debtors to pay all amounts owing to Sitel under the Services Agreements through the effective date of any assumption of the Services Agreements; (c) affirmatively require the Debtors to comply with each and every term, condition and obligation set forth in the Services Agreements; and (d) grant Sitel such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature page follows*.]

Dated:  January 26, 2019  
Cincinnati, Ohio

Respectfully submitted,

By: /s/ *Ronald E. Gold*  
Ronald E. Gold, Esq.  
(Admitted *pro hac vice*)  
FROST BROWN TODD LLC  
3300 Great American Tower  
301 East Fourth Street  
Cincinnati, Ohio 45202  
Telephone: (513) 651-6800  
Facsimile: (513) 651-6981  
Email: rgold@fbtlaw.com

-and-

Edward M. King  
(*Pro hac vice* application pending)  
Kentucky Bar No. 86928  
400 W. Market Street, 32nd Fl.  
Louisville, Kentucky 40202  
Telephone: (502) 589-5400  
Facsimile: (502) 581-1087  
Email: tking@fbtlaw.com

*Counsel for Sitel Operating Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2019, a copy of the foregoing was served electronically or via First Class Mail, postage prepaid upon all those identified on the Master Service List as of January 26, 2019 in accordance with this Court's: (i) *Amended Order Implementing Certain Notice and Case Management Procedures* entered November 1, 2018 (Docket No. 405); and (ii) *Order Approving Global Bidding Procedures and Granting Related Relief* entered November 19, 2018 (Docket No. 816) and the service requirements established thereby.

                                                  */s/ Ronald E. Gold*
                                                  Ronald E. Gold

0104593.0711632    4845-5663-4502v4