**MORRISON & FOERSTER LLP**
Jennifer L. Marines
Benjamin W. Butterfield
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
jmarines@mofo.com
bbutterfield@mofo.com

*Counsel to Wolverine World Wide, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF**
**WOLVERINE WORLD WIDE, INC. TO PROPOSED CURE COST AND**
**ASSUMPTION OF EXECUTORY CONTRACT**

1.      Wolverine World Wide, Inc. ("Wolverine"), by and through its undersigned counsel, Morrison & Foerster LLP, submits this limited objection and reservation of rights with respect to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Assumption Notice")[1] filed by the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors").

2.      Wolverine is one of the world's leading marketers of branded casual, active lifestyle, work, outdoor sport, athletic, children's and uniform footwear and apparel. The

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Assumption Notice.

ny-1359748

Assumption Notice states that the Debtors may assume and assign to the Successful Bidder or its designated assignee the following contract (the "Wolverine Contract"):

- Contract No. 7651 between Debtor Sears Holdings Corporation and Wolverine, dated as of October 31, 2018, with a proposed cure amount of $573,888.

3.  Wolverine has been transacting business with the Debtors since October 31, 2018 pursuant to the Wolverine Contract, which is a critical vendor agreement authorized pursuant to the *Final Order Authorizing Debtors to Pay Certain Prepetition Obligations to Critical Vendors and Related Relief* [Docket No. 793]. All amounts owed to Wolverine under the Vendor Contract relate to goods delivered to the Debtors after the Petition Date and are entitled to priority as administrative claims under section 503(b)(1) of the Bankruptcy Code. Wolverine has been working with the Debtors since entry into the Wolverine Contract to reconcile all amounts outstanding under the Vendor Contract. Although significant progress has been made, that reconciliation process is still underway and the proposed cure amounts do not accurately reflect Wolverine's views on the total postpetition amounts presently outstanding under the Wolverine Contract. Accordingly, Wolverine submits this limited objection to the proposed cure amounts with respect to the Wolverine Contract, and reserves the right to assert additional cure amounts upon completion of its claims reconciliation efforts with the Debtors.

4.  Finally, to the extent the Wolverine Contract expires by its own terms before any proposed assumption and assignment becomes effective, Wolverine objects to such assumption and assignment to the extent it purports to extend the applicable contract expiration date without Wolverine's express consent.

Dated: January 26, 2019
      New York, New York

Respectfully submitted,

**MORRISON & FOERSTER LLP**

By: /s/ Jennifer L. Marines
Jennifer L. Marines
Benjamin W. Butterfield
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
jmarines@mofo.com
bbutterfield@mofo.com

*Counsel to Wolverine World Wide, Inc.*