**Mayerson & Hartheimer, PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor
New York, NY 10022
Tel: (646) 778-4380
Fax: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com

*Counsel to Securian*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | Case No. 18-23538 (RDD) |
| **Debtors.** | (Jointly Administered) |

**LIMITED OBJECTION OF SECURIAN FINANCIAL GROUP, INC. AND SECURIAN LIFE INSURANCE TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN <u>CONNECTION WITH GLOBAL SALE TRANSACTION</u>**

Securian Financial Group, Inc. and Securian Life Insurance Company (collectively, "Securian") hereby file this limited objection (the "Objection") to the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [Docket No. 1731] (the "Cure Notice"). In support of this Objection, Securian states as follows:

**BACKGROUND RELATING TO THE BANKRUPTCY PROCEEDING**

1.      Beginning on October 15, 2018 and continuing thereafter, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.     On November 19, 2018, the Court entered the Order Approving Global Bidding Procedures and Granting Related Relief [Docket No. 816].

3.     On January 18, 2019, the Debtors filed the Successful Bidder Notice, which, among other things, announced that the Debtors determined that the offer submitted by Transform Holdco, LLC (the "Buyer"), established by ESL Investments, Inc., to acquire all or substantially all of the Global Assets, was the highest or best offer for the Global Assets. A copy of the asset purchase agreement between the Debtors and the Buyer (the "Asset Purchase Agreement") is attached to the Successful Bidder Notice as Exhibit B.

4.     On January 18, 2019, the Debtors filed the Cure Notice. Exhibit A to the Cure Notice identifies executory contracts that may be assumed and assigned and the Debtors' proposed Cure Amount.

5.     Two agreements with Securian Financial Group, Inc. and one agreement with Securian Life Insurance (*sic*) are identified on Exhibit A as contracts 6281, 6282 and 6283 (the "Securian Agreements").  All of the Securian Agreements have a proposed cure amount of $0.  *See* Cure Notice, Exhibit A.

## ADDITIONAL BACKGROUND AND OBJECTION

6.      Pursuant to the Securian Agreements, Securian has issued and administers certain insurance plans and policies for employees and retirees of the Debtors.  *See* Motion of Debtors for Entry of Order (I) Authorizing But Not Directing the Debtors to (A) Pay Certain Prepetition Wages and Reimburseable Employee Expenses, (B) Pay and Honor Employee Medical and Other Benefits, and (C) Continue Employee Benefits Programs, and (II) Granting Related Relief [Docket No. 31].

7.      The Debtors are obligated to pay approximately $1.7 million per month in premiums and withheld employee contributions (the "Monthly Premiums").

8.      While the Monthly Premiums are not currently past due, approximately $3,017,535.25 of Monthly Premiums are outstanding. Furthermore, additional Monthly Premiums will accrue and become due prior to the closing of the Asset Purchase Agreement.  The Cure Amount must include all amounts that have accrued and remain outstanding as of the closing date.

## RESERVATION OF RIGHTS

9.      This Objection addresses only the proposed Cure Amount.  Securian reserves the right to argue that the Securian Agreements are not executory contracts capable of assignment under Section 365 of the Bankruptcy Code.  In addition, Securian continues to review the Asset Purchase Agreement, the proposed sale order and other relevant documents and information that have been or will be filed with the Court. Accordingly, Securian expressly reserves the right to amend, supplement, and/or modify this Objection and to file in the future additional appropriate pleadings, including but not limited to an objection based on lack of adequate assurance.

*[Remainder of page intentionally left blank.]*

WHEREFORE, Securian objects to the Cure Amount associated with the Securian Agreements and respectfully requests that the Court (i) require the Cure Amount to include all amounts that have accrued and remain outstanding as of the closing date, and (ii) grant to Securian such other and further relief as is just and appropriate.

Dated: January 26, 2019

**Mayerson & Hartheimer, PLLC**
*Counsel to Securian*

By:  */s/ Sandra E. Mayerson*
     Sandra E. Mayerson
     David H. Hartheimer
     845 Third Avenue, 11th Floor
     New York, New York 10022
     (646) 778-4380
     david@mhlaw-ny.com
     sandy@mhlaw-ny.com

     *- and –*

**Fredrikson & Byron, P.A.**
*Counsel to Securian*

James L. Baillie (MN#003980)
James C. Brand (MN#387362)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
jbaillie@fredlaw.com
jbrand@fredlaw.com

65772203.1