**THOMPSON HINE LLP**                     **Hearing Date**: Feb. 4, 2019
Curtis L. Tuggle                          **Hearing Time**: 10:00 a.m. (EST)
Jonathan S. Hawkins                       **Objection Deadline**: January 26, 2019
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Phone: 212.344.5680
Fax: 212.344.6101

*Counsel for the Administration Agreement Parties*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORP., *et al.*,[1] | : | Case No. 18-23538 |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF THE ADMINISTRATION AGREEMENT PARTIES[2]
TO DEBTORS' MOTION FOR APPROVAL OF
GLOBAL ASSET SALE TRANSACTION AND ASSUMPTION NOTICES**

---

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626).

[2] The "Administration Agreement Parties," for purposes of this limited objection, are, collectively, Federal Warranty Service Corporation, United Service Protection, Inc., Assurant Service Protection, Inc., and United Service Protection Corporation.

The Administration Agreement Parties, by and through counsel, hereby file this limited objection and reservation of rights to the Debtors' Motion for Approval of Global Asset Sale Transaction Pursuant to the Global Bidding Procedures Order, Notice of Filing of Global Process Letter, Notice of Successful Bidder and Sale Hearing, and Notices of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases (Dkt. Nos. 816, 862, 1730, and 1731 respectively). Additionally, the Administration Agreement Parties reserve all rights as they pertain to any default that may arise, including those set forth in the Approval Order (as defined below), notwithstanding any provision in the sale order in the form Debtors presently propose (Dkt. No. 1730, Ex. B; as proposed or ultimately adopted, the "Sale Order").

## INTRODUCTION

1.      The Administration Agreement Parties' contracts identified in Debtors' list of executory contracts that may be assumed and assigned are not "executory contracts" within the meaning of the Bankruptcy Code as they were executed by Debtors post-petition. Rather, it is a post-petition agreement with rights expressly preserved by the Bankruptcy Court in the Approval Order. Therefore, to the extent the anticipated sale of Debtors' assets and assignment of such contracts is conditioned, limited, or prohibited by the terms of such contracts, such provisions control notwithstanding the limitation on anti-assignment provisions of 11 U.S.C. § 365(f)(1). Nor should any designation by Debtors of the Administration Agreement as an executory contract be controlling should Debtors wrongfully attempt to reject the Administration Agreement. And finally, whether by virtue of the Sale Order or otherwise, the Administration Agreement Parties object to any position taken, advanced, or adopted by Debtors that is inconsistent with the Approval Order.

**BACKGROUND FACTS**

2.      Debtors filed their voluntary petitions for relief on October 15, 2018 (the "Petition Date").

3.      The Administration Agreement Parties and debtor, Sears Holdings Management Corporation ("Sears Holdings"), are parties to a certain Administration Agreement executed on November 21, 2018 (and amended effective November 27, 2018) by which *inter alia* the Administration Agreement Parties are to be designated as Sears Holdings' exclusive provider of all service contracts and other similar agreements and services under certain of Debtors' service contract programs for certain eligible products and the maintenance of certain insurance programs associated therewith (the "Administration Agreement").

4.      Section 24 of the Administration Agreement provides for certain limitations on Sears Holdings' right to assign, transfer or sell any of its rights under the Administration Agreement.

5.      On November 23, 2018, this Court entered its Order Authorizing Entry into the Administration Agreement (Dkt. No. 1429; the "Approval Order"), whereby, *inter alia*, the Court held that the "terms and conditions contained in the Administration Agreement are approved and binding [on] and enforceable against the parties thereto."

6.      The Sale Order, as Debtors propose it, could be read to be inconsistent with the terms of the Approval Order.  As an example, and not by way of limitation, Paragraph 37 of the Sale Order provides, in effect, that the assignment to the proposed buyer of contracts shall be transferred notwithstanding so-called *ipso facto* clauses.  Similarly, Paragraph 38 provides that "upon assignment" by virtue of the operation of the Sale Order "no default shall exist" under any of the assigned contracts.  While the Administration Parties doubt this was Debtors' intention,

3

these provisions, among others in the Sale Order, could be construed to improperly limit the efficacy of the Approval Order.

<b>LIMITED OBJECTION AND RESERVATION OF RIGHTS</b>

7.      Debtors' ability to assume or reject a contract is limited to "executory contract[s]… of the debtor."  11 U.S.C. § 365(a).  Courts have construed the phrase "of the debtor" to limit the powers of assumption and rejection and other limitations of Section 365 of the Code to those contracts that were in existence and executory as of the petition date – not post-petition contracts entered into by the debtor-in-possession or trustee.  *In re Leslie Fay Cos., Inc.*, 168 B.R. 294, 300 (Bankr. S.D.N.Y. 1994); *In re Merry-Go-Round Enters. V. Simon Debartolo Group*, 180 F.3d 149, 160 (4th Cir. 1999); *In re Airport Executive Center*, 138 B.R. 628, 629 (Bankr. M.D. Fla. 1992); *In re I.M.L. Freight, Inc.*, 37 B.R. 556, 558-59 (Bankr. D. Utah 1984).

8.      Despite the Administration Agreement being a post-petition agreement, and thus not an executory contract, Debtors have included the Administration Agreement on its Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sales Transaction (Dkt. No. 1731).

9.      The inclusion of the Administration Agreement suggests, or might improperly be construed to mean, that, absent an objection by the Administration Agreement Parties, the Administration Agreement could be deemed an "executory contract" as that term is used in the Bankruptcy Code, which it clearly is not.

10.     In such event, provisions that limit or condition the assignment of the Administration Agreement could, arguably, be deemed unenforceable under 11 U.S.C. § 365(f)(1), which allows a debtor in possession or trustee to assign executory contracts

4

"notwithstanding a provision in an executory contract . . . or in applicable law, that prohibits, restricts, or conditions the assignment of such contract . . ."

11.    Likewise, a purported admission that the Administration Agreement is an executory contract could result in Debtors later arguing that the Administration Agreement is, like other executory contracts, capable of rejection.

12.    Accordingly, to the extent Debtors may later insist that the Administration Agreement is an executory contract subject to the limitations of Section 365 or capable of rejection, the Administration Agreement Parties object for the purposes of preserving this issue should such (or any similar) eventuality arise.

13.    Finally, the Administration Agreement Parties object to any construction of the Sale Order that could be construed to limit the efficacy of the Approval Order, including all of the rights that the Administration Agreement Parties have under the Administration Agreement.

## CONCLUSION

14.    For the reasons set forth herein, the Administration Agreement Parties hereby submit this limited objection and reservation of rights to preclude any later assertion by the Debtors or any other party that the Administration Agreement is an executory contract subject to the provisions of Section 365 of the Bankruptcy Code or that the Sale Order (as amended or otherwise modified prior to entry), if entered by the Court, supersedes or overrides the Approval Order or impairs, diminishes, prejudices or otherwise modifies the rights of the Administration Agreement Parties thereunder.

Dated: January 26, 2019

/s/ Curtis L. Tuggle

Curtis L. Tuggle
Jonathan S. Hawkins
**THOMPSON HINE LLP**
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Phone: 212.344.5680
Fax: 212.344.6101


*Counsel for the Administration
Agreement Parties*