Locke Lord LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
Tel.: (212) 415-8600
Fax: (212) 303-2754
Ira S. Greene, Esq.
*Counsel to DFS Services LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | Case No. 18-23538 (RDD) |
| | (Jointly Administered) |
| **Debtors.** | |

**LIMITED OBJECTION OF DFS SERVICES LLC TO "NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION"**

DFS Services LLC ("Discover")[1], hereby files this Limited Objection (the "Objection") to (a) the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Cure Notice").  In support of this Objection, Discover states as follows:

**BACKGROUND**

1.    Beginning on October 15, 2018 (the "Petition Date") and continuing thereafter, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] For purposes of this Objection, Discover refers to DFS Services LLC and all of its predecessor entities and names including, but not limited to, Novus Services, Inc., Discover Financial Services, Inc., Discover Card Services, Inc., and Discover Financial Services LLC.

AM 70645676.2

2.      On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket No. 816] (The "Global Bidding Procedures").[2]

3.      On January 18, 2019, the Debtors filed the Successful Bidder Notice, which, among other things, announced that the Debtors determined that the offer submitted by Transform Holdco, LLC (the "Buyer"), established by ESL Investments, Inc., to acquire all or substantially all of the Global Assets, was the highest or best offer for the Global Assets.  A copy of the asset purchase agreement between the Debtors and the Buyer (the "Asset Purchase Agreement") is attached to the Successful Bidder Notice as Exhibit B.

4.      On January 18, 2019, the Debtors filed the Cure Notice.  Exhibit A to the Cure Notice identifies six "contracts" with Discover (the "Listed Discover Documents").  *See* Cure Notice, Exhibit A, Nos. 2226, 2227 and 2228 (Kmart Corporation with Discover Financial Services, Inc.) and 5286, 5287 and 5288 (Sears Roebuck & Co. with Novus Services, Inc.).  It appears that the Debtors are proposing no cure amount for the Listed Discover Documents.

5.      Discover operates the Discover Global Network which supports and services Merchants in connection with the acceptance by Merchants of Discover Global Network Cards as payment for purchases of goods and services by cardholders.  Discover maintains Merchant Services Agreements with Sears, Roebuck & Co. ("Sears") and Kmart Corporation ("Kmart") that govern Card acceptance by Sears, Kmart, their subsidiaries and affiliates. Both Sears and Kmart entered into Merchant Services Agreements with Discover, which have been amended from time to time.  Card acceptance and related services provided by Discover to Sears and Kmart include Card acceptance and related services provided to Sears Home Improvement Products, Inc. ("SHIP") and Sears Hometown and Outlet Stores Inc. ("SHO").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in Global Bidding Procedures Order.

6.      The Merchant Services Agreement entered into by Discover with Sears, as amended from time to time, together with certain documents incorporated therein by refefrence including Operating Regulations, Dispute Rules and Technical Specifications (collectively, the "Discover/Sears Agreement") provides the terms and conditions governing the acceptance by Sears, its subsidiaries and affiliates, and by SHIP and SHO.of Cards, as defined therein, as payment for purchases of goods and services by Cardholders. The Merchant Services Agreement entered into by Discover with Kmart, as amended from time to time, together with documents incorporated therein by reference including  Operating Regulations, Dispute Rules and Technical Specifications (collectively, the "Discover/Kmart Agreement") provides the terms and conditions governing the acceptance by Kmart, its subsidiaries and affiliates, of Cards, as defined therein, as payment for purchases of goods and services by Cardholders.

7.      The Cure Notice incorrectly and incompletely identifies the Discover,/Sears Agreement and the Discover/Kmart Agreement.

8.      Discover entered into a Merchant Services Agreement with Sears, Roebuck & Co. (the "Sears MSA") on June 1, 1995.  Ten amendments to the Sears MSA were agreed to by Discover and Sears between 1996 - 2017.  In addition, a Letter Agreement was entered into amending the Sears MSA on December 7, 2000. The Sears MSA was also amended by supplemental agreement entered on August 15, 2003, a Letter Agreement dated September 8, 2004 and an amendment dated October 15, 2006.  The Listed Discover Documents appear to refer to just three of the documents that are a part of the Sears MSA and, most importantly, do not include the Sears MSA.

9.      Discover and Kmart Corporation entered into a Merchant Service Agreement on November 15, 1987 (the "Kmart MSA").  The Kmart MSA was amended by three Addenda agreed to between November 1, 1988 and August 1, 1995.  The Kmart MSA was also amended

by a supplemental agreement entered on August 15, 2003, a Letter Agreement dated September 8, 2004 and an amendment dated October 15, 2006.  The Listed Discover Documents appear to refer to just three of the amendments to the Kmart MSA and, most importantly, do not include the Kmart MSA.

10.    When customers who used Cards to make purchases of goods or services either return merchandise to a Merchant or dispute charges with respect to the Merchant, the Merchant may be obligated to refund the purchase price of the returned merchandise or refund the disputed charges to Discover. Such disputes are called Chargebacks. Generally, Returns and Chargebacks are satisfied by netting such refunds owed by the Merchant to Discover against pending and future settlement payments owed by Discover to the Merchant. Customer returns and disputes may not occur until several months after a purchase and settlement by Discover with a Merchant for the underlying Card sale. Returns and Chargebacks are not offset from pending and future settlement payments until such returns or disputes arise. Discover's right to net such refunds and Chargebacks against pending and future settlement payments to the Merchant is an important fundamental right of Discover under both the Discover/Sears Agreement and the Discover/Kmart Agreement.

## OBJECTION

11.    As described above, the Cure Notice is incomplete and omits the two most important agreements with Discover: the Sears MSA and the Kmart MSA.  The Listed Discover Documents are only part of the complete agreements between Discover, Sears, SHIP, SHO and Kmart governing Card acceptance.  The Debtor cannot assume and assign only parts of an agreement.  It must assume and assign the whole Discover/Sears Agreement and the whole Discover/Kmart Agreement.

12.     Discover further objects to the Cure Notice to the extent that it attempts to cut off Returns and Chargebacks that arise under the Discover/Sears Agreement and the Discover/Kmart Agreement both before and after the closing of the proposed Global Sale Transaction that relate to purchases and sales made prior to the closing of the proposed Global Sale Transaction.

13.     If the foregoing objections are resolved, Discover supports the potential assignment and assumption of its agreements to the Buyer based upon the information presently available to Discover.

WHEREFORE, Discover respectfully requests that this Court enter an order (i) conditioning any assumption and/or assignment of the Listed Discover Documents upon the Debtors' assumption and/or assignment of the entire Sears MSA and the entire Kmart MSA including all amendments and  addenda to such agreements; (ii) conditioning any assumptions and/or assignment upon the Buyer's assumption of all liabilities arising thereunder including Returns and Chargebacks relating to purchases and sales made prior to the date of any assignment of the Sears MSA or the Kmart MSA to the Buyer; and (iii) granting Discover such other and further relief as just and proper.

Dated:  New York, New York
        January 24, 2019

                                        Locke Lord LLP


                                        By: /s/ Ira S. Greene _____
                                            Ira S. Greene
                                            Brookfield Place
                                            200 Vesey Street
                                            New York, NY 10281
                                            Tel.: (212) 415-8600
                                            Fax: (212) 303-2754
                                            Ira.Greene@lockelord.com

                                            *Counsel to DFS Services LLC*