AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Joseph L. Sorkin
Lacy M. Lawrence (*pro hac vice* pending)

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------

| | | |
|---|---|---|
| | : | |
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION, *et al*.,** | : | Case No. 18-23538 (RDD) |
| | : | |
| **Debtors.[1]** | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------------------

### PRELIMINARY OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.*, TO THE ESL PROOFS OF CLAIM

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Holdings") and its affiliated debtors and debtors in possession (collectively, the "Debtors," and together with their non-Debtor affiliates, the "Company" or "Sears"), by and through its undersigned counsel, hereby submits this omnibus objection (the "Objection") to proofs of claim filed by or on behalf of ESL Investments, Inc. ("ESL Investments"), JPP, LLC ("JPP"), JPP II, LLC ("JPP II"), SL Agent, LLC and their agents and affiliates (the "ESL Proofs of Claim," and the claims asserted therein or by or on behalf of ESL against any of the Debtors' estates, the "ESL Claims"),[2] pursuant to sections 105, 502, and 510 of title 11 of the Unites States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Objection, the Creditors' Committee respectfully states as follows.

## PRELIMINARY STATEMENT

1.     As set forth in the Standing Motion and Proposed Complaint,[3] which are incorporated herein in their entireties and made part of this Objection, the Creditors' Committee has uncovered facts demonstrating that Sears's downfall was precipitated, in large part, by years of self-dealing, breaches of fiduciary duties, and abuses of control and influence by Edward S. Lampert ("Lampert") and his investment fund ESL.[4]  As Sears's CEO, Chairman of the Board, controlling shareholder (with ESL), and "bank," Lampert was hopelessly conflicted as he presided over Sears's descent into insolvency and a persistent state of liquidity crisis and then, time after

---

[2] A table listing all ESL Proofs of Claim filed in connection with these Chapter 11 Cases is set forth in **Exhibit 3**.

[3] *See The Motion of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al. for Entry of an Order Granting (I) Leave, Standing, and Authority to Commence and Prosecute Certain Claims on Behalf of the Debtors' Estates and (II) Non-Exclusive Settlement Authority in Respect of Such Claims* [ECF No. 1765] (the "Standing Motion") and the proposed complaint attached as an exhibit thereto (the "Proposed Complaint").

[4] Capitalized terms not defined herein have the definitions provided in the Standing Motion and Proposed Complaint.

time, used those crises to divert more of Sears's assets for his and ESL's benefit.  Their efforts

paid off, as Lampert and ESL raked in enormous dividends, interest, and fees; obtained control of

Sears's best assets and real estate; and positioned ESL to be protected in this bankruptcy with

claims and liens across the Debtors' capital structure—all while intending to leave little or nothing

for other creditors.  Meanwhile, over the course of Lampert's and ESL's reign, Sears closed over

3,500 stores, cut approximately 250,000 jobs, and lost untold billions in value.  Lampert and ESL

should not now be allowed to assert superior claims to the value of Sears's remaining assets over

the very creditors they damaged through their prepetition conduct.

2.     ESL asserts that the Debtors' estates are indebted to ESL for nearly $2 billion on

account of the ESL Claims.  The ESL Claims, however, are legally unsupportable.  Based on the

Creditors' Committee's investigation to date, it has filed the Standing Motion and Proposed

Complaint setting forth the following causes of action mandating (i) disallowance or conditional

disallowance, (ii) recharacterization, and/or (iii) equitable subordination of the ESL Claims:

- **Disallowance of the ESL Claims**: ESL is an entity from which property is
  recoverable with respect to the Seritage Transaction, the Lands' End spin-off, and
  the 2016-2018 ESL Contributions (collectively, the "Prepetition Transactions").
  As described herein and in more detail in the Proposed Complaint, the Prepetition
  Transactions were actual or constructive fraudulent transfers—or both—and are
  therefore avoidable pursuant to sections 544 and 548 of the Bankruptcy Code and
  applicable state law.  As a result, under Bankruptcy Code section 502(d), the ESL
  Claims must be disallowed or conditionally disallowed unless and until (i) ESL
  returns the value of the property fraudulently transferred in connection with the
  Prepetition Transactions; or (ii) the Court has determined in a final order that that
  the Prepetition Transactions did not constitute transfers subject to avoidance
  pursuant to Bankruptcy Code sections 544 and 548 and applicable state law and
  that property is not recoverable from ESL.

- **Recharacterization of the ESL Claims**: The ESL Claims improperly assert
  indebtedness on behalf of the 2016-2018 ESL Contributions.  As described herein
  and in more detail in the Proposed Complaint, ESL contributed capital to Sears
  knowing it would be dissipated by unrelenting losses, and without any reasonable
  expectation (much less some formal projection) that such "debt" could ever be
  repaid according to its terms.  ESL's purpose in providing this capital to Sears was

to maximize the value of its investments in Sears and the spin-off entities (including Seritage) and position itself advantageously vis-à-vis Sears's creditors in anticipation of these Chapter 11 Cases. These contributions bear the hallmarks of equity, not debt, and should be recharacterized and treated as such for any purpose in connection with these Chapter 11 Cases.

- **Equitable Subordination of the ESL Claims**: ESL abused its insider status and position of trust with the Company to strip away assets for Lampert's and ESL's benefit, to the substantial detriment of Sears and its stakeholders. As set forth herein and in greater detail in the Proposed Complaint, Lampert and ESL engaged in years of grossly inequitable conduct such as self-dealing, breaches of fiduciary duties, and abuses of control and influence in order to maximize and protect their investments in Sears while all but guaranteeing the destruction of the Company and opportunities for its creditors to receive fair recoveries. In light of Lampert's and ESL's actions, the ESL Claims should be equitably subordinated, with any liens securing such claims transferred to the Debtors' estates.

3.     Tragically, the Debtors have capitulated fully to ESL's slow-motion destruction of Sears, allowing ESL to credit bid (the "ESL Credit Bid") secured claims in the nominal amount of $1.3 billion in exchange for nearly all of Sears's remaining assets.[5] As set forth in detail in the Creditors' Committee's objection to the ESL Credit Bid (being filed contemporaneously herewith), ESL's consideration, a substantial amount of which is in the form of the non-cash ESL Credit Bid, is woefully inadequate. Among other reasons, the Debtors' estates will be left administratively insolvent and the purchaser without a viable business plan and will have given away the estates' most valuable claims against ESL and others.

---

[5] Specifically, the Asset Purchase Agreement ("APA"), attached as Exhibit B to *Notice of Successful Bidder and Sale Hearing* [ECF No. 1730], provides that ESL may credit bid:

> all outstanding obligations held by Buyer and its Affiliates as of the Closing Date under the IP/Ground Lease Term Loan Facility, plus (ii) all outstanding obligations held by Buyer and its Affiliates as of the Closing Date under the FILO Facility, plus (iii) obligations held by Buyer and its Affiliates as of the Closing Date under the Real Estate Loan 2020 in an amount equal to $544,000,000, plus (iv) obligations held by Buyer and its Affiliates as of the Closing Date in an aggregate amount equal to $433,450,000 under (x) the Second Lien Term Loan; (y) the Second Lien Line of Credit Facility; and (z) the Second Lien PIK Notes

APA, § 3.1(b). The foregoing obligations are set forth in Exhibit G to the APA, reproduced and attached hereto as **Exhibit 2**, which lists all putatively allowed amounts owed to ESL on account of the ESL Claims.

4

4.     Through the ESL Proofs of Claim, Lampert and ESL continue their efforts to capitalize on Sears's demise.  As set forth herein, principles of equity and the operation of sections 502(d) and 510(c) of the Bankruptcy Code require that all ESL Claims be disallowed, recharacterized, and/or equitably subordinated.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

6.     On October 15, 2018 and continuing thereafter, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Debtors' chapter 11 cases (the "Chapter 11 Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [ECF No. 118].

7.     On October 24, 2018, the United States Trustee (the "U.S. Trustee") for the Southern District of New York appointed the Creditors' Committee pursuant to Bankruptcy Code section 1102 [ECF No. 276].[6]

---

[6] The Creditors' Committee currently comprises: (i) Apex Tool Group, LLC; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A., as indenture trustee; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group L.P.; (vii) The Bank of New York Mellon Trust Company, N.A., as indenture trustee; and (viii) Winiadaewoo Electronics America, Inc.

