Law Office of Thomas A. Farinella, P.C.
*Attorney for Stockton Mariposa LLC*
260 Madison Avenue, Suite 8090
New York, New York 10016
(917) 319-8579
Thomas A. Farinella

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
| | |
|---|---|
| In re: | Chapter 11 |
| | |
| SEARS HOLDINGS CORPORATION, et. al., | Case No. 18-23538-rdd |
| | |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------------X

**STOCKTON MARIPOSA, LLC'S OBJECTION AND RESERVATION
OF RIGHTS TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION
WITH GLOBAL SALE TRANSACTION**

Stockton Mariposa, LLC, LLC ("Landlord"), through counsel, hereby submits this objection and reservation of rights (the "Objection") to the Debtors' Notice of Cure Costs and Potential Assumption of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (the "Cure Notice"), and respectfully represents as follows:

**Introduction**

1. On October 15, 2018, the above captioned debtors (the "Debtors") filed a petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On January 18, 2019, the Debtors filed their Cure Notice [Docket No. 1731] ("Cure Notice"). Per the Cure Notice, the Debtors indicated the contracts and leases to be potentially assumed and assigned and the corresponding cure costs associated with each. The amount set forth in the Cure Notice does not reflect all outstanding balances owing to the Landlord under the Lease, and the

proposed amount does not include accrued but unbilled charges which may be due in the future under the Lease.

3. The amount set forth in the Cure Notice does not reflect the outstanding balance due and owing to the Landlord under the Lease, and there is no proposed cure which should include accrued unbilled charges which may come due in the future or for attorney's fees. Therefore, the cure amount set forth by the Debtors must be modified to reflect the additional charges owing, as well as recognize the liability of the Debtors to pay for the accruing charges due under the Leases and attorney's fees, as set forth herein.

## Objection

### The Cure Amounts, Including Attorneys' Fees, Under the Lease Must be Paid

4. As a condition to any assumption and assignment of the Leases, all defaults must be cured upon assumption. 11 U.S.C. §365(b)(1)(A). The Landlord hereby objects to the proposed cure amount set forth in the Cure Notice.

5. As of the date of this Objection, there is no cure amount set forth below (the claim is being referred to as a "Cure Claim". The Cure Claim set forth reflects the base cure claim amount subject to additional qualifications and modifications (such as reimbursement of attorney's fees) as more fully set forth below:

6. Landlord reserves its right to amend the cure amount to include all amounts owing through the date of assumption.

7. The Cure Amount set forth above, pursuant to the terms of the Lease and 11 U.S.C. §365(b), includes a reasonable amount for attorneys' fees actually incurred as a result of the Debtors' bankruptcy case in amount to be determined. See, e.g., In re Pelican Pool, 2009 Bankr. LEXIS 4623 (Bankr. D.N.J. July 27, 2009); In Westview 74th Street Drug Corp., 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption), Travelers

Cas. & Su. Co. Co. of A. v. Pacific Gas and El. Co., 127 S. Ct. 1199, 1203 (2007) (holding that a party is entitled to be reimbursed for its attorneys' fees when there exists an "enforceable contract allocating attorneys' fees"); In re East 44th Realty, LLC, No. 07 Civ 8799, 2008 U.S. Dist. LEXIS 7337 (S.D.N.Y. 2008) affirming bankruptcy court's finding that a $1.7 million settlement of attorneys' fees to a landlord was reasonable.); In re Beltway Medical, Inc., 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006) "Where the trustee or debtor-in-possession fails to perform the primary obligation under the lease (i.e. to pay rent), and the landlord incurs legal fees seeking to obtain payment, it follows that the attorneys' fees, if authorized under the lease and linked to enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation"); In re Entertainment, Inc., 223 B.R. 141, 152-154 (Bankr. E.D. Ill. 1998) (attorneys' fees must be paid as provided for in the assumed lease). The Debtors are obligated to cure all defaults under the Leases and compensate the Landlords for their actual pecuniary losses as a result of defaults under the Leases. See 11 U.S. C. §365(b)(1)(A) and (B).

8. The contact information for the Objecting Landlord to discuss this cure objection is:

> Thomas A. Farinella, Esq.
> tf@lawtaf.com
> Fax: (646) 349-3209 Telephone: (917) 319-8579

9. Landlord reserves its right to amend its Cure Claim to account for accrued but unpaid percentage rent and taxes and further amounts allowed by applicable bankruptcy and non-bankruptcy law, which have not yet been billed or have not yet become due under the terms of the Lease.

10. Section 365(b) requires that a debtor cure all defaults in conjunction with a lease assumption.

11. In addition to rent and related monthly charges, costs to maintain building, attorney's fees, costs, and interest, some charges for which the Debtors bear responsibility under the Lease have not been calculated such as accrued building maintenance, unbilled taxes and percentage rent.

12. Landlord reserves the right to increase or further reconcile the cure claims set forth herein for items such as, but not limited to, claims for rent, taxes, costs, fees, and any additional cure amounts due under the Lease, as the Debtor is still in the property and are accruing expenses.

### Reservation of Rights and Joinder

13. The Landlord reserves any and all rights to supplement or amend this Objection and expressly reserve the right to object to any additional relief sought by the Debtors in connection with the Leases.

14. The Landlord joins in any objections filed by the Debtors' other landlords with respect to the Cure Notice to the extent that such objections are not inconsistent with this Objection.

15. To the extent that rent, attorneys' fee or other charges continue to accrue either before or after a potential assignment, or Landlord suffers other pecuniary losses under its Lease, Landlord reserves its right to amend its cure amounts for such amounts or for any other reasons.

16. Landlord reserves all rights to contest the assumption and assignment of its Lease.

WHEREFORE, Landlord respectfully requests that the Court deny the relief requested in the Cure Notice as to the Lease in accordance with this Objection and grant the Landlord any additional and further relief the Courts deems just and proper

Dated: New York, New York
January 26, 2019

**Law Office of Thomas A. Farinella**
*Attorney Stockton Mariposa, LLC*

By: */s/ Thomas A. Farinella*
Thomas A. Farinella, Esq.
260 Madison Avenue, Suite 8090
New York, New York 10016
(917) 319-8579

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2019, a copy of the foregoing CURE COSTS AND ADEQUATE ASSURANCE OBJECTION OF STOCKTON MARIPOSA, LLC TO DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION was served in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures (Docket No. 405) and the Order Approving Global Bidding Procedures (Docket No. 816) on the following parties: (i) all parties listed on the Master Service List maintained by the Debtors' claims and noticing agent; (ii) all parties entitled to receive electronic service in these cases through the Court's CM/ECF System; and (iii) the Objection Recipients.

/s/ Thomas A. Farinella
Thomas A. Farinella, Esq.