AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Ira S. Dizengoff
Philip C. Dublin
Abid Qureshi
Joseph L. Sorkin
Sara Brauner

*Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 18-23538 (RDD) |
| Debtors. | ) (Jointly Administered) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF SEARS HOLDINGS CORPORATION, *ET AL.* FOR LEAVE TO FILE UNDER SEAL
PORTIONS OF THE CREDITORS' COMMITTEE'S OBJECTION TO THE SALE OF
<u>SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS TO ESL INVESTMENTS, INC.</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation ("Holdings") and its affiliated debtors and debtors in possession (collectively, the "Debtors" and, together with their non-Debtor affiliates, the "Company" or "Sears"), by and through its undersigned counsel, respectfully submits this motion (the "Sealing Motion") pursuant to the *Amended Stipulated Protective Order* entered on December 4, 2018 [ECF No. 1084] (the "Amended Stipulated Protective Order"), requiring the filing under seal of certain redacted portions of the Objection of the Official Committee of Unsecured Creditors to Sale of Substantially All of the Debtors' Assets to ESL Investments, Inc. (the "Sale Objection") and the exhibits thereto (together, the "Sealed Documents"), should the Court determine that the material should be withheld from the public. A proposed order is attached hereto as **Exhibit 1**.

## PRELIMINARY STATEMENT

1. The Debtors seek approval of a sale to ESL (the "ESL Sale") of substantially all of the Debtors' assets. However, the Debtors cannot meet their burden of showing that the ESL Sale is in the best interests of the Debtors' estates.

2. As detailed fully in the Sale Objection, together with the supporting declarations and expert reports, the Creditors' Committee objects to the ESL Sale on a number of grounds, including that the ESL Sale:

- would render the Debtors' estates administratively insolvent;

- is premised upon an unreasonable and unrealistic business plan and liquidity forecast;

- is an insider deal that would release viable and valuable claims, causes of action and remedies against ESL for woefully insufficient consideration;

- allows ESL to acquire substantially all of Sears's assets (many of which are unencumbered) primarily through an improper credit bid of over $1.3 billion of disputed claims;

- resulted directly from a deficient marketing and auction process run exclusively for ESL's benefit; and

- is inferior to the higher and better alternative of an orderly asset monetization and going-out-of-business process for the benefit of all of the Debtors' creditors.

3. The Debtors' decision to select ESL as the successful bidder notwithstanding their significant (and unresolved) administrative solvency concerns, exacerbated by the myriad deficiencies in ESL's bid discussed in the Sale Objection, neither withstands heightened scrutiny required in connection with an insider transaction nor supports a sound exercise of the Debtors' business judgment.

4. Pursuant to the *Order Approving Global Bidding Procedures and Granting Related Relief entered on November 11, 2018* [ECF No. 816], the Creditors' Committee is required to file its Sale Objection by 4:00 p.m. ET on Saturday, January 26, 2018. As the Sale Objection references materials that have been designated by other parties as "Confidential" or "Highly Confidential," the Creditors' Committee is complying with its obligations under the Amended Stipulated Protective Order to seek to file certain portions of the Sale Objection under seal. However, the Creditors' Committee believes that this is a matter of public interest that should be litigated in open court, and that its Sale Objection should therefore be filed without any redactions. The Creditors' Committee will promptly confer with the relevant parties to determine whether agreement can be reached on publicly filing the Sale Objection. While such discussions are ongoing, and given the significant public interest in this matter, the Creditors' Committee will also file a redacted version of the Sealed Documents on the public docket as soon as reasonably practicable.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

6. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7. The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a) and 107(b), Bankruptcy Rule 9018 and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

**BACKGROUND**

8. To facilitate the provision of confidential materials to the Creditors' Committee throughout these cases in connection with the discovery requests and conversations among the parties, the Debtors and the Creditors' Committee entered into a stipulated protective order, which was filed and so-ordered by the Court on November 9, 2018 [ECF No. 605]. The Debtors and the Creditors' Committee subsequently entered into the Amended Stipulated Protective Order on December 4, 2018 [ECF No. 1084].

