Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to Norton Mailman Associates
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,       Case No. 18-23538 (RDD)

                    Debtors.
------------------------------------------------------------x

### OBJECTION OF NORTON MAILMAN ASSOCIATES TO NOTICE OF CURE AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION

Norton Mailman Associates (the "Landlord"), by and through it undersigned counsel, as and for its objection to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* (the "Cure Notice") filed by debtors Sears Holdings Corporation, *et al.* (collectively, the "Debtors"), respectfully represents and alleges as follows:

### BACKGROUND

1. On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court and Orders for Relief were entered.

2. The Landlord and debtor Sears, Roebuck and Co. are parties to two (2) unexpired leases (collectively, the "Lease") regarding commercial premises located at 800 Sunrise Mall, Massapequa, New York (Debtors' Store No. 1404) (the "Premises").

3. Pursuant to the Cure Notice, the Debtors assert their intention to assume and assign the Lease and list the amount proposed to be paid to the Landlord for the purposes of curing the Debtors' pre-petition obligations thereunder as being $29,226 (the "Proposed Cure Amount"). While its does not object to the assumption and assignment of the Lease as proposed by the Debtor, the Proposed Cure Amount is not accurate and, thus, the Landlord hereby objects thereto.

4. Specifically, in May 2015, and pursuant to an express rent escalation clause in the Lease, the monthly base rent payable under the Lease increased by 5% to $27,723.92 per month. However, the Debtors failed to pay the correct, increased rent amount resulting in a total rent underpayment of $53,320.36 as of the Petition Date as reflected on the summary attached hereto as *Exhibit "A"*. The Debtors have since agreed to recognize and pay the correct rent amount from and after the Petition Date.

5. As such, the correct amount that must be paid to the Landlord in order to cure the Debtors' pre-petition obligations under the lease total $53,320.36 (less any portion of that amount that is attributable to the post-petition portion of the October 2018 rent that might separately be paid by the Debtors) and not $29,226 as asserted by the Debtors.

**WHEREFORE**, the Landlord respectfully requests that the Court sustain this objection, approve the cure amount set forth herein, and grant such other and further relief as may be just and proper.

Dated: New York, New York  
January 28, 2019

PICK & ZABICKI LLP  
Counsel to Norton Mailman Associates

By: _____  
Douglas J. Pick  
369 Lexington Avenue, 12th Floor  
New York, New York 10017  
(212) 695-6000

2

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2019, a true copy of the foregoing *Objection of Norton Mailman Associates to Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* was: (a) electronically filed with this Court and was served electronically via the Court's ECF/PACER system upon those parties entitled to receive electronic notice in connection with this case; and (b) served vie e-mail upon counsel to the Bid Notice Parties, the Consultation Parties, and the Successful Bidder.

_____
ERIC C. ZABICKI