**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                              :
                                                   :       **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,          :
                                                   :       **Case No. 18-23538 (RDD)**
                                                   :
              Debtors.[1]                          :       **(Jointly Administered)**
------------------------------------------------------------x

**LIMITED OBJECTION OF TRI-COUNTY MALL, LLC TO NOTICE OF CURE COSTS
AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES IN CONNECTION
WITH GLOBAL SALE TRANSACTION**

In accordance with the Order Approving Global Bidding Procedures and Granting Related Relief (ECF No. 816) (the "**Global Bidding Procedures Order**") and the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (ECF No.1731) (the "**Cure Costs Notice**"), Tri-County Mall, LLC ("**TCM**"), by and through its attorneys, hereby files this limited objection to cure costs.[2] TCM does not currently dispute the amount of cure costs set forth in the Cure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] The objection deadline of January 28, 2019 at 4:00 p.m. was extended as to TCM by consent of Debtors' counsel.

Costs Notice and exhibits with respect to TCM. Rather TCM submits this limited objection for the sole purpose of identifying certain nonmonetary defaults under the relevant agreement and preserving its rights with respect to such nonmonetary defaults and any monetary defaults that may occur hereafter through the date of closing of any assumption and assignment of the Lease. In support of its Objection, TCM respectfully states as follows:

## BACKGROUND

1. Beginning on October 15, 2018 (the "**Petition Date**") and continuing thereafter, each of the Debtors commenced a voluntary case under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") with this Court. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

2. On January 18, 2019, the Debtors filed the Cure Costs Notice setting forth those executory contracts and non-residential real property leases that may be potentially assumed and assigned in connection with the proposed global sale of assets.

3. TCM is the owner of certain non-residential real property located in Springdale, Ohio and commonly known as Tri County Shopping Center (the "**Shopping Center**").

4. As of the Petition Date, a portion of the Shopping Center is leased to Sears Roebuck and Co. (the "**Leasing Debtor**") pursuant a Ground Lease dated November 24, 1965, as amended by (a) letter agreement dated December 2, 1965 and acknowledged and approved January 19, 1966, (b) Supplement to Ground Lease dated July 26, 1968, (c) Amendment to Ground Lease dated December 14, 1988, the (d) the Fourth Amendment to Ground Lease dated June 1, 1990, and (e) various other letter agreements (collectively, the "**Lease**") (Due to the voluminous nature of the Lease, it is not attached hereto, but will be provided upon request.)

5.  The Lease is not listed on Exhibit B to the Cure Costs Notice which purports to list those leases related to retail stores that may assumed and assigned in connection with the proposed global sale of assets. TCM, however, is identified under Exhibit A to the Cure Costs Notice as the counterparty to an unspecified executory contract that may be assumed and assigned in connection with the proposed global sale of assets. As the Lease to TCM's knowledge is the only executory agreement between TCM and Debtors, TCM assumes that (a) the unspecified contract is the Lease, and (b) TCM was incorrectly listed under Exhibit A as opposed to Exhibit B.[3]

6.  Exhibit A does not specify any associated cure costs in connection with the possible assignment and assumption of the unidentified executory contract. TCM agrees that no monetary defaults currently exist under the Lease in the form of unpaid rent or related amounts.[4]

## OBJECTION

7.  In order to assume a lease of nonresidential real property, a debtor must not only cure the monetary defaults under the instrument. It must cure any nonmonetary defaults as well. Section 365(b)(1)(A) of the Bankruptcy Code provides that if a nonmonetary default arises from a failure to operate in accordance with a lease of nonresidential real property, the debtor must cure the default by performance at and after the time of assumption in accordance with the lease. Pursuant to §365(b)(1)(A) of the Bankruptcy Code, therefore, the Leasing Debtor must cure any nonmonetary defaults arising under the Lease by performance at and after the time of assumption.

---

[3] TCM has attempted to verify its assumptions and clarify any error with Debtors' counsel. Debtors' counsel, however, has yet to provide a substantive response to TCM's inquiries.

[4] Additional cure amounts may become known or accrue under this Lease after the date of this Objection. TCM reserves the right to supplement, modify or amend this Objection to assert any additional cure amounts that become due under the Lease hereafter through the date of the closing of any assumption and assignment of the Lease. Specifically, but without limitation, TCM has recently invoiced the Leasing Debtor for real estate taxes with respect to the leased premises for the first half of 2018 in the amount of $80,921.93, which taxes the Leasing Debtor is responsible for paying under the terms of the Lease.

8.      While no monetary defaults currently exist under the Lease, certain material nonmonetary defaults do exist under the Lease.  The Leasing Debtor has failed to comply with the requirements set forth in Article 16 of the original Ground Lease, as amended and restated in its entirety in Section 18 of the Amendment to Ground Lease dated December 14, 1988, regarding maintenance and upkeep of the leased premises.  Specifically, the Leasing Debtor has failed to satisfy the requirements under Article 16(d)(i) (maintain the vehicle parking areas and access drives within the leased premises); Article 16(d)(ii) (maintain at all times those common areas located on the leased premises in good order and repair); Article 16(d)(iii) (install, maintain and employ all necessary and adequate signs and marking to designate such parking areas and control the flow of traffic); and Article 16(f) (maintain all buildings and other facilities … in good order).

9.      The Leasing Debtor has allowed the parking areas and access drives within the leased premises to fall into disrepair and failed to or refused to correct the situation.  It has failed to resurface, mark and repair the parking areas and maintain the landscaping.  The Leasing Debtor has further failed to keep up its free standing building on the leased premises which building formerly housed the Leasing Debtor's automotive repair facility.  The building has become dilapidated, with broken windows and other issues.  TCM estimates that cost for Leasing Debtor or any assignee comply with the provisions of Lease and cure these nonmonetary defaults will be approximately $125,000.00.

## CONCLUSION

WHEREFORE, for the above reasons, TCM respectfully requests that the Court enter and Order (i) establishing that Debtors or an proposed assignee must cure the nonmonetary defaults

4

under the Lease by performance at or after assumption; and (ii) granting such other and further relief as is just and proper under the circumstances.

Dated:  January 28, 2019

                Respectfully submitted,

                CHIESA SHAHINIAN & GIANTOMASI PC

                */s/ Frank Peretore*
                Frank Peretore
                One Boland Drive
                West Orange, NJ 07052
                Telephone: (973) 325-1500
                Fax No.: (973) 325-1501
                fperetore@csglaw.com

                -and-

                Susan K. Cliffel (*pending admission Pro Hac Vice*)
                PORTER WRIGHT MORRIS & ARTHUR LLP
                250 East Fifth Street, Suite 2200
                Cincinnati, OH 45202
                Telephone: 513.369.4215
                Fax: 513.421.0991
                *SCliffel@porterwright.com*

                *Attorneys for Tri-County Mall, LLC*

DMS/11940749~~11940747~~v.1