.
Donna H. Lieberman, Esq.
**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th floor
New York, New York 10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

and

Kevin S. Neiman, Esq.
**LAW OFFICES OF KEVIN S. NEIMAN, PC**
999 18th Street, Suite 1230 S
Denver, CO  80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Properties Landlords*

Hearing Date: February 4, 2019
Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
|
In re:                                                                        |    Chapter 11
|    Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.*,            |
|    (Jointly Administered)
Debtors.            |
|
-------------------------------------------------------------x

**OBJECTION AND RESERVATION OF RIGHTS OF NW GAITHERSBURG LLC TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH <u>GLOBAL SALE TRANSACTION</u>**

NW Gaithersburg LLC ("<u>NWG</u>"), by and through its undersigned counsel, submits this objection and reservation of rights (the "<u>Objection</u>") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [D.N. 1731] (as amended from time to time, the "<u>Notice</u>").[1] In support of this Objection, NWG respectfully states:

---

[1]   Terms used but not defined herein shall have the meaning ascribed to such terms in the Notice or the APA (defined herein).

**BACKGROUND**

1. On October 15, 2018, the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. NWG is the lessor under that certain *Leaseback* dated as of May 18, 2018 between NWG and lessee and debtor Sears, Roebuck and Co. (the "Debtor") for non-residential real property located in Gaithersburg, Maryland (the "Lease"). Under the Lease and on the Debtors' exhibits, the leased property is often described as Store No. 1754. A copy of the Lease is attached hereto as **Exhibit A**.

3. On January 18, 2019, in connection with the Global Asset Sale Transaction, the Debtors filed (i) the Notice, proposing to potentially assume and assign the Lease and listing a "Cure Amount" of $70,000, as well as (ii) a *Notice of Successful Bidder and Sale Hearing* [D.N.1730] (the "Auction Notice"). The asset purchase agreement between the Debtors and the Buyer is attached to the Auction Notice and is hereafter referred to as the "APA."

**OBJECTION**

4. NWG objects to the proposed cure amount in the Notice because it is incorrect. As set forth in **Exhibit B** hereto, the correct amount is $184,483.22, comprised of pre-petition Lease charges in the amount of $51,561.79 and post-petition Lease charges in the amount of $132,921.43 (the "Cure Amount").[2]

5. Moreover, the Cure Amount represents the known amounts due and owing to NWG

---

[2] With regard to the post-petition charges, as depicted by green shading in Exhibit B, $88,909.40 was actually received by NWG via checks, but the checks have yet to clear; as such, out of an abundance of caution, NWG includes such amounts herein. Upon the checks clearing, NWG will appropriately adjust the Cure Amount.

under the Lease only through January 25, 2019.  The Cure Amount may increase prior to any actual date of assumption and assignment of the Lease if the Debtor does not timely pay all amounts that accrue and are payable thereunder.  Accordingly, NWG expressly reserves its right to amend or supplement this Objection and the Cure Amount from time to time.

6. Assumption and assignment of the Lease is, pursuant to statute, conditioned on the Debtor's compliance with the requirements of section 365 of the Bankruptcy Code, including, but not limited to, curing both monetary and non-monetary defaults.  NWG therefore respectfully submits that the terms of both the APA and any order authorizing assumption and assignment should be modified to provide that:

a) Until the effective date of the assumption and assignment (the "Assignment Date"), the Debtor shall remain liable for, among other things: (i) post-petition rent and other charges under the Lease; (ii) amounts accruing under the Lease that may be unbilled as of the date hereof; (iii) any regular or periodic adjustment of charges under the Lease; (iv) any non-monetary defaults; and (v) insurance, indemnification, and other contractual obligations under the Lease.  *See* 11 U.S.C. § 365(b)(1).

b) From and including the Assignment Date and thereafter, the Assignee must be responsible for all Lease obligations, including year-end adjustments and other charges that may have accrued during or relate to (in whole or in part) the period prior to the Assignment Date, but be billable and/or payable after that date.  The APA at Sections 2.4(b) and 2.5 appears to eliminate such Lease obligations.

c) The APA also appears to improperly eliminate NWG's right to seek indemnification under Section 21 of the Lease by releasing the Debtor from all liability and obligation to NWG upon the Assignment Date, but specifically providing that the Assignee is not liable for events that occurred prior to the Assignment.  Therefore, for example, in the event of a third party claim relating to an incident that occurred at the leased premises prior to the Assignment Date, it appears that neither the Debtor nor its Assignee would honor the tenant's obligations under Section 21.

d) The Assignee must honor any and all existing reciprocal easement agreements, as well as any other obligations that run with the land (certain of these obligations are specifically referenced in the Lease).

7. In addition, there is a lack of clarity in the APA regarding the procedures for the resolution of cure disputes, the amounts that will be reserved in connection with such disputes, and

whether or not these funds will be held in escrow. NWG therefore reserves the right to object upon disclosure of what procedures the Debtors propose.

## RESERVATION OF RIGHTS

8.  Nothing in this Objection is intended to be, or should be construed as, a waiver by NWG of any of its rights under the Lease, the Bankruptcy Code, or applicable law. NWG expressly reserves all such rights, including, without limitation, the right to: (i) supplement and/or amend this Objection and to assert additional objections to the proposed assumption and assignment of the Lease on any and all grounds; (ii) amend the Cure Amount; (iii) assert additional non-monetary defaults under the Lease; (iv) assert any rights for indemnification or contribution against the Debtor arising under the Lease; and (v) assert any further objections as it deems necessary or appropriate.

9.  In addition, the APA contemplates that leases may be assigned to "Assignees" identified by the Buyer. *See* APA, Sections 2.7(a) and 5.2(a). The definition of Assignees in Section 1.1 of the APA is very broad, and is not limited to the Buyer, or even to the Buyer and its affiliates. As a result, NWG does not know with certainty whether the Lease will be assigned to the Buyer or another entity. If the proposed Assignee of the Lease is not the Buyer, NWG is entitled to receive and review adequate assurance information from the proposed assignee, and specifically reserves its right to object to the assignment should it find that the assignee has not established to NWG's satisfaction its ability to meet Lease obligations.

## JOINDER

10. NWG joins in the objections to the Debtor's (or other Debtors) requested relief filed by other landlords and parties-in-interest to the extent they are not inconsistent with this Objection.

## CONCLUSION

WHEREFORE, NWG respectfully requests that this Court enter an order: (i) sustaining this

Objection; and (ii) granting NWG such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: January 28, 2019

Respectfully submitted,

**HALPERIN BATTAGLIA BENZIJA, LLP**

/s/ *Donna H. Lieberman*
Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY  10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

- and-

Kevin S. Neiman, Esq.
**LAW OFFICES OF KEVIN S. NEIMAN, PC**
999 18th Street, Suite 1230 S
Denver, CO  80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to NW Gaithersburg LLC*