WARNER NORCROSS + JUDD LLP
Gordon J. Toering, Esq. (admitted *Pro Hac Vice*)
900 Fifth Third Center
111 Lyon Street, NW
Grand Rapids, Michigan 49503
T:  (616) 752-2185
F:  (616) 222-2185
gtoering@wnj.com
*Attorneys for Chervon (HK), Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.,* | ) ) | Case No. 18-23538 (RDD) |
| Debtors. | ) ) ) | (Joint Administration Requested) Objection Deadline: Jan. 28, 2019 at 4 p.m. ET[1] |

**CHERVON (HK), LTD.'S LIMITED OBJECTION TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS IN CONNECTION WITH GLOBAL SALE TRANSACTION, DEMAND FOR ADEQUATE ASSURANCE OF FUTURE PERFORMANCE, AND RESERVATION OF RIGHTS**

Chervon (HK), Ltd. ("**Chervon**") hereby files this Limited Objection to the Debtors' *Notice of Cure Costs and Potential Assumption of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "**Cure Notice**") [Docket No. 1731]. As set forth below, Chervon believes the contracts and cure amounts identified in the Cure Notice were mistakenly identified. Chervon files this Limited Objection to reserve its rights until such time as Debtors, Transform Holdco, LLC ("**Buyer**") and Chervon are able to correctly identify and agree upon the proposed assumed agreements and respective cure amounts. Chervon, Debtors, and Buyer are working to resolve the issues identified herein and Chervon is hopeful that all of the issues can be resolved by mutual agreement.

---

[1] Debtors and Transform Holdco, LLC agreed to extend the deadline for Chervon (HK), Ltd.'s deadline to file this Limited Objection to January 28, 2019 at 4 p.m. ET.

## BACKGROUND

1. On October 15, 2018, the Debtors filed a petition for relief under Chapter 11 of Title 11 of the United States Code with this Court.

2. Chervon and Debtors are parties to a Supply Agreement dated January 1, 2012, as amended by a First Amendment effective January 1, 2017, and as further amended by a Second Amendment dated October 31, 2018 (collectively, the "**Product Supply Agreement**").

3. The Product Supply Agreement has renewed and remains effective between the parties.

4. On January 18, 2019, the Debtors filed their Cure Notice, which lists the contracts to be potentially assumed and assigned by the Debtors and the corresponding cure costs associated with each.

5. The Cure Notice identifies two executory contracts relating to Chervon:

| No. | Debtor Counterparty(s) | Counterparty Name | Contract Title | Contract Executed Date | Contract Expiration Date | Contract Number | Cure Amount |
|---|---|---|---|---|---|---|---|
| 1580 | Sears, Roebuck and Co. | Chervon (HK) Limited[2] | Home Services-Chervon (HK) Limited-MPA 2018 | 2/12/2018 | 02/11/2022 | CW2336049 | $1,965,059 |
| 1581 | Sears Holdings Management Corporation | Chervon (HK) Ltd. | Payment Accommodation | N/A | N/A | 536117 | |

## LIMITED OBJECTION

6. Under section 365(b)(1) of the Bankruptcy Code, a debtor can assume an executory contract only if the debtor, at the time of assumption, (i) cures or provides adequate assurance that the debtor will promptly cure any and all outstanding defaults, (ii) compensates or provides adequate assurance that the debtor will promptly compensate for any actual pecuniary

---

[2] The Cure Notice had a typographical error in Line 1580 that referred to Chervon as "Chevron".

2

losses resulting from such default, and (iii) provides adequate assurance of future performance. 11 U.S.C. § 365(b)(1).

7.   The Cure Notice lists the "MPA 2018" and a "Payment Accommodation" as possible agreements to be assumed and assigned.

**I.   Limited Objection to the Proposed Cure Amounts**

8.   The Cure Notice proposes a cure amount of $1,965,059 for the "MPA 2018." Based on discussions with the Debtors, the "MPA 2018" is a February 12, 2018 Purchase Agreement executed between Debtors and Chervon for repair and replacement parts.[3] The MPA 2018 agreement will be referred to in this Limited Objection as the "**Parts Purchase Agreement**".

9.   The cure amount listed for the Parts Purchase Agreement is $1,965,059. However, the Parts Purchase Agreement listed in the Cure Notice is not the primary agreement between the parties – the primary agreement is the Product Supply Agreement (as defined above).

10.   The cure amount owing for the Parts Purchase Agreement is far less than the US $1,965,059 listed in the Cure Notice, and therefore Chervon does not object to the cure amount for the Parts Purchase Agreement.  However, Chervon believes that the Debtors may have intended to list the Product Supply Agreement (and possibly the Parts Purchase Agreement) in the Cure Notice for possible assumption and assignment to the Buyer.

11.   At this time, Chervon believes that the cure amount listed for the Parts Purchase Agreement (US $1,965,059) is the applicable cure amount for the assumption and assignment of

---

[3] The expiration date listed in the Cure Notice for this contract is not consistent with the terms of the February 12, 2018 Purchase Agreement.

3

both the Product Supply Agreement and the Parts Purchase Agreement, but that is subject to further investigation and review.

12. Subject to such further investigation and review, and subject to being provided with adequate assurance of future performance (see below), Chervon does not have any objection to the assumption and assignment of the Parts Purchase Agreement or the Product Supply Agreement if Chervon is provided the proposed cure amount of $1,965,059. Yet Chervon is unsure about whether Debtors intend to assume and assign both contracts, and this remains under further discussions with Debtors and the Buyer.

13. For the above reasons, Chervon reserves its rights to object to the assumption and assignment of the Parts Purchase Agreement.

14. The second contract listed by the Debtors in the Cure Notice is the Payment Accommodation. Chervon cannot identify this agreement, and Chervon has requested that Debtors provide a copy of the agreement or identify it in more detail.

15. As of this time, Debtors have not provided a copy of the Payment Accommodation to Chervon. Without the ability to identify and review the Payment Accommodation, Chervon cannot concede that the assumption and assignment of the agreement is appropriate or that the proposed cure amount of $0 is adequate.

16. For that reason, Chervon reserves its rights to object to the assumption of the Payment Accommodation agreement when it is definitively identified by the Debtors or the Buyer.

**II.    Objection to the Adequate Assurances Provided by Buyer**

17. Under section 365(b)(1) of the Bankruptcy Code, the Debtors are required to provide adequate assurance of future performance. Chervon does not believe that it is required

to extend any credit to the Debtors or to the Buyer (whether under the Product Supply Agreement, the Parts Purchase Agreement or the Payment Accommodation) and therefore Chervon does not believe that adequate assurance of future performance is applicable here. However, to the extent that Debtors or the Buyer may assert that Chervon is required to extend credit, Chervon objects to the proposed adequate assurance of performance that has been provided by the Buyer as of this time. Chervon looks forward to continuing discussions with the Buyer in this regard.

## **RESERVATION OF RIGHTS**

18.     Chervon reserves all of its rights, and Chervon reserves the right to make other objections as may be appropriate and to supplement, amend, or revise this Limited Objection.

WHEREFORE, Chervon requests that this Court (i) sustain this Limited Objection; and (ii) grant Chervon such other and further relief as this Court deems just and appropriate under the circumstances.

Dated:  January 28, 2019

/s/ Gordon J. Toering_____
Gordon J. Toering
Warner Norcross + Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503-2497
Phone: 616.752.2185
Email:  gtoering@wnj.com

*Attorneys for Chervon (HK) Ltd.*

18076835

5