IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> **SEARS HOLDING CORPORATION, *et al.*,** <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-23538 (RDD) <br><br> (Jointly Administered) |

**RESERVATION OF RIGHTS OF TMAXSOFT, INC. WITH RESPECT TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT**

TmaxSoft, Inc. ("TmaxSoft"), by and through its undersigned counsel, hereby submits this reservation of rights (the "Reservation of Rights") with respect to the proposed assumption and assignment of the Master Software and Services Agreement dated October 25, 2017 (the "MSSA"), by and between TmaxSoft and Sears Holding Management Corporation ("Sears"), and the Statement of Work #1 dated October 25, 2017 (the "SOW," and, together with the MSSA, the "Contract"), by and between TmaxSoft and Sears, on behalf of itself and its affiliates, to the Successful Bidder in connection with the Global Asset Sale Transaction, as set forth in the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in connection with Global Sale Transaction [Dkt. No. 1731] (the "Assumption and Assignment Notice").[1]

1.  The Contract is listed as item number 6964 on Exhibit A to the Assumption and Assignment Notice as an executory contract that may be assumed and assigned to the Buyer pursuant to the Asset Purchase Agreement.

2.  Exhibit A to the Assumption and Assignment Notice lists the Contract as not having any Cure Amount associated with assumption of the Contract.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Assumption and Assignment Notice.

3. TmaxSoft does not object to the proposed Assumption and Assignment to the Successful Bidder of the Contract. Moreover, TmaxSoft is not aware of any monetary defaults under the Contract. As such, TmaxSoft does not object to the Cure Amount listed for the Contract in the Assumption and Assignment Notice.

4. TmaxSoft files this Reservation of Rights solely to inform the Court and the Successful Bidder of certain relevant facts and to reserve its rights with respect to the Contract and the proposed assumption and assignment to the Successful Bidder.

5. The Debtors have paid all post-petition invoices under the Contract as they came due. In addition, there are no invoices due and payable from the pre-petition period that have not been paid.

6. TmaxSoft performed work beginning in the pre-petition period and continues to perform work under the Contract. Specifically, TmaxSoft has substantially completed software implementation services for which the Debtors agreed to pay $848,000, which amount has not yet been invoiced and is not due and payable at this time (the "Implementation Costs"). In addition, TmaxSoft has invoiced the Debtors $120,000 relating to software subscription fees that remain outstanding but are not yet due and payable (the "Incurred Subscription Costs"). Moreover, over 32 months remain of the total subscription term commitment of 36 months under the SOW (the costs for such remaining term, the "Future Subscription Costs," and together with the Implementation Costs and the Incurred Subscription Costs, the "Assumed Payment Obligations").

7. As a result of the proposed assumption and assignment of the Contract to the Successful Bidder, the Successful Bidder will be obligated to make all payments under the Contract as they become due and payable, including the Assumed Payment Obligations, and to

satisfy all of the Debtors' other obligations under the Contract, and TmaxSoft reserves all rights, arguments, claims, and defenses to the extent that the Successful Bidder fails to satisfy any such obligations.

WHEREFORE, TmaxSoft reserves all rights, arguments, claims, and defenses under the Contract in connection with the assumption and assignment of the Contract to the Successful Bidder, including with respect to the Assumed Payment Obligations.

Dated:  January 28, 2019
       San Francisco, California

**KELLER & BENVENUTTI LLP**

/s/ Jane Kim
Jane Kim
650 California Street, Suite 1900
San Francisco, California 94108
Tel:  (415) 796-0709
Fax:  (650) 636-9251
Email: jkim@kellerbenvenutti.com

*Attorneys for TmaxSoft, Inc.*

# Exhibit A

**(Proposed Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DELIVERY AGENT, INC. et al.,[1] | Case No. 16-12051 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. _____ |

## ORDER AUTHORIZING THE DEBTORS TO []

The Court has considered the Debtors' Motion for an Order Authorizing the Debtors to [] (the "Motion").[2]  The Court has reviewed the Motion and considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing").  The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (ii) venue is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. section 157(b); (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable.  After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows:  Delivery Agent, Inc. (8744), Musictoday, LLC (7995), Clean Fun Promotional Marketing, Inc. (6635), and Shop the Shows, LLC (n/a).  The notice address for all of the Debtors is:  300 California Street, 3rd Floor, San Francisco, California 94104.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

estates, and their creditors and (ii) necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Debtors are authorized to [].

3. Notwithstanding anything to the contrary contained herein, any authorization contained hereunder shall be subject to the requirements imposed on the Debtors under any order approving the Debtors' postpetition financing facility (the "DIP Order") and the documentation in respect of the postpetition financing facility (the "DIP Documents"), and nothing herein shall alter the rights of the secured parties under the DIP Order or DIP Documents, and to the extent of any conflict between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order shall govern.

4. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

5. This Order shall be immediately effective and enforceable upon its entry. The fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order

Dated:  September __, 2016  
       Wilmington, Delaware

                                                THE HONORABLE  
                                                LAURIE SELBER SILVERSTEIN  
                                                United States Bankruptcy Judge