BUCHANAN INGERSOLL & ROONEY PC
640 5th Avenue, 9th Floor
New York, NY 10019-6102
Telephone: (212) 440-4400
Facsimile: (212) 440-4401
Christopher P. Schueller

*Attorneys for FedEx Supply Chain, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SEARS HOLDING CORPORATION, *et al.*,[1]** | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF FEDEX SUPPLY CHAIN, INC.
TO THE DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
<u>UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

FedEx Supply Chain, Inc. ("FSC"), by and through its undersigned counsel, hereby submits this limited objection to the cure amount proposed in connection with the potential assumption and assignment of the Debtors' agreement with FSC, as listed in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* [Docket No. 1731] (the "Assumption and Assignment Notice"). In support of this limited objection, FSC states as follows:

## BACKGROUND

1. On or about October 15, 2018 (the "Petition Date"), Sears Holding Corporation and certain of its affiliates ("Debtors"), including Innovel Solutions, Inc. ("Innovel") filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

2. On or about December 3, 2018, FSC filed a proof of claim against the estate of Innovel which has been registered as Claim Number 5812 ("Proof of Claim").

3. As set forth more fully in the Proof of Claim, which is incorporated herein by reference, on or about February 1, 2011, GENCO I, Inc. (n/k/a FSC), GENCO Transportation management, LLC (n/k/a FedEx Custom Critical, Inc.), and Sears Logistics Services, Inc. (n/k/a Innovel), among others, entered into a certain Master Services Agreement (as the same may have been or may be amended or modified from time to time, the "MSA"). Professional services are and have been rendered by FSC[2] to Innovel under the MSA pursuant to that certain Statement of Work #1 dated February 1, 2011 (as amended from time to time through and including Fifth Amendment to SOW #1 Central Returns Center dated July 1, 2018, "SOW #1", together with the

---

[2] Professional services have also been rendered by FedEx Custom Critical, Inc. to Innovel under the MSA pursuant to that certain Statement of Work #2, as modified from time to time, which Statement of Work is subject to a separate limited objection, filed contemporaneously herewith, setting forth additional cure amounts required to be paid in connection with any assumption of the MSA. *See also*, Proof of Claim # 6301.

2

MSA, the "Service Contract"). As a result of assignment, operation of law and/or entity name changes, FSC and Innovel are the respective successor parties bound by the Service Contract.

4. Pre-petition arrears are due and owing by Innovel to FSC under the Service Contract in the amount of $1,377,112.38 (the "Cure Claim"), which amount must be paid in full prior to any assumption and assignment of the Service Contract as it pertains to FSC.[3] 11 U.S.C. § 365(b)(1); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) (an executory contract must be assumed or rejected in its entirety).

5. On or about January 18, 2019, Debtors filed the Assumption and Assignment Notice, which appears to identify the Service Contract as Number 2848, FedEx "Supply Chain – GENCO – Invoicing Project Work" (Number 2848) with a proposed cure amount of $721,121 ("Proposed Cure Amount"). *See* Assumption and Assignment Notice; Exhibit A, p. 119, No. 2848.

## OBJECTION

6. FSC hereby objects to the Assumption and Assignment Notice for two principal reasons.

7. First, the Service Contract (*see* ¶ 3 above) and counterparty (FSC) are not accurately described.

8. Second, the Proposed Cure Amount is incorrect. As set forth above, the Cure Claim is $1,377,112.38.

9. Upon information and belief, the Debtors and FSC agree that the Cure Claim is proper. Since the filing of the Assumption and Assignment, a representative of the Debtors has

---

[3] Post-petition arrears may also be due and owing and all rights with respect thereto are reserved.

confirmed that the Debtors and FSC agree that FSC's pre-petition claim under the Service Contract is $1,377,112.38. However, as of the date hereof no stipulation has been entered and therefore FSC is filing this limited objection in an abundance of caution.

10. The Debtors should be required to modify the Assumption and Assignment Notice to accurately reflect the Service Contract and to reflect the proper Cure Claim of FSC.

11. FSC further objects to the Assumption and Assignment Notice to the extent that it purports to affect or cure any post-petition claims of FSC against the Debtors and their estates. FSC reserves the right to pursue administrative expense claims for services provided to the Debtors post-petition. FSC further reserves all rights and remedies, including, but not limited to, objecting to the assumption, assignment or rejection of the Service Contract on any basis other than the proposed cure amount.

WHEREFORE, FedEx Supply Chain, Inc. respectfully requests that the Court enter an Order providing that Innovel cannot assume or assign the Service Contract without payment to FedEx Supply Chain, Inc. of $1,377,112.38, together with such other and further relief as is just and proper.

Dated:  January 28, 2019
        New York, New York

**FEDEX SUPPLY CHAIN, INC.**

*/s/ Christopher P. Schueller*
Christopher P. Schueller
BUCHANAN INGERSOLL & ROONEY PC
640 5th Avenue, 9th Floor
New York, NY 10019-6102
Telephone: (212) 440-4400
Facsimile: (212) 440-4401

4838-5493-0822, v. 3