# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered)<br><br>Re: Docket No. 1730<br><br>Obj. Deadline: January 28, 2019 at 4:00 p.m. (ET)<br>(extended by agreement with Debtors' counsel) |

**ALAN ROBBINS, ASTON PROPERTIES, BENDERSON DEVELOPMENT COMPANY LLC, BROOKFIELD PROPERTIES RETAIL GROUP, GREGORY GREENFIELD & ASSOCIATES, LTD., GRAY ENTERPRISES, LP, THE TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP, D/B/A KAMEHAMEHA SCHOOLS, LBA REALTY, LLC, NASSIMI REALTY LLC, RADIANT PARTNERS LLC, REALTY INCOME CORP., REGENCY CENTERS CORP., SHOPCORE PROPERTIES, L.P., SITE CENTERS CORP., SUN VALLEY, LTD., TLM REALTY CORP. AND WEINGARTEN REALTY INVESTORS' OBJECTION TO GLOBAL ASSET SALE TRANSACTION, SALE ORDER, AND ASSET PURCHASE AGREEMENT**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Alan Robbins, Aston Properties, Benderson Development Company LLC, Brookfield Properties Retail Group, Gregory Greenfield & Associates, Ltd., Gray Enterprises, LP, The Trustees of the Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LBA Realty, LLC, Nassimi Realty LLC, Radiant Partners LLC, Realty Income Corp., Regency Centers Corp., Shopcore Properties, L.P., Site Centers Corp., Sun Valley, LTD., TLM Realty Corp., and Weingarten Realty Investors (the "Landlords") by and through its undersigned counsel, hereby objects (the "Objection") to certain terms of the Asset Purchase Agreement (the "APA," and the transactions contemplated thereby the "Global Asset Sale Transaction") and the proposed order approving the Global Asset Sale Transaction (the "Sale Order") filed as exhibits to the Notice of Successful Bidder and Sale Hearing.[2]  In support of this Objection, the Landlords respectfully state as follows:

## PRELIMINARY STATEMENT

1.  The Landlords do not object to the Debtors attempt to sell substantially all of their assets to the Buyer, Transform Holdco, LLC.  However, in addition to the issues raised in the cure objection filed separately, the Landlords have numerous objections to the APA and Sale Order provisions that are both inconsistent and strip the Landlords of statutory protections.  These inconsistencies potentially leave the Landlords without recourse to either the Debtors or the Buyer: At a minimum, the Landlords take issue with the following provisions:

- Lease assignments must be subject to all provisions of the Leases including payment of accrued but unbilled charges and year- end adjustments.

- Cure of defaults must include non-monetary defaults.

- Lease designation rights procedures must contain mechanisms for Landlords to supplement previously filed cure amounts and be provided with adequate assurance

---

[2]   Docket No. 1730.

information from any proposed assignees with adequate time to assess, conduct diligence and object, if necessary.

- The Sale Order should not inappropriately and prematurely invalidate lease provisions, extend go-dark periods, sever Master Leases or removes restrictive covenants from reciprocal easement agreements that run with the land and were carefully preserved in Bidding Procedures Order.

- The Landlord's should receive notice and an opportunity to respond to any assignment of the Buyer's rights under the APA to any third party or affiliate.

- There is no basis for finding in Sale Order that Landlords are not entitled to additional security for the performance of the Debtors' obligations under the leases under section 365(l) of the Bankruptcy Code.

- The Buyer must provide evidence of adequate assurance to ensure that it can perform under the Leases.

2. While the Landlords do not challenge the Buyer's purchase of Designation Rights, the procedures for assuming and assigning leases are inadequate. The APA suggests that the Landlords may be stuck chasing an insolvent Debtor and the Sale Order makes cursory reference to an escrow account to satisfy these accrued, but unbilled, obligations. The Landlords have reached out to the Debtors regarding their concerns with the Sale Order and the APA and hope to consensually resolve some, if not all, of their concerns prior to the hearing on the Global Asset Sale Transaction.

## BACKGROUND

3. The Landlords are the owners, affiliates, or owners' managing agents of properties located throughout the United States where the Debtors lease non-residential real estate pursuant to written leases for the locations listed on the attached Exhibit A. Most of the the leased premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. On October 15, 2018 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On November 19, 2018, the Bankruptcy Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (the "Bidding Procedures Order")[3] approving global bidding and sale procedures (the "Bidding Procedures"), in connection with the sale or disposition of substantially all of the Debtors' assets.

6. On January 16, 2019, following an auction conducted pursuant to the Bidding Procedures, the Debtors announced that the offer submitted by Transform Holdco, LLC (the "Buyer"), the entity established by ESL Investments, Inc., was the best and highest offer for the Debtors' assets.

7. On January 17, 2019, the Debtors and the Buyer executed the APA.

8. On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing*[4] (the "Sale Notice"). The APA and the Sale Order were annexed to the Sale Notice.

9. On January 18, 2019, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction*[5] (the "Initial Cure Notice") and on January 23, 2019, the Debtors filed the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory*

---

[3] Docket No. 816
[4] Docket No. 1730.
[5] Docket No. 1731.

*Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the "Supplemental Cure Notice," and together with the Initial Cure Notice, the "Cure Notices").[6]

10. The Cure Notices set forth the leases of non-residential real property ("Leases") that *may* be assumed and assigned to the Buyer, along with the Debtors' calculation of the cure costs for those Leases.

11. Notably missing from the Cure Notices, however, was any adequate assurance information as to the Buyer or any other proposed assignee. The Debtors contend that adequate assurance information was served on notice parties but to date, some, but not all of the Landlords have received the adequate assurance information.

12. On January 24, 2019, two days before the scheduled objection deadline, Debtors' counsel emailed counsel to the Landlords with a letter from the Buyer along with projected revenue, EBITDA, operating cash flow, and net availability from closing through 2021. The letter and attachment are supposed to serve as evidence of Buyer's ability to perform under the Leases.

13. Under the APA, the Buyer also purchased the right to identify and designate certain Leases for assumption and assignment after the closing date (the "Designation Rights"). The APA defines "Designatable Leases" as the "GOB Leases" and the "Operating Leases." The GOB Leases are defined as those leases identified on Schedule 1.1(m) to the APA and the Operating Leases are defined as those leases identified on Schedule 1.1(o). Schedules 1.1(m) and 1.1(o) are missing from the APA but upon information and belief the Designatable Leases include all of the Debtors Leases.

---

[6] With the exception of LBA Realty, LLC, whose objection to the Supplemental Cure Notice is not due until January 31, 2019, the Landlords are filing objections to the Cure Notices concurrently with the filing of this Objection.

14.     According to the APA, at closing, the Debtors will assume and assign to Buyer a list of not-yet-identified Leases (the "Initial Assumed Leases"). Upon information and belief, the Initial Assumed Leases are a subset of the Designatable Leases.

## OBJECTION

### A.     The Debtor or the Buyer Must be Responsible For Year-End Adjustments

15.     The Sale Order lacks provisions customary in sale and lease assignment orders protecting landlords and clarifying the obligations of the assignee with respect to future obligations due under the Leases. The Landlords request clarification from the Debtors due to the conflicting provisions of the APA and the Sale Order.

16.     The APA at section 2.4(b) provides that the Buyer shall not be liable for any year-end adjustments, including royalties, rents, utilities, taxes, insurance, fees, common area maintenance, promotional funds, or percentage rent (collectively, the "Adjustments") that accrued prior to the lease assignment.[7] As a result, the Buyer has no liability for accrued but unbilled adjustments for 2018 (which will be billed in 2019), and the pre-closing Adjustments for 2019 (which will be billed in 2020). Instead, the Debtors are obligated to fully indemnify the Buyer (not the Landlords) for such Adjustments.[8] Yet, in the same paragraph, the Debtors also disclaim all liabilities under the Leases, once assigned, including the Adjustments, regardless of when due and payable.[9]

17.     The Sale Order confirms that the Buyer is excluded from liability for the Adjustments for the time period prior to the Lease Assignment but also obligates the Debtors to escrow cash equal to the Debtors' expected amount of such Adjustments as mutually agreed by

---

[7]     *See* APA §§ 2.4(b), 2.5
[8]     *See* APA, § 2.5.
[9]     *Id.*

6

the Debtors and the applicable landlord.[10] The Landlords are receptive to the concept of escrowing amounts for the Adjustments. The Sale Order, however, lacks any mechanism for the Debtors and the Landlords to arrive at mutually agreed amounts and a procedure for adjudicating such amounts when an agreement cannot be reached. Moreover, as drafted, the escrow-related provisions of the Sale Order appear to exclude the Initial Assigned Leases without any basis for carving out the Adjustments under those agreements.

18.  The Sale Order must state that the Buyer and any assignee take the Leases subject to all benefits and burdens with respect to the Adjustments and any reconciliations, regardless of what time period such obligations relate. The Landlords should not bear the risk of chasing a potentially insolvent bankruptcy estate for the payment of Lease obligations that come due post-assignment, even if such obligations relate to the pre-assignment period.

19.  Lastly, the Sale Order should clarify that (i) the transfer of the Leases to the Buyer is not free and clear of assumed liabilities and (ii) the Buyer must comply with all indemnification provisions of the Leases with respect to any claims that may arise post-assignment against the Landlord, regardless of whether such indemnification claims relate to the period prior to the assignment.

**B.  The Lease Designation Rights Procedures Are Inadequate**

20.  The Landlords do not contest the Buyer's purchase of the Designation Rights. However, the procedure (or lack thereof) for providing evidence of adequate assurance of future performance and for filing supplemental cure objections must be amended.

21.  For example, the Sale Order provides that if the proposed assignee is not the Buyer or its affiliate, the Debtors will deliver evidence of adequate assurance of future performance and

---

[10]   *See* Sale Order, ¶ 34.

counterparties will have 8 days to object to the proposed assignment. In connection with the assumption of leases, shopping center landlords, like most of the Landlords here, are afforded special statutory protections under the Bankruptcy Code in the form of adequate assurance of future performance. *In re Joshua Slocum*, 922 F.2d 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002). At a minimum, the Debtors should be required to provide the source of rent, projections showing viability, the tenant's most recent business plan, current and historical financial statements, and the intended use of the premises to ensure that assignment will not disrupt any tenant mix or balance.

22.    In addition, the Sale Order is ambiguous as to whether the Landlords will have the opportunity to file supplemental cure objections in the event their Lease is designated to the Buyer or an assignee. For example, paragraph 30 of the Sale Order provides that "unless an objection to the proposed Cure Costs was filed and served before the Cure Objection deadline, the applicable Designatable Contract Counterparty is forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to the applicable Designatable Lease . . ." To avoid the confusion surrounding the Landlords' ability to supplement their cure objections, the Landlords request that the Sale Order explicitly authorize Landlords to file supplemental cure objections in the event their Lease is designated for assumption and assignment. Cure amounts are measured as of the time of assumption and assignment and such a provision would preserve the Landlord's right to assert a claim for additional unpaid postpetition amounts.

23.    Lastly, the Sale Order must explicitly state that the Debtors are responsible for all obligations under the Leases pursuant to section 365(d)(3) during the Designation Rights Period.

8

**C.      Master Leases and Restrictive Covenant Provisions Should Be Preserved**

24.     The Bidding Procedures Order contains carefully bargained for language regarding unexpired master leases (the "Master Leases") of nonresidential real property that requires either an amendment to such Master Lease or a court order before any action is taken with respect to such Master Lease.  Similarly, the Bidding Procedures Order prohibits the sale of real estate assets free and clear of restrictive covenants unless the Debtors provide the counterparty to a restrictive covenant with notice and an opportunity to object.  These bargained for provisions have already been approved by this Court and should be included in the Sale Order.

**D.      The Sale Order Cannot Invalidate Lease Provisions**

25.     Paragraph 36 of the Sale Order inappropriately and prematurely invalidates provisions of Designatable Leases in violation of Section 365 of the Bankruptcy Code.  The Landlords object to the extent that the proposed use and occupancy of the leased premises violates any provisions of the Leases, including, but not limited to, any radius, location, use and/or exclusivity provisions.  Further, any alterations and modifications to the leased premises must be consistent with the lease provisions and local laws and regulations.

26.     Moreover, the proposed 150 day "go dark" period following an assumption and assignment is excessive.  To the extent an assigned lease allows the tenant to "go dark," the "go dark period should be, at most, 90 days.  In addition, to the extent any lease provision is rendered unenforceable, it must be limited to assignments approved pursuant to the Sale Order and not prospective assignments of Designatable Leases.

**E.       The Buyer Must Provide Additional Security**

27.     Paragraph 48 of the Sale Order exempts the Debtors from section 365(*l*) of the Bankruptcy Code, which authorizes the Landlords to require the Buyer to provide a deposit or other security.  Section 365(l) of the Bankruptcy Code provides, in pertinent part:

> If an unexpired lease under which the debtor is lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

11 U.S.C. § 365(l).

28.     The Debtors provide no basis for the circumventing the clear parameters of the Bankruptcy Code.  In the ordinary course of its business, the Landlords require security deposits, letters of credit, or corporate/parent guaranties when leasing (or assessing an assignment of a lease) to certain companies based on their financial information and history.  Based on the lack of meaningful adequate assurance information and operating history, pursuant to Section 365(l) of the Bankruptcy Code, in connection with the proposed assumption and assignment of the Lease to the Buyer or its affiliates, the Landlords hereby demand either (i) a cash security deposit or letter of credit for one (1) year of all Lease obligations, or (ii) unconditional parent guaranties from all top-level equity holders (or such other entities as agreed by the Landlords) with assets sufficient to satisfy all obligations due under the remaining term of the Lease (and any extensions).

**F.       The Debtors Have Not Provided Evidence of Adequate Assurance of Performance**

29.     In connection with the assumption of leases, shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of adequate assurance of future performance.  *In re Joshua Slocum*, 922 F.2d 1086; *In re Trak Auto Corp.*, 277 B.R. 655

(Bankr. E.D. Va. 2002). In connection with a shopping center lease, adequate assurance of future performance includes adequate assurance

> (A) of the source of rent… due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee… shall be similar to the financial condition and operating performance of the debtor…;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity, … and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

30. The Debtor bears the burden of proving adequate assurance of future performance in connection with the assumption of the Lease. *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

31. The adequate assurance letter is insufficient to demonstrate that the Buyer can perform under the Leases. The letter is merely a restatement of the terms of the asset purchase agreement with cursory references to projections that may not be premised in reality. Moreover, the sale process contemplates future assignments to other assignees and the Landlords have no adequate assurance information with respect to those assignees.

### G. The Court Should Limit the Waivers of 6004(h)/6006(d)

32. Paragraph 41 of the Sale Order should be revised to clarify that the waivers of the appeal periods do not apply to subsequent assignments of Designatable Leases. The Debtors have not shown that a waiver as to future transactions is justified.

**WHEREFORE**, the Landlords request that the Court deny approval of the Global Assets Sale Transaction unless the Sale Order and the APA are revised as provided herein and grant such other and further relief as is just and proper.

Dated: New York, New York
January 28, 2019

**KELLEY DRYE & WARREN LLP**

By: /s/ *Robert L. LeHane*
Robert L. LeHane
Maeghan J. McLoughlin
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: rlehane@kelleydrye.com
mmcloughlin@kelleydrye.com

*Attorneys for Alan Robbins, Aston Properties Benderson Development Company LLC, Brookfield Properties Retail Group, Gregory Greenfield & Associates, Ltd., Gray Enterprises, LP, The Trustees of the Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LBA Realty, LLC, Nassimi Realty LLC, Radiant Partners LLC, Realty Income Corp., Regency Centers Corp., Shopcore Properties, L.P., Site Centers Corp., Sun Valley, LTD., TLM Realty Corp., and Weingarten Realty Investors*

## **EXHIBIT A**

| Store No. | Shopping Center | Location |
|---|---|---|
| **Alan Robbins** | | |
| 4897 | West Virginia | Martinsburg, WV |
| 3924 | Show Low | Show Low, AZ |
| 3137 | Kmart | Granite City, IL |
| 3682 | Sears | Las Cruces, NM |
| 7329 | Kmart | Loveland, CO |
| 4819 | Kmart | Lakeport, CA |
| **Aston Properties** | | |
| 3852 | Kmart | Salisbury, NC |
| **Benderson** | | |
| 3568 | Kmart | Jackson, CA |
| 3982 | Kmart Plaza | Lemoore, CA |
| 3865 | Kmart | Ridgecrest, CA |
| 3600 | Kmart | Schenectady, NY |
| 3786 | Kmart Plaza | Medina, OH |
| 3027 | Cherrywood Plaza | Clementon, NJ |
| 3415 | Delaware Hertel Plaza | Buffalo, NY |
| 3842 | Kmart Plaza | Oakdale, CA |
| 67821 | Sears | Lancaster, NY |
| 4707 | Kmart | McAllen, TX |
| 3031 | Kmart Plaza | Blaine, MN |
| 7214 | Kmart Plaza | Winona, MN |
| 3786 | Kmart (SubTenant) | Medina, OH |
| 7409 | Kmart Plaza | Topeka, KS |
| 3111 | Kmart Plaza | Englewood, OH |
| 3032 | Kmart Plaza | Waukegan, IL |
| 3956 | Parkway Plaza | Naples, FL |
| 3140 | Kmart | Clearwater, FL |
| 4176 | Kmart | Cheektowaga, NY |
| 3464 | Kmart | Sarasota, FL |
| 7188 | South Meadow Marketplace | Ithaca, NY |
| 4266 | Kmart | Brooklyn, OH |
| **Brookfield Properties Retail Group** | | |
| 1029 | NorthTown Mall | Spokane, WA |
| 1011 | Rivertown Crossings | Grandville, MI |
| 1038 | Spokane Valley Mall | Spokane, WA |
| 1080 | Stonebriar Centre Sears Anchor | Frisco, TX |

| | | |
|---|---|---|
| 1110 | The Crossroads MI | Portage, MI |
| 1110 | Bayshore Mall (Sears) | Eureka, CA |
| 1112 | Ridgedale Center Sears Anchor | Minnetonka, MN |
| 1119 | Clackamas Town Center | Portland, OR |
| 1120 | Chula Vista Center (Sears) | Chula Vista (San Diego), CA |
| 1136 | Riverchase Galleria | Hoover, AL |
| 1140 | Southland Mall (Sears) | Hayward, CA |
| 1147 | Mall of Louisiana | Baton Rouge, LA |
| 1187 | Town East Mall | Mesquite, TX |
| 1229 | Boise Towne Square | Bose, ID |
| 1230 | Animas Valley Mall (Sears) | Farmington, NM |
| 1271 | Southwest Plaza | Littleton, CO |
| 1280 | Mall St. Vincent (Sears) | Shreveport-Bossier City, LA |
| 1287 | Coronado Center Sears Anchor | Albuquerque, NM |
| 1300 | Silver Lake Mall (Sears Auto Center) | Coeur D' Alene, ID |
| 1305 | Oglethorpe Mall | Savannah, GA |
| 1318 | Valley Plaza Mall Sears Anchor | Bakersfield, CA |
| 1320 | Pierre Bossier Mall (Sears) | Bossier City (Shreveport), LA |
| 1350 | Valley Hills Mall (Sears) | Hickory, NC |
| 1377 | Willowbrook Mall TX | Houston, TX |
| 1380 | Chesterfield Towne Center (Sears) | Richmond, VA |
| 1403 | Natick Mall Sears Anchor | Natick, MA |
| 1417 | Deerbrook Mall | Humble, TX |
| 1434 | Willowbrook NJ GSPH 2017 | Wayne, NJ |
| 1437 | The Parks Mall at Arlington | Arlington, TX |
| 1443 | The Shoppes at Buckland Hills | Manchester, CT |
| 1465 | Shoppes at Carlsbad (Sears) | Carlsbad, CA |
| 1508 | Northridge Fashion Center GSPH | Northridge, CA |
| 1624 | Staten Island Mall Sears Anc | Staten Island, NY |
| 1665 | The Oaks Mall | Gainesville, FL |
| 1668 | Meadows Mall | Las Vegas, NV |
| 1684 | Woodbridge Center | Woodbridge , NJ |
| 1728 | Tucson Mall | Tuscon, AZ |
| 1730 | Florence Mall | Florence, KY |
| 1775 | Pembroke Lakes Sears Anchor | Pembroke Pines, FL |
| 1820 | Spring Hill Mall (Sears) | West Dundee (Chicago), IL |
| 1830 | Glenbrook Square | Ft. Wayne, IN |
| 1844 | The Mall in Columbia Sears Anc | Columbia, MD |
| 1854 | White Marsh Mall | Baltimore, MD |
| 2059 | West Valley Mall (Sears) | Tracy (San Francisco), CA |
| 2183 | The Maine Mall | South Portland, ME |

14

| | | |
|---|---|---|
| 2278 | Grand Teton Mall | Idaho Falls, ID |
| 2311 | Sooner Mall Sears Anchor | Norman, OK |
| 2388 | Prince Kuhio Plaza | Hilo, HI |
| 2546 | Greenwood Mall | Bowling Green, KY |
| 4050 | The Mall at Barnes Crossing (Sears) | Tupelo, MS |
| 5030 | Newpark Mall (Sears) | Newark (San Francisco), CA |
| | Kapiolani Retail | Chicago, IL |
| | Augusta Mall | Augusta, GA |
| | Hulen Mall | Fort Worth, TX |
| 1850 | Oxmoor Center | Louisville, KY |
| | Oakbrook Anchor Acquisition II | Oak Brook, IL |
| 1644 | Paramus Park | Paramus, NJ |
| 1116 | Pecanland Mall | Monroe, LA |
| 1338 | Park Place | Tucson, AZ |
| 1695 | North Point Mall | Alpharetta, GA |
| 1022 | Oak View Mall | Omaha, NE |
| 1080 | Stonebriar Center (Sears) | Frisco, TX |
| 1112 | Ridgedale Center (Sears) | Minnetonka, MN |
| 1224 | Boise Town Mall (Sears) | Boise, ID |
| 1287 | Coronado Center (Sears) | Albuquerque, NM |
| 1318 | Valley Plaza (Sears) | Bakersfield, CA |
| 1403 | Natick Mall (Sears) | Natick, MA |
| 1454 | Neshaminy Mall (Sears) | Bensalem, PA |
| 1646 | Carolina Place (Sears) | Pineville, NC |
| 1844 | Mall in Columbia (Sears) | Columbia, MN |
| 1955 | Lakeland Mall (Sears) | Lakeland, FL |
| 2047 | Sierra Vista Mall | Sierra Vista, GA |
| 2311 | Sooner Mall | Norman, OK |
| 1257 | Baybrook Mall | Friendswood, TX |
| | Alderwood Mall | Lynnwood, WA |
| 2352 | Crossroads Center (MN) | St. Cloud, MN |
| 2480 | Columbia Mall MO | Columbia, MO |
| 1695 | North Point Mall (Sears) | Alpharetta, GA |
| 2349 | Silver Lake Mall (Sears) | Eau Claire, WI |
| 1040 | Oakwood Hills Mall (Sears) | Eau Claire, WI |
| 2341 | Eastridge Mall (Sears) | Casper, WY |
| 2546 | Greenwood Mall (Sears) | Bowling Green, KY |
| 1400 | The Centre at Salisbury (Sears) | Salisbury, MD |
| 1475 | The Streets at Southpoint | Durham, NC |
| 1644 | Park City Center | Lancaster, PA |
| 2092 | Fox River Mall | Appleton, WI |

| | | |
|---|---|---|
| 1585 | Governors Square | Tallahassee, Florida |
| 1263 | Brass Mill Center | Waterbury, CT |
| 1385 | Cumberland Mall GSPH 2017 | Atlanta, GA |
| 2695 | Coastland Center GSPH 2017 | Naples, FL |
| 1355 | Altamonte Mall GSPH 2017 | Altamonte Springs, FL |
| 1040 | Oakwood Mall WI | Eau Claire, WI |
| **Gregory Greenfield & Associates, Ltd.** | | |
| 2231 | Central Mall (Sears) | Fort Smith |
| 1387 | Westgate | Amarillo, TX |
| 1097 | Southpark Mall | San Antonio,, TX |
| **Gray Enterprises, LP** | | |
| 4047 | Kmart | Costa Mesa, CA |
| **Trustees of The Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools** | | |
| 1738 | Windward Mall (JLL) | Kaneohe, HI |
| **LBA Realty, LLC** | | |
| 8808 | Sears Outlet | Santa Ana, CA |
| 8748 | Sears Outlet | San Diego, CA |
| 8870 | Sears | Dallas, TX |
| 8720 | Sears | Melrose Park, IL |
| 8825 | Sears | Winter Park, FL |
| 425 | Sears | Jacksonville, FL |
| 443 | Sears | Wilkes Barre, PA |
| **Nassimi Realty LLC** | | |
| 3963 | Market Street Square | Elizabethtown, PA |
| **Radiant Partners** | | |
| 1307 | Mall of Abiliene (REA) | Abilene, TX |
| 2087 | Alexandria Mall (REA) | Alexandria, LA |
| 2056 | Santa Rosa Mall | Mary Esther, FL |
| **Realty Income Corp.** | | |
| 62538 | | Tustin, CA |
| **Regency Centers Corp.** | | |
| 3424 | Newbury Square (Kmart) | Gainesville, FL |
| 1137 | Hancock Center (Sears) | Austin, TX |
| 3873 | Pike Creek (Kmart) | Wilmington, DE |
| **ShopCore Properties, L.P.** | | |
| 61901 | The Promenade (Living Spaces) | Scottsdale, AZ |
| 5319 | Great Southwest Crossing (Appliance Showroom) | Grand Prairie, TX |
| **SITE Centers Corp.** | | |
| 7570 | Plaza Rio Hondo (Kmart) | Bayamon, Pr (Rio Hondo) |
| 7566 | Plaza Del Atlantico (Kmart) | Arecibo, PR (Atlantico) |

| | | |
|---|---|---|
| 2355 | Plaza Del Norte | Hatillo, Pr (Plaza Del Norte) |
| **Sun Valley Ltd.** | | |
| 6190 | Twelve Mile Crossing at Fountain Walk (Sears Outlet) | Novi, MI |
| 9354 | Griffith Park Plaza | Griffith, IN |
| **TLM Realty Corp.** | | |
| 3589 | Kmart | Cleveland, OH |
| 4091 | Sears | Bay City, MI |
| 7425 | Kmart | Spanish Fork, UT |
| 1354 | Willow Grove Mall | |
| **Weingarten Realty Investors** | | |
| 3667 | Six Forks Station | Raleigh, NC |
| 7471 | Prospector's Plaza | Placerville, CA |

# CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served via electronic mail and/or first class mail, postage pre-paid on this 28th day of January, 2019 upon the parties listed below and electronically via ECF notification upon all parties requesting service via ECF notification:

Sears Holdings Management Corporation
Attn: Rob Riecker (rob.riechker@searshc.com)
Attn: Luke Valentino (luke.valentino@searshc.com)
Attn: Mohsin Meghji (mmeghji@miiipartners.com)
Attn: General Counsel (counsel@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (jacqueline.marcus@weil.com)
Attn: Garret A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Lazard Fréres & Co., LLC
Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana.Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

Bank of America, N.A.
c/o Berkeley Research Group, LLC
2200 Powell Street, Suite 1200
Emeryville, CA 94608

Wells Fargo Bank, National Association
c/o Choate, Hall & Stewart LLP
Attn: Kevin J. Simard (ksimard@choate.com)
Attn: Jonathan D. Marshall (jmarshall@choate.com)
Two International Place
Boston, MA 02110

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin (pdublin@akingump.com)
Attn: Ira S. Dizengoff (idizengoff@akingump.com)
Attn: Abid Qureshi (aqureshi@akingump.com)
Attn: Sara L. Brauner (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani (kunal@eslinvest.com)
Attn: Harold Talisman (harold@eslinvest.com)
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin (caustin@cgsh.com)
Attn: Benet J. O'Reilly (boreilly@cgsh.com)
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Office of the United States Trustee
Attn: Paul Schwartzberg
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

*/s/ Maeghan J. McLoughlin*
Maeghan J. McLoughlin