UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### OBJECTION OF AT&T TO DEBTORS' NOTICES TO CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION

Pursuant to the Order Approving Global Bidding Procedures and Granting Related Relief, dated November 19, 2018 [ECF No. 816] (the "Global Bidding Procedures Order"), AT&T hereby objects to the *Notice to Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*, filed by the above-captioned debtors and debtors-in-possession (the "Debtors") on January 18, 2019 [ECF No. 1731] (the "Cure Notice") and the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).

*Global Sale Transaction*, filed by the Debtors on January 23, 2019 [ECF No. 1774] (the "Supplemental Cure Notice" and together with the Cure Notice the "Cure Notices"), and respectfully states as follows:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and several of its affiliates filed voluntary petitions under chapter 11 of title 11 of the United States Code.

2. Prior to the Petition Date, AT&T and the Debtors had an extensive commercial relationship, and were parties to that certain Amended and Restated Master Agreement for Outsourcing and Transport Services by and among Sears Holdings Management Corporation and AT&T Corp., dated as of September 30, 2016 (the "MSA"). Pursuant to the MSA, AT&T agreed to provide the Debtors with (i) advanced managed or managed services; (ii) transport services; and (iii) mobility services.

3. On November 19, 2018, this Court entered the Global Bidding Procedures Order, which sets forth the procedures for the sale of substantially all of the Debtors' assets, including procedures for, inter alia: (i) the assumption and assignment of contracts proposed to be assumed and assigned to the Successful Bidder; and (ii) the delivery of a cure notice to non-debtor counterparties for each contract proposed to be assumed and assigned, setting forth the Cure Amount.

4. AT&T understands that the Debtors served the Cure Notices pursuant to the Global Bidding Procedures Order. The Cure Notices indicate that the MSA and certain

related pricing schedules may be assumed and assigned in connection with the sale of the Global Assets[2] and assert that a Cure Amount of $85,181 is due in connection therewith.[3]

**OBJECTION**

5. Although it is not entirely clear from the Cure Notices, it appears that the Debtors seek to assume certain pricing schedules set forth in the MSA but not others. The Debtors may not assume only certain parts of the MSA because an assumption of the MSA must be done in its entirety and include all of the pricing schedules set forth therein. *See In re Contract Research Solutions, Inc.*, 2013 Bankr. LEXIS 1784, *4 (Bankr. D. Del. May 1, 2013) ("Assumption or rejection of an executory contract or unexpired lease must be done in its entirety; the executory contract or unexpired lease cannot be assumed or rejected in part.").

6. AT&T believes its monetary cure claim on account of its pre-petition balance with respect to the MSA is $7,175,161.94.[4] A summary of the cure claim is attached as **Exhibit C**. Copies of the documentation supporting the monetary cure claim with respect to unpaid pre-petition and post-petition balances are attached as **Exhibit D** and **Exhibit E** respectively. In order to assume the MSA, the Debtors must fully satisfy these cure amounts. To the extent services provided under the MSA relate to locations that will no longer operate as a going concern, AT&T is willing to discuss an acceptable arrangement related to amounts attributable to those circumstances.

7. Moreover, as it is not entirely clear from the Cure Notices, AT&T has attempted to clarify exactly which of its agreements the Debtors propose to assume. To date,

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Cure Notices.

[3] Annexed hereto as **Exhibits A** and **B** are excerpts from the Cure Notice Schedules reflecting the contracts and pricing schedules between the Debtors and AT&T that the Debtors propose to assume.

[4] In addition to AT&T's pre-petition monetary cure claim, the unpaid post-petition balance is approximately $3,825,070.98 as of the filing of this Cure Claim Objection.

AT&T has been unable to achieve such clarity. AT&T believes that certain contracts that are not currently proposed to be assumed, may be required to be assumed (given the nature of the services provided by AT&T). AT&T is willing to work with the Debtors and the Successful Bidder to clarify which contracts are being assumed, and relatedly which services will and will not be performed after the sale closes.

## RESERVATION OF RIGHTS

8. This Cure Claim Objection is without prejudice to the fact that other and additional cure claim amounts (a) may exist and/or may become known at a future date and (b) will accrue on an ongoing basis between the filing of this Cure Claim Objection and any subsequent assumption of the MSA. AT&T expressly reserves its right to amend or supplement its Cure Claim Objection though and including the effective date of any proposed assumption and assignment of the MSA.

9. To date, AT&T has been unable to achieve clarity as to exactly which agreements the Debtors propose to assume and believes that other contracts may be required to be assumed (given the nature of the services provided by AT&T). AT&T is willing to work with the Debtors and the Successful Bidder to clarify which contracts are being assumed, and relatedly which services will and will not be performed after the sale closed. In addition, to the extent the Debtors are in possession of equipment owned by AT&T pursuant to a contract that is not being assumed, AT&T reserves its right to demand the immediate return of such equipment.

WHEREFORE, AT&T respectfully requests the entry of an order pursuant to 11 U.S.C. §365(b)(l) requiring that prior to assuming and assigning the MSA that the Debtors pay a cure amount of not less than $7,175,161.94 plus any unpaid outstanding post-petition balance, along with any and all other cure amounts due under the MSA that arise prior to the actual date that the

4

MSA is assumed, along with such other and further relief as is just and proper.

Dated: New York, New York
January 28, 2019

                                   Respectfully submitted,

                                   */s/ Brian Lohan*

                                   **ARNOLD & PORTER KAYE SCHOLER LLP**
Brian J. Lohan
Steven Fruchter
70 West Madison Street
Chicago, Illinois 60602-4231
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
Email: brian.lohan@arnoldporter.com
*Counsel to AT&T*

CERTIFICATE OF SERVICE

      Steven Fruchter certifies that he caused to be served a true and correct copy of the attached ***Objection of AT&T to Debtors' Notices to Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in connection with Global Sale Transaction*** via transmission of Notice of Electronic Filing generated by CM/ECF on all parties of record, and on parties listed below as indicated.

      Respectfully submitted,

      */s/ Steven Fruchter*

      **ARNOLD & PORTER KAYE SCHOLER LLP**
      Brian J. Lohan
      Steven Fruchter
      250 West 55th Street
      New York, New York 60602-4231
      Telephone: (212) 836-7284
      Email: steven.fruchter@arnoldporter.com
      *Counsel to AT&T*

## SERVICE LIST VIA EMAIL

l.  Bid Notice Parties

    A. Debtors
Rob Riecker: rob.riecker@searshc.com
Luke Valentino: luke.valentino@searshc.com
Mohsin Meghji: mmeghji@miiipartners.com
General Counsel: counsel@searshc.com

    B. Debtors' Counsel
Ray Schrock, Esq.: ray.schrock@weil.com
Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
Sunny Singh, Esq: sunny.singh@weil.com
Garrett A. Fail, Esq.: garrett.fail@weil.com
Ellen J. Odoner, Esq. ellen.odoner@weil.com
Gavin Westerman, Esq.: gavin.westerman@weil.com

    C. Debtors' Investment Banker
Brandon Aebersold and Levi Quaintance: project.blue.rx@lazard.com

ll.  Buyer's Parties

    A. Buyers
Kunal S. Kamlani: kunal@eslinvest.com
Harold Talisman: harold@eslinvest.com

    B. Buyer's Counsel
Christopher E. Austin, Esq.: caustin@cgsh.com
Benet J. O'Reilly, Esq.: boreilly@cgsh.com
Sean A. O'Neal, Esq.: soneal@cgsh.com

lll. Consultation Parties

    A. Bank of America
Paul Leake, Esq.: Paul.Leake@skadden.com
Shana Elberg, Esq.: Shana.Elberg@skadden.com
George Howard, Esq.: George.Howard@skadden.com

    B. Wells Fargo Bank
Kevin J. Simard, Esq.: ksimard@choate.com
Jonathan D. Marshall, Esq.: jmarshall@choate.com

    C. Committee
Ira S. Dizengoff, Esq.: idizengoff@akingump.com
Philip C. Dublin, Esq.: pdublin@akingump.com
Abid Qureshi, Esq.: aquershi@akingump.com
Sara L. Brauner, Esq.: sbrauner@akingump.com

**<u>Via First Class Mail</u>**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holding Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manages, LLP
Attention: Ray C. Schrock, P.C.
Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary, Gottlieb, Steen & Hamilton
Attention: Christopher E. Austin
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, New York 10006

Gray, Plant, Mooty, Mooty & Bennett
Attention: Phillip Bohl
50 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402

Morrison & Foerster, LLP
Attention: Jennifer L. Marines
Benjamin W. Buterfield
250 West 55th Street
New York, New York 10019

Frank Gecker LLP
Attention: Joseph E. Frank
Jeremy C. Kleinman
1327 West Washington Blvd.
Suite 5 G-H
Chicago, IL 60607

Office of the United States Trustee
Attn: Paul Schwartzberg
U.S. Federal Building
201 Varick Street
Room 1006
New York, New York 10014