CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, New Jersey 07052
Scott A. Zuber, Esq.
Beth J. Rotenberg, Esq.
Telephone: (973) 325-1500

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Joint Administration)<br><br>**Objection Deadline: October 28, 2019 at 4:00 P.M. (extended by consent of the Debtors)**<br><br>**Sale Hearing: February 4, 2019 at 10:00 A.M.** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); ST1 Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**CARDINAL HEALTH 110, LLC, CARDINAL HEALTH 112, LLC, AND CARDINAL HEALTH PR 120, INC.'S (I) CURE OBJECTION TO THE NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION [DOC. NO. 1731]; (II) LIMITED OBJECTION TO THE GLOBAL ASSET SALE TRANSACTION AS SET FORTH IN THE NOTICE OF SUCCESSFUL BIDDER AND SALE HEARING [DOC. NO. 1730]; AND (III) JOINDER WITH AMAZON'S LIMITED OBJECTION AND <u>RESERVATION OF RIGHTS [DOC. NO. 1986]</u>**

Cardinal Health 110, LLC f/k/a Cardinal Health 110, Inc. ("CH 110"), Cardinal Health 112, LLC ("CH 112"), and Cardinal Health PR 120, Inc. f/k/a Borschow Hospital and Medical Supplies, Inc. ("CH PR 120", and together with CH 110 and CH 112, sometimes referred to collectively herein as "Cardinal Health"), by and through their undersigned attorneys, hereby submit this (I) cure objection to the assumption and assignment of their contracts with the cure amounts set forth in the Debtors' *Notice of Cure Costs And Potential Assumption And Assignment Of Executory Contracts And Unexpired Leases In Connection With Global Sale Transaction* [Doc. No. 1731]; (II) limited objection to the Global Sale Transaction as set forth in the *Notice of Successful Bidder and Sale Hearing* [Doc No. 1730] (the "Objection"), which purport to sell the Debtors' assets free and clear of all liens and claims, including Cardinal Health's contract rights and defenses, including those of recoupment and setoff, and (III) joinder with *Amazon's Limited Objection and Reservation Rights* [Doc. No. 1986], and in support thereof, state as follows:

**PRELIMINARY STATEMENT**

1.    For the avoidance of doubt, Cardinal Health supports the sale of the Debtors' assets as set forth in the Asset Purchase Agreement, dated January 17, 2019 (the "APA"), and the Global Sale Transaction between the Debtors and Transform Holdco LLC (the "Buyer"), <u>provided</u> <u>that</u>, as set forth below, the Debtors comply with their obligations under section 365(b)(1) of the Bankruptcy Code to cure all defaults under the contracts prior to their assumption, and <u>provided</u> <u>further</u> <u>that</u> the sale does not negatively impact Cardinal

Health's rights under the contracts regarding chargebacks, returns, exchanges, rebates, and various other customer programs and policies, including Cardinal Health's rights of recoupment and setoff.

## FACTUAL AND PROCEDURAL BACKGROUND
## COMMON TO BOTH OBJECTIONS

2. On October 15, 2018 (the "Petition Date"), debtors Kmart Corporation ("Kmart") and Sears Holdings Management Corporation ("Sears", and together, with Kmart, the "Debtors"), among others, filed separate petitions for relief under Chapter 11 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code").

3. CH 110, CH 112, and CH PR 120 and Kmart are parties to a certain Pharmacy Supply Agreement, dated January 29, 2012, as amended (the "PSA"), pursuant to which Cardinal Health supplies Kmart with prescription and over-the-counter drug products and other pharmaceutical and medical supplies.

4. CH 110, CH 112, Cardinal Health 411, Inc.[2], and the Debtors are parties to a certain Supply Agreement, Leader Brand Vitamins (the "Vitamin Agreement"),[3] dated April 19, 2018, pursuant to which Cardinal Health is designated as Debtors' wholesale supplier for the Leader® brand vitamins.

5. In the ordinary course of their day-to-day transactions, and pursuant to the terms of the PSA and the Vitamin Agreement, Cardinal Health and the Debtors routinely recoup chargebacks, returns, exchanges, and rebates from amounts that the other would be required to pay in connection with the products supplied.

6. On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Doc. No. 816].

---

[2] Cardinal Health 411, Inc. was subsequently merged into CH 110.
[3] Due to the confidential and proprietary nature of the information contained in the PSA and Vitamin Agreement, and the confidentiality provisions in each agreement, the agreements are not being attached as exhibits to this Objection. Such agreements will be provided upon the written request of a party-in-interest and provision of the appropriate protections.

7.   On January 18, 2019, the Debtor filed a *Notice of Cure Costs And Potential Assumption And Assignment Of Executory Contracts And Unexpired Leases In Connection With Global Sale Transaction* [Doc. No. 1731] (the "Cure Notice").

8.   The Cure Schedule attached to the Cure Notice, which sets forth a list of leases and contracts that **may** be assumed and assigned by the Debtors, includes a reference to the PSA, with a cure amount of $0.00, and the Vitamin Agreement, with a cure amount of $10,146,110.00.

9.   On January 18, 2019, the Debtors also filed the *Notice of Successful Bidder and Sale Hearing* [Doc No. 1730] (the "Sale Notice") in connection with the Global Sale Transaction, providing that Transform Holdco LLC (the "Buyer") placed the highest and best offer for the Debtors' assets. The Asset Purchase Agreement between the Debtors and Buyer, dated January 17, 2019 (the "APA"), was attached to the Cure Notice.

## OBJECTIONS

### A. Cardinal Health Objects to the Cure Costs in the Cure Notice for the Assumption and Assignment of the PSA and the Vitamin Agreement.

10.  As of the Petition Date, according to Cardinal Health's books and records, there was, and remains, due and owing by the Debtors to Cardinal Health, under the terms of the PSA, the sum of $12,953,212.15. In addition, Cardinal Health's books and records further reflect that, post-petition, the Debtors owe an additional $436,045.62 to Cardinal Health under the terms of the PSA, which amount is now past due. Accordingly, the total sum of $13,389,257.77 is currently owed by the Debtors to Cardinal Health pursuant to the terms of the PSA (the "PSA Cure Amount").[4]

11.  As of the Petition Date, according Cardinal Health's books and records, there was, and remains, due and owing by the Debtors to Cardinal Health, under the terms of the

---

[4] The PSA Cure Amount set forth above is based upon Cardinal Health's best knowledge of the amount due as of the time of the filing of this Objection. The PSA Cure Amount may be reduced by certain credits and unapplied cash that may be applied against the Debtors' account. The potential for such recoupment and/or setoffs has been raised with Debtors' counsel and Cardinal Health is awaiting a response.

Vitamin Agreement, the sum of $32,732.48. In addition, Cardinal Health's books and records further reflect that, post-petition, the Debtors owe Cardinal Health an additional $11,772.96 under the terms of the Vitamin Agreement, which amount is now past due. Accordingly, the total sum of $44,505.44 is currently owed by the Debtors to Cardinal Health pursuant to the terms of the Vitamin Agreement (the "Vitamin Cure Amount").[5]

12. Pursuant to Section 365(b)(1)(A) of the Bankruptcy Code:

> If there has been a default in an executory contract or unexpired lease of the debtor, the [debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the [debtor-in-possession] . . . cures . . . such default . . . .

11 U.S.C. § 365(b)(1)(A).

13. As noted above, Debtors owe Cardinal Health the PSA Cure Amount of $13,389,257.77. This amount must be paid as a condition precedent to Debtors' assumption of the PSA and assignment of same to the Buyer, pursuant to Section 365(b)(1)(A) of the Bankruptcy Code.

14. As noted above, the Debtors also owe Cardinal Health the Vitamin Cure Amount of $44,505.44. This amount must be paid as a condition precedent to Debtor's assumption of the Vitamin Agreement and assignment of same to the Buyer or any other purchaser, pursuant to Section 365(b)(1)(A) of the Bankruptcy Code.

15. In addition, given that in the course of dealing between the parties, the amount due as between them changes daily, Cardinal Health hereby reserves its rights under Section 365(b) of the Bankruptcy Code, including, but not limited to, the right to require payment of all amounts accrued prior to and/or after the Petition Date under the PSA and/or the Vitamin Agreement, to the extent one or both of those agreements are assumed and assigned, as of the date of such assumption and assignment. Cardinal Health further

---

[5] As set forth in the prior footnote, as a result of certain unapplied cash and credits that may be due the Debtors, the Vitamin Cure Amount may be reduced pending discussions between the Debtors and Cardinal Health.

reserves the right to modify or supplement this Objection and to present such evidence as it deems appropriate in connection with any hearing to consider this Objection.

### B. Cardinal Health Objects to a Sale by the Debtors Free and Clear of its Recoupment and Setoff Rights.

16. "An executory contract may not be assumed in part and rejected in part." MF Global Holdings Ltd., 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits.")

17. Under Section 2.1 of the APA, the Debtors are seeking to sell "Acquired Receivables", which are defined under Section 1.1 of the APA as "(i) all Credit Card Accounts Receivable, (ii) all Pharmacy Receivables, (iii) the Specified Receivables and (iv) the Warranty Receivables."

18. In the ordinary course of their day-to-day transactions, and pursuant to the terms of the PSA and the Vitamin Agreement, Cardinal Health and the Debtors routinely recoup chargebacks, returns, exchanges, and rebates from amounts that the other would be required to pay in connection with the products supplied.

19. As set forth in the proposed Sale Order, Paragraph "P", attached as Exhibit B to the Sale Notice, the Debtors seek to sell their assets to the Buyer under Section 363(f) of the Bankruptcy Code

> . . .free and clear of all liens, claims . . . rights, liabilities . . . security interests, of whatever kind or nature, **rights of offset or recoupment** . . .debts, suits . . . **off-sets, recoupments**, claims for reimbursement or subrogation . . . encumbrances and other interests of any kind or nature whatsoever against any of the Debtors or the Acquired Assets, including without limitation, any debts arising under or out of, in connection with, or in any way relating to, any acts or omissions, obligations, demands, guaranties, rights, contractual commitments . . . (Emphasis added.)

20. Such language may prevent Cardinal Health from exercising its rights of recoupment and setoff (subject to Cardinal Health obtaining relief from the automatic stay,

as necessary) against the Acquired Receivables as the parties have always done under the PSA and Vitamin Agreement and in the normal course of their business.

21. The courts are clear that the Debtors cannot extinguish by a 363(f) sale Cardinal Health's rights of recoupment and other defenses to payment that Cardinal may have with respect to any accounts receivable. See Folger Adam Sec. v. DeMatteis/MacGregor, J.V., 209 F.3d 252, 261 (3d Cir. 2000) (holding "that a right of recoupment is a defense and not an interest and therefore is not extinguished by a § 363(f) sale"); Personal Commc'ns Devices, LLC, 556 B.R. 45, 55 (Bankr. E.D.N.Y. 2016) (sale Order under Section 363(f) did not extinguish affirmative defense of recoupment against account receivables); see also Hispanic Indep. Television Sales, LLC v. Kaza Azteca Am. Inc., No. 10 Civ 932 (SHS), 2012 WL 1079959, at *5 (S.D.N.Y. March 30, 2012).

22. "Bankruptcy law generally does not permit a debtor or an estate to assume the benefits of a contract and reject the unfavorable aspects of the same contract." Folger Adam Sec., 209 F.3d at 264; see also Hispanic Independent Television, 2012 WL 1079959 at *7 ("A defense of recoupment must arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations.") (quoting Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 147 (2d Cir.2002). Accordingly, the Court should not approve the Global Sale Transaction to the extent that it seeks to sell assets free and clear of Cardinal Health's recoupment and other rights and defenses, because to do so would allow the Debtor the benefit of the receipt of goods under the contracts without the accompanying payment and customer obligations.

23. Accordingly, Cardinal Health joins with the request of Amazon in its *Limited Objection and Reservation of Rights as to (I) Approval of Global Asset Sale Transaction, and (II) Debtors' Proposed Assumption and Assignment of Executory Contracts [Doc. No. 1986]* (the "Amazon Limited Objection") that the Sale Order be modified to include the

language in Paragraph 22 of the Amazon Limited Objection at the end of Paragraphs P and 17.[6]

## CONCLUSION

WHEREFORE, Cardinal Health respectfully request that this Court enter an Order:

(a) Requiring Debtors or the Buyer to pay Cardinal Health the PSA Cure Amount as a condition precedent to Debtors' assumption of the PSA and assignment of same to the Buyer;

(b) Requiring Debtors or the Buyer to pay to Cardinal Health the Vitamin Cure Amount as a condition precedent to Debtors' assumption of the Vitamin Agreement and assignment of same to the Buyer;

(c) Conditioning entry of an order approving the Global Asset Transaction on the incorporation of the proposed order language set forth in the Amazon Limited Objection (or substantially similar language); and

(d) Granting Cardinal Health such other or further relief as the Court deems appropriate.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Cardinal Health 110, LLC,
Cardinal Health 112, LLC and
Cardinal Health PR 120, Inc.

By:    /s/ Scott A. Zuber
        Scott A. Zuber, Esq.

Dated: January 28, 2019

---

[6] Cardinal Health similarly joins with the objections of other trade creditors to the extent they are not inconsistent with the objections raised herein.