Peter M. Gilhuly, Esq.
Ted A. Dillman, Esq.
355 South Grand Ave, Ste. 100
Los Angeles, CA  90071-1560
and
Marc A. Zelina, Esq.
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Tel:    (212) 906-1200
Fax:   (212) 751-4864

*Attorneys for Simon Property Group, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION.,** *et al.,* | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.[1]** | : | **(Jointly Administered)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SRe Holding Corporation, filed as Case No. 19-22031 (the "**Additional Debtor**").  The Additional Debtor filed a motion in its separate chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

**OBJECTION OF SIMON PROPERTY GROUP, L.P.
TO DEBTORS' NOTICE TO CURE COSTS AND POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Simon Property Group, L.P., as landlord and/or managing agent ("**Simon**" or "**Landlord**"), through its undersigned counsel, submits this objection and reservation of rights (this "**Cure Objection**") regarding the proposed cure amounts set forth in the Debtors' *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "**Notice of Assumption and Assignment**") filed in connection therewith. Concurrently herewith, Simon has filed its *Limited Objection to the Proposed Sale and Assumption and Assignment of Leases and Adequate Assurance of Future Performance* (the "**Limited Sale and Adequate Assurance Objection**"), which is incorporated herein by reference. In support hereof and thereof, Simon respectfully states as follows:

1.  Simon (through its wholly-owned or partially owned subsidiaries) owns or operates numerous shopping centers located throughout the United States at which the Debtors lease space pursuant to written leases or operate in space located in Simon's properties under various reciprocal easement agreements (each a "**Lease**" or "**Reciprocal Easement Agreement**") (collectively, "**Premises**").[2] Each of the Premises is within a "shopping center" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See Androse Assocs. of Allaire, LLC v. A&P (In re A&P)*, 472 B.R. 666, 677 (Bankr. S.D.N.Y. 2012); *In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086 (3d. Cir. 1990). Additional information regarding Simon and its relationship with the Debtors is included in the *Limited Objection and Reservation of Rights of Simon Property Group,*

---

[2] Note that certain Reciprocal Easement Agreements may be identified in various instances in the Notice of Assumption and Assignment as "Master Leases" or with other incorrect descriptions. Simon reserves all rights in connection with the characterization of documents in therein, and to the extent any Reciprocal Easement Agreement or executory contract is proposed to be assigned, references herein to Leases shall also apply to such agreements.

*L.P. to the Debtors' Motions for Approval of Bidding Procedures and Lease Rejection Procedures* [Docket No. 627] previously filed by Simon in these chapter 11 cases.

2. On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730], which provided that the Debtors had determined that a bid submitted by ESL Investments, Inc. and its affiliates, through Transform Holdco, LLC (collectively, "**ESL**") was the prevailing bid at the auction. The Debtors concurrently filed the Notice of Assumption and Assignment, which provided, among other things, a list of contracts and leases proposed to be assumed in connection with the proposed ESL transactions, including the Debtors' proposed cure amounts for such contracts and leases.[3]

3. Pursuant to section 365(b)(1) of the Bankruptcy Code, the proposed assumption and assignment of the Leases may not be consummated unless all defaults under the Leases have been cured as of the effective date of the assignment. The Debtors must also assume and assign the Leases in their entirety, and the assignee is subject to the terms and conditions thereof *cum onere*. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531, 104 S. Ct. 1188, 1199, 79 L. Ed. 2d 482 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract cum onere."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits."). Moreover, section 365(b)(3) of the Bankruptcy Code further

---

[3] On January 24, 2019, the Debtors filed the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1774] (the "**Supplemental Notice**"), which provided a list of additional contracts and leases (including certain of Simon's Leases) that may be designated for assumption and assignment in connection with the ESL transactions. Simon reserves the right to amend or supplement this Cure Objection, including in connection with the January 31, 2019 objection deadline applicable to the Supplemental Notice.

3

requires that the assumption and assignment of any lease in a "shopping center" be subject to all of the provisions of the applicable lease.

        4.      The Debtors have proposed that the cure amounts due and owing for 12 Leases (the "**Identified Leases**") identified on the schedules (the "**Cure Schedules**") to the Debtors' Notice of Assumption and Assignment (the "**Proposed Cure Amounts**") are, in the aggregate, $252,229.00. However, Simon disagrees with certain of these amounts and submits instead that the actual aggregate cure amount due and owing under the Identified Leases as of the date hereof is $579,348.63 (the "**Actual Cure Amounts**"), as more fully set forth on Exhibit A. The Actual Cure Amounts represent known amounts that are currently due and owing to Simon under the Leases, including a reasonable amount for attorneys' fees owed to Simon. The Actual Cure Amounts *do not* include accrued but unbilled or amounts that are not yet known or due under the terms of the Leases (including, without limitation, amounts owing on account of common area maintenance, taxes, utilities, year-end adjustments, indemnities, or other obligations accruing under the terms of the Leases) (such obligations, including the "Surviving Obligations" as defined and described in the Limited Sale and Adequate Assurance Objection, the "**Surviving Obligations**") all of which must be satisfied and be assumed by the assignee of any Lease. The Actual Cure Amounts may also increase prior to any actual date of assignment of the Leases if the Debtors do not timely and properly pay all amounts that accrue after the date hereof and Simon reserves all rights in connection therewith. A breakdown of the Actual Cure Amount as it applies to each Identified Lease is set forth on Exhibit A. Documentation supporting the calculation of the applicable Actual Cure Amounts will be provided on request and Simon will make its personnel available to work with the Debtors to reconcile cure amount in good faith.

5. Simon objects to the assumption and assignment of the Identified Leases or any other Lease by the Debtors to the extent that the Debtors' proposed cure amount falls short of the Actual Cure Amount and the proposed order approving the sale and assumption and assignment of leases (the "**Sale Order**") does not adequately protect the Surviving Obligations.[4] In addition, Simon reserves all rights with respect to the assumption or assignment of any Lease not identified on the Notice of Assumption and Assignment, including its right to object to any proposed cure amounts or adequate assurance of future performance,[5] and reserves the right to supplement the Actual Cure Amounts included herein.

## **JOINDER AND RESERVATION OF RIGHTS**

6. Simon reserves the right to make such other and further objections as may be appropriate as additional documentation and information is provided. Simon specifically reserves all rights, remedies, and positions with respect to any Proposed Assignee via Designation Rights (as defined in the Notice of Assumption and Assignment), including the right to object to any proposed use or change of use of the Premises once such Proposed Assignee has been identified or to amend or update any cure amounts in connection therewith. Simon hereby joins in the objections filed by the Debtors' other landlords and the official committee of unsecured creditors to the extent not inconsistent herewith.

---

[4] As noted in Simon's Limited Sale and Adequate Assurance Objection, Simon is continuing to work with the Debtors and ESL to resolve the appropriate cure amounts, and has proposed language for the proposed Sale Order to appropriately address the Surviving Obligations. To date, however, the Debtors and ESL have not confirmed that acceptable language will be included in the Sale Order.

[5] For avoidance of doubt, Simon reserves all rights in connection with the Supplemental Notice or Leases identified therein.

# CONCLUSION

WHEREFORE, Simon respectfully requests that the Court (i) deny the assumption and assignment of the Leases unless and until the issues identified herein are addressed and (ii) grant such relief as the court deems just and proper.

Dated: January 28, 2019
New York, New York

*/s/ Marc A. Zelina*
Peter M. Gilhuly (admitted *pro hac vice*)
Ted A. Dillman (admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 485-1234
Facsimile:   (213) 891-8763
Email:         peter.gilhuly@lw.com
                   ted.dillman@lw.com

Marc A. Zelina
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Telephone:  (212) 906-1200
Facsimile:   (212) 751-4864
Email:         marc.zelina@lw.com

*Attorneys for Simon Property Group, L.P.*