FRIED, FRANK, HARRIS, SHRIVER
  &amp; JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000
Brad Eric Scheler, Esq.
Jennifer L. Rodburg, Esq.

*Attorneys for Interprop Bedford, LLC, as Landlord*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:
*In re:*                                                        :     Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.,*     :
:     Case No. 18-23538 (RDD)
:
:     (Jointly Administered)
:
:
                     Debtors.                         :
:
:
---------------------------------------------------------------- x

**OBJECTION OF INTERPROP BEDFORD, LLC, AS LANDLORD, TO
DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN
CONNECTION WITH GLOBAL SALE TRANSACTION**

---

       Interprop Bedford, LLC ("Landlord"), by and through its counsel, Fried, Frank, Harris, Shriver & Jacobson, LLP, hereby submits this limited objection ("Objection") to the Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [Docket No. 1731] (the "Assignment and Assumption Notice")[1], and respectfully represents as follows:

---

[1]     Capitalized terms used but not defined herein shall the respective meanings ascribed to such terms in the Assignment and Assumption Notice.

1

**BACKGROUND**

1. On October 15, 2018 (the "Petition Date"), Sears Holding Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 19, 2018, the Bankruptcy Court entered that certain *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket. No 816] (the "Global Bidding Procedures Order") approving the global bidding and sale procedures in connection with the sale or disposition of substantially all of the Debtors' assets, among other relief.

3. Pursuant to that certain lease agreement between Sears, Roebuck and Co. and Landlord, as successor landlord, dated as of December 12, 1946 (as amended, together with any and all other agreements affecting the subject premises) (the "Lease"), Landlord leases certain non-residential real property for the premises located at 2307 Beverely Road, Brooklyn, New York 11226. The Lease is identified as Store Number 1114 in the Assignment and Assumption Notice.

4. Pursuant to the Global Bidding Procedures, on January 18, 2019, the Debtors filed the Assignment and Assumption Notice, which, among other things, listed all of the contracts and leases that potentially could be assumed by the Debtors and assigned to the Successful Bidder in connection with the Global Sale Transaction. The Assignment and Assumption Notice,

2

among other things, listed the Debtors' calculation of the cure amounts with respect to certain of those contracts and leases.

5. The Assignment and Assumption Notice states that the proposed cure amount for the Lease is $0 (the "Proposed Cure Amount"). Based on information and belief, the Proposed Cure Amount reflects the Debtors' calculation with respect to pre-petition amounts due under the Lease.

6. According to the Assignment and Assumption Notice, the Cure Objection Deadline and Adequate Assurance Deadline is 4:00 p.m. (ET) on January 26, 2019. However, on January 24, 2019, the Debtors, through their counsel, extended the Cure Objection Deadline and Adequate Assurance Deadline for Landlord up and until January 28, 2019.

**OBJECTION**

**(I)    The Proposed Cure Amount Does Not Account for Post-Petition Amounts due under the Lease**

7. The Proposed Cure Amount listed in the Assignment and Assumption Notice is wrong and does not accurately reflect cure costs that must be paid pursuant to the terms of the Lease in order to cure any defaults. Prior to the assumption of the Lease, the Debtors are required, pursuant to section 365(b)(1) of the Bankruptcy Code, to cure, or provide adequate assurance that the Debtors will promptly cure, all outstanding defaults under the Lease. 11 U.S.C. § 365(b)(1). The Proposed Cure Amount asserted by the Debtors is inaccurate and fails to include (i) post-petition base rent due for the month of January 2019, (ii) accrued interest and (iii) attorneys' fees.

8. Landlord does not object to the Proposed Cure Amount asserted by the Debtors with respect to pre-petition amounts due under the Lease. However, a review of the books and records of Landlord with respect to the Lease reveals an aggregate post-petition amount due of

3

not less than $1,288 as of January 28, 2019 (the "Actual Cure Amount"). Supporting documentation for the Actual Cure Amount is attached hereto as Exhibit A. Pursuant to section 365(d)(3) of the Bankruptcy Code, the Debtors are obligated to timely perform all post-petition obligations under the Lease. The Debtors have failed to do so and the Proposed Cure Amount needs to be modified to include the outstanding and unpaid rent and other charges due under the Lease. Further, Landlord reserves all rights to assert additional amounts due at the time of, or prior to, assumption and assignment of the Lease.

9. As a result of quarterly and/or year-end adjustments as provided for in the Lease, additional amounts may be due and owing by the Debtors. In addition, pursuant to section 18 of the Lease, the Debtors are required to pay to Landlord reasonable attorneys' fees incurred in connection with enforcing the terms of the Lease. Accordingly, Landlord is entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under the Lease.

10. Landlord reserves the right to amend this Objection or assert additional objections in order to reflect any additional amounts that are outstanding or become outstanding under the Lease, prior to the assumption and assignment of the Lease, including any and all additional post-petition administrative expenses that accrue, but remain unpaid, prior to the assumption and assignment of the Lease.

**(II) The Debtors Failed to Provide Adequate Assurance of Future Performance**

11. Pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code, a debtor is required to provide "adequate assurance of future performance" with respect to its leases. The debtor bears the burden of persuasion that the requirements for assumption under section 365 have been met. See In re M. Fine Lumber Co., Inc., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008); In re Embers 86th Street, Inc., 184 B.R. 892, 902 (Bankr. S.D.N.Y. 1995). In

4

assessing adequate assurance of future performance, "the test is not one of guaranty, but simply whether it appears that the rent will be paid and other obligations met." In re Embers, 184 B.R. at 902 (citing In re THW Enterprises, Inc., 89 B.R. 351, 357 (Bankr. S.D.N.Y. 1988)). In performing this analysis, courts "look for evidence of profitability…a plan that would earmark money exclusively for the landlord…or the willingness of debtor or debtor's assignee to fund the cure payments." In re Embers, 184 B.R. at 902.

12. At this time, the Debtors have failed under sections 365(b) and 365(f)(2) of the Bankruptcy Code to provide Landlord with any form of "adequate assurance of future performance" under the Lease. Therefore, Landlord objects to any proposed assignment and assumption of the Lease until the Debtor satisfies its obligations under the Bankruptcy Code, and delivers to Landlord, evidence of adequate assurance of future performance, in a form and manner reasonably satisfactory to Landlord.

13. Landlord acknowledges that, at some point subsequent to the filing of this Objection, the Debtors may provide evidence of adequate assurance of future performance under the Lease in order to satisfy its obligations under sections 365(b)(1)(C) and 365(f)(2) of the Bankruptcy Code. Accordingly, Landlord further reserves its right to object to the form and manner of any adequate assurance of future performance that the Debtors may deliver in connection with the proposed assignment and assumption of the Lease.

14. Further, the Asset Purchase Agreement provides that the Successful Bidder may designate the assumption and assignment of a lease to a third party. To the extent a lease is so designated, the identity of any potential assignee is unknown until such designation. Until the identity of a potential assignee for the Lease is known, it is impossible to determine whether Landlord will receive adequate assurance of future performance under the Lease. Thus, Landlord

objects to the Successful Bidder's designation of the Lease, until the identity of the proposed assignee is known, and Landlord has had sufficient time to assess the proposed assumption and assignment and review adequate assurance of future performance of the proposed assignee.

## JOINDER AND RESERVATION OF RIGHTS

15. Landlord joins in any other objections filed by the Debtors' landlords to the Global Sale Transaction to the extent such objections are not inconsistent with this Objection.

16. Landlord reserves its right to supplement this Objection and make such other and further objections as it deems necessary and appropriate. Landlord also reserves all rights to object to any proposed assumption and assignment of the Lease on any ground.

*[Remainder of page left intentionally blank]*

**WHEREFORE**, Landlord enters this Objection to the Assignment and Assumption Notice and requests that the Bankruptcy Court enter an Order for such relief as the Bankruptcy Court deems just and proper.

Dated: New York, New York
January 28, 2019

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP

By: /s/ Jennifer L. Rodburg

One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Attorneys for Interprop Bedford, LLC*

# EXHIBIT A

## Documentation regarding the
## Actual Cure Amount

**2307 Beverley Rd**
*Post-Petition Expenses*

| Description | Time Period | Invoice Date | Invoice # | $ Amt |
|---|---|---|---|---|
| Base Rent | | 1/01/2019 | 349338 | 1,288 |
| **Total Post-Petition Unpaid** | | | | **1,288** |
| | | | | |
| **Total 2307 Beverley Road Unpaid** | | | | **1,288** |

18093002