FRIED, FRANK, HARRIS, SHRIVER
  &amp; JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000
Brad Eric Scheler, Esq.
Jennifer L. Rodburg, Esq.

*Attorneys for Vornado Realty L.P.,*
*770 Broadway Owner LLC and*
*One Penn Plaza LLC, as Landlord*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
*In re:*                                                         :  Chapter 11
                                                                 :
SEARS HOLDINGS CORPORATION, *et al.,*                            :
                                                                 :  Case No. 18-23538 (RDD)
                                                                 :
                                                                 :  (Jointly Administered)
                                                                 :
                              Debtors.                           :
                                                                 :
                                                                 :
---------------------------------------------------------------- x

**OBJECTION OF VORNADO REALTY L.P. AND CERTAIN OF ITS WHOLLY-OWNED AND CONTROLLED SUBSIDIARIES, AS LANDLORD, TO DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

_____

Vornado Realty L.P., and its wholly-owned and controlled subsidiaries, 770 Broadway Owner LLC and One Penn Plaza LLC ("Landlord"), by and through its counsel, Fried, Frank, Harris, Shriver & Jacobson, LLP, hereby submits this limited objection ("Objection") to the Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts

1

and Unexpired Leases in Connection with Global Sale Transaction [Docket No. 1731] (the "Assignment and Assumption Notice")[1], and respectfully represents as follows:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), Sears Holding Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 19, 2018, the Bankruptcy Court entered that certain *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket. No 816] (the "Global Bidding Procedures Order") approving the global bidding and sale procedures in connection with the sale or disposition of substantially all of the Debtors' assets, among other relief.

3. Landlord is a party to two (2) lease agreements with certain of the Debtors for nonresidential real property.

4. First, pursuant to that certain lease agreement between Kmart Corporation and 770 Broadway Owner LLC, as successor landlord, dated August 3, 1995 (as amended, together with any and all other agreements affecting the subject premises) (the "770 Broadway Lease"), 770 Broadway Owner LLC leases certain non-residential real property for the premises located at 770 Broadway, New York, NY 10003. The 770 Broadway Lease is identified as Store Number

---

[1] Capitalized terms used but not defined herein shall the respective meanings ascribed to such terms in the Assignment and Assumption Notice.

2

7777 in the Assignment and Assumption Notice.

5. Second, pursuant to that certain lease agreement between Kmart Corporation and One Penn Plaza LLC, as successor landlord, dated November 23, 1994 (as amended, together with any and all other agreements affecting the subject premises) (the "One Penn Plaza Lease", together with the 770 Broadway Lease, the "Leases" and each, a "Lease"), One Penn Plaza LLC leases certain non-residential real property for the premises located at 250 W 34th Street, New York, NY 10119. The One Penn Plaza Lease is identified as Store Number 7749 in the Assignment and Assumption Notice.

6. Pursuant to the Global Bidding Procedures, on January 18, 2019, the Debtors filed the Assignment and Assumption Notice, which, among other things, listed all of the contracts and leases that potentially could be assumed by the Debtors and assigned to the Successful Bidder in connection with the Global Sale Transaction. The Assignment and Assumption Notice, among other things, listed the Debtors' calculation of the pre-petition cure amounts with respect to certain of those contracts and leases.

7. The Assignment and Assumption Notice states that (i) the proposed pre-petition cure amount for the 770 Broadway Lease is $9,557 (the "Proposed 770 Broadway Cure Amount") and (ii) the proposed pre-petition cure amount for the One Penn Plaza Lease is $3,558 (the "Proposed One Penn Plaza Cure Amount, together with the 770 Broadway Cure Amount, the "Proposed Cure Amounts"). Based on information and belief, the Proposed Cure Amounts reflect the Debtors' calculation with respect to pre-petition amounts due under the Leases.

8. According to the Assignment and Assumption Notice, the Cure Objection Deadline and Adequate Assurance Deadline is 4:00 p.m. (ET) on January 26, 2019. However, on January 24, 2019, the Debtors, through their counsel, extended the Cure Objection Deadline and

Adequate Assurance Deadline for Landlord up and until January 28, 2019.

## OBJECTION

**(I)  The Proposed Cure Amounts are Incorrect and Landlord is Entitled to the Actual Cure Amounts due under each Lease**

9.   The Proposed Cure Amounts listed in the Assignment and Assumption Notice are wrong and do not accurately reflect cure costs that must be paid pursuant to the terms of each Lease in order to cure any defaults. Prior to the assumption of any of the Leases, the Debtors are required, pursuant to section 365(b)(1) of the Bankruptcy Code, to cure, or provide adequate assurance that the Debtors will promptly cure, all outstanding defaults under the Lease. 11 U.S.C. § 365(b)(1). The Proposed Cure Amounts asserted by the Debtors are inaccurate and fail to include various pre-petition and post-petition charges due under each Lease, including, but not limited to, (i) real estate taxes, (ii) base rent, (iii) miscellaneous expenses, (iv) accrued interest and (v) attorneys' fees.

10.   A review of the books and records of Landlord with respect to the 770 Broadway Lease reveals an aggregate actual cure amount of not less than $1,612,961 as of January 28, 2019 (the "Actual 770 Broadway Cure Amount"), as set forth in the chart attached hereto as Exhibit A. Additional supporting documentation for the Actual 770 Broadway Cure Amount was provided to Debtors' counsel. As set forth on Exhibit A, the outstanding pre-petition amounts owed to Landlord under the 770 Broadway Lease is equal to $550,181. Also as set forth on Exhibit A, in addition to outstanding pre-petition amounts due, to date, the Debtors have failed to pay post-petition amounts due, and the Actual 770 Broadway Cure Amount reflects these amounts. Pursuant to section 365(d)(3) of the Bankruptcy Code, the Debtors are obligated to timely perform all post-petition obligations under the 770 Broadway Lease. Accordingly, Landlord reserves all rights to assert additional amounts due at the time of, or prior to, assumption and

assignment of the 770 Broadway Lease.

11.   A review of the books and records of Landlord with respect to the One Penn Plaza Lease reveals an aggregate actual cure amount of not less than $1,148,809 as of January 28, 2019 (the "Actual One Penn Plaza Cure Amount", together with the Actual 770 Broadway Cure Amount, the "Actual Cure Amounts"), as set forth in the chart attached hereto as Exhibit B. Additional supporting documentation for the Actual One Penn Plaza Cure Amount was provided to Debtors' counsel. As set forth on Exhibit B, the outstanding pre-petition amounts owed to Landlord under the One Penn Plaza Lease is equal to $150,105.  Also as set forth on Exhibit B, in addition to outstanding pre-petition amounts due, to date, the Debtors have failed to pay post-petition amounts due, and the Actual One Penn Plaza Cure Amount reflects these amounts. Pursuant to section 365(d)(3) of the Bankruptcy Code, the Debtors are obligated to timely perform all post-petition obligations under the One Penn Plaza Lease. The Debtors have failed to do so and the Proposed Cure Amounts need to be modified to include both pre-petition and post-petition outstanding and unpaid rent and other charges due the under the Leases. Further, Landlord reserves all rights to assert additional amounts due at the time of, or prior to, assumption and assignment of the One Penn Plaza Lease.

12.   As a result of quarterly and/or year-end adjustments as provided for in the Leases, additional amounts may be due and owing by the Debtors.  In addition, pursuant to section 16.01 of the One Penn Plaza Lease and section 23(F) of the 770 Broadway Lease, the Debtors are required to pay to Landlord reasonable attorneys' fees incurred in connection with enforcing the terms of each Lease. Accordingly, Landlord is entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under the Leases.

13.   For the foregoing reasons, Landlord objects to the Proposed Cure Amounts and

requests that the Debtors modify the Proposed Cure Amounts in respect of each Lease to reflect the Actual Cure Amounts, including both pre-petition and post-petition amounts due and any and all additional amounts due under each Lease on account of interest, costs, expenses or fees. Further, Landlord reserves the right to amend this Objection or assert additional objections in order to reflect any additional amounts that are outstanding or become outstanding under any of the Leases, prior to the assumption and assignment of any Lease, including any and all additional post-petition administrative expenses that accrue, but remain unpaid, prior to the assumption and assignment of any Lease.

### (II)    The Debtors Failed to Provide Adequate Assurance of Future Performance

14.    Pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code, a debtor is required to provide "adequate assurance of future performance" with respect to its leases. The debtor bears the burden of persuasion that the requirements for assumption under section 365 have been met. See In re M. Fine Lumber Co., Inc., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008); In re Embers 86th Street, Inc., 184 B.R. 892, 902 (Bankr. S.D.N.Y. 1995). In assessing adequate assurance of future performance, "the test is not one of guaranty, but simply whether it appears that the rent will be paid and other obligations met." In re Embers, 184 B.R. at 902 (citing In re THW Enterprises, Inc., 89 B.R. 351, 357 (Bankr. S.D.N.Y. 1988)). In performing this analysis, courts "look for evidence of profitability…a plan that would earmark money exclusively for the landlord…or the willingness of debtor or debtor's assignee to fund the cure payments." In re Embers, 184 B.R. at 902.

15.    At this time, the Debtors have failed under sections 365(b)(1)(C) and 365(f)(2) of the Bankruptcy Code to provide Landlord with any form of "adequate assurance of future performance" under the Leases. Therefore, Landlord objects to any proposed assignment and

6

18076274

assumption of the Leases until the Debtor satisfies its obligations under the Bankruptcy Code, and delivers to Landlord, evidence of adequate assurance of future performance, in a form and manner reasonably satisfactory to Landlord.

16. Landlord acknowledges that, at some point subsequent to the filing of this Objection, the Debtors may provide evidence of adequate assurance of future performance under the Leases in order to satisfy its obligations under sections 365(b)(1)(C) and 365(f)(2) of the Bankruptcy Code. Accordingly, Landlord further reserves its right to object to the form and manner of any adequate assurance of future performance that the Debtors may deliver in connection with the proposed assignment and assumption of the Leases.

17. Further, the Asset Purchase Agreement provides that the Successful Bidder may designate the assumption and assignment of a lease to a third party. To the extent a lease is so designated, the identity of any potential assignee is unknown until such designation. Until the identity of a potential assignee for any of the Leases is known, it is impossible to determine whether Landlord will receive adequate assurance of future performance under any of the Leases. Thus, Landlord objects to the Successful Bidder's designation of any of the Leases, until the identity of the proposed assignee is known, and Landlord has had sufficient time to assess the proposed assumption and assignment and review adequate assurance of future performance of the proposed assignee.

## JOINDER AND RESERVATION OF RIGHTS

18. Landlord joins in any other objections filed by the Debtors' landlords to the Global Sale Transaction to the extent such objections are not inconsistent with this Objection.

19.     Landlord reserves its right to supplement this Objection and make such other and further objections as it deems necessary and appropriate. Landlord also reserves all rights to object to any proposed assumption and assignment of the Leases on any ground.

*[Remainder of page left intentionally blank]*

18076274

**WHEREFORE**, Landlord enters this Objection to the Assignment and Assumption Notice and requests that the Bankruptcy Court enter an Order for such relief as the Bankruptcy Court deems just and proper.

Dated: New York, New York
        January 28, 2019

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By: /s/ Jennifer L. Rodburg

One New York Plaza
New York, New York 10004
Telephone: 212.859.8000
Facsimile: 212.859.4000

*Attorneys for Vornado Realty L.P.,*
*770 Broadway Owner LLC and*
*One Penn Plaza LLC, as Landlord*

18076274

18-23538-rdd    Doc 2109    Filed 01/28/19    Entered 01/28/19 19:02:18    Main Document
Pg 10 of 13

## **EXHIBIT A**

**Actual 770 Broadway Cure Amount**

18-23538-rdd    Doc 2109    Filed 01/28/19    Entered 01/28/19 19:02:18    Main Document
Pg 11 of 13

**770 Broadway**
*Pre-Petition Expenses*

| Description | Time Period | Invoice Date | Invoice # | $ Amt |
|---|---|---|---|---|
| Cash on Account | | 03/17/2015 | | (312) |
| Water | 02/01/2017-03/01/2017 | 03/21/2017 | 30117 | 257 |
| Cash on Account | | 10/23/2017 | | (2,000) |
| Real Estate Tax Adj. | 7/1/2017-12/31/2017 | 11/22/2017 | 6591 | (8,109) |
| Water | 10/01/2017-11/01/2017 | 12/18/2017 | 110117 | 886 |
| Water | 11/01/2017-12/01/2017 | 12/18/2017 | 120117 | 206 |
| Water | 12/01/2017-01/01/2018 | 01/09/2018 | 10118 | 239 |
| Real Estate Tax Escalation | 12/8/17-12/31/17 | 01/10/2018 | 12618 | 68,774 |
| Real Estate Tax Adj. | 07/01/17-12/07/17 | 01/10/2018 | 12619 | (158,954) |
| Base Rent Credit | 12/01/17-12/31/17 | 01/11/2018 | | (106,228) |
| Base Rent Credit | 12/01/17-12/31/17 | 01/11/2018 | | (317,126) |
| Water | 01/01/2018-02/01/2018 | 02/13/2018 | 20108 | 287 |
| Trash | 02/19/2018 | 02/19/2018 | 109447 | 1,600 |
| Sales Tax | 02/19/2018 | 02/19/2018 | 109447 | 142 |
| Water | 02/01/2018-03/01/2018 | 03/13/2018 | 30118 | 169 |
| Water | 03/01/2018-04/01/2018 | 04/13/2018 | 40118 | 142 |
| Steam | 12/01/2017-01/01/2018 | 04/19/2018 | 10118 | 7,107 |
| Sales Tax | 12/01/2017-01/01/2018 | 04/19/2018 | 10118 | 631 |
| Steam | 01/01/2018-02/01/2018 | 04/19/2018 | 20118 | 13,122 |
| Sales Tax | 01/01/2018-02/01/2018 | 04/19/2018 | 20118 | 1,165 |
| Steam | 03/01/2018-04/01/2018 | 04/19/2018 | 40118 | 6,100 |
| Sales Tax | 03/01/2018-04/01/2018 | 04/19/2018 | 40118 | 541 |
| Steam | 02/01/2018-03/01/2018 | 04/19/2018 | 180301 | 7,343 |
| Sales Tax | 02/01/2018-03/01/2018 | 04/19/2018 | 180301 | 652 |
| Steam | 04/01/2018-05/01/2018 | 05/01/2018 | 50118 | 1,575 |
| Sales Tax | 04/01/2018-05/01/2018 | 05/01/2018 | 50118 | 140 |
| Water | 04/01/2018-05/01/2018 | 05/17/2018 | 180501 | 265 |
| Water | 05/01/2018-06/01/2018 | 06/13/2018 | 60118 | 662 |
| Water | 06/01/2018-07/01/2018 | 07/19/2018 | 70118 | 1,213 |
| Water | 07/01/2018-08/01/2018 | 08/17/2018 | 80118 | 1,278 |
| Water | 08/01/2018-09/01/2018 | 09/12/2018 | 90118 | 1,627 |
| Water | 09/01/2018-10/01/2018 | 10/10/2018 | 100118 | 1,324 |
| Water* | 10/01/2018-11/01/2018 | 11/13/2018 | 110118 | 727 |
| Real Estate Tax Escalation | 12/08/17-12/31/17 | 01/10/2018 | 12620 | 90,179 |
| Base Rent | 01/01/18-01/31/18 | 01/11/2018 | | 179,739 |
| Base Rent | 12/01/17-12/31/17 | 01/11/2018 | | 139,153 |
| Base Rent | 02/01/18-2/28/18 | 02/01/2018 | | 179,739 |
| Credit On Account | 02/05/2018 | 02/05/2018 | | (53,643) |
| Trash | 05/28/2018 | 05/28/2018 | 110156 | 1,600 |
| Sales Tax | 05/28/2018 | 05/28/2018 | 110156 | 142 |
| Tenant Improvement Overage | 06/04/2018 | 06/04/2018 | 110177 | 60,443 |
| Real Estate Tax Escalation* | 07/01/2018-12/31/2018 | 07/01/2018 | 324654 | 731,740 |
| Vault Tax* | 07/01/18-06/30/19 | 08/07/2018 | 70118 | 27,804 |
| Trash | 08/27/2018 | 08/27/2018 | 110613 | 871 |
| Bounce Fee | 10/23/2018 | 10/23/2018 | | 25 |
| Bounce Fee | 10/26/2018 | 10/26/2018 | | 25 |
| Prepaid Rent | 03/01/2018 | 03/01/2018 | 19009 | (2,762) |
| **Subtotal** | | | | **880,503** |

**Adustments for Pre- & Post-Petition Expenses**

| | |
|---|---:|
| (Less) 7/1/2018-12/31/2018 Real Estate Tax Bill | (731,740) |
| (Plus) Adjusted charge for pre-petition period (7/1/18 - 10/14/18) | 421,546 |
| (Less) 10/1/2018-11/01/2018 Water Bill | (727) |
| (Plus) Adjusted charge for pre-petition period (10/1/2018 - 10/14/18) | 328 |
| (Less) 7/1/2018-6/30/2019 Vault Tax Bill | (27,804) |
| (Plus) Adjusted charge for pre-petition period (7/1/18-10/14/18) | 8,075 |
| **Total Pre-Petition Unpaid** | **550,181** |

### 770 Broadway
*Post-Petition Expenses*

| Description | Time Period | Invoice Date | Invoice # | $ Amt |
|---|---|---|---|---:|
| Water | 11/01/2018-12/01/2018 | 12/12/2018 | 120118 | 288 |
| Water | 12/01/2018-01/01/2019 | 01/19/2019 | 10119 | 430 |
| Real Estate Tax Escalation | 01/01/2019-6/30/2019 | 01/01/2019 | 350603 | 731,740 |
| **Subtotal** | | | | **732,458** |

**Adustments for Pre- & Post-Petition Expenses**

| | |
|---|---:|
| (Plus) Adjusted charge for post-petition period (10/15/18-12/31/18) | 310,194 |
| (Plus) Adjusted charge for post-petition period (10/15/18-11/01/18) | 399 |
| (Plus) Adjusted charge for post-petition period (10/15/18-06/30/19) | 19,729 |
| **Total Post-Petition Unpaid** | **1,062,780** |
| | |
| **Total 770 Broadway Unpaid** | **1,612,961** |

# EXHIBIT B

## Actual One Penn Plaza Cure Amount

**250 W 34th Street (One Penn)**
*Pre-Petition Expenses*

| Description | Time Period | Invoice Date | Invoice # | $ Amt |
|---|---|---|---|---|
| Cash On Account | 9/20/2016 | 09/20/2016 | | (231) |
| Submetered Electric | 07/16/2018-08/14/2018 | 09/18/2018 | 81418 | 45,842 |
| Sales Tax | 07/16/2018-08/14/2018 | 09/18/2018 | 81418 | 4,068 |
| Submetered Electric | 08/14/2018-09/13/2018 | 10/10/2018 | 91318 | 46,798 |
| Sales Tax | 08/14/2018-09/13/2018 | 10/10/2018 | 91318 | 4,153 |
| Professional Fees | 10/26/2018 | 10/26/2018 | 133553 | 3,057 |
| Bounce Fee | 10/26/2018 | 10/26/2018 | 342770 | 25 |
| Submetered Electric | 09/13/2018-10/15/2018 | 11/13/2018 | 101518 | 42,610 |
| Sales Tax | 09/13/2018-10/15/2018 | 11/13/2018 | 101518 | 3,782 |
| **Total Pre-Petition Unpaid** | | | | **150,105** |

**250 W 34th Street (One Penn)**
*Post-Petition Expenses*

| Description | Time Period | Invoice Date | Invoice # | $ Amt |
|---|---|---|---|---|
| Real Estate Tax Escalation | 01/01/2019-06/30/2019 | 01/01/2019 | 349967 | 924,689 |
| Submetered Electric | 10/15/2018-11/13/2018 | 01/09/2019 | 111318 | 32,241 |
| Sales Tax | 10/15/2018-11/13/2018 | 01/09/2019 | 111318 | 2,861 |
| Submetered Electric | 11/13/2018-12/14/2018 | 01/18/2019 | 121418 | 34,466 |
| Sales Tax | 11/13/2018-12/14/2018 | 01/18/2019 | 121418 | 3,059 |
| **Total Post-Petition Unpaid** | | | | **997,317** |

| | |
|---|---|
| Interest Accrued on Unpaid Expenses** | 1,386 |
| **Total 250 W 34th Street Unpaid** | **1,148,809** |