**CHAFFE McCALL, LLP**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Fax: (504) 585-7075
Fernand L. Laudumiey, IV (*admitted pro hac vice*)
*Attorneys for Richards Canal Street Property, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
In re:                                                        x
SEARS HOLDING CORPORATION, *et al.* [1]   x     Case No: 18- 18-23538-rdd
           Debtors      x     Chapter 11
                          x     Jointly Administered
-------------------------------------------------------------

**OBJECTION AND RESERVATION OF RIGHTS OF RICHARDS CANAL STREET PROPERTY, LLC WITH RESPECT TO (i) PROPOSED GLOBAL ASSET SALE TRANSACTION AND (ii) SUPPLEMENTAL NOTICE OF CURE AMOUNTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**Error! No document variable supplied.**

Richards Canal Street Property, LLC ("Richards") hereby files this objection and reservation of rights (the "Objection") with respect to (i) the Global Asset Sale Transaction as set forth in the Debtors' Notice of Successful Bidder and Sale Hearing (the "Sale Transaction Notice") [ECF No. 1730] and (ii) the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transactions [Docket No. 1774] (the "Potential Cure Notice"). In support of this Objection, Richards respectfully states as follows:

## Background

1. Beginning on October 15, 2018 (the "Petition Date") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Richards is the landlord and property owner of the Sears retail store No. S1226 1-B located at 4400 Veterans Memorial Blvd., Metairie, Louisiana (the "Premises"). The Lease between Richards and Sears, Roebuck & Co. ("Richards Lease") relating to the Premises is an unexpired lease of non-residential real property. A copy of the Richards Lease is attached hereto as Exhibit "A."

3. On January 18, 2019, the Debtors filed the (i) Sale Transaction Notice, attaching the executed Asset Purchase Agreement between the Debtors and Transform Holdco, LLC, an affiliate of ESL Investments, Inc. ("Buyer"), dated January 17, 2019 (the "Asset Purchase Agreement") and (ii) the Potential Cure Notice.

4.      On January 23, 2019, the Debtors filed their Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction [Docket No. 1774] (the "Supplemental Notice"), identifying additional contracts and leases that may potentially be assumed and assigned in connection with the Global Asset Sale Transaction. The Supplemental Notice identifies the Richards Lease as potentially being subject to assumption and assignment to the Buyer.

### Objection to Cure Obligations and Reservation of Rights

5.      The Supplemental Notice identifies that the proposed cure amount with respect to the Richards Lease is $50,000. While Richards does not object to the proposed monetary cure amount, in order to assume and assign the Richards Lease, Debtors are required, at the time of assumption, to cure or provide adequate assurance of the prompt cure of all monetary and non-monetary defaults under the Richards Lease. *See* 11 U.S.C. § 365(b)(1)(A). In connection with the Richards Lease, this includes, without limitation, any and all defaults with respect to insurance requirements, real estate taxes and other charges (accrued or otherwise), utilities (including electricity, gas, water, telephone, and any and all other utilities), attorneys' fees, maintenance, compliance with laws, and similar charges owing under the Richards Lease that remain undetermined as of this date (the "Unliquidated Obligations"). Thus, Debtors must cure, or provide adequate assurance of promptly curing, all liquidated cure amounts and other Unliquidated Obligations under the Richards Lease as a condition to the assumption and assignment. *See* 11 U.S.C. § 365(b)(1).

6.      Accordingly, Richards' objects to the extent the Debtors seek authorization for the sale or assignment of the Richards Lease free and clear of any liquidated cure amounts at the

time of assumption or Unliquidated Obligations, including without limitation the Unliquidated Obligations identified above.

7. Any order approving the assumption and assignment of the Richards Lease should make clear that these amounts must be paid at or prior to assumption and assignment, and that the assignee shall take the Richards Lease subject to all of its respective terms and undertake to satisfy all monetary and all non-monetary obligations under the Richards Lease.

8. This Objection is without prejudice to the fact that other and additional cure claim amounts (whether liquidated cure amounts or Unliquidated Obligations) (i) may exist and/or may become known at a future date and (ii) will accrue on an ongoing basis between the filing of this Objection and any subsequent assumption of the Lease.

9. Richards expressly reserves its right to amend or supplement its Objection though and including the effective date of any proposed assumption and assignment of the Richards Lease.

**Objection Regarding Adequate Assurance of Future Performance**

10. Sections 365(f)(2)(B) and 365(b)(1) of the Bankruptcy Code require that adequate assurance of future performance by a proposed assignee be provided, whether or not there has been a default under a contract or lease. The Debtors and the Buyer have the burden of proving adequate assurance of future performance with respect to the potential assumption and assignment of the Richards Lease. *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995).

11. The adequate assurance letter provided to Richards in connection with the Global Asset Sale Transaction is not sufficient to demonstrate that the Buyer can perform under the Richards Lease (or any other leases for that matter). The letter is simply a restatement of the

terms of the Asset Purchase Agreement ("APA") with summary references to financial projections that may have no legitimate basis. It is respectfully submitted that more information is needed in order for the Debtors and Buyer to carry their burden of proof.

12. The requirements of the Bankruptcy Code for adequate assurance of future performance have not been satisfied.

### Objection to Proposed Sale to the Extent that it is Free and Clear of any Termination Rights

13. The Richards Lease, in Paragraph 3, provides Richards with "Early Termination" rights after the expiration of the second (2nd) Lease Year assuming that certain conditions precedent are met.[2]

14. Pursuant to the terms of the Asset Purchase Agreement, the Debtors seek to sell "Acquired Assets," including "Acquired Lease Rights," free and clear of any and all "Encumbrances," which term is very broadly defined. *See* Asset Purchase Agreement at ¶¶ 1.1 (Definitions) and 2.1 (Purchase and Sale of the Acquired Assets).

15. Although the definition of "Encumbrances" does not seem to include these "Early Termination" rights under the Richards Lease, any order in connection with the assumption and assignment of the Richards Lease should make clear that these "Early Termination" provisions are not affected or restricted by the Asset Purchase Agreement.

16. Richards objects to the Global Asset Sales Transaction and any assumption and assignment to the extent that Debtors seek to assume and assign the Richards Lease free and clear of these "Early Termination" rights.

17. The law is clear that an executory contract may not be assumed in part and rejected in part. *In re Sterling Optical Corp.*, 371 B.R. 680, 2007 WL 1989233, at *11 n.13

---

[2] The Richards Lease provides Sears, Roebuck & Co. with similar "Early Termination" rights.

(Bankr. S.D.N.Y. 2007) ("A debtor may not reject (i.e., breach) one obligation under a contract and still enjoy the benefits of that same contract."). The debtor in possession must either assume the entire contract, subject to encumbrances or charges, or reject the entire contract, shedding obligations as well as benefits. *3 Collier on Bankruptcy § 365.03*.

18. Although the Debtor's intention is by no means clear, Richards, out of an abundance of caution, seeks a declaration from this Court that any assumption and assignment of the Richards Lease is subject to the "Early Termination" provisions set forth therein.

## Conclusion

WHEREFORE, Richards hereby prays (i) that any order of this Court approving the Global Asset Sale Transaction and assumption and assignment of the Richards Lease incorporate these objections and any other requested relief set forth herein, and (ii) for such other and further relief as is just and proper.

New York, New York

Dated: January 28, 2019

                                                    Respectfully submitted,

                                                    CHAFFE McCALL, LLP
                                                    2300 Energy Centre
                                                    1100 Poydras Street
                                                    New Orleans, Louisiana 70163-2300
                                                    Telephone: (504) 585-7000
                                                    Fax: (504) 585-7075

                                                    By: */s/ Fernand L. Laudumiey, IV*
                                                         Fernand L. Laudumiey, IV, LA #24518
                                                        *Admitted Pro Hac Vice*