**Objection Date and Time:  January 31, 2019 at 4:00 p.m. (Eastern Time)**

Curtis S. Miller (DE Bar #4583)
Joseph C. Barsalona II (NY Bar #5102595)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for KBTS-Tamiami, Ltd. c/o Federal Construction, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al.,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 1774** |

---------------------------------------------------------------x

# OBJECTION OF FEDERAL CONSTRUCTION, INC. TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION [D.I. 1774]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333Beverly Road, Hoffman Estates, Illinois 60179.

KBTS-Tamiami, Ltd. c/o Federal Construction, Inc. ("Federal Construction"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [D.I. 1774] (the "Cure Notice")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"). In support of this Objection, Federal Construction respectfully states as follows:

## BACKGROUND

1. Federal Construction is the owner of the non-residential real property located at 12350 S.W. 8th Street, Miami, FL 33184-1510, identified as store number 3793, in which the Debtors operate a Kmart store pursuant to that certain lease dated October 6, 1992, made by and between Debtor Kmart Corporation ("Kmart") and Federal Construction (as subsequently amended, modified, and/or extended, the "Lease").

2. Pursuant to the Lease, Kmart, as tenant, is obligated to pay rent, plus real estate taxes, utility charges, indemnification and other certain expenses, including the reasonable attorneys' fees and expenses of Federal Construction if the Debtors are in default under the Lease.

3. According to Federal Construction's records, the amount necessary to cure all monetary defaults under the Lease is presently $35,642.31, plus attorneys' fees and expenses[3] and other unliquidated amounts for the expenses described above.

4. The Cure Notice requests authority to assume the Lease and provides that the Debtors propose to pay $35,642.31 to cure all monetary defaults under the Lease (the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Cure Notice.
[3] This amount continues to increase due to additional attorneys' fees and expenses that Federal Construction incurs in enforcing its rights under the Lease (such as the filing of the instant Objection). Thus, Federal Construction reserves the right to obtain payment for additional cure amounts owing under the Lease in connection with the assumption of the Lease.

2

"Proposed Cure Amount"). However, the Proposed Cure Amount excludes any unliquidated amounts for real estate taxes, utility charges, indemnification and attorneys' fees and costs that may be incurred subsequent to the date of the Cure Notice (the "Additional Expenses").

**OBJECTION**

5. Federal Construction objects to the Proposed Cure Amount on the grounds that the proper cure amount to be paid pursuant to 11 U.S.C. § 365(b)(1) for assumption of the Lease is $35,642.31 plus the Additional Expenses, which are not listed on the Cure Notice.

6. Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee – (A) cures, or provides adequate assurance that the trustee will promptly cure, such default[.]" 11 U.S.C. § 365(b)(1). When a debtor's lease provides for the payment of attorneys' fees, courts uphold the provisions of the lease and require payment. *See Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443 (2007); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986).

7. As noted above, the amount necessary to cure all monetary defaults under the Lease includes the payment of $35,642.31 plus the Additional Expenses, which were incurred as a result of the Debtors' failure to pay past due amounts owing under the Lease. Under Section 24 of the Lease, these fees and expenses, which include attorneys' fees, are an outstanding monetary obligation of the Debtors that must be cured in connection with the Debtors' assumption of the Lease. *See* 11 U.S.C. § 365(b)(1); *Travelers*, 549 U.S. at 450-54. Accordingly, Federal Construction requests that the Court order that the correct cure amount be paid no later than ten (10) days after the entry of an order approving assumption of the Lease.

8.   Additionally, Federal Construction requests that any order authorizing assumption of the Lease require that the Debtors satisfy all obligations under the Lease that may become due and owing subsequent to the date hereof.  These amounts may include adjustments to certain items including, but not limited to, real estate taxes, utilities, indemnity obligations and any other amounts owing under the Lease that become due and owing subsequent to the date hereof.

## RESERVATON OF RIGHTS

9.   Federal Construction reserves, and does not waive, its right to amend and/or supplement this Objection to address, without limitation, defaults, breaches, and obligations of the Debtors under the Lease that subsequently become known to Federal Construction.

10.   Federal Construction also reserves, and does not waive, its right to amend and/or supplement this Objection to address, without limitation, defaults, breaches, and obligations of the Debtors under the Lease that may occur, accrue, and/or arise from the date of the filing of this Objection through and including the date the Lease is assumed.

11.   Further, Federal Construction reserves the right to object to any proposed assignee's attempt to use the leased property in any manner not in accordance with the terms of the Lease.

## JOINDER

12.   To the extent not inconsistent with this Objection, Federal Construction joins in the objections raised by other landlords.

WHEREFORE, Federal Construction respectfully requests that the Court (a) set the cure amount for monetary defaults under the Lease at $35,642.31 plus any additional amounts incurred by Federal Construction in these cases, (b) require the Debtors to pay the cure amount within ten (10) days of the entry of an order approving assumption of the Lease, (c) require the Debtors to pay any additional amounts that become due and owing subsequent to the date hereof, and (d) grant such other and further relief as the Court deems appropriate.

Dated:   January 29, 2019          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 */s/ Joseph C. Barsalona II*
Curtis S. Miller (DE Bar #4583)
Joseph C. Barsalona II (NY Bar #5102595)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware  19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for KBTS-Tamiami, Ltd. c/o Federal Construction, Inc.*

12514528.1