UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                        :

In re:                        :

                        :      Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,[1]  :      Case No. 18-23538 (RDD)

                        :

                        :      (Jointly Administered)

              Debtors.     :

-------------------------------------------------------------x

## NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, DEMAND FOR PAYMENT OF POST-PETITION RENT

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

    1.     A hearing to consider the Motion for Relief from the Automatic Stay, or in the

Alternative, Demand for Payment of Post-Petition Rent, of Z.A. Sneeden's Sons, Inc., pursuant

to Sections 362(d)(1) and 365(d)(3)of the United States Bankruptcy Code, Federal Rule of

Bankruptcy Procedure 4001 and Local Rule 4001-1 of the Local Bankruptcy Rules for the

United States Bankruptcy Court for the Southern District of New York, and for such other and

further relief as the Court may deem just and proper, will be held before the Honorable Robert D.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365) (collectively, the "Debtors").  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District

of New York, 300 Quarropas Street, White Plains, NY 10601 on February 14, 2019 at 10:00 a.m.

2.      Objections, if any to the Motion must be made in writing, with a hard copy

delivered to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for

the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601;

conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; be filed

with the Bankruptcy Court; and be served in accordance with the provisions of General Order M-

399 of this Court on the following parties:

> (i)  (a) Wyrick Robbins Yates & Ponton LLP, 4101 Lake Boone Trail, Suite 300, Raleigh, NC 27608 (Attn: Charles George, Esq.);
>
> (ii)  the Debtors, c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179 (Attn: Stephen Sitley, Esq., and Luke J. Valentino, Esq.);
>
> (iii)  Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq. Garret A. Fail, Esq. and Sunny Singh, Esq.), attorneys for the Debtors;
>
> (iv)  the Office of the United States Trustee for Region 2 (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York New York 10014 (Attn: Paul Schwartzberg, Esq.)
>
> (v)  Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York New York 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg. Esq., and George R. Howard, Esq.) attorneys for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent;
>
> (vi)  Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Marshall S. Huebner, Esq. and Eli J. Vonnegut, Esq.) attorneys for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility;
>
> (vii)  Cleary, Gottlieb, One Liberty Plaza, New York New York 10006 (Attn: Sean A. O'Neal, Esq.) attorneys for JPP, LLC, as agent under the Second Lien Credit Facility, IP/Ground Lease Term Loan Facility, and the Consolidated Secured Loan Facility;
>
> (viii) Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 010178 (Attn: Eric R. Wilson, Esq., Benjamin D. Feder, Esq., and T. Charlie Liu, Esq.), attorneys for Computershare Trust Company, N.A., as trustee for the

Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes;

(ix) Seyfarth Shaw LLP, 620 Eighth Avenue, New York 10018 (Attn: Edward M. Fox, Esq.), attorneys for Wilmington Trust, National Association, as indentured trustee for the Second Lien Notes;

(x) Carter Ledyard & Milburn LLP, 2 Wall Street, New York, New York 10015 (Attn: James Gadsden, Esq.), attorneys for The Bank of New York Mellon Trust Company, a successor trustee for the SRAC Unsecured PIK Notes, SRAC Unsecured Notes, and the SRAC Medium Term Notes;

(xi) Locke Lord LLP, 111 South Wacker Drive, Chicago, Illinois, 60606 (Attn: Brian A. Raynor, Esq.), attorneys for the Pension Benefit Guaranty Corporation;

(xii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors (the "**Creditors' Committee**");

(xiii) Prime Clerk LLC (Attn: Adam M. Adler), Claims and Noticing Agent, 830 Third Avenue, 9th Floor, New York, NY 10022;

(xiii) any person or entity with a particularized interest in the subject matter of the relevant Document (a "**Particularized Notice Party**"); and

(xiv) all persons and entitled that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Case Management Procedures,

so as to be actually received by them not later than February 7, 2019 (the "Objection Deadline")

3.     If no objection is timely filed and served, then Movant may, on or after the

Objection Deadline, relief may be granted without further notice or opportunity to be heard

offered to any party.


[SIGNATURE PAGE ATTACHED]

Dated: January 29, 2019

**WYRICK ROBBINS YATES & PONTON LLP**

/s/ Charles George
Charles George
N.C. Bar No. 21003
cgeorge@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: 919.781.4000
Facsimile: 919.781.4865

*Counsel for Z.A. Sneeden's Sons, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                      :
In re:                                                :
                                                      :          Chapter 11
SEARS HOLDINGS CORPORATION, *et al.,*[1]              :          Case No. 18-23538 (RDD)
                                                      :
                                                      :          (Jointly Administered)
                              Debtors.                :
----------------------------------------------------------------x

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, DEMAND FOR PAYMENT OF POST-PETITION RENT

NOW COMES Z.A. Sneeden's Sons, Inc. ("Z.A. Sneeden's Sons" or "Movant"), a

corporation organized and existing under the laws of the State of North Carolina, and a party in

interest to this case, by and through its attorneys of record in this case, Wyrick Robbins Yates &

Ponton LLP, pursuant to Sections 362(d)(1) and 365(d)(3) of the United States Bankruptcy

Code, Federal Rule of Bankruptcy Procedure 4001 and Local Rule 4001-1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York,

and hereby submits this motion requesting an Order granting relief from the automatic stay in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365) (collectively, the "Debtors").  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

this action pursuant to 11 U.S.C. §§ 362(d)(3) to permit Movant, with respect to the Lease and

Memorandum of Amendment to Lease and Consent Agreement attached hereto as Exhibit A (the

"Lease") and Exhibit B (the "Amendment"), respectively (collectively, the Lease and the

Amendment are at times referred to as the "Kmart Lease #3116"), to terminate Kmart Lease

#3116, and/or tenant's right to possession thereunder and seek summary ejectment or otherwise

as permitted by North Carolina law to recover possession of the premises that are the subject of

Kmart Lease #3116 located in Wilmington, North Carolina, or in the alternative for an order

requiring the payment of all post-petition rent due to Movant under Kmart Lease #3116, and for

such other and further relief as the Court may deem just and proper.  In support of this motion,

Movant says as follows:

1.      Z.A. Sneeden's Sons is the successor-in-interest to the Jack A. Sneeden

Corporation, the Landlord on the Lease with Kmart Corporation ("Kmart"), the Tenant, entered

into by the parties on September 7, 1972.

2.      The Amendment was entered into between Z.A. Sneeden's Sons and Kmart, as

well as Brinker North Carolina, Inc. on February 28, 1997.

3.      Under the terms of Kmart Lease #3116, Kmart is required to pay Z.A. Sneeden's

Sons the sum of Twenty Thousand Dollars ($20,000.00) per month on the first day of each

month.

4.      Prior to filing its petition, Kmart timely paid all of its rental obligations in the

ordinary course of business.

5.      Since the filing of the petition, however, the Trustee for Kmart has failed to pay

any of its post-petition rental obligations.

6.      Attached as Exhibit C is an accurate copy of a statement from Sears Holdings Management Corporation reflecting payment of the rental obligation to Z.A. Sneeden's Sons under Kmart Lease #3116 (as well as for another store owned by Z.A. Sneeden's Sons where Kmart is the tenant and rental payments have continued to be made post-petition) on October 1, 2018, but which makes no indication of the payment of rent under Kmart Lease #3116 for November 1, 2018.

7.      Similarly, attached as Exhibit D and Exhibit E are true and accurate copies of statements received from Sears Holdings Management Corporation dated December 1, 2018 and January 1, 2019, respectively.  Unlike Exhibit C for November of 2018, these statement do identify Kmart Lease #3116, but purport to attribute two credits ($17,360 attributable to "RDED ABATEMENT" and $2,640 attributable to "RDED ADJUSTMENT FOR LR") totaling the full amount of the $20,000 rental payment due under Kmart Lease #3116 as of December 1, 2018 and January 1, 2019, respectively.

8.      The Kmart Lease #3116 is not one of the leases which has been rejected during the bankruptcy proceedings.

9.      The Kmart Lease #3116 is an "unexpired lease" of "non-residential real property" under bankruptcy law.

10.     Under 11 U.S.C. § 365(d)(3), the trustee is required to timely perform all the obligations of the debtor, except those specified in 11 U.S.C. § 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding 11 U.S.C. § 503(b)(1).

11.     While the court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, upon information and

belief, no such order was entered, and even if it had been entered, under law the time for performance cannot be extended beyond such 60-day period.

12.    It has been more than 60 days since the bankruptcy filing in this matter.

13.    No basis under law or under the Kmart Lease #3116 exists for the withholding of post-petition rent to Z.A. Sneeden's Sons.

14.    On or about December 10, 2018, the undersigned counsel attempted to inquire of the Trustee through the on-line inquiry system (https://restructuring.primeclerk.com/sears/Home-SubmitInquiry) as to why rental payments had been withheld under Kmart Lease #3116 despite it not being identified as a lease being rejected on behalf of the Debtor.

15.    In response to the above inquiry, the undersigned counsel received a response that "Sears Holdings Corporation is operating in the normal course of business and all amounts due for goods and services after the October 15, 2018 petition date are being paid in the ordinary course of business.  Your normal accounts payable channels should be contacted regarding questions about post-petition amounts due."

16.    As a result, the undersigned counsel contacted the representative of Sears Holdings Corporation with whom Z.A. Sneeden's Sons had the most recent contact, but no response to date has been received.

17.    Other than to the extent the notations on Exhibit D and Exhibit E could be deemed an explanation for withholding the rent, no person acting on behalf of Kmart has provided Z.A. Sneeden's Sons with an explanation as to why rent was continuously paid prior to the filing of the petition in this case but has been withheld post-petition.

18.    Since in or about March of 2017, Kmart has not operated a retail store in the premises that are the subject of Kmart Lease #3116.

19.     Since closing the store, Kmart has at times failed to run the air conditioning in the building, turned off the water supply, caused the fire suppression system to be deactivated and otherwise taken actions or failed to take actions to keep the premises that are the subject of Kmart Lease #3116 to be in good repair.

20.     In September of 2018, Hurricane Florence hit the Wilmington area and due to the failure of Kmart to maintain the air conditioning units throughout the building as required under Kmart Lease #3116, water was allowed to enter the building.

21.     The entry of the water was due to the negligence of Kmart and/or its employees, and the responsibility for the repairs belonged to Kmart.

22.     Given that Kmart did not undertake the remediation efforts, Z.A. Sneeden's Sons undertook such efforts, while preserving all of its rights under Kmart Lease #3116, although its remediation efforts were impaired based on Kmart's decision to restrict access to the building.

23.     Even during the remediation efforts, the use being made of the premises by Kmart was not altered in any way by the water that entered the building as Kmart has kept the building locked and performed no operations of any kind in the building since in or around March of 2017.

24.     As the building premises have not been made unusable to Kmart, there is no basis for the failure to pay rent to Movant under Kmart Lease #3116.

25.     In the alternative, even if it were determined that the premises subject to Kmart Lease #3116 were not usable by Kmart, which is specifically denied, the premises were not rendered unusable by any default or negligence by Z.A. Sneeden's Sons and thus no basis exists for withholding rent under Kmart Lease #3116.

26.     The rental payments of $20,000 for November 1, 2018, December 1, 2018, and

January 1, 2019, remain outstanding and are due and payable.

27.     The rental payments of $20,000 for November 1, 2018 and December 1, 2018, are

outside the 30-day cure period provided in Kmart Lease #3116, and the failure to pay such

amounts constitutes a Default under Kmart Lease #3116.

28.     Pursuant to 11 U.S.C. § 365(d)(1), "[o]n request of a party in interest and after

notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of

[11 U.S.C. § 365(a)], such as by terminating, annulling, modifying, or conditioning such stay —

for cause, including the lack of adequate protection of an interest in property of such party in

interest;

29.     The failure to pay post-petition rent constitutes cause under 11 U.S.C. § 365(d)(1)

for lifting the automatic stay and permitting a landlord to seek ejectment in state court. *See e.g.*

*In re Taylor,* 1997 WL 642559, at *1 (S.D.N.Y. Oct. 16, 1997); *In re MadLo Lo LLC,* No. 09-

11911, 2009 WL 2902567 *4 (Bankr. S.D.N.Y. May 28, 2009). *In re Sweet N Sour 7th Ave.*

*Corp.,* 431 B.R. 63, 69 (Bankr. S.D.N.Y. 2010)

30.     The interest of Z.A. Sneeden's Sons in the premises that are the subject of Kmart

Lease #3116 is not adequately protected if Debtor is allowed to continue to occupy the premises

without paying post-petition rent.

WHEREFORE, Movant, Z.A. Sneeden Sons, Inc., respectfully requests an order vacating

the automatic stay, and permitting Movant to terminate Kmart Lease #3116, and/or tenant's right

to possession thereunder and seek summary ejectment or otherwise as permitted by North

Carolina law to recover possession of the premises that are the subject of Kmart Lease #3116, or

in the alternative, for an order requiring all post-petition rent due under Kmart Lease #3116 to be

paid to Z.A. Sneeden's Sons, and such other and further relief as the Court may deem just and proper.

Dated: January 29, 2019

**WYRICK ROBBINS YATES & PONTON LLP**

/s/ Charles George
Charles George
N.C. Bar No. 21003
cgeorge@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: 919.781.4000
Facsimile: 919.781.4865

*Counsel for Z.A. Sneeden's Sons, Inc.*