Jeffrey R. Gleit, Esq.
Allison H. Weiss, Esq.
Clark A. Freeman, Esq.
**SULLIVAN & WORCESTER LLP**
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)

*Counsel to Service.com*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**LIMITED OBJECTION OF SERVICE.COM TO
GLOBAL ASSET SALE TRANSACTION AND STATEMENT
OF CONTINUED INTEREST IN PURCHASE OF
SEARS HOME IMPROVEMENT BUSINESS**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Service.com, in support of its *Limited Objection to the Global Asset Sale Transaction and Statement of Continued Interest in Purchase of Sears Home Improvement Business* (the "Limited Objection and Statement of Continued Interest"), respectfully represents as follows:

## BACKGROUND

1.      On October 15, 2018 (the "Petition Date") Sears Holdings Corporation and its debtor affiliates (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), jointly administered under Case No. 18-23538 (RDD).

2.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**I.      The Failed SHIP Transaction**

3.      At least four times since September 2017, Service.com, the Debtors, and ESL Investments, Inc. ("ESL") were in discussions regarding the sale of the Sears Home Improvement business (the "SHIP Business") to Service.com.  However, each time the proposed transactions fell apart due to, in part, actions by ESL resulting in a continued erosion of value to the SHIP Business to the detriment of the Debtors' estates, creditors, and non-ESL parties in interest.

2

4.      In September 2017, Service.com, along with a third party financial partner, submitted its first bid to the Debtors to acquire the SHIP Business at a significantly higher price than the $60 million previously accepted in these bankruptcy cases.  ESL requested to fund the subordinated debt as part of the transaction causing the third-party financial partner to walk.

5.      In January 2018, Service.com proposed a joint venture vehicle to acquire the SHIP Business at a significantly higher price than $60 million.  This transaction failed when ESL no longer viewed the transaction at a sufficient valuation once it achieved other funding for the Debtors as a whole.

6.      Once again, in April 2018, a transaction proposed by a third party financial partner and Service.com failed when ESL signed a non-disclosure agreement with the third party to fund a transaction directly with ESL as opposed to Service.com.

7.      Lastly, in July 2018, Service.com submitted yet another bid at a significantly higher purchase price: $82 million, consisting of $72 in cash and a $10 million note.  Ultimately and consistent with the prepetition actions of ESL, the senior debt source was contacted by ESL to invest in ESL's own bid which was never consummated.  https://searsholdings.com/press-releases/pr/2091

8.      Not surprisingly, prior to November 3, 2018, any proposed deal by ESL for the Debtors' assets included the SHIP Business as part of the assets to be acquired by ESL.

9.      After the Petition Date, Service.com and the Debtors continued to take part in good faith negotiations for the acquisition of the SHIP Business, the material terms of which were agreed upon in October 2018.

10.      On November 2, 2018, the Debtors and Service.com entered into an asset purchase agreement (as amended on November 13, 2018, the "SHIP Purchase Agreement") for

the sale of the SHIP Business, pursuant to which Service.com agreed to pay $60 million in cash, prior to adjustment of such amount in accordance with the terms of the SHIP Purchase Agreement, and to assume the certain assumed liabilities, for the assets.

11.     On November 3, 2018, the Debtors filed the *Motion of Debtors for Entry of Order (A) Approving Bidding Procedures for Sale of Sears Home Improvement Business (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (ii) Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking Horse Agreement, and (iii) Granting Related Relief* [Docket No. 450] (the "SHIP Sale Procedures Motion"), seeking, among other things, approval of the bidding procedures for soliciting bids for and consummating the sale of the SHIP Business.

12.     In accordance with the SHIP Purchase Agreement, a $6 million security deposit was provided on behalf of Service.com on November 5, 2018.

13.     On November 16, 2018, the Court approved the SHIP Sale Procedures Motion and entered the *Order (A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption And Assignment Procedures, and (F) Granting Related Relief* [Docket No. 775].

14.     Throughout the diligence process, while working with third party financing sources, the data room was not updated timely and insufficient information was provided to funding sources to evaluate the proposed transaction by Service.com.   Specifically, several

4

financing sources passed and advised Service.com that although they intended to invest, the lack of quality financial data being provided by the Debtors throughout the bankruptcy process made an investment or loan not feasible.

15.    After granting two extensions of the closing date, on January 18, 2019, the Debtors terminated the SHIP Purchase Agreement as a result of purported issues relating to Service.com's financing. By letter dated January 18, 2019, the Debtors now assert that Service.com has forfeited its $6 million security deposit.

## II.    The Global Asset Sale Transaction

16.    On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket No. 816] ("Global Bidding Procedures Order"), approving global bidding and sale procedures, in connection with the sale of substantially all of the Debtors' assets (the "Global Assets").

17.    On November 21, 2018, the Debtors filed the *Notice of Filing of Global Bidding Procedures Process Letter* [Docket No. 862] soliciting bids on the Global Assets.

18.    On January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets. The bid submitted by Transform Holdco, LLC ("Holdco"), formed by ESL to acquire all or substantially all of the Global Assets, was the highest offer for the Global Assets. The offer included a bid for the SHIP Business.

19.    On January 17, 2019, the Debtors and Holdco entered into an Asset Purchase Agreement (the "ESL APA"), pursuant to which Holdco is to acquire all or substantially all of the Global Assets, including, the SHIP Business. As stated above, the very next day, the Debtors sent a notice of termination of the SHIP Purchase Agreement to Service.com.

18-23538-shl    Doc 2130    Filed 01/29/19    Entered 01/29/19 13:09:51    Main Document
Pg 6 of 9

20.    ESL's vast knowledge and control over the Debtors made it impossible for third parties to properly evaluate third party financings for the SHIP Business and to compete with ESL.

## STANDING

21.    Service.com has standing as a creditor to appear and be heard on this Limited Objection and Statement of Continued Interest under 1109(b) of the Bankruptcy Code because it holds a $900 claim against the estate of Debtor Sears Home Improvement Products, Inc. [Docket No. 1641 at 279] separate and apart from the SHIP Purchase Agreement.

## REQUESTED RELIEF

22.    Service.com hereby provides notice of its intent to continue working with the Debtors to consummate its acquisition of the SHIP Business pursuant to the SHIP Purchase Agreement.    As a result, Service.com respectfully requests that should the Court deny the Debtors' request for approval of the ESL APA in whole, or in part, Service.com should be permitted to move forward with its purchase of the SHIP Business in accordance with the terms of the SHIP Purchase Agreement with a new closing date to be agreed upon by the parties.

## BASIS FOR RELIEF

23.    Approval of the Global Asset Sale Transaction will be highly contested.    Should the Court not approve the Global Asset Sale Transaction, or approve only parts of it, Service.com remains interested in purchasing the SHIP Business on terms consistent with those set forth in the SHIP Purchase Agreement.

24.    Indeed, Service.com is the better buyer than Holdco because it is a bona fide arm's-length purchaser.    Holdco, on the other hand, is controlled indirectly by Sears Holdings' former CEO who oversaw the Debtors' descent into bankruptcy.

25.     More importantly, the Debtors, as a whole, have been performing poorly and cutting jobs for years.  In the long run, a sale of the SHIP business to Service.com will preserve the most jobs.  Service.com is in the home services space and seeks to purchase the SHIP Business to grow its operations, which are the perfect compliment to Service.com's business. The synergies created by an acquisition will only strengthen the SHIP Business for the benefit of, among others, employees.

26.     With proper access to due diligence and no interference by ESL, Service.com is capable of acquiring the financing necessary to complete the transaction.  It was always capable of doing so, but the Debtors' terminated the SHIP Purchase Agreement prematurely. Service.com and its financial partners should have been given more time to consummate the transaction, especially because of the delays in providing quality diligence to financing partners. As a sign of good faith and its commitment to the acquisition, Service.com is ready, willing, and able to increase the amount of its security deposit if permitted to continue pursuing its acquisition of the SHIP Business.

27.     Lastly, Service.com currently disputes the Debtors' request that Service.com forfeit its security deposit.  Equity disfavors forfeitures of this type.  *See In re Target Two Assocs.*, No. 04 Civ. 8657 (SAS), 2005 U.S. Dist. LEXIS 8971, at *12-13 (S.D.N.Y. May 16, 2005) (questioning whether bidder's security deposit on bankrupt's property should be forfeited because "[i]t is axiomatic that equity abhors a forfeiture");[2] *but see In re Ramirez*, No. 12-12467 (SMB), 2017 Bankr. LEXIS 1190, at *13 (Bankr. S.D.N.Y. May 1, 2017) (citing lack of case law on return of earnest money deposits upon default in bankruptcy cases).  Further, there are serious

---

[2] Subsequently, based on facts developed on remand, the court determined that the turnover of the bidder's deposit was not a forfeiture, in part because the bidder could have made better efforts to have obtained financing and because the estate suffered damages as a result of the failure to close.  *See In re Target Two Assocs., L.P.*, No. 04 Civ. 8657 (SAS), 2006 U.S. Dist. LEXIS 78425 (S.D.N.Y. Oct. 26, 2006).  Here by contrast, for the reasons previewed above, a trial would show that the equities favor a return of Service.com's security deposit.

7

allegations surrounding the current transaction and ESL's past acts. Until such allegations are resolved, Service.com is evaluating all options in connection with its security deposit.

28.     For these reasons, Service.com respectfully requests that, should the Court deny the Debtors' request for approval of the ESL APA in whole, or in part, Service.com should be permitted to consummate its purchase of the SHIP Business in accordance with the terms of the SHIP Purchase Agreement with a new closing date to be agreed upon by the parties.

## **RESERVATION OF RIGHTS**

29.     Service.com reserves the right to supplement this Limited Objection and Statement of Continued Interest.

## **NOTICE**

30.     Service of this Limited Objection and Statement of Continued Interest was made in accordance with the Global Bidding Procedures Order and the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405].

## **NO PRIOR REQUEST**

31.     No prior request for the relief sought in this Limited Objection and Statement of Continued Interest has been made to this or any other Court in connection with these chapter 11 cases.

WHEREFORE, Service.com respectfully requests that: (i) should the Court deny the Debtors' request for approval of the ESL APA in whole, or in part, Service.com should be permitted to proceed with its purchase of the SHIP Business in accordance with the terms of the SHIP Purchase Agreement with a new closing date to be agreed upon by the parties; and (ii) the Court grant such other and further relief as is just and proper.

DATED:      New York, New York
                January 28, 2019

                                  SULLIVAN & WORCESTER LLP,

                                  By:

                                  /s/Jeffrey R. Gleit
                                  Jeffrey R. Gleit, Esq.
                                  Allison H. Weiss, Esq.
                                  Clark A. Freeman, Esq.
                                  1633 Broadway
                                  New York, New York 10019
                                  (212) 660-3000 (Telephone)
                                  (212) 660-3001 (Facsimile)
                                  jgleit@sandw.com
                                  aweiss@sandw.com

                                  *Counsel to Service.com*