Alan J. Lipkin
Gabriel Brunswick
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Drayton Plains (MI), LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re:                                                             :   Chapter 11
                                                                   :
                                                                   :   Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.*,[1]                           :
                                                                   :   (Jointly Administered)
                            Debtors.                               :
-------------------------------------------------------------------x

### LIMITED OBJECTION OF DRAYTON PLAINS (MI), LLC TO THE
### DEBTORS' SALE MOTION AND ASSUMPTION AND ASSIGNMENT OF LEASE

Drayton Plains (MI), LLC ("Landlord"), by and through its undersigned

attorneys, file this limited objection to: (a) the *Debtors' Motion For Approval Of Global Bidding*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Procedures* [Docket No. 429] (the "Sale Motion"); and (b) the Debtors' *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Cure Notice"). In support of this objection, Landlord respectfully represents as follows:

## BACKGROUND

1. Landlord owns certain non-residential real property leased to certain of the Debtors pursuant to the Lease Agreement, dated as of March 16, 1976, as amended (the "Lease"), between certain predecessors in interest to the Landlord, as landlord, and a predecessor in interest to Debtor Kmart of Michigan, Inc., as tenant, respecting real property and improvements located in Drayton Plains, Michigan.

2. On November 1, 2018, the Debtors filed the Sale Motion seeking the sale of substantially all of the Debtors' assets, in part by assumption and assignment of certain executory contracts and unexpired leases. On November 16, 2018, this Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (the "Bidding Procedures Order") [Docket No. 816], establishing, among other things, procedures for the Debtors' assumption and assignment of executory contracts and unexpired leases in connection with the proposed sale. Pursuant to the Bidding Procedures Order, the Debtors filed the Cure Notice listing $0.00 as the proposed cure amount for the Lease.

3. On January 18, 2019, the Debtors filed a Notice of Successful Bidder and Sale Hearing (the "Sale Notice") [Docket No. 1730], in which the Debtors declared Transform Holdco, LLC (the "Buyer"), to be the successful bidder to acquire substantially all of the Debtors' assets. The asset purchase agreement between the Debtors and the Buyer, (the "APA") was attached to the Sale Notice as Exhibit B.

**LIMITED OBJECTIONS**

4. Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that if there is a default under an executory contract or unexpired lease, a debtor may not assume such contract or lease unless the debtor:

> (A) cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . .; (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). Accordingly, the proposed assumption (and subsequent assignment) of the Lease requires payment to Landlord of all amounts due under the Lease. Known liabilities are paid up-front and unknown liabilities are paid through future performance.

5. Regarding known defaults, the proposed cure amount of $0.00 for the Lease fails to include: (a) accrued but not yet due property taxes relating to calendar year 2018 in the estimated amount of $23,563.42[2] (the "Taxes"); and (b) legal fees and expenses Landlord incurs in connection with the tenants' defaults or other failures to comply with the Lease and the enforcement of Landlord's rights under the Lease (the "Legal Fees").

6. The tenant is required to pay the Taxes pursuant to Section 14.1 of the Lease and thus, to the extent the sale closes prior to payment thereof, this obligation is required to be assumed by the Buyer. The APA, however, purports to place a $135,000,000 cap on aggregate assumed real estate tax liabilities assumed by the Buyer. This cap is impermissible as it fails to comply with basic the Bankruptcy Code requirement of a full cure. Certainly, Landlord

---

[2] The Taxes are due on February 14, 2019; if the Taxes are paid by the Debtors prior to closing on the sale, this portion of the objection would be deemed withdrawn.

should not be burdened with determining whether $135,000,000 is a workable cap for the hundreds of leases being assumed and assigned in the proposed sale.

7. The Legal Fees are required to be paid by the tenant pursuant to Section 23 of the Lease. As of January 25, 2019, Landlord has incurred legal fees and expenses for its attorneys of approximately $15,000. Additional legal fees and expenses incurred by Landlord after January 25, 2019 (or not yet reflected in time records as of that date), through the date of assumption and assignment of its Lease and resolution of any related cure issues also would need to be paid as part of the cure amount. Such additional amounts will be provided to the Debtors when available and should be required to be paid within one week of receipt. Payment of attorneys' fees is required under these circumstances, particularly when the Lease requires payment of attorney's fees and an objection to a proposed cure amount and/or sale needs to be filed. See Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co., 549 U.S. 443, 449 (2007) (holding that the Bankruptcy Code does not disallow contract-based claim for attorney's fees when fees at issue were incurred based on bankruptcy law related issues); In re Westview 74th Street Drug Corp., 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); In re Crown Books, 269 B.R. 12, 15-17 (Bankr. D. Del. 2001) (attorney's fees are recoverable as part of cure claim if the lease requires payment of such fees).

8. Regarding any currently unknown Lease defaults, the Debtor or Buyer must remain responsible for indemnification and other Lease obligations that might have accrued under the Lease, but are not yet known to the Landlord.[3] Thus, any order providing for

---

[3] See, e.g., Section 23 to the Lease (requiring the tenant to "protect, indemnify, save harmless and defend Landlord from and against all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses imposed upon or incurred by or asserted against Landlord, by reason of (a) any accident, injury to or death of persons of loss of or damage to property occurring on or about the Leased Property or adjoining sidewalks; or (b) any failure on the part of the Tenant to perform or comply with any of the terms of this Lease on its part to be performed or complied with.").

- 4 -

assumption of the Lease or governing the consequences of its assignment through a sale must require assumption of ***all*** monetary obligations under each Lease, including the Lease obligations whose accrual is unknown to Landlord at the time of Lease assumption. That is standard practice for assignment of leases outside of bankruptcy and consistent with assumption of a lease under the Bankruptcy Code, which is a de facto reinstatement of the lease as if no bankruptcy of the debtor/tenant had occurred.[4] In re Bon Ton Restaurant & Pastry Shop, Inc., 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985) ("Section 365(b)(1) is intended to provide protection to the non-debtor lessor to insure that he receives the full benefit of his bargain in the event of assumption."); 3 Collier on Bankruptcy ¶ 365.06[3][b] (16th ed. rev. 2017) ("The idea of cure in the [Bankruptcy] Code is to provide the other party to the contract with the benefit of its economic bargain."). See also In re CellNet Data Systems, 327 F.3d 242, 249 (3d Cir. 2003) (assumption or rejection is a "all-or-nothing proposition"); American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76 (3d Cir. 1999); AGV Productions, Inc. v. Metro-Goldwyn-Mayer, Inc., 115 F. Supp. 2d 378, 391 (S.D.N.Y. 2002) ("[U]nder the law of bankruptcy a contract cannot be assumed in part or rejected in part."); In re MF Glob. Holdings Ltd., 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."); In re Texaco Inc., 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000) ("The law is clear that a debtor who assumes a lease or other executory contract assumes the contract *cum onere*, without any diminution in its obligations or impairment of the

---

[4] That result is consistent with section 365(b) only being applicable "[i]f there has been a default" other than one based on the debtor's bankruptcy filing or financial condition. 11 U.S.C. § 365(b)(1). In effect, if defaults under a lease are unknown, then the debtor/tenant is not required to cure them prior to assumption. Correspondingly, "adequate assurance of future performance [is required] by the assignee" of an assumed lease "whether or not there has been a default." 11 U.S.C. § 365(f)(2).

rights of the lessor in the present or the future."). Moreover, here that result is consistent with the fact that the Debtors have for decades had control over the properties covered by the Lease (which is a triple net lease under which the Tenant is responsible for paying all liabilities associated with the leased property) and, therefore, unlike the Landlord, are the only parties in a position to know of any potential liabilities that might have arisen, whether environmental, personal injury, tax, or of another type.

9. Accordingly, the following language should be inserted into the Sale Order (and any other order governing assumption and assignment of the Lease):

> Notwithstanding anything in this or any other order entered in these cases to the contrary, any liabilities due under the Lease Agreement, as amended, dated as of March 16, 1976, between predecessors in interest to Drayton Plains (MI), LLC, as landlord, and predecessors in interest to Kmart of Michigan, Inc., as tenant, respecting real property and improvements located in Drayton Plains, Michigan, shall survive entry of this order except for: (x) liabilities for basic rent for the period prior to [January 31], 2019;[5] (y) liabilities for the applicable Landlord's attorney's fees and costs due under its Lease and incurred prior to [January 29], 2019, but not awarded by this Court as cure; and (z) liabilities under the Lease actually known to the applicable Landlord as of the hearing date of the Sale Motion (other than, for the avoidance of doubt, liabilities relating to real estate taxes accrued, but not yet due).

### RESERVATION OF RIGHTS AND JOINDER

10. Landlord reserves its right to amend this Objection as circumstances might require, and joins any other objection to the Sale Motion or Cure Notice to the extent consistent herewith.

*Remainder of Page Intentionally Left Blank*

---

[5] This is pending confirmation the Debtors have made the February 2019 Lease payment prior to the sale closing.

## CONCLUSION

**WHEREFORE**, Landlord respectfully requests that the Court: (a) condition any assumption and assignment of the Lease and any sale pursuant to the Sale Motion on entry of an order consistent with this Objection, including, without limitation, requiring payment of any accrued and unpaid real estate taxes, as well as Landlord's attorney's fees and costs, and preserving Landlord's right to seek payment of all unknown liabilities accrued under its Lease; and (b) grant Landlord such other and further relief as the Court may deem just or proper.

Dated:  January 29, 2019

Respectfully submitted,

Alan J. Lipkin
Gabriel Brunswick
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111

*Attorneys for Drayton Plains (MI), LLC*