NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: 212-318-3000
Facsimile: 212-318-3400
David A. Rosenzweig

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| SEARS HOLDINGS CORPORATION., *et al.*, | § § § | Case No. 18-23538 (RDD) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § § | |

**MOTION OF LIVING SPACES FURNITURE, LLC FOR LEAVE TO
FILE UNDER SEAL CERTAIN EXHIBITS TO DECLARATION IN
SUPPORT OF RESERVATION OF RIGHTS AND LIMITED OBJECTION**

Living Spaces Furniture, LLC, a Delaware limited liability company ("Living Spaces"), files this motion for leave to file under seal (the "Seal Motion") certain exhibits to the *Declaration of Jeff Seabrook in Support of Reservation of Rights and Limited Objection of Living Spaces Furniture, LLC* (the "Declaration").

**JURISDICTION, VENUE, AND PREDICATES FOR RELIEF**

1.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has constitutional authority to enter final orders on this Motion under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), or in the alternative, by consent of the parties, under *Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).

2.  The legal predicates for the relief requested in this motion are 11 U.S.C. §§ 105

1

and 107, Federal Rule of Bankruptcy Procedure 9018, and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## BACKGROUND

3. On January 18, 2019, the Debtors[1] filed a notice of the proposed Global Asset Sale Transaction with Transform Holdco, LLC, established by ESL Investments, Inc. (the "Buyer") along with a proposed Asset Purchase Agreement.[2]

4. On January 26, 2019, Living Spaces filed its Limited Objection to the proposed Global Asset Sale Transaction, at Bankr. Dkt. No. 2012.

5. The Limited objection references certain subleases, recognition agreements, and memorandums related to Living Spaces' sublease of certain premises from the Debtors. The Limited Objection further states that the subleases, recognition agreements, and memorandums are voluminous and may contain confidential information and/or be subject to non-disclosure agreements. The Debtors are party to and in possession of these agreements.

6. Upon the granting of the Seal Motion, Living Spaces will file the Declaration in support of the Limited Objection which identifies true and correct copies of the relevant agreements.

7. The Declaration attaches and attests to true and correct copies of the Subleases as **Exhibit A**.

8. The Declaration attaches and attests to true and correct copies of the Recognition Agreements as **Exhibit B**.

9. The Declaration attaches and attests to true and correct copies of the

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Limited Objection.

[2] Bankr. Dkt. No. 1730.

Memorandums as **Exhibit C**.

10. Living Spaces will be filing Exhibits B and C publicly.

11. However, the Subleases (**Exhibit A**) contain commercially sensitive and/or confidential information and may further be subject to non-disclosure or confidentiality agreements.

## BASIS FOR RELIEF

12. Bankruptcy Code section 107(b) authorizes the Court to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. Specifically, section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall . . .
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

13. Section 107(b) does not require an entity seeking protection thereunder to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, the movant need only demonstrate that the material to be protected satisfies a category identified in section 107(b).

14. Bankruptcy Rule 9018 similarly provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under

the Code." FED R. BANKR. P. 9018.

15.     Here, the Subleases contain confidential and commercially sensitive rent pricing, business terms, and other commercially and competitively sensitive information, the disclosure of which could materially harm Living Spaces or the Debtors. In addition, the Subleases each contain a media release clause precluding Livings Spaces from, among other things, releasing public disclosures relating to the Debtors or the Subleases, which could be construed to require confidentiality. One of the Subleases further references a non-disclosure agreement that may preclude disclosure.

16.     To protect confidential and commercially sensitive information and honor any applicable non-disclosure agreement, Living Spaces respectfully requests that this Court authorize Living Spaces to file the Subleases under seal and maintain the Subleases under seal until further order of this Court.

17.     Upon reasonable request, Living Spaces will provide copies of the Subleases to (i) counsel for the Debtors; (ii) the U.S. Trustee; (iii) counsel to the Buyer; and (iv) counsel for the Official Committee of Unsecured Creditors; provided, however, any such disclosure shall not be published without approval of Living Spaces or order of the Court.

## CONCLUSION

For the foregoing reasons, Living Spaces respectfully requests that the Court grant this Motion to Seal and any such other relief as the Court deems appropriate.

Dated: New York, New York  
January 29, 2019

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: _/s/ David A. Rosenzweig_  
David A. Rosenzweig  
1301 Avenue of the Americas  
New York, NY 10019-6022  
Telephone: 212-318-3000  
Facsimile: 212-318-3400  
david.rosenzweig@nortonrosefulbright.com

Bob B. Bruner  
1301 McKinney, Suite 5100  
Houston, TX 77010  
Telephone: 713-651-5216  
Facsimile: 713-651-5246  
bob.bruner@nortonrosefulbright.com

**ATTORNEYS FOR LIVING SPACES FURNITURE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on January 29, 2019 through the Court's CM/ECF System on all parties registered to receive service through the Court's CM/ECF system and was caused to be served in accordance with the *Order Approving Global Bidding Procedures and Granting Related Relief* entered November 19, 2018 (Docket No. 816) and the service requirements established thereby.

/s/ David A. Rosenzweig
David A. Rosenzweig

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | § |
|  | § Chapter 11 |
| SEARS HOLDINGS CORPORATION., *et al.*, | § |
|  | § Case No. 18-23538 (RDD) |
|  | § |
| Debtors. | § (Jointly Administered) |
|  | § |
|  | § |

**ORDER GRANTING MOTION OF LIVING SPACES FURNITURE, LLC FOR LEAVE TO FILE UNDER SEAL CERTAIN EXHIBITS TO DECLARATION IN SUPPORT OF RESERVATION OF RIGHTS AND LIMITED OBJECTION**

Upon consideration of Living Spaces Furniture, LLC's ("Living Spaces") *Motion of Living Spaces Furniture, LLC for Leave to File Under Seal Certain Exhibits to Declaration in Support of Reservation of Rights and Limited Objection* (the "Seal Motion"), and upon the basis of the record before the Court; and having determined that the Court has jurisdiction over this matter and constitutional authority to enter final orders on this matter, that the relief requested is reasonable and appropriate, and that sufficient notice of the Motion to Seal was provided and no further notice is required;

IT IS HEREBY ORDERED THAT:

1. The Seal Motion is GRANTED.

2. Living Spaces is authorized to submit under seal the Subleases attached as Exhibit A to the Seal Motion and Declaration.

3. The Subleases shall remain under seal until further order of this Court.

4. Living Spaces shall retrieve the Subleases at the conclusion of this case.

5. Living Spaces is authorized to provide a copy of the Subleases to (i) counsel for the Debtors; (ii) the U.S. Trustee; (iii) counsel to the Buyer; and (iv) counsel for the

7

Official Committee of Unsecured Creditors, upon reasonable request; provided, however, any such disclosure shall not be published without approval of Living Spaces or order of the Court

6.  This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Subleases.

7.  This Court shall retain jurisdiction to interpret and enforce this Order.

Dated:_____
      White Plains, New York                  THE HONORABLE ROBERT D. DRAIN
                                                 UNITED STATES BANKRUPTCY JUDGE