· **Objections Due: January 31, 2019, 4 p.m. ET**

LIPPES MATHIAS WEXLER FRIEDMAN LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202-2216
(716) 853-5100
John A. Mueller, Esq. / jmueller@lippes.com
· *Counsel to Maynardville Pike LP*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| SEARS HOLDINGS CORPORATION, *ET AL.*[1] | CASE NO. 18-23538 (RDD) |
| DEBTORS. | (JOINTLY ADMINISTERED) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF MAYNARDVILLE PIKE LP
TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
<u>LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333Beverly Road, Hoffman Estates, Illinois 60179.

COMES NOW, Maynardville Pike LP ("Landlord"), by and through its counsel, LIPPES MATHIAS WEXLER FRIEDMAN LLP, and submits this limited objection and reservation of rights ("Objection") to the Debtors' *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*, dated January 23, 2019 ("Supplemental Notice")[2] [Docket No. 1774]. In support of this Objection, Landlord states unto the Court:

### I. BACKGROUND

1. Landlord is the owner of certain non-residential real property located at 6909 Maynardville Pike, Knoxville, TN 37918-5324, in which the Debtors operate a Kmart (Store No. 7460) pursuant to that certain lease dated April 24, 1980 (as subsequently amended, modified, and/or extended, the "Lease").

2. As tenant in default under the Lease, Kmart is obligated to pay not only rent, but also various other expenses relating to the property, include real estate taxes, utilities, and reasonable attorneys' fees and expenses ("Additional Expenses").[3]

3. The Supplemental Notice identifies the Landlord's "Cure Amount" as $0 ("Proposed Cure Amount").[4]

4. The Landlord agrees with the Proposed Cure Amount in that no pre-petition rent is due and owing. However, the Proposed Cure Amount fails to include any unliquidated amounts for the Additional Expenses.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Supplemental Notice.
[3] This amount continues to increase as the Landlord incurs fees and expenses to enforce its rights under the Lease (e.g. this Objection). As such, the Landlord reserves the right to obtain payment for additional cure amounts owing under the Lease in the event of assumption.
[4] *See* Docket No. 1774, at page 53 of 61.

2

## II. LIMITED OBJECTION

5.  The Landlord objects to the Supplemental Notice on the grounds that the Proposed Cure Amount fails to provide for payment of the Additional Expenses, as required for assumption under 11 U.S.C. § 365.

6.  11 U.S.C. § 365(b)(1) provides as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee – (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…; (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease.

7.  Similar to the above, 11 U.S.C. § 365(d)(3) requires a debtor in possession to "timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title."

8.  In accordance with 11 U.S.C. § 365 and the terms of the Lease, the proposed assumption and assignment of the Lease requires payment to the Landlord for all amounts due under the Lease, with known liabilities paid up-front and unknown liabilities paid through future performance. As such, the Additional Expenses are an outstanding obligation of the Debtors that must get cured in connection with any assumption of the Lease. *See Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 449 (2007); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Crown Books*, 269 B.R. 12, 15-17 (Bankr. D. Del. 2001).

### III. RESERVATION OF RIGHTS

9.     The Landlord hereby reserves the right to amend and/or supplement this Objection as circumstances may require, including, without limitation, to update post-petition amounts due and owing under the Lease and attorneys' fees and costs relating to the enforcement of same.

### IV. JOINDER

10.    To the extent not inconsistent with this Objection, the Landlord joins in the objections raised by other landlords against the initial and Supplemental Cure Notices.

WHEREFORE, the Landlord respectfully requests that this Court enter an Order: (i) conditioning any assumption and assignment of the Lease consistent with this Objection, including, without limitation, requiring payment of any and all Additional Expenses incurred by the Landlord; (ii) requiring that the Debtors pay any additional amounts that become due and owing subsequent to the date hereof; (iii) preserving Landlord's right to seek payment of all unknown liabilities accrued under the Lease; and (iv) granting such other and further relief as the Court deems appropriate

Dated: January 29, 2019
       Buffalo, New York

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

     */s/ John A. Mueller*
John A. Mueller, Esq.
· *Counsel to Maynardville Pike LP*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
jmueller@lippes.com