**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x   Chapter 11

In re:

                                                                Case No. 18-23538 (RDD)

SEARS HOLDINGS CORPORATION, et al.

                                                                (Jointly Administered)

                                        Debtors

-------------------------------------------------------------x

**OBJECTIONS TO CURE AND ADEQUATE ASSURANCE INFORMATION BY DART
WAREHOUSE CORPORATION RE NAPERVILLE, IL., STATEMENT OF WORK, List
No. 1964, Contract No. CW2330726**

DART Warehouse Corporation ("DART Warehouse"), by its undersigned counsel, hereby

objects in response to the Debtors' January 18, 2019 "Notice of Cure Costs and Potential

Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with

Global Sale Transaction" [ECF No. 1731] ("the Cure Notice") and the January 24, 2019

"Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory

Contracts and Unexpired Leases in Connection with Global Sale Transaction" [ECF No. 1774]

(the "Supplemental Cure Notice") (where necessary, the two notices are referred to collectively

as the "Cure and Adequate Assurance Notices").

In support of its objections, DART Warehouse respectfully states the following:

1.      On October 15, 2018, Sears Holdings Corporation, et al. (collectively "Debtors")

filed voluntary Chapter 11 petitions under the 11 U.S.C. (the "Bankruptcy Code").

2.      DART Warehouse is the service provider and Debtor, Innovel Solutions, Inc. fka

"Sears Logistics Services, Inc." is the client under an executory Statement of Work for services

being provided at the warehouse located at 1835 Ferry Road, Naperville, IL 60563 (the

"Naperville Warehouse").

3.      The Statement of Work is connected to the 2011 "Master Services Agreement" between Dart Warehouse and Debtors, both of which are executory contracts.  The Cure Notice refers to the Statement of Work in its Exhibit A [Dkt. 1731] at page 89 as "SOW 2011 Invoicing," bearing exhibit list no. 1964 and contract no. 2330726.

4.      The Cure Notice states the Debtors' intention to possibly assume and assign executory contracts and unexpired leases, such as the Statement of Work, to their designated buyer, Transform Holdco, LLC. or other designated buyers.

5.      **Objection: The Future Performance Assurances Are Not Adequate.**
Paragraph 9 of the Cure Notice and paragraph 10 of the Supplemental Cure Notice both purport to explain "the Buyer's Adequate Assurance Information" and states the "Adequate Assurance Information ... will be distributed to applicable Counterparties."  DART Warehouse is, of course, the counterparty with respect to the SOW and, to date, it has not been provided with any adequate assurance information.  DART Warehouse is informed that other counterparties to Debtors' contracts and leases have received "adequate assurance letters" which the other counterparties have deemed inadequate.  See, e.g., Dkt. 1870, Objection by Hemet Valley Center, LLC at p. 3.  DART Warehouse, for its part, has not even received this much information.

6.      The Adequate Assurance Information provisions are defective and objectionable in that, paragraph 20 of the notice and paragraph 21 of the supplemental notice state that if the counterparty (DART Warehouse) does not file a "timely adequate assurance objection," it will be barred from doing so thereafter.  This is obviously problematic because DART Warehouse

has not been provided with <u>any</u> adequate assurance information with respect to the Naperville Statement of Work, meaning the requirements of 11 U.S.C. § 365(b)(1)(C) on adequate assurance are not satisfied.

7.        **Additional Problems:**  In addition to the adequate assurance defects discussed above, DART wishes to call attention to two other faults in the Cure Notice.  First, the Cure Notice shows the counterparty on the Statement of Work as "DART International."  This is incorrect as the contracting party is DART Warehouse.  Second, the Cure Notice shows no figure for a cure amount on the Statement of Work.  DART is not aware of any dollar amount in default on the Statement of Work at this time but does not waive its right to present evidence regarding monetary or non-monetary defaults needing to be cured prior to assumption of the contract should they subsequently come to light.

WHEREFORE, DART prays that the Court issue an order quashing the Debtors' cure and adequate assurance notices insofar as they affect DART and the Naperville Statement of Work and request an order directing Debtors to supplement the notices with additional information regarding adequate assurance of future performance or their election to reject the contract.

Dated: January 29, 2019
    San Diego, CA

LAW OFFICE OF WILLIAM P. FENNELL, APLC


By: /s/William P. Fennell
William P. Fennell, Esq.
401 West A Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 325-1560
Facsimile: (619) 325-1558
Email: william.fennell@fennelllaw.com

*Attorneys for DART Warehouse Corp.*

- 3 -