**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x   Chapter 11

In re:

                                                                 Case No. 18-23538 (RDD)

SEARS HOLDINGS CORPORATION, et al.

                                                                 (Jointly Administered)

                                                   Debtors

-------------------------------------------------------------x

**OBJECTIONS TO CURE AND ADEQUATE ASSURANCE INFORMATION BY DART WAREHOUSE CORPORATION RE ONTARIO WAREHOUSE OPERATING AGREEMENT, List Nos. 1969, 1970, 1971, Contract No. SHCLCW5955**

DART Warehouse Corporation ("DART Warehouse"), by its undersigned counsel, hereby objects in response to the Debtors' January 18, 2019 "Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction" [ECF No. 1731] ("the Cure Notice") and the January 24, 2019 "Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction" [ECF No. 1774] (the "Supplemental Cure Notice") (where necessary, the two notices are referred to collectively as the "Cure and Adequate Assurance Notices").

 In support of its objections, DART Warehouse respectfully states the following:

1.      On October 15, 2018, Sears Holdings Corporation, et al. (collectively "Debtors") filed voluntary Chapter 11 petitions under the 11 U.S.C. (the "Bankruptcy Code").

2.      DART Warehouse is the warehouse operator and Debtors Innovel Solutions, Inc. fka "Sears Logistics, Inc." is the warehouse client under an executory Warehouse Operating Agreement ("Ontario Warehouse Agreement") covering services rendered by DART Warehouse

- 1 -

to Debtor at the Ontario Warehouse located at 5691 Philadelphia Avenue, Ontario, California 91761.

3.      The Ontario Warehouse Agreement was amended and extended June 28, 2018 and, under its terms, it runs through January 31, 2019.  The Cure Notice refers to the agreement in its Exhibit A [Dkt. 1731] at page 90 as "DART Warehouse Corporation, Inc.-Statement of Work 2011," bearing exhibit list nos. 1969, 1970 and 1971 and contract no. SHCLCW5955.

4.      The Cure Notice states the Debtors' intention to possibly assume and assign executory contracts and unexpired leases, such as the Ontario Warehouse Agreement, to their designated buyer, Transform Holdco, LLC. or other designated buyers.

5.      **Objection: The Future Performance Assurances Are Not Adequate.**

Paragraph 9 of the Cure Notice and paragraph 10 of the Supplemental Cure Notice both purport to explain "the Buyer's Adequate Assurance Information" and states the "Adequate Assurance Information ... will be distributed to applicable Counterparties."  DART Warehouse is, of course, the counterparty with respect to the Ontario Warehouse Agreement and, to date, it has not been provided with any adequate assurance information.  DART Warehouse is informed that other counterparties to Debtors' contracts and leases have received "adequate assurance letters" which the other counterparties have deemed inadequate.  See, e.g., Dkt. 1870, Objection by Hemet Valley Center, LLC at p. 3.  DART Warehouse, for its part, has not even received this much information.

6.      The Adequate Assurance Information provisions are defective and objectionable in that, paragraph 20 of the notice and paragraph 21 of the supplemental notice state that if the counterparty (DART Warehouse) does not file a "timely adequate assurance objection," it will

be barred from doing so thereafter.  This is obviously problematic because DART Warehouse

has not been provided with <u>any</u> adequate assurance information with respect to the Ontario

Warehouse Agreement, meaning the requirements of 11 U.S.C. § 365(b)(1)(C) on adequate

assurance are not satisfied.

       7.       **Reservation of Further Objections:** The Cure Notice shows no figure for a cure

amount on the Ontario Warehouse Agreement. DART International is not aware of a specific

dollar amount in default on the Ontario Warehouse Agreement but does not waive its right to

present evidence regarding monetary or non-monetary defaults needing to be cured prior to

assumption of the contract should they subsequently come to light.

       WHEREFORE, DART prays that the Court issue an order quashing the Debtors' cure and

adequate assurance notices insofar as they affect DART and the Ontario Warehouse Agreement

and request an order directing Debtors to supplement the notices with additional information

regarding adequate assurance of future performance or their election to reject the contract.

Dated: January 29, 2019
     San Diego, CA

                   LAW OFFICE OF WILLIAM P. FENNELL, APLC


                   By: /s/William P. Fennell
                   William P. Fennell, Esq.
                   401 West A Street, Suite 1800
                   San Diego, CA 92101
                   Telephone: (619) 325-1560
                   Facsimile: (619) 325-1558
                   Email: william.fennell@fennelllaw.com

                   *Attorneys for DART Warehouse Corp.*