**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

In re:

SEARS HOLDINGS CORPORATION, et al.

                      Debtors

----------------------------------------------------------------x

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

**OBJECTIONS TO CURE AND ADEQUATE ASSURANCE INFORMATION BY DART WAREHOUSE CORPORATION RE NAPERVILLE, IL., MASTER SERVICES AGREEMENT, List No. 1967, Contract No. CW2288705**

    DART Warehouse Corporation ("DART Warehouse"), by its undersigned counsel, hereby objects in response to the Debtors' January 18, 2019 "Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction" [ECF No. 1731] ("the Cure Notice") and the January 24, 2019 "Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction" [ECF No. 1774] (the "Supplemental Cure Notice") (where necessary, the two notices are referred to collectively as the "Cure and Adequate Assurance Notices").

    In support of its objections, DART Warehouse respectfully states the following:

    1.    On October 15, 2018, Sears Holdings Corporation, et al. (collectively "Debtors") filed voluntary Chapter 11 petitions under the 11 U.S.C. (the "Bankruptcy Code").

    2.    DART Warehouse is the service provider and Debtor Innovel Solutions, Inc. fka "Sears Logistics Services, Inc." is the client under an executory Master Services Agreement for services to be provided at the warehouse located at 1835 Ferry Road, Naperville, IL 60563 (the

"Naperville Warehouse").

3. The Naperville Master Services Agreement is an executory contract. The Cure Notice refers to the Master Services Agreement in its Exhibit A [Dkt. 1731] at page 89 as "SC-DART Naperville Online Fulfillment-MSA-2011," bearing exhibit list no. 1967 and contract no. CW2288705.

4. The Cure Notice states the Debtors' intention to possibly assume and assign executory contracts and unexpired leases, such as the Master Services Agreement, to their designated buyer, Transform Holdco, LLC. or other designated buyers.

5. **<u>Objection: The Future Performance Assurances Are Not Adequate.</u>** Paragraph 9 of the Cure Notice and paragraph 10 of the Supplemental Cure Notice both purport to explain "the Buyer's Adequate Assurance Information" and states the "Adequate Assurance Information ... will be distributed to applicable Counterparties." DART Warehouse is, of course, the counterparty with respect to the Master Services Agreement and, to date, it has not been provided with <u>any</u> adequate assurance information. DART Warehouse is informed that other counterparties to Debtors' contracts and leases have received "adequate assurance letters" which the other counterparties have deemed inadequate. See, e.g., Dkt. 1870, Objection by Hemet Valley Center, LLC at p. 3. DART Warehouse, for its part, has not even received this much information.

6. The Adequate Assurance Information provisions are defective and objectionable in that, paragraph 20 of the notice and paragraph 21 of the supplemental notice state that if the counterparty (DART Warehouse) does not file a "timely adequate assurance objection," it will be barred from doing so thereafter. This is obviously problematic because DART Warehouse

has not been provided with <u>any</u> adequate assurance information with respect to the Naperville Master Service Agreement, meaning the requirements of 11 U.S.C. § 365(b)(1)(C) on adequate assurance are not satisfied.

7.      **Reservation of Further Objections:**  The Cure Notice shows no figure for a cure amount on the Master Services Agreement.  DART is not aware of any dollar amount in default on the agreement at this time but does not waive its right to present evidence regarding monetary or non-monetary defaults needing to be cured prior to assumption of the contract should they subsequently come to light.

WHEREFORE, DART prays that the Court issue an order quashing the Debtors' cure and adequate assurance notices insofar as they affect DART and the Naperville Master Services Agreement and request an order directing Debtors to supplement the notices with additional information regarding adequate assurance of future performance or their election to reject the contract.

Dated: January 29, 2019
        San Diego, CA

LAW OFFICE OF WILLIAM P. FENNELL, APLC

By: /s/William P. Fennell
William P. Fennell, Esq.
401 West A Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 325-1560
Facsimile: (619) 325-1558
Email: william.fennell@fennelllaw.com

*Attorneys for DART Warehouse Corp.*