**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x    Chapter 11
In re:
                                                                  Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, et al.
                                                                  (Jointly Administered)
                                        Debtors

-------------------------------------------------------------x
```

**OBJECTIONS TO CURE AND ADEQUATE ASSURANCE INFORMATION BY DEDEAUX INLAND EMPIRE PROPERTIES RE ONTARIO WAREHOUSE LEASE, Lease No. 347, Contract No. S8729-73-A**

Dedeaux Inland Empire Properties ("Dedeaux Properties"), by its undersigned counsel, hereby objects in response to the Debtors' January 18, 2019 "Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction" [ECF No. 1731] ("the Cure Notice") and the January 24, 2019 "Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction" [ECF No. 1774] (the "Supplemental Cure Notice") (where necessary, the two notices are referred to collectively as the "Cure and Adequate Assurance Notices").

In support of its objections, Dedeaux Properties respectfully states the following:

1.      On October 15, 2018, Sears Holdings Corporation, et al. (collectively "Debtors") filed voluntary Chapter 11 petitions under the 11 U.S.C. (the "Bankruptcy Code").

2.      Dedeaux Properties is the lessor and Debtor Innovel Solutions, fka "Sears Logistics" is the lessee under an unexpired lease of nonresidential real property located at 5691 Philadelphia Avenue, Ontario, California 91761 (the "Ontario Lease").

3.     The Ontario Lease covers a warehouse and fulfillment center ("the Ontario Warehouse") and is designated in Exhibit B-1 to the Supplemental Notice [Dkt. 1774, p.55] as Lease No. 347, Contract No. S8729-73-A.

4.     The Supplemental Cure Notice states the Debtors' intention to possibly assume and assign executory contracts and unexpired leases, such as the Ontario Lease, to their designated buyer, Transform Holdco, LLC. or other designated buyers.

5.     **<u>Objection: The Future Performance Assurances Are Not Adequate.</u>** Paragraph 9 of the Cure Notice and paragraph 10 of the Supplemental Cure Notice both purport to explain "the Buyer's Adequate Assurance Information" and states the "Adequate Assurance Information ... will be distributed to applicable Counterparties." Dedeaux Properties is, of course, the counterparty with respect to the Ontario Lease and, to date, it has not been provided with <u>any</u> adequate assurance information. Dedeaux Properties is informed that other counterparties to Debtors' contracts and leases have received "adequate assurance letters" which the other counterparties have deemed inadequate. See, e.g., Dkt. 1870, Objection by Hemet Valley Center, LLC at p. 3. Dedeaux Properties, for its part, has not even received this much information.

6.     The Adequate Assurance Information provisions are defective and objectionable in that, paragraph 20 of the notice and paragraph 21 of the supplemental notice state that if the counterparty (Dedeaux Properties) does not file a "timely adequate assurance objection," it will be barred from doing so thereafter. This is obviously problematic because Dedeaux Properties has not been provided with <u>any</u> adequate assurance information with respect to the Ontario Lease, meaning the requirements of 11 U.S.C. § 365(b)(1)(C) on adequate assurance are not

satisfied.

7.      **Additional Problems:** In addition to the adequate assurance defects discussed above, Dedeaux Properties wishes to call attention to two other faults in the Cure Notice.  First, the Cure Notice shows the counterparty on the Ontario Lease as "Raoul Dedeaux."  This is incorrect as the contracting party is Dedeaux Properties.  Second, the Cure Notice shows a figure for a cure amount on the Ontario Lease which Dedeaux Properties does not recognize.  Dedeaux Properties does not waive its right to present evidence regarding monetary or non-monetary defaults needing to be cured prior to assumption of the contract should they subsequently come to light.

WHEREFORE, Dedeaux Properties prays that the Court issue an order quashing the Debtors' cure and adequate assurance notices insofar as they affect Dedeaux Properties and the Ontario Lease and request an order directing Debtors to supplement the notices with additional information regarding adequate assurance of future performance or their election to reject the lease.

Dated: January 29, 2019
        San Diego, CA

LAW OFFICE OF WILLIAM P. FENNELL, APLC

By: /s/William P. Fennell
William P. Fennell, Esq.
401 West A Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 325-1560
Facsimile: (619) 325-1558
Email: william.fennell@fennelllaw.com

*Attorneys for Dedeaux Inland Empire Properties, sister entity of Dart Warehouse Corporation*

- 3 -