**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re:

SEARS HOLDINGS CORPORATION, et al.

Debtors

-------------------------------------------------------------x

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

**OBJECTIONS TO CURE AND ADEQUATE ASSURANCE INFORMATION BY DART INTERNATIONAL RE FLEET TRANSPORTATION AGREEMENT, List Nos. 1965-1966, Contract Nos. 520768, 518187**

DART International ("DART International"), by its undersigned counsel, hereby objects in response to the Debtors' January 18, 2019 "Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction" [ECF No. 1731] ("the Cure Notice") and the January 24, 2019 "Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction" [ECF No. 1774] (the "Supplemental Cure Notice") (where necessary, the two notices are referred to collectively as the "Cure and Adequate Assurance Notices").

In support of its objections, DART International respectfully states the following:

1.  On October 15, 2018, Sears Holdings Corporation, et al. (collectively "Debtors") filed voluntary Chapter 11 petitions under the 11 U.S.C. (the "Bankruptcy Code").

2.  DART International is the carrier and Debtor Innovel Solutions, Inc. fka "Sears Logistics Services, Inc." is the customer under an executory Dedicated Fleet Transportation Agreement, under which DART International is engaged to carry shipments for Debtor

throughout the United States at Debtor's direction on a per shipment basis.

3.     The Fleet Transportation Agreement was made July 13, 2016 and it runs through July 13, 2019 and the agreement and an amendment to the agreement are identified by Debtors as list nos. 1965 and 1966, contract nos. 520768, 518187 in their January 18, 2019 cure notice (Dkt. 1731, p.89).

4.     The Cure Notice states the Debtors' intention to possibly assume and assign executory contracts and unexpired leases, such as the Fleet Transportation Agreement to their designated buyer, Transform Holdco, LLC. or other designated buyers.

5.     **<u>Objection: The Future Performance Assurances Are Not Adequate.</u>** Paragraph 9 of the Cure Notice and paragraph 10 of the Supplemental Cure Notice both purport to explain "the Buyer's Adequate Assurance Information" and states the "Adequate Assurance Information ... will be distributed to applicable Counterparties." DART International is, of course, the counterparty with respect to the Fleet Transportation Agreement and, to date, it has not been provided with <u>any</u> adequate assurance information. DART International is informed that other counterparties to Debtors' contracts and leases have received "adequate assurance letters" which the other counterparties have deemed inadequate. See, e.g., Dkt. 1870, Objection by Hemet Valley Center, LLC at p. 3. DART International, for its part, has not even received this much information.

6.     The Adequate Assurance Information provisions are defective and objectionable in that, paragraph 20 of the notice and paragraph 21 of the supplemental notice state that if the counterparty (DART International) does not file a "timely adequate assurance objection," it will be barred from doing so thereafter. This is obviously problematic because DART International

has not been provided with <u>any</u> adequate assurance information with respect to the Fleet Transportation Agreement, meaning the requirements of 11 U.S.C. § 365(b)(1)(C) on adequate assurance are not satisfied.

7.  **Reservation of Further Objections:** The Cure Notice shows no figure for a cure amount on the Fleet Transportation Agreement. DART International is not aware of any dollar amount in default on the Fleet Transportation Agreement at this time but does not waive its right to present evidence regarding monetary or non-monetary defaults needing to be cured prior to assumption of the contract should they subsequently come to light.

WHEREFORE, DART International prays that the Court issue an order quashing the Debtors' cure and adequate assurance notices insofar as they affect DART International and the Fleet Transportation Agreement and request an order directing Debtors to supplement the notices with additional information regarding adequate assurance of future performance or their election to reject the contract.

Dated: January 29, 2019
      San Diego, CA

                                LAW OFFICE OF WILLIAM P. FENNELL, APLC

                                By: /s/William P. Fennell
                                William P. Fennell, Esq.
                                401 West A Street, Suite 1800
                                San Diego, CA 92101
                                Telephone: (619) 325-1560
                                Facsimile: (619) 325-1558
                                Email: william.fennell@fennelllaw.com

                                *Attorneys for DART International Corp., sister entity of DART Warehouse Corporation*