UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re :

SEARS HOLDINGS CORPORATION, et al.[1] :

Debtors

-------------------------------------------------------

Case No. 18-23538 (RDD)

Chapter 11
(Jointly Administered)

## LIMITED OBJECTION AND PRESERVATION OF RIGHTS TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION

TO THE HONORABLE COURT:

PLAZA JUANA DIAZ INC, landlord of Kmart store in Puerto Rico (Store # 3993)[2], through its undersigned attorney respectfully states and prays:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identificationnumber, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart OperationsLLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC LicensedBusiness LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden,LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); KmartCorporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); SearsHoldings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears HomeImprovement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859);Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp.(0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHCPromotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc.(6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan,Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC(8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company,LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc.(9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com,Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears BrandsManagement Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporateheadquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179

[2] The appearing landlord is identified in debtor's records with STORE # 3993. In Dkt. 1774 (p.21), however, it is mentioned with Contract number S2153-1.

1. On 1/23/2019 Debtor filed a SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS ... (Dkt. 1774)

2. The lease with the appearing landlord is listed on Page 28 of 61 with a proposed cure amount of $5,847.[3]

3. The mentioned amount is insufficient to cure the amounts currently due under the lease contract with the appearing landlord. See attached reconciliation sent on January 23, 2019 (Period ending Oct-31-2018), **EXHIBIT 1**.

4. The appearing Landlord does not contest the Debtors' right to assume and assign executory contracts, the one for Store # 3993 included. However, if the lease is going to be assumed, the cure amount proposed by the Debtors must be sufficient to cure the amounts due at the time of the assumption, as required under section 365(b)(1)(A) of the Bankruptcy Code.

5. The appearing Landlord objects to the assumption and assignment of the agreement in the absence of payment of all amounts owed under the lease up to the date of assumption.

6. The appearing Landlord reserves the right to amend this Objection to the extent it determines that any additional amounts are due under the lease.

7. Landlord further objects to the Debtors' Proposed Cure Amounts because they do not include amounts that may become due under the Leases after the Leases are assumed, but which may relate to the pre-assumption period (i.e., real estate tax and common area maintenance reconciliations).

8. Any order approving the cure amount in connection with the assumption of the

---

[3] See Footnote 2.

lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the contract, notwithstanding the Debtors' Proposed Cure Amounts.

      9. Although the motion states that – "rights of the Debtors and other parties in interest with respect [to the ultimate assumption motion] are reserved" (¶8, in fine), and the motion also states that "Debtors are in the process of reconciling these numbers and reserve the right to amend the proposed cure amounts" (¶ 9) – the appearing landlord reserves its right to contest any assumption which does not comply with the curing of any and all defaults, including the specific performance under the contract, as mandated by §365.

CERTIFICATE OF SERVICE: I hereby certify that on this same date I electronically filed the foregoing with the Clerk of this Court using the CM-ECF system which will send notification of such filing to all CM-ECF participants registered to receive notices in the case at bar.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on January 30, 2019

EDGARDO MUÑOZ, PSC
364 Calle Lafayette
San Juan PR 00917-3113
Tel. (787) 753-3888

s/ EDGARDO MUÑOZ
USDC (PR) NO. 125713
emunozPSC@gmail.com.