**SCHIFF HARDIN LLP**
Louis T. DeLucia
666 Fifth Avenue
Suite 1700
New York, New York 10103
Tel. (212) 745-0853
Fax. (212) 753-5044
Email ldelucia@schiffhardin.com

*Attorneys for the Ciuffo Family Trust/Trust A*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et. al., | Case No. 18-23538-rdd |
| Debtors.[1] | (Jointly Administered) |

------------------------------------------------------------------X

**CIUFFO FAMILY TRUST/TRUST A LIMITED OBJECTION AND RESERVATION OF RIGHTS TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

The Ciuffo Family Trust/Trust A ("Landlord"), by and through its attorneys, hereby submits this objection and reservation of rights (the "Objection") to the Debtors' Supplemental Notice of Cure Costs and Potential Assumption of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [Docket No. 1774] (the "Cure Notice"), and respectfully represents as follows:

**Introduction**

1.  On October 15, 2018, the above captioned debtors (the "Debtors") filed a petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code")

---

[1] The "Debtors" in this chapter 11 proceeding are identified in the *Supplemental Notice of Cure Costs and Potential Assumption of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*. [Docket No. 1774].

with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On January 23, 2019, the Debtors filed their Cure Notice.

3. Pre-petition, the debtor, Kmart Corporation executed a non-residential real property lease of Landlord's property located at 7836 State Avenue, Kansas City, Kansas, dated September 23, 1966, as amended thereafter (the "Lease").

4. The Cure Notice identified the unexpired leases to be potentially assumed and assigned and the corresponding cure costs associated with each. The amount set forth in the Cure Notice does not accurately reflect all outstanding balances owing to the Landlord under the Lease, through and until the Lease is actually assumed by the Debtor, including accrued unbilled charges which may come due in the future or for costs, including attorney's fees, to which Landlord may be or become entitled. Therefore, the cure amount in the Cure Notice must be modified to reflect the additional amounts due Landlord under the Lease and applicable law, and all other charges to become due, as well as recognize the liability of the Debtors to pay for all rent and accruing charges due under the Lease to the Landlord through and including the effective date of assumption of the Lease, in accordance with 11 U.S.C. § 365(b).

## Objection

### A. Incorrect Cure Amount under the Lease

5. As a condition to any assumption and assignment of the Leases, all defaults must be cured upon assumption. 11 U.S.C. §365(b)(1)(A). The Landlord hereby objects to the proposed cure amount set forth in the Cure Notice.

6. The Cure Notice provides $4,892.47 as the "cure costs" under the Lease. However, as of the Petition Date, the actual "Cure Amount" is not less than $5,416.67, plus such additional sums as may accrue under the Lease and applicable law thereafter, through and until the effective date of the assumption of the Lease.

7. The Cure Amount set forth above, pursuant to the terms of the Lease and 11 U.S.C. §365(b), may include reasonable attorneys' fees actually incurred as a result of the Debtors' bankruptcy case in an amount to be determined. *In Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption). The Debtors are obligated to cure all defaults under the Lease and compensate the Landlords for their actual pecuniary losses as a result of defaults under the Lease. See 11 U.S.C. §365(b)(1)(A) and (B).

8. Landlord reserves its right to amend the Cure Amount to include all amounts owing through the effective date of assumption. Landlord reserves its right to amend its Cure Claim to account for all further amounts allowed by applicable bankruptcy and non-bankruptcy law, which have not yet been billed or have not yet become due under the terms of the Lease, and to further reconcile the Cure Claim set forth herein for items such as, but not limited to, claims for rent, taxes, costs, fees, and any additional cure amounts due under the Lease, as the Debtor is still in the property and is accruing expenses.

**B. Reservation of Rights and Joinder**

9. The Landlord reserves any and all rights to supplement or amend this Objection and expressly reserves the right to object to any additional relief sought by the Debtors in connection with the Lease.

10. The Landlord joins in any objections filed by the Debtors' other landlords with respect to the Cure Notice and initial cure notice filed on January 18, 2019 [Dkt. No. 1731] to the extent that such objections are not inconsistent with this Objection.

11. To the extent that rent, costs, charges and attorneys continue to accrue either before or after a potential assignment, or Landlord suffers other pecuniary losses under its Lease or applicable law, Landlord reserves its right to amend its cure amounts for such amounts or for any

other reasons.

12.     Landlord reserves all rights to contest the assumption and assignment of its Lease.

WHEREFORE, Landlord respectfully requests that the Court deny the relief requested in the Cure Notice as to the Lease in accordance with this Objection and grant the Landlord any additional and further relief the Court deems just and proper.

Dated: New York, New York.
January 30, 2019

Respectfully submitted,

**SCHIFF HARDIN LLP**
*Attorneys for the Ciuffo Family Trust/Trust A*

By: */s/ Louis T. DeLucia*
Louis T. DeLucia
666 Fifth Avenue, Suite 1700
New York, New York  10103
Telephone: (212) 753-5000
Facsimile: (212) 753-5044
Email: ldelucia@schiffhardin.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 30, 2019, a copy of the foregoing THE CIUFFO FAMILY TRUST/TRUST LIMITED OBJECTION AND RESERVATION OF RIGHTS TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION was served in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures [Docket No. 405] and the Order Approving Global Bidding Procedures ("Bid Procedures") [Docket No. 816] on the following parties: (i) all parties entitled to receive electronic service in these cases through the Court's CM/ECF System; (ii) the Objection Recipients (as defined in the Bid Procedures) by email and USPS first class mail; and (iii) a Chambers copy by USPS first class mail to the Chambers of the Honorable Robert D. Drain.

      By: */s/ Louis T. DeLucia*
Louis T. DeLucia
SCHIFF HARDIN LLP
666 Fifth Avenue
Suite 1700
New York, NY 10103
Tel. (212) 753-5000
Fax. (212) 753-5044
Email ldelucia@schiffhardin.com

*Attorneys for the Ciuffo Family Trust/Trust A*

CH2\21756384.1