Marshall C. Turner, Esq.
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1768
Facsimile: 314.480.1505
E-mail: marshall.turner@huschblackwell.com

Caleb T. Holzaepfel, Esq.
Admitted pro hac vice
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone:  423.755.2654
Facsimile: 423.266.5499
Email:  caleb.holzaepfel@huschblackwell.com

*Attorneys for Wangard Partners, Inc.*

Hearing Date: February 4, 2019 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
                                                        :
**In re**                                                :    **Chapter 11**
                                                        :
SEARS HOLDINGS CORPORATION,                              :
*et al.*,                                                :    **Case No. 18-23538 (RDD)**
                                                        :
     **Debtors**[1]                                      :    **(Jointly Administered)**
                                                        :    Related to Docket No: 1774
----------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

**WANGARD PARTNERS, INC.'S OBJECTION TO
DEBTOR'S CURE NOTICE**

Wangard Partners, Inc. ("Wangard"), as agent of Unisource Centers, LLC, *et al.* (the "Landlord"), landlord, creditor, and party-in-interest in the above-captioned jointly-administered bankruptcy cases, hereby submits its limited objection (the "Objection") to Debtors' *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1774].

**Jurisdiction**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 §§ 1408 and 1409.

2. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and several of its affiliates, including Kmart Corporation, filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

3. Upon information and belief, the Debtors are operating their business and managing their properties as debtors-in-possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

4. Prior to the Petition Date, Landlord entered into that certain Lease dated April 5, 1988, as amended, with Debtor Kmart Corporation (the "Lease") for the occupation and use of certain real property premises located in Oconomowoc, Wisconsin, known as Kmart #3692 (the "Premises").

2

5. The Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum LTD*, 922 F.2d 1081 (3d. Cir. 1990).

6. On November 1, 2018, Debtors filed their *Motion for Approval of Global Bidding Procedures* [Docket No. 429].

7. On November 19, 2018, the Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (the "Global Bidding Procedures Order") [Docket No. 816] (the "Bidding Procedures Order").

8. On January 18, 2019, Debtors filed their *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] naming the Buyer the winning bidder for the Global Assets (as defined in the *Bidding Procedures Order*) (the "Proposed Global Asset Sale").

9. The Proposed Global Asset Sale contemplates possible assumption and assignment of the Lease.

10. On January 18, 2019, Debtors filed their *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "First Cure Notice").

11. On January 24, 2018, Debtors filed their *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1774] (the "Supplemental Cure Notice," and together with the First Cure Notice, the "Cure Notice").

12. Debtors understated the cure amount for the Lease in the Cure Notice.

**CURE CLAIM OBJECTION**

13. Section 365(b) provides in pertinent part as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

14. Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The Lease provides for recovery of attorneys' fees and expenses. Wangard hereby objects to assumption of the Lease listed in the Cure Notice absent payment of Wangard's attorneys' fees and expenses.

15. As of the date of this Objection, Wangard objects to the understated cure amounts proposed for the Lease in the Cure Notice as detailed in *Table 1* below. A copy of the detailed itemization of the amounts due under the Lease as of January 29, 2019 is attached hereto as **Exhibit A**.

4

**TABLE 1:**

| Debtor Store Number | Property Location | Debtor Proposed Cure Amounts | Lease Cure Amount[2] | Attorneys' Fees | Total Cure Amount |
|---|---|---|---|---|---|
| #3692 | Oconomowoc, WI | $12,947.89 | $52,681.18 | $750.00 | $53,431.18 |

16.    Wangard further objects to the assumption of the Leases absent payment of all cure amounts owed thereunder through the effective date of assumption, including any amounts that will become due or be invoiced on or after January 29, 2019 (including, but not limited to, additional amounts, not yet known, that accrued following January 29, 2019, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

## JOINDER

17.    In addition to the foregoing, Wangard further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

## RESERVATION OF RIGHTS

18.    Wangard hereby reserves its rights to make such amended, other, and further objections as may be appropriate, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

---

[2] The cure amounts specified in this chart do not reflect any amounts that will become due or be invoiced on or after January 29, 2019, or attorneys' fees and costs, and Wangard reserves all of its rights with respect thereto. Wangard further avers that additional amounts, not yet known, may be due with regard to calendar year 2018 or 2019, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance. Wangard further reserves all rights with respect thereto.

5

DocID: 4826-2569-8950.1

## **CONCLUSION**

19.    For the reasons set forth above, Wangard respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the Lease affirmatively requires Debtors to pay all amounts accrued but not yet billed following January 29, 2019, including attorneys' fees and expenses; and (iii) grant Wangard such further relief as it deems proper.

Dated:        January 30, 2019

                              Respectfully Submitted,

                              HUSCH BLACKWELL LLP

By: */s/ Caleb T. Holzaepfel*
Caleb T. Holzaepfel (*admitted pro hac vice*)
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Telephone: (423) 755-2654
Facsimile: (423) 266-5499
Email: caleb.holzaepfel@huschblackwell.com

 - and-

Marshall C. Turner, NY Bar #4003208
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: 314.480.1768
Facsimile: 314.480.1505
Email: marshall.turner@huschblackwell.com

*Attorneys for Wangard Partners, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January 2019, I caused a copy of the foregoing to be served by electronic means through the ECF system to all registered ECF participants on the creditor matrix (attached as **Exhibit B** hereto) as well as by e-mail on the following parties:

| | |
|---|---|
| Rob Riecker (rob.riecker@searshc.com); Luke Valentino (luke.valentino@searshc.com); Mohsin Meghji (mmeghji@miiipartners.com) | Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 (Attn: Ray C. Schrock, P.C. (ray.schrock@weil.com); Jacqueline Marcus, Esq. (jacqueline.marcus@weil.com); Garrett A. Fail, Esq. (garrett.fail@weil.com); Sunny Singh, Esq. (sunny.singh@weil.com) |
| Lazard Frères & Co., LLC 30 Rockefeller Plaza New York, New York 10112 Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com) | Kunal S. Kamlani: kunal@eslinvest.com Harold Talisman: harold@eslinvest.com |
| Paul Leake, Esq.: Paul.Leake@skadden.com Shana Elberg, Esq.: Shana.Eiberg@skadden.com George Howard, Esq.: George.Howard@skadden.com | Christopher E. Austin, Esq.: caustin@cgsh.com Benet J. O'Reilly, Esq.: boreilly@cgsh.com Sean A. O'Neal, Esq.: soneal@cgsh.com |
| Kevin J. Simard, Esq.: ksimardachoate.com Jonathan D. Marshall, Esq.: jmarshall@choate.com | Ira S. Dizengoff, Esq. : idizengoff@akingump.com Philip C. Dublin, Esq.: pdublin@akingump.com Abid Qureshi, Esq.: aqureshi@akingump.com Sara L. Brauner, Esq.: sbrauner@akingump.com |

18-23538-shl Doc 2184 Filed 01/30/19 Entered 01/30/19 12:57:20 Main Document
Pg 7 of 8

DocID: 4826-2569-8950.1

**And Via First Class Mail to**:

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman
and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

                                                */s/ Caleb T. Holzaepfel*
                                                Caleb T. Holzaepfel

DocID: 4826-2569-8950.1