**Hearing Date: March 21st, 2019 at 10:00 am**
**Objection Dateline: March 14, 2019 at 4:00 pm**

TSEITLIN & GLAS, P.C.
345 Seventh Avenue, 21st Floor
New York, New York 10001
646-833-1639
Eduardo J. Glas, Esq.
Attorneys for Natalie and Edward Parker

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.<br><br><br>Debtor. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered) |

CERTIFICATION OF PAUL J. BARTOLOMEO, JR., IN SUPPORT OF NATALIE AND EDWARD PARKER'S MOTION TO LIFT THE AUTOMATIC STAY SO THAT THEIR STATE COURT PERSONAL INJURY ACTION CAN PROCEED TO TRIAL

   Paul J. Bartolomeo, Jr., of age, certifies under penalty of perjury:

   1. I am an attorney at law admitted to practice in the Courts of the State of New Jersey.

   2. I am representing Natalie and Edward Parker in a personal injury action that I filed on their behalf in the Superior Court of New Jersey, Gloucester County, Docket No. GLO-L-274-17 (the "State Court Action") on or about March 2017. The action was originally filed only against Sears, Roebuck and Co.

1

4. On or about April 27, 2017, Sears filed an answer (the "Answer") to the Complaint.

5. On or about July 27, 2017, the Parkers filed an amended complaint (the "Amended Complaint"), adding Kellermeyer Building Services, LLC ("KBS") as a defendant in the case. KBS is Sears' contractor that performed cleaning services at the Sears' Deptford store. A copy of the Amended Complaint is attached hereto as Exhibit A.

6. On August 7, 2017, Sears filed an Answer to the Amended Complaint, as well as Cross-Claims against KBS. The Cross-Claims against KBS were based upon: 1) The Joint Tortfeasors Act/Comparative Negligence; 2) Vicarious Liability; 3) Contract (for defense and indemnification); 4) Breach of Contract for failure to procure insurance; 5) Declaratory Judgment; and 6) Breach of Contract for Failure to Perform Work and Provide Services in Good and Workmanlike Manner. A copy of Sears Answer to Amended Complaint, Crossclaim and Third-Party Complaint is attached hereto as Exhibit B.

7. The contract between Sears and KBS provides, in relevant part:

> To the fullest extent permitted by law, [KBS] shall protect, indemnify, and hold harmless [Sears] … from and against any and all claims… resulting from or arising out of any injury to or death of any person… related to the following: (1) the Services or any acts, errors or omissions of [KBS]…

A copy of the contract for services between Sears and KBS is attached hereto as Exhibit C.

8. Section 4.5 of the Agreement also provides in relevant part:

> [KBS] will not be relieved of the foregoing indemnity and related obligations by allegations or claims that [Sears] was negligent or that an injury or loss occurred as a result of the concurrent negligence of [Sears], [KBS] and or a Subcontractor. Notwithstanding the foregoing, [KBS] shall not be liable for indemnification to the extent the injury, damage or loss is finally judicially determined by a court of competent jurisdiction to have

2

>   been caused by the negligence or willful misconduct of [Sears] or its employees.

Id.

9.  Section 5.1(c) of the Agreement also provides that KBS is to name Sears as an additional insured on the policy of insurance of not less than $5 million, covering KBS, on a primary, non-contributory basis. Id. Sears has no applicable liability insurance of its own for this claim. It is self-insured up to $5 million.

10. On or about September 5, 2017, KBS filed an Answer to the Amended Complaint.

11. Sears filed a Third-Party Complaint against Zurich American Insurance Co. ("Zurich"), the carrier for KBS, seeking a declaratory judgment that Zurich insure Sears, and provide Sears with a defense and indemnification. See Exhibit B.

12. By letter dated August 8, 2017, Zurich accepted the tender of Sears with a reservation of rights. A copy of Zurich's letter is attached hereto as Exhibit D.

13. Discovery ended in the State Court Action on June 21, 2018.

14. Trial in the State Court Action had been scheduled for November 13, 2018.

15. KBS filed a Motion for Summary Judgment based upon liability, and Sears cross-moved for summary judgment on the contractual claims. Both motions were denied by Order of the State Court dated October 2, 2018. A copy of the Order denying the summary judgment motions is attached hereto as Exhibit E.

16. In its decision denying the summary judgment motions, the State Court noted: "there appears enough evidence to assign at least some blame to Sears" and the indemnity clause did not indemnify Sears for its own negligence. A trial would be needed to apportion any liability between Sears and KBS. Id.

17. On October 18, 2018, Sears filed a Notice of Bankruptcy and Imposition of the Automatic Stay in the State Court Action. A copy of the notice is attached hereto as Exhibit F.

18. The State Court informed me that the trial would proceed with the remaining parties since the automatic stay did not apply to them.

19. On October 24, 2018, I requested an adjournment of the trial for sixty days to allow the filing of the present motion for relief from the automatic stay.

20. On the same date, KBS filed a motion to stay all proceedings for sixty days because the absence of Sears from the trial would result in irreparable harm to the other parties. A copy of the motion (without exhibits) is attached hereto as Exhibit G.

21. On November 9, 2018, KBS's motion to stay all proceedings was granted. A copy of the Order granting the motion is attached hereto as Exhibit H.

22. If the Bankruptcy Court were to lift the stay to permit the State Court Action to proceed to trial, the Parkers would seek to enforce whatever judgment is obtained against the Debtor by collecting only from KBS's insurance policy.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 1-24-2019

Paul J. Bartolomeo, JR.

4