# EXHIBIT A

### Appendix XII-B1



| CIVIL CASE INFORMATION STATEMENT (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE:  ☐CK ☐CG ☐CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Paul J. Bartolomeo, Jr., Esquire | TELEPHONE NUMBER<br>(215) 232-7200 | COUNTY OF VENUE<br>Gloucester |
|---|---|---|
| FIRM NAME (if applicable)<br>Paul J. Bartolomeo, Jr., P.C. | RECEIVED & FILED | DOCKET NUMBER (when available)<br>GLO-L.-274-17 |
| OFFICE ADDRESS<br>2401 Pennsylvania Avenue, Suite 1A1<br>Philadelphia, PA 19130 | 6 | DOCUMENT TYPE<br>Amended Complaint |
| | | JURY DEMAND  ■ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Natalie Parker and Edward Parker, H/W | CAPTION<br>Natalie Parker & Edward Parker,H/W v. Sears,Roebuck and Co. & Kellermeyer Building Services, LLC,a Delaware Limited Liability Company & John Doe 1-10 |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>605 | HURRICANE SANDY RELATED?<br>☐ YES  ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes  ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ Yes  ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ Yes  ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ■ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _/s/ Paul J. Bartolomeo, Jr._

Effective 06/05/2017, CN 10517                                                                                                 page 1 of 2

PAUL J. BARTOLOMEO, JR, ESQUIRE
N J IDENTIFICATION NO.: 001241995
THE PHILADELPHIAN, SUITE 1A1
2401 PENNSYLVANIA AVENUE
(215) 232-7200 (tel)
(215) 232-2410 (fax)
pjbartesq@aol.com (email)

RECEIVED & FILED
JUL 26 2017

| | |
|---|---|
| Natalie Parker and Edward Parker, H/W<br><br>Plaintiff,<br><br>v.<br><br>Sears, Roebuck and Co. t/a Sears and Kellermeyer Building Services, LLC, a Delaware Limited Liability Company; and John Doe 1-10 (fictitious persons responsible for the damages suffered by the Plaintiffs)<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>GLOUCESTER COUNTY<br><br>DOCKET NO.: GLO-L-274-17<br><br><br><br><br><br><br><br>**AMENDED COMPLAINT** |

Plaintiffs, Natalie Parker and Edward Parker, husband and wife, residing at 760 Barbados Drive, Williamstown, New Jersey, 08094, Gloucester County:

## COUNT I:
### PLAINTIFF NATALIE PARKER v. DEFENDANT SEARS

1.   On or about August 21, 2015 at approximately 2:00 PM, Wife-Plaintiff entered upon the premises of Defendant Sears at the Deptford Mall, at 1750 Deptford Center Road, Deptford, New Jersey, for the purpose of shopping. Wife-Plaintiff was a business invitee of Defendant, which operated a retail department store at said location. On the said date and at the said time Wife-Plaintiff encountered a slippery condition caused by a large spill of water or other colorless liquid, which she did not see because it was colorless and it was on a light colored tile floor, but which caused her to slip and fall, striking various parts of her body, whereupon she suffered severe and possibly permanent personal injuries as more particularly set forth herein.

2.  At all times pertinent hereto, Defendant Sears acted by and through its duly authorized agents, servants, workmen or employees.

3.  Defendant Sears by its agents, servants, workmen or employees was negligent in the maintenance of its business establishment in that:

   (a)  it failed to maintain its store locations;

   (b)  it failed to promptly and adequately clean up spills on the floor of its stores;

   (c)  it failed to warn its business invitees of known safety hazards;

   (d)  it failed to discover and eliminate dangers to it business invitees;

   (e)  it failed to avoid creating conditions that would render the premises unsafe;

   (f)  it failed to barricade and/or otherwise limit pedestrian access over areas representing safety hazards such as described herein;

   (g)  it failed to regularly inspect its store for dangerous conditions such as described herein;

   (h)  it failed to adequately select, train and supervise its employees, agents or contractors in the maintenance of its store; and

   (i)  it was otherwise inattentive and careless which negligence caused injuries suffered by Wife-Plaintiff.

4.  At all times pertinent hereto Defendant Sears either knew or should have known of the dangerous condition of its premises as described herein.

5.  As a result of said fall, Wife-Plaintiff was thrown violently to the ground, causing, aggravating or contributing to severe painful bodily injuries including but not limited to a fracture of the fifth metatarsal of her left foot, a rotator cuff tear of her right shoulder, cervical disc pathology with radiculopathy, low back injury, left hip bursitis, aggravation and/or exacerbation of previous injuries or conditions, and related injuries, all of which caused her great pain and suffering and incapacitated her from pursuing her usual activities and left her with chronic and/or permanent disabilities that will in the future similarly incapacitate her causing her pain and suffering and requiring medical treatment.

6. As a result of said fall, Wife-Plaintiff has been caused to incur considerable medical/hospital and other therapeutic charges and/or third party liens for services rendered in an effort to treat and/or alleviate her injuries, to her great financial detriment.

**WHEREFORE**, Wife-Plaintiff Natalie Parker demands judgment against Defendant Sears for damages, interest and costs of suit.

### COUNT II:
### PLAINTIFF NATALIE PARKER V. DEFENDANT KELLERMEYER BUILDING SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY

1. At all times pertinent hereto Defendant Kellermeyer Building Services, LLC, a Delaware Limited Liability Company (hereinafter "Defendant Kellermeyer"), was or may have been an entity which had contracted with Defendant Sears to provide cleaning services for Defendant Sears to include the location of Wife-Plaintiff's fall and subsequent injuries.

2. Defendant Kellermeyer, by its agents, servants, workmen or employees, was negligent in providing services at the time and place of Wife-Plaintiff's fall in the following respects:

   (a) it failed to adequately clean the area of Wife-Plaintiff's fall;

   (b) it failed to adequately inspect the work of its employees;

   (c) it failed to promptly respond to complaints of spills or other debris in the area of Wife-Plaintiff's fall;

   (d) it failed to warn Wife-Plaintiff of known safety hazards;

   (e) it failed to discover and eliminate dangers to customers such as Wife-Plaintiff;

   (f) it failed to avoid creating conditions that would render the premises unsafe;

   (g) it failed to barricade and/or otherwise limit pedestrian access over areas representing safety hazards such as described herein;

   (h) it failed to adequately select, train and supervise its employees, agents or contractors in the cleaning of the store in questions;

   (i) it applied or failed to remove, liquid or other slippery substances at the location of Wife-Plaintiff's fall; and

3

(j) it was otherwise inattentive and careless which negligence caused injuries suffered by Wife-Plaintiff.

3. At all times pertinent hereto Defendant Kellermeyer either caused, knew or should have known, of the dangerous condition of the premises as described herein.

4. As a result of said fall, Wife-Plaintiff was thrown violently to the ground, causing, aggravating or contributing to severe painful bodily injuries including but not limited to a fracture of the fifth metatarsal of her left foot, a rotator cuff tear of her right shoulder, cervical disc pathology with radiculopathy, low back injury, left hip bursitis, aggravation and/or exacerbation of previous injuries or conditions, and related injuries, all of which caused her great pain and suffering and incapacitated her from pursuing her usual activities and left her with chronic and/or permanent disabilities that will in the future similarly incapacitate her causing her pain and suffering and requiring medical treatment.

5. As a result of said fall, Wife-Plaintiff has been caused to incur considerable medical/hospital and other therapeutic charges and/or third party liens for services rendered in an effort to treat and/or alleviate her injuries, to her great financial detriment.

**WHEREFORE**, Wife-Plaintiff Natalie Parker demands judgment against Defendant Kellermeyer for damages, interest and costs of suit.

**COUNT III:**
**PLAINTIFF NATALIE PARER v. JOHN DOE 1-10**

1. Defendants John Doe 1-10 are individuals or entities whose identities are not yet known to Wife-Plaintiff, but whose actions caused severe and permanent injury to Wife-Plaintiff.

2. At the time and place mentioned above, the floor of the store in question was comprised of block shaped tiles of a composition unknown to Wife-Plaintiff. Defendants John Doe 1-10 manufactured and/or installed the said tile floor.

3. Defendants John Doe 1-10 owed a duty to Wife-Plaintiff to provide flooring which would be resistant to being overly slippery, knowing that the intended use of the flooring was for business invitees at a commercial setting, who would not have an opportunity to adequately apprise themselves in advance of its slippery nature.

4

4. In the alternative, Defendants John Doe 1-10 installed the said the flooring in a negligent and careless manner resulting in an uneven walking surface which, when combined with the aforementioned spill, created an unreasonably dangerous tripping hazard to invitees such as Wife-Plaintiff herein.

5. At all times pertinent hereto Defendant Sears either knew or should have known of the dangerous condition of its premises as described herein.

6. As a result of said fall, Wife-Plaintiff was thrown violently to the ground, causing, aggravating or contributing to severe painful bodily injuries including but not limited to a fracture of the fifth metatarsal of her left foot, a rotator cuff tear of her right shoulder, cervical disc pathology with radiculopathy, low back injury, left hip bursitis, aggravation and/or exacerbation of previous injuries or conditions, and related injuries, all of which caused her great pain and suffering and incapacitated her from pursuing her usual activities and left her with chronic and/or permanent disabilities that will in the future similarly incapacitate her causing her pain and suffering and requiring medical treatment.

7. As a result of said fall, Wife-Plaintiff has been caused to incur considerable medical/hospital and other therapeutic charges and/or third party liens for services rendered in an effort to treat and/or alleviate her injuries, to her great financial detriment.

**WHEREFORE**, Wife-Plaintiff Natalie Parker demands judgment against Defendants John Doe 1-10 for damages, interest and costs of suit.

### COUNT IV:
### PLAINTIFF EDWARD PARKER v. DEFENDANTS

1. At all times pertinent hereto Husband-Plaintiff Edward Parker was the husband and co-habitant of Wife-Plaintiff Natalie Parker.

2. Husband-Plaintiff Edward Parker hereby incorporates the allegations of negligence against Defendants set forth in Counts I, II and III as fully as those set forth herein at length.

5

3. As a direct result of Defendants' negligence, and resulting injuries to Wife-Plaintiff, Husband-Plaintiff has suffered the loss of his spouse's services, society, companionship, comfort and consortium and it is anticipated that this loss will continue indefinitely into the future.

**WHEREFORE**, Husband-Plaintiff, Edward Parker demands judgment against Defendants herein, for damages, interest and costs of suit.

### JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiffs hereby demand a jury trial on all issues so triable.

DATED: 7-20-17

_____
PAUL J. BARTOLOMEO, JR., ESQUIRE
Attorney for Plaintiffs

### CERTIFICATION PURSUANT TO R.4:5-1

Plaintiffs hereby certify that the matter in controversy is not the subject of any other action pending in any Court and is likewise not the subject of any pending Arbitration proceeding. Plaintiffs further certifies that they have no knowledge of any action or Arbitration proceeding which is contemplated regarding the subject matter of this action and that they are not aware of any other parties who should be joined in this action.

Date: 7-20-17

_____
PAUL J. BARTOLOMEO, JR., ESQUIRE
Attorney for Plaintiffs

6

## DESIGNATION OF TRIAL COUNSEL

Paul J. Bartolomeo, Jr., Esquire is hereby designated as trial counsel for the Plaintiffs in the above matter.

Date: 7-20-17

_____
PAUL J. BARTOLOMEO, JR., ESQUIRE
Attorney for Plaintiffs