# EXHIBIT B

Douglas S. Schwartz, Attorney I.D. 038771991
Law Offices
SISSELMAN & SCHWARTZ, LLP
75 Livingston Avenue
Roseland, N.J. 07068
(973) 533-0770
Attorney for Defendant
Sears, Roebuck and Co.

| | |
|---|---|
| Natalie Parker and Edward Parker, H/W<br><br>Plaintiffs<br><br>v.<br><br>Sears, Roebuck and Co. t/a Sears and Kellermeyer Building Services, LLC, a Delaware Limited Liability Company; and John Doe 1-10 (fictitious persons responsible for the damages suffered by the Plaintiffs)<br><br>And<br><br>Sears, Roebuck and Co.<br><br>Defendant/Third Party Plaintiff<br><br>v.<br><br>Zurich American Insurance Company<br><br>Third Party Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: GLOUCESTER COUNTY<br><br>DOCKET NO. GLO-L-274-17<br><br>ANSWER TO AMENDED COMPLAINT, CROSSCLAIM, THIRD PARTY COMPLAINT, JURY DEMAND, REQUEST FOR STATEMENT OF DAMAGES CLAIMED AND DESIGNATION OF TRIAL COUNSEL |

Defendant, Sears, Roebuck and Co., a Corporation of the State of New York, having its principal place of business in Hoffman Estates, Illinois, improperly impleaded as "Sears, Roebuck and Co. t/a Sears," answering the allegations of the Amended Complaint, says:

## COUNT I:
## NATALIE PARKER V. DEFENDANT SEARS

1. This defendant does not have information or knowledge at this time sufficient to form a belief as to the allegations of Paragraphs No. 1 of Count I of the Complaint and accordingly denies the same that pertain to it.

2-6. This defendant denies the allegations of Paragraphs No. 2, No. 3, No. 4, No. 5 and No. 6 of Count I of the Complaint that pertain to it.

## COUNT II:
## PLAINTIFF NATALIE PARKER V. DEFENDANT KELLERMEYER BUILDING SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY

1-5. This defendant does not respond to the allegations of Paragraphs No. 1, No. 2, No. 3, No. 4 and No. 5 of Count II of the Complaint as same are not directed against it.

## COUNT III:
## PLAINTIFF NATALIE PARKER V. JOHN DOE 1-10

1-6. This defendant does not respond to the allegations of Paragraphs No. 1, No. 2, No. 3, No. 4, No. 5, No. 6 and No. 7 of Count III of the Complaint as same are not directed against it.

## COUNT IV:
## PLAINTIFF EDWARD PARKER V. DEFENDANTS

1. This defendant does not have sufficient information or knowledge at this time to form a belief as to the allegations of Paragraphs No. 1 of Count IV the Complaint and accordingly denies the same.

2. This defendant repeats its answers to the allegations contained in the previous counts of the Complaint pertaining to negligence against it and accordingly deny the same that pertain to it.

3.     This defendant denies the allegations of Paragraph No. 3 of Count IV of the Complaint.

## SEPARATE DEFENSES

1. Defendant was not guilty of any act of omission or commission which was the proximate cause of any loss, injury or damage which the plaintiff may have suffered or sustained.

2. Any loss, injury or damage which the plaintiff may have suffered or sustained was due to the sole negligence of the plaintiff.

3. Any loss, injury or damage which the plaintiff may have suffered or sustained was due to the sole negligence of a third party or parties over whom this defendant exercised no control.

4. Any loss, injury or damage which the plaintiff may have suffered or sustained was governed by comparative negligence under R.S. 2A:15-5.1, et seq and any responsibility or liability must be apportioned accordingly.

5. Any loss, injury or damage which the plaintiff may have suffered or sustained was due to the contributory negligence of the plaintiff, in that plaintiff failed to exercise reasonable care for her own safety and the negligence of plaintiff was greater than that of this defendant, therefore, plaintiff is barred from recovery.

6. The Complaint is barred under R.S. 2A:14-2.

7. The Complaint fails to state a claim upon which relief may be granted.

8. This defendant was free of any and all negligence.

9. The negligence, if any, on the part of the answering defendant was not the proximate cause of any damages or injuries which may have been sustained by the plaintiff.

10. The answering defendant reserves the right to move at any time prior to the trial date of the above matter to dismiss the plaintiff's Complaint on the following grounds:

The Court lacks jurisdiction over the subject matter.

The Court lacks jurisdiction over the answering defendant because of insufficient process.

The Court lacks jurisdiction over the answering defendants because of improper and insufficient process.

11. Defendant claims credit for all collateral sources from which plaintiff has or shall receive benefits.

12. The Complaint is barred by the doctrine of Res Judicata.

13. The Complaint is barred by the doctrine of Collateral Estoppel.

14. The Complaint is barred by the Entire Controversy Doctrine.

15. The Complaint is barred by the provisions of the New Jersey Workers' Compensation Statute, which provide that the Plaintiff's exclusive remedy is in workers' compensation.

16. Benefits paid by a health care carrier are to be deducted from any award. N.J.S.A.2A:15-97.

17. Responsibility, if any, is governed by N.J.S.A.2A:15-5.3.

18. Plaintiff has failed to mitigate the damages.

19. The doctrine of avoidable consequences applies.

20. This defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in the Plaintiff's Complaint or specific knowledge of actions on the part of Plaintiff or other persons that contributed to or caused Plaintiff's injuries. Until this Defendant avails itself of its rights of discovery, it cannot be determined whether or not Separate Defenses will be asserted at trial. Defendant asserts these defenses in its

answer and Separate Defenses in order to preserve its right to assert its separate defenses at trial and to give Plaintiffs notice of its intention to assert these defenses and avoid waiver of any defenses.

21. Pursuant to Rule 4:7-5 (c) and Young v. Latta, 123 N.J. 584 (1991), this defendant asserts that if any co-defendant settles this matter prior to the conclusion of the trial, the liability of any settling co-defendant shall remain an issue and this defendant shall seek an allocation of percentage of negligence by the finder of fact against such settling co-defendant and/or a credit in favor of this defendant consistent with such allocation.

WHEREFORE, this defendant demands judgment dismissing the Complaint together with costs of suit and attorney's fees.

DATED: August 1, 2017

SISSELMAN & SCHWARTZ, LLP
Attorneys for Defendant
Sears, Roebuck and Co.

By: /s/ DOUGLAS S. SCHWARTZ

## CROSSCLAIM

Defendant, Sears, Roebuck and Co., crossclaiming against co-defendant Kellermeyer Building Services, LLC says:

### FIRST COUNT
(JOINT TORTFEASORS ACT/COMPARATIVE NEGLIGENCE)

1. Without admitting any liability herein, this defendant, Sears, Roebuck and Co., asserts that should liability be found against said defendant, it is entitled to and hereby crossclaims for contribution from co-defendant, Kellermeyer Building Services, LLC, pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, et

seq., and the Comparative Negligence Law, N.J.S.A. 2A:15-5.1, et seq.

## SECOND COUNT
## (VICARIOUS LIABILITY)

2.  While the defendant Sears, Roebuck and Co. denies it is negligent in any regard, it asserts that its negligence, if any, was passive, vicarious and imputed, whereas the negligence of the co-defendant Kellermeyer Building Services, LLC, was active and primary.

WHEREFORE, defendant Sears, Roebuck and Co. demands judgment by way of indemnity against the co-defendant Kellermeyer Building Services, LLC, for any judgment which may be entered in favor of the plaintiff against this defendant.

## THIRD COUNT
## (CONTRACT)

3.  Defendant Sears, Roebuck and Co. entered into agreements with said co-defendant relating to the premises in question.

4.  Said agreements provide for protection, defense, indemnification, and insurance coverage to defendant Sears, Roebuck and Co. for the alleged injuries and damages of plaintiff in this action.

5.  Defendant Sears, Roebuck and Co. hereby demands defense of this instant action and to be indemnified and saved harmless against any adverse judgment which may be entered against it in favor of the plaintiff herein.

WHEREFORE, defendant Sears, Roebuck and Co. hereby demands judgment of full indemnity against co-defendant, Kellermeyer Building Services, LLC, in the amount of any adverse judgment which may be entered against defendant Sears, Roebuck and Co. in favor of

the plaintiff, together with attorneys' fees, expenses, costs and interest, and declaratory relief that it is insured under said defendant's policy of insurance.

## FOURTH COUNT
### (BREACH OF CONTRACT FOR FAILURE TO PROCURE INSURANCE)

1. Although defendant Sears, Roebuck and Co. denies any liability whatsoever in this matter, it nonetheless asserts the following claims for breach of contract against Kellermeyer Building Services, LLC for failure to procure insurance.

2. At all relevant times, written agreements existed pursuant to which Kellermeyer Building Services, LLC expressly agreed (among other things) to purchase and maintain certain insurance naming as an additional insured defendant Sears, Roebuck and Co. and its owned, controlled, affiliated, associated, parent and subsidiary companies and/or corporations and its agents consultants, partners, servants and employees.

3. Kellermeyer Building Services, LLC failed to procure the required insurance.

4. Defendant Sears, Roebuck and Co. has suffered and will continue to suffer damages as a result of Kellermeyer Building Services LLC's actions and/or omissions.

WHEREFORE, defendant Sears, Roebuck and Co. demands judgment in its favor and against Kellermeyer Building Service, LLC for breach of contract for failure to procure insurance, together with costs and attorneys' fees and any such other relief as this court deems equitable and just.

## FIFTH COUNT
## (DECLARATORY JUDGMENT AGAINST KELLERMEYER BUILDING SERVICES, LLC)

1. At all relevant times, written agreements existed pursuant to which Kellermeyer Building Services, LLC is required (among other things) to insure defendant Sears, Roebuck and Co. for and against all damages and injuries arising from and related to Kellermeyer Building Services LLC's work (or the work of its subcontractors).

2. Kellermeyer Building Services, LLC is obligated to insure defendant Sears, Roebuck and Co. from and against plaintiff's claims.

3. Defendant Sears, Roebuck and Co. has demanded that Kellermeyer Building Services, LLC insure Sears, Roebuck and Co. from and against plaintiff's claims by, (among other things) defending, indemnifying, and holding Sears, Roebuck and Co. harmless with respect to the claims asserted by the plaintiff in this matter.

4. Kellermeyer Building Services, LLC has failed to insure defendant Sears, Roebuck and Co. from and against plaintiff's claims by, (among other things) defending, indemnifying, and holding defendant Sears, Roebuck and Co. harmless with respect to plaintiff's claims.

5. An actual and justifiable controversy exists with respect to Kellermeyer Building Services, LLC's obligations to defendant Sears, Roebuck and Co., and Sears, Roebuck and Co. is entitled to a declaration: (a) that Kellermeyer Building Services, LLC is obligated to insure defendant Sears, Roebuck and Co. from and against plaintiff's claims; (b) that Kellermeyer Building Services, LLC is obligated to defend, indemnify, and hold defendant Sears, Roebuck and Co. harmless or pay any defense cost, judgment and/or settlement amounts to defendant Sears, Roebuck and Co. in connection with any of plaintiff's claims against defendant Sears,

Roebuck and Co.; and (c) awarding defendant Sears, Roebuck and Co. its costs and attorneys' fees in this action.

**WHEREFORE,** defendant Sears, Roebuck and Co., respectfully requests that the Court enter an order:

(a) Finding and declaring that Kellermeyer Building Services, LLC is obligated to insure defendant Sears, Roebuck and Co. from and against plaintiff's claims against defendant Sears, Roebuck and Co. and

(b) Finding and declaring that Kellermeyer Building Services, LLC is obligated to defend, indemnify and hold defendant Sears, Roebuck and Co. harmless or pay any defense cost, judgment and/or settlement amounts to defendant Sears, Roebuck and Co. in connection with any of plaintiff's claims against defendant Sears, Roebuck and Co., and

(c) Awarding defendant Sears, Roebuck and Co., its costs and attorneys' fees in this action and such other and further relief as this Court deems equitable and just.

<u>SIXTH COUNT</u>
(BREACH OF CONTRACT FOR FAILURE TO
PERFORM WORK AND PROVIDE SERVICES IN A GOOD AND WORKMANLIKE
MANNER AND PURSUANT TO THE TERMS OF THE CONTRACT)

1. Although defendant Sears, Roebuck and Co. denies any liability whatsoever in this matter, it nonetheless asserts the following claim for breach of contract against Kellermeyer Building Services, LLC.

2. At all relevant times, written agreements existed pursuant to which Kellermeyer Building Services, LLC promised (among other things) to perform work and/or provide services to defendant Sears, Roebuck and Co. in a good and workmanlike manner.

3. Pursuant to the written agreements, Kellermeyer Building Services, LLC is responsible (among other things) for all damages and injuries arising from or related to its work and services provided (or the work and services provided by its subcontractors).

4. Defendant Sears, Roebuck and Co. denies all liability for plaintiff's alleged damages, but to the extent that Sears, Roebuck and Co. may be found liable to plaintiff, Kellermeyer Building Services, LLC has breached its agreements with defendant Sears, Roebuck and Co. by performing its work and/or providing services in such a manner as to cause plaintiff's damages.

5. If defendant Sears, Roebuck and Co. is found liable to plaintiff, then Kellermeyer Building Services, LLC's breach will cause defendant Sears, Roebuck and Co. to suffer damages.

WHEREFORE, defendant Sears, Roebuck and Co. demands judgment in its favor and against Kellermeyer Building Services, LLC for breach of contract, together with costs and attorneys' fees and any such other relief as this Court deems equitable and just.

DATED: August 1, 2017

SISSELMAN & SCHWARTZ, LLP
Attorneys for Defendant
Sears, Roebuck and Co.

By: /s/ Douglas S. Schwartz
DOUGLAS S. SCHWARTZ

## ANSWER TO CROSSCLAIMS

DEFENDANT, Sears, Roebuck and Co., by way of Answer to any and all crossclaims heretofore and hereafter asserted against it, respectfully states that it denies each and every allegation set forth in such crossclaims.

Wherefore, Defendant, Sears, Roebuck and Co. demands judgment dismissing any and all crossclaims with prejudice, plus costs either heretofore or hereafter asserted against it.

DATED: August 1, 2017

SISSELMAN & SCHWARTZ, LLP
Attorneys for Defendant
Sears, Roebuck and Co.

By: _____
DOUGLAS S. SCHWARTZ

## THIRD PARTY COMPLAINT
(DECLARATORY JUDGMENT AGAINST ZURICH AMERICAN INSURANCE COMPANY)

1. Plaintiffs Natalie Parker and Edward Parker have sued Defendant Sears, Roebuck and Co. in the Superior Court, Gloucester County, Docket No. GLO-L-274-17 for alleged damages arising from a slip and fall accident that allegedly occurred on August 21, 2015 in the Deptford Mall Sears Store, 1750 Deptford Center Road, Deptford, New Jersey. (See copy of Complaint attached) On August 21, 2015, Sears, Roebuck and Co. contracted with, and relied upon, Kellermeyer Services, LLC to perform housekeeping services at the said location. On August 21, 2015, Zurich American Insurance Company insured Kellermeyer Building Services for accidents arising from their negligence and provided insurance coverage to Sears, Roebuck and Co. as an additional insured.

2. At all relevant times, written agreements existed pursuant to which Zurich American Insurance Company are required (among other things) to insure defendant Sears,

Roebuck and Co. for and against all damages and injuries arising from and related to the work of Kellermeyer Building Services, LLC (or the work of its subcontractors).

3. Zurich American Insurance Company is obligated to insure defendant Sears, Roebuck and Co. from and against plaintiff's claims.

4. Defendant Sears, Roebuck and Co. has demanded that Zurich American Insurance Company insure Sears, Roebuck and Co. from and against Plaintiff's claims by, (among other things) defending, indemnifying, and holding Sears, Roebuck and Co. harmless with respect to the claims asserted by the plaintiff in this matter.

5. To date, Zurich American Insurance Company has failed to insure defendant Sears, Roebuck and Co. from and against plaintiff's claims by, (among other things) defending, indemnifying, and holding defendant Sears, Roebuck and Co. harmless with respect to plaintiff's claims.

6. An actual and justifiable controversy exists with respect to Zurich American Insurance Company's obligations to defendant Sears, Roebuck and Co., and Sears, Roebuck and Co. is entitled to a declaration: (a) that Zurich American Insurance Company is obligated to insure defendant Sears, Roebuck and Co. from and against plaintiff's claims; (b) that Zurich American Insurance Company is obligated to defend, indemnify, and hold defendant Sears, Roebuck and Co. harmless or pay any defense cost, judgment and/or settlement amounts to defendant Sears, Roebuck and Co. in connection with any of plaintiff's claims against defendant Sears, Roebuck and Co.; and (c) awarding defendant Sears, Roebuck and Co. its costs and attorneys' fees in this action.

**WHEREFORE,** defendant Sears, Roebuck and Co., respectfully requests that the Court enter an order:

(d) Finding and declaring that Zurich American Insurance Company is obligated to insure defendant Sears, Roebuck and Co. from and against plaintiff's claims against defendant Sears, Roebuck and Co. and

(e) Finding and declaring that Zurich American Insurance Company is obligated to defend, indemnify and hold defendant Sears, Roebuck and Co. harmless or pay any defense cost, judgment and/or settlement amounts to defendant Sears, Roebuck and Co. in connection with any of plaintiff's claims against defendant Sears, Roebuck and Co., and

(f) Awarding defendant Sears, Roebuck and Co., its costs and attorneys' fees in this action and such other and further relief as this Court deems equitable and just.

DATED: August 1, 2017

SISSELMAN & SCHWARTZ, LLP
Attorneys for Defendant/Third Party Plaintiff
Sears, Roebuck and Co.

By: _____
DOUGLAS S. SCHWARTZ

## JURY DEMAND

The defendant demands a trial by a jury of all the issues in accordance with Rule 4:35-1.

## REQUEST FOR STATEMENT OF DAMAGES CLAIMED

You are hereby requested and required to furnish to the undersigned, within five (5) days, a written statement of the amount of damages claimed in accordance with Rule 4:5-2.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules governing the Court of the State of New Jersey, the undersigned, Douglas S. Schwartz, is hereby designated as trial counsel for the above-captioned matter.

## CERTIFICATION

It is hereby certified that the matter in controversy is not the subject of any other action pending in any Court or other proceeding.

DATED: August 1, 2017

SISSELMAN & SCHWARTZ, LLP
Attorneys for Defendant
Sears, Roebuck and Co.

By: _____
DOUGLAS S. SCHWARTZ

## CERTIFICATION

I hereby certify that this pleading was served within the time period allowed under the Rules of Court.

DATED: August 1, 2017

SISSELMAN & SCHWARTZ, LLP
Attorneys for Defendant
Sears, Roebuck and Co.

By: _____
DOUGLAS S. SCHWARTZ