# EXHIBIT E

GLO L 000274-17   09/28/2018   Pg 1 of 2   Trans ID: LCV20181705505
GLO-L-000274-17   08/17/2018 3:11:14 PM   Pg 1 of 2 Trans ID: LCV20181434894

**McCORMICK & PRIORE, P.C.**
By: David A. Semple, Esquire (Attorney I.D. #050581996)
301 Carnegie Center Blvd., Suite 101
Princeton, NJ 08540
Phone: 609-716-9550
Fax: 609-716-8140
Attorneys for Defendant, Kellermeyer Bergensons Services, LLC i/p/a Kellermeyer Building
Services, LLC

| | |
|---|---|
| NATALIE PARKER and EDWARD PARKER, H/W,   : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: GLOUCESTER COUNTY |
| (Plaintiffs)   : | |
|   : | DOCKET NO.: GLO-L-274-17 |
| v.   : | |
|   : | CIVIL ACTION |
| SEARS, ROEBUCK AND CO. t/a SEARS and KELLERMEYER BUILDING SERVICES, LLC, a Delaware Limited Liability Company, and John Does 1-10 (fictitious persons responsible for the damages suffered by the Plaintiffs),   : | **ORDER GRANTING SUMMARY JUDGMENT OR IN THE ALTERNATIVE BARRING PLAINTIFF'S EXPERT** |
| (Defendants)   : | |

    **THIS MATTER** having been opened to the Court by McCormick & Priore, P.C., for an

Order pursuant to Rule 4:46, granting Summary Judgment on behalf of Defendant, Kellermeyer

Bergensons Services, LLC, i/p/a Kellermeyer Building Services, LLC, or in the alternative, barring

the Trial testimony of Plaintiff's liability expert, and the Court having considered the arguments of

all parties, and for good cause having been shown;

    **IT IS** on this _26th_ day of September, 2018;

**ORDERED** that Summary Judgment is hereby granted in favor of Defendant, Kellermeyer

Bergensons Services, LLC, i/p/a Kellermeyer Building Services, LLC, dismissing Plaintiffs'

Complaint and all Cross-Claims against it, with prejudice;

DENIED

Or in the alternative, it is here~

**ORDERED** that the Trial testimony of Plaintiff's proposed expert witness, Andrew P. Sutor,

is hereby barred; and it is further,        *Granted*

*VIA E-COURTS*

**ORDERED** that a copy of this Order be served on all parties ~~within~~ ~~days of posting on~~

~~line.~~

_____
J.S.C.

SAMUEL J. RAGONESE, J.S.C.

____ Unopposed

____ Opposed

2

*Parker v. Sears, et al.*
GLO-L-274-17

| | |
|---|---|
| **NATALIE PARKER AND EDWARD PARKER, H/W** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION – CIVIL PART GLOUCESTER COUNTY DOCKET NO.: L-274-17** |
| Plaintiffs, | |
| vs. | |
| **SEARS HOLDING CORP., t/a SEARS AND KELLERMEYER BUILDING SERVICES, LLC, a DELAWARE LLC, and JOHN DOES 1-10 (fictitious persons responsible for the damages suffered by Plaintiffs),** | **MOTION SUMMARY** **#15 DEFENDANT-KELLERMEYER BUILDING SERVICES' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, TO BAR PLAINTIFF'S LIABILITY EXPERT** |
| Defendants. | |
| **SEARS, ROEBUCK, AND CO.,** | **#16 DEFENDANT-SEARS' CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST KELLERMEYER BUILDING SERVICES** |
| Defendant/Third Party Plaintiff, | |
| vs. | |
| **ZURICH AMERICAN INSURANCE COMPANY,** | |
| Third Party Defendants. | |

## RELIEF REQUESTED

**DEFENDANT**, KBS, represented by David Semple, Esq. moves for summary judgment or, in the alternative, moves to bar Plaintiff's expert.

**CO-DEFENDANT**, Sears, represented by Douglas Schwartz, Esq. opposes KBS' motion and cross files for summary judgment against KBS.

**PLAINTIFF**, Natalie and Edward Parker, represented by Paul Bartolomeo, Esq. opposes KBS' motion for summary judgment.

I

GLO L 000274-17   09/28/2018   Pg 2 of 9   Trans ID: LCV20181705505

*Parker v. Sears, et al.*
GLO-L-274-17

## PARTIES' POSITIONS & FACTUAL BASIS

### Summary of Facts

1. This matter arises out of an alleged slip and fall that took place at the Sears Department store in the Deptford Mall on August 21, 2015 at approximately 1:50pm.
2. Plaintiff, Natalie Parker, was 79 at the time of the accident and fell on a clear liquid that was on the floor.
3. The floor in the store was white/light colored tile.
4. Kellermeyer Building Services, LLC ("KBS") was in Sears cleaning and performing other services between the hours of 7:00am and 11:00am.
5. Sears opens at 10:00am.
6. On Mondays and Fridays, KBS' employees apply liquid cleaner to the tile floors and use a machine to "squeegee" clean the floors.
7. August 21, 2015 was a Friday.
8. Sears has provided a 3 minute clip involving the incident. The remainder of the video has been destroyed.
9. Sears and KBS both acknowledge that a cleaning checklist is generated each day of work, (KBS generating the checklist, Sears signing off, and both retaining a copy) but none has been produced.
10. Sears does not regularly inspect the work of KBS.
11. Sears' policy for cleaning (once KBS had left) was that anyone who saw something would clean it. There was no one person in charge of cleaning.
12. Discovery ended on June 21, 2018.
13. Arbitration was held on August 8, 2018 and the panel found Sears 100% liable for $110,000.00 (KBS and the Parkers were found 0% liable).
14. Trial is scheduled for November 13, 2018.

### Legal Argument

#### #15 Defendant-KBS' Argument

Negligence must be proved not presumed. KBS' employees left the store at/around 11:00am and the accident occurred at/around 1:50pm. No party has put forth any evidence that the liquid was on the floor when KBS employees left. The employees have both acknowledged that, if there was a spill, they would clean it.

Further, a defendant has constructive notice when the condition existed "for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent." *Parmenter v. Jarvis Drug Stores, Inc.*, 48 N.J. Super. 507, 510 (App. Div. 1957). "Constructive notice can be inferred in various ways. The characteristics of the dangerous condition giving rise to the slip and fall, or eyewitness testimony." *Troupe v. Burlington Coat Factory Warehouse Corp.*, 443 N.J. Super. 596, 602 (App. Div. 2016). Here, Plaintiff described

2

*Parker v. Sears, et al.*
GLO-L-274-17

the liquid as being clear and intact and with nothing like footprints through it. There is no
evidence indicating how long the liquid was on the floor. Plaintiff cannot show that KBS had
constructive notice of the potentially dangerous condition, especially since all KBS employees
left 3 hours prior.

KBS also asks the Court to dismiss Sears' cross-claims. KBS was not negligent for this accident
and cannot be considered a joint tortfeasor. Sears claims that KBS breached its contract because
it did not procure insurance, when in reality Zurich insurance has accepted Sears' tender, albeit
under a reservation of rights. The only claim that could be considered valid is for defense and
indemnification but that claim must fail as well.

The standard for indemnity for one's own negligence requires unequivocal intention within the
contract to provide indemnity for the indemnitee's own negligence. "[T]he indemnification
agreement is construed strictly against the indemnitee and [] the indemnification will not be
construed to indemnify the indemnitee against losses resulting from his own negligence unless
such an intention has been unequivocally expressed." *Pepe v. Township of Plainsboro*, 337 N.J.
Super. 209, 21 (App. Div. 2001). Where there is a lack of unequivocal intent to provide
indemnity for the indemnitee's own negligence, New Jersey Courts have not required the
indemnitor to provide a defense or indemnification to the owner. *See Mantilla v. NC Mall
Associates*, 167 N.J. 262, 275 (2001). Language of indemnification provisions that do not meet
the "unequivocal" or "explicit" test do not require indemnification. *Azurak v. Corp. Property
Investors*, 347 N.J. Super. 516, 522 (App. Div. 2002); *see also Englert v. Home Depot*, 389 N.J.
Super 44, 57 (2006).

Here, in Section 4.1 of the Housekeeping Services Agreement, the contract provides that KBS
shall defend, indemnify, etc. Sears for any claims related to KBS' acts or omissions. Absent
explicit language to the contrary, an indemnitee who has defendnd against allegations of its own
independent fault may not recover the costs of its defense from an indemnitor." *Mantilla, supra*,
167 N.J. at 275. Section 4.5 goes even further stating, KBS "shall not be liable for
indemnification to the extent any injury, [etc.] is finally judicially determined by a court of
competent jurisdiction to have been caused by the negligence or willful misconduct of [Sears] or
its employees."

The opinions of Plaintiffs' liability expert must be barred as a net opinion. Pursuant to N.J.R.E.
702 and 703, qualified expert testimony is admissible to assist the trier of fact predication upon
the proposition that factual and scientific basis for the expert's opinion exists and is made known
to the defense in discovery. Where the expert fails to give the specific underlying reasons for the
opinion, that expert ceases to aid the trier of fact and becomes nothing more than an additional
juror. Plaintiff's expert report by Andrew Sutor shows he lacks the qualifications required to give
such opinions. His opinion relies on unpermitted speculation, surmise, or guess. Whether a party
had actual or constructive notice is another jury question [*NOTE: If Defendant-KBS admits that
notice is a jury question, then they must concede that whether Sears had notice or not is a*

3

*Parker v. Sears, et al.*
GLO-L-274-17

*question not appropriate for summary judgment*]. The jury is the final arbiter of the facts and Mr.
Sutor's opinion on foreseeability exceeds the role of an expert. Expert testimony is useful to fact
finders in determining whether a standard of conduct has been violated but only after a legal duty
has been found to exist. The question of whether a duty exists is a matter of law to be decided by
the judge alone in the context of the circumstances of each case. Mr. Sutor writes "Defendants
had a legal duty and a moral obligation to protect Mrs. Natalie Parker...." Mr. Sutor makes
unfounded allegations and offers no evidence in support of his assertions. Mr. Sutor was a
former university teacher with law enforcement operations and casino hotel security background.
He does not have relevant education or experience to be an expert here.

## #15 Co-Defendant-Sears' Argument in Opposition

It is undisputed that KBS cleaned and mopped the floor where Plaintiff's accident took place.
One of KBS' employees testified he did not recall inspecting the store to determine if it was
clean and dry. Furthermore, he said he was only responsible to clean one floor level of Sears
while his co-worker was responsible for the upper floor. This testimony is contrasted with the
other employee of KBS, his co-worker, who said she never swept or mopped any of the floors at
Sears.

KBS argues a lack of actual or constructive notice and argues that Plaintiff cannot prove KBS
created the dangerous condition. However, KBS' own employees cannot testify in support of this
position as they did not inspect the floor after cleaning it. Plaintiff already testified that she does
"not know the exact length of time the liquid existed prior to my fall." Therefore, KBS' position
must fail. There are genuine issues of material fact here.

## #15 Plaintiff's Argument in Opposition

A prima facie case of negligence has been established. Plaintiff has set forth that (1) Defenant
owed her a duty of care, (2) Defendant breached that duty, (3) Defendant's breach of duty
proximately caused Plaintiff damages." *Lechler v. 303 Sunset Ave. Condominium Ass'n Inc.*, 452
N.J. Super. 574 (App. Div. 2017). *Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426 (1993) focuses
on the actual relationship between the parties under the surrounding circumstances.
Traditionally, the duty owed to a business invitee is the highest degree of care. It includes the
duty to make reasonable inspection of the premises to discover hazardous conditions. *Zentz v.
Toop*, 92 N.J. Super. 105 (App. Div. 1966).

In the present matter, an employee for KBS has acknowledged that she put liquid cleaner on the
floor on the morning of the accident. Defendant-KBS asks the Court to consider that the spill in
question occurred later than 11:00am, when KBS left. If there was such evidence, the Plaintiff
would acknowledge this – however, no such evidence exists. Checklists are generated by KBS
employees and confirmed by Sears' employees. No checklist or record documenting the work
done on that date has been produced in discovery by either Defendant. Both acknowledged that
the checklists are often discarded after 2-3 months. Destruction of clearly relevant material could

4

*Parker v. Sears, et al.*
GLO-L-274-17

support an adverse inference against Defendant at trial. Plaintiff cannot pinpoint when the spill was created, as she was in the store for only a few minutes, but both Defendants are in a better position to determine when the spill occurred and neither have produced any evidence.

In regards to Defendant-KBS' alternative relief, seeking to bar Plaintiffs liability expert as a net opinion, this should be denied as well. An improper "net opinion" is one comprised of bare conclusions unsupported by factual evidence. *Scully v. Fitzgerald*, 179 N.J. 114, 129 (2004). Plaintiffs' liability expert has 50 years of experience in accident investigation, security, surveillance, and loss prevention in the hospitality industry. His experiences does include law enforcement, as well as consulting, teaching, and writing in these fields. The expert's opinions are based on facts adduced through discovery. The fact that the expert draws conclusions or expresses opinions does not render his testimony inadmissible.

## #15 Defendant-KBS' Argument in Reply

Neither Plaintiff nor Sears have established a prima facie case against KBS. Sears takes issue with Mr. Maldonado's testimony, an employee of KBS. He was deposed over 2 years after the incident in question (on December 7, 2017) and he said he did not remember the exact date in question, but "I make sure that it's clean before I leave." He may not have specific recollection but it's his common practice. Nothing has been presented to suggest otherwise. Any alleged inconsistencies noted by Sears are insubstantial in nature. Plaintiff does not cite to the entirety of quotes, especially when asked if the machine is designed to absorb all the liquid once it's passed over it. *See Maldonado's deposition, p. 26:7-13.*

This was a highly trafficked area as evidenced by the 3 minute video surveillance. Extrapolated from this time frame, there were 7 people (including Plaintiff) in the area in 2 minutes or 3.5 people per minute, 210 per hour, and 630 from the time KBS employees left until the accident occurred. Sears was in sole possession of and destroyed evidence which could have exonerated KBS.

Finally, Sears does not address arguments as to the remaining four contractual claims in its opposition. Additionally, in Sears' cross motion they only argue for summary judgment in regards to the third of the six cross-claims. That leaves claims 2, 5, and 6 as unopposed and must be summarily dismissed.

## #16 Defendant-Sears' Argument as a Cross-Motion

KBS breached the contract by failing to obtain the appropriate insurance naming Sears as an additional insured. Despite an insurance provision, KBS failed to obtain a policy of insurance naming Sears as an additional insured under its policy of insurance with Zurich American Insurance Co. During the deposition of Zurich's corporate representative, he "saw nowhere on the policy where Sears was named as an insured." Since KBS was required to name Sears as an insured, Sears would have been entitled to the same coverage afforded to KBS. KBS was

*Parker v. Sears, et al.*
GLO-L-274-17

required to obtain insurance naming Sears as an additional insured without any limitations and in light of KBS' failure, Sears has been denied the appropriate insurance coverage.

KBS is contractually required to defend Sears based on mere allegations contained in Plaintiff's Complaint, even if they are false or baseless. A duty to defend is broader than the duty to indemnify. This duty is triggered where the allegations in a complaint state even the possibility that coverage is triggered under a particular agreement. This Complaint alleges that Plantiff fell as a result of a spill on the floor. Thus, KBS is obligated to defend.

Section 4.1 requires KBS to protect and indemnify Sears from any and all claims . . . even though such Claims may be false, fraudulent, or groundless. The fact that Sears shares some responsibility for maintaining the area, in and of itself, does not absolve KBS of any responsibility in the present matter. Judge Carey, P.J.C. in *Amal Sifeldin v. Sears Roebuck and Co., et. al.*, Docket ESX-L-1427-10, noted that KBS' duty to defend is separate from its duty to indemnify. There does not have to be specific findings of KBS' negligence in order for their defense obligation to apply.

### #16 Co-Defendant-KBS' Argument in Opposition

Initially, it should be known that the Corporate designee of Zurich was not deposed regarding the policy covering dates from April 1, 2015-April 1, 2016 (dates that would have covered the incident in question) but rather was discussing between April of 2013-April of 2014. Sears argues that their potential damages include reimbursement for defense costs and any adverse judgment that maybe awarded against it, however, if Sears believes it is entitled to defense costs prior to Zurich accepting the tender, then that is an issue that should be pursued against Zurich, not KBS. As there has been no adverse judgment against Sears at this time, any claim for potential damages is premature, at best.

As discussed in Co-Defendant-KBS' motion, Sections 4.1 and 4.5 of their agreement with Sears do not require KBS to defend and indemnify Sears for its own negligence. Absent from any of the provisions is actual language that states KBS is required to defend and/or indemnify Sears for "Sears' own negligence." Sears relies upon outdated 2011 provisions in its cross-motion. To the extent that this Court believes that KBS may somehow owe Sears a defense or indemnity, it should only be required to do so if it is determined Sears was free of fault.

In regards to Judge Carey's case, he pointed out that KBS "certainly had no duty to defend you before you – indicated that you relied on them and the plaintiff filed an amended complaint ... so in discovery you say, well you know what, the guys we have an indemnification agreement with, it's their fault, so ... now they file an amended complaint and now you say, okay, now that they filed an amended complaint you guys gotta indemnify us." Granting Sears' motion would be an unjust windfall. For example, under this theory, if a plaintiff fell somewhere, Sears would allege maintenance issues with KBS and would be required to tender a defense.

*Parker v. Sears, et al.*
GLO-L-274-17

## ANALYSIS

### *Summary Judgment Standard*

Rule 4:46-2(c) provides that summary judgment should be granted when pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is "no genuine issue of any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." N.J. Court Rules, *R.* 4:46-2 (2008). An issue of fact becomes genuinely disputed only if, "considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences there from favoring the non-moving party, would require submission of the issue to the trier of fact." *Id.* Rule 4:46-2(c) further states, "a summary judgment or order, interlocutory in character, may be rendered on any issue in the action (including the issue of liability) although there is a genuine factual dispute as to any other issue (including any issue as to the amount of damages)." *Id.*

The New Jersey Supreme Court has described the type of evaluation that trial courts should undertake when evaluating motions for summary judgment. *Brill v. Guardian Life Insurance*, 142 N.J. 520, 536 (1995). A court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). However, the Supreme Court cautioned, "[a] court must grant all the favorable inferences to the non-movant." *Id.*

Even in light of the deference afforded to the non-movant, summary judgment is still appropriate in some instances. It will not suffice for the non-moving party to raise an issue of any disputed fact. In the case where only insubstantial factual disputes arise, the court should grant summary judgment. *Id.* at 529 (*citing Judson v. Peoples Bank & Trust Co. of Westfield*, 17 N.J. 67, 75 (1954)).

### *Net Opinion Rule*

An expert may not provide "mere net opinion" *Davis v. Brickman Landscaping, Ltd.*, 219 N.J. 395 (2014) (quoting *Pomerantz Paper Corp. v. New Cmty. Corp.*, 2017 N.J. 344 (2011). This means that when an expert offers an opinion that is without objective support and testifies only to a view about a standard that is 'personal,' then such an opinion constitutes inadmissible net opinion. *Id.* The net opinion rule requires the expert to "'give the why and wherefore' that supports his opinion, 'rather than a mere conclusion.'" *Pomerantz supra*, 207 N.J. at 372, (citing *Polzo v. Cnty. Of Essex*, 196 N.J. 569, 583 (2008). Therefore, an expert offers an inadmissible net opinion if he "cannot offer objective support for his opinion, but testifies only to a view about a standard that is 'personal.'" Id. at 373.

The expert must provide some objective criteria, or some specific or logical bases to sustain their conclusion. *See Kross v. Breslow*, 2017 N.J. Super. Unpub. LEXIS 2500, *14. "The opinions of experts must be based either upon facts within their own knowledge which they detail to the jury or

7

*Parker v. Sears, et al.*
GLO-L-274-17

upon hypothetical questions embracing facts supported by the evidence upon which the expert
opinion is sought." *Townsend v. Pierre*, 221 N.J. 36, 58 (2015).

Expert testimony is appropriate "if scientific, technical, or other specialized knowledge will assist
the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an
expert by knowledge, skill, experience, training or education may testify thereto in the form of an
opinion or otherwise. *N.J.R.E.* 702.

## Contract Claims and Indemnification

Where the terms of a contract are clear and unambiguous, the court must enforce the terms as
written. *Orange City v. Empire Mortgage Services. Inc.*, 341 N.J. Super. 216, 224 (App. Div. 2001).
A court cannot rewrite a contract merely because it might have been more desirable to draft it
differently. *Homann v. Torchinsky*, 296 N.J. Super. 326, 336 (App. Div. 1997). The court must also
refrain from revising a contract to make it better than the parties themselves saw fit when they
entered into the agreement or alter the contract for the benefit of one party to the detriment of the
other. *Id.* New Jersey case law also supports the long-standing principal that "where ambiguities
exist they are to be taken most strongly against the draftsman." *Terminal Construction Corp. v.
Bergen County Hackensack River Sanitary Sewer District Authority*, 18 N.J. 294, 302 (1955). The
interpretation of a contract is a question of law for the court to determine. *Dome Petroleum Ltd. v.
Employers Mutual Liability Insurance Co.*, 767 F.2d 43, 47 (3d Cir. 1985).

Indemnity provisions are construed consistent with the rules for construction of contracts in general.
When the meaning of an indemnity clause is ambiguous, the clause should be strictly construed
against the indemnitee. When a party seeks indemnification for its own negligence the provision
must expressly provide for that intention. *Ramos v. Browning Ferris Industries, Inc.*, 103 N.J. 177,
191 (1986).

In Restatement, Restitution, § 96 (1937) it is stated: "A person who, without personal fault, has
become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to
indemnity from the other for expenditures properly made in the discharge of such liability."


Regarding Defendant-KBS' motion for summary judgment (#15), the time of the accident and
Sears' ability to provide any video before 1:50:00pm is beneficial to Defendant-KBS, however,
Plaintiff alleges enough to (1) establish a prima facie case against both Defendants, and (2) points
out that both Defendants are in better positions to show through checklists or videos who did what.
Because of the summary judgment standard, granting all favorable inferences to the non-moving
party, KBS' motion for summary judgment should be denied.

In regards to KBS' argument that Mr. Sutor's opinion is a net opinion, there is limited cited
authority or standards used by Plaintiff's expert in reaching his opinions, including OSHA

GLO L 000274-17    09/28/2018    Pg 9 of 9    Trans ID: LCV20181705505

*Parker v. Sears, et al.*
GLO-L-274-17

regarding slips, trips, and falls. Also cited as relied upon in N.J.P.A. 230 standards 6.2, 4.2.2 & 2. However as to N.F.P.A., these standards relate to security guards and work hours and do not relay how either Defendant breach them or their violation caused Plaintiff's falls, except perhaps performing a patrol. There is no OSHA specific standard cited within. Though Sutor summarizes "it is my expert opinion that the Department owners of the Sears store ... had a duty ..." he does not describe that duty in sufficient detail anywhere to fairly apprise the jury how Sears was negligent in breaching that duty.

As to KBS' summary judgment motion seeking dismissal, though Plaintiff is not afforded an expert, the Court still finds there are sufficient facts warranting a jury trial. Such facts include but are not limited to, why KBS left the area without performing an inspection, did they know approximately 200 people an hour would be traversing the area, was there a warning sign places, where their copy of the checklist is, etc.

In regards to KBS' argument that it is not contractually required to defend and indemnify Sears for Sears' own negligence, this is premature. There appears enough evidence to assign at least some blame to Sears for this accident and thus its motion for summary judgment should fail. Because the indemnity clause should be strictly construed against the indemnitee, Sears, seeking indemnification for what may be its own negligence, a clause which was not expressly provided in the contract, Sears must defend itself at this point. *See Ramos, supra.* Sears and KBS remain parties to the litigation and thus, the amount of negligence assigned is yet to be determined.

## RECOMMENDATION

I recommend that Defendant-KBS' motion for summary judgment be DENIED.

I recommend that Defendant-KBS' alternative relief to bar Plaintiff's liability expert be GRANTED.

I recommend that Co-Defendant-Sears' motion for summary judgment be DENIED.