# EXHIBIT G

**McCORMICK & PRIORE, P.C.**
By: David A. Semple, Esquire (Attorney I.D. #050581996)
301 Carnegie Center Blvd., Suite 101
Princeton, NJ 08540
Phone: 609-716-9550
Fax: 609-716-8140
Attorneys for Defendant, Kellermeyer Bergensons Services, LLC i/p/a Kellermeyer Building Services, LLC

| | |
|---|---|
| NATALIE PARKER and EDWARD PARKER, H/W, <br><br> (Plaintiffs) <br><br> v. <br><br> SEARS, ROEBUCK AND CO. t/a SEARS and KELLERMEYER BUILDING SERVICES, LLC, a Delaware Limited Liability Company, and John Does 1-10 (fictitious persons responsible for the damages suffered by the Plaintiffs), <br><br> (Defendants) | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: GLOUCESTER COUNTY <br><br> DOCKET NO.: GLO-L-274-17 <br><br> CIVIL ACTION <br><br> **NOTICE OF MOTION FOR STAY OF ALL PROCEEDINGS** |

To:   Paul J. Bartolomeo, Jr., Esquire
      2401 Pennsylvania Avenue
      Suite 1A1
      Philadelphia, PA 19130-3002

**PLEASE TAKE NOTICE** that on Friday, November 9, 2018, at 9:00 in the forenoon, or as soon thereafter as counsel may be heard, the undersigned, as attorneys for Defendant, Kellermeyer Bergensons Services, LLC, i/p/a Kellermeyer Building Services, LLC, shall apply to the Superior Court of New Jersey, Gloucester County, at the courthouse located in Woodbury, New Jersey, for an Order staying all proceedings.

**PLEASE TAKE FURTHER NOTICE** that the Movant will rely upon the annexed Certification in support of this Motion.

Oral argument is not requested at this time unless opposition is filed.

The Discovery End Date was June 21, 2018.

Arbitration was held on August 8, 2018.

Trial is currently scheduled for November 13, 2018. However, an adjournment has been requested.

                **McCORMICK & PRIORE, P.C.**
                Attorneys for Defendant, Kellermeyer
                Bergensons Services, LLC i/p/a Kellermeyer
                Building Services, LLC

                By: _____
                    David A. Semple, Esquire

Dated: October 24, 2018

**McCORMICK & PRIORE, P.C.**
By: David A. Semple, Esquire (Attorney I.D. #050581996)
301 Carnegie Center Blvd., Suite 101
Princeton, NJ 08540
Phone: 609-716-9550
Fax: 609-716-8140
Attorneys for Defendant, Kellermeyer Bergensons Services, LLC i/p/a Kellermeyer Building Services, LLC

| | |
|---|---|
| NATALIE PARKER and EDWARD PARKER, H/W, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: GLOUCESTER COUNTY |
| (Plaintiffs) | |
| v. | DOCKET NO.: GLO-L-274-17 |
| | CIVIL ACTION |
| SEARS, ROEBUCK AND CO. t/a SEARS and KELLERMEYER BUILDING SERVICES, LLC, a Delaware Limited Liability Company, and John Does 1-10 (fictitious persons responsible for the damages suffered by the Plaintiffs), | **ORDER STAYING ALL PROCEEDINGS** |
| (Defendants) | |

**THIS MATTER** having been opened to the Court by McCormick & Priore, P.C., attorneys for Defendant, Kellermeyer Bergensons Services, LLC, i/p/a Kellermeyer Building Services, LLC, for an Order staying all proceedings, and the Court having considered the arguments of all parties, and for good cause having been shown;

**IT IS** on this _____ day of November, 2018;

**ORDERED** that this matter is hereby stayed for sixty (60) days; and it is further,

**ORDERED** that a copy of this Order be served on all parties within ___ days of receipt by Movant.

_____<br>J.S.C.

___ Unopposed

___ Opposed

**McCORMICK & PRIORE, P.C.**
By: David A. Semple, Esquire (Attorney I.D. #050581996)
301 Carnegie Center Blvd., Suite 101
Princeton, NJ 08540
Phone: 609-716-9550
Fax: 609-716-8140
Attorneys for Defendant, Kellermeyer Bergensons Services, LLC i/p/a Kellermeyer Building Services, LLC

| | |
|---|---|
| NATALIE PARKER and EDWARD PARKER, H/W, <br><br> (Plaintiffs) <br><br> v. <br><br> SEARS, ROEBUCK AND CO. t/a SEARS and KELLERMEYER BUILDING SERVICES, LLC, a Delaware Limited Liability Company, and John Does 1-10 (fictitious persons responsible for the damages suffered by the Plaintiffs), <br><br> (Defendants) | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: <br> GLOUCESTER COUNTY <br><br> DOCKET NO.: GLO-L-274-17 <br><br> CIVIL ACTION <br><br><br><br><br> **CERTIFICATION OF COUNSEL** |

I, David A. Semple, of full age, being duly sworn according to law, deposes and says:

1. I am an attorney-at-law, licensed to practice in the State of New Jersey, and am a Partner with the Law Office of McCormick & Priore, P.C., attorneys for Defendant, Kellermeyer Bergensons Services, LLC, i/p/a Kellermeyer Building Services, LLC, in the above-captioned matter. I have actual knowledge of the facts contained herein having been entrusted with the handling of this matter.

2. I make this Certification in support of said Defendant's Motion to stay all proceedings.

3. This action arises out of an alleged accident which occurred on August 21, 2015, at approximately 1:50 pm, at the Sears Store located in the Deptford Mall, Deptford, New Jersey.

Allegedly, Plaintiff, Natalie Parker, slipped and fell on water or another liquid. (See Amended Complaint, a copy of which is annexed hereto as Exhibit "A").

4. According to the Judiciary website, Plaintiffs Natalie and Edward Parker filed their initial Complaint on March 2, 2017.

5. The Judiciary website further indicates that Defendant, Sears Roebuck and Co. (hereinafter referred to as "Sears") filed an Answer on April 27, 2017.

6. Plaintiffs filed an Amended Complaint on July 27, 2017, alleging that Natalie Parker was injured as a result of the fall. In addition, Edward Parker filed a claim for loss of consortium. The Amended Complaint also added Kellermeyer Building Services, LLC (hereinafter referred to as "KBS"), as a Defendant. KBS is the cleaning company for Sears. (See Exhibit "A").

7. The Amended Complaint further alleged that KBS was negligent in providing services at the time and place of Plaintiff's fall. (See Exhibit "A").

8. On August 7, 2017, Sears filed an Answer to the Amended Complaint, as well as Cross-Claims against KBS. (See Exhibit "B"). In particular, the Cross-Claims against KBS were based upon: 1) The Joint Tortfeasors Act/Comparative Negligence; 2) Vicarious Liability; 3) Contract (for defense and indemnification); 4) Breach of Contract for Failure to Procure Insurance; 5) Declaratory Judgment; and 6) Breach of Contract for Failure to Perform Work and Provide Services in a Good and Workmanlike Manner and Pursuant to the Terms of the Contract. (See Exhibit "B").

9. In particular, Section 4.1 of the Housekeeping Services Agreement between Sears and KBS provides, in relevant part:

> To the fullest extent permitted by law, [KBS] shall protect, indemnify, and hold harmless [Sears] ... from and against any and all claims ... resulting from or arising

out of any injury to or death of any person ... related to the following: (1) the Services or any acts, errors or omissions of [KBS] ....

(See Exhibit "C").

10. Section 4.5 of the Agreement also provides in relevant part:

[KBS] will not be relieved of the foregoing indemnity and related obligations by allegations or claims that [Sears] was negligent or that an injury or loss occurred as a result of the concurrent negligence of [Sears], [KBS] and or a Subcontractor. Notwithstanding the foregoing, [KBS] shall not be liable for indemnification to the extent any injury, damage or loss is finally judicially determined by a court of competent jurisdiction to have been caused by the negligence or willful misconduct of [Sears] or its employees.

(See Exhibit "C").

11. Section 5.1(c) of the Housekeeping Services Agreement also provides that KBS is to name Sears Holding Management as an additional insured on the CGL policy of insurance of not less than $5 million, covering KBS, on a primary, non-contributory basis. (See Exhibit "C").

12. On September 5, 2017, an Answer to the Amended Complaint was filed by Kellermeyer Bergensons Services, LLC, i/p/a Kellermeyer Building Services ("KBS"). Included was a general Answer to All Cross-Claims. (See Exhibit "D").

13. A more specific Answer to the Cross-Claims was subsequently filed by KBS. (See Exhibit "E").

14. Sears also filed a Third Party Complaint against Zurich American Insurance Company (hereinafter referred to as "Zurich"), the carrier for KBS, seeking declaratory judgment that Zurich insure Sears, and provide Sears with a defense and indemnification.

15. By correspondence of August 8, 2017, Zurich accepted the tender of Sears, albeit under a reservation of rights. (See Exhibit "F").

16. KBS filed a Motion for Summary Judgment based upon liability, and Sears Cross-moved for Summary Judgment on the contractual claims. Both Motions were denied by October 2, 2018 Order of The Honorable Samuel J. Ragonese, J.S.C. (See Exhibit "G" p. 9).

17. In regard to the contractual claims, Judge Ragonese stated "there appears enough evidence to assign at least some blame to Sears" and the indemnity clause did not indemnify Sears for its own negligence. In addition, he noted that the amount of liability assigned as to Sears and KBS was yet to be determined. (See Exhibit "G" p. 9).

18. Subsequently, on October 18, 2018, Sears filed a Notice of Bankruptcy and Imposition of Automatic Stay. (See Exhibit "H").

19. Plaintiff's attorney advised the undersigned that the Court informed him the stay will not apply to the remaining parties, and the Court intends to go forward with Trial which is scheduled for November 13, 2018.

20. On October 24, 2018, Plaintiff's attorney requested an adjournment of the Trial for sixty (60) days so as to allow him to file a Motion for Relief from the stay so that the matter may proceed against Sears, at least to the extent of any applicable insurance coverage. (See Exhibit "I").

21. KBS submits that a stay of all proceedings is proper in this matter.

22. To be entitled to a stay, the following requirements must be shown: (1) relief is needed to prevent irreparable harm; (2) the applicant's claim rests on settled law and has a reasonable probability of succeeding on the merits; and (3) balancing the relative hardships to the parties reveals that greater harm would occur if a stay is not granted than if it were. *New Jersey Election Law Enforcement Com'n v. DiVincenzo*, 445 N.J. Super. 187, 195 (App. Div. 2016).

23. As referenced above, Sears filed Cross-Claims against KBS, which not only include common law claims, but also claims based in contract and insurance coverage. (See Exhibit "B"). Accordingly, Sears and KBS are inseparably linked, as an assessment of liability between the parties directly impacts the other.

24. KBS also submits that if the Trial proceeds without the participation of Sears, then one of the parties will be irreparably harmed. For example, if Sears is not placed on the verdict sheet, the jury will be asked to assess liability solely against Plaintiff and KBS, ignoring any potential liability as to Sears. This would clearly prejudice KBS, as a jury could certainly assign Sears' liability to KBS.

25. If Sears is placed on the verdict sheet, Sears will not be present to defend itself or prosecute its Cross-Claims, and if KBS receives a defense verdict, then the Cross-Claims of Sears will fail.

26. Moreover, if the stay as to Sears is ultimately lifted, presumably a second Trial will be needed, as any verdict against Sears while the stay was in place would be void. This also begs the question as to whether KBS will be required to participate once again to defend the Cross-Claims of Sears.

27. Overall, the interests of justice require that this matter be stayed against all parties until the stay as to Sears is lifted and Sears can participate. Judicial economy will also be served as the need for a second Trial will be obviated.

28. Plaintiff's attorney consents to the relief sought by way of this Motion.

I certify that the foregoing statements made by me are true. I am aware that if any of these statements is willfully false, I am subject to punishment.

McCORMICK & PRIORE, P.C.
Attorneys for Defendant,
Kellermeyer Bergensons Services, LLC
i/p/a Kellermeyer Building Services, LLC

By: _____
David A. Semple

DATED: October 24, 2018

**McCORMICK & PRIORE, P.C.**
By: David A. Semple, Esquire (Attorney I.D. #050581996)
301 Carnegie Center Blvd., Suite 101
Princeton, NJ 08540
Phone: 609-716-9550
Fax: 609-716-8140
Attorneys for Defendant, Kellermeyer Bergensons Services, LLC i/p/a Kellermeyer Building Services, LLC

| | |
|---|---|
| NATALIE PARKER and EDWARD PARKER, H/W, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: GLOUCESTER COUNTY |
| (Plaintiffs) | |
| v. | DOCKET NO.: GLO-L-274-17 |
| SEARS, ROEBUCK AND CO. t/a SEARS and KELLERMEYER BUILDING SERVICES, LLC, a Delaware Limited Liability Company, and John Does 1-10 (fictitious persons responsible for the damages suffered by the Plaintiffs), | CIVIL ACTION |
| | **CERTIFICATION OF SERVICE** |
| (Defendants) | |

I hereby certify that the within Notice of Motion, Brief, and supporting papers, along with a proposed Order, were e-filed with the Clerk of the Gloucester County Superior Court, Woodbury, New Jersey, on October 24, 2018.

I further certify that a true copy hereof was forwarded on the same day via e-filing to:

Paul J. Bartolomeo, Jr., Esquire
2401 Pennsylvania Avenue
Suite 1A1
Philadelphia, PA 19130-3002

Douglas S. Schwartz, Esquire
Sisselman & Schwartz, LLP
75 Livingston Avenue
Roseland, NJ 07068

I further certify that a true copy hereof was forwarded on the same day via U.S. Mail to:

Gloucester County Courthouse
1 North Broad Street, 3rd Floor
Woodbury, NJ 08096

          **McCORMICK & PRIORE, P.C.**
          Attorneys for Defendant, Kellermeyer
          Bergensons Services, LLC i/p/a Kellermeyer
          Building Services, LLC

          By: _____
              David A. Semple, Esquire

Dated: October 24, 2018