**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, et als. | (Jointly Administered) |
| Debtors.[1] | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CANON FINANCIAL SERVICES, INC. TO DEBTORS' GLOBAL ASSET SALE TRANSACTION AND NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1] 1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SRe Holding Corporation, filed as Case No. 19-22031 (the "**Additional Debtor**"). The separate chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

1

Canon Financial Services, Inc. ("**CFS**") by and through its undersigned counsel submits this Limited Objection and Reservation of Rights ("**Limited Objection**") to the Debtors' *Global Asset Sale Transaction and Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* ("**Cure Notice**") [Docket No. 1731], and respectfully states as follows:

1. This Limited Objection pertains to Canon's Master Agreement ("**Master Agreement**") with Sears Holding Management Corporation ("**SHMC**") for the lease of equipment to SHMC. A true copy of the Master Agreement was filed with CFS' proof of claim. There are 90 separate Lease Schedules entered pursuant to the Master Agreement which remained extant as of the petition date, which date from June 10, 2010 through and including October 31, 2016 (the "**Lease Schedules**"). A summary of each of the Lease Schedules was also included with CFS' proof of claim. Copies of the Master Agreement and the Lease Schedules are voluminous and will be made available upon request. CFS Holds title to the equipment which is subject to the Master Agreement and the Lease Schedules.

2. On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730], which provided that the Debtors had determined that a bid submitted by ESL Investments, Inc. and its affiliates, through Transform Holdco, LLC (collectively, "**ESL**") was the prevailing bid at the auction. The Debtors concurrently filed the Cure Notice, which provided, among other things, a list of contracts and leases proposed to be assumed in connection with the proposed ESL transactions, including the Debtors' proposed cure amounts for such contracts and leases.

3. On January 24, 2019, the Debtors filed the Supplemental Cure Notice (the "**Supplemental Notice**") which provided a list of additional contracts and leases that may be

2

designated for assumption and assignment in connection with the ESL transactions. The Master Agreement and the Lease Schedules were not included in the Notice or the Supplemental Notice

4. Pursuant to section 365(b)(1) of the Bankruptcy Code, the proposed assumption and assignment of the Master Agreement and the Lease Schedules may not be consummated unless all defaults under the Master Agreement and the Lease Schedules have been cured as of the effective date of the assignment. The Debtors must also assume and assign the Leases in their entirety, and the assignee is subject to the terms and conditions thereof *cum onere*. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531, 104 S. Ct. 1188, 1199, 79 L. Ed. 2d 482 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract cum onere."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits."). Moreover, section 365(b)(3) of the Bankruptcy Code further requires that the assumption and assignment of any lease in a "shopping center" be subject to all of the provisions of the applicable lease.

5. To the extent the Debtors are seeking to assume and assign the Master Agreement and the Lease Schedules, then CFS objects unless defaults under the Master Agreement and each of the Lease Schedules is fully cured. If the Debtors do not intend to assume and assign the Master Agreement and the Lease Schedules, then the Master Agreement and all Lease Schedules should immediately be deemed rejected and all equipment subject to the Master Agreement, should be returned to CFS.

6. CFS objects to the Global Asset Sale transaction and Asset Purchase Agreement to the extent the transactions seek to transfer any of CFS' equipment, in derogation of the Master

4811-5795-6742, v. 2

Agreement and the Lease Schedules.

7. CFS would also be entitled to adequate assurance of future performance in connection with any assumption and assignment of the Master Agreement and the Lease Schedules.

8. CFS reserves all of its right, remedies, claims and causes of action under the Master Agreement and the Lease Schedules to make other objections as may be appropriate and reserves the right to supplement, amend or revise this Limited Objection.

**WHEREFORE,** CFS requests that this Court (i) sustain this Limited Objection, and (ii) grant CFS such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

**STARK & STARK**
**A Professional Corporation**

By: /s /*Joseph H. Lemkin*

Dated: January 30, 2019                                         Joseph H. Lemkin

993 Lenox Drive
Lawrenceville, NJ 08648
(609) 791-7022 (direct)
(609) 895-7395 (facsimile)

*Attorneys for Canon Financial Services, Inc.*