UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et als.<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF SWZ, LLC TO DEBTORS' NOTICE OF
CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION
WITH GLOBAL SALE TRANSACTION**

---

[1] 1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SRe Holding Corporation, filed as Case No. 19-22031 (the "**Additional Debtor**"). The separate chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

1

SWZ, LLC ("**SWZ**") by and through its undersigned counsel submits this Limited Objection ("**Limited Objection**") to the Debtors' *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* ("**Supplemental Cure Notice**") [Docket No. 1774], and respectfully states as follows:

1. This Limited Objection pertains to a lease dated February 3, 1972, as amended, for the real property located at 23222 Valencia Boulevard, Valencia, California ("**Lease**"). The Lease is identified in the Supplemental Cure Notice on Exhibit B-1, Page 49 of 61, under the line item that references No. 174, Store No. 3018, Contract No. K3018-1-A. SWZ is the successor in interest as landlord under the Lease (and is identified on said exhibit as the Counter Party Name). Kmart Corporation is the successor in interest as tenant under the Lease (and is identified on said exhibit as the Debtor Counterparty(s)).

2. On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730], which provided that the Debtors had determined that a bid submitted by ESL Investments, Inc. and its affiliates, through Transform Holdco, LLC (collectively, "**ESL**") was the prevailing bid at the auction. The Debtors concurrently filed the Notice of Assumption and Assignment, which provided, among other things, a list of contracts and leases proposed to be assumed in connection with the proposed ESL transactions, including the Debtors' proposed cure amounts for such contracts and leases.

3. On January 24, 2019, the Debtors filed the Supplemental Cure Notice which provided a list of additional contracts and leases that may be designated for assumption and assignment in connection with the ESL transactions.

4. Pursuant to section 365(b)(1) of the Bankruptcy Code, the proposed assumption and

assignment of the Lease may not be consummated unless all defaults under the Lease have been cured as of the effective date of the assignment. The Debtors must also assume and assign the Leases in their entirety, and the assignee is subject to the terms and conditions thereof *cum onere*. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531, 104 S. Ct. 1188, 1199, 79 L. Ed. 2d 482 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract cum onere."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits."). Moreover, section 365(b)(3) of the Bankruptcy Code further requires that the assumption and assignment of any lease in a "shopping center" be subject to all of the provisions of the applicable lease.

5. The Debtors identified the Lease in the Supplemental Cure Notice for potential assumption and assignment in connection with the ESL transactions and allege a cure amount of zero. *See* Cure Notice at Exhibit B-1, Page 49 of 61, line item No. 174.

6. SWZ disagrees that the cure amount of the Lease is zero and, accordingly, objects to the Supplemental Cure Notice. At a minimum, the Debtors are obligated to pay (but have not yet paid) property taxes under the Lease in the amount of $143,783.19, plus any interest and penalties that may accrue on those taxes. The Debtors are also obligated to pay monthly rent and other amounts, including reasonable attorney fees and costs owed to SWZ, as they come due under the Lease. Moreover, other non-monetary defaults may exist under the Lease and all rights are reserved in this regard. All of these delinquent amounts and obligations must be cured and satisfied in connection with a potential assumption and assignment of the Lease.

7. In addition to the delinquent amounts due, other accrued but unbilled or not yet

known or due amounts under the Lease (including, without limitation, amounts owing on account of common area maintenance, taxes, utilities, year-end adjustments, indemnities, or other obligations accruing under the terms of the Lease) must be satisfied and assumed by any assignee of the Lease.

8. SWZ is also entitled to adequate assurance of future performance in connection with a potential assumption and assignment of the Lease.

9. While SWZ is hopeful that any issues regarding the cure amount, adequate assurance of future performance, or any other issues regarding the Debtors' obligations under Lease can be resolved by mutual agreement, SWZ files this Objection to reserve all of its rights and claims under the Lease and applicable law. Documentation supporting the cure amounts owed to SWZ will be provided upon request and SWZ will work in good faith to reconcile cure amounts in good faith.

10. SWZ also reserves the right to make other objections as may be appropriate and reserves the right to supplement, amend or revise this Limited Objection.

**WHEREFORE,** SWZ requests that this Court (i) sustain this Limited Objection, and (ii) grant SWZ such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

**STARK & STARK
A Professional Corporation**

By: /s/ *Joseph H. Lemkin*

Dated: January 30, 2019

Joseph H. Lemkin
993 Lenox Drive
Lawrenceville, NJ 08648
(609) 791-7022 (direct)
(609) 895-7395 (facsimile)

*Attorneys for SWZ, LLC*