**HALPERIN BATTAGLIA BENZIJA, LLP**  
Alan D. Halperin, Esq.  
Donna H. Lieberman, Esq.  
40 Wall Street, 37th Floor  
New York, NY 10005  
Telephone: (212) 765-9100  
Email: ahalperin@halperinlaw.net  
Email: dlieberman@halperinlaw.net  

And  

**SHUMAKER, LOOP & KENDRICK, LLP**  
David J. Coyle, Esq.  
1000 Jackson Street  
Toledo, OH 43604  
Telephone: (419) 241-9000  
Email: dcoyle@slk-law.com  

Hearing Date: February 4, 2019  
Time: 10:00 a.m.

*Co-counsel to Kellermeyer Bergensons Services, LLC*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
| | |
|---|---|
| In re | : |
| | : **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : |
| | : **Case No. 18-23538 (RDD)** |
| Debtors[1]. | : |
| | : **(Jointly Administered)** |

---------------------------------------------------------- x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); Max Serv, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (19870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC ,Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None): SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**KELLERMEYER BERGENSONS SERVICES, LLC'S LIMITED OBJECTION
AND RESERVATION OF RIGHTS AS TO DEBTORS' PROPOSED CURE
AMOUNT AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Kellermeyer Bergensons Services, LLC ("KBS"), by and through its undersigned attorneys, hereby submits this cure objection to the assumption and assignment of its contract with the cure amount set forth in the Debtors' *Notice of Cure Costs And Potential Assumption And Assignment Of Executory Contracts And Unexpired Leases In Connection With Global Sale Transaction* ("Cure Notice") [Doc. No. 1731].

**PRELIMINARY STATEMENT**

1. KBS and Sears, Roebuck and Co. ("Sears"), Sears Operations, LLC ("Sears Ops"), K-mart Corporation ("K-Mart"), and Kmart Operations LLC ("Kmart Ops") are parties to a certain Housekeeping Services Master Service Agreement made as of February 24, 2017, but effective March 1, 2017 (the agreement, including any amendments thereto being the "Agreement," with Sears, Sears Ops, K-Mart, and Kmart Ops being jointly referred to as the "Contract Debtors").[2] This is the only contract that KBS has with any of the Debtors, but the Debtors identify a total of eight contracts between the Debtors and KBS in Exhibit A to the Cure Notice, item numbers 4049 through 4056. Other than the Agreement, it is unclear to KBS what other contracts between KBS and Debtors the Debtors are seeking to assume and assign.

2. The cure amount identified by the Debtors is also not correct. The correct cure amount is **$1,845,965.41**, as set forth in the attached **Exhibit A**. KBS does not oppose the assignment of its Agreement with the Contract Debtors, or the Global Sale Transaction involving

---

[2] KBS has not attached a copy of the Agreement to this Objection because the Agreement contains a confidentiality provision at section 7.4. In the event that the Debtors have no objection to the filing of the Agreement, KBS will amend this Objection to include a copy of the document.

the Debtors, <u>provided that</u>, as set forth below, the Contract Debtors comply with their obligations under section 365(b)(1) of the Bankruptcy Code to cure all defaults under the contract with KBS prior to its assumption, and <u>provided further that</u> the sale does not negatively impact KBS's rights under the Agreement or alter the terms and provisions of the Agreement.

## FACTUAL AND PROCEDURAL BACKGROUND

3.      On October 15, 2018 (the "Petition Date"), the Debtors filed separate petitions for relief under Chapter 11 of Title 11 of the United States Code (hereinafter the "Bankruptcy Code").

4.      Pursuant to the Agreement, KBS provides the Debtors with cleaning services and supplies. The Agreement sets forth in the second "Whereas" clause on page 1, that it "replaces and supersedes" five specific prior agreements between the parties. The Agreement is the only existing contract between KBS and any of the Debtors.

5.      On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Doc. No. 816].

6.      On January 17, 2019, in Case No. 18-23549, the Debtors filed the Schedule of Assets and Liabilities for Kmart Corporation including Schedule E/F. On Schedule E/F, the Debtors list the amount owed to KBS as being in the amount of $1,841,322 and the debt is not listed as contingent, unliquidated, or disputed. This debt arises from the single contract between KBS and the Contract Debtors.

7.      On January 18, 2019, the Debtor filed a *Notice of Cure Costs And Potential Assumption And Assignment of Executory Contracts And Unexpired Leases In Connection With Global Sale Transaction* [Doc. No. 1731] (previously defined as the Cure Notice).

8. The Cure Schedule attached to the Cure Notice, which sets forth a list of leases and contracts that **may** be assumed and assigned by the Debtors, includes a reference to the Agreement, with a cure amount of $1,238,257, and it also references seven other alleged contracts, with a cure amount of $0. The correct cure amount for the Agreement is $1,845,965.41. (A breakdown of the amount owed by the Contract Debtors under the Agreement is attached as Exhibit A). As noted above, the Debtors listed the amount owed to KBS as $1,841,322 in Kmart Corporation's recently filed schedules.

## OBJECTION

**KBS Objects to the Cure Cost in the Cure Notice for the Assumption and Assignment of the Agreement and It Objects to the Assignment of any Other Alleged Contracts.**

9. As of the Petition Date, according to KBS's books and records, there was, and remains, due and owing by the Debtors to KBS, under the terms of the Agreement, the sum of $1,845,965.41. (See Exhibit A). Accordingly, the total sum of $1,845,965.41 is currently owed by the Contract Debtors to KBS pursuant to the terms of the Agreement (the "KBS Cure Amount").

10. Pursuant to Section 365(b)(1)(A) of the Bankruptcy Code:

> If there has been a default in an executory contract or unexpired lease of the debtor, the [debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the [debtor-in-possession] . . . cures . . . such default . . .

11 U.S.C. § 365(b)(1)(A).

11. As noted above, Debtors owe KBS the KBS Cure Amount. This amount must be paid as a condition precedent to Debtors' assumption of the Agreement.

12. In addition, given that in the course of dealing between the parties, the amount due as between them can change, KBS, to the extent the Agreement is assumed and assigned,

4

hereby reserves its rights under Section 365(b) of the Bankruptcy Code, including, but not limited to, the right to require payment of all amounts accrued under the Agreement as of the date of such assumption and assignment. (For example, if the Debtors do not meet their payment obligations under the Agreement on a current basis, the amount due as of the assumption date will increase accordingly.) KBS further reserves the right to modify or supplement this Objection and to present such evidence as it deems appropriate in connection with any hearing to consider this Objection.

13.   KBS also objects to the assumption and assignment of any contract between it and any of the Debtors (other than the Agreement) because no such contracts existed as of the Petition Date or exist as of the date hereof. The Agreement and only the Agreement governs the relationship between the Debtors and KBS.

## CONCLUSION

WHEREFORE, KBS respectfully requests that this Court enter an Order:

(a)   Requiring the Debtors or the Buyer to pay KBS the KBS Cure Amount as a condition precedent to Debtors' assumption of the Agreement and assignment of same to the buyer; and

(b)   Granting KBS such other or further relief as the Court deems appropriate.

Dated: January 30, 2019

Respectfully submitted,

HALPERIN BATTAGLIA BENZIJA, LLP

By:   /s/ *Donna H. Lieberman*
Alan D. Halperin, Esq.
Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100

5

Email: ahalperin@halperinlaw.net
Email: dlieberman@halperinlaw.net

and

SHUMAKER, LOOP & KENDRICK, LLP

David J. Coyle
1000 Jackson Street
Toledo, OH 43604
Telephone: (419) 241-9000
Email: dcoyle@slk-law.com

Co-counsel to Kellermeyer Bergensons
  Services, LLC