WHITE & WILLIAMS LLP
James C. Vandermark, Esq.
7 Times Square, Suite 2900
New York, New York 10036-6524
Telephone: (212) 244-9500
Facsimile: (212) 244-6200
E-mail:vandermarkj@whiteandwilliams.com

*Counsel to Google LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**GOOGLE LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Google LLC f/k/a Google Inc. (**"Google"**), by and through its undersigned counsel, files the following limited objection and reservation of rights to the potential assumption and assignment of the Google Analytics Contract (as defined below) and proposed cure amount, in response to the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [Doc. No. 1774] (the **"Supplemental Cure Notice"**)[1] filed by the above-captioned debtors and debtors-in-possession (the **"Debtors"**), and states as follows:

**PRELIMINARY STATEMENT**

Google objects to the Supplemental Cure Notice because it duplicates the proposal to assume the Google Analytics Contract (as defined below) which was already included in the

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Supplemental Cure Notice.

Initial Notice. Moreover, the Supplemental Cure Notice does not revise and correct the proposed cure amount to be paid to Google for the Google Analytics Contract. As presented in the Initial Objection (as defined below), the proposed cure amount to be paid to Google - $0.00 (the "**Proposed Cure Amount**"), if the Google Analytics Contract is assumed and assigned to the buyer, is drastically less than the amount required to be paid to cure the monetary defaults under the Google Analytics Contract – at least $128,820.00.

## BACKGROUND

1. On or about October 15, 2018 (the **"Petition Date"**), the Debtors filed voluntary petitions for Chapter 11 relief in the United States Bankruptcy Court for the Southern District of New York (the **"Bankruptcy Court"**).

2. Prior to the Petition Date, Google and one or more of the Debtors entered into a contract for Google Analytics 360 Suite Services (the **"Google Analytics Contract"**).

3. On January 18, 2019, Debtors filed the Initial Cure Notice. The contract schedule attached to the Initial Cure Notice included six (6) alleged contracts between Google and certain Debtors, including the Google Analytics Contract. In the schedule of contracts included with the Initial Cure Notice, the Google Analytics Contract is identified as "Home Services – Google – Suite 360 – Order Form – 2018" and Contract Number CW2334749. A true and correct copy of page 139 of the Cure Notice, listing the Google Analytics Contract is attached hereto as **Exhibit A**.

4. On January 23, 2019, Debtors filed the Supplemental Cure Notice. The contract schedule attached to the Supplemental Cure Notice includes only one (1) alleged contract between Google and certain Debtors, which Debtors identify as "Home Services – Google – Suite 360 – Order Form – 2018" and Contract Number CW2334749. This is the Google

Analytics Contract, which was already included in the Initial Cure Notice. A true and correct copy of page 18 of the Supplemental Cure Notice, listing the Google Analytics Contract is attached hereto as **Exhibit B**.

5. On January 26, 2019, Google filed its Limited Objection and Reservation of Rights to the Potential Assumption and Assignment of Executory Contracts (the "**Initial Objection**"). Through the Initial Objection, Google opposed the assumption and assignment of any contract between Google and the Debtors, including the Google Analytics Contract, until the contracts were properly identified and any outstanding monetary defaults were fully cured.

6. The cure amount proposed by Debtors in the Initial Cure Notice and the Supplemental Cure Notice for the Google Analytics Contract were the same - zero ($0.00). As set forth in the Initial Objection, the Proposed Cure Amount for the Google Analytics Contract is insufficient to cure the monetary default under the Google Analytics Contract, which is at least $128,820.00.

## BASIS FOR OBJECTION

7. Debtors may assume contracts, but defaults under the contracts must be cured at the time the contract is assumed. Section 365 of the Bankruptcy Code provides:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee-
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor

-3-

> to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

8. Bankruptcy Code Section 365(b)(1) makes it clear that defaults must be cured as of the assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re McLean Industries, Inc.*, 96 B.R. 440, 449 n. 11 (S.D. NY 1989) ("assumption creates a post-petition liability and requires cure of pre-petition and post-petition defaults"); *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 173 (Bankr. E.D. Va. 1993) ("Section 365(b)(1)(A) requires the debtor in possession to cure pre- and post-petition defaults…This conclusion is clear from §365(b)(1) which measures defaults as of the 'time of assumption'") (*citing In re Rachels Industries, Inc.*, 109 Bankr. 797, 811-812 (Bankr. W.D. Tenn. 1990)); *In re Bachrach Clothing, Inc.*, 2007 Bankr. LEXIS 2623 * 11 (N.D. Ill. Aug. 2, 2007) ("…365(b)(1) measures defaults as of the time of assumption. Therefore, the debtor was required to cure both pre- and post-petition defaults.") *aff'd* 396 B.R. 219 (N.D. Ill. 2008).

9. As set forth in the Initial Objection, Google objects to the proposed assumption of the Google Analytics Contract on the ground that the Proposed Cure Amount ($0.00) does not cure the default under the Google Analytics Contract. Google reasserts its objection to the proposed assumption of the Google Analytics Contract as duplicated in the Supplemental Cure Notice, because the Proposed Cure Amount remains insufficient to cure the monetary default under the Google Analytics Contract, which is at least $128,820.00.

10. To the extent that the Debtors seek to assume and assign the Google Analytics Contract, the outstanding monetary default must be fully cured by paying Google $128,820.00,

along with any amounts due and owing after January 24, 2019, through the effective date of assumption.

### RESERVATION OF RIGHTS

11. Google expressly reserves the right to amend, modify and/or supplement this Objection, including without limitation all rights to further object to the proposed assumption and assignment of the Google Analytics Contract, based upon the Debtors further disclosures and supplemental assumption/cure notices, the parties further discussions and exchange of information, and in reply to any responses to this Objection.

**WHEREFORE**, for the reasons set forth above, Google respectfully requests that the Court sustain this objection and deny the assumption and assignment of the Google Analytics Contract, unless Google is paid the full cure amount of $128,820.00 plus all unpaid charges due and owing after January 24, 2019, through the effective date of assumption.

Respectfully submitted,

Dated: January 30, 2019

New York, NY

By: /s/ James C. Vandermark

James C. Vandermark, Esq.
WHITE AND WILLIAMS LLP
7 Times Square, Suite 2900
New York, New York 10036
(212) 244-9500
vandermarkj@whiteandwilliams.com

*Attorneys for Google LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

## CERTIFICATE OF SERVICE

I, James C. Vandermark, hereby certify that a true and correct copy of Google LLC's Limited Objection and Reservation of Rights to the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts was filed electronically with the Court on this 30th day of January, 2019. Notice of this filing will be sent today to all parties receiving notice via the Court's electronic filing system, including counsel for the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc.(9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

22241274v.2

Respectfully submitted,

By: /s/ James C. Vandermark

Dated: January 30, 2019

New York, NY

James C. Vandermark, Esq.
WHITE AND WILLIAMS LLP
7 Times Square, Suite 2900
New York, New York 10036
(212) 244-9500
vandermarkj@whiteandwilliams.com

*Attorneys for Google LLC*

22241274v.2