**REED SMITH LLP**
Christopher A. Lynch, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY  10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450

*Attorneys for A.R.E. Investment Co.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                                                    :    Case No. 7:18-bk-23538-rdd
                                                                              :
SEARS HOLDINGS CORPORATION, *et al.*,     :    Chapter 11
                                                                              :    (Jointly Administered)
                                                Debtor.              :
                                                                              :
---------------------------------------------------------------x

### OBJECTION OF A.R.E INVESTMENT CO. TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION

A.R.E. Investment Co., as landlord ("Landlord"), through its undersigned counsel, submits this objection (this "Objection") to the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [Docket No. 1774] (the "Cure Notice"), and respectfully states as follows:

**I.    BACKGROUND**

1.    On October 15, 2018 (the "Petition Date"), Sears Holding Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of

- 1 -

the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

2.      On November 19, 2018, the Bankruptcy Court entered an *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket. No 816] (the "Global Bidding Procedures Order") approving the global bidding and sale procedures in connection with the sale or disposition of substantially all of the Debtors' assets, among other relief.  On January 18, 2019, the Debtors filed a *Notice of Successful Bidder and Sale Hearing* [Docket No. 2082] (the "Sale Notice"), which described the "Global Asset Sale Transaction", as defined therein.

3.      Landlord is a party to a certain Indenture of Lease dated as of July 10, 1957, as amended by a First Agreement Supplementing Lease dated December 5, 1957 (as amended and extended from time to time, the "Lease") with certain of the Debtors for nonresidential real property located at 400 W. Warner Avenue, Santa Ana, CA (formerly known as Sears PS Branch #8369) (the "Property").

4.      The Property is identified as No. 331 of Exhibit B-1 to the Cure Notice, pursuant to which the Debtors state that the proposed pre-petition cure amount for the Lease is $666.67 (the "Cure Amount").

## II.    OBJECTION

### A.    The Legal Standard For Assumption of a Lease

5.      In order to assume a Lease, section 365(b)(1) of the Bankruptcy Code, requires a debtor to cure, or provide adequate assurance of a prompt cure, all outstanding defaults under any lease. 11 U.S.C. § 365(b)(1).   Moreover, a lease must be assumed in its entirety.  *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be

assumed in part and rejected in part . . . The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits.").

6.     Pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code, a debtor is required to provide "adequate assurance of future performance" with respect to leases. In assessing adequate assurance of future performance, "the test is not one of guaranty, but simply whether it appears that the rent will be paid and other obligations met." *In re Embers 86th Street, Inc.,* 184 B.R. 892, 902 (Bankr. S.D.N.Y. 1995). In performing this analysis, courts "look for evidence of profitability . . . a plan that would earmark money exclusively for the landlord . . . or the willingness of debtor or debtor's assignee to fund the cure payments." *Id*.

**B.     The Debtors have Failed to Provide for an Adequate Cure or for Adequate Assurance of Performance of the Terms of the Lease**

7.     Here, the Debtors have failed under sections 365(b)(1)(C) and 365(f)(2) of the Bankruptcy Code to provide Landlord with any form of "adequate assurance of future performance" under the Lease because, among other things, the Proposed Cure Amounts asserted by the Debtors are inaccurate and fail to include, without limitation: (i) maintenance costs; (ii) proof that real estate taxes have been paid current; (iii) proof that the Property is adequately insured; and (iv) attorneys' fees.

8.     Section 9(b) of the Lease provides that "Lessee, at its own cost and expense, shall keep the leased premises, all improvements which at any time during the term of this lease may be situated thereon and any and all appurtenances thereunto belonging, in good condition and repair during the entire term of this lease . . ."

9. However, the Property is in disrepair. The structures on the Property are boarded up and appear to be in dangerous condition. The Property is a magnet for the homeless, and the Landlord is concerned that the structures on the Property may constitute a safety hazard, as well as potentially a fire hazard. Photographs recently taken of the Property demonstrate that the location has been closed and has fallen into serious disrepair as a consequence of the Debtors' neglect:







10. Section 7 of the Lease provides that Lessee must promptly pay all taxes, assessments, and other public charges. Section 13(a) of the Lease provides that Lessee must maintain public liability insurance, elevator insurance, and must insure any improvements on the Property from loss or damage in an amount equal to 90% of the full insurable value of the improvements.

11. However, on or about December 26, 2018, the Landlord sent correspondence to the Debtors requesting a current Certificate of Insurance with respect to the Property and proof that the property taxes have been paid current. To date, no proof of insurance or payment of property taxes has been provided to the Landlord.

12. Lastly, Section 21 of the Lease provides that Lessee is liable for the Landlord's reasonable attorneys' fees in the event of the default of any obligations owed by Lessee under the Lease. To date, Landlord has incurred approximately $5,000 in attorneys' fees, the amount of which continues to accrue.

### C. Reservation of Rights and Conclusion

13. In addition to the foregoing specific objections, Landlord hereby joins in the objections filed by other landlords with respect to the Global Bidding Procedures Order and the Global Sale Transaction, and expressly reserves its rights to supplement this Objection or to make additional objections as Landlord determines is appropriate, including on the basis that additional defaults are discovered under the Lease.

14. Landlord objects to any proposed assumption that does not fully cure outstanding defaults under the Lease and otherwise provide adequate assurance of future performance of all

terms under the Lease, including maintenance obligations, tax and insurance obligations, and payment of attorneys' fees.

Dated: New York, New York
January 30, 2019

REED SMITH LLP

By: /s/ Christopher A. Lynch
Christopher A. Lynch, Esq.
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: clynch@reedsmith.com

*Attorneys for A.R.E. Investment Co.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January, 2019, a copy of the foregoing *Objection of A.R.E. Investment Co. to Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* was served on all parties receiving CM/ECF notices in this case and on the foregoing Objection Recipients by first class mail, postage prepaid, and e-mail (unless otherwise indicated).

Bid Notice Parties

Sears Holding Corporation
Attn: Luke Valentino
3333 Beverly Road
Hoffman Estates, IL 60179
Luke Valentino (luke.valentino@searshc.com)
Rob Riecker (rob.riecker@searshc.com)
Moshin Meghji (mmeghji@miiipartners.com)

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
767 Fifth Avenue
New York, NY 10153
Ray C. Schrock (ray.schrock@weil.com)
Jacqueline Marcus (Jacqueline.marcus@weil.com)
Garrett A. Fail (garrett.fail@weil.com)
Sunny Singh (sunny.singh@weil.com)

Lazard Freres & Co. LLC
Attn: Brandon Aebersold
Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Consultation Parties

Bank of America, N.A.
Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul Leake
Shana Elberg
George Howard
4 Times Square
New York, NY 10036
Paul Leake (paul.leake@skadden.com)
Shana Elberg (shana.elberg@skadden.com)
George Howard (george.howard@skadden.com)

Wells Fargo Bank, N.A.
Choate Hall Steward, LLP
2 International Place
Boston, MA 02110
Kevin J. Simard (ksimard@choate.com)
Jonathan D. Marshall (jmarshall@choate.com)

Official Committee of Unsecured Creditors
Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin
Ira Dizengoff
Sara L. Brauner
1 Bryant Park
New York, NY 10036
Philip C. Dublin (pdublin@akingump.com)
Ira S. Dizengoff, (idizengoff@akingump.com)
Sara L. Brauner (sbrauner@akingump.com)
Abid Qureshi (aqureshi@akingump.com)

Stalking Horse Bidder and Counsel to Stalking Horse Bidder
Transform Holdco, LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani
Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154
Kunal S. Kamlani (kunal@eslinvest.com)
Harold Talisman (harold@eslinvest.com)

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin
Benet J. O'Reilly
Sean A. O'Neal
1 Liberty Plaza
New York, NY 10006
Christopher E. Austin (caustin@cgsh.com)
Benet J. O'Reilly (boreilly@cgsh.com)
Sean A. O'Neal (soneal@cgsh.com)

Office of the United States Trustee (via first class mail only)
Office of the United States Trustee for Region 2
Attn: Paul Schwartzberg, Esq.
201 Varick Street, Suite 1006
New York, NY 10014

/s/ Christopher A. Lynch
Christopher A. Lynch