MORGAN, LEWIS & BOCKIUS LLP
Rachel Jaffe Mauceri, Esq.
1701 Market Street
Philadelphia, PA 10103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
Email: rachel.mauceri@morganlewis.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**
**OF MAERSK AGENCY U.S.A., INC. WITH RESPECT TO CURE AMOUNT**

Maersk Agency U.S.A., Inc., in its capacity as agent for Maersk Line A/S (in such capacity, "Maersk"), by and through its undersigned counsel, hereby files this objection to the proposed cure amount with respect to certain of its contractual arrangements set forth in Exhibit A to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1731) (the "Cure Notice"), filed by the above-captioned debtors (the "Debtors") on January 18, 2019, in connection with the anticipated

---

[1] The Debtors in these chapter 11 cases are as follows: Sears Holdings Corporation; Kmart Holding Corporation; Kmart Operations LLC; Sears Operations LLC; Sears, Roebuck and Co.; ServiceLive Inc.; SHC Licensed Business LLC; A&E Factory Service, LLC; A&E Home Delivery, LLC; A&E Lawn & Garden, LLC; A&E Signature Service, LLC; FBA Holdings Inc.; Innovel Solutions, Inc.; Kmart Corporation; MaxServ, Inc.; Private Brands, Ltd.; Sears Development Co.; Sears Holdings Management Corporation; Sears Home & Business Franchises, Inc.; Sears Home Improvement Products, Inc.; Sears Insurance Services, L.L.C.; Sears Procurement Services, Inc.; Sears Protection Company; Sears Protection Company (PR) Inc.; Sears Roebuck Acceptance Corp.; Sears, Roebuck de Puerto Rico, Inc.; SYW Relay LLC; Wally Labs LLC; SHC Promotions LLC; Big Beaver of Florida Development, LLC; California Builder Appliances, Inc.; Florida Builder Appliances, Inc.; KBL Holding Inc.; KLC, Inc.; Kmart of Michigan, Inc.; Kmart of Washington LLC; Kmart Stores of Illinois LLC; Kmart Stores of Texas LLC; MyGofer LLC; Sears Brands Business Unit Corporation; Sears Holdings Publishing Company, LLC.; Sears Protection Company (Florida), L.L.C.; SHC Desert Springs, LLC; SOE, Inc.; StarWest, LLC; STI Merchandising, Inc.; Troy Coolidge No. 13, LLC; BlueLight.com, Inc.; Sears Brands, L.L.C.; Sears Buying Services, Inc.; Kmart.com LLC; Sears Brands Management Corporation; and SRe Holding Corporation.

sale of the Debtors' assets.[2]  In support of its limited objection, Maersk respectfully states as follows:

1. Maersk and certain of its affiliates provide shipping and logistics and related services to certain of the Debtors pursuant to Service Contract 297368502 (as amended, supplemented or modified from time to time, the "Service Contract").

2. On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.  Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On November 19, 2018, this Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (Docket No. 862) (the "Bidding Procedures Order"), approving, among other relief, global bidding and sale procedures in connection with the sale or disposition of substantially all of the Debtors' assets.

4. On January 18, 2019, the Debtors filed the Cure Notice.  The Cure Notice contained a schedule of executory contracts that may be assumed by the Debtors and assigned to the successful purchaser of the Debtors' assets, and which includes, among other things, the Debtors' proposed cure amount with respect to each such contract.  With respect to the Service Contract, the Cure Notice suggests that no cure amount is due and owing. *Cure Notice*, Ex. A., p. 192.

5. Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee [or debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee [or debtor-in-possession] — (A) cures, or provides adequate assurance that the trustee [or debtor-in-possession] will promptly cure, such default . . .

---

[2] By agreement of the parties, Maersk's deadline for filing its objection was extended to midnight, January 31, 2019.

6. Maersk does not object to the assumption and assignment of the Agreements. However, the proposed cure amount of $0.00 with respect to the Service Contract is incorrect. Pursuant to Section 365(b)(1) of the Bankruptcy Code, if the Debtors propose to assume or assume and assign the Agreements, the Debtors must first pay to Maersk the total amount the Debtors owe to Maersk thereunder. As of the date hereof, Maersk's records reflect that the relevant pre-petition amount due and owing with respect to the Service Contract is not less than $145,473.71 (the "Maersk Cure Amount").[3]

7. Maersk reserves the right to amend and/or supplement this Cure Objection, including, without limitation, to include additional amounts due that arise or become known to Maersk prior to assumption, to add or supplement objections to the Debtors' proposed cure amount with respect to the Service Contract, and to raise any additional objections to the assumption, or assumption and assignment, of the Service Contract.

---

[3] Maersk also notes that, as of the date hereof, the Debtors owe post-petition obligations to Maersk in excess of $900,000.

WHEREFORE, Maersk respectfully requests that the Court (i) require the Debtors to pay Maersk the Service Contract Cure Amount as a condition to the assumption of the Service Contract; and (ii) grant Maersk such other and further relief as the Court deems just and proper.

Dated:  Philadelphia, Pennsylvania
       January 30, 2019

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: /s/ Rachel Jaffe Mauceri
    Rachel Jaffe Mauceri
    1701 Market Street
    Philadelphia, PA 19103-2921
    Telephone: 215-963-5000
    Facsimile: 215-963-5001

    101 Park Avenue
    New York, NY 10178
    Telephone: 212-309-6000
    Facsimile: 212-309-6001
    rachel.mauceri@morganlewis.com

    *Attorneys for Agency U.S.A., Inc., as agent for Maersk Line A/S*