MORGAN, LEWIS & BOCKIUS LLP
Rachel Jaffe Mauceri, Esq.
1701 Market Street
Philadelphia, PA 10103-2921
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
Email: rachel.mauceri@morganlewis.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF U.S. SECURITY ASSOCIATES, INC. WITH RESPECT TO CURE AMOUNT**

U.S. Security Associates, Inc. ("U.S. Security"), by and through its undersigned counsel, hereby files this objection to the proposed cure amount with respect to certain of its contractual arrangements set forth in Exhibit A to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1731) (the "Cure Notice"), filed by the above-captioned debtors (the

---

[1] The Debtors in these chapter 11 cases are as follows: Sears Holdings Corporation; Kmart Holding Corporation; Kmart Operations LLC; Sears Operations LLC; Sears, Roebuck and Co.; ServiceLive Inc.; SHC Licensed Business LLC; A&E Factory Service, LLC; A&E Home Delivery, LLC; A&E Lawn & Garden, LLC; A&E Signature Service, LLC; FBA Holdings Inc.; Innovel Solutions, Inc.; Kmart Corporation; MaxServ, Inc.; Private Brands, Ltd.; Sears Development Co.; Sears Holdings Management Corporation; Sears Home & Business Franchises, Inc.; Sears Home Improvement Products, Inc.; Sears Insurance Services, L.L.C.; Sears Procurement Services, Inc.; Sears Protection Company; Sears Protection Company (PR) Inc.; Sears Roebuck Acceptance Corp.; Sears, Roebuck de Puerto Rico, Inc.; SYW Relay LLC; Wally Labs LLC; SHC Promotions LLC; Big Beaver of Florida Development, LLC; California Builder Appliances, Inc.; Florida Builder Appliances, Inc.; KBL Holding Inc.; KLC, Inc.; Kmart of Michigan, Inc.; Kmart of Washington LLC; Kmart Stores of Illinois LLC; Kmart Stores of Texas LLC; MyGofer LLC; Sears Brands Business Unit Corporation; Sears Holdings Publishing Company, LLC.; Sears Protection Company (Florida), L.L.C.; SHC Desert Springs, LLC; SOE, Inc.; StarWest, LLC; STI Merchandising, Inc.; Troy Coolidge No. 13, LLC; BlueLight.com, Inc.; Sears Brands, L.L.C.; Sears Buying Services, Inc.; Kmart.com LLC; Sears Brands Management Corporation; and SRe Holding Corporation.

"Debtors") on January 18, 2019, in connection with the anticipated sale of the Debtors' assets.[2] In support of its limited objection, U.S. Security respectfully states as follows:

1. U.S. Security provides security and other services to certain of the Debtors pursuant to that certain Security Services Master Service Agreement, dated as of September 1, 2018, by and between certain of the Debtors and U.S. Security (the "Security Services MSA").[3]

2. On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On November 19, 2018, this Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (Docket No. 862) (the "Bidding Procedures Order"), approving, among other relief, global bidding and sale procedures in connection with the sale or disposition of substantially all of the Debtors' assets.

4. On January 18, 2019, the Debtors filed the Cure Notice. The Cure Notice contained a schedule of executory contracts that may be assumed by the Debtors and assigned to the successful purchaser of the Debtors' assets, and which includes, among other things, the Debtors' proposed cure amount with respect to each such contract. With respect to the Security Services MSA, the Cure Notice suggests that no cure amount is due and owing. *Cure Notice*, Ex. A., p. 305.

5. Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee [or debtor-in-possession] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee [or debtor-in-possession] — (A) cures, or provides adequate assurance that the trustee [or debtor-in-possession]

---

[2] By agreement of the parties, U.S. Security's deadline for filing its objection was extended to midnight, January 31, 2019.

[3] By its terms, the term of the Security Services MSA began on June 1, 2018.

will promptly cure, such default . . .

6.  U.S. Security does not object to the assumption and assignment of the Security Services MSA. However, the proposed cure amount of $0.00 with respect to the Security Services MSA is incorrect. Pursuant to Section 365(b)(1) of the Bankruptcy Code, if the Debtors propose to assume or assume and assign the Security Services MSA, the Debtors must first pay to U.S. Security the total amount the Debtors owes to U.S. Security thereunder. As of the date hereof, and as further reflected on Exhibit A hereof, U.S. Security's records reflect that the relevant pre-petition amount due and owing with respect to the Security Services MSA is not less than $3,531,192.87 (the "Security Services MSA Cure Amount").[4]

7.  U.S. Security reserves the right to amend and/or supplement this Cure Objection, including, without limitation, to include additional amounts due that arise or become known to U.S. Security prior to assumption, to add or supplement objections to the Debtors' proposed cure amount with respect to the Security Services MSA, and to raise any additional objections to the assumption, or assumption and assignment, of the Security Services MSA.

---

[4] An affiliate of U.S. Security, Andrews International, LLC, also provides services to the Debtors pursuant to that certain Master Services Agreement, dated April 17, 2016, by and between certain of the Debtors and Andrews International, LLC, relating to labor interruption and other services (the "Labor Interruption MSA"). U.S. Security notes that the amount set forth as the Debtors' proposed cure amount with respect to the Labor Interruption MSA is similar in amount to the Security Services MSA Cure Amount, which suggests that the Debtors may have mischeduled their proposed cure amount for the Security Services MSA. With respect to this Objection, U.S. Security is not authorized to, and is not acting in any way on behalf of, Andrews International, LLC, and accordingly takes no position with respect to the Labor Interruption MSA or the Debtors' proposed cure amount in respect thereof. In any event, the correct Security Services MSA Cure Amount is set forth herein and in Exhibit A hereto. As of the date hereof, the Debtors may also owe post-petition obligations to both U.S. Security and Andrews International, LLC.

WHEREFORE, U.S. Security respectfully requests that the Court (i) require the Debtors to pay U.S. Security the Security Services MSA Cure Amount as a condition to the assumption of the Security Services MSA; and (ii) grant U.S. Security such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  Philadelphia, Pennsylvania<br>January 30, 2019 | Respectfully submitted,<br><br>**MORGAN, LEWIS & BOCKIUS LLP**<br><br>By: /s/Rachel Jaffe Mauceri<br>  Rachel Jaffe Mauceri<br>  1701 Market Street<br>  Philadelphia, PA 19103-2921<br>  Telephone: 215-963-5000<br>  Facsimile: 215-963-5001<br><br>  101 Park Avenue<br>  New York, NY 10178<br>  Telephone: 212-309-6000<br>  Facsimile: 212-309-6001<br>  rachel.mauceri@morganlewis.com<br><br>  *Attorneys for U.S. Security Associates, Inc.* |