.
Donna H. Lieberman, Esq.
**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th floor
New York, New York 10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

and

Kevin S. Neiman, Esq.
**LAW OFFICES OF KEVIN S. NEIMAN, PC**
999 18th Street, Suite 1230 S
Denver, CO  80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Properties Landlords*

Hearing Date: February 4, 2019
Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|
In re:                                                      |   Chapter 11
                                                            |   Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.*,                       |
                                                            |   (Jointly Administered)
                                   Debtors.                 |
                                                            |
------------------------------------------------------------x

**OBJECTION AND RESERVATION OF RIGHTS OF CERTAIN NW PROPERTIES
LANDLORDS TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

NW Northgate II LLC, NW Centennial LLC, NW Springs LLC, and NW 51st Street LLC (together, the "NW Landlords"), by and through their undersigned counsel, submit this objection and reservation of rights (the "Objection") to the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [D.N. 1774] (as amended from time to time, the "Notice").[1] In support of

---

[1] Terms used but not defined herein shall have the meaning ascribed to such terms in the Notice or the APA (defined herein).

this Objection, the NW Landlords respectfully state:

**BACKGROUND**

1. On October 15, 2018, the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Each of the NW Landlords is a lessor under a *Leaseback* (together, the "Leases") between it and lessee and debtor Sears, Roebuck and Co. (the "Debtor") for non-residential real property located and described in the Debtor's Notice and exhibits as follows:

| Lessor | Lease Location | Store No. | Proposed Cure Amount (according to the Debtor) |
|---|---|---|---|
| NW Northgate II LLC | Durham, NC | 1045 | $37,916.67 |
| NW Centennial LLC | Centennial, CO | 1131 | $81,666.67 |
| NW Springs LLC | Colorado Springs, CO | 1221 | $23,333.33 |
| NW 51st Street LLC | Pittsburgh, PA | 8724 | $75,000.00 |

Copies of the Leases are attached hereto as **Exhibits A-D**, respectively.

3. On January 18, 2019, in connection with the Global Asset Sale Transaction, the Debtors filed a *Notice of Successful Bidder and Sale Hearing* [D.N. 1730] (the "Auction Notice"); and on January 23, 2019, the Debtors filed the Notice, proposing to potentially assume and assign the Leases and listing "Cure Amounts" as set forth in paragraph 2, *supra*. The asset purchase agreement between the Debtors and the Buyer is attached to the Auction Notice and is hereafter referred to as the "APA."

**OBJECTION**

4.   The NW Landlords object to the proposed cure amounts in the Notice because they are incorrect. Subject to paragraph 5, as more particularly set forth in attached **Exhibits E-G**, the correct amounts are:

| Lessor | Correct Cure Amount |
|---|---|
| NW Northgate II LLC | $57,954.14 |
| NW Centennial LLC | $22,065.59 |
| NW Springs LLC | $60,105.10 |
| NW 51st Street LLC | $0.00 |

These are, together the "Cure Amounts."[2]

5.   The Cure Amounts represent the known amounts due and owing to the NW Landlords under the Leases through January 29, 2019, and may increase prior to any actual date of assumption and assignment of the Leases if the Debtor does not timely pay all amounts that accrue and are payable thereunder. Accordingly, the NW Landlords expressly reserve their right to amend or supplement this Objection and the Cure Amounts from time to time.

6.   Assumption and assignment of the Leases is, pursuant to statute, conditioned on the Debtor's compliance with the requirements of section 365 of the Bankruptcy Code, including, but not limited to, curing both monetary and non-monetary defaults. The NW Landlords therefore respectfully submit that the terms of both the APA and any order authorizing assumption and assignment should be

---

[2]   With regard to the post-petition charges, the NW Landlords have received checks for some charges from the Debtor, but those checks have not yet cleared. The checks that have not yet cleared are identified with green shading in the applicable Exhibit, and out of an abundance of caution, the NW Landlords have included the uncleared amounts in their Cure Amounts. In the event that some or all of the checks clear, the NW Landlords will appropriately adjust the Cure Amounts.

modified to provide that:

a) Until the effective date of the assumption and assignment (the "Assignment Date"), the Debtor shall remain liable for, among other things: (i) post-petition rent and other charges under the Leases; (ii) amounts accruing under the Leases that may be unbilled as of the date hereof; (iii) any regular or periodic adjustment of charges under the Leases; (iv) any non-monetary defaults; and (v) insurance, indemnification, and other contractual obligations under the Leases. *See* 11 U.S.C. § 365(b)(1).

b) From and including the Assignment Date and thereafter, the Assignee must be responsible for all obligations pursuant to the Leases, including year-end adjustments and other charges that may have accrued during or relate to (in whole or in part) the period prior to the Assignment Date, but be billable and/or payable after that date. The APA at Sections 2.4(b) and 2.5 appears to eliminate such obligations pursuant to the Leases.

c) The APA also appears to improperly eliminate the NW Landlords' right to seek indemnification under the Leases by releasing the Debtor from all liability and obligation to the NW Landlords upon the Assignment Date, but specifically providing that the Assignee is not liable for events that occurred prior to the Assignment. Therefore, for example, in the event of a third party claim relating to an incident that occurred at the leased premises prior to the Assignment Date, it appears that neither the Debtor nor its Assignee would honor the tenant's indemnification obligations under the Leases.

d) The Assignee must honor any and all existing reciprocal easement agreements, as well as any other obligations that run with the land (certain of these obligations may be specifically referenced in the Leases).

7. In addition, there is a lack of clarity in the APA regarding the procedures for the resolution of cure disputes, the amounts that will be reserved in connection with such disputes, and whether or not these funds will be held in escrow. The NW Landlords therefore reserve the right to object upon disclosure of what procedures the Debtors propose.

**RESERVATION OF RIGHTS**

8. Nothing in this Objection is intended to be, or should be construed as, a waiver by the NW Landlords of any of their rights under the Leases, the Bankruptcy Code, or applicable law. The NW Landlords expressly reserve all such rights, including, without limitation, the right to: (i) supplement and/or amend this Objection and to assert additional objections to the proposed assumption and assignment of the Leases on any and all grounds; (ii) amend the Cure Amounts; (iii) assert additional non-

monetary defaults under the Leases; (iv) assert any rights for indemnification or contribution against the Debtor arising under the Leases; and (v) assert any further objections as they deem necessary or appropriate.

9. In addition, the APA contemplates that leases may be assigned to "Assignees" identified by the Buyer. *See* APA, Sections 2.7(a) and 5.2(a). The definition of Assignees in Section 1.1 of the APA is very broad, and is not limited to the Buyer, or even to the Buyer and its affiliates. As a result, the NW Landlords do not know with certainty whether the Leases will be assigned to the Buyer or another entity. If the proposed Assignee of the Leases is not the Buyer, the NW Landlords are entitled to receive and review adequate assurance information from the proposed assignee, and specifically reserve their right to object to the assignment should the relevant NW Landlord find that the assignee has not established its ability to meet obligations pursuant to the relevant Lease.

## **JOINDER**

10. The NW Landlords join in the objections to the Debtor's (or other Debtors) requested relief filed by other landlords and parties-in-interest to the extent they are not inconsistent with this Objection.

## **CONCLUSION**

WHEREFORE, the NW Landlords respectfully request that this Court enter an order: (i)

sustaining this Objection; and (ii) granting the NW Landlords such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: January 31, 2019

Respectfully submitted,

**HALPERIN BATTAGLIA BENZIJA, LLP**

/s/ *Donna H. Lieberman*
Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

- and-

Kevin S. Neiman, Esq.
**LAW OFFICES OF KEVIN S. NEIMAN, PC**
999 18th Street, Suite 1230 S
Denver, CO 80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Landlords*