UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (RDD) |
| Debtors | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DIRECT ENERGY BUSINESS, LLC TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF CONTRACTS IN CONNECTION WITH THE GLOBAL ASSET SALE TRANSACTION**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Direct Energy Business, LLC ("**Direct Energy**"), by and through their undersigned counsel, hereby files this limited objection and reservation of rights ("**Objection and Reservation**") to the above-captioned debtors' ("**Debtors**"): (i) *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) ("**First Notice**"); and (ii) *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) ("**Second Notice**" and, together with the First Notice, the "**Notices**"). In support of this Objection and Reservation of Rights, Direct Energy respectfully states:

1. On October 15, 2018 (the "**Petition Date**"), the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York.

2. Debtors continue to operate their business as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.[1]

3. Direct Energy is in the business of buying electricity and natural gas on the wholesale, open markets and selling the same to residential, commercial and industrial customers on a forward-contract basis. The advantage to a customer of entering into a forward contract with Direct Energy—as opposed to being continually serviced by their utility—is that the customer can manage its exposure to natural gas and/or electricity commodity risk by "locking" in the rate that it will pay for such items over a period of time.

4. Direct Energy and Debtors are parties to certain PowerSupply Coordination® Service Agreements (the "**Contracts**") entered into on April 6, 2011 and December 12, 2012, together with periodic amendments, setting forth forms for the purchase and sale of natural gas and/or electricity.

5. Direct Energy has and is continuing to serve the Debtors through the pendency of their Bankruptcy Case.

6. On January 18, 2019 and January 23, 2019, Debtors filed their Notices, proposing to a cure amount of $92,133 existing under all proposed assumed contracts with Direct Energy ("**Proposed Cure Amounts**").

7. Direct Energy agrees to the proposed assumption and assignment of its Contracts as described in the Notices; however Direct Energy disputes the Proposed Cure Amounts in the Notices.

8. Direct Energy has no objection to the assumption of its Contracts provided that all pre- and post-petition accrued amounts are cured in full.

---

[1] Reference to the "Debtors" herein includes both the pre-petition Debtors and post-petition Debtors in Possession.

9. In this case, Debtors continue to accrue post-petition charges through usage of electricity and/or natural gas, and will continue to accrue such charges until such time that the Contracts are assumed and assigned.

9. Additionally, the correct cure amount for prepetition accrued amounts under the Contracts is $277,482.70[2]. A summary of the current unpaid pre-petition amounts per account is attached as **Exhibit A** and a true and correct copy of the current unpaid pre-petition invoices are attached hereto as **Exhibit B**. As a result, under 11 U.S.C. § 365(b)(1)(A), in order to assume the Contracts, Debtors must receive a cure payment of at least $277,482.70 in addition to any post-petition accrued amounts on the date of assumption and assignment ("**Full Cure Amount**"). Otherwise, the Contracts cannot be assumed pursuant to Section 365.

10. As a result, Direct Energy expressly reserves its right to amend or supplement the Full Cure Amount from time to time and at any time, and requests the Debtors remain liable for (a) post-petition charges accrued under the Contracts; and (b) pre-petition unpaid amounts of $277,482.70. Direct Energy requests the Debtors be required to pay the Full Cure Amount in order to assume and assign its Contracts in accordance with 11 U.S.C. § 365.

WHEREFORE PREMISES CONSIDERED, Direct Energy respectfully files this limited objection and reservation of rights to the Proposed Assumption and Assignment of Contracts in Connection with the Global Asset Sale Transaction and requests this Court include language in any order approving assumption and assignment of the Contracts: (i) requiring the Debtors to pay all post-petition charges accrued under the Contracts as of the date which assumption and assignment of the Contracts is effective; and (2) requiring the Debtors to pay pre-petition unpaid amounts of $277,482.70, in order to assume and assign the Contracts as proposed.

---

[2] This number is subject to some change as three accounts (Nos. 1104450, 1104444, and 1104438) are awaiting final pre-petition usage and bills sent from the utility to Direct Energy.

Dated: January 31, 2019

                                      Respectfully submitted,

                                      McDowell Hetherington LLP

                                      By: /s/ Megan Young-John
                                      Megan Young-John*
                                      Texas Bar No. 24088700
                                      1001 Fannin Street
                                      Suite 2700
                                      Houston, TX 77002
                                      P: 713-337-5580
                                      F: 713-337-8850
                                      E: Megan.John@mhllp.com
                                      * *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

      I hereby certify, pursuant to 28 U.S.C. §1746, that on January 31, 2019, I caused a true and correct copy of the foregoing Limited Objection to be sent to each of the persons named on the attached Service List, by email (unless otherwise stated).

DATED: January 31, 2019

                                                */s/ Megan Young-John*
                                                Megan Young-John

# SERVICE LIST

**BID NOTICE PARTIES**

**Debtors**
- Rob Riecker: rob.riecker@searshc.com
- Luke Valentino: luke.valentino@searshc.com
- Mohsin Meghji: mmeghji@miiipartners.com
- General Counsel: counsel@searshc.com

**Debtors' counsel**
- Ray Schrock, Esq.: ray.schrock@weil.com
- Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
- Garrett A. Fail, Esq: garrett.fail@weil.com
- Sunny Singh, Esq. sunny.singh@weil.com
- Debtors' investment banker: project.blue.rx@lazard.com

**BUYER PARTIES**

**Buyer**
- Kunal S. Kamlani: kunal@eslinvest.com
- Harold Talisman: harold@eslinvest.com

**Counsel**
- Christopher E. Austin, Esq.: caustin@cgsh.com
- Benet J. O'Reilly, Esq.: boreilly@cgsh.com
- Sean A. O'Neal, Esq.: soneal@cgsh.com

**CONSULTATION PARTIES**

**Bank of America**

- Paul Leake, Esq.: Paul.Leake@skadden.com
- Shana Elberg, Esq.: Shana.Elberg@skadden.com
- George Howard, Esq.: George.Howard@skadden.com

**Wells Fargo Bank**
- Kevin J. Simard, Esq.: ksimard@choate.com
- Jonathan D. Marshall, Esq.: jmarshall@choate.com

**COMMITTEE**
- Ira S. Dizengoff, Esq.: idizengoff@akingump.com
- Philip C. Dublin, Esq.: pdublin@akingump.com
- Abid Qureshi, Esq.: aqureshi@akingump.com
- Sara L. Brauner, Esq.: sbrauner@akingump.com

**[CONTINUED FROM PREVIOUS PAGE]**

| | |
|---|---|
| Transform Holdco, LLC<br>c/o ESL Partners, Inc.<br>Attention: Kunal S. Kamlani and Harold Talisman<br>1170 Kane Concourse, Suite 200<br>Bay Harbor Islands, FL 33154 | Via First Class Mail |
| Sears Holdings Corporation<br>Attn: General Counsel<br>3333 Beverly Road Hoffman Estates, IL 60179 | Via First Class Mail |
| Weil, Gotshal & Manges LLP<br>Attention: Ray C. Schrock, P.C.<br>Ellen J. Odoner, Gavin Westerman, and Sunny Singh<br>767 Fifth Avenue<br>New York, New York 10153 | Via First Class Mail |
| Cleary Gottlieb Steen & Hamilton LLP<br>Attention: Christopher E. Austin,<br>Benet J. O'Reilly and Sean A. O'Neal<br>One Liberty Plaza<br>New York, New York 10006 | Via First Class Mail |