Laura E. Appleby
Steven Wilamowsky
CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 655-6000
Facsimile: (212) 697-7210

Attorneys for WSSR, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
: 
In re                                                                   :   Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,     :   Case No. 18-23538 (RDD)
:
                                      Debtors.                 :   (Jointly Administered)
:
------------------------------------------------------------X

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF WSSR, LLC TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION

WSSR, LLC (*"Landlord"*), by and through its undersigned counsel and pursuant to the Order Approving Global Bidding Procedures and Granting Related Relief (the *"Global Bidding Procedures Order"*) (ECF No. 816) and Section 365(b) of the United States Bankruptcy Code (the *"Bankruptcy Code"*), hereby files this Limited Objection and Reservation of Rights (the *"Limited Objection"*) to the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction (ECF No. 1774) (the *"Supplemental Notice"*) and in support of its Limited Objection, respectfully represents as follows:

**BACKGROUND**

1. Sears Holding Corporation and certain of its affiliates, including Sears Roebuck and Co. (the *"Debtors"*), each filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 15, 2018.

2. On the Petition Date, the Landlord and Sears Roebuck and Co. (the *"Debtor-Tenant"*), as tenant, were parties to that certain Ground Lease dated as of January 8, 2001 by and between Warm Springs Promenade, L.L.C. and the Debtor-Tenant (as may have been amended from time to time, the *"Lease"*). The Lease details the obligations between the parties with respect to the premises identified by the Debtors as Sears Store No. 1709.

3. On January 23, 2019, the Debtors filed the Supplemental Notice indicating that the Lease could be assumed and assigned pursuant to the Global Bidding Procedures Order. The Supplemental Notice, however, incorrectly identifies the counterparty for the lease as Lee Chiang, rather than WSSR, LLC, and, upon information and belief, inaccurately states a cure amount of $95,033.40 (*"Proposed Cure Amount"*).

**LIMITED OBJECTION**

4. A debtor may not assume a lease unless at the time of assumption of the lease the debtor cures defaults under the lease in question, or provides adequate assurance that such defaults will be cured. 11 U.S.C. § 365(b)(1). The Bankruptcy Code also requires a debtor to "timely perform" all obligations of the debtor following the order for relief, until such lease is assumed or rejected. 11 U.S.C. § 365(b)(3). A debtor is required to pay all amounts due under a lease, including, if permitted, any late fees, and attorneys' fees and costs. *See, e.g., In re Ames Dept. Stores, Inc.*, 306 B.R. 43, 81 (Bankr. S.D.N.Y. 2004).

5. With respect to the Lease, section 2.06 of the Lease required the Tenant to pay to the Landlord, among other things: (i) *"Fixed Rent"* on a monthly basis; and (ii) *"Percentage Rent"* equal to two percent of "Net Sales" (as defined in the Lease) between a set amount, paid monthly in installments (*"Percentage Rent"*). The Landlord did not receive payment of Percentage Rent for the months of September or October 2018. While the Debtor-Tenant's Proposed Cure Amount may accurately include these amounts, the Landlord is unable to make this determination because it does not have sufficient information from the Debtor-Tenant to calculate the amount of Percentage Rent that is due to it.

6. In addition, during the pre-petition period, the Debtor-Tenant was late in paying its Fixed Rent in the months of June and August 2018, incurring a late fee pursuant to Section 2.06(d) of the Lease in the amount of $250 that remains unpaid. It is unclear to the Landlord whether such amounts were included in the Proposed Cure Amount. The Landlord also incurred $450 in legal fees enforcing its interests with respect the the Debtor-Tenant's late payments of both Fixed Rent and Percentage Rent, and is entitled to such amounts pursuant to Section 15.19 of the Lease.

7. Additionally, during the post-petition period, the Landlord has incurred an estimated $10,000 in legal fees and costs in connection with enforcing its rights in connection with the Lease, as outlined herein.

8. Based upon the foregoing, this Limited Objection seeks to: (a) correct the name of the Landlord contained in the Debtor's Supplemental Notice; and (b) objects to the Proposed Cure Amount to the extent that such amount fails to accurately account for the Percentage Rent, late fees, and attorneys' fees and costs, as more fully set forth on Exhibit A. To assume the Landlord's lease, the Debtor-Tenant must cure the above-referenced defaults.

9.      Furthermore, the Landlord joins objections filed by the Debtors' other landlords to the Global Bidding Procedures Order and Supplemental Notice to the extent that such objections are not inconsistent with this Limited Objection. The Landlord expressly reserves its right to supplement and amend this Limited Objection including, without limitation, to update amounts due and owing under the Lease.

Dated:  New York, New York     CHAPMAN AND CUTLER LLP
        January 31, 2019


                               By: /s/Laura E. Appleby
                                   Laura E. Appleby
                                   Steven Wilamowsky
                                   1270 Avenue of the Americas
                                   New York, New York 10020
                                   Telephone: (212) 655-2532
                                   Facsimile: (212) 655-3332
                                   appleby@chapman.com
                                   wilamowsky@chapman.com

                               Attorneys for WSSR, LLC

**Exhibit A**

**Unpaid Pre-petition Obligations:**

1. *Late Fees and Related Costs*

    a.  August 2018:       $250.00
    e.  Attorneys' Fees:   $450.00

2. *Percentage Rent*

    a. September 2018:   Unknown without further information
    b. October 2018:     Unknown without further information

**Unpaid Post-Petition Obligations:**

1. *Unpaid Attorneys' Fees and Costs*:  An estimated $10,000.00