Hearing Date and Time: February 4, 2019 at 10:00 a.m. (Eastern Time)
Objection Date and Time: January 31, 2019 at 4:00 p.m. (Eastern Time)
(By Extension of the Debtors)

BARCLAY DAMON LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 413-7115
Facsimile: (315) 703-7349
Kevin M. Newman

*Attorneys for JPMG Manassas Mall Owner LLC
and Poughkeepsie Galleria LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

In re:

SEARS HOLDING CORPORATION, *et al.*

Debtors.

---------------------------------------------------------------

Chapter 11
Case No. 18-23538-rdd
Jointly Administered

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF JPMG MANASSAS MALL OWNER LLC AND POUGHKEEPSIE GALLERIA LLC TO THE CURE COSTS SET FORTH IN THE DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

JPMG Manassas Mall Owner LLC and Poughkeepsie Galleria LLC (the "Creditors"), through their attorneys, submit this limited objection and reservation of rights (the "Limited Objection") to the cure costs set forth in the Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (the "Cure Notice").[1] In support of this Limited Objection, the Creditors respectfully submit as follows:

---

[1] The Landlords are also filing an Objection to the Debtors' (1) Notice of Successful Bidder and Sale Hearing; (2) Global Asset Sale Transaction; (3) Proposed Asset Purchase Agreement; and (4) Proposed Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2. On October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

3. Poughkeepsie Galleria LLC ("Poughkeepsie") and JPMG Manassas Mall Owner LLC ("Manassas") and one of the Debtors (the "Debtor") are parties to various agreements, including an unexpired lease of nonresidential real property, allocable share agreement, maintenance agreement and reciprocal easement agreement with regard to certain premises located in the Poughkeepsie Galleria in Poughkeepsie, New York (the "Poughkeepsie Premises") and the Manassas Mall in Manassas, Virginia (the "Manassas Premises").[2]

4. The Poughkeepsie Premises and Manassas Premises (collectively, the "Premises") are located within "shopping centers" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On November 1, 2018, the Debtors filed a Motion for Approval of Global Bidding Procedures (Dkt. 429). On November 19, 2018, the Court entered an Order Approving Global Bidding Procedures and Granting Related Relief (the "Bidding Procedures Order") (Dkt. 816). An auction was conducted, at which Transform Holdco, LLC (the "Proposed Assignee") was determined to be the successful bidder (Dkt. 1730).

---

Certain Executory Contracts and Leases in Connection Therewith and (IV) Granting Related Relief.

[2] Upon information and belief, the Debtors refer to the Poughkeepsie Premises and the Manassas Premises as stores 1333 and 2395, respectively.

6. Pursuant to the Bidding Procedures Order, on January 18, 2019, the Debtors filed the Cure Notice (Dkt. 1731). The Cure Notice provides notice of the potential assumption and assignment and sale to the Proposed Assignee or third parties and sets forth a proposed cure amount for Manassas of $2,293.00 and for Poughkeepsie of $0.00 (the "Proposed Cure Amounts").

## OBJECTION

*A. The Proposed Cure Amounts are Not Correct and are Subject to Change.*

7. As a condition of any assumption and assignment and sale, the Creditors are entitled to cure of all defaults. 11 U.S.C. § 365(b)(1)(A). The Debtors are currently in default for failure to pay various charges currently due and owing.

8. The Creditors object to the Proposed Cure Amounts set forth in the Cure Notice, as the Proposed Cure Amounts are not the correct cure amounts (the "Correct Cure Amounts"). The Correct Cure Amounts as of January 31, 2019, exclusive of accrued but unbilled or not due rent and charges and indemnity obligations, are as follows:

| Creditor | Proposed Cure Amount | Correct Cure Amount w/o Attorneys' Fees |
|---|---|---|
| JPMG Manassas Mall Owner LLC | $2,293.00 | $98,292.48 |
| Poughkeepsie Galleria LLC | $0.00 | $185,100.84 |

Detailed statements of the Correct Cure Amounts due (exclusive of attorneys' fees, accrued but unbilled or not due rent and charges and indemnity obligations) are attached as Exhibit "A."

9. The Correct Cure Amounts only reflect past due and/or billed amounts due and owing through January 31, 2019. Additional charges may accrue or come due through and including the date, if any, of assumption and assignment and sale.

3

10.     The Creditors are entitled to payment of the Correct Cure Amounts as of the date of assumption and assignment and sale, and any Order authorizing the Debtors to assume and assign and sell must direct the Debtors' cure of all outstanding, including payment of the Correct Cure Amounts set forth above (*see supra* ¶ 8).

*B. The Proposed Cure Amounts Do Not Include Attorneys' Fees.*

11.     The Creditors further object to the Proposed Cure Amounts because they do not include attorneys' fees. The Second Circuit has determined that attorneys' fees shall be recovered as pecuniary losses under Section 365(b)(1)(B) of the Bankruptcy Code, where such attorneys' fees are mandated by written agreement. *See In re Best Prods. Co.*, 148 B.R. 413, 414 (Bankr. S.D.N.Y. 1992).

12.     The various agreements governing the relationship of the Creditors to the Debtor provide that attorneys' fees are recoverable in connection with the enforcement of the terms thereof in the event of a default thereunder. Therefore, attorneys' fees are properly included as pecuniary losses suffered as a result of the Debtor's defaults, pursuant to Section 365(b)(1)(B) of the Bankruptcy Code. The Creditors currently have incurred attorneys' fees in a minimum amount of $18,000, which fees continue to accrue.

*C. Any Assumption and Assignment Must Be Cum Onere, and Any Assignee Must Assume Liability for All Obligations for Accrued, But Unbilled or Not Due Rent and Charges and Indemnity Obligations.*

13.     It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Texaco Inc.*, 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000); *In re David Orgell, Inc.*, 117 B.R. 574, 575-76 (Bankr. C.D. Cal. 1990); *In re Pizza Time Theatre, Inc.*, 1990 U.S. Dist. LEXIS 17939, at *14 (Bankr. N.D. Cal. July 13, 1990) (quoting *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984), *superseded on other grounds*);

4

*In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). The requirement that lease assumption be *cum onere* applies equally to assignment, as assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)); *see also In re Best Payphones, Inc.*, 2007 Bankr. LEXIS 1677, at *36 (Bankr. S.D.N.Y. May 8, 2007) ("The trustee can only assign what he assumes, and the assignee cannot impose terms, implicitly or explicitly, that render performance less onerous to the assignee or more onerous to the non-debtor party to the contract.").

14. The various agreements between Manassas and the Debtor include a continuing obligation to pay adjustments and reconciliations for the Debtor's proportionate share of common area maintenance expenses, which have accrued, or will accrue, and are not yet billed or due.

15. Additionally, the Proposed Cure Amounts do not include contractual obligations to indemnify the Creditors for events occurring prior to any assumption and assignment and sale. The various agreements between the Creditors and the Debtor obligate the Debtor to indemnify and hold the Creditors harmless from and against various claims, liabilities and expenses.

16. The obligation to pay these additional charges and to satisfy indemnity obligations is essential to the Creditors' entitlement, pursuant to Section 365(b)(1) of the Bankruptcy Code, to adequate assurance of future performance, and must be assumed by any assignee, *cum onere*.

> D. Any Undisputed Portion of the Correct Cure Amounts Shall be Paid Upon Assumption, With Any Disputed Balance Paid Into Escrow.

17. Pursuant to section 365(b)(1)(A), the Debtors must promptly cure all defaults in order to assume and assign. To the extent the Debtors object to any portion of the Correct Cure

5

Amounts, the Debtors should be compelled to maintain a reserve equal to the disputed portion of the Correct Cure Amount until such time as a hearing can be held with respect to the same. A status conference should be held within 21 days of the Sale Hearing regarding any disputed cure amounts.

### JOINDER AND RESERVATION OF RIGHTS

18. The Creditors reserve their rights to supplement this Objection and to make such other and further objections as they may deem necessary or appropriate, including, but not limited to, objecting to any assumption and assignment and sale to any assignee on any grounds, including lack of adequate assurance of future performance.

19. The Creditors join in the objections of other landlords to the Debtors, to the extent not inconsistent with this Limited Objection.

### CONCLUSION

**WHEREFORE,** the Creditors respectfully request that the Court enter an Order consistent with this Objection, and grant the Creditors any additional and further relief the Court deems just and proper.

| | |
|---|---|
| Dated: January 31, 2019<br>Syracuse, New York | **BARCLAY DAMON LLP**<br><br>By: /s/Kevin Newman<br>Kevin M. Newman, Esq.<br>Office and Post Office Address<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202-2020<br>Telephone: (315) 413-7115<br>Facsimile: (315) 703-7349<br><br>*Attorneys for JPMG Manassas Mall Owner LLC and Poughkeepsie Galleria LLC* |