**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered)<br><br>Re: Docket No. 1774<br><br>Obj. Deadline: January 31, 2019 at 4:00 p.m. (ET) |

**OBJECTION OF EL CENTRO MALL, LTD. AND GC COLUMBIA, LLC TO DEBTORS' SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

El Centro Mall, Ltd. and GC Columbia, LLC (the "Landlords"), by and through their undersigned counsel, hereby submit this objection (the "Objection") to the Debtors' *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the "Cure Notice").[2] In support of this Objection, the Landlords respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Docket No. 1774.

**PRELIMINARY STATEMENT**

1.  The Landlords are not opposed to the Debtors' attempts to sell substantially all of their assets as a going concern, but have several objections to the proposed form of Order and the terms of the Asset Purchase Agreement (the "APA") that are addressed in a separately filed sale objection.[3]  This Objection specifically addresses the Debtors' obligations in connection with the possible assumption and assignment of the Leases (as defined below) to (i) pay the necessary cure amounts plus any additional pecuniary losses suffered by the Landlords; and (ii) cure all defaults, including Adjustment Amounts (as defined below) which have not yet been billed or have not yet become due under the terms of the Leases.

**BACKGROUND**

2.  The Landlords are the owners, affiliates, or owners' managing agents of properties located throughout the United States where the Debtors lease non-residential real estate pursuant to written leases (each, a "Lease," and, collectively, the "Leases") for the locations listed on the attached Exhibit A.  The Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code.  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

3.  On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.  On November 19, 2018 the Debtors sought and obtained Bankruptcy Court approval of procedures for the sale of substantially all of the Debtors' assets (the "Bidding

---

[3] Docket No. 2069.

Pg 3 of 13

Procedures") in accordance with the *Order Approving Global Bidding Procedures and Granting Related Relief*.[4]

5.  In connection with the Bidding Procedures, the Debtors' largest prepetition secured lender, ESL Investments Inc. and its affiliates (collectively, "ESL") established Transform Holdco LLC (the "Buyer") as a vehicle to acquire substantially all of the Debtors' assets at an auction.

6.  After a two-day auction, the Buyer was ultimately declared the winning bidder on January 16, 2019, and the *Notice of Successful Bidder and Sale Hearing* was filed on January 18, 2019.[5]

7.  On January 23, 2019, the Debtors filed the Cure Notice, which set forth the proposed cure amount for each of the Debtors' leases and contracts. Exhibit A, attached hereto, sets forth the Debtors' proposed cure amount for each Lease under the column heading "Debtor Cure Amount" (the "Debtors' Proposed Cure Amounts").

**OBJECTION**

**I.   THE DEBTORS' PROPOSED CURE AMOUNTS ARE INCORRECT**

8.  The Landlords dispute the Debtors' Proposed Cure Amounts. The correct cure amounts for the Leases are set forth on Exhibit A attached hereto, in the column titled "Landlord Cure Amount," which include an estimate of attorneys' fees incurred to date (the "Landlords' Cure Amounts"). The Landlords reserve their right to amend the cure amounts to include additional fees and expenses which continue to accrue and any other obligations that arise and/or become known to the Landlords prior to assumption or assumption and assignment of the Leases.

---

[4]   Docket No. 816.

[5]   Docket No. 1730.

3

9. Pursuant to the Leases, the Debtors are obligated to pay regular installments of fixed monthly rent, percentage rent, and/or gross rent, as well as a share of common area maintenance costs, real estate taxes, and insurance. Prior to assumption of the Leases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Leases and compensate the Landlords for any actual pecuniary loss, including the payment of related attorneys' fees. *See* 11 U.S.C. §365(b)(1)(B). Bankruptcy Code section 365(b)(1) measures defaults as of the "time of assumption." *See, e.g., In re Rachels Industries, Inc.*, 109 B.R. 797, 811-812 (Bankr. W.D. Tenn. 1990).

10. Attorneys' fees due under the Leases are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). As part of the Landlords' pecuniary losses, they are entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Leases.

11. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlords suffer other pecuniary losses with respect to the Leases, the Landlords hereby reserves their right to amend the Landlords' Cure Amounts to reflect such additional amounts or to account for year-end adjustments and other reconciliations, including, without limitation, adjustments for 2016, 2017, and 2018 (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Leases.

## II.     THE LEASES MUST BE ASSUMED AND ASSIGNED *CUM ONERE*

12.     Section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption or assumption and assignment of a shopping center lease "is subject to all the provisions thereof . . . ." 11 U.S.C. § 365(b)(3)(C). Bankruptcy courts have described the assumption of an unexpired lease (a prerequisite to assignment under § 365(f)(2)(A)) as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g.*, *In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

13.     As the court noted in *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 175 n.3 (Bankr. E.D. Va. 1993):

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment." A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty. *See* Douglas G. Baird and Thomas H. Jackson, Bankruptcy 285 (2d ed. 1990) (citing Restatement (Second) of Contracts § 318(3) (1981) ("delegation of performance ... does not discharge any duty or liability of the delegating obligor")). While the assignee may be entitled to perform for the original obligor, the original obligor remains ultimately liable until discharged by performance or otherwise. Section 365(k) changes this common law rule and relieves the estate from all liability under the lease following assignment.

*See also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (Adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach."). The Debtors are not entitled to the benefits and protections of section 365(k) unless the Leases are assumed and assigned *cum onere* – with all benefits and burdens. *See, e.g., American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999).

14. Accordingly, as adequate assurance of future performance under the Leases, the Buyer must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Leases, regardless of whether such Adjustment Amounts were incurred before or after assumption and assignment of the Leases.

15. The Debtors must also be required to comply with all contractual obligations to indemnify and hold the Landlords harmless with regard to events which occurred before assumption or assumption and assignment but which were not known to the Landlords as of the date of the assumption or assumption and assignment. This includes, but is not limited to, (i) claims for personal injury that occurred at the Leased Premises, (ii) damage and destruction to the Leased Premises or property by the Debtors or their agents, and (iii) environmental damage or clean-up. To cure possible pre-assumption and assignment non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Leases, either (a) the Buyer must be required to assume all responsibility for any and all such claims, notwithstanding anything to the contrary contained in a plan or any court order, or (b) the Buyer must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assignment. Such claims for indemnity could include claims for personal injury occurring at the Leased Premises where the Landlords are joined as a party to a lawsuit or for damage and destruction of property by the Debtors or their agents or employees.

## RESERVATION OF RIGHTS

16. The Landlords reserve the right to amend and/or supplement this Objection, including, without limitation, to add or supplement objections to the Debtors' Proposed Cure

Amount, including any future or supplemental cure notices, and to raise any additional objections to the potential assumption or assumption and assignment of the Leases.

### **JOINDER IN OBJECTIONS OF SIMILARLY SITUATED PARTIES**

17. To the extent not inconsistent with this Objection, the Landlords join in the objections of other landlords and contract counterparties to the Debtors' proposed assumption or assumption and assignment of leases.

## **CONCLUSION**

**WHEREFORE**, the Landlords request that the Court enter an order: (i) conditioning the assumption or assumption and assignment of the Leases on the Debtors and/or the Buyer promptly paying the cure amounts; (ii) requiring the Debtors or any proposed assignee to continue to comply with all obligations under the Leases, including payment of the Adjustment Amounts and satisfaction of any indemnification obligations in the ordinary course of business; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 31, 2019

**KELLEY DRYE & WARREN LLP**

By: /s/ *Robert L. LeHane*
Robert L. LeHane
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: rlehane@kelleydrye.com

*Attorneys for El Centro Mall, Ltd. and GC Columbia, LLC*

# EXHIBIT A

## CURE AMOUNT

| Store No. | Shopping Center | Location | Debtor Cure Amount | Landlord Cure Amount |
|---|---|---|---|---|
| **El Centro Mall, Ltd.** | | | | |
| 9354 | Griffith Park Plaza | Griffith, IN | $6,915.91 | $54,655.34 |
| **GC Columbia, LLC** | | | | |
| 36692 | n/a | Seattle, WA | $26,359.38 | $29,359.38 |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served via electronic mail and/or first class mail, postage pre-paid on this 31st day of January, 2019 upon the parties listed below and electronically via ECF notification upon all parties requesting service via ECF notification:

Sears Holdings Management Corporation
Attn: Rob Riecker (rob.riechker@searshc.com)
Attn: Luke Valentino (luke.valentino@searshc.com)
Attn: Mohsin Meghji (mmeghji@miiipartners.com)
Attn: General Counsel (counsel@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (jacqueline.marcus@weil.com)
Attn: Garret A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Lazard Fréres & Co., LLC
Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana.Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

Bank of America, N.A.
c/o Berkeley Research Group, LLC
2200 Powell Street, Suite 1200
Emeryville, CA 94608

Wells Fargo Bank, National Association
c/o Choate, Hall & Stewart LLP
Attn: Kevin J. Simard (ksimard@choate.com)
Attn: Jonathan D. Marshall (jmarshall@choate.com)
Two International Place
Boston, MA 02110

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin (pdublin@akingump.com)
Attn: Ira S. Dizengoff (idizengoff@akingump.com)
Attn: Abid Qureshi (aqureshi@akingump.com)
Attn: Sara L. Brauner (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani (kunal@eslinvest.com)
Attn: Harold Talisman (harold@eslinvest.com)
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin (caustin@cgsh.com)
Attn: Benet J. O'Reilly (boreilly@cgsh.com)
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Office of the United States Trustee
Attn: Paul Schwartzberg
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

*/s/ Maeghan J. McLoughlin*
Maeghan J. McLoughlin

1/28/2019 2:37 PM

# Lease Ledger

Tenant: kmart    Date: 01/28/2019

| Date | Description | Unit | Charge | Payment | Balance | Chg/Rec | Hold |
|---|---|---|---|---|---|---|---|
| 7/1/2018 | CAM Reimbursements (07/2018) | 430A | 5,243.00 | 0.00 | 5,243.00 | C-254419 | No |
| 7/1/2018 | Rent (07/2018) | 430A | 21,309.75 | 0.00 | 26,552.75 | C-254420 | No |
| 7/3/2018 | Chk# lb CK#32033463 | | 0.00 | 26,552.75 | 0.00 | R-175133 | |
| 8/1/2018 | CAM Reimbursements (08/2018) | 430A | 5,243.00 | 0.00 | 5,243.00 | C-255855 | No |
| 8/1/2018 | Rent (08/2018) | 430A | 21,309.75 | 0.00 | 26,552.75 | C-255856 | No |
| 8/6/2018 | Chk# lb CK#32034169 | | 0.00 | 26,552.75 | 0.00 | R-176329 | |
| 8/27/2018 | 2017 Cam Prior Yr | | -1,771.96 | 0.00 | -1,771.96 | C-258403 | No |
| 9/1/2018 | CAM Reimbursements (09/2018) | 430A | 5,243.00 | 0.00 | 3,471.04 | C-257394 | No |
| 9/1/2018 | Rent (09/2018) | 430A | 21,309.75 | 0.00 | 24,780.79 | C-257395 | No |
| 9/5/2018 | Chk# lb ck#032034862 | | 0.00 | 26,552.75 | -1,771.96 | R-177488 | |
| 9/21/2018 | KMart #09354 Payless reimbursement 4/1-6/30/18 (Payable) ctr# 185383 | | -1,214.33 | 0.00 | -2,986.29 | P-185383 | |
| 10/1/2018 | CAM Reimbursements (10/2018) | 430A | 5,243.00 | 0.00 | 2,256.71 | C-259174 | No |
| 10/1/2018 | Rent (10/2018) | 430A | 21,309.75 | 0.00 | 23,566.46 | C-259175 | No |
| 10/4/2018 | Chk# 4484 to payable | | 0.00 | -1,214.33 | 24,780.79 | K-124610 | |
| 10/10/2018 | Chk# lb ck#032035535 | | 0.00 | 26,552.75 | -1,771.96 | R-178591 | |
| 11/1/2018 | CAM Reimbursements (11/2018) | 430A | 5,243.00 | 0.00 | 3,471.04 | C-260874 | No |
| 11/1/2018 | Rent (11/2018) | 430A | 21,309.75 | 0.00 | 24,780.79 | C-260875 | No |
| 11/7/2018 | Chk# lb ck#034000058 | | 0.00 | 26,552.75 | -1,771.96 | R-179627 | |
| 12/1/2018 | CAM Reimbursements (12/2018) | 430A | 5,243.00 | 0.00 | 3,471.04 | C-262344 | No |
| 12/1/2018 | Rent (12/2018) | 430A | 21,309.75 | 0.00 | 24,780.79 | C-262345 | No |
| 12/7/2018 | Chk# lb ck#034000482 | | 0.00 | 26,552.75 | -1,771.96 | R-180645 | |
| 12/21/2018 | Kmart # 09354 Payless reimbursement 7/1-9/30/18 (Payable) ctr# 188172 | | -1,351.01 | 0.00 | -3,122.97 | P-188172 | |
| 1/1/2019 | CAM Reimbursements (01/2019) | 430A | 5,243.00 | 0.00 | 2,120.03 | C-263740 | No |
| 1/1/2019 | Rent (01/2019) | 430A | 21,309.75 | 0.00 | 23,429.78 | C-263741 | No |
| 1/4/2019 | Chk# 4509 to payable | | 0.00 | -1,351.01 | 24,780.79 | K-126495 | |
| 1/7/2019 | Chk# lb ck#034000886 | | 0.00 | 26,552.75 | -1,771.96 | R-181639 | |
| 1/28/2019 | 2018 Prior Yr Prop. Taxes | | 51,254.89 | 0.00 | 49,482.93 | C-266302 | No |
| 1/28/2019 | 2018 Prior Yr Cam :Reversed by Charge Ctrl# 266306 | | -22,969.71 | 0.00 | 26,513.22 | C-266303 | No |
| 1/28/2019 | :Reverse Charge Ctrl#266303 Wrong amount | | 22,969.71 | 0.00 | 49,482.93 | C-266306 | Yes |
| 1/28/2019 | 2018 Prior Year Cam and Insurance | | -24,380.34 | 0.00 | 25,102.59 | C-266309 | No |
| 2/1/2019 | CAM Reimbursements (02/2019) | 430A | 5,243.00 | 0.00 | 30,345.59 | C-265102 | No |
| 2/1/2019 | Rent (02/2019) | 430A | 21,309.75 | 0.00 | 51,655.34 | C-265103 | No |

Page 1 of 1

### GRIFFITH CENTER
### 2018 TAX & CAM RECONCILIATION
### KMART # 9354

**PROPERTY TAXES**

| | |
|---|---:|
| Total Taxes | 52,448.52 |
| | |
| Square Feet of Tenant | 112,074 |
| Square Feet of Center | 114,684 |
| Tenant's Pro-Rata Share | 97.7242% |
| | |
| Total Taxes x Pro-Rata Share | 51,254.89 |
| Paid for 2018 | - |
| **Tax Balance Due** | **51,254.89** |

**CAM & INSURANCE EXPENSES**

| | |
|---|---:|
| Snow Removal | 3,470.00 |
| Landscaping Maint-Ext | 19,836.75 |
| Admin Fee - 5% | 1,165.34 |
| Common Area Elec | |
| Property/Liability Insurance | 14,961.00 |
| **Total CAM Expenses** | **39,433.09** |
| | |
| Square Feet of Tenant | 112,074 |
| Square Feet of Center | 114,684 |
| Tenant's Pro-Rata Share | 97.7242% |
| | |
| Total CAM x Pro-Rata Share | 38,535.66 |
| Paid for 2018 | 62,916.00 |
| **CAM Balance Due** | **(24,380.34)** |
| | |
| **Total Cam, Tax, and Ins Due to LL** | **26,874.55** |