Hearing Date and Time:  February 4, 2019 at 10:00 a.m. (Eastern Time)  
Objection Date and Time:  January 31, 2019 at 4:00 p.m. (Eastern Time)  
**(By Extension of the Debtors)**

BARCLAY DAMON LLP  
Barclay Damon Tower  
125 East Jefferson Street  
Syracuse, New York 13202  
Telephone:  (315) 413-7115  
Facsimile:  (315) 703-7349  
Kevin M. Newman  

*Attorneys for DGI LS, LLC*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
-------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538-rdd |
| SEARS HOLDING CORPORATION, *et al.* | Jointly Administered |
| Debtors. | |

-------------------------------------------------------------

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DGI LS, LLC**  
**TO THE CURE COSTS SET FORTH IN THE DEBTORS' SUPPLEMENTAL**  
**NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND**  
**ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED**  
**<u>LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION</u>**

DGI LS, LLC (the "Landlord"), through its attorneys, submits this limited objection and reservation of rights (the "Limited Objection") to the cure amount set forth in the Debtors' Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (the "Supplemental Cure Notice").[1]  In support of this Limited Objection, the Landlord respectfully submits as follows:

---

[1] The Landlords are also filing an Objection to the Debtors' (1) Notice of Successful Bidder and Sale Hearing; (2) Global Asset Sale Transaction; (3) Proposed Asset Purchase Agreement; and (4) Proposed Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2. On October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

3. The Landlord and one of the Debtors (the "Tenant") are parties to various agreements, including an unexpired lease of nonresidential real property (the "Lease") and reciprocal easement agreement with regard to certain premises located in the LogistiCenter at Logan, in Logan Township, New Jersey (Store # 8835) (the "Premises").

4. On November 1, 2018, the Debtors filed a Motion for Approval of Global Bidding Procedures (Dkt. 429). On November 19, 2018, the Court entered an Order Approving Global Bidding Procedures and Granting Related Relief (the "Bidding Procedures Order") (Dkt. 816). An auction was conducted, at which Transform Holdco, LLC (the "Proposed Assignee") was determined to be the successful bidder (Dkt. 1730).

5. Pursuant to the Bidding Procedures Order, on January 23, 2019, the Debtors filed the Supplemental Cure Notice (Dkt. 1774). The Supplemental Cure Notice provides notice of potential assumption and assignment and sale of the Lease to the Proposed Assignee or third parties and sets forth a proposed cure amount of $43,595.36 (the "Proposed Cure Amount").

---

Certain Executory Contracts and Leases in Connection Therewith and (IV) Granting Related Relief.

## OBJECTION

*A. The Proposed Cure Amount is Not Correct and is Subject to Change.*

6. As a condition of any assumption and assignment of the Lease, the Landlord is entitled to cure of all defaults. 11 U.S.C. § 365(b)(1)(A).

7. The Tenant is not currently in default under the Lease for failure to pay rent and other charges currently due and owing. However, this does not include accrued but unbilled or not due rent and charges and indemnity obligations. Further, additional rent and charges may accrue or come due through and including the date, if any, of assumption and assignment of the Lease.

8. The Landlord is entitled to payment of the Correct Cure Amount as of the date of assumption and assignment, and any Order authorizing the Debtors to assume and assign the Lease must direct the Debtors' cure of all outstanding defaults under the Lease existing at that time.

*B. The Proposed Cure Amounts Do Not Include Attorneys' Fees.*

9. The Landlord further objects to the Proposed Cure Amount because it does not include attorneys' fees. The Second Circuit has determined that attorneys' fees shall be recovered as pecuniary losses under Section 365(b)(1)(B) of the Bankruptcy Code, where such attorneys' fees are mandated by written agreement. *See In re Best Prods. Co.*, 148 B.R. 413, 414 (Bankr. S.D.N.Y. 1992).

10. The Lease provides that attorneys' fees are recoverable in connection with the enforcement of the terms thereof. Therefore, attorneys' fees are properly included as pecuniary losses suffered as a result of the Debtor's defaults, pursuant to Section 365(b)(1)(B) of the

Bankruptcy Code. The Landlord currently has incurred attorneys' fees in excess of $20,000, which fees continue to accrue.

*C. Any Assumption and Assignment Must Be Cum Onere, and Any Assignee Must Assume Liability for All Obligations for Accrued, But Unbilled or Not Due Rent and Charges and Indemnity Obligations.*

11. It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Texaco Inc.*, 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000); *In re David Orgell, Inc.*, 117 B.R. 574, 575-76 (Bankr. C.D. Cal. 1990); *In re Pizza Time Theatre, Inc.*, 1990 U.S. Dist. LEXIS 17939, at *14 (Bankr. N.D. Cal. July 13, 1990) (quoting *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984), *superseded on other grounds*); *In re Fleming Cos.,* 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). The requirement that lease assumption be *cum onere* applies equally to assignment, as assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)); *see also In re Best Payphones, Inc.*, 2007 Bankr. LEXIS 1677, at *36 (Bankr. S.D.N.Y. May 8, 2007) ("The trustee can only assign what he assumes, and the assignee cannot impose terms, implicitly or explicitly, that render performance less onerous to the assignee or more onerous to the non-debtor party to the contract.").

12. The Lease includes a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Tenant's proportionate share of common area maintenance expenses, real estate taxes and insurance, which have accrued, or will accrue under the Lease through any assumption and assignment of the Lease, and are not yet billed or due.

13. Additionally, the Lease obligates the Tenant to indemnify and hold the Landlord harmless from and against various claims, liabilities and expenses. The Proposed Cure Amount does not include contractual obligations to indemnify the Landlord for events occurring prior to any assumption and assignment of the Lease.

14. The obligation to pay these additional rents and charges and to satisfy indemnity obligations is essential to the Landlord's entitlement, pursuant to Section 365(b)(1) of the Bankruptcy Code, to adequate assurance of future performance, and must be assumed by any assignee, *cum onere*.

   C. *Any Undisputed Portion of the Correct Cure Amount Shall be Paid Upon Assumption, With Any Disputed Balance Paid Into Escrow.*

15. Pursuant to section 365(b)(1)(A), the Debtors must promptly cure all defaults in order to assume and assign. To the extent the Debtors object to any portion of the Correct Cure Amount, the Debtors should be compelled to maintain a reserve equal to the disputed portion of the Correct Cure Amount until such time as a hearing can be held with respect to the same. A status conference should be held within 21 days of the Sale Hearing regarding any disputed cure amounts.

### JOINDER AND RESERVATION OF RIGHTS

16. The Landlord reserves its rights to supplement this Limited Objection and to make such other and further objections as it may deem necessary or appropriate, including, but not limited to, objecting to any assumption and assignment of the Lease to any assignee on any grounds, including lack of adequate assurance of future performance.

17. The Landlord joins in the objections of other landlords to the Debtors, to the extent not inconsistent with this Limited Objection.

## CONCLUSION

**WHEREFORE,** the Landlord respectfully requests that the Court enter an Order consistent with this Limited Objection, and grant the Landlord any additional and further relief the Court deems just and proper.

Dated: January 31, 2019  
Syracuse, New York

**BARCLAY DAMON LLP**

By: /s/Kevin Newman  
Kevin M. Newman, Esq.  
Office and Post Office Address  
Barclay Damon Tower  
125 East Jefferson Street  
Syracuse, New York 13202-2020  
Telephone: (315) 413-7115  
Facsimile: (315) 703-7349

*Attorneys for DGI LS, LLC*