**Hearing Date and Time:  February 4, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time:  January 31, 2019 at 4:00 p.m. (Eastern Time)**
**(By Extension of the Debtors)**

BARCLAY DAMON LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone:  (315) 413-7115
Facsimile:  (315) 703-7349
Kevin M. Newman

*Attorneys for Shillington Plaza, LLC and Light 125 James West LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538-rdd |
| SEARS HOLDING CORPORATION, *et al.* | Jointly Administered |
| Debtors. | |

---------------------------------------------------------------

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SHILLINGTON
PLAZA, LLC AND LIGHT 125 JAMES WEST LLC TO THE CURE COSTS SET
FORTH IN THE DEBTORS' (1) NOTICE OF ASSUMPTION AND ASSIGNMENT
IN CONNECTION WITH SALE OF SEARS HOME IMPROVEMENT BUSINESS,
AND (2) NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
<u>IN CONNECTION WITH GLOBAL SALE TRANSACTION</u>**

Shillington Plaza, LLC and Light 125 James West LLC (the "Landlords"), through their attorneys, submit this limited objection and reservation of rights (the "Limited Objection") to the cure amount set forth in the Debtors' (1) Notice of Assumption and Assignment In Connection with Sale of Sears Home Improvement Business, and (2) Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with

Global Sale Transaction (the "Cure Notice").[1]  In support of this Limited Objection, the Landlords respectfully submit as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2. On October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

3. The Landlords and certain of the Debtors (the "Tenant") are parties to unexpired lease of nonresidential real property (the "Leases") of certain premises as follows (the "Premises"):

| Landlord | Location | Store # |
|---|---|---|
| Shillington Plaza LLC | Shillington Plaza, Shillington, PA | 3136 |
| Light 125 James West LLC | St. Rose, LA | 24564 |

4. The Shillington Plaza Premises are located within "shopping centers" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. The Lease between Light 125 James West LLC (the "Light 125 Lease") was to be assumed and assigned as part of the sale of the Sears Home Improvement business to Service.com (the "SHIP Sale"). On November 27, 2018, the Debtors filed a Notice of

---

[1] The Landlords are also filing an Objection to the Debtors' (1) Notice of Successful Bidder and Sale Hearing; (2) Global Asset Sale Transaction; (3) Proposed Asset Purchase Agreement; and (4) Proposed Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith and (IV) Granting Related Relief.

Assumption and Assignment in Connection with Sale of Sears Home Improvement Business (the "SHIP Notice of Assumption and Assignment") (Dkt. 901). The SHIP Notice of Assumption and Assignment included the Light 125 Lease, with a proposed a cure amount of $0.00 (the "Light 125 Proposed Cure Amount"). Light 125 James West LLC filed an objection to the proposed cure amount (*see* Dkt. 1146). At that time, the correct cure amount was $235.42 (*see id.*). Light 125 James West LLC further objected to the proposed cure amount on other grounds including that such cure amount was subject to change (*see id.*). Light 125 James West LLC's objection was adjourned to a date to be determined (*see* Dkt. 1417, ¶ 44). However, upon information and belief, the SHIP Sale failed to close and the Light 125 Lease may be included in the assets to be assumed and assigned to Transform HoldCo, LLC or its designee.

6. On November 1, 2018, the Debtors filed a Motion for Approval of Global Bidding Procedures (Dkt. 429). On November 19, 2018, the Court entered an Order Approving Global Bidding Procedures and Granting Related Relief (the "Bidding Procedures Order") (Dkt. 816). An auction was conducted, at which Transform Holdco, LLC (the "Proposed Assignee") was determined to be the successful bidder (Dkt. 1730).

7. Pursuant to the Bidding Procedures Order, on January 18, 2019, the Debtors filed the Cure Notice (Dkt. 1731). The Cure Notice provides notice of potential assumption and assignment and sale of the Lease between Shillington Plaza, LLC and the Tenant to the Proposed Assignee or third parties and sets forth a proposed cure amount of $2,416.00 (together with the Light 125 Proposed Cure Amount, the "Proposed Cure Amounts").

## **OBJECTION**

*A. The Proposed Cure Amounts are Not Correct and are Subject to Change.*

8. As a condition of any assumption and assignment of the Leases, the Landlords are entitled to cure of all defaults. 11 U.S.C. § 365(b)(1)(A). The Debtors are currently in default for failure to pay various charges currently due and owing.

9. The Landlords object to the Proposed Cure Amounts set forth in the Cure Notice, as the Proposed Cure Amounts are not the correct cure amounts (the "Correct Cure Amounts"). The Correct Cure Amounts as of February 1, 2019, <u>exclusive</u> of accrued but unbilled or not due rent and charges and indemnity obligations, are as follows:

| Landlord | Proposed Cure Amount | Correct Cure Amount w/o Attorneys' Fees |
|---|---|---|
| Shillington Plaza, LLC | $2,416.00 | $84,672.27 |
| Light 125 James West LLC | $0.00 | $8,683.24 |

Detailed Statements of the Correct Cure Amounts due (exclusive of accrued but unbilled or not due rent and charges and indemnity obligations) are attached as Exhibit "A."

10. Further, additional rent and charges may accrue or come due through and including the date, if any, of assumption and assignment of the Leases.

11. The Landlords are entitled to payment of the Correct Cure Amounts as of the date of assumption and assignment, and any Order authorizing the Debtors to assume and assign the Leases must direct the Debtors' cure of all outstanding defaults under the Leases existing at that time.

*B. The Proposed Cure Amounts Do Not Include Attorneys' Fees.*

12. The Landlords further object to the Proposed Cure Amounts because they do not include attorneys' fees. The Second Circuit has determined that attorneys' fees shall be recovered as pecuniary losses under Section 365(b)(1)(B) of the Bankruptcy Code, where such

attorneys' fees are mandated by written agreement. *See In re Best Prods. Co.*, 148 B.R. 413, 414 (Bankr. S.D.N.Y. 1992).

13. The Leases provide that attorneys' fees are recoverable in connection with the enforcement of the terms thereof in the event of a default thereunder. Therefore, attorneys' fees are properly included as pecuniary losses suffered as a result of the Debtor's defaults, pursuant to Section 365(b)(1)(B) of the Bankruptcy Code. The Landlords currently have incurred attorneys' fees in a minimum amount of $18,000, which fees continue to accrue.

*C. Any Assumption and Assignment Must Be Cum Onere, and Any Assignee Must Assume Liability for All Obligations for Accrued, But Unbilled or Not Due Rent and Charges and Indemnity Obligations.*

14. It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Texaco Inc.*, 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000); *In re David Orgell, Inc.*, 117 B.R. 574, 575-76 (Bankr. C.D. Cal. 1990); *In re Pizza Time Theatre, Inc.*, 1990 U.S. Dist. LEXIS 17939, at *14 (Bankr. N.D. Cal. July 13, 1990) (quoting *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984), *superseded on other grounds*); *In re Fleming Cos.,* 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). The requirement that lease assumption be *cum onere* applies equally to assignment, as assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)); *see also In re Best Payphones, Inc.*, 2007 Bankr. LEXIS 1677, at *36 (Bankr. S.D.N.Y. May 8, 2007) ("The trustee can only assign what he assumes, and the assignee cannot impose terms, implicitly or explicitly, that render performance less onerous to the assignee or more onerous to the non-debtor party to the contract.").

5

15. The Leases include a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Tenant's proportionate share of common area maintenance expenses, real estate taxes and utilities, which have accrued, or will accrue under the Leases through any assumption and assignment of the Leases, and are not yet billed or due.

16. Additionally, the Leases obligate the Tenant to indemnify and hold the Landlords harmless from and against various claims, liabilities and expenses. The Proposed Cure Amounts do not include contractual obligations to indemnify the Landlords for events occurring prior to any assumption and assignment of the Leases.

17. The obligation to pay these additional rents and charges and to satisfy indemnity obligations is essential to the Landlords' entitlement, pursuant to Section 365(b)(1) of the Bankruptcy Code, to adequate assurance of future performance, and must be assumed by any assignee, *cum onere*.

   D. *Any Undisputed Portion of the Correct Cure Amount Shall be Paid Upon Assumption, With Any Disputed Balance Paid Into Escrow.*

18. Pursuant to section 365(b)(1)(A), the Debtors must promptly cure all defaults in order to assume and assign. To the extent the Debtors object to any portion of the Correct Cure Amounts, the Debtors should be compelled to maintain a reserve equal to the disputed portion of the Correct Cure Amount until such time as a hearing can be held with respect to the same. A status conference should be held within 21 days of the Sale Hearing regarding any disputed cure amounts.

### JOINDER AND RESERVATION OF RIGHTS

19.  The Landlords reserve their rights to supplement this Limited Objection and to make such other and further objections as it may deem necessary or appropriate, including, but not limited to, objecting to any assumption and assignment of the Leases to any assignee on any grounds, including lack of adequate assurance of future performance.

20.  The Landlords join in the objections of other landlords to the Debtors, to the extent not inconsistent with this Limited Objection.

### CONCLUSION

**WHEREFORE,** the Landlords respectfully request that the Court enter an Order consistent with this Limited Objection, and grant the Landlords any additional and further relief the Court deems just and proper.

Dated: January 31, 2019
Syracuse, New York

**BARCLAY DAMON LLP**

By: /s/Kevin Newman
Kevin M. Newman, Esq.
Office and Post Office Address
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202-2020
Telephone: (315) 413-7115
Facsimile: (315) 703-7349

*Attorneys for Shillington Plaza, LLC and Light 125 James West LLC*