Ilan Markus
Andrew L. Cole
  (*Pro Hac* Application Filed)
LeClairRyan, PLLC
545 Long Wharf Drive, Ninth Floor
New Haven, Connecticut  06511
Telephone:  (203) 672-3212
Facsimile:  (203) 672-3231
ilan.markus@leclairryan.com

Counsel to Berkshire Mall LP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) | Case No. 18-23538 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CURE AND ADEQUATE ASSURANCE OBJECTION
BY BERKSHIRE MALL LP TO DEBTORS' PROPOSED
ASSUMPTION AND ASSIGNMENT OF A CERTAIN
UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY**

Berkshire Mall LP, successor in interest to Berkshire Mall LLC[1] (the "Landlord"), hereby submits this Cure and Adequate Assurance Objection (the "Objection") to the Debtors' Proposed Assumption and Assignment of a Certain Unexpired Lease of Non-Residential Real Property, and in support thereof, states as follows:

---

[1] The Landlord is identified as Berkshire Mall LLC on the Debtors' *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*, [D.I. 1774], however the current landlord entity is its successor in interest, Berkshire Mall LP.

**I.     BACKGOUND**

1.     On October 15, 2018 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.     The Landlord is the landlord and one of the Debtors is the tenant pursuant to an unexpired lease dated as of February 16, 1968 (as amended and/or modified, the "Lease") of nonresidential real property (the "Premises") at the Berkshire Mall in Wyomissing, Pennsylvania, outside of Reading, Pennsylvania.

3.     Pursuant to, among other things, the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction, dated January 23, 2019 [D.I. 1774] (the "Cure Notice")[2], the Debtors seek to assume and assign certain of their unexpired leases of real property, including the Lease, to Transform Holdco, LLC (the "Proposed Assignee").

**II.    CURE AND ADEQUATE ASSURANCE OBJECTIONS**

4.     Bankruptcy Code section 365(b)(1) provides that "[i]f there has been a default in an . . . unexpired lease of the debtor, the trustee may not assume such . . . lease unless, at the time of assumption of such . . . lease, the trustee" (A) cures, or provides adequate assurance that it will promptly cure such default, (B) compensates, or provides adequate assurance that it will promptly compensate the landlord for actual pecuniary loss resulting from the default, and (C) provide adequate assurance of future performance under such lease. 11 U.S.C. § 365(b)(1).

---

[2] Capitalized terms that are used, but not defined, herein, shall have the meaning ascribed to such words in the Cure Notice.

**A.  Any Order Approving Assumption and Assignment of the Lease Must Require the Debtors to Promptly Cure Their Outstanding Monetary Obligations Under the Lease**

5.  As set forth in more detail below, the Debtors have defaulted on various monetary obligations to the Landlord under the Lease.  Accordingly, in order to assume the Lease, the Debtors are required to cure all defaults under the Lease and compensate the Landlord for actual pecuniary loss as a result of such defaults.  11 U.S.C. § 365(b)(1)(A) and (B).

6.  As of the date of the filing of this Objection, but exclusive of (a) any amounts that may become outstanding thereafter, (b) interest, and (c) attorneys' fees, the proper 11 U.S.C. § 365(b) "cure" amount for the Lease is as set forth in detail on the attached Schedule A (the "Cure Amount").

7.  The Cure Amount includes 2018 real estate taxes which are owed and overdue pursuant to the terms of the Lease, overdue utilities charges, and attorneys' fees.

8.  Nothing in any order granting the Debtors' request to assume and assign the Lease should operate to limit or impair the Landlord's right to enforce the Debtors' repair and maintenance obligations under the Lease regardless of when the particular repair and maintenance Obligation arose.  Similarly, the Landlord specifically reserves its rights (and any order granting the Debtors' request to assume and assign the Lease should preserve Landlord's rights) to enforce the Debtors' repair and maintenance obligations on a post-assumption basis even if any particular repair and maintenance obligation might have first arisen pre-Petition Date or pre-Lease assumption.

9.  In addition to the Cure Amounts set forth on Schedule A, the Court should award the Landlord interest and a reasonable amount for attorneys' fees actually incurred as a result of the Debtors' bankruptcy case, including proceedings that specifically impacted or related to the

Lease (e.g., the motion to approve global procedures for assets sales and assumption and rejection of leases and the implementation of such procedures as the relate (or have the potential to relate to) the Lease. In the context of the Lease and this case, the fees and costs are over the $2,500.00 (the "Total Cure Amount"). See, e.g., Travelers Cas. & Su. Co. of Am. v. Pacific Gas and El. Co., 127 S. Ct. 1199, 1203 (2007) (holding that a party is entitled to be reimbursed for its attorneys' fees when there exists an "enforceable contract allocating attorneys' fees"); In re East 44th Realty, LLC, No. 07 Civ. 8799, 2008 U.S. Dist. LEXIS 7337 (S.D.N.Y. 2008) (affirming bankruptcy court's finding that a $1.7 million settlement of attorneys' fees to a landlord was reasonable); In re Beltway Medical, Inc., 358 B.R. 448, 453 (Bankr. S.D. Fla. 2006) ("Where the trustee or debtor-in-possession fails to perform the primary obligation under the lease (i.e. to pay rent), and the landlord incurs legal fees seeking to obtain payment, it follows that the attorney's fees, if authorized under the lease and linked to enforcement of the payment obligation, are entitled to the same administrative priority as the rent obligation"); In re Entertainment, Inc., 223 B.R. 141, 152-154 (Bankr. E.D. Ill. 1998) (interest and attorneys' fees must be paid as provided for in the assumed lease); In re MS Freight Distribution, Inc., 172 B.R. 976, 978 (Bankr. W.D. Wash. 1994) ("the legislative history of [section 365(d)(3)] and the language of the section itself mandate that a lessor be paid interest, late fees, and legal fees incurred in the first 60 days of the bankruptcy case").

### B. The Debtors Must Demonstrate That They Will Perform All of Their Obligations Under the Lease

10. Under 11 U.S.C. § 365(b)(1), Landlord is entitled to "adequate assurance" of future performance by the Debtors. In re Ionosphere Clubs, Inc., 85 F.3d 992, 999 (2d Cir. 1996) (section 365(b) is designed to ensure that parties receive the benefit bargained for if a lease or contact is assumed).

11. "The law is clear that a debtor who assumes a lease or other executory contract assumes the contract *cum onere*, without any diminution in its obligations or impairment of the rights of the lessor in the present or the future." In re Texaco, Inc., 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000).

> The [debtor] ... may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.

In re Italian Cook Oil Corp., 190 F.2d 994, 997 (3d Cir.1951). The *cum onere* rule "prevents the [bankruptcy] estate from avoiding obligations that are an integral part of an assumed agreement." United Air Lines, Inc v. U.S. Bank Trust Nat'l Ass'n (In re UAL Corp.), 346 B.R. 456, 468 n. 11 (Bankr. N.D. Ill. 2006).

13. Additionally, the Debtors should not be permitted to limit Landlord's rights under the Lease to assert claims for accrued but as yet unbilled adjustments for such items as common area maintenance charges and taxes ("Adjustments"). The Debtors or the Proposed Assignee will receive the benefit of any Adjustments in the tenant's favor under the Leases, so the Debtors and the Proposed Assignee should be required to accept the burdens of any Adjustments in the Landlord's favor.

14.     The Landlord also objects to any attempt by the Debtors to assume the Lease free and clear of any indemnity obligations owed by the Debtors (including, without limitation, accrued obligations for personal injury or negligence against any of the Debtors that could be asserted against the Landlord) under the Lease (collectively, the "Unliquidated Claims"). Again, if the Lease is to be assumed, it must be assumed "*cum onere*, without any diminution in its obligations or impairment of the rights of the lessor in the present or the future." In re Texaco, Inc., 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000). The Landlord's unliquidated claims under the Lease should be preserved and survive any order authorizing assumption of the Lease.

### C.     Request for Evidentiary Hearing and Establishment of a Discovery Schedule

15.     Pursuant to Rule 6006(a) of the Federal Rules of Bankruptcy Procedure, the Motion initiated a contested matter under Rule 9014. See Fed. R. Bankr. P. 6006(a) ("[a] proceeding to assume, reject, or assign an … unexpired lease, other than as part of a plan, is governed by Rule 9014").

16.     Rule 9014(c) contemplates the applicability of most of the discovery-related rules that govern adversary proceedings. See Fed. R. Bankr. P. 9014(c).

17.     To the extent Landlord is not successful in resolving the issues raised herein with the Debtors by the time of the Sale Hearing, Landlord respectfully requests that the Court enter a scheduling order pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure fixing discovery and briefing deadlines and an evidentiary hearing on this Objection to the proposed assumption and assignment of the Lease to the Proposed Assignee.

WHEREFORE, if this Objection has not been resolved in advance of the Sale Hearing, Landlord respectfully requests that this Court enter an order:

a. Sustaining this Objection;

b. Approving the assumption and assignment of the Lease only consistent with this Objection;

c. Determining that the proper 11 U.S.C. § 365(b) "cure" amount for the Lease (as of the date of the filing of the Objection) is as set forth on Schedule A;

d. Requiring the Debtors to cure any defaults related to unperformed repair and maintenance obligations under the Lease; or

e. Establishing a discovery and briefing schedule in advance of an evidentiary hearing on the contested assumption and assignment of the Lease to the Proposed Assignee; and

f. Granting Landlord such other and further relief as the court deems appropriate.

Dated: January 31, 2019
New Haven, Connecticut

**LECLAIRRYAN, A Professional Corporation**

By:  /s/ Ilan Markus
Ilan Markus
Andrew L. Cole
 (*Pro Hac* Application Filed)
**LeClairRyan, PLLC**
545 Long Wharf Drive – 9th Floor
New Haven, Connecticut  06511
Telephone:  (203) 672-3212
Facsimile:  (203) 672-3231
ilan.markus@leclairryan.com

Counsel to Berkshire Mall LP

7

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2019, a copy of this Objection was sent via (i) the Court's electronic filing system to all Standard Parties and (ii) electronic mail to counsel for the Bid Notice Parties, the Consultation Parties, and the Successful Bidder, as set forth below.

Bid Notice Parties

i. the Debtors (rob.riecker@searshc.com; luke.valentino@searshc.com; mmeghji@miiipartners.com);

ii. counsel to the Debtors (ray.schrock@weil.com; jacqueline.marcus@weil.com; garrett.fail@weil.com; sunny.singh@weil.com); and

iii. the Debtors' investment banker (project.blue.rx@lazard.com).

Consultation Parties

i. counsel to Bank of America, N.A., in its capacity as the administrative agent under the First Lien Credit Facility and DIP ABL Agent (Paul.leake@skadden.com; Shana.Elberg@skadden.com; George.Howard@skadden.com);

ii. counsel to Wells Fargo Bank, National Association, in its capacity as Co-Collateral Agent under the First Lien Credit Facility and Co-Collateral Agent under the DIP ABL Facility (ksimard@choate.com; jmarshall@choate.com); and

iii. counsel the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (idizengoff@akingump.com; pdublin@akingump.com; aqureshi@akingump.com; sbrauner@akingump.com).

Successful Bidder

counsel to the Successful Bidder (jbromley@cgsh.com; soneal@cgsh.com; jkpark@cgsh.com).

Dated:  January 31, 2019
    New Haven, Connecticut        **LECLAIRRYAN, A Professional Corporation**


                        By:     /s/ Ilan Markus
                            Ilan Markus