Hearing Date and Time:  February 4, 2019 at 10:00 a.m. (Eastern Time)
Objection Date and Time:  January 31, 2019 at 4:00 p.m. (Eastern Time)
(By Extension of the Debtors)

BARCLAY DAMON LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone:  (315) 413-7115
Facsimile:  (315) 703-7349
Kevin M. Newman

*Attorneys for Salmon Run Shopping Center, L.LC.
and S&R Company of West Seneca NewCo LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
In re:

SEARS HOLDING CORPORATION, *et al.*

                                Debtors.
---------------------------------------------------------------

Chapter 11
Case No. 18-23538-rdd
Jointly Administered

**AMENDED LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SALMON
RUN SHOPPING CENTER, L.LC. AND S&R COMPANY OF WEST SENECA NEWCO
LLC TO THE CURE COSTS SET FORTH IN THE DEBTORS' SUPPLEMENTAL
NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN
CONNECTION WITH GLOBAL SALE TRANSACTION**

Salmon Run Shopping Center, L.LC. and S&R Company of West Seneca NewCo LLC (the "Landlords"), through their attorneys, submit this amended limited objection and reservation of rights (the "Limited Objection") to the cure costs set forth in the Debtors' Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (the "Supplemental Cure Notice").[1]  In support of this Limited Objection, the Landlords respectfully submit as follows:

---
[1] The Landlords are also filing an Objection to the Debtors' (1) Notice of Successful Bidder and Sale Hearing; (2) Global Asset Sale Transaction; (3) Proposed Asset Purchase Agreement; and (4) Proposed Order (I) Approving the

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2. On October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

3. The Landlords and one of the Debtors (the "Debtor") are parties to various agreements, including unexpired leases of nonresidential real property (the "Leases") with regard to certain premises (the "Premises"), as follows:

| Creditor | Location | Store # |
|---|---|---|
| Salmon Run Shopping Center, L.L.C. | Salmon Run Mall, Watertown, NY | 2683 |
| S&R Company of West Seneca NewCo LLC | The Shops at West Seneca, West Seneca, NY | 9392 |

4. The Premises are located within "shopping centers" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On November 1, 2018, the Debtors filed a Motion for Approval of Global Bidding Procedures (Dkt. 429). On November 19, 2018, the Court entered an Order Approving Global Bidding Procedures and Granting Related Relief (the "Bidding Procedures Order") (Dkt. 816). An auction was conducted, at which Transform Holdco, LLC (the "Proposed Assignee") was determined to be the successful bidder (Dkt. 1730).

---

Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith and (IV) Granting Related Relief.

2

6. Pursuant to the Bidding Procedures Order, on January 23, 2019, the Debtors filed the Supplemental Cure Notice (Dkt. 1774). The Supplemental Cure Notice provides notice of potential assumption and assignment of the Leases to the Proposed Assignee or third parties and sets forth proposed cure amounts for Salmon Run Shopping Center, L.L.C. of $19,584.00 and S&R Company of West Seneca NewCo LLC of $92,340.17 (the "Proposed Cure Amounts").

## **OBJECTION**

*A. The Proposed Cure Amounts are Not Correct and are Subject to Change.*

7. As a condition of any assumption and assignment, the Landlords are entitled to cure of all defaults. 11 U.S.C. § 365(b)(1)(A). The Debtors are currently in default for failure to pay various charges currently due and owing.

8. The Landlords object to the Proposed Cure Amounts set forth in the Supplemental Cure Notice, as the Proposed Cure Amounts are not the correct cure amounts (the "Correct Cure Amounts"). The Correct Cure Amounts as of January 31, 2019, <u>exclusive</u> of accrued but unbilled or not due rent and charges and indemnity obligations, are as follows:

| Creditor | Proposed Cure Amount | Correct Cure Amount w/o Attorneys' Fees |
|---|---|---|
| Salmon Run Shopping Center, L.L.C. | $19,584.00 | $102,172.28 |
| S&R Company of West Seneca NewCo LLC | $92,340.17 | $183,325.40 |

Detailed statements of the Correct Cure Amounts due (exclusive of attorneys' fees, accrued but unbilled or not due rent and charges and indemnity obligations) are attached as Exhibit "A."

9. The Correct Cure Amounts only reflect past due and/or billed amounts due and owing through January 31, 2019. Additional charges may accrue or come due through and including the date, if any, of assumption and assignment of the Leases

3

10. The Landlords are entitled to payment of the Correct Cure Amounts as of the date of assumption and assignment, and any Order authorizing the Debtors to assume and assign the Leases must direct the Debtors' cure of all outstanding balances, including payment of the Correct Cure Amounts set forth above (*see supra* ¶ 8).

> B. *Any Assumption and Assignment Must Be Cum Onere, and Any Assignee Must Assume Liability for All Obligations for Accrued, But Unbilled or Not Due Rent and Charges and Indemnity Obligations.*

11. It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Texaco Inc.*, 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000); *In re David Orgell, Inc.*, 117 B.R. 574, 575-76 (Bankr. C.D. Cal. 1990); *In re Pizza Time Theatre, Inc.*, 1990 U.S. Dist. LEXIS 17939, at *14 (Bankr. N.D. Cal. July 13, 1990) (quoting *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984), *superseded on other grounds*); *In re Fleming Cos.,* 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). The requirement that lease assumption be *cum onere* applies equally to assignment, as assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)); *see also In re Best Payphones, Inc.*, 2007 Bankr. LEXIS 1677, at *36 (Bankr. S.D.N.Y. May 8, 2007) ("The trustee can only assign what he assumes, and the assignee cannot impose terms, implicitly or explicitly, that render performance less onerous to the assignee or more onerous to the non-debtor party to the contract.").

12. The Leases include a continuing obligation to pay adjustments and reconciliations for the Debtor's proportionate share of common area maintenance expenses, which have accrued, or will accrue, and are not yet billed or due.

13. Additionally, the Proposed Cure Amounts do not include contractual obligations to indemnify the Landlords for events occurring prior to any assumption and assignment. The Leases obligate the Debtor to indemnify and hold the Landlords harmless from and against various claims, liabilities and expenses.

14. The obligation to pay these additional charges and to satisfy indemnity obligations is essential to the Landlords' entitlement, pursuant to Section 365(b)(1) of the Bankruptcy Code, to adequate assurance of future performance, and must be assumed by any assignee, *cum onere*.

C. *Any Undisputed Portion of the Correct Cure Amounts Shall be Paid Upon Assumption, With Any Disputed Balance Paid Into Escrow.*

15. Pursuant to section 365(b)(1)(A), the Debtors must promptly cure all defaults in order to assume and assign. To the extent the Debtors object to any portion of the Correct Cure Amounts, the Debtors should be compelled to maintain a reserve equal to the disputed portion of the Correct Cure Amount until such time as a hearing can be held with respect to the same. A status conference should be held within 21 days of the Sale Hearing regarding any disputed cure amounts.

### JOINDER AND RESERVATION OF RIGHTS

16. The Landlords reserve their rights to supplement this Objection and to make such other and further objections as they may deem necessary or appropriate, including, but not limited to, objecting to any assumption and assignment to any assignee on any grounds, including lack of adequate assurance of future performance.

17. The Landlords join in the objections of other landlords to the Debtors, to the extent not inconsistent with this Limited Objection.

## CONCLUSION

**WHEREFORE,** the Landlords respectfully request that the Court enter an Order consistent with this Objection, and grant the Landlords any additional and further relief the Court deems just and proper.

Dated: January 31, 2019  
Syracuse, New York

**BARCLAY DAMON LLP**

By: /s/Kevin Newman  
Kevin M. Newman, Esq.  
Office and Post Office Address  
Barclay Damon Tower  
125 East Jefferson Street  
Syracuse, New York 13202-2020  
Telephone: (315) 413-7115  
Facsimile: (315) 703-7349

*Attorneys for Attorneys for Salmon Run Shopping Center, L.LC. and S&R Company of West Seneca NewCo LLC*