Hearing Date and Time: February 4, 2019 at 10:00 a.m. (EST)
Objection Date and Time: January 31, 2019 at 4:00 p.m. (EST)

Melissa S. Woods
Richard M. Seltzer
COHEN, WEISS AND SIMON LLP
900 Third Avenue, 21st Floor
New York, New York 10022-4869
(212) 563-4100

*Counsel for the UAW, USW and
Workers United*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
                                                                   :
In re:                                                             :       Chapter 11
                                                                   :
SEARS HOLDING CORPORATION, *et al.*,                               :
                                                                   :       Case No.: 18-23538 (RDD)
                        Debtors.[1]                                :
                                                                   :       (Jointly Administered)
                                                                   :
----------------------------------------------------------------- x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); and SRC Real Estate (TX), LLC (None). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**OBJECTION AND RESPONSE OF THE INTERNATIONAL UNION, UAW,
UNITED STEELWORKERS AND WORKERS UNITED TO THE
SUPPLEMENTAL NOTICE OF CURE AMOUNTS**

The International Union, UAW ("UAW"), United Steelworkers ("USW") and

Workers United ("WU") (hereinafter "Unions") (each on behalf of themselves and relevant local

unions), creditors and parties-in-interest, by and through their undersigned counsel, object to the

Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory

Contracts and Unexpired Leases in Connection with Global Sale Transaction [Docket No. 1774]

(the "Supplemental Notice") and states as follows:

1.      The UAW and its Local Union 1112 (whose members and former

members were previously represented by Local Union 2901) are the exclusive collective

bargaining representative of certain employees of the Debtors at the Warren, Ohio distribution

center and parties to a collective bargaining agreement ("CBA"), as well as a closing agreement,

with the Debtors; the UAW and its Local Union 8275 are the exclusive collective bargaining

representative of certain employees of the Debtors at the Morrisville, Pennsylvania distribution

center and parties to a CBA with the Debtors.  The USW on behalf of its Local 5852-28 is the

exclusive collective bargaining representative of certain employees of the Debtors at McMurray,

Pennsylvania product repair service center and a party to a CBA with the Debtors.  WU and its

Local 196 are the exclusive collective bargaining representative of certain employees of the

Debtors at the Chambersville, Pennsylvania soft goods center and parties to a CBA with the

Debtors (as well as a closing agreement); WU and its Local 512 are the exclusive collective

bargaining representative of certain employees of the Debtors at the Mira Loma, California soft

good center and are parties to a CBA with the debtors (all CBAs for the three Unions referred to

as "CBAs").

2

2.      In its Notice, Debtors provide a list of executory contracts that they may

assume and assign in connection with the proposed sale.  Because the Unions represent

employees at the locations which are not stores, it has been difficult for the Unions in some cases

to determine the proposed future for these locations, and further inquiries have been made to the

Debtors in connection with the instant motion.  The CBAs with the Unions are listed on pages

29-31 of Exhibit A-1 to the Supplemental Notice as contracts that may be assumed.[2]  The cure

notices assign the CBAs cure amounts of $0.00.

3.      The Unions object to the cure amounts of $0.00 because the Debtors

indicated in the Notice that they are assuming or may assume the CBAs.

4.      When a debtor assumes a collective bargaining agreement, it assumes all

the expenses and liabilities owing under that collective bargaining agreement.  *See N.L.R.B. v.

Bildisco & Bildisco*, 465 U.S. 513, 531-32 (1984) (*citing In re Italian Cook Oil Corp.*, 190 F.2d

994, 996 (3d Cir. 1951)) ("Should the debtor-in-possession elect to assume the executory

contract, . . ., it assumes the contract cum onere, . . ., and the expenses and liabilities incurred

may be treated as administrative expenses, which are afforded the highest priority on the debtor's

estate, 11 U.S.C. § 503(b)(1)(A) . . . .").

5.      Under the CBAs, expenses and liabilities become due in the ordinary

course as compensation for services provided by the Debtors' employees, including wages,

severance pay, vacation pay, and sick leave pay.  Also owed are monies to satisfy any

grievances, settlements, or arbitration awards.

---

[2] The Notice lists UAW Local Union 2901 at Warren Ohio.  As noted above, UAW Local Union 1112's members and former members were previously represented by Local Union 2901.

6.    Accordingly, the cure amount of $0.00 in the cure notices is inappropriate

and inaccurate.  Appropriate language in the notice would read as follows:

> The Debtors agree that pursuant to the assumption of their
> collective bargaining agreements with the International Union,
> UAW, United Steelworkers and Workers United (collectively, the
> "Union CBAs"), the applicable Reorganized Debtors shall pay in
> the ordinary course all obligations that are due and owing under
> the Union CBAs, whether such obligations accrued or arose prior
> to the Effective Date, which shall include processing and paying
> any arbitral awards entered in any grievance filed prior to the
> Effective Date, and that the Unions are not required to take any
> further action in relation to the bankruptcy or bankruptcy court in
> regard to the cure notice.  The Debtors and the Buyer reserve all
> rights, remedies, and defenses with respect to the Union CBAs and
> any claims or obligations that may arise thereunder.

The Unions have generally raised this issue with the Debtors and hope that this issue may be

resolved consensually.

## CONCLUSION

WHEREFORE, the Unions respectfully requests that the proposed cure notices be

modified as proposed in paragraph 6 above.

Dated: January 31, 2019
     New York, New York

          Respectfully submitted,

          /s/ *Melissa S. Woods*
          Richard M. Seltzer
          Melissa S. Woods
          COHEN, WEISS AND SIMON LLP
          900 Third Avenue
          New York, New York 10022-4869
          Tel.:.  (212) 563-4100
          Fax:.  (646) 473-8216
          rseltzer@cwsny.com
          mwoods@cwsny.com

          *Counsel for UAW, USW,*
          *and Workers United*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will notify all counsel of record and caused to be mailed or emailed a copy, as provided in the Court-approved Case Management Procedures in this case, using the January 28, 2019 Master Service List from Prime Clerk.

Dated: January 31, 2019

/s/ *Melissa S. Woods*
Melissa S. Woods