Sirlin Lesser & Benson, P.C.
123 South Broad Street, Suite 2100
Philadelphia, PA  19109
Telephone:  (215) 864-9700
Fax:  (215) 864-9669
dplon@sirlinlaw.com
Dana S. Plon, Esquire

*Attorney for Westfall Town Center JV*

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (RDD) |
| *Debtors* | (Jointly Administered) |
| | Re: Docket No. 1774 |

### OBJECTION AND RESERVERATION OF RIGHTS
### OF WESTFALL TOWN CENTER JV TO PROPOSED CURE AMOUNT

Westfall Town Center JV ("Landlord"), by and through its undersigned counsel, hereby objects (this "Objection") to the proposed cure amount set forth for the Landlord's lease in the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [Docket No. 1774] (the "Supplemental Notice"). In support of this Objection, Landlord respectfully states as follows:

### BACKGROUND

1. Owner is the owner of certain non-residential real property located at 111 Hulst Drive, Suite 722, Matamoras, Pennsylvania, in which Debtors operate a Kmart (Store No. 3884) pursuant to that certain lease dated August 3, 1992 (as subsequently amended, modified and/or extended, the "Lease").

2. The Supplemental Notice, as filed by Debtors, lists the proposed cure amounts for leases potentially to be assumed by the Debtors in connection with a potential global sale

transaction. The Debtors' proposed cured amount for Store No. 3884 is $40,392.44 (the "Proposed Cure Amount").

## OBJECTION

3. Landlord objects to the Proposed Cure Amount. As of the date hereof, the outstanding balance due and owing to Landlord under the Lease is no less than $116,421.48 comprised of: Real Estate Taxes in the amount of $103,630.25, Common Area Maintenance Charges in the amount of $33,270.36, and Utilities in the amount of $1,666.51 reduced by payment of $22,145.64 received by Tenant on December 18, 2018 (such amount may be increased by such other amounts as may be or become due under the Lease, including interest, the "Unpaid Amount").

4. Landlord further objects to the Cure Notice insofar as the Proposed Cure Amount does not include amounts that may become due under the Lease after the Lease is assumed, or assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, year-end common area maintenance reconciliations). Any order establishing a cure amount in connection with the assumption and assignment of the Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease notwithstanding the Proposed Cure Amount or the currently stated Unpaid Amount.

## RESERVATION OF RIGHTS

5. Landlord reserves its rights to supplement this Objection to add additional sums that may accrue and/or become due under the Lease after the date hereof.

WHEREFORE, Landlord respectfully requests that any assumption of the Lease be conditioned upon payment of a cure amount totaling not less than the Unpaid Amount as of the

date hereof (plus additional interest and sums that may accrue and/or become due under the Lease after the date hereof), and for such other and further relief as the Court deems just and proper.

Dated: January 31, 2019
Philadelphia, PA

SIRLIN LESSER & BENSON, P.C.
*Attorney for Westfall Town Center JV*

By: _____
Dana S. Plon, Esquire
123 South Broad Street, Suite 2100
Philadelphia, PA  19109
Telephone: (215) 864-9700
Fax: (215) 864-9669
*dplon@sirlinlaw.com*