Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
James M. Jorissen (pro hac vice)
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
jjorissen@losgs.com
    -and-
The Tsang Law Firm, P.C.
Michael Tsang
40 Wall Street, 26th Floor
New York, NY 10005
mtsang@tsanglawfirm.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re:

SEARS HOLDINGS CORPORATION, et al.,

    Debtors[1].

------------------------------------------------------------x

Chapter 11

Lead Case No. 18-23538 (RDD)

(Jointly Administered)

**OBJECTION AND RESERVATION OF RIGHTS OF CAMEGARAN, LLC TO THE DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179. The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616, and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "Additional Debtors"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

1

Camegaran, LLC ("Camegaran"), by and through its undersigned counsel, hereby submits this objection and reservation of rights to the proposed cure costs and potential assumption or assumption and assignment of an unexpired real property lease between Debtor Kmart Corporation ("Kmart"), as tenant, and Camegaran, as landlord (and successor-in-interest to Papa Rochester, L.P.), as provided in the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* [Docket No. 1774] (the "Supplemental Assumption Notice"). In support this Objection, Camegaran respectfully states as follows:

## BACKGROUND

**I.    PROCEDURAL BACKGROUND**

1. On October 15, 2018 (the "Petition Date"), Sears Holding Corporation and its debtor affiliates (including Kmart), as debtors and debtors in possession in the above-captioned chapter 11 cases (together the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. On November 19, 2018, the Bankruptcy Court entered that certain *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket No. 816] (the "Bid Procedures Order"). In accordance with the Procedures Order, on November 21, 2018, the Debtors filed a *Notice of Global Bidding Procedures Process Letter* [Docket No. 862] (the "Global Bid Procedures") soliciting bids in connection with the sale or disposition of substantially all of the Debtors' assets, including the Debtors' retail stores on a going concern or liquidation basis (together the "Global Assets").

3. On January 14, 2019, the Debtors commenced an auction and, at the conclusion of the auction, the Debtors designated the bid submitted by Transform Holdco, LLC ("Transform Holdco"), as the prevailing bid for the Global Assets. The Debtors executed an Asset Purchase Agreement with the Transform Holdco dated as of January 17, 2019 (the "APA").

4. In connection with the sale, and pursuant to the Bid Procedures Order and Global Bid Procedures, on January 18, 2019, the Debtors served and filed their *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 1731] (the "Initial Notice"). The Initial Notice identified, *inter alia*, certain leases the Debtors intended to assume and assign together with proposed cure costs associated with each such lease.

5. Thereafter, on January 23, 2019, the Debtors filed and served their Supplemental Assumption Notice. The Supplemental Assumption Notice – like the Initial Notice – lists proposed cure amounts for additional leases not included in the Initial Notice to be assumed by the Debtors in connection with a potential global sale transaction.

II. **THE KMART ROCHESTER STORE LEASE**

6. In their Supplemental Assumption Notice, the Debtors expressed an intent to assume and assign an unexpired lease of non-residential real estate entered into by Kmart, as tenant, for a store that is located at 201 Ninth Street SE in Rochester, Minnesota (the "Lease"), which the Debtors identified Debtors in their Supplemental Assumption Notice as Store No. 4351 (the "Rochester Store").

7. The Supplemental Assumption Notice incorrectly identifies an entity known as C&W Manhattan Associates as the landlord and counterparty to the Lease. As of the Petition Date, however, an entity named Papa Rochester, LP ("Papa Rochester") owned the fee interest in

3

the real property and improvements that comprise the Rochester Store (the "Property") and was overtly identified as the landlord under the Lease. Papa Rochester should have been identified as the landlord or counterparty to Kmart under the Lease in the Supplemental Assumption Notice. It was not.

8.    On January 30, 2019, Camegaran acquired all of Papa Rochester's right, title and interest in and to the Property, including all of Papa Rochester's rights and interests as landlord under the Lease. Camegaran has thus assumed the role of landlord under the Lease.

**III.    THE DEBTORS' CURE PROPOSAL**

9.    The Debtors have identified the Lease for the Rochester Store as one of the leases that may be assumed and assigned in connection with the sale. The proposed cure amount for the Rochester Store is $0.00 (the "Proposed Cure Amount"). As discussed below, the Proposed Cure Amount is inadequate.

10.    Moreover, as a condition to assuming and assigning the Lease, the Debtors are obliged to provide adequate assurance of future performance under the Lease. The Assumption Notice provides no such assurance – it provides no assurance at all.

11.    Kmart, moreover, has been notified that it is in breach of the Lease due to its failure to maintain the Property in good repair and failure to operate the leased premises in accordance with the terms of the Lease and applicable state, federal and local environmental laws. The Debtors should not be permitted to assume or assign the Lease without first providing concrete assurances that the proposed assignee has the wherewithal to pay the substantial costs associated with restoring and remediating adverse conditions related to the Property.

**OBJECTION**

**I.    THE ASSUMPTION NOTICE INCORRECTLY IDENTIFIES THE LANDLORD**

12.    Camegaran objects to the Supplemental Assumption Notice because it improperly identifies C&W as landlord or counterparty under the Lease. C&W is not now and has never been the owner of the Property or the landlord under the Lease. Papa Rochester owned the Property and was the landlord at the time the Supplemental Assumption Notice, and the Supplemental Assumption Notice was thus improper. Having acquired Papa Rochester's interests, Camegaran is now the landlord under the Lease and should be identified as such in any future notices concerning the status or proposed disposition of the Rochester Store.

**II.    THE PROPOSED CURE AMOUNT IS INCORRECT**

13.    The Proposed Cure Amount set forth in the Supplemental Assumption Notice is incorrect and does not accurately reflect the cure costs that must be paid in order to cure defaults existing under the Lease. Pursuant to section 365(b)(1)(B) of the Bankruptcy Code, the Debtors must either cure, or provide adequate assurance that they will timely cure, all existing defaults under the Lease. 11 U.S.C. § 365(b)(1)(B).

14.    Debtors' Proposed Cure Amount is inadequate. It fails to provide for payment of amounts due from the Debtors under the Lease necessary to cure existing defaults, including (i) penalties and interest assessed on unpaid 2018 property taxes totaling $5,123.68 and (ii) unreimbursed environmental investigation expenses incurred by Papa Rochester and Camegaran and associated with Debtor's use of the Property under the Lease, totaling $6,500.00. Camegaran is entitled to payment of the proper cure amount, together with such other amounts as may come due from and after the date of this Objection, as a condition to any assumption and assignment. In that regard, any order establishing a cure amount in connection with the

assumption or assignment of the Lease must provide for the payment of all amounts due or to become due under the terms of the Lease.

**III.    THE LEASE CANNOT BE ASSUMED OR ASSIGNED WITHOUT ADEQUATE ASSURANCE OF FUTURE PERFORMANCE**

15.    Bankruptcy Code sections 365(b)(1)(C) and 365(f)(2)(B) require that the Debtors provide "adequate assurance of future performance" under the Lease. The Debtors bear the burden of persuasion that the requirements for assumption under section 365 have been met. *In re Embers 86th Street*, 184 B.R. 892, 902 (Bankr. S.D.N.Y. 1995). The central inquiry is "whether it appears that the rent will be paid and other obligations met." *Id.* In determining whether assurances are "adequate," this Court considers, *inter alia*, whether monies are earmarked exclusively to the landlord and "the willingness of the debtor or debtor's assignee to fund the cure payments." *Id.* at 902.

16.    To date, the Debtors have not provided Camegaran (or its predecessor Papa Rochester) with any form of "adequate assurance of future performance" under the Lease, as Bankruptcy Code sections 365(b)(1) and 365(f)(2) require. Camegaran objects to any proposed assumption or assumption and assignment of the Lease until such time as the Debtors (or their assignee) are able to provide such assurance.

17.    The question of adequate assurance of future performance under the Lease related to the Rochester Store is of critical importance to Camegaran. The Debtors have been advised that Kmart is in breach of the lease for a number of reasons.

18.    *First,* Kmart has failed to maintain the leased premises in "good order and repair" as required under Article 14 of the Lease. The parking lot is covered in pot holes and cracks and exposed patches of earth promote water infiltration, soil erosion and deterioration of the lot's surface. Consultants retained to assess the extent of the damage and the cost to repair the

6

parking lot estimate it will cost approximately $475,000. Notice of the costs associated with this default was provided to the Debtors in writing on January 12, 2018. This condition remains unaddressed. In addition, the Debtor must perform a variety of other deferred maintenance to bring the leased premises into compliance with the requirements of the Lease, including, without limitation, (i) repair or replacement of the roof, (ii) repair or replacement of the Concrete Masonry Unit columns, (iii) repair and repainting of the exterior masonry, and (iv) repair or replacement of the receiving area canopy. Based on experience in the real estate industry, Camegaran estimates the costs associated with completing other deferred maintenance work for which Debtor Kmart is responsible under the Lease total approximately $750,000 - $1,000,000.

19. *Second*, Kmart has operated the premises in a manner that does not comply with applicable governmental regulations, in violation of Article 17 of the Lease. During its tenure as tenant, Kmart operated an automotive center that introduced into the premises numerous hazardous chemicals which would become hazardous waste. On October 5, 2018, the landlord, Papa Rochester, provided Debtor Kmart with written notice that test results from a Phase II Environmental Assessment performed at the Rochester Store revealed: (a) petroleum concentration in the ground soil eighteen (18) times allowable Minnesota Petroleum Control Agency (MPCA) Health Limits; (b) Tetrachloroethene contamination in the groundwater seven (7) times that permissible under MPCA Health Limits; and (c) gas vapors in excess of applicable MPCA Health Limits. Kmart was then given an opportunity to cure, but despite follow up and subsequent notices of default, this condition remains unaddressed.

20. Estimates provided to Camegaran by environmental consultants indicate that the cost to remediate environmental conditions extant at the site, including costs to abate and remove asbestos containing materials, may equal or exceed $4,000,000.

21. At this time, the Debtors have failed to provide adequate assurance of future performance under the Lease, as Bankruptcy Code sections 365(b)(1)(C) and 365(f)(2) require. Camegaran thus objects to any proposed assignment and assumption of the Lease until such time as the Debtors satisfy their obligation to provide to Camegaran adequate assurance of future performance.

22. To that end, Camegaran reserves its right to object to the form and manner of any adequate assurance of future performance that the Debtors may deliver in connection with the proposed assignment and assumption of the Leases.

23. Finally, to the extent that the APA authorizes Transform Holdco to designate the assumption and assignment of a lease to a third party, Camegaran objects to the designation of the Lease until the identity of the proposed assignee is known and Camegaran has an opportunity to evaluate the proposed assumption and assignment and to assess the whether any assurance of future performance by the proposed assignee is in fact and in law "adequate."

## JOINDER AND RESERVATION OF RIGHTS

24. Camegaran joins in any other objections filed by the Debtors' landlords to the Global Sale Transaction to the extent such other objections are not inconsistent with this Objection.

25. Camegaran reserves its right to supplement this Objection and to make such other and further objection as it deems necessary and appropriate. Camegaran also reserves all rights to object to any proposed assumption and assignment of the Lease on any ground.

WHEREFORE, Camegaran enters this Objection to the Supplemental Assumption Notice and respectfully requests that the Bankruptcy Court enter an Order for the relief requested herein and specifying such other relief as the Court may deem to be just, fair and equitable.

                                    **LEONARD, O'BRIEN**
                                    **SPENCER, GALE & SAYRE, LTD.**

Dated: January 31, 2019          By:   /s/ James M. Jorissen
                                                James M. Jorissen, MN #262833
                                                Pro Hac Vice Admission Pending
                                                *jjorissen@losgs.com*
                                                100 South Fifth Street, Suite 2500
                                                Minneapolis, Minnesota 55402
                                                Telephone: (612) 332-1030

                                                -and-

                                                Michael Tsang
                                                mtsang@tsanglawfirm.com
                                                The Tsang Law Firm, P.C.
                                                40 Wall Street, 26th Floor
                                                New York, NY 10005

                                                ATTORNEYS FOR CAMEGARAN, LLC