Stephen V. Falanga
Colleen M. Maker
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, NJ 07102
Tel.: (973) 757-1100

*Counsel to Schindler Elevator Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SCHINDLER ELEVATOR CORPORATION TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Schindler Elevator Corporation ("Schindler"), creditor of the above-captioned debtors (collectively, the "Debtors"), by and through its attorneys, files this Limited Objection and Reservation of Rights (the "Cure Objection") to the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction ("Supplemental Notice of Potential Assumption and Assignment"), with respect to the cure obligations proposed by the Debtors in the Supplemental Notice of Potential Assumption and Assignment. In support of its objection, Schindler states as follows:

---

[1] A complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/sears/.

1. Schindler and several of the Debtors are parties to a number of pre-petition contracts, including but not limited to a certain Master Service Agreement, dated as of April 20, 2012, as amended, (the "MSA") for maintenance and repair services for vertical transportation equipment at certain locations of the Debtors nationwide (collectively, the "Schindler Agreements").

2. On January 18, 2019, the Debtors filed a Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (the "Initial Notice of Potential Assumption and Assignment").

3. The Initial Notice of Potential Assumption and Assignment lists 24 contracts with Schindler as executory contracts that may be assumed and assigned to the purchaser in connection with the Global Sale Transaction, including the MSA (the "Initial Schindler Executory Contracts").

4. The Initial Notice of Potential Assumption and Assignment listed a cure amount for the MSA of $2,510,064 and amounts of "0.00" for the remaining contracts listed for work at various locations.

5. Schindler does not have a breakdown of how the Debtors arrived at $2,510.064 for the cure amount due under the MSA and the 0.00 cure amounts for the remaining Initial Schindler Executory Contracts.

6. On January 26, 2019, Schindler filed a Limited Objection and Reservation of Rights in response to the Initial Notice of Potential Assumption and Assignment (D.E. 2015). In the Limited Objection and Reservation of Rights, Schindler noted that due to the multitude of contracts between the Debtors and Schindler, including both the Initial Schindler Executory Contracts and

the Schindler Agreements generally, Schindler cannot reconcile these proposed cure amounts without further information from the Debtors as to how the amounts were arrived upon.

7. The Supplemental Notice of Potential Assumption and Assignment lists 2 additional contracts with Schindler as executory contracts that may be assumed and assigned to the purchaser in connection with the Global Sale Transaction, (the "<u>Supplemental Schindler Executory Contracts</u>"). The Supplemental Notice of Potential Assumption and Assignment lists cure amounts of "0.00" for the Supplemental Schindler Executory Contracts.

8. Schindler does not object to the Debtors' assumption of the Supplemental Schindler Executory Contracts, but files this limited objection as a reservation of rights with respect to the Debtors' proposed cure obligations and to clarify its position on the record.

9. Schindler is currently engaged in communications with the Debtors to reconcile the claimed amounts due to arrive at agreed-upon cure amounts and will address these additional contracts as part of those discussions regarding the Initial Schindler Executory Contracts (D.E. 2015).

10. Schindler reserves all of its rights, claims, and defenses related to its claim against the Debtors, and Schindler reserves the right to submit additional amounts that it may be owed by the Debtors under the Supplemental Schindler Executory Contracts that may accrue prior to the date of assumption and assignment.

Wherefore, Schindler Elevator Corporation respectfully requests that the Court enter an Order with respect to the Debtors' cure obligations related to the Supplemental Schindler Executory Contracts, that such Order: (1) direct the Debtors to pay Schindler as a cure amount all sums due and owing, plus any and all arrearages that may arise under any of the Schindler

Agreements and to provide Schindler adequate assurance of future performance, and (2) grant Schindler such other and further relief the Court deems just and proper under the circumstances.

Dated: January 31, 2019
New York, New York

*s/ Stephen V. Falanga*
Stephen V. Falanga
Colleen M. Maker
WALSH PIZZI O'REILLY FALANGA LLP
1037 Raymond Blvd., Ste 600
Newark, New Jersey 07102
sfalanga@walsh.law
cmaker@walsh.law
Telephone: (973) 757-1100