Matthew B. Stein (MStein@kasowitz.com)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorney for Steel 1111 LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, *et al.*,                        :    Case No. 18-23538 (RDD)
                                                             :
               Debtors.[1]                                   :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

### OBJECTION OF STEEL 1111 LLC TO DEBTORS' SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION

Steel 1111 LLC ("**Steel**" or "**Landlord**"), by and through its undersigned counsel, hereby submits this objection and reservation of rights (the "**Objection**") to the Debtors' *Supplemental*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*, dated January 23, 2019 [ECF No. 1774] (the "**Notice**") as it relates to the potential assumption and assignment of that certain lease agreement (as amended, the "**Lease**"), dated as of April 11, 2018 between the Landlord and Sears, Roebuck & Co., as tenant ("**Sears**"). In support of this Objection, Steel respectfully states as follows:

## BACKGROUND

1. On October 15, 2018 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Pursuant to the Lease, Landlord leases to Sears certain real property located at 1111 Franklin Avenue, Garden City, New York (the "**Leased Premises**"). The Debtors identify the Lease as number 563 in Exhibit A-1 to the Notice.

3. On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* [ECF No. 1730], which provided that the Debtors had determined that a bid submitted by Transform Holdco, LLC (the "**Buyer**"), an affiliate of ESL Investments, Inc., was the prevailing bid at the auction.

4. On January 23, 2019, the Debtors filed the Notice, which provided, among other things, a list of contracts and leases that Debtors may assume and assign to the Buyer, including the Debtors' proposed cure amounts for such contracts and leases. The Debtors assert in the Notice that the amount necessary to cure the defaults under the Lease for the Leased Premises is $157,917 (the "**Proposed Cure Amount**").

2

5. Additionally, attached as Exhibit C to the Notice was a letter from the Buyer that purported to contain adequate assurance information ("**Adequate Assurance Information**"). The letter contained only limited financial information about the Buyer and, of particular import, noted that the Buyer has "the ability to assign certain contracts or leases to any third parties. The identities of any such third parties are not yet known." As a result, at a minimum, the letter did not contain sufficient adequate assurance information concerning any potential third party assignee.

## OBJECTION

6. Steel does not object to the assumption and assignment of the Lease to the Buyer. It does dispute, however, the accuracy of the Proposed Cure Amount and the sufficiency of the Adequate Assurance Information provided to date.

**The Cure Amount.**

7. Section 365(b)(1) of the Bankruptcy Code provides that:

[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default … ;
(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C § 365(b)(1).

8. The Landlord's books and records reflect that the Proposed Cure Amount is incorrect and that the actual amount necessary to cure the defaults under the Lease for the Leased Premises (the "**Actual Cure Amount**"), as of February 1, 2019, is not less than $166,270.99.

3

This amount does not include amounts that are accrued but unbilled or amounts that are not yet known or due under the terms of the Lease (including, without limitation, amounts owing on account of taxes, insurance, and indemnities) all of which Sears must satisfy prior to the assumption of the Lease. For example, the Landlord's books and records reflect that an additional $52,925.10 on account of certain tax invoices is due on February 10, 2019.

9. Further, pursuant to Section 8 of the Lease, Sears must keep the Leased Premises in good repair and make all necessary and appropriate repairs. Sears has a continuing obligation to satisfy this provision of the Lease, including but not limited to ongoing repairs to a parking garage that is included in the Leased Premises. The Landlord also notes that because Sears remains in possession of the Leased Premises, it is not able to account for what additional repairs Sears will need to complete to satisfy its cure obligation.

10. The Landlord further requests that Sears reimburse it for all of its actual pecuniary losses including, but not limited to, attorney's fees and costs expended in connection with the Debtors' bankruptcy proceedings pursuant to Sections 10, 22, and 26 of the Lease.

11. Finally, to the extent that rent or other obligations arising under the Lease become due after the date of this Objection and prior to the date the Lease is assumed, Landlord reserves the right to amend this Objection to reflect such additional amounts in the Actual Cure Amount which may not have yet been billed or which have not yet become due under the terms of the Lease.

12. Pursuant to Section 365(b)(1) of the Bankruptcy Code, the Debtors cannot assume the Lease until the Actual Cure Amount is satisfied in full. Accordingly, Steel respectfully requests entry of an order conditioning the assumption and assignment of the Lease on the prompt payment of the Actual Cure Amount.

**Adequate Assurance Information**

13. Section 365(f)(2)(B) of the Bankruptcy Code permits the assignment of a lease only if "adequate assurance of future performance by the assignee of such contract or lease is provided . . . ."

14. Neither the Debtors nor the Buyer has provided any information pertaining to potential third party assignees. Further, because the Buyer has not yet indicated whether it will assume the Lease, the Landlord is still reviewing the provided Adequate Assurance Information and any other information regarding the Buyer that it becomes aware of until the date of assignment.

15. Accordingly, Steel reserves the right to supplement this Objection upon receipt and review of additional information if Steel believes that the information provided remains insufficient to satisfy the requirements of the Bankruptcy Code.

## JOINDER IN OBJECTIONS OF OTHER LANDLORDS

16. To the extent not inconsistent with this Objection, the Landlord joins in the objections asserted by other landlords.

## RESERVATION OF RIGHTS

17. Landlord reserves its right to assert any and all other claims against the Debtors arising out of or related to the Lease, including but not limited to, claims that result in the modification of the Allowed Cure Amount. Landlord further reserves its right to object to Adequate Assurance Information provided by the Buyer or any third party to whom Buyer seeks to assign the Lease.

WHEREFORE, Steel respectfully requests that the Court (i) enter an order (a) requiring the Debtors to pay the Actual Cure Amount and satisfy all other obligations arising under the

Lease until the actual date the Lease is assumed, (b) requiring the Debtors to provide information sufficient to provide adequate assurance of future performance under the Lease; and (ii) grant such other and further relief as the Court deems just and proper.

Dated: January 31, 2019
       New York, New York

By: /s/ Matthew B. Stein
Matthew B. Stein
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
(212) 506-1700 (telephone)
(212) 506-1800 (facsimile)

*Attorney for Steel 1111 LLC*