GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Tel:   (617) 482-1776
Fax:   (617) 574-4112
Douglas B. Rosner, Esq.

885 Third Avenue, 18th Floor
New York, New York 10022
Tel:   (212) 878-6900
Fax:   (212) 878-6911
Trevor R. Hoffmann, Esq.

*Counsel to Stag IV Cheektowaga, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF STAG IV CHEEKTOWAGA, LLC TO THE DEBTORS'
SUPPLEMENTAL NOTICE PROPOSED CURE COSTS IN CONNECTION WITH
<u>GLOBAL SALE TRANSACTION</u>**

Stag IV Cheektowaga, LLC (the "Landlord") hereby file this limited objection (the "Limited Objection") to the cure amounts proposed by the above-captioned debtors (the "Debtors") in the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* [Docket No. 1774] (the "Supplemental Cure Notice"). In further support of this Limited Objection, the Landlord states as follows:

## BACKGROUND

1. On January 18, 2019, the Debtors filed a *Notice of Successful Bidder and Sale Hearing* (the "Sale Notice") [Docket No. 1730], in which the Debtors declared Transform Holdco, LLC (the "Buyer"), to be the successful bidder to acquire substantially all of the Debtors' assets.

2. On January 18, 2019, the Debtors filed a *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* (the "Cure Notice") [Docket 1731].

3. On January 23, 2019, the Debtors filed the *Supplement Cure Notice.*

4. The Sale Notice contemplates that the Debtors will assume and assign their leasehold interests in the certain unexpired, nonresidential real property leases, potentially including the Leases (defined below), to the Buyer[1] pursuant to Section 365 of the Bankruptcy Code.

5. The Landlord and Sears, Roebuck and Co, as tenant, are parties to that certain lease dated November 20, 2011 for premises located at 60 Industrial Parkway, Cheektowaga, New York (the "Lease").

---

[1] For the purposes of this Objection, such term shall include Buyer, its designees, assignees and their respective affiliates, as applicable.

4842-4503-5654

**CURE OBJECTION**

6. In the Supplemental Cure Notice, the Debtors assert that the cure amounts with respect to the Lease are $13,666.67. As of the date hereof, the actual arrearages currently owed under the Lease total at least $20,657.57 representing underpaid real estate tax escrow. See Exhibit A hereto.

7. In addition to arrearages, the Debtors are required to take into account the actual pecuniary losses suffered by the Landlord resulting from the Debtors' default under the Lease. The Landlord is entitled to be reimbursed under the terms of its Lease, and pursuant to Section 365(b)(1)(B) of the Bankruptcy Code[2], for its actual pecuniary losses, including, but not limited to, attorneys' fees and costs incurred in response to and directly resulting from the Debtors' default and request to assume and assign the Lease as part of their contemplated sale process.

8. As of January 30, 2019, post-petition attorneys' fees and costs incurred in connection with the Lease are at least $11,222.00. This amount is subject to increase as and to the extent the Landlord incurs additional attorney's fees and costs in these cases.

9. Taking the foregoing cure amount in the aggregate, the Landlord submits that the minimum cure amount for its Lease, as of the date hereof, is $31,879.57.

10. In addition, the amount of the Cure Claim remains subject to upward adjustment for amounts that are billed or become due under the Lease after the date hereof including, without limitation, any year-end additional rent true-up amounts and other reconciliations that may later be billed by the Landlord for, among other things, royalties, rents, utilities, taxes, insurance, fees, common area charges, promotional funds and percentage rent (the "Lease Reconciliations").

---

[2] 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code")

4842-4503-5654

11.     In paragraph 34 of Proposed Sale Order,[3] however, the Debtors contemplate funding a segregated account (the "Segregated True-Up Account") for each Landlord in an amount equal to the Debtors' expected obligations in respect of year-end adjustments. Similarly, the APA (i) provides that the Buyer shall not be responsible for paying the portion of any Lease Reconciliations that are attributable to the period prior to the closing of the sale, and (ii) caps Buyer's liability for Assumed Property Tax Liabilities at $135,000,000. *See* APA at §§ 2.1, 2.5. Additionally, both paragraph 36 of the Proposed Sale Order and section 2.2 of the APA purport to eliminate Buyer's liability for "Excluded Asset-Sales Taxes" and "Excluded Asset-Reorganization Taxes" (as defined in the APA). *See* Proposed Order at ¶ 36(y); APA at § 2.2.

12.     Section 365 of the Bankruptcy Code and applicable law require the Debtors and Buyer to fully cure the Lease as a pre-condition to assumption and assignment. Accordingly, Section 2.5 of the proposed Asset Purchase Agreement (the "APA") must be revised to reflect Buyer's continuing obligations. The Debtors and affiliated Buyer cannot shift to the Landlord the risk of nonpayment of Lease Reconciliations to the extent the Segregated True-Up Account is not sufficient. The Debtors and affiliated Buyer should estimate these assumed liabilities between themselves and make any appropriate purchase price adjustments. The Buyer should then be liable to pay any Lease Reconciliations as and when they become due and payable under the Lease regardless of when they arose. This is especially important, since the Debtors are obtaining releases (and will have no funds available to fund shortfalls in the future). Additionally, Section 2.1 of the APA, which proposes to cap Assumed Property Tax Liabilities at $135,000,000, must be revised to strike the cap. Buyer is assuming obligations under the

---

[3] *See* proposed *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith and (IV) Granting Related Relief (*the "Proposed Sale Order"), attached as Exhibit B to the Sale Notice.

4842-4503-5654

Lease, which requires the tenant thereunder to pay its allocated portion of real estate taxes. The Landlord should not have to assume the risk that aggregate real estate taxes might exceed the proposed cap. Similarly, Buyer cannot avoid curing amounts due under the Lease (if any) in connection with Excluded Asset-Sales Taxes or Excluded Asset-Reorganization Taxes, and Buyer's language purporting to do so must be stricken from Paragraph 36 of the Proposed Order.

13. Alternatively, if the Court approves the use of the Segregated True-Up Account as the means by which pre-closing Lease Reconciliations will be paid, the Landlord proposes that the Segregated True-Up Account be funded in the amount of 120% of the anticipated 2018 true-up and reconciliation amounts for the Lease. Providing for a reasonable cushion should at least reduce the risk that the Landlord will be saddled with underfunded accounts in the event true-ups and reconciliations exceed estimated amounts. Additionally, the Buyer must remain liable to pay all taxes and maintenance of the leased premises pursuant to the Lease regardless of when the charges arose.

14. In addition to the monetary obligations that the Debtors must satisfy under Section 365 of the Bankruptcy Code, the Lease also provides that the Debtors must indemnify and hold harmless the Landlord with regard to existing claims as well as with regard to events which may have occurred before the assumption and assignment of the Lease but which are not made known to the Landlord (and possibly the Debtors) until after the assumption and assignment. Accordingly, the Debtors must be required to evidence, or obtain adequate insurance in order to guaranty (by way of their purchase of a "tail" or otherwise) that the indemnity responsibilities will be met. Claims for indemnity may include, but are not limited to, claims for personal injuries at the Premise, where a Landlord is joined as a party defendant,

4842-4503-5654

damage and destruction to the Premises by the Debtors or their agents, and claims for environmental damage or environmental clean-up[4].

## RESERVATION OF RIGHTS

15.     The Landlord reserves the right to supplement this Limited Objection, including with additional charges, obligations and costs (including attorney's fees and expenses) that may arise under the Lease prior to the effective date of any assumption of the Lease.

## JOINDER

16.     The Landlord hereby joins in any other objections to the Proposed Sale Order, the APA, the Cure Notice and the Supplemental Cure Notice filed by other landlords or the Official Committee of Unsecured Creditors, to the extent not inconsistent with this Objection.

WHEREFORE, the Landlord respectfully request that the Court enter an order (i) allowing the Cure Claim in the amount of at least $31,879.57 (subject to adjustment to account for any charges under the Lease that become due after the date hereof), (ii) providing that Buyer shall be liable to pay any and all Lease Reconciliations as and when they become due and payable under the Lease regardless of when they arose or, alternatively, requiring that the Debtors establish individual Segregated True-Up Accounts for the Landlord in an amount of 120% of historical 2018 true-up and reconciliation amounts, and that the Buyers shall remain liable for any shortfall for any and all accrued charges, reconciliations, indemnity obligations and other obligations under the Leases, whether or not such charges and obligations relate to a period of time prior to assignment of such Lease, and (iii) granting to the Landlords such other and further relief as the Court deems just and proper.

---

[4] If the Debtors are covered under an "occurrence basis" insurance policy, rather than a "claims made" insurance policy, this objection may be satisfied by proof of such insurance by the Debtors for the Landlords' locations.

6

4842-4503-5654

Respectfully Submitted,

Dated: January 31, 2019

/s/ Douglas B. Rosner
Douglas B. Rosner, Esq.
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA 02110-3333
Tel: (617) 482-1776
drosner@goulstonstorrs.com

Trevor R. Hoffmann
GOULSTON & STORRS PC
885 Third Avenue, 18th Floor
New York, New York 10022
Tel:    (212) 878-6900
Fax:    (212) 878-6911
thoffman@goulstonstorrs.com

## *EXHIBIT A*

CM Inquiry Report for Occupant: Sears, Roebuck and C From 1/1/2018 to 12/31/2019
Sorted by Date for Open / Closed Charges.

| Master Occupant ID: | | Balance Forward:: | 0.00 |
|---|---|---|---|
| Address Id:: | | Charges (Debit): | ##### |
| Building II cheekt | | Receipts (Credit): | ##### |
| Lease ID: 2/19/1900 | | Prepaid:: | 0.00 |
| Income Ca All | | Net: | ##### |
| Receipt Ty All | | Security Deposit: | 0.00 |
| Receipt D. All | | | |

| Cat | Date | BatchID | Building ID | Lease I | Src | Description | Charges (Debit) | Receipts (Credit) | Receipt Type Id | Receipt Descrip | Balance | Invoice |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TAX | 1/1/2018 | 6626 | CHEEKT | 50 | CH | AUTOCHRG @T1/31/2018 | 4,194.13 | 0.00 | | | 4,194.13 | |
| TAX | 1/3/2018 | 6701 | CHEEKT | 50 | CR | Receipt | 0.00 | -4,194.13 | CHK | 1078336 | 0.00 | |
| TAX | 2/1/2018 | 6725 | CHEEKT | 50 | CH | AUTOCHRG @T2/28/2018 | 4,194.13 | 0.00 | | | 4,194.13 | |
| TAX | 2/6/2018 | 7187 | CHEEKT | 50 | CR | CreditApply | 0.00 | -4,194.13 | APL | 1106416 | 0.00 | |
| TAX | 2/15/2018 | 7415 | CHEEKT | 50 | NC | Estimate Reconciliation | 0.00 | -866.27 | | | -866.27 | |
| TAX | 3/1/2018 | 7426 | CHEEKT | 50 | CH | AUTOCHRG @T3/31/2018 @R | 3,761.00 | 0.00 | | | 2,894.73 | |
| TAX | 3/26/2018 | 7543 | CHEEKT | 50 | CR | CreditApply | 0.00 | -3,671.00 | APL | 1127919 | -776.27 | |
| TAX | 4/1/2018 | 7512 | CHEEKT | 50 | CH | AUTOCHRG @T4/30/2018 | 3,761.00 | 0.00 | | | 2,984.73 | |
| TAX | 4/10/2018 | 7643 | CHEEKT | 50 | CR | CreditApply | 0.00 | -90.00 | APL | 1127919 | 2,894.73 | |
| TAX | 5/1/2018 | 7651 | CHEEKT | 50 | CH | AUTOCHRG @T5/31/2018 | 3,761.00 | 0.00 | | | 6,655.73 | |
| TAX | 5/30/2018 | 7865 | CHEEKT | 50 | CR | CreditApply | 0.00 | -3,761.00 | APL | | 2,894.73 | |
| TAX | 5/30/2018 | 7865 | CHEEKT | 50 | CR | CreditApply | 0.00 | -3,761.00 | APL | | -866.27 | |
| TAX | 6/1/2018 | 7800 | CHEEKT | 50 | CH | AUTOCHRG @T6/30/2018 | 3,761.00 | 0.00 | | | 2,894.73 | |
| TAX | 6/8/2018 | 7900 | CHEEKT | 50 | CR | CreditApply | 0.00 | -3,761.00 | APL | | -866.27 | |
| TAX | 7/1/2018 | 7908 | CHEEKT | 50 | CH | AUTOCHRG @T7/31/2018 | 3,761.00 | 0.00 | | | 2,894.73 | |
| TAX | 7/9/2018 | 7994 | CHEEKT | 50 | CR | CreditApply | 0.00 | -150.00 | APL | | 2,744.73 | |
| TAX | 7/24/2018 | 8038 | CHEEKT | 50 | PR | CreditApply | 465.61 | 0.00 | | | 3,210.34 | |
| TAX | 7/24/2018 | 8038 | CHEEKT | 50 | CR | CreditApply | 0.00 | -243.34 | APL | | 2,967.00 | |
| TAX | 7/24/2018 | 8038 | CHEEKT | 50 | CR | CreditApply | 0.00 | -2,902.05 | APL | | 64.95 | |
| TAX | 7/24/2018 | 8038 | CHEEKT | 50 | CR | CreditApply | 0.00 | -465.61 | APL | | -400.66 | |
| TAX | 8/1/2018 | 8001 | CHEEKT | 50 | CH | AUTOCHRG @T8/31/2018 | 3,761.00 | 0.00 | | | 3,360.34 | |
| TAX | 8/28/2018 | 8151 | CHEEKT | 50 | PR | CreditApply | 400.66 | 0.00 | | | 3,761.00 | |
| TAX | 8/28/2018 | 8151 | CHEEKT | 50 | CR | CreditApply | 0.00 | -400.66 | APL | | 3,360.34 | |
| TAX | 8/28/2018 | 8151 | CHEEKT | 50 | CR | CreditApply | 0.00 | -11.42 | APL | 171330 | 3,348.92 | |
| TAX | 9/1/2018 | 8099 | CHEEKT | 50 | CH | AUTOCHRG @T9/30/2018 | 3,761.00 | 0.00 | | | 7,109.92 | |
| TAX | 9/7/2018 | 8189 | CHEEKT | 50 | CR | Receipt | 0.00 | -11.42 | CHK | 172740 | 7,098.50 | |
| TAX | 10/1/2018 | 8196 | CHEEKT | 50 | CH | AUTOCHRG @T10/31/2018 | 3,761.00 | 0.00 | | | 10,859.50 | |
| TAX | 10/10/2018 | 8290 | CHEEKT | 50 | CR | Receipt | 0.00 | -11.42 | CHK | 174087 | 10,848.08 | |
| TAX | 11/1/2018 | 8297 | CHEEKT | 50 | CH | AUTOCHRG @T11/30/2018 | 3,761.00 | 0.00 | | | 14,609.08 | |
| TAX | 11/9/2018 | 8370 | CHEEKT | 50 | CR | Receipt | 0.00 | -11.42 | CHK | 180120 | 14,597.66 | |
| TAX | 12/1/2018 | 8371 | CHEEKT | 50 | CH | AUTOCHRG @T12/31/2018 | 3,761.00 | 0.00 | | | 18,358.66 | |
| TAX | 12/11/2018 | 8442 | CHEEKT | 50 | CR | Receipt | 0.00 | -1,011.42 | CHK | 181111 | 17,347.24 | |
| TAX | 12/11/2018 | 8445 | CHEEKT | 50 | PR | Misapplied Payt | 1,011.42 | 0.00 | CHK | 181111 | 18,358.66 | |
| TAX | 12/11/2018 | 8446 | CHEEKT | 50 | CR | Receipt | 0.00 | -11.42 | CHK | 181111 | 18,347.24 | |
| TAX | 1/1/2019 | 8465 | CHEEKT | 50 | CH | AUTOCHRG @T1/31/2019 | 3,761.00 | 0.00 | | | 22,108.24 | |
| TAX | 1/11/2019 | 8553 | CHEEKT | 50 | CR | Receipt | 0.00 | -11.42 | CHK | 182129 | 22,096.82 | |
| | | | | | | | 51,636.95 | -29,540.13 | | | | |

Highlighted note at 1/11/2019 row: *This balance is as a result of monthly under payment of RET escrow since August 2018 through January 2019.*

| | | |
|---|---|---|
| AR balance | | 22,096.82 |
| Final 2018 rec | | (1,439.25) |
| Bal as of 1/31/2019 | $ | 20,657.57 |

GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Tel:    (617) 482-1776
Fax:    (617) 574-4112
Douglas B. Rosner, Esq.

885 Third Avenue, 18th Floor
New York, New York 10022
Tel:    (212) 878-6900
Fax:    (212) 878-6911
Trevor R. Hoffmann, Esq.

*Counsel to Stag IV Cheektowaga, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January, 2019, I caused a copy of the foregoing pleading to be served via (i) overnight mail delivery to the Chambers of the Honorable Judge Robert D. Drain, and (ii) via ECF, electronic mail or first-class mail to all parties on the attached service list.

/s/ Douglas B. Rosner
Douglas B. Rosner, Esq.
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA 02110-3333
Tel: (617) 482-1776
drosner@goulstonstorrs.com

1

4842-4503-5654

## Service List

**EMAIL/ECF**

**I.    Bid Notice Parties**

a.   Debtors
     Rob Riecker: rob.riecker@searshc.com
     Luke Valentino: luke.valentino@searshc.com
     Mohsin Meghji: mmeghji@miiipartners.com
     General Counsel: counsel@searshc.com

b.   Debtors' counsel
     Ray Schrock, Esq.: ray.schrock@weil.com
     Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
     Garrett A. Fail, Esq.: garrett.fail@weil.com
     Sunny Singh, Esq.: sunny.singh@weil.com
     Ellen J. Odoner, Esq.: Ellen.Odoner@weil.com
     Gavin Westerman, Esq.: Gavin.Westerman@weil.com

c.   Debtors' investment banker:
     Brandon Aebersold and Levi Quaintance: project.blue.rx@lazard.com

**II.   Buyer Parties**

a.   Buyer
     Kunal S. Kamlani: kunal@eslinvest.com
     Harold Talisman: harold@eslinvest.com

b.   Counsel
     Christopher E. Austin, Esq.: caustin@cgsh.com
     Benet J. O'Reilly, Esq.: boreilly@cgsh.com
     Sean A. O'Neal, Esq.: soneal@cgsh.com

**III.  Consultation Parties**

a.   Bank of America
     Paul Leake, Esq.: Paul.Leake@skadden.com
     Shana Elberg, Esq.: Shana.Elberg@skadden.com
     George Howard, Esq.: George.Howard@skadden.com

b.   Wells Fargo Bank
     Kevin J. Simard, Esq.: ksimard@choate.com
     Jonathan D. Marshall, Esq.: jmarshall@choate.com

1

4842-4503-5654

    c.    Committee
        Ira S. Dizengoff, Esq.: idizengoff@akingump.com
        Philip C. Dublin, Esq.: pdublin@akingump.com
        Abid Qureshi, Esq.: aqureshi@akingump.com
        Sara L. Brauner, Esq.: sbrauner@akingump.com

**IV.**    **US Trustee**

    (served electronically)
    U.S. Federal Office Building
    201 Varick Street, Suite 1006
    New York, NY 10014
    Paul Schwartzberg
    Richard Morrissey

**Via First Class Mail**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

4842-4503-5654