UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors[1]. | (Jointly Administered) |

**OBJECTION TO THE SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE GLOBAL SALE TRANSACTION AND NOTICE OF EXPIRATION OF LEASE**

Steven Bruce as Trustee of the STEVEN BRUCE REVOCABLE TRUST, a trust formed under the laws of the State of California dated July 16, 1996; Cara Bruce and Lou Cuida as Trustees of the CARA BRUCE IRREVOCABLE TRUST, a trust formed under the laws of the State of Virginia dated December 6, 1993; and Allison Bruce and Lou Guida as Trustees of the ALLISON BRUCE IRREVOCABLE TRUST, a trust formed under the laws of the State of Virginia dated December 6, 1993 (collectively the "Fee Owners"), by and through counsel, hereby file their objection to the Supplemental Notice of Cure Costs and Potential Assumption

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

and Assignment of Executory Contracts and Unexpired leases in Connection with the Global

Sale Transaction (Doc. 1774)(the "Notice"), and provide notice to all parties that Debtors have

no lease with the Fee Owners and no legal right to assume and assign a lease for premises located

at 1001 Patton Avenue, Asheville, North Carolina (the "Premises"). As explained below, the

ground lease for the Premises expires by its terms on January 31, 2019, and the Debtors have no

right to possession of the Premises following that date. In further support of their objection, the

Fee Owners state as follows:

1.      Fee Owners are not creditors of this Estate nor are they in privity of contract with

the Debtors.

2.      The Notice incorrectly makes reference on page 10 of Exhibit A-1 at line 208 to

a ground lease with the Estate of Walter R. Samuels (deceased) as the counterparty with an

alleged expiration date of 2/29/2020 (the "Ground Lease") and on page 8 of Exhibit B-1 at line

224 to a master lease with the Estate of Walter R. Samuels and Marilyn Joy Samuels as the

counterparty with an alleged expiration date of 11/20/2022 (the "Master Lease").

3.      These exhibits are incorrect. The Fee Owners are the owners of the fee simple

title to the Premises. The Debtors have no lease or executory contract with the owners of the

Premises. The Debtors are not operating a store on the Premises.

4.      Rather, the Debtors, and specifically Kmart Corporation, purport to have a lease

with Nineteenth Asheville Properties, which lease was originally between Patton Avenue

Development Corporation as landlord and S.S. Kresge Company as tenant dated December 18,

1964 as amended. However, as described in detail in **Exhibit A** attached hereto and incorporated

herein by reference, no agreement or amendment entered into by Kmart Corporation and its

2

landlord (which is either the tenant under a ground lease of the Premises or a sublessee under the ground lease) can bind the Fee Owners of the Premises. Further, the ground lease of the Premises expires on January 31, 2019 and cannot be extended. Thus, any party, such as Kmart Corporation or its landlord, asserting a right of possession that is dependent upon the continued existence of the ground lease, has no such right of possession.

5.      Section 365 of the Bankruptcy Code applies only to unexpired leases. Further, neither section 365 nor any other provision of the Bankruptcy Code can alter underlying property rights of the Fee Owners or the Debtors, which rights are controlled by state law. As of the date of the purported assumption and assignment, the ground lease for the Premises will have expired, and as a result any lease to which the Debtors are party will be of no force and effect. Thus, the Debtors have no right to assume or assign any lease or executory contract with respect to the Premises.

6.      Pursuant to this Objection, the Fee Owners are noticing their objection to the incorrect assertions in the Notice and noticing the Debtors and the Buyer that the leases for the Premises to which the Debtor purport to be a party are of no force or effect after January 31, 2019.

7.      The Fee Owners reserve all of their rights, including the right to make further objections or assert additional bases for their objections and to submit additional facts, documents or other evidence to the Court relating to matters concerning the Premises.

Dated: January 31, 2019        Respectfully submitted,
      New York, New York

By: /s/ Brett D. Goodman

Brett D. Goodman
Eunjin Lee LoBello
TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
Facsimile:  (212) 704-6288
Brett.Goodman@troutman.com
Eunjin.lobello@troutman.com

*Attorneys for Fee Owners*

# EXHIBIT A

| | |
|---|---|
| **The Allison Bruce Irrevocable Trust** | **The Cara Bruce Irrevocable Trust** |
| **2402 Jackstay Terrace** | **2402 Jackstay Terrace** |
| **Reston, Virginia 20190-2619** | **Reston, Virginia 20190-2619** |

August 6, 2018

**U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Ms. Joanne Catanese
Divisional Vice President, Real Estate
Kmart Corporation
c/o Sears Holding Corporation
3333 Beverly Road, 824RE
Hoffman Estates, Illinois 60179

      Re:  1001 Patton Avenue, Asheville, North Carolina
            Kmart Store #4112

           **REJECTION OF LEASE EXTENSION; NOTICE OF LEASE
           EXPIRATION; DEMAND FOR POSSESSION**

Dear Ms. Catanese:

      We are writing, as and on behalf of The Allison Bruce Irrevocable Trust, The Cara Bruce Irrevocable Trust and The Steven Bruce Revocable Trust (collectively, the "**Fee Owners**"), as the owners of fee simple title to the above-described property, in response to your correspondence of July 20, 2018 (the "**Notice**"), to Nineteenth Asheville Properties ("**NAP**") and the Estate of Walter R. Samuels and Marilyn Joy Samuels (collectively, the "**Samuels**", with the Samuels and NAP being herein collectively "**19ᵗʰ & Samuels**"). In the Notice, Kmart Corporation ("**Kmart**"), writing on letterhead of Sears Holdings ("**Sears**"), purports to extend through November 30, 2022, the Lease (as amended as hereafter described, the "**Kmart Lease**") between Patton Avenue Development Corporation ("**PADC**"), as "Landlord", and S. S. Kresge Company ("**Kresge**"), as "Tenant", dated December 18, 1964 (as amended by Amendment to Lease between such parties dated August 27, 1965, Second Amendment to Lease between NAP and Kmart dated March 3, 1992 [the "**Second Amendment to Kmart Lease**"], and Third Amendment to Lease between NAP and Kmart dated May 23, 2017 [the "**Third Amendment to Kmart Lease**"]) for premises at 1001 Patton Avenue, Asheville, Buncombe County, North Carolina. Response to the Notice has previously been given (i) by Glenn S. Howarth, General Counsel to J&W Management Corp., dated July 24, 2018, and sent on behalf of 19ᵗʰ & Samuels, and (ii) e-mail correspondence of Steven Bruce on behalf of The Steven Bruce Revocable Trust also dated July 24, 2018 (copies of both of which, being herein the "**Prior Responses**", are attached).

      This correspondence is written in amplification of the Prior Responses, as the Notice from Kmart did not and does not, for the reasons more fully articulated below, bind Fee Owners, as a result of which the term of the Kmart Lease has not been thereby extended, and cannot be extended,

Kmart Corporation
August 6, 2018
-- page 2 --

beyond its current expiration date of January 31, 2019, without the express written agreement of Fee Owners, which agreement has not been obtained.

When the Kmart Lease was entered into in 1964, PADC was the owner of the "**Commercial Development**" (as described and defined in the Kmart Lease) that was subject to the Kmart Lease, including the portion thereof leased to Kmart (the "**Premises**"). After the date of the Kmart Lease, ownership of the Commercial Development was transferred by a series of conveyances on February 1, 1966, from PADC to Martin Bruce and wife, Sylvia Bruce (collectively, the "**Bruces**"). Fee Owners in turn have succeeded to the interests of the Bruces in ownership of fee title to the Commercial Development.

Immediately following conveyance of fee ownership of the Commercial Development to the Bruces, the Commercial Development was in turn ground leased by the Bruces to Patton Plaza Associates ("**PPA**") by Agreement (as amended as hereafter described, the "**Ground Lease**") dated February 1, 1966 (as amended by Agreement between such parties dated November 5, 1969, Agreement dated July 11, 1972, between the Bruces and Nineteenth Asheville Corp. ("**NAC**", errantly described in such instrument as Nineteenth Ashville Corp.), and Agreement dated July 27, 1973, between the Bruces and NAC). The Ground Lease was, by its terms, entered into and made subject to the Kmart Lease.

Following the entering into of the Ground Lease, PPA transferred and assigned the interest of the tenant under the Ground Lease to NAC by Assignment dated November 6, 1969. NAC in turn assigned the interest of the tenant under the Ground Lease to Asheville K-M Associates ("**Asheville K-M**"[1]) by Assignment dated December 17, 1975, following which Asheville K-M effectively sublet the Commercial Development back to NAC by virtue of Lease between such parties dated December 23, 1975 (the "**Sandwich Lease**"). The Sandwich Lease by its terms was made expressly subject to subleases then in existence.

Record notice of the Ground Lease was filed in the Office of the Register of Deeds of Buncombe County, North Carolina (the "**Registry**"), in Book 934, Page 649 (filed February 1, 1966), and Book 2601, Page 846 (filed October 5, 2001). Likewise, evidence of assignment of the Tenant's interest under the Ground Lease has been recorded at Book 1009, Page 487 (filed November 7, 1969), Book 1133, Page 376 (filed December 23, 1975) and Book 2220, Page 433 (filed January 10, 2000), all in the Registry. In addition, record notice of the Sandwich Lease was filed in the Registry in Book 1134, Page 438 (filed January 13, 1976) and Book 1135, Page 162 (filed January 23, 1976).

---

[1] Asheville K-M Associates further assigned the interest of the tenant under the Ground Lease to Asheville K-M Associates, LLC in connection with a partnership conversion on December 31, 1999, by Assignment recorded on January 10, 2000, at Book 2220, Page 433, in the Registry hereafter described. For purposes of this correspondence, "Asheville K-M" shall include both Asheville K-M Associates and Asheville K-M Associates, LLC, as the context requires.

Kmart Corporation
August 6, 2018
-- page 3 --


The Kmart Lease, when originally entered into, was for a term of approximately twenty (20) years, and the tenant under the Lease had options to extend the term of the Kmart Lease for three (3) consecutive terms of five (5) years each.   As the Kmart Lease commenced on or about February 1, 1966, the maximum term under the original Kmart Lease (including available extensions, had Kmart exercised its options for same) would have run through only January 31, 2001.   Because the original fee owner of the Property (PADC) entered into the original Kmart Lease, any subsequent fee owner of the Commercial Development (including the Bruces) was, along with the ground tenant under the Ground Lease, bound for that original term and the originally-contemplated extension terms, if exercised.

While the fee owner of the Commercial Development would have been bound by the Kmart Lease for its full original term (including exercised extensions) as aforesaid, interjection of the Ground Lease and Sandwich Lease changed the relationships among the interested parties.   Any amendment of the Kmart Lease signed only by Kmart and the Tenant under the Ground Lease (or, even more so, by only Kmart and the sublessee under the Sandwich Lease following introduction of that additional layer in 1975) that resulted in an extension of Kmart's occupancy of the Premises beyond January 31, 2001 (or that otherwise modified the original terms of the Kmart Lease), would **not** be effective to bind the owner of the underlying fee title to the Commercial Development, absent the written agreement of the underlying fee owner to be bound, inasmuch as – among other things -- the additional interest in the Premises being acquired by Kmart in such document was derivative of the leasehold or subleasehold estate only of Asheville K-M and the Samuels, as applicable, and record notice of such derivative interests had been properly filed of record in the Registry prior to the entering into of either of the Second Amendment to Kmart Lease and Third Amendment to Kmart Lease.   Customarily, such an agreement to be bound would be reflected in some type of non-disturbance or recognition agreement by the fee owner in favor of the subtenant (or, in this case, sub-subtenant).[2]  In the case at hand, however, an agreement binding the fee owner was never made by Kmart and the then-fee owner, as a result of which Fee Owners and their predecessors are not bound by any provisions of the 1992 and 2017 amendments to the Kmart Lease extending the term thereof beyond January 31, 2001, as those amendments were signed by Kmart and NAP only.

At this time, Asheville K-M has declined timely to exercise its right to extend the term of the Ground Lease beyond its current expiration date of January 31, 2019, and the option to do so under the Ground Lease has now expired and is of no further force and effect.   Because the option

---

[2]  We note that, in connection with a potential sub-sublease transaction proposed in 2015 by Kmart for a Golden Corral restaurant within the Commercial Development, the parties recognized that, in order to protect fully the term of the Golden Corral sublease that was being contemplated, it was necessary to have the Fee Owners, Asheville K-M and the Samuels all join in execution of such "recognition documentation."   While the Golden Corral transaction was never concluded, preparation of the necessary recognition documentation in negotiating the transaction clearly demonstrates that Kmart was aware of the layered ownership/leasing structure pertaining to the Commercial Development and that Kmart and the Samuels were unable to conclude agreements amongst themselves regarding continued leasing within the Commercial Development that would be binding upon the interests of the Fee Owners, Asheville K-M and/or the Samuels absent their execution of such documentation.

Kmart Corporation
August 6, 2018
-- page 4 --

of Asheville K-M under the Ground Lease expired, 19th & Samuels likewise had and has no further right to continued occupancy of the Commercial Development or Premises beyond January 31, 2019, as no non-disturbance or recognition agreement between Fee Owners and 19th & Samuels was entered into either.  Given that the rights to continued occupancy of the Commercial Development and Premises belonging to the parties intervening between Fee Owners and Kmart have not been extended, the rights of occupancy of both of such parties (as well as any other parties claiming through them) altogether terminate and expire on January 31, 2019.  As a result (and as stated previously), Kmart's Notice does not bind Fee Owners and, accordingly, is ineffective to extend the term of the Kmart Lease, which will likewise expire on January 31, 2019, along with the Ground Lease and Sandwich Lease.

Given the foregoing, Kmart should vacate and surrender possession of the Premises and Commercial Development to Fee Owners in accordance with the terms of the Kmart Lease on or before January 31, 2019, and demand for possession on such date is hereby made by Fee Owners.


Sincerely,

**THE ALLISON BRUCE IRREVOCABLE TRUST**


By: _Allison Bruce Trustee_

Name: Allison Bruce
Title: Trustee


Signatures to continue on next page

Kmart Corporation
August 6, 2018
-- page 5 --

**THE CARA BRUCE IRREVOCABLE TRUST**

By: _Cara Bruce_
DocuSigned by:
AE1AC14B7D054BC...

Name: Cara Bruce

Title: 8/5/2018 7:49:33 AM PDT

enclosures

cc:    Sears Holdings Corporation (via U.S. Certified Mail, Return Receipt Requested w/enclosures)
    3333 Beverly Road, 824RE
    Hoffman Estates, Illinois 60179
    Attention:  Associate General Counsel – Real Estate

    Ms. Joanne Catanese (via e-mail w/attachments)
    Glenn S. Howarth, Esq. (via e-mail w/attachments)

# J & W Management Corp.

505 Park Avenue, Suite 302, New York, New York 10022
EMAIL: Ghowarth@jw-management.com

TEL (212) 400-2424
FAX (212) 400-2425

July 24, 2018

**(Via Certified Mail and Return Receipt Requested)**

Ms. Joanne Catanese
Divisional Vice President, Real Estate
Sears Holdings
3333 Beverly Road
Hoffman Estates, IL 60176

> RE:    Lease dated December 18, 1964
> as amended and assigned, for the premises located at
> 1001 Patton Avenue, Asheville, NC and
> known as Kmart Store Unit #4112

Dear Ms. Catanese:

Nineteenth Asheville Properties and the Estate of Walter R. Samuels and Marilyn Joy Samuels, as tenants-in-common ("Landlord"), are in receipt of your notice electing to extend the subject Lease for the period commencing February 1, 2019 through November 30, 2022. A copy of such notice is attached hereto. Landlord currently leases the subject premises from Asheville K-M Associates, which in turn leases such premises from the Allison Bruce Irrevocable Trust, the Cara Bruce Irrevocable Trust, and the Steven Bruce Irrevocable Trust, which entities are collectively the fee owner of the leased premises. The two foregoing leases currently expire on January 31, 2019, and neither lease has been renewed for any additional period beyond such date. For any period after February 1, 2019, all Tenant communications regarding the leased premises should be sent to the fee owner at the following address:

Paul Bruce
2402 Jackstay Terrace
Reston, VA 20191
Email: paulbruceinc@comcast.net
Tel: (703) 909-0453

Very truly yours,

Glenn S. Howarth, Esq.
General Counsel

cc:    Julie Jenkins              (Via Email:  Julie.jenkins@searshc.com)
       Rachna K. Sachdev, Esq.    (Via Email: PAGreenHoldings@gmail.com)
       Paul Bruce                 (Via Email: Paulbruceinc@gmail.com)

GSH/vo/name/Catanese.doc

**From:** "Steven Bruce" <sb@stevenbruce.com>
**Date:** July 24, 2018 at 3:10:56 PM EDT
**To:** <PAGreenHoldings@gmail.com>, "Venus Law" <vlaw@jw-management.com>,
<Julie.Jenkins@searshc.com>
**Cc:** "paul bruce" <paulbruceinc@gmail.com>, "John Spake" <john@spakerealestate.com>,
"STEVEN BRUCE" <sb@stevenbruce.com>
**Subject: Lease dated December 18, 1964, for the premises located at 1001 Patton
Avenue, Asheville, NC - Kmart #4112**

Re: "Exercise of lease option"

Dear Sir/Madame

I an in receipt of Mr. Howarth's, Esq. letter dated 7/24/18 and JoAnne
Catanese's letter dated 7/20/18.

FYI, It is not my irrevocable trust, it is my revocable trust. I have not delegated
any authority regarding subject property to anyone.

The "lease option" or if construed as a request to lease for approximately
three years is DECLINED and REJECTED under the stated or any implied
terms.

Sincerely,

/S/

STEVEN BRUCE

This email may contain confidential and privileged material for the sole use of
the intended recipient(s).
If you are not the intended recipient please contact the sender by reply email
and delete all copies of this message.