# EXHIBIT 3

# Weil, Gotshal & Manges LLP

BY E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Candace M. Arthur
+1 (212) 310-8324
candace.arthur@weil.com

January 24, 2019

Mr. Simon Aron
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582

Re: *In re Sears Holdings Corporation, Inc., et al.*, Case No. 18-23538 (RDD) (Jointly Administered)
2530 S. Euclid Avenue, Ontario, California 91162-6619, Store #3483 (the "Leased Premises")

Dear Mr. Aron:

    This firm represents Sears Holdings Corporation and certain of its affiliates, including Kmart Corporation ("Kmart"), as debtors and debtors in possession (collectively, the "Debtors"), in the above-referenced chapter 11 cases. We are in receipt of the correspondence sent on behalf of your client, Series III of the Wolf Family Series LP ("Landlord"), dated January 17, 2019 (the "January Default Letter").

    The January Default Letter asserts that Kmart is in breach of that certain Lease between Kmart and Landlord, dated May 2, 1979 (the "Lease"), for alleged failure to operate at the above-referenced Leased Premises and alleged failure to repair, maintain and secure the Leased Premises to prevent squatters from residing therein. For the reasons set forth more fully below, the January Default Letter is in contravention of the orders entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), is in violation of the automatic stay extant under section 362 of title 11 of the United States (the "Bankruptcy Code"), and is replete with factual misrepresentations.

    As an initial matter, on October 15, 2018, the Debtors commenced the above-referenced chapter 11 cases and filed a motion seeking, among other things, to implement certain store closing procedures (the "Store Closing Procedures Motion") (ECF No. 23). The Lease Premises were among the initial stores designated in the Store Closing Procedures Motion for closure. The Bankruptcy Court approved the Store Closing Procedures Motion on an interim basis on October 26, 2018 (ECF No. 337), and on a final basis on November 26, 2018 (ECF No. 876) (together, the "Store Closing Procedures Orders").[1] The Landlord

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Store Closing Procedures Orders.

January 24, 2019                                                                                                       **Weil, Gotshal & Manges LLP**
Page 2

received notice of the Store Closing Procedure Motion and the Store Closing Procedures Orders. *See* Affidavits of Service at ECF Nos. 261, 576 and 869. The Landlord did not interpose any objection to the Store Closing Procedures Motion.[2]

The Store Closing Procedures Orders provide, in pertinent part, that the Debtors are authorized to commence Store Closing Sales and "go dark" during such sales, notwithstanding any restrictive provisions in a lease agreement. Store Closing Procedures Orders, ¶¶12 and 13. The Store Closing Procedures Orders also authorize the Debtors to abandon any remaining Store Closing Assets at a Closing Store. Store Closing Procedures Orders, ¶7.

Kmart has ceased operating at the Leased Premises in accordance with the Store Closing Procedure Orders. The Bankruptcy Court has already ruled that the very type of provision in the Lease that the Landlord is seeking to rely on as a basis to declare Kmart in default is unenforceable. Further, Kmart has investigated the Landlord's allegations of trespassers on the Leased Premises and has not found evidence of any such occurrences. The Leased Premises are secure and Kmart contests any allegations to the contrary.

In addition to the foregoing, please be advised that, to the extent the January Default Letter is an attempt in any way to declare a default under the Lease and for the Landlord to exercise its rights afforded in such circumstances, such action is in violation of the Automatic Stay. Specifically, pursuant to section 362(a) of the Bankruptcy Code, the filing of the petition operates as a stay, applicable to all entities, of

> any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. § 362(a)(3).

Any further action taken by the Landlord to exercise remedies under the Lease based on the alleged breaches may constitute a "willful" violation of the Automatic Stay. Applicable case law has established that "[w]hether the party believes in good faith that it had a right to the property is not relevant to whether the act was *willful* or whether compensation must be awarded," rather, "the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional." *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 328 (3d Cir. 1990) (internal citations omitted). Parties that willingly violate the Automatic Stay may be liable for compensatory damages, including, among other things, attorneys' fees, court costs, and punitive damages. *See id.*; 11 U.S.C. § 362(k)(1).

---

[2] We note that you filed a *Notice of Appearance* in the chapter 11 cases on October 18, 2018 (ECF No. 184). Accordingly, you have received notice of all pleadings served on the "Rule 2002 Parties" pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405).

January 24, 2019  
Page 3

**Weil, Gotshal & Manges LLP**

 

 

Should your client continue to act in a manner that is inconsistent with Kmart's rights under the Store Closing Procedures Orders and the Bankruptcy Code, Kmart will take appropriate action in the Bankruptcy Court, including seeking costs and other expenses.

Please do not hesitate to contact me if you have any questions regarding this letter or your client's obligations during the pendency of Kmart's chapter 11 case.

Very truly yours,

*/s/ Candace M. Arthur*

Candace M. Arthur  
WEIL GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York 10153  
(212) 310-8324

*Attorneys for Debtors and Debtors in Possession*