MICHAEL S. AMATO
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600

Attorneys for Lawrence Mart, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al., | Case No. 18-23538 (rdd) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------X

**OBJECTION OF LAWRENCE MART, LLC TO SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Lawrence Mart, LLC ("Lawrence Mart")[1], by and through its undersigned counsel, files this Objection ("Objection") to the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF 1774]; and proposed adequate assurance of future performance with respect to the lease (defined below) for Store No. 8273 (as designated in the Supplemental Notice), and in support thereof, respectfully states as follows:

## BACKGROUND

1.    On October 15, 2018 ("Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of

---

[1] The Supplemental Cure Notice designates the "counterparty" improperly as "Kadish."

835866

title 11 of the United States Code ("Bankruptcy Code").

2. Lawrence Mart is the landlord of property that is subject to a lease, as amended and extended from time to time (the "Lease") for certain non-residential real property located at 2400 Kresge Road, Lawrence, KS 66049 (the "Premises").

3. On or about November 19, 2018, the Bankruptcy Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (the "Global Bidding Procedures Order") [ECF No. 816] (the "Bid Procedures Order") in connection with certain of the Debtors' leases that the Debtors are attempting to assume and assign to the highest bidder.

4. On or about January 23, 2019, the Debtors filed the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF No. 1774] (the "Supplemental Cure Notice").

5. The Supplemental Cure Notice provides that the Debtors propose to assume and assign the Lease pursuant to that certain Global Asset Sale Transaction set forth in the *Notice of Successful Bidder and Sale Hearing* dated January 18, 2019 [ ECF 1730] (the "Notice of Successful Bidder").

**OBJECTION**

6. Lawrence Mart does not object to the proposed assumption and assignment of the Lease **provided that** as a condition to any assignment: (i) all of the cure costs set forth on Exhibit "A" annexed hereto are paid to Lawrence Mart; and (ii) Lawrence Mart receives adequate assurance of future performance as required by law.

7. However, as of the date of this Objection: (i) the proposed cure amount on the Notice is incorrect; and (ii) the Debtors failed to provide evidence of adequate assurance of future performance. Accordingly, Lawrence Mart objects to the proposed assumption and

2

835866

assignment of the Lease.

    **A.**    **Objection to Proposed Cure Amount**

8.    Section 365 of the Bankruptcy Code provides in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease the trustee --
>     (A)    cures, or provides adequate assurance that the trustee will promptly cure, such default . . .

11 U.S.C. § 365(b)(1)(A)

9.    Pursuant to the Supplemental Cure Notice, the Debtors assert that the applicable cure amount with respect to the Lease is $25,437.50 (the "Proposed Cure Amount"). The Proposed Cure Amount is incorrect due to its failure to include accrued but unpaid charges and expenses.

10.    As of the date hereof, the total amount of unpaid rent due and owing by the Debtors to Lawrence Mart is $25,494.50 (the "Correct Cure Amount") as set forth in Exhibit "A." In addition, the Debtors are responsible for rent and additional rent, common area maintenance, real estate taxes, operating charges, deferred maintenance and other additional rent and related charges.

11.    Based upon the foregoing, Lawrence Mart objects to the Proposed Cure Amount set forth on the Supplemental Cure Notice, and requests that the Court enter an order directing that the Debtors pay to Lawrence Mart the Correct Cure Amount pursuant to § 365(d)(1) of the Bankruptcy Code.

    **B.**    **Objection to Adequate Assurance Provided**

12.    Lawrence Mart's Objection to the sale of the Lease is made, in part, because the Debtors have failed to provide adequate assurance of future performance.

3

835866

13. Section 365(f)(2) of the Bankruptcy Code provides in pertinent part:

> The Trustee may assign an executory contract or unexpired lease of the debtor only if
>
> (A) The trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) Adequate assurance of future performance by the assignee of a contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

14. The provision of adequate assurance of future performance is an affirmative duty of the Debtors, and the Debtors bear the ultimate burden of persuasion as to issues under section 365, *See Rachels Industries*, 109 B.R. at 802; *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).

15. As set forth above, as of the date of this Objection, the Debtors did not provide adequate assurance of future performance. Absent sufficient information to satisfy §§ 365(b)(3) and (f)(2) of the Bankruptcy Code, Lawrence Mart is unable to determine whether a proposed assignee will be able to provide adequate assurance of future performance, as required under the law.

C. **Reservation of Right to Amend/Indemnification**

16. Rent, attorneys' fees and other charges (including cleanup expenses incurred following the conclusion of the proposed sale, if any) continue to accrue. Lawrence Mart reserves its rights to amend and/or supplement its Correct Cure Amount to reflect such additional amounts or to account for any additional year-end adjustments that have not yet been billed or have not yet become due under the Lease through the date of the closing on any assignment of the Lease. Lawrence Mart requests that the Debtors, or their successors, be required to comply

4

835866

with all contractual obligations to indemnify and hold the Lawrence Mart harmless with respect to events that may have occurred pre- or post-Petition Date, but that are not now known to either Lawrence Mart or the Debtors as of the date of the assignment including, without limitation, claims for personal injury that occurred at the property, and presently unknown damage and/or destruction to the Premises.

## CONCLUSION

WHEREFORE, Lawrence Mart respectfully requests that the Court enter an order:

(i)   requiring the Debtors to pay the Correct Cure Amount in the amount of $25,494.50 plus attorneys' fees, common area maintenance, real estate taxes, operating charges, deferred maintenance and other additional rent and related charges and expenses that may accrue through and including the date of assumption and assignment of the Lease; and

(ii)  requiring the Debtors to provide adequate assurance of future performance of Debtors' obligations under the Lease; and

(iii) such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
       January 31, 2019

RUSKIN MOSCOU FALTISCHEK, P.C.
Attorneys for Lawrence Mart, LLC

By: _____
    Michael S. Amato
    1425 RXR Plaza
    East Tower, 15th Floor
    Uniondale, NY 11556-1425
    (516) 663-6600

835866