**LEECH TISHMAN FUSCALDO & LAMPL, LLC**
Alan M. Kindred (NY ID #2086189)
Patrick W. Carothers, Esq. (PA ID #85721)
Gregory W. Hauswirth, Esq. (PA ID #307482)
545 Fifth Avenue, Suite 640
New York, NY 10017
Telephone: 646.351.0830
Facsimile: 412.227.5551
akindred@leechtishman.com
pcarothers@leechtishman.com
ghauswirth@leechtishman.com

*Attorneys for Libby Dial Enterprises, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

**OBJECTION OF
LIBBY DIAL ENTERPRISES, LLC TO NOTICE OF CURE COSTS AND
POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASE IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Libby Dial Enterprises, LLC (the "Landlord"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (Docket No. 1774) (the "Cure Notice"), averring as follows:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date"), Sears Holding Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

2. On November 19, 2018, the Bankruptcy Court entered an *Order Approving Global Bidding Procedures and Granting Related Relief* (Docket. No 816) (the "Global Bidding Procedures Order") approving the global bidding and sale procedures in connection with the sale or disposition of substantially all of the Debtors' assets, among other relief.

3. On December 28, 2018, Debtors filed and served the *Notice of Intent to Conduct Store Closings* (Docket No. 1444). (the "Notice"). The Notice stated that among other things, the Debtors stated that they intended to close their business operations at the Leasehold as defined herein.

4. On January 18, 2019, the Court entered that certain *Stipulation, Agreement and Order Resolving Limited Objection of Libby Dial Enterprises to Store Closing Procedures* (Docket NO. 1724) (the "Stipulation"), whereby Landlord and Debtors agreed that all parties reserved their respective rights to enforce their rights under landlord's lease with Debtors, while permitting Debtors to commence their liquidation sale without delay.

5. On January 18, 2019, the Debtors filed a *Notice of Successful Bidder and Sale Hearing* (Docket No. 2082) (the "Sale Notice").

6. On January 23, 2019, the Debtors filed the Cure Notice (Docket No. 1774) (the "Cure Notice") identifying, among others, the potential assumption of a certain lease (the

"Lease") with Landlord for Kmart store number 7062, located at 1143 Broad Street in Sumter, South Carolina (the "Leasehold").  The Lease is identified as No. 278 on Exhibit B-1 of the Cure Notice, where the Debtors assert that the proposed cure amount for the Lease is $0.00 (the "Cure Amount").

**OBJECTION**

7.      In order to assume an unexpired lease, Section 365(b)(1) of the Bankruptcy Code, requires a debtor to cure, or provide adequate assurance of a prompt cure, all outstanding defaults under the lease. 11 U.S.C. § 365(b)(1).  Further, any such lease must be assumed in its entirety.  In re MF Glob. Holdings Ltd., 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits.")

8.      In the instant case, Landlord objects to the accuracy of the Cure Amount being zero dollars, on the basis that no less than $53,080.58 in property taxes remain due and outstanding under the terms of the Lease.  A true and correct accounting of such outstanding taxes owed by Debtors to Landlord is attached hereto as Exhibit A.

9.      In addition, the Debtors are in breach of the Lease as a result of their decision to close the store operating at the Leasehold.

10.     Finally, Section 365(b)(1)(A) of the Bankruptcy Code requires any cure amount to be sufficient to cure any and all amounts due and/or defaults under the terms of the Lease at the time of the assumption.  As a result, Landlord objects to the assumption and assignment of

the Lease absent the cure of any and all amounts owed and defaults under the Lease through the actual date of assumption of the Lease.

11. Landlord reserves the right to amend and or supplement this Objection or to make additional objections as Landlord determines is appropriate, including on the basis that additional defaults are discovered under the Lease.

12. WHEREFORE, Landlord requests the Bankruptcy Court enter an Order: (1) requiring the Debtors to cure the defaults under the Lease and (2) grant such further relief as the Bankruptcy Court deems just and proper.

| | |
|---|---|
| Dated: January 31, 2019<br>New York, NY | LEECH TISHMAN FUSCALDO<br>& LAMPL, LLC<br><br>/s/ *Alan M. Kindred*<br>Alan M. Kindred (NY ID #2086189)<br>Patrick W. Carothers (PA ID #85721)<br>Gregory W. Hauswirth (PA ID #307482)<br>545 Fifth Avenue<br>New York, NY  10017<br>Telephone:  646.351.0830<br>Facsimile:   412.227.5551<br>akindred@leechtishman.com<br>pcarothers@leechtishman.com<br>ghauswirth@leethctishman.com<br><br>*Attorneys for Libby Dial Enterprises LLC* |