CKR LAW LLP
1330 Avenue of the Americas, 14th Floor
New York, New York 10019
Telephone: (212) 259-7300
Facsimile: (212) 259-8200
Gilbert R. Saydah Jr., Esq.

*Counsel to Bradshaw Westwood Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538-rdd |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Re: Docket No. 1774 |

**OBJECTION OF BRADSHAW WESTWOOD TRUST TO DEBTORS'
PROPOSED CURE AMOUNT AND POSSIBLE ASSUMPTION AND ASSIGNMENT
OF LEASE, AND DEMAND FOR SECURITY PURSUANT TO 11 U.S.C. 365(L)**

Bradshaw Westwood Trust ("Landlord") by and through its undersigned counsel, CKR Law LLP, hereby objects (the "Objection") to the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (Docket No. 1774) (the "Cure Notice") and makes demand for security pursuant to 11 U.S.C. 365(l). In support of this Objection, the Landlord respectfully states as follows:

**PRELIMINARY STATEMENT**

1.     The Landlord is the owner of the non-residential real property identified on Exhibit A hereto (the "Leased Premises") which the Debtors occupy pursuant to a written lease (as amended, the "Lease"). The Landlord does not oppose the Debtors' attempts to sell substantially all of their assets as a going concern, however the Landlord does object to (i) the Debtors' proposed cure amount and failure to pay additional pecuniary losses suffered by the

Landlord, (ii) the Debtors' proposed assumption and assignment of the Lease to a purchaser which has failed to provide any evidence of adequate assurance of future performance, and (iii) any attempts by the Debtors or purchaser to use this sale process of a means of impermissibly altering any of the provisions of the Lease, which must be assumed in full and all defaults, monetary and non-monetary, cured.  Further, in connection with any proposed assignment of the Lease, Landlord hereby makes demand for security pursuant to 11 U.S.C. 365(l).

## OBJECTION

**I.     THE DEBTORS' PROPOSED CURE AMOUNTS ARE INCORRECT**

2.     The Landlord disputes the Debtors' Proposed Cure Amounts. The correct cure amounts for the Lease are set forth on Exhibit A attached hereto, in the column titled "Landlord Cure Amount," which includes an estimate of attorneys' fees incurred to date. A partial breakdown of the calculation of the Landlord Cure Amount is also reflected on Exhibit A. The Landlord reserves the right to amend its cure amount to include additional fees and expenses which continue to accrue and any other obligations that arise, become liquidated, and/or become known to the Landlord prior to assumption or assumption and assignment of the Lease.

3.     Pursuant to the Lease, the Debtors are obligated to pay regular installments of fixed monthly rent, percentage rent, and/or gross rent, as well as a share of common area maintenance costs, real estate taxes, insurance, and/or other obligations. Prior to assumption of the Lease, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Lease and compensate the Landlord for any actual pecuniary loss, including the payment of related attorneys' fees. *See* 11 U.S.C. §365(b)(1)(B). Bankruptcy Code section 365(b)(1) measures defaults as of the "time of assumption." *See, e.g., In re Rachels Industries, Inc.*, 109 B.R. 797, 811-812 (Bankr. W.D. Tenn. 1990).

4. Attorneys' fees due under the Lease are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). As part of the Landlord's pecuniary losses, it is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Lease.

5. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlord suffers other pecuniary losses with respect to the Lease, the Landlord hereby reserves the right to amend the Landlord Cure Amount to reflect such additional amounts or to account for year-end adjustments and other reconciliations, including, without limitation, adjustments for 2017, 2018 and 2019 (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Lease.

## II. THE LEASE MUST BE ASSUMED AND ASSIGNED *CUM ONERE*

6. Bankruptcy courts have described the assumption of an unexpired lease (a prerequisite to assignment under § 365(f)(2)(A)) as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g., In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003). As the court noted in *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 175 n.3 (Bankr. E.D. Va. 1993):

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment." A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty. See Douglas G. Baird and Thomas H. Jackson, Bankruptcy 285 (2d ed. 1990) (citing Restatement (Second) of Contracts § 318(3) (1981)

3

>   ("delegation of performance ... does not discharge any duty or liability of the delegating obligor")). While the assignee may be entitled to perform for the original obligor, the original obligor remains ultimately liable until discharged by performance or otherwise. Section 365(k) changes this common law rule and relieves the estate from all liability under the lease following assignment.

*See also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (Adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach.").

7.  The Debtors are not entitled to the benefits and protections of section 365(k) unless the Leases are assumed and assigned *cum onere* – with all benefits and burdens. *See, e.g., American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999). Accordingly, as adequate assurance of future performance under the Lease, the Buyer must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of whether such Adjustment Amounts were incurred before or after assumption and assignment of the Lease.

8.  The Debtors must also be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which occurred before assumption or assumption and assignment but which were not known to the Landlord as of the date of the assumption or assumption and assignment. This includes, but is not limited to, (i) claims for personal injury that occurred at the Leased Premises, (ii) damage and destruction to the Leased Premises or property by the Debtors or their agents, and (iii) environmental damage or clean-up. To cure possible pre-assumption and assignment non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Leases, either (a) the Buyer must be required to assume all responsibility for any and all such

claims, notwithstanding anything to the contrary contained in a plan or any court order, or (b) the Buyer must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assignment. Such claims for indemnity could include claims for personal injury occurring at the Leased Premises where the Landlords are joined as a party to a lawsuit or for damage and destruction of property by the Debtors or their agents or employees.

### III. THE PURCHASER MUST DEMONSTRATE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE

9. To date, the Landlords has received nothing from the Debtors or purchaser regarding the purchaser's ability to provide adequate assurance of future performance, or demonstrating why the purchaser will be any more successful post-sale than were the Debtors prior to the commencement of these bankruptcy cases.

10. Having received nothing from the Debtors or purchaser regarding adequate assurance of future performance, the Landlord objects to any proposed assignment of its Lease.

### IV. DEMAND FOR SECURITY PURSUANT TO 11 U.S.C. 365(L)

11. Section 365(l) of the Bankruptcy Code provides, in pertinent part:

> If an unexpired lease under which the debtor is the lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

11 U.S.C. § 365(l).

12. In connection with leasing to a particular tenant (or assessing an assignment of a lease to such tenant), the Landlord may require a security deposit, letter of credit, or guarantee

5

based upon the financial information and history of the proposed tenant. In connection with any proposed assumption or assumption and assignment of the Lease, particularly an assignment in connection with the proposed global sale transaction to a purchaser which essentially operated the Debtors prior to the commencement of these bankruptcy cases, the Landlord hereby makes demand for such security in an amount to be determined by the Landlord in one of those forms as required by section 365(l) of the Bankruptcy Code.

### RESERVATION OF RIGHTS

13. The Landlord reserves the right to amend and/or supplement this Objection, including, without limitation, to add or supplement objections to the Debtors' Proposed Cure Amounts, including any future or supplemental cure notices, increase the Landlord Cure Amount, and to raise any additional objections to the potential assumption or assumption and assignment of the Lease.

### JOINDER IN OBJECTIONS OF SIMILARLY SITUATED PARTIES

14. To the extent not inconsistent with this Objection, the Landlord joins in the objections of other landlords and contract counterparties to the Debtors' proposed global sale transaction, assumption or assumption and assignment of leases.

## **CONCLUSION**

WHEREFORE, the Landlord requests that the Court enter an order: (i) conditioning the assumption or assumption and assignment of the Lease on the Debtors and/or the Buyer promptly paying the Landlord Cure Amount (as it may be amended and increased); (ii) requiring the Debtors or any proposed assignee to continue to comply with all obligations under the Lease, including payment of the Adjustment Amounts and satisfaction of any indemnification obligations in the ordinary course of business; (iii) requiring any proposed assignee to provide security to the Landlord in a form and amount proscribed by the Landlord, and (iv) granting such other and further relief as the Court deems just and proper.

Dated: January 31, 2019
New York, New York

**CKR LAW LLP**

*/s/ Gilbert R. Saydah Jr.*
Gilbert R. Saydah Jr.
1330 Avenue of the Americas, 14th Floor
New York, NY  10019
T: (212) 259-7300
F: (212) 259-8200
E: gsaydah@ckrlaw.com

*Counsel to Bradshaw Westwood Trust*

# EXHIBIT A

| No. | Store No. | Location | Debtor Counterparty | Contract Title | Contract Expiration Date | Contract Number | Debtors' Cure Amount | Landlord Cure Amount |
|---|---|---|---|---|---|---|---|---|
| 378 | 8851 | 349 University Ave. Westwood, MA | Innovel Solutions, Inc. | Master Lease | 01/31/2020 | S8851-48-A | $14,302.28 | $80,534.61 |

BREAKDOWN OF LANDLORD CURE AMOUNT
(includes obligations due post-petition)

| | |
|---|---|
| Rent Oct. 1 -14 | $ 14,302.28 |
| 2019 Year-End Adjustment | $ TBD |
| 2018 Year-End Adjustment | $ 8,635.36 |
| 2017 Year-End Adjustment | $ 3,321.82 |
| Insurance Due 1/27/19 | $ 21,421.58 |
| Insurance Due 2/25/19 | $ 7,300.70 |
| Utility Reconciliation (through December 2018) | $ 15,552.87 |
| Attorney Fees Estimate (subject to increase) | $ 10,000.00 |
| **Landlord Cure Amount** | **$ 80,534.61*** |

\* **Subject to increase or decrease**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing *Objection Of Bradshaw Westwood Trust To Debtors' Proposed Cure Amount And Possible Assumption And Assignment Of Lease, And Demand For Security Pursuant To 11 U.S.C. 365(L)* has been filed and served on this January 31, 2019 upon all parties requesting service via ECF notification.

      */s/ Gilbert R. Saydah Jr.*
      Gilbert R. Saydah Jr.
      1330 Avenue of the Americas, 14th Floor
      New York, NY  10019
      T: (212) 259-7300
      F: (212) 259-8200
      E: gsaydah@ckrlaw.com

      *Counsel to Bradshaw Westwood Trust*