**REED SMITH LLP**
Christopher A. Lynch, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY  10022
Telephone:  (212) 521-5400
Facsimile:  (212) 521-5450
*Attorney for Creditor, Beeline.com., Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter:  11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No.: 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF
RIGHTS OF BEELINE.COM, INC. WITH RESPECT TO
PROPOSED GLOBAL ASSET SALE TRANSACTION AND
NOTICE OF CURE AMOUNTS AND POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Beeline.com, Inc. ("Beeline"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the proposed cure amount attributed by the above-

---

[1] The Debtors in these chapter 11 cases are as follows: Sears Holdings Corporation; Kmart Holding Corporation; Kmart Operations LLC; Sears Operations LLC; Sears, Roebuck and Co.; ServiceLive Inc.; SHC Licensed Business LLC; A&E Factory Service, LLC; A&E Home Delivery, LLC; A&E Lawn & Garden, LLC; A&E Signature Service, LLC; FBA Holdings Inc.; Innovel Solutions, Inc.; Kmart Corporation; MaxServ, Inc.; Private Brands, Ltd.; Sears Development Co.; Sears Holdings Management Corporation; Sears Home & Business Franchises, Inc.; Sears Home Improvement Products, Inc.; Sears Insurance Services, L.L.C.; Sears Procurement Services, Inc.; Sears Protection Company; Sears Protection Company (PR) Inc.; Sears Roebuck Acceptance Corp.; Sears, Roebuck de Puerto Rico, Inc.; SYW Relay LLC; Wally Labs LLC; SHC Promotions LLC; Big Beaver of Florida Development, LLC; California Builder Appliances, Inc.; Florida Builder Appliances, Inc.; KBL Holding Inc.; KLC, Inc.; Kmart of Michigan, Inc.; Kmart of Washington LLC; Kmart Stores of Illinois LLC; Kmart Stores of Texas LLC; MyGofer LLC; Sears Brands Business Unit Corporation; Sears Holdings Publishing Company, LLC.; Sears Protection Company (Florida), L.L.C.; SHC Desert Springs, LLC; SOE, Inc.; StarWest, LLC; STI Merchandising, Inc.; Troy Coolidge No. 13, LLC; BlueLight.com, Inc.; Sears Brands, L.L.C.; Sears Buying Services, Inc.; Kmart.com LLC; Sears Brands Management Corporation; and SRe Holding Corporation.

captioned debtors (the "Debtors") to contracts with Beeline as set forth in Exhibit A to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1731) (the "Cure Notice"), filed by the Debtors on January 18, 2019, in connection with the anticipated sale of the Debtors' assets.  In support of its Limited Objection, Beeline states:

1.  Beeline facilitates certain of the Debtors' procurement of labor and other services from certain third parties (hereinafter, the "Suppliers") pursuant to a number of contracts, including but not limited to: (i) that certain Master Hosted Software and Services Agreement, dated as of January 15, 2013, by and between certain of the Debtors and Beeline (the "Master Services Agreement"); (ii) Statement of Work No. 1, dated as of January 15, 2013, by and between certain of the Debtors and Beeline ("SOW #1"); (iii) Amendment 002 to SOW #1 of the Master Hosted Software and Services Agreement, dated as of June 20, 2017, by and between certain of the Debtors and Beeline ("Amendment 002"); and (iv) those certain Beeline Payment Services Agreements and incorporated Beeline Access Terms by and between Beeline and the Suppliers (the "Payment Services Agreements").  Collectively hereinafter, where appropriate, the Master Services Agreement, SOW #1, Amendment 002, and Payment Services Agreements shall be referred to as to the "Contracts".[2]

2.  On October 15, 2018 (the "Petition Date"), each of Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.  Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[2] Due to the confidential nature of the Contracts, they have not been attached hereto.

3.    On November 19, 2018, this Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (Docket No. 862) (the "Bidding Procedures Order"), approving, among other relief, global bidding procedures and sale procedures in connection with the sale or disposition of substantially all of the Debtors' assets.

4.    On January 18, 2019, the Debtors filed the Cure Notice. The Cure Notice contained a schedule of executory contracts that may be assumed by the Debtors and assigned to the successful purchaser of the Debtors' assets, and which includes, among other things, the Debtors' proposed cure amount with respect to each contract.

5.    With respect to Beeline, the Cure Notice states that the cure amount owed to Beeline is $1,403,111. *Cure Notice*, Ex. A., p. 51 of 342. This amount is incorrect.

6.    First and foremost, other than approximately a small portion of the amount listed on the Cure Notice, the debt listed is owed to the third party Suppliers, not to Beeline. Additionally and significantly, Beeline is not the Suppliers' servicer or agent, and owes no obligation to the Suppliers to determine the accuracy of payments from the Debtors. Beeline simply facilitates the payments from the Debtors to the Suppliers. As further set forth in the Contracts, Beeline is only obligated to remit payment from Debtors to the Suppliers – not to analyze such payments for accuracy or to ensure that the Suppliers are fully paid. Beeline is "not responsible for Supplier's acts or omissions, or the acts or omissions of [Debtors]." *See Payment Services Agreements*.

7.    By filing this Limited Objection, Beeline is **not** assuming legal responsibility or creating an agency or other relationship between Beeline and the Suppliers. The Contracts speak for themselves and show that Beeline has **no** such obligation.

3

8. To the contrary, Beeline is filing this Limited Objection out of an abundance of caution and in an effort to minimize prejudice to all potentially impacted parties *prior* to the Sale Hearing set for Monday, February 4, 2019.

9. This Limited Objection is made to put the ultimate buyer, if any, on notice that the cure amount attributed to Beeline is incorrect and the Suppliers may be owed more than listed on the Cure Notice.

10. Beeline is also filing this Limited Objection to put the Suppliers on notice that the Debtors' Cure Notice is not correct as to the Debtors' obligation to the Suppliers.

11. Pursuant to the terms of the Contracts, Beeline's legal fees and costs in pursuing this Limited Objection are expenses that will be borne by the Debtors and will increase the debt owed to Beeline.

12. This Limited Objection is being filed beyond the deadline to object to the Cure Notice, which was January 26, 2019. To the extent Beeline must show excusable neglect, the standard is met and 11 U.S.C. § 105 should be utilized to permit the late filing.

13. Beeline has tried to work these issues out with the Debtors, beginning on November 19, 2018. Beeline, through counsel, explained that it provides the software system through which the Debtors can determine how much they owe the Suppliers, and the Suppliers can use the software system to see how much they are owed by the Debtors, but Beeline is owed only a very small fraction of this amount – its fee – for the services provided to the Debtors under the Contracts.

14. On November 27, 2018 and December 4, 2018, counsel for the Debtors said that the Debtors were looking into the issue of the claims owed to the Suppliers and establishment of

a process whereby there was no ability to misunderstand the role that Beeline plays with respect to the payments owed by Debtors to the Suppliers.

15. The issues described in this Limited Objection specific to the Cure Notice were raised by counsel for Beeline in communications with the Debtors on January 30th and January 31st, prior to this filing, in an attempt to work out a procedure to handle this issue.

16. Very little, if any, prejudice will befall the Debtors or the putative buyer if the Court permits the Limited Objection to be heard. As mentioned *supra*, the Debtors have had and continue to have constant access to the invoices that show the debt owed to the Suppliers. This information is and has always been available to the Debtors and the Suppliers.

17. Additionally, the putative buyer has not even made a decision on whether it wishes to have the Debtors assume and assign any executory contract and the Cure Notice provides a lengthy extension for the Debtors and the buyer to modify, change, and alter the Cure Notice amounts and which contracts will be assumed and assigned. Paragraph 18 of the Cure Notice provides a procedure for the adjournment of the assumption process so that any discrepancies in the cure costs can be resolved, so a mechanism is already in place to handle this issue. To be clear, the Debtors are under no obligation to assume the Contracts (if they are even executory) and the potential buyer is under no obligation to accept an assignment of the Contracts.

18. On the other hand, while there is very little or no prejudice to the Debtors, the potential prejudice to the Suppliers is great. Although the Contracts do not place a legal responsibility on Beeline to mediate disputes in the payment amount or take any legal action on

behalf of the Suppliers or the Debtors, Beeline is raising this issue so that the parties that do have a legal interest in the outcome of this issue can be properly heard.

WHEREFORE, Beeline respectfully requests that the Court: (i) accept this Limited Objection as timely filed; (ii) require the Debtors to amend the Cure Notice to set forth the amounts owed to each of the Suppliers, rather than to Beeline; (iii) permit the Suppliers sufficient time to work with the Debtors to remedy any discrepancy between the amounts the Suppliers believe to be owed and the amounts the Debtors believe to be owed; and (iv) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 31, 2019

REED SMITH LLP

By: /s/ Christopher A. Lynch
    Christopher A. Lynch
    599 Lexington Avenue
    New York, NY  10022
    Telephone:  (212) 521-5400
    Facsimile:  (212) 521-5450
    E-mail:  clynch@reedsmith.com

*Attorney for Creditor, Beeline.com., Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of January, 2019, I caused the foregoing *Beeline.com, Inc.'s Limited Objection and Reservation of Rights of Beeline.com, Inc. with Respect to Proposed Global Asset Sale of Transaction and Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* to be served upon the persons or entities listed on the attached service list in the manner indicated thereon.

/s/ Christopher A. Lynch
Christopher A. Lynch

Chambers of the Honorable Robert D. Drain (via courier to be delivered on February 1, 2019)
United States Bankruptcy Court
For the Southern District of New York
300 Quarropas Street, Room 248
White Plains, New York 10601

Bid Notice Parties

Sears Holding Corporation
Attn: Luke Valentino
3333 Beverly Road
Hoffman Estates, IL 60179
Luke Valentino (luke.valentino@searshc.com)
Rob Riecker (rob.riecker@searshc.com)
Moshin Meghji (mmeghji@miiipartners.com)

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
767 Fifth Avenue
New York, NY 10153
Ray C. Schrock (ray.schrock@weil.com)
Jacqueline Marcus (Jacqueline.marcus@weil.com)
Garrett A. Fail (garrett.fail@weil.com)
Sunny Singh (sunny.singh@weil.com)

Lazard Freres & Co. LLC
Attn: Brandon Aebersold
Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Consultation Parties

Bank of America, N.A.
Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul Leake
Shana Elberg
George Howard
4 Times Square
New York, NY 10036
Paul Leake (paul.leake@skadden.com)
Shana Elberg (shana.elberg@skadden.com)
George Howard (george.howard@skadden.com)

Wells Fargo Bank, N.A.
Choate Hall Steward, LLP
2 International Place
Boston, MA 02110
Kevin J. Simard (ksimard@choate.com)
Jonathan D. Marshall (jmarshall@choate.com)

Official Committee of Unsecured Creditors
Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin
Ira Dizengoff
Sara L. Brauner
1 Bryant Park
New York, NY 10036
Philip C. Dublin (pdublin@akingump.com)
Ira S. Dizengoff, (idizengoff@akingump.com)
Sara L. Brauner (sbrauner@akingump.com)
Abid Qureshi (aqureshi@akingump.com)

Stalking Horse Bidder and Counsel to Stalking Horse Bidder
Transform Holdco, LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani
Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154
Kunal S. Kamlani (kunal@eslinvest.com)
Harold Talisman (harold@eslinvest.com)

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin
Benet J. O'Reilly
Sean A. O'Neal
1 Liberty Plaza
New York, NY 10006
Christopher E. Austin (caustin@cgsh.com)
Benet J. O'Reilly (boreilly@cgsh.com)
Sean A. O'Neal (soneal@cgsh.com)

Office of the United States Trustee (via first class mail only)
Office of the United States Trustee for Region 2
Attn: Paul Schwartzberg, Esq.
201 Varick Street, Suite 1006
New York, NY 10014

/s/ Christopher A. Lynch
Christopher A. Lynch