# Appendix 2

## PROPOSED RESOLUTIONS
## THE BOARD OF DIRECTORS OF
## SEARS HOLDINGS CORPORATION

### October 10, 2018

Formation of Restructuring Committee; Appointment of Members

WHEREAS, pursuant to Article 4, Section 1 of the Amended and Restated By-Laws ("By-Laws") of Sears Holdings Corporation (the "Corporation") By-laws and Section 141(c) of the General Corporation Law of the State of Delaware (the "DGCL"), the board of directors of the Corporation (the "Board") may by resolution designate one or more committees of the Board to consist of one or more of the directors of the Corporation, with responsibilities and duties of which may be prescribed by the Board, subject to such limitations as provided by law;

WHEREAS, the Board deems it advisable and in the best interests of the Corporation to establish a restructuring committee of the Board, which shall consist solely of one or more independent members of the Board (the "Restructuring Committee"), to, among other things, consider and evaluate various strategic alternatives that may be available to the Corporation and its subsidiaries (each such strategic alternative, a "Transaction") and, if the Restructuring Committee deems it to be in the best interests of the Corporation: (a) recommend to the Board that the Corporation enter into a Transaction, including with respect to a potential (i) restructuring of the indebtedness of the Corporation and its subsidiaries and/or (ii) sale, transfer, or other disposition of certain assets in connection therewith, in each case, not involving ESL Investments, Inc. or its affiliates (excluding the Corporation) ("ESL") (each such potential transaction, a "Non-ESL Transaction"), and (b) authorize and approve a Transaction where ESL has indicated an interest in participating in such Transaction, including by placing a bid, or where ESL has a conflict of interest by virtue of its security interest in an asset or otherwise (each such potential Transaction, an "ESL Transaction" and together with a Non-ESL Transaction, a "Restructuring Transaction);

WHEREAS, the Board deems it advisable and in the best interests of the Corporation to establish a subcommittee of the Restructuring Committee, consisting of one or more members of the Restructuring Committee recommended by the Nominating and Corporate Governance Committee (the "NCG Committee") of the Board (the "Subcommittee"), with the purpose of investigating any cause of action that the Corporation may have with respect to any transactions involving affiliates prior to the date hereof (the "Prior Transactions"), and taking, or causing to be done, any related actions that the Subcommittee considers necessary or desirable to carry out its mandate;

WHEREAS, the NCG Committee is responsible for recommending to the Board director nominees for each committee and for reviewing and making recommendations to the Board with respect to compensation and benefits of directors;

WHEREAS, the NCG Committee has recommended that each of Alan J. Carr, Paul G. DePodesta and Ann N. Reese, each of whom has been determined to be an independent director in accordance with applicable securities laws and NASDAQ rules, be appointed as members of

1

CONFIDENTIAL

CAT_00024964
SEARS_UCC00413860

the Restructuring Committee, and that Alan J. Carr be appointed as a member of the
Subcommittee;

WHEREAS, the Committee has further recommended that each of the members of the
Restructuring Committee receive a fee of $25,000 per month during their service on the
Restructuring Committee; and

WHEREAS, upon the recommendation of the NCG Committee, the Board deems it
advisable and in the best interests of the Corporation to appoint each of Messrs. Carr and
DePodesta and Ms. Reese as a member of the Restructuring Committee.

NOW, THEREFORE, BE IT RESOLVED, the Board hereby establishes a Restructuring
Committee, to consist solely of independent members of the Board, which shall be authorized
and empowered to take the following actions:

a.      Consider, evaluate and, if the Restructuring Committee deems it to be in the best
interests of the Corporation, (a) recommend to the Board that the Corporation enter into a Non-
ESL Transaction, or (b) authorize and approve an ESL Transaction;

c.      Oversee the provision of confidential information by or on behalf of the
Corporation and its subsidiaries to third parties under cover of an appropriate confidentiality
arrangement;

c.      Oversee discussions and negotiations with the Corporation's stakeholders in
respect of a Restructuring Transaction;

d.      Oversee the implementation and execution of a Restructuring Transaction;

e.      Oversee the work of the Chief Restructuring Officer, who shall report to the
Restructuring Committee; and

f.      Take such other actions as the Restructuring Committee considers necessary or
desirable in order to carry out its mandate, subject, as appropriate, to the approval of the Board;

RESOLVED FURTHER, that the Board hereby establishes the Subcommittee to
investigate any cause of action that the Corporation may have with respect to any Prior
Transactions, and taking, or cause to be done, any related actions that the Subcommittee
considers necessary or desirable to carry out its mandate;

RESOLVED FURTHER, that, in carrying out its responsibilities, each of the
Restructuring Committee and the Subcommittee is empowered and authorized to coordinate and
consult with management, and professional advisors of and to the Corporation, as appropriate,
regarding matters within the authority and mandate of the Restructuring Committee and the
Subcommittee, as applicable;

RESOLVED FURTHER, that, after consultation with the Board, the Restructuring
Committee is authorized to retain professionals for advice or assistance, as it deems necessary
and proper, to carry out its responsibilities;

2

CONFIDENTIAL

CAT_00024964
SEARS_UCC00413861

RESOLVED FURTHER, that, following consultation with the Restructuring Committee, the Subcommittee is authorized to retain professionals for advice or assistance, as it deems necessary and proper, to carry out its responsibilities;

RESOLVED FURTHER, that the members of the Board, officers, employees, attorneys, auditors, agents and advisors of the Corporation are directed to cooperate fully with the each of the Restructuring Committee and the Subcommittee in the exercise of its duties;

REVOLVED FURTHER, that each of the members of the Restructuring Committee shall receive a fee of $25,000 per month during their service on such committee;

RESOLVED, FURTHER,  that, upon the recommendation of the NCG Committee, each of Alan J. Carr, Paul G. DePodesta and Ann N. Reese, each of whom has been found to be an independent director in accordance with applicable securities laws and NASDAQ rules, be, and each hereby is, appointed as a member of the Restructuring Committee and that Alan J. Carr is a member of the Subcommittee; and

## Retention of M-III Advisory Partners, LP; Appointment of Mohsin Y. Meghji as Chief Restructuring Officer

WHEREAS, the Board believes that it is advisable and in the best interests of the Corporation to appoint Mohsin Y. Meghji, Managing Partner of M-III Partners, LP, as the Chief Restructuring Officer of the Corporation with the role, responsibilities and compensation as recommended by the Compensation Committee of the Board (the "Compensation Committee"), in each case, as described in the M-III engagement letter in substantially the form attached hereto as Exhibit A (the "M-III Engagement Letter"); and

WHEREAS, the Board believes that it is advisable and in the best interests of the Corporation to retain M-III Advisory Partners, LP ("M-III") to provide services and to be compensated, as recommended by the Compensation Committee, as described in the M-III Engagement Letter.

NOW, THEREFORE, BE IT RESOLVED, that the Board hereby appoints Mr. Meghji as Chief Restructuring Officer of the Corporation, effective as of the date of the execution of the Engagement Letter, with the role, responsibilities and compensation, and retains M-III to provide services and be compensated, in each case, as described in the M-III Engagement Letter;

RESOLVED, FURTHER, that, it is contemplated that Mr. Meghji, as Chief Restructuring Officer, shall report to the Restructuring Committee.

### General Authorization

RESOLVED, FURTHER, that the executive officers of the Corporation (each a "Proper Officer"), each of whom may act without the joinder of any of the others, be, and each of them individually hereby is, authorized and directed, in the name and on behalf of the Corporation, to take or cause to be taken all such further actions, including without limitation, negotiating, signing, executing, acknowledging, certifying, attesting, delivering, accepting, recording and filing (with such changes as such Proper Officer shall approve, the execution and delivery

3

CONFIDENTIAL

thereof or the taking of such other action to be conclusive evidence of such approval) the M-III Engagement Letter and all such further documents, agreements, certificates and instruments and paying all fees, taxes and other expenses or payments, in each case as such Proper Officer, in such Proper Officer's sole discretion, may determine to be necessary, appropriate or desirable in order to fulfill the intent and accomplish the purposes of the foregoing resolution, such determination to be conclusively evidenced by the taking of any such further action; and

RESOLVED, FURTHER, that any actions taken by any Proper Officer, for or on behalf of the Corporation, prior to the date hereof that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date hereof be, and they hereby are, authorized, adopted, approved, confirmed and ratified in all respects as the actions and deeds of the Corporation.

4

WEIL:\96746912\12\73219.0006

CONFIDENTIAL

CAT_00024964
SEARS_UCC00413863

## EXHIBIT A
## M-III Engagement Letter

Attached.

WEIL:\96746912\12\73219.0006

CONFIDENTIAL

CAT_00024964
SEARS_UCC00413864