# Appendix 3

## SEARS HOLDINGS CORPORATION

## SECRETARY'S CERTIFICATE

November 10, 2018

The undersigned Corporate Secretary of Sears Holdings Corporation (the "Company"), in his capacity as Corporate Secretary of the Company, hereby certifies as follows:

1. The undersigned is the duly elected and qualified Corporate Secretary of the Company, and the signature set forth below is true and genuine.

2. Attached hereto as Annex 1 is a true and complete copy of resolutions duly adopted by the Board of Directors of the Company at a meeting duly called and held on November 2, 2018. Such resolutions have not in any way been amended, modified, revoked or rescinded, have been in full force and effect since their adoption to and including the date hereof and are now in full force and effect.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has hereunto set his name as of the date set forth above.

_____
Name:  Luke Valentino
Title:   Divisional Vice President, Deputy
         General Counsel and Corporate Secretary

CONFIDENTIAL
SEARS_UCC00413821

### Annex 1

### RESOLUTIONS OF THE
### BOARD OF DIRECTORS OF
### SEARS HOLDINGS CORPORATION

### November 2, 2018

<u>Authority of the Subcommittee of the Restructuring Committee</u>

WHEREAS, pursuant to Article 4, Section 1 of the Amended and Restated By-Laws of Sears Holdings Corporation (the "Corporation") and Section 141(c) of the General Corporation Law of the State of Delaware, the Board of Directors of the Corporation (the "Board") by resolution duly established a Subcommittee (the "Subcommittee") of the Restructuring Committee of the Board (the "Restructuring Committee") consisting of one or more members of the Restructuring Committee, which consists solely of one or more independent members of the Board, with the purpose of investigating any cause of action that the Corporation may have with respect to any transactions involving affiliates prior to the date of the Subcommittee's formation (the "Prior Transactions"), and taking, or causing to be done, any related actions that the Subcommittee considers necessary or desirable to carry out its mandate;

WHEREAS, Alan J. Carr and William L. Transier were duly appointed by the Board, at the recommendation of the Nominating and Corporate Governance Committee of the Board, as members of the Subcommittee; and

WHEREAS, the Board deems it advisable and in the best interests of the Corporation to clarify the role and responsibilities of the Subcommittee.

NOW, THEREFORE, BE IT RESOLVED that the Board hereby authorizes and empowers the Subcommittee to take the following actions:

1. Prosecute, waive, release, settle, negotiate and bind the Corporation with respect to any claims or causes of action of the Corporation that arise out of or relate to Prior Transactions that are the subject of the Subcommittee's investigation (the "Specified Matters");

2. Control the Corporation's attorney-client and attorney work product privilege for any information disclosed to or developed by the Subcommittee or its advisors during the course of the Subcommittee's investigation;

3. Determine, act on behalf of and bind the Corporation with respect to the right of and/or extent to which a party that is the subject of the Subcommittee's investigation may (i) credit bid pursuant to 11 U.S.C. 363(k) or (ii) take similar actions during the course of the Corporation's chapter 11 cases (the "Chapter 11 Cases") including any credit bid or similar action pursuant to a chapter 11 plan;

4. Determine, act on behalf of and bind the Corporation with respect to any proposed releases, exculpations or indemnifications by the Corporation of its current or

former directors, officers or affiliates, in each case, solely with respect to the Specified Matters;

5. Determine whether a bid from or a chapter 11 plan proposed by an affiliate or equity holder of the Corporation that is the subject of the Subcommittee's investigation is higher and/or better than any other alternative, limited to the appropriateness of releases, exculpations or indemnifications by the Corporation of its current or former directors, officers or affiliates contained therein, in each case, solely with respect to to the Specified Matters;

6. Determine, act on behalf of and bind the Corporation with respect to any other matter that is within the scope of the mandate of the Restructuring Committee which the Restructuring Committee may decide to delegate to the Subcommittee without any further action of the Board, including matters that the Restructuring Committee determines pose or may pose a conflict for it to act upon. To the extent the Restructuring Committee does delegate additional matters to the Subcommittee, it shall promptly advise the Board of the same;

7. In carrying out its responsibilities, coordinate and consult with management, and professional advisors of and to the Corporation, as appropriate, regarding matters within the authority and mandate of the Subcommittee; and

8. Retain professionals for advice or assistance, as it deems necessary and proper, to carry out the responsibilities of the Subcommittee; and be it

General Authorization

RESOLVED, FURTHER, that the executive officers of the Corporation (each a "Proper Officer"), each of whom may act without the joinder of any of the others, be, and each of them individually hereby is, authorized and directed, in the name and on behalf of the Corporation, to take or cause to be taken all such further actions, including without limitation, negotiating, signing, executing, acknowledging, certifying, attesting, delivering, accepting, recording and filing (with such changes as such Proper Officer shall approve, the execution and delivery thereof or the taking of such other action to be conclusive evidence of such approval) all such documents, agreements, certificates and instruments and paying all fees, taxes and other expenses or payments, in each case as such Proper Officer, in such Proper Officer's sole discretion, may determine to be necessary, appropriate or desirable in order to fulfill the intent and accomplish the purposes of the foregoing resolution, such determination to be conclusively evidenced by the taking of any such further action; and be it

RESOLVED, FURTHER, that any actions taken by any Proper Officer, for or on behalf of the Corporation, prior to the date hereof that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date hereof be, and they hereby are, authorized, adopted, approved, confirmed and ratified in all respects as the actions and deeds of the Corporation.

CONFIDENTIAL                                                                                                    SEARS_UCC00413823