**KELLEY DRYE & WARREN LLP**
Robert L. LeHane
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile:  (212) 808-7897
Email: rlehane@kelleydrye.com

*Attorneys for the Trustees of the Estate of*
*Bernice Pauahi Bishop, d/b/a Kamehameha Schools*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered)<br><br>**Re: Docket Nos. 1731, 2063** |

**SUPPLEMENTAL OBJECTION OF THE TRUSTEES OF THE ESTATE
OF BERNICE PAUAHI BISHOP, D/B/A KAMEHAMEHA SCHOOLS TO
DEBTORS' NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Trustees of The Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools (the "Landlord"), by and through its undersigned counsel, hereby submit this supplemental objection (the "Objection") to the Debtors' *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the "Cure Notice").[2] In support of this Objection, the Landlord respectfully states as follows:

## PRELIMINARY STATEMENT

1. This Objection asserts an updated cure amount on behalf of the Landlord, and specifically addresses the Debtors' obligations in connection with the possible assumption and assignment of the Lease (as defined below) to (i) pay the necessary cure amount plus any additional pecuniary losses suffered by the Landlord; and (ii) cure all defaults, including Adjustment Amounts (as defined below) which have not yet been billed or have not yet become due under the terms of the Lease.

## BACKGROUND

2. The Landlord is the owner of property located in Kaneohe, Hawaii where the Debtors lease non-residential real estate (the "Leased Premises") pursuant to a written lease (the "Lease"). The Leased Premises are located in a shopping center as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

3. On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

---

[2] Docket No. 1731.

2

4.      On November 19, 2018 the Debtors sought and obtained Bankruptcy Court approval of procedures for the sale of substantially all of the Debtors' assets (the "Bidding Procedures") in accordance with the *Order Approving Global Bidding Procedures and Granting Related Relief*.[3]

5.      In connection with the Bidding Procedures, the Debtors' largest prepetition secured lender, ESL Investments Inc. and its affiliates (collectively, "ESL") established Transform Holdco LLC (the "Buyer") as a vehicle to acquire substantially all of the Debtors' assets at an auction.

6.      After a two-day auction, the Buyer was ultimately declared the winning bidder on January 16, 2019, and the *Notice of Successful Bidder and Sale Hearing* was filed on January 18, 2019.[4]

7.      On January 18, 2019, the Debtors filed the Cure Notice, which set forth the proposed cure amount for each of the Debtors' leases and contracts. Exhibit A, attached hereto, sets forth the Debtors' proposed cure amount for the Lease under the column heading "Debtor Cure Amount" (the "Debtors' Proposed Cure Amount").

8.      On January 28, 2019, the Landlord filed an *Objection to Notices of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*[5] along with similarly situated parties in interest. In that objection, the Landlord specifically reserved the right to "amend and/or supplement [the objection], including, without limitation, to add or supplement objections to the Debtors' Proposed

---

[3]     Docket No. 816.
[4]     Docket No. 1730.
[5]     Docket No. 2063.

Cure Amounts, including any future or supplemental cure notices, and to raise any additional objections to the potential assumption or assumption and assignment of the Lease[]."[6]

9.  The Landlord now files this Objection to assert updated pre-petition and post-petition cure amounts.

**OBJECTION**

**I.  THE DEBTORS' PROPOSED CURE AMOUNT IS INCORRECT**

10.  The Landlord disputes the Debtors' Proposed Cure Amount. The correct cure amount for the Lease is set forth on Exhibit A attached hereto, in the column titled "Landlord Cure Amount," which includes an estimate of attorneys' fees incurred to date (the "Landlord's Cure Amount"). The Landlord reserves its right to amend the cure amount to include additional fees and expenses which continue to accrue and any other obligations that arise and/or become known to the Landlord prior to assumption or assumption and assignment of the Lease.

11.  Pursuant to the Lease, the Debtors are obligated to pay regular installments of fixed monthly rent, percentage rent, and/or gross rent, as well as a share of common area maintenance costs, real estate taxes, and insurance. Prior to assumption of the Lease, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Lease and compensate the Landlord for any actual pecuniary loss, including the payment of related attorneys' fees. *See* 11 U.S.C. §365(b)(1)(B). Bankruptcy Code section 365(b)(1) measures defaults as of the "time of assumption." *See, e.g., In re Rachels Industries, Inc.*, 109 B.R. 797, 811-812 (Bankr. W.D. Tenn. 1990).

12.  Attorneys' fees due under the Lease are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In*

---

[6]  Docket No. 2063, ¶ 16.

*re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). As part of the Landlord's pecuniary losses, it is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Lease.

13. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlord suffers other pecuniary losses with respect to the Lease, the Landlord hereby reserves its right to amend the Landlord's Cure Amount to reflect such additional amounts or to account for year-end adjustments and other reconciliations, including, without limitation, adjustments for 2016, 2017, and 2018 (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Lease.

## II. THE LEASE MUST BE ASSUMED AND ASSIGNED *CUM ONERE*

14. Section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption or assumption and assignment of a shopping center lease "is subject to all the provisions thereof . . . ." 11 U.S.C. § 365(b)(3)(C). Bankruptcy courts have described the assumption of an unexpired lease (a prerequisite to assignment under § 365(f)(2)(A)) as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g.*, *In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

15. As the court noted in *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 175 n.3 (Bankr. E.D. Va. 1993):

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment." A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty. *See*

5

> Douglas G. Baird and Thomas H. Jackson, Bankruptcy 285 (2d ed. 1990) (citing Restatement (Second) of Contracts § 318(3) (1981) ("delegation of performance ... does not discharge any duty or liability of the delegating obligor")). While the assignee may be entitled to perform for the original obligor, the original obligor remains ultimately liable until discharged by performance or otherwise. Section 365(k) changes this common law rule and relieves the estate from all liability under the lease following assignment.

*See also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (Adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach."). The Debtors are not entitled to the benefits and protections of section 365(k) unless the Lease is assumed and assigned *cum onere* – with all benefits and burdens. *See, e.g., American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999).

16. Accordingly, as adequate assurance of future performance under the Lease, the Buyer must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of whether such Adjustment Amounts were incurred before or after assumption and assignment of the Lease.

17. The Debtors must also be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which occurred before assumption or assumption and assignment but which were not known to the Landlord as of the date of the assumption or assumption and assignment. This includes, but is not limited to, (i) claims for personal injury that occurred at the Leased Premises, (ii) damage and destruction to the Leased Premises or property by the Debtors or their agents, and (iii) environmental damage or clean-up. To cure possible pre-assumption and assignment non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Lease,

either (a) the Buyer must be required to assume all responsibility for any and all such claims, notwithstanding anything to the contrary contained in a plan or any court order, or (b) the Buyer must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assignment.  Such claims for indemnity could include claims for personal injury occurring at the Leased Premises where the Landlord is joined as a party to a lawsuit or for damage and destruction of property by the Debtors or their agents or employees.

## RESERVATION OF RIGHTS

18. The Landlord reserves the right to amend and/or supplement this Objection, including, without limitation, to add or supplement objections to the Debtors' Proposed Cure Amount, including any future or supplemental cure notices, and to raise any additional objections to the potential assumption or assumption and assignment of the Lease.

## JOINDER IN OBJECTIONS OF SIMILARLY SITUATED PARTIES

19. To the extent not inconsistent with this Objection, the Landlord joins in the objections of other landlords and contract counterparties to the Debtors' proposed assumption or assumption and assignment of leases.

## CONCLUSION

**WHEREFORE**, the Landlord requests that the Court enter an order: (i) conditioning the assumption or assumption and assignment of the Lease on the Debtors and/or the Buyer promptly paying the cure amount; (ii) requiring the Debtors or any proposed assignee to continue to comply with all obligations under the Lease, including payment of the Adjustment Amounts and satisfaction of any indemnification obligations in the ordinary course of business; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 1, 2019

**KELLEY DRYE & WARREN LLP**

By: /s/ *Robert L. LeHane*
Robert L. LeHane
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: rlehane@kelleydrye.com

*Attorneys for the Trustees of the Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools*

# EXHIBIT A

## CURE AMOUNT

| Store No. | Shopping Center | Location | Debtor Cure Amount | Landlord Cure Amount |
|---|---|---|---|---|
| **The Trustees of The Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools[7]** | | | | |
| 1738 | Windward Mall (JLL) | Kaneohe, HI | $70,833.00 | $1,565,889.04 |

---

[7] The Trustees of The Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools will be filing a separate motion to compel payment of accrued post-petition rent and related obligations under the same Lease that gives rise to the cure amounts asserted in this Objection.

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served via electronic mail and/or first class mail, postage pre-paid on this 1st day of February, 2019 upon the parties listed below and electronically via ECF notification upon all parties requesting service via ECF notification:

Sears Holdings Management Corporation
Attn: Rob Riecker (rob.riechker@searshc.com)
Attn: Luke Valentino (luke.valentino@searshc.com)
Attn: Mohsin Meghji (mmeghji@miiipartners.com)
Attn: General Counsel (counsel@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (jacqueline.marcus@weil.com)
Attn: Garret A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Lazard Fréres & Co., LLC
Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana.Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

Bank of America, N.A.
c/o Berkeley Research Group, LLC
2200 Powell Street, Suite 1200
Emeryville, CA 94608

Wells Fargo Bank, National Association
c/o Choate, Hall & Stewart LLP
Attn: Kevin J. Simard (ksimard@choate.com)
Attn: Jonathan D. Marshall (jmarshall@choate.com)
Two International Place
Boston, MA 02110


Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin (pdublin@akingump.com)
Attn: Ira S. Dizengoff (idizengoff@akingump.com)
Attn: Abid Qureshi (aqureshi@akingump.com)
Attn: Sara L. Brauner (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani (kunal@eslinvest.com)
Attn: Harold Talisman (harold@eslinvest.com)
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin (caustin@cgsh.com)
Attn: Benet J. O'Reilly (boreilly@cgsh.com)
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Office of the United States Trustee
Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014


*/s/ Maeghan J. McLoughlin*
Maeghan J. McLoughlin