Jeffrey R. Gleit, Esq.
Michael T. Sullivan, Esq.
Allison H. Weiss, Esq.
Clark A. Freeman, Esq.
**SULLIVAN & WORCESTER LLP**
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)

*Counsel to Service.com*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF ROBERT SCHOSTAK**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

ROBERT SCHOSTAK, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I submit this Declaration in support of the *Limited Objection to the Global Asset Sale Transaction and Statement of Continued Interest in Purchase of Sears Home Improvement Business* [Docket No. 2130] by Service.com, Inc. ("Service.com"). The information in this declaration is based on my personal knowledge, unless otherwise indicated.

2. I am a member of Mad Dog Technology, LLC ("MadDog"), which is a Michigan-based venture operator and investor focused on creating and operating cloud-based business applications that disrupt existing industry models and help monetize underutilized information. MadDog's services include direct support for application development, sales, finance, marketing, and administration.

3. MadDog, with its affiliate, is the majority shareholder of Service.com.

4. I understand that at least four times since September 2017, Service.com, Sears Holdings Corporation ("SHC") and its debtor affiliates (collectively, the "Debtors"), and ESL Investments, Inc., including its agents, Edward Lampert and Kunal Kumlani (collectively, "ESL"), whether purporting to act on behalf of SHC or in association with the Debtors, were in discussions regarding the sale of the Sears Home Improvement business ("SHIP" or the "SHIP Business") to Service.com.

5. I further understand that each of the four proposed sale and purchase transactions fell apart, the first three times due at least in part to ESL's actions.

6. On November 2, 2018, after the commencement of this case, SHC and Service.com entered into an Asset Purchase Agreement (the "APA") setting forth the terms of Service.com's purchase of the SHIP Business (the "Transaction"). While the APA does not contain a condition for financing, the history set forth in the Declaration of Robert Cell,

2

submitted contemporaneously herewith, demonstrates that all relevant parties at all times knew that Service.com and MadDog would rely on third-party financing to close the Transaction.

7. On numerous occasions, either I or Service.com communicated to the Debtors' professionals, including their financial advisor, Lazard Frères & Co. LLC ("Lazard"), that MadDog and Service.com were looking for, and needed to obtain, third-party financing to close the Transaction. In fact, on multiple occasions during December 2018, I participated in some of the many conference calls among potential third-party investors, SHIP Business representatives and Debtors' professionals, including Lazard. I participated in some of those calls and I arranged others in which my colleagues participated.

8. I personally contacted numerous potential investors to help fund the Transaction.

9. On numerous occasions, various potential investors requested that I provide them with financial information and documents relating to the SHIP Business ("Due Diligence Materials").

10. I relayed those requests to the Chief Executive Officer of Service.com, Mr. Sandy Kronenberg, and/or the primary contact at Service.com's investment bank, FINNEA Group, LLC ("FINNEA"), Mr. Nate Aslesen. I participated in some of these exchanges. I understand that FINNEA in turn relayed these requests to individuals at Lazard, including Levi Quaintance and Daniel de Gosztonyi.

11. For reasons that are not clear to me, while Lazard provided some of the requested information, it provided other critical information in an untimely manner or in a form that was effectively unusable. For example, in response to repeated requests for the data necessary for our advisor Doeren Mayhew to complete their quality of earnings report, Lazard did not provide

3

the data until January 8, 2019 when it was far too late for investors and senior debt to assess the report as part of their due diligence.

12. On a conference call in which I participated, the Debtors and Service.com mutually agreed to extend the closing date to allow third party sources additional time to perform due diligence, in part because Debtors and Lazard had yet to provide a quality of earnings report. Yet our inability to receive updated and complete financial data, including a timely quality of earnings report, continued.

13. Service.com made requests for a further delay beyond the January 18, 2019 closing date, underlying our commitment to the deal but explaining that, while the investors now had that necessary information, they needed some time to actually perform due diligence.

14. Rather than grant our requests, on January 18, the Debtors declared the APA terminated, without following the provisions for termination set forth in Article X of the APA, and simultaneously announced a sale of the entirety of the Debtors' assets to ESL. The Debtors' APA with ESL was executed on January 17, 2019, the day before the Debtors terminated the APA with Service.com for sale of the SHIP Business. Thus, once again ESL interfered with our efforts to acquire the SHIP Business.

15. Simply put, the Debtors' failure to comply with these timely requests for information is consistent only with an intention not to close the Transaction, which in turn is consistent with ESL's history of interfering with Service.com's earlier, pre-bankruptcy attempts to purchase the SHIP Business. The Debtors' refusal to allow a further deferral of the closing date eliminates any doubt as to ESL's and the Debtors' intent.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 1, 2019.

_____
Robert Schostak