Jeffrey R. Gleit, Esq.
Michael T. Sullivan, Esq.
Allison H. Weiss, Esq.
**SULLIVAN & WORCESTER LLP**
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)

*Counsel to Service.com*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**MOTION OF SERVICE.COM FOR ENTRY OF AN ORDER
AUTHORIZING THE REDACTED FILING OF THE
DECLARATION OF ROBERT CELL**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Service.com, in support of its *Motion for Entry of an Order Authorizing the Redacted Filing of the Declaration of Robert Cell* ("the Motion"), respectfully represents as follows:

## BACKGROUND

1.      On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and its debtor affiliates (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), jointly administered under Case No. 18-23538 (RDD).

2.      This court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Service.com, a creditor of Sears Home Improvement Business, in filing the declaration of Robert Cell (the "Declaration"); portions of such document containing specific detailing information relating to communications covered by a Non-Disclosure Agreement (the "NDA") between Service.com and the Debtors, specifically Sears Holdings Corporation ("Sears"); respectfully requests that the Court allow it to file the Declaration in redacted form.

## RELIEF REQUESTED

4.      By this Motion, Service.com requests, pursuant to sections 107(b) and 105(a) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules for the Court (the "Local Rules"), entry of an order

(a) authorizing Service.com to file a redacted version of the Declaration, provided in proposed redacted form as Exhibit B to this Motion; and (b) directing that the Declaration shall remain confidential and shall not be made available to any party other than (i) the Court, (ii) the creditors' committee, (iii) the U.S. Trustee, on a confidential basis, (iv) any party deemed necessary by the consent of Service.com and the Debtors, and (c) granting such other and further relief as the Court deems just and proper.  Service.com shall provide both proposed redacted and unredacted copies of the Declaration to the Court.

5.      A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A.**

## BASIS FOR GRANTING RELIEF

6.      The NDA prohibits disclosure of, among other things, the interactions between Sears and Service.com relating to the sale or purchase of the Sears Home Improvement Business (the "SHIP Business").

7.      The Declaration contains specific detailed information regarding discussions between Sears and Service.com relating to the sale or purchase of the SHIP Business.

8.      Consequently, Service.com respectfully requests that the Court permit Service.com to file as redacted those portions of the Declaration that are covered by the NDA.

## RESERVATION OF RIGHTS

9.      Service.com reserves the right to supplement this Motion.

## NOTICE

10.     Service of this Motion was made in accordance with the Global Bidding Procedures Order and the *Amended Order Implementing Certain Notice and Case Management Procedures* [Docket No. 405].

3

## **NO PRIOR REQUEST**

11.     No prior request for the relief sought in this Motion has been made to this or any

other Court in connection with these chapter 11 cases.

WHEREFORE, Service.com respectfully requests that the Court enter an order granting

the relief requested herein and such other and further relief as is just.

DATED:      New York, New York
            February 1, 2019

                         SULLIVAN & WORCESTER LLP,

                         By:

                         /s/Jeffrey R. Gleit
                         Jeffrey R. Gleit, Esq.
                         Allison H. Weiss, Esq.
                         1633 Broadway
                         New York, New York 10019
                         (212) 660-3000 (Telephone)
                         (212) 660-3001 (Facsimile)
                         jgleit@sandw.com
                         aweiss@sandw.com

                         *Counsel to Service.com*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING SERVICE.COM TO FILE THE REDACTED DECLARATION OF ROBERT CELL

Upon the motion (the Motion")[2] of Service.com, pursuant to sections 107(b) and 105(a)

of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), for an order

authorizing Service.com to file the redacted Declaration, all as more fully set forth in the Motion;

and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant

to 22 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431,

dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the

Motion having been given as provided in the Motion; such notice having been adequate and

appropriate under the circumstances, and it appearing that no other or further notice need be

provided; and the Court having determined the relief requested in the Motion to be appropriate

and just, and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Service.com is authorized, but not directed, pursuant to sections 107(b)

and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to file the

redacted version of the Declaration with the information limited by the governing Non-

Disclosure Agreement redacted.

3.      The redacted information in the Declaration shall remain confidential and

shall not be made available to anyone other than to (i) the Court, (ii) the creditors' committee,

(iii) the U.S. Trustee, on a confidential basis, (iv) any party deemed necessary by the consent of

Service.com and the Debtors.

4.      Service.com shall submit an unredacted copy of the Declaration to the

Clerk of this Court in an envelope, clearly indicating that the same has been filed with redactions

by order of the Court and may not be unredacted until and unless permitted by further order of

the Court.

5.      The Clerk of the Court shall treat the Declaration as confidential, and

counsel to Service.com shall contact the Clerk's Office regarding the return or disposition of the

Declaration as soon as practicable following the conclusion of Service.com's involvement in this case.

6.      If the Declaration is attached or referred to in any future pleadings or document filed with the Court relating to the above-captioned chapter 11 case, this Order shall apply to such pleading or document.

7.      Service of the Motion, as set forth therein, is hereby deemed proper, timely, and due and sufficient notice of the Motion under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion is required.

8.      Nothing in this Order prejudices the rights of any party in interest, including the U.S. Trustee, to seek on appropriate motion, the unredaction of the Declaration, or any part thereof.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
        New York, New York

                               _____
                               THE HONORABLE ROBERT D. DRAIN
                               UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Declaration of Robert Cell**

Jeffrey R. Gleit, Esq.
Michael T. Sullivan, Esq.
Allison H. Weiss, Esq.
Clark A. Freeman, Esq.
**SULLIVAN & WORCESTER LLP**
1633 Broadway
New York, New York 10019
(212) 660-3000 (Telephone)
(212) 660-3001 (Facsimile)

*Counsel to Service.com*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF ROBERT CELL

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

ROBERT CELL, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I submit this Declaration in support of the *Limited Objection to the Global Asset Sale Transaction and Statement of Continued Interest in Purchase of Sears Home Improvement Business* [Docket No. 2130] by Service.com, Inc. ("Service.com"). The information in this declaration is based on my personal knowledge, unless otherwise indicated.

2.      I am a member of Mad Dog Technology, LLC ("MadDog") and have served on the Board of Directors of Service.com since 2017. MadDog is a Michigan-based venture operator and investor focused on creating and operating cloud-based business applications that disrupt existing industry models and help monetize underutilized information. MadDog's services include direct support for application development, sales, finance, marketing, and administration.

3.      MadDog, with its affiliate, is the majority shareholder of Service.com.

4.      At least four times since September 2017, Service.com, Sears Holdings Corporation ("SHC") and its debtor affiliates (collectively, the "Debtors"), and ESL Investments, Inc., including its agents, Edward Lampert and Kunal Kumlani (collectively, "ESL"), whether purporting to act on behalf of SHC or in association with the Debtors, were in discussions regarding the sale of the Sears Home Improvement business ("SHIP" or the "SHIP Business") to Service.com. I personally have been involved in those discussions.

5.      Each of the four proposed sale and purchase transactions fell apart, the first three times due at least in part to ESL's actions.

6.      Specifically, in September 2017, Service.com and MadDog submitted a bid to acquire the SHIP Business with ███████████████████████ for a price of ██████ ████. During discussions, ESL insisted that it be permitted to fund the subordinated debt

2

thereby making it the fulcrum creditor, effectively maintaining control over the SHIP Business. ████████████ walked away from the transaction shortly thereafter.

7.    In January 2018, Service.com and ████████████████████ proposed forming a SHIP-centric joint venture with SHC in which SHC would be the minority shareholder. This time, the proposed valuation of the SHIP Business was ████████. This transaction failed when ESL insisted on a valuation of ████████, which I knew to be unjustified. I later learned that ESL had obtained different sources of financing for SHC.

8.    In April 2018, ████████, as the proposed majority equity holder aligned with Service.com, extended yet another offer for the SHIP Business, this time in the amount of ████ ████. Once again, ESL interfered: ESL submitted a letter offer to acquire the SHIP Business, Kenmore, and PartsDirect. It is my understanding that ESL and ████████, as its financial partner, executed an NDA in connection with this proposed transaction. At or about the time of the announcement, ████████ stopped working with Service.com.

9.    In July 2018, Service.com submitted another bid, this time for $82 million ($72 million in cash and a $10 million seller's note). Once again, ESL interfered by submitting a substantially similar bid for the SHIP Business in August 2018.


I declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 1, 2019.

_Rob Cell / JKV_
Robert Cell