Rafael X. Zahralddin-Aravena, Esq. (DE Bar No. 4166) *pro hac vice pending*
Shelley A. Kinsella, Esq. (DE Bar No. 4023) *pro hac vice pending*
Eric M. Sutty, Esq. (DE Bar No. 4007) *pro hac vice pending*
ELLIOTT GREENLEAF, P.C.
1105 N. Market Street, Suite 1700
Wilmington, DE 19801
*Attorneys for McDonald's Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION, | Case No. 18-23538 (RDD) |
| Debtors[1]. | (Joint Administration) |

**SUPPLEMENT TO LIMITED OBJECTION OF MCDONALD'S CORPORATION TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

McDonald's Corporation ("McDonald's"), by and through its attorneys, hereby files this supplement (the "Supplement") to the limited objection (the "Limited Objection") to (a) the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Cure Notice"). In support of this Objection, McDonald's states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); Bluel.brht.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Koart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## BACKGROUND

1. On October 15, 2018 (the "Petition Date") and continuing thereafter, the above-captioned debtors (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued to operate its business and manage its properties as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. McDonald's and the Debtors are party to multiple executory contracts and unexpired leases throughout the country.

3. On November 19, 2018, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket No. 816] (the "Global Bidding Procedures Order").[2]

4. In accordance with the Global Bidding Procedures Order, on January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* (the "Successful Bidder Notice") [Docket No. 1730], which among other things, announced that the Debtors determined that the offer submitted by Transform Holdco, LLC (the "Buyer"), established by ESL Investments, Inc. to acquire all or substantially all of the global assets, was the highest or best offer for the global assets. A copy of the asset purchase agreement between the Debtors and the Buyer (the "APA") is attached to the Successful Bidder Notice as Exhibit B.

5. On January 18, 2019, the Debtors filed the Cure Notice. Exhibit A to the Cure Notice lists three (3) contracts with McDonald's (collectively, the "Contracts"). *See* Cure Notice, Exhibit A, page 205 of 342, nos. 4750, 4751, and 4752. The Cure Notice indicates that the cure amount for each of the Contracts is $0.00 (the "Proposed Cure Amount").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Global Bidding Procedures Order.

6. On January 25, 2018, McDonald's filed its Limited Objection.

**SUPPLEMENT**

7. As set forth in the Limited Objection, the Cure Notice fails to provide any information pertaining to the Contracts, thereby making it impossible to verify the Debtor's Proposed Cure Amount for each of the Contracts. Without any sort of information to assist in identifying the lease either by address or some other identifying information, McDonald's cannot adequately respond to any deadlines regarding the treatment of its executory contracts and unexpired leases. The Cure Notice does not contain any description or contract title of the Contracts between the Debtors and McDonald's. By not identifying any features of the Contracts, the Debtors have placed McDonald's in a precarious position of not knowing what contracts are being proposed to be assumed and assigned in accordance with the Global Bidding Procedures Order.

8. Since the filing of the Cure Notice and the Limited Objection, McDonald's has spent considerable time and effort to attempt to identify the Contracts in the Cure Notice. That effort has enabled McDonald's to preliminarily identify, to date, approximately fifty-one (51) locations the "Locations") in which there is a relationship between the parties. A list of the locations in which McDonald's has made some initial progress in identifying the Contracts is attached hereto as **Exhibit A**. Even with the due diligence performed by McDonald's, the Contracts (and appropriate cures) cannot be determined by this information alone.

9. McDonald's understands that for each of the Locations, certain executory contracts, leases, easements and/or other property rights may exist between the Debtors and McDonald's that implicate either responsibilities on McDonald's part, and/or that of the Debtors. These non-monetary and potentially monetary obligations cannot be assessed due to the lack of

3

information provided by the Debtors to date. The Debtor's Obligation to McDonald's under various shopping center agreements and/or leases may include, but not be limited to:

i. payments to McDonald's for common area or easement maintenance;
ii. obligations pursuant to grants of easement, license and other use rights;
iii. snow removal;
iv. road and /or parking lot maintenance and cleaning;
v. landscaping;
vi. utility, drainage, sewer easement maintenance;
vii. approval/consent for building and/or site improvements and modifications (past, pending and future);
viii. maintaining insurance;
ix. payment of real estate and other taxes;
x. shopping Center sign placement and maintenance;
xi. shopping center lot light maintenance;
xii. retaining wall maintenance;
xiii. parking ratio compliance and restrictions on changes to shopping center common area restrictions;
xiv. indemnification for non-compliance with law;
xv. obligations as landlord under lease agreements;
xvi. enforcement of and compliance with exclusive use restrictions and covenants not to compete; and
xvii. other miscellaneous obligations.

Most, if not all of these obligations could detrimentally impact operations for both the Debtors and McDonald's. The proposed sale order or any subsequent assumption and assignment could inadvertently extinguish or appear to extinguish these mutual obligations and be disruptive to one or both parties.

10. McDonald's, through counsel, has reached out to Debtors' counsel to reconcile and identify the Contracts but has not received a response to date. Accordingly, McDonald's proposes that the following language (the "Proposed Language") be added to the proposed Sale Order to address McDonald's Limited Objection:

> The Limited Objection of McDonald's Corporation to Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (D.I. 1878) shall be resolved as follows: McDonald's Corporation has numerous executory contracts, leases, easements and/or other property

4

rights with the Debtors that implicate either responsibilities on their part, and/or that of the Debtors and its affiliates. These non-monetary and potentially monetary obligations cannot be assessed due to the lack of information provided by the Debtors to date. McDonald's Corporation rights are expressly reserved with respect to any and all of these non-monetary and monetary cure obligations and may be resolved by agreement of the parties and/or the payment of a cure amount to be mutually agreed by the parties, and if no such agreement is reached within the designation rights period, the parties will schedule a hearing on no less than 14 days' notice to determine the appropriate non-monetary relief and monetary cure amounts, if any.

## RESERVATION OF RIGHTS

11.  McDonald's continues to review its records, the APA, the proposed sale order, and other relevant documents and information that have been filed with the Court. In addition, Schedule 2.7(a) to the APA (the "Potential Transferred Agreements") has not been filed with the Court, and additional pleadings and information may be filed or disclosed after the filing of this Supplement. Accordingly, McDonald's expressly reserves the right to further supplement or amend the Limited Objection as information becomes available.

WHEREFORE, McDonald's respectfully requests that this Court enter an Order: (1) requiring the Debtors to properly identify the Contracts it potentially seeks to assume and assign to the Buyer; (2) requiring the Debtors or the Buyer to cure any default under the identified Contracts if they are assumed and/or assigned (3) and in the event the Buyer does not wish to take an assignment of the Contracts, permitting McDonald's to immediately cease providing the services and performing any obligations pursuant to the Contracts related to the stores and other premises that were sold to the Buyer; direct the Debtors to add the Proposed Language to the Sale Order and (5) granting such other and further relief as is just and appropriate.

*THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK.*

Date:  February 1, 2019          **ELLIOTT GREENLEAF, P.C.**

*/s/ Rafael X. Zahralddin-Aravena*
Rafael X. Zahralddin-Aravena, Esq.
  (DE Bar No. 4166) *admitted pro hac vice*
  (NY Bar No. 5344676)
Shelley A. Kinsella, Esq. (DE Bar No. 4023)
  *admitted pro hac vice*
Eric M. Sutty, Esq. (DE Bar No. 4007)
  *admitted pro hac vice*
1105 N. Market Street, Suite 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
rxza@elliottgreenleaf.com
sak@elliottgreenleaf.com
ems@elliottgreenleaf.com

*Attorneys for McDonald's Corporation*

6