Hearing Date and Time: February 4, 2019 at 10:00 a.m.
Objection Date and Time: January 26, 2019 at 5:00 p.m.

Mark E. Felger, Esquire
Frederick (Erik) Schmidt, Esquire
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
Phone: 212-883-4948
Facsimile: 646-588-1552
Email:  mfelger@cozen.com
eschmidt@cozen.com
*Counsel to National Distribution Centers, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered)<br>**Related Docket No. 1864** |

**SUPPLEMENT TO LIMITED OBJECTION OF NATIONAL
DISTRIBUTION CENTERS, LLC TO THE GLOBAL ASSET
SALE TRANSACTION AND CURE NOTICE**

National Distribution Centers, LLC ("NDC"), by and through its undersigned counsel, hereby files its supplement to its limited objection to the proposed Global Asset Sale Transaction and Cure Notice and avers in support of its limited objection as follows:

1. On January 29, 2019, the undersigned was advised by Buyer's counsel that Buyer intended to select the Parking Lot Lease[1] and the Warehouse Sublease for assumption and assignment, which likely would have mooted NDC'S objection (subject to working through cure issues).

---

[1] Undefined terms shall have the meanings ascribed to them in National Distribution Centers, LLC's Limited Objection to the Global Asset Sale Transaction and Cure Notice, filed with the Court on January 25, 2019 at D.I. 1864.

2.      Subsequently, on January 30, 2019, Buyer's counsel advised the undersigned that the Buyer intended to designate the two leases (as well as the master lease for the Warehouse Property) as Designateable Leases.  The undersigned replied with a question as to what the Buyer intended with respect to the Parking Lot Lease, since it could not be designated.  No response was provided.

3.      On February 1, 2019, the Debtors and the Buyer filed their replies to the sale objections.  The Buyer's reply does not address NDC's objection.  The Debtors' reply addresses NDC's objection by setting forth that the Buyer is an "affiliate" of Kmart, and as such the sale of the Parking Lot Parcel to the Buyer is not precluded by the ROFR in favor of NDC.  In addition, the Debtors took the position that the ROFR is not enforceable as an improper restraint on alienation.  Further, the Debtors filed their revised sale order which confirms that the Debtors intend to sell the Parking Lot Parcel free and clear of the Parking Lot Lease.

4.      On February 2, 2019, the undersigned sent an email to Debtors' counsel and Buyer's counsel stating that NDC disagreed with their position with respect to the ROFR, and even if they were correct about the ROFR, the Debtors could not sell the property free and clear of NDC's lease by virtue of section 365(h) and because no subsection of section 363 would support their position.  Further, the undersigned requested that the issues with respect to the Parking Lot Parcel be carved out of the sale order and adjourned to a future hearing.  The Debtors and the Buyer have not responded to the undersigned's communication, including NDC's request for adjournment.

5.      The Debtors take the position that the ROFR does not apply, because the provision expressly carves out from the ROFR a sale to an affiliate (undefined in the lease).  NDC's understanding is that the inclusion of this exception was to cover a scenario in which Kmart desired

to transfer the property to a real estate subsidiary or the like; not a scenario such as this where the sale is to a party that is not in control of or controlled by Kmart and the sale will eviscerate NDC's leasehold estate. To that point, the very provision that addresses the sale to an affiliate expressly includes a proviso as follows: "provided, however, that this right of first refusal shall continue to be in effect during the Term of this lease." As such, while there was a carve-out for a transfer to an affiliate, it was agreed that the transfer would be subject to (and not free and clear of) the lease and the ROFR would continue to apply to any subsequent sale.

6. Further, the ROFR is not an improper restraint on alienation as articulated by the Court in the *E-Z Serve Convenience Stores* case, which is on point. *In re E-Z Serve Convenience Stores, Inc., 289 B.R. 45 (Bankr. M.D.N.C. 2003)*. The ROFR did not chill any bidding as evidenced by the fact that the Parking Lot Parcel is included in the proposed sale.

7. Lastly, since the Parking Lot Lease has not been assumed or rejected, the Debtors must perform all obligations that arise under the lease after the Petition Date, pursuant to Section 365(d)(3). The obligation to comply with the ROFR provision arose after the Petition Date, when the Debtors decided to sell their assets. As such, the Debtors are required to comply with the ROFR and afford NDC the opportunity to match whatever figure the Buyer has allocated to the Parking Lot Parcel.

8. In the event that the Court agrees with the Debtors with respect to the ROFR, then the Debtors must convince the Court that they may sell the Parking Lot Parcel free and clear of NDC's leasehold interest under section 363(f). This will require the Debtors to overcome two hurdles.

9. The first hurdle is to convince this Court to disagree with the District Court in the *Dishi & Sons* case, and side with the minority view set forth in the *Qualitech* case. *Dishi & Sons v. Bay Condos LLC (In re Bay Condos LLC)*, 510 B.R. 696 (S.D.N.Y. 2014).

10. In the event that this Court were to adopt the minority approach to reconciling sections 363(f) and 365(h), the Debtors would need to meet their burden by showing that one of the five prongs of section 363(f) applies and authorizes the sale free and clear of the Parking Lot Lease. NDC does not believe any of the five prongs can be satisfied by the Debtors on these facts. Moreover, as set forth in the *Dishi & Sons* case, if one of the five prongs could be satisfied, then the Debtors must provide NDC with adequate protection for the loss of its leasehold interest under 363(e). In the *Dishi & Sons* case, the Court determined that adequate protection equated with continued possession. NDC believes that continued possession would be the only way to provide NDC with the indubitable equivalent of the interest that the Debtors propose to vanquish.

11. Finally, NDC requests that the issues regarding the Parking Lot Lease be carved out of the sale order and adjourned to a future hearing date. NDC believes that with additional time and without the distractions of the larger sale issues set for hearing on February 4, 2019, the issues relating to the Parking Lot Parcel can be resolved among the parties.

12. NDC reserves all of its rights with respect to the Parking Lot Lease and the Warehouse Sublease, including its rights to raise additional objections at the time of the hearing.

Respectfully submitted,

Dated: February 3, 2019

COZEN O'CONNOR

Mark E. Felger, Esquire
Frederick (Erik) Schmidt, Esquire
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
Phone: 212-883-4948
Facsimile: 646-588-1552
Email: mfelger@cozen.com
eschmidt@cozen.com

*Counsel to National Distribution Centers, LLC*