UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

SEARS HOLDINGS CORPORATION,

Debtor.

Chapter 11

Case No. 18-23538

---

**OBJECTION OF VAN HOOK SERVICE CO., INC. TO DEBTORS' SECOND SUPPLEMENTAL PROPOSED CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Van Hook Service Co., Inc. ("Van Hook") by and through its undersigned counsel, Harris Beach PLLC, submits this Objection (the "Cure Objection") to the Debtors' Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (the "Supplemental Assumption Notice") (Dkt. 2314), filed on January 31, 2019, and respectfully states as follows:

1. Van Hook provides expert system design, replacement, service and installation of commercial refrigeration and air conditioning systems.

2. Van Hook and various Debtors are parties to certain contracts wherein Van Hook is hired to maintain HVAC services and provide facilities services for various retail, outlet, and automotive shop locations throughout the Northeast.

3. In particular, Van Hook and Sears, Roebuck and Co., Kmart Corporation, Sears Roebuck de Puerto Rico, Inc., Sears Logistics Services, Inc., and Sears Home Improvement Products, Inc. (collectively "Debtors") are parties to a Master HVAC Services Agreement (the "Master Service Agreement"), originally dated February 1, 2014, that was thereafter

amended pursuant to a First Amendment extending the contract through January 31, 2020.

4. On January 18, 2019, the Debtors file the Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in connection with Global Sale Transaction (the "Assumption Notice") (Dkt. 1731). Upon information and belief, the Debtors' Assumption Notice identified the Master Service Agreement as Contract No. CW2267247, which includes Debtors' Contract Nos. 7293 through 7319.

5. Van Hook and the Debtors are also parties to a Facilities Services Master Agreement up to $40,000 dated February 20, 2018 that terminates on February 20, 2019. It is unclear from the Assumption Notice which Contract Numbers relate to the Facility Services Master Agreement. The Facilities Services Master Agreement and Master Service Agreement are the "Van Hook Agreements."

6. In the Assumption Notice, the Debtors also identified the following contracts with Van Hook as contracts that may be assumed:

   a. FAC-Van Hook-SHO Invoicing 2017; Contract No. CW2328465; Contract No. 7289.

   b. FAC-Van Hook-MDO Invoicing 2017, CW2328469, FAC-Van Hook-Home Services Invoicing-2017 Contract No. CW2328467, which is Contract No. 7291;

   c. FAC Van Hook-Sears K-Mart Invoicing 2017; CW2325441 which is Contract No. 7292.

7. Van Hook is unable to reconcile the Debtors' contract identification with its records and therefore objected to the assumptions in general. However, Van Hook is currently working with the Debtors to further clarify the contract listing and amounts due.

8. In the original Assumption Notice, the Contracts identified as CW2328465 and CW2328467, by the Debtors' own admission, terminated by their terms on December 31, 2018. As a result, those contracts cannot be assumed. To the extent that they were otherwise extended, Van Hook objected to the $0.00 cure amount.

9. In the original Assumption Notice, with respect to all of their contracts with Van Hook, it appears the Debtors were asserting a total cure amount of $137,828.00 with $0.00 cure amounts on the various "sub accounts." However the total cure amounts as of January 22, 2019 should be $178,280.51. A list of the amounts due to Van Hook is attached hereto as **Exhibit "A"**.

10. As a result of the foregoing, Van Hook filed an Objection to the Assumption Notice at Dkt. 1805. To date, that Objection has not been resolved.

11. On January 31, 2019, the Debtors filed their Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in connection with Global Sale Transaction (Dkt. 2314) and identified two contracts with Van Hook Service as CW226747, with a zero ($0) Cure Amount, and further identified those agreements as Contracts Nos. 409-410.

12. Van Hook repeats and restates its objection as outlined above because the Debtor has not cured the default arising under the contracts, or provided adequate assurance that the default will be cured promptly as required under 11 U.S.C. §365(b).

13. In order to assume any contract, a Debtor must, with very limited exceptions, cure any default arising thereunder or provide adequate assurance that the default will be cured promptly. *See* 11 U.S.C. §365(b).

14. As referenced above, the total amount owed under the Van Hook Agreements as of January 22, 2019 total $178,280.51.

3

15. As a result of the foregoing, Van Hook respectfully requests that the Debtors be compelled to modify the Assumption Notice and Supplemental Assumption Notice to accurately reflect the existing Van Hook Agreements, and further requests an Order establishing the cure payments owed under the Van Hook Agreements to be $178,280.51, and granting such other and further relief as to this Court deems just and proper.

WHEREFORE, Van Hook respectfully requests that the Court issue an Order establishing the Cure Amounts under the Van Hook Agreements at $178,280.51, and requiring the Debtors to pay such Cure Amounts upon assumption of the Van Hook Agreements, and requests such other and further relief as the Court may deem just and proper.

Dated: February 4, 2019

HARRIS BEACH PLLC

*/s/ Lee E. Woodard*

Lee E. Woodard, Esq.
Wendy A. Kinsella, Esq.
*Attorneys for Van Hook Service Co., Inc.*
333 West Washington St., Suite 200
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331
lwoodard@harrisbeach.com
wkinsella@harrisbeach.com