Presentment Date and Time: February 13, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline: February 12, 2019 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed):  To Be Announced

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
:
**In re**                                    :    **Chapter 11**
:
**SEARS HOLDINGS CORPORATION**, *et al.*,    :    **Case No. 18-23538 (RDD)**
:
**Debtors.**[1]                              :    **(Jointly Administered)**
:
----------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT
AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement and Order Granting Limited Relief From the Automatic Stay* (the "**Proposed Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **February 13, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Stipulation attached hereto is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **February 12, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider such Proposed Stipulation, and such Proposed Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider such Proposed Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: February 5, 2019
      New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

# Exhibit 1

**Proposed Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                          :
                                               :     Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,      :
                                               :     Case No. 18-23538 (RDD)
                                               :
Debtors.[1]                                    :     (Jointly Administered)
------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among Sears, Roebuck and Co. and Innovel Solutions, Inc. (collectively, the "**Debtors**"), and Felicia Browell, as Parent and Natural Guardian of Rhianna L. Browell, a minor, Robert Malone, Administrator of the Estate of Rhoda Malone, Robert Malone, as Parent and Natural Guardian of Robert Logan Malone, and Thomas K. Dowler and Renne I. Dowler, Administrators of the Estate of Faith Renne Dowler (collectively, the "**Movants**"). The Debtors and the Movants collectively are referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A. WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtors and certain of their affiliates (collectively, the "**Chapter 11 Entities**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Entities are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. WHEREAS, between May 2017 and February 2018, each Movant commenced an action that is pending in the Harrison County Circuit Court, State of West Virginia (the "**West Virginia State Court**") at Case Nos. 17-C-159, 17-C-213, 17-C-358, and 18-C-048 (collectively, the "**State Court Actions**") against the Debtors. The State Court Actions involve claims asserted by the Movants for injuries and deaths as a result of an automobile accident that occurred on September 9, 2016.

C. WHEREAS, on December 5, 2018, the Movants filed the *Motion of Felicia Browell, as Parent and Natural Guardian of* Rhianna *L. Browell, a Minor, Robert Malone, Administrator of the Estate of Rhoda Malone, Robert Malone, as Parent and Natural Guardian of Robert Logan Malone, and Thomas K. Dowler and Renne I. Dowler, Administrators of The Estate of Faith Renne Dowler for an Order for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* [ECF No. 1049] (the "**Motion**"),[2] seeking relief from the Automatic Stay for the limited purposes of continuing the State Court Actions to liquidate Movants' claims so Movants may (i) recover their liquidated claims from any applicable provider of insurance, and (ii) participate as a creditor with liquidated claims against the Debtors and their estates.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

2

D. WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary to permit the Movants to continue the State Court Actions (including any appeal(s) thereto) against the Debtors solely to resolve and liquidate the Movants' unliquidated claims and obtain recovery from any available and/or applicable insurance proceeds/policies issued by any non-debtor party (*i.e.*, non-self-insurance proceeds/policies), including under policy number ISA H09044188 issued by ACE American Insurance Company (as renewed, amended, modified, endorsed or supplemented from time to time); provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtors or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Upon the Effective Date, the Motion shall be deemed withdrawn, without prejudice.

4. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates, impairs or

3

extinguishes a direct right of action by the Movants against the Debtors' or any of the other Chapter 11 Entities' insurers; (iii) precludes, limits, or enhances, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to the Movants' claims.

5. Nothing contained herein shall be construed as a waiver by the Chapter 11 Entities of their right to object to any and all proofs of claim relating to the State Court Actions or any other pending prepetition action to which the Debtors or any of the other Chapter 11 Entities are a party that may be filed by any of the Movants in the chapter 11 cases of the Chapter 11 Entities.

6. The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the State Court Actions or any other matter.

7. This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

9. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10. This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

11. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

12. This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

13. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

[*Signature page follows*]

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

Dated: February 5, 2019

By: */s/* Garrett A. Fail
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated: February 5, 2019

By: */s/* Edward L. Schnitzer
Edward L. Schnitzer
Maura I. Russell
CKR LAW LLP
1330 Avenue of the Americas,
14th Floor
New York, NY 10019
Telephone: (212) 259-7300
Facsimile: (212) 259-8200

Paul J. Cordaro, Esq.
CAMPBELL & LEVINE, LLC
330 Grant Street, Suite 1700
Pittsburgh, PA 15219
Telephone: (412) 261-0310
Facsimile: (412) 261-5066

*Attorneys for Movants*

Dated: _____, 2019
        New York, New York

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

6