FERRAIUOLI LLC
390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001
Email: scolon@ferraiuoli.com

Counsel for *Santa Rosa Mall, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**SUPPLEMENT TO SANTA ROSA MALL, LLC'S
STANDING OBJECTION TO GLOBAL ASSET SALE TRANSACTION**

Santa Rosa Mall, LLC ("Santa Rosa Mall" or "Store No. 1915"), by and through its attorneys, hereby files this supplement (the "Supplement") to its *Standing Objection to Global Asset Sale Transaction* (the "Standing Objection", Docket No. 2013), and in support thereof,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC(6546); Sears Operations LLC(4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

respectfully states:

1. On January 26, 2018, Santa Rosa Mall filed an *Standing Objection* asserting that as a loss payee under the Insurance Policy, it is entitled to the totality of the insurance proceeds under Policy No. PTNAM1701557, for the damages caused by Hurricanes Irma and Maria and the amount should not be subject to a cap. As evidence by the *Certificate of Property Insurance,* attached thereto as **Exhibit I**, the coverage limit of the Insurance Policy for Store No. 1915 was $50,000,000.

2. Both prior to and after the bankruptcy filing, Santa Rosa Mall tried to obtain information regarding the insurance claim and any negotiations thereto with AIG Europe Limited, the insurance company, but has been denied access to the same. See Docket No. 1240.

3. The $13 million carveout in the *Asset Purchase Agreement* (Docket No. 1730) executed by and between the Debtors and the Buyer suggested that a global settlement had been reached, globally capping coverage across the board for all stores alike, including Store No. 1915, without taking into account the damages for each individual store and the individual coverage afforded under each insurance policy.

4. In response, Sears noted in *Debtors' Omnibus Reply in Support of the Going Concern Sale Transaction* (the "Omnibus Reply", Docket No. 2328) as follows:

| Objecting Party | Objection Summary | Response | Status |
|---|---|---|---|
| Santa Rosa Mall, LLC (ECF No. 2013) | Objects to the Sale Transaction to the extent the Asset Purchase Agreement unilaterally caps to $13 million the coverage limit of an insurance policy under which objector is the loss payee on this policy | The Asset Purchase Agreement does not cap the insurance coverage requirements under any lease. **The provision cited by objector is unrelated to insurance coverage under a lease agreement.** Section § 2.1(q) of the APA addresses the payment of certain insurance proceeds that will be paid to the Debtors and not sold to Buyer, which are capped at $13 million. | Pending |

Docket No. 2328, at pp. 96-97, ¶ 26 (emphasis added).

5.  Although the Debtors asserted in their *Omnibus Reply* filed on Friday night that the provision cited is unrelated to the insurance coverage under "any" lease agreement, Docket No. 2328, p. 96-97, ¶ 26, the January 16, 2019, Auction transcript attached to the *Declaration of Sunny Singh in Support of the Going Concern Transaction* (Docket No. 2344) states that the $13 million relate to hurricane insurance proceeds. See Docket No. 2344, p. 237, ¶¶ 7-9.

6.  Similarly, the *Declaration of William L. Transier* (Docket No. 2341) provides that ESL agreed to allow the Debtors to keep $19 million of sale deposit and hurricane insurance proceeds. See Docket No. 2341, p. 14, ¶ 32.

7.  Thus, despite Sears' objection, the $13 million does refer to the insurance proceeds received from Hurricanes Irma and Maria.

8.  In view that documents regarding the specific claim has not been obtained yet, it is not clear whether any other insurance claim related to Store No. 1915 is still outstanding.

9.  We note that under the definition for "Acquired Assets", pursuant to the *Asset Purchase Agreement* (Docket No. 1730), includes:

> [] **any and all insurance proceeds**, warranty proceeds, condemnation awards or other compensation **in respect of loss or damage to [] any Acquired Asset** (and any right or claim of [Sears] to any such proceeds, awards or other compensation), **in each case**, to the extent **relating to a casualty occurring prior to,** on, or after **the Asset Purchase Agreement date,** and whether received prior to, on, or after the Closing Date, **in an aggregate amount not to exceed $13,000,000.**

Docket No. 1730, § 2.1(q), p. 57 (emphasis added).

10. Although Santa Rosa Mall does not object to the Global Asset Sale Transaction, it does object to and reserve its rights with regards to Debtors' proposed retention of $13-million in insurance proceeds included in the *Asset Purchase Agreement*. As asserted by Santa Rosa Mall in

its *Standing Objection* (Docket No. 2013), the Debtors cannot retain insurance proceeds that may belong to loss payees under the insurance policies, which is the reason for Santa Rosa Mall's objection.

11.   To the extent that the $13 million do relate to insurance claims for the casualties resulting from the hurricanes, they have a direct impact upon Santa Rosa Mall, whose store was destroyed by Hurricane María and who is a loss payee under the Insurance Policy.

12.   Thus, until Santa Rosa Mall's *Motion to Compel Insurance Proceeds* (Docket No. 1240) is resolved on February 14, 2019, it is our position that no determination should be made as to whether the Debtors are entitled to retain insurance proceeds if they belong to a loss payee, such as Santa Rosa Mall.

13.   Santa Rosa Mall, through counsel, has reached out to Debtors' counsel to reconcile and identify the insurance proceed amounts that have been paid but this matter is subject to discovery, and a protection order is being filed. A subpoena was served for the February 14th hearing on Santa Rosa Mall's *Motion to Compel Insurance Proceeds* (Docket No. 1240) in view of the Debtors' failure to provide information or documentation regarding the insurance claim.

14.   Further, Santa Rosa Mall reserves its right to any insurance proceeds that are transferred to the Buyer as acquired assets insofar as they relate to insurance proceeds received or to be received as a result of the damages caused by Hurricane Irma and Maria.

15.   In view of the foregoing, Santa Rosa Mall proposes the following language (the "Proposed Language") to be added to the proposed Sale Order to address Santa Rosa Mall's *Standing Objection*:

> The *Standing Objection* of Santa Rosa Mall, LLC (Docket Nos. 2013 and 2283) shall be resolved as follows: "all rights are reserved with respect to any insurance proceeds received by the Debtors on account of any loss or damage caused by Hurricanes Irma and Maria to Sears Store No. 1915 in Bayamon, Puerto Rico, and the approval of the sale does not affect in any way whatsoever the rights, titles and

interests of Santa Rosa, the Debtors or Buyer, their respective successors and assigns, in such insurance proceeds to the extent they exist."

WHEREFORE, Santa Rosa Mall respectfully request that this Court enter an Order granting Santa Rosa's *Standing Objection*, and that its rights be protected and preserved with regards to any insurance proceeds received by the Debtors on account of any loss or damage caused by Hurricanes Irma and Maria to Store No. 1915 in Bayamon, Puerto Rico, and that the approval of the sale does not affect in any way whatsoever the rights, titles and interests of Santa Rosa Mall, in such insurance proceeds; and grant any other relief it deems fair and equitable.

| Respectfully submitted.<br>Dated: February 5, 2019<br>Orlando, Florida | **Ferraiuoli** LLC<br>390 N.Orange Avenue<br>Suite 2300<br>Orlando, Florida 32801<br>Phone: (407) 982-7310<br>Fax: (787) 766-7001<br><br>*/s/ Sonia E. Colon Colon*<br>Sonia E. Colón Colón<br>Admitted *Pro Hac Vice*<br>USDC-PR No. 213809<br>scolon@ferraiuoli.com<br><br>Attorneys for Creditor<br>*Santa Rosa Mall, LLC* |