WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :    Case No. 18-23538 (RDD)
                                                            :
           Debtors.[1]                                      :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### ASSUMING LEASE TERMINATION AGREEMENT
### (24800 W. VALLEY HIGHWAY, KENT, WASHINGTON)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

WEIL:\96904506\1\73217.0004

This stipulation, agreement, and order (the "**Stipulation, Agreement, and Order**") is entered into by and between Kmart of Washington, LLC ("**Kmart**"), as debtor and debtor-in-possession in the above captioned chapter 11 cases, and Yoder-17th Street Properties, LLC ("**Landlord**"). Kmart and the Landlord are collectively referred to in this Stipulation, Agreement, and Order as the "**Parties**" and each as a "**Party**." The Parties hereby stipulate and agree and follows:

## RECITALS

A.   Landlord is the owner of approximately 84,180 square feet of non-residential real property situated at 24800 W. Valley Highway, in Kent, Washington (the "**Leased Premises**").

B.   On December 9, 1976, Kmart and Landlord (by and through their respective predecessors in interest) entered into a lease agreement for the Leased Premises (together with any amendments, modifications, renewals and guaranties, the "**Lease**"), which in accordance with its terms, is scheduled to expire on November 30, 2022 (the "**Lease Expiration Date**"). Kmart refers to the Leased Premises as "Store 3413".

C.   On October 1, 2018, the Parties entered into that certain termination of lease agreement (the "**Initial Lease Termination Agreement**"), a copy of which is annexed hereto as **Exhibit A**, pursuant to which, among other things, the Parties agreed: (1) to terminate the Lease prior to the Lease Expiration Date; (2) that Landlord would pay Kmart a sum certain in consideration of such termination; (3) that Kmart would remit certain final amounts for rent, common area maintenance ("**CAM**") and taxes; (4) that Kmart would surrender possession of the Leased Premises to the Landlord in accordance with certain agreed upon terms; and (5) that each Party would release and discharge each other from further performance under the Lease.

D. On October 15, 2018 (the "**Commencement Date**") and continuing thereafter, Kmart and its debtor affiliates (collectively, the "**Debtors**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

E. On November 5, 2018, Kmart ceased operating at the Leased Premises and surrendered the Leased Premises to the Landlord in a manner and condition acceptable to Landlord.

F. The Parties have agreed, subject to approval by the Bankruptcy Court, to enter into an amendment to the Initial Lease Termination Agreement pursuant to the terms of the Amendment to Termination of Lease Agreement (the "**Amendment**" and, together with the Initial Lease Termination Agreement, the "**Lease Termination Agreement**") which provides for, *inter alia*, assumption by Kmart of the Initial Lease Termination Agreement and payment by Kmart of its postpetition indebtedness.  A copy of the Amendment is attached hereto as **Exhibit B**.

G. The Debtors, believe that the assumption of the Lease Termination Agreement is necessary and appropriate to consummate the transactions set forth therein, including receipt of the termination payment, is in the best interests of the Debtors' estates and creditors, and a sound exercise of the Debtors' business judgment.

H. In connection with the foregoing matter, the Parties have agreed, subject to approval by the Bankruptcy Court, to the terms set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THAT:**

## AGREEMENT

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until the date it is approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Lease Termination Agreement is assumed by the Debtors pursuant to section 365(a) of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Rules 6006-1 and 9006-1 of the Local Bankruptcy Rules for the Southern District of New York and *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405).

3. Upon the Effective Date, the Lease Termination Agreement shall be binding upon and enforceable against the Parties.

4. As of the Effective Date, the Debtors and the Landlord shall be relieved of any and all liability, known or unknown, except as set forth in the Lease Termination Agreement, and the Debtors shall not be required to cure any defaults pursuant to section 365(b)(1) of the Bankruptcy Code other than as set forth in the Lease Termination Agreement.

5. Notwithstanding anything to the contrary in the Lease, the Lease Termination Agreement, or the Amended Lease Termination Agreement, and for the avoidance of doubt, the Debtors shall have no indemnification obligations to Landlord or Landlord's ground lessor, if any, in connection with any penalty, claim, or demand of whatever nature

occurring and arising after the Termination Date (as defined in the Lease Termination Agreement).

6. This Stipulation, Agreement, and Order shall be filed and become part of the record in the Debtors' chapter 11 cases.

7. Each person who executes this Stipulation, Agreement, and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation, Agreement, and Order on behalf of such Party.

8. This Stipulation, Agreement, and Order and the Lease Termination Agreement contain the entire agreement between the Parties and supersedes all prior discussions, agreements, and undertakings between the Parties relating to the subject matter hereof.

9. This Stipulation, Agreement, and Order may be executed simultaneously in one or more counterparts, and by the parties hereto in separate counterparts, and with facsimile or pdf signatures being deemed originals, each of which when executed shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

10. This Stipulation, Agreement, and Order, and all of the provisions hereof and the Lease Termination Agreement shall be binding upon, and inure to the benefit of, the Parties hereto and their respective successors and assigns, and shall not be modified, altered, amended or vacated without the written consent of all parties hereto or further order of the Bankruptcy Court.

11. Notwithstanding the applicability of Bankruptcy Rule 6006(d), the terms and provisions of this Stipulation, Agreement, and Order shall be immediately effective and enforceable upon the Effective Date.

WEIL:\96904506\1\73217.0004

12. This Stipulation, Agreement, and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

Dated: January 28, 2019

WEIL GOTSHAL & MANGES LLP
Attorneys for *Debtors and Debtors in Possession*
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

By: /s/ Jacqueline Marcus
    Jacqueline Marcus

Dated: January 28, 2019

JAMESON BABBITT STITES & LOMBARD PLLC
Attorneys for *Yoder-17th Street Properties, LLC*
801 Second Avenue, Suite 1000
Seattle, Washington 98104
(206) 292-1994

By: /s/ Sean T. Durbin
    Sean T. Durbin, Esq.

**SO ORDERED:**

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Dated: February 6, 2019
    White Plains, New York