Thomas R. Slome                                       Hearing Date and Time: February 14, 2019 at 10:00 a.m.
Michael Kwiatkowski
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706
Email: tslome@msek.com
       mkwiatkowski@msek.com

and

Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862
E-mail: russell@russelljohnsonlawfirm.com
        john@russelljohnsonlawfirm.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | ) Case No. 18-23538 (RDD) |
| | ) |
| Debtors. | ) **(Jointly Administered)** |
| | ) |

**DECLARATION OF LISA R HOLLAND IN SUPPORT OF MOTION OF CERTAIN UTILITY COMPANIES TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE**
**[Docket No. 1395]**

I, Lisa R. Holland, declare as follows:

1. I am Business Analyst for PECO Energy Company ("PECO") and I have been in that position for 15 years and with PECO for 35 years. In my current position with PECO, I assist in the credit and bankruptcy operations.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, my review of PECO's business documents, correspondence and relevant documents, or my opinion based upon my experience concerning the operations of PECO. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. On behalf of PECO, I submit this Declaration in support of the *Motion of Certain Utility Companies To Determine Adequate Assurance of Future Payment Motion* (the "Motion") (Docket No. 1395).

4. In making this Declaration, I am familiar with the contents of the Motion (Docket No. 1395), *Motion of Debtors Requesting Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* (the "Utility Motion")(Docket No. 196), and the *Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* (the "Utility Order")(Docket No. 461).

5. It is part of my job responsibility with PECO to: (A) review customer accounts with PECO; (B) address credit issues with PECO's customers; and (C) address issues concerning customers that file for bankruptcy protection, including requests for adequate assurance of payment.

6. PECO's relationship with the Debtors is governed by tariffs (the "PECO Tariffs") that are on file with the Pennsylvania Utility Commission and can be obtained at:

Electric: https://www.peco.com/SiteCollectionDocuments/CurrentElecTariff.pdf

Gas: https://www.peco.com/SiteCollectionDocuments/CurrentGasTariff.pdf

7. The PECO Tariffs establish: (a) the amount of security that PECO is entitled to seek from its customers under applicable state law; (b) that PECO must bill the Debtors monthly; and (c) the billing and payment terms for all of PECO's customers. Specifically, under the billing cycle established by the PECO Tariffs, a customer receives approximately one month of utility goods and/or services before PECO issues a bill for such charges, which is due on presentation. If payment is not made within 20-22 days of the invoice date, a late payment charge at the rate of 1.5 percent per monthly billing period is applied to the account. Service may be terminated upon a customer's failure to pay a bill for utility service, but not until PECO has provided the customer with written notice that is delivered to the property address on file, and 3 business days to cure the payment default. Accordingly, a customer's account will not be terminated for non-payment of bills until at least 53 business days after the service is provided.

8. As of the Petition Date, the Debtors owed PECO $227,078.97 for billed and unbilled charges.

9. PECO provided the Debtors with utility goods and services prior to the Petition Date and continues to provide post-petition utility goods and services to the Debtors at the Debtors' accounts that are listed on the chart attached to this Declaration as **Exhibit "A**."

10. Pursuant to the PECO Tariffs, PECO is entitled to seek adequate assurance of payment from the Debtors in the form of a two-month cash deposit in the amount of $359,360,

which is the amount PECO is seeking from the Debtors in these cases for the 32 post-petition accounts that the Debtors have with PECO.

11.   PECO is seeking a two-month deposit in this case because of the exposure created by its billing cycle.

12.   For its non-bankrupt customers, PECO accepts security in the form of cash deposits, letters of credit or surety bonds, all of which are forms of security maintained by PECO.

13.   Although PECO does not want its post-petition security to be in the form of money maintained in the Adequate Assurance Account, if the Court were to hold that the security provided to PECO is to be in that form, PECO would ask that the Utility Order be amended to include the following additional provisions to ensure that the money held in the Adequate Assurance Account is sufficient in amount and would be available for payment of unpaid post-petition bills:

   A.   The amount for PECO be increased to $359,360, which is two times the average monthly bills for the 32 active accounts that the Debtors still have with PECO.

   B.   The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors after the Debtors' payment in full of all post-petition obligations due and owing to the applicable Utility Provider, which the Debtors shall confirm in writing with the applicable Utility Provider.

   C.   The Debtors agree to pay all post-petition charges of the Utility Providers by the applicable due date of the invoice, which is a due date established in accordance with applicable state laws, regulations and/or tariffs.

   D.   If the Debtors fail to pay a utility bill when due (including the passage of

cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice, the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the amount due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider.

E.   Notwithstanding anything in the Motion, the Order or (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders) to the contrary, there shall be no liens on the amounts in the Adequate Assurance Account for the Utility Providers that are higher in priority to the Utility Providers' rights and interests in the amounts contained and allocated in the Adequate Assurance Account for the Utility Providers. Moreover, the amounts contained in the Adequate Assurance Account shall remain available to the Utility Providers for the payment of post-petition charges even if the Debtors cases are converted to cases under Chapter 7 of the Bankruptcy Code.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 5th day of February 2019, at Philadelphia, Pennsylvania.

*Lisa R Holland* (signature)
Lisa R Holland

**PECO**
An Exelon Company

**Debtor's Name:** Kmart Corporation

| Account Number | Debtor Entity | Premise Address | Pre-Petition Amt. | Deposit Request Amt |
|---|---|---|---|---|
| XXXXX-X1005 | K-MART CORP | 4377 SWAMP RD DOYLESTOWN PA 18902 | $4,975.14 | $11,145.00 |
| XXXXX-X0706 | K-MART CORP | 3205 E LINCOLN HWY THORNDALE PA 19372 | $29.41 | $3,745.00 |
| XXXXX-X1208 | K-MART CORP | 925 PAOLI PIKE WEST CHESTER PA 19380 | $14,204.94 | $16,235.00 |
| XXXXX-X0300 | K-MART CORP | 1 KRESGE RD FAIRLESS HILLS PA 19030 | $93,991.81 | $99,285.00 |
| XXXXX-X1704 | K-MART CORP | 0 BALTIMORE PIKE, & JACKSON CLIFTON HEIGHTS PA 19018 | $12,907.87 | $16,310.00 |
| XXXXX-X1302 | K-MART | 700 NUTT RD PHOENIXVILLE PA 19460 | $3,497.53 | $8,825.00 |
| XXXXX-X1601 | K-MART CORP | 600 MACDADE BLVD GLENOLDEN PA 19036 | $45.89 | $1,980.00 |
| XXXXX-X0404 | K-MART CORP | 4377 SWAMP RD, GAS DOYLESTOWN PA 18902 | $27.45 | $4,460.00 |
| XXXXX-X0608 | K-MART CORP | 713 BALTIMORE PIKE CLIFTON HEIGHTS PA 19018 | $45.83 | $2,240.00 |
| XXXXX-X0308 | K-MART CORP | 1 KRESGE RD FAIRLESS HILLS PA 19030 | $964.60 | 105.560.00 |
| XXXXX-X0403 | K-MART CORP | 1000 NUTT RD, 9409 PHOENIXVILLE PA 19460 | $37.09 | $4,220.00 |
| XXXXX-X1602 | K-MART CORP | 985 PAOLI PIKE WEST CHESTER PA 19380 | $76.17 | $3,295.00 |
| XXXXX-X1905 | K-MART CORP | 3205 LINCOLN HWY THORNDALE PA 19372 | $4,037.59 | $14,135.00 |
| XXXXX-X1605 | K-MART CORP | 7101 ROOSEVELT BLVD PHILADELPHIA PA 19149 | $2,979.09 | $10,210.00 |
| TOTAL | | | $137,820.41 | $196,085.00 |

Exhibit A

**PECO**
An Exelon Company

| Debtor's Name: | Sears, Roebuck and Co | | | |
|---|---|---|---|---|
| **Account Number** | **Debtor Entity** | **Premise Address** | **Pre-Petition Amt.** | **Deposit Request Amt** |
| XXXXX-X1700 | SEARS ROEBUCK & CO | 2500 MORELAND RD WILLOW GROVE PA 19090 | $19,732.20 | $13,370.00 |
| XXXXX-X1706 | SEARS ROEBUCK & CO | 100 NESHAMINY BLVD BENSALEM PA 19020 | $43.48 | $5,215.00 |
| XXXXX-X6023 | SEARS ROEBUCK & CO | 2811 DEKALB PIKE NORRISTOWN PA 19401 | $259.94 | $6,910.00 |
| XXXXX-X1108 | SEARS ROEBUCK & CO | 0 STATE RD, N/O BETHLEHEM PK MONTGOMERYVILLE PA 18936 | $5,811.26 | $19,990.00 |
| XXXXX-X0705 | SEARS ROEBUCK & CO | 222 EXTON SQUARE ML, E/O POTTSTOWN PK EXTON PA 19341 | $10,722.30 | $21,245.00 |
| XXXXX-X1408 | SEARS ROEBUCK & CO | 2500 MORELAND AVE WILLOW GROVE PA 19090 | $1,044.11 | $2,315.00 |
| XXXXX-X1102 | SEARS ROEBUCK & CO | 1067 W BALTIMORE PIKE MEDIA PA 19063 | $25,180.63 | $29,895.00 |
| XXXXX-X0307 | SEARS ROEBUCK & CO | 0 LINCOLN HWY, E/O POTTSTOWN EXTON PA 19341 | $51.67 | $820.00 |
| XXXXX-X0506 | SEARS ROEBUCK & CO | 2300 E LINCOLN HWY BENSALEM PA 19020 | $20,345.48 | $27,320.00 |
| XXXXX-X0209 | SEARS ROEBUCK & CO | 0 LINCOLN HWY 0 LINCOLN HWY | $75.76 | $1,895.00 |
| XXXXX-X1036 | SEARS ROEBUCK & CO | 1180 BALTIMORE PIKE, ST 3 SPRINGFIELD PA 19064 | $423.51 | $1,315.00 |
| XXXXX-X0102 | SEARS ROEBUCK & CO | 0 DEKALB PIKE, AND BETHLEHEM PI MONTGOMERYVILLE PA 18936 | $111.75 | $4,155.00 |
| XXXXX-X0085 | SEARS ROEBUCK & CO | 2811 DEKALB PIKE NORRISTOWN PA 19401 | $3,964.56 | $13,960.00 |
| XXXXX-X0301 | SEARS AUTO CENTER ST | 100 EXTON SQ  EXTON PA 19341 | $119.63 | $260.00 |
| XXXXX-X1104 | SEARS AUTO CENTER | 1067 BALTIMORE PIKE MEDIA PA 19063 | $46.88 | $3,945.00 |
| XXXXX-X1203 | SEARS ROEBUCK & CO AUTO STORE | 100 NESHAMINY BLVD BENSALEM PA 19020 | $124.79 | $4,805.00 |
| XXXXX-X1307 | SEARS ROEBUCK & CO AUTO CTR | 2500 MORELAND RD WILLOW GROVE PA 19090 | $92.22 | $3,595.00 |
| XXXXX-X1601 | AMERICAN HOME IMPROVMNT | 801 CALCON HOOK ELEC RD SHARON HILL PA 19079 | $1,108.39 | $2,265.00 |
| **TOTAL** | | | **$89,258.56** | **$163,275.00** |

Exhibit A