Thomas R. Slome  
Michael Kwiatkowski  
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.  
990 Stewart Avenue, Suite 300  
P.O. Box 9194  
Garden City, New York 11530-9194  
Telephone: (516) 741-6565  
Facsimile: (516) 741-6706  
Email: tslome@msek.com  
      mkwiatkowski@msek.com  

and  

Russell R. Johnson III (VSB No. 31468)  
John M. Craig (VSB No. 32977)  
Law Firm Of Russell R. Johnson III, PLC  
2258 Wheatlands Drive  
Manakin-Sabot, Virginia 23103  
Telephone: (804) 749-8861  
Facsimile: (804) 749-8862  
E-mail: russell@russelljohnsonlawfirm.com  
      john@russelljohnsonlawfirm.com

Hearing Date and Time: February 14, 2019 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| | ) |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | ) Case No. 18-23538 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF JENNIFER DAVY IN SUPPORT MOTION OF CERTAIN UTILITY COMPANIES TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE [Docket No. 1395]**

I, Jennifer Davy, declare as follows:

1. I am Supervisor of Credit & Collections for New York State Electric and Gas Corporation ("NYSEG") and have been in that position for five months and with NYSEG for six years. In my current position with NYSEG, I assist in the credit and bankruptcy operations.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, my review of NYSEG's business documents, correspondence and relevant documents, or my opinion based upon my experience concerning the operations of NYSEG. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. On behalf of NYSEG, I submit this Declaration in support of the *Motion of Certain Utility Companies To Determine Adequate Assurance of Future Payment Motion* (the "Motion") [Docket No. 1395]

4. In making this Declaration, I am familiar with the contents of the Motion (Docket No. 1395), *Motion of Debtors Requesting Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* (the "Utility Motion")(Docket No. 196) (the "Utility Order") and the *Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* [Docket No. 461] (the "Utility Order").

5. It is part of my job responsibility with NYSEG to: (A) review customer accounts with NYSEG; (B) address credit issues with NYSEG's customers; and (C) address issues concerning customers that file for bankruptcy protection, including requests for adequate assurance of payment.

6. NYSEG's relationship with the Debtors is governed by tariffs (the "NYSEG

Tariffs") that are on file with the New York Public Utility Commission and can be obtained at:

Electricity - https://www.nyseg.com/wps/portal/nyseg/account/understandyourbill./electricpricing/!ut/p/z1/tZNbb4IwFIB_yx54ZC3gBR6REIjhoiLj8kJqQayBglid_vvVzF2yTFmWrUkfmpxz-vWcryAFMUgpOpISMdJQVPFzko4yRXJNe2BAz3d8Gc7h1NK0cKGEpgyiewF6MATpT_LhjaXDvvwnkIIUU9ayDUjoeV-UqOyyjzcIcFOgvOgEiDBuDpQJ8ED5ec8Qzc_NoVuRqnoUYFFVmHUEt3wTWl6qtpjkIBlphaLAgSSu1upYHEjjlahirImairAs5coIKcNLdGS4meX4E93JDN9bmvESJAL0ksC0dGuReZ-I7CuR_kYUvhMlnGjySmReiWZXXoqhvFOn9RkYXyp5Z9dVIOMP4VgU74OM8kuIZhLTpam5P8Ls2zkNzwW_6947aEEz7_OIfQO5cw-VGtIhtRELXDYi_UQjEXxXiqWS726U6F7ShrDgxEP-hoW0dhrWq1GIMt8OyVk-iFc0c_eEF58gWWQ!!/dz/d5/L2dBISEvZ0FBIS9nQSEh/?WCM_GLOBAL_CONTEXT=%2FNYSEGAGR_Navigation%2FHeader%2FAccount%2FUnderstandYourBill.%2FElectricPricing

Gas - https://www.nyseg.com/wps/portal/nyseg/account/understandyourbill./naturalgaspricing/!ut/p/z1/vZPbboJAEIafpRdc0l0BES-REIgRqAfK4YasC-IaWBAWq2_fNdpD0ipN03TvJpl_5puZZES-REIgRqAfK4YasC-IaWBAWq2_fNdpD0ipN03TvJpl_5puZf0EMQhBTdCA5YqSiqOBxFaWBAWq2_fNdpD0ipN03TvJpl_5puZf0EMQhBTdCA5YqSiqOBxFKuJPHBMWzGg6808Cc7h1BqP_YXsmxII7iXoyyGIf6KHN54O-_TPIAYxpqxmWxDRU5vlKG-SjxkEuM1QmjUCRBhXHWUC7CiPW4Zoeqq6Zk2K4lGAFLGuQUWO2rohmND8XLfGJAWRpCGMhhiKAyUdiYoyzsT1SFVFpGJZktMBxnBzzg4MJ7Fm3kSfJYbnrsxwBSIButHStHRrkbifmOwrk_7G5L8zRZxpcmFyL0wWap-uTEHfOeL7ywzOnD336qsRcYbRrQr2kp_0QLIX4NQOqKbmDlr9b5Nw3F7zTP-zUhmDa5zL-Dchuv4917rWKsuzIQPinZuMNpMYxHG67GrGtSOimAuE3Yt73i7gufb_U5FIM4W6Y19pRtAKt1R9eAQKjbNM!/dz/d5/L2dBISEvZ0FBIS9nQSEh/?WCM_GLOBAL_CONTEXT=%2FNYSEGAGR_Navigation%2FHeader%2FAccount%2FUnderstandYourBill.%2FNaturalGasPricing

7.     The NYSEG Tariffs establish (a) the amount of security that NYSEG is entitled to seek from its approximate three million customers under applicable state law; (b) that NYSEG must bill the Debtors monthly; and (c) the billing and payment terms for all of NYSEG's customers. Specifically, under the billing cycle established by the NYSEG Tariffs, a customer receives approximately one month of utility goods and/or services before NYSEG issues a bill for such charges. Once a bill is issued, the customer has at least 23 days to pay the bill before late charges may be imposed. If an arrearage is not cured, NYSEG must provide at least five days'

written notice before termination of utility services for non-payment. Accordingly, under NYSEG's billing cycle, a customer could receive at least two months of unpaid charges before NYSEG could cease the supply of utility goods and/or services for a post-petition payment default.

8. As of the Petition Date, the Debtors owed NYSEG $ 145,673.81 for billed and unbilled charges.

9. NYSEG provided the Debtors with utility goods and services prior to the Petition Date and continues to provide post-petition utility goods and services to the Debtors at the Debtors' accounts that are listed on the chart attached to this Declaration as **Exhibit "A."**

10. Pursuant to the NYSEG Tariffs, NYSEG is entitled to seek adequate assurance of payment from the Debtors in the form of a two-month cash deposit in the amount of $ 158,830.00, which is the amount NYSEG is seeking from the Debtors in these cases for the nine post-petition accounts that the Debtors have with NYSEG.

11. NYSEG is seeking a two-month deposit in this case because: (1) of the exposure created by its billing cycle.

12. NYSEG held prepetition deposits, which, with interest, totaled $ 0.00. NYSEG recouped, pursuant to Section 366(c)(4) of the Bankruptcy Code, the $ 0.00 prepetition deposit against the $ 145,673.81 prepetition debt owed by the Debtors to NYSEG leaving a balance owing of $ 145,673.81.

13. For its non-bankrupt customers, NYSEG accepts security in the form of cash deposits, letters of credit or surety bonds, which are forms of security maintained by NYSEG.

14. Although NYSEG does not want its post-petition security to be in the form of money maintained in the Adequate Assurance Account, if the Court were to hold that the security

4

18-23538-shl    Doc 2458    Filed 02/07/19    Entered 02/07/19 09:57:09    Main Document
Pg 5 of 7

provided to NYSEG is to be in that form, NYSEG would ask that the Utility Order be amended to include the following additional provisions to ensure that the money held in the Adequate Assurance Account is sufficient in amount and would be available for payment of unpaid post-petition bills:

    A.    The amount for NYSEG be increased to $ 158,830.00, which is two times the average monthly bills for the nine active accounts that the Debtors still have with NYSEG.

    B.    The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors after the Debtors' payment in full of all postpetition obligations due and owing to the applicable Utility Provider, which the Debtors shall confirm in writing with the applicable Utility Provider.

    C.    The Debtors agree to pay all postpetition charges of the Utility Providers by the applicable due date of the invoice, which is a due date established in accordance with applicable state laws, regulations and/or tariffs.

    D.    If the Debtors fail to pay a utility bill when due (including the passage of any cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice, the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the amount due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider.

    E.    Notwithstanding anything in the Motion, the Order or (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use

of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders) to the contrary, there shall be no liens on the amounts in the Adequate Assurance Account for the Utility Providers that are higher in priority to the Utility Providers' rights and interests in the amounts contained and allocated in the Adequate Assurance Account for the Utility Providers. Moreover, the amounts contained in the Adequate Assurance Account shall remain available to the Utility Providers for the payment of post-petition charges even if the Debtors cases are converted to cases under Chapter 7 of the Bankruptcy Code.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 6th day of February 2019, at Binghamton, NY in Broome County

_____
Jennifer Davy

# Exhibit A

| Pre-petition Contract Account # | Post Petition Account # | Account Name | Address | Pre-petition Final Bill | Post Petition Deposit Request (2 MONTH) |
|---|---|---|---|---|---|
| 1123 | O240 | KMART | 973 ROUTE 6, MAHOPAC NY 10541 | $31,584.28 | $27,940.00 |
| 3655 | 6594 | KMART | 1020 CENTER ST, HORSEHEADS NY 14845 | $15,333.64 | $20,730.00 |
| 3754 | 9615 | KMART | 1020 CENTER ST, HORSEHEADS NY 14845 | $112.08 | $2,460.00 |
| 9010 | O257 | KMART | 171 DELAWARE AVE, SIDNEY NY 13838 | $26,611.16 | $32,870.00 |
| 7472 | O646 | KMART | 365 DOWNING DR, YORKTOWN HEIGHTS NY 10598 | $25,737.64 | $28,420.00 |
| 8463 | O265 | KMART | 459 STATE ROUTE 3, PLATTSBURGH NY 12901 | $3,769.68 | Account Closed 10.23.2018 |
| 8471 | 9730 | KMART | 459 STATE ROUTE 3, PLATTSBURGH NY 12901 | $40.83 | Account Closed 10.23.2018 |
| 6906 | O299 | SEARS | 3300 CHAMBERS RD 5050, HORSEHEADS NY 14845 | $11,064.34 | $17,160.00 |
| 6930 | 9672 | SEARS | 3300 CHAMBERS RD 5050, HORSEHEADS NY 14845 | $90.35 | $2,610.00 |
| 6748 | O307 | SEARS | 4545 TRANSIT RD RM550, BUFFALO NY 14221 | $10,591.13 | Account Closed 01.16.2019 |
| 3791 | O612 | SEARS | 3701 MCKINLEY PKWY, BUFFALO NY 14219 | $16,512.34 | $21,650.00 |
| 9441 | 5382 | SEARS | 60 INDUSTRIAL PKWY, BUFFALO NY 14227 | $4,226.34 | $4,990.00 |
| | | | Total | $145,673.81 | $158,830.00 |