Thomas R. Slome
Michael Kwiatkowski
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706
Email:  tslome@msek.com
        mkwiatkowski@msek.com

and

Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862
E-mail:  russell@russelljohnsonlawfirm.com
         john@russelljohnsonlawfirm.com

Hearing Date and Time: February 14, 2019 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) Case No. 18-23538 (RDD) |
| Debtors. | ) (Jointly Administered) |

**DECLARATION OF EMORY L. ROBERTS JR IN SUPPORT MOTION OF CERTAIN UTILITY COMPANIES TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE [Docket No. 1395]**

I, Emory L. Roberts Jr, declare as follows:

1.  I am Director of Finance & Customer Service for the City of Ocala, Florida, a Florida municipal corporation (the "City") and have been in that position for two years and with the City for three years. In my current position with the City, I assist in the credit and bankruptcy operations.

2.  Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, my review of the City's business documents, correspondence and relevant documents,

or my opinion based upon my experience concerning the operations of the City. If called upon to testify, I would testify to the facts set forth in this Declaration.

3.  On behalf of the City, I submit this Declaration in support of the *Motion of Certain Utility Companies To Determine Adequate Assurance of Future Payment Motion* (the "Motion") [Docket No. 1395]

4.  In making this Declaration, I am familiar with the contents of the Motion (Docket No. 1395), *Motion of Debtors Requesting Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* (the "Utility Motion")(Docket No. 196) (the "Utility Order") and the *Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* [Docket No. 461] (the "Utility Order").

5.  It is part of my job responsibility with the City to: (A) review customer accounts with the City; (B) address credit issues with the City's customers; and (C) address issues concerning customers that file for bankruptcy protection, including requests for adequate assurance of payment.

6.  The City's relationship with the Debtors is governed by applicable ordinances and regulations that can be found at:

https://www.ocalafl.org/government/city-departments/electric-utility/files-documents

and https://library.municode.com/fl/ocala/codes/code_of_ordinances?nodeId=PTIICOOR_CH70UT

(the "City Regulations").

7.  The City Regulations establish: (a) the amount of security that the City is entitled to seek from its customers; (b) that the City must bill the Debtors monthly; and (c) the billing and payment terms for all of the City's customers. Specifically, under the billing cycle established by the City Regulations and the

City's actual practice[1], a customer receives approximately one month of utility goods and/or services before the City issues a bill for such charges, which is due on presentation. If payment is not made within twenty (20) days of the invoice date, a late payment charge at the rate of five (5) percent per monthly billing period is applied to the account. Service may be terminated upon a customer's failure to pay a bill for utility service within eleven (11) days[2] from the date payment is due, but not until the City has provided the customer with telephonic notice of disconnection at the primary customer phone number on file. Accordingly, a customer's service will not be terminated for non-payment of bills until at least eleven (11) days after the payment due date or a total of thirty-one (31) days[3] after the service invoice date.

8. The City held a prepetition cash security deposit in the amount of $374,346.24 on Kmart Account No. xxxx 4749. The total prepetition charges on the foregoing Kmart account was in the amount of $255,740.45. Pursuant to Section 366(c)(4) of the Bankruptcy Code, the City applied the $374,346.24 cash security deposit to the $255,740.15 in prepetition debt, leaving a credit of $118,605.79 credit (the "Credit").

9. As adequate assurance of payment pursuant to Section 366 of the Bankruptcy Code for all of the the Kmart Accounts, the City is asking the Debtors shall provide the City with a two-month cash deposit in the amount of $238,373.58 as follows:

    A. Allow the City to move the Credit to the Kmart post-petition accounts with the City; and

    B. The Debtor tender an additional cash payment of $119,767.79 to the City.

10. As adequate assurance of payment pursuant to Section 366 of the Bankruptcy Code for the three Sears Accounts with the City, the City is asking the Debtor to provide the City with a two-month cash deposit in the amount of $38,177.52.

---

[1] The City's practice, which is the basis for the time frames below, is more lenient (i.e., provides a customer with longer to pay) than under a strict application of the City Regulations.
[2] Five (5) days under the City Regulations.
[3] 25 days under the City Regulations.

11. The City provided the Debtors with utility goods and services prior to the Petition Date and continues to provide post-petition utility goods and services to the Debtors at the Debtors' accounts that are listed on the chart attached to this Declaration as **Exhibit "A."**

12. Pursuant to the City Regulations, the City is entitled to seek adequate assurance of payment from the Debtors in the form of the two-month cash deposits set forth in paragraphs 9 and 10 above.

13. The City is seeking two-month cash deposits in this case because of the exposure created by its billing cycle.

14. For its non-bankrupt customers, the City accepts security in the form of cash deposits, letters of credit or surety bonds the City, all forms of security maintained by the City.

15. Although the City does not want its post-petition security to be in the form of money maintained in the Adequate Assurance Account, if the Court were to hold that the security provided to the City is to be in that form, the City would ask that the Utility Order be amended to include the following additional provisions to ensure that the money held in the Adequate Assurance Account is sufficient in amount and would be available for payment of unpaid post-petition bills:

A. The amount for the City be increased from $65,195.66 to $157,645.31, which, along with the Credit, represents a deposit that is two times the average monthly bills for the active accounts that the Debtors still have with the City

B. The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors after the Debtors' payment in full of all postpetition obligations due and owing to the applicable Utility Provider, which the Debtors shall confirm in writing with the applicable Utility Provider.

C. The Debtors agree to pay all postpetition charges of the Utility Providers by the applicable due date of the invoice, which is a due date established in accordance with applicable state laws, regulations and/or tariffs.

    D.  If the Debtors fail to pay a utility bill when due (including the passage of any cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice, the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the amount due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider.

    E.  Notwithstanding anything in the Motion, the Order or (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders) to the contrary, there shall be no liens on the amounts in the Adequate Assurance Account for the Utility Providers that are higher in priority to the Utility Providers' rights and interests in the amounts contained and allocated in the Adequate Assurance Account for the Utility Providers. Moreover, the amounts contained in the Adequate Assurance Account shall remain available to the Utility Providers for the payment of post-petition charges even if the Debtors cases are converted to cases under Chapter 7 of the Bankruptcy Code.

  I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

  Executed this 4th day of February 2019, at Ocala, Florida.

                   *[signature]*
                   Emory L. Roberts Jr
                   Director of Finance & Customer Service
                   City of Ocala

EXHIBIT A TO CITY OF OCALA DECLARATION

**SEARS BANKRUPTCY - CITY EXPOSURE**

| Account No. (1) Prior to 10/15/2018 | Account No. (1) After 10/15/2018 | Customer | Prepetition Amount Owed | Deposit Under City Code |
|---|---|---|---|---|
| 8654 | 5705 | Sears (Appliance Rpr) 3711 E Silver Springs Blvd Ocala, FL 34470 | $ 1,908.19 | $ 2,432.46 |
| 6730 | 5708 | Sears 3100 SW College Rd Suite 300 Ocala, FL 34474 | $ 26,402.25 | $ 30,980.22 |
| 2530 | 5720 | Sears (Auto) 3100 SW College Rd Suite 600 Ocala, FL 34474 | $ 4,313.63 | $ 4,764.84 |
| | | Sears Totals | $ 32,624.07 | $ 38,177.52 |
| 2999 | 5711 | Kmart 3711 E Silver Springs Blvd Ocala, FL 34470 | $ 6,904.90 | Closed 12/26/2018 |
| 2362 | 5721 | Kmart (water & sewer) 655 SW 52nd Ave Ocala, FL 34474 | $ 1,259.31 | $ 1,632.64 |
| 4749 | 5763 | Kmart Distribution Ctr 655 SW 52nd Ave Ocala, FL 34474 | $ 255,740.45 | $ 236,740.94 |
| | | Kmart Totals | $ 263,904.66 | $ 238,373.58 |
| TOTALS | | **Sears and Kmart** | $ **296,528.73** | $ **276,551.10** |

(1) Last 4 digits only.