Thomas R. Slome  
Michael Kwiatkowski  
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.  
990 Stewart Avenue, Suite 300  
P.O. Box 9194  
Garden City, New York 11530-9194  
Telephone: (516) 741-6565  
Facsimile: (516) 741-6706  
Email: tslome@msek.com  
      mkwiatkowski@msek.com  

and  

Russell R. Johnson III (VSB No. 31468)  
John M. Craig (VSB No. 32977)  
Law Firm Of Russell R. Johnson III, PLC  
2258 Wheatlands Drive  
Manakin-Sabot, Virginia 23103  
Telephone: (804) 749-8861  
Facsimile: (804) 749-8862  
E-mail: russell@russelljohnsonlawfirm.com  
      john@russelljohnsonlawfirm.com  

Hearing Date and Time: February 14, 2019 at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| | ) |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | ) Case No. 18-23538 (RDD) |
| | ) |
| Debtors. | ) **(Jointly Administered)** |

**DECLARATION OF DORA HARGROVE IN SUPPORT OF MOTION OF CERTAIN UTILITY COMPANIES TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE**
[Docket No. 1395]

I, Dora Hargrove, declare as follows:

1. I am Revenue Management Specialist for Baltimore Gas and Electric Company ("BGE") and I have been in that position for 17 years and with BGE for 33 years. In my current

position with BGE, I assist in the credit and bankruptcy operations.

2.  Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, my review of BGE's business documents, correspondence and relevant documents, or my opinion based upon my experience concerning the operations of BGE. If called upon to testify, I would testify to the facts set forth in this Declaration.

3.  On behalf of BGE, I submit this Declaration in support of the *Motion of Certain Utility Companies To Determine Adequate Assurance of Future Payment Motion* (the "Motion") (Docket No. 1395).

4.  In making this Declaration, I am familiar with the contents of the Motion (Docket No. 1395), *Motion of Debtors Requesting Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* (the "Utility Motion")(Docket No. 196), and the *Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* (the "Utility Order")(Docket No. 461).

5.  It is part of my job responsibility with BGE to: (A) review customer accounts with BGE; (B) address credit issues with BGE's customers; and (C) address issues concerning customers that file for bankruptcy protection, including requests for adequate assurance of payment.

6. BGE's relationship with the Debtors is governed by tariffs (the "BGE Tariffs") that are on file with the Maryland Public Service Commission and can be obtained at:

Electric –
https://www.bge.com/MyAccount/MyBillUsage/Pages/ElectricServiceRatesTariffs.aspx
Gas –
https://www.bge.com/MyAccount/MyBillUsage/Pages/GasServiceRatesTariffs.aspx

7. The BGE Tariffs establish: (a) the amount of security that BGE is entitled to seek from its customers under applicable state law; (b) that BGE must bill the Debtors monthly; and (c) the billing and payment terms for all of BGE's customers. Specifically, under the billing cycle established by the BGE Tariffs, a customer receives approximately one month of utility goods and/or services before BGE issues a bill for such charges, which is due on presentation. If payment is not made within 4 days of the invoice date, a late payment charge at the rate of 1.5 percent for the first and second months, the 3rd month a 2 percent charge is assessed—if nonpayment continues beyond 3 months—the maximum late payment of 5 percent per monthly billing period is applied to the account. Service may be terminated upon a customer's failure to pay a bill for utility service, but not until BGE has provided the customer with written notice that is mailed to the customer using the mailing address on file, and 14 days to cure the payment default. Accordingly, a customer's account will not be terminated for non-payment of bills until at least 60 days after the service is provided. However, termination can be delayed well beyond the turn off notice -- via customer being granted an extension, given a promise to pay and/or entering into a payment arrangement with BGE.

8. BGE provided the Debtors with utility goods and services prior to the Petition Date and continues to provide post-petition utility goods and services to the Debtors at the Debtors'

3

accounts that are listed on the chart attached to this Declaration as **Exhibit "A."**

9.  The information regarding BGE's prepetition accounts with the Debtors is as follows:

  A.  BGE held a prepetition cash deposit in the amount of $134,411 on the Debtor Sears Roebuck and Company's ("Sears") accounts. After the $134,411 deposit was applied to the prepetition debt on those accounts, there remained a credit balance of $12,416 (the "BGE Sears Credit").

  B.  BGE held a prepetition cash deposit in the amount of $14,427.37 on the Debtor Kmart Corporation's accounts. After the $14,427.37 deposit was applied to the prepetition debt on those accounts, prepetition debt in the amount of $7,290.90 remained on those accounts.

10. As adequate assurance of payment pursuant to Section 366(c) of the Bankruptcy Code, BGE is seeking a two-month cash deposit in the amount of $81,178, which can be paid as follows:

  A.  BGE to move the $12,416 BGE Sears Credit to the Debtor Sears' post-petition accounts with BGE as a partial deposit payment; and

  B.  The Debtors tender a cash payment of $68,762.

11. Pursuant to the BGE Tariffs, BGE is entitled to seek adequate assurance of payment from the Debtors in the form of a two-month cash deposit in the amount of $81,178, which is the amount BGE is seeking from the Debtors in these cases for the 21 post-petition accounts that the Debtors have with BGE.

12. BGE is seeking a two-month deposit in this case because: (1) of the exposure created by its billing cycle; (2) minimize loss due to unpaid bills.

13. For its non-bankrupt customers, BGE accepts security in the form of cash deposits, letters of credit or surety bonds, all of which are forms of security maintained by BGE.

14. Although BGE does not want its post-petition security to be in the form of money maintained in the Adequate Assurance Account, if the Court were to hold that the security provided to BGE is to be in that form, BGE would ask that the Utility Order be amended to include the following additional provisions to ensure that the money held in the Adequate Assurance Account is sufficient in amount and would be available for payment of unpaid post-petition bills:

A. The amount for BGE be increased to $68,762, with the balance to be provided by BGE moving the $12,416 BGE Sears Credit to the Debtor Sears' post-petition accounts, which amounts together represent two times the average monthly bills for the active accounts that the Debtors have with BGE.

B. The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors after the Debtors' payment in full of all post-petition obligations due and owing to the applicable Utility Provider, which the Debtors shall confirm in writing with the applicable Utility Provider.

C. The Debtors agree to pay all post-petition charges of the Utility Providers by the applicable due date of the invoice, which is a due date established in accordance with applicable state laws, regulations and/or tariffs.

D. If the Debtors fail to pay a utility bill when due (including the passage of any cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice, the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the amount

due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider.

        E.      Notwithstanding anything in the Motion, the Order or (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and post-petition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders) to the contrary, there shall be no liens on the amounts in the Adequate Assurance Account for the Utility Providers that are higher in priority to the Utility Providers' rights and interests in the amounts contained and allocated in the Adequate Assurance Account for the Utility Providers. Moreover, the amounts contained in the Adequate Assurance Account shall remain available to the Utility Providers for the payment of post-petition charges even if the Debtors cases are converted to cases under Chapter 7 of the Bankruptcy Code.

      I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

      Executed this 6th day of February 2019, at Richmond, Virginia.

                                                    _____
                                                    Dora Hargrove

## Sears

Filed Chapter 11, Case #18-23538  
Date Filed: 10/15/18

*EXHIBIT A*

| NAME | Pre-Pet Acct# | Address | Proposed 2 MONTH Post-Petition Deposit | Pre-Petition Debt | |
|---|---|---|---|---|---|
| Sears Roebuck & Co - GAS | 1000 | 6901 SECURITY BLVD STORE *301 BALTIMORE MD | $ 1,304.83 | $1,686.80 | |
| Sears Roebuck & Co - PBS ELEC | 0000 | R 7835 EASTPOINT MALL *STORE 1, BALT MD | $ 4,449.33 | $1,219.07 | |
| Sears Roebuck & Co - PBS ELEC | 1000 | R 10300 LITTLE-PATUXENT PKWY, COL MD | $ 6,128.83 | $7,631.27 | |
| Sears Roebuck & Co | 9000 | 1781 CROSSROADS DR *SUITE A, ODENTON MD | $ 4,223.00 | $10,960.00 | CLOSED ACCT |
| Sears Roebuck & Co | 0000 | 8770 ROBERT-FULTON DR, COLUMBIA, MD | $ 5,430.33 | $3,644.36 | |
| Sears Roebuck & Co - PBS ELEC | 1000 | 6901 SECURITY BLVD STORE *301 BALTIMORE MD | $ 5,743.83 | $8,430.66 | |
| Sears Roebuck & Co - PBS ELEC | 1000 | 8980 WALTHAM-WOODS RD, BALT MD | $ 5,607.62 | $7,000.00 | |
| Sears Roebuck & Co - PBS ELEC | 0000 | 1040 ANNAPOLIS MALL, ANNAPOLIS, MD | $ 9,199.17 | $13,982.84 | |
| Sears Roebuck & Co | 1000 | S 1920 YORK RD, LUTHERVILLE, MD | $ 7,123.50 | $1,400.08 | |
| Sears Roebuck & Co - PBS ELEC | 0000 | 7900 RITCHIE HWY, GLEN BURNIE MD | $ 6,565.00 | $14,220.19 | |
| Sears Roebuck & Co | 1000 | R 1908 YORK RD, LUTHERVILLE, MD | $ 789.50 | $2,267.00 | |
| Sears Roebuck & Co - GAS | 3684 | 658 BALTIMORE, BEL AIR, MD | $ 541.33 | $96.04 | |
| Sears Roebuck & Co - PBS ELEC | 1000 | 658 BALTIMORE PIKE, BEL AIR, MD | $ 7,563.00 | $2,873.71 | |
| Sears Roebuck & Co - GAS | 1000 | 8200 PERRYHALL BLVD, PERRY HALL MD | $ 108.89 | $100.81 | |
| Sears Roebuck & Co - PBS ELEC | 9000 | 400 N CENTER ST *STORE 3, WESTMINSTER MD | $ 4,647.50 | $3,125.23 | |
| Sears Roebuck & Co | 5000 | 8200 BELAIR RD, BALTIMORE, MD | $ 5,935.83 | $10,832.00 | |
| Sears Roebuck & Co - GAS | 1000 | 8200 PERRY-HALL BLVD, BALTIMORE, MD | $ 1,530.50 | $2,460.00 | |
| Sears Roebuck & Co | 0000 | 7200 RUTHERFORD RD *SECT A, BALT MD | $ 3,068.33 | $2,230.69 | |
| Sears Roebuck & Co - PBS ELEC | 1000 | 8200 PERRYHALL BLVD, PERRY HALL MD | $ 5,442.67 | $9,042.99 | |
| Sears Roebuck & Co - PBS ELEC | 0000 | 15700 EMERALD WAY, BOWIE MD - New Tenant | $ 20,169.17 | $5,415.05 | CLOSED ACCT |
| Sears Roebuck & Co | 0000 | 597 E ORDNANCE RD *STORE B, GLEN BURNIE | $ 954.33 | $263.15 | CLOSED ACCT |
| | | Total Pre-Pet Debt | $ 106,527 | $121,994.02 | |