Thomas R. Slome
Michael Kwiatkowski
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706
Email: tslome@msek.com
mkwiatkowski@msek.com

Hearing Date and Time: February 14, 2019 at 10:00 a.m.

and

Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862
E-mail: russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | **Case No. 18-23538 (RDD)** |
| **Debtors.** | **(Jointly Administered)** |

**DECLARATION OF BRENT COCHRAN IN SUPPORT MOTION OF CERTAIN UTILITY COMPANIES TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE [Docket No. 1395]**

I, Brent Cochran, declare as follows:

1. I am Director of Customer Service for Jackson EMC and have been in that position for [12 years] and with Jackson EMC for 27 years. In my current position with Jackson EMC, I

assist in the credit and bankruptcy operations.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, my review of Jackson EMC's business documents, correspondence and relevant documents, or my opinion based upon my experience concerning the operations of Jackson EMC. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. On behalf of Jackson EMC, I submit this Declaration in support of the *Motion of Certain Utility Companies To Determine Adequate Assurance of Future Payment Motion* (the "Motion") [Docket No. 1395]

4. In making this Declaration, I am familiar with the contents of the Motion (Docket No. 1395), *Motion of Debtors Requesting Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* (the "Utility Motion")(Docket No. 196) (the "Utility Order") and the *Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* [Docket No. 461] (the "Utility Order").

5. It is part of my job responsibility with Jackson EMC to: (A) review customer accounts with Jackson EMC; (B) address credit issues with Jackson EMC's customers; and (C) address issues concerning customers that file for bankruptcy protection, including requests for adequate assurance of payment.

6. Under Jackson EMC's billing cycle, the Debtors receive approximately one month of utility goods and/or services before Jackson EMC issues a bill for such charges. Once a bill is issued, the Debtors have 15 days to pay the applicable bill. If the Debtors fail to timely pay the bill, a past due notice is issued and a late fee may be subsequently imposed on the account. If the Debtors fail to pay the bill after the issuance of the past due notice, Jackson EMC issue sa notice that informs the Debtors that they must cure the arrearage within 7 days or service will be disconnected. Accordingly, under the Jackson EMC's billing cycle, the Debtors could receive at least three months of unpaid charges before Jackson EMC could cease the supply of goods and/or services for a post-petition payment default.

7. The Jackson EMC web site link to its service rules is: https://www.jacksonemc.com/sites/default/files/servicerulesreg_011518.pdf (the "Jackson EMC Rules").

8. As of the Petition Date, the Debtors owed Jackson EMC $38,094.59 for billed and unbilled charges.

9. Jackson EMC provided the Debtors with utility goods and services prior to the Petition Date and continues to provide post-petition utility goods and services to the Debtors at the Debtors' accounts that are listed in paragraph 10 below.

10. Pursuant to the Jackson EMC Rules, Jackson EMC is entitled to seek adequate assurance of payment from the Debtors in the form of a two-month cash deposit, which is the amount Jackson EMC is seeking from the Debtors in these cases. Specifically, the two month deposits that Jackson EMC has requested from the Debtors are: Account #**4078 (A) $43,000 for the 580 Raco Pkwy, Jefferson, Georgia service address; and (B) Account #**9301 $1,800 for the

1650 International Ct., Suite 200, Gwinnett Park, Norcross, Georgia service address.

11. Jackson EMC is seeking a two-month deposit in this case because: (1) of the exposure created by its billing cycle;

12. For its non-bankrupt customers, Jackson EMC accepts security in the form of cash deposits, letters of credit or surety bonds, which are all forms of security maintained by Jackson EMC.

13. Although Jackson EMC does not want its post-petition security to be in the form of money maintained in the Adequate Assurance Account, if the Court were to hold that the security provided to Jackson EMC is to be in that form, Jackson EMC would ask that the Utility Order be amended to include the following additional provisions to ensure that the money held in the Adequate Assurance Account is sufficient in amount and would be available for payment of unpaid post-petition bills:

A. The amount for Jackson EMC be increased to $44,800, which is two times the average monthly bills for the two active accounts that the Debtors still have with Jackson EMC

B. The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors after the Debtors' payment in full of all postpetition obligations due and owing to the applicable Utility Provider, which the Debtors shall confirm in writing with the applicable Utility Provider.

C. The Debtors agree to pay all postpetition charges of the Utility Providers by the applicable due date of the invoice, which is a due date established in accordance with applicable state laws, regulations and/or tariffs.

D. If the Debtors fail to pay a utility bill when due (including the passage of any cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice, the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the amount due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider.

E. Notwithstanding anything in the Motion, the Order or (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders) to the contrary, there shall be no liens on the amounts in the Adequate Assurance Account for the Utility Providers that are higher in priority to the Utility Providers' rights and interests in the amounts contained and allocated in the Adequate Assurance Account for the Utility Providers. Moreover, the amounts contained in the Adequate Assurance Account shall remain available to the Utility Providers for the payment of post-petition charges even if the Debtors cases are converted to cases under Chapter 7 of the Bankruptcy Code.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this _5th_ day of February 2019, at [Jefferson Georgia)

Brent Cochran
Jackson EMC