GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212.813.8839
F: 212.419.0964
William P Weintraub
WWeintraub@goodwinlaw.com

*Counsel to Interactions Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SEARS HOLDINGS CORPORATION**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF INTERACTIONS CORPORATION TO NOTICE AND SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Interactions, LLC ("Interactions"), by and through its undersigned counsel, hereby files this objection (the "Limited Objection") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Initial Cure Notice") and the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1774] (the "Supplemental Cure Notice" and together with the Initial Cure Notice, the "Cure Notices"). In support of this Objection, Interactions relies on the Declaration of Joseph P. Gildea (the "Gildea Declaration"), which is attached hereto as **Exhibit A**, and states as follows:

## BACKGROUND

1. On December 29, 2014, Interaction and Sears Holdings Management Corporation, on behalf of itself and for the benefit of its affiliates ("Sears" and together with Interaction, the "Parties"), entered into that certain Master "Software as Service" Managed Services Agreement, dated December 29, 2014 (collectively with all other supporting or related agreement, amendments, addendums, exhibits, and/or schedules to the foregoing, "Master Agreement"). A true and correct copy of the Master Agreement is attached to the Gildea Declaration as **Exhibit 1**. Under the Master Agreement, the Parties entered into a number of Statements of Work,[2] setting forth certain specific goods or services to be provided or performed by Interaction under the Master Agreement. Specifically, (i) Statement of Work No. 1, effective December 29, 2014; (ii) Statement of Work No. 2, effective September 14, 2015; (iii) Statement of Work No. 3,

---

[2] Due to the voluminous size of the documentation, copies were not attached to the Gildea Declaration. Copies of the original supporting documentation are available upon request.

2

effective January 1, 2018; and (iv) Statement of Work No. 4, effective October 4, 2018 (together with the Master Agreement, the "Agreements").

2.  Beginning on October 15, 2018 (the "Petition Date") and continuing thereafter, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have been operating and managing their businesses as debtors-in-possession.

3.  On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] (the "Successful Bidder Notice"), which, among other things, announced that the Debtors determined that the offer submitted by Transform Holdco, LLC (together with any of its affiliates, the "Buyer"), established by ESL Investments, Inc., to acquire all or substantially all of the Global Assets (as defined in the Successful Bidder Notice), was the highest or best offer for the Global Assets. A copy of the asset purchase agreement between the Debtors and the Buyer (the "Asset Purchase Agreement") is attached to the Successful Bidder Notice as Exhibit B.

4.  On January 18, 2019, the Debtors filed the Initial Cure Notice. With respect to Interactions, Exhibit A to the Initial Cure Notice identifies the following:

3

| Exhibit Line Number | Debtor Counterparty(s) | Counterparty Name | Contract Title | Contract Executed Date | Contract Expiration Date | Contract Number | Cure Amount |
|---|---|---|---|---|---|---|---|
| 3675 | Sears Holdings Management Corporation | Interactions Corporation | Home Services Interactions SAAS Agreement | 12/29/2014 | 12/31/2020 | CW2308348 | $726,572 |
| 3676 | Sears Holdings Management Corporation | Interactions Corporation | Online Interaction SOW 2 | 9/14/2015 | 12/31/2018 | CW2301355 | $ - |
| 3677 | Sears Holdings Management Corporation | Interactions Corporation | MSO Interactions LLC SOW 3 Renewal | 1/1/2018 | 12/31/2020 | CW2337124 | $ - |
| 3678 | Sears Holdings Management Corporation | Interactions | MSO Interactions SOW 4 Professional Services | 10/2/2018 | 10/01/2019 | CW2340035 | $ - |
| 3679 | Sears Holdings Management Corporation | Interactions, LLC, as Successor in Interest to Interactions Corporation | *Left Blank* | 10/2/2018 | 10/1/2019 | CW2340035 | $ - |
| 3680 | *Left Blank* | Interactions | *Left Blank* | 9/12/2017 | N/A | CW2294086 | $ - |
| 3681 | *Left Blank* | Interactions | *Left Blank* | 7/13/2016 | N/A | CO4 SOW1 | $ - |
| 3682 | *Left Blank* | Interactions | *Left Blank* | 3/12/2015 | N/A | CW2298708 | $ - |
| 3683 | *Left Blank* | Interactions | *Left Blank* | N/A | N/A | CW2308348 | $ - |
| 3684 | *Left Blank* | Interactions | *Left Blank* | N/A | N/A | CW3301335 | $ - |
| 3685 | *Left Blank* | Interactions | *Left Blank* | N/A | N/A | CW2334021 | $ - |

*See* Initial Cure Notice, Exhibit A, Line Nos. 3675-85. Notably, a cure amount of $726,572 is shown for Interactions on Exhibit Line Number 3675.

5. On January 23, 2019, the Debtors filed the Supplemental Cure Notice. In relevant part, the Supplemental Cure Notice states:

> Each of the Contracts that may be assumed and assigned in connection with the Global Asset Sale Transaction that **were not included in the Initial Notice** . . . and the Debtors' calculation of the Cure Costs with respect thereto **are set forth on Exhibit A-1, or that were included in the Initial Notice but for which the**

4

> **Cure Amounts have been revised are set forth on Exhibit A-2 hereto.**

Supplemental Cure Notice, ¶ 7.

6. With respect to Interactions, Exhibit A-1 to the Supplemental Cure Notice identifies the following:

| Exhibit Line Number | Debtor Counterparty(s) | Counterparty Name | Contract Title | Contract Executed Date | Contract Expiration Date | Contract Number | Cure Amount |
|---|---|---|---|---|---|---|---|
| 294 | Sears Holdings Management Corporation | Interactions Corporation | Online Interaction SOW 2 | *Left Blank* | 12/31/2018 | CW2301355 | $ - |
| 295 | Sears Holdings Management Corporation | Interactions Corporation | MSO Interactions LLC SOW 3 Renewal | *Left Blank* | 12/31/2020 | CW2337124 | $ - |
| 296 | Sears Holdings Management Corporation | Interactions Corporation | Home Services Interactions SAAS Agreement | *Left Blank* | 12/31/2020 | CW208348 | $ - |

*See* Supplemental Notice, Exhibit A-1, Line Nos. 294-96. Although between the time of the Initial Cure Notice and Supplemental Cure Notice, the proposed Cure Amount for what appears to be the Master Agreement was **changed from "$726,572" to "$ -"**, the Debtors **failed** to list Master Agreement on Exhibit A-2 of the Supplemental Notice, which by the Debtors' own design "included [executory contracts listed] in the Initial Notice but for which the Cure Amounts have been revised." Supplemental Cure Notice, ¶ 7.

7. Significantly, **neither** the Master Agreement **nor** Interaction are listed on Exhibit A-2 of the Supplemental Cure Notice, which was designated in the Supplemental Cure Notice as the exhibit that contained revisions to the Cure Amount(s) for executory contracts previously listed in the Initial Cure Notice. Instead, the **changes** to the Cure Amount(s) due to Interaction were buried on Exhibit A-1 — the exhibit designated in the Supplemental Cure Notice for

5

executory contracts that were **not** previously listed in the Initial Cure Notice. If the Debtors were indeed changing the Cure Amounts to zero or unknown, the obfuscation of the change to Interaction's Cure Amount was seriously misleading.[3] This is especially egregious given the abominably short notice provided to Interaction by these Debtors and the insider-purchaser.

### LIMITED OBJECTION

8.      Upon review of its books and records, as of the Petition Date, Sears owed Interaction approximately $795,197.47 under the Agreements (the "Interaction Cure Amount"). A true and correct summary[4] of the invoices submitted to Sears is attached Gildea Declaration as **Exhibit 2**.

9.      In addition to the Interaction Cure Amount, as of February 1, 2019, Sears owes Interaction the sum of approximately $335,684.72 for post-petition invoices for work performed after October 15, 2018 under the Agreements (the "Post-Petition Interaction Invoice Claims"). A true and correct summary[5] of the post-petition invoices submitted to Sears is attached Gildea Declaration as **Exhibit 2**.

10.     For the Debtors to assume and assign any executory contract or unexpired lease, the Debtors must cure any amounts outstanding thereunder pursuant to section

---

[3] Interactions contends that, at the bare minimum, it is entitled to the $726,572 Cure Amount listed on Exhibit A to the Initial Cure Notice. In any event, the Debtors' last-minute effort to surreptitiously change Interactions' Cure Amount from a substantially correct amount to zero is unexplained, indefensible, botched and flat-out wrong.

[4] Due to the voluminous size of the supporting documentation, a summary has been attached. Copies of the original supporting documentation are available upon request.

[5] These amounts have been invoiced, but are not yet due under the terms of the Agreements. These amounts will be part of any cure if unpaid prior to closing of the pending sale. Due to the voluminous size of the supporting documentation, a summary has been attached. Copies of the original supporting documentation are available upon request.

365 of the Bankruptcy Code and provide adequate assurance of future performance. *See* 11 U.S.C. § 365(b)(1).

11.     Interaction does not contest the Debtors' right to assume and assign the Agreements. However, if the Agreements are going to be assumed, the Cure Amount proposed by the Debtors is insufficient to cure the defaults as required under section 365(b)(1)(A) of the Bankruptcy Code. Interaction objects to the assumption and assignment of the Agreements in the absence of payment of Interaction Cure Amount in full.

12.     Interaction also seeks assurance that the Buyer or the Debtors shall pay Post-Petition Interaction Invoice Claims as they become due and payable under the invoices after entry of any order assuming and assigning the Agreements. Interaction reserves the right to seek an administrative expense claim against the Debtors' bankruptcy estates for the Post-Petition Interaction Invoice Claims if the Post-Petition Interaction Invoice Claims are not satisfied either (i) on the date of assumption and assignment or (ii) when they become due and payable under the invoices.

13.     This Limited Objection is being filed beyond the deadline to object to the Cure Notices, which was January 26, 2019 and January 31, 2019, respectively. Interaction respectfully submits that the inexcusably short notice to object given under the Initial Cure Notice (8 calendar days) and the Supplemental Cure Notice (8 calendar days) was insufficient under the circumstances of these cases. Additionally, the Debtors' incorrect schedules were misleading and obfuscated the incorrect adjustment of Interactions' Cure Amount from $726,572 to $ -. This is clearly insufficient notice and, together with the insider nature of the transaction, is hardly good faith as is required under Bankruptcy Code section 363(m).

14. Furthermore, to the extent the Debtors seek to bind Interaction as among the "Initial Assigned Agreements" as defined in any Sale Order, Interaction contends that the purported (confusing and misleading) changes made to the Initial Cure Notice in the Supplemental Cure Notice are either (i) ineffective to eliminate the Cure Amount of $726,572 first listed in the Initial Cure Notice, or (ii) effectively removed Interaction from designation as an Assigned Agreement whose cure claims are now barred.

15. Lastly, to the extent Interaction must show excusable neglect, the standard is met and section 105 of the Bankruptcy Code should be utilized to permit the late filing. Indeed, as set out above, the Debtors' own Cure Notices failed to abide by their strict and technical construction for proposed changes to the Cure Amount for the Master Agreement. The Cure Amounts were confusingly put onto Exhibit A-1 of the Supplemental Cure Notice rather than Exhibit A-2, where they should have been. If it was the Debtors' intention to catch contract counterparties sleeping with extremely curtailed notice and blank Cure Amounts, then the Debtors should be held to a similarly strict standard of enforced perfection when its schedules are misleading or flat-out incorrect.

## RESERVATION OF RIGHTS

16. Interaction expressly reserves the right to amend, supplement, and/or modify this Limited Objection and to file in the future additional appropriate pleadings, including without limitation all rights to further object to the proposed assumption and assignment of the Agreements, based upon the Debtors further disclosures and supplemental assumption/cure notices, the parties further discussions and exchange of information, and in reply to any responses to this Limited Objection.

WHEREFORE, Interaction respectfully requests that this Court enter an Order (1) accepting this Limited Objection as timely filed; (2) finding that, under the Agreements, the Debtors' cure obligation pursuant to section 365(b)(1)(A) of the Bankruptcy Code is at least $795,197.47; (3) conditioning the Debtors' assumption of the Agreements upon the payment of all amounts due under section 365(b)(1)(A) of the Bankruptcy Code; (4) providing that the Buyer or the Debtor shall pay the Post-Petition Interaction Invoice Claims either (i) on the date of assumption and assignment or (ii) when they become due and payable under the invoices; and (5) granting to Interaction such other and further relief as is just and appropriate.

Dated:   New York, New York
         February 7, 2019

*/s/ William P Weintraub*
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212.813.8839
F: 212.419.0964
William P Weintraub
WWeintraub@goodwinlaw.com

*Counsel to Interactions Corporation*