**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors[1]. | (Jointly Administered) |

## CREDITOR'S SUBPOENA *DUCES TECUM*

TO:  Sears Holdings Corporation          Sears Holdings Corporation
     3333 Beverly Road                   c/o Candace Arthur
     Hoffman Estates, IL 60179           Weil, Gotshal & Manges LLP
                                         767 Fifth Avenue
                                         New York, NY 10153

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

**See Exhibit "A" attached**

| Place: | Date and Time: |
|---|---|
| Ferraiuoli, LLC<br>c/o Sonia E. Colón, Esq.<br>10 Barclay Street #55B<br>New York, NY 10007[2] | February 11, 2018, 10:00 AM |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC(6546); Sears Operations LLC(4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] The address of Ferraiuoli, LLC is in San Juan, Puerto Rico and in Orlando, Florida, but given that the case is in the Southern District of New York, arrangements are being made for production in New York if the documents cannot be served electronically.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 1, 2019

*/s/ Sonia Colón*

Sonia E. Colón Colón, Esq.
*Counsel for Santa Rosa Mall LLC*
Admitted Pro Hac Vice
USDC PR No. 213809
scolon@ferraiuoli.com
Ferraiuoli, LLC
390 N. Orange Ave, Suite 2300
Orlando, FL  32801

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible thins, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  By email dated February 1, 2019, at 8:10 PM, Candance Arthur, Esq., accepted service on behalf of Sears Holdings Corporation.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## DEFINITIONS

For purposes of responding to the document request contained herein, the following definitions shall apply.

1. "Debtors" mean Sears Holdings Corporation and its affiliated co-debtors, including Sears, Roebuck de Puerto Rico, as identified in footnote 1 of Page 1 of this Subpoena Duces Tecum.

2. "Store 1915", means the retail space subject of the Lease Agreement executed on September 22, 1962 by Sears Roebuck de Puerto Rico and Santa Rosa Mall, LLC.

3. "Document" or "documents" as used herein shall man the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including "deleted" files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks and their backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CO-ROMS's) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to E-mails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer aided design) files, including drafts and revision; all presentation data or slide shows produced by presentation software (such as Microsoft Power Point); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information Management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of Personal Data Assistants (PDA's), such as Palm

Pilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

4. "And" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

5. "Any" means one or more.

6. "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

7. "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

8. "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

9. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

10. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

11. "Year" means calendar year.

# EXHIBIT "A"

## DOCUMENTS TO BE PRODUCED

1. All documents maintained by the Debtor regarding the Lease Agreement executed by Sears Roebuck de Puerto Rico, Inc. and Santa Rosa Mall, LLC on September 22, 1965 as it relates to the damages and/or any other casualty caused by Hurricanes Irma and Maria in Puerto Rico to Store No. 1915.

2. All documents maintained by the Debtor regarding Insurance Policy No. PTNAM1701557 issued by AIG Europe Limited, and/or the certificate of Property Insurance attached hereto as **Exhibit I.**

3. All correspondence prepared or maintained by Debtor with any individual or entity concerning any damage or casualty caused by Hurricanes Irma and Maria to Store 1915.

4. All correspondence prepared or maintained by Debtor with any individual or entity concerning any claims made, and offers and agreements negotiated for any damage or casualty caused by Hurricanes Irma and Maria to Store 1915.

5. All records of payment made to Sears or any third party by AIG Europe Limited or any other insurance carrier for the benefit of Store No. 1915 for the damages or casualty caused by Hurricanes Irma and Maria to Store 1915.

**EXHIBIT I**

# ACORD® CERTIFICATE OF PROPERTY INSURANCE

DATE (MM/DD/YYYY): 10/25/2017

Holder Identifier: 1915

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**PRODUCER**
Aon Risk Services Central, Inc.
Chicago IL Office
200 East Randolph
Chicago IL 60601 USA

**CONTACT NAME:**
PHONE (A/C, No, Ext): (866) 283-7122
FAX (A/C, No): (800) 363-0105
E-MAIL ADDRESS:
PRODUCER CUSTOMER ID #: 570000034159

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: AIG Europe Limited | AA112084 |
| INSURER B: | |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |
| INSURER F: | |

**INSURED**
Sears Holdings Corporation
dba Sears, Roebuck and Co.
Attn: Risk Management E3-219A
3333 Beverly Road
Hoffman Estates IL 60179 USA

**COVERAGES**   CERTIFICATE NUMBER: 570069032839   REVISION NUMBER:

LOCATION OF PREMISES/DESCRIPTION OF PROPERTY (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

RE: Sears Store No. 1915 - Santa Rosa Mall, Bayamon, PR.

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

CERTIFICATE NUMBER: 570069032839

| INSR LTR | TYPE OF INSURANCE | | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YYYY) | POLICY EXPIRATION DATE (MM/DD/YYYY) | COVERED PROPERTY | | LIMITS |
|---|---|---|---|---|---|---|---|---|
| A | X PROPERTY | | PTHA41701557 | 06/01/2017 | 06/01/2018 | | BUILDING | |
| | CAUSES OF LOSS | DEDUCTIBLES | | | | | PERSONAL PROPERTY | |
| | BASIC | BUILDING | | | | | BUSINESS INCOME | |
| | | | | | | X | EXTRA EXPENSE | $50,000,000 |
| | BROAD | CONTENTS | | | | | RENTAL VALUE | |
| | SPECIAL | | | | | | BLANKET BUILDING | |
| | X EARTHQUAKE | | | | | | BLANKET PERS PROP | |
| | X WIND | | | | | X | BLANKET BLDG & PP | $50,000,000 |
| | X FLOOD | | | | | X | Earthquake - Aggrega | $50,000,000 |
| | X ALL RISK-Subject to Exclusions | | | | | X | Flood - Aggregate | $50,000,000 |
| | BM B&PP Ded | | | | | | | |
| | INLAND MARINE | | TYPE OF POLICY | | | | | |
| | CAUSES OF LOSS | | POLICY NUMBER | | | | | |
| | NAMED PERILS | | | | | | | |
| | CRIME | | | | | | | |
| | TYPE OF POLICY | | | | | | | |
| | BOILER & MACHINERY / EQUIPMENT BREAKDOWN | | | | | | | |

SPECIAL CONDITIONS / OTHER COVERAGES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Coverage subject to the lease requirements, if any. Replacement Cost Valuation; No Coinsurance; Waiver of Subrogation included; Mold Coverage Excluded; All real and personal property owned, acquired by, used by, intended for use by the insured, including real and personal property of others in the insured's care, custody or control; extra expense, contingent extra expense, rents,

**CERTIFICATE HOLDER**

CCM Puerto Rico, A CCM Group Company
Santa Rosa Mall, LLC, 3 Pals Caribe, LLC
Commercial Centers Management Realty
S. en C.
Carr. #2, Km. 7.1
Bayamón PR 00960 USA

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

AUTHORIZED REPRESENTATIVE
*Aon Risk Services Central, Inc.*

© 1995-2015 ACORD CORPORATION. All rights reserved.

ACORD 24 (2016/03)   The ACORD name and logo are registered marks of ACORD

# ACORD® ADDITIONAL REMARKS SCHEDULE

AGENCY CUSTOMER ID: 570000034159
LOC #:
Page _ of _

| AGENCY | NAMED INSURED |
|---|---|
| Aon Risk Services Central, Inc. | Sears Holdings Corporation |

| POLICY NUMBER | | |
|---|---|---|
| See Certificate Number: 570069032839 | | |
| CARRIER | NAIC CODE | EFFECTIVE DATE: |
| See Certificate Number: 570069032839 | | |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,
FORM NUMBER: ACORD 24    FORM TITLE: Certificate of Property Insurance

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER | |
| INSURER | |
| INSURER | |
| INSURER | |

**ADDITIONAL POLICIES** If a policy below does not include limit information, refer to the corresponding policy on the ACORD certificate form for policy limits.

| INSR LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YYYY) | POLICY EXPIRATION DATE (MM/DD/YYYY) | COVERED PROPERTY | LIMITS |
|---|---|---|---|---|---|---|
| A | PROPERTY | PTNAN1701557 | 06/01/2017 | 06/01/2018 | Boiler & Machinery | Included |

ACORD 101 (2008/01)    © 2008 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

# ADDITIONAL REMARKS SCHEDULE

AGENCY CUSTOMER: 570000034159
LOC #:
Page _ of _

| AGENCY | NAMED INSURED |
|---|---|
| Aon Risk Services Central, Inc. | Sears Holdings Corporation |
| POLICY NUMBER | |
| See Certificate Number: 570069032839 | |
| CARRIER | NAIC CODE | EFFECTIVE DATE: |
| See Certificate Number: 570069032839 | | |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,
FORM NUMBER: ACORD 24    FORM TITLE: Certificate of Property Insurance

**LOCATION OF PREMISES / DESCRIPTION OF PROPERTY**

**SPECIAL CONDITIONS / OTHER COVERAGES**
rental income, leasehold interests, valuable papers, and records, accounts receivable and other coverage's further described in the policy form. Santa Rosa Mall, LLC, 3 Pals Caribe, LLC and Commercial Centers Management, LLC are included as Loss Payee in accordance with the policy provisions of the Property policy with respect to the property located at the above referenced Location.

ACORD 101 (2008/01)    © 2008 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

| ACORD® | ADDITIONAL REMARKS SCHEDULE | | AGENCY CUSTOMER ID: 570000034159 LOC #: Page _ of _ |
|---|---|---|---|
| **AGENCY** Aon Risk Services Central, Inc. | | | **NAMED INSURED** Sears Holdings Corporation |
| **POLICY NUMBER** See Certificate Number: 570069032839 | | | |
| **CARRIER** See Certificate Number: 570069032839 | | **NAIC CODE** | **EFFECTIVE DATE:** |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,
FORM NUMBER: ACORD 24     FORM TITLE: Certificate of Property Insurance

Property Program 6/1/17 – 6/1/18

$50,000,000 All Risk Policy Numbers:

Primary Property
ACE American Insurance Company – GPAD3739824A010 – 12% of $50M
Zurich American Insurance Company – XPP926068010 – 10% of $50M
Lloyds of London – Syndi 3000 MKL (Slip Leader) – PTNAM1701122 – 3% of $50M
*Novae Bermuda Underwriting Ltd – XR04017ADFRT – 3% of $50M
*Allied World Assurance Company, Ltd. – P003839014 – 18.33% of $50M
Lloyds of London – Synd 318 MSP (Slip Leader) – PTNAM1701562 – 7.5% of $50M
Aspen Specialty Insurance Company – PXAA52817 – 1.67% of $50M
Westport Insurance Corporation – NAP045210505 – 8% of $50M
HDI Global Insurance Company – XPD1488600 – 2.5% of $50M

Starr Companies – 5% of $50M
Starr Surplus Lines Insurance Company – SLSTPTY10966117
Chubb Custom Insurance Company – 4468121406
General Security Indemnity Company of Arizona (GSINDA) – T0234451703681
Executive Risk Specialty Insurance Company – 4468121506


Excess Property
Endurance Worldwide Insurance Ltd. (Slip Leader) – PTNAM1701564 – 2% of $50M
Lloyds of London – Synd 1414 ASC (Slip Leader) – PTNAM1701559 – 8% of $50M
Tokio Marine America Insurance Company – LCP648016706 – 4% of $50M
Liberty Mutual Fire Insurance Company – MJ2L9L426774037 – 4% of $50M
Ironshore Specialty Insurance Company – 000423108 – 2.5% of $50M
AIG Europe Ltd. – PTNAM1701557 – 8.5% of $50M

As indicated by ( * ), Aon Risk Solutions (U.S) is authorized to generate and distribute certificates in an administrative capacity as evidence of insurance where required by clients of the Insured."

ACORD 101 (2008/01)                                                                                    © 2008 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD