# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | : | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

---

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' REQUEST FOR THE PRODUCTION OF DOCUMENTS BY OMEGA ADVISORS, INC.

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby requests that Omega Advisors, Inc. produce all Documents described below in their possession, custody or control, in accordance with the definitions and instructions set forth below and all applicable

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

Federal and Local Rules of Civil Procedure and Bankruptcy Procedure to Sean E. O'Donnell, Herrick, Feinstein LLP, Two Park Avenue, New York, NY 10016, sodonnell@herrick.com. We ask that the documents identified below be produced as soon as possible and on a rolling basis, and in any event no later than ten (10) days after service.

## **DEFINITIONS**

These requests incorporate by reference the definitions and rules of construction set forth in Local Civil Rule 26.3 of the Southern District of New York, as incorporated by Local Rule 7026-1 of the United States Bankruptcy Court for the Southern District of New York, Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, as well as any other applicable law or rules. The following additional definitions apply with respect to each of these requests, and each of the terms defined below, when used in any request, instruction, or definition, shall have the meaning given herein:

1. "Barclays" shall mean Barclays Capital, any of its subsidiaries or affiliates, and any of their respective officers, directors, employees, representatives, or agents.

2. "CDS" shall mean credit default swap.

3. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

5. "Consortium" shall mean the participants of the Barclays led consortium interested in bidding on the Debtors' MTNs.

6. "Consortium Offer" shall mean the $100 million Consortium offer discussed during the December 20 Hearing.

2

7. "Court" shall mean the United States Bankruptcy Court for the Southern District of New York.

8. "Cyrus," shall mean Cyrus Capital Partners, L.P., any of its subsidiaries or affiliates, and any of their respective officers, directors, employees, representatives, or agents.

9. "December 20 Hearing" shall mean the hearing held before the Court on December 20, 2018.

10. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term" documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

11. "Identify" with respect to persons, shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

12. "Identify" with respect to documents, shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

13. "Including" shall mean including, but not limited to.

14. "MTNs" shall mean the Medium Term Intercompany Notes issued by Sears Roebuck Acceptance Corp. and owned by SRAC and certain other Debtors and non-Debtor affiliates

15. "MTN Sale Order" shall mean the *Order Authorizing Debtors to Sell Medium Term Notes*, entered November 19, 2018.

16. "Objection Deadline" shall mean the December 31 deadline to object to approval of the MTN Sale

17.     "Och-Ziff" shall mean Och-Ziff Capital Structure Arbitrage Master Fund, Ltd., any of its subsidiaries or affiliates, and any of their respective officers, directors, employees, representatives, or agents.

18.     "Omega," "You" or "Your" shall mean Omega Advisors Inc., any of its subsidiaries or affiliates, and any of their respective officers, directors, employees, representatives, or agents.

19.     "Reservation of Rights" shall mean the *Reservation of Rights of the Official Committee of Unsecured Creditors Regarding Approval of Sale of Medium Term Intercompany Notes to Cyrus Capital Partners, L.P.*, dated January 1, 2019 [ECF No. 1459].

20.     "SRAC" shall mean Sears Roebuck Acceptance Corp.

21.     "Time Period" shall mean the time period from November 1, 2018 to December 31, 2018.

### INSTRUCTIONS

1.      Each request for production shall be answered completely, separately, and fully.

2.      Unless otherwise specified, the time period covered by these requests is the period from November 1, 2018 through December 31, 2018, including any documents, communications or materials that were created, referred to, or used in that period.

3.      These requests for production of documents apply to all documents in Your possession, custody, or control, regardless of their location and regardless of whether such documents are held by You or any of Your employees, agents, representatives, attorneys, consultants, advisors including financial advisors, persons, or entities acting on Your behalf. In responding to these requests, You are to review and search all relevant files of appropriate entities and persons.

HF 12575376v.2

4. If any portion of any document is responsive to any of these requests, the entire document shall be produced, including all attachments, appendices, and exhibits thereto. Documents that in their original condition were stapled, clipped or otherwise fastened together, or were placed in a file together, shall be produced in such form.

5. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

6. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7. The use of the singular form of any word includes the plural and vice versa.

8. Documents produced from the records of individuals should be identified (either by document production number or otherwise) as coming from the records of such particular individuals.

9. Each document request shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.

10. To the extent the documents are maintained or are otherwise available electronically, please produce them in that form, including all metadata.

11. For documents created by Excel or other spreadsheet programs, PowerPoint or other special presentation programs, database files, or any other file types that reasonably require viewing in their native format for a full understanding of their content and meaning, produce the files in native and tiff formats. Name the produced native file with the bates number on the first page of the corresponding tiff production of the file/document. Group native files within incrementally named "NATIVE" directories, separate from images directories.

12. All documents produced should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

13. These requests specifically contemplate the production of electronic or magnetic data. Such electronically stored information should be produced consistent with Rule 34 of the Federal Rules of Civil Procedure.

14. If any documents are withheld from production on the alleged grounds of privilege or immunity (whether under any common law, statute or otherwise), You shall identify each such document on the due date of production by stating:

    a. The identity of each person who prepared and/or signed the document;

    b. The identity of each person designated as an addressee;

    c. The identity of each person who received any copy of the document;

    d. The date of the document;

    e. The subject matter of the document;

    f. The type of the document; and

    g. The basis for withholding the document.

Notwithstanding the assertion of any privilege or other protection, any requested document that contains responsive, non-privileged, or protected information should be produced, but that portion of the document for which privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

15. These requests are continuing in nature and require further and supplemental production if additional documents are acquired or located following the time of initial production,

to the fullest extent required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

16. If, in responding to these requests, You claim any ambiguity in a request for production of documents, or in a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used to respond to the request for production. To the extent you believe that any request is ambiguous, we request that you contact the Creditors' Committee's counsel to resolve the ambiguity.

17. These requests do not prejudice the Creditors' Committee from seeking additional requests for documents, or from serving a demand pursuant to Bankruptcy Rule 2004 or any other process.

**DOCUMENTS REQUESTED**

1. All Communications between and among Omega, Cyrus, Barclays, Och-Ziff, and/or any other member of the Consortium Concerning the Debtors, securities issued by or otherwise Concerning the Debtors including credit default swap ("CDS") contracts, or the Debtors' chapter 11 cases.

2. All Communications between Omega and any broker-dealers Concerning securities issued by or otherwise Concerning the Debtors, including CDS.

3. All Documents and Communications Concerning the Consortium Offer, including, but not limited to, any notes of deliberations, meetings, or drafting sessions; Communications between Omega and any Consortium members and any other broker-dealers; and any drafts of the Consortium Offer.

4. Documents and Communications sufficient to Identify all participating parties in the Consortium.

5. All Documents and Communications Concerning the MTNs.

6. All Documents and Communications Concerning CDS contracts or other short positions in the Debtors' securities held by you or any other Consortium member.

7. All Documents and Communications Concerning any transactions, actual or contemplated, that are in any way related to the MTNs, CDS Contracts and short positions taken by Omega, Cyrus, Barclays, Och-Ziff or any other members of the Consortium during the Time Period.

8. All Documents and Communications Concerning any transactions, actual or contemplated by Omega, Cyrus, Och-Ziff or any other members of the Consortium, to "de-risk" from CDS exposure.

9. All Documents and Communications Concerning any transactions, actual or contemplated, that had the purpose or effect of reducing Omega's CDS exposure, including but not limited to, any internal or external communications Concerning such transactions.

10. All Documents and Communications Concerning the lock-up provision (the "Lock-Up Provision") in the Note Purchase Agreement between the Debtors and Cyrus prohibiting Debtors from selling any MTNs held by Sears Reinsurance Company Ltd.

11. All Documents and Communications Concerning any resolution of Your and Och-Ziff's objections to the MTN sale process.

12. All Documents and Communications Concerning any decisions by you, Barclays, Och-Ziff, or any other members of the Consortium not to submit bids for the MTNs or pursue objections to either Cyrus's bid for the MTNs or the Lock-Up Provision.

13. All Documents and Communications Concerning the MTN Sale Order, the MTN Sale Notice, the ISDA auction related to the CDS contracts, and the MTN auction conducted on November 20, 2018, including all bids submitted in connection therewith.

New York, New York
January 14, 2019

HERRICK, FEINSTEIN LLP

By: /s/ *Sean E. O'Donnell*
Sean E. O'Donnell
Stephen B. Selbst
Steven B. Smith
Two Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500

*Proposed Special Conflicts Counsel to the Official Committee of Unsecured Creditors of Sears Holding Corporation, et al.*

HF 12575376v.2