Stephen V. Falanga
Colleen M. Maker
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, NJ 07102
Tel.: (973) 757-1100

*Counsel to Schindler Elevator Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| SEARS HOLDINGS CORPORATION, et al.[1] | Chapter 11 |
| Debtors. | Case No. 18-23538 (RDD) |

**RESPONSE OF SCHINDLER ELEVATOR CORPORATION 1) IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE AUTOMATIC STAY TO CERTAIN NON-DEBTOR PARTIES; AND 2) IN OPPOSITION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED ON BEHALF OF QAZIM B. KRASNIQI**

Schindler Elevator Corporation ("Schindler"), a creditor in the above-captioned bankruptcy case, by and through its counsel, Walsh Pizzi O'Reilly Falanga LLP, hereby files this response (the "Response"): 1) in support of Debtors' motion for entry of an order extending the automatic stay to certain non-debtor parties; and 2) in opposition to the motion for relief from the automatic stay filed on behalf of Qazim B. Krasniqi ("Krasniqi"). In support of this Response, Schindler states as follows:

1. Schindler hereby fully joins in, adopts as its own, and incorporates the arguments and authorities set forth in the Motion of Debtors For Entry of an Order Extending the

---

[1] A complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/sears/.

    Automatic Stay to Certain Non-Debtor Parties (Docket No. 924) and Reply in Support Motion of Debtors for Entry of an Order Extending the Automatic Stay to Certain Non-Debtor Parties (Docket No. 1296).  Accordingly, Schindler joins and relies upon the Motion and Reply of the Debtors in all respect.

2. Moreover, this Court entered an Order Extending the Automatic Stay to Certain Non-Debtor Parties on January 9, 2019 (Docket No. 1528) (the "Order").  The Order extends the automatic stay to Schindler in connection with several pending personal injury litigations involving both the Debtors and Schindler.

3. Krasniqi has not differentiated or shown good cause why the automatic stay should not be extended to Schindler in connection with the Krasniqi litigation, despite this Court's Order extending the automatic stay to Schindler in similar pending litigations.

    WHEREFORE, Schindler respectfully requests that Krasniqi's Motion for Relief from the Automatic Stay be denied in its entirety, that the Krasniqi's objection to the Motion be overruled, and that the automatic stay be extended to Schindler in connection with the Krasniqi litigation.

Dated: February 7, 2019
New York, New York

    *s/ Stephen V. Falanga*
    Stephen V. Falanga
    Colleen M. Maker
    WALSH PIZZI O'REILLY FALANGA LLP
    1037 Raymond Blvd., Ste 600
    Newark, New Jersey 07102
    sfalanga@walsh.law
    cmaker@walsh.law
    Telephone: (973) 757-1100