WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :     **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :
                                                            :     **Case No. 18-23538 (RDD)**
                                                            :
Debtors.[1]                                                 :     **(Jointly Administered)**
                                                            :
                                                            :
------------------------------------------------------------x

## DEBTORS' OBJECTION TO MILTON
## MANUFACTURING LLC'S AND LATENTVIEW ANALYTICS CORPORATION'S
## MOTIONS TO COMPEL (I) ASSUMPTION OR REJECTION OF CERTAIN
## PURCHASE ORDERS AND (II) PAYMENT OF ADMINISTRATIVE CLAIMS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pg 2 of 6

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), hereby object to the *Motion of Milton Manufacturing, LLC to Allow and Compel Payment of Administrative Expense Claim Under 11 U.S.C. § 503(b) for Craftsman Branded Goods Delivered to the Debtor Postpetition* [ECF No. 1477] (the "**Motion to Allow**"); the *Motion of Milton Manufacturing, LLC to (i) Compel the Debtor to Assume or Reject Purchase Orders Related to Craftsman Branded Goods Ordered by the Debtor Being Warehoused in Taiwan, and (ii) Grant Related Relief* [ECF No. 1479] (the "**Motion to Compel**" and together with the Motion to Allow, the "**Motions**"); and *Motion of LatentView Analytics Corporation for the Entry of an Order, Pursuant to 11 U.S.C. §§ 365, 503, and 507 (i) Granting an Administrative Claim, (ii) Compelling the Immediate Payment of Postpetition Arrearages, and (iii) Compelling Debtors to Assume or Reject the Agreement* [ECF No. 1349] (the "**LatentView Motion**").

### The Relief Requested Should Be Denied

1.  Milton Manufacturing LLC ("**Milton**") demands in its Motion to Allow that the Court determine the validity, priority and amounts of Milton's claim(s) ahead of any bar dates, ahead of the establishment of any claims reconciliation processes, and ahead of the interests of all other creditors in these cases. It claims entitlement to both (or either) postpetition and (or) prepetition administrative expense priority for the same goods – which were manufactured for, and title to which passed to, the Debtors prior to the commencement of these cases. Milton asks in its Motion to Compel for the Court to force the Debtors to assume or reject seven purchase orders (the "**Purchase Orders**") ahead of any of the tens of thousands of other purchase orders and executory contracts, and completely divorced from the designation and assumption processes

2

in the agreement between the Debtors and the proposed purchaser of the Debtors' assets as a going concern.

2. The Debtors requested Milton adjourn its Motions, as other parties in interest have done, in recognition of the current facts and circumstances of these cases. Milton refused to do so. Accordingly, for the reasons set forth herein, the Motions should be denied.

3. It is an understatement to say that the Debtors have accomplished much in the short initial period of these cases, including obtaining Court approval today for the sale of their businesses. The Court is well aware of the herculean efforts and multiple workstreams involved with the global sale process and the simultaneous winddown of approximately 260 retail and other locations that facilitated the sale.

4. The Debtors are poised to enter into the next phase of these cases. As the Court suggested, and as the Debtors previously represented they would, the Debtors will be filing a motion to establish bar dates for prepetition claims, including claims with priority pursuant to section 503(b)(9) of the Bankruptcy Code. An obvious precondition to the establishment of bar dates in these cases was the separate and massive undertaking to file the Debtors' schedules of assets and liabilities and statements of financial affairs. The Debtors satisfied that precondition, producing over 23,000 pages within the timeframe permitted by the Court, three weeks ago. But rather than proceed directly at that time, the Debtors determined to await the outcome of the global sales process. As the Court is aware, upon consummation of the Court-approved sale, the Debtors' liabilities to hundreds of thousands of customers for, among other things, protection agreements, home warranties, gift cards, and Shop Your Way-related liabilities will be assumed by the go-forward business. Likewise, claims for contracts that are assumed by the go-forward business will be cured. Additional liabilities for general unsecured, priority, and administrative claims will be

WEIL:\96909523\1\73217.0004

assumed and paid by the go-forward business as well. Seeking a bar date prematurely prior to consummation of the sale would have burdened the Debtors' estates (and the Court) with significant, unnecessary administrative expenses – to solicit, review, and object to claims that were contingent but will never arise, claims that have been subsequently been satisfied by the Debtors or the go-forward business, and claims that could be mitigated.

5.    Parties in interest will benefit from an orderly administration of the Debtors' estates rather than a free-for-all race to the Courthouse. The Debtors should not be forced to respond to demands for allowance of each and every claim. *See Hr'g Tr.* Dec. 20, 2018 at 45-46 ("I think it is important to get a grip on the 503(b)(9) claims because people will start asserting them and generally the response to that focus is on an orderly way to deal with them so that no one is unduly rewarded for coming first or unduly prejudiced for not coming first."). Claims that are filed and as to which no objection is asserted will be deemed allowed. *See* 11 U.S.C. § 502(a). After claims are submitted and evaluated, the Debtors will seek approval of tailored procedures, like procedures that this Court has approved before, to facilitate the efficient settlement of any claims that are disputed. Valid administrative expense claims can be paid in connection with a chapter 11 plan or otherwise.

6.    The Debtors have not reviewed or considered fully the detail of Milton's requests. At this stage, for the reasons set forth above, the Debtors decline to voluntarily engage in litigation that will encourage a cascade of other claimants seeking similar relief. The Debtors reserve all rights to dispute assertions of fact and conclusions of law in the Motions. The Debtors only note now that they do have substantive objections to the relief requested in the Motions.

7.    In the Motion to Allow, for example, Milton concedes that it completed its obligations *prepetition*, transferred title *prepetition*, and invoiced the Debtors *prepetition*. Milton

4

cites not a single case to support postpetition administrative expense priority pursuant to Bankruptcy Code section 503(b)(1) and instead relies exclusively on comfort language in the Court's first day shippers order.[2] The Court has previously acknowledged that this order included language that makes clear that nothing in the order enhanced the status of any claim held by any party.[3] It does not transform ordinary prepetition claims into administrative claims. The Court also acknowledged that determination of section 503(b)(9) priority status for foreign vendors is not a simple or summary exercise that Milton now suggests it is. *Hr'g Tr.* Nov. 15, 2018 at 121-22.

8.  Milton has not met its burden with respect to the Motion to Compel. *See, e.g., In re Dana Corp.*, 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006) ("Where a party seeks to shorten the Debtors' statutory period to assume or reject, the burden is on the movant to demonstrate cause."); *In re Enron Corp.*, No. 01-16034, 2005 WL 3874286, at *6 n.8 (Bankr. S.D.N.Y Sept. 26, 2005) ("In fixing the time for a debtor to assume or reject . . . a court must consider the complexity of the case, including the number of contracts to be evaluated, and the need for a court to determine the validity of the contract."). The Debtors take no position now as to whether the Purchase Orders are executory. The Court has just approved an agreement pursuant to which the Debtors agreed to provide the going-concern business the opportunity to assume executory contracts and to assume other purchase order liabilities. The buyer is still reviewing the Debtors' lists of executory contracts purchase orders but has until sixty (60) days after closing to

---

[2] *See Final Order Authorizing Debtors to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants and (B) Holders Of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Orders Delivered to the Debtors Postpetition, and Satisfy Such Obligations in the Ordinary Course Of Business* ¶ 8 [ECF No. 843].

[3] *See id.* ¶ 12.

5

designate executory contracts for assumption. The Court should not, days later, require the Debtors or the buyer to make a decision with respect to Milton's Purchase Orders now.

9. The LatentView Motion sought an order compelling payment of $354,205 in amounts alleged to be owed (but not yet due) for postpetition services. The Debtors believed they had resolved the LatentView Motion, and that they had paid all amounts owed to LatentView Analytics Corporation ("**LatentView**"). LatentView refused to withdraw their motion and, shortly prior to the filing of this Objection, LatentView informed the Debtors that certain additional amounts may be owed to LatentView. The Debtors request that the LatentView Motion be (a) denied as it is no longer accurate and for the reasons set forth above in response to Milton's Motions, or (b) adjourned to give the Debtors adequate time to respond more fully.

WHEREFORE, for all of the foregoing reasons, the Debtors respectfully request that the Court deny Milton's Motions and the LatentView Motion.

Dated: February 7, 2019
      New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*