Thomas R. Slome  Hearing Date and Time: February 14, 2019 at 10:00 a.m.
Michael Kwiatkowski
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706
Email: tslome@msek.com
       mkwiatkowski@msek.com

and

Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862
E-mail: russell@russelljohnsonlawfirm.com
        john@russelljohnsonlawfirm.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) Case No. 18-23538 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF JENNIFER WOEHRLE IN SUPPORT MOTION OF CERTAIN
UTILITY COMPANIES TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT
PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE [Docket No. 1395]**

I, Jennifer Woehrle declare as follows:

1.  I am Senior Analyst for Orange & Rockland Utilities ("O&R") and have been in that position for seven months and with O&R for eleven years. In my current position with O&R, I assist in the credit and bankruptcy operations.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, my review of O&R's business documents, correspondence and relevant documents, or my opinion based upon my experience concerning the operations of O&R. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. On behalf of O&R, I submit this Declaration in support of the *Motion of Certain Utility Companies To Determine Adequate Assurance of Future Payment Motion* (the "Motion") [Docket No. 1395]

4. In making this Declaration, I am familiar with the contents of the Motion (Docket No. 1395), *Motion of Debtors Requesting Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* (the "Utility Motion")(Docket No. 196) (the "Utility Order") and the *Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* [Docket No. 461] (the "Utility Order").

5. It is part of my job responsibility with O&R to: (A) review customer accounts with O&R; (B) address credit issues with O&R's customers; and (C) address issues concerning customers that file for bankruptcy protection, including requests for adequate assurance of payment.

6. O&R's relationship with the Debtors is governed by tariffs (the "O&R Tariffs")

2

that are on file with the New York State Public Utility Commission and can be obtained at:

https://www.oru.com/en/ny-rates-tariffs

7.     The O&R Tariffs establish: (a) the amount of security that O&R is entitled to seek from its million customers under applicable state law; (b) that O&R must bill the Debtors monthly; and (c) the billing and payment terms for all of O&R's customers. Specifically, under the billing cycle established by the O&R Tariffs, a customer receives approximately one month of utility goods and/or services before O&R issues a bill for such charges, which is due on presentation. If payment is not made within 25 days of the invoice date, a late payment charge at the rate of 1.5 percent per monthly billing period is applied to the account. Service may be terminated upon a customer's failure to pay a bill for utility service within 44 days from the date payment is due, but not until O&R has provided the customer with written notice that is mailed to the customer at the premises where service is rendered and 22 days to cure the payment default. Accordingly, a customer's account will not be terminated for non-payment of bills until at least 44 days after the service is provided.

8.     As of the Petition Date, the Debtors owed O&R $34,335.03 for billed and unbilled charges.

9.     O&R provided the Debtors with utility goods and services prior to the Petition Date and continues to provide post-petition utility goods and services to the Debtors at the Debtors' accounts that are listed on the chart attached to this Declaration as **Exhibit "A."**

10.    Pursuant to the O&R Tariffs, O&R is entitled to seek adequate assurance of payment from the Debtors in the form of a two-month cash deposit in the amount of $87,946, which is the amount O&R is seeking from the Debtors in these cases for the three post-petition

accounts that the Debtors have with O&R.

11. O&R is seeking a two-month deposit in this case because: (1) of the exposure created by its billing cycle; (2) in accordance with the New York State Public Service Commission deposit regulations. (16 NYCRR – Part 13.7b)

12. For its non-bankrupt customers, O&R accepts security in the form of cash deposits, letters of credit or surety bonds O&R, which are forms of security maintained by O&R.

13. Although O&R does not want its post-petition security to be in the form of money maintained in the Adequate Assurance Account, if the Court were to hold that the security provided to O&R is to be in that form, O&R would ask that the Utility Order be amended to include the following additional provisions to ensure that the money held in the Adequate Assurance Account is sufficient in amount and would be available for payment of unpaid post-petition bills:

A. The amount for O&R be increased to $87,946, which is two times the average monthly bills for the three active accounts that the Debtors still have with O&R

B. The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors after the Debtors' payment in full of all postpetition obligations due and owing to the applicable Utility Provider, which the Debtors shall confirm in writing with the applicable Utility Provider.

C. The Debtors agree to pay all postpetition charges of the Utility Providers by the applicable due date of the invoice, which is a due date established in accordance with applicable state laws, regulations and/or tariffs.

D. If the Debtors fail to pay a utility bill when due (including the passage of any cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice, the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the amount due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider.

E. Notwithstanding anything in the Motion, the Order or (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders) to the contrary, there shall be no liens on the amounts in the Adequate Assurance Account for the Utility Providers that are higher in priority to the Utility Providers' rights and interests in the amounts contained and allocated in the Adequate Assurance Account for the Utility Providers. Moreover, the amounts contained in the Adequate Assurance Account shall remain available to the Utility Providers for the payment of post-petition charges even if the Debtors cases are converted to cases under Chapter 7 of the Bankruptcy Code.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 1 day of February 2019, at Spring Valley, Rockland County, New York

*Jennifer Woehrle*
Jennifer Woehrle

**Exhibit "A"**
**Orange & Rockland Utilities**
**Pre-Petition Accounts**

| Acct | Name | Address | Final Bill | 1 Month Dep | 2 Month Dep |
|---|---|---|---|---|---|
| xxxxx-58003 | SEARS ROEBUCK & CO | 75 ROUTE 59 NANUET NY 10954 | 34,267.73 | $37,724.29 | $75,448.58 |
| xxxxx-45008 | SEARS ROEBUCK & CO | 85 W ROUTE 59 NANUET NY 10954 | 34.15 | $2,229.48 | $4,458.96 |
| xxxxx-45009 | SEARS SERVICE CENTER | 0 W ROUTE 59 NANUET NY 10954 | 33.15 | $4,019.39 | $8,038.78 |
|  |  |  |  | $43,973.16 | $87,946.32 |