Thomas R. Slome  Hearing Date and Time: February 14, 2019 at 10:00 a.m.
Michael Kwiatkowski
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706
Email: tslome@msek.com
       mkwiatkowski@msek.com

and

Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862
E-mail: russell@russelljohnsonlawfirm.com
        john@russelljohnsonlawfirm.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) Case No. 18-23538 (RDD) |
| Debtors. | ) (Jointly Administered) |

**DECLARATION OF MICHAEL W. FRANKLIN IN SUPPORT OF MOTION OF CERTAIN UTILITY COMPANIES TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE [Docket No. 1395]**

I, Michael W. Franklin, declare as follows:

1. I am a Senior Supervisor in Credit and Collections, for Pepco Holdings LLC ("Pepco Holdings") and I have been with Pepco Holdings for twelve (12) years. I assist in the

credit and bankruptcy operations of the following Pepco Holdings owned operating companies: Potomac Electric Power Company (collectively, the "Pepco Utilities").

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, my review of the Pepco Utilities' business documents, correspondence and relevant documents, or my opinion based upon my experience concerning the operations of the Pepco Utilities. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. On behalf of the Pepco Utilities, I submit this Declaration in support of the *Motion of Certain Utility Companies To Determine Adequate Assurance of Future Payment* (the "Motion") [Docket No. 1395].

4. In making this Declaration, I am familiar with the contents of the Motion (Docket No. 1395), *Motion of Debtors Requesting Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* (the "Utility Motion")(Docket No. 196) and the *Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* [Docket No. 461] (the "Utility Order").

5. It is part of my job responsibility with Pepco Holdings to: (A) review customer accounts with the Pepco Utilities; (B) address credit issues with the Pepco Utilities' customers; and (C) address issues concerning customers that file for bankruptcy protection, including requests for

2

adequate assurance of payment or deposits.

6. The Pepco Utilities' relationship with the Debtors is governed by the following tariffs (the "Pepco Utilities' Tariffs") that are on file with the applicable state utility commissions and can be obtained at:

Pepco: https://www.pepco.com/MyAccount/MyBillUsage/Pages/RatesTariffs.aspx

7. The Pepco Utilities' Tariffs establish: (a) the amount of security that the Pepco Utilities are entitled to seek from their customers under applicable state law; (b) that the Pepco Utilities must bill the Debtors monthly; and (c) the billing and payment terms for all of the Pepco Utilities' customers. Specifically, under the billing cycle established by the Pepco Utilities' Tariffs, a customer receives approximately one month of utility goods and/or services before the Pepco Utilities issue a bill for such charges, which is due on presentation. If payment is not made within twenty-five (25) days of the invoice date, a late payment charge at the rate of 1.5% per monthly billing period is applied to an account. Service may be terminated upon a customer's failure to pay a bill for utility service within 54 days from the date payment is due, but not until the Pepco Utilities have provided the customer with written notice that is mailed to the customer at the premises where service is rendered and 15 days to cure the payment default. Accordingly, a customer's account will not be terminated for non-payment of bills until at least 54 days after the service is provided.

8. The Pepco Utilities provided the Debtors with utility goods and services prior to the Petition Date and continue to provide post-petition utility goods and services to the Debtors at the Debtors' accounts that are listed on the chart attached to this Declaration as **Exhibit "A."** Exhibit A also lists the prepetition losses incurred by each of the Pepco Utilities.

3

9. The information regarding PEPCO's prepetition accounts with the Debtors is as follows:

A. PEPCO held a surety bond in the amount of $43,200 on Debtor Sears Roebuck and Company's ("Sears") accounts (the "PEPCO Sears Bond"). PEPCO will be making a demand upon the PEPCO Sears Bond for its full amount because the prepetition debt on the Sears accounts totals $65,647.57.

B. PEPCO held a surety bond in the amount of $41,960 on Debtor Kmart Corporation's accounts (the "PEPCO Kmart Bond"). PEPCO will be making a demand upon the PEPCO Kmart Bond for the amount of the $26,812.70 prepetition debt on those accounts, leaving a $15,147.30 balance on the PEPCO Kmart Bond.

C. PEPCO maintained a cash deposit in the amount of $4,065 on its account with Sears Holding. After applying the $4,065 prepetition deposit to prepetition debt on the Sears Holding account, a $954.16 credit remains on that account.

10. As adequate assurance of payment pursuant to Section 366(c) of the Bankruptcy Code, PEPCO is seeking the following:

A. payment of a two-month cash deposit in the amount of $21,390 for the Debtor Sears accounts with PEPCO;

B. PEPCO to maintain the $15,147.30 balance on the PEPCO Kmart Bond for PEPCO's post-petition accounts with Kmart;

C. For the Sears Holding account with PEPCO, PEPCO to move the $954.16 credit remaining on the prepetition account to the post-petition Sears Holding account.

11.     Pursuant to the Pepco Utilities' Tariffs, the Pepco Utilities are entitled to seek adequate assurance of payment from the Debtors in the form of a two-month cash deposit in the amounts set forth in Exhibit A, which is the amount of the cash deposits the Pepco Utilities are seeking from the Debtors in these cases for the active post-petition accounts that the Debtors have with the Pepco Utilities.

12.     The Pepco Utilities are seeking two-month deposits (for certain accounts) and the other forms of adequate assurance sought herein (for other accounts), in this case because: (1) of the exposure created by their billing cycle; (2) this customer's creditworthiness and slow payment habits.

13.     For their non-bankrupt customers, the Pepco Utilities accept security in the form of cash deposits, letters of credit or surety bonds, which are forms of security maintained by the Pepco Utilities.

14.     Although the Pepco Utilities do not want their post-petition security to be in the form of money maintained in the Adequate Assurance Account, if the Court were to hold that the security provided to the Pepco Utilities is to be in that form, the Pepco Utilities would ask that the Utility Order be amended to include the following additional provisions to ensure that the money held in the Adequate Assurance Account is sufficient in amount and would be available for payment of unpaid post-petition bills:

    A.     The amount for the Pepco Utilities be increased to the following amounts, which represent two times the average monthly bills for the active accounts that the Debtors still have with the Pepco Utilities:

        i.     PEPCO – (a) $21,390 for the Sears accounts; plus (b) either the two-

5

month cash deposit amounts set forth in Exhibit A for the remaining PEPCO accounts, or alternatively, permitting PEPCO to maintain the $15,147.30 balance on the PEPCO Kmart Bond and the $954.16 credit remaining on the prepetition Sears Holding account for those remaining post-petition PEPCO accounts;

    B.    The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors after the Debtors' payment in full of all postpetition obligations due and owing to the applicable Utility Provider, which the Debtors shall confirm in writing with the applicable Utility Provider.

    C.    The Debtors agree to pay all postpetition charges of the Utility Providers by the applicable due date of the invoice, which is a due date established in accordance with applicable state laws, regulations and/or tariffs.

    D.    If the Debtors fail to pay a utility bill when due (including the passage of any cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice, the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the amount due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider.

    E.    Notwithstanding anything in the Motion, the Order or (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders) to the contrary, there shall be no liens on the amounts in the Adequate Assurance

Account for the Utility Providers that are higher in priority to the Utility Providers' rights and interests in the amounts contained and allocated in the Adequate Assurance Account for the Utility Providers. Moreover, the amounts contained in the Adequate Assurance Account shall remain available to the Utility Providers for the payment of post-petition charges even if the Debtors cases are converted to cases under Chapter 7 of the Bankruptcy Code.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 6th day of February 2019, at Washington, District of Columbia.

_____
Michael W. Franklin, Senior Supervisor, Customer Service, Credit and Collections
Pepco Holdings LLC

Pepco

# EXHIBIT A

| Account Name | Pre-Petition Account | Post-Petition Account | Service Address | Two Month Deposit Requirement | Final Bill/ Write Off Amount |
|---|---|---|---|---|---|
| KMART CORPORATION STORE 3798 | ***2620 | ***0141 | 6411 RIGGS RD / HYATTSVILLE MD 20783 | $3,730.00 | $10,751.27 |
| KMART CORPORATION STORE 3654 | ***4261 | ***0166 | 6163 OXON HILL RD / OXON HILL, MD 20745 | $3,545.00 | $11,882.11 |
| KMART CORPORATION #4399 | ***6243 | ***0901 | 14014 CONNECTICUT AVE / SILVER SPRING MD 20906 | $3,710.00 | $4,179.32 |
|  |  |  |  | $10,985.00 | $26,812.70 |
|  |  |  |  |  |  |
| SEARS ROEBUCK & CO #1424 | ***2418 | ***0174 | 7103 DEMOCRACY BLVD / BETHESDA, MD 20817 | $6,445.00 | $18,251.97 |
| SEARS ROEBUCK #1754 | ***7776 | ***0927 | 701 RUSSELL AVE / GAITHERSBURG MD 20877 | $5,285.00 | $28,289.00 |
| SEARS ROEBUCK AND CO #1304 | ***4567 | ***0950 | 11255 NEW HAMPSHIRE AVE / SILVER SPRING MD 20904 | $7,435.00 | $19,093.63 |
| SEARS ROEBUCK AND CO #1304 | ***9403 | ***0984 | 11255 NEW HAMPSHIRE AVE, OSLGT / SILVER SPRING 20904 | $25.00 | $12.97 |
| SEARS HOLDINGS | ***3081 | ***1214 | 11160 VEIRS MILL RD / WHEATON MD 20902 | $2,200.00 |  |
|  |  |  |  | $21,390.00 | $65,647.57 |
|  |  |  |  |  |  |
|  |  |  | Total all | $32,375.00 | $92,460.27 |