| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | Hearing Date: April 18, 2019 |
| | Time: 10:00 am. |
| **SOUTHERN DISTRICT OF NEW YORK** | Objection Deadline: April 11, 2019 |
| | Time: 4:00 pm. |

─────────────────────────────x

**In re:**

**SEARS HOLDING CORPORATION,** *et al.,*   Case No.: 18-23538 (RDD)

        **Chapter 11**

    **Debtors**

─────────────────────────────x

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Stephen Tuttle, a creditor herein, by and through his undersigned counsel, pursuant to section 362 of Title 11 of the United States Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, hereby submits this Motion for Relief from the Automatic Stay. In support of this Motion, the Mr. Tuttle states as follows:

### FACTUAL BACKGROUND

On December 8, 2011, Mr. Tuttle and his co-employee Dawes Self were unloading a truck containing merchandise loaded and shipped by Innovel Solutions, Inc. ("Innovel") (f/k/a Sears Logistics Services, Inc.). As a result of improper securement by Innovel, a pool table fell and struck Mr. Tuttle, causing him serious bodily injury. At the time of his injury, Mr. Tuttle was employed by M&M Tuttle, LLC ("M&M Tuttle").  Mr. Tuttle filed a lawsuit seeking to recover damages from Innovel in the District Court of Bryan County, State of Oklahoma, Case No. CJ-2013-186 ("Bryan County Case").

In May 2017, Travelers Insurance Company ("Travelers"), the insurer of M&M Tuttle assumed the defense and indemnity of Innovel under as a result of an indemnity agreement between M&M Tuttle and another Sears subsidiary. (May 19, 2017 Correspondence, attached as Exhibit 1). Thus Travelers is paying for all defense costs of Innovel and will indemnify Innovel up to the policy limit of the Travelers policy.

The Bryan County Case went to trial in November 2017. Unfortunately, the jury returned a verdict finding Mr. Tuttle 52% negligent and Innovel 48% negligent, resulting in judgment being entered in favor of Innovel. Mr. Tuttle appealed this judgment due to numerous errors committed by the trial court. All briefing on that appeal was completed on August 24, 2018. The appeal was assigned to a division of the Oklahoma Court of Civil Appeals for decision on September 12, 2018.  Before the Court of Appeals could review the case and render a decision, this bankruptcy proceeding was file and the automatic stay went into effect.

## RELIEF REQUESTED

Mr. Tuttle requests that this Court grant this Motion for relief from the automatic stay "for cause" under section 362(d)(1) of the Bankruptcy Code, for the limited purposes of allowing the appeal described above to proceed to a conclusion and allowing the Bryan County Case to proceed to the extent of liability insurance coverage, in the event the trial court judgment is reversed in whole or part.

## ARGUMENT AND AUTHORITY

The Second Circuit has articulated twelve factors courts should consider in determining whether to grant motions to lift the automatic stay pursuant to Section 362(d). *In re Sonnax Indus.,* 907F.2d 1280, 1286 (5d Cir. 1990). The twelve *Sonnax* factors are: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or

interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *Sonnax,* 907 F.2d at 1286.

The twelve *Sonnax* factors are non-exhaustive and a court need not evaluate each factor in every case or give each factor the same weight. *Musso v. Hirsch,* No. 08-CV-4532 CBA, 2011 WL 4543225, at *6 (E.D.N.Y. Sept. 29, 2011). The applicable *Sonnax* factors are analyzed below. All such relevant factors favor lifting the stay for the limited purposes described above.

Allowing the appeal of Mr. Tuttle's case to proceed has the potential to result in a complete resolution of the case. This appeal, which is fully briefed and ready for decision, will not interfere with the bankruptcy case. If the judgment of the trial court is affirmed at the end of the appeals process, the case will be over. If the judgment is reversed in whole or part, the case may be resolved by a settlement involving the available insurance funds.

As explained above, Travelers has assumed the defense of Innovel. Thus, Innovel will not be required to pay defense costs if the stay is lifted. Because Travelers has also agreed to indemnify Innovel to the extent of its liability coverage, neither Innovel nor other creditors will prejudiced by the limited modification of the stay requested by Mr. Tuttle.

Courts often modify the automatic stay to allow a debtor to obtain a judgment and collect from a debtor's insurer, without prejudicing the debtor's estate. *Id; See matter of Holtkamp,* 699 F.2d 505, 508-09 (7th Cir. 1982) (allowing a personal injury action to proceed since there was no harm to the debtor because the debtor's insurance company had "assumed full financial responsibility for the defendant in that litigation"); *Foust v. Munson S.S. Lines,* 299 U.S. 77, 87, 57, S. Ct. 90, 95(1936) (allowing wrongful death action against bankrupt defendant to proceed despite stay; plaintiff "entitled to maintain an action against the insurer for the amount of this judgment but not exceeding the amount of insurer's liability to the debtor under the policy"). The rationale behind such modification is as follows:

> When the Court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief form stay to permit an action either against the debtor, if necessary, or against the insurer. Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy. Moreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate.
>
> 3 Collier on Bankruptcy ¶362.07[3][a][I] (Lawrence P. King, ed., 15th Ed. Revised 1999).

The interests of judicial economy will be advanced by allowing Mr. Tuttle's appeal to proceed. As noted above, the briefing is done and the appeal could result in a disposition of the case in favor of Innovel. Even if, as sought by Mr. Tuttle, the judgment of the trial court is reversed, it makes good sense to allow the appeal to go forward because it will clarify the nature of Mr. Tuttle's claim and it will put the parties in a position to potentially resolve the claim by settlement or trial.

As it currently stands, that stay is harming Mr. Tuttle and Innovel. Both parties need to know if the judgment of the trial court is going to be reversed. If the judgment of the trial court

is reversed, Mr. Tuttle would benefit, but Innovel would not be harmed because Mr. Tuttle is only asking that the stay be lifted to the extent of liability coverage.

Courts often modify the automatic stay to allow civil action against debtors to continue in their original forums. *See, e.g., In re Tucson Estates,* 912 F.2d 1162, 1166-1170 (9th Cir. 1990) (overturning the reimposition of a stay by the bankruptcy court as an abuse of discretion and allowing a state court proceeding to continue to judgment and liquidate the creditors/shareholders' claims). As congress stated in discussing its intent in providing relief from the automatic stay:

> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. *In re Honosky,* 6 B.R. 667, 669 (D.C.S.D. W. Va. 1980, *citing* S. Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in [1978]* U.S. Code Cong. & Ad. News 5836.

Under these considerations, stay relief is appropriate in this matter.

## CONCLUSION

For the reasons stated herein, Mr. Tuttle respectfully requests that the Court grant relief from the automatic stay for the limited purposes of allowing Mr. Tuttle's appeal to proceed to a conclusion and allowing the Bryan County Case to proceed to the extent of liability insurance coverage, in the event the trial court judgment is reversed. Even if this Court has reservations about allowing the case to proceed in Bryan County, Mr. Tuttle submits that the Court should allow the appeal to proceed to conclusion. There is simply no cogent argument for not allowing the Mr. Tuttle and Innovel to find out if the judgment of the trial court is going to be reversed.

Respectfully submitted,

s/Harris A. Phillips
Harris A. Phillips, OBA No. 14134
Niemeyer, Alexander & Phillips, P.C.
300 North Walker Avenue
Oklahoma City, OK 73102-1822
(405) 232-2725 Tel.
(405) 239-7185 Fax
harrisphillips@niemeyerfirm.com