

Phil Walters
*Claim Professional*
*General Liability*
P.O. Box 650293
Dallas, TX 75265
(214) 570-6821 Direct Dial
(888) 875-6631 Fax
pwalters@travelers.com Email

May 19, 2017

**Via e-mail to bmckee@rhodesokla.com**
Sears Logistics Services, Inc.
c/o Bill T. McKee
Rhodes, Hieronymus, Jones, Tucker & Gable, PLLC
PO Box 21100
Tulsa, OK 74103

Re:     *Stephen Tuttle v. Sears Logistics Services, Inc.*; Case no. CJ-2013-00186; In the District Court of Bryan County, Oklahoma

| | |
|---|---|
| Travelers claim no.: | EZU4488 |
| Travelers Insured: | M&M Tuttle LLC |
| Policy no.: | IS680-4453X262 ("the GL Policy") |
| Claimant: | Stephen Tuttle |

Dear Mr. McKee:

Travelers Casualty Insurance Company of America ("Travelers") is in receipt of the tender submitted by Sears Logistics Services, Inc. ("SLS") to M&M Tuttle LLC ("MMT") in the above referenced matter. After reviewing the additional materials recently provided, Travelers has determined we will defend SLS in this matter. The defense will be subject to the terms explained in detail below.

Stephen Tuttle alleges in the Petition he sustained injuries while he was unloading a truck containing merchandise loaded and shipped by SLS when a pool table fell against him. Mr. Tuttle alleges the pool table was negligently and improperly loaded and secured by SLS employees. He is seeking compensation for injuries and damages sustained in this incident.

The Retail Dealer Agreement ("Contract") entered into by Sears Authorized Hometown Stores LLC ("SAHS") and MMT contains separate insurance and indemnification provisions. Our review concludes that SLS does not qualify as an additional insured under the GL Policy issued by Travelers to MMT. However, we will accept the tender from SLS pursuant to the indemnification provision in the Contract.

The GL Policy issued to MMT includes endorsement form CG 20 11 01 96 - Additional Insureds - Managers or Lessors of Premises, specifically naming SAHS. However, coverage under this endorsement applies only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to Tuttle. This injury did not arise out of the use of the premises. Moreover, the Defendant in this lawsuit is SLS which is not listed as an additional

Page 2

insured on the GL Policy. Furthermore, the Contract does not require affiliates of SAHS be named as additional insureds under the GL Policy. Thus, SLS does not qualify as an additional insured under the GL Policy issued to MMT in this instance.

It appears the indemnity provision in the Contract obligates MMT to indemnify SLS since (based on the information recently provided) it appears SLS is an affiliate of SAHS. This injury appears to fall within the scope of the indemnity obligation, which applies to "claims . . . of any kind whatsoever . . . resulting from, connected with or incidental to any operations of [MMT]." The accident occurred while Stephen Tuttle (an employee of the insured) was unloading merchandise, which is part of its operations.

Since Travelers is assuming the defense of SLS as a contractual indemnitee, (rather than as an additional insured) the litigation costs and expenses will be paid from the GL Policy as indemnity payments and not as supplementary payments. Thus, the payment of costs and expenses will erode the limits of the GL Policy. The GL Policy issued by Travelers to MMT has a per occurrence limit of $1,000,000. We are not aware of any excess coverage available to MMT for this loss. At trial, it is anticipated that Mr. Tuttle will seek damages in excess of the available policy limits. Travelers will not be responsible for any claim or judgment in excess of the available limits.

This letter is not intended to be, nor is it to be construed as, an exhaustive listing of all of the terms, conditions, limitations and exclusions of the insurance contract which might limit or preclude coverage for this matter. Travelers reserves the right to supplement this letter and does not waive any right to assert additional defenses to coverage.

If you or your client disagree with the position taken by Travelers regarding the tender from SLS I will gladly answer any questions and discuss the matter with you or your client. If SLS accepts Travelers offer to assume the defense of SLS please let me know so that arrangements can be made to finalize the transfer of the direction of the defense to the undersigned as the Travelers claim professional.

Sincerely,
TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

Phil Walters
Claim Professional
(214) 570-6821


cc:   McCarthy & Trinka, Inc.
      1000 Jorie Blvd, Suite 10A
      Oak Brook, IL 60521-2281