Thomas R. Slome                           Hearing Date and Time: February 14, 2019 at 10:00 a.m.
Michael Kwiatkowski
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706
Email: tslome@msek.com
       mkwiatkowski@msek.com

and

Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862
E-mail: russell@russelljohnsonlawfirm.com
        john@russelljohnsonlawfirm.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) Case No. 18-23538 (RDD) |
| Debtors. | ) (Jointly Administered) |

**DECLARATION OF GERALD HOUCK IN SUPPORT OF MOTION OF CERTAIN UTILITY COMPANIES TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT PURSUANT**
**TO SECTION 366(c) OF THE BANKRUPTCY CODE [Docket No. 1395]**

I, Gerald Houck, declare as follows:

1. I am a Senior Supervisor in Credit and Collections, for Pepco Holdings LLC ("Pepco Holdings") and I have been with Pepco Holdings in that position for nine (9) years. I

assist in the credit and bankruptcy operations of the following Pepco Holdings owned operating companies: Delmarva Power & Light Company ("DPL") and Atlantic City Electric Company ("ACE") (collectively, the "Pepco Utilities").

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge, my review of the Pepco Utilities' business documents, correspondence and relevant documents, or my opinion based upon my experience concerning the operations of the Pepco Utilities. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. On behalf of the Pepco Utilities, I submit this Declaration in support of the *Motion of Certain Utility Companies To Determine Adequate Assurance of Future Payment* (the "Motion") [Docket No. 1395].

4. In making this Declaration, I am familiar with the contents of the Motion (Docket No. 1395), *Motion of Debtors Requesting Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* (the "Utility Motion")(Docket No. 196) and the *Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment To Utility Providers, (II) Establishing Procedures For Determining Adequate Assurance of Payment For Future Utility Services, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Service* [Docket No. 461] (the "Utility Order").

5. It is part of my job responsibility with Pepco Holdings to: (A) review customer accounts with the Pepco Utilities; (B) address credit issues with the Pepco Utilities' customers; and

(C) address issues concerning customers that file for bankruptcy protection, including requests for adequate assurance of payment or deposits.

6. The Pepco Utilities' relationship with the Debtors is governed by the following tariffs (the "Pepco Utilities' Tariffs") that are on file with the applicable state utility commissions and can be obtained at:

Delmarva: http://webapps.delmarva.com/dp/tariffs/index.cfm

ACE: http://webapps.atlanticcityelectric.com/ace/tariffs/index.cfm

7. The Pepco Utilities' Tariffs establish: (a) the amount of security that the Pepco Utilities are entitled to seek from their customers under applicable state law; (b) that the Pepco Utilities must bill the Debtors monthly; and (c) the billing and payment terms for all of the Pepco Utilities' customers. Specifically, under the billing cycle established by the Pepco Utilities' Tariffs, a customer receives approximately one month of utility goods and/or services before the Pepco Utilities issue a bill for such charges, which is due on presentation. Within fifty-one (51) days of non-payment of that bill, a disconnect notice will issue. Service may be terminated upon a customer's failure to pay that bill within fourteen (14) days of that disconnect notice. Accordingly, a customer's account will not be terminated for non-payment of a monthly bill until at least sixty (60) days after the service is provided.

8. The Pepco Utilities provided the Debtors with utility goods and services prior to the Petition Date and continue to provide post-petition utility goods and services to the Debtors at the Debtors' accounts that are listed on the chart attached to this Declaration as **Exhibit "A."** Exhibit A also lists the prepetition losses incurred by each of the Pepco Utilities.

9. The information regarding DPL's prepetition accounts with the Debtors is as

3

follows:

    A.    DPL held cash deposits of $960, $7,180 and $3,515 on three of the Sears accounts with DPL. After applying the foregoing cash deposits to prepetition charges, there was no credit remaining on those accounts.

    B.    DPL also maintained the following surety bonds, which are the subject of the following demands:

        (i)    $78,867 surety bond for Kmart Corporation (the "DPL Kmart Bond") - $35,283.95 demand

        (ii)    $97,320 surety bond for Sears (the "DPL Sears Bond') - $37,220.52 demand

10.    As adequate assurance of payment pursuant to Section 366(c) of the Bankruptcy Code, DPL is seeking the following:

    A.    payment of a two-month cash deposit in the amount of $11,350 for the three Sears accounts that are not covered by the DPL Sears Bond;

    B.    DPL to maintain the $43,583.05 balance of the DPL Kmart Bond and the $60,099.48 balance of the DPL Sears Bond in place for the Debtors' post-petition accounts.

11.    As of the Petition Date, the Debtors owed ACE $83,094.87 for billed and unbilled charges.

12.    As adequate assurance of payment pursuant to Section 366(c) of the Bankruptcy Code, ACE is seeking a two-month cash deposit in the amount of $66,550 for the nine (9) post-petition accounts that the Debtors have with ACE.

13.    Pursuant to the Pepco Utilities' Tariffs, the Pepco Utilities are entitled to seek

adequate assurance of payment from the Debtors in the form of a two-month cash deposit in the amounts set forth in Exhibit A, which is greater than or equal to the amount of the deposits and other adequate assurance the Pepco Utilities are seeking from the Debtors in these cases for the active post-petition accounts that the Debtors have with the Pepco Utilities.

14. The Pepco Utilities are seeking two-month deposits (for certain accounts) and the other forms of adequate assurance sought herein (for other accounts), in this case because: (1) of the exposure created by their billing cycle; (2) this customer's creditworthiness and slow payment habits.

15. For their non-bankrupt customers, the Pepco Utilities accept security in the form of cash deposits, letters of credit or surety bonds, which are forms of security maintained by the Pepco Utilities.

16. Although the Pepco Utilities do not want their post-petition security to be in the form of money maintained in the Adequate Assurance Account, if the Court were to hold that the security provided to the Pepco Utilities is to be in that form, the Pepco Utilities would ask that the Utility Order be amended to include the following additional provisions to ensure that the money held in the Adequate Assurance Account is sufficient in amount and would be available for payment of unpaid post-petition bills:

    A. The amount for the Pepco Utilities be increased to the following amounts, which represent no more than two times the average monthly bills for the active accounts that the Debtors still have with the Pepco Utilities:

        ii. DPL – (a) $11,350 for the three Sears accounts not covered by the DPL Sears Bond, plus (b) either the two-month cash deposit amounts set forth in Exhibit A for the

remaining DPL accounts, or alternatively, permitting DPL to maintain the $43,583.05 balance of the DPL Kmart Bond and the $60,099.48 balance of the DPL Sears Bond in place for those remaining post-petition DPL accounts;

        iii.    ACE - $66,550

    B.    The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors after the Debtors' payment in full of all postpetition obligations due and owing to the applicable Utility Provider, which the Debtors shall confirm in writing with the applicable Utility Provider.

    C.    The Debtors agree to pay all postpetition charges of the Utility Providers by the applicable due date of the invoice, which is a due date established in accordance with applicable state laws, regulations and/or tariffs.

    D.    If the Debtors fail to pay a utility bill when due (including the passage of any cure period), the relevant Utility Provider shall provide notice of such default to the Debtors, and if within five (5) business days of such notice, the bill is not paid, the Utility Provider may file an application with the Court certifying that payment has not been made and requesting the amount due up to an aggregate maximum equal to the Adequate Assurance Deposit allocable to such Utility Provider.

    E.    Notwithstanding anything in the Motion, the Order or (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders) to the contrary, there shall be no liens on the amounts in the Adequate Assurance

Account for the Utility Providers that are higher in priority to the Utility Providers' rights and interests in the amounts contained and allocated in the Adequate Assurance Account for the Utility Providers. Moreover, the amounts contained in the Adequate Assurance Account shall remain available to the Utility Providers for the payment of post-petition charges even if the Debtors cases are converted to cases under Chapter 7 of the Bankruptcy Code.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 6th day of February 2019, at Carneys Point, Salem County, New Jersey.

_____
Gerald Houck, Senior Supervisor, Customer Service, Credit and Collections
Pepco Holdings LLC

KMART / SEARS

ATLANTIC CITY ELECTRIC

EXHIBIT A

| Account # (PRE) | Account # (POST) | Name | 2 month Deposit | Final Bill Amount | Address |
|---|---|---|---|---|---|
| ***2446 | ***1314 | K MART-DIP | $9,000.00 | $6,813.63 | 616 DELSEA DR N / GLASSBORO NJ 08028 |
| ***1469 | ***1322 | K MART-DIP | $200.00 | $18.38 | RIO MALL, DRUGS / RIO GRANDE NJ 08242 |
| ***1725 | ***1330 | K MART-DIP | $900.00 | $273.70 | RIO, MALL / RIO GRANDE NJ 08242 |
| ***2619 | ***1819 | K MART-DIP | $23,100.00 | $20,669.62 | 250 NEW RD / SOMERS POINT NJ 08244-2177 |
| ***4192 | ***1843 | K MART-DIP | $7,150.00 | $6,184.20 | 733 ROUTE 72 W / MANAHAWKIN NJ 08050-2864 |
| ***0930 | ***1868 | K MART-DIP | $4,200.00 | $1,157.76 | RIO MALL / RIO GRANDE NJ 08242 |
| ***3591 | ***1876 | K MART-DIP | $22,000.00 | $22,042.93 | 779 DELSEA DR N / GLASSBORO NJ 08028-1435 |
| ***8225 | ***1348 | SEARS ROEBUCK & CO | $29,000.00 | $21,907.12 | 100 BLACKHORSE PIKE / MAYS LANDING NJ 08330 |
| ***9640 | ***1835 | SEARS HOLDING CORPORATION | $5,700.00 | $4,027.53 | 2100 CENTER SQUARE RD / SWEDESBORO NJ 08085-4540 |
|  |  |  | $66,550.00 | $83,094.87 |  |

2/8/19

Delmarva Power & Light Company

EXHIBIT A

| Account # (PRE) | Account # (POST) | Name | 2 month Deposit | Final Bill Amount | Address |
|---|---|---|---|---|---|
| ***4024 | ***1884 | K MART-DIP | $4,900.00 | $1,232.59 | 19563 COASTAL HWY, UNIT C / REHOBOTH BEACH DE 19971-6139 |
| ***0125 | ***2403 | SEARS ROEBUCK & CO | $34,000.00 | $22,582.17 | 4737 CONCORD PIKE, STE 410 / WILMINGTON DE 19803-1431 |
| ***5904 | ***2411 | SEARS ROEBUCK & CO | $25,800.00 | $11,455.37 | 3240 KIRKWOOD HWY / WILMINGTON DE 19808-6130 |
| ***7654 | ***2429 | SEARS ROEBUCK & CO | $3,200.00 | $1,420.42 | 2300 N SALISBURY BLVD / SALISBURY MD 21801-7810 |
| ***0857 | ***2437 | K MART-DIP | $14,500.00 | $6,771.58 | 4700 LIMESTONE RD / WILMINGTON DE 19808-1928 |
| ***0814 | ***2452 | K MART-DIP | $3,750.00 | $4,356.22 | 401 GOVERNORS PL / BEAR DE 19701-3032 |
| ***2117 | ***2700 | K MART-DIP | $1,600.00 | $65.99 | 301 COLLEGE SQ / NEWARK DE 19711-5452 |
| ***0312 | ***2718 | K MART-DIP | $18,350.00 | $14,652.98 | 200 KENT LNDG / STEVENSVILLE MD 21666-2582 |
| ***6050 | ***2734 | K MART-DIP | $13,500.00 | $8,204.59 | 4364 HIGHWAY ONE / REHOBOTH BEACH DE 19971 |
| ***7241 | ***2742 | SEARS ROEBUCK & CO | $13,200.00 | $7,050.46 | 2306 N SALISBURY BLVD / SALISBURY MD 21801-7830 |
| ***3309 | ***2775 | SEARS AUTHORIZED DEALER | $840.00 | -$403.57 | 19 WASHINGTON SQ / CHESTERTOWN, MD 21620 |
| ***6539 | ***2791 | SEARS ROEBUCK & CO | $6,995.00 | -$1,455.41 | 49 UNIVERSITY PLZ / NEWARK, DE 19702 |
| ***0864 | ***3203 | SEARS ROEBUCK & CO | $3,515.00 | -$3,428.92 | 700 CENTERPOINT BLVD / NEW CASTLE, DE 19720 |
| | | | $144,150.00 | $72,504.47 | |

2/8/19