UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                                :

In re:                                          :    Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,    :    Case No. 18-23538 (RDD)

        Debtors.[1]                           :    (Jointly Administered)

------------------------------------------------------------ x

**OBJECTION OF PEOPLEREADY, INC. TO SECOND SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION; AND SUPPLEMENTAL OBJECTION TO NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

        PeopleReady, Inc. ("PeopleReady"), by and through the undersigned attorneys, hereby files this objection (the "Second Supplemental Objection") to the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Dkt. # 2314] (the "Second Supplemental Cure Notice") and supplements the previously filed *Objection of PeopleReady,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Inc. to Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [in] Connection with Global Sale Transaction* [Dkt. # 1976] (the "Initial Cure Objection"). PeopleReady respectfully states as follows in support of this Second Supplemental Objection and the Initial Cure Objection:

1. Beginning on October 15, 2018 (the "Petition Date") and continuing thereafter, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.

2. On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Dkt. # 816].

3. On January 18, 2019, the Debtors filed the Successful Bidder Notice, which, among other things, announced that the Debtors determined that the offer submitted by Transform Holdco, LLC (the "Buyer"), established by ESL Investments, Inc., to acquire all or substantially all of the Global Assets, was the highest or best offer for the Global Assets. A copy of the asset purchase agreement between the Debtors and the Buyer is attached to the Successful Bidder Notice as Exhibit B.

4. On January 18, 2019, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* [Dkt. # 1731] (the "Initial Cure Notice"). On January 25, 2019, PeopleReady filed the Initial Cure Objection with respect to the Initial Cure Notice. The Initial Cure Objection remains unresolved.

5. On January 31, 2019, the Debtors filed the Second Supplemental Cure Notice. Exhibit A to the Second Supplemental Cure Notice identifies two items under the heading "Contract Title" associated with the Counterparty Name "LABOR READY MIDWEST INC." One of these Counterparty Names is preceded by "PEOPLEREADY -." *See* Second Supplemental Cure Notice, Exhibit A, Nos. 205-206. PeopleReady is formerly known as Labor Ready, so PeopleReady suspects that these items are intended to relate to any contracts that

PeopleReady has with the Debtors.  PeopleReady also uses the name TrueBlue, Inc., but the Debtors did not use this name in Exhibit A to the Second Supplemental Cure Notice.  Under the heading "Cure Amount" in Exhibit A to the Second Supplemental Cure Notice with respect to these two items, there is no dollar figure, which suggests the Debtors are proposing $0.00 as the cure amount for any PeopleReady contracts.  It is unclear from the Second Supplemental Cure Notice whether these two items are related to the three items identified in the Initial Cure Notice and that are the subject of the Initial Cure Objection.

6. PeopleReady provides temporary labor services to the Debtors pursuant to the terms of a Master Services Agreement dated May 1, 2015, by and between PeopleReady and Sears Holdings Management Corporation (as amended and presently in effect, the "MSA").

7. The Debtors and PeopleReady have also entered into a Vendor Agreement dated December 18, 2018 (as amended to date, the "Vendor Agreement"), which, among other things, resolved PeopleReady's prepetition claim.  Nothing in this Second Supplemental Objection is intended to be inconsistent with the terms of the Vendor Agreement.

8. PeopleReady continues to provide its services to the Debtors after the Petition Date pursuant to scope of work statements under the MSA entered into between the parties from time to time and is continuing to incur administrative expense priority claims in connection therewith.  Because these services are ongoing, with invoices issued and payments received by PeopleReady on a rolling basis, PeopleReady cannot presently determine the amount that will be necessary to cure monetary defaults under the MSA at the time the MSA is assumed and assigned to the Buyer.

9. PeopleReady objects to the Second Supplemental Cure Notice and supplements its Initial Cure Objection because, among other things, any assumption and assignment will need to reflect the correct party names, identify the MSA and any further amendments and supplemental scope of work statements, and provide for prompt payment of the actual cure amount that is owed as of the time of assumption and assignment, once determined.

*See* 11 U.S.C. § 365(b)(1). The MSA must be assumed and assigned *in toto*, unless PeopleReady agrees otherwise. The Debtors and any assignee cannot pick and choose which components of an executory contract to take.

10. Any order approving assumption and assignment should make clear the Debtors are assuming and assigning all of the MSA obligations. The Debtors' payment of only the known cure amounts calculated prior to assumption and assignment does not relieve the assignee of obligations that may have accrued beforehand but are not known until later. In particular, without limitation, any order should require the assignee, following assignment, to pay for all accrued but unbilled services performed by PeopleReady under the MSA, whether they relate to a period before or after assignment, and to perform all other obligations under the MSA that arise after assignment (including, for example, indemnification obligations), regardless of when the events giving rise to such obligations occur or have occurred. The assignee must become subject to all terms of the MSA, including without limitation PeopleReady's rights of recoupment, which may not be modified without PeopleReady's express written prior consent in accordance with the terms of the MSA.

11. PeopleReady reserves all rights consistent with the MSA, the Vendor Agreement, and applicable law, including without limitation to amend, supplement, and/or modify the Initial Cure Objection and/or this Second Supplemental Objection, to object to adequate assurance of future performance, and to file additional appropriate pleadings in the future.

*[Remainder of page intentionally left blank]*

WHEREFORE, PeopleReady respectfully requests that any order assuming or assigning any contracts address PeopleReady's concerns outlined above and that the Court grant such other and further relief as is just and proper.

Dated: February 8, 2019

          MILLER NASH GRAHAM & DUNN LLP

          */s/ John R. Knapp, Jr.*
          John R. Knapp, Jr., P.C., WSB No. 29343
          Pier 70, 2801 Alaskan Way, Suite 300
          Seattle, Washington 98121
          E-Mail: john.knapp@millernash.com
          Phone: (206) 624-8300
          Fax: (206) 340-9599

          Attorneys for PeopleReady, Inc.