UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## NOTICE OF MECHANIC'S LIEN
## PURSUANT TO 11 U.S.C. SECTION 546(b)(2)(B)

Greenwood Industries, Inc. (hereinafter referred to as "Greenwood"), by its undersigned counsel, files the within Notice of Mechanic's Lien (the "Notice of Mechanic's Lien") Pursuant to 11 U.S.C. Section 546(b)(2)(B), in support of this Notice of Mechanic's Lien, Greenwood respectfully represents as follows:

1. Greenwood is a commercial roofing contractor with a principal place of business located at 640 Lincoln Street, Worcester, Massachusetts 01605.

2. Greenwood is a party to that certain Major Maintenance Agreement dated September 29, 2017, with Sears Holding Management Corporation, on behalf of itself and its

---

[1] The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179

affiliates (the "Agreement").  Sears Holding Management Corporation is one of the Debtors in this proceeding (the "Debtors").  A true copy of the Agreement is attached hereto as Exhibit A.

3.  Pursuant to the Agreement, Greenwood was to replace the roof of a certain facility identified as Sears Store No. 1238, Braintree, MA (the "Project"), which facility is occupied by Sears, Roebuck and Co., another of the Debtors, as lessee, and is located at 250 Granite Avenue, Braintree, Massachusetts (the "Property").  The Property is owned by Braintree Property Associates Limited Partnership (the "Real Property Owner").

4.  Greenwood and Sears Holding Management Corporation entered into a First Amendment to Major Maintenance Agreement dated November 27, 2017 (the "First Amendment").  A true copy of the First Amendment is attached hereto as Exhibit B.

5.  After approved change orders, Greenwood was to be paid $452,525 pursuant to the terms and conditions of the Agreement.  Greenwood has been paid $391,500 to date and is owed $61,025.  Greenwood performed work for the Debtors on the Project, but Greenwood has not been paid for such work.

6.  Sears Roebuck and Co., or one of its affiliated Debtors, occupies the Property under a lease with the Real Property Owner.  The work performed by Greenwood under the Agreement was all performed for the Debtors on the Property.

7.  Pursuant to Massachusetts law, Greenwood has a mechanic's lien for labor and materials or rental equipment, appliances or tools furnished to the Project. M.G.L. c. 254, § 2.

8.  Under Massachusetts law, in order to perfect and secure its lien, Greenwood is required to file and record a Notice of Contract in the Massachusetts Registry of Deeds for the county in which the Project is located within ninety (90) days after Greenwood last performed or furnished labor or materials or both labor or materials to the Project. M.G.L. c. 254, § 2.  Greenwood must also file and record a Statement of Account in the Massachusetts Registry of Deeds for the county in which the Project is located within one hundred and twenty (120) days after Greenwood last performed or furnished labor or materials or both labor or materials to the Project. M.G.L. c. 254, § 8.  In addition, Greenwood must commence an action in Massachusetts state court within ninety (90) days after recordation of the Statement of Account and then record an attested copy of the complaint in the Massachusetts Registry of Deeds for the county in which the Project is located within thirty (30) days after commencing its lien action in the court. M.G.L.  c. 254 §§ 5, 11.

9.  On November 29, 2018, Greenwood filed a Notice of Contract and Statement of Account with the Norfolk County (Massachusetts) Registry of Deeds with respect to the $61,025 that Greenwood continues to be owed under the Agreement with respect to the Project.  Greenwood asserted its lien rights against the Debtors' leasehold interest in the Property as well as against the fee interest.  The filing of the Notice of Contract and Statement of Account are exempt from the automatic stay provisions pursuant to the provisions of Section 362(b)(3) and 546(b) of the Bankruptcy Code (11 U.S.C. §§ 101 et seq.).  In order to continue the perfection of

58281859 v1

its lien, Greenwood would have to commence an action in Massachusetts state court on or before Wednesday, February 27, 2019.

10. On October 15, 2018, the Debtors filed their Chapter 11 petitions with this court (the "Petitions").

11. The filing of the Petitions by Debtors has effectively prevented Greenwood from commencing an action in the Massachusetts state courts to perfect and secure its mechanic's lien rights.

12. As provided by 11 U.S.C. Section 362(b)(3),

"[t]he filing of a petition under section 301, 302, or 303 of this title, . . . , does not operate as a stay-- . . . under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title." 11 U.S.C. § 362(b)(3).

13. As provided by 11 U.S.C. Section 546(b):

"(1) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that--

(A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or

(B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.

(2) If--

(A) a law described in paragraph (1) requires seizure of such property or commencement of an action to accomplish such perfection, or maintenance or continuation of perfection of an interest in property; and

(B) such property has not been seized or such an action has not been commenced before the date of the filing of the petition;

58281859 v1

such interest in such property shall be perfected, or perfection of such interest shall be maintained or continued, by giving notice within the time fixed by such law for such seizure or such commencement." 11 U.S.C. § 546(b).

14. The Massachusetts mechanic's lien law (M.G.L. c. 254) is a generally applicable law that is described in Section 546(b)(1)(A) and (B), and provides for the rights and remedies set forth in Section 546(b)(2)(A) and (B).

15. As noted above, Greenwood is not able to commence an action to maintain the perfection of its mechanic's lien rights due to the filing of the Petitions by the Debtors. Accordingly, Greenwood is filing the Notice of Mechanic's Lien, pursuant to the provisions of Section 362(b)(3) and Section 546(b)(2)(B), within 90 days of recording of its Statement of Account and Notice of Contract in order to maintain the perfection of its mechanic's lien.

WHEREFORE, Greenwood respectfully requests that the Court:

A. Take notice under 11 U.S.C. Section 546(b)(2)(B) that Greenwood has perfected its mechanic's lien rights under the laws of the Commonwealth of Massachusetts with regard to the Debtor's interest in the Property by the filing of this Notice of Mechanic's Lien; and

B. Provide for such other and further relief as may be just and equitable.

GREENWOOD INDUSTRIES, INC.

By their attorneys,

*/s/ Christopher V. Fenlon*
Hinckley, Allen & Snyder LLP
30 South Pearl Street
Suite 901
Albany, New York 12207
(518) 396-3100

Dated: February 8, 2019

58281859 v1

## CERTIFICATE OF SERVICE

      I, Christopher V. Fenlon hereby certify that on this 8th day of February, 2019, I caused to be served a copy of the Notice of Notice of Mechanic's Lien Pursuant to 11 U.S.C. Section 546(b)(2)(B) filed herewith to be served by this Court's CM/ECF System.

                      /s/ *Christopher V. Fenlon*
                      Christopher V. Fenlon

58281859 v1