EXHIBIT B

FIRST AMENDMENT TO
MAJOR MAINTENANCE AGREEMENT
*Major Maintenance Bidding Documents*

This First Amendment ("First Amendment") is dated November 27, 2017, by and between Sears Holdings Management Corporation on behalf of itself and its affiliates, including Sears, Roebuck and Co., a New York corporation ("**Sears**"), Sears Operations LLC, a Delaware limited liability company ("**Sears Ops**"), Kmart Corporation, a Michigan corporation ("**Kmart**"), and Kmart Operations LLC, a Delaware limited liability company ("**Kmart Ops**") (Sears, Sears Ops, Kmart, and Kmart Ops collectively referred to herein as the "**Company**"), and Greenwood Industries, Inc., a Massachusetts corporation ("**Contractor**").

WHEREAS, the parties have entered into that certain Major Maintenance Agreement and Major Maintenance Bidding Documents made as of September 29, 2017, for Contractor to provide certain roofing services to certain Company facilities (the "**Agreement**"); and

WHEREAS, the parties wish to amend the Agreement **Sears 1283 Braintree, MA Roof Replacement** dated **September 29, 2017** to amend certain sections based on the specified work to be provided by the Consultant.

NOW THEREFORE, in consideration of the foregoing and the mutual promises contained herein, the parties hereto agree as follows:

1. **Section 2 (page 1) (Major Maintenance Agreement)** is hereby deleted in its entirety and replaced with the following:

   "Company shall be entitled to liquidated damages in the amount of one thousand five hundred dollars ($1500) per day for each calendar day beyond the Date of Substantial Completion that the work is not Substantially Complete. This liquidated damage amount is a reasonable estimate by the parties of the damages Company should suffer should Contractor delay in completing its work by the Date of Substantial Completion. Such damages include, without limitation, lost revenue, alternative warehousing expenses, or fixturing charges. The parties acknowledge that it would be difficult to calculate Company's actual damages caused by Contractor's delay and agree that the liquidated damage amount will become due and payable regardless of the type and amount of actual damages suffered by Company. *In the event Contractor's performance of the Work is delayed as a result of inclement weather or other reasons as set forth in the Major Maintenance – General Conditions - Section 11.5(a), the parties will execute a Change Order pursuant to Exhibit F-4 to extend the Date of Final Completion accordingly.*"

2. **Sections 3.2 (b) and (g) (pages 5 and 6) (Major Maintenance – General Conditions)** – are deleted in their entirety and replaced with the following:

   "(b)    Contractor shall provide repair or replacement at its own expense, except to the extent *such repair or replacement is to correct damages caused by persons or entities for whom Contractor is not responsible or to the extent* such work is compensated as set forth in Section 10.1(e)."

   (g)    Contractor shall restrict Site access to its own, Subcontractors' Consultants' and COMPANY's personnel. Contractor is responsible to keep all unauthorized personnel out of the Work site. Contractor is responsible for any and all accidents which occur to unauthorized

1

personnel and damage to property resulting from unauthorized presence on the Site, *except that COMPANY shall be responsible for claims for personal injury by persons or entities whom COMPANY has allowed or authorized on the roof without involvement by Contractor.*"

3. Section 3.3(c) (page 7) (Major Maintenance – General Conditions) is hereby deleted in its entirety and replaced with the following:

"(c)    For Roofing projects, *if Contractor performs asbestos abatement work, Contractor's price and scope of work is based upon Contractor's not encountering or coming into contact with asbestos, asbestos containing or toxic material during the course of performing the roofing work. If such materials are encountered, Company will make arrangements with others for the handling and/or removal of such materials and/or Contractor shall be entitled to additional time and compensation for additional expenses incurred as a result of the presence of asbestos, asbestos-containing or toxic material as the work site.* Contractor agrees that all asbestos will be removed and treated in a manner which causes no contamination to the facility; endangers none of the works performing the abatement work; creates no short or long term threat to the health of other persons in or around the facility; and causes no visible emissions of asbestos in the course of transporting the asbestos from the Site to the approved waste disposal site. Contractor further agrees that for each project, Contractor will use the methods and procedures recommended by the United States Environmental Protection Agency and the Occupational Safety and Health Administration, U.S. Department of Labor, for larger scale or major asbestos abatement work. Contractor shall use certified laboratory technicians and laboratories accredited by the American Industrial Hygiene Association in performing all laboratory work required pursuant to this Agreement."

4. Section 3.3 (d) (page 7) (Major Maintenance - General Conditions) is hereby deleted revised by including the following as a new paragraph at the end of the existing provision:

*"COMPANY acknowledges that roofing materials include solvents and asphalt-based products that will be heated (if a hot-applied roof is specified), and that odors and emissions from roofing products will be released or generated as part of normal roofing operations. COMPANY shall be responsible for interior air quality, including controlling mechanical equipment, HVAC units, intake vents, wall vents, windows, doors and other openings to prevent fumes and odors from entering the building. COMPANY is aware that roofing products emit fumes, vapors and odors during the application process. COMPANY shall hold Contractor harmless from claims from third parties relating to fumes and odors that are emitted during the normal roofing process."*

5. Section 3.6(b) (page 8) (Major Maintenance - General Conditions) is hereby deleted in its entirety and replaced with the following:

"(b)    Contractor shall comply with all laws, ordinances, rules, regulations, decisions and orders of all public authorities relating to the Work ("Laws"). *If Contractor discovers that the prescribed Work is not in accordance with codes, Contractor will promptly notify Company and await direction from Company and Design Professional.*"

6. Section 5.2(b) (page 17) (Major Maintenance – General Conditions) is hereby deleted in its entirety and replaced with the following:

"(b)    If any part of Contractor's Work depends upon proper performance of the construction or operations of Other Contractors, Contractor shall inspect and promptly report to COMPANY any apparent discrepancies or defects that render the Work unsuitable for proper performance. Failure of Contractor to so report shall constitute an acceptance of the Other Contractor's construction or

2

operations as fit to receive the Work, except for (1) defects which may develop in the Other Contractor's construction or operations after the performance of Contractor's Work, or (2) defects in the Other Contractor's construction or operations of which Contractor gives both COMPANY and Consultant notice immediately upon discovery and without then proceeding with the Work affected. *Notwithstanding the foregoing, Contractor will not be responsible for the construction, moisture content, or structural sufficiency of the roof deck or design or for work performed by other third party contractors of Company. The parties agree that Contractor's performance of the work is indicative only that the surface of the Site appears satisfactory to the Contractor for the attachment of roofing materials."*

7. Section 5.2(c) (page 17) (Major Maintenance - General Conditions) is hereby deleted in its entirety and replaced with the following:

"(b)    If Contractor damages the construction or property of any Other Contractor, Contractor shall, upon notice from COMPANY, settle with the Other Contractor. If the Other Contractor makes a claim upon COMPANY on account of any damage alleged to have been *caused by Contractor*, Contractor shall defend, protect, indemnify and hold harmless COMPANY in proceedings, at no expense to COMPANY. If the action is settled by agreement between Contractor and Other Contractor with or without entry of judgment against COMPANY, Contractor shall promptly pay and satisfy such settlement or judgment, and reimburse COMPANY for reasonable attorneys' fees and all court or other costs which COMPANY has incurred. In the event COMPANY has to take legal action to enforce these obligations, Contractor shall be responsible for the attorneys' fees and costs which COMPANY incurs."

8. Section 7.1(e) (page 20) (Major Maintenance - General Conditions) is hereby revised by including the following at the end of the existing provision:

*"Each Work Order shall contain a mutually-agreed upon minimum number of workdays with conditions suitable for performing roofing work for Contractor to achieve substantial performance."*

9. Section 9.3 (page 30) (Major Maintenance - General Conditions) is hereby revised by deleting the last sentence of the provision.

10. Sections 10.2 (a) (b) and (e) (pages 31 and 32) (Major Maintenance – General Conditions) are hereby deleted in their entirety and replaced with the following:

"(a)    To the fullest extent permitted by law, Contractor waives any right of contribution and shall indemnify and hold harmless Sears, Roebuck and Co., Kmart Corporation, Kmart Operations LLC, Sears Operations LLC, Sears Holdings Management Corporation, Consultant, and the owner and landlord of the Facility where the Work is performed (if any) and their respective Affiliates, agents, representatives, and employees (the "Indemnified Parties") from and against all claims, damages, losses, fines, penalties and expenses, including but not limited to attorneys' fees, arising out of or resulting from or in connection with the performance of the Work, *but only to the extent* that any such claim, damage, loss, fine, penalty or expense is caused in whole or in part by any *negligent* act or omission of Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable. Such obligation shall not be construed to negate, abridge, or otherwise reduce any other right or obligation of indemnity or contribution which would otherwise exist as to any party or person described in the Contract Documents."

(b)    "Contractor shall defend the Indemnified Parties from and against all claims arising out of or resulting from or in connection with the performance of the Work, *but only to the extent* that any

3

such claim is caused in whole or in part by the *negligent* act or omission of Contractor, any Subcontractor, anyone director or indirectly employed by any of them or anyone for whose acts any of them may be considered liable."

(e) "*A* party shall not be indemnified against *claims, damages, losses and/or expenses to the extent due to* the indemnitee's own negligence."

11. Section 14.5 (b) (page 40) (Major Maintenance – General Conditions) is hereby deleted in its entirety.

12. Section 16.5 (page 43) (Major Maintenance - General Conditions) is hereby deleted in its entirety and replaced with the following:

"COMPANY and its representatives shall have access at any time to all of Contractor's or Subcontractors' books, correspondence, instructions, meeting minutes, drawings, receipts, vouchers, memoranda and other records relating to the Work. Contractor and Subcontractors shall preserve in Contractor's or Subcontractors' usual offices all of these records, and Contractor and Subcontractors shall maintain these records for three (3) years from the date of Final Payment and shall upon COMPANY's reasonable request deliver them to COMPANY. Contractor's and Subcontractors' records shall be of sufficient detail to justify all costs and charges for Contractor and Subcontractors. Contractor shall promptly repay COMPANY for any overpayments or unsupported costs which COMPANY or its auditors identify. *Contractor's financial data is to be kept confidential and made only to those people necessary to ascertain the amount due Contractor.*"

13. Capitalized terms appearing in this First Amendment shall have the meaning which they have in the Agreement unless otherwise defined herein. Except to the extent specifically provided to the contrary in this First Amendment, all terms and conditions of the Agreement shall remain in full force and effect, without modification or limitation.

*(Signatures on following page)*

The parties are executing this First Amendment as of the date stated in the introductory clause.

SEARS, ROEBUCK AND CO., SEARS OPERATIONS LLC,
KMART CORPORATION, and KMART OPERATIONS LLC
By: Sears Holdings Management Corporation, their agent

By: _____

Name: Todd C Lemmert

Title: _____

GREENWOOD INDUSTRIES, INC.

By: _____

Name: David S. Klein

Title: President