WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :
                                                            :    **Case No. 18-23538 (RDD)**
                                                            :
Debtors.[1]                                                 :    (Jointly Administered)
------------------------------------------------------------x

# CERTIFICATE OF NO OBJECTION
# REGARDING SECOND OMNIBUS MOTION OF DEBTORS
# FOR ORDER APPROVING REJECTION OF CERTAIN EXECUTORY CONTRACTS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. On January 31, 2019, the Debtors filed the *Second Omnibus Motion of Debtors for Order Approving Rejection of Certain Executory Contracts* (ECF No. 2313) (the "**Motion**").

2. The Debtors served the Motion as reflected in the affidavit of service filed at ECF No. 2417.

3. The Motion established a deadline (the "**Objection Deadline**") for parties to object or file responses to the Motion for February 7, 2019 at 4:00 p.m. (Eastern Time). The *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

4. The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading, or request for a hearing with respect to the Motion has been

(a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors.

5. Accordingly, the Debtors respectfully request that the proposed order granting the relief requested in the Motion, annexed hereto as **Exhibit A**, be entered in accordance with the Amended Case Management Order. A redline of the proposed order marked against the version filed with the Motion is annexed hereto as **Exhibit B**, which reflects non-substantive edits to the proposed order.

I declare that the foregoing is true and correct.

Dated: February 8, 2019
      New York, New York

                         /s/ Jessica Liou
                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York  10153
                        Telephone:  (212) 310-8000
                        Facsimile:  (212) 310-8007
                        Ray C. Schrock, P.C.
                        Jacqueline Marcus
                        Garrett A. Fail
                        Sunny Singh
                        Jessica Liou

                        *Attorneys for Debtors*
                        *and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                                       :          Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,     :          Case No. 18-23538 (RDD)
:
Debtors.[1]                                                         :          (Jointly Administered)
:
------------------------------------------------------------x

**SECOND OMNIBUS ORDER AUTHORIZING**
**DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS**

Upon the motion, dated January 31, 2019 (ECF No. 2313) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 6006 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for an order (the "**Order**") (i) authorizing the Debtors to reject certain executory contracts listed on the schedule attached hereto as **Schedule 1**, including any amendments or modifications thereto (collectively, the "**Agreements**"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the certificate of no objection filed by counsel for the Debtors, there being no opposition to the relief granted hereby; and no additional notice or hearing being required; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, each of the Agreements listed on **Schedule 1** attached hereto is hereby rejected by the Debtors.

3. The Debtors shall not be liable for any additional administrative expenses arising after the entry of this Order with respect to the Agreements.

2

4. As of the entry of this Order, the Debtors are relieved from any and all payments or performance due under such Agreements incurred; *provided*, *however*, that nothing herein shall constitute a determination of claims arising from or related to the rejection of such Agreements filed in accordance with this Order, in connection with which the Debtors' rights are reserved in full.

5. **The deadline to file a proof of claim to assert any damage claim arising from the rejection of an Agreement shall be the date fixed by this Court as the deadline to file general unsecured proofs of claim in these cases.**

6. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

7. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

### Schedule of Agreements to be Rejected

| Counterparty | Debtor | Type of Agreement |
|---|---|---|
| **Leslie Fleshood**<br>Divisional Vice President, Strategy – Footwear | Sears Holdings Corporation | Executive Severance Agreement |
| **Mark D. Johnson**<br>Head, Retail Services – Kmart and Sears | Sears Holdings Management Corporation | Executive Agreement |
| **William G. McLeod**<br>Vice President and General Manager – Retail Services Region | Sears Holdings Corporation | Executive Severance Agreement |
| **Eric Stecko**<br>Vice President and General Manager – Retail Services Region | Sears Holdings Corporation | Executive Severance Agreement |

# Exhibit B

# Redline

WEIL:\96909031\1\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                              :        Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,              :        Case No. 18-23538 (RDD)
:
Debtors.[1]                                        :        (Jointly Administered)
:
---------------------------------------------------------------x

# SECOND OMNIBUS ORDER AUTHORIZING
# DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Upon the motion, dated ~~[    ]~~ January 31, 2019 (ECF No. ~~[    ]~~ 2313) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 6006 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for an order (the "**Order**") (i) authorizing the Debtors to reject certain executory contracts listed on the schedule attached hereto as **Schedule 1**, including any amendments or modifications thereto (collectively, the "**Agreements**"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the ~~Court having held a hearing to consider the relief requested in the Motion on February 14, 2019 (the "Hearing"); and upon the record of the Hearing,~~ certificate of no objection filed by counsel for the Debtors, there being no opposition to the relief granted hereby; and no additional notice or hearing being required; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

2

the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, each of the Agreements listed on **Schedule 1** attached hereto is hereby rejected by the Debtors.

3. The Debtors shall not be liable for any additional administrative expenses arising after the entry of this Order with respect to the Agreements.

4. As of the entry of this Order, the Debtors are relieved from any and all payments or performance due under such Agreements incurred; *provided*, *however*, that nothing herein shall constitute a determination of claims arising from or related to the rejection of such Agreements filed in accordance with this Order, in connection with which the Debtors' rights are reserved in full.

5. **The deadline to file a proof of claim to assert any damage claim arising from the rejection of an Agreement shall be the date fixed by this Court as the deadline to file general unsecured proofs of claim in these cases.**

6. Notwithstanding anything in the Motion or this Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "**DIP Orders**"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Approved Budget (as defined in the DIP Orders).

3

7.  To the extent there is any inconsistency between the terms of any of the DIP Orders and this Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

8.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
      White Plains, New York

                                                          _____
                                                          THE HONORABLE ROBERT D. DRAIN
                                                          UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

### Schedule of Agreements to be Rejected

| Counterparty | Debtor | Type of Agreement |
|---|---|---|
| **Leslie Fleshood**<br>Divisional Vice President, Strategy – Footwear | Sears Holdings Corporation | Executive Severance Agreement |
| **Mark D. Johnson**<br>Head, Retail Services – Kmart and Sears | Sears Holdings Management Corporation | Executive Agreement |
| **William G. McLeod**<br>Vice President and General Manager – Retail Services Region | Sears Holdings Corporation | Executive Severance Agreement |
| **Eric Stecko**<br>Vice President and General Manager – Retail Services Region | Sears Holdings Corporation | Executive Severance Agreement |

| Summary report: Litéra® Change-Pro TDC 10.1.0.800 Document comparison done on 2/8/2019 2:06:49 PM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://WEILDMS/WEIL/96912038/1 ||
| **Modified DMS:** iw://WEILDMS/WEIL/96912038/2 ||
| **Changes:** ||
| Add | 8 |
| Delete | 7 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 15 |