IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered)<br><br>Re: Docket No. 2314<br><br>Obj. Deadline: February 11, 2019 at 4:00 p.m. (ET) |

**INFOSYS LIMITED'S OBJECTION TO DEBTORS'
SECOND SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Infosys Limited ("Infosys"), by and through its undersigned counsel, hereby objects (the "Cure Objection") to the proposed cure amounts for Infosys's executory contracts listed in the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the "Supplemental Cure Notice").[2]  In support of this Cure Objection, Infosys respectfully states as follows:

## PRELIMINARY STATEMENT

1. According to the Supplemental Cure Notice, Sears Holdings Corporation and various affiliates (the "Debtors") may seek to assume and assign the executory contracts with Infosys to Transform Holdco, LLC (the "Buyer").  Infosys has already filed an objection (the "First Cure Objection") to the proposed cure amounts listed in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the "First Cure Notice"). As stated in the First Cure Objection, the amount required to cure all monetary defaults under the Infosys contracts is $658,611.42, and the amount required to cure all defaults as of the anticipated February 19, 2019 closing date will be $1,534,475.06 (the "Infosys Cure Amount").  If the Infosys contracts are assumed, the Buyer must be responsible for satisfying ongoing postpetition obligations, including those amounts that have not yet become due.

## OBJECTION

2. On October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.  Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, on November 8, 2004, Infosys and Sears Holding Management Corporation ("SHMC") (as assignee of Kmart Management Corporation) entered into an Outsourcing Agreement (the "Agreement").  Infosys provides services to SHMC under

---

[2] Docket No. 1731.

2

various statements of work (the "SOWs," together with the Agreement, the "Infosys Contracts") issued pursuant to and governed by the Outsourcing Agreement.[3]

4. On January 18, 2019, the Debtors filed the First Cure Notice which listed $425,781 as being due Infosys under a "Home Services Infosys SOW Website Rebuild." The First Cure Notice further listed $0.00 as being owed under (i) the Agreement, (ii) a "Change Request 04 to SOW (EDI Support Project Term Extension) -2017," and (iii) six unidentified contracts.[4]

5. On January 25, 2019, Infosys filed the First Cure Objection and asserted that the Infosys Cure Amount is the total amount needed to cure defaults under the Infosys Contracts.

6. On January 31, 2019, the Debtors filed the Supplemental Cure Notice which listed $0.00 as being due under a (i) ServiceLive Enhancements CR-01, (ii) Statement of Work #8 – Amendment to Service Agreement (Parts Direct Web Site Rebuild), (iii) ServiceLive Enhancements CR-02, and (iv) IT OPS-Infosys Technologies Limited-Outsourcing Agreement-2004 – Master Agreement.

7. As stated in the First Cure Objection, the Infosys Cure Amount is the total amount due and owing under the Infosys Contracts, including those agreements listed in the Supplemental Cure Notice.

8. Prior to assumption of the Infosys Contracts, if any, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Infosys Contracts and compensate Infosys for any actual pecuniary loss. In order to assume the Infosys Contracts, Infosys must receive payment in full of the Infosys Cure Amount.

---

[3] The Infosys Contracts contain confidential information and they are not attached to this Cure Objection. They will be provided upon written request to Infosys's counsel and execution of a confidentiality agreement.

[4] For these six contracts, the "Contract Title" section of the Cure Notice is completely blank and Infosys has no way of knowing which contracts are at issue.

9. Infosys reserves the right to amend and/or supplement this Cure Objection, including, without limitation, to include additional amounts that arise or become known to Infosys prior to assumption, to add or supplement objections to the proposed cure amounts, and to raise any additional objections to the assumption of the Infosys Contracts.

**WHEREFORE**, Infosys respectfully requests that the Court require the Debtors to pay Infosys the Infosys Cure Amount as a condition to assumption of the Infosys Contracts, and grant Infosys such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 11, 2019

**KELLEY DRYE & WARREN LLP**

By: /s/ *James S. Carr*
James S. Carr
Maeghan J. McLoughlin
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile:  (212) 808-7897
Email: jcarr@kelleydrye.com
mmcloughlin@kelleydrye.com

*Attorneys for Infosys Limited*

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served via electronic mail and/or first class mail, postage pre-paid on this 11th day of January, 2019 upon the parties listed below and electronically via ECF notification upon all parties requesting service via ECF notification:

Sears Holdings Management Corporation
Attn: Rob Riecker (rob.riechker@searshc.com)
Attn: Luke Valentino (luke.valentino@searshc.com)
Attn: Mohsin Meghji (mmeghji@miiipartners.com)
Attn: General Counsel (counsel@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (jacqueline.marcus@weil.com)
Attn: Garret A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Lazard Fréres & Co., LLC
Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana.Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

Bank of America, N.A.
c/o Berkeley Research Group, LLC
2200 Powell Street, Suite 1200
Emeryville, CA 94608

Wells Fargo Bank, National Association
c/o Choate, Hall & Stewart LLP
Attn: Kevin J. Simard (ksimard@choate.com)
Attn: Jonathan D. Marshall (jmarshall@choate.com)
Two International Place
Boston, MA 02110

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin (pdublin@akingump.com)
Attn: Ira S. Dizengoff (idizengoff@akingump.com)
Attn: Abid Qureshi (aqureshi@akingump.com)
Attn: Sara L. Brauner (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani (kunal@eslinvest.com)
Attn: Harold Talisman (harold@eslinvest.com)
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin (caustin@cgsh.com)
Attn: Benet J. O'Reilly (boreilly@cgsh.com)
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Office of the United States Trustee
Attn: Paul Schwartzberg
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

*/s/ Maeghan J. McLoughlin*
Maeghan J. McLoughlin