WHITE & WILLIAMS LLP
James C. Vandermark, Esq.
7 Times Square, Suite 2900
New York, New York  10036-6524
Telephone: (212) 244-9500
Facsimile: (212) 244-6200
E-mail:vandermarkj@whiteandwilliams.com

*Counsel to Google LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.,* | Case No.  18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**GOOGLE LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE SECOND SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Google LLC f/k/a Google Inc. (**"Google"**), by and through its undersigned counsel, files the following limited objection and reservation of rights to the potential assumption and assignment of the Unnamed Google Contract (as defined below) and proposed cure amount, in response to the Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [Doc. No. 2314] (the **"Second Supplemental Notice"**)[1] filed by the above-captioned debtors and debtors-in-possession (the **"Debtors"**), and states as follows:

**PRELIMINARY STATEMENT**

Google objects to the Second Supplemental Notice because Debtors failed to sufficiently identify the contract proposed to be cured and assumed, and therefore Google cannot determine

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Second Supplemental Notice.

22294251v.2

the applicable cure amount for the contract.

## BACKGROUND

1.  On or about October 15, 2018 (the **"Petition Date"**), the Debtors filed voluntary petitions for Chapter 11 relief in the United States Bankruptcy Court for the Southern District of New York (the **"Bankruptcy Court"**).

2.  On January 18, 2019, Debtors filed the Initial Notice. The contract schedule attached to the Initial Notice included six (6) alleged contracts between Google and certain Debtors, each with a proposed cure amount of zero dollars ($0.00). A true and correct copy of page 139 of the Initial Notice is attached hereto as **Exhibit A**.

3.  On January 23, 2019, Debtors filed the Supplemental Notice. The contract schedule attached to the Supplemental Notice included only one (1) alleged contract between Google and certain Debtors, which Debtors identified as "Home Services – Google – Suite 360 – Order Form – 2018" and Contract Number CW2334749. A true and correct copy of page 18 of the Supplemental Notice is attached hereto as **Exhibit B**.

4.  On January 31, 2019, Debtors filed the Second Supplemental Notice. The contract schedule attached to the Second Supplement Notice includes one (1) alleged contract between Google and Sears Holdings Management Corporation, which Debtors vaguely identified as "ORDER FORM" (the **"Unnamed Google Contract"**). A true and correct copy of page 15 of the Second Supplemental Notice is attached hereto as **Exhibit C**.

5.  The Second Supplemental Notice fails to sufficiently identify the name/title of the Unnamed Google Contract. As of the filing of this Objection, Debtors have not responded to Google's request for the identity of the Unnamed Google Contract among the numerous contracts that Debtors have with Google.

-2-

22294251v.2

**BASIS FOR OBJECTION**

6. Debtors may assume contracts, but defaults under the contracts must be cured at the time the contract is assumed. Section 365 of the Bankruptcy Code provides:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee-
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

7. Bankruptcy Code Section 365(b)(1) makes it clear that defaults must be cured as of the assumption. Such defaults that must be cured include both pre-petition and post-petition defaults. *In re McLean Industries, Inc.*, 96 B.R. 440, 449 n. 11 (S.D. NY 1989) ("assumption creates a post-petition liability and requires cure of pre-petition and post-petition defaults"); *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 173 (Bankr. E.D. Va. 1993) ("Section 365(b)(1)(A) requires the debtor in possession to cure pre- and post-petition defaults…This conclusion is clear from §365(b)(1) which measures defaults as of the 'time of assumption'") (*citing In re Rachels Industries, Inc.*, 109 Bankr. 797, 811-812 (Bankr. W.D. Tenn. 1990)); *In re*

-3-

*Bachrach Clothing, Inc.*, 2007 Bankr. LEXIS 2623 * 11 (N.D. Ill. Aug. 2, 2007) ("…365(b)(1) measures defaults as of the time of assumption. Therefore, the debtor was required to cure both pre- and post-petition defaults.") *aff'd* 396 B.R. 219 (N.D. Ill. 2008).

8. Google objects to the assumption and assignment of the Unnamed Google Contract because Debtors failed to sufficiently identify such contract and, therefore, Google cannot determine the contract at issue and applicable cure amount. As a result, Google objects to the Debtors' proposed assumption and designation of any proposed cure amount for the Unnamed Google Contract until its identity is adequately disclosed and Google has a reasonable opportunity to determine the correct cure amount.

9. Debtors failure to identify the Unnamed Google Contract constitutes a violation of Google's due process rights to receive sufficient prior notice and opportunity to object to the proposed assumption and cure amount of the Unnamed Google Contract and any other executory contracts to which it is a party that are not included in the Initial Notice, Supplemental Notice, or Second Supplemental Notice.

10. After the filing of this Objection, Google will follow-up with the Debtors to try to determine the identity of the Unnamed Google Contract and the respective cure amount.

**RESERVATION OF RIGHTS**

11. Google expressly reserves the right to amend, modify and/or supplement this Objection, including without limitation all rights to further object to the proposed assumption and assignment of the Unnamed Google Contract, based upon the Debtors further disclosures and supplemental assumption/cure notices, the parties further discussions and exchange of information, and in reply to any responses to this Objection.

22294251v.2

**WHEREFORE**, for the reasons set forth above, Google respectfully requests that the Court sustain this objection and deny the assumption and assignment of the Unnamed Google Contract for the reasons stated above.

Respectfully submitted,

By: *[signature]*

Dated: February 11, 2019

New York, NY

James C. Vandermark, Esq.
WHITE AND WILLIAMS LLP
7 Times Square, Suite 2900
New York, New York 10036
(212) 244-9500
vandermarkj@whiteandwilliams.com

*Attorneys for Google LLC*

-5-

22294251v.2