Matthew G. Summers, Esquire*
Laurel D. Roglen, Esquire
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4428
Facsimile: (410) 361-8930
E-mail: summersm@ballardspahr.com
         roglenl@ballardspahr,com
(*Admitted *Pro Hac Vice*)

*Attorneys for Willis Towers Watson PLC, Willis Towers Watson US LLC, Towers Watson Investment Services, Inc., and affiliates*

Obj. Deadline: February 11, 2019 at 4:00 p.m. ET

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :       Chapter 11
                                                               :
SEARS HOLDINGS CORPORATION, *et al.*,                          :       Case No. 18-23538 (RDD)
                                                               :
                                                               :       (Jointly Administered)
                  Debtors.                                     :
---------------------------------------------------------------x

**SECOND SUPPLEMENTAL OBJECTION OF WILLIS TOWERS WATSON PLC,
WILLIS TOWERS WATSON US LLC, TOWERS WATSON INVESTMENT SERVICES,
INC., AND THEIR AFFILIATES TO DEBTORS' SECOND SUPPLEMENTAL NOTICE
OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN
CONNECTION WITH GLOBAL SALE TRANSACTION**

Willis Towers Watson PLC, Willis Towers Watson US LLC, Towers Watson Investment Services, Inc. and their affiliates (collectively, "WTW"), by and through their undersigned counsel, hereby submit this second Supplemental Objection (the "Second Supplemental Objection") to the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* [D.I. 2314] (the "Second Supplemental Cure Notice"). In support of the Second Supplemental Objection, WTW states the following:

**I.     BACKGROUND FACTS**

1. Sears Holding Corporation, and its affiliated co-debtors (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code on October 15, 2018 (the "Petition Date"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[1]

2. Prior to the Petition Date, certain of the Debtors and WTW entered into approximately fifteen (15) agreements (the "Agreements"), pursuant to which WTW provided various consulting services to the Debtors regarding their pension and 401(k) plans. The services provided by WTW fall into two primary categories: investment related services and retirement related services.

3. Payments for the investment related services historically have not been paid by the Debtors, but rather, by the investment trusts themselves. For example, pursuant to two fiduciary services agreements dated December 11, 2017, WTW agreed to provide delegated investment management services for the qualified trusts in exchange for a $50,000 monthly fee paid by the pension plan and a $33,333.33 monthly fee paid from the 401(k) plan.

4. The retirement related services, on the other hand, include, among other things actuarial consulting on cost reduction strategies relating to the Debtors' pension plan, administration of the pension plan, actuarial valuation work on the pension plans, work on the annual funding notice, and participant lump sum window work. Certain of the retirement related

---

[1] All statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") unless otherwise specified in this Motion.

2

services appear to be payable by the Debtors directly, while other retirement services historically were paid for by the trusts.

5. The Debtors filed and served the *Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* [Docket No. 1731] (the "Initial Cure Notice") on the evening of January 18, 2019. The Initial Cure Notice reflects twenty (20) Agreements with WTW with proposed cure amounts of $0, but lacked sufficient detail to allow WTW to determine which of the Agreements the Debtors' propose to assume and assign. Moreover, the Initial Cure Notice listed many amendments and statements of work, rather than Agreements.

6. On January 25, 2019, WTW filed an objection to the Initial Cure Notice describing the amounts owed and outstanding to WTW, reserving its rights to raise any additional contracts or cure amounts, and expressing its willingness to engage in a fulsome contract and cure reconciliation process with the Debtors (the "Cure Objection") [D.I. 1868]. The facts and arguments contained in the Cure Objection are hereby incorporated into this Supplemental Objection as if fully set forth herein

7. On January 23, 2019, the Debtors filed and served a supplemental cure notice [D.I. 1774] (the "First Supplemental Cure Notice"), which identified an additional Agreement with WTW. On January 31, 2019, WTW filed the *Supplemental Objection of Willis Towers Watson PLC, Willis Towers Watson US LLC, Towers Watson Investment Services, Inc., and Their Affiliates to Debtors' Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* [D.I. 2269] (the "First Supplemental Cure Objection") to again reserve its rights

with respect to any additional contracts or cure amounts identified by the Debtors and restating its willingness to engage in a cure reconciliation process with the Debtors.

8. On January 31, 2019, the Debtors filed the Second Supplemental Cure Notice.

9. The Second Supplemental Cure Notice reflects seven (7) additional Agreements with WTW with a proposed cure amount of $0, but again lacked sufficient detail to allow WTW to determine which of Agreement the Debtors' propose to assume and assign pursuant to the Second Supplemental Cure Notice. The Second Supplemental Cure Notice contained the following information with respect to the Agreements:

| No. | Debtor Counterparty | Counterparty Name | Contract Title | Contract Executed Date | Contract Expiration Date | Contract Number | Cure Amount |
|---|---|---|---|---|---|---|---|
| 393 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | WTW PBGC Administration Support SOW 2018 08 | | | CW2341003 | $--- |
| 394 | Sears Holdings Management Corporation | Towers Watson Delaware Inc. | WTW Full Benefit Restrictions Plan 1 and Plan 2 SOW 2018 07 | | | CW2341005 | $--- |
| 395 | Sears Holdings Corporation | Towers Watson Delaware Inc. | SOW B-2019 | | | CW2341267 | $--- |
| 396 | Sears Holdings Corporation | Towers Watson Delaware Inc. | WTW Finance and Investment Committee Support SOW C | | | CW2341269 | $--- |
| 397 | Sears Holdings Corporation | Towers Watson Delaware Inc. | WTW Elimination of KMART Supplemental Death Benefit SOW 10 | | | CW2341265 | $--- |

4

| 398 | Sears Holdings Corporation | Towers Watson Delaware Inc. | WTW Plan Year Annual Funding Notice and Notice of Intent to Terminate | | | CW2341271 | $--- |
|---|---|---|---|---|---|---|---|
| 399 | Sears Holdings Corporation | Towers Watson Delaware Inc. | WTW Missing Participants Phase 2 SOW 2018 09 | | | CW2341263 | $--- |

10. As described in more detail in the Cure Objection, the proposed cure amount set forth in the Second Supplemental Cure Notice also does not reflect all outstanding balances due and owing to WTW. WTW hereby files this Second Supplemental Objection in order to preserve its rights under the Agreements, and will work with the Debtors to determine which Agreements are proposed to be assumed and to reconcile the appropriate cure amounts for such Agreements.

## II. RESERVATION OF RIGHTS

11. WTW continues to review its records to identify relevant Agreements and related cure amounts, and reserves its rights to modify or amend this Second Supplemental Objection to include additional Agreements and related cures.

## III. CONCLUSION

WTW requests that the Court (i) allow the cure amounts (subject to adjustment by WTW) in the amounts set forth herein and in the Cure Objection, (ii) order payment of all undisputed cure amounts, with an escrow established that is sufficient to pay any remaining disputed cure amounts, when resolved by the parties or this Court, and (iii) grant such further relief as the Court deems proper.

| | |
|---|---|
| Dated: February 11, 2019<br>New York, New York | Respectfully submitted,<br><br>*/s/ Matthew G. Summers*<br>Matthew G. Summers, Esquire*<br>Laurel D. Roglen, Esquire<br>Ballard Spahr LLP<br>919 North Market Street, 11th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4428<br>Facsimile: (410) 361-8930<br>E-mail: summersm@ballardspahr.com<br>            roglenl@ballardspahr.com<br>(*Admitted *Pro Hac Vice*)<br><br>*Attorneys for Willis Towers Watson PLC, Willis Towers Watson US LLC, Towers Watson Investment Services, Inc., and affiliates* |