## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: <br><br> SEARS HOLDINGS CORPORATION, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-23538 (RDD) <br> (Jointly Administered) <br><br> **Re: Docket No. 2314** <br><br> **Obj. Deadline:  February 11, 2019 at 4:00 p.m. (ET)** |

### TATA CONSULTANCY SERVICES LIMITED'S OBJECTION TO DEBTORS' SECOND SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION

Tata Consultancy Services Limited ("Tata"), by and through its undersigned counsel, hereby objects (the "Cure Objection") to the proposed cure amounts for Tata's executory contracts listed in the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

"Supplemental Cure Notice").[2]  In support of this Cure Objection, Tata respectfully states as follows:

## PRELIMINARY STATEMENT

1.      According to the Supplemental Cure Notice, Sears Holdings Corporation and various affiliates (the "Debtors") may seek to assume and assign the executory contracts with Tata to Transform Holdco, LLC (the "Buyer").  Tata has already filed an objection (the "First Cure Objection") to the proposed cure amounts listed in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the "First Cure Notice").  As stated in the First Cure Objection, Tata maintains that the amount required to cure all monetary defaults (the "Tata Cure Amount") under the Tata contracts is $6,834,718.74.  The Tata Cure Amount does not include amounts that will become due in the ordinary course of business.  If the Tata contracts are assumed, the Buyer must be responsible for satisfying these obligations.

## OBJECTION

2.      On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.  Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      Prior to the Petition Date, on January 9, 2012, Tata America International Corporation and Sears Holding Management Corporation ("SHMC") entered into a Master

---

[2]    Docket No. 2314.

Outsourced Services Agreement ("MOSA").[3]  Tata provides services to SHMC under various statements of work (the "SOWs") issued pursuant to and governed by the MOSA.

4.      On August 10, 2016, Tata and SHMC entered into the ignio™ License Agreement (the "License Agreement," together with the MOSA and all SOWs, the "Tata Contracts")[4] pursuant to which Tata licenses proprietary software to SHMC.  The License Agreement and the services provided under the License Agreement are separate and apart from the MOSA and any SOWs issued pursuant to the MOSA.

5.      On January 18, 2019, the Debtors filed the First Cure Notice which listed $6,759,945 as being due under the MOSA.  On January 25, 2019, Tata filed the First Cure Objection and asserted that $6,834,718.74 was due and owing under the Tata Contracts.

6.      On January 31, 2019, the Debtors filed the Supplemental Cure Notice which lists $0.00 as being due Tata under the "Amendment #4 to the Master Outsourced Services Agreement," which is an amendment to the MOSA.

7.      As stated in the First Cure Objection, the total amount due under the MOSA is $6,634,497.61 and the total amount due Tata under the Tata Contracts is $6,834,718.74.

8.      Prior to assumption of the Tata Contracts, if any, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Tata Contracts and compensate Tata for any actual pecuniary loss.  The proposed cure amounts are incorrect.  Tata asserts that the correct cure amount under the Tata Contracts is $6,834,718.74.

9.      Tata reserves the right to amend and/or supplement this Cure Objection, including, without limitation, to include additional amounts that arise or become known to Tata prior to

---

[3]    Tata America International Corporation assigned the MOSA and the SOWs issued pursuant to the MOSA to Tata.
[4]    The Tata Contracts contain confidential information and they are not attached to this Cure Objection.  They will be provided upon written request to Tata's counsel and execution of a confidentiality agreement.

assumption, to add or supplement objections to the proposed cure amounts, and to raise any additional objections to the assumption of the Tata Contracts.

**WHEREFORE**, Tata respectfully requests that the Court require the Debtors or the Buyer to pay Tata the Tata Cure Amount as a condition to assumption of the Tata Contracts, and grant Tata such other and further relief as the Court deems just and proper.

Dated: New York, New York
        February 11, 2019

**KELLEY DRYE & WARREN LLP**

By: /s/ *James S. Carr*
    James S. Carr
    Maeghan J. McLoughlin
    101 Park Avenue
    New York, New York 10178
    Telephone: (212) 808-7800
    Facsimile:  (212) 808-7897
    Email: jcarr@kelleydrye.com
          mmcloughlin@kelleydrye.com

*Attorneys for Tata Consultancy Services Limited*

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served via electronic mail and/or first class mail, postage pre-paid on this 11th day of January, 2019 upon the parties listed below and electronically via ECF notification upon all parties requesting service via ECF notification:

Sears Holdings Management Corporation
Attn: Rob Riecker (rob.riechker@searshc.com)
Attn: Luke Valentino (luke.valentino@searshc.com)
Attn: Mohsin Meghji (mmeghji@miiipartners.com)
Attn: General Counsel (counsel@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (jacqueline.marcus@weil.com)
Attn: Garret A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Lazard Fréres & Co., LLC
Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana.Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

Bank of America, N.A.
c/o Berkeley Research Group, LLC
2200 Powell Street, Suite 1200
Emeryville, CA 94608

Wells Fargo Bank, National Association
c/o Choate, Hall & Stewart LLP
Attn: Kevin J. Simard (ksimard@choate.com)
Attn: Jonathan D. Marshall (jmarshall@choate.com)
Two International Place
Boston, MA 02110

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin (pdublin@akingump.com)
Attn: Ira S. Dizengoff (idizengoff@akingump.com)
Attn: Abid Qureshi (aqureshi@akingump.com)
Attn: Sara L. Brauner (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani (kunal@eslinvest.com)
Attn: Harold Talisman (harold@eslinvest.com)
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin (caustin@cgsh.com)
Attn: Benet J. O'Reilly (boreilly@cgsh.com)
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Office of the United States Trustee
Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

*/s/ Maeghan J. McLoughlin*
Maeghan J. McLoughlin