GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212.813.8800
F: 212.355.3333
Gregory W. Fox
Barry Z. Bazian
*Counsel to Waste Management
National Services, Inc. and its affiliates*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SEARS HOLDINGS CORPORATION,** *et al.*,<br><br>**Debtors.** | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**SUPPLEMENTAL OBJECTION OF WASTE MANAGEMENT NATIONAL
SERVICES, INC. AND ITS AFFILIATES TO SECOND SUPPLEMENTAL
NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Waste Management National Services, Inc. (together with its affiliates, "WM"), hereby files this supplemental objection (the "Supplemental Objection") to the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 2314] (the "Second Supplemental Cure Notice"). In support of this Supplemental Objection, WM states as follows:

**BACKGROUND**

1. Beginning on October 15, 2018 (the "Petition Date") and continuing thereafter, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      On January 18, 2019, the Debtors filed a notice, which, among other things, announced that the Debtors determined that the offer submitted by Transform Holdco, LLC (together with any of its affiliates, the "Buyer"), established by ESL Investments, Inc., was the highest or best offer to acquire substantially all of the Debtors' assets.

3.      On January 24, 2019, WM filed the *Objection of Waste Management National Services and its Affiliates to Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1783] (the "WM Objection").[1]

4.      In the WM Objection, WM objects to, among other things, the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Initial Cure Notice"), which the Debtors filed on January 18, 2019. As more fully set forth in the WM Objection, WM objects to the Initial Cure Notice because (a) the Initial Cure Notice incorrectly identifies the contracts between the Debtors and WM; and (b) the proposed cure amounts set forth in the Initial Cure Notice are incorrect.

5.      On January 31, 2019, the Debtors filed the Second Supplemental Cure Notice. Exhibit A to the Second Supplemental Cure Notice identifies a "Vendor Agreement – Services Agreement" with WM and a proposed cure amount of "$ - " (the "Proposed Cure Amount"). *See* Second Supplemental Cure Notice, Exhibit A, Line No. 421. As described below, the Proposed Cure Amount is incorrect.

6.      On February 8, 2019, the Court entered an order (the "Sale Order") approving the sale of substantially all of the Debtors' assets to the Buyer. *See* Docket No. 2507.

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the WM Objection.

## ADDITIONAL BACKGROUND AND SUPPLEMENTAL OBJECTION

7.      WM hereby incorporates herein the statements and objections set forth in the WM Objection as if fully set forth herein.[2]

8.      As more fully described in the WM Objection, WM provides services to the Debtors[3] pursuant to that certain Amended and Restated Waste Hauling and Recycling Master Services Agreement dated as of June 19, 2015 but effective as of February 1, 2015 (as amended from time to time, the "MSA").  Pursuant to the MSA, WM provides recurring monthly waste management services to the Debtors.  These services include the collection, transportation, disposal, and/or processing of waste and recyclable materials, provision of containers and other necessary equipment (certain of which are the property of WM), and certain ancillary, temporary and non-recurring services (collectively, the "Hauling Services").

9.      After the Petition Date, the Debtors and WM entered into an agreement dated as of November 14, 2018 relating to the provision of Hauling Services.  Such post-petition agreement is defined in the WM Objection as the "Post-petition Agreement".  Upon information and belief, the "Vendor Agreement – Services Agreement" identified in the Second Supplemental Cure Notice is the same agreement as the "Post-petition Agreement" referenced in the WM Objection.[4]  As described in the WM Objection, pursuant to the Post-petition Agreement, the Debtors agreed, among other things, to the amount of WM's pre-petition claim at

---

[2]    As set forth in paragraph 26(a) of the Sale Order, WM's objection with regard to the Services Agreement (as defined in the Sale Order) is reserved, and to the extent the parties are unable to reach an agreement resolving WM's objection, WM will request an expedited hearing.

[3]    The following Debtors are parties to the MSA:  Sears, Roebuck and Co., Kmart Corporation, Sears Roebuck de Puerto Rico, Inc., Sears Logistics Services, Inc. (which is a name used by Innovel Solutions, Inc.), Sears Home Improvement Products, Inc.  A non-Debtor entity, Sears Hometown and Outlet Stores, Inc., is also a party to the MSA.

[4]    As the terms of the MSA and the Post-petition Agreement are confidential, copies are not attached hereto.

3

ACTIVE/98459386.2

that time, subject to potential future reduction pursuant to the terms of the Post-petition Agreement.

10. As of the date of the WM Objection, the total amount owing to WM to cure all monetary defaults under the MSA is $2,463,804.38, subject to potential future reduction pursuant to the terms of the Post-petition Agreement (the "Actual Cure Amount").[5] All documentation supporting the Actual Cure Amount is attached to the Post-petition Agreement, a copy of which the Debtors possess.

11. WM objects to the Second Supplemental Cure Notice for two reasons. First, to the extent the Debtors are seeking to assume and/or assign the Post-petition Agreement separately from the MSA, the Debtors should not be permitted to do so. The Post-petition Agreement is structured as a supplement to the MSA and is not independently operative. Thus, if the Debtors seek to assume and/or assign the Post-petition Agreement, the Debtors must also assume and/or assign the MSA.

12. Accordingly, and second, if the Debtors wish to assume and/or assign the Post-petition Agreement (together with the MSA), the Debtors must pay the Actual Cure Amount at the time of any such assumption.

## RESERVATION OF RIGHTS

13. WM expressly reserves the right to amend, supplement, and/or modify this Supplemental Objection and to file in the future additional appropriate pleadings.

*[Remainder of page intentionally left blank]*

---

[5] If the Actual Cure Amount is reduced at the time of the assumption and assignment of the MSA, WM will provide the Debtors and the Buyer the updated Actual Cure Amount at that time.

4

ACTIVE/98459386.2

WHEREFORE, WM respectfully requests that this Court enter an Order: (1) deeming any proposed assumption and/or assignment of the Post-petition Agreement to also be an assumption and/or assignment of the MSA; (2) conditioning any such assumption and/or assignment upon the Debtors' or the Buyer's payment of the Actual Cure Amount at the time of assumption; and (3) granting to WM such other and further relief as is just and appropriate.

Dated:  New York, New York
        February 11, 2019

>*/s/ Gregory W. Fox*
>GOODWIN PROCTER LLP
>The New York Times Building
>620 Eighth Avenue
>New York, New York 10018
>T: 212.813.8800
>F: 212.355.3333
>Gregory W. Fox
>Barry Z. Bazian
>gfox@goodwinlaw.com
>bbazian@goodwinlaw.com
>*Counsel to Waste Management*
>*National Services, Inc. and its affiliates*