Christopher R. Belmonte
Abigail Snow
Pamela Bosswick
SATTERLEE STEPHENS LLP
230 Park Ave., 11th Floor
New York, New York 10169
(212) 818-9200

*Attorneys for International Business Machines Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**INTERNATIONAL BUSINESS MACHINES CORPORATION'S OBJECTION
AND RESERVATION OF RIGHTS TO SECOND SUPPLEMENTAL NOTICE OF
CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

International Business Machines Corporation, on its own behalf and on behalf of its subsidiaries and affiliates (collectively "**IBM**"), by and through its attorneys, hereby files this objection and reservation of rights (the **"Second Objection"**) with respect to the Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [ECF No. 2314] (the **"Second Supplemental Cure Notice"**) and, in support thereof, states as follows:

## BACKGROUND

1.  Prior to the Petition Date, certain of the Debtors and IBM entered into a Master Services Agreement dated September 28, 2012, and contemporaneous and subsequent statements of work and transaction documents related thereto, including but not limited to customer and software maintenance agreements, and an International Passport Advantage Agreement, pursuant

1

to which IBM provided services to the Debtors, including mainframe outsourcing contracts and related services. IBM has continued to provide services to the Debtors post-petition.

2. On January 18, 2019, the Debtors filed their Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [ECF No. 1731] (the **"Initial Cure Notice"**), which listed nine contracts with IBM, including one contract for which no title or other identification is provided, which are subject to potential assumption and assignment, and proposed a cure amount of $1,558,585 for just one of those contracts.

3. On January 23, 2019, the Debtors filed their Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [ECF No. 1774] (the **"First Supplemental Cure Notice"**), identifying two contracts with IBM, both of which were identified previously in the Initial Cure Notice, and providing no cure amount for these "additional" agreements.

4. On January 25, 2019, IBM filed its Objection to Cure Amounts for Contracts Identified for Potential Assumption and Assignment [ECF No. 1917] (the **"Initial Objection"**), whereby IBM objected to the cure amounts, as well as the failure to adequately identify the listed contracts between IBM and the Debtors in the Initial and First Supplemental Cure Notices. More specifically, by its Initial Objection, IBM objected, among other things, to (i) the Debtors' failure to properly identify the entirety of the relevant agreements between IBM and the Debtors (the **"IBM Contracts"**), which, based on IBM's discussions and negotiations with the Debtors, it believed the Debtors intended to assume and assign, (ii) the lack of specific cure amounts for each of the individual contracts actually identified, and (iii) the $1,558,585 cure amount ascribed

to only one agreement given that the cure amount for the combined IBM Contracts totaled $1,599,720.85 at the time of the filing of the Initial Objection.[1]

5.  On January 31, 2019, the Debtors filed their Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [ECF No. 2314] (the **"Second Supplemental Cure Notice"**). Exhibit A to the Second Supplemental Cure Notice purports to set forth eight additional contracts, not identified in the prior cure notice, each with proposed cure amounts of zero.

|     | Title | Expiration Date | Contract No. | Cure Amount |
|-----|-------|-----------------|--------------|-------------|
| 178 | AMENDED AND RESTATED SEARS HOLDINGS AND IBM CUSTOMER AGREEMENT | N/A | N/A | – |
| 179 | TRANSACTION DOCUMENT FOR CLOUD SERVICES | N/A | N/A | – |
| 180 | MASTER AGREEMENT FOR SERVICES | 12/15/2005 | N/A | – |
| 181 | MODIFIED INTERNATIONAL PASSPORT ADVANTAGE AGREEMENT | N/A | N/A | – |
| 182 | IBM MODIFIED INTERNATIONAL PASSPORT ADVANTAGE AGREEMENT AMENDED AND RESTATED AMENDMENT #1 FOR SOFTWARE AS A SERVICE ("SASS") | N/A | N/A | – |
| 183 | AMENDMENT #4 TO IBM CUSTOMER AGREEMENT ATTACHMENT FOR IBM SYSTEM Z WORKLOAD LICENSE CHARGES | ONGOING | N/A | – |
| 184 | ATTACHMENT FOR IBM SYSTEM Z WORKLOAD LICENSE CHARGES | 10/31/2007 | N/A | – |
| 185 | AMENDMENT NO.1 TO THE SSSO OPTION | 9/30/2019 | N/A | – |

---

[1] As noted in the Initial Objection, invoices are in process and will continue to be rendered in the ordinary course for services being provided post-petition. Accordingly, IBM reserved and continues to reserve its right to amend the cure amounts for each of the IBM Contracts, including any additional identified contracts between the parties and the cure amounts for those agreements.

6.     Since the filing of the cure notices, IBM has undertaken the process of attempting to identify the totality of the relevant IBM Contracts, as well as determining the cure amounts associated with those contracts.  The contract descriptions contained in the Second Supplemental Notice are, in some cases, inadequate for IBM to ensure that it is evaluating the same agreements that the Debtors seek to assume and assign.  At this juncture, it appears that certain IBM Contracts are not on any of the cure notices and that others contained on the Second Supplemental Cure Notice may have expired according to their terms.  IBM will continue to work with the Debtors to confirm the identification of the relevant IBM Contracts.[2]

7.     On February 1, 2019, the Debtors filed their Notice of Filing of Initial Assigned Agreements in Connection with Global Sale Transaction (ECF No. 2349), containing a list of "Potential Transferred Agreements" to be assigned to the Buyer or assumed by the Debtors and assigned to the Buyer on the "Closing Date." On February 3, 2019 the Debtors filed their Notice of Filing of Revised List of Initial Assigned Agreements in Connection with Global Sale Transaction (ECF No. 2377), and on February 7, 2019 the Debtors filed their Notice of Filing of Further Revised List of Initial Assigned Agreements in Connection with Global Sale Transaction (ECF No. 2452).

8.     No hearing has been held with respect to the Initial Cure Notice, the First Supplemental Cure Notice, or the Initial Objection, and the resolution of the same has been adjourned without date (See, Notice of Amended Agenda, dated Feb. 5, 2019, ECF No. 2428, Adjourned Responses).

---

[2] As set forth in the Initial Objection, IBM and the Debtors participated in negotiations to amend certain agreements, including a Software and Services Special Offer ("SSSO") Offering, dated June 30, 2015,  but the latter subsequently opted to defer execution of all new contracts until after the global sale transaction is approved by this Court. While Amendment No. 1 to the SSSO Option is listed on the Second Supplemental Cure Notice, the base or underlying SSSO agreement itself is not specifically listed in any of the cure notices.

## OBJECTION

9. IBM incorporates by reference herein its arguments made in the Initial Objection and reserves the same rights set forth therein in connection with its Second Objection. While IBM does not necessarily object to the proposed assumption and assignment, IBM objects to the unclear identification of the requisite IBM Contracts and to the cure amounts (or lack thereof) set forth in the Second Supplemental Cure Notice.

10. Before assuming and assigning the IBM Contracts, the Debtors must cure or provide adequate assurance that they will promptly cure any default thereunder. 11 U.S.C. §365(b)(1). The proposed cure amount of zero dollars for the additional contracts listed in the Second Supplemental Cure Notice does not cure the defaults under those agreements, and, even when combined with the proposed cure amount set forth in the Initial Cure Notice, remains insufficient to cure such monetary defaults. IBM reserves the right to be heard further regarding the cure amount after the contracts the Debtors seek to assume and assign are identified with sufficient to clarity to allow IBM to determine the correct cure amount.

11. In addition, before assuming and assigning any executory contract, the Debtor must provide adequate assurance of future performance under such contract or lease. 11 U.S.C. §365(b)(1). In this regard, the Second Supplemental Cure Notice provides that "Adequate Assurance Information for the Buyer will be distributed to the applicable Counterparties." Second Supplemental Notice, ¶10. To date, IBM has not received any adequate assurance information regarding Transform Holdco, LLC, the Buyer, and, as a result, IBM cannot evaluate the Buyer's financial wherewithal or creditworthiness and/or its willingness/ability to perform under the IBM Contracts. Accordingly, IBM objects to adequate assurance of future performance at this time on the basis of lack of information, and reserves its right to object to such adequate

assurance within the time provided in the Global Bidding Procedures Order (ECF No. 816), which provides that objections to Adequate Assurance Information shall be provided eight (8) days after service of such information. (Global Bidding Procedures Order, ¶¶ 21, 38)

## **RESERVATION OF RIGHTS**

12.     In light of the lack of information regarding the IBM Contracts and the failure to provide the requisite adequate assurance information, IBM expressly reserves its right to amend, modify, and/or supplement this Second Objection.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, IBM objects to the cure amounts proposed for the IBM Contracts in the Second Supplemental Notice, as well as to the lack of the adequate assurance information required for IBM to make an informed decision as to the Buyer, and respectfully requests that the assumption and assignment of those contracts be denied until such time as the parties thereto reach a resolution as to the appropriate cure amounts and IBM is provided with the requisite information, and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
February 11 2019

SATTERLEE STEPHENS LLP
*Counsel for International Business Machines Corporation*

By:  /s/ *Christopher R. Belmonte*
Christopher R. Belmonte
Abigail Snow
Pamela Bosswick
230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200
cbelmonte@ssbb.com
asnow@ssbb.com
pbosswick@ssbb.com

# CERTIFICATION OF SERVICE

I hereby certify that on January 25, 2019, I caused a true and correct copy of the foregoing *International Business Machine Corporation's Objection and Reservation of Rights to Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* to be served on the Objection Recipients, as identified in the *Order Approving Global Bidding Procedures and Granting Related Relief* (ECF No. 816) and set forth on the attached service list, to the email addresses set forth for each person on in the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) or on the Master Service List as of 1/24/2018, obtained from website maintained for the Debtors' bankruptcy cases by Prime Clerk.

Dated: February 11, 2019
  New York, New York

  */s/ Christopher R. Belmonte*
  Christopher R. Belmonte

3146866_2

## SERVICE LIST

A. The Bid Notice Parties:

  i. The Debtors
     Rob Riecker (rob.riecker@searshc.com)
     Luke Valentino (luke.valentino@searshc.com)
     Mohsin Meghji (mmeghji@miiipartners.com));

  ii. Counsel to the Debtors, Weil, Gotshal & Manges LLP
     Ray C. Schrock, P.C. (ray.schrock@weil.com)
     Jacqueline Marcus, Esq. (jacqueline.marcus@weil.com)
     Garrett A. Fail, Esq. (garrett.fail@weil.com)
     Sunny Singh, Esq. (sunny.singh@weil.com));

  iii. The Debtors' Investment Banker, Lazard Frères & Co
     Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com));

B. The Consultation Parties:

  i. Counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP; and Berkeley Research Group, LLC;
     Paul Leake, Esq. (Paul.Leake@skadden.com)
     Shana Elberg, Esq. (Shana.Elberg@skadden.com)
     George R. Howard, Esq. (George.Howard@skadden.com)

  ii. Counsel to Wells Fargo Bank, National Association, Choate, Hall & Stewart LLP
     Kevin J. Simard, Esq. (ksimard@choate.com)
     Jonathan D. Marshall, Esq. (jmarshall@choate.com)

  iii. Counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP
     Ira S. Dizengoff, Esq. (idizengoff@akingump.com)
     Philip C. Dublin, Esq. (pdublin@akingump.com)
     Abid Qureshi, Esq. (aqureshi@akingump.com)
     Sara L. Brauner, Esq. (sbrauner@akingump.com)

C. Counsel to the Successful Bidder, Cleary Gottlieb Steen & Hamilton LLP
   Sean A. O'Neal, Esq. (soneal@cgsh.com)
   Benet J. O'Reilly, Esq. (boreilly@cgsh.com)
   Christopher E. Austin, Esq. (caustin@cgsh.com)
   James L. Bromley, Esq. (jbromley@cgsh.com)
   Andrew Weaver, Esq. (aweaver@cgsh.com)
   Rahul Mukhi, Esq. (rmukhi@cgsh.com)
   Jennifer Kennedy Park, Esq. (jkpark@cgsh.com)

3146866_2