**DUANE MORRIS LLP**
Lawrence J. Kotler (LK-8177)
1540 Broadway, 14th Floor
New York, NY 10036-4086
(212) 692-1000 (Telephone)
(212) 692-1020 (Facsimile)

*Counsel for Riskonnect, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 18-23538<br>(Jointly Administered) |

**SUPPLEMENTAL OBJECTION OF RISKONNECT, INC. TO DEBTORS'
NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Riskonnect, Inc. ("Riskonnect"), by and through its undersigned counsel, hereby files this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179. The Debtors also include SHC Licensed Business LLC (3718), filed as Case No. 18-23616 and SHC Promotions LLC (9626), filed as Case No. 18-23630 (the "Additional Debtors"). The Additional Debtors each filed a motion in their respective chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

supplemental objection (the "Supplemental Objection") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "First Assumption Notice") filed by the above-captioned Debtors (collectively, the "Debtors"). In support thereof, Riskonnect respectfully states as follows:

## STATEMENT OF OBJECTION

1. This is a Supplemental Objection to Rickonnect's prior *Limited Objection and Reservation of Rights of Riskonnect, Inc. to Debtors' Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (ECF No. 1959) (the "Objection")[2], previously filed with the Court on or about January 25, 2019.

2. For the reasons set forth in the Objection (which are incorporated herein by reference), and as supplemented herein, Riskonnect objects to the First Assumption Notice and to the entry of any Order approving the assumption or assignment of the agreements between the Debtors and Riskonnect without payment of the Correct Cure Amount (as defined herein) due and owing under the agreements.

3. As averred in the Objection, on January 18, 2019, the Debtors filed the First Assumption Notice, which lists a number of purported executory contracts and leases that the Debtors claim are subject to possible assumption and assignment to the Purchaser in connection with the sale.

4. Pursuant to the terms of the First Assumption Notice, any objection to the proposed assumption, assignment or cure cost of any contract or lease identified therein was

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Objection.

required to be filed by no later than January 26, 2019 (the "Cure Objection Deadline").

5. On January 25, 2019, Riskonnect filed the Objection.

6. In the Objection, Riskonnect objected to the Debtors' designation of the potential cure amounts for certain agreements between the Debtors and Riskonnect (collectively, the "Agreements") as the Debtors listed these cure amounts at $0.00 (the "Proposed Cure Amount").

7. At the time it filed the Objection, Riskonnect was aware that the Proposed Cure Amount was incorrect and the actual cure amounts due and owing under the Agreements were substantially more than the Proposed Cure Amount.

8. As such, Riskonnect proceeded to determine the proper cure amounts due and owing with respect to the Agreements; however, given the abbreviated time afforded to it by the Debtors, Riskonnect was unable to accurately quantify the correct "Cure Amount" prior to the Cure Objection Deadline and, as such, filed the Objection to preserve its rights with respect to the Proposed Cure Amount.

9. After having adequate time to fully review the Agreements and amounts due and owing thereunder, Riskonnect asserts that the correct cure amount for the Agreements is $69,499.22 (the "Correct Cure Amount").

10. Accordingly, Riskonnect objects to the First Assumption Notice and to the entry of any Order approving the assumption or assignment of the Agreements between Debtors and Riskonnect without payment of the Correct Cure Amount due and owing under the Agreements.

11. Riskonnect reserves all rights, including, without limitation, the right to further supplement or amend this Supplemental Objection, supplement the Correct Cure Amount with additional cure costs and fees allowable under the Agreements and applicable law, and raise

3

further objections to the assumption or assignment of the Agreements.

**WHEREFORE,** Riskonnect, Inc. respectfully requests that this Court deny the assumption of the Agreements, as described herein, without the payment of the Correct Cure Amount plus such other and further relief as the Court deems just and proper.

Dated: February 11, 2019

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Lawrence J. Kotler*
Lawrence J. Kotler (LK-8177)
1540 Broadway, 14th Floor
New York, NY 10036-4086
(212) 692-1000 (Telephone)
(212) 692-1020 (Facsimile)

*Counsel for Riskonnect, Inc.*