UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                                  :         Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,      :         Case No. 18-23538 (RDD)
:
Debtors.[1]                                                  :         (Jointly Administered)
:
------------------------------------------------------------x

# AMENDED ORDER AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

Upon the motion, dated October 31, 2018 (ECF No. 396) (the "**OCP Motion**"),[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 327, 328 and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (i) authorizing the Debtors to establish certain procedures for the Debtors to retain and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

compensate those professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Commencement Date, without (a) the submission of separate retention applications, or (b) the issuance of separate retention orders for each individual Ordinary Course Professional, and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications, as more fully set forth in the OCP Motion; and the Court having entered the *Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Commencement Date* on November 16, 2018, (ECF No. 794) (the "**Original OCP Order**"); and upon the *Debtors' Motion to Amend Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Commencement Date*, dated January 25, 2019, (ECF No. 1978) (the "**Motion to Amend**"), seeking to amend the Original OCP Order to permit the Debtors to retain additional Ordinary Course Professionals pursuant to the existing procedures, subject to the Tier 3 Caps, comprising a Tier 3 Monthly Cap of $150,000 per month for compensation and reimbursement and a Tier 3 Annual Cap of $1,500,000 for the first twelve (12) months following the Commencement Date, as more fully set forth in the Motion to Amend; and the Court having jurisdiction to decide and consider the OCP Motion and the Motion to Amend and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the OCP Motion and the Motion to Amend and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the OCP Motion and the Motion to Amend and the opportunity for a hearing thereon having been provided in accordance with the *Amended Order Implementing Certain Notice and Case*

*Management Procedures*, entered on November 1, 2018 (ECF No. 405); such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and no objection having been filed and the Debtors having submitted a certificate of no objection; and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the OCP Motion and the Motion to Amend establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Amend is granted to the extent set forth herein.

2. The Debtors are authorized to employ the Ordinary Course Professionals listed on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** hereto in the ordinary course of their business in accordance with the following procedures (the "**Procedures**"), *nunc pro tunc* to the Commencement Date:

    (i) Within thirty (30) days after the later of (a) the entry of this Order and (b) the date on which the Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide the following to the Debtors' attorneys: (1) an affidavit (the "**OCP Affidavit**"), substantially in the form annexed hereto as **Exhibit 4** certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed and (2) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto as **Exhibit 5**.

    (ii) Upon receipt of an OCP Affidavit, the Debtors shall file the same with the Court and serve a copy on (a) the United States Trustee for Region 2 (the "**U.S. Trustee**"), (b) counsel for the DIP Agents, and (c) the attorneys for the Creditors' Committee (collectively, the "**Reviewing Parties**").

(iii) If a party wishes to object to the retention of an Ordinary Course Professional, such party shall, within seven (7) days after the filing of the applicable OCP Affidavit (the "**Retention Objection Deadline**"), file with the Court and serve on (a) the attorneys for the Debtors and (b) the relevant Ordinary Course Professional (or its counsel if known) (together, the "**Objection Recipients**") a written objection stating, with specificity, the legal and/or factual bases for such objection. If no objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients before the Retention Objection Deadline, the retention and employment of such professional shall be deemed approved without further order of the Court.

(iv) If a timely objection to the retention of an Ordinary Course Professional is filed with the Court and served on the Objection Recipients, and such objection cannot be resolved within fourteen (14) days after the Retention Objection Deadline, the matter shall be scheduled for adjudication by the Court at the next available hearing.

(v) No Ordinary Course Professional shall be paid any amount for invoiced fees and expenses until the Ordinary Course Professional has been retained in accordance with these Procedures.

(vi) The Debtors shall be authorized to retain an Ordinary Course Professional and to compensate such Ordinary Course Professional, without formal application to the Court, 100% of the fees and 100% of the expenses incurred upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); <u>provided</u>, however, the following limitations shall apply to the payment of fees and reimbursement of expenses:

- For each Ordinary Course Professional set forth on **Exhibit 1** annexed hereto, total compensation and reimbursements shall not exceed $75,000 per month (the "**Tier 1 Monthly Cap**") and $750,000 for the first twelve (12) months following the Commencement Date (the "**Tier 1 Annual Cap**");

- For each Ordinary Course Professional set forth on **Exhibit 2** annexed hereto, total compensation and reimbursements shall not exceed $25,000 per month (the "**Tier 2 Monthly Cap**") and $250,000 for the first

4

twelve (12) months following the Commencement Date (the "**Tier 2 Annual Cap**");

- For each Ordinary Course Professional set forth on **Exhibit 3** annexed hereto, total compensation and reimbursements shall not exceed $150,000 per month (the "**Tier 3 Monthly Cap**," and together with the Tier 1 Monthly Cap and the Tier 2 Monthly Cap, the "**OCP Monthly Caps**") and $1,500,000 for the first twelve (12) months following the Commencement Date (the "**Tier 3 Annual Cap**," and together with the Tier 1 Annual Cap and the Tier 2 Annual Cap, the "**OCP Annual Caps**"); and

- To the extent an Ordinary Course Professional's total compensation and reimbursements are less than the OCP Monthly Cap, the amount by which such compensation and reimbursements are below the OCP Monthly Cap shall be carried over to successive periods, subject at all times to the applicable OCP Annual Cap (as defined herein).

The OCP Annual Caps may be increased by mutual agreement between the Debtors, counsel to the Creditors' Committee, and the U.S. Trustee; provided that the Debtors shall file a notice with the Court of any such agreed increase.

(vii)  In the event that an Ordinary Course Professional's fees and expenses exceed the applicable OCP Monthly Cap for any month during these chapter 11 cases, (a) the Debtors may pay the Ordinary Course Professional's fees and expenses owed for such month up to the applicable OCP Monthly Cap; and (b) the Ordinary Course Professional shall file with the Court a fee application, to be heard on notice, on account of the fees and expenses in excess of the applicable OCP Monthly Cap and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, and all orders of the Court.

(viii) Payment to any one Ordinary Course Professional shall not exceed the applicable OCP Annual Cap, subject to further order of the Court. In the event that an Ordinary Course Professional's fees and expenses exceed the applicable OCP Annual Cap, such Ordinary Course Professional shall be required to file a separate

5

<dl>

(ix)  Within thirty (30) days after the end of each quarterly period, the Debtors shall file a statement with the Court and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief granted herein.  The statement shall include for each Ordinary Course Professional (a) the name of such Ordinary Course Professional, and (b) for each quarterly period, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such professional.

(x)  If the Debtors seek to retain an Ordinary Course Professional not already listed on **Exhibit 1**, **Exhibit 2,** and **Exhibit 3** hereto, the Debtors shall file with the Court and serve on the Reviewing Parties a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (the "**OCP List Supplement**"), along with the attendant OCP Affidavits and Retention Questionnaires; *provided, however*, that to the extent the Debtors seek to retain additional Ordinary Course Professionals subject to the Tier 3 Monthly Cap and the Tier 3 Annual Cap, the Debtors shall consult with the U.S. Trustee, the DIP Agents, and the Creditors' Committee, in advance of filing an OCP List Supplement.

(xi)  If a party wishes to object to the retention of an Ordinary Course Professional listed on an OCP List Supplement, such party shall, within seven (7) days after the filing of the applicable OCP List Supplement, file with the Court and serve on the Objection Recipients a written objection stating, with specificity, the legal and/or factual bases for such objection. If no timely objection to the retention of an Ordinary Course Professional listed on an OCP List Supplement is filed with the Court and served on the Objection Recipients, the retention and employment of such professional shall be deemed approved without further order of the Court. Any Ordinary Course Professional retained pursuant to an OCP List Supplement will be paid in accordance with the terms and conditions set forth in these Procedures.

</dl>

retention application to be retained as a professional pursuant to section 327 of the Bankruptcy Code.

3.  Entry of this Order and approval of the Procedures does not affect the Debtors' ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtors reserve all of their rights with respect thereto.

6

    4.  The forms of OCP Affidavit and Retention Questionnaire are approved.

    5.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

    6.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

    7.  This Order shall not constitute an amendment or modification of the Debtors' debtor in possession financing agreements, the terms of which shall govern in the event of any conflict between such terms and this Order

Dated: February 12, 2019
   White Plains, New York

              /s/Robert D. Drain
              THE HONORABLE ROBERT D. DRAIN
              UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1**

**Tier 1 Ordinary Course Professionals**

# **Exhibit 2**

## **Tier 2 Ordinary Course Professionals**

# Exhibit 3

**Tier 3 Ordinary Course Professionals**

# Exhibit 4

**Ordinary Course Professional Affidavit**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                              :
                                                   :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,          :
                                                   :          **Case No. 18-23538 (RDD)**
                                                   :
        Debtors.[1]                                :          **(Jointly Administered)**
------------------------------------------------------------x

**AFFIDAVIT AND DISCLOSURE STATEMENT OF _____,**

**ON BEHALF OF _____**

STATE OF _____    )
                     ) s.s.:
COUNTY OF _____ )

_____, being duly sworn, upon his oath, deposes and says as follows:

1.  I am a _____ of _____,

located at _____ (the "**Firm**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2. Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), have requested that the Firm provide _____ services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

3. The Services include, but are not limited to, the following: _____

_____.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, such person's attorneys, or such person's accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than principals and regular employees of the Firm.

6. Neither I nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest materially adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

2

7. As of the commencement of this chapter 11 case, the Debtors owed the Firm $_____ in respect of prepetition services rendered to the Debtors.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of this inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on _____, 2019, at _____.

_____
Affiant Name

SWORN TO AND SUBSCRIBED before
Me this \_\_\_ day of _____, 2019

_____
Notary Public

3

# Exhibit 5

## Retention Questionnaire

WEIL:\96870373\4\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                              :
                                                   :         **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,          :
                                                   :         **Case No. 18-23538 (RDD)**
                                                   :
        Debtors.[4]                                :         **(Jointly Administered)**
------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**").

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Name and address of professional:

    _____

    _____

    _____

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2. Date of retention: _____

3. Type of services to be provided:

   _____

   _____

4. Brief description of services to be provided:

   _____

   _____

   _____

5. Arrangements for compensation (hourly, contingent, etc.):

   _____

   (a)   Average hourly rate (if applicable): _____

   (b)   Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

   _____

2

6.     Prepetition claims against the Debtors held by the company:

       Amount of claim:  $_____

       Date claim arose:  _____

       Nature of claim:  _____

7.     Prepetition claims against the Debtors held individually by any member, associate, or employee of the company:

       Name: _____

       Status: _____

       Amount of claim:  $_____

       Date claim arose: _____

       Nature of claim: _____

       _____

       _____

       _____

8.     Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the professional is to be employed:

       _____

       _____

       _____

       _____

9.     Name and title of individual completing this form:

       _____

Dated: _____, 2019

3