**Presentment Date and Time:  February 20, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline:  February 19, 2019 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objection Filed):  March 21, 2019 at 10:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                               :

**In re**                          :           **Chapter 11**
                                 :

**SEARS HOLDINGS CORPORATION, *et al.*,**    :        **Case No. 18-23538 (RDD)**
                                 :

           **Debtors.[1]**             :        **(Jointly Administered)**
                                 :
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT,
AND ORDER TO ASSUME AND ASSIGN UNEXPIRED NONRESIDENTIAL
REAL PROPERTY LEASE (655 SUNLAND PARK DRIVE, EL PASO, TEXAS)**

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") will present the attached Stipulation, Agreement, and Order (the "**Stipulation, Agreement, and Order**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **February 20, 2019 at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation, Agreement, and Order with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain so as to be received by **February 19, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing and the Stipulation, Agreement, and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served, a hearing (the "**Hearing**") will be held to consider the Stipulation, Agreement, and Order on **March 21, 2019 at 10:00 a.m. (Eastern Time)** before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601.

WEIL:\96878313\7\73217.0004

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: February 12, 2019
New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| Debtors.[1] | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER TO
### ASSUME AND ASSIGN UNEXPIRED NONRESIDENTIAL REAL
### PROPERTY LEASE (655 SUNLAND PARK DRIVE, EL PASO, TEXAS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement, and Order**") is entered into by and among Kmart Corporation ("**Kmart**"), as debtor and debtor-in-possession in the above captioned chapter 11 cases, KRG Sunland, LP ("**Landlord**"), and At Home Stores, LLC ("**At Home**").  Kmart, Landlord, and At Home are collectively referred to in this Stipulation, Agreement, and Order as the "**Parties**" and each as a "**Party**."   The Parties hereby stipulate and agree and follows:

## RECITALS

A.    Hunt Building Corporation ("**Hunt**"), and Builders Square, Inc. ("**Builders Square**") entered into a lease agreement for certain nonresidential real property dated March 30, 1994 (together with any amendments, modifications, renewals and guaranties, the "**Lease**"), whereby Hunt leased to Builders Square a certain parcel of land located at 655 Sunland Park Drive, El Paso, Texas (the "**Leased Premises**").

B.    The Landlord is the successor in interest to Hunt.  Kmart, as successor in interest to Builders Square, is the lessee under the Lease.  Kmart refers to the Leased Premises as "Store 9325."

C.    In October 2017, Kmart announced it was closing the store operating at the Leased Premises.  The Leased Premises have been vacant for more than one year and since such time Kmart has continued to pay fixed annual rent in the amount of $850,739 payable in equal monthly installments of $70,894.62.  By its terms, the Lease expires on February 29, 2020.

D.    Beginning on October 15, 2018 and continuing thereafter, Kmart and its debtor affiliates (collectively, the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The

2

Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

E.      Kmart will assume and assign the Lease to At Home, pursuant to that certain Assignment of Lease attached hereto as **Exhibit A** (the "**Assignment Agreement**"), in exchange for the Debtors' receipt of certain negotiated consideration including, without limitation, payment in the amount of one hundred thousand dollars ($100,000).

F.      Pursuant to the Assignment Agreement, Kmart shall assign all of its rights, title and interests under the Lease to At Home (the "**Assignment**"), in exchange for At Home assuming and agreeing to perform all of Kmart's liabilities, obligations, and responsibilities under the Lease, in accordance with the terms and conditions set forth in the Assignment Agreement.

G.      Inasmuch as the Debtors have ceased operating at the Leased Premises and are currently paying rent for such property, the Lease is an unnecessary expense and of no value to the Debtors and their estates.   Thus, the Debtors in an exercise of sound business judgement, believe that the Assignment to At Home, as provided for under this Stipulation, Agreement, and Order, is in the best interests of the Debtors, their estates, and their creditors.

H.      In connection with the foregoing matter, the Parties have agreed, subject to approval by the Bankruptcy Court, to the terms set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

WEIL:\96878313\7\73217.0004

## **AGREEMENT**

1.      This Stipulation, Agreement, and Order shall have no force or effect unless and until the date it is approved by the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, At Home shall cause Kmart to receive one hundred thousand dollars ($100,000) in cash pursuant to wiring instructions provided by the Debtors.

3.      Upon the Effective Date, Kmart is authorized to assume and assign the Lease to At Home pursuant to sections 365(a) and 365(f) of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York.

4.      As of the Effective Date, the Lease, including all of Kmart's rights, title, interests, powers, privileges, benefits, and obligations in and to the Lease, shall be deemed assigned to At Home, its successors and assigns, pursuant to the Assignment Agreement, and the Lease shall remain in full force and effect for the benefit of At Home.  At Home shall assume and agree to perform all of the liabilities, obligations, and responsibilities of Kmart under the Lease.  For the avoidance of doubt, the assumption and assignment of the Lease shall not be considered a novation.  Rather, the assumption and assignment shall be considered for all purposes a strict assignment of the Lease.

5.      As of the Effective Date, Kmart shall not be required to cure any defaults under the Lease pursuant to section 365(b)(1) of the Bankruptcy Code, provide any adequate protection of future performance by At Home pursuant to section 365(f)(2) of the Bankruptcy Code, or satisfy any liabilities under the Lease after the Effective Date pursuant to section 365(k) of the Bankruptcy Code.

WEIL:\96878313\7\73217.0004

6.      Upon the Effective Date, other than the right to implementation and effectuation of the Assignment or as otherwise provided for under the Assignment Agreement, Kmart or any other Debtor, the affiliates controlled by the Debtors, or their respective successors or assigns (collectively, the "**Debtor Parties**") shall have no obligations to Landlord, At Home, and their respective affiliates, successors and assigns, and their respective past, present and future members, officers, directors, shareholders, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "**Assignee Parties**") with respect to the Lease.  As of the Effective Date, the Assignee Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff and recoupment, debt, liens, losses, demands, damages, costs and causes of action of whatever nature arising out of or relating to the Lease against any of the Debtor Parties, other than as set forth in the Assignment Agreement (the "**Assignee Released Claims**"), and shall be barred from asserting any and all Assignee Released Claims whatsoever, whether known or unknown, whether accrued or unaccrued, matured or unmatured, liquidated or unliquidated, certain or contingent, asserted or not asserted, and whether found in fact or law or in equity, in existence as of the Effective Date.

7.      Upon the Effective Date, other than the right to implementation and effectuation of the Assignment or as otherwise provided for under the Assignment Agreement, the Assignee Parties shall have no obligations to the Debtor Parties with respect to the Lease.  As of the Effective Date, the Debtor Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff and recoupment, debt, liens, losses, demands, damages, costs and causes of action of whatever nature arising out of or relating to the Lease, other than as set forth in the Assignment Agreement (the

"**Debtors' Released Claims**," and together with the Assignee Released Claims, the "**Released**

**Claims**") against any of the Assignee Parties, and shall be barred from asserting any and all

Debtors' Released Claims whatsoever, whether known or unknown, whether accrued or

unaccrued, matured or unmatured, liquidated or unliquidated, certain or contingent, asserted or

not asserted, and whether found in fact or law or in equity, in existence as of the Effective Date.

8.      All rights under Section 1542 of the California Civil Code, or any

analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any

of the claims, injuries, or damages described in the releases in Paragraphs 5, 6 and 7.  Section

1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS WHICH THE CREDITOR DOES NOT
> KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE
> RELEASE, WHICH IF KNOWN BY HIM OR HER
> MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR."**

9.      Upon the Effective Date, nothing contained in the Lease or herein shall

limit At Home's use of the Leased Premises.  Moreover, upon the Effective Date, nothing

contained in the Lease or subsequent agreements executed after the Lease shall limit or prevent

At Home from using the Leased Premises.

10.     Upon the Effective Date, At Home shall accept the Leased Premises in

"as-is," "where-is," and "with all faults" condition.  Kmart has not made any express or implied,

verbal or written, representations, warranties or statements to At Home, with respect to any

matter whatsoever, except as expressly set forth in the Assignment Agreement.

11.     Subject to compliance with the terms of this Stipulation, Agreement, and

Order, as of the Effective Date, the Parties are authorized and directed to complete and deliver

WEIL:\96878313\7\73217.0004

the Assignment Agreement, all other instruments and documents, and take all other actions as may be necessary or appropriate to execute, implement, consummate and effectuate the Assignment.

12.    Each person who executes this Stipulation, Agreement, and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation, Agreement, and Order on behalf of such Party.

13.    This Stipulation, Agreement, and Order contains the entire agreement among the Parties and supersedes all prior discussions, agreements, and undertakings between the Parties relating to the subject matter hereof.

14.    This Stipulation, Agreement, and Order shall be filed and become part of the record in the Debtors' chapter 11 cases.

15.    This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

16.    This Stipulation, Agreement, and Order shall not be modified, altered, amended or vacated without the written consent of all parties hereto or by further order of the Bankruptcy Court.

17.    Notwithstanding the applicability of Bankruptcy Rule 6006(d), the terms and provisions of this Stipulation, Agreement, and Order shall be immediately effective and enforceable upon the Effective Date.

18.    This Stipulation, Agreement, and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the

7

Bankruptcy Code applies, without regard to principles of conflicts of law that would require the

application of laws of another jurisdiction.   The Bankruptcy Court shall retain jurisdiction to

resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.


Dated: February 12, 2019                         Dated: February 12, 2019

/s/ Jacqueline Marcus                            /s/ Vickie Driver
Jacqueline Marcus                                Vickie Driver
WEIL GOTSHAL & MANGES LLP                        HUSCH BLACKWELL LLP
767 Fifth Avenue                                 1900 N. Pearl Street, Suite 1800
New York, New York 10153                         Dallas, Texas 75201
(212) 310-8000                                   (214) 999-6100

*Attorneys for Debtors and*                      *Attorneys for At Home Stores LLC*
*Debtors in Possession*


Dated: February 12, 2019

/s/ Mark A. Bogdanowicz
Mark A. Bogdanowicz
HOWARD & HOWARD ATTORNEYS PLLC
211 Fulton Street, Suite 600
Peoria, IL 61602
(309) 999-6320

*Attorneys for KRG Sunland, LP*



SO ORDERED this ___ day of February 2019


_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

8

**Exhibit A**

**Assignment Agreement**

WEIL:\96878313\7\73217.0004

## ASSIGNMENT AND ASSUMPTION OF LEASE

THIS ASSIGNMENT AND ASSUMPTION OF LEASE (this "**Assignment**") is made as of February___, 2019, by and between KMART CORPORATION, a Michigan corporation ("**Assignor**"), and AT HOME STORES LLC, a Delaware limited liability company ("**Assignee**").

## RECITALS:

A.      Hunt Building Corporation, a Texas corporation ("**Hunt**"), and Builders Square, Inc., a Delaware corporation ("**Builders Square**") entered into that certain lease dated March 30, 1994 (the "**Original Lease**"), as amended by that certain Amendment to Lease dated September 24, 1996 (the "**First Amendment**") (the Original Lease as amended from time to time, including by this First Amendment, is hereinafter referred to as the "**Existing Lease**") whereby Hunt leased to Builders Square a certain parcel of land ("**Land**"), all buildings and improvement existing on said Land, building fixtures, and, to the extent available, building machinery and building equipment thereto (collectively, the "**Improvements**"), and all easements, rights and appurtenances thereto (collectively with the Land and the Improvements, the "**Leased Property**").

B.      KRG SUNLAND, LP, an Indiana limited partnership, is the current "**Landlord**" of the Leased Property and is the successor-in-interest to Hunt.

C.      Assignor is the current "Tenant" of the Leased Property and is the successor-in-interest to Builders Square.

D.      Assignor desires to assign all of its right, title and interest under the Existing Lease to Assignee, and Assignee desires to assume and perform Assignor's obligations under the Existing Lease after the Assignment Effective Date, subject to the terms and conditions set forth below.

E.      Assignor, Assignee and Landlord entered into that certain Stipulation, Agreement and Order to Assign and Assume Unexpired Nonresidential Property Lease for the premises known as 655 Sunland Park Drive, El Paso, TX, and identified by Assignor as Store #9325(the "**Stipulation**") (capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation).

F.      The Existing Lease and this Assignment are collectively referred to herein as the "**Lease**."

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.      **Assignment and Assumption**.  Effective as of the date the Court so-orders the Stipulation (the "**Assignment Effective Date**"), Assignor hereby assigns, transfers, conveys, and delivers to Assignee all of Assignor's estate, rights, title and interests as tenant of the leasehold estate described under the Existing Lease, and Assignee hereby accepts the assignment, transfer, conveyance, and delivery of Assignor's estate, rights, title and interest in, to and under such leasehold estate.

2.      **As Is, Where Is**.  EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS ASSIGNMENT, THE LEASED PROPERTY IS BEING ASSIGNED TO ASSIGNEE, AND ASSIGNEE AGREES TO ACCEPT THE LEASED PROPERTY, IN "AS-IS," "WHERE-IS" AND "WITH ALL FAULTS" CONDITION ON THE ASSIGNMENT EFFECTIVE DATE. ASSIGNOR HAS NOT MADE ANY VERBAL OR WRITTEN REPRESENTATIONS, WARRANTIES OR STATEMENTS OF ANY NATURE OR KIND WHATSOEVER TO ASSIGNEE, WHETHER EXPRESS OR IMPLIED, WITH RESPECT TO ANY MATTER WHATSOEVER, EXCEPT AS EXPRESSLY SET FORTH HEREIN.

3.      **Brokerage Indemnities**.  Assignor and Assignee acknowledge that Excess Space Retail Services, Inc. (the "**Broker**") has been retained by Assignor in connection with the Leased Property and the Lease, and Assignor hereby agrees that Assignor shall pay to the Broker the total brokerage commission due and payable to the Broker.  Except as described in the preceding sentence, Assignor and Assignee hereby represent and warrant, each to the other, that they have not disclosed the Lease or the subject matter hereof to, and have not otherwise dealt with, any broker, finder or any other person, firm, corporation or other legal entity so as to create any legal right or claim of whatsoever kind or nature for a commission or similar fee or compensation with respect to the Leased Property or this Assignment.  Assignor and Assignee hereby indemnify each other against, and agree to defend and hold each other harmless from, any liability or claim (and all expenses, including attorneys' fees, incurred in defending any such claim or in enforcing this indemnity) for a real estate brokerage commission or similar fee or compensation arising out of or in any way connected with any claimed dealings with the indemnitor and relating to the Leased Property or this Assignment.  The provisions of this Section shall survive the expiration or sooner termination of the Lease.

4.      **Memorandum of Assignment**.  Promptly following the parties' execution of this Assignment, Assignor and Assignee will execute and record a memorandum of this Assignment in substantially the form attached hereto as **Exhibit A**.

5.      **No Modifications**.  Except as expressly set forth in this Assignment, the Lease is not modified, and remains in full force and effect, in accordance with its terms.

6.      **Authority**.  Each party represents and warrants to the other that it has full power and lawful authority to enter into and perform its obligations under this Assignment, that the person or persons signing on its behalf has been duly authorized to do so, and that the execution, delivery and performance by such party will not be in violation of any material agreement or restriction by which such party is bound or affected.

7.      **Conflict** .The assumption and assignment of the Existing Lease (including Assignor's rights, title, interests and obligations thereunder), made hereunder are made in accordance with and subject to the Stipulation, which is incorporated herein by reference. In the event of a conflict between the terms and conditions of this Assignment and the terms and conditions of the Stipulation, the terms and conditions of the Stipulation shall govern, supersede, and prevail. Notwithstanding anything to the contrary in this Assignment, nothing herein is intended to, nor shall it, extend, amplify, or otherwise alter the representations, warranties, covenants, and obligations of the parties contained in the Stipulation or the survival thereof.

8.      **Further Assurances**. Each of the parties, without additional consideration, shall execute and deliver all such further documents and do such other things as the other party may reasonably request to give full effect to this Assignment, including, without limitation, any other form of assignment agreement required in order to record this Assignment in the appropriate public records of the county in which the Leased Property is located.

9.      **Counterparts**.  This Assignment may be executed in any number of counterparts. All counterparts so executed shall constitute one contract, binding on all parties, even though all parties are not signatory to the same counterpart.

[signatures follow]

EXECUTED as of the date first above written.

**ASSIGNOR:**

KMART CORPORATION,
a Michigan corporation,


By:      _____
Name: _____
Title:    _____



**ASSIGNEE:**

**AT HOME STORES LLC**,
a Delaware limited liability company


By:      _____
Name: _____
Title:    _____

**EXHIBIT A**

**FORM**

**RECORDING MEMORANDUM**

WHEN RECORDED RETURN TO:
At Homes Stores LLC
1600 East Plano Parkway
Plano, Texas 75074
Attention: VP of Real Estate

## MEMORANDUM OF ASSIGNMENT OF LEASE

THIS MEMORANDUM OF ASSIGNMENT OF LEASE (this "**Memorandum**") is made as of the ___ day of _____, 201___, by AT HOME STORES LLC, a Delaware limited liability company ("**Assignee**"), and KMART CORPORATION, a Michigan corporation ("**Assignor**").

Hunt Building Corporation, a Texas corporation ("**Hunt**"), and Builders Square, Inc., a Delaware corporation ("**Builders Square**") entered into that certain lease dated March 30, 1994 (the "**Original Lease**"), as amended by that certain Amendment to Lease dated September 24, 1996 (the "**First Amendment**") (the Original Lease as amended by the First Amendment is hereinafter referred to as the "**Existing Lease**") whereby Hunt leased to Builders Square a certain parcel of land ("**Land**"), buildings and improvement existing on said Land, building fixtures, and to the extent available, building machinery and building equipment thereto (collectively, the "**Improvements**"), and all easements, rights and appurtenances thereto (collectively with the Land and the Improvements, the "**Leased Property**").   The Existing Lease is evidenced by a memorandum (the "**Lease Memorandum**") dated May 6, 1994, and recorded in the real property records of El Paso County, Texas.

KRG SUNLAND, LP, an Indiana limited partnership, is the current "Landlord" of the Leased Property and is the successor-in-interest to Hunt.  Assignor is the current "Tenant" of the Leased Property and is the successor-in-interest to Builders Square.

Pursuant to that certain Assignment and Assumption of Lease dated as of the date hereof (the "**Assignment**"; the Existing Lease and the Assignment are collectively the "**Lease**"), by and between Assignor and Assignee, Assignee succeeded to the interest of Assignor under the Existing Lease.

Assignee and Assignor desire to enter into this Memorandum to be recorded in the real property records of El Paso County, Texas to place third parties on notice of the Assignment. Capitalized terms used in this Memorandum will have the same meanings as is given to such terms in the Lease.

1.      The address of Assignee as forth in the Lease is:

AT HOME STORES LLC
1600 East Plano Parkway
Plano, Texas  75074
Attention:  Vice President of Real Estate
RE: Store No. 255, El Paso, TX

AT HOME STORES LLC
1600 East Plano Parkway
Plano, Texas  75074
Attention:  General Counsel
RE: Store No. 255, El Paso, TX

2.      The Leased Property which is leased to Assignee pursuant to the Lease is described in **Exhibit A** attached hereto.

3.      The term of the Lease as between Lessor and Assignee continues until February 29, 2020, with ten (10) options to renew for a period of five (5) years each.

4.      This Memorandum is not intended to modify or amend any of the provisions of the Lease. If any of the provisions of this Memorandum are inconsistent with any of the provisions of the Lease, the provisions of the Lease shall be controlling.

[Signature Page Follows]

IN WITNESS WHEREOF, Assignee and Assignor have entered into this Memorandum to be effective as of the date first set forth above.

**Assignee**:

**AT HOME STORES LLC**,
a Delaware limited liability company

By: _____
Print Name:_____
Print Title:_____

STATE OF TEXAS                    §
                                  §
COUNTY OF COLLIN                  §

This instrument was acknowledged before me on the _____ day of _____, 201__, by _____, _____ of At Home Stores LLC, a Delaware limited liability company, on behalf of said limited liability company.

_____
Notary Public, State of Texas

IN WITNESS WHEREOF, Assignee and Assignor have entered into this Memorandum to be effective as of the date first set forth above.

**Assignor**:

KMART CORPORATION,
a Michigan corporation,


By: _____

Print Name:_____

Print Title:_____


STATE OF ILLINOIS                    §
                                     §
COUNTY OF COOK                       §

This instrument was acknowledged before me on the _____ day of _____, 201__,                    by                    _____, _____ of KMART CORPORATION, a Michigan corporation, on behalf of said limited liability company.


_____

Notary Public, State of Illinois

## EXHIBIT A

## Legal Description of the Leased Property

Being a portion of Lot 1, Block 6, Coronado Del Sol Unit Two, City of El Paso, El Paso County, Texas and being more particularly described by metes and bounds as follows:

COMMENCING FOR REFERENCE at the City Monument at the centerline intersection of Bluff Ridge Drive and Bluff Springs Drive;

THENCE, along the centerline of said Bluff Springs Drive, the following four courses:

South 80°24'17" East, a distance of 55.00 feet to the point of beginning of a curve to the left;

Along the arc of said curve (Delta Angle = 12°53'32", Radius = 442.54 feet, Chord = South 86°51'03" East, 99.37 feet) a distance of 99.58 feet to a point;

North 86°42'11" East, a distance of 329.97 feet to a point at the beginning of a curve to the left;

Along the arc of said curve (Delta Angle = 12°55'31", Radius = 164.39 feet, Chord = North 80°14'26" East, 37.01 feet) a distance of 37.08 feet to the POINT OF BEGINNING for the herein described tract;

THENCE, along the arc of a curve to the left (Delta Angle = 22°04'29", Radius = 164.39 feet, Chord = North 62°44'26" East, 62.94 feet) a distance of 63.34 feet to a point;

THENCE, North 51°42'11" East, a distance of 14.19 feet to a point;

THENCE, North 34°07'46" West, a distance of 544.40 feet to a point in the south line of Block 3, Coronado Del Sol Subdivision;

THENCE, along the south line of said Block 3, the following eight courses:

North 32°04'36" East, a distance of 98.55 feet to a point;

North 08°32'31" West, a distance of 140.65 feet to a point;

North 30°14'38" East, a distance of 67.68 feet to a point;

North 72°01'13" East, a distance of 215.81 feet to a point;

South 25°34'24" East, a distance of 179.42 feet to a point;

North 65°38'34" East, a distance of 225.74 feet to a point;

South 44°57'00" East, a distance of 63.64 feet to a point;

North 45°03'00" East, a distance of 128.02 feet to a point;

THENCE, leaving said south line of Block 3, South 45°00'00" East, a distance of 331.71 feet to a point;

THENCE, South 45°01'30" West, a distance of 286.76 feet to a point;

THENCE, South 21°06'14" West, a distance of 24.01 feet to a point;

THENCE, South 44°58'30" East, a distance of 62.62 feet to a point;

THENCE, South 45°01'30" West, a distance of 35.00 feet to a point;

THENCE, North 44°58'30" West, a distance of 19.00 feet to a point;

THENCE, South 45°01'30" West, a distance of 18.00 feet to a point at the beginning of a curve to the right;

THENCE, along the arc of said curve (Delta Angle = 89°59'32", Radius = 2.00 feet, Chord = North 89°54'44" West, 2.83 feet) a distance of 3.14 feet to a point;

THENCE, North 44°59'23" West, a distance of 7.51 feet to a point;

THENCE, South 45°00'37" West, a distance of 44.00 feet to a point;

THENCE, South 44°58'30" East, a distance of 95.00 feet to a point;

THENCE, South 45°01'30" West, a distance of 99.00 feet to a point;

THENCE, South 44°58'30" East, a distance of 241.18 feet to a point;

THENCE, South 45°01'30" West, a distance of 222.42 feet to a point at the beginning of a curve to the right;

THENCE, along the arc of said curve (Delta Angle = 44°58'30", Radius = 160.00 feet, Chord = South 67°30'45" West, 122.39 feet) a distance of 125.59 feet to a point;

THENCE, North 90°00'00" West, a distance of 118.02 feet to a point;

THENCE, North 44°58'30" West, a distance of 241.66 feet to a point;

THENCE, North 45°01'30" East, a distance of 32.00 feet to a point;

THENCE, North 44°58'30" West, a distance of 103.86 feet to the POINT OF BEGINNING and containing 618,178 square feet or 14.191 acres of land.