**Hearing Date and Time: March 21, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: March 14, 2019 at 4:00 p.m. (Eastern Time)**

HERRICK, FEINSTEIN, LLP
Two Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
Sean E. O'Donnell
Stephen B. Selbst
Steven B. Smith

*Proposed Special Conflicts Counsel to the Official Committee of
Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| **Debtors.**[1] | : | (Jointly Administered) |

## NOTICE OF HEARING ON APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* TO RETAIN AND EMPLOY HERRICK, FEINSTEIN LLP AS SPECIAL CONFLICTS COUNSEL, EFFECTIVE *NUNC PRO TUNC* TO JANUARY 2, 2019

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the *Application of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, Et Al., to Retain and Employ Herrick, Feinstein LLP as Special Conflicts Counsel, Effective Nunc Pro Tunc to January 2, 2019* (the "Application") will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Courtroom 116, 300 Quarropas Street, White Plains, New York 10601-4140, on **March 21, 2019 at 10:00 a.m. (prevailing Eastern Time)** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the relief requested in the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practice of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405] entered on November 1, 2018, so as to be filed and received no later than **March 14, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Application, the Creditors' Committee may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the

Application, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

　　　　**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the hearing, and failure to appear may result in relief being granted upon default.

　　　　　　　　　　　　　　　Respectfully submitted,

Dated: New York, New York　　　　　　HERRICK, FEINSTEIN LLP
　　　　February 12, 2019

　　　　　　　　　　　　　　　/s/ *Stephen B. Selbst*
　　　　　　　　　　　　　　　Sean E. O'Donnell
　　　　　　　　　　　　　　　Stephen B. Selbst
　　　　　　　　　　　　　　　Steven B. Smith
　　　　　　　　　　　　　　　Two Park Avenue
　　　　　　　　　　　　　　　New York, NY 10016
　　　　　　　　　　　　　　　Telephone: (212) 592-1400
　　　　　　　　　　　　　　　Facsimile: (212) 592-1500

　　　　　　　　　　　　　　　*Proposed Special Conflicts Counsel to the*
　　　　　　　　　　　　　　　*Official Committee of Unsecured Creditors of*
　　　　　　　　　　　　　　　*Sears Holdings Corporation, et al.*

**Hearing Date and Time: March 21, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Date and Time: March 14, 2019 at 4:00 p.m. (Eastern Time)**

HERRICK, FEINSTEIN, LLP
Two Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
Sean E. O'Donnell
Stephen B. Selbst
Steven B. Smith

*Proposed Special Conflicts Counsel to the Official Committee of*
*Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| **Debtors.**[1] | : | (Jointly Administered) |

# APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* TO RETAIN AND EMPLOY HERRICK, FEINSTEIN LLP AS SPECIAL CONFLICTS COUNSEL, *EFFECTIVE NUNC PRO TUNC* TO JANUARY 2, 2019

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") respectfully submits this application (the "Application"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Creditors' Committee to retain and employ Herrick, Feinstein LLP ("Herrick Feinstein") as its special conflicts counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases") and, in particular, the MTN Transactions described below, effective *nunc pro tunc* to January 2, 2019.  In support of this Application, the Creditors' Committee respectfully submits the Declaration of Stephen B. Selbst, a partner of Herrick Feinstein (the "Selbst Declaration"), and the Declaration of Ronald M. Tucker, not in his individual capacity but solely on behalf of Simon Property Group L.P., in its capacity as chair of the Creditors' Committee (the "Tucker Declaration" and, together with the Selbst Declaration, the "Declarations"), attached hereto as Exhibit B and Exhibit C, respectively.  In further support of this Application, the Creditors' Committee respectfully represents as follows.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule predicates for the relief requested herein are Bankruptcy Code sections 328(a) and 1103, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On October 15, 2018 (the "Petition Date") and continuing thereafter, each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.[2]

5.      The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

6.      On October 24, 2018, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Creditors' Committee pursuant to Bankruptcy Code section 1102 [ECF No. 276].[3] On December 10, 2018, the Bankruptcy Court entered an order authorizing the Creditors' Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as its counsel. On December 18, 2018, the Bankruptcy Court entered orders authorizing the Creditors' Committee to retain (i) FTI Consulting, Inc., to serve as its financial advisor, *nunc pro tunc* to October 25, 2018, and (ii) Houlihan Lokey Capital, Inc. ("Houlihan"), to provide investment banking services, *nunc pro tunc* to October 29, 2018.

---

[2] The Debtors in these Chapter 11 Cases that filed after the Petition Date, along with the last four digits of each Debtor's federal tax identification number are, as follows: (i) SHC Licensed Business LLC (3718); and (ii) SHC Promotions LLC (9626).

[3] The Creditors' Committee currently comprises: (i) Apex Tool Group, LLC; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A., as indenture trustee; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group L.P.; (vii) The Bank of New York Mellon Trust Company, N.A., as indenture trustee; and (viii) Winiadaewoo Electronics America, Inc.

## THE MTN TRANSACTIONS AND RESULTING INVESTIGATION[4]

7.      On November 20, 2018, following an auction (the "Auction"), the Debtors selected

Cyrus Capital Partners, L.P. ("Cyrus") as the winning bidder for the purchase of certain Medium

Term Notes Series B (the "MTNs") issued by Debtor Sears Roebuck Acceptance Corp. ("SRAC")

(the "MTN Transactions").    The documents governing the MTN Transactions included an

agreement by the Debtors to cause non-Debtor affiliate Sears Reinsurance Company Ltd. ("Sears

Re") to refrain from selling, transferring or assigning approximately $1.4 billion of the MTNs held

by Sears Re (the "Sears Re Lock-Up Agreement").

8.      Several CDS Participants, including Omega Advisors, Inc., and Och-Ziff Capital

Structure Arbitrage Master Fund, Ltd., objected to the sale of MTNs to Cyrus, arguing, among

other things, that the Auction was improper because of the Sears Re Lock-Up Agreement.  The

objecting CDS Participants claimed that they were led to believe that only $251 million of MTNs

held by the Debtors were available for sale at the Auction.  *See* Transcript of December 20, 2018

Hearing ("Dec. 20 Hr'g Tr.") 118:2-119:16.  At bottom, the objecting CDS Participants argued that

if they had known of the intent to lock-up or purchase the remaining MTNs owned by the Debtors

or Sears Re, they would have either bid higher for the $251 million of MTNs noticed for sale at

the Auction or sought to purchase the other MTNs owned by the Debtors or Sears Re.  *Id.*

According to these objecting CDS Participants, the Debtors had essentially left millions of dollars

on the table, to the detriment of the estate, including a $100 million "consortium bid" articulated

by Barclays Capital during the December 20 hearing.  *Id.* at 130:7-14.

---

[4] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Ex Parte Motion Of The Official Committee Of Unsecured Creditors For The Entry Of An Order Pursuant To Bankruptcy Code Sections 105 And 1103 And Federal Rules Of Bankruptcy Procedure 2004 and 9016 Authorizing The Examination Of The CDS Participants*, dated January 12, 2019 [ECF No. 1557] (the "2004 Motion").

4

9.    Having heard these arguments, the Court voiced concern about the lack of notice for the Sears Re Lock Up Agreement[5] and, accordingly, directed the Debtors to provide notice and an opportunity for the parties to object to the Sears Re Lock Up Agreement and submit new competing bids for some or all of the MTNs. *Id.* at 184:12-186:10.

10.    In so holding, the Court recognized that it was effectively reopening the Auction, *id.*, and the deadline to object and submit a competing bid was set for December 31, 2018. *Id.* at 189:23-24.

11.    During the span of only 11 days, however, the swell of interest in the MTNs completely dissipated. Despite the repeated representations by numerous CDS Participants of their desire to rebid for the MTNs, no competing bids were made. In fact, Cyrus was the only CDS Participant to make any submission to the Court, cryptically referring to "de-risk[ing]" transactions that took place between the December 20 and December 31. *See Response of Cyrus Capital Partners, L.P. to Debtors' Notice of Hearing For Approval of Sale Of Medium Term Intercompany Notes to Cyrus Capital Partners, L.P.* [ECF No. 1455] ¶ 28.

12.    The Creditors' Committee and the Court were left to wonder what happened to the millions of dollars of promised value.[6] The Debtors also expressed concern about the timing of Cyrus's "de-risk[ing]" transactions: "[I]t is troubling that [the transactions] occurred during a Court-sanctioned auction process . . . ." *Id.* at 7: 6-11.

---

[5] "I believe that there is a serious concern here that the sale, as a whole, since the Sears Re part of it is an integral part of it, was not authorized by the Court." *Id.* at 182:8-10

[6] Referring to the sudden and unexpected lack of interest in the MTNs, the Court stated during the hearing on January 2, 2019 (the "January 2 Hearing"): *It clearly struck me as odd, as well as the Debtors, that a financial institution* or it could be represented or be an agent for a consortium of other financial institutions, *withdrew a bid that they had proudly announced at the last hearing before the deadline to submit such a bid officially*, and that the objectors also including [Omega] would be interested in the MTNs. *See* Transcript of January 2, 2018 Hearing ("Jan. 2 Hr'g Tr.") 12:12-18 (emphasis added).

5

13.     Accordingly, and in keeping with its fiduciary duties, counsel for the Creditors' Committee noted the "robust reservation of rights" under the governing sale order and promised an investigation (the "MTN Investigation").  *Id.* at 8:23-9:6.  Due to certain potential conflict issues, the Creditors' Committee selected Herrick, Feinstein to serve as its special conflicts counsel, subject to Court approval, with respect to matters pertaining to the MTN Investigation.

## RELIEF REQUESTED

14.     By this Application, the Creditors' Committee seeks to retain and employ Herrick Feinstein as its special conflicts counsel, pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, effective *nunc pro tunc* to January 2, 2019.

## RETENTION OF HERRICK FEINSTEIN

15.     The Creditors' Committee respectfully submits that it is necessary and appropriate for it to retain and employ Herrick Feinstein as special conflicts counsel to, among other things:

(a)     Conduct the MTN Investigation to determine whether any party engaged in inappropriate conduct with respect to the MTN Transactions and potentially other related transactions;

(b)     ensure that all available claims and causes of action for the benefit of the estates and their unsecured creditors arising from and/or related to the MTN Transactions are investigated and, if necessary, pursued;

(c)     represent the Creditors' Committee at all hearings and other proceedings before this Court in respect of the MTN Investigation and the pursuit of all available claims and causes of action for the benefit of the estates and their unsecured creditors;

(d)     prepare, on behalf of the Creditors' Committee, any pleadings, including, without limitation, motions, memoranda, complaints, adversary complaints, objections or comments in connection with the MTN Transactions and any and all claims and causes of action arising therefrom or relating thereto; and

6

(e)    perform such other legal services as may be required or are otherwise deemed to be in the interests of the Creditors' Committee in accordance with the Creditors' Committee's powers and duties, as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

16.    In selecting counsel, the Creditors' Committee sought attorneys with considerable experience representing significant parties in interest in chapter 11 cases and, in particular, significant experience investigating, pursing and litigating claims and causes of action on behalf of unsecured creditors. The Creditors' Committee believes Herrick Feinstein possesses the requisite knowledge and expertise, and is well qualified, to conduct the MTN Investigation and pursue related claims and causes of action.

17.    The Creditors' Committee believes that the employment of Herrick Feinstein to provide the services described above and such other services as may be necessary for the Creditors' Committee to satisfy its obligations to the Debtors' unsecured creditor constituency is appropriate and in the best interests of the Debtors' estates and their creditors.

18.    The Creditors' Committee requests that all fees and related costs and expenses incurred by the Creditors' Committee on account of services rendered by Herrick Feinstein in the Chapter 11 Cases be paid as administrative expenses of the Debtors' estates pursuant to Bankruptcy Code sections 328, 330, 331, 503(b) and 507(a)(2). Subject to this Court's approval, Herrick Feinstein will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328, 330 and 331. Herrick Feinstein's hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. The current hourly rates charged by Herrick Feinstein for professionals and paraprofessionals employed in its offices are provided below:

7

| Billing Category | Range |
|---|---|
| Partners | $580-$1,150 |
| Counsel | $465-$1,160 |
| Associates | $360-$570 |
| Paraprofessionals | $300-$420 |

19.    Herrick Feinstein has advised the Creditors' Committee that it is Herrick Feinstein's policy to charge its clients in all areas of practice for expenses incurred in connection with its representation of a client.    The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research. Herrick Feinstein will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Creditors' Committee.

20.    The names, positions and 2019 hourly rates of the Herrick Feinstein attorneys currently expected to have primary responsibility for providing services to the Creditors' Committee are as follows:

| Attorney | Position / Department | Hourly Rate |
|---|---|---|
| Sean O' Donnell | Partner / Litigation | $985 |
| Stephen B. Selbst | Partner / Restructuring & Bankruptcy | $975 |
| David R. King | Partner / Litigation | $875 |
| Steven B. Smith | Counsel / Restructuring & Bankruptcy | $725 |
| Michelle M. Sekowski | Counsel / Litigation | $675 |

In addition to the lawyers named above, the Creditors' Committee understands that it will be necessary, during the course of these cases, for other Herrick Feinstein professionals in other legal disciplines to provide services to the Creditors' Committee.

21.     Herrick Feinstein has advised the Creditors' Committee that it will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, the General Order M-412 (Order Establishing Procedures for Monthly Compensation an Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), and the Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)) and any further orders of the Court for all professional services performed and expenses incurred.

22.     Herrick Feinstein has advised the Creditors' Committee that it also intends to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and in the interim fee applications and final fee applications to be filed by Herrick Feinstein in the Chapter 11 Cases.[7] To that end, Herrick Feinstein has advised the Creditors' Committee that it responds to the questions set forth in Section D of the Revised UST Guidelines as follows:

(a)     Herrick Feinstein did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement;

(b)     No rate for any of the professionals included in this engagement varies based on the geographic location of the Chapter 11 Cases;

---

[7] Herrick Feinstein's intention to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines in connection with the Application and the interim and final fee applications to be filed by Herrick Feinstein in the Debtors' Chapter 11 Cases is based exclusively on the facts and circumstances of the Chapter 11 Cases. Herrick Feinstein reserves the right to object to the requirements contained in the Revised UST Guidelines should it determine that it is appropriate to do so.

(c)     Herrick Feinstein did not represent any member of the Creditors' Committee in connection with the Chapter 11 Cases prior to its retention by the Creditors' Committee;

(d)     Herrick Feinstein expects to develop a budget and staffing plan to comply reasonably with the U.S. Trustee's request for information and additional disclosures, as to which Herrick Feinstein reserves all rights; and

(e)     The Creditors' Committee has approved Herrick Feinstein's proposed hourly billing rates. The Herrick Feinstein attorneys set forth above in paragraph 20 will be the primary attorneys staffed on the Chapter 11 Cases, subject to modification based on the facts and circumstances of the Chapter 11 Cases, the MTN Investigation and the needs of the Creditors' Committee.

23.     Upon information and belief, Herrick Feinstein does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which Herrick Feinstein is to be engaged, except to the extent set forth in the Selbst Declaration. Herrick Feinstein is, however, a large firm with a national practice and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties or other parties in interest in matters unrelated to these cases.

### *NUNC PRO TUNC* RELIEF

24.     The Creditors' Committee believes that the employment of Herrick Feinstein effective *nunc pro tunc* to January 2, 2019, the date the Creditors' Committee selected Herrick Feinstein as its proposed counsel, is warranted under the circumstances of the Chapter 11 Cases. Upon its selection, the Creditors' Committee requested Herrick Feinstein to commence work immediately on time-sensitive matters and devote substantial resources to these Chapter 11 Cases prior to the submission and approval of this Application. Thus, Herrick Feinstein has provided, and will continue to provide, valuable services to the Creditors' Committee.

25.     Courts in this jurisdiction routinely approve *nunc pro tunc* employment similar to that requested herein. *See, e.g.*, *In re Tops Holding II Corporation*, No. 18-22279 (RDD) (ECF

No. 352) (Bankr. S.D.N.Y. Mar. 22, 2018); *In re MPM Silicones, LLC*, No. 14-22503 (RDD) (ECF

No. 256) (Bankr. S.D.N.Y. Apr. 28, 2014); *In re Sbarro LLC*, No. 14-10557 (MG) (ECF No. 219)

(Bankr. S.D.N.Y. Apr. 7, 2014).  Accordingly, the Creditors' Committee respectfully requests that

the Court authorize employment of Herrick Feinstein effective *nunc pro tunc* to January 2, 2019.

## NO PRIOR REQUEST

26.    No prior request for the relief sought herein has been made to this Court or any

other court.

## NOTICE

27.    Notice of this Application will be provided in accordance with the procedures set

forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*

[ECF No. 405].  The Creditors' Committee respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, the Creditors' Committee respectfully requests that the Court (a) enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, authorizing the Creditors' Committee to retain and employ Herrick Feinstein as its special conflicts counsel effective *nunc pro tunc* to January 2, 2019, and (b) provide the Creditors' Committee with such other and further relief as the Court may deem just, proper and equitable.

Dated: February 12, 2019
      New York, New York

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.***

By: _____

Name:  Ronald M. Tucker, not in his individual capacity but solely on behalf of Simon Property Group L.P.

Chair of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, *et al.*

# EXHIBIT A

**Proposed Order**

HF 12622572v.2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
**In re**                                    :    Chapter 11
                                             :
**SEARS HOLDINGS CORPORATION, *et al.*,**    :    Case No. 18-23538 (RDD)
                                             :
                                **Debtors.**[1] :    (Jointly Administered)
---------------------------------------------------------------

### ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 1103 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016 AUTHORIZING THE EXAMINATION OF CDS PARTICIPANTS

Upon the *Ex-Parte Motion of the Official Committee Of Unsecured Creditors For The Entry Of An Order Pursuant To Bankruptcy Code Sections 105 and 1103 And Federal Rules Of Bankruptcy Procedure 2004 And 9016 Authorizing The Examination Of The CDS Participants* dated January 12, 2019 [Dkt. No. 1557] (the "Motion");[2] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized but undefined terms used herein shall have the meaning ascribed to them in the Motion.

2

it appearing that the venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and, after due deliberation, the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other further notice is necessary; and good and sufficient cause appearing therefor, it is hereby ORDERED that:

1.       The Motion is granted as set forth herein.

2.       The Creditors' Committee is authorized, pursuant to Bankruptcy Rule 9016, to issue subpoenas to OCO and to Och-Ziff for the production of any and all documents and communications concerning, (i) the auction, the MTNs or SRAC CDS, (ii) the de-risking and/or offsetting transactions entered into by the CDS Participants, and (iii) the Barclays Consortium offer.

3.       The Creditors' Committee is authorized, pursuant to Bankruptcy Rule 2004, to conduct an oral examination of a representative from each of the CDS Participants and other third parties regarding the Rule 2004 Topics.

4.       The Creditors' Committee is authorized, pursuant to Bankruptcy Rule 9016, to issue subpoenas for the production of documents relevant to the Rule 2004 Topics and attendance for the foregoing examinations (each, a "Rule 2004 Subpoena").

5.       The CDS Participants are directed to produce documents, communications and other materials responsive to the requests regarding the Rule 2004 Topics.  The CDS Participants shall respond to such document requests no later than thirty (30) days after service.

3

6.     The production and examination required hereby are subject to all applicable privileges; *provided* that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, the recipient of each Rule 2004 Subpoena (or other party asserting privilege with respect to such document) shall provide a privilege log to counsel to the Creditors' Committee at a time mutually agreed to between the producing party and the Creditors' Committee.

7.     The recipient of each Rule 2004 Subpoena shall inform the counsel to the Creditors' Committee of its search terms and other search parameters when conducting an electronic search. If necessary, the recipient of each Rule 2004 Subpoena shall meet and confer with the counsel to the Creditors' Committee to attempt to agree on appropriate search terms and other search parameters.

8.     All disputes concerning discovery pursuant to this order, including objections thereto and disputes regarding the scope or timing of production, that are not resolved by agreement of the parties may be raised by letter brief to the Court not exceeding five pages, single spaced (excluding attachments).  The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced (excluding attachments).  Copies of such letter briefs shall also be emailed to the Court's chambers.

9.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

4

10.     To the extent not otherwise limited by this Order, all discovery recipients reserve all substantive and procedural rights and objections they may have in connection with any discovery served pursuant to this Order.

Dated:  White Plains, New York
       February __, 2019             _____

                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

5

# EXHIBIT B

**Selbst Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| **Debtors.**[1] | : | (Jointly Administered) |
| | : | |

### DECLARATION OF STEPHEN B. SELBST IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* TO RETAIN AND EMPLOY HERRICK, FEINSTEIN LLP AS SPECIAL CONFLICTS COUNSEL, EFFECTIVE *NUNC PRO TUNC* TO JANUARY 2, 2019

Under 28 U.S.C. § 1746, I, Stephen B. Selbst, declare as follows under the penalty of perjury:

1.     I am an attorney admitted to practice in the State of New York and before the United States District Court for each of the Southern and Eastern Districts of New York.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.        I am a partner of the firm of Herrick, Feinstein LLP ("Herrick Feinstein"). Herrick Feinstein maintains offices at, among other places, Two Park Avenue, New York, New York 10016. There are no disciplinary proceedings pending against me.

3.        I am familiar with the matters set forth herein and make this declaration (the "Declaration") in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") authorizing and approving the Creditors' Committee's retention and employment of Herrick Feinstein as special conflicts counsel to the Creditors' Committee effective *nunc pro tunc* to January 2, 2019.

4.        On October 24, 2018, pursuant to section 1102 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Creditors' Committee [ECF No. 276]. The Creditors' Committee currently comprises: (i) Apex Tool Group, LLC; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A., as indenture trustee; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group L.P.; (vii) The Bank of New York Mellon Trust Company, N.A., as indenture trustee; and (viii) Winiadaewoo Electronics America, Inc.    On December 10, 2018, the Bankruptcy Court entered an order authorizing the Creditors' Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as its counsel [ECF No. 1107].    On December 18, 2018, the Bankruptcy Court entered orders authorizing the Creditors' Committee to retain (i) FTI Consulting, Inc., to serve as its financial advisor, *nunc pro tunc* to October 25, 2018 [ECF No. 1325], and (ii) Houlihan Lokey Capital, Inc. to provide investment banking services, *nunc pro tunc* to October 29, 2018 [ECF No. 1326].

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

5.      I am not, nor is Herrick Feinstein, an insider of the Debtors.  Except as set forth below, neither Herrick Feinstein nor I hold directly any claim, debt or equity security of the Debtors.

6.      To the best of my knowledge and information, no partner or employee of Herrick Feinstein has been, within two years from the Petition Date, a director, officer or employee of the Debtors as specified in Bankruptcy Code section 101(14)(B).

7.      Herrick Feinstein does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, as specified in Bankruptcy Code section 101(14)(C), or for any other reason.

8.      Herrick Feinstein does not currently represent the Debtors or, to the best of my knowledge and information, any of their related parties, affiliates, partners, or subsidiaries. Moreover, Herrick Feinstein will not undertake the representation of any party other than the Creditors' Committee in connection with the Chapter 11 Cases.

9.      To the best of my knowledge and information, Herrick Feinstein neither holds nor represents any interest adverse to the Creditors' Committee, the Debtors, their creditors or other parties in interest or their respective attorneys in connection with the Chapter 11 Cases.  Based upon information available to me, I believe that Herrick Feinstein is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

10.      In preparing this Declaration, through my colleagues, I submitted to Herrick Feinstein's computerized client and conflict database (the "Conflict Database") the names set forth on a list of parties in interest identified by the Debtors and additional parties identified by Herrick Feinstein, which included: (i) the Debtors and their affiliates; (ii) the Debtors' trade names and

3

aliases; (iii) the Debtors' professional; (iv) a consolidated list of holders of the five largest secured claims; (v) the Lenders; (vi) Indenture Trustee and Entities related to the administration of Notes; (vii) the members of the Creditors' Committee and known professionals; (viii) Board of Directors; (ix) Indenture Trustee; (x) New York Bankruptcy Judges and staff; (xi) U.S. Trustee's Office; (xii) the top 40 unsecured creditors; (xiii) Cyrus Capital Partners, L.P. and its attorneys, Milbank, Tweed, Hadley & McCloy LLP; (xiv) Barclays Capital and its attorneys, Kramer Levin Naftalis & Frankel LLP; (xv) Omega Advisors Inc. and its attorneys, Quinn Emanuel Urquhart & Sullivan LLP; and (xvi) Och-Ziff Capital Structure Arbitrage Master Fund, Ltd. and its attorneys, Stroock & Stroock & Lavan LLP. A copy of the list of the parties searched by Herrick Feinstein is annexed hereto as Schedule 1 (collectively, the "Searched Parties").

11.    The Conflict Database maintained by Herrick Feinstein is designed to include every matter on which the firm is now and has been engaged, by which entity the firm is now or has been engaged and, in each instance, the identity of certain related parties and adverse parties and certain of the attorneys in the firm that are knowledgeable about the matter. It is the policy of Herrick Feinstein that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Accordingly, Herrick Feinstein maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records.

### Representation of Parties in Interest

12.    Set forth in Schedule 2 annexed hereto is a listing of those parties from Schedule 1 that Herrick Feinstein either (i) currently represents (or represents a related party thereto) (the

4

"Current Clients") in matters wholly unrelated to the Chapter 11 Cases, or (ii) in the past represented (or represented a related party thereto) in matters wholly unrelated to the Chapter 11 Cases.

## Connections with Members of the Official Committee
## of Unsecured Creditors and its Professionals

13.     Herrick Feinstein currently represents an affiliate of Bank of NY Mellon in matters wholly unrelated to the Chapter 11 Cases.

14.     Herrick Feinstein in the past represented Bank of NY Mellon in matters wholly unrelated to the Chapter 11 Cases.

15.     Herrick Feinstein in the past represented an affiliate of Computershare in matters wholly unrelated to the Chapter 11 Cases.

16.     Herrick Feinstein in the past represented FTI Consulting in matters wholly unrelated to the Chapter 11 Cases.

17.     Herrick Feinstein in the past represented Houlihan Lokey in matters wholly unrelated to the Chapter 11 Cases.

## Connections with the Debtors

18.     Herrick Feinstein in the past represented Sears Holding Corporation in matters wholly unrelated to the Chapter 11 Cases.

## Other Connections and General Disclosures

19.     Herrick Feinstein performed general diligence to determine any connections beyond what is disclosed in the attached schedules. Herrick Feinstein may have represented in the past and/or currently may represent or in the future represent entities (other than parties in the attached schedules) not known currently to Herrick Feinstein in matters wholly unrelated to the Chapter 11 Cases who may be parties in interest in these cases. To the extent that Herrick Feinstein

5

discovers any such information or needs to update the information disclosed herein, Herrick Feinstein will disclose such information by filing a supplemental declaration pursuant to Bankruptcy Rule 2014.

20.    In addition to the foregoing, after reasonable inquiry, I do not believe there is any connection between Herrick Feinstein and the U.S. Trustee or any person known by me to be employed as an attorney with the office of such U.S. Trustee.

21.    It is possible that a professionally managed retirement plan on behalf of Herrick Feinstein employees or members of a 401(k)-type plan may hold equity interests in or other securities of the Debtors, but it is unknown to me at this time.

22.    None of Herrick Feinstein's representations of creditors or other parties in interest who are involved in these Chapter 11 Cases comprise a material component of Herrick Feinstein's practice, nor does Herrick Feinstein currently represent such parties on any issue relating to these Chapter 11 Cases.  For the reasons stated herein, Herrick Feinstein represents no interests adverse to the Debtors' individual creditors or the Creditors' Committee and, therefore, is capable of fulfilling its duties to the Creditors' Committee.

## **Compensation**

23.    Herrick Feinstein is willing to be retained by the Creditors' Committee as its counsel and will make appropriate applications to this Court pursuant to Bankruptcy Code sections 330 and 331 for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Case Management Order, and any other applicable order of the Court.  Herrick Feinstein will bill at its standard hourly rates, which, on a firm-wide basis, currently are for 2019, as follows:

| Billing Category | Range |
|---|---|
| Partners | $580-$1,150 |
| Counsel | $465-$1,160 |
| Associates | $360-$570 |
| Paraprofessionals | $300-$420 |

The names, positions and current 2019 hourly rates of the Herrick Feinstein attorneys currently expected to have primary responsibility for providing services to the Creditors' Committee are as follows:

| Attorney | Position / Department | Hourly Rate |
|---|---|---|
| Sean E. O'Donnell | Partner / Litigation | $985 |
| Stephen B. Selbst | Partner / Restructuring & Bankruptcy | $975 |
| David R. King | Partner / Litigation | $875 |
| Steven B. Smith | Counsel / Restructuring & Bankruptcy | $725 |
| Michelle M. Sekowski | Counsel / Litigation | $675 |

24.    The foregoing hourly rates are subject to periodic increase (typically in January of each year) in the normal course of Herrick Feinstein's business.  From time to time, other attorneys and paralegals will assist in the representation of the Creditors' Committee in connection with these cases at Herrick Feinstein's standard hourly rates in effect for those personnel.  The hourly rates set forth above are Herrick Feinstein's standard hourly rates for work of this nature.  These rates are set at a level designated to compensate Herrick Feinstein fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Herrick Feinstein operates in a complicated, national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's

7

expertise, performance, reputation, the nature of the work involved and other factors. Because the sub-markets for legal services are fragmented and are affected by a variety of individualized and interdependent factors, Herrick Feinstein's rates for certain individual attorneys may vary as a function of the type of matter, the nature of certain long-term client relationships, and various other factors, including those enumerated above.

25.    It is Herrick Feinstein's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying charges, travel expenses, expenses for "working meals" and computerized research. Herrick Feinstein will seek reimbursement for such expenses in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, the General Order M-412 (Order Establishing Procedures for Monthly Compensation an Reimbursement of Expenses of Professionals, dated December 21, 2010 (Gonzalez, C.J.)), and the Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)) and any further orders of the Court for all professional services performed and expenses incurred.

26.    No agreement exists, nor will any be made, to share any compensation received by Herrick Feinstein for its services with any other person or firm other than members of Herrick Feinstein.

27.    For the reasons stated herein, Herrick Feinstein represents no interest adverse to the Debtors' individual creditors or the Creditors' Committee and, therefore, is capable of fulfilling its duties to the Creditors' Committee and the unsecured creditors that the Creditors' Committee represents.

28.    The foregoing constitutes the statement of Herrick Feinstein pursuant to Bankruptcy Code sections 328(a), 329, 504 and 1103(a), Bankruptcy Rules 2014(a) and 2016(b) and Local Rules 2014-1 and 2016-1.

### Statement Regarding U.S. Trustee Guidelines

29.    The Creditors' Committee and Herrick Feinstein intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Revised UST Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Herrick Feinstein in the course of its engagement.  In doing so, however, the Creditors' Committee and Herrick Feinstein reserve all rights as to the relevance and substantive legal effect of the Revised UST Guidelines in respect of any application for employment or compensation in these cases that falls within the ambit of the Revised UST Guidelines.

30.    The following is provided in response to the request for additional information set forth in Section D.1 of the Revised UST Guidelines.

    (a)    Herrick Feinstein did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

    (b)    No rate for any of the professionals included in this engagement varies based on the geographic location of the bankruptcy case.

    (c)    Herrick Feinstein did not represent any member of the Creditors' Committee in the Debtors' Chapter 11 Cases prior to its retention by the Creditors' Committee.

    (d)    Herrick Feinstein expects to develop a budget and staffing plan to comply reasonably with the U.S. Trustee's request for information and additional disclosures, as to which Herrick Feinstein reserves all rights.

    (e)    The Creditors' Committee has approved Herrick Feinstein's proposed hourly billing rates.  The primary Herrick Feinstein attorneys staffed on the Debtors' Chapter 11 Cases, subject to modification depending upon further development, are set forth above in paragraph 24.

I declare under penalty of perjury that the foregoing is true and correct on this 8th day of

February 2019.

_____

Stephen B. Selbst

## Schedule 1

### Schedule of Searched Parties

**Debtors and Affiliates:**

| | |
|---|---|
| A&E Factory Service, LLC | Sears Buying Services, Inc. |
| A&E Home Delivery, LLC | Sears Development Co. |
| A&E Lawn & Garden, LLC | Sears Holdings Corporation |
| A&E Signature Service, LLC | Sears Holdings Management Corporation |
| Big Beaver of Florida Development, LLC | Sears Holdings Publishing Company, LLC |
| BlueLight.com, Inc. | Sears Home & Business Franchises, Inc. |
| California Builder Appliances, Inc. | Sears Home Improvement Products, Inc. |
| FBA Holdings Inc. | Sears Insurance Services, L.L.C |
| Florida Builder Appliances, Inc. | Sears Operations LLC |
| Innovel Solutions, Inc. | Sears Procurment Services, Inc. |
| KBL Holding Inc. | Sears Protection Company |
| KLC, Inc. | Sears Protection Company (Florida), L.L.C. |
| Kmart Corporation | Sears Protection Company (PR) Inc. |
| Kmart Holding Corporation | Sears Roebuck Acceptance Corp. |
| Kmart of Michigan, Inc. | Sears, Roebuck and Co. |
| Kmart or Washington LLC | Sears, Roebuck de Puerto Rico, Inc. |
| Kmart Operations LLC | ServiceLive, Inc. |
| Kmart Stores of Illinois LW | SHC Desert Springs, LLC |
| Kmart Stores of Texas LLC | SHC Licensed Business LLC |
| Kmart.com LLC | SHC Promotions LLC |
| MaxServ, Inc. | SOE, Inc. |
| MyGofer LLC | StarWest, LLC |
| Private Brands, Ltd. | STI Merchandising, Inc. |
| Sears Brands Business Unit Corporation | SYW Relay LLC |
| Sears Brands Management Corporation | Troy Coolidge No. 13, LLC |
| Sears Brands, L.L.C. | Wally Labs LLC |

**Debtors' Trade Names and Aliases (last 8 years):**

| | |
|---|---|
| A&E Factory Service | Big Beaver of Caguas Development |
| Accents for Less | Corporation. |
| American Siding & Deck, Inc. | Big Beaver of Caguas Development |
| American Windows & Sash, Inc. | Corporation II |
| Appliance Liquidators | Big Kmart |
| Austin Technology Center | Big Kmart (#3680) |
| Bath and Kitchen Elegance | Central Wholesale Appliance Supply, Inc. |
| Bath and Kitchen Elegance of the Desert | Chantell Marketing |

Circle of Beauty Inc.
Continental Carpet Cleaning, Inc.
Delver
Delver.com
Designer Depot
Eblon Technologies India Private Limited
Evoke Productions
FitStudio by Sears
Florida Builder Appliances, Inc.
Garment Rack
HDC Holding Company of Delaware, Inc.
HO. Tampa Development Co.
HO. Tysons Office Investment Co.
ILJ, Inc.
JAF, Inc.
KC Kelley Group
Kenmore Direct
Kids Stockroom
Kmart
Kmart Acquisition Corp.
Kmart Apparel Corp.
Kmart Apparel Fashions Corp.
Kmart Apparel Leasing Corp.
Kmart Apparel. Service of Atlanta Corp.
Kmart Apparel Service of Des Plaines Corp.
Kmart Apparel Service of Sunnyvale Corp.
Kmart Corporation
Kmart Enterprises, Inc.
Kmart Far East Limited
Kmart Financing I
Kmart Global Sourcing Ltd.
Kmart Holding Company
Kmart Holdings, Inc.
Kmart Lessee Operations, LLC
Kmart Management Corporation.
Kmart Michigan Property Services, L.L.C.
Kmart of Amsterdam, NY Distribution
Center, Inc.
Kmart of Pennsylvania. LP
Kmart Pharmacies of Minnesota, Inc.
Kmart Pharmacies, Inc.
Kmart Properties, Inc.
Kmart Stores of Indiana, Inc.
Kmart Stores of TNCP, Inc.

KMI, Inc.
Koolvent Aluminum. Products, Inc.
Kresge - Kmart Limited
Little Caesars
Max Acquisition Delaware Inc.
McKids
McKidsThe Store
McPhail's Appliances
MetaScale Technologies India Private
Limited
Monark
Monark Holdings Inc.
Monark of California
Monark Premium Appliance Co.
Monark Premium Appliance Co. of Arizona
Monark Premium Appliance Co. of
California
MXSV, Inc.
NTB - National Tire and Battery
NTB-National Tire & Battery
PMB, Inc.
Prairie Buck I, Inc.
Prairie Buck 11, Inc.
Print Procurement Company, LLC
Print Production Company, LLC
Private Brands, Ltd.
Relay LLC
Relay LLC
San Diego Appliance Sales
Sears
Sears #1284
Sears Acquisition Corp.
Sears Auto Center
Sears Auto Center #6582
Sears Auto Centers
Sears Carpet and Upholstery Care, Inc.
Sears Carpet and Upholstery Care, Inc.
Sears Essentials
Sears Grand
Sears Grand. #1673
Sears Holdings Management Corporation
Sears Home Appliance Showrooms
Sears Home Improvement Products (South),
Inc.

Sears Home Services
Sears Home & Life
Sears Lessee Operations, LLC
Sears Logistics Services
Sears Logistics Services, Inc.
Sears Merchandise Group
Sears Merchandise Group, Inc.
Sears New York Insurance Agency
Sears New York. Insurance Agency
Sears Oklahoma Insurance Agency
Sears Oklahoma Insurance Agency
Sears Protection Company Inc.
Sears Protection Company, Inc.
Sears Technology Services LLC
Sears, Roebuck de Mexico, S.A. de C.V.
Sears, Wishbook, Inc.
ServiceLive Direct
SHMC, Inc.
Shop Your Way Local, LLC
Shop Your Way Local, LLC
shopyourway.com

Sourcing and Technical Services, Inc.
SRC O.P. LLC
SRC Real Estate (TX), LLC
Standards of Excellence
Standards of Excellence Outlet Store
Super K.
Super Kmart
SUPER KMART CENTER
Super Kmart Center
Texas Bluelight.com Inc.
The Annexx Restaurant
The Great Indoors
Tire Property Holding, Inc.
Tri-Valley Crossings
Troy CMBS Property, L.L.C.
Westar Kitchen & Bath LLC
Westar Kitchen and Bath
Westar Kitchen and Bath, LLC
Western Bluelight.com LLC
WestStar Kitchen and Bath
WestStar Kitchen and Bath LLC

**Bankruptcy Professionals:**

Alvarez & Marsal North America, LLC
Deloitte & Touche LLP
Evercore Group L.L.C.
FTI Consulting, Inc.
Lazard Freres & Company
M-III Advisory Partners, LP
Milbank, Tweed, Hadley & McCloy LLP
Kramer Levin

Paul, Weiss, Rifkind, Wharton & Garrison
LLP
Prime Clerk LLC
Wachtell, Lipton, Rosen & Katz
Weil, Gotshal & Manges LLP
Quinn Emanuel Urquhart & Sullivan, LLP
Stroock & Stroock & Lavan LLP

**CDS Participants**

Barclays Capital
Omega Advisors, Inc.

**Consolidated List of Holders of Five Largest Secured Claims:**

Bank of America, N.A.
Computershare Trust Company N.A.

JPP, LLC and JPP, II L.L.C. C/O ESL
Investments, Inc. c/o ESL Investments, Inc.
Wells Fargo, National Association

**Lenders:**

Ally Bank
Ally Commercial Finance LLC
Banco Popular de Puerto Rico
BNY Midwest Trust Company
Cascade Investment, LLC.
Citibank (South Dakota), N.A.
Citibank N.A.., Hong Kong Branch
Citibank, N.A.
Citigroup Financial Products Inc.
Citigroup Global Markets Inc.
Citizens Bank & Trust Company
Citizens Bank National Association
Citizens Business Capital, a division of
Citizens Asset. Finance Inc.
Commercial. International Bank (Egypt)
S.A.E.
Computershare Trust Company, N.A.
Cyrus Capital Partners, LP
Fifth Third Bank
General Electric Capital Corporation
HSBC Bank
ICBC
JP Morgan Chase Bank
JPP II, LLC
JPP, LLC
Key Bank
Merrill Lynch, Pierce, Fenner & Smith
Incorporated

Bancorpsouth Bank
Bank Leumi
Bank of America, N.A.
Och-Ziff Capital Structure Arbitrage Master
Fund Ltd
Och-Ziff Holding Corporation
OZ Management LP
Pension Benefit Guaranty Corporation
Popular Inc.
RBS Business Capital
RBS Citizens Bank N.A.
RBS Partners, LP
Regions Financial Corporation
Shenzhen Development Bank Co Ltd
Siemens Bank GmbH, London Branch
Siemens AG
Siemens Financial Services Inc.
SL Agent, LLC
Standard Chartered Bank
TD Bank, N.A.
Toronto Dominion Bank
U.S. Bank Trust National Association
UBS AG, Stamford Branch, LLC
UBS Capital Corporation
UBS Securities LLC
UPS Capital Corporation
Wells Fargo Bank, National Association
Wilmington Trust, N.A.

**Indenture Trustee and Entities Related to the administration of Notes:**

Bank of America, N.A.
BNY Midwest Trust Company
Cede & Co.
Citibank, N.A.
Computershare Inc.
Computershare Trust Company, N.A.

The Bank of New York Mellon Trust Company,
N.A
The Chase Manhattan Bank, N.A.
Wells Fargo Bank, National Association
Wilmington Trust, N.A.

**Official Committee of Unsecured Creditors:**

Apex Tool Group
Brixmor Property Group Inc.
Computershare Trust Co.
Cruz, Oswaldo

The Bank of New York Mellon
Simon Property Group
Vasiliou, Basil
Winia Daewoo Electronics America

The Pension Benefit Guaranty Corporation

**Official Committee of Unsecured Creditors — Professionals:**
FTI Consulting, Inc.                    Houlihan Lokey, Inc.
Akin Gump Strauss Hauer & Feld LLP

**Board of Directors:**
Berkowitz, Bruce R                      Lampert, Edward S.
DePodesta, Paul G                       Reese, Ann N.
Kamlani, Kunal S                        Tisch, Thomas J
Kunkler, William C

**Top 40 Unsecured Creditors:**

Active Media Services Inc.
Apex Tool International. LLC
Automotive Rentals Inc.
Black & Decker US Inc.
BST International Fashion Limited
Cardinal Health
Chamberlain manufacturing Corp.
City Choice Limited
Cleva Hong Kong Ltd.
Coyote
Deloitte & Touche LLP
Eastern Prime Textile Limited
Electrolux (Frigidaire Company)
Feroza Garments Ltd.
Hanesbrands Inc.
HK Greatstar Int'l Co. Ltd.
Holdings Unsecured Notes (8.00%) c/o
Corporate Trust Office of the Trustee,
Computershare Trust Company, N.A.
Holdings Unsecured PIK Notes (8.00%) c/o
Computershare Trust Company, N.A.
Icon Health and Fitness Inc.
International Business Machine
Jordache Limited
Knights Apparel. Inc.

LG Electronics USA Inc.
Mien Co, Ltd.
MKK Enterprises Corp.
MTD Products Inc.
Paco (China) Garment Ltd.
Procter & Gamble Distributing
SITEL
SRAC Medium Term Notes c/o The Bank of
New York Mellon Trust Co.
SRAC Unsecured Notes c/o The Bank of
New York Mellon Trust Co.
SRAC Unsecured PIK Notes c/o The Bank
of New York Mellon Trust Co.
Tata Consultancy Services Ltd.
Thanh Cong Textile Garment Investment
Trading Joint Stock Company
The Pension Benefit Guaranty Corporation
TJ Tianxing Kesheng Leather Products Co
Ltd.
Weihai Lianqiao International Cooperation
Group
Whrilpool Corporation
WiniaDaewoo Eletronics America
Winners Industry Company Limited

**U.S. Trustee's Office:**

Abriano, Victor (Bankruptcy Analyst)          Cassara, Amanda (Paralegal Bankruptcy)
Arbeit, Susan (Trial Attorney)                Catapano, Maria (Paralegal Specialist)

Choy, Danny A. (Bankruptcy Analyst)
Harrington, William K. (U.S. Trustee)
Higgins, Benjamin J. (Honors Trial Attorney)
Joseph, Nadkarni (Bankruptcy Analyst)
Masumoto, Brian S. (Trial Attorney)
Mendoza, Ercilia. A. (Legal Assistant Bankruptcy/OA)
Moroney, Mary V. (Bankruptcy Analyst)
Morrissey, Richard C. (Trial Attorney)
Nakano, Serene (Trial Attorney)

Ng, Cheuk M. (Auditor Bankruptcy)
Riffkin, Linda A. (Assistant U.S. Trustee)
Rodriguez, Ilusion (Paralegal Specialist)
Schwartz, Andrea B. (Trial Attorney)
Schwartzberg, Paul K. (Trial Attorney)
Scott, Shannon (Trial Attorney)
Sharp, Sylvester (Bankruptcy Analyst)
Velez-Rivera, Andy (Trial Attorney) White, Clifford J. (Director U.S. Trustee Program)
Zipes, Greg M. (Trial Attorney)

## New York Bankruptcy Judges and Staff:

Andino, Eddie (Chief Deputy)
Bernstein, Stuart M. (Judge)
Chapman, Shelley C. (Judge)
Correa, Grimilda (Project/Team Leader)
Daniele, Salvatore (Law Clerk)
DiSalvo, Rosemary (Law Clerk)
Drain, Robert D. (Judge)
Garrity, James L. (Judge)
Genna, Vito (Clerk of Court)

Glenn, Martin (Judge)
Grossman, Robert E. (Judge)
Lane, Sean H. (Judge)
Li, Dorothy (Courtroom Deputy)
Morris, Cecelia G.(Judge)
Song, Justin (Law Clerk)
Vyskocil, Mary Kay (Judge)
Wiles, Michael E. (Judge)

## Schedule 2

### Schedule of Searched Parties and/or Certain Related Parties that Herrick Feinstein Currently Represents, or in the Past Represented, in Matters Unrelated to these Chapter 11 Cases

#### Debtors and Affiliates

*Herrick Feinstein in the past represented Sears Holdings Corporation and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases*

#### Debtors' Trade Names and Aliases (last 8 years)

*Herrick Feinstein has not represented any of these parties.*

#### Bankruptcy Professionals

*Herrick Feinstein in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Alvarez & Marsal North America, LLC
Deloitte Tax (affiliate of Deloitte & Touche)
FTI Consulting, Inc.
Lazard Freres & Company
MJC Associates (affiliate of Evercore)

#### Consolidated List of Holders of Five Largest Secured Claims

*Herrick Feinstein in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Bank of America, N.A.
Computershare Trust Company N.A.
Wells Fargo, National Association

#### Lenders

*Herrick Feinstein in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Ally Bank

Ally Commercial Finance LLC
Bank Leumi
Bank of America
Citibank and Citizens Bank (parent company of RBS)
Cyrus Capital Partners, LP
General Electric Capital Corporation
ICBC
JP Morgan Chase
Key Bank
Merrill Lynch (subsidiary of Bank of America)
Popular Community Bank (affiliate of Banco Popular and Popular Inc.)
RBS Citizens Bank N.A.
Siemens
TD Bank, N.A.
U.S. Bank Trust National Association
UBS
Wells Fargo
Wilmington Trust, N.A.

## Indenture Trustee and Entities Related to the administration of Notes

*Herrick Feinstein in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

Bank of America, N.A.
Citibank, N.A.
Computershare Inc.
Computershare Trust Company, N.A.

The Bank of New York Mellon Trust
  Company, N.A
Wells Fargo Bank, National Association
Wilmington Trust, N.A.

## Official Committee of Unsecured Creditors

*Herrick Feinstein in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

The Bank of New York Mellon
BNY Midwest Trust Company (affiliate of The Bank of New York Mellon)
Penton Media (affiliate of Computershare)

## Official Committee of Unsecured Creditors — Professionals

*Herrick Feinstein in the past represented the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

FTI Consulting, Inc.

Houlihan Lokey Capital, Inc.

**Board of Directors**

*Herrick Feinstein has not represented any of these parties.*

**Top 40 Unsecured Creditors**

*Herrick Feinstein in the past represented and currently represents the following companies and/or certain related parties of such companies on matters wholly unrelated to the Debtors' Chapter 11 Cases:*

| | |
|---|---|
| B&D Holdings Inc. (affiliate of Black & Decker US Inc.) | National Manufacturing (affiliate of Black & Decker US Inc.) |
| Deloitte & Touche LLP | The Bank of New York Mellon |
| Electrolux (Frigidaire Company) | Penton Media (affiliate of Computershare) |
| International Business Machine | Whirlpool Corporation |

**U.S. Trustee**

*Herrick Feinstein has not represented any of these parties.*

**Judge Robert D. Drain and Key Staff Members**

*Herrick Feinstein has not represented any of these parties.*

# EXHIBIT C

## Tucker Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------

**In re**                                          :    Chapter 11
                                                   :
**SEARS HOLDINGS CORPORATION, *et al.*,**          :    Case No. 18-23538 (RDD)
                                                   :
                              **Debtors.[1]**      :    (Jointly Administered)
                                                   :

--------------------------------------------------

## DECLARATION OF RONALD M. TUCKER IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OF SEARS HOLDINGS CORPORATION, *ET AL.* TO RETAIN AND EMPLOY HERRICK, FEINSTEIN LLP AS SPECIAL CONFLICTS COUNSEL, EFFECTIVE *NUNC PRO TUNC* TO JANUARY 2, 2019

Under 28 U.S.C. § 1746, I, Ronald M. Tucker, declare as follows under penalty of perjury:

1.    I am Vice President and Bankruptcy Counsel of Simon Property Group L.P.  I am making this declaration on behalf of Simon Property Group L.P., in its capacity as chair of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors").  Accordingly, I am in all respects competent to make this declaration (the "Declaration") in support

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).   The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

of the *Application of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al. to Retain and Employ Herrick, Feinstein LLP as Special Conflicts Counsel, Effective Nunc Pro Tunc to January 2, 2019* (the "Application").[2]

2.      I submit this Declaration in support of the Application, pursuant to Section D.2. of the Revised UST Guidelines.  Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents and information supplied to me by Herrick Feinstein.

3.      I am informed by Herrick Feinstein that the Revised UST Guidelines request that any application for employment of an attorney under Bankruptcy Code sections 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

    i.  The identity and position of the person making the verification.

    ii.  The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

    iii.  The number of firms the client interviewed.

    iv.  If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

    v.  The procedures the client has established to supervise the applicant's fees and expenses and to manage costs.  If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside counsel, explain how and why.  In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

### Selection of Counsel

4.      Herrick Feinstein came highly recommended by the Creditors' Committee's primary counsel, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), who has significant experience working with one or more of the Herrick Feinstein attorneys staffed on this engagement. After conducting its due diligence and deliberation, the Creditors' Committee found Herrick Feinstein to be qualified to serve as special conflicts counsel to the Creditors' Committee. Attorneys at Herrick Feinstein have a history of representing official creditors' committees and other significant parties-in-interest in chapter 11 cases and related bankruptcy litigation matters and proceedings, and Herrick Feinstein did not possess any conflicts which would otherwise preclude conducting the MTN Investigation and/or pursuing any related claims and causes of action. Therefore, based on Herrick Feinstein's experience, and Akin Gump's experience working with the attorneys at Herrick Feinstein, the Creditors' Committee has decided to retain Herrick Feinstein to serve as special conflicts counsel.

### Rate Structure

5.      Herrick Feinstein has informed the Creditors' Committee that its rates for bankruptcy representations are comparable to the rates Herrick Feinstein charges for non-bankruptcy representations. The Creditors' Committee has approved Herrick Feinstein's proposed hourly rates, as set forth in the Application. Herrick Feinstein has informed the Creditors' Committee that its hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. The Creditors' Committee has consented to such ordinary course rate increases.

### Cost Supervision

6.      The Creditors' Committee recognizes its responsibility to monitor the billing practices of its counsel to ensure that the fees and expenses paid by the estate remain consistent

3

with the expectations of the Creditors' Committee and the exigencies of these Chapter 11 Cases. Herrick Feinstein advises that it expects to develop, and the Creditors' Committee intends to review, a prospective budget and staffing plan to comply reasonably with the U.S. Trustee's request for information and additional disclosures, as to which the Creditors' Committee is advised, Herrick Feinstein reserves all rights. In addition, the Creditors' Committee will review the monthly fee applications that Herrick Feinstein regularly submits. Herrick Feinstein's fees and expenses will be subject to periodic review on a monthly, interim, and final basis during the course of the Chapter 11 Cases by the Creditors' Committee, U.S. Trustee, the Debtors, other parties in interest and the Court.

*[Signature page follows.]*

4

I declare under penalty of perjury that the foregoing is true and correct on this 12th day of

February, 2019.

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF SEARS
HOLDINGS CORPORATION, ET AL.**

By: _____

Name: Ronald M. Tucker, not in his
individual capacity but solely on behalf of
Simon Property Group L.P.

Chair of the Official Committee of
Unsecured Creditors of Sears Holdings
Corporation, *et al.*