Hearing Date: February 14, 2019 at 10:00 a.m. (ET)

Patrick Collins
Veronique A. Urban
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, New York 11556
Tel:    (516) 227-0700
Fax:    (516) 227-0777

*Attorneys for Midwood Management Corp., as agent*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |

------------------------------------------------------------x

## REPLY TO DEBTOR'S OBJECTION TO
## MOTION FOR ORDER DECLARING AUTOMATIC STAY
## INAPPLICABLE TO NON-RESIDENTIAL REAL PROPERTY LEASE

Midwood Management Corp., as agent for Expressway Plaza I, LLC and Farmingville

Associates Phase 1, LLC as tenants in common ("Landlord"), hereby submits this reply (the

"Reply") to the objection (the "Objection") [ECF No. 2497] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") to Landlord's *Motion for Order Declaring*

*Automatic Stay Inapplicable to Non-Residential Real Property Lease* [ECF No. 932].  In further

support of its Motion and this Reply, Landlord submits the Declarations of Peter Pollani (the

"Pollani Declaration") and Julie Davidov (the "Davidov Declaration"), attached hereto as

**Exhibits A and B**, and respectfully states as follows:

## PRELIMINARY STATEMENT

1.    In their Objection, the Debtors portray Landlord's prepetition actions culminating

in Landlord's service of the Lease Termination Notice[1] on Kmart as a calculated scheme by Landlord to terminate the Lease by manufacturing a default under the Lease and then serving notices of default and then termination during the period the Debtors were preoccupied with their preparations for commencing bankruptcy cases. On the contrary, the default culminating in the Lease Termination Notice is a genuine default arising from Kmart's failure to maintain the Premises as required under the Lease and that put Landlord at risk. Kmart was given many opportunities to prevent Landlord from noticing a default and then to cure the default that was noticed by reimbursing Landlord for its expenses incurred to perform the Emergency Work. That Kmart did not avail itself of any of those opportunities and now belatedly wants to contest the default is not a basis for denying Landlord the benefit of section 362(b)(10) of the Bankruptcy Code to take steps to recover the Premises from Kmart as the Lease has terminated.

### ADDITIONAL BACKGROUND[2]

2.      Since March 2017, Landlord raised concerns with Kmart about the condition of the common areas of the Expressway Plaza parking lot for which Kmart was responsible for maintaining. For instance, numerous potholes Landlord brought to Kmart's attention in early March 2017 were not addressed by Kmart until on or about April 10, 2017. *Pollani Declaration*, at ¶ 4.

3.      On April 7, 2017, an inspector from the Town of Brookhaven (the hamlet of Farmingville lies within the Town of Brookhaven), whom Landlord had invited to Expressway Plaza to inspect an ongoing construction project to build out space for a new tenant, commented to Landlord's representative on the poor condition of the parking lot and indicated that, unless repaired, the potholes and curb damage could hinder Landlord's ability to obtain certificates of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] A detailed background on the Lease and the circumstances surrounding its termination is provided in the Motion and, for the sake of brevity, will not be repeated in this Reply.

occupancy for incoming tenants. Landlord forwarded a report of that conversation to Kmart by email that same day and requested prompt action in lieu of sending Kmart a formal notice of default. However, as of May 16, 2017, the curbs had not been repaired and potholes had reappeared. *Id.*, ¶ 5.

4.    In late October or early November 2017, Landlord, was nearing completion of another construction project at Expressway Plaza to build out space for an incoming tenant. In connection with that construction project, Midwood arranged for a visit to the construction site from an inspector from the Town of Brookhaven. Upon arriving at Expressway Plaza, the inspector remarked to Landlord's representative that the road surface of the drive lanes leading to the Kmart Premises were in very bad shape and needed to be repaired quickly. *Id.*, at ¶¶ 6-7.

5.    Mindful of an inability to properly apply asphalt once the air temperature dropped too low and of Landlord's experiences with Kmart earlier that year when Kmart moved very slowly to required address parking lot repairs, Landlord obtained its own quotes from paving contractors for the work needed to repair the drive lanes. *Id.*, at ¶ 8.

6.    Landlord met again with the Town of Brookhaven inspector, who told Landlord the parking lot drive lanes needed to be re-paved immediately. Upon inspecting the drive lanes itself, Landlord agreed with his assessment. The inspector said that the many other areas of the Kmart parking lot needed to be addressed as well, but it was concluded that most of the additional work could wait until spring because those areas did not experience a heavy amount of traffic. The inspector said the town would not issue a certificate of occupancy for the incoming tenant until the drive lanes were repaired and added that he would not permit asphalt to be poured once the temperature dropped below a specified lowest acceptable level, which was expected to occur within a matter of a couple of weeks. *Id.*, at ¶ 9.

7.     Landlord served on Kmart the notice, dated November 8, 2017, informing Kmart it was in default of its obligation to maintain the parking lot and that Landlord was exercising its rights under Article 25(F) of the Lease to perform emergency repair work to the parking lot and drive lanes (the "Emergency Work") at Kmart's cost and expense.[3]

8.     Representatives of Landlord and Kmart communicated by telephone and email after Kmart received the November 8, 2017 notice.  Landlord sent Kmart numerous photographs showing portions of the extensive damage to the parking lot drive lanes, quotes from a paving contractor and identified the specific Town of Brookhaven inspector demanding the drive lanes be re-paved immediately.  *Id.*, at ¶ 11 and *Debtors' Objection*, Exhibit B (copies of emails exchanged between Peter Pollani of Midwood and Bradley Pukas of Sears Holdings Corporation).  The next morning after receiving the information Mr. Pollani provided, Mr. Pukas sent an email message (dated November 20, 2017) informing Mr. Pollani that further review of the Landlord's maintenance requests was underway by Kmart's facilities team and that they would likely have questions. Mr. Pukas further stated that his "feeling" was that there was nothing that warranted an "emergency repair."    Mr. Pukas indicated he would "need documentation from the municipality confirming their mandate of this work to be completed immediately."  Either before or after Mr. Pukas sent his November 20, 2018 email message, Mr. Pollani told him over the phone the Town of Brookhaven's practice was to not reduce to writing demands such as its demand that the parking lot drive lanes be re-paved immediately.  Id.

9.     Landlord had numerous subsequent communications with Kmart, primarily with the Kmart personnel present at the Expressway Plaza Premises, to coordinate the Emergency Work.  However, Landlord did not receive any subsequent communications from Mr. Pukas, or

---

[3] A copy of this notice is annexed as Exhibit "3" to the Declaration of Steven Brown submitted with the Motion.

anyone else at or on behalf of Kmart, questioning the need for the Emergency Work or whether Kmart would be responsible for reimbursing Landlord for the expenses it incurred to perform the Emergency Work.

10.     Having heard no actual objection or response of any kind from Kmart regarding the Emergency Work Landlord arranged to be performed, and after accounting for Kmart's proportionate share for certain portions of the parking lot that were not Kmart's sole responsibility (a lengthy process complicated by the introduction of new tenants to Expressway Plaza and Kmart's questioning of its proportionate share of the real property taxes assessed on the Property), Landlord sent to Kmart, to the attention of the persons at Kmart to whom Landlord had sent prior invoices for additional rent without incident, two invoices on April 4, 2018 (the "Initial Invoices") and one invoice on April 26, 2018 (the "Third Invoice", and together with the Initial Invoice, the "Invoices") in the total amount of $215,426.88 for Kmart's share of the costs incurred by Landlord to perform the emergency work. *See Davidov Declaration*, ¶ 4; *Pollani Declaration*, ¶ 12.    Kmart did not pay or otherwise respond to the Invoices. *Davidov Declaration*, ¶ 5; *Pollani Declaration*, ¶ 12.

11.     On May 8, 2018, Landlord sent a follow up message to Kmart querying whether the payment had been mailed to the Landlord on the Initial Invoices and requesting that they "advise ASAP". *Davidov Declaration*, ¶ 6. On that same date, Franck Moyo, a financial analyst in the real estate department at Sears Holdings Corporation, responded that the invoices were assigned to one of the Debtors' analysts for review and that the analyst would contact Landlord if she had any questions. *Davidov Declaration*, ¶ 7.

12.     Landlord followed up again on May 30, 2018 on the Initial Invoices and on June 6, 2018 regarding all of the Invoices.  Landlord received no response to either inquiry. *Davidov*

*Declaration*, ¶¶ 8-9.

13.     When Landlord inquired yet again on June 19, 2018 about when the Initial Invoices would be paid, Mr. Moyo of Sears Holdings Corporation responded that payment had been sent for the real estate taxes. However, Landlord promptly responded to Mr. Moyo that its inquiries pertained not to payment of the real estate taxes but to the payment of open invoices relating to the Emergency Work. Mr. Moyo did not further respond to Landlord. *Davidov Declaration*, ¶ 11.  Landlord sent further inquiries on June 26, 2018 and July 11, 2018 requesting an update. No response was received by Landlord to these inquiries. *Davidov Declaration*, ¶ 12.

14.     Ten months after having notified Kmart of the Emergency Work and having still received no express objection to the nature, scope or cost of the Emergency Work, and having received no response to Landlord's repeated requests for payment of the Invoices, Landlord, pursuant to its rights under Article 25 of the Lease, sent to Kmart a "Notice of Default and Fifteen (15) Day Notice to Cure" (the "Notice of Default")[4] on September 12, 2018 as indicated in the Motion.  Even at this late date, Kmart still had an opportunity to cure the default and avoid termination of the Lease by reimbursing Landlord for the cost of the Emergency Work.

15.     Yet, Kmart did not respond at all to the Notice of Default; not even to object, request more time to investigate or offer pay what it perceived as the correct amount for the Emergency Work.   Having received no response to the Notice of Default, the Landlord, exercising its rights pursuant to Article 25 of the Lease, sent to Kmart the Lease Termination Notice on October 11, 2018 as indicated in the Motion.[5]

16.     In short, (a) Landlord timely notified the Debtors under the circumstances of the

---

[4] A copy of the Notice of Default is annexed as Exhibit "A" to the Zerykier Declaration submitted with the Motion.

[5] A copy of the Lease Termination Notice is annexed as Exhibit "B" to the Zerykier Declaration submitted with the Motion.

Emergency Work to be performed in the parking lot of the Premises, (b) Landlord provided the Debtors with supporting documentation for the Emergency Work, including photos and a detailed proposal of costs associated with the repairs to be performed; (c) Kmart's representative informed the Landlord that, although he had a "feeling" the work did not constitute emergency work, he would review the information and would contact Landlord if they had any questions, (d) such correspondence from Kmart to the Landlord was the last substantive communication it had with the Landlord on the subject; (e) five months after the Emergency Work was performed, the Debtors still had not raised any questions or objections as to the nature, scope or cost of the Emergency Work and so Landlord sent invoices for payment to the Debtors for the first time on April 4, 2018; (f) Landlord repeatedly requested payment on account of such invoices during the period between April 4, 2018 and September 12, 2018; (g) Landlord properly served Debtors with a Notice of Default on September 12, 2018, informing Kmart that, unless Kmart cured the default by issuing a payment on the Invoices within fifteen (15) days from service of the notice, the Landlord would serve Kmart with a notice of election to end the term of the Lease at the expiration of ten (10) days from the date of service of such notice; (h) Kmart failed to cure the default; and (i) Landlord properly served Debtors with a Ten (10) Day Notice of Lease Termination on October 11, 2018.

## ARGUMENT

I.    **Kmart's Continued Possession of the Premises Does Not Defeat Landlord's Rights Under Bankruptcy Code Section 362(b)(10)**

17.    The Lease expired by its terms on October 23, 2018 at the end of the ten day period specified in the Lease Termination Notice.

18.    Section 362(b)(10) of the Bankruptcy Code renders the automatic stay inapplicable to "any act by a lessor to the debtor under a lease of nonresidential real property that

has terminated by the expiration of the stated term of the lease before the commencement of or during a case under chapter 11 to obtain possession of such property." 11 U.S.C. § 362(b)(10).

19.    In their Objection, the Debtors note that numerous courts have held a mere possessory interest triggers the protection of the automatic stay under Section 362(a) of the Bankruptcy Code. Objection at 9-11. While the Debtors have correctly stated this proposition of law, Section 362(b)(10) provides an exception to the automatic stay where the stated term of the lease has expired. Section 362(b)(10), when it applies, renders the automatic stay inapplicable even if Section 362(a) would otherwise apply.

20.    In *Policy Realty,* the district court for this district expressly rejected the debtor's argument that a possessory interest in the property triggers the automatic stay even when the requirements of Section 362(b)(10) have been met. *In re Policy Realty*, 242 B.R. 121 (S.D.N.Y. 1999), *aff'd Policy Realty Corp. v. Treber Realty LLC*, 2000 U.S. App. LEXIS 8846 (2d Cir. 2000). If mere possession were enough to render the exception inapplicable, not only would the purpose of the exception be undermined, the exception would be meaningless. *Id.*

21.    While the Debtors point out that the debtor involved in the *Policy Realty* case was found not to have a possessory interest in the leased property, such that the *Policy Realty* court's statement that possession was not relevant to an analysis under Section 362(b)(10) might be viewed as dicta, other courts have reached the same result in situations where the debtor was in possession of the leased premises. For instance, in *In re Neville*, 118 B.R. 14 (Bankr. E.D.N.Y. 1990), the tenant operated a senior citizens residence center. In May 1989, the landlord commenced an eviction proceeding against the tenant, claiming he was a holdover tenant. The landlord obtained a judgment for possession and the state court issued a warrant of eviction on Oct. 30, 1989. The tenant still occupied the premises on May 21, 1990, when the tenant filed a

chapter 11 petition. On May 23, 1990, the sheriff evicted the debtor-tenant from his place of

business. Similar to the Debtors' argument here, the tenant argued that he had an equitable

possessory interest in the premises that was protected by the automatic stay. The court rejected

this, stating:

> The legislative history of §362(b)(10) indicates that it was
> intended to permit landlords to proceed promptly in state court to
> reclaim possession of the non-residential lease premises where the
> lease expired by its own term and to finalize landlord/tenant
> disputes such as the one that is the subject of this case. See S.
> Rep. No. 98-65, 98th Congr., 1st Sess. 68 (1983). For this court to
> accept the debtor's argument that "his equitable possessory
> interests were protected by the automatic stay" would result in
> nullifying §362(b)(10), which was purposely placed into the
> Bankruptcy Code to deal with situations such as this.

*Neville*, 118 B.R. at 18. *See also In re Lakes Region Donuts, LLC*, 2014 Bankr. LEXIS 1183,

*11 (Bankr. D.N.H. 2014) (determining 362(b)(10) exception to automatic stay applied where

lease was terminated by operation of law following debtor tenant's default and where debtor

remained in possession of premises).; *In re El Mariachi, LLC*, 2008 Bankr. LEXIS 4238 (Bankr.

D. Conn. 2008) (362(b)(10) exception to automatic stay applied notwithstanding debtor tenant's

continued possession of the property). The Debtors' argument that the automatic stay applies

because of Debtors' equitable possessory interest in the Premises fails because the exception

provided in Section 362(b)(10) of the Bankruptcy Code applies here.[6]

## II.    Kmart Breached the Lease and is Barred by the Account Stated Doctrine from Contesting the Invoices.

22.    Kmart breached the Lease by failing to maintain the parking lot drive lanes as it

had agreed to do. The photographs sent in November 2017 and before the Emergency Work was

undertaken by Mr. Pollani of Midwood to Mr. Pukas of Sears Holdings Corporation, and which

---

[6] In Section B of their Objection, the Debtors raise numerous arguments as to why relief from the automatic stay should not be granted under Section 362(d) of the Bankruptcy Code. Landlord is not addressing those arguments in this Reply because Landlord is not seeking relief under Section 362(d).

are annexed to Debtors' Objection, show the damaged pavement in the drive lanes.  The damage was so severe that a Town of Brookhaven inspector told Midwood the drive lanes needed to be re-paved immediately.   Given (i) the demand from the Town of Brookhaven for immediate action, (ii) the imminent onset of winter during which paving could not be performed and (iii) Kmart's poor track record in making required parking lot repairs, Landlord's declaration of an emergency pursuant to Section 25.F of the Lease as provided in the November 8, 2017 notice was appropriate and Landlord was entitled to cure the breach by hiring its own contractor to re-pave the parking lot drive lanes.  Debtors' assertion that no emergency work was required is belied by the facts.  Kmart, the party in possession of the Premises, was the party in the best position to monitor the condition of the parking lot drive lanes and to maintain them before they became so damaged that a town inspector noticed the condition and required immediate repairs. For this reason, the Debtors' complaint that Kmart was given inadequate notice of the need to re-pave the drive lanes should be disregarded.

23.     Under Section 25.F of the Lease, Kmart was required to reimburse Landlord with interest on demand for the amount Landlord paid have the drive lanes repaired.   Landlord properly sent Kmart the Invoices for this amount.

24.     The Debtors are barred by the account stated doctrine from contesting at this juncture the validity of the Invoices sent by the Landlord for the cost of the Emergency Work. "An account stated is an agreement between the parties to an account based upon prior transactions between them with respect to the correctness of the separate items composing the account and the balance due, if any, in favor of one party or another." *Shea & Gould v Burr*, 194 AD2d 369, 370 (1st Dept 1993), *quoting Chisholm-Ryder Co. v Sommer & Sommer*, 70 AD2d 429, 431 (4th Dept 1979).  "In the case of an existing indebtedness, the agreement may be

implied as well as express." *Chisholm-Ryder Co.*, 70 AD2d at 431 (citation omitted). The agreement "may be either express or implied from circumstances, and evidence of such assent may be found when one party presents an account to another which the latter retains without making objection within a reasonable time." *Little v. McClain*, 134 A.D. 197 (2d Dept 1909). *See also Chisholm-Ryder Co.*, 70 AD2d at 431 ("Silence is deemed acquiescence and warrants enforcement of the implied agreement to pay."); *In re Rockefeller Center Properties*, 266 B.R. 52, 57 (S.D.N.Y. 2001) *("An account stated may be implied if the party receiving the statement keeps it for a reasonable time without objecting to or questioning the correctness of the account")*.    The account stated doctrine has been applied in the landlord-tenant context. *See Rockefeller Center Properties*, 266 B.R. at 57-60 (applying account stated doctrine to bar tenant from disputing accuracy of rent escalation statements sent by landlord that tenant retained for long periods of time without objection).

25.    Landlord first sent to the Debtors a detailed proposal of costs for the Emergency Work on November 19, 2017. Though Mr. Pukas claimed he had a "feeling" the work did not constitute emergency repair, he nonetheless did not object to the cost proposal nor did Kmart obtain other quotes for the work to be completed. Landlord never received any objection from Kmart that the cost for the work was too high or that the work did not need to be performed.

26.    On April 4, 2018, five months after Landlord sent the detailed proposal to the Debtors, and after the work was completed, Landlord sent the Invoices to the Debtors for payment. The Debtors ignored the request and again did not notify Landlord that they objected to the costs detailed in the Invoices.  In light of Kmart's retention of the Invoices for many months without objection, Mr. Pukas' equivocal statements in his November 20, 2017 email message to Mr. Pollani are insufficient to prevent the creation of an account stated with respect to the

Invoices. *See Little v. McClain*, 134 A.D. at 919 ("While it is true that, when one disclaims all liability upon an account rendered, he is not bound to examine the items of an account or be taken to have assented to them if he does not object, this disclaimer must be something more than a mental operation on the part of the person receiving the account. If he is to receive the benefit of this rule, he must express his disclaimer of any liability . . . .") (internal citations omitted).

27.     Despite Landlord's repeated request for payment or an update on the situation, the Debtors retained the Invoices without objection or communication for over ten months. Courts have routinely held that a defendant's retention of invoices for a period of even five months without objection entitles plaintiff to judgment as a matter of law on a cause of action for account stated. *Spectra Audio Research, Inc. v. 60-86 Madison Ave. District Mgmt. Ass'n, Inc.*, 267 A.D.2d 23, 24 (1st Dept 1999) ("Summary judgment on the cause of action for an account stated was also properly granted based upon defendant's acceptance and retention of plaintiff's monthly rent bills, without objection, for five months." *See also Morrison, Cohen, Singer and Weinstein, LLP v. Waters*, 13 AD 3d 51, 52 (1st Dept 2004) ("In the instant case, plaintiff's invoices were retained without any objection for a sufficient length of time [seven months] as a matter of law to establish defendant's liability on the account stated cause of action.")

28.     In this case, (1) Landlord undertook the emergency repairs needed at the Premises; (2) the Landlord properly and repeatedly rendered the Invoices to the Debtors requesting payment of such Invoices; (3) the Debtors to date still have never objected to the costs undertaken by Landlord for the Emergency Work; and (4) the Invoices remain unpaid.  While Mr. Pukas of Sears Holding Corporation mildly questioned whether the work needed to be performed on an emergency basis, Kmart never disputed that the work was necessary or that the

costs incurred by Landlord for the Emergency Work were any different than the costs Kmart would have incurred had it performed the work itself.

29.    Kmart's failure to pay the Invoices sent by Kmart for the cost of the Emergency Work is an Event of Default under Section 25.A(i) of the Lease, which Kmart was required to cure within 15 days after Landlord gave Kmart notice of the Event of Default via the Notice of Default served on September 12, 2018.  When the Event of Default was not cured within the 15-day period, the Lease terminated on October 23, 2018 on account of the conditional limitation provision of the Lease and Landlord's service of the Lease Termination Notice.

### III.    The Landlord was not Required to File an Adversary Proceeding to Obtain the Relief it Seeks.

30.    Fed. R. Bankr. P. 7001, provides, in relevant part, that: [t]he following are adversary proceedings: (1) a proceeding to recover money or property . . . (2) a proceeding to determine ... [an] interest in property . . . (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing . . . .

31.    Landlord is not seeking any these remedies. Rather, Landlord is seeking an order declaring the automatic stay inapplicable to Landlord's steps to recover the Premises pursuant to Section 362(b)(10) of the Bankruptcy Code.

32.    The courts that have addressed requests for relief under Sections 362(b)(10) and 541(b)(2) of the Bankruptcy Code have done so in the context of motions and not adversary proceedings. *See, e.g., In re Policy Realty*, 242 B.R. 121 (S.D.N.Y. 1999), *aff'd Policy Realty Corp. v. Trever Realty LLC*, 2000 U.S. App. LEXIS 8846 (2d Cir. 2000); *In re Artisanal 2015, LLC*, 2017 Bankr. LEXIS 3813, (Bankr. S.D.N.Y. 2017); *In re Mad Lolo LLC*, 2009 Bankr. LEXIS 1333 (Bankr. S.D.N.Y. 2009); *also In re Lakes Region Donuts, LLC*, 2014 Bankr. LEXIS 1183 (Bankr. D.N.H. 2014); *In re El Mariachi, LLC*, 2008 Bankr. LEXIS 4238 (Bankr. D. Conn.

2008); *In re Neville*, 118 B.R. 14, 17 (Bankr. E.D.N.Y. 1990).

33.    In any event, even if it is ultimately determined that the relief sought in the Motion should have been brought by way of an adversary proceeding, "courts have concluded that where the rights of the affected parties have been adequately presented so that no prejudice has arisen, form will not be elevated over substance and the matter will be allowed to proceed on the merits as originally filed." *In re Command Servs.Corp.*, 102 B.R. 905 (Bankr. N.D.N.Y. 1989) (collecting cases).

34.    In this case, no prejudice would arise from allowing the Court to hear the Motion as originally filed, whereas requiring Landlord to file an adversary proceeding on the same issues as those presented in the Motion would cause significant cost and delay. This is especially true in light of the fact that this Motion was originally scheduled to be heard on December 18, 2018 but, as an accommodation to the Debtors, Landlord twice agreed to delay the hearing on this Motion. To now cause additional delay by requiring Landlord to file an adversary proceeding would elevate form over substance for no meaningful purpose.

WHEREFORE, Midwood respectfully requests that the Court overrule the Objection and grant the Motion in its entirety and find that (i) the automatic stay is inapplicable to the Landlord's efforts to assert its rights under the Lease and (ii) that the Lease is not property of the Debtors' estates, and grant Midwood such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
         February 13, 2019                    FARRELL FRITZ, P.C.

                                    By:    /s/ Patrick Collins
                                           Patrick Collins
                                           Veronique A. Urban
                                           400 RXR Plaza
                                           Uniondale, New York 11556
                                           Tel:    (516) 227-0700
                                           Fax:    (516) 227-0777

                                           Attorneys for Midwood Management Corp., as
                                           agent for Expressway Plaza I, LLC and
                                           Farmingville Associates Phase 1, LLC as tenants in
                                           common

FF\8120204.5

15

**Exhibit A**

**Pollani Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                          :        Chapter 11
                                                :
SEARS HOLDINGS CORPORATION, *et al.*,           :        Case No. 18-23538 (RDD)
                                                :        (Jointly Administered)
                          Debtors.              :
-------------------------------------------------------------x

### DECLARATION OF PETER POLLANI IN SUPPORT OF
### MOTION FOR ORDER DECLARING AUTOMATIC STAY
### INAPPLICABLE TO NON-RESIDENTIAL REAL PROPERTY LEASE

Peter Pollani, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

1.      I am employed by Midwood Management Corp. ("Midwood") as a Portfolio Manager and have been acting in such role since October 2016. I am fully familiar with the facts and circumstances stated herein.

2.      I respectfully submit this Declaration in further support of Midwood's *Motion for Order Declaring Automatic Stay Inapplicable to Non-Residential Real Property Lease* (the "Motion"). I have read the Motion and the Debtor's Objection to the Motion.

3.      Midwood is the authorized agent of for Expressway Plaza I, LLC and Farmingville Associates Phase 1, LLC as tenants in common ("Landlord") with respect to the property located at 2280 North Ocean Avenue, Farmingville, New York (the "Property"). Landlord, as assignee of Farmingville Associates, a New York general partnership, and Kmart Corporation are parties to a lease (as amended and extended, the "Lease"), dated December 20, 1991, under which Kmart leased a portion of the Property from Landlord. The portion of the Property leased by Kmart (the "Premises") is located within a shopping center known as Expressway Plaza. Expressway Plaza is one of the properties I manage for Midwood.

4.     Since March 2017, I, on behalf of Midwood, have raised concerns with Kmart about the condition of the common areas of the Expressway Plaza parking lot for which Kmart was responsible for maintaining.  Copies of my email correspondence with personnel from Kmart and Sears Holdings Corporation from February 2017 through May 2017 on this subject, but excluding numerous photographs that were attached as exhibits to these emails, are annexed hereto as Exhibit "1".  Numerous potholes I brought to Kmart's attention in early March 2017 were not addressed by Kmart until on or about April 10, 2017.  Kmart's representative explained to me by email on March 24, 2017 that he was required to solicit bids for the repair work and then apply for funding—a process that evidently contributed to the delay.

5.     On April 7, 2017, an inspector from the Town of Brookhaven (the hamlet of Farmingville lies within the Town of Brookhaven), whom Midwood had invited to Expressway Plaza to inspect an ongoing construction project to build out space for a new tenant, commented to Ryan Frederick, project manager for Midwood, on the poor condition of the parking lot and indicated that, unless repaired, the potholes and curb damage could hinder Midwood's ability to obtain certificates of occupancy for incoming tenants.  I forwarded Mr. Frederick's report of that conversation to Kmart by email that same day and requested prompt action in lieu of sending Kmart a formal notice of default.  However, as of May 16, 2017, the curbs had not been repaired and potholes had reappeared.

6.     In late October or early November 2017, Midwood, on behalf of the Landlord, was nearing completion of another construction project at Expressway Plaza to build out space for an incoming tenant.  In connection with that construction project, Midwood arranged for a visit to the construction site from an inspector from the Town of Brookhaven.  I was not present

at this site visit, but learned the outcome from Midwood's project manager Ryan Frederick, who was present and who talked with the inspector.

7. I understand from Mr. Frederick that, upon arriving at Expressway Plaza, the inspector, Bruce Schaal, remarked to him that the road surface of the drive lanes leading to the Kmart Premises were in very bad shape and needed to be repaired quickly.

8. I am aware from my experience managing other construction projects that asphalt cannot be applied properly when the air temperature is too cold and, for this reason, many asphalt plants in the New York City metropolitan area shut down in late Fall every year and do not reopen until Spring. I was also mindful of Midwood's experiences with Kmart earlier that year when Kmart moved very slowly to required address parking lot repairs. For these reasons, I caused Midwood to obtain its own quotes from paving contractors for the work needed to repair the drive lanes.

9. Subsequent to the inspector's visit with Mr. Frederick, I met with the inspector personally at Expressway Plaza. He told me that the parking lot drive lanes needed to be re-paved immediately. Upon inspecting the drive lanes myself, I agreed with his assessment. The inspector said that the many other areas of the Kmart parking lot needed to be addressed as well, but I was able to convince him the additional work could wait until Spring because those areas did not experience a heavy amount of traffic. The inspector said the Town of Brookhaven would not issue a certificate of occupancy for the incoming tenant until the drive lanes were repaired and added that he would not permit asphalt to be poured once the temperature dropped below the to a specified lowest acceptable level, which was expected to occur within a matter of a couple of weeks.

10. At my direction, Midwood served on Kmart the notice, dated November 8, 2017,

3

informing Kmart it was in default of its obligation to maintain the parking lot and that Landlord was exercising its rights under Article 25(F) to perform emergency repair work to the parking lot and drive lanes (the "Emergency Work") at Kmart's cost and expense. I understand that a copy of this notice was annexed as Exhibit "3" to the Declaration of Steven Brown submitted with the the Motion.

11.    Bradley Pukas from Sears Holdings Corporation telephoned me after Kmart received the November 8, 2017 notice. The email exchange between me and Mr. Pukas attached to the Debtors' Objection to the Motion accurately reflects our conversation, except that I remember that either before or after Mr. Pukas sent his November 20, 2018 email message, I told him over the phone the Town of Brookhaven's practice was to not reduce to writing demands such as its demand that the parking lot drive lanes be re-paved immediately. In that email exchange, I sent him numerous photographs of damaged areas of the parking lot. For these reasons, I understood Mr. Pukas' November 20, 2018 email message to me to mean that he had the information he needed about the Emergency Work and would be contacting me if Kmart had questions about the Emergency Work or concerns about Midwood's intention to pass on to Kmart the expenses incurred by Landlord to carry out the Emergency Work.

12.    I and others at Midwood had numerous subsequent communications with Kmart, primarily with the Kmart personnel present at the Expressway Plaza Premises, to coordinate the Emergency Work, which was carried out on November 20-23, 2017 and then during the week of November 27, 2017. However, I did not receive any subsequent communications from Mr. Pukas, or anyone else at or on behalf of Kmart, questioning the need for the Emergency Work or whether Kmart would be responsible for reimbursing Landlord for the expenses it incurred to perform the Emergency Work. Receiving no objections or further questions from Kmart,

Midwood billed Kmart on April 4, 2018 and April 26, 2018 for Kmart's proportionate share of the sums expended by Landlord to perform the Emergency Work.   No one from Kmart ever contacted me about these bills.

Dated:  February 13, 2019

_____

PETER POLLANI

# EXHIBIT 1

| | |
|---|---|
| **From:** | Signoretti, William <William.Signoretti@searshc.com> |
| **Sent:** | Friday, March 10, 2017 12:20 PM |
| **To:** | Peter Pollani |
| **Cc:** | Pukas, Bradley |
| **Subject:** | RE: Parking Lot Pole Lights |
| **Attachments:** | photo 1.jpg; photo 2.jpg; image.jpeg |

Good afternoon Peter,

I was there yesterday to survey the potholes in the parking lot and noted the lights. I was (2) light heads out on the poles that are our responsibility. I typically take a Google Earth picture, circle the ones that are out, and send to my contractor for repairs.

As for the potholes I requested proposals on that yesterday.

I was going to contact you with one question. Some of the potholes/damage, specifically those in the roadway from the side of the garden center and LA Fitness out to North Ocean Ave. were caused, in part, by the heavy truck traffic during construction of the LA Fitness. Do you know if the project included any funding for repairs in these areas. The pictures attached are the ones I am speaking about. The rest of the holes are not near this area so not in question.

**From:** Midwood Exchange [mailto:ppollani@midwoodid.com]
**Sent:** Friday, March 10, 2017 12:08 PM
**To:** Signoretti, William
**Cc:** Pukas, Bradley
**Subject:** Re: Parking Lot Pole Lights

Will/Brad,

Thanks for having the trailer situation corrected.

Please also note that several parking lot lights in front of your store are out and require replacement.

Per your lease, it is your responsibility to maintain these lights.

Kindly let me know when you plan on having this addressed.

Thanks in advance.

Regards,

Peter Pollani, FMP
Portfolio Manager
Midwood Investment & Development
430 Park Avenue, Suite 505
New York, NY 10022
Main: (212).682.9595
Direct: (646).292.4924

1

Mobile: (516).732.8977
ppollani@midwoodid.com

On Mar 1, 2017, at 4:04 PM, Signoretti, William <William.Signoretti@searshc.com> wrote:

Peter,

I spoke with the store and they told me they would have it moved the next day. It is possible that the
message was not sent to the entire management team and the trucking company. I will let them know
again. They say the hauler has been swapping out trailers like this for 10 years and picking it up the next
day when the new trailer is delivered. I will contact them today.

**From:** Peter Pollani [mailto:ppollani@midwoodid.com]
**Sent:** Wednesday, March 01, 2017 12:51 PM
**To:** Signoretti, William; Pukas, Bradley
**Subject:** RE: Unauthorized Storage of Tractor Trailer & Refrigerator/Debris near compactor

Bill,

Can you kindly follow up on the storage of the trailer?

It is still being stored.

Regards,

Peter Pollani, FMP
Portfolio Manager
Midwood Investment & Development
430 Park Avenue, Suite 505
New York, NY 10022
Main: (646).292.4912
Direct: (646).292.4924
Mobile: (516).732.8977
ppollani@midwoodid.com

**From:** Peter Pollani
**Sent:** Wednesday, February 22, 2017 3:06 PM
**To:** 'Signoretti, William' <William.Signoretti@searshc.com>; Pukas, Bradley
<Bradley.Pukas@searshc.com>
**Subject:** RE: Unauthorized Storage of Tractor Trailer & Refrigerator/Debris near compactor

Bill,

Thanks on both accounts.

Just to confirm this was K-Marts snow removal vendor that hit the doors correct?

Regards,

Peter Pollani, FMP
Portfolio Manager

Midwood Investment & Development
430 Park Avenue, Suite 505
New York, NY 10022
Main: (646).292.4912
Direct: (646).292.4924
Mobile: (516).732.8977
ppollani@midwoodid.com

**From:** Signoretti, William [mailto:William.Signoretti@searshc.com]
**Sent:** Wednesday, February 22, 2017 2:36 PM
**To:** Peter Pollani <ppollani@midwoodid.com>; Pukas, Bradley <Bradley.Pukas@searshc.com>
**Subject:** RE: Unauthorized Storage of Tractor Trailer & Refrigerator/Debris near compactor

Good afternoon Peter,

The trailer is something the store would handle by calling the distribution center. I will notify the store
to call the DC and find out why the driver left a trailer there. I will also have them clean up the debris.

As for the refrigerator, that is there because the snow plow hit the doors. As soon as the doors are
repaired that unit will be brought back inside.

Thanks,

Bill

William Signoretti
Sears Holdings Corporation
District Facilities Manager 237
Long Island/New York City
William.Signoretti@searshc.com
cell (631) 739-3801

To *serve*, *delight* and *engage* our *members* while they *shop their way*

This document/information was requested by legal counsel, is attorney-client privileged, attorney work product,
disseminated and/or provided in contemplation of potential or future litigation, and/or confidential information
that is intended solely for the use of individual(s) or entit(ies) to which it is disseminated. You are hereby notified
that any dissemination, distribution, or copying of this communication is strictly prohibited.

**From:** Peter Pollani [mailto:ppollani@midwoodid.com]
**Sent:** Wednesday, February 22, 2017 2:28 PM
**To:** Pukas, Bradley
**Cc:** Signoretti, William
**Subject:** Unauthorized Storage of Tractor Trailer & Refrigerator/Debris near compactor

Brad,

Not sure if you're the person to address this, however please see the attached photos of a tractor
trailer that is being stored in our rear parking lot.

It appears based on the surveillance above that one of K-Marts haulers relocated the trailer and
stored it without our permission.

Please also note that there are debris along the back wall that also need to be removed (as evidenced in the photo attached, a refrigerator and loose trash along the left side of the compactor).

If you're not the correct person to handle these items, please point me in the right direction as this needs to be addressed asap.

Thanks in advance for your cooperation.

Regards,

Peter Pollani, FMP
Portfolio Manager
Midwood Investment & Development
430 Park Avenue, Suite 505
New York, NY 10022
Main: (646).292.4912
Direct: (646).292.4924
Mobile: (516).732.8977
ppollani@midwoodid.com

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.
This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

| | |
|---|---|
| **From:** | Signoretti, William <William.Signoretti@searshc.com> |
| **Sent:** | Friday, March 24, 2017 2:05 PM |
| **To:** | Peter Pollani |
| **Cc:** | Pukas, Bradley |
| **Subject:** | RE: Update- Additional Repairs/Parking Lot Pole Lights |

Peter,

I have a process I have to follow, requiring (3) bids and then have to apply for funding. That is why repairs are not made yet. I will see about addressing these (2) items separately and the rest via the bidding process.

**From:** Midwood Exchange [mailto:ppollani@midwoodid.com]
**Sent:** Friday, March 24, 2017 12:14 PM
**To:** Signoretti, William
**Cc:** Pukas, Bradley
**Subject:** Update- Additional Repairs/Parking Lot Pole Lights

William,

Just checking in on the pot hole repairs in your parking lot as they seem to be getting worse.

Can you please also address the two items (photos below) as noted during a property walkthrough today:

-Stop sign and large pot hole repair at the   Southeast corner of your property

-Sidewalk deficiency directly to the right of the stores front entrance

My contractor and development team are also currently preparing costs for the main road asphalt repairs and will get back to you with an answer shortly.

Thanks much.

Regards,

Peter Pollani, FMP
Portfolio Manager
Midwood Investment & Development
430 Park Avenue, Suite 505
New York, NY 10022
Main: (212).682.9595
Direct: (646).292.4924
Mobile: (516).732.8977
ppollani@midwoodid.com





On Mar 10, 2017, at 12:20 PM, Signoretti, William <<u>William.Signoretti@searshc.com</u>> wrote:

Good afternoon Peter,

I was there yesterday to survey the potholes in the parking lot and noted the lights. I was (2) light heads out on the poles that are our responsibility. I typically take a Google Earth picture, circle the ones that are out, and send to my contractor for repairs.

As for the potholes I requested proposals on that yesterday.

I was going to contact you with one question. Some of the potholes/damage, specifically those in the roadway from the side of the garden center and LA Fitness out to North Ocean Ave. were caused, in part, by the heavy truck traffic during construction of the LA Fitness. Do you know if the project included any funding for repairs in these areas. The pictures attached are the ones I am speaking about. The rest of the holes are not near this area so not in question.

**From:** Midwood Exchange [<u>mailto:ppollani@midwoodid.com</u>]
**Sent:** Friday, March 10, 2017 12:08 PM
**To:** Signoretti, William
**Cc:** Pukas, Bradley
**Subject:** Re: Parking Lot Pole Lights

Will/Brad,

Thanks for having the trailer situation corrected.

Please also note that several parking lot lights in front of your store are out and require replacement.

Per your lease, it is your responsibility to maintain these lights.

Kindly let me know when you plan on having this addressed.

Thanks in advance.

Regards,

Peter Pollani, FMP
Portfolio Manager
Midwood Investment & Development
430 Park Avenue, Suite 505
New York, NY 10022
Main: (212).682.9595
Direct: (646).292.4924
Mobile: (516).732.8977
ppollani@midwoodid.com

On Mar 1, 2017, at 4:04 PM, Signoretti, William <William.Signoretti@searshc.com> wrote:

> Peter,
>
> I spoke with the store and they told me they would have it moved the next day. It is
> possible that the message was not sent to the entire management team and the
> trucking company. I will let them know again. They say the hauler has been swapping
> out trailers like this for 10 years and picking it up the next day when the new trailer is
> delivered. I will contact them today.
>
> ---
>
> **From:** Peter Pollani [mailto:ppollani@midwoodid.com]
> **Sent:** Wednesday, March 01, 2017 12:51 PM
> **To:** Signoretti, William; Pukas, Bradley
> **Subject:** RE: Unauthorized Storage of Tractor Trailer & Refrigerator/Debris near
> compactor
>
> Bill,
>
> Can you kindly follow up on the storage of the trailer?
>
> It is still being stored.
>
> Regards,
>
> Peter Pollani, FMP
> Portfolio Manager
> Midwood Investment & Development
> 430 Park Avenue, Suite 505
> New York, NY 10022
> Main: (646).292.4912
> Direct: (646).292.4924
> Mobile: (516).732.8977

ppollani@midwoodid.com

**From:** Peter Pollani
**Sent:** Wednesday, February 22, 2017 3:06 PM
**To:** 'Signoretti, William' <William.Signoretti@searshc.com>; Pukas, Bradley
<Bradley.Pukas@searshc.com>
**Subject:** RE: Unauthorized Storage of Tractor Trailer & Refrigerator/Debris near
compactor

Bill,

Thanks on both accounts.

Just to confirm this was K-Marts snow removal vendor that hit the doors correct?

Regards,

Peter Pollani, FMP
Portfolio Manager
Midwood Investment & Development
430 Park Avenue, Suite 505
New York, NY 10022
Main: (646).292.4912
Direct: (646).292.4924
Mobile: (516).732.8977
ppollani@midwoodid.com

**From:** Signoretti, William [mailto:William.Signoretti@searshc.com]
**Sent:** Wednesday, February 22, 2017 2:36 PM
**To:** Peter Pollani <ppollani@midwoodid.com>; Pukas, Bradley
<Bradley.Pukas@searshc.com>
**Subject:** RE: Unauthorized Storage of Tractor Trailer & Refrigerator/Debris near
compactor

Good afternoon Peter,

The trailer is something the store would handle by calling the distribution center. I will
notify the store to call the DC and find out why the driver left a trailer there. I will also
have them clean up the debris.

As for the refrigerator, that is there because the snow plow hit the doors. As soon as the
doors are repaired that unit will be brought back inside.

Thanks,

Bill

William Signoretti
Sears Holdings Corporation
District Facilities Manager 237
Long Island/New York City
William.Signoretti@searshc.com
cell (631) 739-3801

5

To **serve**, **delight** and **engage** our **members** while they **shop their way**

This document/information was requested by legal counsel, is attorney-client privileged, attorney work product, disseminated and/or provided in contemplation of potential or future litigation, and/or confidential information that is intended solely for the use of individual(s) or entit(ies) to which it is disseminated. You are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

**From:** Peter Pollani [mailto:ppollani@midwoodid.com]
**Sent:** Wednesday, February 22, 2017 2:28 PM
**To:** Pukas, Bradley
**Cc:** Signoretti, William
**Subject:** Unauthorized Storage of Tractor Trailer & Refrigerator/Debris near compactor

Brad,

Not sure if you're the person to address this, however please see the attached photos of a tractor trailer that is being stored in our rear parking lot.

It appears based on the surveillance above that one of K-Marts haulers relocated the trailer and stored it without our permission.

Please also note that there are debris along the back wall that also need to be removed (as evidenced in the photo attached, a refrigerator and loose trash along the left side of the compactor).

If you're not the correct person to handle these items, please point me in the right direction as this needs to be addressed asap.

Thanks in advance for your cooperation.

Regards,

Peter Pollani, FMP
Portfolio Manager
Midwood Investment & Development
430 Park Avenue, Suite 505
New York, NY 10022
Main: (646).292.4912
Direct: (646).292.4924
Mobile: (516).732.8977
ppollani@midwoodid.com

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.
This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain

proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

<photo 1.jpg>

<photo 2.jpg>

<image.jpeg>

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

**From:** Signoretti, William <William.Signoretti@searshc.com>
**Sent:** Wednesday, May 3, 2017 3:30 PM
**To:** Peter Pollani
**Subject:** RE: Expressway Outstanding Items

The curbs were supposed to have been repaired already. I'm sure they are going to tell me it has been raining a lot, but they have had time. I will call them this afternoon.

The last time I was there, I did not see any potholes in the drive road behind Burger King. I will stop in there tomorrow afternoon and survey those so I can get them repaired.

Spring clean-up (sand) was also supposed to have been done. I will call the sweeper on that also.

**From:** Peter Pollani [mailto:ppollani@midwoodid.com]
**Sent:** Wednesday, May 03, 2017 3:25 PM
**To:** Signoretti, William
**Subject:** RE: Expressway Outstanding Items

Bill,

Just checking in.

I was onsite yesterday and there is significant curb damage across your property. There are also significant amounts of sand and debris in your parking lot along with a few lingering pot holes in the main drive lane parallel to N. Ocean.

The TOB inspector for the front PAD is going to give us a hard time unless this is corrected.

Please advise as to status on the above asap.

Regards,

Peter Pollani, FMP
Portfolio Manager
Midwood Investment & Development
430 Park Avenue, Suite 505
New York, NY 10022
Main: (646).292.4912
Direct: (646).292.4924
Mobile: (516).732.8977
ppollani@midwoodid.com

**From:** Signoretti, William [mailto:William.Signoretti@searshc.com]
**Sent:** Wednesday, April 12, 2017 1:47 PM
**To:** Peter Pollani <ppollani@midwoodid.com>
**Subject:** RE: Expressway

The spring clean-ups are scheduled to start next week, right after Easter.

I will get the asphalt guy back to get the pothole out back.

The snow vendor was there yesterday to survey all the damaged curbs and plan repairs for next week, weather permitting.

**From:** Midwood Exchange [mailto:ppollani@midwoodid.com]
**Sent:** Wednesday, April 12, 2017 1:15 PM
**To:** Signoretti, William
**Subject:** Re: Expressway

Will,

Asphalt looks like it was completed- thanks. There is also a nice pothole behind your store that could use filling.

Also, I will be walking the property with my COO sometime in mid May.

Can you please advise as to when you anticipate spring cleanup to take place? There is an excessive amount for sand and dirt in the lot.

Hopefully the curb repairs are also in process.

Thanks as always.

Regards,

Peter Pollani, FMP
Portfolio Manager
Midwood Investment & Development
430 Park Avenue, Suite 505
New York, NY 10022
Main: (212).682.9595
Direct: (646).292.4924
Mobile: (516).732.8977
ppollani@midwoodid.com

On Apr 7, 2017, at 6:02 PM, Signoretti, William <William.Signoretti@searshc.com> wrote:

Asphalt is Monday. It was scheduled for yesterday but of course it rained.

The curbs I should know on Monday, that is a different vendor.

Sent from my iPhone

On Apr 7, 2017, at 5:45 PM, Midwood Exchange <ppollani@midwoodid.com> wrote:

Will,

See below (confidential).

Any update on when your asphalt and curb repairs are being made?

I don't want this coming to a head and rather address it without formal notice if possible.

Regards,

Peter Pollani, FMP
Portfolio Manager
Midwood Investment & Development
430 Park Avenue, Suite 505
New York, NY 10022
Main: (212).682.9595
Direct: (646).292.4924
Mobile: (516).732.8977
ppollani@midwoodid.com

Begin forwarded message:

> **From:** Ryan Frederick <rf@midwoodid.com>
> **Date:** April 7, 2017 at 4:39:42 PM EDT
> **To:** Peter Pollani <ppollani@midwoodid.com>
> **Subject: RE: Expressway**
>
> Hey Peter,
>
> We passed our inspection today for Planning, but the inspector apparently was pretty upset about the condition of the rest of the plaza. I only walked around right where I took those pictures, but he wants the rest of the site to be fixed up too. Based on what my site guy told me, he was focused on curbs and potholes, but was speaking pretty generally about the balance of the site as well. It's not going to hold up the LAF CO, but he made general references about it affecting our front pad CO. We may want to have your site guy do an entire survey of the center and mark up a drawing of where there are broken curbs, potholes, missing striping/signage, etc. Just a thought, let me know what you think. Thanks man.
>
> Ryan Frederick
> Project Manager
> MIDWOOD INVESTMENT & DEVELOPMENT
> 430 Park Avenue, Suite 505
> New York, NY 10022
> 212.682.9595 main
> 646.292.4916 direct
> 646-483-0695 mobile
> 212.983.9697 fax
> RF@Midwoodid.com

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged

information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

| | |
|---|---|
| **From:** | Signoretti, William <William.Signoretti@searshc.com> |
| **Sent:** | Tuesday, May 16, 2017 3:23 PM |
| **To:** | Peter Pollani |
| **Subject:** | Kmart 4871 Farmingville |
| **Attachments:** | photo 1.JPG; photo 2.JPG; photo 3.JPG; photo 4.JPG; photo 5.JPG; image.jpeg |

Good afternoon Peter,

I went to the store and surveyed the potholes in the roadway you outlined as well as the one behind the store. My contractor was already there, I requested funding, and it should be late this week/early next for the work to be done.

As for the curbs, I stopped by yesterday and saw the repairs weren't started. I called the vendor, and was told due to all the rain in the past weeks they are behind. I reminded them of my obligations to the property owner and the expedited need to get this done. If I don't see movement by the end of this week, I will get the work done by someone else and then have to go after the original vendor for reimbursement.

Regards,

Bill

**William Signoretti**
**Sears Holdings Corporation**
**District Facilities Manager 237**
**Long Island/New York City**
**William.Signoretti@searshc.com**
**cell (631) 739-3801**

To serve, delight and engage our members while they shop their way

This document/information was requested by legal counsel, is attorney-client privileged, attorney work product, disseminated and/or provided in contemplation of potential or future litigation, and/or confidential information that is intended solely for the use of individual(s) or entit(ies) to which it is disseminated. You are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

**Exhibit B**

**Davidov Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                          :        Chapter 11
                                                :
SEARS HOLDINGS CORPORATION, *et al.*,           :        Case No. 18-23538 (RDD)
                                                :        (Jointly Administered)
                              Debtors.          :
-------------------------------------------------------------x

### DECLARATION OF JULIE DAVIDOV IN FURTHER SUPPORT OF MOTION OF MIDWOOD MANAGEMENT CORP. FOR ORDER DECLARING AUTOMATIC STAY INAPPLICABLE TO NON-RESIDENTIAL REAL PROPERTY LEASE

Julie Davidov, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

1.    I am a property accountant for Midwood Management Corp. ("Landlord"). I have been employed by Midwood Management Corp. since 2008 and have held the position of property accountant since December 1, 2017. Consequently, I am fully familiar with the facts and circumstances stated herein.

2.    I respectfully submit this Declaration in further support of Midwood's *Motion for Order Declaring Automatic Stay Inapplicable to Non-Residential Real Property Lease* (the "Motion").

3.    Midwood is the authorized agent of for Expressway Plaza I, LLC and Farmingville Associates Phase 1, LLC as tenants in common ("Landlord") with respect to the property located at 2280 North Ocean Avenue, Farmingville, New York (the "Property"). Landlord, as assignee of Farmingville Associates, a New York general partnership, and Kmart Corporation are parties to a lease (as amended and extended, the "Lease"), dated December 20, 1991, under which Kmart leased a portion of the Property from Landlord. The portion of the Property leased by Kmart (the "Premises") is located within a shopping center known as

Expressway Plaza.

4.      It is not, and has not been, Midwood's practice to send Kmart monthly statements for amounts due under the Lease.  Rather, Midwood's practice has been to send Kmart invoices for additional rent as and when charges comprising additional rent under the Lease arise.

5.      On April 4, 2018, I sent an e-mail[1] to Franck Moyo and Tammi Banaszak at Sears Holdings Corporation transmitting two invoices (the "Initial Invoices") in the total amount of $208,062.10 for most of Kmart's share of the costs incurred by Landlord to perform emergency work at the Premises and requesting payment of those Invoices. Midwood has previously sent additional rent invoices under the Lease to Mr. Moyo and Ms. Banaszak that were processed by Kmart without incident.  On April 26, 2018, I sent an email to Mr. Moyo and Ms. Banaszak transmitting a third invoice (the "Third Invoice" and together with the Initial Invoices, the "Invoices"), in the amount of $7,364.78 for the remainder of Kmart's share of the costs incurred by Landlord to perform the emergency work.

6.      I did not receive a response from Mr. Moyo or Ms. Banaszak to my April 4th or April 26th e-mails.

7.      On May 8, 2018, I again sent a message to Mr. Moyo and Ms. Banaszak querying whether the payment had been mailed to the Landlord on the Initial Invoices and requesting that they advise me as soon as possible.

8.      On that same date, Mr. Moyo, a financial analyst in the real estate department at Sears Holdings Corporation, responded to me that those invoices were assigned to one of the Debtors' analysts for review and that the analyst would contact me if she had any questions. He copied Ms. Banaszak and Dorothy Field, a lease administrator for Sears Holdings Corporation, on the e-mail.

---

[1] All e-mails referred to herein between me and the Debtors are attached hereto as **Exhibit 1**.

9.    On May 30, 2018, I followed-up to Mr. Moyo's May 8th e-mail and requested that Mr. Moyo provide me with an update on payment status. I copied Ms. Banaszak and Ms. Field on my e-mail, but I did not receive a response from any of them.

10.    On June 6, 2018, I again followed up by e-mail with Mr. Moyo, Ms. Banaszak and Ms. Field in two separate e-mails requesting payment for both the Initial Invoices and the Third Invoice and requesting that they advise me as soon as possible if payment had been sent. I did not receive a response to my e-mails.

11.    On June 19, 2018, I again requested an update from Mr. Moyo and Ms. Banaszak on the Initial Invoices.

12.    On that same date, Mr. Moyo replied to me that payment had been sent for the real estate taxes due under the Lease. I responded back to him a few minutes later that my e-mails pertained not to the payment of the real estate taxes but to the payment of the Invoices relating to the emergency work. I did not receive any further response from Mr. Moyo.

13.    I sent additional follow-up emails to Mr. Moyo and Ms. Banaszak on June 26, 2018 and July 11, 2018. I did not receive a response to either of those e-mails.

Dated: February 13, 2019

_____
JULIE DAVIDOV

3

FF\8124999.1

# EXHIBIT 1

| | |
|---|---|
| **From:** | Julie Davidov <jd@midwoodid.com> |
| **Sent:** | Wednesday, April 4, 2018 4:01 PM |
| **To:** | 'Moyo, Franck'; 'Banaszak, Tammi' |
| **Cc:** | Steven Brown; Peter Pollani; Tina Pan; Richard Fisher |
| **Subject:** | K mart- # 4871 - expressway plaza |
| **Attachments:** | kmart - invoice #2.pdf; kmart.pdf |

Hello,

Please see attached 2 invoices for your payment

Thank you,

**Julie Davidov**
**Property Accountant**

**Midwood Investment & Development**
430 Park Avenue, 2nd Floor, New York, NY 10022
Direct: 646.292.4918 Fax: 212.983.9697
jd@midwoodid.com

1

MIDWOOD MANAGEMENT CORP.
430 PARK AVENUE 2ND FLOOR

NEW YORK, NY  10022
(212) 682-9595


C/O SEARS ROEBUCK & CO
K MART # 4871
ATTN: LEASE ADM.
333 BEVERLY ROAD
HOFFMAN ESTATES, IL  60179


| Tenant Name: | K MART # 4871 |
|---|---|
| Space Number: | 16 |
| Invoice Date: | April 4, 2018 |


| | |
|---|---:|
| 2018 MISC INCOME Expense | 58,983.38 |
| Prior Year Expense w/ % Increase | |
| Prior Year Expense w/ % Increase | |
| Total Recoverable Expense for Current Year | 58,983.38 |
| Less Stop Amount | |
| Total Recoverable MISC INCOME Expense | 58,983.38 |
| Tenant Share | 40.00% |
| Total Amount Due for 2018 Before Cap | 23,593.35 |
| Cap for Year | |
| Total Due for Expense Period | 23,593.35 |
| Occupancy Percentage for Year | 100.00% |
| **Total Amount Due** | **23,593.35** |

# DuMOR Construction Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY 11706
631 586-7200  631 586-7208

| DATE | INVOICE # |
|------|-----------|
| 12/6/2017 | 16719 |

**BILL TO**

Midwood Management
430 Park Avenue
Suite 505
New York, NY 10022
Attn: Mr. Peter Pollani

**JOB NAME**

Completed 12/6/17

| P.O. NO. | TERMS | REP |
|----------|-------|-----|
|          | Upon Receipt | D J |

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| Rebrick Drywell | JOB: Express Plaza<br>2302 -2390 North Ocean Avenue<br>910 - 930 Horseblock Road (AKA 2280 North Ocean Avenue)<br>Farmingville, NY<br>REBRICK DRAIN COVER: Five Covers (5)<br>1) Saw cut & remove asphalt around drywell cover and dispose of asphalt.<br>2) Excavate grab and remove casting.<br>3) Remove and replace bricks as necessary.<br>4) Backfill. Install RCA base blend and compact. | |
| PATCH - R & R | PATCH: Remove and replace 10,200 sf in 14 areas.<br>1) Saw cut asphalt and remove as mill area down.<br>2) Add recycled crushed concrete base blend as needed and compact.<br>3) Patch areas with 2 1/2" of NY State Type 6F asphalt compacted to<br>an average depth of 2".<br>4) Apply hot tar to seams of patches to prevent water infiltration. | |
| Walk<br>Curbs<br>Total<br>Reconstruct Parkin... | 1) Remove and replace sidewalk in 2 areas approximately 10 sf<br>2) Remove and replace curbing approximately 26 lf in 2 areas.<br>Total price for taxable portion of job, not including NYS sales tax<br>RECONSTRUCT PARKING AREA: Drive Lane 2 area approximately 54500 sf<br>SEE Diagram<br>Job to include:<br>1) Mill existing pavement and dispose of off site.<br>2) Add RCA as necessary.<br>3) Regrade base blend and compact.<br>4) Adjust steel manhole covers and drains as necessary to<br>new grade.<br>5) Pave area with: | 54,300.00T |

| Please return one copy with payment. Thank You!!! | Total | |
|---|---|---|

Page 1

# DuMOR Construction Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY 11706
631 586-7200  631 586-7208

| DATE | INVOICE # |
|------|-----------|
| 12/6/2017 | 16719 |

**BILL TO**

Midwood Management
430 Park Avenue
Suite 505
New York, NY 10022
Attn: Mr. Peter Pollani

**JOB NAME**

Completed 12/6/17

| P.O. NO. | TERMS | REP |
|----------|-------|-----|
| | Upon Receipt | D J |

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| | 2" of binder asphalt after compaction | |
| | 1 1/2" of NY State Top asphalt  after compaction | |
| | 6) Restripe parking area. | |
| | NOTE: Price based on existing asphalt being no more | |
| | than 2" thick | |
| | Dumor Construction Inc will call for a utility mark out as required | |
| | by law. There may be utilities consumer owned (not owned by | |
| | utility company, owned by property owner) that may not be | |
| | marked out. If deemed necessary, a private markout company | |
| | can be hired and the cost passed along to our customer, | |
| | usually about $500.00 for a smaller job. | |
| | There may be permits required (depending on Towns requirements) | |
| | for a total restripe of lot. Site plan may be needed as well. | |
| | DuMOR Construction Inc and any of our subcontractors will not | |
| | be responsible for any underground wiring, pipes or utilities and | |
| | or any other conditions buried under the existing pavement. | |
| | Including, but not limited to sprinklers, site lighting, electric gate | |
| | wires or traffic light actuator (traffic light loops). | |
| | There may also be concrete covers buried under pavement due | |
| | to improper abandoned cesspools, etc. Additional cost to repair | |
| | any under pavement damage will be the responsibility of the owner | |
| | of property, not the contractor or subcontractor. | |
| Sales Tax - Suffolk County | | 4,683.38 |

Please return one copy with payment. Thank You!!!

| Total | $58,983.38 |
|-------|-----------|

Good Service and quality work deserves quick
payment.

MIDWOOD MANAGEMENT CORP.
430 PARK AVENUE 2ND FLOOR

NEW YORK, NY  10022
(212) 682-9595


C/O SEARS ROEBUCK & CO
K MART # 4871
ATTN: LEASE ADM.
333 BEVERLY ROAD
HOFFMAN ESTATES, IL  60179


| Tenant Name: | K MART # 4871 |
| Space Number: | 16 |
| Invoice Date: | April 4, 2018 |


| | |
|---|---|
| 2018 MISC INCOME Expense | 184,468.75 |
| Prior Year Expense w/ % Increase | |
| Prior Year Expense w/ % Increase | |
| Total Recoverable Expense for Current Year | 184,468.75 |
| Less Stop Amount | |
| Total Recoverable MISC INCOME Expense | 184,468.75 |
| Tenant Share | 100.00% |
| Total Amount Due for 2018 Before Cap | 184,468.75 |
| Cap for Year | |
| Total Due for Expense Period | 184,468.75 |
| Occupancy Percentage for Year | 100.00% |
| **Total Amount Due** | **184,468.75** |

# DuMOR Construction Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY 11706.
631 586-7200  631 586-7208

| DATE | INVOICE # |
|------|-----------|
| 11/28/2017 | 16703 |

**BILL TO**

Midwood Management
430 Park Avenue
Suite 505
New York, NY 10022
Attn: Mr. Peter Pollasi

**JOB NAME**

Paving completed 11/27/17

| P.O. NO. | TERMS | REP |
|----------|-------|-----|
| | Upon Receipt | DJ |

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| Reconstruct Parkin... | RECONSTRUCT PARKING AREA: Drive Lane 2 area approximately 54500 sf | 184,468.75 |
| | SEE Diagram. Job to include: | |
| | 1) Mill existing pavement and dispose of off site. | |
| | 2) Add RCA as necessary. | |
| | 3) Regrade base blend and compact. | |
| | 4) Adjust steel manhole covers and drains as necessary to | |
| | new grade. | |
| | 5) Pave area with: | |
| | 2" of binder asphalt after compaction | |
| | 1 1/2" of NY State Top asphalt after compaction | |
| | 6) Restripe parking area. | |
| | NOTE: Price based on existing asphalt being no more | |
| | than 2" thick | |
| | Please sign date and return certificate of capital improvement. Thank you!! | |
| | Sales Tax - Suffolk County | 0.00 |

Retain this copy for your records.

| | Total | $184,468.75 |
|---|-------|-------------|

Good-Service and quality work deserves quick
payment.



New York State Department of Taxation and Finance
**New York State and Local Sales and Use Tax**

# Certificate of Capital Improvement

**ST-124**
(2/12)

After this certificate is completed and signed by both the customer and the contractor performing the capital improvement, it must be kept by the contractor.

**Read this form completely before making any entries.**

**This certificate may not be used to purchase building materials exempt from tax.**

| Name of customer (exact or legal) | Name of contractor (standard type) |
|---|---|
| Midwood Mgmt Corp | DUMOR Construction Inc |
| Address (number and street) | Address (number and street) |
| 430 Park Ave Suite 505 | 42 Grant Ave |
| City / State / ZIP code | City / State / ZIP code |
| New York NY 10022 | Bay Shore NY 11706 |
| Sales tax Certificate of Authority number (if any) | Sales tax Certificate of Authority number (if any) |
| | 11-2607081 |

**To be completed by the customer**

Describe capital improvement to be performed:

Pave - Reconstruct Drive lane 2 area

| Project name |
|---|
| Expressway Plaza |
| Street address where the work is to be performed / City / State / ZIP code |
| North Ocean Ave      Farmingville      NY    11738 |

**I certify that:**
- I am the (mark one) ☐ owner ☐ tenant of the real property identified on this form; and
- the work described above will result in a capital improvement to the real property within the guidelines of this form; and
- this contract (mark one) ☐ includes ☐ does not include the sale of any tangible personal property that, when installed, does not become a permanent part of the real property (for example, a free-standing microwave or washing machine).

**I understand that:**
- I will be responsible for any sales tax, interest, and penalty due on the contractor's total charge for tangible personal property and for labor if it is determined that this work does not qualify as a capital improvement; and
- I will be required to pay the contractor the appropriate sales tax on tangible personal property (and any associated services) transferred to me pursuant to this contract when the property installed by the contractor does not become a permanent part of the real property; and
- I will be subject to civil or criminal penalties (or both) under the Tax Law if I issue a false or fraudulent certificate.

| Signature of customer | Title | Date |
|---|---|---|
| | | |

**To be completed by the contractor**

I, the contractor, certify that I have entered into a contract to perform the work described by the customer named above, and that I accept this form in good faith. (A copy of the written contract, if any, is attached.) I understand that my failure to collect tax as a result of accepting an improperly completed certificate will make me personally liable for the tax otherwise due, plus penalties and interest.

| Signature of contractor | Title | Date |
|---|---|---|
| Christine O'Donnell | Office Mgn. | 11/28/17 |

**This certificate is not valid unless all entries are completed.**

| | |
|---|---|
| **From:** | Julie Davidov <jd@midwoodid.com> |
| **Sent:** | Wednesday, May 30, 2018 10:54 AM |
| **To:** | Moyo, Franck; Banaszak, Tammi; Field, Dorothy |
| **Cc:** | Tina Pan; Peter Pollani; Steven Brown; Richard Fisher |
| **Subject:** | RE: K mart- # 4871 - expressway plaza -2  invoices |

Good Morning,

I am following up here. Can you please provide us with an update on payment status?


Thank you,

**Julie Davidov**
**Property Accountant**

**Midwood Investment & Development**
430 Park Avenue, 2nd Floor, New York, NY 10022
Direct: 646.292.4918 Fax: 212.983.9697
jd@midwoodid.com


**From:** Moyo, Franck <Franck.Moyo@searshc.com>
**Sent:** Tuesday, May 08, 2018 5:42 PM
**To:** Julie Davidov <jd@midwoodid.com>
**Cc:** Banaszak, Tammi <Tammi.Banaszak@searshc.com>; Tina Pan <tpan@midwoodid.com>; Peter Pollani
<ppollani@midwoodid.com>; Steven Brown <SBrown@midwoodid.com>; Richard Fisher <rfisher@midwoodid.com>;
Field, Dorothy <Dorothy.Field@searshc.com>
**Subject:** RE: K mart- # 4871 - expressway plaza -2 invoices

It's been assigned to one of our analysts for review.
She will contact you if she has any questions.

Thank you

**FRANCK MOYO**
Financial Analyst Real Estate
Sears Holdings Corporation
Desk# BC-183B
Franck.Moyo@searshc.com

Except where an express statement to the contrary is contained in this communication, (a) nothing in this
communication is to be regarded or construed as an electronic signature, nor is this communication intended to be
"signed," (b) nothing in this communication is to be regarded as an offer, an acceptance, or an undertaking to negotiate,

and (c) any agreement, commitment, representation, warranty, undertaking, or waiver binding Sears or any affiliate may only be evidenced by a separate signed writing. ·

**From:** Julie Davidov [mailto:jd@midwoodid.com]
**Sent:** Tuesday, May 08, 2018 4:11 PM
**To:** Moyo, Franck <Franck.Moyo@searshc.com>; Banaszak, Tammi <Tammi.Banaszak@searshc.com>
**Cc:** Tina Pan <tpan@midwoodid.com>; Peter Pollani <ppollani@midwoodid.com>; Steven Brown <SBrown@midwoodid.com>; Richard Fisher <rfisher@midwoodid.com>
**Subject:** FW: K mart- # 4871 - expressway plaza -2 invoices

**Enterprise Security Team Alert:** This email originated from outside of the organization. Please use caution when opening messages from external sources.

Hi Tammi & Franck,

Have you mailed the payment? Please advise ASAP

Thank you,

**Julie Davidov**
**Property Accountant**

**Midwood Investment & Development**
430 Park Avenue, 2nd Floor, New York, NY 10022
Direct: 646.292.4918 Fax: 212.983.9697
jd@midwoodid.com

**From:** Julie Davidov
**Sent:** Wednesday, April 04, 2018 4:01 PM
**To:** 'Moyo, Franck' <Franck.Moyo@searshc.com>; 'Banaszak, Tammi' <Tammi.Banaszak@searshc.com>
**Cc:** Steven Brown <SBrown@midwoodid.com>; Peter Pollani <ppollani@midwoodid.com>; Tina Pan <tpan@midwoodid.com>; Richard Fisher <rfisher@midwoodid.com>
**Subject:** K mart- # 4871 - expressway plaza

Hello,

Please see attached 2 invoices for your payment

Thank you,

**Julie Davidov**

Property Accountant

**Midwood Investment & Development**
430 Park Avenue, 2nd Floor, New York, NY 10022
Direct: 646.292.4918 Fax: 212.983.9697
jd@midwoodid.com

---

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

| | |
|---|---|
| **From:** | Julie Davidov <jd@midwoodid.com> |
| **Sent:** | Wednesday, June 6, 2018 11:04 AM |
| **To:** | Moyo, Franck; Banaszak, Tammi |
| **Cc:** | Steven Brown; Tina Pan; Peter Pollani; Richard Fisher |
| **Subject:** | FW: K mart- # 4871 - expressway plaza  -2  invoices |
| **Attachments:** | kmart - invoice #2.pdf; kmart.pdf |

Hello,

I am following up here. Please advise ASAP if payment has been sent. I have attached backup of the invoices for your convenience.

Thank you,

Julie Davidov

Property Accountant

Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>

————

From: Julie Davidov
Sent: Tuesday, May 08, 2018 5:11 PM
To: 'Moyo, Franck' <Franck.Moyo@searshc.com>; Banaszak, Tammi <Tammi.Banaszak@searshc.com>
Cc: Tina Pan <tpan@midwoodid.com>; Peter Pollani <ppollani@midwoodid.com>; Steven Brown <SBrown@midwoodid.com>;
Richard Fisher <rfisher@midwoodid.com>
Subject: FW: K mart- # 4871 - expressway plaza -2 invoices

Hi Tammi & Franck,

Have you mailed the payment? Please advise ASAP

1

Thank you,

Julie Davidov

Property Accountant


Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>


————

From: Julie Davidov
Sent: Wednesday, April 04, 2018 4:01 PM
To: 'Moyo, Franck' <Franck.Moyo@searshc.com <mailto:Franck.Moyo@searshc.com> >; 'Banaszak, Tammi'
<Tammi.Banaszak@searshc.com <mailto:Tammi.Banaszak@searshc.com> >
Cc: Steven Brown <SBrown@midwoodid.com <mailto:SBrown@midwoodid.com> >; Peter Pollani <ppollani@midwoodid.com
<mailto:ppollani@midwoodid.com> >; Tina Pan <tpan@midwoodid.com <mailto:tpan@midwoodid.com> >; Richard Fisher
<rfisher@midwoodid.com <mailto:rfisher@midwoodid.com> >
Subject: K mart- # 4871 - expressway plaza


Hello,


Please see attached 2 invoices for your payment


Thank you,

Julie Davidov

Property Accountant


Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>

MIDWOOD MANAGEMENT CORP.
430 PARK AVENUE 2ND FLOOR

NEW YORK, NY  10022
(212) 682-9595


C/O SEARS ROEBUCK & CO
K MART # 4871
ATTN: LEASE ADM.
333 BEVERLY ROAD
HOFFMAN ESTATES, IL  60179


Tenant Name:      K MART # 4871
Space Number:     16
Invoice Date:      April 4, 2018


| | |
|---|---|
| 2018 MISC INCOME Expense | 58,983.38 |
| Prior Year Expense w/ % Increase | |
| Prior Year Expense w/ % Increase | |
| | |
| Total Recoverable Expense for Current Year | 58,983.38 |
| Less Stop Amount | |
| Total Recoverable MISC INCOME Expense | 58,983.38 |
| | |
| Tenant Share | 40.00% |
| | |
| Total Amount Due for 2018 Before Cap | 23,593.35 |
| Cap for Year | |
| | |
| Total Due for Expense Period | 23,593.35 |
| Occupancy Percentage for Year | 100.00% |
| **Total Amount Due** | **23,593.35** |

# DuMOR Construction Inc.

42 Grant Avenue
Bay Shore, NY 11706
631 586-7200  631 586-7208

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 12/6/2017 | 16719 |

**BILL TO**

Midwood Management
430 Park Avenue
Suite 505
New York, NY 10822
Attn: Mr. Peter Poliani

**JOB NAME**

Completed 12/6/17

| P.O. NO. | TERMS | REP |
|----------|-------|-----|
| | Upon Receipt | D J |

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| Rebrick Drywell | JOB: Express Plaza<br>    2302 -2390 North Ocean Avenue<br>    910 - 990 Horseblock Road (AKA 2380 North Ocean Avenue)<br>    Farmingville, NY<br>REBRICK DRAIN COVER: Five Covers (5)<br>  1) Saw cut & remove asphalt around drywell cover and dispose of asphalt.<br>  2) Excavate area and remove casting.<br>  3) Remove and replace bricks as necessary.<br>  4) Backfill. Install RCA base blend and compact. | |
| PATCH - R & R | PATCH: Remove and replace 10,200 sf in 14 areas.<br>  1) Saw cut asphalt and remove on mill areas down<br>  2) Add recycled crushed concrete base blend as needed and compact<br>  3) Patch areas with 2 1/2" of NY State Type 6F asphalt compacted to<br>    an average depth of 2".<br>  4) Apply hot tar to seams of patches to prevent water infiltration. | |
| Walk<br>Curbs<br>Total<br>Reconstruct Parkin... | 1) Remove and replace sidewalk in 2 areas approximately 10 sf<br>  2) Remove and replace curbing approximately 26 lf in 2 areas.<br>Total price for taxable portion of job, not including NYS sales tax<br>RECONSTRUCT PARKING AREA: Drive Lane 2 area approximately 54500 sf<br>        SEE Diagram<br>Job to include:<br>  1) Mill existing pavement and dispose of off site.<br>  2) Add RCA as necessary.<br>  3) Regrade base blend and compact.<br>  4) Adjust steel manhole covers and drains as necessary to<br>    new grade.<br>  5) Pave area with: | 54,300.00T |

| | | |
|---|---|---|
| Please return one copy with payment. Thank You!!! | **Total** | |

# DuMOR Construction Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY 11706
631 586-7200  631 586-7208

| DATE | INVOICE # |
|------|-----------|
| 12/6/2017 | 16719 |

**BILL TO**

Midwood Management
430 Park Avenue
Suite 505
New York, NY 10022
Attn: Mr. Peter Pollani

**JOB NAME**

Completed 12/6/17

| P.O. NO. | TERMS | REP |
|----------|-------|-----|
| | Upon Receipt | D J |

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| | 2" of binder asphalt after compaction | |
| | 1 1/2" of NY State Top asphalt after compaction | |
| | 6) Restripe parking area. | |
| | NOTE: Price based on existing asphalt being no more | |
| | than 2" thick | |
| | Dumor Construction Inc will call for a utility mark out as required | |
| | by law. There may be utilities consumer owned (not owned by | |
| | utility company, owned by property owner) that may not be | |
| | marked out. If deemed necessary, a private markout company | |
| | can be hired and the cost passed along to our customer, | |
| | usually about $500.00 for a smaller job. | |
| | There may be permits required (depending on Towns requirements) | |
| | for a total restripe of lot. Site plan may be needed as well. | |
| | DuMOR Construction Inc and any of our subcontractors will not | |
| | be responsible for any underground wiring, pipes or utilities and | |
| | or any other conditions buried under the existing pavement. | |
| | Including, but not limited to sprinklers, site lighting, electric gate | |
| | wires or traffic light actuator (traffic light loops). | |
| | There may also be concrete covers buried under pavement due | |
| | to improper abandoned cesspools, etc. Additional cost to repair | |
| | any under pavement damage will be the responsibility of the owner | |
| | of property, not the contractor or subcontractor. | |
| | Sales Tax - Suffolk County | 4,683.38 |

Please return one copy with payment. Thank You!!!

| Total | $58,983.38 |
|-------|-----------|

Good Service and quality work deserves quick
payment.

MIDWOOD MANAGEMENT CORP.
430 PARK AVENUE 2ND FLOOR

NEW YORK, NY  10022
(212) 682-9595


C/O SEARS ROEBUCK & CO
K MART # 4871
ATTN: LEASE ADM.
333 BEVERLY ROAD
HOFFMAN ESTATES, IL  60179


| Tenant Name: | K MART # 4871 |
| Space Number: | 16 |
| Invoice Date: | April 4, 2018 |

| | |
|---|---:|
| 2018 MISC INCOME Expense | 184,468.75 |
| Prior Year Expense w/ % Increase | |
| Prior Year Expense w/ % Increase | |
| Total Recoverable Expense for Current Year | 184,468.75 |
| Less Stop Amount | |
| Total Recoverable MISC INCOME Expense | 184,468.75 |
| Tenant Share | 100.00% |
| Total Amount Due for 2018 Before Cap | 184,468.75 |
| Cap for Year | |
| Total Due for Expense Period | 184,468.75 |
| Occupancy Percentage for Year | 100.00% |
| **Total Amount Due** | **184,468.75** |

# DuMOR Construction Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY 11706
631 586-7200 631 586-7208

| DATE | INVOICE # |
|------|-----------|
| 11/28/2017 | 16703 |

**BILL TO**

Midwood Management
430 Park Avenue
Suite 505
New York, NY 10022
Attn: Mr. Peter Pollani

**JOB NAME**

Paving completed 11/27/17

| P.O. NO. | TERMS | REP |
|----------|-------|-----|
| | Upon Receipt | DJ |

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| Reconstruct Parkin... | RECONSTRUCT PARKING AREA: Drive Lane 2 area approximately 54500 sf SEE Diagram. Job to include: <br> 1) Mill existing pavement and dispose of off site. <br> 2) Add RCA as necessary. <br> 3) Regrade base blend and compact. <br> 4) Adjust steel manhole covers and drains as necessary to new grade. <br> 5) Pave area with: <br>     2" of binder asphalt after compaction <br>     1 1/2" of NY State Top asphalt after compaction <br> 6) Restripe parking area. <br> NOTE: Price based on existing asphalt being no more <br>     than 2" thick <br> Please sign date and return certificate of capital improvement. Thank you!! <br> Sales Tax - Suffolk County | 184,468.75 <br><br><br><br><br><br><br><br><br><br><br><br><br> 0.00 |

Retain this copy for your records.

| | Total |
|--|-------|
| | $184,468.75 |

Good Service and quality work deserves quick
payment.



New York State Department of Taxation and Finance
**New York State and Local Sales and Use Tax**

# Certificate of Capital Improvement

**ST-124**
(2/12)

After this certificate is completed and signed by both the customer and the contractor performing the capital improvement, it must be kept by the contractor.

**Read this form completely before making any entries.**

**This certificate may not be used to purchase building materials exempt from tax.**

| | |
|---|---|
| Name of customer (print or type) **Midwood Mgmt Corp** | Name of contractor (print or type) **DuMor Construction Inc** |
| Address (number and street) **430 Park Ave Suite 505** | Address (number and street) **42 Grant Ave** |
| City **New York** State **NY** ZIP code **10022** | City **Bay Shore** State **NY** ZIP code **11706** |
| Sales tax Certificate of Authority number (if any) | Sales tax Certificate of Authority number (if any) **11-2607081** |

**To be completed by the customer**

Describe capital improvement to be performed:

**Pave - Reconstruct Drive Lane 2 area**

| | |
|---|---|
| Project name **Expressway Plaza** | |
| Street address where the work is to be performed **North Ocean Ave** | City **Farmingville** State **NY** ZIP code **11738** |

✳ I certify that:
- I am the (mark one) ☐ owner ☐ tenant of the real property identified on this form; and
- the work described above will result in a capital improvement to the real property within the guidelines of this form; and
- this contract (mark one) ☐ includes ☐ does not include the sale of any tangible personal property that, when installed, does not become a permanent part of the real property (for example, a free-standing microwave or washing machine).

I understand that:
- I will be responsible for any sales tax, interest, and penalty due on the contractor's total charge for tangible personal property and for labor if it is determined that this work does not qualify as a capital improvement; and
- I will be required to pay the contractor the appropriate sales tax on tangible personal property (and any associated services) transferred to me pursuant to this contract when the property installed by the contractor does not become a permanent part of the real property; and
- I will be subject to civil or criminal penalties (or both) under the Tax Law if I issue a false or fraudulent certificate.

| Signature of customer | Title | Date |
|---|---|---|
| | | |

**To be completed by the contractor**

I, the contractor, certify that I have entered into a contract to perform the work described by the customer named above, and that I accept this form in good faith. (A copy of the written contract, if any, is attached.) I understand that my failure to collect tax as a result of accepting an improperly completed certificate will make me personally liable for the tax otherwise due, plus penalties and interest.

| Signature of contractor **Christine O'Dwile** | Title **Office Mgn.** | Date **11/28/17** |
|---|---|---|

**This certificate is not valid unless all entries are completed.**

| | |
|---|---|
| **From:** | Julie Davidov <jd@midwoodid.com> |
| **Sent:** | Wednesday, June 6, 2018 11:10 AM |
| **To:** | Moyo, Franck; Banaszak, Tammi |
| **Cc:** | Peter Pollani; Tina Pan |
| **Subject:** | FW: K mart- # 4871- expressway plaza |
| **Attachments:** | SKM_C65818042615390.pdf |

Hello,

I am following on the attached open invoice. Please advise ASAP

Thank you,

Julie Davidov

Property Accountant

Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>

_____

From: Julie Davidov
Sent: Thursday, April 26, 2018 4:39 PM
To: 'Moyo, Franck' <Franck.Moyo@searshc.com>
Cc: Tina Pan <tpan@midwoodid.com>; Peter Pollani <ppollani@midwoodid.com>; Richard Fisher <rfisher@midwoodid.com>
Subject: K mart- # 4871- expressway plaza

Hello,

Please see attached invoice for your payment

Thank you,


Julie Davidov

Property Accountant


Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>


‒‒‒‒


From: scanner@midwoodid.com <mailto:scanner@midwoodid.com> <scanner@midwoodid.com
<mailto:scanner@midwoodid.com> >
Sent: Thursday, April 26, 2018 4:40 PM
To: Julie Davidov <jd@midwoodid.com <mailto:jd@midwoodid.com> >
Subject: Message from KM_C658

MIDWOOD MANAGEMENT CORP.
430 PARK AVENUE 2ND FLOOR

NEW YORK, NY  10022
(212) 682-9595


C/O SEARS ROEBUCK & CO
K MART # 4871
ATTN: LEASE ADM.
333 BEVERLY ROAD
HOFFMAN ESTATES, IL  60179


| Tenant Name: | K MART # 4871 |
| Space Number: | 16 |
| Invoice Date: | April 26, 2018 |


| | |
|---|---:|
| 2017 MISC INCOME Expense | 18,411.94 |
| Prior Year Expense w/ % Increase | |
| Prior Year Expense w/ % Increase | |
| | |
| Total Recoverable Expense for Current Year | 18,411.94 |
| Less Stop Amount | |
| Total Recoverable MISC INCOME Expense | 18,411.94 |
| | |
| Tenant Share | 40.00% |
| | |
| | |
| Total Due for Expense Period | 7,364.78 |
| Occupancy Percentage for Year | 100.00% |
| Total Amount Due | 7,364.78 |

# DuMOR Construction Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY  11706
631 586-7200 631 586-7208

| DATE | INVOICE # |
|------|-----------|
| 12/6/2017 | 16720 |

| BILL TO |
|---------|
| Midwood Management
430 Park Avenue
Suite 505
New York, NY  10022
Attn: Mr. Peter Pollani |

| JOB NAME |
|----------|
| Completed 12/6/17 |

| P.O. NO. | TERMS | REP |
|----------|-------|-----|
|  | Upon Receipt | D J |

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| Restripe | RESTRIPE: Front lot and drive lanes | 0.00T |
|  | 1) Repaint all traffic lines and markings the same as before with | |
|  | latex traffic paint, which meets all EPA laws regarding VOC to | |
|  | include: | |
|  | 3 Speed Bumps | |
|  | 500 LF of double yellow lines | |
|  | 100 LF 2' thick yellow lines at entrance | |
|  | 7 Stop Bars | |
|  | 9 No Parking/Fire Zone stencils | |
|  | 2000 lf yellow hash lines | |
|  | 20 Handicap stalls | |
|  | 4 Crosswalks | |
|  | 2 large arrows. | |
| Total | Total price for job, not including NYS sales tax | 16,950.00T |
|  | Sales Tax - Nassau County | 1,461.94 |

| Please return one copy with payment. Thank You!!! | **Total** | $18,411.94 |
|---|---|---|

Good Service and quality work deserves quick
payment.

# DuMOR Construction Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY 11706
631 586-7200  631 586-7208

| DATE | INVOICE # |
|------|-----------|
| 12/6/2017 | 16720 |

| BILL TO | JOB NAME |
|---------|----------|
| Midwood Management<br>430 Park Avenue<br>Suite 505<br>New York, NY 10022<br>Attn: Mr. Peter Pollani | Completed 12/6/17 |

| P.O. NO. | TERMS | REP |
|----------|-------|-----|
|  | Upon Receipt | D J |

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
|  | JOB: Express Plaza<br>    2302 -2390 North Ocean Avenue<br>    910 - 950 Horseblock Road (AKA 2280 North Ocean Avenue)<br>    Farmingville, NY |  |
| Rebrick drywell | REBRICK WATER COVER:<br>1) Saw cut & remove asphalt around drywell cover and dispose of asphalt.<br>2) Excavate area and remove casting.<br>3) Remove and replace bricks as necessary.<br>4) Backfill. Install RCA base blend and compact.<br>5) Patch area affected with NYS Type 6F asphalt approximately 2" thick.<br>6) Hot tar seams of patch to prevent water infiltration. | 0.00T |
| PATCH - R & R | PATCH: Remove and replace approximately 2850 sf in 32 areas.<br>1) Saw cut asphalt and remove or mill area down.<br>2) Add recycled crushed concrete base blend as needed and compact.<br>3) Patch areas with 2 1/2" of NY State Type 6F asphalt compacted to<br>    an average depth of 2".<br>4) Apply hot tar to seams of patches to prevent water infiltration. | 0.00T |

| Please return one copy with payment. Thank You!!! | Total | |

| | |
|---|---|
| **From:** | Julie Davidov <jd@midwoodid.com> |
| **Sent:** | Wednesday, July 11, 2018 10:47 AM |
| **To:** | Moyo, Franck |
| **Cc:** | MIDWOOD BILLING DEPARTMENT |
| **Subject:** | FW: K mart- # 4871 - expressway plaza  -3  open invoices |
| **Attachments:** | invoice.pdf; invoice kmart.pdf; kmart.pdf |

Franck- We need an update here ASAP ! Thanks!

Julie Davidov

Property Accountant


Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>

————

From: Julie Davidov
Sent: Tuesday, June 26, 2018 4:19 PM
To: 'Moyo, Franck' <Franck.Moyo@searshc.com>; Banaszak, Tammi <Tammi.Banaszak@searshc.com>; Field, Dorothy <Dorothy.Field@searshc.com>
Cc: Steven Brown <SBrown@midwoodid.com>; Richard Fisher <rfisher@midwoodid.com>; Tina Pan <tpan@midwoodid.com>
Subject: FW: K mart- # 4871 - expressway plaza -3 open invoices


Hello Franck,


Please provide an update here ASAP! Have you sent the payments? Thanks!


Julie Davidov

Property Accountant


Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>

———

From: Julie Davidov
Sent: Tuesday, June 19, 2018 4:07 PM
To: 'Moyo, Franck' <Franck.Moyo@searshc.com <mailto:Franck.Moyo@searshc.com> >
Cc: Banaszak, Tammi <Tammi.Banaszak@searshc.com <mailto:Tammi.Banaszak@searshc.com> >; Steven Brown <SBrown@midwoodid.com <mailto:SBrown@midwoodid.com> >; Tina Pan <tpan@midwoodid.com <mailto:tpan@midwoodid.com> >; Peter Pollani <ppollani@midwoodid.com <mailto:ppollani@midwoodid.com> >; Richard Fisher <rfisher@midwoodid.com <mailto:rfisher@midwoodid.com> >; Field, Dorothy <Dorothy.Field@searshc.com <mailto:Dorothy.Field@searshc.com> >
Subject: RE: K mart- # 4871 - expressway plaza -2 open invoices

Franck,

We received RE tax payment. Thanks!

I am referring to the attached open invoices. Please advise

Julie Davidov

Property Accountant

Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>

———

From: Moyo, Franck <Franck.Moyo@searshc.com <mailto:Franck.Moyo@searshc.com> >
Sent: Tuesday, June 19, 2018 3:57 PM
To: Julie Davidov <jd@midwoodid.com <mailto:jd@midwoodid.com> >
Cc: Banaszak, Tammi <Tammi.Banaszak@searshc.com <mailto:Tammi.Banaszak@searshc.com> >; Steven Brown
<SBrown@midwoodid.com <mailto:SBrown@midwoodid.com> >; Tina Pan <tpan@midwoodid.com
<mailto:tpan@midwoodid.com> >; Peter Pollani <ppollani@midwoodid.com <mailto:ppollani@midwoodid.com> >; Richard Fisher
<rfisher@midwoodid.com <mailto:rfisher@midwoodid.com> >; Field, Dorothy <Dorothy.Field@searshc.com
<mailto:Dorothy.Field@searshc.com> >
Subject: RE: K mart- # 4871 - expressway plaza -2 open invoices


RET – Check #131199528  Amount $205,275.65 was mailed 6/15/2018.



Thank you



FRANCK MOYO

Financial Analyst Real Estate

Sears Holdings Corporation

Desk# BC-183B

<mailto:Franck.Moyo@searshc.com> Franck.Moyo@searshc.com



Except where an express statement to the contrary is contained in this communication, (a) nothing in this communication is to be
regarded or construed as an electronic signature, nor is this communication intended to be "signed," (b) nothing in this communication
is to be regarded as an offer, an acceptance, or an undertaking to negotiate, and (c) any agreement, commitment, representation,
warranty, undertaking, or waiver binding Sears or any affiliate may only be evidenced by a separate signed writing.



From: Julie Davidov [mailto:jd@midwoodid.com]
Sent: Tuesday, June 19, 2018 2:51 PM
To: Moyo, Franck <Franck.Moyo@searshc.com <mailto:Franck.Moyo@searshc.com> >; Banaszak, Tammi
<Tammi.Banaszak@searshc.com <mailto:Tammi.Banaszak@searshc.com> >
Cc: Steven Brown <SBrown@midwoodid.com <mailto:SBrown@midwoodid.com> >; Tina Pan <tpan@midwoodid.com
<mailto:tpan@midwoodid.com> >; Peter Pollani <ppollani@midwoodid.com <mailto:ppollani@midwoodid.com> >; Richard Fisher
<rfisher@midwoodid.com <mailto:rfisher@midwoodid.com> >
Subject: RE: K mart- # 4871 - expressway plaza -2 open invoices

Enterprise Security Team Alert: This email originated from outside of the organization. Please use caution when opening messages from external sources.

———

Please provide an update here ASAP . Thanks!


Julie Davidov

Property Accountant


Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>


———


From: Julie Davidov
Sent: Wednesday, June 06, 2018 11:04 AM
To: 'Moyo, Franck' <Franck.Moyo@searshc.com <mailto:Franck.Moyo@searshc.com> >; Banaszak, Tammi
<Tammi.Banaszak@searshc.com <mailto:Tammi.Banaszak@searshc.com> >
Cc: Steven Brown <SBrown@midwoodid.com <mailto:SBrown@midwoodid.com> >; Tina Pan <tpan@midwoodid.com
<mailto:tpan@midwoodid.com> >; Peter Pollani <ppollani@midwoodid.com <mailto:ppollani@midwoodid.com> >; Richard Fisher
<rfisher@midwoodid.com <mailto:rfisher@midwoodid.com> >
Subject: FW: K mart- # 4871 - expressway plaza -2 invoices


Hello,


I am following up here. Please advise ASAP if payment has been sent. I have attached backup of the invoices for your convenience.


Thank you,


Julie Davidov

4

Property Accountant


Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>


———


From: Julie Davidov
Sent: Tuesday, May 08, 2018 5:11 PM
To: 'Moyo, Franck' <Franck.Moyo@searshc.com <mailto:Franck.Moyo@searshc.com> >; Banaszak, Tammi
<Tammi.Banaszak@searshc.com <mailto:Tammi.Banaszak@searshc.com> >
Cc: Tina Pan <tpan@midwoodid.com <mailto:tpan@midwoodid.com> >; Peter Pollani <ppollani@midwoodid.com
<mailto:ppollani@midwoodid.com> >; Steven Brown <SBrown@midwoodid.com <mailto:SBrown@midwoodid.com> >; Richard
Fisher <rfisher@midwoodid.com <mailto:rfisher@midwoodid.com> >
Subject: FW: K mart- # 4871 - expressway plaza -2 invoices


Hi Tammi & Franck,


Have you mailed the payment? Please advise ASAP


Thank you,


Julie Davidov

Property Accountant


Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>


———

From: Julie Davidov
Sent: Wednesday, April 04, 2018 4:01 PM
To: 'Moyo, Franck' <Franck.Moyo@searshc.com <mailto:Franck.Moyo@searshc.com> >; 'Banaszak, Tammi'
<Tammi.Banaszak@searshc.com <mailto:Tammi.Banaszak@searshc.com> >
Cc: Steven Brown <SBrown@midwoodid.com <mailto:SBrown@midwoodid.com> >; Peter Pollani <ppollani@midwoodid.com
<mailto:ppollani@midwoodid.com> >; Tina Pan <tpan@midwoodid.com <mailto:tpan@midwoodid.com> >; Richard Fisher
<rfisher@midwoodid.com <mailto:rfisher@midwoodid.com> >
Subject: K mart- # 4871 - expressway plaza

Hello,

Please see attached 2 invoices for your payment

Thank you,

Julie Davidov

Property Accountant

Midwood Investment & Development

430 Park Avenue, 2nd Floor, New York, NY 10022

Direct: 646.292.4918 Fax: 212.983.9697

jd@midwoodid.com <mailto:jd@midwoodid.com>

———

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. It is confidential and may contain proprietary or legally privileged information. If you are not the intended recipient, please delete it without reading the contents. Thank you.

MIDWOOD MANAGEMENT CORP.
430 PARK AVENUE 2ND FLOOR

NEW YORK, NY  10022
(212) 682-9595


C/O SEARS ROEBUCK & CO
K MART # 4871
ATTN: LEASE ADM.
333 BEVERLY ROAD
HOFFMAN ESTATES, IL  60179


| Tenant Name: | K MART # 4871 |
| Space Number: | 16 |
| Invoice Date: | April 4, 2018 |

| | |
|---|---:|
| 2018 MISC INCOME Expense | 184,468.75 |
| Prior Year Expense w/ % Increase | |
| Prior Year Expense w/ % Increase | |
| Total Recoverable Expense for Current Year | 184,468.75 |
| Less Stop Amount | |
| Total Recoverable MISC INCOME Expense | 184,468.75 |
| Tenant Share | 100.00% |
| Total Amount Due for 2018 Before Cap | 184,468.75 |
| Cap for Year | |
| Total Due for Expense Period | 184,468.75 |
| Occupancy Percentage for Year | 100.00% |
| **Total Amount Due** | **184,468.75** |

# DuMOR Construction Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY 11706
631 586-7200  631 586-7208

| DATE | INVOICE # |
|------|-----------|
| 11/28/2017 | 16703 |

| BILL TO |
|---------|
| Midwood Management
430 Park Avenue
Suite 505
New York, NY 10022
Attn: Mr. Peter Pollani |

| JOB NAME |
|----------|
| Paving completed 11/27/17 |

| P.O. NO. | TERMS | REP |
|----------|-------|-----|
|  | Upon Receipt | D J |

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| Reconstruct Parkin... | RECONSTRUCT PARKING AREA: Drive Lane 2 area approximately 54500 sf SEE Diagram. Job to include:<br>1) Mill existing pavement and dispose of off site.<br>2) Add RCA as necessary.<br>3) Regrade base blend and compact.<br>4) Adjust steel manhole covers and drains as necessary to new grade.<br>5) Pave area with:<br>    2" of binder asphalt after compaction<br>    1 1/2" of NY State Top asphalt after compaction<br>6) Restripe parking area.<br>NOTE: Price based on existing asphalt being no more than 2" thick<br>Please sign date and return certificate of capital improvement. Thank you!!<br>Sales Tax - Suffolk County | 184,468.75<br><br><br><br><br><br><br><br><br><br><br>0.00 |

| Retain this copy for your records. | Total | $184,468.75 |
|---|---|---|

Good Service and quality work deserves quick payment.

Page 2



New York State Department of Taxation and Finance
**New York State and Local Sales and Use Tax**
# Certificate of Capital Improvement

**ST-124**
(2/12)

After this certificate is completed and signed by both the customer and the contractor performing the capital improvement, it must be kept by the contractor.

**Read this form completely before making any entries.**

This certificate may not be used to purchase building materials exempt from tax.

| Name of customer (print or type) | Name of contractor (print or type) |
|---|---|
| Midwood Fujimi Corp | DUMOR Construction INC |
| Address (number and street) | Address (number and street) |
| 430 Park Ave Suite 505 | 42 Grant Ave |
| City | State | ZIP code | City | State | ZIP code |
| New York NY 10022 | Bay Shore NY 11706 |
| Sales tax Certificate of Authority number (if any) | Sales tax Certificate of Authority number (if any) |
| | 11-2607081 |

**To be completed by the customer**

Describe capital improvement to be performed:

Pave - Reconstruct Drive Lane 2 area

Project name
Expressway Plaza

Street address where the work is to be performed
North Ocean Ave        City  Farmingville        State NY  ZIP code 11738

I certify that:
- I am the *(mark one)* ☐ owner ☐ tenant of the real property identified on this form; and
- the work described above will result in a capital improvement to the real property within the guidelines of this form; and
- this contract *(mark one)* ☐ includes ☐ does not include the sale of any tangible personal property that, when installed, does not become a permanent part of the real property (for example, a free-standing microwave or washing machine).

I understand that:
- I will be responsible for any sales tax, interest, and penalty due on the contractor's total charge for tangible personal property and for labor if it is determined that this work does not qualify as a capital improvement; and
- I will be required to pay the contractor the appropriate sales tax on tangible personal property (and any associated services) transferred to me pursuant to this contract when the property installed by the contractor does not become a permanent part of the real property; and
- I will be subject to civil or criminal penalties (or both) under the Tax Law if I issue a false or fraudulent certificate.

| Signature of customer | Title | Date |
|---|---|---|
| | | |

**To be completed by the contractor**

I, the contractor, certify that I have entered into a contract to perform the work described by the customer named above, and that I accept this form in good faith. (A copy of the written contract, if any, is attached.) I understand that my failure to collect tax as a result of accepting an improperly completed certificate will make me personally liable for the tax otherwise due, plus penalties and interest.

| Signature | Title | Date |
|---|---|---|
| Christine O'Donnell | Office Mgr. | 11/28/17 |

**This certificate is not valid unless all entries are completed.**

MIDWOOD MANAGEMENT CORP.
430 PARK AVENUE 2ND FLOOR

NEW YORK, NY  10022
(212) 682-9595


C/O SEARS ROEBUCK & CO
K MART # 4871
ATTN: LEASE ADM.
333 BEVERLY ROAD
HOFFMAN ESTATES, IL  60179


| | |
|---|---|
| Tenant Name: | K MART # 4871 |
| Space Number: | 16 |
| Invoice Date: | April 4, 2018 |

| | |
|---|---|
| 2018 MISC INCOME Expense | 58,983.38 |
| Prior Year Expense w/ % Increase | |
| Prior Year Expense w/ % Increase | |
| | |
| Total Recoverable Expense for Current Year | 58,983.38 |
| Less Stop Amount | |
| Total Recoverable MISC INCOME Expense | 58,983.38 |
| | |
| Tenant Share | 40.00% |
| | |
| Total Amount Due for 2018 Before Cap | 23,593.35 |
| Cap for Year | |
| | |
| Total Due for Expense Period | 23,593.35 |
| Occupancy Percentage for Year | 100.00% |
| **Total Amount Due** | **23,593.35** |

# DuMOR Construction Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY 11786
631 586-7200  631 586-7208

| DATE | INVOICE # |
|------|-----------|
| 12/6/2017 | 16719 |

**BILL TO**

Midwood Management
430 Park Avenue
Suite 505
New York, NY 10022
Attn: Mr. Peter Foliani

**JOB NAME**

Completed 12/6/17

| P.O. NO. | TERMS | REP |
|----------|-------|-----|
| | Upon Receipt | D J |

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| | JOB: Express Plaza | |
| | 2302 -2390 North Ocean Avenue | |
| | 910 - 930 Horseblock Road (AKA 2280 North Ocean Avenue) | |
| | Farmingville, NY | |
| Rebrick Drywell | REBRICK DRAIN COVER: Five Covers (5) | |
| | 1) Saw cut & remove asphalt around drywell cover and dispose of asphalt. | |
| | 2) Excavate area and remove coating. | |
| | 3) Remove and replace bricks as necessary. | |
| | 4) Backfill. Install RCA base blend and compact. | |
| PATCH - R & R | PATCH: Remove and replace 10,200 sf in 14 areas. | |
| | 1) Saw out asphalt and remove or mill area down. | |
| | 2) Add recycled crushed concrete base blend as needed and compact. | |
| | 3) Patch areas with 2 1/2" of NY State Type 6F asphalt compacted to | |
| | an average depth of 2". | |
| | 4) Apply hot tar to seams of patches to prevent water infiltration. | |
| Walk | 1) Remove and replace sidewalk in 2 areas approximately 10 sf | |
| Curbs | 2) Remove and replace curbing approximately 26 lf in 2 areas. | |
| Total | Total price for taxable portion of job, not including NYS sales tax | |
| Reconstruct Parkin... | RECONSTRUCT PARKING AREA: Drive Lane 2 area approximately 54500 sf | 54,300.00T |
| | SEE Diagram | |
| | Job to include: | |
| | 1) Mill existing pavement and dispose of off site. | |
| | 2) Add RCA as necessary. | |
| | 3) Regrade base blend and compact. | |
| | 4) Adjust steel manhole covers and drains as necessary to | |
| | new grade. | |
| | 5) Pave area with: | |

Please return one copy with payment. Thank You!!!

| | Total | |
|---|-------|---|

# DuMOR Construction Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY 11706
631 586-7200  631 586-7208

| DATE | INVOICE # |
|------|-----------|
| 12/6/2017 | 16719 |

**BILL TO**

Midwood Management
430 Park Avenue
Suite 505
New York, NY 10022
Attn: Mr. Peter Pollani

**JOB NAME**

Completed 12/6/17

| P.O. NO. | TERMS | REP |
|----------|-------|-----|
| | Upon Receipt | D J |

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| | 2" of binder asphalt after compaction | |
| | 1 1/2" of NY State Top asphalt after compaction | |
| | 6) Restripe parking area. | |
| | NOTE: Price based on existing asphalt being no more | |
| | than 2" thick | |
| | Dumor Construction Inc will call for a utility mark out as required | |
| | by law. There may be utilities consumer owned (not owned by | |
| | utility company, owned by property owner) that may not be | |
| | marked out. If deemed necessary, a private markout company | |
| | can be hired and the cost passed along to our customer, | |
| | usually about $500.00 for a smaller job. | |
| | There may be permits required (depending on Towns requirements) | |
| | for a seal/restripe of lot. Site plan may be needed as well. | |
| | DuMOR Construction Inc and any of our subcontractors will not | |
| | be responsible for any underground wiring, pipes or utilities and | |
| | or any other conditions buried under the existing pavement. | |
| | Including, but not limited to sprinklers, site lighting, electric gate | |
| | wires or traffic light actuator (traffic light loops). | |
| | There may also be concrete covers buried under pavement due | |
| | to improper abandoned cesspools, etc. Additional cost to repair | |
| | any under pavement damage will be the responsibility of the owner | |
| | of property, not the contractor or subcontractor. | |
| | Sales Tax - Suffolk County | 4,683.38 |

Please return one copy with payment. Thank You!!!

| Total | $58,983.38 |
|-------|-----------|

Good Service and quality work deserves quick
payment.

MIDWOOD MANAGEMENT CORP.
430 PARK AVENUE 2ND FLOOR

NEW YORK, NY  10022
(212) 682-9595


C/O SEARS ROEBUCK & CO
K MART # 4871
ATTN: LEASE ADM.
333 BEVERLY ROAD
HOFFMAN ESTATES, IL  60179


| Tenant Name: | K MART # 4871 |
| Space Number: | 16 |
| Invoice Date: | April 26, 2018 |


| | |
|---|---:|
| 2017 MISC INCOME Expense | 18,411.94 |
| Prior Year Expense w/ % Increase | |
| Prior Year Expense w/ % Increase | |
| Total Recoverable Expense for Current Year | 18,411.94 |
| Less Stop Amount | |
| Total Recoverable MISC INCOME Expense | 18,411.94 |
| Tenant Share | 40.00% |
| Total Due for Expense Period | 7,364.78 |
| Occupancy Percentage for Year | 100.00% |
| Total Amount Due | 7,364.78 |

# DuMOR Construction  Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY  11706
631 586-7200  631 586-7208

| DATE | INVOICE # |
|---|---|
| 12/6/2017 | 16720 |

| BILL TO | JOB NAME |
|---|---|
| Midwood Management<br>430 Park Avenue<br>Suite 505<br>New York, NY  10022<br>Attn: Mr. Peter Pollani | Completed 12/6/17 |

| P.O. NO. | TERMS | REP |
|---|---|---|
|  | Upon Receipt | D J |

| ITEM | DESCRIPTION | AMOUNT |
|---|---|---|
| Restripe | RESTRIPE: Front lot and drive lanes<br>1) Repaint all traffic lines and markings the same as before with latex traffic paint, which meets  all EPA laws regarding VOC to include:<br>3 Speed Bumps<br>500 LF of double yellow lines<br>100 LF 2' thick yellow lines at entrance<br>7 Stop Bars<br>9 No Parking/Fire Zone stencils<br>2000 lf yellow hash lines<br>20 Handicap stalls<br>4 Crosswalks<br>2 large arrows. | 0.00T |
| Total | Total price for job, not including NYS sales tax<br>Sales Tax - Nassau County | 16,950.00T<br>1,461.94 |

Please return one copy with payment. Thank You!!!

| Total | $18,411.94 |
|---|---|

Good Service and quality work deserves quick
payment.

# DuMOR Construction  Inc.

# INVOICE

42 Grant Avenue
Bay Shore, NY  11706
631 586-7200  631 586-7208

| DATE | INVOICE # |
|---|---|
| 12/6/2017 | 16720 |

**BILL TO**

Midwood Management
430 Park Avenue
Suite 505
New York, NY  10022
Attn: Mr. Peter Pollani

**JOB NAME**

Completed 12/6/17

| P.O. NO. | TERMS | REP |
|---|---|---|
| | Upon Receipt | D J |

| ITEM | DESCRIPTION | AMOUNT |
|---|---|---|
| | JOB: Express Plaza<br>    2302 -2390 North Ocean Avenue<br>    910 - 950 Horseblock Road (AKA 2280 North Ocean Avenue)<br>    Farmingville, NY | |
| Rebrick drywell | REBRICK WATER COVER:<br>1) Saw cut & remove asphalt around drywell cover and dispose of asphalt.<br>2) Excavate area and remove casting.<br>3) Remove and replace bricks as necessary.<br>4) Backfill. Install RCA base blend and compact.<br>5) Patch area affected with NYS Type 6F asphalt approximately 2" thick.<br>6) Hot tar seams of patch to prevent water infiltration. | 0.00T |
| PATCH - R & R | PATCH: Remove and replace approximately 2850 sf in 32 areas.<br>1) Saw cut asphalt and remove or mill area down.<br>2) Add recycled crushed concrete base blend as needed and compact.<br>3) Patch areas with 2 1/2" of NY State Type 6F asphalt compacted to<br>    an average depth of 2".<br>4) Apply hot tar to seams of patches to prevent water infiltration. | 0.00T |

Please return one copy with payment. Thank You!!!

**Total**