Presentment Date and Time: February 21, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline: February 20, 2019 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): To be Announced

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

In re                                                        :
                                                             :        **Chapter 11**
                                                             :
**SEARS HOLDINGS CORPORATION,** *et al.*,                    :
                                                             :        **Case No. 18-23538 (RDD)**
                                                             :
                          **Debtors.**[1]                    :        **(Jointly Administered)**
                                                             :
------------------------------------------------------------ x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF PRESENTMENT OF MOTION OF DEBTORS
FOR ENTRY OF AN ORDER (I) ESTABLISHING DEADLINE TO
FILE PROOFS OF CLAIM AND PROCEDURES RELATING THERETO, (II)
APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (III)
APPROVING PROCEDURES FOR THE RESOLUTION AND SATISFACTION OF
CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9), AND (IV) PROHIBITING
VENDORS FROM PURSUING SUCH CLAIMS OUTSIDE THE PROCEDURES**

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Motion of Debtors for Entry of an Order (I) Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution and Satisfaction of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9), and (IV) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures* (the "**Motion**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **February 21, 2019 at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").

2

**PLEASE TAKE FURTHER NOTICE** that unless an objection is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **February 20, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider such Motion, and the Proposed Order may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if an objection is timely filed and served with respect to the Motion, a hearing (the "**Hearing**") will be held to consider the Motion before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on a date to be announced.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: February 13, 2019
New York, New York

 /s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*

3

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------ x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) ESTABLISHING DEADLINE TO FILE PROOFS OF
CLAIM AND PROCEDURES RELATING THERETO, (II) APPROVING
THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVING
PROCEDURES FOR THE RESOLUTION AND SATISFACTION OF CLAIMS
ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9), AND (IV) PROHIBITING
VENDORS FROM PURSUING SUCH CLAIMS OUTSIDE THE PROCEDURES**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represent as follows in support of this motion (the "**Motion**"):

## Background

1.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the

2

*Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn to on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).[2]

## Jurisdiction

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

## Relief Requested

6.    By this Motion, the Debtors request, pursuant to section 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), Rule 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the *United States Bankruptcy Court for the Southern District of New York Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim*, updated as of December 1, 2015 (the "**Guidelines**"), that the Court:

   (a)    establish **April 10, 2019** at **5:00 p.m. (Eastern Time)** as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not including governmental units (as defined in section 101(27) of the Bankruptcy Code, "**Governmental Units**")) to file a proof of claim (each, a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, against any of the Debtors (the "**General Bar Date**"), unless otherwise provided herein;

   (b)    establish **September 3, 2019 at 5:00 p.m. (Eastern Time)** as the deadline for Governmental Units to file a Proof of Claim in respect of a prepetition claim against the Debtors (such deadline, the "**Governmental Bar Date**");

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

WEIL:\96880583\5\73217.0004

(c)  provide that, notwithstanding any other provision in this Application or the Proposed Order, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection on or before the later of (i) the General Bar Date and (ii) thirty (30) days after entry of the order authorizing such rejection (the "**Rejection Damages Bar Date**," and together with the General Bar Date and the Governmental Bar Date, the "**Bar Dates**");

(d)  approve the proposed procedures for filing Proofs of Claim;

(e)  approve the proposed procedures for providing notice of the Bar Dates, including the form of notice (the "**Bar Date Notice**"), substantially in the form annexed as **Exhibit 1** to the proposed form of order granting the relief requested (the "**Proposed Order**"), annexed hereto as **Exhibit A**; and

(f)  approve the proposed model Proof of Claim form (the "**Proof of Claim Form**"), substantially in the form annexed as **Exhibit 2** to the Proposed Order.

7.  In addition, pursuant to sections 503(b)(9) and 105(a) of the Bankruptcy Code, the Debtors seek entry of an order (i) approving procedures (the "**503(b)(9) Claim Procedures**") for the resolution and satisfaction of unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code ("**503(b)(9) Claims**") and (ii) prohibiting Vendors (as herein defined) from pursuing 503(b)(9) Claims outside the Procedures.

## The Bar Dates

8.  Bankruptcy Rule 3003(c)(3) provides that the Court "shall fix . . . the time within which proofs of claim . . . may be filed" by establishing filing deadlines.  Fed. R. Bankr. P. 3003(c)(3).  Pursuant to Bankruptcy Rule 3003(c)(2), a creditor must file a Proof of Claim by the applicable deadline established by the Court if that creditor's claim (a) is not listed in the Debtors' schedules of assets and liabilities (the "**Schedules**")[3] or (b) is listed in the Schedules as disputed, contingent, or unliquidated.  Fed. R. Bankr. P. 3003(c)(2).  If a creditor is required to

---

[3] The Debtors filed their Schedules on January 17, 2019 (ECF Nos. 1609, 1611, 1613, 1615, 1617, 1619, 1621, 1623, 1625, 1627, 1629, 1631, 1633, 1635, 1637, 1639, 1641, 1643, 1645, 1647, 1649, 1651, 1653, 1655, 1657, 1659, 1661, 1663, 1665, 1667, 1668, 1671, 1673, 1675, 1677, 1679, 1681, 1683, 1685, 1687, 1689, 1691, 1693, 1695, 1697, 1699, 1701, 1703, 1705, 1707, 1709, 1711, 1713).

4

file a Proof of Claim but fails to do so by the applicable deadline established by the Court, such creditor "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

9.    Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. §502(b)(9).

10.    The Local Rules require that all requests for orders to establish deadlines for filing proofs of claim substantially conform to the standard form of order and notice set forth in the Guidelines. Bankr. S.D.N.Y. R. 3003-1.

11.    The Debtors believe that thousands of persons, individuals, or entities may be creditors in these chapter 11 cases. Based on the procedures set forth below, the proposed Bar Dates will give creditors ample opportunity to prepare and file Proofs of Claim.

**The Proposed Procedures for Filing Proofs of Claim**

12.    The Debtors propose the following procedures (the "**Filing Procedures**") for filing Proofs of Claim:

(a)    Proofs of Claim must conform substantially to the Claim Form or Official Bankruptcy Form No. 410 (the "**Official Form**")[4];

(b)    Proofs of Claim must be filed either (i) electronically through the website administered by Prime Clerk LLC ("**Prime Clerk**") for these cases at https://restructuring.primeclerk.com/sears (the "**Case Website**") by following instructions for filing proofs of claim electronically, (ii) by mailing the original proof of claim either by U.S. Postal Service mail or overnight delivery to Prime Clerk's Claims Processing Center for the Debtors at Sears Holdings Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, or

---

[4] The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts. The Claim Form can be found at https://restructuring.primeclerk.com/sears, the website established by Prime Clerk for the Debtors' chapter 11 cases.

WEIL:\96880583\5\73217.0004

(iii) by delivering the original proof of claim by hand to (x) the United States Bankruptcy Court for the Southern District of New York at 300 Quarropas Street, Room 248, White Plains, NY 10601 or (y) Prime Clerk's Claims Processing Center for the Debtors at Sears Holdings Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232;

(c)    Proofs of Claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court or by Prime Clerk on or before the applicable Bar Date;

(d)    Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

(e)    Proofs of Claim must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor except as provided in paragraph 12(g)(ix) below.  If the holder lists multiple Debtors on the Proof of Claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor.  If the holder files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against Sears Holdings Corporation;

(f)    Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted;

(g)    The following persons (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

(i)    any person or entity that has already filed a Proof of Claim against the Debtors in the above-captioned cases in a form substantially similar to the Claim Form or the Official Form and otherwise in compliance with these Filing Procedures;

(ii)    any person or entity whose claim is listed in the Schedules filed by the Debtors, provided that (x) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (y) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules;  <u>and</u> (z) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(iii)    any holder of a claim that heretofore has been allowed by order of this Court;

(iv)    any person or entity whose claim has been paid in full by any of the Debtors;

6

(v)     any holder of a claim for which specific deadlines have previously been fixed by this Court;

(vi)    any Debtor having a claim against another Debtor;

(vii)   any holder of a claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided that if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Filing Procedures;

(viii)  any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

(ix)    any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any notes, bonds, debentures, or other debt securities (collectively, the "**Debt Securities**") (x) issued by any of the Debtors, (y) secured by assets of any of the Debtors or agreements with respect to such assets, or (z) secured by assets leased to any of the Debtors (a "**Debt Claim**") pursuant to an indenture or credit agreement, as applicable (together, the "**Debt Instruments**") if the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Debt Instrument files a single Proof of Claim in the Debtors' lead chapter 11 case *In re Sears Holdings Corporation* (Case No. 18-23538) (RDD), on or before the applicable Bar Date, under the applicable Debt Instrument on account of all Debt Claims; provided that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies; provided, further, that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), the Debt Agent under the Debt Instrument may include a summary of the operative documents with respect to the Debt Claims;

(x)     any person or entity who is not required to file a Proof of Claim pursuant to either the *Final Order Authorizing The Debtors to (A) Obtain Post-Petition Financing (B) Grant*

7

*Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (ECF No. 955), as may be amended or superseded from time to time (the "**Final DIP Order**"), or the *Final Junior DIP Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Grant Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* (ECF No. 1436) (the "**Junior DIP Order**"), solely with respect to the claims set forth in the Final DIP Order and Junior DIP Order;

(xi)    any holder of a claim arising out of any warranties, protection agreements, or other services contracts (collectively, "**Protection Agreements**") for the goods and services of the Debtors sold or performed prior to the Commencement Date; and

(xii)   any current or former employee of the Debtors whose employment or retiree status is subject to the terms of a collective bargaining agreement currently in effect (and, with respect to benefit claims, any spouse or beneficiary thereof) and is administered by labor unions representing such employees (the "**CBA Parties**"), solely with respect to any prepetition claim based on the payment of wages and compensation and employee medical  benefits, insurance benefits, and other benefits authorized to be paid pursuant to the *Final Order (I) Authorizing But Not Directing the Debtors to (A) Pay Certain Prepetition Wages and Reimbursable Employee Expenses, (B) Pay and Honor Employee medical and Other benefits, and (C) Continue Employee Benefits Programs, and (II) granting Related Relief* (ECF No. 798); provided, however, that (a) if the Debtors have provided written notice to such CBA Parties and their union of the Debtors' intention not to pay such claim, the CBA Parties shall have until the later of (i) the Claims Bar Date and (ii) 30 days from the date of written notice, to submit a proof of claim. Notwithstanding the foregoing, the CBA Parties must submit proof of claims prior to the General Bar Date relating to grievances to the extent the grounds for such grievances arose on or prior to the Petition Date, provided that the labor unions may submit a claim itemizing such grievances on behalf of their respective members.

(h)     Claimants shall not be required to submit certain of the foregoing materials to extent such information is duplicative of information included by such claimants in any notice of, or motion for allowance of a claim under section 503(b)(9) of the Bankruptcy Code that was filed prior to the entry of the Proposed Order, and such notices and motions filed prior to the entry of the Proposed Order shall be deemed timely filed under the

8

procedures set forth herein, subject to the Debtors' rights to object to the alleged claims asserted therein[5]

(i)    If the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file Proofs of Claim in respect of their claims and shall be given notice of such deadline.

13.    Notwithstanding any of the foregoing, the administrative agent under each of the First Lien Credit Agreement, the Stand-Alone L/C Facility, and the Second Lien Credit Facility, respectively, may file a single Proof of Claim in the lead chapter 11 case, *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (the "**Lead Case**"), on behalf of all holders of claims based on the First Lien Credit Agreement, the Stand-Alone L/C Facility, and the Second Lien Credit Facility, respectively, which Proofs of Claim also automatically shall be deemed filed in the chapter 11 case of each and every Debtor that is a borrower or guarantor under the respective credit facility.   The indenture trustee under each of the Second Lien Notes, the Holdings Unsecured Notes, and the SRAC Unsecured Notes, respectively, also may file a single Proof of Claim in the Lead Case on behalf of all holders of claims based on the Second Lien Notes, the Holdings Unsecured Notes, and the SRAC Unsecured Notes, respectively, which Proofs of Claim also automatically shall be deemed filed in the chapter 11 case of each and every Debtor that is a borrower or guarantor under the respective credit facility.

## **Consequences of Failure to File a Proof of Claim**

14.    As stated above, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated that fails to file a Proof of Claim by the Bar Date "shall not be treated as a creditor with respect to such claim

---

[5] For the avoidance of doubt, Cupid Foundations Inc., shall not be required to refile any duplicative information on account its alleged 503(b)(9) Claim to the extent such information was already included in the *Motion to Allow Claims /Motion of Cupid Foundations, Inc. for Allowance of Section 503(b)(9) Administrative Claim filed by James J. Vincequerra on behalf of Cupid Foundations, Inc* (ECF No. 1385) and/or related *Reclamation of Claim / Notice of Reclamation of Cupid Foundations, Inc.* (ECF No. 434).

9

for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).    Accordingly, the

Debtors request that any holder of a claim against any of the Debtors that is required to file a

Proof of Claim in accordance with the Proposed Order, but fails to do so on or before the

applicable Bar Date, shall (a) be forever barred, estopped, and enjoined from asserting such a

claim against the Debtors, their property, or their estates (or submitting a Proof of Claim with

respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of

voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be

filed in these cases.

### Notice of the Bar Dates

15.    Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (*l*) and the Guidelines,

the Debtors propose to provide notice of the Bar Dates in accordance with the following

procedures (the "**Notice Procedures**"):

(a)    Within five (5) business days of entry of an order granting the relief requested herein and at least thirty-five (35) days prior to the General Bar Date, the Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) the Bar Date Notice to the following parties:

(i)    the U.S. Trustee;

(ii)    counsel for the Creditors' Committee;

(iii)    all creditors, except holders of Protection Agreement liabilities, and other known holders of claims at the addresses stated in the Schedules or as updated pursuant to a request by the creditor or by returned mail from the post office with a forwarding address;

(iv)    all parties actually known to the Debtors as having potential claims against any of the Debtors;

(v)    all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated in the Schedules or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

(vi)    all parties to pending litigation against the Debtors (as of the date of entry of an order on this Motion);

10

(vii)    the Internal Revenue Service, the United States Attorney's Office for the Southern District of New York, and all applicable Governmental Units;

(viii)    all persons or entities that have filed claims (as of the date of entry of an order on this Motion);

(ix)    all parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of an order on this Motion);

(x)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of an order on this Motion); and

(xi)    such additional persons and entities deemed appropriate by the Debtors.

(b)    The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the Case Website.

16.    The proposed Bar Date Notice conforms to the form annexed to the Guidelines. Specifically, the Bar Date Notice notifies parties of:

(a)    the Bar Dates;

(b)    who must file a Proof of Claim;

(c)    the Filing Procedures;

(d)    the consequences of failing to timely file a Proof of Claim; and

(e)    where parties can find further information with respect to the Debtors' chapter 11 cases.

17.    The Debtors intend to supplement notice of the Bar Dates by providing notice by publication consistent with the Guidelines and Bankruptcy Rule 2002(*l*). *See* Fed R. Bankr. P. 2002(*l*) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."). Such notice is appropriate for (a) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (b) known creditors with addresses unknown by the Debtors; and (c) creditors with potential claims unknown by the Debtors. Accordingly, the Debtors propose to publish the Bar Date Notice, with any necessary modifications for ease of publication, once in

11

the national edition of *The New York Times*, subject to applicable publication deadlines, at least

twenty-eight (28) days prior to the General Bar Date.  The Debtors also request authority, in their

sole discretion, to publish the Bar Date Notice in additional newspapers, trade journals, or

similar publications.

### **The Proof of Claim Form**

18.    With the assistance of Prime Clerk, the Debtors have prepared the Proof of

Claim Form, which substantially conforms to Official Form 410 but is tailored to these chapter

11 cases.  The modifications to Official Form 410 proposed by the Debtor include:

> (a)    indicating how the Debtors have identified each creditor's respective claim, including the amount of the claim and whether the claim has been listed as contingent, unliquidated, or disputed;

> (b)    allowing certain creditors to assert claims under section 503(b)(9) of the Bankruptcy Code;

> (c)    adding certain instructions; and

> (d)    any other modifications made to Official Form 410.

19.    When sent to a creditor, the Proof of Claim Form will be further

customized (to the extent possible) to contain certain information about the creditor and the

Debtor against which the creditor may have a claim.

### **Proposed 503(b)(9) Claim Procedures**

20.    Section 503(b)(9) of the Bankruptcy Code provides, in pertinent part, as

follows:

> (b) After notice and a hearing, there shall be allowed, administrative expenses . . .

> including –

> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under [the Bankruptcy Code] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

12

11 U.S.C. § 503(b)(9).

21.    Prior to the Commencement Date, in the ordinary course of business, the

Debtors purchased a variety of merchandise, raw materials, component parts, supplies,

equipment, and other goods (collectively, the "**Goods**") for use in their continuing operations.

As of the Commencement Date, the Debtors were in possession of certain Goods that had been

delivered to them by various vendors or other parties (collectively, the "**Vendors**"), but for

which the Debtors had not yet made payment.

22.    The Debtors seek to provide clarity and certainty to their Vendors

regarding the procedures and methods that will be utilized to resolve 503(b)(9) Claims.  The

current uncertainty has already resulted in numerous inquiries and demands on the Debtors'

employees and professionals and the filing by Vendors of multiple motions seeking allowance

and/or payment of 503(b)(9) Claims, diverting attention of the Debtors and their professionals

from operating the Debtors' business and working toward an expeditious and value-maximizing

path out of chapter 11.  To avoid the distraction, delay, and expense that may ensue as a result of

uncertainty regarding 503(b)(9) Claims, the Debtors propose the Procedures set forth below.

23.    The Debtors propose the following 503(b)(9) Claim Procedures with

respect to all 503(b)(9) Claims:

(a)    The Debtors are authorized to negotiate with any Vendor who has filed a
Claim by the Bar Date asserting a 503(b)(9) Claim and to seek an
agreement resolving such Vendor's 503(b)(9) Claim;

(b)    If the Debtors and the Vendor cannot reach agreement regarding such
Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a
hearing by the Court no later than 60 days after being requested to do so
by a Vendor;

(c)    To the extent a 503(b)(9) Claim is agreed upon between the Debtors and a
Vendor, subject to the consent of the Creditors' Committee, which consent
shall not unreasonably be withheld, such 503(b)(9) Claim will be allowed
and satisfied  pursuant to and as provided in any chapter 11 plan that is
confirmed by the Court, pursuant to any agreement between the Debtors

13

and the holder of a 503(b)(9) Claim, subject to the consent of the Creditors' Committee, which consent shall not unreasonably be withheld, or as otherwise ordered by the Court after notice and an opportunity for a hearing; provided that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim;

(d)   Notwithstanding the foregoing, to the extent the Debtors and a Vendor reconcile a Vendor's 503(b)(9) Claim without the need for a hearing by the Court, the Debtors shall be authorized, but not directed, in their discretion, subject to the consent of the Creditors' Committee, which consent shall not unreasonably be withheld, to enter into a stipulation to allow such Vendor's 503(b)(9) Claim, and to pay such allowed 503(b)(9) Claim if the Debtors determine, subject to the consent of the Creditors' Committee, which consent shall not unreasonably be withheld, it is in the estates' best interests to do so; provided that the Debtors shall provide three (3) days' advance notice and opportunity to object to the United States Trustee before paying any 503(b)(9) Claim in an amount greater than $100,000. Such stipulation will not be required to be filed on the Court's docket. In the event the Debtors and the Creditors' Committee are unable to reach agreement with respect to any 503(b)(9) Claim or an objection is lodged by the United States Trustee, and such objection is not resolved after good faith negotiations, the Debtors, the Creditors' Committee or the United States Trustee, as applicable, shall seek expedited relief from the Court with respect to the disputed payment; and

(e)   On a monthly basis, beginning on April 1, 2019, the Debtors will provide the Creditors' Committee and the United States Trustee with a separate report of all settlements of 503(b)(9) Claims entered into in the preceding calendar month.

24.   The Debtors propose that the 503(b)(9) Claim Procedures be the sole and exclusive method for the resolution, allowance, and satisfaction of 503(b)(9) Claims and request that all Vendors be prohibited from invoking any other means therefor, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claims.

25.   The Debtors further propose that any pending 503(b)(9) motions be adjourned to a date no later than sixty (60) days after the General Bar Date to provide the Debtors an opportunity to negotiate in good faith and to seek resolution of any such 503(b)(9) claims.

14

## The Relief Requested Should Be Granted

### A. The Notice Procedures Provide Sufficient Notice

26.    Bankruptcy Rule 2002(a)(7) requires a debtor to provide at least twenty-one (21) days' notice of the deadline for filing Proofs of Claim.  Fed. R. Bankr. P. 2002(a)(7). Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with foreign addresses.  Fed. R. Bankr. P. 2002(p)(2).  The Guidelines provide that creditors should be given at least thirty-five (35) days from the date that notice is mailed to creditors and at least twenty-eight (28) days from the date that notice is published to file proofs of claim.

27.    Pursuant to the Proposed Order, the Debtors will provide at least thirty-five (35) days' notice to all known creditors.  Specifically, Prime Clerk will have five (5) business days from the date of entry of an order on this Motion to complete the mailing of the Bar Date Notice.  Prime Clerk has advised the Debtors that it expects to complete the mailing in less than five (5) business days.  Accordingly, the Debtors submit that the Notice Procedures provide sufficient time for all parties in interest, including foreign creditors, to assert their claims.  Further, because the Notice Procedures will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the Debtors submit that the proposed Notice Procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in these chapter 11 cases.

28.    Prime Clerk also will post the Proof of Claim Form, along with instructions for filing Proofs of Claim, on the Case Website.  The Bar Date Notice also will provide that the Debtors' Schedules may be accessed through the same website or by contacting Prime Clerk at (844) 384-4460 (toll free) or by e-mail at SearsInfo@primeclerk.com.

15

29.     Accordingly, the Debtors submit that no further or other notice of the Bar

Dates is necessary and that the Notice Procedures will provide due and proper notice of the Bar

Dates.

**B. The 503(b)(9) Procedures Serve the Best Interests of the Debtors and Their Estates**

30.     Several 503(b)(9) Claims were filed in these chapter 11 cases before the

filing of this Motion.   Accordingly, the establishment of an orderly, uniform process for the

resolution of 503(b)(9) claims is warranted.   Deferring litigation of claims asserted under section

503(b)(9) of the Bankruptcy Code and establishing uniform procedures for resolving such claims

is a common practice in chapter 11 cases in this district and elsewhere.   *See In re Chassix*

*Holdings, Inc.*, 533 B.R. 64 (Bankr. S.D.N.Y. 2015) (ECF No. 275) (approving procedures for

the assertion, resolution, and payment of 503(b)(9) Claims); *In re Aeropostale, Inc.*, 555 B.R.

369 (Bankr. S.D.N.Y. 2016) (ECF No. 1126) (approving procedures for settling administrative

claims); *In re Republic Airways Holdings Inc.*, 547 B.R. 578 (Bankr. S.D.N.Y. 2016) (ECF No.

52) (approving procedures for the assertion, resolution, and payment of 503(b)(9) Claims).

Moreover, the Debtors believe that the Procedures will facilitate their ability to negotiate with

Vendors, expediting the resolution of 503(b)(9) Claims and assisting with the efficient

administration of these chapter 11 cases.

31.     Section 105(a) of the Bankruptcy Code provides that the Court "may issue

any order, process, or judgment that is necessary or appropriate to carry out the provisions" of

the Bankruptcy Code.   11 U.S.C. § 105(a).   The Debtors submit that establishing and

implementing the Procedures is necessary and appropriate and that the Procedures are consistent

with the provisions of section 503(b)(9) of the Bankruptcy Code.   The Procedures will assist in

the timely resolution of 503(b)(9) Claims and promote the orderly, efficient, and economic

administration of these cases.   The relief requested in this Motion, therefore, is in the best interests of the Debtors and their respective estates and should be granted in all respects.

### Reservation of Rights

32.     Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or, validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code.

33.     Further, the Debtors reserve the right to seek a further order of this Court to establish a deadline by which holders of claims *not* subject to the Bar Dates must file Proofs of Claim against the Debtors or be forever barred from so doing.

34.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

### Notice

35.      Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

36.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

17

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: February 13, 2019
      New York, New York

          /s/ Jacqueline Marcus
          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York  10153
          Telephone:  (212) 310-8000
          Facsimile:  (212) 310-8007
          Ray C. Schrock, P.C.
          Jacqueline Marcus
          Garrett A. Fail
          Sunny Singh
          Jessica Liou

          *Attorneys for Debtors*
          *and Debtors in Possession*

WEIL:\96880583\5\73217.0004

## Exhibit A

**Proposed Order**

WEIL:\96880583\5\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

In re                                        :
                                             :        **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*    :
                                             :        **Case No. 18-23538 (RDD)**
                                             :
            Debtors.[1]                      :        **(Jointly Administered)**
---------------------------------------------------------- x

### ORDER (I) ESTABLISHING DEADLINE TO FILE PROOFS OF CLAIM AND PROCEDURES RELATING THERETO, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (III) APPROVING PROCEDURES FOR THE RESOLUTION AND SATISFACTION OF CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9), AND (IV) PROHIBITING VENDORS FROM PURSUING SUCH CLAIMS OUTSIDE THE PROCEDURES

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation and its debtor

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to section 502(b)(9) of title 11 of the United States Code

(the "**Bankruptcy Code**"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), Rule 3003-1 of the Local Bankruptcy Rules for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Southern District of New York (the "**Local Rules**"), and the *United States Bankruptcy Court for the Southern District of New York Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim*, updated as of December 1, 2015 (the "**Guidelines**"), for an order (i) fixing deadlines and establishing procedures for filing proofs of claim (the "**Filing Procedures**"), (ii) approving the form and manner of service thereof, (iii) approving the procedures (the "**503(b)(9) Claim Procedures**") for the resolution of unpaid claims pursuant to section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claims**") that are timely filed, and (iv) prohibiting vendors or other parties (collectively, the "**Vendors**") from pursuing 503(b)(9) Claims outside of the Procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and upon the *Declaration of Robert Riecker Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York* (ECF No. 3) filed and sworn to on the Commencement Date and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

2

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted to the extent set forth herein.

2.    Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the Chapter 11 cases on October 15, 2018 (the "**Commencement Date**"), including claims asserted under section 503(b)(9) of the Bankruptcy Code, shall file a proof of such claim in writing or electronically in accordance with the procedures below so that it is received on or before <u>April 10, 2019</u> (the "**General Bar Date**")

3.    Notwithstanding any other provision hereof, proofs of claim filed by governmental units (as defined in section 101(27) of the Bankruptcy Code) must be filed on or before <u>September 3, 2019</u> (the date that is one hundred eighty (180) days after the date of the order for relief) (the "**Governmental Bar Date**").

4.    Notwithstanding any other provision hereof, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the later of (i) the General Bar Date and (ii) thirty (30) days after entry of the order authorizing such rejection (the "**Rejection Damages Bar Date**," and, together with the General Bar Date and the Governmental Bar Date, the "**Bar Dates**").  For the avoidance of doubt, a counterparty to an executory contract or unexpired lease is permitted to file a single proof of claim on account of its claims arising under the applicable contract or lease agreement (including claims for prepetition defaults and rejection damages) by the Rejection Damages Bar Date.

3

5.    The (i) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Exhibit 1** (the "**Bar Date Notice**") and (ii) model proof of claim form (the "**Claim Form**"), substantially in the form annexed hereto as **Exhibit 2**, are approved.

6.    The following Filing Procedures for the filing of proofs of claim (the "**Filing Procedures**") shall apply:

(a)    Proofs of Claim must conform substantially to the Claim Form or Official Bankruptcy Form No. 410 (the "**Official Form**")[3];

(b)    Proofs of Claim must be filed either (i) electronically through the website administered by Prime Clerk LLC ("**Prime Clerk**") for these cases at https://restructuring.primeclerk.com/sears (the "**Case Website**") by following instructions for filing proofs of claim electronically, (ii) by mailing the original proof of claim either by U.S. Postal Service mail or overnight delivery to Prime Clerk's Claims Processing Center for the Debtors at Sears Holdings Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, or (iii) by delivering the original proof of claim by hand to (x) the United States Bankruptcy Court for the Southern District of New York at 300 Quarropas Street, Room 248, White Plains, NY 10601 or (y) Prime Clerk's Claims Processing Center for the Debtors at Sears Holdings Corporation Claims Processing Center, c/o Prime Clerk LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232;

(c)    Proofs of Claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court or by Prime Clerk on or before the applicable Bar Date;

(d)    Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

(e)    Proofs of Claim must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor except as provided in paragraph 12(g)(ix) below.  If the holder lists multiple Debtors on the Proof of Claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor.  If the holder files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against Sears Holdings Corporation;

---

[3] The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.  The Claim Form can be found at https://restructuring.primeclerk.com/sears, the website established by Prime Clerk for the Debtors' chapter 11 cases.

4

(f)    Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted;

7.    Proofs of Claim need not be filed on or prior to the Bar Dates as to the

following types of claims:

(a)    any person or entity that has already filed a Proof of Claim against the Debtors in the above-captioned cases in a form substantially similar to the Claim Form or the Official Form and otherwise in compliance with these Filing Procedures;

(b)    any person or entity whose claim is listed in the Schedules filed by the Debtors, provided that (x) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (y) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules;    <u>and</u> (z) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)    any holder of a claim that heretofore has been allowed by order of this Court;

(d)    any person or entity whose claim has been paid in full by any of the Debtors;

(e)    any holder of a claim for which specific deadlines have previously been fixed by this Court;

(f)    any Debtor having a claim against another Debtor;

(g)    any holder of a claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u> that if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Filing Procedures;

(h)    any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

(i)    any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any notes, bonds, debentures, or other debt securities (collectively, the "**Debt Securities**") (x) issued by any of the Debtors, (y) secured by assets of any of the Debtors or agreements with respect to such assets, or (z) secured by assets leased to any of the Debtors (a "**Debt Claim**") pursuant to an indenture or credit agreement, as

5

applicable (together, the "**Debt Instruments**") if the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Debt Instrument files a single Proof of Claim in the Debtors' lead chapter 11 case *In re Sears Holdings Corporation* (Case No. 18-23538) (RDD), on or before the applicable Bar Date, under the applicable Debt Instrument on account of all Debt Claims; provided that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies; provided, further, that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), the Debt Agent under the Debt Instrument may include a summary of the operative documents with respect to the Debt Claims;

(j)     any person or entity who is not required to file a Proof of Claim pursuant to either the *Final Order Authorizing The Debtors to (A) Obtain Post-Petition Financing (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (ECF No. 955), as may be amended or superseded from time to time (the "**Final DIP Order**"), or the *Final Junior DIP Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing and (B) Grant Secured Priming Liens and Superpriority Administrative Expense Claims; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* (ECF No. 1436) (the "**Junior DIP Order**"), solely with respect to the claims set forth in the Final DIP Order and the Junior DIP Order;

(k)     any holder of a claim arising out of any warranties, protection agreements, or other services contracts (collectively, "**Protection Agreements**") for the goods and services of the Debtors sold or performed prior to the Commencement Date; and

(l)     any current or former employee of the Debtors whose employment or retiree status is subject to the terms of a collective bargaining agreement currently in effect (and, with respect to benefit claims, any spouse or beneficiary thereof) and is administered by labor unions representing such employees (the "**CBA Parties**"), solely with respect to any prepetition claim based on the payment of wages and compensation and employee medical benefits, insurance benefits, and other benefits authorized to be paid pursuant to the *Final Order (I) Authorizing But Not Directing the Debtors to (A) Pay Certain Prepetition Wages and Reimbursable Employee Expenses, (B) Pay and Honor Employee medical and Other benefits, and (C) Continue Employee Benefits Programs, and (II) granting Related Relief* (ECF No. 798); provided, however, that (a) if the Debtors have provided written notice to such CBA Parties and their union of the Debtors' intention not to pay such claim, the CBA Parties shall have until the later of (i) the Claims Bar Date and (ii) 30 days from the date of written notice, to submit a proof of claim. Notwithstanding the foregoing, the CBA Parties must submit proof of claims prior to the General Bar Date relating to grievances to the extent the grounds for such grievances arose

6

on or prior to the Petition Date, provided that the labor unions may submit a claim itemizing such grievances on behalf of their respective members.

8.      Claims under section 503(b)(9) of the Bankruptcy Code must be filed on or before the applicable Bar Date pursuant to the Filing Procedures.  Claimants shall not be required to submit certain of the foregoing materials to extent such information is duplicative of information included by such claimants in any notice of, or motion for allowance of a claim under section 503(b)(9) of the Bankruptcy Code that was filed prior to the entry of the this Order, and such notices and motions filed prior to the entry of the this Order shall be deemed timely filed under the procedures set forth herein, subject to the Debtors' rights to object to the alleged claims asserted therein[4]

9.      If the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline.

10.     Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall (i) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or submitting a proof of claim with respect thereto) and (ii) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in these cases.

---

[4] For the avoidance of doubt, Cupid Foundations Inc., shall not be required to refile any duplicative information on account its alleged 503(b)(9) Claim to the extent such information was already included in the *Motion to Allow Claims /Motion of Cupid Foundations, Inc. for Allowance of Section 503(b)(9) Administrative Claim filed by James J. Vincequerra on behalf of Cupid Foundations, Inc* (ECF No. 1385) and/or related *Reclamation of Claim / Notice of Reclamation of Cupid Foundations, Inc.* (ECF No. 434).

7

11.    The administrative agent under each of the First Lien Credit Agreement, the Stand-Alone L/C Facility, and the Second Lien Credit Facility, respectively, may file a single Proof of Claim in the lead chapter 11 case, *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (the "**Lead Case**"), on behalf of all holders of claims based on the First Lien Credit Agreement, the Stand-Alone L/C Facility, and the Second Lien Credit Facility, respectively, which Proofs of Claim also automatically shall be deemed filed in the chapter 11 case of each and every Debtor that is a borrower or guarantor under the respective credit facility.

12.    The indenture trustee under each of the Second Lien Notes, the Holdings Unsecured Notes, and the SRAC Unsecured Notes, respectively, also may file a single Proof of Claim in the Lead Case on behalf of all holders of claims based on the Second Lien Notes, the Holdings Unsecured Notes, and the SRAC Unsecured Notes, respectively, which Proofs of Claim also automatically shall be deemed filed in the chapter 11 case of each and every Debtor that is a borrower or guarantor under the respective credit facility.

13.    The following procedures for providing notice of the Bar Date (the "**Notice Procedures**") shall apply:

    (a)    Within five (5) business days of entry of this Order and at least thirty-five (35) days prior to the General Bar Date, the Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) the Bar Date Notice to the following parties:

        (i)    the U.S. Trustee;

        (ii)    counsel for the Creditors' Committee;

        (iii)    all creditors and other known holders of claims at the addresses stated in the Schedules or as updated pursuant to a request by the creditor or by returned mail from the post office with a forwarding address;

        (iv)    all parties actually known to the Debtors as having potential claims against any of the Debtors;

8

(v)     all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated in the Schedules or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

(vi)    all parties to pending litigation against the Debtors (as of the date of entry of this Order);

(vii)   the Internal Revenue Service, the United States Attorney's Office for the Southern District of New York, and all applicable Governmental Units;

(viii)  all persons or entities that have filed claims (as of the date of entry of this Order);

(ix)    all parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of entry of this Order);

(x)     all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of this Order); and

(xi)    such additional persons and entities deemed appropriate by the Debtors.

(b)     The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the Case Website.

14.     With regard to those holders of claims listed in the Schedules, the Debtors shall mail one or more Proof of Claim Forms (as appropriate), substantially similar to the Proof of Claim Form annexed hereto as **Exhibit 2**, indicating on the form (to the extent possible) how the Debtors have listed such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim, and whether the claim has been scheduled as contingent, unliquidated, or disputed).

15.     Pursuant to Bankruptcy Rule 2002(*l*), the Debtors shall publish the Bar Date Notice, with any necessary modifications for ease of publication, once in the national edition of *The New York Times*, subject to applicable publication deadlines, at least twenty-eight (28) days prior to the General Bar Date, which publication is approved and shall be deemed

9

good, adequate, and sufficient publication notice of the Bar Dates and the Filing Procedures in these chapter 11 cases.

16.     Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

17.     The following 503(b)(9) Claim Procedures, which are hereby approved and authorized in their entirety, shall apply to all 503(b)(9) Claims:

(a)     The Debtors are authorized to negotiate with any Vendor who has filed a Claim by the Bar Date asserting a 503(b)(9) Claim and to seek an agreement resolving such Vendor's 503(b)(9) Claim;

(b)     If the Debtors and the Vendor cannot reach agreement regarding such Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a hearing by the Court no later than 60 days after being requested to do so by a Vendor;

(c)     To the extent a 503(b)(9) Claim is agreed upon between the Debtors and a Vendor, subject to the consent of the Creditors' Committee, which consent shall not unreasonably be withheld, such 503(b)(9) Claim will be allowed and satisfied  pursuant to and as provided in any chapter 11 plan that is confirmed by the Court, pursuant to any agreement between the Debtors and the holder of a 503(b)(9) Claim, subject to the consent of the Creditors' Committee, which consent shall not unreasonably be withheld, or as otherwise ordered by the Court after notice and an opportunity for a hearing; provided that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim;

(d)     Notwithstanding the foregoing, to the extent the Debtors and a Vendor reconcile a Vendor's 503(b)(9) Claim without the need for a hearing by the Court, the Debtors shall be authorized, but not directed, in their discretion, subject to the consent of the Creditors' Committee, which consent shall not unreasonably be withheld, to enter into a stipulation to allow such Vendor's 503(b)(9) Claim, and, subject to the consent of the Creditors' Committee, which consent shall not unreasonably be withheld, to pay such allowed 503(b)(9) Claim if the Debtors determine it is in the estates' best interests to do so; provided that the Debtors shall provide three (3) days' advance notice and opportunity to object to the United States Trustee before paying any 503(b)(9) Claim in an amount greater than $100,000. Such stipulation will not be required to be filed on the Court's docket.  In the event the Debtors and the Creditors' Committee cannot reach agreement with respect to any 503(b)(9) Claim or an objection is lodged by  the United States Trustee, and such objection is not resolved after good faith negotiations, the Debtors, the Creditors' Committee or the United States Trustee, as applicable, shall seek expedited relief from the Court with respect to the disputed payment; and

10

(e)     On a monthly basis, beginning on April 1, 2019, the Debtors will provide the Creditors' Committee and the United States Trustee with a separate report of all settlements of 503(b)(9) Claims entered into in the preceding calendar month.

18.     The foregoing 503(b)(9) Claim Procedures are the sole and exclusive method for the resolution, allowance, and satisfaction of 503(b)(9) Claims against the Debtors and all Vendors are prohibited from using any other means for the resolution, allowance, or satisfaction of 503(b)(9) Claims, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claim.  Any pending 503(b)(9) motions will be adjourned to a date no later than sixty (60) days after the General Bar Date to provide the Debtors an opportunity to negotiate in good faith and to seek resolution of any such 503(b)(9) claims.

19.     To the extent a Vendor asserting a 503(b)(9) Claim has been paid pursuant to another order entered by the Court in these chapter 11 cases, the 503(b)(9) Claim Procedures shall not apply and any such 503(b)(9) Claim shall be deemed withdrawn without the need for any application to, or further order of, the Court.

20.     Notwithstanding anything to the contrary contained herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the Debtors' postpetition financing agreements (the "**DIP Documents**") and any orders approving the DIP Documents and governing the Debtors' use of cash collateral (including with respect to any budgets governing or relating thereto) and (b) to the extent there is any inconsistency between the terms of such orders approving the DIP Documents or the Debtors' use of cash collateral and any action taken or proposed to be taken hereunder, the terms of such orders approving the DIP Documents and use of cash collateral shall control.

11

21.     The Debtors and Prime Clerk are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

22.     Notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases.

23.     Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules or otherwise.

24.     Entry of this Order is without prejudice to the rights of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Dates established herein must file such claims against the Debtor or be forever barred from so doing.

25.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:                    , 2019
        White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

12

## **Exhibit 1**

**Bar Date Notice**

WEIL:\96880583\5\73217.0004

## UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>**SEARS HOLDINGS CORPORATION,** *et al.,*<br><br>Debtors. | **Chapter 11 Case No.: 18-23538 (RDD)**<br>**(Jointly Administered)** |

### NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM

      Chapter 11 bankruptcy cases concerning the debtors listed below were filed on October 15, 2018.  You may be a creditor of one of the debtors.  On February 22, 2019, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Sears Holdings Corporation and certain of its affiliates as debtors and debtors in possession (collectively, the "**Debtors**"), entered an order (the "**Bar Date Order**") establishing (1) **April 10, 2019** at **5:00 p.m. (Eastern Time)** as the last date and time for each person and entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not governmental units (as defined in section 101(27) of title 11 of the United States Code (the "**Bankruptcy Code**"), "**Governmental Units**")) to file a proof of claim (each, "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, against any of the Debtors listed below (the "**General Bar Date**"), and (2) **September 3, 2019** at **5:00 p.m. (Eastern Time)** as the last date and time for each Governmental Unit to file a Proof of Claim in respect of a prepetition claim against any of the Debtors listed below (the "**Governmental Bar Date**," and, together with the General Bar Date, the "**Bar Dates**").

      The Bar Date Order, the Bar Dates, and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below as being specifically excluded) that arose prior to **October 15, 2018**, the date on which the Debtors commenced their cases under chapter 11 of the Bankruptcy Code.

      **If you have any questions relating to this Notice, please feel free to contact the Debtors' Court-approved claims agent Prime Clerk LLC ("Prime Clerk") at (844) 384-4460 (toll free) or by e-mail at searsinfo@primeclerk.com.**

      **YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

NOTE:  The staff of the Office of the Clerk of the Bankruptcy Court, the Office of the United States Trustee, and Prime Clerk cannot give legal advice.

| **Name of Debtor** | **Case Number** | **Tax Identification Number** |
|---|---|---|
| Sears Holdings Corporation | 18-23538 (RDD) | 20-1920798 |
| Kmart Holding Corporation | 18-23539 (RDD) | 32-0073116 |
| Kmart Operations LLC | 18-23540 (RDD) | 32-0456546 |
| Sears Operations LLC | 18-23541 (RDD) | 35-2524331 |
| Sears, Roebuck and Co. | 18-23537 (RDD) | 36-1750680 |
| ServiceLive, Inc. | 18-23542 (RDD) | 36-4616774 |
| SHC Licensed Business LLC | 18-23616 (RDD) | 37-1783718 |
| A&E Factory Service, LLC | 18-23543 (RDD) | 36-4486695 |
| A&E Home Delivery, LLC | 18-23544 (RDD) | 37-1500205 |
| A&E Lawn & Garden, LLC | 18-23545 (RDD) | 13-4275028 |

| | | |
|---|---|---|
| A&E Signature Service, LLC | 18-23546 (RDD) | 37-1500204 |
| FBA Holdings Inc. | 18-23547 (RDD) | 36-4186537 |
| Innovel Solutions, Inc. | 18-23548 (RDD) | 36-1857180 |
| Kmart Corporation | 18-23549 (RDD) | 38-0729500 |
| MaxServ, Inc. | 18-23550 (RDD) | 74-2707626 |
| Private Brands, Ltd. | 18-23551 (RDD) | 55-0544022 |
| Sears Development Co. | 18-23552 (RDD) | 36-2476028 |
| Sears Holdings Management Corporation | 18-23554 (RDD) | 20-3592148 |
| Sears Home & Business Franchises, Inc. | 18-23553 (RDD) | 98-0126742 |
| Sears Home Improvement Products, Inc. | 18-23556 (RDD) | 25-1698591 |
| Sears Insurance Services, L.L.C. | 18-23557 (RDD) | 36-4287182 |
| Sears Procurement Services, Inc. | 18-23555 (RDD) | 30-0092859 |
| Sears Protection Company | 18-23558 (RDD) | 36-4471250 |
| Sears Protection Company (PR), Inc. | 18-23559 (RDD) | 66-0704861 |
| Sears Roebuck Acceptance Corp. | 18-23560 (RDD) | 51-0080535 |
| Sears, Roebuck de Puerto Rico, Inc. | 18-23561 (RDD) | 66-0233626 |
| SYW Relay LLC | 18-23562 (RDD) | 35-2561870 |
| Wally Labs LLC | 18-23563 (RDD) | None |
| SHC Promotions LLC | 18-23630 (RDD) | 26-4209626 |
| Big Beaver of Florida Development, LLC | 18-23564 (RDD) | None |
| California Builder Appliances, Inc. | 18-23565 (RDD) | 68-0406327 |
| Florida Builder Appliances, Inc. | 18-23566 (RDD) | 36-3619133 |
| KBL Holding Inc. | 18-23567 (RDD) | 26-0031295 |
| KLC, Inc. | 18-23568 (RDD) | 75-2490839 |
| Kmart of Michigan, Inc. | 18-23576 (RDD) | 38-3551696 |
| Kmart of Washington LLC | 18-23570 (RDD) | 61-1448898 |
| Kmart Stores of Illinois LLC | 18-23571 (RDD) | 61-1448897 |
| Kmart Stores of Texas LLC | 18-23572 (RDD) | 61-1448915 |
| MyGofer LLC | 18-23573 (RDD) | 26-4005531 |
| Sears Brands Business Unit Corporation | 18-23574 (RDD) | 42-1564658 |
| Sears Holdings Publishing Company, LLC | 18-23575 (RDD) | 26-0075554 |
| Sears Protection Company (Florida), L.L.C. | 18-23569 (RDD) | 20-0224239 |
| SHC Desert Springs, LLC | 18-23577 (RDD) | None |
| SOE, Inc. | 18-23578 (RDD) | 83-0399616 |
| StarWest, LLC | 18-23579 (RDD) | 37-1495379 |

2

| | | |
|---|---|---|
| STI Merchandising, Inc. | 18-23580 (RDD) | 38-2760188 |
| Troy Coolidge No. 13, LLC | 18-23581 (RDD) | None |
| BlueLight.com, Inc. | 18-23582 (RDD) | 77-0527034 |
| Sears Brands, L.L.C. | 18-23583 (RDD) | 42-1564664 |
| Sears Buying Services, Inc. | 18-23584 (RDD) | 36-3256533 |
| Kmart.com LLC | 18-23585 (RDD) | 77-0529022 |
| Sears Brands Management Corporation | 18-23586 (RDD) | 36-2555365 |
| SRe Holding Corporation | 19-22031 (RDD) | 46-4344816 |

| **Attorneys for Debtors** | **Address of the Office of the Clerk of the Bankruptcy Court** |
|---|---|
| Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Telephone: 212-310-8000<br>Facsimile: 212-310-8007<br>Ray C. Schrock, P.C.<br>Jacqueline Marcus<br>Garrett A. Fail<br>Sunny Singh<br>Jessica Liou | Clerk of the United States Bankruptcy Court<br>300 Quarropas Street<br>White Plains, New York  10601<br><br>Telephone:  (914)-390-4060<br>Vito Genna, Clerk of the Bankruptcy Court<br>Hours Open: 8:30 a.m. – 5:00 p.m. |

3

1.    <u>**WHO MUST FILE A PROOF OF CLAIM**</u>

You **MUST** file a **Proof of Claim** to vote on a chapter 11 plan filed by the Debtors or to share in any distributions from the Debtors' estates if you have a claim that arose prior to **October 15, 2018**, and your claim is not one of the types of claims described in Section 2 below.  Claims based on acts or omissions of the Debtors that occurred before **October 15, 2018**, must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before **October 15, 2018.**

Pursuant to section 101(5) of the Bankruptcy Code and as used in this Notice, the word "**claim**" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Further, claims include unsecured claims, secured claims, and priority claims.

2.    **WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

Your claim is listed in the debtors' schedules of assets and liabilities (the "**Schedules**")[1] and (i) is **not** listed in the Schedules as "disputed," "contingent," or "unliquidated"; (ii) you do **not** dispute the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

Your claim has been paid in full or will be paid in full under an agreement entered into by the Debtors pursuant to the Final Critical Vendors Order;[2]

Your claim consists of an equity security interest in the Debtors, which interest exclusively is based upon the ownership of common or preferred stock; membership interests; partnership interests; or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u> that if you hold such security interest and wish to assert a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date as set forth in this Notice;

You hold a claim that is allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a claim under section 503(b)(9) of the Bankruptcy Code);

You hold a claim that heretofore has been allowed by an order of the Court or subsequently is allowed by an order of the Court entered on or before the applicable Bar Date;

You hold a claim for which a separate deadline has been fixed by the Court;

You hold a claim for which you already filed a Proof of Claim with the Office of the Clerk of the Bankruptcy Court or Prime Clerk against any of the Debtors, utilizing a claim form that

---

[1] The Debtors filed their Schedules on January 17, 2019 (ECF Nos. 1609, 1611, 1613, 1615, 1617, 1619, 1621, 1623, 1625, 1627, 1629, 1631, 1633, 1635, 1637, 1639, 1641, 1643, 1645, 1647, 1649, 1651, 1653, 1655, 1657, 1659, 1661, 1663, 1665, 1667, 1668, 1671, 1673, 1675, 1677, 1679, 1681, 1683, 1685, 1687, 1689, 1691, 1693, 1695, 1697, 1699, 1701, 1703, 1705, 1707, 1709, 1711, 1713).

[2] *See Order Granting Motion (I) Authorizing Debtors to Pay Certain Prepetition Obligations to Critical Vendors, (II) Approving Procedures to Address Vendors who Repudiate and Refuse to Honor Their Contractual Obligations to The Debtors; and (III) Granting Related Relief* (ECF No. 793) (the "**Final Critical Vendors Order**").

WEIL:\96880583\5\73217.0004

substantially conforms to the form provided with this Notice (the "**Proof of Claim Form**") or Official Bankruptcy Form 410 ("**Official Form 410**"), so long as you do not wish to assert such claim against a Debtor who was not named in the original Proof of Claim, in which case another Proof of Claim must be filed;

You are a person or entity whose claim arises out of any warranties, protection agreements, or other services contracts for the goods and services of the Debtors sold or performed prior to the Commencement Date.

You are a person or entity whose claim exclusively is limited to the repayment of principal, interest, and other fees and expenses (the "**First Lien Credit Agreement Obligations**") under or in connection with that certain Third Amended and Restated Credit Agreement, dated as of July 21, 2015 (as thereafter amended, supplemented, or modified from time to time, the "**First Lien Credit Agreement**"); provided that any person or entity wishing to assert a claim arising out of or relating to the First Lien Credit Agreement, other than a claim for the First Lien Credit Agreement Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies;

You are a person or entity whose claim exclusively is limited to the repayment of principal, interest, and other fees and expenses (the "**Stand-Alone L/C Obligations**") under or in connection with that certain Letter of Credit and Reimbursement Agreement, dated as of December 28, 2016 (as thereafter amended, supplemented, or modified from time to time, the "**Stand-Alone L/C Facility**"); provided that any person or entity wishing to assert a claim arising out of or relating to the Stand-Alone L/C Facility, other than a claim for the Stand-Alone L/C Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies;

You are a person or entity whose claim exclusively is limited to the repayment of principal, interest, and other fees and expenses (the "**Second Lien Credit Facility Obligations**") under or in connection with that certain Second Lien Credit Agreement, dated as of September 1, 2016 (as thereafter amended, supplemented, or modified from time to time, the "**Second Lien Credit Facility**"); provided that any person or entity wishing to assert a claim arising out of or relating to the Second Lien Credit Agreement, other than a claim for the Second Lien Credit Agreement Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies;

You are a person or entity whose claim exclusively is limited to the repayment of principal, interest, and other fees and expenses (the "**Second Lien Notes Obligations**") under or in connection with that certain Indenture for 6 5/8% Senior Secured Notes due 2018, dated October 12, 2010 (as thereafter amended, supplemented, or modified from time to time, the "**Second Lien Notes**"); provided that any person or entity wishing to assert a claim arising out of or relating to the Second Lien Notes Indenture, other than a claim for the Second Lien Notes Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies;

You are a person or entity whose claim exclusively is limited to the repayment of principal, interest, and other fees and expenses (the "**Holdings Unsecured Notes Obligations**") under that certain Indenture for 8% Senior Unsecured Notes due 2019, dated November 21, 2014 (as thereafter amended, supplemented, or modified from time to time, the "**Holdings Unsecured Notes**"); provided that any person or entity wishing to assert a claim arising out of or relating to the Holdings Unsecured Notes, other than a claim for

WEIL:\96880583\5\73217.0004

the Holdings Unsecured Notes Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies; or

You are a person or entity whose claim exclusively is limited to the repayment of principal, interest, and other fees and expenses (the "**SRAC Unsecured Notes Obligations**") under that certain Indenture for intercompany unsecured notes of various interest rates, dated October 1, 2002 (as thereafter amended, supplemented, or modified from time to time, the "**SRAC Unsecured Notes**"); provided that any person or entity wishing to assert a claim arising out of or relating to the SRAC Unsecured Notes, other than a claim for the SRAC Unsecured Notes Obligations, shall be required to file a Proof of Claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is **thirty (30) days** following the date of entry of the Court order approving the rejection of such executory contract or unexpired lease, or you will be forever barred from so doing. Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim with respect to unpaid amounts accrued and outstanding as of **October 15, 2018**, pursuant to such executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless another exception identified herein applies.

**4.      WHEN AND WHERE TO FILE**

Except as provided for herein, all Proofs of Claim either must be filed (i) electronically through Prime Clerk's website using the interface available on such website located at https://restructuring.primeclerk.com/sears____under the link entitled "Submit a Claim" (the "**Electronic Filing System**") or (ii) by delivering the original Proof of Claim form by hand or mailing the original Proof of Claim form on or before the applicable Bar Date as follows:

If by overnight courier, hand delivery, or first class mail:

Sears Holdings Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

OR

If by hand delivery:

United States Bankruptcy Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

6

Proofs of Claim will be deemed timely filed only if **actually received** by Prime Clerk or the Court as set forth in Section 4 above, in each case, on or before the applicable Bar Date. Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically through the Electronic Filing System) **will not** be accepted.

5.      **WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States (using the exchange rate, if applicable, as of the date of the commencement f the chapter 11 case by the applicable Debtor; (iii) substantially conform to the Proof of Claim Form or Official Form 410; (iv) specify by name and case number the Debtor against which the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury.

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR, YOU MUST FILE SEPARATE PROOFS OF CLAIM AGAINST EACH DEBTOR, AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOU ARE ASSERTING A CLAIM AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE. A LIST OF THE NAMES OF THE DEBTORS AND THEIR RESPECTIVE CASE NUMBERS IS SET FORTH ABOVE.

Your Proof of Claim form must **not** contain complete social security numbers or taxpayer identification numbers (only include the last four digits), complete birth dates (only include the year), the names of minors (only include the minor's initials), or financial account numbers (only include the last four digits of such financial account).

Official Form 410 can be found at http://www.uscourts.gov/sites/default/files/form_b_410_16.pdf. Additional Proof of Claim Forms can be obtained at https://restructuring.primeclerk.com/sears/EPOC-Index.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY DOCUMENTS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CHAPTER 11 CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.**

7.      **THE DEBTORS' SCHEDULES, ACCESS THERETO, AND CONSEQUENCES OF AMENDMENT THEREOF**

You may be listed as the holder of a claim against the Debtors in the Schedules. To determine if and how you are listed in the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form regarding the nature, amount, and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the enclosed Proof of Claim Form will reflect the net amount of your claims. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms; each Proof of Claim Form will reflect the nature and amount of your claim against each Debtor as listed in the Schedules.

WEIL:\96880583\5\73217.0004

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules and if your claim is not listed in the Schedules as "disputed," "contingent," or "unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted (i) on the website established by Prime Clerk for the Debtors' cases at https://restructuring.primeclerk.com/sears and (ii) on the Court's website at http://www.nysb.uscourts.gov. (A username and password to the Court's Public Access to Court Electronic Records ("**PACER**") system are required to access the information on the Court's website and can be obtained through PACER at https://pacer.psc.uscourts.gov/pscof/regWizard.jsf). Copies of the Schedules also may be examined between the hours of 8:30 a.m. and 5:00 p.m. (Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. Copies of the Debtors' Schedules also may be obtained by written request to Prime Clerk at the address and telephone number set forth below:

**Sears Holdings Corporation Claims Processing Center**
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232
US Toll Free: (844) 384-4460
International: +1 (929) 955-2419

In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of the Bar Date Order, the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, such holders shall have until the later of (i) the applicable Bar Date and (ii) **thirty (30) days** from the date of such notice to file a Proof of Claim or be forever barred from so doing, and the Debtors shall give notice of such deadline to the holders of claims affected by such amendment or supplement.

**A holder of a possible claim against the Debtors should consult an attorney if such holder has any questions regarding this Notice, including whether the holder should file a Proof of Claim.**

Dated:    White Plains, New York          **BY ORDER OF THE COURT**
          _____, 2019

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

Attorneys for Debtors
and Debtors in Possession

8

**Exhibit 2**

**Proof of Claim Form**

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| **Fill in this information to identify the case (Select only one Debtor per claim form):** | | | | |
|---|---|---|---|---|
| Sears Holdings Corporation (18-23538) | Kmart Corporation (18-23549) | Sears, Roebuck de Puerto Rico, Inc. (18-23561) | MyGofer LLC (18-23573) | Kmart.com LLC (18-23585) |
| Sears, Roebuck and Co. (18-23537) | MaxServ, Inc. (18-23550) | SYW Relay LLC (18-23562) | Sears Brands Business Unit Corporation (18-23574) | Sears Brands Management Corporation (18-23586) |
| Kmart Holding Corporation (18-23539) | Private Brands, Ltd. (18-23551) | Wally Labs LLC (18-23563) | Sears Holdings Publishing Company, LLC (18-23575) | SHC Licensed Business LLC (18-23616) |
| Kmart Operations LLC (18-23540) | Sears Development Co. (18-23552) | Big Beaver of Florida Development, LLC (18-23564) | Kmart of Michigan, Inc. (18-23576) | SHC Promotions LLC (18-23630) |
| Sears Operations LLC (18-23541) | Sears Holdings Management Corporation (18-23553) | California Builder Appliances, Inc. (18-23565) | SHC Desert Springs, LLC (18-23577) | SRe Holding Corporation (19-22301) |
| ServiceLive, Inc. (18-23542) | Sears Home & Business Franchises, Inc. (18-23554) | Florida Builder Appliances, Inc. (18-23566) | SOE, Inc. (18-23578) | |
| A&E Factory Service, LLC (18-23543) | Sears Home Improvement Products, Inc. (18-23555) | KBL Holding Inc. (18-23567) | StarWest, LLC (18-23579) | |
| A&E Home Delivery, LLC (18-23544) | Sears Insurance Services, L.L.C. (18-23556) | KLC, Inc. (18-23568) | STI Merchandising, Inc. (18-23580) | |
| A&E Lawn & Garden, LLC (18-23545) | Sears Procurement Services, Inc. (18-23557) | Sears Protection Company (Florida), L.L.C. (18-23569) | Troy Coolidge No. 13, LLC (18-23581) | |
| A&E Signature Service, LLC (18-23546) | Sears Protection Company (18-23558) | Kmart of Washington LLC (18-23570) | BlueLight.com, Inc. (18-23582) | |
| FBA Holdings Inc. (18-23547) | Sears Protection Company (PR) Inc. (18-23559) | Kmart Stores of Illinois LLC (18-23571) | Sears Brands, L.L.C. (18-23583) | |
| Innovel Solutions, Inc. (18-23548) | Sears Roebuck Acceptance Corp. (18-23560) | Kmart Stores of Texas LLC (18-23572) | Sears Buying Services, Inc. (18-23584) | |

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Where should payments to the creditor be sent? (if different)

Contact phone _____

Contact email _____

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known)_____     Filed on _____
                                                                                                                                                                                     MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

❑ No

❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

---

**7. How much is the claim?**  $_____. **Does this amount include interest or other charges?**

❑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

❑ No

❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

❑ Motor vehicle

❑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)_____%

❑ Fixed

❑ Variable

---

**10. Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

---

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

---

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | |
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____ (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name of the person who is completing and signing this claim:

| Name | _____ |
|---|---|
| | First name          Middle name          Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number          Street |
| | _____ |
| | City          State          ZIP Code |
| Contact phone | _____          Email _____ |

Modified Form 410                    **Proof of Claim**                    page 3

<u>Modified Form 410</u>

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://restructuring.primeclerk.com/sears.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Sears Holdings Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**