**Hearing Date and Time: March 21, 2019 at 10:00 a.m (Prevailing Eastern Time)**
**Objection Date and Time: February 22, 2019 at 4:00 p.m (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                   :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

NOTICE OF HEARING ON MOTION OF
DEBTORS FOR ENTRY OF AN ORDER APPROVING PROCEDURES FOR
<u>MODIFICATION OF THE AUTOMATIC STAY UNDER CERTAIN CIRCUMSTANCES</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616; StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**"), of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105 and 364 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9019 to establish certain Stay Procedures (as defined in the Motion) with respect to movants seeking to modify the automatic stay, all as more fully set forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **March 21, 2019 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **February 22, 2019 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to

2

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Motion, which order may be entered without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that any objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted upon default.


Dated: February 14, 2019
       New York, New York

                                        /s/ Garrett A. Fail
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York  10153
                                        Telephone:  (212) 310-8000
                                        Facsimile:  (212) 310-8007
                                        Ray C. Schrock, P.C.
                                        Jacqueline Marcus
                                        Garrett A. Fail
                                        Sunny Singh
                                        Jessica Liou

                                        *Attorneys for Debtors
                                        and Debtors in Possession*

**Hearing Date and Time: March 21, 2019 at 10:00 a.m (Prevailing Eastern Time)**
**Objection Date and Time: February 22, 2019 at 4:00 p.m (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                              :
In re                                                         :       **Chapter 11**
                                                              :
**SEARS HOLDINGS CORPORATION,** *et al.*,                     :       **Case No. 18-23538 (RDD)**
                                                              :
           **Debtors.**[1]                                    :       **(Jointly Administered)**
                                                              :
------------------------------------------------------------x

# MOTION OF DEBTORS
## FOR ENTRY OF AN ORDER APPROVING PROCEDURES FOR
## MODIFICATION OF THE AUTOMATIC STAY UNDER CERTAIN CIRCUMSTANCES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represent as follows in support of this motion (the "**Motion**"):

## Background

1.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

2

## Jurisdiction

5.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

## Relief Requested

6.        By this Motion, the Debtors request authorization, pursuant to sections 105 and 364 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9019 to establish certain Stay Procedures (as defined below) with respect to movants seeking to modify the automatic stay.

7.        A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A** (the "**Proposed Order**").

## The Prepetition Actions

8.        The Debtors are parties to numerous pending actions that assert claims allegedly arising during the prepetition period (collectively, the "**Prepetition Actions**").  The Debtors are evaluating the most efficient and streamlined process to resolve the Prepetition Actions.  Any such process necessarily will consider the assumption or rejection of relevant agreements, the value of the claims asserted in each Prepetition Action, and the availability of any insurance proceeds as a means of recovery.  If the Debtors can verify that any costs to the Debtors and any recovery obtained against their estates—either directly or indirectly through third parties—exclusively will be limited to the insurance proceeds available under the insurance policies maintained by or available to the Debtors, the Debtors may be willing to enter into stipulations with certain plaintiffs in the Prepetition Actions (the "**PI Claimants**") to modify the automatic stay to permit such PI Claimant to proceed with their Prepetition Actions.

3

**Proposed Procedures for Entering into Stipulations to Modify the Automatic Stay**

9.      As required under the Debtors' real property leases and other applicable laws and regulations, the Debtors' historically have maintained two types of general liability coverage for bodily injury or property damage claims of third parties against the Debtors during the term of the relevant policy.  The first type of general liability policy typically covered almost all of the Debtors' properties and has a $5 million dollar aggregate limit with a $5 million deductible (the "**Master General Liability Policies**").  The Master General Liability Policies for almost all of the Debtors' policies during the prepetition period have been exhausted; accordingly, there is very limited, if any, available insurance under the Master General Liability Policies.  The second type of general liability policies purchased by the Debtors provides coverage for a limited number of certain other of the Debtors' properties (the "**Separate General Liability Policies**").  The terms and status of available insurance coverage under each of the Separate General Liability Policies vary depending on the policy and the property at issue.  The Separate General Liability Policies cover a limited number of stores and are typically deductible based policies with per occurrence and aggregate limits.

10.      The Debtors also maintain automobile liability coverage to cover their liability to third parties arising out of the operation of motor vehicles owned, leased, or used by the Debtors (the "**Automobile Policy**").   The terms of these policies vary as well, but historically, the Debtors' Automobile Policies have a per occurrence limit.

11.      The Debtors seek to implement the following procedures (the "**Stay Procedures**") to modify the automatic stay where they will not incur cost or be liable to non-

4

debtor parties.  The Stay Procedures are substantially similar to procedures previously approved

by this Court.[3]  The Stay Procedures are as follows:

    a.    Beginning on the date upon which the Court enters an order granting this Motion, and upon inquiry from a PI Claimant (an "**Inquiry**") substantially in the form and manner attached as **Exhibit 1** to the Proposed Order, the Debtors and their counsel will analyze the PI Claimant's request to enter into a stipulation to modify the Automatic Stay to allow the PI Claimant to proceed with a Prepetition Action with the recovery limited to available insurance proceeds.  An Inquiry must be accompanied by: (i) the name and brief description of the Prepetition Action (including a copy of any pleadings, photographs, interrogatory responses, and bills of particulars to the extent that these exist); (ii) the current status of the Prepetition Action; (iii) the amount of the claim asserted by the PI Claimant; (iv) any known applicable insurance policy of the Debtors and known status of such insurance coverage; and (v) any co-defendants or other parties named in the Prepetition Action and the nature of the claims asserted against these parties, and the nature of any cross-claims and/or third-party claims asserted between the co-defendants or other parties in the Prepetition Action.  The Debtors may, after consultation with the Creditors' Committee, in their reasonable business judgment, waive any of the foregoing requirements.

    b.    If the Debtors agree, after consultation with the Creditors' Committee, in their reasonable business judgment, that such PI Claimant may proceed with a Prepetition Action in a manner consistent with subparagraph (a) above, the Debtors will file with this Court, and serve upon:   (i) the Office of the U.S. Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the applicable insurance carrier; and (iv) any relevant non-debtor party (collectively, the "**Automatic Stay Reviewing Parties**"), a stipulation, agreement, and order (collectively, the "**Stay Stipulation**"). A proposed form of the Stay Stipulation is annexed to the Proposed Order as **Exhibit 2**.  The Stay Stipulation may provide that the PI Claimant must waive any and all rights of recovery against the Debtors and will limit all recovery solely to the extent of available insurance proceeds.  Certain non-debtor parties may also be required to waive any contractual, indemnification, contribution, or such other claims they may have

---

[3] *See* Order Pursuant to 11 U.S.C. §§ 105(a) and 362(a) Extending the Automatic Stay to Certain Non-Debtor Parties and Approving Procedures for the Modification of the Automatic Stay Under Certain Circumstances, *In re The Great Atlantic & Pacific Tea Company, Inc.*, No. 15-23007 (Bankr. S.D.N.Y. Oct. 26, 2015) (ECF No. 1565).

5

against the Debtors in connection with the Prepetition Action and/or limit any recoveries on such claims to available insurance proceeds.

c.  The Automatic Stay Reviewing Parties will have seven (7) days after notice of a Stay Stipulation to review such stipulation and notify (i) the Debtors, 3333 Beverly Road, Hoffman Estates, IL 60179 (Attn.: Mohsin Y. Meghji) and (ii) counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York (Attn.: Ray C. Schrock, P.C., Jacqueline Marcus, Esq. Garrett A. Fail, Esq., Sunny Singh, Esq., and Jessica Liou Esq.) in writing, of any objection to the Stay Stipulation (the "**Stipulation Objection Deadline**"). If no objection is filed and served before the Stipulation Objection Deadline, the Stay Stipulation shall be deemed approved without further order of this Court.

d.  If an objection is filed by the Stipulation Objection Deadline and such objection cannot be resolved within five (5) days after the Stipulation Objection Deadline, the Debtors shall schedule the objection to be heard at the next available hearing date that is at least seven (7) business days after notice of such hearing.

e.  If the Debtors receive and do not respond to an Inquiry within forty-five (45) calendar days, the PI Claimant may file a motion for relief from the Automatic Stay in the Bankruptcy Court. If a PI Claimant files a motion for relief from the Automatic Stay without first serving an Inquiry upon the Debtors and complying with the foregoing procedures, the Debtors will serve a copy of the entered order establishing the Stay Procedures and will advise the PI Claimant that its motion automatically is adjourned until the PI Claimant has complied with the Stay Procedures. The Debtors also are authorized to serve the order establishing the Stay Procedures to the court in which the Prepetition Action is pending.

12.    The Stay Procedures are in the best interest of the Debtors' estates and their creditors. They will save the Debtors the expense and time associated with responding to multiple motions to lift the automatic stay, as well as allow the Debtors to avoid negotiating settlements for several hundred Prepetition Actions. As of the date hereof, several PI Claimants have filed motions to lift the automatic stay in order to proceed with their Prepetition Actions. The Debtors request that to the extent a PI Claimant has already filed a properly noticed motion to lift the automatic stay under section 362 of the Bankruptcy Code, such motions shall be adjourned to the

6

April 18, 2019 omnibus hearing to allow the Debtors time to review such motions and attempt to

negotiate consensual resolutions.  Based on the high volume of calls and letters received by the

Debtors and their counsel, the Debtors anticipate that many PI Claimants will otherwise file similar

motions in the near future.  Approval of the Stay Procedures will avoid flooding the Court with

these motions and provide the Debtors with an opportunity to resolve claims of PI Claimants in a

quick and cost effective manner.

### The Relief Requested Should be Granted

13.    Bankruptcy Rule 4001(d) permits the debtor and another party to enter into

"an agreement to modify or terminate the stay provided for in section 362." Fed. R. Bankr. P.

4001(d).  Additionally, Bankruptcy Rule 9019 allows the Court to "approve a compromise or

settlement" upon notice to certain creditors.  The Debtors submit that the Stay Procedures

described herein are consistent with Rule 4001 and 9019.

14.    The Court also has the authority pursuant to its equitable powers under

section 105(a) of the Bankruptcy Code to authorize the relief requested herein, because such relief

is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the

Bankruptcy Code.  Section 1107(a) of the Bankruptcy Code "contains an implied duty of the

debtor-in-possession" to act as a fiduciary to 'protect and preserve the estate, including an

operating business' going-concern value,' on behalf of the debtor's creditors and other parties in

interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ,*

*L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders*

*v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon

filing its petition, the Debtor became debtor in possession and, through its management . . . was

burdened with the duties and responsibilities of a bankruptcy trustee.").  Section 105(a) of the

7

Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a); *see Ionosphere Clubs*, 98 B.R. at 175 (applying section 105(a) to justify an order authorizing the payment of certain prepetition wages, salaries, medical benefits, and business expense claims to debtor's employees).  The Debtors submit that approval of the Stay Procedures is consistent with the Debtors' duty to maximize value and preserve the Debtors' estates.

15.    Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**").  The Debtors respectfully submit that no further notice is required.

16.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  February 14, 2019
         New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*

8

**Exhibit A**

**Proposed Order**

WEIL:\96919178\1\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                :

In re                           :         Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,  :      Case No. 18-23538 (RDD)
                                :

Debtors.[1]             :        (Jointly Administered)
                                :
------------------------------------------------------------x

## ORDER APPROVING PROCEDURES FOR
## MODIFICATION OF THE AUTOMATIC STAY UNDER CERTAIN CIRCUMSTANCES

Upon the motion, dated February 14, 2019, (ECF No. [__]) (the "**Motion**")[2] of Sears Holdings Corporation  and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105 and 363 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 4001 and 9019 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) establishing certain Stay Procedures (as defined below) with respect to movants seeking to modify

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

the automatic stay and (ii) granting related relief, all as more fully set forth in the Motion; and the

Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated

January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion

having been provided in accordance with the Amended Case Management Order; such notice

having been adequate and appropriate under the circumstances, and it appearing that no other or

further notice need be provided; and the Court having held a hearing to consider the relief requested

in the Motion on March 21, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon

all of the proceedings had before the Court; and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the

best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due

deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.    The Motion is granted to the extent set forth herein.

2.    The Debtors are further authorized to enter into Stay Stipulations with PI

Claimants in accordance with the following procedures (the "**Stay Procedures**"):

   a.  Beginning on the date upon which the Court enters an order granting
       this Motion, and upon inquiry from a PI Claimant (an "**Inquiry**"),
       substantially in the form and manner attached hereto as **Exhibit 1**,
       the Debtors and their counsel will analyze the PI Claimant's request
       to enter into a stipulation to modify the Automatic Stay to allow the
       PI Claimant to proceed with a Prepetition Action with the recovery
       limited to available insurance proceeds.   An Inquiry must be
       accompanied by: (i) the name and brief description of the Prepetition
       Action (including a copy of any pleadings, photographs,
       interrogatory responses, and bills of particulars to the extent that

2

these exist); (ii) the current status of the Prepetition Action; (iii) the amount of the claim asserted by the PI Claimant; (iv) any known applicable insurance policy of the Debtors and known status of such insurance coverage; and (v) any co-defendants or other parties named in the Prepetition Action and the nature of the claims asserted against these parties, and the nature of any cross-claims and/or third-party claims asserted between the co-defendants or other parties in the Prepetition Action.  The Debtors may, after consultation with the Creditors' Committee, in their reasonable business judgment, waive any of the foregoing requirements.

b.  If the Debtors agree, after consultation with the Creditors' Committee, in their reasonable business judgment, that such PI Claimant may proceed with a Prepetition Action in a manner consistent with subparagraph (a) above, the Debtors will file with this Court, and serve upon:    (i) the Office of the U.S. Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the applicable insurance carrier; and (iv) any relevant non-debtor party (collectively, the "**Automatic Stay Reviewing Parties**"), a stipulation, agreement, and order (collectively, the "**Stay Stipulation**") substantially in the form attached hereto as **<u>Exhibit 2</u>**. The Stay Stipulation may provide that the PI Claimant must waive any and all rights of recovery against the Debtors and will limit all recovery solely to the extent of available insurance proceeds.  Certain non-debtor parties may also be required to waive any contractual, indemnification, contribution, or such other claims they may have against the Debtors in connection with the Prepetition Action and/or limit any recoveries on such claims to available insurance proceeds.

c.  The Automatic Stay Reviewing Parties will have seven (7) days after notice of a Stay Stipulation to review such stipulation and notify (i) the Debtors, 3333 Beverly Road, Hoffman Estates, IL 60179 (Attn.: Mohsin Y. Meghji) and (ii) counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York (Attn.: Ray C. Schrock, P.C., Jacqueline Marcus, Esq. Garrett A. Fail, Esq., Sunny Singh, Esq., and Jessica Liou Esq.) in writing, of any objection to the Stay Stipulation (the "**Stipulation Objection Deadline**").  If no objection is filed and served before the Stipulation Objection Deadline, the Stay Stipulation shall be deemed approved without further order of this Court.

d.  If an objection is filed by the Stipulation Objection Deadline and such objection cannot be resolved within five (5) days after the Stipulation Objection Deadline, the Debtors shall schedule the objection to be heard at the next available hearing date that is at least seven (7) business days after notice of such hearing.

3

e.  If the Debtors receive and do not respond to an Inquiry within thirty (45) calendar days, the PI Claimant may file a motion for relief from the Automatic Stay in the Bankruptcy Court.  If a PI Claimant files a motion for relief from the Automatic Stay without first serving an Inquiry upon the Debtors and complying with the foregoing procedures, the Debtors will serve a copy of the entered order establishing the Stay Procedures and will advise the PI Claimant that its motion automatically is adjourned until the PI Claimant has complied with the Stay Procedures.  The Debtors also are authorized to serve the order establishing the Stay Procedures to the court in which the Prepetition Action is pending.

3.      To the extent any PI Claimant has filed a properly noticed motion to lift the automatic stay pursuant to section 362 of the Bankruptcy Code, such motions shall be adjourned to the April 18, 2019 omnibus hearing.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
          White Plains, New York

                                    _____
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE

4

## **Exhibit 1**

**Inquiry Form**

WEIL:\96919178\1\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
SEARS HOLDINGS CORPORATION, *et al.*,     :        Case No. 18-23538 (RDD)
                                          :
            Debtors.[1]                   :        (Jointly Administered)
                                          :
----------------------------------------------------------------x

## PI CLAIMANT INQUIRY

Pursuant to the Order Approving Procedures for Modification of the Automatic Stay (the

"**Order**") [Doc. No. _____],[2] the below-referenced PI Claimant hereby submits an Inquiry:

1.  Name of PI Claimant: _____.

2. Title, Court and Case Number of Prepetition Action: _____

_____.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Any capitalized terms used herein shall have the meaning given to them in the Order.

3. Brief Description of Prepetition Action (please attach a copy of the complaint or other legal

document, if one exists, which states your claim): _____

_____

_____.

4. Current Status of Prepetition Action: _____

_____

_____.

5.  Amount of the claim asserted: _____.

6. Any known applicable insurance policy (if none are known, state "unknown"):_____

_____.

7. Any co-defendants or other parties in the Prepetition Action: _____

_____.

8. Nature of claims (including cross-claims and/or third-party claims) asserted against any co-

defendants or other parties listed in item 7, above: _____

_____

_____.

2

This inquiry must be submitted to:

Project.Blue.Auto.Stay@weil.com
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Dated: _____

_____
PI Claimant

3

**<u>Exhibit 2</u>**

**Form of Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re                                                          :

                                                               :        **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*      :

                                                               :        **Case No. 18-23538 (RDD)**

                                                               :

Debtors.[1]                                              :        **(Jointly Administered)**

-----------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among [●] (the "**Debtor[s]**"), and [●] ("**Movant**"). The Debtor[s] and Movant collectively are referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

## RECITALS

A.  WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtor[s] and certain of [its]/[their] affiliates (collectively, the "**Chapter 11 Entities**") commenced voluntary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Entities are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  WHEREAS, on [●], Movant commenced an action that is pending in [●] (the "**Prepetition Action**") against the Debtor[s].

C.  WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by order of the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary to permit Movant to continue the Prepetition Action against the Debtor[s] solely to [●]; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtor[s] or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

2

3.      Upon the Effective Date, the Motion shall be deemed withdrawn.

4.      Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtor[s] or of any related agreements; (ii) creates or permits a direct right of action by Movant against the Debtor[s] or any of the other Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to Movant's claims.

5.      As of the Effective Date, Movant agrees to waive any right to recovery related to the Prepetition Action against any party, whether or not currently named as a defendant in the Prepetition Action, who may assert indemnification claims against the Chapter 11 Entities.

6.      All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation, Agreement, and Order.  Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

7.      Nothing contained herein shall be construed as a waiver by the Chapter 11 Entities or any other party in interest of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtor[s] or any of the other Chapter 11 Entities are a party that may be filed by Movant in the chapter 11 cases of the Chapter 11 Entities.

3

8.      The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

9.      This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

10.      The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

11.      This Stipulation, Agreement and Order may be executed  in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

12.      This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

13.      Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

14.      This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code

4

applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

15.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

*[Signature page follows]*

5

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

Dated:                                               Dated:

By:    /s/ _____        By:    /s/ _____
        Ray C. Schrock, P.C.
        Jacqueline Marcus                                [●]
        Garrett A. Fail
        Sunny Singh                                    *Attorneys for Movant*
        Jessica Liou
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, NY 10153
        Telephone:  (212) 310-8000
        Facsimile:  (212) 310-8007

        *Attorneys for Debtors*
        *and Debtors in Possession*

[Dated: _____, 2019
        New York, New York]

_____
[THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE]

6