**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

| | : | |
|---|---|---|
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

---------------------------------------------------------------------

### ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 1103 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016 AUTHORIZING THE EXAMINATION OF CDS PARTICIPANTS

Upon the *Ex-Parte Motion of The Official Committee Of Unsecured Creditors For The Entry Of An Order Pursuant To Bankruptcy Code Sections 105 And 1103 And Federal Rules Of Bankruptcy Procedure 2004 And 9016 Authorizing The Examination Of The CDS Participants* dated January 12, 2019 [Dkt. No. 1557] (the "Motion");[2] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and it appearing that the venue of these chapter 11 cases and the Motion in this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized but undefined terms used herein shall have the meaning ascribed to them in the Motion.

1

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the limited objections and responses to the Motion filed by OCO Capital Partners L.P., Och-Ziff Capital Structure Arbitrage Master Fund, Ltd. and Cyrus Capital Partners, L.P. (the "Responses"); and upon the record of the hearing held by the Court on the Motion on February 14, 2019, at which the parties announced an agreement resolving the Responses; and, after due deliberation, the Court having concluded that the Creditors' Committee has established good and sufficient cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other further notice is necessary, it is hereby **ORDERED** that:

1. The Motion is granted as set forth herein.

2. The Creditors' Committee is authorized, pursuant to Bankruptcy Code Sections 105 and 1103, and Bankruptcy Rules 2004 and 9016, to issue subpoenas to each of the CDS Participants for the production of any and all documents and communications concerning (i) the Debtors' auction to sell the MTNs, the MTNs or SRAC CDS, (ii) the de-risking and/or offsetting transactions entered into by the CDS Participants referenced in the *Response of Cyrus Capital Partners, L.P. To Debtors' Notice Of Hearing For Approval Of Sale Of Medium Term Intercompany Notes To Cyrus Capital Partners, L.P.* [Dkt No. 1455] and in the OCO Limited Objection [Dkt. No. 2471], and (iii) the Barclays Consortium offer presented to this Court during the December 20, 2018 hearing in respect of the Omega Motion, (collectively, the "Rule 2004 Topics"), and to conduct an oral examination of a single witness from each of the CDS Participants concerning the Rule 2004 Topics (each, a "Rule 2004 Subpoena").

2

3. The initial time period covered by the Rule 2004 Subpoenas shall be the period from December 20, 2018 through January 4, 2019.

4. The CDS Participants are hereby directed to produce documents, communications and other materials responsive to the Rule 2004 Subpoenas no later than twenty-one (21) business days after agreement between the parties as to appropriate search terms, as set forth in paragraph 9.

5. The Creditors' Committee is authorized, pursuant to Bankruptcy Rule 2004, to conduct an oral examination of a single witness from each of the CDS Participants regarding the Rule 2004 Topics, and each CDS Participant is hereby directed to produce a witness for such oral examination.

6. The requirement of each of the CDS Participants to produce any documents to, or attend an oral examination by, the Creditors' Committee, shall be subject to a protective order, in a form substantially similar to the *Amended Stipulated Protective Order* [Dkt No. 1084), to be entered into by each CDS Participant and the Creditors' Committee as soon as is reasonably practicable.

7. The Creditors' Committee reserves its rights to seek additional discovery and each of the CDS Participants reserves its rights to object to any additional discovery.

8. The production and examination required hereby are subject to all applicable privileges; *provided* that if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, the recipient of each Rule 2004 Subpoena (or other party asserting privilege with respect to such document) shall provide a proper privilege log to counsel to the Creditors' Committee at a time mutually agreed to between the producing party and the Creditors' Committee.

9. The recipient of each Rule 2004 Subpoena shall inform the counsel to the Creditors' Committee of its search terms and other search parameters when conducting an electronic search. If necessary, the recipient of each Rule 2004 Subpoena shall promptly meet and confer with the counsel to the Creditors' Committee to attempt to agree on appropriate search terms and other search parameters.

10. All disputes concerning discovery pursuant to this order, including objections thereto and disputes regarding the scope or timing of production, that are not resolved by agreement of the parties, may be raised by letter brief to the Court not exceeding five pages, single spaced (excluding attachments). The other party shall file a responsive letter brief within three (3) business days, which shall not exceed five pages, single spaced (excluding attachments). Copies of such letter briefs shall also be emailed to the Court's chambers.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

12. To the extent not otherwise limited by this Order, all discovery recipients reserve all substantive and procedural rights and objections they may have in connection with any discovery served pursuant to this Order.

Dated: White Plains, New York  /s/Robert D. Drain
       February 15, 2019       THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE