**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

---------------------------------------------------------------

| | |
|---|---|
| IN RE | CHAPTER 11 |
| SEARS HOLDINGS CORPORATION, ET AL. | CASE NO. 18-23538 (RDD) |
| DEBTORS.[1] | (Jointly administered) |

---------------------------------------------------------------

### JEFFREY PFEIFFER'S MOTION FOR RELIEF FROM STAY

Jeffery Pfeiffer, by his undersigned attorney, pursuant to section 362 of Title 11 of the United States Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, hereby submits this Motion for Relief from the Automatic Stay. In support of this Motion, the Mr. Pfeifer states as follows:

**FACTUAL BACKGROUND**

On October 15, 2018, the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart stores of Texas LLC (8915); MyGofer LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1

From approximately 1988 until January of 2018, Debtor Kmart Corporation operated a Kmart store at 1006 N. Keller Drive, Effingham, Illinois which sold Roundup® to Jeffrey Pfeiffer and his family from approximately 1988 up until 2014. As a result of his exposure to Roundup® Jeffrey Pfeiffer was diagnosed with Acute Myeloid Leukemia ("AML") on September 24, 2014.

As a consequence, the movant is a creditor of the bankruptcy estate, although the movant's claim is unliquidated.

On information and belief, debtor and its affiliates maintained a policy of insurance that contains coverage for bodily injury and strict products liability.

The movant desires to file and prosecute a civil action against Kmart Corporation and or any other debtor or affiliate found to be the proper party at interest with regards to the Kmart Store formally located at 1006 N. Keller Drive, Effingham Illinois, as well as Monsanto the manufacturer of Roundup® in the Circuit Court of Cook County Illinois for the purpose of liquidating his claim. If the movant obtains a recovery or judgment against the Debtor or its affiliates, the movant will seek to enforce it solely against the proceeds of insurance and will not seek to enforce the recovery or judgment against the debtor or its affiliates, property of the debtor or its affiliates, or property of the estate. The movant has also filed a proof of claim on account of this unliquidated debt.

**RELIEF REQUESTED**

Mr. Pfeiffer requests that this Court grant this Motion for relief from the automatic stay "for cause" under section 362(d)(1) of the Bankruptcy Code. The foregoing constitutes "cause" within the meaning of Section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to permit the movant to file his claim in the Circuit Court of Cook County, Illinois, and to enforce

any judgment entered in the State Court action against the policy of insurance maintained by the debtor and its affiliates for the claim.

**ARGUMENT AND AUTHORITY**

The Second Circuit has articulated twelve factors courts should consider in determining whether to grant motions to lift the automatic stay pursuant to Section 362(d). I*n re Sonnax Indus.*, 907F.2d 1280, 1286 (5d Cir. 1990). The twelve *Sonnax* factors are: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *Sonnax*, 907 F.2d at 1286.

The twelve *Sonnax* factors are non-exhaustive and a court need not evaluate each factor in every case or give each factor the same weight. *Musso v. Hirsch*, No. 08-CV-4532 CBA, 2011 WL 4543225, at *6 (E.D.N.Y. Sept. 29, 2011). The applicable *Sonnax* factors are analyzed below. All such relevant factors favor lifting the stay for the limited purposes described above.

Allowing the filing of Mr. Pfeiffer's case has the potential to result in a complete resolution of his claims case. The personal injury case will not interfere with the bankruptcy

case. If judgment or settlement of the personal injury case is made it would be limited to the available insurance funds and therefore would have no impact on this Bankruptcy case. Because Mr. Pfeiffer has agreed to limit his claims against the debtor and its affiliates to the extent of available liability coverage, neither the debtors nor other creditors will prejudiced by the limited modification of the stay requested by Mr. Pfeiffer.

Courts often modify the automatic stay to allow a debtor to obtain a judgment and collect from a debtor's insurer, without prejudicing the debtor's estate. Id; See *matter of Holtkamp*, 699 F.2d 505, 508-09 (7th Cir. 1982) (allowing a personal injury action to proceed since there was no harm to the debtor because the debtor's insurance company had "assumed full financial responsibility for the defendant in that litigation"); *Foust v. Munson S.S. Lines*, 299 U.S. 77, 87, 57, S. Ct. 90, 95(1936) (allowing wrongful death action against bankrupt defendant to proceed despite stay; plaintiff "entitled to maintain an action against the insurer for the amount of this judgment but not exceeding the amount of insurer's liability to the debtor under the policy"). The rationale behind such modification is as follows: When the Court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief form stay to permit an action either against the debtor, if necessary, or against the insurer. Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy. Moreover, the insurer will almost invariably be responsible for the cost of defense, so there should be no added expense for the estate. 3 Collier on Bankruptcy ¶362.07[3][a][I] (Lawrence P. King, ed., 15th Ed. Revised 1999).

Mr. Pfeiffer is only asking that the stay be lifted to the extent of liability coverage. Courts often modify the automatic stay to allow civil action against debtors to continue in their original forums. See, e.g., *In re Tucson Estates*, 912 F.2d 1162, 1166-1170 (9th Cir. 1990) (overturning the re-imposition of a stay by the bankruptcy court as an abuse of discretion and allowing a state court proceeding to continue to judgment and liquidate the creditors/shareholders' claims). As congress stated in discussing its intent in providing relief from the automatic stay: It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. *In re Honosky*, 6 B.R. 667, 669 (D.C.S.D. W. Va. 1980, citing S. Rep. No. 989, 95th Cong., 2d Sess. 50, reprinted in [1978] U.S. Code Cong. & Ad. News 5836.

Under these considerations, stay relief is appropriate in this matter. If the stay is not lifted, the time limitation on Mr. Pfeiffer's claims may expire prior to him being able to bring his claims in Court causing him a great deal of harm.

**CONCLUSION**

For the reasons stated herein, Mr. Pfeiffer respectfully requests that the Court grant relief from the automatic stay for the limited purposes of allowing Mr. Pfeiffer to file his personal injury and strict products liability claim against debtor Kmart Corporation in the Circuit Court of Cook County to the extent of liability insurance coverage.

Respectfully submitted,

/s/ David J. Gallagher
David J. Gallagher (Ill. Bar 6294250)
MOTHERWAY & NAPLETON, LLP.
140 S. Dearborn Street, Suite 1500
Chicago, Illinois 60603
Dgallagher@mnlawoffice.com
Telephone: (312) 726-2699
Fax: (312) 726-6851