UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)
--------------------------------------------------------X
In re:

    Sears Holdings Corporation, *et al.,*      Chapter 11
                                                      Case No. 18-23538-rdd

                        Debtors.                   (Jointly Administered)
--------------------------------------------------------X

## **NOTICE OF MOTION FOR RELIEF FROM STAY**

    TOYOTA INDUSTRIES COMMERCIAL FINANCE, INC., has filed papers with the court to seek relief from the automatic stay.

    <u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

    If you do not want the court to grant relief from the automatic stay to TOYOTA INDUSTRIES COMMERCIAL FINANCE, INC., or if you want the court to consider your views on the motion, then on or before March 14, 2019, you or your attorney must:

    File with the court a written response, explaining your position at:

                                    Court Clerk
                               U.S. Bankruptcy Court
                              300 Quarropas Street
                              White Plains, NY 10601

    If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

    You must also mail a copy to:

| | |
|---|---|
| Sears Holdings Corporation, et al., Debtor | Paul M. Basta |
| 3333 Beverly Road | Paul Weiss Rifkind Wharton & Garrison LLP |
| Hoffman Estates, IL 60179 | 1285 Avenue of the Americas |
| | New York, NY 10019 |
| Scott K. Charles | Ramon Coto-Ojeda |
| Wachtell, Lipton, Rosen & Katz | Coto & Associates |
| 51 West 52nd Street | P O Box 71449 |
| New York, NY 10019 | San Juan |
| | Hato Rey, PR 00917 |
| Garrett A. Fail | Jessica Liou |
| Weil, Gotshal & Manges LLP | Weil, Gotshal & Manges LLP |
| 767 Fifth Avenue | 767 Fifth Avenue |
| New York, NY 10153 | New York, NY 10153 |

| | |
|---|---|
| Jacqueline Marcus<br>Weil Gotshal & Manges, LLP<br>767 5th Avenue<br>New York, NY 10153 | Ray C Schrock<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| Sunny Singh<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 | |
| United States Trustee<br>Office of the United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014 | Richard C. Morrissey<br>Office of the U.S. Trustee<br>201 Varick Street, Room 1006<br>New York, NY 10014 |
| Prime Clerk, LLC<br>830 Third Avenue, 9th Floor<br>New York NY 10022 | Adam M. Adler<br>Prime Clerk LLC<br>830 Third Avenue<br>9th Floor<br>New York, NY 10022 |
| Elise S. Frejka<br>Frejka PLLC<br>420 Lexington Avenue<br>New York, NY 10170 | |
| Official Committee of Unsecured Creditors of<br>Sears Holdings Corporation, et al.<br>c/o Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036 | Ira S. Dizengoff<br>Akin, Gump, Strauss, Hauer & Feld, LLP<br>One Bryant Park<br>New York, NY 10036<br><br>Lacy Martin Lawrence<br>Akin Gump Strauss Hauer & Feld, LLP<br>2300 N. Field Street<br>Suite 1800<br>Dallas, TX 75201 |

  Attend the hearing scheduled to be held on March 21, 2019 at 10:00 a.m. at the U.S. Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601.

  If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

  PLEASE TAKE FURTHER NOTICE that pursuant to Rule 9006-1, Local Rules of Bankruptcy Practice for the Southern District of New York, answering papers and memoranda of law, if any, must be

filed with the Court and served upon the undersigned so as to be received by the undersigned no later than seven (7) days before the return date of this motion.


Date:  February 15, 2019            /s/ Geoffrey J. Peters
                                    Geoffrey J. Peters, Esq.
                                    WELTMAN, WEINBERG & REIS CO., LPA
                                    3705 Marlane Drive
                                    Grove City, OH 43123
                                    (614) 883-0678




WWR #040192611

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)
--------------------------------------------------------X
In re:

| | |
|---|---|
| Sears Holdings Corporation, *et al.*, | Chapter 11<br>Case No. 18-23538-rdd<br><br>(Jointly Administered) |
| Debtors. | **AFFIRMATION IN SUPPORT<br>OF MOTION FOR RELIEF<br><u>FROM THE STAY</u>** |

--------------------------------------------------------X

GEOFFREY J. PETERS, ESQ., an attorney at law duly admitted to practice before the Courts of the State of New York and the Southern District of New York, under the penalties of perjury, duly affirms as follows:

1. I am a shareholder in the law firm of Weltman, Weinberg & Reis Co., L.P.A., attorneys for TOYOTA INDUSTRIES COMMERCIAL FINANCE, INC. ("Toyota Industries Commercial Finance, Inc."), a creditor herein. I am familiar with the facts and circumstances of this matter based upon the information in our file and the attached affidavit of a representative of Movant herein.

2. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. §1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b).

3. This application is brought pursuant to Rules 4001(a) and 9014 of the Federal Bankruptcy Rules of Procedure ("the Rules") and §§362(d)(1)(2), and 365(d)(5) of the United States Bankruptcy Code ("the Code") for an Order, terminating, annulling or modifying the stay imposed under §362(a) of the Code.

4. The Debtor herein filed bankruptcy under Chapter 11 of the Bankruptcy Code on October 15, 2018.

5. Movant is the holder of an Equipment Lease Agreement ("Agreement") with Debtor, Sears Holdings Corporation aka Sears Home Improvement Products, Inc., with respect to the 2012 Toyota

Forklift ("Collateral") bearing Model number 8FGCU25-40215. A copy of the Agreement is attached hereto as **Exhibits "A".**

6. The Debtor is obligated to pay to Toyota Industries Commercial Finance, Inc. monthly payments in the sum of $250.51 per month for a period of 60 months under the Agreement dated January 4, 2017, by and between TOYOTA INDUSTRIES COMMERCIAL FINANCE, INC. and Debtor.

## *11 USC §362(d)(1)*

7. Section 362(d)(1) of the Code provides that the Court shall modify the automatic stay for cause including lack of adequate protection.

8. According to the books and records of Toyota Industries Commercial Finance, Inc., the Debtor is in arrears for the payments that became due contractually on October 22, 2018, and all subsequent payments. Therefore as of January 22, 2019, the contractual arrears will total at least $1,335.85. As such, Toyota Industries Commercial Finance, Inc. is not adequately protected. Attached as **Exhibit "1"** is an Affidavit of a qualified Bankruptcy representative employed by Movant.

9. Accordingly, it is submitted that sufficient cause has been demonstrated to vacate the stay pursuant to 11 U.S.C. §362(d)(1).

## *11 U.S.C. §362(d)(2)*

10. Section 362(d)(2) of the Code provides as an additional ground for relief from the stay that the Court shall grant relief if "(A) the debtor does not have an equity in such property and (B) such property is not necessary to an effective reorganization."

11. The current payoff balance is $13,512.40 as of January 22, 2019. According to Green Guide the FMV value of the Vehicle is $14,842.00. A copy of the Green Guide appraisal is attached hereto as **Exhibit "B".**

12. It is therefore submitted that the basis for relief pursuant to Section 362(d)(2) of the Code is satisfied as the Debtor has no sufficient equity in the Collateral and, upon information and belief, the Collateral is not necessary to an effective reorganization.

### *11 U.S.C. §365(d)(5)*

13. Section 365(d)(5) of the Code provides as an additional ground for relief from stay that the Debtor "trustee shall timely perform all of the obligations of the debtor…, first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property…, until such lease is assumed or rejected…." Since the Debtor has not paid Movant, further grounds exist under this Section for grating relief from stay under 11 U.S.C. 362(d)(1).

### *Additional Relief*

14. No prior application for the relief requested herein has been made.

**WHEREFORE**, based on the foregoing and under §362(d) of the Code, Toyota Industries Commercial Finance, Inc. respectfully requests that this Court enter an Order terminating, annulling or modifying the automatic stay under §362 to the extent necessary to permit Toyota Industries Commercial Finance, Inc. to promptly repossess and sell the Collateral, and for such other and further relief as is just and proper under the circumstances.

Dated: Grove City, Ohio
        February 15, 2019

                              /s/ Geoffrey J. Peters
                              **GEOFFREY J. PETERS, ESQ.**

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| COUNTY OF FRANKLIN | ) ss.: | |

BOBBI JO COONEY, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides at Columbus, Ohio.

On February 15, 2019 deponent served the within

**MOTION FOR RELIEF FROM STAY, AFFIRMATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITH ATTACHED EXHIBITS AND PROPOSED ORDER**

upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of Michigan:

Sears Holdings Corporation, et al., Debtor
3333 Beverly Road
Hoffman Estates, IL 60179

Paul M. Basta
Paul Weiss Rifkind Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

Scott K. Charles
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019

Ramon Coto-Ojeda
Coto & Associates
P O Box 71449
San Juan
Hato Rey, PR 00917

Garrett A. Fail
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Jessica Liou
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Jacqueline Marcus
Weil Gotshal & Manges, LLP
767 5th Avenue
New York, NY 10153

Ray C Schrock
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Sunny Singh
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

United States Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

Richard C. Morrissey
Office of the U.S. Trustee
201 Varick Street, Room 1006
New York, NY 10014

Prime Clerk, LLC
830 Third Avenue, 9th Floor
New York NY 10022

Adam M. Adler
Prime Clerk LLC
830 Third Avenue
9th Floor
New York, NY 10022

Elise S. Frejka
Frejka PLLC
420 Lexington Avenue
New York, NY 10170

Official Committee of Unsecured Creditors of
Sears Holdings Corporation, et al.
c/o Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

Ira S. Dizengoff
Akin, Gump, Strauss, Hauer & Feld, LLP
One Bryant Park
New York, NY 10036

Lacy Martin Lawrence
Akin Gump Strauss Hauer & Feld, LLP
2300 N. Field Street
Suite 1800
Dallas, TX 75201

/s/ *Bobbi Jo Cooney*
BOBBI JO COONEY

Sworn to before me this
Dated:  February 15, 2019
/s/ Stephanie Lee
Notary Public, State of Ohio
Qualified in Franklin County
Commission Expires:  February 24, 2020



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)
------------------------------------------------------X
In re:

    Sears Holdings Corporation, *et al.,*        Chapter 11
                                                        Case No. 18-23538-rdd

                                                        (Jointly Administered)

                Debtors.                       **MEMORANDUM OF LAW**
------------------------------------------------------X

## PRELIMINARY STATEMENT

This is a Motion pursuant to Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedures to lift the Automatic Stay imposed by §362(a) of the United States Bankruptcy Code. The moving party is seeking relief from the Automatic Stay to exercise its state rights under a Lease Agreement ("Agreement"). The basis for this Motion is that Movant has cause for requesting the automatic stay be lifted and Debtor does not have sufficient equity in the Collateral and the Collateral is not necessary for an effective reorganization within the meaning of §§362(d)(1)(2) and §365(d)(5). All of the necessary parties to this Motion have been served with copies of the Notice and supporting Application.

## FACTS

On the October 15, 2018, the Debtor filed a Petition under Chapter 11 of the Bankruptcy Code. Debtor owes Movant $13,512.40. Pursuant to Green Guide the fair market value of the Collateral is $14,842.00 before options are considered.

## ARGUMENT

Section 362(d) provides that "upon request of a party in interest, the court shall grant relief from the automatic say, (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an action against property under subsection (a) of this section if (a) the debtor does not have any equity in such property; and (b) such property is not necessary to an effective reorganization."

Pursuant to 11 U.S.C. Section 362(g), the moving party carries the burden of proof with respect to the issue of equity of the property in question. <u>In re Roxrun Estates, Inc.</u> 74 B.R. 997, 1003 (Bankr. S.D.N.Y. 1987), a secured party is a party in interest for the purposes of §362 motions and by showing that the liens on the property exceed the property's worth, a secured creditor will have met this burden. <u>Id.</u>

As aforementioned, the FMV value of the Collateral is $14,842.00 and as such, no sufficient equity exists. Therefore, the stay must be lifted pursuant to §362(d)(1) and (2).

In addition, "a debtor's failure to make regular monthly payments as they become due constitutes sufficient 'cause' to life the automatic stay." <u>In re Michael Lancelot Taylor</u>, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

Section 365(d)(5) of the Code provides as an additional ground for relief from stay that the Debtor "trustee shall timely perform all of the obligations of the debtor…, first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property…, until such lease is assumed or rejected…." Since the Debtor has not paid Movant, further grounds exist under this Section for grating relief from stay under 11 U.S.C. 362(d)(1).

## **CONCLUSION**

WHEREFORE, it is respectfully requested that the Automatic Stay be modified with respect to the Collateral to permit the Creditor to exercise its rights pursuant to the terms of the Lease Agreement, and for such other and further relief as this Court deem just and equitable.

        Respectfully submitted,
        WELTMAN, WEINBERG & REIS CO.
        Attorneys for Creditor
        TOYOTA INDUSTRIES COMMERCIAL FINANCE, INC.

By:   /s/ Geoffrey J. Peters
       Geoffrey J. Peters, Esq.
       3705 Marlane Drive
       Grove City, OH 43123
       614/883-0678

Sworn to before me this
Dated: February 15, 2019
/s/ Bobbi Jo Cooney
Notary Public, State of Ohio
Qualified in Franklin County
Commission Expires: June 8, 2021

