UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                                       :       Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,                       :       Case No. 18-23538 (RDD)
:
Debtors.[1]                                                 :       (Jointly Administered)
:
------------------------------------------------------------x

### ORDER DENYING MOTION FOR ORDER DECLARING AUTOMATIC STAY INAPPLICABLE TO NON-RESIDENTIAL REAL PROPERTY LEASE (2280 NORTH OCEAN AVENUE, FARMINGVILLE, NEW YORK)

Upon the motion of Midwood Management Corp., as agent for Expressway Plaza I, LLC and Farmingville Associates Phase I, LLC as tenants in common ("**Midwood Management**"), filed on November 29, 2018 [ECF No. 932] (the "**Motion**"),[2] seeking a declaration under Sections 362(b)(1) and 541(b)(2) of the Bankruptcy Code, respectively, that (i) the automatic stay of Section 362(a) of the Bankruptcy Code is inapplicable to Midwood Management's efforts to regain possession of the Property and enforce its rights under the Lease and applicable law,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

and (ii) that the Lease is not property of the Debtors' estates, all as more fully described in the Motion; and upon the Debtors' objection to the Motion, filed on February 8, 2019 [ECF No. 2497] (the "**Objection**"); and upon the declaration of Bradley Pukas filed in support of the Objection on February 12, 2019 [ECF No. 2571]; and upon Midwood Management's reply to the Objection, filed on February 13, 2019 [ECF No. 2578]; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held by the Court on the Motion on February 14, 2019 (the "**Hearing**"); and after due deliberation and for the reasons stated by the Court in its bench ruling at the Hearing, the Court having determined that Midwood Management has not established sufficient factual or legal basis for the requested relief, it is hereby

**ORDERED THAT**

1. The Objection is granted, and the Motion is denied.

2. Denial of the Motion is without prejudice to the parties' rights to seek a determination by the Court whether the Lease is terminated other than by its stated term (i.e., as a result of a default by the Debtor party thereto), and all rights of the Debtors and Midwood Management regarding the issue of whether the Lease is so terminated are preserved.

3. Midwood Management's acceptance and negotiation of postpetition Lease payments by the Debtors shall not prejudice Midwood Management's right to assert that the Lease has terminated based on a default of the Debtor party thereto.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February 19, 2019
      White Plains, New York

                                /s/Robert D. Drain
                                THE HONORABLE ROBERT D. DRAIN
                                UNITED STATES BANKRUPTCY JUDGE

WEIL:\96920413\4\73217.0004\73217.0004