WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                                         :          **Chapter 11**
:
**SEARS HOLDINGS CORPORATION,** *et al.*,          :          **Case No. 18-23538 (RDD)**
:
**Debtors.**[1]                                                 :          **(Jointly Administered)**
:
---------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER TO ASSUME AND ASSIGN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASE (655 SUNLAND PARK DRIVE, EL PASO, TEXAS)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement, and Order**") is entered into by and among Kmart Corporation ("**Kmart**"), as debtor and debtor-in-possession in the above captioned chapter 11 cases, KRG Sunland, LP ("**Landlord**"), and At Home Stores, LLC ("**At Home**"). Kmart, Landlord, and At Home are collectively referred to in this Stipulation, Agreement, and Order as the "**Parties**" and each as a "**Party**." The Parties hereby stipulate and agree and follows:

## RECITALS

A.    Hunt Building Corporation ("**Hunt**"), and Builders Square, Inc. ("**Builders Square**") entered into a lease agreement for certain nonresidential real property dated March 30, 1994 (together with any amendments, modifications, renewals and guaranties, the "**Lease**"), whereby Hunt leased to Builders Square a certain parcel of land located at 655 Sunland Park Drive, El Paso, Texas (the "**Leased Premises**").

B.    The Landlord is the successor in interest to Hunt. Kmart, as successor in interest to Builders Square, is the lessee under the Lease. Kmart refers to the Leased Premises as "Store 9325."

C.    In October 2017, Kmart announced it was closing the store operating at the Leased Premises. The Leased Premises have been vacant for more than one year and since such time Kmart has continued to pay fixed annual rent in the amount of $850,739 payable in equal monthly installments of $70,894.62. By its terms, the Lease expires on February 29, 2020.

D.    Beginning on October 15, 2018 and continuing thereafter, Kmart and its debtor affiliates (collectively, the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The

2

Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   E.  Kmart will assume and assign the Lease to At Home, pursuant to that certain Assignment of Lease attached hereto as **<u>Exhibit A</u>** (the "**Assignment Agreement**"), in exchange for the Debtors' receipt of certain negotiated consideration including, without limitation, payment in the amount of one hundred thousand dollars ($100,000).

   F.  Pursuant to the Assignment Agreement, Kmart shall assign all of its rights, title and interests under the Lease to At Home (the "**Assignment**"), in exchange for At Home assuming and agreeing to perform all of Kmart's liabilities, obligations, and responsibilities under the Lease, in accordance with the terms and conditions set forth in the Assignment Agreement.

   G.  Inasmuch as the Debtors have ceased operating at the Leased Premises and are currently paying rent for such property, the Lease is an unnecessary expense and of no value to the Debtors and their estates. Thus, the Debtors in an exercise of sound business judgement, believe that the Assignment to At Home, as provided for under this Stipulation, Agreement, and Order, is in the best interests of the Debtors, their estates, and their creditors.

   H.  In connection with the foregoing matter, the Parties have agreed, subject to approval by the Bankruptcy Court, to the terms set forth herein.

   **NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

WEIL 96926170V1

**AGREEMENT**

1.      This Stipulation, Agreement, and Order shall have no force or effect unless and until the date it is approved by the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, At Home shall cause Kmart to receive one hundred thousand dollars ($100,000) in cash pursuant to wiring instructions provided by the Debtors.

3.      Upon the Effective Date, Kmart is authorized to assume and assign the Lease to At Home pursuant to sections 365(a) and 365(f) of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York.

4.      As of the Effective Date, the Lease, including all of Kmart's rights, title, interests, powers, privileges, benefits, and obligations in and to the Lease, shall be deemed assigned to At Home, its successors and assigns, pursuant to the Assignment Agreement, and the Lease shall remain in full force and effect for the benefit of At Home.  At Home shall assume and agree to perform all of the liabilities, obligations, and responsibilities of Kmart under the Lease.  For the avoidance of doubt, the assumption and assignment of the Lease shall not be considered a novation.  Rather, the assumption and assignment shall be considered for all purposes a strict assignment of the Lease.

5.      As of the Effective Date, Kmart shall not be required to cure any defaults under the Lease pursuant to section 365(b)(1) of the Bankruptcy Code, provide any adequate protection of future performance by At Home pursuant to section 365(f)(2) of the Bankruptcy Code, or satisfy any liabilities under the Lease after the Effective Date pursuant to section 365(k) of the Bankruptcy Code.

WEIL 96926170V1

6.      Upon the Effective Date, other than the right to implementation and effectuation of the Assignment or as otherwise provided for under the Assignment Agreement, Kmart or any other Debtor, the affiliates controlled by the Debtors, or their respective successors or assigns (collectively, the "**Debtor Parties**") shall have no obligations to Landlord, At Home, and their respective affiliates, successors and assigns, and their respective past, present and future members, officers, directors, shareholders, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "**Assignee Parties**") with respect to the Lease.  As of the Effective Date, the Assignee Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff and recoupment, debt, liens, losses, demands, damages, costs and causes of action of whatever nature arising out of or relating to the Lease against any of the Debtor Parties, other than as set forth in the Assignment Agreement (the "**Assignee Released Claims**"), and shall be barred from asserting any and all Assignee Released Claims whatsoever, whether known or unknown, whether accrued or unaccrued, matured or unmatured, liquidated or unliquidated, certain or contingent, asserted or not asserted, and whether found in fact or law or in equity, in existence as of the Effective Date.

7.      Upon the Effective Date, other than the right to implementation and effectuation of the Assignment or as otherwise provided for under the Assignment Agreement, the Assignee Parties shall have no obligations to the Debtor Parties with respect to the Lease.  As of the Effective Date, the Debtor Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff and recoupment, debt, liens, losses, demands, damages, costs and causes of action of whatever nature arising out of or relating to the Lease, other than as set forth in the Assignment Agreement (the

5

"**Debtors' Released Claims**," and together with the Assignee Released Claims, the "**Released Claims**") against any of the Assignee Parties, and shall be barred from asserting any and all Debtors' Released Claims whatsoever, whether known or unknown, whether accrued or unaccrued, matured or unmatured, liquidated or unliquidated, certain or contingent, asserted or not asserted, and whether found in fact or law or in equity, in existence as of the Effective Date.

8.    All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the releases in Paragraphs 5, 6 and 7.  Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

9.    Upon the Effective Date, nothing contained in the Lease or herein shall limit At Home's use of the Leased Premises.  Moreover, upon the Effective Date, nothing contained in the Lease or subsequent agreements executed after the Lease shall limit or prevent At Home from using the Leased Premises.

10.    Upon the Effective Date, At Home shall accept the Leased Premises in "as-is," "where-is," and "with all faults" condition.  Kmart has not made any express or implied, verbal or written, representations, warranties or statements to At Home, with respect to any matter whatsoever, except as expressly set forth in the Assignment Agreement.

11.    Subject to compliance with the terms of this Stipulation, Agreement, and Order, as of the Effective Date, the Parties are authorized and directed to complete and deliver

WEIL 96926170V1

the Assignment Agreement, all other instruments and documents, and take all other actions as may be necessary or appropriate to execute, implement, consummate and effectuate the Assignment.

12.    Each person who executes this Stipulation, Agreement, and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation, Agreement, and Order on behalf of such Party.

13.    This Stipulation, Agreement, and Order contains the entire agreement among the Parties and supersedes all prior discussions, agreements, and undertakings between the Parties relating to the subject matter hereof.

14.    This Stipulation, Agreement, and Order shall be filed and become part of the record in the Debtors' chapter 11 cases.

15.    This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

16.    This Stipulation, Agreement, and Order shall not be modified, altered, amended or vacated without the written consent of all parties hereto or by further order of the Bankruptcy Court.

17.    Notwithstanding the applicability of Bankruptcy Rule 6006(d), the terms and provisions of this Stipulation, Agreement, and Order shall be immediately effective and enforceable upon the Effective Date.

18.    This Stipulation, Agreement, and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the

7

Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.  The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

Dated: February 12, 2019

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Debtors and
Debtors in Possession*

Dated: February 12, 2019

/s/ Mark A. Bogdanowicz
Mark A. Bogdanowicz
HOWARD & HOWARD ATTORNEYS
PLLC
211 Fulton Street, Suite 600
Peoria, IL 61602
(309) 999-6320

*Attorneys for KRG Sunland, LP*

Dated: February 12, 2019

/s/ Vickie Driver
Vickie Driver
HUSCH BLACKWELL LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100

*Attorneys for At Home Stores LLC*

SO ORDERED this 20th day of February 2019, there being no  objections to the Debtors' duly noticed notice of presentment for approval  hereof, dated February 12, 2019

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL 96926170V1

**Exhibit A**

**Assignment Agreement**

WEIL 96926170V1