# ASSIGNMENT AND ASSUMPTION OF LEASE

THIS ASSIGNMENT AND ASSUMPTION OF LEASE (this "**Assignment**") is made as of February___, 2019, by and between KMART CORPORATION, a Michigan corporation ("**Assignor**"), and AT HOME STORES LLC, a Delaware limited liability company ("**Assignee**").

## RECITALS:

A. Hunt Building Corporation, a Texas corporation ("**Hunt**"), and Builders Square, Inc., a Delaware corporation ("**Builders Square**") entered into that certain lease dated March 30, 1994 (the "**Original Lease**"), as amended by that certain Amendment to Lease dated September 24, 1996 (the "**First Amendment**") (the Original Lease as amended from time to time, including by this First Amendment, is hereinafter referred to as the "**Existing Lease**") whereby Hunt leased to Builders Square a certain parcel of land ("**Land**"), all buildings and improvement existing on said Land, building fixtures, and, to the extent available, building machinery and building equipment thereto (collectively, the "**Improvements**"), and all easements, rights and appurtenances thereto (collectively with the Land and the Improvements, the "**Leased Property**").

B. KRG SUNLAND, LP, an Indiana limited partnership, is the current "**Landlord**" of the Leased Property and is the successor-in-interest to Hunt.

C. Assignor is the current "Tenant" of the Leased Property and is the successor-in-interest to Builders Square.

D. Assignor desires to assign all of its right, title and interest under the Existing Lease to Assignee, and Assignee desires to assume and perform Assignor's obligations under the Existing Lease after the Assignment Effective Date, subject to the terms and conditions set forth below.

E. Assignor, Assignee and Landlord entered into that certain Stipulation, Agreement and Order to Assign and Assume Unexpired Nonresidential Property Lease for the premises known as 655 Sunland Park Drive, El Paso, TX, and identified by Assignor as Store #9325(the "**Stipulation**") (capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation).

F. The Existing Lease and this Assignment are collectively referred to herein as the "**Lease**."

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Assignment and Assumption**. Effective as of the date the Court so-orders the Stipulation (the "**Assignment Effective Date**"), Assignor hereby assigns, transfers, conveys, and delivers to Assignee all of Assignor's estate, rights, title and interests as tenant of the leasehold estate described under the Existing Lease, and Assignee hereby accepts the assignment, transfer, conveyance, and delivery of Assignor's estate, rights, title and interest in, to and under such leasehold estate.

2. **As Is, Where Is**. EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS ASSIGNMENT, THE LEASED PROPERTY IS BEING ASSIGNED TO ASSIGNEE, AND ASSIGNEE AGREES TO ACCEPT THE LEASED PROPERTY, IN "AS-IS," "WHERE-IS" AND "WITH ALL FAULTS" CONDITION ON THE ASSIGNMENT EFFECTIVE DATE. ASSIGNOR HAS NOT MADE ANY VERBAL OR WRITTEN REPRESENTATIONS, WARRANTIES OR STATEMENTS OF ANY NATURE OR KIND WHATSOEVER TO ASSIGNEE, WHETHER EXPRESS OR IMPLIED, WITH RESPECT TO ANY MATTER WHATSOEVER, EXCEPT AS EXPRESSLY SET FORTH HEREIN.

3. **Brokerage Indemnities**. Assignor and Assignee acknowledge that Excess Space Retail Services, Inc. (the "**Broker**") has been retained by Assignor in connection with the Leased Property and the Lease, and Assignor hereby agrees that Assignor shall pay to the Broker the total brokerage commission due and payable to the Broker. Except as described in the preceding sentence, Assignor and Assignee hereby represent and warrant, each to the other, that they have not disclosed the Lease or the subject matter hereof to, and have not otherwise dealt with, any broker, finder or any other person, firm, corporation or other legal entity so as to create any legal right or claim of whatsoever kind or nature for a commission or similar fee or compensation with respect to the Leased Property or this Assignment. Assignor and Assignee hereby indemnify each other against, and agree to defend and hold each other harmless from, any liability or claim (and all expenses, including attorneys' fees, incurred in defending any such claim or in enforcing this indemnity) for a real estate brokerage commission or similar fee or compensation arising out of or in any way connected with any claimed dealings with the indemnitor and relating to the Leased Property or this Assignment. The provisions of this Section shall survive the expiration or sooner termination of the Lease.

4. **Memorandum of Assignment**. Promptly following the parties' execution of this Assignment, Assignor and Assignee will execute and record a memorandum of this Assignment in substantially the form attached hereto as **Exhibit A**.

5. **No Modifications**. Except as expressly set forth in this Assignment, the Lease is not modified, and remains in full force and effect, in accordance with its terms.

6. **Authority**. Each party represents and warrants to the other that it has full power and lawful authority to enter into and perform its obligations under this Assignment, that the person or persons signing on its behalf has been duly authorized to do so, and that the execution, delivery and performance by such party will not be in violation of any material agreement or restriction by which such party is bound or affected.

7. **Conflict** .The assumption and assignment of the Existing Lease (including Assignor's rights, title, interests and obligations thereunder), made hereunder are made in accordance with and subject to the Stipulation, which is incorporated herein by reference. In the event of a conflict between the terms and conditions of this Assignment and the terms and conditions of the Stipulation, the terms and conditions of the Stipulation shall govern, supersede, and prevail. Notwithstanding anything to the contrary in this Assignment, nothing herein is intended to, nor shall it, extend, amplify, or otherwise alter the representations, warranties, covenants, and obligations of the parties contained in the Stipulation or the survival thereof.

8. **Further Assurances**. Each of the parties, without additional consideration, shall execute and deliver all such further documents and do such other things as the other party may reasonably request to give full effect to this Assignment, including, without limitation, any other form of assignment agreement required in order to record this Assignment in the appropriate public records of the county in which the Leased Property is located.

9. **Counterparts**. This Assignment may be executed in any number of counterparts. All counterparts so executed shall constitute one contract, binding on all parties, even though all parties are not signatory to the same counterpart.

[signatures follow]

EXECUTED as of the date first above written.

**ASSIGNOR:**

KMART CORPORATION,
a Michigan corporation,


By: _____
Name: _____
Title: _____



**ASSIGNEE:**

**AT HOME STORES LLC**,
a Delaware limited liability company


By: _____
Name: _____
Title: _____

# EXHIBIT A

# FORM

# RECORDING MEMORANDUM

WHEN RECORDED RETURN TO:
At Homes Stores LLC
1600 East Plano Parkway
Plano, Texas 75074
Attention: VP of Real Estate

## MEMORANDUM OF ASSIGNMENT OF LEASE

THIS MEMORANDUM OF ASSIGNMENT OF LEASE (this "**Memorandum**") is made as of the ___ day of _____, 201___, by AT HOME STORES LLC, a Delaware limited liability company ("**Assignee**"), and KMART CORPORATION, a Michigan corporation ("**Assignor**").

Hunt Building Corporation, a Texas corporation ("**Hunt**"), and Builders Square, Inc., a Delaware corporation ("**Builders Square**") entered into that certain lease dated March 30, 1994 (the "**Original Lease**"), as amended by that certain Amendment to Lease dated September 24, 1996 (the "**First Amendment**") (the Original Lease as amended by the First Amendment is hereinafter referred to as the "**Existing Lease**") whereby Hunt leased to Builders Square a certain parcel of land ("**Land**"), buildings and improvement existing on said Land, building fixtures, and to the extent available, building machinery and building equipment thereto (collectively, the "**Improvements**"), and all easements, rights and appurtenances thereto (collectively with the Land and the Improvements, the "**Leased Property**").  The Existing Lease is evidenced by a memorandum (the "**Lease Memorandum**") dated May 6, 1994, and recorded in the real property records of El Paso County, Texas.

KRG SUNLAND, LP, an Indiana limited partnership, is the current "Landlord" of the Leased Property and is the successor-in-interest to Hunt.  Assignor is the current "Tenant" of the Leased Property and is the successor-in-interest to Builders Square.

Pursuant to that certain Assignment and Assumption of Lease dated as of the date hereof (the "**Assignment**"; the Existing Lease and the Assignment are collectively the "**Lease**"), by and between Assignor and Assignee, Assignee succeeded to the interest of Assignor under the Existing Lease.

Assignee and Assignor desire to enter into this Memorandum to be recorded in the real property records of El Paso County, Texas to place third parties on notice of the Assignment. Capitalized terms used in this Memorandum will have the same meanings as is given to such terms in the Lease.

1.     The address of Assignee as forth in the Lease is:

        AT HOME STORES LLC
        1600 East Plano Parkway
        Plano, Texas  75074
        Attention:  Vice President of Real Estate
        RE: Store No. 255, El Paso, TX

        AT HOME STORES LLC
        1600 East Plano Parkway
        Plano, Texas  75074
        Attention:  General Counsel
        RE: Store No. 255, El Paso, TX

       2.     The Leased Property which is leased to Assignee pursuant to the Lease is described in **Exhibit A** attached hereto.

       3.     The term of the Lease as between Lessor and Assignee continues until February 29, 2020, with ten (10) options to renew for a period of five (5) years each.

       4.     This Memorandum is not intended to modify or amend any of the provisions of the Lease. If any of the provisions of this Memorandum are inconsistent with any of the provisions of the Lease, the provisions of the Lease shall be controlling.

                            [Signature Page Follows]

IN WITNESS WHEREOF, Assignee and Assignor have entered into this Memorandum to be effective as of the date first set forth above.

**Assignee**:

**AT HOME STORES LLC**,
a Delaware limited liability company

By: _____
Print Name:_____
Print Title:_____

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF COLLIN | § |

This instrument was acknowledged before me on the _____ day of _____, 201__, by _____, _____ of At Home Stores LLC, a Delaware limited liability company, on behalf of said limited liability company.

_____
Notary Public, State of Texas

IN WITNESS WHEREOF, Assignee and Assignor have entered into this Memorandum to be effective as of the date first set forth above.

**Assignor**:

KMART CORPORATION,
a Michigan corporation,

By: _____
Print Name:_____
Print Title:_____


STATE OF ILLINOIS          §
                           §
COUNTY OF COOK             §

This instrument was acknowledged before me on the _____ day of _____, 201__, by _____, _____ of KMART CORPORATION, a Michigan corporation, on behalf of said limited liability company.


_____
Notary Public, State of Illinois

# EXHIBIT A

## Legal Description of the Leased Property

Being a portion of Lot 1, Block 6, Coronado Del Sol Unit Two, City of El Paso, El Paso County, Texas and being more particularly described by metes and bounds as follows:

COMMENCING FOR REFERENCE at the City Monument at the centerline intersection of Bluff Ridge Drive and Bluff Springs Drive;

THENCE, along the centerline of said Bluff Springs Drive, the following four courses:

    South 80°24'17" East, a distance of 55.00 feet to the point of beginning of a curve to the left;

    Along the arc of said curve (Delta Angle = 12°53'32", Radius = 442.54 feet, Chord = South 86°51'03" East, 99.37 feet) a distance of 99.58 feet to a point;

    North 86°42'11" East, a distance of 329.97 feet to a point at the beginning of a curve to the left;

    Along the arc of said curve (Delta Angle = 12°55'31", Radius = 164.39 feet, Chord = North 80°14'26" East, 37.01 feet) a distance of 37.08 feet to the POINT OF BEGINNING for the herein described tract;

THENCE, along the arc of a curve to the left (Delta Angle = 22°04'29", Radius = 164.39 feet, Chord = North 62°44'26" East, 62.94 feet) a distance of 63.34 feet to a point;

THENCE, North 51°42'11" East, a distance of 14.19 feet to a point;

THENCE, North 34°07'46" West, a distance of 544.40 feet to a point in the south line of Block 3, Coronado Del Sol Subdivision;

THENCE, along the south line of said Block 3, the following eight courses:

    North 32°04'36" East, a distance of 98.55 feet to a point;

    North 08°32'31" West, a distance of 140.65 feet to a point;

    North 30°14'38" East, a distance of 67.68 feet to a point;

    North 72°01'13" East, a distance of 215.81 feet to a point;

    South 25°34'24" East, a distance of 179.42 feet to a point;

    North 65°38'34" East, a distance of 225.74 feet to a point;

    South 44°57'00" East, a distance of 63.64 feet to a point;

    North 46°03'00" East, a distance of 128.02 feet to a point;

THENCE, leaving said south line of Block 3, South 45°00'00" East, a distance of 331.71 feet to a point;

THENCE, South 45°01'30" West, a distance of 286.76 feet to a point;

THENCE, South 21°06'14" West, a distance of 24.01 feet to a point;

THENCE, South 44°58'30" East, a distance of 62.62 feet to a point;

THENCE, South 45°01'30" West, a distance of 35.00 feet to a point;

THENCE, North 44°58'30" West, a distance of 19.00 feet to a point;

THENCE, South 45°01'30" West, a distance of 18.00 feet to a point at the beginning of a curve to the right;

THENCE, along the arc of said curve (Delta Angle = 89°59'32", Radius = 2.00 feet, Chord = North 89°54'44" West, 2.83 feet) a distance of 3.14 feet to a point;

THENCE, North 44°59'23" West, a distance of 7.51 feet to a point;

THENCE, South 45°00'37" West, a distance of 44.00 feet to a point;

THENCE, South 44°58'30" East, a distance of 95.00 feet to a point;

THENCE, South 45°01'30" West, a distance of 99.00 feet to a point;

THENCE, South 44°58'30" East, a distance of 241.18 feet to a point;

THENCE, South 45°01'30" West, a distance of 222.42 feet to a point at the beginning of a curve to the right;

THENCE, along the arc of said curve (Delta Angle = 44°58'30", Radius = 160.00 feet, Chord = South 67°30'45" West, 122.39 feet) a distance of 125.59 feet to a point;

THENCE, North 90°00'00" West, a distance of 118.02 feet to a point;

THENCE, North 44°58'30" West, a distance of 241.68 feet to a point;

THENCE, North 45°01'30" East, a distance of 32.00 feet to a point;

THENCE, North 44°58'30" West, a distance of 103.86 feet to the POINT OF BEGINNING and containing 618,178 square feet or 14.191 acres of land.