UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                                                 Chapter 11

SEARS HOLDINGS CORPORATION, et al.,:      Case No. 18-23538

                Debtors.                                  :        (Jointly Administered)

---------------------------------------------------------x
TRACEE M. BRITTON,

                             Plaintiff,

v.

SEARS HOLDINGS CORPORATION, et al.,

                             Defendant.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

       Movant, Tracee M. Britton, a creditor herein, by her attorney, Luvell L. Glanton, Esq., who represent to this Court and alleges:

       1.       The Debtors filed a petition under Chapter 11 of the United States Bankruptcy Code on October 15, 2018.

       2.       At the time of the filing of said petition, Debtor Kmart Corporation was a defendant in a personal injury action brought by Tracee M. Britton who filed a negligence cause of action for personal injuries sustained against Debtor/Defendant Sears Holding Corporation, et al. in the Davidson Circuit Court, Davidson County, Nashville, Tennessee. A true and accurate copy of the complaint is attached hereto as **Exhibit A**.

       3.       Tracee M. Britton is filing this motion for relief from the automatic stay entered in the underlying state court proceeding. Please see attached as **Exhibit B** the Notice of Filing Bankruptcy and Imposition of Automatic Stay.

4.      In *In re Sonnax Indus., Inc*. 907 1280 (2d Cir Vt. 1990), the Second Circuit adopted twelve factors "to be weighed in deciding whether the litigation should be permitted to continue" in a forum other than the bankruptcy court. *Id*. at 1286. The twelve factors are: "(1) whether relief would result in partial or complete issue resolution; (2) lack of connection with or interference with bankruptcy case; (3) whether other proceeding involves debtor as fiduciary; (4) whether specialized tribunal with necessary expertise has been established to hear cause of action; (5) whether debtor's insurer has assumed full defense responsibility; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice interests of other creditors; (8) whether judgment claim arising from other action is subject to equitable subordination; (9) whether movant's success in other proceeding would result in a judicial lien avoidable by debtor; (10) interests of judicial economy and expeditious and economical resolution of litigation; (11) whether parties are ready for trial in other proceeding; (12) impact of stay on parties and balance of harms."

4.      Pursuant to the Notice of Filing Bankruptcy and Imposition of Automatic Stay, Plaintiff is requesting relief from the automatic stay, which is justified on the following *Sonnax* factors:

   A.   First, Plaintiff is claim is only seeking proceeds from the Defendant Sears Holding Corporation's insurance policies that cover premise liability. Plaintiff is willing to enter into a stipulation and/or agreement that she will only pursue the proceeds on any applicable policy of insurance/self insured funds, without pursing the Debtor's other assets;

   B.   The interests of judicial economy and expeditious resolution of the litigation in the state court action;

  C. The impact of the continuation of the stay upon creditor, Tracee M. Britton would be significant. Ms. Britton sustained severe injuries as result of the incident that occurred on June 18, 2016.

  D. When an insurer is liable for the debtor's torts, this liability is personal within the meaning of section 11 U.S.C. 524(a)(2) only to the extent necessary to sustain recovery against the insurer. The debtor in this case Sears and its property are not prejudiced by exposure to the liability claim because the debtor and its property are not subject to any risk and maintenance of the suit does not frustrate the policy of the bankruptcy code. That means that the tort victim cannot seek to go after anything that is considered estate property, but they are free to go after third party relief.

  E. Creditor, Tracee M. Britton is seeking to pursue liability ONLY to the extent Debtor/Defendant Sears Holding Corporation's insurance would be financially responsible to pay the judgment. This is the only way the Plaintiff can proceed in order to determine liability and seek any claims against the insurer, since under Tennessee law the Plaintiff cannot sue the insurer directly.

5. That the foregoing constitutes cause to terminate the automatic stay under Section 362(d) of the United States Bankruptcy Code.

WHEREFORE, it is respectfully requested that this Court grant Creditor's motion for relief from the stay as to Creditor, Tracee M. Britton, and for such other and further relief as this Court deems just and proper.

Dated: February 21, 2019.

Respectfully submitted,

LAW OFFICES OF
LUVELL GLANTON, PLLC


<u>/s Luvell L. Glanton</u>
Luvell L. Glanton, TN BPR No. 14172
915 Jefferson Street, 2nd Floor
Nashville, Tennessee 37208
(615) 244-4511 telephone
(615) 244-7226 facsimile
E-service address: glantonfirm@gmail.com
ATTORNEY FOR CREDITOR TRACEE M. BRITTON