Copy

FILED
2016 JUN 16 PM 4:12
RICHARD R. ROOKER, CLERK
_____ D.C.

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

TRACEE M. BRITTON,

Plaintiffs,

vs.                                                  Docket No: 16C1640
                                                     JURY DEMAND
K-MART OPERATIONS LLC

Defendant.

## COMPLAINT

Come now the Plaintiff, Tracee M. Britton, by and through her attorney, the Law Offices of Luvell L. Glanton, and for her cause of action against the Defendant, K-Mart Operations LLC, alleges as follows:

### I.   PARTIES

1.   The Plaintiff, Tracee M. Britton, is a citizen and resident of Davidson County, Tennessee, residing at 235 Madison Blvd, Madison, Tennessee 37115-4719.

2.   The Defendant, K-Mart Operations LLC, (hereinafter referred to as "K-Mart") is a Delaware corporation licensed to do business in the state of Tennessee. K-Mart's principal office is located at 3333 Beverly Road B2-116B, Hoffman Estates, IL 60179-0001. K-Mart's registered agent in Tennessee is C T Corporation System at 800 S Gay Street Suite 2021, Knoxville, TN 37929-9710.

3.   At all times material hereto, the Defendant, K-Mart, owned and operated the real property and premises located at 1508 Gallatin Pike S, Madison, TN 37115.

1


PLAINTIFF'S EXHIBIT A

## II. JURISDICTION AND VENUE

4. Plaintiff's cause of action arises in tort under by virtue of the laws of the State of Tennessee for the injuries and damages sustained as result of the acts and/or omissions on part of all the Defendants, all of which occurred in Davidson County, Tennessee on June 18, 2016, at 1508 Gallatin Pike S, Madison, TN 37115.

5. Subject matter jurisdiction is over this action is proper pursuant to Tenn. Code Ann. § 16-10-101.

6. Venue for a trial on the merits in Davidson County, Tennessee is proper in part by virtue of Tenn. Cod Ann. § 20-4-102 and § 20-4-104.

## III. FACTUAL ALLEGATIONS

7. On or about June 18th, 2015, the Plaintiff, Tracee M. Britton, was a customer in the K-Mart store located at 1508 Gallatin Pike S, Madison, TN 37115, when she slipped and fell due to a liquid substance on the floor, causing her to sustain injuries to her neck, upper back, and spine, for which she has undergone months of medical treatment and therapy.

8. At said date and time, the Defendant was responsible for the negligent acts and/or omissions of its employees, agent and representatives as set forth herein pursuant to the principle of *respondeat superior*.

9. At said date and time, the Defendant and its employees, agents and/or representatives had constructive or actual notice of the hazardous, dangerous and unsafe condition of the floor which caused the Plaintiff to fall.

10. At said date and time, the Defendant and its employees, agents and/or representatives failed to give adequate notice and warning of such hazardous, dangerous and unsafe condition of the floor which caused an unreasonable risk of harm to any persons or entities

2

that were on the premises.

11. At said date and time, the Defendant and its employees, agents and/or representatives created a hazardous, dangerous and unsafe condition which created an unreasonable risk of harm and proximately caused the Plaintiff, Tracee M. Britton, to suffer personal injuries.

## COUNT I
## NEGLIGENCE OF DEFENDANT, KMART

12. Plaintiff, Tracee M. Britton, realleges the allegations in Paragraphs One (1) through Eleven (11) of this Complaint and incorporates them herein.

13. That on or about June 18, 2016, the Defendant owned, managed, operated, maintained, and controlled, directly and indirectly, individually and through its agents, servants, and employees, a store known as Kmart Department Store, 1508 Gallatin Pike S, Nashville, Tennessee 37115. That on and before that date, the Defendant invited the general public including the Plaintiff, to enter said department store for the purpose of the operation of the department store.

14. That it then and there became and was the duty of the Defendant, individually and by and through its agents, servants and employees, to keep the premises in a reasonably safe condition for the Plaintiff and other persons lawfully in and about the shopping center, and further, not to create or allow any dangerous conditions to exist on or about the premises.

15. Defendant, knew, or, in the exercise of reasonable care should have known, of the condition, or Defendant created the condition either through the acts of its employees, in its

negligent maintenance of equipment, or in negligent method of operation, and Defendant should have corrected the condition or warned Plaintiff of its existence.

16. That at the about date and place, the Plaintiff, Tracee M. Britton, was a business invitee, lawfully on the subject premises, walking in the department store center when she slipped on a wet floor, causing injury to her neck, upper back, and spine.

17. That, disregarding its stated duty, Defendant, by its agents, employees and servants, negligently created a dangerous or negligent condition by committing the following acts and omissions:

    A) Failing to provide a safe environment for a business invitee to walk upon;

    B) Failing to keep the said premises in a safe and proper condition for the use of its business invitees;

    C) Failed to warn the Plaintiff and others of the unsafe, defective and dangerous condition of the subject premises;

    D) Failing to place a Wet Floor sign and Tracee M. Britton fell and was hurt. Posting a sign would have served as a warning to Tracee M. Britton and help prevent her from slipping on the wet floor and injuring her neck, upper back, and spine and

    E) Allowed and permitted the subject premises to become and remain in a dangerous condition failed to inspect the premises to be certain that they were in good, safe and proper condition.

18. That as a direct and proximate result of one or more of these negligent acts and or omissions of the Defendant, individually and by and through its agents, servants, and employees, the Plaintiff has caused to fall.

4

19. On said date, the Defendant was responsible for the negligent acts and/or omissions of its employees, agents, and representatives as set forth herein pursuant to the principle of *respondeat superior*.

20. Each of the foregoing acts and/or omissions on the part of the Defendant and its employees, agents, and/or representatives as set forth herein was a direct and proximate cause of the damages suffered by the Plaintiff.

21. As a result of the culpable acts and/or omissions of the Defendant and its employees, agents, and/or representatives as set forth herein, the Plaintiff has incurred and will incur medical expenses, pain and suffering, loss of enjoyment of life, emotional distress and permanent damages.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY:

1. That proper process issue and be served on the Defendant requiring an answer to this Complaint within the time required by law.

That proper process issue and be served on the Defendant requiring an answer to this Complaint within the time required by law;

2. That the Plaintiff, Tracee M. Britton, be awarded a judgment against the Defendant Kmart in an amount of $300,000.00;

3. For a jury of twelve (12) persons to try this matter;

4. That costs of this action be taxed to the Defendant; and

5. For such other, further and general relief to which this Court deems the Plaintiff may be entitled.

Respectfully submitted,

LAW OFFICES OF LUVELL L. GLANTON

LUVELL L. GLANTON #14172
MATTHEW E. MILLER #31235
Attorneys for Plaintiff
915 Jefferson St., 2nd Floor
Nashville, TN 37208
(615) 244-4511
(615) 244-7226 Fax
glantonfirm@gmail.com

6