KELLEY DRYE & WARREN LLP
James S. Carr
Maeghan J. McLoughlin
101 Park Avenue
New York, New York 10178
Tel.: (212) 808-7800
Fax: (212) 808-7897
Email: jcarr@kelleydrye.com
          mmcloughlin@kelleydrye.com

*Attorneys for Tata America International Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered)<br><br>**Re: Docket No. 1731, 2314** |

**TATA AMERICA INTERNATIONAL CORPORATION'S AMENDED
OBJECTION TO DEBTORS' NOTICES OF CURE COSTS AND POTENTIAL
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Tata America International Corporation ("Tata"), by and through its undersigned counsel, hereby files this amended cure objection (the "Amended Cure Objection") to the proposed cure amounts (the "Proposed Cure Amounts") for Tata's executory contracts listed in the (i) *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* and (ii) *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* (the "Cure Notices").[2]  In support of this Amended Cure Objection, Tata respectfully states as follows:

## PRELIMINARY STATEMENT

1.      According to the Cure Notices, Sears Holdings Corporation and various affiliates (the "Debtors") may seek to assume and assign the executory contracts with Tata to Transform Holdco, LLC (the "Buyer").   The Proposed Cure Amounts listed in the Cure Notices are $6,759,945.  On January 25, 2019 and February 11, 2019, Tata filed cure objections stating that the amount needed to cure all monetary defaults under the Tata contracts was $6,834,718.74.[3]  Tata files this Amended Cure Objection to assert that the correct amount needed to cure all monetary defaults under the Tata contracts is $**6,884,039.27** (the "Tata Cure Amount").[4]

2.      The Tata Cure Amount does not include amounts that will become due in the ordinary course of business.  If the Tata contracts are assumed, the Buyer must be responsible for satisfying these obligations.

---

[2]    Docket Nos. 1731, 2314.
[3]    Docket Nos. 1869, 2546.
[4]    The $49,320.54 difference in cure amounts is due to an inadvertent miscalculation by Tata.

## **OBJECTION**

3.      On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.  Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.      Prior to the Petition Date, on January 9, 2012, Tata and Sears Holding Management Corporation ("SHMC") entered into a Master Outsourced Services Agreement ("MOSA").[5]  Tata provides services to SHMC under various statements of work (the "SOWs") issued pursuant to and governed by the MOSA.

5.      On August 10, 2016, Tata and SHMC entered into the ignio™ License Agreement (the "License Agreement," together with the MOSA and all SOWs, the "Tata Contracts")[6] pursuant to which Tata licenses proprietary software to SHMC.  The License Agreement and the services provided under the License Agreement are separate and apart from the MOSA and any SOWs issued pursuant to the MOSA.

6.      On January 18, 2019, the Debtors filed the initial cure notice which lists the $6,759,945 Proposed Cure Amount as being due under the MOSA.  On January 31, 2019, the Debtors filed a second supplemental cure notice which listed $0.00 as being due Tata under the "Amendment #4 to the Master Outsourced Services Agreement," which is an amendment to the MOSA.

7.      The Proposed Cure Amount is incorrect and inaccurately allocated among Tata's agreements with SHMC.  The correct cure calculation under the Tata Contracts is set forth below:

---

[5]     Tata America International Corporation assigned the MOSA and the SOWs issued pursuant to the MOSA to Tata.

[6]     The Tata Contracts contain confidential information and they are not attached to this Cure Objection.  They will be provided upon written request to Tata's counsel and execution of a confidentiality agreement.

| Contract | Debtors' Proposed Cure Amount | Tata's Amended Cure Amount |
|---|---|---|
| MOSA | $6,759,945.00 | $6,683,818.14 |
| ITO Services SOW | $0.00 | $5,800,597.34 (included in total MOSA cure amount, as SOW arises under and pursuant to the MOSA) |
| Home Services Service Live SOW | $0.00 | $111,633.33 (included in total MOSA cure amount, as SOW arises under and pursuant to the MOSA) |
| 12 Additional SOWs arising under the MOSA[7] | Not listed | $771,587.47 (included in total MOSA cure amount, as SOW arises under and pursuant to the MOSA) |
| License Agreement | $0.00 | $200,221.13 |
| **TOTAL:** | **$6,759,945.00** | **$6,884,039.27** |

8.      Prior to assumption of the Tata Contracts, if any, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Tata Contracts and compensate Tata for any actual pecuniary loss.  The Proposed Cure Amounts are incorrect.  Tata asserts that the correct cure amount under the Tata Contracts is $**6,884,039.27**

9.      Tata reserves the right to amend and/or supplement this Amended Cure Objection, including, without limitation, to include additional amounts that arise or become known to Tata prior to assumption, to add or supplement objections to the Proposed Cure Amounts, and to raise any additional objections to the assumption of the Tata Contracts.

---

[7]    Tata will provide the Debtors the breakdown of SOWs at issue, along with corresponding cure amounts, upon request.

**WHEREFORE**, Tata respectfully requests that the Court require the Debtors or the Buyer to pay Tata the Tata Cure Amount as a condition to assumption of the Tata Contracts, and grant Tata such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 22, 2019

                                    **KELLEY DRYE & WARREN LLP**


                          By: /s/ *James S. Carr*
                              James S. Carr
                              Maeghan J. McLoughlin
                              101 Park Avenue
                              New York, New York 10178
                              Telephone: (212) 808-7800
                              Facsimile:  (212) 808-7897
                              Email: jcarr@kelleydrye.com
                                       mmcloughlin@kelleydrye.com

                          *Attorneys for Tata America International*
                          *Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served via electronic mail on this 22nd day of February, 2019 upon the parties listed below and electronically via ECF notification upon all parties requesting service via ECF notification:

Sears Holdings Management Corporation
Attn: Rob Riecker (rob.riechker@searshc.com)
Attn: Luke Valentino (luke.valentino@searshc.com)
Attn: Mohsin Meghji (mmeghji@miiipartners.com)
Attn: General Counsel (counsel@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (jacqueline.marcus@weil.com)
Attn: Garret A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Lazard Fréres & Co., LLC
Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana.Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

Bank of America, N.A.
c/o Berkeley Research Group, LLC
2200 Powell Street, Suite 1200
Emeryville, CA 94608

Wells Fargo Bank, National Association
c/o Choate, Hall & Stewart LLP
Attn: Kevin J. Simard (ksimard@choate.com)
Attn: Jonathan D. Marshall (jmarshall@choate.com)
Two International Place
Boston, MA 02110

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin (pdublin@akingump.com)
Attn: Ira S. Dizengoff (idizengoff@akingump.com)
Attn: Abid Qureshi (aqureshi@akingump.com)
Attn: Sara L. Brauner (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani (kunal@eslinvest.com)
Attn: Harold Talisman (harold@eslinvest.com)
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin (caustin@cgsh.com)
Attn: Benet J. O'Reilly (boreilly@cgsh.com)
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Office of the United States Trustee
Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

*/s/ Maeghan J. McLoughlin*
Maeghan J. McLoughlin