**Presentment Date and Time: March 1, 2019 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: February 28, 2019 at 4:00 p.m. (Eastern Time)**
**Hearing Date and Time (Only if Objections Filed): March 21, 2019, at 10:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :    **Chapter 11**
                                                            :
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :    **Case No. 18-23538 (RDD)**
                                                            :
           Debtors.[1]                                      :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER APPROVING SETTLEMENT OF DISPUTE WITH SERVICE.COM, INC.

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement, and Order Approving Settlement of Dispute with Service.com, Inc.* (the "**Proposed Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **March 1, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Stipulation is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **February 28, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Proposed Stipulation, and the Proposed Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider the Proposed Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on March 21, 2019 at 10:00 a.m. (Eastern Time).

WEIL:\96924528\6\73217.0004

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: February 22, 2019
      New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

# Exhibit 1

**Proposed Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*, : Case No. 18-23538 (RDD)
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------x

## STIPULATION, AGREEMENT, AND ORDER
## APPROVING SETTLEMENT OF DISPUTE WITH SERVICE.COM

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Sears Holdings Corporation ("**Sears**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Service.com, Inc. (together with its subsidiaries and affiliates, "**Service.com**"). The Debtors and Service.com collectively are referred to in this Stipulation as the "**Parties**," and each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A.      Beginning on October 15, 2018 (the "**Commencement Date**"), and continuing thereafter, the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      On November 2, 2018, Sears and Service.com entered into the Asset Purchase Agreement (as amended on November 13, 2018 and together with all related documents, including the Guaranty (defined below), the "**Asset Purchase Agreement**"), pursuant to which Service.com agreed to purchase the Debtors' Sears Home Improvement business (the "**SHIP Business**").

C.      Concurrently with execution of the Asset Purchase Agreement, Peter Karmanos, Jr. ("**Karmanos**") executed a guaranty (the "**Guaranty**") in favor and for the benefit of Sears, in the form of Annex I to the Asset Purchase Agreement.

D.      On November 3, 2018, the Debtors filed with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") the *Motion of Debtors for Entry of Order (i)(A) Approving Bidding Procedures for Sale of Sears Home Improvement Business (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, (ii) Approving the Sale of Sears Home Improvement Business in Accordance with the Stalking Horse Agreement, and (iii) Granting Related Relief* (ECF No.

2

450), seeking, among other things, approval of the bidding procedures for soliciting bids for, conducting an auction of, and consummating the sale of the SHIP Business.

E. On November 5, 2018, a $6,000,000 deposit escrow amount was deposited with the Escrow Agent on behalf of Service.com (the "**Deposit Escrow Amount**").[2]

F. On November 16, 2018, the Bankruptcy Court entered the *Order (A) Approving Bidding Procedures for Sale of Sears Home Improvement Business, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for and Hearing to Approve Sale of Sears Home Improvement Business, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (E) Approving Assumption and Assignment Procedures, and (F) Granting Related Relief* (ECF No. 775).

G. The sale of the SHIP Business to Service.com was approved by the Bankruptcy Court on the record of the Sale Hearing on December 18, 2018, and on December 26, 2018 the Court entered the *Order (I) Approving the Sale of the Sears Home Improvement Business and (II) Granting Related Relief* (ECF No. 1417) (the "**Sale Order**").[3]

H. By letter dated January 18, 2019, Sears notified Service.com that because Service.com failed to timely close the transaction in accordance with the terms of the Asset Purchase Agreement, Sears had exercised its right to terminate the Asset Purchase Agreement and demanded that, pursuant to the terms of the Asset Purchase Agreement, Service.com execute and deliver a joint written instruction to the Escrow Agent directing that the Deposit Escrow Amount be disbursed to Sears.

---

[2] The Escrow Agreement was entered into by Sears, Service.com, and Citibank, N.A. (the "**Escrow Agent**"), on November 2, 2018 (the "**Escrow Agreement**").

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order.

I.  Service.com refused to deliver such joint written instruction to the Escrow Agent and subsequently filed the *Limited Objection of Service.com to Global Asset Sale Transaction and Statement of Continued Interest in Purchase of Sears Home Improvement Business* (ECF No. 2037) ("**Service.com's Sale Objection**"),[4] in which it asserted that its failure to close the transaction was the fault of, *inter alios*, the Debtors.

J.  Sears has not made a claim under the Guaranty. Karmanos has taken the position that the Guaranty terminated on February 17, 2019 and that Karmanos is relieved of any "further obligations or liability whatsoever under th[e] Guaranty."

K.  The Parties have since disputed their respective entitlements to the Deposit Escrow Amount (the "**Dispute**").

L.  Given the uncertainties, burden, expense, delay, and potentially protracted nature attendant to litigation, the Parties commenced negotiation with regard to the Dispute, and have determined that it is in their respective best interests to settle the Dispute as set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL, IT SHALL BE ORDERED, AS FOLLOWS:**

1.  This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**"), which approval shall constitute authorization under Federal Rule of Bankruptcy Procedure 9019 for Sears to settle the Dispute on the terms provided herein.

---

[4] Service.com's Sale Objection was first filed as ECF No. 2029, and that document as well as ECF No. 2037 were filed in redacted format. In connection therewith, Service.com filed a Motion to Seal (ECF No. 2030), and later filed an unredacted version of ECF No. 2037 (ECF No. 2130).

2. The Parties agree that the Asset Purchase Agreement is terminated and that, other than as provided herein, no Party to this Stipulation shall have any claims against any other Party or its affiliates and shareholders as a result of the termination of the Asset Purchase Agreement.

3. Within one (1) business day of the Effective Date, Service.com and Sears shall issue a joint written instruction to the Escrow Agent, directing that (A) $4,750,000 (the "**Settlement Amount**") of the Escrow Deposit Amount be disbursed to Sears, and that (B) the remainder of the Escrow Deposit Amount be disbursed to Service.com (the "**Reversion Amount**").

4. The Parties agree that upon receipt of the Settlement Amount, Sears shall be entitled to retain the Settlement Amount free and clear of any claim by Service.com. The Parties also agree that upon receipt of the Reversion Amount, Service.com shall be entitled to retain the Reversion Amount free and clear of any claim by the Debtors.

5. On the Effective Date, without need for further acts, Service.com hereby releases and forever discharges the Debtors and their bankruptcy estates, legal predecessors, successors and assigns, officers, directors, shareholders, affiliates, representatives, agents, servants, employees, and attorneys (collectively the "**Released Debtor Parties**"), of and from any and all claims, demands, damages, debts, liabilities, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, which Service.com ever had, now has, or may hereafter have, against the Released Debtor Parties, arising out of, based upon, or relating to, any act, omission, event, matter or thing with respect to the Dispute or the Asset Purchase Agreement, save and except for the rights and claims created or reserved by this Stipulation.

5

6. Upon receipt of the Settlement Amount by Sears and without need for further acts, the Debtors hereby release and forever discharge Service.com and its legal predecessor, successors and assigns, officers, directors, shareholders, members, affiliates, heirs, beneficiaries, executors, representatives, agents, servants, employees, attorneys, and Karmanos (collectively the "**Released Service.com Parties**"), of and from any and all claims, demands, damages, debts, liabilities, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, which the Debtors ever had, now have, or may hereafter have, against the Released Service.com Parties, arising out of, based upon, or relating to, any act, omission, event, matter or thing with respect to the Dispute or the Asset Purchase Agreement, save and except for the rights and claims created or reserved by this Stipulation.

7. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the releases in Paragraphs 5 and 6. Section 1542 of the California Civil Code reads as follows:

> "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**"

8. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the resolution of the Dispute and supersedes all prior agreements and understandings relating to the Dispute.

9. Each of the undersigned who executes the Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

6

10. This Stipulation may be executed simultaneously in one or more counterparts, and by different parties hereto in separate counterparts, and with facsimile signatures or emailed signatures in PDF format, being deemed originals, each of which, when executed, shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

11. The terms and provisions of this Stipulation shall be immediately effective and enforceable upon the Effective Date, save such terms and provisions that shall become effective and enforceable upon Service.com's full satisfaction of its obligations hereunder, including, without limitation, Paragraph 6 above.

12. The Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

13. If either Party prevails in any action or proceeding against the other Party to enforce the terms of this Stipulation, the non-prevailing Party shall be liable for all costs, expenses, and legal fees incurred in such action or proceeding.

14. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

15. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

WEIL:\96924528\6\73217.0004

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: February 22, 2019

By: /s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated: February 22, 2019

By: /s/ 
Sandy Kronenberg
President, Chief Executive Officer &
Secretary
SERVICE.COM, INC.
30840 Northwestern Highway, Suite 250
Farmington Hills, Michigan 48334
Facsimile: (724) 255-8921

**SO ORDERED**:

Dated: _____, 2019
        New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE