WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                                          :      **Chapter 11**
                                                               :
**SEARS HOLDINGS CORPORATION**, *et al.*,    :      **Case No. 18-23538 (RDD)**
                                                               :
Debtors.[1]                                           :      **(Jointly Administered)**
                                                               :
-------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**CERTIFICATE OF NO OBJECTION REGARDING MOTION OF DEBTORS FOR
ENTRY OF AN ORDER APPROVING PROCEDURES FOR MODIFICATION
OF THE AUTOMATIC STAY UNDER CERTAIN CIRCUMSTANCES**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for

the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as

follows:

1. Beginning on October 15, 2018 (the "**Commencement Date**") and

continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**")

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code.

On February 14, 2019, the Debtors filed the *Motion of Debtors for Entry of an Order Approving*

*Procedures for Modification of the Automatic Stay under Certain Circumstances* (ECF No. 2594)

(the "**Motion**").

2. The Debtors served the Motion as reflected in the affidavit of service filed

at ECF No. 2651.

3. The Motion established a deadline (the "**Objection Deadline**") for parties

to object or file responses to the Motion for February 22, 2019 at 4:00 p.m. (prevailing Eastern

Time). The *Amended Order Implementing Certain Notice and Case Management Procedures*,

entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**")

provides that a motion or application may be granted without a hearing, provided that no objections

or other responsive pleadings have been filed after the passage of the Objection Deadline and the

attorney for the entity who filed the pleadings complies with the terms of the Amended Case

Management Order.

WEIL:\96928355\1\73217.0004

4.      The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading, or request for a hearing with respect to the Motion has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors.

5.      Accordingly, the Debtors respectfully request that the proposed order granting the relief requested in the Motion on a final basis, annexed hereto as **<u>Exhibit A</u>**, be entered in accordance with the Amended Case Management Order. The proposed order reflects comments received from ACE American Insurance Company and ACE Fire Underwriters Insurance Company. A redline of the proposed final order marked against the Interim Order entered by the Court is annexed hereto as **<u>Exhibit B</u>**.

I declare that the foregoing is true and correct.

Dated: February 25, 2019
        New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

WEIL:\96928355\1\73217.0004

**<u>Exhibit A</u>**

**Proposed Order**

WEIL:\96928355\1\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                    :

In re                              :         **Chapter 11**
                                      :

**SEARS HOLDINGS CORPORATION,** *et al.,*    :         **Case No. 18-23538 (RDD)**
                                      :

                 Debtors.[1]        :         **(Jointly Administered)**
                                      :
----------------------------------------------------------------x

### ORDER APPROVING PROCEDURES FOR
### MODIFICATION OF THE AUTOMATIC STAY UNDER CERTAIN CIRCUMSTANCES

Upon the motion, dated February 14, 2019, (ECF No. 2594) (the "**Motion**")[2] of

Sears Holdings Corporation  and its debtor affiliates, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105 and 363

under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 4001 and 9019 of

the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

establishing certain Stay Procedures (as defined below) with respect to movants seeking to modify

the automatic stay and (ii) granting related relief, all as more fully set forth in the Motion; and the

Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated

January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion

having been provided in accordance with the Amended Case Management Order; such notice

having been adequate and appropriate under the circumstances, and it appearing that no other or

further notice need be provided; and no objection having been filed and the Debtors having

submitted a certificate of no objection, and upon all of the proceedings had before the Court; and

the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their

creditors, and all parties in interest; and after due deliberation and sufficient cause appearing

therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are further authorized to enter into Stay Stipulations with PI

Claimants in accordance with the following procedures (the "**Stay Procedures**"):

      a.  Beginning on the date upon which the Court enters an order granting this Motion, and upon inquiry from a PI Claimant (an "**Inquiry**"), substantially in the form and manner attached hereto as **<u>Exhibit 1</u>**, the Debtors and their counsel will analyze the PI Claimant's request to enter into a stipulation to modify the Automatic Stay to allow the PI Claimant to proceed with a Prepetition Action with the recovery limited to available insurance proceeds.  An Inquiry must be accompanied by: (i) the name and brief description of the Prepetition

2

Action (including a copy of the complaint or other legal document which states the claim, if one exists and has not already been provided to the Debtors or their representative (the "**Claim Documents**")); (ii) the current status of the Prepetition Action; (iii) the amount of the claim asserted by the PI Claimant; (iv) any known applicable insurance policy of the Debtors and known status of such insurance coverage; and (v) any co-defendants or other parties named in the Prepetition Action and the nature of the claims asserted against these parties. The Debtors may, after consultation with the Creditors' Committee and reasonable business judgment, waive any of the foregoing requirements.  .

b. If the Debtors agree, after consultation with the Creditors' Committee in their reasonable business judgment, that such PI Claimant may proceed with a Prepetition Action in a manner consistent with subparagraph (a) above, the Debtors will file with this Court, and serve upon:    (i) the Office of the U.S. Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the applicable insurance carrier, and their counsel of record, if any; and (iv) any relevant non-debtor party (collectively, the "**Automatic Stay Reviewing Parties**"), a stipulation, agreement, and order (collectively, the "**Stay Stipulation**") substantially in the form attached hereto as **<u>Exhibit 2</u>**. Upon request, the Debtors shall serve the applicable insurance carrier, and their counsel of record, if any, with a copy of the Inquiry and any related Claim Documents.  The Stay Stipulation may provide that the PI Claimant must waive any and all rights of recovery against the Debtors and will limit all recovery solely to the extent of available insurance proceeds.  Certain non-debtor, non-insurer parties may also be required to waive any contractual, indemnification, contribution, or such other claims they may have against the Debtors in connection with the Prepetition Action and/or limit any recoveries on such claims to available insurance proceeds.

c. The Automatic Stay Reviewing Parties will have seven (7) calendar days after the filing of a Stay Stipulation to review such stipulation and notify (i) the Debtors, 3333 Beverly Road, Hoffman Estates, IL 60179 (Attn.: Mohsin Y. Meghji) and (ii) counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York (Attn.: Ray C. Schrock, P.C., Jacqueline Marcus, Esq. Garrett A. Fail, Esq., Sunny Singh, Esq., and Jessica Liou Esq.) in writing, of any objection to the Stay Stipulation (the "**Stipulation Objection Deadline**").  If no objection is filed and served before the Stipulation Objection Deadline, the Stay Stipulation shall be deemed approved without further order of this Court.

3

d. If an objection is filed by the Stipulation Objection Deadline and such objection cannot be resolved within five (5) business days after the Stipulation Objection Deadline, the Debtors shall schedule the objection to be heard at the next available hearing date that is at least seven (7) business days after notice of such hearing.

e. If the Debtors receive and do not respond to an Inquiry within forty-five (45) calendar days, the PI Claimant may file a motion for relief from the Automatic Stay in the Bankruptcy Court. If a PI Claimant files a motion for relief from the Automatic Stay without first serving an Inquiry upon the Debtors and complying with the foregoing procedures, the Debtors will serve a copy of the entered order establishing the Stay Procedures and will advise the PI Claimant that its motion automatically is adjourned until the PI Claimant has complied with the Stay Procedures. The Debtors also are authorized to serve the order establishing the Stay Procedures to the court in which the Prepetition Action is pending.

3.     To the extent any PI Claimant has filed a properly noticed motion to lift the automatic stay pursuant to section 362 of the Bankruptcy Code, such motions shall be adjourned to the April 18, 2019 omnibus hearing.

4.     Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by PI Claimant/Movant against the Debtors or any of the other Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to PI Claimant/Movant's claims.

5.     To the extent applicable, the Automatic Stay is hereby modified to the extent necessary to permit any insurer from which coverage is sought pursuant to PI Claimant/Movant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business

4

consistent with the terms of any applicable insurance policy, and without further order of this Bankruptcy Court.

6.    Nothing herein alters, amends or otherwise modifies the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

7.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

8.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
    White Plains, New York

    _____
    THE HONORABLE ROBERT D. DRAIN
    UNITED STATES BANKRUPTCY JUDGE

5

**<u>Exhibit 1</u>**

**Inquiry Form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                           :

In re                                  :        **Chapter 11**
                                           :

**SEARS HOLDINGS CORPORATION,** *et al.*,   :        **Case No. 18-23538 (RDD)**
                                           :

           **Debtors.**[1]                 :        **(Jointly Administered)**
                                           :

---------------------------------------------------------------x

## PI CLAIMANT INQUIRY

Pursuant to the Order Approving Procedures for Modification of the Automatic Stay (the

"**Order**") [Doc. No. ____],[2] the below-referenced PI Claimant hereby submits an Inquiry:


1.  Name of PI Claimant: _____.


2. Title, Court and Case Number of Prepetition Action: _____

_____.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Any capitalized terms used herein shall have the meaning given to them in the Order.

3. Brief Description of Prepetition Action (please attach a copy of the complaint or other legal

document which states your claim, if one exists and has not already been provided to the Debtors

or their representative): _____

_____

_____.


4. Current Status of Prepetition Action: _____

_____

_____.


5.  Amount of the claim asserted: _____.


6. Name of any applicable insurer, number of any known applicable insurance policy, and/or any

applicable claim number (if none are known, state "unknown"):_____

_____.


7. Any co-defendants or other parties in the Prepetition Action: _____

_____.


8. Nature of claims (including cross-claims and/or third-party claims) asserted against any co-

defendants or other parties listed in item 7, above: _____

_____

2

_____.

This inquiry must be submitted to:

Project.Blue.Auto.Stay@weil.com
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Dated: _____                              _____
                                                     PI Claimant

3

## **Exhibit 2**

**Form of Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                    :
                                                         :          **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                :
                                                         :          **Case No. 18-23538 (RDD)**
                                                         :
                  Debtors.[1]                            :          **(Jointly Administered)**
-------------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among [●] (the "**Debtor[s]**"), and [●] ("**Movant**"). The Debtor[s] and Movant collectively are referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A. WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtor[s] and certain of [its]/[their] affiliates (collectively, the "**Chapter 11 Entities**") commenced voluntary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Entities are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. WHEREAS, on [●], Movant commenced an action that is pending in [●] (the "**Prepetition Action**") against the Debtor[s].

C. WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.     This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by order of the Bankruptcy Court (the "**Effective Date**").

2.     Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary to permit Movant to continue the Prepetition Action against the Debtor[s] solely to [●]; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtor[s] or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting the Movant from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

2

3.        Upon the Effective Date, the Motion shall be deemed withdrawn.

4.        Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtor[s] or of any related agreements; (ii) creates or permits a direct right of action by Movant against the Debtor[s] or any of the other Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to Movant's claims.

5.        As of the Effective Date, Movant agrees to waive any right to recovery related to the Prepetition Action against any party, whether or not currently named as a defendant in the Prepetition Action, except for any applicable insurer who may assert indemnification claims against the Chapter 11 Entities.

6.        All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation, Agreement, and Order.  Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

7.        Nothing contained herein shall be construed as a waiver by the Chapter 11 Entities or any other party in interest of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtor[s] or any of the

3

other Chapter 11 Entities are a party that may be filed by Movant in the chapter 11 cases of the Chapter 11 Entities.

8.      To the extent applicable, the Automatic Stay is hereby modified to the extent necessary to permit any insurer from which coverage is sought pursuant to Movant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business consistent with the terms of any applicable insurance policy, and without further order of this Bankruptcy Court.

9.      Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

10.     The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

11.     This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

12.     The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

13.     This Stipulation, Agreement and Order may be executed  in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same

4

instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14.     This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

15.     Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

16.     This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

17.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

*[Signature page follows]*

5

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

Dated:                                                Dated:

By:    */s/*_____          By:    */s/*_____

    Ray C. Schrock, P.C.
    Jacqueline Marcus                              [●]
    Garrett A. Fail
    Sunny Singh                              *Attorneys for Movant*
    Jessica Liou
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, NY 10153
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007

    *Attorneys for Debtors*
    *and Debtors in Possession*

[Dated: _____, 2019
    New York, New York]

_____
[THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE]

6

**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                        :
In re                                   :        **Chapter 11**
                                        :
SEARS HOLDINGS CORPORATION, *et al.*,   :        **Case No. 18-23538 (RDD)**
                                        :
Debtors.[1]                             :        **(Jointly Administered)**
                                        :
---------------------------------------------------------------x

ORDER APPROVING PROCEDURES FOR
MODIFICATION OF THE AUTOMATIC STAY UNDER CERTAIN CIRCUMSTANCES

Upon the motion, dated February 14, 2019, (ECF No. [——]2594) (the "**Motion**")[2]

of Sears Holdings Corporation  and its debtor affiliates, as debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105 and

363 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 4001 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

9019 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i) establishing certain Stay Procedures (as defined below) with respect to movants seeking to modify the automatic stay and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and ~~the Court having held a hearing to consider the relief requested in the Motion on March 21, 2019 (the "**Hearing**"); and upon the record of the Hearing~~ no objection having been filed and the Debtors having submitted a certificate of no objection, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are further authorized to enter into Stay Stipulations with PI Claimants in accordance with the following procedures (the "**Stay Procedures**"):

      a.    Beginning on the date upon which the Court enters an order granting this Motion, and upon inquiry from a PI Claimant (an "**Inquiry**"), substantially in the form and manner attached hereto as **Exhibit 1**, the Debtors and their counsel will analyze the PI

2

Claimant's request to enter into a stipulation to modify the Automatic Stay to allow the PI Claimant to proceed with a Prepetition Action with the recovery limited to available insurance proceeds.  An Inquiry must be accompanied by: (i) the name and brief description of the Prepetition Action (including a copy of ~~any pleadings, photographs, interrogatory responses, and bills of particulars to the extent that these exist~~the complaint or other legal document which states the claim, if one exists and has not already been provided to the Debtors or their representative (the "**Claim Documents**")); (ii) the current status of the Prepetition Action; (iii) the amount of the claim asserted by the PI Claimant; (iv) any known applicable insurance policy of the Debtors and known status of such insurance coverage; and (v) any co-defendants or other parties named in the Prepetition Action and the nature of the claims asserted against these parties~~, and the nature of any cross-claims and/or third-party claims asserted between the co-defendants or other parties in the Prepetition Action~~.  The Debtors may, after consultation with the Creditors' Committee~~, in their~~ and reasonable business judgment, waive any of the foregoing requirements.  .

b.  If the Debtors agree, after consultation with the Creditors' Committee~~,~~ in their reasonable business judgment, that such PI Claimant may proceed with a Prepetition Action in a manner consistent with subparagraph (a) above, the Debtors will file with this Court, and serve upon:   (i) the Office of the U.S. Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the applicable insurance carrier, and their counsel of record, if any; and (iv) any relevant non-debtor party (collectively, the "**Automatic Stay Reviewing Parties**"), a stipulation, agreement, and order (collectively, the "**Stay Stipulation**") substantially in the form attached hereto as **Exhibit 2**.  Upon request, the Debtors shall serve the applicable insurance carrier, and their counsel of record, if any, with a copy of the Inquiry and any related Claim Documents.  The Stay Stipulation may provide that the PI Claimant must waive any and all rights of recovery against the Debtors and will limit all recovery solely to the extent of available insurance proceeds.  Certain non-debtor, non-insurer parties may also be required to waive any contractual, indemnification, contribution, or such other claims they may have against the Debtors in connection with the Prepetition Action and/or limit any recoveries on such claims to available insurance proceeds.

c.  The Automatic Stay Reviewing Parties will have seven (7) calendar days after ~~notice~~the filing of a Stay Stipulation to review such stipulation and notify (i) the Debtors, 3333 Beverly Road, Hoffman

3

Estates, IL 60179 (Attn.: Mohsin Y. Meghji) and (ii) counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York (Attn.: Ray C. Schrock, P.C., Jacqueline Marcus, Esq. Garrett A. Fail, Esq., Sunny Singh, Esq., and Jessica Liou Esq.) in writing, of any objection to the Stay Stipulation (the "**Stipulation Objection Deadline**"). If no objection is filed and served before the Stipulation Objection Deadline, the Stay Stipulation shall be deemed approved without further order of this Court.

d.  If an objection is filed by the Stipulation Objection Deadline and such objection cannot be resolved within five (5) business days after the Stipulation Objection Deadline, the Debtors shall schedule the objection to be heard at the next available hearing date that is at least seven (7) business days after notice of such hearing.

e.  If the Debtors receive and do not respond to an Inquiry within ~~thirty~~forty-five (45) calendar days, the PI Claimant may file a motion for relief from the Automatic Stay in the Bankruptcy Court. If a PI Claimant files a motion for relief from the Automatic Stay without first serving an Inquiry upon the Debtors and complying with the foregoing procedures, the Debtors will serve a copy of the entered order establishing the Stay Procedures and will advise the PI Claimant that its motion automatically is adjourned until the PI Claimant has complied with the Stay Procedures. The Debtors also are authorized to serve the order establishing the Stay Procedures to the court in which the Prepetition Action is pending.

3.      To the extent any PI Claimant has filed a properly noticed motion to lift the automatic stay pursuant to section 362 of the Bankruptcy Code, such motions shall be adjourned to the April 18, 2019 omnibus hearing.

4.      Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by PI Claimant/Movant against the Debtors or any of the other Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv)

4

constitutes a determination or admission that coverage exists with respect to PI Claimant/Movant's claims.

5.  To the extent applicable, the Automatic Stay is hereby modified to the extent necessary to permit any insurer from which coverage is sought pursuant to PI Claimant/Movant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business consistent with the terms of any applicable insurance policy, and without further order of this Bankruptcy Court.

6.  Nothing herein alters, amends or otherwise modifies the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

7.  ~~4.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

8.  ~~5.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
        White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

5

**<u>Exhibit 1</u>**

**Inquiry Form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                        :
In re                                   :          **Chapter 11**
                                        :
**SEARS HOLDINGS CORPORATION**, *et al.*, :          **Case No. 18-23538 (RDD)**
                                        :
          Debtors.[1]                   :          **(Jointly Administered)**
                                        :
-------------------------------------------------------------x

## PI CLAIMANT INQUIRY

Pursuant to the Order Approving Procedures for Modification of the Automatic Stay (the

"**Order**") [Doc. No. _____],[2] the below-referenced PI Claimant hereby submits an Inquiry:


1.  Name of PI Claimant: _____.


2. Title, Court and Case Number of Prepetition Action: _____

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Any capitalized terms used herein shall have the meaning given to them in the Order.

_____.


3. Brief Description of Prepetition Action (please attach a copy of the complaint or other legal

document~~, if one exists,~~ which states your claim, if one exists and has not already been provided

to the Debtors or their representative):

_____

_____

_____.


4. Current Status of Prepetition Action: _____

_____

_____.


5.  Amount of the claim asserted: _____.


6. ~~Any~~Name of any applicable insurer, number of any known applicable insurance policy, and/or

any applicable claim number (if none are known, state

"unknown"):_____

_____.


7. Any co-defendants or other parties in the Prepetition Action: _____

_____.


2

WEIL:\96925734\2\73217.0004

8. Nature of claims (including cross-claims and/or third-party claims) asserted against any co-

defendants or other parties listed in item 7, above: _____

_____

_____.


This inquiry must be submitted to:

Project.Blue.Auto.Stay@weil.com
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153




Dated: _____                          _____
                                                PI Claimant

WEIL:\96925734\2\73217.0004

**Exhibit 2**

**Form of Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re                                              :
                                                   :        **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,          :
                                                   :        **Case No. 18-23538 (RDD)**
                                                   :
        Debtors.[1]                                :        **(Jointly Administered)**
-----------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER
## GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among [●] (the "**Debtor[s]**"), and [●] ("**Movant**"). The Debtor[s] and Movant collectively are referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A.  WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtor[s]
and certain of [its]/[their] affiliates (collectively, the "**Chapter 11 Entities**") commenced
voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**")
in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy
Court**").  The Chapter 11 Entities are continuing to operate their business and manage their
properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy
Code.

B.  WHEREAS, on [●], Movant commenced an action that is pending in [●] (the
"**Prepetition Action**") against the Debtor[s].

C.  WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy
Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the
limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH
ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS
STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE
UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE
ORDERED THAT:**

1.      This Stipulation, Agreement, and Order shall have no force or effect unless and
until approved by order of the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, the Automatic Stay shall be modified to the extent
necessary to permit Movant to continue the Prepetition Action against the Debtor[s] solely to
[●]; provided, that all other provisions of the Automatic Stay, including, without limitation, those
provisions prohibiting the commencement or continuation of any other judicial proceeding
against the Debtor[s] or any of the other Chapter 11 Entities that was or could have been

WEIL:\96925734\2\73217.0004

commenced prior to the Commencement Date, and those provisions prohibiting the Movant from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.       Upon the Effective Date, the Motion shall be deemed withdrawn.

4.       Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtor[s] or of any related agreements; (ii) creates or permits a direct right of action by Movant against the Debtor[s] or any of the other Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to Movant's claims.

5.       As of the Effective Date, Movant agrees to waive any right to recovery related to the Prepetition Action against any party, whether or not currently named as a defendant in the Prepetition Action, except for any applicable insurer who may assert indemnification claims against the Chapter 11 Entities.

6.       All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation, Agreement, and Order.  Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY**

3

**AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

7.      Nothing contained herein shall be construed as a waiver by the Chapter 11 Entities or any other party in interest of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtor[s] or any of the other Chapter 11 Entities are a party that may be filed by Movant in the chapter 11 cases of the Chapter 11 Entities.

8.      To the extent applicable, the Automatic Stay is hereby modified to the extent necessary to permit any insurer from which coverage is sought pursuant to Movant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business consistent with the terms of any applicable insurance policy, and without further order of this Bankruptcy Court.

9.      Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

10.      8.    The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

11.      9.    This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

4

WEIL:\96925734\2\73217.0004

12.    ~~10.~~ The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

13.    ~~11.~~ This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14.    ~~12.~~ This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

15.    ~~13.~~ Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

16.    ~~14.~~ This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

WEIL:\96925734\2\73217.0004

17.    ~~15.~~ The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

[*Signature page follows*]

WEIL:\96925734\2\73217.0004

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been

executed and delivered as of the day and year first below written.

Dated:                                              Dated:

By:    _/s/_____       By:    _/s/_____

       Ray C. Schrock, P.C.
       Jacqueline Marcus                                  [●]
       Garrett A. Fail
       Sunny Singh                                 *Attorneys for Movant*
       Jessica Liou
       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, NY 10153
       Telephone:  (212) 310-8000
       Facsimile:  (212) 310-8007

       *Attorneys for Debtors*
       *and Debtors in Possession*

[Dated: _____, 2019
          New York, New York]

                              _____
                              [THE HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE]

7

| Summary report: Litéra® Change-Pro TDC 10.1.0.800 Document comparison done on 2/24/2019 3:29:22 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://WEILDMS/WEIL/96925734/1 | |
| **Modified DMS:** iw://WEILDMS/WEIL/96925734/2 | |
| **Changes:** | |
| Add | 41 |
| Delete | 22 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 63 |