| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | **HEARING DATE**<br>**March 21, 2019** |

------------------------------------------------------------------X

IN RE:

**SEARS HOLDING CORPORATION, INC, et al,**    Chapter 11

Case No. 18-23538 (rdd)

Debtors.[1]    (jointly administered)

------------------------------------------------------------------X

**NOTICE OF MOTION OF MAULDIN AT BUTLER, LLC FOR AN ORDER
PURSUANT TO 11 U.S.C. §503(a), 503 (b)(1)(A), and 507(a)(2),
FOR THE IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSES**

**PLEASE TAKE NOTICE**, that **MAULDIN AT BUTLER, LLC** ("Mauldin"), by and through its undersigned counsel Cuddy & Feder, LLP, will move this Court for the entry of an order *pursuant to 11 U.S.C. §503(a), 503 (b)(1)(A), and 507(a)(2), for the Immediate Payment of Administrative Expense in the total sum of $88,660.08* (the "Motion"). A hearing on the annexed Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, for the --Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart stores of Texas LLC (8915); MyGofer LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

"**Bankruptcy Court**"), on **March 21, 2019** at **10:00 a.m.** (**EST**), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "Objections") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **March 14, 2019 at 4:00 p.m**. (**Eastern Time**) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the relief requested in the Motion may be granted without a hearing.

Dated:  White Plains, New York
       February 26, 2019

                                    CUDDY & FEDER LLP
                                    Attorneys for Mauldin at Butler, LLC

                         By: */s/ Brendan Goodhouse*
                              Brendan Goodhouse
                              445 Hamilton Avenue, 14th Floor
                              White Plains, New York 10601
                              (914) 761-1300
                              bgoodhouse@cuddyfeder.com

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | HEARING DATE |
| SOUTHERN DISTRICT OF NEW YORK | March 21, 2019 |

-------------------------------------------------------------------X

IN RE:

**SEARS HOLDING CORPORATION, INC, et al,**        Chapter 11

        Debtors.        Case No. 18-23538 (rdd)
                          (jointly administered)

-------------------------------------------------------------------X

**APPLICATION OF MAULDIN AT BUTLER, LLC (STORE NO. 7274) FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

      Mauldin at Butler, LLC ("Mauldin"), by and through its attorneys Cuddy & Feder, LLP, hereby request, pursuant to 11 U.S.C. §503(a), 503 (b)(1)(A), and 507(a)(2), the immediate payment of administrative expenses in the total sum of $88,660.08 as more fully detailed herein.

**Background**

      1.)      On or about October 15, 2018 the Debtor, including Kmart Holding Corporation ("Kmart"), filed petitions for bankruptcy relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor has continued to operate it business and manage its properties as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

      2.)      Mauldin is the owner of the real property located at 129 West Butler Road, Mauldin, South Carolina (the "Property"). Mauldin is the successor landlord and Kmart is the tenant under a lease dated April 14, 1978, as amended most recently by the April 24, 2014 Ninth Amendment to Lease (collectively the "Lease"). The building located on the Property houses Kmart, the Debtor entity.

      3.)      The Lease has neither been assumed nor rejected.

4.) Under the terms of the Lease, Kmart is responsible for payment of its pro rata share of property taxes proportionate to the portion of the Property leased by Kmart.

5.) On or about November 30, 2018, Mauldin's property manager, Hughes Development, invoiced Kmart for its pro rata share of property taxes for the Property for the year ending December 31, 2018; a total of $88,660.08.

6.) Attached to the November 30, 2018 invoice (attached hereto as <u>Exhibit A</u>) was (1) the backup calculation showing the determination of Kmart's pro rata share of property taxes, (2) proof of payment demonstrating that Mauldin paid $93,678.63 to the Greenville County, South Carolina taxing authority on or about November 29, 2018, and (3) the Greenville County Tax Notice.

7.) Kmart has not made payment of its property tax obligation to Mauldin.

### Jurisdiction

8.) This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157 and §1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

### Standard of Review

9.) "Section 503(b)(1)(A) of the Bankruptcy Code grants administrative expense status to the actual, necessary costs and expenses of preserving the estate. The priority furthers the goal of rehabilitation by encouraging third parties to supply goods and services on credit to the estate." *In re Patient Educ. Media*, 221 B.R. 97 (Bankr. S.D.N.Y. 1998) (cleaned up).

10.) To be entitled to administrative priority, "the claimant must carry the burden of proving entitlement to an administrative claim by showing that the expense; (1) arises out of a transaction between creditor and bankruptcy estate; and (2) that the expense "was a 'necessary'

expense of the bankruptcy estate by showing the debt directly and substantially benefitted the estate." *Helen-May Holdings, LLC v. Geltzer (In re Kollel Mateh Efraim, LLC)*, 456 B.R. 185, 192 (S.D.N.Y. 2011) *see also In re Economy Lodging Sys., Inc.* 234 B.R. 691, 696 (B.A.P. 6th Cir. 1999)); *In re Enron Corp.*, 279 B.R. at 705.

11.) "An administrative claim arising from a debtor-in-possession's use of another entity's property is generally allowed in the amount of the benefit that accrued to the bankruptcy estate as a result of its use of the subject property". *In re Carbone's Deli, Inc.,* 2000 Bankr. LEXIS 1131 (Bankr. D. Conn. 2000).

**Argument**

12.) Kmart has continued to occupy its store at the Property as a debtor-in-possession since filing the chapter 11 petition, and the estate continues to benefit from Kmart's occupation of the Property.

13.) Per the Lease, Kmart is required to pay its pro rata share of property taxes. Mauldin's payment of those taxes was a direct benefit to Kmart and the estate. Despite due demand, Kmart has not reimbursed Mauldin in accordance with Kmart's Lease obligation. Mauldin is accordingly entitled to recover Kmart's share of the 2018 property tax payments as an administrative expense.

WHEREFORE, Mauldin respectfully requests the entry of an order directing Kmart to forthwith pay the sum of $88,660.08 to Mauldin as and for an expense of administration and granting such other and further relief as is just and proper.

Dated: White Plains, New York
February 26, 2019

                                                       CUDDY & FEDER LLP
                                                       Attorneys for Mauldin at Butler, LLC

                                     By: /s/ *Brendan Goodhouse*
                                                 Brendan Goodhouse
                                                 445 Hamilton Avenue, 14th Floor
                                                 White Plains, New York 10601
                                                 (914) 761-1300
                                                 bgoodhouse@cuddyfeder.com