WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                              :
                                                   :        Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                :
                                                   :        Case No. 18-23538 (RDD)
                                                   :
                    Debtors.¹                      :        (Jointly Administered)
                                                   :
------------------------------------------------------------x
```

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## STIPULATION, AGREEMENT, AND ORDER REGARDING
## PROPERTY AT 2300 MADISON STREET, CLARKSVILLE, TENNESSEE

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement, and Order**") is entered into by and among Kmart Corporation ("**Kmart**"), as debtor and debtor-in-possession in the above captioned chapter 11 cases, Troy Coolidge No. 7, LLC, a non-Debtor affiliate of Kmart ("**Troy Coolidge**"), and RP Clarksville Commons, LLC, ("**Purchaser**"). Kmart, Troy Coolidge, and Purchaser are collectively referred to in this Stipulation, Agreement, and Order as the "**Parties**" and each as a "**Party**." The Parties hereby stipulate and agree and follows:

### RECITALS

A.    Kmart and Clarksville II Associates ("**Clarksville II**") entered into a lease agreement, dated July 18, 1980 (together with any amendments, modifications, renewals and guaranties, the "**Lease**"), pursuant to which Clarksville II leased to Kmart a completed building and site improvements together with land, situated in Clarksville, Tennessee (together with any improvements, structures, fixtures and personal property, "**Parcel A**"). Troy Coolidge is successor in interest to Clarksville II under the Lease and the fee simple owner of Parcel A.

B.    Kmart and Clarksville Venture No. One ("**Clarksville Venture**") entered into a ground lease agreement, dated October 1, 1990 (together with any amendments, modifications, renewals and guaranties, the "**Ground Lease**"), pursuant to which Clarksville Venture leased to Kmart a certain parcel of land adjacent to Parcel A containing approximately half an acre, located at 2300 Madison Street, Clarksville, Tennessee (together with any improvements, "**Parcel B**" and, together with Parcel A, the "**Leased Premises**"). Daniel G. Kamin Clarksville Commons Enterprises (the "**Landlord**") is the successor in interest to Clarksville Venture. Kmart refers to the Leased Premises as "Store 7461."

C.    In April 2016, Kmart ceased operating a store at the Leased Premises. The Leased Premises have been vacant for more than two years and since such time Kmart has continued

to pay fixed annual rent in the amount of $38,021 payable in equal monthly installments of $3,168.42.

D. On May 23, 2018, Kmart, Troy Coolidge, and Rise Holdings, LLC ("**Original Purchaser**") entered into that certain Real Estate Sale Contract (the "**Initial Sale Contract**"), a copy of which is annexed hereto as **Exhibit A**, pursuant to which, among other things, the parties agreed that: (i) Kmart shall assign all of its rights, title and interests under the Ground Lease to Original Purchaser, in exchange for the Original Purchaser assuming and agreeing to perform all of Kmart's liabilities, obligations, and responsibilities under the Ground Lease; and (ii) Original Purchaser would pay Troy Coolidge $2.5 million in consideration for Troy Coolidge conveying its fee simple title to Parcel A. On October 26, 2018, the Original Purchaser assigned the Initial Sale Contract to the Purchaser and, in conjunction therewith, Purchaser assumed all of Original Purchaser's obligations thereunder.

E. Beginning on October 15, 2018 and continuing thereafter, Kmart and each of its debtor affiliates (collectively, the "**Debtors**") commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

F. On November 15, 2018, the Landlord executed the Landlord's Estoppel Certificate (the "**Estoppel Certificate**"), a copy of which is annexed hereto as **Exhibit B**, which, among other things, states that no default exists under the Lease and, if a default exists, the Landlord waives such default and agrees that Purchaser shall continue under the Lease without condition or payment of any past-due items.

G. The Parties have agreed, subject to approval by the Bankruptcy Court, to: (i) enter into an Amendment to Real Estate Sale Contract, a copy of which is annexed hereto as

**Exhibit C** (the "**Amendment**" and, together with the Initial Sale Contract, the "**Sale Contract**"); and (ii) consummate the transactions (the "**Transactions**") described in the Sale Contract, including, without limitation: (x) Purchaser's payment to Troy Coolidge of approximately $2.4 million for Parcel A; (y) Kmart's rejection of the Lease; and (z) Kmart's assumption and assignment of the Ground Lease to Purchaser, pursuant to that certain Assignment and Assumption of Ground Lease annexed hereto as **Exhibit D** (the "**Assignment Agreement**").

    H. Inasmuch as the Debtors have ceased operating at the Leased Premises and are currently paying rent for such property, the payments due under the Lease and the Ground Lease are unnecessary expenses and of no value to the Debtors and their estates. The Debtors believe that the consideration received for the Assignment is fair and the highest and best offer available for their interests in the Ground Lease. The Debtors, in an exercise of sound business judgement, believe that the Assignment of the Ground Lease to Purchaser, and the rejection of the Lease, as provided for under this Stipulation, Agreement, and Order, are in the best interests of the Debtors, their estates, and their creditors.

    I. In connection with the foregoing matter, the Parties have agreed, subject to approval by the Bankruptcy Court, to the terms set forth herein.

    **NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

## AGREEMENT

    1. This Stipulation, Agreement, and Order shall have no force or effect unless and until the date it is approved by the Bankruptcy Court (the "**Effective Date**").

    2. Upon the Effective Date, the Parties may proceed with the Transactions in accordance with the terms of the Sale Contract and this Stipulation, Agreement, and Order.

3. This Stipulation, Agreement, and Order constitutes the Debtors' notice of their intent to reject the Lease, and upon the Effective Date, the Lease shall be deemed rejected pursuant to Section 365 of the Bankruptcy Code. Troy Coolidge waives any claim for damages that it may have against the Debtors in connection with the Debtors' rejection of the Lease.

4. By no later than the Closing Date, as defined in the Amendment, Purchaser shall pay Troy Coolidge two million three hundred sixty-nine thousand two hundred and fifty dollars ($2,369,250) in cash, less any amount agreed upon between the Purchaser and Troy Coolidge solely on account of a recent theft at Parcel A.

5. Pursuant to the Assignment Agreement, Kmart shall assume the Ground Lease and assign all of its rights, title and interests thereunder to Purchaser (the "**Assignment**"), in exchange for (a) Purchaser's payment of one hundred thirty thousand seven hundred fifty dollars ($130,750) (the "**Assignment Fee**") and (b) Purchaser assuming and agreeing to perform all of Kmart's liabilities, obligations, and responsibilities under the Ground Lease, in accordance with the terms and conditions set forth in the Assignment Agreement. By no later than the Closing Date, as defined in the Amendment, Purchaser shall remit to Kmart the Assignment Fee in cash.

6. Upon the Effective Date, Kmart is authorized to assume and assign the Ground Lease to Purchaser pursuant to sections 365(a) and 365(f) of the Bankruptcy Code, Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York.

7. As of the Effective Date, the Ground Lease, including all of Kmart's rights, title, interest, benefits, privileges, obligations, liabilities, claims and demands in, to and under the Ground Lease, shall be deemed assigned to Purchaser, its successors and assigns, pursuant to the Assignment Agreement, and the Ground Lease shall remain in full force and effect for the benefit of Purchaser. Purchaser shall assume and agree to accept such assignment and to assume the liabilities and obligations of Kmart under the Ground Lease.

8. Consistent with the Estoppel Certificate, as of the Effective Date, Kmart shall not be required to cure any defaults under the Ground Lease pursuant to section 365(b)(1) of the Bankruptcy Code, provide any adequate assurance of future performance by Purchaser pursuant to section 365(f)(2) of the Bankruptcy Code, or satisfy any liabilities under the Ground Lease after the Effective Date pursuant to section 365(k) of the Bankruptcy Code.

9. Upon the Effective Date, Purchaser shall accept the Leased Premises in "as-is," "where is," and "with all faults" condition. Kmart has not made any express or implied, verbal or written, representations, warranties or statements to Purchaser, with respect to any matter whatsoever, except as expressly set forth in the Assignment Agreement.

10. Subject to compliance with the terms of this Stipulation, Agreement, and Order, as of the Effective Date, the Parties are authorized and directed to execute and deliver the Assignment Agreement, all other instruments and documents, and take all other actions as may be necessary or appropriate to execute, implement, consummate and effectuate the Assignment.

11. Each person who executes this Stipulation, Agreement, and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation, Agreement, and Order on behalf of such Party.

12. This Stipulation, Agreement, and Order contains the entire agreement among the Parties and supersedes all prior discussions, agreements, and undertakings between the Parties relating to the subject matter hereof.

13. This Stipulation, Agreement, and Order shall be filed and become part of the record in the Debtors' chapter 11 cases.

14. This Stipulation, Agreement, and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

15. This Stipulation, Agreement, and Order shall not be modified, altered, amended or vacated without the written consent of all parties hereto or by further order of the Bankruptcy Court.

16. Notwithstanding the applicability of Bankruptcy Rule 6006(d), the terms and provisions of this Stipulation, Agreement, and Order shall be immediately effective and enforceable upon the Effective Date.

17. This Stipulation, Agreement, and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

| | |
|---|---|
| Dated: February 19, 2019 | Dated: February 19, 2019 |
| /s/ Jacqueline Marcus | /s/ Jeffrey Maddux |
| Jacqueline Marcus | Jeffrey Maddux |
| WEIL GOTSHAL & MANGES LLP | CHAMBLISS, BAHNER & STOPHEL, P.C. |
| 767 Fifth Avenue | Liberty Tower |
| New York, New York 10153 | 605 Chestnut Street, Suite 1700 |
| (212) 310-8000 | Chattanooga, TN 37450 |
| | (423) 757-0296 |
| *Attorneys for Troy Coolidge No. 7 and Debtors and Debtors in Possession* | *Attorneys for Purchaser* |

SO ORDERED this 27th day of February 2019, there being no objections, after due notice, to the Debtors' motion for approval hereof.

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE