Law Offices of
William W. Green & Associates
Michael P. O'Sullivan, Esq. - S/B 171952
3419 Via Lido, #607
Newport Beach, California 92663-3908
Tel: (714) 282-9000
Fax: (714) 282-9067

Attorney for Plaintiff
RONALD JONES

RECEIVED
FEB 25 2019
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, et al.,<br><br>Debtors. | CASE NO. 18-23538 (RDD)<br><br>Chapter 11<br><br>NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC STAY TO ALLOW CREDITOR, RONALD JONES TO PROCEED WITH PERSONAL INJURY CLAIMS |

<u>**MOTION FOR RELIEF FROM AUTOMATIC STAY TO ALLOW CREDITOR**</u>

<u>**RONALD JONES TO PROCEED WITH PERSONAL INJURY CLAIMS**</u>

**I.**

<u>**INTRODUCTION**</u>

Pursuant to Section 362(d) of the Bankruptcy Code, and Rule 4001 of the Federal Rules of Bankruptcy Procedure, RONALD JONES ("Movant") through his undersigned counsel, hereby moves the Court for entry of an order terminating and providing relief from the automatic stay imposed under Section 362(a) of the Bankruptcy Code, to allow RONALD JONES to resume and pursue a certain state court litigation matter that was pending before the Petition Date, namely KMART CORPORATION (SEARS HOLDINGS CORPORATION), et al., currently pending in the Superior Court of the State of California for the County of Los Angeles, Case Number 18STLC09773. In support of his Motion, the Movant respectfully states as follows:

*Motion for Relief from Automatic Stay*     Page 1

## II.

## JURISDICTION

1. Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction over this matter, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## III.

## BRIEF FACTUAL BACKGROUND

2. KMART CORPORATION and SEARS HOLDINGS CORPORATION or the "Debtor" is a New York corporation.

3. KMART CORPORATION and SEARS HOLDING CORPORATION filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on or about October 15, 2018 (the "Petition Date").

4. The Movant received written notice of the Petition on October 17, 2018 from Brian P. Suba, Esq., who is counsel for KMART CORPORATION in the State Court Litigation.

## IV.

## THE PARTIES

5. RONALD JONES is a plaintiff in the California state court litigation, in Los Angeles County, Case No. 18STLC09773.

6. KMART CORPORATION is defendants in the State Court Litigation.

## V.

## THE STATE COURT LAWSUIT

7. The Movant initiated the State Court Litigation by filing a complaint in the State of California, County of Los Angeles Superior Court, on July 20, 2018.

8. In the Complaint, the Movant asserted two claims against KMART CORPORATION (a) Premises Liability and (b) General Negligence. RONALD JONES alleged that, while he was customer at KMART CORPORATION he was riding defendant's wheelchair cart, attempted to turn around when his right arm got pinned between a wall and a crate due to clutter aisle,. He alleged that the clutter aisle posed a hazardous condition to the general public and invitees, and that the hazardous condition had not been fixed by KMART CORPORATION's employees in a timely

1  fashion. As a result of the incident, RONALD JONES alleged that he sustained some bleeding and
2  some pain to his right arm.
3      9.    In October 2016, the Movant discovered that KMART CORPORATION maintains
4  applicable liability insurance coverage which appears to have been in effect on the date when the
5  Movant was injured on KMART CORPORATION's premises. This coverage is provided by
6  Sedgwick with claim number L1608085173-0001.
7      10.   A Trial is currently scheduled for January 17, 2020 at 8:30 a.m. in Department "94".

## VI.

## LEGAL ARGUMENT

Section 362(d)(1) of the Bankruptcy Code provides in relevant part: "On request of a third party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause[.]" 11 U.S.C. § 362(d)(1). Courts have granted relief from the stay for cause under this provision when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial. See, e.g., In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990) (stating that "[w]here a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial"); In re Kemble, 776 F.2d 802, 807 (9th Cir. 1985) (affirming an order lifting the stay to permit a creditor to pursue a conversion and fraudulent conveyance action pending in the federal district court following a remand of the case by the appellant court for a retrial on the damages issue).

Courts have held that cause exists to lift the stay, and that "debtors-defendants will suffer little prejudice when they are used by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." In re Fernstrom Storage and Van Co., 938 F.2d 731 (7th Cir. 1991); see also in re Borbridge, 81 B.R. 332 (E.D. Pa. 1988) (nothing that "[t] the easiest ground for determining that 'cause' exists in favor of an unsecured creditor is when the creditor seeks to recover from nonestate property, such as an

insurance or indemnity agreement").

## A. THE TWELVE FACTORS FOR LIFTING A STAY

Courts have identified twelve nonexclusive factors a bankruptcy court should weigh in determining whether the stay should be lifted to allow a creditor to continue pending litigation in a non-bankruptcy forum. The relevant factors applicable to this Motion are:

.....

5.  Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

.....

7.  Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

.....

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

The fifth factor is particularly relevant because the Movant is seeking to recovery insurance proceeds. It appears that the Debtor's insurance carrier has already assumed financial responsibility for defending the State Court Litigation. The Debtor's estate would incur little or no expense to proceed with the State Court Litigation.

The seventh factor is also favorable to lifting the stay because doing so would not prejudice the interests of other creditors or interested parties. Allowing the State Court Litigation to move forward to its conclusion will likely resolve the Movant's claim to the Debtor's estate, either by settlement or by reducing said claims to judgment, possibly eliminating the need to enforce the claims in bankruptcy if the insurance carrier pays the claims. Continuing the automatic stay, however, will result in a duplication of effort and a waste of judicial resources as the Movant's claims would have to be adjudicated to a final resolution and liquidated in bankruptcy court.

Under the tenth factor, the State Court Litigation is substantially underway. A Trial is set for January 17, 2020. State common law concepts of negligence are at play. Judicial economy and efficiency weigh in favor of allowing the action to proceed.

## VII.

## CONCLUSION

For the forgoing reasons, the Movant respectfully requests entry of an order granting this Motion, providing the Movant relief from the automatic stay to pursue the State Court Litigation, and to obtain such other and further relief as may be just and proper to allow the Movant to pursue his personal injury claims against the Debtor's insurance proceeds.

DATED: February 19, 2019

LAW OFFICES OF
WILLIAM W. GREEN & ASSOCIATES

By: _____
Michael P. O'Sullivan,
Attorney for Creditor
RONALD JONES

# PROOF OF SERVICE BY MAIL
(CCP §§1013(a) and 2015.5)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee or agent for **The Law Offices of William W. Green & Associates**, whose business mailing address is; **3419 Via Lido #607, Newport Beach, California 92663-3908.**

On **August** \ᴀ , 2018, I caused the foregoing document(s) described as: **"FORM INTERROGATORIES"** to be served on each interested party, addressed as follows:

Grant D. Waterkotte, Esq.
Brian P. Suba, Esq.
Pettit Kohn Ingrassia Lutz & Dolin, PC
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Tel: (310) 649-5772
Fax: (310) 649-5777
e-mail: gwaterkotte@pettitkohn.com ; bsuba@pettikohn.com

Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
**Attorneys for Debtors and Debtors in Possession**

    **X** (VIA MAIL) I caused a true copy of each document, placed in a sealed envelope with postage fully paid, to be placed in the United States mail at Santa Ana, California. I am "readily familiar" with this firm's business practice for collection and processing of mail, that in the ordinary course of business said document(s) would be deposited with the U.S.Postal Service on that same day. I understand that the service shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

    ____(VIA PERSONAL SERVICE) I personally delivered such envelope/document by hand to the addressee.

    ____(VIA FACSIMILE) I caused the within document(s) to be transmitted to telephonic facsimile to the addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **February** \ᴀ , 2019, at Anaheim Hills, California.

_____
Stephanie Ri, Declarant

1