UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al.,: | Case No. 18-23538 |
| : | |
| Debtors.          : | (Jointly Administered) |

--------------------------------------------------------x

ANTONIO D. ROBERTS,

                Plaintiff,

v.

SEARS HOLDINGS CORPORATION, et al.,

                Defendant.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Movant, Antonio D. Roberts, a creditor herein, by his attorney, Luvell L. Glanton, Esq., who represent to this Court and alleges:

1.     The Debtors filed a petition under Chapter 11 of the United States Bankruptcy Code on October 15, 2018.

2.     On July 20, 2018, Antonio D. Roberts was traveling on Jordan Ridge Drive in Davidson County, Nashville, Tennessee when suddenly and without warning Michael Cochran, a Sears Employee who while in the course and scope of his employment backed his vehicle out of a car port and struck the front drivers side of Mr. Roberts vehicle. Mr. Cochran was cited for failure to yield the right of way.   Fault is not of issue. A true and accurate copy of correspondence from the Debtors' liability insurance company regarding the claim is attached hereto as **Exhibit A**.

3.      The Debtors filing for bankruptcy relief has created an automatic stay preventing

the Creditor, Antonio D. Roberts from filing a state court proceeding or from resuming

settlement discussions with the Debtor's liability insurer.

4.      In *In re Sonnax Indus., Inc*. 907 1280 (2d Cir Vt. 1990), the Second Circuit

adopted twelve factors "to be weighed in deciding whether the litigation should be permitted to

continue" in a forum other than the bankruptcy court. *Id*. at 1286. The twelve factors are: "(1)

whether relief would result in partial or complete issue resolution; (2) lack of connection with or

interference with bankruptcy case; (3) whether other proceeding involves debtor as fiduciary; (4)

whether specialized tribunal with necessary expertise has been established to hear cause of

action; (5) whether debtor's insurer has assumed full defense responsibility; (6) whether the

action primarily involves third parties; (7) whether litigation in another forum would prejudice

interests of other creditors; (8) whether judgment claim arising from other action is subject to

equitable subordination; (9) whether movant's success in other proceeding would result in a

judicial lien avoidable by debtor; (10) interests of judicial economy and expeditious and

economical resolution of litigation; (11) whether parties are ready for trial in other proceeding;

(12) impact of stay on parties and balance of harms."

5.      Pursuant to the Debtor's bankruptcy filing and imposition of the automatic Stay,

Plaintiff is requesting relief from the automatic stay, which is justified on the following *Sonnax*

factors:

A.      First, Plaintiff is claim is only seeking proceeds from the Defendant Sears

        Holding Corporation's insurance policies that cover its employees who act

        negligently during the course and scope of their employment. Plaintiff is willing

        to enter into a stipulation and/or agreement that he will only pursue the proceeds

on any applicable policy of insurance/self insured funds, without pursing the Debtor's other assets;

B.    The impact of the continuation of the stay upon creditor, Antonio D. Roberts would be significant. Mr. Roberts sustained injuries and medical expenses as result of the collision that occurred on July 20, 2018. Without relief from the automatic stay Mr. Roberts is left without a remedy.

C.    When an insurer is liable for the debtor's torts, this liability is personal within the meaning of section 11 U.S.C. 524(a)(2) only to the extent necessary to sustain recovery against the insurer. The debtor in this case Sears and its property are not prejudiced by exposure to the liability claim because the debtor and its property are not subject to any risk and maintenance of the suit does not frustrate the policy of the bankruptcy code. That means that the tort victim cannot seek to go after anything that is considered estate property, but they are free to go after third party relief.

D.    Creditor, Antonio D. Roberts is seeking to pursue liability ONLY to the extent Debtor/Defendant Sears Holding Corporation's insurance would be financially responsible to pay the judgment.  This is the only way the Antonio D. Robert can proceed in order to determine liability and seek any claims against the insurer, since under Tennessee law the Plaintiff cannot sue the insurer directly.

5.    That the foregoing constitutes cause to terminate the automatic stay under Section 362(d) of the United States Bankruptcy Code.

WHEREFORE, it is respectfully requested that this Court grant Creditor's motion for relief from the stay as to Creditor, Antonio D. Roberts, and for such other and further relief as this Court deems just and proper.

Dated: February 28, 2019.

Respectfully submitted,

LAW OFFICES OF
LUVELL GLANTON, PLLC

/s Luvell L. Glanton
Luvell L. Glanton, TN BPR No. 14172
915 Jefferson Street, 2nd Floor
Nashville, Tennessee 37208
(615) 244-4511 telephone
(615) 244-7226 facsimile
E-service address: glantonfirm@gmail.com
ATTORNEY FOR CREDITOR ANTONIO D. ROBERTS