Hearing Date and Time: March 21, 2019 10:00 AM (Eastern Time)
Objection Date and Time:  March 14, 2019 4:00 PM (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Jared R. Friedmann
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                        :
**In re**                               :        **Chapter 11**
                                        :
**SEARS HOLDINGS CORPORATION,** *et al.*,    :        **Case No. 18-23538 (RDD)**
                                        :
          **Debtors.** [1]              :        **(Jointly Administered)**
                                        :
-------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## NOTICE OF HEARING ON
## MOTION OF DEBTORS TO COMPEL TURNOVER OF ESTATE PROPERTY

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**"),
of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the
above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order compelling
turnover of estate funds, pursuant to sections 541 and 542 of chapter 11 of title 11 of the United
States Code, and section 157 of chapter 6 of title 28 of the United States Code, and section 1334
of chapter 85 of title 28 of the United States Code, 28 U.S.C. §§ 157 and 1334, as more fully set
forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy
Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom
118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on
**March 21, 2019 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel
may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the
"**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the
Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy
Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order
M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on
a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered
directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and
General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended
Order Implementing Certain Notice and Case Management Procedures*, entered on November 1,
2018 (ECF No. 405), so as to be filed and received no later than **March 14, 2019 at 4:00 p.m.
(Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: February 28, 2019
New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Jared R. Friedmann
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

Hearing Date and Time: March 21, 2019 10:00 AM (Eastern Time)
Objection Date and Time:  March 14, 2019 4:00 PM (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Jared R. Friedmann
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION, *et al.*,** | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.[1]** | : | **(Jointly Administered)** |
| | : | |
| | : | |

-------------------------------------------------------------x

<u>**MOTION OF DEBTORS TO COMPEL TURNOVER OF ESTATE PROPERTY**</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and certain of its affiliates (including Sears, Roebuck & Co. as the "developer" under the Economic Development Area and Tax Increment Allocation Act, 20 ILCS § 620/1 (the "**Sears EDA Act**" or the "**Act**")), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "**Sears**" or the "**Debtors**"), respectfully represent as follows in support of this motion to compel turnover of estate property (the "**Motion**"):

<u>**PRELIMINARY STATEMENT**</u>

1.      Debtors seek an order from this Court compelling turnover of more than $9.6 million in estate funds currently held by the Village of Hoffman Estates (the "**Village**") in a special tax allocation fund (the "**Special Tax Allocation Fund**" and the funds therein, the "**EDA Funds**"), maintained under the Sears EDA Act.

2.      The Sears EDA Act provides, among other things, for the payment to holders of notes issued under the Act for the reimbursement of approved EDA costs related to the relocation of Sears's headquarters to the Village, where it is currently located. The Act includes a requirement that Sears "create or retain not less than 4,250 full-time equivalent jobs" in order to receive its full subsidy. 20 ILCS § 620/4. Sears maintained the requisite number of full-time equivalent jobs throughout 2017, and certified the same to the Village, as it had done in previous years.

3.      The Village historically disburses these funds in late December or early January. But the Village still is holding the EDA Funds due to the Debtors for 2017 in the Special Tax Allocation Fund, which should have been disbursed in December 2018 or January 2019, in part based on a meritless litigation filed by Community Unit School District 300 (the "**School District**") on the eve of the Debtors' chapter 11 filing. The Village advised Debtors

2

that it will, however, turn over Sears's 2017 EDA Funds to Debtors pursuant to an order from a court compelling it to do so.

4.      On November 12, 2018, the School District filed in this Court its *Motion of Community Unit School District 300 for Relief From the Automatic Stay or, in the Alternative, for Abstention* (ECF No. 652), pursuant to which it sought the entry of an order granting relief from the automatic stay to permit the School District to continue the prosecution of its claims in Illinois state court (the "**Lift Stay Motion**").  Debtors opposed, noting, *inter alia*, that the School District could not succeed on the merits of its state court claim.  *See* Debtors' Objection to the Lift Stay Motion (ECF No. 1280).  The Lift Stay Motion is scheduled to be heard at the March 21 omnibus hearing.

5.      For the reasons that follow, the Court should issue an order to the Village compelling turnover to Debtors of the 2017 EDA Funds that remain held in the Special Tax Allocation Fund, pursuant to 11 U.S.C. § 542(a).

## CASE BACKGROUND

6.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

3

8.      The Debtors' chapter 11 cases are being jointly administered for

procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**").

## MOTION BACKROUND

9.      The Sears EDA Act was originally passed in 1989 to incentivize Sears to

relocate its headquarters from downtown Chicago to undeveloped prairie farmland in the

Village, where it is currently located.  Pursuant to the Act, the Village and Sears entered into an

Economic Development Agreement, under which Sears received subsidies to reimburse it for

certain costs related to the building of its corporate campus in the Village and providing certain

infrastructure improvements to the Economic Development Area ("**EDA**") in connection

therewith.  *See* Decl. of Jessie Mishkin, dated Feb. 28, 2019 ("Mishkin Decl."), Ex. 1, at 13-130

(1990 Economic Development Agreement).  As intended, Sears's move to the Village spurred

significant development around the Sears headquarters campus.  Pursuant to a 2012 amendment

to extend the Act (the "2012 Amendment"), Sears remains eligible to receive annual subsidy

payments from the Village provided it meets certain criteria.

10.     Specifically, under the 2012 Amendment, in order to receive the EDA

Funds for any particular year, the Act requires that Sears, as the "developer" of the EDA, "create

or retain not less than 4,250 full-time equivalent jobs." 20 ILCS § 620/4.  The original EDA Act

had required creation and maintenance of 2,000 such jobs.  *See* Ill. Pub. Act 097-0636.  The 2012

Amendment also added a "recapture" provision providing for forfeiture of EDA Funds by Sears

if the number of full-time equivalent jobs drops below the required threshold of 4,250, prorated

to cover the period during which the number of full-time equivalent jobs remained below the

threshold.  *See id.*; *see also* 20 ILCS § 620/4.5.

4

11.     The EDA Act does not define the term "full-time equivalent jobs," but the

term is defined elsewhere in the same Chapter of the Illinois Compiled Statutes as "a job in

which the [ ] employee works for the recipient [of the subsidy] or for a corporation under

contract to the recipient at a rate of at least 35 hours per week." 20 ILCS § 655/3. The Act also

does not set geographic limitations for the full-time equivalent jobs required to be created or

maintained. The recapture provision likewise is silent as to any geographic requirements for the

4,250 jobs. *See* 20 ILCS § 620/4.5. When reporting on its monthly compliance with the EDA

Act, Sears counts all workers employed at its Hoffman Estates campus for 35 hours or more per

week by Sears, contractors, and tenant companies.

12.     In the ordinary course, EDA Funds for a particular tax year are paid at the

end of the following calendar year, after all taxes have been collected for the year at issue. As an

example, the Village disbursed Sears's EDA Funds for the 2016 tax year at the end of the 2017

calendar year, following Sears providing a certification of compliance with the jobs requirement

for 2016 as well as the collection of the 2016 property taxes, which is completed during the 2017

calendar year. After the taxes are collected, but until the Village disburses subsidy payments to

Sears, the EDA Funds are held in the Village's Special Tax Allocation Fund. A portion of the

EDA Funds are distributed to Sears, while the remaining the EDA Funds are distributed to

various taxing districts within the State of Illinois.

13.     Before receiving its disbursement of EDA Funds from the Special Tax

Allocation Fund for a given year, Sears submits to the Village a certification of compliance with

the Act's jobs requirement for that year.

14.     During the 2017 calendar year, the number of qualifying full-time

equivalent jobs created or maintained by Sears never fell below 4,250. *See* Decl. of Mohsin

5

Meghji, dated Feb. 28, 2019 ("Meghji Decl.") ¶¶ 6-7.  The number of full-time equivalent jobs

within the economic development program area at the end of each month during the 2017

calendar year was:

| Month | EDA Credit-Qualifying Jobs |
|---|---|
| January 2017 | 5,868 |
| February 2017 | 5,547 |
| March 2017 | 5,511 |
| April 2017 | 5,485 |
| May 2017 | 5,369 |
| June 2017 | 5,312 |
| July 2017 | 5,147 |
| August 2017 | 4,730 |
| September 2017 | 4,733 |
| October 2017 | 4,698 |
| November 2017 | 4,445 |
| December 2017 | 4,435 |

*Id.* ¶ 6; *see also id.* Exs. 1-14.

15.    On November 27, 2017, Sears certified to the Village that "as of the date

of this letter, over 4,250 jobs exist at the Sears Holdings' campus in Hoffman Estates," and that

"at no time in 2017 did the number of jobs dip below the requisite 4250 jobs."  *Id.* Ex. 15 (Nov.

27, 2017 Letter).

16.    The anticipated filing of the Debtors' bankruptcy cases was not a well-

kept secret as negotiations between Sears and potential debtor-in-possession lenders leading up

to the Commencement Date were reported in real-time by various news outlets.

17.    Just days before the Commencement Date, on October 10, 2018, the

School District brought a lawsuit against the Village and Sears in Cook County Circuit Court in

Case No. 2018 CH 12683 (the "**Illinois Action**").  On October 17, 2018, the court in the Illinois

Action entered a Continuance Pending Bankruptcy, following the filing of a Notice of

Bankruptcy and imposition of the automatic stay.  The Illinois Action has since been continued, most recently to March 8, 2019.

18.      In the Illinois Action, the School District incorrectly alleges that Sears failed to comply with the Act's jobs requirement in 2017.  As its only evidence of this purported non-compliance, the School District points to a December 15, 2017 settlement between Sears and the Illinois Department of Commerce concerning the Economic Development for a Growing Economy Tax Credit Act (the "EDGE Act"), 35 ILCS §§ 10/5-1 et seq.—an entirely separate tax-incentive statute with its own distinct employment requirements—in which Sears acknowledged only that the number of full-time *EDGE-qualifying employees* fell below 4,250 in 2017.  *See* Mishkin Decl., Ex. 1, at 1-11 (Illinois Action Complaint); *id.* at 136-139 (EDGE Settlement Agreement).

19.      In sum, the sole basis for the School District's claim is its conflation of what constitutes qualifying employees under the EDGE Agreement, which specifically requires Sears itself to employ 4,250 full-time employees at its corporate headquarters, with what constitutes qualifying employees under the EDA Act, which includes employees of tenant companies and contractors *in addition to* Sears's EDGE-qualifying employees.

20.      As part of discussions among counsel for the Debtors, the Village, and the School District, the Village advised Sears that given the Illinois Action and the Lift Stay Motion, it would not at that time distribute any of the EDA Funds for the 2017 calendar year.  The Village indicated that it would distribute the EDA Funds pursuant to either a stipulation among the parties (i.e., the School District, the Debtors, and the Village) or pursuant to a court order directing it to make the distribution.

7

21.    The Village has never taken the position that Sears failed to comply with the Act's jobs requirement in 2017 or that Sears is not entitled to its portion of the EDA Funds currently residing in the Special Tax Allocation Fund.

22.    On December 31, 2018, the Village, Debtors, and the School District stipulated that the Village could distribute the EDA Funds for the 2017 calendar year to all of the *non-Sears recipients*, including to the School District. *See* ECF No. 1453 (the "**Stipulation**"). As part of the Stipulation, Debtors agreed not to hold the Village liable for distributing EDA Funds to all of the other recipients while continuing to withhold the EDA Funds belonging to Sears, but Debtors expressly reserved the right to petition this Court to compel the Village to distribute Sears's portion at any time. *Id.*

23.    At the Village's request, on January 2, 2019, Sears submitted a letter to the Village again certifying that Sears was in compliance with the jobs requirement of the Sears EDA Act for all of 2017, and that at no time during 2017 did the number of jobs drop below 4,250 jobs. *See* Meghji Decl., Ex. 16 (Jan. 2, 2019 Letter).

24.    To date, the Village has not yet disbursed Sears's portion of EDA Funds for 2017 that resides in the Special Tax Allocation Fund.

## RELIEF REQUESTED

25.    By this Motion, the Debtors request that the Court issue an order to the Village compelling turnover to Debtors of the 2017 EDA Funds that remain held in the Special Tax Allocation Fund, pursuant to 11 U.S.C. § 542(a).[2]

---

[2] Given the straightforward nature of the issues raised and the factual basis for relief, the Debtors have styled this Motion as a motion for turnover of property pursuant to 11 U.S.C. §§ 541 and 542. Should the Court deem it necessary, the Debtors are prepared to file an adversary proceeding to recover money or property, pursuant to Fed. R. Bankr. Proc. 7001(1), seeking the same relief.

## ARGUMENT

**I.    This Court Has the Authority to Compel the Village to Turn Over EDA Funds Belonging to Debtors**

26.    Section 541 of the Bankruptcy Code defines "property of the estate" broadly, including all "interests of the debtor in property" "wherever located and by whomever held."  11 U.S.C. § 541(a).  The Bankruptcy Code provides various tools to marshal the assets of an estate for the benefit of the estate's creditors.  One such tool is turnover, pursuant to 11 U.S.C. § 542.  *See Geron v. Peebler (In re Pali Holdings, Inc.)*, 488 B.R. 841, 851 (Bankr. S.D.N.Y. 2013).  "A turnover action's essence is in bringing the estate's property into its custody" by invoking "the court's most basic equitable powers to gather and manage property of the estate." *Id.*

27.    Section 542(a) provides that an entity in possession, custody, or control of estate property "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."[3]  The party seeking turnover of estate property must therefore show: "(1) the property is in the possession, custody or control of another entity; (2) the property can be used in accordance with the provisions of [11 U.S.C. §] 363; and (3) the property has more than inconsequential value to the debtor's estate." *Kramer v. Mahia (In re Khan)*, No. 10-46901-ESS, 2014 WL 10474969, at *26 (E.D.N.Y. Dec. 24, 2014) (quoting *Zazzali v. Minert (In re DBSI, Inc.),* 468 B.R. 663, 669 (Bankr. D. Del. 2011)).

---

[3] Similarly, Section 542(b) provides that an entity that "owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee" unless the debt is owed by a creditor and subject to offset.

28.     The Court has jurisdiction over turnover of estate property pursuant to 28 U.S.C. §§ 157 and 1334; this is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and 28 U.S.C. § 157(b)(2)(E) (orders to turn over property of the estate).[4]  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.     The EDA Funds Are Estate Property Subject to Turnover

29.     Debtors satisfy all three requirements for turnover pursuant to § 542.  No party disputes that the Sears's portion of the EDA Funds remains in the possession and control of the Village, nor can any party reasonably argue that more than $9.6 million in EDA Funds has inconsequential value to the estate.  As the Court is well aware, turnover of such an amount would be highly consequential for Debtors.  The facts also show that the EDA Funds are undeniably estate property, which may be used in accordance with § 363.  *See supra* ¶¶ 9-15.

30.     The Village has never challenged Debtors' property interest or disputed the facts above.  The Village's concern that if it complies with the EDA Act by distributing to Sears the portion of the EDA Funds for the 2017 calendar year that indisputably belong to it, it may face liability from the School District as a result of the meritless Illinois Action, does not make those funds "disputed" under § 542.  *See LaMonica v. CEVA Grp. PLC (In re CIL Ltd.)*, 582 B.R. 46, 118 (Bankr. S.D.N.Y. 2018) (denying motion to dismiss § 542 turnover claim, where party seeking turnover offered facts showing its interest in cash proceeds of equity sales that it had given to another party to hold, despite the opposing party's repeated insistence that

---

[4] "After *Stern* [*v. Marshall*, 564 U.S. 462], it now is clear that whether a matter is 'core' as a statutory matter is not dispositive of the bankruptcy judge's power, as a constitutional matter, to issue a final judgment in it.  But the reported post-*Stern* decisions have overwhelmingly held that bankruptcy judges can constitutionally enter final judgments in turnover actions."  *In re Pali Holdings*, 488 B.R. at 849–50

title to the cash proceeds was in dispute), *amended on reconsideration on other grounds*, No. 13-11272-JLG, 2018 WL 3031094 (Bankr. S.D.N.Y. June 15, 2018).

31.     Nor has the Village ever asserted that Sears did not meet the employment requirements of the EDA Act for the 2017 calendar year, or taken the position that Sears is not entitled to receive its portion of the 2017 EDA Funds which is currently being held by the Village in its Special Tax Allocation Fund.

32.     Accordingly, Debtors respectfully request that the Court order the Village to turn over this estate property immediately.

## CONCLUSION

33.     For the foregoing reasons, Debtors respectfully request that the Court issue an order compelling the Village to turn over Sears's portion of the EDA Funds for the 2017 calendar year to the Debtors' estate, pursuant to 11 U.S.C. § 542(a).

## NOTICE

34.     Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"). Notice has been provided to both the Village and the School District.  The Debtors respectfully submit that no further notice is required.

35.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

11

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated:  February 28, 2019
      New York, New York

<div style="margin-left:40%">

*/s/ Sunny Singh*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Jared R. Friedmann
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

</div>

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                :
In re                                           :          Chapter 11
                                                :
SEARS HOLDINGS CORPORATION, *et al.*,           :          Case No. 18-23538 (RDD)
                                                :
            Debtors.[1]                         :          (Jointly Administered)
                                                :
-------------------------------------------------------------------x

## ORDER COMPELLING TURNOVER OF ESTATE PROPERTY

Upon the motion, dated [____] (ECF No. [____]) (the "**Motion**")[2] of Sears Holdings

Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "**Debtors**"), for entry of an order compelling turnover of estate

funds, pursuant to sections 541 and 542 of chapter 11 of title 11 of the United States Code (the

"**Bankruptcy Code**"); and the Court having jurisdiction to decide the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on _____, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      Pursuant to sections 541 and 542 of the Bankruptcy Code, the Village of Hoffman Estates is hereby ordered and directed to turn over to the Debtors the EDA Funds due to Sears for the year 2017 currently being held in the Village's Special Tax Allocation Fund within 2 business days.

3.      The Debtors and the Village of Hoffman Estates are each authorized to take all actions necessary to effectuate the relief granted in this Order.

2

4.       The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated: _____, 2019
         White Plains, New York

                                         _____
                                         THE HONORABLE ROBERT D. DRAIN
                                         UNITED STATES BANKRUPTCY JUDGE