UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, *et al.*,                       :    Case No. 18-23538 (RDD)
                                                            :
       Debtors.[1]                                          :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

## ORDER APPROVING PROCEDURES FOR
## MODIFICATION OF THE AUTOMATIC STAY UNDER CERTAIN CIRCUMSTANCES

Upon the motion, dated February 14, 2019, (ECF No. 2594) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105 and 363 under title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 4001 and 9019 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order (i)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

establishing certain Stay Procedures (as defined therein and below) with respect to movants seeking to modify the Automatic Stay under 11 U.S.C. § 362(a) to pursue pending Prepetition Actions, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and no objection having been filed as confirmed by the Debtors' filing of a certificate of no objection, and no hearing on the Motion being required under the circumstances; and upon all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized to enter into Stay Stipulations with PI Claimants in accordance with the following procedures (the "**Stay Procedures**"):

   a. Beginning on the date upon which the Court enters an order granting this Motion, and upon inquiry from a PI Claimant (an "**Inquiry**"), substantially in the form and manner attached hereto as **Exhibit 1**, the Debtors and their counsel will analyze the PI Claimant's request to enter into a stipulation to modify the Automatic Stay to allow the PI Claimant to proceed with a Prepetition Action with the recovery

2

limited to available insurance proceeds. An Inquiry must be accompanied by: (i) the name and brief description of the Prepetition Action (including a copy of the complaint or other legal document which states the claim, if one exists and has not already been provided to the Debtors or their representative (the "**Claim Documents**")); (ii) the current status of the Prepetition Action; (iii) the amount of the claim asserted by the PI Claimant; (iv) any known applicable insurance policy of the Debtors and known status of such insurance coverage; and (v) any co-defendants or other parties named in the Prepetition Action and the nature of the claims asserted against these parties. The Debtors may, after consultation with the Creditors' Committee and reasonable business judgment, waive any of the foregoing requirements.

b.  If the Debtors agree, after consultation with the Creditors' Committee in their reasonable business judgment, that such PI Claimant may proceed with a Prepetition Action in a manner consistent with subparagraph (a) above, the Debtors will file with this Court, and serve upon: (i) the Office of the U.S. Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the applicable insurance carrier, and their counsel of record, if any; and (iv) any relevant non-debtor party (collectively, the "**Automatic Stay Reviewing Parties**"), a stipulation, agreement, and order (collectively, the "**Stay Stipulation**") substantially in the form attached hereto as **Exhibit 2**. Upon request, the Debtors shall serve the applicable insurance carrier, and their counsel of record, if any, with a copy of the Inquiry and any related Claim Documents. The Stay Stipulation may provide that the PI Claimant must waive any and all rights of recovery against the Debtors and will limit all recovery solely to the extent of available insurance proceeds. Certain non-debtor, non-insurer parties may also be required to waive any contractual, indemnification, contribution, or such other claims they may have against the Debtors in connection with the Prepetition Action and/or limit any recoveries on such claims to available insurance proceeds.

c.  The Automatic Stay Reviewing Parties will have seven (7) calendar days after the filing of a Stay Stipulation to review such stipulation and notify (i) the Debtors, 3333 Beverly Road, Hoffman Estates, IL 60179 (Attn.: Mohsin Y. Meghji) and (ii) counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York (Attn.: Ray C. Schrock, P.C., Jacqueline Marcus, Esq. Garrett A. Fail, Esq., Sunny Singh, Esq., and Jessica Liou Esq.) in writing, of any objection to the Stay Stipulation (the "**Stipulation Objection Deadline**"). If no objection is filed and served before the Stipulation Objection Deadline, the Stay Stipulation shall be deemed approved without further order of this Court.

    d. If an objection is filed by the Stipulation Objection Deadline and such objection cannot be resolved within five (5) business days after the Stipulation Objection Deadline, the Debtors shall schedule the objection to be heard at the next available hearing date that is at least seven (7) business days after notice of such hearing.

    e. If the Debtors receive and do not respond to an Inquiry within forty-five (45) calendar days, the PI Claimant may file a motion for relief from the Automatic Stay in the Bankruptcy Court. If a PI Claimant files a motion for relief from the Automatic Stay without first serving an Inquiry upon the Debtors and complying with the foregoing procedures, the Debtors will serve a copy of the entered order establishing the Stay Procedures and will advise the PI Claimant that its motion automatically is adjourned until the PI Claimant has complied with the Stay Procedures. The Debtors also are authorized to serve this order establishing the Stay Procedures to the court in which the Prepetition Action is pending.

3. To the extent any PI Claimant has filed a properly noticed motion to lift the automatic stay pursuant to section 362 of the Bankruptcy Code, such motions shall be adjourned to the April 18, 2019 omnibus hearing.

4. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by PI Claimant/Movant against the Debtors or any of the other Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to PI Claimant/Movant's claims.

5. To the extent applicable, the Automatic Stay is hereby modified to the extent necessary to permit any insurer from which coverage is sought pursuant to PI Claimant/Movant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business

4

consistent with the terms of any applicable insurance policy, and without further order of this Bankruptcy Court.

6. Nothing herein alters, amends or otherwise modifies the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: March 1, 2019
      White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\96925734\2\73217.0004

# Exhibit 1

## Inquiry Form

WEIL:\96925734\2\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re                                                   :   Chapter 11
:
**SEARS HOLDINGS CORPORATION,** *et al.*,               :   Case No. 18-23538 (RDD)
:
Debtors.[1]                                             :   (Jointly Administered)
:
-----------------------------------------------------------------x

## PI CLAIMANT INQUIRY

Pursuant to the Order Approving Procedures for Modification of the Automatic Stay (the "**Order**") [Doc. No. _____],[2] the below-referenced PI Claimant hereby submits an Inquiry:

1. Name of PI Claimant: _____.

2. Title, Court and Case Number of Prepetition Action: _____

_____.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Any capitalized terms used herein shall have the meaning given to them in the Order.

3. Brief Description of Prepetition Action (please attach a copy of the complaint or other legal document which states your claim, if one exists and has not already been provided to the Debtors or their representative): _____

_____

_____.

4. Current Status of Prepetition Action: _____

_____

_____.

5.  Amount of the claim asserted: _____.

6. Name of any applicable insurer, number of any known applicable insurance policy, and/or any applicable claim number (if none are known, state "unknown"):_____

_____.

7. Any co-defendants or other parties in the Prepetition Action: _____

_____.

8. Nature of claims (including cross-claims and/or third-party claims) asserted against any co-defendants or other parties listed in item 7, above: _____

_____

WEIL:\96925734\2\73217.0004

_____.

This inquiry must be submitted to:

Project.Blue.Auto.Stay@weil.com
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153


Dated: _____                             _____
                                                 PI Claimant

# Exhibit 2

## Form of Stipulation

WEIL:\96925734\2\73217.0004

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                     :
                                                          :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                 :
                                                          :    **Case No. 18-23538 (RDD)**
                                                          :
Debtors.[1]                                               :    **(Jointly Administered)**
------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among [●] (the "**Debtor[s]**"), and [●] ("**Movant**"). The Debtor[s] and Movant collectively are referred to in this Stipulation, Agreement and Order as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

**RECITALS**

A.  WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtor[s] and certain of [its]/[their] affiliates (collectively, the "**Chapter 11 Entities**") commenced voluntary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

WEIL:\96925734\2\73217.0004

cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Chapter 11 Entities are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. WHEREAS, on [●], Movant commenced an action that is pending in [●] (the "**Prepetition Action**") against the Debtor[s].

C. WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by order of the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary to permit Movant to continue the Prepetition Action against the Debtor[s] solely to [●]; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtor[s] or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting the Movant from any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

2

3. Upon the Effective Date, the Motion shall be deemed withdrawn.

4. Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtor[s] or of any related agreements; (ii) creates or permits a direct right of action by Movant against the Debtor[s] or any of the other Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to Movant's claims.

5. As of the Effective Date, Movant agrees to waive any right to recovery related to the Prepetition Action against any party, whether or not currently named as a defendant in the Prepetition Action, except for any applicable insurer who may assert indemnification claims against the Chapter 11 Entities.

6. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in this Stipulation, Agreement, and Order. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

7. Nothing contained herein shall be construed as a waiver by the Chapter 11 Entities or any other party in interest of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtor[s] or any of the

other Chapter 11 Entities are a party that may be filed by Movant in the chapter 11 cases of the Chapter 11 Entities.

8.  To the extent applicable, the Automatic Stay is hereby modified to the extent necessary to permit any insurer from which coverage is sought pursuant to Movant's claims (or any third party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business consistent with the terms of any applicable insurance policy, and without further order of this Bankruptcy Court.

9.  Nothing herein alters or amends the terms and conditions of the Court's *Final Order Authorizing Debtors to (I) Continue, Maintain, and Renew Their Insurance Policies and Workers' Compensation Programs; (II) Honor All Obligations With Respect Thereto; and (III) Modify the Automatic Stay With Respect to the Workers' Compensation Program* (ECF No. 792).

10. The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

11. This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

12. The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

13. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same

instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14. This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

15. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

16. This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

17. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

[*Signature page follows*]

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

Dated:                                                                                      Dated:

By:  /s/_____                        By:  /s/_____
    Ray C. Schrock, P.C.
    Jacqueline Marcus                                                        [●]
    Garrett A. Fail
    Sunny Singh                                                              *Attorneys for Movant*
    Jessica Liou
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, NY 10153
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*


[Dated: _____, 2019
       New York, New York]


                              _____
                              [THE HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE]