**Exhibit 1**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE: : <br> : <br> SEARS HOLDINGS CORPORATION, : <br> INC., *et al.*,[1] : <br> : <br> : <br> Debtors. : <br> : | CHAPTER 11 <br><br> BANKRUPTCY NO. 18-23538 (RDD) |

**STIPULATION AND ORDER BETWEEN AND AMONG DEBTOR SEARS, ROEBUCK
& CO., TRANSFORM HOLDCO LLC, AND PREIT SERVICES, LLC, AS
AGENT FOR PR NORTH DARTMOUTH, LLC**

This Stipulation and Order is entered into between and among Debtor, Sears, Roebuck & Co. (the "Debtor"), Transform Holdco LLC (the "Buyer"), and PREIT Services, LLC, as agent for PR North Dartmouth, LLC ("PR North Dartmouth," and collectively with the Debtor and the Buyer, the "Parties"), subject to Bankruptcy Court approval:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179

1

# FINDINGS

A. On October 15, 2018 (the "Petition Date"), the Debtor and certain of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court (the "Bankruptcy Court"). Since the Petition Date, the Debtor has continued to operate its business and manage its properties as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

B. PR North Dartmouth is the owner of the Dartmouth Mall in Massachusetts (the "Shopping Center").

C. Prior to the Petition Date, the Debtor entered into a lease (the "Lease") with PR North Dartmouth to lease a portion of the Shopping Center for use as a department store (the "Property"), which is identified as the Debtor's store no. 2373.

D. Prior to the Petition Date, the Debtor and PR North Dartmouth entered into a lease termination agreement (the "LTA"), pursuant to which PR North Dartmouth paid $5,000,000.00 (the "Lease Termination Payment") to the Debtor in consideration of the Debtor's agreement to terminate the Lease effective, at PR North Dartmouth's option, on either August 31, 2019 or January 31, 2020.

E. On December 7, 2018, PR North Dartmouth issued a notice (the "Termination Notice") to the Debtor advising that the lease termination date would be August 31, 2019 (the "Lease Termination Date").

F. On November 11, 2018, this Court entered an Order Approving Global Bidding Procedures and Granting Related Relief (the "Bidding Procedures Order") [Doc. No. 816].

G. On January 14, 2019, in accordance with the Bidding Procedures Order, the Debtor and its affiliates commenced an auction to determine the highest and best offer for their assets, including certain nonresidential real property leases.

H. On January 18, 2019, the Debtor and its affiliates filed a Notice of Successful Bidder and Sale Hearing (the "Sale Notice") [Doc. No. 1730], which identified the Buyer as the successful bidder and included a copy of the applicable Asset Purchase Agreement dated as of January 17, 2019 (the "APA").

I. On January 18, 2019, the Debtor and its affiliates filed a Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases (the "Assumption Notice") [Doc. No. 1731], which reflected that the Lease was among those "go forward stores" potentially being assigned to the Buyer under the APA. The Assumption Notice listed a proposed cure amount of $15,498 for the Lease.

J. On January 22, 2019, in response to the Assumption Notice, PR North Dartmouth filed its objection to the Debtor's proposed assumption and assignment of the Lease (the "Objection") [Doc. No. 1747] based on the existence of the Lease Termination Agreement.

K. The Objection was deemed by the Debtor to be an "adjourned response" to the sale motion, see Doc. No. 2428, p. 5, item 47, and was not considered by this Court at the sale hearing.

L. On February 6, 2019, the Debtor and its affiliates filed schedules to the APA (the "Schedules") [Doc. No. 2450], which reflect the designation of the Lease as a store lease potentially being assigned to the Buyer. See Schedules, p. 83 of 863.

M. On February 8, 2019, this Court entered an order approving the APA (the "Sale Order") [Doc. No. 2507].

N.      On or about February 21, 2019, the respective counsel for the Debtor and PR North Dartmouth communicated regarding the status of the Lease in relation to the LTA. Counsel for the Debtor advised counsel for PR North Dartmouth that, in the Debtor's view, based upon the existence of the LTA, the Debtor may only assume and assign the Lease to the Buyer subject to the terms and provisions of the LTA, including the termination of the Lease on the Lease Termination Date.

O.      The Parties have entered into this Stipulation and Order to resolve the Objection, to memorialize their respective rights and obligations under and pursuant to the Lease, as modified by the LTA, and to obviate the need for litigation between or among the Parties concerning the effectiveness and enforceability of the LTA.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties each hereby consent to the relief set forth below.

## ORDER

1.      <u>Stipulation and Order Effective Date</u>.  The effective date of this Stipulation and Order shall be the date on which it is "so ordered" by the Bankruptcy Court (the "<u>Effective Date</u>").

2.      <u>Withdrawal of Objection</u>.  Upon the Effective Date, the Objection shall be deemed withdrawn and all potential arguments set forth therein shall be deemed resolved.

3.      <u>Lease Termination Agreement and Date</u>.  Any assumption and assignment of the Lease by the Debtor to the Buyer shall be subject to all terms of the Lease, all amendments thereto and the LTA, and the Buyer acknowledges and agrees that the Lease Termination Date is August 31, 2019.

4.     <u>Termination Notice</u>. The Debtor and the Buyer hereby agree and acknowledge that the Termination Notice was provided in compliance with the provisions of the LTA.

5.     <u>Assignment of Lease</u>. The Lease shall not be assumed by the Debtor and assigned to Buyer absent compliance with 11 U.S.C. § 365(b) and (f), including Debtor's and/or Buyers' cure of any monetary defaults under the Lease; provided, however, that neither the Debtors nor the Buyer shall be responsible for any cure amounts in excess of the Debtors' scheduled cure amount for the Lease [Doc. No. 1731, Ex. B, line 149], which amount, if the Lease is assumed and assigned, shall be paid on the Assumption Effective Date (as defined in the APA).

6.     <u>Lease Termination Date</u>. Except as otherwise agreed by the Parties, on the Lease Termination Date, the Debtor (or the Buyer upon the assignment of the Lease) shall surrender possession of the Property to PR North Dartmouth as provided in the LTA.  In the event that the Debtor assigns the Lease to the Buyer at any time following the execution of this Stipulation and Order, the Buyer shall be obligated to vacate the Property and to surrender possession thereof as provided in the LTA without further consideration by PR North Dartmouth unless otherwise agreed by the Buyer and PR North Dartmouth.

7.     <u>Enjoinment of Claims and Causes of Action</u>.  From and after the date on which the Debtor assumes and assigns the Lease to the Buyer or the Buyer's assignee in accordance with the APA and the order approving such assumption and assignment, PR North Dartmouth shall be forever barred and permanently enjoined from raising or asserting against the Buyer any claim, damages or cause of action for any conduct or omissions of the Debtors or any actions taken prior to such assumption and assignment of the Lease.

8.     <u>Enforcement of Stipulation and Order</u>.  From and after the Effective Date, the Parties shall have the right to enforce this Stipulation and Order in accordance with its terms.

5

9. <u>Entire Agreement</u>. This Stipulation and Order, together with the LTA and the Lease, constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Stipulation and Order may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

10. <u>Representations by the Parties</u>. The Parties acknowledge that they are entering into this Stipulation and Order knowingly, freely and voluntarily. The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Stipulation and Order and the subject matter hereof.

11. <u>Successors and Assigns</u>. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estate of each Party.

12. <u>Authority of Signatories</u>. Each person executing this Stipulation and Order on behalf of a Party hereby represents and warrants that he or she has the requisite power and authority to do so and to bind the Party for which he or she is so executing.

13. <u>Governing Law</u>. This Stipulation and Order shall be governed by and interpreted in accordance with the laws of the State of New York, without regard to the conflict of laws of the State of New York.

14. <u>Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction to implement and enforce this Stipulation and Order.

15. <u>Counterparts</u>.  This Stipulation and Order may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

[*SIGNATURE PAGE FOLLOWS*]

7

IN WITNESS WHEREOF, this Stipulation and Order has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Date: February 28, 2019 | Date: February __, 2019 |
| **ARCHER & GREINER, P.C.** | **WEIL, GOTSHAL & MANGES LLP** |
| /s/ Stephen M. Packman | |
| Stephen M. Packman, Esq. | Ray Schrock, Esq. |
| Allen G. Kadish, Esq. | Jacqueline Marcus, Esq. |
| 630 Third Avenue | Sunny Singh, Esq. |
| New York, NY 10017 | 767 Fifth Avenue |
| | New York, NY 10153-0119 |
| *Attorneys for PREIT Services, LLC as agent for PR North Dartmouth, LLC* | *Attorneys for the Debtors* |

Date: February 28, 2019

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

/s/ Luke A. Barefoot
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
One Liberty Plaza
New York, NY 10006

*Attorneys for Transform Holdco LLC*

**SO ORDERED:**

Dated: _____, 2019
　　　　New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

IN WITNESS WHEREOF, this Stipulation and Order has been executed and delivered as of the day and year first below written.

Date: February 28, 2019

**ARCHER & GREINER, P.C.**

/s/ Stephen M. Packman
Stephen M. Packman, Esq.
Allen G. Kadish, Esq.
630 Third Avenue
New York, NY 10017

*Attorneys for PREIT Services, LLC as agent for PR North Dartmouth, LLC*

Date: February __, 2019

**WEIL, GOTSHAL & MANGES LLP**

*Jacqueline Marcus*
Ray Schrock, Esq.
Jacqueline Marcus, Esq.
Sunny Singh, Esq.
767 Fifth Avenue
New York, NY 10153-0119

*Attorneys for the Debtors*

Date: February __, 2019

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

_____
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.
One Liberty Plaza
New York, NY 10006

*Attorneys for Transform Holdco LLC*

**SO ORDERED:**

Dated: _____, 2019
        New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

216035806v1

8