**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
In re:                                               Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*
                                                     Case No: 18-23538 (RDD)
                    Debtors.[1]
                                                     (Jointly Administered)
------------------------------------------------------------X

## NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY

PLEASE TAKE NOTICE, that William Juiris, by and through his attorneys, Alonso, Andalkar & Facher, P.C., will present the attached Motion and proposed Order to the Honorable Judge Robert D. Drain, Bankruptcy Judge for the United States for the Southern District of New York (the "Bankruptcy Court"), at 300 Quarropas Street, White Plains, New York 10601 on the Omnibus Hearing Date of April 18, 2019, at 10:00 am for an Order granting relief from the Automatic Stay pursuant to 11 U.S.C. §362, waiving the 14 day stay imposed by and Fed. R. Bankr. P. 4001, and for such other and further relief as this Court deems just and appropriate.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

PLEASE TAKE FURTHER NOTICE, that pursuant to Local Bankruptcy Rule 9006-1 any answering Affidavits shall be served so as to ensure actual receipt not later than seven (7) days before the return date of this Motion.

PLEASE TAKE FURTHER NOTICE, that Objections, if any, to the relief requested in this Motion must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, must be set forth in writing describing the basis therefore and must be filed with the Bankruptcy Court at least seven calendar days before the applicable hearing by or as otherwise ordered by the Court. Failure to file Objections by the Objection Deadline may cause the Court to not consider the Objection.

PLEASE TAKE FURTHER NOTICE that a hearing shall be held on or before the Honorable Judge Robert D. Drain. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

New York, New York
March 4, 2019

Respectfully submitted,

ALONSO, ANDALKAR & FACHER, P.C.

By: \s\ Catania T. Facher
Catania T. Facher, Esq.
42 Broadway, 18th Floor
New York, New York 10004
(212) 598-5900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
In re:

SEARS HOLDINGS CORPORATION, *et al.*

Debtors.[1]

-------------------------------------------------------------X

Chapter 11

Case No: 18-23538 (RDD)

(Jointly Administered)

## MOTION FOR RELIEF FROM AUTOMATIC STAY

William Juiris, ("Juiris"), by and through his attorneys, Alonso, Andalkar & Facher, P.C., moves this Court for an order granting it relief from the automatic stay imposed in this case, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 4001, so that Juiris may enforce its interest in a supersedeas bond posted by Sears Holding Corp. ('Debtor") in connection with an appeal filed by the Debtor. In support hereof, Juiris respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## BACKGROUND

1. On March 21, 2018, the Circuit Court of Cook County entered judgment in favor of Juiris and against the Debtor. A copy of the March 21, 2018 judgment is annexed hereto as Exhibit "A." The judgment is for the Debtor's failure to withhold a spouses/ employees maintenance payments in connection to a divorce proceeding in connection with Juiris's claims for maintenance and child support against his former spouse.

2. On April 19, 2018 the Debtor appealed the judgment entered against it with the Appellate Court of Illinois, First District.

3. The Judgment Debtor posted a bond as security for the collection of the Judgment in the event it is not successful in its appeal.

## RELIEF REQUESTED

4. By this motion, Juiris seeks to modify the automatic stay as to the Debtor's estate's interest in the supersedeas bond posted in connection with the appeal. In addition, Juiris also seeks to have the 14 day stay imposed by Fed. R. Bankr. P. 4001(a)(3) waived.

## BASIS FOR RELIEF

5. Section 362(d) of the Bankruptcy Code provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> >
> > > (A) the debtor does not have an equity in such property; and

2

    (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

6. Relief from the automatic stay may be granted "for cause" under 11 U.S.C. § 362(d)(1). Although a creditor moving for relief from stay must make a *prima facie* case that cause exists, the Debtor has the ultimate burden of proof in opposing motions for relief from stay. 11 U.S.C. § 362(g). Cause exists when "the liquidation of a claim may be more conveniently and speedily determined in another forum." *In re: Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2nd Cir. 1990). Movant's claims can be more conveniently and speedily determined in the appeal before the Illinois Appellate Court.

7. The following *Sonnax* factors weigh in favor of lifting the stay:

  a. Number 1, relief would result in complete resolution of the issues, against both the Debtor and the Third Party Respondent.

  b. Number 4, the Illinois Appellate Court is better suited to determine whether issues of law or fact of the Illinois trial court should be affirmed or reversed.

  c. Judgment has already been entered in favor of Juiris and the supersedeas bond is no longer property of the Debtor. As a result, the seventh factor listed by Sonnax (i.e. no prejudice to the interests of other creditors) is satisfied here.

  d. The substance of the dispute revolves around the Debtor's obligation to turnover amounts due under an order to withhold maintenance payments to support a spouse. Number 8, Movant's judgment, if upheld on appeal, would not be subject to equitable subordination.

    e. Number 10, the interests of judicial economy and the expeditious and economical resolution of litigation weigh heavily in favor of adjudicating these claims before the Illinois Appellate Court because the issue has already been joined and is ripe for a determination by the Appellate Court.

    f. Illinois has a public policy interest in adjudicating the matter as the law in question is designed to assure that spouses who receive support are promptly paid and employers do not ignore wage garnishment orders.

    g. Number 11, Movant certainly is well prepared to proceed before the Appellate Court and would have been able to file its appellee brief were it not for the present voluntary petition. Number 12, the balance of harms weighs in favor of Movant, because the Debtor's.

    h. Actions which are only remotely related to the case under title 11 or which involve the rights of third parties often will be permitted to proceed in another forum. Here there is a bond posted for the appeal and the success or failure of the case will not affect the bankruptcy estate in any manner. *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990)

8.    Subsequent to *Sonnax*, this Court held in *In re Keene Corp.*, 171 B.R. 180, 187 (Bankr. S.D.N.Y. 1994) that the stay should be lifted in cases where, as here, the Debtor has appealed an adverse ruling and posted a bond with the following conditions: "If the appellate division vacates or remands [plaintiff/appellee's] case to the trial court for the purpose of further consideration or proceedings involving the liquidation of the [plaintiff/appellee's] claim,

4

the stay will be reimposed. In addition, if [plaintiff/appellee] ultimately obtains a final judgment in her favor after the stay is lifted, she can collect the proceeds of the bond, but cannot otherwise enforce her final judgment against [the Debtor's] assets."

9. Relief from stay is further warranted under Section 362(d)(2) which permits the termination of the stay against property where the Debtor does not have equity in the property and the property is not necessary to an effective reorganization. In this matter, the Debtor has no equity in the supersedeas bond. The bond is believed to be a bond posted a third party on Debtor's behalf. With respect to the Debtor's reorganization efforts, the Debtor announced on January 8, 2019 that it intended to liquidate and therefore there is no effective reorganization in the Debtor's future that would require that the stay be maintained in this matter.

10. Juiris also requests that the 14 day stay imposed by Fed. R. Bankr. P. 4001(a)(3), be waived due to the continuing harm being suffered by him for every day the stay continues.

WHEREFORE, William Juiris moves this Court for entry of an Order modifying the automatic stay in this case to permit the Debtor's appeal to go forward, waiving the provision of Fed. R. Bankr. P. 4001(a)(3), and granting him such other and further relief as the Court deems just and proper.

    Respectfully submitted,
    William Juiris, by and through his Attorneys,

    ALONSO, ANDALKAR & FACHER, P.C.

    By: /s/ Catania T. Facher
       Catania T. Facher, Esq.
    42 Broadway, 18th Floor
    New York, New York 10004
    (212) 598-5900

# EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

William S. Jiiris
v.
Heidi L. Jiiris
Sears Holding Corp.
3rd Party

No. 13 D 10544

Page 1 of 2

**ORDER**

For Reasons stated on Record This Cause coming to be heard for Ruling on William's Two count Motion for ① Rule To Show cause against Sears for Failure To withhold income Pursuant to a Valid Court order and ② a Violation of the Witholding Act. The court Making findings on The Record It is hereby ordered as Follows:
① The court grants William's Petition on Both counts.

Attorney No.: 07779
Name: Pedersen & Haupt
Atty. for: William Jiiris
Address: 161 N. Clark #2700
City/State/Zip: Chicago Il 60601
Telephone: (312) 261-2155

**ENTERED:**

Dated: _____

_____
Judge            Judge's No.

Order (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

William Jiris

v.

Heidi Jiris
and
Sears Holdings Corp.
3rd Party

No. 13 D 10544

Page 2 of 2

**ORDER**

(2) A Judgment is made in favor of William and against Sears in the sum of $92,900.00 payable within 30 days for a violation of the Withholding Act

(3) There is No just reason to delay Appeal or Enforcement of Paragraph 2 of this order.

(4) William is Granted leave to file a Petition for Fees Pursuant to 750 ILCS 5/508(4)

Attorney No.: 07779
Name: Pedersen & Haupt
Atty. for: William Jiris
Address: 161 N. Clark #2700
City/State/Zip: Chicago, IL 60601
Telephone: (312) 261-2155

ENTERED:

Associate Judge
David E. Haracz
MAR 21 2018
Circuit Court – 1878

Judge           Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

In re:

SEARS HOLDINGS CORPORATION, *et al.*

Debtors.[1]

-----------------------------------------------------------X

Chapter 11

Case No: 18-23538 (RDD)

(Jointly Administered)

**[PROPOSED]**
**ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Upon the motion, dated _____ __, 20__ (the "Motion"), of WILLIAM JUIRIS (with any subsequent successor or assign, the "Creditor"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in a supersedeas bond posted by Sears Holdings Corporation in connection with an appeal filed by the Debtor (the "Property")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

to allow the Creditor's enforcement of its rights in, and remedies in and to the Property, and waiving the 14 day stay imposed by and Fed. R. Bankr. P. 4001; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on _____ __, 20__; [and the above-captioned debtor (the "Debtor") having opposed the relief requested in the Motion (the "Objection");] [and there being no opposition to the Motion;] [and the Court having directed the Creditor on the record of the Hearing to settle an order on five days' notice on the Debtor; and the Creditor having settled[, without objection,] this form of order on the Debtor;[and the Debtor having filed an objection (the "Objection") thereto;]] and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property, and the provision of Fed. R. Bankr. P. 4001(a)(3) is waived.

Dated: _____ __, 2019
       White Plains, New York

                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
In re:                                                          Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*
                                                                Case No: 18-23538 (RDD)
                    Debtors.[1]
                                                                (Jointly Administered)
------------------------------------------------------------X

## CERTIFICATE OF SERVICE

     I, Robert Magrane, hereby certify that on March 5, 2019, I caused to be served true, complete and accurate copies of the following documents:

1. Notice of Motion for Relief from Automatic Stay;

2. Motion for Relief from Automatic Stay; and

3. [Proposed] Order Pursuant to 11 U.S.C. § 362(D) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a);

on all parties of interest through the Court's ECF system and by U.S. mail on the attorneys and parties on the attached Service List. A judge's copy of the filed documents was served by U.S. Mail postage prepaid.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

New York, New York  
March 5, 2019

Respectfully submitted,

\_\_\_\_\s\\_Robert J. Magrane_____  
Robert J. Magrane, Esq.  
42 Broadway, 18th Floor  
New York, New York 10004  
(212) 598-5900

# SERVICE LIST

**Service Via First Class Mail**

Hon. Judge Robert D. Drain
U.S. Bankruptcy Court
Southern District of New York
300 Quarropas Street, Room 248
White Plains, NY 10601-4140

U.S. Trustee
United States Trustee
Office of the United States Trustee
Trustee for Region 2
[Attn: Paul Schwarzberg, Esq.)
U.S. Federal Office Building
201Varick Street, Room 1006
New York, NY 10014

Adam M. Adler
Prime Clerk LLC
830 Third Avenue, 9th Floor
New York, NY 10022
*Claims and Noticing Agent*

Ray C. Schrock, Esq.
Jacqueline Marcus, Esq.
Sunny Singh, Esq.
Garrett A. Fail
WEIL, GOTHSCHAL, & MANGES LLP
767 Fifth Avenue
New York, New York 10153
*Attorneys for the Debtor*

Ira S. Dizengoff
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
One Bryant Park
New York, NY 10036
*Attorneys for the Creditor Committee*

Stephen Sitley Esq.
Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL 60179

3

Paul D. Leake, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
*Attorneys for Bank of America, N.A., administrative agent*
*under the First Lien Credit Facility and the DIP ABL Agent*

Marshall S. Huebner, Esq.
Davis Polk & Wardell LLP
450 Lexington Avenue
New York, NY, 10017
*Attorneys for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility*

Sean A. O'Neal, Esq.
Cleary, Gottlieb
One Liberty Plaza
New York, NY, 10006
*Attorneys for JPP, LLC, as agent under the Second Lien*
*Credit Facility, IP/Ground Lease Term Loan Facility, and the Consolidated*
*Secured Loan Facility*

Eric R. Wilson, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
*Attorneys for Computershare Trust Company, N.A., as trustee for the Second*
*Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings*
*Unsecured Notes*

Edward M. Fox, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
*Attorneys for Wilmington Trust, National*
*Association, as indenture trustee for the Second Lien Notes*

James Gadsden, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10015
*Attorneys for The Bank of New York Mellon Trust*
*Company, as successor trustee for the SRAC Unsecured PIK Notes, SRAC*
*Unsecured Notes, and the SRAC Medium Term Notes*

4

Brian A. Raynor, Esq.
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
*Attorneys for the Pension Benefit Guaranty Corporation*