Presentment Date and Time: March 13 at 4:00 p.m.
Objection Date and Time: March 13 at 4:00 p.m.
Hearing Date and Time (Only if Objections Filed):  To Be Announced

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Scott K. Charles
Amy R. Wolf

*327(e) Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                    :
                                                                            :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*    :
                                                                            :    **Case No. 18-23538 (RDD)**
                                                                            :
        Debtors.[1]                                                :    **(Jointly Administered)**
------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF CONSENT APPLICATION OF WACHTELL, LIPTON, ROSEN & KATZ TO WITHDRAW AS SPECIAL COUNSEL TO THE DEBTORS PURSUANT TO LOCAL RULE 2090-1

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

PLEASE TAKE NOTICE that Wachtell, Lipton, Rosen & Katz, section 327(e) counsel to the debtors and debtors in possession, will present the *Consent Application of Wachtell, Lipton, Rosen & Katz to Withdraw as Special Counsel to the Debtors Pursuant to Local Rule 2090-1*, together with the proposed order annexed to the application (the "**Application**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature, in Chambers, on **March 14, 2019** at **10:00 a.m.**

PLEASE TAKE FURTHER NOTICE that any objections to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court, shall be filed with the Bankruptcy Court, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), and upon the undersigned and the parties entitled to notice thereof, by no later than **March 13, 2019** at **4:00 p.m.**

PLEASE TAKE FURTHER NOTICE that, if no Objections are timely filed and served, there will not be a hearing to consider such Application, and such Application may be approved by the Court.

PLEASE TAKE FURTHER NOTICE that, if a written objection is timely filed and served with respect to the Application, a hearing (the "**Hearing**") will be held to consider such objection before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, at a date and time to be announced.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated:  March 6, 2019
        New York, New York


                              /s/ *Amy R. Wolf*_____

                              WACHTELL, LIPTON, ROSEN & KATZ
                              51 West 52nd Street
                              New York, New York  10019
                              Telephone: (212) 403-1000
                              Facsimile: (212) 403-2000
                              Scott K. Charles
                              Amy R. Wolf

                              *327(e) Counsel for Debtors and Debtors in
                              Possession*

Presentment Date and Time: March 14 at 10:00 a.m.
Objection Date and Time: March 13 at 4:00 p.m.
**Hearing Date and Time (Only if Objections Filed):  To Be Announced**

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Scott K. Charles
Amy R. Wolf

*327(e) Counsel for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re                                    :
                                         :          **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*   :
                                         :          **Case No. 18-23538 (RDD)**
                                         :
        Debtors.[1]                      :          **(Jointly Administered)**

-------------------------------------------------------------x

## CONSENT APPLICATION OF WACHTELL, LIPTON, ROSEN & KATZ TO WITHDRAW AS SPECIAL COUNSEL TO THE DEBTORS PURSUANT TO LOCAL RULE 2090-1

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Wachtell, Lipton, Rosen & Katz ("**Wachtell**"), as section 327(e) counsel to the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represents in support of this application under Local Rule 2090-1 (the "**Application**"):

### Background

1.    Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

2.    On October 29, 2018, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Wachtell, Lipton, Rosen & Katz as Special Counsel for the Debtors Nunc Pro Tunc to the Commencement Date* (the "**October Application**").  As set forth in the Application and its accompanying declarations (the "**Declarations**"), Wachtell had represented the Debtors prior to the filing of these cases with respect to various matters (the "**Wachtell Matters**"), including structuring asset sales and other disposition transactions, including real estate matters, advising on various financing transactions, negotiating agreements with the Pension Benefit Guaranty Corp., and advising on significant litigation matters, including the CCAA proceeding for Sears Canada.  The Debtors made the application to retain Wachtell in order to take advantage of Wachtell's knowledge and expertise regarding those historical matters.  The Debtors did not seek to employ Wachtell as general or special bankruptcy counsel,

or for Wachtell to advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.

3.      On November 8, 2018, the Debtors filed an amended declaration and supplemental declarations in support of the Application.  On November 12, 2018, the Debtors filed a certificate of no objection regarding the Application.

4.      On November 19, 2018, this Court granted the Application *nunc pro tunc* to the Commencement Date.  Wachtell has subsequently provided certain services to the Debtors.

5.      On February 8, 2019, this Court entered an Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief (the "**Sale Approval Order**").  Under the terms of the Sale Approval Order, the Debtors sold substantially all of their operating assets to Transform Holdco LLC ("**New Sears**").

## Jurisdiction

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.      Wachtell is seeking to withdraw as section 327(e) counsel to the Debtors under Local Rule 2090-1(e).  A proposed form of order granting the relief requested in this Application is attached hereto as Exhibit A (the "**Proposed Order**").

8.     In support of the relief requested herein, the Debtors submit the Declaration of Amy R. Wolf, of counsel to Wachtell (the "**Wolf Declaration**"), attached hereto as <u>Exhibit B</u>.   Attached to the Wolf Declaration as Exhibit 1 is a letter agreement between Wachtell and the Debtors (the "**Letter Agreement**") in which the Debtors agree that they no longer have need for Wachtell's services and agreeing to Wachtell's termination.   As further set forth in the Wolf Declaration, the Debtors have been informed that Wachtell may be asked to represent New Sears on certain matters and have consented thereto on the terms described in the Letter Agreement.

## The Relief Requested Should Be Granted

9.     The primary reason Wachtell was retained as section 327(e) counsel for the Debtors was to assist the Debtors with the Wachtell Matters.   After the entry of the Sale Approval Order, and the transfer of substantially all of the Debtors' operating assets to New Sears, the "specified special purpose" for which Wachtell was employed under section 327(e) is no longer necessary, and the Debtors agree that Wachtell has no further meaningful role to play in assisting the Debtors.   11 U.S.C. § 327(e).   Therefore, and as further set forth in the Wolf Declaration, there will be no material adverse effect on, or prejudice to, the Debtors or their estates, by permitting Wachtell to withdraw as section 327(e) counsel to the Debtors.

10.     The Debtors will continue to be primarily represented before this Court by other counsel, including Weil, Gotshal & Manges LLP ("**Weil**").   Accordingly, the progress of this case will not be disrupted in any way, as responsibility for conducting all matters before this Court remains with Weil.   *See generally Altvater Gessier-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 2011 WL 2893087, at *8 (S.D.N.Y. July 14, 2011).

4

11.     If the Court approves the relief sought herein, Wachtell will serve and file a final fee application for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rules, Local Rules, Fee Guidelines, and any further order of the Court within 60 days after entry of the order granting leave to withdraw.

## Notice

12.     Notice of this Application will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* (ECF No. 405) (the "**Amended Case Management Order**").  Wachtell respectfully submits that no further notice is required.

13.     No previous request for the relief sought herein has been made by the Wachtell to this or any other Court.

WHEREFORE, Wachtell respectfully requests entry of the Proposed Order and such other and further relief as is just.

Dated: March 6, 2019
    New York, New York

/s/ Amy R. Wolf_____

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Scott K. Charles
Amy R. Wolf

*327(e) Counsel for Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                            :

                                                 :        **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.*,        :

                                                 :        **Case No. 18-23538 (RDD)**

                                                 :

Debtors.[1]                                      :        **(Jointly Administered)**

---------------------------------------------------------------x

### ORDER AUTHORIZING WACHTELL, LIPTON, ROSEN & KATZ TO WITHDRAW AS SPECIAL COUNSEL TO THE DEBTORS PURSUANT TO LOCAL RULE 2090-1

Upon the application, dated March 6, 2019 (ECF No. [●]) (the "**Application**")[2] of

Wachtell, Lipton, Rosen & Katz ("**Wachtell**"); and the Court having jurisdiction to decide the

Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and

1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.); and consideration of the Application and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

having been provided in accordance with the Case Management Order; such notice having been

adequate and appropriate under the circumstances, and it appearing that no other or further notice

need be provided; and upon the Declaration of Amy R. Wolf, filed contemporaneously with the

Application, and upon all of the proceedings had before the Court; and the Court having

determined that the legal and factual bases set forth in the Application establish just cause for the

relief granted herein and is in the best interests of the Debtors, their estates, their creditors, and

all parties in interest; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Application is granted to the extent set forth herein.

2.    Wachtell is granted leave to withdraw as counsel pursuant to Local Rule

2090-1 and shall no longer serve as special counsel to the Debtors under section 327(e) as of the

date of this Order.

3.    For fees accrued for periods prior to the date of the entry of this Order,

Wachtell shall continue to file monthly statements and interim fee applications under, and be

compensated in accordance with, the *Order Authorizing Procedures for Interim Compensation

and Reimbursement of Expenses of Professionals* (ECF No. 796), entered November 16, 2018.

4.    Wachtell shall be compensated in accordance with, and shall file, a final

fee application for allowance of its compensation and expenses within 60 days of the date of this

Order and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, the Fee Guidelines, and any further order of the Court.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

5.    Wachtell is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

7.    To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

8.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
        White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Wolf Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re                                          :

                                               :          **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.*,     :

                                               :          **Case No. 18-23538 (RDD)**

                                               :

          Debtors.[1]                          :          **(Jointly Administered)**

-------------------------------------------------------------x

### DECLARATION OF AMY R. WOLF IN SUPPORT OF WACHTELL'S APPLICATION TO WITHDRAW AS SPECIAL COUNSEL TO THE DEBTORS PURSUANT TO LOCAL RULE 2090-1

I, Amy R. Wolf, under penalty of perjury, declare as follows:

1.       I am of counsel to the firm of Wachtell, Lipton, Rosen & Katz (**"Wachtell"**), a law firm whose offices are located at 51 West 52nd Street, New York, NY 10019.  Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179

2.    This Declaration is made in support of Wachtell's March 6, 2019 application to withdraw as special counsel to the Debtors (the **"Application"**).[2]

3.    I am familiar with the contents of the Application and the factual representations contained therein, and believe them to be true and correct.

4.    After the entry of the Sale Approval Order, and the transfer of assets from the Debtors to New Sears, the Debtors will primarily will be engaged in the resolution of creditor claims, the distribution of their remaining assets to their creditors, and the pursuit of litigation claims. I believe that Wachtell's services with respect to the Wachtell Matters (as defined in my previous Declaration) will no longer be useful or necessary for the conduct of the remaining portions of the Debtors' cases. We have discussed this matter with Mohsin Meghji, the Debtors' Chief Restructuring Officer, who has agreed that the Debtors no longer need our services. We have also discussed with Mr. Meghji the possibility that we will be asked to represent the entity that has acquired substantially all of the Debtors' assets in certain matters, and he has consented to our doing so on the terms set forth in the Letter Agreement annexed hereto as Exhibit 1.

5.    The Debtors are represented by extremely able and competent counsel at Weil, and I have no reason to believe that granting the Application will cause any impairment of their ability to conduct the Debtors' cases for the benefit of their estates. I further believe that the Debtors will not suffer any prejudice as a result of granting the Application.

6.    The Debtors have been fully informed of the contents of the Application, and represent that they consent in full to the relief sought therein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

[Remainder of Page Intentionally Left Blank]

Executed this 6th day of March, 2019

_____

Amy R. Wolf
Of Counsel
Wachtell, Lipton, Rosen & Katz

## Exhibit 1

**Letter Agreement**

## WACHTELL, LIPTON, ROSEN & KATZ

51 WEST 52ND STREET

NEW YORK, N.Y. 10019-6150

TELEPHONE: (212) 403-1000

FACSIMILE: (212) 403-2000

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)
LEONARD M. ROSEN (1965-2014)

MARTIN LIPTON
HERBERT M. WACHTELL
THEODORE N. MIRVIS
EDWARD D. HERLIHY
DANIEL A. NEFF
ANDREW R. BROWNSTEIN
MARC WOLINSKY
STEVEN A. ROSENBLUM
JOHN F. SAVARESE
SCOTT K. CHARLES
JODI J. SCHWARTZ
ADAM O. EMMERICH
RALPH M. LEVENE
RICHARD G. MASON
DAVID M. SILK
ROBIN PANOVKA
DAVID A. KATZ
ILENE KNABLE GOTTS
JEFFREY M. WINTNER
TREVOR S. NORWITZ
BEN M. GERMANA
ANDREW J. NUSSBAUM

RACHELLE SILVERBERG
STEVEN A. COHEN
DEBORAH L. PAUL
DAVID C. KARP
RICHARD K. KIM
JOSHUA R. CAMMAKER
MARK GORDON
JOSEPH D. LARSON
JEANNEMARIE O'BRIEN
WAYNE M. CARLIN
STEPHEN R. DiPRIMA
NICHOLAS G. DEMMO
IGOR KIRMAN
JONATHAN M. MOSES
T. EIKO STANGE
JOHN F. LYNCH
WILLIAM SAVITT
ERIC M. ROSOF
GREGORY E. OSTLING
DAVID B. ANDERS
ANDREA K. WAHLQUIST

ADAM J. SHAPIRO
NELSON O. FITTS
JOSHUA M. HOLMES
DAVID E. SHAPIRO
DAMIAN G. DIDDEN
IAN BOCZKO
MATTHEW M. GUEST
DAVID E. KAHAN
DAVID K. LAM
BENJAMIN M. ROTH
JOSHUA A. FELTMAN
ELAINE P. GOLIN
EMIL A. KLEINHAUS
KARESSA L. CAIN
RONALD C. CHEN
GORDON S. MOODIE
DONGJU SONG
BRADLEY R. WILSON
GRAHAM W. MELI
GREGORY E. PESSIN
CARRIE M. REILLY

MARK F. VEBLEN
VICTOR GOLDFELD
EDWARD J. LEE
BRANDON C. PRICE
KEVIN S. SCHWARTZ
MICHAEL S. BENN
SABASTIAN V. NILES
ALISON ZIESKE PREISS
TIJANA J. DVORNIC
JENNA E. LEVINE
RYAN A. McLEOD
ANITHA REDDY
JOHN L. ROBINSON
JOHN R. SOBOLEWSKI
STEVEN WINTER
EMILY D. JOHNSON
JACOB A. KLING
RAAJ S. NARAYAN
VIKTOR SAPEZHNIKOV
MICHAEL J. SCHOBEL
ELINA TETELBAUM

OF COUNSEL

WILLIAM T. ALLEN
MARTIN J.E. ARMS
MICHAEL H. BYOWITZ
GEORGE T. CONWAY III
KENNETH B. FORREST
SELWYN B. GOLDBERG
PETER C. HEIN
MEYER G. KOPLOW
LAWRENCE S. MAKOW
DOUGLAS K. MAYER
MARSHALL L. MILLER
PHILIP MINDLIN
ROBERT M. MORGENTHAU
DAVID S. NEILL

HAROLD S. NOVIKOFF
LAWRENCE B. PEDOWITZ
ERIC S. ROBINSON
PATRICIA A. ROBINSON*
ERIC M. ROTH
PAUL K. ROWE
DAVID A. SCHWARTZ
MICHAEL J. SEGAL
ELLIOTT V. STEIN
WARREN R. STERN
PAUL VIZCARRONDO, JR.
PATRICIA A. VLAHAKIS
AMY R. WOLF

* ADMITTED IN THE DISTRICT OF COLUMBIA

COUNSEL

DAVID M. ADLERSTEIN
AMANDA K. ALLEXON
LOUIS J. BARASH
FRANCO CASTELLI
DIANNA CHEN
ANDREW J.H. CHEUNG
PAMELA EHRENKRANZ
KATHRYN GETTLES-ATWA
ADAM M. GOGOLAK

NANCY B. GREENBAUM
MARK A. KOENIG
LAUREN M. KOFKE
J. AUSTIN LYONS
ALICIA C. McCARTHY
PAULA N. RAMOS
NEIL M. SNYDER
S. CHRISTOPHER SZCZERBAN
JEFFREY A. WATIKER

DIRECT DIAL: (212) 403-1202
DIRECT FAX: (212) 403-2202
E-MAIL: SKCharles@wlrk.com

March 5, 2019

Mohsin Y. Meghji
Chief Restructuring Officer
Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL 60179

Re:    Termination of Legal Representation

Dear Mr. Meghji:

Reference is made to our letter of October 12, 2018 (the "Engagement Letter") concerning the scope of our legal representation of Sears Holdings Corporation and its subsidiaries (collectively, the "Company") and Judge Drain's Order of November 19, 2018 in case No. 18-23538 granting Wachtell's application to serve as Special Counsel to the Company. This letter is to confirm that we have mutually agreed that the Company no longer has a need for Wachtell's services and that, effective immediately, Wachtell will no longer represent the Company in connection with any legal matters, and will no longer act as special counsel to the Company in the Company's Bankruptcy Cases.

We have informed you that Wachtell may represent the purchaser of substantially all of the assets of the Company, Transform Holdco LLC ("New Sears"), in certain matters, upon the termination of our representation of the Company. The Company grants consent to Wachtell's future

WACHTELL, LIPTON, ROSEN & KATZ

March 5, 2019
Page 2

representation of New Sears, and waives, on behalf of itself and its subsidiaries and affiliates, any and all claims that such representation will conflict with our duties to the Company as a former client. In connection therewith:

      1. Wachtell agrees that it will not accept any representation adverse to the Company without the Company's prior express written consent, which will not be unreasonably withheld. Representation adverse to the Company is defined as an engagement with respect to a dispute in which Wachtell's client is adverse to the Company. For the avoidance of doubt Wachtell will not represent or give advice to New Sears in connection with any legal dispute between New Sears and the Company.

      2. Wachtell agrees to preserve any applicable attorney-client or work-product privilege with respect to its prior representation of the Company consistent with the New York Rules of Professional Conduct and applicable case law.

      3. Wachtell agrees to afford the Company with reasonable access to testimony, notes and materials consistent with the New York Rules of Professional Conduct and applicable case law.

      By signing below, the Company represents and warrants that it has had a full opportunity to consult with other independent legal counsel, including Weil, Gotshal & Manges LLP, about the advisability of this letter. For the avoidance of doubt, these consents and waivers supplement, and do not in any way modify or limit, the waivers and consents contained in the Engagement Letter.

      If you agree to the foregoing, please confirm in writing for our files by signing and returning to me the enclosed counterpart of this letter.

      It has been our pleasure to serve the Company, and we wish you all the best going forward in your future endeavors.

Sincerely,

Scott K. Charles

Accepted and agreed to this 5th day of March, 2019.

Sears Holding Corporation

BY: _____

MOHSIN Y. MEGHJI