Alan M. Feld, Esq.
Ted Cohen, Esq. *Admitted Pro Hac Vice*
**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 653-8700
Fax: (212) 653-8701

*Counsel for Everlast World's Boxing Headquarters Corp.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS, *et. al.*[1],<br><br>               Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>Jointly Administered<br><br>Hearing Date:      March 21, 2019, 10:00 a.m. ET<br>Objection Deadline:  March 15, 2019, 4:00 p.m. ET |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**DECLARATION OF TED COHEN IN SUPPORT OF EVERLAST WORLD'S BOXING HEADQUARTERS CORP.'S MOTION UNDER BANKRUPTCY CODE SECTIONS 365(d)(2) AND 363(e) TO COMPEL: (1) ASSUMPTION OR REJECTION OF LICENSE AGREEMENT FORTHWITH, AND (2) PAYMENT OF ADMINISTRATIVE CLAIM AS ADEQUATE PROTECTION**

Pursuant to 28 U.S.C. Section 1746, I, Ted Cohen, hereby declare as follows:

1.      I am over the age of 18 and competent to testify.  I have personal, first-hand knowledge of the facts set forth herein.  I submit this declaration in support of the motion of Everlast Worldwide's Boxing Headquarters Corp. ("Everlast" or "Licensor") to compel: (i) assumption or rejection of the License Agreement (defined below), and (ii) payment of Licensor's administrative expense claim as adequate protection (the "Motion").

2.      I am a lawyer at Sheppard Mullin Richter & Hampton LLP duly licensed to practice before all courts in the State of California and the US Supreme Court, and am admitted pro hac vice in these cases.  I am one of the lawyers representing the interests of Licensor in these cases under the Trademark License Agreement (as amended, the "License Agreement") between Everlast as licensor and debtors Sears, Roebuck and Co. ("Sears") and Kmart Corporation (collectively with Sears, "Licensees") as licensees with respect to the "Everlast" and related trademarks owned by Licensor.  I am familiar with the concurrently filed declaration of Margaret Kivett in support of the Motion (the "Kivett Declaration"), and submit this declaration with reference to the Kivett Declaration.

3.      Because (i) Licensor does not have contact information for anyone at Licensees with knowledge of the License Agreement after the asset sale (the "Sale") to Transform Holdco LLC ("Buyer"), and (ii) Licensor's former contacts at Licensees (who now work for Buyer) did not have contact information for anyone at Licensees after the Sale, Licensor does not have contact information for anyone at Licensees.  On February 27, 2019, I sent an email to Licensees' counsel Olga Peshko at Weil asking for the name(s) and contact information for the

business person(s) at Licensees with whom Licensor could communicate regarding the License Agreement.

4.     The same day, Ms. Peshko responded, asking me to advise her what it is that we would like to discuss so that Licensees could determine the proper party for resolving.  Given Ms. Peshko's request, I responded to Ms. Peshko the same day in substance as follows:

a.     Because the License Agreement still resides with Licensees, and has not been assigned to Buyer or rejected by Licensees, Licensor needs to communicate with Licensees (apart from Buyer).  The License Agreement has ongoing post-petition obligations, including but not limited to royalty reporting, royalty payments, approval of Everlast branded products, buy plans, and the ongoing ordering, shipment, receipt and sale of Everlast branded products.

b.     Under the License Agreement, a post-petition administrative payment of no less than $2,158,856.55 and royalty reporting are due March 4, 2019.  On January 31, 2019, Licensor had emailed a royalty reporting template to Wendy Ewing at Sears for completion, but Elissa Robertson (who also used to work for Sears and now works for Buyer) informed Licensor that both she and Ms. Ewing no longer work for Licensees, and only work for, and can represent, Buyer.  Because the License Agreement still resides with Sears and has not been assigned to Buyer, someone at Sears needs to timely complete and return the royalty reporting template.

c.     Licensor needs a list of Everlast branded inventory that was sold to Buyer in the Sale, including Acquired Inventory, Ordered Inventory and Prepaid Inventory, all as defined in the Asset Purchase Agreement between Licensees and Buyer (the "APA").

d.     Licensor needs to understand what additional Everlast branded inventory Licensees have ordered since the Sale to Buyer, and what additional Everlast branded inventory Licensees intend on ordering moving forward.

e.      We need confirmation that all stores that Buyer did not acquire in the Sale are GOB Stores (as defined in the APA), or whether there are stores not acquired by Buyer that are not GOB Stores.

f.      Given the March 4, 2019 deadline, the uncertainty as to whether Buyer is going to take an assignment of the License Agreement, and the status of ongoing performance under the License Agreement, time is of the essence.  Therefore, please provide us as soon as possible the name(s) and contact information for the business person(s) at Sears (i.e., the Debtor, not the Buyer) with whom Licensor can communicate regarding the License Agreement, and remind Licensees of the obligations noted above.

5.      Having not received any response from Ms. Peshko by March 1, 2019, I sent a follow-up email to her on that day.  In that email I provided a copy of the Everlast invoice for the $2,158,856.55 post-petition administrative payment due March 4, 2019.  A true and correct copy of that invoice is attached hereto as Exhibit "1".  I informed Ms. Peshko that we were providing the invoice to her since we did not have contact information for her client.  I also asked Ms. Peshko to please respond to my prior email by, among other things, providing contact information for Licensees, and making sure that we get the March 4, 2019 payment, the March 4, 2019 reporting, and the other documentation and information requested in my February 27, 2019 email.

6.      I have not received any response from Ms. Peshko or anyone else at Weil.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed March 7, 2019, at Los Angeles, California.

_____*/s/ Ted Cohen*_____
Ted Cohen

# <u>EXHIBIT 1</u>

# Everlast Worldwide, Inc.

# INVOICE



42 West 39th Street 3rd Floor
New York, New York 10018
(212)239-0990

**Sears**
ATTN: Accounts Payable
760 Market Street, 6th Floor
San Francisco, CA 94120

| Billing Date | Due Date | Account Executive | Invoice Number |
|---|---|---|---|
| 3/1/2019 | 3/4/2019 | Margaret Kivett | 1156761 |

| Description | Amount | |
|---|---|---|
| | | |
| Fiscal Year 2018 AMGR | $ | 4,500,000.00 |
| Amount Paid to Date | $ | (1,748,960.06) |
| Unpaid Pre-Petition Balance (actual unpaid royalties earned pre-petition) | $ | (592,183.39) |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total Due United States Dollars (USD)** | **$** | **2,158,856.55** |

In U.S. Dollars remit by wire to:

HSBC Bank
SWIFT #: MRMDUS33
ABA #: 021001088

For the account of:
Everlast Worldwide, Inc.
Account #: 007918127

**ORIGINAL COPY**