KASOWITZ BENSON TORRES LLP
Matthew B. Stein (mstein@kasowitz.com)
Michele L. Angell (mangell@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

*Attorneys for Steel 1111, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
                                                           :
In re                                                      :    Chapter 11
                                                           :
SEARS HOLDINGS CORPORATION, *et al.*,[1]                   :    Case No. 18-23538 (RDD)
                                                           :
                           Debtors.                        :    (Jointly Administered)
                                                           :
---------------------------------------------------------- x

**STEEL 1111, LLC'S LIMITED OBJECTION TO DEBTORS'**
**REJECTION OF LEASE FOR STORE NUMBER 1004**

Steel 1111, LLC ("Steel"), as landlord party to that certain real property lease (the

"Lease") between Steel, as lessor, and Sears, Roebuck & Co., as lessee, with respect to 1111

Franklin Avenue, Garden City, New York 11530 (the "Leased Premises"), as and for its limited

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

objection (the "Limited Objection") to the *Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith*, dated February 26, 2019 [Docket No. 2695] (the "Rejection Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Debtors assert that they have vacated the Leased Premises, but for certain remaining personal property they seek to abandon, and seek to reject the Lease as of February 26, 2019. However, the Debtors have not returned any keys to the Leased Premises to Steel nor have they provided any notice that Steel may re-let the premises. To the contrary, the Debtors' subtenant, Winthrop Hospital or one of its affiliates (collectively, "Winthrop"), continues to occupy and conduct business in the Leased Premises. Further, upon information and belief, Winthrop continues to pay rent to the Debtors. Winthrop's relationship to the Leased Premises is entirely via the Debtors. Steel has no contract or agreement, nor is it in privity under New York law, with Winthrop. *See Federated Retail Holdings, Inc. v. Weatherly 39th St., LLC*, 77 A.D.3d 573, 574 (1st Dep't 2010). Accordingly, the Debtors cannot effectuate their intended rejection of the Lease until they and their subtenant have vacated the Leased Premises.

## LIMITED OBJECTION

2. On November 16, 2018, the Court entered the *Order Authorizing Debtors to Establish Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith* [Docket No. 800] (the "Rejection Procedures Order"), pursuant to which, *inter alia*:

> The Debtors are authorized, but not directed, to reject Leases effective as of (unless otherwise ordered by the Court) the later of

2

> (i) service and filing of the Rejection Notice and (ii) the date the Debtors have surrendered the leased premises to the landlord, other applicable lease counterparty, or designee (the "<u>Landlord</u>") via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the Landlord, or, if not delivering such keys or codes, providing notice that the Landlord may re-let the premises (the "<u>Rejection Date</u>") . . . .

(Rejection Procedures Order, ¶ 2.)

3. On February 26, 2019, the Debtors filed the Rejection Notice, listing the Lease as one they sought to reject, as follows:

| STORE ID NO. | COUNTERPARTY-LANDLORD AND ADDRESS | COUNTERPARTY-SUBTENANT/ASSIGNEE AND ADDRESS | DEBTOR | PROPERTY ADDRESS | REJECTION DATE | ABANDONED PERSONAL PROPERTY |
|---|---|---|---|---|---|---|
| 1004 | Steel 1111, LLC c/o Steel Equities 999 South Oyster Bay Road Suite 200 Bethpage, NY 11714 | Lands' End, Inc. Attn: Sr. Vice President & General Counsel 5 Lands' End Lane Dodgeville, WI 53595 | Sears, Roebuck and Co. | 1111 Franklin Ave Garden City, NY 11530-1617 | 2/26/2019 | Shelving, fixtures, compactor, baler, it equipment, counters, shopping carts, office furniture, compactor, whse racking |

(Rejection Notice, Annex A, at 1.)

4. The Rejection Notice purports to effectuate rejection as of February 26, 2019, even though the Debtors have not returned the keys to the Leased Premises, nor have they informed Steel that it may re-let the Leased Premises, as required by the Rejection Procedures Order as a condition precedent to the Rejection Date. This alone precludes a Rejection Date of February 26, 2019.

5. Moreover, the Rejection Notice does not identify or recognize Winthrop as the Debtors' subtenant at the Leased Premises and fails to acknowledge that Winthrop remains in possession of the Leased Premises and, to the best of Steel's knowledge, continues to pay rent to the Debtors.[2]

---

[2] To the best of Steel's information and belief, Lands' End, Inc., listed on the Rejection Notice, Annex A, as the Debtors' purported "counterparty-subtenant/assignee" at the Leased Premises, is one of the Debtors' brands.

3

6. The Debtors' rejection of the Lease cannot be effective unless and until Winthrop vacates the premises. In *In re Amicus Wind Down Corp.*, No. 11-13167 (KG), 2012 Bankr. LEXIS 662 (Bankr. D. Del. Feb. 24, 2012), an analogous case, the court sustained a landlord's objection to a debtor's purported rejection of a non-residential lease pursuant to notice under lease rejection procedures, because under the procedures order and operation of the Bankruptcy Code, the debtor could not possibly have delivered even constructive possession of the leased premises back to the landlord while the debtor's subtenant remained in possession. *Id.* at *5-8; *see* 11 U.S.C. § 365(d)(4); *In re Henderson*, 245 B.R. 449, 453 (Bankr. S.D.N.Y. 2000) ("Where the trustee rejects a non-residential real property lease, he must immediately surrender the property to the lessor."). *Amicus* found as such even where the subtenant was not actually operating on the premises – as Winthrop is here – but rather, merely had left behind equipment and furniture. 2012 Bankr. LEXIS 662, at *7. The court further ruled that the debtors, not the landlord, should bear the burden of evicting the subtenant, because the debtors "enjoyed the right, and the benefit, of the Sublease" and, unlike the landlord, were "in privity of contract with the Subtenant" and "best legally situated to resolve this situation in the New York courts." *Id.* at *7-8.

7. Steel recognizes that rejection of the Lease triggers the termination of the Debtors' sublease with Winthrop and that notwithstanding Section 365(h)(1)(A)(ii) of the Bankruptcy Code, Winthrop has no remaining possessory interest in the Leased Premises:

> [A] proper reading of section 365(h)(1)(A)(ii)'s reference to the subtenant's 'rights under such [sub]lease' and section 365(d)(4)'s surrender requirement show that section 365(h) does not give the subtenant a meaningful election to remain in its former subtenancy when the debtor has rejected the overlease first or simultaneously with the sublease.

---

Steel has no knowledge of any agreement(s) between the Debtors and Lands' End, Inc., and does not believe that Lands' End, Inc. is in possession of the Leased Premises.

4

> In that instance, the requirement that the debtor surrender possession to its landlord is tantamount to termination as far as the subtenant's rights as lessee 'under the [sub]lease' -- the operative phrase in section 365(h)(1)(A)(ii) -- are concerned . . . . [G]iven that the debtor is required to surrender the premises to its landlord under section 365(d)(4) -- the subtenant lacks any meaningful right to possession from the debtor 'under the [sub]lease,' which the debtor . . . can no longer confer.

*In re The Great Atl. & Pac. Tea Co., Inc.*, 544 B.R. 43, 53-54 (Bankr. S.D.N.Y. 2016) (Drain, J.) (citations omitted); *see SubCulture, LLC v. Rogers Invs. (In re Culture Project)*, 571 B.R. 555, 560 (Bankr. S.D.N.Y. 2017) ("[T]he cases in this district have held that section 365(h) applies only when the debtor continues to own or to have its own rights as to the relevant property. They rely also on the notion that giving subtenants an option to remain in possession would be inconsistent with the requirement that the debtor surrender its rights to the property and that the debtor do so immediately.") (citation omitted).  However, until the Debtors and their subtenant vacate the Leased Premises, the Debtors' obligations under the Lease cannot terminate and the accrual of administrative expenses continues.

8.    Thus, while Steel has no objection to the Debtors' rejection of the Lease in and of itself as an exercise of the Debtors' business judgment, that rejection cannot be deemed effective as of the Debtors' proposed date, February 26, 2019.  The Rejection Date cannot occur and cut off the accrual of administrative expenses until Winthrop vacates the Leased Premises. Additionally, until such date, the Debtors must continue to perform timely all of their obligations under the Lease, including but not limited to paying all postpetition rent due thereunder, until the effective date of rejection.  *See* 11 U.S.C. § 365(d)(3).

## RESERVATION OF RIGHTS

9. Steel reserves all rights under the Bankruptcy Code and applicable non-bankruptcy law, and waives none.

10. In particular, Steel refers the Debtors to its letter dated February 20, 2019, attached hereto as Exhibit A, which the Debtors have ignored (the "February 20 Letter"). The February 20 Letter addresses numerous issues relating to the Debtors' failure to maintain properly the Leased Premises since the commencement of their Chapter 11 cases. Most critically during these winter months, the Debtors have failed to maintain heating, ventilating and mechanical systems properly and have failed to remove snow from the Leased Premises. The continuation of these breaches of the Lease have created hazardous conditions on the Leased Premises that the Debtors must redress promptly.

## NOTICE

11. Steel has provided notice of this Limited Objection as directed in the Rejection Notice and Rejection Procedures Order. Steel submits that no other or further notice is required.

**CONCLUSION**

Steel respectfully requests that the Court order that the effective date of rejection of the Lease may not occur unless and until Winthrop vacates the Leased Premises, and that the Debtors' obligations under the Lease shall continue until such date, and grant such other and further relief as it deems proper.

Dated: March 8, 2019
New York, New York

KASOWITZ BENSON TORRES LLP

By: /s/ *Matthew B. Stein*
Matthew B. Stein (mstein@kasowitz.com)
Michele L. Angell (mangell@kasowitz.com)
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (212) 506-1800

*Attorneys for Steel 1111, LLC*