**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
Facsimile: (212) 885-5001
Jeffrey Rhodes (*admitted pro hac vice*)
Evan J. Zucker

*Attorneys for Kin Properties, Inc.; Aleff LLC; Arcolo Limited Partnership; Cansan Company, LLC; Fairsan Company LLC; Floreff LLC; Fundamentals Co LLC; Hareff LLC; Hillsborough Associates; Pasan Trust; Mantkin LLC; Musue LLC; Nathan Alison LLC; Sugencole LLC; Sugengran LLC; and Sugensteve LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

**OBJECTION AND RESERVATION OF RIGHTS OF THE KIN LANDLORDS WITH RESPECT TO THIRD SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Kin Properties, Inc. ("Kin Properties") and Mantkin LLC (together with Kin Properties and certain of their affiliates as more fully set forth below, the "Kin Landlords") hereby file this objection and reservation of rights (the "Objection") in response to the *Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF No. 2753] (the "Third Supplemental Notice"), and to supplement the Kin Landlords' previously filed *Objection and Reservation of Rights of the Kin Landlords With Respect to Initial and Supplemental Notices of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Asset Sale Transaction* [ECF No. 2261] (the "Supplemental Objection"), regarding the potential assumption and assignment of the lease of the Manteno Property (as defined herein).  In support of this Objection, the Kin Landlords respectfully state as follows:

## BACKGROUND

1.      Beginning on October 15, 2018 (the "Petition Date") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Kin Landlords are the owners or managing agents for the owners of numerous single-tenant (and some multi-tenant) retail and industrial properties located throughout the United States and in Canada.  Pursuant to certain leases (each a "Kin Lease" and together the "Kin Leases"), one or more of the Debtors lease or occupy real property in which one or more of the Kin Landlords hold interests for the locations identified on Exhibit A hereto.

3.      One of the Kin Landlords, Mantkin LLC, is the landlord under a lease of non-residential property located at 1600 Boudreau Road, Manteno, Illinois and designated by the

Debtors as Store Number 440 (the "Manteno Property") under which debtor Innovel Solutions, Inc. is the tenant (the "Manteno Lease"). The Kin Leases, including the Manteno Lease, were as of the Petition Date, and continue to be, unexpired leases of non-residential real property.

4. On January 18, 2019, the Debtors filed the (a) *Notice of Successful Bidder and Sale Hearing* (the "Sale Transaction Notice") [ECF No. 1730], attaching the executed asset purchase agreement between the Debtors and Transform Holdco, LLC, an affiliate of ESL Investments, Inc. ("Buyer"), dated January 17, 2019 (the "Asset Purchase Agreement") and (b) the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Initial Notice").

5. In response to the Initial Notice, the Kin Landlords filed their *Objection and Reservation of Rights of the Kin Landlords With Respect to Proposed Global Asset Sale Transaction and Notice of Cure Amounts and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [ECF No. 1930] (the "Initial Objection"). Pursuant to the Initial Objection, the Kin Landlords, *inter alia*, reserved their rights to supplement the Initial Objection, including without limitation to amend or supplement any statements of cure amounts. The Kin Landlords hereby incorporate the objections and reservations of rights set forth in the Initial Objection as if fully set forth herein.

6. On January 24, 2019, the Debtors served their *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF No. 1774] (the "Supplemental Notice") identifying additional contracts and leases that might be assumed and assigned in connection with the Global Asset Sale Transaction.

7.     The Supplemental Notice identified a number of Kin Leases as being potentially subject to assumption and assignment to the Buyer, including a "Master Lease" between Innovel Solutions, Inc. and Kin Properties, Contract Number S440-14-A, with a stated alleged cure amount of $228,290.  *See* Supplemental Notice, p. 22 of 61 at Item No. 318.  Although identified in Exhibit A-1 of the Supplemental Notice under the category of Additional Executory Contracts (rather than in an exhibit identifying unexpired leases of non-residential real property), the Kin Landlords understood the reference to the "Master Lease" to mean the Manteno Lease.

8.     Accordingly, in response to the Supplemental Notice, the Kin Landlords filed their Supplemental Objection, and therein objected, *inter alia*, to the Debtors' alleged stated cure amount with respect to the Manteno Lease.  *See* ECF No. 2261-3 at p. 4 of 5.  The Kin Landlords hereby incorporate the objections and reservations of rights set forth in the Supplemental Objection as if fully set forth herein.

9.     On January 28, 2019, the Kin Landlords received from the Buyer's counsel a letter, designated as confidential and proprietary, that purports to demonstrate Buyer's adequate assurance of future performance.  On February 3, 2009, the Kin Landlords received additional correspondence from the Buyer's counsel, forwarding the declaration of Kunal Kamlani, President of ESL Investments [ECF No. 2356], as information purportedly further supporting Buyer's ability to satisfy the requirements for adequate assurance of future performance under sections 365(f)(2)(B) and, if applicable, 365(b)(3) of the Bankruptcy Code.

10.    On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing*

*the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* [ECF No. 2507] (the "Sale Order").

11. On March 5, 2019, the Debtors filed the Third Supplemental Notice [ECF No. 2753]. The Manteno Lease is listed on Exhibit B to the Third Supplemental Notice with an alleged stated cure amount of zero. *See* Third Supplemental Notice [ECF No. 2753] at p. 27 of 29.

12. The Third Supplemental Notice, like its predecessors, states that at the time of its filing, the Buyer has not designated any contracts or leases for assumption and assignment to the Buyer, and advises counterparties that "[y]ou will receive an additional notice informing you if your Contract or Lease is designed for assumption or assignment to the Buyer." *Id*. at ¶ 16.

13. As of the date hereof, the Kin Landlords have not been served with any notice designating any of the Kin Leases for assumption and assignment.

**OBJECTION TO PROPOSED CURE AMOUNTS**

14. In order to assume and assign the Manteno Lease, or any of the other Kin Leases,[2] the Debtors are required, at the time of assumption, to cure or provide adequate assurance of the prompt cure of all monetary and non-monetary defaults under the respective leases. 11 U.S.C. § 365(b)(1)(A). This includes, without limitation, any and all defaults with respect to insurance requirements under the Manteno Lease, real estate taxes and other charges (accrued or otherwise), amounts payable under reciprocal easement agreements, utilities (including electricity, gas, oil, water, telephone, sanitary sewer services and all other and utilities), attorneys' fees and costs, repair, maintenance, and replacement obligations, and environmental

---

[2] Each of the Kin Landlords expressly adopts the objections and reservations of rights set forth herein, which apply with equal force to any proposed assumption and assignment of any of the Kin Leases, and further incorporates herein by this reference the objections and reservations of rights set forth in the previously filed Initial Objection and Supplemental Objection.

-5-

cleanup obligations, hazardous materials restrictions, the satisfaction of liens, compliance with laws, indemnification obligations, or similar charges owing under the Manteno Lease that remain undetermined as of the date hereof (the "Unliquidated Obligations").  Thus, for example, the Debtors are not entitled to assume the Manteno Lease by merely curing arrearages in rent. Instead, the Debtors must cure, or provide adequate assurance of promptly curing, all liquidated cure amounts and other Unliquidated Obligations under the Manteno Lease, including, without limitation, their current and future obligations to maintain the Manteno Property and make repairs and replacements, as a condition to the assumption and assignment of the Manteno Lease. *See* 11 U.S.C. § 365(b)(1).

15. The Kin Landlords object to the extent the Debtors seek authorization for the sale or assignment of the Manteno Lease free and clear of any liquidated cure amounts or Unliquidated Obligations under the Manteno Lease, including without limitation any obligations to satisfy unbilled or accrued taxes or other charges, reconciliations, or adjustments.  Any order approving the assumption and assignment of the Manteno Lease should make clear that all liquidated cure amounts must be paid at or prior to assumption and assignment and all Unliquidated Obligations under each respective shall survive, and that the assignee shall take the Manteo Lease subject to all of their respective terms and undertake to satisfy all monetary and all non-monetary obligations under the Manteno Lease, regardless of whether such Unliquidated Obligations could be argued to have existed, occurred, or accrued prior to the assumption and assignment of the Manteno Lease.

16. An updated statement of liquidated cure amounts known by the Kin Landlords with respect to the Manteno Lease is attached hereto as Exhibit B.  Based on currently available information, the amounts set forth on Exhibit B must be paid to the Kin Landlords in connection

with any proposed assumption and assignment of the Manteno Lease. Such liquidated cure amounts, however, do not include any Unliquidated Obligations or all cure amounts that may become due and owing after the date hereof and prior to the time the Manteno Lease is actually assumed and assigned, or any amounts that are currently unknown or undetermined by the Kin Landlords. Additionally, the results of any inspections that the Kin Landlords have conducted or may conduct at the Manteno Property may reveal additional cure amounts due. The Kin Landlords accordingly reserve the right to amend or supplement any statement of cure amount as necessary or appropriate under the circumstances, including without limitation to account for the result of any inspections, year-end adjustments which have not yet been billed or have not yet become due under the terms of the Manteno Lease, amounts that become due and owing after the date hereof and prior to the time the Manteno Lease is actually assumed and assigned, or amounts that the Kin Landlords become aware of after the date hereof.

## OBJECTIONS REGARDING
## ADEQUATE ASSURANCE OF FUTURE PERFORMANCE

17. In connection with any lease to be assumed and assigned, the Asset Purchase Agreement requires the Buyer to deliver adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code and that the Debtors are not obligated to assume and assign any lease in which the Buyer fails to satisfy the Bankruptcy Court as to adequate assurance of future performance. Asset Purchase Agreement at ¶ 2.7.

18. Sections 365(f)(2)(B) and 365(b)(1) of the Bankruptcy Code require that adequate assurance of future performance by a proposed assignee be provided, whether or not there has been a default under a contract or lease. The Debtors and the Buyer have the burden of proving adequate assurance of future performance with respect to the potential assumption and assignment of the Kin Leases, including without limitation the Manteno Lease. *In re Res. Tech.*

*Corp.*, 624 F.3d 376, 384 (7th Cir. 2010) ("As the party seeking to become the assignee, the Trust had the burden of proving it met the requirements of § 365(f)."); *In re C.W. Mining Co.*, Adv. No. 09-2248, 2010 WL 458914, at *9 (Bankr. D. Utah Feb. 10, 2010) (stating the "[t]rustee has the burden to prove that the statutory requirements for assumption and assignment have been met" under §§ 365(b)(1) and (f)(2)).

19.     The Kin Landlords hereby reserve all rights with respect to Buyer's obligation to demonstrate adequate assurance of future performance, and leave the Debtors and any assignee to their burden of proving, *inter alia*, that the requirements of section 365(f)(2)(B) have been satisfied with respect to any proposed assignee, including the Buyer.

## GENERAL RESERVATION OF RIGHTS

20.     The Kin Landlords expressly reserve all of their respective rights under the Manteno Lease (and each of the other Kin Leases, as applicable) with respect to any and all obligations of the Debtors and/or any proposed assignee as tenant, including without limitation the Kin Landlords' rights to claim any amounts of rent, charges to compensate for monetary defaults, such as accrued real estate taxes, utility charges that have been assessed against the Manteno Property, unsatisfied liens on the Manteno Property created by the Debtors and/or the proposed assignee and/or insurance premiums, and charges to compensate for non-monetary defaults, including without limitation all maintenance, indemnification and environmental obligations of the Debtors and/or any proposed assignee.

21.     The Kin Landlords further reserve all rights to raise further objections, as necessary or appropriate under the circumstances, relating to any proposed assumption and assignment of any Kin Leases, including without limitation any objections relating to the obligations of the Debtors and/or any proposed assignee to cure any defaults under the Kin

Leases, and the ability of any proposed assignee to provide adequate assurance of future performance.

### CONCLUSION

WHEREFORE, the Kin Landlords hereby requests that any order approving the assumption and assignment of the Manteno Lease incorporate the objections and other relief requested herein and in the Kin Landlords' Initial Objection and Supplemental Objection, and that they be granted such other or further relief as is just and appropriate under the circumstances.

Dated: New York, New York
      March 13, 2019        **BLANK ROME LLP**

        By:    */s/* Evan J. Zucker
                Evan J. Zucker
                The Chrysler Building
                405 Lexington Avenue
                New York, New York 10174
                Telephone:  (212) 885-5000
                Facsimile:   (212) 885-5001
                Email:        EZucker@BlankRome.com

                and

                Jeffrey Rhodes (*admitted pro hac vice*)
                1825 Eye Street NW
                Washington, D.C. 20006
                Telephone:  (202) 420-3150
                Facsimile:   (202) 420-2201
                E-mail:      JRhodes@BlankRome.com

*Attorneys for Kin Properties, Inc.; Aleff LLC; Arcolo Limited Partnership; Cansan Company, LLC; Fairsan Company LLC; Floreff LLC; Fundamentals Co LLC; Hareff LLC; Hillsborough Associates; Pasan Trust; Mantkin LLC; Musue LLC; Nathan Alison LLC; Sugencole LLC; Sugengran LLC; and Sugensteve LLC*