UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re: SEARS HOLDING CORPORATION, et al.,

              Debtors.

---------------------------------------------------------------x

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

# OBJECTION OF NORTH K I-29 2004, LLC TO CURE COSTS AND REQUEST FOR ADEQUATE ASSURANCE TO POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION

North K I-29 2004, LLC ("Landlord"), by and through its undersigned counsel, hereby submits this cure objection ("Cure Objection") to the proposed cure amount (the "Proposed Cure Amount") for Landlord's lease listed in the *Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction" ["Third Supplemental Notice"] (listing Landlord's lease as # 3239).* This pleading sets out Landlord's Request for Adequate Assurance of Performance ("Adequate Assurance"). In support thereof, Landlord states:

1. According to the Third Supplemental Notice, Sears Holdings Corporation and various affiliates (the "Debtors") may seek to assume and assign Landlord's Lease to Transform Holdco, LLC (the "Buyer"). The Third Supplemental Notice does not specify the Proposed Cure Amount for Landlord's lease. Landlord files this Cure Objection to assert that the correct amount needed to cure all monetary defaults is estimated between $600,000 and $1,200,000.

6448479_1

2.   The Cure Amount does not include amounts that will become due in the ordinary course of business. If the Lease is assumed, the Buyer must be responsible for satisfying these obligations.

## OBJECTION TO CURE AMOUNT

3.   On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4.   North K I-29 2004, LLC is the successor landlord with respect to Lease No. 3239 (the " Ground Lease") listed as Item 38 in Exhibit B to the Third Supplemental Notice.

5.   Attached hereto as **Exhibit A** is that certain ground Lease by and between Allen B. Kipper, et al. ("Lessor") and Malan Construction Company ("Lessee" and "Developer") dated September 30, 1974. Said documents show that North K I-29 2004, LLC is the current Landlord and Troy Coolidge No. 18, LLC, a Michigan limited liability company, a subsidiary of Debtor, is the Tenant (the "Ground Lease").

6.   Attached hereto as **Exhibit B** is that certain building sublease by and between Malan Construction Company (now Troy Coolidge No. 18, LLC) and S.S. Kresge Company ("Kmart") (the "Building Lease").

7.   In addition. Debtor has subleased adjacent small shops for which Debtor owes to Landlord percentage rent.

## CURE AMOUNT OBJECTION

8.   Debtor, as Troy Coolidge 18, LLC or its successor entity, is in default of its obligations under the Ground Lease to Landlord.

9.      Debtor, as Kmart, LLC and as Troy Coolidge No 18, LLC, are both in default under the Building Lease.  With respect to said Building Lease defaults, Landlord asserts its rights to the Cure Amount either because Landlord is a third party beneficiary or because the distinction between the Ground Lease and the Building Lease should be ignored with respect to said obligations by the doctrine of merger.

10.     Pursuant to the Ground Lease, Debtor is obligated as follows:

    a.  Pay percentage rent for sales from the Kmart premises and 25% of the percentage rent paid by the small shop tenants to Debtor;

    b.  Pay all real estate taxes and ad valorem taxes and special assessments;

    c.  Insure the buildings and premises for liability and property damage;

    d.  Comply with all rules, orders and regulations of the federal, state and municipal governments or other duly constituted public authority affected said buildings and demised premises;

    e.  Cause the Leased Premises to be maintained in a neat and clean condition at all times;

    f.  Repair, rebuild and replace improvements damaged by "fire, the elements or any other casualty";

    g.  At the expiration of the Lease Term, surrender the demised Premises together with alterations, additions and improvements in good order and condition except for ordinary wear and tear and loss or damage by fire, the elements or other casualties.

11.     Debtor, despite the terms and conditions of the Ground Lease, has failed to remit percentage rent (if any) paid by the small shop subtenants or otherwise provide Landlord with appropriate accounting.

12.     Debtor, under the Building Lease, is to maintain, replace and repair the Premises and improvements thereon "necessary to keep the demised premises in a good state of repair and tenantable condition … ."

13. Debtor, despite its obligations under the Ground Lease and the Building Lease, failed and continues to fail to maintain the Premises, which are in not in adequate condition or repair. Landlord, after an exterior inspection of the Premises, estimates the Premises requires a new roof, maintenance of parking lot and exterior improvements, and maintenance of the HVAC. Landlord further estimates that the interior (which Landlord has not yet been able to inspect) will require asbestos removal, environmental remediation, and other maintenance.

14. Landlord estimates in good faith, subject to further inspection, the Premises require between $600,000 and $1,200,000 to cure Debtor's failure to maintain required by the Ground Lease and Building Lease.

15. In addition, the Cure Amount should include accrued, but unbilled or not yet due, obligations under the Lease for taxes and percentage rent. These amounts must be paid, or reserved, by the Debtor, prior to any assumption and assignment of the Lease must be liable for such amounts without regard to whether such amounts are attributable to pre-assignment or post-assignment periods.

16. Landlord is without sufficient information regarding whether all utilities and insurance obligations under the Lease have been paid and these amounts must be paid, or reserved, by the Debtor, prior to any assumption and assignment of the Lease

17. The Cure Amount should include contractual obligations to indemnify the Landlord for any events occurring prior to any assumption and assignment of the Lease. Such claims may include, but are not limited to, (i) claims for personal injuries which occur at the property where a Landlord is joined as a party defendant; (ii) claims for damage and destruction to the property by the Debtor or its agents; and (iii) claims for environmental damage or

4

environmental cleanup. The Debtor must otherwise provide assurance that such indemnification obligations will be satisfied.

## REQUEST FOR ADEQUATE ASSURANCE OF PERFORMANCE

18. Section 365(f)(2) provides:

> The trustee may assign an executory contract or unexpired lease of the debtor only if--
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default under such contract or lease.

11 U.S.C. § 365(f)(2).

19. Section 365(b)(1) of the Bankruptcy Code further provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee--
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default...;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

20. The entire Premises constitutes a shopping center as defined in 11 U.S.C. § 365(b)(3).

21. Prior to assuming a lease of a shopping center that is in default, a debtor must, *inter alia*, provide adequate assurance of future performance to the landlord. 11 U.S.C. § 365(b)(1).[1] Bankruptcy Code section 365(b)(3) states:

> (3) For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance—
>
> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

22. Because the Landlord has yet to receive any information about Transform Holdco, LLC, Landlord objects to the proposed assumption and assignment of the Ground or Building Lease for lack of adequate assurance of future performance.

20. Under 11 U.S.C. § 365(b)(1) and (b)(3) and under 11 U.S.C. § 365(f)(2)(B), the Landlord is entitled to "adequate assurance" of future performance by the Proposed Assignee. In re Ionosphere Clubs, Inc., 85 F.3d 992, 999 (2d Cir. 1996) (section 365(b) is designed to ensure that parties receive the benefit bargained for if a lease or contact is assumed); c.f., In re Embers

---

[1] Bankruptcy Code section 365(b)(1) provides that "[i]f there has been a default in an ... unexpired lease of the debtor, the trustee may not assume such ... lease unless, at the time of assumption of such ... lease, the trustee - (A) cures, or provides adequate assurance that the trustee will promptly cure such default ... (B) compensates, or provides adequate assurance that it will promptly compensate ... [the landlord] for any actual pecuniary loss ... resulting from such default, and (C) provides adequate assurance of future performance under such ... lease."

86th Street, Inc., 184 B.R. 892, 900-01 (Bankr. S.D. N.Y. 1995) (adequate assurance of payment of cure did not exist where plan was to "meet its projections by reducing staff (and thereby affording customers fewer services) while simultaneously offering smaller food portions at increased prices"); Matter of World Skating Center, Inc., 100 B.R. 147, 148-49 (Bankr. D. Conn. 1989) ("[a]dequate assurance requires a foundation that is non-speculative and sufficiently substantive so as to assure the landlord that it will receive the amount of the default"); In re Future Growth Enterprises, Inc., 61 B.R. 469 (Bankr. E.D. Pa. 1986) (lease could not be assumed where operating profit was too narrow to provide adequate assurance that arrearages could be cured).

### REQUEST FOR ADDITIONAL RELIEF

23.　　The Landlord is entitled to attorneys' fees pursuant to the Lease. Attorneys' fees incurred by the Landlord are properly included in the cure amount as actual pecuniary losses. See In re Bullock, 17 B.R. 438, 439 (9th Cir. BAP 1982); *see also*, In re Westview 74th Street Drug Corp., 59 B.R. 747, 756 (Bankr. S.D. N.Y. 1986) (recognizing that express contractual provisions for attorneys' fees gives rise to a right to obtain reasonable attorneys' fees as part of curing the default and in compensation for actual pecuniary loss under section 365 of the Bankruptcy Code); *see also*, In re Williams, 2011 Bankr. LEXIS 2463, *3 (Bankr. D. Del. June 24, 2011) (holding that attorneys' fees incurred because of enforcement actions taken to enforce a lease are properly recoverable as part of a cure payment if the lease provides for attorneys' fees); *see also*, In re Crown Books Corp., 269 B.R. 12, 16 (Bankr. D. Del. 2001).

24.　　Landlord reserves its rights to assert additional cure amounts and make such other and further objections to the assumption and assignment of the Lease as it deems necessary or appropriate.

25. Landlord hereby joins in and incorporates by reference objections filed by other landlords in this case, including those filed subsequent hereto, to the extent such objections are not inconsistent herewith.

WHEREFORE, the Landlord respectfully requests that this Court enter an order:

A. Sustaining this Objection;

B. Denying the Debtor's request to assume and assign the Ground Lease or Building Lease to an, as of yet, unknown Proposed Assignee, unless the Debtor and the Proposed Assignee meet all requirements under the Bankruptcy Code in accordance with this Objection;

C. Establishing a fair and appropriate discovery and evidentiary hearing schedule in connection with any non-consensual request to assume and assign any of the Lease; and

D. Granting the Landlord such other and future relief as the Court deems appropriate.

WHEREFORE, Landlord respectfully requests that the cure amount necessary to be satisfied in order to assume and assign the Lease include the amounts and obligations set forth in this Cure Objection.

Respectfully submitted,

McDOWELL, RICE, SMITH & BUCHANAN

*/s/ Stuart E. Bodker*
Stuart E. Bodker, MO Bar #29194
605 W. 47th Street, Suite 350
Kansas City, MO 64112
(816) 753-5400 telephone
(816) 753-9996 facsimile
sbodker@mcdowellrice.com

ATTORNEYS FOR NORTH K I-29 2004, LLC

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served via electronic mail this 13th day of March, 2019 upon the parties listed below:

Sears Holdings Management Corporation
Attn: Rob Riecker (rob.riecker@searshc.com)
Attn: Luke Valentino (luke.valentino@searshc.com)
Attn: Mohsin Meghji (mmeghji@miiipartners.com)
Attn: General Counsel (counsel@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotschal & Manges, LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (Jacqueline.marcus@weil.com)
Attn: Garrett A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Lazard Freres & Co., LLC
Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom, LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana,Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

Bank of America, N.A.
c/o Berkeley Research Group, LLC
2200 Powell Street, Suite 1200
Emeryville, CA 94608

Wells Fargo Bank, National Association
c/o Choate, Hall & Stewart, LLP
Attn: Kevin J. Simard (ksimard@choate.com)
Attn: Jonathan D. Marshall (jmarshall@choate.com)
Two International Place
Boston, MA 02110

Akin Gump Strauss Hauer & Feld, LLP
Attn: Philip C. Dublin (pdublin@akingump.com)
Attn: Ira S. Dizengoff (idizengoff@akingump.com)
Attn: Abid Qureshi (aqureshi@akingump.com)
Attn: Sara L. Brauner (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani (kunal@eslinvest.com)
Attn: Harold Talisman (harold@eslinvest.com)
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Cleary Gottlieb Steen & Hamilton, LLP
Attn: Christopher E. Austin (caustin@cgsh.com)
Attn: Benet J. O'Reilly (boreilly@cgsh.com)
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Office of the United States Trustee
Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014


                                                            */s/ Stuart E. Bodker*