GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, Massachusetts  02110-3333
Tel:    (617) 482-1776
Fax:    (617) 574-4112
Douglas B. Rosner, Esq.

885 Third Avenue, 18th Floor
New York, New York 10022
Tel:    (212) 878-6900
Fax:    (212) 878-6911
Trevor R. Hoffmann, Esq.

*Counsel to OND Property, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) Case No. 18-23538 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**LIMITED OBJECTION OF OND PROPERTY, LLC TO THIRD**
**SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL**
**ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

OND Property, LLC (the "Landlord") hereby files this limited objection (the "Limited

Objection") to the potential assumption and assignment of Landlord's lease and the cure amount

proposed by the above-captioned debtors (the "Debtors") in the *Third Supplemental Notice of*

*Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired*

*Leases in Connection with the Global Sale Transaction* [Docket No. 2753] (the "Supplemental

Cure Notice").  In further support of this Limited Objection, the Landlord states as follows:

4818-4639-0666

## BACKGROUND

1.      On January 18, 2019, the Debtors filed a *Notice of Successful Bidder and Sale Hearing* (the "Sale Notice") [Docket No. 1730], in which the Debtors declared Transform Holdco, LLC (the "Buyer")[1], to be the successful bidder to acquire substantially all of the Debtors' assets.

2.      On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III0 Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "Sale Order").

3.      The Landlord and Sears Roebuck and Co., as tenant, are parties to that certain unexpired, nonresidential real property lease dated January 31, 2014 for premises located at One North Dearborn Street, Chicago, Illinois (as may have been amended from time to time, the "Lease").

## CURE OBJECTION

4.      In the Supplemental Cure Notice, the Debtors' assert that the cure amount with respect to the Lease is $5,742.00.

5.      Although the Landlord does not object to the base cure amount listed in the Supplemental Cure Notice, the Landlord is owed additional cure amounts related to legal fees in the amount of $30,765.00.  The Debtors are required to take into account the actual pecuniary losses suffered by the Landlord resulting from the Debtors' defaults under the Lease.  The Landlord is entitled to be reimbursed under the terms of the Lease, and pursuant to Section

---

[1] For the purposes of this Objection, such term shall include Buyer, its designees, assignees and their respective affiliates, as applicable.

4818-4639-0666

365(b)(1)(B) of the Bankruptcy Code[2], for its actual pecuniary losses, including, but not limited to, attorneys' fees and costs incurred in response to and directly resulting from the Debtors' defaults and request to assume and assign the Lease as part of their contemplated sale process. This amount is subject to increase as and to the extent the Landlord incurs additional attorney's fees and costs in these cases.

6.      Taking the foregoing cure amount in the aggregate, the Landlord submits that the minimum cure amount for the Lease, as of the date hereof, is $36,507.00 (the "Cure Claim").

7.      In addition, the amount of the Cure Claim remains subject to upward adjustment for amounts that are billed or become due under the Lease after the date hereof including, without limitation, any year-end additional rent true-up amounts and other reconciliations that may later be billed by the Landlord for, among other things, royalties, rents, utilities, taxes, insurance, fees, common area charges, promotional funds and percentage rent (the "Lease Reconciliations").

8.      In addition to the monetary obligations that the Debtors must satisfy under Section 365 of the Bankruptcy Code, the Lease also provides that the Debtors must indemnify and hold harmless the Landlord with regard to existing claims as well as with regard to events which may have occurred before the assumption and assignment of the Lease but which are not made known to the Landlord (and possibly the Debtors) until after the assumption and assignment.    Accordingly, the Debtors must be required to evidence, or obtain adequate insurance in order to guaranty (by way of their purchase of a "tail" or otherwise), that the indemnity responsibilities will be met.[3]

---

[2] 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code")

[3] If the Debtors are covered under an "occurrence basis" insurance policy, rather than a "claims made" insurance policy, this objection may be satisfied by proof of such insurance by the Debtors for the Landlord's location.

4818-4639-0666

## ADEQUATE ASSURANCE OBJECTION

9.      The Landlord also requires that the Buyer or its designee provide current adequate

assurance information demonstrating its ability to perform under the Lease going forward.  The

Landlord has not been provided any projections that would lead it to believe that the

circumstances of the Debtors' finances will be any better, or any different, than they have been

for the last months and years.  Sears continues to be owned by the same ultimate sponsor fund.

Nothing has been provided that indicates Sears will not continue to lose hundreds of millions of

dollars in the near future as they have done the last few months.

10.      As contemplated in Sections 365(b)(3) and 365(f) of the Bankruptcy Code, the

Landlord requires that the following additional adequate assurance information be made

available to the Landlord and its counsel before the assumption and assignment of the Lease:

- Pro forma financial statements for the proposed tenant and projections evidencing viability of the proposed tenant, along with supporting documentation and any financial support for its obligations (*e.g.*, a letter of credit or deposit supporting its rent obligations);

- The proposed tenant's most recent business plan and cash flow projections for each lease/location;

- Any historical and current financial statements for the proposed tenant;

- The specific name of the proposed tenant and an organizational chart; and

- The specific intended use for the space.

11.      Adequate assurance of future performance is particularly important in light of

real-time issues before the Court, including Debtors' administrative solvency and Buyer's

performance under the APA, including (in the Debtors' words) Buyer's "ongoing effort to sidestep the liabilities which Buyer assumed under the APA"[4].

## RESERVATION OF RIGHTS

12.     The Landlord reserves the right to supplement this Limited Objection with additional charges, obligations and costs (including attorney's fees and expenses) that may arise under the Lease prior to the effective date of any assumption of the Lease.  Additionally, the Landlord reserves all of its rights, including without limitation, with respect to all Reserved Lease Issues as defined in the Sale Order.  Nothing herein shall be interpreted as consent by the Landlord to the assumption or assignment of the Lease and all objections and defenses to any request by Debtors to assume or assume and assign the Lease are expressly preserved.

## JOINDER

13.     The Landlord hereby joins in any other objections to the sale, cure notice and any supplemental cure notices filed by other landlords or the Official Committee of Unsecured Creditors, to the extent not inconsistent with this Limited Objection or expressly over-ruled by the Sale Order.

WHEREFORE, the Landlord respectfully requests that the Court enter an order (i) allowing the Cure Claim in the amount of at least $36,507.00 (subject to adjustment to account for any charges under the Lease that become due after the date hereof), (ii) providing that Buyer shall be liable to pay any and all Lease Reconciliations as and when they become due and payable under the Lease regardless of when they arose, and that the Buyer shall remain liable for any shortfall for any and all accrued charges, reconciliations, indemnity obligations and other

---

[4] *See Debtors' (I) Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property, and (II) Response to Transform Holdco LLC's Motion to Assign Matter to Mediation* [Docket No. 2796] at ¶4.

4818-4639-0666

obligations under the Lease, whether or not such charges and obligations relate to a period of time prior to assignment of the Lease, and (iii) granting to the Landlord such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated:  March 13, 2019

/s/ Douglas B. Rosner
Douglas B. Rosner, Esq.
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA  02110-3333
Tel:  (617) 482-1776
drosner@goulstonstorrs.com

Trevor R. Hoffmann
GOULSTON & STORRS PC
885 Third Avenue, 18th Floor
New York, New York 10022
Tel:     (212) 878-6900
Fax:     (212) 878-6911
thoffman@goulstonstorrs.com

4818-4639-0666

GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, Massachusetts  02110-3333
Tel:   (617) 482-1776
Fax:   (617) 574-4112
Douglas B. Rosner, Esq.

885 Third Avenue, 18th Floor
New York, New York 10022
Tel:   (212) 878-6900
Fax:   (212) 878-6911
Trevor R. Hoffmann, Esq.

*Counsel to OND Property, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) | Case No. 18-23538 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2019, I caused a copy of the

foregoing pleading to be served via (i) overnight mail delivery to the Chambers of the

Honorable Judge Robert D. Drain, and (ii) via ECF, electronic mail or first-class mail to

all parties on the attached service list.

/s/ Douglas B. Rosner
Douglas B. Rosner, Esq.
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA  02110-3333
Tel:  (617) 482-1776
drosner@goulstonstorrs.com

1

4818-4639-0666

**Service List**

<u>**EMAIL/ECF**</u>

**I.    Bid Notice Parties**

a.    Debtors
Rob Riecker: rob.riecker@searshc.com
Luke Valentino: luke.valentino@searshc.com
Mohsin Meghji: mmeghji@miiipartners.com
General Counsel: counsel@searshc.com

b.    Debtors' counsel
Ray Schrock, Esq.: ray.schrock@weil.com
Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
Garrett A. Fail, Esq.: garrett.fail@weil.com
Sunny Singh, Esq.: sunny.singh@weil.com
Ellen J. Odoner, Esq.: Ellen.Odoner@weil.com
Gavin Westerman, Esq.: Gavin.Westerman@weil.com

c.    Debtors' investment banker:
Brandon Aebersold and Levi Quaintance: project.blue.rx@lazard.com

**II.    Buyer Parties**

a.    Buyer
Kunal S. Kamlani: kunal@eslinvest.com
Harold Talisman: harold@eslinvest.com

b.    Counsel
Christopher E. Austin, Esq.: caustin@cgsh.com
Benet J. O'Reilly, Esq.: boreilly@cgsh.com
Sean A. O'Neal, Esq.: soneal@cgsh.com

**III.    Consultation Parties**

a.    Bank of America
Paul Leake, Esq.: Paul.Leake@skadden.com
Shana Elberg, Esq.: Shana.Elberg@skadden.com
George Howard, Esq.: George.Howard@skadden.com

b.    Wells Fargo Bank
Kevin J. Simard, Esq.: ksimard@choate.com
Jonathan D. Marshall, Esq.: jmarshall@choate.com

4818-4639-0666

c.  Committee
Ira S. Dizengoff, Esq.: idizengoff@akingump.com
Philip C. Dublin, Esq.: pdublin@akingump.com
Abid Qureshi, Esq.: aqureshi@akingump.com
Sara L. Brauner, Esq.: sbrauner@akingump.com

## IV.  US Trustee

(served electronically)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Paul Schwartzberg
Richard Morrissey

**Via First Class Mail**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

4818-4639-0666