SIMON ARON (CA State Bar No. 108183)
saron@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:   (310) 478-4100
Facsimile:   (310) 479-1422

Attorneys for Creditor WOLF FAMILY
SERIES LP d/b/a SERIES III, WOLF
FAMILY SERIES LP d/b/a SERIES VII;
ONTARIO ENTERPRISES OF THE WOLF
FAMILY SERIES LP

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Case No. 18-23538-RDD |
|---|---|
| SEARS HOLDINGS CORPORATION, | (Jointly Administered) |
| Debtor. | |

**<u>OBJECTION OF WOLF FAMILY SERIES LP D/B/A SERIES III, WOLF FAMILY SERIES LP D/B/A SERIES VII, ONTARIO ENTERPRISES OF THE WOLF FAMILY SERIES LP TO THIRD SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION</u>**

Wolf Family Series LP d/b/a Series III, Wolf Family Series LP d/b/a Series VII, Ontario Enterprises of the Wolf Family Series LP (collectively "Wolf") hereby files this objection (the "Objection") to (a) the *Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* [Docket No. 2753] (the "3rd Cure Notice"); and (b) the Global Sale Transaction as described and defined in the *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] (the "Successful Bidder Notice"). In support of this Objection, Wolf states as follows:

**BACKGROUND**

1.   Beginning on October 15, 2018 (the "Petition Date") and continuing

1. thereafter, the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket No. 816] (the "Global Bidding Procedures Order").[1]

3. On January 18, 2019, the Debtors filed the Successful Bidder Notice, which gave notice, among other things, that Debtors had determined the offer submitted by Transform Holdco, LLC (the "Buyer"), established by ESL Investments, Inc., to acquire all or substantially all of the Global Assets was the highest and best off for the Global Assets received. Attached to the Successful Bidder Notice as Exhibit B was a copy of the asset purchase agreement between the Buyer and Debtors (the "APA").

4. Also on January 18, 2019, the Debtors filed the Cure Notice. Exhibit A to the Cure Notice identifies a purported "executory contract" with "Series VII of the Wolf Family" and no other information. *See,* Cure Notice, Exhibit A., p. 263, at No. 6308, a true and correct copy of which is attached hereto as Exhibit 1. Although unclear from the Cure Notice, it appears that the Debtors are proposing to assume an unidentified executory contract with Wolf. The problem begins with there is no such executory contract.

5. On January 25, 2019, Wolf filed its *Objection Of Wolf Family Series LP D/B/A Series Iii, Wolf Family Series LP D/B/A Series Vii, Ontario Enterprises Of The Wolf Family Series LP To (A) Notice Of Cure Costs And Potential Assumption And Assignment Of Executory Contracts And Unexpired Leases In Connection With Global Sale Transaction; and (B) Notice of Successful Bidder and Sale Hearing* [Dkt. 1889]. Rather than repeat its earlier objection, Wolf repeats and incorporates the same as though fully set forth herein as length.

6. In its 3rd Cure Notice, Debtors finally correctly point out that Wolf is party to an unexpired sublease of real property with Debtors (the "Sublease") for a portion of the real

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Global Bidding Procedures Order.

{00993490.DOCX;1 }3459450.1                    -2-
NOTICE OF APPEARANCE AND REQUEST FOR SPECIAL NOTICE

property leased by Debtors from Wolf (and specifically Wolf Family Series LP d/b/a Series III) (the "Master Lease") and identified as Store #3483.

**PRELIMINARY OBJECTIONS**

6. Wolf repeats its earlier objection in to preserve its rights, interests, claims and defenses to any proposed cure and assumption and assignment of the Sublease. Wolf objects for other reasons:

    a. The Sublease is inescapably intertwined with the Master Lease and cannot be assumed or assigned without the Master Lease being similarly assumed and assigned;

    b. The Lease and Sublease are both in default and Debtors' defaults are ongoing by virtue of their failure to maintain and secure the real property and Store No. 3483 after closing operations on or about January 15, 2019. Store No. 3483 as well as the surrounding leased property were breached and a number of squatters took up residence thereon. More recently, the county water company shut off water to the property and all fire alarms were disabled as a result. Worse yet, repeated requests from Wolf to Debtors and Debtors' counsel were ignored before and thereafter. Wolf was denied access to the leased premises for purposes of conducting an inspection and securing the property before the squatters broker in and took up residence. Thereafter, Debtors' counsel continued to ignore Wolf requests and instead threated Wolf with a violation of the automatic stay for exercising its for declaring a default under the Lease in light of the Debtors' post-Petition Date breaches; and,

    c. Wolf objects to the Proposed Cure Amounts set forth in the Cure Notice. In order to assume and assign the Lease and Sublease, the Debtors or the Buyer must promptly cure all defaults. 11 U.S.C. §365(b)(1). The unpaid amounts actually owed by the Debtors to Wolf for post-petition damages, costs and fees are being fixed. Wolf will amend this Objection as soon as those amounts become ascertainable. Wolf estimates these amounts at no less than $50,000.00.

7. Wolf also objects to the Global Asset Transaction to the extent is includes an assumption or assignment of the Lease or Sublease without first complying with Section 365(b)(1) of the Bankruptcy Code.

**RESERVATION OF RIGHTS**

8. Wolf continues to review the APA, the related pleadings, documents and information that have been filed with the Court. Wolf also continues to gather information regarding the extent of the damages caused by the Debtors' post-Petition Date breach so that it may amend its Objection. In addition, a number of other agreements, pleadings and information has not yet been disclosed and may be disclosed or learned after the filing of this Objection. Accordingly, Wolf expressly reserves the right to amend, supplement, and/or modify this Objection and to file in the future additional appropriate pleadings.

DATED: March 13, 2019         WOLF, RIFKIN, SHAPIRO,
                              SCHULMAN & RABKIN, LLP


                              By:     /s/ Simon Aron
                                    SIMON ARON
                                    Attorneys for Creditor WOLF FAMILY SERIES
                                    LP d/b/a SERIES III, ONTARIO ENTERPRISES
                                    OF THE WOLF FAMILY SERIES LP

{00993490.DOCX;1 }3459450.1                    -4-
NOTICE OF APPEARANCE AND REQUEST FOR SPECIAL NOTICE