Thomas R. Slome                                    **Hearing Date and Time: March 21, 2019 at 10:00 a.m.**
Michael Kwiatkowski
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone:  (516) 741-6565
Facsimile:  (516) 741-6706
Email:  tslome@msek.com
        mkwiatkowski@msek.com

        and

Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
Law Firm Of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862
E-mail:  russell@russelljohnsonlawfirm.com
         john@russelljohnsonlawfirm.com

*Co-Counsel for Appalachian Power Company, Indiana Michigan Power Company, Kentucky Power Company, Kingsport Power Company, Ohio Power Company, Public Service Company of Oklahoma and Southwestern Electric Power Company (collectively, "AEP"), Arizona Public Service Company, Baltimore Gas and Electric Company, Commonwealth Edison Company, PECO Energy Company, The Potomac Electric Power Company, Delmarva Power & Light Company, Atlantic City Electric Company, City of Ocala, Florida, Consolidated Edison Company of New York, Inc., Orange & Rockland Utilities, Virginia Electric and Power Company d/b/a Dominion Energy Virginia, The Dominion East Ohio Gas Company d/b/a Dominion East Ohio, Connecticut Light & Power Company, Public Service Company of New Hampshire, Yankee Gas Services Company, NStar Electric Company, Eastern Massachusetts and NStar Electric Company, Western Massachusetts, West Penn Power Company, Monongahela Power Company, Potomac Edison Company, Toledo Edison Company, Metropolitan Edison Company, Jersey Central Power & Light Company, Pennsylvania Electric Company, The Cleveland Electric Illuminating Company, Ohio Edison Company, Pennsylvania Power Company, Florida Power & Light Company, Georgia Power Company, Boston Gas Company, Colonial Gas Company, KeySpan Energy Delivery Long Island, KeySpan Energy Delivery New York, Massachusetts Electric Company, Narragansett Electric Company, Niagara Mohawk Power Corporation, New York State Electric and Gas Corporation, Rochester Gas & Electric Corporation, Salt River Project, San Diego Gas and Electric Company, Southern California Gas Company, Sacramento Municipal Utility District, Southern California Edison Company, Tucson Electric Power Company, UNS Electric, Inc., UNS Gas, Inc., Public Service Electric and Gas Company and Jackson EMC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | ) Case No. 18-23538 (RDD) |
| Debtors. | ) (Jointly Administered) |

**REPLY OF CERTAIN UTILITY COMPANIES TO DEBTORS' OBJECTION TO
MOTION OF CERTAIN UTILITIES TO DETERMINE ADEQUATE ASSURANCE OF
PAYMENT PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE AND
THE JOINDER OF JACKSON EMC**

Appalachian Power Company, Indiana Michigan Power Company, Kentucky Power Company, Kingsport Power Company, Ohio Power Company, Public Service Company of Oklahoma and Southwestern Electric Power Company (collectively, "AEP"), Arizona Public Service Company, Baltimore Gas and Electric Company, Commonwealth Edison Company, PECO Energy Company, The Potomac Electric Power Company, Delmarva Power & Light Company, Atlantic City Electric Company, City of Ocala, Florida, Consolidated Edison Company of New York, Inc., Orange & Rockland Utilities, Virginia Electric and Power Company d/b/a Dominion Energy Virginia, The Dominion East Ohio Gas Company d/b/a Dominion East Ohio, Connecticut Light & Power Company, Public Service Company of New Hampshire, Yankee Gas Services Company, NStar Electric Company, Eastern Massachusetts, NStar Electric Company, Western Massachusetts, West Penn Power Company, Monongahela Power Company, Potomac Edison Company, Toledo Edison Company, Metropolitan Edison Company, Jersey Central Power & Light Company, Pennsylvania Electric Company, The Cleveland Electric Illuminating Company, Ohio Edison Company, Pennsylvania Power

2

Company, Florida Power & Light Company, Georgia Power Company, Boston Gas Company, Colonial Gas Company, KeySpan Energy Delivery Long Island, KeySpan Energy Delivery New York, Massachusetts Electric Company, Narragansett Electric Company, Niagara Mohawk Power Corporation, New York State Electric and Gas Corporation, Rochester Gas & Electric Corporation, Salt River Project, San Diego Gas and Electric Company, Southern California Gas Company, Sacramento Municipal Utility District, Southern California Edison Company, Tucson Electric Power Company, UNS Electric, Inc., UNS Gas, Inc. and Public Service Electric and Gas Company (collectively, the "Utilities"), by counsel, for their Reply to the *Debtors' Objection to Motion of Certain Utilities to Determine Adequate Assurance* [Docket No. 2451] (the "Objection"), state as follows:

## Introduction

The Utilities and the Debtors have been engaged in negotiations regarding adequate assurance of payment since November 9, 2018 when the Utilities sent the Debtors their Additional Adequate Assurance request letter. The parties were close to a resolution prior to the February 21, 2019 hearing (and were resolved in principle as to certain Utilities that the Debtors did not have to tender additional sums to, but could rely on excess existing prepetition security as adequate assurance of payment, which is set forth in more detail in the Fact Section of this Reply). The parties elected to adjourn the matter on the joint assumption that the Purchaser of the Debtors' assets, Transform Holdco LLC (the "Purchaser") was going to take over a significant number of the accounts when the sale closed, which occurred on February 11, 2019. For example, the Debtors have identified accounts with Baltimore Gas & Electric Company ("BGE") and the City of Ocala, Florida ("COF") that should have been taken over by the

Purchaser, but as of the date of this Reply, have not been taken over by the Purchaser despite communications from Debtors' counsel and Utility counsel. Utilities counsel asked Debtors' counsel if they could simply close the foregoing Debtor accounts and terminate service, but the Debtors requested that the Utilities not take such action at this time.

The Utilities have asked Debtors' counsel to provide a list of the service addresses that were sold because the store number list attached to the sale pleadings was not helpful in identifying accounts. As of the date of this Reply, the requested list has not been provided.

The Utilities recognize that the Debtors and the Purchaser are involved in litigation over the sale. The Utilities, however, are concerned that the Debtors are going to disclaim responsibility for utility charges for service provided after the February 11, 2019 sale closing date or some other date under which the Purchaser should have taken over the purchased locations. Moreover, the Utilities are entitled to seek and obtain security from the Purchaser for these new accounts and have been unable to do so because they have not been contacted by the Purchaser to take over accounts and have not been provided information to identify the accounts that should be in the Purchaser's name and when. Accordingly, unless the Debtors and Purchaser work out when the accounts for locations purchased by the Purchaser should be transitioned to the Purchaser, the Utilities are seeking: (A) payment from the Debtors for service provided up to the date the Debtors close the foregoing accounts with the Utilities; and (B) adequate assurance of payment for those accounts until the Purchaser officially takes over utility service for those locations. Therefore, in addition to seeking meaningful adequate assurance of payment from the Debtors, the Utilities are also seeking guidance from the Court as to when they can close the Debtors' accounts for locations that the Purchaser has purchased.

**Procedural Facts**

1. On October 15, 2018 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Debtors' chapter 11 bankruptcy cases are being jointly administered.

3. On December 21, 2018, the Utilities filed the *Motion Of Certain Utility Companies To Determine Adequate Assurance Of Payment Pursuant To Section 366(c) Of the Bankruptcy Code* [Docket No. 1395] (the "Motion").

4. On January 10, 2019, Jackson EMC filed a Joinder to the Motion [Docket No. 1533 (the "Joinder", hereinafter the Motion and Joinder shall be collectively referred to as the Motion.).

5. On February 7, 2019, the Debtors filed the Objection.

6. The Utilities filed Declarations in Support of the Motion at Docket Nos. 2433, 2434, 2436, 2438, 2440, 2441, 2442, 2444, 2447, 2458, 2459, 2460, 2461, 2462, 2463, 2467, 2484, 2490, 2500 and 2515.

**Unpaid, Past Due Post-Petition Invoices**

7. As set forth in paragraph 17 of the Motion, the Debtors were not timely paying their post-petition invoices to the Utilities. Although the Utilities have been working with Debtors' counsel and the Debtors' payment agent and the payment agent have been responsive and have paid past due invoices when brought to their attention, it is troubling that there have been so many unpaid, past due post-petition utility bills.

5

8.      In addition, the Debtors failure to timely pay the Utilities' post-petition bills continues. Specifically, New York State Electric and Gas Corporation ("NYSEG") submitted a bill to the Debtors in the amount of $44,739.40 for Account Number ending 0240 that was due by February 23, 2019. As of the date of this Reply, no payment has been received.

9.      In addition, the Debtors have unpaid, past due post-petition bills owing to Baltimore Gas & Electric Company, Ohio Edison Company, The Cleveland Electric Illuminating Company, West Penn Power Company, Jersey Central Power & Light Company, Metropolitan Edison Company and Pennsylvania Power Company.

### Additional Adequate Assurance Requests From The Utilities

10.     The Debtors have offered no adequate assurance of payment to the following Utilities:

    A.    Arizona Public Service Company ("APS")

        i.    $0 in the Adequate Assurance Account.
        ii.   Two month deposit amount is $215,382 – See *Declaration of Wanda Shirley In Support Motion Of Certain Utility Companies To Determine Adequate Assurance Of Payment Pursuant To Section 366(c) Of The Bankruptcy Code* at paragraph 10. [Docket No. 2434] (the "APS Declaration").

    B.    Ohio Power Company

        i.    $0 in the Adequate Assurance Account.
        ii.   Two month deposit amount is $212,951 – See *Declaration of Dwight C. Snowden In Support Motion Of Certain Utility Companies To Determine Adequate Assurance Of Payment Pursuant To Section 366(c) Of The Bankruptcy Code* at paragraph 9 [Docket No. 2447].

    C.    PECO Energy Company

        i.    $0 in the Adequate Assurance Account.
        ii.   Two month deposit amount is $359,360 – See *Declaration of Lisa R. Holland In Support of Motion of Certain Utility Companies To Determine Adequate Assurance of Payment Pursuant To Section 366(c) Of The Bankruptcy Code* at paragraph 10

[Docket No. 2441].

11.   In the Objection, the Debtors do not address why they have not offered to provide any sums in the Adequate Assurance Account for Ohio Power Company or PECO Energy Company. The Debtors, however, state in paragraph 7 of the Objection that the Debtors' records show prepetition credits for APS, Southern California Edison Company ("SCE") and San Diego Gas and Electric Company ("SDG&E') "in excess of both outstanding prepetition bills and two weeks of postpetition service." With respect to APS, it maintained an Irrevocable Letter of Credit in the amount of $342,609 that expired by its terms in November 2018. APS Declaration at paragraph 8. Accordingly, it is not clear why the Debtors' records show otherwise, but APS does not have any credits and the Debtors have not placed any money in the Adequate Assurance Account for APS.

12.   Other than agreeing to allow excess prepetition security to remain in place, whether in the form of cash or excess amounts remaining on surety bonds or letters of credit, the Debtors do not have to expend any money to provide the following Utilities with adequate assurance of payment: Florida Power & Light Company, Georgia Power Company, Kentucky Power Company, Kingsport Power Company, SDG&E, SCE, UNS Electric, Inc. In prior settlement discussions, Debtors' counsel agreed in principle to resolving the adequate assurance of payment requests for these Utilities on that basis. Accordingly, the foregoing Utilities presume that their requests for adequate assurance of payment are resolved based on the maintenance of existing excess prepetition security.

13.   Other than agreeing to allow excess prepetition security to remain in place and allowing Delmarva Power & Light Company ("Delmarva") to retain $6,000 of the $33,243 that is

currently being held in the Adequate Assurance Account for Delmarva, the Debtors do not have to expend any money to provide Delmarva with adequate assurance of payment. Once again, it was Delmarva's understanding the Debtors were in agreement with this proposal.

14. Salt River Project ("SRP") also believes that it has an agreement in principle for resolving its request for adequate assurance of payment with the Debtors based on: (A) SRP maintaining excess prepetition security; and (B) For the three accounts in the name of Westar Kitchen Bath, Inc., which are accounts for Debtor StarWest, LLC, the Debtors agreeing to retain, for SRP, $8,000 of the $39,741 that is currently in the Adequate Assurance Account for SRP.

15. Tucson Electric Power Company ("TEP") believes it has an agreement in principle with the Debtors as well based on TEP maintaining excess prepetition security and the Debtors agreeing to retain $10,100 of the $38,850 that is currently in the Adequate Assurance Account for TEP.

16. Southwestern Electric Power Company ("SWEPCO") also believes that it has resolved its request for adequate assurance of payment with the Debtors based on SWEPCO maintaining excess prepetition security and the Debtors agreeing to retain $8,000 of the $15,561 that is currently in the Adequate Assurance Account for SWEPCO.

17. Based on the foregoing agreements, $403,904 that is currently in the Adequate Assurance Account can be moved to cover the adequate assurance requests of other Utilities that the Debtors have not provided with sufficient adequate assurance of payment.

18. Finally, the Utilities have also asked for the following terms and conditions regarding adequate assurance of payment:

   A. The Debtors agree to pay all post-petition charges of the Utilities by the applicable due date of the invoice, which is a due date established in accordance with applicable state laws, regulations and/or tariffs.

   B. If the Debtors no longer require service at an account for any reason, including the Debtors' termination of services, the Effective Date of a confirmed plan of reorganization or the closing of the sale of assets, the Debtors shall promptly contact the applicable Utility and request that the account be closed.

   C. The Debtors shall provide the Utilities with advance written notice as to when they will no longer require utility goods/services from the Utilities that shall be received by the Utilities at least three (3) business days prior to the date that the Debtors no longer require utility goods/services from the Utilities.

   D. Once the Debtors close an account and pay all post-petition charges for that account, the Debtors, after confirming with the Utility that all post-petition amounts for that account are paid, can remove the amount attributable for that account from the Adequate Assurance Account.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Utilities request that the Court:

1.     Provide them with additional adequate assurance of payment as set forth herein, the Motion and the Declarations filed in support of the Motion;

2.     Provide the Utilities with guidance as to when they can close the Debtors' accounts for locations that the Purchaser has purchased; and

3.     Grant such further relief as is just and equitable.

Dated: Garden City, New York
       March 14, 2019

                            MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

                By:     */s/ Michael Kwiatkowski*
                       Thomas R. Slome
                       Michael Kwiatkowski
                       990 Stewart Avenue, Suite 300
                       P.O. Box 9194
                       Garden City, New York 11530-9194
                       (516) 741-6565
                       Email: tslome@msek.com
                                mkwiatkowski@msek.com

                       and

                       Russell R. Johnson III
                       John M. Craig
                       Law Firm of Russell R. Johnson III, PLC
                       2258 Wheatlands Drive
                       Manakin-Sabot, Virginia  23103
                       (804) 749-8861
                       Email: russell@russelljohnsonlawfirm.com
                                john@russelljohnsonlawfirm.com

                       *Co-Counsel for Appalachian Power Company, Indiana Michigan Power Company, Kentucky Power Company, Kingsport Power Company, Ohio Power Company, Public Service Company of Oklahoma and Southwestern Electric Power Company, Arizona Public*

10

*Service Company, Baltimore Gas and Electric Company, Commonwealth Edison Company, PECO Energy Company, The Potomac Electric Power Company, Delmarva Power & Light Company, Atlantic City Electric Company, City of Ocala, Florida, Consolidated Edison Company of New York, Inc., Orange & Rockland Utilities, Virginia Electric and Power Company d/b/a Dominion Energy Virginia, The Dominion East Ohio Gas Company d/b/a Dominion East Ohio, Connecticut Light & Power Company, Public Service Company of New Hampshire, Yankee Gas Services Company, NStar Electric Company, Eastern Massachusetts and NStar Electric Company, Western Massachusetts, West Penn Power Company, Monongahela Power Company, Potomac Edison Company, Toledo Edison Company, Metropolitan Edison Company, Jersey Central Power & Light Company, Pennsylvania Electric Company, The Cleveland Electric Illuminating Company, Ohio Edison Company, Pennsylvania Power Company, Florida Power & Light Company, Georgia Power Company, Boston Gas Company, Colonial Gas Company, KeySpan Energy Delivery Long Island, KeySpan Energy Delivery New York, Massachusetts Electric Company, Narragansett Electric Company, Niagara Mohawk Power Corporation, New York State Electric and Gas Corporation, Rochester Gas & Electric Corporation, Salt River Project, San Diego Gas and Electric Company, Southern California Gas Company, Sacramento Municipal Utility District, Southern California Edison Company, Tucson Electric Power Company, UNS Electric, Inc., UNS Gas, Inc., Public Service Electric and Gas Company and Jackson EMC*

4227280