**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
: 
In re: : Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,[1] :
: Case No. 18-23538-RDD
Debtors. :
: (Jointly Administered)
:
: **Re: Docket Nos. 2414, 2779**
------------------------------------------------------------X

# OMNIBUS OBJECTION OF TRANSFORM
# TO LICENSOR AND LANDLORD MOTIONS TO COMPEL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SRC Sparrow 1 LLC (None); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); SRC Sparrow 2 LLC (None); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); SRC O.P. LLC (None); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SRC Facilities LLC (None); and SRC Real Estate (TX), LLC (None). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Transform Holdco LLC ("Transform" or the "Buyer"), the buyer under a certain Asset Purchase Agreement, dated as of January 17, 2019, by and among Sears Holdings Corporation ("SHC"), each of SHC's subsidiaries party thereto (together with SHC, the "Sellers," collectively with respect to SHC's chapter 11 affiliates, the "Debtors," and together with the Buyer, the "Parties") and the Buyer (as may be amended, restated, supplemented or modified from time to time, the "APA"),[2] by its undersigned counsel, hereby files an omnibus objection (the "Objection") to the *Motion of Trustees of the Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LLC to Compel Payment of Post-Petition Rent and Related Lease Obligations Pursuant to 11 U.S.C. §§ 105(a), 363(e), 365(d)(3) and 503(b)(1)(A) and to Pay All Subsequent Amounts Owed on a Timely Basis* [D.I. 2414] (the "Kamehameha Motion") and the *Motion of Everlast World's Boxing Headquarters Corp. Under Bankruptcy Code Sections 365(d)(2) and 363(e) to Compel: (1) Assumption or Rejection of License Agreement Forthwith, and (2) Payment of Administrative Claim as Adequate Protection* [D.I. 2779] (the "Everlast Motion" and together with the Kamehameha Motion, the "Motions"). In support of this Objection, the Buyer respectfully represents as follows:

### ARGUMENT

1. Following the auction for the sale of substantially all of the Debtors' assets, the Debtors selected the Buyer as the successful bidder, subject to approval of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). See *Notice of Successful Bidder and Sale Hearing* [D.I. 1730].

---

[2] The APA refers to the Asset Purchase Agreement filed as Ex. B to the *Order (I) Approving the Asset Purchase Agreement among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (IV) Granting Related Relief* [D.I. 2507] (the "Sale Order"), as amended by the Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* [D.I. 2599] (the "Notice of Filing of Amendment No. 1 to the APA"). All capitalized terms used but not defined herein shall have the meaning ascribed to them in the APA.

2

2. On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* (D.I. 2507) (the "Sale Order"), approving the proposed sale to the Buyer in accordance with the APA.

3. Pursuant to the Bankruptcy Court-approved APA, Transform has until April 12, 2019 (sixty days after the Closing Date) to determine which Designatable Leases and Additional Contracts to assume and assign. APA at 12 (defining "Designation Rights Period"); Section 2.9 (governing "Additional Contracts"). Accordingly, any request to force Transform to make a determination as to its plan with respect to a particular agreement, or to make determinations concerning obligations under those agreements, in advance of April 12, 2019 is premature. Contrary to assertions in the Everlast Motion, Transform has not in fact made a determination on whether to assume or reject the contract at issue.

4. The APA establishes a clear and efficient process and timeline through which Transform will evaluate the almost 9,000 contracts and 1,000 leases to which the Debtors are obligated. This process fosters efficiency for Transform and the Debtors, and demarcates a clear timetable for when lease and contract counterparties can expect determinations.

5. Nevertheless, in contravention of the structured framework established, two parties to agreements that have not yet been assumed or rejected, and as to which the Buyer continues its analysis, have raised concerns regarding the treatment of those agreements. The Trustees of the Estate of Bernice Pauahi Bishop, d/b/a Kamehameha Schools, LLC (the "Kamehameha Movant") filed the Kamehameha Motion, which seeks in part to compel payment by the estate of post-petition

3

rent allegedly owed by the Debtors' estates. By its terms, the Kamehameha Motion implicitly requires a determination of what would otherwise be cure amounts if the lease is designated for assumption and assignment. In turn, Everlast World's Boxing Headquarters Corp. (the "Everlast Movant" and together with the Kamehameha Movant, the "Movants") filed the Everlast Motion seeking in part to compel immediate assumption or rejection of its contract well in advance of the 60-day designation period. Given the current posture of these bankruptcy cases, granting relief in favor of the Movants with respect to these issues would be contrary to the process approved by this Court as articulated in the APA as well as contrary to concerns of judicial economy.

6. The Motions raise the parochial concerns of individual creditors on a schedule of their own choosing. The Motions are inappropriate not because they seek a full hearing of the Movants' concerns, but because they seek to do so prior to the Buyers' assessment of the agreements and outside of the process agreed by the Parties and approved by this Court. Given the assumption and assignment process, which is unfolding over the coming weeks pursuant to the deadline approved by this Court, it would be wildly inefficient and contrary to the mechanism of the APA to begin hearing individual disputes with respect to amounts owed under individual contracts.[3]

7. As this Court and indeed the Movants are well aware, by April 12, 2019, the Debtors are required to file and serve notice of their decision to assume leases and executory contracts. In the event that contracts or leases are assumed and assigned to the Buyer or the Buyer's Assignee in accordance with the APA, the Buyer (or Assignee) (and not the Debtors) will be responsible for paying any associated cure costs. For contracts that have not yet been designated for assumption or rejection, like both Movants' agreements, it is not yet even possible to say which party (as between the Debtors or the Buyer) would bear liability for the alleged cure costs, to the extent the Movants'

---

[3] Nor should the Court risk inviting similar premature efforts from the nearly 300 parties that have already filed pleadings relating to assumption and assignment.

4

allegations are true and their calculations are accurate. Any valid post-petition amounts would be included in the cure costs that would be paid if these agreements are ultimately assumed and assigned. Therefore, if the post-petition amounts asserted by Movants are valid and the agreements are assumed, Bankruptcy Court resolution of these issues may never be required.

8.    Even if these concerns were not dispositive, the Motions are procedurally inappropriate for at least two reasons. First, pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures* [D.I. 405] at ¶ 32, a motion to compel the Debtors to assume or reject a contract is to be noticed for consideration on the omnibus hearing date that is at least 21 days after the motion is filed. To the extent the Everlast Motion, filed March 7, 2019, seeks to compel assumption or rejection, the requested hearing date of March 21, 2019 (14 days after its filing), fails to even comply with this notice requirement. Second, pursuant to LBR 9014-2, the hearing on March 21, 2019 requested by the Movants with respect to the Motions could not be an evidentiary hearing (given that none of the special circumstances enumerated in Rule 9014-2 subsections (a) through (e) are present). In order to adjudicate the Motions, the Court will require evidence relating to the amount allegedly owed under the license agreement or lease, as applicable, between the Debtors and each of the Movants. Thus, in addition to the fact that the potentially liable party would not yet be identifiable as of the March 21 hearing, the substance of the matter could not even be determined on that date. By the time an evidentiary hearing could take place, the process contemplated by this Court and the APA will have concluded, and the concerns raised by the Motions addressed and resolved in an orderly fashion by the Debtors or by Transform.

## CONCLUSION

9.    Transform respectfully requests that this Court deny the relief sought by the Motions pending resolution of the Movants' concerns as contemplated by the APA; or, in the alternative, that the Court adjourn the Motions until further notice. In the near future, there will be substantial

5

certainty on the part of all parties as to whether the relevant contracts or leases are to be assumed or rejected by the Debtors' estates. Transform respectfully requests that this Court allow the agreed-upon processes to function as designed.

Dated: March 14, 2019

                                                           CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                                           */s/ Luke A. Barefoot*

                                                           Sean A. O'Neal
                                                           Luke A. Barefoot
                                                          One Liberty Plaza
                                                          New York, New York 10006
                                                          Telephone: (212) 225-2000
                                                          Facsimile: (212) 225-3999
                                                          *Attorneys for Transform*