**Hearing Date and Time: March 21, 2019 at 10:00 am (Eastern)**

THE SARACHEK LAW FIRM
Joseph E. Sarachek
101 Park Avenue -27th Floor
New York, NY. 10178
Telephone: (646) 517-5420
Facsimile: (646) 861-4950

*Attorneys for Mien Co. Ltd., Helen Andrews, Strong Progress*
*Garment Factory Company Limited, Samil Solutions, and Shanghai Fochier*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>SEARS HOLDING CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD) |

**STATEMENT OF MIEN CO. LTD, HELEN ANDREWS,**
**STRONG PROGRESS GARMENT FACTORY COMPANY**
**LTD, SAMIL SOLUTIONS, AND SHANGHAI FOCHIER IN**
**SUPPORT OF MEDIATION AND 503(b)(9) MEDIATOR**

Mien Co. Ltd, Helen Andrews, Strong Progress Garment Factory Company, Ltd, Samil Solutions, and Shanghai Fochier (the "Vendors") hereby file their Statement (the "**Statement**") in support of the request of Transform Holdco LLC ("Transform"), the entity formed by ESL Investments to acquire the assets of Sears Holding Corp., to mediate its dispute with the above-captioned debtors (Docket No. 2766) relating to the February 11, 2019 closing on the Global Asset Sale (the "Global Asset Sale Transaction") (Docket No. 1730). The Vendors respectfully represent as follows:

1. The Vendors are trade vendors who have provided goods to the Debtors post-petition

1

and hold administrative claims under Section 503(b)(9) of the Bankruptcy Code, as well as unsecured claims. Each of the vendors in this group has filed claims in the bankruptcy case.

2. As a result of the dispute that exists between Transform and Sears, the Vendors have not been timely paid for some post-petition deliveries to the Debtors. In fact, one of the vendors, Mien, was told that Transform asserts that payments due before February 11th are the responsibility of the Debtors. The Vendors want Sears to stay in business. They want to continue to provide goods to Sears and have a customer. But they must be paid – now.

3. As a result of this dispute, the Vendors are extremely concerned that Transform will not timely pay 503(b)(9) claims within the time period set forth in the Asset Purchase Agreement which is the sooner of 120 days after closing or the confirmation of a plan of reorganization. While a bar date has been set for April 10th, nothing discusses the mechanics of determining allowed 503(b)(9) claims. The Vendors suggest that if a Mediator is appointed to resolve the dispute between Transform and the Estate, then the Mediator should also be tasked with resolving 503(b)(9) claims to smoothly administer this process.

4.     The Vendors respectfully request that this Court appoint a Mediator to resolve the dispute between Transform and the Debtors and to ensure that vendors' 503(b)(9) claims are properly approved and timely paid.

Dated:   March 14, 2019

                                    THE SARACHEK LAW FIRM

                                     /s/ Joseph E. Sarachek
                                    Joseph E. Sarachek
                                    101 Park Avenue – 27th Floor
                                    New York, NY. 10178
                                    Telephone: (646) 517-5420
                                    Facsimile: (646) 861-4950