**HALPERIN BATTAGLIA BENZIJA, LLP**
Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Email: ahalperin@halperinlaw.net
Email: dlieberman@halperinlaw.net

And

**SHUMAKER, LOOP & KENDRICK, LLP**
David J. Coyle, Esq.
1000 Jackson Street
Toledo, OH 43604
Telephone: (419) 241-9000
Email: dcoyle@slk-law.com

*Co-counsel to Kellermeyer Bergensons Services, LLC and Innovative Facility Services*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
**In re**                                                   :
                                                            :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :
                                                            :    **Case No. 18-23538 (RDD)**
          **Debtors[1].**                                   :
                                                            :    **(Jointly Administered)**
------------------------------------------------------------ x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); Max Serv, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (19870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC ,Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None): SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

{00290831.1 / 1293-001 }                          1

**MOTION OF KELLERMEYER BERGENSONS SERVICES, LLC AND INNOVATIVE FACILITY SERVICES FOR ORDER SHORTENING NOTICE WITH RESPECT TO MOTION FOR ENTRY OF AN ORDER (I) COMPELLING THE DEBTORS TO IMMEDIATELY ASSUME OR REJECT THE KELLERMEYER CONTRACT AND PAY POST-PETITION AMOUNTS DUE UNDER THE CONTRACT, AND (II) <u>GRANTING RELATED RELIEF</u>**

Kellermeyer Bergensons Services, LLC ("<u>Kellermeyer</u>") and Innovative Facility Services ("<u>IFS</u>" and together with Kellermeyer, "<u>KBS</u>"), by and through their undersigned counsel, make this motion (this "<u>Motion</u>") for entry of an order shortening notice with respect to their motion for an entry of an order, pursuant to §§105(a), 365(d)(2) and 503(b)(1)(A) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), compelling the above-captioned debtors (the "<u>Debtors</u>") to immediately assume or reject their Housekeeping Services Master Service Agreement and Housekeeping Services Agreement (Sears Automotive) with Kellermeyer, and their Housekeeping Services Master Service Agreement with IFS Housekeeping Services (the "<u>Agreements</u>") and pay post-petition amounts due (or overdue) under the Agreements, and granting related relief (the "<u>Motion to Compel</u>"). In support of the Motion, KBS respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for relief requested herein is Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## KBS REQUESTS THAT THE COURT
## SHORTEN THE TIME TO CONSIDER THE MOTION TO COMPEL

2. In connection with this Motion, KBS has made the Motion to Compel, which seeks to compel the Debtors to immediately assume or reject the Agreements and pay post-petition amounts due thereunder. By this Motion, KBS requests that the Court shorten the time to consider the Motion to Compel for cause, as expedited consideration of the Motion to Compel is necessary and appropriate.

3. Bankruptcy Rule 9006(c)(1) authorizes the Court to shorten the time on a motion, for cause shown. It provides, in pertinent part, that –

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court *for cause shown* may in its discretion with or without motion or notice order the period shortened.

Bankruptcy Rule 9006(c)(1) (emphasis added). Bankruptcy Rule 9006(c)(2) sets forth instances in which reduction of a time period is not permitted. The relief requested in the Motion to Compel is not one of them.

4. Local Bankruptcy Rule 9006-1(b) requires that motions to be served at least fourteen (14) days before the return date. Under the *Amended Order Implementing Certain Notice and Case Management Procedures* (the "Case Management Order") [Docket No. 405], a motion to compel assumption or rejection of an executory contract has to be noticed for consideration on the omnibus hearing date at least twenty-one (21) days after the motion is filed with an objection deadline that is seven (7) days prior to the applicable hearing.

5. As discussed in the Motion to Compel and the declaration that has been filed in connection therewith, KBS has been advised that the Agreements will not be assumed by the Buyer.[2] However, no notice of rejection has been filed with the Court and absent rejection or

---

[2] Capitalized terms used but not defined in this Motion shall have the respective meanings ascribed to such terms in the Motion to Compel.

{00290831.1 / 1293-001 } 3

other relief from the Court, KBS is obligated to continue performing under the Agreements. KBS currently provides cleaning, janitorial and other services, as well as the necessary personnel, at 286 of the Debtors' retail stores and seven of their auto center locations, and the average amount currently due to KBS under the Agreement is in excess of $850,000 per month.

6.     KBS is owed $543,218.78 in connection with invoices for services provided in the month of January. These invoices are past due, and in response to KBS's inquiries, a representative of the Buyer informed KBS that there is a dispute between the Debtors and the Buyer about that liability. More recently, the Debtors have filed a motion in which they effectively acknowledge that they are administratively insolvent. [D.N. 2796]. KBS is therefore not only facing the prospect that their very substantial administrative claim will not be paid, but the additional risk that the amounts that have been billed for late February and that are continuing to accrue under the Agreements may also not be paid. Moreover, while there is a deadline of April 12th with respect to the Buyer's "designation rights" period, there is no certainty that contracts will be assumed and cure amounts paid, or that contracts will be rejected, by that deadline.

7.     For those reasons, KBS seeks an expedited hearing to consider the Motion to Compel, and in particular, the request that the Debtors be immediately compelled to assume or reject the Agreements. KBS believes there is ample cause to shorten the notice period. The sale has closed, and the Agreements were not assumed at closing. While the Buyer has found it convenient to have a "designation rights" period, KBS respectfully submits that Kellermeyer and IFS should not be compelled to involuntarily finance either the Debtors or the Buyer while those parties argue with each other about who is responsible for administrative payments (and administrative payments that the Debtors may not be able to make), or delay making decisions

about Agreements that the Buyer apparently plans to reject.  That delay may be expedient for the Buyer, but it is imposing unwarranted risk upon KBS.

8. KBS requests the Court schedule a hearing on the Motion to Compel on the next hearing date, which is March 21, 2019 at 10:00 a.m. with response deadline of March 20, 2019 at 12:00 noon ET.  Additionally, KBS's counsel proposes to serve the Motion to Compel on March 15, 2019 by electronic mail to (i) counsel to the Debtors; (ii) counsel to the Buyer, and (iii) the Standard Parties and Rule 2002 Parties as defined in the Case Management Order.  KBS respectfully submits that this is sufficient notice of the Motion to Compel.

9. No previous request for relief sought herein has been made to this or any other court.

WHEREFORE, KBS respectfully requests entry of an Order Scheduling Hearing, substantially in the form annexed hereto as Exhibit 1: (a) shortening the time to consider the Motion to Compel and setting a hearing on the Motion to Compel for March 21, 2019 at 10:00 a.m. or as soon as possible as the Motion to Compel can be heard; and (b) granting such other and further relief as this Court deems just and proper.

Dated:  March 14, 2019

**HALPERIN BATTAGLIA BENZIJA, LLP**

By:   /s/  Donna H. Lieberman
     Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY   10005
Telephone:  (212) 765-9100
Email: dlieberman@halperinlaw.net

and

**SHUMAKER, LOOP & KENDRICK, LLP**

David J. Coyle, Esq.
1000 Jackson Street
Toledo, OH 43604
Telephone: (419) 241-9000
Email: dcoyle@slk-law.com

*Co-counsel to Kellermeyer Bergensons Services, LLC and Innovative Facility Services*