Presentment Date and Time: March 25, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline: March 22, 2019 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objections Filed): April 18, 2019 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, et al.,                         :   Case No. 18-23538 (RDD)
                                                            :
                            Debtors.[1]                     :   (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

### NOTICE OF PRESENTMENT OF
### STIPULATION, AGREEMENT, AND ORDER GRANTING
### LIMITED RELIEF FROM THE AUTOMATIC STAY (233 S. WACKER, LLC)

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement, and Order Granting Limited Relief from the Automatic Stay (233 S. Wacker, LLC)* (the "**Proposed Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **March 25, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Stipulation is served and filed together with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **March 22, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Proposed Stipulation, and the Proposed Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider such Proposed Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **April 18, 2019 at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: March 15, 2019
     New York, New York

  /s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

## Exhibit 1

**Proposed Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
In re                                            :    Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,            :    Case No. 18-23538 (RDD)
:
Debtors.[1]                                      :    (Jointly Administered)
:
------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER GRANTING
### LIMITED RELIEF FROM THE AUTOMATIC STAY (233 S. WACKER, LLC)

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement, and Order**") is entered into between Sears Holdings Corporation ("**Sears Holdings**") and Sears, Roebuck and Co. (together with Sears Holdings, "**Sears**") and 233 S. Wacker, LLC ("**233**"). Sears and 233 collectively are referred to in this Stipulation, Agreement, and Order as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**RECITALS**

A. Beginning on October 15, 2018 (the "**Commencement Date**"), Sears Holdings, and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [ECF No. 2507], pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

C. On or about July 1, 2013 Sears and 233 entered into a settlement agreement dated as of June 28, 2013 (the "**Settlement Agreement**") that resolved prior litigation concerning a 60-foot sculpture designed by Alexander Calder that was installed in the lobby of the Willis Tower in Chicago, Illinois (the "**Calder**"). Pursuant to the Settlement Agreement, Sears agreed to attempt to effectuate a sale of the Calder over a certain period, which, after being extended by the Parties pursuant to the Settlement Agreement, ended on June 30, 2016 (the "Sale Period").

D. The Settlement Agreement gave Sears sole control and complete discretion with respect to all efforts to effectuate a sale of the Calder to a third party during the Sale Period, including, without limitation, whether to accept or reject any offers to purchase the Calder, and

2

any decisions whether to sell the Calder. If a sale to a third party were consummated during the Sale Period, the Settlement Agreement set forth a methodology for sharing the proceeds, depending on, among other things, the amount of proceeds received. In the event the Calder was not sold to a third party during the Sale Period, Sears would be required to acquire title to the Calder by paying $3,625,000.00, plus interest, to 233. No sale to a third party was effectuated during the Sale Period. On June 30, 2016 Sears served notice to 233 that Sears would purchase the Calder for $3,860,625.00. 233 refused to tender title to the Calder and to accept the payment. 233 contends that Sears breached its duty of good faith and fair dealing under the Settlement Agreement.

E.   On August 4, 2016, Sears initiated an action in the Circuit Court of Cook County, Illinois, Chancery Division (the "**State Court**"), Case No. 2016-CH-10308 (the "**State Court Action**"). 233 subsequently filed a counterclaim in the State Court Action (the "**Counterclaim**").

F.   Sears disputes the allegations made in the Counterclaim and 233's entitlement to the relief requested therein. 233 disputes the allegations made in the State Court Action by Sears and Sears's entitlement to the relief requested therein.

G.   The filing of these chapter 11 cases automatically stayed the Counterclaim pursuant to section 362(a) of the Bankruptcy Code.

H.   On February 1, 2019, 233 filed the *Motion of 233 S. Wacker, LLC for Relief from Automatic Stay* [ECF No. 2326] (the "**Motion**"), seeking entry of an order modifying the automatic stay extant in the Debtors' chapter 11 cases pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**") to allow 233 to assert and prosecute the Counterclaim and take any

3

other action necessary in the State Court Action, and waiver of the fourteen-day stay provision of Federal Rule of Bankruptcy Procedure 4001(a)(3).

I. The Debtors would like to pursue the State Court Action and have determined that entering into this Stipulation, Agreement, and Order with 233 to modify the Automatic Stay for the sole purpose set forth below is in the interest of the Debtors' estates.

J. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE FOR INFORMATIONAL PURPOSES ONLY, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement, and Order shall have no force or effect unless and until it is approved by the Bankruptcy Court (the "**Effective Date**").

2. Upon the Effective Date, the Parties agree that, to the extent that the Automatic Stay applies, it shall be modified solely to the extent necessary to permit 233 to (a) assert, prosecute, and liquidate the Counterclaim with respect to the State Court Action in the State Court, and (b) settle the Counterclaim or the State Court Action, if appropriate; *provided*, *however*, that except as expressly provided herein, all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Sears or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the Debtors' estates and/or assets or property of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect. Nothing in this Stipulation, Agreement, and Order shall permit 233

4

to enforce any judgment (with respect a claim of any nature) that may be entered on the Counterclaim.

3. Upon the Effective Date, the Motion shall be deemed resolved.

4. The Recitals set forth in this Stipulation, Agreement and Order are for informational purposes only, and neither 233 nor Sears shall be deemed to have made any binding factual admissions for purposes of the State Court Action or any other proceeding.

5. Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim that may be filed by 233 in the Debtors' chapter 11 cases.

6. Nothing contained herein shall be construed as (a) an admission of liability by the Debtors or any of their non-debtor affiliates regarding any claim or cause of action, including the Counterclaim, or (b) a waiver of any defenses, objections, claims, counterclaims, or other positions that the Debtors may have arising from or in relation to the State Court Action or any other matter.

7. Nothing contained herein shall be construed as (a) an admission of liability by 233 regarding any claim or cause of action, including the State Court Action, or (b) a waiver of any defenses, objections, claims, counterclaims, or other positions that 233 may have arising from or in relation to the State Court Action or any other matter.

8. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties.

9. This Stipulation, Agreement, and Order shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto or further order of the Bankruptcy Court.

10. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement, and Order shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors, and assigns.

11. This Stipulation, Agreement, and Order shall be governed by, and construed in accordance with, the Bankruptcy Code.

12. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement, and Order.

*[Remainder of page left intentionally blank]*

6

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated: March 14, 2019 | Dated: March 14, 2019 |
| WEIL, GOTSHAL & MANGES LLP | GOULD & RATNER LLP |
| By: /s/ Jacqueline Marcus<br>Jacqueline Marcus<br>767 Fifth Avenue<br>New York, New York 10153<br>(212) 310-8000 | By: /s/ Matthew A. Olins<br>Matthew A. Olins<br>222 North LaSalle Street, Suite 800<br>Chicago, Illinois 60601<br>(312) 236-3003 |
| *Attorneys for Debtors and Debtors in Possession* | *Attorneys for 233 S. Wacker, LLC* |

**SO ORDERED:**

Dated: _____, 2019
      White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\96935920\7\73217.0004