HERRICK, FEINSTEIN, LLP
Two Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
Sean E. O'Donnell
Stephen B. Selbst
Steven B. Smith

*Proposed Special Conflicts Counsel to the Official Committee of
Unsecured Creditors of Sears Holdings Corporation, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| **In re** | : | Chapter 11 |
|  | : |  |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
|  | : |  |
| **Debtors.**[1] | : | (Jointly Administered) |

---------------------------------------------------------------------------------------------

### CERTIFICATE OF NO OBJECTION REGARDING APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL*. TO RETAIN AND EMPLOY HERRICK FEINSTEIN LLP AS SPECIAL CONFLICTS COUNSEL, EFFECTIVE *NUNC PRO TUNC* TO JANUARY 2, 2019

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc.(4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and in accordance with this Court's case management procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405], entered on November 1, 2018 (the "Amended Case Management Order"), the undersigned hereby certifies as follows:

1.     On October 15, 2018 (the "Petition Date") and continuing thereafter, each of the Debtors filed a voluntary petition for relief pursuant to title 11 of the United States Code (the "Bankruptcy Code").

2.     On October 24, 2018, pursuant to Bankruptcy Code section 1102, the United States Trustee for the Southern District of New York appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") [ECF No. 276].[2] On February 13, 2019, the Creditors' Committee filed the *Application of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al., to Retain and Employ Herrick Feinstein LLP as Special Conflicts Counsel, Nunc Pro Tunc to January 2, 2019* [ECF No. 2574] (the "Application").  On February 21, 2019, the Creditors' Committee filed the *First Supplemental Declaration of Stephen B. Selbst in Support of Application of the Official Committee of Unsecured Creditors of Sears Holdings Corporation, et al., to Retain and Employ Herrick Feinstein LLP as Special Conflicts Counsel, Effective Nunc Pro Tunc to January 2, 2019* [ECF No. 2667] (the "Supplemental Declaration").

3.     The Creditors' Committee served the Application, proposed order (the "Proposed Order") and the Supplemental Declaration on February 26, 2019 [ECF No. 2726].

---

[2] The Creditors' Committee currently comprises: (i) Apex Tool Group, LLC; (ii) Brixmor Operating Partnership, L.P.; (iii) Computershare Trust Company, N.A., as indenture trustee; (iv) Oswaldo Cruz; (v) Pension Benefit Guaranty Corporation; (vi) Simon Property Group L.P.; (vii) The Bank of New York Mellon Trust Company, N.A., as indenture trustee; and (viii) Winiadaewoo Electronics America, Inc.

HF 12664550v.1

4.     The deadline for parties to object or file responses to the Application was March 14, 2019, at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").  Local Rule 9075-2 provides that a motion or application may be granted without a hearing, provided that no objections or responsive pleadings have been filed prior to 48 hours after the passage of the objection deadline and the attorney for the entity who filed the pleadings complies with certain procedural and notice requirements.  Similarly, the Amended Case Management Order provides that a motion or application may be granted without a hearing, provided that no objections or other responsive pleadings have been filed after the passage of the Objection Deadline and the attorney for the entity who filed the pleadings complies with the terms of the Amended Case Management Order.

5.     The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading or request for a hearing with respect to the Application has been (a) filed with the Court or (b) served on counsel to the Creditors' Committee.  Accordingly, the Creditors' Committee respectfully requests that the Proposed Order, annexed hereto as Exhibit A, be entered in accordance with Local Rule 9075-2 and the Amended Case Management Order.

HF 12664550v.1

I declare the foregoing is true and correct.

New York, New York
Dated: March 18, 2019

Respectfully submitted,

HERRICK, FEINSTEIN LLP

By:/s/  *Stephen B. Selbst*
    Sean E. O'Donnell
    Stephen B. Selbst
    Steven Smith
Two Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
E-mail: sodonnell@herrick.com
       sselbst@herrick.com
       ssmith@herrick.com

*Proposed Special Conflicts Counsel to the*
*Official Committee of Unsecured*
*Creditors of Sears Holdings Corporation,*
*et al.*

HF 12664550v.1

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| **Debtors.**[1] | : | (Jointly Administered) |
| | : | |

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* TO RETAIN AND EMPLOY HERRICK, FEINSTEIN LLP AS SPECIAL CONFLICTS COUNSEL, EFFECTIVE *NUNC PRO TUNC* TO JANUARY 2, 2019

Upon the application dated February 13, 2019 (the "Application")[2] of the Official

Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation

and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an

order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the

"Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

A-2

for the Southern District of New York (the "Local Rules"), authorizing the Creditors' Committee

to retain and employ Herrick, Feinstein LLP ("Herrick Feinstein") as its special conflicts counsel

in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), and upon the

declaration of Stephen B. Selbst, a partner of Herrick Feinstein, dated February 13, 2019 (the

"Selbst Declaration") and the declaration of Ronald M. Tucker on behalf of Simon Property Group

L.P., in its capacity as co-chair of the Creditors' Committee, dated February 12, 2019 (the "Tucker

Declaration" and, together with the Selbst Declaration, the "Declarations"); and it appearing that

the attorneys at Herrick Feinstein who will perform services on behalf of the Creditors' Committee

in the Chapter 11 Cases are duly qualified to practice before this Court; and the Court finding,

based on the representations made in the Application and the Declarations, that Herrick Feinstein

does not represent any interest adverse to the Creditors' Committee or the Debtors' estates with

respect to the matters upon which it is to be engaged, that it is a "disinterested person" as that term

is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b),

and as required by Bankruptcy Code section 328, that its employment is necessary and in the best

interests of the Creditors' Committee and the Debtors' estates; and the Court having jurisdiction

to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and

1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska,

C.J.); and consideration of the Application and the requested relief being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§

1408 and 1409; and finding that adequate notice of the Application having been given; and it

appearing that no other notice need be given; and the Court having held a hearing to consider the

relief requested in the Application (the "Hearing"); and upon the record of the Hearing, and upon

A-3

all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.      The relief requested in the Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Creditors' Committee is hereby authorized and empowered to retain and employ Herrick Feinstein as its special conflicts counsel to represent it in these Chapter 11 Cases and related matters and proceedings on the terms set forth in the Application and the Declarations, effective *nunc pro tunc* to January 2, 2019.

3.      Herrick Feinstein shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules, the General Order M-412 (Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2019 (Gonzalez, C.J.)) and the Administrative Order M-447 (Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (Morris, C.J.)) and any further orders of the Court for all professional services performed and expenses incurred.

4.      Herrick Feinstein shall file a supplemental declaration with this Court and give not less than 10 business days' notice to the Debtors, the U.S. Trustee, and the Creditors' Committee prior to any increases in the rates set forth in the Selbst Declaration.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Creditors' Committee has consented to the rate increase.

5.      To the extent any provision of the Application is inconsistent with this Order, the terms of this Order shall govern.

A-4

6.     The Creditors' Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.     The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

8.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  White Plains, New York
        March ___, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE