UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :
                                                               :     Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                          :
                                                               :     Case No. 18-23538 (RDD)
                                                               :
             Debtors.[1]                                       :     (Jointly Administered)
---------------------------------------------------------------x

**ORDER AUTHORIZING WACHTELL, LIPTON, ROSEN & KATZ TO WITHDRAW AS SPECIAL COUNSEL TO THE DEBTORS PURSUANT TO LOCAL RULE 2090-1**

Upon the unopposed application, by notice of presentment dated March 6, 2019 (the "**Application**")[2] of Wachtell, Lipton, Rosen & Katz ("**Wachtell**") for leave to withdraw under Local Bankruptcy Rule 2090-1 as special counsel to the Debtors; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)–(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Application and the opportunity for a hearing thereon having been provided in accordance with the Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and upon the Declaration of Amy R. Wolf, filed contemporaneously with the Application, and upon all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Application establish sufficient cause for the relief granted herein,

IT IS HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. Wachtell is granted leave to withdraw as counsel to the Debtors pursuant to Local Rule 2090-1 and shall no longer serve as special counsel to the Debtors under 11 U.S.C. § 327(e) as of the date of this Order.

3. For fees accrued for periods prior to the date of the entry of this Order, Wachtell shall continue to file monthly statements and interim and final fee applications under, and be compensated in accordance with, the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 796), entered November 16, 2018.

4. Wachtell shall be compensated in accordance with, and shall file, a final fee application for allowance of its compensation and expenses within 60 days of the date of this Order and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any further order of the Court.

5. Wachtell is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

7. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: March 18, 2019
     White Plains, New York

                       /s/Robert D. Drain_____
                       THE HONORABLE ROBERT D. DRAIN
                       UNITED STATES BANKRUPTCY JUDGE