Laura E. Appleby
Steven Wilamowsky
CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 655-6000
Facsimile: (212) 697-7210

*Attorneys for WSSR, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re                                                       :  Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION, *et al.*,                       :  Case No. 18-23538 (RDD)
                                                            :
                              Debtors.                      :  (Jointly Administered)
                                                            :
------------------------------------------------------------X

## WSSR, LLC's SUPPLEMENTAL OBJECTION TO DEBTORS' SUPPLEMENTAL NOTICE OF CURE COSTS

WSSR, LLC (the *"Landlord"*), by and through its undersigned counsel and pursuant to the *Order Approving Global Bidding Procedures and Granting Related Relief* (the *"Global Bidding Procedures Order"*) (ECF No. 816) and Section 365(b) of the United States Bankruptcy Code (the *"Bankruptcy Code"*), hereby files this Supplemental Objection (the *"Supplemental Objection"*) to the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* (ECF No. 1774) (the *"Supplemental Notice"*) for the purpose of updating the amount of cure costs asserted in the Landlord's *Limited Objection to the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale*

4834-6520-2825
7020977

*Transaction* (ECF No. 2236) (the "Limited Objection") and, in so doing, respectfully represents as follows:[1]

## BACKGROUND

1.    On January 23, 2019, the Debtors filed the Supplemental Notice indicating that the Lease could be assumed and assigned pursuant to the Global Bidding Procedures Order. The Supplemental Notice, however, incorrectly identified both the Lease counterparty and the required Cure Amount. Accordingly, the Landlord filed the Limited Objection to correct the record and preserve its rights. In the Limited Objection, the Landlord also expressly reserved "its right to supplement and amend" the Limited Objection to, among other things, "update amounts due and owing under the Lease." Limited Objection, ¶ 9.

## SUPPLEMENTAL OBJECTION

2.    As set forth in the Limited Objection, rent under the Lease has two basic components, the Fixed Rent and Percentage Rent. For periods in which the Debtors are operating at the leased location, Percentage Rent is equal to 2% of Net Sales. For periods in which the Debtors are not operating, the Lease provides that Percentage Rent is to be calculated as the "average of the Percentage Rent paid by Tenant for the three (3) previous Lease Years."[2] Lease, § 2.06(e)

3.    Although the Landlord has not received notice from the Debtors that the Debtors are no longer operating at the leased location, upon information and belief, the Debtors ceased

---

[1]    Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Limited Objection.

[2]    A copy of the Lease is attached hereto as Exhibit A.

2

operating at the leased location on or about January 1, 2019 (the "Store Closing Date"). Based upon the formula set forth in the Lease, the Debtors are liable to the Landlord for a substantial sum of monthly Percentage Rent for January and forward.[3] For the months of January through March 2019, the Landlord has only received from the Debtors Percentage Rent in the amount of $99.02, well below the amount of Percentage Rent due the Landlord.

4.  Notwithstanding the express terms of the Lease, however, the Debtors have refused to pay Percentage Rent for any period subsequent to the Store Closing Date.[4]

5.  In addition, the Debtors have failed to pay real property taxes owed in respect of the leased property, which is the tenant's obligation as Additional Rent pursuant to Section 2.06 of the Lease. As set forth in Exhibit "B" hereto, Nevada state property taxes in the amount of $18,261.02 became due on March 3, 2019, and have now incurred a penalty for lack of payment in the amount of $730.44. The Landlord's counsel contacted the Debtors' counsel about this issue by email prior to the incurrence of the penalty, but has received no response.

6.  Based upon the foregoing, the Landlord files this Supplemental Objection to augment (but not replace or restate) the Limited Objection and its Cure Claim to include post-

---

[3] The amount of Percentage Rent owed currently and going forward has been calculated by the Landlord (and will be provided to the Debtors or the Court on request), but has been omitted from this pleading. Section 1.21 of the Lease provides, in relevant part, that "Landlord will hold in confidence all sales figures and other information obtained from Tenant or upon the inspection and audit of Tenant's books and records." Although this portion of Section 1.21 is probably moot at this point and likely does not preclude the Landlord from asserting its claim for Percentage Rent in any event, the Landlord is omitting it here in an abundance of caution.

[4] Debtors' counsel has suggested to Landlord's counsel that Percentage Rent for periods after the Store Closing Date constitutes an unenforceable "penalty for going dark". This assertion is nonsensical, and the Landlord reserves all of its rights should the Debtors choose to pursue the argument. Among other things, the Percentage Rent provision at issue only applies after the Tenant's Operating Covenant (*see* Section 2.03) no longer is in effect, *i.e.*, while the Tenant is contractually free to operate or not operate at its sole discretion. If the Tenant chooses not to operate, then the formula in Section 2.06(e) applies as a way of calculating Percentage Rent that is payable only during the Initial Term (all as defined in the Lease). Indeed, the fact that this Percentage Rent formula does not apply at all beyond the Initial Term underscores the fact that it is an essential part of the rent during that Initial Term that has nothing to do with penalizing the Debtors.

petition unpaid Percentage Rent, outstanding Additional Rent (including penalties incurred as a result of the Debtors' dereliction of their postpetition obligations), as well as any additional Percentage Rent that may accrue as a result of the Debtors' continuing refusal to satisfy their obligations under section 365(d)(3) of the Bankruptcy Code.[5]

Dated: New York, New York  
       March 18, 2019

CHAPMAN AND CUTLER LLP

By: /s/ Laura E. Appleby  
   Laura E. Appleby  
   Steven Wilamowsky  
   1270 Avenue of the Americas  
   New York, New York 10020  
   Telephone: (212) 655-6000  
   Facsimile: (212) 697-7210  
   appleby@chapman.com  
   wilamowsky@chapman.com

Attorneys for WSSR, LLC

---

[5] Of course, pursuant to section 365(d)(3), postpetition Percentage Rent and the Additional Rent remains payable on an administrative priority basis regardless of whether or not the Debtors decide to assume the Lease, and the Landlord reserves its right to seek immediate payment of all postpetition amounts due the Landlord, and such other relief as may be warranted.

4