UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------X
                                              :
In re:                                        :    Chapter 11
                                              :
SEARS HOLDINGS CORPORATION, et al.,[1]        :
                                              :    Case No. 18-23538-rdd
                  Debtors.                    :
                                              :    (Jointly Administered)
                                              :
-----------------------------------------------------------------X
```

**DECLARATION OF JOSEPH LANZKRON IN SUPPORT OF TRANSFORM HOLDCO
LLC'S RESPONSE TO DEBTORS' MOTION TO (A) ENFORCE ASSET PURCHASE
AGREEMENT AND AUTOMATIC STAY AGAINST TRANSFORM HOLDCO LLC
AND (B) COMPEL TURNOVER OF ESTATE PROPERTY AND REPLY IN FURTHER
SUPPORT OF ITS MOTION TO ASSIGN MATTER TO MEDIATION**

I, Joseph Lanzkron, declare under penalty of perjury as follows:

1.          I respectfully submit this declaration ("Declaration") in support of *Transform*

*Holdco LLC's Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and*

---

[1]          The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property and Reply in Further Support of Its Motion to Assign Matter to Mediation.*[2]

2.      I am a partner of the law firm Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), counsel for Transform Holdco LLC ("Transform").

3.      In my capacity as a partner of Cleary Gottlieb, I have been the principal person involved in direct communications with the Debtors and its representatives immediately prior to and following Closing with respect to prorations.

4.      I make this Declaration to set forth my communications with Debtors with respect to the proration schedule required pursuant to Section 9.11 of the APA.  In doing so, I do not rely on any privileged information and do not intend, expressly or impliedly, to waive any attorney-client privilege.

5.      Pursuant to the Section 9.11(d)(i) of the APA, the Debtors were required to deliver an Initial Prorations Schedule "setting forth each item to be prorated pursuant to this Section 9.11."  Section 9.11(a), in turn, requires the following items to be prorated: "all items of revenue and expense with respect to the Owned Real Property, the Lease Premises, the lease identified in Schedule 1.1(r) and the Sparrow Properties as of the Closing Date."  Among the items to be prorated are "Property Taxes pursuant to Section 9.2(d)."

6.      On February 8, 2019, before the Closing, Debtors' representative sent me a purported proration schedule.  This schedule contained certain of the items required to be prorated including rent, common area maintenance charges, insurance, and utilities, but did not contain all of the items to be prorated, and called for a proration payment of approximately $20.3 million from Transform to the Debtors.  Importantly, it did not contain the proration calculations

---

[2]      All capitalized terms used but not defined in this Declaration shall have the meaning ascribed to them in the APA.

for property taxes, a key item to be prorated under section 9.11(a)(v) of the APA.  These are

property taxes that are required under the APA to be prorated between Transform and the

Debtors.  In addition, the Debtors representatives acknowledged in the email that the proration

schedule did not reflect certain properties that were included in the APA schedules.

7.    Debtors' representative did not provide Transform another proration schedule

until two days after the Closing.  Specifically, on February 13, 2019, Debtors sent another

purported proration schedule.  This schedule called for a proration payment of approximately

$16.2 million from Transform to the Debtors—a swing of more than 20 percent or $4 million

from the purported schedule submitted only a few days prior.  Once again, the schedule did not

contain a calculation of the proration for property taxes.

8.    Neither of these schedules set forth each of the items to be prorated pursuant to

Section 9.11.

9.    It was not until February 19, 2019, six business days after Closing, that the

Debtors finally delivered a schedule setting forth prorations with respect to property taxes.  This

schedule reflected a calculation of prorations with respect to property taxes that asked Transform

to pay the Debtors approximately $63.5 million.

\*        \*        \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge, information, and belief.

Executed on March 18, 2019 in New York, New York.

Respectfully submitted,

Joseph Lanzkron