THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
Telephone: 216.566.5500
Facsimile: 216.566.5800
John C. Allerding, Esq. (*pro hac vice*)

*Counsel for Luxottica Retail North America Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.* | **Case No. 18-23538-RDD** |
| Debtors.[1] | **(Jointly Administered)** |

**NOTICE OF FILING OF PROPOSED ORDERS**

Luxottica Retail North America Inc. ("**Luxottica**"), by and through undersigned counsel, hereby provides notice of the filing of the attached alternative proposed orders with respect to the *Motion of Luxottica Retail North America Inc. for Entry of an Order (i) Compelling Assumption*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings, Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holding Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Product, Inc.(8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*or Rejection of Executory Contract; or, in the Alternative, (ii) Granting Limited Relief from Stay*

(ECF No. 2876).

| | |
|---|---|
| Dated: March 18, 2019<br>New York, New York | Respectfully submitted,<br><br>*/s/ John C. Allerding*<br>THOMPSON HINE LLP<br>3900 Key Center<br>127 Public Square<br>Cleveland, Ohio 44114-1291<br>Telephone: 216.566.5500<br>Facsimile: 216.566.5800<br>John C. Allerding (*pro hac vice*)<br><br>*Counsel for Luxottica Retail North America Inc.* |

2

**First Alternative Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.* | Case No. 18-23538-RDD |
| Debtors.[2] | (Jointly Administered) |

### ORDER GRANTING MOTION OF LUXOTTICA RETAIL NORTH AMERICA INC. FOR ENTRY OF AN ORDER (I) COMPELLING ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT; OR, IN THE ALTERNATIVE, (II) GRANTING LIMITED RELIEF FROM STAY

Upon the motion, dated March 18, 2019 (ECF No. 2876) (the "**Motion**")[3] of Luxottica Retail North America Inc. ("**Luxottica**") for entry of an order compelling the assumption or rejection of that certain License Agreement identified in the Motion; or, in the alternative, (ii) granting limited relief from the automatic stay; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)-(b) and 1334(b) and the Amended Standing Order of reference M-431, dated January 31, 2012 (Preska, C.J.); and

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings, Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holding Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Product, Inc.(8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[3] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405); such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on March 21, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Debtors shall file a notice of assumption and assignment or rejection of the License Agreement on March 21, 2019.

3. In the event that the Debtors assume and assign the License Agreement, the Debtors, the Buyer, and Luxottica are directed to consult regarding an agreement to promptly pay the cure amount and cure any other defaults under the License Agreement.

4. In the event of the Debtors reject the License Agreement, the Buyer shall promptly remit to Luxottica all Trust Funds, including any checks and credit sales documents, in its possession, custody or control.

5. In the event that the Debtors reject the License Agreement, for the avoidance of doubt, Luxottica shall have no further obligations under such agreement from and including the date of the notice of rejection.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
      White Plains, New York

                                             THE HONORABLE ROBERT D. DRAIN
                                             UNITED STATES BANKRUPTCY JUDGE

**Second Alternative Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.* | Case No. 18-23538-RDD |
| Debtors.[4] | (Jointly Administered) |

**ORDER GRANTING MOTION OF LUXOTTICA RETAIL NORTH AMERICA INC. FOR ENTRY OF AN ORDER (I) COMPELLING ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT; OR, IN THE ALTERNATIVE, (II) GRANTING LIMITED RELIEF FROM STAY**

Upon the motion, dated March 18, 2019 (ECF No. 2876) (the "**Motion**")[5] of Luxottica Retail North America Inc. ("**Luxottica**") for entry of an order compelling the assumption or rejection of that certain License Agreement identified in the Motion; or, in the alternative, (ii) granting limited relief from the automatic stay; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)-(b) and 1334(b) and the Amended Standing Order of reference M-431, dated January 31, 2012 (Preska, C.J.); and

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings, Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holding Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Product, Inc.(8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[5] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405); such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on March 21, 2018 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The automatic stay implemented by 11 U.S.C. § 362 is terminated to the extent necessary to permit Luxottica to cease use of the Cash Management System, including the Sears POS System. For the avoidance of doubt, Luxottica shall have no obligation to turnover any Trust Funds to the Buyer or the Debtors; *provided, however*, that nothing contained herein shall limit or otherwise affect the Debtors' right to the Company Fee as set forth in the License Agreement.

3. The Debtors and the Buyer shall comply with the terms of the License Agreement until such time that a notice of assumption and assignment or notice of rejection of the License Agreement is filed with this Court.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
      White Plains, New York

                                          THE HONORABLE ROBERT D. DRAIN
                                          UNITED STATES BANKRUPTCY JUDGE