Alan M. Feld, Esq.
Ted Cohen, Esq. *Admitted Pro Hac Vice*
**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700
Fax: (212) 653-8701

*Counsel for Everlast World's Boxing Headquarters Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS, *et. al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>Jointly Administered<br><br>Hearing Date:     March 21, 2019, 10:00 a.m. ET<br>Objection Deadline:  March 15, 2019, 4:00 p.m. ET |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

SMRH:489782570.3

**OMNIBUS REPLY IN SUPPORT OF MOTION OF EVERLAST WORLD'S BOXING HEADQUARTERS CORP. UNDER BANKRUPTCY CODE SECTIONS 365(d)(2) AND 363(e) TO COMPEL: (1) ASSUMPTION OR REJECTION OF LICENSE AGREEMENT FORTHWITH, AND (2) PAYMENT OF ADMINISTRATIVE CLAIM AS <u>ADEQUATE PROTECTION</u>**

Everlast World's Boxing Headquarters Corp. ("Everlast" or "Licensor") submits this Omnibus Reply in Support of its Motion To Compel: (1) Assumption or Rejection of License Agreement Forthwith, and (2) Payment of Administrative Expense Claim as Adequate Protection (the "Motion").[2] Licensor replies to (i) the Omnibus Objection of Transform to Licensor and Landlord Motions to Compel filed by buyer Transform Holdco LLC ("Buyer") (Dkt. No. 2832), and (ii) Debtors' Objection to the Motion filed by Sears Holdings Corporation and its debtor affiliates (collectively, "Debtors") (Dkt. No. 2844), and states as follows:

1.  When Licensor filed the Motion, Licensor was not aware that in these cases motions to compel assumption or rejection of an executory contract require 21 (rather than 14) days' notice. When Debtors brought this to Licensor's attention, Licensor acknowledged that to the extent the Motion seeks to compel Debtors to assume or reject the License Agreement under Bankruptcy Code Section 365(d)(2), the Motion cannot proceed at the March 21, 2019 Omnibus Hearing, and must be put over. Licensor informed Debtors that Licensor wishes to proceed with the Motion at the March 21, 2019 Omnibus Hearing to the extent that Licensor seeks the payment of its administrative claim as adequate protection under Bankruptcy Code Section 363(e) pending Debtors' decision to assume or reject the License Agreement, since only 14 days' notice is required for such independent relief.[3]

---

[2] Undefined terms herein have the same definitions set forth in the Motion. Licensor reserves the right to file a reply or replies based on part or all of the Motion being put over.

[3] Debtors are not correct that the Court should not consider the request for adequate protection apart from the request to compel assumption or rejection. These are distinct requests for relief. In fact, adequate protection payments are

2. Both Buyer and Debtors argue that the Motion is premature and Licensor contravened the structured framework established under the APA, which gives Buyer until April 12, 2019 (60 days after the closing of the Sale) to designate additional contracts and leases for assumption and assignment (the "Designation Period"). Buyer and Debtors are incorrect that the Motion is premature and contravenes the APA. First, the APA and the order approving the APA do not preclude a contract counterparty during the Designation Period from bringing a motion to compel assumption or rejection of an executory contract. Moreover, in its Response to Cure Costs filed January 25, 2019 (Dkt. No. 1980, page 3, par. 4), notwithstanding the Designation Period, Licensor explicitly reserved and did not waive "the right under Bankruptcy Code Section 365(d)(2) to seek to compel assumption or rejection of the License Agreement at any time, with assumption or rejection to be effective prior to the Designation Deadline." Licensor reserved such right because of its concern that Licensees would not make the required post-petition payment for post-petition use of the Everlast Marks coming due on March 4, 2019 (well before the Designation Deadline), and Licensees were continuing to use the Everlast Marks (including without limitation ongoing retail sales of Everlast branded products and the imminent sale of Everlast branded products to Buyer in the Sale).

3. Licensor's concerns were justified because Licensees in fact failed to make the required payment or any payment on March 4, 2019 or any time thereafter. Moreover, Licensees are continuing to sell (and possibly order the manufacture for sale of additional) Everlast branded products. Debtors have also failed to provide Licensor under the License Agreement with crucial information, including without limitation, buy plans, identification of the Everlast

---

warranted even more since the request to compel assumption or rejection likely will be put over until at least April 18, 2019, the next Omnibus Hearing date.

branded products sold to Buyer in the Sale, and ongoing sales of Everlast branded products. At approximately 3:00 p.m. today, two weeks late, Debtors provided Licensor with the royalty report for the fourth quarter of 2018 (November 1, 2018 through January 31, 2019).

4. These facts and circumstances are relevant not only to Licensor's request for relief under Bankruptcy Code Section 365(d)(2) (which request is being put over), but also to Licensor's request for relief under Bankruptcy Code Section 363(e). Licensees are benefiting from the post-petition and ongoing use of the Everlast Marks for free and without payment therefor, and Licensor does not know the extent to which Licensees are still ordering the manufacture of additional Everlast branded products. The circumstances are exacerbated since the Motion will be put over to the extent that Licensor seeks an order compelling Debtors to assume or reject the License Agreement. Moreover, despite the implication to the contrary, the Debtors will not necessarily assume or reject the License Agreement by the April 12, 2019 Designation Deadline. Even if Buyer elects not to take an assignment of the License Agreement,[4] Debtors nonetheless might not reject the License Agreement concurrently with Buyer's election not to take an assignment of the License Agreement. For example, Licensees may still wish to use the Everlast Marks and sell Everlast branded products in the GOB Stores for some period of time. These facts and circumstances warrant the award of adequate protection payments to Licensor under Bankruptcy Code Section 363(e) pending the assumption or rejection of the License Agreement. *In Re Desantis*, 66 B.R. 998 (Bankr. E.D. Pa. 186) (court may require debtor to keep post-petition payment current as adequate protection while debtor is deciding whether to assume or reject contract).

---

[4] Buyer's counsel represented in Buyer's Omnibus Objection that Buyer has not yet decided whether to assume or reject the License Agreement. Notwithstanding counsel's representation, as noted in the Motion, Buyer told Licensor that Buyer does not want to assume the License Agreement (Kivett Dec., page 7, par. 11(e)).

5. Buyer and Debtors argue that an evidentiary hearing is necessary to evaluate Licensor's request for adequate protection payments. An evidentiary hearing is not necessary. First, Licensor included evidence with the Motion. It is undisputed that for fiscal year 2018, the AMGR Shortfall was $2,158,856.55, irrespective of royalties based on actual revenues for Q4 2018. As set forth in the Motion (par. 22), Licensees obtained benefit in exchange for agreeing to the AMGR equal in value to the AMGR. The AMGR represents the bargained-for exclusivity that Licensees received under the License Agreement.

6. In their objection (page 7, par. 13), Debtors cite cases for the proposition that the creditor may receive payment calculated as the "minimum royalty amount provided in the License Agreement, prorated for the days of actual usage of the trademark during the post-petition, pre-rejection period." The minimum annual payment under the License Agreement is $4,500,000. Pro-rated, that is $1,125,000 per quarter. As reflected in the Motion and the License Agreement, the fiscal year under the License Agreement runs from February 1 through January 31. Therefore, the fourth quarter of fiscal year 2018 ran from November 1, 2018 through January 31, 2019. The entire fourth quarter was post-petition and pre-rejection.[5] Thus, without even considering Debtors' use of the Everlast Marks after January 31, 2019, the pro-rated AMGR is $1,125,000. Applying this standard, no further evidence is needed.

7. Moreover, as noted above, just today, Debtors provided the royalty report for the fourth quarter of fiscal year 2018. Without considering the AMGR, and only considering royalties based on actual revenues, the royalties on actual revenues for the fourth quarter of fiscal years 2018 are $790,558. Debtors have not paid Licensor even that amount. For purposes of

---

[5] In fact, we are still pre-rejection and almost two months into the first quarter of fiscal year 2019, which includes the Everlast branded products sold to Buyer in the Sale on February 11, 2019 and all ongoing retail sales on and after February 1, 2019.

Licensor's request for adequate protection, and without waiving the ultimate amount of Licensor's administrative claim, Licensor submits that even using Debtors' standard, for which no further evidence is required, an adequate protection payment of $1,125,000 is appropriate. Alternatively, even considering only the fourth quarter royalties based on actual fourth quarter revenues and not the pro-rata portion of the annual AMGR, the amount would be $790,558.

8. Based on the foregoing, Licensor respectfully requests that the Court compel Debtors to pay at least $790,558, and more appropriately based on Debtors' standard, $1,125,000, of Licensor's administrative claim to Licensor as adequate protection under Bankruptcy Code Section 363(e) pending assumption or rejection of the License Agreement. Again, Licensor does not waive the ultimate amount of Licensor's administrative claim. If the Court requires an evidentiary hearing, Licensor requests that the Court set such hearing for the first date available on the Court's calendar.

Dated: March 18, 2019
Los Angeles, California

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: */s/ Ted Cohen*
Alan M. Feld, Esq.
Ted Cohen, Esq.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
E-mail: afeld@sheppardmullin.com
tcohen@sheppardmullin.com

*Counsel for Everlast World's Boxing Headquarters Corp.*