WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                      :
                                                               :    **Case No. 18-23538 (RDD)**
                                                               :
              Debtors.[1]                                      :    **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**DEBTORS' REPLY TO STEEL 1111, LLC'S LIMITED OBJECTION
TO DEBTORS' REJECTION OF LEASE FOR STORE NUMBER 1004**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submit this reply to the limited objection (the "**Objection**") of Steel 1111, LLC (the "**Landlord**") to the *Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property and Abandonment of Property in Connection Therewith* (ECF No. 2695) (the "**Lease Rejection Notice**"),[2] and in support thereof, respectfully represent as follows:

**Preliminary Statement**

1.     On November 16, 2018, the Court entered its *Order Authorizing Debtors to Establish Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith* (ECF No. 800) (the "**Lease Rejection Procedures Order**"). The Lease Rejection Procedures Order provides that the effective date of the Debtors' rejection of leased premises shall be:

> [T]he later of (i) service and filing of the Rejection Notice and (ii) the date the Debtors have surrendered the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the Landlord, or if not delivering such keys or codes, providing notice that the landlord may re-let the premises . . . .

Lease Rejection Procedures Order, ¶ 2.

2.     On February 26, 2019, the Debtors filed the Lease Rejection Notice seeking authority to reject, among others, the leased premises related to store number 1004

---

[2] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to such terms in the Lease Rejection Notice.

2

located at 1111 Franklin Avenue, Garden City, New York 11530 (the "**Leased Premises**"), effective as of February 26, 2019 (the "**Rejection Date**").  On February 26, 2019, the Debtors also notified the Landlord via email that the Debtors unequivocally surrendered possession of the Leased Premises by providing the lockbox and alarm codes (the "**Surrender Notice**").  A copy of the Surrender Notice is annexed hereto as **Exhibit A**.

3. On March 8, 2019, the Landlord of the Leased Premises filed its Objection to the Lease Rejection Notice.  The Landlord's Objection contends, in pertinent part, that the Debtors' rejection of the Lease cannot occur until the licensee, Winthrop Hospital, ceases to use the parking lot of the Leased Premises.  The Landlord's Objection lacks legal and factual basis for the relief requested and, as set forth in further detail below, should be overruled.

### The Objection Should be Overruled

4. The Landlord's Objection asserts that "the Debtors have not returned the keys to the Leased Premises, nor have they informed Steel that it may re-let the Leased Premises, as required by the Rejection Procedures . . . ."  Objection, ¶ 4.  As noted above, the Debtors provided the Landlord with the Surrender Notice on February 26, 2019.  The Surrender Notice is the same notice that the Debtors have already provided to hundreds of landlords in these chapter 11 cases and complies with the Lease Rejection Procedures Order.  The Debtors also filed with the Court and served the Landlord the Lease Rejection Notice which reflects their decision to reject the Lease and, in turn, the Landlord's ability to take possession of the Leased Premises.

5. The Landlord's Objection also contends that any surrender of the Leased Premises by the Debtors cannot be effective unless and until the existing subtenant, which formerly licensed parking spaces from the Debtors, has also vacated the property.  This argument is nothing more than an attempt to eviscerate the Debtors' statutory right to reject the Leased

3

Premises and acquire an administrative expense claim. The Debtors' obligation to surrender the premises of a rejected lease does not extend to third parties, including subtenants. *See* 11 U.S.C. § 365(d)(4) (requiring only that the trustee immediately surrender that nonresidential real property to the lessor).

6. This Court, as well as other courts in the Second Circuit, has held that a debtor's rejection of a prime lease associated with a leased premises designated for rejection operates to terminate any related sublease. *See, e.g.*, *In re The Great Atlantic & Pacific Tea Company*, 544 B.R. 43, 54 (Bankr. S.D.N.Y. 2016) ("As a sublessee, [subtenant] has no possessory interest to preserve following the debtor's rejection of the prime lease.") (internal citations omitted); *In re The Great Atlantic & Pacific Tea Company*, Case No. 10-24549, Hr'g. Tr. at 243:14-20 (RDD) (Bankr. S.D.N.Y. Jun. 14, 2011) ("It's really belt and suspenders to actually reject the sublease"); *In re Child World, Inc.*, 142 B.R. 87 (Bankr. S.D.N.Y. 1992) ("[w]hen a prime lease fails, so does the sublease.") (internal citations omitted); *In re Dial-A-Tire, Inc.*, 78 B.R. 13, 16 (Bankr. W.D.N.Y. 1987) (finding rejection of a lease must result in the sublease being deemed rejected as well); *In re Elmhurst Transmission Corp.*, 60 B.R. 9, 10 (Bankr. E.D.N.Y. 1986) (finding that subtenants do not have standing in Bankruptcy Court after the rejection of the debtor's lease).

7. Accordingly, the Debtors' rejection of the Leased Premises automatically results, without further action, in the rejection of the related license agreement of Winthrop Hospital. In other words, by rejecting the Lease, the Debtors have also severed ties with the related subtenant. Indeed, the Debtors no longer have any interest in the Leased Premises. The Landlord may take action to evict the subtenant and upon information and belief no such attempt has been made by the Landlord. *See In re Great Atlantic & Pacific Tea Co.*, Case No. 15-23007

4

(RDD), Hr'g. Tr. at 243:14-20 (Bankr. S.D.N.Y. January 10, 2011) (finding that it is the landlord's responsibility to get rid of a subtenant); *In re Cardinal Export Corp.*, 30 B.R. 682 (Bankr. E.D.N.Y. 1983) ("If the Landlord is to receive compensation for the period subsequent to the surrender of the premises by the trustee, he must look elsewhere to those persons that benefited from such occupancy.").

8. Moreover, courts in this District and elsewhere have approved rejection of a lease notwithstanding subtenants occupying the premises. *See, e.g.*, *In re Great Atlantic & Pacific Tea Co.*, Case No. 15-23007 (Bankr. S.D.N.Y. Aug, 11, 2015) (granting retroactive rejection of lease despite subtenant's continued occupancy); *see also In re New Meatco Provisions, LLC*, Case No. 2:13-bk-22155-PC, 2013 Bankr. LEXIS 2850, 2013 WL 3760129, *1, 6 (Bankr. C.D. Cal. July 16, 2013) (holding that the fact that the subtenant might still have occupied a portion of the premises does not change the court's conclusion that extraordinary circumstances existed warranting retroactive rejection). The Landlord's attempt to extract post-rejection administrative priority amounts from the Debtors based on a third-party's use of parking spaces should be viewed for what it is, an impermissible attempt to leapfrog over similarly situated creditors to the detriment of the Debtors, their estates, and their creditors.

9. The Debtors fully complied with the Lease Rejection Procedures and the Landlord has not posited any valid basis for the Court to set aside the approved procedures and limit the Debtors' statutory right to reject an unexpired lease as a result of the actions of a wholly unrelated third party. The Landlord should be estopped from seeking to bootstrap a portion of its general unsecured lease rejection claims to administrative expense status in reliance on its unilateral attempt to avoid acceptance of the Debtors' formal surrender of the Leased Premises.

WEIL:\96958920\6\73217.0004

**Conclusion**

10. For the reasons set forth herein, the Objection should be overruled and the Debtors' rejection of the Lease approved.

Dated: March 19, 2018
      New York, New York

    /s/ Jacqueline Marcus
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York  10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Ray C. Schrock, P.C.
    Jacqueline Marcus
    Garrett A. Fail
    Sunny Singh

    *Attorneys for Debtors*
    *and Debtors in Possession*

## **Exhibit A**

**Surrender Notice**

WEIL:\96958920\6\73217.0004

| | |
|---|---|
| **From:** | Schwartz, Cheryl |
| **To:** | jlostritto@steelequities.com |
| **Cc:** | Schwartz, Cheryl |
| **Subject:** | Lease for property #1004 - Garden City, NY |
| **Date:** | Tuesday, February 26, 2019 5:47:58 PM |

- As you may be aware, on October 15, 2018 (the "Petition Date"), the Debtor and certain of its affiliates commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The cases are being jointly administered under chapter 11 case number 18-23538 (RDD).
- As you may also be aware, on November 16, 2018, the Bankruptcy Court entered the *Order Authorizing Debtors to Establish Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith* (the procedures approved therein, the "Lease Rejection Procedures").
- In accordance with the Lease Rejection Procedures, the Debtors hereby unequivocally surrender possession of the premises as of February 26, 2019 by providing the lockbox and alarm codes below.
Lockbox 0111, burg code 5133

Cheryl Schwartz
Real Estate Manager
Acquisitions and Dispositions
Sears Holdings Corporation
3333 Beverly Road, BC-152A
Hoffman Estates, IL  60179
847-286-1696 (office)
847-286-7946 (fax)

This message, including any attachments, is the property of Sears Holdings Corporation and/or one of its subsidiaries. This message is confidential and may contain attorney work product and/or proprietary information intended only for the use of the addressee(s) named above and/or may contain information that is legally privileged. If you are not the intended addressee, or the person responsible for delivering it to the intended addressee, you are hereby notified that reading, disseminating, distributing or copying this message is strictly prohibited. If you have received this message by mistake, please immediately notify us by replying to the message and delete the original message and any copies immediately thereafter.

Except where an express statement to the contrary is contained in this communication, (a) nothing in this communication is to be regarded or construed as an electronic signature, nor is this communication intended to be "signed," (b) nothing in this communication is to be regarded as an offer, an acceptance, or an undertaking to negotiate, and (c) any agreement, commitment, representation, warranty, undertaking, or waiver binding Sears or any affiliate may only be evidenced by a separate signed writing by an authorized signatory.

Thank you.