**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Jonathan I. Rabinowitz
John J. Harmon
*Counsel for Debbie and Dennis Dodge*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.,*<br><br>Debtors. | Chapter 11<br>Case No. 18-23538 (RDD)<br>(Jointly Administered) |

**OBJECTION BY DEBBIE AND DENNIS DODGE TO EXTENSION OF AUTOMATIC STAY TO NON-DEBTOR PENNSYLVANIA REAL ESTATE INVESTMENT TRUST**

Debbie Dodge and Dennis Dodge, (collectively, the "Dodges"), by and through their counsel, Rabinowitz, Lubetkin & Tully, LLC, hereby object to the Debtors'[1] Notice of Extension of the Automatic Stay to Supplemental Parties and Supplemental Actions (the "Notice of Extension") [ECF No. 2754], and state as follows:

**Background Regarding State Court Action**

1.      The Dodges are the Plaintiffs in a civil action filed against one of the Debtors, Sears, Roebuck & Company ("Sears"), and non-debtor Pennsylvania Real Estate Investment Trust ("Penn REIT" and, together with Sears, the "Defendants"), which is currently pending in the Lackawanna County Court of Common Pleas, Lackawanna County, Pennsylvania under Case No. 2017-CV-1072 (the "State Court Action"). The Complaint filed by the Dodges in that action is attached hereto as Exhibit #1 and is incorporated herein by reference. The Dodges allege in

---

[1] The Dodges hereby adopt the definition of the term Debtors set forth in the Debtors' Notice of Extension.

their Complaint that the Defendants engaged in negligent conduct, and in acts that injured the

Dodges prepetition.

**Relevant Background to the Debtors' Request to Extend the Automatic Stay to Non-Debtor Party Penn REIT**

2.      On or around July 8, 2017, the Debtors filed for bankruptcy protection under

Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the

Southern District of New York (the "Court").

3.      On November 28, 2018, the Debtors filed a Motion for Entry of an Order

Extending the Automatic Stay to Certain Non-Debtor Parties (the "Motion to Extend") [ECF No.

924].

4.      In the Motion to Extend, the Debtors sought to extend the protections of the

automatic stay under 11 U.S.C. § 362 to certain non-debtor parties involved in pending litigation.

5.      In the Motion to Extend, the Debtors alleged the following bases for extending the

protections of the automatic stay to the non-debtor parties: (i) certain non-debtor parties had

relationships with the Debtors that could give rise to administrative claims against the Debtors in

the event of an adverse determination against the non-debtor parties in pending lawsuits; (ii) the

Debtors' personnel would be distracted by the continuation of the pending lawsuits; (iii)

judgments entered in the pending lawsuits could give rise to administrative expense claims as a

result of certain relationships between the Debtors and non-debtor parties; (iv) certain non-debtor

parties might refuse to provide valuable services to the Debtors absent a stay and without the

Debtors' continued defense, indemnification or reimbursement; and (v) judgments entered in the

pending lawsuits could result in res judicata or law of the case or other findings that would be

adverse to the Debtors in any subsequent adjudication of claims against the Debtors.

6.    The Motion to Extend did not identify Penn REIT and did not seek to extend the protections of the automatic stay to Penn REIT.

7.    On January 9, 2019, the Court entered an Order [ECF No. 1528] granting the Motion to Extend. The Order granting the Motion to Extend provided a procedure whereby the Debtors may seek to extend the protections of the automatic stay to additional non-debtor parties by filing a Notice of Extension of the Automatic Stay to Supplemental Parties and Supplemental Actions, serving such Notice on affected parties, and providing affected parties an opportunity to object to the requested extension of the protections of the automatic stay.

8.    On March 5, 2019, the Debtors filed the Notice of Extension in which the Debtors seek to extend the protections of the automatic stay to several non-debtors, including to non-debtor Penn REIT in the State Court Action.

9.    The Notice of Extension does not identify any grounds warranting extension of the protections of the automatic stay to Penn REIT.

10.    The Notice of Extension does not identify the existence or nature of a relationship between the Debtors and Penn REIT.

**Legal Argument**

**I. The Debtors Have Not Met Their Burden of Demonstrating Cause for Entry of an Order Extending the Protections of the Automatic Stay to Penn REIT**

11.    It is well established that the protections of the automatic stay under 11 U.S.C. § 362(a) are limited to debtors, and do not apply to non-debtors, including non-debtors who are co-defendants with debtors in pending litigation.  Teachers Insurance and Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir.1986); see also In re A.H. Robins Co., Inc., 788 F.2d 994, 999 (4th Cir. 1986); Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194, 1196 (6th Cir. 1983); Johns-Manville Sales Corp., 26 B.R. 405, 410 (S.D.N.Y .1983).

12.     In limited and narrowly defined circumstances, 11 U.S.C. § 105(a) vests

bankruptcy courts with the power to issue injunctions extending the protections of the automatic

stay to third parties where necessary to allow bankruptcy courts to carry out the provisions of the

Bankruptcy Code. In re Lyondell Chem. Co., 402 B.R. 571, 587 (Bankr. S.D.N.Y. 2009); In re

Calpine Corp., 365 B.R. 401, 409 (Bankr.S.D.N.Y. 2007).

13.     "Courts caution that such extensions are reserved for 'special circumstances,' and

typically apply to those lawsuits which threaten serious risk to a reorganization in the form of

immediate adverse economic consequences for the debtor's estate. Gucci Am., Inc. v. Duty Free

Apparel, Ltd., 328 F. Supp. 2d 439, 442 (S.D.N.Y. 2004) (quoting Queenie, Ltd. v. Nygard Int'l,

321 F.3d 282, 287 (2d Cir.2003)); see also Credit Alliance Corp. v. Williams, 851 F.2d 119 (4th

Cir. 1988); CAE Indus. Ltd. v. Aerospace Holdings Co., 116 B.R. 31, 32 (S.D.N.Y. 1990).

14.     "The debtor bears the burden of proof in obtaining the 'extraordinary and drastic

remedy' of an injunction" extending the protection of the automatic stay to a non-debtor. In re

Third Eighty-Ninth Assocs., 138 B.R. 144, 146 (S.D.N.Y. 1992); In re Calpine Corp., 354 B.R.

45, 49 (Bankr. S.D.N.Y. 2006), aff'd, 365 B.R. 401 (S.D.N.Y. 2007).

15.     To obtain an order staying litigation against non-debtor parties pursuant to 11

U.S.C. § 105(a), debtors must satisfy "traditional preliminary injunction standard as modified to

fit the bankruptcy context." Lyondell Chem., supra, 402 B.R. at 588 (quoting Calpine, supra, 365

B.R. at 409); see also In re United Health Care Org., 210 B.R. 228, 233 (S.D.N.Y. 1997).

16.     This modified preliminary injunction standard requires that in order to obtain an

injunction extending the protections of the automatic stay to non-debtors, a debtor must

demonstrate (1) a reasonable likelihood of successful reorganization; (2) that the estate will

suffer imminent and irreparable harm in the absence of an injunction; (3) that the balance of harms favors the debtor; and (4) that the public interest weighs in favor of injunctive relief. Ibid.

17.     On February 8, 2019, the Court entered an Order [ECF No. 2507] approving the sale of substantially all of the Debtors' assets to a successful bidder at auction pursuant to 11 U.S.C. § 363. Accordingly, there is no longer a possibility that the Debtors will accomplish a successful rehabilitative reorganization of their businesses.

18.     Some non-binding decisions have found that where a liquidating chapter 11 plan is anticipated, such a plan satisfies the element of a likelihood of successful reorganization for purposes of granting an extension of the automatic stay to non-debtors. See In re The 1031 Tax Grp., LLC, 397 B.R. 670, 686 (Bankr. S.D.N.Y. 2008); In re Myerson & Kuhn, 121 B.R. 145, 154 (Bankr. S.D.N.Y. 1990).

19.     However, these decisions are distinguishable because injunctions extending the protections of the automatic stay were issued in those cases based on findings that an injunction was necessary to preserve value of the debtor's assets in avoidance and recover actions or sales that were anticipated to be held in the future. Ibid.

20.     Here, the Debtors have already consummated a sale of substantially all their assets, and have not identified how continued prosecution of the Dodges' claims against Penn REIT in the State Court Action will jeopardize the value of any assets of the estate that are necessary to accomplish a successful liquidating plan.

21.     The Debtors have not made any showing of a likelihood of reorganization under any applicable test, and therefore have failed to satisfy the first part of the test for extending the automatic stay to Penn REIT pursuant to 11 U.S.C. § 105(a).

22.    The second requirement of the modified preliminary injunction test the Debtor must satisfy is to demonstrate that an injunction is necessary to prevent imminent and irreparable harm to the Debtors' estates. Lyondell Chem., supra, 402 B.R. at 588; Calpine, supra, 365 B.R. at 409.

23.    In the context of a motion for injunctive relief extending the protections of the automatic stay to a non-debtor, the requirement of immediate and irreparable harm to the estate may be satisfied if the movant demonstrates an impending "immediate adverse economic consequence for the debtor's estate." Queenie, supra, 321 F.3d at 287; see also In re United Health Care Org., 210 B.R. 228, 232 (S.D.N.Y. 1997).

24.    The Debtors have failed to make any representations at all that their estates will suffer an immediate adverse consequence absent an injunction extending the protections of the automatic stay to Penn REIT.

25.    Accordingly, the Debtors have failed to satisfy the second requirement for obtaining an injunction pursuant to 11 U.S.C. § 105(a) extending the protections of the automatic stay to Penn REIT.

26.    The third requirement of the modified preliminary injunction test the Debtor must satisfy is to demonstrate that the balance of harms tips in favor of the Debtors' estates. Lyondell Chem., supra, 402 B.R. at 588; Calpine, supra, 365 B.R. at 409.

27.    Here, the Dodges will suffer significant harm if the Court grants an injunction staying their claims against Penn REIT, as Penn REIT is the only party other than Sears against whom they have a claim in their personal injury action. If an injunction protecting Penn REIT is entered, the Dodges will likely be forced to wait a significant period of time to establish liability for their injuries, and even longer to recover any damages for their injury.

28.     The Debtors have failed to allege that they will suffer any harm if the automatic stay is not extended to Penn REIT.

29.     Accordingly, the balance of harms tips in favor of the Dodges, and the Debtors have failed to satisfy the third requirement for obtaining an injunction pursuant to 11 U.S.C. § 105(a) extending the protections of the automatic stay to Penn REIT.

30.     The fourth requirement of the modified preliminary injunction test the Debtors must satisfy is whether public interest weighs in favor of an injunction extending the protections of the automatic stay to Penn REIT.

31.     The Debtors have failed to identify any public interest that supports an injunction extending the protections of the automatic stay to Penn REIT.

32.     This case does not present circumstances with mass tort claims in which the public interest may favor an extension of the automatic stay. See In re A.H. Robins Co., Inc., 972 F.2d 77 (4th Cir. 1992); In re W.R. Grace & Co., 386 B.R. 17, 36 (Bankr. Del. 2008).

33.     Further, public policy favors limiting the automatic stay to debtors in bankruptcy.

34.     In Credit Alliance Corp. v. Williams, 851 F.2d 119, 121 (4th Cir. 1988), the Court, in limiting the automatic stay to the debtor in bankruptcy and not extending it to a non-debtor guarantor, stated that:

> The plain language of § 362, however, provides only for the automatic stay of judicial proceedings and enforcement of judgments "against the debtor or the property of the estate."... Nothing in § 362 suggests that Congress intended that provision to strip from the creditors of a bankruptcy debtor the protection they sought and received when they required a third party to guaranty the debt, congress knew how to extend the automatic stay to non-bankrupt parties when it intended to do so. Chapter 13, for example, contains a narrowly drawn provision to stay proceedings against a limited category of individual cosigners of consumer debt. See § 1391(a). No protection is provided to the guarantors of Chapter 11 bankrupts by § 362(a) …

35.     Similarly, here, Chapter 11 contains no similar provision.  Thus, construing Chapter 11 otherwise would not further the public policy of enforcing the plain meaning of a statue.

36.     Accordingly, the Debtors have failed to satisfy the fourth requirement for obtaining an injunction pursuant to 11 U.S.C. § 105(a) extending the protections of the automatic stay to Penn REIT.

37.     Therefore, the Debtors have failed to satisfy all elements of the test for obtaining an Order extending the protections of the automatic stay to Penn REIT pursuant to 11 U.S.C. § 105(a).

## Conclusion

38.     For the foregoing reasons, the Court should deny the Debtor's request to extend the protections of the automatic stay to Penn REIT.

## Reservation of Rights

39.     The Dodges hereby reserve all objections and do not consent to venue and jurisdiction of this Court to adjudicate any matters affecting their personal injury and related claims, as well as any constitutional or other objections arising or within the scope of Stern v. Marshall, 564 U.S. 2 (2011). See 28 U.S.C. § 157(b)(2)(B). The Dodges do not consent to entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. The Dodges do not waive their right to a trial by jury

**WHEREFORE**, the Dodges hereby request that this Court deny the Debtors' request to extend the protection of the automatic stay to Penn REIT in the State Court Action pursuant to 11 U.S.C. § 105(a), and to grant such further relief as the Court deems just.

**RABINOWITZ, LUBETKIN & TULLY, L.L.C.**
*Counsel for Debbie and Dennis Dodge*

DATED: March 19, 2019                    By: /s/ Jonathan I. Rabinowitz
                                              JONATHAN I. RABINOWITZ

                                        293 Eisenhower Parkway, Suite 100
                                        Livingston, New Jersey 07039
                                        Phone: (973) 597-9100
                                        Fax: (973) 597-9119
                                        Email: jrabinowitz@rltlawfirm.com

Exhibit #1

MAURI B. KELLY
LACKAWANNA COUNTY

**Munley Law PC**
**227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

2017 FEB 8 AM 9 18

CLERK OF JUDICIAL
RECORDS CIVIL DIV.

DEBBIE DODGE and
DENNIS DODGE, her husband
292 Vineyard Lane
Falls, PA 18615
      Plaintiffs

v.

SEARS, ROEBUCK & COMPANY
3333 Beverly Road
Hoffman Estates, IL 60179
PENNSYLVANIA REAL ESTATE
INVESTMENT TRUST
200 South Broad Street, 3rd Fl
Philadelphia, PA 19102
      Defendants

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY

CIVIL ACTION - LAW
JURY TRIAL DEMANDED

No. 17 Cv 1072

<u>NOTICE</u>

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Northern PA Legal Services, Inc.
33 North Main Street, Suite 200
Pittston, PA 18640
570-299-4100

Pennsylvania Lawyer Referral Service
Lackawanna Bar Association Lawyer
Referral Service
233 Penn Avenue
Scranton, PA 18503
570-969-9161

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes paginas, tiene que tomar accion en un plazo de veinte (20) dias despues que reciba esta demanda y aviso, presentando una notificacion de comparecencia escrita personalmente o por un abogado y presentar por escrito en la Corte sus defensas u objectiones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podria seguir adelante sin usted y un fallo podria ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o satisfaccion pedida por el/la demandante. Puede que usted pi erda dinero, propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRIJASE 0 LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON LA INFORMACION SOBRE COMO CONTRATAR UN ABOGADO.

SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRIA PROPORCIONARLE INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REUNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

| Northern PA Legal Services, Inc.<br>33 North Main Street, Suite 200<br>Pittston, PA 18640<br>570-299-4100 | Pennsylvania Lawyer Referral Service<br>Lackawanna Bar Association Lawyer<br>Referral Service<br>233 Penn Avenue<br>Scranton, PA 18503<br>570-969-9161 |
|---|---|

**Munley Law PC**
**227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

DEBBIE DODGE and                          :        IN THE COURT OF COMMON PLEAS
DENNIS DODGE, her husband                 :            OF LACKAWANNA COUNTY
292 Vineyard Lane                         :
Falls, PA 18615                           :
                Plaintiffs                :
                                          :        CIVIL ACTION - LAW
v.                                        :        JURY TRIAL DEMANDED
                                          :
SEARS, ROEBUCK & COMPANY                  :
3333 Beverly Road                         :
Hoffman Estates, IL 60179                 :
PENNSYLVANIA REAL ESTATE                  :
INVESTMENT  TRUST                         :
200 South Broad Street, 3rd Fl            :
Philadelphia, PA 19102                    :
                Defendants                :        No.

<u>**COMPLAINT**</u>

NOW come Plaintiffs by and through their undersigned counsel and aver as follows:

1.       Debbie Dodge (hereinafter referred to as Plaintiff) and Dennis Dodge (hereinafter

referred to as Plaintiff/Husband) are competent adult individuals residing at 292 Vineyard Lane,

Falls, Pennsylvania 18615.

2.       Sears, Roebuck & Company (hereinafter referred to as Defendant Sears) is, upon

information and belief, a foreign business corporation with an address of 3333 Beverly Rd,

Hoffman Estates, IL 60179 which at all relevant times hereto did business in Lackawanna

County, Pennsylvania.

3.       Pennsylvania Real Estate Investment Trust (hereinafter referred to as Defendant Preit) is,

upon information and belief, a Pennsylvania equity real estate investment trust with an address

for doing business at 200 South Broad Street, Philadelphia, PA 19102.

4.     At all times pertinent hereto and upon information and belief, Defendant Sears was the owner of the Sears store #1534, located at 100 Viewmont Drive, Scranton, Pennsylvania.

5.     At all times pertinent hereto, Defendant Preit was owned, operated, maintained and controlled by the Viewmont Mall located at 100 Viewmont Drive, Scranton, Pennsylvania.

6.     At all times pertinent hereto and upon information and belief, Defendant Sears leased store #1534 from Defendant Preit, located in the Viewmont Mall, 100 Viewmont Dr., Scranton, Pennsylvania.

7.     On or about September 10, 2015, Plaintiff Debbie Dodge was a lawful business invitee on the premises of the Viewmont Mall and the Sears store #1534 located in the Viewmont Mall, 100 Viewmont Drive, Scranton, Pennsylvania.

8.     At that time and place, Plaintiff was exiting Sears store #1534, and had gone through the first set of glass doors when she immediately became locked inside of the store. All lighting and doors automatically shut off in the store.  Plaintiff attempted to find an exit, and in doing so, she was caused to trip and fall in the back area of the Sears store causing her to sustain serious personal injuries, more fully set forth below.

9.     At no time did Defendant Sears or Defendant Preit warn Plaintiff that she would be locked in the store in complete darkness.

10.     The fall described above was due to the negligent, careless, gross, wanton and reckless conduct of the Defendant Sears and Defendant Preit, in their own right and/or by and through their agents, servants, workmen or employees, acting within the course and scope of their employment and with the full knowledge and consent of the Defendants, and in no way due to any negligent act or failure to act on the part of the Plaintiff.

11.     Defendant Sears and Defendant Preit, by and through their agents, servants, workmen or

employees acting within the course and scope of their employment with the full knowledge and

consent of the Defendants knew or should have known that leaving a business invitee such as the

Plaintiff in a locked store with no lighting constituted a very dangerous condition.

12.    As a result of the fall described above, Plaintiff sustained serious personal injuries

including but not limited to: broken teeth, neck pain, back pain, pain in left shoulder, numbness

and tingling down left arm to hand and fingers, cervical radiculopathy, degenerative disc disease

with cervical spondylosis at C6-7, disc foraminal narrowing bilaterally more marked on left side

with nerve root compression; cervicalgia, severe tendonitis of left shoulder, anxiety disorder,

pain in legs, bilateral carpal tunnel syndrome, C4, C5, C6 radiculopathy with paraspinal muscle

spasms, bruising, contusions, spasms, trigger point, severe and permanent shock to the nerves

and nervous system, by reason of which she was rendered sick, sore, lame and forced to undergo

great mental anguish, physical pain, embarrassment and humiliation which will continue into the

future because her injuries are permanent in nature.

13.    As a result of the incident described above, Plaintiff has been obliged to expend money

for medical services and medical attention, surgery, x-rays, diagnostic studies, medication and

other expenses in an effort to treat and cure herself of the injuries sustained in this fall, and will

be obligated to spend additional sums of money for the same purposes in the future because her

injuries are permanent in nature.

14.    As a result of her injuries, Plaintiff has suffered physical pain and suffering, mental

anguish, humiliation, emotional distress, discomfort, inconvenience and loss of the ability to

enjoy the pleasures of life, all of which will be permanent in nature and will continue indefinitely

into the future.

15.    As a result of her injuries, Plaintiff has sustained the loss of ability to provide household

services and enjoy everyday pleasures and enjoyment of life, and will continue to lose everyday

pleasures for an indefinite period of time in the future due to her permanent injuries.

16.    As a result of her injuries described above, Plaintiff has suffered loss of earnings and

loss of earning capacity, and will continue indefinitely into the future because her injuries are

permanent in nature.

17.    As a result of the incident and injuries suffered by Plaintiff, she has experienced the

following damages, losses and disabilities consisting of but not limited to the following:

     a)    past, present and future pain and suffering;

     b)    past, present and future emotional distress and mental anguish;

     c)    past, present and future medical expenses;

     d)    past, present and future loss of life's pleasures;

     e)    past, present and future loss of earnings and/or loss of earning capacity;

     f)    past, present and future disfigurement and/or scarring.

18.    All of the conditions, disabilities and medical impairments, injuries and damages suffered

by Plaintiff are directly related to the tortious actions of Defendant Sears and Defendant Preit as

described in this Complaint.

## COUNT ONE

### Debbie Dodge v. Sears, Roebuck and Co.

### Negligence

19.    Plaintiff incorporates by reference Paragraphs 1-18 as if same were set forth at length

herein.

20.    At all times here pertinent Defendant Sears was responsible for its security system,

maintenance, repair, upkeep and management, and owed a duty of care to Plaintiff, who at all

times material hereto was a business invitee of Defendant Sears and Defendant Preit.

21.      The fall described in this Complaint was due to the negligent, careless, gross, wanton
and reckless conduct of Defendant Sears in its own right through its agents, servants, workmen
or employees acting within the scope of their employment and agency, and with the full
knowledge and consent of said Defendant Sears and in no way due to any negligent act or failure
to act on the part of Plaintiff.

22.      The negligent, careless, gross, wanton and reckless conduct of Defendant Sears in its
own right through its agents, servants, workmen or employees acting within the course and scope
of their employment, and with the full knowledge and consent of the said Defendant Sears,
consisted of the following:

    a.      failure to warn Plaintiff of the immediate closing of the store;

    b.      failure to properly inspect the premises for business invitees within the
            store, including Plaintiff, prior to locking and shutting down the store;

    c.      failure to warn Plaintiff of a store closing;

    d.      failure to properly inspect the property to make sure that all business
            invitees, including Plaintiff, had exited the premises and that the property
            was properly secured;

    e.      failure to inspect the premises for business invitees that still remained in
            its store;

    f.      disregarding the rights and safety of the Plaintiff and other persons
            lawfully upon said premises;

    g.      failure to detect that business invitees remained in the store after it was
            locked and shut down;

h.      failure to ensure that business invitees, including the Plaintiff, were not

placed in a dangerous situation such as a locked and dark store;

i.      failure to implement safety measures so that business invitees, including

the Plaintiff, would not be locked inside a closed store;

j.      failure to exercise reasonable care for the rights and safety of Plaintiff;

k.      failure to properly train, monitor and/or supervise its agents, ostensible

agents, servants, employees, workmen, including but not limited to

security;

l.      failure to enforce its unwritten and written policies, including but not

limited to closing a store;

m.      failure to implement and enforce an electrical safety system;

n.      failure to hire qualified staff and/or agents and/or employees and/or

servants to perform regular and appropriate inspections at the store during

closing times and/or to observe dangerous conditions on the premises.

WHEREFORE, Plaintiff Debbie Dodge requests this Honorable Court grant judgment to

her and against Defendant Sears Roebuck and Co. an amount in excess of $50,000.00 plus

interest and costs.

## COUNT TWO

### Debbie Dodge v. Pennsylvania Real Estate Investment Trust

### Negligence

23.      Plaintiff incorporates by reference Paragraphs 1-22 as if same were set forth at length

herein.

24.      At all times pertinent hereto, Defendant Preit was responsible for the Viewmont Mall's

security system, maintenance, repair, upkeep and management, and owed a duty of care to Plaintiff who was a business invitee on the premises.

25.    The fall described in this Complaint was due to the negligent, careless, gross, wanton and reckless conduct of Defendant Preit in its own right through its agents, servants, workmen or employees acting within the scope of their employment and agency, and with the full knowledge and consent of Defendant Preit and in no way due to any negligent act or failure to act on the part of Plaintiff.

26.    The negligent, careless, gross, wanton and reckless conduct of Defendant Preit in its own right through its agents, servants, workmen or employees acting within the course and scope of their employment, and with the full knowledge and consent of the said Defendant, consisted of the following:

    a.    failing to ensure Defendant Sears had proper procedures and policies in place for safely closing and shutting down a store within the mall;

    b.    failure to warn Plaintiff of the immediate closing of the store;

    c.    failure to properly inspect the premises for business invitees, including Plaintiff, who remained in the mall prior to closing and shutting down of the mall;

    d.    failure to properly inspect the property to make sure that all business invitees, including Plaintiff, had exited the premises and that all equipment was properly secured;

    e.    disregarding the rights and safety of the Plaintiff and other persons lawfully upon said premises;

    f.    failure to detect that Plaintiff remained in the mall after closing thereby

creating a dangerous condition;

g.    failure to implement safety measures so that business invitees, including

the Plaintiff, would not be locked inside a closed store;

h.    failure to exercise reasonable care for the rights and safety of Plaintiff

i.    failure to properly train, monitor and/or supervise its agents, ostensible

agents, servants, employees, workmen, including but not limited to

security;

j.    failure to enforce its unwritten and written policies, including but not

limited to closing a store;

k.    failure to implement and enforce an electrical safety system;

l.    failure to hire qualified staff and/or agents and/or employees and/or

servants to perform regular and appropriate inspections at the store during

closing times and/or to observe dangerous conditions on the premises;

m.    failure to hire qualified staff and/or agents and/or employees and/or

servants to perform regular and appropriate inspections during closing

times and/or dangerous conditions on the premises.

WHEREFORE, Plaintiff Debbie Dodge requests this Honorable Court grant judgment to

her and against Defendant Pennsylvania Real Estate Investment Trust in an amount in excess of

$50,000.00 plus interest and costs.

## COUNT THREE

Dennis Dodge v. Sears Roebuck and Co. and Pennsylvania Real Estate Investment Trust

Loss of Consortium

27.    Plaintiff incorporates by reference Paragraphs 1-26 as if same were set forth at length

herein.

28.    At all times here pertinent Plaintiff/Husband was and is the husband of Plaintiff.

29.    Plaintiff/Husband has been and will continue to be required to expend money and incur financial obligations in an effort to obtain appropriate medical care and treatment for Plaintiff as a result of the negligence, carelessness, reckless conduct of Defendant Sears and Defendant Preit.

30.    As a result of the injuries to his spouse, Plaintiff/Husband has been and will continue to be deprived of his wife's aid, comfort, service, society, companionship and affection, all to his great detriment and loss.

WHEREFORE, Plaintiff Dennis Dodge demands judgment against Defendant Sears Roebuck and Co. and Defendant Pennsylvania Real Estate Investment Trust in an amount in excess of $50,000.00 plus interest and costs.

Munley Law PC

BY:    _____
John M. Mulcahey
ID No. 74562
Attorney for Plaintiffs

## VERIFICATION

I hereby depose and state that I am the Plaintiff in the above-captioned action, and that

the statements in the foregoing Complaint are true and correct to the best of my knowledge,

information and belief.  I understand that this statement is made subject to the penalties of 18

Pa.C.S. Sec. 4904, relating to unsworn falsification to authorities.


_____
Debbie Dodge

_____
Dennis Dodge