Presentment Date and Time:  **March 27, 2019 at 10:00 a.m. (Eastern Time)**
Objection Deadline:  **March 25, 2019 at 4:00 p.m. (Eastern Time)**
Hearing Date and Time (Only if Objection Filed):  **April 18, 2019 at 10:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
In re                                     :          **Chapter 11**
                                          :
**SEARS HOLDINGS CORPORATION,** *et al.*, :          **Case No. 18-23538 (RDD)**
                                          :
            Debtors.[1]                   :          **(Jointly Administered)**
                                          :
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF PRESENTMENT OF MOTION
OF DEBTORS FOR ENTRY OF ORDER APPROVING
(I) CLAIMS OBJECTION PROCEDURES, (II) CLAIMS SETTLEMENT
PROCEDURES, AND (III) CLAIMS HEARING PROCEDURES**

**PLEASE TAKE NOTICE** that on **March 27, 2019 at 10:00 a.m. (Eastern Time)**, the undersigned will present the motion (the "**Motion**") of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3007, 9014, and 9019(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and a proposed order granting the relief requested therein to the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601 (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be so filed and received no later than **March 25, 2016** at **4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

WEIL:\96931300\4\73217.0004

PLEASE TAKE FURTHER NOTICE that, if a written Objection is timely filed and served, a hearing (the "Hearing") will be held to consider the Motion on **April 18, 2019** at **10:00 a.m. (Eastern Time)** before the Honorable Robert D. Drain in the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion as **Exhibit A** (the "**Proposed Order**"), which order may be entered without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 19, 2019
         New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

Presentment Date and Time:  March 27, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline:  March 25, 2019 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objection Filed):  April 18, 2019 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                            :
In re                                       :          **Chapter 11**
                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,   :          **Case No. 18-23538 (RDD)**
                                            :
            Debtors.[1]                     :          **(Jointly Administered)**
                                            :
---------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**MOTION OF DEBTORS FOR ENTRY OF ORDER APPROVING
(I) CLAIMS OBJECTION PROCEDURES, (II) CLAIMS SETTLEMENT
PROCEDURES, AND (III) CLAIMS HEARING PROCEDURES**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

1.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").   No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in*

2

*Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all of their assets to Transform Holdco LLC.

5.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).[2]

## Claims Filed Against the Debtors

6.    On February 22, 2019, the Court entered the *Order (I) Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9), and (IV) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures* (ECF No. 2676) (the "**Bar Date Order**").  Pursuant to the Bar Date Order, the Court set April 10, 2019 at 5:00 p.m. (Eastern Time) as the deadline for each person or entity, not including governmental units as defined in section 101(27) of the Bankruptcy Code, to file a proof of claim in the Debtors' chapter 11 cases (the "**General Bar Date**").

7.     Prior to entry of the Bar Date Order, over 8,500 proofs of claim (collectively, the "**Proofs of Claim**") had been filed against the Debtors asserting an aggregate amount of approximately $53.7 billion.  These Proofs of Claim include approximately 713 secured claims (in the aggregate amount of $52.1 billion); 1,388 claims for administrative expenses (in the aggregate amount of $310 million); 837 other priority claims (in the aggregate

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

amount of $31.7 million); and 6,910 general unsecured claims (in the aggregate amount of $1.2 billion).

### Jurisdiction

8.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

### Relief Requested

9.     Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007, 9014, and 9019(b), the Debtors request approval of certain procedures to (i) object to claims (the "**Claim Objection Procedures**"), (ii) settle disputed claims without further Court approval (the "**Settlement Procedures**"), and (iii) streamline hearings on contested claims (the "**Claims Hearings Procedures**").

10.     A proposed form of order granting the relief requested in the Motion is attached hereto as **Exhibit A**.

### A.    Claim Objection Procedures

11.     Bankruptcy Rule 3007(c) prohibits the filing of a single objection to multiple claims "[u]nless otherwise ordered by the court or permitted by subdivision (d)."  Fed. R. Bankr. P. 3007(c).  Bankruptcy Rule 3007(d) allows a debtor to file an omnibus objection for up to 100 claims at a time when the basis for the objection is that the claims subject to objection:

(a)     duplicate other claims;

(b)     have been filed in the wrong case;

(c)     have been amended by subsequently filed proofs of claim;

(d)     were not timely filed;

4

(e)     have been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or a court order;

(f)     were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

(g)     are interests, rather than claims; or

(h)     assert priority in an amount that exceeds the maximum amount under section 507 of the Code.

*Id.* at 3007(d), (e)

12.     The Debtors anticipate that, in addition to the foregoing grounds, they will also object to many claims on additional grounds not set forth in Bankruptcy Rule 3007(d), including that a claim is not consistent with the Debtors' books and records, that a claim is not entitled to the asserted secured status or other priority, and that the Debtors are not liable to the claimant for the amount or claim asserted.  Preparing and filing individual pleadings for each objection not specifically set forth in Bankruptcy Rule 3007(d) would be time consuming and costly.  Objecting to multiple claims in an omnibus motion on grounds in addition to those set forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the Court and the administrative and financial burden on the Debtors' estates.  Accordingly, the Debtors request that, in addition to the grounds enumerated in Bankruptcy Rule 3007(d), they, and other parties in interest, be permitted to file a single objection to no more than 500 claims at a time (an "**Omnibus Claims Objection**") seeking reduction, reclassification, or disallowance of claims filed pursuant to either the Bar Date Order on one or more of the following additional grounds (collectively, the "**Additional Permitted Grounds**"):

(a)     the amount claimed contradicts the Debtors' books and records;

(b)     the claim seeks recovery of amounts for which the Debtors are not liable;

(c)     the claims are not entitled to the asserted secured status or other priority;

5

(d)     the claims do not include sufficient documentation to ascertain the validity of such claims;

(e)     the claims have been waived or withdrawn pursuant to an agreement with the Debtors; and

(f)     the claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

13.     The Debtors will comply with Bankruptcy Rule 3007 in all other respects.

Specifically, each Omnibus Claims Objection will:

(a)     state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

(b)     list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

(c)     include the asserted amount of each claim, the classification of the claim (*i.e.*, unsecured, priority, administrative expense, or secured), and the name of the Debtor(s) against which the claim is asserted;

(d)     state the grounds of the objection to each claim and provide a cross-reference to the pages in the Omnibus Objection pertinent to the stated grounds;

(e)     state in the title the identity of the objector and the grounds for the objections;

(f)     include the amount, if any, proposed as the allowed amount of each claim and the classification (*i.e.*, unsecured, priority, administrative expense, or secured) the Debtors believe should be afforded to the claim;

(g)     be numbered consecutively with other Omnibus Objections filed by the same objector; and

(h)     contain objections to no more than 500 claims.

14.     Bankruptcy Rule 3007 also requires that a copy of a claim objection, with notice of the hearing, be served on the affected claimant. In an effort to reduce service costs and enable claimants to more readily identify an objection to their claims, the Debtors propose to serve a notice of the Omnibus Claims Objection, rather than the entire Omnibus Claims Objection, on each of the claimants whose claims are the subject of the applicable Omnibus

WEIL:\96931300\4\73217.0004

Claims Objection and, if known, their counsel.  The proposed notice (the "**Claim Objection Notice**") would be in a form substantially similar to the notice attached to the Proposed Order as **Exhibit 1**.[3]  The proposed Claim Objection Notice would include an explanation of the claim objection process, a description of the basis of the omnibus claim objection, information regarding the response deadline and hearing date, information on the Claims Hearing Procedures (as defined herein), and identification of the claim that is the subject of the Omnibus Claims Objection (in an attached exhibit or otherwise).  In addition, the Claim Objection Notice will include information on how the claimant may obtain a copy of the full omnibus claim objection, including electronically for free on the Debtors' approved notice and claim agent's website at https://restructuring.primeclerk.com/sears (the "**Case Website**").

15.    Use of the Claim Objection Notice will substantially reduce the service costs related to the claim objection process without depriving claimants of any information they would require to understand and respond to any claim objection.  In fact, the Claim Objection Notice would provide greater clarity to each claimant as to the existence and basis of any objection and the procedures for responding.  Accordingly, the Debtors request that the Court approve the Debtors' use of the Claim Objection Notice.

16.    In addition, to further conserve the Debtors' resources, the Debtors seek authorization to limit notice of claim objections to:

(i)    service of a complete copy of each claim objection (whether an omnibus or an individual objection) on the U.S. Trustee and by email to counsel to the Creditors' Committee.

(ii)    with respect to Omnibus Claims Objections, service of a Claim Objection Notice on each claimant whose claims is the subject of

---

[3] The proposed Claim Objection Notice attached hereto is for illustrative purposes only and will be modified to account for the nature of each Omnibus Claims Objection.

WEIL:\96931300\4\73217.0004

the applicable Omnibus Claim Objection and its counsel, if known; and

(iii)    with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a claim on the claimant's counsel by email.  In addition, a complete copy of each omnibus and individual claim objection will be filed with this Court in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") and publicly available on the Court's electronic docket, PACER, and the Case Website.

The Debtors submit that no additional service or notice should be required for claim objections.

17.    Bankruptcy Rule 3007 also requires that the parties receive notice of a claim objection and the hearing thereon at least thirty (30) days prior to the hearing on the objection.  It does not specify the period within which responses to the objection must be filed. To further simplify the claim objection process, the Debtors request that the Court establish that responses to the Debtors' omnibus and specific claim objections shall be due twenty-one (21) calendar days after service of the objection or Claim Objection Notice.[4]  To avoid confusion, the Claim Objection Notice and the omnibus and individual claim objections will specify the time and date that responses are due.

**B.    Settlement Procedures**

18.    The Debtors anticipate that a large number of objections to the claims can be settled for relatively small amounts (whether total or incremental) when compared with the overall assets of the Debtors' estates.  Absent the relief requested in this Motion, the Debtors

---

[4] The Debtors reserve the right to request that the Court impose a shorter response deadline, if the circumstances so require.

8

would be required to seek specific Court approval for each individual compromise and settlement of a claim.  It would be far more efficient and cost effective for the Debtors (and creditors) if the Debtors were authorized to settle certain claims under the terms and conditions outlined below.

19.     Pursuant to the proposed Settlement Procedures:

(i)     If either (a) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $500,000 without regard to any unliquidated amounts asserted by such claimant, or (b) the difference between the Settlement Amount compared to the amount asserted on the Proof of Claim (the "**Claim Difference**") does not exceed $100,000 without regard to any unliquidated amounts asserted by such claimant, the Debtors will submit the proposed settlement to counsel for the Creditors' Committee, together with (i) the names of the parties with whom the Debtors have settled, (ii) the relevant Proof of Claim numbers, (iii) the types of claims asserted by each such party, (iv) the amounts for which such claims have been settled, and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "**Settlement Summary**").  Within 5 business days of receiving the proposed Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee, the Creditors' Committee may submit an informal objection to the proposed settlement reflected in the Settlement Summary to the Debtors (such objection shall not be filed on the docket).  If there is a timely objection made by the Creditors' Committee, the Debtors may (a) renegotiate the settlement and submit a revised Settlement Summary to the Creditors' Committee or (b) file a motion with the Court seeking approval of the settlement pursuant to Bankruptcy Rule 9019 on no less than 10 business days' days' notice.  If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement without prior approval of the Court or any other party in interest.

(ii)    If the Settlement Amount is greater than $500,000 and the Claim Difference is greater than $100,000, the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than 10 business days' notice.

WEIL:\96931300\4\73217.0004

The deadline to objection any such motion shall be 4:00 p.m. (Prevailing Eastern Time) on the date that is five (5) calendar days before the applicable hearing date.

(iii)    The types of claims that may be settled pursuant to these Settlement Procedures include: (i) secured claims; (ii) priority claims under section 507(a) of the Bankruptcy Code; and (iii) general unsecured claims.

(iv)    The Debtors or their counsel may notify Prime Clerk of any settlement entered into in accordance with the foregoing procedures and Prime Clerk shall be authorized and directed to update the claims register accordingly without any further approval of the Court.

## C.    Claims Hearing Procedures

20.    The Debtors' limited resources would be heavily-taxed if they attempted to reconcile and resolve the thousands of claims that are likely to be filed in these chapter 11 cases using traditional claims reconciliation procedures (particularly, full-scale evidentiary hearings).    The Debtors, therefore, seek to implement certain claims hearing procedures (the "**Claims Hearing Procedures**") that have been approved in other chapter 11 cases in this and other districts to ease the burden and costs of the reconciliation process.    The Claims Hearing Procedures would facilitate consensual resolutions where possible and expedite the resolution of disputes where necessary, all while respecting the due process rights of the claimants, the Debtors, and all other parties in interest.

21.    The key features of the proposed Claims Hearing Procedures are as follows: [5]

(i)    Following the Debtors' objection (omnibus or otherwise) to a claim, a Claimant will have an opportunity to file and serve a Response.  If the Claimant does not properly respond, the Debtors will seek to have the claim disallowed and expunged (or to have

---

[5] Capitalized terms used but not defined in this paragraph shall have the meaning ascribed to them in the Proposed Order.  The key features of the Claims Hearing Procedures presented in summary form herein are for informational purposes only and are qualified by the Claims Hearing Procedures, as fully set forth in the Proposed Order.

WEIL:\96931300\4\73217.0004

any other requested relief granted) at the hearing scheduled for the objection's return date or pursuant to a certificate of no objection in accordance with the Case Management Order.

(ii)    If the Claimant responds, *and* the Debtors object to the Proof of Claim because it has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012, the Court will hold a hearing on objection's return date to assess the sufficiency of the claim (a "**Sufficiency Hearing**").   The legal standard of review at a Sufficiency Hearing will be equivalent to that applied upon a motion to dismiss for failure to state a claim upon which relief can be granted.  The Debtors may also voluntarily proceed to a hearing on the merits of the claim (a "**Merits Hearing**") by serving the relevant Claimant (by email or overnight delivery), with a copy to the Creditors' Committee, and filing with the Court, a notice scheduling a Merits Hearing (a "**Notice of Merits Hearing**") at least thirty (30) days prior to the date of such Merits Hearing.

(iii)   Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

(iv)   If the Claimant properly responds, *and* the Debtors object to the claim on the merits, the Debtors will serve the Claimant with a Notice of Merits Hearing.  The Notice of Merits Hearing may have an offer of settlement appended.  The objection will proceed to resolution by the Court.

(v)    If at any time a resolution of a claim is reached, the Debtors will seek to have the settlement approved in accordance with the Settlement Procedures.

### The Claim Objection Procedures Are
### Appropriate and Should Be Approved by the Court

22.    Bankruptcy Rule 3007(c) provides that this Court can modify the requirements for filing omnibus objections.  In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."  11 U.S.C.

§ 105(a).  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See, e.g.*, *Chinichian v. Campolongo (In re Chinichian),* 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

23.    Here, authorizing the Debtors to file Omnibus Claims Objections to no more than 500 claims at a time on the Additional Permitted Grounds is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and is consistent with the purpose of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for efficient claims administration in large chapter 11 cases.  Furthermore, the proposed Claim Objection Notice will provide each claimant with clearer notice of an objection to its claim and more guidance as to the basis of the objection and the procedures for responding than is actually required under Bankruptcy Rule 3007(e), and, in turn, will enhance the claimant's due process protections afforded under the Bankruptcy Rule.  Specifically, rather than receiving the actual Omnibus Claims Objection containing hundreds of pages of documentation relating to other claimants, as is permitted under Bankruptcy Rule 3007, the Debtors will serve a notice to each claimant that is subject to the Omnibus Claims Objection identifying the basis of the objection, the required response deadline, and the hearing date.  Therefore, under the proposed Claim Objection Procedures, allowing the Debtors to file one objection with no more than 500 claims is consistent with the rationale behind Bankruptcy Rule 3007(e).

WEIL:\96931300\4\73217.0004

24.     Moreover, authorizing the Debtors to file Omnibus Claims Objections on the Additional Permitted Grounds will not prejudice the rights of creditors.  Bankruptcy Rule 3007(e) already allows the Debtors to file Omnibus Claims Objections, albeit on other grounds, and the Debtors will comply with Bankruptcy Rule 3007 in all other respects to preserve the due process rights of each creditor.

25.     Granting the Debtors authority to file Omnibus Claims Objections on the Additional Permitted Grounds will allow them to complete the claims administration process in a timely, cost-effective, and efficient manner.  The ability to file Omnibus Claims Objections on the Additional Permitted Grounds obviates the need for the Debtors to prepare and file and the Court to review thousands of individual objections – a time consuming, expensive, and potentially duplicative endeavor for the Debtors and an unnecessarily burdensome task for the Court.

26.     Further, due to the increased time and expense that would be required to file numerous individual claim objections, such action could delay the claims resolutions process, and, ultimately, any distributions.  Allowing the Debtors to file Omnibus Claims Objections will enhance the rights of creditors by not only preserving the value of the Debtors' estates ultimately available for distribution but also expediting such distributions.  Accordingly, the Court should authorize the Debtors to file Omnibus Claims Objections on the Additional Permitted Grounds.

### The Settlement Procedures Are
### Appropriate and Should Be Approved by the Court

27.     Allowing the Debtors to settle the claims in accordance with the Settlement Procedures is an appropriate use of the Court's power under Bankruptcy Rule 9019(b).  Bankruptcy Rule 9019(b) permits a court, after a hearing on such notice as the court

13

may direct, to "fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." Fed. R. Bankr. P. 9019(b).

28.     Rule 9019 empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see Fisher v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).   The settlement need not result in the best possible outcome for the debtor, but must not "fall beneath the lowest point in the range of reasonableness." *Drexel Burnham Lambert Group*, 134 B.R. at 505; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

29.     The Debtors will continue to exercise their reasonable business judgment in negotiating compromises and settlements and will continue to be guided by the factors relevant to a determination of the reasonableness of such settlements, including:

(1)     the probability of success in the litigation;

(2)     the complexity, expense and likely duration of the litigation;

(3)     all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(4)     whether the proposed compromise is fair and equitable to the Debtors, their creditors and other interested parties.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).  Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *Id.* at 425.

30.     The proposed Settlement Procedures constitute a cost-effective method for resolving claims and avoid the expense and risk inherent in litigating those claims. Given the number of claims that the Debtors believe can be settled for relatively moderate amounts compared with the overall value of the Debtors' estates, filing individual pleadings for each proposed settlement, noticing each compromise and settlement to every party in interest, and holding individual hearings would be an expensive, cumbersome, and highly inefficient way to resolve many of the claims. Furthermore, the proposed Settlement Procedures will spare the Debtors' estates the unnecessary administrative costs associated with seeking separate Court approval of each claim settlement.

31.     Additionally, the Debtors submit that the settlements entered into pursuant to the Settlement Procedures would meet the standards set forth in *TMT Trailer*. Specifically, no settlement will be agreed upon unless it is reasonable in the judgment of the Debtors upon consideration of all the relevant factors and falls within the requirements of types of claims to be settled under the Settlement Procedures.

32.     This Court has already granted the Debtors authority to settle certain types of disputes in these chapter 11 cases without further Court approval.[6] These Other Settlement Procedures Orders have and will continue to save the Debtors considerable time and resources, and the Debtors anticipate that the proposed Settlement Procedures will similarly benefit the

---

[6] *See Final Order Approving (I) Procedures for Store Closing Sales and (II) Assumption of Liquidation Consulting Agreement* (ECF No. 8323); *Order Authorizing and Establishing Procedures for De Minimis Asset Sales and De Minimis Asset Abandonments* (ECF No. 856); *Order Extending the Automatic Stay to Certain Non-Debtor Parties* (ECF No. 1528); *Order (I) Establishing Deadline to File Proofs of Claim and Procedures Relating Thereto, (II) Approving the Form and Manner of Notice Thereof, (III) Approving Procedures for the Resolution of Claims Asserted Pursuant to 11 U.S.C. § 503(b)(9), and (IV) Prohibiting Vendors from Pursuing Such Claims Outside the Procedures* (ECF No. 2676) (collectively, the "**Other Settlement Procedures Orders**"). Nothing in this Motion shall (i) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Other Settlement Procedures Orders or (ii) expand or create additional rights as to the Debtors to settle or pursue settlement of claims pursuant to the Other Settlement Procedures Orders.

15

Debtors' estates, creditors, and other parties in interest by streamlining the process of settling claims and controversies.

33.     Accordingly, because the Settlement Procedures will benefit the Debtors' estates without prejudice to any creditors, the requested relief satisfies the requirements of Bankruptcy Rule 9019 and should be granted.

**The Claims Hearing Procedures Are**
**Appropriate and Should Be Approved by the Court**

34.     There is ample support for the Claims Hearing Procedures in the Bankruptcy Code and Bankruptcy Rules.  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See* 11 U.S.C. § 105(a) (providing, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."); *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").  Moreover, the Court has the "inherent power" to "manage [its] owns affairs so as to achieve the orderly and expeditious disposition of cases."  *Cf. Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (noting the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

35.     The primary feature of the Claims Hearing Procedures – the use of a Sufficiency Hearing – is consistent with the Bankruptcy Rules, which permit bankruptcy courts to hold a summary hearing to rule on the sufficiency of pleadings in support of claims.  As a procedural matter, the Debtors' objection, omnibus or otherwise, to a claim initiates a contested

16

matter, which is governed by Bankruptcy Rule 9014.  *See* 1983 Advisory Committee Note to FED R. BANKR. P. 3007, *reprinted in* 9 COLLIER ON BANKRUPTCY App. 3007 (15th ed. rev. 2009) (a "contested matter initiated by an objection to a claim is governed by rule 9014").  Bankruptcy Rule 9014(c), in turn, specifically authorizes bankruptcy courts to implement the formal rules used in adversary proceedings for claims objections – including Bankruptcy Rule 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6) (dismissal for failure to state a claim) and Rule 12(c) (judgment on the pleadings).  *See* Fed. R. Bankr. P. 9014(c); 7012(b).  Under these rules, the bankruptcy court is authorized to hold a summary hearing and to rule on claims where a Claimant has failed to make a prima facie case against the Debtors.  Although a "proof of claim is deemed prima facie valid" under Bankruptcy Rule 3001(f), the claimant still must provide sufficient support its claim to make out a prima facie case against the Debtors.  *Cf. In re WorldCom, Inc.*, 2005 WL 3832065, *4 (Bankr. S.D.N.Y. 2005) ("Initially, the claimant must allege facts sufficient to support the claim.  *If the averments in his filed claim meet this standard of sufficiency*, it is 'prima facie' valid.") (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)) (emphasis added).   Where the Claimant fails to do so, the claim is appropriately disallowed pursuant to Bankruptcy Rule 7012(b).  Sufficiency Hearings comport with these rules and the Court's inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of these chapter 11 cases.  Because the Sufficiency Hearings contemplate judgment on the pleadings, the lack of an evidentiary hearing will expedite the disposition of claims that fail to state a claim against the Debtors which can be allowed.

36.    The relief requested with respect to Sufficiency Hearings is substantially similar to the relief that has been granted by this Court in other large chapter 11 cases.  *See*, *e.g.*, [*In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y.

Mar. 22, 2016) (ECF No. 2613) (approving claims hearing procedures that incorporated a sufficiency hearing); *In re MF Global Inc.*, Case No. 11-2790 (MG) (Bankr. S.D.N.Y. Oct. 10, 2013) (same); *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Apr. 19, 2010) (ECF No. 8474) (same); *In re Delphi Corp.*, *et al.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Dec. 6, 2006) (ECF No. 6089) (implementing claims hearing procedures for all claims).

37.    Bankruptcy Rule 9014(c) provides that the Court "shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order." Fed R. Bankr. P. 9014(c). The Debtors will therefore provide to all claimants who are served an Omnibus Claims Objection a copy of the *Claims Hearing Procedures* as part of the service of the Omnibus Claims Objection. Each Omnibus Claims Objection will also contain the following language:

> The attached *Court-Ordered Claims Hearing Procedures* (the "Procedures") apply and govern the objection to your Proof(s) of Claim. The Procedures provide for certain mandatory actions by a claimant within certain time periods. Therefore, please review the Procedures carefully. Failure to comply with the Procedures may result in the disallowance and expungement of the Proof of Claim without further notice to a claimant.

### Notice

38.    Notice of this Motion will be provided in accordance with the procedures set forth in the Amended Case Management Order. The Debtors respectfully submit that no further notice is required.

39.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WEIL:\96931300\4\73217.0004

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: March 19, 2019
New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

19

**<u>Exhibit A</u>**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                      :
In re                                                 :        **Chapter 11**
                                                      :
**SEARS HOLDINGS CORPORATION,** *et al.*,             :        **Case No. 18-23538 (RDD)**
                                                      :
        **Debtors.**[1]                               :        **(Jointly Administered)**
                                                      :
-----------------------------------------------------------------x

## ORDER APPROVING (I) CLAIMS OBJECTION PROCEDURES, (II) CLAIMS SETTLEMENT PROCEDURES, AND (III) CLAIMS HEARING PROCEDURES

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation and its debtor

affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the

"**Bankruptcy Code**") and Rules 3007, 9014, and 9019(b) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), for entry of an order approving certain claims objection

procedures, claims settlement procedures, and claims hearings procedures intended to streamline

the claims process and conserve the resources of the Debtors' estates, all as more fully set forth

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings, Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Debtors and other parties in interest are authorized to object to claims in accordance with the following procedures (the "**Claim Objection Procedures**"):

      i.    Notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors and other parties in interest are authorized to file Omnibus Objections to claims seeking reduction, reclassification, or disallowance of claims on one or more of the following grounds (the "**Additional Permitted Grounds**" and together with those grounds set forth in Bankruptcy Rule 3007(d), the "**Permitted Grounds**"):

          a.    the amount claimed contradicts the Debtors' books and records;

          b.    the claim seeks recovery of amounts for which the Debtors are not liable;

          c.    the claims are not entitled to the asserted secured status or other priority;

      d.     the claims do not include sufficient documentation to ascertain the validity of such claims;

      e.     the claims have been waived or withdrawn pursuant to an agreement with the Debtors; and

      f.     the claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

ii.     The Debtors are authorized to file Omnibus Objections to no more than five hundred (500) claims at a time on the Permitted Grounds;

iii.    Except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e);

iv.    Any order sustaining an Omnibus Claims Objection shall be treated as an order for each claim referenced in the Omnibus Claims Objection as if an individual objection had been filed and an individual order had been entered for such claim;

v.     The Debtors are authorized to serve a Claim Objection Notice, rather than the entire Omnibus Claim Objection, on each claimant whose claim is the subject of the applicable omnibus claim objection and, if known, its counsel.  The Claim Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1**, and shall include an explanation of the claim objection process, a description of the basis of the omnibus claim objection, information regarding the response deadline and hearing date, information on the Claims Hearing Procedures (as described herein), identification of the claim that is the subject of the omnibus claim objection (with reference to an attached exhibit or otherwise), and information on how the claimant might obtain a complete copy of the omnibus objection.  The Debtors retain the right to serve Omnibus Claim Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion;

vi.    The Debtors shall file all omnibus and individual objections with this Court to be made publicly available for free on the website of the Debtors' approved notice and claim agent, Prime Clerk, LLC ("**Prime Clerk**") at https://restructuring.primeclerk.com/sears; and

vii.   Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus

WEIL:\96931300\4\73217.0004

objection or an individual objection) on the U.S. Trustee and by email to counsel to counsel for the Creditors' Committee; (b) with respect to Omnibus Claims Objections, service of a Claim Objection Notice on the claimant whose claim is the subject of the applicable omnibus claim objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a claim on the claimant's counsel by email.

3.    Responses to the Debtors' individual and omnibus claim objections shall be due twenty-one (21) calendar days after mailing of the objection; *provided, however*, that the Debtors reserve the right to request that the Court impose an alternative response date or grant expedited consideration with respect to certain objections, if the circumstances so require, which may result in shortened notice of both the hearing date and the response deadline.

4.    Debtors, using their reasonable business judgment, are authorized to settle claims in accordance with the following procedures (the "**Settlement Procedures**"):

(i)    If either (a) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $500,000 without regard to any unliquidated amounts asserted by such claimant, or (b) the difference between the Settlement Amount compared to the amount asserted on the Proof of Claim (the "**Claim Difference**") does not exceed $100,000 without regard to any unliquidated amounts asserted by such claimant, the Debtors will submit the proposed settlement to counsel for the Creditors' Committee, together with (i) the names of the parties with whom the Debtors have settled, (ii) the relevant Proof of Claim numbers, (iii) the types of claims asserted by each such party, (iv) the amounts for which such claims have been settled, and (v) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "**Settlement Summary**"). Within 5 business days of receiving the proposed Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee, the Creditors' Committee may submit an informal objection to the proposed settlement reflected in the Settlement Summary to the Debtors (such objection shall not be filed on the docket). If there is a timely objection made by the

WEIL:\96931300\4\73217.0004

Creditors' Committee, the Debtors may (a) renegotiate the settlement and submit a revised Settlement Summary to the Creditors' Committee or (b) file a motion with the Court seeking approval of the settlement pursuant to Bankruptcy Rule 9019 on no less than 10 business days' days' notice. If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement without prior approval of the Court or any other party in interest;

(ii)     If the Settlement Amount is greater than $500,000 and the Claim Difference is greater than $100,000, the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than 10 business days' notice. The deadline to objection any such motion shall be 4:00 p.m. (Prevailing Eastern Time) on the date that is five (5) calendar days before the applicable hearing date;

(iii)    The types of claims that may be settled pursuant to these Settlement Procedures include: (i) secured claims; (ii) priority claims under section 507(a) of the Bankruptcy Code; and (iii) general unsecured claims;

(iv)    The Debtors or their counsel may notify Prime Clerk of any settlement entered into in accordance with the foregoing procedures and Prime Clerk shall be authorized and directed to updated the claims register accordingly without any further approval of the Court.

5.     The Debtors are authorized to take any and all steps that are necessary or appropriate to settle claims in accordance with the Settlement Procedures, including to enter into any stipulations.

6.     Nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular claim and all settlements of claims may be negotiated and compromised by the Debtors in their sole discretion.

7.     The following claims hearing procedures (the "**Claims Hearing Procedures**") shall apply:

5

(i)     The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at periodic omnibus hearings (the "**Omnibus Hearings**") established by the Court pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") or other hearings the Debtors may schedule with the Court;

(ii)    Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures;

(iii)   The Court may enter an order at the scheduled hearing sustaining an objection to claims with respect to which no response (a "**Response**") is properly filed and served or pursuant to a certificate of no objection in accordance with the Amended Case Management Order;

(iv)    The hearing to consider an objection to claims as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein.    The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

      (1)     For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph (i)    of these Claims Hearing Procedures (or such other date as may be scheduled by the Debtors).    The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be grated;

      (2)     For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to the Creditors' Committee, and file with the Court, a notice substantially in the form attached hereto as **Exhibit 2** (a "**Notice of Merits**

WEIL:\96931300\4\73217.0004

**Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith;

(v)    Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

(vi)    The Debtors may file and serve a reply (a "**Reply**") to a Response no later than **4:00 p.m. prevailing Eastern Time on the day that is at least two (2) business days prior to the date of the applicable hearing**;

(vii)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

8.    The Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Claims Hearing Procedures.

9.    Nothing in the Claims Hearing Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time; *provided*, *however*, that any such settlement is subject to the Settlement Procedures.

10.    The Debtors are authorized to, in their sole discretion, append an Offer of Settlement to a Notice of Merits Hearing, substantially in the form attached hereto as **Annex 1** to **Exhibit 2**. The Claimant shall accept or reject the Offer of Settlement by checking the appropriate box on the Offer of Settlement and serving it on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Merits Hearing. Any Claimant who has failed to accept or reject the Offer of Settlement by the aforementioned deadline shall be deemed to have rejected the Offer of Settlement. Any settlement reached in accordance with this paragraph shall be subject to the Settlement Procedures.

WEIL:\96931300\4\73217.0004

11.     Nothing in this Order shall (a) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Other Settlement Procedures Orders or (b) expand or create additional rights as to the Debtors, to settle or pursue settlement of claims pursuant to the Other Settlement Procedures Orders or any other order of the Court.

12.     Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claims asserted in these cases.

13.     Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:     _____, 2019
            White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**
**Notice of Omnibus Objection**

> **THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE [insert ordinal] OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT SEARS HOLDINGS CORPORATION'S COUNSEL, [insert name], AT 212-310-[insert telephone number].**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                            :
In re                                       :    **Chapter 11**
                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,   :    **Case No. 18-23538 (RDD)**
                                            :
            Debtors.[1]                     :    **(Jointly Administered)**
                                            :
---------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' [insert ordinal]**
**OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM**
**([insert basis for objection])**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that, on _____, 2019, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed their **[insert ordinal]** Omnibus Objection to Proofs of Claim (**[insert basis for objection])** (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed on **Exhibit A** annexed hereto on the ground that **[insert basis for disallowance, reduction, reclassification or expungement]**. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

PLEASE TAKE FURTHER NOTICE that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**") annexed hereto as **Exhibit B** apply and govern the objection to your Proof(s) of Claim. The Procedures provide for certain mandatory actions by a Claimant within certain time periods. Therefore, please review the Claims Hearing Procedures carefully. Failure to comply with the Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to a Claimant.

If you do NOT oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you MUST file with the Court <u>and</u> serve on the parties listed below a written response to the Objection so that it is received on or before **4:00 p.m. Prevailing Eastern Time on _____, 2019** (the "**Response Deadline**").

2

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

Except as otherwise permitted under the Claims Hearing Procedures, a hearing will be held on _____, **2019** to consider the Objection.  The hearing will be held at _____ Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601.  If you file a written response to the Objection, you should plan to appear at the hearing.  The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s).  If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date.  If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce, or reclassify your claim(s) listed on **Exhibit A**, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date.  You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Court's website at www.nysb.uscourts.gov.

WEIL:\96931300\4\73217.0004

If you wish to view the complete Objection, you can do so for free at

https://restructuring.primeclerk.com/sears.  CLAIMANTS SHOULD NOT CONTACT THE

CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

Dated: [          ], 2019
        New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

WEIL:\96931300\4\73217.0004

**Exhibit B to Exhibit 1**

**Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                             :
In re                                        :          **Chapter 11**
                                             :
**SEARS HOLDINGS CORPORATION**, *et al.*,    :          **Case No. 18-23538 (RDD)**
                                             :
        Debtors.[1]                          :          **(Jointly Administered)**
                                             :
-----------------------------------------------------------------x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") to apply to the chapter 11 cases of the Sears Holdings Corporation., and its affiliated debtors.

### Claims Hearing Procedures

1.      Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.    The Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

3.    The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein.  The Debtors may request that the Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.    The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(a)    For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the Claimant with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.  The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(b)    For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Court, a notice substantially in the form attached to the Order as **Exhibit [●]** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing.  The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

5.    Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.    The Debtors may file and serve a reply (a "**Reply**") to a Response no later than **4:00 p.m. prevailing Eastern Time on the day that is at least two (2) business days prior to the date of the applicable hearing**.

7.    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

---

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

WEIL:\96931300\4\73217.0004

8.      **Sanctions**.  The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE COURT

**<u>Exhibit 2</u>**

**Notice of Merits Hearing**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                 :

In re                                :          **Chapter 11**
                                   :

**SEARS HOLDINGS CORPORATION,** *et al.,*   :          **Case No. 18-23538 (RDD)**
                                   :

            **Debtors.**[1]              :          **(Jointly Administered)**
                                   :

----------------------------------------------------------------x

### NOTICE OF SCHEDULING OF MERITS HEARING WITH RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [ _____ ]

        PLEASE TAKE NOTICE that on [ _____ ___ ], 201[_],Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), objected to proof of claim number [ ____ ] (the "**Proof of Claim**") filed by [ _____ ] (the "**Claimant**") pursuant to the [Title of Applicable Claims Objection] (the "**Objection**").

        PLEASE TAKE FURTHER NOTICE that on [ _____ ___ ], 201[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the *Order Approving (i) Claims Objection Procedures, (ii) Claims Settlement Procedures, and (iii) Claims Hearing Procedures,* entered [Date] (ECF No. xxxx) (the "**Order**"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") will commence a Merits Hearing (as defined in the Order) for the purposes of holding an evidentiary hearing on the merits of the Proof of Claim.  The rules and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

     PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Merits Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_____ ___], 201[_]
     New York, New York

**<u>Annex 1 to Exhibit 2</u>**

**Offer of Settlement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                                 :        Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,                 :        Case No. 18-23538 (RDD)
:
Debtors.[1]                                           :        (Jointly Administered)
:
-------------------------------------------------------------x

### DEBTORS' OFFER OF SETTLEMENT
### WITH RESPECT TO PROOF OF CLAIM NO. [ _____ ]

The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [ _____ ] (such offer, the "**Offer of Settlement**") for a single, fixed, liquidated, [general unsecured, administrative expense, or priority] claim against Debtor [ _____ ] in the amount of [ _____ ] (the "**Settlement Amount**"). The Settlement Amount, if accepted, represents the allowed claim amount with respect to Proof of Claim number [ _____ ].

By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [ _____ ]. You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Merits Hearing (as defined in the Order). If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[ ]    **I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

[ ]    **I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

**Please email this completed form to [_____]**

_____
Signature of Claimant's Authorized Representative

_____
Printed Name

_____
Company Name, if applicable

2