WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
David J. Lender
Paul R. Genender
Jared R. Friedmann
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x

| | |
|---|---|
| **In re** : | |
| : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.,* : | |
| : | **Case No. 18-23538 (RDD)** |
| : | |
| **Debtors.** : | **(Jointly Administered)** |

--------------------------------------------------------------x

### SUPPLEMENTAL DECLARATION OF MOHSIN Y. MEGHJI IN SUPPORT OF THE DEBTORS' MOTION TO ENFORCE

I, Mohsin Meghji, make this declaration under 28 U.S.C. § 1746:

1.       I submit this declaration ("**Supplemental Declaration**") in support of the *Debtors' Reply in Further Support of the Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property* ("**Reply**"), filed concurrently with this Supplemental Declaration, and as a supplement to the *Declaration of Mohsin Y. Meghji in Support of Debtors' (I) Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of*

*Estate Property, and (II) Response to Transform Holdco LLC's Motion to Assign Matter to Mediation* [ECF No. 2797] ("**Declaration**").[1]

2.      I am the Chief Restructuring Officer ("**CRO**") of the Debtors[2] and the Managing Partner of M-III Advisory Partners, LP ("**M-III**").[3]  Except as otherwise indicated, all statements in this Supplemental Declaration are based upon my personal knowledge of the Debtors' pre-Closing operations and finances gleaned during the course of my engagement with the Debtors; my discussions with the Debtors' senior management, other members of the M-III team, and the Debtors' other advisors; my review of relevant documents; and my views based upon my experience.  If called to testify, I would testify competently to each of the facts set forth in this Supplemental Declaration.  I am authorized to submit this Supplemental Declaration on behalf of M-III for the Debtors.

---

[1] All capitalized terms not otherwise defined in this Supplemental Declaration shall have the meanings prescribed to them in the Declaration or the Motion to Enforce, as applicable.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[3] Additional information regarding my background, including the events leading up to the Debtors' Motion to Enforce, can be found in the Declaration, which is fully incorporated in this Supplemental Declaration by reference.

SUPPLEMENTAL DECLARATION OF MOHSIN Y. MEGHJI – Page 2

### *Cash Proceeds from Transactions that Occurred before Closing*

3.     The Buyer is withholding cash proceeds from transactions that occurred before Closing ("**Cash-in-Transit**") and has failed to provide the Debtors with information regarding the amounts to be reconciled.  The $18.5 million sought by the Debtors in the Motion to Enforce is based on the latest information made available to the Debtors approximately three weeks ago.

4.     The purported $14.8 million offset for checks issued pre-Closing was never raised with the Debtors before the Buyer filed its Response, and no support for that figure has been provided to the Debtors to date as the Buyer has refused to engage in any discussions around the reconciliation of cash owed to the Debtors.

### *$14.6 Million Credit Card Accounts Receivable*

5.     The Debtors have requested the return of a portion of the credit card proceeds from First Data.  However, the Buyer is refusing to provide the information that First Data has requested in order to consider dispersing the at-least $28.1 million in Credit Card Accounts Receivable that it is currently holding as a reserve.  After signing, and well in advance of the Closing, I, along with a senior member of the Debtors' finance organization and a principal of the Buyer, had a discussion with the Chief Financial Officer of First Data concerning return of these funds.  First Data expressed openness to the request and, in order to act on such request, asked for financial information about the Buyer and the future operations of the business. *See* e-mail correspondence between the Buyer, M-III, Sears, and First Data on January 26, 2019; a true and correct copy of which is attached to this Supplemental Declaration as **Exhibit A**.  The Buyer, however, has refused to provide the information to First Data.

6.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge and after reasonable inquiry.


Dated: March 20, 2019                                By: /s/ Mohsin Y. Meghji
       New York, New York                                Mohsin Y. Meghji
                                                         Chief Restructuring Officer
                                                         Debtors and Debtors in Possession

# *EXHIBIT A*

-----Original Message-----
From: Kunal Kamlani [mailto:kunal@eslinvest.com]
Sent: Saturday, January 26, 2019 4:34 PM
To: Mohsin Meghji <mmeghji@miiipartners.com>
Cc: rob.riecker <rob.riecker@searshc.com>
Subject: Re: Sears financial info ask.

Do they have only 28.5 or 28.5 plus the 15 they took several months before the
filing. So total of 43.5??

On Jan 26, 2019, at 3:56 PM, Mohsin Meghji
<mmeghji@miiipartners.com<mailto:mmeghji@miiipartners.com>> wrote:

Kunal,
Pls see attached. I'd strongly suggest you to try to accommodate as much of this
as possible as we need the FD cash back before closing to pay down the senior
DIP. Thanks


Mo Meghji
M-III Partners, L.P.
130 West 42nd Street, 17th Floor
New York, NY 10036

212 716 1492 (o)
516 851 8266 (c)

Begin forwarded message:

From: "Patel, Himanshu"
<Himanshu.Patel@firstdata.com<mailto:Himanshu.Patel@firstdata.com>>
Date: January 26, 2019 at 3:55:17 PM EST
To: Mo Meghji
<mmeghji@miiipartners.com<mailto:mmeghji@miiipartners.com>>, Rob
Riecker <rob.riecker@searshc.com<mailto:rob.riecker@searshc.com>>
Cc: "Fraser, Duncan"
<Duncan.Fraser@firstdata.com<mailto:Duncan.Fraser@firstdata.com>>,
"Turner, Mark"
<Mark.Turner@firstdata.com<mailto:Mark.Turner@firstdata.com>>, "Sond, Raj"
<Raj.Sond@firstdata.com<mailto:Raj.Sond@firstdata.com>>
Subject: Sears financial info ask.

Further to our conversation, we would ask for the information described below.
This will enable our team to consider both the current risk position and any future
reserve requirement in support of continuing service provision:

1) Opening balance sheet for New Co, along with P&L and cash flow forecasts
for the 2019, along with detail of covenants for the new financing

2) Detail of the current unearned revenue position for payments taken by credit or
debit card which should be split between:
- gift card (broken down by aging balance (3 month, 6month, 12month and more
than 24 month)
- warranty sales (broken down between by number of years remaining)
- the value of undelivered goods

3) On-going monthly provision of data relating to:
- unearned revenues - as detailed above
- liquidity position (cash balances and availability under any financing)
- management accounts including P&L, cash flow and Balance sheet, to allow for
comparison against forecasts
- detail of ratios confirming covenant compliance

4) Full transparency into the Warranty business including detail of Sears Re, both
in terms of assets, and how they would step in to ensure on-going coverage in the
event that there are no future cash flows to support the warranty business

We are pleased that Sears has the opportunity to build a stronger future and look
forward to continuing to work with the team both during the transition and
beyond.

Please be assured that we will act timely in consideration of the reserve review
upon receipt of the information requested.

Please let me know if you have any questions.

+ FDC credit risk team.

Get Outlook for iOS<https://aka.ms/o0ukef> The information in this message may be proprietary and/or confidential, and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify First Data immediately by replying to this message and deleting it from your computer.

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email or by calling 212-716-1491 and delete the message.

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email or by calling 212-716-1491 and delete the message.

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email or by calling 212-716-1491 and delete the message.

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply email or by calling 212-716-1491 and delete the message.