**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
: 
In re:                                                         :    Chapter 11
                                                               :
SEARS HOLDINGS CORPORATION, *et al.*,[1]                       :
                                                               :    Case No. 18-23538-rdd
     Debtors.                         :
                                                               :    (Jointly Administered)
                                                               :
---------------------------------------------------------------X

**DECLARATION OF TERRENCE E. ROLECEK IN SUPPORT OF TRANSFORM HOLDCO LLC'S RESPONSE TO DEBTORS' MOTION TO (A) ENFORCE ASSET PURCHASE AGREEMENT AND AUTOMATIC STAY AGAINST TRANSFORM HOLDCO LLC AND (B) COMPEL TURNOVER OF ESTATE PROPERTY AND REPLY IN FURTHER SUPPORT OF ITS MOTION TO ASSIGN MATTER TO MEDIATION**

I, Terrence E. Rolecek, declare under penalty of perjury as follows:

  1.  I respectfully submit this declaration ("Declaration") in support of *Transform Holdco LLC's Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and*

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property and Reply in Further Support of Its Motion to Assign Matter to Mediation.*[2]

2.     I am currently Head, Shop Your Way Financial Services at Transform Midco LLC, which is a subsidiary of Transform Holdco LLC ("Transform").  Prior to Closing, I served in the same role at Sears Holdings Corporation ("Sears") beginning in January 2016.

3.     As Head of Shop Your Way Financial Services, I am knowledgeable about and familiar with Sears' and Transform's business and contractual relationships with credit card companies and processors.

4.     All statements in this Declaration are based upon my personal knowledge of Transform's and the Debtors' operations in connection with credit card companies and processors; my review of relevant documents; and my views based upon my professional experience.  If called to testify, I would testify competently to each of the facts set forth in this Declaration.

5.     As a retail business, Sears had ongoing contractual and operational relationships with credit card companies and processors.

6.     At the time of Closing, Sears had credit card agreements with First Data (for Visa and MasterCard), Discover, and American Express, corresponding to the credit cards accepted at Sears stores.

7.     At the time of the Closing, and today, ██████████████████████ ██████ had taken reserves as a condition of continuing to do business with Sears.  As of the Closing and today, ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

---

[2]     All capitalized terms used but not defined in this Declaration shall have the meaning ascribed to them in the APA.

███ As indicated below, ███████████████████████████████ created those reserves based on their view that certain events triggering their right to establish reserves under the agreements ███ with Sears had occurred. As further indicated below, while the reserves can be funded in a number of ways, including by the withholding of amounts that would otherwise be due to Sears in connection with card transactions, the size of the reserve does not contractually bear any relationship to the amount outstanding at any particular moment in time. Moreover, the reserves are held as security against the occurrence of certain events. At the time of Closing, ███████████████████████ had any obligation to refund any portion of the reserves to Sears and those funds in the reserves therefore were not at the time of Closing owed to Sears. ███████████████████████████████

███████████████████████████████

███████████████████████████████████

███████████████████████

8.  I set forth below some of the key provisions of the agreements with First Data, Discover, and American Express and certain correspondence with the three. By identifying certain of the provisions, I do not mean to be excluding the potential relevance of other provisions of those agreements.

**First Data**

9.  The Merchant Services Bankcard Agreement ("First Data MSBA") among Sears, First Data Merchant Services Corporation, and Wells Fargo Bank, N.A., as a wholly-owned subsidiary of a member of Visa U.S.A., Inc. and MasterCard International Incorporated, governs, among other things, the terms under which First Data and Wells Fargo (collectively referred to as "First Data") are obligated to settle sales made on Visa and MasterCard credit cards, as well as

First Data's rights to take a reserve to continue to do business with Sears under certain circumstances.  In particular, ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████ The

First Data MSBA is attached as <u>Exhibit A</u> hereto.

10. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

11. ████████████████████████████████

██████████████████████████████

12. ████████████████████████████████

████████████████████████████████████████

████████████████████████ The ██████████ letter

from First Data is attached as <u>Exhibit B</u> hereto.

4

13. ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████ The ████████████ letter from First Data is attached as <u>Exhibit C</u>

hereto.

14. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ The ████████████ letter

from First Data is attached as <u>Exhibit D</u> hereto.

15. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████

**American Express**

16.     The Agreement for American Express Card Acceptance ("<u>Amex Agreement</u>")

between Sears and American Express Travel Related Services Company, Inc. ("<u>Amex</u>") governs,

among other things, the terms under which Amex is obligated to settle sales made on Amex

credit cards, as well as Amex's rights to take a reserve to continue to do business with Sears

under certain circumstances. In particular, █████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ The

Amex Agreement is attached as <u>Exhibit E</u> hereto.

17. █████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

18. █████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

19. █████████████████████████████████████

████████████████████████████████████████████████

██████████████████████

20. █████████████████████████████████████

████████████████████████████████

---

█ ████████████████████████████████████████████████████████████
████████████████████████████████████

21.    █████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████ The ████████████ letter to Amex is attached as <u>Exhibit F</u> hereto.

22.    ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████ The ████████████ letter from Amex is attached as <u>Exhibit

G</u> hereto.

23.    Sears and Amex entered into an Amendment to the Amex Agreement effective as of June 20, 2018 (the "<u>Amendment</u>"). ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████

24.    ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████

**<u>Discover</u>**

25.    The Discover Merchant Operating Regulations R18.1 ("<u>Discover MOR</u>") govern, among other things, the terms under which Discover is obligated to settle sales made on Discover credit cards, as well as Discover's rights to take a reserve to continue to do business with Sears under certain circumstances. In particular, ████████████████████████████████

7

18-23538-shl    Doc 2915    Filed 03/20/19    Entered 03/20/19 12:59:06    Main Document
Pg 8 of 10

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████     The Discover MOR is attached as <u>Exhibit H</u> hereto.

26. ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

27. ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████

28. ██████████████████████████████████████████████████████

██████████████████████████████████████

29. ██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

---

■ ██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
█████

██████████████████████████████████████████████

██████████████████████████████████████

██ ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████ The ████████ email from Discover is attached as <u>Exhibit I</u> hereto.

31. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████

\* \* \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on March 20, 2019 in Hoffman Estates, Illinois.

Respectfully submitted,

*/s/ Terrence E. Rolecek*
Terrence E. Rolecek

9

# Exhibits A-I

Filed Under Seal