**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] ) | Case No. 18-23538 (RDD) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

### MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THE DECLARATION OF TERRENCE E. ROLECEK AND ACCOMPANYING EXHIBITS

Transform Holdco LLC (the "Buyer" or "Transform"), the buyer under a certain Asset Purchase Agreement, dated as of January 17, 2019, by and among Sears Holdings Corporation ("SHC"), each of SHC's subsidiaries party thereto (together with SHC, the "Sellers," collectively with respect to SHC's chapter 11 affiliates, the "Debtors," and together with Transform, the "Parties") and Transform (as may be amended, restated, supplemented or modified from time to time, the "APA"),[2] by and through its undersigned counsel, respectfully submits this motion (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] The APA refers to the Asset Purchase Agreement filed as Ex. B to the *Order (I) Approving the Asset Purchase Agreement among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and*

"Motion") for entry of an order (the "Order") authorizing Transform Holdco LLC to file under seal certain portions of the *Declaration of Terrence E. Rolecek in Support of Transform Holdco LLC's Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property and Reply in Further Support of its Motion to Assign Matter to Mediation* and the exhibits thereto (the "Rolecek Declaration"). Transform seeks entry of an order determining that the commercially sensitive information in the Rolecek Declaration and exhibits be withheld from public view, substantially in the form attached hereto as **Exhibit 1**. In further support of this Motion, Transform respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

---

*Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "Sale Order"), as amended by the Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* [Docket No. 2599] (the "Notice of Filing of Amendment No. 1 to the APA"). All capitalized terms used but not defined herein shall have the meaning ascribed to them in the APA.

2

**BACKGROUND**

4. On March 6, 2019, Transform filed a motion seeking the appointment of a mediator to facilitate the resolution of significant breaches of the APA by the Sellers. *Motion to Assign Matter to Mediation* [Docket No. 2766] (the "Mediation Motion").

5. The Debtors opposed the Mediation Motion and filed a motion on March 11, 2019 for enforcement of the APA and the automatic stay. *Debtors' (I) Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property and (II) Response to Transform Holdco LLC's Motion to Assign Matter to Mediation* [Docket No. 2796] (the "Turnover Motion").

6. Transform is compelled by the Turnover Motion to correct the record and to establish that each of the amounts sought in the Turnover Motion, to the extent not already paid, is subject to a complex and ongoing contractual dispute between the parties. The substantial nature of these disputes is detailed in Transform's *Response to Debtors' (I) Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property and Reply In Further Support of its Motion to Assign Matter to Mediation* [Docket No. 2864] (the "Response"), along with declarations contemporaneously submitted by Andrew Hede, Senior Managing Director at EY Turnaround Management Services LLC, an advisor to Transform [Docket No. 2868], Joseph Lanzkron, a partner at Cleary Gottlieb Steen & Hamilton LLP, counsel for Transform [Docket No. 2867], and Lewis J. Liman, a partner at Cleary Gottlieb Steen & Hamilton LLP, counsel for Transform [Docket No. 2865], and a declaration submitted by Terrence E. Rolecek, Head, Shop Your Way Financial Services at Transform Midco LLC, which is a subsidiary of Transform, filed herewith.

7.      In order to adequately respond to the allegations in the Turnover Motion, and to the extent the Court intends to hear the merits of the Turnover Motion at the upcoming hearing, the Rolecek Declaration and its exhibits include confidential and commercially sensitive information regarding Sears' and Transform's business arrangements with certain credit card processing companies, which would be harmful to Transform's business interests if publicly released.

8.      As noted in the Response, Transform is filing the Rolecek Declaration at this time, and did not file it contemporaneously with the Response, because Transform was in the process of providing notice to the relevant credit card processors of its intention to file the Declaration under seal, pursuant to the confidentiality provisions in the agreements with the card processors.  That process is now complete.

9.      Accordingly, Transform respectfully requests the Court to grant the instant Motion to file the commercially sensitive information included in the Rolecek Declaration and exhibits under seal.

## RELIEF REQUESTED

10.     By this Motion, Transform seeks entry of the attached Proposed Order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file the Rolecek Declaration and the exhibits thereto under seal with the Clerk of this Court in an envelope clearly indicating that the same have been filed under seal by Order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court.

## BASIS FOR RELIEF

11.     The Bankruptcy Code provides strong support for sealing the Rolecek Declaration and exhibits.  Section 107(b) of the Bankruptcy Code authorizes courts to issue orders that will

protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b)(1).

12.  Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

13.  Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." Id. at 27. Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Id.

14.  In granting motions to seal "commercial information," courts have defined this term as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the movant. In re Altegrity, Inc., 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (citing In re Alterra Healthcare Corp., 353 B.R 66, 75 (Bankr. D. Del. 2006)); In re Glob. Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

15. The Second Circuit in <u>Video Software Dealers Ass'n</u> affirmed the bankruptcy court's order to seal a licensing agreement given that the release of any information regarding the agreement's overall structure (or terms and conditions) would have adversely affected the debtor's ability to negotiate favorable promotional agreements, thereby giving the debtor's competitors an unfair advantage. 21 F.3d at 28.

16. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause." <u>Id.</u> Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." <u>Id.</u> at 27. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). <u>In re Glob. Crossing, Ltd.</u>, 295 B.R. at 724; *see also* Fed. R. Bankr. P. 9018.

17. Here, the Rolecek Declaration and exhibits contain nonpublic and sensitive business information, including Sears' and Transform's business arrangements with certain credit card processors and the terms of the card processors' agreements with merchants. This information falls squarely within the category of confidential commercial information in section 107(b)(1) of the Bankruptcy Code.

18. The Rolecek Declaration summarizes and attaches as exhibits certain agreements between Sears and Discover, American Express and First Data (collectively, the "<u>Credit Card Processors</u>"). See Ex. A to Rolecek Decl., First Data Merchant Services Bankcard Agreement (the "<u>First Data MSBA</u>"); Ex. E to Rolecek Decl., Agreement for American Express Card Acceptance (the "<u>Amex Agreement</u>"); Ex. H to Rolecek Decl., Discover Merchant Operating Regulations

6

R18.1 (the "Discover MOR") (collectively, the "Agreements"). It specifically cites to and quotes from provisions in the Agreements regarding the Credit Card Processors' payment obligations to Sears and contractual rights to require Sears to create reserves as a condition of continuing to do business with Sears under certain circumstances. The Rolecek Declaration also summarizes and attaches correspondence between Sears and each of the Credit Card Processors relating to their business with Sears.

19. Each of the Agreements contains confidentiality provisions that are intended to protect the business information and trade secrets of the Credit Card Processors. Those provisions define confidential information to include the terms of the Agreements and any nonpublic information received in connection with the Agreements. The confidentiality provisions prohibit Sears from disclosing confidential information unless required by judicial, regulatory or administrative process and after providing reasonable notice. See Ex. A to Rolecek Decl., First Data MSBA § 12.2; Ex. E to Rolecek Decl., Amex Agreement § 8a; Ex. H to Rolecek Decl., Discover MOR § 13.2.

20. Transform has completed the process of providing notice to the Credit Card Processors. Transform now submits the instant Motion to comply with its obligations, under the Agreements, not to disclose the Credit Card Processors' sensitive business information and to protect Sears' and Transform's own business information.

21. The proposed sealing order that Transform submits is narrowly tailored to restrict access only to a small amount of commercially sensitive and confidential information. The redactions are limited to the exhibits to the Rolecek Declaration and the portions of the Rolecek Declaration that include citations to confidential material from the exhibits.

## NO PREVIOUS REQUEST

22.     No prior motion for the relief requested sought in this Motion has been made to this or any other court.

## NOTICE

23.     Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 [Docket No. 405]. Transform respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, Transform respectfully requests that the Court authorize it to file the Rolecek Declaration and the exhibits thereto under seal or any such other and further relief deemed just, proper, and equitable.

Dated: March 20, 2019
       New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Abena A. Mainoo*
Lewis J. Liman
Sean A. O'Neal
Luke A. Barefoot
Abena A. Mainoo
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Transform Holdco LLC*

**Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re ) | Chapter 11 |
| ) |  |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] ) | Case No. 18-23538 (RDD) |
| ) |  |
| Debtors. ) | (Jointly Administered) |
| ) |  |

**[PROPOSED] ORDER ON MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO FILE UNDER SEAL THE DECLARATION OF TERRENCE E. ROLECEK AND THE ACCOMPANYING EXHIBITS**

Upon the motion (the "Motion")[2] of Transform Holdco LLC (the "Buyer" or "Transform") for entry of an order (this "Order") authorizing Transform to file the Rolecek Declaration and exhibits thereto under seal; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

found that Transform provided appropriate notice of the Motion and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Transform is authorized to file the Rolecek Declaration and exhibits thereto under seal (the "Sealed Documents"), redacting only that information that is considered confidential and commercially sensitive, subject to further order of the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3. Except upon further order of the Court after notice to Transform, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the consent of Transform, except that unredacted copies of the Sealed Documents shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Sellers (on a confidential and "professional eyes only" basis), and (d) any other party as may be ordered by the Court or agreed to by Transform and a counterparty to any such Document, in each case, under appropriate confidentiality agreements satisfactory to Transform. Each party to whom disclosure is made shall keep the Sealed Documents confidential.

4. Transform is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6.  Counsel for Transform shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents within 10 days after resolution of both the Mediation Motion and Turnover Motion.

7.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

                                             _____
                                             THE HONORABLE ROBERT D. DRAIN
                                             UNITED STATES BANKRUPTCY JUDGE