UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                    :
                                         :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,    :
                                         :    Case No. 18-23538 (RDD)
                                         :
Debtors.[1]                              :    (Jointly Administered)
------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### <u>GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY</u>

This stipulation, agreement, and proposed order (the "**Stipulation, Agreement and Order**") is entered into by and among Sears Roebuck and Co. and Sears Holdings Management Corporation (the "**Debtors**"), and Corrina B. Kenwisher ("**Movant**"). The Debtors and Movant collectively are referred to in this Stipulation, Agreement and Order as the "**Parties**," and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A. WHEREAS, on October 15, 2018 (the "**Commencement Date**"), the Debtors and certain of their affiliates (collectively, the "**Chapter 11 Entities**") commenced voluntary cases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Chapter 11 Entities are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    WHEREAS, on June 20, 2017, Movant commenced an action that is pending in the District Court, 57th Judicial District, Bexar County, State of Texas at Case No. 2017Cl11345 (the "**Prepetition Action**") against the Debtors.  The Prepetition Action involves claims asserted by Movant for alleged injuries as a result of an automobile accident that occurred on June 8, 2017.

C.    WHEREAS, on January 25, 2019, Movant filed the *Motion for Relief from Automatic Stay* [ECF No. 1834] (the "**Motion**"),[2] seeking relief from the Automatic Stay for the limited purposes of continuing the Prepetition Action to pursue insurance proceeds and liquidate claims for personal injury.

D.    WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.    This Stipulation, Agreement, and Order shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.    Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary to permit Movant to continue the Prepetition Action against the Debtors solely to resolve

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

and liquidate Movant's unliquidated claims and obtain recovery from any available insurance proceeds/policies issued by any non-debtor party (i.e., non-self-insurance proceeds/policies), including under policy number ISA H09044188 issued by ACE American Insurance Company (as renewed, amended, modified, endorsed or supplemented from time to time); <u>provided</u>, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtors or any of the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.  Upon the Effective Date, the Motion shall be deemed withdrawn.

4.  Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) creates or permits a direct right of action by Movant against the Debtors' or any of the other Chapter 11 Entities' insurers; (iii) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage; or (iv) constitutes a determination or admission that coverage exists with respect to Movant's claims.

5.  As of the Effective Date, Movant agrees to waive any right to recovery related to the Prepetition Action against any party, whether or not currently named as a defendant in the Prepetition Action, who may assert indemnification claims against the Chapter 11 Entities.

6.  All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims,

3

injuries, or damages described in this Stipulation, Agreement, and Order. Section 1542 of the California Civil Code reads as follows:

> **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

7. As of the Effective Date, any and all proofs of claim (including but not limited to proofs of claim nos. 7637 and 7652) filed by the Movant shall be deemed withdrawn with prejudice and Movant shall be forever barred and estopped from filing any further proofs of claim relating to the Prepetition Action.

8. Nothing contained herein shall be construed as a waiver by the Chapter 11 Entities of their right to object to any and all proofs of claim relating to the Prepetition Action or any other pending prepetition action to which the Debtors or any of the other Chapter 11 Entities are a party that may be filed by Movant in the chapter 11 cases of the Chapter 11 Entities.

9. The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Prepetition Action or any other matter.

10. This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

11. The undersigned who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

12. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same

4

instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

13. This Stipulation, Agreement and Order shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

14. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation, Agreement and Order immediately shall be effective and enforceable upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors.

15. This Stipulation, Agreement and Order shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

16. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

[*Signature page follows*]

IN WITNESS WHEREOF, this Stipulation, Agreement and Order has been executed and delivered as of the day and year first below written.

Dated:                               Dated:

By: */s/ Garret A. Fail*                    By: */s/ Russell T. Jackson*
    Ray C. Schrock, P.C.                        Russell T. Jackson
    Jacqueline Marcus                         Texas State Bar No. 24069978
    Garrett A. Fail                             Law Offices of Thomas J. Henry
    Sunny Singh                               521 Starr Street
    Jessica Liou                                Corpus Christi, TX 78401
    WEIL, GOTSHAL & MANGES LLP     Telephone: (361) 985-0600
    767 Fifth Avenue                        Facsimile: (361) 985-0601
    New York, NY 10153                    E-mail Address: rjackson@tjhlaw.com
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007             *Attorneys for Movant*

    *Attorneys for Debtors*
    *and Debtors in Possession*

It is SO ORDERED

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Dated: March 1, 2019
       White Plains, New York