**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| **In re** | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| **Debtors.**[1] | : | (Jointly Administered) |
| | : | |

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SEARS HOLDINGS CORPORATION, *ET AL.* TO RETAIN AND EMPLOY HERRICK, FEINSTEIN LLP AS SPECIAL CONFLICTS COUNSEL, EFFECTIVE *NUNC PRO TUNC* TO JANUARY 2, 2019

Upon the application, dated February 12, 2019 (the "Application")[2] of the Official

Committee of Unsecured Creditors (the "Creditors' Committee") of Sears Holdings Corporation

and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an

order, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the

"Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

"Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure

for the Southern District of New York (the "Local Rules"), authorizing the Creditors' Committee

to retain and employ Herrick, Feinstein LLP ("Herrick Feinstein") as its special conflicts counsel

in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), to perform the services

described in the Application; and upon the declarations of Stephen B. Selbst, a partner of Herrick

Feinstein, dated February 13, 2019 and February 21, 2019 (the "Selbst Declarations"), and the

declaration of Ronald M. Tucker on behalf of Simon Property Group L.P., in its capacity as co-

chair of the Creditors' Committee, dated February 12, 2019 (the "Tucker Declaration" and,

together with the Selbst Declarations, the "Declarations"); and it appearing that the attorneys at

Herrick Feinstein who will perform services on behalf of the Creditors' Committee in the Chapter

11 Cases are duly qualified to practice before this Court; and the Court finding, based on the

representations made in the Application and the Declarations, that Herrick Feinstein does not hold

or represent any interest adverse to the Creditors' Committee or the Debtors' estates with respect

to the matters upon which it is to be engaged, that it is a "disinterested person" as that term is

defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b),

and as required by Bankruptcy Code section 328, and that its employment is necessary and in the

best interests of the Creditors' Committee and the Debtors' estates; and the Court having

jurisdiction to decide the Application and the relief requested therein pursuant to 28 U.S.C. §§

157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31,

2012 (Preska, C.J.); and consideration of the Application and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409; and after due and sufficient notice of the Application there being no

objections to the requested relief; and no additional notice or a hearing being required; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.      The relief requested in the Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Creditors' Committee is authorized to retain and employ Herrick Feinstein as its special conflicts counsel to represent it in these Chapter 11 Cases and related matters and proceedings as set forth in the Application and the Declarations, effective *nunc pro tunc* to January 2, 2019.

3.      Herrick Feinstein shall be compensated and reimbursed in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of the Court.

4.      Herrick Feinstein shall file a supplemental declaration with this Court and give not less than 10 business days' notice to the Debtors, the U.S. Trustee, and the Creditors' Committee prior to implementing any increases in the rates set forth in the Selbst Declaration in these cases. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Creditors' Committee has consented to them.

5.      To the extent any provision of the Application is inconsistent with this Order, the terms of this Order shall govern.

6.      The Creditors' Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.      The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

3

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  White Plains, New York
        March 21, 2019

                                    /s/Robert D. Drain_____
                                    THE HONORABLE ROBERT D. DRAIN
                                    UNITED STATES BANKRUPTCY JUDGE