de Luca Levine LLC
Richard J. Boyd, Jr.
Three Valley Square, Suite 220
Blue Bell, PA 19422
Tel: (215) 383-0081
Email: rboyd@delucalevine.com

and

de Luca Levine LLC
Kenneth B. Grear
Three Valley Square, Suite 220
Blue Bell, PA 19422
Tel: (215) 383-0081
Email: kgrear@delucalevine.com

*Attorneys for Peter Fey*

Hearing Date: April 18, 2019
Hearing Time: 10:00 A.M
Objection deadline: April 11, 2019

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION**

---

| | |
|---|---|
| IN RE | CHAPTER 11 |
| SEARS HOLDINGS CORPORATION, ET AL. | CASE NO. 18-23538 (RDD) |
| DEBTORS[1] | (Jointly administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart stores of Texas LLC (8915); MyGofer LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

# NOTICE OF MOVANT PETER FEY'S
# MOTION FOR RELIEF FROM AUTOMATIC STAY

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. A hearing to consider Peter Fey's Motion for relief from the automatic stay, pursuant to section 362 of Title 11 of the United States Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at 300 Quarropas Street, While Plains, New York 10601, on **April 18, 2019 at 10:00am.** The deadline to file an objection is **April 11, 2019 at 4:00pm**.

2. If no objections are timely filed and served in accordance with the applicable Case Management Order, this Honorable Court may grant the relief requested without a hearing.

3. The following are parties upon whom any Objection to the Pleading is required to be served

    a. the Chambers of the Honorable Judge Robert D. Drain ("Chambers"), United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601;

    b. the Debtors, c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates IL 60179 (Attn: Stephen Sitley Esq., and Luke J. Valentino, Esq.);

    c. Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq., and Sunny Singh, Esq.), proposed attorneys for the Debtors;

    d. the Office of the United States Trustee for Region 2 (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq.);

    e. Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George

R. Howard, Esq.), attorneys for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent;

f. Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY, 10017 (Attn: Marshall S. Huebner, Esq. and Eli J. Vonnegut, Esq.), attorneys for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility;

g. Cleary, Gottlieb, One Liberty Plaza, New York, NY, 10006 (Attn: Sean A. O'Neal, Esq.), attorneys for JPP, LLC, as agent under the Second Lien Credit Facility, IP/Ground Lease Term Loan Facility, and the Consolidated Secured Loan Facility;

h. Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (Attn: Eric R. Wilson, Esq., Benjamin D. Feder, Esq., and T. Charlie Liu, Esq.), attorneys for Computershare Trust Company, N.A., as trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes;

i. Seyfarth Shaw LLP, 620 Eighth Avenue, New York, NY 10018 (Attn: Edward M. Fox, Esq.), attorneys for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes;

j. Carter Ledyard & Milburn LLP, 2 Wall Street, New York, NY 10015 (Attn: James Gadsden, Esq.), attorneys for The Bank of New York Mellon Trust Company, as successor trustee for the SRAC Unsecured PIK Notes, SRAC Unsecured Notes, and the SRAC Medium Term Notes;

k. Locke Lord LLP, 111 South Wacker Drive, Chicago, IL 60606 (Attn: Brian A. Raynor, Esq.), attorneys for the Pension Benefit Guaranty Corporation;

l. Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); and

m. Jeeil Choi, Esquire
Litchfield Cavo LLP
420 Lexington Avenue
New York, NY 10170

4. In addition to the Standard Parties, Movant has provided notice to the 2002 parties listed in Master Service List as of March 18, 2019. Please see noticed 2002 parties list attached hereto as Exhibit B.

**de LUCA LEVINE LLC**

**BY:** /s/ Richard J. Boyd, Jr.
Richard J. Boyd, Jr.
Three Valley Square, Suite 220
Blue Bell, PA 19422
Tel: (215) 383-0081
Email: rboyd@delucalevine.com

and

/s/ Kenneth B. Grear
Kenneth B. Grear
Three Valley Square, Suite 220
Blue Bell, PA 19422
Tel: (215) 383-0081
Email: kgrear@delucalevine.com

*Attorneys for Peter Fey*

**Dated:** March 25, 2019

de Luca Levine LLC
Richard J. Boyd, Jr.
Three Valley Square, Suite 220
Blue Bell, PA 19422
Tel: (215) 383-0081
Email: rboyd@delucalevine.com

and

de Luca Levine LLC
Kenneth Grear .
Three Valley Square, Suite 220
Blue Bell, PA 19422
Tel: (215) 383-0081
Email: kgrear@delucalevine.com

*Attorneys for Peter Fey*

Hearing Date: April 18, 2019
Hearing Time: 10:00 A.M
Objection deadline: April 11, 2019

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

---------------------------------------------------------------

| | |
|---|---|
| IN RE | CHAPTER 11 |
| SEARS HOLDINGS CORPORATION, ET AL. | CASE NO. 18-23538 (RDD) |
| DEBTORS[1] | (Jointly administered) |

---------------------------------------------------------------

**MOVANT PETER FEY'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

    Plaintiff/Creditor/ Movant Peter Fey, by his undersigned attorney, pursuant to section 362 of Title 11 of the United States Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, hereby submits this Motion for Relief from the Automatic Stay. In support of this Motion, Movant states as follows:

I.   **INTRODUCTION**

The purpose of this motion is to obtain leave from the Court to permit the Movant to continue the prosecution of its claims against Sears, Roebuck and Co (the "Debtor") in an action already pending in the Court of Common Pleas of Montgomery County, Pennsylvania. In the pending action, the Movant alleges Debtor manufactured/distributed/sold a defective humidifier that caused a fire at Movant's home in Phoenixville, PA. In said claim, Movant seeks to recover solely from either (1) Debtor's available and applicable insurance or (2) Debtor's co-Defendants, for the damage to his property.

II.   **JURISDICTION AND VENUE**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334. The venue of this case and this motion is proper under 28 U.S.C. Section 1408 and Section 1409.

III.   **FACTUAL BACKGROUND**

On October 15, 2018, the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  Prior to the commencement of bankruptcy proceedings however, Debtor designed/manufactured/distributed/sold a Kenmore humidifier, Model No. 251.50701012 (hereinafter "subject product") to Peter Fey. The subject product caused a fire on September 9, 2018 at Peter Fey's home located in Phoenixville, PA. The fire caused in excess of $45, 000.00 in damages.

On February 7, 2019, Movant filed his complaint against Debtor. *See Complaint, attached hereto as Exhibit A*. Movant alleges the aforementioned damages were the direct and proximate result of the negligence of Debtor, by and through its agents for failing to, *inter alia,*

exercise reasonable care in the design, manufacture, transport, distribution, and/or inspection of the subject product. Movant further alleges a claim of strict liability against Debtor based on the defective subject product. Lastly, Movant alleges Debtor breached it express and implied warranties related to the defective subject product. In addition to Debtor, Movant also brought suit against Winix America Incorporated and Winix Inc., for their involvement in the stream of commerce as it relates to the subject product.[2]

Upon information and belief, Debtor and its affiliates maintained a policy of insurance that contains coverage for property damage for defective products. If the Movant obtains a recovery or judgment against the Debtor or its affiliates, the Movant will seek to enforce it solely against the proceeds of insurance and will not seek to enforce the judgment against Debtor or its affiliates, property of the debtor or its affiliates, or property of the estate.

## IV.   LEGAL ANALYSIS

### A.   Standard of Law

Motions for relief from stay are governed by 11 U.S.C. §362(d). Under Section 362(d) a Court may grant a stay for cause upon request of a party in interest. *See* 11 U.S.C. §362(d). The Bankruptcy Code does not define "cause." Thus, courts must determine what constitutes "cause" on a case-by-case basis pursuant to the Court's discretion. *See Laguna Assocs. Ltd. v. Aetna Cas. & Sur. Co*. 30 F.3d 734, 737 (6th Cir. 1994); *see also In re Balco Equities Ltd.,* 312 B.R. 734, 738 (Bankr. S.D.N.Y. 2004). Courts make this determination through a balancing test, where it weighs the hardship to the creditor, if he or she is not allowed to proceed with his or her lawsuit, against the potentiation prejudice to the debtor and debtor's other creditors. *See In re R.J.*

---

[2] In the event that Movant's Motion for Relief is denied, and given the deadline to file proofs of claim runs on April 10, 2019, Movant also filed a Proof of Claim on March 20, 2019, in accordance with this Honorable Court's February 22, 2019 order. If this Honorable Court grants Movant's Motion, he will promptly withdraw his Proof of Claim.

*Groover Constr. LLC*, 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008). There are several potential factors to consider while performing the balancing test. Note however, that in weighing these factors, courts should only consider those factors that are relevant to the particular case, and should not assign equal weight to each factor. *See In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999). The factors are as follows:

> (1) Whether relief would result in a partial or complete resolution of the issues;
> (2) The lack of any connection with or interference with the bankruptcy case;
> (3) Whether the other proceeding involves the debtor as a fiduciary;
> (4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
> (5) Whether the debtor's insurer has assumed full responsibility for defending it;
> (6) Whether the action primarily involves third parties;
> (7) Whether litigation in another forum would prejudice the interests of other creditors;
> (8) Whether the judgment claim arising from the other action is subject to equitable subordination;
> (9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
> 10) The interests of judicial economy and the expeditious and economical resolution of litigation;
> (11) Whether the parties are ready for trial in the other proceeding; and
> (12) The impact of the stay on the parties and the balance of harms.

*See In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001)(*citation omitted*). The Movant bears the burden of making the initial showing of cause. *See In re Project Orange Associates, LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y 2010). Thereafter, the Debtor bears the burden of proving that Movant's interest is adequately protected such that relief is unnecessary. *See id.*

In addition to the above factors, Congress has recognized that it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere. *See In re Todd*

*Shipyards Corp.*, 92 B.R. 600, 603–04 (Bankr. D.N.J. 1988)(*citing* H.R.Rep. 95–595, 95th Cong. 1st Sess. 341 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5836, 6297).

### B.  Application of Factors to Case

The above-delineated factors favor this Honorable Court's granting of Movant's motion for relief from the stay. As described more fully below, the continuation of the Pennsylvania claim will allow for the complete resolution of all outstanding issues amongst the parties. The Pennsylvania claim will not interfere with the bankruptcy claim. Resolving the Pennsylvania claim will not prejudice the interests of other creditors, and will promote the interests of judicial economy and the economical resolution of the litigation. Finally, continuing the automatic stay will impose substantial hardship that outweighs any hardships on the Debtor.

#### i.  The relief would result in the complete resolution of the issue.

If this Honorable Court lifts the stay and allows Movant to litigate its claim in state court, the issue between Movant and Debtor will be resolved completely. Thus, the first factor favors lifting the stay.

#### ii.  The relief would not interfere with the bankruptcy case.

The Pennsylvania claim is not connected with the bankruptcy case. Movant's claim relates to an allegedly defective product he believes caused a fire that damaged his house. The claim only involves state law issues and claims. As such, the continuation of Movant's suit in Pennsylvania will not delay the bankruptcy proceedings or affect this Court's ability to resolve outstanding issues related to the bankruptcy proceedings.

Further, if judgment or settlement of the state court action is made, it would be limited to the available insurance funds and therefore would have no impact on the Bankruptcy

proceedings. Movant only seeks to litigate his claim to the point of judgment wherein he will obtain proceeds through Debtor's available insurance coverage or Debtor's co-Defendants. Such relief will not interfere with bankruptcy proceedings. *See In re Todd Shipyards Corp.*, 92 B.R. 600 (Bankr. D. N.J. 1988); *see also In re Peterson*, 116 B.R. 247, 250–51 (D. Colo. 1990) ("Numerous courts have permitted the stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and, as in this case, the movant has stipulated that any recovery will be sought from the debtor's insurer or a codefendant.") Here, because Movant has agreed to limit his claims against the Debtor and its affiliates to the extent of available liability coverage, neither the debtors nor other creditors will be prejudiced by the limited modification of the stay requested by Movant. Thus, the second factor favors lifting the stay.

   **iii.**  **Upon information and belief the debtor's insurer has assumed full responsibility for defending it and lifting the stay will not prejudiced other creditors.**

  Upon information and belief, Movant believe the debtor's insurer has assumed full responsibility for defending it. Further, Movant will collect any judgment against the Debtors solely from the applicable insurance proceeds. Thus, the other Creditors in the bankruptcy will not be harmed by granting the Motion because the Movant will not enforce any judgment directly against the Debtors or its estate. *See Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991) ("[D]ebtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors.")

   **iv.**  **A relief from the stay is in the interests of judicial economy as the action involves third parties.**

Lifting the stay will promote the interests of judicial economy and will aid in resolving the dispute amongst all parties. Courts have determined that allowing a creditor to prosecute a claim in a pending state court action that involves issues of state law promotes the interests of judicial economy. *See, e.g., Project Orange*, 432 B.R. at 112 (Bankr. S.D.N.Y 2010). Here, Movant's claims are based in Pennsylvania law. Further, to the extent witnesses are needed, the majority, if not all, of the witnesses will reside in Pennsylvania. Additionally, all of the evidence resides in Pennsylvania. Thus, it is more appropriate to permit proceedings to continue in their place of origin, where the evidence and witnesses reside.

Finally, Movant brought the state court action against both the Debtor, and Winix America Incorporated and Winix Inc. Both co-Defendants are in the business of, *inter alia*, selling and marketing home appliances, including the subject product. Thus, it would not be efficient or economical for this Court to stay the State court proceedings as to Debtor, while the action continues against co-Defendants. Rather, this Court should promote the interests of judicial economy by allowing the Pennsylvania state court to resolve the litigation as to all claims and all parties.

### v.   Continuing the automatic stay will impose substantial hardship that outweighs any hardships on the Debtor

Lastly, any hardships on the Debtor in lifting the automatic stay are far outweighed by the hardships imposed on Movant if the stay is not lifted. Here, if Movant is forced to wait to prosecute his claim against Debtor, the aging of evidence, loss of witnesses and crowded Court dockets will prejudice his case. *See In re Bock Laundry Machine Co.*, 37 B.R. 564.566 (Bankr. N.D. Ohio 1984). This prejudice is especially apparent given the nature of his claim. The longer Movant's claim is delayed the harder it will be to prove his case given the nature of damages caused by fire.

## V.   CONCLUSION

For the reasons stated herein, Movant respectfully requests that the Court grant him relief from the automatic stay for the limited purposes of allowing Movant to continue the prosecution of his claims against Debtor where Movant will seek solely to recover from either (1) Debtor's available and applicable insurance, or (2) Debtor's co-Defendants, for the damage to his property.

**de LUCA LEVINE LLC**

**BY:** /s/Richard J. Boyd, Jr.
RICHARD J. BOYD, JR.
and

/s/Kenneth B. Grear
KENNETH B. GREAR

*ATTORNEYS FOR MOVANT,*
*PETER FEY*

**Dated:** March 25, 2019