WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                        :

**In re**                          :        **Chapter 11**

                           :

**SEARS HOLDINGS CORPORATION, *et al.*,**    :        **Case No. 18-23538 (RDD)**

                           :

            **Debtors.**[1]          :        **(Jointly Administered)**

                           :

-------------------------------------------------------------x

## CERTIFICATE OF NO OBJECTION REGARDING NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL CONTRACTS AND DESIGNATABLE LEASES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

   Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules for

the Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as

follows:

   1.  Beginning on October 15, 2018 (the "**Commencement Date**") and

continuing thereafter, each of Sears Holdings Corporation and its debtor affiliates, as debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**")

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code.

   2.  On March 15, 2019, the Debtors filed the *Notice of Assumption and*

*Assignment of Additional Contracts and Designatable Leases* (ECF No. 2854) (the "**Notice**").

   3.  The Debtors served the Notice as reflected in the affidavit of service filed

at ECF No. 2917.

   4.  The Notice established a deadline (the "**Objection Deadline**") for certain

parties to object to the Notice for March 25, 2019 at 12:00 p.m. (prevailing Eastern Time), in

accordance with the terms of paragraph 34 of the Sale Order.[2]  The *Amended Order Implementing*

*Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405)

(the "**Amended Case Management Order**") provides that a motion or application may be granted

without a hearing, provided that no objections or other responsive pleadings have been filed after

the passage of the Objection Deadline and the attorney for the entity who filed the pleadings

complies with the terms of the Amended Case Management Order.

---

[2] On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "**Sale Order**") (ECF No. 2507).

5.      The Objection Deadline has passed and, to the best of my knowledge, no objection, responsive pleading, or request for a hearing with respect to the Notice has been (a) filed with the Court on the docket of the above-captioned case or (b) served on counsel to the Debtors in accordance with the Amended Case Management Order.

6.      The attached revised proposed order (the "**Proposed Order**") and revised Exhibit 1 attached thereto reflect informal responses received prior to the Objection Deadline from interested parties to the Notice, as well as the addition of one unexpired lease to Exhibit 1 (the "**West Corvina Lease**"), notice of which addition was provided to the applicable counterparties by counsel to the Buyer (as defined in the Sale Order) on March 22, 2019 via overnight mail.[3]  The revised Proposed Order is annexed hereto as **<u>Exhibit A</u>**, and a redline of the Proposed Order is annexed hereto as **<u>Exhibit B</u>**.

7.      Accordingly, the Debtors respectfully request that the Proposed Order granting the relief requested in the Notice be entered in accordance with the Amended Case

---

[3] The counterparties to the West Corvina Lease were previously served with the Debtors' *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "**Cure Notice**") on January 18, 2019, which Cure Notice listed the West Corvina Lease on Exhibit B thereto.  The Debtors served the Cure Notice as reflected in the affidavit of service filed at ECF No. 1969.  The objection deadline for the Cure Notice has passed, and no objection has been filed with respect to the West Corvina Lease.

WEIL:\96970528\1\73217.0004

Management Order.

      I declare that the foregoing is true and correct.


Dated: March 26, 2019
      New York, New York

                           /s/ Jacqueline Marcus
                           WEIL, GOTSHAL & MANGES LLP
                           767 Fifth Avenue
                           New York, New York  10153
                           Telephone:  (212) 310-8000
                           Facsimile:   (212) 310-8007
                           Ray C. Schrock, P.C.
                           Jacqueline Marcus
                           Garrett A. Fail
                           Sunny Singh

                           *Attorneys for Debtors*
                           *and Debtors in Possession*

## **Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                          :        **Chapter 11**
                                               :
**SEARS HOLDINGS CORPORATION**, *et al.*,      :        **Case No. 18-23538 (RDD)**
                                               :
                                               :
            Debtors.[1]                        :        **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER (I) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 1, 2018 (Docket No. 429) (the "Sale Motion"),[2] filed

by the above-captioned debtors and debtors in possession (the "Debtors") seeking, among other

things, the entry of an order, pursuant to sections 105, 363 and 365 of the United States Bankruptcy

Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9008

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6004-1, 6005-

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]     Capitalized terms used herein but not otherwise defined have the meanings given to them in the Asset Purchase Agreement (as defined below) or, if not defined in the Asset Purchase Agreement, the meanings given to them in the Sale Order (as defined below).

1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing and approving the sale of the Acquired Assets and the assumption and assignment of certain executory contracts and unexpired leases of the Debtors in connection therewith; and the Court having entered this Court's prior order, dated November 19, 2018 (Docket No. 816) including the schedule as revised by the *Global Bidding Procedures Process Letter* filed with the Bankruptcy Court on November 21, 2018 (Docket No. 862) (together, the "Bidding Procedures Order"), approving competitive bidding procedures for the Acquired Assets (the "Bidding Procedures") and granting certain related relief; and Transform Holdco LLC (the "Buyer") having submitted the highest or otherwise best bid for the Acquired Assets, as reflected in the Asset Purchase Agreement (as defined below); and the Court having conducted a hearing on the Sale Motion (the "Sale Hearing"), which commenced on February 4, 2019, at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion; and the Court having entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") on February 8, 2019 (Docket No. 2507) and (v) the Debtors having filed the *Notice of Assumption and Assignment of Additional Contracts and Designatable Leases* on March 15, 2019 (Docket No. 2854), pursuant to which the Debtors seek to assume and assign certain executory contracts or unexpired leases to Buyer or Buyer's Assignee in accordance with the Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers party thereto (including each Debtor and certain other subsidiaries of Sears Holdings Corporation, the ("Sellers") (as may be amended, restated, amended and restated from

2

time to time, including pursuant to that certain Amendment No. 1 to Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers, the "Asset Purchase Agreement"); and due notice of the Sale Motion, the Asset Purchase Agreement, the Sale Order, and the form of this order (the "Assumption and Assignment Order") having been provided; and, except as otherwise provided for herein, all objections with respect to the Assigned Agreements listed on Exhibit 1 or any other agreement that becomes an Assigned Agreement pursuant to the procedures set forth in paragraph 27 hereof (collectively, the "Additional Assigned Agreements") hereto having been withdrawn, resolved, or overruled as provided in this Assumption and Assignment Order; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates and creditors and all parties in interest in these chapter 11 cases; and upon the record of the Sale Hearing and these chapter 11 cases; and after due deliberation; and good cause appearing therefor, it is hereby

                            **FOUND AND DETERMINED THAT:**

A.    **Fed. R. Bankr. P. 7052**.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Sale Hearing.  This Assumption and Assignment Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

B.      **Jurisdiction and Venue**.  This Court has jurisdiction over the Sale Motion, the

Sale Transaction and the property of the Debtors' estates, including the Additional Assigned

Agreements, which constitute Acquired Assets, pursuant to 28 U.S.C. §§ 157 and 1334, and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This matter

is a core proceeding pursuant to 28 U.S.C. § 157.  Venue of these chapter 11 cases and the Sale

Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Debtors have demonstrated a good, sufficient, and sound business purpose

and justification for the immediate assumption and assignment of the Additional Assigned

Agreements consistent with the Sale Order.  Buyer, shall not be subject to the stay provided by

Bankruptcy Rules 6004(h) and 6006(d).

D.      **Vested Title**.  The Additional Assigned Agreements hereto constitute property of

the Debtors' estates, and title thereto is vested in the Debtors' estates within the meaning of 541(a)

of the Bankruptcy Code.

E.      **Notice and Opportunity to Object**.  Actual written notice of, and a fair and

reasonable opportunity to object to and to be heard with respect to the Additional Assigned

Agreements has been given, as required by the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, the Asset Purchase Agreement, and the Amended Case Management Order.  Pursuant to

the Sale Order, a Designated Lease Notice or Designated Additional Contract Notice, as

applicable, with respect to the Additional Assigned Agreements was properly served and afforded

timely, good, appropriate and sufficient notice and an opportunity to object in accordance with the

Sale Order and no further notice need be given with respect to the assumption and assignment of

the Additional Assigned Agreements.

F.    **Cure Notice**.  As evidenced by the certificates of service filed with the Court, the Debtors have served, prior to the Sale Hearing, the Assumption and Assignment Notices (as defined in the Bidding Procedures Order) on each counterparty to a Potential Transferred Agreement, dated January 18, 2019, January 23, 2019, January 31, 2019, and March 5, 2019, which provided the Debtors' intent to assume and assign such Potential Transferred Agreements (to the extent the Potential Transferred Agreement is an executory contract or lease) and notice of the related proposed Cure Costs upon each non-debtor counterparty to such Potential Transferred Agreements.  The service of the Assumption and Assignment Notices was timely, good, sufficient and appropriate under the circumstances and no further notice need be given with respect to the Cure Costs for the assumption and assignment of the Additional Assigned Agreements. *See Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1731) (the "Cure Notice"); *see also Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 1774) (the "First Supplemental Cure Notice"); *see also Affidavits of Service* (Docket Nos. 1969, 2132, 2162); *see also Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction; see also Affidavit of Service* (Docket No. 2314) (the "Second Supplemental Cure Notice"); *see also Affidavit of Service* (Docket No. 2417); *see also Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket No. 2753) (the "Third Supplemental Cure Notice", together with the Cure Notice, the First Supplemental Cure Notice and the Second Supplemental Cure Notice, collectively the "Cure Notices"); *see also Affidavit of Service* (Docket

No. 2787) .  All non-debtor parties to the Additional Assigned Agreements (to the extent the

Potential Transferred Agreement is an executory contract or lease and was listed on the Cure

Notices have had a reasonable opportunity to object both to the Cure Costs listed on the applicable

Assumption and Assignment Notice and, to the assumption and assignment of the Additional

Assigned Agreements to the Buyer or an Assignee, if applicable, in accordance with the Bidding

Procedures Order.

G.     **Assignment or Transfer Agreement**.  Each applicable assignment agreement or

any other agreement or instrument of assignment or transfer (an "Assignment or Transfer

Agreement") with respect to any applicable Additional Assigned Agreement was negotiated and

proposed in good faith, from arms'-length bargaining positions, and without collusion.  Neither

the Debtors, the Buyer nor the Buyer's Assignee (if applicable) have engaged in any conduct that

would cause or permit the assumption, assignment or transfer to the Buyer or an Assignee pursuant

to the Assignment or Transfer Agreement and this Assumption and Assignment Order, to be

avoided under 363(n) of the Bankruptcy Code.

H.     **Assumption and Assignment of Additional Assigned Agreements**.  The

assumption and assignment of the Additional Assigned Agreements are integral to the Asset

Purchase Agreement, are in the best interests of the Debtors and their estates, and represent the

valid and reasonable exercise of the Debtors' sound business judgment.

I.     **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**.  The assumption and

assignment of the Additional Assigned Agreements hereto must be approved and consummated

promptly in order to preserve the value of the Acquired Assets.  The Debtors have demonstrated

compelling circumstances and a good, sufficient, and sound business purpose and justification for

the immediate approval of the assumption and assignment of the Additional Assigned Agreements

hereto in connection with the Sale Transaction as contemplated by the Asset Purchase Agreement and approved pursuant to the Sale Order.  Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with regard to this Assumption and Assignment Order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      **Motion is Granted**.  The Sale Motion and the relief requested therein with respect to the Additional Assigned Agreements is granted and approved solely to the extent set forth herein.

2.      **Findings of Fact and Conclusions**.  The Court's findings of fact and conclusions of law in the Sale Order, and the record of the hearing with respect to the Sale Order are incorporated herein by reference, solely with respect to the Additional Assigned Agreements.  The Additional Assigned Agreements constitute Acquired Assets.  Accordingly, all findings of fact and conclusions of law in the Sale Order with respect to the Acquired Assets, including any explicitly governing the Initial Assigned Agreements shall apply to the Additional Assigned Agreements with full force and effect, and as the Buyer of the Additional Assigned Agreements, Buyer is entitled to all of the protections set forth in the Sale Order with respect to Acquired Assets.

3.      **Objections Overruled**.  All objections to the assumption and assignment or designation of the Additional Assigned Agreements listed on Exhibit 1 hereof that have not been withdrawn with prejudice, waived, settled, or otherwise resolved as announced to the Court at the hearing (if any) to consider entry of this Order or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits and with prejudice.

4.      **Notice**. Notice of the proposed assumption and assignment of the Additional Assigned Agreements was adequate, appropriate, fair and equitable under the circumstances and

complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, and the Amended Case Management Order.

5. **Assumption and Assignment**. Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees and agents, are authorized to take any and all actions as may be (i) reasonably necessary or desirable to implement the assumption and assignment of the Additional Assigned Agreements pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement, the Related Agreements, the Sale Order, and this Assumption and Assignment Order or (ii) reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to the Buyer's possession or the Buyer's Assignee's possession, if applicable, the Additional Assigned Agreements.

6. **Transfer of the Additional Assigned Agreements Free and Clear**. Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to transfer the Additional Assigned Agreements in accordance with the terms of the Asset Purchase Agreement and the Sale Order. The Additional Assigned Agreements, shall be transferred to the Buyer or the Buyer's Assignee, if applicable, in accordance with the terms of the Asset Purchase Agreement and the Sale Order, and such transfer shall: (i) be valid, legal, binding and effective; (ii) vest the Buyer or the Buyer's Assignee, if applicable, with all right, title and interest of the Debtors in the Additional Assigned Agreements; and (iii) be free and clear of all Claims against the Debtors (including Claims of any Governmental Authority) in accordance with section 363(f) of the Bankruptcy Code.

7. This Assumption and Assignment Order: (i) shall be effective as a determination that, all Claims against the Debtors have been unconditionally released, discharged and terminated

8

as to the Additional Assigned Agreements, and that the conveyances and transfers described herein have been effected; and (ii) is and shall be binding upon and govern the acts of all persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, county and local officials and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Buyer is the assignee and owner of the Additional Assigned Agreements free and clear of all Claims, or who may be required to report or insure any title or state of title in or to any lease (all such entities being referred to as "Recording Officers").  All Recording Officers are authorized and specifically directed to strike recorded Claims against the Additional Assigned Agreements recorded prior to the date of this Assumption and Assignment Order.  A certified copy of this Assumption and Assignment Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded Claims against the Additional Assigned Agreements recorded prior to the date of this Assumption and Assignment Order.  All Recording Officers are hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement.

8.      No holder of any Claim against the Debtors or their estates shall interfere with the Buyer's or Buyer's Assignee's, if applicable, title to or use and enjoyment of the Additional Assigned Agreements based on or related to any such Claim or based on any actions the Debtors may take in these chapter 11 cases.

9.      If any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Claims against the Debtors or the

Additional Assigned Agreements shall not have delivered to the Debtors as of the time of entry of

this Assumption and Assignment Order, in proper form for filing and executed by the appropriate

parties, termination statements, instruments of satisfaction, or, as appropriate, releases of all

Claims (collectively, the "Release Documents") the Person has with respect to the Debtors or the

Additional Assigned Agreements or otherwise, then with regard to the Additional Assigned

Agreements: (i) the Debtors are hereby authorized and directed to, and the Buyer is hereby

authorized to, execute and file such statements, instruments, releases and other documents on

behalf of the person with respect to the Additional Assigned Agreements; (ii) the Buyer is hereby

authorized to file, register or otherwise record a certified copy of this Assumption and Assignment

Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of

the release of all Claims against the Additional Assigned Agreements; and (iii) the Buyer may seek

in this Court or any other court to compel appropriate persons to execute termination statements,

instruments of satisfaction, and releases of all Claims with respect to the Additional Assigned

Agreements; provided that, notwithstanding anything in this Assumption and Assignment Order,

the Sale Order, or the Asset Purchase Agreement to the contrary, the provisions of this Assumption

and Assignment Order shall be self-executing, and neither the Sellers nor Buyer shall be required

to execute or file releases, termination statements, assignments, consents, or other instruments in

order to effectuate, consummate, and implement the provisions of this Assumption and

Assignment Order.  This Assumption and Assignment Order is deemed to be in recordable form

sufficient to be placed in the filing or recording system of each and every federal, state, county or

local government agency, department or office.

    10.    Subject to the terms of this Assumption and Assignment Order, this Assumption

and Assignment Order shall be considered and constitute for any and all purposes a full and

complete general assignment, conveyance and transfer by the Debtors of the Additional Assigned

Agreements acquired under the Asset Purchase Agreement or a bill of sale or assignment

transferring good and marketable, indefeasible title and interest in all of the Debtors' right, title,

and interest in and to the Additional Assigned Agreements to the Buyer or Buyer's Assignee, if

applicable.

11.     **Assumption and Assignment of Additional Assigned Agreements**.  The Debtors

are hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to

assume and assign the Additional Assigned Agreements to the Buyer or the Buyer's Assignee, if

applicable, free and clear of all Claims to the extent set forth in the Sale Order and this Assumption

and Assignment Order, to execute and deliver to the Buyer or the Buyer's Assignee, if applicable,

such documents or other instruments as may be necessary to assign and transfer the Additional

Assigned Agreements to the Buyer or the Buyer's Assignee, if applicable,  as provided in the Asset

Purchase Agreement, and to transfer all of the Debtors' rights, title, and interests in the Additional

Assigned Agreements to the Buyer or the Buyer's Assignee, if applicable.  With respect to each of

the Additional Assigned Agreements, the Buyer, in accordance with the provisions of the Asset

Purchase Agreement, has cured or will cure before the Assumption Effective Date, or will have

provided adequate assurance of the prompt cure after the Assumption Effective Date of, any

monetary default required to be cured with respect to the Additional Assigned Agreements under

section 365(b)(1) of the Bankruptcy Code, and the Buyer has provided adequate assurance of

future performance under the Additional Assigned Agreements in satisfaction of sections 365(b)

and 365(f) of the Bankruptcy Code to the extent that any such assurance is required and not waived

by the non-debtor counterparties to such Additional Assigned Agreements.  Upon the applicable

Assumption Effective Date with respect to an Additional Assigned Agreement, the Buyer or

Buyer's Assignee, if applicable, shall be fully and irrevocably vested with all rights, title and interest of the Debtors under such Additional Assigned Agreement and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to breach of such Additional Assigned Agreement occurring after such assumption and assignment. As between the Debtors and the Buyer, to the extent provided in the Asset Purchase Agreement, the Buyer shall be solely responsible for any liability with respect to the Additional Assigned Agreements after the Closing.  Buyer or Buyer's Assignee, if applicable, acknowledges and agrees that from and after the applicable Assumption Effective Date with respect to an Additional Assigned Agreement, subject to and in accordance with the Asset Purchase Agreement and this Assumption and Assignment Order, it shall comply with the terms of each of such Additional Assigned Agreement in its entirety, including any indemnification obligations expressly contained in such Additional Assigned Agreement that could arise as a result of events or omissions that occur from and after the Assumption Effective Date, unless any such provisions are not enforceable pursuant to the terms of this Assumption and Assignment Order.  The assumption by the Debtors and assignment to the Buyer or Buyer's Assignee, if applicable, of any Additional Assigned Agreement shall not be a default under such Additional Assigned Agreement.

12.    All Cure Costs that have not been waived by, or as to which an objection has been filed by, or that have not been otherwise addressed in an alternate arrangement with, any non-debtor party to an Additional Assigned Agreement shall be: (i) with respect to the undisputed amounts, be paid in cash by the Buyer, on or before the Assumption Effective Date and (ii) with respect to any disputed amounts, the Buyer shall establish a cash reserve no later than two (2) business days after the Assumption Effective Date (a "Cure Cost Reserve") and the Buyer shall pay such amounts promptly upon resolution of any such disputed Cure Cost (unless a notice of

withdrawal is filed in accordance with paragraph 17 hereof); provided that to the extent a new

agreement by and between the Buyer and the counterparty to the applicable Additional Assigned

Agreement is entered into, such agreement shall provide for the Buyer's payment of applicable

Cure Costs in an amount agreed to by the Buyer and the counterparty, and any such agreement

shall require the counterparty's waiver of any and all prepetition claims against the Debtors and

claims for the period between the Closing Date and the Assumption Effective Date based on the

Additional Assigned Agreement, and any damage claims arising out of the rejection of any such

Additional Assigned Agreement, and the Debtors shall have no liability therefor in accordance

with the terms of the Asset Purchase Agreement.  Payment of Cure Costs as required under section

365(b) of the Bankruptcy Code with respect to the Additional Assigned Agreements, shall: (i) be

in full satisfaction and cure of any and all defaults under these Additional Assigned Agreements,

whether monetary or non-monetary; and (ii) compensate the non-Debtor counterparty for any

actual pecuniary loss resulting from such defaults.  Unless an objection to the proposed Cure Costs

or Adequate Assurance Information with respect to the Buyer was filed and served before the

applicable deadline, each non-Debtor party to an Additional Assigned Agreement is forever

barred, estopped and permanently enjoined from asserting against the Debtors or the Buyer, their

affiliates, successors or assigns or the property of any of them, any default existing as of (i) with

respect to the Additional Assigned Agreements set forth on Exhibit 1, the date of this Assumption

and Assignment Order, and (ii) with respect to other Additional Assigned Agreements, the date of

the Designatable Contract Assumption and Assignment Objection Deadline or the Restrictive

Covenant Objection Deadline if such default was not raised or asserted prior to the Designatable

Contract Assumption and Assignment Objection Deadline or Restrictive Covenant Objection

Deadline.

13

13.     The Debtors served all counterparties to the Additional Assigned Agreements, with an Assumption and Assignment Notice and the deadline to object to the Cure Costs and adequate assurance of future performance with respect to the Buyer has passed.  Accordingly, unless an objection to the proposed Cure Costs or Adequate Assurance Information with respect to the Buyer was filed and served before the applicable deadline (a "Filed Objection"), the applicable Designatable Contract Counterparty is forever barred from objecting to (i) the Cure Costs and from asserting any additional cure or other amounts with respect to the applicable Additional Assigned Agreement in the event it is assumed and/or assigned by an Assignee, except to the extent such Cure Costs further accrue (being subject to further credits, debits, and adjustments in accordance with the terms of the applicable underlying Lease or Contract) following the Debtors' filing of the applicable Assumption and Assignment Notice or (ii) adequate assurance of future performance by the Buyer.  In connection with any designation to a third party Assignee, each such Assignee has provided or will provide, as applicable, adequate assurance of future performance of and under the applicable Additional Assigned Agreements, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.

14.     Nothing in this Assumption and Assignment Order shall affect the rights of the Buyer, to the extent such rights are provided in the Asset Purchase Agreement, to add or remove any Potential Transferred Agreement to or from the list of Assigned Agreements set forth in the Asset Purchase Agreement in accordance with the terms thereof.  All of the requirements of sections 365(b) and 365(f), including without limitation, the demonstration of adequate assurance of future performance and payment of Cure Costs required under the Bankruptcy Code have been satisfied for the assumption by the Debtors, and the assignment by the Debtors to the Buyer, with respect to the Additional Assigned Agreements.  The Buyer has satisfied its adequate assurance of

14

future performance requirements with respect to the Additional Assigned Agreements and in connection therewith has presented sufficient evidence regarding the Buyer's business plan and demonstrated it is sufficiently capitalized to comply with the necessary obligations under the Additional Assigned Agreements.

15.    The assumption of any liabilities under any Additional Assigned Agreement, shall constitute a legal, valid and effective delegation of all liabilities thereunder to the applicable Assignee and, following payment of all amounts required to be paid by agreement of the parties or an order of the Court, and except as expressly set forth in the Asset Purchase Agreement, the Sale Order or this Assumption and Assignment Order, shall divest the Debtors of all liability with respect to such Additional Assigned Agreement for any breach of such Additional Assigned Agreement occurring after the Closing Date in accordance with Section 2.9 of the Asset Purchase Agreement.

16.    Pursuant to the Sale Order, if the proposed Assignee for an Additional Assigned Agreement is not the Buyer, the Debtors have delivered to the applicable Designatable Contract Counterparty (and delivered by email or facsimile to counsel for the applicable Designatable Contract Counterparty, if such counsel has filed a notice of appearance in the Bankruptcy Cases) evidence of adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code with respect to the applicable Additional Assigned Agreement that is proposed to be assumed and assigned to such Assignee.

17.    Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, the Buyer shall, on the applicable Assumption Effective Date for the Additional Assigned Agreements, cure all nonmonetary defaults solely to the extent required under section 365 of the Bankruptcy Code and pay to the applicable Designatable Contract Counterparty all undisputed Cure Costs and other such

undisputed amounts required with respect to such Additional Assigned Agreement; provided, however, that at any time prior to (i) the date of entry of this Assumption and Assignment Order with respect to the Additional Assigned Agreements listed on Exhibit 1, which shall constitute the Assumption Effective Date for the Additional Assigned Agreements listed on Exhibit 1 hereof or (ii) the Assumption Effective Date with respect to the assumption and assignment of any subsequent Additional Assigned Agreements, which Assumption Effective Date shall be determined in accordance paragraph 27 hereof, Buyer may withdraw the proposed assumption of the applicable Additional Assigned Agreement by filing a notice of withdrawal with the Court. Upon assumption and assignment of any Designatable Lease or Additional Contract, solely to the extent designated for assumption by the Sellers and assignment to Buyer by written notice from Buyer to Sellers delivered prior to the end of the Designation Rights Period (the "Designated Agreements"), the Debtors and their estates shall be relieved of any liability for breach of such Designated Agreement after the Closing pursuant to the Asset Purchase Agreement and section 365(k) of the Bankruptcy Code; provided that, except as expressly provided herein or in the Asset Purchase Agreement or Related Agreements, neither the Buyer (except to the extent such obligations constitute Cure Costs or Expenses (as defined in section 2.9 of the Asset Purchase Agreement) nor the applicable Assignee shall have any obligations under any Designated Agreement that is an Additional Assigned Agreement in respect of any costs or expenses (including, without limitation, for royalties, rents, utilities, taxes, insurance, fees, any common area or other maintenance charges, promotional funds and percentage rent) arising under any of the Additional Assigned Agreements attributable to (x) the portion of such calendar year occurring prior to such Lease Assignment or (y) for any previous calendar year, and the Sellers shall fully indemnify and hold harmless the Buyer and the applicable Assignee with respect thereto.

16

18.    Solely in connection with the Additional Assigned Agreements upon the applicable Assumption Effective Date, any provision in any Additional Assigned Agreement that purports to declare a breach or default as a result of a change or transfer of control or any interest in respect of the Debtors is unenforceable and all Additional Assigned Agreements shall remain in full force and effect notwithstanding assignment thereof.  Solely in connection with the Additional Assigned Agreements, no sections or provisions of any Additional Assigned Agreements, that in any way purport to: (i) prohibit, restrict, or condition the Debtors' assignment of such Additional Assigned Agreement (including, but not limited to, the conditioning of such assignment on the consent of any non-debtor party to such Additional Assigned Agreement); (ii) provide for the cancellation, or modification of the terms of the Additional Assigned Agreement based on the filing of a bankruptcy case, the financial condition of the Debtors, or similar circumstances; (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges, or other financial accommodations in favor of the non-debtor third party to such Additional Assigned Agreement upon assignment thereof; or (iv) provide for any rights of first refusal on a contract counterparty's part, rights of first offer or any other purchase option or any recapture or termination rights in favor of a contract counterparty, or any right of a Landlord to take an assignment or sublease from a tenant, shall have any force or effect with respect to the grant and honoring of the Designation Rights or the rights under Section 2.9 of the Asset Purchase Agreement in accordance with the Sale Order, this Assumption and Assignment Order, and the Asset Purchase Agreement and assignments of Additional Assigned Agreements by the Debtors in accordance therewith, because they constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code.  Upon assumption and assignment of any Additional Assigned Agreement, the Buyer or

Buyer's applicable Assignee shall enjoy all of the rights and benefits, under each such Additional

Assigned Agreement as of the applicable Assumption Effective Date and shall assume all

obligations as of the Closing Date.

19.     Solely in connection with the Additional Assigned Agreements, upon the

applicable Assumption Effective Date, except as otherwise expressly agreed by the Buyer and the

applicable Designatable Contract Counterparty, notwithstanding any provision in any

Designatable Lease that purports to prohibit, restrict or condition such action, (x) the Buyer or the

applicable Assignee shall be authorized to: (i) use the applicable Lease Premises, subject to section

365(b)(3) of the Bankruptcy Code, as a retail store or distribution center (and related goods and

services); (ii) operate such Lease Premises under the Buyer's trade name or any other trade name

which the Buyer owns or is authorized to use (including any of the Debtors' trade names); (iii)

make such alterations and modifications to the applicable Lease Premises (including signage,

together with appropriate changes to existing tenant signage in the respective shopping center or

mall, including panels on all pylons, monuments, directional and other ground and off-premises

signs where Sellers are currently represented) deemed necessary by the Buyer or such Assignee

(subject to all applicable laws including all applicable municipal codes) as are necessary or

desirable for the Buyer or such Assignee to conform such Lease Premises to the prototypical retail

store or distribution center (or such Assignee's typical retail store or distribution center); (iv)

remain "dark" (including partially or fully un-occupied) with respect to such Lease Premises after

such assumption and assignment until the date that is necessary to permit the Buyer or such

Assignee to take occupancy, remodel, restock, re-fixture, change signage and/or until completion

of the work described in clause (iii) above (so long as such date is not more than one hundred fifty

(150) days after the applicable Assumption Effective Date) or such later date as may be reasonably

required for the restoration of the such Lease Premises following any applicable Casualty /
Condemnation Event; and (v) exercise, utilize or take advantage of any renewal options and any
other current or future rights, benefits, privileges, and options granted or provided to the Debtors
under such Additional Assigned Agreement (including all of the same which may be described or
designated as, or purport to be, "personal" to the Debtors or to a named entity in such Additional
Assigned Agreement or to be exercisable only by the Debtors or by a named entity or an entity
operating under a specific trade name)  and (y) neither the Buyer nor the applicable Assignee shall
have any responsibility or liability for any Excluded Asset-Sale Taxes and Excluded Asset-
Reorganization Taxes.

20.    ***Ipso Facto* Clauses Ineffective**.  Except as otherwise specifically provided for by
order of this Court or the Asset Purchase Agreement, the Additional Assigned Agreements shall
be transferred to, and remain in full force and effect for the benefit of, the Buyer or, for applicable
Additional Assigned Agreements, the Assignee in accordance with their respective terms,
including all obligations of the Buyer or, for applicable Additional Assigned Agreements, the
Assignee as the assignee of the Additional Assigned Agreements, notwithstanding any provision
in any such Additional Assigned Agreements (including, without limitation, those of the type
described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or
conditions such assignment or transfer.  There shall be no, and all non-Debtor parties to any
Additional Assigned Agreements are forever barred and permanently enjoined from raising or
asserting against the Debtors, the Buyer, or, for applicable Additional Assigned Agreements, the
Assignee, any defaults, breaches, claims, pecuniary losses, rent accelerations, escalations,
assignment fees, increases or any other fees charged to the Buyer, for applicable Additional

Assigned Agreements, the Assignee, or the Debtors as a result of the assumption or assignment of the Additional Assigned Agreements.

21.    Except as otherwise specifically provided for by order of this Court, upon the Debtors' assignment of the Additional Assigned Agreements to the Buyer or Buyer's Assignee, if applicable, under the provisions of this Assumption and Assignment Order and full payment of all Cure Costs as required under section 365(b) of the Bankruptcy Code, no default shall exist under any Additional Assigned Agreements, and no counterparty to any Additional Assigned Agreements shall be permitted to declare a default by any Debtor, the Buyer or, for applicable Additional Assigned Agreements, the Assignee, or otherwise take action against the Buyer or any applicable Assignee as a result of any Debtor's financial condition, bankruptcy or failure to perform any of its obligations under the relevant Additional Assigned Agreement.  Any provision in an Additional Assigned Agreement that prohibits or conditions the assignment of such Additional Assigned Agreement or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or extension, refuse to renew, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect solely in connection with the transfer thereof pursuant to this Assumption and Assignment Order.  The failure of the Debtors, the Buyer or, for applicable Additional Assigned Agreements, the Assignee, to enforce at any time one or more terms or conditions of any Additional Assigned Agreement shall not be a waiver of such terms or conditions, or of the Debtors', the Buyer's or, for applicable Additional Assigned Agreements, the Assignee's, rights to enforce every term and condition of the Additional Assigned Agreement.

22.    To the extent that any of the Additional Assigned Agreements is designated to an Assignee, the transaction and the Assignment or Transfer Agreement is undertaken by Assignee

20

without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall not affect the validity of such transaction, unless such authorization is duly stayed pending such appeal.  By virtue of the transaction contemplated by the Assignment or Transfer Agreement, Assignee shall not be deemed to (i) be a legal successor, or otherwise be deemed a successor to the Debtors; (ii) have, de facto or otherwise, merged with or into the Debtors; or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise or operations of the Debtors.

23.    **Waiver of Bankruptcy Rules 6004(h), 6006(d) and 7062**.  Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), or 7062 or any applicable provisions of the Local Rules, this Assumption and Assignment Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.  Time is of the essence in assuming and assigning the Additional Assigned Agreements in connection with the Court approved Sale Transaction.  Any party objecting to this Assumption and Assignment Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law, or risk its appeal will be foreclosed as moot.  This Assumption and Assignment Order constitutes a final order upon which the Debtors and the Buyer are entitled to rely.

24.    **Conflicts; Precedence**.  In the event that there is a direct conflict between the terms of this Assumption and Assignment Order, the Sale Order, the Asset Purchase Agreement, or any documents executed in connection therewith, the provisions contained in this Assumption and Assignment Order, the Sale Order, the Asset Purchase Agreement and any documents executed in

21

connection therewith shall govern, in that order.  Nothing contained in any chapter 11 plan

hereafter confirmed in these chapter 11 cases, any order confirming such plan, or in any other order

of any type or kind entered in these chapter 11 cases (including, without limitation, any order

entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the

Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the

provisions of the Asset Purchase Agreement, the Sale Order or the terms of this Assumption and

Assignment Order.

25.    **Lease Deposits and Security**.  The Buyer shall not be required, pursuant to section

365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security with

respect to any Additional Assigned Agreement to the extent not previously provided by the

Debtors or to the extent that such deposit or security required under the Additional Assigned

Agreement has already been deposited by Debtors.

26.    **Notice and Procedures for Subsequent Assumption and Assignment**.

Following Sellers' receipt of a Buyer Assumption Notice or promptly following Sellers' receipt of

a notice indicating that an Additional Contract has been designated for assumption and assignment,

Seller (or Buyer, at Buyer's election following four (4) Business Days' email notice to Seller's

counsel) shall serve and file with the Court a notice (i) pursuant to Section 5.2(b) of the Asset

Purchase Agreement (a "Designated Lease Notice") and/or (ii) indicating that an Additional

Contract has been designated for assignment or assumption and assignment pursuant to Section

2.9 of the Asset Purchase Agreement (a "Designated Additional Contract Notice").  Any party

seeking to object to the (i) assumption and assignment of any Designatable Lease or Additional

Contract to a proposed Assignee that is not the Buyer on any basis other than the Cure Costs

(including, but not limited to, objections to adequate assurance of future performance if such

Designatable Leases are designated to a third party) or (ii) solely in connection with the assumption and assignment of a Designatable Lease or Additional Contract that was noticed for potential assumption and assignment pursuant to that certain *Notice of Assumption and Assignment in Connection with Sale of Sears Home Improvement* Business (Docket No. 901) or that certain *Supplemental Notice of Assumption and Assignment in Connection with Sale of Sears Home Improvement Business* (Docket No. 1054), to adequate assurance of future performance by the Buyer, must (a) file a written objection in compliance with the Bankruptcy Rules and the Local Rules (a "<u>Designatable Contract Assumption and Assignment Objection</u>") with the Court, so that such objection is filed no later than eight (8) days after the later of the date on which (i) the applicable Designated Lease Notice or Designated Additional Contract Notice is filed with the Court and (ii) evidence of adequate assurance of future performance required pursuant to the preceding sentence is served on the applicable Designatable Contract Counterparty (the "<u>Designatable Contract Assumption and Assignment Objection Deadline</u>"), and (b) serve the Designatable Contract Assumption and Assignment Objection (by email, facsimile or hand delivery) so that it is actually received by counsel for the Debtors and the Buyer on or before the Designatable Contract Assumption and Assignment Objection Deadline.  To the extent that the Debtors or any other party seek to assume and assign any real estate leases to which a Debtor is a party free and clear of any interests, covenants, or rights applicable to such real estate assets that limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, "<u>Restrictive Covenants</u>"), the applicable Designated Lease Notice shall describe the Restrictive Covenant that the party is seeking to extinguish or otherwise diminish and any non-Debtor counterparty to a Restrictive Covenant will have fourteen (14) calendar days from the filing and

service of the Designated Lease Notice to file and serve an objection thereto (the "Restrictive Covenant Objection Deadline").

27.    If no objections are timely filed in advance of the applicable Designatable Contract Assumption and Assignment Objection Deadline or Restrictive Covenant Objection Deadline, or a timely objection is resolved consensually, the Additional Assigned Agreements identified in the exhibits or schedules to the applicable Designated Lease Notice or Designated Additional Contract Notice shall be deemed to constitute Additional Assigned Agreements, all findings of fact and conclusions of law contained herein with respect to the Acquired Assets, including those explicitly governing the Additional Assigned Agreements shall apply to such subsequent Additional Assigned Agreements with full force and effect, no further order of the Court shall be required with respect to such subsequent Additional Assigned Agreements, and the date of the applicable Designatable Contract Assumption and Assignment Objection Deadline or Restrictive Covenant Objection Deadline shall be deemed to be the Assumption Effective Date for such subsequent Additional Assigned Agreement.  If a timely objection is received and not resolved consensually the Court shall resolve such objection (following request for a hearing by the Debtors and/or the Buyer and/or the applicable counterparty filed with the Court and on not less than ten (10) days' notice to the other party) and the Assumption Effective Date for such agreement shall be five (5) Business Days following the resolution of any such objection.  If a timely objection was not filed in advance of the Sale Hearing (or any such objection has been withdrawn or resolved) and the Restrictive Covenant Objection Deadline and the Designatable Contract Assumption and Assignment Objection Deadline are not applicable to a subsequent Additional Assigned Agreement, the Assumption Effective Date for any such Additional Assigned Agreement shall be the date that the applicable Designated Lease Notice or Designated Additional Contract Notice

24

was served and filed with the Court, such Additional Assigned Agreements shall be deemed to constitute Additional Assigned Agreements, and all findings of fact and conclusions of law contained herein with respect to the Acquired Assets, including those explicitly governing the Additional Assigned Agreements shall apply to such subsequent Additional Assigned Agreements with full force and effect, and no further order of the Court shall be required with respect to such subsequent Additional Assigned Agreements.

28.    Notwithstanding anything herein to the contrary: (i) all timely filed objections to the assumption and assignment of a Contract or Lease that is not on the list of Additional Assigned Agreements attached hereto as Exhibit 1, including, without limitation, objections as to adequate assurance of future performance, cure amounts, and/or the payment of all amounts due and owing and performance of all other obligations under a Contract or Lease, are adjourned and all parties' rights as to such issues are fully preserved and will be determined if and to the extent the applicable Contract or Lease is designated for assumption and assignment pursuant to the procedures described in the Sale Order and paragraphs 26 and 27 of this Assumption and Assignment Order and (ii) no Contract or Lease other than as set forth in Exhibit 1 shall be part of the Acquired Assets unless and until (a) the Bankruptcy Court enters an order approving the assumption and assignment of such Contract or Lease, and such Contract or Lease is so assumed and assigned or (b) the assumption and assignment of such Contract or Lease becomes effective pursuant to the terms of paragraphs 26 and 27 hereof.

29.    Unless and until the assumption and assignment of a Contract or Lease becomes effective pursuant to the terms of paragraphs 26 and 27 hereof (i) nothing in this Order or the Sale Order shall be a determination of the terms and conditions of the assumption and assignment of any Contract or Lease not included in Exhibit 1, including, without limitation, the Assignee's

obligations in connection with the same; (ii) no finding of fact or conclusion of law set forth herein

or in the Sale Order with respect to the assumption and assignment of the Additional Assigned

Agreements shall apply, be binding upon, be law of the case, or operate to collaterally estop any

issue, with respect to the assumption and assignment of any other Contract or Lease; and (iii) all

parties' rights with respect to the Reserved Lease Issues are fully preserved.

30.     **Automatic Stay**.  The automatic stay imposed by section 362 of the Bankruptcy

Code is modified solely to the extent necessary to implement the provisions of this Assumption

and Assignment Order.

31.     **Retention of Jurisdiction**.  This Court shall retain exclusive jurisdiction to, among

other things, interpret, enforce and implement the terms and provisions of this Assumption and

Assignment Order, the Sale Order and the Asset Purchase Agreement, all amendments thereto,

any waivers and consents thereunder (and of each of the agreements executed in connection

therewith), to adjudicate disputes related to the Sale Order, this Assumption and Assignment Order

or the Asset Purchase Agreement (and such other related agreements, documents or other

instruments) and to enforce the injunctions set forth herein.

Dated:  March _____, 2019
         White Plains, New York

                                             _____
                                             THE HONORABLE ROBERT D. DRAIN
                                             UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Additional Assigned Agreements**

## Contracts

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1101 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION | CHECKFREEPAY CORPORATION | FIN - CHECKFREEPAY CORPORATION - AGENT TRANSACTION SERVICES AGREEMENT - 2009 | SHCLCW5880 | N/A | Automatic Renewal | $     - | $     - | No Objection Filed. |
| 2 | 18471 | N/A | SEARS HOLDINGS CORPORATION | CARDINALCOMMERCE CORPORATION | CARDINAL COMMERCE DATA USAGE AGREEMENT | N/A | N/A | Recurring | $     - | $     - | No Objection Filed. |
| 3 | 18499 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION | AMENDMENT #1 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $     - | $     - | No Objection Filed. |
| 4 | 18502 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION OF NEW YORK | AMENDMENT #1 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $     - | $     - | No Objection Filed. |
| 5 | 18505 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION OF CALIFORNIA | AMENDMENT #1 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $     - | $     - | No Objection Filed. |
| 6 | 18508 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION | AMENDMENT #2 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $     - | $     - | No Objection Filed. |
| 7 | 18509 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT | CHECK FREE PAY CORPORATION OF NEW YORK | AMENDMENT #2 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $     - | $     - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|----|-------------|---------|--------|--------------|----------------|--------------|------------------------|--------------------------|-------------------------------|-------------------------------------|----------------------|
| | | | CORPORATION; SEARS, ROEBUCK AND CO. | | | | | | | | |
| 8 | 18510 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION OF CALIFORNIA | AMENDMENT #2 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $    - | $    - | No Objection Filed. |
| 9 | 18517 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION | AMENDMENT #3 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $    - | $    - | No Objection Filed. |
| 10 | 18518 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION OF NEW YORK | AMENDMENT #3 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $    - | $    - | No Objection Filed. |
| 11 | 18519 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION OF CALIFORNIA | AMENDMENT #3 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $    - | $    - | No Objection Filed. |
| 12 | 18523 | N/A | KMART CORPORATION | CHECK FREE PAY CORPORATION | AMENDMENT #3 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $    - | $    - | No Objection Filed. |
| 13 | 18662 | N/A | KMART CORPORATION | VANTIV, LLC | GIFT CARD MERCHANT AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 14 | 18664 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION | VISA, U.S.A. INC. | MERCHANT INCENTIVE AGREEMENT | N/A | N/A | 06/30/2019 | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | 101065 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION | VANTIV | LETTER AGREEMENT JEANIE NETWORK | N/A | N/A | N/A | $ - | $ - | No Objection Filed. |
| 16 | 30132 | N/A | KMART CORPORATION | THE NEWS GROUP, L.P. | PERIODICAL DISTRIBUTION AGREEMENT | N/A | N/A | 12/18/2020 | $ - | $ - | No Objection Filed. |
| 17 | 482 | N/A | INNOVEL SOLUTIONS, INC. | PSC METALS INC | FAC - PSC METAL INC - CRAFTSMAN TOOL BARREL AND METAL RECYCLING AGREEMENT - 2016 | CW2319785 | N/A | 10/31/2019 | $ - | $ - | No Objection Filed. |
| 18 | 2011 | N/A | KMART CORPORATION; KMART OF MICHIGAN, INC.; SEARS OPERATIONS LLC; SEARS, ROEBUCK AND CO. | PALMER, REIFLER & ASSOCIATES, P.A. | APP- PALMER RECOVERY ATTORNEYS- CIVIL RECOVERY-2018 | CW2336260 | N/A | 03/31/2021 | $ - | $ - | No Objection Filed. |
| 19 | 2035 | N/A | KMART CORPORATION; KMART OF MICHIGAN, INC.; SEARS OPERATIONS LLC; SEARS, ROEBUCK AND CO. | TURNING POINT JUSTICE | APP-TURNING POINT JUSTICE-CRIME ACCOUNTABILITY PARTNERSHIP-2018 | CW2337293 | N/A | 04/23/2021 | $ - | $ - | No Objection Filed. |
| 20 | 5926 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION | CARNOW CONIBEAR & ASSOC LTD | FAC - CARNOW CONIBEAR AND ASSOC - MESA 2018 | CW2334696 | N/A | 12/06/2020 | $ - | $ - | No Objection Filed. |
| 21 | 5930 | N/A | KMART OPERATIONS LLC; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS OPERATIONS LLC; SEARS, ROEBUCK AND CO.; SEARS, ROEBUCK DE PUERTO RICO, | CB & I INC. | FAC - APTIM ENVIRONMENTAL AND INFRASTRUCTURE INC - MESA 2018 | CW2334692 | N/A | 12/22/2020 | $ - | $ - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | 5947 | N/A | KMART OPERATIONS LLC; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS OPERATIONS LLC; SEARS PROTECTION COMPANY (PR); SEARS, ROEBUCK AND CO.; SEARS, ROEBUCK DE PUERTO RICO, | STANTEC | FAC - STANTEC CONSULTING SERVICES - MESA 2018 | CW2334778 | N/A | 01/15/2021 | $ - | $ - | No Objection Filed. |
| 23 | 101149 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION | VERISK 3E | MASTER WEB BASED SERVICES AGREEMENT | N/A | N/A | N/A | $ - | $ - | No Objection Filed. |
| 24 | 21 | N/A | INNOVEL SOLUTIONS, INC. | A1 SWITCHING | SC - A1 SWITCHING - HOSTLING AGREEMENT - 2009 | SHCLCW6494 | N/A | 6/30/2020 | $ - | $ - | No Objection Filed. |
| 25 | 52 | N/A | INNOVEL SOLUTIONS, INC. | APPLIANCE WAREHOUSE INC | HS - APPLIANCE WAREHOUSE - STATEMENT OF WORK 02 TO MSA - 2016 | SHCLCW6593 | N/A | 08/31/2019 | $ - | $ - | No Objection Filed. |
| 26 | 228 | N/A | INNOVEL SOLUTIONS, INC. | INNOVATIVE LIQUIDATORS, INC. | SUPPLY CHAIN-INNOVATIVE LIQUIDATORS-MSA-2014 | CW2283441 | N/A | 08/31/2019 | $ - | $ - | No Objection Filed. |
| 27 | 229 | N/A | INNOVEL SOLUTIONS, INC. | MIKES FURNITURE AND APPLIANCE LLC | SUPPLY CHAIN- MIKE'S FURNITURE-MSA-2014 | CW2283446 | N/A | 08/31/2019 | $ - | $ - | No Objection Filed. |
| 28 | 231 | N/A | INNOVEL SOLUTIONS, INC. | APPLIANCE WAREHOUSE INC | SUPPLY CHAIN-APPLIANCE WAREHOUSE-MSA-2014 | CW2283435 | N/A | 08/31/2019 | $ - | $ - | No Objection Filed. |
| 29 | 232 | N/A | INNOVEL SOLUTIONS, INC. | RECONDITIONED APPLIANCE | SUPPLY CHAIN-RECONDITONED APPLIANCE-MSA-2014 | CW2283451 | N/A | 08/31/2019 | $ - | $ - | No Objection Filed. |
| 30 | 234 | N/A | INNOVEL SOLUTIONS, INC. | STATEWIDE RECYCLING AND RECOVERY | SUPPLY CHAIN- STATEWIDE-MSA-2014 | CW2286608 | N/A | 08/31/2019 | $ - | $ - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 31 | 321 | N/A | KMART CORPORATION; SEARS, ROEBUCK AND CO. | BAY RAG CORPORATION | RM - BAY RAG CORPORATION - DISTRIBUTION AND SALES AGREEMENT - 2013 | SHCLCW6314 | N/A | 04/30/2019 | $    - | $    - | No Objection Filed. |
| 32 | 392 | N/A | INNOVEL SOLUTIONS, INC. | A-1 RECYCLING | FACILITIES-A-1 RECYCLING- MSA HAUL AWAY -2015 | CW2309032 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 33 | 393 | N/A | INNOVEL SOLUTIONS, INC. | APPLIANCE RECYCLING OUTLET | FACILITIES-APPLIANCE RECYCLING-MSAHAUL AWAY-2015 | CW2309023 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 34 | 394 | N/A | INNOVEL SOLUTIONS, INC. | APPLIANCE OUTLET | FACILITIES-APPLIANCE OUTLET-MSA NEW HAUL AWAY-2015 | CW2308988 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 35 | 488 | N/A | INNOVEL SOLUTIONS, INC. | DHFC LLC DBA COLORADO REUSE AND RECYCLING | SUPPLY CHAIN- CUTTING EDGE-MSA | CW2323453 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 36 | 533 | N/A | INNOVEL SOLUTIONS, INC. | PRO RECYCLING SOLUTIONS LLC | FAC - PRO RECYCLING SOLUTIONS LLC - MATERIALS PROCESSING MASTER SERVICES AGREEMENT - 2017 | CW2325040 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 37 | 560 | N/A | SEARS, ROEBUCK AND CO. | INNOVATIVE LIQUIDATORS, INC. | INNOVATIVE LIQUIDATORS, INC | CW2330083 | N/A | 05/31/2020 | $    - | $    - | No Objection Filed. |
| 38 | 1381 | N/A | INNOVEL SOLUTIONS, INC. | JMD APPLIANCE | FACILITIES - VIKING COMMODITY INC (JMD APPLIANCE) - MSA HAUL AWAY-2015 | CW2309034 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 39 | 5873 | N/A | SEARS, ROEBUCK AND CO. | TRANE COMMERCIAL | FAC - TRANE COMMERICAL INC - AMENDED AND RESTATED MASTER 2018 | CW2338464 | N/A | 01/31/2020 | $    - | $    - | No Objection Filed. |
| 40 | 660 | N/A | INNOVEL SOLUTIONS, INC. | FSA NETWORK INC | SUPPLY CHAIN - FSA NETWORK - WAREHOUSE EXHIBITS JUNE 2018 (WAYLAND MI, LITTLE ROCK AR) | CW2338574 | N/A | 05/23/2020 | $    - | $    - | No Objection Filed. |
| 41 | 661 | N/A | INNOVEL SOLUTIONS, INC. | FSA NETWORK INC | SUPPLY CHAIN - FSA NETWORK JUNE EXHIBITS 2018 - MDO (WAYLAND MI, LITTLE ROCK AR) | CW2338578 | N/A | 05/29/2021 | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 42 | 712 | N/A | INNOVEL SOLUTIONS, INC. | EXEL INC | SUPPLY CHAIN - RYDER LAST MILE ( EXEL, INC) - ONTARIO, SAN DEIGO, SACRAMENTO, SYLMAR EXHIBITS 2018 | CW2340362 | N/A | 06/27/2020 | $    - | $    - | No Objection Filed. |
| 43 | 5360 | N/A | SEARS, ROEBUCK AND CO. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- SEARS MSA 2014 | CW2270640 | N/A | 05/02/2020 | $    - | $    - | No Objection Filed. |
| 44 | 5361 | N/A | INNOVEL SOLUTIONS, INC. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- MSA 2015 | CW2307501 | N/A | 06/02/2023 | $    - | $    - | No Objection Filed. |
| 45 | 5419 | N/A | INNOVEL SOLUTIONS, INC. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- WAREHOUSE MSA 2015 | CW2301151 | N/A | 05/23/2020 | $    - | $    - | No Objection Filed. |
| 46 | 5446 | N/A | INNOVEL SOLUTIONS, INC. | EXEL INC | SUPPLY CHAIN- MXD GROUP (EXEL, INC)- MSA 2015 | CW2304090 | N/A | 06/27/2020 | $    - | $    - | No Objection Filed. |
| 47 | 5504 | N/A | INNOVEL SOLUTIONS, INC. | COSTCO WHOLESALE CORPORATION | FAC - COSTCO WHOLESALE CORPORATION - FACILITIES SERVICES MASTER AGREEMENT - 2017 | SHCLCW8595 | N/A | 12/31/2020 | $    260.64 | $    - | No Objection Filed. |
| 48 | 5584 | N/A | INNOVEL SOLUTIONS, INC. | T AND K MOVING | SUPPLY CHAIN- T AND K MOVING- MSA 2016 | CW2317054 | N/A | 07/02/2021 | $    - | $    - | No Objection Filed. |
| 49 | 5686 | N/A | SEARS, ROEBUCK AND CO. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- EXHIBIT (CEDAR RAPIDS) 2017 | CW2322729 | N/A | 10/12/2019 | $    - | $    - | No Objection Filed. |
| 50 | 5755 | N/A | INNOVEL SOLUTIONS, INC. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- EXHIBITS (EUGENE, PORTLAND, RALEIGH, SPOKANE, SWEDESBORO, VANDENBROEK, WAUWATOSA) 2017 | CW2322703 | N/A | 10/26/2019 | $    - | $    - | No Objection Filed. |
| 51 | 5780 | N/A | SEARS, ROEBUCK AND CO. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- EXHIBITS (COLUMBIA, DES MOINES, EVANSVILLE, FT PIERCE, LOUISVILLE, MEMPHIS) 2017 | CW2323319 | N/A | 01/25/2020 | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 52 | 5782 | N/A | SEARS, ROEBUCK AND CO. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- WAREHOUSE EXHIBITS (COLUMBIA, DES MOINES, EVANSVILLE, FORT PIERCE, LOUISVILLE) 2017 | CW2323322 | N/A | 01/25/2020 | $    - | $    - | No Objection Filed. |
| 53 | 31918 | N/A | INNOVEL SOLUTIONS, INC. | RALPH LAUREN CORP | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 54 | 31919 | N/A | INNOVEL SOLUTIONS, INC. | ARMY & AIR FORCE EXCHANGE SERVICE | AMENDMENT OF SOLICITATION/CONTRACT (AGREEMENT) | EX-PL-K-MD-13-008-17-036 | N/A | 4/13/2020 | $    - | $    - | No Objection Filed. |
| 55 | 31967 | N/A | INNOVEL SOLUTIONS, INC.; KMART CORPORATION; KMART HOLDING CORPORATION; PRIVATE BRANDS, LTD.; SEARS BUYING SERVICES, INC.; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO.; SEARS, ROEBUCK DE PUERTO RICO, | APL CO. PTE LTD | SERVICE CONTRACT | GB18/4107 | N/A | 04/30/2019 | $    - | $    - | No Objection Filed. |
| 56 | 32029 | N/A | INNOVEL SOLUTIONS, INC. | DICK VAN DYKE APPLIANCE WORLD | EBAY SELLER AGREEMENT | N/A | N/A | 10/01/2019 | $    - | $    - | No Objection Filed. |
| 57 | 32034 | N/A | INNOVEL SOLUTIONS, INC. | ARMY & AIR FORCE EXCHANGE SERVICE | NEGOTIATED CONTRACT | EX-PLKMD-00-001-17-036A | N/A | 12/15/2019 | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|----|-------------|---------|--------|--------------|----------------|--------------|------------------------|--------------------------|-------------------------------|-------------------------------------|----------------------|
| 58 | 32036 | N/A | INNOVEL SOLUTIONS, INC. | RETAIL GAMES LLC | MASTER SERVICES AGREEMENT | N/A | N/A | 02/01/2020 | $    - | $    - | No Objection Filed. |
| 59 | 32037 | N/A | SEARS HOLDINGS CORPORATION | NAVY EXCHANGE SERVICE COMMAND (N | AMENDMENT OF REQUEST FOR PROPOSALS/MODIFICATION OF CONTRACT | N00250-11-C-0037 (ORIGINALLY NNA250-11-C0037) | N/A | 05/31/2020 | $    - | $    - | No Objection Filed. |
| 60 | 32041 | N/A | INNOVEL SOLUTIONS, INC. | ARMY & AIR FORCE EXCHANGE SERVICE | NEGOTIATED CONTRACT | N/A | N/A | 10/05/2020 | $    - | $    - | No Objection Filed. |
| 61 | 32042 | N/A | INNOVEL SOLUTIONS, INC. | WAYFAIR LLC | MASTER SERVICES AGREEMENT | N/A | N/A | 10/20/2020 | $    - | $    - | No Objection Filed. |
| 62 | 32043 | N/A | INNOVEL SOLUTIONS, INC. | COSTCO WHOLESALE CORPORATION | MASTER SERVICES AGREEMENT | N/A | N/A | 12/31/2020 | $    - | $    - | No Objection Filed. |
| 63 | 32047 | N/A | INNOVEL SOLUTIONS, INC. | A.R.T FURNITURE INC. | MASTER SERVICES AGREEMENT | N/A | N/A | 09/07/2021 | $    - | $    - | No Objection Filed. |
| 64 | 32051 | N/A | INNOVEL SOLUTIONS, INC. | SPENCER GIFTS LLC | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 65 | 32053 | N/A | INNOVEL SOLUTIONS, INC. | ROO INC. | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 66 | 32055 | N/A | INNOVEL SOLUTIONS, INC. | TARTE, INC. | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 67 | 32057 | N/A | INNOVEL SOLUTIONS, INC. | ACE HARDWARE CORPORATION | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 68 | 32059 | N/A | INNOVEL SOLUTIONS, INC. | MAESTRO FOOD CO. | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 69 | 32063 | N/A | INNOVEL SOLUTIONS, INC. | TABLETS2CASES LTD | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 70 | 32064 | N/A | INNOVEL SOLUTIONS, INC. | FLEXE, INC. | WAREHOUSE SERVICES AGREEMENT IN MANTENO, IL | 544414 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 71 | 32065 | N/A | INNOVEL SOLUTIONS, INC. | WAL-MART.COM USA, LLC | WAREHOUSE SERVICES AGREEMENT IN MANTENO, IL | 544414 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 72 | 32066 | N/A | INNOVEL SOLUTIONS, INC. | FLEXE, INC. | WAREHOUSE SERVICES AGREEMENT IN FAIRLESS HILLS, PA | 544414 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 73 | 32067 | N/A | INNOVEL SOLUTIONS, INC. | WAL-MART.COM USA, LLC | WAREHOUSE SERVICES AGREEMENT IN FAIRLESS HILLS, PA | 544414 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 74 | 32068 | N/A | INNOVEL SOLUTIONS, INC. | STMM, INC. (GREAT JONES GOODS) | WAREHOUSE SERVICES AGREEMENT | 545356 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 75 | 32069 | N/A | INNOVEL SOLUTIONS, INC. | FLEXE, INC. | WAREHOUSE SERVICES AGREEMENT | 545356 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 76 | 32070 | N/A | INNOVEL SOLUTIONS, INC. | FLEXE, INC. | WAREHOUSE SERVICES AGREEMENT | 545465 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 77 | 32072 | N/A | INNOVEL SOLUTIONS, INC. | CASPER SCIENCE, LLC | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 78 | 32075 | N/A | INNOVEL SOLUTIONS, INC. | CLASS PASS | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 79 | 32077 | N/A | INNOVEL SOLUTIONS, INC. | IG BRANDS | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 80 | 32079 | N/A | INNOVEL SOLUTIONS, INC. | LULL VENTURES, LLC | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 81 | 32081 | N/A | INNOVEL SOLUTIONS, INC. | MOHAWK GROUP, INC. | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 82 | 32083 | N/A | INNOVEL SOLUTIONS, INC. | WALGREENS CO. | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 83 | 32085 | N/A | INNOVEL SOLUTIONS, INC. | FLEXE, INC. | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | recurring | $    - | $    - | No Objection Filed. |
| 84 | 32086 | N/A | INNOVEL SOLUTIONS, INC. | CARGO | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 85 | 32088 | N/A | INNOVEL SOLUTIONS, INC. | CASPER SCIENCE, LLC | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 86 | 32090 | N/A | INNOVEL SOLUTIONS, INC. | CLASS PASS | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 87 | 32092 | N/A | INNOVEL SOLUTIONS, INC. | IG BRANDS | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | recurring | $    - | $    - | No Objection Filed. |
| 88 | 32095 | N/A | INNOVEL SOLUTIONS, INC. | SAM'S WEST, INC. | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | recurring | $    - | $    - | No Objection Filed. |
| 89 | 32097 | N/A | INNOVEL SOLUTIONS, INC. | MAESTRO FOOD CO. | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 90 | 32099 | N/A | INNOVEL SOLUTIONS, INC. | WAL-MART.COM USA, LLC | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | recurring | $ - | $ - | No Objection Filed. |
| 91 | 101118 | N/A | SEARS HOLDINGS GLOBAL SERVICES, LTD; SEARS, ROEBUCK AND CO.; KMART CORP. | INTERTEK TESTING SERVICES | MASTER SERVICE AGREEMENT | N/A | N/A | N/A | $ - | $ - | No Objection Filed. |
| 92 | 101119 | N/A | SEARS HOLDINGS GLOBAL SERVICES, LTD; SEARS, ROEBUCK AND CO.; KMART CORP. | BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC. | MASTER SERVICE AGREEMENT | N/A | N/A | N/A | $ - | $ - | No Objection Filed. |
| 93 | 101308 | N/A | SEARS HOLDINGS GLOBAL SERVICES, LTD; SEARS, ROEBUCK AND CO.; KMART CORP. | INTERTEK TESTING SERVICES | MASTER SERVICES AGREEMENT | N/A | N/A | N/A | $ - | $ - | No Objection Filed. |
| 94 | 101309 | N/A | SEARS HOLDINGS GLOBAL SERVICES, LTD; SEARS, ROEBUCK AND CO.; KMART CORP. | BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC. | MASTER SERVICES AGREEMENT | N/A | N/A | N/A | $ - | $ - | No Objection Filed. |
| 95 | 579 | N/A | SEARS, ROEBUCK AND CO. | ADVANCE STORES COMPANY, INCORPORATED | SHC-FACILITIES-AUTOMOTIVE - ADVANCE STORES COMPANY INC. - MSA-2017 | CW2332100 | 10/1/2017 | 09/30/2020 | $ - | $ - | No Objection Filed. |
| 96 | 580 | N/A | SEARS, ROEBUCK AND CO.; SEARS, ROEBUCK DE PUERTO RICO, | AUTOZONE | SHC-FACILITIES-AUTOMOTIVE- AUTOZONE PARTS INC | CW2332105 | 10/1/2017 | 09/30/2020 | $ - | $ - | No Objection Filed. |
| 97 | 583 | N/A | SEARS, ROEBUCK AND CO. | NAPA AUTO PARTS (NATIONAL AUTOMOTIVE PARTS ASSOCIATION) | SHC-FACILITIES-AUTOMOTIVE- NAPA-MSA-2017 | CW2333620 | 10/1/2017 | 09/30/2020 | $ - | $ - | No Objection Filed. |
| 98 | 578 | N/A | SEARS, ROEBUCK AND CO.; | NATIONAL PRONTO ASSOCIATION | SHC-FACILITIES-AUTOMOTIVE- AUTOMOTIVE PARTS SERVICE GROUP-APSG-MSA-2017 | CW2332112 | 10/1/2017 | 09/30/2020 | $ - | $ - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | SEARS, ROEBUCK DE PUERTO RICO, | | | | | | | | |
| 99 | 101376 | N/A | Sears Holdings Corporation | C4CAST.COM | SETTLEMENT AND PATENT LICENSE AGREEMENT | N/A | 2/25/2014 | N/A | $    - | $    - | No Objection Filed. |
| 100 | 101377 | N/A | Sears Holdings Corporation | DR. LAKSHMI ARUNACHALAM, WEBXCHANGE, INC., PI-NET INTERNATIONAL INC. | SETTLEMENT AGREEMENT | N/A | 1/7/2015 (Effective 1/6/2015) | N/A | $    - | $    - | No Objection Filed. |
| 101 | 101378 | N/A | Sears, Roebuck and Co.; Sears Brands LLC; Sears Holdings Corporation | DROPLETS, INC. | CONFIDENTIAL SETTLEMENT AGREEMENT - SUBJECT TO FRE 408 | N/A | 3/6/2015 | N/A | $    - | $    - | No Objection Filed. |
| 102 | 101380 | N/A | Sears Holdings Corporation | ECLIPSE IP LLC | SETTLEMENT, RELEASE, AND LICENSE AGREEMENT | N/A | 9/6/2013 | N/A | $    - | $    - | No Objection Filed. |
| 103 | 101381 | N/A | Sears Holdings Corporation | MACROSOLVE INC. | SETTLEMENT AND LICENSE AGREEMENT | N/A | 8/27/2013 | N/A | $    - | $    - | No Objection Filed. |
| 104 | 101382 | N/A | Sears Holdings Management Corporation | PHOENIX SOLUTIONS, INC. | LICENSE AGREEMENT | N/A | 11/3/2008 | N/A | $    - | $    - | No Objection Filed. |
| 105 | 101375 | N/A | Sears Holdings Corporation; Sears, Roebuck and Co.; Kmart Corporation | JACOBSON CAPITAL SERVICES | SETTLEMENT AGREEMENT | N/A | 2/16/2015 (Effective 12/3/2014) | N/A | $    - | $    - | No Objection Filed. |
| 106 | 101384 | N/A | Sears Holdings Corporation; Sears Holdings Management Corporation; Sears, Roebuck and Co.; Kmart Corporation; Lands' End | 21 SRL | PATENT LICENSE AGREEMENT | N/A | 5/18/2009 (Effective 5/1/2009) | N/A | $    - | $    - | No Objection Filed. |
| 107 | 101383 | N/A | Sears, Roebuck and Co.; Lands' End Inc.; Kmart Holding Corporation | VERSATA SOFTWARE, INC AND VERSATA DEVELOPMENT GROUP, INC | CONFIDENTIAL SETTLEMENT AND LICENSE AGREEMENT | N/A | 6/15/2007 | N/A | $    - | $    - | No Objection Filed. |

**Leases**

| No | Store Number | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1268 | N/A | SEARS, ROEBUCK AND CO. | SEARS, SEARSVALE & MULTI-LL'S / NEWKOA LLC-(DEVELOPER) | MASTER LEASE | S1268-1-A | N/A | 09/30/2019 | $ - | $ - | No Objection Filed. |
| 2 | 26720/1598 | N/A | SEARS, ROEBUCK AND CO. | NEWAGE PHM, LLC | MASTER LEASE | S26720-8-G | N/A | 09/30/2059 | $ 1.00 | $ - | No Objection Filed. |
| 3 | 3235 | N/A | SEARS HOLDINGS MANAGEMENT COMPANY | SEARS HOMETOWN AND OUTLET STORES, INC. | S-3235 SUB-LEASE | N/A | 10/1/2012 | 4/20/2022 | $ - | $ - | No Objection Filed. |
| 4 | 4457 | N/A | KMART EXPRESS, LLC | HAYWARD PARTNERS | LEASE | N/A | 12/15/1971 | 12/14/2070 | $ - | $ - | No Objection Filed. |
| 5 | 7098 | N/A | KMART CORPORATION | TA-HSIUNG WANG, HUEY-YI WANG & TA-CHENG WANG, OLIVIA YAN SHUI HSIA | MASTER LEASE | K7098-A | N/A | 04/30/2025 | $ 3,227.00 | $ - | No Objection Filed. |
| 6 | 30962 | 2277 | SEARS, ROEBUCK AND CO. | KADISH | GROUND LEASE | K30962-4-C | N/A | 01/01/2024 | $ 23,726.73 | $ - | Not Disputed in Objection. |
| 7 | 30962 | 2277 | KMART CORPORATION | SEARS, ROEBUCK AND CO. | SUBLEASE | N/A | 11/15/1983 | N/A | $ - | $ - | Not Disputed in Objection. |
| 8 | 3235 | N/A | KMART CORPORATION | W & H, LLC | MASTER LEASE | K3235-A | N/A | 04/20/2022 | $ - | $ - | No Objection Filed. |

**<u>Exhibit B</u>**

**Redline of Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                    :         Chapter 11
                                                         :
SEARS HOLDINGS CORPORATION, *et al.*,       :         Case No. 18-23538 (RDD)
                                                         :
                                                         :
                    Debtors.[1]                          :         (Jointly Administered)
------------------------------------------------------------x

## ORDER (I) AUTHORIZING ASSUMPTION AND
## ASSIGNMENT OF CERTAIN EXECUTORY
## CONTRACTS AND LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion, dated November 1, 2018 (Docket No. 429) (the "Sale Motion"),[2] filed

by the above-captioned debtors and debtors in possession (the "Debtors") seeking, among other

things, the entry of an order, pursuant to sections 105, 363 and 365 of the United States

Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006,

9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]    Capitalized terms used herein but not otherwise defined have the meanings given to them in the Asset Purchase Agreement (as defined below) or, if not defined in the Asset Purchase Agreement, the meanings given to them in the Sale Order (as defined below).

Rules 6004-1, 6005-1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing and approving the sale of the Acquired Assets and the assumption and assignment of certain executory contracts and unexpired leases of the Debtors in connection therewith; and the Court having entered this Court's prior order, dated November 19, 2018 (Docket No. 816) including the schedule as revised by the *Global Bidding Procedures Process Letter* filed with the Bankruptcy Court on November 21, 2018 (Docket No. 862) (together, the "Bidding Procedures Order"), approving competitive bidding procedures for the Acquired Assets (the "Bidding Procedures") and granting certain related relief; and Transform Holdco LLC (the "Buyer") having submitted the highest or otherwise best bid for the Acquired Assets, as reflected in the Asset Purchase Agreement (as defined below); and the Court having conducted a hearing on the Sale Motion (the "Sale Hearing"), which commenced on February 4, 2019, at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion; and the Court having entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") on February 8, 2019 (Docket No. 2507) and (v) the Debtors having filed the *Notice of Assumption and Assignment of Additional Contracts and Designatable Leases* on March 15, 2019 (Docket No. —2854), pursuant to which the Debtors seek to assume and assign certain executory contracts or unexpired leases to Buyer or Buyer's Assignee in accordance with the Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers party thereto (including each Debtor and certain other subsidiaries of Sears

Holdings Corporation, the ("Sellers") (as may be amended, restated, amended and restated from time to time, including pursuant to that certain Amendment No. 1 to Asset Purchase Agreement, dated as of January 17, 2019 by and among the Buyer and the Sellers, the "Asset Purchase Agreement"); and due notice of the Sale Motion, the Asset Purchase Agreement, the Sale Order, and the form of this order (the "Assumption and Assignment Order") having been provided; and, except as otherwise provided for herein, all objections with respect to the Assigned Agreements listed on Exhibit 1 or any other agreement that becomes an Assigned Agreement pursuant to the procedures set forth in paragraph 27 27 hereof (collectively, the "Additional Assigned Agreements") hereto having been withdrawn, resolved, or overruled as provided in this Assumption and Assignment Order; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates and creditors and all parties in interest in these chapter 11 cases; and upon the record of the Sale Hearing and these chapter 11 cases; and after due deliberation; and good cause appearing therefor, it is hereby

### FOUND AND DETERMINED THAT:

A.    **Fed. R. Bankr. P. 7052**.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the Sale Hearing.  This Assumption and Assignment Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

B.      **Jurisdiction and Venue**.  This Court has jurisdiction over the Sale Motion, the Sale Transaction and the property of the Debtors' estates, including the Additional Assigned Agreements, which constitute Acquired Assets, pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C. § 157.  Venue of these chapter 11 cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Debtors have demonstrated a good, sufficient, and sound business purpose and justification for the immediate assumption and assignment of the Additional Assigned Agreements consistent with the Sale Order.  Buyer, shall not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

D.      **Vested Title**.  The Additional Assigned Agreements hereto constitute property of the Debtors' estates, and title thereto is vested in the Debtors' estates within the meaning of 541(a) of the Bankruptcy Code.

E.      **Notice and Opportunity to Object**.  Actual written notice of, and a fair and reasonable opportunity to object to and to be heard with respect to the Additional Assigned Agreements has been given, as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Asset Purchase Agreement, and the Amended Case Management Order. Pursuant to the Sale Order, a Designated Lease Notice or Designated Additional Contract Notice, as applicable, with respect to the Additional Assigned Agreements was properly served and afforded timely, good, appropriate and sufficient notice and an opportunity to object in accordance with the Sale Order and no further notice need be given with respect to the assumption and assignment of the Additional Assigned Agreements.

F.    **Cure Notice**.  As evidenced by the certificates of service filed with the Court, the

Debtors have served, prior to the Sale Hearing, the Assumption and Assignment Notices (as

defined in the Bidding Procedures Order) on each counterparty to a Potential Transferred

Agreement, dated January 18, 2019, January 23, 2019, January 31, 2019, and March 5, 2019,

which provided the Debtors' intent to assume and assign such Potential Transferred Agreements

(to the extent the Potential Transferred Agreement is an executory contract or lease) and notice

of the related proposed Cure Costs upon each non-debtor counterparty to such

Potential Transferred Agreements.  The service of the Assumption and Assignment Notices was

timely, good, sufficient and appropriate under the circumstances and no further notice need be

given with respect to the Cure Costs for the assumption and assignment of the Additional

Assigned Agreements. *See Notice of Cure Costs and Potential Assumption and Assignment of*

*Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Docket

No. 1731) (the "Cure Notice"); *see also Supplemental Notice of Cure Costs and Potential*

*Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with*

*Global Sale Transaction* (Docket No. 1774) (the "First Supplemental Cure Notice"); *see also*

*Affidavits of Service* (Docket Nos. 1969, 2132, 2162); *see also Second Supplemental Notice of*

*Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired*

*Leases in Connection with Global Sale Transaction; see also Affidavit of Service* (Docket No.

2314) (the "Second Supplemental Cure Notice"); *see also Affidavit of Service* (Docket No.

2417); *see also Third Supplemental Notice of Cure Costs and Potential Assumption and*

*Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale*

*Transaction* (Docket No. 2753) (the "Third Supplemental Cure Notice", together with the Cure

Notice, the First Supplemental Cure Notice and the Second Supplemental Cure Notice,

collectively the "Cure Notices"); *see also Affidavit of Service* (Docket No. 2787) . All non-debtor parties to the Additional Assigned Agreements (to the extent the Potential Transferred Agreement is an executory contract or lease and was listed on the Cure Notices have had a reasonable opportunity to object both to the Cure Costs listed on the applicable Assumption and Assignment Notice and, to the assumption and assignment of the Additional Assigned Agreements to the Buyer or an Assignee, if applicable, in accordance with the Bidding Procedures Order.

G.     **Assignment or Transfer Agreement**.  Each applicable assignment agreement or any other agreement or instrument of assignment or transfer (an "Assignment or Transfer Agreement") with respect to any applicable Additional Assigned Agreement was negotiated and proposed in good faith, from arms'-length bargaining positions, and without collusion.  Neither the Debtors, the Buyer nor the Buyer's Assignee (if applicable) have engaged in any conduct that would cause or permit the assumption, assignment or transfer to the Buyer or an Assignee pursuant to the Assignment or Transfer Agreement and this Assumption and Assignment Order, to be avoided under 363(n) of the Bankruptcy Code.

H.     **Assumption and Assignment of Additional Assigned Agreements**.   The assumption and assignment of the Additional Assigned Agreements are integral to the Asset Purchase Agreement, are in the best interests of the Debtors and their estates, and represent the valid and reasonable exercise of the Debtors' sound business judgment.

I.     **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**.   The assumption and assignment of the Additional Assigned Agreements hereto must be approved and consummated promptly in order to preserve the value of the Acquired Assets.  The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification

for the immediate approval of the assumption and assignment of the Additional Assigned Agreements hereto in connection with the Sale Transaction as contemplated by the Asset Purchase Agreement and approved pursuant to the Sale Order.  Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with regard to this Assumption and Assignment Order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    **Motion is Granted**.  The Sale Motion and the relief requested therein with respect to the Additional Assigned Agreements is granted and approved solely to the extent set forth herein.

2.    **Findings of Fact and Conclusions**.  The Court's findings of fact and conclusions of law in the Sale Order, and the record of the hearing with respect to the Sale Order are incorporated herein by reference, solely with respect to the Additional Assigned Agreements. The Additional Assigned Agreements constitute Acquired Assets.  Accordingly, all findings of fact and conclusions of law in the Sale Order with respect to the Acquired Assets, including any explicitly governing the Initial Assigned Agreements shall apply to the Additional Assigned Agreements with full force and effect, and as the Buyer of the Additional Assigned Agreements, Buyer is entitled to all of the protections set forth in the Sale Order with respect to Acquired Assets.

3.    **Objections Overruled**.  All objections to the assumption and assignment or designation of the Additional Assigned Agreements listed on Exhibit 1 hereof that have not been withdrawn with prejudice, waived, settled, or otherwise resolved as announced to the Court at the hearing (if any) to consider entry of this Order or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits and with prejudice.

4.    **Notice**.  Notice of the proposed assumption and assignment of the Additional Assigned Agreements was adequate, appropriate, fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, and the Amended Case Management Order.

5.    **Assumption and Assignment**.  Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees and agents, are authorized to take any and all actions as may be (i) reasonably necessary or desirable to implement the assumption and assignment of the Additional Assigned Agreements pursuant to and in accordance with the terms and conditions of the Asset Purchase Agreement, the Related Agreements, the Sale Order, and this Assumption and Assignment Order or (ii) reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to the Buyer's possession or the Buyer's Assignee's possession, if applicable, the Additional Assigned Agreements.

6.    **Transfer of the Additional Assigned Agreements Free and Clear**.  Pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Debtors are authorized to transfer the Additional Assigned Agreements in accordance with the terms of the Asset Purchase Agreement and the Sale Order.  The Additional Assigned Agreements, shall be transferred to the Buyer or the Buyer's Assignee, if applicable, in accordance with the terms of the Asset Purchase Agreement and the Sale Order, and such transfer shall: (i) be valid, legal, binding and effective; (ii) vest the Buyer or the Buyer's Assignee, if applicable, with all right, title and interest of the Debtors in the Additional Assigned Agreements; and (iii) be free and clear of all Claims against the Debtors (including Claims of any Governmental Authority) in accordance with section 363(f) of the Bankruptcy Code.

7.      This Assumption and Assignment Order: (i) shall be effective as a determination that, all Claims against the Debtors have been unconditionally released, discharged and terminated as to the Additional Assigned Agreements, and that the conveyances and transfers described herein have been effected; and (ii) is and shall be binding upon and govern the acts of all persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, county and local officials and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Buyer is the assignee and owner of the Additional Assigned Agreements free and clear of all Claims, or who may be required to report or insure any title or state of title in or to any lease (all such entities being referred to as "Recording Officers").  All Recording Officers are authorized and specifically directed to strike recorded Claims against the Additional Assigned Agreements recorded prior to the date of this Assumption and Assignment Order.  A certified copy of this Assumption and Assignment Order may be filed with the appropriate Recording Officers to evidence cancellation of any recorded Claims against the Additional Assigned Agreements recorded prior to the date of this Assumption and Assignment Order.  All Recording Officers are hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement.

8.      No holder of any Claim against the Debtors or their estates shall interfere with the Buyer's or Buyer's Assignee's, if applicable, title to or use and enjoyment of the Additional Assigned Agreements based on or related to any such Claim or based on any actions the Debtors may take in these chapter 11 cases.

9.      If any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Claims against the Debtors or the Additional Assigned Agreements shall not have delivered to the Debtors as of the time of entry of this Assumption and Assignment Order, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or, as appropriate, releases of all Claims (collectively, the "Release Documents") the Person has with respect to the Debtors or the Additional Assigned Agreements or otherwise, then with regard to the Additional Assigned Agreements: (i) the Debtors are hereby authorized and directed to, and the Buyer is hereby authorized to, execute and file such statements, instruments, releases and other documents on behalf of the person with respect to the Additional Assigned Agreements; (ii) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Assumption and Assignment Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against the Additional Assigned Agreements; and (iii) the Buyer may seek in this Court or any other court to compel appropriate persons to execute termination statements, instruments of satisfaction, and releases of all Claims with respect to the Additional Assigned Agreements; provided that, notwithstanding anything in this Assumption and Assignment Order, the Sale Order, or the Asset Purchase Agreement to the contrary, the provisions of this Assumption and Assignment Order shall be self-executing, and neither the Sellers nor Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Assumption and Assignment Order.  This Assumption and Assignment Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, county or local government agency, department or office.

10.      Subject to the terms of this Assumption and Assignment Order, this Assumption and Assignment Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer by the Debtors of the Additional Assigned Agreements acquired under the Asset Purchase Agreement or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in all of the Debtors' right, title, and interest in and to the Additional Assigned Agreements to the Buyer or Buyer's Assignee, if applicable.

11.      **Assumption and Assignment of Additional Assigned Agreements**.    The Debtors are hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Additional Assigned Agreements to the Buyer or the Buyer's Assignee, if applicable, free and clear of all Claims to the extent set forth in the Sale Order and this Assumption and Assignment Order, to execute and deliver to the Buyer or the Buyer's Assignee, if applicable, such documents or other instruments as may be necessary to assign and transfer the Additional Assigned Agreements to the Buyer or the Buyer's Assignee, if applicable, as provided in the Asset Purchase Agreement, and to transfer all of the Debtors' rights, title, and interests in the Additional Assigned Agreements to the Buyer or the Buyer's Assignee, if applicable.    With respect to each of the Additional Assigned Agreements, the Buyer, in accordance with the provisions of the Asset Purchase Agreement, has cured or will cure before the Assumption Effective Date, or will have provided adequate assurance of the prompt cure after the Assumption Effective Date of, any monetary default required to be cured with respect to the Additional Assigned Agreements under section 365(b)(1) of the Bankruptcy Code, and the Buyer has provided adequate assurance of future performance under the Additional Assigned Agreements in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code to the extent

that any such assurance is required and not waived by the non-debtor counterparties to such Additional Assigned Agreements.  Upon the applicable Assumption Effective Date with respect to an Additional Assigned Agreement, the Buyer or Buyer's Assignee, if applicable, shall be fully and irrevocably vested with all rights, title and interest of the Debtors under such Additional Assigned Agreement and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to breach of such Additional Assigned Agreement occurring after such assumption and assignment.  As between the Debtors and the Buyer, to the extent provided in the Asset Purchase Agreement, the Buyer shall be solely responsible for any liability with respect to the Additional Assigned Agreements after the Closing.  Buyer or Buyer's Assignee, if applicable, acknowledges and agrees that from and after the applicable Assumption Effective Date with respect to an Additional Assigned Agreement, subject to and in accordance with the Asset Purchase Agreement and this Assumption and Assignment Order, it shall comply with the terms of each of such Additional Assigned Agreement in its entirety, including any indemnification obligations expressly contained in such Additional Assigned Agreement that could arise as a result of events or omissions that occur from and after the Assumption Effective Date, unless any such provisions are not enforceable pursuant to the terms of this Assumption and Assignment Order.  The assumption by the Debtors and assignment to the Buyer or Buyer's Assignee, if applicable, of any Additional Assigned Agreement shall not be a default under such Additional Assigned Agreement.

12.    All Cure Costs that have not been waived by, or as to which an objection has been filed by, or that have not been otherwise addressed in an alternate arrangement with, any non-debtor party to an Additional Assigned Agreement shall be: (i) with respect to the undisputed amounts, be paid in cash by the Buyer, on or before the Assumption Effective Date and (ii) with

respect to any disputed amounts, the Buyer shall establish a cash reserve no later than two (2) business days after the Assumption Effective Date (a "Cure Cost Reserve") and the Buyer shall pay such amounts promptly upon resolution of any such disputed Cure Cost (unless a notice of withdrawal is filed in accordance with paragraph 17 17 hereof); provided that to the extent a new agreement by and between the Buyer and the counterparty to the applicable Additional Assigned Agreement is entered into, such agreement shall provide for the Buyer's payment of applicable Cure Costs in an amount agreed to by the Buyer and the counterparty, and any such agreement shall require the counterparty's waiver of any and all prepetition claims against the Debtors and claims for the period between the Closing Date and the Assumption Effective Date based on the Additional Assigned Agreement, and any damage claims arising out of the rejection of any such Additional Assigned Agreement, and the Debtors shall have no liability therefor in accordance with the terms of the Asset Purchase Agreement.  Payment of Cure Costs as required under section 365(b) of the Bankruptcy Code with respect to the Additional Assigned Agreements, shall: (i) be in full satisfaction and cure of any and all defaults under these Additional Assigned Agreements, whether monetary or non-monetary; and (ii) compensate the non-Debtor counterparty for any actual pecuniary loss resulting from such defaults.  Unless an objection to the proposed Cure Costs or Adequate Assurance Information with respect to the Buyer was filed and served before the applicable deadline, each non-Debtor party to an Additional Assigned Agreement is forever barred, estopped and permanently enjoined from asserting against the Debtors or the Buyer, their affiliates, successors or assigns or the property of any of them, any default existing as of (i) with respect to the Additional Assigned Agreements set forth on Exhibit 1, the date of this Assumption and Assignment Order, and (ii) with respect to other Additional Assigned Agreements, the date of the Designatable Contract Assumption and Assignment

Objection Deadline or the Restrictive Covenant Objection Deadline if such default was not raised or asserted prior to the Designatable Contract Assumption and Assignment Objection Deadline or Restrictive Covenant Objection Deadline.

13.    The Debtors served all counterparties to the Additional Assigned Agreements, with an Assumption and Assignment Notice and the deadline to object to the Cure Costs and adequate assurance of future performance with respect to the Buyer has passed.  Accordingly, unless an objection to the proposed Cure Costs or Adequate Assurance Information with respect to the Buyer was filed and served before the applicable deadline (a "Filed Objection"), the applicable Designatable Contract Counterparty is forever barred from objecting to (i) the Cure Costs and from asserting any additional cure or other amounts with respect to the applicable Additional Assigned Agreement in the event it is assumed and/or assigned by an Assignee, except to the extent such Cure Costs further accrue (being subject to further credits, debits, and adjustments in accordance with the terms of the applicable underlying Lease or Contract) following the Debtors' filing of the applicable Assumption and Assignment Notice or (ii) adequate assurance of future performance by the Buyer.  In connection with any designation to a third party Assignee, each such Assignee has provided or will provide, as applicable, adequate assurance of future performance of and under the applicable Additional Assigned Agreements, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.

14.    Nothing in this Assumption and Assignment Order shall affect the rights of the Buyer, to the extent such rights are provided in the Asset Purchase Agreement, to add or remove any Potential Transferred Agreement to or from the list of Assigned Agreements set forth in the Asset Purchase Agreement in accordance with the terms thereof.  All of the requirements of sections 365(b) and 365(f), including without limitation, the demonstration of adequate

assurance of future performance and payment of Cure Costs required under the Bankruptcy Code have been satisfied for the assumption by the Debtors, and the assignment by the Debtors to the Buyer, with respect to the Additional Assigned Agreements. The Buyer has satisfied its adequate assurance of future performance requirements with respect to the Additional Assigned Agreements and in connection therewith has presented sufficient evidence regarding the Buyer's business plan and demonstrated it is sufficiently capitalized to comply with the necessary obligations under the Additional Assigned Agreements.

15.    The assumption of any liabilities under any Additional Assigned Agreement, shall constitute a legal, valid and effective delegation of all liabilities thereunder to the applicable Assignee and, following payment of all amounts required to be paid by agreement of the parties or an order of the Court, and except as expressly set forth in the Asset Purchase Agreement, the Sale Order or this Assumption and Assignment Order, shall divest the Debtors of all liability with respect to such Additional Assigned Agreement for any breach of such Additional Assigned Agreement occurring after the Closing Date in accordance with Section 2.9 of the Asset Purchase Agreement.

16.    Pursuant to the Sale Order, if the proposed Assignee for an Additional Assigned Agreement is not the Buyer, the Debtors have delivered to the applicable Designatable Contract Counterparty (and delivered by email or facsimile to counsel for the applicable Designatable Contract Counterparty, if such counsel has filed a notice of appearance in the Bankruptcy Cases) evidence of adequate assurance of future performance within the meaning of section 365 of the Bankruptcy Code with respect to the applicable Additional Assigned Agreement that is proposed to be assumed and assigned to such Assignee.

17.     Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, the Buyer shall, on the applicable Assumption Effective Date for the Additional Assigned Agreements, cure all nonmonetary defaults solely to the extent required under section 365 of the Bankruptcy Code and pay to the applicable Designatable Contract Counterparty all undisputed Cure Costs and other such undisputed amounts required with respect to such Additional Assigned Agreement; provided, however, that at any time prior to (i) the date of entry of this Assumption and Assignment Order with respect to the Additional Assigned Agreements listed on Exhibit 1, which shall constitute the Assumption Effective Date for the Additional Assigned Agreements listed on Exhibit 1 hereof or (ii) the Assumption Effective Date with respect to the assumption and assignment of any subsequent Additional Assigned Agreements, which Assumption Effective Date shall be determined in accordance paragraph 27 27 hereof, Buyer may withdraw the proposed assumption of the applicable Additional Assigned Agreement by filing a notice of withdrawal with the Court.  Upon assumption and assignment of any Designatable Lease or Additional Contract, solely to the extent designated for assumption by the Sellers and assignment to Buyer by written notice from Buyer to Sellers delivered prior to the end of the Designation Rights Period (the "Designated Agreements"), the Debtors and their estates shall be relieved of any liability for breach of such Designated Agreement after the Closing pursuant to the Asset Purchase Agreement and section 365(k) of the Bankruptcy Code; provided that, except as expressly provided herein or in the Asset Purchase Agreement or Related Agreements, neither the Buyer (except to the extent such obligations constitute Cure Costs or Expenses (as defined in section 2.9 of the Asset Purchase Agreement) nor the applicable Assignee shall have any obligations under any Designated Agreement that is an Additional Assigned Agreement in respect of any costs or expenses (including, without limitation, for royalties, rents, utilities,

taxes, insurance, fees, any common area or other maintenance charges, promotional funds and percentage rent) arising under any of the Additional Assigned Agreements attributable to (x) the portion of such calendar year occurring prior to such Lease Assignment or (y) for any previous calendar year, and the Sellers shall fully indemnify and hold harmless the Buyer and the applicable Assignee with respect thereto.

18.    Solely in connection with the Additional Assigned Agreements upon the applicable Assumption Effective Date, any provision in any Additional Assigned Agreement that purports to declare a breach or default as a result of a change or transfer of control or any interest in respect of the Debtors is unenforceable and all Additional Assigned Agreements shall remain in full force and effect notwithstanding assignment thereof. Solely in connection with the Additional Assigned Agreements, no sections or provisions of any Additional Assigned Agreements, that in any way purport to: (i) prohibit, restrict, or condition the Debtors' assignment of such Additional Assigned Agreement (including, but not limited to, the conditioning of such assignment on the consent of any non-debtor party to such Additional Assigned Agreement); (ii) provide for the cancellation, or modification of the terms of the Additional Assigned Agreement based on the filing of a bankruptcy case, the financial condition of the Debtors, or similar circumstances; (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges, or other financial accommodations in favor of the non-debtor third party to such Additional Assigned Agreement upon assignment thereof; or (iv) provide for any rights of first refusal on a contract counterparty's part, rights of first offer or any other purchase option or any recapture or termination rights in favor of a contract counterparty, or any right of a Landlord to take an assignment or sublease from a tenant, shall have any force or effect with respect to the grant and honoring of the Designation Rights or the

rights under Section 2.9 of the Asset Purchase Agreement in accordance with the Sale Order, this Assumption and Assignment Order, and the Asset Purchase Agreement and assignments of Additional Assigned Agreements by the Debtors in accordance therewith, because they constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code. Upon assumption and assignment of any Additional Assigned Agreement, the Buyer or Buyer's applicable Assignee shall enjoy all of the rights and benefits, under each such Additional Assigned Agreement as of the applicable Assumption Effective Date and shall assume all obligations as of the Closing Date.

19.    Solely in connection with the Additional Assigned Agreements, upon the applicable Assumption Effective Date, except as otherwise expressly agreed by the Buyer and the applicable Designatable Contract Counterparty, notwithstanding any provision in any Designatable Lease that purports to prohibit, restrict or condition such action, (x) the Buyer or the applicable Assignee shall be authorized to: (i) use the applicable Lease Premises (as defined in the Asset Purchase Agreement), subject to section 365(b)(3) of the Bankruptcy Code, as a retail store or distribution center (and related goods and services); (ii) operate such Lease Premises under the Buyer's trade name or any other trade name which the Buyer owns or is authorized to use (including any of the Debtors' trade names); (iii) make such alterations and modifications to the applicable Lease Premises (including signage, together with appropriate changes to existing tenant signage in the respective shopping center or mall, including panels on all pylons, monuments, directional and other ground and off-premises signs where Sellers are currently represented) deemed necessary by the Buyer or such Assignee (subject to all applicable laws including all applicable municipal codes) as are necessary or desirable for the Buyer or

such Assignee to conform such Lease Premises to the prototypical retail store or distribution center (or such Assignee's typical retail store or distribution center); (iv) remain "dark" (including partially or fully un-occupied) with respect to such Lease Premises after such assumption and assignment until the date that is necessary to permit the Buyer or such Assignee to take occupancy, remodel, restock, re-fixture, change signage and/or until completion of the work described in clause (iii) above (so long as such date is not more than one hundred fifty (150) days after the applicable Assumption Effective Date) or such later date as may be reasonably required for the restoration of the such Lease Premises following any applicable Casualty / Condemnation Event; and (v) exercise, utilize or take advantage of any renewal options and any other current or future rights, benefits, privileges, and options granted or provided to the Debtors under such Additional Assigned Agreement (including all of the same which may be described or designated as, or purport to be, "personal" to the Debtors or to a named entity in such Additional Assigned Agreement or to be exercisable only by the Debtors or by a named entity or an entity operating under a specific trade name)  and (y) neither the Buyer nor the applicable Assignee shall have any responsibility or liability for any Excluded Asset-Sale Taxes and Excluded Asset-Reorganization Taxes.

20.    ***Ipso Facto* Clauses Ineffective**.  Except as otherwise specifically provided for by order of this Court or the Asset Purchase Agreement, the Additional Assigned Agreements shall be transferred to, and remain in full force and effect for the benefit of, the Buyer or, for applicable Additional Assigned Agreements, the Assignee in accordance with their respective terms, including all obligations of the Buyer or, for applicable Additional Assigned Agreements, the Assignee as the assignee of the Additional Assigned Agreements, notwithstanding any provision in any such Additional Assigned Agreements (including, without limitation, those of

the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer.  There shall be no, and all non-Debtor parties to any Additional Assigned Agreements are forever barred and permanently enjoined from raising or asserting against the Debtors or, the Buyer, or, for applicable Additional Assigned Agreements, the Assignee, any defaults, breaches, claims, pecuniary losses, rent accelerations, escalations, assignment fees, increases or any other fees charged to the Buyer, for applicable Additional Assigned Agreements, the Assignee, or the Debtors as a result of the assumption or assignment of the Additional Assigned Agreements.

21.     Except as otherwise specifically provided for by order of this Court, upon the Debtors' assignment of the Additional Assigned Agreements to the Buyer or Buyer's Assignee, if applicable, under the provisions of this Assumption and Assignment Order and full payment of all Cure Costs as required under section 365(b) of the Bankruptcy Code, no default shall exist under any Additional Assigned Agreements, and no counterparty to any Additional Assigned Agreements shall be permitted to declare a default by any Debtor or, the Buyer or, for applicable Additional Assigned Agreements, the Assignee, or otherwise take action against the Buyer or any applicable Assignee as a result of any Debtor's financial condition, bankruptcy or failure to perform any of its obligations under the relevant Additional Assigned Agreement.  Any provision in an Additional Assigned Agreement that prohibits or conditions the assignment of such Additional Assigned Agreement or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or extension, refuse to renew, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect solely in connection with the transfer thereof pursuant to this Assumption and Assignment Order.  The failure of the Debtors or, the Buyer or, for applicable

Additional Assigned Agreements, the Assignee, to enforce at any time one or more terms or conditions of any Additional Assigned Agreement shall not be a waiver of such terms or conditions, or of the Debtors' and, the Buyer's or, for applicable Additional Assigned Agreements, the Assignee's, rights to enforce every term and condition of the Additional Assigned Agreement.

22.    To the extent that any of the Additional Assigned Agreements is designated to an Assignee, the transaction and the Assignment or Transfer Agreement is undertaken by Assignee without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein shall not affect the validity of such transaction, unless such authorization is duly stayed pending such appeal. By virtue of the transaction contemplated by the Assignment or Transfer Agreement, Assignee shall not be deemed to (i) be a legal successor, or otherwise be deemed a successor to the Debtors; (ii) have, de facto or otherwise, merged with or into the Debtors; or (iii) be a mere continuation or substantial continuation of the Debtors or the enterprise or operations of the Debtors.

23.    **Waiver of Bankruptcy Rules 6004(h), 6006(d) and 7062**. Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d), or 7062 or any applicable provisions of the Local Rules, this Assumption and Assignment Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply. Time is of the essence in assuming and assigning the Additional Assigned Agreements in connection with the Court approved Sale Transaction. Any party objecting to this Assumption and Assignment Order must exercise due diligence in filing an appeal and pursuing a stay within

the time prescribed by law, or risk its appeal will be foreclosed as moot. This Assumption and Assignment Order constitutes a final order upon which the Debtors and the Buyer are entitled to rely.

24.    **Conflicts; Precedence**.  In the event that there is a direct conflict between the terms of this Assumption and Assignment Order, the Sale Order, the Asset Purchase Agreement, or any documents executed in connection therewith, the provisions contained in this Assumption and Assignment Order, the Sale Order, the Asset Purchase Agreement and any documents executed in connection therewith shall govern, in that order.  Nothing contained in any chapter 11 plan hereafter confirmed in these chapter 11 cases, any order confirming such plan, or in any other order of any type or kind entered in these chapter 11 cases (including, without limitation, any order entered after any conversion of any or all of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the provisions of the Asset Purchase Agreement, the Sale Order or the terms of this Assumption and Assignment Order.

25.    **Lease Deposits and Security**.  The Buyer shall not be required, pursuant to section 365(l) of the Bankruptcy Code or otherwise, to provide any additional deposit or security with respect to any Additional Assigned Agreement to the extent not previously provided by the Debtors or to the extent that such deposit or security required under the Additional Assigned Agreement has already been deposited by Debtors.

26.    **Notice and Procedures for Subsequent Assumption and Assignment**. Following Sellers' receipt of a Buyer Assumption Notice or promptly following Sellers' receipt of a notice indicating that an Additional Contract has been designated for assumption and assignment, Seller (or Buyer, at Buyer's election following four (4) Business Days' email notice

22

to Seller's counsel) shall serve and file with the Court a notice (i) pursuant to Section 5.2(b) of the Asset Purchase Agreement (a "Designated Lease Notice") and/or (ii) indicating that an Additional Contract has been designated for assignment or assumption and assignment pursuant to Section 2.9 of the Asset Purchase Agreement (a "Designated Additional Contract Notice").

Any party seeking to object to the (i) assumption and assignment of any Designatable Lease or Additional Contract to a proposed Assignee that is not the Buyer on any basis other than the Cure Costs (including, but not limited to, objections to adequate assurance of future performance if such Designatable Leases are designated to a third party) or (ii) solely in connection with the assumption and assignment of a Designatable Lease or Additional Contract that was noticed for potential assumption and assignment pursuant to that certain *Notice of Assumption and Assignment in Connection with Sale of Sears Home Improvement* Business (Docket No. 901) or that certain *Supplemental Notice of Assumption and Assignment in Connection with Sale of Sears Home Improvement Business* (Docket No. 1054), to adequate assurance of future performance by the Buyer, must (a) file a written objection in compliance with the Bankruptcy Rules and the Local Rules (a "Designatable Contract Assumption and Assignment Objection") with the Court, so that such objection is filed no later than eight (8) days after the later of the date on which (i) the applicable Designated Lease Notice or Designated Additional Contract Notice is filed with the Court and (ii) evidence of adequate assurance of future performance required pursuant to the preceding sentence is served on the applicable Designatable Contract Counterparty (the "Designatable Contract Assumption and Assignment Objection Deadline"), and (b) serve the Designatable Contract Assumption and Assignment Objection (by email, facsimile or hand delivery) so that it is actually received by counsel for the Debtors and the Buyer on or before the Designatable Contract Assumption and Assignment Objection Deadline. To the extent that the

Debtors or any other party seek to assume and assign any real estate leases to which a Debtor is a party free and clear of any interests, covenants, or rights applicable to such real estate assets that limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, "Restrictive Covenants"), the applicable Designated Lease Notice shall describe the Restrictive Covenant that the party is seeking to extinguish or otherwise diminish and any non-Debtor counterparty to a Restrictive Covenant will have fourteen (14) calendar days from the filing and service of the Designated Lease Notice to file and serve an objection thereto (the "Restrictive Covenant Objection Deadline").

27.    If no objections are timely filed in advance of the applicable Designatable Contract Assumption and Assignment Objection Deadline or Restrictive Covenant Objection Deadline, or a timely objection is resolved consensually, the Additional Assigned Agreements identified in the exhibits or schedules to the applicable Designated Lease Notice or Designated Additional Contract Notice shall be deemed to constitute Additional Assigned Agreements, all findings of fact and conclusions of law ~~in~~contained herein with respect to the Acquired Assets, including those explicitly governing the Additional Assigned Agreements shall apply to such subsequent Additional Assigned Agreements with full force and effect, no further order of the Court shall be required with respect to such subsequent Additional Assigned Agreements, and the date of the applicable Designatable Contract Assumption and Assignment Objection Deadline or Restrictive Covenant Objection Deadline shall be deemed to be the Assumption Effective Date for such subsequent Additional Assigned Agreement.  If a timely objection is received and not resolved consensually the Court shall resolve such objection (following request for a hearing by the Debtors and/or the Buyer and/or the applicable counterparty filed with the

Court and on not less than ten (10) days' notice to the other party) and the Assumption Effective Date for such agreement shall be five (5) Business Days following the resolution of any such objection. If a timely objection was not filed in advance of the Sale Hearing (or any such objection has been withdrawn or resolved) and the Restrictive Covenant Objection Deadline and the Designatable Contract Assumption and Assignment Objection Deadline are not applicable to a subsequent Additional Assigned Agreement, the Assumption Effective Date for any such Additional Assigned Agreement shall be the date that the applicable Designated Lease Notice or Designated Additional Contract Notice was served and filed with the Court, such Additional Assigned Agreements shall be deemed to constitute Additional Assigned Agreements, and all findings of fact and conclusions of law contained herein with respect to the Acquired Assets, including those explicitly governing the Additional Assigned Agreements shall apply to such subsequent Additional Assigned Agreements with full force and effect, and no further order of the Court shall be required with respect to such subsequent Additional Assigned Agreements.

28.    Notwithstanding anything herein to the contrary: (i) all timely filed objections to the assumption and assignment of a Contract or Lease that is not on the list of Additional Assigned Agreements attached hereto as Exhibit 1, including, without limitation, objections as to adequate assurance of future performance, cure amounts, and/or the payment of all amounts due and owing and performance of all other obligations under a Contract or Lease, are adjourned and all parties' rights as to such issues are fully preserved and will be determined if and to the extent the applicable Contract or Lease is designated for assumption and assignment pursuant to the procedures described in the Sale Order and paragraphs 26 and 27 of this Assumption and Assignment Order and (ii) no Contract or Lease other than as set forth in Exhibit 1 shall be part of the Acquired Assets unless and until (a) the Bankruptcy Court enters an order approving the

assumption and assignment of such Contract or Lease, and such Contract or Lease is so assumed and assigned or (b) the assumption and assignment of such Contract or Lease becomes effective pursuant to the terms of paragraphs 26 and 27 hereof.

29.    Unless and until the assumption and assignment of a Contract or Lease becomes effective pursuant to the terms of paragraphs 26 and 27 hereof (i) nothing in this Order or the Sale Order shall be a determination of the terms and conditions of the assumption and assignment of any Contract or Lease not included in Exhibit 1, including, without limitation, the Assignee's obligations in connection with the same; (ii) no finding of fact or conclusion of law set forth herein or in the Sale Order with respect to the assumption and assignment of the Additional Assigned Agreements shall apply, be binding upon, be law of the case, or operate to collaterally estop any issue, with respect to the assumption and assignment of any other Contract or Lease; and (iii) all parties' rights with respect to the Reserved Lease Issues are fully preserved.

30.    28.  **Automatic Stay**.    The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Assumption and Assignment Order.

31.    29.  **Retention of Jurisdiction**.    This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Assumption and Assignment Order, the Sale Order and the Asset Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith), to adjudicate disputes related to the Sale Order, this Assumption and Assignment Order or the Asset Purchase Agreement (and such other related agreements, documents or other instruments) and to enforce the injunctions set forth herein.

Dated:   March ____, 2019
            White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Additional Assigned Agreements**

## Contracts

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1101 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION | CHECKFREEPAY CORPORATION | FIN - CHECKFREEPAY CORPORATION - AGENT TRANSACTION SERVICES AGREEMENT - 2009 | SHCLCW5880 | N/A | Automatic Renewal | $    - | $    - | No Objection Filed. |
| 2 | 18471 | N/A | SEARS HOLDINGS CORPORATION | CARDINALCOMMERCE CORPORATION | CARDINAL COMMERCE DATA USAGE AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 3 | 18499 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION | AMENDMENT #1 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $    - | $    - | No Objection Filed. |
| 4 | 18502 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION OF NEW YORK | AMENDMENT #1 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $    - | $    - | No Objection Filed. |
| 5 | 18505 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION OF CALIFORNIA | AMENDMENT #1 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $    - | $    - | No Objection Filed. |
| 6 | 18508 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION | AMENDMENT #2 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $    - | $    - | No Objection Filed. |
| 7 | 18509 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, | CHECK FREE PAY CORPORATION OF NEW YORK | AMENDMENT #2 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | ROEBUCK AND CO. | | | | | | | | |
| 8 | 18510 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION OF CALIFORNIA | AMENDMENT #2 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $ - | $ - | No Objection Filed. |
| 9 | 18517 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION | AMENDMENT #3 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $ - | $ - | No Objection Filed. |
| 10 | 18518 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION OF NEW YORK | AMENDMENT #3 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $ - | $ - | No Objection Filed. |
| 11 | 18519 | N/A | KMART CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO. | CHECK FREE PAY CORPORATION OF CALIFORNIA | AMENDMENT #3 TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $ - | $ - | No Objection Filed. |
| 12 | 18523 | N/A | KMART CORPORATION | CHECK FREE PAY CORPORATION | AMENDMENT #3TO THE AGENT TRANSACTION SERVICES AGREEMENT TERMS AND CONDITIONS | N/A | N/A | Automatic Renewal | $ - | $ - | No Objection Filed. |
| 13 | 18662 | N/A | KMART CORPORATION | VANTIV, LLC | GIFT CARD MERCHANT AGREEMENT | N/A | N/A | Recurring | $ - | $ - | No Objection Filed. |
| 14 | 18664 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION | VISA, U.S.A. INC. | MERCHANT INCENTIVE AGREEMENT | N/A | N/A | 06/30/2019 | $ - | $ - | No Objection Filed. |
| 15 | 101065 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION | VANTIV | LETTER AGREEMENT JEANIE NETWORK | N/A | N/A | N/A | $ - | $ - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 30132 | N/A | KMART CORPORATION | THE NEWS GROUP, L.P. | PERIODICAL DISTRIBUTION AGREEMENT | N/A | N/A | 12/18/2020 | $    - | $    - | No Objection Filed. |
| 17 | 482 | N/A | INNOVEL SOLUTIONS, INC. | PSC METALS INC | FAC - PSC METAL INC - CRAFTSMAN TOOL BARREL AND METAL RECYCLING AGREEMENT - 2016 | CW2319785 | N/A | 10/31/2019 | $    - | $    - | No Objection Filed. |
| 18 | 2011 | N/A | KMART CORPORATION; KMART OF MICHIGAN, INC.; SEARS OPERATIONS LLC; SEARS, ROEBUCK AND CO. | PALMER, REIFLER & ASSOCIATES, P.A. | APP- PALMER RECOVERY ATTORNEYS- CIVIL RECOVERY-2018 | CW2336260 | N/A | 03/31/2021 | $    - | $    - | No Objection Filed. |
| 19 | 2035 | N/A | KMART CORPORATION; KMART OF MICHIGAN, INC.; SEARS OPERATIONS LLC; SEARS, ROEBUCK AND CO. | TURNING POINT JUSTICE | APP-TURNING POINT JUSTICE- CRIME ACCOUNTABILITY PARTNERSHIP-2018 | CW2337293 | N/A | 04/23/2021 | $    - | $    - | No Objection Filed. |
| 20 | 5926 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION | CARNOW CONIBEAR & ASSOC LTD | FAC - CARNOW CONIBEAR AND ASSOC - MESA 2018 | CW2334696 | N/A | 12/06/2020 | $    - | $    - | No Objection Filed. |
| 21 | 5930 | N/A | KMART OPERATIONS LLC; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS OPERATIONS LLC; SEARS, ROEBUCK AND CO.; SEARS, ROEBUCK DE PUERTO RICO, | CB & I INC. | FAC - APTIM ENVIRONMENTAL AND INFRASTRUCTURE INC - MESA 2018 | CW2334692 | N/A | 12/22/2020 | $    - | $    - | No Objection Filed. |
| 22 | 5947 | N/A | KMART OPERATIONS LLC; SEARS HOLDINGS MANAGEMENT | STANTEC | FAC - STANTEC CONSULTING SERVICES - MESA 2018 | CW2334778 | N/A | 01/15/2021 | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CORPORATION; SEARS OPERATIONS LLC; SEARS PROTECTION COMPANY (PR); SEARS, ROEBUCK AND CO.; SEARS, ROEBUCK DE PUERTO RICO, | | | | | | | | |
| 23 | 101149 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION | VERISK 3E | MASTER WEB BASED SERVICES AGREEMENT | N/A | N/A | N/A | $    - | $    - | No Objection Filed. |
| 24 | 21 | N/A | INNOVEL SOLUTIONS, INC. | A1 SWITCHING | SC - A1 SWITCHING - HOSTLING AGREEMENT - 2009 | SHCLCW6494 | N/A | 6/30/2020 | $    - | $    - | No Objection Filed. |
| 25 | 52 | N/A | INNOVEL SOLUTIONS, INC. | APPLIANCE WAREHOUSE INC | HS - APPLIANCE WAREHOUSE - STATEMENT OF WORK 02 TO MSA - 2016 | SHCLCW6593 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 26 | 228 | N/A | INNOVEL SOLUTIONS, INC. | INNOVATIVE LIQUIDATORS, INC. | SUPPLY CHAIN-INNOVATIVE LIQUIDATORS-MSA-2014 | CW2283441 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 27 | 229 | N/A | INNOVEL SOLUTIONS, INC. | MIKES FURNITURE AND APPLIANCE LLC | SUPPLY CHAIN- MIKE'S FURNITURE-MSA-2014 | CW2283446 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 28 | 231 | N/A | INNOVEL SOLUTIONS, INC. | APPLIANCE WAREHOUSE INC | SUPPLY CHAIN-APPLIANCE WAREHOUSE-MSA-2014 | CW2283435 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 29 | 232 | N/A | INNOVEL SOLUTIONS, INC. | RECONDITIONED APPLIANCE | SUPPLY CHAIN-RECONDITONED APPLIANCE-MSA-2014 | CW2283451 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 30 | 234 | N/A | INNOVEL SOLUTIONS, INC. | STATEWIDE RECYCLING AND RECOVERY | SUPPLY CHAIN- STATEWIDE-MSA-2014 | CW2286608 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 31 | 321 | N/A | KMART CORPORATION; SEARS, ROEBUCK AND CO. | BAY RAG CORPORATION | RM - BAY RAG CORPORATION - DISTRIBUTION AND SALES AGREEMENT - 2013 | SHCLCW6314 | N/A | 04/30/2019 | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 32 | 392 | N/A | INNOVEL SOLUTIONS, INC. | A-1 RECYCLING | FACILITIES-A-1 RECYCLING- MSA HAUL AWAY -2015 | CW2309032 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 33 | 393 | N/A | INNOVEL SOLUTIONS, INC. | APPLIANCE RECYCLING OUTLET | FACILITIES-APPLIANCE RECYCLING-MSAHAUL AWAY-2015 | CW2309023 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 34 | 394 | N/A | INNOVEL SOLUTIONS, INC. | APPLIANCE OUTLET | FACILITIES-APPLIANCE OUTLET-MSA NEW HAUL AWAY-2015 | CW2308988 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 35 | 488 | N/A | INNOVEL SOLUTIONS, INC. | DHFC LLC DBA COLORADO REUSE AND RECYCLING | SUPPLY CHAIN- CUTTING EDGE-MSA | CW2323453 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 36 | 533 | N/A | INNOVEL SOLUTIONS, INC. | PRO RECYCLING SOLUTIONS LLC | FAC - PRO RECYCLING SOLUTIONS LLC - MATERIALS PROCESSING MASTER SERVICES AGREEMENT - 2017 | CW2325040 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 37 | 560 | N/A | SEARS, ROEBUCK AND CO. | INNOVATIVE LIQUIDATORS, INC. | INNOVATIVE LIQUIDATORS, INC | CW2330083 | N/A | 05/31/2020 | $    - | $    - | No Objection Filed. |
| 38 | 1381 | N/A | INNOVEL SOLUTIONS, INC. | JMD APPLIANCE | FACILITIES - VIKING COMMODITY INC (JMD APPLIANCE) - MSA HAUL AWAY-2015 | CW2309034 | N/A | 08/31/2019 | $    - | $    - | No Objection Filed. |
| 39 | 5873 | N/A | SEARS, ROEBUCK AND CO. | TRANE COMMERCIAL | FAC - TRANE COMMERICAL INC - AMENDED AND RESTATED MASTER 2018 | CW2338464 | N/A | 01/31/2020 | $    - | $    - | No Objection Filed. |
| 40 | 660 | N/A | INNOVEL SOLUTIONS, INC. | FSA NETWORK INC | SUPPLY CHAIN - FSA NETWORK - WAREHOUSE EXHIBITS JUNE 2018 (WAYLAND MI, LITTLE ROCK AR) | CW2338574 | N/A | 05/23/2020 | $    - | $    - | No Objection Filed. |
| 41 | 661 | N/A | INNOVEL SOLUTIONS, INC. | FSA NETWORK INC | SUPPLY CHAIN - FSA NETWORK JUNE EXHIBITS 2018 - MDO (WAYLAND MI, LITTLE ROCK AR) | CW2338578 | N/A | 05/29/2021 | $    - | $    - | No Objection Filed. |
| 42 | 712 | N/A | INNOVEL SOLUTIONS, INC. | EXEL INC | SUPPLY CHAIN - RYDER LAST MILE ( EXEL, INC) - ONTARIO, SAN DEIGO, SACRAMENTO, SYLMAR EXHIBITS 2018 | CW2340362 | N/A | 06/27/2020 | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 43 | 5360 | N/A | SEARS, ROEBUCK AND CO. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- SEARS MSA 2014 | CW2270640 | N/A | 05/02/2020 | $    - | $    - | No Objection Filed. |
| 44 | 5361 | N/A | INNOVEL SOLUTIONS, INC. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- MSA 2015 | CW2307501 | N/A | 06/02/2023 | $    - | $    - | No Objection Filed. |
| 45 | 5419 | N/A | INNOVEL SOLUTIONS, INC. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- WAREHOUSE MSA 2015 | CW2301151 | N/A | 05/23/2020 | $    - | $    - | No Objection Filed. |
| 46 | 5446 | N/A | INNOVEL SOLUTIONS, INC. | EXEL INC | SUPPLY CHAIN- MXD GROUP (EXEL, INC)- MSA 2015 | CW2304090 | N/A | 06/27/2020 | $    - | $    - | No Objection Filed. |
| 47 | 5504 | N/A | INNOVEL SOLUTIONS, INC. | COSTCO WHOLESALE CORPORATION | FAC - COSTCO WHOLESALE CORPORATION - FACILITIES SERVICES MASTER AGREEMENT - 2017 | SHCLCW8595 | N/A | 12/31/2020 | $   260.64 | $    - | No Objection Filed. |
| 48 | 5584 | N/A | INNOVEL SOLUTIONS, INC. | T AND K MOVING | SUPPLY CHAIN- T AND K MOVING- MSA 2016 | CW2317054 | N/A | 07/02/2021 | $    - | $    - | No Objection Filed. |
| 49 | 5686 | N/A | SEARS, ROEBUCK AND CO. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- EXHIBIT (CEDAR RAPIDS) 2017 | CW2322729 | N/A | 10/12/2019 | $    - | $    - | No Objection Filed. |
| 50 | 5755 | N/A | INNOVEL SOLUTIONS, INC. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- EXHIBITS (EUGENE, PORTLAND, RALEIGH, SPOKANE, SWEDESBORO, VANDENBROEK, WAUWATOSA) 2017 | CW2322703 | N/A | 10/26/2019 | $    - | $    - | No Objection Filed. |
| 51 | 5780 | N/A | SEARS, ROEBUCK AND CO. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- EXHIBITS (COLUMBIA, DES MOINES, EVANSVILLE, FT PIERCE, LOUISVILLE, MEMPHIS) 2017 | CW2323319 | N/A | 01/25/2020 | $    - | $    - | No Objection Filed. |
| 52 | 5782 | N/A | SEARS, ROEBUCK AND CO. | FSA NETWORK INC | SUPPLY CHAIN- FSA NETWORK, INC- WAREHOUSE EXHIBITS (COLUMBIA, DES MOINES, EVANSVILLE, FORT PIERCE, LOUISVILLE) 2017 | CW2323322 | N/A | 01/25/2020 | $    - | $    - | No Objection Filed. |
| 53 | 31918 | N/A | INNOVEL SOLUTIONS, | RALPH LAUREN CORP | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | INC. | | | | | | | | Filed. |
| 54 | 31919 | N/A | INNOVEL SOLUTIONS, INC. | ARMY & AIR FORCE EXCHANGE SERVICE | AMENDMENT OF SOLICITATION/CONTRACT (AGREEMENT) | EX-PL-K-MD-13-008-17-036 | N/A | 4/13/2020 | $    - | $    - | No Objection Filed. |
| 55 | 31967 | N/A | INNOVEL SOLUTIONS, INC.; KMART CORPORATION; KMART HOLDING CORPORATION; PRIVATE BRANDS, LTD.; SEARS BUYING SERVICES, INC.; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO.; SEARS, ROEBUCK DE PUERTO RICO, | APL CO. PTE LTD | SERVICE CONTRACT | GB18/4107 | N/A | 04/30/2019 | $    - | $    - | No Objection Filed. |
| 56 | 32029 | N/A | INNOVEL SOLUTIONS, INC. | DICK VAN DYKE APPLIANCE WORLD | EBAY SELLER AGREEMENT | N/A | N/A | 10/01/2019 | $    - | $    - | No Objection Filed. |
| 57 | 32034 | N/A | INNOVEL SOLUTIONS, INC. | ARMY & AIR FORCE EXCHANGE SERVICE | NEGOTIATED CONTRACT | EX-PLKMD-00-001-17-036A | N/A | 12/15/2019 | $    - | $    - | No Objection Filed. |
| 58 | 32036 | N/A | INNOVEL SOLUTIONS, INC. | RETAIL GAMES LLC | MASTER SERVICES AGREEMENT | N/A | N/A | 02/01/2020 | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 59 | 32037 | N/A | SEARS HOLDINGS CORPORATION | NAVY EXCHANGE SERVICE COMMAND (N | AMENDMENT OF REQUEST FOR PROPOSALS/MODIFICATION OF CONTRACT | N00250-11-C-0037 (ORIGINALLY NNA250-11-C0037) | N/A | 05/31/2020 | $    - | $    - | No Objection Filed. |
| 60 | 32041 | N/A | INNOVEL SOLUTIONS, INC. | ARMY & AIR FORCE EXCHANGE SERVICE | NEGOTIATED CONTRACT | N/A | N/A | 10/05/2020 | $    - | $    - | No Objection Filed. |
| 61 | 32042 | N/A | INNOVEL SOLUTIONS, INC. | WAYFAIR LLC | MASTER SERVICES AGREEMENT | N/A | N/A | 10/20/2020 | $    - | $    - | No Objection Filed. |
| 62 | 32043 | N/A | INNOVEL SOLUTIONS, INC. | COSTCO WHOLESALE CORPORATION | MASTER SERVICES AGREEMENT | N/A | N/A | 12/31/2020 | $    - | $    - | No Objection Filed. |
| 63 | 32047 | N/A | INNOVEL SOLUTIONS, INC. | A.R.T FURNITURE INC. | MASTER SERVICES AGREEMENT | N/A | N/A | 09/07/2021 | $    - | $    - | No Objection Filed. |
| 64 | 32051 | N/A | INNOVEL SOLUTIONS, INC. | SPENCER GIFTS LLC | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 65 | 32053 | N/A | INNOVEL SOLUTIONS, INC. | ROO INC. | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 66 | 32055 | N/A | INNOVEL SOLUTIONS, INC. | TARTE, INC. | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 67 | 32057 | N/A | INNOVEL SOLUTIONS, INC. | ACE HARDWARE CORPORATION | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 68 | 32059 | N/A | INNOVEL SOLUTIONS, INC. | MAESTRO FOOD CO. | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 69 | 32063 | N/A | INNOVEL SOLUTIONS, INC. | TABLETS2CASES LTD | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|----|-------------|---------|--------|--------------|----------------|--------------|------------------------|--------------------------|-------------------------------|--------------------------------------|----------------------|
| | | | | | | | | | | | Filed. |
| 70 | 32064 | N/A | INNOVEL SOLUTIONS, INC. | FLEXE, INC. | WAREHOUSE SERVICES AGREEMENT IN MANTENO, IL | 544414 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 71 | 32065 | N/A | INNOVEL SOLUTIONS, INC. | WAL-MART.COM USA, LLC | WAREHOUSE SERVICES AGREEMENT IN MANTENO, IL | 544414 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 72 | 32066 | N/A | INNOVEL SOLUTIONS, INC. | FLEXE, INC. | WAREHOUSE SERVICES AGREEMENT IN FAIRLESS HILLS, PA | 544414 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 73 | 32067 | N/A | INNOVEL SOLUTIONS, INC. | WAL-MART.COM USA, LLC | WAREHOUSE SERVICES AGREEMENT IN FAIRLESS HILLS, PA | 544414 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 74 | 32068 | N/A | INNOVEL SOLUTIONS, INC. | STMM, INC. (GREAT JONES GOODS) | WAREHOUSE SERVICES AGREEMENT | 545356 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 75 | 32069 | N/A | INNOVEL SOLUTIONS, INC. | FLEXE, INC. | WAREHOUSE SERVICES AGREEMENT | 545356 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 76 | 32070 | N/A | INNOVEL SOLUTIONS, INC. | FLEXE, INC. | WAREHOUSE SERVICES AGREEMENT | 545465 | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 77 | 32072 | N/A | INNOVEL SOLUTIONS, INC. | CASPER SCIENCE, LLC | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 78 | 32075 | N/A | INNOVEL SOLUTIONS, INC. | CLASS PASS | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 79 | 32077 | N/A | INNOVEL SOLUTIONS, INC. | IG BRANDS | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |
| 80 | 32079 | N/A | INNOVEL SOLUTIONS, INC. | LULL VENTURES, LLC | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $    - | $    - | No Objection Filed. |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 81 | 32081 | N/A | INNOVEL SOLUTIONS, INC. | MOHAWK GROUP, INC. | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $ - | $ - | No Objection Filed. |
| 82 | 32083 | N/A | INNOVEL SOLUTIONS, INC. | WALGREENS CO. | WAREHOUSE SERVICES AGREEMENT | N/A | N/A | Recurring | $ - | $ - | No Objection Filed. |
| 83 | 32085 | N/A | INNOVEL SOLUTIONS, INC. | FLEXE, INC. | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | recurring | $ - | $ - | No Objection Filed. |
| 84 | 32086 | N/A | INNOVEL SOLUTIONS, INC. | CARGO | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | Recurring | $ - | $ - | No Objection Filed. |
| 85 | 32088 | N/A | INNOVEL SOLUTIONS, INC. | CASPER SCIENCE, LLC | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | Recurring | $ - | $ - | No Objection Filed. |
| 86 | 32090 | N/A | INNOVEL SOLUTIONS, INC. | CLASS PASS | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | Recurring | $ - | $ - | No Objection Filed. |
| 87 | 32092 | N/A | INNOVEL SOLUTIONS, INC. | IG BRANDS | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | recurring | $ - | $ - | No Objection Filed. |
| 88 | 32095 | N/A | INNOVEL SOLUTIONS, INC. | SAM'S WEST, INC. | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | recurring | $ - | $ - | No Objection Filed. |
| 89 | 32097 | N/A | INNOVEL SOLUTIONS, INC. | MAESTRO FOOD CO. | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | Recurring | $ - | $ - | No Objection Filed. |
| 90 | 32099 | N/A | INNOVEL SOLUTIONS, INC. | WAL-MART.COM USA, LLC | WAREHOUSE SERVICE AGREEMENT | N/A | N/A | recurring | $ - | $ - | No Objection Filed. |
| 91 | 101118 | N/A | SEARS HOLDINGS GLOBAL SERVICES, LTD; SEARS, ROEBUCK AND CO.; KMART CORP. | INTERTEK TESTING SERVICES | MASTER SERVICE AGREEMENT | N/A | N/A | N/A | $ - | $ - | No Objection Filed. |
| 92 | | | SEARS HOLDINGS | BUREAU VERITAS | | | | | | | No |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 101119 | N/A | GLOBAL SERVICES, LTD; SEARS, ROEBUCK AND CO.; KMART CORP. | CONSUMER PRODUCTS SERVICES, INC. | MASTER SERVICE AGREEMENT | N/A | N/A | N/A | $ - | $ - | Objection Filed. |
| 93 | 101308 | N/A | SEARS HOLDINGS GLOBAL SERVICES, LTD; SEARS, ROEBUCK AND CO.; KMART CORP. | INTERTEK TESTING SERVICES | MASTER SERVICES AGREEMENT | N/A | N/A | N/A | $ - | $ - | No Objection Filed. |
| 94 | 101309 | N/A | SEARS HOLDINGS GLOBAL SERVICES, LTD; SEARS, ROEBUCK AND CO.; KMART CORP. | BUREAU VERITAS CONSUMER PRODUCTS SERVICES, INC. | MASTER SERVICES AGREEMENT | N/A | N/A | N/A | $ - | $ - | No Objection Filed. |
| 95 | 579 | N/A | SEARS, ROEBUCK AND CO. | ADVANCE STORES COMPANY, INCORPORATED | SHC-FACILITIES-AUTOMOTIVE - ADVANCE STORES COMPANY INC. - MSA-2017 | CW2332100 | 10/1/2017 | 09/30/2020 | $ - | $ - | No Objection Filed. |
| 96 | 580 | N/A | SEARS, ROEBUCK AND CO.; SEARS, ROEBUCK DE PUERTO RICO, | AUTOZONE | SHC-FACILITIES-AUTOMOTIVE- AUTOZONE PARTS INC | CW2332105 | 10/1/2017 | 09/30/2020 | $ - | $ - | No Objection Filed. |
| 97 | 583 | N/A | SEARS, ROEBUCK AND CO. | NAPA AUTO PARTS (NATIONAL AUTOMOTIVE PARTS ASSOCIATION) | SHC-FACILITIES-AUTOMOTIVE- NAPA-MSA-2017 | CW2333620 | 10/1/2017 | 09/30/2020 | $ - | $ - | No Objection Filed. |
| 98 | 578 | N/A | SEARS, ROEBUCK AND CO.; SEARS, ROEBUCK DE PUERTO RICO, | NATIONAL PRONTO ASSOCIATION | SHC-FACILITIES-AUTOMOTIVE- AUTOMOTIVE PARTS SERVICE GROUP-APSG-MSA-2017 | CW2332112 | 10/1/2017 | 09/30/2020 | $ - | $ - | No Objection Filed. |
| 99 | 101376 | N/A | Sears Holdings Corporation | C4CAST.COM | SETTLEMENT AND PATENT LICENSE AGREEMENT | N/A | 2/25/2014 | N/A | $ - | $ - | No Objection Filed. |
| 100 | 101377 | N/A | Sears Holdings Corporation | DR. LAKSHMI ARUNACHALAM, WEBXCHANGE, INC., PI-NET INTERNATIONAL INC. | SETTLEMENT AGREEMENT | N/A | 1/7/2015 (Effective 1/6/2015) | N/A | $ - | $ - | No Objection Filed. |
| 101 | | | Sears, Roebuck and | DROPLETS, INC. | CONFIDENTIAL SETTLEMENT | | | | | | No |

| No | Contract ID | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 101378 | N/A | Co.; Sears Brands LLC; Sears Holdings Corporation | | AGREEMENT - SUBJECT TO FRE 408 | N/A | 3/6/2015 | N/A | $    - | $    - | Objection Filed. |
| 102 | 101380 | N/A | Sears Holdings Corporation | ECLIPSE IP LLC | SETTLEMENT, RELEASE, AND LICENSE AGREEMENT | N/A | 9/6/2013 | N/A | $    - | $    - | No Objection Filed. |
| 103 | 101381 | N/A | Sears Holdings Corporation | MACROSOLVE INC. | SETTLEMENT AND LICENSE AGREEMENT | N/A | 8/27/2013 | N/A | $    - | $    - | No Objection Filed. |
| 104 | 101382 | N/A | Sears Holdings Management Corporation | PHOENIX SOLUTIONS, INC. | LICENSE AGREEMENT | N/A | 11/3/2008 | N/A | $    - | $    - | No Objection Filed. |
| 105 | 101375 | N/A | Sears Holdings Corporation; Sears, Roebuck and Co.; Kmart Corporation | JACOBSON CAPITAL SERVICES | SETTLEMENT AGREEMENT | N/A | 2/16/2015 (Effective 12/3/2014) | N/A | $    - | $    - | No Objection Filed. |
| 106 | 101384 | N/A | Sears Holdings Corporation; Sears Holdings Management Corporation; Sears, Roebuck and Co.; Kmart Corporation; Lands' End | 21 SRL | PATENT LICENSE AGREEMENT | N/A | 5/18/2009 (Effective 5/1/2009) | N/A | $    - | $    - | No Objection Filed. |
| 107 | 101383 | N/A | Sears, Roebuck and Co.; Lands' End Inc.; Kmart Holding Corporation | VERSATA SOFTWARE, INC AND VERSATA DEVELOPMENT GROUP, INC | CONFIDENTIAL SETTLEMENT AND LICENSE AGREEMENT | N/A | 6/15/2007 | N/A | $    - | $    - | No Objection Filed. |

**Leases**

| No | Store Number | ECF No. | Debtor | Counterparty | Contract Title | Contract No. | Contract Executed Date | Contract Expiration Date | Debtors' Asserted Cure Amount | Counterparty's Asserted Cure Amount | Disputed Cure Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1268 | N/A | SEARS, ROEBUCK AND CO. | SEARS, SEARSVALE & MULTI-LL'S / NEWKOA LLC-(DEVELOPER) | MASTER LEASE | S1268-1-A | N/A | 09/30/2019 | $    - | $    - | No Objection Filed. |
| 2 | 26720/1598 | N/A | SEARS, ROEBUCK AND CO. | NEWAGE PHM, LLC | MASTER LEASE | S26720-8-G | N/A | 09/30/2059 | $ 1.00 | $    - | No Objection Filed. |
| 3 | 3235 | N/A | SEARS HOLDINGS MANAGEMENT COMPANY | SEARS HOMETOWN AND OUTLET STORES, INC. | S-3235 SUB-LEASE | N/A | 10/1/2012 | 4/20/2022 | $    - | $    - | No Objection Filed. |
| 4 | 4457 | N/A | KMART EXPRESS, LLC | HAYWARD PARTNERS | LEASE | N/A | 12/15/1971 | 12/14/2070 | $    - | $    - | No Objection Filed. |
| 5 | 7098 | N/A | KMART CORPORATION | TA-HSIUNG WANG, HUEY-YI WANG & TA-CHENG WANG, OLIVIA YAN SHUI HSIA | MASTER LEASE | K7098-A | N/A | 04/30/2025 | $ 3,227.00 | $    - | No Objection Filed. |
| 6 | 30962 | 2277 | SEARS, ROEBUCK AND CO. | KADISH | GROUND LEASE | K30962-4-C | N/A | 01/01/2024 | $ 23,726.73 | $    - | Not Disputed in Objection. |
| 7 | 30962 | 2277 | KMART CORPORATION | SEARS, ROEBUCK AND CO. | SUBLEASE | N/A | 11/15/1983 | N/A | $    - | $    - | Not Disputed in Objection. |
| 8 | 3235 | N/A | KMART CORPORATION | W & H, LLC | MASTER LEASE | K3235-A | N/A | 04/20/2022 | $    - | $    - | No Objection Filed. |