Objection Deadline: April 11, 2019, 4:00 p.m. EST
Hearing Date: April 18, 2019, 10:00 a.m. EST

**CKR LAW LLP**
1330 Avenue of the Americas, 14th Floor
New York, NY 10019
Telephone: (212) 259-7300
Facsimile: (212) 259-8200
Edward L. Schnitzer, Esq.

-and-

**TERSHEL & ASSOCIATES**
55 South Main Street
Washington, PA 15301
Telephone: (724) 228-4700
Jarrod T. Takah, Esq.

**LAW OFFICE OF CLARK A. MITCHELL**
17 S. College Street
Washington, PA 15301
Telephone: (724) 229-9500
Clark A. Mitchell, Esq.

*Counsel for the Movants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE. | ) |
| SEARS HOLDINGS CORPORATION, *ET AL.* | ) Chapter 11 |
| | ) |
| | ) Case No.: 18-23538 (RDD) |
| Debtors. | ) JOINTLY ADMINISTERED |
| | ) |
| | ) |
| | ) |

**MOTION FOR RELIEF FROM AUTOMATIC STAY BY STEVEN R. WOLF, ESQ., AS ADMINISTRATOR OF THE ESTATE OF BREANNA N. AFRICA, DECEASED, AND CARMINE MOLINARO, JR. AND COLETTE MOLINARO, AS PARENTS AND <u>NATURAL GUARDIANS OF MCKENZIE MOLINARO, A MINOR</u>**

Steven R. Wolf, as Administrator of the Estate of Breanna N. Africa, deceased, and Carmine Molinaro, Jr. and Colette Molinaro, as Parents and Natural Guardians of McKenzie Molinaro, a minor (collectively, "<u>Movants</u>"),[1] by and through their attorneys, Tershel &

---

[1] Hereinafter the Africa Estate and Molinaros are collectively referred to as "Movants" unless necessary to list independently.

Associates, Law Office of Clark A. Mitchell, and CKR Law LLP, move pursuant to section 362(d) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules for the U.S. Bankruptcy Court for the Southern District of New York (the "Local Rules") for an order for relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code (the "Motion").

In support of such request, the Movants state as follows:

## PRELIMINARY STATEMENT

1.      Movants seek relief from the automatic stay to continue prosecuting the two actions the Movants filed against, *inter alia*, certain Debtors (the "Debtor Defendants") which relate to the same tragic and deadly accident. Stay relief to permit the continuation of those actions is warranted and necessary because (a) Movants suffered a death and personal injuries, claims that this Court lacks the requisite jurisdiction to adjudicate, and (b) the continued prosecution of those Actions is necessary to resolve and liquidate Movants' claims.

## RELEVANT BACKGROUND

2.      On September 9, 2016, David M. Elsbury operated a box truck, while working for Liberty Transportation, Inc., to deliver products for Debtor Defendants and/or to customers of Debtor Defendants. At approximately 6:15 p.m., Mr. Elsbury's box truck left the northbound travel lanes of interstate 79 ("I-79") near Bridgeport, West Virginia, crossed the grassy median, entered the southbound travel lanes of I-79 in the wrong direction, and struck a mini-van head-on. The mini-van contained six occupants, all Pennsylvania residents. The mini-van occupants were traveling from Pennsylvania to a church event at the time of the crash.

3.      Due to the crash, three occupants of the mini-van, including Breanna Africa, were killed. Three others, including McKenzie Molinaro, were injured. At all relevant times:

      a. the truck was filled with goods and merchandise of Debtor Defendants;

      b. such goods and merchandise were to be delivered to customers of Debtor Defendants;

      c. the Debtor Defendants determined, directed, controlled, and/or scheduled how, when, and what was to be delivered; and

4. Mr. Elsbury acted within the scope of his agency and/or employment – actual, apparent, and/or ostensible – with Debtor Defendants.

5. Due to such fatal and/or personal injuries, the Movants filed separate state court actions (the "State Court Actions") in the Washington Co. (Pa.) Court of Common Pleas.

6. On or about March 14, 2018, Mr. Wolf, on behalf of the Africa Estate, filed his state court complaint, *Wolf v. Hunter Leasing, LLC*, Case No. 2017-1725, which is attached hereto as *Exhibit A*.[2] On September 6, 2018, the Washington County Court of Common Pleas approved the substitution of Sears, Roebuck and Co. in place of Sears Outlet Stores, LLC as a defendant in the Wolf action. *See Exhibit B*. With the substitution, the Wolf complaint named both Debtor Defendants as defendants.

7. On or about June 8, 2018, the Molinaros filed their state court Complaint, *Molinaro v. David Elsbury, Jr.*, Case No. 2018-130, which is attached hereto as *Exhibit C*. The Molinaros complaint named both Debtor Defendants as defendants.

8. On information and belief, certain insurance coverage, including ACE American Insurance Company policy number ISA H0904188, insures the Debtor Defendants from the kinds of liabilities that underscore the State Court Actions.

---

[2] Mr. Wolf, on behalf of the Africa Estate, filed Proofs of Claim against the Debtor Defendants (Sears, Roebuck and Co., Claim No. 8563; and Innovel Solutions, Inc., Claim No. 8675).

9. On or about October 15, 2018, the Debtor Defendants, along with certain of their affiliates, filed voluntary petitions for relief under Chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code").

10. As a result of the Debtor Defendants' October 2018 bankruptcy filing, the Movants' Pennsylvania state court actions as to Debtor Defendants were automatically stayed by section 362(a) of the Bankruptcy Code.

11. In addition to the two Pennsylvania state court actions, described above, four West Virginia state court actions have been filed, all arising from the same motor vehicle crash. On or about December 5, 2018, such West Virginia claimants filed for relief from the automatic stay. *See* Docket No. 1049. On or about February 15, 2019, the Bankruptcy Court granted those claimants limited relief from the automatic stay to continue those actions. *See* Docket No. 2627.

12. Movants hereby seek relief from such automatic stay in order to continue the prosecution of their Pennsylvania state court actions, including against Debtor Defendants, arising from the September 9, 2016 motor vehicle crash. The relief sought herein is similar to the relief sought, and obtained, by the similarly-situated West Virginia claimants, as reflected in Docket Nos. 1049 and 2627.

## RELIEF SOUGHT BY MOVANTS

13. By this Motion, Movants seek relief from the automatic stay for the limited purpose of continuing the State Court Actions to liquidate Movants' claims so Movants may (i) recover their liquidated claims from any applicable provider of insurance, and (ii) participate as a creditor with liquidated claims against the Debtor Defendants and their estate.

4

## **ARGUMENT**

### CAUSE EXISTS TO LIFT THE AUTOMATIC STAY TO ALLOW MOVANTS TO CONTINUE TO ADJUDICATE THEIR CLAIMS

14. This Motion is brought pursuant to section 362(d) of the Bankruptcy Code, Rule 4001 of the Bankruptcy Rules, and Rule 4001-1 of the Local Rules for entry of an order granting Movants relief from the automatic stay to allow Movants to continue the prosecution of the State Court Actions for damages.

15. As set forth in the legislative history behind section 362(d), it is often more appropriate to allow litigation to proceed in the claimant's chosen forum when there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted). Courts in the Second Circuit frequently grant motions to lift a bankruptcy stay to permit an adjudication on the merits in another forum. *See, e.g., In re Fishgold*, 206 B.R. 50 (Bankr. W.D.N.Y. 1997) (modifying stay to allow claim against debtors to be fixed and liquidated in pending action in other forum).

16. Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause . . . ." 11 U.S.C. § 362(d).

17. A bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. *In re M.J.& K. Co.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993); *In re Holly's Inc.*, 140 B.R. 643, 687 (Bankr. W.D. Mich. 1992). The movant bears the initial burden of making a *prima facie* showing of "cause" for relief from the stay, but the ultimate burden of

5

persuasion rests with the debtor to show an absence of "cause." *In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017).

18. In *Sonnax Industries, Inc. v. Tri Component Products Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280 (2d Cir. 1990), the Second Circuit set forth twelve factors to consider in determining whether sufficient cause exists to grant relief from the automatic stay. These factors are: (1) whether relief would result in a partial or complete resolution of the issues, (2) lack of any connection with or interference with the bankruptcy case, (3) whether the other proceeding involves the debtor as a fiduciary, (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action, (5) whether the debtor's insurer has assumed full responsibility for defending it, (6) whether the action primarily involves third parties, (7) whether litigation in another forum would prejudice the interests of other creditors, (8) whether the judgment claim arising from the other action is subject to equitable subordination, (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the Debtor, (10) the interests of judicial economy and the expeditious and economical resolution of litigation, (11) whether the parties are ready for trial in the other proceeding, and (12) impact of the stay on the parties and the balance of harms. *Id.*

19. Not all twelve *Sonnax* factors will necessarily be relevant in every case, nor must a court accord them equal weight. *Id.* "When applying these factors and considering whether to modify the automatic stay, the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, the Debtor Defendants and the estate." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). Here, the facts weigh heavily in Movants' favor.

## APPLICATION OF *SONNAX* FACTORS

*Sonnax* Factor 1:    *Whether Relief Would Result in a Partial or Complete Resolution of the Issues*

20.    If the other action resolves the issue of the Debtors's liability *vel non* to the claimant, the first *Sonnax* Factor weighs in favor of lifting the stay. *In re Cicale*, 2007 Bankr. LEXIS 2252 at *9 (Bankr. S.D.N.Y. June 29, 2007) (determining that resolution in the state action of the issue of the validity of a mortgage in favor of the claimant, which could resolve the subsequent issue of the dischargeability of the Debtor's liability under the mortgage, weighed in favor of lifting the stay).

21.    Here, the State Court Actions would determine whether, and the extent to which, the Debtor Defendants are liable to the Movants. Accordingly, the first *Sonnax* Factor weighs in favor of lifting the stay.

*Sonnax* Factor 2:    *Lack of Any Connection With or Interference With the Bankruptcy Case*

22.    The fact that the resolution of another action may affect the distributions paid out in a bankruptcy plan does not mean that the litigation "interferes with" the bankruptcy case in the context of the second *Sonnax* factor. *See, e.g., In re N.Y. Med. Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Moreover, some delay caused by the other action does not amount to interference with the bankruptcy proceeding. *Cicale* at *10-11. Indeed, where the other action may actually aid in the resolution of the issues in the bankruptcy proceeding, this factor should weigh in favor of lifting the stay. *Id.* Here, the State Court Actions will aid in resolving the issue of the Debtor Defendants' liability to the Movants. Accordingly, the second *Sonnax* Factor weighs in favor of lifting the stay.

7

*Sonnax* Factor 3:     *Whether the Other Proceeding Involves the Debtor as a Fiduciary*

23.     Movants are not aware of any fiduciary relationships between Debtor Defendants and any other person or entity in the underlying bankruptcy proceeding. Accordingly, this *Sonnax* factor should not be given great weight one way or the other.

*Sonnax* Factor 4:     *Whether a Specialized Tribunal with the Necessary Expertise Has Been Established to Hear the Cause of Action*

24.     The Washington Co. (Pa.) Court of Common Pleas is not a specialized tribunal *per se*, but it has acquired a factual familiarity and documentary history that would facilitate an expeditious resolution of these matters. Such familiarity with specialized areas of law, even in a forum that is not a "specialized tribunal" *per se*, have been held to weigh in favor of the lifting of a stay under the fourth *Sonnax* factor. *See, e.g., Cont'l Casualty Co. v. Pfizer, Inc. (In re Quigley Co.),* 361 B.R. 723, 744 (Bankr. S.D.N.Y. 2007) (finding that the probability that an arbitrator would have experience with Wellington Agreements governing asbestos litigation weighed in favor of stay relief). Moreover, the Bankruptcy Court does not have jurisdiction to hear and decide personal injury and death tort cases. *See* 28 U.S.C. § 157(b)(2)(B) (core proceedings do not include "personal injury tort or wrongful death claims against the estate") and 157(b)(5).

*Sonnax* Factor 5:     *Whether the Debtor Defendants' Insurer has Assumed Full Responsibility for Defending It*

25.     Upon information and belief, co-defendant Liberty Transportation, Inc. ("Liberty") has a contract with the Debtor Defendants wherein Liberty must indemnify Debtor Defendants and pay attorneys' fees. Moreover, upon information and belief, certain insurance carriers insure the Debtor Defendants from these kinds of liabilities. Lastly, "[t]he cost of defending litigation, by itself, has not been regarded as constituting great prejudice, precluding

relief from the automatic stay." *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992). As such, this factor weighs in favor of granting the requested relief.

    *Sonnax* Factor 6:    *Whether the Action Primarily Involves Third Parties*

26.    The State Court Actions name other individuals and entities as defendants in addition to the Debtor Defendants and allege that all of the defendants were involved in the fatal collision causing multiple deaths and serious injuries. Given the interlocking nature of that scheme, it is not clear the extent to which the State Court Actions can be said to "primarily" involve third parties, so this *Sonnax* factor should not be given great weight one way or the other.

    *Sonnax* Factor 7:    *Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors*

27.    The State Court Actions provide a ready forum for the expeditious resolution of the Debtor Defendants' liability to the Movants – a benefit that will accrue to all parties, other creditors included. The other creditors in this bankruptcy proceeding would suffer no prejudice if the Court were to grant this Motion.

    *Sonnax* Factor 8:    *Whether the Judgment Claim Arising from the Other Action is Subject to Equitable Subordination*

28.    Movants have not engaged in any conduct that would subject their claims to equitable subordination, and no such allegation has been made by either the Debtor Defendants or by any other creditors. This factor, therefore, weighs in favor of the lifting of the stay.

    *Sonnax* Factor 9:    *Whether Movant's Success in the Other Proceeding Would Result in a Judicial Lien Avoidable by the Debtor Defendants*

29.    Movants' success in the State Court Actions would not result in a judicial lien avoidable by the Debtor Defendants. Accordingly, this *Sonnax* factor weighs in favor of granting the relief requested.

*Sonnax* Factor 10:     *The Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation*

30.     Courts have found that allowing a creditor to prosecute a claim in a pending action in another forum to fix the amount of a claim promotes the interests of judicial economy. *See, e.g., In re Fishgold,* 206 B.R. 50, 54 (Bankr. W.D.N.Y. 1997) (holding "in the interests of judicial economy, the determination of whether and in what amount [Plaintiffs] may have a valid [] claim can best be made by the District Court in that Action"). Moreover, as discussed above in connection with the second *Sonnax* factor, the State Court Actions will aid in resolving the issue of the Debtor Defendants' liability to Movants. Accordingly, the tenth *Sonnax* Factor weighs in favor of lifting the stay.

*Sonnax* Factor 11:     *Whether the Parties Are Ready for Trial in the Other Proceeding*

31.     Although the parties in the State Court Actions are not prepared for trial given that discovery is not complete, the parties are prepared to move ahead with that litigation expeditiously to continue readying this matter for trial. In fact, since the Debtor Defendants made their Bankruptcy filing, the Movants moved forward with preparing this matter for trial and conducted at least 10 non-debtor witness depositions. Additional non-debtor depositions are scheduled and/or are being planned for the coming months. Accordingly, this *Sonnax* factor should not be given great weight one way or the other.

*Sonnax* Factor 12:     *Impact of the Stay on the Parties and the Balance of Harms*

32.     The stay currently prevents Movants from trying their claims against all of the defendants in one forum. If this Court denies this Motion, Movants will have no choice but to proceed against the many non-debtor defendants in that forum while claims against the Debtor Defendants are adjudicated elsewhere. That duplicative litigation would be a clear and

10

substantial burden on Movants, as well as wasting judicial resources. Conversely, prosecution of all of the Movants' claims in the State Court Actions will not prejudice the Debtor Defendants.

## **RESERVATION OF RIGHTS**

33. Movants hereby reserve all objections and do not consent to venue and jurisdiction of this Court to adjudicate any matters affecting their death and/or personal injury claims, as well as any constitutional or other objections arising or within the scope of *Stern v. Marshall*, 564 U.S. 2 (2011). See also 28 U.S.C. §157(b)(2)(B).

34. Movants do not consent to entry of final orders or judgments by this Court if it is determined that this court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. See Local Rule 9013-1(h).

35. Movants hereby demand and/or renew their demands for jury trial.

36. Movants hereby reserve the right to amend, alter, and/or supplement their request for relief, as necessary.

## **MOTION PRACTICE**

37. Because the statutory provisions and authorities relied upon in support of this Motion are set forth herein, Movants submit that this Motion satisfies the requirement of Rule 9013-1(a) of the Local Rules.

## **NO PRIOR APPLICATION**

38. No prior application for the relief from stay, as sought herein, has been made to this or any other Court by Movants.

**WHEREFORE**, based on the foregoing, Movants respectfully request the entry of an Order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow Movants to prosecute their claims asserted in the State Court Actions.

Dated: March 26, 2019
       New York, New York

                   **CKR LAW LLP**

                   By: */s/ Edward L. Schnitzer*
                        Edward L. Schnitzer
                        A Member of the Firm
                 1330 Avenue of the Americas, 14th Floor
                 New York, NY 10019
                 Telephone:  (212) 259-7300
                 Facsimile:  (212) 259-8200
                 Email:  eschnitzer@ckrlaw.com

                   -and-

                 **TERSHEL & ASSOCIATES**
                 55 South Main Street
                 Washington, PA 15301
                 Telephone:  (724) 228-4700
                 Email:  jtakah@tershelandassociates.com

                   -and-

                 LAW OFFICE OF CLARK A. MITCHELL
                 17 S. College Street
                 Washington, PA 15301
                 Telephone:  (724) 229-9500
                 Email: clark@clarkamitchell.com

                 *Counsel for the Movants*