# Exhibit C

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY,
PENNSYLVANIA

|  |  |
|---|---|
| CARMINE MOLINARO, JR., and<br>COLETTE MOLINARO, Parents and Natural<br>Guardians of MCKENZIE MOLINARO,<br><br>                       **Plaintiffs,**<br><br>Vs.<br><br>DAVID M. ELSBURY, JR.,<br>MICHAEL D. ADAMS;<br>LIBERTY TRANSPORTATION, INC.,<br>HUNTER LEASING, LLC;<br>HUNTER LEASING, INC.;<br>IDEALEASE SERVICES, INC.;<br>IDEALEASE, INC.;<br>INNOVEL SOLUTIONS, INC.;<br>JOHN DOES 1-5 (names currently<br>unknown despite the best efforts of Plaintiffs,<br>but stated as other individuals or entities<br>responsible for the manufacture, design,<br>installation, maintenance, upkeep and repair<br>of the defective parts of the box truck in issue);<br>JOHN DOES 6-10 (names currently<br>unknown despite the best efforts of Plaintiffs,<br>but stated as any individual or entity with<br>knowledge of the defective nature of the<br>box truck in issue and who did not warn<br>and/or advise the appropriate parties<br>of the defects),<br><br>                       **Defendants.** | CIVIL DIVISION<br>No. 2018-130<br><br>Judge:  Hon. Katherine B. Emery<br><br>Type of Pleading:<br><br>**COMPLAINT IN CIVIL ACTION**<br><br>Filed on behalf of Plaintiffs,<br>Carmine Molinaro, Jr., and<br>Colette Molinaro, Parents and Natural<br>Guardians of McKenzie Molinaro.<br><br>Counsel of Record for this Party:<br><br>Clark A. Mitchell, Esquire<br>PA I.D.  No. 15864<br><br>Clark A. Mitchell, Esquire<br>17 South College Street<br>Washington, PA  15301<br>(724) 229-9500<br><br><br>JURY TRIAL DEMANDED |

NOT REDACTED

FILED

JUN 0 8 2018

J.S. RANKO
PROTHONOTARY

1

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY,
PENNSYLVANIA

| | |
|---|---|
| CARMINE MOLINARO, JR., and COLETTE MOLINARO, Parents and Natural Guardians of MCKENZIE MOLINARO, | CIVIL DIVISION |
| | No. 2018-130 |
| Plaintiffs, | Judge: Hon. Katherine B. Emery |
| Vs. | |

DAVID M. ELSBURY, JR.,
MICHAEL D. ADAMS;
LIBERTY TRANSPORTATION, INC.,
HUNTER LEASING, LLC;
HUNTER LEASING, INC.;
IDEALEASE SERVICES, INC.;
IDEALEASE, INC.;
INNOVEL SOLUTIONS, INC.;
JOHN DOES 1-5 (names currently
unknown despite the best efforts of Plaintiffs,
but stated as other individuals or entities
responsible for the manufacture, design,
installation, maintenance, upkeep and repair
of the defective parts of the box truck in issue);
JOHN DOES 6-10 (names currently
unknown despite the best efforts of Plaintiffs,
but stated as any individual or entity with
knowledge of the defective nature of the
box truck in issue and who did not warn
and/or advise the appropriate parties
of the defects),

        Defendants.

## NOTICE TO DEFEND AND CLAIM RIGHTS

To:    DAVID M. ELSBURY, JR.,MICHAEL D. ADAMS;LIBERTY
TRANSPORTATION, INC.,HUNTER LEASING, LLC;HUNTER LEASING,
INC.;IDEALEASE SERVICES, INC.;IDEALEASE, INC.;INNOVEL SOLUTIONS,
INC.;JOHN DOES 1-5 (names currently unknown despite the best efforts of Plaintiffs, but
stated as other individuals or entities responsible for the manufacture, design, installation,
maintenance, upkeep and repair of the defective parts of the box truck in issue); JOHN
DOES 6-10 (names currently unknown despite the best efforts of Plaintiffs, but stated as
any individual or entity with knowledge of the defective nature of the box truck in issue
and who did not warn and/or advise the appropriate parties of the defects),

You have been sued in Court.  If you wish to defend against the claims set forth in
the following pages, you must take action within twenty (20) days after this Complaint and
Notice are served by entering a written appearance personally or by attorney and filing in
writing with the Court your defenses or objections to the claims set forth against you.  You
are warned that if you fail to do so, the case may proceed without you and a judgment may
be entered against you by the Court without further notice for any money claimed in the
Complaint or for any claim or relief requested by the plaintiffs.  You may lose money or
property or other rights important to you.

YOU SHOULD TAKE THIS PAPERTO YOUR LAWYER AT AONCE.  IF YOU
DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH
BELOW.  THIS OFFICE CAN PROVIDE YOUW ITH INFORMATIONABOUT
HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE
ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY
OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO
FEE.

LAWYER REFERRAL SERVICE
Washington County Bar Association
119 South College Street
Washington, PA  15301
Telephone:  (724) 225-6710

SOUTHWESTERN  PA
LEGAL AID SOCIETY
10 West Cherry Avenue
Washington, PA  15301
Telephone:  (724) 225-6170

## COMPLAINT IN CIVIL ACTION
### (Jury Demand Endorsed Herein)

NOW, COMES THE Plaintiffs, Carmine Molinaro, Jr., and Colette Molinaro, Parents and Natural Guardians of McKenzie Molinaro, through their attorneys, Clark A. Mitchell, Esquire and files the following Complaint In Civil Action.

1.    All the events hereinafter complained of occurred on or about September 9, 2016, at approximately 4:15 p.m. in Harrison County, West Virginia.

2.    The Plaintiffs, Carmine Molinaro, Jr., and Collette Molinaro, are the parents and natural guardians of McKenzie Molinaro.

3.    Defendant, David M. Elsbury, Jr., (hereinafter referred to as "Defendant Elsbury") is an adult individual with a principal place of residence at 234 Kennedy Avenue, Masontown, Pennsylvania 15461, and at all times relevant hereto was a commercially licensed driver in the Commonwealth of Pennsylvania.

4.    At all times relevant hereto, Defendant Elsbury was an independent contractor who offered his services as a professional and commercially licensed driver.

5.    At all times relevant hereto, Defendant Elsbury was an employee, agent and/or servant of the Defendant, Liberty Transportation, Inc.

6.    Defendant, Michael D. Adams, (hereinafter referred to as "Defendant Adams" is an adult individual with a principal place of residence at 203 Gates Road, Adah, Pennsylvania, 15410.

7.    At all times relevant hereto, Defendant Adams was an employee agent and/or servant of the Defendant, Liberty Transportation, Inc.

8.    Defendant, Liberty Transportation, Inc., (hereinafter referred to as "Liberty Transport") is a Pennsylvania Business Corporation with its principal place of business at 955 Reedsdale Avenue, Pittsburgh, Pennsylvania 15212, and also has an office at 838 Croft

Road, Greensburg, Pennsylvania 15601 and is engaged in the business as a professional commercial carrier company which transports goods across the interstates and highways of various states including West Virginia and Pennsylvania.

9.    At all times relevant hereto, Defendant, Liberty Transport, has conducted continuous and substantial business in the State of West Virginia and Harrison County, West Virginia and at all times relevant was engaged in the business of providing services, loading, transporting goods, advertising, promoting, distributing, selling and otherwise placing into the stream of commerce goods and services related to being a professional commercial carrier of goods and otherwise conducting business in the State of West Virginia.

10.    At all times relevant hereto, Defendant, Liberty Transport, contracted with the Defendant Elsbury as an independent contractor to operate commercial box trucks for its benefit and on its behalf.

11    In the alternative, at all times relevant hereto, Defendant, Liberty Transport, employed Defendant Elsbury as an operator of commercial box trucks for its benefit and on its behalf.

12.    Defendant, Hunter Leasing, LLC, is a Pennsylvania limited liability company and is an affiliate of Idealease and PacLease, two (2) large national leasing organizations and has a principal office at 480 Pittsburgh Road, Butler, Pennsylvania 16002, as well as an office at 1 West Alexander Road, Valley Grove, West Virginia 26060, as well as 350 Poplar Street, Pittsburgh, Pennsylvania 15223.

13.    Defendant, Hunter Leasing, Inc., is a Pennsylvania corporation and is an affiliate of Idealease and PacLease, two (2) large national leasing organizations and has a principal office at 174 Oneida Valley Road, Butler, Pennsylvania 16002, as well as an

office at 1 West Alexander Road, Valley Grove, West Virginia 26060, as well as 350 Poplar Street, Pittsburgh, Pennsylvania 15223.

14.   At all times relevant hereto, the Defendants, Hunter Leasing, LLC and Hunter Leasing, Inc., will be referred to as "Hunter Leasing Defendants".

15.   At all times relevant hereto, the Hunter Leasing Defendants were the owners of a 2011 International Durastar, white in color, bearing Pennsylvania registration YZH5336 and/or were in care, custody and control of the above described box truck and were responsible for the maintenance, upkeep, and repair of said vehicle including the maintenance, repair, upkeep and installation of any other equipment necessary to properly operate said box truck.

16.   At all times relevant hereto, the 2011 International Durastar, white in color, bearing Pennsylvania registration YZH5336 will be referred to as "box truck".

17.   At all times relevant hereto, the box truck was in the possession of Defendant, Liberty Transport, for only several days before the date of the crash.

18.   At all times relevant hereto, the Hunter Leasing Defendants traded and did business as Hunter Idealease and engaged in the business of leasing organization which leased, rented and/or provided box trucks and other commercial transportation to various companies and specifically, Defendant Liberty Transport which transported goods on the interstates and highways of states including West Virginia.

19.   Defendant, Idealease Services, Inc., is an Illinois corporation with a principal place of business at 430 North Rand Road, North Barrington, Illinois 60010 and is a leasing organization affiliated with Hunter Leasing Defendants in order to lease, rent, and/or provide box trucks and other commercial transportation to companies including

Defendant Liberty Transport which transported goods across interstates and highways of various states including West Virginia.

20.    Defendant, Idealease, Inc., is an Illinois corporation with a principal place of business at 430 North Rand Road, North Barrington, Illinois 60010 and is a leasing organization affiliated with Hunter Leasing Defendants in order to lease, rent, and/or provide box trucks and other commercial transportation to companies including Defendant Liberty Transport which transported goods across interstate and highways of various states including West Virginia.

21.    At all times relevant hereto, the Defendants, Idealease Services, Inc., and Idealease, Inc., will be referred to as "Idealease Defendants".

22.    At all times relevant hereto, the Idealease Defendants were the owners of the above described box truck and/or were in care, custody and control of the above described box truck and were responsible for the maintenance, upkeep and repair of said vehicle including the maintenance, repair, upkeep and installation of any other equipment necessary to properly operate said box truck.

23.    Defendant, Innovel Solutions, Inc., (hereinafter referred to as "Defendant Innovel") is a member of the Sears Holdings Corporation (NASDAQ: SHLD) and is responsible for all logistical activity at more than 2,700 Sears-branded and affiliated stores through all 50 states, including West Virginia. Additionally, the company also provides logistics services to external clients. The principal office of Innovel Solutions, Inc. is 3333 Beverly Road, B2-116B, Hoffman Estates, Illinois 60517, and was formerly called Sears Logistics.

24.    At all times relevant hereto, all of the Defendants conducted continuous and substantial business in the State of West Virginia and all times relevant was engaged in the

7

business of providing services and goods, loading, hiring commercial carriers to transport goods, shipping goods, advertising, promoting, distributing, selling and otherwise placing into the stream of commerce goods and services related to being a professional shipper of goods.

25.    The Defendants, John Does 1 through 5, the identities of which are currently unknown, are all other individuals or entities, other than the above named Defendants and their employees, which were responsible for the manufacturing, designing, installation, maintenance, upkeep repair, and replacement of defective parts of the box truck which caused the below described cash.

26.    The Defendants, John Does 6 through 10, are any manufacturers, sellers, persons and/or entities with knowledge of the defective nature of the box truck that did not warn and/or advise the appropriate parties not to operate said truck; thereby acting in a negligent and reckless manner.

## **AVERRED FACTS**

27.    Paragraphs 1 through 26, above, are incorporated by reference herein as though more fully set forth hereinafter.

28.    Prior to September 2016, Defendant, Liberty Transport, entered into a full service lease for commercial vehicles which included the box truck described previously in this Complaint with Hunter Leasing Defendants and/or Idealease Defendants which included, at lease, the following terms:

(a)    A full service lease from Hunter Leasing/Idealease Defendants allowed Defendant Liberty Transport to pay even more attention to serving its Customers and growing its business.

(b)    It was represented by Hunter Leasing Defendants and/or Idealease Defendants that they would provide industry-leading vehicles that are backed by superior fleet maintenance.

(c)    It was represented that 24/7 roadside assistance would be provided.

(d)    Professional vehicle maintenance by Hunter Leasing/Idealease Defendants.

(e)    Dedicated Maintenance.

(f)    Mobile Service (at designated locations).

(g)    Periodic state and federal inspections.

(h)    24/7 Roadside Assistance.

(i)    Fleet Services.

(j)    Fuel Card with U.S. and Canada fuel tax reporting.

(k)    Vehicle licensing, permitting, legalization.

(l)    Motor Vehicle Report Service.

(m)    Telematics Services.

(n)    Safety & Compliance training and consultation.

(o)    Driver training to reduce driver turnover.

(p)    Replacement rental vehicles

(q)    Discounted rental vehicles.

29.    At all times relevant hereto, Defendant Liberty Transport entered into a

Contract with the Innovel Defendant where the following terms were included, but not

limited to:

(a)    Transportation of goods from the Innovel Defendant's store locations to destinations in West Virginia.

(b)    Motor Vehicle Report Service.

(c)    Telematics Services.

(d)    Safety and Compliance training and consultation.

(e)    Driver training to reduce driver turnover.

(f)    Insurance requirements of companies transporting Innovel's goods.

30.    At all times relevant hereto, Defendant Elsbury was operating the above

described box truck as an independent contractor for Defendant Liberty Transport and was

dispatched by this Defendant to pick up goods which were to be shipped from locations of

Innovel Defendant to locations in and/or around and/or through Harrison County, West

Virginia.

31.    In the alternative, Defendant Elsbury was operating the above described box

truck as an employee of Defendant Liberty Transport and was dispatched by said

Defendant Liberty Transport to pick up goods and make deliveries in and around Harrison

County, West Virginia as aforesaid.

32.    At all times relevant hereto, Defendant Elsbury did not do adequate pre-

inspections before operating said box truck on September 9, 2016.

33.    At all times relevant hereto, Defendant Adams, was an operator and/or co-

driver of the box truck.

34.    At all times relevant hereto, Defendant Adams did not do any pre-

inspections before operating said box truck on September 9, 2016.

35.    At all times relevant hereto, the Defendants knew or should have known the

following about the Defendant Elsbury and his driver history:

(a)    Defendant Elsbury pled guilty to operating a vehicle without a valid
Inspection on July 18, 2016;

(b)    Defendant Elsbury pled guilty to failure to use a seat belt on July 18,
2016;

(c)    Defendant Elsbury pled guilty to failure to obey traffic control devices
On March 15, 2016; and

(d)    Defendant Elsbury pled guilty to failure to obey traffic control devices
On August 7, 2014.

36.    At all times relevant hereto, the Defendants should have known of the box truck's maintenance history and/or inspection history and/or operation history which would have shown that this box truck was not safe for operation on any public state highways.

37.    On or about September 9, 2016, Defendant Elbury and Defendant Adams were operating the above described box truck on Interstate 79 northbound with goods of the Defendant Innovel.

38.    At all times relevant hereto, the Defendant Innovel determined, directed, ordered, controlled and/or instructed Defendant Liberty Transport and Defendant Elsbury as to how, when, where and what was to be delivered to the Defendant Innovel's clients/customers.

30.    On September 9, 2016, Defendant Elsbury and/or Defendant Adams operated the above described box truck in the following manner:

(a)    0911 hours – Speeding – 75.9 mph – Interstate 79 Morgantown
(b)    0915 hours – Speeding – 80.9 mph – Interstate 79 Morgantown
(c)    0930 hours – Speeding – 78.6 mph – Interstate 79 Fairmont
(d)    0938 hours – Watch Moving – 78.9 mph – Fairmont
(e)    0948 hours – Speeding – 75.7 mph – Interstate 79 Bridgeport
(f)    0951 hours – Speeding – 78.2 mph – Interstate 79 Clarksburg
(g)    1001 hours – Speeding – 77.2 mph – Interstate 79 Lost Creek
(h)    1307 hours – Hard braking – 16.3 mph – Copley Road Weston
(i)    1313 hours – Hard cornering – 33 mph – Copley Road Weston
(j)    1319 hours – Hard cornering – 37.2 mph – Copley Road Weston
(k)    1457 hours – Hard cornering – 16.2 mph – Sand Ford Glenville
(l)    1473 hours – Hard cornering – 28.9 mph – Smith Run Weston

40.    On or about September 9, 2016, Defendant Elsbury and Defendant Adams were traveling northbound on State Route 79 in Harrison County, West Virginia and at all times relevant hereto was within his scope of the employment and/or contract with the Defendant Liberty Transport.

41.    At all times relevant hereto, Defendant Elsbury was required to adhere to the logistics/plans of the Defendant Innovel and/or Defendant Liberty Transport.

42.    On September 9, 2016, Defendant Elsbury did not have sufficient time to make all of the deliveries to the specifications required by the Defendant Innovel and/or Defendant Liberty Transport.

43.    The Plaintiff, McKenzie Molinaro, was a passenger in a vehicle being operated by Decedent, Rhoda Malone, who was operating her minivan in a southbound direction going to a church event located in West Virginia.

44.    Suddenly and without warning, Defendant Elsbury left his lane of travel on I-79 northbound in Harrison County, West Virginia, crossed the median and entered the lane of the minivan operated by the Decedent, Rhoda Malone, and violently struck the minivan which caused the injuries to McKenzie Molinaro.

45.    At all times relevant hereto, Defendant Elsbury acted negligently and recklessly resulting in the accident set forth herein.

46.    After the accident, which is the subject matter of this Complaint in Civil Action, Defendant Elsbury stated the following to the police:

> Driver 1 stated he was traveling northbound and he said his father asked him what the clicking noise was. Driver 1 stated at that time he went into the left lane and he could not control the vehicle. Driver 1 stated he was attempting to roll the vehicle onto its side but vehicle 1 crossed the median and struck vehicle 2 traveling south bound on I-79. Driver 1 stated he believed something broke in front end causing him to swerve to the left.

47.    In the alternative, the above statement from Defendant Elsbury indicated that the collision was wholly or partially due to a defect of the box truck and/or a failure to maintain/inspect/repair properly by the Hunter Leasing Defendants and/or Ideal lease Defendants and causing the steering of the box truck to fail and Defendant Elsbury to lose control of the vehicle resulting in a violent collision with the minivan in which the Plaintiff, McKenzie Molinaro, was a passenger.

48.    At all times relevant hereto, the only maintenance performed on the box truck was by the Hunter Leasing Defendants and/or Idealease Defendants through their employees, agents and/or contractors.

49.    On September 9, 2016, McKenzie Molinaro was seriously injured with the primary cause of injuries from the motor vehicle collision.

50.    Prior to this incident, Defendants John Does 1 through 5 negligently, recklessly and/or are strictly liable for the damage or defect to this box truck which made it unreasonably dangerous to operate due to a defect which caused the collision on September 9, 2016.

51.    At no time did the employees, agents or representatives of Defendants John Does 1 through 5 warn and advise the co-Defendants and/or the public of the defective nature of the product which caused this collision.

52.    Prior to this incident, Defendants John Does 6 through 10 manufactured, designed, and/or failed to warn the public of a defective part and/or parts in the box truck which caused the accident indentified herein.

### COUNT I – NEGLIGENCE
**Plaintiffs v. Defendant Elsbury**

53.    Paragraphs 1 through 52, above, are incorporated by referenced herein as through more fully set forth hereinafter.

54.    All of the injuries and damages hereinafter set forth were the direct and proximate result of the carelessness, recklessness and negligence of the defendant driver, Defendant Elsbury, generally and in the following particulars:

   (a)    In operating the box truck in a dangerous and reckless speed under the circumstances.

   (b)    In failing to have the box truck under proper control;

13

(c)    In operating the box truck in such a manner that it crossed the median and entered oncoming traffic on Interstate 79 at the time and place of the accident;

(d)    In operating the box truck in the incorrect direction for travel on Interstate 79 at the time and place herein;

(e)    In failing to perform an adequate pre-operation inspection;

(f)    In failing to adequately monitor the operation and performance of the box truck while driving;

(g)    In causing the box truck to approach and collide with northbound vehicles on Interstate 79 at the time and place identified herein;

(h)    In failing to provide adequate signal and notice of the operation and intent to operate the box truck in the incorrect direction on Interstate 79 at the time and place identified herein;

(i)    In failing to adequately signal or sound the horn to give warning to approaching vehicles of his direction of travel at the time and place identified herein;

(j)    In operating the box truck in such a fashion so as to cause and require the driver of the minivan of which the plaintiff was a passenger to apply her brakes in an emergency fashion and attempt to avoid impact thereby creating an unreasonably dangerous situation based on the circumstances then and there existing;

(k)    In operating the box truck in such a fashion so as to cause the same to collide with the minivan of which the plaintiff was a passenger at the time and place identified herein;

(l)    In failing to observe the care and caution required under the circumstances then and there existing on September 9, 2016;

(m)    In violating various Statues and Municipal Ordinances pertaining to the operation of motor vehicles on public thoroughfares under the circumstances then and there existing on September 9, 2016; and

(n)    Being inattentive and in failing to maintain a sharp lookout of the road, his vehicle and the condition of traffic surrounding the defendant driver, Defendant Elsbury.

55.    The defendant driver, Defendant Elsbury, was negligent and reckless because he breached his duties to Plaintiff, McKenzie Molinaro, to drive the box truck in a safe and reasonable manner under the circumstances.

56.    Further defendant driver, Defendant Elsbury's conduct demonstrated a conscious disregard of the known risks to Plaintiff, McKenzie Molinaro, and to the rest of the public by operating his box truck in the manner stated.

57.    The direct and proximate result of the defendant driver, Defendant Elsbury's negligence and recklessness, was the injuries sustained by Plaintiff, McKenzie Molinaro.

WHEREFORE, Plaintiffs, Carmine Molinaro, Jr., and Colette Molinaro, Parents and Natural Guardians of McKenzie Molinaro, pray for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Plaintiffs for their losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

### COUNT II – NEGIGENCE PER SE
**Plaintiffs v. Defendant Elsbury**

58.    Paragraphs 1 through 57, above, are incorporated by reference herein as though more fully set forth hereinafter.

59.    The defendant driver, Defendant Elsbury, violated the laws of West Virginia and its regulations by, among other things operated his box truck in an unsafe condition; driving at a speed that was too fast for the conditions; failed to maintain his lane of travel; failed to perform the necessary inspections; and otherwise failed to comply with the laws of the State of West Virginia.

60.    As a direct and proximate result of the defendant driver, Defendant Elsbury's violations of state and federal statutes and regulations, the Plaintiffs sustained the damages described in causes of action herein.

WHEREFORE, Plaintiffs, Carmine Molinaro, Jr. and Colete Molinaro, Parents and Natural Guardians of McKenzie Molinaro, pray for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Plaintiffs for their losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT III – VICARIOUS LIABILITY
### Plaintiffs v. Defendant Liberty Transport and Defendant Elsbury

61.    Paragraphs 1 through 60 above are incorporated by reference herein as though more fully set forth hereinafter.

62.    At all relevant times, the defendant driver, Defendant Elsbury, was the Defendant Liberty Transport's agent, employee, servant, and/or independent contractor and was acting within the course and scope of his employment, under the direct control of the Defendant Liberty Transport.

65.    Accordingly, the Defendant Liberty Transport is vicariously liable for the Defendant Elsbury's aforesaid negligence and conduct and all damages proximately caused by such negligence and conduct.

WHEREFORE, Plaintiffs, Carmine Molinaro, Jr. and Colette Molinaro, Parents and Natural Guardians of MCKENZIE Molinaro, prays for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate for the Plaintiffs for their losses, injuries, punitive damages to deter such future conduct by the

16

Defendants named herein for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT IV – NEGLIGENCE
### Plaintiff v. Defendant Liberty Transport and Defendant Elsbury

64.     Paragraphs 1-63, above, are incorporated by referenced herein as though more fully set forth hereinafter.

65.     Defendant Liberty Transport had a duty to act reasonably in hiring, contracting, employing, supervising and retaining Defendant Elsbury and failing to adopt and enforce policies, procedures and rules to ensure that its vehicles were maintained properly and that its drivers were competent, adequately trained and operated vehicles appropriately.

66.     Defendant Liberty Transport's conduct demonstrated a  conscious disregard of the known risks to the Plaintiff, MCKENZIE Molinaro, and to the public.

67.     Defendant Liberty Transport breached its aforementioned duties and those breaches directly and proximately caused the damages described in this Complaint in Civil Action.

WHEREFORE, Plaintiffs, Carmine Molinaro, Jr., and Colette Molinaro, Parents and Natural Guardians of MCKENZIE Molinaro, pray for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Plaintiffs for their losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper,

## COUNT V - NEGLIGENCE PER SE
### Plaintiffs v. Defendant Liberty Transport and Defendant Elsbury

68.    Paragraphs 1 through 67 above are incorporated by reference herein as though more fully set forth hereinafter.

69.    Defendant Liberty Transport violated and caused Defendant Elsbury to violate various statues and regulations.

70.    As a direct and proximate result of the Defendant Liberty Transport's violations of various statutes and regulations, designed to protect the public people, the Plaintiff, MCKENZIE Molinaro, sustained damages more fully set forth in this Complaint in Civil Action.

WHEREFORE. Plaintiffs, Carmine Molinaro, Jr., and Colette Molinaro, Parents and Natural Guardians of MCKENZIE Molinaro, pray for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Plaintiffs for their losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## COUNT VI - VICARIOUS LIABILITY
**Plaintiffs v. Idealease Defendants and Hunter Leasing Defendants**

71.    Paragraphs 1 through 70, above, are incorporated by reference herein as though more fully set forth hereinafter.

72.    At all relevant times, Defendant Elsbury was a contractor, agent, employee, or servant of Hunter Leasing Defendants and/or Idealease Defendants and was acting within the course and scope of his employment and/or contract under the direct control of the Idealease Defendants and Hunter Leasing Defendants.

73.    Accordingly, Idealease Defendants and Hunter Leasing Defendants are vicariously liable for the Defendant Elsbury's aforementioned negligence and for any damages proximately caused by such conduct.

18

WHEREFORE. Plaintiffs, Carmine Molinaro, Jr., and Colette Molinaro, Parents and Natural Guardians of MCKENZIE Molinaro, pray for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Plaintiffs for their losses, injuries. punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

### COUNT VII - NEGLIGENCE
**Plaintiffs v. Idealease Defendants and Hunter Leasing Defendants**

74.    Paragraphs 1 through 73, above, are incorporated by reference herein as though more fully set forth hereinafter.

75    Idealease Defendants and Hunter Leasing Defendants had a duty to act reasonably in contracting, hiring, training, supervising and retaining the person and/or entities responsible for the maintenance of the box truck, inspections and/or any other actions to ensure that the vehicle being leased was safe and operational for public driving.

76.    Idealease Defendants and Hunter Leasing Defendants had a duty to reasonably inspect. maintain and/or provide trucks that were safe. operational, and in conformance with the laws applicable to driving upon public roadways and to adopt and enforce policies. procedures and rules to ensure that its contractors, employees, agents

and/or servants acted in a manner that reasonably assured that its vehicle(s) were safe and operational as advertised, properly maintained, safely and inspected.

77.    Idealease Defendants and Hunter Leasing Defendants had a duty to warn Defendant Liberty Transport and or Defendant Elsbury, and the public, that its truck was not in good working order and that it would not be safe for operation on any public highway.

78.    Idealease Defendants and Hunter Leasing Defendants demonstrated a conscious disregard of the known risks to the Plaintiffs and the public.

79.    Idealease Defendants and Hunter Leasing Defendants negligently and recklessly breached its duties to the Plaintiffs and public, the breaches directly and proximately caused the damages described in this cause of action.

WHEREFORE, Plaintiffs, Carmine Molinaro, Jr., and Colette Molinaro, Parents and Natural Guardians of MCKENZIE Molinaro, pray for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Plaintiffs for their losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

### VIII - NEGLIGENCE PER SE
**Plaintiffs v. Idealease Defendants and Hunter Leasing Defendants**

80.    Paragraphs 1 through 81, above, are incorporated by reference herein as though more fully set forth hereinafter.

81.    Idealease Defendants and Hunter Leasing Defendants violated, permitted and encouraged defendant driver, Defendant Elsbury, to violate various laws and regulations.

82.    As a direct and proximate result of the Idealease Defendants' and Hunter Leasing Defendants' negligent and reckless violations of these various laws and regulations, the Plaintiffs suffered the damages described in causes of action above and below.

WHEREFORE, Plaintiffs, Carmine Molinaro, Jr. and Colette Molinaro, Parents and Natural Guardians of MCKENZIE Molinaro, pray for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Plaintiffs for their losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

### IX - VICARIOUS LIABILITY
**Plaintiffs v. Defendant Innovel**

83.    Paragraphs 1 through 82, above, are incorporated by reference herein as though more fully set forth hereinafter.

84.    At all relevant times, Defendant Innovel was the agent, contractor, employer, statutory employer, or otherwise responsible for the acts other Defendants. Accordingly, Defendant Innovel is vicariously liable for the Defendants' aforementioned negligence and any damages proximately caused said negligence and conduct.

WHEREFORE, Plaintiffs, Carmine Molinaro, Jr., and Colette Molinaro, Parents and Natural Guardians of MCKENZIE Molinaro, pray for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Plaintiffs for their losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## X - NEGLIGENCE
### Plaintiffs v. Defendant Innovel

85.    Paragraphs 1 through 84, above, are incorporated by reference herein as though more fully set forth hereinafter.

86.    Defendant Innovel had a duty to act reasonably in contracting for delivery and in advising in the hiring and retaining the defendant driver, Defendant Elsbury, and to adopt and enforce policies, procedures and rules to ensure that Defendant Liberty Transport, its agents, employees and subcontractors had the experience, training and knowledge to safely operate the box truck which is the subject matter of this Complaint in Civil Action.

87.    Defendant Innovel's conduct demonstrated a conscious disregard of the known risks to the Plaintiff and the public.

88.    Defendant Innovel negligently and recklessly breached the duties described above, which directly and proximately caused the damages described in this Complaint in Civil Action.

WHEREFORE, Plaintiffs, Carmine Molinaro, Jr. & Colette Molinaro, Parents & Natural Guardians of MCKENZIE Molinaro, pray for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Plaintiffs, for their losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for

22

attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

### XI - NEGLIGENCE PER SE
### Plaintiffs v. Defendant Innovel

89.    Paragraphs 1 through 88 above are incorporated by reference herein as though more fully set forth hereinafter.

90.    Defendant Innovel knew or should have known that the defendant driver, Defendant Elsbury, violated state statutes and regulations, permitted, encouraged and was complicit in these violations.

91.    As a direct and proximate result of Defendant Innovel's negligent and reckless violations of state and federal statutes and regulations and knowledge and participation in Defendant Liberty Transport's violating state statutes and regulations, the Plaintiffs suffered the damages described in causes of action above and below.

WHEREFORE, Plaintiffs, Carmine Molinaro, Jr. and Colette Molinaro, Parents and Natural Guardians of MCKENZIE Molinaro, pray for judgment against all Defendants, jointly and severally, for an amount to fairly and adequately compensate the Plaintiffs for their losses, injuries, punitive damages to deter such future conduct by the Defendants named herein, for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

WHEREFORE, Plaintiffs, Carmine Molinaro, Jr. and Colette Molinaro, Parents and Natural Guardians of MCKENZIE Molinaro, pray for judgment against all of the Defendants, jointly and severally, for an amount to fairly and adequately compensate the Plaintiffs for their losses, injuries, punitive damages to deter such future conduct by the Defendants named herein,

for attorneys' fees and for costs incurred, interest, and for such other further relief as this Court deems just and proper.

## DAMAGES

92.    The Plaintiffs reiterate and re-alleges the facts and allegations set forth in the previous paragraph 1 through 91.

93.    As a direct and proximate result of the above referenced negligence and/or recklessness of all of the Defendants, the Plaintiff, MCKENZIE Molinaro, from the time of recognition of the approaching box truck, through the time of her injuries, suffered great physical and mental pain, shock, terror and agony.

Respectfully submitted,

Clark A. Mitchell, Esquire
(Attorney for Plaintiffs)
PA I.D. No. 15864
17 South College Street
Washington, PA  15301

<u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the *Public Access Policy*

*of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts*

that require filing confidential information and documents differently than non-confidential

information and documents.

Submitted by:

Clark A. Mitchell, Esquire
PA I.D. No. 15864
Attorney for Plaintiffs

25

## VERIFICATION

We. Carmine Molinaro, Jr., and Colette Molinaro, verify that the statements

made in the within Complaint In Civil Action are true and correct to the best of our

knowledge, information and belief.  We understand that false statements made herein are

made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to

authorities.

Carmine Molinaro, Jr.

Colette Molinaro

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Complaint In Civil Action was served by

postage prepaid, U.S. First Class Mail on this 8th day of June, 2018, upon the

following counsel of record:

*(Attorney for Defendants,*
*David M. Elsbury, Jr.*
*& Michael Adams)*
Tanya Kesner, Esquire
Kesner & Kesner, PLLC
P. O. Box 2587
112 Capitol Street
Charleston, WV  25329

*(Counsel for Defendant,*
*Liberty Transportation, Inc.)*
Christopher T. Yoskosky, Esquire
Joseph T. Butcher, Esquire
Zimmer Kunz, PLLC
310 Grant Street, Suite 3000
Pittsburgh, PA  15219

*(Counsel for Defendant,*
*Hunter Leasing, LLC &*
*Hunter Leasing, Inc.)*
Kathryn M. Kenyon, Esquire
Meyer Unkovic Scott
Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA  15222

*(Counsel for Defendant,*
*Idealease Services, Inc., and*
*Idealease, Inc.)*
Peter B. Skeel, Esquire
Snyder and Andrews
2559A Brandt School Road
Wexford, PA  15090

*(Attorney for Defendant, David Elsbury)*
Mark Lane, Esquire
Dell, Moser, Lane, Loughney
Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219

*(Counsel for Defendant,*
*Liberty Transportation, Inc.)*
Victor Flanagan, Esquire
Jonathan J. Jacks, Esquire
Pullin,Fowler,Flanagan,Brown&Poe,PLLC
2414 Cranberry Square
Morgantown, WV  26508

*(Counsel for Defendant,*
*Innovel Solutions, Inc.)*
W. Michael Moore, Esquire
Moore & Biser Law Group PLLC
317 Fifth Avenue
South Charleston, WV  25303

Clark A. Mitchell, Esquire
Attorney for Plaintiff