## **EXHIBIT A**

Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** <br><br> **SEARS HOLDINGS CORPORATION**, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 18-23538 (RDD) <br><br> (Jointly Administered) |

**ORDER GRANTING MOTION OF
WASTE MANAGEMENT NATIONAL SERVICES, INC.
FOR AUTHORIZATION TO CEASE PROVIDING SERVICES TO
THE BUYER THROUGH THE SERVICES AGREEMENT BETWEEN
THE BUYER AND THE DEBTORS ABSENT AN ASSUMPTION AND
ASSIGNMENT OF THE AMENDED AND RESTATED WASTE HAULING
AND RECYCLING MASTER SERVICES AGREEMENT TO THE BUYER**

Upon the motion [ECF No. __] (the "Motion")[2] of Waste Management National Services, Inc. (together with its affiliates, "WM"), pursuant to sections 105(a), 365(b) and 365(d)(2) of title 11 of the United States Code and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure, requesting an order from the Court authorizing WM to cease providing services to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Buyer through the Services Agreement between the Debtors and the Buyer, absent an assumption and assignment of the Amended and Restated Waste Hauling and Recycling Master Services Agreement (the "MSA") to the Buyer and payment of the Actual Cure Amount; and upon the declaration of Angelo Costantini in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.), consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances and no other or further notice need be provided; and the Court having reviewed and considered the Motion, any objections to the Motion, the arguments of counsel made, and the evidence proffered or adduced, at any hearing held on the Motion; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. WM is authorized to immediately cease providing services for, and retrieve all of WM's equipment from, the stores and other premises that were sold to the Buyer (or immediately upon the transfer of any stores and other premises that may be sold to the Buyer in the future), unless: (i) by the Cessation Date (April 12, 2019) the MSA is assumed by the Debtors and assigned to the Buyer; and (ii) the Actual Cure Amount is paid to WM upon such assignment.

3. WM shall not be liable to the Debtors or to the Buyer for any damages,

---

[2]   Capitalized terms used but not defined in this order have the meanings ascribed to them in the Motion.

including but not limited to incidental, indirect, special or consequential damages, resulting from WM's actions or inactions (including WM's cessation of services and retrieval of equipment) authorized by this Order.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
     White Plains, New York

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE