

**EXHIBIT**

**1**

FILED

2017 JAN -9 AM 10: 59

SHARON GARNETT
CIRCUIT COUNTY CLERK
YELL CO. DANVILLE DIST.

PLAINTIFF

### IN THE CIRCUIT COURT OF YELL COUNTY, ARKANSAS
### DANVILLE DISTRICT/DIVISION __2__

MARTHA G. WEST                                                    PLAINTIFF

V.                              NO. 75SCV-17-_2___

SEARS, ROEBUCK AND CO.                                           DEFENDANT

### COMPLAINT

Plaintiff, Martha G. West, by and through her attorneys, Peel Law Firm, P.A., and for her Complaint, states that:

### PARTIES AND JURISDICTION

1.    Plaintiff, Martha G. West (hereinafter "Plaintiff"), was at all times relevant to this action an individual residing in Yell County, Arkansas.

2.    Defendant, Sears, Roebuck and Co. (hereinafter "Defendant") was at all times relevant to this action a corporation registered to do business in the state of Arkansas and actively conducting business throughout the state.

3.    The acts and events giving rise to this action occurred on Defendant's business premises in Pulaski County, Arkansas.

4.    This Court has jurisdiction over the parties and subject matter.

5.    Venue is proper in this Court pursuant to Arkansas Code Annotated Section 16-60-101.

## FACTS

6.   Plaintiff hereby incorporates and re-alleges paragraphs 1 through 5 as if set forth word for word herein.

7.   On or about January 29, 2015, Plaintiff traveled to the Defendant's business premises located at 600 South University Avenue, Little Rock, Pulaski County, Arkansas (herein "business premises").

8.   At all times relevant hereto, Plaintiff was on the business premises lawfully and rightfully, as a business invitee.

9.   At all times relevant hereto, Defendant's employees or agents controlled, maintained, operated and possessed the business premises and owed a duty of care to provide for the safety of Defendant's business invitees.

10.   On or prior to January 29, 2015, Defendant's employees or agents negligently and carelessly assembled a display model comprising a bar and barstools in the outdoor furniture section of the business premises for the purpose of advertising the display items for sale to the public.

11.   On January 29, 2015, in the course of a shopping trip with her husband at the business premises, Plaintiff sat on the barstool and placed her right elbow on the displayed bar at which time the barstool collapsed due to its improper and negligent assembly.

12.   The actions of the employees or agents of Defendant in

2

the negligent assembly of the bar and barstool violated the duty of care owing to Plaintiff and other business invitees, created a condition on the business premises that was not open or obvious, and created an unreasonable risk of harm to Plaintiff and other business invitees.

13.    When the barstool collapsed, Plaintiff fell to the floor and the resultant impact directly and proximately caused severe injuries and pain to Plaintiff's right shoulder, back, and head, requiring surgery and other medical treatment.

14.    As a direct and proximate result of the negligent acts of Defendant's employees or agents, Plaintiff has been required to incur significant expenses for her medical care and treatment and will more likely than not require future medical care and treatment, and thereby incur additional medical expenses.

## COUNT I. NEGLIGENCE

15.    Plaintiff hereby incorporates and re-alleges paragraphs 1 through 14 as if set forth word for word herein.

16.    At all times relevant to this action, Defendant had a duty to Plaintiff as a business invitee to use ordinary care to maintain the business premises in a safe condition.

17.    Defendant knew or should have known that failing to properly assemble and maintain the bar and barstool display would cause an unreasonably dangerous condition likely to cause injury to its business invitees.

18. Defendant knew or should have known that business invitees (including Plaintiff) would sit on the display model barstool while shopping at the business premises and that the invitees would not be aware of its dangerous condition as no warnings or precautions were posted by Defendant.

19. Defendant owed a duty to business invites, including Plaintiff, to anticipate the risk of harm to invitees and take precautions to guard against such harm.

20. Defendant, by and through its authorized employees or agents breached its duty to Plaintiff by failing to properly train or supervise its employees or agents in regard to the assembly and maintenance of the display model, by negligently and carelessly assembling and maintaining the display model, and by failing to implement precautionary measures to prevent and/or remove any such dangerous conditions. This breach created an unsafe condition for business invitees such as Plaintiff.

21. The acts of Defendant's employees or agents occurred within the course and scope of their employment with Defendant and as such are directly attributable to Defendant.

22. Defendant carelessly and negligently failed to warn its business invitees and patrons, and more particularly the Plaintiff, of the presence of the dangerous condition as set forth herein, maintained and operated by it, and knew or reasonably should have known that failure to warn the Plaintiff of the condition would

4

result in injury and damages.

23.    As a direct and proximate result of Defendant's acts, or failures to act, as set forth herein, Plaintiff suffered damages including temporary and permanent physical injury, pain and suffering, and the cost of medical care and treatment.

### COUNT II. RES IPSA LOQUITUR.

24.    Plaintiff hereby incorporates and re-alleges paragraphs 1 through 23 as if set forth word for word herein.

25.    The alleged injuries to Plaintiff were attributable to aspects of the business premises (namely the bar and barstool display described herein) which were under the exclusive control of Defendant.

26.    In the normal course of events, no injury would have occurred if Defendant had used ordinary care in the assembly and maintenance of the bar and barstool under its exclusive control.

27.    As a direct and proximate result of Defendant's acts, or failures to act, as set forth herein, Plaintiff suffered damages including temporary and permanent physical injury, pain and suffering, and the cost of medical care and treatment.

### PRAYER FOR RELIEF

28.    Plaintiff hereby incorporates and re-alleges paragraphs 1 through 27 as if set forth word for word herein.

29.    As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to the following damages, taking into account

the nature, extent, duration, and permanency of her injuries, and in any event in an amount exceeding that required for federal court jurisdiction in diversity of citizenship cases:

a.   Past and present medical care, treatment, services, expenses, and costs;

b.   Future medical care, treatment, services, expenses, and costs;

c.   Past and present pain, suffering, and mental anguish;

d.   Future pain, and suffering.

30.   Plaintiff respectfully requests the costs of litigating this case.

31.   Plaintiff requests trial by jury.

**WHEREFORE**, Plaintiff, Martha G. West, respectfully requests that this Court grant her judgment against Defendant for the relief sought herein, for her costs, and for any and all other just and proper relief to which she may be entitled.

MARTHA G. WEST
PLAINTIFF

BY: _____

JOHN R. PEEL
PEEL LAW FIRM, P.A.
120 SOUTH GLENWOOD
P.O. BOX 986
RUSSELLVILLE, AR 72811
(479) 968-4000

ATTORNEY FOR PLAINTIFF