**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER ON MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO FILE UNDER SEAL THE DECLARATION OF TERRENCE E. ROLECEK AND THE ACCOMPANYING EXHIBITS**

Upon the unopposed motion (the "Motion")[2] of Transform Holdco LLC (the "Buyer" or "Transform") for entry of an order (this "Order") under 11 U.S.C. § 107 authorizing Transform to file portions of the Rolecek Declaration and exhibits thereto under seal; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

1409; and the Court having found that Transform provided appropriate notice of the Motion and that no other notice or hearing is required; and after due deliberation this Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for the relief granted herein, in that the proposed information that the Motion seeks to restrict from the public docket of this case is properly protected under 11 U.S.C. § 107(b)(1) as confidential commercial information; now, therefore, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. Transform is authorized (a) to file the Rolecek Declaration and exhibits thereto under seal (the "Sealed Documents"), by providing them to the Clerk's Office at 300 Quarropas Street along with a copy of this Order, and (b) to file a redacted version thereof on the public docket of this case; provided, that Transform redact only that information that is considered confidential and commercially sensitive as previously disclosed to the Court, subject to further order of the Court, pursuant to sections 105(a) and 107(b)(1) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3. Except upon further order of the Court after notice to Transform, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the consent of Transform, with the exception that unredacted copies of the Sealed Documents shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Sellers (on a confidential and "professional eyes only" basis), and (d) any other party as may be ordered by the Court or agreed to by Transform and a counterparty to any such Document, in each case, under appropriate confidentiality agreements satisfactory to Transform. Each party to whom disclosure is made shall keep the Sealed Documents confidential.

4. Transform is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6. Counsel for Transform shall contact the Clerk's Office regarding the return or other disposition of the Sealed Documents within 10 days after resolution of the Turnover Motion. Upon Transform's failure to do so, the Clerk of the Court is authorized to destroy the Sealed documents.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: March 27, 2019
      White Plains, New York

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE