**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | ) Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) Case No. 18-23538 (RDD) |
| Debtors. | ) (Jointly Administered) |

**MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO (1) FILE UNDER SEAL PORTIONS OF TRANSFORM HOLDCO LLC'S INITIAL SUPPLEMENTAL BRIEF IN RESPONSE TO DEBTORS' MOTION TO (A) ENFORCE ASSET PURCHASE AGREEMENT AND AUTOMATIC STAY AGAINST TRANSFORM HOLDCO LLC AND (B) COMPEL TURNOVER OF ESTATE PROPERTY AND (2) FILE IN NATIVE FORMAT**

Transform Holdco LLC (the "Buyer" or "Transform"), the buyer under a certain Asset Purchase Agreement, dated as of January 17, 2019, by and among Sears Holdings Corporation ("SHC"), each of SHC's subsidiaries party thereto (together with SHC, the "Sellers," collectively with respect to SHC's chapter 11 affiliates, the "Debtors," and together with Transform, the "Parties") and Transform (as may be amended, restated, supplemented or modified from time to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

time, the "APA"),[2] by and through its undersigned counsel, respectfully submits this motion (the "Motion") for entry of an order (the "Order") authorizing Transform Holdco LLC (1) to file under seal certain portions of *Transform Holdco LLC's Initial Supplemental Brief in Further Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property* (the "Initial Brief"); the *Declaration of Jon Goodin in Support of Transform Holdco LLC's Initial Supplemental Brief in Further Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property* (the "Goodin Declaration") and the exhibits thereto; the *Supplemental Declaration of Terrence E. Rolecek in Support of Transform Holdco LLC's Initial Supplemental Brief in Further Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property* (the "Supplemental Rolecek Declaration") and the exhibit thereto; and the *Declaration of Abena A. Mainoo in Support of Transform Holdco LLC's Initial Supplemental Brief in Further Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property* (the "Mainoo Declaration") and its exhibits A, B, C, D, and F thereto, and (2) to file Mainoo Declaration Exhibits B and F in native format (the "Excel Exhibits"). Transform seeks entry of an order, substantially in the format attached hereto as **Exhibit 1**, (1) determining that the commercially

---

[2]  The APA refers to the Asset Purchase Agreement filed as Ex. B to the *Order (I) Approving the Asset Purchase Agreement among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "Sale Order"), as amended by the Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* [Docket No. 2599] (the "Notice of Filing of Amendment No. 1 to the APA"). All capitalized terms used but not defined herein shall have the meaning ascribed to them in the APA.

2

sensitive information in the Initial Brief, the Goodin Declaration and its exhibits, the Supplemental Rolocek Declaration and its exhibit, and the Mainoo Declaration and its exhibits A, B, C, D, and F be withheld from public view and (2) determining that ease of use warrants filing the Excel Exhibits in native format. In further support of this Motion, Transform respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

4. On March 6, 2019, Transform filed a motion seeking the appointment of a mediator to facilitate the resolution of significant breaches of the APA by the Sellers. *Motion to Assign Matter to Mediation* [Docket No. 2766] (the "Mediation Motion").

5. The Debtors opposed the Mediation Motion and filed a motion on March 11, 2019 for enforcement of the APA and the automatic stay. *Debtors' (I) Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property and (II) Response to Transform Holdco LLC's Motion to Assign Matter to Mediation* [Docket No. 2796] (the "Turnover Motion").

3

6. On March 21, 2019, this Court held an omnibus hearing, at which the Parties presented arguments on the Mediation Motion and Turnover Motion, in particular with respect to whether Debtors are entitled to a remittance of $14.6 million resulting from characterizing certain reserves held by certain credit card processing companies as Credit Card Accounts Receivable.

7. The Court recommended deferring consideration of the dispute until the omnibus hearing on April 18 and setting April 11 as the deadline for briefs. Hr'g Tr. 37:20-21; 53:5, Mar. 21, 2019.

8. The Initial Brief, the Goodin Declaration and its exhibits, the Supplemental Rolocek Declaration and its exhibit, and the Mainoo Declaration and its exhibits A, B, C, D, and F include confidential and commercially sensitive information regarding Debtors' and Transform's business arrangements with certain credit card processing companies, which would be harmful to Transform's business interests if publicly released. It contains further nonpublic and sensitive commercial information concerning Debtors' and Transform's financing arrangements and Sears' financial information.

9. Accordingly, Transform respectfully requests that the Court grant the instant Motion to file the commercially sensitive information under seal.

10. Incidental to that request, Transform further requests that the Court grant the Motion with respect to filing the Excel Exhibits in native format.

**RELIEF REQUESTED**

11. By this Motion, Transform seeks entry of the attached Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file the Initial Brief, the Goodin Declaration and its exhibits, the Supplemental Rolocek Declaration and its exhibit, and the Mainoo Declaration and its exhibits A,

4

B, C, D, and F under seal with the Clerk of this Court in an envelope clearly indicating that the same has been filed under seal by Order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court.

**BASIS FOR RELIEF**

12. The Bankruptcy Code provides strong support for filing the information under seal. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b)(1).

13. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

14. Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." Id. at 27. Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Id.

5

15. In granting motions to seal "commercial information," courts have defined this term as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the movant. In re Altegrity, Inc., 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (citing In re Alterra Healthcare Corp., 353 B.R 66, 75 (Bankr. D. Del. 2006)); In re Glob. Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

16. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause." Id. Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." Id. at 27. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). In re Glob. Crossing, Ltd., 295 B.R. at 724; see also Fed. R. Bankr. P. 9018.

17. Here, the Initial Brief, the Goodin Declaration and its exhibits, the Supplemental Rolocek Declaration and its exhibit, and the Mainoo Declaration and its exhibits A, B, C, D, and F contain nonpublic and sensitive business information, including Debtors' and Transform's business arrangements with certain credit card processors and related correspondence, the terms of the card processors' agreements with merchants, the terms of Debtors' and Transform's financing arrangements, and Sears' financial information. This information falls squarely within the category of confidential commercial information in section 107(b)(1) of the Bankruptcy Code.

6

18. The Initial Brief summarize agreements between Sears and each of Discover, American Express and First Data. It specifically cites to and quotes from provisions in those agreements regarding the companies' payment obligations to Sears and contractual rights to require Sears to create reserves as a condition of continuing to do business with Sears under certain circumstances. The agreements themselves were the subject of Transform's prior motion for leave to file under seal, which explained Transform's obligation under the agreements' confidentiality provisions not to disclose the card companies' sensitive business information. See [Docket No. 2916]. The Initial Brief also describes Sears' and Transform's financing arrangements.

19. The Rolecek Declaration summarizes agreements between Sears and the card companies and attaches the Amendment to the Agreement for American Express Card Acceptance.

20. The Goodin Declaration describes Sears' financing arrangements and the attached exhibits contain financial information about Sears.

21. Exhibits A, B, C, D, and F to the Mainoo Declaration include correspondence regarding Sears' arrangements with the card companies, Sears' financial information, and the terms of Transform's financing.

22. The proposed sealing order that Transform submits is narrowly tailored to restrict access only to commercially sensitive and confidential information. Thus, the redactions are limited to portions of the documents that include confidential and sensitive information.

23. The borrowing base certificates are Excel files, which cannot be filed on ECF. See Mainoo Decl. Exs. B and F. Because it would be unwieldy to review PDF files of the Excel Exhibits, it is appropriate to file them in native format.

## PREVIOUS REQUEST

24.    On March 20, 2019, Transform filed a *Motion of Transform Holdco LLC for Leave to File Under Seal Portions of the Declaration of Terrence E. Rolecek and Accompanying Exhibits* [Docket No. 2916]. On April 2, 2019, the Court granted that motion [Docket No. 3007].

## NOTICE

25.    Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 [Docket No. 405]. Transform respectfully submits that no further notice is required.

## CONCLUSION

WHEREFORE, Transform respectfully requests that the Court authorize it to file the Initial Brief, the Goodin Declaration and its exhibits, the Supplemental Rolocek Declaration and its exhibit, and the Mainoo Declaration and exhibits A, B, C, D, and F under seal and to file the Excel Exhibits in native format, or any such other and further relief deemed just, proper, and equitable

Dated: April 2, 2019
      New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Abena A. Mainoo*
Lewis J. Liman
Sean A. O'Neal
Luke A. Barefoot
Abena A. Mainoo

One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Transform Holdco LLC*

## Exhibit 1

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*,[3] | ) Case No. 18-23538 (RDD) |
| Debtors. | ) (Jointly Administered) |

**[PROPOSED] ORDER ON MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO (1) FILE UNDER SEAL PORTIONS OF TRANSFORM HOLDCO LLC'S INITIAL SUPPLEMENTAL BRIEF IN RESPONSE TO DEBTORS' (I) MOTION TO (A) ENFORCE ASSET PURCHASE AGREEMENT AND AUTOMATIC STAY AGAINST TRANSFORM HOLDCO LLC AND (B) COMPEL TURNOVER OF ESTATE PROPERTY AND (2) FILE IN NATIVE FORMAT**

Upon the motion (the "Motion")[4] of Transform Holdco LLC (the "Buyer" or "Transform") for entry of an order (this "Order") authorizing Transform to file the Initial Brief, the Goodin Declaration and its exhibits, the Supplemental Rolocek Declaration and its exhibit, and the Mainoo Declaration and exhibits A, B, C, D, and F under seal; and the Court having found that it has

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[4] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that Transform provided appropriate notice of the Motion and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

    1.      The Motion is granted as set forth herein.

    2.      Transform is authorized to file the Initial Brief, the Goodin Declaration and its exhibits, the Supplemental Rolocek Declaration and its exhibit, and the Mainoo Declaration and exhibits A, B, C, D and F, under seal (the "Sealed Documents"), redacting only that information that is considered confidential and commercially sensitive, subject to further order of the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

    3.      Additionally, Transform is authorized to file the Excel Exhibits in native format.

    4.      Except upon further order of the Court after notice to Transform, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the consent of Transform, except that unredacted copies of the Sealed Documents shall be provided to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Sellers (on a confidential and "professional eyes only" basis), and (d) any other party as may be ordered by the Court or agreed to by Transform and a counterparty to any such Document, in each case, under

appropriate confidentiality agreements satisfactory to Transform. Each party to whom disclosure is made shall keep the Sealed Documents confidential.

5. Transform is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

6. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

7. Counsel for Transform shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents within 10 days after resolution of both the Mediation Motion and Turnover Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

                                      THE HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE