**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                   :

In re                                :        **Chapter 11**

SEARS HOLDINGS CORPORATION, *et al.*,  :       **Case No. 18-23538 (RDD)**
                                     :

Debtors.[1]                  :        **(Jointly Administered)**
                                     :
------------------------------------------------------------x

## ORDER APPROVING (I) CLAIMS OBJECTION PROCEDURES, (II) CLAIMS SETTLEMENT PROCEDURES, AND (III) CLAIMS HEARING PROCEDURES

Upon the motion, by notice of presentment dated March 19, 2019 (the "**Motion**")[2]

of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in

the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a)

and 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 3007, 9014,

and 9019(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry

of an order approving certain claims objection procedures, claims settlement procedures, and

claims hearings procedures intended to streamline the claims process and conserve the resources

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (3464); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

of the Debtors' estates, all as more fully set forth in the Motion; and the Court having jurisdiction

to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and

1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska,

C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the relief requested in the Motion having been provided

in accordance with the Amended Case Management Order; and such notice having been

adequate and appropriate under the circumstances; and there being no objections to the Motion;

and no further notice of or a hearing on the Motion being required; and, after due deliberation,

the Court having found and determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein and that such relief is in the best interests of the

Debtors, their estates, their creditors, and all parties in interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors and other parties in interest are authorized to object to claims

in accordance with the following procedures (the "**Claim Objection Procedures**"):

> i.      Notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors and other parties in interest are authorized to file Omnibus Objections to claims seeking reduction, reclassification, or disallowance of claims on one or more of the following grounds (the "**Additional Permitted Grounds**" and together with those grounds set forth in Bankruptcy Rule 3007(d), the "**Permitted Grounds**"):
>
>> a.      the amount claimed contradicts the Debtors' books and records;
>>
>> b.      the claim seeks recovery of amounts for which the Debtors are not liable;

      c.    the claims are not entitled to the asserted secured status or other priority;

      d.    the claims do not include sufficient documentation to ascertain the validity of such claims;

      e.    the claims have been waived or withdrawn pursuant to an agreement with the Debtors; and

      f.    the claims are objectionable under section 502(e)(1) of the Bankruptcy Code.

ii.    The Debtors are authorized to file Omnibus Objections to no more than five hundred (500) claims at a time on the Permitted Grounds;

iii.    Except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e);

iv.    Any order sustaining an Omnibus Claims Objection shall be treated as an order for each claim referenced in the Omnibus Claims Objection as if an individual objection had been filed and an individual order had been entered for such claim;

v.    The Debtors are authorized to serve a Claim Objection Notice, rather than the entire Omnibus Claim Objection, on each claimant whose claim is the subject of the applicable omnibus claim objection and, if known, its counsel. The Claim Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1**, and shall include an explanation of the claim objection process, a description of the basis of the omnibus claim objection,[3] information regarding the response deadline and hearing date, information on the Claims Hearing Procedures (as described herein), identification of the claim that is the subject of the omnibus claim objection (with reference to an attached exhibit or otherwise), and information on how the claimant might obtain a complete copy of the omnibus objection. The Debtors retain the right to serve Omnibus Claim Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion;

---

[3] When the basis for the objection is (a) that the amount claimed contradicts the Debtors' books and records, (b) the claim asserts amounts for which the Debtors are not liable and (c) the claim should be re-classified, the notice shall state sufficient facts to support the Debtor's objection: i.e., "the claimant does not hold a perfected lien," "the Debtor's books show no payable to the creditor with the exception of $_____," or "the Debtor was not negligent."

3

vi.     The Debtors shall file all omnibus and individual objections with this Court to be made publicly available for free on the website of the Debtors' approved notice and claim agent, Prime Clerk, LLC ("**Prime Clerk**") at https://restructuring.primeclerk.com/sears; and

vii.    Notice of claim objections shall be limited to: (a) service of a complete copy of each claim objection (whether an omnibus objection or an individual objection) on the U.S. Trustee and by email to counsel to counsel for the Creditors' Committee; (b) with respect to Omnibus Claims Objections, service of a Claim Objection Notice on the claimant whose claim is the subject of the applicable omnibus claim objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a claim on the claimant's counsel by email.

3.      Responses to the Debtors' individual and omnibus claim objections shall be due twenty-one (21) calendar days after mailing of the objection; *provided, however*, that the Debtors reserve the right to request that the Court impose an alternative response date or grant expedited consideration with respect to certain objections, if the circumstances so require, which may result in shortened notice of both the hearing date and the response deadline.

4.      Debtors, using their reasonable business judgment, are authorized to settle claims in accordance with the following procedures (the "**Settlement Procedures**"):

(i)     If either (a) the aggregate amount to be allowed for an individual claim (the "**Settlement Amount**") is less than or equal to $500,000 without regard to any unliquidated amounts asserted by such claimant, or (b) the difference between the Settlement Amount compared to the amount asserted on the Proof of Claim (the "**Claim Difference**") does not exceed $100,000 without regard to any unliquidated amounts asserted by such claimant, the Debtors will submit the proposed settlement to counsel for the Creditors' Committee, together with (i) the names of the parties with whom the Debtors have settled, (ii) the relevant Proof of Claim numbers, (iii) the types of claims asserted by each such party, (iv) the amounts for which such claims have been settled, and (v) copies of

any proposed settlement agreement or other documents supporting the proposed settlement (the "**Settlement Summary**"). Within 5 business days of receiving the proposed Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee, the Creditors' Committee may submit an informal objection to the proposed settlement reflected in the Settlement Summary to the Debtors (such objection shall not be filed on the docket). If there is a timely objection made by the Creditors' Committee, the Debtors may (a) renegotiate the settlement and submit a revised Settlement Summary to the Creditors' Committee or (b) file a motion with the Court seeking approval of the settlement pursuant to Bankruptcy Rule 9019 on no less than 10 business days' days' notice. If there is no timely objection made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the objection deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement without prior approval of the Court or any other party in interest;

(ii)    If the Settlement Amount is greater than $500,000 and the Claim Difference is greater than $100,000, the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than 10 business days' notice. The deadline to objection any such motion shall be 4:00 p.m. (Prevailing Eastern Time) on the date that is five (5) calendar days before the applicable hearing date;

(iii)   The types of claims that may be settled pursuant to these Settlement Procedures include: (i) secured claims; (ii) priority claims under section 507(a) of the Bankruptcy Code; and (iii) general unsecured claims;

(iv)    The Debtors or their counsel may notify Prime Clerk of any settlement entered into in accordance with the foregoing procedures and Prime Clerk shall be authorized and directed to updated the claims register accordingly without any further approval of the Court.

5.      The Debtors are authorized to take any and all steps that are necessary or appropriate to settle claims in accordance with the Settlement Procedures, including to enter into any stipulations.

6.      Nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular claim and all settlements of claims may be negotiated and compromised by the Debtors in their sole discretion.

7.      The following claims hearing procedures (the "**Claims Hearing Procedures**") shall apply:

(i)     The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at periodic omnibus hearings (the "**Omnibus Hearings**") established by the Court pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**") or other hearings the Debtors may schedule with the Court;

(ii)    Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures;

(iii)   The Court may enter an order at the scheduled hearing sustaining an objection to claims with respect to which no response (a "**Response**") is properly filed and served or pursuant to a certificate of no objection in accordance with the Amended Case Management Order;

(iv)    The hearing to consider an objection to claims as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein.   The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(1)     For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph (i)  of these Claims Hearing Procedures (or such other date as may be scheduled by the Debtors).  The legal standard of review that will be applied by the Court at a Sufficiency

6

Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be grated;

(2)    For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to the Creditors' Committee, and file with the Court, a notice substantially in the form attached hereto as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith;

(v)    Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

(vi)    The Debtors may file and serve a reply (a "**Reply**") to a Response no later than **4:00 p.m. prevailing Eastern Time on the day that is at least two (2) business days prior to the date of the applicable hearing**;

(vii)    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

8.    Notwithstanding anything to the contrary in this Order, paragraph 7(iv) of this Order shall not apply to the pending contested matter related to the *Motion of Winners Industry Co., Ltd. for Allowance and Payment of Administrative Expense Claims* (ECF No. 1386).

9.    Nothing in this Order or the Settlement Procedures (i) amends, modifies or otherwise alters (1) the terms and conditions of any insurance policies issued to the Debtors and any related agreements (collectively, the "**Insurance Policies**") including, but not limited to, any provisions (A) requiring certain notice to insurers regarding claims possibly covered under the

7

Insurance Policies, (B) allowing an insurer to assume and/or control the defense or settlement of claims possibly covered under the Insurance Policies, (C) requiring the approval of any insurer prior to settlement of or payment on account of any claims possibly covered under the Insurance Policies, or (D) regarding payment of and liability for self-insured retentions or deductibles; (2) either the duty or right, if any, under the Insurance Policies or applicable non-bankruptcy law of insurers to (A) pay claims covered by the Insurance Policies and seek payment or reimbursement from the insured therefor pursuant to the terms of the Insurance Policies, or (B) reduce any payment from insurance proceeds by any amount received by a claimant on account of the same claim from another source including, but not limited to, the Debtors or the Debtors' estates; (ii) creates or permits a direct right of action against any of the Debtors' insurers; (iii) obligates an insurer to be bound by a Settlement Amount; or (iv) requires an insurer to pay, in whole or in part, a Settlement Amount.

10.     The Debtors are authorized to take any and all steps that are necessary or appropriate to implement the Claims Hearing Procedures.

11.     Nothing in the Claims Hearing Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time; *provided*, *however*, that any such settlement is subject to the Settlement Procedures.

12.     The Debtors are authorized to, in their sole discretion, append an Offer of Settlement to a Notice of Merits Hearing, substantially in the form attached hereto as **Annex 1** to **Exhibit 2**. The Claimant shall accept or reject the Offer of Settlement by checking the appropriate box on the Offer of Settlement and serving it on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Merits Hearing. Any Claimant who has failed to accept or reject the Offer of Settlement by the aforementioned deadline shall be

deemed to have rejected the Offer of Settlement.  Any settlement reached in accordance with this paragraph shall be subject to the Settlement Procedures.

13.    Nothing in this Order shall (a) affect, impair, impede, or otherwise alter the procedures or rights set forth in or established pursuant to the Other Settlement Procedures Orders or (b) expand or create additional rights as to the Debtors, to settle or pursue settlement of claims pursuant to the Other Settlement Procedures Orders or any other order of the Court.

14.    Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claims asserted in these cases.

15.    Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

16.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:    March 28, 2019
          White Plains, New York

                                        /s/Robert D. Drain_____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**
### **Notice of Omnibus Objection**

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE [insert ordinal] OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT SEARS HOLDINGS CORPORATION'S COUNSEL, [insert name], AT 212-310-[insert telephone number].**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                            :
In re                                       :    **Chapter 11**
                                            :
**SEARS HOLDINGS CORPORATION,** *et al.*,   :    **Case No. 18-23538 (RDD)**
                                            :
        **Debtors.**[1]                     :    **(Jointly Administered)**
                                            :
---------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' [insert ordinal]**
**OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM**
**([insert basis for objection])**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that, on _____, 2019, Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed their **[insert ordinal]** Omnibus Objection to Proofs of Claim (**[insert basis for objection])** (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed on **Exhibit A** annexed hereto on the ground that **[insert basis for disallowance, reduction, reclassification or expungement]**.  **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

PLEASE TAKE FURTHER NOTICE that the *Court-Ordered Claims Hearing Procedures* (the "**Claims Hearing Procedures**") annexed hereto as **Exhibit B** apply and govern the objection to your Proof(s) of Claim.  The Procedures provide for certain mandatory actions by a Claimant within certain time periods.  Therefore, please review the Claims Hearing Procedures carefully.  Failure to comply with the Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to a Claimant.

If you do NOT oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you MUST file with the Court <u>and</u> serve on the parties listed below a written response to the Objection so that it is received on or before **4:00 p.m. Prevailing Eastern Time on _____, 2019** (the "**Response Deadline**").

2

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Robert D. Drain, United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York, 10601; (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.), attorneys for the Debtors; and (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

Except as otherwise permitted under the Claims Hearing Procedures, a hearing will be held on **_____, 2019** to consider the Objection.  The hearing will be held at _____ Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601.  If you file a written response to the Objection, you should plan to appear at the hearing.  The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s).  If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date.  If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce, or reclassify your claim(s) listed on **Exhibit A**, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date.  You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committee), which can be found on the Court's website at www.nysb.uscourts.gov.

WEIL:\96970705\2\73217.0004

If you wish to view the complete Objection, you can do so for free at

https://restructuring.primeclerk.com/sears.  CLAIMANTS SHOULD NOT CONTACT THE

CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

Dated: [          ], 2019
　　　New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

5

**<u>Exhibit A to Exhibit 1</u>**

**Schedule of Claims to be
Disallowed, Reduced, Reclassified or Expunged**

**<u>Exhibit B to Exhibit 1</u>**

**Claims Hearing Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                        :
In re                                   :        **Chapter 11**
                                        :
**SEARS HOLDINGS CORPORATION**, *et al.*,   :        **Case No. 18-23538 (RDD)**
                                        :
          Debtors.[1]                   :        **(Jointly Administered)**
                                        :
------------------------------------------------------------------x

## COURT-ORDERED CLAIMS HEARING PROCEDURES

The claims hearing procedures (the "**Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") to apply to the chapter 11 cases of the Sears Holdings Corporation., and its affiliated debtors.

## Claims Hearing Procedures

1.    Pursuant to the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"), the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these cases.  The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.    The Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served.

3.    The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors may request that the Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.    The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

(a)    For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the Claimant with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures. The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(b)    For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to the Creditors' Committee, and file with the Court, a notice substantially in the form attached to the Order as **Exhibit [●]** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

5.    Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served on the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.    The Debtors may file and serve a reply (a "**Reply**") to a Response no later than **4:00 p.m. prevailing Eastern Time on the day that is at least two (2) business days prior to the date of the applicable hearing**.

7.    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

---

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures.

8.    **Sanctions**.  The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures.

BY ORDER OF THE COURT

WEIL:\96970705\2\73217.0004

## **Exhibit 2**

**Notice of Merits Hearing**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11**
                                                    :
**SEARS HOLDINGS CORPORATION**, *et al.*,           :          **Case No. 18-23538 (RDD)**
                                                    :
         Debtors.[1]                                :          **(Jointly Administered)**
                                                    :
---------------------------------------------------------------x

## NOTICE OF SCHEDULING OF MERITS HEARING WITH RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [_____]

PLEASE TAKE NOTICE that on [_____ ___], 201[_],Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), objected to proof of claim number [_____] (the "**Proof of Claim**") filed by [_____] (the "**Claimant**") pursuant to the [Title of Applicable Claims Objection] (the "**Objection**").

PLEASE TAKE FURTHER NOTICE that on [_____ ___], 201[_], at 10:00 a.m. (Prevailing Eastern Time), in accordance with the *Order Approving (i) Claims Objection Procedures, (ii) Claims Settlement Procedures, and (iii) Claims Hearing Procedures*, entered [Date] (ECF No. xxxx) (the "**Order**"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") will commence a Merits Hearing (as defined in the Order) for the purposes of holding an evidentiary hearing on the merits of the Proof of Claim. The rules and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

　　　　PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Merits Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_____ ___], 201[_]
　　　　New York, New York

WEIL:\96970705\2\73217.0004

## **Annex 1 to Exhibit 2**

### **Offer of Settlement**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                  :
In re                                             :          Chapter 11
                                                  :
SEARS HOLDINGS CORPORATION, *et al.*,             :          Case No. 18-23538 (RDD)
                                                  :
          Debtors.[1]                             :          (Jointly Administered)
                                                  :
------------------------------------------------------------x

## DEBTORS' OFFER OF SETTLEMENT
## WITH RESPECT TO PROOF OF CLAIM NO. [_____]

       The Debtors, in their sole discretion, have elected to offer to settle Proof of Claim number [_____] (such offer, the **"Offer of Settlement"**) for a single, fixed, liquidated, [general unsecured, administrative expense, or priority] claim against Debtor [_____] in the amount of [_____] (the **"Settlement Amount"**).  The Settlement Amount, if accepted, represents the allowed claim amount with respect to Proof of Claim number [_____].

       By checking the **FIRST** box below, you affirm that you **FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT** such amount as the allowed claim amount with respect to Proof of Claim number [_____].  You must serve your acceptance or rejection of the Offer of Settlement on the Debtors so as to be received no later than fifteen (15) calendar days prior to the date set for a Merits Hearing (as defined in the Order).  If you fail to accept or reject the Offer of Settlement by the aforementioned deadline, you shall be deemed to have rejected the Offer of Settlement.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**[ ]    I FREELY, KNOWINGLY, AND UNCONDITIONALLY ACCEPT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**[ ]    I REJECT THE OFFER OF SETTLEMENT AS SET FORTH ABOVE.**

**If you have any questions regarding this form, please contact [_____] at [_____].**

**Please email this completed form to [_____]**

_____
Signature of Claimant's Authorized Representative

_____
Printed Name

_____
Company Name, if applicable

2