**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                                    :    Chapter 11
:
**SEARS HOLDINGS CORPORATION,** *et al.*,     :    Case No. 18-23538 (RDD)
:
Debtors.[1]                                              :    (Jointly Administered)
:
------------------------------------------------------------x

**STIPULATION AND ORDER PERMITTING**
**PENSION BENEFIT GUARANTY CORPORATION TO FILE**
**CONSOLIDATED PROOFS OF CLAIM UNDER A SINGLE CASE NUMBER**

This stipulation, agreement, and proposed order (this "**Stipulation**") is entered into by and among Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and the Pension Benefit Guaranty Corporation ("**PBGC**," and, together with the Debtors, the "**Parties**"). The Parties have agreed that PBGC will be permitted to file consolidated proofs of claim (the "**Proofs of Claim**") which will be deemed to have been filed in each of the Debtors' cases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

identified in such Proofs of Claim, for the reasons and on the terms and conditions set forth below:

**Recitals**

A. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Chapter 11 Case No. 18-23538 (RDD), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

B. On February 22, 2019, the Court entered an order (the "**Bar Date Order**") fixing, among other things, April 10, 2019 at 5:00 p.m. (Eastern Time) as the deadline for filing proofs of claim against the Debtors (the "**Bar Date**"). The Bar Date Order and the notice of bar date (the "**Bar Date Notice**") distributed by the Debtors specifically require that a claimant with claims against more than one of the Debtors file a separate proof of claim in the case of each Debtor against whom that claimant asserts a claim.

C. PBGC is a wholly owned United States government corporation that administers the pension insurance program under Title IV of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1301–1461 ("**ERISA**"). The Title IV termination insurance program covers the following two pension plans: (i) Sears Holdings Pension Plan 1; and (ii) Sears Holdings Pension Plan 2 (collectively the "**Pension Plans**").

D. Effective January 31, 2019, the Pension Plans terminated under 29 U.S.C. § 1342.

E. PBGC asserts that, as of the termination date of the Pension Plans, each of the Debtors was either a contributing sponsor of the Pension Plans or a member of the contributing sponsor's controlled group. See 29 U.S.C. §§ 1301(a)(13), (14).

F. PBGC has concluded that it may be required to file three separate claims for each of the Pension Plans. These three claims are for: (i) unfunded benefit liabilities to PBGC under 29 U.S.C. § 1362(b); (ii) unpaid minimum funding contributions to the Pension Plans required by 26 U.S.C. §§ 412, 430; and (iii) unpaid premiums owed to PBGC under 29 U.S.C. §§ 1306, 1307. PBGC asserts joint and several liability for these claims against each of the Debtors. *See* 29 U.S.C. §§ 1301(a)(13), (14). Therefore, compliance with the Bar Date Order may require PBGC to file 318 separate proofs of claim. These multiple claims would impose a significant administrative burden on the Debtors, PBGC, the Court, and Prime Clerk LLC, the Debtors' claims and noticing agent. As a result, the Parties have agreed on an approach, as discussed below, which will permit PBGC to file consolidated claims against all Debtors.

## **AGREEMENT**

1. Notwithstanding any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, any order of this Court (including the Bar Date Order), the Bar Date Notice, or any approved proof of claim form that otherwise would require PBGC to file separate proofs of claim against each of the Debtors, it expressly is agreed herein, subject to approval of this Stipulation by the Court, that the filing of consolidated Proofs of Claim by PBGC on its own behalf or on behalf of the Pension Plans in the

3

chapter 11 case of Sears Holdings Corporation, Case No. 18-23538 (RDD) (the "**Lead Case**") on or before the Bar Date, shall be deemed filed by PBGC in the Lead Case and in the cases of each of the Debtors' chapter 11 cases.

2. This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights of the Debtors, PBGC, or any other party in interest including, without limitation, the allowance, amount, or priority of PBGC's claims or any objection, defense, offset, or counterclaim with respect thereto.

3. The terms of this Stipulation also shall apply to any amendments that PBGC may make with respect to any timely filed proof of claim against any of the Debtors.

4. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation.

5. This Stipulation contains the entire agreement by and among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

6. This Stipulation may be changed, modified or otherwise altered in a writing executed by the Parties to this Stipulation. Oral modifications are not permitted.

7. This Stipulation shall be effective immediately upon approval by the Bankruptcy Court.

8. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

9. Nothing herein shall constitute an acknowledgement or finding as to whether the Debtors are liable to PBGC, and all Parties reserve all rights with respect to the Debtors' liability to PBGC.

Dated: March 15, 2019
      New York, New York

| **PENSION BENEFIT GUARANTY COROPORATION** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| /s/ Michael I. Baird | /s/ Jacqueline Marcus |
| Judith R. Starr, General Counsel | Ray C. Schrock, P.C. |
| Charles L. Finke, Deputy General Counsel | Jacqueline Marcus |
| Garth D. Wilson, Assistant General Counsel | Garrett A. Fail |
| Kelly R. Cusick, Assistant General Counsel | Sunny Singh |
| Michael I. Baird, Attorney | 767 Fifth Avenue |
| 1200 K Street, N.W. | New York, New York 10153 |
| Washington, D.C. 20005 | Telephone: (212) 310-8000 |
| Telephone: (202) 326-4020 ext. 6222 | Facsimile: (212) 310-8007 |
| Facsimile: (202) 326-4112 | |
| *Office of the General Counsel* | *Attorneys for Debtors* |
| *Pension Benefit Guaranty Corporation* | *and Debtors in Possession* |

It is SO ORDERED

Dated: March 28, 2019
      White Plains, New York

                                                /s/Robert D. Drain
                                                THE HONORABLE ROBERT D. DRAIN
                                                UNITED STATES BANKRUPTCY JUDGE