Hearing Date and Time: April 18, 2019 at 10:00 a.m. (Eastern Time)
Objection Date and Time: April 11, 2019 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :
                                                             :    Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.*,   :
                                                             :    Case No. 18-23538 (RDD)
                                                             :
Debtors.[1]                                                  :    (Jointly Administered)
------------------------------------------------------------ x

# NOTICE OF HEARING ON MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR SETTLING DE MINIMIS AFFIRMATIVE CLAIMS AND CAUSES OF ACTION OF THE DEBTORS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**"), of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a) and 363(b) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), authorizing and approving procedures for settling certain claims and causes of action of the Debtors, all as more fully set forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **April 18, 2019 at 10:00 a.m. (Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **April 11, 2019 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: April 3, 2019
      New York, New York

*/s/ Jacqueline Marcus*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

Hearing Date and Time: April 18, 2019 at 10:00 a.m. (Eastern Time)
Objection Date and Time: April 11, 2019 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                            :
                                                 :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,        :
                                                 :    **Case No. 18-23538 (RDD)**
                                                 :
                    Debtors.¹                    :    **(Jointly Administered)**
------------------------------------------------------------x

# MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR SETTLING DE MINIMIS AFFIRMATIVE CLAIMS AND CAUSES OF ACTION OF THE DEBTORS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with their non-debtor affiliates, the "**Company**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Preliminary Statement

1. The Debtors hold various affirmative claims and causes of action, arising both prepetition and postpetition, for which the amounts in dispute are *de minimis* (collectively, the "**De Minimis Claims**"). The Debtors may hold De Minimis Claims against vendors, customers, taxing authorities, subtenants, and other parties with whom they engage in the ordinary course of their businesses. If the Debtors are required to obtain Court approval to settle each De Minimis Claim, the Debtors would incur costs associated with preparing, filing, and serving a separate motion for approval of each proposed settlement. Those costs likely would materially reduce the net amounts that the Debtors collect. In addition, the Debtors likely would suffer delays associated with obtaining Court approval, which, in turn, negatively could impact their bargaining position and operations.

2. Accordingly, to minimize expenses and maximize value for their estates and enhance creditor recoveries, the Debtors seek authority to resolve De Minimis Claims up to certain threshold settlement amounts not to exceed $5,000,000.00 by compromise, settlement, or abandonment pursuant to the proposed settlement procedures (the "**Settlement Procedures**") set forth herein. The Settlement Procedures will enable the Debtors to procure settlements in a cost-effective and expeditious manner while providing notice, oversight, and the opportunity for a hearing to parties in interest for material settlements.

**Background**

3. Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On October 24, 2018, the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

5. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6. On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all of their assets to Transform Holdco LLC (the "**Sale Transaction**"). The Sale Transaction closed on February 11, 2019.

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for*

*Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).[2]

### Jurisdiction

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

9. By this Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors request entry of an order authorizing them to settle De Minimis Claims up to certain specified threshold amounts pursuant to the Settlement Procedures.

10. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### De Minimis Claims and Settlement Procedures

11. As set forth in greater detail herein, the Debtors propose that the Settlement Procedures apply to the settlement, compromise, and abandonment of De Minimis Claims that already are pending, or that could be asserted by the Debtors in, a judicial, administrative, arbitral, or other type of action or proceeding. The Settlement Procedures will not apply to any De Minimis Claims against insiders or affiliates of the Debtors. The Debtors will determine whether a De Minimis Claim is properly subject to the Settlement Procedures,

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

based upon the net dollar amount of the affirmative recovery upon which the parties ultimately agree (the "**Settlement Amount**").

12. The Debtors propose that they be authorized to enter into settlements pursuant to the following Settlement Procedures:

    a. The Debtors may, in their sole discretion and exercising their reasonable business judgment, settle De Minimis Claims in the ordinary course of business and may choose to document and reduce to writing a settlement agreement where necessary and appropriate.

    b. In settling a De Minimis Claim, the Debtors may provide a release to a Settling Party or other third party where appropriate.

    c. With regard to any Settlement Amount that is equal to or less than $5,000,000:

        i. The Debtors will not agree to any settlement of a claim unless it is reasonable in the judgment of the Debtors upon consideration of: (i) the probability of success if the claim is litigated or arbitrated; (ii) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (iii) other factors relevant to assessing the wisdom of the settlement; and (iv) the fairness of the settlement vis-à-vis the Debtors' estates, creditors, and shareholders (collectively, the "**Settlement Factors**").

        ii. The Debtors shall provide written notice of the material terms of the settlement of such De Minimis Claim (the "**Settlement Notice**") to the U.S. Trustee and counsel to the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP (collectively, the "**Settlement Notice Parties**"). Any Settlement Notice regarding a proposed settlement of an affirmative claim or cause of action by the Debtors shall also include the Debtors' good-faith estimate of the value of such claim.

        iii. Any objections to a proposed settlement must be made in writing to counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Sunny Singh, Esq., and Garrett A. Fail, Esq., within seven (7) days after the date of delivery of the Settlement Notice.

        iv. If any of the Settlement Notice Parties properly and timely objects to any proposed settlement within seven (7) days after the date of delivery of the Settlement Notice (or before the expiration of any extended objection period), and the Debtors, in their sole

5

        discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (i) resolution of the objection by the applicable Settlement Notice Party, or (ii) Court approval of the proposed settlement after a motion of the Debtors upon appropriate notice and a hearing. In the absence of any such objection, the Debtors may enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without further Court order.

    d.    Any settlement that is not authorized pursuant to the foregoing Settlement Procedures, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the Debtors served upon the necessary parties in interest.

13.    To the extent that the Debtors are authorized to fix the allowed amount and priority of a claim without further order of this Court, then the allowed amount and priority such filed claim, and the Debtor against which such filed claim is allowed, shall be as set forth in the applicable agreement between the parties, and such agreement shall be fully binding upon the applicable Debtor's estate.

### Basis for Relief

14.    Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Indeed, Bankruptcy Rule 9019(a) provides, in relevant part, that on "motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In granting a motion pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable and in the best interests of a debtor's estate. *See TMT Trailer Ferry*, 390 U.S. at 424; *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 158 (Bankr. S.D.N.Y. 2005).

15.    In reviewing a motion for approval of a settlement, bankruptcy courts must assess and balance the value of the claim that is being compromised against the value to the

6

estate of the acceptance of the compromise proposal. *Id.* Relying on the language of *TMT Trailer Ferry*, courts in this circuit specifically consider the following primary factors regarding the reasonableness of settlements: (a) the balance between the litigation's possibility of success and the settlement's future benefits; (b) the likelihood of complex and protracted litigation; (c) the paramount interests of creditors; and (d) the degree to which the settlement is supported by other parties in interest. *Id.* at 158–59; *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 499, 505–06 (Bankr. S.D.N.Y. 1991) (same); *see also In re Texaco, Inc.*, 84 B.R. 893 (Bankr. S.D.N.Y. 1988) (broadening the list of factors set forth above which a court may also consider in approving a settlement).

16.     Additionally, section 363(b) of the Bankruptcy Code allows a debtor to use estate assets outside of the ordinary course of business, including for settlement purposes, after notice and a hearing. 11 U.S.C. § 363(b). Under section 363(b)(1), courts may authorize a debtor's use of estate assets to settle a claim if the proposed use of estate assets constitutes a reasonable exercise of the debtor's business judgment. *See In re Chateaugay Corp.*, 973 F.2d 141, 145 (2d Cir. 1992). Providing the Debtors with the authority to settle numerous claims in an efficient and economic manner is clearly beneficial to the Debtors' estates and will assist the Debtors in their reorganization efforts. The Settlement Procedures will allow the Debtors to avoid the time and expense of drafting, filing, and arguing separate Bankruptcy Rule 9019 motions on account of settlements involving minimal recovery amounts. The Settlement Procedures will also reduce the burden on the Court's docket while protecting the interests of all creditors through the notice and objection procedures described herein. Thus, section 363(b) of the Bankruptcy Code supports the establishment of the Settlement Procedures.

7

17. Bankruptcy Rule 9019(b) also supports approval of the Settlement Procedures. Specifically, Bankruptcy Rule 9019(b) provides that "[a]fter a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." Fed. R. Bankr. P. 9019(b). In this way, Bankruptcy Rule 9019(b) empowers a court to approve settlement procedures for certain classes of controversies by a debtor in possession without requiring separate notice and hearing with respect to each separate controversy.

18. Given such authority, settlement procedures designed to streamline the court approval process, similar to those proposed above, have been approved in other large chapter 11 cases in this district. *In re the Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Oct. 2, 2015) (ECF No. 1139) (authorizing procedures allowing debtors to compromise and settle affirmative claims); *In re the Great Atl. & Pac. Tea Co., Inc.*, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Mar. 10, 2011) (ECF No. 1002) (authorizing procedures allowing debtors to compromise and settle affirmative claims of up to $2,250,000); *see also In re Westinghouse Elec. Co. LLC,* Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Nov. 15, 2017) [ECF No. 1761] (authorizing procedures allowing the debtors to settle de minimis claims of up to $5,000,000); *In re Republic Airways Holdings Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Apr. 27, 2016) [ECF No. 475] (authorizing procedures allowing debtors to, among other things, compromise and allow, without notice or hearing, certain de minimis claims of up to $20,000 with an aggregate cap of $500,000 (unless the debtors obtain prior written consent to increase the cap from counsel to the creditors' committee or a court order), and insurance claims in an aggregate amount up to $5 million); *In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr.

8

S.D.N.Y. Mar. 23, 2012) (ECF No. 2055) (authorizing procedures allowing the debtors to settle claims up to $10,000,000); *In re NR Liquidation III Co. Inc.*, Case No. 10-12610 (SCC) (Bankr. S.D.N.Y. July 13, 2010) (ECF No. 268) (authorizing procedures allowing the debtors to settle affirmative claims); and *In re Mesa Air Grp., Inc.*, Case No. 10-10018 (MG) (Bankr. S.D.N.Y. July 7, 2010) (ECF No. 893) (authorizing procedures allowing the debtors to settle claims up to $2,000,000).

19.   The Settlement Procedures are in the best interests of the Debtors' estates and, therefore, should be approved. The Settlement Procedures will allow the Debtors to avoid the time and expense of engaging in piecemeal litigation and/or drafting, filing, and arguing separate Bankruptcy Rule 9019 motions on account of settlements involving disputes of *de minimis* amounts and recoveries. The alternative would be cost-prohibitive. Authorizing the Settlement Procedures will assist the Debtors significantly in their wind down efforts without the need to unnecessarily expend scarce estate resources. The Settlement Procedures also will reduce the burden on the Court's docket, while protecting the interests of all creditors through the notice and objection procedures described herein.

20.   For these reasons, the Debtors have determined in their business judgment that the relief requested herein is in the best interests of their estates and creditors. Accordingly, the Court should approve the Settlement Procedures and authorize the Debtors to settle De Minimis Claims pursuant thereto.

**Request for Relief Pursuant to Bankruptcy Rule 6004(h)**

21.   Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property…is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). In light of the current circumstances and the financial condition of the Debtors, the Debtors believe that to maximize value, and improve the

9

Debtors' liquidity position, resolution of De Minimis Claims must be begin as soon as practicable. Accordingly, the Debtors request that any order approving the relief requested herein be effective immediately upon its entry and that the fourteen (14)-day stay period under Bankruptcy Rule 6004(h) be waived.

## Notice

22. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405). The Debtors respectfully submit that no further notice is required.

23. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry the Proposed Order and such other and further relief as is just.

Dated: April 3, 2019
      New York, New York

                              */s/ Jacqueline Marcus*
                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007
                              Ray C. Schrock, P.C.
                              Jacqueline Marcus
                              Garrett A. Fail
                              Sunny Singh

                              *Attorneys for Debtors and Debtors in Possession*

WEIL:\96858407\6\73217.0004

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :       **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :
                                                            :       **Case No. 18-23538 (RDD)**
                                                            :
Debtors.[1]                                                 :       **(Jointly Administered)**
------------------------------------------------------------x

## ORDER AUTHORIZING AND APPROVING PROCEDURES FOR SETTLING DE MINIMIS AFFIRMATIVE CLAIMS AND CAUSES OF ACTION OF THE DEBTORS

Upon the motion, dated April 3, 2019 (ECF No. [__]) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order authorizing and approving procedures for settling certain affirmative claims and causes of action of the Debtors,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on April 18, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to settle affirmative claims and causes of action, arising both prepetition and postpetition, for which the amounts in dispute are *de minimis*, against subtenants, vendors, customers, and other parties with whom the Debtors engage in connection with the operation of their businesses (collectively, the "**De Minimis Claims**") pursuant to the following Settlement Procedures:

   a. The Debtors may, in their sole discretion and exercising their reasonable business judgment, settle De Minimis Claims in the ordinary course of

        business and may choose to document and reduce to writing a settlement agreement where necessary and appropriate.

b.     In settling a De Minimis Claim, the Debtors may provide a release to a Settling Party or other third party where appropriate.

c.     With regard to any settlement amount that is equal to or less than $5,000,000:

    i.     The Debtors will not agree to any settlement of a claim unless it is reasonable in the judgment of the Debtors upon consideration of: (i) the probability of success if the claim is litigated or arbitrated; (ii) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (iii) other factors relevant to assessing the wisdom of the settlement; and (iv) the fairness of the settlement vis-à-vis the Debtors' estates, creditors, and shareholders (collectively, the "**Settlement Factors**").

    ii.     The Debtors shall provide written notice of the material terms of the settlement of such De Minimis Claim (the "**Settlement Notice**") to the U.S. Trustee and counsel to the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP (collectively, the "**Settlement Notice Parties**"). Any Settlement Notice regarding a proposed settlement of an affirmative claim or cause of action by the Debtors shall also include the Debtors' good-faith estimate of the value of such claim.

    iii.     Any objections to a proposed settlement must be made in writing to counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Sunny Singh, Esq., and Garrett A. Fail, Esq., within seven (7) days after the date of delivery of the Settlement Notice.

    iv.     If any of the Settlement Notice Parties properly and timely objects to any proposed settlement within seven (7) days after the date of delivery of the Settlement Notice (or before the expiration of any extended objection period), and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (i) resolution of the objection by the applicable Settlement Notice Party, or (ii) Court approval of the proposed settlement after a motion of the Debtors upon appropriate notice and a hearing. In the absence of any such objection, the Debtors may enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without further Court order.

3

   d. Any settlement that is not authorized pursuant to the foregoing procedure, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the Debtors served upon the necessary parties in interest.

  3. So long as the Debtors are otherwise in compliance with the Settlement Procedures, the Debtors are hereby authorized to fix the allowed amount and priority of a claim without further order of this Court, pursuant to any applicable agreement between the Debtors and the Settling Party, and such agreement shall be fully binding upon the applicable Debtor's estate.

  4. For the avoidance of doubt, the Settlement Procedures shall not apply to (i) any claim held by a Debtor against any non-Debtor affiliate or (ii) any claim held by a non-Debtor affiliate against any Debtor.

  5. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

  6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

  7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
   White Plains, New York

                 THE HONORABLE ROBERT D. DRAIN
                 UNITED STATES BANKRUPTCY JUDGE

WEIL:\96858407\6\73217.0004