CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225 2000
Facsimile: (212) 225 3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------ x

### NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL CONTRACTS AND DESIGNATABLE LEASES

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

1. Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed a motion, dated November 1, 2018 (ECF No. 429) (the "Sale Motion") seeking, among other things, the entry of an order pursuant to sections 105, 363 and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1, 6005-1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing and approving the sale of the Acquired Assets and the assumption and assignment of certain executory contracts and unexpired leases of the Debtors in connection therewith.

2. On January 18, 2019, the Debtors filed and served on the applicable counterparties the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1731) (the "Initial Notice").

3. On January 23, 2019, the Debtors filed and served on the applicable counterparties the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 1774) (the "Supplemental Notice").

4. On January 31, 2019, the Debtors filed and served on the applicable counterparties the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2314) (the "Second Supplemental Notice").

5. On March 5, 2019, the Debtors filed and served on the applicable counterparties the *Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2753) (the "Third Supplemental Notice").

6. On March 29, 2019, the Debtors filed and served on the applicable counterparties the *Fourth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (ECF No. 2995) (the "Fourth Supplemental Notice" and together with the Initial Notice, Supplemental Notice, Second Supplemental Notice, and Third Supplemental Notice, the "Assumption and Assignment Notices").

7. On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "Sale Order") (ECF No. 2507)[2] was entered by the Court.

8. In accordance with the terms of the Sale Order, Buyer may designate Additional Contracts and Designatable Leases (collectively, the "Additional Assigned Agreements") for assumption and

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Sale Order.

assignment for up to sixty (60) days after the Closing Date, which occurred on February 11, 2019.

9. On April 2, 2019, the Court entered its the *Order (I) Authorizing Assumption and Assignment of Certain Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") (ECF No. 3008).

10. Paragraphs 26 and 27 of the Assumption and Assignment Order establish a noticing procedure for assumption and assignment of Additional Assigned Agreements.

11. In accordance with the Sale Order and the Assumption and Assignment Order, Buyer has designated for assumption and assignment certain Additional Assigned Agreements, which are listed on **Exhibit 1** hereto.

12. Each of the Additional Assigned Agreements listed on **Exhibit 1** was listed on an Assumption and Assignment Notice that was previously filed with the Bankruptcy Court and served on the applicable Counterparty, and all objection periods related to such Assumption and Assignment Notice have expired. All Additional Assigned Agreements listed in **Exhibit 1** shall be deemed to include any and all applicable supplements, amendments, and/or addenda.

13. To the extent a counterparty to an Additional Assigned Agreement properly filed and served a Cure Objection, and to the extent such counterparty is entitled to assert an additional objection to cure costs or assumption and assignment that could not have been raised in its prior objection, in accordance with paragraph 34 of the Sale Order and paragraph 26 of the Assumption and Assignment Order, such counterparty shall file and serve such objection (a "Supplemental Objection") in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures, entered on November 1, 2018 (ECF No. 405) so as to be filed and received no later than April 12, 2019 at 11:30 a.m. (Eastern Time) (the "Supplemental Objection Deadline").

14. If a Cure Objection or a Supplemental Objection has been timely filed and served with respect to an Additional Assigned Agreement listed on **Exhibit 1**, the executory contract or lease that is the subject of the Cure Objection or Supplemental Cure Objection may be removed from the list of Additional Assigned Agreements listed on **Exhibit 1** at any time prior to the Assumption Effective Date for such Additional Assigned Agreement as determined in accordance with paragraph 27 of the Assumption and Assignment Order, or to the extent it remains unresolved, such Cure Objection or Supplemental Objection shall be set for a hearing (the "Hearing") before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "Bankruptcy Court") on a date to be announced.

15. If a timely objection was not filed in advance of the Sale Hearing (or any such objection has been withdrawn or resolved) and the Supplemental Objection Deadline is not applicable to a subsequent Additional Assigned Agreement, the Assumption Effective Date for any such Additional Assigned Agreement shall be the date that this notice is filed with the Court.

Dated: April 4, 2019
New York, New York

/s/ *Luke A. Barefoot*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal, Esq.
Luke A. Barefoot, Esq.

*Attorneys for Transform Holdco LLC*