**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, New York 10019
Telephone:  (212) 506-5000
Facsimile: (212) 506-5151
Evan C. Hollander
Raniero D'Aversa, Jr.
Emmanuel Fua

*Counsel for TELUS International (U.S.) Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION., *et al.*, | ) | Case No. 18-23538-RDD |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**MOTION OF TELUS INTERNATIONAL (U.S.) CORPORATION FOR
AN ORDER SHORTENING NOTICE WITH RESPECT TO EMERGENCY MOTION
FOR AN ORDER (I) LIFTING THE AUTOMATIC STAY TO ALLOW IT TO
TERMINATE MASTER OUTSOURCED SERVICES AGREEMENT; OR, IN THE
ALTERNATIVE, (II) COMPELLING ASSUMPTION OR REJECTION OF
<u>EXECUTORY CONTRACT</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings, Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holding Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Product, Inc.(8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

TELUS International (U.S.) Corporation ("**TELUS**"), by and through its undersigned counsel, hereby moves (the "**Motion to Shorten**") this Court for an entry of an order, pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), shortening the notice period with respect to the *Emergency Motion for an Order (I) Lifting the Automatic Stay to Allow It to Terminate Master Outsourced Services Agreement; or, in the Alternative, (II) Compelling Assumption or Rejection of Executory Contract* (the "**Emergency Motion**"), filed contemporaneously herewith, and setting the date and time for the hearing on the Emergency Motion for the first possible opportunity the week of April 8, 2019, respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      TELUS brings this Motion to Shorten because, as detailed further in the Emergency Motion, Debtor Sears Holdings Management Corporation ("**SEARS**") has not paid TELUS's overdue post-petition claims for administrative services of $1.01MM, and both SEARS and Transform HoldCo LLC (the "**Buyer**") have advised TELUS in no uncertain terms that neither of them will make *any* further payments to TELUS for its services.  Despite this refusal to pay, SEARS and the Buyer have ***demanded*** that TELUS continue to provide its administrative services to SEARS.  TELUS is providing these administrative services at a rate of approximately $500,000 per month and should not be compelled to continue performing under the parties' service contracts free of charge.  Accordingly, by the Emergency Motion, TELUS is moving to lift the automatic stay to allow it to terminate its service contracts with SEARS, or in the alternative, to compel SEARS to assume or reject those service contracts immediately.  Given SEARS and the Buyer's

refusal to pay TELUS for its ongoing and costly administrative services and their demand that

TELUS continue providing these services, cause exists to shorten notice and hear this matter as

promptly as the Court is available.

2.      We understand that the next date on the calendar for this case is April 18, 2019 and

that this motion is necessary to be heard on that date.  However, given the extreme urgency of the

Emergency Motion, we respectfully request that this matter be heard at the first possible

opportunity the week of April 8, 2019.[2]

## BACKGROUND

3.      TELUS has been a reliable vendor to SEARS in the area of website customer

service and sales since March of 2013.  Through its over 200 customer service agents, TELUS

provides various call center and customer care services to SEARS's online and mattress lines of

business.  TELUS provides these services pursuant to a Master Outsourced Services Agreement

dated as of March 1, 2013 (as amended restated, supplemented, or otherwise modified from time

to time, the "**MOSA**") and the Statement of Work #2, dated as of May 1, 2014 (as amended,

restated, supplemented, or otherwise modified from time to time, the "**SOW**", and together with

the MOSA, the "**Agreements**").

4.      On or after October 15, 2018 (the "**Petition Date**"), SEARS and the other above-

captioned debtors (collectively, the "**Debtors**") commenced these cases by filing voluntary

petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

---

[2] As we advised the Courtroom Deputy by telephone, TELUS has attempted in good faith to
comply with paragraph 24 of the *Amended Order Implementing Certain Notice and Case
Management Procedures* (ECF No. 405), but has received no response from Debtors' counsel in
respect of the relief sought herein.

The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    TELUS has continued, post-petition, to provide services to SEARS at substantial cost of approximately $500,000 per month.

6.    SEARS has refused to pay its overdue post-petition claims for administrative services of $1.01MM.

7.    SEARS and the Buyer have also informed TELUS that SEARS will no longer honor its ongoing obligations under the Agreements, and that neither the Buyer nor SEARS will cure any defaults under the Agreements under any circumstances.

## JURISDICTION

8.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

9.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

10.    By this Motion to Shorten, TELUS requests entry of an order, pursuant to Bankruptcy Rule 9006(c), shortening the notice period with respect to the *Emergency Motion for an Order (I) Lifting the Automatic Stay to Allow It to Terminate Master Outsourced Services Agreement; or, in the Alternative, (II) Compelling Assumption or Rejection of Executory Contract*, filed contemporaneously herewith, and setting the date and time for the Hearing on the Motion on at the first possible opportunity for the week of April 8, 2019.

11.    A proposed form of order granting the relief requested herein is annexed hereto as Exhibit A (the "**Proposed Order**").

## THE RELIEF REQUESTED SHOULD BE GRANTED

12.    As detailed further in the Emergency Motion, TELUS is incurring costs of approximately $500,000 per month in providing administrative services to SEARS, and SEARS and the Buyer have made clear that they will not pay TELUS *any* portion of its outstanding and ongoing post-petition administrative claims.  SEARS and the Buyer have additionally made clear that they will not cure any defaults under the Agreements under any circumstances.  Despite these adamant refusals to pay, SEARS and the Buyer have demanded the TELUS continue providing its costly services to SEARS.  Cause therefore exists to hear this matter on shortened notice and in the first possible opportunity for the week of April 8, 2019.

13.    Bankruptcy Rule 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c).

14.    This Court has allowed parties to file motions seeking relief, including to lift the automatic stay, on shortened notice.  *In re Metro Affiliates, Inc.*, Case No. 13-3591 (SHL) (Bankr. S.D.N.Y. Dec. 3, 2013) (granting motion for order shortening notice period for certain emergency relief from automatic stay); *In re MF Global Holdings Ltd.*, Case No. 11-15059 (MG) (Bankr. S.D.N.Y. Nov. 14, 2011) (granting motion for order shortening notice for hearing to consider motion for conditional relief from automatic stay); *In re Celeste Wenegieme,* Case No. 16-12354 (LJG) (Aug. 24, 2016) (granting application to shortening time to notice hearing to terminate automatic stay).  *See also In re 919 Prospect Ave LLC*, Case No. 16-13569-SCC (Bankr. S.D.N.Y. Jan. 19, 2017) (granting motion for order to show cause shortening notice and scheduling hearing to consider emergency motion for order granting relief from automatic stay).

15.     Here, TELUS seeks to have the notice period for the Emergency Motion shortened to the first possible opportunity for the week of April 8, 2019.

16.     TELUS believes that interested parties will not be prejudiced by the shortened notice and that TELUS will be severely prejudiced if this matter is not heard on an expedited basis. All parties in interest are aware that the Debtors and the Buyer are contemplating the assumption and rejection of contracts.

17.     Based on the foregoing, TELUS respectfully submits that cause exists to shorten the notice period with respect to the Emergency Motion.

## **NOTICE**

18.     Notice of this Motion to Shorten will be provided in accordance with the procedures set forth in the Order Implementing Certain Notice and Case Management Procedures.  ECF No. 139.  TELUS respectfully submits that no other or further notice is required.

## **NO PRIOR REQUEST**

19.     No prior request for the relief sought herein has been made by TELUS to this or any other court.

WHEREFORE, TELUS respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just and appropriate.

Dated: New York, New York
       April 4, 2019

                              **ORRICK, HERRINGTON & SUTCLIFFE LLP**


                              By:    /s/ *Evan. C. Hollander* _____


                                     51 West 52nd Street
                                     New York, New York 10019
                                     Telephone:  (212) 506-5000
                                     Facsimile:  (212) 506-5151
                                     Evan C. Hollander
                                     Raniero D'Aversa, Jr.
                                     Emmanuel Fua

                                     *Counsel for TELUS International (U.S.)*
                                     *Corporation*