WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :   **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al*.,                   :
                                                            :   **Case No. 18-23538 (RDD)**
                                                            :
            Debtors.[1]                                     :   **(Jointly Administered)**
------------------------------------------------------------x

**ORDER (A) AUTHORIZING REJECTION OF CERTAIN EXECUTORY**
**CONTRACTS, (B) APPROVING PROCEDURES FOR REJECTION**
**OF EXECUTORY CONTRACTS, AND (C) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Upon the motion (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6006 of the Federal Rules of Bankruptcy Procedure, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, for an order (i) approving procedures (the "**Rejection Procedures**") for the rejection of contracts of the Debtors (collectively, the "**Contracts**"), (ii) authorizing the rejection of the Contracts annexed as **Exhibit 1** to the Motion (the "**Rejected Contracts**"), and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on March 21, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief in the in the best interests of

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

2

the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code, the Debtors are authorized to reject the Rejected Contracts listed on **Exhibit 1** annexed hereto, and the Rejected Contracts are hereby deemed rejected as of March 6, 2019.

3. The following Rejection Procedures are hereby approved in connection with rejecting Contracts:

   a. **Rejection Notice**. The Debtors will file with the Court and serve on the Rejection Notice Parties (as hereinafter defined) a notice (the "**Rejection Notice**"), substantially in the form attached as **Exhibit 2** to this Order, to reject the executory contract(s) pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the executory contracts to be rejected; (ii) the names of the counterparties to such executory contract(s); (iii) the proposed effective date of the rejection for each such executory contract(s) (the "**Rejection Date**"); and (iv) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice shall include the proposed order approving rejection of the executory contract(s) (the "**Rejection Order**"). The Rejection Notice may list multiple Contracts, provided that the number of Contracts listed on the Rejection Notice shall not exceed 750.

   b. **Rejection Date**. The Rejection Date shall be the date of the filing of the Rejection Notice, unless otherwise agreed by the Debtors and the counterparties to the applicable executory contracts, or unless otherwise ordered by the Court.

   c. **Service of Rejection Notice**. The Debtors shall use reasonable efforts to serve the Rejection Notice by first class mail or email upon the executory contract counterparties affected by the Rejection Notice, and their counsel, if known, and by email upon: (i) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Paul Schwartzberg, Esq. and Richard Morrissey, Esq.); and (ii) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.) (collectively, the "**Rejection Notice Parties**").

    d. **Objection Procedures**. Parties objecting to a proposed rejection must file and serve a written objection (an "**Objection**") so that the Objection is filed with the Court and is actually received by (i) the Debtors c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.); and (iii) the Rejection Notice Parties, no later than fourteen (14) calendar days after the date the Debtors file and serve the relevant Rejection Notice (the "**Rejection Objection Deadline**"). Each Objection must state with specificity the legal and factual grounds for objection to the proposed rejection.

    e. **No Objections**. If no Objection is filed and served by the Rejection Objection Deadline, the Debtors shall submit the proposed Rejection Order to the Court after the Rejection Objection Deadline and the Court may enter such order without a hearing.

    f. **Unresolved Objections**. If an Objection is timely filed and not withdrawn or resolved (an "**Unresolved Objection**"), the Debtors shall schedule a hearing for the Court to consider the Unresolved Objection. If an Objection is filed for fewer than all of the Contracts included on the Rejection Notice, the Debtors may proceed with submitting a proposed Rejection Order in accordance with the above procedures for the remaining Contracts on the Rejection Notice.

    g. **Rejection Damages**. The deadline to file a proof of claim to assert any damage claim arising from the rejection of a Contract shall be thirty (30) days after the entry of the Rejection Order.

4. Nothing herein or in the Motion shall preclude the Debtors from seeking to assume, assume and assign, and/or reject any executory contract or unexpired lease pursuant to a separate motion.

5. The Debtors shall not be liable for any additional administrative expenses arising after the Rejection Date with respect to the Contracts.

6. Nothing contained in the Motion or this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption, of any

agreement, contract, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

7. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

9. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: April 3, 2019

    White Plains, New York

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE