UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

SEARS HOLDINGS CORPORATION, et al.,

                     Debtor.

Case No.: 18-23538 (RDD)
Chapter 11

---

### DECLARATION OF GLENN M. FJERMEDAL IN SUPPORT OF MOTION TO COMPEL DEBTOR, K MART CORPORATION, TO ASSUME OR REJECT A GRAND CENTRAL PLAZA LEASE AGREEMENT AND TO ALLOW AN ADMINISTRATIVE EXPENSE CLAIM FOR POST-PETITION PAYMENTS

    I, Glenn M. Fjermedal, Esq., make this Declaration under 28 U.S.C. § 1746 as follows:

    1.    I am a partner in the law firm of Davidson Fink LLP, attorneys for GRAND CENTRAL PLAZA, INC. ("GC Plaza"), a Landlord in the above-captioned matter. I have personal knowledge of the facts and am competent to testify to the matters stated herein. As such, I am fully authorized to make this Declaration in support of GC Plaza's Motion to Compel the Debtor, K MART CORPORATION (hereinafter referred to as the "Debtor" or "K Mart"), to Assume or Reject a Lease Agreement between the Debtor and GC Plaza.

    2.    On or about October 18, 2016, K Mart executed a third extension for a Lease dated January 31, 1975 as amended on July 16, 1990 ("Lease Agreement"), in favor of GC Plaza, for the lease of the premises located at 1020 Center Street, Horseheads, New York and known as K Mart Store #7065. A true copy of the Lease Agreement, extensions and addendums are attached hereto and made a part hereof, collectively, as Exhibit "A."

    3.    Pursuant to the terms of the aforesaid Lease Agreement, the Debtor agreed to lease the property in Exhibit "A," and to make minimal monthly rental payments in the amount of $15,815.83 plus pay applicable Common Area Maintenance and Real Estate Taxes and Assessments. See Exhibit "A", Sections 1.3, 1.6 and 1.8.

1

4. The Debtor has defaulted by failing to make required Real Estate Tax payments for K Mart Store # 7065. At the present time, the Debtor's account is currently $55,546.27 delinquent as set forth in GC Plaza's Objection to the Proposed Notice of Cure Costs ("Cure Objection") attached hereto as Exhibit "B". The Debtor should be compelled to assume or reject the Lease Agreement because the Debtor has not fulfilled its post-petition tax payment obligations under this agreement.

5. GC Plaza has at all relevant times, met its obligations as Landlord under the Lease Agreement with the Debtor.

6. Pursuant to 11 U.S.C.S. § 365(d)(4)(A) and (B)(i) and (ii):

(A)    an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

   (i) the date that is 120 days after the date of the order for relief; or
   (ii) the date of the entry of an order confirming a plan.

(B)
   (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
   (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

The Debtor moved for and was granted a ninety (90) day extension under 11 U.S.C.S. § 365 (B)(i) to assume or reject unexpired leases which will expire on May 13, 2019. To the extent the Debtor seeks a further extension of this deadline under 11 U.S.C.S. § 365(B)(ii), GC Plaza will **not** consent to the same.

7. Accordingly, GC Plaza now respectfully request the Court to enter an Order: (a) compelling the Debtor to immediately assume or reject the Lease Agreement; (b) allowing an administrative expense claim to GC Plaza as and for post-petition real estate tax payments due under the terms of the unexpired Lease Agreement; (c) if debtor assumes the Lease Agreement, make immediate payments to cure costs; and (d) if the Lease Agreement is rejected, GC Plaza

seeks an Order of this Court permitting it to take immediate possession of the Leased Premises pursuant to the express terms of the Lease Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  Rochester, New York
       April 5, 2019

                                      /s/ Glenn M. Fjermedal
                                      DAVIDSON FINK, LLP
                                      Glenn M. Fjermedal, Esq.
                                      Attorneys for Grand Central Plaza, Inc.
                                      BAR CODE NO.: 510682
                                      Office and P.O. Address:
                                      28 East Main Street, Suite 1700
                                      Rochester, New York 14614
                                      Telephone: (585) 756-5954