Christopher J. Major, Esq.
**MEISTER SEELIG & FEIN LLP**
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500
Email: cjm@msf-law.com

*Attorneys for Royal Consumer Products, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**ROYAL CONSUMER PRODUCTS, LLC'S LIMITED OBJECTION
TO CURE COSTS, DEMAND FOR ADEQUATE PROTECTION, AND
RESERVATION OF RIGHTS TO DEBTORS' FOURTH SUPPLEMENTAL
NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
<u>LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION</u>**

Royal Consumer Products, LLC ("RCP"), by its undersigned counsel, respectfully submits this limited objection to, and reservation of rights concerning, the proposed Cure Costs and Adequate Assurance as provided in the Fourth Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [ECF Doc 2995] ("4th Cure Notice") filed by Debtors, and RCP states as follows:

<u>**BACKGROUND**</u>

1.      On or about October 15, 2018 (the "Petition Date"), Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2.       The Debtors are operating their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.       On November 19, 2018, the Court entered the Order Approving Global Bidding Procedures and Granting Related Relief [ECF Doc. 816] (the "Global Bidding Procedures Order").

4.       On January 18, 2019, the Debtors filed the Successful Bidder Notice, which gave notice, among other things, that Debtors had determined the offer submitted by Transform Holdco, LLC (the "Buyer"), established by ESL Investments, Inc., to acquire all or substantially all of the Global Assets was the highest and best off for the Global Assets received.  Attached to the Successful Bidder Notice as Exhibit B was a copy of the asset purchase agreement between the Buyer and Debtors (the "APA").

5.       Also on January 18, 2019, the Debtors filed Notice of Cure Costs And Potential Assumption And Assignment of Executory Contracts And Unexpired Leases in Connection With Global Sale Transaction [ECF Doc. 1731] (the "Cure Notice").  Although not listed in Exhibit A to the Cure Notice, which identifies purported "executory contracts," it appeared that the Debtors were proposing to assume an executory contract with RCP.

6.       On January 26, 2019, RCP filed *Royal Consumer Products, LLC's Limited Objection and Reservation of Rights to Debtors' Global Asset Sale Transaction and Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF Doc. 2014].

7.       In Exhibit A to its 4th Cure Notice, Debtors identify the Agreement (as defined below) as being subject to the assumption and assignment in connection with the Global Asset Sale Transaction that were not included in the prior Cure Notices and the Debtors'

2

calculation of the Cure Costs with respect thereto ($27,302.99).  The Debtors' calculation of

the Cure Costs is incomplete.  Specifically, the Cure Costs calculation omits $16,308.29 in

post-petition accounts receivable plus current consignment inventory in the amount of

$42,604.26.

**OBEJCTION TO CURE COSTS**

8.      On or about January 15, 2012, Kmart Corporation, Sears, Roebuck and Co.

and all other subsidiaries of Sears Holdings Corporation and Kmart Corporation (collectively

"Debtors") and Royal Consumer Products LLC ("RCP" or "Claimant") entered into the

Scan-Based Trading and Consignment Agreement as modified and supplemented by the

Scan-Based Trading and Consignment Agreement Rider dated as of May 8, 2012

(collectively the "Agreement").  A copy of the Agreement is annexed hereto as **Exhibit 1**.

9.      Pursuant to the terms of the Agreement, RCP delivers poster board, foam

board and project board products and similar merchandise to Debtors on consignment for

resale to retail consumers.  Debtors offer RCP's merchandise for sale to Debtors' customers.

Under the Agreement, Debtors are required to pay RCP net proceeds from the sale of RCP's

merchandise thirty (30) days from the date the merchandise is scanned by Debtors at their

cash registers.

10.     Under the Agreement, RCP was granted a perfected security interest in its

inventory delivered to Debtors and the accounts receivable generated from any sale of RCP's

consignment merchandise sold by Debtors.  RCP and Debtors further agreed that RCP could

file financing statements, any amendments and other appropriate Uniform Commercial Code

forms and/or other documents reflecting Vendor's consigning the merchandise and proceeds.

On or about December 16, 2014, Claimant filed a UCC Financial Statement with the

Michigan Department of State ("UCC-1"). A true and correct copy of Claimant's UCC-1 is annexed hereto as **Exhibit 2**. Debtor is currently holding Claimant's merchandise, which was delivered on consignment before October 15, 2018 (the petition date) worth a total of $42,604.26. Furthermore, there is $27,299.51 presently due and owing from Debtor to Claimant for the merchandise sold pursuant to the Agreement prior to October 15, 2018. Finally, there is $16,308.29 due and owing to RCP from the Debtor for the merchandise sold pursuant to the Agreement after the petition, for a total of $86,212.06. A true and correct copy of a spreadsheet summarizing these amounts is attached hereto as **Exhibit 3.**

11.     RCP objects to the assumption and assignment unless Debtors fully cure all defaults under the Agreement.

12.     In addition, RCP objects to the assumption and assignment of the Agreement unless and until RCP receives adequate protection of its consigned inventory unpaid account inventory and its perfected security interest therein. Without limitation, RCP requires that it be permitted to file UCC-1 financing statements against Buyer in order to perfect its security interest in any of RCP's inventory delivered to Buyer whether by Debtors or RCP.

### RESERVATION OF RIGHTS

13.     RCP reserves all of its rights and remedies under the Agreement, its security associated UCC-1 financing statements.

14.     RCP reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, supplement or withdraw this Limited Objection, to seek discovery, and to raise additional objections during or prior to the hearing.

15.     RCP further reserves its rights, without limitation, (a) to have final orders entered only after *de novo* review by a District Court Judge, (b) to trial by jury in any

4

proceeding so triable in these Cases or any case, controversy or proceeding related to these

Cases, (c) to have the District court withdraw the reference in any matter subject to

mandatory or discretionary withdrawal or (d) to any other rights, claims, actions, setoffs or

recoupments to which RCP is or may be entitled, in law or in equity.

## **CONCLUSION**

WHEREFORE, RCP objects to the 4th Cure Notice as the Debtors' calculation of the

Cure Costs is inaccurate, and RCP otherwise reserves all of its rights and remedies under the

Agreement, at law, or in equity.

Dated: New York, New York
      April 8, 2019

                          Respectfully submitted,

                          ROYAL CONSUMER PRODUCTS, LLC

                          By: /s/ Christopher J. Major
                                Christopher J. Major, Esq.

                          **MEISTER SEELIG & FEIN LLP**
                          125 Park Avenue, 7th Floor
                          New York, New York 10017
                          Tel: (212) 655-3500
                          Email: cjm@msf-law.com

**Certification of Service**

I hereby certify that on April 8, 2019 I caused a copy of the within Limited Objection and Reservation of Rights to be served (1) by email to all parties by operation of the Court's electronic filing system; and (2) by first class mail, ECF, or e-mail to upon the following parties:

| I. Bid Notice Parties | a. **Debtors:**<br>Rob Riecker: rob.riecker@searshc.com<br>Luke Valentino: luke.valentino@searshc.com<br>Mohsin Meghji: mmeghji@miiipartners.com<br>General Counsel: counsel@searshc.com<br><br>b. **Debtors' counsel:**<br>Ray Schrock, Esq.: ray.schrock@weil.com<br>Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com<br>Garrett A. Fail, Esq.: garrett.fail@weil.com<br>Sunny Singh, Esq.: sunny.singh@weil.com<br>Ellen J. Odoner, Esq.: Ellen.Odoner@weil.com<br>Gavin Westerman, Esq.: Gavin.Westerman@weil.com<br><br>c. **Debtors' investment banker**:<br>Brandon Aebersold and Levi Quaintance:<br>project.blue.rx@lazard.com |
|---|---|
| II. Buyer Parties | a. **Buyer:**<br>Kunal S. Kamlani: kunal@eslinvest.com<br>Harold Talisman: harold@eslinvest.com<br><br>b. **Counsel:**<br>Christopher E. Austin, Esq.: caustin@cgsh.com<br>Benet J. O'Reilly, Esq.: boreilly@cgsh.com<br>Sean A. O'Neal, Esq.: soneal@cgsh.com |
| III. Consultation Parties | a. **Bank of America:**<br>Paul Leake, Esq.: Paul.Leake@skadden.com<br>Shana Elberg, Esq.: Shana.Elberg@skadden.com<br>George Howard, Esq.: George.Howard@skadden.com<br><br>b. **Wells Fargo Bank:**<br>Kevin J. Simard, Esq.: ksimard@choate.com<br>Jonathan D. Marshall, Esq.: jmarshall@choate.com |

| | |
|---|---|
| | **c. Committee:**<br>Ira S. Dizengoff, Esq.: idizengoff@akingump.com<br>Philip C. Dublin, Esq.: pdublin@akingump.com<br>Abid Qureshi, Esq.: aqureshi@akingump.com<br>Sara L. Brauner, Esq.: sbrauner@akingump.com |
| Via First Class Mail: | U.S. Federal Office Building<br>201 Varick Street, Suite 1006<br>New York, NY 10014<br>Attn: Paul Schwartzberg<br>Attn: Richard Morrissey<br><br>Transform Holdco, LLC<br>c/o ESL Partners, Inc.<br>Attention: Kunal S. Kamlani and Harold Talisman<br>1170 Kane Concourse, Suite 200<br>Bay Harbor Islands, FL 33154<br><br>Sears Holdings Corporation<br>Attn: General Counsel<br>3333 Beverly Road<br>Hoffman Estates, IL 60179<br><br>Cleary Gottlieb Steen & Hamilton LLP<br>Attention: Christopher E. Austin,<br>Benet J. O'Reilly and Sean A. O'Neal<br>One Liberty Plaza<br>New York, NY 10006 |

Parties may access this filing through the Court's CM/ECF System.


By: /s/ Christopher J. Major
Christopher J. Major