**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
**In re**                                                         :    **Chapter 11**
                                                                  :
**SEARS HOLDINGS CORPORATION,** *et al.*,                         :    **Case No. 18-23538 (RDD)**
                                                                  :
   Debtors.[1]                                                    :    **(Jointly Administered)**
                                                                  :
------------------------------------------------------------------x

## STIPULATION AND ORDER PERMITTING RELATOR
## CARL IRELAND, ADMINISTRATOR OF THE ESTATE OF JAMES GARBE, TO
## FILE CONSOLIDATED PROOFS OF CLAIM UNDER A SINGLE CASE NUMBER

This stipulation, agreement, and proposed order (this "**Stipulation**") is entered into by and among Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Relator Carl Ireland, Administrator of the Estate of James Garbe (the "**Relator**," and, together with the Debtors, the "**Parties**"). The Parties have agreed that the Relator will be permitted to file consolidated proofs of claim (the "**Proofs of Claim**") on behalf of the Mortgagees (as defined below) which

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

will be deemed to have been filed in each of the Debtors' cases identified in such Proofs of Claim, for the reasons and on the terms and conditions set forth below:

### Recitals

A.   Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Chapter 11 Case No. 18-23538 (RDD), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

B.   The Debtors executed an asset purchase agreement with Transform Holdco, LLC (the "**Buyer**") for purchase of the Acquired Assets (as defined in the Asset Purchase Agreement), dated January 17, 2019 (as amended, the "**Asset Purchase Agreement**," and the transaction effected thereby, the "**Global Asset Sale Transaction**"). On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507) (the "**Sale Order**"), approving the Global Asset Sale Transaction. On February 11, 2019, the Debtors closed the Global Asset Sale Transaction with the Buyer (the "**Closing Date**").

C.  On February 22, 2019, the Court entered an order (the "**Bar Date Order**") fixing, among other things, April 10, 2019 at 5:00 p.m. (Eastern Time) as the deadline for filing proofs of claim against the Debtors (the "**Bar Date**"). The Bar Date Order and the notice of bar date (the "**Bar Date Notice**") distributed by the Debtors specifically require that a claimant with claims against more than one of the Debtors file a separate proof of claim in the case of each Debtor against whom that claimant asserts a claim.

D.  The Relator contends that it, together with the United States of America (together, the "**Mortgagees**") held a first priority, perfected mortgage lien on the Debtors' real property known as the Sears Distribution Center #8975, Cupey Bajo, San Juan, Puerto Rico (the "**Puerto Rico Property**") and any and all proceeds of the Puerto Rico Property as of the Commencement Date. The Relator filed a *Limited Objection to the Debtors' Motion for Authority to (a) Obtain Post-Petition Financing, (b) Use Cash Collateral, (c) Grant Certain Protections to Prepetition Secured Parties, and (d) Schedule Second Interim Hearing and Final Hearing* (ECF No. 550), and the Debtors and the Relator were able to agree upon language for the final orders approving DIP financing, providing that the security interest of the Mortgagees in the Puerto Rico Property was preserved and not subordinated in any manner to the DIP lenders' claims (ECF No. 955, ¶65; ECF No. 1436, ¶64).

E.  In addition, the Relator filed a *Limited Objection and Reservation of Rights to the Proposed Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith and (IV) Granting Related Relief.* (ECF No. 1931) As a result of that limited objection, and pursuant to paragraph 71 of the Sale Order, the

Mortgagees' lien attached to the proceeds of the Sale Transaction and the Relator was granted a superpriority administrative expense claims against the Debtors as adequate protection.

F. The Relator believes that, under the Bar Date Order, it may be required to file claims against multiple Debtors. These multiple claims would impose a significant administrative burden on the Debtors, the Relator, the Court, and Prime Clerk LLC, the Debtors' claims and noticing agent. As a result, the Parties have agreed on an approach, as discussed below, which will permit the Relator to file consolidated claims against all Debtors.

## AGREEMENT

1. Notwithstanding any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, any order of this Court (including the Bar Date Order), the Bar Date Notice, or any approved proof of claim form that otherwise would require the Relator, whether on behalf of itself or both of the Mortgagees, to file separate proofs of claim against each of the Debtors, it expressly is agreed herein, subject to approval of this Stipulation by the Court, that the filing of consolidated Proofs of Claim by the Relator in the chapter 11 case of Sears Holdings Corporation, Case No. 18-23538 (RDD) (the "**Lead Case**") on or before the Bar Date, shall be deemed filed in the Lead Case and in each of the Debtors' chapter 11 cases.

2. This Stipulation is intended solely for the purpose of administrative convenience and shall not affect the substantive rights of the Debtors, the Mortgagees, or any other party in interest including, without limitation, the allowance, amount, or priority of the Mortgagees' claims or any objection, defense, offset, or counterclaim with respect thereto.

3. The terms of this Stipulation also shall apply to any amendments that the Relator may make with respect to any timely filed proof of claim against any of the Debtors.

4. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation.

5. This Stipulation contains the entire agreement by and among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

6. This Stipulation may be changed, modified or otherwise altered in a writing executed by the Parties to this Stipulation. Oral modifications are not permitted.

7. This Stipulation shall be effective immediately upon approval by the Bankruptcy Court.

8. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

9. Nothing herein shall constitute an acknowledgement or finding as to whether the Debtors are liable to the Relator, and all Parties reserve all rights with respect to the Debtors' liability to the Relator.

Dated: March 25, 2019
      New York, New York

| **HALPERIN BATTAGLIA BENZIJA, LLP** | **WEIL, GOTSHAL & MANGES LLP** |
|---|---|
| */s/* Alan D. Halperin | */s/* Jacqueline Marcus |
| Alan D. Halperin, Esq. | Ray C. Schrock, P.C. |
| Walter Benzija, Esq. | Jacqueline Marcus |
| Ligee Gu, Esq. | Garrett A. Fail |
| 40 Wall Street, 37th Floor. | Sunny Singh |
| New York, New York 10005 | 767 Fifth Avenue |
| Telephone: (212) 765-9100 | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| | Facsimile: (212) 310-8007 |
| *Attorneys for Relator Carl Ireland,* | *Attorneys for Debtors* |
| *Administrator of the Estate of James Garbe* | *and Debtors in Possession* |

SO ORDERED:

Dated: April 5, 2019
      White Plains, New York

                                  /s/Robert D. Drain
                                 THE HONORABLE ROBERT D. DRAIN
                                 UNITED STATES BANKRUPTCY JUDGE