**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**OBJECTION TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF**
**ADDITIONAL CONTRACTS AND DESIGNATABLE LEASES**

COMES NOW, Comosoft, Inc. ("Comosoft"), a creditor and party-in-interest in the above-styled bankruptcy cases (the "Bankruptcy Case") of Sears Holdings Corporation, et al. (the "Debtors") and files this its *Objection to Notice of Assumption and Assignment of Additional Contracts and Designatable Contracts* (the "Objection"), and in support thereof would respectfully show the Court as follows:

**I.    BACKGROUND**

1. On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors operated and managed their businesses as debtors and debtors-in-possession pursuant to section 1107 and 1108 of the Bankruptcy Code until consummating a sale of substantially all of its assets.

2. Prior to the Petition Date, Comosoft and debtor Sears Holdings Management Corporation ("SHMC")[1] entered into that certain *Master Software and Services Agreement* (as supplemented, including as amended by any statements of work, the "Agreement") pursuant to which Comosoft provides software management services to SHMC and the Debtors. The Agreement is an executory contract under 11 U.S.C. § 365.

---

[1] Sears Holdings Management Corporation is the debtor in bankruptcy case number 18-23553, which bankruptcy case is jointly administered under the lead bankruptcy case of Sears Holdings Corporation, case number 18-23538.

3. On January 18, 2019, the Debtors filed their *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "<u>Initial Cure Notice</u>"), listing the Agreement but showing no cure amount. *See* Doc. 1731 at ECF page 81. While the Initial Cure Notice as to Comosoft was inaccurate, Comosoft did not file an objection to this initial cure notice because the Debtors' business personnel advised Comosoft that the Agreement would be honored. Further, this Objection does not concern cure costs that would have been owed as of the Initial Cure Notice or the deadline to object to the same.

4. On February 8, 2019, the Court entered the Sale Order[2], approving the sale of substantially all of the Debtors' assets to the Buyer.[3] The sale closed on February 11, 2019, which date is the operative "Closing Date" under the Sale Order and other related pleadings filed by the Debtors.

5. The Sale Order provides that executory contract counterparties who failed to object to proposed cure amounts by the applicable deadline are barred from objecting to cure costs in the event such executory contract is assumed,

> except to the extent such Cure Costs further accrue … following the Debtors' filing of the applicable Assumption and Assignment Notice … [in which event] such Designated Contract Counterparty shall have eight (8) days after the date on which the applicable supplemental Assumption and Assignment Notice is filed with the Court and served on the applicable Designated Counterparty … to object to the applicable proposed Cure Costs for such Additional Contract and the assumption and assignment of the Additional Contract…
>
> Doc. 2507 at ECF p. 58–59.

---

[2] The "Sale Order" is the *Order (i) Approving the Asset Purchase Agreement Among Sellers and Buyer, (ii) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (iii) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (iv) Granting Related Relief* [Doc. 2507].
[3] As defined in the Asset Purchase Agreement.

6. The Sale Order further provides that, in the event counterparty *did* file a timely objection, then any additional objection should be limited solely to cure costs for such amounts that could not have been previously raised. *Id.* Accordingly, the Sale Order provides that any contract counterparty may, before eight (8) days after the date on which the supplemental notice is served, file an objection to cure costs, but that such objection must be limited to cure costs which could not have been previously asserted.

7. On April 2, 2019, the Court entered its their *Order (i) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (ii) Granting Related Relief* (the "Assumption Order"). Doc. 3008. The Assumption Order likewise bars contract counterparties from asserting objections to cure costs "except to the extent such Cure Costs accrue … following the Debtors' filing of the applicable Assumption and Assignment Notice …" Doc. 3008 at ECF p. 14 ¶ 13.

8. Also on April 2, 2019, the Debtors filed their *Notice of Assumption and Assignment of Additional Contracts and Designatable Leases* (the "Additional Contracts Notice"). Doc. 3023. The Agreement is designated on the Additional Contracts Notice as a "Additional Assigned Agreement." *See* Doc. 3023–1 at ECF p. 1.

9. The Additional Contracts Notice provides that *"[t]o the extent a counterparty to an Additional Assigned Agreement properly filed and served a Cure Objection*, and to the extent such counterparty is entitled to assert an additional objection to cure costs or assumption and assignment that could not have been raised in its prior objection … such counterparty shall file and serve such objection …." (emphasis added).

10. The emphasized language above causes the Additional Contracts Notice to be inconsistent with both the Sale Order and the Assumption Order, which do not require a party to

have previously filed an objection in order to object to cure costs that could not have been raised in the prior objection.

11. First, the Sale Order and the Assumption Order control over the Additional Contracts Notice.

12. Second, the additional requirement in the Additional Contracts Notice is illogical – if a contract was current prior to and through the prior objection deadline, but the Debtors subsequently defaulted, that counterparty would be precluded from asserting any cure costs objections because it did not previously object (and would have had no basis upon which to object).

13. Accordingly, Comosoft files this Objection to the Additional Contracts Notice to the extent the same identifies a cure cost of $0 for the Agreement, which objection is limited to the period of time February 11, 2019 continuing through the filing hereof.

14. It is unclear whether there is a deadline for cure costs accrued after the April 10, 2019 deadline. Comosoft reserves the right to amend this Objection for such amounts accruing after the April 10, 2019 deadline.

## II.    OBJECTION

15. Comosoft objects to the proposed cure amounts in the Additional Contracts Notice for the curing of the Agreement for the amounts accruing under the Agreement after the closing of the sale; i.e., after February 11, 2019. For the avoidance of doubt, Comosoft herein does not object to the pre-closing cure amounts of $0, which were contained and identified in the Initial Cure Notice.

16. Attached to this Objection as Exhibit "A" are two invoices (the "Invoices") on which the Debtors have defaulted, and which amounts are true and correct "cure costs" to the

Agreement. Invoice 19-23, in the amount of $17,765.00, is dated February 19, 2019, with payment "Due Upon Receipt." Invoice 19-36, in the amount of $17,765.00, is dated March 19, 2019, with payment "Due Upon Receipt."

17. Neither the Debtors, the buyer, nor the buyer's assignee have paid the Invoices. The Invoices constitute valid and owing "cure costs" which Comosoft could not have asserted in response to the Initial Cure Notice because the same had not accrued at that time. Accordingly, pursuant to the Sale Order and the Assumption Order, Comosoft demands that the Invoices be deemed "cure costs" and that payment for the same be provided by the appropriate party.

### III.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Comosoft respectfully requests that this Court enter an order: (i) sustaining the Objection; (ii) holding that the cure costs with respect to the Agreement are in the amount of the Invoices; (iii) determining that additional future invoices accruing under the Agreement are additional cure costs; and (iv) granting Comosoft such other and further relief to which it has shown itself entitled by law or in equity.

Dated: April 10, 2019                    Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**
By: */s/ Kevin Lippman*
Kevin M. Lippman, Esq.
Texas Bar No. 00784479
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone:  (214) 855-7500
Facsimile:  (214) 855-7584
E-mail:  tberghman@munsch.com

*Counsel for Comosoft, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April, 2019, a true and correct copy of the foregoing pleading was served electronically through the Court's ECF transmission facilities on all parties registered to receive ECF notice in the above-captioned case.

                                                */s/ Thomas Berghman*
                                                Thomas D. Berghman, Esq.