Exhibit "A"

Janelly Landa, Esq. -168652016
SCHILLER, KNAPP, LEFKOWITZ & HERTZEL, LLP
A LLP Formed in the State of New York
30 Montgomery Street, Suite 1205
Jersey City, NJ 07302
(518)786-9069
Attorneys for Plaintiff
15-15308
-------------------------------------------------------------

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB, ACTING NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF SOUTHSIDE NSP TRUST 2017-1,**<br><br>**Plaintiff**<br><br>vs.<br><br>**JUDY E. PARKER; CITIFINANCIAL SERVICES, INC; NEW JERSEY NATURAL GAS COMPANY; MIDLAND FUNDING, LLC; NEW CENTURY FINANCIAL SERVICES, INC.; RICHARD W. ZIMINSKI; SHORE MEMORIAL HOSPITAL; SEARS ROEBUCK & COMPANY; CAPITAL ONE BANK; STATE OF NEW JERSEY; GERMAN LANGUAGE PUBLICATIONS; BENJAMIN ZAITZ; PATTY CARACCIOLO; RICHARD CARACCIOLO; MERCER COUNTY BOARD OF SOCIAL SERVICES; VNB LOAN SERVICES INC.;**<br><br>Defendant(s) | **SUPERIOR COURT OF NEW JERSEY**<br>CHANCERY DIVISION<br>OCEAN COUNTY<br><br>Docket No.: F-64907-09<br><br><u>**CIVIL ACTION**</u><br><br>3rd **AMENDED COMPLAINT IN FORECLOSURE**<br>(**To join judgment creditors and include death information for Defendant**) |

3^rd^ **AMENDED COMPLAINT**

-----------------------------------------------------------------

The Plaintiff, BAYVIEW LOAN SERVICING, LLC ("Plaintiff") complaining of the Defendants, by and through its attorney(s), Schiller, Knapp, Lefkowitz & Hertzel, LLP, alleges as follows:

1.     That Plaintiff, Wilmington Savings Fund Society, FSB, acting not in its individual capacity but solely as Trustee of Southside NSP Trust 2017-1, LLC, is an entity having its principal place of business at 12396 World Trade Drive, Suite 114, San Diego, CA 92128.

2.      Upon information and belief, the Defendants set forth in Exhibit "A" of this complaint reside at or have a place of business at the address set forth therein or, if a corporation, it was organized and is existing under and pursuant to the laws of the state set forth therein, and are made Defendants in this action in accordance with the interests set forth therein.

### FIRST COUNT
**(Foreclosure)**

3.      On July 21, 2005, Michael J. Parker executed to BSM Financial, L.P. a Note (hereinafter "Note") securing the sum of $201,832.00, payable on August 1, 2035 with the initial interest rate of 5.6250% per annum. The Plaintiff is the holder of the Note.

4.      To secure the payment of the Note, Michael J. Parker and Judy E. Parker, Husband and Wife, executed to Mortgage Electronic Registration Systems, Inc., as nominee for BSM Financial, L.P., a Mortgage (hereinafter "Mortgage") dated July 21, 2005, and thereby mortgaged to Mortgage Electronic Registration Systems, Inc., as nominee for  BSM Financial, L.P., in fee the land hereinafter described (hereinafter "Mortgaged  Premises"). Said Mortgage was duly recorded on August 4, 2005, in the Office of the Clerk/Register of Ocean County, in Mortgage Book 12747, Page 0728. The Mortgage **is a Purchase Money Mortgage**.

   a.   Inadvertently and due to clerical error, the first page of Plaintiff's mortgage showed the name Mark J. Parker as a co-mortgagor. The signature line of the mortgage correctly reflected the name of the Co-Mortgagor as Michael J. Parker, and was signed as Michael J. Parker. However, since Michael J. Parker did in fact properly execute same, said error does not affect the validity of the mortgage.

5.      That the Mortgage encumbers all that certain real property commonly known as 109 Division Street, Little Egg Harbor, NJ 08087 and also known as Lot(s) 4, Block 273, as

shown on the Tax Map of the Township of Little Egg Harbor, County of Ocean, State of New Jersey, including all improvements thereon, and more particularly described on Exhibit "B" annexed hereto and made part hereof ("the Mortgaged Property").  The Mortgage includes the metes and bounds description as set forth on Exhibit "B."

6.   The Mortgage has been assigned as follows:

a.   By assignment of mortgage executed on September 25, 2009 from Mortgage Electronic Registration Systems, Inc., as nominee for BSM Financial, L.P. to Wells Fargo Bank, N.A.  Said assignment was duly recorded on December 18, 2009, in the Office of the Clerk/Register of Ocean County in Book 14489, at Page 0841. Said Assignment of Mortgage was corrected by virtue of a Corrective Assignment of Mortgage dated November 28, 2017 and recorded January 29, 2018 in the Office of the Ocean County Clerk/Register in Book 17011, Page 11.

b.   By assignment of mortgage executed on January 13, 2015 from Wells Fargo Bank, N.A., to the Secretary of Housing and Urban Development. Said assignment was duly recorded on July 1, 2015 in the Office of the Clerk/Register of Ocean County in Book 16121, Page 1386.

c.   By assignment of mortgage executed on June 18, 2015 from the Secretary of Housing and Urban Development by Bayview Loan Servicing, LLC, its attorney-in-fact to Bayview Loan Servicing, LLC. Said assignment was duly recorded on July 1, 2015 in the Office of the Clerk/Register of Ocean County in Book 16121, Page 1391.

d.   By assignment of mortgage executed on November 28, 2017 from Bayview Loan Servicing, LLC to Bayview Dispositions IVB, LLC. Said assignment was duly

     recorded on January 29, 2018 in the Office of the Clerk/Register of Ocean County in Book 17011, Page 5.

     e.   By assignment of mortgage executed on June November 28, 2017 from Bayview Loan Servicing, LLC, to Wilmington Savings Fund Society, FSB, acting not in its individual capacity but solely as Trustee of Southside NSP Trust 2017-1. Said assignment was duly recorded on January 29, 2018 in the Office of the Clerk/Register of Ocean County in Book 17011, Page 8.

7.     That on or about July 24, 2008, Wells Fargo Bank, N.A. and Borrower / Mortgagor Michael J. Parker entered into a Loan Modification Agreement with the following terms:

     a.   The new maturity date when the final balance was due and owing was changed to August 1, 2035;

     b.   The "New Principal Balance" of the loan will be $202,931.34;

     c.   An interest rate of 5.625% will begin to accrue on the "Interest Bearing Principal Balance" of $202,931.34, on October 1, 2008 and the first new monthly payment of principal and interest will amount to $1,220.78 to be paid on the first day of each and every month until the final amount is due and owing.

8.     That BAYVIEW LOAN SERVICING, LLC is the assignee and mortgagee of record and thus, holds all right, title and interest in and to the Note and to the Mortgage securing the debt therein.

9.     That the Note and Mortgage ("Loan Documents") provide that if Borrower(s) / Mortgagor(s) fail to pay the full amount of any monthly payment on the date it is due, such failure shall constitute an event of default.

10.      That the Loan Documents further provide that if any sum payable under the Loan Documents is not paid in full within fifteen (15) calendar days after the date on which it is due, the Borrower(s) / Mortgagor(s) shall pay a late charge equal to 4.000% of the delinquent payment.

11.      That Loan Documents contained an agreement, that if any installment of principal and interest should remain unpaid, then after notice is given pursuant to the loan documents and any cure period has expired Lender / Plaintiff may demand the whole of the principal sum, together with all unpaid interest and advances made by the mortgagee, as immediately due.

12.      That in accordance with the Loan Documents, Plaintiff gave notice of their election to require Borrower(s) / Mortgagor(s) to pay the full amounts due under the mortgage loan, should Borrower(s) / Mortgagor(s) not pay the overdue amount within the prescribed period.

13.      That the Loan Documents further provide that upon occurrence of an event of default the Borrower(s) / Mortgagor(s) shall be liable for all costs incurred for collecting, securing or attempting to collect or secure any amounts due under the Loan Documents, including reasonable attorneys' fees and other legal costs.

14.      The obligor(s) has/have failed to make the installment payment due on May 1, 2009, and all payments becoming due thereafter. Therefore, the loan has been in default since on or about June 1, 2009.

15.      That there is now due, owing and payable to Plaintiff under the Note and Mortgage (i) principal; (ii) accrued and unpaid interest at the rate set forth in the Loan Documents; (iii) late charges; (iv) attorneys' fees, costs and expenses; and (v) all other sums

provided for under the Note and Mortgage including taxes, assessments, water rents, insurance premiums, escrow and/or other charges.

16.      To date, Borrower(s) / Mortgagor(s) has not paid the amounts due under the Note and Mortgage and accordingly, Plaintiff hereby elects to call due the entire amount secured by the Mortgage and accelerates and demands payment of all sums due under the Note and Mortgage.

17.      That in order to protect its security the plaintiff has been, and/or may be compelled during the pendency of this action to pay local taxes, assessments, water rents, insurance premiums, F.H.A. or Veterans Administration premiums or charges, and other charges affecting the mortgaged premises, and the plaintiff requests that any sums thus paid by it for the said purposes, together with interest thereon, should be added to the sum otherwise due and be deemed secured by the said mortgage and be adjudged a valid lien on the mortgaged premises.

18.      That in accordance with the terms of the said debt instrument and mortgage in any action upon same, the Defendants Borrower(s) / Mortgagor(s) MICHAEL J. PARKER AND JUDY E. PARKER, hereof agreed to pay plaintiff's reasonable attorneys' fees in connection with such action, which fees are deemed to be secured by the said mortgage and are a lien on the premises prior to any right, title, claim or interest in, to or upon the mortgaged premises attaching or accruing subsequent to the lien of said mortgage.

19.      That upon information and belief, Michael J. Parker  died intestate on July 16, 2014 in Wayne County, The State of Tennessee. That Judy E. Parker is the surviving tenant-by-the-entirety of the subject premises.

20.      That Plaintiff shall not be deemed to have waived, released or changed the election hereinbefore made by reason of the payment, after the date of the commencement of this action, of any and all of the defaults mentioned herein; and such election shall continue and remain effective

until the costs and disbursements of this action, and any and all future defaults under the aforesaid Note and Mortgage occurring prior to the discontinuance of this action are fully paid.

21.        That if applicable, Plaintiff has complied with the pre-filing notice requirements of the Fair Foreclosure Act and other notices required under the mortgage documents or required by law.

22.        Plaintiff has in compliance with the Fair Foreclosure Act, N.J.S.A. § 2A:50–56, *et seq.*, mailed a notice of intention to foreclose to the debtors at least thirty-one (31) days prior to the filing of this complaint.

23.        The Defendants whose names appear in Exhibit "A" hereof and the Defendants made a party hereto as set forth in paragraphs 3 and 4 hereof, if any, as the plaintiff is informed and believes, have a claim to or some interest in, or lien upon said mortgaged premises or some part thereof, which claims, interest or lien, if any, accrued subsequently to the lien of the plaintiff's aforesaid mortgage and is subordinate thereto.

24.        Plaintiff does not seek a Writ of Possession to evict any occupant protected by the New Jersey Anti-Eviction Act, N.J.S.A. § 2A:18-61.1, *et. seq.*

    **WHEREFORE,** Plaintiff demands judgment against the Defendants:

    a.    That the Defendants herein and all persons claiming under them or any of them subsequent to the filing of the Lis Pendens of this action in the proper County Clerk's Office be barred and forever foreclosed of all right, title, claim, lien and equity of redemption in and to the mortgaged property;

    b.    Appointing a Receiver of the rents and profits of all of the aforesaid mortgaged property;

    c.    Fixing the amount due to Plaintiff pursuant to the Note and Mortgage;

d.  Directing the plaintiff be paid the amount due pursuant to the Note and Mortgage, with interest, advances, other charges, attorneys' fees and costs as set forth in the respective Loan Documents;

e.  That the aforesaid mortgaged property described in the mortgage be sold according to law, and that the moneys arising from the sale thereof be brought into Court, and there be paid therefrom, insofar as the moneys properly applicable thereto will pay the same, the expenses of the sale, the balance of the indebtedness due on the aforesaid debt instrument and mortgage, with interest thereon to the date of full payment thereof, and the costs and disbursements of this action and plaintiff's reasonable attorneys fees, and any sum or sums which have been paid, or which may hereafter be paid by plaintiff, for insurance premiums, taxes, water rents, sewer rents, or charges, costs or expenses of any nature and kind whatsoever arising out of or in any way connected with the mortgaged premises, with interest thereon to the date of full payment thereof;

f.  Foreclosing and barring the Defendants, and each of them, of all equity of redemption in and to such of said lands and premises as shall be sold;

g.  That Plaintiff's assignee or the purchaser at the foreclosure sale recover possession of the mortgaged premises against said Defendants or anyone holding under them and for costs resulting therefrom;

h.  Awarding plaintiff such other and further relief as to the Court shall deem just and equitable.

## SECOND COUNT
### (Possession of Mortgaged Premises)

25.        Plaintiff hereby repeats, re-alleges, and incorporates the allegations set forth  in the First Count of the Complaint, as if set forth  herein at length.

26.        By the terms of  the Note and Mortgage, plaintiff is entitled to possession of the Mortgaged Premises and all appurtenances.

27.        The Mortgagor(s) and Obligor(s) named herein has or may claim to have certain rights in the Mortgaged Premises, and by reason thereof, has or have deprived plaintiff  of possession of the Mortgaged Premises.

       **WHEREFORE,** Plaintiff demands judgment against the defendants, except those protected by N.J.S.A. § 2A:18-61.1, *et seq.*:

       a.    For possession of the Mortgaged Premises in favor of plaintiff or its assignee or designee, which right to possession shall be transferred to the successful purchaser at the foreclosure sale;

       b.    For costs.


### THIRD COUNT
### (Reformation of Loan Modification Agreement)

28.        Plaintiff hereby repeats, re-alleges, and incorporates the allegations set forth  in the foregoing paragraphs, as if set forth  herein at length.

29.        Judy E. Parker is joined in this action for any lien, claim or interest she may have in, to or against the mortgaged premises as she is a record owner of the Mortgaged Premises.

30.        At the time that the Loan Modification Agreement was entered, co-mortgagor Judy E. Parker failed to sign the Loan Modification Agreement. This error was inadvertent as Plaintiff and the Mortgagors intended to have all interested parties execute the subject Loan Modification Agreement.

9

**WHEREFORE,** Plaintiff demands judgment on the Third Count of this Complaint reforming plaintiff's Loan Modification Agreement to include defendant Judy E. Parker as an executor, creating an equitable lien upon the mortgaged property; and foreclosing all of her right, title and interest in the mortgaged premises.

## FOURTH COUNT
### (Reformation of Mortgage)

31.      Plaintiff hereby repeats, re-alleges, and incorporates the allegations set forth in the foregoing paragraphs, as if set forth  herein at length.

32.      Inadvertently and due to clerical error, the recital in the first page of the Mortgage showed the name Mark J. Parker as a Co-Mortgagor.

33.      The signature line of the Mortgage correctly reflected the name of the Co-Mortgagor as Michael J. Parker, and was signed as Michael J. Parker. However, since Michael J. Parker did in fact properly execute same.

34.      This scrivener's error appears to be inadvertent or an oversight on the parties involved as it was clearly intended for the full and correct description of the property to be included in the legal description.

35.      That the scrivener's error regarding the incorrect name referenced in the co-mortgagor recital of the Mortgage is immaterial and made as a result of mutual mistake, and the Mortgage should be reformed to reflect the correct name of Michael J. Parker as the only equitable remedy at law.

36.      The scrivener's error caused no harm or detriment to any party.

**WHEREFORE,** it is respectfully requested that the Mortgage documents be reformed to replace any reference to "MARK J. PARKER" to the full and correct name "MICHAEL J.

PARKER" in the recital of co-mortgagors, and for any other remedies that the Court deems just,

equitable, and proper.

|  |  |
|---|---|
|  | **SCHILLER, KNAPP,** |
|  | **LEFKOWITZ & HERTZEL, LLP** |
|  | A LLP Formed in the State of New York |
| DATED:  06/11/2018 | BY:     /s/ Janelly Landa, Esq. |
|  | Janelly Landa, Esq. |
|  | Attorney for Plaintiff |
|  | 30 Montgomery Street, Suite 1205 |
|  | Jersey City, NJ 07302 |
|  | Telephone: (518)786-9069 |

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that, to the best of my knowledge and belief, the matter in controversy is not the subject of any action pending in any other court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, except that Plaintiff may also file an action in the Law Division, Ocean County, for judgment under the Note.  I know of no other parties other than the parties set forth in this pleading who should be joined in the above action. I recognize the continuing obligation of each party to file with the Court and serve on all parties an amended Certification if there is a change in the facts stated in the original Certification.

Dated:   06/11/2018                                    /s/ Janelly Landa, Esq.
                                                       Janelly Landa, Esq.

## CERTIFICATION PURSUANT TO RULE 4:64-1(a)

     I, Janelly Landa, Esq., the undersigned, am an attorney-at-law of New Jersey with the law firm of SCHILLER, KNAPP, LEFKOWITZ & HERTZEL, LLP, attorney for Plaintiff in the within action, and the person actually entrusted with the conduct and management of the case. I aver that prior to the filing of this mortgage foreclosure complaint, I have received and reviewed a title search of the public record for the purpose of identifying any lienholder or other persons and entities with an interest in the property that is subject to the within foreclosure. I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   <u>06/11/2018</u>                          <u>/s/ Janelly Landa, Esq.</u>
                                                  Janelly Landa, Esq.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with <u>Rule</u> 1:38-7(b).

Dated:   <u>06/11/2018</u>                <u>/s/ Janelly Landa, Esq.</u>
                                           Janelly Landa, Esq.

## CERTIFICATION PURSUANT TO 4:64-1(3)

I hereby certify that the Complaint and all documents annexed thereto comport with the requirements of <u>Rule</u> 1:4-8(a) to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.

Dated:   <u>06/11/2018</u>                <u>/s/ Janelly Landa, Esq.</u>
                                           Janelly Landa, Esq.

Exhibit "A"

| JUDY E. PARKER<br>109 Division Street,<br>Little Egg Harbor, NJ 08087 | Current owner of the subject premises and obligor under the mortgage being foreclosed herein, which said mortgage, was duly recorded in the Ocean County Clerk's Office, as set forth in the pleadings herein.<br><br>Also surviving tenant by the entirety of the subject premises. |
| --- | --- |
| CITIFINANCIAL SERVICES, INC.<br>1329 Stuyvesant Avenue<br>Union, NJ 07083 | Possible subordinate lienor by virtue of a Subordinate Mortgage executed by Mortgagor Michael J. Parker and Judy E. Parker and Mortgagee CitiFinancial Services, Inc., a Pennsylvania corporation, in the amount of $16,315.22, dated August 3, 2006. Said Mortgage was recorded on August 9, 2006 in Book 13288, Page 0789, *et seq.* |
| NEW JERSEY NATURAL GAS COMPANY<br>633 Lake Avenue<br>Asbury Park, NJ 07712 | Possible subordinate lienor by virtue of a judgment docketed in the Superior Court Of New Jersey; Judgment: DJ-132343-05; Venue: Monmouth; Docketed: 05/31/2005; Award: $3,186.73 plus possible costs and fees; Debtor(s): Judith Parker C/O 25 Evergreen Terrane, Red Bank, NJ 07701. |
| MIDLAND FUNDING, LLC<br>c/o MIDLAND CREDIT MANAGEMENT, INC. C/O CANON BUSINESS<br>1037 Raymond Boulevard<br>Suite 710<br>Newark, NJ 07102 | Possible subordinate lienor by virtue of a judgment docketed in the Superior Court Of New Jersey, Ocean County; Judgment No.: DJ-227572-09; Docketed: 09/25/2009; Award: $1,604.76; Debtor(s): Judy E Parker A/K/A Judy E Anderson at 109 Division St, Little Egg Harbor, NJ 08087. |
| NEW CENTURY FINANCIAL SERVICES, INC.<br>110 South Jefferson Road<br>Whippany, NJ 07981 | Possible subordinate lienor by virtue of a judgment docketed in the Superior Court Of New Jersey; Judgment: DJ-233357-09; Venue: Ocean; Docketed:10/02/2009; Award: $3,445.53; Debtor(s): Judy Parker A/K/A Judy E. Anderson at 109 Division St, Little Egg Harbor, NJ 08087. |
| RICHARD W. ZIMINSKI<br>560 David Road | Possible subordinate lienor by virtue of a judgment entered in the Superior Court of |

| | |
|---|---|
| Charlottesville, VA 22902-8751 | New Jersey; Venue: Monmouth; Judgment: J-157206-96; Entered: 09/24/1996; Award: $17,500.00 plus costs and interest; Debtor(s): J Parker A/K/A J Royal Parker A/K/A J Royal Parker. |
| **SHORE MEMORIAL HOSPITAL**<br>100 Medical Center Way<br>Somers Point, NJ 08244 | Possible subordinate lienor by virtue of a judgment docketed in the Superior Court Of New Jersey; Judgment: DJ-311999-97; Venue: Cape May; Docketed: 06/26/1997; Award: $4,528.02 plus possible additional fees; Debtor(s): Michael Parker. |
| **SEARS ROEBUCK & COMPANY**<br>The Corporation Trust Company<br>820 Bear Tavern Road<br>West Trenton, NJ 08628 | Possible subordinate lienor by virtue of a judgment docketed in the Superior Court Of New Jersey; Judgment: DJ-060557-00; Venue: Camden; Docketed: 03/31/2000; Award: $2,076.49; Debtor(s): Judy Parker at 281 Uxbridge, Cherry Hill, NJ 08034. |
| **CAPITAL ONE BANK**<br>1099 Hooper Avenue<br>Toms River, NJ 08753 | Possible subordinate lienor by virtue of a judgment entered in the Superior Court Of New Jersey; Judgment: DJ-126426-04; Venue: Middlesex; Docketed: 05/25/2004; Award: $929.60; Debtor(s): Judith Parker at 1005 Florida Grove Mn, Keasbey, NJ 08832. |
| **STATE OF NEW JERSEY**<br>Office of the Attorney General<br>R.J. Hughes Justice Complex<br>25 Market Street<br>Trenton, NJ 08625-0080 | Possible subordinate lienor by virtue of the following judgments entered/docketed in the Superior Court Of New Jersey:<br><br>1) Judgment: J 026521-02; Venue: Essex; Entered: 02/04/2002; Award: $1,426.00; Creditor: State Of New Jersey Treasurer (Attorney: Essex County Probation); Debtor: Malcom Parker A/K/A Mike Parker A/K/A Malcolm Parker;<br><br>2) Judgment: J 127284-04; Venue: Mercer; Entered: 05/27/2004; Award: $50.00; Creditor(s): State Of New Jersey Treasurer; Debtor(s): Judy Anderson;<br><br>3) Judgment: DJ-263549-04; Venue: Mercer; Docketed: 09/30/2004; Award: $2,520.00; Creditor(s): Division of Unemployment & |

| | |
|---|---|
| | Disability Insurance; Debtor(s): Michael P. Parker. |
| **GERMAN LANGUAGE PUBLICATIONS** <br> 153 South Dean Street <br> Englewood, NJ 07631 | Possible subordinate lienor by virtue of a judgment entered in the Superior Court Of New Jersey; Judgment: J 059104-00; Venue: Bergen; Entered: 03/27/2000; Award: $49,677.66 plus costs;  Debtor(s): Intheater Magazine Inc. at 1501 Broadway, Suite 2605, New York, NY 10036, Michael A. Parker, Richard C. Parker, and Parker Publishing & Communications Inc. |
| **BENJAMIN ZAITZ** <br> 18 Heathcote Road <br> Scarsdale, NY 10583-4418 | Possible subordinate lienor by virtue of a judgment entered in the Superior Court Of New Jersey; Judgment: J-362106-01; Entered: 12/14/2001; Venue: Mercer; Award: $29,453.75 plus costs; Creditor(s): Benjamin Zaitz; Debtor(s): Michael T. Parker. |
| **PATTY CARACCIOLO** <br> 67 Park Avenue <br> Berlin, NJ 08009-1207 | Possible subordinate lienor by virtue of a judgment entered in the Superior Court Of New Jersey; Judgment: J-076220-05; Entered: 03/24/2005; Venue: Camden; Award: $85,573.19 plus interest & costs; Creditor(s): Patty Caracciolo and Richard Caracciolo; Debtor(s): J Parker A/K/A Jay Parker. |
| **RICHARD CARACCIOLO** <br> 5b N Arlington Avenue <br> Berlin, NJ 08009-1122 | Possible subordinate lienor by virtue of a judgment entered in the Superior Court Of New Jersey; Judgment: J-076220-05; Entered: 03/24/2005; Venue: Camden; Award: $85,573.19 plus interest & costs; Creditor(s): Patty Caracciolo and Richard Caracciolo; Debtor(s): J Parker A/K/A Jay Parker. |
| **MERCER COUNTY BOARD OF SOCIAL SERVICES** <br> 200 Woolverton Street <br> Trenton, NJ 08611 | Possible subordinate lienor by virtue of a judgment entered in the Superior Court Of New Jersey; Judgment: J 056527-06; Venue: Mercer; Entered: 03/02/2006; Award: $61,593.92 plus costs; Debtor(s): Judy Anderson A/K/A Judy Rodriguez. |
| **VNB LOAN SERVICES INC.** <br> 100 Red Schoolhouse Road <br> Suite A12 | Possible subordinate lienor by virtue of a judgment docketed in the Superior Court Of New Jersey; Judgment: DJ-196633-02; |

| | |
|---|---|
| Spring Valley, NY 10977 | Docketed: 08/26/2002; Venue: Passaic; Award: $6,852.20; Debtor(s): Michael Parker At P.O. Box 22086, Carmel, CA 93922. |

## Exhibit "B"
## LEGAL DESCRIPTION

**Property Description**:
109 Division Street
Township of Little Egg Harbor, New Jersey 08087
*Also known as Lot(s) 4, Block 273, as shown on the Tax Map of the Township of Little Egg Harbor, Ocean County, State of New Jersey*

**The above property description is provided for informational purposes only.**

BEING KNOWN AND DESIGNATED as Lot 4 in Block 273 as shown and delineated on a certain map entitled, "Resubdivision Map of Lots 4 through 20 Block 273, Little Egg Harbor Township, Ocean County, New Jersey dated November 26, 1980 and duly filed in the Ocean County Clerk's Office on August 12, 1981 as Map F-1136.

BEING MORE PARTICULARLY shown on a survey prepared by O'Donnell, Stanton & Associates, Inc., by Stuart D. Christie, PLS, NJ License #GS29345, dated July 12, 2005.

BEGINNING at a point in the northerly line of Division Street (50 feet wide) at the common corner of Lots 3 and 4 in Block 273 as shown on a map entitled "Resubdivision Map of Lots 4 through 20, Block 273", said point is further described as being 150.00 feet westerly from the intersection of the westerly line of Taylor Street (50 feet wide) with the said northerly line of Division Street and running; thence

1. North 85 degrees 21 minutes 00 seconds West, along the northerly line of Division Street 75.00 feet to a point; thence

2. North 04 degrees 39 minutes 00 seconds East, along the common line between Lots 4 and 5, 150.00 feet to a point; thence

3. South 85 degrees 21 minutes 00 seconds East, along the common line between Lots 4, 13 and 14, 75.00 feet to a point; thence

4. South 04 degrees 39 minutes 00 seconds West, along the common line between Lots 3 and 4, 150.00 feet to a point in the northerly line of Division Street, said point being the point and place of beginning.

FOR INFORMATIONAL PURPOSES ONLY: Lot 4 Block 273 on the tax map of the Township of Little Egg Harbor.