**REED SMITH LLP**
Christopher A. Lynch, Esq.
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: clynch@reedsmith.com

-and-

**ADAMS AND REESE LLP**
Jamie W. Olinto, Esq.
Florida Bar No.: 0085179
Admitted Pro Hac Vice
501 Riverside Avenue, Suite 601
Jacksonville, FL 32202
Telephone: (904) 355-1700
Facsimile: (904) 394-0572
E-mail: jamie.olinto@arlaw.com

Attorneys for Creditor, Beeline.com, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SEARS HOLDINGS CORPORATION, *et al.*,

Debtors.[1]

_____/

Chapter: 11

Case No.: 18-23538 (RDD)

(Jointly Administered)

## APPLICATION OF BEELINE.COM, INC. FOR PAYMENT OF ADMINISTRATIVE EXPENSES

---

[1] The Debtors in these chapter 11 cases are as follows: Sears Holdings Corporation; Kmart Holding Corporation; Kmart Operations LLC; Sears Operations LLC; Sears, Roebuck and Co.; ServiceLive Inc.; SHC Licensed Business LLC; A&E Factory Service, LLC; A&E Home Delivery, LLC; A&E Lawn & Garden, LLC; A&E Signature Service, LLC; FBA Holdings Inc.; Innovel Solutions, Inc.; Kmart Corporation; MaxServ, Inc.; Private Brands, Ltd.; Sears Development Co.; Sears Holdings Management Corporation; Sears Home & Business Franchises, Inc.; Sears Home Improvement Products, Inc.; Sears Insurance Services, L.L.C.; Sears Procurement Services, Inc.; Sears Protection Company; Sears Protection Company (PR) Inc.; Sears Roebuck Acceptance Corp.; Sears, Roebuck de Puerto Rico, Inc.; SYW Relay LLC; Wally Labs LLC; SHC Promotions LLC; Big Beaver of Florida Development, LLC; California Builder Appliances, Inc.; Florida Builder Appliances, Inc.; KBL Holding Inc.; KLC, Inc.; Kmart of Michigan, Inc.; Kmart of Washington LLC; Kmart Stores of Illinois LLC; Kmart Stores of Texas LLC; MyGofer LLC; Sears Brands Business Unit Corporation; Sears Holdings Publishing Company, LLC.; Sears Protection Company (Florida), L.L.C.; SHC Desert Springs, LLC; SOE, Inc.; StarWest, LLC; STI Merchandising, Inc.; Troy Coolidge No. 13, LLC; BlueLight.com, Inc.; Sears Brands, L.L.C.; Sears Buying Services, Inc.; Kmart.com LLC; Sears Brands Management Corporation; and SRe Holding Corporation.

Beeline.com, Inc. ("Beeline"), by and through its undersigned counsel, hereby files this application for the payment of administrative expenses in the total sum of $3,807.61, pursuant to 11 U.S.C. § 503(b), as more fully detailed herein.

## Introduction

1. Beeline assists the Debtors in the procurement of labor from third parties, pursuant to a number of Contracts (as defined herein). As the Debtors continue to use Beeline's services, Beeline respectfully requests this Court allow Beeline an administrative expense for the unpaid services Beeline has been providing to the Debtors, post-petition, which is currently the aggregate amount of $3,807.61 (as of March 20, 2019), with additional amounts accruing pursuant to the terms of the Contracts.

## Jurisdiction and Venue

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding arising pursuant to 28 U.S.C § 157(b)(2)(A) and (B). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested in the Application is 11 U.S.C. § 503(b)(1).

## Factual Background

4. Beeline facilitates certain of the Debtors' procurement of labor and other services from certain third parties (hereinafter, the "Suppliers") pursuant to a number of contracts, including but not limited to: (i) that certain Master Hosted Software and Services Agreement,

dated as of January 15, 2013, by and between certain of the Debtors and Beeline (the "Master Services Agreement"); (ii) Statement of Work No. 1, dated as of January 15, 2013, by and between certain of the Debtors and Beeline ("SOW #1"); (iii) Amendment 001 to the Master Hoster Software and Services Agreement, dated as of January 15, 2016 ("Amendment 001"); and (iv) Amendment 002 to SOW #1 of the Master Hosted Software and Services Agreement, dated as of June 20, 2017, by and between certain of the Debtors and Beeline ("Amendment 002"). Collectively hereinafter, where appropriate, the Master Services Agreement, SOW #1, Amendment 001 and Amendment 002 shall be referred to as to the "Contracts". True and correct copies of the Contracts are attached hereto and incorporated herein as **Composite Exhibit A.**

5. In connection with the Contracts, Beeline has also entered into those certain Beeline Payment Services Agreements and incorporated Beeline Access Terms by and between Beeline and the Suppliers (the "Payment Services Agreements"). Beeline is not the Suppliers' servicer or agent, and owes no obligation to the Suppliers to determine the accuracy of payments from the Debtors. Beeline simply facilitates the payments from the Debtors to the Suppliers. As further set forth in the Payment Services agreements, Beeline is only obligated to remit payment from Debtors to the Suppliers – not to analyze such payments for accuracy or take collection actions or efforts , including, but not limited to, filing claims in bankruptcy, or ensuring that the Suppliers are fully paid. Beeline is "not responsible for Supplier's acts or omissions, or the acts or omissions of [Debtors]." *See Payment Services Agreements.*[2]

---

[2] Beeline believes that $377,313.89 (as of March 20, 2019) is owed to the Suppliers post-petition. As Beeline is not the Suppliers' servicer or agent, Beeline is **not** seeking in this Application repayment of those amounts on behalf of the Suppliers. By setting forth this amount, Beeline is **not** assuming legal responsibility or creating an agency or

6. Beeline is entitled to a fee for its services. Ordinarily, Beeline would receive a certain portion of the Debtors' payments to the Suppliers in exchange for its services; however, Beeline is entitled to its fee regardless of whether payment is made to the Suppliers. Post-petition, $3,807.61 (as of March 20, 2019) is owed to Beeline for its services, pursuant to the terms of the Contracts. *See Affidavit of Tamara Smith in Support of Application for Administrative Expenses*, a true and accurate copy of which is attached hereto as **Exhibit B**.

## Procedural History

7. On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

8. On October 15, 2018, the Debtors filed their *Motion of Debtors for Entry of Order (I) Authorizing but Not Directing the Debtors to (A) Pay Certain Prepetition Wages and Reimbursable Employee Expenses, (B) Pay and Honor Employee Medical and Other Benefits, and (C) Continue Employee Benefits Programs, and (II) Granting Related Relief* (D.E. 31) (the "Prepetition Wages Motion"), seeking, among other things, authority to pay Suppliers and Beeline for prepetition services, so that the Suppliers "will continue to provide services and so that the temporary employees who are members of the Debtors' workforce will continue to work for the Debtors."

---

other relationship between Beeline and the Suppliers. Beeline includes this information in its claim solely for notice to the Debtors and other creditors of the Debtors. Thus, if this Court were to ever determine that Beeline should have filed proofs of claims on the Suppliers' behalf, there is no hardship or surprise to the Debtors or its creditors, and this claim can be amended accordingly.

9. This Court entered its *Interim Order (I) Authorizing but Not Directing the Debtors to (A) Pay Certain Prepetition Wages and Reimbursable Employee Expenses, (B) Pay and Honor Employee Medical and Other Benefits, and (C) Continue Employee Benefits Programs, and (II) granting Related Relief* (D.E. 114) on October 15, 2018, and its *Final Order (I) Authorizing but Not Directing the Debtors to (A) Pay Certain Prepetition Wages and Reimbursable Employee Expenses, (B) Pay and Honor Employee Medical and Other Benefits, and (C) Continue Employee Benefits Programs, and (II) granting Related Relief* (D.E. 798) on November 16, 2018.

10. The Debtors have yet to assume or reject the Contracts.

11. The Debtors have continued to utilize the services of Beeline post-petition, but Beeline has not been fully paid for the use of its services.

**Argument**

12. "An entity may timely file a request for payment of an administrative expense…" 11 U.S.C. § 503(a). Allowed administrative expenses include the "actual, necessary costs and expenses of preserving the estate…." 11 U.S.C. § 503(b)(1)(A).

13. "Section 503(b)(1)(A) of the Bankruptcy Code grants administrative expense status to the 'actual, necessary costs and expenses of preserving the estate'. The priority furthers the goal of rehabilitation by encouraging third parties to supply goods and services on credit to the estate." *In re Patient Educ. Media*, 221 B.R. 97, at 100-01 (Bankr. S.D.N.Y. 1998).

14. To be entitled to administrative priority, "the claimant must demonstrate that (i) its claim arose from a transaction with or on account of consideration furnished to the debtor-in-possession, and (ii) the transaction or consideration directly benefited the debtor-in-possession."

5

*In re Kuvykin*, No. 18-10760 (JLG), 2018 Bankr. LEXIS 2634, at *5-6 (Bankr. S.D.N.Y. Aug. 31, 2018).

15. The Debtors have continued to utilize Beeline's services to procure labor for their operations, and such labor substantially benefits the estate by allowing the Debtors to continue to operate, and by permitting its temporary workforce to continue to work for the Debtors. The continued use the temporary workforce is critical to the Debtors, as established in their Prepetition Wages Motion, and thus has directly benefited the Debtors. Thus, the fees owed to Beeline are actual and necessary costs of preserving the Debtors' estate.

16. Accordingly, Beeline is entitled to an order allowing and directing that all post-petition contractual payments be paid to it as an administrative expense.

WHEREFORE, pursuant to 11 U.S.C. § 503(b)(1) Beeline respectfully requests that the Court enter an order (i) granting its application for the payment of all unpaid post-petition contractual payments as an administrative expense; and (ii) granting such other and further relief as the Court may deem just and proper.

<table>
<tr><td>

Dated: New York, New York
      April 10, 2019

</td><td>

**REED SMITH LLP**

By: /s/ Christopher A. Lynch
    Christopher A. Lynch
    599 Lexington Avenue
    New York, NY  10022
    Telephone:  (212) 521-5400
    Facsimile:  (212) 521-5450
    E-mail:  clynch@reedsmith.com

    -and-

**ADAMS AND REESE LLP**
Jamie W. Olinto, Esq.
Florida Bar No.: 0085179
Admitted *Pro Hac Vice*
501 Riverside Avenue, Suite 601
Jacksonville, FL 32202
Telephone:  (904) 355-1700
Facsimile:  (904) 394-0572
E-mail:  jamie.olinto@arlaw.com

Attorneys for Creditor, Beeline.com, Inc.

</td></tr>
</table>

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CMF/ECF. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all parties of record.

/s/ Christopher A. Lynch
Christopher A. Lynch