UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
In re:

SEARS HOLDINGS CORPORATION, et al.,:

Debtors.

-----------------------------------------------------------x

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

_____

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY

# MOTION FOR ABSTENTION
_____

COMES NOW Creditor José Acosta, through undersigned counsel, and moves this Court to enter its Order lifting the automatic stay applicable to his Prepetition lawsuit in an Arizona state court pursuant to Arizona law which seeks damages for personal injuries and names Debtor Kmart Corporation as a party defendant. Creditor Acosta further moves this Court to enter its Order abstaining from exercising its transfer power, thereby allowing the Prepetition lawsuit to proceed in state court.

1. A Prepetition Action brought by Creditor Jose Acosta against Debtor Kmart Corporation and others was initiated by filing of, *inter alia*, a Complaint [Exhibit A] and Demand for Jury Trial on May 8, 2017 in Maricopa County Superior Court No. CV2017-006938, in Phoenix, Arizona.

The Complaint alleges an action for money damages against Defendants K Mart Corporation, K-Mart Center Limited Partnership, BCI Coca-Cola Bottling Company of Los Angeles, and Coca-Cola Refreshments U.S.A. Inc., as well as fictitious entities and persons acting as employees and/or agents of each named and unnamed entity.

Kmart Corporation is a debtor in the Bankruptcy Court proceeding at bar.

2.   The Complaint CV2017-006938 alleges that the corporate defendants as well as relevant employees and/or agents knew, should have known, caused and/or allowed an unreasonably hazardous and dangerous condition to exist without warning on a shelf displaying large bottles of soft drink products for sale at a Kmart store in Phoenix, Arizona that was open to the public.  The Complaint also alleges that each defendant is liable for negligent supervision over method and/or manner of stocking and maintaining the self at issue in the lawsuit.  Such personal injury claims of Creditor/Plaintiff Jose Acosta are made pursuant to Arizona law.

3.   The Complaint, Creditor/Plaintiff Acosta Initial Rule 26.1 Disclosure Statement dated November 8, 2017 and responses to interrogatories from Defendant BCI Coca-Cola Bottling Company of Los Angeles dated January 11, 2018 further allege that Creditor/Plaintiff Acosta was injured when at least one unsafely displayed bottle of a soft drink fell upon him, caused him to turn his body in different directions and led to significant resulting injuries.

/ / /

4.      Creditor/Plaintiff Acosta has alleged that the accident caused him to turn in a way in which he sustained a torn meniscus in his left knee. He has disclosed records related to same including surgical repair on his left knee which occurred on August 26, 2015 and rehabilitation which followed. Plaintiff Acosta has also alleged that his back and legs had been in pain since soon after the accident. Ultimately, back surgery was accomplished on December 14, 2017, following which he made further disclosures.

5.      Debtor/Defendant Kmart Corporation's Answer to Plaintiff's Complaint was filed on August 22, 2017. [Exhibit B]. Defendant BCI Coca Cola Bottling Company of Los Angeles's Answer to Plaintiff's Complaint was filed on October 12, 2017. [Exhibit C].

6.      The parties in CV2017-006938 filed their Joint Report filed on November 1, 2017. The trial court entered a Scheduling Order on November 22, 2017. The parties made disclosures and engaged in discovery thereafter.

Depositions conducted and attended by lawyers for Debtor/Defendant Kmart Corporation, Defendant BCI Coca Cola Bottling Company of Los Angeles and Plaintiff Acosta have been conducted as follows:

| | |
|---|---|
| Jose Acosta | March 21, 2018 |
| Luz Acosta | May 30, 2018 |
| Nicole Andresen | July 12, 2018 |

7.      Defendant BCI Coca-Cola Bottling Company of Los Angeles has disclosed a document claiming that Debtor/Claimant Kmart Corporation is liable for any damages associated with a missing shelf glide identified by at least one investigator as the source of

3

the hazard giving rise to soft drink bottle which feel upon Creditor/Plaintiff Acosta. Investigation also revealed the possibility that Defendant BCI Coca-Cola Bottling Company of Los Angeles was responsible for inspecting and stocking the shelf at issue as well as maintaining same in safe condition.

8. Creditor/Plaintiff Acosta served requests for admissions and requests to produce upon Debtor/Defendant Kmart Corporation and Defendant BCI Coca-Cola Bottling Company of Los Angeles seeking information as well as agreements between Kmart Corporation and others including Defendant BCI Coca-Cola Bottling Company of Los Angeles related to stocking, inspecting, monitoring, maintaining, repairing and replacing shelving, including that used to display Coca-Cola products at issue in the subject Kmart store. Claims of privilege led to negotiation regarding provision of confidential information and materials pursuant to a protective order.

9. On October 15, 2018, a Chapter 11 Voluntary Petition for Non-Individuals Filing for Bankruptcy was filed on behalf of Defendant Kmart Corporation and other related entities in United States Bankruptcy Court for the Southern District of New York No. 18-23538 (RDD). The lead debtor in such pending Bankruptcy Court action herein is Sears Holding Corporation. An automatic stay of proceedings against Defendant Kmart Corporation went into effect pursuant to 11 U.S.C. § 362.

10. Upon receipt of notice related to the instant Bankruptcy Court proceeding, the Maricopa County Superior Court filed its minute entry on October 22, 2018 which placed

/ / /

CV2017-006938 on the Dismissal Calendar until April 15, 2019 as to Debtor/Defendant Kmart Corporation. [Exhibit D].

11. Before the automatic stay herein became effective, Debtor/Defendant Kmart Corporation had neither responded nor objected to Creditor/Plaintiff Acosta's discovery requests. With the automatic stay in effect, only Defendant BCI Coca-Cola Bottling Company of Los Angeles Creditor/Plaintiff Acosta entered a Stipulation for Agreed Protective Order (filed in CV2017-006938 on December 13, 2018) which led to the trial court's entry of an Agreed Protective Order (filed on December 17, 2018).

12. On December 6, 2018, Creditor/Plaintiff José Acosta's Proof of Claim in the Kmart Corporation bankruptcy proceeding was filed. [Exhibit E, Proof of Claim, without exhibits; Exhibit F, Proof of Claim Receipt].

13. The automatic stay does not appear to prohibit Creditor/Plaintiff Acosta from continuing prosecution of his claim against Defendant BCI Coca-Cola Bottling Company of Los Angeles, in CV2017-006938. *See, Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001); cf., *In re Metal Center,* 31 B.R. 458, 462-63 (D.Conn. 1983). However, the absence of discovery responses and supplemental disclosures from Debtor/Defendant Kmart Corporation detrimentally and significantly prejudices Creditor/Plaintiff Acosta's ability to make informed decisions and take appropriate actions regarding litigation against Defendant BCI Coca Cola Bottling Company of Los Angeles alone.

14. Plaintiff Acosta has prepared and forwarded his PI Claimant Inquiry consistent with ¶ 2 of this Court's Order Approving Procedure for Modification of Automatic Stay

5

Under Certain Circumstances filed on March 1, 2019 and Exhibit 1 thereto. [Doc. No. 2702]. Creditor Acosta understands that his Motion for Relief from Automatic Stay will be held in abeyance pursuant to ¶ 3 of such order.

15.     Relief from the automatic stay herein may be granted for "cause." 11 U.S.C. § 362(d). Cause for lifting or otherwise modifying an automatic stay exists where the only detriment to a debtor if the stay is lifted would be that he would be required to appear and participate in an ongoing state court action and, if insured, the only entity profiting from such stay would be debtor's insurer. *See, In re Robertson*, 224 B.R. 880, 882 (N.D. Georgia) [citations omitted]. Cause for lifting an automatic stay can exist even when a legal claim for damages against a debtor exceeds insurance coverage limits. *In re Fowler*, 259 B.R. 856, 860-61 (E.D. Texas 2001).

Cause for lifting an automatic stay also exists when the Prepetition litigation lacks connection to and will not interfere with the pending bankruptcy case. *In re Robertson,* 224 B.R. at 882 [citation omitted].

If an automatic stay is lifted, a personal injury claim against a bankruptcy debtor cannot be tried in the United States Bankruptcy Court. Transfer of personal injury claims against a bankruptcy debtor to the United States District Court in the district in which the bankruptcy case pending is permissive, and allows abstention from such statutory powers. *In re Pan American Corp*, 950 F.2d 839, 844-45 (2d Cir. 1991); 28 U.S.C. §§ 157(b)(5), 1334(c)(1).

/ / /

Three options exist for state law personal injury claims against a debtor in connection with a Bankruptcy Court proceeding:

1. the personal injury claim can be transferred to and tried in the United States District court in the district in which the bankruptcy case is pending;

2. the personal injury claim may be transferred to the United States District Court for the district in which the claim arose; or

3. the personal injury claim can be litigated in the applicable state court pursuant to abstention.

*Stokes v. Southeast Hotel Properties Ltd.*, 877 F.Supp. 986, 997-98 (W.D. North Carolina 1994) [citation omitted]. A bankruptcy judge has the power to enter orders as to abstention and remand. *In re Pacific Gas & Elec. Co.*, 279 B.R. 561, 566-67 (N.D. California 2002), citing, *Scherer v. Carroll*, 150 B.R. 549, 551-52 (D.Vt. 1993), *In re Dreis & Krump Manufacturing Co.*, 1995 WL 41416 (N.D. Ill. 1995) at 3, *In re Schepps Food Stores, Inc.*, 169 B.R. 374, 378 n.5 (S.D. Texas 1994).

16. Relief of Creditor Jose Acosta from the automatic stay currently applicable to his personal injury action against Debtor Kmart Corporation in Maricopa County Superior Court No. CV2017-006938 is justified on the following factors:

A. Abstention from transferring the claim of Creditor/Plaintiff Acosta against Debtor/Defendant Kmart Corporation will have no meaningful effect upon administration of the bankruptcy estate;

B. The right to trial by jury exists in Maricopa County Superior Court No. CV2017-006938;

C. The personal injury claim of Creditor/Plaintiff Jose Acosta against Debtor/Defendant Kmart Corporation has no meaningful relation to and will have no meaningful impact upon the main bankruptcy case;

7

D. Plaintiff's claim seeks proceeds from Debtor/Defendant Kmart Corporation's insurance policy or self-insurance reserves that cover premises liability. Creditor/Plaintiff is willing to enter a stipulation and/or agreement that he will only pursue the proceeds of any applicable policy of insurance/self-insured funds, if same exist;

E. In the event no such insurance/self-insurance funds exist, Creditor/Plaintiff is willing to enter a stipulation and/or agreement that he shall take no action to enforce any judgment entered against Debtor/Defendant Kmart Corporation without authorization pursuant to further order of this Court;

F. The interests of judicial economy will be furthered by expeditious resolution of the litigation in the state court action;

G. The impact of the continuation of the stay upon Creditor Jose Acosta would be significant since his ability to proceed against non-debtor Defendant BCI Coca Cola Bottling Company of Los Angeles will be significantly prejudiced without participation of Debtor/Defendant Kmart Corporation in CV2017-006938.

H. Debtor/Defendant Kmart Corporation is not prejudiced by exposure to Creditor/Plaintiff Acosta's personal injury claims because the debtor and its property are not subject to any risk and maintenance of CV2017-006938 under proposed conditions A and B, *ante*. Such conditions prevent Plaintiff Acosta from pursuing estate property without approval of this Court, while remaining free to pursue relief against Defendant BCI Coca Cola Bottling Company of Los Angeles and determine whether further relief may exist through contribution or indemnification.

I. Creditor Jose Acosta is seeking to pursue liability only to the extent Debtor/Defendant Kmart Corporation's insurance would be financially responsible to pay the judgment, this Court would subsequently authorize enforcement of a judgment against Debtor/Defendant Kmart Corporation and/or that Defendant BCI Coca Cola Bottling Company of Los Angeles is liable for same directly or based upon contribution, indemnification or otherwise.

///

17. The foregoing constitutes cause to terminate the automatic stay under

Section 362(d) of the United States Bankruptcy Code as applicable to the Arizona state law action currently pending against Debtor Kmart Corporation in Maricopa County Superior Court No. CV2017-006938.  Likewise, the foregoing constitutes cause to abstain from exercising transfer authority pursuant to 28 U.S.C. §§ 157(b)(5) and 1334(c)(1) thereby allowing CV2017-006938 to proceed in Maricopa County Superior Court.

WHEREFORE, it is respectfully requested that this Court grant relief from the automatic stay as to Creditor Jose Acosta's claims against Debtor Kmart Corporation, abstain from transferring the Prepetition personal injury litigation and allowing CV2017-006938 to proceed in its original venue, as well as for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 10th day of April, 2019.

/S/Stan Slonaker
STANLEY M. SLONAKER
Attorney for Creditor Jose Acosta

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ORIGINAL of the foregoing e-filed this

9

10th day of April, 2019, with:

Southern District of New York
300 Quarropas Street
White Plains, New York 10601

I hereby certify that on 10th day of April, 2019, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal to the following ECF registrants:

Office of the United States Trustee
11A Clinton Avenue, Room 620
Albany, New York   12207

Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
*Attorneys for Debtors*
*and Debtors in Possessions*


/S/Debbie L.  Chapa