# EXHIBIT A

MICHAEL K. JEANES
Clerk of the Superior Court
By Victor Canisales, Deputy
Date 05/08/2017 Time 15:21:21
Description                    Amount
---------- CASE# CV2017-006938 ----------
CIVIL NEW COMPLAINT              319.00
--------------------------------------
TOTAL AMOUNT                     319.00
          Receipt# 25920656

1  STANLEY M. SLONAKER
   ATTORNEY AT LAW
2  343 WEST ROOSEVELT STREET
   SUITE 210
3  PHOENIX, ARIZONA 85003-1324
   (602) 258-1121
4  Stan@SSlonaker.us
   STATE BAR NUMBER 7503
5
   ATTORNEY FOR PLAINTIFF
6
7           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                IN AND FOR THE COUNTY OF MARICOPA

9  JOSE ACOSTA,

10              Plaintiff,                No. CV 2017-006938

11 vs.                                    COMPLAINT

12 K MART CORPORATION, a foreign          (Tort, Non-Motor Vehicle)
   corporation, K-MART CENTER
13 LIMITED PARTNERSHIP, an Arizona
   limited partnership, BCI COCA-COLA
14 BOTTLING COMPANY OF LOS
   ANGELES, a foreign corporation,
15 COCA-COLA REFRESHMENTS U.S.A.
   INC., a foreign corporation, JOHN DOE
16 I-X, BLACK & WHITE ENTITY I-X,

17              Defendants.

18

19         COMES NOW Plaintiff Jose Acosta, through undersigned counsel, and for his

20 cause of action in this matter, states and alleges as follows:

21                          **INTRODUCTION**

22      1.    This is an action for money damages against Defendants K Mart Corporation,

23 K-Mart Center Limited Partnership, BCI Coca-Cola Bottling Company of Los Angeles and

24 Coca-Cola Refreshments U.S.A. Inc., as well as fictitious entities and persons acting as

25 employees and/or agents of each named and unnamed entity. The corporate defendants as

26 well as relevant employees and/or agents knew, should have known, caused and/or allowed

27 an unreasonably hazardous and dangerous condition to exist without warning on a shelf

28 displaying large bottles of soft drink products for sale at a K Mart store in Phoenix, Arizona

1  that was open to the public. Plaintiff Jose Acosta was injured when unsafely displayed

2  bottles of a soft drink fell upon him, knocked him to the floor and caused significant resulting

3  injuries.

4  **PARTIES AND JURISDICTION**

5      2.    Plaintiff Jose Acosta was at all times relevant herein and is currently a resident

6  of Maricopa County, Arizona.

7      3.    Upon information and belief, Defendant K Mart Corporation was at all times

8  relevant herein and remains a corporation organized pursuant to the laws of and domiciled

9  in Michigan.

10      4.    Upon information and belief, Defendant K-Mart Center Limited Partnership

11  was at all times relevant herein and remains a limited partnership organized pursuant to the

12  laws of and domiciled in Arizona.

13      5.    Upon information and belief, Defendant BCI Coca-Cola Bottling Company of

14  Los Angeles was at all times relevant herein and remains a corporation organized pursuant

15  to the laws of and domiciled in Delaware. Upon information and belief, Defendant BCI

16  Coca-Cola Bottling Company of Los Angeles produced and bottled Dr. Pepper in various

17  packages for retail sale in Phoenix, Arizona at times relevant to this Complaint.

18      6.    Upon information and belief, Defendant Coca-Cola Refreshments U.S.A. Inc.,

19  was at all times relevant herein and remains a corporation organized pursuant to the laws of

20  and domiciled in Delaware. Upon information and belief, Defendant Coca-Cola

21  Refreshments U.S.A. Inc. produced and bottled Dr. Pepper in various packages for retail sale

22  in Phoenix, Arizona at times relevant to this Complaint.

23      7.    Defendants John Doe I-X and Black & White Entity I-X are being sued herein

24  as fictitious defendants whose true names, citizenships and/or relationships to the subject

25  matter of this claim are unknown or unclear to the Plaintiff at this time. Such fictitiously

26  named defendants include relevant employees and agents of Defendants K Mart Corporation,

27  K-Mart Center Limited Partnership, BCI Coca-Cola Bottling Company of Los Angeles and

28  Coca-Cola Refreshments U.S.A. Inc. who engaged in actions and/or omissions on the

1  premises of the K Mart store which is the subject of this lawsuit. Plaintiff will seek leave to

2  amend this Complaint when the true names, citizenships and relationships to the subject

3  matter of this Complaint become so know to her.

4      8.    Defendants K Mart Corporation, K-Mart Center Limited Partnership, BCI

5  Coca-Cola Bottling Company of Los Angeles and Coca-Cola Refreshments U.S.A. Inc. were

6  at all times relevant herein and are currently residents and/or doing business in Maricopa

7  County, Arizona.

8      9.    The actions of all Defendants relevant to the Complaint herein occurred in

9  Maricopa County, Arizona.

10      10.    Damages sought by the Plaintiff exceed the jurisdictional minimum established

11  for filing this action in the Superior Court of the State of Arizona in and for the County of

12  Maricopa.

13                      **STATEMENT OF FACTS**

14      11.    At all times relevant herein, Defendants K Mart Corporation and K-Mart

15  Center Limited Partnership owned and/or maintained possession and control of commercial

16  property located at 2526 W. Northern Avenue in Phoenix, Arizona (hereinafter "the

17  premises"). The premises were operated as a K Mart store open to the public for retail sales.

18      12.    Defendants K Mart Corporation and K-Mart Center Limited Partnership

19  maintained the premises on and in which the incident occurred that is described in this

20  Complaint.

21      13.    In opening the premises to the public for retail shopping, Defendants

22  K Mart Corporation and K-Mart Center Limited Partnership as well as employees and/or

23  agents thereof allowed sales displays of soft drink products, including those produced by

24  Defendants BCI Coca-Cola Bottling Company of Los Angeles and Coca-Cola Refreshments

25  U.S.A. Inc., that did not allow large bottles to be safely removed by customers in areas which

26  were open to the public. Defendants K Mart Corporation and K-Mart Center Limited

27  Partnership knew or should have known that allowing large bottles of soft drinks to be

28  offered for sale and removal by customers from shelves that were sticky and/or otherwise

3

1   hindered removal, particularly Dr. Pepper and other products produced and stocked by

2   Defendants BCI Coca-Cola Bottling Company of Los Angeles and Coca-Cola Refreshments

3   U.S.A. Inc., would almost certainly and repeatedly create unreasonably hazardous and

4   dangerous conditions in which those utilizing the property could be injured by using more

5   force than normally necessary to remove such products from clean and obstruction-free

6   shelves and causing bottles to fall on customers from such display shelves.

7       14.    Defendants BCI Coca-Cola Bottling Company of Los Angeles and Coca-Cola

8   Refreshments U.S.A. Inc., produced soft drink products and maintained the sales displays of

9   such products including two liter bottles of Dr. Pepper which were placed on shelves, offered

10  for sale and removal by customers from shelves that were sticky and/or otherwise hindered

11  removal at times relevant to this Complaint.

12      15.    On May 7, 2015, Plaintiff Jose Acotsta was present as an invitee and shopping

13  in the K Mart store located at 2526 W. Northern Avenue in Phoenix, Arizona.   While on the

14  premises, Plaintiff Acosta was shopping for Dr. Pepper stored in two liter bottles.

15      16.    At that same time, and without warning and/or correction, the Defendants K

16  Mart Corporation, K-Mart Center Limited Partnership, BCI Coca-Cola Bottling Company

17  of Los Angeles and Coca-Cola Refreshments U.S.A. Inc., had allowed two liter bottles of Dr.

18  Pepper and other products to be displayed for sale and removal by customers from shelves

19  that were sticky and/or otherwise hindered removal.  Defendants K Mart Corporation, K-

20  Mart Center Limited Partnership, BCI Coca-Cola Bottling Company of Los Angeles and

21  Coca-Cola Refreshments U.S.A. Inc., knew or should have known that display of such

22  products offered for sale and removal from shelves created at that time an unreasonably

23  hazardous and dangerous condition in which those seeking to purchase two liter bottles of

24  Dr. Pepper and other products could be injured by using more force than normally necessary

25  to attempt removal of such products from clean and obstruction-free shelves and, in doing

26  so, causing bottles to fall on customers from such display shelves.

27  / / /

28  / / /

4

17.    The shelves that were sticky and/or otherwise hindered removal of two liter bottles of Dr. Pepper and other products which existed while Plaintiff Acosta was shopping for such products in that area of the K Mart store was an unreasonably dangerous condition.

18.    Existence of shelves that were sticky and/or otherwise hindered removal of two liter bottles of Dr. Pepper and other products in the K Mart store was an unreasonably dangerous condition that all Defendants knew or should have reasonably foreseen might endanger an invitee such as Plaintiff Jose Acosta.

19.    As Plaintiff Acosta attempted to remove a two liter bottle of Dr. Pepper for purchase, he was unable to do so using force normally required to remove such product from clean and obstruction-free shelves.  One or more heavy soft drink bottles broke free and fell from the shelf striking Plaintiff Acosta.  As he was struck, Plaintiff Acosta then twisted, fell and immediately experienced pain in certain parts of his body.  He subsequently identified pain and related conditions in other areas of his body associated with the incident in which he was struck by one or more large bottles of soft drink from the shelf upon which two liter bottles of Dr. Pepper and other products were displayed for sale.

20.    In being struck by one or more falling bottles of soft drink, twisting and falling in the K Mart store, Plaintiff Jose Acosta suffered serious, significant and permanent injuries which required surgical intervention.

21.    The Defendants, and each of them, individually and collectively, knew and/or should have known of the unreasonably hazardous and dangerous condition and failed to properly warn the public, remedy the condition, install and maintain proper shelving and/or arrange the products for safe access by customers including Plaintiff Acosta.

22.    The incident described in this Complaint was in no way caused by Plaintiff Jose Acosta.

## COUNT ONE

### (Negligence, Premises Liability)

23.    Plaintiff realleges allegations of paragraphs 1-22 of this Complaint as if fully set forth herein.

24.     Defendants K Mart Corporation and K-Mart Center Limited Partnership as well as their employees and agents owed Plaintiff Jose Acosta as well as other invitees and customers a duty to provide and maintain reasonably safe premises within the K Mart store.

25.     Defendants K Mart Corporation and K-Mart Center Limited Partnership as well as their employees and agents had a duty to use reasonable care to foresee, discover, warn of and correct the unreasonably dangerous condition existing on and as the shelf displaying two liter bottles of Dr. Pepper and other products for sale to the public in the K Mart store.

26.     Defendants K Mart Corporation and K-Mart Center Limited Partnership as well as their employees and agents breached their respective duties when they failed to provide and maintain reasonably safe premises as well as when they failed to foresee, discover, warn of and correct the unreasonably dangerous condition existing on and as the shelf displaying two liter bottles of Dr. Pepper and other products for sale to the public in the K Mart store.

27.     Said breach of duties by Defendants K Mart Corporation and K-Mart Center Limited Partnership as well as their employees and agents directly and proximately caused damages to Plaintiff Jose Acosta.

**COUNT TWO**

**(Negligence, Premises Liability)**

28.     Plaintiff realleges allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     Defendants BCI Coca-Cola Bottling Company of Los Angeles and Coca-Cola Refreshments U.S.A. Inc., as well as their employees and agents owed Plaintiff Jose Acosta as well as other invitees and customers a duty to provide and maintain reasonably safe premises upon which products produced by such defendants, including, but not limited to, two liter bottles of Dr. Pepper, were displayed and offered for sale within the K Mart store premises.

///

6

30.    Defendants BCI Coca-Cola Bottling Company of Los Angeles and Coca-Cola Refreshments U.S.A. Inc. as well as their employees and agents had a duty to use reasonable care to foresee, discover, warn of and correct the unreasonably dangerous condition existing on and as the shelf displaying large bottles of Dr. Pepper and other products for sale to the public in the K Mart store.

31.    Defendants BCI Coca-Cola Bottling Company of Los Angeles and Coca-Cola Refreshments U.S.A. Inc. as well as their employees and agents breached their respective duties when they failed to provide and maintain reasonably safe premises as well as when they failed to foresee, discover, warn of and correct the unreasonably dangerous condition existing on and as the shelf displaying large bottles of Dr. Pepper and other products for sale to the public in the K Mart store.

32.    Said breach of duties by Defendants BCI Coca-Cola Bottling Company of Los Angeles and Coca-Cola Refreshments U.S.A. Inc. as well as their employees and agents directly and proximately caused damages to Plaintiff Jose Acosta.

### COUNT THREE
### (Negligent Supervision)

33.    Plaintiff realleges and incorporates paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.    By way of the conduct and factual allegations contained in this Complaint, Defendants K Mart Corporation and K-Mart Center Limited Partnership as well as their supervisory employees and agents were negligent in setting and following business policies for as well as accomplishing training and supervision of employees, agents and contractors of Defendants K Mart Corporation and K-Mart Center Limited Partnership in relation to operating and maintaining the premises of the K Mart store described in this Complaint.

35.    Defendants K Mart Corporation and K-Mart Center Limited Partnership as well as their supervisory employees and agents owed Plaintiff Jose Acosta the duty of due care in the supervision of employees in operating and maintaining the premises of the K Mart store described in this Complaint.

36.     Defendants K Mart Corporation and K-Mart Center Limited Partnership as well as their supervisory employees and agents breached their duty of due care as to Plaintiff Jose Acosta by the above-stated negligent supervision of others and their activities pursuant to business policies and applicable law.

37.     Said breaches of duty by Defendants K Mart Corporation and K-Mart Center Limited Partnership as well as their supervisory employees and agents directly and proximately caused damages to Plaintiff Jose Acosta.

38.     Although styled as a single count, this Count includes as individual actionable occurrences all separate actions by Defendants K Mart Corporation and K-Mart Center Limited Partnership as well as their supervisory employees and agents.

## COUNT FOUR

### (Negligent Supervision)

39.     Plaintiff realleges and incorporates paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40.     By way of the conduct and factual allegations contained in this Complaint, Defendants BCI Coca-Cola Bottling Company of Los Angeles and Coca-Cola Refreshments U.S.A. Inc. as well as their supervisory employees and agents were negligent in setting and following its business policies for as well as accomplishing training and supervision of employees, agents and contractors of Defendants BCI Coca-Cola Bottling Company of Los Angeles and Coca-Cola Refreshments U.S.A. Inc. in relation to operating and maintaining the premises upon which products produced by such defendants, including, but not limited to, two liter bottles of Dr. Pepper, were displayed and offered by sale within the K Mart store described in this Complaint.

41.     Defendants BCI Coca-Cola Bottling Company of Los Angeles and Coca-Cola Refreshments U.S.A. Inc. as well as their supervisory employees and agents owed Plaintiff Jose Acosta the duty of due care in the supervision of its employees in operating and maintaining the premises upon which products produced by such defendants, including, but

///

8

1   not limited to, two liter bottles of Dr. Pepper, were displayed and offered by sale within the

2   K Mart store described in this Complaint.

3           42.    Defendants BCI Coca-Cola Bottling Company of Los Angeles and Coca-Cola

4   Refreshments U.S.A. Inc. as well as their supervisory employees and agents breached their

5   duty of due care as to Plaintiff by the above-stated negligent supervision of others and their

6   activities pursuant to business policies and applicable law.

7           43.    Said breaches of duty by Defendants BCI Coca-Cola Bottling Company of Los

8   Angeles and Coca-Cola Refreshments U.S.A. Inc. as well as their supervisory employees and

9   agents directly and proximately caused damages to Plaintiff Jose Acosta.

10          44.    Although styled as a single count, this Count includes as individual actionable

11  occurrences all separate actions by Defendants BCI Coca-Cola Bottling Company of Los

12  Angeles and Coca-Cola Refreshments U.S.A. Inc. as well as their supervisory employees and

13  agents.

14                                    **DAMAGES**

15          45.    All Defendants directly and proximately caused Plaintiff Jose Acosta to suffer

16  extreme and lasting physical injuries as well as pain and suffering.  Such damages will

17  be shown at the time of trial in this matter.  All such injuries impaired Plaintiff Acosta's

18  bodily functions and abilities to perform within a normal context on every-day tasks.

19          46.    All Defendants directly and proximately caused Plaintiff Jose Acosta to incur

20  expenses for medical care, said damages all in an amount to be proven at time of trial.

21          47.    All Defendants directly and proximately caused Plaintiff Jose Acosta to suffer

22  consequential losses in an amount to be proven at the time of trial.

23          WHEREFORE, Plaintiff Jose Acosta prays for judgment against Defendants K Mart

24  Corporation, K-Mart Center Limited Partnership, BCI Coca-Cola Bottling Company of Los

25  Angeles, Coca-Cola Refreshments U.S.A. Inc., John Doe I-X and Black & White Entity I-X

26  as follows:

27          A.    For appropriate special damages in an amount to be proven at the time of trial

28  in this matter.

1      B.      For appropriate general compensatory damages in an amount to be proven at

2  the time of trial in this matter; and

3      C.      For such other and further relief as this Court deems just and fair under the

4  circumstances of this case.

5      RESPECTFULLY SUBMITTED this _____ day of May, 2017.

6

7

8

9  _____
   STANLEY M. SLONAKER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
A. Driver, Deputy
8/22/2017 11:40:00 AM
Filing ID 8601761

1   Grant D. Waterkotte, Esq., SBN 029312
   **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
2   11622 El Camino Real, Suite 300
   San Diego, California 92130-2051
3   Telephone: (310) 649-5772
   Facsimile: (310) 649-5777
4   E-mail: gwaterkotte@pettitkohn.com

5   Attorneys for Defendant
   **KMART CORPORATION (Erroneously sued herein**
6   **as K Mart Corporation; K-Mart Center Limited**
   **Partnership)**

7

8            **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                **COUNTY OF MARICOPA**

10

11  JOSE ACOSTA,                CASE NO.: CV 2017-006938

12             Plaintiff,

13  v.                  **DEFENDANT KMART**
                     **CORPORATION'S ANSWER TO**
14  K MART CORPORATION, a foreign   **PLAINTIFF'S COMPLAINT**
   corporation, K-MART CENTER
15  LIMITED PARTNERSHIP, an Arizona
   limited partnership, BCI COCA-COLA  Assigned to the Honorable: Karen Mullins
16  BOTTLING COMPANY OF LOS
   ANGELES, a foreign corporation,
17  COCA-COLA REFRESHMENTS U.S.A.
   INC., a foreign corporation, JOHN DOE
18  I-X, BLACK & WHITE ENTITY I-X,

19            Defendants.

20      Defendant KMART CORPORATION (Erroneously sued herein as K Mart

21  Corporation; K-Mart Center Limited Partnership) ("Defendant"), by and through

22  undersigned counsel, for its Answer to Plaintiff's Complaint, admits, denies and alleges as

23  follows:

24      Defendant denies each and every, all and singular, of the allegations contained in

25  Plaintiff's Complaint and each claim for relief thereof which is not herein after expressly

26  admitted or otherwise pled to.

27      1.    As to paragraph 1 of Plaintiff's complaint, without admitting to the merits of

28  Plaintiff's allegations in his paragraph 1, titled introduction to the complaint, Defendant

4544-5104

1  admits that Plaintiff's complaint is against different fictitious entities. Defendant further

2  admits that it displayed soft drink products for sale in its store located in Phoenix Arizona.

3  However, as to the remaining allegations contained within this paragraph of the

4  complaint, Defendant denies that an unreasonably dangerous condition existed at the time

5  of the incident, and/or that this Defendant caused Plaintiff any harm.   As to the nature and

6  extent of Plaintiff's alleged injuries, Defendant lacks sufficient information to form a

7  belief as to the truth of these allegations contained in Paragraph 1 of Plaintiff's Complaint

8  and therefore denies same.

9        2.       As to paragraph 2 of Plaintiff's complaint, this paragraph contains legal

10  assertions or conclusions as to Plaintiff's residence to which no responsive pleading is

11  required.

12       3.       As to paragraph 3 of Plaintiff's complaint, Defendant admits its corporation

13  status domiciled in Michigan.

14       4.       As to paragraph 4 of Plaintiff's complaint, K-Mart Center Limited

15  Partnership is an improper party in this matter and Kmart Corporation is the appropriate

16  corporate entity.

17       5.       As to paragraph 5 of Plaintiff's complaint, Defendant lacks sufficient

18  information to form a belief as to the truth of the allegations contained within this

19  paragraph as it relates to other corporate Defendant(s).

20       6.       As to paragraph 6 of Plaintiff's complaint, Defendant lacks sufficient

21  information to form a belief as to the truth of the allegations contained within this

22  paragraph as it relates to other corporate Defendant(s).

23       7.       As to paragraph 7 of Plaintiff's complaint, this paragraph contains legal

24  assertions or conclusions to which no responsive pleading is required at this time.

25       8.       As to paragraph 8 of Plaintiff's complaint, Defendant admits that it conducts

26  business in Maricopa County, Arizona.

27       9.       As to paragraph 9 of Plaintiff's complaint, Defendant admits that the facts

28  giving raise to this action are alleged to have occurred in Maricopa County, Arizona.

2

DEFENDANT KMART CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1      10.    As to paragraph 10 of Plaintiff's complaint, it contains legal assertions or

2  conclusions to which no responsive pleading is required.

3      11.    As to paragraph 11 of Plaintiff's complaint, Defendant admits that it

4  operates a Kmart store located at 2526 W. Northern Avenue, in Phoenix, Arizona.

5      12.    As to paragraph 12 of Plaintiff's complaint, Defendant admits that it

6  maintains the premises where the alleged incident occurred.

7      13.    As to paragraph 13 of Plaintiff's complaint, Defendant admits that it

8  displays and sells soft drinks within its store, but denies the remaining allegations of

9  wrongdoing contained within this paragraph.

10      14.    As to paragraph 14 of Plaintiff's complaint, Defendant lacks sufficient

11  information to form a belief as to the truth of the allegations contained within this

12  paragraph as it relates to other corporate Defendant(s).

13      15.    As to paragraph 15 of Plaintiff's complaint, Defendant admits that Plaintiff

14  was visiting its store on the date referenced within this paragraph of Plaintiff's Complaint.

15      16.    As to paragraph 16 of Plaintiff's complaint, Defendant denies that it created

16  or allowed to exist an unreasonably dangerous condition that caused Plaintiff harm.

17      17.    As to paragraph 17 of Plaintiff's complaint, Defendant denies the

18  allegations contained therein.

19      18.    As to paragraph 18 of Plaintiff's complaint, Defendant denies the

20  allegations contained therein.

21      19.    As to paragraph 19 of Plaintiff's complaint, Defendant denies the

22  allegations as phrased by Plaintiff.

23      20.    As to paragraph 20 of Plaintiff's complaint, Defendant lacks sufficient

24  information to form a belief as to the extent of Plaintiff's injuries and therefore denies

25  same.

26      21.    As to paragraph 21 of Plaintiff's complaint, contains legal assertions or

27  conclusions to which no responsive pleading is required.

28  ///

4544-5104

22.    As to paragraph 22 of Plaintiff's complaint, Defendant denies the allegations contained therein.

23.    As to paragraph 23 of Plaintiff's complaint, contains legal assertions or conclusions to which no responsive pleading is required.

24.    As to paragraph 24 of Plaintiff's complaint, contains legal assertions or conclusions to which no responsive pleading is required.

25.    As to paragraph 25 of Plaintiff's complaint, contains legal assertions or conclusions to which no responsive pleading is required. As to Plaintiff's allegation of the existence of an unreasonable dangerous condition, Defendant denies same.

26.    As to paragraph 26 of Plaintiff's complaint, contains legal assertions or conclusions to which no responsive pleading is required. As to Plaintiff's allegation of the existence of an unreasonable dangerous condition, Defendant denies same. Defendant denies further denies Plaintiff's allegations stating that Defendant breached its duty of care to its patrons and that it acted negligently and failed to exercise reasonable care.

27.    As to paragraph 27 of Plaintiff's complaint, Defendant denies Plaintiff's allegations stating that Defendant breached its duty of care to its patrons. Defendant further denies that it caused Plaintiff harm.

28.    As to paragraph 28 of Plaintiff's complaint, contains legal assertions or conclusions to which no responsive pleading is required.

29.    As to paragraph 29 of Plaintiff's complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained within this paragraph as it relates to other corporate Defendant(s).

30.    As to paragraph 30 of Plaintiff's complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained within this paragraph as it relates to other corporate Defendant(s).

31.    As to paragraph 31 of Plaintiff's complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained within this paragraph as it relates to other corporate Defendant(s).

4

DEFENDANT KMART CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

32.    As to paragraph 32 of Plaintiff's complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained within this paragraph as it relates to other corporate Defendant(s).

33.    As to paragraph 33 of Plaintiff's complaint, contains legal assertions or conclusions to which no responsive pleading is required.

34.    As to paragraph 34 of Plaintiff's complaint, Defendant denies them.

35.    As to paragraph 35 of Plaintiff's complaint, Defendant denies them.

36.    As to paragraph 36 of Plaintiff's complaint, Defendant denies them.

37.    As to paragraph 37 of Plaintiff's complaint, Defendant denies them.

38.    As to paragraph 38 of Plaintiff's complaint, Defendant denies them.

39.    As to paragraph 38 of Plaintiff's complaint, contains legal assertions or conclusions to which no responsive pleading is required.

40.    As to paragraph 40 of Plaintiff's complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained within this paragraph as it relates to other corporate Defendant(s).

41.    As to paragraph 41 of Plaintiff's complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained within this paragraph as it relates to other corporate Defendant(s).

42.    As to paragraph 42 of Plaintiff's complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained within this paragraph as it relates to other corporate Defendant(s).

43.    As to paragraph 43 of Plaintiff's complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained within this paragraph as it relates to other corporate Defendant(s).

44.    As to paragraph 44 of Plaintiff's complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained within this paragraph as it relates to other corporate Defendant(s).

///

5

DEFENDANT KMART CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

45. As to paragraph 45 of Plaintiff's complaint, Defendant denies causing Plaintiff any harm. As to Plaintiff's allegations of physical injuries and the extent of these, Defendant lacks sufficient information to form a belief as to the truth of these allegations as they relate to Plaintiff's subjective mindset and belief and therefore denies same.

46. As to paragraph 46 of Plaintiff's complaint, Defendant denies causing Plaintiff any harm. As to Plaintiff's allegations of incurring in certain medical expenses, Defendant lacks sufficient information to form a belief as to the truth of these allegations as they relate to Plaintiff's subjective mindset and belief and therefore denies same.

47. As to paragraph 47 of Plaintiff's complaint, Defendant denies causing Plaintiff any harm. As to Plaintiff's allegations of suffering consequential losses, Defendant lacks sufficient information to form a belief as to the truth of these allegations as they relate to Plaintiff's subjective mindset and belief and therefore denies same.

Defendant lacks sufficient information to form a belief as to the truth of the allegations and damages claims contained within Plaintiff's prayer for damages, and therefore denies responsibility for such damages as pled at this time.

**AFFIRMATIVE DEFENSES**

1. As and for a separate defense and in the alternative, Defendant alleges, upon information and belief, that Plaintiff has failed to mitigate her damages or avoid consequences leading to Plaintiff's alleged injuries, all of which bars or reduces recovery to the Plaintiff from Defendant.

2. As and for a separate defense and in the alternative, Defendant alleges that Plaintiff's alleged injuries may be the result of pre-existing injuries or medical conditions unrelated to those alleged to have occurred in the subject accident which may bar recovery or reduce recovery to the Plaintiff herein from Defendant.

3. As and for a separate defense and in the alternative, Defendant alleges that Plaintiff was contributorily negligent and/or any injuries received by Plaintiff was the result of an intervening/superseding cause or occurred as a result of the negligence of

6

1    someone other than Defendant, all of which bars recovery to Plaintiff herein from

2    Defendant.

3        4.    As and for a separate defense and in the alternative, Defendant alleges that

4    Plaintiff was negligent, in whole or in part, thereby reducing or eliminating any damages

5    owing by Defendant by way of comparative negligence.

6        5.    As and for a separate defense and in the alternative, Defendant alleges that

7    Plaintiff assumed the risk of her damages, acted in direct and intentional violation of

8    Arizona law, and acted intentionally and knowingly, jeopardizing her safety and well-

9    being, all of which bar recovery or reduce recovery to the Plaintiff herein from Defendant.

10       6.    As and for a separate defense and in the alternative, Defendant alleges that

11   if, indeed, it is determined to be liable for the allegations alleged in the Complaint, then

12   Defendant is entitled to contribution from other Defendants, named and unnamed, by way

13   of the doctrine of contribution.

14       7.    As and for a separate defense and in the alternative, Defendant alleges that

15   Plaintiff was a trespasser on the premises; as such, any duty owed to Plaintiff was to

16   refrain from intentionally injuring Plaintiff.

17       8.    As and for a separate defense and in the alternative, Defendant alleges that it

18   did not breach any applicable duty or standard of care to Plaintiff.

19       9.    As and for a separate defense and in the alternative, Defendant alleges it

20   exercised due care with regards to Plaintiff's safety and the safety of the patrons within its

21   store.

22       10.    As and for a separate defense and in the alternative, Defendant alleges that

23   the condition that caused Plaintiff's alleged harm was open and obvious, and readily

24   apparent to any individual patrons exercising due care on their own behalf.

25       11.    As and for a separate defense and in the alternative, Defendant alleges that it

26   had no actual or constructive notice of the condition that allegedly caused Plaintiff's harm,

27   and therefore cannot be liable to Plaintiff for any damages sustained as a consequence of

28   the alleged dangerous condition's existence.

7

DEFENDANT KMART CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1    WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that

2    same be dismissed, and that Defendant be awarded its costs herein. Defendant demands a

3    jury trial as to all triable issues.

4                                          Respectfully submitted,

5                                          **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

6

7    Dated:  August 22, 2017          By:  /s/ _____

8                                          Grant D. Waterkotte, Esq.
                                          Attorneys for Defendant
9                                          **KMART CORPORATION**

                                          ***

10

11   ORIGINAL of the foregoing electronically filed
     this 22nd day of August, 2017.

12

13   **COPY** of the foregoing
     mailed this 22nd day of  **August, 2017,** to:

14

15   Stanley M. Slonaker, Esq.
     343 West Roosevelt Street, Suite 210
16   Phoenix, Arizona 85003-1324
     Tel.: (602) 258-1121
17   Fax:
     Email: Stan@SSlonaker.us
18   *Attorneys for Plaintiff*
     *JOSE ACOSTA*

19

20   By: _____
21        Natalia Aguilera

22

23

24

25

26

27

28

4544-5104

8

DEFENDANT KMART CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

# EXHIBIT C

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
A. Driver, Deputy
10/13/2017 9:12:00 AM
Filing ID 8751215

1  Thomas M. Klein (Bar No. 010954)
   Iman R. Soliman (Bar No. 021333)
2  BOWMAN AND BROOKE LLP
   Suite 1600, Phoenix Plaza
3  2901 North Central Avenue
   Phoenix, Arizona 85012
4  Main:  (602) 643-2300
   Fax:    (602) 248-0947
5  Thomas.Klein@bowmanandbrooke.com
   Iman.Soliman@bowmanandbrooke.com
6  Minute Entries: mme@phx.bowmanandbrooke.com
   Attorneys for Defendant BCI Coca-Cola Bottling Company of Los Angeles
7

8          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9             **IN AND FOR THE COUNTY OF MARICOPA**

10

11 JOSE ACOSTA,                          Case No. CV2017-006938

                    Plaintiff,
12                                        **BCI COCA-COLA BOTTLING
13 vs.                                    COMPANY OF LOS ANGELES'S
                                          ANSWER TO PLAINTIFF'S
14 KMART CORPORATION, a foreign           COMPLAINT**
   corporation, K-MART CENTER
15 LIMITED PARTNERSHIP, an Arizona
   limited partnership, BCI COCA-COLA
16 BOTTLING COMPANY OF LOS               (Assigned to the Hon. Karen Mullins)
   ANGELES, a foreign corporation,
17 COCA-COLA REFRESHMENTS U.S.A.
   INC., a foreign corporation, JOHN DOE
18 I-X, BLACK & WHITE ENTITY I-X,

19                  Defendants.

20        Defendant BCI Coca-Cola Bottling Company of Los Angeles ("BCI") for its separate

21 Answer to Plaintiff's Complaint ("Complaint"), denies each matter alleged against BCI

22 except those matters specifically admitted or qualifiedly answered below, and hereby

23 answers plaintiff's Complaint as follows:

24                            **INTRODUCTION**

25        1.    BCI denies the allegations in paragraph 1 of the Complaint that are directed at

26 BCI.  BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party in this action.

27 To the extent any of the allegations are directed at other defendants, BCI is without

28 knowledge or information sufficient to form a belief as to the truth of such allegations.

                                          1

## PARTIES AND JURISDICTION

2.    BCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.    BCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.    BCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.    BCI admits that it is a Delaware corporation registered in the State of Arizona; and admits that BCI distributes Dr. Pepper to certain entities in Phoenix, Arizona.    BCI denies all remaining allegations in paragraph 5 of the Complaint.

6.    BCI denies the allegations in paragraph 6 and denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party in this action.

7.    Paragraph 7 does not appear to contain any allegations against BCI and therefore no response is required.    To the extent that paragraph 7 of the Complaint contains any allegations against BCI, they are denied.

8.    BCI admits that it is authorized to conduct business in the State of Arizona. BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party in this action.    To the extent any of the allegations are directed at other defendants, BCI is without knowledge or information sufficient to form a belief as to the truth of such allegations.

9.    BCI admits that this purports to be an action relating to an incident that occurred in Maricopa County.    To the extent any of the allegations are directed at other defendants, BCI is without knowledge or information sufficient to form a belief as to the truth of such allegations. BCI denies all remaining allegations in paragraph 9 of the Complaint.

10.    BCI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint but denies liability for the matters alleged in the Complaint.

. . .

2

18618023v1

1  **STATEMENT OF FACTS**

2      11.    BCI is without knowledge or information sufficient to form a belief as to the

3  truth of the allegations in paragraph 11 of the Complaint.

4      12.    BCI is without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in paragraph 12 of the Complaint.

6      13.    BCI denies the allegations in paragraph 13 of the Complaint that are directed at

7  BCI.  BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party in this action.

8  To the extent any of the allegations are directed at other defendants, BCI is without

9  knowledge or information sufficient to form a belief as to the truth of such allegations.

10      14.    BCI denies the allegations in paragraph 14 of the Complaint and denies that

11  Coca-Cola Refreshments U.S.A. Inc. is a proper party in this action.

12      15.    The allegations in paragraph 15 of the Complaint state a legal conclusion for

13  which no response is required.  To the extent a response is required, BCI denies the matters

14  alleged in paragraph 15 of the Complaint.

15      16.    BCI denies the allegations in paragraph 16 of the Complaint that are directed at

16  BCI.  BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party in this action.

17  To the extent any of the allegations are directed at other defendants, BCI is without

18  knowledge or information sufficient to form a belief as to the truth of such allegations.

19      17.    BCI denies the allegations in paragraph 17 of the Complaint that are directed at

20  BCI.  To the extent any of the allegations are directed at other defendants, BCI is without

21  knowledge or information sufficient to form a belief as to the truth of such allegations.

22      18.    BCI denies the allegations in paragraph 18 of the Complaint that are directed at

23  BCI.  To the extent any of the allegations are directed at other defendants, BCI is without

24  knowledge or information sufficient to form a belief as to the truth of such allegations.

25      19.    BCI admits that this action purports to be regarding an alleged incident that

26  occurred at K-Mart located at 2526 W. Northern Avenue in Phoenix, Arizona, on May 7,

27  2015 ("subject incident"); and admits that plaintiff alleges he was injured as a result of the

28

3

1   subject incident.  BCI denies liability for the matters alleged in paragraph 19 and denies all

2   remaining allegations in paragraph 19 of the Complaint.

3       20.    BCI is without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in paragraph 20 pertaining to plaintiff's alleged injuries but denies

5   liability for the matters alleged in paragraph 20 of the Complaint.

6       21.    BCI denies the allegations in paragraph 21 of the Complaint that are directed at

7   BCI.  BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party in this action.

8   To the extent any of the allegations are directed at other defendants, BCI is without

9   knowledge or information sufficient to form a belief as to the truth of such allegations.

10      22.    BCI denies the allegations in paragraph 22 of the Complaint.

11                          **COUNT ONE**

12                  **(Negligence, Premises Liability)**

13      23.    In response to paragraph 23 of the Complaint, BCI incorporates herein by

14  reference its responses to paragraph 1 through 22.

15      24.    The allegations in paragraph 24 of the Complaint are directed at other

16  defendants.  To the extent any of the allegations are directed at BCI, they are denied.

17      25.    The allegations in paragraph 25 of the Complaint are directed at other

18  defendants.  To the extent any of the allegations are directed at BCI, they are denied.

19      26.    The allegations in paragraph 26 of the Complaint are directed at other

20  defendants.  To the extent any of the allegations are directed at BCI, they are denied.

21      27.    The allegations in paragraph 27 of the Complaint are directed at other

22  defendants.  To the extent any of the allegations are directed at BCI, they are denied.

23                          **COUNT TWO**

24                  **(Negligence, Premises Liability)**

25      28.    In response to paragraph 28 of the Complaint, BCI incorporates herein by

26  reference its responses to paragraph 1 through 27.

27      29.    BCI denies any duty to plaintiff except those duties imposed by law; and

28  denies any liability for breach of any duty alleged or implied in paragraph 29 of the

4

18618023v1

1   Complaint.  BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party to this

2   action and denies that BCI or Coca-Cola Refreshments U.S.A. Inc. or their business

3   activities are collectively or jointly engaged in the matters alleged in the Complaint.  BCI

4   denies all remaining allegations in paragraph 29 of the Complaint.

5        30.    BCI denies any duty to plaintiff except those duties imposed by law; and

6   denies any liability for breach of any duty alleged or implied in paragraph 30 of the

7   Complaint.  BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party to this

8   action and denies that BCI or Coca-Cola Refreshments U.S.A. Inc. or their business

9   activities are collectively or jointly engaged in the matters alleged in the Complaint.  BCI

10  denies all remaining allegations in paragraph 30 of the Complaint.

11       31.    BCI denies any duty to plaintiff except those duties imposed by law; and

12  denies any liability for breach of any duty alleged or implied in paragraph 31 of the

13  Complaint.  BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party to this

14  action and denies that BCI or Coca-Cola Refreshments U.S.A. Inc. or their business

15  activities are collectively or jointly engaged in the matters alleged in the Complaint.  BCI

16  denies all remaining allegations in paragraph 31 of the Complaint.

17       32.    BCI denies any duty to plaintiff except those duties imposed by law; and

18  denies any liability for breach of any duty alleged or implied in paragraph 32 of the

19  Complaint.  BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party to this

20  action and denies that BCI or Coca-Cola Refreshments U.S.A. Inc. or their business

21  activities are collectively or jointly engaged in the matters alleged in the Complaint.  BCI

22  denies all remaining allegations in paragraph 32 of the Complaint.

23                          **COUNT THREE**

24                       **(Negligent Supervision)**

25       33.    In response to paragraph 33 of the Complaint, BCI incorporates herein by

26  reference its responses to paragraph 1 through 32.

27       34.    The allegations in paragraph 34 of the Complaint are directed at other

28  defendants.  To the extent any of the allegations are directed at BCI, they are denied.

5

1  35.  The allegations in paragraph 35 of the Complaint are directed at other
2  defendants. To the extent any of the allegations are directed at BCI, they are denied.

3  36.  The allegations in paragraph 36 of the Complaint are directed at other
4  defendants. To the extent any of the allegations are directed at BCI, they are denied.

5  37.  The allegations in paragraph 37 of the Complaint are directed at other
6  defendants. To the extent any of the allegations are directed at BCI, they are denied.

7  38.  The allegations in paragraph 38 of the Complaint are directed at other
8  defendants. To the extent any of the allegations are directed at BCI, they are denied.

9  **COUNT FOUR**

10  **(Negligent Supervision)**

11  39.  In response to paragraph 39 of the Complaint, BCI incorporates herein by
12  reference its responses to paragraph 1 through 38.

13  40.  BCI denies the allegations in paragraph 40 of the Complaint.

14  41.  BCI denies any duty to plaintiff except those duties imposed by law; and
15  denies any liability for breach of any duty alleged or implied in paragraph 41 of the
16  Complaint. BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party to this
17  action and denies that BCI or Coca-Cola Refreshments U.S.A. Inc. or their business
18  activities are collectively or jointly engaged in the matters alleged in the Complaint. BCI
19  denies all remaining allegations in paragraph 41 of the Complaint.

20  42.  BCI denies any duty to plaintiff except those duties imposed by law; and
21  denies any liability for breach of any duty alleged or implied in paragraph 42 of the
22  Complaint. BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party to this
23  action and denies that BCI or Coca-Cola Refreshments U.S.A. Inc. or their business
24  activities are collectively or jointly engaged in the matters alleged in the Complaint. BCI
25  denies all remaining allegations in paragraph 42 of the Complaint.

26  43.  BCI denies the allegations in paragraph 43 of the Complaint.

27  44.  BCI denies the allegations in paragraph 44 of the Complaint.

28  . . .

18618023v1

## DAMAGES

45.     BCI denies the allegations in paragraph 45 of the Complaint that are directed at BCI.  To the extent any of the allegations are directed at other defendants, BCI is without knowledge or information sufficient to form a belief as to the truth of such allegations.

46.     BCI denies the allegations in paragraph 46 of the Complaint that are directed at BCI.  BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party in this action. To the extent any of the allegations are directed at other defendants, BCI is without knowledge or information sufficient to form a belief as to the truth of such allegations.

47.     BCI denies the allegations in paragraph 47 of the Complaint that are directed at BCI.  BCI denies that Coca-Cola Refreshments U.S.A. Inc. is a proper party in this action. To the extent any of the allegations are directed at other defendants, BCI is without knowledge or information sufficient to form a belief as to the truth of such allegations.  BCI also denies plaintiff's prayer for judgment following paragraph 47 of the Complaint.

## AFFIRMATIVE DEFENSES

For its separate, alternative, and affirmative defenses, BCI alleges as follows:

1.     Plaintiff's Complaint against BCI may be subject to dismissal, in whole or in part, pursuant to Rule 12(b), Arizona Rules of Civil Procedure for, among other things, failure to state a claim for which relief can be granted.

2.     To the extent that plaintiff failed to file any of his causes of action within the applicable statute of limitations, those claims are time barred.

3.     BCI alleges that plaintiff's alleged injuries and damages, if any, may have been the result of plaintiff's own negligence, carelessness, inattention, assumption of risk, or otherwise wrongful and unsafe act; and plaintiff's damages, if any, should be reduced or eliminated by his percentage of negligence and fault under the doctrine of comparative fault.

4.     BCI alleges that any damages sustained or incurred by plaintiff were the result of, and were caused solely and proximately by, the act, fault, conduct, or negligence of persons or entities other than this answering defendant; such negligence, fault, act, or conduct was of a character as not reasonable to be expected to happen in the natural

7

1   intervening, and superseding cause and therefore the sole proximate cause of any such

2   damage, thus relieving BCI of any liability.

3       5.      BCI alleges that plaintiff may have failed to reasonably mitigate his damages.

4       6.      There may be lack of joinder of one or more indispensable parties who should

5   and must be joined, and without joinder of these proper parties, complete relief cannot be

6   accorded among those already attempted to be made parties to this civil action.

7       7.      To the extent that plaintiff has received payment from any alleged joint

8   tortfeasor in full satisfaction of any of his alleged injuries and/or claims against BCI and/or

9   any other alleged joint tortfeasor, plaintiff's Complaint is barred by the defenses of payment

10  and accord and satisfaction.

11      8.      BCI affirmatively alleges that plaintiff's injuries and damages, if any, were

12  caused or contributed to by the negligence of plaintiff, his agents or employees, or the joint

13  or concurrent negligence of the plaintiff, or his agents or employees and other persons, firms,

14  corporation, or body politics over whom this answering defendant had no control or right of

15  control, and that this comparative negligence bars any recovery by plaintiff.

16      9.      BCI affirmatively alleges that plaintiff's damages, if any, must be reduced by

17  the comparative fault of plaintiff, and other persons, including responsible non-parties

18  pursuant to A.R.S. § 12-501 et seq.

19      10.     BCI affirmatively alleges that plaintiff's recovery of damages and losses, if

20  any, must be reduced by the amounts received from collateral sources.

21      11.     BCI affirmatively alleges that plaintiff's recovery of damages and losses, if

22  any, are subject to applicable constitutional and statutory caps and limitations.

23      12.     BCI affirmatively alleges that plaintiff assumed the risk of injuries and

24  damages claimed as a result of the events set forth in plaintiff's Complaint and plaintiff's

25  assumption of the risk bars plaintiff's recovery.

26      13.     BCI expressly preserves and does not knowingly or intentionally waive any of

27  the other affirmative defenses set forth in Rule 8, Arizona Rules of Civil Procedure or in

28

8

1   A.R.S. § 12-683, which discovery may reveal to be applicable, or any other matter

2   constituting an avoidance or affirmative defense.

3       WHEREFORE, Defendant BCI requests that plaintiff take nothing by his Complaint

4   and that the same be dismissed with prejudice on the merits, that BCI has and recover its

5   costs, disbursements, and attorney fees incurred in this matter, and that BCI receives all other

6   relief that the Court deems to be just and reasonable.

7       DATED this 13th day of October, 2017.

8           BOWMAN AND BROOKE LLP

9           By: /s/ Iman R. Soliman

10          Thomas M. Klein
        Iman R. Soliman
        Suite 1600, Phoenix Plaza

11          2901 North Central Avenue
        Phoenix, Arizona 85012-2736

12          Attorneys for Defendant BCI Coca-Cola
        Bottling Company of Los Angeles

13

14

15  **ORIGINAL** of the foregoing electronically filed
this 13th day of October, 2017, with:

16  https://turbocourt.com

17  **COPY** of the forgoing mailed
this 13th day of October, 2017, to:

18

19  Stanley M. Slonaker
ATTORNEY AT LAW

20  343 West Roosevelt Street, Suite 210
Phoenix, AZ 85003-1324

21  Stan@SSlonaker.us
Attorneys for Plaintiff

22

23  Grant D. Waterkotte
PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

24  11622 El Camino Real, Suite 300
San Diego, CA 92130-2051

25  gwaterkotte@pettitkohn.com
Attorneys for Kmart Corporation

26  /s/ Kelly Brubaker

27

28

                                               9

# EXHIBIT D

Chris DeRose, Clerk of Court
*** Electronically Filed ***
10/22/2018 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2017-006938                                    10/19/2018

                                         CLERK OF THE COURT
HONORABLE JAMES D. SMITH              P. Culp
                                         Deputy

JOSE ACOSTA                           STANLEY M SLONAKER

v.

K MART CORPORATION, et al.            GRANT D WATERKOTTE


                                         IMAN RITA SOLIMAN
                                         ALTERNATIVE DISPUTE
                                         RESOLUTION - CCC
                                         JUDGE J. SMITH


MINUTE ENTRY

    The Court received notification that a petition under the Bankruptcy Code has been filed by **Defendant Kmart Corporation** (debtor) in case number 18-23538 (RDD).

    **IT IS ORDERED** placing this case/claim(s) on the Dismissal Calendar until **April 15, 2019**, as to **Defendant Kmart Corporation** (debtor). This case/claim(s) will be dismissed on **April 15, 2019**, unless prior to the scheduled dismissal date Plaintiff demonstrates he has moved to lift the stay but the request has not been ruled upon or has been denied; or he has sought to reduce the claim(s) against the debtor to judgment in the Bankruptcy Court in an adversary proceeding and the adversary proceeding has not yet been resolved despite diligence in seeking such a resolution; or he has obtained severance of the claim(s) against the debtor from the claim(s) against the other parties to the action, if any; or he has demonstrated a reasonable basis for continuance of the case on the dismissal calendar.

    **IT IS FURTHER ORDERED** vacating the telephonic trial setting conference set for February 25, 2019 at 8:30 a.m. in this division.

# EXHIBIT E

Claim No. [5979]
Initials [KL] [AR]



**RECEIVED**

**DEC 06 2018**

PRIME CLERK LLC

---

Fill in this information to identify the case:

Debtor 1   **Sears Holdings Corporation, et al.,**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Southern District of New York

Case number   **18-23538 (RDD)**

---

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

### Part 1:   Identify the Claim

**1. Who is the current creditor?**
**Jose Acosta**
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

**Stanley M. Slonaker Attorney at Law**
Name

**343 W. Roosevelt Street, Suite 210**
Number   Street

**Phoenix,**      **AZ**      **85003**
City       State      ZIP Code

Contact phone   **(602) 258-1121**

Contact email   **Stan@SSlonaker.us**

Where should payments to the creditor be sent? (if different)

Name

Number   Street

City       State      ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____     Filed on ___ / ___ / _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.  Who made the earlier filing? _____

---

Official Form 410                              Proof of Claim                              page 1

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | |
|---|---|
| 7. How much is the claim? | $ *Undetermined* . Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Personal Injury, see attached Summons, Complaint and Answer |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>Nature of property:<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>Basis for perfection: _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:                                    $_____<br>Amount of the claim that is secured:    $_____<br><br>Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:    $_____<br><br>Annual Interest Rate (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   11/30/2018
                   MM / DD / YYYY

*Signature*

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Stanley Myron Slonaker |
| | First name          Middle name          Last name |
| Title | Attorney for Jose Acosta |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 343 W. Roosevelt Street, Suite 210 |
| | Number     Street |
| | Phoenix,                          AZ          85003 |
| | City                              State       ZIP Code |
| Contact phone | (602) 258-1121          Email   Stan@SSlonaker.us |

# EXHIBIT F

**Prime Clerk** 
830 Third Ave, 9th Floor
New York, NY 10022


U.S. POSTAGE ≫ PITNEY BOWES

ZIP 11232   $ 000.35⁰
02 4W
0000349804 DEC 17 2018

In re Sears Holdings Corporation
Case No. 18-23538
United States Bankruptcy Court for the Southern District of New York (White Plains)

### PRIME CLERK RECEIVED YOUR PROOF OF CLAIM.

Date Filed: 12/6/2018
Proof of Claim No.: 5974

For additional information, please visit
**http://restructuring.primeclerk.com/Sears**,
or call us at **844.384.4460**.

Jose Acosta
Attorney at Law
Stanley M. Slonaker
343 West Roosevelt Street Suite 210
Phoenix, AZ 85003-1324

---

**Prime Clerk**
830 Third Ave, 9th Floor
New York, NY 10022

In re Sears Holdings Corporation
Case No. 18-23538
United States Bankruptcy Court for the Southern District of New York (White Plains)

### PRIME CLERK RECEIVED YOUR PROOF OF CLAIM.

Date Filed: 12/6/2018
Proof of Claim No.: 5974

For additional information, please visit
**http://restructuring.primeclerk.com/Sears**.
or call us at **844.384.4460**.

Jose Acosta
Attorney at Law
Stanley M. Slonaker
343 West Roosevelt Street Suite 210
Phoenix, AZ 85003-1324