**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :
                                                             :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                        :
                                                             :    Case No. 18-23538 (RDD)
                                                             :
                    Debtors.[1]                              :    (Jointly Administered)
------------------------------------------------------------ x

## SUPPLEMENTAL ORDER APPROVING REJECTION OF
## UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY (STORE # 1004)

Pursuant to and in accordance with the *Order Authorizing Debtors to Establish Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith* (ECF No. 800) (the "**Rejection Procedures Order**")[2] entered in the above-captioned chapter 11 cases of Sears Holdings Corporation and its debtor affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice, dated February 26, 2019 (the "**Rejection Notice**") (ECF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

No. 2695) of their intent to reject, among others, the unexpired lease associated with the nonresidential real property located at 1111 Franklin Ave, Garden City, NY 11530-1617 (the "**Lease**") and to abandon any property remaining at the leased premises on the Rejection Date of the Lease that the Debtors determine is too difficult to remove or expensive to store; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and upon the objection to the Rejection Notice with respect to the Lease (the "**Objection**") (ECF No. 2786); and upon the Debtors' response to the Objection (ECF No. 2887); and the Court having held a hearing to consider the Objection and the relief requested in the Rejection Notice on March 21, 2019 (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and, after due deliberation and for the reasons stated in the Court's bench ruing at the Hearing, the Court having determined that the legal and factual bases set forth in the Debtors' response establish good and sufficient cause for the relief granted herein; and it appearing that the relief requested in the Rejection Notice is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, a proper exercise of business judgment and warranted under the facts and applicable law, **IT IS HEREBY ORDERED THAT:**

1. The Objection is overruled.

2. Pursuant to section 365 of the Bankruptcy Code, the Lease and the related license granted to NYU Winthrop Hospital, dated August 17, 2010 (as amended, the "**License**") are hereby rejected, effective as of February 26, 2019 (the "**Rejection Date**").

3. Pursuant to section 554 of the Bankruptcy Code any and all personal property remaining at the leased premises as of the Rejection Date shall be deemed abandoned

WEIL:\96982655\4\73217.0004

upon the Rejection Date without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.

4. With respect to any assets abandoned at the Debtors' leased premises, the Landlord or other designee shall be free, notwithstanding the automatic stay, under section 362(a) of the Bankruptcy Code to dispose of such property without liability to any party (including any third parties) and without further notice or order of the Court, and the Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

5. If any affected non-Debtor party (each, a "**Counterparty**") to the Lease or the License asserts a claim against the Debtors arising from the rejection of the Lease or the License, as applicable, t**he Counterparty shall submit a proof of claim by the later of (i) the deadline to file general unsecured proofs of claim fixed by the Court; and (ii) thirty (30) days after the entry of this Order.** If a Counterparty does not timely file a proof of claim in accordance with the terms of this Order, the Counterparty **shall forever be barred** from asserting a claim arising from the rejection of the Lease and the License, absent further order of this Court to the contrary.

6. Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption, of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.
WEIL:\96982655\4\73217.0004

7. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: April 5, 2019
      White Plains, New York

    /s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE