FILED
...Y COURT
2019 MAR 26  A 11: 40

U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (WHITE PLAINS)

| | |
|---|---|
| In re: Sears Holding Corporation, Inc. *et al.*, | Bankruptcy Petition #: 18-23537-rdd (also listed as number 18-23538-rdd) |
| Debtor, Chapter 11 Bankruptcy | MOTION TO LIFT AUTOMATIC STAY |
| | Movant: Jim Birdsell |

Movant, Jim Birdsell, proceeding *pro se*, moves the court to lift the automatic stay in this bankruptcy case and alleges:

1.

I am the plaintiff in <u>Jim Birdsell vs. Sears, Roebuck, & Co.</u>, Case Number 19 CV 08349 in Clackamas County, Oregon, filed on or about February 22, 2019, which is a small claims action for personal injury and seeks damages of approximately $9,715 plus costs. A copy of the complaint is attached to

2.

I filed the above complaint in order to protect my right to recover for injuries sustained in 2017. Since the injury, I have received numerous communications

MOTION TO LIFT STAY- 1

from the debtor, Sears Holding Company, Inc.'s, insurance company, Sedgwick Claims Management Service, Inc, P.O. Box 14448, Lexington, KY 40512.

3.

To the best of my knowledge, the debtor's insurer will be responsible for paying damages if I prevail in my lawsuit and, therefore, my lawsuit will not require payment from the bankruptcy estate administered by this court.

4.

I believe that this motion to lift the stay should be granted under 11 U.S.C. 362(d)(1) and under the reasoning of cases such as In re: Sonnax Indus., 907 F.2d 1280 (2d. Cir. 1990), or under another provision, on the basis of the insurer's obligation to pay any damages that I may be awarded in my lawsuit.

5.

In the event that my motion to lift the automatic stay is denied, it is my understanding that I should file a proof of claim in this court to request payment of $9,715, plus costs, from the bankruptcy estate. Therefore, I am also requesting that the court permit me to file a proof of claim within a reasonable time after such denial.

6.

I am mailing a copy of this document to the Debtor's attorney, Stacey Leinheiser, Senior Counsel, Sears Holding Management Corporation, 3333 Beverly Rd. B6-347A, Hoffman Estates, IL 60179, and to the Debtor's insurer, Sedgwick Claims Management Service, Inc, P.O. Box 14448, Lexington, KY 40512 at the same time that I mail this copy to the court.

*[signature]*
Jim Birdsell
9315 SE Bell Ave.
Milwaukie, OR 97222

MOTION TO LIFT STAY- 3



Amended

'15 FEB 22 PM 3: 24 ENTERED

DOCKETED _____ BY ____
By: EHK

Verified Correct Copy of Original 2/22/2019

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| JIM BIRDSELL,<br>Plaintiff, | ) Case No. 19CV08349<br>)<br>) |
| vs. | ) COMPLAINT<br>) |
| SEARS, ROEBUCK, & CO.,<br>Defendant. | ) Negligence<br>)<br>) Fee Authority: ORS 46.570<br>)<br>)<br>)<br>)<br>)<br>) |

The plaintiff, Jim Birdsell, appearing on his own behalf, hereby states:

1.
Plaintiff is, and at all relevant times was, a citizen of Oregon.

2.
Defendant is, and at all relevant times was, an Illinois corporation with its principle place of business in Illinois doing business in Oregon, for which purpose it owned and operated a Sears store, located near the Clackamas Town Center, approximately between Causey Street and Sunnyside Rd., off of SE 82nd Ave. in Happy Valley or Milwaukie, Oregon.

3.
The registered agent in Oregon for Sears, Roebuck, & Co. is C.T. Corporation System, 78- SE Commercial St., Ste. 100, Salem, OR 97301

COMPLAINT- 1

19CV08349
CMAM
Complaint – Amended
10664625

4.

On February 26, 2017, Plaintiff entered Defendant's store located at 11,800 SE 82nd Ave., Happy Valley, OR 97086 to shop for a blender or similar item.

5.

While in the store, Plaintiff looked at a blender that was placed on display and attached to the display counter by a security cord that allowed Plaintiff to pick-up and examine the item but prevented it from being taken from the immediate display area or even move it as high as he otherwise would have held it.

6.

Plaintiff then sought to determine how easily he would be able to clean the blender. To do this he was trying to unscrew the blender from the base, but it seemed to be sticking. He looked for store employees who might assist him, but saw none. After talking with another customer who also did not know how to separate the blender from the base, Plaintiff noticed several employees nearby who did not come to assist him. Then, he applied more pressure to the blender until, suddenly, it came off with a jolt, causing the blade mechanism of the blender to flew out of the unit and into the air approximately one or two feet above the unit and Plaintiff's hands.

7.

The blade of the blender struck the outside of Plaintiff's left hand, immediately causing serious lacerations in his middle and ring fingers. The middle was cut nearly to the bone and began to spurt blood in the manner one would expect if an artery is cut.

8.

Within several minutes, employees from Defendants' store attempted to help Plaintiff, as he began to bleed profusely. Eventually, Plaintiff was able to wrap his fingers in paper towels and seek medical treatment at the emergency room at the Kaiser Permanente Northwest facility on Sunnyside Rd., where Plaintiff received stiches at a cost to himself of approximately $715.00.

9.

The following day, Defendant's insurance company contact Plaintiff to take a statement. Plaintiff has not been given the statement to review since that time despite making multiple requests. Plaintiff, who ordinarily utilizes his VA benefits for health care and has no other health insurance, anticipated some assistance from Defendant in defraying the cost of medical treatment but received none and, for that reason, was not able to develop significant follow-up medical care despite his desire to do so.

10.

Plaintiff's left hand has developed significant stiffness since the incident and, most troubling, he has been unable to hold a larger-size coffee mug or similar object with his hand as he was comfortable doing prior to the accident. Likewise, Plaintiff has experienced pain that did not exist prior to the incident when pulling weeds, doing tile work, or other repetitive motion activities. These problems have not improved with the passage of additional time.

COMPLAINT- 2

Verified Correct Copy of Original 2/22/2019

## FIRST CAUSE OF ACTION: NEGLIGENCE

11.

The display of the blender in Defendant's store was arranged in a manner that was unusually dangerous to customers and below the standard of care for retail stores in providing the display model with a short cord attaching it to the countertop on which it was displayed. Specifically, by using the short security cord, Defendant made it particularly difficult to open the blender without risk of an accident because of the angle involved in separating the pieces while attached to the counter.

12.

Defendant, through its employees, did not properly train or supervise its employees regarding the display of items with sharp blades to prevent accidents like the Plaintiff's accident from occurring.

13.

Defendant could and should have foreseen accidents similar to Plaintiff's accident and, therefore, had a duty to make the displays sufficiently safe for customers, including Plaintiff.

14.

Defendant acted unreasonably when its employees set up the display but did not cover or remove the blades from the product on display nor have sufficiently attentive employees to assist customers.

15.

Defendant acted unreasonably when it failed to place a warning on the display to alert customers of the danger.

16.

Each of the above failures and unreasonable actions of the Defendant caused the display to be dangerous to Plaintiff, actually caused his injuries, and Defendant knew or should have known that such injuries were possible.

17.

As a result of the Defendant's negligence (described above), Plaintiff suffered $715 in medical expenses.

18.

As a result of the Defendant's negligence (described above), Plaintiff suffered pain and suffering that he values at approximately $2,000.

19.

As a result of the Defendant's negligence (described above), Plaintiff suffers permanent loss of use in his hand that he values at approximately $7,000.

COMPLAINT- 3

WHEREFORE, Plaintiff requests an order of the court:

(a) Awarding Plaintiff $715, to be paid by Defendant as compensation for medical bills incurred by Plaintiff due to the negligence of the Defendant and/or its agents:

(b) Awarding Plaintiff $2,000, to be paid by Defendant as compensation for the pain and suffering that Plaintiff has endured as a result of Defendant's negligence;

(c) Awarding Plaintiff $7,000, to be paid by Defendant as compensation for the lost use of his hand that Plaintiff has endured as a result of Defendant's negligence;

(d) Awarding plaintiff recovery of the costs and disbursements incurred by plaintiff herein, as well as any attorney fees that he may incur to prosecuted this case; and

(e) Granting such other relief as may be just and equitable herein.

DATED: February 22, 2019.

*[signature]*
Jim Birdsell
9315 SE Bell Ave.
Milwaukie, OR 97222
503-774-0358

COMPLAINT- 4