UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
                                                    )
In re                                               )          Chapter 11
                                                    )
SEARS HOLDINGS CORPORATION, *et al.*,[1]            )          Case No. 18-23538 (RDD)
                                                    )
Debtors.                                            )          (Jointly Administered)
———————————————————————                             )

**MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE TO FILE UNDER SEAL
TRANSFORM HOLDCO LLC'S SUPPLEMENTAL REPLY BRIEF AND SUPPORTING
DOCUMENTS IN RESPONSE TO DEBTORS' MOTION TO (A) ENFORCE ASSET
PURCHASE AGREEMENT AND AUTOMATIC STAY AGAINST TRANSFORM
HOLDCO LLC AND (B) COMPEL TURNOVER OF ESTATE PROPERTY**

Transform Holdco LLC (the "Buyer" or "Transform"), the buyer under a certain Asset

Purchase Agreement, dated as of January 17, 2019, by and among Sears Holdings Corporation

("SHC"), each of SHC's subsidiaries party thereto (together with SHC, the "Sellers," collectively

with respect to SHC's chapter 11 affiliates, the "Debtors," and together with Transform, the

"Parties") and Transform (as may be amended, restated, supplemented or modified from time to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

time, the "APA"),[2] by and through its undersigned counsel, respectfully submits this motion (the "Motion") for entry of an order (the "Order") authorizing Transform Holdco LLC (1) to file under seal *Transform Holdco LLC's Supplemental Reply Brief in Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property* (the "Reply"); Exhibit A to the *Declaration of Abena A. Mainoo in Support of Transform Holdco LLC's Supplemental Reply Brief in Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property* (the "Second Mainoo Declaration"); and the *Declaration of Kunal S. Kamlani in Support of Transform Holdco LLC's Supplemental Reply Brief in Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property* (the "Kamlani Declaration"). Transform seeks entry of an order, substantially in the format attached hereto as **Exhibit 1**, determining that the commercially sensitive information in the Reply, Exhibit A to the Second Mainoo Declaration, and the Kamlani Declaration be withheld from public view. In further support of this Motion, Transform respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

---

[2]      The APA refers to the Asset Purchase Agreement filed as Ex. B to the *Order (I) Approving the Asset Purchase Agreement among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "Sale Order"), as amended by the Amendment No. 1 to Asset Purchase Agreement filed as Ex. E to the *Notice of Filing Executed (I) Employee Lease Agreement, (II) Services Agreement, and (III) Amendment No. 1 to the Asset Purchase Agreement* [Docket No. 2599] (the "Notice of Filing of Amendment No. 1 to the APA"). All capitalized terms used but not defined herein shall have the meaning ascribed to them in the APA.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

4.       On March 6, 2019, Transform filed a motion seeking the appointment of a mediator to facilitate the resolution of significant breaches of the APA by the Sellers. *Motion to Assign Matter to Mediation* (Docket No. 2766) (the "Mediation Motion").

5.      The Debtors opposed the Mediation Motion and filed a motion on March 11, 2019 for enforcement of the APA and the automatic stay. *Debtors' (I) Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property and (II) Response to Transform Holdco LLC's Motion to Assign Matter to Mediation* (Docket No. 2796) (the "Turnover Motion").

6.      On March 21, 2019, this Court held an omnibus hearing, at which the Parties presented arguments on the Mediation Motion and Turnover Motion, in particular with respect to whether Debtors are entitled to a remittance of $14.6 million resulting from characterizing certain reserves held by certain credit card processing companies as Credit Card Accounts Receivable.

7.      The Court recommended deferring consideration of the dispute until the omnibus hearing on April 18 and setting April 11 as the deadline for briefs.  Hr'g Tr. 37:20-21; 53:5, Mar. 21, 2019.

8.      On April 2, 2019, Transform filed its initial supplemental brief, pursuant to the Court's recommendation, requesting that the Debtors' Turnover Motion be denied.  *Initial*

*Supplemental Brief in Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property* (Docket No. 3011) (the "Initial Brief").

9.      On April 8, 2019, Debtors responded.  *Debtors' Supplemental Memorandum of Law in Further Support of their Motion to Enforce the Automatic Stay* (Docket No. 3079).

10.     Three days later, on April 11, 2019, Transform filed its Reply.

11.     The Reply, Exhibit A to the Second Mainoo Declaration, and the Kamlani Declaration include confidential and commercially sensitive information regarding Debtors' and Transform's business arrangements and dealings with certain credit card processing companies, which would be harmful to Transform's business interests if publicly released.

12.     Accordingly, Transform respectfully requests that the Court grant the instant Motion to file the commercially sensitive information under seal.

## RELIEF REQUESTED

13.     By this Motion, Transform seeks entry of the attached Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting permission to file the Reply, Exhibit A to the Second Mainoo Declaration, and the Kamlani Declaration under seal with the Clerk of this Court in an envelope clearly indicating that the same has been filed under seal by Order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court.

## BASIS FOR RELIEF

14.     The Bankruptcy Code provides strong support for filing the information under seal. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders that will protect entities

from the potential harm that may result from the disclosure of certain confidential information.

This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b)(1).

15.    Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

16.    Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. Video Software Dealers Ass'n v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." Id. at 27. Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Id.

17.    In granting motions to seal "commercial information," courts have defined this term as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the movant. In re Altegrity, Inc., 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (citing In re Alterra Healthcare Corp., 353 B.R 66, 75 (Bankr. D. Del. 2006)); In re Glob. Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

18.    Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause."  Id.  Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application."  Id. at 27.  Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires").  In re Glob. Crossing, Ltd., 295 B.R. at 724; *see also* Fed. R. Bankr. P. 9018.

19.    Here, the Reply, Exhibit A to the Second Mainoo Declaration, and the Kamlani Declaration contain nonpublic and sensitive business information, including Debtors' and Transform's business arrangements and dealings with certain credit card processors, related correspondence, and the terms of the card processors' agreements with merchants.  This information falls squarely within the category of confidential commercial information in section 107(b)(1) of the Bankruptcy Code.

20.    The Reply summarizes agreements between Sears and each of Discover, American Express and First Data.  It specifically cites to and quotes from provisions in those agreements regarding the companies' payment obligations to Sears and contractual rights to require Sears to create reserves as a condition of continuing to do business with Sears under certain circumstances. The agreements themselves were the subject of Transform's prior motions for leave to file under seal, one of which explained Transform's obligation under the agreements' confidentiality provisions not to disclose the card companies' sensitive business information.  See Docket Nos. 2916, 3012.

21.     Exhibit A to the Second Mainoo Declaration and the Kamlani Declaration reflect discussions about the reserves.

22.     The proposed sealing order that Transform submits is narrowly tailored to restrict access only to commercially sensitive and confidential information.  Thus, the redactions are limited to portions of the documents that include confidential and sensitive information.

## PREVIOUS REQUESTS

23.     On March 20, 2019, Transform filed a *Motion of Transform Holdco LLC for Leave to File Under Seal Portions of the Declaration of Terrence E. Rolecek and Accompanying Exhibits* (Docket No. 2916).  On April 2, 2019, the Court granted that motion (Docket No. 3007).  On April 2, 2019, Transform filed *a Motion of Transform Holdco LLC for Leave to File Under Seal Portions of Transform Holdco LLC's Initial Supplemental Brief in Response to Debtors' Motion to (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property and (2) File in Native Format* (Docket No. 3012).  That sealing motion sought to file under seal portions of the Initial Brief, certain supporting declarations, and certain exhibits.  On April 10, 2019, the Court granted that motion (Docket No. 3112).

## NOTICE

24.     Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (Docket No. 405).  Transform respectfully submits that no further notice is required.

## <u>CONCLUSION</u>

WHEREFORE, Transform respectfully requests that the Court authorize it to file the Reply, Exhibit A to the Second Mainoo Declaration, and the Kamlani Declaration under seal, or any such other and further relief deemed just, proper, and equitable.

Dated: April 11, 2019
       New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Abena A. Mainoo*
Lewis J. Liman
Sean A. O'Neal
Luke A. Barefoot
Abena A. Mainoo

One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Transform Holdco LLC*

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| SEARS HOLDINGS CORPORATION, *et al.*,[1] | ) | Case No. 18-23538 (RDD) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

―――――――――――――――――――――――――

**[PROPOSED] ORDER ON MOTION OF TRANSFORM HOLDCO LLC FOR LEAVE
TO FILE UNDER SEAL TRANSFORM HOLDCO LLC'S
SUPPLEMENTAL REPLY BRIEF AND SUPPORTING DOCUMENTS IN RESPONSE
TO DEBTORS' MOTION TO (A) ENFORCE ASSET PURCHASE AGREEMENT AND
AUTOMATIC STAY AGAINST TRANSFORM HOLDCO LLC AND
(B) COMPEL TURNOVER OF ESTATE PROPERTY**

Upon the motion (the "Motion")[2] of Transform Holdco LLC (the "Buyer" or "Transform")

for entry of an order under 11 U.S.C. § 107 authorizing Transform to file the Reply, Exhibit A to

the Second Mainoo Declaration, and the Kamlani Declaration under seal; and the Court having

found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and

―――――――――――――――――――――――――

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2]       Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the

Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and the Court having found that Transform provided appropriate notice of the Motion

and that no other notice or hearing is required; and, after due deliberation, this Court having

determined that the legal and factual bases set forth in the Motion establish sufficient cause for the

relief granted herein, in that the proposed information that the Motion seeks to restrict from the

public docket of this case is properly protected under 11 U.S.C. § 107(b)(1) as confidential

commercial information; now, therefore, it is hereby ORDERED that:

1.      The Motion is granted as set forth herein.

2.      Transform is authorized (a) to file the Reply, Exhibit A to the Second Mainoo

Declaration, and the Kamlani Declaration under seal (the "Sealed Documents"), by providing them

to the Clerk's Office at 300 Quarropas Street along with a copy of this Order, and (b) to file the

redacted versions thereof on the public docket of this case; provided, that Transform redact only

that information that is considered confidential and commercially sensitive as previously disclosed

to the Court, subject to further order of the Court, pursuant to sections 105(a) and 107(b)(1) of the

Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3.      Except upon further order of the Court after notice to Transform, the Sealed

Documents shall remain under seal, and shall not be made available to anyone without the consent

of Transform, with the exception that unredacted copies of the Sealed Documents shall be provided

to (a) the Court, (b) the United States Trustee, (c) counsel and financial advisors to the Sellers (on

a confidential and "professional eyes only" basis), and (d) any other party as may be ordered by

the Court or agreed to by Transform and a counterparty to any such Document, in each case, under

appropriate confidentiality agreements satisfactory to Transform.  Each party to whom disclosure

is made shall keep the Sealed Documents confidential.

4.      Transform is authorized to take all actions necessary to effectuate the ruling set

forth in this Order.

5.      This Order is without prejudice to the rights of any party in interest, or the United

States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6.      Counsel for Transform shall contact the Clerk's Office regarding the return or other

disposition of the Sealed Documents within 10 days after resolution of the Turnover Motion.  Upon

Transform's failure to do so, the Clerk of the Court is authorized to destroy the Sealed Documents.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2019
         White Plains, New York

                                                    _____
                                                    THE HONORABLE ROBERT D. DRAIN
                                                    UNITED STATES BANKRUPTCY JUDGE