Presentment Date and Time: April 19, 2019 at 10:00 a.m. (Eastern Time)
Objection Deadline: April 18, 2019 at 4:00 p.m. (Eastern Time) Hearing
Date and Time (Only if Objections Filed): To be Determined

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
**SEARS HOLDINGS CORPORATION,** *et al.*,                   :    Case No. 18-23538 (RDD)
                                                            :
           Debtors.[1]                                      :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

WEIL:\96948892\7\73217.0004

## NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT, AND ORDER APPROVING SETTLEMENT OF DISPUTE WITH NEWKIRK AVREM LLC

**PLEASE TAKE NOTICE** that Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), will present the *Stipulation, Agreement, and Order Approving Settlement of Dispute with Newkirk Avrem LLC* (the "**Proposed Stipulation**") to the Honorable Robert D. Drain, United States Bankruptcy Judge, for signature on **April 19, 2019 at 10:00 a.m. (Eastern Time)**. A copy of the Proposed Stipulation is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Proposed Stipulation is served and filed with proof of service with the Clerk of the Court, and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Robert D. Drain, so as to be received by **April 18, 2019 at 4:00 p.m. (Eastern Time)**, there will not be a hearing to consider the Proposed Stipulation, and the Proposed Stipulation may be signed and entered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served with respect to the Proposed Stipulation, a hearing (the "**Hearing**") will be held to consider the Proposed Stipulation before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on a date to be determined.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted upon default.

Dated: April 11, 2019
      New York, New York

    /s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

# Exhibit 1

**Proposed Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                               :

In re                                                  :          Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,  :          Case No. 18-23538 (RDD)

                      Debtors.[2]                      :          (Jointly Administered)

------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER
APPROVING SETTLEMENT OF DISPUTE WITH NEWKIRK AVREM LLC**

This stipulation, agreement, and order (the "**Stipulation**") is entered into by and among Sears Holdings Corporation ("**Sears**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Newkirk Avrem LLC ("**Avrem**"). The Debtors and Avrem collectively are referred to in this Stipulation as the "**Parties**," and each, as a "**Party**." The Parties hereby stipulate and agree as follows:

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## RECITALS

A.  Beginning on October 15, 2018 (the "**Commencement Date**"), and continuing thereafter, the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  Avrem and Sears, Roebuck and Co. ("**Roebuck**") are parties to that Restated and Amended Lease Agreement dated February 1, 1982 (the "**Amended Lease**") under which Roebuck leased a portion of the real property portion of a warehouse facility located at 3456 Meyers Road, Memphis, Tennessee (the "**Premises**") to Avrem.

C.  Avrem and Roebuck are also parties to that Restated and Amended Lease and Sublease Agreement dated February 1, 1982 (the "**Amended Sublease**") under which Sears agreed to sublease from Avrem the real property portion of the Premises and all buildings and other improvements then or later located on the real property.

D.  On June 16, 2017, Roebuck gave notice to Avrem that it had elected to terminate the Amended Sublease as of February 28, 2018.

E.  Avrem subsequently filed an action relating to the Amended Lease and Amended Sublease captioned *Newkirk Avrem LLC v. Sears, Roebuck and Co., and Innovel Solutions, Inc.*, Case No. CT-001713-18, in the Circuit Court for Shelby County, Tennessee at Memphis (the "**State Court**") against Roebuck, and Roebuck filed a motion to dismiss such action (the "**Litigation**").

F.  Property taxes for the tax year 2018 owed with respect to the Premises as of the execution of this Stipulation are $122,000 plus 18 % (eighteen percent) interest for the period from March 1, 2019 to the date of the execution of this Stipulation, plus any amounts accrued but unpaid for the tax year 2019 as of the date of the execution of this Stipulation (the "**Property Taxes**").

G.  Given the uncertainties, burden, expense, delay, and potentially protracted nature of the Litigation, the Parties commenced negotiation with regard to the Litigation and have determined that it is in their respective best interests to settle the Litigation on the terms as set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL, IT SHALL BE ORDERED, AS FOLLOWS:**

1.  This Stipulation shall have no force or effect unless and until the date that an order approving it is entered by the Bankruptcy Court (the "**Effective Date**"), which approval shall constitute authorization under Federal Rule of Bankruptcy Procedure 9019 for Sears to settle the Litigation on the terms provided herein.

2.  Within five (5) business days of the receipt of the later of (i) the filing of Dismissal (as defined below), (ii) the receipt of the Deed (as defined below) and Termination Agreements (as defined below) and (iii) receipt of a W-9 and the applicable tax identification number from Avrem, the Debtors shall pay Avrem the sum of seventy-five thousand Dollars ($75,000) (the "**Settlement Amount**") by check at the following mail delivery address: Lexington Realty Trust, One Penn Plaza, Suite 4015 New York, NY 10119-4015, c/o Joe

Bonventre.  Payment of the Settlement Amount by the Debtors shall be in full settlement, satisfaction, release and discharge of all claims under the Amended Sublease.

3.      Roebuck shall remain responsible for payment of the Property Taxes.

4.      Within one (1) day after entry of this Stipulation by the Bankruptcy Court, Avrem's counsel shall file with the State Court a stipulation dismissing the Litigation with prejudice in the precise form attached hereto as **Exhibit A** (the "**Dismissal**"), executed by Avrem's and the Debtors' respective counsel.

5.      On the Effective Date, Avrem shall deliver to Innovel Solutions, Inc. a deed to all buildings and improvements on the Premises in the precise form attached here as **Exhibit B** (the "**Deed**").  Avrem shall also deliver to Innovel Solutions, Inc. termination agreements in the precise form attached hereto as **Exhibit C** (the "**Termination Agreements**").

6.      On the Effective Date, without need for further acts, Avrem hereby releases and forever discharges the Debtors and their bankruptcy estates, legal predecessors, successors and assigns, officers, directors, shareholders, affiliates, representatives, agents, servants, employees, and attorneys (collectively the "**Released Debtor Parties**"), of and from any and all claims, demands, damages, debts, liabilities, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, which Avrem ever had, now has, or may hereafter have, against the Released Debtor Parties, arising out of, based upon, or relating to, any act, omission, event, matter or thing with respect to the Amended Sublease and the Litigation, save and except for the rights and claims created or reserved by this Stipulation.

7.      Upon filing of the Dismissal and receipt of the Deed and Termination Agreements by Sears and without need for further acts, the Debtors hereby release and forever discharge Avrem and its legal predecessor, successors and assigns, officers, directors,

shareholders, members, affiliates, heirs, beneficiaries, executors, representatives, agents, servants, employees, and attorneys (collectively the "**Released Avrem Parties**"), of and from any and all claims, demands, damages, debts, liabilities, actions, and causes of action of every kind and nature whatsoever, whether now known or unknown, which the Debtors ever had, now have, or may hereafter have, against the Released Avrem Parties, arising out of, based upon, or relating to, any act, omission, event, matter or thing with respect to the Amended Lease and the Litigation, save and except for the rights and claims created or reserved by this Stipulation.

8. This Stipulation applies to the Parties only, and is not intended to negate or provide any rights or benefits to any other person or entity except for those released under Paragraphs 7 and 8 above.

9. This Stipulation contains the entire understanding of the Parties with respect to the settlement of the Litigation and the mutual releases under Paragraphs 7 and 8 above, and supersedes any prior oral or written agreements or understandings among them concerning its subject matter.

10. This Stipulation may be amended or modified only by a written instrument signed by all of the Parties hereto or by further order of the Bankruptcy Court.

11. The Parties deny any wrongdoing related to the Litigation. This Stipulation is not and shall not be construed as an admission by any Party of fault or of liability.

12. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the releases in Paragraphs 7 and 8. Section 1542 of the California Civil Code reads as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

13. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

14. This Stipulation may be executed in one or more counterparts, including facsimile or electronic counterparts, all of which together shall constitute one and the same instrument.

15. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: April 11, 2019

By: /s/ Jacqueline Marcus
 Jacqueline Marcus
 WEIL, GOTSHAL & MANGES LLP
 767 Fifth Avenue
 New York, NY 10153
 Telephone: (212) 310-8000
 Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

Dated: April 10, 2019

By: /s/
 Joseph S. Bonventre, Vice President of LXP Manager Corp., the manager of Newkirk Avrem LLC

**SO ORDERED**:

Dated: _____, 2019
       New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit A**

WEIL:\96948892\7\73217.0004

IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE
AT MEMPHIS

| | |
|---|---|
| NEWKIRK AVREM L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CT-001713-18 |
| | ) |
| SEARS, ROEBUCK AND CO. and | ) |
| INNOVEL SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**CONSENT ORDER OF DISMISSAL
WIT PREJUDICE**

TO THE HONORABLE JUDGES OF THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE AT MEMPHIS:

This cause came on to be heard upon the statements of counsel for Plaintiff, Newkirk Avrem L.P., the statements of counsel for Defendants, Sears, Roebuck and Co. and Innovel Solutions, Inc., and the entire record in this cause.

It appearing to the Court that the parties have compromised and settled the claims between them and that this action should be dismissed with prejudice at the cost of Plaintiff, Newkirk Avrem L.P.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the cause of action should be and is dismissed with prejudice at the cost of Plaintiff, Newkirk Avrem L.P.

_____
JUDGE

Date:_____

APPROVED AS TO FORM:


_____
MICHAEL C. PATTON (12206)
KAVITA GOSWAMY SHELAT (29388)

Attorneys for Defendants, Sears, Roebuck and Co. and Innovel Solutions, Inc.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
20TH Floor, First Tennessee Building
165 Madison Avenue
Memphis, Tennessee  38103
(901) 526-2000



_____
A. SCOTT DERRICK (006620)
FLYNNE M. DOWDY (35926)

Attorneys for Plaintiff, Newkirk Avrem L.P.

GULLETT SANFORD ROBINSON & MARTIN PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994