# EXHIBIT 5

*In re:* SEARS HOLDING CORPORATION, *et al.*

*MOHSIN MEGHJI*
*April 4, 2019*



126 East 56th Street, Fifth Floor  New York, New York 10022
P: 212-750-6434   F: 212-750-1097
www.ellengrauer.com

*Original File 267307.TXT*
Min-U-Script® *with Word Index*

Page 1

```
 1   UNITED STATES DISTRICT COURT
 2   SOUTHERN DISTRICT OF NEW YORK
     ---------------------------------------------x
 3   In re:  SEARS HOLDING CORPORATION, et al.,
 4                    Debtors.
     ---------------------------------------------x
 5
 6                    767 Fifth Avenue
                      New York, New York
 7
                      April 4, 2019
 8                    9:32 a.m.
 9
10         Deposition of MOHSIN MEGHJI, before
11   Kristi Cruz, a Notary Public of the State of New
12   York.
13
14
15
16
17
18
19
20
21
22
23       ELLEN GRAUER COURT REPORTING CO., LLC
           126 East 56th Street, Fifth Floor
24              New York, New York 10022
                      212-750-6434
25                  REF:  267307
```

Page 2

```
 1   A P P E A R A N C E S:
 2
 3   WEIL GOTSHAL & MANGES LLP
 4   Attorneys for Debtors and Debtors in Possession
 5        767 Fifth Avenue
 6        New York, New York 10153
 7   BY:   JARED FRIEDMANN, ESQ.
 8         H. DAVID LESLIE, ESQ.
 9         212.310.8828
10         jared.friedmann@weil.com
11
12
13   LAW OFFICE OF KORY ATKINSON
14   Attorneys for CUSD
15        236 West Lake Street, Suite 100
16        Bloomingdale, Illinois 60108
17   BY:   KORY ATKINSON, ESQ.
18         630.980.9100
19         kaa@koryatkinson.com
20
21
22
23
24
25
```

Page 3

```
 1     A P P E A R A N C E S: (Cont'd)
 2
 3   ROBBINS SCHWARTZ
 4   Attorneys for CUSD
 5   55 West Monroe, Suite 800
 6   Chicago, Illinois 60603
 7     BY: KENNETH M. FLOREY, ESQ.
 8   312.332.7760
 9   kflorey@robbins-schwartz.com
10
11
12   ARCHER & GREINER, P.C.
13   Attorneys for CUSD
14   630 Third Avenue
15   New York, New York 10017
16     BY: ALLEN G. KADISH, ESQ.
17   212.682.4940
18   akadish@archerlaw.com
19
20
21
22
23
24
25
```

Page 4

```
 1   A P P E A R A N C E S:  (Cont'd)
 2
 3   VEDDER PRICE
 4   Attorneys for Village of Hoffman Estates
 5        1633 Broadway, 31st Floor
 6        New York, New York 10019
 7   BY:   MICHAEL L. SCHEIN, ESQ.
 8         212.407.6920
 9         mschein@vedderprice.com
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 5

```
 1   ------------------ I N D E X ------------------
 2   WITNESS                  EXAMINATION BY       PAGE
 3   MOHSIN MEGHJI            MR. ATKINSON        6, 114
 4                            MR. FRIEDMANN          111
 5
 6
 7   ---------------- E X H I B I T S ----------------
 8   MEGHJI        DESCRIPTION                  FOR I.D.
 9   Exhibit A     Declaration of Mohsin Y.          8
10                 Meghji
11   Exhibit B     Letter dated November 7,         12
12                 2017
13   Exhibit C     Letter dated November 14,        17
14                 2018
15   Exhibit D     Notice of Deposition             53
16
17
18              (EXHIBITS TO BE PRODUCED)
19
20
21
22
23
24
25
```

Page 6

1  M O H S I N   M E G H J I,
2  called as a witness, having been duly
3  sworn by a Notary Public, was examined
4  and testified as follows:
5  EXAMINATION BY
6    MR. ATKINSON:
7  Q.  Good morning.
8  A.  Good morning.
9  Q.  I'd like to start, if I may, by just
10   reviewing the Notice of Deposition with you.
11      MR. FRIEDMANN: To be clear, this is
12   the 30(b)(6) deposition notice.  I don't
13   know if there was a Notice of Deposition
14   of him as an individual, also.
15      MR. ATKINSON: That's correct, this
16   is the 30(b)(6).
17  Q.  I just want to go through each item
18   briefly and just make sure that we're ready to
19   proceed.
20      So topic number 1 is to review the
21   documents, information, and data attached to
22   or referenced in your declaration, including
23   the documents and information and data which
24   detail how Sears or Sears Holdings Management
25   Corporation, or old Sears, however you want to

Page 7

1     M. MEGHJI
2   refer to it --
3  A.  Sears.
4  Q.  Sears.  How they tracked its
5   eligibility for the EDA credit received from
6   the Village of Hoffman Estates, Illinois, and
7   how Sears calculated the number of such
8   workers at its Hoffman Estates campus,
9   including the number of Sears employees
10   working 35 hours or more per week at its
11   Hoffman Estates campus, the number of
12   employees of tenant employees at the Hoffman
13   Estates campus working 35 hours or more per
14   week, the number of contractors working
15   35 hours or more per week at the Hoffman
16   Estates campus, and the number of building or
17   OTB contractors working more than 35 hours per
18   week at the Hoffman Estates campus.
19      Are you prepared to discuss those
20   topics today?
21      MR. FRIEDMANN: Object to form.  And
22   also, first, I believe you misstated the
23   topic.  But just to streamline this, we'll
24   stipulate that he's prepared to testify on
25   all the topics in your notice to the

Page 8

1     M. MEGHJI
2   extent that those topics were limited in
3   our March 25, 2019, Debtor's Objection and
4   Responses to the Community Unit School
5   District 300's Notice of Deposition.  So
6   we'll just stipulate that he's prepared to
7   the extent that those topics are limited
8   to here so we can get into what you
9   actually want to ask him about.
10      MR. ATKINSON: Okay.
11      (Exhibit A, Declaration of Mohsin Y.
12   Meghji, marked for identification, as of
13   this date.)
14      BY MR. ATKINSON:
15  Q.  Next I'd like to provide to you what
16   I've marked as Exhibit A, which is a copy of
17   your declaration.  For the record, the exhibit
18   includes a full copy of the declaration, but
19   excludes what is known as tab 2 for Exhibits 1
20   through 12, which have the itemized associate
21   names, and each of those was like 50 or 60
22   pages and I don't think we'll be going through
23   those in much detail.  So this is all the
24   materials except that list of individual
25   associate names.

Page 109

1　　　M. MEGHJI
2　mind.
3　Q.　That's --
4　A.　Can I finish?
5　Q.　I'm sorry, I'm sorry. Please.
6　A.　So based on what I've been told, I'm
7　comfortable that we were okay when you take
8　into account the Economic Development Area.
9　Q.　So up until now we've looked at EDGE
10　reports month by month. We've looked at
11　occupancy reports that rely on active badges
12　which give access to the corporate campus. Up
13　until now we've seen no data that indicates
14　the counting of jobs outside of the
15　headquarters. So what methods and processes
16　did Sears use to count jobs outside of the
17　corporate headquarters?
18　　　MR. FRIEDMANN: In what year?
19　　　MR. ATKINSON: 2017.
20　A.　There was no need to do that because
21　we were compliant without that.
22　Q.　Same question, 2018.
23　　　MR. FRIEDMANN: I'm going to object
24　to that, especially on the grounds that
25　the judge specifically yesterday advised

Page 110

1　　　M. MEGHJI
2　you that discovery in 2018 was improper at
3　this time.
4　　　MR. FLOREY: Are you directing him
5　not to answer?
6　　　MR. FRIEDMANN: I'm going to give
7　you a little bit of leeway here, but after
8　that I'm going to direct him not to answer
9　because I think you made your point to the
10　Court as to why you thought it was
11　relevant and the Court disagreed with you.
12　　　If you know the answer, go right
13　ahead.
14　A.　What is the question again?
15　　　MR. FRIEDMANN: I don't remember.
16　Q.　Let me see if I can remember.
17　　　So the question is: For 2018,
18　calendar year 2018, what methods or processes
19　did Sears use to calculate the number of jobs
20　inside the Economic Development Area, but
21　outside of the Sears corporate campus?
22　A.　I haven't discussed those in detail
23　with anybody yet.
24　　　MR. ATKINSON: Can I have a minute?
25　　　(Recess was taken.)

Page 111

1　　　M. MEGHJI
2　　　MR. ATKINSON: We're done with our
3　questions.
4　　　MR. FRIEDMANN: I have a few
5　questions.
6　EXAMINATION BY
7　MR. FRIEDMANN:
8　Q.　If you could turn to Exhibit A,
9　which is your declaration. If I can direct
10　you to paragraph 6. Did you see there where
11　it says, I'll read, "In connection with my
12　role as CRO, I have been provided with certain
13　company records relevant to this motion which
14　were contemporaneously generated on or around
15　a monthly basis and kept and maintained by
16　certain of the debtor's employees in the
17　ordinary course of business." Did I read that
18　correctly?
19　A.　Yes.
20　Q.　You were asked earlier regarding
21　whether or not the EDGE reports and other
22　documents, when those were created, were
23　they've created for the bankruptcy, whether
24　they were created back then. Does this help
25　refresh your recollection as to the origins of

Page 112

1　　　M. MEGHJI
2　the documents that are attached to your
3　declaration?
4　A.　Yes. These were generated on a
5　normal course basis monthly by the company,
6　and we rely on those records. They were not
7　specially generated after the fact for this
8　process.
9　Q.　By way of example, Exhibit 1 to what
10　was marked as Exhibit A, Exhibit 1 to your
11　declaration, which is titled Sears Holding
12　Corp. Associate Count-EDGE, and it says
13　Criteria as of January 31, 2017. Based on
14　your knowledge, do you know on or about when
15　this document was created?
16　A.　On or around January 31, 2017.
17　Q.　You were asked earlier whether or
18　not you knew what a reference to OTB stood
19　for, the letters OTB. Have you since been
20　able to learn what OTB stands for?
21　A.　Yes; off the books.
22　Q.　And can you explain to us what that
23　means in context?
24　A.　Just in the context of they're off
25　the company's payroll records.