MICHAEL S. AMATO
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556-1425
(516) 663-6600

Attorneys for Colonial Properties, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al.[1], | Case No. 18-23538 (rdd) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------X

# MOTION OF COLONIAL PROPERTIES, LLC TO COMPEL PAYMENT OF POST-PETITION DATE RENT AND RELATED LEASE OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 105(a), 363(e), 365(d)(3) AND 503(b)(1)(A)

Colonial Properties, LLC ("Landlord") through their undersigned counsel, hereby submits this *Motion to Compel Payment of Post-Petition Date Rent and Related Lease Obligations Pursuant to 11 U.S.C. §§ 105(a), 363(e), 365(d)(3) and 503(b)(1)(A)* (the "Motion"). In support of the Motion, the Landlord respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

848392

## PRELIMINARY STATEMENT

1.  Colonial is the landlord of property that is subject to a lease dated December 1, 1983, as amended and extended from time to time (the "Lease") for certain non-residential real property located at 118 Waller Mill Road, Williamsburg, VA 23185 (the "Premises"). The Debtors have failed to pay the full rent due under the Lease for the month of February, 2019. The Debtors are required to pay all other charges under the Lease including, but not limited to, real estate taxes, deferred maintenance and water charges. In addition, pursuant to the Lease the Debtors are responsible for all out-of-pocket counsel fees and expenses of landlord. Further, the Debtors subleased portions of the Premises. Landlord is entitled to immediate payment of all amounts collected by the Debtors from the subtenants subsequent to the rejection of the Premises. The Landlord seeks immediate payment of the unpaid post-Petition Date rent, additional rent and rent collected by the Debtors from the subtenants pursuant to §§ 363(e) and 365(d)(3) of the Bankruptcy Code.[2]

### The Chapter 11 Bankruptcy Case

2.  On October 15, 2018 (the "Petition Date"), the Debtors and certain of their affiliates (the "Debtors") filed respective voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

### JURISDICTION

3.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court

---

[2] The leased retail space is located in a "shopping center" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

848392

pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion are §§ 105(a), 363(e), 365(d)(3) and 503(b)(1) of the Bankruptcy Code.

## BACKGROUND

4.  The Debtors leased from the Landlord the entire Premises located at 118 Waller Mill Road, Williamsburg, VA 23185. A copy of the Lease is annexed to the Declaration of Lawrence Kadish dated April 11, 2019 (the "Kadish Declaration") as Exhibit A. The Lease requires the Debtors to pay monthly, among other charges, Base Rent for the use and occupancy of the Premises. Current annual Base Rent for the Premises is $562,500 (Lease, Kadish Declaration, Ex A., ¶ 6(iii)). Subsequent to the Petition Date, the Debtors made one (1) payment to the Landlord in the amount of $93,750 for the months of December 2018 and January 2019. A copy of check number 34000560, dated December 1, 2018, in the amount of $93,750 is annexed to the Kadish Declaration as Exhibit B. The Base Rent for the month of February 2019 in the amount of $46,875 remains unpaid.

5.  In addition to the rent, the Debtors are obligated to pay:

   (i)  Late payments for any installment of basic rent not paid within five (5) days after its due date in the amount of one (1%) percent per annum (Kadish Declaration, Exhibit A, ¶ 6(c);

   (ii) All taxes and assessments (Kadish Declaration, Exhibit A, ¶ 8);

   (iii) Attorneys' fees and expenses for any and all expenses arising from any failure by the Debtors to perform any of the agreements, terms, covenants and conditions of the lease (Kadish Declaration, Exhibit A, ¶ 10).

6.  Also, the Debtors occupy the entire shopping center at the Premises. Upon information and belief, the Debtors sublet portions of the Premises to eight (8) subtenants. As of the date of this Motion, Landlord has been unable to obtain any information relating to security

deposits, as well as rent paid by the Subtenants to the Debtors for the period subsequent to February 26, 2019, the effective date of the rejection of the Lease. Based upon the foregoing, Landlord is entitled to payment of any and all rents and additional rents paid by the Subtenants to the Debtors for the period subsequent to February 26, 2019, together with any and all security deposits maintained by the Debtors for those Premises. A copy of a schedule of subleases entered into by the Debtors at the Premises is annexed to the Kadish Declaration as Exhibit C).

7. As set forth in the *Objection of Colonial Properties, LLC to Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* dated December 31, 2019 (Dct. 2280) (the "Cure Objection"), the Debtors failed and refused to pay the amount due for rent and additional rent for the period December 2018 and January 2019, in the total amount of $93,750.

8. Pursuant to that certain *Order Approving the Rejection of Unexpired Leases of Non-Residential Real Property and Abandonment of Property in Connection Therewith* the "Rejection Order") (Dct. 2805), the Debtors rejected the Lease as of February 26, 2019. As such, the Debtors are liable for rent for use and occupancy of the Premises for the period through and including February 2019.

9. As such, there is currently due and owing from the Debtors to the Landlord: (i) the sum of $46,875; (ii) late fees, accrued and unpaid real estate taxes, water charges, and reasonable legal fees and expenses; and (iii) all monies collected from the Subtenants subsequent to February 26, 2019, together with any and all security deposits paid by the Subtenants.

848392

**BASIS FOR RELIEF**

I. **THE LANDLORD IS ENTITLED TO THE IMMEDIATE PAYMENT OF THE ACCRUED POST-PETITION DATE RENT PURSUANT TO § 365(d)(3) OF THE BANKRUPTCY CODE**

10. Section 365(d)(3) of the Bankruptcy Code provides that the trustee or debtor-in-possession is to timely perform all obligations of the debtor until the nonresidential real property lease is assumed or rejected. The relevant part of the statute reads as follows:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11. Congress adopted § 365(d)(3) in 1984 to balance the equities between a debtor lessee's retention of a leasehold interest in nonresidential real property during the pendency of its bankruptcy case, and the captive landlord's inability to dispossess such a debtor during the § 365(d)(4) period. *See In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209-11 (3d Cir. 2001) (holding that Congress, in adopting § 365(d)(3), intended a debtor to perform all leasehold obligations as they came due under the terms of the lease); *In re Stone Barn Manhattan LLC*, 398 B.R. 359, 362 (Bankr. S.D.N.Y. 2008); *see also* 145 Cong. Rec. S8887, 8895 (daily ed. June 29, 1984) (statement of Sen. Hatch) (explaining that § 365(d)(3) would require the trustee to "perform all the obligations of the debtor under a lease of nonresidential real property at the time required in the lease").

12. Section 365(d)(3) requires debtors to timely perform all post-petition date obligations due and owing under leases, including the payment of rent and related charges. There is no need for a hearing to determine whether the amount of money owed under the terms of a lease is reasonable, and the obligation to make payment arises at the time the rent obligation

5

848392

accrues, and not at the time other administrative expenses are paid pursuant to a Chapter 11 plan. *See id.* at 362 ("[Section] 365(d)(3) require[s] timely payment of rent, and ... eliminate[s] the discretion that courts had previously exercised to establish a market rent for use and occupancy, fixing the amount payable for use and occupancy at the rate provided in the lease.") (citing *In re Ames Dep't Stores Inc.*, 306 B.R. 43, 68 (Bankr. S.D.N.Y. 2004)); *see also In re Barrister of Delaware, Ltd.*, 49 B.R. 446, 447 (Bankr. D. Del. 1985); *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 882-83 (Bankr. E.D.N.Y. 1986).

13.  Rent relating to a debtor's post-petition date use of non-residential real property is entitled to allowance and treatment as an administrative expense. *See In re Garden Ridge Corp.*, 323 B.R. 136, 142 (Bankr. D. Del. 2005) ("When the debtor occupies and uses the premises, the landlord is entitled to an administrative expense claim equaling the fair market value of the premises."); *see also In re DVI, Inc.*, 308 B.R. 703, 707-08 (Bankr. D. Del. 2004).

14.  Section 503(b)(1) of the Bankruptcy code provides that "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual and necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1).

15.  To qualify as an "actual" and "necessary" administrative expense, (i) the claim must arise out of a post-petition date transaction between the creditor and the debtor in possession, and (ii) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor in possession in the operation of the business. *See In re Health Diagnostic Lab., Inc.*, 557 B.R. 885, 894 (Bankr. E.D. Va. 2016).

16.  The fact that a debtor occupies the leased premises is sufficient to establish that payment for such occupancy is a necessary and actual expense of preserving the debtor's estate. *See In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 614 (Bankr. D. Del. 2008) (citing *Zagata*

*Fabricators, Inc. v. Superior Air Prods.*, 893 F.2d 624, 627 (3rd Cir. 1990)).

17.    However, merely declaring the rent to be an administrative expense is insufficient in that administrative expenses ordinarily do not have to be paid until the end of a case. *See Stone Barn Manhattan*, 398 B.R. at 361-62. Requiring a landlord to wait for the payment of post-petition rent would be inconsistent with the logic and rationale underlying section 365(d)(3), particularly if there is an administrative insolvency, which is not only possible, but plausible in this case. To avoid such a result, many courts "have found § 503(b)(1) to be superseded by § 365(d)(3); to hold otherwise would flout the intent of Congress in that the landlord would still be forced to provide current services while awaiting an evidentiary hearing to determine the actual amount the debtor owed it." *Id.*, 398 B.R. at 362.

18.    Accordingly, pursuant to §§ 363(e) and 365(d)(3) of the Bankruptcy Code, the Debtors should be required to pay immediately: (i) the post-Petition Date unpaid rent and related charges in the amount of $46,875; (ii) all accrued and unpaid state and local taxes and charges; (iii) all payments made to the Debtors by Subtenants subsequent to February 26, 2019; and (iv) late fees, interest, attorneys' fees and expenses incurred in connection with this Motion.

## CONCLUSION

WHEREFORE, the Landlord respectfully requests that the Court enter an order (i) compelling Debtors' immediate payment of post-Petition Date rent under the Lease in the amount of $46,875; (ii) all accrued and unpaid state and local taxes and charges; (iii) all payments made to the Debtors by Subtenants subsequent to February 26, 2019; and (iv) late

7

848392

fees, interest, attorneys' fees and expenses incurred in connection with this Motion, pursuant to 11 U.S.C. §§ 105(a), 363(e), 365(d)(3) and 503(b)(1)(A); and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
April 11, 2019

          RUSKIN MOSCOU FALTISCHEK, P.C.
          Attorneys for Colonial Properties, LLC

By: /s/ Michael S. Amato
    Michael S. Amato
    1425 RXR Plaza
    East Tower, 15th Floor
    Uniondale, NY 11556-1425
    (516) 663-6600

848392