Edward M. Fox
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 218-4646
Facsimile: (917) 344-1339
Email: emfox@seyfarth.com

*Attorneys for Wilmington Trust, National Association,
as indenture trustee and collateral agent*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

## OBJECTION TO PAYMENT OF THE SECOND MONTHLY FEE STATEMENT OF EVERCORE GROUP L.L.C. FOR COMPENSATION EARNED AND EXPENSES INCURRED FOR FEBRUARY 16, 2018 THROUGH MARCH 15, 2019

Wilmington Trust, National Association, as indenture trustee ("Wilmington Trust") for the 6-5/8% Senior Secured Notes due 2018 (the "2010 Notes") issued by Sears Holdings Corporation ("Sears"), and as collateral agent, by its undersigned attorneys, objects to payment of the Second Monthly Fee Statement of Evercore Group L.L.C. for Compensation Earned and Expenses Incurred

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365) (collectively, the "Debtors"). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

56217839v.1

for February 16, 2018 Through March 15, 2019 (the "Fee Statement") [Dkt. No. 2982], and in support thereof states as follows:

## BACKGROUND

### The 2010 Notes

1. Pursuant to an indenture dated as of October 12, 2010 (as amended from time to time, the "2010 Indenture") between Sears, the Guarantors Party thereto (the "Guarantors") and Wells Fargo Bank, National Association ("Wells Fargo"), as trustee and collateral agent, Sears issued the 2010 Notes.

2. Pursuant to an Instrument of Resignation, Appointment, and Acceptance dated as of June 25, 2014, by and among Sears, Wilmington Trust and Wells Fargo, Wilmington Trust became the successor indenture trustee (the "Prepetition Second Lien 2010 Indenture Trustee") with respect to the 2010 Notes.

### The Security Agreement

3. Pursuant to the Amended and Restated Security Agreement dated as of March 20, 2018, (the "Security Agreement"), among Sears, the Guarantors and Wilmington Trust, as collateral agent (the "Prepetition Second Lien Collateral Agent"), the Prepetition Second Lien Collateral Agent holds a security interest in the Collateral (as defined in the Security Agreement),[2] including

---

[2] Section 2.1 of the Security Agreement states:

2.1 Collateral; Grant of Security Interest. Each Grantor hereby grants to the Collateral Agent for the equal and ratable benefit of the Secured Parties a security interest in all of the following property now owned, or at any time hereafter acquired, by such Grantor or in which such Grantor now has, or at any time in the future may acquire, any right, title or interest (collectively, the "Collateral"), as collateral security for the prompt and complete payment and performance when due (whether at the stated maturity, by acceleration or otherwise) of such Grantor's Secured Obligations:

(a) all Credit Card Accounts Receivable;
(b) all Inventory;
(c) all Chattel paper relating to Credit Card Accounts Receivable;
(d) all Instruments relating to Credit Card Accounts Receivable;

2

56217839v.1

Cash Collateral (as defined in 11 U.S.C. § 363(a)), to secure repayment of the fees and expenses of the Prepetition Second Lien Collateral Agent,[3] to secure repayment of the fees and expenses of the Prepetition Agents, and to secure repayment of the Prepetition Second Lien Obligations.

### The Bankruptcy Filing

4. On October 15, 2018, each of the Debtors filed voluntary petitions for relief under Chapter 11 of title 11, U.S.C. in the United States Bankruptcy Court for the Southern District of New York, (the "Bankruptcy Court").

### DIP Financing and Use of Cash Collateral

5. On November 30, 2018, pursuant to the Debtors' Motion for Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Certain Protections to Prepetition Secured Parties; and (D) Schedule Second Interim Hearing and Final Hearing, dated October 15, 2018 [Dkt. No. 7] (the "DIP Financing Motion"), the Bankruptcy Court entered the Final DIP Order.

6. Pursuant to the Final DIP Order, the Debtors were authorized to use Cash Collateral in accordance with the Approved Budget, Final DIP Order ¶¶ O. b., O. c, 2, 22(a), and Wilmington Trust, as Prepetition Second Lien Collateral Agent, was granted adequate protection of its interest in the Collateral, including replacement liens on all of "the assets of the DIP ABL Loan Parties."

---

(e) all Documents relating to any Inventory;

(f) all books and records pertaining to the Collateral; and

(g) to the extent not otherwise included, all Proceeds, insurance claim, Supporting Obligations and products of any and all of the foregoing and all collateral security and guarantees given by any Person with respect to any of the foregoing.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief (the "Final DIP Order") [Dkt. No. 955].

## OBJECTION

7.     Wilmington Trust objects to payment of the amount requested pursuant to the Fee Statement because Debtors lack authority to use Cash Collateral to pay such amount.  See, Motion of Wilmington Trust, National Association, as Indenture Trustee and Collateral Agent to Prohibit or Condition Debtors' Continued Use of Collateral, including Cash Collateral.  [Dkt. No. 3050].

Dated: New York, New York
       April 12, 2019

                                                SEYFARTH SHAW LLP

                                                By:   /s/ *Edward M. Fox*
                                                      Edward M. Fox
                                                      *Attorneys for Wilmington Trust, National Association,*
                                                      *as indenture trustee and collateral agent*
                                                      620 Eighth Avenue
                                                      New York, NY  10018
                                                      Telephone:  (212) 218-4646

56217839v.1