WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
In re                                                        :
                                                             :   Chapter 11
SEARS HOLDINGS CORPORATION, et al.,                          :
                                                             :   Case No. 18-23538 (RDD)
                                                             :
                        Debtors.¹                            :   (Jointly Administered)
------------------------------------------------------------ x
```

# DEBTORS' OBJECTION TO MOTION OF
# DEDEAUX INLAND EMPIRE PROPERTIES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submit this objection in response to the motion filed by DeDeaux Inland Empire Properties (the "**Landlord**") dated March 28, 2019 (ECF No. 2980) (the "**Motion**"), and respectfully represent as follows:

## BACKGROUND

7. Beginning on October 15, 2018 and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in these chapter 11 cases.

9. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

10. The Debtors and Transform Holdco LLC ("**Transform**") entered into that certain asset purchase agreement, dated as of January 17, 2019 (as amended, the "**Asset Purchase Agreement**") for the sale of substantially all of the Debtors' assets (the "**Sale Transaction**").

11. On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in*

*Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507). The Sale Transaction closed on February 11, 2019.

12. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).

## THE MOTION

13. On October 20, 1993, the Landlord and Innovel Solutions, Inc. ("**Innovel**"), f/k/a Sears Logistics Services, Inc., entered into that certain lease (the "**Lease**") for the premises located at 5691 Philadelphia Avenue, Ontario, California 91761 (the "**Leased Premises**").

14. Under the Asset Purchase Agreement, Transform has 60 days after the closing to designate leases for assumption and assignment (the "**Designation Period**"). The Designation Period with respect to the Lease ends on April 12, 2019 — the date of the filing of this objection.

15. In the Motion, the Landlord seeks to compel the Debtors to assume and assign the Lease to Transform or, in the alternative, reject the Lease.[2] The Motion alleges that the Debtors are in default under the Lease for failure to maintain the overhead doors, dock ramps, levelers, and storm water channels (the "**Alleged Maintenance Defaults**"). The Landlord seeks alternative forms of relief as to the Alleged Maintenance Defaults. If the Lease is assumed, the Landlord seeks prompt payment to cure the Alleged Maintenance Defaults, which the Landlord estimates will cost approximately $400,000. *See* Motion, at ¶¶ 10, 25. If the Lease is rejected, the

---

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

Landlord seeks an administrative claim for the Alleged Maintenance Defaults and all amounts accrued and owing as of the rejection date. *See* Motion, at ¶ 24.

16. The Debtors respectfully request that the Motion be denied.

## **THE MOTION SHOULD BE DENIED**

**A.    The Landlord Cannot Rely on Section 365(d)(2) as Authority for the Relief Requested.**

17. As the Court has ruled previously, the Bankruptcy Code precludes the Landlord from seeking to shorten the Debtors' time to determine whether to assume, assume and assign, or reject the Lease. The Debtors are entitled to a reasonable period within which to determine how to treat all of the unexpired leases in their real estate portfolio, including the Lease.

18. Section 365(d)(2) of the Bankruptcy Code provides that a debtor "may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time prior to the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease." 11 U.S.C. § 365(d)(2).

19. It is uncontroverted that the Lease is for *nonresidential* real property. Accordingly, by its terms, section 365(d)(2) of the Bankruptcy Code does not apply to the Lease. *See In re Lippman*, 122 B.R. 206, 209 (Bankr. S.D.N.Y. 199) (noting that until the 1984 Bankruptcy Amendments, "leases of both residential and nonresidential real property were governed by [section 365(d)(2)]"); Allan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 365.05[4] (["Section 365(d)(2)] excludes leases of nonresidential real property."). As a result, a lease counterparty's prior ability to compel the assumption or rejection of a lease of nonresidential real property has been "legislatively overturned by the passage of § 365(d)(4)." *In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 292 n.27 (Bankr. S.D.N.Y. 2003).

4

20. This Court has already denied relief similar to the relief requested in this case as well as others. *See In re Sears Holdings Corp.*, Case No. 18023538 (RDD), January 18, 2019 Hr'g Tr. at 47:16-19 (Bankr. S.D.N.Y. 2019) (denying a landlord's motion to compel earlier rejection of a nonresidential real property lease); *In re Great Atlantic & Pacific Company, Inc.*, Case No. 10-24549 (RDD) ("**A&P**"). In A&P, this Court found, as it should here, that the Bankruptcy Code does not permit a motion to shorten the time frame for a debtor to assume or reject a non-residential real property lease. *See* A&P, May 18, 2011 Hr'g Tr. at 32, 14:19 (stating "it's clear to me that Congress did not mean to permit a lessor of nonresidential real property to have the right to compel a shortening of the time set forth in Section 365(d)(4) to assume or reject, although of course, the debtor has the burden of showing cause for an extension of that time."). Accordingly, both the Bankruptcy Code and the controlling case law make it patently clear that the Landlord cannot utilize section 365(d)(2) of the Bankruptcy Code to provide an earlier deadline than provided under section 365(d)(4) of the Bankruptcy Code.

**B.    Motion Will Largely Be Moot By the Hearing Date**

21. The Motion is also premature, given that the Designation Period ends on the date hereof. The Debtors expect that Transform is going to designate the lease for assumption and assignment. If Transform does so, the Alleged Maintenance Defaults will have to be cured by Transform. And, as reflected in the proposed order attached to the Motion, Transform and the Landlord will have to negotiate the cure amount. In any event, by the time of the hearing to be conducted on April 18, 2019 with respect to the Motion, the Landlord will have already received the primary relief requested in the Motion, namely a decision regarding assumption or rejection of the Lease.

## **CONCLUSION**

22. For the foregoing reasons, Debtors respectfully request that the Court deny the Motion.

Dated: April 12, 2019
      New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh
Jessica Liou

*Attorneys for Debtors
and Debtors in Possession*