**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SEARS HOLDINGS CORPORATION,** *et al.*,<br><br>                    **Debtors.** | **Chapter 11**<br><br>**Case No. 18-23538 (RDD)**<br><br>**(Jointly Administered)** |

## CLASS REPRESENTATIVES' MOTION TO EXTEND APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 23 TO CLASS PROOFS OF CLAIM

Nina and Gerald Greene (the "Class Representatives"), on behalf of themselves and on behalf of the Classes (defined herein), hereby respectfully move this Court, pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014, for entry of an order authorizing the application of Federal Rule of Civil Procedure 23 to the Class Proofs of Claim filed by the Class Representatives against Debtors Sears Holdings Corporation (Case No. 18-23538), Sears, Roebuck and Co. (Case No. 18-23537), and Sears Protection Company (Case No. 18-23558).

## I.    INTRODUCTION

In 2015, Class Representatives filed an action against Sears in the Northern District of Illinois, alleging deceptive business practices engaged in by Sears, who for many years have sold expensive "repair or replace" Master Protection Agreements ("MPAs") for appliances they knew they had no intention of repairing or replacing.  Class Representatives asserted claims for breach of contract and unjust enrichment, as well as violation of consumer protection laws.  Prior to Sears' bankruptcy filing, two Classes were certified, consisting of individuals who purchased aftermarket MPAs on non-covered products and have not received a full refund.  *See infra* Section III.B. (setting forth Class definitions).

On April 5, 2019, Class Representatives, on behalf of themselves and the Classes, filed Proofs of Claim against Sears, Roebuck and Co., Sears Protection Company, and Sears Holdings Corporation.  *See* Claim Nos. 14323, 14256, and 14252 (collectively, the "Class Proofs of Claim").[1]

Pursuant to Bankruptcy Rule 9014, Class Representatives now move for an order authorizing the application of Bankruptcy Rule 7023 and Rule 23 to the Class Proofs of Claim. Class treatment of these claims is appropriate because, as the Northern District of Illinois previously found, the Classes meet all of the requirements for certification set forth in Rule 23. Further, given that a large number of Class members likely have not received notice of the applicable Bar Date, class treatment is the only way to ensure that all such Class members' rights are adequately protected.  Because the instant Motion has been timely filed and because Sears has long been aware of the existence of the Classes' claims, no undue delay, surprise, or disruption to the administration of the case exists.  Rather, extending Rule 23 to the Class Proofs of Claim would promote efficiency and serve the bankruptcy goals of bringing all claims forward, ensuring creditor compensation, and promoting equality of distribution.

## II.    JURISDICTION AND VENUE

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory bases for the relief requested herein are Federal Rule of Civil Procedure 23 and Federal Rules of Bankruptcy Procedure 7023 and 9014.

---

[1]     The Class Proofs of Claim are attached hereto as Exhibits A, B, and C.  Each of the Class Proofs of Claim include an identical Addendum and set of Exhibits numbered 1 through 5, which are referred to and cited herein as the "Proof of Claim Exhibits."

2

### III.    BACKGROUND

#### A.    The Class Action

On March 25, 2015, Class Representatives filed a Class Action Complaint against Sears

Protection Company ("SPC"), Sears, Roebuck and Co. ("SRC"), and Sears Holdings Corporation

("SHC," and, together with SPC and SRC, collectively, "Sears") in the United States District

Court for the Northern District of Illinois (the "Illinois District Court"), styled *Greene v. Sears*

*Protection Company, et al.*, Case No. 1:15-cv-02546 (the "Class Action").  On March 11, 2016,

Class Representatives filed a First Amended Class Action Complaint (the "Amended

Complaint"), which is the operative complaint in the Class Action.  *See* Proof of Claim Exhibit

1, Amended Complaint.[2]

The Amended Complaint asserts claims against SPC, SRC, and SHC for breach of

express contract, unjust enrichment, violation of the Illinois Consumer Fraud Act, and violation

of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  On March 27, 2017,

Judge Jorge L. Alonso of the Illinois District Court issued a Memorandum Opinion and Order

which (i) dismissed all claims against SHC, and (ii) dismissed the Illinois Consumer Fraud Act

claim against SPC and SRC.[3]  *See* Proof of Claim Exhibit 2, March 27, 2017 Memorandum

Opinion and Order.

The Classes' breach of contract, unjust enrichment, and consumer fraud claims against

Sears are based on Sears' longstanding practice of selling Master Protection Agreement

("MPA") coverage on appliances which, unbeknownst to the public, Sears had internally

identified as ineligible for service and had no intention of actually repairing or replacing.  As

described in the Amended Complaint, MPAs are purportedly intended to provide repair and

---

[2]    A true and correct copy of the Class Action docket is also attached hereto as Exhibit D.
[3]    Class Representatives do not waive any appeal rights they have in connection with their claims against SHC or their Illinois Consumer Fraud Act claim.

3

replacement coverage for products in customers' homes, but, after paying for many years of MPA coverage, Class Representatives discovered that many of their products were not actually eligible for coverage.[4]

**B.    The Certified Classes**

On July 28, 2017, Class Representatives moved for certification of two classes pursuant to Federal Rule of Civil Procedure 23.  *See* Exhibit E, Plaintiffs' Renewed Motion for Class Certification (the "Certification Motion").[5]  On March 8, 2018, Magistrate Judge Michael T. Mason of the Illinois District Court issued his Report and Recommendation recommending that Class Representatives' motion for class certification be granted.  On June 25, 2018, Judge Alonso issued a Memorandum Opinion and Order in which he agreed with Magistrate Judge Mason's recommendation, but modified the class period for the Nationwide Class (defined below).[6]  *See* Proof of Claim Exhibit 3, June 25, 2018 Memorandum Opinion and Order.[7]  In a subsequent order dated August 29, 2018, Judge Alonso also modified the class period for the Pennsylvania Class (defined below).  *See* Proof of Claim Exhibit 4, August 29, 2018 Minute Entry.

---

[4]    Class Representatives entered into eleven different MPAs with Sears between 1999 and 2014.  Copies of Class Representatives' MPAs are attached to the Amended Complaint.  *See* Proof of Claim Exhibit 1.

[5]    The evidence and arguments set forth in the Certification Motion are incorporated herein by reference in further support of the instant Motion.  The Certification Motion included several exhibits which were filed under seal because they had been designated as "Confidential" pursuant to the protective order in the Class Action.  Accordingly, Exhibit E hereto does not include copies of the confidential exhibits that were filed under seal.  However, Class Representatives shall make these documents available upon request to the Court or the Debtors.

[6]    Sears sought permission from the Seventh Circuit to appeal the Illinois District Court's June 25, 2018 Order, which the Seventh Circuit denied on August 21, 2018.  *See* Exhibit D, Docket Entry No. 211.

[7]    Judge Alonso's June 25, 2018 Memorandum Opinion and Order is also available on Westlaw: *Greene v. Sears Protection Co.*, 2018 WL 3104300 (N.D. Ill. June 25, 2018).

With respect to the breach of contract and unjust enrichment claims, the following nationwide class has been certified:

> All individuals and entities who paid for aftermarket MPAs on March 25, 2005 to the present (including post-point-of-sale purchases of coverage, purchases of coverage for products bought from a retailer other than Sears, and/or subsequent renewals of coverage) for products which were not covered by nor eligible for coverage under the MPA, and did not receive a full refund.

(the "Nationwide Class").  *See* Proof of Claim Exhibit 3, Memorandum Opinion and Order, p. 9.

With respect to the Pennsylvania Unfair Trade Practices and Consumer Protection Law claim, the following Pennsylvania-only class has been certified:

> All residents of Pennsylvania who paid for aftermarket MPAs on March 25, 2009 to the present (including post-point-of-sale purchases of coverage, purchases of coverage for products bought from a retailer other than Sears, and/or subsequent renewals of coverage) for products which were not covered by nor eligible for coverage under the MPA, and did not receive a full refund.

(the "Pennsylvania Class").[8]  *See id.*, pp. 9-10; Proof of Claim Exhibit 4, Minute Entry.

In connection with class certification, Class Representatives' damages expert Christopher Jackman determined that a standard and reliable methodology exists that would enable him to measure damages across the Classes, using data and information in Sears' possession.  *See* Proof of Claim Exhibit 5, Expert Report of Christopher Jackman.[9]  Specifically, Mr. Jackman determined that, using historical versions of Sears' "Eligible Brands List" as well as other information contained in Sears' databases, he could create MPA datasets identifying products that were included as part of an aftermarket MPA sold by Sears but were not actually eligible for coverage.  He could then determine the prices paid by customers for that MPA coverage, factoring in any refunds or credits received as necessary.  Mr. Jackman's methodology is

---

[8]     The Nationwide Class and Pennsylvania Class are referred to herein, collectively, as the "Classes."
[9]     The Illinois District Court denied Sears' motion to exclude Mr. Jackman's report.  *See* Proof of Claim Exhibit 3, June 25, 2018 Memorandum Opinion and Order, pp. 3-6.

premised not only on documents produced during discovery, but also upon the existence of certain data contained in various Sears' databases, about which Sears' employees testified during discovery.  *See* Proof of Claim Exhibit 5, Jackman Report, pp. 6-8.  With access to that information, Mr. Jackman determined that damages across the Classes could be measured without resorting to individualized inquiry.

C.    **The Class Proofs of Claim**

On October 15, 2018, Sears and its affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, as a result of which the Class Action was automatically stayed pursuant to Section 362(a) of the Bankruptcy Code.  At the time of the bankruptcy filing, Class Representatives were in the process of developing a proposed class notice plan for the Illinois District Court's approval,[10] but that process was not completed as a result of the automatic stay.

By Order dated February 22, 2019, the Court set a General Bar Date of April 10, 2019 for the filing of claims against the Debtors.  *See* ECF No. 2676.

On April 5, 2019, Class Representatives, on behalf of themselves and the Classes, filed Proofs of Claim against SRC, SPC, and SHC (collectively, the "Class Proofs of Claim").  *See* Exhibit A, Claim No. 14323, Proof of Claim against Sears, Roebuck and Co.; Exhibit B, Claim No. 14256, Proof of Claim against Sears Protection Company; and Exhibit C, Claim No. 14252, Proof of Claim against Sears Holdings Corporation.

---

[10]    *See* Exhibit D, Docket Entry No. 222 ("Parties shall submit their proposed class notice by 10/19/18.").

IV.    **STANDARDS OF REVIEW**

A.    **Class Actions Generally**

Class actions in federal court are governed by Rule 23 of the Federal Rules of Civil

Procedure.  In order to maintain a class action under Rule 23, the class must satisfy the 4

requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy – as well as

meet one of the three conditions of Rule 23(b).  *See* FED. R. CIV. P. 23(a)-(b).  Under Rule

23(b)(3), common questions of law or fact must "predominate over any questions affecting only

individual [class] members" and the class action must be "superior to other available methods"

of adjudicating the controversy fairly and efficiently.  FED. R. CIV. P. 23(b)(3).

B.    **Class Proofs of Claim**

Class proofs of claim are permissible in bankruptcy proceedings.  *See, e.g.*, *In re Ephedra

Prods. Liab. Litig.*, 329 B.R. 1, 4-5 (S.D.N.Y. 2005) (adopting approach set forth in *Matter of

Am. Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988), which held that class proofs of claim may be

allowed at the discretion of the bankruptcy court); *In re Woodward & Lothrop Holdings, Inc.*,

205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997); *see also Gentry v. Siegel*, 668 F.3d 83, 91 (4th Cir.

2012) ("In construing the Bankruptcy Rules to permit the filing of a class proof[] of claim, we

join the vast majority of other courts that have considered the issue.").  "The legislative history

of the Bankruptcy Code supports the conclusion that class proofs of claim are valid," because

"[w]hile the legislative history is silent on the specific issue, it evinces a congressional intent to

open bankruptcy proceedings to the widest possible range of 'players.'"  *In re Charter Co.*, 876

F.2d 866, 870 (11th Cir. 1989).

"The right to proceed as a class claim, however, is not automatic."  *Woodward & Lothrop

Holdings*, 205 B.R. at 369.  The Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") distinguish between "adversary proceedings" (which are governed by Part VII of the

7

Bankruptcy Rules, including Bankruptcy Rule 7023) and "contested matters" (which are governed by Bankruptcy Rule 9014).[11]  Bankruptcy Rule 7023 provides that Rule 23 is applicable in adversary proceedings.  *See* FED. R. BANKR. P. 7023.  Bankruptcy Rule 9014, which applies to contested matters, lists certain of the adversary-proceeding rules that automatically apply in contested matters, but Rule 7023 is not among those listed.  *See* FED. R. BANKR. P. 9014(c).  However, Bankruptcy Rule 9014 goes on to provide that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." *Id.*  This provision of Bankruptcy Rule 9014 therefore contemplates the application of Bankruptcy Rule 7023 and Rule 23 to a contested matter, at the discretion of the bankruptcy court.

Thus, "[i]n a contested matter, the party seeking to rely on Rule 23 must file a motion under [Bankruptcy] Rule 9014."  *In re Dynegy, Inc.*, 770 F.3d 1064, 1069 (2d Cir. 2014); *see also Ephedra Prods. Liab. Litig.*, 329 B.R. at 5 ("Rule 23 may be invoked against the debtor only if the bankruptcy court first makes a discretionary ruling under Rule 9014 to apply Rule 23 to the proof of claim.").

Courts consider the following factors in determining whether to extend application of Rule 23 to a proof of claim: 1) whether the class was certified pre-petition; 2) whether the members of the putative class received notice of the bar date; and 3) whether class certification will adversely affect the administration of the case.  *In re Musicland Holding Corp.*, 362 B.R.

---

[11]    "Adversary proceedings" are those in a bankruptcy case which fall within one of the categories defined in Bankruptcy Rule 7001 and are commenced by the filing of a complaint. *See* FED. R. BANKR. P. 7001 and 7003.  Other disputes brought before the bankruptcy court are considered "contested matters."  *See Ephedra Prods. Liab. Litig.*, 329 B.R. at 6 (*quoting* Advisory Committee Notes to FED. R. BANKR. P. 9014) ("Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter.").

644, 654 (Bankr. S.D.N.Y. 2007).[12]  "The first two considerations – pre-petition certification and notice of the bar date – are critical."  *Id.* at 655.  "The filing of a class proof of claim is consistent with the Bankruptcy Code generally in two principal situations: (i) where a class has been certified pre-petition by a non-bankruptcy court; and (ii) where there has been no actual or constructive notice to the class members of the bankruptcy case and Bar Date."  *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 620 (Bankr. S.D.N.Y. 2009), *aff'd*, 411 B.R. 142 (S.D.N.Y. 2009).

## V.    ARGUMENT

### 1.    The Classes Were Certified Pre-Petition

The first *Musicland* factor examines whether the classes were certified prior to the filing of the bankruptcy petition.  *Musicland*, 362 B.R. at 654.  Classes which have been certified pre-petition are the "best candidates" for a class proof of claim.  *Id.* (*citing In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 22 (Bankr. E.D. Pa. 1995)).

Here, the Classes were certified pre-petition.  The Illinois District Court – before which the Class Action proceeded for more than three years pre-petition – determined that each of the Classes met all of the requirements under Rule 23 for class certification, as discussed below.  *See* Proof of Claim Exhibit 3, June 25, 2018 Memorandum Opinion and Order; Proof of Claim Exhibit 4, August 29, 2018 Minute Entry.

### a.    Rule 23(a)(1) – Numerosity

The first requirement for maintaining a class action is that the class be "so numerous that joinder of all members is impracticable."  FED. R. CIV. P. 23(a)(1).  A plaintiff is not required to identify the exact number of class members at the class certification stage.  *Barnes v. Air Line Pilots Ass'n, Int'l*, 310 F.R.D. 551, 557 (N.D. Ill. 2015); *N.B. v. Hamos*, 26 F. Supp. 3d 756, 770

---

[12]    These factors are referred to herein as the "*Musicland* factors."

(N.D. Ill. 2014) (certifying class "defined in such a way that the number of class members is knowable even if presently unknown").

Here, the Class Representatives contend the evidence adduced in the Class Action points to a large estimate of potential members, numbering into the thousands.  *See* Exhibit E, Certification Motion, p. 10.  It would be impracticable and uneconomical to require thousands of purchasers of illusory MPA coverage to individually litigate their claims, for relatively small sums of money.  In connection with class certification, Sears did not contest that the numerosity element had been satisfied, and the Illinois District Court "agree[d] that this standard is met." *See* Proof of Claim Exhibit 3, June 25, 2018 Memorandum Opinion and Order, p. 10.

### b.    Rule 23(a)(2) – Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class" FED. R. CIV. P. 23(a)(2).  A common question exists "[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014).

Given Class Representatives' allegations that Sears sold MPA coverage to class members on products Sears did not intend to cover, a common question exists across the Classes as to whether MPA coverage sold by Sears on such products was illusory.[13]  "This is a 'common contention' that is 'capable of classwide resolution' because the 'determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'

---

[13]    Further common questions include: whether Sears' conduct constitutes a breach of the MPA agreements; whether Sears' conduct violates the UTPCPL; whether Sears has been unjustly enriched; and the damages to the class arising from Sears' conduct (as well as the appropriate measure of those damages).

Nothing more is required to satisfy Rule 23(a)(2)." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 673 (7th Cir. 2015) (*quoting Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

The Illinois District Court held:

[Class Representatives] demonstrate a commonality of issues consistent with their theory of breach, unjust enrichment, and consumer fraud.  Whether Sears sold policies for products that it did not and could not cover is a central question common to the class, and capable of proof at trial through common evidence. . . . [Class Representatives] point to evidence of a common course of conduct supporting claims applicable to the class, and propose a damages methodology applicable to the class that takes into account issues regarding the provision of repairs or something less than a full refund.  Because [Class Representatives'] claims raise common questions susceptible to common proof across the class, they meet this component of the Rule.

*See* Proof of Claim Exhibit 3, June 25, 2018 Memorandum Opinion and Order, pp. 11-12.

### c.    Rule 23(a)(3) – Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  FED. R. CIV. P. 23(a)(3).  "The issue of typicality is closely related to commonality and should be liberally construed."  *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 479 (N.D. Ill. 2009).  Typicality requires only that the claims of the class representatives be substantially similar to those of the class members.  *See Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (citation omitted) (plaintiff's claim considered typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory").

Class Representatives' and the Classes' claims arise out of the same course of conduct (*i.e.*, Sears' sale of illusory coverage on non-covered products), are based on the same legal theories, and will require the same kinds of evidence to prove.  As the Illinois District Court held, "[d]espite any factual variances in the products listed in the MPAs or going to the claimed

damages as a result of some repair, their claims have the same essential characteristics." *See* Proof of Claim Exhibit 3, June 25, 2018 Memorandum Opinion and Order, p. 13.  This is sufficient to satisfy Rule 23(a)(3)'s typicality requirement.  *Id.*

#### d.    Rule 23(a)(4) – Adequacy of Representation

Representative parties must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).  This inquiry assesses whether the named plaintiffs are adequate representatives of the class's interests, as well as the adequacy of proposed class counsel.  *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011).

In connection with class certification, Sears did not contest the adequacy of class counsel, but did argue that Class Representatives could not adequately represent the interests of the Classes due to the fact that Class Representatives received repairs and a partial refund on some (but not all) of their products.  The Illinois District Court rejected this argument, holding: "According to [Class Representatives], they . . . share an interest with the class in proving their claims and resulting damages.  This Court agrees.  That [Class Representatives] received a partial refund may affect their damages, but it does not exclude them from the class." *See* Proof of Claim Exhibit 3, June 25, 2018 Memorandum Opinion and Order, p. 14.

#### e.    Rule 23(b)(3) – Predominance and Superiority

Certification under Rule 23(b)(3) is appropriate where "the questions of law or fact common to class members predominate over any questions affecting only individual members" and the class action "is superior to other available methods" to adjudicate the controversy fairly and efficiently.  FED. R. CIV. P. 23(b)(3).

The predominance requirement is met when substantial common issues that can be resolved on a class-wide basis predominate.  *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 814-15 (7th Cir. 2012).  Here, Sears' course of conduct in selling MPAs for products

12

which were not actually covered are central issues that call for proof common to all members of both classes, and have resulted in damages which are "susceptible of measurement across the entire class."[14] *Suchanek*, 764 F.3d at 760 (*quoting Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013)).  For these reasons, the Illinois District Court found that the predominance requirement was satisfied.  *See* Proof of Claim Exhibit 3, June 25, 2018 Memorandum Opinion and Order, p. 15.

Rule 23's superiority requirement is also easily satisfied here.  Class members' interests in individually controlling prosecution or defense of separate actions are minimal, in light of the relatively small amount of money at stake for each illusory MPA sold by Sears.  "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997); *see also Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).[15]

The Classes thus meet all requirements of Rule 23.  The Illinois District Court's pre-petition certification of the Classes weighs heavily in favor of extending application of Rule 23 to the Class Proofs of Claim.  *Musicland*, 362 B.R. at 654; *see also In re Craft*, 321 B.R. 189, 198-99, 198 n.14 (Bankr. N.D. Tex. 2005) (class proof of claim filed by representative of already-certified class was appropriate, and "[a]bsent extraordinary circumstances, th[e] court will accept a prior judicial determination of Rule 23 issues"); *Sacred Heart*, 177 B.R. at 22 (class

---

[14]    Because there is a method through which damages can be estimated across the class (*see* Proof of Claim Exhibit 5, Jackman Report, Sections III.B, IV.B, and V.B), individualized issues relating to certain class member's damages do not defeat a finding of predominance or render class certification inappropriate. *See Mullins*, 795 F.3d at 671; *Schleicher v. Wendt*, 618 F.3d 679, 685 (7th Cir. 2010).

[15]    As discussed *infra* in Section IV.3, this policy "is also consistent with the goals of the bankruptcy statute." *Charter*, 876 F.2d at 871.

proofs of claim are particularly appropriate in situations where the class action was "filed a considerable time pre-petition and allowed to proceed as a class action in a nonbankruptcy forum").

### 2.    Application of Rule 23 is the Only Mechanism to Ensure that Class Members' Rights Are Protected

The second *Musicland* factor examines "whether the members of the putative class received notice of the bar date." *Musicland*, 362 B.R. at 654.  Situations in which there has been no actual or constructive notice to the class members of the bankruptcy case or the applicable bar date are particularly appropriate for class treatment. *Bally Total Fitness*, 402 B.R. at 620.

Constitutional due process requires that notice of any claims bar date "be fundamentally fair and reasonably calculated to apprise interested parties." *In re ATD Corp.*, 278 B.R. 758, 763 (Bankr. N.D. Ohio 2002), *aff'd*, 352 F.3d 1062 (6th Cir. 2003).  "Known" creditors are typically entitled to actual notice. *In re Drexel Burnham Lambert Group Inc.*, 151 B.R. 674, 680 (Bankr. S.D.N.Y. 1993), *aff'd*, 157 B.R. 532 (S.D.N.Y. 1993).  In the context of a class action, Rule 23 requires "the best notice that is practicable under the circumstances." FED. R. CIV. P. 23(c)(2)(B) (setting forth requirements for notice to Rule 23(b)(3) class members).

Claimants in a pre-petition class action may be considered "known" creditors of a debtor's bankruptcy estate. *See, e.g.*, *In re DDI Corp.*, 304 B.R. 626, 629 (Bankr. S.D.N.Y. 2004) ("[I]f a class was certified prior to the bar date, or the class action was commenced against the debtor prior to the petition date, the class may be a 'known creditor.'").  Here, the Classes are plainly known creditors, given that the Class Action had been ongoing in the Illinois District Court since 2015, that the Class Action was identified in SRC and SPC's schedules and

statements of financial affairs,[16] and that Sears provided notice of the General Bar Date to Class Representatives' counsel.

However, the individual members of the Classes are numerous and are located across the United States.  As a practical matter, it is likely that most Class members have not received actual notice of the General Bar Date, or perhaps even notice of Sears' bankruptcy cases. Indeed, because the post-certification class notice process in the Illinois District Court was interrupted as a result of the automatic bankruptcy stay, there are likely a great many members who are not even aware of the Class Action or their membership in the Classes.

The fact that not all members of the prepetition certified Classes have received sufficient notice weighs heavily in favor of applying Rule 23 to the Class Proofs of Claim.  *See In re Pacific Sunwear of Calif., Inc.*, 2016 WL 3564484, at *6 (Bankr. D. Del. June 22, 2016) (fact that "not all members of the prepetition certified class received sufficient notice . . . conclusively weigh[ed] in favor of applying [Bankruptcy] Rule 7023"); *In re Mortgage & Realty Trust*, 125 B.R. 575, 581 (Bankr. C.D. Cal. 1991) (where notice to potential class claimants "was not comprehensive enough to preserve the benefits of the class action device," class treatment of proof of claim was appropriate).

### 3.   Application of Rule 23 Will Serve the Goals of Bankruptcy Without Adversely Affecting Administration of the Bankruptcy Case

The third *Musicland* factor – whether class certification will adversely affect the administration of the case – often focuses on the timing of the motion.  *Musicland*, 362 B.R. at 654.  Timing concerns typically arise in situations where there has been undue delay in seeking

---

[16]   *See* ECF No. 1711, SRC Schedule E/F: Part 3, Question 1, Line No. 6657; ECF No. 1712, SRC Statement of Financial Affairs, Part 3, Question 7, No. 7.3,222; ECF No. 1647, SPC Schedule E/F, Part 2, Nos. 3.3 and 3.6; ECF No. 1648, SPC Statement of Financial Affairs, Part 3, Nos. 7.34 and 7.35.

application of Rule 23.  *See, e.g.*, *Ephedra Prods. Liab. Litig.*, 329 B.R. at 4-5 (motion not filed until after bar date had passed and plan had been submitted for a vote of creditors); *Woodward & Lothrop Holdings*, 205 B.R. at 370 (issue not raised until after debtor had sold all of its assets, confirmed a liquidating plan, and made distributions).

No such delay or concern exists here.  The claims administration process is ongoing, and the Class Proofs of Claim were filed on April 5, 2019, in advance of the General Bar Date. Moreover, the Classes' claims are no surprise to Sears, given that the parties have been litigating them in the Illinois District Court since 2015, and the Classes were certified pre-petition.  Sears also filed a notice of the automatic bankruptcy stay in the Class Action,[17] identified the Class Action in the schedules and statements of financial affairs filed by SRC and SPC, and have sent notices to Class Representatives' counsel.  Sears may dispute the merits of the Classes' claims, but there can be no doubt that the existence of those claims has long been known to Sears.

In *In re Pacific Sunwear of California*, the Bankruptcy Court for the District of Delaware addressed a case at a similar stage – *i.e.*, one in which the matter had been litigated for several years pre-petition, the class had been certified only two months before the bankruptcy filing, and the claimants filed their Rule 9014 motion in a timely manner – and held that, given the procedural posture and the debtors' awarenesss of the claims, "there [wa]s neither a laches argument nor a surprise element."  2016 WL 3564484, at *6.  The same reasoning applies here. Class Representatives have sought relief in a timely manner, and there is no element of surprise with respect to the existence and nature of the Classes' claims.

Two of the primary goals of the Bankruptcy Code are to ensure creditor compensation and to promote equality of distribution.  *See Charter*, 876 F.2d at 871; *Am. Reserve Corp.*, 840

---

[17]    *See* Exhibit D, Docket Entry No. 223.

F.2d at 489.  These goals can only be achieved if all of a debtor's claimants are given a meaningful opportunity to submit and present their claims.  Where claimants are unaware of the existence or validity of their claims, do not have the means or economic justification to investigate or argue such claims, or there are multiple claimants with similar claims in relatively small amounts, the application of Bankruptcy Rule 7023 and Rule 23 is the best method to achieve these critical bankruptcy goals.  *See id.* at 489-90; *In re CommonPoint Mortgage Co.*, 283 B.R. 469, 481 (Bankr. W.D. Mich. 2002); *In re Zenith Labs., Inc.*, 104 B.R. 659, 662-63 (D.N.J. 1989).

Here, the filing of the Class Proofs of Claim "will promote efficiency by placing potentially thousands of individual claims before the court in a single class claim with competent counsel representing the interests of the class." *Pacific Sunwear*, 2016 WL 3564484, at *6. Given Sears' knowledge of the Classes' claims and Class Representatives' lack of delay in filing the instant Motion, applying Rule 23 to the Class Proofs of Claim would not cause any substantial disruption to the administration of the case or prejudice to other parties.  *See In re Chateaugay Corp.*, 104 B.R. 626, 632 (S.D.N.Y. 1989) ("any potential marginal increase in delay or in difficulty of valuation of claims would be justified in order to protect the rights of small claimants . . . to be represented by the filing of a class proof of claim").  "Persons holding small claims, who absent class procedures might not prosecute them, are no less creditors under the Code than someone with a large, easily filed claim.  Applying Rule 23 to filing procedures will bring all claims forward, as contemplated by the Bankruptcy Code." *Charter*, 876 F.2d at 871.

## V.    CONCLUSION

Based on the foregoing facts and authorities, the Class Representatives respectfully

request that the Court grant the Motion and enter an Order authorizing the application of Federal

Rule of Civil Procedure 23 to the Class Proofs of Claim.


Dated:  April 11, 2019                          Respectfully submitted,


                                                 */s/ James P. Pagano*
                                                James P. Pagano, Esq.
                                                217 Broadway, Suite 603
                                                New York, NY 10007
                                                Tel: (212) 732-4740

                                                Deborah R. Gross, Esq.
                                                KAUFMAN, COREN & RESS, P.C.
                                                Two Commerce Square, Suite 3900
                                                2001 Market Street
                                                Philadelphia, PA 19103
                                                Tel: (215) 735-8700

                                                *Attorneys for Movants*