**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 18-23538 |
| SEARS HOLDINGS CORPORATION, *et* ) | |
| *al*, ) | |
| ) | **MOTION FOR RELIEF FROM STAY** |
| Debtor. ) | |

COMES NOW, Matt L. Bauer, by and through its undersigned counsel, and in support of this Motion for Relief from Stay, avers as follows:

## FACTS

1. Defendants Sears Roebuck & Co. & Kmart Corporation are Debtors and Debtors-in-possession in the Bankruptcy Court in and for the Southern District of New York, having filed Petitions for Relief on or about October 15, 2018.

2. On or about April 7, 2016, Matt L. Bauer was emptying a trash receptacle in the parking lot of Kmart located at 2105 South Frederick, in Oelwein, Fayette County, Iowa.

3. At said time and place, Matt L. Bauer fell due to conditions of the parking lot.

4. At all material times hereto, Defendant Kmart Corporation and/or Sears Roebuck & Co. were operating a business at 2105 South Frederick, in Oelwein, Fayette County, Iowa.

5. At all material times hereto, Defendant Sears Roebuck & Co. owned the property located at 2105 South Frederick, in Oelwein, Fayette County, Iowa.

6. On April 7, 2016, a date prior to the bankruptcy, Defendants Kmart Corporation and Sears Roebuck & Co. breached the duty to use reasonable care in the maintenance of their parking lots, to include:

   a. In failing to properly maintain their parking lots;
   b. In failing to warn of dangerous conditions; and
   c. In failing to act as a reasonably prudent business under the same or similar circumstances.

7. As a result of the aforesaid, Plaintiff sustained multiple injuries to his body and extremities, the full and complete extent of which are yet unknown.

8. As a result of Defendant Kmart Corporation and Sears Roebuck & Co.'s negligent acts and omissions, Plaintiff has suffered and continues to suffer the following harms and losses:

   a. Past medical expenses;
   b. Future medical expenses;
   c. Past pain and suffering;
   d. Future pain and suffering;
   e. Past loss of function and full use of his body;
   f. Future loss of function and full use of his body;
   g. Past loss of income;
   h. Future loss of income;
   i. Any other element of damages allowable under Iowa law not specifically set forth herein.

9. As a result of these actions, Matt L. Bauer caused to file a personal injury lawsuit in the Iowa District Court for Fayette County on April 4, 2018. See Exhibit 1.

10. As a consequence, Matt L. Bauer is a creditor of the bankruptcy estate, although his claim is unliquidated.

11. It is unknown at this time whether the Debtor and/or Debtor maintain a policy of insurance that contains coverage for bodily injury liability and property damage liability.

12. Matt L. Bauer desires to continue prosecuting a pending civil action against the Debtor and/or Insurance Carrier in state court for the purpose of attempting to liquidate the alleged claims against Debtors.

## AUTHORITY

13. The statutory relief is found at 11 U.S.C. § 362(d), which provides in pertinent part:

   On request of a party in interest, and after notice and hearing, the Court shall grant relief from the automatic stay provided under subsection (a) of this Section, such as by terminating, annulling, modifying or conditioning such stay –

> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1); See also, Fed. R. Bankr. Pro 4001, LR 4001-1.  Courts have found that "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *Izzarelli v. Rexene Prods.*, 141 B.R. 574, 576 (Del. Bankr.)

16. The Rexene Court has adopted a three prong analysis to determine if there is cause to grant relief from the automatic stay, to include: (1) any great prejudice to either the bankruptcy estate or the debtor will result from continuation of the civil suit, (2) the hardship to the injured by maintenance of the state considerably outweighs the hardship to the debtor, (3) the injured has the probability of prevailing on the merits.  Id.  All of these factors weigh in favor of permitting relief from the stay for Mr. Bauer.  Additionally, 28 U.S.C. § 157(b)(5) provides the personal injury cases shall be tried in the district court.

## REQUESTED RELIEF

17. Pursuant to 11 U.S.C. § 362(d)(1) the foregoing constitutes "cause" in the meaning of this section to modify the automatic stay to permit Matt L. Bauer to seek enforcement and recovery against the Debtor, property of the Debtor, or property of the Estate.

WHEREFORE, Matt L. Bauer prays that this Court grant the motion, granting him relief from the automatic stay to pursue his personal injury claim against Debtors in the Iowa District Court in and for Fayette County, Iowa: and for any further relief this Court deems just and equitable.

        Respectfully submitted,

        */s/ Robert C. Gainer*
        Robert C. Gainer
        CUTLER LAW FIRM, P.C.
        1307 50th Street
        West Des Moines, Iowa 50266
        (515) 223-6600
        rgainer@cutlerfirm.com

        ATTORNEYS FOR MATT L. BAUER

**Certificate of Service**

The undersigned hereby certifies that on April 9, 2019, the foregoing instrument was filed electronically with the Clerk of Court using the CM/ECF system which sent notification of such filing to all registered users party to this case.

        */s/ Courtney Bauman*