WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Scott K. Charles
Amy R. Wolf

*Former 327(e) Counsel for Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                         :
                                                               :      **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*:
                                                               :      Case No.  18-23538 (RDD)
                                                               :
        **Debtors.**[*]                                        :      (Jointly Administered)
------------------------------------------------------------- x

**WACHTELL, LIPTON, ROSEN & KATZ'S FIRST INTERIM AND FINAL FEE
APPLICATION FOR COMPENSATION EARNED FROM OCTOBER 15, 2018
THROUGH MARCH 18, 2019**

**Name of Applicant:**              Wachtell, Lipton, Rosen & Katz,
                                    Former Attorneys for Debtor and Debtor in Possession

---

[*]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| | |
|---|---|
| **Date of Retention:** | November 19, 2018 *nunc pro tunc* to October 15, 2018 |
| **Period for Which Fees and Expenses are Incurred:** | October 15, 2018 through and including March 18, 2019[†] |
| **Amount of Compensation Sought as Actual, Reasonable and Necessary:** | $873,185.00 |
| **Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary:** | $ 12,832.82 |
| **Total Fees and Expenses Due:** | $886,017.82 |
| **This is a** | __ Monthly  _X_  Interim  _X_  Final Fee Application |

**Summary of Monthly Applications for Application Period**

| Date Filed/ECF No. | Application Period | Requested Fees (100%) | Fees Allowed (80%)[‡] | Requested Expenses | Expenses Allowed (100%)[‡] | Fee Holdback (20%) |
|---|---|---|---|---|---|---|
| 1/16/2019 ECF No. 1590 | 10/15/18 – 12/31/18 | $463,657.50 | $370,926.00 | $5,361.16 | $5,361.16 | $92,731.50 |
| 4/8/2019 ECF No. 2592 | 1/1/19- 3/18/19 | $409,527.50 | $327,622.00 | $7,471.66 | $7,471.66 | $81,905.50 |
| Totals: | | $873,185.00 | $698,548.00 | $12,832.82 | $12,832.82 | $174,637.00 |

---

[†] On March 18, 2019, the Court granted WLRK leave to withdraw as counsel to the Debtors pursuant to the *Order Authorizing Wachtell, Lipton, Rosen & Katz to Withdraw as Special Counsel to the Debtors Pursuant to Local Rule 2090-1* [ECF No. 2860].

[‡] With respect to ECF No. 2592, the objection deadline of April 23, 2019 has not yet occurred. Accordingly, the amounts set forth as allowed with respect to such filing are the amounts expected to be allowed in accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796].

-2-

**Preliminary Statement**

In accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796] (the "<u>Interim Compensation Order</u>"),§ Wachtell, Lipton, Rosen & Katz ("<u>WLRK</u>") hereby submits this interim and final fee application (the "<u>First Interim and Final Fee Application</u>"), seeking compensation for services rendered and reimbursement of expenses incurred as section 327(e) counsel to the Debtors, for the period from October 15, 2018 through March 18, 2019 (the "<u>First Interim and Final Fee Period</u>").** By this First Interim and Final Fee Application, WLRK seeks allowance of its fees in the amount of $886,017.82, which comprises (i) $873,185.00, which represents compensation sought for actual and necessary services rendered during the First Interim Fee Period and (ii) reimbursement of $12,832.82, which represents one hundred percent (100%) of actual and necessary expenses incurred in connection with such services. In support of its request, WLRK states as follows:

**Background**

1.  Beginning on October 15, 2018 (the "<u>Commencement Date</u>") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

---

§ Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.
** The Interim Compensation Order requires periodic submission of Interim Fee Applications. As described *infra*, on March 18, 2019, this Court granted WLRK leave to withdraw as counsel to the Debtors and required WLRK to file a final fee application within sixty days. In the interest of judicial economy, WLRK is submitting this Application as an Interim and Final Fee Application in order to cover the entirety of WLRK's services on behalf of the Debtors through March 18, 2019.

-3-

2. On October 29, 2018, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Wachtell, Lipton, Rosen & Katz as Special Counsel for the Debtors Nunc Pro Tunc to the Commencement Date* [ECF No. 357], as supplemented by certain supplemental filings on November 8, 2018 [ECF No. 533] (the "Application"). As set forth in the Application and its accompanying declarations (the "Declarations"), WLRK had represented the Debtors prior to the filing of these cases with respect to various matters (the "Wachtell Matters"), including structuring asset sales and other disposition transactions, real estate matters, advising on various financing transactions, negotiating agreements with the Pension Benefit Guaranty Corporation, and advising on significant litigation matters, including the CCAA proceeding for Sears Canada Inc. The Debtors made the application to retain WLRK in order to take advantage of WLRK's knowledge and expertise regarding those historical matters. The Debtors did not seek to employ WLRK as general or special bankruptcy counsel, or for WLRK to advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.

3. On November 19, 2018, this Court granted the Application *nunc pro tunc* to the Commencement Date [ECF No. 813]. The Court's retention order approved the terms of WLRK's fee and expense structure set forth in the October Application, subject to the Bankruptcy Code, Bankruptcy Rules, Local Rules, Fee Guidelines, Interim Compensation Order, and other applicable orders of the Court. WLRK subsequently provided certain services to the Debtors. These services related primarily to the disposition of the Debtors' assets, case administration, claims administration and objections, corporate governance, employee benefits and pensions, and real estate.

4. On March 18, 2019, the Court granted WLRK leave to withdraw as counsel to the Debtors pursuant to the Order Authorizing Wachtell, Lipton, Rosen & Katz to

Withdraw as Special Counsel to the Debtors Pursuant to Local Rule 2090-1 [ECF No. 2860]. The order provided for WLRK to submit interim fee applications for periods prior to the withdrawal date in accordance with the Interim Compensation Order, and a final fee application within sixty days of the entry of the order.

### Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Statutory Basis

6.      Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016 are the statutory predicates to the relief sought by this Application.

### Billing Practices

7.      WLRK is seeking compensation for its services in accordance with its customary practices and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules, Interim Compensation Order, and Fee Guidelines.  In those matters in which WLRK charges clients on an hourly basis, WLRK charges based on the actual hours expended to perform its services, at standard hourly rates established for each professional, which hourly rates are subject to annual adjustment.  In addition to the hourly billing rates of each professional, WLRK customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, messengers, courier mail, overtime, overtime meals, late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, computer research, and similar items.

8.  WLRK maintains contemporaneous records of the time expended and the out-of-pocket expenses incurred in support of its billings for services.

9.  By this First Interim and Final Fee Application, WLRK seeks the allowance of its compensation and expenses in full, and payment of $174,637.00, reflecting the amounts withheld (or, with respect to the application filed April 8, 2019 [ECF No. 2592], expected to be withheld) from its prior Monthly Fee Applications (*i.e.,.* 20% of the fees incurred).

10. A copy of the itemized time and expense records corresponding to the above amounts were attached to the applications filed January 16, 2019 [ECF No. 1590] and April 8, 2019 [ECF No. 2592].  These records are summarized below.

11. Pursuant to the Local Guidelines,[††] WLRK has classified all services performed for which compensation is sought for the period into one of several major categories. WLRK attempted to place the services performed in the category that best relates to the service provided.  Because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category.  Attached as Exhibit C is a summary of the services rendered and compensation sought, by project category, for the First Interim and Final Fee Period.  Each project category comprised the following matters:

**A.     Asset Disposition**

12. Time billed to this category relates to (1) the conduct of inventory liquidation sales at stores the company decided to close, together with various ancillary matters; (2) matters implicated by the Debtors' sale process for substantially all of their assets; and (3)

---

[††] *The Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases,* dated January 29, 2013.

-6-

other potential dispositions of certain estate property, as to which WLRK had particular expertise and/or specialized knowledge.

        Fees:  $564,170.00                              Hours: 439.01

**B.**    **Business Operations**

13.    The *de minimis* time in this category relates to miscellaneous tasks occurring in the early portion of the case related to the continued operation of the Debtors' business.

        Fees:  $940.00                              Hours: .90

**C.**    **Case Administration**

14.    Time billed to this category relates to administration of these cases not otherwise classified in another category. Because of its limited role as section 327(e) counsel, WLRK for the most part refrained from incurring time to generally follow the course of the proceedings. The time in this category relates to review of correspondence, pleadings, and other papers filed in the bankruptcy cases, and attendance at the first day hearings.

        Fees:  $42,975.00                              Hours: 34.50

**D.**    **Claims Administration and Objections**

15.    Time billed to this category relates to advice provided by WLRK in connection with certain potential claims as to which WLRK had particular expertise and specialized knowledge. Such potential claims included claims arising out of the foreign bankruptcy proceeding of Sears Canada Inc., and claims asserted by the Pension Benefit Guaranty Corporation ("PBGC") relating to the Debtors' pension plans and certain associated agreements.

        Fees:  $48,845.00                              Hours: 37.30

E. **Corporate Governance**

16. Time billed to this category relates to advice provided by WLRK in connection with corporate governance matters, as to which WLRK had particular expertise and specialized knowledge.

    Fees: $15,670.00          Hours: 10.60

F. **Employee Benefits and Pensions**

17. Time billed to this category relates to advice provided by WLRK related to the interpretation of certain agreements with the PBGC relating to the Debtors' pension plans as to which WLRK had particular expertise and specialized knowledge.

    Fees: $23,822.50          Hours: 17.50

G. **Real Estate**

18. Time billed to this category relates to advice provided by WLRK in connection with certain real estate matters, including real estate matters related to a particular property as to which WLRK had particular expertise and specialized knowledge.

    Fees: $101,240.00          Hours: 81.00

H. **Financing and Cash Collateral**

19. Time billed to this category relates to advice provided by WLRK in connection with the DIP financing facility and related matters, as to which WLRK had particular expertise and specialized knowledge.

    Fees: $28,847.50          Hours: 27.90

**I.    Employment and Fee Applications**

20. Time billed to this category relates to the preparation of WLRK's retention application, monthly fee statements, and motion for leave to withdraw as section 327(e) counsel to the Debtors.

    Fees: $46,675.00          Hours: 41.80

\* \* \*

21. Exhibit B sets forth a timekeeper summary of WLRK's professionals by individual, setting forth the (i) name, title, and department of each individual who provided services in connection with the Chapter 11 Cases during the First Interim and Final Fee Period, (ii) aggregate hours spent by each individual, (iii) hourly billing rate for each such individual at WLRK's then current billing rates, (iv) amount of fees earned by each WLRK professional, and (v) the year of bar admission for each attorney. The blended hourly billing rate of WLRK attorneys during the First Interim and Final Fee Period is approximately $1,287.93. The blended hourly rate of paralegals during the First Interim and Final Fee Period is approximately $250.40.

22. Exhibit D sets forth a summary of the out-of-pocket expenses occurred by WLRK in connection with this representation, broken out by category.

**The Requested Compensation Should Be Allowed**

23. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses."

18-23538-rdd    Doc 3185    Filed 04/12/19    Entered 04/12/19 19:53:41    Main Document
Pg 10 of 20

11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to a[] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

24. WLRK respectfully submits that the services which it performed were necessary for and beneficial to the Debtors and their estates. WLRK further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors. WLRK conscientiously avoided incurring any time charges beyond its limited role as section 327(e) counsel related to matters as to which it had historical knowledge or specialized expertise. For these reasons, the amount of fees and expenses requested by WLRK are fair and reasonable given: (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under the Bankruptcy Code, in accordance with

the factors enumerated in section 330 of the Bankruptcy Code. Accordingly, the approval of the compensation sought herein is warranted.

## Certification

25. A Certification of Amy R. Wolf is attached as <u>Exhibit A</u> and made part of this Application.

## Notice and Objection Procedures

26. Notice of this Application will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures* [ECF No. 405] (the "<u>Amended Case Management Order</u>"). WLRK respectfully submits that no further notice is required.

27. No previous request for the relief sought herein has been made by WLRK to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: April 12, 2019<br>New York, New York | /s/ Amy R. Wolf<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, New York  10019<br>Telephone:  (212) 403-1000<br>Facsimile:  (212) 403-2000<br>Scott K. Charles<br>Amy R. Wolf<br><br>*Former 327(e) Counsel for Debtors and Debtors in Possession* |

## EXHIBIT A

**Certification**

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
Scott K. Charles
Amy R. Wolf

*Former 327(e) Counsel for Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                                           :
                                                                 :   Chapter 11
**SEARS HOLDINGS CORPORATION,** *et al.* :
                                                                 :   Case No. 18-23538 (RDD)
                                                                 :
Debtors.‡‡                                                       :   (Jointly Administered)
---------------------------------------------------------------- x

## CERTIFICATION OF AMY R. WOLF IN SUPPORT OF WACHTELL, LIPTON, ROSEN & KATZ'S FIRST INTERIM AND FINAL FEE APPLICATION FOR COMPENSATION EARNED FROM OCTOBER 15, 2018 THROUGH MARCH 18, 2019

---

‡‡   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

-1-

I, Amy R. Wolf, under penalty of perjury, certify as follows:

1. I am of counsel to the firm of Wachtell, Lipton, Rosen & Katz ("WLRK"), a law firm whose offices are located at 51 West 52nd Street, New York, NY 10019. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This Certification is made in connection with Wachtell's April 12, 2019 application for interim and final compensation and reimbursement of expenses for the period commencing October 15, 2018 through and including March 18, 2019 (the "Application").[§§]

3. Pursuant to section B(1) of the Local Guidelines, I certify that:

    a. I have read the Application;

    b. To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

    c. The fees and disbursements sought are billed at rates in accordance with those customarily charged by clients of WLRK being billed on an hourly basis and generally accepted by WLRK's clients; and

    d. In providing a reimbursable service, WLRK does not make a profit on that service, whether the service is performed by WLRK in-house or through a third party.

4. Pursuant to section B(2) of the Local Guidelines, and as required by the Interim Compensation Order, I certify that WLRK has complied with provisions requiring it to provide the Notice Parties (as defined by the Interim Compensation Order) with a statement of WLRK's fees and disbursements accrued during the previous month, in addition to publicly filing such statements as required by the Interim Compensation Order.

---

[§§] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

5.        Pursuant to section B(3) of the Local Guidelines, I certify that the Notice Parties will be served with a copy of this Application, as will all parties required to receive notice under the Amended Case Management Order.

In accordance with the UST Guidelines, WLRK responds to the questions identified therein as follows:

Question 1: Did WLRK agree to any variations from, or alternatives to, WLRK's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Compensation Period? If so, please explain.

Answer:  No. For clients of WLRK that are billed on an hourly basis, no variations from, or alternatives to, the standard or customary billing rates, fees, or terms were made.

Question 2:  Are the fees sought in the Application higher by 10% or more as compared to the fees budgeted for the Compensation Period? If so, did WLRK discuss the reasons for the variation with the client?

Answer:  No.

Question 3:  Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

Answer:  No.

Question 4:  Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

Answer:  No.

Question 5:  Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer: No.

Question 6:  Does the Application include any rate increases since WLRK's retention in this case? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases?

-3-

<u>Answer</u>: Yes.  The Debtors were advised that WLRK adjusts its billing rates annually.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed this 12th day of April, 2019

_____
Amy R. Wolf
Of Counsel
Wachtell, Lipton, Rosen & Katz

## EXHIBIT B

### TIMEKEEPER SUMMARY OF WLRK FOR SERVICES RENDERED DURING THE FIRST INTERIM AND FINAL FEE PERIOD

| NAME OF PROFESSIONAL: | DEPARTMENT*** | YEAR ADMITTED ††† | HOURLY RATE‡‡‡ | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Neff, Daniel A. (Partner) | CORP | 1978 | $1,400.00 | 0.60 | $840.00 |
| Charles, Scott K. (Partner) | REFI | 1985 | $1,500.00 | 396.60 | $573,780.00 |
| Silk, David M. (Partner) | CORP | 1989 | $1,500.00 | 5.50 | $8,250.00 |
| Panovka, Robin (Partner) | RE M&A | 1993 | $1,500.00 | 16.00 | $22,900.00 |
| Rowe, Paul K. (Of Counsel) | LIT | 1980 | $1,400.00 | 1.00 | $1,400.00 |
| Wolf, Amy R. (Of Counsel) | REFI | 1980 | $1,400.00 | 27.40 | $37,440.00 |
| Chen, Dianna (Counsel) | RE M&A | 2000 | $975.00 | 10.25 | $9,993.75 |
| Koenig, Mark A. (Counsel) | RE M&A | 2001 | $975.00 | 1.00 | $975.00 |
| Adlerstein, David M. (Counsel) | CORP | 2003 | $1,000.00 | 1.70 | $1,700.00 |
| Snyder, Neil M. (Counsel) | REFI | 2012 | $1,100.00 | 203.90 | $202,030.00 |
| Ross, Richard M. (Associate) | RE M&A | 1970 | $850.00 | 2.60 | $2,210.00 |
| Chatani, Neil K. (Associate) | REFI | 2012 | $925.00 | 8.40 | $7,770.00 |
| Roccisano, Suzanne (Paralegal) | RE M&A | N/A | $275.00 | 0.25 | $68.75 |
| Gabriele, Hillary R. (Paralegal) | LIT | N/A | $250.00 | 9.11 | $2,277.50 |
| Zylich, Aimee K. (Paralegal) | LIT | N/A | $250.00 | 6.20 | $1,550.00 |
| **Total Professionals:** | | | | **690.51** | **$873,185.00** |

| PROFESSIONALS TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Attorneys (Partners, Counsel, and Associates) | $1,287.93 | 674.95 | $869,288.75 |
| Paraprofessionals and other non-legal staff | $250.40 | 15.56 | $3,896.25 |
| **Total Fees Incurred** | | **690.51** | **$873,185.00** |

---

*** REFI – Restructuring & Finance ; CORP – Corporate; RE M&A – Real Estate M&A; LIT – Litigation
††† To the bar of the State of New York unless otherwise noted.
‡‡‡ The hourly billing rates of Scott Charles, Robin Panovka, and Amy Wolf, increased by $100.00 on January 1, 2019. Neil Snyder's hourly billing rate increased by $175.00 on January 1, 2019. Only their final hourly billing rates are listed here.

# EXHIBIT C

## SUMMARY BY PROJECT CATEGORY FOR THE
## FIRST INTERIM AND FINAL FEE PERIOD

| Project Category | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| Asset Disposition (002) | 439.01 | $ 564,170.00 |
| Business Operations (006) | 0.90 | $ 940.00 |
| Case Administration (007) | 34.50 | $ 42,975.00 |
| Claims Administration and Objections (008) | 37.30 | $ 48,845.00 |
| Corporate Governance (009) | 10.60 | $ 15,670.00 |
| Employee Benefits and Pensions (010) | 17.50 | $ 23,822.50 |
| Employment and Fee Applications (011) | 41.80 | $ 46,675.00 |
| Financing and Cash Collateral (013) | 27.90 | $ 28,847.50 |
| Real Estate (018) | 81.00 | $ 101,240.00 |
| **Total Fees Incurred** | **690.51** | **$ 873,185.00** |

# EXHIBIT D

## EXPENSE SUMMARY FOR THE FIRST INTERIM AND FINAL FEE PERIOD

| EXPENSES | | AMOUNTS |
|---|---|---:|
| Duplicating | $ | 285.00 |
| Duplicating – Color | $ | 1,491.00 |
| Duplicating/Velobinding/Tab | $ | 82.00 |
| Library – Westlaw Recovery | $ | 338.78 |
| Travel – Local Attorneys | $ | 3,456.81 |
| Travel – Package Delivery | $ | 114.63 |
| Travel – Local Staff | $ | 685.81 |
| Proofreading | $ | 33.75 |
| Word Processing | $ | 315.00 |
| Meals – Attorneys | $ | 4,512.85 |
| Meals – Paralegals | $ | 93.95 |
| Meals – Support Staff | $ | 18.15 |
| O/S Filing & Witness Fees | $ | 70.00 |
| O/S Proofreading | $ | 40.32 |
| O/S Other Service Co. Fees | $ | 1,192.40 |
| O/S Obtain Court Documents | $ | 5.55 |
| O/S Telephone | $ | 21.79 |
| Messengers Overtime | $ | 75.00 |
| **Total Expenses Requested:** | $ | **12,832.82** |