YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
Pauline K. Morgan
Ryan M. Bartley
Travis G. Buchanan

*Counsel for the Debtors, Acting at the*
*Direction of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| **Debtors.**[1] | : | **(Jointly Administered)** |
|  | : |  |

----------------------------------------------------------------x

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF**
**YOUNG CONAWAY STARGATT & TAYLOR, LLP, AS CONFLICTS COUNSEL**
**FOR THE DEBTORS FOR THE PERIOD FROM**
**OCTOBER 15, 2018 THROUGH FEBRUARY 28, 2019**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| General Information | |
|---|---|
| Name of Applicant: | Young Conaway Stargatt & Taylor, LLP |
| Authorized to Provide Professional Services to: | Conflicts Counsel for the Debtors |
| Date of Retention: | November 13, 2018, *nunc pro tunc* to October 15, 2018 |
| Prior Applications: | None |
| Prior Monthly Fee Statements: | 5 [Docket Nos. 465, 466, 564, 705, & 794] |

| Summary of Fees and Expenses Sought for the Fee Period | |
|---|---|
| Amount of Fees Sought as Actual, Reasonable, and Necessary for the Fee Period: | $239,471.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $1,385.59 |
| Total Fees and Expense Reimbursement Requested for the Fee Period: | $240,856.59 |

| Total Fees and Expenses Allowed Pursuant to Prior Applications | |
|---|---|
| Total Allowed Fees Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Total Allowed Fees and Expenses Paid to Date: | N/A |

01:24385477.2

| **Total Fees and Expenses Paid Pursuant to Monthly Statements** | |
| --- | --- |
| Fees Sought for the this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed (80% of fees): | $191,576.80 |
| Expenses Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed (100% of expenses): | $1,385.59 |
| Total Fees and Expenses Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $192,962.39 |
| Total Fees and Expenses Sought this Fee Period Not Yet Paid (20% of fees): | $47,894.20 |

| **Summary of Rates and Other Related Information for this Compensation Period** | |
| --- | --- |
| Blended Rate in this Application for All Attorneys: | $519.25 |
| Blended Rate in this Application for All Timekeepers: | $504.36 |
| Number of Timekeepers Included in this Application: | 13 (11 Attorneys/Law Clerks; 2 Paraprofessionals) |
| Number of Attorneys/Law Clerks in this Application Not Included in Staffing Plan Discussed with Client: | 5 |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | Approximately $135,000 below anticipated budget ($75,000 per month) |
| Number of Attorneys/Law Clerks Billing Fewer than 15 Hours to the Case During the Compensation Period: | 6 |
| Increase in Rates Since Date of Retention: | Yes |

This is a:_____ monthly __x__interim ____ final application

01:24385477.2

### Summary of Monthly Fee Statements

| Date Filed & ECF No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested in Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested (20%) |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) | Fees (80%) | Expenses (100%) | |
| 11/30/2018 ECF No. 950 | 10/15/2018-10/31/2018 | $28,647.00 | $117.90 | $22,917.60 | $117.90 | $22,917.60 | $117.90 | $5,729.40 |
| 12/28/2018 ECF No. 1447 | 11/1/2018-11/30/2018 | $84,193.00 | $555.20 | $67,354.40 | $555.20 | $67,354.40 | $555.20 | $16,838.60 |
| 1/30/2019 ECF No. 2195 | 12/1/2018-12/31/2018 | $78,582.50 | $916.78 | $62,866.00 | $574.41[1] | $62,866.00 | $916.78 | $15,716.50 |
| 2/27/2019 ECF No. 2706 | 1/1/2019-1/31/20198 | $35,037.00 | $103.28 | $28,029.60 | $103.28 | $28,029.60 | $103.28 | $7,007.40 |
| 3/29/19 ECF No. 2988 | 2/1/2019-2/28/2019 | $13,011.50 | $34.80 | $10,409.20 | $34.80 | $10,409.20 | $34.80 | $2,602.30 |
| **Total for First Interim Fee Application** | **10/15/2018-2/28/2019** | **$239,471.00** | **$1,385.59** | **$191,576.80** | **$1,385.59** | **$191,576.80** | **$1,385.59** | **$47,894.20** |

Summary of Objections to Prior Monthly Fee Statements: <u>None</u>

Compensation Sought in this Application Not Yet Paid: <u>$47,894.20</u>

---

[1]  This amount reflects a deduction of $342.37 from $679.18 for an erroneous legal research charge included in the third monthly fee statement.

01:24385477.2

### Compensation by Professionals for October 15, 2018 through February 28, 2019

| Name of Partners and Counsel | Title | Department | Date of First Admission | Hourly Billing Rate ($)[1] | Billed Hours | Compensation |
|---|---|---|---|---|---|---|
| Rolin P. Bissell | Partner | Corporate | 1987 | 920.00* 975.00 | 13.90 .50 | 12,788.00 487.50 |
| Pauline K. Morgan | Partner | Bankruptcy | 1987 | 920.00* 975.00 | 43.50 16.90 | 40,020.00 16,477.50 |
| James P. Hughes, Jr. | Partner | Bus. Planning | 1992 | 975.00 | .40 | 390.00 |
| Craig D. Grear | Partner | Bus. Planning | 1996 | 975.00 | 5.50 | 5,362.50 |
| Ryan M. Bartley | Partner | Bankruptcy | 2007 | 565.00* 625.00 | 85.50 28.40 | 48,307.50 17,750.00 |
| Travis G. Buchanan | Associate | Bankruptcy | 2011 | 460.00* 530.00 | 80.20 2.0 | 36,892.00 1,060.00 |
| James M. Deal | Associate | Corporate | 2015 | 350.00* 385.00 | 39.40 5.40 | 13,790.00 2,079.00 |
| Michael A. Laukaitis II | Associate | Corporate | 2017 | 300.00* | 6.00 | 1,800.00 |
| Kevin P. Rickert | Associate | Corporate | 2018 | 300.00* | 7.40 | 2,220.00 |
| Jared W. Kochenash | Associate | Bankruptcy | 2018 | 285.00* 325.00 | 97.00 4.50 | 27,645.00 1,462.50 |
| Matthew Milana | Law Clerk | Bankruptcy | N/A (2018 law school graduate) | 275.00* | 7.70 | 2,117.50 |
| **Total Attorneys** | | | | | **444.20** | **230,649.00** |

| Name of Paralegals and Other Non-Legal Staff | Title | Department | Hourly Billing Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|
| Brenda Walters | Paralegal | Bankruptcy | 285.00* 295.00 | 20.50 9.80 | 5,842.50 2,891.00 |
| Debbie Laskin | Paralegal | Bankruptcy | 295.00 | .30 | 88.50 |
| **Total Paralegals and Other Non-Legal Staff:** | | | | **30.60** | **8,822.00** |

| Professionals | Blended Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Partners and Counsel | 727.56 | 194.60 | 141,583.00 |
| Associates/Law Clerk | 356.83 | 249.60 | 89,066.00 |
| Paralegals/Non-Legal Staff | 288.30 | 30.60 | 8,822.00 |

---

[1]    Young Conaway increased its billing rates effective as of January 1, 2019. *See* Docket No. 1764. Hourly billing rates with an asterisk (*) represent rates in effect prior to January 1, 2019.

| | | | |
|---|---|---|---|
| Blended Attorney Rate | **519.25** | | |
| | | **474.80** | **239,471.00** |

**Compensation by Task Code for October 15, 2018 through February 28, 2019**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration (B001) | 15.20 | 8,305.50 |
| Court Hearings (B002) | 13.20 | 7,067.00 |
| Cash Collateral/DIP Financing (B003) | 2.80 | 2,578.50 |
| Use, Sale or Lease of Property (B006) | 23.40 | 18,408.50 |
| Claims Analysis, Objections and Resolutions (B007) | 282.40 | 139,812.50 |
| Meetings (B008) | 8.10 | 6,057.00 |
| Other Adversary Proceedings (B011) | .40 | 320.00 |
| Plan and Disclosure Statement (B012) | .20 | 195.00 |
| General Corporate Matters (B014) | 7.60 | 7,130.00 |
| Retention of Professionals/Fee Issues (B017) | 100.60 | 39,962.00 |
| Fee Application Preparation (B018) | 20.90 | 9,365.00 |
| **TOTAL** | **474.80** | **239,471.00** |

**Expense Summary for October 15, 2018 through February 28, 2019**

| Expenses Category | Total Expenses ($) |
|---|---|
| Computerized Legal Research | 336.81 |
| Docket Retrieval/Search | 30.80 |
| Reproduction Charges | 726.60 |
| Teleconference/Video Conference | 291.38 |
| **TOTAL** | **1,385.59** |

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
Pauline K. Morgan
Ryan M. Bartley
Travis G. Buchanan

*Counsel for the Debtors, Acting at the*
*Direction of the Restructuring Sub-Committee*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |
-------------------------------------------------------------------x

## SUMMARY OF FIRST INTERIM FEE APPLICATION OF YOUNG CONAWAY STARGATT & TAYLOR, LLP, AS CONFLICTS COUNSEL FOR THE DEBTORS FOR THE PERIOD FROM OCTOBER 15, 2018 THROUGH FEBRUARY 28, 2019

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Young Conaway Stargatt & Taylor, LLP (the "Firm" or "Young Conaway"), as conflicts counsel to the Debtors (i) acting at the direction of the restructuring sub-committee (the "RSC") of the restructuring committee (the "Restructuring Committee") of the board of directors of Sears Holdings (the "Board") with respect to all matters that are controlled by the RSC in connection with matters in which Paul, Weiss, Rifkind, Wharton & Garrison ("Paul, Weiss") cannot represent the Debtors due to an actual or perceived conflict of interest (the "RSC Conflict Matters"), including the Debtors' investigation into prepetition related party transactions (the "Transactions"), and (ii) acting at the direction of the Restructuring Committee or the RSC, as the case may be, in connection with all matters in which both Weil, Gotshal, & Manges LLP ("Weil") and Paul, Weiss cannot represent the Debtors due to an actual or perceived conflict of interest ("Other Conflict Matters" and, together with the RSC Conflict Matters, the "Conflict Matters"), hereby submits its first interim fee application (the "Fee Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules for the Southern District of New York (the "Local Rules"), for allowance of compensation for professional services provided in the amount of $239,471.00 and reimbursement of actual and necessary expenses in the amount of $1,385.59 that Young Conaway incurred for the period from October 15, 2018 through and including February 28, 2019 (the "Fee Period").  In support of this Fee Application, Young Conaway submits the declaration of Pauline K. Morgan, a partner at Young Conaway (the "Morgan Declaration"), which is attached hereto as Exhibit A.  In further support of this Fee Application, Young Conaway respectfully states as follows:

2

**Jurisdiction and Basis for Relief**

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

**A.      The Chapter 11 Filings and General Case Background**

2.      On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant cases. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4.      On October 24, 2018, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").  No trustee, examiner, or other statutory committee has been appointed in the Chapter 11 Cases.

5.      Information regarding the Debtors' business, their capital and debt structure, and the events leading up to the filing of the Chapter 11 Cases is contained in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York* (the "Riecker Declaration") [Docket No. 3].

**B.**     **The Debtors' Retention of Young Conaway**

6.     Sears Holding Corporation and its direct or indirect subsidiaries (collectively the "Company") retained Young Conaway as counsel, pursuant to an engagement letter dated as of October 17, 2018 (the "Engagement Letter"), to serve as counsel for the Debtors, acting through the RSC.   A copy of the Engagement Letter was attached as Exhibit D to the Retention Application (defined below).

7.     On November 1, 2018, the Debtors filed an application to employ Young Conaway as conflicts counsel to the Debtors [Docket No. 419] (the "Retention Application"). On November 13, 2018, the Court entered an order approving the Retention Application [Docket No. 693] (the "Retention Order").

8.     The Retention Order authorized the compensation and reimbursement of Young Conaway, *nunc pro tunc* to the Petition Date, for its services as counsel for the Debtors, acting through the RSC, in these Chapter 11 cases.

9.     Throughout the Fee Period, Young Conaway has filed five Monthly Fee Statements (as defined in the Interim Compensation Order), none of which have received any objections.  *See* Docket Nos. 950, 1447, 2195, 2606, and 2988.

**C.**     **Disinterestedness of Young Conaway**

10.     To the best of the Debtors' knowledge and as disclosed in the (i) *Declaration of Pauline K. Morgan in Support of the Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Conflicts Counsel for the Debtors and Debtors in Possession,* Nunc Pro Tunc, *to the Petition Date*, attached as Exhibit B to the Retention Application (the "Initial Declaration"), (ii) *First Supplemental Declaration of Pauline K. Morgan in Support of the Debtors' Application for an Order Authorizing the*

*Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Conflicts Counsel for the Debtors and Debtors in Possession,* Nunc Pro Tunc, *to the Petition Date* [Docket No.651] (the "First Supplemental Declaration"), and (iii) *Second Supplemental Declaration of Pauline K. Morgan in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Conflicts Counsel for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to the Petition Date* [Docket No. 1764] (the "Second Supplemental Declaration" and together with the Initial Declaration and the First Supplemental Declaration, the "Morgan Declarations") (a) Young Conaway is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) Young Conaway has no connection to the Debtors, their creditors, or other parties in interest, except as may have been disclosed in the Morgan Declarations.

11.     Young Conaway may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these Chapter 11 Cases.  In the Morgan Declarations, Young Conaway disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.  To the extent that Young Conaway becomes aware of any additional relationships that may be relevant to Young Conaway's representation of the Debtors, Young Conaway will promptly file a supplemental declaration.

12.     Young Conaway performed the services for which it is seeking compensation on behalf of the Debtors, and not on behalf of any creditor, or other entity.

13.    Young Conaway has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these Chapter 11 Cases.

14.    Pursuant to Bankruptcy Rule 2016(b), Young Conaway has not shared, nor has Young Conaway agreed to share, (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Young Conaway, or (b) any compensation another person or party has received or may receive.

**Summary of Professional Compensation**
**and Reimbursement of Expenses Requested**

15.    This Fee Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to General Order M-447 (Jan. 29, 2013) (the "Local Guidelines"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "UST Guidelines" and, together with the Local Guidelines, the "Fee Guidelines").

16.    Young Conaway seeks allowance of interim compensation for professional services performed during the Fee Period in the amount of $239,471.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $1,385.59.  During the Fee Period, Young Conaway attorneys and paraprofessionals expended a total of 478.40 hours in connection with the necessary services performed.

17.    The fees charged by Young Conaway in these cases were billed in accordance with Young Conaway's existing billing rates and procedures in effect during the Fee Period.

These rates are set at a level designed to fairly compensate Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are revised on an annual basis.  The hourly rates and corresponding rate structure utilized by Young Conaway in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Young Conaway for other bankruptcy matters, as well as non-bankruptcy matters.  The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve significant complexity, high stakes, and severe time pressures.

18.    Attached hereto as Exhibit B is a schedule of Young Conaway attorneys, law clerks, and paraprofessionals who have performed services during the Fee Period, the capacities in which each individual is employed by Young Conway, the department in which the individual practices, the hourly billing rates charged by Young Conaway for services performed by such individuals, the number of years during which each attorney has been licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and the amount of fees billed in connection therewith.

19.    Attached hereto as Exhibit C is a summary of Young Conaway's time records billed using task codes described below.  To provide a meaningful summary of Young Conaway's services provided on behalf of the Debtors and their estates, Young Conaway has established, in accordance with its internal billing procedures, certain task code categories (each, a "Task Code Category") for use in these Chapter 11 Cases.  Young Conaway maintains computerized records of time spent by all Young Conaway attorneys and paraprofessionals in connection with these Chapter 11 Cases.  Copies of these computerized records have been filed with the Court and served on the Notice Parties (as defined in the Interim Compensation Order),

as exhibits to Young Conaway's Monthly Fee Statements, in accordance with the Interim

Compensation Order.

20.    Attached hereto as <u>Exhibit D</u> is a schedule specifying the categories of expenses

for which Young Conaway is seeking reimbursement and the total amount for each such expense

category during the Fee Period.  Itemized computer records of all such expenses have been

provided to the Debtors and filed in conjunction with each Monthly Fee Statement.

21.    Attached hereto as <u>Exhibit E</u> is a summary and comparison of the aggregate

blended hourly rates billed by Young Conaway timekeepers in comparable practice areas and

firm-wide during the proceeding calendar year and the blended hourly rates billed during the Fee

Period.

22.    Attached hereto as <u>Exhibit F is</u> a budget and staffing plan prepared in connection

with Young Conaway's representation of the RSC in these Chapter 11 Cases.  The fees Young

Conaway seeks for the Fee Period are less than the fees budgeted for the Fee Period.

<u>**Summary of Legal Services Rendered During the Fee Period**</u>

23.    During the Fee Period, Young Conaway provided significant professional services

to the Debtors in connection with these Chapter 11 Cases.

24.    Below is a detailed summary of the most significant professional services

performed by Young Conaway in each Task Code Category, organized in accordance with

Young Conaway's internal system of matter numbers for these Chapter 11 Cases.

**A.    Case Administration (B001)**
Total Fees: $8,305.50
Total Hours: 15.20

25.    This task code includes time spent by Young Conaway attorneys with respect to

ongoing case administration.  This task code also includes time spent on the review and

distribution of documents filed with the Court to the Young Conaway team, as well as the maintenance of case calendars and timelines created for use by Young Conaway attorneys.

**B.      Court Hearings (B002)**
Total Fees: $7,067.00
Total Hours: 13.20

26.      This task code includes time spent by Young Conaway attorneys preparing for and attending court hearings.  Only one Young Conway attorney attended any hearings and did so to ensure that the Young Conaway team remained apprised of developments with respect to certain aspects of these Chapter 11 Cases relevant to Young Conaway's work.

**C.      Use, Sale or Lease of Property (B006)**
Total Fees: $18,408.50
Total Hours: 23.40

27.      This task code includes time spent by Young Conaway attorneys related to the sale of the Debtors' assets, including credit bidding and the potential releases with respect to the same.

**D.      Claims Analysis, Objections and Resolutions (B007)**
Total Fees: $139,812.50
Total Hours: 282.40

28.      This task code includes time spent by Young Conaway attorneys conducting the factual review and legal analysis of the Transactions for the RSC to assist the RSC in reviewing the proposed sale transaction with Transform Holdco LLC, including with respect to credit bidding and the potential releases with respect to the same. This task code also includes time spent reviewing documents related to the Transactions and assessing the credit bid of obligations arising out of the Transactions and potential claims against insiders with respect to the Transactions. This task code represents the core of the work done by Young Conaway in these Chapter 11 Cases.

**E.    Meetings (B008)**
Total Fees: $6,057.00
Total Hours: 8.10

29.    This task code includes time spent by Young Conaway attorneys meeting, both telephonically and in-person, with the RSC and RSC's other professionals, as well as internal meetings among Young Conaway attorneys.

**F.    General Corporate Matters (B014)**
Total Fees: $7,130.00
Total Hours: 7.60

30.    This task code includes time spent by Young Conaway attorneys analyzing corporate governance issues under Delaware law.

**G.    Retention of Professionals/Fee Issues (B017)**
Total Fees: $39,962.00
Total Hours: 100.60

31.    This task code includes time spent by Young Conaway attorneys preparing, revising, and filing the Retention Application, including the preparation of the Morgan Declarations and the related review of interested parties to ensure Young Conaway's disinterestedness.  This task code also includes time coordinating with other counsel for the Debtors to ensure that the Retention Application was compliant with the Local Rules and otherwise conformed to the standards for such filings submitted before the Court.

**H.    Fee Application Preparation (B018)**
Total Fees: $9,635.00
Total Hours: 20.90

32.    This task code includes time spent preparing and filing the first through fifth Monthly Fee Statements, including reviewing time detail to ensure compliance with the Fee Guidelines and to preserve privilege and confidentiality, and creating tables and summarizing

time detail to appropriately disclose compensation and expense reimbursements sought in each Monthly Fee Statement.

33.    The forgoing professional services performed by Young Conaway were necessary and appropriate to executing their role as counsel for the Debtors, acting through the RSC, during the Fee Period and were in the best interests of the Debtors and their stakeholders. Compensation of such services is commensurate with the complexity, importance, and the nature of the issues and tasks that were involved.  The professional services were performed skillfully and efficiently.

**Actual and Necessary Expenses Incurred by Young Conaway**

34.    As set forth in <u>Exhibit E</u> attached hereto, Young Conaway has incurred a total of $1,385.59 in expenses during the Fee Period.  These charges are intended to reimburse Young Conaway's direct operating costs, which are not incorporated into Young Conaway's hourly billing rates.  Young Conaway charges external copying and computer research at the provider's cost without markup.  Only clients who actually use services of this type are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

35.    With respect to photocopying expenses, in compliance with the Fee Guidelines, Young Conaway has charged $0.10 per page.

36.    In addition, during the Fee Period, Young Conaway conducted multi-party telephonic conferences on several occasions in the interest of efficient communications with the Debtors and other parties in interest.  The disbursements for such teleconference services are not

included in Young Conaway's overhead for the purpose of setting billing rates, and Young Conaway has made every effort to minimize those disbursements in these Chapter 11 Cases.

37.     The actual expenses incurred in providing professional services were necessary, reasonable, and justifiable under the circumstances to serve the needs of the Debtors in these Chapter 11 Cases.  Young Conaway regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.

**Young Conaway's Requested Compensation and Reimbursement Should be Allowed**

38.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

39.    Young Conaway respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates.  Young Conaway further believes that it performed services for the Debtors economically, effectively, and efficiently.  Young Conaway further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

40.    During the Fee Period, Young Conaway's hourly billing rates for attorneys ranged from $565.00 to $975.00 for partners, $275.00 to $530.00 for associates, and $285.00 to $295.00 for paraprofessionals.  These hourly rates and the corresponding rate structure utilized by Young Conaway in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structures used by Young Conaway for restructuring, bankruptcy, insolvency, and comparable matters, and similar complex corporate, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Young Conaway strives to be efficient in the staffing of all matters.  These rates and rate structure reflect that such matters are typically national in scope and involve considerable complexity, high stakes, and significant time pressures—all of which were present in these Chapter 11 Cases.

41.    Moreover, Young Conaway's hourly rates are set at a level designed to compensate Young Conaway fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

42.    In sum, Young Conaway respectfully submits that the professional services provided by Young Conaway on behalf of the Debtors during these Chapter 11 Cases were

necessary and appropriate given the complexity of these Chapter 11 Cases, the time expended by

Young Conaway professionals, the nature and extent of the services provided, the value of

Young Conaway's services, and the cost of comparable services outside of bankruptcy, all of

which are relevant factors under section 330 of the Bankruptcy Code.  Accordingly, Young

Conaway respectfully submits that approval of the compensation sought herein is warranted and

should be granted.

### Reservation of Rights

43.     It is possible that some professional time expended or expenses incurred during

the Fee Period are not reflected in this Fee Application.  Young Conaway reserves the right to

include such amounts in future fee applications.

### Notice

44.     Pursuant to and in accordance with the Interim Compensation Order, (a) a copy of

this Fee Application shall be provided to the Notice Parties as defined and set forth in the Interim

Compensation Order and, (b) notice of hearing to consider the Fee Application shall be provided

to the Notice Parties, and to those parties who have filed a notice of appearance and request for

notice in these chapter 11 cases.  Young Conaway submits that, in light of the nature of the relief

requested herein, such notice is sufficient and no other or further notice need be provided.

45.     No previous request for the relief sought herein has been made by Young

Conaway to this or any other court other than as set forth above.

WHEREFORE, Young Conaway respectfully requests that the Court enter an order: (a) awarding Young Conaway compensation for professional and paraprofessional services provided during the Fee Period in the amount of $239,471.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $1,385.59; (b) authorizing and directing the Debtors to remit payment to Young Conaway for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated:  April 15, 2019

*/s/ Pauline K. Morgan*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1270 Avenue of the Americas, Suite 2201
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
Pauline K. Morgan
Ryan M. Bartley
Travis G. Buchanan

*Counsel for the Debtors, Acting at the
Direction of the Restructuring Sub-Committee*

## Exhibit A

**Morgan Declaration**

UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                            :         **Chapter 11**
                                                  :
**SEARS HOLDINGS CORPORATION**, *et al.*,         :         **Case No. 18-23538 (RDD)**
                                                  :
Debtors.[1]                                       :         **(Jointly Administered)**
                                                  :

---------------------------------------------------------------x

### DECLARATION OF PAULINE K. MORGAN
### IN SUPPORT OF FIRST INTERIM FEE APPLICATION OF
### YOUNG CONAWAY STARGATT & TAYLOR, LLP, AS CONFLICTS COUNSEL
### FOR THE DEBTORS FOR THE PERIOD FROM
### OCTOBER 15, 2018 THROUGH FEBRUARY 28, 2019

PAULINE K. MORGAN makes this declaration under 28 U.S.C. § 1746:

1.      I am a partner in the firm Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm"), which has offices located at Rockefeller Center, 1270 Avenue of the Americas, Suite 2201, New York, New York 10020 and additional offices located in the state of Delaware. I have been duly admitted to practice in, and am a member in good standing of the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

bars of, the States of Delaware, New York, Pennsylvania, and New Jersey, as well as in the

United States Court of Appeals for the Third Circuit and in the United States District Courts for

the District of Delaware, the Southern District of New York, the Eastern, Middle and Western

Districts of Pennsylvania, and the District of New Jersey.  I am authorized to make this

declaration (the "Declaration") on behalf of Young Conaway.

> 2.      I have read the foregoing fee application of Young Conaway for the Fee Period
> (the "Fee Application").[2] To the best of my knowledge, information, and belief, the statements
> contained in the Fee Application are true and correct.  In addition, I believe that the Fee
> Application complies with Local Rule 2016-1 and the Fee Guidelines.

> 3.      In connection therewith, I hereby certify that:

> a)      I have read this application;

> b)      to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions;

> c)      the fees and disbursements sought in the Fee Application are billed at rates customarily employed by Young Conaway and generally accepted by Young Conaway's clients.  In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' cases;

> d)      in providing a reimbursable expense, Young Conaway does not make a profit on that expense, whether the service is performed by Young Conaway in-house or through a third party;

> e)      in accordance with Bankruptcy Rule 2016(a) and section 504 of the Bankruptcy Code, no agreement or understanding exists between Young Conaway and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules; and

---

[2]   Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Fee Application.

2

      f)      all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

4.      Pursuant to Section B(2) of the Local Guidelines, and as required by the Interim Compensation Order, I certify that Young Conaway has complied with the provisions requiring Young Conaway to provide the Notice Parties (as defined in the Interim Compensation Order) with a statement of Young Conaway's fees and expenses accrued during the previous month within the timetables set forth in the Interim Compensation Order.

5.      Pursuant to Section B(2) of the Local Guidelines, and as required by the Interim Compensation Order, I certify that Young Conaway has complied with the provisions requiring Young Conaway to provide the Debtors and the U.S. Trustee with a statement of Young Conaway's fees and expenses accrued during the previous month within the timetables set forth in the Interim Compensation Order.

6.      Pursuant to Section B(3) of the Local Guidelines, I certify that Young Conaway has provided the Debtors and the U.S. Trustee with statements of Young Conaway's fees and expenses incurred during the Fee Period, including all time and expense details for the amounts requested herein.

7.      In accordance with the UST Guidelines, Young Conaway responds to the questions identified therein as follows:

Question 1: Did Young Conaway agree to any variations from, or alternatives to, Young Conaway's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Fee Period?  If so, please explain.

Answer: No.

Question 2: If the fees sought in the Fee Application as compared to the fees budgeted for the time period covered by the Fee Application are higher by 10% or more, did Young Conaway discuss the reasons for the variation with the client?

<u>Answer</u>: The fees sought in the Fee Application do not exceed those budgeted for such time.

<u>Question 3</u>: Have any of the professionals included in the Fee Application varied their hourly rate based on geographic location of the bankruptcy case?

<u>Answer</u>: No.

<u>Question 4</u>: Does the Fee Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?  If so, please quantify by hours and fees.

<u>Answer</u>: The Fee Application includes time for fees related to reviewing time records to ensure that appropriate confidences and privileges were protected and preparing or reviewing invoices in connection with the preparation of monthly fee statements and invoices, including the preservation of privilege and confidentiality.  The total time expended in connection with Fee Applications for such matters during the Fee Period is approximately 20.9 hours included within Task Code B018 and totals $9,635.00, and I estimate that approximately half of that time was spent to ensure that confidences and privileges were appropriately protected.

<u>Question 5</u>: Does the Fee Application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify hours and fees.

<u>Answer</u>: Yes, see above.

<u>Question 6</u>: Does the Fee Application include any rate increases since Young Conaway's retention in these cases?  If so, did the client review and approve those rate increases in advance?  Did the client agree when retaining the law firm to accept all future rate increases?

<u>Answer</u>: During the Fee Period, Young Conaway's hourly billing rates for attorneys ranged from $275.00 to $920.00 through December 2018, and $2850.00 to $975.00 on and after January 1, 2019.  The Engagement Letter attached to the Retention Application as Exhibit D expressly provides that Young Conaway, from time to time, adjusts rates and that the rates outlined in the Engagement Letter would be subject to change.  Such increases were further disclosed in the Second Supplemental Declaration [Docket No. 1764].

8.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.


Dated: April 15, 2019                    Respectfully submitted,
Wilmington, Delaware


                                         *Pauline K. Morgan*
                                         Pauline K. Morgan

**<u>Exhibit B</u>**

**COMPENSATION BY PROFESSIONAL**
**OCTOBER 15, 2018 THROUGH FEBRUARY 28, 2019**

## COMPENSATION BY PROFESSIONAL
## OCTOBER 15, 2018 THROUGH FEBRUARY 28, 2019

| Name of Professional | Title | Depart-ment | Date of First Admission | Hourly Billing Rate ($) | Billed Hours | Compen-sation ($) | Total Billed Hours | Total Compen-sation ($) |
|---|---|---|---|---|---|---|---|---|
| Rolin P. Bissell | Partner | Corporate | 1987 | 920.00*<br>975.00 | 13.90<br>.50 | 12,788.00<br>487.50 | 14.40 | 13,275.50 |
| Pauline K. Morgan | Partner | Bankruptcy | 1987 | 920.00*<br>975.00 | 43.50<br>16.90 | 40,020.00<br>16,477.50 | 60.40 | 56,497.50 |
| James P. Hughes, Jr. | Partner | Bus. Planning | 1992 | 975.00 | .40 | 390.00 | .40 | 390.00 |
| Craig D. Grear | Partner | Bus. Planning | 1996 | 975.00 | 5.50 | 5,362.50 | 5.50 | 5,362.50 |
| Ryan M. Bartley | Partner | Bankruptcy | 2007 | 565.00*<br>625.00 | 85.50<br>28.40 | 48,307.50<br>17,750.00 | 113.90 | 66,057.50 |
| Travis G. Buchanan | Associate | Bankruptcy | 2011 | 460.00*<br>530.00 | 80.20<br>2.0 | 36,892.00<br>1,060.00 | 82.20 | 37,592.00 |
| James M. Deal | Associate | Corporate | 2015 | 350.00*<br>385.00 | 39.40<br>5.40 | 13,790.00<br>2,079.00 | 44.80 | 15,869.00 |
| Michael A. Laukaitis II | Associate | Corporate | 2017 | 300.00* | 6.00 | 1,800.00 | 6.00 | 1,800.00 |
| Kevin P. Rickert | Associate | Corporate | 2018 | 300.00* | 7.40 | 2,220.00 | 7.40 | 2,220.00 |
| Jared W. Kochenash | Associate | Bankruptcy | 2018 | 285.00*<br>325.00 | 97.00<br>4.50 | 27,645.00<br>1,462.50 | 101.50 | 29,107.50 |
| Matthew Milana | Law Clerk | Bankruptcy | N/A (2018 law school graduate) | 275.00* | 7.70 | 2,117.50 | 7.70 | 2,117.50 |
| **Total Attorneys:** | | | | | | | **444.20** | **230,649.00** |

| Name of Paralegals and Other Non-Legal Staff | Title | Department | Hourly Billing Rate ($) | Billed Hours | Compen-sation ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|---|---|---|---|
| Brenda Walters | Paralegal | Bankruptcy | 285.00*<br>295.00 | 20.50<br>9.80 | 5,842.50<br>2,891.00 | 30.30 | 8,733.50 |
| Debbie Laskin | Paralegal | Bankruptcy | 295.00 | .30 | 88.50 | .30 | 30.60 |
| **Total Paralegals and Other Non-Legal Staff:** | | | | | | **30.60** | **8,822.00** |

01:24385477.2

| Professionals | Blended Rate ($) | Total Billed Hours | Total Compensation ($) |
|---|---|---|---|
| Partners and Counsel | 727.56 | 194.60 | 141,583.00 |
| Associates/Law Clerks | 356.83 | 249.60 | 89,066.00 |
| Paralegals/Non-Legal Staff | 288.30 | 30.60 | 8,822.00 |
| Blended Attorney Rate | **519.25** | | |
| Blended Rate All Timekeepers | **500.15** | | |
| **Total Fees Incurred:** | | **474.80** | **239,471.00** |

**<u>Exhibit C</u>**

**COMPENSATION BY TASK CODE**
**<u>OCTOBER 15, 2018 THROUGH FEBRUARY 28, 2019</u>**

**AGGREGATE TIME SUMMARY BY TASK CODE**
**OCTOBER 15, 2018 THROUGH FEBRUARY 28, 2019**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Case Administration (B001) | 15.20 | 8,305.50 |
| Court Hearings (B002) | 13.20 | 7,067.00 |
| Cash Collateral/DIP Financing (B003) | 2.80 | 2,578.50 |
| Use, Sale or Lease of Property (B006) | 23.40 | 18,408.50 |
| Claims Analysis, Objections, and Resolutions (B007) | 282.40 | 139,812.50 |
| Meetings (B008) | 8.10 | 6,057.00 |
| Other Adversary Proceedings (B011) | .40 | 320.00 |
| Plan and Disclosure Statement (B012) | .20 | 195.00 |
| General Corporate Matters (B0014) | 7.60 | 7,130.00 |
| Retention of Professionals/Fee Issues (B017) | 100.60 | 39,962.00 |
| Fee Application Preparation (B018) | 20.90 | 9,635.00 |
| **TOTAL** | **474.80** | **239.471.00** |

## ATTORNEY TIME SUMMARY BY TASK CODE

| Case Administration (B001) | | Hours | Hourly Rate | Total Fees ($) |
|---|---|---|---|---|
| Pauline K. Morgan | Partner | 5.90 | 920.00 | 5,428.00 |
| | | .10 | 565.00 | 56.50 |
| Ryan M. Bartley | Partner | .50 | 625.00 | 312.50 |
| Jared W. Kochenash | Associate | .20 | 285.00 | 57.00 |
| | | 5.60 | 285.00 | 1,596.00 |
| Brenda Walters | Paralegal | 2.90 | 295.00 | 855.50 |
| **Total:** | | **15.20** | | **8,305.50** |

| Court Hearings (B002) | | Hours | Hourly Rate | Total Fees ($) |
|---|---|---|---|---|
| Pauline K. Morgan | Partner | .60 | 920.00 | 552.00 |
| | | 9.20 | 565.00 | 5,198.00 |
| Ryan M. Bartley | Partner | 1.00 | 625.00 | 625.00 |
| Jared W. Kochenash | Associate | .30 | 285.00 | 85.50 |
| | | 1.30 | 285.00 | 370.50 |
| Brenda Walters | Paralegal | .50 | 295.00 | 147.50 |
| Debbie Laskin | Paralegal | .30 | 295.00 | 88.50 |
| **Total:** | | **13.20** | | **7,067.00** |

| Cash Collateral/DIP Financing (B003) | | Hours | Hourly Rate | Total Fees ($) |
|---|---|---|---|---|
| | | 1.50 | 920.00 | 1,380.00 |
| Pauline K. Morgan | Partner | 1.20 | 975.00 | 1,170.00 |
| Brenda Walters | Paralegal | .10 | 285.00 | 28.50 |
| **Total:** | | **2.80** | | **2,578.50** |

| Use, Sale or Lease of Property (B006) | | Hours | Hourly Rate | Total Fees ($) |
|---|---|---|---|---|
| | | .70 | 920.00 | 644.00 |
| Pauline K. Morgan | Partner | 10.70 | 975.00 | 10,432.50 |
| | | 2.80 | 565.00 | 1,582.00 |
| Ryan M. Bartley | Partner | 9.20 | 625.00 | 5,749.00 |
| **Total:** | | **23.40** | | **1,8408.50** |

| Claims Analysis, Objections, and Resolutions (B007) | | Hours | Hourly Rate | Total Fees ($) |
|---|---|---|---|---|
| | | 13.90 | 920.00 | 12,788.00 |
| Rolin P. Bissell | Partner | .50 | 970.00 | 488.00 |
| | | 22.90 | 920.00 | 21,068.00 |
| Pauline K. Morgan | Partner | .60 | 975.00 | 585.00 |
| | | 62.40 | 565.00 | 35,256.00 |
| Ryan M. Bartley | Partner | 12.90 | 625.00 | 8,062.50 |
| | | 56.40 | 460.00 | 25,944.00 |
| Travis G. Buchanan | Associate | .70 | 530.00 | 371.00 |
| | | 39.40 | 350.00 | 13,790.00 |
| James M. Deal | Associate | 5.40 | 385.00 | 2,079.00 |
| Kevin P. Rickert | Associate | 7.40 | 300.00 | 2,220.00 |
| Michael A. Laukaitis II | Associate | 6.0 | 300.00 | 1,800.00 |
| Jared W. Kochenash | Associate | 50.00 | 285.00 | 14,250.00 |
| Brenda Walters | Paralegal | 3.90 | 285.00 | 1,111.50 |
| **Total:** | | **282.40** | | **139,813.00** |

| Meetings (B008) | | Hours | Hourly Rate | Total Fees ($) |
|---|---|---|---|---|
| | | 2.10 | 920.00 | 1,932.00 |
| Pauline K. Morgan | Partner | 1.50 | 975.00 | 1,462.50 |
| | | 2.50 | 565.00 | 1,412.50 |
| Ryan M. Bartley | Partner | 2.00 | 625.00 | 1250.00 |
| **Total:** | | **8.10** | | **6,057.00** |

| Other Adversary Proceedings (B011) | | Hours | Hourly Rate | Total Fees ($) |
|---|---|---|---|---|
| Pauline K. Morgan | Partner | .20 | 975.00 | 195.00 |
| Ryan M. Bartley | Partner | .20 | 625.00 | 125.00 |
| **Total:** | | **.40** | | **320.00** |

| Plan and Disclosure (B012) | | Hours | Hourly Rate | Total Fees ($) |
|---|---|---|---|---|
| Pauline K. Morgan | Partner | .20 | 975.00 | 195.00 |
| **Total:** | | **.20** | | **195.00** |

| General Corporate Matters (B014) | | Hours | Hourly Rate | Total Fees ($) |
|---|---|---|---|---|
| Pauline K. Morgan | Partner | .90 | 975.00 | 877.50 |
| James P. Hughes, Jr. | Partner | .40 | 975.00 | 390.00 |
| Craig D. Grear | Partner | 5.50 | 975.00 | 5,362.50 |
| Ryan M. Bartley | Partner | .80 | 625.00 | 500.00 |
| **Total:** | | **7.60** | | **7,130.00** |

| Retention of Professionals/Fee Issues (B017) | | Hours | Hourly Rate | Total Fees ($) |
|---|---|---|---|---|
| | | 6.70 | 920.00 | 6,164.00 |
| Pauline K. Morgan | Partner | .20 | 975.00 | 195.00 |
| | | 7.5 | 565.00 | 4237.50 |
| Ryan M. Bartley | Partner | .60 | 625.00 | 375.00 |
| | | 23.80 | 460.00 | 10,948.00 |
| Travis G. Buchanan | Associate | 1.30 | 530 | 689.00 |
| | | 46.50 | 285.00 | 13,252.50 |
| Jared W. Kochenash | Associate | 4.5 | 325.00 | 1,462.50 |
| Matthew Milana | Law Clerk | 7.70 | 275.00 | 2,117.50 |
| | | 1.0 | 285.00 | 285.00 |
| Brenda Walters | Paralegal | .80 | 295.00 | 236.00 |
| **Total:** | | **100.60** | | **39,962.00** |

| Fee Application Preparation (B018) | | Hours | Hourly Rate | Total Fees ($) |
|---|---|---|---|---|
| | | 3.10 | 920.00 | 2,852.00 |
| Pauline K. Morgan | Partner | 1.40 | 975.00 | 1,365.00 |
| | | 1.0 | 565.00 | 565.00 |
| Ryan M. Bartley | Partner | 1.20 | 625.00 | 750.00 |
| | | 3.20 | 285.00 | 2,451.00 |
| Brenda Walters | Paralegal | 5.60 | 295.00 | 1,652.00 |
| **Total:** | | **20.90** | | **9,365.00** |

**Exhibit D**

**EXPENSE SUMMARY**

**EXPENSES SUMMARY FOR**
**OCTOBER 15, 2018 THROUGH FEBRUARY 28, 2019**

| Expenses Category | Total Expenses ($) |
|---|---|
| Computerized Legal Research | 336.81 |
| Docket Retrieval/Search | 30.80 |
| Reproduction Charges | 726.60 |
| Teleconference/Video Conference | 291.38 |
| **TOTAL** | **1,385.59** |

01:24385477.2

**Exhibit E**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**

        Young Conaway's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys.  In addition, Young Conaway's hourly rates for bankruptcy services are comparable to the rates charged by the Firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  By way of example, Young Conaway's blended hourly rates for attorneys and paraprofessionals in the Corporate Counseling and Litigation, Business Planning and Tax, and Intellectual Property Litigation sections of the Firm for the prior calendar year were as set forth below.  Young Conaway believes that the services performed by those three sections of the Firm are comparable to the services performed in the Bankruptcy and Corporate Restructuring section.  Also included below is 2018 blended hourly rate information for all sections of the Firm, excluding the Bankruptcy and Corporate Restructuring section and the Personal Injury and Workers' Compensation section.

| Category of Timekeeper | Blended Hourly Rate | | |
|---|---|---|---|
| | **Billed** In comparable practice areas for preceding calendar year[1] | **Billed** Firm-wide for preceding calendar year[2] | **Billed** This Application |
| Partner | $800 | $667 | $728 |
| Counsel | $514 | $465 | $0 |
| Associate | $417 | $414 | $354 |
| Paralegal | $240 | $195 | $288 |
| **Aggregated:** | **$542** | **$487** | **$500** |

---

[1]    This column reflects the blended 2018 rates charge by the firm for complex corporate and litigation matters in the following sections of the firm:  Corporate Counseling and Litigation, Business Planning and Tax, and Intellectual Property Litigation.

[2]    This column excludes blended hourly rates for the Bankruptcy and Corporate Restructuring section and the Personal Injury and Workers' Compensation section.

## EXHIBIT F

## BUDGET AND STAFFING PLAN OCTOBER 15, 2018 - FEBRUARY 28, 2019

### Budget

|  | Aggregate Bill | Aggregate Hours Billed | Primary Work Streams |
|---|---|---|---|
| October 2018 | $75,000 | 150 | Claims analysis |
|  |  |  |  |
| November 2018 | $75,000 | 150 | Claims analysis |
|  |  |  |  |
| December 2018 | $75,000 | 150 | Claims analysis |
|  |  |  |  |
| January 2019 | $75,000 | 150 | Claims analysis |
|  |  |  |  |
| February 2019 | $75,000 | 150 | Claims analysis |
|  |  |  |  |
| **Total** | **$375,000** | **750** |  |

### Primary Attorneys

| Partners |
|---|
| Pauline K. Morgan |
| Rolin P. Bissell |
| Ryan M. Bartley |

| Associates |
|---|
| Travis G. Buchanan |
| James M. Deal |
| Jared W. Kochenash |

| Paralegal |
|---|
| Brenda Walters |

01:24385477.2