To Sears Dept Store

From Fiction Owner appliance Lease Mart Stores
PC and Kushner Claim #L161012519
CC Better Business Bureau
CC ABC TV    NBC TV    CBS TV
CC Dept of Commer Affeurs

Attention Mr. Eddel Lamhert
HAVE some "interity"
I AM a 69 year old SENIOR
WHO WAS Left TO DR
ON your Wet FLOOR 4/9/16
YOUR STAFF LooKed away
FRom 8 Cameras and
Left me to go unconcious!
for almost 30 minutes arrived!! SHAME!
on you.

Attention Mr. Lambert. I am sending my
accident paper settlement claim papers.
because I believe you will help me in
my settlement claim you bought sears
from bankruptcy will I was a loyal
customer of Sears, V K Mart as so
my family & friends but you turned
your back to me in my settlement
money as your vendor or workers
who turned their back on the
farmers which they were hired to
mention. How can you save a store
when you have who leave a 69 year
send lying on a wet floor knocked
out (you had no wet floor sign) for
almost 30 minutes you cant renew
a store unless you have people who
care and that starts with you. I
would like to see Sears good again.
and renew but that starts from basic
goodness from the heart and if you really
want to start Sears the way it should be
start with a healing process from the
heart. Thank you Jane/whoever

## UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### Fill in this information to identify the case (Select only one Debtor per claim form):

| | | | | |
|---|---|---|---|---|
| ☐ Sears Holdings Corporation (18-23538) | ☑ Kmart Corporation (18-23549) | ☐ Sears, Roebuck de Puerto Rico, Inc. (18-23561) | ☐ MyGofer LLC (18-23573) | ☐ Kmart.com LLC (18-23585) |
| ☐ Sears, Roebuck and Co. (18-23537) | ☐ MaxServ, Inc. (18-23550) | ☐ SYW Relay LLC (18-23562) | ☐ Sears Brands Business Unit Corporation (18-23574) | ☐ Sears Brands Management Corporation (18-23586) |
| ☐ Kmart Holding Corporation (18-23539) | ☐ Private Brands, Ltd. (18-23551) | ☐ Wally Labs LLC (18-23563) | ☐ Sears Holdings Publishing Company, LLC (18-23575) | ☐ SHC Licensed Business LLC (18-23616) |
| ☐ Kmart Operations LLC (18-23540) | ☐ Sears Development Co. (18-23552) | ☐ Big Beaver of Florida Development, LLC (18-23564) | ☐ Kmart of Michigan, Inc. (18-23576) | ☐ SHC Promotions LLC (18-23630) |
| ☐ Sears Operations LLC (18-23541) | ☐ Sears Holdings Management Corporation (18-23553) | ☐ California Builder Appliances, Inc. (18-23565) | ☐ SHC Desert Springs, LLC (18-23577) | ☐ SRe Holding Corporation (19-22301) |
| ☐ ServiceLive, Inc. (18-23542) | ☐ Sears Home & Business Franchises, Inc. (18-23554) | ☐ Florida Builder Appliances, Inc. (18-23566) | ☐ SOE, Inc. (18-23578) | |
| ☐ A&E Factory Service, LLC (18-23543) | ☐ Sears Home Improvement Products, Inc. (18-23555) | ☐ KBL Holding Inc. (18-23567) | ☐ StarWest, LLC (18-23579) | |
| ☐ A&E Home Delivery, LLC (18-23544) | ☐ Sears Insurance Services, L.L.C. (18-23556) | ☐ KLC, Inc. (18-23568) | ☐ STI Merchandising, Inc. (18-23580) | |
| ☐ A&E Lawn & Garden, LLC (18-23545) | ☐ Sears Procurement Services, Inc. (18-23557) | ☐ Sears Protection Company (Florida), L.L.C. (18-23569) | ☐ Troy Coolidge No. 13, LLC (18-23581) | |
| ☐ A&E Signature Service, LLC (18-23546) | ☐ Sears Protection Company (18-23558) | ☐ Kmart of Washington LLC (18-23570) | ☐ BlueLight.com, Inc. (18-23582) | |
| ☐ FBA Holdings Inc. (18-23547) | ☐ Sears Protection Company (PR) Inc. (18-23559) | ☐ Kmart Stores of Illinois LLC (18-23571) | ☐ Sears Brands, L.L.C. (18-23583) | |
| ☐ Innovel Solutions, Inc. (18-23548) | ☐ Sears Roebuck Acceptance Corp. (18-23560) | ☐ Kmart Stores of Texas LLC (18-23572) | ☐ Sears Buying Services, Inc. (18-23584) | |

MMLID: 4787000

*Original Claim*
*sent 10/4/18*

*Sears/Kmart Corporation CLAIM # L160175089*

## Proof of Claim

*Settlement Date 10/4/18*

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

### Part 1: Identify the Claim

*June Kushner    Claim # L160175089 000*

**1. Who is the current creditor?**

Kushner, June    *SS# ____022-9*

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    *Levine y Weiss PLLC*

**2. Has this claim been acquired from someone else?**

☑ No    *NO*

☐ Yes. From whom?    *my Attorney ID# 27095187*

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Kushner, June
PO BOX 3097
ASTORIA NY 11103-0097

Where should payments to the creditor be sent? (if different)

*TO June Kushner (Victim) POB 3097 Astoria NY 110*

*June Kushner cell*

Contact phone    *516 353 9613*    Contact phone    *Cell 516 353 96*

Contact email    *June.Kushner50 @gmail.com*    Contact email    *June Kushner50 @gmail.com*

**4. Does this claim amend one already filed?**

☑ No

☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___ / ___ / ___
MM / DD / YYYY

*CLAIM # L160175089*    *Part settlement 18*

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☑ Yes. Who made the earlier filing?    *my Attorney Anthony Ferrante*

*Levine y Weiss 5-10 Hempstead Turnpike Suite*

Date of Settlement 10/4/19

L16101750890001

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 112 4 0 0229

June Kushner  Social Security ▬▬▬ 00229

**7. How much is the claim?** $ 21,500.00. Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

My Attorney
Anthony Ferrante
Levine ur
510 Hempstead Turnpike  West Hempstead  NY 11555

10/4/18

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Personal Injury

See Attached Documents
Claim # 16017508960)

**9. Is all or part of the claim secured?**
☐ No
☐ Yes. The claim is secured by a lien on property.

Claim # L16101750890
K MART Sears
Department Store

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe: Department Store

Claim #

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

Date of Settlement
10/4/18

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

L16101750890001

**Amount necessary to cure any default as of the date of the petition:** $ _____

Settlement Date
10/4/18
21,500

**Annual Interest Rate (when case was filed)** _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

Settlement $ 21,500.00
10/4/18

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property:



CLAIM # 21610173089

0 201

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

❏ No

☑ Yes. *Check one:*

**Amount entitled to priority**

☑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $ 21,500

❏ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

❏ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

❏ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

❏ No

☑ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.    $ 21,528.07

*June Kushner 10/4/18*

10/4/18    *Settlement date*

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

❏ I am the creditor's attorney or authorized agent.

❏ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❏ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 10/4/18 _____ (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name of the person who is completing and signing this claim:

| | | |
|---|---|---|
| Name | *June* | *J.* | *Kushner* |
| | First name | Middle name | Last name |

Title    *Victim of Accident on 9th floor*

Company    *Kmart Dept Store*

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    *POB 3097*
    Number    Street

*Astoria    NY    11103*
City    State    ZIP Code

Contact phone    *917-516-3539613*    Email    *Junekushner50@gmail.com*

page 3

Proof of Claim

Claim Number: L1610175089

Claimant: June Kushner
0001

# RELEASE OF ALL CLAIMS

The Undersigned, being of lawful age, for the sole consideration of [Twenty One Thousand Five Hundred and 00/100] ($21,500.00) to the Undersigned in hand paid, receipt whereof is hereby acknowledged, do/does hereby and for my/our/its heirs, executors, administrators, successors and assigns release, acquit and forever discharge **Kmart Corporation** ("Releasees") and their agents, servants, successors, heirs, executors, administrators and all other persons firms, corporations, associations or partnerships from any future property damage claims, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the Undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, occurrence or claim which occurred on or about the **09/29/2016** at or near **770 BROADWAY NEW YORK, NY** (the "Claim").

It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said Releasees deny liability therefore and intend merely to avoid litigation and buy their peace. The Undersigned warrants that no promise or inducement has been offered by the parties being released, except as herein set forth; that this Release is executed without reliance upon any statement or representation by the person or parties released or their representatives, or physicians, concerning the nature and extent of the injuries and damages and legal liability therefore; and that the Undersigned is of legal age, is legally competent to execute this Release, and accepts full responsibility for it. The Undersigned agrees as further consideration and inducement for this compromise settlement that the settlement and release shall apply to all unknown and unanticipated injuries and damages resulting from said Claim, as well as to those now disclosed.

It is the intent of the Undersigned, in signing this document, to release and discharge the individual persons and corporations named in this release. This Release contains the entire agreement the parties hereto. The terms of this Release are contractual and not mere recital.

The Undersigned warrants as further consideration of said sum paid that no other person, firm, corporation or government body is entitled to any claim whatsoever growing out of the aforesaid Claim. The Undersigned will indemnify and hold harmless the party or parties released from any and all other claims which might arise from the aforesaid Claim. This includes, but is not limited to, any claim by any private or public entity under the Medicare Secondary Payer Act (42 U.S.C. § 1395y (b)) as amended and the relevant regulations contained in 42 C.F.R. §411.

Since the Undersigned is currently a Medicare beneficiary, the parties acknowledge that the Federal Government may have made conditional payments to medical providers on behalf of the Undersigned. The parties have determined through information provided by the Undersigned, the Undersigned's representative, a review of Undersigned's medical bills, or, where the Medicare Secondary Payer Recovery Contractor (MSPRC) (a subcontractor for the Federal Government)

!C21063646.338-1845!

has represented in its conditional payment statement, that the conditional payments made on behalf of the Undersigned related to this claim are approximately $0.00.

Therefore, in settlement of this claim, the parties hereby agree that:

1. The amount to be paid to the claimant for the Bodily Injury portion of this claim is $21,500.00;

2. The amount the parties estimate will need to be paid to the MSPRC in satisfaction of Medicare's claim for conditional payments related to this claim is $0.00.

The parties further acknowledge that this is not a final amount and that the MSPRC will not calculate a "final demand" until after it receives the final settlement documents regarding this claim.

**Therefore, in settlement of this claim, the parties hereby agree that the settlement amount will be issued to the Undersigned and/or the Undersigned's representative in one (1) check made out jointly to the Undersigned and/or the Undersigned's representative.**

The parties further agree that the Undersigned and/or the Undersigned's representative will be responsible for resolving the conditional payments with the MSPRC and that the Released Parties have no further obligation, payment or otherwise, to the Undersigned, the Federal Government or the MSPRC.

Any amount owed to the MSPRC or the Federal Government in excess of the estimated conditional payment amount will be the sole responsibility of the Undersigned, and the Undersigned shall be responsible to the Federal Government for any claim, right, lien, or cause of action that Medicare may assert pursuant to the Medicare Secondary Payer Act (42 U.S.C. § 1395y (b)). The Undersigned further agrees to hold the Released Parties harmless and indemnify the Released Parties from any claim, lien, or cause of action brought by any entity pursuant to Medicare Secondary Payer Act (42 U.S.C. § 1395y (b)) related to this claim that exceeds the estimated lien amount.

It is not the intention of any party to this Agreement to shift responsibility of future medical benefits to the Federal Government. It is the parties' intention to comply with the Medicare Secondary Payer Act. After considering the parties' obligations according to the aforementioned statute and regulations, the parties agree that there is no risk of shifting future medical expenses to the Medicare program after the settlement of this claim because the Undersigned hereby acknowledges that no further medical treatment is needed, warranted or required with regard to any alleged injuries sustained or arising out of this accident, occurrence or claim. Taking into account the various factors of this claim including the Undersigned's alleged injuries, claimed economic losses, and claimed pain and suffering, no portion of this settlement is allocated for

!C21063646.338-1845!

future medical expenses and is therefore not a settlement contemplated by the Medicare Secondary Payer Act.

The parties in good faith do not believe that Medicare may incur any expense in the future related in any way to the claims asserted in this matter or subject to this Agreement, and any expense that Medicare may incur in this matter is too remote to calculate or reasonably foresee at the time of settlement. In addition, the Undersigned understands and agrees that any future medical treatment relating to body parts allegedly injured, sustained or arising out of this accident, occurrence or claim, or expenses incurred by the Undersigned for like or similar injuries, are the sole responsibility of the Undersigned.

Should the Centers for Medicare & Medicaid Services (CMS) (or any of its affiliates or subcontractors) submit or make any claim, allegation, investigation, or otherwise inquire about any Medicare-related expenses alleged by CMS to be associated with this claim at any time in the future, the Undersigned expressly agrees to cooperate with the (insured/defendant) or any of its agents, subsidiaries, or designees in responding to or addressing the claims raised by CMS. This includes, but is not limited to, providing the (insured/defendant) with a consent form so it can transmit and receive data to and from CMS (including medical information), providing the (insured/defendant) with details about any alleged expenses CMS claims is related to this claim, and any other information that is reasonably necessary to allow the (insured/defendant) to properly address any claim(s) by CMS.

The Undersigned releases, acquits and forever discharges the Released Parties from any claim of the action the Undersigned may have had pursuant to 42 U.S.C. § 1395y (b)(3)(A).

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

Each party to this Agreement agrees to bear their own costs and attorney's fees

Signed and delivered this ___ day of October ___

JUNE KUSHNER                                   X _____
_____
Undersigned (Print Name)

STATE   New York        }
                        }ss
COUNTY   Nassau         }

On the 4th day of October 2018, before me personally appeared June Kushner to me known to be the person(s) named herein and who executed the foregoing Release and She acknowledged to me that She voluntarily executed the same.

_____
NOTARY PUBLIC

My term expires _____

Medicare Liability Settlement Release 2.1

!C21063646.338-1845!

Form **W-9**
(Rev. December 2014)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer
## Identification Number and Certification

Give Form to the requester. Do not send to the IRS.

1. Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

LEVINE AND WISS, PLLC

2. Business name/disregarded entity name, if different from above

LEVINE AND WISS, PLLC

3. Check appropriate box for federal tax classification; check only one of the following seven boxes:

☐ Individual/sole proprietor or single-member LLC   ☑ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____

Note. For a single-member LLC that is disregarded, do not check LLC; check the appropriate box in the line above for the tax classification of the single-member owner.

☐ Other (see instructions) ▶

4. Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

(Applies to accounts maintained outside the U.S.)

5. Address (number, street, and apt. or suite no.)

510 Hempstead Turnpike, Ste 206

6. City, state, and ZIP code

West Hempstead, NY 11552

7. List account number(s) here (optional)

Requester's name and address (optional)

CLAIM Number L16101750  8

### Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

Note. If the account is in more than one name, see the instructions for line 1 and the chart on page 4 for guidelines on whose number to enter.

Social security number

| | | – | | | – | | | | |

**or**

Employer identification number

| 2 | 7 | – | 0 | 9 | 5 | 1 | 8 | 7 | 7 |

### Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. citizen or other U.S. person (defined below); and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

**Sign Here**   Signature of U.S. person ▶   Date ▶

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

Future developments. Information about developments affecting Form W-9 (such as legislation enacted after we release it) is at *www.irs.gov/fw9*.

### Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following:

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding? on page 2.*

By signing the filled-out form, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct. See *What is FATCA reporting?* on page 2 for further information.

Cat. No. 10231X

Form **W-9** (Rev. 12-2014)