**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

In re:

SEARS HOLDINGS CORPORATION, et al.

                                                   Debtors

-----------------------------------------------------------x

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

Hearing Date:  April 18, 2019, 10:00 a.m. ET
Objection Deadline: April 11, 2019, 4:00 p.m. ET

**REPLY BY DEDEAUX INLAND EMPIRE PROPERTIES IN SUPPORT OF MOTION
TO COMPEL DEBTOR IN POSSESSION TO ASSUME AND ASSIGN, OR,
ALTERNATIVELY, TO REJECT, UNEXPIRED LEASE ON REAL PROPERTY**
(Sears Contract No. S8729-73-A)

      **Dedeaux Inland Empire Properties** ("**DIEP**") submits this reply ("Reply") in support of

its motion to compel debtor in possession **Innovel Solutions, Inc., fka Sears Logistics, Inc.**

("**Innovel**" or "**Sears**" or "**Debtors**") to assume and assign, or, alternatively, to reject the

unexpired lease concerning the facility located at 5691 Philadelphia Avenue, Ontario, California

91761 ("the **Ontario Lease**" and "the **Ontario Warehouse**," respectively).  This Reply responds

to the Debtor's April 12, 2019 **"Objection"** ("Objection" or "Opposition") (Dkt. 3168) to

DIEP's motion.

## I.

## INTRODUCTION:  THE DEBTORS ARE CONTRADICTING THEMSELVES

      The Debtors' Objection does not address the substance of DIEP's motion, which has to do

with post-petition defaults on the Ontario Lease and unreasonable and disorganized delay

regarding the subject lease.  Debtors' opposition is very peculiar: they oppose DIEP's motion

because their response date falls on the expiration date of the Designation Period, but, while

- 1 -

pointing to that expiration, they do not say either that they are assuming or rejecting.  The

motion is moot, they say, because they are out of time to delay any further and, on that basis,

they oppose the motion (without ever announcing a decision).

## II.

### DEBTORS' OBJECTION FAILS TO ADDRESS
### THE SUBSTANCE OF DIEP'S MOTION

**A.  Bankruptcy Code Sections 365(d)(3) and (d)(4) (on Non-Residential Leases) Are
Even More Restrictive on Debtors Than Section 365(d)(2) (on Residential Leases)**

Debtors' objection focuses on the legal significance of DIEP's citation to § 365(d)(2)[1] (which

speaks in terms of residential leases), to the exclusion of the central point of DIEP's motion.

There are and remain significant post-petition defaults on the Ontario Lease and Debtor and its

buyers have not made any serious or useful communications to DIEP with respect to their plans

for the Ontario Warehouse.

Debtors' contention appears to be that because § 365(d)(2) speaks only about residential

leases, a bankruptcy court can never, under any circumstances, compel a debtor in possession or

Chapter 11 trustee to assume or reject a non-residential lease before the 120-day period specified

in § 365(d)(4).  Contrary to Debtors' implicit contention, however, § 365(d)(3) and (d)(4) are

more, not less, restrictive than § 365(d)(2).

With respect to § 365(d) generally, Congress itself was quite clear: As DIEP noted in its

motion, the House explained the purpose of section 365(d) was to "prevent parties in contractual

or lease relationships with a Debtor from being left in doubt concerning their status vis-a-vis the

estate."  House Report No. 95-595, 95th Cong. 1st Sess. at 348 (1977).  To that end, Congress

---

[1]All citations are to the Bankruptcy Code, 11 U.S.C., unless noted otherwise.

was clear in 365(d)(3) that a debtor or trustee must perform all post-petition obligations on a lease up to the point of assuming or rejecting it, on pain of the lessor being able to move for relief from stay and to terminate the lease.  Cf. *In re Wedtech Corp.,* 72 B.R. 464, 475 (Bankr. SDNY 1987) ruling that cause to grant or refuse a § 365(d)(4) extension of time to assume or reject a lease must be determined case by case and one of the reasons a court might deny such a motion would be a § 365(d)(3) default in rent payments.  Thus, if a court may refuse to extend time to assume or reject a lease because of a post-petition default, then a court can certainly compel a decision to assume or reject because of a post-petition default.

Debtors insist at ¶20 of their Objection (Dkt. 3168, p. 5), that this Court has "found" a debtor in possession can <u>never</u> be compelled to assume or reject a non-residential lease before expiration of any § 365(d)(4) period, citing for this premise two unpublished hearing transcripts – one from this case dated January 18, 2019 and one from May 18, 2011 in the (unrelated) *In re A&P* case.  Regrettably, Debtors did not have the courtesy to include copies of said transcripts as exhibits to their opposition, thereby violating the Second Circuit's Rule 32.1(b).

As noted above, Debtors argue that because the Court approved the 60 day "Designation Period" in the order approving the Asset Purchase Agreement (Opposition, ¶¶14-15), the period can never be shortened.  However, courts always have jurisdiction to review their prior orders. Debtor in Possession and/or their intended buyer have failed to maintain the property and safeguard it with respect to theft (see the Aggarwal Decl. in support of DIEP's motion, Dkt. 2980-1, ¶8, discussing the warning from DIEP's insurer about failure to maintain and upgrade the warehouse doors putting the warehouse in peril to thieves).  There cannot, logically, be such an absolute guarantee under § 365(d)(4), given the clear command § 365(d)(3) that a debtor in

- 3 -

possession or trustee must perform all the post-petition obligations on a lease. The Debtor in Possession's rights under the APA and § 365(d)(4) do not set aside the obligation of Debtor under § 365(d)(3) to proform all the obligations under the unexpired nonresidential real property lease until assumed or rejected.

Further, DIEP's motion to compel assumption or rejection is not solely based on the defaults under this nonresidential real property lease. There are additional facts for the Court to consider, that is that the Debtors' agent A&G Realty Partners had presented Distribution Center Deal Terms for this lease in mid-March with the proposed effective date of April 1, 2019 in reduction in future lease payments of approximately 25% and seeking forgiveness of past defaults. See exhibit B to Aggarwal Decl. DIEP rejected that proposal, Aggarwal Decl. ¶ 6. There were no communications before this "Deal Terms" sheet was sent to DIEP, and there has been little meaningful discussion or communication directly or indirectly (by filings with this court) regarding the future of this lease.

**B. Sears is Being Disingenuous Because of Its Continual Requests for Modification of Previously Ordered Deadlines**

Under § 365(d)(4) and LBR 6006-1(c), the time to assume or reject a lease cannot be extended beyond 210 days past the petition without the agreement of the landlord. This court's order of November 16, 2018 (Dkt. 776) extending the Debtors' time to assume or reject leases to May 13, 2019 was in accordance with the 210 day requirement since the order said any further extension request must be consistent with 365(d)(4)(B)(ii).

DIEP brought the instant motion precisely because it expected the Debtors would seek to extend beyond the 210 day limit without first seeking DIEP's agreement. DIEP respectfully submits its foresight was warranted, this based upon Debtors' contradictory filings, which seem

- 4 -

mainly devoted to pushing out the time horizon before important decision will be made.

As noted above, the Debtors' opposition to DIEP's motion contended it should be denied because Debtors will have (would have) had to make a decision on the assumption or rejection by April 12, 2019 (the original Designation Period).  See paragraph 21, Dkt. 3168, p. 5 "[t]he Motion is also premature, given that the Designation Period ends on [April 12, 2019, the date for Debtors' opposition]" ... [B]y the time of the hearing to be conducted on April 18, 2019 ... the Landlord will have already received the primary relief requested in the Motion, namely a decision regarding assumption or rejection of the Lease."  If this were true, then Debtors could have and should have simply announced their decision to DIEP and to the Court on April 12, 2019.  Instead, the Debtors filed an opposition premised on their contention they would make a decision by April 12, 2019 and thereby negate the motion.  Strangely, however, as of April 15, 2019, as DIEP is filing and serving the instant reply, no such decision has been communicated to it nor, to the best of its knowledge, to the Court.

Aside from the Debtors' opposition to DIEP's motion, confoundingly, Debtors have filed two other significant and confusing documents on April 12, 2019.  First, a "Notice of Amendment" to the Asset Purchase Agreement (Dkt. 3171).  This announced Debtors and Transform HoldCo had unilaterally extended the "Designation Deadline" (re lease assumptions/rejections) from April 12, 2019 to May 13, 2019.  Dkt. 3171, p.2.  (oddly, the same section of the notice says the extended date is May 3, 2019).

More confusing still, the Notice says that DIEP's lease and ten others, all of them "the subject of ... pending motions" are excluded from the Notice extending the designation deadline. This suggests to DIEP that its motion may, in fact, be moot in that the April 12, 2019 date has

passed and with the expressed exclusion of the DIEP  lease from the requested extension notice, it must, perforce, DIEP's lease be rejected as of April 12.  Whether DIEP is affected in any way by the Notice of extension, it is compelled to observe that ¶54 of the sale order (Dkt. 2507), on which the notice of extension relies, states that the asset purchase agreement can be modified by the buyer and seller without further order of the court only as to "non-material changes."  DIEP cannot speak for any other lessor, but it certainly contends a 30 day extension of the Designation Period from April 12 to May 13, 2019 (without any input from it) is a very material change.

Along with the Notice extending the designation period, the Debtors also filed a motion on April 12, 2019 to extend the exclusivity periods under which they can file a plan of reorganization and solicit acceptances of it.  The extensions sought are for two months each, respectively, from April 15  to June 12, 2019 (filing a plan) and from June 12, 2019 to August 13, 2019 (solicitation of acceptances).  Dkt. 3183.  While the extension request may not have a direct effect on the Ontario Lease, it underscores' the misgivings which led DIEP to file its motion to compel.  It may be logical and even acceptable for the Debtors and Transform HoldCo to delay certain decision making but it is not fair to counter-parties when defaults under the lease exist, there is little or no meaningful communications and unilaterally proposed terms to dramatically amend lease term.  DIEP's motion to compel is appropriate to notify the Court and other parties -in-interest that it seeks some certainty about this lease.

DIEP is further concerned the ongoing delays may become a wedge by which Sears and/or Transform attempt to force this counter party to accept changes to the Ontario Lease.  As discussed in DIEP's motion (Dkt. 2980, ¶21), neither Sears nor Transform has bothered to engage DIEP in serious conversation or negotiation about the Ontario Lease.

DIEP's patience with respect to the Ontario Lease has been met on the other side with silence and a single cursory and unacceptable proposal.  For that reason, DIEP filed the instant motion.

**III.**

**CONCLUSION**

DIEP has explained why it was compelled to bring the motion when it did so – the seemingly endless stretching away of this case and its tenant's failure to do or pay for maintenance required under the lease.

WHEREFORE,  DIEP again prays for an order compelling the Debtors immediately to either assume the Ontario Lease or reject it and DIEP prays for such other and further relief as the court deems just and appropriate.

Dated: April 15, 2019
         San Diego, CA

                          LAW OFFICE OF WILLIAM P. FENNELL, APLC


                          By: /s/William P. Fennell
                          William P. Fennell, Esq.
                          401 West A Street, Suite 1800
                          San Diego, CA 92101
                          Telephone: (619) 325-1560
                          Facsimile: (619) 325-1558
                          Email: william.fennell@fennelllaw.com

                          *Attorneys for* **Dedaux** *Inland Empire Properties*

- 7 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 15, 2019, I caused to be electronically filed the following with

the Clerk of Court using the CM/ECF system which will send notification of such filing to all

CM/ECF participants in the above-captioned case, including the Standard Parties (as defined in

the Amended Order Implementing Certain Notice and Case Management Procedures (ECF No.

405) other than those identified below:

**REPLY BY DEDEAUX INLAND EMPIRE PROPERTIES IN SUPPORT OF
MOTION TO COMPEL DEBTOR IN POSSESSION TO ASSUME AND ASSIGN,
OR, ALTERNATIVELY, TO REJECT, UNEXPIRED LEASE ON REAL
PROPERTY (Sears Contract No. S8729-73-A)**

I further certify that, on April 15, 2019, I caused a true and correct copy of the foregoing to

be served via overnight mail, postage prepaid, on the following Standard Parties:

1. the Chambers of the Honorable Judge Robert D. Drain, United States Bankruptcy

Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains,

New York 10601;

2. the Debtors, c/o Sears Holding Corporation, 3333 Beverly Road, Hoffman Estates, IL

60179 (Attn: Stephen Sitley Esq. and Luke J. Valentino, Esq.); and

3. Office of the United States Trustee, Region 2, 201 Varick Street, Suite 1006, New York,

NY 10014 (Attn: Paul Schwartzberg, Esq.).

Dated: April 15, 2019
      San Diego, CA

                                        By: /s/William P. Fennell
                                        William P. Fennell, Esq.

- 8 -