Stout Risius Ross, LLC
One South Wacker Drive, 38th Floor
Chicago, Illinois 60606
Telephone (312) 857-9000
Facsimile: (312) 857-9001

*Real Estate Consultants and Advisors for Debtors
and Debtors in Possession, Acting at the Direction
of the Restructuring Sub-Committee*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                  :        **Chapter 11**

                                                        :

**SEARS HOLDINGS CORPORATION,** *et al.*,               :        **Case No. 18-23538 (RDD)**

                                                        :

Debtors.[1]                                             :        **(Jointly Administered)**

                                                        :

-------------------------------------------------------------------x

## SUMMARY COVER SHEET TO THE FIRST INTERIM FEE

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816) The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## APPLICATION OF STOUT RISIUS ROSS, LLC, REAL ESTATE CONSULTANT AND ADVISOR FOR THE DEBTORS, FOR THE PERIOD FROM NOVEMBER 21, 2018 THROUGH AND INCLUDING FEBRUARY 28, 2019

| *General Information* | |
|---|---|
| Name of Applicant: | Stout Risius Ross, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 26, 2018, *nunc pro tunc* to November 21, 2018 |
| Prior Applications: | None |
| Period for which compensation and reimbursement is sought: | November 21, 2018 through February 28, 2019 (the "Fee Period") |

| *Summary of Fees and Expenses Sought for the Fee Period* | |
|---|---|
| Amount of Fees Sought as Actual, Reasonable, and Necessary for the Fee Period: | $173,291.00[2] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $6,960.60[3] |
| Total Fees and Expense Reimbursement Requested for the Fee Period: | $180,251.60[4] |

---

[2] The monthly fees previously requested by Stout in monthly fee statements from November 21, 2018 through February 28, 2019 totaled $175,786.00. This First Interim Fee Application deducts $2,495.00 from such monthly fees to account for inadvertent overcharges relating to non-working travel time billed on Stout's previously filed fee statements for the time periods from November 21, 2018 through February 28, 2019. As such, Stout has deducted $2,495.00 from the total fees and expenses sought for this Fee Period not yet paid.

[3] The monthly expenses previously requested by Stout in monthly fee statements from November 21, 2018 through February 28, 2019 totaled $6,964.03. This First Interim Fee Application deducts $4.03 from such monthly expenses to account for inadvertent overcharges relating to overtime meal expenses billed on Stout's previously filed fee statements for the time periods from November 21, 2018 through February 28, 2019. As such, Stout has deducted $4.03 from the total fees and expenses sought for this Fee Period not yet paid.

[4] The monthly fees and expenses previously requested by Stout in monthly fee statements from November 21, 2018 through February 28, 2019 totaled $182,750.63. This First Interim Fee Application deducts $2,499.03, in the aggregate, from such monthly fees and expenses to account for inadvertent overcharges relating to

2

| **Total Fees and Expenses Allowed Pursuant to Prior Applications** | |
|---|---|
| Total Allowed Fees Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Total Allowed Fees and Expenses Paid to Date: | N/A |

| **Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements** | |
|---|---|
| Fees Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $140,628.80 |
| Expenses Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $6,964.63 |
| Total Fees and Expenses Sought for this Fee Period Already Paid Pursuant to Monthly Fee Statements but Not Yet Allowed: | $147,593.43 |
| Total Fees and Expenses Sought for this Fee Period Not Yet Paid: | $32,658.17[5] |

This is an:  ____ monthly ___X___interim ____final application

---

inadvertent overcharges billed on Stout's previously filed fee statements for the time periods from November 21, 2018 through February 28, 2019. As such, Stout has deducted $2,499.03 from the total fees and expenses sought for this Fee Period not yet paid.

[5] As noted *supra* note 4, this number represents a deduction of $2,499.03, in the aggregate, in total fees and expenses sought for this Fee Period not yet paid to account for inadvertent overcharges billed on Stout's previously filed fee statements for the time periods from November 21, 2018 through February 28, 2019.

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Date Filed (Docket No.) | Period Covered | Total Compensation & Expenses Incurred For Period Covered | | Total Amount Previously Requested with Monthly Fee Statements | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@80%) | Expenses (@100%) | Fees | Expenses | Fees |
| January 24, 2019 (Doc 1798) | November 21, 2018 – December 31, 2018 | $146,761.50 | $4,946.18 | $117,409.20 | $4,946.18 | $117,409.20 | $4,946.18 | $29,352.30 |
| February 14, 2019 (Doc 2601) | January 1, 2019 – January 31, 2019 | $27,055.00 | $2,018.45 | $21,644.00 | $2,018.45 | $21,644.00 | $2,018.45 | $5,411.00 |
| March 11, 2019 (Doc 2793) | February 1, 2019 – February 29, 2019 | $1,969.50 | $0.00 | $1,575.60 | $0.00 | $1,575.60 | $0.00 | $393.90 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Total** | | $173,291.00[6] | $6,960.60[7] | $140,628.80 | $6,964.63 | $140,628.80 | $6,964.63 | $32,658.17[8] |

---

[6] As noted *supra* note 2, the monthly fees previously requested by Stout in monthly fee statements from November 21, 2018 through February 28, 2019 totaled $175,786.00. This First Interim Fee Application deducts $2,495.00 from such monthly fees to account for inadvertent overcharges relating to non-working travel time billed on Stout's previously filed fee statements for the time periods from November 21, 2018 through February 28, 2019. As such, Stout has deducted $2,495.00 from the total fees and expenses sought for this fee period not yet paid.

[7] As noted *supra* note 3, the monthly expenses previously requested by Stout in monthly fee statements from November 21, 2018 through February 28, 2019 totaled $6,964.03. This First Interim Fee Application deducts $4.03 from such monthly expenses to account for inadvertent overcharges relating to overtime expenses billed on Stout's previously filed fee statements for the time periods from November 21, 2018 through February 28, 2019. As such, Stout has deducted $4.03 from the total fees and expenses sought for this fee period not yet paid.

[8] As noted *supra* note 5, this number represents a deduction of $2,499.03, in the aggregate, in total fees and expenses sought for this Fee Period not yet paid to account for inadvertent overcharges billed on Stout's previously filed fee statements for the time periods from November 21, 2018 through February 28, 2019.

| SUMMARY OF TOTAL FEES BY PROFESSIONAL FOR STOUT RISIUS ROSS, LLC November 21, 2018 through February 28, 2019 | | | | |
|---|---|---|---|---|
| PROFESSIONAL | POSITION | BILLING RATE | TOTAL HOURS | TOTAL FEES ($) |
| Kevin A. Kernen | Managing Director | 505.00 | 206.60 | 104,333.00 |
| Jason J. Krentler | Managing Director | 480.00 | 13.70 | 6,576.00 |
| Joseph L. Torzewski | Managing Director | 490.00 | 62.90 | 30,821.00 |
| Kyle Williams | Ops Director | 300.00 | 10.70 | 3,210.00 |
| Charles Carr | Associate | 230.00 | 124.20 | 28,566.00 |
| Kerri L. Bonner | Assistant | 90.00 | 15.00 | 1,350.00 |
| Christina Dani | Analyst | 100.00 | 9.30 | 930.00 |
| **Total** | | | **442.40** | **$173,291.00**[9] |

**Blended Rate:**                              $     397.35

---

[9] As noted *supra* note 2, the monthly fees previously requested by Stout in monthly fee statements from November 21, 2018 through February 28, 2019 totaled $175,786.00. This First Interim Fee Application deducts $2,495.00 from such monthly fees to account for inadvertent overcharges relating to non-working travel time billed on Stout's previously filed fee statements for the time periods from November 21, 2018 through February 28, 2019. As such, Stout has deducted $2,495.00 from the total fees and expenses sought for this fee period not yet paid.

| SUMMARY OF EXPENSES BY CATEGORY FOR STOUT RISIUS ROSS, LLC November 21, 2018 through February 28, 2019 | |
|---|---|
| EXPENSE CATEGORY | AMOUNT ($) |
| Delivery | 146.00 |
| Meals | 145.22 |
| Mileage | 205.57 |
| Travel | 6,463.81 |
| **Total** | **6,960.60**[10] |

[10] The monthly expenses previously requested by Stout in monthly fee statements from November 21, 2018 through February 28, 2019 totaled $6,964.03. This First Interim Fee Application deducts $4.03 from such monthly expenses to account for inadvertent overcharges relating to overtime meal expenses billed on Stout's previously filed fee statements for the time periods from November 21, 2018 through February 28, 2019. As such, Stout has deducted $4.03 from the total fees and expenses sought for this Fee Period not yet paid.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                    :          **Chapter 11**
                                                          :
**SEARS HOLDINGS CORPORATION**, *et al.*,                 :          **Case No. 18-23538 (RDD)**
                                                          :
Debtors.[11]                                              :          **(Jointly Administered)**
                                                          :
-----------------------------------------------------------------x

### FIRST INTERIM FEE APPLICATION OF STOUT RISIUS ROSS, LLC, REAL ESTATE CONSULTANT AND ADVISOR FOR THE DEBTORS, FOR THE PERIOD FROM NOVEMBER 21, 2018 THROUGH AND INCLUDING FEBRUARY 28, 2019

Stout Risius Ross, LLC ("Stout"), for its first application, pursuant to section 330(a) and 331 of title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for interim allowance of compensation for professional services performed by Stout as real estate advisors for Sears

---

[11] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Holdings Corporation, and certain of its affiliates, as debtors and debtors in possession (the

"Debtors"), for the period commencing November 21, 2018 through and including February

28, 2019 (the "Fee Period"), and for reimbursement of its actual and necessary expenses

incurred during the Fee Period, respectfully represents:

### Preliminary Statement

Stout submits this application as an interim fee application in accordance with the *Order*

*Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* [Docket No. 796] (the "Interim Compensation Order"), [12] the *Amended*

*Guidelines for Fees and Disbursements for Professionals in Southern District of New York*

*Bankruptcy Cases Pursuant to General Order M-447* (Jan. 29, 2013) (the "Local Guidelines"),

and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and*

*Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "UST Guidelines," and, together

with the Local Guidelines, the "Fee Guidelines").

On November 16, 2018, this Court entered the Interim Compensation Order. The

Interim Compensation Order provides that when seeking compensation for services rendered,

professionals must submit monthly fee statements to certain notice parties.  Each person

receiving a statement has fifteen (15) days after its receipt to review and object to such monthly

fee statements.  If no objection is made, the Debtors are authorized to pay 80% of the fees

requested (with the remaining 20% of the fees requested referred to herein as the "Holdback")

and 100% of the charges and disbursements requested.  Stout has submitted monthly fee

statements for each of the months covered by the Fee Period. The aggregate Holdback amount

---

[12] Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them
in the Interim Compensation Order.

for the Fee Period is $32,658.17 (the "First Interim Period Holdback").[13]  Stout is currently

seeking allowance of all of its fees incurred during the Fee Period and payment of the First

Interim Period Holdback.

In support of this Fee Application, Stout submits the declaration of Kevin A. Kernen,

Managing Director at Stout (the "Kernen Declaration"), which is attached hereto as **Exhibit A**

and incorporated herein by reference.[14]

### Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327(a), 328,

330, 331, and 1107(b) of the Bankruptcy Code, as supplemented by Rules 2014 and 2016 of

the Bankruptcy Rules.

### Background

3.      On October 15, 2018 (the "Petition Date"), and continuing thereafter, each of

the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code,

thereby commencing the instant cases (the "Chapter 11 Cases"). The Debtors continue to

manage and operate their businesses as debtors in possession under sections 1107 and 1108 of

the Bankruptcy Code.

4.      No trustee or examiner has been appointed in the Chapter 11 Cases. An official

committee of unsecured creditors (the "Committee") was appointed on October 24, 2018.  The

---

[13] This amount reflects a $2,499.03 deduction for inadvertent overcharges from prior monthly
statements.

Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

5.      On December 6, 2018, the Debtors' filed the *Application for an Order Authorizing the Retention and Employment of Stout Risius Ross, LLC as Real Estate Consultant and Advisor for the Debtors* Nunc Pro Tunc *to November 21, 2018* (the "Retention Application") [Docket No. 1073].  On December 26, 2018, the Bankruptcy Court entered the *Order Authorizing the Retention and Employment of Stout Risius Ross, LLC as Real Estate Consultant and Advisor for the Debtors* Nunc Pro Tunc *to November 21, 2018* (the "Retention Order") [Docket No. 1420], attached hereto as **Exhibit B.**

6.      On January 24, 2019, Stout filed the *First Monthly Fee Statement of Stout Risius Ross, LLC for Compensation Earned and Expenses Incurred for November 21, 2018 Through December 31, 2018* [Docket No.  1798].

7.      On February 14, 2019, Stout filed the *Second Monthly Fee Statement of Stout Risius Ross, LLC for Compensation Earned and Expenses Incurred for January 1, 2019 Through January 31, 2019* [Docket No.  2601].

8.      On March 11, 2019, Stout filed the *Third Monthly Fee Statement of Stout Risius Ross, LLC for Compensation Earned and Expenses Incurred for February 1, 2019 Through February 28, 2019* [Docket No.  2793].

9.      These statements (collectively, the "Monthly Fee Statements") are attached hereto as **Exhibit C**.

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

1.      Stout seeks allowance of interim compensation for professional services performed during the Fee Period in the amount of $173,291.00 and for reimbursement of

4

expenses incurred in connection with the rendition of such services in the amount of $26,315.52. During the Fee Period, Stout professionals expended a total of 442.40 hours in connection with the necessary services performed.

10.    More specifically, per the terms of the Retention Application, Stout's compensation for the real estate consulting and advisory services will be paid by the Company for the services of the Stout professionals at their customary hourly billing rates.  The Retention Application is part of the Retention Order which is attached as the previously referenced **Exhibit B)**

11.    There is no agreement or understanding between Stout and any other person, other than members of Stout, for the sharing of compensation to be received for services rendered in these cases.  During the Fee Period, Stout received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this application (other than the Debtors in accordance with the Interim Compensation Order). Since the Petition Date, Stout has been paid $140,628.80 in fees and $6,964.63 in expenses pursuant to monthly fee statements.

**Summary of Real Estate Consulting Services During the Fee Period**

12.    The Debtors selected Stout to provide real estate consulting and advisory services acting solely at the direction of restructuring sub-committee (the "Restructuring Sub-Committee") of the restructuring committee ("the Restructuring Committee") of the Company's board of directors (the "Board of Directors").  As described more fully in the Retention Application, Stout is a leading independent financial advisory firm specializing in real estate investment banking, real estate valuation advisory, and real estate dispute consulting. Stout regularly provides such services in connection with bankruptcy and reorganization matters. Stout's professionals are currently providing or have provided real estate valuation

advisory services to organizations such as financial institutions, pension funds, Fortune 500 corporations, accounting firms, developers, and law firms.

13.     The Debtors selected Stout, in part, because Stout can provide the Debtors with the necessary services as detailed in the Retention Application.  Stout has developed the experience, resources, and credentials necessary for addressing a wide range of real estate valuation issues associated with numerous property types.  Stout is well qualified to provide the Debtors' required services in light of its extensive knowledge and expertise with respect to real estate appraisal, valuation and litigation. Stout specializes in real estate valuation services including purchase price allocation, REIT reporting requirements, portfolio appraisals, net asset value analysis, sale-leaseback transaction analysis and purchase/sale advisement, and has performed real estate valuation and consulting services in bankruptcy proceedings.

14.     During the Fee Period, Stout, acting at the direction of the Restructuring Sub-Committee, has provided real estate consulting and advisory services to the Debtors, as described in more detail in the Monthly Fee Statements.  More specifically, Stout has provided the Debtors with (a) the evaluation of any real estate valuation issues raised in connection with the Restructuring Sub-Committee conflicts matters investigation (the "Investigation"), including in connection with the Seritage Transaction; (b) reviewing and critiquing the Cushman & Wakefield property level appraisals relating to the Seritage Transaction; (c) assisting in preparation for interviews, examinations and the review of documents and other materials in connection with the Investigation; (d) assisting in the preparation of reports and other documents that may be necessary in connection with the Investigation; and (e) assisting in undertaking any additional tasks or duties that the Restructuring Sub-Committee directed or that counsel determined were necessary and appropriate.

**Actual and Necessary Expenses Incurred by Stout**

15.     Stout has incurred a total of $6,960.60 in expenses in providing professional services on behalf of the Debtors during the Fee Period. These expenses were reasonable and necessary to perform its real estate consulting services in a timely and efficient manner.

**The Requested Compensation Should be Allowed**

16.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—

(a)     the time spent on such services;

(b)     the rates charged for such services;

(c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(e)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(f)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id* § 330(a)(3).

17.     In the instant case, Stout submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this application were necessary for and beneficial to the preservation and maximization of value of all stakeholders. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

18.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and the nature and extent of Stout's services provided. Further, the professional services were performed skillfully and efficiently.

19.     In sum, the services rendered by Stout were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner given the complexity, importance, and the nature and extent of Stout's services provided. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **Notice**

20.     Notice of this Motion shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail:

paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov);
(iv) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer &
Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email:
pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne
Brauner (email: sbrauner@akingump.com); and (v) counsel to Bank of America, N.A.,
Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention:
Paul  D.  Leake  (email:  paul.leake@skadden.com),  Shana  A.  Elberg  (email:
shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com)
(collectively, the "Notice Parties").

### No Prior Request

21.     No prior application for the relief requested herein has been made to this or any
other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, Stout respectfully requests that the Court enter an order: (a) awarding Stout compensation for professional and paraprofessional services provided during the Fee Period in the amount of $173,291.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $6,960.60; (b) authorizing and directing the Debtors to remit payment to Stout for such fees and expenses, to the extent not already paid; and (c) granting such other relief as is appropriate under the circumstances.

Dated:  April 15, 2019

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

Real Estate Consultants and
Advisors to the Debtors and
Debtors in Possession

## **Exhibit A**

## **Kernen Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

In re:                                              :          **Chapter 11**
                                                    :
**SEARS HOLDINGS CORPORATION,** *et al.*,           :          **Case No. 18-23538 (RDD)**
                                                    :
Debtors. [1]                                         :          **(Jointly Administered)**
                                                    :
-------------------------------------------------------------------x

**CERTIFICATION OF KEVIN KERNEN IN SUPPORT OF FIRST APPLICATION OF
STOUT RISIUS ROSS, LLC, REAL ESTATE CONSULTANT AND ADVISOR FOR
THE DEBTORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL
AND NECESSARY EXPENSES INCURRED FROM
NOVEMBER 21, 2018 THROUGH AND INCLUDING FEBRUARY 28, 2019**

I, Kevin Kernen, hereby certify that:

1.      I am a Managing Director with the applicant firm, Stout Risius Ross, LLC with

responsibility for the chapter 11 cases of Sears Holdings Corporation and certain of its affiliates,

as debtors and debtors in possession (the "Debtors"), and compliance with the *Order Authorizing*

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket

No. 796] (the "Interim Compensation Order"), the *Amended Guidelines for Fees and*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); Sears Brands Management Corporation (5365), and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Disbursements for Professionals in Southern District of New York Bankruptcy Cases Pursuant to General Order M-447* (Jan. 29, 2013) (the "Local Guidelines"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "UST Guidelines," and, together with the Local Guidelines, the "Fee Guidelines").

1. Pursuant to section B(1) of the Local Guidelines, I certify that:

   a. I have read the Application;

   b. to the best of my knowledge, information, and belief formed after reasonable inquiry, the fee and disbursements sought fall within the Local Guidelines;

   c. the fee and disbursements sought are billed at rates in accordance with those customarily charged by Stout and generally accepted by Stout clients; and

   d. in providing a reimbursable service, Stout does not make a profit on that service, whether the service is performed by Stout in-house or through a third party.

2. Pursuant to section B(2) of the Local Guidelines, I certify that Stout has previously provided monthly statements of Stout's fees and disbursements by filing and serving monthly statements in accordance with the Interim Compensation Order (as defined in the application).

3. Pursuant to section B(3) of the Local Guidelines, I certify that Stout has provided the U.S. Trustee and the Debtors with a statement of Stout's fees and expenses incurred during the Fee Period.

*[Remainder of page intentionally left blank]*

Dated: April 15, 2019

New York, New York

By: _____

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

**<u>Exhibit B</u>**

**<u>Retention Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re:                                        :        **Chapter 11**
                                              :
**SEARS HOLDINGS CORPORATION**, *et al.*,     :        **Case No. 18-23538 (RDD)**
                                              :
        **Debtors.** [1]                      :        **(Jointly Administered)**
                                              :
-------------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
### OF STOUT RISIUS ROSS, LLC AS REAL ESTATE CONSULTANT AND
### ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO NOVEMBER 21, 2018

Upon the retention application (the "Retention Application") of Sears Holdings

Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "Debtors"), pursuant to sections 327(a) and 328 of title 11 of

the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules of the Southern District of New York (the "Local Rules") for entry of an order

authorizing the Debtors to retain and employ Stout Risius Ross, LLC ( "Stout"), as their real

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart
Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc.
(6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC
(5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart
Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears
Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home
Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc.
(2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck
Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs
LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327);
Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc.
(1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC
(8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing
Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None);
SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None);
BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC
(9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management
Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman
Estates, Illinois 60179.

estate consultant and advisor, in accordance with the terms and conditions set forth in that certain

engagement letter dated as of November 21, 2018 attached to the Retention Application as

**Exhibit C** (including any amendments and schedules thereto, the "Engagement Letter"), *nunc*

*pro tunc* to November 21, 2018, all as more fully set forth in the Retention Application; and

upon the Declaration of Kevin Kernen in support of the Retention Application (the "Kernen

Declaration"); and the Court having jurisdiction to consider the Retention Application and the

relief requested therein pursuant to 28 U.S.C. §§ 157(a0-(b) and 1334(b) and the *Amended*

*Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of

the Retention Application and the requested relief being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the relief sought in the Retention Application having been provided,

such notice having been adequate and appropriate under the circumstances, and it appearing that

no other or further notice need be provided; and there being no objections to the requested relief;

and no hearing being required under the circumstances; and, based on the representations made

in the Retention Application and in the Kernen Declaration, it appearing that Stout is a

"disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code and, as

required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither

represents nor holds an interest adverse to the Debtors or their estates; and the Court having

found and determined that the terms and conditions of Stout's employment, including but not

limited to the fees set forth in the Engagement Letter and summarized in the Retention

Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court

having determined that the legal and factual bases set forth in the Retention Application establish

just cause for the relief granted herein; and the Court having determined that the relief requested

in the Retention Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

1.      The Retention Application is granted to the extent set forth herein.

2.      The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1 to employ and retain Stout as real estate consultant and advisor, acting at the direction of the Restructuring Sub-Committee with respect to all RSC Conflict Matters in accordance with the terms and conditions set forth in the Engagement Letter, including the Indemnification Provisions and the fees, annexed to the Retention Application as **Exhibit C**, *nunc pro tunc* to November 21, 2018, and to pay fees and reimburse expenses to Stout on the terms and times set forth in the Engagement Letter as modified hereby.

3.      The terms of the Engagement Letter are reasonable terms and conditions of employment and are approved, as hereinafter modified.

4.      Notwithstanding anything to the contrary in the Engagement Letter, the Application, or the Kernen Declaration, to the extent that the Debtors request Stout to perform any services other than those detailed in the Engagement Letter, the Debtors shall seek further application for an order of approval by the Court for a supplement to the retention and any related modifications to the Engagement Letter and such application shall set forth, in addition to the additional services to be performed, the additional fees sought to be paid.

5.      Stout shall be compensated and reimbursed for out-of-pocket expenses pursuant to section 328 of the Bankruptcy Code in accordance with the terms of the Engagement Letter, and all fees and out-of-pocket expense reimbursements to be paid to Stout shall be subject

3

to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy

Code, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code,

except as set forth herein. Stout shall be compensated in accordance with this Court's *Order*

*Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* [Docket No. 796].

   6. Stout shall file interim and final fee applications for the allowance of

compensation for services rendered and reimbursement of expenses incurred (including the

reasonable fees, disbursements and other charges of Stout's counsel (which counsel shall not be

required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise)) in

accordance with sections 330 and 331 of the Bankruptcy Code, as the case may be, and the

applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and orders of this

Court.

   7. Notwithstanding anything to the contrary contained herein, the U.S.

Trustee shall have the right to object to Stout's interim and final applications for compensation

and reimbursement of out-of-pocket expenses based on the reasonableness standard in section

330 of the Bankruptcy Code.

   8. Stout shall include in its fee applications, among other things, time records

setting forth, in summary format, a description of the services rendered by each professional, and

the amount of time spent on each date by each such individual in rendering services on behalf of

the Debtors.

   9. The Debtors shall be bound by the indemnification, contribution,

reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify

4

and hold harmless Stout, pursuant to the Engagement Letter, subject, during the pendency of

these Chapter 11 cases, to the following:

> (a)     All requests by Stout for the payment of indemnification, contribution or otherwise as set forth in the Engagement Letter during the pendency of these Chapter 11 Cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided that in no event shall Stout be indemnified in the case of its own gross negligence, bad faith, or willful misconduct. In no event shall Stout be indemnified if the Debtor or a representative of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, Stout's own bad-faith, self-dealing, gross negligence, or willful misconduct.

> (b)     In the event Stout seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Stout's own applications, both interim and final, and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10.     To the extent that there may be any inconsistency between the terms of the

Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

11.     The Debtors are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order.

12.     Notice of the Retention Application as provided therein shall be deemed

good and sufficient notice of such Retention Application and the requirements of the Local Rules

are satisfied by such notice.

13.     The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

5

14.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

15.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

16.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:    White Plains, New York
          December 26, 2018

                              /s/ Robert D. Drain
                              THE HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE

## Exhibit C

**Monthly Fee Statements**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| Debtors. [1] | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------------x

### FIRST MONTHLY FEE STATEMENT OF STOUT RISIUS ROSS, LLC FOR COMPENSATION EARNED AND EXPENSES INCURRED FOR NOVEMBER 21, 2018 THROUGH DECEMBER 31, 2018

| | |
|---|---|
| Name of Applicant: | Stout Risius Ross, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 26, 2018, *nunc pro tunc* to November 21, 2018 |
| Period for which compensation and reimbursement is sought: | November 21, 2018 through December 31, 2018 |
| Monthly Fees Incurred: | $146,761.50 |
| 20% Holdback: | $29,352.30 |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| | |
|---|---|
| Total Compensation Less 20% Holdback: | $117,409.20 |
| Monthly Expenses Incurred: | $4,946.18 |
| Total Fees and Expenses Due: | $122,355.38 |

This is a: __X__ monthly ____ interim _____ final application

In accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796] (the "Interim Compensation Order"),[2] Stout Risius Ross, LLC ("Stout") hereby submits this first monthly fee statement (the "First Monthly Fee Statement"), seeking compensation for services rendered and reimbursement of expenses incurred as real estate consultant and advisor to the Debtors, for the period from November 21, 2018 through December 31, 2018 (the "First Monthly Fee Period"). By this First Monthly Fee Statement, Stout seeks payment in the amount of $122,355.38, which comprises (i) $117,409.20, representing eighty percent (80%) of the total amount of compensation sought for actual and necessary services rendered during the First Monthly Fee Period, and (ii) reimbursement of $4,946.18, representing one hundred percent (100%) of actual and necessary expenses incurred in connection with such services.

### Services Rendered and Expenses Incurred

Attached are the following schedules in support of this First Monthly Fee Statement:

- Exhibit A - Time Detail by Date by Professional

- Exhibit B – Summary of Time Detail by Professional

- Exhibit C – Expense Detail by Date by Professional

- Exhibit D – Summary of Expense Detail by Category.

---

[2]    Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

### Notice and Objection Procedures

Notice of this First Monthly Fee Statement shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (v) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "Notice Parties").

Objections to this First Monthly Fee Statement, if any, must be filed with the Court and served upon the Notice Parties so as to be received no later than **February 8, 2019** (the "Objection Deadline"), setting forth the nature of the objection and the amount of fees or expenses at issue (an "Objection").

3

If no objections to this First Monthly Fee Statement are filed and served as set forth above, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified herein.

If an objection to this First Monthly Fee Statement is received on or before the Objection Deadline, the Debtors shall withhold payment of that portion of this First Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth above.  To the extent such an objection is not resolved, it shall be preserved and scheduled for consideration at the next interim fee application hearing to be heard by the Court.

*[Remainder of page intentionally left blank]*

4

Dated: January 24, 2019

Kevin Kernen
Managing Director
Stout Risius Ross, LLC



January 24, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Dear Sir or Madam,

Pursuant to the Bankruptcy Court's Order authorizing the retention of Stout Risius Ross, LLC ("Stout") as real estate consultant and advisor to Sears Holdings Corporation and its affiliated debtors and debtors in possession (the "Debtor"), acting solely at the discretion of the restructuring sub-committee (the "RSC"), with respect to all RSC Conflict Matters *Nunc Pro Tunc* to November 21, 2018, dated December 26, 2018 (the "Retention Order") and the engagement letter between Stout and the Debtor dated November 21, 2018 (the "Engagement Letter"), Stout submits this statement detailing professional fees and expenses in connection with the work completed on behalf of the Debtor for the period from November 21, 2018 through December 31, 2018 (the "Covered Period").

During the Covered Period, Stout rendered professional services totaling $146,761.50 and incurred expenses related to these services in the amount of $4,946.18. Stout is eligible for payment of 80% of the fees incurred and 100% of the expenses incurred pending the fifteen (15) day objection period. Accordingly, the total amount payable herein pending no objections is $122,355.38.

Attached are the following schedules in support of this monthly statement:

- Exhibit A – Time Detail by Date by Professional
- Exhibit B – Summary of Time Detail by Professional
- Exhibit C – Expense Detail by Date by Professional
- Exhibit D – Summary of Expense Detail by Category

Please do not hesitate to contact me with any questions or concerns.

Sincerely,

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



January 24, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

In Reference To:      Sears Holdings Corporation Bankruptcy - Seritage Properties
Matter #:            4039415
Invoice #:           122521

|                                        | Amount       |
|----------------------------------------|--------------|
|                                        |              |
| For Professional Services Rendered     | $146,761.50  |
| Total Out-Of-Pocket Expenses           | $4,946.18    |
| Total Amount of This Bill              | $151,707.68  |
| Previous Balance                       | $0.00        |
| Balance Due (80% Fees + 100% Expenses) | $122,355.38  |

Please include the matter number and invoice number with your payment. If you have any
questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:          **STOUT RISIUS ROSS, LLC**
                                                  P.O. Box 71770
                                                  Chicago, IL 60694-1770

Payments may be made electronically to:           **STOUT RISIUS ROSS, LLC**
                                                  BMO Harris Bank
                                                  ACH ABA Number 071000288
                                                  Wire ABA Number 071000288
                                                  Account Number 3998895

**Invoice Payable Upon Receipt**
**Fed ID 38-3003685**
Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting

 

**Exhibit A**

Invoice Date: 01/24/2019                 Invoice #: 122521                 Matter #: 4039415

## Professional Charges

In Reference To:   Sears Holdings Corporation Bankruptcy - Seritage Properties

| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 11/21/18 | Kyle Williams | Conflict check and internal meetings re engagement options | 1.20 | 300.00 | 360.00 |
| 11/23/18 | Kevin A. Kernen | Market Research | 1.00 | 505.00 | 505.00 |
| 11/24/18 | Kyle Williams | Conflict Check Reviews | 2.50 | 300.00 | 750.00 |
| 11/25/18 | Kevin A. Kernen | Phone call with counsel | 0.30 | 505.00 | 151.50 |
| 11/25/18 | Kevin A. Kernen | Document (Cushman & Wakefield Appraisal) review and analysis | 2.50 | 505.00 | 1,262.50 |
| 11/26/18 | Kevin A. Kernen | Phone call with counsel | 0.50 | 505.00 | 252.50 |
| 11/26/18 | Kevin A. Kernen | Document (Cushman & Wakefield Appraisal) review and analysis | 3.00 | 505.00 | 1,515.00 |
| 11/26/18 | Kyle Williams | Conflict Check Reviews | 2.00 | 300.00 | 600.00 |
| 11/27/18 | Kevin A. Kernen | Document (Cushman & Wakefield Appraisal) review and analysis | 2.50 | 505.00 | 1,262.50 |
| 11/27/18 | Joseph L. Torzewski | Document (Cushman & Wakefield Appraisal) review and analysis | 1.50 | 490.00 | 735.00 |
| 11/27/18 | Kyle Williams | Conflict Check | 1.70 | 300.00 | 510.00 |
| 11/28/18 | Kevin A. Kernen | Document (Cushman & Wakefield Appraisal) review and analysis (5.6 hours) call with counsel (.4 hours) | 6.00 | 505.00 | 3,030.00 |
| 11/28/18 | Joseph L. Torzewski | Document (Cushman & Wakefield Appraisal) review and analysis | 2.25 | 490.00 | 1,102.50 |
| 11/28/18 | Christina Dani | Internal discussion re: methods for searching conflicts | 0.50 | 100.00 | 50.00 |



| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 11/28/18 | Christina Dani | Work on conflicts spreadsheet/perform conflict searches in ELM | 1.20 | 100.00 | 120.00 |
| 11/29/18 | Kevin A. Kernen | Document (Cushman & Wakefield Appraisal) review and analysis (4.8 hours); Market research (2.0 hours); Call with counsel (.4) | 7.20 | 505.00 | 3,636.00 |
| 11/29/18 | Joseph L. Torzewski | Document (Cushman & Wakefield Appraisal) review and analysis (2.4 hours) call with counsel (.4 hours) | 2.80 | 490.00 | 1,372.00 |
| 11/29/18 | Kyle Williams | Conflict Check and EL Review | 1.40 | 300.00 | 420.00 |
| 11/29/18 | Christina Dani | Work on conflicts spreadsheet/perform conflict searches in ELM | 1.50 | 100.00 | 150.00 |
| 11/30/18 | Kevin A. Kernen | Document (Cushman & Wakefield Appraisal) review and analysis (6.5 hours) call with counsel (.5 hours) | 7.00 | 505.00 | 3,535.00 |
| 11/30/18 | Joseph L. Torzewski | Document (Cushman & Wakefield Appraisal) review and analysis (5.0 hours) call with counsel (.5 hours) | 5.50 | 490.00 | 2,695.00 |
| 11/30/18 | Kyle Williams | Fee app review and discussion with counsel | 1.20 | 300.00 | 360.00 |
| 11/30/18 | Christina Dani | Work on conflicts spreadsheet/perform conflict searches in ELM | 1.20 | 100.00 | 120.00 |
| 12/01/18 | Kevin A. Kernen | Document (appraisal) review and analysis | 9.50 | 505.00 | 4,797.50 |
| 12/01/18 | Kyle Williams | Fee app review - conflict checking | 0.70 | 300.00 | 210.00 |
| 12/01/18 | Kerri L. Bonner | Engagement administration / Conflict Checks | 4.00 | 90.00 | 360.00 |
| 12/02/18 | Kevin A. Kernen | Document (appraisal review) and analysis | 2.00 | 505.00 | 1,010.00 |
| 12/03/18 | Kevin A. Kernen | Phone call with counsel | 0.40 | 505.00 | 202.00 |





| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 12/03/18 | Kevin A. Kernen | Document (appraisal) review and analysis Market research | 7.20 | 505.00 | 3,636.00 |
| 12/03/18 | Joseph L. Torzewski | Document review and analysis | 4.75 | 490.00 | 2,327.50 |
| 12/03/18 | Charles Carr | Call with counsel (.4) and review of Cushman & Wakefield reports (4.8) | 5.20 | 230.00 | 1,196.00 |
| 12/03/18 | Kerri L. Bonner | Engagement administration / Conflict Checks | 8.00 | 90.00 | 720.00 |
| 12/03/18 | Christina Dani | Work on conflicts spreadsheet/perform conflict searches in ELM | 2.40 | 100.00 | 240.00 |
| 12/04/18 | Kevin A. Kernen | Document (appraisal) review, research, and analysis. | 5.70 | 505.00 | 2,878.50 |
| 12/04/18 | Joseph L. Torzewski | Document (appraisal) review and analysis | 2.00 | 490.00 | 980.00 |
| 12/04/18 | Charles Carr | Review of Cushman & Wakefield reports | 8.70 | 230.00 | 2,001.00 |
| 12/04/18 | Kerri L. Bonner | Engagement administration / Conflict Checks | 2.00 | 90.00 | 180.00 |
| 12/04/18 | Kerri L. Bonner | Engagement administration / Conflict Checks | 1.00 | 90.00 | 90.00 |
| 12/04/18 | Christina Dani | Work on conflicts spreadsheet/perform conflict searches in ELM | 2.00 | 100.00 | 200.00 |
| 12/05/18 | Kevin A. Kernen | Travel to New York and meeting with counsel and client | 15.00 | 505.00 | 7,575.00 |
| 12/05/18 | Joseph L. Torzewski | Meetings with Client and Counsel in NYC | 17.00 | 490.00 | 8,330.00 |
| 12/05/18 | Charles Carr | Review of Cushman & Wakefield reports | 8.00 | 230.00 | 1,840.00 |
| 12/05/18 | Christina Dani | Finalize conflicts spreadsheet for submission | 0.50 | 100.00 | 50.00 |
| 12/06/18 | Kevin A. Kernen | Document (D&P and CW Appraisal) review and analysis | 4.10 | 505.00 | 2,070.50 |

18-23538-rdd    Doc 1798    Filed 01/24/19    Entered 01/24/19 17:12:41    Main Document
Pg 11 of 18



| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 12/06/18 | Kevin A. Kernen | Market research - Seritage properties | 1.00 | 505.00 | 505.00 |
| 12/06/18 | Joseph L. Torzewski | Market research and analysis | 3.00 | 490.00 | 1,470.00 |
| 12/06/18 | Charles Carr | Review of Cushman & Wakefield reports | 9.30 | 230.00 | 2,139.00 |
| 12/07/18 | Kevin A. Kernen | Document (appraisal review); Preparation of questions for Cushman & Wakefield interview | 7.00 | 505.00 | 3,535.00 |
| 12/07/18 | Joseph L. Torzewski | Document (appraisal) review and analysis | 2.50 | 490.00 | 1,225.00 |
| 12/07/18 | Charles Carr | Review of Cushman & Wakefield reports | 3.50 | 230.00 | 805.00 |
| 12/08/18 | Kevin A. Kernen | Review of appraisals and assisting counsel in preparation for Cushman & Wakefield interview | 5.30 | 505.00 | 2,676.50 |
| 12/09/18 | Kevin A. Kernen | Document (appraisal) review | 3.50 | 505.00 | 1,767.50 |
| 12/10/18 | Kevin A. Kernen | Document (appraisal) review and valuation analysis | 4.20 | 505.00 | 2,121.00 |
| 12/10/18 | Joseph L. Torzewski | Review documents and appraisals, and perform analysis | 3.50 | 490.00 | 1,715.00 |
| 12/10/18 | Charles Carr | Valuation analysis | 9.00 | 230.00 | 2,070.00 |
| 12/11/18 | Kevin A. Kernen | Valuation analysis | 7.50 | 505.00 | 3,787.50 |
| 12/11/18 | Joseph L. Torzewski | Document review and valuation analysis | 7.00 | 490.00 | 3,430.00 |
| 12/11/18 | Charles Carr | Valuation analysis | 8.70 | 230.00 | 2,001.00 |
| 12/12/18 | Kevin A. Kernen | Appraisal review and valuation analysis | 9.30 | 505.00 | 4,696.50 |
| 12/12/18 | Jason J. Krentler | Valuation Analysis | 6.30 | 480.00 | 3,024.00 |
| 12/12/18 | Joseph L. Torzewski | Review documents and prepare valuation analysis | 6.00 | 490.00 | 2,940.00 |
| 12/12/18 | Charles Carr | Portfolio valuation and analysis, write report, and provide client support for Cushman & Wakefield interview. | 11.20 | 230.00 | 2,576.00 |



| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 12/13/18 | Kevin A. Kernen | Cushman & Wakefield interview in NYC, meeting with counsel | 12.50 | 505.00 | 6,312.50 |
| 12/13/18 | Jason J. Krentler | Valuation Analysis | 2.70 | 480.00 | 1,296.00 |
| 12/13/18 | Charles Carr | Preparation of report | 9.90 | 230.00 | 2,277.00 |
| 12/14/18 | Kevin A. Kernen | Report preparation, call with counsel and client | 4.10 | 505.00 | 2,070.50 |
| 12/14/18 | Jason J. Krentler | Valuation Analysis | 2.50 | 480.00 | 1,200.00 |
| 12/14/18 | Joseph L. Torzewski | Preparation of report | 1.00 | 490.00 | 490.00 |
| 12/14/18 | Charles Carr | Preparation of report (7.0); call with counsel (0.3) | 7.30 | 230.00 | 1,679.00 |
| 12/17/18 | Jason J. Krentler | Appraisal review | 2.20 | 480.00 | 1,056.00 |
| 12/17/18 | Joseph L. Torzewski | Market research and valuation analysis | 1.10 | 490.00 | 539.00 |
| 12/17/18 | Charles Carr | Preparation of report | 7.70 | 230.00 | 1,771.00 |
| 12/18/18 | Kevin A. Kernen | Preparation of report | 7.30 | 505.00 | 3,686.50 |
| 12/18/18 | Joseph L. Torzewski | Preparation of report | 2.00 | 490.00 | 980.00 |
| 12/18/18 | Charles Carr | Preparation of report | 8.50 | 230.00 | 1,955.00 |
| 12/19/18 | Kevin A. Kernen | Preparation of report | 3.10 | 505.00 | 1,565.50 |
| 12/19/18 | Joseph L. Torzewski | Preparation of report | 1.00 | 490.00 | 490.00 |
| 12/19/18 | Charles Carr | Preparation of report | 2.60 | 230.00 | 598.00 |
| 12/20/18 | Kevin A. Kernen | Calls with counsel (1.4) Document (Cushman & Wakefield Appraisal) review (2.0) | 3.40 | 505.00 | 1,717.00 |
| 12/20/18 | Charles Carr | Call with counsel (1.4); research (1.4) | 2.80 | 230.00 | 644.00 |
| 12/21/18 | Kevin A. Kernen | Engagement administration - document review/management | 1.10 | 505.00 | 555.50 |
| 12/26/18 | Kevin A. Kernen | Document review | 1.00 | 505.00 | 505.00 |
| 12/27/18 | Kevin A. Kernen | Valuation analysis | 3.20 | 505.00 | 1,616.00 |
| 12/27/18 | Charles Carr | Valuation analysis and market research | 3.20 | 230.00 | 736.00 |





| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 12/28/18 | Kevin A. Kernen | Property ownership research | 7.10 | 505.00 | 3,585.50 |
| 12/28/18 | Charles Carr | Property ownership research | 6.80 | 230.00 | 1,564.00 |
| Total | | | 378.50 | | $146,761.50 |





**Exhibit B**

## Professional Charges Summary

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Kevin A. Kernen | Managing Dir. | 154.50 | 505.00 | 78,022.50 |
| Joseph L. Torzewski | Managing Dir. | 62.90 | 490.00 | 30,821.00 |
| Jason J. Krentler | Managing Dir. | 13.70 | 480.00 | 6,576.00 |
| Kyle Williams | Ops Director | 10.70 | 300.00 | 3,210.00 |
| Charles Carr | Associate | 112.40 | 230.00 | 25,852.00 |
| Christina Dani | Analyst | 9.30 | 100.00 | 930.00 |
| Kerri L. Bonner | Assistant | 15.00 | 90.00 | 1,350.00 |

| Total Professional Charges | | | | $146,761.50 |
|---|---|---|---|---|





**Exhibit C**

| | | | Out-Of-Pocket Expenses | | | |
|---|---|---|---|---|---|---|
| | | | | Quantity | Rate | Amount |
| 12/03/18 | JLT | | Chargeable - Travel Round trip airfare from IAH to NYC for client meetings. | 1.00 | 1,274.40 | 1,274.40 |
| 12/03/18 | KAK | | Chargeable - Travel Flight to NYC for meeting with counsel and client | 1.00 | 1,186.40 | 1,186.40 |
| 12/05/18 | KAK | | Chargeable - Travel Cost of Uber from airport to office while traveling to New York for meeting with counsel and client | 1.00 | 53.31 | 53.31 |
| 12/05/18 | EOM | | Chargeable - Delivery Vendor: Federal Express Corporation - - Shipping charges | 1.00 | 110.90 | 110.90 |
| 12/05/18 | JLT | | Chargeable - Travel Uber while in NYC for meetings. | 1.00 | 60.14 | 60.14 |
| 12/05/18 | JLT | | Chargeable - Travel Uber while in NYC for meetings. | 1.00 | 81.18 | 81.18 |
| 12/05/18 | JLT | | Chargeable - Travel Parking at IAH while in NYC for client meeting. | 1.00 | 22.00 | 22.00 |
| 12/05/18 | JLT | | Chargeable - Meals Meal while attending meeting. | 1.00 | 13.27 | 13.27 |
| 12/05/18 | JLT | | Chargeable - Meals Meal while attending meeting. | 1.00 | 22.64 | 22.64 |
| 12/05/18 | KAK | | Chargeable - Meals Lunch for Kevin Kernen and Joe Torzewski while traveling to New York for meeting with counsel and client | 2.00 | 11.59 | 23.17 |
| 12/05/18 | KAK | | Chargeable - Travel Airport parking while traveling to New York for meeting with counsel and client | 1.00 | 24.00 | 24.00 |
| 12/05/18 | KAK | | Chargeable - Mileage Mileage to/from airport while traveling to New York for meeting with counsel and client | 1.00 | 59.71 | 59.71 |
| 12/05/18 | KAK | | Chargeable - Meals Meal at | 1.00 | 9.00 | 9.00 |





| | | | | | |
|---|---|---|---|---|---|
| | | airport while traveling to New York for meeting with counsel and client. | | | |
| 12/07/18 | JLT | Chargeable - Mileage Round trip to IAH for client meeting. | 1.00 | 21.80 | 21.80 |
| 12/08/18 | KAK | Chargeable - Travel Flight to NYC for meeting with counsel and Cushman & Wakefield interview | 1.00 | 1,186.40 | 1,186.40 |
| 12/12/18 | KAK | Chargeable - Travel Uber from airport to hotel for travel to NYC for Cushman & Wakefield interview | 1.00 | 38.17 | 38.17 |
| 12/12/18 | KAK | Chargeable - Mileage Mileage to airport for travel to NYC for Cushman & Wakefield interview | 1.00 | 28.89 | 28.89 |
| 12/12/18 | EOM | Chargeable - Delivery Vendor: Federal Express Corporation - - Shipping charges | 1.00 | 35.10 | 35.10 |
| 12/13/18 | KAK | Chargeable - Travel taxi to airport Mileage while traveling from NYC for Cushman & Wakefield interview | 1.00 | 52.80 | 52.80 |
| 12/13/18 | KAK | Chargeable - Mileage Mileage from airport for travel to NYC for Cushman & Wakefield interview | 1.00 | 28.89 | 28.89 |
| 12/13/18 | KAK | Chargeable - Travel Hotel cost while traveling to NYC for Cushman & Wakefield interview | 1.00 | 551.47 | 551.47 |
| 12/13/18 | KAK | Chargeable - Meals Dinner while traveling to NYC for Cushman & Wakefield interview | 1.00 | 14.54 | 14.54 |
| 12/13/18 | KAK | Chargeable - Travel airport parking while traveling to NYC for Cushman & Wakefield interview | 1.00 | 48.00 | 48.00 |
| | | **Total Out-Of-Pocket Expenses** | | | **$4,946.18** |





**Exhibit D**

| Out-Of-Pocket Expenses | |
|---|---|
| | Total |
| Chargeable - Meals | 82.62 |
| Chargeable - Mileage | 139.29 |
| Chargeable - Travel | 4,578.27 |
| Chargeable - Delivery | 146.00 |
| | |
| Total Out-Of-Pocket Expenses | $4,946.18 |



January 24, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

| In Reference To: | Sears Holdings Corporation Bankruptcy - Seritage Properties |
|---|---|
| Matter #: | 4039415 |
| Invoice #: | 122521 |

| | Amount |
|---|---|
| For Professional Services Rendered | $146,761.50 |
| Total Out-Of-Pocket Expenses | $4,946.18 |
| Total Amount of This Bill | $151,707.68 |
| Previous Balance | $0.00 |
| Balance Due (80% Fees + 100% Expenses) | $122,355.38 |

Please include the matter number and invoice number with your payment. If you have any
questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:

**STOUT RISIUS ROSS, LLC**
P.O. Box 71770
Chicago, IL 60694-1770

Payments may be made electronically to:

**STOUT RISIUS ROSS, LLC**
BMO Harris Bank
ACH ABA Number 071000288
Wire ABA Number 071000288
Account Number 3998895

**Invoice Payable Upon Receipt**
Fed ID 38-3003685
Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                        :    Chapter 11
                                              :
SEARS HOLDINGS CORPORATION, *et al.*,         :    Case No. 18-23538 (RDD)
                                              :
                 Debtors. [1]                 :    (Jointly Administered)
                                              :
------------------------------------------------------------x

### SECOND MONTHLY FEE STATEMENT OF STOUT RISIUS ROSS, LLC FOR COMPENSATION EARNED AND EXPENSES INCURRED FOR JANUARY 1, 2019 THROUGH JANUARY 31, 2019

| | |
|---|---|
| Name of Applicant: | Stout Risius Ross, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 26, 2018, *nunc pro tunc* to November 21, 2018 |
| Period for which compensation and reimbursement is sought: | January 1, 2019 through January 31, 2019 |
| Monthly Fees Incurred: | $27,055.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| | |
|---|---|
| 20% Holdback: | $5,411.00 |
| Total Compensation Less 20% Holdback: | $21,644.00 |
| Monthly Expenses Incurred: | $2,018.45 |
| Total Fees and Expenses Due: | $23,662.45 |

This is a: __X__ monthly ____interim ____final application

In accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796] (the "Interim Compensation Order"),[2] Stout Risius Ross, LLC ("Stout") hereby submits this second monthly fee statement (the "Second Monthly Fee Statement"), seeking compensation for services rendered and reimbursement of expenses incurred as real estate consultant and advisor to the Debtors, for the period from January 1, 2019 through January 31, 2019 (the "Second Monthly Fee Period"). By this Second Monthly Fee Statement, Stout seeks payment in the amount of $23,662.45, which comprises (i) $21,644.00, representing eighty percent (80%) of the total amount of compensation sought for actual and necessary services rendered during the Second Monthly Fee Period, and (ii) reimbursement of $2,018.45, representing one hundred percent (100%) of actual and necessary expenses incurred in connection with such services.

### Services Rendered and Expenses Incurred

Attached are the following schedules in support of this Second Monthly Fee Statement:

- Exhibit A - Time Detail by Date by Professional
- Exhibit B – Summary of Time Detail by Professional
- Exhibit C – Expense Detail by Date by Professional

---

[2]    Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

- Exhibit D – Summary of Expense Detail by Category.

### Notice and Objection Procedures

Notice of this Second Monthly Fee Statement shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (v) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "Notice Parties").

Objections to this Second Monthly Fee Statement, if any, must be filed with the Court and served upon the Notice Parties so as to be received no later than **March 1, 2019** (the "Objection Deadline"), setting forth the nature of the objection and the amount of fees or expenses at issue (an "Objection").

3

If no objections to this Second Monthly Fee Statement are filed and served as set forth above, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified herein.

If an objection to this Second Monthly Fee Statement is received on or before the Objection Deadline, the Debtors shall withhold payment of that portion of this Second Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth above.  To the extent such an objection is not resolved, it shall be preserved and scheduled for consideration at the next interim fee application hearing to be heard by the Court.

*[Remainder of page intentionally left blank]*

Dated: February 14, 2019

Kevin Kernen
Managing Director
Stout Risius Ross, LLC



February 14, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Dear Sir or Madam,

Pursuant to the Bankruptcy Court's Order authorizing the retention of Stout Risius Ross, LLC ("Stout") as real estate consultant and advisor to Sears Holdings Corporation and its affiliated debtors and debtors in possession (the "Debtor"), acting solely at the discretion of the restructuring sub-committee (the "RSC"), with respect to all RSC Conflict Matters *Nunc Pro Tunc* to November 21, 2018, dated December 26, 2018 (the "Retention Order") and the engagement letter between Stout and the Debtor dated November 21, 2018 (the "Engagement Letter"), Stout submits this statement detailing professional fees and expenses in connection with the work completed on behalf of the Debtor for the period from January 1, 2019 through January 31, 2019 (the "Covered Period").

During the Covered Period, Stout rendered professional services totaling $27,055.00 and incurred expenses related to these services in the amount of $2,018.45. Stout is eligible for payment of 80% of the fees incurred and 100% of the expenses incurred pending the fifteen (15) day objection period. Accordingly, the total amount payable herein pending no objections is $23,662.45.

Attached are the following schedules in support of this monthly statement:

- Exhibit A – Time Detail by Date by Professional
- Exhibit B – Summary of Time Detail by Professional
- Exhibit C – Expense Detail by Date by Professional
- Exhibit D – Summary of Expense Detail by Category

Please do not hesitate to contact me with any questions or concerns.

Sincerely,

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



February 14, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

In Reference To:    Sears Holdings Corporation Bankruptcy - Seritage Properties
Matter #:           4039415
Invoice #:          123094

|  | Amount |
|---|---|
| For Professional Services Rendered | $27,055.00 |
| Total Out-Of-Pocket Expenses | $2,018.45 |
| Total Amount of This Bill | $29,073.45 |
| Previous Balance | $0.00 |
| Balance Due (80% Fees + 100% Expenses) | $23,662.45 |

Please include the matter number and invoice number with your payment. If you have any
questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:        **STOUT RISIUS ROSS, LLC**
                                                P.O. Box 71770
                                                Chicago, IL 60694-1770

Payments may be made electronically to:         **STOUT RISIUS ROSS, LLC**
                                                BMO Harris Bank
                                                Chicago, IL 60603
                                                ACH ABA Number 071000288
                                                Account Number 3998895

**Invoice Payable Upon Receipt**
Fed ID 38-3003685
Investment Banking | Valuation Advisory | Dispute Consulting | Management Consulting

 **STOUT**



**Exhibit A**

Invoice Date: 02/14/2019                Invoice #: 123094                     Matter #: 4039415

**Professional Charges**

In Reference To:    Sears Holdings Corporation Bankruptcy - Seritage Properties

| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 01/03/19 | Kevin A. Kernen | Call with client/counsel (.3), preparation for meeting with counsel (.5), research for counsel - REMIC properties (4) | 4.80 | 505.00 | 2,424.00 |
| 01/03/19 | Charles Carr | Market Research - REMIC properties | 2.50 | 230.00 | 575.00 |
| 01/07/19 | Charles Carr | Client support; market research | 1.60 | 230.00 | 368.00 |
| 01/08/19 | Kevin A. Kernen | Sears/Seritage market research for counsel | 2.50 | 505.00 | 1,262.50 |
| 01/08/19 | Charles Carr | Client support; market research | 2.30 | 230.00 | 529.00 |
| 01/09/19 | Kevin A. Kernen | Document (complaint) review | 2.00 | 505.00 | 1,010.00 |
| 01/09/19 | Charles Carr | Client support; market research | 1.60 | 230.00 | 368.00 |
| 01/10/19 | Kevin A. Kernen | Call with client and counsel (1.6); Seritage property research (1) | 2.60 | 505.00 | 1,313.00 |
| 01/10/19 | Charles Carr | Client support; market research | 3.80 | 230.00 | 874.00 |
| 01/11/19 | Kevin A. Kernen | Seritage property research - Opt-out properties (3.9) Valuation analysis (1.0) market research (0.4) | 5.30 | 505.00 | 2,676.50 |
| 01/12/19 | Kevin A. Kernen | Seritage property research - Opt-out properties | 2.50 | 505.00 | 1,262.50 |
| 01/14/19 | Kevin A. Kernen | Preparation for Jeff Stollenwerck interview | 1.10 | 505.00 | 555.50 |
| 01/15/19 | Kevin A. Kernen | Travel to NYC for Jeff Stollenwerck interview | 6.10 | 505.00 | 3,080.50 |

18-23538-rdd    Doc 2601    Filed 02/14/19    Entered 02/14/19 16:22:17    Main Document
Pg 9 of 13





| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 01/16/19 | Kevin A. Kernen | NYC for Jeff Stollenwerck interview | 15.50 | 505.00 | 7,827.50 |
| 01/17/19 | Kevin A. Kernen | Document review, discussions with counsel | 0.90 | 505.00 | 454.50 |
| 01/18/19 | Kevin A. Kernen | Call with counsel | 0.40 | 505.00 | 202.00 |
| 01/21/19 | Kevin A. Kernen | Call with counsel | 0.20 | 505.00 | 101.00 |
| 01/22/19 | Kevin A. Kernen | Engagement management/invoicing/call with counsel | 0.90 | 505.00 | 454.50 |
| 01/31/19 | Kevin A. Kernen | Review of documents - Greenspan report, Michael Welch declaration, restructuring subcommittee motion | 3.40 | 505.00 | 1,717.00 |
| Total | | | 60.00 | | $27,055.00 |





**Exhibit B**

| Professional Charges Summary | | | | |
| --- | --- | --- | --- | --- |
| **Timekeeper** | **Title** | **Hours** | **Rate** | **Amount** |
| Kevin A. Kernen | Managing Dir. | 48.20 | 505.00 | 24,341.00 |
| Charles Carr | Associate | 11.80 | 230.00 | 2,714.00 |
| Total Professional Charges | | | | $27,055.00 |





**Exhibit C**

## Out-Of-Pocket Expenses

| | | | Quantity | Rate | Amount |
|---|---|---|---|---|---|
| 01/03/19 | KAK | Chargeable - Travel Flight to NYC for meeting with counsel / interview with Jeff Stollenwerck | 1.00 | 800.60 | 800.60 |
| 01/14/19 | KAK | Chargeable - Travel change flight cost for re-scheduled Jeff Stollenwerck interview. Now on January 16, 2019 | 1.00 | 586.00 | 586.00 |
| 01/15/19 | KAK | Chargeable - Travel Uber from airport to hotel while traveling to NYC for Jeff Stollenwerck interview | 1.00 | 37.14 | 37.14 |
| 01/15/19 | KAK | Chargeable - Mileage mileage to airport while traveling to NYC for Jeff Stollenwerck interview | 1.00 | 33.14 | 33.14 |
| 01/16/19 | KAK | Chargeable - Travel Hotel while traveling to NYC for Jeff Stollenwerck interview | 1.00 | 360.37 | 360.37 |
| 01/16/19 | KAK | Chargeable - Meals waters | 1.00 | 7.08 | 7.08 |
| 01/16/19 | KAK | Chargeable - Travel Uber from Paul, Weiss office to airport | 1.00 | 53.43 | 53.43 |
| 01/16/19 | KAK | Chargeable - Meals Dinner while in NYC for Jeff Stollenwerck interview | 1.00 | 16.77 | 16.77 |
| 01/16/19 | KAK | Chargeable - Mileage mileage from airport while traveling to NYC for Jeff Stollenwerck interview | 1.00 | 33.14 | 33.14 |
| 01/16/19 | KAK | Chargeable - Travel Airport parking while traveling to NYC for Jeff Stollenwerck interview | 1.00 | 48.00 | 48.00 |
| 01/16/19 | KAK | Chargeable - Meals Breakfast while traveling to NYC for Jeff Stollenwerck interview | 2.00 | 21.39 | 42.78 |
| | | **Total Out-Of-Pocket Expenses** | | | **$2,018.45** |




**Exhibit D**

| Out-Of-Pocket Expenses | |
|---|---|
| | Total |
| Chargeable - Meals | 66.63 |
| Chargeable - Mileage | 66.28 |
| Chargeable - Travel | 1,885.54 |
| | |
| Total Out-Of-Pocket Expenses | $2,018.45 |



February 14, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

In Reference To:     Sears Holdings Corporation Bankruptcy - Seritage Properties
Matter #:            4039415
Invoice #:           123094

|  | Amount |
|---|---|
| For Professional Services Rendered | $27,055.00 |
| Total Out-Of-Pocket Expenses | $2,018.45 |
| Total Amount of This Bill | $29,073.45 |
| Previous Balance | $0.00 |
| Balance Due (80% Fees + 100% Expenses) | $23,662.45 |

Please include the matter number and invoice number with your payment. If you have any
questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:        **STOUT RISIUS ROSS, LLC**
                                                P.O. Box 71770
                                                Chicago, IL 60694-1770

Payments may be made electronically to:         **STOUT RISIUS ROSS, LLC**
                                                BMO Harris Bank
                                                Chicago, IL 60603
                                                ACH ABA Number 071000288
                                                Account Number 3998895

**Invoice Payable Upon Receipt**
Fed ID 38-3003685
Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
:
In re:                                              :    Chapter 11
:
SEARS HOLDINGS CORPORATION, *et al.*,    :    Case No. 18-23538 (RDD)
:
Debtors.[1]                             :    (Jointly Administered)
:
:
--------------------------------------------------------------------x

### THIRD MONTHLY FEE STATEMENT OF STOUT RISIUS ROSS, LLC FOR COMPENSATION EARNED AND EXPENSES INCURRED FOR FEBRUARY 1, 2019 THROUGH FEBRUARY 28, 2019

| | |
|---|---|
| Name of Applicant: | Stout Risius Ross, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | December 26, 2018, *nunc pro tunc* to November 21, 2018 |
| Period for which compensation and reimbursement is sought: | February 1, 2019 through February 28, 2019 |
| Monthly Fees Incurred: | $1,969.50 |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4464); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); SHC Licensed Business LLC (3718); SHC Promotions LLC (9626); and Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

| 20% Holdback: | $393.90 |
| Total Compensation Less 20% Holdback: | $1,575.60 |
| Monthly Expenses Incurred: | $0 |
| Total Fees and Expenses Due: | $1,575.60 |

This is a:  __X__ monthly ____interim ____final application

In accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796] (the "Interim Compensation Order"),[2] Stout Risius Ross, LLC ("Stout") hereby submits this third monthly fee statement (the "Third Monthly Fee Statement"), seeking compensation for services rendered as real estate consultant and advisor to the Debtors, for the period from February 1, 2019 through February 28, 2019 (the "Third Monthly Fee Period"). By this Third Monthly Fee Statement, Stout seeks payment in the amount of $1,575.60, representing eighty percent (80%) of the total amount of compensation sought for actual and necessary services rendered during the Third Monthly Fee Period.

### Services Rendered

Attached are the following schedules in support of this Third Monthly Fee Statement:

- Exhibit A – Time Detail by Date by Professional
- Exhibit B – Summary of Time Detail by Professional

### Notice and Objection Procedures

Notice of this Third Monthly Fee Statement shall be given by hand or overnight delivery or email where available upon (i) Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179, Attention: Rob Riecker (email: Rob.Riecker@searshc.com) and

---

[2]   Capitalized terms used herein but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

Luke Valentino (email: Luke.Valentino@searshc.com); (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attention: Ray C. Schrock (email: ray.schrock@weil.com), Jacqueline Marcus (email: jacqueline.marcus@weil.com), Garrett A. Fail (email: garrett.fail@weil.com), and Sunny Singh (email: sunny.singh@weil.com); (iii) William K. Harrington, the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attention: Paul Schwartzberg (e-mail: paul.schwartzberg@usdoj.gov) and Richard Morrissey (e-mail: richard.morrissey@usdoj.gov); (iv) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York, 10036, Attention: Philip C. Dublin (email: pdublin@akingump.com), Ira Dizengoff (email: idizengoff@akingump.com), and Sara Lynne Brauner (email: sbrauner@akingump.com); and (v) counsel to Bank of America, N.A., Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036, Attention: Paul D. Leake (email: paul.leake@skadden.com), Shana A. Elberg (email: shana.elberg@skadden.com) and George R. Howard (email: george.howard@skadden.com) (collectively, the "Notice Parties").

Objections to this Third Monthly Fee Statement, if any, must be filed with the Court and served upon the Notice Parties so as to be received no later than **March 26, 2019** (the "Objection Deadline"), setting forth the nature of the objection and the amount of fees at issue (an "Objection").

If no objections to this Third Monthly Fee Statement are filed and served as set forth above, the Debtors shall promptly pay eighty percent (80%) of the fees identified herein.

If an objection to this Third Monthly Fee Statement is received on or before the Objection Deadline, the Debtors shall withhold payment of that portion of this Third Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and

3

disbursements in the percentages set forth above.  To the extent such an objection is not resolved,

it shall be preserved and scheduled for consideration at the next interim fee application hearing to

be heard by the Court.

*[Remainder of page intentionally left blank]*

Dated: March 11, 2019

_____

Kevin Kernen
Managing Director
Stout Risius Ross, LLC



March 11, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Dear Sir or Madam,

Pursuant to the Bankruptcy Court's Order authorizing the retention of Stout Risius Ross, LLC ("Stout") as real estate consultant and advisor to Sears Holdings Corporation and its affiliated debtors and debtors in possession (the "Debtor"), acting solely at the discretion of the restructuring sub-committee (the "RSC"), with respect to all RSC Conflict Matters *Nunc Pro Tunc* to November 21, 2018, dated December 26, 2018 (the "Retention Order") and the engagement letter between Stout and the Debtor dated November 21, 2018 (the "Engagement Letter"), Stout submits this statement detailing professional fees and expenses in connection with the work completed on behalf of the Debtor for the period from February 1, 2019 through February 28, 2019 (the "Covered Period").

During the Covered Period, Stout rendered professional services totaling $1,969.50. Stout is eligible for payment of 80% of the fees incurred and 100% of the expenses incurred pending the fifteen (15) day objection period. Accordingly, the total amount payable herein pending no objections is $1,575.60.

Attached are the following schedules in support of this monthly statement:

- Exhibit A – Time Detail by Date by Professional
- Exhibit B – Summary of Time Detail by Professional

Please do not hesitate to contact me with any questions or concerns.

Sincerely,

Kevin Kernen
Managing Director
Stout Risius Ross, LLC

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



March 11, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

In Reference To:      Sears Holdings Corporation Bankruptcy - Seritage Properties
Matter #:                4039415
Invoice #:               124077

|  | Amount |
|---|---|
| For Professional Services Rendered | $1,969.50 |
| Total Out-Of-Pocket Expenses | $0.00 |
| Total Amount of This Bill | $1,969.50 |
| Previous Balance | $0.00 |
| Balance Due (80% Fees + 100% Expenses) | $1,575.60 |

Please include the matter number and invoice number with your payment. If you have any
questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:          **STOUT RISIUS ROSS, LLC**
P.O. Box 71770
Chicago, IL 60694-1770

Payments may be made electronically to:          **STOUT RISIUS ROSS, LLC**
BMO Harris Bank
Chicago, IL 60603
ACH ABA Number 071000288
Account Number 3998895

**Invoice Payable Upon Receipt**
**Fed ID 38-3003685**
Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting





**Exhibit A**

Invoice Date: 03/11/2019          Invoice #: 124077                    Matter #: 4039415

## Professional Charges

In Reference To:    Sears Holdings Corporation Bankruptcy – Seritage Properties

| Date | Timekeeper | Description | Hours | Rate | Amount |
|------|-----------|-------------|-------|------|--------|
| 02/01/19 | Kevin A. Kernen | Client communication, document review | 1.10 | 505.00 | 555.50 |
| 02/25/19 | Kevin A. Kernen | Review of documents /request of work files from AC&NW | 2.10 | 505.00 | 1,060.50 |
| 02/28/19 | Kevin A. Kernen | Client phone call | 0.70 | 505.00 | 353.50 |
| Total | | | 3.90 | | $1,969.50 |





**Exhibit B**

| Professional Charges Summary | | | | |
|---|---|---|---|---|
| **Timekeeper** | **Title** | **Hours** | **Rate** | **Amount** |
| Kevin A. Kernen | Managing Dir. | 3.90 | 505.00 | 1,969.50 |
| Total Professional Charges | | | | $1,969.50 |



March 11, 2019

Sears Holding Corporation
c/o Robert Britton
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

In Reference To:   Sears Holdings Corporation Bankruptcy - Seritage Properties
Matter #:          4039415
Invoice #:         124077

|  | Amount |
|---|---|
| For Professional Services Rendered | $1,969.50 |
| Total Out-Of-Pocket Expenses | $0.00 |
| Total Amount of This Bill | $1,969.50 |
| Previous Balance | $0.00 |
| Balance Due (80% Fees + 100% Expenses) | $1,575.60 |

Please include the matter number and invoice number with your payment. If you have any
questions, contact Accounts Receivable at 248-208-8800.

Please remit check and invoice copy to:          **STOUT RISIUS ROSS, LLC**
                                                 P.O. Box 71770
                                                 Chicago, IL 60694-1770

Payments may be made electronically to:          **STOUT RISIUS ROSS, LLC**
                                                 BMO Harris Bank
                                                 Chicago, IL 60603
                                                 ACH ABA Number 071000288
                                                 Account Number 3998895

**Invoice Payable Upon Receipt**
**Fed ID 38-3003685**
Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting

## **Exhibit D**

**Stout Engagement Letter**

18-23538-rdd    Doc 1073    Filed 12/06/18    Entered 12/06/18 17:50:32    Main Document
Pg 229 of 236





**PRIVILEGED AND CONFIDENTIAL**

November 21, 2018

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Paul M. Basta and Kelley A. Cornish
1285 Avenue of the Americas
New York, NY 10019-6064

Sears Holdings Corporation
Attn: Alan Carr and William Transier
3333 Beverly Road
Hoffman Estates, IL 60179

*RE:    Sears Holding Corporation Bankruptcy (the "Matter")*

Dear Ladies and Gentlemen:

Thank you for selecting Stout Risius Ross, LLC ("Stout") to provide real estate valuation and advisory services to Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss" or "you") on behalf of Sears Holdings Corporation and its affiliated debtors (collectively, "Sears" or the "Company") in connection with the Company's pending chapter 11 bankruptcy cases, acting at the direction of the restructuring sub-committee of Sears' board of directors (the "Restructuring Sub-Committee"). This letter shall confirm our understanding of our agreement to provide services to you in connection with this engagement (the "Engagement Letter").

<u>Objectives and Scope</u>

Our understanding is that you have the authority to direct our engagement (including the scope of our work) and to approve the performance of our services. Accordingly, we will work and communicate directly with you regarding the work we are performing so that your expectations of us in this engagement are met.

We will perform services or tasks requested by you that are within our scope of work, including a review of the Sears properties involved in the Seritage transaction and related appraisals. While our work may involve analysis of financial information, our engagement does not include an audit in accordance with generally accepted auditing standards.

Services performed for the Company pursuant to this Matter will be performed in a manner consistent with a reasonable level of care and skill exercised by other professional consultants engaged in the same profession and working under similar circumstances.

<u>Staffing</u>

This engagement will be under the overall supervision of Kevin A. Kernen, MAI; however, other members of the firm will assist in the engagement. In the event it becomes necessary to reassign this engagement to another professional, we will notify you promptly and give you an opportunity to evaluate with us the appropriate professional whose skill sets and experience most closely match the requirements of the engagement.

**Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting**



Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Paul M. Basta and Kelley A. Cornish

Sears Holdings Corporation
Attn: Alan Carr and William Transier
November 21, 2018
Page 2

### _Your Responsibilities_

In order for us to maximize the value of our work and to keep the project on schedule, it is important for us to be provided with information we request from you or the Company promptly. Additionally, if you are or become aware of other relevant information necessary to the proper completion of this Matter, you or the Company, as applicable, agree to provide us with this information. The Company acknowledges that the successful delivery of our services, and the fees charged, are dependent on (i) the timely and effective completion of your and the Company's responsibilities; (ii) the accuracy and completeness of the assumptions and information provided to us; and (iii) timely decisions and required approvals by you and the Company.

### _Bankruptcy Court Proceedings_

The Company, as soon as practicable following the execution of this Engagement Letter, shall seek an order authorizing the employment of Stout pursuant to the terms of this Engagement Letter, as a professional person pursuant to (and subject to the standard of review of) Sections 327(a) and 328 of the Bankruptcy Code, the Bankruptcy Rules and applicable local rules and orders. The Company shall use its reasonable best efforts to cause such application to be considered promptly. The employment application and the order authorizing employment of Stout shall be provided to Stout sufficiently in advance of their filing, and must be acceptable to Stout in its discretion. If the order authorizing the employment of Stout is obtained, the Company shall pay all reasonable fees and reasonable and documented out-of-pocket expenses under this Engagement Letter in accordance with the Bankruptcy Code, the Bankruptcy Rules, applicable local rules and any orders entered in the Chapter 11 case, and you will work with Stout to promptly file any and all necessary applications regarding such fees and expenses with the Bankruptcy Court. If the order authorizing the employment of Stout is not obtained (or is later reversed or set aside for any reason), Stout may terminate this Engagement Letter and the Company shall reimburse Stout for all reasonable fees and reasonable and documented out-of-pocket expenses incurred prior to the date of termination, subject to the requirements of the Bankruptcy Code, Bankruptcy Rules and applicable local rules and orders. The terms of this paragraph are solely for the benefit of Stout and may be waived, in whole or in part, only by Stout.

### _Fees_

Our fees are based on our time incurred plus out-of-pocket expenses. Our hourly rates are based on experience, training, and level of professional achievement. It is often necessary to consider other factors such as the complexity of the work, prior experience, and engagement timing in establishing staffing for the engagement and our fees. Current hourly rates for our professional staff range from $75 to $650. Specifically, the hourly rate for Kevin A. Kernen is $505. Our standard hourly rates are reconsidered annually with changes effective October 1 of each year. The rates of the professionals expected to work on this matter are as follows:

**Investment Banking | Valuation Advisory | Dispute Consulting | Management Consulting**



Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Paul M. Basta and Kelley A. Cornish

Sears Holdings Corporation
Attn: Alan Carr and William Transier
November 21, 2018
Page 3

**Current Bill Rates**

| Name | Title | Rate/Hour |
|---|---|---|
| Kevin A. Kernen, MAI | Managing Director | $505 |
| Joseph L. Torzewski, MAI | Managing Director | $490 |
| Daniel Arbiter | Associate | $230 |
| J. Charles Carr | Associate | $230 |
| Other Stout Professionals | | $75-$650 |

Additionally, in the event we are required to respond to a subpoena (e.g., producing documents in our possession, providing testimony, cooperating with the Company's legal counsel, etc.) related to this engagement (regardless of whether such subpoena is served during or subsequent to the completion of our work), we will invoice the Company at our standard hourly rates applicable at the time such services are rendered. We will also invoice the Company for our related reasonable and documented out-of-pocket expenses, including, but not limited to, copying charges, courier fees, travel expenses and attorney fees.

Our fee is not contingent upon the final results of our work, and we do not warrant or predict results or final developments in this Matter. For the avoidance of doubt, only the Company shall be liable for our fees, expenses, and other amounts payable pursuant to the terms of this Engagement Letter, and in no event shall you be liable for the payment of any such amounts.

*Expenses*

During the course of our work we may be required to incur out-of-pocket expenses for items such as research, overnight or expedited delivery, postage, photocopying, facsimile transmission, travel, meals, and other costs. These costs will be billed at actual amounts incurred.

Our fees do not include taxes. The Company agrees to be responsible for and pay all applicable sales, use, excise, value added and other taxes associated with the provision or receipt of our services, excluding taxes on our income generally.

*Disclosures*

We have represented, and will in the future represent, many different clients with various business interests in numerous industries. These clients are often referred to us by intermediaries such as lawyers, investment bankers, lenders and accountants ("Referral Sources"). In undertaking the Engagement, our objective is to provide services to the Company to the best of our ability, but without precluding us from representing other clients or from accepting referrals from or making referrals to Referral Sources. Since we want the Company to be comfortable with the retention of Stout in light of other client and Referral Sources relationships, we will review Project Blue Conflicts List as soon as possible and provide you with an update regarding any conflicts or concerns. Currently, the only identified item from the Conflict List is provided below:

- Sears, Roebuck, and Co. v. Altaquip, LLC

We do not find this matter, in our view, constitutes an actual conflict of interest which would impair our ability to objectively provide assistance in the Matter.

**Investment Banking | Valuation Advisory | Dispute Consulting | Management Consulting**



Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Paul M. Basta and Kelley A. Cornish

Sears Holdings Corporation
Attn: Alan Carr and William Transier
November 21, 2018
Page 4

We agree to update the disclosure information from time to time if and when additional material parties with an interest in or a relationship with the Company are identified by the Company, in writing, to us.

As a specific condition to our undertaking the Engagement, the Company acknowledges the potential conflicts of interest inherent in the above disclosures and waives any conflict of interest or similar claim related to such disclosures.

### Work-Product Privilege

Any reports or work papers that we prepare in connection with this engagement will be maintained in accordance with our document retention procedures and will be construed as personal and confidential, to be used only for this engagement, and no other use, disclosure, or dissemination of them is to be made. Except as may be required by law, regulation, or valid judicial or administrative process, we will not disclose to anyone, without the written permission of the Restructuring Sub-Committee, the content of any oral or written confidential communications received during the course of this engagement, nor any information gained from the inspection of any records or documents provided by the Company that are identified as confidential.

### Ownership of Property and Retention of Documents

Upon full payment of all amounts due us in connection with this engagement, all right, title and interest in our deliverables will become the sole and exclusive property of the Company, except as set forth below. We will retain sole and exclusive ownership of all right, title and interest in our work papers, proprietary information, processes, methodologies, know how, and software, including such information as existed prior to the delivery of our services and, to the extent such information is of general application, anything which we may discover, create or develop during our provision of services for you and the Company (collectively, "Stout Property"). To the extent our deliverables to you and the Company contain Stout Property, we grant you and the Company a non-exclusive, non-assignable, royalty-free license to use it in connection with the subject of the engagement and for no other or further use without our express prior written consent.

When this Matter is over and our engagement has ended, if the Company so requests, and if not otherwise restricted by Court Order or agreement, we will return any original documents or other materials provided by the Company; otherwise we will retain the file in accordance with our file retention policy, which shall include any computer files or documents that have been created as a result of our automatic archiving and backup procedures. If the Company wishes to obtain copies of other documents in our file, we will provide copies of such documents (other than internal work product or administrative records) at the Company's expense.

### Email Correspondence

We each acknowledge that we may correspond or convey documentation via Internet e-mail and that no party has control over the performance, reliability, availability, or security of Internet e-mail. Therefore, no party will be liable for any loss, damage, expense, harm or inconvenience resulting from the loss, delay, interception, corruption, or alteration of any Internet e-mail due to any reason beyond its reasonable control.

**Investment Banking | Valuation Advisory | Dispute Consulting | Management Consulting**



Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Paul M. Basta and Kelley A. Cornish

Sears Holdings Corporation
Attn: Alan Carr and William Transier
November 21, 2018
Page 5

*Limitation of Liability*

In no event will we be liable to the Company, whether a claim be in tort, contract or otherwise, for any amount in excess of the total professional fees paid pursuant to this agreement to which the claim relates, or for any consequential, indirect, lost profit or similar damages relating to our services provided under this agreement, except to the extent finally determined to have resulted from our gross negligence or willful misconduct.

*Jurisdiction*

Any controversy or claim arising out of or relating to this agreement, or breach thereof, shall be settled by the Bankruptcy Court.

*Professional Terms*

The attached Professional Terms apply to this engagement.

*   *   *   *   *   *

Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Paul M. Basta and Kelley A. Cornish

Sears Holdings Corporation
Attn: Alan Carr and William Transier
November 21, 2018
Page 6

Please indicate your agreement with the terms of this letter (including the Professional Terms), by signing and returning to me the enclosed copy of this letter. We appreciate the opportunity to be of service to you and look forward to working with you on this important project. Please note that this offer will terminate 60 days from the date of this letter, and shall be of no further force or effect unless expressly reinstated by us.

Very truly yours,

**STOUT RISIUS ROSS, LLC**

By: _____
　　Kevin A. Kernen
　　**Managing Director**

Attachments:    Professional Terms


Acknowledged and Accepted:

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**

Signed: _____

By:    Paul M. Basta, Partner


**Sears Holdings Corporation, on behalf of itself and its subsidiaries**

Signed: _____

By:    William Transier, Disinterested Director


Investment Banking  |  Valuation Advisory  |  Dispute Consulting  |  Management Consulting



Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Paul M. Basta and Kelley A. Cornish

Sears Holdings Corporation
Attn: Alan Carr and William Transier
November 21, 2018
Page 7

## STOUT RISIUS ROSS, LLC
## PROFESSIONAL TERMS

**1. Our Services** We will provide the services as described in our engagement letter, as may be modified from time to time by mutual consent.

**2. Independent Contractor** We are an independent contractor and not your or the Company's employee, agent, joint venturer or partner, and will determine the method, details and means of performing our services. We assume full and sole responsibility for the payment of all compensation and expenses of our employees and for all of their state and federal income tax, unemployment insurance, Social Security, disability insurance and other applicable employee withholdings.

**3. Fees and Expenses** Our fees, out-of-pocket expenses, and payment terms are set out in our engagement letter. Those fees do not include taxes. The Company will be responsible for and pay all applicable sales, use, excise, value added and other taxes associated with the provision or receipt of the services, excluding taxes on our income generally.

**4. Confidentiality** With respect to any information supplied in connection with this engagement and designated by any party as confidential, or which the other party(s) should reasonably believe is confidential based on its subject matter or the circumstances of its disclosure, the other party(s) agree to protect the confidential information in a reasonable and appropriate manner, and use confidential information only to perform its obligations under this engagement and for no other purpose. This will not apply to information which is: (i) publicly known, (ii) already known to the recipient, (iii) disclosed by a third party without restriction, (iv) independently developed, or (v) disclosed pursuant to legal requirement or order. Following the completion of our engagement, but not before such time, we may mention the name of the Company and/or use the Company logo and provide a general description of the engagement in our printed or electronic materials, or in our marketing presentations to others.

We are not to be characterized as an "expert" for purposes of securities law and we are not to be referred to, either by name or inference, in any public (e.g., S-1) or nonpublic security filing or private placement. (Any such disclosure document is defined herein as a "Filing".) Moreover, we are not obligated to provide, nor will we provide, any consent to be named in any such Filing either during the performance of our services or after the conclusion of our engagement.

**5. Use of Financial & Other Information / GAAS** In the course of our engagement, we will use financial and other information, including prospective financial information, obtained from the Company and other public and private sources. The scope of our work will not enable us to accept responsibility for the accuracy and completeness of such information, and it is understood that we will have no duty of independent investigation or verification of such information. While our work may involve analysis of various records, our engagement does not include an examination in accordance with generally accepted auditing standards known as "GAAS." Furthermore, we will take no responsibility for achievability of any expected, forecasted, projected, or hypothetical results anticipated or assumed by the management of the Company, whether relied upon by us or not.

**6. Our Work Product and Your and the Company's License** Upon full payment of all amounts due us in connection with this engagement, the work product prepared by us for you and the Company in connection with our services will become the Company's property, except as set forth below. Our work papers will not constitute work product and will remain our sole and exclusive property. We will retain sole and exclusive ownership of all right, title and interest in our proprietary information which will not constitute work product, including such information as existed prior to the delivery of our services and, to the extent such information is of general application, anything which we may discover, create or develop during our provision of services for you and the Company. To the extent our deliverables to you and the Company contain our proprietary information, we grant you and the Company a non-exclusive, non-assignable, royalty-free license to use the proprietary information provided by us in the work product and the subject of the engagement and for no other or further use without our express, prior written consent.

**7. Our Warranty** We warrant that our services will be performed with reasonable care in a diligent and competent manner. Our sole obligation will be to correct any non-conformance with this warranty, provided that the Company gives us written notice within 60 days after the services are performed or, if applicable, deliverables are delivered. The notice will specify and detail the non-conformance and, if the Company and we agree that a non-conformance exists, we will have a reasonable amount of time, based on its severity and complexity, to correct the non-conformance.

We do not warrant and are not responsible for any third party products or services. The Company's sole and exclusive rights and remedies with respect to any third party products or services are against the third party vendor and not against us.

THIS WARRANTY IS OUR ONLY WARRANTY CONCERNING THE SERVICES AND ANY DELIVERABLE, AND IS MADE EXPRESSLY IN LIEU OF

Investment Banking | Valuation Advisory | Dispute Consulting | Management Consulting



Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Paul M. Basta and Kelley A. Cornish

Sears Holdings Corporation
Attn: Alan Carr and William Transier
November 21, 2018
Page 8

ALL OTHER WARRANTIES AND REPRESENTATIONS, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, NON-INFRINGEMENT, OR FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE.

**8. Liability and Indemnification** (a) The Company will to the fullest extent allowable by law, indemnify us, our owners, employees, contractors and agents against all costs, fees, expenses, damages and liabilities (including reasonable attorneys' fees and costs) associated with any third party claim, relating to or arising as a result of the services or our engagement except to the extent caused by the gross negligence or wilful acts or omissions of our employees, contractors or agents in performing the services.
(b)        Neither of us will be liable for any delays or failures in performance due to circumstances beyond our reasonable control.
 (c)        Our total liability relating to this engagement will in no event exceed an amount equal to the fees we receive for the portion of the engagement giving rise to liability, and will not include any special, consequential, incidental or exemplary damages or loss (nor any lost profits, savings or business opportunity).
(d)        Any action against either we or the Company by the other in connection with this engagement must be brought within 18 months after the cause of action arises.

**9. Response to Subpoena** In the event we are required to respond to a subpoena (e.g., producing documents in our possession, providing testimony, cooperating with the Company's legal counsel, etc.) related to this engagement (regardless of whether such subpoena is served during or subsequent to the completion of our work), we will invoice the Company at our standard hourly rates applicable at the time such services are rendered. We will also invoice the Company for our related reasonable and documented out-of-pocket expenses, including, but not limited to, copying charges, courier fees, travel expenses and attorney fees.

**10. Non-Solicitation** During the term of this engagement, and for a period of one year following its expiration or termination, the Company will not actively solicit, employ or otherwise engage any of our employees (including former employees) who were involved directly in the engagement.

**11. Termination** (a) Any party may terminate our engagement at any time upon 10 days written notice.
(b)        Stout Risius Ross, LLC may suspend or terminate this engagement immediately and without notice in the event of non-payment of amounts due us.

(c)        Upon termination of this engagement, the Company shall reimburse Stout for all reasonable fees and reasonable and documented out-of-pocket expenses incurred prior to the date of termination, subject to the requirements of the Bankruptcy Code, Bankruptcy Rules and applicable local rules and orders.

**12. Our Financial Interest / Compensation** None of our employees who will work on this engagement have any known financial interest in the Company or the outcome of our analysis, and our compensation is neither based upon nor contingent upon the conclusions we reach. We do not warrant or predict results or final developments in this matter.

**13. Staffing** While we will attempt to comply with the Company's requests for specific individuals, we retain the right to assign and reassign our personnel, as appropriate, to perform the services.

**14. General** (a) These Professional Terms, together with the engagement letter, including all its attachments, constitute the entire understanding and agreement between us with respect to the services and deliverables described in the engagement letter, supersede all prior oral and written communications between us, and may be amended, modified or changed only in writing when signed by all parties. If there is a conflict between these Professional Terms and the terms of the engagement letter, these Professional Terms will govern.
(b)        No term of this agreement will be deemed waived, and no breach of this agreement excused, unless the waiver or consent is in writing signed by the party granting such waiver or consent.
(c)        The terms of this agreement which by their nature are to survive this agreement will survive its expiration or termination.
(d)        We will retain files related to this engagement in accordance with our document retention policy.
(e)        We each acknowledge that we may correspond or convey documentation via Internet e-mail and that none of the parties has control over the performance, reliability, availability, or security of Internet e-mail. Therefore, none of the parties will be liable for any loss, damage, expense, harm or inconvenience resulting from the loss, delay, interception, corruption, or alteration of any Internet e-mail due to any reason beyond our reasonable control.
(f)        All of our respective rights and duties and all controversies and claims in connection with this engagement will be determined in accordance with the Bankruptcy court.

* * * * * *

Investment Banking | Valuation Advisory | Dispute Consulting | Management Consulting