Allen G. Kadish
Lance A. Schildkraut
ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Email: akadish@archerlaw.com
        lschildkraut@archerlaw.com

        and

Kenneth M. Florey
M. Neal Smith
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
        nsmith@robbins-schwartz.com

        and

Matthew T. Gensburg
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

**Hearing Date and Time: April 18, 2019 at 10:00 A.M.**
**Response Deadline: April 17, 2019 at 4:00 P.M.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) | Case No. 18-23538 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**NOTICE OF MOTION OF COMMUNITY UNIT SCHOOL DISTRICT 300
TO STRIKE DECLARATION AND TESTIMONY OF MOSHIN MEGHJI FOR
FAILURE TO COMPLY WITH RULE 30(b)(6) NOTICE OF DEPOSITION**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On April 15, 2019, Community Unit School District 300, an Illinois school district (the "**School District**"), filed a motion (the "**Motion**") to strike the declaration and testimony of Moshin Meghji for failure to comply with Rule 30(b)(6) notice of deposition.

2.      A hearing to consider the relief sought in the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **April 18, 2019 at 10:00 A.M.** (the "**Hearing Date**").

3.      Responses to the Motion must be made in writing, with a hard copy delivered to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; conform to the Federal Rules, the Bankruptcy Rules and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York; be filed with the Bankruptcy Court; and be served in accordance with the provisions of General Order M-399 of this Court on Archer & Greiner, P.C., Attorneys for Community Unit School District 300, 630 Third Avenue, New York, New York 10017 (Attn:  Allen G. Kadish) on or before **4:00 P.M. on April 17, 2019** (the "**Response Deadline**").

4.      If a response is not timely filed and served, the Bankruptcy Court may approve the Motion and enter an Order on the Hearing Date.  Responding parties are required to attend on the Hearing Date and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
        April 15, 2019

ARCHER & GREINER, P.C.

By: /s/ Allen G. Kadish
    Allen G. Kadish
    Lance A. Schildkraut
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Email: akadish@archerlaw.com
       lschildkraut@archerlaw.com

and

Kenneth M. Florey
M. Neal Smith
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
       nsmith@robbins-schwartz.com

and

Matthew T. Gensburg
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

Allen G. Kadish
Lance A. Schildkraut
ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Email: akadish@archerlaw.com
        lschildkraut@archerlaw.com

        and

Kenneth M. Florey
M. Neal Smith
ROBBINS, SCHWARTZ, NICHOLAS,
LIFTON & TAYLOR, LTD.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
        nsmith@robbins-schwartz.com

        and

Matthew T. Gensburg
GENSBURG CALANDRIELLO & KANTER, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) | Case No. 18-23538 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## MOTION TO STRIKE DECLARATION AND TESTIMONY OF MOSHIN MEGHJI FOR FAILURE TO COMPLY WITH RULE 30(b)(6) NOTICE OF DEPOSITION

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    JURISDICTION AND VENUE ...................................................................... 2

III.   BACKGROUND AND FACTS ....................................................................... 2

IV.  THE DEBTOR FAILED TO PRODUCE A WITNESS PURSUANT TO THE
REQUIREMENTS OF RULE 30(b)(6)............................................................. 6

V.    THE DEBTORS' FAILURE TO PRODUCE A KNOWLEDGEABLE
WITNESS IN RESPONSE TO A NOTICE OF DEPOSITION IS
SANCTIONABLE CONDUCT UNDER RULE 37 ........................................ 8

VI.  CONCLUSION.......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Austin v. Healy*,
   5 F.3d 598 (2d Cir. 1993) ........................................................................................7

*Bray v. Memphis State University*,
   88 F.R.D. 90 (W.D. Tenn. 1980) ...........................................................................11

*Dravo Corp. v. Liberty Mut. Ins. Co.*,
   164 F.R.D. 70 (D. Neb. 1995).................................................................................7

*EEOC v. American International Group, Inc*,
   1994 WL 376052 (S.D.N.Y. July 18, 1994) ...........................................................7

*Fab-Tech, Inc v. E.I. DePont De Numours and Co.*,
   2006 WL 3702753 (D. Vt. Dec. 13, 2006..............................................................10

*Federal Deposit Insurance Corp. v. Butcher*,
   116 F.R.D. 196 (E.D. Tenn. 1986).........................................................................7

*Gucci America, Inc. v. Exclusive Imports Int'l*,
   2002 WL 1870293 (S.D.N.Y. 2002).......................................................................7

*In re Lands End Leasing, Inc.*,
   220 B.R. 226 (Bankr. D. N.J. 1998) .......................................................................9

*In re Lawrence*,
   227 B.R. 907 (Bankr. S.D. Fla. 1998) ....................................................................9

*Meyer Corp. U.S. v. Alfay Designs, Inc.*,
   2012 WL 3536987 (E.D.N.Y. August 13, 2012).....................................................8

*Panolam Industry International, Inc. v. F & F Composite Group Inc.*,
   2010 WL 341330 (D. Conn. Jan. 22, 2010)............................................................8

*Rahman v. Smith & Wollensky Restaurant Group, Inc.*,
   2009 WL 773344 (S.D.N.Y. March 18, 2009) ........................................................8

*S.E.C. v. Morelli*,
   143 F.R.D. 42 (S.D.N.Y. 1992) ..............................................................................6

*Sheehy v. Ridge Tool Co.*,
   2007 WL 1548976 (D. Conn. May 24, 2007)..........................................................7

*Sony Electronics, Inc. v. Soundview Technologies, Inc.*,
217 F.R.D. 104 (D. Conn. 2002).............................................................................10

*Standard Oil Co. v. Osage Oil and Transportation, Inc.*,
122 F.R.D. 267 (N.D. Okla. 1988)..........................................................................10

*Tailored Lighting Inc. v. Osram Sylvania Products, Inc.*,
255 F.R.D. 340 (W.D.N.Y. 2009)..............................................................................7

**Federal Statutes**

11 U.S.C. § 542.............................................................................................................3

28 U.S.C. § 157.............................................................................................................2

28 U.S.C. § 1334.......................................................................................................2, 3

**State Statutes**

105 Illinois Compiled Statutes 5/1-1, *et seq.* ..............................................................1

Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1, *et seq.*1, *passim*

**Rules**

Fed. R. Bankr. Pro. 7030..........................................................................................2, 4

Fed. R. Bankr. Pro. 7037.......................................................................................1, 2, 8

Fed. R. Civ. Pro. 30.......................................................................................... 1, *passim*

Fed. R. Civ. Pro. 37..................................................................................................1, 8

COMMUNITY UNIT SCHOOL DISTRICT 300, an Illinois school district existing and operating pursuant to the Illinois School Code, 105 Illinois Compiled Statutes ("**ILCS**") 5/1-1, *et seq.* (the "**School District**"), a party in interest to this case, by and through its attorneys, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Gensburg Calandriello & Kanter, P.C., and Archer & Greiner, P.C., pursuant to Rule 37 of the Federal Rules of Civil Procedure ("**Rules**"), applicable herein by operation of Rule 7037 of the Federal Rules of Bankruptcy Procedure ( "**Bankruptcy Rules**") moves (the "**Motion**") this Court to (i) compel Sears Holdings Corporation ("**Debtor**") to produce Rule 30(b)(6) designees, (ii) strike the declaration of Mohsin Meghji ("**Meghji**") made in support of Debtor's Motion to Compel Turnover of Estate Property [Docket No. 2715]; (iii) bar Meghji from providing testimony related to topics set forth in the School District's Notice of Deposition (as defined below), and (iv) award fees and travel costs to the School District in relation to the Meghji examination and for the bringing of this Motion.  In support of this Motion, the School District states as follows:

## I.

## **INTRODUCTION**

1.      The purpose of this Motion is to prevent the Debtor from eliciting testimony from Meghji related to how the Debtor tracked its eligibility for the Economic Development Area credit arising under the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1, *et seq.* (the "**Illinois EDA Act**") and how the Debtor calculated the number of its full-time equivalent jobs, i.e. those working 35 or more hours per week, created and maintained at its Hoffman Estates campus working 35 hours or more per week, compel the Debtor to produce witnesses per Rule 30(b)(6) who can testify competently as to those issues, and to seek an award of fees and costs associated with the deposition of an unprepared witness.

1

## II.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the subject matter hereof pursuant to 28 U.S.C. §1334(a). This matter is core pursuant to 28 U.S.C. §157(b)(2)(A).  The bases for this Motion are Bankruptcy Rules 7030 and 7037.

## III.

## BACKGROUND AND FACTS

3.      In 1989, the Illinois legislature passed Illinois EDA Act which was designed to specifically incentivize the Debtor to relocate its headquarters from downtown Chicago to undeveloped farmland in the Village of Hoffman Estates (the "**Village**").  In 1990, the Village and the Debtor entered into an Economic Development Agreement (the "**1990 Agreement**") pursuant to the Illinois EDA Act.  Among other things, the 1990 Agreement provided financial assistance and subsidies for the Debtor to develop its corporate campus in the Village.  In 2012, Illinois legislators passed an amendment to the Illinois EDA Act (the "**2012 Amendments**") that effectively extended the 1990 Agreement, but included certain provisions regarding the amount of the subsidies for the Debtor and the manner in which those subsidies would be distributed. Critically, as part of the 2012 Amendments, the Illinois legislature significantly changed the rules by which the Debtors must comply to receive the property tax rebate subsidy.  Included in the 2012 Amendments was a requirement that the Debtor create or retain not less than 4,250 full time equivalent jobs at its headquarters in the Village.  In the event that the Debtor failed to live up to the requirement that it maintain 4,250 full time equivalent jobs, the 2012 Amendment provides a formula for recapture of the subsidies based on the amount of time that the Debtor failed to comply with the job requirements.

4.      On November 12, 2018, the School district filed a Motion to Lift Stay.  With that motion, the School District seeks to modify the automatic stay so that it can continue prosecuting a pending action against the Village and the Debtor in the Circuit Court of Cook County in the State of Illinois, Case No. 2018 CH 12683 (the "**Illinois Action**").  In the Illinois Action, the School District, as the direct recipient of 60% of the property tax subsidy the Debtors seek, has standing to seek to enjoin a tax subsidy payment under the Illinois EDA Act of approximately ten million dollars ($10,000,000.00).  The School District asserts that the Debtor failed to maintain its 4,250 full time equivalent jobs at its corporate headquarters in the Village during the calendar year 2018, a statutory and contractual prerequisite for the tax rebate.  As an alternative to modifying the automatic stay, the School District requested that the Court abstain from hearing the matters in dispute in the Illinois Action pursuant to 28 U.S.C. §§ 1334(c)(1) and (2).

5.      On February 28, 2019, the Debtor filed its Motion to Compel Turnover ("**Motion to Compel**") pursuant to Section 542(a) of the Bankruptcy Code in which the Debtor seeks an order from this Court directing the Village to turn over the same taxes at issue in the Illinois Action, alleging that the Debtor has created and maintained the requisite 4,250 full time equivalent jobs at its corporate headquarters in the Village.  In the Motion to Compel, the Debtor alleges (1) the relevant year in which its compliance needs to be measured is 2017, not 2018, as alleged by the School District, and (2) critically and contrary to the plain language of the Illinois EDA Act and the practice of the Village and Sears for the past seven years, that the  Debtor can count the full-time equivalent jobs created and maintained by tenants and contractors of the Debtor and extraordinarily other retail and service businesses simply located within the Economic Development Area.

6.      In support of the Motion to Compel, the Debtors filed the Declaration of Mohsin Y. Meghji ("**Meghji**"), the Debtors' Chief Restructuring Officer (the "**Meghji Declaration**"). [Doc. No. 2717].  The Declaration itself is 12 pages long and incorporates 16 exhibits, the first 13 of which are printouts of spreadsheets.  On March 14, 2019 the School District served a Notice of Deposition upon the Debtor pursuant to Bankruptcy Rule 7030 (the "**Rule 30(b)(6) Notice**"), a copy of which is attached hereto as **Exhibit A**.

7.      Attached to the Rule 30(b)(6) Notice is a Rider in which the School District sets forth 8 topics for the examination, the first topic listed in the Rider focuses on the documents, information and data attached to or referenced in the Meghji Declaration, and each topic thereafter in some manner addresses the Debtors' relationship with the Village, the Illinois EDA Act, the 1990 Agreement, or the EDGE Agreement.  On March 25, 2019 the Debtor provided its Objection and Responses to the Rule 30(b)(6) Notice (the "**Debtors' Objections to Deposition**"), a copy of which is attached hereto as **Exhibit B**.  The Debtors' Objections to Deposition do not raise any substantive objections to the Rule 30(b)(6) Notice, and the Debtors elected to produce Meghji to testify as to 7 of the 8 topics[1] set forth in the Rule 30(b)(6) Notice, and specifically, the following:

- Documents attached to the Meghji Declaration.
- Communications regarding Sears's eligibility for EDA Funds for the 2017 tax year currently being held in the Village's Special Tax Allocation Fund.
- The documents produced in response to the document request sent from Kenneth M. Florey of Robbins Schwartz dated January 15, 2019.
- Sears's compliance with the jobs requirement set forth in the EDA Act and agreements reached thereunder during the 2017 tax year.
- Business records created and maintained for the purpose of counting eligible jobs under the EDA during the 2017 tax year.
- Sears's compliance with the jobs requirement set forth in the EDA Act and agreements reached thereunder during the 2017 tax year.
- Software used to count the number of EDA Credit-qualifying jobs created or maintained at Sears's Hoffman Estates campus in 2017.

---

[1] The Debtors refused to provide a witness for one of the eight topics set forth in the Rule 30(b)(6) Notice, and that decision of the Debtor is not at issue in this Motion.

4

Furthermore, during the Rule 30(b)(6) examination the Debtor stipulated that Meghji was "prepared to testify on all the topics in [the School District's] notice to the extent those topics were limited in [the Debtors' Objections to Deposition].

8.    During the 30(b)(6) examination, Meghji was unable to answer many critical questions which were posed, including how the figures set forth in the documents attached to the Meghji Declaration were calculated, explanation of key terms set forth in the documents attached to the Meghji Declaration, and the identity of persons crucial to the determination of whether the Debtors were in compliance with the Illinois EDA Act and 1990 Agreement.  A non-exhaustive summary of Meghji's inability to answers questions posed during the 30(b)(6) examination is as follows:

- Page 19 Lines 21 – 25: Meghji has no knowledge or explanation as to why Sears certified 2017 job numbers in response to request from the Village regarding 2018 job numbers.
- Page 30 Line 7 – Page 32 Line 13: Meghji has no knowledge of how Sears tracks security badges issued to it employees or other persons accessing the Hoffman Estates property.
- Page 32 Line 22 – Page 33 Line 13: Meghji has no knowledge as to meaning of term "OTB contractor" as used in documents attached to Meghji Declaration.
- Page 35 Line 24 – Page 36 line 8: Meghji has no knowledge as to identity of persons who generated documents attached to, and relied upon in, Meghji Declaration.
- Page 36 Line 20 – Page 37 Line 5: Meghji has no knowledge as to whether documents attached to Meghji Declaration were prepared as part of the bankruptcy litigation, nor could he provide the name of a person who would be able to answer such a question.
- Page 38 Line 14 – Page 39 Line 14: Meghji is unable to define term "Occupant Entry" as used in in documents attached to Meghji Declaration, and admits this issue was not investigated prior to examination.
- Page 42 Line 2 – Page 43 Line 2: Meghji cannot answer how Sears either knows or would be able to determine the identity of the individuals holding entrance badges in January 2017.
- Page 44 Line 10 – Page 45 Line 10: Meghji is unable to define term "Associate Counts" as used in in documents attached to Meghji Declaration and further admits this issue was not investigated prior to deposition.
- Page 46 Lines 8 - 14: Meghji is unable to explain the differences between the number of active badges and number of daily entrance swipes.

5

- Page 48 Line 23 – Page 49 Line 9: Meghji admits he did not review occupant entries in relation to determining Sears employee counts in Hoffman Estates.
- Page 51 Lines 16 – 24: Meghji admits he did not review occupant entries in relation to determining contractor counts in Hoffman Estates.
- Page 53 Line 19 – Page 54 Line 11: Meghji admits he is unable to answer as to the scope of certain documents attached to Meghji Declaration and whether certain categories of data are set forth in said documents.
- Page 56 Lines 12 – 23: Unable to answer questions regarding corporate controls or policies respecting access to the Hoffman Estates building.
- Page 57 Lines 5 – 16: Meghji is unable to identify persons named in documents attached to Meghji Declaration.
- Page 57 Line 28 – Page 58 Line 21: Meghji admits he has no knowledge as to whether or when IT issues affecting daily security badge counts were resolved and did not discuss said notations with persons knowledgeable of the issues prior to examination.
- Page 63 Line 17 – Page 64 Line 17: Meghji is unable to answer questions with respect to contractor swipes and whether Sears kept records of recipients of active badges.
- Page 67 Line 14 – Page 68 Line 15: Meghji did not investigate how Sears could identify tenant or contractor employees who worked 35 or more hours per week in Hoffman Estates.
- Page 70 Lines 11 – 20: Meghji admits he did not discuss portions of documents attached to Meghji with other persons in preparation for examination.
- Page 75 Line 19 – Page 76 Line 9: Meghji admits he did not review documents attached to Meghji Declaration in preparation for examination.
- Page 82 Line 2 – Page 83 Line 15: Meghji is unable to answer questions with respect to terms used in document attached to Meghji Declaration or how numbers were calculated in said documents.
- Page 96 Lines 2 – 8: Meghji is unable to answer questions with respect to a contingent labor report or why Sears would rely upon a contingent labor report in calculating jobs at Hoffman Estates.

A copy of the transcript of the Meghji deposition is attached hereto as **<u>Exhibit C</u>**. Every question which Meghji was unable to answer fell within the scope of the 30(b)(6) examination as set forth in the Rule 30(b)(6) Notice, and agreed to or limited by the Debtors' Objections to Deposition.

## IV.

### THE DEBTOR FAILED TO PRODUCE A WITNESS <br> <u>PURSUANT TO THE REQUIREMENTS OF RULE 30(b)(6)</u>

9.      Rule 30(b)(6) was designed, in part, to prevent a corporate party from "'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization . . . ." *S.E.C. v. Morelli*,

143 F.R.D. 42, 44-45 (S.D.N.Y. 1992) (quoting the Advisory Committee Notes for Rule 30(b)(6));

*see also Federal Deposit Insurance Corp. v. Butcher*, 116 F.R.D. 196, 199 (E.D. Tenn. 1986) (Rule

30(b)(6) intended "to curb any temptation a [litigant] might have to shunt a discovering party from

'pillar to post.'").

10.    Rule 30(b)(6) sets forth a two-step process in which the party seeking a Rule

30(b)(6) deposition must first serve a notice that describes "with reasonable particularity" the

topics to be addressed in the deposition. *Sheehy v. Ridge Tool Co.*, 2007 WL 1548976 at * 4 (D.

Conn. May 24, 2007). Once adequate notice is provided, the responding party must "make a

conscientious good-faith endeavor to designate the persons having knowledge of the matters . . .

and to prepare those persons in order that they can answer fully, completely, unevasively, the

questions posed . . . ." *Tailored Lighting Inc. v. Osram Sylvania Products, Inc.*, 255 F.R.D. 340,

349 (W.D.N.Y. 2009). While Rule 30(b)(6) is "not designed to be a memory contest" *EEOC v.

American International Group, Inc*, 1994 WL 376052 at *3 (S.D.N.Y. July 18, 1994), the

corporate designee must be both knowledgeable about a given area and prepared to give complete

and binding answers on behalf of the organization. *Federal Deposit Insurance Corp. v. Bucher*,

116 F.R.D 196, 201 (1986). If a designee does not possess personal knowledge of the matters

identified in the notice, the receipt of the 30(b)(6) notice must prepare the designee so that he may

provide "knowledgeable and binding answers for the corporation." *Gucci America, Inc. v.

Exclusive Imports Int'l*, 2002 WL 1870293, *8 (S.D.N.Y. 2002) (quoting *Dravo Corp. v. Liberty

Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995)).

11.    The recipient of a notice of deposition under Rule 30(b)(6) is not limited to one

designee, but instead has an affirmative duty to make available "such number of persons" as will

be able "to give complete, knowledgeable and binding answers in its behalf". *Austin v. Healy*, 5

F.3d 598, 601 (2d Cir. 1993). Rule 30(b)(6) designees do not need to have personal knowledge of the matters set forth in the deposition notice, but rather the corporate recipient has an obligation to prepare designees so that they may give knowledgeable answers. *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987 at *8 (E.D.N.Y. Aug. 13, 2012). A party responding to a Rule 30(b)(6) notice must prepare the designees to the extent matters are reasonably available, whether from documents, past employees, or other sources. *Rahman v. Smith & Wollensky Restaurant Group, Inc.*, 2009 WL 773344 at *1 (S.D.N.Y. March 18, 2009). The obligation to educate a designee includes all matters that are known or reasonably available to the corporation. *Panolam Industry International, Inc. v. F & F Composite Group Inc.*, 2010 WL 341330 at *1 (D. Conn. Jan. 22, 2010).

12.     As disclosed above, the Debtors did make Objections to Deposition; however, even assuming the objections therein were sound and appropriate, all of the questions posed to Meghji during the Rule 30(b)(6) examination were within the scope of inquiry as limited by the Objections to Depositions. The Debtors' failure to produce a witness knowledgeable to those limited topics set forth in the Notice of Deposition clearly violates the requirements of Rule 30. "Producing an unprepared witness is tantamount to a failure to appear." *Rahman*, 2009 WL 773344 at *1. Therefore, sanctions against the Debtors are appropriate.

**V.**

**THE DEBTORS' FAILURE TO PRODUCE A KNOWLEDGEABLE
WITNESS IN RESPONSE TO A NOTICE OF DEPOSITION IS
<u>SANCTIONABLE CONDUCT UNDER RULE 37</u>**

13.     Bankruptcy Rule 7037, which incorporates Rule 37, grants a court the authority to impose sanctions where a party or person designated under Rule 30(b)(6) fails to appear. The court has discretion to impose a wide variety of sanctions which range from imposition of costs to entry of default judgment. *See* Rule 37(d)(3). Discovery sanctions must be just and specifically

relate to the claims at issue. *In re Lands End Leasing, Inc.*, 220 B.R. 226 (Bankr. D. N.J. 1998); *see also In re Lawrence*, 227 B.R. 907 (Bankr. S.D. Fla. 1998). The School District attempted to confer with the Debtor in good faith with respect to the issues raised in this Motion, and a certification as to those efforts is attached hereto as **Exhibit D**.

14.    Each of the topics listed in the Rule 30(b)(6) Notice relate the Debtor's eligibility to receive tax credits under the Illinois EDA Act or the 1990 Agreement by maintaining the requisite full-time equivalent job numbers in its Hoffman Estates headquarters. As set forth in the deposition summary above, and within the deposition transcript as a whole, Meghji was unable to provide specific answers to numerous critical questions as to how Sears generated its employment numbers or maintained such records. In some instances Meghji was unable to state who prepared the documents, for what purpose the documents were prepared, and in certain situations was unable to provide the identity of a person who would be able to answer such questions. (Ex. C; pages 35-36).

15.    Despite Rule 30(b)(6)'s purpose of preventing a corporate deponent from parading a series of designees for the purpose of bandying information about, that is exactly the position in which the School District found itself. Therefore, based upon Meghji's heavy reliance upon Misty Redman in preparation for the Rule 30(b)(6) examination[2], the School District conducted a deposition of Ms. Redman on April 12, 2019 in an attempt to gain answers to the questions which Mr. Meghji was unable to answer. A copy of the transcript of the Redman deposition is attached hereto as **Exhibit E**. Unfortunately, though not unexpectedly, Ms. Redman was unable to provide additional insight as to how the Debtors' were able to certify to the Village that they maintained

---

[2] *See* Exhibit C, Meghji deposition transcript: Page 51 Lines 9 – Page 53 Line 5; Page 54 Lines 17-22; Page 58 Lines 19 – 21; Page 59 Line 13 – Page 60 Line 14; Page 101 Line 20 – Page 102 Line 11; Page 108 Lines 10 – 15; Page 115 Lines 10 – 24.

minimum jobs equivalent. This scenario is exactly the kind which Rule 30(b)(6) was designed to prevent.

16.    The School District therefore asks this Court grant relief in four parts: (i) compel the Debtor to designate one of more persons who can respond effectively to the topics as set forth in the Notice of Deposition; (ii) strike the Meghji declaration, (iii) preclude Meghji from providing any further evidence or testimony with respect to the topics as set forth in the Rule 30(b)(6) Notice; (vi) award fees and costs for the School District's attendance at the Meghji's deposition for the bringing of this Motion; and (v) reset any substantive matters in which School District is a party to the May omnibus date to allow for the examination of the Debtor's successor designees.

17.    The School District's requested relief is specifically tailored to the Debtor's failure to provide relevant testimony at a Rule 30(b)(6) deposition, and compelling the Debtor to designate other witnesses with an award of costs related to the Debtor's failure to adequately prepare Meghji at the initial Rule30(b)(6) examination is appropriate. *See Fab-Tech, Inc v. E.I. DePont De Numours and Co.*, 2006 WL 3702753 at *2 (D. Vt. Dec. 13, 2006 ("When a designee is unable to adequately respond to certain relevant areas of inquiry, the designating party has a duty to substitute an appropriate deponent." (internal quotation marks omitted)): *See also Sony Electronics, Inc. v. Soundview Technologies, Inc.*, 217 F.R.D. 104, 112 (D. Conn. 2002) (plaintiff to produce additional Rule 30(b)(6) witness with original designee was unable to testify about topics in deposition notice). Furthermore, the award of attorney's fees and expenses in conducting the examination of Meghji and the preparation of this Motion is also appropriate. *See Standard Oil Co. v. Osage Oil and Transportation, Inc.*, 122 F.R.D. 267 (N.D. Okla. 1988) (award entered for out-of-state attorney fees and costs for should be comparable to professional fees in district);

*Bray v. Memphis State University*, 88 F.R.D. 90 (W. D.Tenn. 1980) (party who refused to be deposed held liable for defense counsel's travel costs and costs of court reporter).

## VI.

## CONCLUSION

18.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the School District respectfully requests that the Court enter an order, substantially in the form attached hereto, (i) compelling Sears Holdings Corporation and its debtor affiliates to produce additional Rule 30(b)(6) designees, (ii) striking the declaration of Mohsin Meghji made in support of Debtor's Motion to Compel Turnover of Estate Property; (iii) barring Mohsin Meghji from providing testimony related to topics set forth in the School District's Notice of Deposition, (iv) awarding fees and travel costs to the School District in relation to the Moshin Meghji examination and the bringing of this Motion, in an amount to be proven up at a later date, and (v) such other and further relief as this Court deems just and proper.

Dated: New York, New York
   April 15, 2019

ARCHER & GREINER, P.C.

By: /s/ Allen G. Kadish      
  Allen G. Kadish
  Lance A. Schildkraut
  630 Third Avenue
  New York, New York 10017
  Tel: (212) 682-4940
  Email: akadish@archerlaw.com
     lschildkraut@archerlaw.com

    and

Kenneth M. Florey
M. Neal Smith
Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440
Tel: (630) 929-3639
Email: kflorey@robbins-schwartz.com
    nsmith@robbins-schwartz.com

    and

Matthew T. Gensburg
Gensburg Calandriello & Kanter, P.C.
200 West Adams Street, Suite 2425
Chicago, Illinois 60606
Tel: (312) 263-2200
Email: mgensburg@gcklegal.com

*Attorneys for Community Unit School District 300*

## **EXHIBITS**

<u>Exhibit A</u> – Notice of Deposition

<u>Exhibit B</u> – Debtors' Objection

<u>Exhibit C</u> – Meghji Deposition Transcript

<u>Exhibit D</u> – Certification

<u>Exhibit E</u> – Redman Deposition Transcript

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                          )
In re:                                    )          Chapter 11
                                          )
SEARS HOLDINGS CORPORATION, *et al.,*     )          Case No. 18-23538 (RDD)
                                          )          (Jointly Administered)
                    Debtors.              )
_____)

## ORDER GRANTING MOTION TO STRIKE DECLARATION AND TESTIMONY OF MOSHIN MEGHJI FOR FAILURE TO COMPLY WITH RULE 30(b)(6) NOTICE OF DEPOSITION

Upon the motion (the "**Motion**")[1] of Community Unit School District 300, an Illinois school district existing and operating pursuant to the Illinois School Code, 105 Illinois Compiled Statutes 5/1-1, *et seq.* (the "**School District**"), a party in interest to this case, by and through its attorneys, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Gensburg Calandriello & Kanter, P.C., and Archer & Greiner, P.C., pursuant to Rule 37 of the Federal Rules of Civil Procedure ("**Rules**"), applicable herein by operation of Rule 7037 of the Federal Rules of Bankruptcy Procedure for entry of an order of this Court to (i) compel Sears Holdings Corporation ("**Debtor**") to produce Rule 30(b)(6) designees, (ii) strike the declaration of Mohsin Meghji ("**Meghji**") made in support of Debtor's Motion to Compel Turnover of Estate Property [Docket No. 2715]; (iii) bar Meghji from providing testimony related to topics set forth in the School District's Notice of Deposition, and (iv) award fees and travel costs to the School District in relation to the Meghji examination and for the bringing of this Motion; and due and proper notice of the Motion having been provided such that no other or further notice need be provided; and after a hearing held; and any opposition to the Motion having been withdrawn or overruled; the Court having reviewed the Motion and having determined that the legal and factual bases set forth

_____
[1] Capitalized terms not defined herein shall have the meaning given to such terms in the Motion.

in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that Sears Holdings Corporation and its debtor affiliates be, and hereby are, compelled to produce additional Rule 30(b)(6) designees; and it is further

ORDERED that the declaration of Mohsin Meghji made in support of Debtor's Motion to Compel Turnover of Estate Property [Docket No. 2715] be, and hereby is, stricken; and it is further

ORDERED that Mohsin Meghji be, and hereby is, barred from providing testimony related to topics set forth in the School District's Notice of Deposition; and it is further

ORDERED that the School District be, and hereby is, awarded fees and travel costs in relation to the Moshin Meghji examination and the bringing of this Motion, in an amount to be proven up at a later date; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April ___, 2019
      White Plains, New York

                                      _____
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE