# **EXHIBIT B**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jared R. Friedmann
Sunny Singh
Jessie B. Mishkin

*Attorneys for Debtors*
AND DEBTORS IN POSSESSION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                          :    Chapter 11
:
**SEARS HOLDINGS CORPORATION,** *et al.*,          :    Case No. 18-23538 (RDD)
:
**Debtors.**[1]                                    :    (Jointly Administered)
:
------------------------------------------------------------x

**DEBTORS' OBJECTIONS AND RESPONSES TO**
**COMMUNITY UNIT SCHOOL DISTRICT 300'S NOTICE OF DEPOSITION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7030, Sears Holdings Corporation and its debtor and non-debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "Debtors"), respectfully respond and object as follows to the Notice of Deposition served by Community Unit School District 300 (the "School District") to Debtors on March 14, 2019 (the "Notice") as follows:

**GENERAL OBJECTIONS**

1. Debtors object to the Notice to the extent it states the noticed deposition will take place on March 22, 2019 at 10:00 a.m. ET  As agreed upon by the parties, the deposition will take place on April 4, 2019 at 9:30 am, at the offices of Weil, Gotshal & Manges LLP, 767 Fifth Avenue New York, New York 10153.

2. Debtors object to the deposition topics set forth in the rider attached to the Notice (the "Deposition Topics") to the extent they seek information that is not relevant to Debtors' Motion to Compel Turnover of Estate Property [ECF No. 2715] (the "Motion") and/or proportional to the needs of the pending motion.

3. Debtors object to the Deposition Topics to the extent that they call for testimony that is protected from disclosure by the attorney-client privilege, by the work product doctrine, or by any other applicable doctrine, privilege, or immunity.  None of these General Objections, nor Debtors' specific objections to the Deposition Topics, nor the production of any witness or witnesses in connection with a Deposition Topic, shall be construed as a waiver or intent to disclose privileged information.  Any inadvertent disclosure of such information, whether through these objections or deposition testimony, shall not be deemed a waiver of any privilege or immunity as to any other document or communication likewise protected.

2

4.      Debtors object to the Deposition Topics to the extent they seek information beyond the scope of what was maintained in the ordinary course in connection with monitoring compliance with the requirements of the Economic Development Area Tax Increment Allocation Act, 20 ILCS 620/1 et seq. ("EDA Act") for the year 2017, as irrelevant and disproportionate to the needs of the pending motion.  The Village of Hoffman Estates (the "Village") is holding only funds belonging to Debtors in connection with taxes paid for 2017 (the "EDA Funds"), and the Motion seeks to compel the Village to turnover EDA Funds *only for the 2017 tax year* that it is currently holding in the Village's Special Tax Allocation Fund.  Any EDA Funds collected from taxes for prior years (i.e., before 2017) already have been distributed and, with respect to 2018, no certification of compliance has been provided to the Village yet, nor have all of the taxes even been collected for that year.

5.      Debtors object to the Deposition Topics to the extent that they are duplicative of information that Debtors already produced in response to the School District's January 15, 2019 informal discovery requests and its March 7, 2019 Interrogatories and Requests for Documents. On February 25, 2019, Debtors produced responsive documents (the "February 25 Production"), and at the School District's request, on March 6, 2019, Debtors provided informal written responses and objections to the School District's informal discovery requests (the "March 6 Letter").  On March 13, 2019, Debtors served formal responses to the School District's March 7 Interrogatories and Requests for Documents (the "March 13 Objections and Responses"). Debtors further object to the Deposition Topics to the extent they seek information that is publicly available, or that may be obtained by the School District from some other source that is more convenient, less burdensome, or less expensive.

6. Debtors object to the use of the term "Sears" in the Deposition Topics as vague and ambiguous, particularly in light of Debtors' court-approved February 11, 2019 asset sale to Transform Holdco LLC of, *inter alia*, its national network of retails stores and pharmacies under the "Sears" and "Kmart" brands. The term "Sears" is not defined in the Notice or Deposition Topics.

7. Debtors object to the Deposition Topics to the extent they seek to impose obligations on Debtors for information not within Debtors' possession, custody or control.

## **SPECIFIC RESPONSES AND OBJECTIONS TO TOPICS FOR DEPOSITION**

**Topic No. 1**

The documents, information and data attached to or referenced in the Declaration of Mohsin Y. Meghji [Doc. No. 2717], including documents, information and data which detail:

   a. How Sears tracked its eligibility for an "EDA Credit" received from the Village of Hoffman Estates, Illinois,

   b. How Sears calculated the number of such workers at its Hoffman Estates campus, including: (1) the number of Sears employees working 35 or more hours per week at its Hoffman Estates campus, (2) the number of employees of tenant companies at the Hoffman Estates campus working 35 or more hours per week, (3) the number of contractors working 35 hours or more per week at the Hoffman Estates campus, and (4) the number of building, or OTB, contractors working more than 35 hours per week at the Hoffman Estates campus.

**Response to Topic No. 1**

In addition to the foregoing General Objections, Debtors object to this Topic's use of the term "such workers" as vague and ambiguous. Debtors also object to this Topic to the extent it incorrectly implies that the number of employees and contractors at Sears's Hoffman Estates campus is a requirement under the EDA Act. The EDA Act's employment requirements encompass all full-time equivalent employees of Sears and non-Sears entities throughout the entire EDA, not limited to jobs just at the Hoffman Estates campus. Debtors further object to

4

this Topic to the extent it seeks information duplicative of information Debtors already provided to the School District in their February 25 Production, March 6 Letter, and March 13 Objections and Responses. Without waiving any objections, Debtors will produce Mohsin Meghji, Chief Restructuring Officer of Sears Holdings Corp. and affiliated Debtors, on the topic of the documents attached to the Meghji Declaration, on April 4, 2019 at 9:30 a.m.

**Topic No. 2**

The total number of such EDA Credit-qualifying workers and contractors at the end of each month in 2018.

**Response to Topic No. 2**

In addition to the foregoing General Objections, Debtors object to this Topic to the extent it seeks information regarding compliance with the requirements of the EDA Act for any year other than 2017 as irrelevant and disproportionate to the needs of the pending motion. The Motion seeks to compel the Village to turnover EDA Funds only for the 2017 tax year that belong to Debtors and which the Village currently is holding in its Special Tax Allocation Fund. For 2018, no certification of compliance with the EDA's job requirements has been provided to the Village yet, nor have all of the taxes even been collected for 2018. Debtors will not produce a witness on this topic.

**Topic No. 3**

Correspondence between Sears and the Village of Hoffman Estates, concerning Sears alleged eligibility for an EDA Credit from the Village of Hoffman Estates for the calendar years 2012 through and including 2018.

**Response to Topic No. 3**

In addition to the foregoing General Objections, Debtors object to this Topic to the extent it seeks information regarding compliance with the requirements of the EDA Act for any year other than 2017 as irrelevant and disproportionate to the needs of the pending motion. The

5

Motion seeks to compel the Village to turnover EDA Funds only for the 2017 tax year that belong to Debtors and which the Village currently is holding in its Special Tax Allocation Fund. Any EDA Funds collected from taxes for prior years (i.e., before 2017) already have been distributed and, with respect to 2018, no certification of compliance has been provided to the Village yet, nor have all of the taxes even been collected for that year. Debtors further object to this Topic to the extent it seeks information duplicative of information Debtors already provided to the School District in their February 25 Production, March 6 Letter, and March 13 Objections and Responses. Without waiving any objections, Debtors will produce Mohsin Meghji, Chief Restructuring Officer of Sears Holdings Corp. and affiliated Debtors, on this Topic in connection with communications regarding Sears's eligibility for EDA Funds for the 2017 tax year currently being held in the Village's Special Tax Allocation Fund, on April 4, 2019 at 9:30 a.m.

**Topic No. 4**

The documents produced in response to the document request sent from Kenneth M. Florey of Robbin [sic] Schwartz dated January 15, 2019.

**Response to Topic No. 4**

In addition to the foregoing General Objections, Debtors object to this Topic as vague and ambiguous because it is unclear what information is being sought. Debtors further object to this Topic to the extent it is duplicative of Topic No. 1 and to the extent it seeks information duplicative of information Debtors already provided to the School District in their February 25 Production, March 6 Letter, and March 13 Objections and Responses. Without waiving any objections, Debtors will produce Mohsin Meghji, Chief Restructuring Officer of Sears Holdings Corp. and affiliated Debtors, on this Topic on April 4, 2019 at 9:30 a.m.

**Topic No. 5**

Sears' interpretation of the jobs requirements under the Economic Development Area Tax Increment Allocation Act (20 ILCS 620/1 et seq.) and the Economic Development for a Growing Economy Tax Credit Act (35 ILC 10/5-1 et seq.) for calendar years 2012 through and including 2018.

**Response to Topic No. 5**

In addition to the foregoing General Objections, Debtors object to this Topic's use of the term "Sears' interpretation" as vague and ambiguous.  Debtors further object to this Topic to the extent it calls for testimony that is protected from disclosure by the attorney-client privilege, by the work product doctrine, or by any other applicable doctrine, privilege, or immunity.  Debtors also object to this Topic on the grounds that the Economic Development for a Growing Economy Tax Credit Act (35 ILC 10/5-1 et seq.) (the "EDGE Act")—a tax-incentive statute that is entirely separate from the EDA Act and which contains its own distinct employment requirements—is entirely irrelevant and disproportionate to needs of the pending motion.  Debtors further object to this Topic on the grounds that the EDA Act's jobs requirements are set forth in that statute and in the agreement reached between Sears and the Village thereunder; the "interpretation" of the EDA Act's jobs requirements by Sears or any other party is irrelevant and disproportionate to the needs of the pending motion.  Debtors also object to this Topic to the extent it seeks information regarding compliance with the requirements of the EDA Act for any year other than 2017 as irrelevant and disproportionate to the needs of the pending motion.  The Motion seeks to compel the Village to turnover EDA Funds only for the 2017 tax year that belong to Debtors and which the Village currently is holding in its Special Tax Allocation Fund.  Any EDA Funds collected from taxes for prior years (i.e., before 2017) already have been distributed and, with respect to 2018, no certification of compliance has been provided to the Village yet, nor have all of the taxes even been collected for that year.  Debtors further object to this Topic to the extent it seeks

7

information duplicative of information Debtors already provided to the School District in their February 25 Production, March 6 Letter, and March 13 Objections and Responses. Without waiving any objections, Debtors will produce Mohsin Meghji, Chief Restructuring Officer of Sears Holdings Corp. and affiliated Debtors, on the topic of Sears's compliance with the jobs requirement set forth in the EDA Act and agreements reached thereunder during the 2017 tax year, on April 4, 2019 at 9:30 a.m.

**Topic No. 6**

Records of counting eligible jobs under the Economic Development Area Tax Increment Allocation Act (20 ILCS 620/1 et seq.) and the Economic Development for a Growing Economy Tax Credit Act (35 ILC 10/5-1 et seq.) for calendar years 2012 through and including 2018.

**Response to Topic No. 6**

In addition to the foregoing General Objections, Debtors object to this Topic on the grounds that the EDGE Act—a tax-incentive statute that is entirely separate from the EDA Act and which contains its own distinct employment requirements—is relevant only to the extent Debtors incorporated certain jobs data collected in connection with the EDGE Act to determine compliance with the EDA Act's employment requirements.. Debtors also object to this Topic to the extent it seeks information regarding compliance with the requirements of the EDA Act for any year other than 2017 as irrelevant and disproportionate to the needs of the pending motion. The Motion seeks to compel the Village to turnover EDA Funds only for the 2017 tax year that belong to Debtors and which the Village currently is holding in its Special Tax Allocation Fund. Any EDA Funds collected from taxes for prior years (i.e., before 2017) already have been distributed and, with respect to 2018, no certification of compliance has been provided to the Village yet, nor have all of the taxes even been collected for that year. Debtors further object to this Topic to the extent it seeks information duplicative of information Debtors already provided

8

to the School District in their February 25 Production, March 6 Letter, and March 13 Objections and Responses, and set forth in the Meghji Declaration. Without waiving any objections, Debtors will produce Mohsin Meghji, Chief Restructuring Officer of Sears Holdings Corp. and affiliated Debtors, on the topic of the business records created and maintained for the purpose of counting eligible jobs under the EDA during the 2017 tax year, on April 4, 2019 at 9:30 a.m.

**Topic No. 7**

Methods for counting eligible jobs under the Economic Development Area Tax Increment Allocation Act (20 ILCS 620/1 et seq.) and the Economic Development for a Growing Economy Tax Credit Act (35 ILC 10/5-1 et seq.) for calendar years 2012 through and including 2018.

**Response to Topic No. 7**

In addition to the foregoing General Objections, Debtors object to this Topic's use of the term "methods for counting" as vague and ambiguous. Debtors further object to this Topic on the grounds that the EDGE Act—a tax-incentive statute that is entirely separate from the EDA Act and which contains its own distinct employment requirements—is relevant only to the extent Debtors incorporated certain jobs data collected in connection with the EDGE Act to determine compliance with the EDA Act's employment requirements. Debtors also object to this Topic to the extent it seeks information regarding compliance with the requirements of the EDA Act for any year other than 2017 as irrelevant and disproportionate to the needs of the pending motion. The Motion seeks to compel the Village to turnover EDA Funds only for the 2017 tax year that belong to Debtors and which the Village currently is holding in its Special Tax Allocation Fund. Any EDA Funds collected from taxes for prior years (i.e., before 2017) already have been distributed and, with respect to 2018, no certification of compliance has been provided to the Village yet, nor have all of the taxes even been collected for that year. Debtors further object to this Topic to the extent it seeks information duplicative of information Debtors already provided

9

to the School District in their February 25 Production, March 6 Letter, and March 13 Objections and Responses, and set forth in the Meghji Declaration. Without waiving any objections, Debtors will produce Mohsin Meghji, Chief Restructuring Officer of Sears Holdings Corp. and affiliated Debtors, on the topic of Sears's compliance with the jobs requirement set forth in the EDA Act and agreements reached thereunder during the 2017 tax year, on April 4, 2019 at 9:30 a.m.

**Topic No. 8**

Electronic hardware, electronic software, systems, and other tools used in counting eligible jobs under the Economic Development Area Tax Increment Allocation Act (20 ILCS 620/1 et seq.) and the Economic Development for a Growing Economy Tax Credit Act (35 ILC 10/5-1 et seq.) for calendar years 2012 through and including 2018.

**Response to Topic No. 8**

In addition to the foregoing General Objections, Debtors object to this Topic as irrelevant and disproportionate to the needs of the pending motion. Debtors further object to this Topic on the basis that the terms "systems" and "other tools" are vague and ambiguous. Debtors further object to this Topic on the grounds that the EDGE Act—a tax-incentive statute that is entirely separate from the EDA Act and which contains its own distinct employment requirements—is relevant only to the extent Debtors incorporated certain jobs data collected in connection with the EDGE Act to determine compliance with the EDA Act's employment requirements. Debtors also object to this Topic to the extent it seeks information regarding compliance with the requirements of the EDA Act for any year other than 2017 as irrelevant and disproportionate to the needs of the pending motion. The Motion seeks to compel the Village to turnover EDA Funds only for the 2017 tax year that belong to Debtors and which the Village currently is holding in its Special Tax Allocation Fund. Any EDA Funds collected from taxes for prior years (i.e., before 2017) already have been distributed and, with respect to 2018, no certification of

compliance has been provided to the Village yet, nor have all of the taxes even been collected for that year.  Without waiving any objections, Debtors will produce Mohsin Meghji, Chief Restructuring Officer of Sears Holdings Corp. and affiliated Debtors, on the topic of the software used to count the number of EDA Credit-qualifying jobs created or maintained at Sears's Hoffman Estates campus in 2017, on April 4, 2019 at 9:30 a.m.

Dated: March 25, 2019
      New York, New York

    */s/ Jared R. Friedmann*
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York  10153
    Telephone:  (212) 310-8000
    Facsimile:  (212) 310-8007
    Ray C. Schrock, P.C.
    Jared R. Friedmann
    Sunny Singh
    Jessie B. Mishkin

    *Attorneys for Debtors*
    *and Debtors in Possession*

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 25th day of March 2019, a true and correct copy of the foregoing was served via email on the following counsel of record:

**ARCHER & GREINER, P.C.**
Allen G. Kadish
Lance A. Schildkraut
630 Third Avenue
New York, New York 10017

**ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD.**
Kenneth M. Florey
M. Neal Smith
631 E. Boughton Road, Suite 200
Bolingbrook, Illinois 60440

**GENSBURG CALANDRIELLO & KANTER, P.C.**
Matthew T. Gensberg
200 West Adams Street, Suite 2425
Chicago, Illionis 60606

*Attorneys for Community Unit School District 300*

                                                  */s H. David Leslie*
                                                  H. David Leslie