WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | |
| | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |

------------------------------------------------------------------x

### SUMMARY SHEET FOR FIRST APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS ATTORNEYS FOR DEBTORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM OCTOBER 15, 2018 THROUGH AND INCLUDING FEBRUARY 28, 2019

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

***General Information***

| | |
|---|---|
| Name of Applicant: | **Weil, Gotshal & Manges LLP** |
| Authorized to Provide Services For: | Counsel to the Above-Captioned Debtors and Debtors in Possession |
| Commencement Date: | October 15, 2018 |
| Retention Date: | November 9, 2018 *nunc pro tunc* to October 15, 2018 |
| Prior Applications: | None |
| Time Period Covered by This Application: | October 15, 2018 through and including February 28, 2019 (the "**Compensation Period**") |

***Summary of Fees and Expenses Requested for Compensation Period***

| | |
|---|---|
| Amount of Fees Sought as Actual, Reasonable, and Necessary for the Compensation Period: | $40,705,193.75 |
| Amount of Expense Reimbursement Sought As Actual, Reasonable, and Necessary for the Compensation Period: | $1,572,862.82 |
| Total Fees and Expenses Requested for the Compensation Period: | $42,278,056.57 |

***Total Fees and Expenses Allowed Pursuant to Prior Applications***

| | |
|---|---|
| Total Allowed Fees Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Total Allowed Fees and Expenses Paid to Date: | N/A |

***Total Fees and Expenses Paid to Applicant Pursuant to Monthly Statements***

| | |
|---|---|
| Fees Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $18,148,405.00 |

WEIL:\96951774\17\73217.0004

| | |
|---|---|
| Expenses Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $835,443.41 |
| Total Fees and Expenses Sought for this Compensation Period Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $18,983,848.41 |
| Total Fees and Expenses Sought for this Compensation Period Not Yet Paid: | $23,294,208.16 |

***Summary of Rates and Other Related Information for this Compensation Period***

| | |
|---|---|
| Blended Rate in This Application for All Attorneys: | $962.24 |
| Blended Rate in This Application for All Timekeepers: | $897.03 |
| Number of Timekeepers Included in This Application: | 193 (154 Attorneys; 39 Paraprofessionals and Other Non-Legal Staff) |
| Number of Attorneys in this Application Not Included in Staffing Plan Discussed with Client: | N/A |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | Fees were less than budgeted amount. |
| Number of Attorneys Billing Fewer than 15 Hours to the Case During the Compensation Period: | 19 |
| Increase in Rates Since Date of Retention: | None |

This is a(n):    __X__ interim _____ final application.

3

## SUMMARY OF PRIOR MONTHLY FEE STATEMENTS

| Date Filed and ECF No. | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Previously Requested with Prior Monthly Fee Statement | | Total Amount Paid to Date | | Holdback Fees Requested |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| 12/07/2018 ECF No. 1101 | October 15, 2018 through October 31, 2018 | $4,985,205.00 | $158,776.83 | $3,988,164.00 | $158,776.83 | $3,988,164.00 | $158,776.83 | $997,041.00 |
| 1/18/2019 ECF No. 1729 | November 1, 2018 through November 30, 2018 | $10,048,818.00 | $161,395.00 | $8,039,054.40 | $161,395.00 | $8,039,054.40 | $161,395.00 | $2,009,763.60 |
| 3/04/2019 ECF No. 2729 | December 1, 2018 through December 31, 2018 | $7,651,483.25 | $515,271.58 | $6,121,186.60 | $515,271.58 | $6,121,186.60 | $515,271.58 | $1,530,296.65 |
| 4/08/2019 ECF No. 3084 | January 1, 2019 through January 31, 2019 | $11,292,523.75 | $463,594.50 | $9,034,019.00 | $463,594.50 | $0.00 | $0.00 | $2,258,504.75 |
| 4/15/2019 ECF No. 3197 | February 1, 2019 through February 28, 2019 | $6,727,163.75 | $273,824.91 | $5,381,731.00 | $273,824.91 | $0.00 | $0.00 | $1,345,432.75 |
| **Total for First Interim Fee Application** | | **$40,705,193.75** | **$1,572,862.82** | **$32,564,155.00** | **$1,572,862.82** | **$18,148,405.00** | **$835,443.41** | **$8,141,038.75** |

The table above is under the heading **First Interim Fee Application**.

Summary of Any Objections to Monthly Fee Statements:  None.

WEIL:\96951774\17\73217.0004

## COMPENSATION BY PROFESSIONAL
## OCTOBER 15, 2018 THROUGH AND INCLUDING FEBRUARY 28, 2019

The attorneys who rendered professional services in these chapter 11 cases during the Compensation Period are:

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[2] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Heitner, Kenneth H. | Partner | TAX | 1974 | $1,600.00 | 25.50 | $40,800.00 |
| Danilow, Greg A. | Partner | CORP | 1975 | $1,600.00 | 332.90 | $525,200.00 |
| Odoner, Ellen J. | Partner | CORP | 1978 | $1,600.00 | 527.10 | $841,760.00 |
| Bond, W. Michael | Partner | CORP | 1980 | $1,600.00 | 727.20 | $1,163,520.00 |
| Epstein, Michael A. | Partner | CORP | 1980 | $1,500.00 | 534.30 | $801,450.00 |
| Hoenig, Mark | Partner | TAX | 1982 | $1,525.00 | 284.90 | $434,472.50 |
| Dixon, Catherine T. | Partner | CORP | 1982 | $1,500.00 | 7.90 | $11,850.00 |
| Marcus, Jacqueline | Partner | BFR | 1983 | $1,375.00 | 942.90 | $1,291,331.25 |
| Goldring, Stuart J. | Partner | TAX | 1984 | $1,600.00 | 224.60 | $359,360.00 |
| Wessel, Paul J. | Partner | TAX | 1988 | $1,600.00 | 283.50 | $453,600.00 |
| Connolly, Annemargaret | Partner | CORP | 1988 | $1,350.00 | 77.40 | $104,490.00 |
| Zylberberg, Samuel M. | Partner | CORP | 1988 | $1,225.00 | 18.50 | $22,662.50 |
| Pappas, Nicholas J. | Partner | LIT | 1989 | $1,225.00 | 25.30 | $30,992.50 |
| Urquhart, Douglas R. | Partner | CORP | 1990 | $1,450.00 | 186.30 | $269,410.00 |
| Chivers, Corey | Partner | CORP | 1992 | $1,425.00 | 101.40 | $144,495.00 |
| Lender, David J. | Partner | LIT | 1994 | $1,350.00 | 138.30 | $186,705.00 |
| Azcuy, Beatriz | Partner | CORP | 1994 | $1,200.00 | 273.10 | $327,720.00 |
| Kronman, Ariel | Partner | CORP | 1994 | $1,200.00 | 30.00 | $36,000.00 |
| Genender, Paul R. | Partner | LIT | 1994 | $1,175.00 | 325.80 | $382,815.00 |
| Mastando III, John P. | Partner | LIT | 1997 | $1,200.00 | 9.50 | $11,400.00 |
| Schrock, Ray C. | Partner | BFR | 1998 | $1,550.00 | 929.80 | $1,441,190.00 |
| Shim, Soo-Jin | Partner | CORP | 1998 | $1,350.00 | 4.00 | $5,400.00 |
| Ong, Henry | Partner | CORP | 1999 | $1,350.00 | 14.20 | $19,170.00 |
| Singer, Randi W. | Partner | LIT | 1999 | $1,200.00 | 168.30 | $201,960.00 |
| Silbert, Gregory | Partner | LIT | 2000 | $1,150.00 | 18.50 | $21,275.00 |
| Herman, David | Partner | CORP | 2001 | $1,200.00 | 108.00 | $129,600.00 |
| Nettleton, Stacy | Partner | LIT | 2003 | $1,125.00 | 185.90 | $209,137.50 |
| Fail, Garrett | Partner | BFR | 2004 | $1,300.00 | 828.70 | $1,058,070.00 |

---

[2] BFR – Business Finance & Restructuring; CORP – Corporate; LIT – Litigation, LSS – Litigation Support Staff.

WEIL:\96951774\17\73217.0004

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[2] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Westerman, Gavin | Partner | CORP | 2004 | $1,200.00 | 452.00 | $542,400.00 |
| Friedmann, Jared R. | Partner | LIT | 2004 | $1,125.00 | 448.50 | $500,287.50 |
| Kucerik, Brianne L. | Partner | LIT | 2006 | $1,200.00 | 145.70 | $174,840.00 |
| Singh, Sunny | Partner | BFR | 2007 | $1,200.00 | 769.90 | $922,320.00 |
| Dahl, Ryan Preston | Partner | BFR | 2007 | $1,175.00 | 127.60 | $144,466.25 |
| Liou, Jessica | Partner | BFR | 2009 | $1,075.00 | 181.80 | $194,467.50 |
| Baer, Lawrence J. | Counsel | LIT | 1984 | $1,050.00 | 258.80 | $271,740.00 |
| Nagar, Roshelle A. | Counsel | CORP | 1989 | $1,050.00 | 167.80 | $176,190.00 |
| Margolis, Steven M. | Counsel | TAX | 1990 | $1,075.00 | 561.70 | $603,827.50 |
| Naughton, Michael C. | Counsel | LIT | 1995 | $1,050.00 | 64.70 | $67,935.00 |
| Meyrowitz, Melissa | Counsel | CORP | 1999 | $1,050.00 | 37.90 | $39,795.00 |
| Shulzhenko, Oleksandr | Counsel | CORP | 2000 | $1,050.00 | 176.90 | $185,745.00 |
| Ganchrow, Elliot | Counsel | CORP | 2001 | $1,050.00 | 6.10 | $6,405.00 |
| Goslin, Thomas D. | Counsel | CORP | 2003 | $1,050.00 | 151.60 | $159,180.00 |
| Brusser, Vadim M. | Counsel | LIT | 2004 | $1,050.00 | 14.10 | $14,805.00 |
| Comer, Samuel Jason | Counsel | CORP | 2005 | $1,050.00 | 69.80 | $73,290.00 |
| Munz, Naomi | Counsel | CORP | 2006 | $1,050.00 | 1,018.80 | $1,068,690.00 |
| Goren, Matthew | Counsel | BFR | 2007 | $1,075.00 | 253.90 | $257,408.75 |
| Mishkin, Jessie B. | Counsel | LIT | 2007 | $1,050.00 | 427.90 | $445,462.50 |
| Gershowitz, Gabriel | Counsel | CORP | 2010 | $1,050.00 | 8.50 | $8,925.00 |
| Meyrowitz, Melissa | Associate | CORP | 1999 | $995.00 | 109.00 | $108,455.00 |
| Shulzhenko, Oleksandr | Associate | CORP | 2000 | $995.00 | 594.20 | $591,229.00 |
| Friedman, Julie T. | Associate | BFR | 2004 | $600.00 | 251.90 | $151,140.00 |
| Liou, Jessica | Associate | BFR | 2009 | $995.00 | 364.00 | $362,180.00 |
| Byeff, David P. | Associate | LIT | 2009 | $995.00 | 300.50 | $290,042.50 |
| Seales, Jannelle Marie | Associate | CORP | 2009 | $995.00 | 976.30 | $971,418.50 |
| Arthur, Candace | Associate | BFR | 2010 | $995.00 | 781.10 | $776,199.50 |
| Wright, Jason E. | Associate | LIT | 2010 | $995.00 | 12.50 | $12,437.50 |
| Miller, Olivia Zimmerman | Associate | LIT | 2010 | $995.00 | 169.70 | $166,811.75 |
| Lee, Young | Associate | CORP | 2010 | $995.00 | 12.90 | $12,835.50 |
| Loo, Qinghao Shauna | Associate | CORP | 2010 | $950.00 | 4.90 | $4,655.00 |
| Wang, Kevin Xin | Associate | CORP | 2010 | $875.00 | 8.80 | $7,700.00 |
| Overmyer, Paul J. | Associate | CORP | 2011 | $995.00 | 74.00 | $73,630.00 |
| Podolsky, Anne Catherine | Associate | CORP | 2011 | $995.00 | 793.70 | $789,731.50 |

6

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[2] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Goltser, Jonathan | Associate | CORP | 2011 | $875.00 | 65.20 | $57,050.00 |
| Nersesyan, Yelena | Associate | CORP | 2011 | $875.00 | 182.60 | $159,775.00 |
| Remijan, Eric D. | Associate | TAX | 2012 | $995.00 | 307.90 | $306,360.50 |
| Diveley Landry, Angela | Associate | LIT | 2012 | $980.00 | 344.20 | $337,316.00 |
| Prugh, Amanda Pennington | Associate | LIT | 2012 | $980.00 | 268.90 | $263,522.00 |
| Cunningham, Nathan | Associate | LIT | 2012 | $950.00 | 12.50 | $11,875.00 |
| Goldinstein, Arkady | Associate | BFR | 2013 | $980.00 | 444.10 | $434,336.00 |
| Apfel, Joshua H. | Associate | BFR | 2013 | $980.00 | 486.70 | $476,966.00 |
| Greer, Olivia J. | Associate | LIT | 2013 | $950.00 | 33.10 | $31,445.00 |
| Guthrie, Hayden | Associate | CORP | 2013 | $950.00 | 710.10 | $674,595.00 |
| Rudin, Joshua N. | Associate | CORP | 2013 | $920.00 | 202.20 | $186,024.00 |
| Leslie, Harold David | Associate | LIT | 2013 | $920.00 | 113.80 | $104,696.00 |
| Meyer, Robert | Associate | LIT | 2014 | $980.00 | 154.70 | $151,606.00 |
| Descovich, Kaitlin | Associate | CORP | 2014 | $950.00 | 335.00 | $318,250.00 |
| Rosenblum, Amanda | Associate | TAX | 2014 | $950.00 | 21.50 | $20,425.00 |
| Swette, Alexandria | Associate | LIT | 2014 | $950.00 | 147.20 | $139,840.00 |
| Messina, Michael D. | Associate | CORP | 2014 | $950.00 | 112.70 | $107,065.00 |
| Hwangpo, Natasha | Associate | BFR | 2014 | $950.00 | 1,173.20 | $1,102,617.50 |
| Christoffersen-Deb, Anne-Marie | Associate | CORP | 2014 | $920.00 | 29.60 | $27,232.00 |
| Jia, Carol | Associate | CORP | 2014 | $790.00 | 17.80 | $14,062.00 |
| De Vuono, Christina A. | Associate | CORP | 2015 | $980.00 | 96.00 | $94,080.00 |
| Ramsini, Larsa K. | Associate | LIT | 2015 | $920.00 | 34.00 | $31,280.00 |
| Fitzmaurice, David | Associate | LIT | 2015 | $920.00 | 32.90 | $30,268.00 |
| Simon, Ariel | Associate | CORP | 2015 | $920.00 | 386.10 | $353,464.00 |
| Springer, Lauren | Associate | CORP | 2015 | $920.00 | 325.30 | $299,276.00 |
| LePorin, Steven J. | Associate | CORP | 2015 | $920.00 | 298.90 | $274,988.00 |
| Logan, Claire E. | Associate | CORP | 2015 | $920.00 | 48.00 | $44,160.00 |
| Cohen, Dori Y. | Associate | LIT | 2015 | $920.00 | 139.70 | $128,524.00 |
| Peshko, Olga F. | Associate | BFR | 2015 | $920.00 | 668.30 | $610,420.00 |
| Crozier, Jennifer Melien Brooks | Associate | LIT | 2015 | $920.00 | 252.10 | $231,932.00 |
| Scher, Dylan | Associate | CORP | 2015 | $875.00 | 65.90 | $57,662.50 |
| Kaneko, Erika Grace | Associate | CORP | 2015 | $875.00 | 186.40 | $163,100.00 |
| Sytsma, Elizabeth | Associate | LIT | 2015 | $875.00 | 134.10 | $117,337.50 |

WEIL:\96951774\17\73217.0004

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[2] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Yiu, Vincent Chanhong | Associate | BFR | 2016 | $875.00 | 525.80 | $460,075.00 |
| Sadon, Joseph S. | Associate | CORP | 2016 | $875.00 | 85.50 | $74,812.50 |
| Kirsztajn, Daniela H. | Associate | LIT | 2016 | $875.00 | 264.00 | $225,793.75 |
| Woodford, Andrew | Associate | CORP | 2016 | $875.00 | 265.10 | $231,962.50 |
| Miller, Jeri Leigh | Associate | BFR | 2016 | $790.00 | 414.70 | $316,632.00 |
| Rutherford, Jake Ryan | Associate | LIT | 2016 | $790.00 | 304.50 | $234,314.00 |
| Ho, Carolyn | Associate | CORP | 2016 | $560.00 | 4.00 | $2,240.00 |
| Van Groll, Paloma | Associate | BFR | 2017 | $875.00 | 1,076.90 | $933,668.75 |
| Cohen, Francesca | Associate | CORP | 2017 | $875.00 | 553.50 | $484,312.50 |
| Podzius, Bryan R. | Associate | BFR | 2017 | $875.00 | 406.40 | $350,700.00 |
| Satterfield, Kyle Roland | Associate | BFR | 2017 | $790.00 | 112.40 | $87,887.50 |
| Skrzynski, Matthew | Associate | BFR | 2017 | $790.00 | 1,078.30 | $849,684.50 |
| Taylor, Zachary R. | Associate | LIT | 2017 | $790.00 | 51.00 | $40,290.00 |
| Hill, David F. | Associate | LIT | 2017 | $790.00 | 183.70 | $145,123.00 |
| Tesoriero, Lucas F. | Associate | LIT | 2017 | $790.00 | 70.70 | $55,853.00 |
| Mishra, Akansha | Associate | LIT | 2017 | $790.00 | 261.60 | $206,664.00 |
| Jaikaran, Elizabeth Shanaz | Associate | CORP | 2017 | $790.00 | 210.10 | $165,979.00 |
| Holt, Andrew | Associate | CORP | 2017 | $790.00 | 9.70 | $7,663.00 |
| Dougherty, Taylor Bridget | Associate | LIT | 2017 | $790.00 | 12.70 | $10,033.00 |
| Cho, Joon | Associate | LIT | 2017 | $790.00 | 192.30 | $151,917.00 |
| Soso, Daniel | Associate | CORP | 2017 | $690.00 | 140.70 | $97,083.00 |
| Lee, Hoi Yee Julia | Associate | CORP | 2017 | $690.00 | 14.80 | $10,212.00 |
| Palkovic, Beth | Associate | CORP | 2018 | $790.00 | 34.40 | $27,176.00 |
| Bednarczyk, Meggin | Associate | CORP | 2018 | $690.00 | 492.40 | $339,756.00 |
| Bui, Phong T. | Associate | CORP | 2018 | $690.00 | 296.20 | $204,378.00 |
| Harris, Jenna | Associate | LIT | 2018 | $690.00 | 119.60 | $82,524.00 |
| Hulsey, Sam | Associate | CORP | 2018 | $690.00 | 323.20 | $223,008.00 |
| Knowlton, Whitney N. | Associate | LIT | 2018 | $690.00 | 322.50 | $222,525.00 |
| Lau, Jennifer | Associate | LIT | 2018 | $690.00 | 244.80 | $168,912.00 |
| Lopatka, Thaddeus | Associate | LIT | 2018 | $690.00 | 42.60 | $29,394.00 |
| Namerow, Derek | Associate | CORP | 2018 | $690.00 | 546.80 | $377,292.00 |
| Neuhauser, David | Associate | CORP | 2018 | $690.00 | 140.10 | $96,669.00 |
| Shub, Lorraine | Associate | TAX | 2018 | $690.00 | 137.50 | $94,875.00 |

WEIL:\96951774\17\73217.0004

| NAME OF PROFESSIONAL | POSITION | DEPARTMENT[2] | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Warhit, Alyson | Associate | LIT | 2018 | $690.00 | 22.50 | $15,525.00 |
| Diktaban, Catherine Allyn | Associate | BFR | 2018 | $690.00 | 1,080.20 | $603,708.00 |
| Gordan, Anna C. | Associate | LIT | 2018 | $690.00 | 75.90 | $52,371.00 |
| Linneman, Michael A. | Associate | LIT | 2018 | $690.00 | 232.00 | $160,080.00 |
| Rios, Daniel | Associate | TAX | 2018 | $690.00 | 12.60 | $8,694.00 |
| Hwang, Angeline Joong-Hui | Associate | BFR | 2018 | $690.00 | 669.00 | $458,850.00 |
| Richards, Lauren E. | Associate | LIT | 2018 | $690.00 | 56.10 | $38,709.00 |
| Christian, John Reed | Associate | LIT | 2018 | $560.00 | 55.20 | $30,912.00 |
| Perry, Shelby Taylor | Associate | LIT | 2018 | $560.00 | 111.70 | $62,552.00 |
| Godio, Joseph C. | Associate | CORP | 2019 | $690.00 | 451.40 | $311,466.00 |
| Ikram, Maliha | Associate | TAX | 2019 | $560.00 | 9.10 | $5,096.00 |
| Richards, Daniel Spencer | Associate | CORP | 2019 | $560.00 | 35.90 | $20,104.00 |
| Batis, Theodore | Associate | CORP | 2019 | $560.00 | 170.40 | $95,424.00 |
| Montalto, Nathan James | Associate | LIT | 2019 | $560.00 | 189.40 | $106,064.00 |
| Barron, Shira | Associate | CORP | 2019 | $560.00 | 355.70 | $199,192.00 |
| Allison, Elisabeth M. | Associate | TAX | * | $690.00 | 117.20 | $80,868.00 |
| Kelly, Daniel Robert | Associate | CORP | * | $560.00 | 126.00 | $70,560.00 |
| Miranda, Graciany | Associate | CORP | * | $560.00 | 279.30 | $156,408.00 |
| Shiarella, Ripley | Associate | LIT | * | $560.00 | 45.90 | $25,704.00 |
| Gitlin, Adam | Associate | LIT | * | $560.00 | 14.90 | $8,344.00 |
| Thompson, Maryann | Associate | CORP | * | $560.00 | 196.20 | $109,872.00 |
| Ungerer, Frank | Associate | LIT | * | $560.00 | 38.50 | $21,560.00 |
| Weiss, Zander | Associate | LIT | * | $560.00 | 34.80 | $19,488.00 |
| DiDonato, Philip | Associate | BFR | * | $560.00 | 877.70 | $489,384.00 |
| Wands, Lauren | Associate | LIT | * | $560.00 | 92.50 | $51,800.00 |
| Rasani, Amama | Associate | LIT | * | $560.00 | 127.00 | $71,120.00 |
| Lewitt, Alexander G. | Associate | BFR | * | $560.00 | 617.10 | $345,156.00 |
| Zavagno, Michael | Associate | CORP | * | $560.00 | 211.60 | $118,496.00 |
| O'Muiri, Conor | Associate | CORP | * | $560.00 | 305.30 | $170,968.00 |
| **Attorney Total** | | | | | **40,511.60** | **$38,981,916.00** |

WEIL:\96951774\17\73217.0004

The paraprofessionals and other non-legal staff who rendered professional services in these chapter 11 cases during the Compensation Period are:

| NAME OF PARAPROFESSIONALS AND OTHER NON-LEGAL STAFF | DEPARTMENT | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $420.00 | 179.50 | $75,390.00 |
| Stauble, Christopher A. | BFR | $405.00 | 487.10 | $197,275.50 |
| Postiglione, Generosa | LIT | $405.00 | 20.50 | $8,302.50 |
| Wong, Sandra | LIT | $405.00 | 63.20 | $25,596.00 |
| Marquez, Francheska | CORP | $405.00 | 94.90 | $38,434.50 |
| Reyes, Yahayra | CORP | $405.00 | 330.70 | $133,933.50 |
| Grant, Keri | CORP | $405.00 | 853.50 | $345,667.50 |
| Arias, Juan C. | CORP | $405.00 | 122.10 | $49,450.50 |
| Hoilett, Leason | LIT | $385.00 | 318.30 | $122,545.50 |
| Ellsworth, John A. | CORP | $385.00 | 248.40 | $95,634.00 |
| Malcolm, Patrice | CORP | $385.00 | 31.00 | $11,935.00 |
| Haiken, Lauren C. | LSS | $380.00 | 105.70 | $40,166.00 |
| Fabsik, Paul | BFR | $375.00 | 184.50 | $69,187.50 |
| Olson, Eric John | CORP | $375.00 | 24.00 | $9,000.00 |
| Jones, Peggy J. | CORP | $375.00 | 9.70 | $3,637.50 |
| Mosin, Olga | LSS | $360.00 | 8.30 | $2,988.00 |
| Chan, Herbert | LIT | $355.00 | 28.20 | $10,011.00 |
| Olvera, Rene A. | BFR | $355.00 | 12.70 | $4,508.50 |
| Morris, Sharron | LIT | $355.00 | 161.40 | $57,297.00 |
| Gilmartin, Justin | CORP | $355.00 | 159.30 | $56,551.50 |
| Cameau, Elayne J. | LIT | $355.00 | 37.30 | $13,241.50 |
| Dang, Thai | LSS | $345.00 | 6.50 | $2,242.50 |
| Nudelman, Peter | LSS | $345.00 | 15.40 | $5,313.00 |
| Robin, Artur | LSS | $345.00 | 20.10 | $6,934.50 |
| Chavez, Miguel | LSS | $330.00 | 19.20 | $6,336.00 |
| Aaron-Betton, Merlyn | CORP | $330.00 | 114.60 | $37,818.00 |
| Mo, Suihua | LSS | $330.00 | 18.00 | $5,940.00 |
| Bogota, Alejandro | LSS | $330.00 | 11.50 | $3,795.00 |
| Hahn, Winfield | LIT | $255.00 | 65.40 | $15,950.25 |
| Petrick, Hailey Burton | CORP | $255.00 | 38.10 | $9,715.50 |
| Meyer, Natalie | LIT | $240.00 | 7.00 | $1,680.00 |

WEIL:\96951774\17\73217.0004

| NAME OF PARAPROFESSIONALS AND OTHER NON-LEGAL STAFF | DEPARTMENT | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Harrison, Greer | CORP | $240.00 | 21.80 | $5,232.00 |
| Keschner, Jason | BFR | $240.00 | 69.00 | $16,560.00 |
| Peene, Travis J. | BFR | $240.00 | 189.90 | $45,576.00 |
| Kleissler, Matthew | BFR | $240.00 | 161.90 | $38,856.00 |
| Simataa, Mwangala | CORP | $240.00 | 84.80 | $20,352.00 |
| Zaslav, Benjamin | BFR | $240.00 | 512.10 | $122,904.00 |
| Schimmel, Kelsea | CORP | $240.00 | 21.00 | $5,040.00 |
| Solomon, Kaila | CORP | $240.00 | 9.50 | $2,280.00 |
| **Paraprofessional and other Non-Legal Staff Total** | | | **4,866.10** | **$1,723,277.75** |

The total fees for the Compensation Period are:

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel (48) | $1,292.34 | 12,677.80 | $16,384,016.25 |
| Associates (106) | $811.89 | 27,833.80 | $22,597,899.75 |
| Paraprofessionals and Other Non-Legal Staff (39) | $354.14 | 4,866.10 | $1,723,277.75 |
| **Blended Attorney Rate** | **$962.24** | | |
| **Blended Rate for All Timekeepers** | **$897.03** | | |
| **Total Fees Incurred:** | | **45,377.70** | **$40,705,193.75** |

11

## COMPENSATION BY PROJECT CATEGORY
## OCTOBER 15, 2018 THROUGH AND INCLUDING FEBRUARY 28, 2019

| TASK CODE | PROJECT CATEGORY | TOTAL HOURS BILLED | AMOUNT |
|---|---|---|---|
| 001 | Administrative Expense Claims | 0.30 | $207.00 |
| 003 | Asset Disposition/363 Asset /De Minimis Asset/Liquidation Sales | 14,172.10 | $13,492,950.00 |
| 004 | Automatic Stay | 957.70 | $826,456.50 |
| 006 | Bar Date Motion/Claims Reconciliation Issues | 59.00 | $39,745.50 |
| 007 | Case Administration (Docket Updates, WIP List and Case Calendar) | 529.10 | $337,805.50 |
| 008 | Chapter 11 Plan/Plan Confirmation | 132.70 | $139,668.50 |
| 009 | Communications with Client | 588.40 | $618,904.00 |
| 010 | Corporate Governance | 1,867.80 | $2,019,986.50 |
| 011 | Customer, Supplier and Vendor Issues | 1,330.20 | $1,420,112.00 |
| 013 | DIP Financing/Cash Collateral/Adequate Protection/Cash Management | 5,156.20 | $4,094,609.00 |
| 014 | Disclosure Statement/Solicitation/Voting | 47.60 | $32,010.00 |
| 015 | Employee Issues | 2,002.20 | $2,000,090.50 |
| 016 | Exclusivity | 51.10 | $45,396.00 |
| 017 | Executory Contracts/Lease Issues | 141.80 | $103,617.50 |
| 018 | General Case Strategy (included Team Calls) | 997.40 | $964,115.50 |
| 019 | Hearings and Court Matters | 2,014.30 | $1,434,677.00 |
| 020 | Insurance and Workers Compensation Issues | 186.10 | $162,590.00 |
| 021 | Non-Bankruptcy Litigation | 76.40 | $63,693.50 |
| 022 | Non-Working Travel | 294.60 | $144,068.75 |
| 023 | Real Property Leases/Section 365 Issues /Cure Amounts | 7,079.60 | $6,246,231.00 |
| 024 | Reclamation/503 (b)(9) Claims | 168.70 | $121,178.50 |
| 025 | Regulatory/Environmental Issues | 1,010.20 | $1,000,104.50 |
| 026 | Retention/Fee Application: Ordinary Course Professionals | 242.60 | $131,021.00 |
| 027 | Retention/Fee Application: Other Professionals | 455.10 | $328,818.50 |
| 028 | Retention/Billing/Fee Applications: Weil | 356.20 | $241,232.50 |
| 029 | Schedules/Statement Financial Affairs | 515.80 | $391,294.00 |
| 031 | Tax Issues | 965.30 | $1,194,764.00 |
| 032 | Unsecured Creditor Issues/Communications/Meetings | 550.60 | $493,443.00 |
| 033 | U.S. Trustee Issues/Meetings/Communications/Reports | 80.80 | $69,779.50 |
| 034 | Utility Issues/Adequate Assurance | 434.70 | $305,041.50 |
| 035 | Restructuring Subcommittee Investigation | 2,656.50 | $1,988,491.50 |
| 036 | Sears Re | 49.30 | $57,704.50 |

WEIL:\96951774\17\73217.0004

| 037 | KCD | 177.10 | $163,965.00 |
|---|---|---|---|
| 038 | Non-Debtor Affiliates (Other) | 5.20 | $4,764.00 |
| 039 | Debt Documents/Issues | 25.00 | $26,657.50 |
| **Total:** | | **45,377.70** | **$40,705,193.75** |

WEIL:\96951774\17\73217.0004

**EXPENSE SUMMARY**
**OCTOBER 15, 2018 THROUGH AND INCLUDING FEBRUARY 28, 2019**

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Duplicating | $365,475.84 |
| Computerized Research | $500,759.95 |
| Mail/Messenger | $4,561.65 |
| Travel | $82,167.58 |
| Local Transportation | $82,913.35 |
| Meals | $230,475.47 |
| Corporation Service | $65,385.98 |
| Court Reporting | $51,161.05 |
| Consultants and Witness Fees | $94,001.64 |
| Filing Fees | $91,483.31 |
| Translation Fees | $3,720.00 |
| CourtCall | $757.00 |
| **Total:** | **$1,572,862.82** |

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                     :

In re                            :         **Chapter 11**
                                       :

**SEARS HOLDINGS CORPORATION**, *et al.*, :    **Case No. 18-23538 (RDD)**
                                       :

           **Debtors.**[1]              :         **(Jointly Administered)**
                                       :

-------------------------------------------------------------x

**FIRST APPLICATION OF WEIL, GOTSHAL & MANGES LLP,**
**AS ATTORNEYS FOR THE DEBTORS, FOR INTERIM ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**FROM OCTOBER 15, 2018 THROUGH AND INCLUDING FEBRUARY 28, 2019**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

WEIL:\96951774\17\73217.0004

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Weil, Gotshal & Manges LLP ("**Weil**"), for its application, pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for interim allowance of compensation for professional services performed by Weil as attorneys for the above-captioned debtors and debtors in possession (the "**Debtors**"), for the period commencing October 15, 2018 (the "**Commencement Date**") through and including February 28, 2019 (the "**Compensation Period**"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

## Background

2.      Beginning on the Commencement Date, and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

3

3.        Information regarding the Debtors' prepetition business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).[2]

4.        On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

5.        On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507) (the "**Sale Order**"). Pursuant to the Sale Order, the Debtors sold substantially all of their assets to Transform Holdco LLC ("**Transform**") in a transaction (the "**Sale Transaction**") that closed during the Compensation Period, on February 11, 2019.

### The Debtors' Retention of Weil

6.        Weil has served as the Debtors' counsel since the Commencement Date. The Court approved the Debtors' application to retain and employ Weil as their attorneys (ECF No. 344) by order, dated November 13, 2018 (ECF No. 691) (the "**Retention Order**").  The Retention Order authorizes the Debtors to compensate and reimburse Weil in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Fee Guidelines (defined below).  The

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Riecker Declaration.

WEIL:\96951774\17\73217.0004

Retention Order also authorizes the Debtors to compensate Weil for services rendered and to reimburse Weil for its reasonable and necessary expenses incurred at Weil's normal hourly rates and disbursement policies, subject to application to this Court.  The Retention Order authorizes Weil to, among other things:

- prepare on behalf of the Debtors all necessary motions, applications, orders, reports, and other papers, and take all necessary actions in connection with the administration of the Debtors' estates;

- take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, and the negotiation of disputes in which the Debtors are involved; and

- perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

### Summary of Professional Compensation and Reimbursement of Expenses Requested[3]

7.        During the Compensation Period, Weil staffed attorneys from all of the firm's departments and numerous practice areas to assist in the efficient administration of the Debtors and their estates.    During the Compensation Period, Weil attorneys and paraprofessionals expended a total of 45,377.70 hours in connection with the necessary services performed.  Weil seeks allowance of compensation for professional services performed in the amount of $40,705,193.75 and for reimbursement of expenses incurred in connection with the rendition of such services in the amount of $1,572,862.82. Weil reserves the right to request

---

[3] This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 796) (the "**Interim Compensation Order**"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013) (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**," and, together with the Local Guidelines, the "**Fee Guidelines**").

WEIL:\96951774\17\73217.0004

additional compensation for the Compensation Period to the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period.

8.        There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.  During the Compensation Period, Weil received no payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application (other than from the Debtors in accordance with the Interim Compensation Order).

9.        The fees charged by Weil in these cases are billed in accordance with Weil's existing billing rates and procedures in effect during the Compensation Period.  The rates Weil charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases generally are the same rates Weil charges for professional and paraprofessional services rendered in comparable bankruptcy and nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

10.        Weil consistently monitors its charges and expenses before and after the submission of monthly fee statements for possible errors or charges that should be reduced.  Weil will continue to diligently monitor its charges and expenses and, where appropriate, make applicable reductions.

11.        Annexed hereto as **Exhibit "A"** is a certification regarding compliance with the Fee Guidelines.

12.        The attached summary sheet contains a schedule of Weil professionals, paraprofessionals, and other non-legal staff who have performed services for the Debtors during

6

the Compensation Period, the capacities in which each individual is employed by Weil, the department in which each individual practices, the hourly billing rate charged by Weil for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

13.    The attached summary sheet also contains a summary of Weil's time records billed during the Compensation Period using project categories hereinafter described. Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with the prosecution of these chapter 11 cases. Details were filed on the docket with Weil's monthly fee statements and furnished to the Debtors, the Court, counsel for the Creditors' Committee, and the U.S. Trustee in the format specified by the Fee Guidelines.

14.    The attached summary sheet contains a schedule specifying the categories of expenses for which Weil is seeking reimbursement and the total amount for each such category. Itemized schedules of all expenses have been filed on the docket with Weil's monthly fee statements, provided to the Debtors, the Court, counsel for the Creditors' Committee, and the U.S. Trustee.

15.    Annexed hereto as **Exhibit "B"** is a summary and comparison of the aggregate blended hourly rates billed by Weil's New York timekeepers to nonbankruptcy matters during the preceding 12-month period ending March 31, 2019 and the blended hourly rates billed to the Debtors during the Compensation Period.

16.    Weil discussed its rates, fees, and staffing with the Debtors at the outset of these cases. Further, Weil provided the Debtors with a budget in connection with the Debtors'

7

postpetition financing and discussed staffing and fees with the Debtors throughout the Compensation Period.  A summary of Weil's budget and a discussion of its staffing plan are attached as **Exhibit "C"** and **Exhibit "D"**.  Attorneys and paraprofessionals assigned to this matter were necessary to assist with the prosecution of the Debtors' chapter 11 cases, preservation of the Debtors' assets, and other matters described herein.

17.    The Debtors have been given the opportunity to review this Application and have approved the compensation and reimbursement of expenses requested herein.

### Summary of Services Performed by
### Weil During the Compensation Period

18.    The following is a summary of some of the significant professional services rendered by Weil during the Compensation Period, organized in accordance with Weil's internal system of task codes.  Certain services performed overlap between and appropriately could be allocated to more than one task code.

a.    Asset Sales (Task Code 003)
Fees: $13,492,950.00; Total Hours: 14,172.10

- Advised the Debtors and the Restructuring Committee of the Debtors' Board of Directors, and the Debtors' other restructuring professionals, including M-III Partners LLC ("**M-III**") and Lazard Frères & Co. LLC ("**Lazard**"), on an array of strategic alternatives and options, including sale transactions whereby all or substantially all of the Debtors' assets would be sold to an investor or buyer who would continue to operate the Debtors' businesses as a going concern, alternatives whereby the Debtors' individual businesses would be sold separately to multiple purchasers, and the orderly winddown of the Debtors' businesses (the "**Sale Process**"), and in furtherance thereof:

  - Developed and obtained Court approval, over objections of the Creditors' Committee, landlords, and other parties in interest, of global bidding and sale procedures (the "**Global Bidding Procedures**") for the marketing, auction and sale of substantially all of the Debtors' assets in an open and transparent process;

  - Developed and considered alternative structures and the risks and benefits associated therewith, including tax and regulatory considerations;

8

- Consulted with key constituencies and their advisors in numerous formal meetings and discussions, regarding marketing strategy, indications of interest, and binding bids;

- Reviewed and analyzed a large volume of the Debtors' and their non-Debtor affiliates' contracts and agreements, and coordinated and reviewed due diligence documents, managed data rooms, prepared related work plans, and prepared disclosure schedules;

- Coordinated advice from non-U.S. counsel and conducted research on a diverse range of issues;

- Assisted in the solicitations of interest from a diverse set of potential strategic and financial parties, including negotiating the execution of more than 125 NDAs with potential third party investors contacted by Lazard, and many of the hundreds of prospective bidders for the Debtors' core and non-core properties contacted by Jones Lang LaSalle Americas, Inc. ("**JLL**");

- Met with and advised the Restructuring Committee regarding critical milestones, decisions, and updates in approximately 65 meetings, including in person, full-day meetings;

- Worked with the Debtors and their advisors to analyze and advise the Debtors and the Restructuring Committee regarding:

  - Five bids to purchase as a going-concern one or more business lines of the Debtors;

  - Two proposals to serve as liquidation agent to the Debtors;

  - Four proposals to serve as advisors to liquidate the Debtors' retail stores; and

  - Approximately 440 indications of interest for various real estate assets;

- Obtained Court approval, after a contested, three-day trial and over more than 300 objections, of the going-concern Sale Transaction for consideration of approximately $5.2 billion to maximize the value of the Debtors' estates, preserve the Debtors' profitable core businesses, and preserve the jobs of tens of thousands of employees, and in furtherance thereof:

  - Conducted a three-day auction during which the Debtors improved Transform's bid to a level that the Court approved as higher or better than the modeled recoveries in a wind down scenario;

  - Negotiated and drafted key sale documentation for the going-concern sale to ESL (including the asset purchase agreement, disclosure schedules, transition services

WEIL:\96951774\17\73217.0004

agreement, employee lease agreement, multiple escrow agreements, and other ancillary necessary documentation);

- Drafted five declarations in support of the Sale Transaction, prepared six witnesses to testify at the sale hearing, and produced more than 250,000 pages of documents in response to approximately forty diligence and document requests from the Creditors' Committee;

- Prepared a motion to approve the Sale Transaction and responded to more than 300 objections thereto, including three separate and substantial objections filed by the Creditors' Committee;

- Advised and executed alternative strategies for the Debtors for the sales of various separate business and assets and liquidation sales:

  - With respect to certain discrete, but substantial, subsets of assets, including Sears Home Improvement business ("**SHIP Business**"), medium-term intercompany notes (the "**MTNs**"), interests in certain non-residential real property, and *de minimis* assets:

    - Advised on the structure and implementation of sales, and negotiated and drafted key sale documentation for the various assets (including multiple asset purchase agreements, disclosure schedules, escrow agreements and other ancillary necessary documentation);

    - Engaged with multiple buyers and their advisors for various asset sales (including by teleconference and in-person meetings), undertook diligence on the assets and businesses, and coordinated diligence efforts of potential buyers and their advisors;

    - Prepared a motion establishing auction and sale procedures for the sale of the MTNs, advised the Debtors with respect to the auction and obtained Court approval of the auction result over the objections of certain auction participants;

    - Developed and obtained Court approval of bidding and sale procedures for the marketing, auction and sale of the SHIP Business, utilized the procedures thereunder to obtain Court approval of the auction result, and negotiated and settled a dispute with the winning bidder;

    - Prepared and obtained Court approval of a motion seeking the sale of thirteen parcels of non-residential real property and related assignment of six unexpired leases;

    - Negotiated and advised on the sale of *de minimis* property by seeking and obtaining Court approval of procedures for the sale, transfer, or

10

abandonment of such property, and utilizing such procedures thereafter by filing five notices of *de minimis* asset sales;[4]

- With respect to liquidation sales:

  - Obtained Court approval of store closing procedures and utilized such procedures to close more than 260 of the Debtors' stores over objections from certain landlords;

  - Advised on the structure and implementation of a potential liquidation process and the appointment of a liquidator;

  - Engaged with potential liquidators and their advisers and negotiated with respect to the form and structure of agreements and ancillary necessary documents; and

- Reviewed, researched, and analyzed various post-closing issues as they arose, including vendor payments, turnover of funds, employee access and information sharing during the transitional period, and the assumption and assignment process for executory contracts and unexpired leases.

b.    Automatic Stay (Task Code 004)
      Fees: $826,456.50; Total Hours: 957.70

- Preserved the value of the Debtors' assets, including contract rights, by advising the Debtors and engaging with hundreds of the Debtors' vendors, customers, regulators, and other counterparties to enforce the automatic stay, including with regard to pending and threatened litigation, demands for payment, setoff, recoupment, and threatened and actual failure to comply with pre- and post-petition contracts;

- Negotiated and documented resolutions of disputes, where possible;

- Analyzed more than forty motions for relief from the automatic stay, coordinating with various members of the Debtors' legal, finance, and business teams and the Debtors' advisors;

- Drafted six objections to motions seeking relief from the automatic stay filed by various parties;[5]

- Negotiated, drafted, filed, and obtained Court approval of:

  - A motion establishing procedures for modifying the automatic stay;

  - Ten stipulations granting limited relief from the automatic stay;[6]

---

[4] *See* ECF Nos: 2652, 2360, 1785, 1784, and 1516.
[5] *See* ECF Nos: 1198, 1241, 1280, 1547, 1549, 2497.

11

- Negotiated withdrawals, adjournments, and other matters with numerous parties; and

- Conducted legal research and factual diligence on various issues related to the automatic stay.

c.    Bar Date Motion/Claims Reconciliation Issues (Task Code 006)
Fees: $39,745.50; Total Hours: 59.00

- Obtained Court approval of a bar date for prepetition and rejection damage claims against the Debtors, which will enable the Debtors to assess their options in and exit from these chapter 11 cases;

- Developed and obtained Court approval of motions establishing procedures for the efficient settlement of *de minimis* claims and for the resolution of 503(b)(9) priority claims;

- Consulted with and responded to large volume of inquiries from the Creditors' Committee's professionals and numerous other creditors and parties-in-interest regarding the foregoing;

- Conducted research on a wide variety of claims-related issues in response to inquiries from the Debtors, creditors, and other stakeholders; and

- Coordinated with the Debtors' Court-appointed claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"), and Deloitte Transactions and Business Analytics LLP ("**Deloitte**") regarding claim issues, the bar date, and related notices.

d.    Case Administration (Task Code 007)
Fees: $337,805.50; Total Hours: 529.10

- Established and staffed a telephone hotline for parties in interest and responded to customer, creditor and vendor inquiries regarding a wide variety of issues;

- Advised and continually updated the Debtors on bankruptcy and case-related issues;

- Prepared materials for and advised the Debtors to ensure compliance with Court orders and statutory requirements;

- Prepared and distributed docket updates, case calendars, organization structure charts, and case timelines for the Debtors, the Debtors' other professionals, and internal teams;

- Drafted and filed notices of hearing dates, adjournments, and various filings on behalf of the Debtors;

---

[6] *See* ECF Nos: 1551, 1722, 1776, 2139, 2141, 2149, 2150, 2508, 2509, 2627.

WEIL:\96951774\17\73217.0004

- Assisted the Debtors with their preparation and drafting of, among other things, frequently asked questions and answers, internal corporate communications, and external press releases;

- Communicated and coordinated with counsel for DIP lenders and the Creditors' Committee in advance of filing motions and hearings; and

- Responded to numerous other inquiries related to the status of these cases, specific contract counterparty demands, and other matters related to ongoing operations and the administration of these cases.

e.  Chapter 11 Plan/Plan Confirmation (Task Code 008)
    Fees: $139,668.50; Total Hours: 132.70

- Drafted documents related to, and in preparation of, filing a plan of reorganization, including drafts of plan term sheets and chapter 11 plan, based on changing circumstances;

- Coordinated with the Debtors, the Debtors' professionals, and other parties in interest regarding same; and

- Conducted research and provided advice on matters related to plan structure, implementation, and confirmation.

f.  Communications with Client (Task Code 009)
    Fees: $618,904.00; Total Hours: 588.40

- Met and participated on calls regarding case updates, strategy, coordination and operational issues arising from the commencement of the cases, the sale process, and contested matters, with the Debtors and their advisors, the Restructuring Committee and Subcommittee and their advisors, the Creditors' Committee and their advisors, and other parties in interest throughout the Compensation Period.

g.  Corporate Governance (Task Code 010)
    Fees: $2,019,986.50; Total Hours: 1,867.80

- Advised the Board and the Restructuring Committee, and prepared materials for and participated in numerous meetings and additional calls, including regarding the Sale Process, pending litigation, and chapter 11 case status and strategy;

- Drafted minutes, resolutions, secretary certificates, and corporate governance guidelines; advised the Debtors regarding various governance issues and documents of the Board and committees; and

- Conducted research and advised the Debtors with respect to various public filings, and disclosure requirements and issues.

WEIL:\96951774\17\73217.0004

h.    Customer, Supplier and Vendor Issues (including critical vendors) (Task Code 011)
      Fees: $1,420,112.00; Total Hours: 1,330.20

- Ensured the continued provision of critical goods and merchandise to the Debtors and performance of critical services for the Debtors, including by:

  - Developing a critical vendor protocol, preparing and successfully prosecuting a motion for Court approval of same, and obtaining interim and final order after presentations at separate hearings;

  - Drafting vendor agreements and correspondence and participating on calls and in meetings with critical vendors (and numerous parties seeking status as such), and negotiating and drafting documents, including stipulations, contracts and amendments, with vendors and customers;

  - Ensuring compliance with the critical vendor and other first day orders, including by maintaining a dedicated team to participate in on-site daily vendor meetings at the Debtors' headquarters, critical vendor committee calls, and calls with critical vendors;

  - Advising the Debtors regarding determination of critical vendor status, executory contracts, and other issues; and

  - Advising the Debtors and negotiating with counterparties regarding cure amounts.

- Coordinated with the Debtors and M-III with respect to:

  - Ten motions seeking allowance and payment of administrative expense claims filed by creditors;[7]

  - Demands for reclamation;

  - Research in the context of various administrative expense claims;

  - Preparing presentations for the Debtors and various interested parties;

  - Analyzing and providing advice regarding customer claims related to Debtors' operations and facilitating resolution of same; and

  - Reviewing and responding to various vendor and customer questions, requests and demands.

---

[7] *See* ECF Nos: 978, 1102, 1349, 1374, 1385, 1386, 1477, 1491, 2579, 2690.

14

i.    DIP Financing/Cash Management (Task Code 013)
      Fees: $4,094,609.00; Total Hours: 5,156.20

- Secured approval of approximately $2.2 billion in the aggregate of senior and junior debtor-in-possession financing to provide the Debtors with sufficient working capital to fund their operations during the Compensation Period;

- Developed and implemented an overlapping but separate marketing and solicitation process for the approximately $1.8 billion DIP ABL Facility and for the approximately $350 million Junior DIP Financing, and in connection therewith:

  - negotiated the execution of over 30 NDAs with various interested parties;

  - responded to a large number of information and diligence requests, including from the Creditors' Committee;

  - extensively negotiated the terms of financing and drafted numerous loan and related documents, including the credit agreements and interim and final orders, together with all schedules and ancillary agreements;

  - responded to and negotiated the settlement of a motion seeking payment for substantial contribution;

- Prepared for interim and final hearings, including working with the Debtors and the Debtors' other professionals on factual investigations, witness preparation, and drafting of declarations and pleadings in support of the relief requested;

- Researched and analyzed numerous issues regarding DIP Financing and the Debtors' prepetition financings as they arose;

- Assisted the Debtors with compliance with DIP Financing documents and orders, including reporting obligations and updated schedules to the credit agreements for the DIP ABL Facility and Junior DIP Financing;

- Secured entry of final cash management order and advised the Debtors on ongoing cash-management related issues; and

- Coordinated the payoff process for the DIP ABL Facility, Prepetition ABL Facilities, and Junior DIP Financing in connection with consummation of the Sale Transaction.

j.    Employee Issues (including pension and CBA) (Task Code 015)
      Fees: Fees: $2,000,090.50; Total Hours: 2,002.20

- Advised the Debtors on employee-related aspects of the Sale Transaction;

- Negotiated settlement among the Debtors and the Pension Benefit Guaranty Corporation (the "**PBGC**"), under which PBGC agreed to support the Sale Transaction;

- Obtained Court approval of a motion for authorization to satisfy certain employee-related obligations;

- Worked with the Debtors and their advisors to:

  - draft and obtain Court approval of various employee-related motions and related pleadings, including two motions to reject certain employment agreements;

  - structure key employee incentive programs and key employee retention plans, and draft, file and obtain Court approval of a motion seeking approval of such plans after preparing declarations in support thereof and negotiating with various parties, including the U.S. Trustee, Creditors' Committee, and DIP Lenders;

- Attended and participated in numerous meetings with, prepared materials for, and responded to correspondence and questions from the Debtors' current and former employees, including regarding chapter 11 case status, compensation plans and pension plans; and

- Conducted research and advised the Debtors on various employment matters, including: (i) Sears Savings Plan; (ii) severance, taxes, retention, pensions, employment contracts, retirement benefits and liabilities; (iii) administrative expense status of certain employee payments; (iv) PBGC's involuntary termination of the Debtors' pension plans and disclosure requirements related thereto; (v) retiree medical issues; and (vi) information requests from the Creditors' Committee, the Debtors' employees, and other interested parties.

k.    Exclusivity (Task Code 016)
      Fees: $45,396.00; Total Hours: 51.10

- Obtained Court approval to extend the Debtors' exclusive rights to propose and solicit votes on a chapter 11 plan and negotiated the withdrawal of the Creditors' Committee's objection to the Debtors' motion seeking approval of same.

l.    Executory Contracts/Lease Issues (Task Code 017)
      Fees: $103,617.50; Total Hours: 141.80

- Sought and obtained Court approval of procedures for the assumption, assumption and assignment, or rejection of unexpired leases and executory contracts, and in connection therewith:

  - Drafted and filed multiple notices rejecting more than 100 of the Debtors' unexpired leases of non-residential real property;

16

- Prepared and filed notices of assumption and assignment of executory contracts and unexpired leases;

- Prepared and filed notices of cure costs for executory contracts and unexpired leases;

- Prepared and filed motions to reject certain of the Debtors' executory contracts;

- Corresponded and negotiated with numerous of the Debtors' contract counterparties regarding post-petition contract terms and extensions, formal and informal objections to cure amounts, adequate assurance, or proposed assumption, assignment, or rejection; and

- Conducted research and reviewed and analyzed numerous executory and other contracts, leases, and agreements in response to inquiries from the Debtors and the Debtors' other advisors.

m.    <u>General Case Strategy (Task Code 018)</u>
Fees: $964,115.50; Total Hours: 997.40

- Prepared for and participated in meetings and on teleconferences:

  - With the Debtors, the Debtors' other professionals, the Debtors' Board of Directors, the Restructuring Committee thereof, and Weil teams, in New York and at the Debtors' headquarters;

  - Including employee meetings, legal team meetings, and management meetings;

  - Regarding case strategy and coordination, Court filings and hearings, DIP financing, customer and vendor-related matters, compliance with and implementation of Court orders, significant claims, pending and potential litigation, the marketing and sale process, chapter 11 plan and emergence strategies, and other general bankruptcy matters;

- Prepared and delivered materials on operational issues, including the GOB process, and presentation regarding same;

- Engaged with the DIP lenders, U.S. Trustee, Creditors' Committee, and creditors regarding all aspects of the bankruptcy cases;

- Prepared for court hearings and analyzed and addressed court filings; and

- Responded to a large volume of emails, calls and correspondence related to the Debtors' bankruptcy cases and related matters.

WEIL:\96951774\17\73217.0004

n.  <u>Hearing and Court Matters (Task Code 019)</u>
Fees: $1,434,677.00; Total Hours: 2,014.30

- Prepared for and represented the Debtors at first day and thirteen other hearings before Court, and additional conferences with the Court, including a contested three-day hearing for approval of the going-concern Sale Transaction;

- Prepared witness, declarations and evidence in support of the various relief requested;

- Prepared, filed on the docket of these cases, and arranged service of various motions, notices and documents, including agendas, proposed orders, and certificates of no objection to avoid the expense of hearings on uncontested matters;

- Negotiated terms of proposed orders and related documents with parties-in-interest; and

- Consulted with the Court's chambers and prepared materials for the Court.

o.  <u>Insurance and Workers Compensation Issues (Task Code 020)</u>
Fees: $162,590.00; Total Hours: 186.10

- Analyzed and researched legal and factual issues relating to a number of the Debtors' current and former insurance policies;

- Negotiated, drafted, and obtained Court approval of a motion seeking assumption of one of the Debtors' insurance programs and related financing; and

- Participated on calls with the Debtors' legal and business team and M-III regarding insurance policies and related issues and conducted factual diligence regarding same.

p.  <u>Non-Bankruptcy Litigation (Task Code 021)</u>
Fees: $63,693.50; Total Hours: 76.40

- Advised the Debtors regarding strategies for various pending and contemplated non-bankruptcy-related litigations, and reviewed and analyzed materials in connection therewith;

- Drafted notices of suggestion of bankruptcy and provided analysis for cases pending in other courts; and

- Filed and obtained Court approval of a motion to extend the time to remove civil actions.

q.  <u>Real Property Leases/ Section 365 Issues/ Cure amounts (Task Code 023)</u>
Fees: $6,246,231.00; Total Hours: 7,079.60

- Assisted in the successful implementation of the real estate aspects of the Debtors' chapter 11 strategy, and in furtherance thereof:

WEIL:\96951774\17\73217.0004

- Undertook diligence, negotiated and prepared the real estate provisions of various asset purchase agreements, the amendments thereto, and ancillary agreements related to, among others, potential going concern sales, the sales of separate businesses, and separate real property interests;

- Analyzed numerous real estate disclosure schedules, prepare over 130 deeds for the conveyance of owned properties, and reviewed, analyzed, and assisted in property appraisals of over 100 transactions;

- Advised the Debtors on their negotiations with landlords and prepared settlement terms thereof, and administered various electronic datarooms containing property information and diligence materials for more than 1,200 ground leases and/or leased properties;

- Drafted and obtained Court approval of a motion to extend time to assume or reject unexpired non-residential leases;

- Drafted and obtained Court approval of procedures to reject unexpired leases and utilized such procedures to reject more than 100 retail and non-retail leases;

- Drafted and obtained Court approval of a sale of thirteen parcels of nonresidential real property to Amerco Real Estate Company;

- Drafted and entered into eleven stipulations with various parties to, among other things, resolve objections to lease rejection notices; grant limited relief from the automatic stay for such parties to exercise their foreclosure rights; or to assume and assign unexpired nonresidential real property leases;[8]

- Responded to multiple motions seeking immediate assumption or rejection of unexpired leases or determination of inapplicability of the automatic stay;

- Participated on teleconferences with the Debtors and their advisors regarding strategies for the Debtors' real property leases, including lease payment issues arising thereunder;

- Responded to numerous inquiries related to lease and real estate issues, including over 100 property diligence requests made by DIP lenders and potential DIP lenders, potential bidders and their advisors; and

- Researched numerous issues as they arise, including severability of master leases, subtenant issues, and setoff and recoupment of deposits.

---

[8] *See* ECF Nos: 1724, 2139, 2141, 2149, 2150, 2402, 2435, 2508, 2509, 2659, 2702.

WEIL:\96951774\17\73217.0004

r.  <u>Regulatory/Environmental Issues (Task Code 025)</u>
    Fees: $1,000,104.50; Total Hours: 1,010.20

- Communicated with various United States government agencies regarding the chapter 11 process, and advised on regulatory, tax, environmental, intellectual property, antitrust, and privacy issues associated with the sale of the Debtors' businesses, including:

    - Debtors' Hart-Scott-Rodino filings with respect to the going-concern sale;

    - The appointment and selection of the consumer privacy ombudsman and review of ombudsman's recommendations and report; and

    - Certain of the Debtors' interests in real property.

s.  <u>Retention/Fee Application: Ordinary Course Professionals (Task Code 026)</u>
    Fees: $131,021.00; Total Hours: 242.60

- Facilitated the Debtors' efficient retention of over 100 ordinary course professionals, assisting the Debtors and their professionals in preparing, reviewing, and filing retention affidavits and questionnaires for compliance with the Court's order concerning the retention of professionals in the ordinary course of business.

t.  <u>Retention/Fee Application: Other Professionals (Task Code 027)</u>
    Fees: $328,818.50; Total Hours: 455.10

- Obtained authorization for the Debtors' retention of, among others, Deloitte; JLL; Lazard; McAndrews, Held & Malloy; M-III; Prime Clerk; Seyfarth Shaw LLP; and Wachtell, Lipton, Rosen & Katz:

    - Drafted, reviewed, and filed applications and related affidavits, notices, and other documents in connection with same, including engagement agreements;

- Reviewed and advised the Debtors in connection with retention applications, supplemental applications, and statements filed by the Creditors' Committee and other professionals;

- Drafted and obtained Court approval of interim compensation procedures;

- Participated on numerous calls with the U.S. Trustee regarding retentions of the Debtors' professionals.

u.  <u>Schedules/Statement of Financial Affairs (Task Code 029)</u>
    Fees: $391,294.00; Total Hours: 515.80

- Assisted the Debtors in preparing and timely filing of their schedules of assets and liabilities and statements of financial affairs, including the global notes for same, comprising approximately 23,000 pages;

WEIL:\96951774\17\73217.0004

- Researched various issues in response to the Debtors' inquiries; and

- Responded to U.S. Trustee's inquiries regarding the schedules and statements.

v.    <u>Tax Issues (Task Code 031)</u>
      Fees: $1,194,764.00; Total Hours: 965.30

- Analyzed and advised the Debtors regarding tax consequences in connection with DIP Financing;

- Conducted analysis of U.S. tax consequences of various restructuring alternatives for the Debtors, including the going-concern Sale Transaction and the proposed sale transaction for SHIP;

- Formulated and implemented court-approved procedures to preserve the Debtors' tax attributes in the chapter 11 cases and in connection with a chapter 11 plan, including drafting and obtaining Court approval of a stock and claims trading motion and responding to requests for interpretation of and relief from such order;

- Worked with the Debtors and their tax professionals to conduct on-going comparative tax analysis of various scenarios, including tax attribute analysis and ownership change analysis;

- Advised the Debtors on various other tax-related issues, including the treatment of tax obligations in a chapter 11; and

- Assisted the Debtors in the preparation of the tax-related documents for transaction datarooms.

w.    <u>Unsecured Creditor Issues/ Communications/Meetings (Task Code 032)</u>
      Fees: $493,443.00; Total Hours: 550.60

- Prepared materials for and participated in meetings with the Debtors and the Creditors' Committee and numerous meetings or calls with the Creditors' Committee's and the Debtors' advisors regarding all aspects of the chapter 11 cases, including DIP Financing, vendor relations, real estate, exclusivity, chapter 11 plan, and corporate governance;

- Consulted with the Creditors' Committee at each step of the Sale Process, including:

  - sharing with the Creditors' Committee various analyses used to evaluate their options, including the winddown recovery analysis, analyses of a potential going-concern path, possible creditor recovery scenarios, and winddown budgets;

  - updating the Creditors' Committee's advisors regarding the development of the Debtors' tax profile and the consequential implications as to potential emergence transactions;

21

- holding meetings and calls multiple times each week and, in certain periods, multiple times a day to keep the Creditors' Committee informed of key negotiations, changes in the terms of the bids received, and the Debtors' evaluations of such bids and comparison to a winddown scenario;

- Provided information or presentations to the Creditors' Committee's advisors prior to filing various pleadings and responded to inquiries and comments;

- Prepared response to a draft motion shared by the Creditors' Committee and negotiated consensual resolution with Creditors' Committee with an agreed order pursuant to Bankruptcy Rule 2004(a) and a protocol, authorizing the Creditors' Committee to take document discovery and deposition testimony from the Debtors;

- Participated on numerous calls and in coordination meetings with the Debtors and their advisors to formulate strategies for responding to the Creditors' Committee's document and deposition requests; and

- Reviewed approximately forty diligence and document requests from the Creditors' Committee and an extensive number of requested documents for confidentiality and privilege, redacting documents for production and creating a privilege log, and conducting research in connection with same, producing more than 250,000 pages of documents for the Creditors' Committee.

x.   <u>U.S. Trustee Issues/Meetings/Communications/ Reports (Task Code 033)</u>
Fees: $69,779.50; Total Hours: 80.80

- Assisted with the review, preparation and filing of monthly operating reports and statement pursuant to Bankruptcy Rule 2015.3;

- Prepared materials and witness for and appeared for the Debtors at the section 341 meeting and adjournment thereof; and

- Participated on teleconferences with the U.S. Trustee and prepared responses to various requests regarding monthly operating reports, section 341 meeting, critical vendors, non-debtor affiliates, DIP Financing, cash management, appointment of fee examiner, employee issues, and other aspects of the chapter 11 cases.

y.   <u>Utility Issues/Adequate Assurance (Task Code 034)</u>
Fees: $305,041.50; Total Hours: 434.70

- Obtained Court order approving form of adequate protection for utility providers;

- Negotiated and drafted numerous adequate assurance stipulations in response to requests for adequate assurance of payment from the Debtors;

- Prepared response to a motion filed by utility companies for reconsideration of the Court's order regarding adequate protection;

- Corresponded and negotiated with various utility companies regarding adequate assurance, payment issues, and the Sale Process; and

- Coordinated with the Debtors and the Debtors' service providers to ensure compliance and payments.

z.  Restructuring Subcommittee Investigation (Task Code 035)
    Fees: $1,988,491.50; Total Hours: 2,656.50

- Facilitated the Restructuring Subcommittee's investigation into prepetition, related-party transaction and the DIP Financing process, including preparing six witnesses for depositions in connection therewith;

- Coordinated with the Restructuring Subcommittee on numerous issues in furtherance of its investigation, including producing over 6.2 million pages in response to discovery requests.

aa.  Sears Re (Task Code 036)
     Fees: $57,704.50; Total Hours: 49.30

- Formulated and implemented aspects of the going-concern sale involving Sears Re, and in furtherance thereof:

  - Reviewed and analyzed Sears Re's contracts and agreements, including organizational documents and reinsurance and protection agreements;

  - Conducted analyses and participated on calls with the Debtors and their advisors to formulate strategies for the sale of KCD Asset-backed Notes in exchange for Transform's assumption of Sears Re's protection agreement liabilities;

  - Prepared for and participated in Sears Re's board meetings; and

  - Prepared application for approval of the Bermuda Monetary Authority in connection with the going-concern Sale Transaction.

bb.  KCD (Task Code 037)
     Fees: $163,965.00; Total Hours: 177.10

- Reviewed and analyzed contracts and agreements of KCD IP, LLC ("**KCD**"), including the KCD Indenture, organizational documents, and inter-company license agreements;

- Conducted research and advised the Debtors with regard to various issues, including an analysis of interested parties' consent rights over the transfer of the KCD Asset-backed Notes;

- Prepared for and participated in KCD board meetings and obtained approval thereof for license of KCD intellectual property; and

23

- Responded to and negotiated the withdrawal of a motion to remove KCD's servicer and manager.

19.    The professional services performed by partners, counsel, and associates of Weil were rendered by the Business Finance & Restructuring, Corporate, Litigation, and Tax, Benefits, and Executive Compensation Departments predominantly in the New York office.  Weil has a preeminent Business Finance & Restructuring practice and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately 100 attorneys that specialize in this area of law.

20.    The professional services performed by Weil on behalf of the Debtors during the Compensation Period required an aggregate expenditure of approximately 45,377.70 hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff.  Of the aggregate time expended, approximately 12,677.80 recorded hours were expended by partners and counsel of Weil, approximately 27,833.80 recorded hours were expended by associates, and approximately 4,866.10 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.

**Actual and Necessary Disbursements of Weil**

21.    Weil disbursed $1,572,862.82 as expenses incurred in providing professional services during the Compensation Period.  These expenses are reasonable and necessary and were essential to the overall administration of these chapter 11 cases.

22.    While Weil has not charged the Debtors for any overtime expenses, consistent with firm policy, attorneys and other employees of Weil who worked late into the evenings or on weekends were reimbursed for their reasonable meal costs and their cost for transportation home from the office.  Weil's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and

24

all other out-of-pocket disbursements incurred during the regular course of the rendition of services.  The reimbursement amounts do not exceed those set forth in the Fee Guidelines and the Local Rules.

23.    With respect to black-and-white photocopying expenses, in compliance with the Fee Guidelines and Local Rule 2016-1, Weil charges all of its clients $.10 per page; for color copies, Weil charges $.50 per page.  Each of these categories of expenses does not exceed the maximum rate set by the Local Rules or Local Guidelines.  These charges are intended to cover Weil's direct operating costs, which costs are not incorporated into the Weil hourly billing rates.  Only clients who actually use services of the types set forth in the summary sheet are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.  The amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service.  A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

24.    On certain occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services.  These disbursements are not included in Weil's overhead for the purpose of setting billing rates.  Weil has made every effort to minimize its disbursements in this case.  The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

## The Requested Compensation Should Be Allowed

25.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).   Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

26.     Weil submits that the professional services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary and appropriate for the orderly administration of the Debtors' chapter 11 estates.

WEIL:\96951774\17\73217.0004

The professional services performed by Weil preserved and protected the value of the Debtors' assets for the benefit of all parties-in-interest.

27.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently. Whenever possible, Weil sought to minimize the costs of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

28.     The compensation requested herein is reasonable under the applicable standards. Approval of the compensation for professional services and reimbursement of expenses sought herein is warranted. Weil respectfully requests that the Court grant the Application.

## Notice

29.     Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"). The Debtors respectfully submit that no further notice is required.

30.     No previous request for the relief sought herein has been made by Weil to this or any other Court.

## Conclusion

31.     Weil respectfully requests that the Court (i) award interim allowance of Weil's compensation for professional services rendered during the Compensation Period in the amount of $42,278,056.57, consisting of $40,705,193.75 in fees incurred and $1,572,862.82 in actual and necessary expenses incurred during the Compensation Period, and that such allowance be without prejudice to Weil's right to seek additional compensation for services performed and

27

expenses incurred during the Compensation Period, which were not processed at the time of this

Application, (ii) direct payment by the Debtors of the difference between the amounts allowed

and any amounts previously paid by the Debtors pursuant to the Interim Compensation Order,

and (iii) grant such other and further relief as is just.

Dated: April 15, 2019
      New York, New York

                   /s/ Garrett A. Fail
                   WEIL, GOTSHAL & MANGES LLP
                   767 Fifth Avenue
                   New York, New York  10153
                   Telephone:  (212) 310-8000
                   Facsimile:  (212) 310-8007
                   Ray C. Schrock, P.C.
                   Jacqueline Marcus
                   Garrett A. Fail
                   Sunny Singh

                   *Attorneys for Debtors*
                   *and Debtors in Possession*

## Exhibit A

**Certification**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                            :

**In re**                             :       **Chapter 11**
                                            :

**SEARS HOLDINGS CORPORATION,** *et al.*,   :       **Case No. 18-23538 (RDD)**
                                            :

                   **Debtors.**[1]        :       **(Jointly Administered)**
                                            :

------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**CERTIFICATION OF GARRETT A. FAIL IN SUPPORT OF
FIRST APPLICATION OF WEIL, GOTSHAL & MANGES LLP,
AS ATTORNEYS FOR THE DEBTORS, FOR INTERIM ALLOWANCE
OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM OCTOBER 15, 2018 THROUGH AND INCLUDING FEBRUARY 28, 2019**

I, Garrett A. Fail, hereby certify that:

1.    I am a partner with the applicant firm, Weil, Gotshal & Manges LLP ("**Weil**"), with responsibility for the chapter 11 cases of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), and compliance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (ECF No. 796) (the "**Interim Compensation Order**"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013) (the "**Local Guidelines**"), and the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**UST Guidelines**," and, together with the Local Guidelines, the "**Fee Guidelines**").

2.    This certification is made in connection with Weil's Application, dated April 15, 2019, for interim compensation and reimbursement of expenses for the period commencing October 15, 2018 through and including February 28, 2019 in accordance with the Fee Guidelines (the "**Application**").

3.    Pursuant to section B(1) of the Local Guidelines, I certify that:

a.    I have read the Application;

b.    To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

2

c.      The fees and disbursements sought are billed at rates in accordance with those customarily charged by Weil and generally accepted by Weil's clients; and

d.      In providing a reimbursable service, Weil does not make a profit on that service, whether the service is performed by Weil in-house or through a third party.

4.      Pursuant to section B(2) of the Local Guidelines, and as required by the Interim Compensation Order, I certify that Weil has complied with provisions requiring it to provide counsel for the Statutory Creditors' Committee (the "**Creditors' Committee**"), the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), and the Debtors with a statement of Weil's fees and disbursements accrued during the previous month, although such statements were not always provided within the exact timetables set forth in the Interim Compensation Order.

5.      Pursuant to section B(3) of the Local Guidelines, I certify that the Debtors, counsel for the Creditors' Committee, and the U.S. Trustee are each being provided with a copy of the Application.

6.      **Exhibit "B"** to the Application compares the blended hourly rate billed by attorneys and paralegals in Weil's New York office for the preceding 12-month period ending March 31, 2019 with the blended hourly rate billed by attorneys and paralegals to the Debtors in connection with their chapter 11 cases from October 15, 2018 through and including February 28, 2019.  Weil does not charge a premium for bankruptcy related services as compared to other services.

7.      In accordance with the UST Guidelines, Weil responds to the questions identified therein as follows:

Question 1:    Did Weil agree to any variations from, or alternatives to, Weil's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Compensation Period? If so, please explain.

Answer:    No.

Question 2:    Are the fees sought in the Application higher by 10% or more as compared to the fees budgeted for the Compensation Period?  If so, did Weil discuss the reasons for the variation with the client?

Answer:    No.

Question 3:    Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

Answer:    No.

Question 4:    Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees.

Answer:    Any time expended for such matters during the Compensation Period is included within Task Code 028.

Question 5:    Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer:    Any time expended for such matters during the Compensation Period is included within Task Code 028.

Question 6:    Does the Application include any rate increases since Weil's retention in this case?  If so, did the client review and approve those rate increases in advance?  Did the client agree when retaining the law firm to accept all future rate increases?

Answer:    No.


Dated: April 15, 2019
New York, New York                            */s/* Garrett A. Fail                        
                                              Garrett A. Fail


4

**Exhibit B**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | Billed by timekeepers in all domestic offices, excluding bankruptcy[1] | Billed in this fee application |
| Partner | $1,174.00 | $1,375.00 |
| Counsel | $932.00 | $1,050.00 |
| Senior Associate (7 years or more since first admission) | $876.00 | $974.00 |
| Mid-level Associate (4-6 years since first admission) | $793.00 | $905.00 |
| Junior Associate (0-3 years since first admission) | $584.00 | $659.00 |
| Paralegal | $300.00 | $354.00 |
| Other | $311.00 | $360.00 |
| **All timekeepers aggregated** | **$795.00** | **$897.00** |

---

[1] In accordance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013,* preceding year is a rolling 12 months year ending March 31, 2019; blended rates reflect work performed in preceding year in each of the domestic offices in which timekeepers collectively billed at least 10% of the hours to the case during the application period, excluding all data from bankruptcy law matters.

**Exhibit C**

|  | Budget for Fees and Expenses | Actual Fees & Expenses |
|---|---|---|
| October 15, 2018 through October 31, 2018 | $5,600,000.00 | $5,143,981.83 |
| November 1, 2018 through November 30, 2018 | $10,400,000.00 | $10,210,213.00 |
| December 1, 2018 through December 31, 2018 | $9,800,000.00 | $8,166,754.83 |
| January 1, 2019 through January 31, 2019 | $12,700,000.00 | $11,756,118.25 |
| February 1, 2019 through February 28, 2019 | $8,650,000.00 | $7,000,988.66 |
|  | $47,150,000.00 | $42,278,056.57 |

## **Exhibit D**

Weil discussed attorney staffing with the Debtors throughout the cases.  Core teams of Business, Finance and Restructuring, Corporate, and Litigation attorneys were supplemented by specialists and additional resources as necessary to meet client needs under the changing circumstances of these cases.