**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11 Case Number 18-23537-rdd** |
| | ) | **(jointly administered with 18-23538-lead case)** |
| **Sears, Roebuck & Co.,** | ) | |
| | ) | **Judge Robert D. Drain** |
| **Debtor.** | ) | |

**MARIO ALIANO'S REPLY IN SUPPORT OF HIS**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**TO ALLOW CIVIL LITIGATION ON APPEAL TO PROCEED**

NOW COMES MARIO ALIANO ("Movant" or "Aliano"), by and through counsel, and

as his Reply in Support of his Motion for Relief from Automatic Stay to Allow Civil Litigation

on Appeal to Proceed, states as follows:

**I.      INTRODUCTION.**

The automatic stay of Aliano's civil case should be lifted because Aliano has established

"cause" for relief from the stay. An appeal bond (a.k.a. a "supersedeas bond") secures the civil

litigation judgment, judgment on liability has been entered against Sears and upheld on appeal,

Sears's appeal of the award of Aliano's attorneys' fees is fully briefed and ready for ruling by the

Illinois Appellate Court, and any costs to be borne by Sears in further defense of the appeal are

speculative and do not "greatly prejudice" Sears.

**II.     SUMMARY OF RELEVANT PROCEDURAL BACKGROUND.**

In December 2018, Aliano filed a Motion for Relief from Automatic Stay to Allow Civil

Litigation on Appeal to Proceed (ECF No. 987) ("Motion for Relief"). A civil judgment against

Sears was previously entered in *Mario Aliano v. Sears, Roebuck & Co.*, Case No. 09 CH 16132

(Cir. Ct. of Cook County, Illinois). Sears appealed the circuit court's award of attorneys' fees to

Aliano ("Aliano Appeal") and the matter was on appeal when Sears filed its Suggestion of

Bankruptcy. The matter was fully briefed and was awaiting a ruling from the Illinois Appellate Court when it was stayed due to Sears's bankruptcy proceedings. A detailed procedural background is set forth in Aliano's Motion for Relief.

## III.    ARGUMENT.

Sears argues that the first, second, fourth fifth, seventh, tenth, eleventh, and twelfth *Sonnax* factors weigh against a lift of the stay in Aliano's civil litigation. *See* Second Omnibus Objection of Debtors to Motions for Relief from Stay (ECF No. 3149) ("Objection") at ¶¶ 26-40 (citing *In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990)). To the contrary, all those *Sonnax* factors weigh in favor of granting Aliano relief.

In its Objection, Sears focuses on the fifth *Sonnax* factor—whether the debtor's insurer has assumed full responsibility for defending the action. *See* Objection, ¶¶ 26-31. Pursuant to an Appeal Bond, Argonaut Insurance Company is obligated to pay the amount of the judgment against Sears plus one year of statutory post-judgment interest. *See* Objection, ¶ 28. Sears argues because Argonaut has not agreed to pay any potential remaining defense costs, that the fifth factor weighs against lifting the stay. However, the facts of this case and legal precedent demonstrate that the fifth factor supports lifting the stay.

The Aliano Appeal is fully briefed and is simply awaiting a decision by the Illinois Appellate Court. The Illinois Appellate Court does not have oral argument with regard to every appeal; rather, the Appellate Court has discretion to decide the matter on the filings or set the matter for oral argument. *See* Ill. Sup. Ct. Rule 352 ("After the briefs have been filed, the court may dispose of any case without oral argument if no substantial question is presented . . .") Thus, Sears's assertion that it would have to pay for defense costs for oral argument is based upon speculation.

Further, courts have held that "the cost of defending litigation by itself, has not been regarded as constituting 'great prejudice,' precluding relief from the automatic stay." *In re Deep*, 279 B.R. 653, 659 (Bankr. N.D.N.Y. 2002) (citing *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992) (quoting *In re Unioil*, 54 B.R. 192, 195 (Bankr. D. Colo. 1985)). Here, the cost to Debtors of *potentially* participating in oral argument in the Aliano Appeal would not greatly prejudice Debtors. The defense costs to prepare for and participate in oral argument regarding a fully briefed matter as to the proper amount of attorneys' fees would not be great.

"Where the continuation of the stay deprives the judgment creditor of the opportunity to collect the judgment from a third party—and no other sources of collection exist—a court will generally lift the stay to permit the litigation to continue." *In re Keene Corp.*, 171 B.R. 180, 184 (Bankr. S.D.N.Y. 1984). As Aliano is unlikely to receive full payment from Sears of the judgment of attorneys' fees due to the bankruptcy, the Appeal Bond is Aliano's only means to receive full payment. Thus, the fifth *Sonnax* factor weighs in favor of lifting the stay, as Argonaut has assumed full responsibility to pay Aliano the judgment plus one year of statutory interest pursuant to the Appeal Bond, and any defense costs are speculative and would not greatly prejudice Sears/Debtors.

As to the first *Sonnax* factor—whether relief would result in a partial or complete resolution of the issues, a lift of the stay would allow a complete resolution of Aliano's civil litigation, as judgment against Sears as to liability has already been entered and upheld on appeal, and all that remains is the Illinois Appellate Court's decision on an award of Aliano's attorneys' fees. Debtors argue that the "first *Sonnax* factor is insufficient when complete resolution of a matter would be at a substantial cost or may take a long time." Objection, ¶ 33. That is not the situation in Aliano's case because the matter has already been fully briefed on

appeal, further defense costs are speculative and, if incurred, would be minimal, and a decision by the Illinois Appellate Court would not take a long time.

The second *Sonnax* factor—the lack of any connection with or interference with the bankruptcy case—weighs in favor of lifting the stay, as Aliano's civil litigation has no connection with, and will not interfere with, the bankruptcy case. Debtors assert that allowing civil cases to proceed would interfere with the bankruptcy proceedings because there will be disputes over available insurance and Debtors would need to defend the actions. Objection, ¶34. However, as explained above, the Aliano case is ripe for a decision by the Illinois Appellate Court and Argonaut's Appeal Bond covers the judgment amount plus interest. Thus, the contemplated disputes about insurance coverage and burdensome time to defend civil actions are not relevant here.

As to the fourth *Sonnax* factor—whether a specialized tribunal with the necessary expertise has been established to hear the cause of action—Sears argues that the Aliano action does not present specialized issues that require a specialized tribunal. Objection, ¶35. Thus, the fourth factor is irrelevant to this analysis or is neutral.

The seventh *Sonnax* factor favors a lifting of the stay because Aliano's civil litigation will not prejudice the rights of other creditors. As set forth above, Argonaut has an absolute payment obligation under the Appeal Bond. Debtors argue that "[l]ifting the stay where there is no insurance coverage would result in Debtors incurring unnecessary administrative costs to litigate Movant's Actions before recoveries to general unsecured creditors become available to them." Objection, ¶36. This argument does not apply to Aliano because he can recover from the Argonaut Appeal Bond. Nor will lifting the stay in Aliano's case result in "an increase in filings of motions to lift the automatic stay" (Objection, ¶36), because Aliano's case is in an advanced

4

procedural posture given that the Aliano Appeal has been fully briefed and awaits a decision by the Illinois Appellate Court. Thus, a lift of the stay of Aliano's case would be based upon Aliano's unique factual circumstances and would not create an increase in filings for relief from stays.

With respect to the tenth *Sonnax* factor—whether relief would serve the interests of judicial economy and expeditious and economical resolution of litigation—Debtors again argue that if the stay were lifted in the Movants' Actions that they would be inundated with similar requests for stay relief. Objection, ¶38. Again, given the advanced procedural posture of Aliano's case, his situation is unique and would not cause an increase in filings of other motions for relief. Moreover, the resolution of the Aliano Appeal favors the interests of judicial economy and the expeditious and economical resolution of litigation, as the matter has been fully briefed and is just awaiting ruling.

With regard to the eleventh *Sonnax* factor—whether the parties are ready for trial in the other proceedings—the Debtors only address the Tuttle Action, which has a pending appeal that might be "return[ed] to the lower court for litigation or settlement." Objection, ¶39. In contrast, the trial in the Aliano Action has already occurred. After trial, liability was entered against Sears and upheld on appeal. On remand, after a 3-day evidentiary hearing on Plaintiffs' Revised Fee Petition, the circuit court entered an order awarding attorneys' fees to Aliano in the amount of $267,470.00. Sears appealed the order awarding attorneys' fees and the matter is fully briefed on Appeal. Thus, as trial has already occurred and the matter is ripe for a decision by the Illinois Appellate Court, this factor favors a lift of the stay of Aliano's Action.

The twelfth *Sonnax* factor—the impact of the stay on the parties and the balance of the harms—favors a lifting of the stay because continuing the automatic stay will impose substantial

hardships on Aliano that far outweigh any hardships on the Debtors because it will continue to

unnecessarily delay any award of attorneys' fees to Aliano. The Aliano Appeal is fully briefed.

All that remains in the Illinois Appellate Court proceedings is for the Illinois Appellate Court to

rule on whether the trial court properly awarded fees in its August 25, 2017 order and, once the

Appellate Court issues its ruling, Aliano will be able to collect his attorneys' fees from Argonaut

pursuant to the Appeal Bond. Thus, Aliano's action will not interfere with "Debtors' obligation

to maximize value for [the] whole." Objection, ¶40.

## IV.    CONCLUSION.

For the reasons in Mario Aliano's Motion for Relief from Automatic Stay to Allow Civil

Litigation on Appeal to Proceed (ECF No. 987), and the foregoing reasons, the Court should lift

the stay entered in entered in *Mario Aliano v. Sears, Roebuck & Co.*, Case No. 09 CH 16132

(Cir. Ct. of Cook County, Illinois), and grant any further relief the Court deems just and

reasonable.

MARIO ALIANO,

By:   /s/ Thomas A. Zimmerman, Jr.
       Thomas A. Zimmerman, Jr.
       *tom@attorneyzim.com*
       ZIMMERMAN LAW OFFICES, P.C.
       77 West Washington Street, Suite 1220
       Chicago, Illinois 60602
       (312) 440-0020 telephone
       (312) 440-4180 facsimile

Counsel for Mario Aliano

## <u>CERTIFICATE OF SERVICE</u>

Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing *Mario Aliano's Reply in Support of his Motion for Relief from Automatic Stay to Allow Civil Litigation on Appeal to Proceed* to be served upon counsel of record in this case via the U.S. Bankruptcy Court CM/ECF System, on this 16th day of April, 2019.


<u>/s/ Thomas A. Zimmerman, Jr.</u>