UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re                                   :

                                     :        **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.*,   :

                                     :        **Case No. 18-23538 (RDD)**

                                     :

            Debtors.[1]         :        **(Jointly Administered)**

------------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

This stipulation, agreement, and proposed order (the "**Stipulation**") is entered into by and among the Debtors (as defined herein) and XL Specialty Insurance Company ("**XL**") (the "**Movant**"). The Debtors and XL collectively are referred to in this Stipulation as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A. On October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and certain of its affiliates (the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

the Southern District of New York (the "**Bankruptcy Court**").  The Debtors are continuing to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  Certain current and/or former directors and officers of Sears Canada, Inc. (the "**D&Os**") have made claims under XL's Cornerstone A-Side Management Liability Policy No. ELU139030-15 for the 2015-2016 policy term (the "**Policy**") in connection with matters arising out of the insolvency of Sears Canada, Inc. and its affiliates, pursuant to the Companies' Creditors Agreement Act (the "**CCAA Proceedings**")[2].

C.  On December 10, 2018, XL filed the *Motion by XL Specialty Insurance Company for an Order (1) Finding the Automatic Stay Inapplicable to the Advancement of Defense Costs under a Side A D&O Insurance Policy, or (2) Alternatively, Lifting the Stay under 11 U.S.C. §362(d) to Allow Advancement of Such Defense Costs* [ECF No. 1123] (the "**Motion**"),[3] seeking a finding that the Automatic Stay does not apply to the D&O's claims under the Policy, or alternatively, seeking relief from the Automatic Stay for the purpose of allowing XL to advance defense costs claimed by the D&Os under the Policy in connection with in the CCAA Proceedings.

D.  The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Automatic Stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE**

---

[2] *FTI Consulting Canada, Inc. v. ESL Investments, Inc., et al*, Court File No. CV-18-00611219-00CL, Ontario Superior Court of Justice; *Morneau Shepell Ltd. v. ESI Investments, Inc., et al.*, Court File No. CV-18-00611217-00CL, Ontario Superior Court of Justice; *Sears Canada, Inc. v. ESL Investments Inc.*, et al. Court File No. CV-18-00611214-00CL, Ontario Superior Court of Justice.

[3] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

WEIL:\96954851\4\73217.0004

**UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

2.      Upon the Effective Date, the Automatic Stay shall be modified to the extent necessary solely to allow the Movant to advance defense costs claimed by the D&Os under the Side A Policy in connection with the CCAA Proceedings, any adverse costs awards (legal fees, disbursements, and taxes) that may be made against the D&Os in connection with the CCAA Proceedings, and any defense costs that may be claimed by the directors and officers of the Debtors and their non-debtor affiliates in proceedings in these chapter 11 cases and the CCAA Proceedings; provided, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any judicial proceeding against the Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.      Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the CCAA Proceedings or any other pending prepetition action to which the Debtors are a party that may be filed by XL, the D&Os, or any other party in the Debtors' chapter 11 cases.

4.      The limited relief set forth herein shall not be construed as an admission of liability by the Debtors, any of their non-debtor affiliates, regarding any claim or cause of action arising from or in relation to the CCAA Proceedings or any other matter.

WEIL:\96954851\4\73217.0004

5.      This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

6.      Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

7.      This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

8.      This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

9.      Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon the Effective Date, and shall thereafter be binding upon the Parties hereto and their respective affiliates, successors and any authorized assigns.

10.     This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

11.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

WEIL:\96954851\4\73217.0004

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  April 4, 2019                          Dated:  April 4, 2019

By:    */s/ Jacqueline Marcus*                 By:    */s/ Alexis J. Rogoski*
       Ray C. Schrock, P.C.                            Alexis J. Rogoski
       Jacqueline Marcus                               SKARZYNSKI BLACK LLP
       Garrett A. Fail                                 One Battery Park Plaza
       Sunny Singh                                     New York, NY 10004
       WEIL, GOTSHAL & MANGES LLP                      Tel.: (212) 820-7700
       767 Fifth Avenue                                Fax: (212) 820-7740
       New York, NY 10153
       Tel.:  (212) 310-8000                           *Attorneys for XL Specialty Insurance*
       Fax:  (212) 310-8007                            *Company*

       *Attorneys for Debtors*
       *and Debtors in Possession*

So Ordered:

Dated:  April 15, 2019
        White Plains, New York

                         */s/Robert D. Drain*
                         THE HONORABLE ROBERT D. DRAIN
                         UNITED STATES BANKRUPTCY JUDGE

WEIL:\96954851\4\73217.0004