# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**[PROPOSED] ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY FOR THE PURPOSE OF JOINING SEARS HOLDINGS CORPORATION AS A DEFENDANT IN EXISTING LITIGATION PENDING BEFORE THE ONTARIO SUPERIOR COURT OF JUSTICE (COMMERCIAL LIST) AND TO LIQUIDATE CERTAIN CLAIMS AGAINST SEARS HOLDINGS CORPORATION IN SUCH EXISTING LITIGATION**

Upon the *Motion for Relief from the Automatic Stay for the Purpose of Joining Sears Holdings Corporation as a Defendant in Existing Litigation Pending before the Ontario Superior Court of Justice (Commercial List) and to Liquidate Certain Claims against Sears Holdings Corporation in such Existing Litigation* [Docket No. __] (the "Motion")[1] filed by the Canadian Plaintiffs for entry of an order lifting the automatic stay imposed by 11 U.S.C. § 362, as fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of the cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the notice of the Motion and the opportunity for a hearing on the Motion was adequate and appropriate under the circumstances; and the Court having reviewed the Motion, and having heard the statements with respect to the Motion at the hearing on May __, 2019 before the Court (the "Hearing"); and no objection or response to the Motion having been filed or made at the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Motion is **GRANTED** as set forth herein; and it is further

**ORDERED** that the automatic stay is hereby modified pursuant to Bankruptcy Code section 362(d) to permit each of the Canadian Plaintiffs, as applicable, to (i) name Debtor Sears Holdings as a defendant in the Canadian Litigation and (ii) pursue the entry of a judgment in respect of Sears Holdings in the Canadian Litigation for the purpose of liquidating the Canadian Plaintiffs' respective claims against Sears Holdings; provided, however, that to the extent such judgment is entered against Sears Holdings in the Canadian Litigation, the Canadian Plaintiffs shall not take any action to enforce such judgment against Sears Holdings absent further Order of the Court; and it is further

**ORDERED** that, notwithstanding anything to the contrary set forth herein, each of the Canadian Plaintiffs is hereby authorized to amend or supplement the Proofs of Claim without further Order of the Court; and it is further

**ORDERED** that the parties are authorized, but not directed, to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient; and it is further

**ORDERED** that notwithstanding the possible applicability of Bankruptcy Rules 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019
       White Plains, New York

                                      HONORABLE ROBERT D. DRAIN
                                      UNITED STATES BANKRUPTCY JUDGE