# **<u>EXHIBIT C</u>**

Court File No. CV-17-11846-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | MONDAY, THE 3RD |
| JUSTICE HAINEY | ) | DAY OF DECEMBER, 2018 |



IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SEARS CANADA INC., 9370-2751 QUÉBEC INC., 191020 CANADA INC., THE CUT INC., SEARS CONTACT SERVICES INC., INITIUM LOGISTICS SERVICES INC., INITIUM COMMERCE LABS INC., INITIUM TRADING AND SOURCING CORP., SEARS FLOOR COVERING CENTRES INC., 173470 CANADA INC., 2497089 ONTARIO INC., 6988741 CANADA INC., 10011711 CANADA INC., 1592580 ONTARIO LIMITED, 955041 ALBERTA LTD., 4201531 CANADA INC., 168886 CANADA INC., AND 3339611 CANADA INC.

APPLICANTS

**GOVERNANCE PROTOCOL AND STAY EXTENSION ORDER**

**THIS MOTION**, made by FTI Consulting Canada Inc., in its capacity as monitor (the "**Monitor**"), pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), for an order approving the governance protocol for the Applicants and SearsConnect (collectively, the "**Sears Canada Entities**") attached as **Schedule "A"** to this Order (the "**Governance Protocol**") and certain other relief, was heard this day at 330 University Avenue, Toronto, Ontario.

**ON READING** the Notice of Motion of the Monitor and the Twenty-Eighth Report of the Monitor (the "**Twenty-Eighth Report**"), filed, and on hearing the submissions of respective counsel for the Monitor, the Sears Canada Entities, and such other counsel as were present, no

one else appearing although duly served as appears from the Affidavit of Service of Catherine Ma sworn November 28, 2018, filed:

## SERVICE AND DEFINITIONS

1.  **THIS COURT ORDERS** that the time for service of the Notice of Motion, the Twenty-Eighth Report, and the Motion Record herein is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.  **THIS COURT ORDERS** that each capitalized term used and not defined herein shall have the meaning ascribed to such term in the Amended and Restated Initial Order dated June 22, 2017 (the "**Initial Order**") in these proceedings and in the Twenty-Eight Report.

## GOVERNANCE PROTOCOL

3.  **THIS COURT ORDERS** that the Governance Protocol is hereby approved and that the Monitor is authorized to take all steps necessary to implement such protocol.

4.  **THIS COURT ORDERS** that, the Sears Canada Entities, their advisors and their current and former officers, directors, agents and representatives shall fully co-operate with the Monitor and any directions it may provide pursuant to this Order or the Governance Protocol, and shall provide the Monitor with such assistance as the Monitor may request from time to time to enable the Monitor to carry out and discharge its powers as set out in this Order, the Governance Protocol or any other Order of this Court.

5.  **THIS COURT ORDERS** that, without limiting the provisions of the Initial Order, the Monitor shall not take possession of the Property or Business and not be deemed to have taken possession of the Property or Business, or any part thereof.

6.  **THIS COURT ORDERS** that the Monitor shall be entitled to exercise any and all of the powers of the Sears Canada Entities set out herein, in the Governance Protocol and in any

other Order in these proceedings. Nothing in this Order shall derogate from the powers of the Monitor as provided for in the CCAA, the Initial Order or any other Order in these proceedings.

7. **THIS COURT ORDERS** that the Monitor be and is hereby authorized and empowered, but not obligated, without any personal liability therefor, in the name of and on behalf of the Sears Canada Entities, to:

(a) take control of the existing bank accounts of the Sears Canada Entities listed in Schedule "B" attached hereto (the "**Bank Accounts**") and the funds credited thereto or deposited therein including, but not limited to, transferring any funds received into these bank accounts to accounts held in the name of the Monitor; provided that the Monitor shall endeavor to cause Sears Canada to perform the obligations of the Sears Canada Entities with respect to such Bank Accounts, including the payment of any fees or expenses arising in the ordinary course from the use of the accounts. Provided always that nothing in this Order or anything done by the Monitor in furtherance of its duties as Monitor shall create any obligation or liability on the part of the Monitor in respect of any amounts owing by the Sears Canada Entities on account of payment of such fees or expenses; and

(b) the financial institutions maintaining such Bank Accounts shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken in accordance with the instructions of the Monitor or as to the use or application of funds transferred, paid, collected or otherwise dealt with in accordance with such instructions and such financial institutions shall be authorized to act in accordance with and in reliance upon such instructions without any liability in respect thereof to any person. For greater certainty and except to the extent that any of the terms of the documentation applicable to the Cash Management System (as defined in the Initial Order) are inconsistent with the authorities granted to the Monitor pursuant to this sub-paragraph 7(b) (dealing with Monitor control and access to bank accounts), nothing in this Order shall or shall be deemed to derogate from, limit, restrict or otherwise affect the protections granted pursuant to paragraph 5 of the Initial Order in favour of any bank providing Cash Management Services to the Sears Canada Entities.

3

## PROTECTIONS OF THE MONITOR

8. **THIS COURT ORDERS** that, without limiting the provisions of the Initial Order, all employees of the Sears Canada Entities shall remain employees of the Sears Canada Entities until such time as the employment of such employees is terminated. Nothing in this Order or the Governance Protocol shall cause the Monitor to be liable for any employee-related liabilities or duties, including, without limitation, wages, severance pay, termination pay, vacation pay and pension or benefit amounts.

9. **THIS COURT ORDERS** that nothing in this Order or the Governance Protocol and nothing done by the Monitor in carrying out its duties under the Governance Protocol or hereunder shall result in, or be deemed to result in, the Monitor being an employer, successor employer, responsible person, operator, officer, director, employee receiver, trustee, assignee, liquidator, administrator, legal representative, receiver-manager or agent of the Sears Canada Entities or in possession or control of the Property or any part thereof, in each case, within the meaning of any statute, regulation or rule of law, or equity, for any purpose whatsoever. Without limiting the foregoing, the Monitor shall not, as a result of this Order or the Governance Protocol, or anything done pursuant to its powers pursuant to this Order or the Governance Protocol, be deemed to occupy or to take control, care, charge, possession or management of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the *Environmental Protection Act* (Ontario), the *Occupational Health and Safety Act* (Ontario) and each of the respective regulations thereunder; provided however, if the Monitor is nevertheless found to be in possession of any Property, then the Monitor shall be deemed to be a person who has been lawfully appointed to take, or has lawfully taken, possession or control of such

Property for the purposes of section 14.06(1.1)(c) of the *Bankruptcy and Insolvency Act* (Canada) (the "**BIA**") and shall be entitled to the benefits and protections in relation to the Sears Canada Entities and such Property as provided by section 14.06(2) of the BIA to a "trustee" in relation to an insolvent person and its property.

10. **THIS COURT ORDERS** that, in addition to the rights and protections afforded to the Monitor under the CCAA, as an officer of this Court, or under the Initial Order, the Monitor shall not incur any liability or obligation as a result of carrying out the provisions of this Order or the Governance Protocol, save for gross negligence or wilful misconduct on its part, and the Monitor shall not have any liability with respect to any losses, claims, damages or liabilities, of any nature or kind, to any Person from and after the date of this Order, except to the extent such losses, claims, damages or liabilities result from the gross negligence or wilful misconduct on its part.

11. **THIS COURT ORDERS** that any distribution or payment made to creditors of the Sears Canada Entities will be deemed to have been made by the Sears Canada Entities, or any one of them, as applicable.

12. **THIS COURT ORDERS** that any Authorized Representative (as such term is defined in the Governance Protocol) acting upon the direction or delegation of the Monitor shall incur no liability or obligation as a result of carrying out the provisions of the Order or the Governance Protocol, save for gross negligence or wilful misconduct on their part, and any Authorized Representative shall not have any liability with respect to any losses, claims, damages or liabilities, of any nature or kind, to any Person from and after the date of this Order, except to the extent such losses, claims, damages or liabilities result from the gross negligence or wilful misconduct on their part.

13. **THIS COURT ORDERS** that, without limiting any other provision of this Order, the Sears Canada Entities shall, jointly and severally, indemnify the Monitor and any Authorized

Representative against any and all costs, expenses, obligations and liabilities that it or any of them may incur as result of carrying out the provisions of this Order or the Governance Protocol (in the case of an Authorized Representative, at the direction or delegation of the Monitor), except to the extent that liability was incurred as a result of the gross negligence or willful misconduct on the part of the Monitor or such Authorized Representative, as the case may be.

14. **THIS COURT ORDERS** that the Monitor shall continue to have the benefit of all of the indemnities, charges, protections and priorities as set out in the Initial Order and any other Order of this Court and all such indemnities, charges, protections and priorities shall apply and extend to the Monitor in the carrying out of the provisions of this Order and the Governance Protocol and shall also apply and extend to any Authorized Representative acting upon the direction or delegation of the Monitor. For the avoidance of doubt, no Authorized Representative shall be deemed to be a director of any of the Sears Canada Entities, or any entity affiliated with any of the Sears Canada Entities, under applicable law by reason of having been designated as an Authorized Representative pursuant to this Order or the Governance Protocol and/or having acted in such capacity at the direction or delegation of the Monitor.

**EXTENSION OF THE STAY PERIOD AND DEADLINE TO ISSUE NOTICES OF REVISION OR DISALLOWANCE**

15. **THIS COURT ORDERS** that the Stay Period (as such term is defined in the Amended and Restated Initial Order dated June 22, 2017 made in these proceedings) is hereby extended from December 18, 2018 until and including May 2, 2019. Further, the Application Period for the Employee Hardship Fund (as such terms, respectively, are defined in the Employee Hardship Fund Term Sheet, approved by the Court on August 18, 2017) shall also be extended from December 18, 2018 until and including May 2, 2019.

16. **THIS COURT ORDERS** that the deadline for the Monitor to issue Notices of Revision or Disallowance in respect of D&O Claims and claims filed by the Directors and Officers based

6

upon claimed indemnity obligations of the Applicants to such Directors and Officers, in each case pursuant to the Claims Procedure Orders, shall be extended until and including March 1, 2019.

**SEALING**

17.    **THIS COURT ORDERS** that Schedule "B" to this Order shall be and is hereby sealed, kept confidential and shall not form part of the pubic record pending further Order of this Court.

**GENERAL**

18.    **THIS COURT ORDERS** that, except as may be necessary to give effect to this Order and the Governance Protocol, the Initial Order remains in full force and effect and in the event of a conflict between the terms of this Order and those in the Initial Order, the provisions of this Order shall govern.

19.    **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada.

20.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body, having jurisdiction in Canada or in the United States of America, to give effect to this Order and to assist the Sears Canada Entities, the Monitor and their respective agents in carrying out the terms of this Order and the Governance Protocol. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Sears Canada Entities and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order and the Governance Protocol, to grant representative status to the Monitor in any foreign proceeding, or to assist the Sears Canada Entities and the Monitor and their respective agents in carrying out the terms of this Order and the Governance Protocol. Without limiting the foregoing, in regard to any Governance Action (as such term is defined in the Governance

7

Protocol) taken on behalf of any of the Sears Canada Entities by the Monitor, all applicable regulatory or governmental units or agencies are hereby directed to accept any such certificates or other documents filed by the Monitor and to take all such steps necessary or appropriate to allow and effect the Governance Action in question.

*[Signature]*

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO:

DEC 0 4 2018

PER / PAR:  UM

8

# SCHEDULE A

## Governance Protocol

## Sears Canada Inc. Governance Protocol

All capitalized terms used herein and not otherwise defined have the meanings given to them in the Amended and Restated Initial Order dated June 22, 2017.

**WHEREAS** substantially all of the Property and assets of the Sears Canada Entities have been sold or otherwise disposed of or are the subject of a binding transaction agreement, with the exception of two remaining real property assets and other non-material assets (the "**Remaining Property**").

**WHEREAS** the Business previously carried on by the Sears Canada Entities has ceased operations.

**WHEREAS** the Applicants currently employ not more than ten individuals.

**WHEREAS** the remaining material steps to be taken in connection with these proceedings are: (i) completing the review, determination and adjudication of certain claims made against any of the Sears Canada Entities pursuant to the Claims Procedure Orders (as defined below) or otherwise (the "**Claims Resolution Process**"); (ii) monetizing the remaining real estate assets (the "**Real Estate Process**"); (iii) distributing the proceeds through a Plan if possible (the "**Distribution Process**"); and (iv) implementing a framework to proceed with certain litigation claims for the benefit of the Sears Canada Entities and their creditors (the "**Litigation Process**" and together with (i), (ii) and (iii), the "**Remaining Matters**").

**WHEREAS** no ordinary course business operations remain to be supervised and no material commercial transactions outside of the Real Estate Process remain to be implemented.

As a result of the foregoing, the following parties will oversee the Remaining Matters:

 i. the **Claims Resolution Process** has been, and will continue to be, administered by the Monitor in accordance with the Claims Procedure Order granted on December 8, 2017 and the Employee and Retiree Claims Procedure Order granted on February 22, 2018 (collectively, the "**Claims Procedure Orders**");

 ii. the **Real Estate Process** will be overseen by the Monitor. A group of stakeholders of the Sears Canada Entities has been consulted in this process and will continue to be consulted in accordance with past practice;

 iii. the **Distribution Process**, including all matters related to a Plan, including, without limitation, drafting of the Plan, and bringing of any motion to the Court in respect thereto, will be supervised and administered by the Monitor for the benefit of all creditors whose distributions will be determined in accordance with their legal entitlements or any negotiated resolutions resulting from the Claims Resolution Process; and

 iv. the **Litigation Process**, if approved by the Court, will be administered and supervised in accordance with the Order or Orders of the Court by the Court-appointed Litigation Trustee in connection with those claims it pursues on behalf of Sears Canada Inc., and by the Monitor in connection with those claims that the Monitor is empowered by statute to pursue.

In support of the foregoing, the Monitor will, to the exclusion of any other Person, and without the need for approval of the remaining directors of Sears Canada Inc. (the "**Remaining Directors**") or the remaining directors of the other Applicants:

(a) oversee the remaining wind-down of the Sears Canada Entities, including without limitation:

 1. directing the Sears Canada Entities to preserve, protect and maintain control of the Remaining Property, or any parts thereof;

1

    2. receiving, collecting and taking possession of all monies and accounts now owed or hereafter owing to any of the Sears Canada Entities; and

    3. directing the Sears Canada Entities to file, or file on behalf of the Sears Canada Entities, any tax returns and directing the Sears Canada Entities to claim, or claim on behalf of the Sears Canada Entities, any and all rebates, refunds, and other amounts of tax (including sales taxes, capital taxes and income taxes) paid or payable by the Sears Canada Entities,

in each case on the basis that the Monitor shall incur no liability or obligation to any Person with respect to the foregoing matters.

(b)    cause the Sears Canada Entities to perform such functions as the Monitor considers necessary or desirable in order to facilitate or assist the Sears Canada Entities in dealing with the Remaining Matters including the Remaining Property or operations, wind-down or other activities, including, without limitation:

    1. entering into any agreements or disclaiming any agreements;

    2. retaining or terminating employees or contractors, including preparing and filing the Sears Canada Entities' employee-related remittances, T4 statements and records of employment for the Sears Canada Entities' former employees based solely upon information provided by the Sears Canada Entities and on the basis that the Monitor shall incur no liability or obligation to any Person with respect to such returns, remittances, statements, records or other documentation;

    3. in the event of dissolution and winding up of any of the Sears Canada Entities, executing, acknowledging and filing all necessary or appropriate certificates or other documents with the appropriate governmental agency or unit on behalf of any such Sears Canada Entity and taking any other action necessary or appropriate to effect such dissolution and wind-up of each such Sears Canada Entity and withdrawing such Sears Canada Entity from qualification in any jurisdiction it is qualified to do business, including without limitation, executing and filing certificates of dissolution and paying of any associated filing fees and the filing of any tax returns deemed necessary or appropriate (and paying the related taxes) on behalf of such entity on the basis that the Monitor shall incur no liability or obligation to any Person with respect to such matters;

(c)    cause the Sears Canada Entities to administer the Remaining Property of the Sears Canada Entities as the Monitor considers necessary or desirable for the purposes of completing any transaction involving any Remaining Property or for purposes of facilitating distributions to creditors of the Sears Canada Entities, whether by way of a Plan or otherwise;

(d)    cause the Sears Canada Entities to engage assistants or advisors as the Monitor deems necessary to carry out the Remaining Matters and to provide instructions and directions to any current advisors of the Sears Canada Entities;

(e)    have authority to sign such agreements, instruments and other documents on behalf of each of the Sears Canada Entities as the Monitor deems appropriate, whether in the Monitor's name or in the name of and on behalf of any one of the Sears Canada Entities (including, without limitation, financial statements, tax returns and tax filings);

(f)    as appropriate, delegate to any employee of the Sears Canada Entities (an "**Authorized Representative**") the authority to sign such agreements, instruments, notices, directions, settlements, regulatory and tax filings, certificates, authorizations and other documents on behalf of each of the Sears Canada Entities as the Monitor may direct;

2

(g) be authorized but not obligated to take any and all corporate actions and actions regarding the governance of the Sears Canada Entities (the "**Governance Action**"), including without limitation, authorizing and effecting:

1. amendments or updates to bylaws;

2. amendments to certificates of incorporation;

3. merger or consolidation with any entity;

4. changes to the jurisdiction of incorporation or formation; and

5. dissolution and winding up of any of the Sears Canada Entities;

provided, in each case, that such actions do not have an adverse effect on any creditors of the Applicants, and any Governance Action so taken by the Monitor is hereby authorized without requiring any further action or approval by the applicable entity or the Remaining Directors, former or existing shareholders or officers.

(h) where appropriate or necessary to conduct the administration of the estate, consult with and provide regular updates to stakeholders of the Sears Canada Entities and their advisors and report to the Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to its exercise of the enhanced powers provided herein and other matters as may be relevant to the CCAA proceedings; and

(i) be entitled to exercise any and all of the rights and powers of the Sears Canada Entities set out herein and in any other Order in the CCAA proceedings and to perform such other duties or to take any steps reasonably incidental to the exercise of the powers and obligations conferred upon the Monitor herein.

The Remaining Directors are not removed from their positions as a result of this protocol. Bennett Jones LLP will continue to advise its current clients that were directors of Sears Canada Inc. on June 22, 2017 in dealing with D&O insurers and matters relating to the CCAA proceedings. Following the approval of this protocol by the Court, the Remaining Directors (and the remaining directors of the other Applicants) will have no liability, obligation or responsibility with respect to the Remaining Matters or any other matter over which the Monitor or any other person exercises control in accordance with this protocol. For greater certainty, this specifically does not relate to any liability, obligation or responsibility of the Remaining Directors (and the remaining directors of the other Applicants) that arose prior to the Court approval of the Order related to these Governance Protocols. The payment of legal fees of counsel to the Remaining Directors shall be subject to the approval of the Monitor as to scope and reasonability.

3

Court File No.: CV-17-11846-00CL

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SEARS CANADA INC., et al.

## ONTARIO
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

Proceeding commenced at TORONTO

## GOVERNANCE PROTOCOL AND STAY EXTENSION ORDER

**NORTON ROSE FULBRIGHT CANADA LLP**
Royal Bank Plaza, South Tower
200 Bay Street, Suite 3800, P.O. Box 84
Toronto, Ontario M5J 2Z4

**Orestes Pasparakis, LSUC#: 36851T**
Tel:    +1 416.216.4815
**Virginie Gauthier, LSUC#: 41097D**
Tel:    +1 416.216.4853
**Alan Merskey, LSUC#: 41377I**
Tel:    +1 416.216.4805
**Evan Cobb, LSUC#: 55787N**
Tel:    +1 416.216.1929
Fax:   +1 416.216.3930

orestes.pasparakis@nortonrosefulbright.com
virginie.gauthier@nortonrosefulbright.com
alan.merskey@nortonrosefulbright.com
evan.cobb@nortonrosefulbright.com

Lawyers to the Monitor, FTI Consulting Canada Inc.

CAN_DMS: \112523746\5