# **EXHIBIT D**

Court File No.: CV-17-11846-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| THE HONOURABLE | ) | THURSDAY, THE 26TH |
| | ) | |
| MR. JUSTICE HAINEY | ) | DAY OF APRIL, 2018 |



IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SEARS CANADA INC., 9370-2751 QUÉBEC INC., 191020 CANADA INC., THE CUT INC., SEARS CONTACT SERVICES INC., INITIUM LOGISTICS SERVICES INC., INITIUM COMMERCE LABS INC., INITIUM TRADING AND SOURCING CORP., SEARS FLOOR COVERING CENTRES INC., 173470 CANADA INC., 2497089 ONTARIO INC., 6988741 CANADA INC., 10011711 CANADA INC., 1592580 ONTARIO LIMITED, 955041 ALBERTA LTD., 4201531 CANADA INC., 168886 CANADA INC., AND 3339611 CANADA INC.

(each, an "**Applicant**", and collectively, the "**Applicants**")

**AMENDED LITIGATION INVESTIGATOR ORDER**

**THIS MOTION**, made by Representative Counsel to the court-appointed Representatives of employees and retirees with respect to pension and post-retirement benefits of the Applicants ("**Retiree Representative Counsel**") pursuant to the *Companies' Creditors Arrangement Act,* RSC 1985, c C-36, (the "**CCAA**") for an order appointing a Litigation Investigator to identify and report on certain rights and claims of the Applicants and SearsConnect (collectively, the "**Sears Canada Entities**") and/or any creditors of the Sears Canada Entities, was heard this day at 330 University Avenue, Toronto, Ontario.

18-23538-shl    Doc 3242-4    Filed 04/16/19    Entered 04/16/19 15:13:48    Exhibit D -
Amended Litigation Investigator Order    Pg 3 of 15

2

**ON READING** the Affidavit of William Turner sworn on February 12, 2018 including the exhibits thereto, the Affidavit of William Turner sworn on August 11, 2017, including the exhibits thereto, the Affidavit of William Turner sworn on February 14, 2018 including the exhibits thereto, the Affidavit of Jules Monteyne sworn on February 14, 2018 including the exhibits thereto, the Affidavit of Leanne M. Williams sworn on February 14, 2018 including the exhibits annexed thereto, the Monitor's Fourteenth Report to the Court dated March 1, 2018, and on hearing the submissions of Retiree Representative Counsel, Representative Counsel for the employees of the Sears Canada Entities ("**Employee Representative Counsel**"), counsel for the Applicants, counsel for the Monitor, and such other counsel for various creditors and stakeholders as were present, no one else appearing although duly served as appears from the Affidavit of Service of Veronica de Leoz, sworn February 12, 2018:

1.    **THIS COURT ORDERS** that the time for service of the Notice of Motion and the Motion Record herein is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.    **THIS COURT ORDERS** that Lax O'Sullivan Lisus Gottlieb LLP is hereby appointed as Litigation Investigator (the "**Litigation Investigator**") in these CCAA proceedings for the benefit of the estates of the Sears Canada Entities and its creditors. The Litigation Investigator shall be an officer of this Court, and is appointed for the purpose of investigating, considering, and reporting to the Creditors' Committee (defined below), regarding any rights or claims, whether legal, equitable, statutory or otherwise, that the Sears Canada Entities and/or any creditors of any of the Sears Canada Entities may have as against any parties, including but not limited to current and former directors, officers, shareholders and advisors of any of the Sears Canada Entities (the "**Mandate**").    For greater certainty, the Litigation Investigator may

18-23538-shl    Doc 3242-4    Filed 04/16/19    Entered 04/16/19 15:13:48    Exhibit D -
Amended Litigation Investigator Order    Pg 4 of 15

3

investigate any and all claims regardless of whether such claims have been included by creditors' proofs of claims filed pursuant to the Claims Procedure Order and E&R Claims Procedure Order (defined below), however, the Litigation Investigator shall have no role in determining, advising on, opposing, supporting, or articulating any claim of any creditor or stakeholder in the Claims Process, as defined in the Order of this Court dated December 8, 2017 as amended by Order dated February 22, 2018 or as further amended by Order of the Court (as amended, the "**Claims Procedure Order**") or any Claim as defined in the Employee and Retiree Claims Procedure Order dated February 22, 2018 (the "**E&R Claims Procedure Order**") and shall have no role in the distribution or allocation of estate funds.

### *Litigation Investigator Reporting*

3.    **THIS COURT ORDERS** that the Litigation Investigator's Mandate shall include reporting to the Creditors' Committee with such details as the Litigation Investigator considers advisable (all such reporting being collectively defined herein as the "**Report**"), taking into account any concerns of privilege and confidentiality. All Reports by the Litigation Investigator and all communications among the Creditors' Committee members and the Litigation Investigator shall be subject to common interest privilege. A Report by the Litigation Investigator will include recommendations regarding a proposed litigation plan that includes, but is not limited to:

(a)    those potential rights or claims of the Sears Canada Entities or any creditors of the Sears Canada Entities that should be pursued (if any); and

(b)    describing how and by whom such rights or claims (if any) can best be pursued or continued, including, but not limited to:

(i)   the coordination of the prosecution of such rights or claims with similar or related facts, rights or other claims that may be asserted by different parties;

(ii)  if necessary or desirable, a proposed governance structure for the Creditors' Committee created pursuant to this Order (or as same may be amended, expanded or reconstituted in future, in accordance with the terms of this Order) for the purpose of providing input to the Litigation Investigator in the prosecution of such rights, claims or causes of action; and

(iii) consideration as to the various options available for funding the prosecution of such rights, claims or causes of action.

A confidential briefing ("**Investigator Briefing**") regarding all Reports prepared by the Litigation Investigator shall be given to the Monitor; provided that such Investigator Briefing shall be kept confidential by the Monitor and shall remain subject to privilege.

4.   **THIS COURT ORDERS** that following delivery of a Report to the Creditors' Committee in accordance with its Mandate, the Litigation Investigator shall not take any further steps without a further Order of the Court. For greater certainty, nothing herein shall prevent the Litigation Investigator from seeking an Order of the Court authorizing it to pursue any claims identified pursuant to the Mandate.

18-23538-shl    Doc 3242-4    Filed 04/16/19    Entered 04/16/19 15:13:48    Exhibit D -
Amended Litigation Investigator Order    Pg 6 of 15

5

### *The Committee*

5.     **THIS COURT ORDERS** that the Litigation Investigator shall fulfil his Mandate in

consultation with a creditors' committee (the **"Creditors' Committee"**) comprised of no more

than eight (8) members (inclusive of two members on behalf of landlords) at any one time

appointed by, or on behalf of the following creditor groups of the Sears Canada Entities: (i)

Retiree Representative Counsel; (ii) Employee Representative Counsel; (iii) landlords; (iv)

Hometown Dealers Class Action plaintiff counsel; (v) Morneau Shepell Ltd. in its capacity as

Administrator for the Sears Canada Inc. Registered Retirement Plan; (vi) the Ontario

Superintendent of Financial Services as Administrator of the Pension Benefits Guarantee Fund;

and (vii) such other unsecured creditors of the Sears Canada Entities not represented in (i)

through (vi) above as the majority of the Creditors' Committee may agree be included, in

consultation with the Monitor, or as may be directed by the Court.  The Creditors' Committee

and the Litigation Investigator shall cooperate with the Monitor, and the Monitor shall cooperate

with the Litigation Investigator and the Creditors' Committee in connection with the Mandate.

The Creditors' Committee shall consult with and provide input to the Litigation Investigator with

respect to the Mandate.

6.     **THIS COURT ORDERS** that each member of the Creditors' Committee (including any

alternates or replacements from the same stakeholder group as may be appointed by an existing

member) may be a creditor itself or counsel/advisor representing that stakeholder interest, but in

either case each member shall execute a Confidentiality Agreement in a form acceptable to the

Litigation Investigator, the Sears Canada Entities and the Monitor prior to being entitled to

participate in any discussions or meetings of the Creditors' Committee, receive any information

from the Monitor, the Litigation Investigator or any other member of the Creditors' Committee,

18-23538-shl    Doc 3242-4    Filed 04/16/19    Entered 04/16/19 15:13:48    Exhibit D -
Amended Litigation Investigator Order    Pg 7 of 15

6

or to receive the Report. The Litigation Investigator will meet with the Creditors' Committee at least monthly, or such other times as may be agreed by the Litigation Investigator and the Creditors' Committee. Meetings will only be conducted in person, to ensure the confidentiality of all discussions.

7.    **THIS COURT ORDERS** that the Monitor shall provide to the Litigation Investigator (and, upon execution of appropriate Confidentiality Agreements, for delivery by the Litigation Investigator to the Creditors' Committee) a confidential briefing regarding the "Transactions of Interest" as identified in the Monitor's 11th Report to the Court (the "**Monitor Briefing**"). To the extent that the Litigation Investigator requests documents or information from the Sears Canada Entities and such requests are consistent with the Mandate (the "**Additional Company Information**"), then, subject to satisfactory resolution of issues of privilege and confidentiality (including any terms regarding sharing of information with the Creditors' Committee), the Sears Canada Entities shall cooperate with the Monitor to provide the Additional Company Information to the Litigation Investigator. The Monitor's delivery of the Monitor Briefing pursuant to the terms of this Order shall be subject to common interest privilege and strict confidentiality, and the Monitor is protected for so doing pursuant to section 142 of the *Courts of Justice Act* (Ontario).    The Sears Canada Entities' delivery of the Additional Company Information pursuant to the terms of this Order shall be subject to strict confidentiality, and the Sears Canada Entities and their directors and officers are protected for so doing pursuant to section 142 of the *Courts of Justice Act* (Ontario). In the event of any concerns being raised regarding the delivery by the Monitor of any particular aspect of the Monitor Briefing that cannot be resolved without breaching the underlying basis for the concern, such concerns shall be resolved following a review by an independent party appointed by the Monitor and the

18-23538-shl    Doc 3242-4    Filed 04/16/19    Entered 04/16/19 15:13:48    Exhibit D -
Amended Litigation Investigator Order    Pg 8 of 15

7

Litigation Investigator (or, absent agreement on the identity of such party, by the Court). Notwithstanding the foregoing, any document provided by the Sears Canada Entities as part of the Additional Company Information may be submitted by a party in receipt of such document to the court under seal for the purposes of resolving any dispute over whether such document should be produced in litigation.

8.    **THIS COURT ORDERS** that the Monitor or the Sears Canada Entities, as the case may be, shall maintain copies and a record of all documents: (i) received by the Monitor from the Sears Canada Entities and provided to the Litigation Investigator in accordance with this Order; or (ii) provided by the Sears Canada Entities to the Litigation Investigator in accordance with this Order.

9.    **THIS COURT ORDERS** that prior to any production of documents by the Monitor or the Sears Canada Entities to the Litigation Investigator to facilitate the fulfillment of the Mandate, the Monitor or Sears Canada Entities, as the case may be, shall take reasonable steps to review such documents to identify any:

(a)    documents that contain any communication that is between a lawyer and the ESL parties and/or Sears Holdings Corporation;

(b)    documents containing any communication by or to the ESL parties and/or Sears Holdings Corporation and/or any current or former directors or officers of the Sears Canada Entities (a "**Current or Former D&O**") created on or after November 26, 2013 and related to the 1291079 Ontario Ltd and Sears Canada Inc. et. al. class action of November 6, 2015 (Ontario Superior Court of Justice) File No. 4114/15); and

18-23538-shl    Doc 3242-4    Filed 04/16/19    Entered 04/16/19 15:13:48    Exhibit D -
Amended Litigation Investigator Order    Pg 9 of 15

8

(c)      documents containing communications between a law firm and a Current or

Former D&O for which privilege could reasonably be asserted, or documents that

reflect legal advice or litigation work product prepared for the benefit of a Current

or Former D&O, whether alone or as part of a joint retainer.

Hereafter, items a), b), and c) shall be referred to collectively as the "**Potentially Shared
Privileged Documents**"). No waiver of any privilege shall have occurred by the inadvertent

delivery of documents to the Litigation Investigator should a Potentially Shared Privileged

Document not be identified or if any other document subject to privilege (including solicitor-

client privilege, litigation privilege, and common interest privilege) is produced or disclosed to

the Litigation Investigator.

10.    **THIS COURT ORDERS** that in the event that the Monitor and/or Sears Canada Entities

intend to produce any Potentially Shared Privileged Documents to the Litigation Investigator in

facilitation of the fulfillment of the Mandate, the Monitor or the Sears Canada Entities, as the

case may be, shall provide a list of such documents on reasonable notice, which shall be no less

than seven days, to the ESL parties, Sears Holdings Corporation and/or the Current or Former

D&Os to the extent that such parties may be able to assert privilege over the documents, so that

any issue regarding privilege may be resolved by the parties or determined by this Court.

11.    **THIS COURT ORDERS** that the Litigation Investigator shall create and maintain a

detailed list (including creation date, sender, recipient and subject) of those document(s) received

from the Sears Canada Entities (either directly or through the Monitor) that it provides to the

Creditors' Committee or their counsel or agents.

12.    **THIS COURT ORDERS** that, for greater certainty, any right, claim or cause of action identified by the Litigation Investigator as capable of being advanced and that is advanced with approval of the Court, whether by the Litigation Investigator or otherwise, may be removed from the claims process established under the Claims Procedure Order or the E&R Claims Procedure Order.

13.    **THIS COURT ORDERS** that the Claims Procedure Order is hereby amended as follows:

(i)    subparagraph (vii) in the definition of "Excluded Claim" is hereby amended to read as follows: "Claim that may be asserted by any of the Sears Canada Entities <u>or that are advanced by the Litigation Investigator or any creditors, in each case, as may be permitted or directed by further Order of the Court,</u> against the Sears Canada Entities or any Directors and/or Officers, which for greater certainty shall include any Claim that may be identified, reviewed or investigated as part of the Litigation Investigator's Mandate (as defined in an Order of the Court dated March 2, 2018)".

14.    **THIS COURT ORDERS** that the E&R Claims Procedure Order is hereby amended as follows:

(i)    the definition of "Excluded Claim" is hereby amended to add a new subparagraph (vi) that shall read as follows: "Claim that is advanced by the Litigation Investigator or any creditors, in each case, as may be permitted or directed by further Order of the Court, against the Sears Canada Entities or any Directors and/or Officers, which for greater certainty shall include any Claim that may be identified, reviewed or

18-23538-shl    Doc 3242-4    Filed 04/16/19    Entered 04/16/19 15:13:48    Exhibit D -
Amended Litigation Investigator Order    Pg 11 of 15

10

investigated as part of the Litigation Investigator's Mandate (as defined in an Order

of the Court dated March 2, 2018)".

### *Litigation Investigator Costs*

15.    **THIS COURT ORDERS** that the Litigation Investigator shall be paid from the funds of

the Applicants its reasonable fees and disbursements, including the fees of any counsel retained

by the Litigation Investigator in respect of the Mandate, the amount of which is not to exceed a

budget approved by the Creditors' Committee in consultation with the Monitor prior to the

Litigation Investigator commencing work in respect of fulfilling its Mandate in accordance with

this Order.   The Litigation Investigator and any counsel it retains shall be paid forthwith upon

rendering fully-redacted versions of their accounts to the Applicants and the Monitor.   Un-

redacted versions of accounts rendered by the Litigation Investigator shall be made available to

the Creditors' Committee and, upon request of the Court and subject to a sealing order to protect

privilege and confidentiality, to the Court.   In the event of any disagreement with respect to a

proposed budget, any requested increased to such budget, or any accounts rendered by the

Litigation Investigator, such disagreement may be remitted to this Court for determination.

16.    **THIS COURT ORDERS** that the Litigation Investigator shall be entitled to the benefit

of the Administrative Charge, as defined in the Initial Order issued by the Court dated June 22,

2017 as amended, for the Litigation Investigator's costs, as security for its professional fees,

taxes, and disbursements reasonably incurred.

17.    **THIS COURT ORDERS** that the Litigation Investigator is hereby authorized to take all

appropriate steps and do all appropriate acts necessary or desirable to carry out its Mandate in

accordance with the terms of this Order.

18.    **THIS COURT ORDERS** that the Litigation Investigator shall be at liberty, and is hereby authorized, at any time, to apply to this Court for advice and directions in respect of its Mandate or any variation or expansion of the powers and duties of the Litigation Investigator, which shall be brought on at least seven (7) business days' notice to the Service List in these CCAA proceedings, unless time for service is otherwise abridged.

19.    **THIS COURT ORDERS** that the Litigation Investigator shall have no personal liability as a result of the performance of its duties in carrying out the provisions of this Order, save and except for liability arising out of gross negligence or wilful misconduct.  The Creditors' Committee members shall have no liability as a result of their participation on the Creditors' Committee or in providing input to the Litigation Investigator, save and except for liability arising out of gross negligence or wilful misconduct.

20.    **THIS COURT ORDERS** that no action or proceeding may be commenced against the Litigation Investigator or any Creditors' Committee member in respect of the performance of its or their duties under this Order without leave of this Court on seven (7) business days' notice to the Litigation Investigator and the Creditors' Committee.

21.    **THIS COURT ORDERS** that notwithstanding:

    (a)    the pendency of these proceedings;

    (b)    any applications for a bankruptcy order now or hereafter issued pursuant to the *Bankruptcy and Insolvency Act* (Canada) (the "**BIA**") in respect of any of the Applicants and any bankruptcy order issued pursuant to such applications; or

    (c)    any assignment in bankruptcy made in respect of any of the Applicants;

the provisions of this Order shall be binding on any Investigator in bankruptcy or receiver that may be appointed in respect of any of the Applicants and any payments of fees and disbursements made to the Litigation Investigator in accordance with this Order shall not be void or voidable by creditors of any of the Applicants, nor shall any such payments constitute nor be deemed to be a fraudulent preference, assignment, fraudulent conveyance, transfer at undervalue, or any reviewable transaction under the BIA or any other applicable federal or provincial legislation, nor constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

22.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative bodies having jurisdiction in Canada or in the United States of America, to give effect to this Order and to assist the Litigation Investigator in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Litigation Investigator as may be necessary or desirable to give effect to this Order, or to assist the Litigation Investigator in carrying out the terms of this Order.

HAINEY, J.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO:

APR 2 6 2018

PER / PAR:

Court File No.: CV-17-11846-00CL

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985 c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SEARS CANADA INC., 9370-2751 QUÉBEC INC., 191020 CANADA INC., THE CUT INC., SEARS CONTACT SERVICES INC., INITIUM LOGISTICS SERVICES INC., INITIUM COMMERCE LABS INC., INITIUM TRADING AND SOURCING CORP., SEARS FLOOR COVERING CENTRES INC., 173470 CANADA INC., 2497089 ONTARIO INC., 6988741 CANADA INC., 10011711 CANADA INC., 1592580 ONTARIO LIMITED, 955041 ALBERTA LTD., 4201531 CANADA INC., 168886 CANADA INC., AND 3339611 CANADA INC.

(each, an "Applicant", and collectively, the "Applicants")

*ONTARIO*
SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)

Proceeding commenced at Toronto

AMENDED LITIGATION INVESTIGATOR ORDER

**KOSKIE MINSKY LLP**
20 Queen Street West, Suite 900, Box 52
Toronto, ON  M5H 3R3

**Andrew J. Hatnay – LSUC No. 31885W**
Tel: 416-595-2083 / Fax: 416-204-2872
Email: ahatnay@kmlaw.ca

**Mark Zigler – LSUC No. 19757B**
Tel: 416-595-2090 / Fax: 416-204-2877
Email: mzigler@kmlaw.ca

Representative Counsel for the Non-Unionized Retirees and Non-Unionized Active and Former Employees of the Sears Canada Entities

KM-3170054v2

L)

# COUNSEL SLIP

COURT FILE NO ___CV-17-11846-00CL___    DATE ___APRIL 26, 2018___

NO ON LIST __3__

### SEARS CANADA.

TITLE OF
PROCEEDING

| COUNSEL FOR:<br>PLAINTIFF(S)<br>APPLICANT(S)<br>PETITIONER(S) | EVAN COBB<br>FOR THE MONITOR | T: 416 216 1929<br>F 416 216 3930 | PHONE & FAX NOS |
|---|---|---|---|

| COUNSEL FOR:<br>DEFENDANT(S)<br>RESPONDENT(S) | | | PHONE & FAX NOS |
|---|---|---|---|

April 26, 2018

Order to go on the
Terms of the attached
Amended Litigation
Investigation Order.

Hainey J