# **EXHIBIT E**

Court File No. CV-17-11846-00CL

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE
## COMMERCIAL LIST

| THE HONOURABLE | ) | MONDAY, THE 3RD |
|---|---|---|
| | ) | |
| MR. JUSTICE HAINEY | ) | DAY OF DECEMBER, 2018 |



IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SEARS CANADA INC., 9370-2751 QUEBEC INC., 191020 CANADA INC., THE CUT INC., SEARS CONTACT SERVICES INC., INITIUM LOGISTICS SERVICES INC., INITIUM COMMERCE LABS INC., INITIUM TRADING AND SOURCING CORP., SEARS FLOOR COVERING CENTRES INC., 173470 CANADA INC., 2497089 ONTARIO INC., 6988741 CANADA INC., 10011711 CANADA INC., 1592580 ONTARIO LIMITED, 955041 ALBERTA LTD., 4201531 CANADA INC., 168886 CANADA INC., AND 3339611 CANADA INC.

(each, an "**Applicant**", and collectively, the "**Applicants**")

### ORDER
### (APPOINTMENT OF LITIGATION TRUSTEE, LIFTING OF STAY, AND OTHER RELIEF)

THIS MOTION, made by the Litigation Investigator, for an Order pursuant to section 11 of the *Companies' Creditors Arrangement Act*, RSC 1985, c C-36,, as amended (the "**CCAA**") and Rule 6.01 of the *Rules of Civil Procedure*, RRO 1990, Reg. 194, as amended (the "**Rules**") for an order, among other things, appointing a Litigation Trustee to pursue certain claims on behalf of the Applicants and/or any creditors of the Applicants and providing for the process by which a

common issues trial will be heard, was heard this day at 330 University Avenue, 8th Floor, Toronto, Ontario.

ON READING the Monitor's 27th Report to the Court dated November 5, 2018 and the Litigation Investigator's First Report to the Court dated November 5, 2018 (the "**First Report**"), and on reading and hearing the submissions of counsel for the Applicants, counsel for the Monitor, counsel for the Litigation Investigator, and such other counsel for various creditors and stakeholders as were present, no one else appearing although duly served as appears from the Affidavit of Service.

**SERVICE**

1. THIS COURT ORDERS that this motion is properly returnable today and hereby dispenses with further service thereof.

**TERMINATION OF LITIGATION INVESTIGATOR APPOINTMENT**

2. THIS COURT ORDERS that the appointment of the Litigation Investigator pursuant to the Amended Litigation Investigator Order dated April 26, 2018 (the "**Amended Litigation Investigator Order**"), is hereby terminated, effective immediately.

**CONTINUATION AND EXTENSION OF LITIGATION CREDITORS' COMMITTEE**

3. THIS COURT ORDERS that the Creditors' Committee established pursuant to the Amended Litigation Investigator Order dated April 26, 2018 shall continue as currently constituted thereunder to consult with and provide input to the Litigation Trustee Parties in respect of the claims brought by the Litigation Trustee in accordance with this Order.

4.  THIS COURT ORDERS that the Litigation Trustee Parties shall meet with the Creditors' Committee on a monthly basis unless otherwise agreed for a particular month by said parties, and which meetings shall be subject to confidentiality and that privilege shall be maintained.

**APPOINTMENT OF LITIGATION TRUSTEE**

5.  THIS COURT ORDERS that the Honourable J. Douglas Cunningham, Q.C. is hereby appointed as an officer of this Court to be the Litigation Trustee over and in respect of the Applicants' claims identified in the First Report of the Litigation Investigator (the "**Litigation Assets**" or the "**Claims**") on the terms described herein.

**LITIGATION TRUSTEE'S POWERS**

6.  THIS COURT ORDERS that the Litigation Trustee is hereby empowered, authorized and directed to do all things and carry out all actions necessary to prosecute the Claims, including:

   (a)   to engage, give instructions and pay counsel as well as consultants, appraisers, agents, advisors, experts, auditors, accountants, managers and such other persons from time to time on whatever basis the Litigation Trustee may agree, in consultation with the Monitor, to assist with the exercise of his powers and duties. Notwithstanding such authority, the Litigation Trustee shall be under no obligation to consult with its counsel, consultants, appraiser, agents, advisors, experts, auditors, accountants, managers and its good faith determination not to do so shall not result in the imposition of liability on the Litigation Trustee, unless such determination is based on gross negligence or willful misconduct;

(b)   to execute, assign, issue and endorse documents of whatever nature in the name of and on behalf of Sears Canada for any purpose in connection with the Claims or otherwise pursuant to this Order; and

(c)   to pursue the Claims, defend any counter claim, third party claim or other claim brought against Sears Canada, and subject to further Order of the Court, and in consultation with the Monitor, to settle or compromise, abandon, dismiss or otherwise dispose of such proceeding. The authority hereby conferred shall extend to any appeals or applications for judicial review in respect of any order or judgment pronounced in such proceeding.

7.   THIS COURT ORDERS that, notwithstanding the generality of paragraph 5(d) [handwritten: 6(c)] above, the Litigation Trustee is hereby authorized and empowered to commence claims, in his own name or on behalf of the Applicants, against ESL Investments Inc. (and certain affiliates), Edward Lampert, William C. Crowley, William R. Harker, Donald Campbell Ross, Ephraim J. Bird, Deborah E. Rosati, R. Raja Khanna, James McBurney and Douglas Campbell.

8.   THIS COURT ORDERS that the stay of proceedings provided for in paragraph 25 of the Initial Order dated June 22, 2017 (the "**Initial Order**"), is hereby lifted as against William C. Crowley, William R. Harker, Donald Campbell Ross, Ephraim J. Bird, Deborah E. Rosati, R. Raja Khanna, James McBurney and Douglas Campbell for the purposes of permitting the claims referred to in the First Report, including those of the Litigation Trustee, to be commenced and pursued against those persons.

**INDEMNITY**

9.  THIS COURT ORDERS that the Litigation Trustee shall incur no liability or obligation as a result of his appointment or in carrying out of any of the provisions of this Order, save and except for any gross negligence or any willful misconduct. Sears Canada shall indemnify and hold harmless the Litigation Trustee and his designated agents, representatives and professionals with respect to any liability or obligations as a result of his appointment or the fulfillment of his duties in carrying out the provisions of this Order, save and except for any gross negligence or willful misconduct. For clarity, in no event shall the Litigation Trustee be personally liable for any costs awarded against Sears Canada in the action. Any such costs awarded shall be a claim solely against Sears Canada estate. No action, application or other proceeding shall be commenced against the Litigation Trustee as a result of, or relating in any way to his appointment, the fulfillment of his duties or the carrying out of any Order of this Court except with leave of this Court being obtained. Notice of any such motion seeking leave of this Court shall be served upon Sears Canada, the Monitor and the Litigation Trustee at least seven (7) days prior to the return date of any such motion for leave.

10. THIS COURT ORDERS that the indemnity pursuant to paragraphs 4-8 [handwritten: 5-9] above shall survive any termination, replacement or discharge of the Litigation Trustee. Upon any termination, replacement or discharge of the Litigation Trustee, on not less than 10 business days' notice, all claims against the Litigation Trustee, his designated agents, representatives and professionals for which leave of the Court has not already been sought and obtained shall be, and are hereby forever discharged, other than claims for which a party seeks leave prior to the discharge date to bring a claim against the Litigation Trustee and (i) such leave has been obtained; or (ii) the request for leave remains outstanding.

**LITIGATION TRUSTEE'S ACCOUNTS**

11.     THIS COURT ORDERS that the Litigation Trustee and counsel to the Litigation Trustee (collectively, the "**Litigation Trustee Parties**") shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, by Sears Canada as part of the costs of these proceedings. Sears Canada is authorized and directed to pay the accounts of the Litigation Trustee Parties on a bi-weekly basis (or such other interval as may be mutually agreed upon) and, in addition, Sears Canada is hereby authorized to pay to the Litigation Trustee Parties retainers not exceeding $50,000.00 each, to be held by them as security for payment of their respective fees and disbursements outstanding from time to time.

12.     THIS COURT ORDERS that the Litigation Trustee Parties shall pass their accounts from time to time, and for this purpose the accounts of the Litigation Trustee Parties are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

13.     THIS COURT ORDERS that the Litigation Trustee Parties shall be entitled to the benefit of and are hereby granted a charge in the maximum amount of $500,000.00 (the "**Litigation Trustee's Charge**") on the "**Property**" of Sears Canada as defined by paragraph 4 of the Initial Order, ranking *pari passu* with the Administration Charge (as defined in the Initial Order), in priority to all other security interests, trusts (statutory or otherwise), liens, charges and encumbrances, claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**") in favour of any person, including all charges granted by the Initial Order (other than the Administration Charge) and all other Orders of this Court granted in these proceedings.

14.     THIS COURT ORDERS that the filing, registration or perfection of the Litigation Trustee's Charge shall not be required, and that the Litigation Trustee's Charge shall be valid and enforceable for all purposes, notwithstanding any such failure to file, register, record or perfect.

15.     THIS COURT ORDERS that the granting of the Litigation Trustee's Charge shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Litigation Trustee's Charge shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declaration of insolvency herein; (b) any application(s) for bankruptcy order(s) issued pursuant to *Bankruptcy and Insolvency Act* (Canada) (the "**BIA**"), or any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; or (d) the provisions of any federal or provincial statutes, and notwithstanding any provision to the contrary in any agreement.

16.     THIS COURT ORDERS that the payments made by Sears Canada pursuant to this Order and the granting of the Litigation Trustee's Charge, do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

**LIMITATION ON ENVIRONMENTAL LIABILITIES**

17.     THIS COURT ORDERS that nothing herein contained shall require the Litigation Trustee to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the

disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the Ontario *Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Litigation Trustee from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Litigation Trustee shall not, as a result of this Order or anything done in pursuance of the Litigation Trustee's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

**PROCEDURE**

18.    THIS COURT ORDERS that a case management judge for the claims brought by the Monitor, the Litigation Trustee, the Pension Administrator, and the Class Action plaintiffs as referred to in the First Report will be appointed as soon as possible.

19.    THIS COURT ORDERS that the procedure to be followed for the claims brought by the Monitor, the Litigation Trustee, the Pension Administrator, and the Class Action plaintiffs as referred to in the First Report shall be determined by the case management judge.

**GENERAL**

20.    THIS COURT ORDERS that, without limiting any other provisions of this Order, the Litigation Trustee may from time to time apply to this Court for advice and directions in the discharge of his powers and duties hereunder.

21.    THIS COURT ORDERS that the Monitor and the Litigation Trustee may report to the Court on their activities from time to time as any of them may see fit or as this Court may direct.

22. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Litigation Trustee and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Litigation Trustee, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Litigation Trustee and its agents in carrying out the terms of this Order.

23. **THIS COURT ORDERS** that the Litigation Trustee be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Litigation Trustee is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

24. **THIS COURT ORDERS** that any interested party may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to the Litigation Trustee and the Monitor and to any other party likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO:

DEC 0 4 2018

PER / PAR: UM

_____
HAINEY, J.

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985 c. C-36, AS AMENDED
AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SEARS CANADA INC., 9370-2751 QUEBEC INC., 191020 CANADA INC., THE CUT INC., SEARS CONTACT SERVICES INC., INITIUM LOGISTICS SERVICES INC., INITIUM COMMERCE LABS INC., INITIUM TRADING AND SOURCING CORP., SEARS FLOOR COVERING CENTRES INC., 173470 CANADA INC., 2497089 ONTARIO INC., 6988741 CANADA INC., 10011711 CANADA INC., 1592580 ONTARIO LIMITED, 955041 ALBERTA LTD., 4201531 CANADA INC., 168886 CANADA INC., AND 3339611 CANADA INC.

Court File No. CV-17-11846-00CL

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

PROCEEDING COMMENCED AT TORONTO

### ORDER
### (APPOINTMENT OF LITIGATION TRUSTEE, LIFTING OF STAY, AND OTHER RELIEF)

**LAX O'SULLIVAN LISUS GOTTLIEB LLP**
Counsel
Suite 2750, 145 King Street West
Toronto ON M5H 1J8

**Matthew P. Gottlieb** LSO#: 32268B
mgottlieb@counsel-toronto.com
Tel:   416 644 5353
**Andrew Winton** LSO#: 54473I
awinton@counsel-toronto.com
Tel:   416 644 5342
**Philip Underwood** LSO#: 73637W
punderwood@counsel-toronto.com
Tel:   416 645 5078
Fax:  416 598 3730

Litigation Investigator