# **EXHIBIT F**

Court File No.: CV-17-11846-00CL

## ONTARIO
## SUPERIOR COURT OF JUSTICE
## (COMMERCIAL LIST)

| | | |
|---|---|---|
| THE HONOURABLE MR. | ) | MONDAY, THE 3RD |
| JUSTICE HAINEY | ) | DAY OF DECEMBER, 2018 |



IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SEARS CANADA INC., 9370-2751 QUÉBEC INC., 191020 CANADA INC., THE CUT INC., SEARS CONTACT SERVICES INC., INITIUM LOGISTICS SERVICES INC., INITIUM COMMERCE LABS INC., INITIUM TRADING AND SOURCING CORP., SEARS FLOOR COVERING CENTRES INC., 173470 CANADA INC., 2497089 ONTARIO INC., 6988741 CANADA INC., 10011711 CANADA INC., 1592580 ONTARIO LIMITED, 955041 ALBERTA LTD., 4201531 CANADA INC., 168886 CANADA INC., AND 3339611 CANADA INC.

Applicants

## TRANSFER AT UNDERVALUE PROCEEDING
## APPROVAL ORDER

**THIS MOTION**, made by FTI Consulting Canada Inc., in its capacity as Court-appointed Monitor (the "**Monitor**") of the Applicants in these proceedings for an order to commence certain proceedings was heard this day at 330 University Avenue, Toronto, Ontario.

**ON READING** the Notice of Motion of the Monitor and the twenty-seventh report of the Monitor dated November 5, 2018 (the "**Twenty-Seventh Report**") and the first supplement to the Twenty-Seventh Report, dated November 20, 2018, and on hearing the submissions of counsel for the Monitor and such other counsel as were present, no one else appearing although duly served as appears from the Affidavit of Service of Catherine Ma, sworn November 6, 2018, filed:

## TRANSFER AT UNDERVALUE CLAIM

1.      **THIS COURT ORDERS** that the Monitor is authorized and empowered pursuant to section 36.1 of the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") to commence and continue a claim against ESL Investments Inc., ESL Partners, LP, SPE I Partners, LP, SPE Master I, LP, ESL Institutional Partners, LP, Edward S. Lampert, William Harker and William Crowley (the "**Transfer at Undervalue Proceedings**") under section 96 of the *Bankruptcy and Insolvency Act* (Canada), R.S.C. 1985, c. B-3, as amended (the "**BIA**"), as incorporated into the CCAA under Section 36.1, relating to the dividend paid to shareholders of Sears Canada Inc. ("**SCI**") on December 6, 2013 in the amount of approximately $509 million (the "**2013 Dividend**") as further described in the Twenty-Seventh Report, and as set out in the draft statement of claim appended thereto, with such amendments as the Monitor deems appropriate.

2.      **THIS COURT ORDERS** that the granting of this Order permitting the Monitor to commence the Transfer at Undervalue Proceedings does not constitute a determination of any liability under the Monitor's claim.

3.      **THIS COURT ORDERS** that the Monitor is authorized to bring the Transfer at Undervalue Proceedings in this Court.

4.      **THIS COURT ORDERS** that the stays of proceedings provided for under the initial order issued by this Court, as amended and restated on July 13, 2017 (the "**Initial Order**"), as they apply to former directors of SCI are hereby lifted solely to allow the Monitor to commence and continue the Transfer at Undervalue Proceedings against William Crowley and William Harker.

5.      **THIS COURT ORDERS** that in addition to the powers provided to the Monitor pursuant to the Initial Order and the obligations imposed upon those with information and records

2

pertaining to the Applicants, the Applicants shall cooperate fully with the Monitor in relation to the Transfer at Undervalue Proceedings and the Applicants shall incur no liability by reason of the cooperation referred to in this paragraph.

6.    **THIS COURT ORDERS** that the Creditors' Committee established pursuant to the Amended Litigation Investigator Order dated April 26, 2018 shall continue as currently constituted thereunder to also consult with the Monitor in respect of the Transfer at Undervalue Proceedings.

**PROTECTIONS TO THE MONITOR**

7.    **THIS COURT ORDERS** that in relation to all matters connected with the Transfer at Undervalue Proceedings, the Monitor shall have all of the rights, powers and protections provided for pursuant to the Initial Order.

8.    **THIS COURT ORDERS** that the Monitor shall continue to have the benefit of the protections provided under paragraph 34 of the Initial Order in the exercise of its powers under this Order, including, without limitation, the commencement and continuation of the Transfer at Undervalue Proceedings.

9.    **THIS COURT ORDERS** that the foregoing does not preclude the Court from awarding legal costs associated with the Transfer at Undervalue Proceedings in favour of a party to the Transfer at Undervalue Proceedings and in the event that such costs are awarded against the Monitor, the Monitor shall have a claim for indemnity against the Property (as such term is defined in paragraph 4 of the Initial Order) to satisfy any such costs award ("**Monitor's Cost Indemnity Claim**") and such indemnity claim shall be secured by the Administration Charge (as such term is defined in paragraph 37 of the Initial Order) created in accordance with the Initial Order, as amended by this Order.

10. **THIS COURT ORDERS** that the Initial Order shall be amended as necessary so as to provide that the maximum aggregate amount of the Administration Charge is equal the sum of $5 million plus the amount of the Monitor's Cost Indemnity Claim.

**COSTS AND OPT-OUT MECHANISM**

11. **THIS COURT ORDERS** that the Monitor shall separately account for any costs directly related to the Transfer at Undervalue Proceedings and any claims pursued on the recommendation of the Litigation Investigator (as defined in the Twenty-Seventh Report) (the "**LI Claims**") from any other costs to administer the estates of the Applicants.

12. **THIS COURT ORDERS** that unsecured creditors of SCI who do not wish to have their distributions, if any, affected by the costs or recoveries of the Transfer at Undervalue Proceedings or the LI Claims (the "**Opt-out Creditors**") shall have the option to opt out of such participation and such Opt-out Creditors' recoveries will be neither increased by any recoveries from such claims nor reduced by the costs of pursuing such claims, including the costs of any Monitor's Cost Indemnity Claim.

13. **THIS COURT ORDERS** that the form of opt-out notification attached as Appendix "C" to the Twenty-Seventh Report (the "**Opt-out Notice**") is hereby approved and the Monitor is authorized and directed to, as soon as practicable, deliver the Opt-out Notice to all unsecured creditors of SCI (other than those creditors represented by Employee Representative Counsel and Pension Representative Counsel (in each case as defined in the Twenty-Seventh Report)) having unsecured claims that are either resolved or disputed in amounts in excess of $5,000 to the address shown on such unsecured creditor's proof of claim filed in accordance with the Claims Procedure Order granted on December 8, 2018 in these proceedings. The Monitor is further authorized and directed to, as soon as practicable, deliver the Opt-out Notice to Employee Representative Counsel, Pension Representative Counsel and to Morneau Shepell

Limited, as administrator of the Sears Canada Pension Plan. Employee Representative Counsel and Pension Representative Counsel shall each be authorized to determine whether an Opt-out Notice should be completed and delivered on behalf of those parties they represent and, following such determination, either elect to deliver or not deliver such Opt-out Notice on behalf of those parties they represent. Morneau Shepell Limited, as administrator of the Sears Canada Pension Plan, shall be authorized to determine whether an Opt-out Notice should be delivered in connection with the Sears Pension Claim (as defined in the Employee and Retiree Claims Procedure Order granted on February 22, 2018) and, following such determination, either elect to deliver or not deliver such Opt-out Notice in connection with the Sears Pension Claim. Any creditor, including Morneau Shepell Limited, (or Employee Representative Counsel or Pension Representative Counsel on behalf of the parties they represent) who receives an Opt-out Notice and returns such Opt-out Notice executed to the Monitor at the address shown on the Opt-out Notice so that it is received by the Monitor on or before sixty days after the date of delivery thereof to such creditor (or Employee Representative Counsel or Pension Representative Counsel on behalf of the parties they represent) shall have irrevocably agreed to be treated as an Opt-out Creditor in these proceedings. All other unsecured creditors of SCI shall be deemed not to be Opt-out Creditors.

**GENERAL**

14.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States or any other jurisdiction to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order, including the U.S. Bankruptcy Court. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and the Monitor, as an

officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order

*Hainey J*

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO:

DEC 04 2018

PER / PAR:   UM

6

Court File No.: CV-17-11846-00CL

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF SEARS CANADA INC., et al.

*ONTARIO*
*SUPERIOR COURT OF JUSTICE*
*(COMMERCIAL LIST)*

Proceeding commenced at TORONTO

## TRANSFER AT UNDERVALUE PROCEEDING APPROVAL ORDER

**NORTON ROSE FULBRIGHT CANADA LLP**
Royal Bank Plaza, South Tower
200 Bay Street, Suite 3800, P.O. Box 84
Toronto, Ontario M5J 2Z4

**Orestes Pasparakis, LSUC#: 36851T**
Tel:    +1 416.216.4815
**Virginie Gauthier, LSUC#: 41097D**
Tel:    +1 416.216.4853
**Alan Merskey, LSUC#: 41377I**
Tel:    +1 416.216.4805
**Evan Cobb, LSUC#: 55787N**
Tel:    +1 416.216.1929
Fax:    +1 416.216.3930

orestes.pasparakis@nortonrosefulbright.com
virginie.gauthier@nortonrosefulbright.com
alan.merskey@nortonrosefulbright.com
evan.cobb@nortonrosefulbright.com

Lawyers to the Monitor, FTI Consulting Canada Inc.

CAN_DMS: \123743367\5