# EXHIBIT M

Court File No.: CV-18-00611217-00CL

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

B E T W E E N :

MORNEAU SHEPELL LTD. in its capacity as administrator of the
Sears Canada Inc. Registered Pension Plan

Plaintiff

- and -

ESL INVESTMENTS INC., ESL PARTNERS, LP, SPE I PARTNERS, LP,
SPE MASTER I, LP, ESL INSTITUTIONAL PARTNERS, LP,
EDWARD S. LAMPERT, WILLIAM HARKER, WILLIAM CROWLEY,
DONALD CAMPBELL ROSS, EPHRAIM J. BIRD, DEBORAH E. ROSATI,
R. RAJA KHANNA, JAMES MCBURNEY ~~and~~ , DOUGLAS CAMPBELL
and SEARS HOLDINGS CORPORATION

Defendants

**AMENDED STATEMENT OF CLAIM**

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the plaintiff. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you must prepare a statement of defence in Form 18A prescribed by the *Rules of Civil Procedure*, serve it on the plaintiff's lawyer or, where the plaintiff does not have a lawyer, serve it on the plaintiff, and file it, with proof of service, in this court office, WITHIN TWENTY DAYS after this statement of claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your statement of defence is forty days.  If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a statement of defence, you may serve and file a notice of intent to defend in Form 18B prescribed by the *Rules of Civil Procedure*.  This will entitle you to ten more days within which to serve and file your statement of defence.

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

TAKE NOTICE: THIS ACTION WILL AUTOMATICALLY BE DISMISSED if it has not been set down for trial or terminated by any means within five years after the action was commenced unless otherwise ordered by the court.

Date:   December 19, 2018                    Issued by _____
                                                         Local registrar

                                            Address of   330 University Avenue
                                            court office  7th Floor
                                                         Toronto, Ontario  M5G 1R7

TO:        ESL INVESTMENTS INC., ESL PARTNERS, LP, SPE I PARTNERS, LP,
           SPE MASTER I, LP, ESL INSTITUTIONAL PARTNERS, LP and
           EDWARD S. LAMPERT

           c/o **MCMILLAN LLP**
           Brookfield Place
           181 Bay Street, Suite 4400
           Toronto ON M5J 2T3

           **Wael Rostom**
           Tel:     +1 416.865.7790
           **Brett Harrison**
           Tel:     +1 416.865.7932
           **Tushara Weerasooriya**
           Tel:     +1 416.865.7890
           **Stephen Brown-Okruhlik**
           Tel:     +1 416.865.7043
           Fax:    +1 416.865.7048

           wael.rostom@mcmillan.ca
           brett.harrison@mcmillan.ca
           tushara.weerasooriya@mcmillan.ca
           stephen.brown-okruhlik@mcmillan.ca

and

c/o **POLLEY FAITH LLP**
The Victory Building
80 Richmond Street West, Suite 1300
Toronto, ON  M5H 2A4

**Harry Underwood**
**Andrew Faith**
**Jeffrey Haylock**
**Sandy Lockhart**

Tel: +1 416.365.1600
Fax: +1 416.365.1601

hunderwood@polleyfaith.com
afaith@polleyfaith.com
jhaylock@polleyfaith.com
slockhart@polleyfaith.com

AND TO:    WILLIAM HARKER, WILLIAM CROWLEY, DONALD CAMPBELL ROSS,
EPHRAIM J. BIRD, JAMES MCBURNEY and DOUGLAS CAMPBELL

c/o **CASSELS BROCK & BLACKWELL LLP**
Suite 2100, Scotia Plaza
40 King Street West
Toronto, Ontario M5H 3C2

**Mary Buttery**
Tel:    +1 604.691.6118
Fax:    +1 604.691.6120
**John Birch**
Tel:    +1 416.860.5225
**Natalie E. Levine**
Tel:    +1 416.860.6568
**Christopher Horkins**
Tel:    +1 416.815.4351
Fax:    +1 416.640.3207

mbuttery@casselsbrock.com
jbirch@casselsbrock.com
nlevine@casselsbrock.com
chorkins@casselsbrock.com

- 4 -

AND TO:    DEBORAH E. ROSATI and R. RAJA KHANNA

        c/o **BENNETT JONES LLP**
        3400 One First Canadian Place
        P.O. Box 130
        Toronto, ON, M5X 1A4

        **Gary Solway**
        Tel: +1 416.777.6555
        **Sean Zweig**
        Tel: +1 416.777.6254
        Fax: +1 416.863.1716

        solwayg@bennettjones.com
        zweigs@bennettjones.com


AND TO:    SEARS HOLDINGS CORPORATION

        c/o **LENCZNER SLAGHT ROYCE SMITH GRIFFIN LLP**
        Suite 2600
        130 Adelaide Street West
        Toronto, ON  M5H 3P5

        **Peter J. Osborne**
        Tel: +1 416.865.3094
        **Matthew B. Lerner**
        Tel: +1 416.865.2940
        **Chris Kinnear Hunter**
        Tel: +1 416.865.2874
        **Chris Trivisonno**
        Tel: +1 416.865.3059
        Fax: +1 416.865.9010

        posborne@litigate.com
        mlerner@litigate.com
        chunter@litigate.com
        ctrivisonno@litigate.com

AND A
COURTESY
COPY TO:        SUPERINTENDENT OF FINANCIAL SERVICES AS ADMINISTRATOR OF THE
ONTARIO PENSION BENEFITS GUARANTEE FUND

c/o **PALIARE ROLAND ROSENBERG ROTHSTEIN LLP**
155 Wellington Street West
35th Floor
Toronto, ON  M5V 3H1

**Ken Rosenberg**
Tel: +1 416.646.4304
**Lily Harmer**
Tel: +1 416.646.4326
**Max Starnino**
Tel: +1 416.646.7431
**Elizabeth Rathbone**
Tel: +1 416.646.7488
Fax: +1 416.646.4301

ken.rosenberg@paliareroland.com
lily.harmer@paliareroland.com
max.starnino@paliareroland.com
elizabeth.rathbone@paliareroland.com

18-23538-shl   Doc 3242-13   Filed 04/16/19   Entered 04/16/19 15:13:48   Exhibit M -
Plan Administrator Amended Claim   Pg 7 of 21

- 6 -

**CLAIM**

1.          The Plaintiff, Morneau Shepell Ltd. ("**Morneau**") in its capacity as administrator of the Sears Canada Inc. Registered Pension Plan (the "**Plan**") claims:

     (a)     Damages at law and in equity payable jointly and severally in the amount of the deficiency in the Plan as determined in the actuarial wind up report, which at present is estimated at approximately $260 million:

        (i)     as against the Defendants William Harker, William Crowley, Donald Campbell Ross, Deborah E. Rosati, R. Raja Khanna, James McBurney and Douglas Campbell (collectively the "**Director Defendants**") and Ephraim J. Bird for breach of fiduciary duty and negligence;

        (ii)     as against the Director Defendants and Ephraim J. Bird for inducing Sears Canada Inc. ("**Sears Canada**") and the other Director Defendants to breach their fiduciary duties and/or for knowingly assisting Sears Canada and the other Director Defendants in breaching such fiduciary duties;

        (iii)     as against the Defendants ESL Investments Inc., ESL Partners, LP, SPE I Partners, LP, SPE Master I, LP, ESL Institutional Partners, LP, Sears Holdings Corporation and Edward S. Lampert for inducing Sears Canada, Ephraim J. Bird and/or the Director Defendants to breach their fiduciary duties and/or for knowingly assisting Sears Canada, Ephraim J. Bird and/or the Director Defendants in breaching such fiduciary duties;

     (b)     a declaration that the Defendants ESL Investments Inc., ESL Partners, LP, SPE I Partners, LP, SPE Master I, LP, ESL Institutional Partners, LP, Sears Holdings

Corporation, Edward S. Lampert, William Harker, Deborah Rosati, R. Raja Khanna and James McBurney (collectively the "**Shareholder Defendants**") received directly or indirectly the 2013 Dividend (as defined below) with knowledge that such payment was the result of a breach of fiduciary duty by Sears Canada, Ephraim J. Bird and/or the Director Defendants and an order imposing a constructive trust on the assets of each such Shareholder Defendant (other than Sears Holdings Corporation) equal to the value of the dividend payments directly or indirectly received by them and an order requiring such amount be remitted to the Plaintiff for the benefit of the Plan beneficiaries;

(c)     a declaration that the authorization and payment of the 2013 Dividend was oppressive and unfairly prejudicial to the interests of the Plan and its beneficiaries and unfairly disregarded their interests and orders pursuant to section 241 of the *Canada Business Corporations Act* (the "**CBCA**") setting aside the declaration and payment of the 2013 Dividend and/or requiring the Defendants to pay to the Plaintiff as compensation or restitution the amount required to fully fund the benefits promised under the Plan;

(d)     punitive and exemplary damages;

(e)     pre and post-judgment interest in accordance with the *Courts of Justice Act*; and

(f)     costs of this action on a substantial indemnity basis.

**The Parties**

2.          The Superintendent of Financial Services for Ontario (the "**Superintendent**") has declared that Ontario's Pension Benefits Guarantee Fund (the "**PBGF**") applies to the Plan in respect of Ontario Plan beneficiaries.  As a result, to the extent of any payment out of the PBGF

18-23538-shl    Doc 3242-13    Filed 04/16/19    Entered 04/16/19 15:13:48    Exhibit M -
Plan Administrator Amended Claim    Pg 9 of 21

- 8 -

into the Plan, the Superintendent has rights of subrogation in respect of the claims outlined herein. The PBGF is administered by the Superintendent.  Subject to Plan recoveries from the Sears Canada estates, the PBGF expects its contribution to the Plan to be material.  As a result, the PBGF expects its subrogation rights in respect of these claims to be material.

3.        Sears Canada is a corporation incorporated pursuant to the CBCA.  Sears Canada and its affiliate companies obtained protection under the *Companies' Creditors Arrangements Act* (the "**CCAA**") on June 22, 2017.

4.        The Plaintiff was appointed administrator of the Plan by the Superintendent effective October 16, 2017.

5A.            The Defendant Sears Holdings Corporation ("**Holdings**") is publicly-traded corporation incorporated under the laws of Delaware.

5.        The Defendant ESL Investments Inc. ("**ESL Investments**") is a privately-owned hedge fund incorporated under the laws of Delaware.  The Defendants ESL Partners, LP, SPE I Partners, LP, SPE Master I, LP, ESL Institutional Partners, LP (collectively, and together with ESL Investments, "**ESL**") are affiliates of ESL Investments.

6.        The Defendant Edward S. Lampert ("**Lampert**") is an individual residing in Indian Creek, Florida.  At all material times, Lampert controlled ESL, and has served as ESL Investments' Chairman and Chief Executive Officer since its creation in 1988.  At all material times, Lampert was also a director, Chairman of the Board of Directors and Chief Executive Officer of Holdings.

7.        The Director Defendants William Crowley, William Harker, Donald Campbell Ross, Deborah E. Rosati, R. Raja Khanna, James McBurney and Douglas Campbell were

directors of Sears Canada at the time the 2013 Dividend was approved by the Sears Canada board of directors (the "**Board**").

8. The Defendant Ephraim J. Bird ("**Bird**") was a member of the Board until on or around November 13, 2013 and was at all material times the Chief Financial Officer of Sears Canada.

9. At all material times, including from November 18, 2013 through to December 6, 2013, Lampert and ESL held a controlling ownership interest in ~~Sears~~ Holdings ~~Corporation~~ ~~("**Holdings**")~~ and beneficially owned 55% of Holdings' outstanding shares. In turn, at all material times, Holdings held a controlling ownership interest in Sears Canada. On October 15, 2018, Holdings filed for Chapter 11 protection from creditors with the United States Bankruptcy Court. ~~Holdings is not a party to this action.~~

10. At all material times, including from November 18, 2013 through to December 6, 2013, ~~Holdings and~~ each of the Shareholder Defendants was a direct or beneficial shareholder of Sears Canada, and held the following ownership interests:

(a) Holdings beneficially owned 51,962,391 shares in Sears Canada, representing approximately 51% of the outstanding shares.

(b) ESL beneficially owned 17,725,280 shares in Sears Canada, representing approximately 17.4% of the outstanding shares, which were directly held as follows:

(i) ESL Partners, LP: 15,821,206 shares;

(ii) SPE I Partners, LP: 830,852 shares;

(iii) SPE Master I, LP: 1,068,522 shares;

    (iv)    ESL Institutional Partners, LP: 4,381 shares; and

    (v)    CRK Partners, LLC (an affiliate of ESL Investments that was voluntarily cancelled effective June 1, 2018 and is not a party to these proceedings): 319 shares;

(c)    Lampert owned 10,433,088 shares in Sears Canada, representing approximately 10.2% of the outstanding shares;

(d)    William Harker owned 4,604 shares in Sears Canada;

(e)    Deborah E. Rosati owned 2,600 shares in Sears Canada;

(f)    James McBurney owned 1,525 shares in Sears Canada; and

(g)    R. Raja Khanna owned 2,620 shares in Sears Canada.

**The Plan**

11.    The Plan is a registered pension plan under the *Pension Benefits Act* (Ontario) which contains a defined benefit component.  Sears Canada is the principal participating employer in the Plan and is obliged to make contributions to the Plan fund sufficient to ensure that the Plan fund has enough assets to pay all promised defined benefits when due.

12.    Until October 16, 2017, Sears Canada was the administrator of the Plan and, as such, owed fiduciary duties to the Plan and the Plan beneficiaries.

13.    In administering the Plan, Sears Canada acted through its officers and Board. These individuals (including the Director Defendants and Bird) also owed fiduciary duties and a duty of care to the Plan and the Plan beneficiaries.

14.          Since at least 2010, Sears Canada and its directors have been aware of actuarial valuations disclosing that the assets held in respect of the defined benefit component of the Plan were insufficient to pay all of the promised defined benefits and that further employer contributions to the Plan fund were required in order to permit all promised benefits to be paid to Plan beneficiaries when due.   To the knowledge of Sears Canada, Bird and the Director Defendants, as at December 31, 2010, the Plan had a funding deficit of $68,039,000, a solvency deficit of $205,788,000 and a wind-up deficit of $307,330,000.

15.          During the period subsequent to December 31, 2010, Sears Canada made only the minimum contributions to the Plan fund permitted by law, even after Sears Canada, Bird and the Director Defendants knew or ought to have known that that the long-term viability of Sears Canada, and thus its ability to fully fund the Plan liabilities from future revenues, was at serious risk.

16.          The Plan was wound up by order of the Superintendent effective October 1, 2017 and the Plan's wind-up deficit which crystalized on that date is currently estimated at approximately $260 million.

17.          The assets available for distribution under the CCAA to meet all of Sears Canada outstanding obligations including its obligation to fully fund the Plan's wind-up deficit is estimated to be only approximately $155 million.  Excluding claims relating to the Plan's wind-up deficit, the claims of unsecured creditors against Sears Canada total approximately $1.5 billion.

**2013 Plan to Dispose of Real Estate Assets to Fund Dividends**

18.          Beginning in 2011, Sears Canada's financial performance began to decline sharply.

19.        By 2013, ESL Investments and Lampert had an immediate need for cash from Sears Canada.  ESL Investments had raised money from investors years earlier on terms that precluded these investors from redeeming their investment for a period of time.  When this holding period had expired in 2013, these investors were entitled to withdraw funds and ESL Investments faced significant redemptions.

20.        In order to satisfy its redemption obligations, ESL, Holdings and Lampert devised a plan to extract cash from Sears Canada through (a) the disposition of its most valuable real estate assets, and (b) the payment of an extraordinary dividend for the benefit of ESL, Holdings and Lampert (collectively the "**Monetization Plan**").

21.        To give effect to the Monetization Plan, Lampert personally directed the disposition of Sears Canada's real estate assets in 2013.

22.        In accordance with the Monetization Plan:

(a)        Sears Canada entered into an agreement with Oxford Properties Group on or about June 14, 2013 to terminate Sears Canada's leases at Yorkdale Shopping Centre and Square One Mississauga in exchange for a payment to Sears Canada of $191 million (the "**Oxford Terminations**").  The Oxford Terminations closed June 24, 2013.

(b)        Sears Canada pursued an agreement with Cadillac Fairview Corporation Limited (Cadillac Fairview) to terminate five additional high-value leases (Toronto Eaton Centre, Sherway Gardens, Markville Shopping Centre, Masonville Place and Richmond Centre) (the "**Cadillac Terminations**") for a payment of $400 million. The Cadillac Terminations were approved by the Sears Canada Board on October 28, 2013 and closed on November 12, 2013.

(c) Sears Canada negotiated the sale of Sears Canada's 50% interest in eight properties jointly owned with The Westcliff Group of Companies. Sears Canada's 50% interest was sold to Montez Income Properties Corporation in exchange for approximately $315 million (the "**Montez Sale**"). The Sears Canada Board approved the Montez Sale on November 8, 2013 and the sale closed in January 2014.

23. Lampert directed Sears Canada to complete each of the Oxford Terminations, the Cadillac Terminations and the Montez Sale. These dispositions were part of the Monetization Plan and completed in order to provide ESL Investments with funds to address its redemption obligations. The assets disposed of by Sears Canada were its "crown jewels".

24. By September 23, 2013, the Board including Bird had received management presentations directly addressing Sears Canada's deteriorating operational and financial performance which reported that:

(a) sales continued to decline across Sears Canada's business at a rate of 2.6% per year;

(b) based on year-to-date current trends (and without appropriately accounting for stores closed in connection with the Monetization Plan), Sears Canada's projected EBITDA by 2016 would be negative $105 million;

(c) Sears Canada was struggling operationally: "Basics not fixed"; and

(d) competition in the Canadian retail space was increasing with Target's entry into the market. Target had opened 68 stores in Canada in the second quarter of 2013 and planned to open a further 124 stores in Canada by year end.

25.        By September 23, 2013, the Director Defendants and Bird knew or ought to have known that Sears Canada's business was in decline, that its long-term viability was at risk, and that the divestment of these key assets in 2013 would have a dramatic negative impact on Sears Canada including its ability to fund the Plan.  Despite such knowledge, neither Sears Canada nor the Director Defendants nor Bird took any steps to ensure that the Plan was fully funded and able to satisfy the pension promise made to Plan beneficiaries.

**The 2013 Dividend**

26.        On November 18 and 19, 2013, the Board held an in-person meeting (the "**November Meeting**") which was attended by the Director Defendants and Bird.

27.        On November 12, 2013, prior to the November Meeting, the Board including Bird received a financial update on the performance of Sears Canada.  Management reported that throughout the first three quarters of the year, Sears Canada had negative net income of $49 million ($27 million worse than the same period in 2012) and negative total cash flow of $26.3 million.

28.        On November 14, 2013, the Investment Committee of Sears Canada's Board was presented with material showing an estimated pension plan deficiency on a wind-up basis of $313 million as at December 2013.

29.        The materials provided to the Board and Bird in advance of the November Meeting included two analyst reports which reviewed the financial circumstances of Sears Canada and predicted its eventual failure:

### Desjardins Capital Markets Report (October 30, 2013)

As long as consumers do not perceive that Sears Canada is going out of business and desert it, Sears may be able to manage its demise slowly over time, selling prime and non-core assets, and waiting for the elusive purchaser of 60–80 store locations to appear.

**CIBC Report (November 4, 2013)**

It is possible that SCC will simply operate its way into irrelevance, gradually selling off stores to stem the cash drain. That strategy would likely result in Sears occasionally cutting a special dividend cheque to all shareholders, not the worst way to create shareholder value. But that is dangerous to the operations, particularly as the primary, and most profitably flagship stores are vended.

30.      During the short pre-dinner discussion on November 18, 2013, the Director Defendants, at the instigation and urging of one or more of them and Bird, unanimously resolved to declare an extraordinary dividend of $5.00 per common share, for an aggregate dividend payment of approximately $509 million (the "**2013 Dividend**").

31.      The Director Defendants approved the 2013 Dividend unanimously and without any abstentions despite the fact that they did not have:

(a)      any advance notice that they would be asked to consider an extraordinary dividend at the November Meeting;

(b)      any written materials regarding a proposed dividend or possible dividend structures;

(c)      any written presentation analyzing the impact the proposed dividend would have on Sears Canada including its ability to meet its pension obligations;

(d)      any pro forma assessment of Sears Canada's liquidity and cash flows following the payment of a dividend;

(e)      any management presentation or recommendation on the proposed dividend; or

(f)      any legal advice with respect to their duties in connection with the declaration of a dividend.

32.        The Director Defendants approved and/or acquiesced to the 2013 Dividend and Sears Canada paid the 2013 Dividend to satisfy the immediate financial needs of ESL.  The 2013 Dividend was directed by Lampert who was at all times acting in his personal capacity and as the directing mind of ESL and Holdings and who:

(a)    knew that Sears Canada, Bird and the Director Defendants owed fiduciary duties to the Plan and the Plan beneficiaries;

(b)    knew that the Plan had a large unfunded deficit and that approval and payment of the extraordinary dividend would be contrary to the interests of the Plan beneficiaries; and

(c)    intended that the Director Defendants would approve and Sears Canada would pay the 2013 Dividend without regard to its impact on the Plan or the Plan beneficiaries.

33.        The Director Defendants approved and/or acquiesced to the 2013 Dividend and Sears Canada paid said dividend fraudulently and dishonestly for the purpose of benefitting Lampert and ESL and in total disregard to the interests of the Plan and its beneficiaries.  When they authorized the 2013 Dividend, the Director Defendants knew or should have known that the dividend would severely prejudice the ability of Sears Canada to satisfy its pension funding obligations.

34.        Sears Canada paid the 2013 Dividend on December 6, 2013 and the Shareholder Defendants received the following dividend payments:

(a)    ESL: $88,626,400;

(b)    Lampert: $52,165,440;

(c)     William Harker: $23,020;

(d)     Deborah E. Rosati: $13,000;

(e)     James McBurney: $7,625; ~~and~~

(f)     R. Raja Khanna: $13,100~~.~~; and

_____ (g)     Holdings:  $259,811,955.

35.         ESL and Lampert also benefited from approximately $259 million paid to Holdings through the 2013 Dividend.

36.         When the Shareholder Defendants received the above payments directly or indirectly from Sears Canada they knew or ought to have known that such payments had been authorized by the Director Defendants and paid by Sears Canada in breach of the fiduciary duties owed by them to the Plan and its beneficiaries.  The Shareholder Defendants specifically knew or ought to have known that Sears Canada and the Director Defendants owed fiduciary duties to the Plan fund and the Plan beneficiaries, that the Plan was then seriously underfunded, that the long term viability of Sears Canada was then at risk and that payment of the 2013 Dividend to the Shareholder Defendants would severely prejudice the ability of Sears Canada to satisfy its pension funding obligations.

37.         As a result of the 2013 Dividend, Sears Canada has insufficient assets to satisfy its obligation to fully fund all benefits accrued under the Plan with the result that Plan beneficiaries will not receive full payment of the pensions promised in the Plan.

**Liability of Defendants**

38.         In authorizing and/or acquiescing to the 2013 Dividend in the manner and circumstances set out above, without first considering the need of Sears Canada to take steps

as Administrator to provide for the Plan to be funded ahead of payments to shareholders and acting on such consideration, each Director Defendant (i) breached the fiduciary duties and duty of care he or she owed the Plan and the Plan beneficiaries and (ii) induced Sears Canada and the other Director Defendants to breach the fiduciary duties they owed the Plan and the Plan beneficiaries and/or knowingly assisted Sears Canada and the other Director Defendants in breaching such duties.

39.        In instigating and urging the approval and payment of the 2013 Dividend in the manner and circumstances set out above, without first considering the need of Sears Canada to take steps as Administrator to provide for the Plan to be funded ahead of payments to shareholders and acting on such consideration, Bird (i) breached the fiduciary duties and duty of care he owed the Plan and the Plan beneficiaries and (ii) induced Sears Canada and the Director Defendants to breach the fiduciary duties they owed the Plan and the Plan beneficiaries and/or knowingly assisted Sears Canada and the Director Defendants in breaching such duties.

40.        In causing the Director Defendants to authorize the 2013 Dividend and in causing Sears Canada to pay such dividend in the manner and circumstances set out above, without first considering and at that time providing for appropriate funding or security for the Plan, the Shareholder Defendants induced the Director Defendants, Bird and Sears Canada to breach the fiduciary duties they owed the Plan and the Plan beneficiaries and/or knowingly assisted the Director Defendants, Bird and Sears Canada in breaching such duties.

41.        In receiving directly and indirectly the 2013 Dividend payments in the manner and circumstances set out above, the Shareholder Defendants are in knowing receipt of assets transferred to them in breach of fiduciary duty and were unjustly enriched at the expense of the Plan and its beneficiaries and the Shareholder Defendants are required to account for all amounts so received for the benefit of the Plan beneficiaries.

42.        Authorization and payment of the 2013 Dividend in the circumstances set out above was oppressive and unfairly prejudicial to the interests of the Plan and its beneficiaries and unfairly disregarded their interests and require an order pursuant to section 241 of the CBCA setting aside the declaration and payment of the 2013 Dividend and requiring the Defendants to pay to the Plaintiff by way of compensation or restitution the amount required to fully fund the benefits promised under the Plan.

**Service *Ex Juris*, Statutes Relied Upon, and Location of Trial**

43.        The Plaintiff relies upon paragraphs (g) and (n) and (p) of Rule 17.02 to serve this claim outside Ontario.

44.        The Plaintiff relies upon the CBCA.

45.        The Plaintiff proposes that the trial of this matter be heard in Toronto, Ontario.

December 19, 2018
(Amended:              , 2019)

**BLAKE, CASSELS & GRAYDON LLP**
Barristers & Solicitors
199 Bay Street, Suite 4000
Commerce Court West
Toronto, ON   M5L 1A9

**Michael Barrack**  LSO #21941W
Tel:    (416) 863-5280
michael.barrack@blakes.com

**Kathryn Bush**  LSO #23636O
Tel     (416)863-2633
kathryn.bush@blakes.com

**Kiran Patel**  LSO #58398H
Tel:    (416) 863-2205
kiran.patel@blakes.com

Fax:    (416) 863-2653

Lawyers for the Plaintiff

MORNEAU SHEPELL LTD. in its capacity as administrator    and    ESL INVESTMENTS INC. et
of the Sears Canada Inc. Registered Pension Plan                                    al.                                    Court File No.: CV-18-00611217-00CL

                        Plaintiff                                    Defendants

---

### ONTARIO
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced at Toronto

---

#### <u>AMENDED</u> STATEMENT OF CLAIM

---

**BLAKE, CASSELS & GRAYDON LLP**
Barristers & Solicitors
199 Bay Street, Suite 4000
Commerce Court West
Toronto, ON   M5L 1A9

**Michael Barrack**  LSO #21941W
Tel:    (416) 863-5280
michael.barrack@blakes.com

**Kathryn Bush**  LSO #23636O
Tel:    (416)863-2633
kathryn.bush@blakes.com

**Kiran Patel**  LSO #58398H
Tel:    (416) 863-2205
kiran.patel@blakes.com

Fax:    (416) 863-2653

Lawyers for the Plaintiff