DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Garrett Kingman, Esq. (gk@dhclegal.com)
*Attorneys for Pearl Global Industries Ltd.*

**Hearing Date and Time**
April 18, 2019 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

SEARS HOLDING CORPORATION, *et al.*,

                            Debtors.
-----------------------------------------------------------X

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

### JOINDER BY PEARL GLOBAL INDUSTRIES LTD. TO MOTION BY WINNERS INDUSTRY CO., LTD. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      Pearl Global Industries, Ltd. ("Pearl Global"), by its attorneys, Davidoff Hutcher & Citron LLP, submits this joinder to the motion of Winners Industry Co., Ltd. ("Winners Industry") dated December 21, 2018 (the "AEC Motion") [Doc 1386] for allowance and payment of administrative expense claims, and represents and says as follows:

      1.    Peal Global joins in and supports the AEC Motion and, in particular, the legal points set forth in Winners Industry's reply dated April 16, 2019 (the "AEC Reply") [3229].[1]

---

[1] While additional arguments support administrative claim status, *e.g.* the Debtors' inducement to vendors, who retained the right to stop goods in transit even after title transferred, "to supply goods or services to the debtor-in-possession," see *In re Jartran*, 732 F.2d 584, 586 (7th Cir. 1984) (quoting *In re Mammoth Mart*, 536 F.2d 950 (1st Cir. 1976)), the position set forth in the AEC Reply provide consistent guidelines that can be easily applied to all vendors in this case (and any other case) with claims under §§ 503(b)(1)(A) and/or 503(b)(9). The ability of foreign vendors to stop goods in transit, before actual receipt by the Debtors in the United States is not at issue. *See Motion of Debtors for Interim and Final Authority to (I) Pay Prepetition Claims of (A) Shippers, Warehousemen, and Other Non-Merchandise Lien Claimants, and (B) Holders of PACA/PASA Claims, and (II) Confirm Administrative Expense Priority for Prepetition Order Delivered to the Debtors Postpetition and Satisfy Such Obligations in the Ordinary Course of Business* [Doc. No. 14], ¶ 19 ("certain vendors may refuse to provide goods

650939v.3

2. Upon information and belief, Pearl Global was the Debtors' largest vendor in India and its third largest supplier of women's apparel in the world. Pearl Global has §503(b)(9) claims[2] and §503(b)(1)(A) claims[3] involving facts substantially similar to those facts underlying the AEC Motion.[4]

3. The AEC Reply persuasively shows why the key date for determining a vendor's claim under both §§ 503(b)(1)(A) and 503(b)(9) should be the date on which debtors take physical possession of goods. The Debtors' position, whereby the key date would be the date legal title was transferred, would lead to absurd results, as shown by the flow chart accompanying ¶¶ 14-15 of the AEC Reply.[5] Thus, claims based on goods shipped earlier and received by a debtor prepetition, within 20 days of filing, would have an administrative priority under § 503(b)(9), while goods shipped later that were received postpetition would result in unsecured claims.[6]

---

to the Debtors (*or may recall shipments thereof*). . . ." (emphasis added); see U.C.C. § 2-70 (providing, in relevant part, that "[t]he seller may stop delivery of goods in the possession of a carrier or other bailee when he discovers the buyer to be insolvent" and that "[a]s against such buyer the seller may stop delivery until [] receipt of the goods by the buyer. . . ."); *In re National Sugar Refining Co.*, 27 B.R. 565, 569 (Bankr. S.D.N.Y. 1983) ("The fact that [seller] had passed to [buyer] title to the sugar did not affect the former's right to stop in transit.").

[2] Pearl filed proofs of claim under § 503(b)(9), against Kmart Holding Corporation and Sears, Roebuck and Co. for $953,324.28 and $696,955.44, respectively.

[3] Pearl has claims under 11 U.S.C. § 503(b)(1)(A) totaling $961,625.92.

[4] While Winners Industry's goods were shipped from China, Pearl Global's goods were shipped from Bangladesh and India.

[5] Like the example in ¶¶ 14-15 of the AEC Reply, Pearl Global's claims for goods received by Debtors postpetition would be deemed unsecured, while goods shipped earlier and received prepetition within 20 days of the filing would have administrative priority status!

[6] Certainly, this result is directly contrary to the policy rationale underlying administrative expense claims. As the court in *Jartran* explained, "administrative priority is granted to postpetition expenses so that third parties will be moved to provide the goods and services necessary for a successful reorganization." *Jartran*, 732 F.2d at 588.

4.  Unless the Court rejects the Third Circuit's decision in *In re World Imports, 862 F.3d 338 (3d Cir. 2017)*, the Debtors' position also would render the statute an absurdity, see AEC Reply at ¶¶ 13-15.

Dated: New York, New York
April 17, 2019

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
David H. Wander
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
*Attorneys for Pearl Global Industries Ltd.*

650939v.3

3