WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jared R. Friedmann
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                              :
                                                   :       **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,          :
                                                   :       **Case No. 18-23538 (RDD)**
                                                   :
                     Debtors.[1]                   :       **(Jointly Administered)**
------------------------------------------------------------x

## DEBTORS' RESPONSE TO MOTION OF COMMUNITY SCHOOL DISTRICT 300 TO STRIKE DECLARATION AND TESTIMONY OF MOHSIN MEGHJI

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and certain of its affiliates (including Sears, Roebuck & Co. as the "developer" under the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1 (the "**EDA Act**" or the "**Act**")), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "**Sears**" or the "**Debtors**"), hereby respectfully submit this response in opposition to the Motion of the Community School District to Strike the Declaration and Testimony of Mohsin Meghji (ECF No. 3215) (the "**Motion to Strike**").[1]

## DISCUSSION

1. The Debtors respectfully refer the Court to the Turnover Motion for the procedural and factual background of the underlying dispute between the parties.

2. The Motion to Strike should be denied because it is both procedurally improper and substantively meritless.

3. First, the Motion to Strike was untimely filed some 11 days following the April 4, 2019 Rule 30(b)(6) deposition of Mohsin Meghji. No excuse is provided for this delay. Despite the apparent lack of exigency on the School District's part, it improperly purported to give the Debtors less than 48 hours to respond and to have the Bankruptcy Court hear the Motion to Strike within 72 hours. It should be denied on that basis alone.

4. Second, the Motion to Strike is substantively deficient, for all the reasons set forth in the Debtors' April 15, 2019 letter to counsel for the School District ("**April 15 Letter**") which is attached to Exhibit D of the Motion to Strike. In the April 15 Letter, which was prepared in response to an email sent by counsel to the School District on Friday, April 12 at 8:15pm ET, the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Debtors' motion to compel turnover of estate property (ECF No. 2715) (the "**Turnover Motion**").

Debtors demonstrated in detail that they had satisfied their obligation to prepare their Rule 30(b)(6) witness. Rather than waste any more of the Debtors' resources responding to the School District's frivolous assertions, to the extent the Court wishes to consider the issue, the Debtors respectfully direct the Court to its April 15th Letter. For ease of reference the April 15 Letter also is attached as Exhibit A to the Declaration of Jared R. Friedmann in support of the Debtors' Response to the Motion to Strike ("**Friedmann Declaration**").

5.      Third, the relief sought in the Motion to Strike, specifically the proposed striking of the Meghji Declaration submitted in support of the Turnover Motion, is nonsensical, because that declaration was submitted by Mr. Meghji in his individual capacity as the Chief Restructuring Officer of the Debtors, and not in his capacity as a Rule 30(b)(6) witness.

6.      Fourth, the Motion to Strike is factually inaccurate. In addition to the inaccuracies noted in the April 15 Letter, the Motion to Strike also mischaracterizes the deposition of Misty Redman, suggesting that she had been designated by the Debtors as a Rule 30(b)(6) deponent. Motion to Strike, Ex. D at ¶ 5. To the contrary, after the School District sought Ms. Redman's deposition on just three-days' notice, the Debtors told the School District that Ms. Redman would be testifying in her personal capacity only, and that because she was not responsible for monitoring compliance with the EDA Act's job requirements in 2017, she did not have personal knowledge of relevant information beyond what already had been provided through Mr. Meghji's declaration, testimony by the Debtors' Rule 30(b)(6) witness, the Debtors' responses to the School District's interrogatories, and the Debtors' document production. A copy of the Debtors' correspondence to the School District Counsel concerning Ms. Redman's deposition is attached as Exhibit B to the Friedmann Declaration.

7.      Finally, the Motion to Strike is yet another instance of the School District's

scorched earth litigation tactics that continue to deplete the Debtors' resources. These tactics should not be countenanced in any litigation, let alone in a bankruptcy.

WHEREFORE the Debtors respectfully request that the Court deny the Motion to Strike.

Dated: April 17, 2019
      New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jared R. Friedmann
Sunny Singh
Jessie B. Mishkin

*Attorneys for Debtors and Debtors in Possession*