WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re                                                        :        **Chapter 11**
                                                             :
**SEARS HOLDINGS CORPORATION**, *et al.*,                    :        **Case No. 18-23538 (RDD)**
                                                             :
            Debtors.[1]                                      :        **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, LLC (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOTICE OF HEARING ON DEBTORS' MOTION FOR AN ORDER (I) APPROVING
DISCLOSURE STATEMENT; (II) ESTABLISHING NOTICE AND OBJECTION
PROCEDURES FOR CONFIRMATION OF THE PLAN; (III) APPROVING
SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF;
(IV) APPROVING THE FORMS OF BALLOTS AND ESTABLISHING PROCEDURES
FOR VOTING ON THE PLAN; AND (V) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the annexed motion
(the "**Motion**")[2], of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors
in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of
an order pursuant to sections 105, 1125, 1126, and 1128 of chapter 11 of title 11 of the United
States Code (the "**Bankruptcy Code**"), Rules 2002, 3017, 3018, and 3020 of the Federal Rules
of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3017-1, 3018-1, and 3020-1 of
the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**")
(i) approving the Disclosure Statement (as defined in the Motion) under section 1125 of the
Bankruptcy Code; (ii) approving the form and manner of the Disclosure Statement Hearing
Notice (as defined in the Motion), (iii) establishing notice and objection procedures for the
Confirmation Hearing (as defined in the Motion), including the form of notice; (iv) approving
the Notice Packages (as defined in the Motion) and procedures for the distribution thereof;
(v) approving the forms of ballots, and establishing procedures for voting on the Plan; and
(vi) granting related relief, all as more fully set forth in the Motion, will be held before the
Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy
Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White
Plains, New York, 10601-4140 (the "**Bankruptcy Court**") on **May 16, 2019 at 10:00 a.m.
(Prevailing Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms
in the Motion.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405), so as to be filed and received no later than **May 9, 2019 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted upon default.


Dated: April 17, 2019
　　　　New York, New York

_/s/ Sunny Singh_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh


*Attorneys for Debtors*
*and Debtors in Possession*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                :

**In re**                     :        **Chapter 11**
                :

**SEARS HOLDINGS CORPORATION**, *et al.*,  :        **Case No. 18-23538 (RDD)**
                :

        **Debtors.**[1]        :        **(Jointly Administered)**
                :
---------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## DEBTORS' MOTION FOR AN ORDER
### (I) APPROVING DISCLOSURE STATEMENT;
### (II) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF;
### (IV) APPROVING THE FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN; AND (V) GRANTING RELATED RELIEF

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1.      Beginning on October 15, 2018 (the "**Commencement Date**") and continuing thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 24, 2018, the United States Trustee for Region 2 appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      On February 8, 2019, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances,*

2

*(III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (ECF No. 2507), pursuant to which the Debtors sold substantially all their assets to Transform Holdco LLC.

5.    Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert A. Riecker Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York*, sworn on October 15, 2018 (the "**Riecker Declaration**") (ECF No. 3).

## Jurisdiction

6.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C.  §§ 1408 and 1409.

## Summary of Relief Requested

7.    On April 17, 2019 the Debtors filed the *Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (as it may be amended, modified, and supplemented, the "**Plan**")[2], and the proposed *Disclosure Statement for the Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* (as it may be amended, modified, and supplemented, the "**Disclosure Statement**").  In accordance with Bankruptcy Rule 3017(a), the Debtors obtained from the Court a date and time for a hearing to consider, *inter alia*, approval of the Disclosure Statement, which will be held on May 16, 2019 at 10:00 a.m., (Prevailing Eastern Time) (the "**Disclosure Statement Hearing**").  Annexed to the Proposed

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

3

Order as **Exhibit A** is a list of all Classes of Claims and Interests set forth in the Plan and Disclosure Statement.

8.      By this Motion, and pursuant to sections 105, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006, and Rules 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek an order:

(i) Approving the Disclosure Statement under section 1125 of the Bankruptcy Code;

(ii) Establishing notice and objection procedures for the Disclosure Statement Hearing, including the form of notice annexed to the Proposed Order as **Exhibit B**;

(iii) Establishing notice and objection procedures for the Confirmation Hearing, including the form of notice annexed to the Proposed Order as **Exhibit C**;

(iv) Approving the Notice Packages and procedures for the distribution thereof;

(v) Approving the forms of ballots, substantially in the form annexed to the Proposed Order collectively as **Exhibit D**, and establishing procedures for voting on the Plan; and

(vi) Granting related relief, all as more fully set forth in the Motion.

9.      A proposed order approving the relief requested in this Motion is annexed hereto as **Annex A** (the "**Proposed Order**").

10.     The following table provides proposed dates related to specific relief requested in the Motion.[3]

| | |
|---|---|
| **Disclosure Statement Objection Deadline:** | May 9, 2019 at 4:00 p.m. |
| **Voting Record Date:** | May 9, 2019 |
| **Disclosure Statement Hearing:** | May 16, 2019 at 10:00 a.m. |

---

[3] All proposed times set forth in the table below are in Prevailing Eastern Time.

4

| | |
|---|---|
| **Solicitation Deadline:** | The date that is five (5) business days after entry of the Proposed Order, or as soon as reasonably practicable thereafter |
| **Publication Deadline:** | May 31, 2019 |
| **Plan Supplement Filing Deadline:** | Seven (7) days prior to the Voting Deadline |
| **Voting Deadline:** | July 2, 2019 at 5:00 p.m. |
| **Plan Confirmation Objection Deadline:** | July 8, 2019 at 4:00 p.m. |
| **Voting Certification Deadline:** | July 8, 2019 |
| **Deadline to File Brief in Support of Confirmation and Reply to Plan Objection(s):** | July 18, 2019 at 12:00 p.m. |
| **Plan Confirmation Hearing:** | July 23, 2019 at 10:00 a.m. |

## I.    APPROVAL OF NOTICE OF DEADLINE TO OBJECT TO PROPOSED DISCLOSURE STATEMENT

11.    Bankruptcy Rules 3017(a) and 2002 and Local Rule 3017-1 require that twenty-eight (28) days' notice to be given by mail to all creditors of the time fixed for filing objections and the hearing to approve a disclosure statement, subject to the Bankruptcy Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).    On or before April 19, 2019, the Debtors will serve a notice of the hearing on this Motion in the form attached hereto as **Exhibit B** (the "**Disclosure Statement Hearing Notice**"), by electronic transmission, by overnight mail, or by first class mail upon all parties required to be noticed pursuant to Bankruptcy Rules 2002 and 3017 (the "**Notice Parties**").    The Disclosure Statement Hearing Notice identifies (a) the date, time, and place of the Disclosure Statement Hearing as May 16, 2019 at 10:00 a.m. (prevailing Eastern Time) at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140, (b) the deadline for filing objections to approval of the Disclosure Statement as May 9, 2019 at 4:00 p.m. (prevailing Eastern Time), (c) the procedures for filing such objections,

and (d) the manner in which a copy of the Disclosure Statement and/or the exhibits thereto can be obtained.

12.    The Disclosure Statement Hearing Notice will provide the Notice Parties with at least twenty-seven (27) days' notice of the Disclosure Statement Hearing and at least twenty (20) days' notice of the proper procedures and content of any responses and objections to the Disclosure Statement, including the time, date, and place for filing objections to the Disclosure Statement.  The Debtors believe that the proposed notice provides parties in interest with sufficient notice of the Disclosure Statement Hearing and the deadline to object to the Disclosure Statement.  Furthermore, the proposed notice periods will facilitate the Debtors' emergence from chapter 11—a matter of vital importance given the ongoing costs of administrating these cases and the Debtors' already strained liquidity.  Accordingly, the Debtors respectfully request, pursuant to the Court's authority under Bankruptcy Rule 9006(c)(1), approval of the notice periods proposed herein.

13.    The Debtors will provide, at no charge to the requesting party, copies of the proposed Disclosure Statement and Plan upon such request made to Prime Clerk, LLC ("**Prime Clerk**"), the Debtors' voting agent (the "**Voting Agent**"), at the following address or e-mail:

| **If by standard or overnight mail or hand delivery:** | **If by e-mail to:** |
| --- | --- |
| Sears Holdings Corporation Ballot Processing c/o Prime Clerk, LLC 850 Third Avenue, Suite 412 Brooklyn, New York 11232 (*Voting Agent's physical address subject to change before solicitation mailing*) | searsballots@primeclerk.com with a reference to "Sears" in the subject line |

Moreover, copies of the Disclosure Statement and Plan are on file with the Office of the Clerk of

the Bankruptcy Court for review during normal business hours and are also available on the

Debtors' website at https://restructuring.primeclerk.com/sears (the "**Case Website**").

## II. THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND SHOULD BE APPROVED

14.     Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must

provide holders of impaired claims and equity interests with "adequate information" regarding a

proposed chapter 11 plan.  In that regard, section 1125(a)(1) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of the
> nature and history of the debtor and the condition of the debtor's
> books and records, including a discussion of the potential material
> Federal tax consequences of the plan to the debtor, any successor
> to the debtor, and a hypothetical investor typical of the holders of
> claims or interests in the case, that would enable such a
> hypothetical investor of the relevant class to make an informed
> judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).  Thus, a disclosure statement must, as a whole, provide information that

is reasonably practicable to permit an informed judgment by impaired creditors or equity interest

holders entitled to vote on a chapter 11 plan.  *See In re Momentum Mfg. Corp.*, 25 F.3d 1132,

1136 (2d Cir. 1994); *In re PC Liquidation Corp.*, 383 B.R. 856, 866 (E.D.N.Y. 2008) (holding

that a disclosure statement was adequate when it "enable[d] a reasonable creditor to make an

informed judgment about the [p]lan"); *see also In re Adelphia Commc'ns Corp.*, 352 B.R. 592,

600 (Bankr. S.D.N.Y. 2006) (explaining that "an adequate disclosure determination requires a

bankruptcy court to find not just that there is enough information there, but also that what is said

is not misleading"); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y.

1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a

7

flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

15.     The bottom-line requirement is that a disclosure statement must clearly and succinctly inform the "average unsecured creditor 'what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.'" *See In re Radco Props., Inc.*, 402 B.R. 666, 683 (Bankr. E.D.N.C. 2009) (quoting *In re Joseph A. Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991)). In examining the adequacy of the information contained in a disclosure statement, the Court has broad discretion. *See In re A.H. Robins Co., Inc.*, 880 F.2d 694, 696 (4th Cir. 1989); *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988); *see also In re Oxford Homes, Inc.*, 204 B.R. 264, 269 (Bankr. D. Me. 1997) (noting that Congress intentionally drew vague contours of what constitutes adequate information so that bankruptcy courts may exercise discretion to tailor them to each case's particular circumstances); *In re Dakota Rail Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (bankruptcy court has "wide discretion to determine . . . whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail"). The determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re PC Liquidation Corp.*, 383 B.R. at 865; *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

16.     The Debtors believe that the proposed Disclosure Statement contains adequate information necessary to enable all parties in interest to make an informed judgment with respect to the Plan as required by the Bankruptcy Code and Bankruptcy Rules, including, but not limited to, a discussion of:

(a)     The circumstances that gave rise to the filing of these chapter 11 cases;

(b)     Significant events during the course of these chapter 11 cases;

(c)     Information regarding Claims against the Debtors;

(d)     Information regarding Claims and Interests to be addressed under the Plan;

(e)      A summary of the Plan;

(f)     Settlements and compromises of certain Claims under the Plan;

(g)     Information relevant to the risks being taken by holders of Claims and/or Interests;

(h)     Tax consequences of the Plan; and

(i)     A liquidation analysis indicating that the estimated return that holders of Claims against, and Interests in, the Debtors will receive under the Plan is not less than what they would receive under a hypothetical chapter 7 liquidation.

17.     Accordingly, the Debtors respectfully request that the Court approve the Disclosure Statement.

## III.    ESTABLISHING A RECORD DATE

18.     Bankruptcy Rule 3017(d) provides that for the purposes of soliciting votes in connection with the confirmation of a chapter 11 plan, "creditors and interest holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Because certain votes on the Plan will be solicited with respect to Claims relating to certain notes, bonds, certificates, and debentures subject to (i) the Second Lien PIK Notes Indenture, (ii) the Second Lien Notes Indenture, (iii) the Unsecured PIK Notes Indenture, (iv) the Senior Unsecured Notes Indenture, (v) the 1995 SRAC Indenture, and (vi) the 2002 SRAC Indenture (collectively, the "**Debtors' Securities**") held in street name, in order to facilitate the voting process, a specified date is needed for a record date so that the record holders have adequate time to

9

implement the voting process. Accordingly, the Debtors propose that the record date for purposes of determining which eligible holders of Claims and Interests are entitled to vote on the Plan or receive notice of the Confirmation Hearing be set as May 9, 2019 (the "**Voting Record Date**"). The establishment of the Voting Record Date is appropriate to facilitate the determination of which entities are entitled to vote to accept or reject the Plan.[4]

## IV. ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN

### A.    Setting the Confirmation Hearing

19.    Bankruptcy Rule 3017(c) provides:

On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

20.    In accordance with Bankruptcy Rules 2002(b), 9006(c)(1), and 3017(c), and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors request that a hearing on confirmation of the Plan (the "**Confirmation Hearing**") be scheduled on July 23, 2019, which is approximately sixty-eight (68) days after the anticipated date for the entry of the Proposed Order. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice, except for adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court. The proposed date for the Confirmation Hearing complies with the Bankruptcy Rules and enables the Debtors to pursue consummation of the Plan in a timely manner.

---

[4] With respect to any Claims based on the Debtors' Securities, the Debtors will use any list maintained by the relevant trustee or collateral agent, as applicable, and the list of participants as of the Voting Record Date provided by The Depository Trust Company ("**DTC**") or other applicable depository for the purpose of soliciting votes. With respect to any Claims based on the Second Lien Credit Facility, the Debtors will use any list maintained by the Second Lien Credit Facility Agent for the purpose of soliciting votes.

**B.      Establishing Procedures for Notice of the Confirmation Hearing**

21.     In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtors propose to provide to all known holders of Claims and Interests, simultaneously with the distribution of the Notice Packages to those entities entitled thereto, notice substantially in the form annexed to the Proposed Order as **Exhibit C** (the "**Confirmation Hearing Notice**"), which provides: (i) the Voting Deadline (as defined below) for the submission of Ballots (as defined below) to accept or reject the Plan; (ii) July 8, 2019 at 4:00 p.m. (Prevailing Eastern Time) as the time fixed for filing objections to confirmation of the Plan (the "**Plan Confirmation Objection Deadline**"); and (iii) the time, date, and place for the Confirmation Hearing.

22.     Bankruptcy Rule 2002(*l*) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(*l*).  In addition to mailing the Confirmation Hearing Notice, the Debtors propose to publish the Confirmation Hearing Notice, not less than twenty (20) days before the Plan Confirmation Objection Deadline (the "**Publication Deadline**"), once in the national edition of the *New York Times*.  Additionally, the Confirmation Hearing Notice will be available electronically on the Case Website.  The Debtors believe that publication of the Confirmation Hearing Notice as provided above will provide sufficient notice of the time, date, and place of the Confirmation Hearing to persons who do not otherwise receive notice by mail as provided for in the Proposed Order.

23.     The Debtors submit that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, request that the Court deem such notice as adequate under the circumstances.

11

### C.      Establishing Procedures for Objections to the Plan

24.      Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed. R. Bankr. P. 3020(b)(1). Local Rule 3020-1 requires that objections to confirmation of a plan be filed no later than seven (7) days before the Confirmation Hearing.  The Confirmation Hearing Notice provides, and the Debtors request that the Court direct, that any objections to confirmation of the Plan comply with the procedures for filing objections set forth in the Confirmation Hearing Notice.  In accordance with Local Rule 3020-1, the Debtors request that confirmation objections be filed no later than July 8, 2019 at 4:00 p.m. (Prevailing Eastern Time), which is fifteen (15) days prior to the first date set for the Confirmation Hearing.  The Debtors further request that the Court set July 18, 2019 at 12:00 p.m. (Prevailing Eastern Time) as the deadline for the Debtors to file and serve their brief in support of confirmation and for the Debtors and other parties in interest to file and serve replies or any omnibus replies to any objections to confirmation of the Plan.

25.      The proposed timing for service of objections and replies, if any, will afford the Court, the Debtors, and the Creditors' Committee sufficient time to consider the objections before the Confirmation Hearing, try to resolve such objections, and file their reply with the Court, if necessary.  Accordingly, the Debtors request that the Court approve this schedule pursuant to Bankruptcy Rule 3020 and Local Rule 3020-1.

### V.      APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION

26.      Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of Claims and Interests for the purpose of soliciting their votes and providing adequate notice of a hearing on confirmation of a chapter 11 plan:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired

12

classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,

(1)    the plan or a court-approved summary of the plan;

(2)    the disclosure statement approved by the court;

(3)    notice of the time within which acceptances and rejections of the plan may be filed; and

(4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

27.    After the Court has approved the Disclosure Statement as containing adequate information as required by section 1125 of the Bankruptcy Code, the Debtors propose to mail, or cause to be mailed, the following materials in connection with voting on the Plan and notice of the Confirmation Hearing (the "**Notice Packages**") and the filing of objections to confirmation of the Plan:

(a)    With respect to holders of Claims in Class 3 – PBGC Claims, Class 4 – General Unsecured Claims, and Class 5 – ESL Unsecured Claims;

(i)    The Confirmation Hearing Notice;

(ii)    An appropriate form of Ballot, Beneficial Owner Ballot, and/or Master Ballot and appropriate return envelope with prepaid postage;

(iii)    Instructions detailing how to access electronic versions or request hard copies of each of the following materials:

      (1)      The Order granting the relief requested herein (without any exhibits);

      (2)      The Disclosure Statement (with the Plan annexed thereto);

      (3)      Any letter(s) recommending acceptance of the Plan.

(b)      With respect to holders of Claims in Class 1 – Priority Non-Tax Claims – and Class 2 Other Secured Claims, which Classes are unimpaired, presumed to accept the Plan, and, therefore, not entitled to vote on the Plan pursuant to section 1126(f) of the Bankruptcy Code:

      (i)      The Confirmation Hearing Notice; and

      (ii)      A Notice of Non-Voting Status – Unimpaired Classes (as defined below).

(c)      With respect to holders of Claims or Interests in Class 8 – Subordinated Securities Claims and Class 9 – Existing SHC Equity Interests, which Classes are impaired, deemed to reject the Plan, and, therefore, not entitled to vote on the Plan pursuant to 1126(g) of the Bankruptcy Code:

      (i)      The Confirmation Hearing Notice; and

      (ii)      Notice of Non-Voting Status – Impaired Classes (as defined below).

28.      Due to the large number of claimants in Class 4 – General Unsecured Claims, the Debtors estimate that soliciting each of these claimants by providing certain materials on flash drive or CD-ROM would incur costs of up to approximately $5,000,000. Accordingly, in lieu of providing such materials by flash drive or CD-ROM, the Debtors propose to make available on the Case Website copies of (i) the Disclosure Statement (with the Plan annexed thereto); (ii) copies of any letter(s) from any statutory committee recommending acceptance of the Plan; and (iii) a copy of the Order granting the relief requested herein and approving the Disclosure Statement, and to mail instructions to members each Voting Class detailing how to access such materials on the Case Website, provided, however, that any party may request to receive paper copies of such materials from the Voting Agent at no cost to such

14

party. Providing these materials online is an efficient, practical solution that will avoid tremendous costs to the Debtors' estates for the benefit of all parties in interests in these cases.

29.    With respect to holders of Claims of Class 6 – Intercompany Claims and Interests of Class 7 – Intercompany Interests, which Classes are impaired and deemed to reject the Plan, neither of which Classes are entitled to vote on the Plan, pursuant to section 105(a) of the Bankruptcy Code, each Debtor will be deemed to have received all notices upon entry of the Proposed Order without actual delivery of such notices.

30.    The Debtors also propose to mail a copy of the Confirmation Hearing Notice (to the extent not already provided in the distributions set forth above) to all Notice Parties.

31.    The Debtors propose to mail, or cause to be mailed, all of the foregoing distributions no later than five (5) business days following entry of the Proposed Order (the "**Solicitation Deadline**"), or as soon as reasonably practicable thereafter.

32.    Consistent with sections 1126(f) and (g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Notice Packages for holders of Claims or Interests in the following Classes that are either conclusively presumed to accept or deemed to reject the Plan under sections 1126(f) and 1126(g) of the Bankruptcy Code, respectively, will not include a Ballot: Class 1 – Priority Non-Tax Claims, Class 2 – Other Secured Claims, Class 6 – Intercompany Claims, Class 7 – Intercompany Interests, Class 8 – Subordinated Securities Claims, and Class 9 – Existing SHC Equity Interests.

33.    Because such Classes are presumed to have accepted or deemed to have rejected the Plan, in an effort to conserve the resources of the Debtors' estates, the Debtors propose to send to holders of such Claims or Interests a notice of non-voting status, substantially

in the form annexed to the Proposed Order as **Exhibit E** ("**Notice of Non-Voting Status –**
**Unimpaired Classes**") or **Exhibit F** ("**Notice of Non-Voting Status – Impaired Classes**"), as
applicable, which sets forth the manner for obtaining a copy of the Plan and Disclosure
Statement.    These parties will also receive the Confirmation Hearing Notice.    The Debtors
submit that such notice satisfies the requirements of Bankruptcy Rule 3017(d).    The Debtors
request that the Court determine that they are not required to distribute copies of the Plan or
Disclosure Statement to any holder of a non-voting Claim or Interest unless otherwise requested
in writing on or before twenty (20) days prior to the Confirmation Hearing.

34.    In addition, to avoid duplication and reduce expenses, the Debtors propose
that creditors who have been identified by the Debtors or the Debtors' professionals as having
filed (i) duplicate Claims against the Debtors that are classified under the Plan in the same Class,
or (ii) Claims that amend or supersede previously filed Claims, should be required to receive
only one Notice Package and the appropriate number of Ballots (if applicable) for voting their
Claims with respect to that Class, regardless of whether the Debtors have objected to such
duplicate, amended, and/or superseded Claims.

35.    The Debtors also propose that notice need not be sent to creditors whose
Claims have already been paid in full; *provided, however*, if any such creditor would be entitled
to receive notice for any reason other than by virtue of the fact that the Claim had been paid in
full by the Debtors, such creditor will be sent notice in accordance with the procedures set forth
above.

36.    The Debtors anticipate that some notices may be returned by the United
States Postal Service as undeliverable.    The Debtors believe that it would be costly and wasteful
to mail such notices to the same addresses to which previous notices have been returned as

16

undeliverable. Therefore, the Debtors seek the Court's approval for a departure from the strict notice rule, excusing the Debtors from mailing such notices to those persons listed at such addresses unless the Debtors are provided with accurate addresses for such persons at least twenty (20) days before the Confirmation Hearing.

37.    The Debtors submit that they have shown good cause for implementing the proposed notice and service procedures, and request that the Court approve such notice as adequate under the circumstances.

## VI.    APPROVING FORMS OF BALLOTS AND MASTER BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN

### A.    Approval of Forms of Ballot and Distribution Thereof

38.    Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot, which substantially conforms to Official Form B 314, only to "creditors and interest holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Debtors intend to distribute ballots to holders of Claims in Class 3 – PBGC Claims, Class 4 – General Unsecured Claims, and Class 5 – ESL Unsecured Claims under the Plan, which Classes are entitled to vote to accept or reject the Plan. The forms of ballot are substantially in the forms annexed to the Proposed Order in **Exhibit D** (the "**Ballots**") and are based on Official Form B 314, but have been modified to address the particular aspects of these chapter 11 cases and to include certain additional information relevant and appropriate for each such voting Class.

### B.    Approval of Use of Master Ballots and Distributions Thereof

39.    With respect to the Ballots that will be sent to certain holders of Claims in Class 4 – General Unsecured Claims and Class 5 – ESL Unsecured Claims, in particular, Claims relating to the Debtors' Securities, and the deficiency claims related thereto, the Debtors request authority to send Ballots to record holders of such Debtors' Securities, including, without

17

limitation, the brokers, banks, dealers, or other agents or nominees, or any mailing agents thereof (collectively, the "**Master Ballot Agents**").  Each Master Ballot Agent will be entitled to receive reasonably sufficient copies of beneficial owner Ballots for holders of Debtors' Securities in substantially the forms annexed to the Proposed Order in **Exhibit D** (each, a "**Beneficial Owner Ballot**") and Notice Packages to distribute to the beneficial owners of the Debtors' Securities for whom such Master Ballot Agent holds such Debtors' Securities.   The Debtors shall be responsible for each such Master Ballot Agent's reasonable, documented costs and expenses associated with the distribution of copies of Beneficial Owner Ballots and Notice Packages to the beneficial owners of the Debtors' Securities and tabulation of the Beneficial Owner Ballots, and accordingly request authority to reimburse the Master Ballot Agents for such expenses without further order of the Court.  Additionally, each Master Ballot Agent will collect votes from the beneficial owners via Beneficial Owner Ballots, tabulate the results, and return such results to the Voting Agent in a master ballot (a "**Master Ballot**") by the Voting Deadline, or arrange for beneficial holders to receive "pre-validated" Beneficial Owner Ballots for direct return to the Voting Agent before the Voting Deadline.[5]

40.     A Master Ballot Agent has two options with respect to voting.  Under the first option, the Master Ballot Agent will forward the Notice Package and Beneficial Owner Ballot to each beneficial owner of the Debtors' Securities entitled to vote on the Plan (within five (5) business days of the receipt by such Master Ballot Agent of the Notice Packages) and include a return envelope provided by and addressed to the Master Ballot Agent, so that the beneficial

---

[5] Notice Packages may be sent in paper format or via electronic transmission in accordance with the customary practices of each Master Ballot Agent.  Each Master Ballot Agent will then distribute the Notice Packages, as appropriate, in accordance with their customary practices and obtain votes to accept or to reject the Plan also in accordance with their customary practices.  If it is the Master Ballot Agent's customary and accepted practice to submit a "voting instruction form" to the beneficial owners for the purpose of recording such beneficial owners' vote, the Master Ballot Agent shall be authorized to send the voting instruction form in lieu of, or in addition to, a Beneficial Owner Ballots.

owner may return the completed Beneficial Owner Ballot to the Master Ballot Agent. The Master Ballot Agent will then summarize the individual votes of its respective beneficial owners from the individual Beneficial Owner Ballots on the appropriate Master Ballot, in substantially the forms of the Master Ballot (and instructions attached thereto) annexed to the Proposed Order in **Exhibit D**, and then return the Master Ballot to the Voting Agent by the Voting Deadline. The Master Ballot Agent should advise beneficial owners to return Beneficial Owner Ballots to the Master Ballot Agent by a date calculated by the Master Ballot Agent to allow the Master Ballot Agent to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is actually received by the Voting Agent by the Voting Deadline.

41.    Under the second option, the Master Ballot Agent may elect to "pre-validate" the Beneficial Owner Ballot contained in the Notice Package and then forward the Notice Package to the beneficial owner of the Debtors' Securities for voting within five (5) business days of the receipt by such Master Ballot Agent of the Notice Package, with the beneficial owner then returning such Beneficial Owner Ballot directly to the Voting Agent in the return envelope to be provided in the Notice Package. A Master Ballot Agent may "pre-validate" a beneficial owner's Beneficial Owner Ballot by (i) indicating thereon the name, address, and DTC participant number of the record holder, the amount of the Debtors' Securities held by the beneficial owner as of the Voting Record Date, the appropriate account numbers through which the beneficial owner's holdings are derived, and the applicable CUSIP, and (ii) executing the beneficial owner's Beneficial Owner Ballot. The beneficial owner will complete and return the "pre-validated" Beneficial Owner Ballot directly to the Voting Agent by the Voting Deadline.

19

42.     Notwithstanding any other provision of this Motion, transmittal of Notice Packages to any holders of the Debtors' Securities held exclusively through the Master Ballot Agents shall be deemed good, adequate, and sufficient notice if delivered by electronic transmission on or before the Solicitation Deadline, or as soon as reasonably practicable thereafter, to the Master Ballot Agents.

## C.     Establishing a Voting Deadline for Receipt of Ballots

43.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court shall fix a time within which the holders of claims or equity interests may accept or reject a plan.   Fed. R. Bankr. P. 3017(c).   As stated, the Debtors anticipate commencing the solicitation of votes to accept or reject the Plan by the Solicitation Deadline.  Based on such schedule, the Debtors propose that, to be counted as a vote to accept or reject the Plan, each Ballot or Master Ballot must be properly executed, completed, and delivered to the Voting Agent, by (i) first-class mail; (ii) overnight courier; (iii) personal delivery; or (iv) via the Voting Agent's E-Ballot portal (for General Ballots (as defined below) only)[6] so that it is received by the Voting Agent no later than the Voting Deadline, which shall be 5:00 p.m. (Prevailing Eastern Time) on July 2, 2019 (the "**Voting Deadline**"), which provides parties entitled to vote with a minimum of approximately forty (40) days to submit their votes.[7]  This

---

[6] In addition to accepting hard copy ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots from holders of claims in Class 4 – General Unsecured Claims on account of such holders' General Unsecured Claims (other those claims related to the Debtors' Securities) (the "**General Ballot**") via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' case website to be maintained by the Voting Agent ("**E-Ballot**").  Parties entitled to vote General Ballots may cast an E-Ballot and electronically sign and submit the Ballot instantly by utilizing the Voting Agent's online balloting portal (which allows a holder to submit an electronic signature).  Instructions for electronic, online transmission of Ballots are set forth on the General Ballots.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any General Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

[7] Notwithstanding the foregoing, Master Ballot Agents shall be permitted to return Master Ballots to the Voting Agent by electronic mail to searsballots@primeclerk.com with a reference to "Sears Master Ballot" in the subject line.

solicitation period is a sufficient period within which parties entitled to vote can make an informed decision to accept or reject the Plan.

### D.      Approval of Procedures for Vote Tabulation

44.      Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

45.      Furthermore, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

#### *i*      *Ballot Tabulation*

46.      Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, the Debtors propose that each Claim within a Class entitled to vote to accept or reject the Plan be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim as set forth in the applicable Debtors' schedules of liabilities, dated January 17, 2019 (as may be amended prior to the Voting Deadline, the "**Schedules**"). The foregoing general procedure will be subject to the following exceptions:

(a)      If a Claim is deemed Allowed pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

(b)     If a Claim, for which a proof of Claim has been timely filed, is wholly contingent, unliquidated, or disputed (based on the face of the proof of Claim or a reasonable review of the proof of Claim and its supporting documentation), such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (f) below;

(c)     If a Claim, for which a proof of Claim was timely filed, lists an amount that is partially unliquidated or contingent, such Claim shall be temporarily allowed only in the liquidated, noncontingent amount set forth on the proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (f) below;

(d)     If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court;

(e)     If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a proof of Claim was not (i) filed by the applicable bar date for the filing of proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

(f)     If the Debtors file and serve an objection to, or a request for estimation of, a Claim at least twenty (20) days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation and subject to the outcome of any Rule 3018(a) Motion (as defined below) filed in accordance with paragraph 16 of the Proposed Order.  If the Debtors file and serve a request for estimation or an objection to a portion of a Claim, the undisputed portion of such Claim shall be temporarily allowed for voting purposes only and not for the purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the request for estimation or objection and subject to the outcome of any Rule 3018(a) Motion filed in accordance with paragraph 16 of the Proposed Order;

(g)     If the Debtors file and serve an objection to a Claim at least twenty (20) days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim(s) shall be temporarily disallowed for voting purposes only and not for purpose of allowance or distribution; *provided, however,* that in the event the holder of such Claim(s) has returned only the Ballot in

22

connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

(h)     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, the Voting Agent shall (i) tabulate votes related to separate Claims held by a single creditor in a particular Class separately, and (ii) aggregated as if such creditor held one Claim against the Debtor(s) and one single vote to accept or reject the Plan in such Class.  The Voting Agent shall present both tabulation results in the Voting Certification;

(i)     Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Notice Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

(j)     If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules;

(k)     A beneficial owner that has filed a proof of Claim on account of the Debtors' Securities shall not be allowed to vote on account of such filed proof of Claim; *provided, however,* that such holder shall otherwise be entitled to receive a Notice Package and vote in accordance with the procedures set forth herein provided that such holder is a holder as of the Voting Record Date;

(l)     Notwithstanding anything contained herein to the contrary, the Voting Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Ballots or Master Ballots;

(m)     There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot or Master Ballot voting the same Claim is received, only the last properly completed Ballot or Master Ballot received by the Voting Agent will be counted unless the holder of the Claim receives Court approval otherwise;

(n)     If a Claim is filed in the amount of $0.00, the holder of such Claim shall not be entitled to vote on account of such Claim; and

(o)     If a Claim is filed in a currency other than U.S. Dollars and is not Allowed in a sum certain pursuant to the Plan, the holder of such Claim shall be entitled to vote a Claim in the amount of $1.00.

23

47.     The Debtors believe that the foregoing proposed procedures provide for a fair and equitable voting process.  If any party seeks to challenge the allowance of a Claim for voting purposes in accordance with the above procedures, the Debtors request that the Court direct such creditor to serve on the Debtors and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "**Rule 3018(a) Motion**") temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation of such Claim, if any.  The Debtors further propose, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless allowed by the Court for voting purposes, after notice and a hearing, pursuant to an order entered at least five (5) days prior to the Voting Deadline or as otherwise directed by the Court.

48.     The Debtors also request that (i) if no votes to accept or reject the Plan are received with respect to a particular Class that contains holders entitled to vote in such Class, such Class be deemed to have voted to accept the Plan and (ii) creditors must vote all of their Claim(s) within a particular Class under the Plan, either to accept or reject the Plan and may not split their vote(s), and a Ballot that partially rejects and partially accepts the Plan will not be counted.

49.     The Debtors further propose that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtors have granted in writing an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder; (iii) any Ballot

24

cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (iv) any Ballot that is unsigned or without an original signature; *provided*, *however*, for the avoidance of doubt, a Ballot submitted via the Voting Agent's E-Ballot portal shall be deemed to be an original signature and a Master ballot submitted by a Master Ballot Agent via e-mail shall be deemed to be an original signature; and (v) any Ballot transmitted to the Voting Agent by facsimile, electronic transmission, or other electronic means (other than Master Ballots which are entitled to vote via electronic mail and General Ballots entitled to be submitted via E-Ballot). Ballots that are properly completed, executed, and timely returned to the Voting Agent, but (a) do not indicate an acceptance or rejection of the Plan, (b) partially accept and partially reject the Plan (as discussed above), or (c) indicate both an acceptance and rejection of the Plan, will not be counted.

50.     The Debtors propose that subject to any Order of the Court to the contrary, the Debtors, in their sole discretion, reserve the right to waive any defect in any Ballot at any time, whether before or after the Voting Deadline, and any such waivers shall be documented in the Voting Certification prepared by the Voting Agent.

51.     The Debtors further propose that, with respect to any Claim transferred pursuant to Bankruptcy Rule 3001(e), if the transferor of such Claim is entitled to vote with respect to the Plan, the transferee shall be entitled to receive a Notice Package and vote to accept or reject the Plan on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date, or (b) the transferee files with the Court, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer. In instances where

a Claim has been the subject of one or more partial transfers, all holders of any portion of said

Claim shall be treated as a single creditor for purposes of the numerosity requirements in section

1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth

herein) and be required to vote every portion of such claim collectively either to accept or reject

the Plan.

<p align="center">***ii***      ***Master Ballot Tabulation***</p>

52.     With respect to the tabulation of Master Ballots and beneficial owners of

the Debtors' Securities, for purposes of voting, the amount that will be used to tabulate

acceptance or rejection of the Plan will be the principal amount held as of the Voting Record

Date (the "**Record Amount**").  The following additional rules will apply to the tabulation of

Master Ballots and Ballots cast by Master Ballot Agents and beneficial owners of the Debtors'

Securities:

(a)     Votes cast by beneficial owners through a Master Ballot Agent will be applied against the positions held by such entities in the applicable Debtors' Security as of the Voting Record Date, as evidenced by the record and depository listings.  Votes submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or pre-validated Ballots, will not be counted in excess of the Record Amount of such Debtors' Securities held by such Master Ballot Agent; *provided, however*, that the Voting Agent may adjust such Record Amount to reflect the amount in accordance with subparagraph (e) below;

(b)     To the extent that conflicting votes or "overvotes" are submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or pre-validated Ballots, the Voting Agent will attempt to reconcile discrepancies with the Master Ballot Agent;

(c)     To the extent that overvotes on a Master Ballot or pre-validated Ballots are not reconcilable prior to the preparation of the Voting Certification (as defined below), the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballots that contained the overvote, but only to the extent of the Master Ballot Agent's position in the applicable Debtors' Security;

(d)    Multiple Master Ballots may be completed by a single Master Ballot Agent and delivered to the Voting Agent. Votes reflected by multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the last, properly completed Master Ballot received by the Voting Date will be counted; and

(e)    For purposes of tabulating votes, each record holder or beneficial owner will be deemed to have voted their applicable Record Amount, although the Voting Agent may be asked to make adjustments to reflect the claim amount.

### iii    *Voting Certification*

53.    Local Rule 3018-1(a) requires that, at least seven (7) days prior to the Confirmation Hearing, the Voting Agent shall certify in writing (the "**Voting Certification**") the amount and number (as applicable) of Allowed Claims and Interests in each Class that voted to accept or reject the Plan, and the Debtors will serve the Voting Certification upon, among others, (i) the Court; (ii) the U.S. Trustee; and (iii) the attorneys for the Creditors' Committee. The Voting Certification Deadline proposed herein is fifteen (15) days prior to the Confirmation Hearing. The notice proposed herein is more than adequate and satisfies the requirements of Local Rule 3018-1(a). The Debtors request that the Court approve of the proposed voting certification date pursuant to Local Rule 3018-1(a).

54.    The Debtors submit that the foregoing procedures for vote tabulation provide for a fair and equitable voting process and should be approved by the Court.

### Notice

55.    Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 (ECF No. 405) (the "**Amended Case Management Order**"). The Debtors respectfully submit that no further notice is required.

56.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 17, 2019
      New York, New York

/s/ Sunny  Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

## Annex A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | : | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION**, *et al.*, | : | **Case No. 18-23538 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

**ORDER (I) APPROVING DISCLOSURE STATEMENT;**
**(II) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR**
**CONFIRMATION OF THE PLAN; (III) APPROVING SOLICITATION**
**PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF;**
**(IV) APPROVING THE FORMS OF BALLOTS AND ESTABLISHING PROCEDURES**
**FOR VOTING ON THE PLAN; AND (V) GRANTING RELATED RELIEF**

Upon the motion, dated April 17, 2019, (ECF No. [__]) (the "**Motion**")[2] of Sears

Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105, 1125, 1126,

and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 3017,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for entry of an order (i) approving the Disclosure Statement under section 1125 of the Bankruptcy Code; (ii) approving the form and manner of the Disclosure Statement Hearing Notice, (iii) establishing notice and objection procedures for the Confirmation Hearing, including the form of notice; (iv) approving the Notice Packages and procedures for the distribution thereof; (v) approving the forms of ballots, and establishing procedures for voting on the Plan; and (vi) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on May 16, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

2

**FOUND AND DETERMINED THAT:**[3]

A.    The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.    The Disclosure Statement Hearing Notice, substantially in the form annexed hereto as **Exhibit B**, filed by the Debtors and served upon parties in interest in these chapter 11 cases, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement and the deadline for filing objections to the Disclosure Statement and responses thereto, and is hereby approved.

C.    The forms of Ballots and Master Ballots, substantially in the forms annexed hereto as **Exhibit D** are consistent with Official Form B 314, adequately address the particular needs of these cases, and are appropriate for each Class entitled to vote on the Plan.

D.    Ballots need not be provided to the holders of Class 1 – Priority Non-Tax Claims and Class 2 – Other Secured Claims because such Classes are unimpaired under the Plan, and, therefore, conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.

E.    Ballots need not be provided to the holders of Class 6 – Intercompany Claims, Class 7 – Intercompany Interests, Class 8 – Subordinated Securities Interests, and Class 9 – Existing SHC Equity Interests, because such Classes are not receiving or retaining any property under the Plan, and, therefore, conclusively deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

F.      The period set forth below, during which the Debtors may solicit acceptances of the Plan, is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to either accept or reject the Plan.

G.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H.      The procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to the record holders and beneficial holders of the Debtors' Securities are adequate and appropriate.

I.      The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and the filing of objections thereto, and the distribution and contents of the Notice Packages, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Disclosure Statement is approved.

3.      The following dates and times are approved in connection with solicitation and confirmation of the Plan:[4]

| | |
|---|---|
| **Disclosure Statement Objection Deadline:** | May 9, 2019 at 4:00 p.m. |
| **Voting Record Date:** | May 9, 2019 |
| **Disclosure Statement Hearing:** | May 16, 2019 at 10:00 a.m. |

---

[4] All proposed times set forth in the table below are in Prevailing Eastern Time.

4

| | |
|---|---|
| **Solicitation Deadline:** | The date that is five (5) business days after entry of this Order, or as soon as reasonably practicable thereafter |
| **Publication Deadline:** | May 31, 2019 |
| **Plan Supplement Filing Deadline:** | Seven (7) days prior to the Voting Deadline |
| **Voting Deadline:** | July 2, 2019 at 5:00 p.m. |
| **Plan Confirmation Objection Deadline:** | July 8, 2019 at 4:00 p.m. |
| **Voting Certification Deadline:** | July 8, 2019 |
| **Deadline to File Brief in Support of Confirmation and Reply to Plan Objection(s):** | July 18, 2019 at 12:00 p.m. |
| **Plan Confirmation Hearing:** | July 23, 2019 at 10:00 a.m. |

4.      The notice of the time set for filing objections to, and the hearing to consider approval of, the Disclosure Statement as described in the Motion and reflected in the Affidavit of Service filed by the Debtors' voting agent, Prime Clerk, LLC (the "**Voting Agent**" or "**Prime Clerk**"), (ECF No. [___]) was proper, adequate, and sufficient notice thereof.

5.      The Ballots and the Master Ballots, substantially in the forms annexed hereto as **Exhibits D-1**, **D-2**, **D-3**, **D-4**, and **D-5**. are approved and are authorized to be distributed to the holders of Claims in Class 3 – PBGC Claims, Class 4 – General Unsecured Claims, and Class 5 – ESL Unsecured Claims under the Plan, which Classes are entitled to vote to accept or reject the Plan.

6.      The Voting Record Date for purposes of determining which parties (i) are entitled to vote on the Plan, (ii) will receive a Notice of Non-Voting Status, and (iii) will receive the Confirmation Hearing Notice, shall be [____], 2019.

7.      With respect to holders of Claims in Class 4 – General Unsecured Claims and Class 5 – ESL Unsecured Claims, in particular, Claims relating the Second Lien Notes,

5

Senior Unsecured Notes, and Unsecured PIK Notes (collectively, the "**Debtors' Securities**"), the

Debtors are authorized to send Ballots to record holders of such Debtors' Securities, including,

without limitation, brokers, banks, dealers, or other agents or nominees, or any mailing agents

thereof (collectively, the "**Master Ballot Agents**"), and each Master Ballot Agent shall be

entitled to receive reasonably sufficient copies of Ballots and Notice Packages to distribute to the

beneficial owners of the Debtors' Securities for whom such Master Ballot Agent holds such

Debtors' Securities.  The Debtors shall be responsible for each Master Ballot Agent's reasonable,

documented costs and expenses associated with (i) the distribution of copies of Beneficial Owner

Ballots and appropriate Notice Packages to the beneficial owners of such Debtors' Securities and

(ii) the tabulation of such Ballots.

8.       Each Master Ballot Agent may either (i) forward the appropriate Notice

Package together with the Beneficial Owner Ballot to each beneficial owner of the Debtors'

Securities entitled to vote on the Plan (within five (5) business days of the receipt by such Master

Ballot Agent of the Notice Package) for voting and include a return envelope provided by and

addressed to the Master Ballot Agent, so that the beneficial owner may return the completed

Beneficial Owner Ballot to the Master Ballot Agent by a date calculated by the Master Ballot

Agent to allow it to prepare and return the Master Ballot to the Voting Agent by the Voting

Deadline or (ii) "pre-validate" the Beneficial Owner Ballots contained in the Notice Package by

(a) indicating thereon the name, address, and DTC participant number of the record holder of the

Debtors' Securities to be voted, the amount of the Debtors' Securities held by the beneficial

owner as of the Voting Record Date, and the appropriate account numbers through which the

beneficial owner's holdings are derived, the applicable CUSIP for such beneficial holder, and

(b) executing the beneficial owner's Beneficial Owner Ballot, and then forwarding the Notice

Package to the beneficial owner of the Debtors' Securities for voting within five (5) business days after the receipt by such Master Ballot Agent of the Notice Package, with the beneficial owner then returning the Beneficial Owner Ballot directly to the Voting Agent in the return envelope to be provided in the Notice Package by the Voting Deadline.

9.      The Master Ballot Agents shall complete the Master Ballots according to the instructions set forth in the Master Ballots.

10.     All Ballots or Master Ballots must be properly executed, completed, and delivered to the Voting Agent in accordance with the instructions on the Ballots or Master Ballots, as applicable, so that they are actually received by the Voting Agent no later than 5:00 p.m. (Prevailing Eastern Time) on [____], 2019 (the "**Voting Deadline**").

11.     The Notices of Non-Voting Status, substantially in the form annexed hereto as **Exhibits E** and **F** are approved.

12.     On or before five (5) business days after entry of the Proposed Order, or as soon as reasonably practicable thereafter, the Debtors shall distribute (i) a Notice of Non-Voting Status – Unimpaired Classes (the "**Notice of Non-Voting Status – Unimpaired Classes**"), substantially in the form annexed hereto as **Exhibit E**, and the Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit C**, to the holders of Class 1 – Priority Non-Tax Claims and Class 2 – Other Secured Claims as of the close of business on the Voting Record Date, which Classes are unimpaired and therefore not entitled to vote to accept or reject the Plan; and (ii) a Notice of Non-Voting Status – Impaired Classes (the "**Notice of Non-Voting Status – Impaired Classes**," and, together with the Notice of Non-Voting Status – Unimpaired Classes, the "**Notices of Non-Voting Status**"), substantially in the form annexed hereto as **Exhibit F**, and the Confirmation Hearing Notice, substantially in the form annexed hereto as

**Exhibit C**, to the holders of Class 8 – Subordinated Securities Claims and Class 9 – Existing SHC Equity Interests as of the close of business on the Voting Record Date, which Classes are impaired and deemed to reject the Plan. With respect to Class 6 – Intercompany Claims and Class 7 Intercompany Interests, the applicable Notices of Non-Voting Status, or any other type of notice in connection with solicitation of the Plan because such Claims and Interests are held by the Debtors or the Debtors' controlled affiliates.

13.     The Notices of Non-Voting Status satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and the Debtors therefore are not required to distribute copies of the Plan and the Disclosure Statement to any holder of a Claim or Interest in Class 1 – Priority Non-Tax Claims, Class 2 – Other Secured Claims, Class 6 – Intercompany Claims, Class 7 – Intercompany Interests, Class 8 – Subordinated Securities Claims, and Class 9 – Existing SHC Equity Interests, unless such party otherwise makes a request to the Debtors for copies of the Plan or the Disclosure Statement.

14.     Solely for the purpose of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class entitled to vote to accept or reject the Plan is to be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim as set forth in the applicable Debtors' schedules of liabilities, January 17, 2019 (as amended, the "**Schedules**"), provided, that:

(a)     If a Claim is deemed Allowed pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

(b)     If a Claim, for which a proof of Claim has been timely filed, is wholly contingent, unliquidated, or disputed (based on the face of the proof of Claim or a reasonable review of the proof of Claim and its supporting

8

documentation), such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (f) below;

(c)     If a Claim, for which a proof of Claim was timely filed, lists an amount that is partially unliquidated or contingent, such Claim shall be temporarily allowed only in the liquidated, noncontingent amount set forth on the proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (f) below;

(d)     If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court;

(e)     If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a proof of Claim was not (i) filed by the applicable bar date for the filing of proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

(f)     If the Debtors file and serve an objection to, or a request for estimation of, a Claim at least twenty (20) days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation and subject to the outcome of any Rule 3018(a) Motion (as defined below) filed in accordance with paragraph 16 hereof.  If the Debtors file and serve a request for estimation or an objection to a portion of a Claim, the undisputed portion of such Claim shall be temporarily allowed for voting purposes only and not for the purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the request for estimation or objection and subject to the outcome of any Rule 3018(a) Motion filed in accordance with paragraph 16 hereof;

(g)     If the Debtors file and serve an objection to a Claim at least twenty (20) days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim(s) shall be temporarily disallowed for voting purposes only and not for purpose of allowance or distribution; *provided, however,* that in the event the holder of such Claim(s) has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

9

(h)     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, the Voting Agent shall (i) tabulate votes related to separate Claims held by a single creditor in a particular Class separately, and (ii) aggregated as if such creditor held one Claim against the Debtor(s) and one single vote to accept or reject the Plan in such Class.  The Voting Agent shall present both tabulation results in the Voting Certification;

(i)     Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Notice Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

(j)     If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules;

(k)     A beneficial owner that has filed a proof of Claim on account of the Debtors' Securities shall not be allowed to vote on account of such filed proof of Claim; *provided, however,* that such holder shall otherwise be entitled to receive a Notice Package and vote in accordance with the procedures set forth in this Order provided that such holder is a holder as of the Voting Record Date;

(l)     Notwithstanding anything contained herein to the contrary, the Voting Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Ballots or Master Ballots;

(m)     There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot or Master Ballot voting the same Claim is received, only the last properly completed Ballot or Master Ballot will be counted unless the holder of the Claim receives Court approval otherwise;

(n)     If a Claim is filed in the amount of $0.00, the holder of such Claim shall not be entitled to vote on account of such Claim; and

(o)     If a Claim is filed in a currency other than U.S. Dollars and is not Allowed in a sum certain pursuant to the Plan, the holder of such Claim shall be entitled to vote a Claim in the amount of $1.00.

15.     If a holder of a Claim seeks to challenge the allowance (or disallowance) of its Claim for voting purposes, in accordance with the above procedures, such holder is directed to serve on the Debtors and file with the Court (with a copy to Chambers) on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, to such Claim, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting to accept or reject the Plan (a "**Rule 3018(a) Motion**").

16.     If a holder of a Claim files a timely Rule 3018(a) Motion, such holder's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes pursuant to an order entered at least five (5) days prior to the Voting Deadline or as otherwise directed by the Court.

17.     Any Ballot that is properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted.

18.     If no votes to accept or reject the Plan are received with respect to a particular Class, such Class is deemed to have voted to accept the Plan.

19.     Holders of Claims must vote all of their Claims within a particular Class that is entitled to vote, either to accept or reject the Plan and may not split their vote(s), and, thus, a Ballot that partially rejects and partially accepts the Plan shall not be counted.

20.     The following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtors have granted, in writing, an extension of the Voting Deadline with respect to such Ballot, (ii) any Ballot that is illegible or contains insufficient information to permit the

identification of the Claim holder, (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan, (iv) any Ballot cast for a Claim identified in the Schedules as unliquidated, contingent, or disputed for which no proof of Claim was timely filed, (v) any Ballot that is unsigned or without an original signature; *provided, however*, for the avoidance of doubt, a Ballot submitted via the Voting Agent's online balloting portal on the Case Website ("**E-Ballot**") shall be deemed to be an original signature; and (vi) any Ballot transmitted to the Voting Agent by facsimile, or electronic transmission, or other electronic means (other than Master Ballots which are entitled to vote via electronic mail and Ballots entitled to be submitted via E-Ballot).

21.      For holders of Claims subject to the Voting Record Date, no transfer of Claim(s) pursuant to Bankruptcy Rule 3001 shall be recognized unless: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; (b) the transferee files with the Court, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer; or (c) no timely objection with respect to such transfer was filed at least twenty (20) days before the Voting Deadline. In instances where a Claim has been the subject of one or more partial transfers, all holders of any portion of said Claim shall be treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein) and be required to vote every portion of such claim collectively either to accept or reject the Plan.

22.      With respect to the tabulation of Master Ballots and Ballots cast by Master Ballot Agents and beneficial owners of the Debtors' Securities, for purposes of voting, the

amount that will be used to tabulate acceptance or rejection of the Plan will be the principal

amount held as of the Voting Record Date (the "**Record Amount**").  The following additional

rules will apply to the tabulation of Master Ballots and Ballots cast by Master Ballot Agents and

beneficial owners of the Debtors' Securities:

(a)     Votes cast by beneficial owners through a Master Ballot Agent will be applied against the positions held by such entities in the applicable Debtors' Security as of the Voting Record Date, as evidenced by the record and depository listings.  Votes submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or pre-validated Ballots, will not be counted in excess of the Record Amount of such Debtors' Securities held by such Master Ballot Agent; *provided, however*, that the Voting Agent may adjust such Record Amount to reflect the amount in accordance with subparagraph (e) below;

(b)     To the extent that conflicting votes or "overvotes" are submitted by a Master Ballot Agent, whether pursuant to a Master Ballot or pre-validated Ballots, the Voting Agent will attempt to reconcile discrepancies with the Master Ballot Agent;

(c)     To the extent that overvotes on a Master Ballot or pre-validated Ballots are not reconcilable prior to the preparation of the Voting Certification (as defined below), the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballots that contained the overvote, but only to the extent of the Master Ballot Agent's position in the applicable Debtors' Security;

(d)     Multiple Master Ballots may be completed by a single Master Ballot Agent and delivered to the Voting Agent.  Votes reflected by multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the last, properly completed Master Ballot received by the Voting Date will be counted; and

(e)     For purposes of tabulating votes, each record holder or beneficial owner will be deemed to have voted their applicable Record Amount, although the Voting Agent may be asked to make adjustments to reflect the claim amount.

23.     Subject to an Order of the Court to the contrary, the Debtors, in their sole

discretion, reserve the right to waive any defect in any Ballot at any time, whether before or after

the Voting Deadline, and any such waivers shall be documented in the Voting Certification prepared by the Voting Agent.

24.    The Confirmation Hearing will be held on [____], 2019 at 10:00 a.m. (Prevailing Eastern Time); provided, however, that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than through adjournments announced in open Court or as indicated in any notice filed with the Court.

25.    Any objections to confirmation of the Plan must:

(a)    Be in writing;

(b)    State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c)    State with particularity the basis and nature of any objection;

(d)    Conform to the Bankruptcy Rules and the Local Rules;

(e)    Be filed with the Bankruptcy Court (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and

(f)    Be filed and served in accordance with General Order M-399 so as to be received **no later than [        ], 2019 at 4:00 p.m.** (Prevailing Eastern Time) (the "**Plan Confirmation Objection Deadline**") by the Court and the following parties (the "**Standard Parties**")—

(i)    the Chambers of the Honorable Judge Robert D. Drain ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601;

(ii)    Counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq., and Sunny Singh, Esq.);

        (iii)    the Office of the United States Trustee for Region 2 (the "**U.S. Trustee**"), 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq.);

        (iv)    Counsel to the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira Dizengoff, Esq., Philip Dublin, Esq., and Sara Brauner, Esq.).

26.      Objections to confirmation of the Plan that are not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

27.      The Debtors shall file their brief in support of confirmation of the Plan and the Debtors and other parties in interest are authorized to file responsive pleadings to any objection to confirmation of the Plan by no later than 12:00 p.m. (Prevailing Eastern Time) on [___], 2019.

28.      The Confirmation Hearing Notice, substantially in the form hereto as **Exhibit C**, is approved.

29.      On or before five (5) business days after entry of this Order, or as soon as reasonably practicable thereafter, the Debtors shall mail or caused to be mailed the following materials (the "**Notice Packages**") in connection with voting on the Plan, notice of the Confirmation Hearing, and the filing of objections to confirmation of the Plan:

        (a)    With respect to holders of Claims in Class 3 – PBGC Claims, Class 4 – General Unsecured Claims, and Class 5 – ESL Unsecured Claims;

        (i)    The Confirmation Hearing Notice;

        (ii)    An appropriate form of Ballot, Beneficial Owner Ballot, and/or Master Ballot and appropriate return envelope with prepaid postage;

        (iii)    Instructions detailing how to access electronic versions or request hard copies of each of the following materials:

            (1)    A copy of this Order (without any exhibits);

          (2)      The Disclosure Statement (with the Plan annexed thereto);

          (3)      Any letter(s) recommending acceptance of the Plan.

(b)      With respect to holders of Claims or Interests that are unimpaired and not entitled to vote on the Plan:

          (i)      The Confirmation Hearing Notice; and

          (ii)      A Notice of Non-Voting Status – Unimpaired Classes.

(c)      With respect to holders of Claims or Interests that are impaired but not entitled to vote on the Plan:

          (i)      The Confirmation Hearing Notice; and

          (ii)      A Notice of Non-Voting Status – Impaired Classes.

30.      On [____], 2019, or as soon as reasonably practicable thereafter, the Debtors shall mail or cause to be mailed a copy of the Confirmation Hearing Notice (to the extent not already provided) to:

          (i)      All Notice Parties;

          (ii)      All persons or entities that filed proofs of Claim on or before the date of the Disclosure Statement Hearing, except to the extent their respective Claim was paid pursuant to, or expunged by, prior order of the Court;

          (iii)      All persons or entities listed in the Schedules as holding liquidated, noncontingent, and undisputed Claims in an amount greater than $0.00, other than scheduled Claims that have been superseded by a filed proof of Claim;

          (iv)      The transfer agent(s) and the record holders of the Debtors' Securities as of the Voting Record Date;

          (v)      All other parties in interest that have filed a request for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases prior to the date of the Disclosure Statement Hearing; and

          (vi)      Any other known holders of Claims against, or Interests in, the Debtors.

31.     Pursuant to section 1126(f) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Notice Packages for holders of Class 1 – Priority Non-Tax Claims and Class 2 – Other Secured Claims, which Classes are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code, will not include a Ballot.

32.     Pursuant to section 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Notice Packages for holders of Class 6 – Intercompany Claims, Class 7 – Intercompany Interests, Class 8 – Subordinated Securities Claims, and Class 9 – Existing SHC Equity Interests, which Classes are conclusively presumed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, will not include a Ballot.

33.     The Debtors shall not be required to send Notice Packages or any other notice to holders of Claims that have already been paid in full; *provided, however*, that if any such holder would be entitled to receive a Notice Package or any other notice for any reason other than by virtue of the fact that its Claim had been paid in full by the Debtors, then such holder shall be sent a notice in accordance with the procedures set forth herein.

34.     The Debtors shall publish the Confirmation Hearing Notice not less than twenty (20) days before the Plan Confirmation Objection Deadline once in the national edition of the *New York Times*.    Additionally, the Confirmation Hearing Notice shall be posted electronically on the website maintained for the Debtors by the Voting Agent, https://restructuring.primeclerk.com/sears (the "**Case Website**").

35.     To the extent Master Ballot Agents incur out-of-pocket expenses in connection with distribution of the Beneficial Owner Ballots and Notice Packages, the Debtors are authorized, but not directed, to reimburse such entities for their reasonable and customary expenses incurred in this regard without further order of the Court.

36.    With respect to addresses from which notices in these chapter 11 cases have been returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Notice Packages or other notice to the entities listed at such addresses, unless the Debtors are provided with accurate addresses for such entities at least twenty (20) days before the Confirmation Hearing.  Failure to mail the Notice Packages to such entities shall neither constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, nor violate Bankruptcy Rule 3017(d).

37.    The Debtors are authorized to make nonsubstantive and nonmaterial changes to the Disclosure Statement, the Plan, the Notice Packages, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among such documents.

38.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

39.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

18

**Exhibit A**

**List of Classes of Claims and Interests**

The following table designates the Classes of Claims against and Interests in the Debtors and specifies which of those Classes are (i) impaired or unimpaired by the Plan, (ii) entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code, and (iii) presumed to accept or deemed to reject the Plan:

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | No (Presumed to Accept) |
| 2 | Other Secured Claims | Unimpaired | No (Presumed to Accept) |
| 3 | PBGC Claims | Impaired | Yes |
| 4 | General Unsecured Claims | Impaired | Yes |
| 5 | ESL Unsecured Claims | Impaired | Yes |
| 6 | Intercompany Claims | Impaired | No (Deemed to Reject) |
| 7 | Intercompany Interests | Impaired | No (Deemed to Reject) |
| 8 | Subordinated Securities Claims | Impaired | No (Deemed to Reject) |
| 9 | Existing SHC Equity Interests | Impaired | No (Deemed to Reject) |

## **<u>Exhibit B</u>**

**Disclosure Statement Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                        :
In re                                   :          **Chapter 11**
                                        :
**SEARS HOLDINGS CORPORATION,** *et al.*, :          **Case No. 18-23538 (RDD)**
                                        :
            Debtors.[1]                 :          **(Jointly Administered)**
                                        :
---------------------------------------------------------------x

## NOTICE OF HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS

**TO ALL PARTIES IN INTEREST:**

        **PLEASE TAKE NOTICE THAT** Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed the *Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (as may be amended, modified, or supplemented, the "**Plan**") and the *Disclosure Statement for Joint Chapter 11 Plan of Sears Holdings Corporation and its Affiliated Debtors* (as may be amended, modified, or supplemented, the "**Disclosure Statement**").

        **PLEASE TAKE FURTHER NOTICE THAT:**

        1.      A hearing (the "**Hearing**") will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 (the "**Bankruptcy Court**"), on **May 16, 2019 at 10:00 a.m. (prevailing Eastern Time)**, to consider entry of an order determining, among other things, that the Disclosure Statement contains "adequate information" within the meaning ascribed to such term in section 1125 of the Bankruptcy Code and approving the Disclosure Statement.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2.      Any party in interest wishing to obtain a copy of the Disclosure Statement or the Plan should contact Prime Clerk LLC ("**Prime Clerk**"), the Debtors' solicitation agent, in writing at Sears Holdings Corporation Ballot Processing, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232 or by email at searsballots@primeclerk.com with a reference to "Sears Holdings Corporation" in the subject line.  Interested parties may also review the Disclosure Statement and the Plan free of charge at https://restructuring.primeclerk.com/sears.  In addition, the Disclosure Statement and Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website:  http://www.nysb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at: www.pacer.psc.uscourts.gov.  Copies of the Disclosure Statement and Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.

3.      Objections, if any, to approval of the Disclosure Statement or any of the other relief sought by the Debtors in connection with the Disclosure Statement must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (c) state with particularity the basis and nature of any objection, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection, (d) conform to the Bankruptcy Rules and the Local Rules, (e)  be filed with the Court together with proof of service by either (i) *Electronic Filing*: the filer must be an attorney in possession of passwords and logins to both PACER and the Bankruptcy Court's Electronic Case Filing System; electronic filing must be in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov), or (ii) *Conventional Filing*: the filer must send the response or objection by mail, courier, or messenger to the Bankruptcy Court's clerk at the following address: United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601; the hard copy of the response or objection should be accompanied by a CD-ROM containing the response or objection in text-searchable portable document format (PDF); and (iii) *All filers* – those filing electronically as well as those filing conventionally – must provide Bankruptcy Court Chambers with two separate, single-sided hard copies of the response or objection; any proposed order should be accompanied by a CD-ROM containing the response or objection in text searchable portable document format (PDF); and (f) be served upon the following parties in accordance with General Order M-399 so as to be received no later than **May 9, 2019 at 4:00 p.m. (prevailing Eastern Time)**:

| *Counsel to the Debtors* | *Office of the U.S. Trustee* | *Counsel to the Creditors' Committee* |
|---|---|---|
| Weil, Gotshal & Manges LLP | Office of the U.S. Trustee for Region 2 | Akin Gump Strauss Hauer & Feld LLP |
| 767 Fifth Avenue | 201 Varick Street, Room 1006 | One Bryant Park |
| New York, New York 10153 | New York, New York 10014 | New York, New York 10036 |
| Attn: Ray C. Schrock, P.C. | Attn: Paul K. Schwartzberg | Attn: Ira Dizengoff |
| Jacqueline Marcus | | Philip Dublin |
| Garrett A. Fail | | Sara Brauner |
| Sunny Singh | | |

4.     **IF AN OBJECTION TO THE DISCLOSURE STATEMENT OR ANY OF THE OTHER RELIEF SOUGHT BY THE DEBTORS IN CONNECTION WITH THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE DISCLOSURE STATEMENT, THE ADEQUACY THEREOF, OR THE OTHER RELIEF SOUGHT BY THE DEBTORS IN CONNECTION WITH THE DISCLOSURE STATEMENT AND MAY NOT BE HEARD AT THE HEARING.**

Dated: _____, 2019
      New York, New York

                                _____
                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York  10153
                                Telephone:  (212) 310-8000
                                Facsimile:  (212) 310-8007
                                Ray C. Schrock, P.C.
                                Jacqueline Marcus
                                Garrett A. Fail
                                Sunny Singh

                                *Attorneys for Debtors*
                                *and Debtors in Possession*

---

NO ACTION IS REQUIRED UPON RECEIPT OF THIS NOTICE.

If you have questions about this notice, please contact Prime Clerk LLC
**Telephone**: (844) 384-4460 (US toll free) or +1 (929) 955-2419 (International),
**Email**: searsinfo@PrimeClerk.com,
**Website**: https://restructuring.primeclerk.com/sears

---

**<u>Exhibit C</u>**

**Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                           :
In re                                      :        **Chapter 11**
                                           :
**SEARS HOLDINGS CORPORATION,** *et al.*,  :        **Case No. 18-23538 (RDD)**
                                           :
        **Debtors.**[1]                    :        **(Jointly Administered)**
                                           :
-----------------------------------------------------------------x

### NOTICE OF (I) HEARING ON CONFIRMATION OF THE PLAN
### AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE
### PLAN; AND (II) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN

**PLEASE TAKE NOTICE** that:

1.      **Approval of Disclosure Statement**.  By order dated [_____], 2019 (ECF No.___) (the "**Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Disclosure Statement**") filed by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") (ECF No. ___).  The Bankruptcy Court authorized the Debtors to solicit votes with regard to the approval or rejection of the *Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Plan**"),[2] annexed as **<u>Exhibit A</u>** to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

the Disclosure Statement. Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2. **Confirmation Hearing**. A hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held on [_____], **2019 at 10:00 a.m. (Prevailing Eastern Time),** before the Honorable Robert D. Drain, United States Bankruptcy Judge, in Courtroom 118 of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors at the Confirmation Hearing or any continued hearing or as indicated in any notice filed by the Debtors with the Bankruptcy Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.

3. The Disclosure Statement and the Plan are on file with the Clerk of the Bankruptcy Court (the "**Clerk**") and may be examined during normal business hours at the office of the Clerk. Copies of the Disclosure Statement and the Plan may also be obtained from the Court's electronic docket for the Debtors' chapter 11 cases, which can be found at http://www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).

4. Copies of the motion to approve the Disclosure Statement (ECF No. ___), the Disclosure Statement, and the Plan may also be obtained by written request free of charge by visiting the website maintained by the Debtors' voting agent, Prime Clerk, LLC ("**Prime Clerk**" or "**Voting Agent**"), at https://restructuring.primeclerk.com/sears, or by request as follows:

| If by standard or overnight mail or hand delivery: | If by e-mail to: |
|---|---|
| Sears Holdings Corporation Ballot Processing c/o Prime Clerk, LLC 850 Third Avenue, Suite 412 Brooklyn, New York 11232 (*Voting Agent's physical address subject to change before solicitation mailing*) | searsballots@primeclerk.com with a reference to "Sears" in the subject line |

**THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

5. **Record Date for Voting Purposes**. Only parties who are eligible to vote and hold Claims against the Debtors as of [_____], 2019 are entitled to vote on the Plan.

6. **Parties in Interest Not Entitled to Vote**. (a) The following holders of Claims and Interests are not entitled to vote on the Plan: (i) holders of unimpaired Claims or Interests that are presumed to accept the Plan (Class 1 – Priority Non-Tax Claims and Class 2 – Other Secured Claims) (ii) holders of impaired Claims or Interests that are deemed to reject the Plan (Class 6 – Intercompany Claims, Class 7 – Intercompany Interests, Class 8 – Subordinated

Securities Claims, and Class 9 – Existing SHC Equity Interests), and (iii) holders of Claims that are the subject of filed objections or requests for estimation.  (b) If you have timely filed a proof of Claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your Claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Rule 3018(a) Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") temporarily allowing such Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. (c) All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court at least five (5) days prior to the Voting Deadline or as the Bankruptcy Court may direct.  Creditors may contact the Voting Agent at (844) 384-4460 (domestic toll-free) or (929) 955-2419 (international) to receive an appropriate ballot for any Claim for which a proof of Claim has been timely filed and a Rule 3018(a) Motion has been granted.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

7.      **Voting Deadline**.  All votes to accept or reject the Plan must be actually received by Prime Clerk, LLC ("**Prime Clerk**"), the Debtors' voting agent (the "**Voting Agent**") by no later than **[_____], 2019** (the "**Voting Deadline**"), unless extended by the Debtors.  Any failure to follow the voting instructions included with your ballot may disqualify your ballot and your vote.

8.      **Objections to Confirmation**.  Responses and objections, if any, to confirmation of the Plan must must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (c) state with particularity the basis and nature of any objection, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection, (d) conform to the Bankruptcy Rules and the Local Rules, (e)  be filed with the Court together with proof of service by either (i) *Electronic Filing*: the filer must be an attorney in possession of passwords and logins to both PACER and the Bankruptcy Court's Electronic Case Filing System; electronic filing must be in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov), or (ii) *Conventional Filing*: the filer must send the response or objection by mail, courier, or messenger to the Bankruptcy Court's clerk at the following address: United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601; the hard copy of the response or objection should be accompanied by a CD-ROM containing the response or objection in text-searchable portable document format (PDF); and (iii) *All filers* – those filing electronically as well as those filing conventionally – must provide Bankruptcy Court Chambers with two separate, single-sided hard copies of the response or objection; any proposed order should be accompanied by a CD-ROM containing the response or objection in text searchable portable document format (PDF); and (f) be served upon the following parties in accordance with General Order M-399 so as to be received no later than **[_____], 2019 at 4:00 p.m. (Prevailing Eastern Time)**, and on the following parties:

3

(i)  the Chambers of the Honorable Judge Robert D. Drain ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601;

(ii)  Counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq., and Sunny Singh, Esq.);

(iii)  the Office of the United States Trustee for Region 2 (the "**U.S. Trustee**"), 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq.); and

(iv)  Counsel to the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira Dizengoff, Esq., Philip Dublin, Esq., and Sara Brauner, Esq.).

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

9.     **Parties Who Will Not Be Treated as Creditors**.  Any holder of a Claim that (i) is scheduled in the Debtors' schedules of assets and liabilities at $0.00, or in an unknown amount, or as disputed, contingent, or unliquidated, and is not the subject of a timely filed proof of Claim or a proof of Claim deemed timely filed with the Bankruptcy Court, or (ii) is not scheduled and is not the subject of a timely filed proof of Claim or a proof of Claim deemed timely filed with the Bankruptcy Court, shall not be treated as a creditor with respect to such Claim for purposes of voting on the Plan.

10.     **Classification and Treatment.**  A chart summarizing the treatment provided by the Plan to each class of Claims and Interests is included in **Annex A**.  Annex A **is qualified in its entirety by reference to the Plan**.

11.     **Releases.  Please be advised that under the Plan, the following holders are deemed to have granted the releases contained in Section 11.9 of the Plan, which is set forth for convenience on Annex B hereto:**

(i)  **the holders of all Claims or Interests who vote to accept or are presumed to accept the Plan;**

(ii)  **the holders of Claims or Interests who reject the Plan or abstain from voting on the Plan but do not opt out of these releases on the Ballots;**

(iii)  **each of the Released Parties (other than the Debtors); and**

> (iv) **with respect to any entity in the foregoing clauses (i) through (iii), (x) such entity's predecessors, successors, and assigns, and (y) all persons entitled to assert Claims through or on behalf of such entities with respect to the matters for which the releasing entities are providing releases.**

**ELECTION TO WITHHOLD CONSENT TO THE RELEASES CONTAINED IN THE PLAN IS AT THE OPTION OF THE CLAIM OR INTEREST HOLDER.**

12.     **The Plan also contains other discharge, injunction, release, and exculpation provisions that may affect your rights such as those forth in <u>Annex B</u>. <u>Annex B</u> is qualified in its entirety by reference to the Plan**.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

13.     **Executory Contracts and Unexpired Leases**.  On the Effective Date, except as otherwise provided in the Plan or Plan Supplement, each Executory Contract and Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (1) as of the Effective Date is subject to a pending motion to assume such Unexpired Lease or Executory Contract; (2) is a contract, engagement letter that has been approved by an order of the Bankruptcy Court, release, or other agreement or document entered into in connection with the Plan; or (3) is a D&O Policy or an insurance policy.

14.     **Additional Information**.     Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should contact the Debtors' voting agent, Prime Clerk, at (844) 384-4460 (domestic toll-free) or (929) 955-2419 (international), or may view such documents by accessing the Debtors' website: https://restructuring.primeclerk.com/sears     or     the     Bankruptcy     Court's     website: http://www.nysb.uscourts.gov.     As     previously     noted     above,     a     PACER (www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Bankruptcy Court's website (http://www.nysb.uscourts.gov).     **PRIME CLERK IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE**.

Dated: _____, 2019
         New York, New York

_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh


*Attorneys for Debtors*
*and Debtors in Possession*

### Annex A[1]

### Summary of Plan Classification and Treatment of Claims and Interests

| Class | Claim or Interest | Treatment | Impaired or Unimpaired | Entitlement to Vote on the Plan | Approx. Allowed Amount[2] | Approx. Percentage Recovery |
|---|---|---|---|---|---|---|
| 1 | Priority Non-Tax Claims | [●] | Unimpaired | No (Presumed to Accept) | $[●] | 100% |
| 2 | Other Secured Claims | [●] | Unimpaired | No (Presumed to Accept) | $[●] | 100% |
| 3 | PBGC Claims | [●] | Impaired | Yes | $[●] | [●]% |
| 4 | General Unsecured Claims | [●] | Impaired | Yes | $[●] | N/A[3] |
| 5 | ESL Unsecured Claims | [●] | Impaired | Yes | $[●] | N/A |
| 6 | Intercompany Claims | [●] | Impaired | No (Deemed to Reject) | $[●] | 0% |
| 7 | Intercompany Interests | [●] | Impaired | No (Deemed to Reject) | $[●] | 0% |
| 8 | Subordinated Securities Claims | [●] | Impaired | No (Deemed to Reject) | $[●] | N/A |
| 9 | Existing SHC Equity Interests | [●] | Impaired | No (Deemed to Reject) | $[●] | 0% |

---

[1] **Annex A is qualified in its entirety by reference to the Plan.**

[2] The amounts set forth herein are estimates primarily based on the Debtors' books and records. Actual Allowed amounts will depend upon, among other things, final reconciliation and resolution of all Claims. Consequently, the actual Allowed Claim amounts may differ materially from these estimates.

[3] "N/A" indicates that the amount cannot be calculated.

## Annex B[1]

## Select Plan Provisions

**Select Defined Terms**

"*Exculpated Parties*" means collectively: (a) the Debtors; (b) the Creditors' Committee and each of its members; and (c) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that ESL Parties shall not be Exculpated Parties under the Plan.  For the avoidance of doubt, each of the Debtors' post-Commencement Date directors, officers, and employees (other than the ESL Parties) shall be Exculpated Parties under the Plan.

"*Related Parties*" means with respect to any Released Party or Exculpated Party, such Party's successors and assigns, managed accounts or funds, and all of their respective postpetition officers, postpetition directors, postpetition principals, postpetition employees, postpetition agents, postpetition trustees, postpetition advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and persons' respective heirs, executors, estates, servants, and nominees, including the Restructuring Committee, Restructuring Subcommittee, and each of its respective members; provided, that, any ESL Party shall not be a Related Party.

"*Released Parties*" means in each case, solely in their capacities as such: (a) the Debtors; (b) the Creditors' Committee and each of its members; (c) the Liquidating Trustee; (d) the Liquidating Trust Board; and (e) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that the following entities shall not be "Released Parties" under the Plan: (i) the ESL Parties; (ii) any person or Entity against which any action has been commenced on behalf of the Debtors or their Estates, in this Bankruptcy Court or any court of competent jurisdiction prior to the Confirmation Hearing; (iii) any Entity identified as a defendant or a potential defendant of an Estate Cause of Action in the Plan Supplement; and (iv) any subsequent transferee of any of the foregoing with respect to any Assets of the Debtors; provided, further, that recovery on account of any Causes of Action against the Specified Directors and Officers, solely with respect to D&O Claims, shall be subject to the limitations set forth in Section 11.11.

"*Specified Directors and Officers*" means any person who is a director of any of the Debtors on the Effective Date and any person who was an officer of any of the Debtors immediately prior to the closing of the Sale Transaction, each in their capacity as a director or officer of the Debtors, as applicable.

"*D&O Claim*" means any Preserved Cause of Action against the Specified Directors and Officers.

**Section 11.7 of the Plan: Term of Injunctions or Stays**

Unless otherwise provided herein, the Confirmation Order, or in a Final Order of the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

---

[1] **Annex B** is qualified in its entirety by reference to the Plan.

## Section 11.8 of the Plan: Injunction

(a)    Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

(b)    Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, with respect to such Claims and Interests, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors or the Liquidating Trustee or against property or interests in property of any of the Debtors or the Liquidating Trustee; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)    By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth in this Section 11.8.

(d)    The injunctions in this Section 11.8 shall extend to any successors of the Debtors and their respective property and interests in property.

## Section 11.9 of the Plan: Releases

(a)    **Debtor Releases**. As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect after the Effective Date, for good and valuable consideration, on and after the Effective Date, the Released Parties shall be deemed released and discharged, by the Debtors, the Liquidating Trustee, and the Estates, and any Entity seeking to exercise the rights of or on behalf of the Estates, and any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, from any and all Causes of Action that the Debtors, the Liquidating Trustee, or the Debtors' Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the conduct of the Debtors' businesses, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the

3

restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan, and the Definitive Documents, or any related agreements, instruments, or other documents, and the negotiation, formulation, or preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, or other event taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(a) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that nothing shall be construed to release the Released Parties from any Canadian Causes of Action.  For the avoidance of doubt, nothing herein shall release any Claim or Cause of Action that is expressly preserved and not released pursuant to the terms of the Asset Purchase Agreement.

(b)    **Third Party Releases**.  As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect after the Effective Date (including the right of the Liquidating Trust Board to prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any Preserved Causes of Action, including the Specified Causes of Action), for good and valuable consideration, on and after the Effective Date, in accordance with section 1141 of the Bankruptcy Code, each of the Released Parties shall be deemed released and discharged, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, except as otherwise provided herein, by each of the following (all such persons or Entities, the "**Releasing Parties**"):

(i)    the holders of all Claims or Interests who vote to accept or are presumed to accept the Plan,

(ii)    the holders of Claims or Interests who reject the Plan or abstain from voting on the Plan but do not opt out of these releases on the Ballots,

(iii)    each of the Released Parties (other than the Debtors), and

(iv)    with respect to any entity in the foregoing clauses (i) through (iii), (x) such entity's predecessors, successors, and assigns, and (y) all persons entitled to assert Claims through or on behalf of such entities with respect to the matters for which the releasing entities are providing releases.

in each case, from any and all Causes of Action that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the Plan, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the Sale Transaction, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (other than assumed contracts or leases), the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments or other documents, or the solicitation of votes with respect to the Plan, in all cases based upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(b) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that, nothing in this Section 11.9(b) shall be construed to release any Claim or Cause of Action relating to or arising from the Sale Transaction following entry of the Sale Order by the Bankruptcy Court.  The

Releasing Parties shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 11.9(b) against each of the Released Parties.

## Section 11.10 of the Plan: Exculpation

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Commencement Date in connection with or arising out of the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement; the negotiation and pursuit of the Disclosure Statement, the restructuring transactions, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Distribution of any securities issued or to be issued pursuant to the Plan, whether or not such Distributions occur following the Effective Date; the occurrence of the Effective Date, negotiations regarding or concerning any of the foregoing; or the administration of the Plan or property to be distributed under the Plan; the wind down of the businesses of any of the Debtors; or the transactions in furtherance of any of the foregoing; except for acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute fraud, gross negligence, criminal misconduct or willful misconduct. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

## Section 11.10 of the Plan: Limitations on Executable Assets with Respect to the D&O Claims

Any recovery by or on behalf of the Liquidating Trust (and the beneficiaries thereof) on account of any Preserved Cause of Action against any of the Specified Directors and Officers, solely in his or her capacity as a director of the Debtors prior to the Effective Date, or officer of the Debtors prior to the closing of the Sale Transaction, as applicable, including in each case by way of settlement or judgment, shall be limited to the Debtors' available D&O Policies' combined limits, after payment from such D&O Policies of any and all covered costs and expenses incurred by the covered parties in connection with the defense of any D&O Claim (the "**Insurance Coverage**"). No party, including the Liquidating Trustee, shall execute, garnish or otherwise attempt to collect on any settlement of or judgment in the D&O Claims upon any assets of the Specified Directors and Officers except to the extent necessary to trigger the Insurance Coverage. In the event Insurance Coverage is denied for any settlement or judgment in the Liquidating Trust's favor, the Specified Directors and Officers shall assign any claims for coverage or other rights of recovery they may have against the D&O Policy insurers to the Liquidating Trust.

## Exhibit D

**Forms of Ballot**

**<u>Exhibit D-1</u>**

**Form of Master Ballot for
Class 4 – General Unsecured Claims
Class 5 – ESL Unsecured Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                            :
In re                                       :        **Chapter 11**
                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,   :        **Case No. 18-23538 (RDD)**
                                            :
        Debtors.[1]                         :        **(Jointly Administered)**
                                            :
----------------------------------------------------------------x

## MASTER BALLOT
## FOR ACCEPTING OR REJECTING JOINT CHAPTER 11 PLAN OF
## SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS

### MASTER BALLOT FOR:
### Class 4 – General Unsecured Claims
### Class 5 – ESL Unsecured Claims

---

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

IN ORDER FOR THE VOTES REFLECTED ON THIS MASTER BALLOT TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN (AS DEFINED BELOW), THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY PRIME CLERK, LLC (THE "VOTING AGENT") BY 5:00 P.M. (PREVAILING EASTERN TIME) ON [_____], 2019 (THE "VOTING DEADLINE"), UNLESS EXTENDED BY THE DEBTORS.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are soliciting votes with respect to the Debtors' *Joint Chapter 11 Plan of Sears Holdings Corporation And Its Affiliated Debtors*, dated [____], 2019 (as it may be amended, modified, and supplemented, the "**Plan**"),[2] from the holders of certain impaired Claims against the Debtors. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan. Please review the Disclosure Statement and the Plan in their entirety before you submit this Master Ballot.

If you have any questions on how to properly complete this Master Ballot, please call the Voting Agent at (866) 384-4460 (domestic toll-free) or (292) 955-2419 (international). **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, together with any mailing agents thereof, a "Master Ballot Agent"); or as the proxy holder of a Master Ballot Agent or the beneficial owners of the Debtors' Securities (the "**Beneficial Owners**"), to transmit to the Voting Agent the votes of such Beneficial Owners in respect of their Class 4 – General Unsecured Claims or Class 5 – ESL Unsecured Claims to accept or reject the Plan.

This Master Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of Class 4 – General Unsecured Claims or Class 5 – ESL Unsecured Claims.

### INSTRUCTIONS FOR COMPLETING THE BALLOT

**VOTING DEADLINE/VOTING AGENT:**

**To have the votes reflected on this Master Ballot counted, this Master Ballot must be completed, signed, and returned to the Voting Agent so that it is actually received no later than 5:00 p.m. (Prevailing Eastern Time) on [_____], 2019 (the "<u>Voting Deadline</u>"), unless such time is extended by the Debtors.** Master Ballots must be delivered to the Voting Agent at the appropriate address listed below:

| **If by standard or overnight mail or hand delivery:** | **If by e-mail to:** |
|---|---|
| Sears Holdings Corporation Ballot Processing c/o Prime Clerk, LLC 850 Third Avenue, Suite 412 Brooklyn, New York 11232 (*Voting Agent's physical address subject to change before solicitation mailing*) | searsballots@primeclerk.com with a reference to "Sears" in the subject line |

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**Master Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (other than by e-mail to <u>searsballots@primeclerk.com</u> with a reference to "Sears Master Ballot" in the subject line).**

**The Master Ballot should not be sent to the Debtors, the Bankruptcy Court, or the Debtors' financial or legal advisors.**

**HOW TO VOTE:**

1.  If you are both the record holder and the Beneficial Owner for any of the Debtors' Securities in Class 4 – General Unsecured Claims or Class 5 – ESL Unsecured Claims and you wish to vote on account those Debtors' Securities, you may complete, sign, and return to the Voting Agent either an individual Beneficial Owner Ballot or this Master Ballot.

2.  **If you are transmitting the votes of any Beneficial Owners of Debtors' Securities other than yourself, you may <u>either</u>:**

a.   "Pre-validate" the individual Beneficial Owner Ballot and then forward the Beneficial Owner Ballot along with the Disclosure Statement, the Plan and all other exhibits thereto, a Confirmation Hearing Notice, and a copy of the Order approving the Disclosure Statement without exhibits, (the "**Solicitation Materials**") to Beneficial Owners for voting within five (5) business days after your receipt of the Solicitation Materials, along with clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballots directly to the Voting Agent so that they are actually received by the Voting Agent on or before the Voting Deadline.  The Beneficial Owner should then return the individual pre-validated Beneficial Owner Ballot directly to the Voting Agent in the return envelope provided in the solicitation materials, or to: Sears Holdings Corporation, Sears Ballot Holdings Corporation Ballot Processing, c/o Prime Clerk, LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232.

You "**pre-validate**" a Beneficial Owner Ballot by indicating thereon the name, address, and DTC participant number of the nominee of the Debtors' Securities, the amount of any such Debtors' Securities held by the Beneficial Owner, the appropriate account numbers through which the Beneficial Owner's holdings are derived, and the applicable CUSIP number, and executing the Beneficial Owner Ballot.  The Beneficial Owner should complete and return the pre-validated Beneficial Owner Ballot directly to the Voting Agent;

OR

b.   Within five (5) business days after the receipt of the Solicitation Materials, forward the Solicitation Materials to each Beneficial Owner along with a Beneficial Owner Ballot along with a return envelope provided by and addressed to you, as the Master Ballot Agent.  The Beneficial Owner should return the individual Beneficial Owner Ballot to you.  In such case, you will tabulate the votes of the respective Beneficial Owners on this Master Ballot, in accordance with these instructions, and then return the Master Ballot to the Voting Agent.

You should advise the Beneficial Owners to return their individual Beneficial Owner Ballots to you by a date calculated by you to allow you to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is <u>actually received</u> by the Voting Agent by the Voting Deadline.

c.    In addition, you are authorized to collect votes to accept or to reject the Plan from Beneficial Owners in accordance with their customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Owner Ballot, and collecting votes from Beneficial Owners through online voting, by phone, facsimile, or other electronic means.

3.    With respect to all votes returned to you from your Beneficial Owners, you must properly complete the Master Ballot, as follows:

a.    Check the appropriate box in Item 1 on the Master Ballot;

b.    No Master Ballot should convey votes for more than one (1) CUSIP.  Therefore, check the appropriate box on Annex A to the Master Ballot indicating the specific Debtors' Securities being voted through this Master Ballot.  <u>You may check only one (1) box on Annex A</u>.

c.    Provide the information requested in Item 2 of the Master Ballot, as transmitted to you by the Beneficial Owners.  To identify such Beneficial Owners without disclosing their names, please use the customer account number assigned by you to each such Beneficial Owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Owner and the assigned number).  **IMPORTANT: EACH BENEFICIAL OWNER MUST VOTE <u>ALL</u> OF ITS CLASS 4 – GENERAL UNSECURED CLAIMS OR CLASS 5 – ESL UNSECURED CLAIMS <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PLAN AND MAY NOT SPLIT SUCH VOTE.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.**  Any Beneficial Owner Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan, by order of the Bankruptcy Court, will not be counted;

d.    Please note that Item 3 of the Master Ballot requests that you transcribe the information provided by each Beneficial Owner in Item 3 of each completed Beneficial Owner Ballot relating to other Class 4 – General Unsecured Claims or Class 5 – ESL Unsecured Claims voted;

e.    Review the certification in Item 4 of the Master Ballot;

f.    Sign and date the Master Ballot, and provide the remaining information requested;

g. If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

h. Contact the Voting Agent if you need any additional information; and

i. Deliver the completed, executed Master Ballot so as to be <u>received</u> by the Voting Agent before the Voting Deadline.  For each completed, executed Beneficial Owner Ballot returned to you by a Beneficial Owner, you must retain such Beneficial Owner Ballot in your files for one year from the Voting Deadline and produce the same upon the written request of the Debtors, the Reorganized Debtors, or their respective counsel.

4. The Master Ballot is *not* a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  At this time, Beneficial Owners should not surrender certificates representing their Debtors' Securities.  Neither the Debtors nor the Voting Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

5. No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed a proof of Claim or an assertion of a Claim.

6. No fees, commissions, or other remuneration will be payable to any Master Ballot Agent for soliciting votes on the Plan.  The Debtors will, however, reimburse you for reasonable, documented, actual costs and expenses incurred by you in forwarding the Beneficial Owner Ballots and other Solicitation Materials to Beneficial Owners in your role as a Master Ballot Agent or in a fiduciary capacity and in tabulating the Beneficial Owner Ballots.

7. In the event that (i) the Debtors revoke or withdraw the Plan or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Master Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

8. The following votes will not be counted in determining the acceptance or rejection of the Plan: (i) any vote cast through a Beneficial Owner Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner, (ii) any vote case by a Beneficial Owner that does not hold a Claim entitled to vote on the Plan, (iii) any vote cast through an unsigned Master Ballot, (v) any vote cast through a Master Ballot or pre-validated Beneficial Owner Ballot that does not contain an original signature (other than a Master Ballot submitted by e-mail); and (vi) any Master Ballot or pre-validated Beneficial Owner Ballot transmitted to the Voting Agent by facsimile, or electronic transmission, or other electronic means (other than Master Ballots which are entitled to vote via electronic mail). An otherwise properly completed, executed, and timely returned Master Ballot ore pre-validated Beneficial Owner Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF**

**THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF THE DEBTORS OR THE VOTING AGENT WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR MASTER BALLOT, (III) DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR (IV) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (844) 384-4460 (DOMESTIC TOLL-FREE) OR (929) 955-2419 (INTERNATIONAL), OR BY E-MAILING SEARSBALLOTS@PRIMECLERK.COM WITH A REFERENCE TO "SEARS MASTER BALLOT" IN THE SUBJECT LINE.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

### IMPORTANT INFORMATION REGARDING THE DISCHARGE, INJUNCTION, RELEASES, AND EXCULPATIONS IN THE PLAN[1]

### Select Plan Provisions

**Select Defined Terms**

"*Exculpated Parties*" means collectively: (a) the Debtors; (b) the Creditors' Committee and each of its members; and (c) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that ESL Parties shall not be Exculpated Parties under the Plan. For the avoidance of doubt, each of the Debtors' post-Commencement Date directors, officers, and employees (other than the ESL Parties) shall be Exculpated Parties under the Plan.

"*Related Parties*" means with respect to any Released Party or Exculpated Party, such Party's successors and assigns, managed accounts or funds, and all of their respective postpetition officers, postpetition directors, postpetition principals, postpetition employees, postpetition agents, postpetition trustees, postpetition advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and persons' respective heirs, executors, estates, servants, and nominees, including the Restructuring Committee, Restructuring Subcommittee, and each of its respective members; provided, that, any ESL Party shall not be a Related Party.

"*Released Parties*" means in each case, solely in their capacities as such: (a) the Debtors; (b) the Creditors' Committee and each of its members; (c) the Liquidating Trustee; (d) the Liquidating Trust Board; and (e) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that the following entities shall not be "Released Parties" under the Plan: (i) the ESL Parties; (ii) any person or Entity against which any action has been commenced on behalf of the Debtors or their Estates, in this Bankruptcy Court or any court of competent jurisdiction prior to the Confirmation Hearing; (iii) any Entity identified as a defendant or a potential defendant of an Estate Cause of Action in the Plan Supplement; and (iv) any subsequent transferee of any of the foregoing with respect to any Assets of the Debtors; provided, further, that recovery on account of any Causes of Action against the Specified Directors and Officers, solely with respect to D&O Claims, shall be subject to the limitations set forth in Section 11.11.

"*Specified Directors and Officers*" means any person who is a director of any of the Debtors on the Effective Date and any person who was an officer of any of the Debtors immediately prior to the closing of the Sale Transaction, each in their capacity as a director or officer of the Debtors, as applicable.

"*D&O Claim*" means any Preserved Cause of Action against the Specified Directors and Officers.

**Section 11.7 of the Plan: Term of Injunctions or Stays**

Unless otherwise provided herein, the Confirmation Order, or in a Final Order of the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

---

[1] The provisions herein are qualified in their entirety by reference to the Plan.

**Section 11.8 of the Plan: Injunction**

(a)        Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

(b)        Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, with respect to such Claims and Interests, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors or the Liquidating Trustee or against property or interests in property of any of the Debtors or the Liquidating Trustee; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)        By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth in this Section 11.8.

(d)        The injunctions in this Section 11.8 shall extend to any successors of the Debtors and their respective property and interests in property.

**Section 11.9 of the Plan: Releases**

(a)        **Debtor Releases**. As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect after the Effective Date, for good and valuable consideration, on and after the Effective Date, the Released Parties shall be deemed released and discharged, by the Debtors, the Liquidating Trustee, and the Estates, and any Entity seeking to exercise the rights of or on behalf of the Estates, and any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, from any and all Causes of Action that the Debtors, the Liquidating Trustee, or the Debtors' Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the conduct of the Debtors' businesses, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the

restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan, and the Definitive Documents, or any related agreements, instruments, or other documents, and the negotiation, formulation, or preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, or other event taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(a) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that nothing shall be construed to release the Released Parties from any Canadian Causes of Action.  For the avoidance of doubt, nothing herein shall release any Claim or Cause of Action that is expressly preserved and not released pursuant to the terms of the Asset Purchase Agreement.

(b)      **Third Party Releases**.  As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect after the Effective Date (including the right of the Liquidating Trust Board to prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any Preserved Causes of Action, including the Specified Causes of Action), for good and valuable consideration, on and after the Effective Date, in accordance with section 1141 of the Bankruptcy Code, each of the Released Parties shall be deemed released and discharged, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, except as otherwise provided herein, by each of the following (all such persons or Entities, the "**Releasing Parties**"):

(i)      the holders of all Claims or Interests who vote to accept or are presumed to accept the Plan,

(ii)      the holders of Claims or Interests who reject the Plan or abstain from voting on the Plan but do not opt out of these releases on the Ballots,

(iii)      each of the Released Parties (other than the Debtors), and

(iv)      with respect to any entity in the foregoing clauses (i) through (iii), (x) such entity's predecessors, successors, and assigns, and (y) all persons entitled to assert Claims through or on behalf of such entities with respect to the matters for which the releasing entities are providing releases.

in each case, from any and all Causes of Action that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the Plan, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the Sale Transaction, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (other than assumed contracts or leases), the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments or other documents, or the solicitation of votes with respect to the Plan, in all cases based upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(b) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that, nothing in this Section 11.9(b) shall be construed to release any Claim or Cause of Action relating to or arising from the Sale Transaction following entry of the Sale Order by the Bankruptcy Court.  The

9

Releasing Parties shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 11.9(b) against each of the Released Parties.

### Section 11.10 of the Plan: Exculpation

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Commencement Date in connection with or arising out of the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement; the negotiation and pursuit of the Disclosure Statement, the restructuring transactions, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Distribution of any securities issued or to be issued pursuant to the Plan, whether or not such Distributions occur following the Effective Date; the occurrence of the Effective Date, negotiations regarding or concerning any of the foregoing; or the administration of the Plan or property to be distributed under the Plan; the wind down of the businesses of any of the Debtors; or the transactions in furtherance of any of the foregoing; except for acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute fraud, gross negligence, criminal misconduct or willful misconduct. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

### Section 11.10 of the Plan: Limitations on Executable Assets with Respect to the D&O Claims

Any recovery by or on behalf of the Liquidating Trust (and the beneficiaries thereof) on account of any Preserved Cause of Action against any of the Specified Directors and Officers, solely in his or her capacity as a director of the Debtors prior to the Effective Date, or officer of the Debtors prior to the closing of the Sale Transaction, as applicable, including in each case by way of settlement or judgment, shall be limited to the Debtors' available D&O Policies' combined limits, after payment from such D&O Policies of any and all covered costs and expenses incurred by the covered parties in connection with the defense of any D&O Claim (the "Insurance Coverage"). No party, including the Liquidating Trustee, shall execute, garnish or otherwise attempt to collect on any settlement of or judgment in the D&O Claims upon any assets of the Specified Directors and Officers except to the extent necessary to trigger the Insurance Coverage. In the event Insurance Coverage is denied for any settlement or judgment in the Liquidating Trust's favor, the Specified Directors and Officers shall assign any claims for coverage or other rights of recovery they may have against the D&O Policy insurers to the Liquidating Trust.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Certification of Authority to Vote.**  The undersigned certifies that as of [_____], 2019, (the "**Voting Record Date**"), the undersigned (please check appropriate box):

☐         Is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Debtors' Securities listed in Item 2 below, and is the record holder of such securities; or

☐         Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee, or a Beneficial Owner that is the record holder of the aggregate principal amount of Senior Secured Notes Claims listed in Item 2 below; or

☐         Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other agent or nominee, or a Beneficial Owner, that is the record holder of the aggregate principal amount of Debtors' Securities listed in Item 2 below;

and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Debtors' Securities described in Item 2.

**Item 2. Vote.** The Master Ballot Agent certifies that the below-listed Beneficial Owners of the Debtors' Securities indicated on **Annex A** hereto and as identified by their respective customer account numbers below, are the Beneficial Owners of the Debtors' Securities as of the Voting Record Date, and have delivered to the undersigned, as Master Ballot Agent, a valid vote on the Plan.

(Please indicate in the appropriate column the aggregate principal amount of Debtors' Securities voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note each Beneficial Owner must vote all of its Debtors' Securities to accept or to reject the Plan and may not split such vote or vote to both accept and reject the Plan.)

| Your Customer Account Number for Each Beneficial Owner of Debtors' Securities Voted | Principal Amount of Debtors' Securities Held by Beneficial Owner as of Voting Record Date | Item 2 <br><br> Indicate the vote cast on the Beneficial Owner Ballot by checking the appropriate box below. | | | Item 4 <br><br> Opt-Out Release Election <br><br> Please check below if the Beneficial Owner checked the box in Item 4. |
|---|---|---|---|---|---|
| | | Accept the Plan | Or | Reject the Plan | |
| 1 | $ | ☐ | | ☐ | ☐ |
| 2 | $ | ☐ | | ☐ | ☐ |
| 3 | $ | ☐ | | ☐ | ☐ |
| 4 | $ | ☐ | | ☐ | ☐ |
| 5 | $ | ☐ | | ☐ | ☐ |
| 6 | $ | ☐ | | ☐ | ☐ |
| **TOTALS** | $ | | | | |

To vote on the Plan, the Beneficial Owner must have checked a box in Item 2 to ACCEPT or REJECT the Plan on its individual Beneficial Owner Ballot or clearly conveyed such vote through an acceptable and customary means.  If the Beneficial Owner did not clearly convey its vote to accept or reject, by order of the Bankruptcy Court its vote will not be counted.  Whether or not a Beneficial Owner's vote will be counted, if such Beneficial Owner checked the box in Item 4 opting out of the releases in the Plan, you should still indicate such election above.

**Since the Plan consists of separate Chapter 11 Plans for each of the Debtors, the votes reported in Item 2 above will be applied to each applicable Debtor and in all applicable Classes in the same manner as indicated in Item 2**

**Item 3.   Certification as to Transcription of Information from Item 3 as to Class 4 – General Unsecured Claims or Class 5 – ESL Unsecured Claims Voted Through Other Beneficial Owner Ballots.**  The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each Beneficial Owner's original Beneficial Owner Ballot or as otherwise conveyed through customary means, identifying any Debtors' Securities for which such Beneficial Owners have submitted other Beneficial Owner Ballots to other than the undersigned (use additional sheets of paper if necessary):

| Your Customer Account Number for Each Beneficial Owner of Debtors' Securities Who Completed Item 3 of the Beneficial Owner Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOTS: | | | |
|---|---|---|---|---|
| | Name of Record Holder or Other Master Ballot Agent (if applicable) | Account Number with other Master Ballot Agent (if applicable) | Principal Amount of Other Debtors' Securities Voted | CUSIP of Other Debtors' Securities Claims Voted |
| 1. | | | | |
| 2. | | | | |

**Item 4.  Certification.**  By signing this Master Ballot, the undersigned certifies that:

a.  each Beneficial Owner of the Debtors' Securities listed in Item 2 above has been provided with copies of the Solicitation Materials and Beneficial Owner Ballot;

b.  the undersigned is the record holder or Master Ballot Agent of the securities being voted or agent thereof;

c.  the undersigned has been authorized by each such Beneficial Owner to vote on the Plan and to make applicable elections;

d.  the undersigned has properly disclosed: (i) the number of Beneficial Owners voting Debtors' Securities through the undersigned; (ii) the respective amounts of Debtors' Securities owned by each such Beneficial Owner; (iii) each such Beneficial Owner's respective vote concerning the Plan; and (iv) the customer account or other identification number for each such Beneficial Owners;

e.  the undersigned will maintain Beneficial Owners Ballots or other customary communications for conveying votes and elections returned by Beneficial Owners (whether properly completed or defective) for at least one (1) year after the Voting Deadline, and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered; and

f.   The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Order approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Master Ballot Agent: _____

DTC Participant Number: _____

Name of Proxy Holder or Agent (if applicable): _____

Signature: _____

Name of Signatory (if different than claimant): _____

Title: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

## Annex A

**Please indicate below the CUSIP/ISIN to which this Master Ballot pertains.**

**PLEASE CHECK ONLY ONE BOX.  IF YOU CHECK MORE THAN ONE BOX IN THE CHART BELOW, YOUR MASTER BALLOT WILL NOT BE TABULATED.**

| Class 4 (General Unsecured Claims) and Class 5 (ESL Unsecured Claims) | | |
|---|---|---|
| | 8% Senior Unsecured Notes 12/15/2019 (_"Senior Unsecured Notes"_) | CUSIP 812350AF3 |
| | 8% Senior Unsecured Convertible Notes 12/15/2019 (Private Placement) (_"Unsecured PIK Notes"_) | CUSIP 812350AG1 |
| | 8% Senior Unsecured Convertible Notes 12/15/2019 (Reg S) (_"Unsecured PIK Notes"_) | CUSIP U8124CAC8 |
| | 6.625% First Lien Notes 10/15/2019 (Private Placement) (_"Second Lien PIK Notes"_) | CUSIP 812350AJ5 |
| | 6.625% First Lien Notes 10/15/2019 (Reg S) (_"Second Lien PIK Notes"_) | CUSIP U8124CAD6 |
| | 6.625% Second Lien Notes 10/15/2018 (_"Second Lien Notes"_) | CUSIP 812350AE6 |
| | 6.625% Second Lien Notes 10/15/2019 (144A) | CUSIP 812350AC0 |
| | 6.625% Second Lien Notes 10/15/2020 (Reg S) | CUSIP U8124CAB0 |
| | 7% Senior Unsecured Notes 6/1/2032 | CUSIP 812404BK6 |
| | 6.5% Senior Unsecured Notes 12/1/2028 | CUSIP 812404BE0 |
| | 6.75% Senior Unsecured Notes 1/15/2028 | CUSIP 812404AZ4 |
| | 7.5% Senior Unsecured Notes 10/15/2027 | CUSIP 812404AX9 |
| | 7.4% Senior Unsecured Strip Notes 2/1/2043 | CUSIP 812404507 |
| | 7% Senior Unsecured Strip Notes 7/15/2042 | CUSIP 812404408 |
| | 7% New SRAC Exchange Notes due 3/31/2018 | CUSIP 812404BM2 |
| | 7% New SRAC Exchange Notes due 3/31/2018 | CUSIP 812404BN0 |

15

**<u>Exhibit D-2</u>**

**Form of Beneficial Owner Ballot for
Class 4 – General Unsecured Claims
Class 5 – ESL Unsecured Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11**
                                                    :
SEARS HOLDINGS CORPORATION, *et al.*,               :        **Case No. 18-23538 (RDD)**
                                                    :
        Debtors.[1]                                 :        **(Jointly Administered)**
                                                    :
-------------------------------------------------------------x

<div align="center">

**BENEFICIAL OWNER BALLOT**
**FOR ACCEPTINGOR REJECTING JOINT CHAPTER 11 PLAN**
**OF SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS**

**BENEFICIAL OWNER BALLOT FOR:**
**Class 4 – General Unsecured Claims**
**Class 5 – ESL Unsecured Claims**

</div>

<div style="border:1px solid black; text-align:center;">

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS**
**CAREFULLY BEFORE COMPLETING THIS BALLOT.**

</div>

**TO HAVE YOUR VOTE COUNTED TOWARD CONFIRMATION OF THE PLAN (AS DEFINED BELOW), YOU MUST COMPLETE, SIGN, AND RETURN THIS BALLOT (THE "BENEFICIAL OWNER BALLOT") TO (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF) YOUR BROKER, BANK, DEALER, OR OTHER AGENT OR**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**NOMINEE (EACH, A "<u>MASTER BALLOT AGENT</u>") WITH ENOUGH TIME TO ALLOW FOR YOUR MASTER BALLOT AGENT TO CAST YOUR VOTE ON A MASTER BALLOT (EACH, A "<u>MASTER BALLOT</u>") SO THAT THE MASTER BALLOT IS <u>ACTUALLY RECEIVED</u> BY PRIME CLERK, LLC (THE "<u>VOTING AGENT</u>") PRIOR TO 5:00 P.M., PREVAILING EASTERN TIME ON [_____], 2019 (THE "<u>VOTING DEADLINE</u>") UNLESS EXTENDED BY THE DEBTORS.  YOUR BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED IN ACCORDANCE WITH THE FOLLOWING:**

---

**IF YOU RECEIVED A RETURN ENVELOPE**
**<u>ADDRESSED TO YOUR MASTER BALLOT AGENT</u>:**

YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR MASTER BALLOT AGENT IN THE ENVELOPE PROVIDED OR IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR MASTER BALLOT AGENT.

**IF YOU RECEIVED A RETURN**
**<u>ENVELOPE ADDRESSED TO THE VOTING AGENT</u>:**

YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT DIRECTLY TO THE VOTING AGENT IN THE ENVELOPE PROVIDED SO THAT THE BENEFICIAL OWNER BALLOT IS ACTUALLY RECEIVED BY THE VOTING AGENT PRIOR TO THE VOTING DEADLINE.

---

This Beneficial Owner Ballot is provided to you by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), to solicit your vote to accept or reject the *Joint Chapter 11 Plan of Sears Holdings Corporation  and Its Affiliated Debtors*, dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Plan**").[2]  The Plan is attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Sears Holdings Corporation  and Its Affiliated Debtors*, dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Disclosure Statement**") (ECF No. [___]), which accompanies this Beneficial Owner Ballot.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. You should review the Disclosure Statement and the Plan in their entirety before you vote. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan.

If you have any questions on how to properly complete this Beneficial Owner Ballot, please call your Master Ballot Agent.

If you have any questions about the Debtors' solicitation and tabulation, please contact the Voting Agent at (844) 384-4460 (domestic toll-free) or (929) 955-2419

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

(international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

This Beneficial Owner Ballot is to be used for voting of Claims held by the record or beneficial owner of the Debtors' Securities (the "**Beneficial Owners**") with the CUSIP as indicated by your Master Ballot Agent (or otherwise) on <u>Annex A</u> attached hereto.

In order for your vote to be counted, this Beneficial Owner Ballot must be properly completed, signed, and returned in the envelope provided (or otherwise in accordance with the instructions of your Master Ballot Agent).  **The deadline for the receipt by the Voting Agent of pre-validated Beneficial Owner Ballots and Master Ballots cast on behalf of Beneficial Owners is no later than 5:00 p.m. (Prevailing Eastern Time) on [_____], 2019 (the "<u>Voting Deadline</u>"), unless such time is extended by the Debtors.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR MASTER BALLOT AGENT, PLEASE ALLOW SUFFICIENT TIME FOR YOUR MASTER BALLOT AGENT TO PROCESS YOUR VOTE, INCLUDE YOUR VOTE ON ITS MASTER BALLOT, AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**The Beneficial Owner Ballot should not be sent to the Debtors, the Bankruptcy Court, or the Debtors' financial or legal advisors.**

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of Class 4 – General Unsecured Claims or Class 5 – ESL Unsecured Claims.

## INSTRUCTIONS FOR COMPLETING THE BALLOT

This Beneficial Owner Ballot is submitted to you to solicit your vote to accept or reject the Plan.  The terms of the Plan are described in the Disclosure Statement, including all exhibits thereto.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The following votes will not be counted in determining the acceptance or rejection of the Plan: (i) any vote cast through a Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner, (ii) any vote case by a Beneficial Owner that does not hold a Claim entitled to vote on the Plan, (iii) any vote cast through an unsigned Beneficial Owner Ballot, (v) any vote cast through a Beneficial Owner Ballot that does not contain an original signature; (vi) any Beneficial Owner Ballot (other than a validly pre-validated Beneficial Owner Ballot) transmitted directly to the Voting Agent; and (vii) any Beneficial Owner Ballot (including a validly pre-validated Beneficial Owner Ballot) transmitted to the Voting Agent by facsimile, or electronic transmission, or other electronic means.  An otherwise properly completed, executed, and timely returned pre-validated Beneficial Owner Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.

In order for your Class 4 – General Unsecured Claim or Class 5 – ESL Unsecured Claim vote to be counted, the Beneficial Owner Ballot must be properly completed, signed, and returned in the envelope provided (or otherwise in accordance with the instructions of your Master Ballot Agent).

**Beneficial Owner Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except as instructed by your Master Ballot Agent).**

To properly complete the Beneficial Owner Ballot, you must follow the procedures described below:

a.    Make sure that the information contained in Annex A (the CUSIP for the Debtors' Securities) and on Item 1 (the principal amount of Debtors' Securities) is correct;

b.    If you have a Class 4 – General Unsecured Claim or Class 5 – ESL Unsecured Claim on account of holding Debtors' Securities, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.    Provide the information required by Item 3, if applicable to you;

d.    If you vote to reject the Plan or abstain from voting on the Plan and elect to opt-out of the releases contained in Section 11.9 of the Plan, you must check the box in Item 4.  Election to withhold consent is at your option.  The failure to do so, whether or not you vote on the Plan, will be deemed your consent to the releases contained in Section 11.9 of the Plan to the fullest extent permitted by applicable law.  Holders of Claims who accept the Plan may not opt-out of the releases contained in Section 11.9 of the Plan.

e.      If you vote to accept the Plan by checking the "accept" box in Item 2, but you also check the box in Item 4, your election to opt-out with respect to the releases contained in Section 11.9 of the Plan will not be counted, as your vote in favor of the Plan shall be deemed a consent to the releases set forth in Section 11.9 of the Plan to the fullest extent permitted by applicable law.

f.      If you are completing this Beneficial Owner Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 5.  By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

g.      If you hold Claims in other Classes you may receive more than one Ballot. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for such Class of Claims in accordance with the instructions on that Ballot. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive;

h.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan;

i.      If more than one timely, properly completed Beneficial Owner Ballot is received, only the last, properly completed Beneficial Owner Ballot received will be counted, unless the holder of the Claim receives Bankruptcy Court approval otherwise;

j.      If you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

k.      Provide your name, mailing address, and any remaining information requested;

l.      Sign and date your Beneficial Owner Ballot; and

m.      Return your Beneficial Owner Ballot with an original signature using the enclosed pre-addressed return envelope (or otherwise in accordance with the instructions of your Master Ballot Agent).

No Beneficial Owner Ballot shall constitute or be deemed a proof of Claim or an assertion of a Claim.

In the event that (i) the Debtors revoke or withdraw the Plan or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Beneficial Owner Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL OWNER BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL OWNER BALLOT, (III) DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR (IV) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT YOUR MASTER BALLOT AGENT.**

**FOR ANY FURTHER QUESTIONS ON THE SOLICIATION AND TABULATION OF THE PLAN, PLEASE CONTACT THE VOTING AGENT AT (844) 384-4460 (DOMESTIC TOLL-FREE) OR (929) 955-2419 (INTERNATIONAL), OR BY E-MAILING <u>SEARSBALLOTS@PRIMECLERK.COM</u> WITH A REFERENCE TO "SEARS" IN THE SUBJECT LINE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

## IMPORTANT INFORMATION REGARDING THE DISCHARGE, INJUNCTION, RELEASES, AND EXCULPATIONS IN THE PLAN[1]

## Select Plan Provisions

### Select Defined Terms

"*Exculpated Parties*" means collectively: (a) the Debtors; (b) the Creditors' Committee and each of its members; and (c) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that ESL Parties shall not be Exculpated Parties under the Plan.  For the avoidance of doubt, each of the Debtors' post-Commencement Date directors, officers, and employees (other than the ESL Parties) shall be Exculpated Parties under the Plan.

"*Related Parties*" means with respect to any Released Party or Exculpated Party, such Party's successors and assigns, managed accounts or funds, and all of their respective postpetition officers, postpetition directors, postpetition principals, postpetition employees, postpetition agents, postpetition trustees, postpetition advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and persons' respective heirs, executors, estates, servants, and nominees, including the Restructuring Committee, Restructuring Subcommittee, and each of its respective members; provided, that, any ESL Party shall not be a Related Party.

"*Released Parties*" means in each case, solely in their capacities as such: (a) the Debtors; (b) the Creditors' Committee and each of its members; (c) the Liquidating Trustee; (d) the Liquidating Trust Board; and (e) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that the following entities shall not be "Released Parties" under the Plan: (i) the ESL Parties; (ii) any person or Entity against which any action has been commenced on behalf of the Debtors or their Estates, in this Bankruptcy Court or any court of competent jurisdiction prior to the Confirmation Hearing; (iii) any Entity identified as a defendant or a potential defendant of an Estate Cause of Action in the Plan Supplement; and (iv) any subsequent transferee of any of the foregoing with respect to any Assets of the Debtors; provided, further, that recovery on account of any Causes of Action against the Specified Directors and Officers, solely with respect to D&O Claims, shall be subject to the limitations set forth in Section 11.11.

"*Specified Directors and Officers*" means any person who is a director of any of the Debtors on the Effective Date and any person who was an officer of any of the Debtors immediately prior to the closing of the Sale Transaction, each in their capacity as a director or officer of the Debtors, as applicable.

"*D&O Claim*" means any Preserved Cause of Action against the Specified Directors and Officers.

### Section 11.7 of the Plan: Term of Injunctions or Stays

Unless otherwise provided herein, the Confirmation Order, or in a Final Order of the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

---

[1] The provisions herein are qualified in their entirety by reference to the Plan.

**Section 11.8 of the Plan: Injunction**

(a)     Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

(b)     Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, with respect to such Claims and Interests, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors or the Liquidating Trustee or against property or interests in property of any of the Debtors or the Liquidating Trustee; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)     By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth in this Section 11.8.

(d)     The injunctions in this Section 11.8 shall extend to any successors of the Debtors and their respective property and interests in property.

**Section 11.9 of the Plan: Releases**

(a)     **Debtor Releases**. As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect after the Effective Date, for good and valuable consideration, on and after the Effective Date, the Released Parties shall be deemed released and discharged, by the Debtors, the Liquidating Trustee, and the Estates, and any Entity seeking to exercise the rights of or on behalf of the Estates, and any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, from any and all Causes of Action that the Debtors, the Liquidating Trustee, or the Debtors' Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the conduct of the Debtors' businesses, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the

9

restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan, and the Definitive Documents, or any related agreements, instruments, or other documents, and the negotiation, formulation, or preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, or other event taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(a) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that nothing shall be construed to release the Released Parties from any Canadian Causes of Action.  For the avoidance of doubt, nothing herein shall release any Claim or Cause of Action that is expressly preserved and not released pursuant to the terms of the Asset Purchase Agreement.

(b)    **Third Party Releases**.  As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect after the Effective Date (including the right of the Liquidating Trust Board to prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any Preserved Causes of Action, including the Specified Causes of Action), for good and valuable consideration, on and after the Effective Date, in accordance with section 1141 of the Bankruptcy Code, each of the Released Parties shall be deemed released and discharged, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, except as otherwise provided herein, by each of the following (all such persons or Entities, the "**Releasing Parties**"):

(i)    the holders of all Claims or Interests who vote to accept or are presumed to accept the Plan,

(ii)    the holders of Claims or Interests who reject the Plan or abstain from voting on the Plan but do not opt out of these releases on the Ballots,

(iii)    each of the Released Parties (other than the Debtors), and

(iv)    with respect to any entity in the foregoing clauses (i) through (iii), (x) such entity's predecessors, successors, and assigns, and (y) all persons entitled to assert Claims through or on behalf of such entities with respect to the matters for which the releasing entities are providing releases.

in each case, from any and all Causes of Action that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the Plan, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the Sale Transaction, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (other than assumed contracts or leases), the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments or other documents, or the solicitation of votes with respect to the Plan, in all cases based upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(b) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that, nothing in this Section 11.9(b) shall be construed to release any Claim or Cause of Action relating to or arising from the Sale Transaction following entry of the Sale Order by the Bankruptcy Court.  The

Releasing Parties shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 11.9(b) against each of the Released Parties.

## Section 11.10 of the Plan: Exculpation

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Commencement Date in connection with or arising out of the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement; the negotiation and pursuit of the Disclosure Statement, the restructuring transactions, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Distribution of any securities issued or to be issued pursuant to the Plan, whether or not such Distributions occur following the Effective Date; the occurrence of the Effective Date, negotiations regarding or concerning any of the foregoing; or the administration of the Plan or property to be distributed under the Plan; the wind down of the businesses of any of the Debtors; or the transactions in furtherance of any of the foregoing; except for acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute fraud, gross negligence, criminal misconduct or willful misconduct. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

## Section 11.10 of the Plan: Limitations on Executable Assets with Respect to the D&O Claims

Any recovery by or on behalf of the Liquidating Trust (and the beneficiaries thereof) on account of any Preserved Cause of Action against any of the Specified Directors and Officers, solely in his or her capacity as a director of the Debtors prior to the Effective Date, or officer of the Debtors prior to the closing of the Sale Transaction, as applicable, including in each case by way of settlement or judgment, shall be limited to the Debtors' available D&O Policies' combined limits, after payment from such D&O Policies of any and all covered costs and expenses incurred by the covered parties in connection with the defense of any D&O Claim (the "Insurance Coverage"). No party, including the Liquidating Trustee, shall execute, garnish or otherwise attempt to collect on any settlement of or judgment in the D&O Claims upon any assets of the Specified Directors and Officers except to the extent necessary to trigger the Insurance Coverage. In the event Insurance Coverage is denied for any settlement or judgment in the Liquidating Trust's favor, the Specified Directors and Officers shall assign any claims for coverage or other rights of recovery they may have against the D&O Policy insurers to the Liquidating Trust.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Amount of Claim.**  The undersigned hereby certifies that as of [      ], 2019, the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner) or the Master Ballot Agent of a Beneficial Owner of Debtors' Securities indicated on Annex A in the following principal amount (insert amount in box below).  If your Debtors' Securities are held by a Master Ballot Agent on your behalf and you do not know the principal amount of Claim held, please contact your Master Ballot Agent immediately.

**Amount**:[1]        $_____

**Item 2.  Vote on the Plan**.  The beneficial owner of the Debtors' Securities identified in Annex 1 and in the amount set forth above in Item 1 hereby votes to:

**Check one box**:        ☐        Accept the Plan

☐        Reject the Plan

**Since the Plan consists of separate Chapter 11 Plans for each of the Debtors, your vote in Item 2 above will be applied to each applicable Debtor and in all applicable Classes in the same manner as indicated in Item 2.**

 **Item 3.  Certification as to Debtors' Securities held in Additional Accounts.**  By completing and returning this Beneficial Owner Ballot, the Beneficial Owner certifies that either (i) it has not submitted any other Beneficial Owner Ballots for other Debtors' Securities held in other accounts or other record names or (ii) it has provided the information specified in the following table for all other Debtors' Securities for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER CLASS 4 OR CLASS 5 CLAIMS THROUGH BENEFICIAL OWNER BALLOTS OTHER THAN THIS BENEFICIAL OWNER BALLOT.

| Name of Record Holder or Other Master Ballot Agent (if applicable) | Account Number with Other Master Ballot Agent (if applicable) | Principal Amount of Debtors' Securities Voted | CUSIP of Debtors' Securities Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

---

[1] The amount indicated here is only for voting purposes, subject to the Voting Agent's tabulation rules.

---

**IMPORTANT INFORMATION REGARDING**
**CERTAIN RELEASES BY HOLDERS OF CLAIMS:**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE RELEASES FOUND IN SECTION 11.9 OF THE PLAN (REPRODUCED BELOW) REGARDLESS OF WHETHER YOU CHECK THE BOX IN ITEM 4 BELOW. IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN AND SUBMIT A BALLOT WITHOUT CHECKING THE BOX IN ITEM 4 BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN SECTION 11.9 OF THE PLAN. IF YOU FAIL TO SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASES FOUND IN SECTION 11.9 OF THE PLAN.**

**IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN, YOU MUST OPT OUT OF THE RELEASES PROVIDED IN SECTION 11.9 OF THE PLAN BY CHECKING THE BOX IN ITEM 4 BELOW, IN ORDER TO NOT BE BOUND BY SUCH RELEASES.**

---

**Item 4. Optional Release Election. COMPLETE THIS ITEM 4 ONLY IF YOU VOTED TO REJECT THE PLAN OR ARE ABSTAINING FROM VOTING ON THE PLAN IN ITEM 2 ABOVE.**

Check this box if you elect <u>not</u> to grant the releases contained in Section 11.9 of the Plan. Election to withhold consent is your option.

    ☐       The undersigned elects <u>not</u> to grant the releases
                   contained in Section 11.9 of the Plan.

**Item 5.  Acknowledgements and Certification.**  By returning this Beneficial Owner Ballot, the Beneficial Owner of the Debtors' Securities identified on Annex A hereto and in the amount set forth in Item 1 above acknowledges that it has been provided with a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Order approving the Disclosure Statement without exhibits.  The undersigned certifies that (i) it is the holder of the Debtors' Securities identified on Annex A hereto and in the amount set forth in Item 1 above, and/or (ii) it has full power and authority to vote to accept or reject the Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Order approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

**ANNEX A**

*Please check ONE box below to indicate the CUSIP to which this Beneficial Owner Ballot pertains. Your Master Ballot Agent may have checked a box below to indicate the CUSIP to which this Beneficial Owner Ballot pertains, or otherwise provided that information to you on a label or schedule attached to this Beneficial Owner Ballot.*

| Class 4 (General Unsecured Claims) and Class 5 (ESL Unsecured Claims) | | |
|---|---|---|
| | 8% Senior Unsecured Notes 12/15/2019 ("Senior Unsecured Notes") | CUSIP 812350AF3 |
| | 8% Senior Unsecured Convertible Notes 12/15/2019 (Private Placement) ("Unsecured PIK Notes") | CUSIP 812350AG1 |
| | 8% Senior Unsecured Convertible Notes 12/15/2019 (Reg S) ("Unsecured PIK Notes") | CUSIP U8124CAC8 |
| | 6.625% First Lien Notes 10/15/2019 (Private Placement) ("Second Lien PIK Notes") | CUSIP 812350AJ5 |
| | 6.625% First Lien Notes 10/15/2019 (Reg S) ("Second Lien PIK Notes") | CUSIP U8124CAD6 |
| | 6.625% Second Lien Notes 10/15/2018 ("Second Lien Notes") | CUSIP 812350AE6 |
| | 6.625% Second Lien Notes 10/15/2019 (144A) | CUSIP 812350AC0 |
| | 6.625% Second Lien Notes 10/15/2020 (Reg S) | CUSIP U8124CAB0 |
| | 7% Senior Unsecured Notes 6/1/2032 | CUSIP 812404BK6 |
| | 6.5% Senior Unsecured Notes 12/1/2028 | CUSIP 812404BE0 |
| | 6.75% Senior Unsecured Notes 1/15/2028 | CUSIP 812404AZ4 |
| | 7.5% Senior Unsecured Notes 10/15/2027 | CUSIP 812404AX9 |
| | 7.4% Senior Unsecured Strip Notes 2/1/2043 | CUSIP 812404507 |
| | 7% Senior Unsecured Strip Notes 7/15/2042 | CUSIP 812404408 |
| | 7% New SRAC Exchange Notes due 3/31/2018 | CUSIP 812404BM2 |
| | 7% New SRAC Exchange Notes due 3/31/2018 | CUSIP 812404BN0 |

**<u>Exhibit D-3</u>**

**Form of General Ballot for
Class 3 – PBGC Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
:
In re                                            :        **Chapter 11**
:
**SEARS HOLDINGS CORPORATION**, *et al.*,        :        **Case No. 18-23538 (RDD)**
:
Debtors.[1]                                      :        **(Jointly Administered)**
:
-------------------------------------------------------------x

<div align="center">

**GENERAL BALLOT**
**FOR ACCEPTING OR REJECTING JOINT CHAPTER 11 PLAN OF**
**SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS**

**BALLOT FOR: CLASS 3 – PBGC CLAIMS**

</div>

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS
CAREFULLY BEFORE COMPLETING THIS BALLOT.**

---

**TO HAVE YOUR VOTE COUNTED TOWARD CONFIRMATION OF THE PLAN (AS DEFINED BELOW), YOU MUST COMPLETE, SIGN, AND RETURN THIS BALLOT (THE "BALLOT") SO THAT THIS BALLOT IS ACTUALLY RECEIVED BY PRIME CLERK, LLC (THE "VOTING AGENT") PRIOR TO 5:00 P.M., PREVAILING EASTERN TIME ON [_____], 2019 (THE "VOTING DEADLINE") UNLESS EXTENDED BY THE DEBTORS.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

This Ballot is provided to you by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), to solicit your vote to accept or reject the *Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Plan**").[2]  The Plan is attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Disclosure Statement**") (ECF No. [___]), which accompanies this Ballot. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. You should review the Disclosure Statement and the Plan in their entirety before you vote. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan.

If you have any questions on how to properly complete this Ballot, please call the Voting Agent at (844) 384-4460 (domestic toll-free) or (929) 955-2419 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**This Ballot is to be used for voting by holders of certain Claims in Class 3 – PBGC Claims.**

This Ballot should not be sent to the Debtors, the Bankruptcy Court, or the Debtors' financial or legal advisors.

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, the Class 3 – PBGC Claims.

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

## INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement, including all exhibits thereto. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**To have your vote counted, you must complete, sign, and return this Ballot so that it its received by the Voting Agent no later than the Voting Deadline, unless such time is extended by the Debtors. Ballots must be delivered to the Voting Agent (i) at an appropriate address listed below or (ii) via the Voting Agent's E-Ballot platform by visiting https://restructuring.primeclerk.com/sears, clicking on the "E-Ballot" link and following the instructions set forth on the website. Holders are encouraged to submit their Ballots via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well. Please choose only one method of return for your Ballot.**

---

**If by standard or overnight mail or hand delivery:**

Sears Holdings Corporation Ballot Processing
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, New York 11232
*(Voting Agent's physical address
subject to change before solicitation mailing*)

**If by electronic submission:**

Visit  https://restructuring.primeclerk.com/sears. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:**

_____

**"E-Balloting" is the sole manner in which Ballots will be accepted via electronic transmission.**

---

3

**Ballots will not be accepted by e-mail, telecopy, facsimile, or other electronic means of transmission (except via the Voting Agent's E-Ballot platform).**

**The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the voting creditor, (ii) any Ballot cast by a Person that does not hold a Claim in a Class entitled to vote on the Plan, (iii) any Ballot that does not contain an original signature (for the avoidance of doubt, Ballots submitted through E-Ballot shall be deemed as containing an original signature), (iv) any Ballot cast for a Claim identified in the Debtors' schedules of liabilities as unliquidated, contingent, or disputed for which no proof of Claim was timely filed; and (v) any Ballot transmitted to the Voting Agent by e-mail, facsimile, or electronic transmission, or other electronic means other than E-Ballot. An otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.**

To properly complete the Ballot, you must follow the procedures described below:

a.      Make sure that the information contained in Item 1 is correct;

b.      If you have an Other Claim in Class 3 – PBGC Claims, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.      If you vote to reject the Plan or abstain from voting on the Plan and elect to opt-out of the releases contained in Section 11.9 of the Plan, you must check the box in Item 3. Election to withhold consent is at your option. The failure to do so, whether or not you vote on the Plan, will be deemed your consent to the releases contained in Section 11.9 of the Plan to the fullest extent permitted by applicable law. Holders of Claims who accept the Plan may not opt-out of the releases contained in Section [    ] of the Plan.

d.      If you vote to accept the Plan by checking the "accept" box in Item 2, but you also check the box in Item 3, your election to opt-out with respect to the releases contained in Section 11.9 of the Plan will not be counted, as your vote in favor of the Plan shall be deemed a consent to the releases set forth in Section 11.9 of the Plan to the fullest extent permitted by applicable law.

e.      If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

f.      If you hold other Class 3 – PBGC Claims, or Claims in other Classes you may receive more than one Ballot. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you

4

complete, sign, and return the Ballot labeled for such Class of Claims in accordance with the instructions on that Ballot. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive;

g.  You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan;

h.  If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Voting Agent will be counted, unless the holder of the Claim receives Bankruptcy Court approval otherwise;

i.  If you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

j.  Provide your name, mailing address, and any remaining information requested;

k.  Sign and date your Ballot; and

l.  Return your Ballot with an original signature to the Voting Agent. For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

No Ballot shall constitute or be deemed a proof of Claim or an assertion of Claim.

In the event that (i) the Debtors revoke or withdraw the Plan or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THIS BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (III) DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR (IV) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (844) 384-4460 (DOMESTIC TOLL-FREE) OR (929) 955-2419 (INTERNATIONAL), OR BY E-MAILING SEARSBALLOTS@PRIMECLERK.COM WITH A REFERENCE TO "SEARS" IN THE SUBJECT LINE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

## IMPORTANT INFORMATION REGARDING THE DISCHARGE, INJUNCTION, RELEASES, AND EXCULPATIONS IN THE PLAN[1]

### Select Plan Provisions

### Select Defined Terms

"*Exculpated Parties*" means collectively: (a) the Debtors; (b) the Creditors' Committee and each of its members; and (c) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that ESL Parties shall not be Exculpated Parties under the Plan.  For the avoidance of doubt, each of the Debtors' post-Commencement Date directors, officers, and employees (other than the ESL Parties) shall be Exculpated Parties under the Plan.

"*Related Parties*" means with respect to any Released Party or Exculpated Party, such Party's successors and assigns, managed accounts or funds, and all of their respective postpetition officers, postpetition directors, postpetition principals, postpetition employees, postpetition agents, postpetition trustees, postpetition advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and persons' respective heirs, executors, estates, servants, and nominees, including the Restructuring Committee, Restructuring Subcommittee, and each of its respective members; provided, that, any ESL Party shall not be a Related Party.

"*Released Parties*" means in each case, solely in their capacities as such: (a) the Debtors; (b) the Creditors' Committee and each of its members; (c) the Liquidating Trustee; (d) the Liquidating Trust Board; and (e) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that the following entities shall not be "Released Parties" under the Plan: (i) the ESL Parties; (ii) any person or Entity against which any action has been commenced on behalf of the Debtors or their Estates, in this Bankruptcy Court or any court of competent jurisdiction prior to the Confirmation Hearing; (iii) any Entity identified as a defendant or a potential defendant of an Estate Cause of Action in the Plan Supplement; and (iv) any subsequent transferee of any of the foregoing with respect to any Assets of the Debtors; provided, further, that recovery on account of any Causes of Action against the Specified Directors and Officers, solely with respect to D&O Claims, shall be subject to the limitations set forth in Section 11.11.

"*Specified Directors and Officers*" means any person who is a director of any of the Debtors on the Effective Date and any person who was an officer of any of the Debtors immediately prior to the closing of the Sale Transaction, each in their capacity as a director or officer of the Debtors, as applicable.

"*D&O Claim*" means any Preserved Cause of Action against the Specified Directors and Officers.

### Section 11.7 of the Plan: Term of Injunctions or Stays

Unless otherwise provided herein, the Confirmation Order, or in a Final Order of the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

---

[1] The provisions herein are qualified in their entirety by reference to the Plan.

## Section 11.8 of the Plan: Injunction

(a)       Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

(b)       Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, with respect to such Claims and Interests, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors or the Liquidating Trustee or against property or interests in property of any of the Debtors or the Liquidating Trustee; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)       By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth in this Section 11.8.

(d)       The injunctions in this Section 11.8 shall extend to any successors of the Debtors and their respective property and interests in property.

## Section 11.9 of the Plan: Releases

(a)       **Debtor Releases**. As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect after the Effective Date, for good and valuable consideration, on and after the Effective Date, the Released Parties shall be deemed released and discharged, by the Debtors, the Liquidating Trustee, and the Estates, and any Entity seeking to exercise the rights of or on behalf of the Estates, and any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, from any and all Causes of Action that the Debtors, the Liquidating Trustee, or the Debtors' Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the conduct of the Debtors' businesses, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the

restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan, and the Definitive Documents, or any related agreements, instruments, or other documents, and the negotiation, formulation, or preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, or other event taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(a) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that nothing shall be construed to release the Released Parties from any Canadian Causes of Action.  For the avoidance of doubt, nothing herein shall release any Claim or Cause of Action that is expressly preserved and not released pursuant to the terms of the Asset Purchase Agreement.

(b)    **Third Party Releases**.  As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect after the Effective Date (including the right of the Liquidating Trust Board to prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any Preserved Causes of Action, including the Specified Causes of Action), for good and valuable consideration, on and after the Effective Date, in accordance with section 1141 of the Bankruptcy Code, each of the Released Parties shall be deemed released and discharged, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, except as otherwise provided herein, by each of the following (all such persons or Entities, the "**Releasing Parties**"):

(i)    the holders of all Claims or Interests who vote to accept or are presumed to accept the Plan,

(ii)    the holders of Claims or Interests who reject the Plan or abstain from voting on the Plan but do not opt out of these releases on the Ballots,

(iii)    each of the Released Parties (other than the Debtors), and

(iv)    with respect to any entity in the foregoing clauses (i) through (iii), (x) such entity's predecessors, successors, and assigns, and (y) all persons entitled to assert Claims through or on behalf of such entities with respect to the matters for which the releasing entities are providing releases.

in each case, from any and all Causes of Action that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the Plan, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the Sale Transaction, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (other than assumed contracts or leases), the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments or other documents, or the solicitation of votes with respect to the Plan, in all cases based upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(b) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that, nothing in this Section 11.9(b) shall be construed to release any Claim or Cause of Action relating to or arising from the Sale Transaction following entry of the Sale Order by the Bankruptcy Court.  The

Releasing Parties shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 11.9(b) against each of the Released Parties.

### Section 11.10 of the Plan: Exculpation

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Commencement Date in connection with or arising out of the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement; the negotiation and pursuit of the Disclosure Statement, the restructuring transactions, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Distribution of any securities issued or to be issued pursuant to the Plan, whether or not such Distributions occur following the Effective Date; the occurrence of the Effective Date, negotiations regarding or concerning any of the foregoing; or the administration of the Plan or property to be distributed under the Plan; the wind down of the businesses of any of the Debtors; or the transactions in furtherance of any of the foregoing; except for acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute fraud, gross negligence, criminal misconduct or willful misconduct. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

### Section 11.10 of the Plan: Limitations on Executable Assets with Respect to the D&O Claims

Any recovery by or on behalf of the Liquidating Trust (and the beneficiaries thereof) on account of any Preserved Cause of Action against any of the Specified Directors and Officers, solely in his or her capacity as a director of the Debtors prior to the Effective Date, or officer of the Debtors prior to the closing of the Sale Transaction, as applicable, including in each case by way of settlement or judgment, shall be limited to the Debtors' available D&O Policies' combined limits, after payment from such D&O Policies of any and all covered costs and expenses incurred by the covered parties in connection with the defense of any D&O Claim (the "Insurance Coverage"). No party, including the Liquidating Trustee, shall execute, garnish or otherwise attempt to collect on any settlement of or judgment in the D&O Claims upon any assets of the Specified Directors and Officers except to the extent necessary to trigger the Insurance Coverage. In the event Insurance Coverage is denied for any settlement or judgment in the Liquidating Trust's favor, the Specified Directors and Officers shall assign any claims for coverage or other rights of recovery they may have against the D&O Policy insurers to the Liquidating Trust.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Amount of Class s – PBGC Claims.**  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of [_____], 2019, the undersigned holds a Class 3 – PBGC Priority Claim.

| | |
|---|---|
| **Claim Amount**:[2] | $_____ |
| **Debtor**: | _____ |

**Item 2.  Vote on the Plan**.  The undersigned holder of a Class 3 – PBGC Priority Claim in the amount set forth in Item 1 above hereby votes to:

**Check one box**:        ☐        Accept the Plan

☐        Reject the Plan

**Since the Plan consists of separate Chapter 11 Plans for each of the Debtors, your vote in Item 2 above will be applied to each applicable Debtor and in all applicable Classes in the same manner as indicated in Item 2**

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE RELEASES FOUND IN SECTION 11.9 OF THE PLAN (REPRODUCED BELOW) REGARDLESS OF WHETHER YOU CHECK THE BOX IN ITEM 3 BELOW.  IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN AND SUBMIT A BALLOT WITHOUT CHECKING THE BOX IN ITEM 3 BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN SECTION 11.9 OF THE PLAN.  IF YOU FAIL TO SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASES FOUND IN SECTION 11.9 OF THE PLAN.**

**IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN, YOU MUST OPT OUT OF THE RELEASES PROVIDED IN SECTION 11.9 OF THE PLAN BY CHECKING THE BOX IN ITEM 3 BELOW, IN ORDER TO NOT BE BOUND BY SUCH RELEASES.**

---

[2] The amount indicated here is only for voting purposes and subject to the Voting Agent's tabulation rules.

**Item 3.  Optional Release Election.  COMPLETE THIS ITEM 3 ONLY IF YOU VOTED TO REJECT THE PLAN OR ARE ABSTAINING FROM VOTING ON THE PLAN IN ITEM 2 ABOVE.**

Check this box if you elect <u>not</u> to grant the releases contained in Section 11.9 of the Plan. Election to withhold consent is your option.

&#9744;    The undersigned elects <u>not</u> to grant the releases contained in Section 11.9 of the Plan.

**Item 4.  Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Order approving the Disclosure Statement without exhibits.  The undersigned certifies that (i) it is the holder of the Class 3 – PBGC Priority Claim identified in Item 1 above, and/or (ii) it has full power and authority to vote to accept or reject the Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Order approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant:    _____

Signature:    _____

Name of Signatory (if different than claimant):    _____

If by Authorized Agent, Title of Agent:    _____

Street Address:    _____

City, State, Zip Code:    _____

Telephone Number:    _____

E-mail Address:    _____

Date Completed:    _____

Please check one <u>or both</u> of the below boxes if the above address is a change of address for the purpose(s) of:

&#9744;    Future notice mailings in these chapter 11 cases; and/or

&#9744;    Distributions, if any, upon your Claim in these chapter 11 cases.

6

**<u>Exhibit D-4</u>**

**Form of General Ballot for**

**Class 4 – General Unsecured Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11**
                                                    :
**SEARS HOLDINGS CORPORATION**, *et al.*,           :          **Case No. 18-23538 (RDD)**
                                                    :
        **Debtors.**[1]                             :          **(Jointly Administered)**
                                                    :
-----------------------------------------------------------------x

**GENERAL BALLOT**
**FOR ACCEPTING OR REJECTING JOINT CHAPTER 11 PLAN OF**
**SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS**

**BALLOT FOR: Class 4 – General Unsecured Claims**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS**
**CAREFULLY _BEFORE_ COMPLETING THIS BALLOT.**

---

**TO HAVE YOUR VOTE COUNTED TOWARD CONFIRMATION OF THE PLAN (AS DEFINED BELOW), YOU MUST COMPLETE, SIGN, AND RETURN THIS BALLOT (THE "BALLOT") SO THAT THIS BALLOT IS ACTUALLY RECEIVED BY PRIME CLERK, LLC (THE "VOTING AGENT") PRIOR TO 5:00 P.M., PREVAILING EASTERN TIME ON [_____], 2019 (THE "VOTING DEADLINE") UNLESS EXTENDED BY THE DEBTORS.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

This Ballot is provided to you by Sears Holdings Corporation  and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), to solicit your vote to accept or reject the *Joint Chapter 11 Plan of Sears Holdings Corporation  and Its Affiliated Debtors*, dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Plan**").[2]  The Plan is attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Sears Holdings Corporation  and Its Affiliated Debtors*, dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Disclosure Statement**") (ECF No. [___]), which accompanies this Ballot. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. You should review the Disclosure Statement and the Plan in their entirety before you vote. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan.

If you have any questions on how to properly complete this Ballot, please call the Voting Agent at (844) 384-4460 (domestic toll-free) or (929) 955-2419 (international).  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**This Ballot is to be used for voting by holders of certain Claims in Class 4 – General Unsecured Claims.**

This Ballot should not be sent to the Debtors, the Bankruptcy Court, or the Debtors' financial or legal advisors.

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, the Class 4 – General Unsecured Claims.

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

## INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement, including all exhibits thereto. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**To have your vote counted, you must complete, sign, and return this Ballot so that it its received by the Voting Agent no later than the Voting Deadline, unless such time is extended by the Debtors. Ballots must be delivered to the Voting Agent (i) at an appropriate address listed below or (ii) via the Voting Agent's E-Ballot platform by visiting https://restructuring.primeclerk.com/sears, clicking on the "E-Ballot" link and following the instructions set forth on the website. Holders are encouraged to submit their Ballots via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well. Please choose only one method of return for your Ballot.**

---

**If by standard or overnight mail or hand delivery:**

Sears Holdings Corporation Ballot Processing
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, New York 11232
*(Voting Agent's physical address
subject to change before solicitation mailing)*

**If by electronic submission:**

Visit  https://restructuring.primeclerk.com/sears. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.  If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should <u>not</u> also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:**
_____

**<u>"E-Balloting" is the sole manner in which Ballots will be accepted via electronic transmission.</u>**

---

**Ballots will not be accepted by e-mail, telecopy, facsimile, or other electronic means of transmission (except via the Voting Agent's E-Ballot platform).**

**The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the voting creditor, (ii) any Ballot cast by a Person that does not hold a Claim in a Class entitled to vote on the Plan, (iii) any Ballot that does not contain an original signature (for the avoidance of doubt, Ballots submitted through E-Ballot shall be deemed as containing an original signature), (iv) any Ballot cast for a Claim identified in the Debtors' schedules of liabilities as unliquidated, contingent, or disputed for which no proof of Claim was timely filed; (v) any Ballot transmitted to the Voting Agent by e-mail, facsimile, or electronic transmission, or other electronic means (other than by E-Ballot). An otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.**

To properly complete the Ballot, you must follow the procedures described below:

a.   Make sure that the information contained in Item 1 is correct;

b.   If you have an Other Claim in Class 4 – General Unsecured Claims, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.   If you vote to reject the Plan or abstain from voting on the Plan and elect to opt-out of the releases contained in Section 11.9 of the Plan, you must check the box in Item 3. Election to withhold consent is at your option. The failure to do so, whether or not you vote on the Plan, will be deemed your consent to the releases contained in Section 11.9 of the Plan to the fullest extent permitted by applicable law. Holders of Claims who accept the Plan may not opt-out of the releases contained in Section 11.9 of the Plan.

d.   If you vote to accept the Plan by checking the "accept" box in Item 2, but you also check the box in Item 3, your election to opt-out with respect to the releases contained in Section 11.9 of the Plan will not be counted, as your vote in favor of the Plan shall be deemed a consent to the releases set forth in Section 11.9 of the Plan to the fullest extent permitted by applicable law.

e.   If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

f.   If you hold other Class 4 – General Unsecured Claims, or Claims in other Classes you may receive more than one Ballot. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you

11

complete, sign, and return the Ballot labeled for such Class of Claims in accordance with the instructions on that Ballot. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive;

g.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan;

h.    If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Voting Agent will be counted, unless the holder of the Claim receives Bankruptcy Court approval otherwise;

i.    If you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

j.    Provide your name, mailing address, and any remaining information requested;

k.    Sign and date your Ballot; and

l.    Return your Ballot with an original signature to the Voting Agent. For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

No Ballot shall constitute or be deemed a proof of Claim or an assertion of Claim.

In the event that (i) the Debtors revoke or withdraw the Plan or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THIS BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (III) DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR (IV) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (844) 384-4460 (DOMESTIC TOLL-FREE) OR (929) 955-2419 (INTERNATIONAL), OR BY E-MAILING BALLOTS@PRIMECLERK.COM WITH A REFERENCE TO "SEARS" IN THE SUBJECT LINE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

## IMPORTANT INFORMATION REGARDING THE DISCHARGE, INJUNCTION, RELEASES, AND EXCULPATIONS IN THE PLAN[3]

### Select Plan Provisions

#### Select Defined Terms

"*Exculpated Parties*" means collectively: (a) the Debtors; (b) the Creditors' Committee and each of its members; and (c) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that ESL Parties shall not be Exculpated Parties under the Plan.  For the avoidance of doubt, each of the Debtors' post-Commencement Date directors, officers, and employees (other than the ESL Parties) shall be Exculpated Parties under the Plan.

"*Related Parties*" means with respect to any Released Party or Exculpated Party, such Party's successors and assigns, managed accounts or funds, and all of their respective postpetition officers, postpetition directors, postpetition principals, postpetition employees, postpetition agents, postpetition trustees, postpetition advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and persons' respective heirs, executors, estates, servants, and nominees, including the Restructuring Committee, Restructuring Subcommittee, and each of its respective members; provided, that, any ESL Party shall not be a Related Party.

"*Released Parties*" means in each case, solely in their capacities as such: (a) the Debtors; (b) the Creditors' Committee and each of its members; (c) the Liquidating Trustee; (d) the Liquidating Trust Board; and (e) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that the following entities shall not be "Released Parties" under the Plan: (i) the ESL Parties; (ii) any person or Entity against which any action has been commenced on behalf of the Debtors or their Estates, in this Bankruptcy Court or any court of competent jurisdiction prior to the Confirmation Hearing; (iii) any Entity identified as a defendant or a potential defendant of an Estate Cause of Action in the Plan Supplement; and (iv) any subsequent transferee of any of the foregoing with respect to any Assets of the Debtors; provided, further, that recovery on account of any Causes of Action against the Specified Directors and Officers, solely with respect to D&O Claims, shall be subject to the limitations set forth in Section 11.11.

"*Specified Directors and Officers*" means any person who is a director of any of the Debtors on the Effective Date and any person who was an officer of any of the Debtors immediately prior to the closing of the Sale Transaction, each in their capacity as a director or officer of the Debtors, as applicable.

"*D&O Claim*" means any Preserved Cause of Action against the Specified Directors and Officers.

#### Section 11.7 of the Plan: Term of Injunctions or Stays

Unless otherwise provided herein, the Confirmation Order, or in a Final Order of the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

---

[3] The provisions herein are qualified in their entirety by reference to the Plan.

## Section 11.8 of the Plan: Injunction

(a)    Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

(b)    Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, with respect to such Claims and Interests, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors or the Liquidating Trustee or against property or interests in property of any of the Debtors or the Liquidating Trustee; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)    By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth in this Section 11.8.

(d)    The injunctions in this Section 11.8 shall extend to any successors of the Debtors and their respective property and interests in property.

## Section 11.9 of the Plan: Releases

(a)    **Debtor Releases**. As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect after the Effective Date, for good and valuable consideration, on and after the Effective Date, the Released Parties shall be deemed released and discharged, by the Debtors, the Liquidating Trustee, and the Estates, and any Entity seeking to exercise the rights of or on behalf of the Estates, and any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, from any and all Causes of Action that the Debtors, the Liquidating Trustee, or the Debtors' Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the conduct of the Debtors' businesses, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the

14

restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan, and the Definitive Documents, or any related agreements, instruments, or other documents, and the negotiation, formulation, or preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, or other event taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(a) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that nothing shall be construed to release the Released Parties from any Canadian Causes of Action.  For the avoidance of doubt, nothing herein shall release any Claim or Cause of Action that is expressly preserved and not released pursuant to the terms of the Asset Purchase Agreement.

(b)        **Third Party Releases**.  As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect after the Effective Date (including the right of the Liquidating Trust Board to prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any Preserved Causes of Action, including the Specified Causes of Action), for good and valuable consideration, on and after the Effective Date, in accordance with section 1141 of the Bankruptcy Code, each of the Released Parties shall be deemed released and discharged, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, except as otherwise provided herein, by each of the following (all such persons or Entities, the "**Releasing Parties**"):

(i)        the holders of all Claims or Interests who vote to accept or are presumed to accept the Plan,

(ii)        the holders of Claims or Interests who reject the Plan or abstain from voting on the Plan but do not opt out of these releases on the Ballots,

(iii)        each of the Released Parties (other than the Debtors), and

(iv)        with respect to any entity in the foregoing clauses (i) through (iii), (x) such entity's predecessors, successors, and assigns, and (y) all persons entitled to assert Claims through or on behalf of such entities with respect to the matters for which the releasing entities are providing releases.

in each case, from any and all Causes of Action that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the Plan, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the Sale Transaction, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (other than assumed contracts or leases), the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments or other documents, or the solicitation of votes with respect to the Plan, in all cases based upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(b) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that, nothing in this Section 11.9(b) shall be construed to release any Claim or Cause of Action relating to or arising from the Sale Transaction following entry of the Sale Order by the Bankruptcy Court.  The

Releasing Parties shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 11.9(b) against each of the Released Parties.

## Section 11.10 of the Plan: Exculpation

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Commencement Date in connection with or arising out of the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement; the negotiation and pursuit of the Disclosure Statement, the restructuring transactions, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Distribution of any securities issued or to be issued pursuant to the Plan, whether or not such Distributions occur following the Effective Date; the occurrence of the Effective Date, negotiations regarding or concerning any of the foregoing; or the administration of the Plan or property to be distributed under the Plan; the wind down of the businesses of any of the Debtors; or the transactions in furtherance of any of the foregoing; except for acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute fraud, gross negligence, criminal misconduct or willful misconduct. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

## Section 11.10 of the Plan: Limitations on Executable Assets with Respect to the D&O Claims

Any recovery by or on behalf of the Liquidating Trust (and the beneficiaries thereof) on account of any Preserved Cause of Action against any of the Specified Directors and Officers, solely in his or her capacity as a director of the Debtors prior to the Effective Date, or officer of the Debtors prior to the closing of the Sale Transaction, as applicable, including in each case by way of settlement or judgment, shall be limited to the Debtors' available D&O Policies' combined limits, after payment from such D&O Policies of any and all covered costs and expenses incurred by the covered parties in connection with the defense of any D&O Claim (the "**Insurance Coverage**"). No party, including the Liquidating Trustee, shall execute, garnish or otherwise attempt to collect on any settlement of or judgment in the D&O Claims upon any assets of the Specified Directors and Officers except to the extent necessary to trigger the Insurance Coverage. In the event Insurance Coverage is denied for any settlement or judgment in the Liquidating Trust's favor, the Specified Directors and Officers shall assign any claims for coverage or other rights of recovery they may have against the D&O Policy insurers to the Liquidating Trust.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Amount of Class 4 – General Unsecured Claims.**  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of [_____], 2019, the undersigned holds a Class 4 – General Unsecured Claims against the Debtor listed below in the aggregate amount set forth below.

**Claim Amount:**[1]   $_____

**Debtor:**   _____

**Item 2.  Vote on the Plan**.  The undersigned holder of a Class 4 – General Unsecured Claims in the amount set forth in Item 1 above hereby votes to:

**Check one box**:   ☐   Accept the Plan

                    ☐   Reject the Plan

**Since the Plan consists of separate Chapter 11 Plans for each of the Debtors, your vote in Item 2 above will be applied to each applicable Debtor and in all applicable Classes in the same manner as indicated in Item 2.**

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE RELEASES FOUND IN SECTION 11.9 OF THE PLAN (REPRODUCED BELOW) REGARDLESS OF WHETHER YOU CHECK THE BOX IN ITEM 3 BELOW.  IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN AND SUBMIT A BALLOT WITHOUT CHECKING THE BOX IN ITEM 3 BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN SECTION 11.9 OF THE PLAN.  IF YOU FAIL TO SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASES FOUND IN SECTION 11.9 OF THE PLAN.**

**IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN, YOU MUST OPT OUT OF THE RELEASES PROVIDED IN SECTION 11.9 OF THE PLAN BY CHECKING THE BOX IN ITEM 3 BELOW, IN ORDER TO NOT BE BOUND BY SUCH RELEASES.**

---

[1] The amount indicated here is only for voting purposes and subject to the Voting Agent's tabulation rules.

**Item 3.  Optional Release Election.  COMPLETE THIS ITEM 3 ONLY IF YOU VOTED TO REJECT THE PLAN OR ARE ABSTAINING FROM VOTING ON THE PLAN IN ITEM 2 ABOVE.**

Check this box if you elect <u>not</u> to grant the releases contained in Section 11.9 of the Plan. Election to withhold consent is your option.

☐    The undersigned elects <u>not</u> to grant the releases contained in Section 11.9 of the Plan.

**Item 4.    Acknowledgements and Certification.**    By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Order approving the Disclosure Statement without exhibits.  The undersigned certifies that (i) it is the holder of the Class 4 – General Unsecured Claims identified in Item 1 above, and/or (ii) it has full power and authority to vote to accept or reject the Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Order approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant:    _____

Signature:    _____

Name of Signatory (if different than claimant):    _____

If by Authorized Agent, Title of Agent:    _____

Street Address:    _____

City, State, Zip Code:    _____

Telephone Number:    _____

E-mail Address:    _____

Date Completed:    _____

Please check one <u>or both</u> of the below boxes if the above address is a change of address for the purpose(s) of:

☐    Future notice mailings in these chapter 11 cases; and/or

☐    Distributions, if any, upon your Claim in these chapter 11 cases.

**<u>Exhibit D-5</u>**

**Form of General Ballot for
Class 5 – ESL Unsecured Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                            :
In re                                       :        **Chapter 11**
                                            :
**SEARS HOLDINGS CORPORATION**, *et al.*,   :        **Case No. 18-23538 (RDD)**
                                            :
         Debtors.[1]                        :        **(Jointly Administered)**
                                            :
---------------------------------------------------------------x

### GENERAL BALLOT
### FOR ACCEPTING OR REJECTING JOINT CHAPTER 11 PLAN OF
### SEARS HOLDINGS CORPORATION AND ITS AFFILIATED DEBTORS

### BALLOT FOR: CLASS 5 – ESL UNSECURED CLAIMS

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS
CAREFULLY BEFORE COMPLETING THIS BALLOT.**

---

**TO HAVE YOUR VOTE COUNTED TOWARD CONFIRMATION OF THE PLAN (AS DEFINED BELOW), YOU MUST COMPLETE, SIGN, AND RETURN THIS BALLOT (THE "BALLOT") SO THAT THIS BALLOT IS ACTUALLY RECEIVED BY PRIME CLERK, LLC (THE "VOTING AGENT") PRIOR TO 5:00 P.M., PREVAILING EASTERN TIME ON [_____], 2019 (THE "VOTING DEADLINE") UNLESS EXTENDED BY THE DEBTORS.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

This Ballot is provided to you by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), to solicit your vote to accept or reject the *Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors*, dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Plan**").[2]   The Plan is attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Sears Holdings Corporation  and Its Affiliated Debtors*, dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Disclosure Statement**") (ECF No. [___]), which accompanies this Ballot. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. You should review the Disclosure Statement and the Plan in their entirety before you vote. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan.

If you have any questions on how to properly complete this Ballot, please call the Voting Agent at (844) 384-4460 (domestic toll-free) or (929) 955-2419 (international).   **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**This Ballot is to be used for voting by holders of certain Claims in Class 5 – ESL Unsecured Claims.**

This Ballot should not be sent to the Debtors, the Bankruptcy Court, or the Debtors' financial or legal advisors.

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, the Class 5 – ESL Unsecured Claims.

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**INSTRUCTIONS FOR COMPLETING THE BALLOT**

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement, including all exhibits thereto. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**To have your vote counted, you must complete, sign, and return this Ballot so that it its received by the Voting Agent no later than the Voting Deadline, unless such time is extended by the Debtors. Ballots must be delivered to the Voting Agent (i) at an appropriate address listed below or (ii) via the Voting Agent's E-Ballot platform by visiting <u>https://restructuring.primeclerk.com/sears</u>, clicking on the "E-Ballot" link and following the instructions set forth on the website. Holders are encouraged to submit their Ballots via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well. Please choose only one method of return for your Ballot.**

<div style="border:1px solid">

**<u>If by standard or overnight mail or hand delivery:</u>**

Sears Holdings Corporation Ballot Processing
c/o Prime Clerk, LLC
850 Third Avenue, Suite 412
Brooklyn, New York 11232
*(Voting Agent's physical address
subject to change before solicitation mailing*)

**<u>If by electronic submission:</u>**

Visit  <u>https://restructuring.primeclerk.com/sears</u>. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should <u>not</u> also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:**

_____

**<u>"E-Balloting" is the sole manner in which Ballots will be accepted via electronic transmission.</u>**

</div>

**Ballots will not be accepted by e-mail, telecopy, facsimile, or other electronic means of transmission (except via the Voting Agent's E-Ballot platform).**

**The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the voting creditor, (ii) any Ballot cast by a Person that does not hold a Claim in a Class entitled to vote on the Plan, (iii) any Ballot that does not contain an original signature (for the avoidance of doubt, Ballots submitted through E-Ballot shall be deemed as containing an original signature), (iv) any Ballot cast for a Claim identified in the Debtors' schedules of liabilities as unliquidated, contingent, or disputed for which no proof of Claim was timely filed; and (v) any Ballot transmitted to the Voting Agent by e-mail, facsimile, or electronic transmission, or other electronic means other than E-Ballot. An otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.**

To properly complete the Ballot, you must follow the procedures described below:

a.   Make sure that the information contained in Item 1 is correct;

b.   If you have an Other Claim in Class 5 – ESL Unsecured Claims, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.   If you vote to reject the Plan or abstain from voting on the Plan and elect to opt-out of the releases contained in Section 11.9 of the Plan, you must check the box in Item 3.  Election to withhold consent is at your option.  The failure to do so, whether or not you vote on the Plan, will be deemed your consent to the releases contained in Section 11.9 of the Plan to the fullest extent permitted by applicable law. Holders of Claims who accept the Plan may not opt-out of the releases contained in Section 11.9 of the Plan.

d.   If you vote to accept the Plan by checking the "accept" box in Item 2, but you also check the box in Item 3, your election to opt-out with respect to the releases contained in Section 11.9 of the Plan will not be counted, as your vote in favor of the Plan shall be deemed a consent to the releases set forth in Section 11.9 of the Plan to the fullest extent permitted by applicable law.

e.   If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4.  By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

f.   If you hold other Class 5 – ESL Unsecured Claims, or Claims in other Classes you may receive more than one Ballot. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you

complete, sign, and return the Ballot labeled for such Class of Claims in accordance with the instructions on that Ballot. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive;

g.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan;

h.      If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Voting Agent will be counted, unless the holder of the Claim receives Bankruptcy Court approval otherwise;

i.      If you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

j.      Provide your name, mailing address, and any remaining information requested;

k.      Sign and date your Ballot; and

l.      Return your Ballot with an original signature to the Voting Agent. For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

No Ballot shall constitute or be deemed a proof of Claim or an assertion of Claim.

In the event that (i) the Debtors revoke or withdraw the Plan or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THIS BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (III) DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR (IV) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (844) 384-4460 (DOMESTIC TOLL-FREE) OR (929) 955-2419 (INTERNATIONAL), OR BY E-MAILING SEARSBALLOTS@PRIMECLERK.COM WITH A REFERENCE TO "SEARS" IN THE SUBJECT LINE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

## IMPORTANT INFORMATION REGARDING THE DISCHARGE, INJUNCTION, RELEASES, AND EXCULPATIONS IN THE PLAN[1]

### Select Plan Provisions

#### Select Defined Terms

"*Exculpated Parties*" means collectively: (a) the Debtors; (b) the Creditors' Committee and each of its members; and (c) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that ESL Parties shall not be Exculpated Parties under the Plan. For the avoidance of doubt, each of the Debtors' post-Commencement Date directors, officers, and employees (other than the ESL Parties) shall be Exculpated Parties under the Plan.

"*Related Parties*" means with respect to any Released Party or Exculpated Party, such Party's successors and assigns, managed accounts or funds, and all of their respective postpetition officers, postpetition directors, postpetition principals, postpetition employees, postpetition agents, postpetition trustees, postpetition advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and persons' respective heirs, executors, estates, servants, and nominees, including the Restructuring Committee, Restructuring Subcommittee, and each of its respective members; provided, that, any ESL Party shall not be a Related Party.

"*Released Parties*" means in each case, solely in their capacities as such: (a) the Debtors; (b) the Creditors' Committee and each of its members; (c) the Liquidating Trustee; (d) the Liquidating Trust Board; and (e) with respect to each of the foregoing entities in clauses (a) through (b), all Related Parties; provided, that the following entities shall not be "Released Parties" under the Plan: (i) the ESL Parties; (ii) any person or Entity against which any action has been commenced on behalf of the Debtors or their Estates, in this Bankruptcy Court or any court of competent jurisdiction prior to the Confirmation Hearing; (iii) any Entity identified as a defendant or a potential defendant of an Estate Cause of Action in the Plan Supplement; and (iv) any subsequent transferee of any of the foregoing with respect to any Assets of the Debtors; provided, further, that recovery on account of any Causes of Action against the Specified Directors and Officers, solely with respect to D&O Claims, shall be subject to the limitations set forth in Section 11.11.

"*Specified Directors and Officers*" means any person who is a director of any of the Debtors on the Effective Date and any person who was an officer of any of the Debtors immediately prior to the closing of the Sale Transaction, each in their capacity as a director or officer of the Debtors, as applicable.

"*D&O Claim*" means any Preserved Cause of Action against the Specified Directors and Officers.

#### Section 11.7 of the Plan: Term of Injunctions or Stays

Unless otherwise provided herein, the Confirmation Order, or in a Final Order of the Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

---

[1] The provisions herein are qualified in their entirety by reference to the Plan.

**Section 11.8 of the Plan: Injunction**

       (a)      Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

       (b)      Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, with respect to such Claims and Interests, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or the Liquidating Trustee or the property of any of the Debtors or the Liquidating Trustee, (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors or the Liquidating Trustee or against property or interests in property of any of the Debtors or the Liquidating Trustee; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

       (c)      By accepting Distributions pursuant to the Plan, each holder of an Allowed Claim extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth in this Section 11.8.

       (d)      The injunctions in this Section 11.8 shall extend to any successors of the Debtors and their respective property and interests in property.

**Section 11.9 of the Plan: Releases**

       (a)      **Debtor Releases**. As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect after the Effective Date, for good and valuable consideration, on and after the Effective Date, the Released Parties shall be deemed released and discharged, by the Debtors, the Liquidating Trustee, and the Estates, and any Entity seeking to exercise the rights of or on behalf of the Estates, and any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, from any and all Causes of Action that the Debtors, the Liquidating Trustee, or the Debtors' Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the conduct of the Debtors' businesses, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the

restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan, and the Definitive Documents, or any related agreements, instruments, or other documents, and the negotiation, formulation, or preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, or other event taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(a) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that nothing shall be construed to release the Released Parties from any Canadian Causes of Action.  For the avoidance of doubt, nothing herein shall release any Claim or Cause of Action that is expressly preserved and not released pursuant to the terms of the Asset Purchase Agreement.

(b)    **Third Party Releases**.  As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect after the Effective Date (including the right of the Liquidating Trust Board to prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any Preserved Causes of Action, including the Specified Causes of Action), for good and valuable consideration, on and after the Effective Date, in accordance with section 1141 of the Bankruptcy Code, each of the Released Parties shall be deemed released and discharged, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, except as otherwise provided herein, by each of the following (all such persons or Entities, the "**Releasing Parties**"):

(i)    the holders of all Claims or Interests who vote to accept or are presumed to accept the Plan,

(ii)    the holders of Claims or Interests who reject the Plan or abstain from voting on the Plan but do not opt out of these releases on the Ballots,

(iii)    each of the Released Parties (other than the Debtors), and

(iv)    with respect to any entity in the foregoing clauses (i) through (iii), (x) such entity's predecessors, successors, and assigns, and (y) all persons entitled to assert Claims through or on behalf of such entities with respect to the matters for which the releasing entities are providing releases.

in each case, from any and all Causes of Action that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Estates, the Plan, the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement, the Sale Transaction, the purchase, sale or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (other than assumed contracts or leases), the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments or other documents, or the solicitation of votes with respect to the Plan, in all cases based upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, that, nothing in this Section 11.9(b) shall be construed to release the Released Parties from gross negligence, willful misconduct, criminal misconduct or intentional fraud as determined by a Final Order by a court of competent jurisdiction; provided, further, that, nothing in this Section 11.9(b) shall be construed to release any Claim or Cause of Action relating to or arising from the Sale Transaction following entry of the Sale Order by the Bankruptcy Court.  The

Releasing Parties shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 11.9(b) against each of the Released Parties.

(c)      **PBGC Release**. As of the Effective Date, to the maximum extent permitted by applicable law,

(i)      the Debtors, the Liquidating Trustee, the Liquidating Trust, and the Estates, and any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, and the Debtors' professionals, employees, officers, directors, attorneys, financial advisors, representatives, administrators, and all persons or entities acting by, through, or in any way on behalf of the Debtors, for good and valuable consideration, shall be deemed to be absolutely, unconditionally, and irrevocably released and forever discharged by the PBGC and the Pension Plans from any and all pension funding Claims, UBL Claims, and any Causes of Action based on or relating to the PBGC Agreements other than the Allowed PBGC Unsecured Claims or the PBGC Liquidating Trust Priority Interest; provided, that, notwithstanding the foregoing, or any contrary term in any Definitive Document (including, without limitation, any ballot executed by PBGC in connection with a Chapter 11 Plan), all of PBGC's claims and rights under the PBGC Agreements and all related agreements (each as amended), pension funding Claims, UBL Claims, other claims, and any causes of action against non-Debtor third parties (including, without limitation, any ESL Party or any other party to any PBGC Agreement) and non-Debtor members of the SHC controlled group, including, without limitation, KCD IP, LLC and Sears Reinsurance Company, Ltd., shall remain in full force and effect and not impaired in any respect whatsoever; provided, further, for the avoidance of doubt, that nothing in the Definitive Documents shall in any way release, affect, or impair any lien or security interest held by PBGC as a result of any PBGC Agreement; and

(ii)      the Debtors, the Liquidating Trustee, the Liquidating Trust, the Estates, and any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, for good and valuable consideration, shall be deemed to have absolutely, unconditionally, and irrevocably released and forever discharged the Pension Plans, any of the Pension Plans' assets, PBGC, and PBGC's professionals, employees, officers, directors, attorneys, financial advisors, representatives, administrators, and all persons or entities acting by, through, or in any way on behalf of PBGC, of and from any and all Causes of Action (including, without limitation, all Causes of Action based on or relating to the PBGC Agreements or arising pursuant to 11 U.S.C. §§ 544-550), claims, debts, defenses, set off or recoupment rights, liabilities, costs, attorneys' fees, actions, suits at law or equity, demands, contracts, expenses, and damages, of any kind or nature whatsoever; provided that nothing contained herein releases any claims of any non-Debtors as against PBGC; provided, further, that nothing shall be construed to release any party from any Canadian Causes of Action.

(d)      Notwithstanding anything to the contrary herein, nothing in the Plan shall limit the liability of professionals to their clients pursuant to applicable law.

## Section 11.10 of the Plan: Exculpation

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit,

9

judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Commencement Date in connection with or arising out of the filing and administration of the Chapter 11 Cases, including the Asset Purchase Agreement; the negotiation and pursuit of the Disclosure Statement, the restructuring transactions, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Distribution of any securities issued or to be issued pursuant to the Plan, whether or not such Distributions occur following the Effective Date; the occurrence of the Effective Date, negotiations regarding or concerning any of the foregoing; or the administration of the Plan or property to be distributed under the Plan; the wind down of the businesses of any of the Debtors; or the transactions in furtherance of any of the foregoing; except for acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute fraud, gross negligence, criminal misconduct or willful misconduct. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

### Section 11.10 of the Plan: Limitations on Executable Assets with Respect to the D&O Claims

Any recovery by or on behalf of the Liquidating Trust (and the beneficiaries thereof) on account of any Preserved Cause of Action against any of the Specified Directors and Officers, solely in his or her capacity as a director of the Debtors prior to the Effective Date, or officer of the Debtors prior to the closing of the Sale Transaction, as applicable, including in each case by way of settlement or judgment, shall be limited to the Debtors' available D&O Policies' combined limits, after payment from such D&O Policies of any and all covered costs and expenses incurred by the covered parties in connection with the defense of any D&O Claim (the "Insurance Coverage"). No party, including the Liquidating Trustee, shall execute, garnish or otherwise attempt to collect on any settlement of or judgment in the D&O Claims upon any assets of the Specified Directors and Officers except to the extent necessary to trigger the Insurance Coverage. In the event Insurance Coverage is denied for any settlement or judgment in the Liquidating Trust's favor, the Specified Directors and Officers shall assign any claims for coverage or other rights of recovery they may have against the D&O Policy insurers to the Liquidating Trust.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Amount of Class s – PBGC Claims.**  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of [_____], 2019, the undersigned holds a Class 3 – PBGC Priority Claim.

| | |
|---|---|
| **Claim Amount**:[2] | $_____ |
| **Debtor**: | _____ |

**Item 2.  Vote on the Plan**.  The undersigned holder of a Class 3 – PBGC Priority Claim in the amount set forth in Item 1 above hereby votes to:

**Check one box**:          ☐          Accept the Plan

                                  ☐          Reject the Plan

**Since the Plan consists of separate Chapter 11 Plans for each of the Debtors, your vote in Item 2 above will be applied to each applicable Debtor and in all applicable Classes in the same manner as indicated in Item 2**

---

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE RELEASES FOUND IN SECTION 11.9 OF THE PLAN (REPRODUCED BELOW) REGARDLESS OF WHETHER YOU CHECK THE BOX IN ITEM 3 BELOW.  IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN AND SUBMIT A BALLOT WITHOUT CHECKING THE BOX IN ITEM 3 BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN SECTION 11.9 OF THE PLAN.  IF YOU FAIL TO SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASES FOUND IN SECTION 11.9 OF THE PLAN.**

**IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN, YOU MUST OPT OUT OF THE RELEASES PROVIDED IN SECTION 11.9 OF THE PLAN BY CHECKING THE BOX IN ITEM 3 BELOW, IN ORDER TO NOT BE BOUND BY SUCH RELEASES.**

---

[2] The amount indicated here is only for voting purposes and subject to the Voting Agent's tabulation rules.

**Item 3. Optional Release Election. COMPLETE THIS ITEM 3 ONLY IF YOU VOTED TO REJECT THE PLAN OR ARE ABSTAINING FROM VOTING ON THE PLAN IN ITEM 2 ABOVE.**

Check this box if you elect <u>not</u> to grant the releases contained in Section 11.9 of the Plan. Election to withhold consent is your option.

&#9744;    The undersigned elects <u>not</u> to grant the releases contained in Section 11.9 of the Plan.

**Item 4. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Order approving the Disclosure Statement without exhibits. The undersigned certifies that (i) it is the holder of the Class 3 – PBGC Priority Claim identified in Item 1 above, and/or (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Order approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

Please check one <u>or both</u> of the below boxes if the above address is a change of address for the purpose(s) of:

&#9744;    Future notice mailings in these chapter 11 cases; and/or

&#9744;    Distributions, if any, upon your Claim in these chapter 11 cases.

12

**<u>Exhibit E</u>**

**Notice of Non-Voting Status – Unimpaired Classes**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                      :
In re                                 :     Chapter 11
                                      :
SEARS HOLDINGS CORPORATION, et al.,   :     Case No. 18-23538 (RDD)
                                      :
              Debtors.¹               :     (Jointly Administered)
                                      :
-------------------------------------------------------------x
```

<u>**NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES**</u>

       **PLEASE TAKE NOTICE THAT** on [_____], 2019, the United States
Bankruptcy Court for the Southern District of New York approved the *Disclosure Statement for*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Disclosure Statement**") filed by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for use by the Debtors in soliciting acceptances or rejections of the *Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Plan**"), from holders of impaired Claims against the Debtors (each, as defined in the Plan), who are (or may be) entitled to receive distributions under the Plan.

        **UNDER THE TERMS OF THE PLAN, YOUR CLASS 1 – PRIORITY NON-TAX CLAIMS AND/OR CLASS 2 – OTHER SECURED CLAIMS AGAINST THE DEBTORS ARE NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) PRESUMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN WITH RESPECT TO YOUR CLASS 1 – PRIORITY NON-TAX CLAIMS OR CLASS 2 – OTHER SECURED CLAIMS.**

        **IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), OR WISH TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT, PLEASE CONTACT THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC, BY ONE OF THE METHODS BELOW.  THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

| | |
|---|---|
| **If by standard or overnight mail or hand delivery:**<br><br>Sears Holdings Corporation Ballot Processing<br>c/o Prime Clerk, LLC<br>850 Third Avenue, Suite 412<br>Brooklyn, New York 11232<br><br>**If by telephone:**<br><br>(844) 384-4460 (domestic toll-free) or<br>(929) 955-2419 (international) | **If by e-mail to:**<br><br>SearsBallots@primeclerk.com with a reference to "Sears" in the subject line |

Dated: _____, 2019
      New York, New York

               _____

               WEIL, GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, New York  10153
               Telephone:  (212) 310-8000
               Facsimile:  (212) 310-8007
               Ray C. Schrock, P.C.
               Jacqueline Marcus
               Garrett A. Fail
               Sunny Singh

               *Attorneys for Debtors*
               *and Debtors in Possession*

## **Exhibit F**

**Notice of Non-Voting Status – Impaired Classes**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11
                                        :
SEARS HOLDINGS CORPORATION, et al.,     :    Case No. 18-23538 (RDD)
                                        :
                Debtors.¹               :    (Jointly Administered)
                                        :
-------------------------------------------------------------x
```

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

## NOTICE OF NON-VOTING STATUS TO IMPAIRED CLASSES[2]

**PLEASE TAKE NOTICE THAT** on [_____], 2019, the United States Bankruptcy Court for the Southern District of New York approved the *Disclosure Statement for Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Disclosure Statement**") filed by Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for use by the Debtors in soliciting acceptances or rejections of the *Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors* dated [_____], 2019 (as it may be amended, modified, and supplemented, the "**Plan**"), from holders of impaired Claims against, and Interests in (each, as defined in the Plan), who are (or may be) entitled to receive distributions under the Plan.

**UNDER THE TERMS OF THE PLAN, YOUR CLASS 8 – SUBORDINATED SECURITIES CLAIMS AND/OR CLASS 9 – EXISTING SHC EQUITY INTERESTS IN, THE DEBTORS ARE IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) PRESUMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN WITH RESPECT TO YOUR CLASS 8 – SUBORDINATED SECURITIES CLAIMS AND/OR CLASS 9 – EXISTING SHC EQUITY INTERESTS.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTERESTS, OR WISH TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT, PLEASE CONTACT THE DEBTORS' VOTING AGENT, PRIME CLERK, LLC, BY ONE OF THE METHODS BELOW.  THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

| **If by standard, or overnight mail, or hand delivery:** | **If by e-mail to:** |
|---|---|
| Sears Holdings Corporation Ballot Processing c/o Prime Clerk, LLC 850 Third Avenue, Suite 412 Brooklyn, New York 11232 | SearsBallots@primeclerk.com with a reference to "Sears" in the subject line |
| **If by telephone:** | |
| (844) 384-4460 (domestic toll-free) or (929) 955-2419 (international) | |

---

[2] The Impaired Classes that are not entitled to vote under the Plan are Class 6 – Intercompany Claims, Class 7 – Intercompany Interests, Class 8 – Subordinated Securities Claims, and Class 9 – Existing SHC Equity Interests.

Dated: _____, 2019
        New York, New York

_____
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*