PIERCE ATWOOD LLP
Keith J. Cunningham, Esq.
Jacob A. Manheimer, Esq.
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
Telephone: (207) 791-1100
Facsimile: (207) 791-1350
Email: kcunningham@pierceatwood.com
         jmanheimer@pierceatwood.com

*Attorneys for BlueTarp Financial, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**BLUETARP FINANCIAL, INC.'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL CONTRACTS [DOC. NO. 3123]**

BlueTarp Financial, Inc. ("BlueTarp"), by and through its undersigned counsel, files the following limited objection and reservation of rights to the proposed assumption and assignment of its contract with the Debtors, notice of which was filed by the above-captioned debtors and debtors-in-possession (the "Debtors") on April 10, 2019, in their Notice of Assumption and Assignment of Additional Contracts [Doc. No. 3123, at 10] (the "Assumption Notice").[1] In support of this limited objection and reservation of rights, BlueTarp states as follows:

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Assumption Notice.

{W7228569.1}

## **PRELIMINARY STATEMENT**

BlueTarp objects to the Assumption Notice because it proposes, presumably by oversight, to assume only the "Second Amendment to Private Label Trade Credit Marketing Agreement" with Sears Holding Management Corporation and "all applicable supplements, amendments, and/or addenda" (collectively, the "Second Amendment"). The Second Amendment, however, does not amend and restate in its entirety the Private Label Trade Credit Program Agreement entered into by Sears Holding Management Corporation, on behalf of itself and as agent for Sears, Roebuck & Company and Kmart, Inc. (collectively, "Sears"), and BlueTarp as of April 20, 2011 (including all amendments, the "Contract"). Nor does the Second Amendment incorporate by reference all of the terms of the Contract or contain rights, duties or obligations that are independent of the terms of the contract it amends. As a result, because the Second Amendment is not divisible from the other terms of the Contract, Debtors must assume the entirety of the Contract, not just the Second Amendment.

In addition, while no default currently exists under the Contract for which a "Cure Amount" is due, the commencement on March 23, 2019, of an avoidance action against BlueTarp by a Chapter 7 trustee could in the future lead to a default for which a cure amount would be due. Accordingly, to avoid any surprises and eliminate any uncertainty regarding the parties' respective rights and obligations with respect to the avoidance claims, BlueTarp requests that any order approving assumption of the Contract expressly provide that all of the terms of the Contract, including, without limitation, all terms governing Sears' indemnification obligations and BlueTarp's chargeback rights, shall, upon the effective date of Debtors' assumption and subsequent assignment of the Contract to Buyer, be unimpaired by the assumption and assignment and enforceable against Buyer in accordance with their terms.

{W7228569.1}                                2

## BACKGROUND

A.   Debtor's Assumption Notice

1.   On or about October 15, 2018, Debtors filed voluntary petitions for Chapter 11 relief in the United States Bankruptcy Court for the Southern District of New York.

2.   On January 31, 2019, Debtors filed the Second Supplemental Notice. The contract schedule attached to the Second Supplemental Notice identified, as a potential contract to be assumed by Buyer, the "Second Amendment to Private Label Trade Credit Marketing Agreement" between Sears and BlueTarp. A true and correct copy of page 10 of the Second Supplemental Notice is attached hereto as Exhibit A.

3.   On April 10, 2019, Debtors filed the Assumption Notice. The contract schedule attached to the Assumption Notice identifies the Second Amendment to Private Label Trade Credit Marketing Agreement "and all applicable supplements, amendments, and/or addenda" as a contract that Buyer has elected to assume. A true and correct copy of page 11 of the Assumption Notice is attached hereto as Exhibit B.

B.   The Avoidance Action Filed on March 23, 2019 Against BlueTarp

4.   On March 23, 2019, the Chapter 7 trustee of the bankruptcy estate of Mack Industries, Ltd. (the "Mack trustee") commenced suit against BlueTarp to avoid and recover allegedly fraudulent transfers made to BlueTarp by Mack Industries. See *Peterson v. BlueTarp Financial, Inc. (In re Mack Industries, Ltd.)*, Case No. 17-09308, Adv. No. 19-00574 (Bankr. N.D. Ill.).

5.   The Mack trustee's claims are asserted under sections 544, 548 and 550 of the Bankruptcy Code and various provisions of the Illinois Uniform Fraudulent Transfer Act.

6.   The Mack trustee's complaint against BlueTarp seeks to avoid and recover at least $379,356.78.

{W7228569.1}                                         3

7. All of the transfers the Mack trustee seeks to avoid and recover arise from transactions in which Mack Industries (d/b/a Mack Companies) purchased product from a Sears Participating Merchant using its Sears Commercial Pro account. Under the terms of the Contract, BlueTarp acted solely as a servicer of Mack Industries' Sears Commercial Pro account.

8. Among other things, the Mack Industries trustee alleges that Mack Industries paid at least $379,356.78 to BlueTarp for goods and/or services received by related entities of Mack Industries and/or by principals of Mack Industries, and not by Mack Industries itself. The Mack trustee asserts claims for actual and constructive fraud.

9. BlueTarp had no knowledge of the claims asserted by the Mack trustee until the Mack trustee served his complaint on BlueTarp.

10. Pursuant to section 12.3(a)(i) of the Contract, BlueTarp is required to provide prompt notice to Sears of any action filed against it for which it seeks to be indemnified, defended and held harmless.

11. Under the terms of the Contract, BlueTarp is entitled to be indemnified, defended and held harmless "from and against any Losses arising out of third party claims . . . connected with or resulting from the following, to the extent not caused by an act or omission of a BlueTarp Party: (a) any Merchandise . . . sold at Sears Participating Merchants; . . . (c) any agreement, arrangement, understanding or course of dealing between Sears or its Affiliates and any third party . . .; . . . [and] (e) any material breach of a covenant, representation or warranty herein or any material breach of the Merchant Terms and Conditions or Operating Procedures by Sears or its Affiliates or by a Sears Participating Merchant . . . ."[2]

---

[2] The term "Losses" includes amounts paid in settlement and reasonable legal fees and costs imposed upon or incurred by BlueTarp.

{W7228569.1}    4

12. In addition, the Contract allows BlueTarp to chargeback for (a) any Merchandise billed to, but not received by, the Customer, and (b) any transactions submitted under the Sears Commercial Pro program determined by BlueTarp in its reasonable discretion to be fraudulent or unauthorized.

13. BlueTarp may also initiate a chargeback if a transaction "is unauthorized . . . or fraudulent . . . or is subject to any claim of illegality, negligence or dishonesty."

14. On April 17, 2019, BlueTarp provided written notice to Sears of the claims asserted against BlueTarp by the Mack trustee.

15. BlueTarp requested in its April 17 notice to Sears that it let BlueTarp know as soon as possible, and in no event later than the 30-day response deadline set forth in section 12.3(b) of the Contract, whether it wished to exercise its right to employ counsel and assume the defense of BlueTarp in the adversary proceeding commenced against BlueTarp by the Mack trustee.

**LIMITED OBJECTIONS**

A. <u>Debtor's Must Assume the Entire Contract, Not Just the Second Amendment</u>

16. The Second Amendment, which like the original contract and first amendment was executed by Sears and BlueTarp, does not amend and restate the Contract, nor does it incorporate by reference all of the terms of the Contract or contain rights, duties or obligations that are independent of the terms of the contract it amends. Rather, it is a four-page amendment (excluding the signature page) that amends specific sections of the significantly more voluminous original contract, as amended by its first amendment. The Second Amendment is, as a result, entirely dependent upon those earlier agreements. In addition, it ratifies those earlier agreements, expressly providing that "the Agreement as amended by the Amendment shall remain in full, force and effect and is hereby ratified, affirmed and confirmed."

17. Because the Second Amendment is not divisible from the other terms of the Contract, Debtors must assume the entirety of the Contract, not just the Second Amendment. *See In re Contract Research Solutions, Inc.*, 2013 WL 1910286 (Bankr. D. Del. May 1, 2013) (finding third amendment to real property lease not severable from prior two amendments because (i) the third amendment explicitly stated that it amended and ratified the lease, (ii) the obligations in the lease and the third amendment involved the same two parties and the same subject matter, and (iii) the parties' obligations were mutually dependent and interrelated).

B.  Buyer's Assumption, Via Assignment, Is Subject to all Contractual Terms, Including the Indemnification and Chargeback Terms as Applied to the Mack Trustee's Claims

18. Debtors (and Buyer should it be their assignee) take the Contract *cum onere* – subject to existing burdens. Debtors cannot assume the favorable portions, and reject the unfavorable provisions, of the Contract. *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 172 (Bankr. E.D. Va. 1993). If Buyer assumes the Contract, then BlueTarp is entitled to the full benefit of its bargain under the Contract. *See Matter of Superior Toy and Mfg. Co., Inc.*, 78 F.3d 1169 (7th Cir. 1996).

19. The "full benefit of the bargain" principle includes assumption of indemnification obligations currently existing and that may arise in the future, even if the events or transactions giving rise to such obligations arose prior to assumption. Similarly, it includes taking the Contract subject to BlueTarp's chargeback rights, even if the events or transactions giving rise to those chargeback rights arose prior to assumption.

20. Accordingly, any order approving assumption of the Contract should provide that all of the terms of the Contract, including, without limitation, all terms governing indemnification obligations of Debtors and BlueTarp's chargeback rights, shall, upon the

effective date of Debtors' assumption and assignment of the Contract to Buyer, be unimpaired by the assumption and assignment and enforceable against Buyer in accordance with their terms.

## RESERVATION OF RIGHTS

21.  BlueTarp reserves the right to supplement this Limited Objection should additional facts come to its attention after the date hereof that might bear on any additional charges, obligations and costs (including attorney's fees and expenses) that may arise under the terms of the Contract and constitute, or with the passage of time may constitute, a cure amount.

**WHEREFORE**, for the reasons set forth above, BlueTarp respectfully requests that the Court sustain this objection by (1) requiring Buyer's assumption of the Contract, not just the Second Amendment, (2) specifying in the order approving Debtors' assumption and subsequent assignment of the Contract to Buyer that all of the terms of the Contract, including, without limitation, all terms governing indemnification obligations of Debtors and BlueTarp's chargeback rights, shall, upon the effective date of Debtors' assumption and assignment of the Contract to Buyer, be unimpaired by the assumption and assignment and enforceable against Buyer in accordance with their terms, and (3) granting such other relief as may be proper under the circumstances.

Respectfully submitted,

Dated: April 18, 2019

By: /s/ Jacob A. Manheimer
Jacob A. Manheimer
Keith J. Cunningham
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
(207) 791-1100
jmanheimer@pierceatwood.com
kcunningham@pierceatwood.com

*Attorneys to BlueTarp Financial, Inc.*

{W7228569.1}                                7

# Exhibit A

{W7228569.1}

18-23538-rdd    Doc 2314    Filed 01/31/19    Entered 01/31/19 22:56:56    Main Document    Pg 10 of 37

Sears Holdings Corporation
*For Executory Contracts - Estimated Cure Amounts

| No. | Debtor Counterparty(s) | Counterparty Name | Contract Title / Description | Contract Expiration Date | Contract Number | Cure Amount |
|---|---|---|---|---|---|---|
| 38 | SEARS HOLDINGS MANAGEMENT CORPORATION | AVISTA ADVANTAGE INC | MASTER SERVICES AGREEMENT - AMENDMENT #2 | N/A | N/A | $ - |
| 39 | SEARS HOLDINGS MANAGEMENT CORPORATION | AVISTA ADVANTAGE INC | MASTER SERVICES AGREEMENT - AMENDMENT #3 | N/A | N/A | $ - |
| 40 | SEARS HOLDINGS MANAGEMENT CORPORATION | AVISTA ADVANTAGE INC | MASTER SERVICES AGREEMENT - AMENDMENT #5 | N/A | N/A | $ - |
| 41 | INNOVEL SOLUTIONS, INC. | B AND M | AMENDMENT 01 | N/A | CW2321970 | $ - |
| 42 | SEARS HOLDING GLOBAL SOURCING LIMITED | BANGLADESH EXPORT IMPORT CO. LTD. | PRIMARY INTERNET CIRCUIT (PRIMARY INTERNET ACCESS FOR BANGLADESH OFFICE USE) | N/A | N/A | $ - |
| 43 | SEARS HOLDINGS CORPORATION, SEARS ROEBUCK AND CO, KMART CORPORATION | BANK OF AMERICA, N.A. | LENDER TRI-PARTY AGREEMENT AMENDED AND RESTATED AGREEMENT | N/A | N/A | $ - |
| 44 | SEARS HOLDINGS MANAGEMENT CORPORATION | BANK OF AMERICA, N.A. | RE: SECURITY INTEREST IN ASSETS OF SEARS HOMETWON AND OUTLET STORES, INC | N/A | N/A | $ - |
| 45 | SEARS HOLDING GLOBAL SOURCING LIMITED | BENINGTON LIMITED | DEED OF VARIATION AND PARTIAL SURRENDER OF LEASE (EARLY SURRENDER OF ONE FLOOR) | EXPIRED | N/A | $ - |
| 46 | SEARS HOLDING GLOBAL SOURCING LIMITED | BENINGTON LIMITED | DEED OF VARIATION AND PARTIAL SURRENDER OF LEASE (EARLY SURRENDER OF ONE FLOOR) | EXPIRED | N/A | $ - |
| 47 | SEARS HOLDING GLOBAL SOURCING LIMITED | BENINGTON LIMITED | LEASE AGREEMENT FOR THE HONG KONG OFFICE | 8/31/2019 | N/A | $ - |
| 48 | SEARS HOLDING GLOBAL SOURCING LIMITED | BENINGTON LIMITED | DEED OF VARIATION AND PARTIAL SURRENDER OF LEASE | 6/3/2019 | N/A | $ - |
| 49 | SEARS IT & MANAGEMENT SERVICES INDIA PRIVATE LIMITED | BIRD OF PARADISE | AMENDMENT #7 RATE CONTRACT #2013-14/19 DATED 1ST APRIL, 2018 | 3/31/2019 | N/A | $ - |
| 50 | SEARS IT & MANAGEMENT SERVICES INDIA PRIVATE LIMITED | BIRD OF PARADISE | RATE CONTRACT #2018-19/02 - ACCOMMODATION SERVICES (SERVICE APARTMENTS) | 3/31/2019 | N/A | $ - |
| 51 | SEARS HOLDINGS MANAGEMENT CORPORATION | BLUETARP FINANCIAL, INC | SECOND AMENDMENT TO PRIVATE LABEL TRADE CREDIT MARKETING AGREEMENT | N/A | N/A | $ - |
| 52 | | BONNIER CORPORATION | FIRST AMENDMENT TO LICENSE AGREEMENT | N/A | N/A | $ - |
| 53 | SEARS, ROEBUCK AND CO. | BONNIER CORPORATION | LICENSE AGREEMENT (OUTDOOR LIFE) | N/A | N/A | $ - |
| 54 | SEARS HOLDINGS MANAGEMENT CORPORATION | BOUNCE EXCHANGE, INC | MANAGED SERVICE AGREEMENT - SOW 12 | N/A | CW2341194 | $ - |
| 55 | SEARS HOLDINGS MANAGEMENT CORPORATION | BOUNCEXCHANGE | MANAGED SERVICE AGREEMENT - SOW 11 | N/A | CW2340769 | $ - |
| 56 | SEARS HOLDINGS MANAGEMENT CORPORATION | BOUNCEXCHANGE | MANAGED SERVICES AGREEMENT - SOW 10 | N/A | CW2340765 | $ - |
| 57 | SEARS HOLDINGS CORPORATION | BRIGHTEDGE TECHNOLGIES INC | SUB AGREEMENT - ORDER FORM | N/A | CW2341079 | $ - |
| 58 | SEARS HOLDINGS CORPORATION | C4CAST.COM | SETTLEMENT AND PATENT LICENSE AGREEMENT | ONGOING | N/A | $ - |

SHC - Additional Executory Contracts    Page 3 of 24

# Exhibit B

{W7228569.1}

| # | ID | | Debtor | Counterparty | Description | Note | | | Amount | Cure | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 132 | 26685 | N/A | SEARS, ROEBUCK AND CO. | BARNHILL CONTRACTING COMPANY | BARNHILL CONTRACTING COMPANY PO | N/A | N/A | N/A | $ - | 0 | |
| 133 | 26686 | N/A | SEARS, ROEBUCK AND CO. | BARRY SWENSON BUILDER | BARRY SWENSON BUILDER CONTRACT AGREEMENT | N/A | N/A | N/A | $ - | 0 | |
| 134 | 26684 | N/A | SEARS, ROEBUCK AND CO. | BARTLESS COCKE GENERAL CONTRACTORS | BARTLESS COCKE GENERAL CONTRACTORS PO/ REV | N/A | N/A | N/A | $ - | 0 | |
| 135 | 26687 | N/A | SEARS, ROEBUCK AND CO. | BASELINE | BASELINE WOODS CONTRACT | N/A | N/A | N/A | $ - | 0 | |
| 136 | 26688 | N/A | SEARS, ROEBUCK AND CO. | BAYEM CONSTRUCTIONS | BAYEM CONSTRUCTION CONTRACT ORDER | N/A | N/A | N/A | $ - | 0 | |
| 137 | 26689 | N/A | SEARS, ROEBUCK AND CO. | BBL CONSTRCUTION | BBL CONSTRCUTION SALES ORDER | N/A | N/A | N/A | $ - | 0 | |
| 138 | 16218 | N/A | SEARS, ROEBUCK AND CO. | BBL CONSTRUCTION | SALES CONTRACT ADDENDUM FOR BBL CONSTRUCTION RE PROJECT 160 MYRTLE AVE | ACCOUNT 10117047 ADDENDUM 1 | N/A | N/A | $ - | 0 | |
| 139 | 24309 | N/A | SEARS, ROEBUCK AND CO. | BBL CONSTRUCTION SERVICES LLC | 7-23-2018 BBL CONSTRUCTION - 160 MYRTLE 160 CONTRACT EXECUTED SUBCONTRACT AGREEMENT | TRANSMITTL 56, PROJECT 171080 160 MYRTLE AVE @HUDSON PARK | N/A | N/A | $ - | 0 | |
| 140 | 15767 | N/A | SEARS, ROEBUCK AND CO. | BECO CONSTRUCTION INC | THIS A SALES ORDER FROM SEARS TO CUSTOMER | N/A | N/A | N/A | $ - | 0 | |
| 141 | 15768 | N/A | SEARS, ROEBUCK AND CO. | BELMONT CONSTRUCTION CO. LLC | THIS A SALES ORDER FROM SEARS TO CUSTOMER | N/A | N/A | N/A | $ - | 0 | |
| 142 | 26690 | N/A | SEARS, ROEBUCK AND CO. | BELMONT CONSTRUCTION COMPANY | BELMONT CONSTRUCTION COMPANY CONTRACT | N/A | N/A | N/A | $ - | 0 | |
| 143 | 26691 | N/A | SEARS, ROEBUCK AND CO. | BELUGA HOSPITALITY | BELUGA HOSPITALITY SALES CONTRACT | N/A | N/A | N/A | $ - | 0 | |
| 144 | 26692 | N/A | SEARS, ROEBUCK AND CO. | BENCHMARK BLUFFS | BENCHMARK BLUFFS, LLC SALES ORDER | N/A | N/A | N/A | $ - | 0 | |
| 145 | 26693 | N/A | SEARS, ROEBUCK AND CO. | BESCO | BESCO SALES CONTRACT | N/A | N/A | N/A | $ - | 0 | |
| 146 | 15769 | N/A | SEARS, ROEBUCK AND CO. | BETHESDA CORP | THIS A SALES ORDER FROM SEARS TO CUSTOMER | N/A | N/A | N/A | $ - | 0 | |
| 147 | 26694 | N/A | SEARS, ROEBUCK AND CO. | BETTE AND CRING | BETTE AND CRING, LLC CONTRACT/ADDE NDUMS | N/A | N/A | N/A | $ - | 0 | |
| 148 | 26695 | N/A | SEARS, ROEBUCK AND CO. | BEYERE CONSTRUCTION | BEYERE CONSTRUCTION SALES CONTRACT | N/A | N/A | N/A | $ - | 0 | |
| 149 | 26696 | N/A | SEARS, ROEBUCK AND CO. | BG BUILDERS | BG BUILDERS ADDENDUMS/CON TRACTS | N/A | N/A | N/A | $ - | 0 | |
| 150 | 26697 | N/A | SEARS, ROEBUCK AND CO. | BIG D CONSTRUCTION | BIG D CONSTRUCTION CONTRACT ORDER | N/A | N/A | N/A | $ - | 0 | |
| 151 | 101605 | N/A | SEARS HOLDINGS MANAGEMENT CORPORATION | BLUETARP FINANCIAL, INC | SECOND AMENDMENT TO PRIVATE LABEK TRADE CREDIT MARKETING AGREEMENT | 0 | N/A | N/A | $ - | 0 | |
| 152 | 30589 | N/A | SEARS BRANDS MANAGEMENT CORP. | BLULOGIC | | N/A | N/A | 1/30/2021 | $ - | 0 | |
| 153 | 26698 | N/A | SEARS, ROEBUCK AND CO. | BORROR CONSTRUCTION | BORROR CONSTRUCTION ADDENDUM | N/A | N/A | N/A | $ - | 0 | |
| 154 | 26699 | N/A | SEARS, ROEBUCK AND CO. | BOWMAN CONSTRUCTION | BOWMAN CONSTRUCTION SALES CONTRACT/ADDE NDUM | N/A | N/A | N/A | $ - | 0 | |
| 155 | 15770 | N/A | SEARS, ROEBUCK AND CO. | BOZZUTO CONTRACTING CO | THIS A SALES ORDER FROM SEARS TO CUSTOMER | N/A | N/A | N/A | $ - | 0 | |
| 156 | 26700 | N/A | SEARS, ROEBUCK AND CO. | BRACKETT BUILDERS | BRACKETT BUILDERS ADDENDUM | N/A | N/A | N/A | $ - | 0 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

### CERTIFICATE OF SERVICE

I, Jacob A. Manheimer, hereby certify that a true and correct copy of the foregoing BlueTarp Financial Inc.'s Limited Objection and Reservation of Rights to the Notice of Assumption and Assignment of Additional Contracts [Doc. No. 3123] was filed electronically with the Court on April 18, 2019 and was served upon the parties indicated on the service list attached hereto in the manner described on said service list.

                                                              Respectfully submitted,

Dated: April 18, 2019

                                        By: /s/ Jacob A. Manheimer
                                                Jacob A. Manheimer
                                                Keith J. Cunningham
                                                PIERCE ATWOOD LLP
                                                Merrill's Wharf
                                                254 Commercial Street
                                                Portland, ME 04101
                                                (207) 791-1100
                                                jmanheimer@pierceatwood.com
                                                kcunningham@pierceatwood.com

                                                *Attorneys to BlueTarp Financial, Inc.*

{W7228569.1}

# SERVICE LIST
## Case No. 18-23538 (RDD)

**Electronic Mail Notice List – Served on all parties receiving CM/ECF notices in this case.**

**Manual Notice List – Served via Federal Express Overnight Delivery:**

Chambers of the Honorable judge Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street, Room 248
White Plains, NY 10601

**Manual Notice List – Served via First Class Mail, Postage Prepaid:**

Sears Holdings Corporation
Attn: Stephen Sitley, Esq.
3333 Beverly Road
Hoffman Estates, IL 60179

Sears Holdings Corporation
Attn: Luke J. Valentino, Esq.
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock, P.C.
767 Fifth Avenue
New York, NY 10153

Weil, Gotshal & Manges LLP
Attn: Jacqueline Marcus, Esq.
767 Fifth Avenue
New York, NY 10153

Weil, Gotshal & Manges LLP
Attn: Garret A. Fail, Esq.
767 Fifth Avenue
New York, NY 10153

Weil, Gotshal & Manges LLP
Attn: Sunny Singh, Esq.
767 Fifth Avenue
New York, NY 10153

Office of the United States Trustee for Region 2
Attn: Paul Schwartzberg, Esq.
201 Varick Street, Suite 1006
New York, NY 10014

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake, Esq.
4 Times Square
New York, NY 10036

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Shana A. Elberg, Esq.
4 Times Square
New York, NY 10036

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: George R. Howard, Esq.
4 Times Square
New York, NY 10036

Davis Polk & Wardell LLP
Attn: Marshall S. Huebner, Esq.
450 Lexington Avenue
New York NY 10017

Davis Polk & Wardell LLP
Attn: Eli J. Vonnegut, Esq.
450 Lexington Avenue
New York NY 10017

Cleary, Gottlieb
Attn: Sean A. O'Neal, Esq.
One Liberty Plaza
New York, NY 10006

Kelley Drye & Warren LLP
Attn: Eric R. Wilson, Esq.
101 Park Avenue
New York, NY 10178

{W7228569.1}

Kelley Drye & Warren LLP
Attn: Benjamin D. Feder, Esq.
101 Park Avenue
New York, NY 10178

Kelley Drye & Warren LLP
Attn: Charlie Liu, Esq.
101 Park Avenue
New York, NY 10178

Seyfarth Shaw LLP
Attn: Edward M. Fox, Esq.
620 Eighth Avenue
New York, NY 10018

Carter Ledyard & Milburn LLP
Attn: James Gadsden, Esq.
2 Wall Street
New York, NY 10015

Locke Lord LLP
Attn: Brian A. Raynor, Esq.
111 South Wacker Drive
Chicago, IL 60606

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin, Esq.
One Bryant Park
New York, NY 10036

Akin Gump Strauss Hauer & Feld LLP
Attn: Ira Dizengoff, Esq.
One Bryant Park
New York, NY 10036

Akin Gump Strauss Hauer & Feld LLP
Attn: Sara Lynne Brauner, Esq.
One Bryant Park
New York, NY 10036

{W7228569.1}