**EXHIBIT A**

United States Bankruptcy Court for the Southern District of New York

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | | |
|---|---|---|---|---|
| [X] Sears Holdings Corporation (18-23538) | [ ] Kmart Corporation (18-23549) | [ ] Sears, Roebuck de Puerto Rico, Inc. (18-23561) | [ ] MyGofer LLC (18-23573) | [ ] Kmart.com LLC (18-23585) |
| [ ] Sears, Roebuck and Co. (18-23537) | [ ] MaxServ, Inc. (18-23550) | [ ] SYW Relay LLC (18-23562) | [ ] Sears Brands Business Unit Corporation (18-23574) | [ ] Sears Brands Management Corporation (18-23586) |
| [ ] Kmart Holding Corporation (18-23539) | [ ] Private Brands, Ltd. (18-23551) | [ ] Wally Labs LLC (18-23563) | [ ] Sears Holdings Publishing Company, LLC (18-23575) | [ ] SHC Licensed Business LLC (18-23616) |
| [ ] Kmart Operations LLC (18-23540) | [ ] Sears Development Co. (18-23552) | [ ] Big Beaver of Florida Development, LLC (18-23564) | [ ] Kmart of Michigan, Inc. (18-23576) | [ ] SHC Promotions LLC (18-23630) |
| [ ] Sears Operations LLC (18-23541) | [ ] Sears Holdings Management Corporation (18-23553) | [ ] California Builder Appliances, Inc. (18-23565) | [ ] SHC Desert Springs, LLC (18-23577) | [ ] SRe Holding Corporation (19-22301) |
| [ ] ServiceLive, Inc. (18-23542) | [ ] Sears Home & Business Franchises, Inc. (18-23554) | [ ] Florida Builder Appliances, Inc. (18-23566) | [ ] SOE, Inc. (18-23578) | |
| [ ] A&E Factory Service, LLC (18-23543) | [ ] Sears Home Improvement Products, Inc. (18-23555) | [ ] KBL Holding Inc. (18-23567) | [ ] StarWest, LLC (18-23579) | |
| [ ] A&E Home Delivery, LLC (18-23544) | [ ] Sears Insurance Services, L.L.C. (18-23556) | [ ] KLC, Inc. (18-23568) | [ ] STI Merchandising, Inc. (18-23580) | |
| [ ] A&E Lawn & Garden, LLC (18-23545) | [ ] Sears Procurement Services, Inc. (18-23557) | [ ] Sears Protection Company (Florida), L.L.C. (18-23569) | [ ] Troy Coolidge No. 13, LLC (18-23581) | |
| [ ] A&E Signature Service, LLC (18-23546) | [ ] Sears Protection Company (18-23558) | [ ] Kmart of Washington LLC (18-23570) | [ ] BlueLight.com, Inc. (18-23582) | |
| [ ] FBA Holdings Inc. (18-23547) | [ ] Sears Protection Company (PR) Inc. (18-23559) | [ ] Kmart Stores of Illinois LLC (18-23571) | [ ] Sears Brands, L.L.C. (18-23583) | |
| [ ] Innovel Solutions, Inc. (18-23548) | [ ] Sears Roebuck Acceptance Corp. (18-23560) | [ ] Kmart Stores of Texas LLC (18-23572) | [ ] Sears Buying Services, Inc. (18-23584) | |

# Proof of Claim                                                                                                            04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | Community Unit School District 300, an Illinois School District<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| 2. | Has this claim been acquired from someone else? | [X] No<br>[ ] Yes. From whom? |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Matthew T. Gensburg<br>Gensburg Calandriello & Kanter, P.C.<br>200 West Adams Street, Suite 2425<br>Chicago, Illinois 60606<br><br>Contact phone (312) 263-2200<br>Contact email mgensburg@gcklegal.com | **Where should payments to the creditor be sent?** (if different)<br><br><br><br><br><br>Contact phone<br>Contact email |
| 4. | Does this claim amend one already filed? | [X] No<br>[ ] Yes.  Claim number on court claims registry (if known) _____     Filed on ___/___/___ MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | [X] No<br>[ ] Yes. Who made the earlier filing? |

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   - ☑ No
   - ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. How much is the claim? $43,080,878.38. Does this amount include interest or other charges?
   - ☐ No
   - ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   **Default under Economic Development Agreement.**

9. Is all or part of the claim secured?
   - ☐ No
   - ☑ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   - ☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   - ☐ Motor vehicle
   - ☐ Other. Describe: _____

   **Basis for perfection:** 35 ILCS 200/21-75 as well as setoff and recoupment rights
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:** $73,680,000.00

   **Amount of the claim that is secured:** $43,080,878.38

   **Amount of the claim that is unsecured:** $0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $_____

   **Annual Interest Rate** (when case was filed) 18 %
   - ☑ Fixed
   - ☐ Variable

10. Is this claim based on a lease?
    - ☑ No
    - ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

11. Is this claim subject to a right of setoff?
    - ☐ No
    - ☑ Yes. Identify the property: _____

Modified Form 410 — Proof of Claim — page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No ☑ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 43,080,878.38 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☑ No ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $_____ |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *Susan Harkin*
Susan Harkin (Apr 9, 2019)

**Email:** chansen@archerlaw.com

Print the name of the person who is completing and signing this claim:
Name of the person who is completing and signing this claim:

| Name | Susan Harkin |
| | First name    Middle name    Last name |
| Title | Chief Operating Officer |
| Company | Community Unit School District 300 |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 2550 Harnish Drive |
| | Number    Street |
| | Algonquin                              IL          60102 |
| | City                                   State       ZIP Code |
| Contact phone | (847) 551-8300    Email _____ |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

[x] have supporting documentation.
(attach below)

[ ] do not have supporting documentation.

Attachment

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

Modified Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                       12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.

- Fill in the caption at the top of the form.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- Attach any supporting documents to this form. Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

   Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://restructuring.primeclerk.com/sears.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Sears Holdings Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | | | |
|---|---|---|---|---|
| ✓ Sears Holdings Corporation (18-23538) | ☐ Kmart Corporation (18-23549) | ☐ Sears, Roebuck de Puerto Rico, Inc. (18-23561) | ☐ MyGofer LLC (18-23573) | ☐ Kmart.com LLC (18-23585) |
| ☐ Sears, Roebuck and Co. (18-23537) | ☐ MaxServ, Inc. (18-23550) | ☐ SYW Relay LLC (18-23562) | ☐ Sears Brands Business Unit Corporation (18-23574) | ☐ Sears Brands Management Corporation (18-23586) |
| ☐ Kmart Holding Corporation (18-23539) | ☐ Private Brands, Ltd (18-23551) | ☐ Wally Labs LLC (18-23563) | ☐ Sears Holdings Publishing Company, LLC (18-23575) | ☐ SHC Licensed Business LLC (18-23616) |
| ☐ Kmart Operations LLC (18-23540) | ☐ Sears Development Co. (18-23552) | ☐ Big Beaver of Florida Development, LLC (18-23564) | ☐ Kmart of Michigan, Inc. (18-23576) | ☐ SHC Promotions LLC (18-23630) |
| ☐ Sears Operations LLC (18-23541) | ☐ Sears Holdings Management Corporation (18-23553) | ☐ California Builder Appliances, Inc. (18-23565) | ☐ SHC Desert Springs, LLC (18-23577) | ☐ SRe Holding Corporation (19-22301) |
| ☐ ServiceLive, Inc. (18-23542) | ☐ Sears Home & Business Franchises, Inc. (18-23554) | ☐ Florida Builder Appliances, Inc. (18-23566) | ☐ SOE, Inc. (18-23578) | |
| ☐ A&E Factory Service, LLC (18-23543) | ☐ Sears Home Improvement Products, Inc (18-23555) | ☐ KBL Holding Inc. (18-23567) | ☐ StarWest, LLC (18-23579) | |
| ☐ A&E Home Delivery, LLC (18-23544) | ☐ Sears Insurance Services, L.L.C. (18-23556) | ☐ KLC, Inc. (18-23568) | ☐ STI Merchandising, Inc. (18-23580) | |
| ☐ A&E Lawn & Garden, LLC (18-23545) | ☐ Sears Procurement Services, Inc. (18-23557) | ☐ Sears Protection Company (Florida), L.L.C. (18-23569) | ☐ Troy Coolidge No. 13, LLC (18-23581) | |
| ☐ A&E Signature Service, LLC (18-23546) | ☐ Sears Protection Company (18-23558) | ☐ Kmart of Washington LLC (18-23570) | ☐ BlueLight.com, Inc. (18-23582) | |
| ☐ FBA Holdings Inc. (18-23547) | ☐ Sears Protection Company (PR) Inc (18-23559) | ☐ Kmart Stores of Illinois LLC (18-23571) | ☐ Sears Brands, L.L.C. (18-23583) | |
| ☐ Innovel Solutions, Inc. (18-23548) | ☐ Sears Roebuck Acceptance Corp. (18-23560) | ☐ Kmart Stores of Texas LLC (18-23572) | ☐ Sears Buying Services, Inc. (18-23584) | |

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Community Unit School District 300, an Illinois School District
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Where should notices to the creditor be sent?

Matthew T. Gensburg
Gensburg Calandriello & Kanter, P.C.,
200 West Adams Street, Suite 2425
Chicago, Illinois 60606

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Contact phone  (312) 263-2200
Contact email  mgensburg@gcklegal.com

Where should payments to the creditor be sent? (if different)

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/_____ MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**    $ 43,080,878.38    Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Default under Economic Development Agreement

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

Nature of property:

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: 35 ILCS 200/21-75 as well as setoff and recoupment rights

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $ 73,680,000.00

Amount of the claim that is secured:    $ 43,080,878.38

Amount of the claim that is unsecured: $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $ _____

Annual Interest Rate (when case was filed) 18.00 %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.    $ _____

**11. Is this claim subject to a right of setoff?**

☐ No
☑ Yes. Identify the property: _____

Modified Form 410    Proof of Claim    page 2

| | | Amount entitled to priority |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No ☑ Yes. Check one: | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 43,080,878.38 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☑ No ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $ |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 04/09/2019 (mm/dd/yyyy)

_Susan L. Harkin_
Signature

Print the name of the person who is completing and signing this claim:
Name of the person who is completing and signing this claim:

| Name | Susan | | Harkin |
|---|---|---|---|
| | First name | Middle name | Last name |

Title: Chief Operating Officer

Company: Community School District 300
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 2550 Harnish Drive
Number   Street
Algonquin,   IL   60102
City   State   ZIP Code

Contact phone: (847) 551-8300   Email:

## RIDER AND ATTACHMENTS TO PROOF OF CLAIM

1.      Community Unit School District 300, an Illinois school district existing and operating pursuant to the Illinois School Code, 105 Illinois Compiled Statutes ("**ILCS**") 5/1-1, *et seq.* (the "**School District**"), asserts one or more claims, as defined in the United States Bankruptcy Code, 11 U.S.C. §§ 105-1532, pursuant to the Economic Development Area and Tax Increment Allocation Act, 20 ILCS 620/1, *et seq.* (the "**Illinois EDA Act**") and that certain Economic Development Agreement entered into by and between the Village of Hoffman Estates, Illinois (the "**Village**") and Sears Holding Corporation ("**Sears**" and the "**Debtor**") (the "**1990 Agreement**").

2.      The Illinois EDA Act and the 1990 Agreement were designed to incentivize the Debtor to relocate its headquarters from downtown Chicago to undeveloped farmland in the Village by, among other things, providing financial assistance and subsidies for the Debtor to develop its corporate campus in the Village. The 1990 Agreement enabled the Debtor to recapture a large portion of the property taxes paid on its corporate campus to cover the cost incurred for development of its corporate campus.

3.      In 2012, Illinois legislators passed an amendment to the Illinois EDA Act that effectively extended the 1990 Agreement, but included certain provisions about the amount of subsidies for the Debtor and the manner in which subsidies would be distributed. Specifically, Section 4(g) of the Illinois EDA Act (20 ILCS 620/4(g)), sets forth the formula for allocating property tax revenues from the Economic Development Area as those revenues are received each calendar year. The formula each year is based on the conditions existing during the calendar year taxes are paid. Each year, after a payment into an administrative fund and a payment to the Village, the remaining balance is split 55% to Sears and 45% to the taxing districts.

4.      Section 4.5 of the 2012 Amendments to the Illinois EDA Act also included a requirement that the Debtor create or retain not less than 4,250 full-time equivalent jobs at its headquarters in the Village. If Sears fails to maintained the requisite jobs for the calendar year in which taxes are paid, then Sears's share is reduced by the "the percentage of the year that [Sears] failed to maintain 4,250 jobs." (20 ILCS 620/4.5(b)). Any taxes improperly paid are subject to recapture.

5.      Pursuant to Section 4(g) of the 2012 Amendments to the Illinois EDA Act, before property tax rebate subsidies are disbursed to the Debtor, the money is held in a Village fund known as the "special tax allocation fund." 20 ILCS 620/4(g). The Village administers and makes distributions from the special tax allocation fund. These disbursements are made at the Village's discretion. Given the history of disbursements, the next disbursement from the special tax allocation fund to the Debtor would have been in December 2018. However, there is no set time period of when the Village must make the distributions.

6.      In addition to receiving subsidies under the Illinois EDA Act, the Debtor received incentives under an Act titled the Economic Development for a Growing Economy Tax Credit Act (the "**EDGE Act**"), 35 ILCS 10/5-1. The EDGE Act is administered by the State of Illinois Department of Commerce and Economic Opportunity (the "**Department of Commerce**"). Pursuant to the EDGE Act, the Debtor and the Department of Commerce entered into an agreement on October 26, 2012 called the EDGE Tax Credit Agreement (the "**EDGE Agreement**"). The

EDGE Agreement required the Debtor to, among other things, create or retain not less than 4,250 jobs at its locations in the Village and in downtown Chicago, and the EDGE Agreement required the Debtor to submit documentation showing satisfaction of the jobs requirement.

7. In March of 2017 the Debtor submitted requests to the Department of Commerce for the Debtor's 2016 tax subsidies, but with the Debtor having recently announced plans to lay off over 100 corporate employees, the Department of Commerce began questioning whether the Debtor was in compliance with the job requirement under the EDGE Agreement. The Debtor acknowledged that it did not satisfy the job requirement of the EDGE Agreement. As a result, the Debtor and the Department of Commerce entered into a settlement agreement. In the settlement agreement, the Debtor admitted to falling short of the job requirement at least as of May 31, 2017 and that it continued to fall short of the jobs requirement at least through December 15, 2017, the date of the settlement agreement. Since admitting to the Department of Commerce that it does not maintain the requisite number of jobs, the Debtor has cut hundreds more jobs at its corporate campus.

8. The Debtor has failed to maintain the requisite number of full-time equivalent jobs at its corporate headquarters in the Village of tax years 2015 thru 2018, as required by the Illinois EDA Act and the 1990 Agreement. Further, given the Debtor's erroneous interpretation of how full-time equivalent jobs are determined under the Illinois EDA Act and 1990 Agreement, it is likely that the Debtor has never been in compliance with the Illinois EDA Act since its amendment in 2012. The School District is in the process of completing discovery to confirm the date the Debtor fell out of compliance with the Illinois EDA Act. As a result of its failure to meet the full-time equivalent jobs prerequisite, the Debtor is not entitled to a rebate of any of the property taxes held by the Village in its Special Tax Allocation Fund for 2018, and the Debtor is required to return prior tax rebates paid to the Debtor in violation of the Illinois EDA Act and 1990 Agreement. What follows is a summary of the rebates improperly received by the Debtor by tax year, and the portion which should be recaptured by the School District under the terms of the Illinois EDA Act and 1990 Agreement. This summary does not include interest, fees and charges the School District is entitled under applicable Illinois law.

| Tax Year | EDA Funds Distributed to Debtor | Portion of Funds Distributed to Debtor which School District is Entitled to Recapture |
|---|---|---|
| 2013 | $10,138.849.18 | 61% = $6,184,697.99 |
| 2014 | $12,220,894.32 | 62% = $7,576,954.48 |
| 2015 | $12,079,693.41 | 60% = $7,247,816.05 |
| 2016 | $8,944,464.95 | 61% = $5,456,123.62 |
| 2017 | $8,789,000.00 | 60% = $5,273,400.00 |

9. On October 10, 2018, the School District brought suit against the Village and Sears Holdings Corporation, in the Circuit Court of Cook County, State of Illinois (the "**Circuit Court**"), in a matter styled, *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018 CH 12683 (the "**Illinois Action**"), alleging a failure of Debtor to maintain the statutorily required 4,250 jobs at the Debtor's corporate campus in the Village.[1] Attached to the Complaint is a true and correct copy of the 1990 Agreement. On October 12, 2018, the School District filed

---

[1] The Complaint is voluminous and a copy is available upon request to School District's counsel of record.

an Emergency Motion for Injunctive Relief seeking to have the Illinois court enter an injunction order directing the Village not to make any further distributions from the Village's special tax allocation fund under the Illinois Sears EDA Act until the rights of the parties are declared by the court.[2]

10. Section 200/21-75 of Chapter 35 of the Illinois Complied Statutes, 35 ILCS §200/21-75, (the "**Illinois Property Tax Code**") provides that "[t]he taxes upon property, together with all penalties, interests and costs that may accrue thereon, shall be a prior and first lien on the property, superior to all other liens and encumbrances, from and including the first day of January in the year in which the taxes are levied until the taxes are paid or until the property is sold under this Code." Real estate tax rebates are normally distributed pursuant to the Illinois EDA Act on December 31 of the year following the year in which the real estate tax are paid, and to the extent the Debtor improperly received real estate tax rebates due to its failure to comply with the terms of the Illinois EDA Act and 1990 Agreement, interest began accruing on the improperly rebated taxes as of that date. Pursuant to section 21-15 of the Illinois Property Tax Code interest accrues on unpaid real estate tax at the rate of 1.5% per month. *See Kousins v. Anderson*, 229 Ill.App.3d 486 (2d Dist. 1992).

| **Tax Year** | **Funds Subject to Recapture** | **Prepetition Fees** | **Prepetition Interest** | **Total** |
|---|---|---|---|---|
| 2013 | $6,184,697.99 | $0.00 | $4,267,441.61 | $10,452,139.60 |
| 2014 | $7,576,954.48 | $0.00 | $3,864,246.78 | $11,441,201.26 |
| 2015 | $7,247,816.05 | $0.00 | $2,391,779.30 | $9,639,595.35 |
| 2016 | $5,456,123.62 | $0.00 | $818,418.54 | $6,274,542.16 |
| 2017 | $5,273,400.00 | $0.00 | $0.00 | $5,273,400.00 |

11. Under Illinois law, "[u]npaid taxes become a lien on the property as of January 1 of the year in which the taxes are assessed, even though the amount is unknown and undetermined and the taxes not yet payable. *In re OBT Partners*, 214 B.R. 863, 868 (Bankr.N.D.Ill.1997). This statutory provision makes such taxes "a lien superior to all other liens without regard to priority in point of time and to continue such liens without limitation of time until taxes are paid or the lien discharged by foreclosure as provided by law." *Forman Realty Corp. v. Brenza*, 11 Ill.2d 531, 539 (1957). Based on Debtor's alleged misstatements of fact, the Debtor was improperly rebated property taxes that it was not entitled to under the Sears EDA Act.

12. The outstanding property taxes, along with all penalties, interests and costs that have and will accrue thereon, represent a prior and first lien on the assessed property, superior to all other liens and encumbrances and is now due the Collector and the School District. Further,

---

[2] A copy of the Emergency Motion is available upon request to School District's counsel of record.

any proceeds arising from a sale of the Debtors' corporate headquarters will be encumbered by the tax lien and should be used to satisfy the claims of the Cook County Collector and School District.

13. The Debtor is a payee pursuant to certain Tax Increment Revenue Notes (the "Revenue Notes"), arising from Agreed Judgment Orders between the Debtor, the Cook County Collector, the Village of Hoffman Estates, and the School District entered in the Circuit Court of Cook County, Illinois resolving disputed related to Debtor's real estate tax obligations. To the extent said Revenue Notes are enforceable and continuing obligations, then the claims of the School District may be setoff or recouped against said Revenue Notes. *See In re Dillard Ford, Inc.*, 940 F.2d 1507, 1512 (11th Cir. 1991); *In re Public Serv. Co.*, 884 F.2d 11 (1st Cir. 1989); *Durham v. SMI Indus.*, 882 F.2d 881 (4th Cir. 1989); *In re Pieri*, 86 B.R. 208 (Bankr. 9th Cir. 1988); *United States v. Norton*, 717 F.2d 767 (3d Cir. 1983); *In re McLean Indus.*, 90 B.R. 614 (Bankr. S.D.N.Y. 1988).

14. Alternatively, bankruptcy courts recognize constructive trusts as mechanisms through which property is prevented from entering into a bankruptcy estate upon filing of an order for relief. *See, In re First Central Financial Corp.*, 377 F.3d 209 (2nd Cir.2004); *In re Mississippi Valley Livestock, Inc.*, 745 F.3d 299 (7th Cir.2014); *Chiu v. Wong*, 16 F.3d 306 (8th Cir.1994); and *In re Mid-Atlantic Supply Co.*, 790 F.2d 1121 (4th Cir.1986). Funds improperly recaptured by the Debtor through the Illinois EDA Act are arguably be held in a constructive trust pursuant to which these wrongfully held funds are subject. A constructive trust may be imposed upon proceeds of the property held in constructive trust, and the funds improperly recaptured by the Debtor may also be traceable to property held by the Debtor on the Petition Date. *Mississippi Valley Livestock*, 745 F.3d at 307-08; *In re Dameron*, 206 B.R. 394, 403-04 (Bankr.E.D.Va.1997).

15. However, should the Bankruptcy Court find that the claim of the School District is unsecured, undersecured, or the actions of the Debtor do not give rise to a constructive trust, then the claim held by the School District would be rendered a priority unsecured claim pursuant to 11 U.S.C. § 507(a)(8)(B).

16. The School District reserves the right to amend or supplement this Proof of Claim in any and all respects.

# Electronic Proof of Claim

Final Audit Report                                                                                   2019-04-09

| | |
|---|---|
| Created: | 2019-04-09 |
| By: | Sears Claims (searsclaims@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAKiHOFEPH-dWYKJd-942k0jEX0pgRbAfy |

## "Electronic Proof of Claim" History

- Widget created by Sears Claims (searsclaims@primeclerk.com)
  2019-04-09 - 8:21:13 PM GMT

- Susan Harkin (chansen@archerlaw.com) uploaded the following supporting documents:
  - Attachment
  2019-04-09 - 8:29:55 PM GMT

- Widget filled in by Susan Harkin (chansen@archerlaw.com)
  2019-04-09 - 8:29:55 PM GMT- IP address: 65.207.105.10

- (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 6.1; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/67.0.3396.99 Safari/537.36)
  2019-04-09 - 8:29:57 PM GMT- IP address: 65.207.105.10

- Signed document emailed to Susan Harkin (chansen@archerlaw.com) and Sears Claims (searsclaims@primeclerk.com)
  2019-04-09 - 8:29:57 PM GMT