Robert Ostojic
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe, Suite 1100
Chicago, Illinois 60603
Phone: (312) 368-4554
Fax:    (312) 368-4562
Email: ro@lefltd.com

Roland S. Keske
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe, Suite 1100
Chicago, Illinois 60603
Phone: (312) 368-4554
Fax:    (312) 368-4562
Email: rsk@lefltd.com

*Attorneys for Liberty Insurance Corporation*

Hearing Time: May 21, 2019
10:00 a.m.

Objection Deadline: May 14, 2019

# IN THE UNITED STATES BANKRUPTCYCOURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| IN RE: | Chapter 11 |
|---|---|
| **SEARS HOLDINGS CORPORATION, et al.,** | Case No. 18-23538 (RDD) |
|  | (Jointly Administered) |
| Debtors. | Honorable Robert D. Drain |

## NOTICE OF MOVANT LIBERTY INSURANCE CORPORATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY
PLEASE TAKE NOTICE OF THE FOLLOWING:

1.    A hearing to consider Liberty Insurance Corporation's Motion for relief from the automatic stay, pursuant to section 362 of Title 11 of the United States Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at 300 Quarropas Street, White Plains, New York 10601, on **May 21, 2019 at 10:00 a.m.** The deadline to file an objection is **May 14, 2019 at 4:00 p.m**.

2.    If no objections are timely filed and served in accordance with the applicable Case Management Order, this Honorable Court may grant the relief requested without a hearing.

3.    The following are parties upon whom any Objection to the Pleading is required to be served:

1

a. the Chambers of the Honorable Judge Robert D. Drain ("Chambers"), United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, Room 248, White Plains, New York 10601;

b. the Debtors, c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates IL 60179 (Attn: Stephen Sitley Esq., and Luke J. Valentino, Esq.);

c. Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq., and Sunny Singh, Esq.), proposed attorneys for the Debtors;

d. the Office of the United States Trustee for Region 2 (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq.);

e. Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.), attorneys for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent;

f. Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY, 10017 (Attn: Marshall S. Huebner, Esq. and Eli J. Vonnegut, Esq.), attorneys for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility;

g. Cleary, Gottlieb, One Liberty Plaza, New York, NY, 10006 (Attn: Sean A. O'Neal, Esq.), attorneys for JPP, LLC, as agent under the Second Lien Credit Facility, IP/Ground Lease Term Loan Facility, and the Consolidated Secured Loan Facility;

h. Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178 (Attn: Eric R. Wilson, Esq., Benjamin D. Feder, Esq., and T. Charlie Liu, Esq.), attorneys for Computershare Trust Company, N.A., as trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes;

i. Seyfarth Shaw LLP, 620 Eighth Avenue, New York, NY 10018 (Attn: Edward M. Fox, Esq.), attorneys for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes;

j. Carter Ledyard & Milburn LLP, 2 Wall Street, New York, NY 10015 (Attn: James Gadsden, Esq.), attorneys for The Bank of New York Mellon Trust Company, as successor trustee for the SRAC Unsecured PIK Notes, SRAC Unsecured Notes, and the SRAC Medium Term Notes;

k. Locke Lord LLP, 111 South Wacker Drive, Chicago, IL 60606 (Attn: Brian A. Raynor, Esq.), attorneys for the Pension Benefit Guaranty Corporation;

      l.  Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.), attorneys for the Official Committee of UnsecuredCreditors (the "Creditors' Committee"); and

      m.  Jeeil Choi, Esquire Litchfield Cavo LLP, 420 Lexington Avenue New York, NY 10170.

4.      In addition to the Standard Parties, Movant has provided notice to the 2002 parties listed in Master Service List as of March 18, 2019. Please see noticed 2002 parties list attached hereto as Exhibit B.

Robert Ostojic
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe, Suite 1100
Chicago, Illinois 60603
Phone: (312) 368-4554
Fax:    (312) 368-4562
Email: ro@lefltd.com

Roland S. Keske
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe, Suite 1100
Chicago, Illinois 60603
Phone: (312) 368-4554
Fax:    (312) 368-4562
Email: rsk@lefltd.com

*Attorneys for Liberty Insurance Corporation*

Hearing Time: May 21, 2019
10:00 a.m.

Objection Deadline: May 14, 2019

**IN THE UNITED STATES BANKRUPTCYCOURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | Chapter 11 |
| **SEARS HOLDINGS CORPORATION, et al.,** | Case No. 18-23538 (RDD) |
| | (Jointly Administered) |
| Debtors[1]. | Honorable Robert D. Drain |

**LIBERTY INSURANCE CORPORATION'S
MOTION FOR RELIEF FROM AUTOMATIC STAY**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart stores of Texas LLC (8915); MyGofer LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

COMES NOW, Movant, Plaintiff, LIBERTY INSURANCE CORPORATION, as subrogee of PARRISH SIMPSON, by and through its attorneys, LEAHY, EISENBERG & FRAENKEL, LTD., pursuant to section 362 of Title 11 of the United States Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, hereby submits and for its Motion for Limited Relief from Stay, states as follows:

## I.     INTRODUCTION

The purpose of this motion is to obtain leave from the Court to permit the Movant to continue the prosecution of its claims against Sears, Roebuck and Co. (the "Debtor" or "Sears") in an action filed on May 30, 2018, and pending in the United States District Court for the Eastern District of Tennessee, Knoxville Division. In the pending action, the Complaint alleges Debtor distributed/sold a Kenmore brand microwave, manufactured by LG Electronics. (A copy of the Complaint is attached as Exhibit 1, ¶8). When the microwave stopped working, a Sears' technician, employed by Debtor, was hired to service, repair and reinstall the microwave. (Exhibit 1, ¶¶11-12). The Complaint further alleges that Sears' technician improperly routed the microwave cord, which caused electrical arcing, ignition of nearby combustibles and that caused a fire at the premises located at 405 W. Meadecrest Drive in Knoxville, Tennessee (the "Premises"). In said claim, Movant seeks to recover solely for the property damages from either: (1) Debtor's available and applicable insurance, or (2) any putative co-Defendants and/or third-party Defendants, which discovery may reveal.

## II.    JURISDICTION, VENUE & RELIEF REQUESTED

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334. The venue of this case and this motion is proper under 28 U.S.C. Section 1408 and

Section 1409. The relief requested by this motion is authorized under Sections 105 and 363(d) of the Bankruptcy Code and Bankruptcy Rule 4001.

### III.    FACTUAL BACKGROUND

On October 15, 2018, the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. Prior to the commencement of bankruptcy proceedings however, Debtor distributed/sold a Kenmore brand microwave, manufactured by LG Electronics. (A copy of the Complaint is attached as Exhibit 1, ¶8). When the microwave stopped working, a Sears' technician, employed by Debtor, was hired to service, repair and reinstall the microwave. (Exhibit 1, ¶¶11-12). The Complaint further alleges that Sears' technician improperly routed the microwave cord, which caused electrical arcing, ignition of nearby combustibles and started a fire at the Premises.

That fire caused in excess of $75,000.00 in damages to the Premises and the contents therein, which were owned by Parrish Simpson ("Simpson"), a Tennessee domiciliary. Movant, Liberty, paid Simpson for the damages to the Premises and contents pursuant to a policy of insurance, Policy No. H37-258-905234-40 ("Policy").

On May 30, 2018, Movant filed its complaint against Debtor. (Exhibit 1). Movant alleges the aforementioned damages were the direct and proximate result of the negligence of Debtor, by and through its agents for failing to, *inter alia,* exercise reasonable care in the service, repair and reinstallation the microwave. Upon information and belief, Debtor and its affiliates maintained a policy of insurance that contains coverage for property damage for defective products. If the Movant obtains a recovery or judgment against the Debtor or its affiliates, the Movant will seek to enforce it solely against the proceeds of insurance and will not seek to enforce the judgment against Debtor or its affiliates, property of the debtor or its affiliates, or property of the estate.

### IV. LEGAL ANALYSIS

#### A. Standard of Law

Motions for relief from stay are governed by 11 U.S.C. §362(d). Under Section 362(d) a Court may grant a stay for cause upon request of a party in interest. *See* 11 U.S.C. §362(d). The Bankruptcy Code does not define "cause." Thus, courts must determine what constitutes "cause" on a case-by-case basis pursuant to the Court's discretion. *See Laguna Assocs. Ltd. v. Aetna Cas. & Sur. Co.* 30 F.3d 734, 737 (6th Cir. 1994); *see also In re Balco Equities Ltd.,* 312 B.R. 734, 738 (Bankr. S.D.N.Y. 2004). Courts make this determination through a balancing test, where it weighs the hardship to the creditor, if he or she is not allowed to proceed with his or her lawsuit, against the potentiation prejudice to the debtor and debtor's other creditors. *See In re R.J. Groover Constr. LLC*, 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008). There are several potential factors to consider while performing the balancing test. Note however, that in weighing these factors, courts should only consider those factors that are relevant to the particular case, and should not assign equal weight to each factor. *See In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999). The factors are as follows:

(1) Whether relief would result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the other proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

(6) Whether the action primarily involves third parties;

(7) Whether litigation in another forum would prejudice the interests of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) The interests of judicial economy and the expeditious and economical resolution of litigation;

(11) Whether the parties are ready for trial in the other proceeding; and,

(12) The impact of the stay on the parties and the balance of harms.

*See In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001)(*citation omitted*). The Movant bears the burden of making the initial showing of cause. *See In re Project Orange Associates, LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y 2010).

Other factors include whether creditor has a strong probability of prevailing on the merits. *Fernstrom Storage and Van Co.,* 938 F.2d 731, 735 (7th Cir. 1991).

Thereafter, the Debtor bears the burden of proving that Movant's interest is adequately protected such that relief is unnecessary. *See id.*

In addition to the above factors, Congress has recognized that it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere. *See In re Todd Shipyards Corp.*, 92 B.R. 600, 603–04 (Bankr. D.N.J. 1988)(*citing* H.R.Rep. 95–595, 95th Cong. 1st Sess. 341 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5836, 6297).

### B. Application of Factors to Case

The above-delineated factors favor this Honorable Court's granting of Movant's motion for relief from the stay. As described more fully below, the continuation of the Tennessee claim will allow for the complete resolution of all outstanding issues amongst the parties. The Tennessee claim will not interfere with the bankruptcy claim. Resolving the Tennessee claim will not prejudice the interests of other creditors, and will promote the interests of judicial

8

economy and the economical resolution of the litigation. Finally, continuing the automatic stay will impose substantial hardship that outweighs any hardships on the Debtor.

### i. The relief would result in the complete resolution of the issue.

If this Honorable Court lifts the stay and allows Movant to litigate its claim in state court, the issue between Movant and Debtor will be resolved completely. Thus, the first factor favors lifting the stay.

### ii. The relief would not interfere with the bankruptcy case.

The Tennessee claim is not connected with the bankruptcy case. Movant's claim relates to the allegedly negligent service, repair and reinstallation of a microwave and the damages believed to have been caused a fire that damaged the Premises and the contents therein. The claim does not specifically involve bankruptcy issues and claims. As such, the continuation of Movant's suit in Tennessee will not delay the bankruptcy proceedings or affect this Court's ability to resolve outstanding issues related to the bankruptcy proceedings. Further, if judgment or settlement of the Tennessee action is made, it would be limited to the available insurance funds and therefore would have no impact on the Bankruptcy proceedings. Movant only seeks to litigate his claim to the point of judgment wherein it will obtain proceeds through Debtor's available insurance coverage and/or identify through discovery other co-Defendants. Such relief will not interfere with bankruptcy proceedings. *See In re Todd Shipyards Corp.*, 92 B.R. 600 (Bankr. D. N.J. 1988); *see also In re Peterson*, 116 B.R. 247, 250–51 (D. Colo. 1990) ("Numerous courts have permitted the stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and, as in this case, the movant has stipulated that any recovery will be sought from the debtor's insurer or a codefendant.") Here, because Movant has agreed to limit his claims against the Debtor and its affiliates to the extent of available liability coverage, neither the debtors nor other

9

creditors will be prejudiced by the limited modification of the stay requested by Movant. In addition, §365 of the Bankruptcy Code and the case law interpreting makes it clear that to the extent Debtor is self-insured, the failure of a bankrupt insured to fund a self-insured retention will not relieve an insurer of the obligation to pay claims under the policy. See *e.g. In re Vanderveer Estates Holding, LLC*, 328 B.R. 18 (Bankr. E.D.N.Y. 2005); and NY CLS Ins § 3420 (Stating that "(1) [a] provision that the insolvency or bankruptcy of the person insured, or the insolvency of the insured's estate, shall not release the insurer from the payment of damages for injury sustained or loss occasioned during the life of and within the coverage of such policy or contract."). Thus, the second factor favors lifting the stay.

### iii. Upon information and belief the debtor's insurer would assume full responsibility for defending it and lifting the stay will not prejudiced other creditors.

Upon information and belief, Movant believe the debtor's insurer will assume full responsibility for defending it. Further, Movant will collect any judgment against the Debtors solely from the applicable insurance proceeds. Thus, the other Creditors in the bankruptcy will not be harmed by granting the Motion because the Movant will not enforce any judgment directly against the Debtors or its estate. *See Matter of Fernstrom Storage & Van Co.,* 938 F.2d 731, 736 (7th Cir. 1991) ("[D]ebtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors.")

### iv. A relief from the stay is in the interests of judicial economy as the action could involve additional third parties.

Lifting the stay will promote the interests of judicial economy and will aid in resolving the dispute amongst all parties. Courts have determined that allowing a creditor to prosecute a claim in a pending state court action that involves issues of state law promotes the interests of judicial economy. *See, e.g., Project Orange*, 432 B.R. at 112 (Bankr. S.D.N.Y 2010). Here, Movant's claims are based in Tennessee law. Further, to the extent witnesses are needed, the

majority, if not all, of the witnesses will reside in Tennessee. Additionally, all of the evidence resides in Tennessee. Thus, it is more appropriate to permit proceedings to continue in their place of origin, where the evidence and witnesses reside. Finally, while Movant brought the Tennessee action solely against the Debtor, discovery may reveal additional co-Defendants and/or third party Defendants.

### v. There is a strong possibility of prevailing against the Debtor in the Tennessee action.

Though the no case is assured, there is substantial physical evidence that Debtor's technician improperly routed the microwave cord, which caused electrical arcing, ignition of nearby combustibles and started the fire at the Premises. Consequently, this factor weighs in favor of lifting the stay.

### vi. Continuing the automatic stay will impose substantial hardship that outweighs any hardships on the Debtor

Any hardships on the Debtor in lifting the automatic stay are far outweighed by the hardships imposed on Movant if the stay is not lifted. Here, if Movant is forced to wait to prosecute its claim against Debtor, the aging of evidence, loss of witnesses and crowded Court dockets will prejudice its case. *See In re Bock Laundry Machine Co.*, 37 B.R. 564.566 (Bankr. N.D. Ohio 1984). This prejudice is especially apparent given the nature of the claim. The longer Movant's claim is delayed the harder it will be to prove its case given fading memories, lost evidence and the nature of damages caused by fire.

### V.    CONCLUSION

For the reasons stated herein, Movant respectfully requests that the Court grant it relief from the automatic stay for the limited purposes of allowing Movant to continue the prosecution of its claims against Debtor where Movant will seek solely to recover for the damage to the Premises and contents therein from either 1) Debtor's available and applicable insurance; and/or, (2) any co-Defendants and/or third-party Defendants that discovery may reveal.

Respectfully submitted,

LEAHY, EISENBERG & FRAENKEL, LTD.

**BY:**   /s/ Roland S. Keske
ROLAND S. KESKE
*Attorneys for Liberty Insurance Corp.*

**Dated:**  April 19, 2019

Robert Ostojic
Roland S. Keske
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe, Suite 1100
Chicago, Illinois 60603
Phone: (312) 368-4554
Fax:    (312) 368-4562
Firm I.D.:  45875

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion has been delivered by the Court's electronic notification system or by U.S. mail on this 19th day of April, 2019 to the following:

U.S. Trustee
Paula M. Basta
Scott K. Charles
Garrett A. Fail
Jessica Liou
Sunny Singh
Attorneys for Debtor
All ECF Participants

**BY:**   /s/ Roland S. Keske
ROLAND S. KESKE