**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION, ) <br> a Massachusetts corporation, ) <br> as subrogee of PARRISH SIMPSON , ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEARS, ROEBUCK & CO., ) <br> ) <br> Defendant. ) | Case No.: |

## COMPLAINT

NOW COMES the Plaintiff, LIBERTY INSURANCE CORPORATION, as subrogee of

PARRISH SIMPSON, by and through its attorneys, Celeste H. Herbert, Attorney at Law and

LEAHY, EISENBERG & FRAENKEL, LTD., and for its Complaint against the Defendant,

SEARS, ROEBUCK & CO., states as follows:

## PARTIES

1.      Plaintiff, Liberty Insurance Corporation ("Liberty"), is a Massachusetts

corporation and maintains its principal place of business at 175 Berkeley Street in Boston,

Massachusetts. Liberty is in the business of writing insurance coverage and is duly licensed and

authorized to do business in the State of Tennessee.

2.      Plaintiff's subrogor, Parrish Simpson ("Simpson") is a Tennessee domiciliary and

resides at the premises located at 405 W. Meadecrest Drive in Knoxville, Tennessee (the

"Premises").

1

3.      Defendant, Sears, Roebuck & Co. ("Sears"), is a Delaware corporation headquartered in Hoffman Estates, Illinois.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between the Plaintiff and the Defendant.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts and omissions giving rise to the Plaintiff's claims occurred in this judicial district and the Defendant conducts business within this judicial district.

## GENERAL ALLEGATIONS

6.      At all times relevant hereto, Liberty provided property and property-related insurance coverage against casualty and damage on losses to Simpson's real and personal property located at the Premises under a policy of insurance, which was in full force and effect on March 18, 2016, policy number H37-258-905234-40 (the "Policy").

7.      Liberty asserts its claim as subrogee of its named insured, Simpson, and is the bona fide owner of the claims and causes of action set forth below, having obtained the same by reason of payments made to and on behalf of Simpson under the Policy and is therefore entitled to maintain this action against Sears for recovery of such payments.

8.      At all relevant times there existed on the Premises a certain "Kenmore" brand kitchen countertop microwave oven that was manufactured by LG Electronics (the "Microwave").

9.      At all relevant times, the Microwave was used for its intended purpose in a reasonably foreseeable manner.

10.     In December 2015, the Microwave stopped working.

11.     On or about December 29, 2015, Simpson hired Sears to service and repair the Microwave.

12.     On or about December 29, 2015, an authorized Sears technician appeared at the Premises to service, repair, and reinstall the Microwave.

13.     On March 18, 2016, a fire occurred at the Premises ("the Fire"), causing significant smoke and fire-related property damage to the Premises and the contents therein.

14.     A fire origin and cause investigation conducted subsequent to the Fire determined that the Fire originated at the Microwave's power supply cord at the interface of wooden cabinets and exhaust duct located directly above the Microwave.

15.     Specifically, the fire origin and cause investigation determined that the Microwave's power supply cord had sustained mechanical damage due to the improper routing of the cord by the Sears technician which caused electrical arcing and ignition of nearby combustibles.

16.     As a result of the Fire and pursuant to the Policy, Liberty paid Simpson in excess of $75,000.00 for the significant damage caused to the Premises and contents therein.

## COUNT I – NEGLIGENCE
### Sears, Roebuck and Co.

17.     Liberty re-alleges and reasserts paragraphs 1 through 16 of the Complaint as though fully set forth herein as paragraph 17 of this Count I.

Case 3:18-cv-00212    Document 1    Filed 05/30/18    Page 3 of 6    PageID #: 3

18.     On or about December 29, 2015, authorized Sears technicians appeared at the Premises to service, repair, and reinstall the Microwave.

19.     At all relevant times, Sears was under a duty to perform all service and repair work on the Microwave in a safe, proper, and workmanlike manner.

20.     At all relevant times, Sears warranted, promised and/or guaranteed to Simpson that all service and repair work performed on the Microwave would be performed in a safe, proper, and workmanlike manner.

21.     At all relevant times, Sears was under a duty to ensure Microwave that it installed, inspected, and tested that it was reasonably safe for its intended and/or reasonably foreseeable uses.

22.     At all relevant times, Sears was under a duty to warn Simpson of any potentially dangerous conditions Sears knew, or should have known, existed within the Microwave.

23.     At the time Sears performed service, repair and/or installation work on the Microwave, Sears committed the following careless and negligent acts and/or omissions including, but not limited to:

a.     Carelessly and negligently serviced, repaired, and/or installed the Microwave in such a way as to cause a fire in the course of foreseeable use;

b.     Carelessly and negligently serviced, repaired, and/or installed the Microwave so that the Microwave was not reasonably safe under normal use conditions and for its reasonably intended purpose;

c.     Carelessly and negligently serviced and routed the Microwave's power supply cord without proper inspection;

d.     Carelessly and negligently serviced, repaired, and/or installed the Microwave without proper testing;

e.     Carelessly and negligently serviced, repaired, and/or installed the Microwave so that the power supply cord sustained mechanical damage;

     f.     Carelessly and negligently serviced, repaired, and/or installed the Microwave so that electrical arcing and resistance heating occurred at the power supply cord and ignited nearby combustibles;

     g.     Failed to adequately warn Simpson of the Microwave's dangerous properties, conditions, and the serious risk that its improper servicing of the Microwave would ignite a fire;

     h.     Failed to adequately test, investigate, inspect or analyze the Microwave's component parts to understand their properties, dangers, potential dangers, proper uses, and necessary warnings to ensure that the Microwave was safe for its intended uses;

     i.     Was otherwise careless and negligent.

24.     As a direct and proximate result of one or more of Sears' aforementioned breaches of duty, the Microwave, including the power supply cord, suddenly and calamitously ignited and burned within the Premises, causing significant smoke and fire related property damage to the Premises and the contents located therein.

25.     As a further direct and proximate result of one or more of Sears' aforementioned breaches of duty, Liberty paid in excess of $75,000.00 to Simpson to repair and/or replace the property damaged, all to the loss and detriment of Liberty.

26.     Pursuant to the terms of the Policy, Liberty is subrogated to Simpson's right to recover against Sears, to the extent that Liberty has made payments to Simpson for damages resulting from the incident described elsewhere herein in an amount which exceeds $75,000.

WHEREFORE, Plaintiff, LIBERTY FIRE INSURANCE COMPANY, as subrogee of PARRISH SIMPSON, requests that this Honorable Court enter judgment against Defendant, SEARS, ROEBUCK & CO., in an amount in excess of $75,000.00 plus costs associated with and incurred in this action, and further requests such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, LIBERTY INSURANCE CORPORATION, as subrogee of PARRISH SIMPSON, hereby demands trial by jury for all issues deemed so triable.

Respectfully submitted,

By: _____
Celeste H. Herbert, BPR #009192
Attorneys for the Plaintiff
P.O. Box 377
Knoxville, Tennessee  37901-0377
T:  (865) 540-8777
F:  (865) 544-7638
E:  chh@jmwlaw.net

Matthew S. McLean, Esq.
Leahy, Eisenberg & Fraenkel, Ltd.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
T:  (312) 368-4554
E:  msm@lefltd.com

6