Marshall C. Turner, Esq.
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1768
E-mail: marshall.turner@huschblackwell.com

Caleb T. Holzaepfel, Esq.
Admitted *pro hac vice*
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone:  423.755.2654
Email:  caleb.holzaepfel@huschblackwell.com

*Attorneys for CBL & Associates Management, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                          :
    In re                         :         Chapter 11
                                          :
    SEARS HOLDINGS CORPORATION    :
    et al.,                       :         Case No. 18-23538 (RDD)
                                          :
    Debtors                       :         (Jointly Administered)
                                          :
-------------------------------------------------------------x

**CBL & ASSOCIATES MANAGEMENT, INC.'S SUPPLEMENTAL OBJECTION
TO DEBTORS' STATED CURE AMOUNTS**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      CBL & Associates Management, Inc. ("CBL"), by and through counsel, and as managing agent to various landlords (the "Landlords"), hereby files this Supplemental Objection (the "Objection") to Debtors' *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Cure Notice") and Debtors' *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1774] (the "Supplemental Cure Notice") and Debtors'

1

*Notice of Assumption and Assignment of Designatable Leases* [Docket No. 3214] ("the "Cure/Designation Notice") and states as follows:

1. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and certain affiliates (the "Debtors"), filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. Debtors have continued to operate their business and manage their properties as debtor's-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[1]

3. On November 1, 2018, Debtors filed their Motion for Approval of Global Bidding Procedures [Docket No. 429].

4. On November 19, 2018, the Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (the "Global Bidding Procedures Order") [Docket No. 816] (the "Bidding Procedures Order").

5. On January 18, 2019, Debtors filed their *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] naming the Buyer the winning bidder for the Global Assets (as defined in the Bidding Procedures Order) (the "Proposed Global Asset Sale").

6. On January 18, 2019, Debtors filed their Cure Notice [Docket No. 1731].

7. On January 23, 2019, Debtors filed their Supplemental Cure Notice [Docket No. 1774].

8. On April 15, 2019, Debtors filed their Cure/Designation Notice [Docket No. 3214].

---

[1] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

9. Prior to the Petition Date, Debtors entered into certain agreements to lease the various premises' and/or agreements regarding obligations and restrictions related to various premises (the "CBL Premises'") from the CBL Landlords pursuant to unexpired leases of nonresidential real property (the "CBL Leases") and easement, restriction and operating agreements appurtenant to certain real property owned by the Debtors or third-parties (the "CBL Agreements").

10. The CBL Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum LTD*, 922 F.2d 1081 (3d. Cir. 1990).

11. The CBL Agreements are executory contracts and include diverse affirmative and negative easements, rights-of-way, leases (recorded or unrecorded), covenants, restrictions, exceptions and obligations. *See In re Inwood Heights Hous. Dev. Fund Corp.*, 2011 WL 3793324, at *7 (Bankr. S.D.N.Y. Aug. 25, 2011).

12. On January 25, 2019, CBL timely and properly filed its Limited Objection to the Debtors' Stated Cure Amounts [Docket No. 1833] in connection with the Debtors' proposed assumption and assignment of leases and contracts (the "CBL Cure Objection"). A copy of the CBL Cure Objection is attached hereto and incorporated herein as **Exhibit A**.

13. The CBL Cure Objection asserted, among other things, the appropriate Cure Amounts for the CBL Agreements associated with Store No. 2232 at East Towne Mall in Madison, WI, the Cure Amount for the CBL Lease associated with Store No. 2632 at St. Clair Square in Fairview Heights, IL, and the Cure Amount for the CBL Lease associated with Store No. 1075 at Volusia Mall in Daytona Beach, FL (collectively, the "Listed CBL Leases").

14. The Listed CBL Leases, in addition to the CBL Agreements at Parkdale Mall, Beaumont, TX (Store 1407) and Coastal Grand Mall, Myrtle Beach, SC (Store 1795),

3

(collectively, with the Listed CBL Leases, collectively, the "Designated CBL Leases") were included on *Exhibit 2* to the Cure/Designation Notice as "Owned Real Property With Known Leases".

15. Despite Debtors' failure to include counter-parties to the Designated CBL Leases appearing on the Cure/Designation Notice, upon information and belief, Debtors are intended to assume/assign the Designated CBL Leases to the listed Assignee (As defined on *Exhibit 2* to the Cure/Designation Notice).

## CURE CLAIM OBJECTION

16. Section 365(b) provides in pertinent part as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

17. Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The CBL Agreements provide for recovery of attorneys' fees and expenses. CBL hereby objects to assumption of the CBL Agreements listed in the Cure Notice and Cure/Designation Notice absent payment of CBL's attorneys' fees and expenses.

18. As of the date of this Objection, CBL states the following cure amounts apply to the below CBL Agreements. To the extent these amounts differ from Debtors' amounts listed on the Cure Notice and Cure/Designation Notice, CBL objects to those proposed cure amounts.

4

CBL herein reserves the right to file a supplementary cure objection regarding additional CBL Leases and CBL Agreements, or for additional amounts accrued but not yet billed under any CBL Lease or CBL Agreement.

19.  *Table 1* identifies the cure amounts for the Listed CBL Leases, which are understated on the Cure/Designation Notice.  A true and correct copy of CBL's Accounts Receivable Aging Report for the Listed CBL Leases identified above supporting the actual CBL Cure Amounts contained in *Table 1* is attached hereto and incorporated as **Exhibit B**.

**TABLE 1:**

| Mall | Landlord | Debtors' Stated Cure (If Listed) | CBL Cure Amount |
|---|---|---|---|
| East Towne Mall | MADISON/EAST TOWNE, LLC | *N/A* | $376.48 |
| St. Clair Square | ST. CLAIR SQUARE SPE, LLC | *N/A* | $15,835.07 |
| Volusia Mall | VOLUSIA MALL, LLC | *N/A* | $426.32 |

20.  *Table 1* only represents the Listed CBL Leases pursuant to which accrued charges are due and owing as of March 26, 2019.  CBL reserves its rights to supplement this cure objection to include these additional Landlord locations.

21.  CBL further objects to the assumption of the Designated CBL Leases absent payment of all cure amounts owed thereunder through the effective date of assumption, including any amounts that will become due or be invoiced on or after March 26, 2019 (including, but not limited to, additional amounts, not yet known, that accrued following March 26, 2019, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

22.  Further, CBL requests an award of attorneys' fees and expenses incurred in the filing of this motion in an amount not less than Seven Hundred Fifty and 00/100 ($750.00) per Listed CBL Agreement.

## JOINDER

23. In addition to the foregoing, CBL further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

## RESERVATION OF RIGHTS

24. CBL hereby reserves its rights to make such other and further objections as may be appropriate to all CBL Agreements, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## CONCLUSION

25. For the reasons set forth above, CBL respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the CBL Agreements affirmatively require Debtors to pay all amounts accrued but not yet billed following March 26, 2019, including attorneys' fees and expenses; and (iii) grant CBL such further relief as it deems proper.

Dated: April 22, 2019

[*Remainder of Page Intentionally Left Blank; Signature Page Follows*]

Respectfully Submitted,

*/s/ Caleb T. Holzaepfel*
Caleb T. Holzaepfel, Esq. (admitted *pro hac vice*)
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone:  423.755.2654
Facsimile:  423.266.5500
Email:  caleb.holzaepfel@huschblackwell.com

Marshall C. Turner, Esq., NY Bar #4003208
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1768
Facsimile: 314.480.1505
E-mail: marshall.turner@huschblackwell.com

*Attorneys for CBL & Associates Management, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 22, 2019, a copy of the foregoing was served electronically or via First Class Mail, postage prepaid upon all those identified on the Master Service List as of April 22, 2019 in accordance with: (i) this Court's *Amended Order Implementing Certain Notice and Case Management Procedures* entered November 1, 2018 (Docket No. 405); and (ii) the Supplemental Notice of Assumption and Assignment and the service requirements established thereby.

               */s/ Caleb T. Holzaepfel*
               Caleb T. Holzaepfel