UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                             :
In re                                                        :   Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION, *et al.*, :                      :   Case No. 18-23538 (RDD)
                                                             :
                                              Debtors.       :   Jointly Administered
                                                             :
------------------------------------------------------------ X

**ORDER AUTHORIZING APPOINTMENT OF INDEPENDENT FEE EXAMINER
PURSUANT TO 11 U.S.C.
§ 105(a) AND MODIFYING INTERIM COMPENSATION PROCEDURES FOR
CERTAIN PROFESSIONALS EMPLOYED PURSUANT TO 11 U.S.C. § 327**

Upon consideration of the *Motion for the Appointment of an Independent Fee Examiner* [ECF No. 1470] (the "**Fee Examiner Motion**") and the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "**Interim Compensation Order**") [Docket No. 796] entered by the Court in these cases; and upon further consideration that the size and complexity of these jointly administered Chapter 11 cases will result in the filing of numerous, lengthy and complex professional fee applications; and upon the Court's conclusion that the appointment of a fee examiner under Bankruptcy Code § 105 appears to be in the best interests of the Debtors, their estates and creditors, and other parties-in-interest; and upon the declaration, dated April 15, 2019 of Paul E. Harner; and good and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.      The United States Trustee (after consultation with the Debtors and the Committee and such other parties-in-interest that are impacted by this Order) shall appoint Paul E. Harner, a disinterested person, to serve as independent fee examiner (the "**Fee Examiner**") in these cases, subject to the terms and conditions of this Order and subject to the terms and conditions of the Interim Compensation Order, as modified herein.

2. In the performance of his duties and powers as provided in this Order, the Fee Examiner shall enjoy the maximum immunity permitted by law from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by him.  Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee application in these cases pursuant to 11 U.S.C. § 330 shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

3. The Fee Examiner may retain attorneys and other professionals, assistants, or consultants to the extent he deems it necessary to discharge his duties.  The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to 11 U.S.C. § 327(a), after notice and opportunity for hearing pursuant to Local Rules of this Court.

4. The fees and expenses of the Fee Examiner and its court approved attorneys and professionals shall be subject to application and review pursuant to Bankruptcy Code § 330 and shall be paid from the Debtors' estates as an expense of administration under 11 U.S.C. § 503(b)(2) and in accordance with the procedures in the Interim Compensation Order.  The Fee Examiner's compensation shall not be contingent, dependent, or based on any element of success or result.  The Fee Examiner's fees and expenses shall be subject to the information detail requirements set forth in Local Rule 2016-1 and the applicable United States Trustee Appendix B Guidelines for Compensation.

5. Except as otherwise provided herein, the scope of the Fee Examiner's duties and responsibilities shall encompass all interim and final applications submitted by (1) any and all professionals in these cases requesting compensation and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code §§ 327, 330, 331, or 1103, and (2) any professional

subject to the *Order Authorizing the Debtors to Employ and Compensate Professionals for Specific Services Rendered to the Debtors in the Ordinary Course of Business* (the "**Ordinary Course Professionals Order**") [ECF No. 2560] whose fees exceed the annual cap specified for such professional in the Ordinary Course Professionals Order, but only for fees incurred in the year in which such fees exceed the annual cap (together, the "**Retained Professionals**"). The scope of the Fee Examiner's duties and responsibilities shall not extend to (1) any requests for compensation submitted pursuant to 11 U.S.C. §§ 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these Chapter 11 cases, or (2) any hearing on applications for interim compensation made pursuant to 11 U.S.C. § 331 that are held before the effective date of this Order, provided that the Fee Examiner may review such interim applications for the purpose of performing his duties and responsibilities with regard to any final applications for compensation and reimbursement of expenses submitted pursuant to 11 U.S.C. § 330.

6.  Except as provided in Paragraph 4 above, the Fee Examiner shall review and assess all fee and expense applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the fee applications, for compliance with (1) sections 328, 329, 330 and 331 of Title 11 of the United States Code, as applicable, (2) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (3) the Interim Compensation Order (as amended herein); and (4) Local Bankruptcy Rule 2016-1 and the applicable Guidelines for Compensation, as applicable. The Fee Examiner is deemed to be a party-in-interest for all matters related to the discharge of the Fee Examiner's duties and shall have standing before the Court:

   a. Subject to paragraph 6 below, file Final Reports (as defined below) on the public docket of the Court regarding any Application filed by a Retained Professional;

   b. to conduct such discovery as may be pertinent and necessary to the performance of his other duties and responsibilities after first securing approval of this Court,

3

      which may be granted only upon notice to all interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matter relating to such discovery;

  c.  retain, subject to Court approval, professionals (including attorneys or auditors) to represent or assist the Fee Examiner in connection with any of the foregoing;

  d.  to communicate concerns regarding any Application to the Retained Professionals to whom such Application pertains and request applicants for compensation to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; provided, however, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged or work product information, or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its clients (collectively "**Privileged Information**"); provided, for the avoidance of doubt, that a professional's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity; provided further, if a Retained Professional or its client does provide Privileged Information to the Fee Examiner, the Fee Examiner shall treat such information as confidential and the disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney-client, or other privilege.

Notwithstanding these enumerated powers, the Fee Examiner shall have no role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee Examiner to consider the factors set forth in 11 U.S.C. § 330(a)(3)(C) and (D) in his evaluation of applications for compensation and reimbursement of expenses.

    7.    After reviewing each Retained Professional's application, the Fee Examiner may prepare a report on each application (each, a "**Preliminary Report**") for which the Fee Examiner has a potential issue or objection.

      a.    The Fee Examiner shall transmit any such report to the Retained Professional that is the subject of the Preliminary Report. The Fee Examiner's Preliminary Report shall inform the Retained Professional of any issue or objection relating to the Retained Professional's Application. These Preliminary Reports are to be treated as part of settlement discussions with the Retained Professionals and, as such, shall not be discoverable. The

4

        contents of the Preliminary Report shall be maintained in confidence by such parties (other than the United States Trustee) until such time as the Fee Examiner incorporates all or any content of the Preliminary Report into a Final Report in accordance with subparagraphs 7 d. below.

    b.    The Fee Examiner shall provide the Retained Professional with a reasonable opportunity to address, and resolve to the mutual satisfaction of the Fee Examiner and the Retained Professional, the issues identified or to amend its application in a Preliminary Report.

    c.    After a reasonable opportunity to resolve the issues identified in the Preliminary Report or amend the application, the Fee Examiner may file a final report or objection (the "**Final Report**") with the Court and note any remaining objections to the application. The Retained Professional may file a reply to the Final Report.

    d.    The Fee Examiner shall file his Final Report at least ten (10) days before the hearing date on the application and shall serve a copy of the United States Trustee, counsel to the Debtors, and counsel to the Committee.

8.    Subject to Paragraph 4 above, the Fee Examiner shall have authority to be heard by the Court in a hearing to consider the applications including, without limitation, the authority to advocate positions asserted in his Final Report.

9.    Nothing contained herein shall affect the right, if any, of any party in interest in these cases to object or otherwise respond to any interim fee application or monthly request for compensation and reimbursement of expenses, including those of the Fee Examiner. Nothing herein shall affect any party's right to request a waiver of the requirements of Local Rule 2016-1 or the applicable Guidelines for Compensation and the requirements under 11 U.S.C. § 330, to the extent they apply. Nothing in this Order shall alter or modify prior orders governing the retention of professionals.

10.    The Notice Parties, as defined in the Interim Compensation Order, as amended by this Order, are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order, but only to the extent such actions are not inconsistent with the express terms of the Order.

WEIL:\96963682\4\99980.0025

11. The Interim Compensation Order is hereby modified as follows:

    a. The Fee Examiner to be appointed by the United States Trustee is designated as an additional Notice Party entitled to receive monthly statements, and provide objections if appropriate, under the Compensation Procedures set forth in the Interim Compensation Order.

    b. Each Monthly Statement and Fee Application shall include detail containing the time entries and the expense items in searchable Adobe Acrobat (pdf) format or other searchable electronic format as may be reasonably requested (such as Excel or Microsoft Word).

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and shall remain in effect unless and until the Court orders otherwise.

13. The Court retains jurisdiction to enforce, modify or vacate this Order after hearing upon not less than ten (10) days' notice to the Fee Examiner, the Debtors, the Official Committee of Unsecured Creditors and the United States Trustee. Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional are necessary and reasonable under 11 U.S.C. § 330.

DATED: White Plains, New York

       April 22, 2019

       /s/Robert D. Drain_____
       The Honorable Robert D. Drain
       United States Bankruptcy Judge

WEIL:\96963682\4\99980.0025