WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :
                                                             :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,                    :
                                                             :    **Case No. 18-23538 (RDD)**
                                                             :
             Debtors.[1]                                     :    **(Jointly Administered)**
------------------------------------------------------------ x

**ORDER PURSUANT TO SECTIONS 365(a) AND 365(f)**
**OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO ASSUME**
<u>**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**</u>

Upon the motion ("**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

(collectively, the "**Debtors**"), pursuant to sections 365(a) and 365(f) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order authorizing the Debtors to assume certain unexpired nonresidential real property leases identified on **Exhibit 1** hereto (the "**Vernon Leases**"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The assumption of the Vernon Leases by the Debtors is authorized and approved pursuant to section 365(a) of the Bankruptcy Code.

3. Within three (3) business days of the date hereof, the Debtors shall pay to the applicable contract counterparty the Cure Amount set forth on **Exhibit 1** under the column

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

heading, "Undisputed Cure Amount," which payment shall constitute full and final satisfaction of any and all defaults under the Vernon Leases, whether monetary or non-monetary.

4. Following the payment of the Cure Amount, the non-debtor party to the Leases shall be forever barred, estopped, and permanently enjoined from asserting against the Debtors, their successors or assigns, or the property of any of them, any default existing under the Vernon Leases as of the date hereof.

5. Any and all anti-assignment provisions in the Vernon Leases, whether such provisions expressly prohibit or have the effect of restricting or limiting assignment of such contract, are unenforceable and prohibited pursuant to section 365(f) of the Bankruptcy Code.

6. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

7. Upon successful marketing of the Vernon Leases, the Debtors shall serve the Vernon Counterparties and file with the Court a notice of the assignment (the "**Assignment Notice**") to an assignee (the "**Assignee**"). Any Vernon Counterparty seeking to object to adequate assurance of future performance must (a) file a written objection in compliance with the Bankruptcy Rules and the Local Rules with the Court (an "**Objection**"), so that such objection is filed no later than eight (8) calendar days after the later of the date on which (i) the Assignment Notice is filed with the Court and (ii) evidence of adequate assurance of future performance is served on the Vernon Counterparties (the "**Objection Deadline**"), and (b) serve the Objection (by email, facsimile or hand delivery) so that it is actually received by counsel for the Debtors and the Assignee on or before the Objection Deadline. In the event that no objection is filed prior to the Objection Deadline, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Assignment Notice, which order may be entered without further notice or opportunity to be heard. If an Objection is timely filed and served with respect to the Assignment Notice, or to the extent that it remains unresolved, such Objection shall be set for a hearing (the "**Hearing**") before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York Courtroom 118, 300 Quarropas Street, White Plains, New York 10601-4140 on a date to be announced.

8. Nothing in this Order, shall impair, prejudice, waive or otherwise adversely affect the rights of the Debtors and their estates, subject to compliance with the notice provisions set forth in paragraph 7, unless otherwise agreed to by the parties, to assign any of the assumed Vernon Leases pursuant to, and in accordance with, the requirements of section 365 of the Bankruptcy Code.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: April 22, 2019
      White Plains, New York

/s/Robert D. Drain_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Leases

| Unexpired Lease | Counterparty | Property Address | Description of Unexpired Lease | Undisputed Cure Amount |
|---|---|---|---|---|
| 1. Warehouse Lease | 5525 S. Soto St. Associates | 5525 S. Soto Street, Vernon, CA 90058 | Lease dated April 3, 1947 between Connecticut General Life Insurance Company, as predecessor in interest to 5525 S. Soto St. Associates, as landlord, and Sears, Roebuck and Co., as tenant, as same may have been modified, amended, and/or extended. | $0.00 |
| 2. Warehouse Sublease | Henry Shahery | 5525 S. Soto Street, Vernon, CA 90058 | Sublease dated December 21, 2017 between Sears, Roebuck and Co. as sublandlord, and Henry Shahery, as subtenant, as same may have been modified, amended, and/or extended. | $0.00 |
| 3. Parking Lot Lease | 51st Street Partnership | 2700 Fruitland Ave, Vernon, CA 90058 | Lease dated December 15, 1998 between 51st Street Partnership as landlord, and Sears Logistics Services, Inc., as predecessor in interest to Innovel Solutions, Inc., as tenant, as same may have been modified, amended, and/or extended. | $24,188.00 |
| 4. Parking Lot Sublease | Henry Shahery and Shason, Inc. | 2700 Fruitland Ave, Vernon, CA 90058 | Sublease dated December 21, 2017 between Innovel Solutions, Inc. as sublandlord, and Henry Shahery and Shason, Inc., as subtenants, as same may have been modified, amended, and/or extended. | $0.00 |