**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered)<br><br>Re: Docket Nos. 3211<br><br>Objection Deadline: April 23, 2019 at 11:30 a.m. (ET) |

**OBJECTION OF BROOKFIELD PROPERTY REIT INC. TO
THE DEBTORS' NOTICE OF ASSUMPTION AND
ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

Brookfield Property REIT Inc. (the "Brookfield"), submits this objection (the "Objection") to the above-captioned debtors' (the "Debtors") *Notice of Assumption and Assignment of Additional Designatable Leases* (the "Assumption Notice").[2] In support of this Objection, Brookfield respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Docket No. 3211.

**BACKGROUND**

1. Brookfield is the owner, affiliate, or managing agent of the owner retail properties located throughout the United States. Fox River Shopping Center Partners, a Brookfield subsidiary or affiliate, is the landlord to a ground lease for a portion of the premises occupied by Store No. 2092 located at the Fox River Mall in Appleton, WI (the "Lease"). The landlord owns the majority of the shopping center at Fox River Mall. The Debtors own a parcel of land in the shopping center and constructed a Sears building on that parcel. Upon information and belief, the Debtors are party to a master lease for the use of the Sears location to which the landlord is not a party. Under the Lease, the landlord leased a portion of the premises to the Debtors to enable the Debtors to expand the existing Sears store.

2. On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On January 23, 2019, the Debtors filed the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* (the "Cure Notice"),[3] which set forth the proposed cure amount for certain of the Debtors' leases and contracts.

4. In the Cure Notice, under the "Additional Executory Contracts" schedule, the Debtors listed Contract No. "S2092-6-A" as a "Master Lease" that may be assigned to the Buyer. The cure notice did not reference a ground lease.

---

[3] Docket No. 1774.

5.      On January 28, 2019, Brookfield, by and through counsel, filed an objection to the Cure Notice (the "Cure Objection").[4]  Brookfield repeats and incorporates by reference its objections contained in the Cure Objection.

6.      Also on January 28, 2019, Brookfield, along with numerous other landlords, objected to the terms of the sale of the Debtors' assets to the Buyer (the "Sale Objection").  To temporarily address the Sale Objection, the Debtors and the Buyer agreed that all of the real property lease assumption and assignment issues raised in the Sale Objection, with the exception of cure issues, were reserved until the Purchaser designated specific leases for assumption and assignment to Purchaser.  Brookfield repeats and incorporates by reference the objections to the sale and assumption and assignment of leases set forth in the Sale Objection.

7.      On February 8, 2019, the Court entered an order approving the sale of substantially all of the Debtors' assets to the Buyer.[5]

8.      On April 15, 2019, the Debtors filed the Assumption Notice, which lists the Lease as a ground lease.  The ground lease is an "Additional Designatable Lease" as defined in Assumption Notice.

9.      As set forth below, the correct cure amount for the Lease is $8,065.00, which includes an estimate of attorneys' fees incurred to date (the "Cure Amount").

| Store No. | Debtor Counterparty | Location | Debtor Cure Amount | Landlord Cure Amount |
|---|---|---|---|---|
| 2092 | Sears, Roebuck and Co. | Appleton, WI | $5,065 | $8,065 |

---

[4]     Docket No. 2063.

[5]     Docket No. 2507.

**A.      The Debtors Must Provide Adequate Assurance of
        <u>Future Performance for Shopping Center Leases</u>**

10.     In connection with the assumption of leases, shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of adequate assurance of future performance. *In re Joshua Slocum*, 922 F.2d 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002). In connection with a shopping center lease, adequate assurance of future performance includes adequate assurance:

> (A)     of the source of rent… due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee… shall be similar to the financial condition and operating performance of the debtor…;
>
> (B)     that any percentage rent due under such lease will not decline substantially;
>
> (C)     that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity, … and
>
> (D)     that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

11.     The Debtor bears the burden of proving adequate assurance of future performance in connection with the assumption of the Lease. *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

12.     To determine whether the requirements of adequate assurance of future performance will be satisfied, at a minimum, Brookfield and its attorneys must receive the following information from the exact proposed assignee of the Lease:

> (i)     The exact name of the entity which is going to be designated as the proposed assignee;

    (ii)    The proposed assignee's and any guarantor's tax returns and audited financial statements (or un-audited, if audited financials are not available) and any supplemental schedules for the calendar or fiscal years ending 2016, 2017, and 2018;

    (iii)    The number of stores the proposed assignee operates and all trade names that the proposed assignee uses;

    (iv)    A statement setting forth the proposed assignee's intended use of the premises;

    (v)    The proposed assignee's retail experience and experience operating in-line stores in a shopping center;

    (vi)    The proposed assignee's 2018 and 2019 business plans, including sales and cash flow projections; and

    (vii)    Any financial projections, calculations, and/or financial *pro-formas* prepared in contemplation of purchasing the Lease.

13. Until Brookfield receives all of this information, the Debtors have not satisfied their burden pursuant to 11 U.S.C. § 365(b)(3).

**B.    The Lease Must be Assumed and Assigned *Cum Onere***

14. Section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption and assignment of a shopping center lease "is subject to all the provisions thereof . . . ." 11 U.S.C. § 365(b)(3)(C). Bankruptcy Courts have described the assumption of an unexpired lease (a prerequisite to assignment under § 365(f)(2)(A)) as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g.*, *In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

15. As the court noted in *In re Washington Capital Aviation & Leasing*, 156 B.R. at 167, 175 n. 3 (Bankr. E.D. Va. 1993):

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment." A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty. *See* Douglas G. Baird and Thomas H. Jackson, Bankruptcy 285 (2d ed. 1990) (citing Restatement (Second) of Contracts § 318(3) (1981)

("delegation of performance ... does not discharge any duty or liability of the delegating obligor")). While the assignee may be entitled to perform for the original obligor, the original obligor remains ultimately liable until discharged by performance or otherwise. Section 365(k) changes this common law rule and relieves the estate from all liability under the lease following assignment.

16. *See also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (Adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach.") The Debtors are not entitled to the benefits and protections of section 365(k) if they do not assume and assign a lease *cum onere* – with all benefits and burdens.[6]

17. First, the Buyer or the assignee must provide adequate assurance that they will pay all year-end adjustments (the "Adjustment Amounts"), including, without limitation, adjustments for 2017, 2018, and 2019 which have not yet been billed or have not yet become due under the terms of the Lease. The Buyer or the assignee must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of whether such Adjustment Amounts were incurred before or after assumption and assignment of the Lease.

18. Second, the Buyer or the assignee must be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which occurred before assumption and assignment but which were not known to the Landlord as of the date of the assumption and assignment. This includes, but is not limited to, (i) claims for personal injury, (ii) damage and destruction by the Debtors or their agents, and (iii) environmental damage or clean-up. To cure possible pre-assignment, non-monetary defaults and

---

[6] *See, e.g., American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999).

provide adequate assurance of future performance with respect to the indemnification obligations under the Lease, either (a) the Buyer or assignee must be required to assume all responsibility for any and all such claims, notwithstanding anything to the contrary contained in any court order, or (b) the Debtors must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assignment.  Such claims for indemnity could include claims for personal injury occurring at the premises where Brookfield is joined as a party to a lawsuit or for damage and destruction of property by the Debtors or their agents or employees.

19.    Further, the Lease if any, cannot be assumed and assigned until the issues raised in the Sale Objection are addressed and resolved.

**RESERVATION OF RIGHTS**

17.    Brookfield reserves the right to amend and/or supplement this Objection, including, without limitation, to add or supplement objections to the proposed cure amount, including any future or supplemental cure notices, and to raise any additional objections to the potential assumption or assumption and assignment of the Lease.

## **CONCLUSION**

**WHEREFORE**, Brookfield requests that the Court enter an order: (i) conditioning the assumption or assumption and assignment of the Lease on the Debtors, the Buyer, and/or any proposed assignee promptly paying the Cure Amount; (ii) requiring the Debtors, the Buyer, or any proposed assignee to continue to comply with all obligations under the Lease, including payment of the Adjustment Amounts and satisfaction of any indemnification obligations in the regular course of business; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 23, 2019

**KELLEY DRYE & WARREN LLP**

By: /s/ *Robert L. LeHane*
Robert L. LeHane
Maeghan McLoughlin
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: rlehane@kelleydrye.com

*Attorneys for Brookfield Property REIT Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certified that a true and correct copy of the foregoing instrument has been served via electronic mail and/or first class mail, postage pre-paid on this 23rd day of April, 2019 upon the parties listed below and electronically via ECF notification upon all parties requesting service via ECF notification:

Sears Holdings Management Corporation
Attn: Rob Riecker (rob.riechker@searshc.com)
Attn: Luke Valentino (luke.valentino@searshc.com)
Attn: Mohsin Meghji (mmeghji@miiipartners.com)
Attn: General Counsel (counsel@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (jacqueline.marcus@weil.com)
Attn: Garret A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Lazard Fréres & Co., LLC
Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana.Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

Bank of America, N.A.
c/o Berkeley Research Group, LLC
2200 Powell Street, Suite 1200
Emeryville, CA 94608

Wells Fargo Bank, National Association
c/o Choate, Hall & Stewart LLP
Attn: Kevin J. Simard (ksimard@choate.com)
Attn: Jonathan D. Marshall (jmarshall@choate.com)
Two International Place
Boston, MA 02110

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin (pdublin@akingump.com)
Attn: Ira S. Dizengoff (idizengoff@akingump.com)
Attn: Abid Qureshi (aqureshi@akingump.com)
Attn: Sara L. Brauner (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani (kunal@eslinvest.com)
Attn: Harold Talisman (harold@eslinvest.com)
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin (caustin@cgsh.com)
Attn: Benet J. O'Reilly (boreilly@cgsh.com)
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Office of the United States Trustee
Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

*/s/ Robert L. LeHane*
Robert L. LeHane