Peter M. Gilhuly, Esq.
Christopher Harris, Esq.
Ted A. Dillman, Esq.
Rakim E. Johnson, Esq.
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834

*Attorneys for Simon Property Group, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | **Chapter 11** |
|---|---|---|
| **In re** | : | |
| | : | |
| **SEARS HOLDINGS CORPORATION.,** *et al.,* | : | **Case No. 18-23538 (RDD)** |
| | : | |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |

**SECOND SUPPLEMENTAL CURE OBJECTION OF SIMON PROPERTY GROUP, L.P. TO DEBTORS' NOTICES OF ASSUMPTION AND ASSIGNMENT AND NOTICE OF DESIGNATION**

Simon Property Group, L.P., as landlord and/or managing agent (together with its affiliates, "**Simon**"), through its undersigned counsel, submits this objection and reservation of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

rights (this "**Second Supplemental Cure Objection**") regarding the proposed cure amounts set forth in the Debtors' *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "**Original Notice of Assumption and Assignment**"). On January 28, 2019, Simon filed its (x) *Limited Objection to the Proposed Sale and Assumption and Assignment of Leases and Adequate Assurance of Future Performance* [Docket No. 2082] (the "**Limited Sale and Adequate Assurance Objection**") and (y) *Objection to Debtors' Notice to Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 2080] (the "**Original Cure Objection**"), and on January 31, 2019, filed its *Objection to Debtors' Supplemental Notice to Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 2214], which are each incorporated herein by reference. Simon hereby submits this Second Supplemental Cure Objection to update the proposed Cure Amount with respect to the Simon Cielo Vista Sub-Sublease (as defined below) as, upon information and belief, such lease has now been designated for assumption and assignment by Transform Holdco LLC ("**Transform**" or the "**Buyer**") pursuant to the April 15 Designation Notice (as defined below).[2] In support hereof, Simon respectfully states as follows:

1. Simon (through its wholly owned or partially owned subsidiaries) owns or operates numerous shopping centers located throughout the United States at which the Debtors lease space pursuant to written leases and/or operate in space located in Simon's properties under various

---

[2] On April 15, 2019, the Debtors, filed the *Notice of Assumption and Assignment of Additional Contracts and Designatable Leases* [Docket No. 3214] (the "**April 15 Designation Notice**") under which Simon understands the Debtors intend to assign the Cielo Vista Sub-Sublease (as defined herein) to Buyer. In addition to the cure-related issues raised in this Second Supplemental Cure Objection, Simon objects to the assignment of the Cielo Vista Sub-Sublease for the reasons set forth in its concurrently filed *Objection to (i) Notice of Assumption and Assignment of Additional Contracts and Designatable Leases and (ii) Debtors' Assumption and Assignment of Certain Executory Contracts and Leases* (the "**Supplemental Designation and Assumption and Assignment Objection**"), which is also incorporated by reference.

2

reciprocal easement agreements (collectively, "**Premises**"). Each of the Premises is within a "shopping center" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See Androse Assocs. of Allaire, LLC v. A&P (In re A&P)*, 472 B.R. 666, 677 (Bankr. S.D.N.Y. 2012); *In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086 (3d. Cir. 1990). Additional information regarding Simon and its relationship with the Debtors is included in the *Limited Objection and Reservation of Rights of Simon Property Group, L.P. to the Debtors' Motions for Approval of Bidding Procedures and Lease Rejection Procedures* [Docket No. 627] previously filed by Simon in these chapter 11 cases and Simon's concurrently filed Supplemental Designation and Assumption and Assignment Objection related to the Simon Cielo Vista Sub-Sublease (as defined below).

2. On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730], which provided that the Debtors had determined that a bid submitted by ESL Investments, Inc. and its affiliates, through the Buyer (collectively, "**ESL**"), was the prevailing bid at the auction. The Debtors concurrently filed the Original Notice of Assumption and Assignment, which provided, among other things, a list of contracts and leases proposed to be assumed in connection with the proposed ESL transactions, including the Debtors' proposed cure amounts for such contracts and leases.

3. On April 15, 2019, the Debtors filed the April 15 Designation Notice under which they seek to assign entirely unspecified "known and unknown" leases related to certain real property assets that were owned by the Debtors and sold to Transform. One property included in the April 15 Designation Notice is Store #1317 in El Paso, Texas, which is identified for assignment to Transform SR LLC.[3] While Simon cannot be certain based on the ambiguous April 15 Designation Notice – which, for instance, nowhere references Simon as a counterparty – Simon

---

[3] *See* April 15 Designation Notice at Ex. 2.

believes that this designation concerns its Cielo Vista shopping center in the City of El Paso. According to Simon's records, the only "Real Property" owned by the Debtors (and transferred to Transform under the Sale Order[4]) at this shopping center consists of the improvements located on the parcels ground leased *to* the Debtors from the City of El Paso and a Simon affiliate (Simon Property Group (Texas), L.P.) under the following leases:

- Lease Agreement dated July 1, 1980, between the City of El Paso as Lessor and Sears, Roebuck and Co. as Lessee (the "**El Paso Ground Lease**"); and

- Cielo Vista Shopping Center El Paso, Texas Sub-Sublease dated July 6, 1981, between Celina Development Company (predecessor-in-interest to Simon Property Group (Texas), L.P.) as Lessor and Sears, Roebuck and Co. as Lessee (the "**Simon Cielo Vista Sub-Sublease**").

Additionally, Simon leases back a portion of the leased property from the Debtors pursuant to a Sublease dated July 6, 1981, between Sears, Roebuck and Co. as Lessor and Celina Development Company (predecessor-in-interest to Simon Property Group (Texas), L.P.) as Lessee (the "**Cielo Vista Parking Lease**" and together with the Simon Cielo Vista Sub-Sublease (Ground Lease) and the El Paso Ground Lease, collectively, the "**Cielo Vista Leases**"),[5] which relates to parking constructed for Simon's Cielo Vista shopping center.

4. On January 28, 2019, Simon filed its Original Cure Objection, which challenged, among other things, the Debtors' proposed cure amounts to assume certain Simon leases identified in the Original Notice of Assumption and Assignment, including the Simon Cielo Vista Sub-Sublease. In the Original Cure Objection, Simon responded to the Debtors' proposed cure amount of $0 to assume the Simon Cielo Vista Sub-Sublease with a counterproposal of $2,500 in

---

[4] The "**Sale Order**" means the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* entered on February 8, 2019 [Docket No. 2507].

[5] Simon reserves all rights related to the assumption and assignment of the Cielo Vista Parking Lease, including its rights under section 365(h) of the Bankruptcy Code in connection with this lease.

4

attorney's fees (the "**Original Simon Cure Amount**") and reserved its rights to supplement the Original Simon Cure Amount to reflect subsequent accruals. Moreover, as expressly provided in the Original Cure Objection, the Original Simon Cure Amount *did not* include amounts that were accrued but unbilled or amounts that were not yet known or due under the terms of the leases (including, without limitation, amounts owing on account of common area maintenance, taxes, utilities, year-end adjustments, indemnities, or other obligations accruing under the terms of the leases) (such obligations, including the "Surviving Obligations" as defined and described in the Limited Sale and Adequate Assurance Objection, the "**Surviving Obligations**"). Moreover, in accordance with Paragraph 34 of the Sale Order, Simon is entitled to supplement its Original Cure Objection to reflect additional cure costs that have accrued since the Original Cure Objection was filed.

5.    Accordingly, Simon files this Second Supplemental Cure Objection to reflect such additional cure costs with respect to the Simon Cielo Vista Sub-Sublease that have accrued during the period beginning on January 28, 2019 (the date of the Original Cure Objection) and ending on April 17, 2019, which are set forth in the table below. For the avoidance of doubt, Simon reserves the right to further supplement the cure amount for the period between April 17, 2019 and the date of actual assignment.

| Store # | Property Name | Tenant | Location | Debtors' Proposed Cure Amount | Simon Original Cure Objection Amount | Subsequent Accruals through 4/17/19 | Total Supplemented Cure Amount |
|---|---|---|---|---|---|---|---|
| 1317 | Cielo Vista | Sears, Roebuck and Co. | El Paso, TX | $0.00 | $2,500.00 | $42,731.39 | $45,231.39 |

6. The supplemented cure amount of $45,231.39 (the "**Supplemented Cure Amount**") represents known amounts that are currently due and owing to Simon under the Simon Cielo Vista Sub-Sublease, including a reasonable amount for attorneys' fees owed to Simon. The Supplemented Cure Amount *does not* include amounts in respect of the Surviving Obligations, all of which must be satisfied and be assumed by the assignee of any lease. As to the Simon Cielo Vista Sub-Sublease, Simon estimates that the amount of the Surviving Obligations as of April 30, 2019 will be not less than $14,668.37. As noted above, the Supplemented Cure Amount may also increase prior to any actual date of assignment of any leases if the Debtors do not timely and properly pay all amounts that accrue after the date hereof and Simon reserves all rights in connection therewith. Certain documentation supporting the calculation of the Supplemented Cure Amount is annexed hereto as Exhibit 1; additional information will be provided on request, and Simon will make its personnel available to work with the Debtors to reconcile the cure amounts in good faith. (Thus far, the Buyer and the Debtors have declined Simon and other shopping center landlords' requests for appropriate business level personnel to connect to reconcile cure amounts without the need for court intervention.)

7. Pursuant to section 365(b)(1) of the Bankruptcy Code, the proposed assumption and assignment of Simon's leases may not be consummated unless all defaults under the leases, including the Simon Cielo Vista Sub-Sublease, have been cured as of the effective date of the assignment. The Debtors must also assume and assign the leases in their entirety, and the assignee is subject to the terms and conditions thereof *cum onere*. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere*."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in

part . . . The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."). Moreover, section 365(b)(3) of the Bankruptcy Code further requires that the assumption and assignment of any lease in a "shopping center" be subject to all of the provisions of the applicable lease.

8. Simon objects to the assumption and assignment of the Simon Cielo Vista Sub-Sublease by the Debtors to the extent that the Debtors' proposed cure amount falls short of the Supplemented Cure Amount and appropriate provision for Surviving Obligations is not made. In addition, Simon reserves all rights with respect to the assumption or assignment of any lease, including those not identified in the Notices of Assumption and Assignment (or in any subsequently filed notices of assumption and assignment). Further, Simon reserves all rights with respect to assumption and assignment of any Simon lease not addressed in the April 15 Designation Notice (including the leases identified in the subsequent designation notices filed on April 19, 2019), including its right to object to any proposed cure amounts or adequate assurance of future performance, and reserves the right to supplement the cure amounts included herein.

**JOINDER AND RESERVATION OF RIGHTS**

9. Simon reserves the right to make such other and further objections as may be appropriate as additional documentation and information is provided. Simon specifically reserves all rights, remedies (including setoff and recoupment), and positions with respect to any proposed assignee via designation rights, including the right to object to any proposed use or change of use of any Premises once such proposed assignee has been identified or to amend or update any cure amounts in connection therewith. Simon hereby joins in any objections filed by the Debtors' other landlords and the official committee of unsecured creditors to the extent not inconsistent herewith.

**CONCLUSION**

WHEREFORE, Simon respectfully requests that the Court (i) deny the assumption and assignment of the Simon leases (including the Simon Cielo Vista Sub-Sublease) unless and until the issues identified herein are addressed and (ii) grant such relief as the court deems just and proper.

Dated: April 23, 2019
      New York, New York

    /s/ Ted A. Dillman
Peter M. Gilhuly (admitted *pro hac vice*)
Christopher Harris, Esq.
Ted A. Dillman (admitted *pro hac vice*)
Rakim E. Johnson, Esq.
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: peter.gilhuly@lw.com
      christopher.harris@lw.com
      ted.dillman@lw.com
      rakim.johnson@lw.com

*Attorneys for Simon Property Group, L.P.*