## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered)<br><br>**Re: Docket No. 3214**<br><br>**Objection Deadline: April 23, 2019 at 4:00 p.m. (ET)** |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF BROOKFIELD PROPERTY REIT INC. TO DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES

Brookfield Property REIT Inc. ("Brookfield"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Objection") to the above-captioned debtors' (the "Debtors") *Notice of Assumption and Assignment of Additional Designatable Leases* (the "Assumption Notice").[2]  In support of this Objection, Brookfield respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Docket No. 3214.

## PRELIMINARY STATEMENT

1.    The Assumption Notice seeks to designate leases in two categories: (i) *known* leases at tenant-owned properties; and (ii) *unknown* leases at tenant-owned properties.   However, the Assumption Notice merely provides the location of the tenant-owned properties and fails entirely to identify the actual leases to be assumed and assigned.   It appears that the Debtors and the Buyer are not entirely certain as to what leases, if any, they are attempting to assume and assign. Brookfield files this Objection out of an abundance of caution to protect and preserve its rights and interests in the Leases (as defined below), whether known or unknown to the Debtors.   Further, in connection with the attempted assumption and assignment of the Leases, if any, or disposition of the Agreements, the Debtors should be required to (i) pay the necessary cure amounts plus any additional pecuniary losses suffered by Brookfield; and (ii) cure all defaults, including Adjustment Amounts (as defined below) which have not yet been billed or have not yet become due under the terms of the Leases.

## BACKGROUND

2.    Brookfield is the owner, affiliate, or managing agent of numerous retail properties located throughout the United States.   Brookfield and the Debtors are parties to, among other things, certain reciprocal easement agreements, easements, operating agreements, and development agreements (the "Agreements") that are associated with the tenant-owned properties (the "Owned Properties") listed on **Exhibit A** hereto.

3.    On October 15, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").   The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.      Also on January 28, 2019, Brookfield, along with numerous other landlords, objected to the terms of the sale of the Debtors' assets to the Buyer (the "Sale Objection").  To temporarily address the Sale Objection, the Debtors and the Buyer agreed that all of the real property lease assumption and assignment issues raised in the Sale Objection, with the exception of cure issues, were reserved until the Purchaser designated specific leases for assumption and assignment to Purchaser.  Brookfield repeats and incorporates by reference the objections to the sale and assumption and assignment of leases set forth in the Sale Objection.

5.      On February 8, 2019, the Court entered an order (the "Sale Order") approving the sale of substantially all of the Debtors' assets to Transform Holdco LLC (the "Buyer").[3]

6.      Upon information and belief, the Debtors sold and transferred the Owned Properties to the Buyer shortly after entry of the Sale Order.

7.      Paragraph 59 of the Sale Order provides that the Buyer took any real estate property owned by the Debtors, including the Owned Properties, subject to "Restrictive Covenants," including easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits, that are not executory or that run with the land.

**The Agreements**

8.      Brookfield is party to the Agreements with the Debtors for the use of the Owned Properties listed on **Exhibit A**.  The Agreements are not executory, are not capable of being assumed and assigned, and the Buyer must (and presumably did) take ownership of the Owned Properties subject to those Agreements.  As a result, Brookfield believes that the Agreements are not impacted by the Assumption Notice.

---

[3]      Docket No. 2507.

9.      Although Brookfield maintains that the Agreements are not subject to assumption and assignment, and that the arrears must be satisfied in the ordinary course, Brookfield files this Objection out of an abundance of caution given the failure to properly identify the agreements being assumed and assigned.  Brookfield has engaged with counsel to the Debtors and the Buyer regarding the payment of arrears arising under the Agreements for the Owned Properties, but those amounts have not yet been satisfied.  The amounts due under the Agreements are set forth on **Exhibit A**, in the column titled "Brookfield Cure Amount," which amounts include an estimate of attorneys' fees incurred to date ("Brookfield's Cure Amounts").  Regardless of whether the Agreements are impacted by the Assumption Notice, any and all amounts that have or will become due and owing must be satisfied.

**The Leases**

10.      On April 15, 2019, the Debtors filed the Assumption Notice, which designates for assumption and assignment known and unknown leases at the Owned Properties.  The Assumption Notice does not identify the leases to be assumed and assigned.

11.      As discussed in an objection filed contemporaneously herewith (the "Fox River Objection"), in various cure notices, the Debtors and/or the Buyer have, without explanation, listed GGP, the predecessor in interest to Brookfield, as being party to both a ground lease and an executory contract for the premises at Fox River Mall, Appleton, WI (the "Fox River Lease").[4] The location at the Fox River Mall is listed as an Owned Property.  Brookfield objects to the assignment of the Fox River Lease for the reasons stated in the Sale Objection and the Fox River Objection, and as discussed herein.

---

[4]      Docket Nos. 3211 and 1774.

12.    Brookfield further objects to the extent that the Debtors attempt to assume and assign unidentified known and unknown leases.  To the extent that the Debtors seek to assume and assign unexpired leases to which Brookfield is a party (the "Potential Leases," and together with the Fox River Lease, the "Leases"), the Debtors must, at a minimum, provide evidence of adequate assurance of future performance and cure all defaults.

## OBJECTION

13.    The Debtors either (i) do not actually know the entire universe of unexpired leases associated with the Owned Properties, or (ii) are perhaps attempting to take a shortcut in assuming and assigning those leases to the Buyer by simply not identifying them.  In either case, Brookfield objects to any disposition of the Fox River Lease and Potential Leases unless the amounts outstanding are satisfied and the Potential Leases are identified.  Brookfield reserves its right to amend the cure amounts to include additional fees and expenses which continue to accrue and any other obligations that arise and/or become known to Brookfield.

**A.    The Debtors Must Provide Adequate Assurance of
Future Performance for Shopping Center Leases**

14.    In connection with the assumption of leases, shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of adequate assurance of future performance.  *In re Joshua Slocum*, 922 F.2d 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002).  In connection with a shopping center lease, adequate assurance of future performance includes adequate assurance:

> (A)    of the source of rent… due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee… shall be similar to the financial condition and operating performance of the debtor…;

> (B)    that any percentage rent due under such lease will not decline substantially;

5

(C)     that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity, … and

(D)     that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

15.     The Debtor bears the burden of proving adequate assurance of future performance in connection with the assumption of the Leases. *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

16.     To determine whether the requirements of adequate assurance of future performance will be satisfied, at a minimum, Brookfield and its attorneys must receive the following information from the exact proposed assignee of the Leases:

(i)     The exact name of the entity which is going to be designated as the proposed assignee;

(ii)    The proposed assignee's and any guarantor's tax returns and audited financial statements (or un-audited, if audited financials are not available) and any supplemental schedules for the calendar or fiscal years ending 2016, 2017, and 2018;

(iii)   The number of stores the proposed assignee operates and all trade names that the proposed assignee uses;

(iv)    A statement setting forth the proposed assignee's intended use of the premises;

(v)     The proposed assignee's retail experience and experience operating in-line stores in a shopping center;

(vi)    The proposed assignee's 2018 and 2019 business plans, including sales and cash flow projections; and

(vii)   Any financial projections, calculations, and/or financial *pro-formas* prepared in contemplation of purchasing the Leases.

6

17.    Until Brookfield receives all of this information, the Debtors have not satisfied their burden pursuant to 11 U.S.C. § 365(b)(3).

**B.**    **The Leases Must be Assumed and Assigned *Cum Onere***

18.    Section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption and assignment of a shopping center lease "is subject to all the provisions thereof . . . .".11 U.S.C. § 365(b)(3)(C).    Bankruptcy Courts have described the assumption of an unexpired lease (a prerequisite to assignment under § 365(f)(2)(A)) as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected."  *See, e.g.*, *In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

19.    As the court noted in *In re Washington Capital Aviation & Leasing*, 156 B.R. at 167, 175 n. 3 (Bankr. E.D. Va. 1993):

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment."  A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty.  *See* Douglas G. Baird and Thomas H. Jackson, Bankruptcy 285 (2d ed. 1990) (citing Restatement (Second) of Contracts § 318(3) (1981) ("delegation of performance ... does not discharge any duty or liability of the delegating obligor")).  While the assignee may be entitled to perform for the original obligor, the original obligor remains ultimately liable until discharged by performance or otherwise.    Section 365(k) changes this common law rule and relieves the estate from all liability under the lease following assignment.

*See also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (Adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment

breach.")  The Debtors are not entitled to the benefits and protections of section 365(k) if they do not assume and assign a lease *cum onere* – with all benefits and burdens.[5]

20.     First, the Buyer or the assignee must provide adequate assurance that they will pay all year-end adjustments (the "Adjustment Amounts"), including, without limitation, adjustments for 2017, 2018, and 2019 which have not yet been billed or have not yet become due under the terms of the Leases.  The Buyer or the assignee must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Leases, regardless of whether such Adjustment Amounts were incurred before or after assumption and assignment of the Leases.

21.     Second, the Buyer or the assignee must be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which occurred before assumption and assignment but which were not known to the Landlord as of the date of the assumption and assignment.  This includes, but is not limited to, (i) claims for personal injury, (ii) damage and destruction by the Debtors or their agents, and (iii) environmental damage or clean-up.  To cure possible pre-assignment, non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Leases, either (a) the Buyer or assignee must be required to assume all responsibility for any and all such claims, notwithstanding anything to the contrary contained in any court order, or (b) the Debtors must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assignment.  Such claims for indemnity could include claims for personal injury occurring at the premises where Brookfield is joined as a party to a lawsuit or for damage and destruction of property by the Debtors or their agents or employees.

---

[5]     *See, e.g.*, *American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999).

22.     Further, the Leases cannot be assumed and assigned until the issues raised in the

Sale Objection are addressed and resolved.

## **RESERVATION OF RIGHTS**

23.     Brookfield reserves the right to amend and/or supplement this Objection, including,

without limitation, to add or supplement objections to the proposed cure, including any future or

supplemental cure notices, and to raise any additional objections to the potential assumption or

assumption and assignment of the Agreements, or any other leases or agreements associated with

the Owned Properties hereafter identified by the Debtors or Buyer.

## CONCLUSION

**WHEREFORE**, Brookfield requests that the Court enter an order: (i) denying the

assumption and assignments of the Leases until the issues identified herein are resolved and

(ii) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 23, 2019

                           **KELLEY DRYE & WARREN LLP**

                           By: /s/ *Robert L. LeHane*
                               Robert L. LeHane
                               101 Park Avenue
                               New York, New York 10178
                               Telephone: (212) 808-7800
                               Facsimile:  (212) 808-7897
                               Email: rlehane@kelleydrye.com

                               *Attorneys for Brookfield Property REIT Inc.*

**EXHIBIT A**

| Store No. | Shopping Center | Location | Debtor Cure Amount | Brookfield Cure Amount |
|---|---|---|---|---|
| 1011 | Rivertown Crossing | Grandville, MI | $ - | $3,000.00 |
| 1029 | NorthTown Mall | Spokane, WA | $ - | $3,000.04 |
| 1110 | The Crossroads | Portage, MI | $ - | $7,618.24 |
| 1271 | Southwest Plaza | Littleton, CO | $ - | $3,000.00 |
| 1447 | Hulen Mall | Hulen/Fort Worth, TX | $ - | $3,000.00 |
| 1854 | White Marsh Mall | Parkville/Baltimore, MD | $ - | $3,829.35 |
| 2183 | The Maine Mall | S. Portland, ME | $ - | $3,416.67 |
| 1077 | Mall St. Vincent | Shreveport, LA | $ - | $3,000.00 |
| 1730 | Florence Mall | Florence, KY | $ - | $3,000.00 |
| 1146 | Riverchase Galleria | Hoover (Birmingham), AL | $ - | $357,738.35 |
| 1443 | The Shoppes at Buckland Hills | Manchester, CT | $ - | $3,000.00 |
| 1475 | The Streets at Southpoint | Durham, NC | $ - | $11,884.92 |
| 2092 | Fox River Mall | Appleton, WI | $ - | $8,065.00 |
| 1187 | Town East Mall | Mesquite, TX | $ - | $30,166.02 |