UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                                                     :

In re:                                                               :     Chapter 11

SEARS HOLDINGS CORPORATION, *et al.*,     :     Case No. 18-23538 (RDD)

          Debtors.[1]                                :     (Jointly Administered)

------------------------------------------------------------ x

**OBJECTION OF PEOPLEREADY, INC. TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL EXECUTORY CONTRACTS**

        PeopleReady, Inc. ("PeopleReady"), by and through the undersigned attorneys, hereby files this objection (the "Assignment Objection") to the *Notice of Assumption and Assignment of Additional Executory Contracts* [Dkt. # 3248]. The Assignment Objection supplements the previously filed *Objection of PeopleReady, Inc. to Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases [in] Connection with Global Sale Transaction* [Dkt. # 1976] (the "Initial Cure Objection") and *Objection of PeopleReady, Inc. to Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

*Global Sale Transaction* [Dkt. # 2503] (the "Second Supplemental Cure Objection"). PeopleReady respectfully states as follows in support of this Assignment Objection, the Initial Cure Objection, and the Second Supplemental Cure Objection:

1. Beginning on October 15, 2018 (the "Petition Date"), and continuing thereafter, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.

2. On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Dkt. # 816].

3. On January 18, 2019, the Debtors filed the Successful Bidder Notice, which, among other things, announced that the Debtors determined that the offer submitted by Transform Holdco, LLC (the "Buyer"), established by ESL Investments, Inc. to acquire all or substantially all of the Global Assets, was the highest or best offer for the Global Assets.

4. On January 18, 2019, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction* [Dkt. # 1731] (the "Initial Cure Notice"). On January 25, 2019, PeopleReady filed the Initial Cure Objection with respect to the Initial Cure Notice. The Initial Cure Objection remains unresolved.

5. On January 31, 2019, the Debtors filed the *Second Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Dkt. # 2314] (the "Second Supplemental Cure Notice"). On February 8, 2019, PeopleReady filed the Second Supplemental Cure Objection with respect to the Second Supplemental Cure Notice. The Second Supplemental Cure Objection remains unresolved.

6. On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing*

*the Assumption and Assignment of Certain Executory Contracts,* [sic] *and Leases in Connection Therewith and (IV) Granting Related Relief* [Dkt. # 2507] (the "Sale Order").

7. On April 2, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* [Dkt. # 3008] (the "Assumption and Assignment Order").

8. On April 16, 2019, ostensibly pursuant to the Sale Order and the Assumption and Assignment Order, the Debtors filed the Assignment Notice. Exhibit A to the Assignment Notice identifies four items items under the heading "Contract Title" associated with the Counterparty Name "LABOR READY MIDWEST INC." One of these Counterparty Names is preceded by "PEOPLEREADY -." *See* Assignment Notice, Exhibit A, Nos. 103-106. With respect to item no. 103, the Debtors acknowledge the filing of the Initial Cure Notice and Second Supplemental Cure Notice (but do not identify them as applicable to item nos. 104-106, even though they are). Item nos. 4185 and 4186 in the Initial Cure Notice correspond to item nos. 104 and 105 in the Assignment Notice. And item nos. 205 and 206 in the Second Supplemental Cure Notice are the same as item nos. 106 and 103, respectively, in the Assignment Notice. The Assignment Notice does not include item no. 4187 from the Initial Cure Notice, in which no Contract Title was stated.

9. As explained in the Initial Cure Objection and in the Second Supplemental Cure Objection, PeopleReady is formerly known as LaborReady, so PeopleReady suspects that the items in the Assignment Notice are intended to relate to any contracts that PeopleReady has with the Debtors. PeopleReady also uses the name TrueBlue, Inc., but the Debtors did not use this name in Exhibit A to the Assignment Notice. Under the heading "Cure Amount" in Exhibit A to the Assignment Notice with respect to the four PeopleReady items, there continues to be no dollar figure, which suggests the Debtors are proposing $0.00 as the cure amount for any PeopleReady contracts.

10. PeopleReady provides temporary labor services to the Debtors pursuant to the terms of a Master Services Agreement dated May 1, 2015, by and between PeopleReady and Sears Holdings Management Corporation (as amended and presently in effect, the "MSA").

11. The Debtors and PeopleReady have also entered into a Vendor Agreement dated December 18, 2018 (as amended to date, the "Vendor Agreement"), which, among other things, resolved PeopleReady's prepetition claim. Nothing in this Assignment Objection is intended to be inconsistent with the terms of the Vendor Agreement.

12. PeopleReady continues to provide services to the Debtors after the Petition Date pursuant to scope of work statements under the MSA entered into between the parties from time to time and is continuing to incur administrative expense priority claims in connection therewith. PeopleReady has also been providing its services to the Buyer in connection with the transition of the Debtors' business. Because these services are ongoing, with invoices issued and payments received by PeopleReady on a rolling basis, PeopleReady cannot presently determine the amount that will be necessary to cure monetary defaults under the MSA at the time the MSA is assumed and assigned to the Buyer. The Debtors and the Buyer need to be working with PeopleReady in good faith to calculate that figure instead of just asserting it to be zero.

13. PeopleReady objects to the Assignment Notice because, among other things, any assumption and assignment of an executory contract should reflect the correct party names, identify the MSA and any further amendments and supplemental scope of work statements, and provide for prompt payment of the actual cure amount that is owed as of the time of assumption and assignment, once determined. *See* 11 U.S.C. § 365(b)(1). The MSA must be assumed and assigned *in toto*, unless PeopleReady agrees otherwise. The Debtors and any assignee cannot pick and choose which components of an executory contract to take. The Assignment Notice also fails to demonstrate adequate assurance of future performance by the Buyer. The Debtors and Buyer have made no effort to resolve the Initial Cure Objection or the Second Supplemental Cure Objection or to seek PeopleReady's agreement with respect to the

Assignment Notice.

14. Any order approving assumption and assignment or related notice or agreement should make clear the Debtors are assuming and assigning all of their rights and obligations under the MSA as amended and in effect as of the effective date of assignment. The Debtors' payment of only the known cure amounts calculated prior to assumption and assignment does not relieve the assignee of obligations that may have accrued beforehand but are not known until later. In particular, without limitation, any order, notice, or agreement should require the assignee, following assignment, to pay for all accrued but unbilled services performed by PeopleReady under the MSA, whether they relate to a period before or after assignment, and to perform all other obligations under the MSA that arise after assignment (including, for example, indemnification obligations), regardless of when the events giving rise to such obligations occur or have occurred. The assignee must become subject to all terms of the MSA, including (without limitation) PeopleReady's rights of recoupment, which may not be modified without PeopleReady's express, prior written consent in accordance with the terms of the MSA.

11. PeopleReady reserves all rights consistent with the MSA, the Vendor Agreement, and applicable law, including without limitation to amend, supplement, and/or modify this Assignment Objection, to object any proposed cure amount or adequate assurance of future performance, and to file additional appropriate pleadings in the future.

*[Remainder of page intentionally left blank]*

WHEREFORE, PeopleReady respectfully requests that any order assuming or assigning any contracts or related notice or agreement address PeopleReady's concerns outlined above and that the Court grant such other and further relief as is just and proper.

Dated: April 23, 2019

MILLER NASH GRAHAM & DUNN LLP

*/s/ John R. Knapp, Jr.*
John R. Knapp, Jr., P.C., WSB No. 29343
Pier 70, 2801 Alaskan Way, Suite 300
Seattle, Washington 98121
E-Mail: john.knapp@millernash.com
Phone: (206) 624-8300
Fax: (206) 340-9599

Attorneys for PeopleReady, Inc.