Marshall C. Turner, Esq.
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1768
E-mail: marshall.turner@huschblackwell.com

Caleb T. Holzaepfel, Esq.
Admitted *pro hac vice*
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone:  423.755.2654
Email:  caleb.holzaepfel@huschblackwell.com

*Attorneys for Seven Springs Limited Partnership*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | : | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **SEARS HOLDINGS CORPORATION** | : | |
| ***et al.*,** | : | **Case No. 18-23538 (RDD)** |
| | : | |
| **Debtors** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

## SEVEN SPRINGS LIMITED PARTNERSHIP'S (STORE # 9153) SUPPLEMENTAL OBJECTION TO DEBTORS' STATED CURE AMOUNTS

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Seven Springs Limited Partnership, landlord, creditor, and party-in-interest in the above-captioned jointly-administered bankruptcy cases ("Seven Springs"), hereby submits its Supplemental Objection (the "Objection") to Debtors' *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1731] (the "Cure Notice") and Debtors' *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1774] (the

1

"Supplemental Cure Notice") and Debtors' *Notice of Assumption and Assignment of Designatable Leases* [Docket No. 3298] ("the "Cure/Designation Notice") and states as follows:

1.      On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and certain affiliates (the "Debtors"), filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.      Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[1]

3.      On November 1, 2018, Debtors filed their Motion for Approval of Global Bidding Procedures [Docket No. 429].

4.      On November 19, 2018, the Court entered its *Order Approving Global Bidding Procedures and Granting Related Relief* (the "Global Bidding Procedures Order") [Docket No. 816] (the "Bidding Procedures Order").

5.      On January 18, 2019, Debtors filed their *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730] naming the Buyer the winning bidder for the Global Assets (as defined in the Bidding Procedures Order) (the "Proposed Global Asset Sale").

6.      On January 18, 2019, Debtors filed their Cure Notice [Docket No. 1731].

7.      On January 23, 2019, Debtors filed their Supplemental Cure Notice [Docket No. 1774].

8.      On April 19, 2019, Debtors filed their Cure/Designation Notice [Docket No. 3298].

---

[1] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

9.    Prior to the Petition Date, Seven Springs entered into that certain Lease dated January 23, 1976, as amended, with Debtor Kmart Corporation (the "Lease") for the occupation and use of certain real property premises location in S. Lake Tahoe, California, known as Kmart #9153 (the "Premises")

10.    The Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum LTD*, 922 F.2d 1081 (3d. Cir. 1990).

11.    On January 25, 2019, Seven Springs timely and properly filed its *Limited Objection to the Debtors' Cure Notice* [Docket No. 1840] in connection with the Debtors' proposed assumption and assignment of leases and contracts (the "First Cure Objection"). A copy of the First Cure Objection is attached hereto and incorporated herein as **Exhibit A**.

12.    The Lease was included on *Exhibit 1* to the Cure/Designation Notice as an unexpired lease designated for assumption by Debtors and assignment to "Transform Operating Stores" with an accompanying cure amount of $47,533.00.

## SUPPLEMENTAL CURE CLAIM OBJECTION

13.    Section 365(b) provides in pertinent part as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

14.     Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses.  The Lease provides for recovery of attorneys' fees and expenses. Seven Springs hereby objects to assumption of the Lease listed in the Cure Notice and Cure/Designation Notice absent payment of Seven Springs' attorneys' fees and expenses.

15.     As of the date of this Objection, Seven Springs states the following cure amount applies to the Lease. Additional amounts have accrued since the filing of the First Cure Objection.[2]  As this amount differs from Debtors' amount listed on the Cure/Designation Notice, Seven Springs objects to those proposed cure amounts.  Seven Springs herein reserves the right to file a supplementary cure objection for additional amounts accrued but not yet billed under the Lease.

16.     *Table 1* identifies the cure amounts for the Lease, which are understated on the Cure/Designation Notice. A true and correct copy of Seven Springs' Accounts Receivable Aging Report for the Lease and the unpaid portion of the annual percentage rent charge supporting the actual Cure Amount contained in *Table 1* is attached hereto as **Exhibit B** and incorporated herein by reference.

**<u>TABLE 1</u>:**

| Store No. | Landlord | Location | Debtors' Proposed Cure | Seven Springs' Cure Amount |
|---|---|---|---|---|
| 9153 | Seven Springs Limited Partnership | South Lake Tahoe, CA | $47,533.00 | $65,545.66 |

17.     The Seven Springs' Cure Amount listed in *Table 1* only represents accrued charges due and owing as of April 22, 2019.  Seven Springs reserves its rights to supplement this cure objection to include these additional Landlord locations.

---

[2] The First Cure Objection listed a Cure Amount of $61,831.91 – which has not been discussed or reconciled between the parties.

18.     Seven Springs further objects to the assumption of the Lease absent payment of all cure amounts owed thereunder through the effective date of assumption, including any amounts that will become due or be invoiced on or after April 22, 2019 (including, but not limited to, additional amounts, not yet known, that accrued following April 22, 2019, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

19.     Further, Seven Springs requests an award of attorneys' fees and expenses incurred in the filing of this Motion in an amount not less than One Thousand and 00/100 Dollars ($1,000.00).

## JOINDER

20.     In addition to the foregoing, Seven Springs further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

## RESERVATION OF RIGHTS

21.     Seven Springs hereby reserves its rights to make such other and further objections as may be appropriate.

## CONCLUSION

22.     For the reasons set forth above, Seven Springs respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the Lease affirmatively require Debtors to pay all amounts accrued but not yet billed following April 23, 2019, including attorneys' fees and expenses; and (iii) grant Seven Springs such further relief as it deems proper.

Dated:  April 24, 2019

Respectfully Submitted,

*/s/ Caleb T. Holzaepfel*
Caleb T. Holzaepfel, Esq. (admitted *pro hac vice*)
**HUSCH BLACKWELL LLP**
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone:  423.755.2654
Facsimile:  423.266.5500
Email:  caleb.holzaepfel@huschblackwell.com

Marshall C. Turner, Esq., NY Bar #4003208
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1768
Facsimile: 314.480.1505
E-mail: marshall.turner@huschblackwell.com

*Attorneys for Seven Springs Limited Partnership*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served via electronic mail and/or first class mail, postage pre-paid on this 24th day of April, 2019 upon the parties listed below and electronically via ECF notification upon all parties requesting service via ECF notification:

Sears Holdings Management Corporation
Attn: Rob Riecker (rob.riechker@searshc.com)
Attn: Luke Valentino (luke.valentino@searshc.com)
Attn: Mohsin Meghji (mmeghji@miiipartners.com)
Attn: General Counsel (counsel@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (jacqueline.marcus@weil.com)
Attn: Garret A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Lazard Fréres & Co., LLC
Attn: Brandon Aebersold &
Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana.Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

Bank of America, N.A.
c/o Berkeley Research Group, LLC
2200 Powell Street, Suite 1200
Emeryville, CA 94608

Wells Fargo Bank, National Association
c/o Choate, Hall & Stewart LLP
Attn: Kevin J. Simard (ksimard@choate.com)
Attn: Jonathan D. Marshall (jmarshall@choate.com)
Two International Place
Boston, MA 02110

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin (pdublin@akingump.com)
Attn: Ira S. Dizengoff (idizengoff@akingump.com)
Attn: Abid Qureshi (aqureshi@akingump.com)
Attn: Sara L. Brauner (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani (kunal@eslinvest.com)
Attn: Harold Talisman (harold@eslinvest.com)
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Cleary Gottlieb Steen & Hamilton LLP
Attn: Christopher E. Austin (caustin@cgsh.com)
Attn: Benet J. O'Reilly (boreilly@cgsh.com)
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Office of the United States Trustee
Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

*/s/ Caleb T. Holzaepfel*
Caleb T. Holzaepfel