UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) Case No. 18-23538 (RDD) ) (Jointly Administered) |
| Debtors. | ) ) |

## ORDER GRANTING COMMUNITY UNIT SCHOOL DISTRICT 300'S MOTION FOR ABSTENTION

Upon (i) the *Motion of Community Unit School District 300 for Relief From the Automatic Stay or, in the Alternative, for Abstention* [Docket No. 652] (the "**Abstention Motion**")[1] pursuant to which COMMUNITY UNIT SCHOOL DISTRICT 300 (the "**School District**") requested that the Bankruptcy Court, *inter alia*, abstain pursuant to 28 U.S.C. §§ 1334(c)(l) and (2) from hearing matters related to that certain prepetition civil action pending in the Circuit Court of Cook County, State of Illinois (the "**Circuit Court**") styled, *Community Unit School District 300 v. Village of Hoffman Estates, et al.*, Case No. 2018 CH 12683 (the "**Illinois Action**"), and the *Debtors' Objection to Motion of Community Unit School District 300 for Relief from the Automatic Stay, or in the Alternative, Abstention* [Docket No. 1280]; and (ii) the *Motion of Debtors to Compel Turnover of Estate Property* [Docket No. 2715] (the "**Turnover Motion**"), *Community Unit School District 300 's (I) Objection to Debtors' Motion to Compel Turnover of Estate Property, and (II) Reply to Debtors' Objection to Motion of Community Unit School District 300 for Relief from the Automatic Stay or, in the Alternative, Abstention* [Docket No. 2996], the *Reply in Support of Debtors' Motion to Compel Turnover of Estate Property* [Docket No. 3161]; and the *Supplemental Objection to Debtors' Motion to Compel Turnover of Estate*

---

[1] Capitalized terms not defined herein shall have the meaning given to such terms in the Motions.

1

*Property* [Docket No. 3247] (the Abstention Motion and the Turnover Motion, collectively, the "**Motions**"); and the Court having jurisdiction to hear and determine the Motions pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and venue being proper before the Court pursuant to 28 U.S.C. §1408; and due and proper notice of the relief requested in the Motions having been provided; and the Court having held a hearing on April 18, 2019, to consider the relief requested in the Motions (the "**Hearing**"); and, upon the record of the Hearing and upon all of the proceedings had before the Court, the Court having determined for the reasons stated in its bench ruling at the Hearing that the legal and factual bases set forth in the Abstention Motion establish just cause for the Court to abstain, pursuant to 11 U.S.C. §1334(c)(2), from considering matters raised in the Turnover Motion and in the Illinois Action to the extent that they relate to the funds claimed by the School District currently held by the Village of Hoffman Estates (the "**Village**") in its Special Tax Allocation Fund (the "**Fund**"); and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

1.    The Abstention Motion is granted to the limited extent set forth herein.

2.    Pursuant to 11 U.S.C. § 1334(c)(2), this Court hereby abstains from hearing the issues raised in the Turnover Motion, and the School District and all other relevant parties are authorized to proceed to prosecute and achieve complete relief and resolution with respect to the matters raised in the Turnover Motion related to whether the Debtors or the School District are entitled to receive from the Village all or any portion of those funds currently held by the Village in the Fund.

3.    The parties to the Illinois Action may utilize any discovery obtained from this chapter 11 case (and have represented that they will not seek to duplicate such discovery) to proceed with the Illinois Action as well as any additional discovery allowed under Illinois law.

The parties may seek appropriate relief to the extent a requesting party believes that an answering party has not responded to any discovery conducted prior to this date consistent with the answering party's obligations under any applicable rules or laws, but the parties shall avoid replicating discovery already conducted in the chapter 11 cases.

4. The parties to the Motions having represented to the Court that they desire expedited treatment of the Illinois Action, and this Court having determined that such treatment is of critical importance to the Debtors and their ability to proceed to confirmation of a chatper 11 plan, this Court requests that the Circuit Court and any Illinois Appellate Court, if needed, proceed with these matters in an expedited manner.

5. The balance of relief sought in the Abstention Motion is denied without prejudice and, therefore, with respect to all other matters, the automatic stay under 11 U.S.C. § 362(a) shall remain in effect, and the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

6. With this ruling, no determination has been made at this time as to whether the School District has violated the automatic stay under 11 U.S.C. § 362(a) and, therefore, if the Debtors believe such relief is appropriate, their rights are reserved.

7. The Court reserves its right to reconsider its conclusion that the matters raised herein can be timely adjudicated in the Illinois Action if the matters are not promptly resolved by the Circuit Court and any Illinois Appellate Court.

8. This Order is effective immediately upon its entry; any stay of this Order under any Bankruptcy Rule is waived, for cause.

Dated: White Plains, New York
      April 25, 2019                      /s/Robert D. Drain_____
                                           HONORABLE ROBERT D. DRAIN
                                           UNITED STATES BANKRUPTCY JUDGE