UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                : 
                                                     :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.*,            :
                                                     :    **Case No. 18-23538 (RDD)**
                                                     :
         Debtors.[1]                                 :    **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER AUTHORIZING AND APPROVING PROCEDURES FOR SETTLING DE MINIMIS AFFIRMATIVE CLAIMS AND CAUSES OF ACTION OF THE DEBTORS

Upon the motion, dated April 3, 2019 (ECF No. 3031) (the "**Motion**")[2] of Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for an order authorizing and approving procedures for settling certain affirmative claims and causes of action of the Debtors,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

18-23538-shl    Doc 3363    Filed 04/25/19    Entered 04/25/19 16:26:57    Main Document
Pg 2 of 4

all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided in accordance with the Amended Case Management Order, and it appearing that no other or further notice need be provided; and upon all of the pleadings filed in response to the Motion; and the Court having held a hearing to consider the relief requested in the Motion on April 18, 2019 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and warranted under applicable law; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to settle affirmative claims and causes of action, arising both prepetition and postpetition, for which the amounts in dispute are *de minimis*, against subtenants, vendors, customers, and other parties with whom the Debtors engage in connection with the operation of their businesses (collectively, the "**De Minimis Claims**") pursuant to the following Settlement Procedures:

    a. The Debtors may, in their sole discretion and exercising their reasonable business judgment, settle De Minimis Claims in the ordinary course of

        business and may choose to document and reduce to writing a settlement agreement where necessary and appropriate.

b.     In settling a De Minimis Claim, the Debtors may provide a release to a Settling Party or other third party where appropriate.

c.     With regard to any settlement amount that is equal to or less than $5,000,000:

    i.     The Debtors will not agree to any settlement of a claim unless it is reasonable in the judgment of the Debtors upon consideration of: (i) the probability of success if the claim is litigated or arbitrated; (ii) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (iii) other factors relevant to assessing the wisdom of the settlement; and (iv) the fairness of the settlement vis-à-vis the Debtors' estates, creditors, and shareholders (collectively, the "**Settlement Factors**").

    ii.     The Debtors shall provide written notice of the material terms of the settlement of such De Minimis Claim (the "**Settlement Notice**") to (1) the U.S. Trustee, (2) counsel to the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, and (3) counsel to Wilmington Trust, National Association, as indenture trustee for the 6-5/8% Senior Secured Notes due 2018 and as collateral agent, Seyfarth Shaw LLP (collectively, the "**Settlement Notice Parties**"). Any Settlement Notice regarding a proposed settlement of an affirmative claim or cause of action by the Debtors shall also include the Debtors' good-faith estimate of the value of such claim.

    iii.     Any objections to a proposed settlement must be made in writing to counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq., Sunny Singh, Esq., and Garrett A. Fail, Esq., within seven (7) days after the date of delivery of the Settlement Notice.

    iv.     If any of the Settlement Notice Parties properly and timely objects to any proposed settlement within seven (7) days after the date of delivery of the Settlement Notice (or before the expiration of any extended objection period), and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (i) resolution of the objection by the applicable Settlement Notice Party, or (ii) Court approval of the proposed settlement after a motion of the Debtors upon appropriate notice and a hearing. In the absence of any such objection, the Debtors may enter into, execute, and consummate a written agreement of

        settlement that will be binding on it and its estate without further Court order.

    d.    Any settlement that is not authorized pursuant to the foregoing procedure, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the Debtors served upon the necessary parties in interest.

3.    So long as the Debtors are otherwise in compliance with the Settlement Procedures, the Debtors are hereby authorized to fix the allowed amount and priority of a claim without further order of this Court, pursuant to any applicable agreement between the Debtors and the Settling Party, and such agreement shall be fully binding upon the applicable Debtor's estate.

4.    For the avoidance of doubt, the Settlement Procedures shall not apply to (i) any claim held by a Debtor against any non-Debtor affiliate or other insider or (ii) any claim held by a non-Debtor affiliate or other insider against any Debtor.

5.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

6.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

7.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: April 25, 2019
       White Plains, New York

                              /s/Robert D. Drain
                              THE HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE