WASSERMAN, JURISTA & STOLZ, P.C.
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Phone: (973) 467-2700
Fax: (973) 467-8126
Donald W. Clarke
*Attorneys for West Orange Plaza*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
| In Re: | : | Chapter 11 |
| | : | |
| **SEARS HOLDINGS CORPORATION,** *et al.* | : | Case No. 18-23538-RDD |
| | : | |
| Debtors. | : | (Jointly Administered) |
-------------------------------------------------------------x

**OBJECTION BY WEST ORANGE PLAZA (STORE NO. 9413) TO TRANSFORM HOLDCO, LLC'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES [DOC 3298], AND SUPPLEMENTAL OBJECTION BY WEST ORANGE PLAZA TO ITS CURE OBJECTION [DOC 1810]**

*West Orange Plaza* ("WOP"), creditor and landlord of the above-captioned debtors ("Debtors"), by and through its attorneys, Wasserman, Jurista & Stolz, PC, objects to Transform Holdco, LLC's (the "Buyer") *NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES* (the "Designation Notice") [Doc 3298], provides this supplemental objection to its timely-filed CURE OBJECTION (the "Cure Objection") [Doc 1810], and sets forth as follows:

1.  WOP is the owner of certain real property on which Store No. 9413 is located. The Debtors operate Store No. 9413 pursuant to the terms of that certain lease, dated April 23, 1981, and as same has been amended (the "Lease").

**The Supplemental Objection to the Cure Objection [Doc 1810]**

2. The Debtors' original Cure Notice[1] shows a cure amount of $2,652.00 due and owing under the Lease.

3. Attached hereto as **Exhibit "A"** is WOP's Cure Objection, filed on January 25, 2019. Pursuant to same, WOP detailed a total cure then due of $410,441.62 and reserved its right to adjust the amount due by any amount which "might accrue prior to the assumption or assignment."

4. Since it appeared WOP was required to file a proof of claim prior to either the Debtors or the Buyer having to make a determination of whether the Lease was to be assumed or assigned, WOP filed a proof of claim on April 10, 2019 (the "WOP POC") **Exhibit "B."**

5. The WOP POC details then-current amounts due under the Lease of no less than $843,094.48. The WOP POC also reserves WOP's right to adjust that amount by "other damages to which WOP is entitled under the Lease or applicable law, including, but not limited to, post-petition occupancy and related charges under the Lease plus attorneys' fees and costs to be determined upon rejection or assumption of the Lease."

6. Based in part on time entries to date, it is estimated WOP will incur no less than $4,500.00 in attorney fees related to this Lease. **As such, the total cure due under the Lease is $847,594.48** (the "Cure Amount"). To the extent necessary, this amount is subject to adjustment by additional attorney fees or amounts which might come due under, or related to, the Lease.

**The Objection to the Notice of Assumption and Assignment [Doc 3298]**

7. After the close of business on April 19, 2019, the Buyer filed the Designation Notice indicating its intention to have the Debtor assume the Lease and assign it to "Transform Operating Stores, LLC" (the "Assignee").

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the related pleadings.

8. The Designation Notice includes the deficient proposed cure amount from the Debtor's Cure Notice of a mere $2,652.00, and disputes the excess $407,789.62 from WOP's Cure Objection. In all likelihood, the Cure Amount detailed above also will be disputed.

9. It is unclear to WOP why these amounts are disputed by the Debtors, the Buyer, or the Assignee as they are premised upon the very basic costs incurred under nearly any Lease; rent and taxes.

10. Notwithstanding the sale of the designation rights to the Buyer, pursuant to § 365(b) of the Bankruptcy Code, the Debtors are unable to assume the Lease before they first cure or provide adequate assurance that they will promptly cure all defaults (monetary and nonmonetary) as of the date of the proposed assumption.

11. The Lease cannot be assigned before it is first assumed, and furthermore, cannot be assigned without adequate assurance of future performance.

12. The Designation Notice received less than a week ago is the first instance WOP was made aware of the identity of the proposed Assignee, and WOP has received no information with which it might be adequately assured as to future performance.

13. To be clear, in order for the Debtor to assume the Lease, regardless of any proposed assignment, the Cure Amount must be paid in full, or the Debtor must adequately assure that it will promptly cure the default. The Buyer disputes that it must pay the Cure Amount and it has provided no assurance the Assignee will be adequately funded such that it will be able to adequately perform under the Lease.

14. Based on the foregoing, the Landlord respectfully requests that the Cure Amount, in addition to any amounts which might accrue prior to the assumption or assignment, be paid in full.

        **WASSERMAN, JURISTA & STOLZ, P.C.**
*Attorney for West Orange Plaza*

Dated: April 26, 2019                  DONALD W. CLARKE