**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, New Jersey 07960
Telephone: (973) 992-4800
Facsimile: (973) 992-9125
Mark E. Hall, Esq.
Michael R. Herz, Esq.

*Attorneys for CAPREF Burbank LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEARS HOLDINGS CORPORATION, *et al.*, | ) Case No. 18-23538 (RDD) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket Nos. 1774 and 3298 |

**SUPPLEMENTAL OBJECTION OF**
**CAPREF BURBANK LLC TO PROPOSED CURE AMOUNT**

CAPREF Burbank LLC ("Landlord" or "CAPREF"), by and through its undersigned counsel, hereby submits this supplemental objection (this "Supplemental Objection") to the proposed cure amount set forth for the Landlord's lease in the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [Docket No. 1774] (the "Cure Notice") and the *Notice of Assumption and Assignment of Additional Designatable Leases* [Docket No. 3298] (the "Assumption Notice"). In support of this Supplemental Objection, Landlord respectfully states as follows:

**BACKGROUND**

1.  Landlord and one of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), namely, Sears, Roebuck and Co., ("Tenant"), are parties to that

certain Sublease dated November 15, 1989 (which Sublease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "Lease"),[1] related to retail property located in the Burbank Town Center (Burbank, California), known to the Debtors as Store #1838 (the "Store").

2. The Cure Notice, as filed by the Debtors, lists the proposed cure amounts for leases potentially to be assumed by the Debtors in connection with a potential global sale transaction. The Debtors' proposed cure amount for the Store is $750.00 (the "Proposed Cure Amount"). It is unclear how this amount was calculated.

3. On January 25, 2019, Landlord filed an Objection (the "Initial Objection") to the Proposed Cure Amount [Docket No. 1983]. The Initial Objection stated that the amount then due and owing to Landlord under the lease was not less than $18,827.34, comprised of: (i) two monthly installments of $9,944.50 each for the month of December of 2018 and January of 2019 for unpaid Common Area Maintenance Cost due pursuant to Section 8.2 of the Lease, as reduced by (ii) a payment in the amount of $1,061.66 received by Landlord from the Tenant on January 11, 2019 for reasons and in payment of an amount unknown.

4. The Initial Objection further noted that the Cure Notice improperly identified the lessor under the Lease as "Cypress Equities" and requested that all future notices concerning the status or proposed disposition of the Lease or the Store should be directed to CAPREF.[2]

5. The Initial Objection included a reservation of rights by the Landlord to supplement

---

[1] The Lease is voluminous and presumably already in the Debtors' possession and thus has not been included in this filing, but a copy of the Lease can be provided upon request. CAPREF is the successor to Haagen-Burbank Partnership with respect to the Lease.

[2] As noted in the Initial Objection, although an entity known as Cypress Equities Managed Services, L.P. formerly had been the third party property management company for Burbank Town Center from approximately April of 2016 through March of 2018, such entity was never the owner of Burbank Town Center nor ever the lessor under the Lease or Tenant's landlord at the Store.

the Initial Objection to add additional sums that may accrue and/or become due under the Lease after the date of the Initial Objection.

6.  The Assumption Notice, as filed on behalf Transform Holdco LLC, again lists the proposed cure amount for the Store as $750.00, while also denoting the $18,827.34 cure amount stated by Landlord in the Initial Objection. The Assumption Notice also again improperly identifies the lessor under the Lease as "Cypress Equities" rather than CAPREF.

7.  Paragraph 17 of the Assumption Notice provides that a counterparty to an "Additional Assigned Agreement" that properly filed and served a cure objection, may file and serve a supplemental objection for cure costs that could not have been raised in the prior objection.

## **OBJECTION**

8.  Landlord supplements its Initial Objection to the Proposed Cure Amount to acknowledge Tenant has cured all amounts identified in the Initial Objection and to add (a) new amounts that have accrued under the Lease and that Tenant has not paid since filing the Initial Objection, and (b) new amounts that will accrue prior to expiration of the Designation Rights Period on May 3, 2019 as stated in the Assumption Notice. As of the date hereof, the outstanding balance due and owing to Landlord under the Lease is no less than $94,692.00, comprised of: (i) unpaid monthly Common Area Maintenance charges totaling $23,218.38 for the months of February through April 2019; and (ii) unpaid common area property taxes on Parking Facilities No. 2 totaling $71,473.62 as such amount was billed by CAPREF to Tenant on March 25, 2019 (which taxes were previously payable and paid by CAPREF in two installments to the taxing authority). A copy of the property tax bill is attached as Exhibit A. An additional $9,944.50 in monthly Common Area Maintenance charges will become due and payable from Tenant on May 1, 2019, which is prior to the date on which the Assumption Notice indicates the Lease will be

assumed. Therefore, as of the date hereof, Landlord supplements its Initial Objection to assert a revised cure claim and objection of not less than $104,636.50, which reflects all amounts now due and unpaid by Tenant or otherwise reasonably anticipated to be due and payable from Tenant under the Lease on or before May 3, 2019 (the "Supplemental Objection Amount").

9. Landlord also objects to the Assumption Notice insofar is it again improperly identifies the lessor under the Lease as "Cypress Equities." Landlord again requests that all future notices concerning the status or proposed disposition of the Lease or the Store should properly identify and be directed to CAPREF.

10. Landlord further objects the Cure Notice and the Assumption Notice insofar as the Proposed Cure Amount does not include amounts that may become due under the Lease after the Lease is assumed, or assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, year-end common area maintenance reconciliations). Any order establishing a cure amount in connection with the assumption or assumption and assignment of the Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease (including any documents cross-referenced in the Lease, such as the REA [as such term is defined in the Lease]), notwithstanding the Proposed Cure Amount or the currently stated Supplemental Objection Amount.

11. Additionally, Section 6.2 of the Lease contains certain restrictions on the ability of the Tenant to assign the Lease, including requiring that any assignment made by the lessee "shall not become effective unless and until the assignee, in writing, for the benefit for lessor, shall assume this lease and agree to perform and be bound by all the obligations of lessee accruing under this lease from and after the date of such assignment." Any assignment of the Lease thus must be done consistent with the terms of the Lease.

## RESERVATION OF RIGHTS

12. Landlord reserves its rights to supplement this Supplemental Objection to add additional sums that may accrue and/or become due under the Lease after the date hereof.

WHEREFORE, Landlord respectfully requests that any assumption of the Lease be conditioned upon payment of a cure amount totaling not less than the total amount due as of the date hereof (plus additional interest and sums that may accrue and/or become due under the Lease after the date hereof), and for such other and further relief as the Court deems just and proper.

Dated: Morristown, New Jersey
April 26, 2019

**FOX ROTHSCHILD LLP**
*Attorneys for CAPREF Burbank LLC*

By: */s/ Mark E. Hall*
Mark E. Hall
Michael R. Herz
49 Market Street
Morristown, New Jersey 07960
Telephone: (973) 992-4800
Facsimile: (973) 992-9125