WASSERMAN, JURISTA & STOLZ, P.C.
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Phone: (973) 467-2700
Fax: (973) 467-8126
Donald W. Clarke
*Attorneys for Levcom Wall Plaza Associates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In Re:                                                          :   Chapter 11
                                                                :
**SEARS HOLDINGS CORPORATION,** *et al.*                        :   Case No. 18-23538-RDD
                                                                :
                                                                :   (Jointly Administered)
                                       Debtors.                 :
---------------------------------------------------------------x

**OBJECTION BY LEVCOM WALL PLAZA ASSOCIATES (STORE NO. 7602) TO TRANSFORM HOLDCO, LLC'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES [DOC 3298], AND SUPPLEMENTAL OBJECTION BY
<u>LEVCOM WALL PLAZA ASSOCIATES TO ITS CURE OBJECTION [DOC 1813]</u>**

*Levcom Wall Plaza Associates* ("Levcom"), creditor and landlord of the above-captioned debtors ("Debtors"), by and through its attorneys, Wasserman, Jurista & Stolz, PC, objects to Transform Holdco, LLC's (the "Buyer") *NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES* (the "Designation Notice") [Doc 3298], provides this supplemental objection to its timely-filed CURE OBJECTION (the "Cure Objection") [Doc 1810], and sets forth as follows:

1.      Levcom is the owner of certain real property on which Store No. 7602 is located. The Debtors operate Store No. 7602 pursuant to the terms of that certain lease, dated June of 1985, and as same has been amended (the "Lease").

**The Supplemental Objection to the Cure Objection [Doc 1813]**

2. The Debtors' original Cure Notice[1] shows no cure due and owing under the Lease.

3. Attached hereto as **Exhibit "A"** is Levcom's Cure Objection, filed on January 25, 2019. Pursuant to same, Levcom detailed a total cure then due of $104,471.07 and reserved its right to adjust the amount due by any amount which "might accrue prior to the assumption or assignment."

4. Since it appeared Levcom was required to file a proof of claim prior to either the Debtors or the Buyer having to make a determination of whether the Lease was to be assumed or assigned, Levcom filed a proof of claim on April 10, 2019 (the "Levcom POC") **Exhibit "B."**

5. The Levcom POC details then-current amounts due under the Lease (*as adjusted after payment of some taxes, and incurring applicable monthly rent*) of no less than $101,545.31. The Levcom POC also reserves Levcom's right to adjust that amount by "other damages to which Levcom is entitled under the Lease or applicable law, including, but not limited to, post-petition occupancy and related charges under the Lease plus attorneys' fees and costs to be determined upon rejection or assumption of the Lease."

6. Since the Levcom POC filing, Levcom received postpetition rent of $47,598.84.

7. Based in part on time entries to date, it is estimated Levcom will incur no less than $4,500.00 in attorney fees related to this Lease. **As such, the total cure due under the Lease is $58,446.47** (the "Cure Amount"). To the extent necessary, this amount is subject to adjustment by additional attorney fees or amounts which might come due under, or related to, the Lease.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the related pleadings.

**The Objection to the Notice of Assumption and Assignment [Doc 3298]**

8. After the close of business on April 19, 2019, the Buyer filed the Designation Notice indicating its intention to have the Debtor assume the Lease and assign it to "Transform Operating Stores, LLC" (the "Assignee").

9. The Designation Notice includes the deficient proposed cure amount from the Debtor's Cure Notice of $0.00, and disputes the $104,471.07 from Levcom's Cure Objection. Admittedly, only now, by this filing, has Levcom adjusted its Cure Amount after receipt of the postpetition rent. However, in all likelihood, the Cure Amount (comprised at this time of prepetition real estate taxes) detailed above also will be disputed.

10. It is unclear to Levcom why this amount is disputed by the Debtors, the Buyer, or the Assignee as it is premised upon one of the very basic costs incurred by a tenant under nearly any Lease; real estate taxes.

11. Notwithstanding the sale of the designation rights to the Buyer, pursuant to § 365(b) of the Bankruptcy Code, the Debtors are unable to assume the Lease before they first cure or provide adequate assurance that they will promptly cure all defaults (monetary and nonmonetary) as of the date of the proposed assumption.

12. The Lease cannot be assigned before it is first assumed, and furthermore, cannot be assigned without adequate assurance of future performance.

13. The Designation Notice received less than a week ago is the first Levcom was made aware of the identity of the proposed Assignee, and Levcom has received no information with which it might be adequately assured as to future performance.

14. To be clear, in order for the Debtor to assume the Lease, regardless of any proposed assignment, the Cure Amount must be paid in full, or the Debtor must adequately assure that it will

promptly cure the default. The Buyer disputes that it must pay the Cure Amount and it has provided no assurance the Assignee will be adequately funded such that it will be able to adequately perform under the Lease.

15. Based on the foregoing, the Landlord respectfully requests that the Cure Amount, in addition to any amounts which might accrue prior to the assumption or assignment, be paid in full.

                                                     **WASSERMAN, JURISTA & STOLZ, P.C.**
                                                     *Attorney for Lexcom Wall Plaza Associates*

Dated: April 26, 2019                                          DONALD W. CLARKE