Sirlin Lesser & Benson, P.C.
123 South Broad Street, Suite 2100
Philadelphia, PA 19109
Telephone: (215) 864-9700
Fax: (215) 864-9669
dplon@sirlinlaw.com
Dana S. Plon, Esquire

*Attorney for Loyal Holdings DE LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors | (Jointly Administered) |
| | Re: Docket No. 3298 |

### OBJECTION TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES AND TO PROPOSED CURE AMOUNT OF LOYAL HOLDINGS DE LLC

Loyal Holdings DE LLC ("Landlord"), by and through its undersigned counsel, hereby objects to the *Notice of Assumption and Assignment of Additional Designatable Leases* [Docket No. 3298] filed by Transform Holdco LLC (the "Buyer") on April 19, 2019 (the "Designation Notice") and to the cure amount and lack of adequate assurance information provided by Buyer and Buyer's affiliated entities (the "Objection"). In support of this Objection, Landlord respectfully states as follows:

1. Landlord is the owner of certain non-residential real property known as Loyal Plaza and located at 1915 East Third Street, Williamsport, Pennsylvania in which Debtors operate a Kmart (Store No. 3390) pursuant to that certain lease dated August 9, 1976 (as subsequently amended, modified and/or extended, the "Loyal Lease").

2. The Loyal Lease is a lease "of real property in a shopping center" for purposes of 11 U.S.C. §365(b)(3).

3. In the schedule attached to the Designation Notice filed by Buyer on April 19, 2019 (the "Designation Schedule"), the Loyal Lease is listed among the "Additional Designatable Leases" with the proposed assignee identified as Transform Operating Stores, an affiliate of Buyer (the "Proposed Assignee").

4. Buyer's proposed cured amount for Store No. 3390 is $45,777.00 (the "Proposed Cure Amount").

5. Landlord objects to the Proposed Cure Amount. As of the date hereof, the outstanding balance due and owing to Landlord under the Lease is no less than $150,441.00 comprised of 2018 Real Estate Tax Reconciliation in the amount of $71,399.00, 2018 Common Area Maintenance Reconciliation in the amount of $72,422.00, and 2018 Insurance Reconciliation in the amount of $6,620.00 (such amount may be increased by such other amounts as may be or become due under the Lease, including interest, the "Correct Cure Amount"). A true and correct copy of the cure calculation schedules supporting the Correct Cure Amount is attached hereto as Exhibit 1.

6. The 2018 Real Estate Taxes, CAM, and Insurance Reconciliations which account for the Correct Cure Amount were not due or billed when Debtor filed its *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* on January 18, 2019 [Docket No. 1731]. Accordingly, at that time no objection to cure amount was warranted.

7. Landlord objects to the Designation Notice insofar as the Proposed Cure Amount does not include amounts that may become due under the Lease after the Lease is assumed and

assigned, but which may relate to the pre-assumption period (*i.e.*, year-end common area maintenance reconciliations, the "Adjustment Amounts"). Any order establishing a cure amount in connection with the assumption and assignment of the Loyal Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease. The Buyer or the Proposed Assignee must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Lease regardless of whether such Adjustment Amounts were incurred before or after assumption or assignment of the Leases.

8. Paragraph 18 of the Designation provides that Buyer "intends to designate the [Loyal Lease] for assumption and assignment free and clear" of the Restrictive Covenants, but fails to describe the Restrictive Covenants that the Buyer is seeking to extinguish or diminish.

9. Landlord objects to the assignment of the Loyal Lease free and clear of Restrictive Covenants; any transfer of the Loyal Lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants.

10. The Designation Notice further fails to provide any adequate assurance information for the Proposed Assignee, including (i) where the Proposed Assignee is in the Buyer's organizational structure, (ii) the Proposed Assignee's and Buyer's current financial position, including financial wherewithal and current availability under any credit facilities, and/or any other financial resources, and (iii) the Buyer's and Proposed Assignee's operation experience, resources and capabilities.

11. Landlord further objections to the Designation Notice as neither the Buyer nor the Proposed Assignee have met their burden of demonstrating adequate assurance of future performance to satisfy their Adequate Assurance Obligations as required by Section 365 of the Bankruptcy Code.

## RESERVATION OF RIGHTS AND JOINDER

12. Landlord reserves its rights to supplement this Objection and joins in objections filed by other landlords to the extent not inconsistent with the relief requested herein.

## CONCLUSION

13. Landlord respectfully requests that: (a) the assumption and assignment of the Loyal Lease be denied; (b) any assumption of the Loyal Lease be conditioned upon payment of a cure amount totaling not less than the Correct Cure Amount as of the date hereof (plus additional interest and sums that may accrue and/or become due under the Lease after the date hereof); (c) the Correct Cure Amount should be allowed (subject to adjustment by Landlord); (d) any order approving the assumption and assignment of the Loyal Lease be subject to and conditioned upon the Buyer or the Proposed Assignee providing adequate assurance of future performance; (e) any order approving the assumption and assignment of the Loyal Lease expressly provide that it is subject to, and not free from, all of the Restrictive Covenants of the Loyal Lease; and, (f) the Court should grant such other relief that the Court finds just and proper.

Dated: April 26, 2019  
Philadelphia, PA

SIRLIN LESSER & BENSON, P.C.  
*Attorney for Loyal Holdings DE LLC*

By: _____  
Dana S. Plon, Esquire  
123 South Broad Street, Suite 2100  
Philadelphia, PA 19109  
Telephone: (215) 864-9700  
Fax: (215) 864-9669  
*dplon@sirlinlaw.com*