Sirlin Lesser & Benson, P.C.
123 South Broad Street, Suite 2100
Philadelphia, PA 19109
Telephone: (215) 864-9700
Fax: (215) 864-9669
dplon@sirlinlaw.com
Dana S. Plon, Esquire

*Attorney for Pennsee, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| Debtors | : | (Jointly Administered) |
| | : | Re: Docket No. 3298 |

**OBJECTION TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF
ADDITIONAL DESIGNATABLE LEASES AND TO PROPOSED CURE AMOUNT
OF PENNSEE, LLC**

Pennsee, LLC ("Landlord"), by and through its undersigned counsel, hereby objects to the *Notice of Assumption and Assignment of Additional Designatable Leases* [Docket No. 3298] filed by Transform Holdco LLC (the "Buyer") on April 19, 2019 (the "Notice") and to the cure amount and lack of adequate assurance information provided by Buyer and Buyer's affiliated entities (the "Objection") In support of this Objection, Landlord respectfully states as follows:

**BACKGROUND**

1. Landlord is the owner of certain non-residential real property located at 7101 Roosevelt Boulevard, Philadelphia, Pennsylvania in which Debtors operate a Kmart (Store No.

3527) pursuant to that certain lease dated October 30, 1979 (as subsequently amended, modified and/or extended, the "Pennsee Lease").

2. The Pennsee Lease is a lease "of real property in a shopping center" for purposes of 11 U.S.C. §365(b)(3).

3. In the schedule attached to the Designation Notice filed by Buyer on April 19, 2019 (the "Designation Schedule"), the Pennsee Lease is listed among the "Additional Designatable Leases" with the proposed assignee identified as Transform Leasco, LLC, an affiliate of Buyer (the "Proposed Assignee").

4. The Debtors' proposed cured amount for Store No. 3527 is $0.00 (the "Proposed Cure Amount").

5. Landlord objects to the Designation Notice insofar as the Proposed Cure Amount does not include amounts that may become due under the Lease after the Lease is assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, year-end common area maintenance reconciliations, the "Adjustment Amounts"). Any order establishing a cure amount in connection with the assumption and assignment of the Pennsee Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease. The Buyer or the Proposed Assignee must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Lease regardless of whether such Adjustment Amounts were incurred before or after assumption or assignment of the Leases.

6. Subsequent to Debtor filing its *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with*

*Global Sale Transaction* [Docket No. 1774] on January 23, 2019, which listed the Pennsee Lease as a potential lease to be assumed, Landlord became aware of non-monetary breaches of the Lease that must be cured prior to any proposed assumption and assignment of the Pennsee Lease including failure to maintain proper insurance and failure to maintain the Premises.

7. Landlord made written demand for insurance to Buyer's counsel on or about March 1, 2019 pursuant to section 10 of the Lease. Buyer responded to Landlord's notice stating that it had not yet elected to assume the Lease.

8. As a result, to the best of Landlord's knowledge, the insurance required to be maintained by the Tenant under the Lease is not in place, exposing Landlord to significant economic risk.

9. Additionally, pursuant to the Pennsee Lease, as amended, "Tenant shall make and pay for all maintenance, replacement and repairs necessary to keep the Premises, including but not limited to, the parking lot and exterior service areas in good state of repair . . .". [4th Amendment to Lease, paragraph 2]

10. Tenant has failed to maintain the Premises including the parking lot, allowing vandalism to the exterior of the Premises, and allowing garbage to accumulate around the Premises and the parking lot.

11. Paragraph 18 of the Designation provides that Buyer "intends to designate the [Pennsee Lease] for assumption and assignment free and clear" of the Restrictive Covenants, but fails to describe the Restrictive Covenants that the Buyer is seeking to extinguish or diminish.

12. Landlord objects to the assignment of the Pennsee Lease free and clear of Restrictive Covenants; any transfer of the Pennsee Lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants.

13. The Designation Notice further fails to provide any adequate assurance information for the Proposed Assignee, including (i) where the Proposed Assignee is in the Buyer's organizational structure, (ii) the Proposed Assignee's and Buyer's current financial position, including financial wherewithal and current availability under any credit facilities, and/or any other financial resources, and (iii) the Buyer's and Proposed Assignee's operation experience, resources and capabilities.

14. Landlord further objections to the Designation Notice as neither the Buyer nor the Proposed Assignee have met their burden of demonstrating adequate assurance of future performance to satisfy their Adequate Assurance Obligations as required by Section 365 of the Bankruptcy Code.

## RESERVATION OF RIGHTS AND JOINDER

15. Landlord reserves its rights to supplement this Objection and joins in objections filed by other landlords to the extent not inconsistent with the relief requested herein.

## CONCLUSION

16. Landlord respectfully requests that: (a) the assumption and assignment of the Pennsee Lease be denied; (b) any assumption of the Pennsee Lease be conditioned upon responsibility of Buyer to cure all non-monetary defaults and to pay a cure amount totaling not less than the Adjustment Amounts, if any, when due in accordance with the Lease; (c) any order approving the assumption and assignment of the Pennsee Lease be subject to and conditioned upon the Buyer or the Proposed Assignee providing adequate assurance of future performance; (d) any order approving the assumption and assignment of the Pennsee Lease expressly provide that it is

subject to, and not free from, all of the Restrictive Covenants of the Pennsee Lease and order ; and,

(e) the Court should grant such other relief that the Court finds just and proper.

Dated: April 26, 2019　　　　　SIRLIN LESSER & BENSON, P.C.
Philadelphia, PA　　　　　　　*Attorney for Pennsee, LLC*

By: _____
　　　Dana S. Plon, Esquire
　　　123 South Broad Street, Suite 2100
　　　Philadelphia, PA  19109
　　　Telephone: (215) 864-9700
　　　Fax: (215) 864-9669
　　　*dplon@sirlinlaw.com*