Christopher M. Hemrick
WALSH PIZZI O'REILLY FALANGA LLP
140 Broadway, 46th Floor
New York, NY 10005
Tel.: (973) 757-1100
chemrick@walsh.law
*Counsel to GroupBy USA, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>**SEARS HOLDINGS CORPORATION, et al.,**<br><br>**Debtors.**[1] | Hearing Date: May 21, 2019 at 10:00 a.m.<br>Objection Deadline: May 14, 2019<br><br>Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered) |

**MOTION OF GROUPBY USA, INC., FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND FOR
<u>RELATED RELIEF</u>**

GroupBy USA, Inc. ("GroupBy"), hereby files this *Motion of GroupBy USA, Inc., for Allowance and Payment of Administrative Expense Claim and for Related Relief* (the "Motion") seeking an order, substantially in the form submitted herewith (the "Proposed Order"): (i) allowing GroupBy's administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

respect to services provided by GroupBy to or for the benefit of the Debtors on or after October 15, 2018; (ii) directing immediate payment of GroupBy's administrative expense claim; and (iii) authorizing GroupBy to terminate all services to the Debtors under the Agreement from and after March 31, 2019.  In support of the Motion, GroupBy represents as follows:

1. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation, together with various of its affiliates (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. GroupBy has provided, and continued post-petition to provide, software and related services to or for the benefit of the Debtors including, but not limited to, Sears Holdings Management Corporation ("SHMC").  GroupBy provided SHMC with hosted third-party services, ecommerce and related services pursuant to a written Software-as-a-Service (SaaS) Agreement between the parties dated December 31, 2017 (the "Agreement").

3. In accordance with the terms of the Agreement, GroupBy submitted its most recent invoice (the "Invoice") dated January 1, 2019, to SHMC in the amount of $840,000.00, which amount remains unpaid and is currently due and owing. See Ex. A.[2]  The Invoice covers services to the Debtors from January 1, 2019 through and including June 30, 2019 at the contracted rate of $140,000 per month.

4. On March 6, 2019, the Debtors filed the *Motion of Debtors for Entry of an Order (A) Authorizing Rejection of Certain Executory Contracts, (B) Establishing Procedures for the Rejection of Executory Contracts, and (C) Granting Related Relief* [Doc. No. 2768] (the "Rejection Motion").  The Debtors requested in the Rejection Motion that the Agreement with

---

[2] References to Exhibits refer to those attached to the *Declaration of Srikant Nayak in Support of the Motion of Groupby USA, Inc. for Allowance and Payment of Administrative Expense Claim* submitted herewith.

2

GroupBy be rejected effective March 6, 2019. GroupBy, however, has provided its SaaS and related services to the Debtors from and after the Petition Date without interruption through March 31, 2019. Accordingly, GroupBy is entitled to an administrative expense claim for the entire period during which the Debtors used and benefited from GroupBy's services under the Agreement. Through and including March 31, 2019, the Debtors owe GroupBy the amount of $420,000, which represents three months service at the contract rate of $140,000 per month under the Agreement.

5. The Court granted the Rejection Motion and authorized the rejection of GroupBy's Agreement by Order dated April 3, 2019 [Dkt. No. 3044]. On April 17th, the Debtors circulated their *Notice of Rejection of Executory Contracts* [Dkt. No. 3268] (the "Rejection Notice"). The Rejection Notice made clear the effective date of rejection of such contracts, including the Agreement, was April 17, 2019.

6. Section 503(b)(1) of the Bankruptcy Code provides that administrative expenses shall be paid for "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. 503(b)(1). "[A]dministrative expense priority is available to contract parties when the debtor enjoys the benefits of the contract pending assumption or rejection." *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010); *Bp Energy Co. v. Bethlehem Steel Corp.*, Civ. Act. No. 02-6419 (NRB), 2002 U.S. Dist. LEXIS 22052, *22 n.14 (S.D.N.Y Nov. 15, 2002) (a debtor is required to make post-petition payments under an executory contract pending assumption or rejection as an administrative expense to the extent it receives a benefit to its estate.); *see also In re Beverage Canners Int'l Corp.*, 255 B.R. 89, 93–94 (Bankr. S.D. Fla. 2000). Debtors are required to pay the "reasonable value of the services received," and "there is a

presumption that the contract rate is reasonable." *Smurfit*, 425 B.R. at 741; *see also In re Washington-St. Tammany Elec. Coop., Inc.*, 111 B.R 555, 559 (Bankr. E.D. La. 1989).

7. The Debtors clearly benefited from the Agreement and the related SaaS services rendered by GroupBy. Absent GroupBy's provision of services, the Debtors' ecommerce capabilities would be severely compromised during a critical phase of their reorganization strategy. The use of GroupBy's services provided the Debtors with full functionality of their ecommerce platform, a core component of the Debtors' business operations. GroupBy's continued support under the Agreement allowed the Debtors to preserve the ongoing value of their business, which benefitted the estate and all creditors.

8. GroupBy is therefore entitled to an administrative priority expense claim pursuant to section 503(b)(1) of the Bankruptcy Code. GroupBy provided services in accordance with its obligations under the Agreement without any breach or default through the date of rejection. Accordingly, GroupBy is entitled to payment of the amounts it is owed post-petition as an administrative expense.

9. Given the Debtors rejection of GroupBy's Agreement, GroupBy further seeks an Order authorizing it to terminate all services to the Debtors under the Agreement from and after March 31, 2019.

WHEREFORE, for all the foregoing reasons, GroupBy requests that this Court enter an order:

    a. granting this Motion;

    b. allowing the administrative expense claim of GroupBy in the amount of $420,000.00 pursuant to section 503(b)(1)(A) of the Bankruptcy Code;

    c. ordering and directing that GroupBy be paid $420,000.00 within 10 days of the date of entry of the Order granting GroupBy an allowed administrative expense in the above-captioned cases;

    d.    authorizing GroupBy to terminate all services to the Debtors pursuant to the Agreement from and after March 31, 2019; and

    e.    granting GroupBy such other and further relief as deemed just and necessary.

Dated: April 29, 2019

WALSH PIZZI O'REILLY FALANGA LLP

By: */s/ Christopher M. Hemrick*
140 Broadway, 46th Floor
New York, NY 10005
Tel.: (973) 757-1100
chemrick@walsh.law
*Counsel to GroupBy USA, Inc.*