# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Ray C. Schrock, P.C.**
+1 (212) 310-8210
ray.schrock@weil.com

VIA E-MAIL

April 29, 2019

Edward M. Fox
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018

> **Re:** *In re Sears Holdings Corporation*, **et al.**

Dear Edward:

In response to your Objections[1], Sears Holdings Corporation and its affiliated debtors and debtors in possession (collectively, the "**Debtors**" and, together with their non-Debtor affiliates, the "**Company**" or "**Sears**") assert the following:

(1)    the Debtors are authorized to use cash collateral, as already raised in our papers;[2]

(2)    the Debtors are authorized to make payments to professionals from the Carve Out Account (as defined in the Final DIP Order) and sufficient cash exists to pay the invoiced amounts; and

---

[1]    *Objection to Payment of the Second Monthly Fee Statement of Evercore Group L.L.C. for Compensation Earned and Expenses Incurred for February 16, 2018 through March 15, 2019* [ECF No. 3167] and *Objection to Payment of the Fee Statement of Houlihan Lokey Capital, Inc. for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Investment Banker for the Official Committee of Unsecured Creditors for the Period from February 1, 2019 through February 28, 2019* [ECF No. 3310] (together, the "**Objections**"). The Debtors intend to treat all similarly filed objections in the same manner.

[2]    *See generally, Debtors' Objection to Motion of Wilmington Trust, National Association, as Indenture Trustee and Collateral Agent to Prohibit or Condition Debtors' Continued Use of Collateral, Including Cash Collateral* [ECF No. 3198].

**Weil, Gotshal & Manges LLP**

Page 2

> (3)    pursuant to the Interim Comp Order[3], Wilmington Trust, National Association
> ("**Wilmington Trust**") cannot file objections to Monthly Statements (as defined below)
> and has not properly filed the Objections.[4]

In sum, there is no legal basis for Wilmington Trust to object to payments made to professionals out of the Carve Out Account. As you know, pursuant to the Final DIP Order, which negotiations Wilmington Trust was a participant in, amounts in the Carve Out Account are "held in trust" to pay Allowed Professional Fees (as defined in the Final DIP Order) and are outside the Debtors' estates and do *not* constitute Cash Collateral. *See Final DIP Order* ¶ 21(f). Additionally, all liens and claims are subject and subordinate to the Carve-Out. *Id.* ¶ 15.

Further, Wilmington Trust in its Objections does not cite any authority under which it objects to the payment of Evercore Group L.L.C.'s ("**Evercore**") or Houlihan Lokey Capital, Inc.'s ("**Houlihan**") fees. Here, reference is made to the Interim Comp Order whereby certain "Notice Parties" are provided with an opportunity to review and object to any Monthly Statement (as defined in the Interim Comp Order). The "Notice Parties" include:

> (1)    Sears Holdings Corporation,
> (2)    the attorneys for the Debtors,
> (3)    the U.S. Trustee,
> (4)    counsel to the Official Committee of Unsecured Creditors, and
> (5)    counsel for Bank of America, N.A.;

noticeably, Wilmington Trust is not an enumerated Notice Party. *See Interim Comp Order* ¶ 2(A)(i). Put simply, Wilmington Trust cannot object to any Monthly Statements (as defined in the Interim Comp Order) – including Evercore's and Houlihan's Monthly Statements.

Accordingly, Wilmington Trust cannot object to payments made from the Carve Out Account made to professionals on account of Monthly Statements, otherwise not objected-to by Notice Parties. The remedy available to Wilmington Trust is to timely object to Interim Fee Applications (as defined in the Interim Comp Order). The Debtors will continue to remit allowed payments to professionals on account of Monthly Statements.

---

[3]    "**Interim Comp Order**" means the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 796].

[4]    "**Final DIP Order**" means the *Final Order Authorizing the Debtors to (A) Obtain Post-Petition Financing (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [ECF No. 955].

**Weil, Gotshal & Manges LLP**

Page 3

Sincerely,

Ray C. Schrock, P.C.

Cc:    Ira Dizengoff
       Phil Dublin
       Paul Basta
       Ann Reese
       Alan Carr
       William Transier
       Paul DePodesta
       Sunny Singh