**BROWN RUDNICK LLP**
Andrew P. Strehle
One Financial Center
Boston, MA 02111
Telephone:    (617) 856-8200
Facsimile:    (617) 856-8201

Gerard T. Cicero
Justin G. Cunningham
Seven Times Square
New York, NY 10036
Telephone:    (212) 209-4800
Facsimile:    (212) 209-4801

*Counsel to Primark US Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x
In re                                             :
                                                  :    **Chapter 11**
**SEARS HOLDINGS CORPORATION,** *et al.,*         :
                                                  :    **Case No. 18-23538 (RDD)**
                                                  :
       Debtors.                                   :    (Jointly Administered)
---------------------------------------------------x

**PRIMARK US CORP.'S SUPPLEMENTAL**
**OBJECTION AND RESERVATION OF RIGHTS**
**RESPECTING THE DEBTORS' NOTICES OF ASSUMPTION**
**AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

Primark US Corp. ("**Primark**"), by and through its undersigned counsel, hereby submits this supplemental objection and reservation of rights (the "**Primark Supplemental Objection**") respecting the *Notice of Assumption And Assignment Of Additional Designatable Leases* (the "**Braintree Sublease Assignment Notice**") [ECF No. 3298] and the *Notice of Assumption And Assignment Of Additional Designatable Leases* [ECF No. 3369] (the "**Non Disturbance Agreement Assignment Notice**"), filed by the Debtors, and respectfully states as follows:

**SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS**

1. Primark and debtor Sears, Roebuck and Co. ("**Sears Roebuck**") are parties to that certain pre-petition sublease dated October 17, 2014 by and between Sears Roebuck, as Sub-Landlord, and Primark, as Sub-Tenant (as the same may be amended, the "**Braintree Sublease**"), demising to Primark certain premises located in Braintree, Massachusetts and relating to Sears Store No. 1283, as amended by a First Omnibus Amendment to Leases by and between Sears Roebuck and Primark dated April 8, 2015 (which Omnibus Amendment affects other leases) and as affected by a Non Disturbance And Attornment Agreement From Master Landlord dated 2016 (date of last signature, December 21, 2016) by and between Braintree Properties Associates Limited Partnership, Sears Roebuck, and Primark (the "**Non Disturbance Agreement**").

2. On January 25, 2019, Primark filed *Primark US Corp.'s Limited Omnibus Objection To, And Reservation Of Rights Respecting: (1) Approval Of Debtors' Proposed Global Asset Sale Transaction To Transform Holdco, LLC; And (2) The Proposed Cure Amounts And Adequate Assurance In Connection With The Global Asset Sale Transaction* [ECF No. 1923] (the "**Primark Objection**"). Through the Primark Objection, Primark objected to, among other things, the Debtors' assumption and assignment of the Braintree Sublease and the Non Disturbance Agreement absent the Debtors' cure or the Buyer's assurance that it will cure certain defaults of maintenance obligations under the Braintree Sublease. The Primark Objection is hereby incorporated by reference into this Primark Supplemental Objection in its entirety and made a part hereof.

3. On February 8, 2019, the Bankruptcy Court entered its *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the*

*Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (the "**Sale Order**") [ECF No. 2507]. Paragraph 19 of the Sale Order provides, in relevant part:

> Notwithstanding the foregoing, with respect to those tenants and subtenants that filed an objection to the sale, all rights are reserved with respect to (i) all tenants' or subtenants' rights to assert validly enforceable rights under section 365(h) or Section 363(e) of the Bankruptcy Code and applicable agreements and state law and objections to the ability of the Debtors to assume and assign leases or sell real property free and clear of tenants' or subtenants' interests under Section 363(f) of the Bankruptcy Code (and Debtors' or Buyers' rights to contest such rights) and (ii) the Debtors' right to assume or reject a lease or sublease where the Debtor is the landlord or sub-landlord and all tenants' or subtenants' objections to the same, including, without limitation, objections to the assumption and assignment of leases or the sale of real property free and clear of tenants' or subtenants' rights and interests, whether under section 363(f) of the Bankruptcy Code or otherwise. In the event that the parties are unable to resolve the issues in the pending objections, these issues will be set for a hearing on a mutually convenient date after closing. Notwithstanding anything in this Sale Order or otherwise to the contrary, any Acquired Assets or Designatable Leases that are subject to or encumbered by a lease or sublease held by a tenant or subtenant as applicable, remains subject to or encumbered by such lease or sublease on and after Closing, subject to a further hearing on a date to be determined or an agreed upon resolution by such tenant or subtenant, the Debtors, and Buyer.

4. On April 19, 2019, the Debtors filed the Braintree Sublease Assignment Notice, designating the Braintree Sublease for assumption and assignment to the Buyer.[1]

5. On April 25, 2019, the Debtors filed the Non Disturbance Agreement Assignment Notice, designating the Non Disturbance Agreement for assumption and assignment to the Buyer.

6. Although Primark believes that the Primark Objection and the Sale Order obviate the need for Primark to file a "Supplemental Objection" or "Supplemental Cure Objection" under the terms of the Braintree Sublease Assignment Notice and the Non Disturbance

---

[1] The Braintree Sublease Assignment Notice also lists the "Ground Lease" governing the Braintree premises as a lease designated to be assumed and assigned to the Buyer.

3

Agreement Assignment Notice, respectively, Primark hereby files this Primark Supplemental Objection out of an abundance of caution and reserves its rights in accordance with the Primark Objection and the Sale Order, including, without limitation, the right to further object to the "cure" amount proposed by the Debtors in respect of the Braintree Sublease and the Non Disturbance Agreement.

## RESERVATION OF RIGHTS

7. Primark reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, supplement or withdraw this Primark Supplemental Objection, to seek discovery, and to raise additional objections during or prior to any hearing regarding the issues identified in the Primark Objection and this Primark Supplemental Objection.

Dated: April 29, 2019

**BROWN RUDNICK LLP**

/s/ *Andrew P. Strehle*
Andrew P. Strehle
One Financial Center
Boston, MA 02111
Telephone:(617) 856-8200
Facsimile: (617) 856-8201

Gerard T. Cicero
Justin G. Cunningham
Seven Times Square
New York, NY 10036
Telephone:(212) 209-4800
Facsimile: (212) 209-4801

*Counsel to Primark US Corp.*