FERRAIUOLI, LLC
390 N. Orange Avenue
Suite 2300
Orlando, Florida 32801
Telephone: (407) 982-7310
Facsimile: (787) 766-7001
Email: scolon@ferraiuoli.com
Email: gchico@ferraiuoli.com

Attorneys for *Santa Rosa Mall, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**SANTA ROSA MALL'S EMERGENCY MOTION TO COMPEL COMPLIANCE WITH THE
COURT'S FEBRUARY 8, 2019 *SALE ORDER***
(Related Docket No. 2507)

TO THE HONORABLE COURT:

COMES NOW Santa Rosa Mall, LLC ("Santa Rosa Mall"), by and through its undersigned counsel, and respectfully states and prays as follows:

<u>Factual and Procedural Background</u>

1.      On November 1, 2018, the Debtors filed a *Motion for Approval of Global Bidding Procedures* (the "*Global Bidding Procedures Motion*", Docket No. 429) in connection with a sale or disposition of certain assets of Sears and its debtor affiliates (the "*Global Bidding Procedures*").

2.      On November 19, 2018, the Court entered an *Order Approving Global Bidding Procedures and Granting Related Relief* (the "*Global Bidding Procedures Order*", Docket No. 816) regarding the sale/disposition of certain assets, scheduling auctions and hearings for approval of proposed sale transactions and approving the procedures for the assumption and assignment of executory contracts and unexpired non-residential leases.

3.      On November 21, 2018, the Debtors filed a *Notice of Filing of Global Bidding Procedures*

-1-

*Process Letter* (the "*Process Letter*", Docket No. 862) soliciting bids for all or some of Sears' stores and related assets identified as "Go Forward Stores", either on a going concern basis or on a liquidation basis. Pursuant to the asset schedule attached thereto, Sears identified Santa Rosa Mall as a "Go Forward Store". Id., p. 43, line no. 381.

4.      On December 20, 2018, Santa Rosa Mall filed a *Motion for Entry of Order for the Debtor to: (i) Disclose Status of Insurance Claim; (ii) Deposit Any Insurance Proceed into Separate Account to be Used Exclusively to Repair the Insured Demised Premises; and (iii) Alternatively, Find the Automatic Stay Inapplicable to the Insurance Proceeds* (the "*Motion to Compel Insurance Proceeds*", Docket No. 1240) for the Court to determine that the insurance proceeds are not part of the bankruptcy estate and must be exclusively applied to the restoration or rebuilding of the Demised Premises in accordance to the *Lease Agreement*.

5.      On January 14, 2019, the Debtors commenced an Auction for the assets identified as "Go Forward Stores" in connection with the *Global Bidding Procedure Order*.  See Docket No. 816, p. 32; Docket No. 1730, p. 2, ¶ 4.

6.      On January 18, 2019, the Debtors filed a *Notice of Successful Bidder and Sale Hearing* (Docket No. 1730). The Debtors' attached as Exhibit A thereto a copy of the *Asset Purchase Agreement* ("*Asset Purchase Agreement*") executed by and between Sears and Transform Holdco LLC (the "Buyer"), for the purchase of the *Acquired Assets*, as defined therein, on January 17, 2019. Id. at p. 2, ¶ 4.

7.      On January 26, 2019, Santa Rosa Mall filed a *Standing Objection to Global Asset Sale Transaction* (Docket No. 2013).  Pursuant to the terms of the *Asset Purchase Agreement*, specifically Section 2.1(q), Transform Holdco LLC (the "Buyer") acquired all proceeds relating to loss or damage occurring prior to the closing date of the Global Sale Transaction minus a cap of $13,000,000.00.[1]  In its *Standing Objection*, Santa Rosa Mall sustained that the insurance proceeds from the global settlement relative to Santa Rosa Mall's claim for damages should be used for the reconstruction of Store No. 1915 or

---

[1] The $13,000,000.00 insurance cap language remained unchanged pursuant to the February 8, 2019 *Sale Order* (Docket No. 2507).

be deposited in escrow with the Landlord, in accordance with the terms of the *Lease Agreement*.

8.      On February 1, 2019, the Debtors filed *Debtors' Omnibus Reply in Support of the Going Concern Sale Transaction* (Docket No. 2328). In Exhibit "A" attached thereto, the Debtors summarized and responded to all of the objections filed against the *Global Asset Sale Transaction*. The Debtors' response to Santa Rosa Mall's *Standing Objection to Global Asset Sale Transaction* (Docket No. 2013) was as follows:

| Objecting Party | Objection Summary | Response | Status |
|---|---|---|---|
| Santa Rosa Mall, LLC (ECF No. 2013) | Objects to the Sale Transaction to the extent the Asset Purchase Agreement unilaterally caps to $13 million the coverage limit of an insurance policy under which objector is the loss payee on this policy | The Asset Purchase Agreement does not cap the insurance coverage requirements under any lease. The provision cited by objector is unrelated to insurance coverage under a lease agreement. **Section § 2.1(q) of the APA addresses the payment of certain insurance proceeds that will be paid to the Debtors and not sold to Buyer, which are capped at $13 million.** | Pending |

Id. at pp. 96-97, ¶ 26 (emphasis added).

9.      By the Debtors' own admission, the insurance proceeds derived from the Hurricane Maria Loss, as outlined in Section 2.1(q) of the *Asset Purchase Agreement* would be transferred and/or sold to the Buyer, minus a $13,000,000.00 cap.[2]

10.     On February 2, 2019, the Debtors filed the *Declaration of Sunny Sigh in Support of the Going Concern Sale Transaction* ("*Declaration of* Sunny", Docket No. 2344). By the *Declaration of Sunny*, the Debtors attached true and correct copies of, *inter alia*, the transcripts from each day of the Auction (January 14, 2019, January 15, 2019, and January 16, 2019), attached as Exhibit "B", Exhibit "C", and Exhibit "D", respectively. Exhibit C reads, in pertinent part:

> And we do have the ESL bid and it is the final bid. **The terms that ESL is offering under this bid [] include** the following: NewCo to assume the entirety of the 350 million dollars and he junior DIP. This stands as an increase in 120 million dollars in the junior DIP that will be rolled over 19 into NewCo. [] Next [] I should note that this stands as total additional value

---

[2] Schedule 2.1(q) of the *Asset Purchase Agreement*, which was specifically referenced to by the Debtors and Section 2.1 of the *Asset Purchase Agreement* had not yet been disclosed.

beyond this morning's bid of 156 million dollars. In addition, **the debtors to retain 13 million dollars in hurricane insurance proceeds.**

Docket No. 2344, pp. 236-237, ¶¶ 9-9 (emphasis added).

11.      Once more, by the Debtors' own admission, insurance proceeds obtained from the Hurricane Maria Loss would be transferred to the Buyer and $13 million dollars would be set aside and retained by the Debtors.

12.      On February 8, 2019, the Court entered and *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Related Relief* (the "*Sale Order*", Docket No. 2507).

13.      Section 2.1 of the *Asset Purchase Agreement* (Docket No. 2507-1) specifically provides the following:

> [O]n the Closing Date, Sellers shall sell, transfer, assign, convey and deliver, or cause to be sold, transferred, assigned, conveyed and delivered, to Buyer or the applicable Assignee, and Buyer or such applicable Assignee shall purchase, all right, title and interest of Sellers, in, to or under all assets, properties and rights Related to the Business other than the Excluded Assets, and the following assets, properties and rights (collectively, the "Acquired Assets") free and clear…

Docket No. 2507-1, p. 56, § 2.1. Including,

> **any and all insurance proceeds**… or other compensation in respect of loss or damage to the Business or any Acquired Asset (and any right or claim of Sellers to any such proceeds, awards or other compensation), in each case, to the extent relating to a casualty occurring prior to… the date hereof, and whether received prior to, on or after [the] Closing Date, but **less any proceeds in respect of the Acquired Assets set forth on Schedule 2.1(q) in an aggregate amount not to exceed $13,000,000.**

Docket No. 2507-1, p. 58, § 2.1(q) (emphasis added).

14.      The *Asset Purchase Agreement* further states:

> Additionally, in the case of any Owned Real Property or Leased Real Property with respect to which a claim for damages to buildings or fixtures is pending as of the date of this Agreement, Sellers shall assign to Buyer any right Sellers have to any insurance proceeds relating to such claim and any amounts actually received in respect of such claim, other than any insurance proceeds in respect of the Acquired Assets set forth on Schedule 2.1(q) in an aggregate amount not to exceed $13,000,000, and the Purchase Price shall not be reduced.

-4-

Docket No. 2507-1, p. 127, § 12.3(a).

15.    Schedule 2.1(q) of the *Asset Purchase Agreement* specifically states that the insurance

proceeds included as Acquired Assets are derived from a claim filed on account of the Hurricane Maria

Loss. For ease of reference, attached as **Exhibit I** is Schedule 2.1(q) as filed.

16.    Upon information and belief, the Debtors and the applicable insurance Underwriters

reached a global settlement relating to the damages caused by Hurricanes Irma and Maria. Docket No.

2507-1, Schedule 2.1(q), p. 1003.  As part of the *Asset Purchase Agreement*, the Debtors transferred all title

to the proceeds from the global settlement to the Buyer, minus a cap of $13,000,000.00. See *Declaration*

*of Sunny Sigh* (Docket No. 2344 pp. 236-237, ¶¶ 9-9) ("In addition, the debtors… retain 13 million dollars

in hurricane insurance proceeds").

17.    On April 13, 2019, the Debtors agreed to an extension of the Buyer's Designation Deadline

for the possible assumption and assignment of Store No. 1915's *Lease Agreement* until <u>April 30, 2019</u>.

18.    On April 25, 2019, the Debtors filed a *Notice of Assumption and Assignment of Additional*

*Designatable Leases* (the "*Designation Notice*", Docket No. 3369) designating for assumption and

assignment certain additional agreements in accordance with the *Sale Order* and the *Assumption and*

*Assignment Order*, to which the Buyer, or an affiliated entity, shall be the relevant assignee.  Although

Santa Rosa Mall cannot be certain based on the ambiguous *Designation Notice*, it seems that the Buyer

designated Store No. 1915's *Lease Agreement* for assumption and assignment to Transform Operating

Stores LLC.

19.    On April 29, 2019, Santa Rosa Mall filed a *Supplemental Cure Objection* to the

*Designation Notice* (Docket No. 3408), and respectfully requested the Court deny approval of the

assumption and assignment of Store No. 1915's *Lease Agreement* unless and until the issues raised therein

were appropriately addressed.  Santa Rosa Mall fully incorporates the *Supplemental Cure Objection* as if

fully transcribed herein.

20.    Accordingly, Santa Rosa Mall files this *Emergency Motion to Compel Compliance with*

*the Court's February 8, 2019 Sale Order* and respectfully requests the Court enter an order compelling the Debtors comply with the *Sale Order* (Docket No. 2507) unless and until these issues are appropriately addressed.

Applicable Law and Discussion

21.     Despite the clear language of the *Sale Order*, it is the Buyer's position that no insurance proceeds will be retained by the Buyer on the Closing Date of the sale as all insurance proceeds are comingled with the Debtors assets.  The Buyer has represented to Santa Rosa Mall that it has not received and will not receive any insurance proceeds on account of the Hurricane Maria Loss prior or following the Closing Date.

22.     As a result of the lack of information available to Santa Rosa Mall regarding whether the insurance proceeds obtained for the damages caused to store No. 1915 would be transferred to the Buyer, is at a disadvantage in the negotiation with Buyer concerning the potential designation and assumption of the Lease Agreement.  Buyer's assertion that it will not obtain any part of the insurance proceeds are contrary to the clear language of the *Sale Order* and the confidential documents submitted to the Court on March 21, 2019[3], which show the amount claimed and collected by the Debtor on account of the Hurricane Maria Loss.

23.     The Buyer has asserted that the allocation of the funds is an issue between the Buyer and the Debtors, and should not affect Santa Rosa Mall.  Nonetheless, Buyers' failure to demand compliance with the terms of the *Asset Purchase Agreement*, as it pertains to the insurance proceeds , exacts upon Santa Rosa Mall the burden of granting certain concessions regarding the reconstruction costs of Store No. 1915, which should be covered with the proceeds from the Hurricane Maria Loss.

24.     Pursuant to the law of the case doctrine, "**when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case**." United States v. Matthews*, 643 F.3d 9, 12 (1st Cir. 2011), citing Arizona v. California*, 460 U.S. 605, (1983)

---

[3] At the March 21st, 2019 Omnibus Hearing, the Court heard Santa Rosa Mall's *Motion to Compel Insurance Proceeds* (Docket No. 1240).

(internal quotation mark omitted) (emphasis added). See also Redondo Const. Corp. v. Izquierdo, 746 F.3d 21, 26-27 (1st Cir. 2014); Johnson v. Holder, 564 F.3d 95, 99 (2d Cir. 2009); In re HS 45 John LLC, 585 B.R. 64, 80 (Bkrtcy. S.D.N.Y. 2018).

25.       "[A] legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation." Id., citing United States v. Bell, 988 F.2d 247, 250 (1st Cir.1993) (internal quotation marks omitted). See also Redondo Const. Corp. v. Izquierdo, 746 at 27.

26.       "Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication." Aramony v. United Way of Am., 254 F.3d 403, 410 (2nd Cir. 2001) (citations omitted). See also In re HS 45 John LLC, 585 B.R. at 80; Heathcoat v. Potts, 905 F.2d 367, 370 (11th Cir.1990); Morrow v. Dillard, 580 F.2d 1284, 1290 (5th Cir.1978); In re Williams, 190 B.R. 728, 736 (D.R.I. 1996); In re Fugazy, 159 B.R. 432, 438 (Bankr.S.D.N.Y. 1993); In re Martin, 142 B.R. 260, 264 (Bankr.N.D.Ill.1992).

27.       Pursuant to the law of the case doctrine and the terms of the *Asset Purchase Agreement*, specifically Section 2.1(q), the Buyer acquired all insurance proceeds relating to loss or damage occurring prior to the closing date of the Global Sale Transaction minus a cap of $13,000,000.00.

28.       It then follows that, as already determined by the Court in the *Sale Order*, the insurance proceeds from the global settlement relative to Santa Rosa Mall's claim for damages should be used for the reconstruction of Store No. 1915 in the event that the *Lease Agreement* is assumed and assigned by the Buyer and/or a proposed assignee.

29.       This Motion is filed urgently and request emergency relief on the grounds that the Buyer's Designation Deadline for the possible assumption and assignment of Store No. 1915's *Lease Agreement* expires on April 30, 2019 and there is an ongoing dispute regarding whether any insurance proceeds will be transferred to the Buyer. Absent an order granting the relief requested herein, Store No. 1915's assumption is at risk.

<u>Notice</u>

30.      Notice of this *Emergency Motion* will be provided in accordance with the procedures set forth in the *Amended [] Case Management Procedures Order* (Docket No. 405). Contemporaneously herewith, Santa Rosa Mall is filing a motion seeking to shorten the notice of the hearing to be held with respect to the *Emergency Motion*.

31.      No previous request for the relief sought herein has been made by Santa Rosa Mall to this or any other Court.

<u>Prayer for Relief</u>

WHEREFORE, Santa Rosa Mall respectfully requests the Court enter an order compelling the Debtors and the Buyer comply with the Court's February 8, 2019 *Sale Order* and assign the insurance proceeds related to Store No. 1915 to the Buyer upon the assumption of the *Lease Agreement,* and to hold the designation and assumption or rejection in abeyance until this matter is disposed of, so that the parties can engage in meaningful negotiations with regards to the assumption of the lease.

Respectfully submitted.
Dated: April 29, 2019.

**Ferraiuoli** LLC

221 Ponce de León Avenue
5th Floor, San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

*/s/ Sonia E. Colon Colon*
Sonia E. Colón Colón
Admitted *Pro Hac Vice*
USDC-PR No. 213809
scolon@ferraiuoli.com

*/s/ Gustavo A. Chico-Barris*
Gustavo A. Chico-Barris
NY State Bar No. 929147
USDC-PR No. 224205
gchico@ferraiuoli.com

Attorneys for
*Santa Rosa Mall, LLC*