# EXHIBIT B

| Parties | **THIS MEMORANDUM OF LEASE** dated this 18th day of December , 19 64, |
|---|---|

between   PATTON AVENUE DEVELOPMENT CORPORATION

a North Carolina corporation having its principal office at P. O. Box 1747, Greensboro, North Carolina 27402
(herein referred to as "Landlord"), and S. S. KRESGE COMPANY, a Michigan corporation having its principal office at 2727 Second Avenue, Detroit, Michigan 48232 (herein referred to as "Tenant"),

WITNESSETH: That for and in consideration of the sum of One Dollar ($1.00) and other good and valuable considerations and the further consideration of the rents reserved and the covenants and conditions more particularly set forth in a certain lease between Landlord and Tenant and bearing even date herewith, Landlord and Tenant do hereby covenant, promise and agree as follows:

**Demised Premises**

1. Landlord does demise unto Tenant and Tenant does take from Landlord for the term hereinafter provided, and any extension thereof, the following property: a completed store unit to be constructed, as specified in said lease, by Landlord at its expense on part of the land described in Exhibit "A", attached hereto and made a part hereof, situated in the City of Asheville , County of Buncombe , State of North Carolina , said store unit to be a part of the Commercial Development known as K-MART PLAZA - - -:- - - - - - - - - - - - - - - -, to be in the location outlined in red on Exhibit "B", attached hereto and made a part hereof, and to be of the dimensions specified in said Exhibit "B".

Landlord hereby gives and grants unto Tenant, its agents, employees, customers and invitees the following licenses, rights, privileges and easements in common with Landlord and other tenants of the land described in said Exhibit "A", and their respective agents, employees, customers and invitees: the use of parking areas, common areas (including rest rooms and other facilities, if any), roadways, sidewalks and accessways to public streets and highways, including those indicated on Exhibit "B" and those which shall at any time and from time to time be contained in said Commercial Development or any future enlargement thereof, together with the use of any delivery or servicing areas adjoining Tenant's store unit or designated as such on Exhibit "B", which areas shall be adequate for the passage, unloading and, if necessary, turning around of trailer trucks and other commercial vehicles.

**Term**

2. The lease term shall commence upon the date of occupancy by Tenant of said store unit, and shall terminate upon such date as shall be twenty - - - - - - ( 20 ) years from the last day of the month in which said date of occupancy by Tenant shall occur; provided, however, Tenant shall have the option to extend the lease term for three - - ( 3 ) successive periods of five ( 5 ) additional years each.

**Landlord's Covenant**

3. Landlord covenants, represents and warrants that, within the confines of the area of the Commercial Development described in Exhibit "A" now or in the future owned or controlled, directly or indirectly, by Landlord, Landlord's principal owners, stockholders, directors or officers, or their assignees or vendees, no premises (other than Tenant's store unit) shall be leased, rented, used or occupied for any purposes whatsoever without Tenant's prior written consent, which may be witheld or granted at Tenant's sole discretion and further, that in addition no premises so owned or controlled outside the confines of the area of the Commercial Development but within a four (4) mile radius thereof, shall be leased, rented, used or occupied for the operation of a variety store, department store, junior department store, cut-rate store or discount store. This covenant shall run with the land commencing with the date of execution of this lease and shall continue until such date as shall be the last day of the lease term or extension or renewal thereof; provided, however, this covenant shall cease and determine and be of no further force or effect in the event that either (a) subsequent to the commencement of the lease term, said store unit shall cease to be used for the operation of a cut-rate store or discount store or any store managed by Tenant for a period of six (6) consecutive months, excluding temporary interruptions of said operation because of causes beyond Tenant's control, or (b) said date of occupancy described in the aforesaid lease shall not occur prior to such date as shall be seven (7) years from the date of the execution of this lease.

**Building Areas**

4. Landlord shall not, during the period commencing with the date of execution of aforesaid lease and ending upon the last day of the lease term and any extension or renewal thereof, erect or construct any buildings or other structures upon any site or sites within the confines of the land described in Exhibit "A", except within the confines of the building site or sites (or future building sites) shown on Exhibit "B"; provided, however, in the event that the date of occupancy by Tenant of said store unit shall not occur prior to such date as shall be seven (7) years from the date of the execution of aforesaid lease, then the restrictions imposed by this Article shall cease and determine and shall be of no further force or effect.

The sole purpose of this instrument is to give notice of said lease and all its terms, covenants and conditions to the same extent as if said lease were fully set forth herein.

1

(10/22/64)

The conditions, covenants and agreements contained in this instrument shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, executors, administrators, successors and assigns. All covenants and agreements of this instrument and said lease shall run with the land.

IN WITNESS WHEREOF, the parties hereto have executed these presents in ~~duplicate~~ triplicate and affixed their seals hereto as of the day and year first above written.

WITNESSES:

_755-1_

PATTON AVENUE DEVELOPMENT CORPORATION

By: _Lawrence T. Hoyle_, President

Attest: _T. C. Hoyle, Jr._, Secretary

_536-1_

S. S. KRESGE COMPANY

By: _John B. Hollister_, Vice President

Attest: _John C. Cook_, Assistant Secretary

_J. K. Tewel_
J. K. Tewel

_Agnes Krausman_
Agnes Krausman

APPROVED

## ACKNOWLEDGMENTS

STATE OF _N. C._ } ss:
COUNTY OF _Guilford_

I do hereby certify that on this _28th_ day of _Dec_ , 19__, before me, _Betty Jean Jeffreys_ , a Notary Public in and for the County and State aforesaid, residing therein and duly commissioned, personally appeared _Lawrence T. Hoyle_ and _T. C. Hoyle, Jr._ , known to me to be the President and Secretary of _Patton Avenue Development Corporation_ , who being by me duly sworn, did depose and say that they reside in _Guilford Co., N. C._ , respectively; that they are the President and Secretary respectively of _Patton Avenue Development Corporation_ the corporation described in and which executed the foregoing instrument; that they know the seal of said corporation; that the seal affixed to said instrument is the corporate seal of said corporation; that, on behalf of said corporation and by order of its board of directors, they signed, sealed and delivered said instrument for the uses and purposes therein set forth, as its and their free and voluntary act; and that they signed their names thereto by like order.

In Witness Whereof, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

My commission expires _June 28, 1966_ _Betty Jean Jeffreys_
Notary Public

STATE OF MICHIGAN } ss:
COUNTY OF WAYNE

I do hereby certify that on this _31st_ day of _December_ , 19 _64_, before me, _Jean Currie_ , a Notary Public in and for the County and State aforesaid, residing therein and duly commissioned, personally appeared _John B. Hollister_ and _John C. Cook_ , known to me to be the Vice President and Assistant Secretary of S. S. Kresge Company, who, being by me duly sworn, did depose and say that they reside in _Detroit, Michigan_ and _Grosse Pointe, Michigan_ , respectively; that they are the Vice President and Assistant Secretary respectively of S. S. Kresge Company, the corporation described in and which executed the foregoing instrument; that they know the seal of said corporation; that the seal affixed to said instrument is the corporate seal of said corporation; that, on behalf of said corporation and by order of its board of directors, they signed, sealed and delivered said instrument for the uses and purposes therein set forth, as its and their free and voluntary act; and that they signed their names thereto by like order.

In Witness Whereof, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

My commission expires _March 18, 1966_ _Jean Currie_
Notary Public

CODE No. 929-84-100-Only-10/64-3584/64K-C1&C2-Printed in U.S.A. (4/15/63)

2

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

The Foregoing Certificates of _Betty Jean Jeffreys_
_& Jean Currie_
Notaries Public of the State and County designated, each duly authenticated by Notarial or Private Seals thereto attached, are adjudged to be correct. Let the instrument with the certificates be registered.

This the _22_ day of _March_ , 19 _65_.

_Belle S. Schilles_
Deputy Clerk Superior Court

Registered this the _22_ day of _March_ , 19 _65_, at _4:41_, _P_ M

_William E. Brown_
Register of Deeds

*281*

EXHIBIT "A" ATTACHED TO AND MADE A PART OF
THE LEASE ENTERED INTO DECEMBER 18, 1964
BETWEEN PATTON AVENUE DEVELOPMENT CORPORATION,
LANDLORD, AND S. S. KRESGE COMPANY, TENANT.

Located in the City of Asheville, Buncombe County, North Carolina:

## TRACT ONE

BEGINNING at a concrete monument in the northern margin of the
right-of-way line of dual U. S. Highways #19-23, known as Patton Avenue, at the
southeast corner of the lands of Wachovia Bank and Trust Company and running
thence with the line of said Bank, N. 12° 52' W. 227 feet to a concrete monument;
thence S. 89° 45' W. 119.3 feet to a concrete monument in the right-of-way line
of Louisiana Avenue; thence N. 36° 57' W. 221.5 feet to an iron in the eastern
margin of Louisiana Avenue; thence with the eastern margin of Louisiana Avenue,
N. 28° 51' W. 63.5 feet to an iron pipe, the Joyner corner; thence with Joyner,
S. 81° 17' E. 234.57 feet to an iron pipe; thence still with Joyner, N. 3° 7' E.
161.69 feet to a concrete monument, the Joyner northeast corner; thence with
Joyner, N. 78° 27' W. 353.92 feet to an iron in the eastern margin of Louisiana
Avenue; thence with the eastern margin of Louisiana Avenue, N. 19° 26' W. 87.85
feet; thence still with said Avenue, N. 5° 22' W. 100 feet; thence S. 86° 10' 30"
E. 114.09 feet to an iron pipe; thence N. 7° 20' E. 52.86 feet, corner with
Hargus; thence with Hargus, S. 76° 10' 30" E. 124.63 feet; thence N. 7° 34' 30"
E. 93.99 feet; thence N. 5° 50' E. 181.17 feet; thence S. 70° 45' E. 312 feet to
an iron; thence N. 37° 24' E. 148.93 feet to an iron; thence S. 70° 11' E. 573.02
feet to an iron in Hawkins Lane; thence with Hawkins Lane, S. 27° 56' W.386.4 feet
to a concrete monument; thence N. 82° 15' W. 113.79 feet to an iron; thence
S. 32° 53' 30" W. 193.5 feet to a concrete monument; thence S. 23° 27' W. 165.86
feet to a concrete monument; thence S. 85° 57' 30" E. 17.59 feet to a dogwood
tree; thence S. 20° 50' 30" E. 290.35 feet to an existing spike in the northern
margin of Patton Avenue; thence with the northern margin of Patton Avenue,
S. 85° 26' 30" W. 350.45 feet to a concrete monument; thence still with the
northern margin of Patton Avenue, S. 87° 34' W. 25 feet to the point of beginning.
Subject, however, to right-of-way for the widening of Hawkins Lane and the right-
of-way for the widening of Louisiana Avenue, and together with and subject to
rights of ingress, egress, and regress in, over and through that tract of land

*282*

fronting 50 feet on Patton Avenue and running N. 12° 59' W. 35 feet, the center line of which is the first call in the foregoing description.

## TRACT TWO

A leasehold interest in and to: BEGINNING at an iron pipe in the eastern margin of Louisiana Avenue, Wells' northwest corner, and running thence with the Wells' line, S. 81° 17' E. 234.57 feet to an iron in the line of the land of G-K, Inc.; thence with said line, N. 3° 7' E. 161.69 feet to a monument at a 24-inch pin, corner with Shelton; thence with the Shelton line, N. 78° 27' W. 353.92 feet to an iron pipe in the eastern margin of Louisiana Avenue; thence with the eastern margin of Louisiana Avenue, S. 19° 26' E. 12.15 feet and S. 28° 51' E. 211.64 feet to the point of beginning.

Consisting of approximately 12 acres, and being as more particularly shown on survey dated October 19, 1964 prepared by Hollowell, Borum and Associates, Greensboro, North Carolina.



SCALE
120 FEET TO 1 INCH

S.S. Seal 1916



K·MART PLAZA
ASHEVILLE, N.C.

Anything shown hereon to the contrary
notwithstanding, the location and number of
entrances, driveways, sidewalks, light
standards and parking stalls, as well as
the grades and elevations of the various
areas in the Commercial Development, are
subject to Tenant's approval.

EXHIBIT B
12.18/64