Casey Cantrell Swartz, Esq.
(Admitted *pro hac vice*)
**TAFT STETTINIUS & HOLLISTER LLP**
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Telephone: (513) 357-9452
Facsimile: (513) 381-0205
Email: cswartz@taftlaw.com

*Counsel for CIVF V-OH1M03, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **SEARS HOLDINGS CORPORATION, et al.,** | CASE NO. 18-23538-RDD |
| Debtors. | (Jointly Administered) |

---

### OBJECTION OF CIVF V-OH1M03, LLC TO THE
### NOTICE AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES

---

CIVF V-OH1M03, LLC ("Cabot"), by its undersigned counsel, hereby objects (the "Objection") to the above-captioned debtors' (the "Debtors") Notice of Assumption and Assignment of Designatable Leases (Docket No. 3298). In support of this Objection, Cabot respectfully states:

### BACKGROUND

1.      On October 15, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United State Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2.      Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Debtor, Innovel Solutions, Inc., leases certain real property located at 1615-1621 Georgesville Rd., Columbus, Ohio (the "Property"), from Cabot pursuant to a Lease Agreement dated as of December 18, 2001, as amended by the First Amendment to Lease dated as of June 22, 2006, as

supplemented by the Notice of Extension of Lease dated June 1, 2009, as amended by the Second

Amendment to Lease dated as of March 30, 2010, and as amended by the Third Amendment to Lease

dated as of April 18, 2018 (collectively, the "Lease").

4.      On November 1, 2018, the Debtors filed their Motion for Approval of Global Budding

Procedures (Docket No. 429) (the "Sale Motion") seeking, among other things, approval of procedures to

market, auction, and sell the Debtors' real estate and other assets as a going concern (the "Sale").

5.      On November 19, 2018, this Court entered the *Order Approving Global Bidding*

*Procedures and Granting Related Relief* (Docket No. 816) (the "Sale Procedures Order") which, among

other things, approved the Sale Motion.

6.      On January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets

(the "Auction") whereby the Debtors selected an offer by Transform Holdco, LLC (the "Proposed Buyer"),

established by ESL Investments, Inc., as the highest and/or best offer for all or substantially all of the Global

Assets.

7.      On January 18, 2019, the Debtors filed the *Notice of Cure Costs and Potential Assumption*

*and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*

(the "Notice").

8.      On January 23, 2019, the Debtors filed the *Supplemental Notice of Cure Costs and*

*Potential Assumption and Assignment of Executory Contract and Unexpired Leases in Connection with*

*Global Sale Transaction* (Docket No. 1774) (the "Supplemental Notice"). The Notice and the

Supplemental Notice identify certain executory contracts and unexpired leases that the Debtors might assume

and assign as part of the Proposed Sale, including the Lease.

9.      The Supplemental Notice proposed $24,442.47 as the amount necessary to cure all

monetary defaults under the Lease (the "First Cure Amount").

10.     On January 31, 2019, Cabot timely filed a limited objection and reservation of rights

("Reservation of Rights") to the Notice and Supplemental Notice (Docket No. 2212) which outlined the

amount to cure the defaults under the Lease through January 2019 was $12,769.97 (the "Cure Amount")

and reserved Cabot's rights supplement the Cure Amount as post-petition charges came due.

11.     On February 8, 2019, the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith, and (IV) Granting Relates Relief* (the "Sale Order") was

entered by the Court.

12.     On April 19, 2019, the Debtors filed the *Notice of Assumption and Assignment of Additional Designatable Leases* (Docket No. 3298) (the "Additional Notice") which lists the Lease as a

contract to be assumed and assigned.

13.     The Additional Notice avers that the First Cure Amount listed in the Supplemental Notice

was inaccurate and lists a revised cure amount of $0 (the "Revised Cure Amount"). *See Additional Notice*,

Exhibit 1, Line 492.

14.     The Revised Cure Amount is inaccurate. As of the date of this Objection, Cabot states

that the amount to cure all defaults under the Lease is $62,372.51 (the "Revised Cure Amount") because

additional amounts have accrued since the filing of the Reservation of Rights.

## **OBJECTION**

15.     Section 365(b) of the Bankruptcy Code provides, in pertinent part, that:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default  . . . ;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

16.     The Revised Cure Amount consists of:

| Date | Description | Amount |
|---|---|---|
| 3/1/2018 | Monthly Rent Shortfall | $220.05 |
| 4/1/2018 | Monthly Rent Shortfall | $5,389.34 |
| 4/19/2018 | Insurance Credit | $(52.57) |
| 4/19/2018 | Real Estate Tax Credit | $(117.00) |
| 4/19/2018 | Operating Expense Shortfall | $2,931.13 |
| 6/1/2018 | Real Estate Tax | $146.68 |
| 7/1/2018 | Operating Expense Shortfall | $73.34 |
| 8/1/2018 | Operating Expense Shortfall | $73.34 |
| 9/1/2018 | Operating Expense Shortfall | $73.34 |
| 10/1/2018 | Operating Expense Shortfall | $73.34 |
| 11/1/2018 | Operating Expense Shortfall | $73.34 |
| 12/1/2018 | Operating Expense Shortfall | $73.34 |
| 1/1/2019 | Operating Expense Shortfall | $3,812.33 |
| 2/1/2019 | Operating Expense Shortfall | $3,812.33 |
| 3/1/2019 | Operating Expense Shortfall | $3,812.33 |
| 3/27/2019 | Insurance Credit | $(385.53) |
| 3/27/2019 | 2018 Operating Expense Reconciliation | $15,792.26 |
| 3/28/2019 | 2018 Real Estate Reconciliation | $17,949.70 |
| 4/1/2019 | Operating Expense Shortfall | $3,812.33 |
|  | Attorney fees and costs | $4,809.09 |
|  | **Total** | $62,372.51 |

17.     This amount may increase prior to any actual date of assumption and assignment of the Lease if the amounts that accrue and become due and owing under the Lease after the date of this Objection are not paid.  In addition, interest or other amounts may come due pursuant to the terms of the Lease regardless of when those amounts accrued.

18.     Cabot expressly reserves its right to amend or supplement the Revised Cure Amount from time to time and at any time, and requests that the Debtors remain liable for, among other things: (a) post-petition charges or interest due under the Lease; (b) any non-monetary defaults; and/or (c) insurance and indemnification obligations under the Lease.

19.     In addition, Cabot requests that any order approving the assumption and assignment of the Lease provides that any assignee will be responsible for all accrued, but unbilled charges under the Lease, including unpaid interest, whether accruing prior to or after the effective date of assumption and/or assignment of the Lease, when such charges become due in accordance with the terms of the Lease. This

result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the Lease. *See* 11 U.S.C. § 365(b)(1).

20.     Any assumption and/or assignment of the Lease should be conditioned upon, among other things, full compliance with section 365 of the Bankruptcy Code, including, but not limited to, the payment to Cabot of all amounts due and owing under the Lease through the effective date of assumption and assignment of the Lease.

## **RESERVATION OF RIGHTS**

21.     Nothing in this Objection is intended to be, or should be construed as, a waiver by Cabot of any of its rights under any of the Lease, the Bankruptcy Code, or applicable law. Cabot expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to the cure amount and any proposed assignment of the Lease on any and all grounds; (b) amend the Revised Cure Amount; (c) assert any nonmonetary defaults under the Lease; (d) assert any rights for indemnification or contribution against the Debtors arising under the Lease; and (f) assert any further objections as it deems necessary or appropriate.

## **JOINDER IN OBJECTION OF SIMILARLY SITUATED PARTIES**

22.     To the extent not inconsistent with this Objection, Cabot joins in the objections of other landlords and contract counterparties to the Debtors' proposed assumption or assumption and assignment of leases.

INTENTIONALLY BLANK

## CONCLUSION

23.     For the reasons set forth above, Cabot respectfully requests that this Court (i) sustain this

Objection; (ii) require that any order authorizing the assumption of the Lease require the Debtors to pay

the Revised Cure Amount in addition to any and all amounts accrued but not yet billed following the date

of this Objection; and (iii) grant Cabot such further relief as it deems proper.

Dated: April 30, 2019                          Respectfully submitted,
Cincinnati, Ohio

                                               Casey Cantrell Swartz, Esq.
                                               (Admitted *pro hac vice*)
                                               **TAFT STETTINIUS & HOLLISTER LLP**
                                               425 Walnut Street, Suite 1800
                                               Cincinnati, Ohio 45202
                                               Telephone: (513) 357-9452
                                               Facsimile: (513) 381-0205
                                               Email: cswartz@taftlaw.com

                                               *Counsel for CIVF V-OH1M03, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all ECF participants registered in this case were served electronically on the
date of filing through the court's ECF System at the email address registered with the court.  In addition, I
hereby certify that on April 30, 2019, a copy of the foregoing was served via First Class Mail, postage
prepaid upon all those identified in accordance with this Court's *Amended Order Implementing Certain
Notice and Case Management Procedures* entered November 1, 2018 (Docket No. 405) as follows:

Chambers of the Honorable                      Debtors
  Judge Robert D. Drain                        c/o Sears Holdings Corporation
United States Bankruptcy Court                 Attn: Stephen Sitley Esq.
Southern District of New York                    and Luke J. Valentino, Esq.
300 Quarropas Street, Room 248                 3333 Beverly Road
White Plains, New York 10601                   Hoffman Estates IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock, P.C.,
    Jacqueline Marcus, Esq., Garret A. Fail, Esq.,
    and Sunny Singh, Esq.
767 Fifth Avenue
New York, New York 10153
Attorneys for the Debtors

Office of the United States Trustee for Region 2
Attn: Paul Schwartzberg, Esq.
201 Varick Street, Suite 1006
New York, New York 10014

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake, Esq.,
    Shana A. Elberg, Esq., and
    George R. Howard, Esq.
4 Times Square
New York, NY 10036
Attorneys for Bank of America, N.A.,
    administrative agent under the First Lien
    Credit Facility and the DIP ABL Agent

Davis Polk & Wardell LLP
Attn: Marshall S. Huebner, Esq. and
    Eli J. Vonnegut, Esq.
450 Lexington Avenue
New York, NY, 10017
Attorneys for Citibank, N.A., as administrative
    agent under the Stand-Alone L/C Facility

Cleary, Gottlieb
Attn: Sean A. O'Neal, Esq.
One Liberty Plaza
New York, NY, 10006
Attorneys for JPP, LLC, as agent under the
    Second Lien Credit Facility, IP/Ground Lease
    Term Loan Facility, and the Consolidated
    Secured Loan Facility

Locke Lord LLP
Attn: Brian Raynor, Esq.
111 South Wacker Drive
Chicago, IL 60606
Attorneys for the Pension Benefit
    Guaranty Corporation

Kelley Drye & Warren LLP
Attn: Eric R. Wilson, Esq., Benjamin D. Feder,
Esq., and T. Charlie Liu, Esq.
101 Park Avenue
New York, NY 10178
Attorneys for Computershare Trust
    Company, N.A., as trustee for the Second Lien
    PIK Notes, the Holdings Unsecured PIK
    Notes, and the Holdings Unsecured Notes

Seyfarth Shaw LLP
Attn: Edward M. Fox, Esq.
620 Eighth Avenue
New York, NY 10018
Attorneys for Wilmington Trust, National
    Association, as indenture trustee for the
    Second Lien Notes

Carter Ledyard & Milburn LLP
Attn: James Gadsden, Esq.
2 Wall Street
New York, NY 10015
Attorneys for The Bank of New York Mellon
    Trust Company, as successor trustee for the
    SRAC Unsecured PIK Notes, SRAC
    Unsecured Notes, and the SRAC Medium
    Term Notes

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq.
    and Sara Lynne Brauner, Esq.
One Bryant Park
New York, NY 10036

*/s/ Casey Cantrell Swartz*
Casey Cantrell Swartz