UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 18-23538 (RDD) |
| SEARS HOLDINGS CORPORATION, et als. | (Jointly Administered) |
| | **Ref No. 3330** |
| Debtors.[1] | |

**OBJECTION AND RESERVATION OF RIGHTS OF CANON FINANCIAL SERVICES, INC. TO SEVENTH SUPPLEMENTAL NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH GLOBAL SALE TRANSACTION**

Canon Financial Services, Inc. ("**CFS**") by and through its undersigned counsel submits

---

[1] 1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SRe Holding Corporation, filed as Case No. 19-22031 (the "**Additional Debtor**"). The separate chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

1

this Limited Objection and Reservation of Rights ("**Objection**") to the *Seventh Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases In Connection With Global Sale Transaction* ("**Seventh Notice**")[Docket No. 3330] and respectfully states as follows:

1. This Objection[2] pertains to Canon's Master Agreement ("**Master Agreement**") with Sears Holding Management Corporation ("**SHMC**") for the lease of equipment to SHMC. A true copy of the Master Agreement was filed with CFS' proof of claim. There are 90 separate Lease Schedules entered pursuant to the Master Agreement which remained extant as of the petition date, which date from June 10, 2010 through and including October 31, 2016 (the "**Lease Schedules**"). This Objection also relates to other leases and agreements, not related to the Master Agreement, by and between CFS and SHMC which remain open. A summary of each of the Lease Schedules and other agreements was included with CFS' proof of claim. Copies of the Master Agreement, the Lease Schedules and other agreements are voluminous and will be made available upon request. CFS Holds title to the equipment which is subject to the Master Agreement, the Lease Schedules and other agreements.

2. The Seventh Notice includes five (5) different entries for various contracts the Debtors has with CFS, for potential assumption and assignment by the Debtor. *See* Seventh Notice, Exhibit "A", at entries 5 through 9. From the descriptions provided, it is not clear precisely which agreements with CFS that the Debtor is proposing to potentially assume and assign. Moreover only one entry (No. 5) provides a cure amount, which is in the amount of

---

[2] CFS previously filed a limited objection ("**Limited Objection**")[Docket No. 2191] to Debtors' *Global Asset Sale Transaction and Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* ("**Original Cure Notice**") [Docket No. 1731]. Although CFS' contracts were not included in the Original Cure Notice, Canon filed the Limited Objection in an abundance of caution to preserve its rights. CFS incorporates the Limited Objection as if fully set forth herein at length.

2

4850-8034-5493, v. 1

$506,853.25.

3. Based upon the broad description of the agreements in the Seventh Notice, CFS assumes for the purposes of this Objection that the Debtor intends to assume and assign all of the agreements by and between the Debtor and CFS, including the Master Agreement, the Lease Schedules and all other agreements which remain open (collectively, the "**Agreements**").

4. CFS Objects to the Seventh Notice for two primary reasons. First, the cure amount listed in the Seventh Notice is incorrect. Second, CFS has not been provided with any information which suggests that the ultimate assignee will be able to perform under the various agreements with CFS.

5. As set forth above, the Seventh Notice provides that the cure amount for the Agreements is $506,853.25. In fact, the actual cure amount for the Agreements through April 25, 2019 is $614,924.00 (the "**Correct Cure Amount**"). See schedule of cure amounts for each of the Agreements attached hereto as **Exhibit "A"**. Obviously, the Correct Cure Amount does not include other charges due under the Agreements which will accrue after April 25, 2019, which amounts also must be paid by or before the effective date of any assignment, in addition to the Correct Cure Amount.

**Cure Objection**

6. Pursuant to section 365(b)(1) of the Bankruptcy Code, the potential assumption and assignment of the Agreements may not be consummated unless all defaults under the Agreements have been cured as of the effective date of the assignment. The Debtor must also assume and assign the Leases in their entirety, and the assignee is subject to the terms and conditions thereof *cum onere*. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531, 104 S. Ct. 1188, 1199, 79 L. Ed. 2d 482 (1984) ("Should the debtor-in-possession elect to assume the

executory contract, however, it assumes the contract cum onere."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits.").

7. Here, the Debtor and/or the ultimate assignee of the Agreements must satisfy the entire Correct Cure Amount, plus any other amounts which accrue under the Agreements after April 25, 2019, in addition to any other yet to be discovered amounts which may be due and owing under the Agreements.

**Adequate Assurance Objection**

8. Before assuming a contract a debtor must also, *inter alia*, provide adequate assurance of future performance. 11 U.S.C. §365(b)(1)(C). This section of the Bankruptcy Code is designed to ensure that parties receive the benefit bargained for if a lease is to be assumed. *In re Ionosphere Clubs, Inc.* 85 F.3d. 992, 999 (2d. Cir. 1996).

9. To date, no financial information has been supplied whatsoever concerning the Proposed Assignee – accordingly, the adequate assurance requirements have not been met. Before compelling CFS to accept an assignment of the Agreements, the proposed assignee must provide satisfactory adequate assurance information, as mandated by the Bankruptcy Code.

**Additional Objections**

10. To the extent the Debtors seek to assume and assign the Agreements, then CFS objects unless defaults under each of the Agreements are fully cured. If the Debtors do not intend to assume and assign the Agreements, then the Agreement should immediately be deemed rejected and all equipment subject to the Agreements, should be returned to CFS.

11. CFS objects to the Global Asset Sale transaction and Asset Purchase Agreement to the extent the transactions seek to transfer any of CFS' equipment, in derogation of the Master

4850-8034-5493, v. 1

Agreement and the Lease Schedules.

12.   CFS would also be entitled to adequate assurance of future performance in connection with any assumption and assignment of the Master Agreement and the Lease Schedules.

**Reservation of Rights**

13.   CFS reserves all of its right, remedies, claims and causes of action under the Agreements to make other objections as may be appropriate and reserves the right to supplement, amend or revise this Objection.

**WHEREFORE,** CFS requests that this Court (i) sustain this Objection, and (ii) grant CFS such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

**STARK & STARK**
**A Professional Corporation**

Dated: April 30, 2019

By: /s /*Joseph H. Lemkin*
Joseph H. Lemkin

993 Lenox Drive
Lawrenceville, NJ 08648
(609) 791-7022 (direct)
(609) 895-7395 (facsimile)

*Attorneys for Canon Financial Services, Inc.*

5

4850-8034-5493, v. 1

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to 28 U.S.C. §1746, that on April 30, 2019, I caused a true and correct copy of the foregoing Cure Objection to be sent to each persons named on the attached Service List, by email (unless otherwise stated).

Dated: April 30, 2019

**STARK & STARK**
**A Professional Corporation**

By: /s /*Joseph H. Lemkin*
Joseph H. Lemkin

993 Lenox Drive
Lawrenceville, NJ 08648
(609) 791-7022 (direct)
(609) 895-7395 (facsimile)
*Attorneys for Canon Financial Services, Inc.*

## **SERVICE LIST**

I. Bid Notice Parties
    a. Debtors
        Rob Riecker: rob.riecker@searshc.com
        Luke Valentino: luke.valentino@searshc.com
        Mohsin Meghji: mmeghji@miiipartners.com
        General Counsel: counsel@searshc.com

    b. Debtors' counsel
        Ray Schrock, Esq.: ray.schrock@weil.com
        Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
        Garrett A. Fail, Esq. garrett.fail@weil.com
        Sunny Singh, Esq. sunny.singh@weil.com

    c. Debtors' investment banker: project.blue.rx@lazard.com

II. Buyer Parties
    a. Buyer
        Kunal S. Kamlani: kunal@eslinvest.com
        Harold Talisman: harold@eslinvest.com

    b. Counsel
        Christopher E. Austin, Esq.: caustin@cgsh.com
        Benet J. O'Reilly, Esq.: boreilly@cgsh.com
        Sean A. O'Neal, Esq.: soneal@cgsh.com

III. Consultation Parties

    a. Bank of America
        Paul Leake, Esq.: Paul.Leake@skadden.com
        Shana Elberg, Esq.: Shana.Elberg@skadden.com
        George Howard, Esq.: George.Howard@skadden.com

    b. Wells Fargo Bank
        Kevin J. Simard, Esq.: ksimard@choate.com
        Jonathan D. Marshall, Esq.: jmarshall@choate.com

    c. Committee
        Ira S. Dizengoff, Esq. : idizengoff@akingump.com
        Philip C. Dublin, Esq.: pdublin@akingump.com
        Abid Qureshi, Esq.: aqureshi@akingump.com
        Sara L. Brauner, Esq.: sbrauner@akingump.com

**[CONTINUED ON NEXT PAGE]**

4850-8034-5493, v. 1

**[CONTINUED FROM PREVIOUS PAGE]**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154
*Via First Class Mail*

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179
*Via First Class Mail*

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, New York 10153
*Via First Class Mail*

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006
*Via First Class Mail*

4850-8034-5493, v. 1

# EXHIBIT A

| Contract | Cont. Cust | Due Total |
|---|---|---|
| 001-03149 | SEARS HOL | 1636.41 |
| 001-03149 | SEARS HOL | 752.95 |
| 001-03149 | SEARS HOL | 724.85 |
| 001-03149 | SEARS HOL | 658.11 |
| 001-03149 | SEARS HOL | 652.74 |
| 001-03149 | SEARS HOL | 681.93 |
| 001-03149 | SEARS HOL | 677.81 |
| 001-03149 | SEARS HOL | 657.08 |
| 001-03149 | SEARS HOL | 619.89 |
| 001-03149 | SEARS HOL | 1276.97 |
| 001-03149 | SEARS HOL | 657.08 |
| 001-03149 | SEARS HOL | 661.72 |
| 001-03149 | SEARS HOL | 778.51 |
| 001-03149 | SEARS HOL | 760.74 |
| 001-03149 | SEARS HOL | 762.53 |
| 001-03149 | SEARS HOL | 760.74 |
| 001-03149 | SEARS HOL | 793.22 |
| 001-03149 | SEARS HOL | 808.03 |
| 001-03149 | SEARS HOL | 818.21 |
| 001-03149 | SEARS HOL | 940.27 |
| 001-03149 | SEARS HOL | 803.09 |
| 001-03149 | SEARS HOL | 1541.83 |
| 001-03149 | SEARS HOL | 41784.59 |
| 001-03149 | SEARS HOL | 860.5 |
| 001-03149 | SEARS HOL | 860.5 |
| 001-03149 | SEARS HOL | 866.93 |
| 001-03149 | SEARS HOL | 866.86 |
| 001-03149 | SEARS HOL | 840.81 |
| 001-03149 | SEARS HOL | 858.85 |
| 001-03149 | SEARS HOL | 893.27 |
| 001-03149 | SEARS HOL | 856.83 |
| 001-03149 | SEARS HOL | 17772.23 |
| 001-03149 | SEARS HOL | 896.87 |
| 001-03149 | SEARS HOL | 944.61 |
| 001-03149 | SEARS HOL | 700.51 |
| 001-03149 | SEARS HOL | 947.9 |
| 001-03149 | SEARS HOL | 955.99 |
| 001-03149 | SEARS HOL | 955.99 |
| 001-03149 | SEARS HOL | 956.06 |
| 001-03149 | SEARS HOL | 944.91 |
| 001-03149 | SEARS HOL | 999.92 |
| 001-03149 | SEARS HOL | 1044.08 |
| 001-03149 | SEARS HOL | 1004.56 |
| 001-03149 | SEARS HOL | 1357.35 |
| 001-03149 | SEARS HOL | 1004.56 |
| 001-03149 | SEARS HOL | 1102.75 |

| | |
|---|---:|
| 001-03149 SEARS HOL | 1034.1 |
| 001-03149 SEARS HOL | 1044.15 |
| 001-03149 SEARS HOL | 1037.61 |
| 001-03149 SEARS HOL | 938.44 |
| 001-03149 SEARS HOL | 4591.43 |
| 001-03149 SEARS HOL | 955.99 |
| 001-03149 SEARS HOL | 1047.14 |
| 001-03149 SEARS HOL | 1138 |
| 001-03149 SEARS HOL | 2416.69 |
| 001-03149 SEARS HOL | 1073.26 |
| 001-0314980-110 | 61.81 |
| 001-03149 SEARS HOL | 1073.26 |
| 001-03149 SEARS HOL | 2076.62 |
| 001-03149 SEARS HOL | 1177.14 |
| 001-03149 SEARS HOL | 1047.14 |
| 001-03149 SEARS HOL | 1079.25 |
| 001-03149 SEARS HOL | 1201.39 |
| 001-03149 SEARS HOL | 1163.89 |
| 001-03149 SEARS HOL | 6519.64 |
| 001-03149 SEARS HOL | 1171.15 |
| 001-03149 SEARS HOL | 4531.24 |
| 001-03149 SEARS HOL | 4420.27 |
| 001-03149 SEARS HOL | 1132.61 |
| 001-03149 SEARS HOL | 2834.82 |
| 001-03149 SEARS HOL | 5906.38 |
| 001-03149 SEARS HOL | 2607.38 |
| 001-03149 SEARS HOL | 16976.64 |
| 001-03149 SEARS HOL | 27738.18 |
| 001-03149 SEARS HOL | 1170.7 |
| 001-03149 SEARS HOL | 3184.39 |
| 001-03149 SEARS HOL | 24021.8 |
| 001-03149 SEARS HOL | 38350.5 |
| 001-03149 SEARS HOL | 1474.55 |
| 001-03149 SEARS HOL | 1469.45 |
| 001-03149 SEARS HOL | 2416.99 |
| 001-03149 SEARS HOL | 1481.43 |
| 001-03149 SEARS HOL | 1053.4 |
| 001-03149 SEARS HOL | 2409.21 |
| 001-03149 SEARS HOL | 2414.22 |
| 001-03149 SEARS HOL | 205975.9 |
| 001-03149 SEARS HOL | 27815.08 |
| 001-03149 SEARS HOL | 72960.01 |
| 001-03149 SEARS HOL | 30157.75 |
| 001-03149 SEARS HOL | 1870.82 |
| | 614924 |