DAVID MEEGAN                                                                                                          **Hearing Date:**
**MEEGAN, HANSCHU & KASSENBROCK**
11341 Gold Express Drive, Suite 110
Gold River, CA  95670
Telephone:  (916) 925-1800
Facsimile:  (916) 925-1265

Attorneys for Creditors Loki Investments, LLC,
Michael Rue, J. Terry Eager and Susan B. Eager,
as Co-Trustees of the J. Terry Eager Family
Trust-1995, and CEMER Properties

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** et al., | Case No. 18-23538 (RDD) |
| Debtor. | (Jointly Administered) |

### SUPPLEMENTAL OBJECTION OF STORE NO. 8768 LESSORS TO DEBTORS' STATED CURE AMOUNTS

Creditors Loki Investments, LLC, Michael Rue, J. Terry Eager and Susan B. Eager, as Co-Trustees of the J. Terry Eager Family Trust-1995, and CEMER Properties ("Landlord") the lessors of Store No. 8768 located at 1200 Blumenfeld Drive, Sacramento, California ("Leasehold Premises"), hereby file this Objection (the "Objection") to Debtors' Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [Docket No. 1731] (the "Cure Notice"), Debtors' Supplemental Notice of Cure Costs and Potential

1

Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction [Docket No. 1774] (the "Supplemental Cure Notice"), and Debtors' Notice of Assumption and Assignment of Additional Designatable Leases [Docket No. 3298] (the "Additional Assumption/Assignment Notice") and state as follows:

1.  On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and certain affiliates (the "Debtors"), filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.  Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.1

3.  On November 1, 2018, Debtors filed their Motion for Approval of Global Bidding Procedures [Docket No. 429].

4.  On November 19, 2018, the Court entered its Order Approving Global Bidding Procedures and Granting Related Relief (the "Global Bidding Procedures Order") [Docket No. 816] (the "Bidding Procedures Order").

5.  On January 18, 2019, Debtors filed their Notice of Successful Bidder and Sale Hearing [Docket No. 1730] naming the Buyer the winning bidder for the Global Assets (as defined in the Bidding Procedures Order) (the "Proposed Global Asset Sale").

///

6. On January 18, 2019, Debtors filed their Cure Notice [Docket No. 1731].

7. On January 23, 2019, Debtors filed their Supplemental Cure Notice [Docket No. 1774].

8. On April 19, 2019, Debtors filed their Cure/Designation Notice [Docket No. 3298].

9. Prior to the Petition Date, Debtors entered into an agreement to lease the premises located at 1200 Blumenfeld Drive, Sacramento, California (the "Blumenfeld Premises") from Landlord (the "Blumenfeld Lease").

10. The Blumenfeld Lease is a lease "of real property" and the Blumenfeld Lease is an executory contract.

11. On February 4, 2019, the Landlord filed its Objection of Store No. 8768 Lessors to Cure Amount set Forth in Exhibit B-1 to the Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction [Docket No. 2354] in connection with the Debtors' proposed assumption and assignment of leases and contracts (the "Initial Cure Objection").

12. The Initial Cure Objection asserted that the appropriate pre-petition, known,[1] Cure Amount for the Blumenfeld Lease associated with Store No. 8768 located at 1200 Blumenfeld Drive, Sacramento, California was $31,710.67, not the

---

[1] The Initial Cure Objection did not address lease charges the Lease accrued and remain unpaid post-petition. Since the Initial Cure Objection was filed, the Landlord has discovered a few additional, minor, unpaid pre-petition charges due under the Blumenfeld Lease and there are significant unpaid post-petition charges.

$29,500.00 set forth in Exhibit B-1 of the Supplemental Cure Note [Docket No. 1774].

13.  Now, in the Additional Assumption Assignment Notice [Docket No. 3298], the Debtors propose to pay Landlord a cure amount of $0.00.

## CURE CLAIM OBJECTION

14.  Section 365(b) provides in pertinent part as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

15.  Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The original Blumenfeld Lease was dated December 19, 1997 by and between Betty Khun and Sears Logistic Services, Inc., a copy of that document is attached as Exhibit "A" to the Declaration of Deborah J. Gilbert filed in support of this opposition ("Gilbert Declaration"). A second Blumenfeld Lease in substantially similar form was executed by and between Betty Khun, as landlord, and Sears, Roebuck & Co., as tenant, on April 6, 2001; a copy of this document is attached to the Gilbert Declaration as Exhibit "B". The term of the Blumenfeld Lease

was extended by Notice of Extension of Lease dated June 1, 2002 and a second Notice of Extension of Lease dated June 6, 2007. On December 28, 2012, the current landlords of the property entered into an Assignment, Assumption and First Amendment to Lease with Sears Logistic Services, Inc. and Sears, Roebuck & Co.; a copy of that document is attached to the Gilbert Declaration as Exhibit "C". Pursuant to that document, Sears Logistic Services, Inc. assigned its lease rights to Sears, Roebuck & Co. In addition, the Leasehold Premises were increased from 81,600 square feet to approximately 144,000 square feet and the term of the Lease was extended for an additional 36 months, providing a new termination date of December 31, 2015. Also pursuant to that document, Sears was given two consecutive three year options to extend the term of the Lease beyond December 31, 2015. Sears has timely exercised both of its options and the current termination date of the Blumenfeld Lease is December 31, 2021.

16. Section 18 of the Blumenfeld Lease provides for recovery of attorneys' fees and expenses. Blumenfeld Associates hereby objects to assumption of the Blumenfeld Lease absent payment of Blumenfeld Associates' attorneys' fees and expenses.

17. Also pursuant to the terms of the Blumenfeld Lease, the Tenant is to reimburse the Landlord for all utility services related to the Blumenfeld Lease (paragraph 5), taxes (paragraph 6), repairs and maintenance (paragraph 7), and certain insurance expenses (paragraph 10).

18. As of April 24, 2019, the cure amount applicable to the Blumenfeld Lease totals $92,192.95, a breakdown of those amounts is set forth in Exhibit "D" to the Gilbert Declaration. Another copy of this "breakdown" is attached hereto as Exhibit "A" for the Court's convenience. Of this amount, $33,002.14 is on account of pre-petition claims, some of which were unknown at the time the Landlord's original Proof of Claim was filed and on the dates it was amended. Most relate to post-petition charges, some of which will likely be paid by the time a hearing is held on this objection. This amount is a constantly changing amount as charges are billed under the Lease and payments are made by the Tenant. Landlord reserves the right to file a supplementary cure objection for additional amounts accrued, but not yet billed, under the Blumenfeld Lease.

19. As is the case with all "triple net" leases such as the Blumenfeld Lease, the amounts owed by the Tenant for expenses are always in a state of flux, as will be the cure amount. The amount constantly varies as the Landlord advances payments to be reimbursed by the Tenant, other expenses are incurred but not yet billed, and other bills are received by the Landlord but not yet transmitted to the Tenant for direct payment. Accordingly, the cure amount that will need to be repaid at the time of the assumption/assignment of the Blumenfeld Lease will undoubtedly be different that the amount set forth in Exhibit "A".

20. Since the filing of this bankruptcy case, Sears is not being a particularly good tenant. It is falling behind on its reimbursement of expenses due under the

Lease, essentially paying practically none of them with the exception of the base lease payment and some property tax reimbursements. In addition, Sears has allowed an inordinate number of false fire alarms to originate from the Leasehold Premises, resulting in fines being assessed in the month of March, 2019, totaling $4,080.00. Under the Lease, Sears is responsible for the payment of these fines.

21. Landlord further objects to the assumption of the Blumenfeld Lease absent payment of all cure amounts owed thereunder through the effective date of assumption, including any amounts that will become due or be invoiced on or after April 24, 2019 (including, but not limited to, additional amounts, not yet known, that accrued following April 24, 2019, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

22. Further, the Landlord requests an award of attorneys' fees and expenses incurred in the filing of this motion in an amount of $1,600.00.

## JOINDER

23. In addition to the foregoing, the Landlord further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

## RESERVATION OF RIGHTS

24. The Landlord hereby reserves its rights to make such other and further objections as may be appropriate to the Blumenfeld Lease, including, but not limited

to, objections regarding adequate assurance of future performance under Section 365.

## CONCLUSION

25. For the reasons set forth above, the Landlord respectfully requests that this Court sustain this Objection and order that, prior to assumption and assignment that the Debtors: (a) pay the Landlord all of the charges set forth in Exhibit "B", less any payments made by the Debtors between April 24, 2019 and the assumption/assignment of the Blumenfeld Lease; (b) pay all amounts accrued but not yet billed following April 24, 2019, including attorneys' fees and expenses under the Blumenfeld Lease; (c) pay $1,600.00 in attorney's fees associated with this objection; and (d) grant the Landlord such further relief as it deems proper.

**MEEGAN, HANSCHU & KASSENBROCK**

DATED: April 29, 2019        /s/ *David M. Meegan*
**DAVID M. MEEGAN**
Attorneys for Creditors Loki Investments, LLC, Michael Rue, J. Terry Eager and Susan B. Eager, as Co-Trustees of the J. Terry Eager Family Trust-1995, and CEMER Properties

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served by ECF electronic noticing on this 30th day of April, 2019, upon all counsel of record.

_/s/ **David M. Meegan**_