CARMODY TORRANCE SANDAK & HENNESSEY LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Telephone: (203) 777-5501
Thomas J. Sansone (TS0718)
Tsansone@carmodylaw.com
Marc J. Kurzman (MK2985)
Mkurzman@carmodylaw.com

*Attorneys for Crossroads Joint Venture, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                      :   Chapter 11
                                                            :
SEARS HOLDINGS CORPORATION,                                 :   Case No. 18-23538 (RDD)
*et al.*,                                                   :   (Jointly Administered)
                                                            :
                    Debtors.                                :   Re: ECF #3298
                                                            :   Objection Deadline: May 3, 2019
------------------------------------------------------------x   at 11:30 am Eastern Time

## OBJECTION OF CROSSROADS JOINT VENTURE, LLC TO DEBTORS' STATED CURE AMOUNT (ECF #3298)

Crossroads Joint Venture, LLC ("Crossroads") respectfully submits this objection to the cure amount listed for Lease 9416 in Exhibit 1 to the *Debtors' Notice of Assumption and Assignment of Additional Designatable Leases*, dated April 19, 2019 (ECF #3298; the "Assumption Notice") [1]. In support of this objection, Crossroads represents as follows:

### BACKGROUND

1. Crossroads owns a shopping center in White Plains, New York, known as the Crossroads Shopping Center. Crossroads is the counterparty to an unexpired lease of real

---

[1] All references to docket entries pertain to the above-captioned case, i.e., No. 18-23538 (RDD), unless otherwise indicated.

{S7194500;3}

property with the debtor/tenant Kmart Corporation for a store located in the Crossroads Shopping Center ("the Lease"). The Lease is identified on Schedule G, Section 2.40 of Kmart Corporation's schedules as the lease for Kmart **Store #9416.** See ECF #19 in Case No. 18-23549 (RDD) at page 4159.

2. On October 15, 2018, each of the Debtors filed a voluntary petition for relief, pursuant to Chapter 11 of Title 11 of the United States Code ("the Bankruptcy Code"). The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On January 18, 2019 the Debtors filed *their Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*, (ECF #1731; "January 18th Cure Notice"). The Debtors have since acknowledged in their Assumption Notice that the cure amount listed for Store 9416 in the January 18th Cure Notice was inaccurate.

4. On February 8, 2019, this Court entered an order approving the sale of substantially all of the Debtors' assets to Transform Holdco, LLC ("the Buyer"), which order included the authorization for the Debtors to assign certain executory contracts and unexpired leases (ECF #2507).

5. On April 19, 2019, the Debtors filed their Assumption Notice and Exhibit 1 thereto, which designates the Lease for assignment to Transform Operating Stores, LLC.[2] In pertinent part, the Assumption Notice provides:

---

[2] The Debtors erroneously refer to the counterparty to the Lease as "Acadia Realty Trust/Heyman Properties." In fact, Crossroads (a joint venture between Acadia Realty Trust and Heyman Properties) is the counterparty to the Lease and the landlord of Store 9416.

{S7194500;3}    2

> For a subset of the Additional Designatable Leases, the cure amount asserted in the applicable Assumption and Assignment Notice was inaccurate and a revised cure amount is listed in **Exhibit 1**. Such Additional Designatable Leases are denoted with an asterisk (*). If a counterparty to an Additional Designatable Lease denoted with an asterisk has not otherwise properly filed and served a Cure Objection, permitting a Supplemental Cure Objection (as defined below), such counterparty shall, notwithstanding anything in the Assumption and Assignment Order, Sale Order or otherwise, file and serve any objections (the "Revised Cure Objections") in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures, entered on November 1, 2018 (ECF No. 405) (the "Amended Case Management Procedures") so as to be filed and received no later than May 3, 2019 at 11:30 am (Eastern Time) (the "Objection Deadline").

See ECF #3298, at pp. 3 – 4.

6. Exhibit 1 to the Assumption Notice denotes the Lease with an asterisk, and lists a new proposed cure amount for Store 9416 of $18,189.08. That new proposed cure amount is also erroneous.

7. The correct cure amount is for Store 9416 is $316,121.20, not 18,189.08.

8. The proposed cure amount for Store 9416 asserted by the Debtors in Schedule 1 to the Assumption Notice, $18,189.08, corresponds to the amount invoiced by Crossroads to Kmart on March 14, 2019 for the reconciled amount of common area maintenance ("CAM") charges arising during the 2018 calendar year. A copy of Crossroads' CAM Reconciliation Bill is appended hereto as Exhibit A. That invoiced amount has never been objected to, but remains unpaid, notwithstanding the passage of more than 30 days since the invoice was delivered. Accordingly, this amount is properly included in the Cure Amount associated with Store 9416.

9. Moreover, the CAM Reconciliation Bill also included a retroactive adjustment for CAM charges due for the months of January-March 2019 in the amount of $4,547.27. The Debtors have failed to pay that amount which should properly be included the cure amount.

{S7194500;3}                             3

10. Furthermore, the Debtors have failed to include in their proposed cure amount $293,116.71 in unpaid school taxes, which were invoiced to Kmart on December 10, 2018. A copy of the School Tax Bill in the amount of $372,779.09, which covers the period of July 1, 2018 – June 30, 2019, is appended hereto as Exhibit B.

11. The Debtors have not disputed the School Tax Bill. To the contrary, or about April 9, 2019, Crossroads received a partial payment of $79,662.38 on account of the School Tax Bill. When pressed for an explanation why only a portion of the School Tax Bill was paid, Franck Moyo, Financial Analyst Real Estate, of Sears Holdings Corporation, advised Crossroads that Kmart had prorated the School Tax Bill as follows:

| | |
|---|---|
| Pre-petition period of July 1 – October 14, 2018: | $108,259.13 |
| Post-petition period of October 15 – December 31, 2018: | $ 79,662.38 |
| Post-petition period of January 1 – June 30, 2019: | $184,857.58 |

Apparently, Mr. Moyo unilaterally deemed the portion of the school tax allocable to the period of July 1 – October 14, 2018 to be a pre-petition debt that Kmart is not obliged to pay at this time.[3] He also unilaterally decided to pay only that portion of the school tax that he deemed allocable to remainder of 2018, leaving unpaid that portion of the school taxes he deemed allocable to the current calendar year. A copy of the e-mail exchanges between Mr. Moyo and Michelle Summa, Lease Administration Coordinator for Acadia Realty Trust, Crossroads' management agent, is appended hereto as Exhibit C.

12. By the admission of its own agent, Mr. Moyo, Kmart has acknowledged its obligation to pay the School Tax Bill, which under Article Sixth, Section 1 of the Lease, was

---

[3] Crossroads disputes the Debtor's treatment of any part of the School Tax Bill as a pre-prepetition claim and reserves the right to seek administrative expense treatment of the entire School Tax Bill in the event the Lease is reclassified by the Debtors as one that will not be assumed and assigned to Transform Operating Stores LLC.

{S7194500;3}                                    4

due and payable within 10 days of invoicing. Thus, Kmart is in default of the Lease in this regard as well. A copy of the relevant portion of the Lease is appended hereto as Exhibit D.

13. Finally, as of the Petition Date, Kmart owed $268.14 in pre-petition CAM charges which have never been paid, constituting yet another default under the Lease.

14. Thus, the correct Cure Amount is $316,121.20, consisting of:

- $18,189.08 in unpaid reconciled CAM charges for calendar year 2018 (see ¶8, supra).
- $4,547.27 in unpaid reconciled CAM charges for the period January 2019-March 2019 (see ¶9, supra).
- $293,116.71 in unpaid school taxes (see ¶¶10 – 11, supra)
- $268.14 in unpaid pre-petition CAM charges (see ¶13, supra).

## LEGAL ARGUMENT

15. Section 365(b) of the Bankruptcy Code, in relevant part, provides:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default ...
(C) provides adequate assurance of future performance under such contract or lease.

16. "Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was to ensure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." In re: Ionosphere Clubs, Inc., 85 F.3d 992, 999 (2$^d$ Cir. 1996) (citations omitted). "Where a debtor has been permitted by the Bankruptcy Court to assume a contract pursuant to Section 365, equitable estoppel principles

may be applied by the court to deny the debtor permission to escape its obligation to perform the contract it assumed." Id., at 1000.

17. As noted in the foregoing section, Kmart is in default of the Lease that it seeks to assume and assign, in three different respects: (a) failure to pay the reconciled CAM charges for calendar year 2018 (as acknowledged in the schedule to its Notice of Assumption and Assignment of Designatable Leases) and 2019, (b) failure to pay all of the school tax that fell due and owing no later than 10 days after invoicing, i.e., on or before December 20, 2018 (which is inexplicably omitted from the schedule, despite being acknowledged by its agent in writing) and (c) failure to pay certain pre-petition CAM charges. These amounts exceed the cure amount proposed by the Debtors by $297,932.12. Accordingly, Crossroads objects to the Proposed Cure Amount listed in Exhibit 1 to the Assumption Notice.

## RESERVATION OF RIGHTS

18. Crossroads herein reserves the right to file a supplementary cure objection, regarding additional amounts accrued, but not yet billed under the Lease including, but not limited to, any obligations that Kmart may have to indemnify and hold Crossroads harmless for as-yet unasserted claims, as required under Article Sixteenth, Section 1 thereof.

## CONCLUSION

19. For the reasons set forth above, Crossroads respectfully requests that the Court (i) sustain this Objection, (ii) condition any order authorizing the assumption of the Lease on the Debtor's immediate payment to the Crossroads of $316,121.20, and (iii) granting Crossroads such other relief as the Court deems appropriate.

Dated at New Haven, Connecticut
May 1, 2019

/s/ Thomas J. Sansone

Thomas J. Sansone (TS0718)
Marc Kurzman (MK2962)
CARMODY TORRANCE SANDAK &
HENNESSEY LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Telephone: (203) 777-5501
Fax: (203) 784-3199
tsansone@carmodylaw.com
*Attorneys for Crossroads Joint Venture, LLC*

## CERTIFICATION OF SERVICE

I certify that on May 1, 2019, a copy of the foregoing Objection of Crossroads Joint Venture, LLC to Debtors' Notice of Assumption and Assignment of Additional Designatable Leases was filed electronically and served by first class United States mail on any appearing parties not registered to receive electronic notice through the Court's ECF System. Additionally, on that same date, and in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures, I caused true copies of the foregoing to be served by first-class United States Mail to the following parties:

*The Chambers of the Honorable Judge Robert D. Drain*
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street, Room 248
White Plains, NY   10601

*The Debtors*
c/o Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL   60179
Attn: Stephen Sitley, Esq. and Luke J. Valentino, Esq.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY   10153
Attn: Ray S. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq. and Sunny Singh, Esq.
*Attorneys for the Debtors*

*Office of the United States Trustee for Region 2*
201 Varick Street, Suite 1006
New York, NY   10014
Attn: Paul Schwartzberg, Esq.

Skadden, Arps, Meagher & Flom LLP
4 Times Square
New York, NY   10036
Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq. and George R. Howard, Esq.
*Attorneys for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent*

Davis Polk & Wardell LLP
450 Lexington Avenue
New York, NY 10017
Attn: Marshall S. Huebner, Esq. and Eli Vonnegut, Esq.
*Attorneys for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility*

Cleary, Gottlieb
One Liberty Plaza
New York, NY 10006
Attn: Sean A. O'Neal, Esq.
*Attorneys for JPP, LLC, as agent under the Second Lien Credit Facility, IP/Ground Lease Term Loan Facility, and the Consolidated Secured Loan Facility*

Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Attn: Eric R. Wilson, Benjamin D. Feder, Esq. and T. Charlie Liu, Esq.
*Attorneys for Compushare Trust Company, N.A., as trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes*

Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
Attn: Edward M. Fox, Esq.
*Attorneys for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes*

Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10015
Attn: James Gadsen, Esq.
*Attorneys for The Bank of New York Mellon Trust Company, as successor trustee for the SRAC Unsecured PIK Notes, SRAC Unsecured Notes, and the SRAC Medium Term Notes*

Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Attn: Brian A. Raynor, Esq.
*Attorneys for the Pension Benefit Guaranty Corporation*

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Attn: Phillip C. Dublin, Esq., Ira Dizengoff, Esq. and Sara Lynee Brauner, Esq.
*Attorneys for the Official Committee of Unsecured Creditors*

*Claims and Noticing Agent*
**Prime Clerk, LLC**
830 Third Avenue, 9th Floor
New York NY 10022
searsinfo@primeclerk.com
844-384-4460

**Adam M. Adler**
Prime Clerk LLC
830 Third Avenue
9th Floor
New York, NY 10022
212-257-5465
Email: aadler@primeclerk.com

*/s/ Thomas J. Sansone*
Thomas J. Sansone (ts0718)