# EXHIBIT D

THIS INDENTURE OF LEASE, made and entered into this 16th day of DECEMBER, 1977, by and between ROBERT MARTIN COMPANY, a New York partnership having its principal office at 101 Executive Boulevard, Elmsford, New York 10523 hereinafter referred to as "LANDLORD", and CALDOR, INC. N.Y., a corporation organized and existing under the laws of the State of New York, hereinafter referred to as "TENANT".

WITNESSETH:

## ARTICLE FIRST
## PREMISES - INITIAL TERM

Section 1. In consideration of the rents and covenants hereinafter reserved and contained on the part of the Tenant to be observed and performed, Landlord does hereby demise and lease unto Tenant, and Tenant hereby hires from Landlord, a building to be constructed by Landlord shown as "CALDOR" on Exhibit I annexed hereto, such building hereinafter called "Demised Premises". The entire premises shown on Exhibit I, comprising land area and all improvements now or hereafter situated thereon is hereinafter referred to as "Shopping Center", such land area being more particularly bounded and described on Exhibit II annexed hereto.

Section 2. Said Demised Premises are leased to Tenant together with and subject to the use in common with others entitled thereto of the common areas, employees' parking areas, service roads, sidewalks and customer car parking areas, shown and depicted on Exhibit I (subject to change required in connection with governmental approval of such layout) and other facilities as may be designated from time

be used as a food supermarket, nor for the sale of fresh meats, fish, fruits and vegetables, produce, or the operation of a retail delicatessen or retail bakery; and no more than ten (10) percent of the sales area of the Demised Premises shall be used for the sale of other foods or edibles for off-premises consumption. Any lease to a supermarket shall provide that not more than ten (10%) percent of the sales area of such supermarket shall be used for the sale of non-food items, excluding soaps, detergents, cleaners, paper products and all similar non-food items sold in all supermarkets.

ARTICLE SIXTH

PAYMENT OF TAXES, ASSESSMENTS, INC.

Section 1. Tenant covenants and agrees to pay Landlord before any fine, penalty, interest or cost may be added thereto for the nonpayment thereof, its "pro rata share" (as said term is hereinafter defined) of all real estate taxes, assessments, water rates and sewer rents, and other governmental charges, general and special, ordinary and extraordinary, unforeseen as well as foreseen, of any kind and nature whatsoever, including but not being limited to assessments for public improvements or benefits (all of which taxes, assessments, water rates and sewer rents, levies and other governmental charges are hereinafter referred to as impositions), that are assessed, levied, _.  .: confirmed and/or imposed, and/or that become a lien upon or become payable in respect of the Shopping Center, including all lawful charges made by any public authority by reason of any use by Tenant, or anyone occupying any part of the Demised Premises, or any undertenant, or any sidewalk street, or alley, during the term of this lease. If by law any such imposition is payable,

-10-

or may at the option of the taxpayer be paid in installments, Tenant may pay the same in installments before the same respectively become due but before any fine, penalty interest or cost may be added thereto for non-payment of any such installment. The term "pro rata share" as used herein, shall be equal to that proportion that the floor space of the Demised Premises bears to the floor space of all buildings in the Shopping Center. If Tenant obtains a separate assessment for the Demised Premises, Tenant shall pay one hundred (100%) percent of the impositions : imposed on the Demised Premises as a result of such assessment plus its "pro rata share" of all other Impositions against the Shopping Center, (excluding impositions imposed on buildings in the Shopping Center). All payments required to be made hereunder shall be made within ten (10) days after submission of a bill therefor; provided, however, that if the holder of the first mortgage of the Shopping Center requires a monthly escrow of taxes, Tenant agrees to make such monthly payments to such lender.

Section 2. Any imposition relating to a fiscal period of the taxing authority, a part of which period is included within the term of this Lease and a part of which is included in a period of time before or after the termination of this Lease, whether or not such imposition shall be assessed, levied, confirmed, imposed or become a lien upon the demised premises, or shall become payable during the term of this Lease, shall be adjusted and prorated as between Landlord and Tenant at the commencement or termination of this Lease or any renewal option period taken up by Tenant, whichever shall be later, so that Landlord shall pay that portion of

-11-