**Objection Date and Time: May 3, 2019 at 11:30 a.m. (Eastern Time)**

Curtis S. Miller (DE Bar #4583)
Joseph C. Barsalona II (NY Bar #5102595)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for KBTS-Tamiami, Ltd. c/o Federal Construction, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDINGS CORPORATION, et al.,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 1774, 2126 & 3298** |

**SUPPLEMENTAL OBJECTION OF FEDERAL CONSTRUCTION, INC.
TO NOTICE OF ASSUMPTION AND
ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES [D.I. 3298]**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

KBTS-Tamiami, Ltd. c/o Federal Construction, Inc. ("Federal Construction"), by and through its undersigned counsel, hereby submits this supplemental objection (the "Supplemental Objection") to the *Notice of Assumption and Assignment of Additional Designatable Leases* [D.I. 3298] (the "Designation Notice")[2] filed by Transform Holdco LLC (the "Buyer"), the Buyer of substantially all of the assets of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). This Supplemental Objection supplements and incorporates by reference that certain objection by Federal Construction [D.I. 2126] (the "Original Objection") to the Debtors' *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [D.I. 1774] (the "Initial Notice," and together with the Designation Notice, collectively the "Cure Notice"). In support of this Supplemental Objection, Federal Construction respectfully states as follows:

## BACKGROUND

1. Federal Construction is the owner of the non-residential real property located at 12350 S.W. 8th Street, Miami, FL 33184-1510, identified as store number 3793, in which the Debtors previously operated a Kmart store pursuant to that certain lease dated October 6, 1992, made by and between Debtor Kmart Corporation ("Kmart") and Federal Construction (as subsequently amended, modified, and/or extended, the "Lease").

2. Pursuant to the Lease, Kmart, as tenant, is obligated to pay rent, plus real estate taxes, utility charges, indemnification and other certain expenses, including the reasonable attorneys' fees and expenses of Federal Construction if the Debtors are in default under the Lease.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Designation Notice or the Initial Notice (as defined herein), as applicable.

2

3. The Debtors filed the Initial Notice on January 23, 2019, and Federal Construction filed the Original Objection on January 29, 2019.

4. The Bankruptcy Court entered the Sale Order approving the sale of the Acquired Assets to the Buyer on February 8, 2019.

5. Under the Sale Order, the landlords' rights are fully reserved with respect to, among other things, all issues relating to the Buyer's, any other Assignee's and/or the Debtors' obligations to comply with all terms, conditions, covenants and obligations, whether related to the pre- or post-assignment period. *See* Sale Order ¶ 3. These rights include "the right to object to adequate assurance of future performance and to the payment of all amounts due and owing and performance of all other obligations under a Contract or Lease." *Id.* Similarly, all landlords' rights are also expressly preserved for future resolution in accordance with that certain *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* [D.I. 3008] (the "Assumption Order"). *See* Assumption Order ¶¶ 28-29.

6. The Designation Notice states that the proposed assignee is Transform Leaseco LLP (the "Assignee"). *See* Designation Notice Ex. 1, item 279. The Designation Notice provides no information regarding (i) where the assignee sits in the Buyer's organizational structure, (ii) the Assignee's and Buyer's current financial position, including financial wherewithal and current availability under credit facilities, and any other financial resources, and (iii) the Buyer and Assignee's operating experience, resources and capabilities.[3]

7. As stated in the Original Objection, the amount necessary to cure all monetary defaults under the Lease at the time of the filing of the Initial Notice was $35,642.31,

---

[3] On April 26, 2019, the Buyer provided a generalized summary of adequate assurance information for the Assignee. Based on the lack of any material detail, Federal Construction reserves the right to seek additional adequate assurance information from the Assignee.

plus attorneys' fees and expenses and other unliquidated amounts for the expenses described above.

8. Since the filing of the Initial Notice, the following additional expenses have accrued under the terms of the Lease:

   a. Continually accruing attorneys' fees and expenses; and

   b. Property taxes for the period January 1, 2019 through and including May 3, 2019 in the amount of $69,911.23.[4]

9. The Cure Notice requests authority to assume the Lease and provides that the Debtors propose to pay $35,642.31 to cure all monetary defaults under the Lease (the "Proposed Cure Amount"). However, the Proposed Cure Amount excludes the amounts for attorneys' fees and does not include an express undertaking to pay all accrued real estate taxes stated above (collectively, the "Additional Expenses").

**OBJECTION**

10. Federal Construction objects to the Proposed Cure Amount on the grounds that the proper cure amount to be paid pursuant to 11 U.S.C. § 365(b)(1) for assumption of the Lease is the Proposed Cure Amount plus the Additional Expenses. The Lease cannot be assumed by the Debtors and assigned to the Assignee until the cure amount is paid in full, the Lease is assigned in its entirety and the Assignee provides adequate assurance of future performance under the applicable provisions of the Bankruptcy Code, which include all ongoing obligations under the Lease.

---

[4] Although Federal Construction has not yet received a tax bill for 2019, based on 2018 taxes, it estimates real estate taxes for calendar year 2019 to be approximately $207,460.14. Using this estimate, the amount that is expected to have accrued by May 3, 2019 is $69,911.23. Federal Construction expressly reserves the right to adjust this amount (a) based on actual 2019 taxes and (b) if the Assumption Effective Date is later than May 3, 2019.

11.     Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee – (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . and . . . (C) provides adequate assurance of future performance under such . . . lease[.]" 11 U.S.C. § 365(b)(1).  When a debtor's lease provides for the payment of attorneys' fees, courts uphold the provisions of the lease and require payment.  *See Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443 (2007); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986).

12.     Section 365(f)(2) of the Bankruptcy Code provides that, in order to assign a lease under section 365, adequate assurance of future performance by the assignee must be provided whether or not there has been a default under the lease.  11 U.S.C. § 365(f)(2)(B).  The Debtors and/or the proposed assignee bear the burden on adequate assurance issues.  11 U.S.C. § 365(b)(1)(C), (f)(2); *In re Bygaph, Inc.*, 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986) ("[T]he lessor must be given adequate assurance of future performance so that it will be protected from having to take on the burden of a tenant who may be likely to default on his lease obligations . . . .").

13.     As noted above, the amount necessary to cure all monetary defaults under the Lease includes the Additional Expenses that have accrued since the filing of the Initial Notice.  Under Section 24 of the Lease, these fees and expenses, which include attorneys' fees, are an outstanding monetary obligation of the Debtors that must be cured in connection with the Debtors' assumption of the Lease.  *See* 11 U.S.C. § 365(b)(1); *Travelers*, 549 U.S. at 450-54.  Accordingly, Federal Construction requests that the Court order that the correct cure amount be paid in cash by the Buyer and/or the Debtors on or before the Assumption Effective Date in accordance with paragraph 29 of the Sale Order.

14. The Buyer should also be required to expressly assume the obligation to pay for all accrued and unpaid 2019 real estate taxes, a portion of which the Debtors and Buyer appear to seek to leave with the Debtors under the Sale Order and Assumption Order. *See* Sale Order ¶ 41; Assumption Order ¶ 17. Although Federal Construction has no objection to the Debtors and Buyer allocating responsibility amongst themselves of who will reimburse the other party for these obligations under the Lease, the Assignee must be required to assume this obligation as part of assumption.[5] Indeed, assumption pursuant to section 365 of the Bankruptcy Code requires the Assignee to take the Lease in its entirety and to be subject to all of the terms and conditions thereof *cum onere*. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere*."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."). To be clear, any risk of the Debtors' inability to pay such amounts when they come due or additional default should not be placed on Federal Construction especially here where administrative insolvency is a real concern for the Debtors. *See Debtors' (I) Motion To (A) Enforce Asset Purchase Agreement and Automatic Stay Against Transform Holdco LLC and (B) Compel Turnover of Estate Property, and (II) Response to Transform*

---

[5] While the Sale Order and Assumption Order obligates the Buyer to cure all nonmonetary defaults and pay all undisputed Cure Costs under Designatable Leases, the orders also could be read to excuse the Buyer from curing certain defaults on the Assumption Effective Date that would remain the responsibility of the Debtors. Specifically, neither the Buyer nor the applicable Assignee shall have any obligation "in respect of any portion of year-end (or other) adjustment (including, without limitation, for royalties, rents, utilities, taxes, insurance, fees, any common area or other maintenance charges, promotional funds and percentage rent) arising under any of the Acquired Leases . . . for the calendar year in which the applicable Lease Assignment occurs . . . ." Sale Order ¶ 41 (emphasis added); Assumption Order ¶ 17. There is no basis under the Bankruptcy Code for excusing the Assignee from being responsible to perform all obligations under the Lease.

6

*Holdco LLC's Motion to Assign Matter to Mediation* [Docket No. 2796] at ¶ 22 (The Debtors have "minimal revenue expectations and depleted reserves to meet their post-Closing obligations and wind-down of the Estates"); *see also Notice of Transform Holdco LLC's Motion to Assign Matter to Mediation* [Docket No. 2766] at ¶ 37 (The Debtors "are substantially without assets or revenue generating operations, but are burdened by the substantial expenses of these cases").

15. Based on the foregoing, Federal Construction requests this Court order (i) the payment of all cure amounts due and owing in cash on or before the Assumption Effective Date as required by the Sale Order and (ii) the Buyer/Assignee to expressly perform all obligations under the Lease, including the payment of the Additional Expenses, as required under section 365 of the Bankruptcy Code. Sale Order ¶ 29. These amounts may include adjustments to certain items including, but not limited to, real estate taxes, utilities, indemnity obligations and any other amounts owing under the Lease that become due and owing subsequent to the date hereof.

**RESERVATON OF RIGHTS**

16. Federal Construction reserves, and does not waive, its right to amend and/or supplement this Supplemental Objection to address, without limitation, defaults, breaches, and obligations of the Debtors and Buyer under the Lease that subsequently become known to Federal Construction.

17. Federal Construction also reserves, and does not waive, its right to amend and/or supplement this Supplemental Objection to address, without limitation, defaults, breaches, and obligations of the Debtors and Buyer under the Lease that may occur, accrue, and/or arise from the date of the filing of this Supplemental Objection through and including the date the Lease is assumed.

18. Further, Federal Construction reserves the right to object to the Assignee's attempt to use the leased property in any manner not in accordance with the terms of the Lease.

## JOINDER

19. To the extent not inconsistent with this Supplemental Objection, Federal Construction joins in the objections raised by other landlords.

WHEREFORE, Federal Construction respectfully requests that the Court (a) require the Debtors and/or Buyer to pay the cure amount within the time periods described above, (b) expressly assume all obligations under the Lease, (c) require the Debtors and/or Buyer to pay any additional amounts that become due and owing subsequent to the date hereof, and (d) grant such other and further relief as the Court deems appropriate.

Dated:   May 1, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 */s/ Joseph C. Barsalona II*
Curtis S. Miller (DE Bar #4583)
Joseph C. Barsalona II (NY Bar #5102595)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware  19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

*Counsel for KBTS-Tamiami, Ltd. c/o Federal Construction, Inc.*

12726724.4