CARMODY TORRANCE SANDAK & HENNESSEY LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Telephone: (203) 777-5501
Thomas J. Sansone (ts0718)
tsansone@carmodylaw.com
Marc Kurzman (mk2982)
mkurzman@carmodylaw.com
*Attorneys for Crossroads Joint Venture, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                       :   Chapter 11
                                                             :
SEARS HOLDINGS CORPORATION,                                  :   Case No. 18-23538 (RDD)
*et al.*,                                                    :   (Jointly Administered)
                    Debtors.                                 :
                                                             :   Re: ECF #3298
------------------------------------------------------------x    Objection Deadline: May 3, 2019
                                                                 at 11:30am Eastern Time

## OBJECTION OF CROSSROADS JOINT VENTURE, LLC TO DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES (ECF #3298)

Crossroads Joint Venture, LLC ("Crossroads") respectfully submits this objection to the *Debtors' Notice of Assumption and Assignment of Additional Designatable Leases*, dated April 19, 2019 (ECF #3298; "Assumption Notice").[1] In support of this objection, Crossroads represents as follows:

---

[1] All references to docket entries pertain to the above-captioned case, i.e., No. 18-23538 (RDD), unless otherwise indicated.

{N5586899;2}

## BACKGROUND

1. Crossroads owns a shopping center in White Plains, New York, known as the Crossroads Shopping Center. Crossroads is the counterparty to an unexpired lease of real property with the debtor/tenant, Kmart Corporation, for a store located in the Crossroads Shopping Center ("the Lease"). The Lease is referenced on Schedule G, Section 2.40 of Kmart Corporation's schedules as **Store #9416**. See ECF #19 in Case No. 18-23549 (RDD), at page 4159.

2. On October 15, 2018, each of the Debtors filed a voluntary petition for relief, pursuant to Chapter 11 of Title 11 of the United States Code ("the Bankruptcy Code"). The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On January 18, 2019 the Debtors filed *their Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction*, (ECF #1731;"January 18th Cure Notice"). The Debtors have since acknowledged in their Assumption Notice the cure amount listed for Store 9416 in the January 18th Cure Notice was inaccurate.

4. On February 4, 2019, various landlords of the Debtors, including Crossroads (one of the landlords represented by Ballard Spahr LLP), filed their Objection to Notices of Filing of Revised Proposed Order (i) Approving the Asset Purchase Agreement among Sellers and Buyer, (ii) Authorizing the Sale of Certain of the Debtors' Assets free of liens, claims, interests and encumbrances, (iii) Authorizing the Assumption and Assignment of certain executory contracts, and leases in connection thereof and (iv) granting related relief.

{N5586899;2}  2

5. On February 8, 2019, this Court entered an order approving the sale of substantially all of the Debtors' assets to Transform Holdco, LLC ("the Buyer"), which order included the authorization for the Debtors to assign certain executory contracts and unexpired leases (ECF #2507).

6. On April 19, 2019, the Debtors filed their Assumption Notice and Exhibit 1 thereto, which designates Store 9416 for assignment to Transform Operating Stores LLC ("TOS") and lists the cure amount associated with Store 9416 as $ 18,189.08.

## **CURE OBJECTION**

7. Section 365(b) of the Bankruptcy Code, in relevant part, provides:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default ...
> (C) provides adequate assurance of future performance under such contract or lease.

8. "Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." In re: Ionosphere Clubs, Inc., 85 F.3d 992, 999 (2$^d$ Cir. 1996) (citations omitted). "Where a debtor has been permitted by the Bankruptcy Court to assume a contract pursuant to Section 365, equitable estoppel principles may be applied by the court to deny the debtor permission to escape its obligation to perform the contract it assumed." Id., at 1000.

9. As demonstrated in Crossroads's Objection to Stated Cure Amounts filed simultaneously herewith, Kmart is in default in the payment of the following amounts:

- $18,189.08 in unpaid reconciled common area maintenance ("CAM") charges for calendar year 2018,

- $4,547.27 in unpaid reconciled CAM charges for the period January – March 2019,

- $293,116.71 in unpaid school taxes, and

- $268.14 in unpaid pre-petition CAM charges.

Accordingly, the actual cure amount associated with Store 9416 is $316,121.20.

10. Assumption of the Lease by Debtor Kmart and assignment to TOS (an entity other than the Buyer) should not occur unless and until the full cure amount stated above is paid.

11. In addition to the amounts delineated in ¶9, supra, there may well be further charges for which the Debtors bear responsibility under the Lease, which have yet to be reconciled and/or adjusted for the pre-assignment period. By way of example, the Lease in question is a triple-net lease, whereby the tenant pays fixed minimum rent, along with a pro rata share of expenses such as school tax, other taxes, insurance and CAM charges. Certain charges, such as CAM, are estimated prospectively, billed to and paid by the tenant in installments throughout the calendar year, before being reconciled after year-end. The reconciliation compares the amounts estimated payments against the actual charges incurred at the Crossroads Shopping Center. To the extent the estimated payments do not cover the actual charges incurred under the Lease (which is precisely what occurred with respect to the CAM charges for the 2018 calendar year), the tenant is served with a supplemental invoice for the additional, adjusted amounts. In this case, the adjustment for the 2019 calendar year (which includes certain months prior to the proposed assumption/assignment of the Lease)

will not be calculated and reconciled until early 2020. Adequate assurance from TOS or any third party who is the ultimate assignee is necessary to comply with the requirements of Section 365 of the Bankruptcy Code.

12. Accordingly, the assignee will be responsible for all accrued or accruing charges under the Lease, and must pay such charges as they fall due under the Lease. TOS, as the proposed assignee of the Lease (or any other ultimate assignee of the Lease) must provide adequate assurances that it will pay any proper charges assessed under the lease following the date of assignment even if those charges accrued prior to the assignment of the Lease. Any final sale order should clearly state that the responsible party shall assume these obligations, and pay them when due, regardless of whether they relate to the period prior to or after the closing of any sale and assignment. Moreover, any provision in a sale order that purports to release the Debtors (or any of their successors and assigns) of further liability based upon payment of cure amounts, must specify that such release does not apply to obligations to pay accrued or accruing, but as-yet unbilled, charges that come due under the Lease.

13. Furthermore, the Lease requires the Debtor to indemnify and hold Crossroads harmless with respect to any existing claims, which may not become known until after the assumption/assignment of the Lease, examples of which include claims for personal injuries at the leased premises and damage to the premises by the Debtor or its agents. Any assumption and assignment of the Lease must therefore be subject to the terms of such indemnification/hold harmless provisions, regardless of when the claims arose. Alternatively, the Debtor or its successors or assignees should provide assurances that it/they can satisfy such provisions under the Lease for any claims that relate to the period prior to assumption and assignment. Nothing in any sale order should preclude Crossroads from pursuing any

party, including the Debtor, that may be liable under the Lease, and Crossroads requests that any order specifically preserve its right to pursue such recovery, irrespective of any resolution of any dispute regarding stated cure amounts.

### OBJECTION TO ELIMINATION OF LEASE COVENANTS AND DEMAND THAT THE LEASE BY ASSIGNED *CUM ONERE*

14.  The Lease concerns real property in a shopping center. Accordingly, under §365(b)(3) of the Bankruptcy Code, the assumption and assignment of the Lease "is subject to all the provisions thereof …" To the extent that the Debtors propose to assign the Lease stripped of any executory obligations thereunder, Crossroads objects.

15.  Crossroads adopts the Objection of Brookfield Property REIT Inc. (ECF #3315), Simon Property Group, LP (ECF #3316), MCS Hemet Valley Center LLC (ECF #3366) and Kin Properties, Inc. (ECF #3381) regarding, *inter alia,* the need for any assignee of the Lease to provide adequate assurances with respect to compliance with the terms of the Lease, including, without limitation, the payment of Adjustment Amounts, the performance of Surviving Obligations and Restrictive Covenants.

### LACK OF ADEQUATE ASSURANCES AS TO TOS

16.  In connection with the assumption of leases, shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of adequate assurance of future performance. In re: Joshua Slocum, 922 F.2d 1081, 1086 (3rd Cir. 1990); In re: Trak Auto Corp., 277 B.R. 655 (E.D. Va. 2002). With respect to a shopping center lease, as detailed in Section 365(b)(3) of the Bankruptcy Code, this includes adequate assurance:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the

proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, at the time the debtor became the lessee under the lease;

(B) that any percentage rent due under such lease will not decline substantially;

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

17. Moreover, Sections 365(f)(2)(B) and 365(b)(1) of the Bankruptcy Code require that adequate assurance by a proposed assignee be provided, whether there has been a default under a lease. The Debtors and the Buyer have the burden of proving adequate assurance of future performance with respect to the potential assumption and assignment of the Lease. In re: Res. Tech. Corp., 624 F.3d 376, 384 (7th Cir. 2010) ("As the party seeking to become the assignee, the Trust had the burden of proving it met the requirements of §365(f)."); In re: C.W. Mining Co., No. ADV.09-2248, 2010 WL 458914, at *9 (Bankr. D.Utah Feb. 10, 2010) (stating the "[t]rustee has the burden to prove that the statutory requirements for assumption and assignment have been met" under §§365(b)(1) and (f)(2)). See also In re: Bygraph, Inc., 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986) ("[T]he lessor must be given adequate assurance of future performance so that it will be protected from having to take on the burden of a tenant who may be likely to default on his lease obligations"); In re: F.W. Restaurant Assoc., Inc., 190 B.R. 143 (Bankr. D.Conn. 1995); In re: Rachels Indus. Inc., 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); In re: Lafayette Radio Electronics Corp., 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

18. Crossroads has been provided no information by the Debtors, the Buyer or TOS that would constitute adequate assurance of future performance including (i) where, if at all, TOS exists in the Buyer's organizational structure, (ii) TOS's current financial position, including its financial wherewithal and current availability under any existing credit facilities and/or other financial resources at its disposal and (iii) TOS's operating experience, resources and capabilities. To the contrary, no information has been provided regarding TOS, or even why the proposed assignment is not to the Buyer, but rather to TOS, an entity which may possess no meaningful financial strength whatsoever.

19. Furthermore, no financial information has been heretofore been provided to demonstrate that TOS's financial condition is as good or better than the Debtor's as "of the time the debtor became the lessee under the lease," as required under Section 365(b)(3)(A) of the Bankruptcy Code.

## JOINDER AND RESERVATION OF RIGHTS

20. Crossroads reserves the right to make other and further objections as may be appropriate as additional documentation and information is provided. Crossroads specifically reserves all rights, remedies (including rights of setoff and recoupment) and positions with respect to any Proposed Assignee via Designation Rights (each as defined in the Notices of Assumption and Assignment (whether the Buyer or another party), including the right to object to any proposed use or change of use of the premises or to amend or update any cure amounts in connection therewith. Crossroads hereby joins in any objections filed by the Debtors' other landlords and the official committee of unsecured creditors to the extent not inconsistent herewith.

21.     Without limiting the foregoing, Crossroads expressly reserves its right to object to the lack of adequate assurances in the event that a party other than TOS is designated as the ultimate assignee of the Lease.

### CONCLUSION

Given the uncertain implications of the Debtors' proposal to assume the Lease and assign it to TOS, Crossroads submits that neither the spirit nor letter of the Bankruptcy Code's provisions, particularly Section 365, have been satisfied. As such, Crossroads respectfully objects to the Assumption Notice.

Dated: New Haven, Connecticut
May 1, 2019

Thomas J. Sansone (TS0718)
Marc J. Kurzman (MK2982)
CARMODY TORRANCE SANDAK &
HENNESSEY LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Telephone:  (203) 777-5501
Fax:  (203) 784-3199
tsansone@carmodylaw.com
*Attorneys for Crossroads Joint Venture, LLC*

## CERTIFICATION OF SERVICE

I certify that on May 1, 2019, a copy of the foregoing Objection of Crossroads Joint Venture, LLC to Debtors' Notice of Assumption and Assignment of Additional Designatable Leases was filed electronically and served by first class United States mail on any appearing parties not registered to receive electronic notice through the Court's ECF System. Additionally, on that same date, and in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures, I caused true copies of the foregoing to be served by first-class United States Mail to the following parties:

*The Chambers of the Honorable Judge Robert D. Drain*
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street, Room 248
White Plains, NY   10601

*The Debtors*
c/o Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL   60179
Attn: Stephen Sitley, Esq. and Luke J. Valentino, Esq.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY   10153
Attn: Ray S. Schrock, P.C., Jacqueline Marcus, Esq., Garret A. Fail, Esq. and Sunny Singh, Esq.
*Attorneys for the Debtors*

*Office of the United States Trustee for Region 2*
201 Varick Street, Suite 1006
New York, NY   10014
Attn: Paul Schwartzberg, Esq.

Skadden, Arps, Meagher & Flom LLP
4 Times Square
New York, NY   10036
Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq. and George R. Howard, Esq.
*Attorneys for Bank of America, N.A., administrative agent under the First Lien Credit Facility and the DIP ABL Agent*

Davis Polk & Wardell LLP
450 Lexington Avenue
New York, NY   10017
Attn: Marshall S. Huebner, Esq. and Eli Vonnegut, Esq.
*Attorneys for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility*

Cleary, Gottlieb
One Liberty Plaza
New York, NY   10006
Attn: Sean A. O'Neal, Esq.
*Attorneys for JPP, LLC, as agent under the Second Lien Credit Facility, IP/Ground Lease Term Loan Facility, and the Consolidated Secured Loan Facility*

Kelley Drye & Warren LLP
101 Park Avenue
New York, NY   10178
Attn: Eric R. Wilson, Benjamin D. Feder, Esq. and T. Charlie Liu, Esq.
*Attorneys for Compushare Trust Company, N.A., as trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes*

Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY   10018
Attn: Edward M. Fox, Esq.
*Attorneys for Wilmington Trust, National Association, as indenture trustee for the Second Lien Notes*

Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY   10015
Attn: James Gadsen, Esq.
*Attorneys for The Bank of New York Mellon Trust Company, as successor trustee for the SRAC Unsecured PIK Notes, SRAC Unsecured Notes, and the SRAC Medium Term Notes*

Locke Lord LLP
111 South Wacker Drive
Chicago, IL   60606
Attn: Brian A. Raynor, Esq.
*Attorneys for the Pension Benefit Guaranty Corporation*

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY   10036
Attn: Phillip C. Dublin, Esq., Ira Dizengoff, Esq. and Sara Lynee Brauner, Esq.
*Attorneys for the Official Committee of Unsecured Creditors*

*Claims and Noticing Agent*
**Prime Clerk, LLC**
830 Third Avenue, 9th Floor
New York NY 10022
searsinfo@primeclerk.com
844-384-4460

**Adam M. Adler**
Prime Clerk LLC
830 Third Avenue
9th Floor
New York, NY 10022
212-257-5465
Email: aadler@primeclerk.com

_____
Thomas J. Sansone (ts0718)