Christopher M. Desiderio
NIXON PEABODY LLP
55 W 46th Street
New York, New York 10036
Tel: (212) 940-3000
Fax: (212) 940-3111
cdesiderio@nixonpeabody.com

and

Daniel W. Sklar
NIXON PEABODY LLP
900 Elm Street
Manchester, New Hampshire 03101
Tel: (603) 628-4008
Fax: (8660 947-0745
dsklar@nixonpeabody.com

*Attorneys for 266 Route 125 LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **SEARS HOLDINGS CORPORATION.,** *et al.*, | : | **Case No. 18-23538 (RDD)** |
|  | : |  |
| **Debtors.[1]** | : | **(Jointly Administered)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**OBJECTION OF 266 ROUTE 125 LLC
TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF
ADDITIONAL DESIGNATABLE LEASES**

266 Route 125 LLC (the "**Landlord**"), by and through its undersigned counsel, submits this objection and reservation of rights (this "**Cure Objection**") regarding the proposed cure amount set forth in the *Notice of Assumption and Assignment of Additional Designatable Leases* [Docket No. 3298] (the "**Notice of Assumption and Assignment**").[2] In support hereof, the Landlord respectfully states as follows:

**OBJECTION**

1. The Landlord and Innovel Solutions, Inc. (one of the Debtors in these cases) are parties to certain lease (the "**Lease**") for a premises at 266 Route 125, Kingston, New Hampshire (the "**Premises**"). The Premises is within a "shopping center" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See Androse Assocs. of Allaire, LLC v. A&P (In re A&P)*, 472 B.R. 666, 677 (Bankr. S.D.N.Y. 2012); *In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086 (3d. Cir. 1990).

2. On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* [Docket No. 1730], which provided that the Debtors had determined that a bid submitted by ESL Investments, Inc. and its affiliates, through Transform Holdco, LLC (collectively, "**ESL**") was the prevailing bid at the auction.

3. On April 19, 2019, counsel for ESL filed the Notice of Assumption and Assignment, which provided, among other things, a list of additional contracts and leases proposed

---

[1] The Debtors also include SRe Holding Corporation, filed as Case No. 19-22031 (the "**Additional Debtor**"). The Additional Debtor filed a motion in its separate chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Notice of Assumption and Assignment.

2

to be assumed in connection with the proposed ESL transactions, including the proposed cure amounts for such contracts and leases.

4. The Notice of Assumption and Assignment provided that the current cure amount for the Lease as $0.00 and also denoted such claim with an asterisk. The Notice of Assumption and Assignment provided that "[f]or a subset of the Additional Designatable Leases, the cure amount asserted in the applicable Assumption and Assignment Notice was inaccurate and a revised cure amount is listed in Exhibit 1" and that such cure amounts were designated with an asterisk. The Notice of Assumption and Assignment provided that any party to a lease designated with an asterisk was permitted to file an objection to the proposed cure amount on or before May 3, 2019.

5. Pursuant to section 365(b)(1) of the Bankruptcy Code, the proposed assumption and assignment of the Lease may not be consummated unless all defaults under the Lease have been cured as of the effective date of the assignment. The Debtors must also assume and assign the Lease in its entirety, and the assignee is subject to the terms and conditions thereof *cum onere*. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531, 104 S. Ct. 1188, 1199, 79 L. Ed. 2d 482 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract cum onere."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits."). Moreover, section 365(b)(3) of the Bankruptcy Code further requires that the assumption and assignment of any lease in a "shopping center" be subject to all of the provisions of the applicable lease.

6. ESL has proposed that the cure amounts due and owing for the Lease identified on the schedule (the "**Cure Schedule**") to the Notice of Assumption and Assignment is $0.00 (the

3

"**Proposed Cure Amount**").  However, the Landlord believes the actual cure amount due and owing under the Lease as of May 1, 2019 is $58,498.98 (the "**Actual Cure Amount**"), as detailed on Exhibit A.

7. The Actual Cure Amount represents known amounts that are currently due and owing to the Landlord under the Lease, including a reasonable amount for attorneys' fees owed to the Landlord.  The Actual Cure Amount *does not* include accrued but unbilled or amounts that are not yet known or due under the terms of the Lease (including, without limitation, amounts owing on account of common area maintenance, taxes, utilities, year-end adjustments, indemnities, or other obligations accruing under the terms of the Leases) (the "**Surviving Obligations**") all of which must be satisfied and be assumed by the assignee of the Lease. The Actual Cure Amount may also increase prior to any actual date of assignment of the Lease if the Debtors do not timely and properly pay all amounts that accrue after the May 1, 2019 and the Landlord reserves all rights in connection therewith.

## CONCLUSION

WHEREFORE, the Landlord respectfully requests that the Court (i) fix the cure amount associated with the assumption and assignment of the Lease at $58,498.98 plus any amounts which accrue and are not paid after May 1, 2019 through the assignment of such Lease (ii) order that that the Surviving Obligations shall be the obligation of ESL upon the assignment of the Lease and (iii) grant such relief as the court deems just and proper.

Dated: May 1, 2019
      New York, New York

                            NIXON PEABODY LLP

                            */s/ Christopher M. Desiderio*
                            Christopher M. Desiderio
                            55 W 46th Street
                            New York, New York 10036
                            Tel: (212) 940-3000
                            Fax: (212) 940-3111
                            cdesiderio@nixonpeabody.com

                            and

                            Daniel W. Sklar
                            NIXON PEABODY LLP
                            900 Elm Street
                            Manchester, New Hampshire 03101
                            Tel: (603) 628-4008
                            Fax: (8660 947-0745
                            dsklar@nixonpeabody.com

                            *Attorneys for 266 Route 125 LLC*

4846-7911-3621.1

# **Exhibit A**

Calculation of Actual Cure Amount

18-23538-shl    Doc 3466    Filed 05/01/19    Entered 05/01/19 16:08:53    Main Document
Pg 6 of 9

**266 Route 125, LLC (Landlord)**
1 Wall St. Hudson, NH 03051 (603) 578-1705
Innovel Solutions, Inc. (Tenant) Lease Dated November 1, 2016
Innovel Solutions, Inc. Bankruptcy Case # 18-23548

*Past Due Invoices - Accounts Receivables - (Pre-Petition Debts - Please See Claim # 4961 Filed 11/15/2018)*

| Type | Date | Invoice | Name | Due Date | Open Balance | Description |
|---|---|---|---|---|---|---|
| Invoice | 10/02/2018 | Sept'18 Fuel | Innovel Solutions, Inc. | 10/31/2018 | $ 2,124.11 | Invoice is from the pre-petition period. |
| Invoice | 10/02/2018 | Aug-Sept'18 Electric | Innovel Solutions, Inc. | 10/31/2018 | $ 9,551.18 | Invoice is from the pre-petition period. |
| Invoice | 11/02/2018 | Sept-Oct'18 Fuel | Innovel Solutions, Inc. | 11/30/2018 | $ 1,053.10 | Invoice is from the pre-petition period. |
| Invoice | 11/02/2018 | Sept-Oct'18 Electric | Innovel Solutions, Inc. | 11/30/2018 | $ 7,986.89 | Invoice is from the pre-petition period. |
|  |  |  |  |  | $ 77.12 | Landlord's bank charges for two (2) "returned" check charges for Innovel's Check # 000174985 & Check # 000174997 that were returned to Landlord for non-payment by Tenant. |
|  |  |  |  |  | **$ 20,792.40** | **Sub-Total** |

*Current Billed Invoices (Accounts Receivables)*

| Type | Date | Invoice | Name | Due Date | Open Balance | Description |
|---|---|---|---|---|---|---|
| Invoice | 04/02/2019 | Feb-Mar'19 Electric | Innovel Solutions, Inc. | 04/16/2019 | $ 9,605.56 |  |
| Invoice | 04/02/2019 | Feb-Mar'19 Fuel | Innovel Solutions, Inc. | 04/16/2019 | $ 13,153.18 |  |
|  |  |  |  |  | **$ 22,758.74** | **Sub-Total** |

*Penalty Service Charge (for late Rent and other charges) & Interest on Penalty Service Charges (For Post Petition Rent & Reimbursement Payments)- Not Yet Invoiced to Tenant*

| Type | Date | Invoice | Name | Due Date | Open Balance | Description |
|---|---|---|---|---|---|---|
| Late Fee | 11/09/2018 | Nov'18 Rent | Innovel Solutions, Inc. |  | $ 3,223.98 | Nov.'18 penalty service charge (Per Lease) received Nov'18 rent payment late - "....after five (5) business days after said due date, to a penalty service charge for a late payment in the amount of five percent (5%) of any installment of Rent and other charges past due" |
| Past Due Interest Charge | 12/09/2018 | Nov'18 Rent | Innovel Solutions, Inc. |  | $ 153.69 | Nov'18 - interest on penalty service charge (Per Lease) received Nov'18 rent payment late - "….in addition to interest on such past due installment and late payment charge shall accrue at the rate of twelve per cent (12%) interest per annum after the thirtieth (30th) day such installment is past due until paid...." Calculated through 05/3/2019 |
| Late Fee | 12/10/2018 | Dec'18 Rent | Innovel Solutions, Inc. |  | $ 3,223.98 | Dec.'18 "penalty service charge" - rent received late - see above |
| Past Due Interest Charge | 01/10/2019 | Dec'18 Rent | Innovel Solutions, Inc. |  | $ 119.77 | Dec.'18 interest on penalty service charge - see above |
| Late Fee | 04/08/2019 | Apr'19 Rent | Innovel Solutions, Inc. |  | $ 3,226.42 | Apr.'19 "penalty service charge" - rent received late - see above |
| Past Due Interest Charge |  | Apr'19 Rent | Innovel Solutions, Inc. |  |  | Apr.'19 interest on penalty service charge - see above (not applicable) |
|  |  |  |  |  | **$ 9,947.84** | **Sub-Total** |

*Legal Fees (Nixon Peabody)- Not Yet Invoiced to Tenant*

| Type | Date | Invoice | Name | Due Date | Open Balance | Description |
|---|---|---|---|---|---|---|
| Legal Fees |  | N/A | Nixon Peabody | N/A | $ 5,000.00 | Legal Fees (total accrued through May 1, 2019 plus reasonable anticipated fees through assignment) |
|  |  |  |  |  | **$ 5,000.00** | **Sub-Total** |

|  |  |
|---|---|
| **$ 58,498.98** | **Grand Total Accounts Receivable (Including Pre-Petition Debts) as of 05/01/2019** |

# CERTIFICATE OF SERVICE

      I, Christopher M. Desiderio, certify that I am not less than 18 years of age, and that service of the foregoing Objection of 266 Route 125 LLC to Notice of Assumption and Assingment of Additional Designatable Leases was caused to be made on May 1, 2019, in the manner indicated upon the entities identified below.

Date: May 1, 2019                                                    /s/ Christopher M. Desiderio
                                                                                    Christopher M. Desiderio

**Via First Class Mail**

Chambers of the Honorable Judge Robert D. Drain
United States Bankruptcy Court for the
Southern District of New York
300 Quarropas Street, Room 248
White Plains, NY 10601

Sears Holdings Corporation
Stephen Sitley
Luke J. Valentino
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Ray C. Schrock
Jacqueline Marcus
Garret A. Fail
Sunny Singh
767 Fifth Avenue
New York, NY 10153

Office of the United States Trustee for Region 2
Paul Schwartzberg
201 Varick Street, Suite 1006
New York, NY 10014

Akin Gump Strauss Hauer & Feld LLP
Philip C. Dublin
Ira Dizengoff
Sara Lynne Brauner
One Bryant Park
New York, NY 10036

Carter Ledyard & Milburn LLP
James Gadsden
2 Wall Street
New York, NY 10015

Skadden, Arps, Slate, Meagher & Flom LLP
Paul D. Leake
Shana A. Elberg
George R. Howard
4 Times Square
New York, NY 10036

Davis Polk & Wardell LLP
Marshall S. Huebner
Eli J. Vonnegut
450 Lexington Avenue
New York, NY 10017

Cleary, Gottlieb, Steen & Hamilton LLP
Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

Kelley Drye & Warren LLP
Eric R. Wilson
Benjamin D. Feder
T. Charlie Liu
101 Park Avenue
New York, NY

Seyfarth Shaw LLP
Edward M. Fox
620 Eighth Avenue
New York, NY 10018

Locke Lord LLP
Brian A. Raynor
111 South Wacker Drive
Chicago, IL 60606