IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**ORDER PURSUANT TO 11 U.S.C. §§ 362(d)(1) GRANTING SANTA ROSA MALL, LLC's MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM IN SUPPORT THEREOF AND/OR TO DECLARE THAT THE INSURANCE PROCEEDS ARE NOT PART OF THE BANKRUPTCY ESTATE**

Upon the *Motion for Relief from the Automatic Stay* dated May 1, 2019 (the "*Stay Relief Motion*", Docket No. ____), filed by creditor Santa Rosa Mall, LLC ("Santa Rosa Mall"), for entry of an order pursuant to 11 U.S.C. §§ 362(d)(1), Fed. R. Bankr. P. 4001(d) ("Rule 4001(d)"), Rule 4001-1 of the Local Bankruptcy Rules for the Southern District of New York ("LBR 4001-1"), and the *Amended Case Management Order* (Docket No. 405), finding that the insurance proceeds are not part of the bankruptcy estate and, in the alternative, granting limited relief from the automatic stay; and having considered the *Stay Relief Motion* and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the *Stay Relief Motion* having been provided, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the *Stay Relief Motion* establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and the Court having held a hearing to consider the relief requested on May 21, 2019 at 10:00 A.M. (Eastern Time) (the "Hearing"); and after due deliberation, the Court having concluded that Santa Rosa Mall has established sufficient cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT**:

　　1.　　The *Stay Relief Motion* (Docket No. ____) is GRANTED.

2. The Insurance Proceeds, as defined therein, are not part of the bankruptcy estate and must be exclusively applied to the restoration or rebuilding of the Demised Premises.

3. Santa Rosa Mall is granted limited relief from the automatic stay so that it may seek non-bankruptcy relief against the insurance company, produces, agents, and/or underwriters involved with the settlement and payment of the Insurance Proceeds.

4. Santa Rosa Mall is authorized to take all actions necessary to effectuate the relief granted in this Order.

5. Except as set forth in the *Stay Relief Motion*, nothing contained in this Order is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a creation of any rights in favor of, or enhancement of the status of any claim held by, any person; (c) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim on any grounds; (d) a promise to pay any claim; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Bankruptcy Code section 365; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

6. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to any applicable requirements imposed on the Debtors under the Lease Agreement and into a separate bank account.

7. The stay on effectiveness of this Order imposed by Rule 4001(a)(3) is waived.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____ __, 2019
       White Plains, New York

                         HONORABLE ROBERT D. DRAIN
                         UNITED STATES BANKRUPTCY JUDGE