UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SEARS HOLDING CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered)<br><br>Re: ECF No. 3477 |

**DECLARATION OF IZEK SHOMOF IN SUPPORT OF SUPPLEMENTAL CURE
OBJECTION AND RESERVATION OF RIGHTS (STORE #1008) FILED BY
IZEK SHOMOF AND ALINE SHOMOF IRREVOCABLE CHILDREN'S TRUST
DATED FEBRUARY 11, 1999, VEGAS GROUP, LLC, AND EAST RIVER GROUP, LLC**

I, Izek Shomof, declare under penalty of perjury as follows:

1. I am over the age of eighteen years old, and am a resident of the County of Los Angeles, State of California. I am the Managing Member of Vegas Group, LLC, and the Managing Member of East River Group, LLC.

2. I submit this declaration in support of the *Supplemental Cure Objection and Reservation of Rights (Store #1008) Filed by Izek Shomof and Aline Shomof Irrevocable Children's Trust Dated February 11, 1999, Vegas Group, LLC, and East River Group, LLC* (ECF No. 3477 ) (the "Supplemental Cure Objection"). Capitalized but undefined terms used in my declaration have the meanings ascribed to them in the Supplemental Cure Objection.

3. These facts are based upon my own personal knowledge, in my capacity as representative of the Landlord and/or the business records of Landlord, unless stated upon information and belief, and as to those such facts, I am informed and believe that they are true.

4. I am authorized to submit this declaration on behalf of Landlord. If I were called to testify in this matter, I could and would competently testify to each of the facts set forth herein

to the best of my knowledge.  Except as otherwise noted, I have personal knowledge as to the information set forth below.

5. The Lease arises out of a portion of a sale-leaseback transaction, in which it was contemplated that Landlord would, during the term of the Lease, be able to rehabilitate and renovate the Building.

6. Prior to the commencement of the Debtors' bankruptcy cases, Landlord was in discussions with Tenant for the planned rehabilitation of the Building, i.e., seismic retrofitting, new HVAC system, ADA compliant access, new freight elevator, and other improvements to and work to be done on the Premises, including structural upgrades in conformance with Ordinance 183893.  Following commencement of the cases, Landlord made repeated requests to Tenant for coordination and cooperation to commence the necessary renovation construction, but received no substantive response from Tenant.

7. Due to the lack of cooperation from Tenant, construction at the Building did not begin prior to March 16, 2019, Landlord lost the construction financing it was in the process of finalizing, and the entitlements Landlord secured from the City of Los Angeles (which Landlord recently obtained an extension of) are rapidly expiring.

8. As of March 16, 2019 (and prior thereto, as communicated by Landlord to Tenant), Landlord had been ready, willing, and able to commence the necessary renovation construction at the Building.  Among other things, Landlord had secured entitlements from the City of Los Angeles, was in the process of finalizing loan documents, pulled building permits and submitted plans, and engaged the necessary services of architects, engineers, consultants, and contractors in order to prepare for the renovation construction.  As a direct result of Tenant's failure to respond to and cooperate with Landlord, Landlord lost the construction financing that was in the process of being finalized and was otherwise in place for necessary renovation and rehabilitation of the

Building, and lost the amounts expended by Landlord to be prepared to move forward with the necessary construction that was to be done at the Building. Landlord would have been able to timely begin the renovation construction, but for the failure of Sears to cooperate.

9. Based upon a review of the books and records of Landlord, Landlord incurred the following losses due to Tenant's lack of cooperation and the resultant inability to commence renovation construction prior to March 16, 2019:

| Supplemental Cure Amount (as of April 15, 2019) | |
| --- | --- |
| Architects, Engineers and Consultants | $4,559,194.82 |
| Permit Fees | $121,851.20 |
| Contractors | $1,015,000.00 |
| TOTAL | $5,696,046.02[1] |

10. The total Cure Amount is an amount not less than **$7,170,986.63**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2019
      Los Angeles, California



IZEK SHOMOF

---

[1] This amount is in addition to the $1,474,940.61 asserted in the Landlord's previously filed Cure Objection.

**VIA REGULAR MAIL**

The Chambers of the Honorable Judge Robert D. Drain
United States Bankruptcy Court for the SDNY
300 Quarropas Street, Room 248
White Plains, New York 10601

The Debtors, c/o Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates IL 60179
Attn: Stephen Sitley Esq., and Luke J. Valentino, Esq.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq.,
Garret A. Fail, Esq., and Sunny Singh, Esq.

The Office of the United States Trustee
201 Varick Street, Suite 1006
New York, New York 10014
Attn: Paul Schwartzberg, Esq.

Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq.,
and George R. Howard, Esq.

Davis Polk & Wardell LLP
450 Lexington A venue
New York, NY, 10017
Attn: Marshall S. Huebner, Esq. and Eli J. Vonnegut, Esq.

Cleary, Gottlieb
One Liberty Plaza
New York, NY, 10006
Attn: Sean A. O'Neal, Esq. and Luke A. Barefoot, Esq.
Attorneys for Transform Holdco LLC

Kelley Drye & Warren LLP
101 Park A venue
New York, NY 10178
Attn: Eric R. Wilson, Esq., Benjamin D. Feder, Esq.,
and T. Charlie Liu, Esq.

Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
Attn: Edward M. Fox, Esq.

Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10015
Attn: James Gadsden, Esq.

Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Attn: Brian A. Raynor, Esq.

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq.,
and Sara Lynne Brauner, Esq