Judith Elkin
JUDITH ELKIN PLLC
23 Malysana Lane
New Rochelle, New York 10805
Telephone: 917-671-8062
E-mail: elkinj@mac.com

Counsel for Lennox International Inc. and
Lennox National Account Services, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| SEARS HOLDINGS CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

# LENNOX INTERNATIONAL INC. AND LENNOX NATIONAL ACCOUNT SERVICES, LLC'S STATEMENT IN RESPONSE TO <u>NOTICE OF REJECTION OF EXECUTORY CONTRACTS</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

LENNOX INTERNATIONAL INC. AND LENNOX NATIONAL                                                                 1
ACCOUNT SERVICES, LLC'S STATEMENT

Lennox International Inc. and Lennox National Account Services, LLC (collectively, "Lennox"), by and through its undersigned counsel, hereby submit this Statement in Response to the above-named Debtors' Notice of Rejection of Executory Contracts (the "Rejection Notice"), and for such would show the Court as follows:

1. Most of the above-named Debtors filed for relief under Chapter 11 of the Bankruptcy Code on October 15, 2018 (the "Petition Date"). A few additional Debtors similarly filed on later dates. All cases are administratively consolidated.

2. Lennox is party to a Master HVAC Services Agreement (the "Master Agreement") with certain of the Debtors pursuant to which Lennox serviced and provided repair parts for HVAC systems located at various Sears and Kmart locations. Such services were provided upon the specific request of employees of the Debtors, both before and after the Petition Date. These services were essential to keeping the Debtors' stores operational for the benefit of the Debtors and their customers, employees and creditors, as well as for the benefit of Transform Holdco, LLC (the "Buyer"), the ultimate purchaser of substantially all the assets of the Debtors, including the locations serviced by Lennox. The Master Agreement was effective as of February 1, 2014. The Master Agreement was amended as of February 1, 2017.

3. As set forth in Lennox's Objection to Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with the Global Sale Transaction filed with the Court on January 25, 2019 (ECF 1807) (the "Cure Objection"), as of the Petition Date, the Debtors were indebted to Lennox in the amount of $137,648.23 (the "Pre-Petition Debt"). Lennox has timely filed proofs of claim in regard to the Pre-Petition Debt.

4. During the course of these cases, Lennox continued to provide parts and services to the Debtors pursuant to the Master Agreement, all at the specific request of the Debtors. As of the date of this Statement, the Debtors have incurred unpaid post-petition debt to Lennox in the amount of $53,015.12 (the "Post-Petition Debt"), of which $30,762.43 was incurred after February 11, 2019, the date the sale to Buyer closed (the "Post-Closing Debt").

5. On November 19, 2018, the Bankruptcy Court entered the Order Approving Global Bidding Procedures and Granting Related Relief (the "Global Bidding Procedures Order") approving global bidding and sale procedures (the "Global Bidding Procedures").

6. On January 14, 2019, the Debtors commenced an auction for the sale of the Global Assets (as defined in the Global Bidding Procedures Order) (the "Auction"). As announced on the record of the Auction, the Debtors determined that the offer submitted by Buyer, an entity established by ESL Investments, Inc. to acquire all or substantially all the Global Assets, was the highest or best offer for the Global Assets. The Buyer is an entity owned and controlled by the current majority owner of the Debtors, whose pre-petition transactions with the Debtors and its management are subject to continuing investigation and litigation. The sale to Buyer closed on February 11, 2019 (the "Closing"). Since the Closing, the Debtors and the Buyer have been litigating various disputes regarding the sale, including disputes over which entity is responsible for certain administrative expenses.

7. On January 18, 2019, Lennox received an Assumption and Assignment Notice notifying Lennox of (i) the possibility that the Master Agreement would be assumed by the Debtors and assigned to the Buyer; (ii) the amount the Debtors believed Lennox was owed to cure any outstanding obligations under the Master Agreement (the "Cure Amount"); and (iii) the general

availability of adequate assurance of future performance by the Buyer in the event the Master Agreement was assumed.

8.  Lennox timely filed a response to the Assumption and Assignment Notice indicating that the Cure Amount listed by the Debtors was incorrect, providing documentation on the correct Cure Amount and requesting certain forms of adequate assurance of future performance in the event the Master Agreement was assumed and assigned to Buyer.

9.  Shortly after the Closing, on February 15, 2019, Lennox received a form letter from Rob Riecker, CFO of the Buyer, informing Lennox of the Closing and stating "We are committed to ensuring that this will be a seamless transition. Operations will continue in the normal course, and we will continue to partner with you moving forward. You can expect that your points-of-contact will remain the same – and you will be hearing from this person in the coming days." Shortly thereafter, employees of presumably "new" Sears contacted Lennox indicating that the Buyer was going to assume the Master Agreement. On February 18, 2019, a telephonic meeting was had between Vanessa Kassab, Mark Conway and Matthew Skaggs on behalf of Buyer Sears and Chad Smith, Jenny Sketch and Michael Wagner on behalf of Lennox discussing contract assumption. After the conclusion of the call, Lennox received a follow up e-mail indicating the general terms Buyer was seeking for assumption and assignment. The Lennox employees attending the telephonic meeting responded to the Buyer Sears employees that Lennox would get back to Buyer Sears after discussing the substance with legal and applicable management.

10. On February 22, 2019, Lennox sent a letter to Ms Kassab reiterating the actual Cure Amount and indicating Lennox's terms for adequate assurance of future performance given Sears's historical weak financial performance (even during the cases), the relationship between Buyer and

existing management/ownership of the Debtors, and the already existing litigation between the owner of the Buyer and the Debtors' estates.

11. Lennox received no response from the Buyer/Debtors to the February 22, 2019 letter, but in reliance on the February 2019 communications, continued to provide goods and services to Buyer Sears in accordance with the Master Agreement for the next two months.

12. On April 18, 2019, Lennox received the Rejection Notice, indicating that in accordance with the Court's April 4, 2019 Rejection Procedures Order, the Master Agreement was now being rejected by the Debtors and that such rejection was effective April 18, 2019. Had Lennox been informed the Master Agreement would not be assumed and assigned, it would not have continued to do business with "new" Sears post-Closing.

13. Lennox has no reason to object to rejection of the Master Agreement, and has already timely filed its proofs of claim for its Pre-Petition Debt. However, Lennox is also owed Post-Petition Debt which constitutes an administrative expense claim entitled to priority under Section 503(b) of the Bankruptcy Code. In accordance with the various debtor in possession financing orders entered by the Court (the "<u>DIP Orders</u>"), the Debtors were obligated to pay ordinary and necessary expenses of the administration of their estates either in the ordinary course of business or according to the contract terms between the Debtors and the applicable creditor. In regard to the Debtors' post-petition obligations under the Master Agreement, the Debtors continued their pre-petition pattern of slow paying Lennox. Thus, the Post-Petition Debt constitutes the unpaid balance of post-petition goods and services rendered by Lennox to the Debtors under the Master Agreement, at the specific request of the Debtors, and is an administrative expense claim of the Debtors.

14. Section 503(b)(1) of the Bankruptcy Code provides that post-petition obligations for "actual, necessary costs and expenses of preserving the estate" constitute administrative expenses of the estate. 11 U.S.C. § 503(b)(1). Administrative expense priority is available to contract parties when the debtor enjoys the benefits of the contract pending assumption or rejection. *In re Patient Education Media, Inc.*, 221 B.R. 97, 101 (Bankr. S.D.N.Y. 1998) (quoting *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984)). Thus, because Lennox provided goods and services to the Debtors under the Master Agreement post-petition at the specific request of the Debtors, Lennox is entitled to an administrative expense claim in the Debtors' cases.

15. In this case, however, to further complicate matters, a portion of the Post-Petition Debt was incurred after Closing by the Buyer at the request of the very same employees who dealt with Lennox pre-Closing. Lennox reasonably relied on the post-Closing letter it received from Buyer and the business person to business person discussions. Notwithstanding that Lennox had no contract with Buyer, it continued providing goods and services to Buyer post-Closing under the Master Agreement because it was represented to Lennox that the Master Agreement was being assumed and assigned. While Lennox understands that the initial Assumption and Assignment Notice expressly indicated it was preliminary and did not represent a commitment to assume and assign any specific contract, that was not the tenor of the Buyer Sears's subsequent February 2019 written and oral communications with Lennox.

16. Upon receipt of the Rejection Notice, Lennox inquired of counsel for the Buyer about the mixed messages, and was told that the Buyer had changed its mind and was now rejecting the Master Agreement. Counsel for Lennox then inquired as to who was responsible for the Post-Closing Debt and when and how it would be paid. To date, Lennox has received no response to this inquiry, and no order of this Court seems to deal with how creditors who did business with the

Buyer post-Closing, based on express representations that their contracts would be assumed, would be paid.

17. On April 17, 2019, the Debtors filed their Joint Chapter 11 Plan of Sears Holdings Corporation and Its Affiliated Debtors (the "Plan") and related Disclosure Statement of Sears Holdings Corporation and Its Affiliated Debtors (the "Disclosure Statement"). While the Plan and Disclosure Statement indicate that Administrative Expense Claims (as defined in the Plan) will be paid in full, the definition of Administrative Expense Claims is the generic bankruptcy definition. The Plan does not address how claims incurred by the Buyer to creditors who relied on representations of both the Debtors and the Buyer in continuing to do business with Sears post-Closing will be paid.

18. No bar date has yet been set for the filing of Administrative Expense Claims. Lennox intends to file an Administrative Expense Claim in the amount of of $53,015.12 against the Debtors, which includes the Post-Closing Claim. Lennox also intends to seek payment of its Post-Closing Claim from Buyer, and reserves the right to seek the assistance of this Court in that regard, if necessary, as this Court appears to have retained jurisdiction over post-Closing disputes.

19. Lennox reserves the right to further amend its existing proofs of claim and file such other Administrative Expense Claims for damages resulting from the rejection of the Master Agreement and the representations of the Debtors and Buyer related to same.

**WHEREFORE**, while Lennox does not seek any specific relief from the Court at this time, Lennox hereby provides notice of its Administrative Expense Claim in the amount of $53,015.12, including its Post-Closing Claim in the amount of $30,762.43.

Dated: May 2, 2019.

                                                      *s/Judith Elkin*
                                                    Judith Elkin
                                                    JUDITH ELKIN PLLC
                                                    23 Malysana Lane
                                                    New Rochelle, New York 10805
                                                    Telephone: 917-671-8062
                                                    E-mail: elkinj@mac.com

                                                    Counsel for Lennox International Inc. and Lennox
                                                    National Account Services, LLC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of May, 2019, the annexed Statement was served on (i) the parties requesting ECF notifications via the Court's CM/ECF case notification system; (ii) the parties so indicated below via first class U.S. mail; (iii) the parties so indicated below via electronic mail; and (iv) on all other parties requesting notice pursuant to Rule 2002 and in accordance with this Court's Amended Order Implementing Certain Notice and Case Management Procedures entered on November 1, 2018.

Dated: May 2, 2019

*s/Judith Elkin*

**U.S. Mail**

**Chambers Copy**
Chambers of the Honorable Judge Robert D. Drain
United States Bankruptcy Court for the S. D. of New York
300 Quarropas Street, Room 248
White Plains, NY 10601

**Debtors**
Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, IL 60179
Attn: Stephen Sitley Esq.
Luke J. Valentino, Esq.

**Office of the United States Trustee**
Office of the United States Trustee for Region 2
201 Varick Street, Suite 1006
New York, NY 10014
Attn: Paul Schwartzberg, Esq.

**Electronic Service**

**Debtors**
Rob Riecker - rob.riecker@searshc.com
Luke Valentino - luke.valentino@searshc.com
Mohsin Meghji - mmeghji@miiipartners.com

**Counsel for the Debtors**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Ray C. Schrock, P.C.
Jacqueline Marcus, Esq.
Garret A. Fail, Esq.
Sunny Singh, Esq.
ray.schrock@weil.com
garrett.fail@weil.com
jacqueline.marcus@weil.com
sunny.singh@weil.com

**Attorneys for Bank of America, N.A., administrative agent under the
First Lien Credit Facility and the DIP ABL Agent**
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
Attn: Paul D. Leake, Esq.
Shana A. Elberg, Esq.
George R. Howard, Esq.
paul.leake@skadden.com
shana.elberg@skadden.com
george.howard@skadden.com

**Attorneys for Citibank, N.A., as administrative agent under the Stand-Alone L/C Facility**
Davis Polk & Wardell LLP
450 Lexington Avenue
New York, NY 10017
Attn: Marshall S. Huebner, Esq.
Eli J. Vonnegut, Esq.
marshall.huebner@davispolk.com
eli.vonnegut@davispolk.com

**Attorneys for JPP, LLC, as agent under the Second Lien Credit Facility, IP/Ground Lease Term Loan Facility, and the Consolidated Secured Loan Facility**
Cleary, Gottlieb
One Liberty Plaza
New York, NY 10006
Attn: Sean A. O'Neal, Esq.
soneal@cgsh.com

**Attorneys for Computershare Trust Company, N.A., as trustee for the Second Lien PIK Notes, the Holdings Unsecured PIK Notes, and the Holdings Unsecured Notes**
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
Attn: Eric R. Wilson, Esq.
Benjamin D. Feder, Esq.
T. Charlie Liu, Esq.
ewilson@kelleydrye.com
bfeder@kelleydrye.com
cliu@kelleydrye.com

**Attorneys for Wilmington Trust, NA, as indenture trustee for the Second Lien Notes**
Seyfarth Shaw, LLP
620 Eighth Avenue
New York, NY 10018
Attn: Edward M. Fox, Esq.
emfox@seyfarth.com

**Attorneys for The Bank of New York Mellon Trust Company, as successor trustee for the SRAC Unsecured PIK Notes, SRAC Unsecured Notes, and the SRAC Medium Term Notes**
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10015
Attn: James Gadsden, Esq.
gadsden@clm.com

**Attorneys for the Pension Benefit Guaranty Corporation**
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Attn: Brian A. Raynor, Esq.
braynor@lockelord.com

**Attorneys for the Official Committee of Unsecured Creditors**
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Attn: Philip C. Dublin, Esq.
Ira Dizengoff, Esq.
Sara Lynne Brauner, Esq.
pdublin@akingump.com
idizengoff@akingump.com
sbrauner@akingump.com

**Attorneys to Wells Fargo Bank, National Association**
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
ksimard@choate.com
jmarshall@choate.com

**Investment Banker for the Debtors**
Lazard Frères & Co., LLC
30 Rockefeller Plaza,
New York, NY 10112
Attn: Brandon Aebersold
Levi Quaintance
project.blue.rx@lazard.com

**Buyer**
Transform Holdco LLC
c/o ESL Partners, Inc.
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154
Attention: Kunal S. Kamlani and Harold Talisman
kunal@eslinvest.com
harold@eslinvest.com

Luke A. Barefoot
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
lbarefoot@cgsh.com