Bernice C. Lee, Esq.
Shraiberg, Landau & Page, P.A.
2385 N.W. Executive Center Drive, Suite 300
Boca Raton, FL 33431
Telephone: (561) 443-0800
Facsimile: (561) 998-0047

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**In re**                                                           **Chapter 11**

**SEARS HOLDINGS CORPORATION,** *et al.,*          **Case No. 18-23538 (RDD)**

              **Debtors.**                          **(Jointly Administered)**
-----------------------------------------------------------------x

**OBJECTION OF SVAP II STONES RIVER, LLC TO NOTICE OF ASSUMPTION**
**AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

SVAP II Stones River, LLC (the "Landlord"), by and through undersigned counsel, files this

additional objection in response to the *Notice of Assumption and Assignment of Additional*

*Designatable Leases* (the "Assumption Notice") [ECF No. 3298], which supplements the Landlord's

previously filed *Limited Objection to Potential Assumption and Assignment of Leases and Cure*

*Amounts* (the "Initial Objection") [ECF No. 2197], regarding the proposed assumption and

assignment of the Lease (as defined herein).  In support of this Objection, the Landlord respectfully

states as follows:

1.       Beginning on October 15, 2018 (the "Petition Date") and continuing thereafter, each

of the above-referenced debtors (the "Debtors") commenced with this Court a voluntary case under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.       The Landlord is the owner of certain retail property in Murfreesboro, Tennessee in

which Store No. 2226 is located.  The Debtors operated Store No. 2226 pursuant to the terms of that

certain lease, which expires in May 2022, and as same may have been amended (the "Lease").

{1158/000/00431515}

1

3.        On January 23, 2019, the Debtors filed a *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "Notice") [ECF No. 1774], which *inter alia* included the Lease as a lease to be potentially assumed and assigned by the Debtors.   In response to the Notice, on January 30, 2019, the Landlord filed the Initial Objection objecting to *inter alia* the proposed cure amount of $15,726.00 and reserving its right to object on any applicable grounds in the event the proposed assignee of the Lease changes.  The Landlord hereby incorporates the objections and reservations of rights set forth in the Initial Objection as if fully set forth herein.

4.        On February 8, 2019, this Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* [ECF No. 2507] (the "Sale Order") that preserved issues relating to cure amounts, adequate assurance of future performance, and other matters relating to the proposed assumption and assignment of real estate leases that were not Initial Assigned Agreements (as defined in the Sale Order).  The Lease is not included among the Initial Assigned Agreements.

5.        The Sale Order stated in part that:

> To the extent that the Debtors or any other party seek to assume and assign any real estate leases to which a Debtor is a party free and clear of any Restrictive Covenant, the Debtors or such party shall file a notice that describes the Restrictive Covenant that the party is seeking to extinguish or otherwise diminish and any non-Debtor counterparty to a Restrictive Covenant will have fourteen (14) calendar days from the filing and service of notice of such requested relief to file and serve an objection thereto; any such issues shall be determined by the Court or otherwise resolved consensually prior to the effectiveness of the assignment of any Lease, and all rights, remedies, and positions of all parties with respect to any such relief are preserved.

Sale Order ¶ 59.

{1158/000/00431515}

6.      On April 2, 2019, this Court entered an *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (the "Assumption and Assignment Order") [ECF No. 3008], which also preserved objections for future resolution and stated *inter alia* that to the extent the Debtors or another party seeks to assume and assign a lease free and clear of a Restrictive Covenant, a notice shall describe the Restrictive Covenant that the party is seeking to extinguish or otherwise diminish. *See* Assumption and Assign. Order ¶ 26.

7.      On April 19, 2019, Transform Holdco LLC ("Transform") filed the Assumption Notice that included the Lease with a proposed cure amount of $0.00 denoted with an asterisk, and indicated that the ultimate assignee would be Transform Leaseco LLC.  No specific information is provided with respect to any Restrictive Covenant relating to the lease.  The Assumption Notice provides that the objection deadline is May 3, 2019 at 11:30 a.m. (Eastern Time).

## OBJECTION

8.      It is well settled that "[i]f an executory contract is assumed, it is said to be assumed *cum onere*, with all of its benefits and burdens."  *In re Leslie Fay Companies, Inc.*, 166 B.R. 802, 808 (Bankr. S.D.N.Y. 1994); *see also In re Kopel*, 232 B.R. 57, 63 (Bankr. E.D.N.Y. 1999) ("It is axiomatic that an executory contract generally must be assumed cum onere."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits").

9.      In order to assume and assign the Lease, the Debtors are required, at the time of assumption, to cure or provide adequate assurance of the prompt cure of all monetary and non-monetary defaults under the respective leases.  11 U.S.C. § 365(b)(1)(A).  The Assumption Notice states that the cure amount is $0.00, which is incorrect.  As of April 23, 2019, the cure amount due

{1158/000/00431515}

3

for the Lease is: i) an amount of $26,971.28 to cure known monetary defaults under the Lease, and ii) amounts that have not yet become due under the Lease or applicable law but that may become due prior to any proposed assumption of the Lease (collectively, the "Cure Amount"). Unless the Cure Amount is paid, any request to assume the Lease should be denied.

10.    Also, any order approving the assumption of the Lease must provide that, unbilled and amounts that are not yet known or due under the terms of the Lease (including, without limitation, amounts owing on account of common area maintenance, taxes, utilities, year-end adjustments, indemnities, or other obligations accruing under the terms of the leases) (the "Surviving Obligations") must be satisfied and be assumed by the assignee of the Lease.

11.    For the avoidance of doubt, the Landlord reserves the right to further supplement the cure amount through the date of actual assignment, and the right to amend or supplement this Objection in the event the charges due under the Lease up to and including the date the Lease is assumed are unpaid, including but not limited to any applicable attorneys' fees due under the Lease.

12.    In addition, since all of the premises is located in a shopping center, the Debtors must meet the specific requirements of adequate assurance under section 365(b)(3) of the Bankruptcy Code, which are intended "to protect the rights of lessors and the center's other tenants." *In re Joshua Slocum*, 922 F.2d at 1086. Pursuant to section 365(b)(3), the specific requirements include:

> a.    the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became lessee under the lease. *See* 11 U.S.C. § 365(b)(3)(A);
>
> b.    that any percentage rent due under such lease will not decline substantially. *See* 11 U.S.C. § 365(b)(3)(B);

    c.   that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity provisions, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center. *See* 11 U.S.C. § 365(b)(3)(C); and

    d.   that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center. *See* 11 U.S.C. § 365(b)(3)(D).

13.    The Landlord objects to the assumption and assignment of the Lease by the Debtors to the extent that the foregoing requirements are not satisfied.

14.    The Landlord objects to the sale of the Lease free and clear of any interests, covenants, or rights applicable to such real estate leases to the extent the same limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, "Restrictive Covenants"). The Debtors and Buyer have failed to indicate which Restrictive Covenant the Buyer seeks to extinguish, and the Landlord is entitled to specific notice of any purported Restrictive Covenant the Buyer alleges may be subject to extinguishment. In the absence of any such notice that identifies each Restrictive Covenant that the Buyer seeks to strip away, any order authorizing the assumption and assignment of the Lease must make clear that, consistent with the *cum onere* principles under section 365(b) of the Bankruptcy Code, any applicable Restrictive Covenants remain in full force and effect and are in no way impaired or affected by the assignment. The Landlord expressly reserves the right to supplement this objection as necessary and deny that the Buyer is permitted to extinguish Restrictive Covenants, if any, that may be applicable to the Lease.

15.    Additionally, any question regarding whether the Restrictive Covenants run with the land, and are non-executory and not subject to rejection, may not be decided in the context of the sale hearing, but instead must be addressed pursuant to a separate adversary proceeding. *See In re*

{1158/000/00431515}

*Sabine Oil & Gas Corp.*, 547 B.R. 66, 73 (Bankr. S.D.N.Y. 2016), *aff'd*, 567 B.R. 869 (S.D.N.Y.

2017), *aff'd*, 734 F. App'x 64 (2d Cir. 2018) ("[T]he Court concludes that it cannot decide

substantive legal issues, including whether the covenants at issue run with the land, in the context of

a motion to reject, unless such motion is scheduled simultaneously with an adversary proceeding or

contested matter to determine the merits of the substantive legal disputes related to the motion.").

16.     Further, sections 365(f)(2)(B) and 365(b)(1) of the Bankruptcy Code require that

adequate assurance of future performance by a proposed assignee be provided, whether or not there

has been a default under a contract or lease.  The Debtors and the Buyer, however, have failed to

provide the Landlord with any information concerning Transform Holdco LLC or its ability to

perform under the Lease.  The Landlord hereby reserves all rights with respect to Buyer's obligation

to demonstrate adequate assurance of future performance.

17.     The Landlord expressly reserves all of its respective rights under the Lease and

applicable law with respect to any and all obligations of the Debtors and/or any proposed assignee as

tenant, including without limitation the Landlord's rights to claim any amounts of rent, charges to

compensate for monetary defaults, such as accrued real estate taxes, utility charges, unsatisfied liens

created by the Debtors and/or the proposed assignee and/or insurance premiums, and charges to

compensate for nonmonetary defaults, including without limitation all maintenance and

indemnification obligations of the Debtors and/or any proposed assignee.

18.     The Landlord further reserves all rights to raise further objections, as necessary or

appropriate under the circumstances, relating to any assumption and assignment of any Lease,

including without limitation any objections relating to the obligations of the Debtors and/or any

proposed assignee to cure any defaults under the Lease, and the ability of any proposed assignee to

provide adequate assurance of future performance.

{1158/000/00431515}

6

19.     The Landlord hereby joins in any objections filed by the Debtors' other landlords to the extent not inconsistent herewith.

**WHEREFORE**, the Landlord respectfully requests that the Court: i) sustain the Objection, ii) deny the assumption and assignment of the Lease unless and until the issues identified herein are addressed, including payment of the entire cure amount stated herein and providing for the Surviving Obligations, iii) deny any request that the assumption and assignment of the Lease be free and clear of the Restrictive Covenants, and iv) grant the Landlord such other and further relief as is just and proper.

Dated: May 2, 2019

Respectfully submitted,

SHRAIBERG, LANDAU & PAGE, P.A.
Attorneys for SVAP II Stones River, LLC
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
blee@slp.law

By:  /s/ Bernice C. Lee
        Bernice C. Lee
        Florida Bar No. 0073535
        *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via

Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case,

and by Email to all the parties listed on the below service list on this the 2nd day of May, 2019.

                                        /s/ Bernice C. Lee
                                        Bernice C. Lee

## SERVICE LIST

Sears Holdings Corporation
Attn: Stephen Sitley, Esq. (stephen.sitley@searshc.com)
Attn: Luke J. Valentino, Esq. (luke.valentino@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (jacqueline.marcus@weil.com)
Attn: Garret A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Office of the United States Trustee
Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana.Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

{1158/000/00431515}

Citibank, N.A.
c/o Davis Polk & Wardell LLP
Attn: Marshall S. Huebner, Esq. (marshall.huebner@davispolk.com)
Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com)
450 Lexington Ave
New York, NY 10017

JPP, LLC
c/o Cleary Gottlieb Steen & Hamilton LLP
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Computershare Trust Company, N.A.
c/o Kelley Drye & Warren LLP
Attn: Eric R. Wilson, Esq. (ewilson@kelleydrye.com)
Benjamin D. Feder, Esq. (bfeder@kelleydrye.com)
T. Charlie Liu, Esq. (cliu@kelleydrye.com)
101 Park Ave
New York, NY 10178

Wilmington Trust, N.A.
c/o Seyfarth Shaw LLP
Attn: Edward M. Fox, Esq. (emfox@seyfarth.com)
620 Eighth Ave
New York, NY 10018

The Bank of New York Mellon Trust Company
c/o Carter Ledyard & Milburn LLP
Attn: James Gadsden, Esq. (gadsden@clm.com)
2 Wall Street
New York, NY 10015

Pension Benefit Guaranty Corporation
c/o Locke Lord LLP
Attn: Brian A. Raynor, Esq. (braynor@lockelord.com)
111 South Wacker Drive
Chicago, IL 60606

Official Committee of Unsecured Creditors
c/o Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin, Esq. (pdublin@akingump.com)
Attn: Ira S. Dizengoff, Esq. (idizengoff@akingump.com)
Attn: Sara Lynne Brauner, Esq. (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco LLC
c/o Cleary Gottlieb Steen & Hamilton LLP
Attn: Sean A. O'Neal, Esq. (soneal@cgsh.com)
Attn: Luke A. Barefoot, Esq. (lbarefoot@cgsh.com)
One Liberty Plaza
New York, NY 10006

{1158/000/00431515}