Norman C. Witte (P40546)
WITTE LAW OFFICES, PLLC
119 E. Kalamazoo Street
Lansing, Michigan 48933-2111
(517) 485-0070

*Attorneys for 4th Street South II, LLC*

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

In re:

**Sears Holdings Corporation,** *et al.*,

Debtors.
_____/

Chapter 11
Docket No. 18-23538 (RDD)

(Jointly Administered)

## 4TH STREET SOUTH II, LLC'S SUPPLEMENTAL CURE OBJECTION

4th Street South II, LLC, through its attorneys Witte Law Offices, PLLC and Lasky Fifarek P.C., provide their supplemental objection to the cure amount proposed by the Debtors and Debtors-in-Possession[1] (collectively referred to as "Sears") as follows:

1. 4th Street South II, LLC ("4th Street") is the landlord with regard to a lease agreement dated December 29, 1953 (the "Lease") with Sears, Roebuck and Co., one of the Debtors, of real property located at 3131 E. Michigan Avenue, Lansing, Michigan 48912 (the "Premises").

2. 4th Street's Lease was designated as a lease that the Debtor intended to assume and assign in the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts

---

[1] As identified in footnote 1 to the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction (DN 1731).

and Unexpired Leases in Connection with Global Sale Transaction (DN 1731) (the "Initial Notice"), filed on January 18, 2019.

3. As part of the Initial Notice, Sears proposed a cure amount for the Lease of of $121,288 (the "Cure Amount").

4. On January 25, 2019, 4th Street timely filed its Cure Objection, Adequate Assurance Objection and Demand for Adequate Protection (DN 1850), ("Cure Objection") which 4th Street incorporates here by reference.

5. As more fully set forth in the Cure Objection, rent under the Lease is 1% of "Net Sales" as defined in the Lease, payable annually on the fifteenth day after the end of the lease year. "Net Sales" under the Lease is defined as "gross sales made upon the demised premises by Tenant and its departmental sublessees, concessionaires, and licensees occupying space upon said premises" subject to certain exclusions. Lease, attached to Cure Objection as Exhibit A, at 9-10, ¶¶ 7.3 and 7.4.

6. The rent for 2018 was due on the fifteenth day following the expiration of the lease year, which would have been December 15, 2018. *Id.* at 9-10, ¶ 7.3.

7. Sears is also required to provide an audit of its sales on the 15th day after the expiration of the lease year (the "Audit"). *Id.* at 12, ¶ 7.7.

8. Upon the receipt of the Audit, 4th Street has the right to re-audit Net Sales. *Id.*

9. The Debtor never provided 4th Street with the Audit.

10. In its Cure Objection, 4th Street also established that it is entitled to recover its attorneys' fees and costs under the Lease occasioned by Sears' default, *id.* at 43, ¶ 19.1(ii), in the amount of $4,133.40 in connection with Sears' breach of the Lease.

11. Because Sears failed to provide the Audit as required by the Lease, it is impossible for 4th Street to determine whether the Cure Amount is accurate.

12. The Cure Objection also raised additional issues regarding Sears failing to account for Internet sales attributable to Sears' operations at the Property.

13. 4th Street sought an order requiring Sears to promptly cure the non-monetary default resulting from its failure to provide the accounting and to provide adequate assurance of future performance under the Lease of $18,000 per month.

14. It is now over three months since 4th Street filed its Cure Objection and neither Sears nor the winning bidder, Transform Holdco, LLC ("Transform") have addressed any of the issues raised in the Cure Objection.

15. On April 19, 2019, Tranform filed a Notice of Assumption and Assignment of Additional Designatable Leases (DN 3298) that included a schedule indicating at line 41 that 4th Street's Lease would be assigned to Transform Operating Stores, LLC ("Transform Operating") and that the cure amount for the Lease was $4,144.40, $117,154.60 *less* than the $121,288 originally proposed by Sears.

16. Presumably, Transform and Transform Operating reached this conclusion by looking only at the amount of attorneys' fees claimed by 4th Street, ignoring Sears' other material defaults under the Lease.

17. 4th Street objects to the Cure Amount set forth in the schedule attached to the Notice for all of the reasons set forth in its Cure Objection, whether or not fully restated in this supplemental objection. 4th Street expressly reserves all arguments set forth in its Cure Objection and reiterates its demand for prompt cure of non-monetary defaults and for adequate assurance payments.

WHEREFORE, 4th Street requests that this Honorable Court enter an order:

A. Requiring Sears to provide the Audit required under the Lease forthwith, including an accounting of Internet sales originated through Sears' store at the Premises for 2018;

*Witte Law Offices, PLLC · 119 E. Kalamazoo Street · Lansing, Michigan 48933-2111 · (517) 485-0070*

B. Providing 4th Street a reasonable opportunity to review the Audit and if necessary enforce its re-audit rights under ¶ 7.7 of the Lease;

C. Providing 4th Street with a reasonable opportunity following the receipt of the Audit, including the accounting of Internet sales originated through Sear's store at the Premises for 2018, to supplement its objections;

D. Determining that the Cure Amount must include 4th Street's reasonable attorney fees in the amount of $4,133.40;

E. Determining that 4th Street's rights to object to adequate assurances of future performance by any assignee of the 4th Street Lease survive assumption of the Lease by Sears and the process set forth in the Cure Notice;

F. Requiring Buyer, as adequate assurance of future performance, to pay monthly installments of $18,000 toward rent for the Premises under the Lease, effective as of December 1, 2018;

G. Requiring Buyer, as adequate assurance of future performance, to escrow $11,000 per month with 4th Street toward payment of real property taxes, effective as of December 1, 2018;

H. Determining that Sears failed to properly exercise the option for extension of the Lease term, or in the alternative, requiring Sears and/or Buyer to provide adequate assurances of performance for a period of eleven years; and

I. Granting such other relief as may be proper.

Respectfully submitted,

**4ᵀᴴ STREET SOUTH II, LLC**

Dated: May 2, 2019

   /s/ Norman C. Witte
Norman C. Witte (P40546)
WITTE LAW OFFICES, PLLC
119 E. Kalamazoo Street
Lansing, Michigan 48933-2111
(517) 485-0070
Facsimile (517) 485-0187
ncwitte@wittelaw.com

John R. Fifarek (P35518)
LASKY FIFAREK PC
120 N. Washington Square, Suite 625
Lansing, Michigan 48933-1624
(517) 267-2226
Facsimile (517) 267-2230
jfifarek@laskyfifarek.com

Attorneys for 4ᵗʰ Street South II, LLC