Objection Date and Time: May 3, 2019 at 11:30 a.m. (Eastern Time)
Hearing Date and Time: May 8, 2019 at 10:00 a.m. (Eastern Time)

BARCLAY DAMON LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2700
Facsimile: (315) 425-2701
Kevin M. Newman
Scott L. Fleischer

*Attorneys for Shillington Plaza, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

In re:

SEARS HOLDING CORPORATION, *et al.*

Debtors.

-------------------------------------------------------------

Chapter 11
Case No. 18-23538-rdd
Jointly Administered

### SUPPLEMENTAL CURE OBJECTION OF SHILLINGTON PLAZA, LLC TO THE BUYER'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES

Shillington Plaza, LLC (the "Creditor"), through its attorneys, submit this supplemental cure objection (the "Objection") to the *Notice of Assumption and Assignment of Additional Designatable Leases* (Dkt. 3298) (the "Notice") filed by Transform Holdco LLC (the "Buyer"). In support of this Objection, the Creditor respectfully submits as follows:

### JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2.	On October 15, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

3.	The Creditor and one of the Debtors (the "Debtors"), Kmart Corporation ("Kmart"), are parties to an unexpired lease of nonresidential real property (the "Lease") with regard to the following premises (the "Premises"):

| Creditor | Shopping Center | Location | Store # |
|---|---|---|---|
| Shillington Plaza, LLC | Shillington Plaza | Shillington, PA | 3136 |

4.	The Premises is located within a "shopping center" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990). For further detail in support of this statement, see the *Declaration of Akiva Elazary in Support of Objection of Shillington Plaza, LLC to the Buyer's Notice of Assumption and Assignment of Additional Designatable Leases* ("Elazary Declaration"), filed in support of this Objection.

5.	On November 1, 2018, the Debtors filed a *Motion for Approval of Global Bidding Procedures* (Dkt. 429). On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* (Dkt. 816).

6.	An auction commenced on January 14, 2019. On January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* (Dkt. 1730) (the "Sale Notice"), which identified the Buyer as the successful bidder at the auction. The Sale Notice included a copy of the executed Asset Purchase Agreement (the "Proposed APA") and the Proposed Sale Order (Dkt. 1730, Ex. C).

7. Pursuant to the Proposed APA and as set forth in the Debtors' Cure Notice (defined herein), the Buyer was required to identify the executory contracts and unexpired leases that it intended to be assumed and assigned on the closing date by February 1, 2019. All other leases were subject to the Buyer's designation rights.

8. On January 18, 2019, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "Cure Notice") (Dkt. 1731).

9. On January 31, 2019, the Creditor, among others, filed the *Limited Objection and Reservation of Rights of Shillington Plaza, LLC and Light 125 James West to the Cure Costs Set Forth in the Debtors' (1) Notice of Assumption and Assignment in Connection with Sale of Sears Home Improvement Business, and (2) Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Dkt. 2248) (the "Cure Objection") in response to the Cure Notice.

10. On January 31, 2019, the Creditor, among others, filed the *Amended Limited Objection and Reservation of Rights of Shillington Plaza, LLC and Light 125 James West to the Cure Costs Set Forth in the Debtors' (1) Notice of Assumption and Assignment in Connection with Sale of Sears Home Improvement Business, and (2) Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (Dkt. 2251) (the "Amended Cure Objection") amending the Cure Objection in response to the Cure Notice.

11. On January 31, 2019, the Creditor, among others, filed the *Limited Objection and Reservation of Rights of DGI LS, LLC, Shillington Plaza, LLC and Light 125 James West, LLC to the Debtors' (1) Notice of Successful Bidder and Sale Hearing; (2) Global Asset Sale*

3

*Transaction; (3) Proposed Asset Purchase Agreement (4) Proposed Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* (Dkt. 2294) (the "Sale Objection").

12. The Cure Objection, Amended Cure Objection, and Sale Objection shall collectively be referred to as the "Prior Objections."

13. On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* (Dkt. 2507) (the "Sale Order")[1] approving the Buyer as the successful bidder at the auction.

14. The Sale Order contains the following language adjourning all objections filed by, and reserving all rights of, certain creditors, including the Creditor, with respect to the relief granted in the Sale Order:

> provided that the objections filed to the proposed Cure Costs for the Contracts and Leases on the Initial Assigned Agreements list attached hereto as Exhibit A are preserved and will be treated in accordance with paragraph 29 of this Sale Order; provided further that: (i) all timely filed objections to the assumption and assignment of a Contract or Lease that is not an Initial Assigned Agreement, including, without limitation, as to adequate assurance of future performance and to the payment of all amounts due and owing and performance of all other obligations under a Contract or Lease, but not as to any other objections to approval of the Sale Transaction itself pursuant to section 363 of the Bankruptcy Code, are adjourned and all parties' rights as to such issues are fully preserved and will be determined if and to the extent the applicable

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Sale Order.

4

>   Contract or Lease is designated for assumption and assignment pursuant to the procedures described in this Sale Order; (ii) no finding of fact or conclusion of law set forth herein with respect to the assumption and assignment of the Initial Assigned Agreements shall apply, be binding upon, be law of the case, or operate to collaterally estop any issue, with respect to the assumption and assignment of any other Contract or Lease, other than with respect to the Initial Assigned Agreements; (iii) no Contract or Lease with a Debtor other than the Initial Assigned Agreements as set forth in Exhibit A shall be part of the Acquired Assets unless and until assumption and assignment of such Contract or Lease is approved in accordance with the procedures in this Sale Order; (iv) notwithstanding anything to the contrary herein, including, without limitation, paragraphs M, R, FF.27, and 28, nothing in this Sale Order shall be a determination of the terms and conditions of the assumption and assignment of any Contract or Lease not on Exhibit A, including, without limitation, the Assignee's obligations in connection with the same; and (v) notwithstanding anything herein or in the Asset Purchase Agreement or any related document to the contrary, all parties' rights are fully reserved with respect to (x) all issues relating to the Buyer's, any other Assignee's and/or the Debtors' obligations to comply with all terms, conditions, covenants and obligations, whether related to the pre- or post-assignment period and (y) the issues set forth in clauses (a) and (b) of paragraph 59 of this Order (the "Reserved Lease Issues").

Sale Order, ¶ 3.

15. Paragraph 35 of the Sale Order provides that, to the extent an objection to a proposed assumption and assignment cannot be resolved, "the Filed Objection will be determined by the Court (following request for a hearing by the Debtors and/or the Buyer and/or the applicable counterparty filed with the Court and on no less than ten (10) days' notice to the other party." Paragraph 40 of the Sale Order has a similar provision with respect to a hearing on a contested assumption and assignment that cannot be resolved, but states that the "hearing date shall be no sooner than ten (10) business days following the date of filing of the Designated Lease Notice…unless…agree[d] otherwise."

16. On March 15, 2019, the Debtors filed the *Notice of Assumption and Assignment of Additional Contracts and Designatable Leases* (Dkt. 2854), with a proposed order authorizing assumption and assignment of executory contracts and leases and establishing procedures for future assumption and assignments.

17. On April 4, 2019, the Court entered the *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* (Dkt. 3043) (the "Assumption and Assignment Order").

18. Paragraphs 26[2] and 27[3] of the Assumption and Assignment Order provide a procedure for the assumption and assignment of Additional Assigned Agreements, including the Agreements.

19. Paragraphs 28[4] and 29[5] of the Assumption and Assignment Order reserved the rights of contract counterparties whose agreements were not listed on the Initial Notice of Assumption and Assignment and that filed objections to previous notices.

---

[2] "… Any party seeking to object to the…assumption and assignment of any Designatable Lease or Additional Contract to a proposed Assignee that is not the Buyer on any basis other than the Cure Costs (including, but not limited to, objections to adequate assurance of future performance if such Designatable Leases are designated to a third party)…must…file a written objection in compliance with the Bankruptcy Rules and the Local Rules (a "Designatable Contract Assumption and Assignment Objection") with the Court, so that such objection is filed no later than eight (8) days after the later of the date on which (i) the applicable Designated Lease Notice or Designated Additional Contract Notice is filed with the Court and (ii) evidence of adequate assurance of future performance required pursuant to the preceding sentence is served on the applicable Designatable Contract Counterparty (the "Designatable Contract Assumption and Assignment Objection Deadline").… To the extent that the Debtors or any other party seek to assume and assign any real estate leases to which a Debtor is a party free and clear of any interests, covenants, or rights applicable to such real estate assets that limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, "Restrictive Covenants"), the applicable Designated Lease Notice shall describe the Restrictive Covenant that the party is seeking to extinguish or otherwise diminish and any non-Debtor counterparty to a Restrictive Covenant will have fourteen (14) calendar days from the filing and service of the Designated Lease Notice to file and serve an objection thereto (the "Restrictive Covenant Objection Deadline")".

[3] "…If a timely objection is received and not resolved consensually the Court shall resolve such objection (following request for a hearing by the Debtors and/or the Buyer and/or the applicable counterparty filed with the Court and on **not less than ten (10) days' notice to the other party**) and the Assumption Effective Date for such agreement shall be five (5) Business Days following the resolution of any such objection…" (emphasis added).

[4] "Notwithstanding anything herein to the contrary: (i) all timely filed objections to the assumption and assignment

6

20. On April 12, 2019, the Debtors filed a notice extending the Designation Rights Period to May 3, 2019 for certain Designatable Leases.

21. On April 19, 2019, the Buyer filed the Notice identifying certain agreements, including the Lease, that are proposed to be assumed and assigned to an affiliate of the Buyer. The Notice set forth a proposed cure amount of $2,416.00 for the Creditor (the "Proposed Cure Amount").

### OBJECTION

22. Each of the Prior Objections plus the Elazary Declaration are fully incorporated herein by reference.

*A. The Proposed Cure Amount is Incorrect and Subject to Change*

23. As a condition of any assumption and assignment, the Creditor is entitled to cure of all defaults. 11 U.S.C. § 365(b)(1)(A). Kmart is currently in default for failure to pay various charges currently due and owing.

24. The Creditor objects to the Proposed Cure Amount set forth in the Notice, as the Proposed Cure Amount is not the correct cure amount. The Correct Cure Amount as of May 1,

---

of a Contract or Lease that is not listed on the list of Additional Assigned Agreements attached hereto as Exhibit 1,…are adjourned and all parties' rights as to such issues are fully preserved and will be determined if and to the extent the applicable Contract or Lease is designated for assumption and assignment pursuant to the procedures described in the Sale Order and paragraphs 26 and 27 of this Assumption and Assignment Order and (ii) no Contract or Lease other than as set forth in Exhibit 1 shall be part of the Acquired Assets unless and until (a) the Bankruptcy Court enters an order approving the assumption and assignment of such Contract or Lease, and such Contract or Lease is so assumed and assigned or (b) the assumption and assignment of such Contract or Lease becomes effective pursuant to the terms of paragraphs 26 and 27 hereof."

[5] "Unless and until the assumption and assignment of a Contract or Lease becomes effective pursuant to the terms of paragraphs 26 and 27 hereof (i) nothing in this Order or the Sale Order shall be a determination of the terms and conditions of the assumption and assignment of any Contract or Lease not included in Exhibit 1, including, without limitation, the Assignee's obligations in connection with the same; (ii) no finding of fact or conclusion of law set forth herein or in the Sale Order with respect to the assumption and assignment of the Additional Assigned Agreements shall apply, be binding upon, be law of the case, or operate to collaterally estop any issue with respect to the assumption and assignment of any other Contract or Lease; and (iii) all parties' rights with respect to the Reserved Lease Issues are fully preserved."

2019 (the "Correct Cure Amount"), <u>exclusive</u> of accrued but unbilled or not due rent and charges and indemnity obligations, is as follows:

| Creditor | Proposed Cure Amount | Correct Cure Amount |
|---|---|---|
| Shillington Plaza, LLC | $2,416.00 | $76,595.83 |

A detailed statement of the Correct Cure Amount due (exclusive of accrued but unbilled or not due rent and charges and indemnity obligations) is attached hereto as Exhibit "1."

25.     The Correct Cure Amount only reflects past due and/or billed amounts due and owing through May 1, 2019.  Additional charges may accrue or come due through and including the date, if any, of assumption and assignment and sale.

26.     The Creditor is entitled to payment of the Correct Cure Amount as of the date of assumption and assignment and sale, and any order authorizing the Debtors to assume and assign and sell must direct the Debtors' or assignee's cure of all outstanding obligations under the Lease, including payment of the Correct Cure Amount set forth above

   B. *Assumption and Assignments Must be Cum Onere and Accrued but Unbilled/Not Yet Due Charges Plus Indemnity Obligations Must be Assumed*

27.     It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Texaco Inc.*, 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000); *In re David Orgell, Inc.*, 117 B.R. 574, 575-76 (Bankr. C.D. Cal. 1990); *In re Pizza Time Theatre, Inc.*, 1990 U.S. Dist. LEXIS 17939, at *14 (Bankr. N.D. Cal. July 13, 1990) (quoting *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984), *superseded on other grounds*); *In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951).  The requirement that lease assumption be *cum onere* applies equally to assignment, as assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11

8

U.S.C. § 365(f)(2)); *see also In re Best Payphones, Inc.*, 2007 Bankr. LEXIS 1677, at *36 (Bankr. S.D.N.Y. May 8, 2007) ("The trustee can only assign what he assumes, and the assignee cannot impose terms, implicitly or explicitly, that render performance less onerous to the assignee or more onerous to the non-debtor party to the contract.").

28. The Lease includes a continuing obligation to pay adjustments and reconciliations for Kmart's proportionate share of expenses such as common area maintenance expenses and the obligation to pay real estate taxes, which have accrued, or will accrue, and are not yet billed or due.

29. Additionally, the Proposed Cure Amount does not include contractual obligations to indemnify the Creditor for events occurring prior to any assumption and assignment and sale. The Lease obligates Kmart to indemnify and hold the Creditor harmless from and against various claims, liabilities and expenses.

30. The obligation to pay these additional charges and to satisfy indemnity obligations is essential to the Creditor's entitlement, pursuant to Section 365(b)(1) of the Bankruptcy Code, to adequate assurance of future performance, and must be assumed by any assignee, *cum onere*.

C. *Cure Disputes Must be Adjourned*

31. Objections to the proposed cure amounts in the Notice should not be heard at the hearing on the Notice. It is impractical and frankly impossible to address all cure objections at a hearing at which other critical issues must also be addressed. It is very common to adjourn cure disputes to a different date than the assignment hearing as long as the undisputed amount is paid in full on the Assumption Effective Date and any disputed portion is reserved in full and paid

promptly after resolution or adjudication.[6] As a result, the Creditor is agreeable to a short adjournment of the cure aspect of the hearing on the Notice while the Debtors and Creditor attempt to resolve any cure issues.

   D. *Any Proposed Waiver of 6004(h) and 6006(d) is Unnecessary*

32.   It is unclear whether the Debtors are seeking a waiver of Bankruptcy Rules 6004(h) and 6006(d), but if they are, the Creditor objects. The Debtors and Buyer have not made a showing that these Rules should be waived here.

### JOINDER AND RESERVATION OF RIGHTS

33.   The Creditor joins in the objections of other creditors of the Debtors to the extent they are not inconsistent with this Objection.

34.   The Creditor reserves its rights to supplement this Objection and to make such other and further objections as they deem necessary or appropriate, including, but not limited to, any proposed order and to the assumption and assignment and sale of the Lease to any assignee.

---

[6] Assumption and Assignment Order, ¶ 12; Sale Order, ¶ 29.

## CONCLUSION

**WHEREFORE,** the Creditor respectfully requests that the Court enter an Order consistent with this Objection, and grant the Creditor any additional and further relief the Court deems just and proper.

Dated: May 2, 2019
Syracuse, New York

**BARCLAY DAMON LLP**

By: /s/ Kevin M. Newman
Kevin M. Newman, Esq.
Scott L. Fleischer, Esq.
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202-2020
Telephone: (315) 425-2700
Facsimile: (315) 425-2701

*Attorneys for Shillington Plaza, LLC*