KIRBY AISNER & CURLEY, LLP
*Counsel for Greenhorn Ventures LLC*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SEARS HOLDINGS CORPORATION, *et al.*, | : | Case No. 18-23538 (RDD) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

-----------------------------------------------------------x

**REVISED CURE OBJECTION TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES, PURSUANT TO 11 U.S.C. § 365(b)(1)**

Pursuant to 11 U.S.C. § 365(b)(1), Greenhorn Ventures LLC, an Idaho limited liability company, by and through its co-counsel, Kirby Aisner & Curley LLP, files this Revised Cure Objection to Notice of Assumption and Assignment of Additional Designatable Leases ("Revised Cure Objection") to Transform Holdco LLC's Notice of Assumption and Assignment of Additional Designatable Leases filed April 19, 2019 (ECF No. 3298) ("Notice of Assumption and Assignment"). The Notice of Assumption and Assignment, Exhibit 1, pg. 10 of 13, designates the Lease associated with the Debtor Kmart Corporation's Store No. 7006 in Twin Falls, Idaho for assumption and assignment to a buyer. The Debtor-Tenant is in substantial default of the Lease at issue, the defaults have not been cured, and neither the Debtor nor the proposed buyer have allocated amounts to cure the defaults under the Lease. The Court should deny approval of any assumption and assignment of the Lease without full cure of all defaults. In support of its Revised Cure Objection, Greenhorn Ventures LLC states as follows:

**I.    PARTIES**

1. Sears Holdings Corporation, and its affiliated co-debtor, Kmart Corporation, (collectively, the "Debtors"), are corporations with principal offices located at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

2. Debtors and certain other affiliates filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C.A. §§ 101 *et seq.*, on October 15, 2018. The Debtors and such affiliates continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C §§ 1107 and 1108.

3. Greenhorn Ventures LLC ("Owner-Landlord") is an Idaho limited liability company, owning certain real property including a commercial building and its additions located at 2258 Addison Avenue East, Twin Falls, ID 83301 ("Property"), which Property is currently leased to and occupied by Kmart Corporation ("Debtor-Tenant") and used to operate a Kmart retail store [Store No. 7006].

**II.    JURISDICTION AND VENUE**

4. This Honorable Court has jurisdiction over this matter pursuant to Sections 157(a) and 1334 of Title 28 of the United States Code.

5. Venue is proper in this Court pursuant to Section 1409(a) of Title 28 of the United States Code.

6. This is a core proceeding pursuant to Section 157(b) of Title 28 of the United States Code.

**III.    RELEVANT PLEADINGS**

7. On November 30, 2018, Owner-Landlord filed a Motion of Greenhorn Ventures LLC for Order (I) Compelling the Debtor to Reject a Nonresidential Real Property Lease Pursuant to 11 U.S.C. § 365(d)(2); Or in the Alternative (II) Establishing a Deadline by Which the Debtor

Must Assume and Cure all Defaults or Reject the Lease; and (III) Modifying the Automatic Stay to Permit Greenhorn Ventures LLC to Pursue its Rights, Including Those Related to the Debtor's Continuing Defaults under the Lease Pursuant to 11 U.S.C. § 362(d)(1) (ECF No. 969) ("Motion to Compel Rejection"). The Motion to Compel Rejection was followed by the filing of a Supplement to Motion of Greenhorn Ventures LLC for Order (I) Compelling the Debtor to Reject . . . (ECF No. 1220) adding the default under the Lease of a newly discovered Claim of Lien on the Property caused by the Debtor. While the Motion to Compel Rejection was heard by the Court on January 18, 2019 and was denied without prejudice (ECF No. 2152), the Debtor-Tenant and any prospective buyer of the Lease was placed on notice of the substantial defaults (described below) under the Lease.

8. On January 14, 2019, the Debtors and certain of their affiliates conducted an auction for the proposed sale of assets, potentially including the Debtor-Tenant's Lease with Owner-Landlord with respect to the Property.

9. On January 25, 2019, the Owner-Landlord filed an Objection of Greenhorn Ventures LLC to Sale and Assignment of Lease and Proposed Cure Amount Pursuant to 11 U.S.C. § 365(b)(1) (ECF No. 1891) ("Objection to Sale and Assignment"). While this Objection to Sale and Assignment has not been heard to date, it nevertheless again places the Debtor-Tenant and any prospective buyer intending to assume the Lease, of the substantial defaults that must be cured prior to any assumption or assignment.

10. On April 8, 2019, the Owner-Landlord filed a Proof of Claim with Prime Clerk in the amounts of the defaults: for $152,690 for the Claim of Lien caused by the Debtor and costs associated therewith; and $212,000 for the liability of the encroachment caused by the Debtor.

11. On April 19, 2019, a prospective buyer, Transform Holdco LLC, filed the Notice of Assumption and Assignment (ECF No. 3298) which for the first time expressly designated in

its Exhibit 1, pg. 10 of 13, the Owner-Landlord's Lease for assumption and assignment by the Debtor. This Notice of Assumption and Assignment proposes no payment to cure or other remedy to cure the substantial defaults of the Debtor-Tenant in violation of 11 U.S.C. § 365(b)(1).

### IV.    FACTS

12. On or about September 1, 1989, Debtor-Tenant entered into a certain Amended and Restated Lease (the "Lease") with a predecessor-in-interest of Owner-Landlord, pursuant to which the Debtor-Tenant agreed to pay base rental amounts to Owner-Landlord for the use of the Property along with performing other agreed upon obligations. A true and correct copy of the Lease and the Amended and Restated Memorandum of Lease recorded in the real property records of Twin Falls County, Idaho on January 28, 1993 are attached as Exhibits A-1 and A-2 to the Declaration of Travis Stroud.

#### A.    Failure to Provide Evidence of Insurance.

13. By letter dated December 21, 2018 and sent by certified mail, Owner-Landlord requested evidence of insurance on the Property as required by the Lease. Exh. A-1, par. 18. to the Declaration of Travis Stroud. The failure to provide evidence of insurance is a material breach of the Lease. No amount or action with respect to the cure of this default under the Lease is provided for under the Proposed Cure Notice.

#### B.    Failure to Discharge and Pay Mechanic's Claim of Lien.

14. Owner-Landlord was notified in mid-December 2018 (via certified mail) that on December 10, 2018, a mechanic's lien (the "Mechanics Lien") was recorded against the Property by Kloepfer Inc. ("Contractor"). A true and correct copy of the Claim of Lien is attached as Exhibit B to the Declaration of Travis Stroud. The Claim of Lien alleges that Debtor-Tenant failed to pay Contractor for goods and services consisting of paving materials, gravel, concrete, labor and equipment in the total amount of $135,889.67 plus accruing interest at 21% per annum.

Upon information and belief, the Contractor was hired by Debtor-Tenant to repave the parking lot at the Property during the summer of 2018, an obligation that belongs to Debtor-Tenant under the Lease. The paving and other work was allegedly completed on September 11, 2018.

15. Pursuant to Idaho Code §45-510, the Contractor has six (6) months from the recording date of the Mechanics Lien to commence a foreclosure action thereunder against the Property of Owner-Landlord. Such an action would not be in violation of the automatic stay, 11 U.S.C. 362(a), because it would not be against the Debtors or the Debtors' property. It would only be against the Owner-Landlord's Property. The Contractor need not join the Debtor-Tenant as a party but simply proceed against the Property, which is not property of the Debtor's estate.

16. Paragraph 39 of the Lease requires Debtor-Tenant to pay and discharge any lien against the Property that it does not contest. Debtor-Tenant, as of this date, has provided Owner-Landlord no evidence of any bona fide basis to contest the Mechanics Lien. Paragraph 39 of the Lease requires the immediate payment of any judgment with respect to a contested lien and Paragraph 27 of the Lease obligates the Debtor-Tenant to "indemnify and save Landlord harmless against all penalties, claims or demand of whatsoever nature arising from Tenant's use of the" Property. The Mechanics Lien places the Property at serious risk and the Debtor-Tenant's failure to pay the Mechanics Lien is a material breach of the Lease. No amount or action with respect to the cure of this default under the Lease is provided for under the Proposed Cure Notice.

17. The Debtor-Tenant has made no reasonable efforts to pay and/or negotiate the Claim of Lien. Attached as Exhibit C to the Declaration of Travis Stroud are a demand letter dated February 6, 2019 followed-up with the transcript of a voice message dated February 25, 2019 from lien claimant's attorney stating that there has been no negotiation with the Debtor and that the lien claimant is "gearing up for foreclosure" against the Owner-Landlord's Property. Both these items were transmitted to Debtor's counsel.

18. On or about March 14, 2019, Owner-Landlord's attorneys and Debtor's attorney had a conference call in which we inquired about the Debtor's intentions on paying the default of the Claim of Lien. Counsel for the Debtor explained that if this Lease is finally designated by the proposed buyer, the buyer will very simply have to pay off the Claim of Lien as a condition of assumption and assignment and that this cure would not be in dispute. The proposed buyer, as of April 19, 2019, has now designated the Lease for assumption and assignment in the Notice of Assumption and Assignment (ECF No. 3298), and contrary to Debtor's representation, the buyer has stated no intention of curing the default by paying off the Claim of Lien.

19. Pursuant to Fed. R. Evid. 201, this Court may take judicial notice of Prime Clerk's Claims Register in this case, showing that the lien claimant, Kloepher, Inc., has also filed two Proofs of Claim on April 2, 2019, Claim Nos. 12690 and 13577, both in the amount of $135,889.67.

### C.    Failure to Cure Encroachment on Adjoining Property

20. Pursuant to the Lease, as further described below, Debtor-Tenant was authorized to construct improvements to the Property, but it breached the Lease by encroaching through its construction on the adjoining landowner's property. The encroachment was discovered through an ALTA survey of the Property conducted in September 2018 by a licensed Idaho surveyor in connection with Owner-Landlord's purchase of the Property. A true and correct copy of the ALTA survey of the Property and an enlarged excerpt therefrom detailing the encroachment of the "Expansion" are attached as Exhibits D-1 and D-2 to the Declaration of Travis Stroud.

21. Paragraph 14 of the Lease allows Debtor-Tenant to, "at its own expense and at any time, erect or construct additional buildings or structures on any portion" of the Property. Such expanded structures or buildings become and remain the property of Owner-Landlord. In this regard, and under the terms of Paragraph 14 and as further described in the fourth through the

eighth recitals to the Lease, Debtor-Tenant was specifically authorized to construct an approximately 23,049 square foot addition to the then existing building, which addition is referred to in the Lease as the "Expansion." The "Expansion" was authorized to be constructed on a to-be-acquired parcel of real property referred to as the "Expansion Parcel," which "Expansion Parcel" was acquired by a predecessor-in-interest of Owner-Landlord on or about January 2, 1990.[1] The "Expansion Parcel" was surveyed at the request of Debtor-Tenant in July 1989.

22. Following the acquisition of the "Expansion Parcel" in 1990, Debtor-Tenant constructed the "Expansion" on that part of the Property consisting of the "Expansion Parcel." In breach of the Lease, and notwithstanding the prior survey of the "Expansion Parcel," Debtor-Tenant constructed a part of the "Expansion" on the real property of the adjoining landowner to the east of the "Expansion Parcel," i.e., to the east of Parcel 2 as shown on the ALTA survey. This continuing encroachment and trespass exposes Owner-Landlord to a substantial potential liability claim from the adjoining landowner.

23. The Debtor-Tenant has suggested that this is a years-old event that is merely a pretext, and that the doctrine of adverse possession and equitable doctrines based upon yet-to-be-demonstrated conduct would render it a non-issue. However, to quiet title, any person claiming adverse possession under Idaho Code §5-210 must show clear and convincing evidence of each element of adverse possession including "hostile possession" or an "open and notorious" possession opposing the true owner, as well as demonstrate evidence of all other statutory and case law elements of adverse possession. *Pleasants v. Henry,* 36 Idaho 728, 213 P. 565 (1923); *Aldape v. State,* 98 Idaho 912, 575 P.2d 891 (1978); *Berg v. Fairman,* 107 Idaho 441, 690 P.2d 896 (1984). Such evidence has not been demonstrated in this instance.

---

[1] The "Expansion Parcel" is Parcel II shown on Exhibit A-2 and Parcel 2 shown on Exhibit D-1 to the Declaration of Travis Stroud.

Page - 7

24. Moreover, and regardless of Debtor-Tenant's purported ability to invoke adverse possession and quiet title and equitable defense(s) to a claim by the adjacent landowner with respect to the encroachment, the encroachment is a continuing "cloud" on Owner-Landlord's title to the Property created solely by Debtor-Tenant, which Debtor-Tenant, not Owner-Landlord, should be required to resolve, remedy and cure at Debtor-Tenant's sole cost and expense.

25. The adjoining landowner's representatives have advised Owner-Landlord that the adjoining landowner "wants the encroachment cured and remedied." Declaration of Travis Stroud, par. 7. Attached as Exhibit E to the Declaration of Travis Stroud, is a copy of a demand letter, dated March 4, 2019, from the adjoining land owner's attorney requesting a resolution of the encroachment.

26. The continuing encroachment and trespass of the expanded building on the adjoining landowner's property is a continuing material breach and default of the terms of the Lease by Debtor-Tenant. No amount or action with respect to the cure of this default under the Lease is provided for under the Proposed Cure Notice.

27. Owner-Landlord is prejudiced by the Debtor-Tenant's continued use of the Property under the Lease as set forth above.

28. Owner-Landlord reserves the right to amend this Objection with any further breaches which may be discovered and which may otherwise exist or arise under the Lease.

**V.    REQUESTED REMEDY – DENIAL OF ANY PROPOSED ASSUMPTION AND ASSIGNMENT OF THE LEASE.**

29. The Debtor-Tenant's post-petition leasing and use of Owner-Landlord's Property under the Lease constitutes an executory contract or unexpired lease under Section 365 of the Bankruptcy Code.

30. Pursuant to Section 365(b)(1)(A) of the Bankruptcy Code, the Debtor-Tenant has a duty to cure and/or provide adequate assurance payments to promptly compensate the Owner-Landlord for defaults created by the Debtor-Tenant under the Lease. It is not impossible for the Debtor-Tenant to cure such defaults.

31. The Owner-Landlord is not aware that the Debtor-Tenant has allocated any amounts or provided adequate assurances to cure the above defaults. Again, as detailed in the Proposed Cure Notice (ECF No. 1731; Exh B, pg. 8 of 10), the Debtor-Tenant has allocated no amounts to cure of the defaults under the Lease for Store No. 7006. A copy of the Proof of Claim and its Claim Calculation (excluding other exhibits) are attached as F to the Declaration of Travis Stroud in the default damage amounts of $152,690 for the Claim of Lien and $212,000 for the encroachment.

32. Because Owner-Landlord is being greatly prejudiced by the Debtor-Tenant's continued use of the Property, without evidence of insurance, without discharge of the Claim of Lien, and being exposed to claims and liabilities of or created by the Debtor-Tenant with respect to the above-described encroachment as well as the imperfection to the title of the Property that the encroachment creates, this Court must deny approval of any proposed assumption and assignment of the Lease for Kmart Store No. 7006.

WHEREFORE, Owner-Landlord requests that this Court enter an Order sustaining Greenhorn Ventures LLC's Objection to any proposed sale or assignment of the Lease. 1.Owner-Landlord reserves all other legal rights and claims against all parties.

| | |
|---|---|
| Dated: May 2, 2019<br>Scarsdale, New York | Respectfully submitted,<br><br>*/s/  Dawn Kirby*<br><br>Dawn Kirby<br>Kirby Aisner & Curley LLP<br>700 Post Road, Suite 237<br>Scarsdale, New York 10583<br>Telephone: (914) 401-9500<br>Email: dkirby@kacllp.com<br>    *Attorneys for Greenshorn Ventures LLC* |