WASSERMAN, JURISTA & STOLZ, P.C.
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Phone: (973) 467-2700
Fax: (973) 467-8126
Donald W. Clarke
*Attorneys for Auburndale Properties, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In Re:                                                        :   Chapter 11
                                                              :
**SEARS HOLDINGS CORPORATION,** *et al.*                      :   Case No. 18-23538-RDD
                                                              :
                                       Debtors.               :   (Jointly Administered)
-------------------------------------------------------------x

**OBJECTION BY AUBURNDALE PROPERTIES, INC. (STORE NO. 3834) TO
TRANSFORM HOLDCO, LLC'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF
<u>ADDITIONAL DESIGNATABLE LEASES [DOC 3298]</u>**

*Auburndale Properties, Inc.* ("Auburndale"), agent for creditor and landlord of the above-captioned debtors ("Debtors"), by and through its attorneys, Wasserman, Jurista & Stolz, PC, objects to Transform Holdco, LLC's (the "Buyer") *NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES* (the "Designation Notice") [Doc 3298], and sets forth as follows:

1.      Sterik Burbank, LP ("Sterik") is the owner of certain real property on which Store No. 3834 is located. Auburndale is the agent and property manager for Sterik and listed as the "counterparty" in the Designation Notice. The Debtors operate Store No. 3834 pursuant to the terms of that certain lease between Sterik Company (as landlord and predecessor in interest to Sterik) and K Mart Corporation, dated July 26, 1989, and as same has been amended (the "Lease").

2. Auburndale filed a proof of claim on April 10, 2019 (the "Auburndale POC") **Exhibit "A."**

3. The Auburndale POC provides backup for and details then-current amounts due under the Lease of: (i) prepetition rent, CAM and real estate taxes ($55,799.00); and (ii) postpetition CAM and real estate taxes ($65,520.00). *See Exhibit "A."*

4. Currently, Auburndale is owed a total cure amount under the Lease of $165,410.83. (the "Cure Amount"). **Exhibit "B."**

5. After the close of business on April 19, 2019, the Buyer filed the Designation Notice indicating its intention to have the Debtor assume the Lease and assign it to "Transform Leaseco, LLC" (the "Assignee").

6. Notwithstanding the sale of the designation rights to the Buyer, pursuant to § 365(b) of the Bankruptcy Code, the Debtors are unable to assume the Lease before they first cure or provide adequate assurance that they will promptly cure all defaults (monetary and nonmonetary) as of the date of the proposed assumption.

7. The Lease cannot be assigned before it is first assumed, and furthermore, cannot be assigned without adequate assurance of future performance.

8. The Designation Notice is the first Auburndale was made aware of the identity of the proposed Assignee, and Auburndale has received no information with which it might be adequately assured as to future performance.

9. To be clear, in order for the Debtor to assume the Lease, regardless of any proposed assignment, the Cure Amount must be paid in full, or the Debtor must adequately assure that it will promptly cure the default. The Buyer lists a deficient cure amount and it has provided no assurance

the Assignee will be adequately funded such that it will be able to adequately perform under the Lease.

10. Furthermore, the Designation Notice does not identify which "Restrictive Covenants" it proposes will be vitiated by the "free and clear" assumption and assignment.

11. This failure to provide any specificity raises the concern that the Assignee intends to violate provisions within the Lease (which is a "shopping center lease") which clearly are protected by sections 365(b) and (f). Indeed, the only detail provided seems to except from the "free and clear" language only those restrictions which "run with the land." That is not the extent of the protections afforded a landlord by sections 365(b) and (f).

12. Auburndale expressly reserves its rights to supplement, modify or amend this objection until such time as a final order is entered approving the assumption and assignment of, and cure amounts with respect to, the Lease. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action, and defenses that Auburndale has asserted, or may assert, with respect any proofs of claim against the Debtors. Auburndale also expressly reserves all of its rights to seek to compel the assumption or rejection of the Lease. In addition, nothing set forth herein shall constitute a waiver or discharge of any and all of Auburndale's rights under the Lease. Moreover, nothing set forth in this objection shall be construed as a waiver, release, discharge or disallowance of any and all administrative claims of Landlord against any and all of the Debtors arising from, or in connection with, *inter alia*, any post-petition amounts due and owing to Auburndale from the Debtors.

13. Based on the foregoing, the Court should deny the Buyer's designation of the Lease: (i) for assignment free and clear of any Restrictive Covenants otherwise protected under sections

365(b) and (f) or applicable law; (ii) before the Cure Amount is paid in full; and (iii) before adequate assurance of Assignee's future performance is provided.

                              **WASSERMAN, JURISTA & STOLZ, P.C.**
                              *Attorney for Auburndale Properties, Inc.*

Dated: May 2, 2019                            DONALD W. CLARKE