Donna H. Lieberman, Esq.
**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th floor
New York, New York 10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

and

Kevin S. Neiman, Esq.
**LAW OFFICES OF KEVIN S. NEIMAN, PC**
999 18th Street, Suite 1230 S
Denver, CO  80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Properties Landlords*

Objection Deadline: May 3, 2019
Time: 11:30 a.m. (Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
|
In re:                                                    |    Chapter 11
                                                          |    Case No. 18-23538 (RDD)
SEARS HOLDINGS CORPORATION, *et al.,*                     |
                                                          |    (Jointly Administered)
                                          Debtors.        |
                                                          |
---------------------------------------------------------------x

**SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS OF CERTAIN NW PROPERTIES LANDLORDS IN RELATION TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

**(STORE NOS. 1754 AND 8724)**

NW Gaithersburg LLC ("NWG") and NW 51st Street LLC ("NW51"; together, the "NW Landlords"), by and through their undersigned counsel, submit this supplemental objection and reservation of rights (the "Supplemental Objection") to the *Notice of Assumption and Assignment of Additional Designatable Leases* [D.N. 3298] (as amended from time to time, the "Assumption Notice").[1] In support of this Supplemental Objection, the NW Landlords respectfully state:

---

[1] Terms used but not defined herein shall have the meaning ascribed to such terms in the Notice.

**BACKGROUND**

1.  On October 15, 2018, the above-captioned debtors and debtors-in-possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.  On January 18 and 23, 2019, the Debtors filed their *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [D.N. 1731] (the "Initial Notice") and the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* (the "Supplemental Notice") [D.N. 1774], whereby they identify the leases between and among debtor Sears, Roebuck and Co. (the "Debtor") and the NW Landlords as potentially subject to assumption and assignment. The NWG lease is identified by the Debtor as store number 1754 in Gaithersburg, Maryland, and the NW51 lease is identified by the Debtor as store number 8724 in Pittsburgh, Pennsylvania (the two leases, as they may be amended from time-to-time, are hereinafter referred to as the "NW Leases").

3.  In response to the Initial Notice and the Supplemental Notice, the NW Landlords timely filed their objections and reservations of rights [D.N. 2056 and 2230] (together, the "Objections"). As noted therein, the NW Landlords, among other things, (i) corrected the cure amounts then outstanding; (ii) noted that the cure amounts may increase prior to any actual date of assumption and assignment of the NW Leases if the Debtor does not timely pay all amounts that accrue and are payable thereunder, expressly reserving their right to amend or supplement the objections and the cure amounts from time to time; and (iii) requested that any Order authorizing assumption and assignment be modified to provide that:

    A.    until the effective date of the assumption and assignment (the "Assignment Date"), the Debtor shall remain liable for, among other things: (i) post-petition rent and other charges under the NW Leases; (ii) amounts accruing under the NW Leases that may be unbilled as of the date thereof; (iii) any regular or periodic adjustment of charges under the NW Leases; (iv) the cure of any non-monetary defaults; and (v) insurance, indemnification, and other contractual obligations under the NW Leases. *See* 11 U.S.C. § 365(b)(1);

    B.    from and including the Assignment Date and thereafter, the Assignee must be responsible for all obligations pursuant to the NW Leases, including year-end adjustments and other charges that may have accrued during or relate to (in whole or in part) the period prior to the Assignment Date, but are billable and/or payable after the Assignment Date;

    C.    preserve the NW Landlords' right to indemnification under the NW Leases – *i.e.*, if the Order releases the Debtor from all liability and obligation to the NW Landlords upon the Assignment Date, then it should specifically provide that the Assignee is liable for events that occurred prior to the Assignment. Therefore, for example, if there is a third party claim relating to an incident that occurred at the leased premises prior to the Assignment Date, the Assignee would be obligated to honor the tenant's indemnification obligations under the NW Leases; and

    D.    the Assignee must honor any and all existing reciprocal easement agreements, as well as any other obligations that run with the land (certain of these obligations may be specifically referenced in the NW Leases).

4. The Objections of the NW Landlords further noted:

> In addition, the APA contemplates that leases may be assigned to "Assignees" identified by the Buyer. *See* APA, Sections 2.7(a) and 5.2(a). The definition of Assignees in Section 1.1 of the APA is very broad, and is not limited to the Buyer, or even to the Buyer and its affiliates. As a result, [the NW Landlords do] not know with certainty whether the Lease will be assigned to the Buyer or another entity. If the proposed Assignee of the Lease is not the Buyer, [the NW Landlords are] entitled to receive and review adequate assurance information from the proposed assignee, and specifically reserves its right to object to the assignment should it find that the assignee has not established to [their] satisfaction its ability to meet Lease obligations.

5. On April 2, 2019, the Court entered its *Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* [D.N. 3008]. Therein, in paragraph 28, the Court reserved all rights of the NW Landlords in relation to assumption and assignment of the NW Leases:

> Notwithstanding anything herein to the contrary: (i) all timely filed objections to the assumption and assignment of a Contract or Lease that is not on the list of Additional Assigned Agreements attached hereto as Exhibit 1, including, without limitation, objections as to adequate assurance of future performance, cure amounts, and/or the payment of all amounts due and owing and performance of all other obligations under a Contract or Lease, are adjourned and all partiesø rights as to such issues are fully preserved and will be determined if and to the extent the applicable Contract or Lease is designated for assumption and assignment pursuant to the procedures described in the Sale Order and paragraphs 26 and 27 of this Assumption and Assignment Order and (ii) no Contract or Lease other than as set forth in Exhibit 1 shall be part of the Acquired Assets unless and until (a) the Bankruptcy Court enters an order approving the assumption and assignment of such Contract or Lease, and such Contract or Lease is so assumed and assigned or (b) the assumption and assignment of such Contract or Lease becomes effective pursuant to the terms of paragraphs 26 and 27 hereof.

6. On April 19, 2019, the Debtors filed their Notice, seeking to assume and assign the NW Leases.

7. The NW Landlords generally do not object to the assumption and assignment of their NW Leases, subject to (i) the concerns that they raised in their Objections to the extent they have not already been addressed, which are incorporated herein by reference; and (ii) the supplemental points that they raise herein.

### SUPPLEMENTAL OBJECTION

8. NWG objects to the proposed cure amount in the Notice because it is incorrect. The Debtors propose a cure amount of $70,000. The correct amount as of April 30, 2019 is $102,375.53. This amount is comprised of:

| Pre-petition 10/15/18 Outstanding Charges | | |
|---|---|---|
| Charge | Date | Amount |
| CAM (July - Sept) | 8/31/2018 | $ 35,262.51 |
| Real Estate Tax | 10/1/2018 | $ 16,299.28 |
| CAM (October 10/1/19-10/14/19) | 10/19/2018 | $ 5,308.26 |
| | | $ 56,870.05 |

| Post-petition Outstanding Charges | | |
|---|---|---|
| Charge | Date | Amount |
| Pollution Policy Insurance | 1/23/2019 | $ 8,750.03 |
| General Liability | 2/4/2019 | $ (497.18) |
| REAL ESTATE TAX | 2/4/2019 | $ 857.30 |
| REAL ESTATE TAX | 2/4/2019 | $ 857.30 |
| MISC TENANT REBILLS | 2/6/2019 | $ 52.97 |
| General Liability | 2/8/2019 | $ (497.18) |
| CAM (February) | 2/21/2019 | $ 11,754.00 |
| REAL ESTATE TAX | 3/1/2019 | $ 857.30 |
| General Liability | 3/15/2019 | $ (497.18) |
| CAM (March) | 3/31/2019 | $ 11,754.00 |
| REAL ESTATE TAX | 4/1/2019 | $ 857.30 |
| CAM (April) | 4/15/2019 | $ 11,754.00 |
| General Liability | 4/17/2019 | $ (497.18) |
| | | $ 45,505.48 |

| | Total | $ 102,375.53 |
|---|---|---|

This cure amount may increase prior to any actual date of assumption and assignment of the NWG lease if the Debtor does not timely pay all amounts that accrue and are payable thereunder, and NWG expressly reserves its right to amend or supplement the objections and the cure amounts from time to time.

9. With regard to NW51, the Debtors propose a cure amount of $0.00. That is the correct amount as of April 30, 2019. However, this amount may increase prior to any actual date of assumption and assignment of the NW51 lease if the Debtor does not timely pay all amounts that

-5-

accrue and are payable thereunder, and NW51 expressly reserves its right to amend or supplement the objections and the cure amounts from time to time.

10. Moreover, the Notice fails to identify exactly what entity is the Assignee, only noting in paragraph 13: "The Buyer, or an affiliated entity, shall be the relevant Assignee for each Additional Designatable Lease." The NW Landlords request that the Debtors identify the precise Assignee and promptly provide all adequate assurance information to the extent they have not already done so, and specifically reserve all potential objections with respect to the adequacy of such information.

## RESERVATION OF RIGHTS

11. Nothing in this Objection is intended to be, or should be construed as, a waiver by the NW Landlords of any of their rights under the NW Leases, the Bankruptcy Code, or applicable law. The NW Landlords expressly reserve all such rights, including, without limitation, the right to: (i) supplement and/or amend this Supplemental Objection and to assert additional objections to the proposed assumption and assignment of the NW Leases on any and all grounds; (ii) amend the cure amounts; (iii) assert additional non-monetary defaults under the NW Leases; (iv) assert any rights for indemnification or contribution against the Debtors arising under the NW Leases; and (v) assert any further objections as they deem necessary or appropriate.

## JOINDER

12. The NW Landlords join in the objections to the Debtor's (or other Debtors) requested relief filed by other landlords and parties-in-interest to the extent they are not inconsistent with this Supplemental Objection.

## CONCLUSION

WHEREFORE, the NW Landlords respectfully request that this Court enter an order: (i)

sustaining this Supplemental Objection; and (ii) granting the NW Landlords such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: May 2, 2019

Respectfully submitted,

**HALPERIN BATTAGLIA BENZIJA, LLP**

/s/ *Donna H. Lieberman*
Donna H. Lieberman, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
dlieberman@halperinlaw.net

- and-

Kevin S. Neiman, Esq.
**LAW OFFICES OF KEVIN S. NEIMAN, PC**
999 18th Street, Suite 1230 S
Denver, CO 80202
Telephone: (303) 996-8637
kevin@ksnpc.com

*Co-counsel to the NW Landlords*