**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**OBJECTION OF CROSSROADS MALL, LLC TO THE DEBTORS'**
*NOTICE OF ASSUMPTION AND ASSIGNMENT*
*OF ADDITIONAL DESIGNATABLE LEASES*

Crossroads Mall, LLC ("Crossroads") hereby objects to (a) the proposed cure amount set forth in the *Notice of Assumption and Assignment of Additional Designatable Leases* ("Notice") (Doc. No. 3298) filed by the Debtors (the "Cure Objection") and (b) any assignment of the Lease (as defined below) free and clear of the covenants in the Lease that run with the land (the "Restrictive Covenant Objection"), and with regard to such objections respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

**PRELIMINARY STATEMENT**

1. Crossroads leases certain real property in a shopping center to Sears, Roebuck and Co. ("Sears") pursuant to a certain lease agreement (as amended, the "Lease") relating to the premises at 7400 Dodge Street, Omaha, Nebraska (the "Property"). Sears has failed to maintain the Property in the condition required by the terms of the Lease causing damage to the Property in the amount of $1,354,110.00 that is due and owing under the provisions of Lease, including but not limited to Article 3, Section 7. Accordingly, Crossroads objects to the assumption and assignment of the Lease because the proposed cure amount of $0 fails to satisfy all existing defaults under the Lease in accordance with 11 U.S.C. § 365(b). Additionally, Crossroads asserts that Sears may not assign the Lease free and clear of certain conditions and covenants set forth in the Lease, including certain use limitations and continuous operation provisions contained within the Lease, as more specifically described below, and objects to the assumption and assignment on such basis as well.

**BACKGROUND FACTS**

2. On October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and several of its affiliates, including Sears, Roebuck and Co., filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. Crossroads and Sears are parties to the Lease[2] whereby Crossroads leases the Property to Sears. Attached as Exhibit A hereto and incorporated herein is a true and correct copy of the Lease.

5. As of the Petition Date, Sears was in breach of the Lease for its failure to maintain the Property "in first-class, orderly, secure, safe, clean and sanitary condition and repair," as required by Article 3, Section 7 of the Lease. More specifically, Sears had breached the Leased by failing to maintain the roof, failing to repair the auto center, failing to maintain and repair the canopies and sidewalks, and failing to paint certain overhangs. Each such failure continues to date.

6. On April 10, 2019, Crossroads filed a Proof of Claim in the amount of $1,354,110.00 relating to Sears' breaches of the Lease. *See* Proof of Claim No. 16967 ("Proof of Claim"). Attached as Exhibit B hereto and incorporated herein is a copy of the Proof of Claim that provides a summary of the amount owed, along with bids from independent contractors supporting the damages amount asserted.

7. Since the filing of the Proof of Claim, Crossroads has learned of additional damages to the Property relating to glass broken on a door and the temporary "fix" completed by Sears. Crossroads has not yet received an estimate for the cost to fix such damages and reserves its right to include such additional amount as part of the cure cost.

---

[2] The Lease is comprised of a Lease Agreement dated June 23, 1958, as amended by the Lease Agreement entered on or about June 23, 1958, the Amendment to Lease executed on or about July 11, 1958, the Amendment to Lease executed on or about November 12, 1958, the Amendment to Lease executed on or about November 13, 1958, the Amendment to Lease executed on or about February 19, 1959, the Amendment to Lease executed on or about June 25, 1959, the Letter Agreement dated August 11, 1983, the Letter Agreement dated December 1, 1983, the Letter Agreement dated February 11, 1986, the Letter Agreement dated January 31, 1991, the Letter Agreement dated January 9, 1995, the Amendment to Lease executed March 30, 2006, and the Letter Agreement dated October 10, 2011 (collectively, the "Lease") relating to the Property.

3

8. On or about April 23, 2019, the Debtors served Crossroads with the Notice that identified Crossroads as a counterparty to a Lease with a contract name of "Ground Lease" and a cure amount of "$0" at row no. 11.

9. Article 3, Section 7 of the Lease provides that "Tenant agrees that it will, at its own cost and expense, keep and maintain or cause to be kept and maintained, all buildings and improvements . . . located on the demised premises . . . and each and every part thereof in first-class, orderly, secure, safe, clean and sanitary condition and repair."

10. Crossroads asserts that Sears' breach of Article 3, Section 7 of the Lease has caused Crossroads damages in the amount of $1,354,110.00 (as set forth in its Proof of Claim) plus an amount to be determined relating to the most recent damages to the glass on a door.

11. Article 1 of the Lease provides that Sears shall not use the Property for any purpose except to maintain and operate a department store for the sale at retail of goods, wares, and merchandise:

> Tenant agrees that during the term of this lease it will not use the demised premises or any part thereof nor permit or suffer same to be used for any purpose except the maintaining and operating of a department store for the sale at retail of goods, wares and merchandise (and the storage of goods, wares and merchandise to be thus sold) and the rendering of services now sold and rendered or that may hereafter be customarily sold and rendered by Tenant in other shopping center retail department-store operations, provided, however, that the foregoing sale of goods, wares and merchandise and rendering of services shall in no event include the operation of a bank or finance business (except such finance business as may be owned and operated by Tenant or its subsidiary for the financing of Tenant's own business operations), beauty parlor, barber shop, insurance business (except such insurance business as may be owned and operated by Tenant or its subsidiary), real-estate rental and sales business, medical office or center, dental office, restaurant (Tenant to have the right to operate a snack bar), or grocery and meat business.

12. Article 1 of the Lease further provides that if Sears fails to use the Property for the maintenance and operation of a department store for a period of sixty (60) consecutive days, Crossroads shall have the right to terminate the Lease:

4

> In the event the demised premises shall not be used for the maintenance and operation of a department store (as in this lease specified and limited) for a period of sixty (60) consecutive days . . . , then in either of such events, Landlord shall have the right, at its option, to terminate this lease in the following manner, to wit:
>
> > (a)  Landlord shall notify Tenant, in writing, of its election to terminate, and said notice shall set forth which of the above covenants has been breached.
> > (b)  Tenant shall have the right to cure any such default within a period of ninety (90) days from and after the date of said Landlord's notice of election, except as hereinafter provided.
> > (c)  If Tenant shall fail to cure any such default within the period of said ninety (90) days, as aforesaid, then and in such event upon the expiration of said ninety (90) day period this lease shall terminate, and from and after such date Tenant shall have no further rights thereunder.

13.    Article 12 of the Lease provides that "[i]t is further covenanted and agreed by and between the parties hereto that all the covenants, agreements, conditions and undertakings in this lease contained shall extend and inure to the benefit of and be binding upon the successors and assigns of the respective parties hereto the same as if they were in every case named and expressed, and that the same shall be construed as covenants running with the land."

## AUTHORITY

14.    11 U.S.C. § 365(b)(1) states, in pertinent part:

> (b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . .;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of further performance under such contract or lease.

11 U.S.C. § 365(b)(1).

15.     A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

16.     Further, when a shopping center is involved, the Bankruptcy Code imposes heightened restrictions on the assumption and assignment of leases. *In re Joshua Slocum Ltd.*, 922 F.2d 1080, 1086 (3d Cir. 1990). Section 365(b)(3) provides, in pertinent part:

> (3) For the purposes of paragraph (1) of this section and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance – . . . (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, <u>use</u>, or <u>exclusivity</u> provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3) (emphasis added).

17.     Bankruptcy Courts have described the assumption of an unexpired lease as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g., In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

## ARGUMENT

18.     Crossroads objects to the proposed cure amount in the Notice on the basis that such proposed amount is not accurate and does not include the entire amount that is owed for pre-petition damages and continued breaches of the Lease. Crossroads is owed $1,354,110.00, plus an amount to be determined relating to the most recent damages to the glass on a door, due to Sears' breach of Article 3, Section 7 of the Lease that has not been remedied. Under 11 U.S.C. § 365, Sears cannot assume and assign the Lease until all cure amounts are paid in full or adequate assurances are provided that such breaches will be remedied.

19. Further, Crossroads objects to the assignment of the Lease free and clear of certain conditions and covenants set forth in the Lease, including certain use limitations and continuous operation provisions contained within the Lease.  More specifically, Crossroads asserts that any assignee of the Lease must continuously "maintain[] and operat[e] a department store for the sale at retail of goods, wares and merchandise," which "shall in no event include the operation of a bank or finance business (except such finance business as may be owned and operated by Tenant or its subsidiary for the financing of Tenant's own business operations), beauty parlor, barber shop, insurance business (except such insurance business as may be owned and operated by Tenant or its subsidiary), real-estate rental and sales business, medical office or center, dental office, restaurant (Tenant to have the right to operate a snack bar), or grocery and meat business." *See* Article 1 of Lease.  Because the Property is located in a shopping center, Sears cannot assume and assign the Lease without it being subject to the use conditions contained within the Lease and set forth above. *See* 11 U.S.C. § 365(b)(3)(C) (stating "that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as . . . use").

## JOINDER

20. To the extent consistent with the objections expressed herein, Crossroads also joins in the objections of other shopping center lessors to the Debtors' proposed relief.

## RESERVATION OF RIGHTS

21. This Objection is without prejudice to other and additional cure claim amounts that (a) may exist and/or may become known at a future date and (b) will accrue on an ongoing basis between the filing of this Objection and any subsequent assumption of the Lease. Crossroads reserves its right to amend or supplement this Objection and to contest the assumption, assignment, or rejection of the Lease on any basis other than the proposed cure amount, including on the basis that the Lease cannot be assigned free and clear of certain conditions and covenants set forth in

the Lease, including certain use limitations contained within the Lease. Crossroads further reserves the right to file a motion for a administrative expense claim under 11 U.S.C. 503(b) of the Bankruptcy Code.

WHEREFORE, Crossroads Mall, LLC, respectfully requests that this Court enter an Order: (a) conditioning any assumption and assignment of the Lease upon the payment of the $1,354,110.00 cure amount described herein, plus an amount to be determined relating to the most recent damages to the glass on a door; (b) conditioning any assignment of the Lease upon certain use limitations, as described herein, running with the land; and (c) granting such other and further relief as this Court deems equitable and proper.

Dated this 2nd day of May, 2019.

Respectfully submitted,

By: */s/ Edward L. Schnitzer*
Edward L. Schnitzer

**CKR Law LLP**
1330 Avenue of the Americas, 14th Floor
New York, New York 10019
T: +1 (212) 259-7307
F: +1 (212) 259-8200
E: eschnitzer@ckrlaw.com
W: www.ckrlaw.com

and

Brian Koenig
**Koley Jessen P.C., L.L.O.**
1125 South 103 Street
Suite 800
Omaha, NE 68124
T: 402.390.9500
E: Brian.Koenig@koleyjessen.com
W: www.koleyjessen.com

*Attorneys for Crossroads Mall, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2019, I electronically filed the foregoing with the Clerk of the Bankruptcy Court which sent notification of such filing to all CM/ECF system participants, including the following Objection Recipients, which also were sent the foregoing:

**VIA EMAIL:**

I. Bid Notice Parties
    a. Debtors
        Rob Riecker: rob.riecker@searshc.com
        Luke Valentino: luke.valentino@searshc.com
        Mohsin Meghji: mmeghji@miiipartners.com
        General Counsel: counsel@searshc.com
    b. Debtors' counsel
        Ray Schrock, Esq.: ray.schrock@weil,com
        Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
        Garrett A. Fail, Esq.: garrett.fail@weil.com
        Sunny Singh, Esq.: sunny.singh@weil.corn
        Ellen J. Odoner, Esq.: Ellen.Odoner@weil.com
        Gavin Westerman, Esq.: Gavin.Westerman@weil.com
    c. Debtors' investment banker:
        Brandon Aebersold and Levi Quaintance: project.blue.rx@lazard.com
II. Buyer Parties
    a. Buyer
        Kunal S. Kamlani: kunal@eslinvest.com
        Harold Talisman: harold@eslinvest.com
    b. Counsel
        Christopher E. Austin, Esq.: caustin@cgsh.com
        Benet J. O'Reilly, Esq.: boreilly@cgsh.com
        Sean A. O'Neal, Esq.: soneal@cgsh.com
III. Consultation Parties
    a. Bank of America
        Paul Leake, Esq.: Paul.Leake@skadden.com
        Shana Elberg, Esq.: Shana.Eiberg@skadden.com
        George Howard, Esq.: George.Howard@skadden.com
    b. Wells Fargo Bank
        Kevin J. Simard, Esq.: ksimard@choate.com
        Jonathan D. Marshall, Esq.: jmarshall@choate.com

**VIA FIRST CLASS MAIL:**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

s/ *Edward L. Schnitzer*