WASSERMAN, JURISTA & STOLZ, P.C.
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Phone: (973) 467-2700
Fax: (973) 467-8126
Donald W. Clarke
*Attorneys for West Orange Plaza*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In Re:                                                        :    Chapter 11
                                                              :
**SEARS HOLDINGS CORPORATION,** *et al.*                      :    Case No. 18-23538-RDD
                                                              :
                                  Debtors.                    :    (Jointly Administered)
------------------------------------------------------------x

**SUPPLEMENT TO OBJECTION BY WEST ORANGE PLAZA [DOC 3378]**
**(STORE NO. 9413)**

*West Orange Plaza* ("WOP"), creditor and landlord of the above-captioned debtors ("Debtors"), by and through its attorneys, Wasserman, Jurista & Stolz, PC, provides this supplement to its objection to the designation of its lease [Doc 3378], and sets forth as follows:

1.  WOP is the owner of certain real property on which Store No. 9413 is located. The Debtors operate Store No. 9413 pursuant to the terms of that certain lease, dated April 23, 1981, and as same has been amended (the "Lease").

2.  The *NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES* (the "Designation Notice") [Doc 3298] does not identify which "Restrictive Covenants" will be vitiated by the "free and clear" assumption and assignment.

3.  This failure to provide any specificity raises the concern that the Assignee intends to violate provisions within the Lease (which is a "shopping center lease") which clearly are protected by sections 365(b) and (f). Indeed, the only detail provided seems to except from the "free and

clear" language only those restrictions which "run with the land." That is not the extent of the protections afforded a landlord by sections 365(b) and (f).

4. Moreover, it has come to WOP's attention that certain other non-monetary defaults are in existence including, but not limited to, contractor or other professional liens against the property.

5. WOP expressly reserves its rights to supplement, modify or amend this objection until such time as a final order is entered approving the assumption and assignment of, and cure amounts with respect to, the Lease. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action, and defenses that WOP has asserted, or may assert, with respect any proofs of claim against the Debtors. WOP also expressly reserves all of its rights to seek to compel the assumption or rejection of the Lease. In addition, nothing set forth herein shall constitute a waiver or discharge of any and all of WOP's rights under the Lease. Moreover, nothing set forth in this objection shall be construed as a waiver, release, discharge or disallowance of any and all administrative claims of WOP against any and all of the Debtors arising from, or in connection with, *inter alia*, any post-petition amounts due and owing to WOP from the Debtors.

6. Based on the foregoing, the Court should deny the Buyer's designation of the Lease: (i) for assignment free and clear of any Restrictive Covenants otherwise protected under sections 365(b) and (f) or applicable law; and (ii) before the Cure Amount is paid in full, and non-monetary cures are resolved.

**WASSERMAN, JURISTA & STOLZ, P.C.**
*Attorney for West Orange Plaza*

_____
DONALD W. CLARKE

Dated: May 2, 2019