McDOWELL, RICE, SMITH & BUCHANAN
Stuart E. Bodker
*Admitted Pro Hac Vice*
605 W. 47th Street, Suite 350
Kansas City, MO 64112
(816) 753-5400 telephone
(816) 753-9996 facsimile
sbodker@mcdowellrice.com

ATTORNEYS FOR NORTH K I-29 2004, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re: SEARS HOLDING CORPORATION, et al.,

       Debtors.

---------------------------------------------------------------x

Chapter 11

Case No. 18-23538 (RDD)

(Jointly Administered)

## SUPPLEMENTAL OBJECTION OF
## NORTH K I-29 2004, LLC TO DEBTOR'S NOTICE OF CURE COST
## AND OBJECTION TO ASSUMPTION AND ASSIGNMENT OF LEASE

  North K I-29 2004, LLC ("Landlord"), by and through its undersigned counsel, hereby submits this Supplemental Objection to the Debtor's Third Supplemental Notice of Cure Costs and Potential Assumptions and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sales Transaction (**Doc. No. 2753**) (**"Third Supplemental Notice of Cure Amount"**) and Transform Holding's Notice of Assumption of Lease, and states the following:

  1.  On March 13, 2019, Landlord timely filed its objection to Debtor's Third Supplemental Notice of Cure Amount ("**Landlord's Initial Objection**") (**Doc. 2810**]. Landlord

reasserts and incorporates herein the Landlord's Initial Objection, except as otherwise stated herein.

2. Sears Holdings Corporation and its affiliated debtors (collectively, the **"Debtors"**) identified Landlord's lease (the "Lease") in Exhibit B in its Third Supplemental Notice of Cure Amount listing Landlord's lease as **Store No. 3239**. Transform Holdco, LLC now asserts that Transform Leaseco, LLC will assume the Lease pursuant to its Notice filed April 19, 2019 [**Doc. 3298**].

3. The situs of the property is Kansas City, Missouri. Based upon documents previously provided prepetition to Landlord (which were attached to its Proof of Claim No. 15970 and which are attached as Exhibit A to the Declaration of Steven E. Caffey dated May 2, 2019 (the "Caffey Decl."); and (ii) recorded documents in Platte County, Missouri, the Tenant under Landlord's Lease is **Troy Coolidge No. 18, LLC** (the "**Tenant**"), not any of the Debtors.[1] Therefore, the Debtors lack a legally recognizable interest in the Lease, and thus the Lease is not property of the Debtors' bankruptcy estates. Therefore, the Debtors cannot assume and assign the Lease to Transform Leaseco, LLC in this bankruptcy case.

4. As identified in Landlord's Initial Objection, the Tenant is in default of its obligations to maintain the premises under the Lease. The Landlord has repeatedly asked the Debtors' business people for access to the premises to inspect the interior of the property and evaluate potential damages to estimate the cost to repair the property. To date, it received no response. See Caffey Decl. at ¶ 7. Since the filing of the Landlord's Initial Objection, the Landlord has inspected the outside of the property and now estimates the cost to cure is

---

[1] Counsel for the Landlord has contacted both counsel for the Debtors and counsel for Transform Holdco, LLC requesting evidence of the basis that the Lease can be assigned through the bankruptcy case. There has been no response to this inquiry.

approximately One Hundred Fifty Thousand Dollars ($150,000.00), plus the cost to repair the inside of the property, rather than the amount stated in the Landlord's Initial Objection.  See Caffey Decl. at ¶ 5.  As a result of Tenant's refusal to respond to the Landlord so it can inspect the property, the Landlord reserves the right to assert a greater cure amount once an inspection is completed.

5. Under the Lease and pursuant to applicable Missouri law, the Tenant is in default of the Lease by reason of its failure to maintain the premises. Such failure constitutes "waste" entitling the Landlord to compensation *and* termination. See Lustig v. UMC Industries, Inc., 637 S.W.2d 55 (Mo. App. 1982),  ("[p]ermissive waste consists of mere neglect or omission to prevent an injury to landlord's reversion or inheritance, such as allowing a structure to deteriorate for lack of repair, permitting a stranger to enter the property or otherwise failing to perform a duty to protect the inheritance.").

6. Tenant is also in default under the Lease for (i) failure to keep the premises in "a neat and clean condition" (¶ 9); (ii) failure to provide proof of insurance (¶ 6); and (iii) failure to pay percentage rent due on or about May 1, 2019 in the minimum about of $30,000 (¶¶ 4, 7 and 36).  See Caffey Decl. at ¶ 8.

7. Moreover, even if the Lease was within the Debtors' bankruptcy estate, it cannot be assumed and assigned without curing the foregoing defaults pursuant to Bankruptcy Code Section 365(b).

8. In addition, the Debtors cannot assume and assign the Lease unless there is adequate assurance of future performance under the Lease.  See 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B).  Although the Bankruptcy Code does not define adequate assurance of future performance in situations involving non-shopping center leases, the focus is still on prejudice to

3

the landlord. In re Martin Paint Stores, 199 B.R. 258, 262 (Bankr. S.D. N.Y. 1996) ("If the trustee is to assume a contract or lease, the courts will have to insure that the trustee's performance under the contract or lease gives *the other contracting party* the full benefit of his bargain") (emphasis in original). "At a minimum, the primary focus of adequate assurance concerns the assignee's ability to fulfill the financial obligations under the lease." *Id.* at 263. Although Transform Holdco provided some general information regarding its ability to perform, Transform Leaseco, LLC, the proposed assignee, has not provided such information which should include at a minimum Transform Leaseco, LLC's current financial condition demonstrating its ability to pay the Lease, operating experience, and information as to future operations.

WHEREFORE, Landlord respectfully requests this Court to deny Debtors' assumption and assignment of the Lease because (i) the Lease is not owned by a Debtor and thus not within the Debtors' bankruptcy estates; (ii) tenant is in default of the Lease and it cannot be assumed and assigned unless said defaults are cured including full payment of the cure cost (including damages to the interior of the property); and (iii) the proposed assignee provides proof of adequate assurance of future performance.

        Respectfully submitted,

        McDOWELL, RICE, SMITH & BUCHANAN


        */s/ Stuart E. Bodker*
        Stuart E. Bodker, MO Bar #29194
        *Admitted Pro Hac Vice*
        605 W. 47th Street, Suite 350
        Kansas City, MO 64112
        (816) 753-5400 telephone
        (816) 753-9996 facsimile
        sbodker@mcdowellrice.com

        ATTORNEYS FOR NORTH K I-29 2004, LLC


**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been served via electronic mail this 2nd day of May, 2019 upon the parties listed below:

Sears Holdings Management Corporation
Attn: Rob Riecker (rob.riecker@searshc.com)
Attn: Luke Valentino (luke.valentino@searshc.com)
Attn: Mohsin Meghji (mmeghji@miiipartners.com)
Attn: General Counsel (counsel@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (Jacqueline.marcus@weil.com)
Attn: Garrett A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Lazard Freres & Co., LLC
Attn: Brandon Aebersold and Levi Quaintance (project.blue.rx@lazard.com)
30 Rockefeller Plaza
New York, NY 10112

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom, LLP
Attn: Paul D. Leake (Paul.Leake@skadden.com)
Attn: Shana A. Elberg (Shana,Elberg@skadden.com)
Attn: George R. Howard (George.Howard@skadden.com)
4 Times Square
New York, NY 10036

Bank of America, N.A.
c/o Berkeley Research Group, LLC
2200 Powell Street, Suite 1200
Emeryville, CA 94608

Wells Fargo Bank, National Association
c/o Choate, Hall & Stewart, LLP
Attn: Kevin J. Simard (ksimard@choate.com)
Attn: Jonathan D. Marshall (jmarshall@choate.com)
Two International Place
Boston, MA 02110

Akin Gump Strauss Hauer & Feld, LLP
Attn: Philip C. Dublin (pdublin@akingump.com)
Attn: Ira S. Dizengoff (idizengoff@akingump.com)
Attn: Abid Qureshi (aqureshi@akingump.com)
Attn: Sara L. Brauner (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attn: Kunal S. Kamlani (kunal@eslinvest.com)
Attn: Harold Talisman (harold@eslinvest.com)
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Cleary Gottlieb Steen & Hamilton, LLP
Attn: Christopher E. Austin (caustin@cgsh.com)
Attn: Benet J. O'Reilly (boreilly@cgsh.com)
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Office of the United States Trustee
Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

                                                */s/ Stuart E. Bodker*