DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Tel: (973) 549-7076
Fax: (973) 360-9831
E-mail: marita.erbeck@dbr.com
Marita S. Erbeck

*Attorneys for Prologis, L.P., KTR Ohio LLC,*
*KTR LV Loan LLC, Distribution Funding II, LLC*
*and ProLogis-A4 CA IV, LP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                  :    Chapter 11
                                           :
**SEARS HOLDINGS CORPORATION,** *et al.*,  :    Case No. 18-23538 (RDD)
                                           :
                                           :    (Jointly Administered)
         Debtors.[1]                       :
---------------------------------------------------------------x

**OBJECTION OF PROLOGIS, L.P., KTR OHIO LLC, KTR LV LOAN LLC,**
**DISTRIBUTION FUNDING II, LLC AND PROLOGIS-A4 CA IV, LP**
**TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF**
**ADDITIONAL DESIGNATABLE LEASES**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Prologis L.P., KTR Ohio LLC, KTR LV Loan LLC, Distribution Funding II, LLC and ProLogis-A4 CA IV, LP (each a "Landlord" and collectively, the "Prologis Entities"), by and through their undersigned counsel, hereby object to the *Notice of Assumption and Assignment of Additional Designatable Leases* [ECF No. 3298] (the "Notice to Assume"). In support of this Objection, the Prologis Entities respectfully represent as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On or about October 15, 2018 (the "Petition Date"), Sears Holdings Corporation and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. The Debtors continue to operate as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On January 24, 2019, the Debtors filed the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF No. 1774] (the "Supplemental Cure Notice"), which identified certain properties owned by the Prologis Entities. On January 31, 2019, the Prologis Entities affected by the Supplemental Cure Notice timely filed the *Objection of Prologis, L.P., KTR LV Loan LLC, and KTR Ohio LLC to Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF No. 2277], which addressed issues identified in the Supplemental Cure Notice and known to the Prologis Entities as of that date.

4. Thereafter, on March 5, 2019, the Debtors filed the *Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF No. 2753] (the "Third

2

Supplemental Cure Notice"). On March 13, 2019, the Prologis Entities affected by the Third Supplemental Cure Notice timely filed the *Objection of KTR Ohio LLC to Third Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF No. 2806], which addressed issues and incorrect cure amounts identified in the Third Supplemental Cure Notice and known to the Prologis Entities as of that date.

5. In both of the prior objections, the Prologis Entities reserved the right to supplement or amend their Objections based upon information subsequently acquired.

6. On April 19, 2019, Transform Holdco LLC, the Buyer pursuant to the Global Sale Transaction, filed the Notice to Assume, which seeks to assume the leases identified on Exhibit 1, and assign the leases to the assignee so identified.

7. The Prologis Entities are each Landlord to certain of the Debtors at the following locations (also identified on Exhibit 1 to the Notice to Assume):

| Debtor Name | Landlord Entity[2] | Property Address | Ex. 1 Line No. | Proposed Cure | Defined Terms |
|---|---|---|---|---|---|
| FBA Holdings Inc. | Prologis/KTR LV Loan LLC | 7370 S Dean Martin Drive, Suite 401, Las Vegas, NV | 367 | $0 | The lease, the "Las Vegas Lease" and the property itself, the "Las Vegas Property" |
| Innovel Solutions, Inc. | Prologis/ ProLogis-A4 CA IV, LP | 2115 Sinclair Avenue, Stockton, CA | 489 | $0 | The lease, the "Stockton Lease" and the property, the "Stockton Property" |
| Innovel Solutions, Inc. | Prologis Industrial Properties II Inc./Distribution Funding II, LLC | 45065 Old Ox Road, Dulles, VA | 520 | $0 | The lease, the "Dulles Lease" and the property itself, the "Dulles Property" |
| Sears, Roebuck and Co. | Prologis, L.P. | 6250 S. 196th Street, Kent, WA | 542 | $0 | The lease, the "Kent Lease" and the property itself, the "Kent Property" |
| Sears, Roebuck and Co. | KTR Ohio LLC | 5765 Green Pointe Drive, Groveport, | 648 | $0 | The lease, the "Ohio Lease" and the property itself, the "Ohio Property" |

---

[2] Where the Landlord entity name in the Notice to Assume and the Landlord entity name in the Landlord's books and records differ, both are listed.

3

118705213.3

| Debtor Name | Landlord Entity | Property Address | Ex. 1 Line No. | Proposed Cure | Defined Terms |
|---|---|---|---|---|---|
| | | OH | | | |
| Innovel Solutions, Inc. | Prologis | 1000 New County Road, Secaucus, NJ | 666 | $0 | The lease, the "New Jersey Lease" and the property itself, the "New Jersey Property" |

8. The Notice to Assume also identifies "TLF (Prologis)" as landlord at the properties described below:

| Debtor Name | Landlord Entity | Property Address | Ex. 1 Line No. | Proposed Cure | Defined Terms |
|---|---|---|---|---|---|
| FBA Holdings Inc. | TLF (Prologis) | 9025 S Kyrene Rd (Suites 101-105), Tempe, AZ 85284 | 370 | $0 | The "Arizona Property" |
| Innovel Solutions, Inc. | TLF (Prologis) | 15427 Ne Airport Way, Portland, OR 97230 | 526 | $0 | The "Portland Property" |

9. None of the Prologis Entities, nor any of their affiliates, own the Arizona Property or the Portland Property.

**OBJECTION AND RESERVATION OF RIGHTS**

10. Section 365(b) of the Bankruptcy Code provides in relevant part:

(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee [or debtor] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee [or debtor] –

(A) cures, or provides adequate assurance that the trustee [or debtor] will promptly cure such default. . . [and]
(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). "Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996) (citations omitted).

11. For the reasons set forth more fully herein, the Prologis Entities (1) object to the Cure Amount identified in the Notice to Assume, (2) object to any attempt to assume the

Las Vegas Lease, as it expired by its own terms prepetition and (3) seek clarification with respect to the Arizona Property and the Portland Property, which are not owned by the Prologis Entities.

A.     The Las Vegas Lease

12.    The Las Vegas Lease expired by its own terms on August 31, 2018. Accordingly, the Las Vegas Lease is no longer subject to assumption or rejection under section 365 of the Bankruptcy Code.  11 U.S.C. § 362(d).  *See also, e.g., Ctys. Contracting & Constr. Co. v. Constitution Life Ins. Co.*, 855 F.2d 1054, 1061 (3d Cir. 1988) ("A contract may not be assumed under § 365 if it has already expired according to its terms."); *Bell v. Alden Owners, Inc.*, 199 B.R. 451, 462 (S.D.N.Y. 1996) ("Once a lease is terminated, however, nothing remains for a debtor to assume under section 365."); *In re Autobahn Classics, Inc.,* 29 B.R. 625, 627 (Bankr. S.D.N.Y. 1983) (same).

13.    The Notice to Assume purports to assume and assign the Las Vegas Lease. However, because the Las Vegas Lease terminated prepetition, it cannot be assumed as a matter of law.

14.    Since August 31, 2018, the Debtor-tenant has continued to occupy the Las Vegas Property as a holdover tenant and remain in possession.

15.    As set forth in its January 31, 2019 Objection, the Landlord of the Las Vegas Property is not opposed to entering into a new lease with the Debtors or their assignee for the lease of the Las Vegas Property, and indeed, those discussions are currently ongoing.  The Prologis Entities are encouraged and hopeful that the parties reach agreement on relevant contract terms.  But the Las Vegas Lease, no longer in effect, cannot be assumed.

B.     The Dulles Lease

16.    Landlord objects to the Notice to Assume because the Cure Amount for the Dulles Lease reflected therein is incorrect. As of the date of this filing, April 2019 Rent as defined by the Dulles Lease in the amount of $33,737.17 remains unpaid.

17.    Accordingly, cure for the Dulles Lease must be in the amount of no less than $33,737.17.

C.     The Ohio Lease

18.    Landlord objects to the Notice to Assume because the Cure Amount for the Ohio Lease reflected therein is incorrect. Based upon Landlord's books and records, and net of credits owed to the individual Debtor-tenant under the Lease, the amount owed to Landlord as of the Petition Date is $31,452.00.

19.    In addition, as of the date of this filing, the Debtor-tenant has paid less than the full amount of monthly Rent due and owing under the Ohio Lease for the months of January through April 2019.

20.    Accordingly, net of credits owed to the individual Debtor-tenant under the lease, cure for the Ohio Property must be in the amount of no less than $85,034.33. To the extent that the Debtor-tenant continues to "short-pay" the monthly rent for May 2019 and beyond, this cure should be updated accordingly.

D.     The New Jersey Lease

21.    Landlord objects to the Notice to Assume because the Cure Amount for the New Jersey Lease reflected therein is incorrect. Based upon the Landlord's books and records, for the months of January through April 2019, the Debtor-tenant has paid less than the full amount of monthly Rent due and owing under the New Jersey Lease.

22.    Accordingly, net of credits owed to the individual Debtor-tenant under the Lease, cure for the New Jersey Property must be in the amount of no less than $8,568.15. To

6

118705213.3

the extent that the Debtor-tenant continues to "short-pay" the monthly rent for May 2019 and beyond, this cure should be updated accordingly.

E.    The Arizona Property and the Portland Property

23.    The Supplemental Cure Notice identifies "TLF (Prologis)" as the landlord of the Arizona Property and Portland Property. As set forth in the January 31, 2019 Objection, none of the Prologis Entities (or any of their affiliates) own either of these properties. Accordingly, the Debtors should correct the Notice to Assume with the correct identity of the landlord for the Arizona Property and the Portland Property.

F.    Adequate Assurance of Future Performance

24.    The Debtors propose to assign each lease of the Prologis Entities to the following assignees:

| Debtor Name | Location | Ex. 1 Line No. | Proposed Assignee |
| --- | --- | --- | --- |
| FBA Holdings Inc. | Las Vegas Property | 367 | Transform Monark Properties LLC |
| Innovel Solutions, Inc. | Stockton Property | 489 | Transform Innovel Properties LLC |
| Innovel Solutions, Inc. | Dulles Property | 520 | Transform Innovel Properties LLC |
| Sears, Roebuck and Co. | Kent Property | 542 | Transform Distribution Center Holdco LLC |
| Sears, Roebuck and Co. | Ohio Property | 648 | Transform Distribution Center Holdco LLC |
| Innovel Solutions, Inc. | New Jersey Property | 666 | Transform Innovel Properties LLC |

25.    The Prologis Entities have been provided no information by the Debtors, the Buyer or any of the proposed assignees that would constitute adequate assurance of future performance, including but not limited to its corporate relationship to the Buyer and/or the assignee's financial condition and financial wherewithal to satisfy the obligations of each lease. Further, there has been no demonstration that the individual assignee's financial condition and operating performance is similar to that of each Debtor at the time it became the tenant under each lease, as is required by section 365(b)(3)(A) of the Bankruptcy Code.

7

## RESERVATION OF RIGHTS

26. The Prologis Entities reserve the right to supplement or amend this Objection based upon information acquired by Prologis subsequent to its filing. Prologis also reserves the right to object to adequate assurance information when such information is made available, to exercise all available remedies under the Lease to obtain possession of the Premises (subject to any applicable procedural limitations imposed by the Bankruptcy Code and Rules), and to assert claims against the Debtors (including, but not limited to, administrative expense claims under sections 365(d)(3) and/or 503(b) of the Bankruptcy Code) at the appropriate time.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Prologis Entities respectfully request that the Court enter an order consistent with this Objection and grant such other and further relief as is just and equitable.

Dated: Florham Park, New Jersey
May 2, 2019

Respectfully submitted,

By: /s/ Marita S. Erbeck
Marita S. Erbeck
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Tel: (973) 549-7000
Fax: (973) 360-9831
marita.erbeck@dbr.com

*Attorneys for Prologis, L.P., KTR Ohio LLC,*
*KTR LV Loan LLC, Distribution Funding II, LLC*
*and ProLogis-A4 CA IV, LP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 2, 2019, a true and correct copy of the foregoing *Objection of Prologis, L.P., KTR Ohio LLC, KTR LV Loan LLC, Distribution Funding II, LLC and ProLogis-A4 CA IV, LP to Notice of Assumption and Assignment of Additional Designatable Leases* was served (i) electronically on those parties registered to receive electronic notice via the Court's CM/ECF system in these cases and (ii) via the means indicated on the following parties:

Sears Holdings Corporation
3333 Beverly Road
Hoffman Estates, Illinois 60179
Attn: Rob Riecker, Luke J. Valentino
E-mail: rob.riecker@searshc.com;
luke.valentino@searshc.com;

**VIA E-MAIL**

Office of the United States Trustee
for Region 2
201 Varick Street, Suite 1006
New York, New York 10014
Attn: Paul Schwartzberg, Esq.

**VIA FIRST CLASS U.S. MAIL**

*/s/ Marita S. Erbeck*
Marita S. Erbeck