8.      On January 4, 2019, JPP, JPP II, and SL Agent, LLC filed the ESL Proofs of Claim, consisting of an aggregate of 249 proofs of claim on behalf of ESL.  The ESL Proofs of Claim, which are set forth in **Exhibit 3**, aggregate approximately \$1.9 billion in principal and interest obligations putatively owed by the Debtors to ESL.[7]  A bar date for filing proofs of claim has not yet been set.

9.      The Creditors' Committee has taken and continues to take discovery pursuant to Bankruptcy Rule 2004 of the Debtors' prepetition transactions, including insider transactions involving Lampert and ESL.[8]  As a result of its ongoing investigation, the Creditors' Committee uncovered Lampert's and ESL's misconduct that is set forth in the Standing Motion and Proposed Complaint, which were filed in redacted form on January 23, 2019.

10.      The Proposed Complaint asserts fourteen causes of action against ESL, Lampert, and Kunal Kamlani (ESL's President and a director of Holdings) seeking, among other things, (i) the avoidance of the Prepetition Transactions; (ii) recovery from ESL of the value of fraudulently transferred property in connection with the Prepetition Transactions pursuant to Bankruptcy Code section 550(a); (iii) disallowance of all ESL Claims under Bankruptcy Code section 502(d); (iv) recharacterization of the ESL Claims as equity contributions pursuant to the Court's equitable powers under Bankruptcy Code section 105(a); and (vi) equitable subordination of the ESL Claims pursuant to Bankruptcy Code 510(c).

11.      A hearing to approve the APA and sale of substantially all of the Debtors' assets to ESL is scheduled to begin on February 4, 2019.

---

[7] The ESL Claims are also evidenced by the schedule of assets and liabilities and statements of financial affairs filed by the Debtors, respectively, on January 17 and January 18, 2019.

[8] *See Order Pursuant to Bankruptcy Code Section 105 and Federal Rules of Bankruptcy Procedure 2004, 9006, and 9016 Authorizing Expedited Discovery of the Debtors and Third Parties* [ECF No. 802].

**OBJECTION**

## I.    LEGAL STANDARD

12.     A claim, proof of which is filed, "is deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a). A proof of claim filed and executed in accordance with the

Bankruptcy Rules constitutes "prima facie evidence of the validity of a claim." *In re Breitburn*

*Energy Partners LP*, No. 16-11390 (SMB), 2017 WL 3588918, at *4 (Bankr. S.D.N.Y. 2017)

(quoting Bankruptcy Rule 3001(f)). Section 502(b)(1) of the Bankruptcy Code, however, provides

in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable

against the debtor." 11 U.S.C. § 502. Moreover, upon an objection, the claimant has the burden

to demonstrate the validity of the claim by a preponderance of the evidence. *See In re Oneida,*

*Ltd*., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827,

at *5 (S.D.N.Y. Jan. 22, 2010) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000)).

## II.    THE ESL CLAIMS ARE NOT LEGALLY SUPPORTABLE

13.     For the reasons set forth in the Standing Motion and Proposed Complaint, the ESL

Claims are not enforceable against the Debtors' estates. ESL has not demonstrated—and cannot

demonstrate—the validity of its claims because: (A) the ESL Claims must be disallowed (or

conditionally disallowed) under section 502(d) of the Bankruptcy Code because ESL is the

transferee or beneficiary of avoidable fraudulent transfers; (B) the ESL Claims should be

recharacterized as equity based on their true nature as capital contributions to the Debtors; and (C)

the ESL Claims should be equitably subordinated to all of the claims of unsecured creditors as a

remedy for the injustices perpetrated by ESL against the Debtors and their legitimate creditors.

### A.    The ESL Claims Should be Disallowed Under Section 502(d)

14.     All of the ESL Claims must be disallowed by operation of section 502(d) of the

Bankruptcy Code because ESL is the transferee or beneficiary of avoidable fraudulent transfers

7

that included the Seritage Transaction, the Lands' End spin-off, and the 2016-2018 ESL Contributions.

15.     Bankruptcy Code section 502(d) provides that the court shall disallow "any claim of any entity from which property is recoverable under section . . . 550 . . .  or that is a transferee of an avoidable transfer . . . unless that transferee has paid the amount, or turned over any such property, for which such entity is liable. . . ."  11 U.S.C. § 502(d).  Indeed, mandatory claims for disallowance under Bankruptcy Code Section 502(d) apply not only to initial transferees of avoidable property, but also to subsequent transferees of such property and "entities for whose benefit a transfer was made."  11 U.S.C. § 550(a).  The statute's plain language also "provides for the disallowance of 'any claim' of an entity from which property is recoverable under Bankruptcy Code section 550 . . . *regardless of whether the claim is related to the transfer*."  *In re MacMenamin's Grill Ltd.*, 450 B.R. 414, 429 (Bankr. S.D.N.Y. 2011) (emphasis added).[9]

16.     Disallowance of a claim under section 502(d) of the Bankruptcy Code "operates . . . as a temporary disability" and is "only conditional," meaning that a claim that is disallowed can become allowed if and when the transferee disgorges the property in question.  *In re Allegheny Health, Educ. & Research Found*., 292 B.R. 68, 94 (Bankr. W.D. Pa. 2003).  A *prima facie* showing of an avoidable transfer is a sufficient basis to conditionally disallow a claim under section 502(d) of the Bankruptcy Code.  *See In re Vivaro Corp*., 541 B.R. at 147-48 ("Before sustaining the objections and disallowing and expunging the claims based on section 502(d), the

---

[9] There is no requirement that the objecting party commence an adversary proceeding seeking to affirmatively avoid the transfers before seeking disallowance under Bankruptcy Code section 502(d).  *See In re Vivaro Corp.,* 541 B.R. 144, 147 (Bankr. S.D.N.Y. 2015) (explaining that an objecting party may elect to seek disallowance of a claim under Bankruptcy Code section 502(d) instead of commencing an adversary proceeding to recover an avoidable transfer)*; In re Fabrikant & Sons*, No. 06-12737 (SMB), 2009 WL 3806683, at *9 (Bankr. S.D.N.Y. Nov. 10, 2009) (stating that Bankruptcy Code section 502(d) can be asserted in a claim objection even after the statute of limitations has expired on the avoidance claim).

Court must be satisfied that the estate or estate representative has established a prima facie basis

that the Claimants received and have not repaid avoidable transfers."); *In re Mid Atlantic Fund,*

*Inc*., 60 B.R. 604, 609-610 (Bankr. S.D.N.Y. 1986) (disallowing claim under section 502(d) based

on trustee's *prima facie* showing that creditor received a preferential transfer).

17.    As set forth in the Standing Motion and Proposed Complaint, the Prepetition

Transactions are avoidable transfers pursuant to section 544 and 548 of the Bankruptcy Code and

applicable state law.  Specifically, the Proposed Complaint alleges facts to support that:

- The Seritage Transaction is voidable both as an actual and constructive fraudulent transfer under section 544 of the Bankruptcy Code and applicable state law because (a) Lampert and ESL exercised undue influence over and control of Sears in their roles as insiders and caused the Seritage Transaction with the actual intent to hinder, delay, or defraud creditors; and (b) Sears did not receive reasonably equivalent value for the property transferred and Sears was insolvent at the time of the Seritage Transaction (or was rendered insolvent thereby);

- The Lands' End spin-off is voidable as an actual  and constructive fraudulent transfer under section 544 of the Bankruptcy Code and applicable state law because (a) Lampert and ESL exercised undue influence over and control of Sears in their roles as insiders and caused the Lands' End spin-off with the actual intent to hinder, delay, or defraud creditors; and (b) Sears did not receive reasonably equivalent value for the property transferred and was insolvent at the time of the Lands' End spin-off (or was rendered insolvent thereby);

- Each of the 2016-2018 ESL Contributions is voidable as an actual fraudulent transfer under sections 544 and 548 of the Bankruptcy Code and applicable state law because Lampert and ESL exercised undue influence over and control of Sears in their roles as insiders and caused each transfer with the actual intent to hinder, delay, or defraud creditors; and

- The IP/Ground Lease Term Loan Facility is voidable as a constructive fraudulent transfer under sections 544 and 548(a)(1)(B) of the Bankruptcy Code and applicable state law because each of the Additional Subsidiaries (including Sears Brands, L.L.C., and Sears Development Co.) did not receive reasonably equivalent value for the properties transferred, pledges made, or guarantees given, and was insolvent at the time the IP/Ground Lease Term Loan Facility was created (or was rendered insolvent thereby).

Compl. ¶¶ 251-55.

18.     The Creditors' Committee has also pled sufficient facts to demonstrate that (i) ESL is an entity for whose benefit the Seritage Transaction was made, and that (ii) ESL was the initial transferee with respect to the Lands' End spin-off and the 2016-2018 ESL Contributions (which include the IP/Ground Lease Term Loan Facility).  Pursuant to Bankruptcy Code section 550(a), ESL is an entity from which property is recoverable and is strictly liable for the value of the property fraudulently transferred in connection with the Prepetition Transactions.

19.     These allegations, as described in detail in the Proposed Complaint, establish a *prima facie* case that ESL received and has not repaid multiple avoidable transfers.  Accordingly, the Creditors' Committee requests that the Court disallow or conditionally disallow the ESL Claims pursuant to section 502(d) of the Bankruptcy Code, unless and until (i) ESL returns the value of the property fraudulently transferred in connection with the Prepetition Transactions; or (ii) the Court has determined in a final order that that the Prepetition Transactions did not constitute transfers subject to avoidance pursuant to Bankruptcy Code sections 544 and 548 (and applicable state law) and that property is not recoverable from ESL.

**B.     The ESL Claims Should be Recharacterized as Equity**

20.     The ESL Claims should be recharacterized as equity because of their true nature as capital contributions made by ESL to the Debtors.

21.     Bankruptcy Code section 105(a) provides, in pertinent part, that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  It is well-established law that bankruptcy courts have authority under Bankruptcy Code section 105(a) to recharacterize debt claims as equity.  *Weisfelner v. Blavatnik (In re Lyondell Chem. Co.)*, 544 B.R. 75, 92-93 (Bankr. S.D.N.Y. 2016); *Adelphia Commc'ns Corp. v. Bank of Am., N.A. (In re Adelphia Commc'ns Corp.)*, 365 B.R. 24, 73-74 (Bankr. S.D.N.Y. 2007).

10

22.    In determining whether to recharacterize debt as equity, courts in this district look

to the factors applied to the bankruptcy context for the first time in *Bayer Corp. v. MascoTech,*

*Inc. (In re Autostyle Plastics, Inc.)*, 269 F.3d 726, 750 (6th Cir. 2001):

> (1) the names given to the instruments, if any, evidencing the
> indebtedness; (2) the presence or absence of a fixed maturity date
> and schedule of payments; (3) the presence or absence of a fixed rate
> of interest and interest payments; (4) the source of repayments; (5)
> the adequacy or inadequacy of capitalization; (6) the identity of
> interest between the creditor and the stockholder; (7) the security, if
> any, for the advances; (8) the corporation's ability to obtain
> financing from outside lending institutions; (9) the extent to which
> the advances were subordinated to the claims of outside creditors;
> (10) the extent to which the advances were used to acquire capital
> assets; and (11) the presence or absence of a sinking fund to provide
> repayments.

*Lyondell*, 544 B.R. at 93-94; *In re Gen. Motors Corp.*, 407 B.R. 463, 498 (Bankr. S.D.N.Y. 2009).

No one factor is dispositive, and a court can determine that recharacterization is warranted even if

less than all of the factors weigh in favor of recharacterization. *Lyondell*, 544 B.R. at 94. Further,

the court can consider the entirety of the facts and circumstances surrounding the transaction in

determining the parties' intent. *Id.* at 102.

23.    In its Standing Motion and Proposed Complaint, the Creditors' Committee pleads

facts that demonstrate the clear intent, expectation, and understanding of Lampert, ESL, and Sears

that each of the 2016-2018 ESL Contributions was a capital contribution and not a debt transaction.

Specifically, the Proposed Complaint alleges that:

- There was no plan or expectation that Sears would repay the 2016-2018 ESL
  Contributions on any schedule, a critical characteristic of a debt transaction;

- The 2016-2018 ESL Contributions were part of Lampert's and ESL's insider
  scheme to purchase Sears's remaining capital assets at a discount for Lampert's and
  ESL's own benefits, to the substantial detriment of Sears and its creditors;

- ESL provided the 2016-2018 ESL Contributions to buy time to acquire Sears's
  other assets for Lampert's and ESL's own benefit;

11

- ESL provided the 2016-2018 ESL Contributions to play out its options on Sears without any apparent downside;

- The 2016-2018 ESL Contributions were not arm's-length transactions and, as such, did not reflect financing terms that could have been obtained from outside lending institutions; and

- ESL provided the 2016-2018 ESL Contributions with the intent and purpose to protect its investments in non-Debtor entities that depended on Sears remaining, at least for at time, outside of bankruptcy—including Seritage.

Compl. ¶¶ 163-71.

24.     These allegations, as described at length in the Proposed Complaint, demonstrate that the 2016-2018 ESL Contributions were not debt financings; rather, each of the transactions has the hallmarks of an equity investment.  The contributions providing the basis for the ESL Claims relating to those transactions should be recharacterized as equity and treated as such for any purpose in connection with these Chapter 11 Cases.

### C.     The ESL Claims Should be Equitably Subordinated

25.     The ESL Claims should be equitably subordinated to all claims of unsecured creditors as a remedy for the injustices ESL has perpetrated through its years-long asset-stripping scheme on the Debtors and their stakeholders (including legitimate unsecured creditors).

26.     Bankruptcy Code section 510(c) provides, in pertinent part, that a bankruptcy court may:

> (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or (2) order that any lien securing such a subordinated claim be transferred to the estate.

11 U.S.C. § 510(c).  The provision, therefore, allows a bankruptcy court to, notwithstanding the apparent legal validity of a claim, subordinate such claim to those of other creditors where it would be unjust or unfair to permit the holder of such claim to share *pro rata* with other creditors of equal status. *LightSquared LP v. SP Special Opportunities LLC (In re LightSquared Inc.)*, 511 B.R. 253

(Bankr. S.D.N.Y. 2014). The doctrine empowers the court to look to the conduct giving rise to the claim rather than the claim's facial validity. *See Pepper v. Litton*, 308 U.S. 295 (1939) ("[I]n the exercise of its equitable jurisdiction the bankruptcy court has the power to sift the circumstances surrounding any claim and see that injustice or unfairness is not done in the administration of the bankrupt estate.").

27. Courts in the Southern District of New York have held that three conditions must be met in order for a bankruptcy court to exercise its power of equitable subordination: (1) the claimant must have engaged in some type of inequitable conduct; (2) the misconduct must have resulted in injury to the other creditors of the debtor or conferred an unfair advantage on the claimant; and (3) equitable subordination must not be inconsistent with the provisions of the Bankruptcy Code. *In re Aeropostale, Inc.*, 555 B.R. 369, 397 (Bankr. S.D.N.Y. 2016); *LightSquared*, 511 B.R. at 347; *ABF Capital Mgmt. v. Kidder, Peabody & Co. (In re Granite Partners)*, 210 B.R. 508, 514 (Bankr. S.D.N.Y. 1997).

28. As set forth in the Standing Motion and Proposed Complaint, Lampert's and ESL's misconduct, self-dealing, and abuse of Sears has been persistent since Lampert took over the Company in 2005. The breaches of fiduciary duty and pattern of unfair conduct include, among other things, Lampert and ESL causing Sears to spin off Sears's most valuable assets into entities controlled by ESL. The inequitable conduct dealt a devastating blow to Sears when Lampert and ESL caused Sears to enter into the Seritage Transaction and continued with the 2016-2018 ESL Contributions, which were engineered to allow Lampert and ESL to credit bid in an ultimate Sears bankruptcy filing on unfair terms to Sears and to benefit Lampert and ESL. Specifically, the Proposed Complaint alleges that:

- Lampert and ESL abused their control over Sears to extract cash in the form of unreasonable stock repurchases, robbing Sears of its long-term future.

13

- Lampert and ESL crafted unsupportable and downright fraudulent financial projections that bore no relation to reality and grossly misrepresented Sears's performance, which underscored Lampert's and ESL's knowledge of—and efforts to disguise—Sears's insolvency and inevitable bankruptcy.

- Lampert and ESL required Sears's management to adopt manufactured projections so as to further their asset-stripping scheme, including by, among other things, requiring that Sears's management use those projections to produce false solvency reports and conceal Sears's actual performance so as to support Lampert's and ESL's asset-stripping transactions.

- Recognizing the declining prospects of the Sears enterprise, Lampert and ESL abused their control over Sears to extract the most valuable assets of Sears through a series of asset spin-offs and rights offerings as Sears continued to decline toward bankruptcy in an attempt to shield the value of such assets from Sears's creditors.  The assets that Lampert and ESL had spun off for their own benefit include Orchard, SHO, Sears Canada, and Lands' End.  Lampert and ESL also used the Sears Canada rights offering to line their own pockets to the substantial detriment of Sears's creditors.

- Through the Seritage Transaction, Lampert and ESL orchestrated transfers of some of Sears's most valuable real estate assets to new and separate entities over which ESL (and Lampert) retained significant ownership and control, all in order to shield such assets from the claims of Sears's other creditors.

- Lampert and ESL engaged in inequitable conduct by taking advantage of insider control on both sides of the Seritage Transaction in order to achieve a result that could not be negotiated at arm's length.  In particular, after completion of the Seritage Transaction, Lampert and ESL directly benefited from this inequitable conduct including by (i) receiving at least $76 million in dividends as a Seritage shareholder; (ii) enjoying an equity stake in Seritage that had grown within one year to be worth approximately $1.25 billion (compared to the $750 million ESL originally paid for such stake); and (iii) exiting nearly at par from $165 million of Second Lien Notes.

- ESL intentionally kept Sears out of bankruptcy proceedings through a series of improper financing transactions, including the 2016-2018 ESL Contributions and extensive use of commercial paper, in order to mask Sears's insolvency and delay its inevitable demise; buy time to siphon off Sears's cash flows and cordon off valuable assets, including real estate, as collateral for Lampert's and ESL's benefit; hinder, delay, or defraud other creditors' recoveries; and preserve the value of Seritage until it could wean itself of Sears for the benefit of ESL—Seritage's controlling shareholder.

- Lampert and ESL caused Sears to form Seritage and enter into the Seritage Transaction to maximize ESL's investments, despite the blatant unfairness of the Seritage Transaction to Sears and its creditors.  Lampert used Sears as an alter ego to enter into this insider, below-market transaction for ESL's benefit.

- Lampert and ESL caused Sears to enter into secured "loan" transactions with ESL, including the 2016-2018 ESL Contributions, at a time when Sears was insolvent in order to prop up Sears, lien up its remaining prized assets, and provide the greatest returns on ESL's investments.

Compl. ¶¶ 179-80.

29.    These allegations, as described in greater detail in the Proposed Complaint, demonstrate that the ESL's conduct warrants the equitable subordination of the ESL Claims. Accordingly, the ESL Claims should be equitably subordinated, with any liens securing such claims transferred to the Debtors' estates.

## RESERVATION OF RIGHTS

30.    The Creditors' Committee submits this Objection without prejudice to and expressly reserves the right to object to the ESL Claims in the future on any additional ground and to amend, modify, or supplement this Objection.  Moreover, nothing in the Objection shall be construed as a waiver of the Creditors' Committee's rights to bring any future causes of action, including avoidance actions, under applicable sections of the Bankruptcy Code against ESL, Lampert, and others.

## CONCLUSION

WHEREFORE the Creditors' Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit 1**, granting the relief requested in the Objection and such other and further relief as may be just and proper.

New York, New York
Dated: January 26, 2019

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ *Ira S. Dizengoff*

Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Joseph L. Sorkin
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
E-mail: idizengoff@akingump.com
         pdublin@akingump.com
         aqureshi@akingump.com
         jsorkin@akingump.com

Lacy M. Lawrence (*pro hac vice* pending)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
E-mail: llawrence@akingump.com

*Counsel to the Official Committee of Unsecured
Creditors of Sears Holdings Corporation, et al.*

**EXHIBIT 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| **In re** | : | Chapter 11 |
|  | : |  |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | Case No. 18-23538 (RDD) |
|  | : |  |
| **Debtors.[1]** | : | (Jointly Administered) |
|  | : |  |

------------------------------------------------------------------------

## ORDER APPROVING PRELIMINARY OMNIBUS OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.,* TO THE ESL PROOFS OF CLAIM

Upon the Objection (the "Objection") of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holding Corporation ("Holdings") and its affiliated debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order disallowing, recharacterizing, or equitably subordinating the ESL Claims[2] under sections 105, 502, and 510 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein but defined shall the meanings given to them in the Objection.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Objection having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that there exists just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates and creditors and all other parties in interest; and upon the arguments and testimony presented at the hearing before the Court, and any responses to the Objection have been withdrawn, resolved, or overruled on the merits; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1.     The Objection is granted.

2.     Pursuant to Bankruptcy Code section 502(d) and Bankruptcy Rule 3007, the ESL Claims are disallowed or conditionally disallowed in their entireties unless and until (i) ESL returns the value of the property fraudulently transferred in connection with the Prepetition Transactions, or (ii) this Court has determined in a final order that that the Prepetition Transactions did not constitute transfers subject to avoidance pursuant to Bankruptcy Code sections 544 and 548, as well as applicable state law, and that property is not recoverable from ESL.

3.     Pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 3007, the ESL Claims are hereby recharacterized as equity of Sears Holdings Corporation.

4.     Pursuant to Bankruptcy Code section 510(c) and Bankruptcy Rule 3007, the ESL Claims are hereby equitably subordinated to the level of equity at Sears Holdings Corporation, with any liens securing such claims being transferred to the applicable Debtors' estates.

2

5.      The Creditors' Committee's rights to object on any ground to any proof of claim

filed by ESL or any other claimant at a later date are expressly preserved.

6.      The Creditors' Committee is authorized to take all actions necessary to effectuate

the relief granted pursuant to this Order in accordance with the Objection.

7.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

8.      To the extent this Order is inconsistent with any prior order or pleading with respect

to the Objection in these Chapter 11 Cases, the terms of the Order shall govern.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation of this Order.

New York, New York
Dated:[    ], 2019

_____

HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 2

**Reproduction of Exhibit G to the APA**

**Exhibit G**
**ESL's Allowed Claims Against the Debtors**

| Loan Facility | Allowed Amount Owed to ESL (as Defined in the Asset Purchase Agreement) Amounts as of October 15, 2018[1] |
| --- | --- |
| IP/Ground Lease Term Loan Facility | $187,327,014[2] |
| FILO Facility | $70,560,076.93 |
| Real Estate Loan 2020 | $726,483,196.21 |
| Second Lien Term Loan | $318,610,234 |
| Second Lien Line of Credit Facility | $507,072,878.33 |
| Second Lien PIK Notes | $21,346,945 |
| Citi L/C Facility | $108,410,464.44 |

---

[1] Amounts owed to ESL as to each claim listed are not less than the amounts set forth herein and may include additional claims for post-petition interest and all reasonable out-of-pocket expenses, including legal fees incurred by ESL by reason of the enforcement and protection of its rights in accordance with the applicable loan terms, plus any contingent and/or unliquidated claims not presently ascertainable. In the event that the Buyer or its affiliates purchase any additional obligations outstanding under any of the debt facilities listed in this Exhibit G prior to the Closing, the allowed amount in the right hand column shall be increased by the amount of the additional purchased debt obligations.

[2] On January 3, 2019, ESL purchased $31,887,343 of obligations outstanding under the IP/ Ground Lease Term Loan Facility, which amount is included in the total of amount of ESL's allowed claim on this Exhibit G

5

# EXHIBIT 3

**Proofs of Claim Filed by or on Behalf of ESL**

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7116 | 1/4/2019 | SL Agent, LLC as administrative agent | Sears, Roebuck and Co. | $834,963,055.51 | $726,483,196.21 |
| 7117 | 1/4/2019 | SL Agent, LLC, as administrative agent | Sears Holdings Corporation | $834,963,055.51 | $726,483,196.21 |
| 7121 | 1/4/2019 | SL Agent, LLC as administrative agent | Sears Development Co. | $834,963,055.51 | $726,483,196.21 |
| 7122 | 1/4/2019 | SL Agent, LLC, as administrative agent | Big Beaver of Florida Development, LLC | $834,963,055.51 | $726,483,196.21 |
| 7137 | 1/4/2019 | SL Agent, LLC, as administrative agent | SHC Desert Springs, LLC | $834,963,055.51 | $726,483,196.21 |
| 7169 | 1/4/2019 | JPP, LLC | Florida Builder Appliances, Inc. | $52,204,376.83 | $52,204,376.83 |
| 7170 | 1/4/2019 | JPP II, LLC | Florida Builder Appliances, Inc. | $18,355,700.10 | $18,355,700.10 |
| 7174 | 1/4/2019 | JPP II, LLC | A&E Home Delivery, LLC | $18,355,700.10 | $18,355,700.10 |
| 7175 | 1/4/2019 | JPP II, LLC | A&E Lawn & Garden, LLC | $18,355,700.10 | $18,355,700.10 |
| 7177 | 1/4/2019 | JPP II, LLC | California Builder Appliances, Inc. | $18,355,700.10 | $18,355,700.10 |
| 7181 | 1/4/2019 | JPP II, LLC | Kmart Holding Corporation | $18,355,700.10 | $18,355,700.10 |
| 7182 | 1/4/2019 | JPP II, LLC | Kmart Operations LLC | $18,355,700.10 | $18,355,700.10 |
| 7189 | 1/4/2019 | JPP, LLC | Private Brands, Ltd. | $52,204,376.83 | $52,204,376.83 |
| 7190 | 1/4/2019 | JPP II, LLC | Kmart.com LLC | $18,355,700.10 | $18,355,700.10 |

7

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7191 | 1/4/2019 | JPP II, LLC | Kmart Stores of Texas LLC | $18,355,700.10 | $18,355,700.10 |
| 7192 | 1/4/2019 | JPP II, LLC | MyGofer LLC | $18,355,700.10 | $18,355,700.10 |
| 7195 | 1/4/2019 | JPP, LLC | A&E Lawn & Garden, LLC | $80,199,593.52 | $80,199,593.52 |
| 7196 | 1/4/2019 | JPP II, LLC | SOE, Inc. | $18,355,700.10 | $18,355,700.10 |
| 7197 | 1/4/2019 | JPP II, LLC | Sears Operations LLC | $18,355,700.10 | $18,355,700.10 |
| 7198 | 1/4/2019 | JPP, LLC | Sears, Roebuck de Puerto Rico, Inc. | $52,204,376.83 | $52,204,376.83 |
| 7200 | 1/4/2019 | JPP, LLC | Kmart of Washington LLC | $80,199,593.52 | $80,199,593.52 |
| 7202 | 1/4/2019 | JPP II, LLC | KLC, Inc. | $18,355,700.10 | $18,355,700.10 |
| 7203 | 1/4/2019 | JPP, LLC | Kmart Holding Corporation | $80,199,593.52 | $80,199,593.52 |
| 7208 | 1/4/2019 | JPP II, LLC | A&E Lawn & Garden, LLC | $3,513,707 | $3,513,707 |
| 7214 | 1/4/2019 | JPP II, LLC | Sears Brands Management Corporation | $18,355,700.10 | $18,355,700.10 |
| 7215 | 1/4/2019 | JPP II, LLC | Kmart.com LLC | $3,513,707 | $3,513,707 |
| 7216 | 1/4/2019 | JPP II, LLC | Sears Protection Company (Florida), L.L.C. | $3,513,707 | $3,513,707 |
| 7217 | 1/4/2019 | JPP II, LLC | Florida Builder Appliances, Inc. | $28,210,870.92 | $28,210,870.92 |
| 7218 | 1/4/2019 | JPP II, LLC | A&E Factory Service, LLC | $18,355,700.10 | $18,355,700.10 |
| 7219 | 1/4/2019 | JPP II, LLC | Sears, Roebuck de Puerto Rico, Inc. | $18,355,700.10 | $18,355,700.10 |
| 7220 | 1/4/2019 | JPP II, LLC | Sears, Roebuck de Puerto Rico, Inc. | $3,513,707 | $3,513,707 |
| 7221 | 1/4/2019 | JPP II, LLC | A&E Signature Service, LLC | $18,355,700.10 | $18,355,700.10 |

8

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7222 | 1/4/2019 | JPP II, LLC | Sears Roebuck Acceptance Corp. | $28,210,870.92 | $28,210,870.92 |
| 7223 | 1/4/2019 | JPP II, LLC | California Builder Appliances, Inc. | $3,513,707 | $3,513,707 |
| 7224 | 1/4/2019 | JPP, LLC | Kmart of Washington LLC | $232,765,633 | $155,439,671 |
| 7225 | 1/4/2019 | JPP, LLC | Kmart of Washington LLC | $890,683,112.72 | $825,683,112.72 |
| 7226 | 1/4/2019 | JPP II, LLC | A&E Signature Service, LLC | $3,513,707 | $3,513,707 |
| 7227 | 1/4/2019 | JPP, LLC | Sears Roebuck Acceptance Corp. | $17,833,238 | $17,833,238 |
| 7228 | 1/4/2019 | JPP II, LLC | A&E Factory Service, LLC | $28,210,870.92 | $28,210,870.92 |
| 7229 | 1/4/2019 | JPP, LLC | Kmart Holding Corporation | $232,765,633 | $155,439,671 |
| 7230 | 1/4/2019 | JPP II, LLC | A&E Factory Service, LLC | $3,513,707 | $3,513,707 |
| 7232 | 1/4/2019 | JPP II, LLC | Sears Protection Company | $18,355,700.10 | $18,355,700.10 |
| 7233 | 1/4/2019 | JPP, LLC | Sears Roebuck Acceptance Corp. | $52,204,376.83 | $52,204,376.83 |
| 7234 | 1/4/2019 | JPP, LLC | A&E Home Delivery, LLC | $17,833,238 | $17,833,238 |
| 7235 | 1/4/2019 | JPP, LLC | Sears Protection Company (Florida), L.L.C. | $232,765,633 | $155,439,671 |
| 7236 | 1/4/2019 | JPP, LLC | MyGofer LLC | $17,833,238 | $17,833,238 |
| 7237 | 1/4/2019 | JPP, LLC | Sears, Roebuck de Puerto Rico, Inc. | $232,765,633 | $155,439,671 |
| 7239 | 1/4/2019 | JPP, LLC | A&E Home Delivery, LLC | $232,765,633 | $155,439,671 |

9

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7240 | 1/4/2019 | JPP, LLC | Kmart Corporation | $232,765,633 | $155,439,671 |
| 7241 | 1/4/2019 | JPP, LLC | Kmart Stores of Illinois LLC | $232,765,633 | $155,439,671 |
| 7242 | 1/4/2019 | JPP, LLC | Kmart of Michigan, Inc. | $232,765,633 | $155,439,671 |
| 7244 | 1/4/2019 | SL Agent, LLC as administrative agent | Troy Coolidge No. 13, LLC | $834,963,055.51 | $726,483,196.21 |
| 7245 | 1/4/2019 | JPP II, LLC | Kmart of Michigan, Inc. | $18,355,700.10 | $18,355,700.10 |
| 7247 | 1/4/2019 | JPP, LLC | Sears Operations LLC | $232,765,633 | $155,439,671 |
| 7249 | 1/4/2019 | JPP II, LLC | KLC, Inc. | $28,210,870.92 | $28,210,870.92 |
| 7251 | 1/4/2019 | JPP II, LLC | KLC, Inc. | $3,513,707 | $3,513,707 |
| 7253 | 1/4/2019 | JPP, LLC | Kmart Operations LLC | $890,683,112.72 | $825,683,112.72 |
| 7254 | 1/4/2019 | JPP II, LLC | Kmart of Washington LLC | $18,355,700.10 | $18,355,700.10 |
| 7255 | 1/4/2019 | JPP, LLC | Kmart.com LLC | $890,683,112.72 | $825,683,112.72 |
| 7256 | 1/4/2019 | JPP II, LLC | Kmart Stores of Illinois LLC | $18,355,700.10 | $18,355,700.10 |
| 7257 | 1/4/2019 | JPP II, LLC | Kmart Operations LLC | $3,513,707 | $3,513,707 |
| 7259 | 1/4/2019 | JPP II, LLC | Kmart Corporation | $18,355,700.10 | $18,355,700.10 |
| 7260 | 1/4/2019 | JPP II, LLC | Private Brands, Ltd. | $18,355,700.10 | $18,355,700.10 |
| 7261 | 1/4/2019 | JPP II, LLC | Sears Holdings Corporation | $18,355,700.10 | $18,355,700.10 |
| 7262 | 1/4/2019 | JPP II, LLC | Sears Holdings Management Corporation | $18,355,700.10 | $18,355,700.10 |
| 7263 | 1/4/2019 | JPP II, LLC | Sears Protection Company | $18,355,700.10 | $18,355,700.10 |

10

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| | | | (Florida), L.L.C. | | |
| 7264 | 1/4/2019 | JPP II, LLC | Sears Home Improvement Products, Inc. | $18,355,700.10 | $18,355,700.10 |
| 7266 | 1/4/2019 | JPP II, LLC | Sears Roebuck Acceptance Corp. | $18,355,700.10 | $18,355,700.10 |
| 7267 | 1/4/2019 | JPP II, LLC | Florida Builder Appliances, Inc. | $3,513,707 | $3,513,707 |
| 7268 | 1/4/2019 | JPP II, LLC | Sears, Roebuck and Co. | $18,355,700.10 | $18,355,700.10 |
| 7269 | 1/4/2019 | JPP II, LLC | Kmart Holding Corporation | $3,513,707 | $3,513,707 |
| 7270 | 1/4/2019 | JPP II, LLC | StarWest, LLC | $18,355,700.10 | $18,355,700.10 |
| 7271 | 1/4/2019 | JPP, LLC | A&E Factory Service, LLC | $52,204,376.83 | $52,204,376.83 |
| 7272 | 1/4/2019 | JPP, LLC | Sears Home Improvement Products, Inc. | $52,204,376.83 | $52,204,376.83 |
| 7273 | 1/4/2019 | JPP II, LLC | Kmart of Michigan, Inc. | $3,513,707 | $3,513,707 |
| 7274 | 1/4/2019 | JPP, LLC | Kmart Operations LLC | $80,199,593.52 | $80,199,593.52 |
| 7275 | 1/4/2019 | JPP II, LLC | MyGofer LLC | $3,513,707 | $3,513,707 |
| 7276 | 1/4/2019 | JPP II, LLC | Sears Brands Management Corporation | $3,513,707 | $3,513,707 |
| 7277 | 1/4/2019 | JPP II, LLC | Kmart Corporation | $3,513,707 | $3,513,707 |
| 7278 | 1/4/2019 | JPP II, LLC | Sears Holdings Corporation | $3,513,707 | $3,513,707 |
| 7279 | 1/4/2019 | JPP, LLC | A&E Lawn & Garden, LLC | $890,683,112.72 | $825,683,112.72 |
| 7280 | 1/4/2019 | JPP, LLC | Sears Protection Company | $890,683,112.72 | $825,683,112.72 |
| 7281 | 1/4/2019 | JPP, LLC | Sears Holdings Corporation | $17,833,238 | $17,833,238 |

11

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7282 | 1/4/2019 | JPP, LLC | Sears Roebuck Acceptance Corp. | $890,683,112.72 | $825,683,112.72 |
| 7283 | 1/4/2019 | JPP, LLC | KLC, Inc. | $17,833,238 | $17,833,238 |
| 7284 | 1/4/2019 | JPP, LLC | Sears, Roebuck de Puerto Rico, Inc. | $80,199,593.52 | $80,199,593.52 |
| 7285 | 1/4/2019 | JPP, LLC | Sears Protection Company (Florida), L.L.C. | $17,833,238 | $17,833,238 |
| 7295 | 1/4/2019 | JPP, LLC | Sears, Roebuck and Co. | $80,199,593.52 | $80,199,593.52 |
| 7304 | 1/4/2019 | JPP, LLC | Sears Protection Company | $52,204,376.83 | $52,204,376.83 |
| 7313 | 1/4/2019 | JPP, LLC | A&E Home Delivery, LLC | $80,199,593.52 | $80,199,593.52 |
| 7319 | 1/4/2019 | JPP II, LLC | Sears Holdings Management Corporation | $3,513,707 | $3,513,707 |
| 7321 | 1/4/2019 | JPP II, LLC | Sears Home Improvement Products, Inc. | $3,513,707 | $3,513,707 |
| 7323 | 1/4/2019 | JPP, LLC | Sears Holdings Management Corporation | $80,199,593.52 | $80,199,593.52 |
| 7324 | 1/4/2019 | JPP II, LLC | Sears Operations LLC | $3,513,707 | $3,513,707 |
| 7327 | 1/4/2019 | JPP, LLC | Kmart Holding Corporation | $52,204,376.83 | $52,204,376.83 |
| 7328 | 1/4/2019 | JPP, LLC | StarWest, LLC | $52,204,376.83 | $52,204,376.83 |
| 7329 | 1/4/2019 | JPP, LLC | Sears Brands Management Corporation | $80,199,593.52 | $80,199,593.52 |
| 7330 | 1/4/2019 | JPP, LLC | KLC, Inc. | $890,683,112.72 | $825,683,112.72 |
| 7331 | 1/4/2019 | JPP, LLC | Kmart Stores of Texas LLC | $52,204,376.83 | $52,204,376.83 |
| 7332 | 1/4/2019 | JPP, LLC | Kmart Corporation | $890,683,112.72 | $825,683,112.72 |

12

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7334 | 1/4/2019 | JPP, LLC | Kmart of Michigan, Inc. | $890,683,112.72 | $825,683,112.72 |
| 7335 | 1/4/2019 | JPP, LLC | Kmart Stores of Texas LLC | $17,833,238 | $17,833,238 |
| 7336 | 1/4/2019 | JPP, LLC | Kmart Operations LLC | $17,833,238 | $17,833,238 |
| 7338 | 1/4/2019 | JPP, LLC | Sears Home Improvement Products, Inc. | $80,199,593.52 | $80,199,593.52 |
| 7339 | 1/4/2019 | JPP, LLC | Sears Holdings Management Corporation | $17,833,238 | $17,833,238 |
| 7340 | 1/4/2019 | JPP, LLC | MyGofer LLC | $80,199,593.52 | $80,199,593.52 |
| 7341 | 1/4/2019 | JPP II, LLC | Sears, Roebuck and Co. | $3,513,707 | $3,513,707 |
| 7343 | 1/4/2019 | JPP II, LLC | Sears Protection Company | $3,513,707 | $3,513,707 |
| 7344 | 1/4/2019 | JPP, LLC | Sears, Roebuck and Co. | $52,204,376.83 | $52,204,376.83 |
| 7345 | 1/4/2019 | JPP II, LLC | Sears Roebuck Acceptance Corp. | $3,513,707 | $3,513,707 |
| 7347 | 1/4/2019 | JPP, LLC | Kmart of Washington LLC | $17,833,238 | $17,833,238 |
| 7348 | 1/4/2019 | JPP II, LLC | SOE, Inc. | $3,513,707 | $3,513,707 |
| 7349 | 1/4/2019 | JPP, LLC | StarWest, LLC | $890,683,112.72 | $890,683,112.72 |
| 7350 | 1/4/2019 | JPP II, LLC | StarWest, LLC | $3,513,707 | $3,513,707 |
| 7351 | 1/4/2019 | JPP, LLC | Kmart Stores of Texas LLC | $80,199,593.52 | $80,199,593.52 |
| 7352 | 1/4/2019 | JPP II, LLC | Kmart Stores of Texas LLC | $3,513,707 | $3,513,707 |
| 7353 | 1/4/2019 | JPP II, LLC | Kmart of Washington LLC | $3,513,707 | $3,513,707 |
| 7354 | 1/4/2019 | JPP, LLC | Kmart Stores of Illinois LLC | $890,683,112.72 | $825,683,112.72 |
| 7355 | 1/4/2019 | JPP II, LLC | Kmart Stores of Illinois LLC | $3,513,707 | $3,513,707 |

13

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7356 | 1/4/2019 | JPP, LLC | Florida Builder Appliances, Inc. | $17,833,238 | $17,833,238 |
| 7357 | 1/4/2019 | JPP II, LLC | Private Brands, Ltd. | $3,513,707 | $3,513,707 |
| 7358 | 1/4/2019 | JPP II, LLC | Kmart.com LLC | $28,210,870.92 | $28,210,870.92 |
| 7359 | 1/4/2019 | JPP II, LLC | A&E Home Delivery, LLC | $3,513,707 | $3,513,707 |
| 7360 | 1/4/2019 | JPP II, LLC | A&E Home Delivery, LLC | $28,210,870.92 | $28,210,870.92 |
| 7361 | 1/4/2019 | JPP II, LLC | Kmart Holding Corporation | $28,210,870.92 | $28,210,870.92 |
| 7362 | 1/4/2019 | JPP II, LLC | Sears, Roebuck de Puerto Rico, Inc. | $28,210,870.92 | $28,210,870.92 |
| 7363 | 1/4/2019 | JPP II, LLC | Kmart Stores of Illinois LLC | $28,210,870.92 | $28,210,870.92 |
| 7364 | 1/4/2019 | JPP, LLC | Private Brands, Ltd. | $17,833,238 | $17,833,238 |
| 7365 | 1/4/2019 | JPP II, LLC | Sears Holdings Corporation | $28,210,870.92 | $28,210,870.92 |
| 7366 | 1/4/2019 | JPP II, LLC | SOE, Inc. | $28,210,870.92 | $28,210,870.92 |
| 7367 | 1/4/2019 | JPP II, LLC | Kmart of Washington LLC | $28,210,870.92 | $28,210,870.92 |
| 7368 | 1/4/2019 | JPP II, LLC | Kmart Stores of Texas LLC | $28,210,870.92 | $28,210,870.92 |
| 7369 | 1/4/2019 | JPP II, LLC | Sears Protection Company | $28,210,870.92 | $28,210,870.92 |
| 7370 | 1/4/2019 | JPP, LLC | Sears Operations LLC | $890,683,112.72 | $825,683,112.72 |
| 7371 | 1/4/2019 | JPP, LLC | A&E Lawn & Garden, LLC | $232,765,633 | $155,439,671 |
| 7372 | 1/4/2019 | JPP, LLC | Sears Protection Company (Florida), L.L.C. | $890,683,112.72 | $825,683,112.72 |
| 7373 | 1/4/2019 | JPP, LLC | Kmart of Michigan, Inc. | $80,199,593.52 | $80,199,593.52 |

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7374 | 1/4/2019 | JPP, LLC | Sears, Roebuck and Co. | $890,683,112.72 | $825,683,112.72 |
| 7375 | 1/4/2019 | JPP, LLC | Sears Brands Business Unit Corporation | $232,765,633 | $155,439,671 |
| 7376 | 1/4/2019 | JPP, LLC | Florida Builder Appliances, Inc. | $80,199,593.52 | $80,199,593.52 |
| 7377 | 1/4/2019 | JPP, LLC | Kmart Operations LLC | $232,765,633 | $155,439,671 |
| 7378 | 1/4/2019 | JPP II, LLC | Kmart Operations LLC | $28,210,870.92 | $28,210,870.92 |
| 7380 | 1/4/2019 | JPP, LLC | Sears Brands Management Corporation | $232,765,633 | $155,439,671 |
| 7381 | 1/4/2019 | JPP, LLC | Kmart Stores of Texas LLC | $232,765,633 | $155,439,671 |
| 7382 | 1/4/2019 | JPP II, LLC | Kmart Corporation | $28,210,870.92 | $28,210,870.92 |
| 7384 | 1/4/2019 | JPP, LLC | Kmart Stores of Texas LLC | $890,683,112.72 | $825,683,112.72 |
| 7385 | 1/4/2019 | JPP, LLC | Sears Protection Company (Florida), L.L.C. | $52,204,376.83 | $52,204,376.83 |
| 7386 | 1/4/2019 | JPP II, LLC | StarWest, LLC | $28,210,870.92 | $28,210,870.92 |
| 7387 | 1/4/2019 | JPP II, LLC | A&E Lawn & Garden, LLC | $28,210,870.92 | $28,210,870.92 |
| 7388 | 1/4/2019 | JPP II, LLC | A&E Signature Service, LLC | $28,210,870.92 | $28,210,870.92 |
| 7389 | 1/4/2019 | JPP II, LLC | California Builder Appliances, Inc. | $28,210,870.92 | $28,210,870.92 |
| 7390 | 1/4/2019 | JPP, LLC | SOE, Inc. | $80,199,593.52 | $80,199,593.52 |
| 7391 | 1/4/2019 | JPP II, LLC | Kmart of Michigan, Inc. | $28,210,870.92 | |
| 7392 | 1/4/2019 | JPP II, LLC | Private Brands, Ltd. | $28,210,870.92 | $28,210,870.92 |

15

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7393 | 1/4/2019 | JPP II, LLC | Sears Operations LLC | $28,210,870.92 | $28,210,870.92 |
| 7394 | 1/4/2019 | JPP II, LLC | Sears Protection Company (Florida), L.L.C. | $28,210,870.92 | $28,210,870.92 |
| 7395 | 1/4/2019 | JPP II, LLC | Sears, Roebuck and Co. | $28,210,870.92 | $28,210,870.92 |
| 7396 | 1/4/2019 | JPP, LLC | Sears Home Improvement Products, Inc. | $232,765,633 | $155,439,671 |
| 7397 | 1/4/2019 | JPP II, LLC | Sears Brands Management Corporation | $28,210,870.92 | $28,210,870.92 |
| 7398 | 1/4/2019 | JPP II, LLC | Sears Holdings Management Corporation | $28,210,870.92 | $28,210,870.92 |
| 7399 | 1/4/2019 | JPP II, LLC | Sears Home Improvement Products, Inc. | $28,210,870.92 | $28,210,870.92 |
| 7400 | 1/4/2019 | JPP II, LLC | MyGofer LLC | $28,210,870.92 | $28,210,870.92 |
| 7402 | 1/4/2019 | JPP, LLC | Kmart of Michigan, Inc. | $52,204,376.83 | $52,204,376.83 |
| 7410 | 1/4/2019 | SL Agent, LLC, as administrative agent | Kmart Stores of Illinois LLC | $834,963,055.51 | $726,483,196.21 |
| 7411 | 1/4/2019 | JPP, LLC | California Builder Appliances, Inc. | $232,765,633 | $155,439,671 |
| 7415 | 1/4/2019 | JPP, LLC | Sears Holdings Corporation | $52,204,376.83 | $52,204,376.83 |
| 7416 | 1/4/2019 | JPP, LLC | Kmart.com LLC | $52,204,376.83 | $52,204,376.83 |
| 7417 | 1/4/2019 | JPP, LLC | Kmart of Washington LLC | $52,204,376.83 | $52,204,376.83 |
| 7419 | 1/4/2019 | JPP, LLC | A&E Lawn & Garden, LLC | $52,204,376.83 | $52,204,376.83 |
| 7420 | 1/4/2019 | JPP, LLC | Private Brands, Ltd. | $890,683,112.72 | $825,683,112.72 |

16

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7421 | 1/4/2019 | JPP, LLC | A&E Factory Service, LLC | $80,199,593.52 | $80,199,593.52 |
| 7422 | 1/4/2019 | JPP, LLC | Kmart Corporation | $52,204,376.83 | $52,204,376.83 |
| 7423 | 1/4/2019 | JPP, LLC | A&E Signature Service, LLC | $52,204,376.83 | $52,204,376.83 |
| 7424 | 1/4/2019 | JPP, LLC | Sears Operations LLC | $80,199,593.52 | $80,199,593.52 |
| 7425 | 1/4/2019 | JPP, LLC | Kmart Operations LLC | $52,204,376.83 | $52,204,376.83 |
| 7426 | 1/4/2019 | JPP, LLC | MyGofer LLC | $52,204,376.83 | $52,204,376.83 |
| 7427 | 1/4/2019 | JPP, LLC | KLC, Inc. | $52,204,376.83 | $52,204,376.83 |
| 7428 | 1/4/2019 | JPP, LLC | Kmart Corporation | $80,199,593.52 | $80,199,593.52 |
| 7435 | 1/4/2019 | JPP, LLC | A&E Signature Service, LLC | $890,683,112.72 | $825,683,112.72 |
| 7436 | 1/4/2019 | JPP, LLC | California Builder Appliances, Inc. | $52,204,376.83 | $52,204,376.83 |
| 7437 | 1/4/2019 | JPP, LLC | California Builder Appliances, Inc. | $890,683,112.72 | $825,683,112.72 |
| 7438 | 1/4/2019 | JPP, LLC | Kmart Stores of Illinois LLC | $80,199,593.52 | $80,199,593.52 |
| 7440 | 1/4/2019 | JPP, LLC | Sears Holdings Corporation | $80,199,593.52 | $80,199,593.52 |
| 7444 | 1/4/2019 | JPP, LLC | California Builder Appliances, Inc. | $17,833,238 | $17,833,238 |
| 7447 | 1/4/2019 | JPP, LLC | Sears Brands, L.L.C. | $232,765,633 | $155,439,671 |
| 7452 | 1/4/2019 | JPP, LLC | A&E Factory Service, LLC | $17,833,238 | $17,833,238 |
| 7454 | 1/4/2019 | JPP, LLC | A&E Signature Service, LLC | $17,833,238 | $17,833,238 |
| 7455 | 1/4/2019 | JPP, LLC | A&E Factory Service, LLC | $890,683,112.72 | $825,683,112.72 |

17

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7459 | 1/4/2019 | JPP, LLC | A&E Lawn & Garden, LLC | $17,833,238 | $17,833,238 |
| 7462 | 1/4/2019 | JPP, LLC | Kmart Stores of Illinois LLC | $52,204,376.83 | $52,204,376.83 |
| 7468 | 1/4/2019 | JPP, LLC | Sears Holdings Corporation | $232,765,633 | $155,439,671 |
| 7470 | 1/4/2019 | JPP, LLC | Private Brands, Ltd. | $80,199,593.52 | $80,199,593.52 |
| 7472 | 1/4/2019 | JPP, LLC | Sears Protection Company | $232,765,633 | $155,439,671 |
| 7473 | 1/4/2019 | JPP, LLC | MyGofer LLC | $232,765,633 | $155,439,671 |
| 7474 | 1/4/2019 | JPP, LLC | Florida Builder Appliances, Inc. | $890,683,112.72 | $825,683,112.72 |
| 7475 | 1/4/2019 | JPP, LLC | A&E Home Delivery, LLC | $52,204,376.83 | $52,204,376.83 |
| 7476 | 1/4/2019 | JPP, LLC | MyGofer LLC | $890,683,112.72 | $825,683,112.72 |
| 7477 | 1/4/2019 | JPP, LLC | A&E Home Delivery, LLC | $890,683,112.72 | $825,683,112.72 |
| 7478 | 1/4/2019 | JPP, LLC | Sears Holdings Management Corporation | $52,204,376.83 | $52,204,376.83 |
| 7479 | 1/4/2019 | SL Agent, LLC, as administrative agent | Innovel Solutions, Inc. | $834,963,055.51 | $726,483,196.21 |
| 7480 | 1/4/2019 | JPP, LLC | Sears Holdings Management Corporation | $890,683,112.72 | $825,683,112.72 |
| 7481 | 1/4/2019 | SL Agent, LLC as administrative agent | Kmart of Washington LLC | $834,963,055.51 | $726,483,196.21 |
| 7482 | 1/4/2019 | JPP, LLC | Sears Brands Management Corporation | $890,683,112.72 | $825,683,112.72 |
| 7483 | 1/4/2019 | JPP, LLC | SOE, Inc. | $232,765,633 | $155,439,671 |
| 7484 | 1/4/2019 | JPP, LLC | KLC, Inc. | $80,199,593.52 | $80,199,593.52 |
| 7485 | 1/4/2019 | SL Agent, LLC, as administrative agent | Kmart Corporation | $834,963,055.51 | $726,483,196.21 |

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7486 | 1/4/2019 | JPP, LLC | Sears Roebuck Acceptance Corp. | $80,199,593.52 | $80,199,593.52 |
| 7487 | 1/4/2019 | JPP, LLC | Sears Home Improvement Products, Inc. | $17,833,238 | $17,833,238 |
| 7488 | 1/4/2019 | SL Agent, LLC, as administrative agent | Sears Holdings Management Corporation | $834,963,055.51 | $726,483,196.21 |
| 7489 | 1/4/2019 | JPP, LLC | StarWest, LLC | $80,199,593.52 | $80,199,593.52 |
| 7490 | 1/4/2019 | JPP, LLC | Sears Holdings Corporation | $890,683,112.72 | $825,683,112.72 |
| 7492 | 1/4/2019 | JPP, LLC | Sears Home Improvement Products, Inc. | $890,683,112.72 | $825,683,112.72 |
| 7493 | 1/4/2019 | JPP, LLC | Sears Operations LLC | $52,204,376.83 | $52,204,376.83 |
| 7494 | 1/4/2019 | JPP, LLC | SOE, Inc. | $52,204,376.83 | $52,204,376.83 |
| 7496 | 1/4/2019 | SL Agent, LLC, as administrative agent | MaxServ, Inc. | $834,963,055.51 | $726,483,196.21 |
| 7497 | 1/4/2019 | JPP, LLC | Sears, Roebuck de Puerto Rico, Inc. | $17,833,238 | $17,833,238 |
| 7498 | 1/4/2019 | JPP, LLC | Sears, Roebuck and Co. | $232,765,633 | $155,439,671 |
| 7499 | 1/4/2019 | JPP, LLC | STI Merchandising, Inc. | $232,765,633 | $155,439,671 |
| 7500 | 1/4/2019 | JPP, LLC | A&E Signature Service, LLC | $80,199,593.52 | $80,199,593.52 |
| 7501 | 1/4/2019 | JPP, LLC | Kmart.com LLC | $232,765,633 | $155,439,671 |
| 7502 | 1/4/2019 | JPP, LLC | Sears Development Co. | $232,765,633 | $155,439,671 |
| 7504 | 1/4/2019 | JPP, LLC | Sears Protection Company | $80,199,593.52 | $80,199,593.52 |

19

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7505 | 1/4/2019 | JPP, LLC | Sears Protection Company | $17,833,238 | $17,833,238 |
| 7506 | 1/4/2019 | JPP, LLC | Kmart Holding Corporation | $17,833,238 | $17,833,238 |
| 7507 | 1/4/2019 | JPP, LLC | Kmart Corporation | $17,833,238 | $17,833,238 |
| 7509 | 1/4/2019 | JPP, LLC | KLC, Inc. | $232,765,633 | $155,439,671 |
| 7510 | 1/4/2019 | JPP, LLC | Kmart of Michigan, Inc. | $17,833,238 | $17,833,238 |
| 7511 | 1/4/2019 | JPP, LLC | Kmart Holding Corporation | $890,683,112.72 | $825,683,112.72 |
| 7512 | 1/4/2019 | JPP, LLC | Kmart.com LLC | $80,199,593.52 | $80,199,593.52 |
| 7514 | 1/4/2019 | JPP, LLC | Private Brands, Ltd. | $232,765,633 | $155,439,671 |
| 7515 | 1/4/2019 | JPP, LLC | Sears, Roebuck de Puerto Rico, Inc. | $890,683,112.72 | $825,683,112.72 |
| 7518 | 1/4/2019 | JPP, LLC | Sears Roebuck Acceptance Corp. | $232,765,633 | $155,439,671 |
| 7519 | 1/4/2019 | JPP, LLC | StarWest, LLC | $17,833,238 | $17,833,238 |
| 7521 | 1/4/2019 | JPP, LLC | Sears Brands Management Corporation | $17,833,238 | $17,833,238 |
| 7522 | 1/4/2019 | JPP, LLC | Sears Holdings Management Corporation | $232,765,633 | $155,439,671 |
| 7523 | 1/4/2019 | JPP, LLC | California Builder Appliances, Inc. | $80,199,593.52 | $80,199,593.52 |
| 7524 | 1/4/2019 | JPP, LLC | StarWest, LLC | $232,765,633 | $155,439,671 |
| 7525 | 1/4/2019 | JPP, LLC | Sears, Roebuck and Co. | $17,833,238 | $17,833,238 |
| 7526 | 1/4/2019 | JPP, LLC | Sears Protection Company (Florida), L.L.C. | $80,199,593.52 | $80,199,593.52 |

| Claim Number | File Date | Creditor Name | Debtor Name | Claim Value | ESL Claim Value |
|---|---|---|---|---|---|
| 7527 | 1/4/2019 | JPP, LLC | Sears Brands Management Corporation | $52,204,376.83 | $52,204,376.83 |
| 7528 | 1/4/2019 | JPP, LLC | Florida Builder Appliances, Inc. | $232,765,633 | $155,439,671 |
| 7529 | 1/4/2019 | JPP, LLC | SOE, Inc. | $17,833,238 | $17,833,238 |
| 7530 | 1/4/2019 | JPP, LLC | Kmart Stores of Illinois LLC | $17,833,238 | $17,833,238 |
| 7534 | 1/4/2019 | JPP, LLC | SOE, Inc. | $890,683,112.72 | $825,683,112.72 |
| 7535 | 1/4/2019 | JPP, LLC | Kmart.com LLC | $17,833,238 | $17,833,238 |
| 7536 | 1/4/2019 | JPP, LLC | A&E Factory Service, LLC | $232,765,633 | $155,439,671 |
| 7537 | 1/4/2019 | JPP, LLC | Sears Operations LLC | $17,833,238 | $17,833,238 |
| 7541 | 1/4/2019 | JPP, LLC | A&E Signature Service, LLC | $232,765,633 | $155,439,671 |