9. The Amended Stipulated Protective Order sets forth the procedures for designating discovery material as either Confidential or Highly Confidential and provides the terms for the limited use of such materials. Moreover, the Amended Stipulated Protective Order governs the use of Confidential and Highly Confidential materials in pleadings or other papers filed with the Court. Specifically, the Amended Stipulated Protective Order requires that all portions of pleadings, motions or other papers filed with the Court that disclose Confidential or Highly Confidential materials be filed under seal. *See* Amended Stipulated Protective Order ¶ 13.

10. The Creditors' Committee has received numerous documents from the Debtors, ESL, and others and their respective professionals in connection with the discovery process, as well as interview testimony from several witnesses who testified on behalf of the Debtors, ESL and their respective professionals. Additionally, the Creditors' Committee has deposed certain key witnesses in connection with the Sale Objection.

11. On January 17, 2018, the Debtors officially closed the auction for the sale of substantially all of the Debtors' assets with an announcement that ESL was the successful bidder. For myriad reasons set forth fully in the Sale Objection, the Creditors' Committee opposes the proposed sale.

## BASIS FOR RELIEF

12. The Sealed Documents rely upon, describe and cite to documents, testimony and information that have been designated wholesale under the Amended Stipulated Protective Order as Confidential or Highly Confidential. The Creditors' Committee does not believe these designations are necessary. This is a matter of significant public interest and should be heard entirely in open court. However, pursuant to the Amended Stipulated Protective Order, the Creditors' Committee is required to file portions of the Sale Objection under seal.

13. In the interest of time and pursuant to its obligations under paragraph 13 of the Amended Stipulated Protective Order, counsel to the Creditors' Committee will work with counsel to the Debtors and ESL to determine whether they will remove their confidentiality designations and to determine what portions of the Sale Objection, if any, should be filed under seal. In the interim, unredacted versions of the Sale Objection will be provided to the Court, the Debtors, ESL and the United States Trustee for Region 2.

14.     Simultaneous to its discussions with the Debtors and ESL, in light of the significant public interest in this matter, the Creditors' Committee intends to file a redacted version of the Sealed Documents on the public docket as soon as reasonably practicable.

## RESERVATION OF RIGHTS

15.     The Creditors' Committee reserves its right to object to the designation of Confidential and Highly Confidential information, including the designation of the information contained in the Sealed Documents.

## NOTICE

16.     Notice of this Sealing Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 [ECF No. 405]. The Creditors' Committee respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, the Creditors' Committee respectfully requests that the Court authorize it to file the Sealed Documents under seal or any such other and further relief deemed just, proper, and equitable.

| | |
|---|---|
| New York, New York<br>Dated:  January 26, 2019 | AKIN GUMP STRAUSS HAUER & FELD LLP<br><br>By: /s/  *Ira S. Dizengoff*<br>Ira S. Dizengoff<br>Philip C. Dublin<br>Abid Qureshi<br>Joseph L. Sorkin<br>Sara Brauner<br>One Bryant Park<br>New York, New York 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>idizengoff@akingump.com<br>pdublin@akingump.com<br>aqureshi@akingump.com<br>jsorkin@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al.* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | ) Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 18-23538 (RDD) |
| Debtors. | ) (Jointly Administered) |

**ORDER ON MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL*. FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THE CREDITORS' COMMITTEE'S OBJECTION TO THE SALE OF <u>SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS TO ESL INVESTMENTS, INC.</u>**

Upon the motion (the "<u>Sealing Motion</u>")[2] of the Creditors' Committee; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Sealing Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein but not defined shall have the meanings given to them in the Sealing Motion.

the Sealing Motion is pursuant to the Amended Stipulated Protective Order [ECF No. 1084]; and the Court having found that the Creditors' Committee provided appropriate notice of the Sealing Motion; and the Court having reviewed the Sealed Documents and determined that the Sealed Documents should not be filed under seal; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Creditors' Committee is authorized to file the Sealed Documents in unredacted form on the docket.

2. Notice of the Sealing Motion as provided therein shall be deemed good and sufficient and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

3. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The Creditors' Committee is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE