FRIED, FRANK, HARRIS, SHRIVER
  &amp; JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000
Brad Eric Scheler, Esq.
Jennifer L. Rodburg, Esq.

*Attorneys for Vornado Realty L.P.,*
*770 Broadway Owner LLC and*
*One Penn Plaza LLC, as Landlord*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
: 
*In re:* : Chapter 11
: 
SEARS HOLDINGS CORPORATION, *et al.,* : 
: Case No. 18-23538 (RDD)
: 
: (Jointly Administered)
: 
Debtors. : 
: 
: 
---------------------------------------------------------------- x

**SUPPLEMENTAL OBJECTION OF VORNADO REALTY L.P. AND CERTAIN
OF ITS WHOLLY-OWNED AND CONTROLLED SUBSIDIARIES, AS
LANDLORD, TO TRANSFORM HOLDCO LLC'S NOTICE OF ASSUMPTION
AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

Vornado Realty L.P., and its wholly-owned and controlled subsidiaries, 770 Broadway Owner LLC and One Penn Plaza LLC ("Landlord"), by and through its counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, hereby submits this supplemental limited objection ("Supplemental Objection") to Transform Holdco LLC's Notice of Assumption and Assignment

1

of Additional Designatable Leases [Docket No. 3298] (the "Designation Notice")[1], and respectfully represents as follows:

## BACKGROUND

1.      On October 15, 2018 (the "Petition Date"), Sears Holding Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On January 18, 2019, the Debtors filed the Initial Notice which listed all of the contracts and leases that potentially could be assumed by the Debtors and assigned to the Buyer in connection with the Global Sale Transaction, including two of the Landlord's leases, the 770 Broadway Lease (as defined below) and the One Penn Plaza Lease (as defined below). The Initial Notice listed the Debtors' calculation of the pre-petition cure amounts with respect to certain of those contracts and leases. With respect to Landlord, the Initial Notice stated that the proposed cure cost for the 770 Broadway Lease was $9,557 and the One Penn Plaza Lease was $3,558 (the "Proposed Cure Costs").

3.      On January 28, 2019, Landlord filed an objection to the Initial Notice asserting, among other things, that the Debtors' Proposed Cure Costs were incorrect and understated the amounts due and owing to Landlord under the leases [Docket No. 2109] (the "Initial Objection").

4.      On February 8, 2019, the Bankruptcy Court entered the Sale Order. In accordance

---

[1] Capitalized terms used but not defined herein shall the respective meanings ascribed to such terms in the Designation Notice.

2

with the Sale Order, as well as the Extension Notice, Buyer may designate Additional Assigned Agreements though May 3, 2019.

5. On April 19, 2019, Buyer filed the Designation Notice which, among other things, designated for assumption and assignment to an affiliated entity of Buyer two of the Landlords' leases, which are as follows: (1) that certain lease agreement between Kmart Corporation and 770 Broadway Owner LLC, as successor landlord, dated August 3, 1995 (as amended, together with any and all other agreements affecting the subject premises) (the "770 Broadway Lease"), 770 Broadway Owner LLC leases for certain non-residential real property for the premises located at 770 Broadway, New York, NY 10003 (Store Number 7777 in the Designation Notice), and (2) that certain lease agreement between Kmart Corporation and One Penn Plaza LLC, as successor landlord, dated November 23, 1994 (as amended, together with any and all other agreements affecting the subject premises) (the "One Penn Plaza Lease", together with the 770 Broadway Lease, the "Leases" and each, a "Lease"), One Penn Plaza LLC leases for certain non-residential real property for the premises located at 250 W 34th Street, New York, NY 10119 (Store Number 7749 in the Designation Notice).

6. According to the Designation Notice, the Objection Deadline to file and serve a Supplemental Cure Objection is 11:30 a.m. (ET) on May 3, 2019.

7. Landlord has been in discussions with a representative of the Debtors in an effort to resolve the disputed amounts, but the parties have not reached an agreement at this time. While Landlord intends to continue such discussions with the Debtors in an effort to reach a resolution, Landlord files this Supplemental Objection to assert and preserve all rights and remedies it has under the Leases and under the Bankruptcy Code.

**OBJECTION**

### (I) The Proposed Cure Costs are Incorrect and Landlord is Entitled to the Actual Cure Costs due under each Lease

8.      As asserted in the Initial Objection, Landlord continues to object to the Debtors' Proposed Cure Costs as incorrect, woefully understated and incomplete. Subsequent to the filing of the Initial Objection, additional amounts have become due and owing under the Leases and against the subject properties which were not set forth in the Initial Objection. Accordingly, Landlord hereby amends and supplements its Initial Objection consistent with the amounts set forth herein.

9.      Attached hereto as Exhibit A is a schedule of outstanding amounts that must be cured prior to any assumption and assignment of the 770 Broadway Lease which, in the aggregate, are at least $1,919,751.00. Attached hereto as Exhibit B is a schedule of outstanding amounts that must be cured prior to any assumption and assignment of the One Penn Plaza Lease which, in the aggregate, are at least $1,234,565.00. The amounts reflected in Exhibit A and Exhibit B (collectively, the "Actual Cure Costs") reflect both pre-petition and post-petition amounts due and owing under the Leases.

10.     With respect to the 770 Broadway Lease, as compared to the amounts set forth in the Initial Objection, the revised Exhibit A includes: first, an additional $306,790.00 which has accrued under the 770 Broadway Lease since the filing of the Initial Objection, and such post-petition amount has not been paid and is due and owing to Landlord. This amount represents charges including, but not limited to, (i) real estate taxes, (ii) base rent, (iii) miscellaneous expenses and (iv) attorneys' fees[2]. Second, Landlord received a summons on September 1, 2017 as a result

---

[2] As set forth in the Initial Objection, and pursuant to section 23(F) of the 770 Broadway Lease, the Debtors are required to reimburse Landlord for attorneys' fees incurred in connection with, among other things, enforcing the terms of the lease.

4

of Kmart Corporation's cooling tower and water safety plan located at 770 Broadway having found to be in violation of certain city and state laws (the "Summons"). Kmart Corporation failed to rectify the violations asserted in the Summons, and the current amount due and owing to cure the violations is $8,000. Attached hereto as Exhibit C is a copy of the Summons and a demand for payment for which the Debtors are required to pay under the 770 Broadway Lease. Third, J.T. Magen & Company Inc. ("JT Magen") filed a proof of claim on January 14, 2019 against Sears Holdings Management Corporation in the amount of $297,334.09, which is identified as claim number 7664 (the "Claim"). JT Magen performed certain construction and renovation services on the Debtors' property located at 770 Broadway, New York, NY, and the Claim represents the outstanding amount owed to JT Magen as a result of such services. Landlord understands that but for the automatic stay being in place against the Debtors, JT Magen would have filed a lien against the subject property on account of the Claim. However, Landlord also understands that JT Magen is preserving its right to file a lien against the subject premises during the pending assumption and assignment of the 770 Broadway Lease. Pursuant to the terms of the 770 Broadway Lease, the Debtors are responsible for payment of such costs and for curing any defaults under the lease associated therewith, including remedying any violations and clearing any liens.

11.     With respect to the One Penn Plaza Lease, as compared to the amounts set forth in the Initial Objection, the revised Exhibit B includes: first, an additional $87,143.00 which has accrued under the One Penn Plaza Lease since the filing of the Initial Objection, and such post-petition amount has not been paid and is due and owing to Landlord. This amount represents charges including, but not limited to, (i) real estate taxes, (ii) base rent, (iii) miscellaneous expenses

and (iv) attorneys' fees[3]. Second, six different violations were issued against the subject property, and the total amount due and owing to cure these violations is $6,400. Attached hereto as <u>Exhibit D</u> are copies of the six violations issued against the property; the Debtors are responsible for paying such amounts under the One Penn Plaza Lease and curing any and all defaults under the lease associated therewith, including remedying all violations.

12.   Additional supporting documentation evidencing the Actual Cure Costs for the 770 Broadway Lease and the One Penn Plaza Lease will be provided to Debtors' counsel and Buyers' counsel upon request.

13.   For the foregoing reasons, Landlord objects to the Proposed Cure Costs and requests that the Debtors and/or Buyer modify the Proposed Cure Costs in respect of each Lease to reflect the Actual Cure Costs, including both pre-petition and post-petition amounts due and any and all additional amounts due under each Lease on account of interest, costs, expenses or fees. Landlord reserves the right to amend this Supplemental Objection or assert additional objections in order to reflect any additional amounts that are outstanding or become outstanding under any of the Leases, prior to the assumption and assignment of any Lease, including any and all additional post-petition administrative expenses that accrue, but remain unpaid, prior to the assumption and assignment of any Lease.

14.   Further, Landlord objects to the proposed assumption and assignment of the Leases to the extent Buyer or its affiliates do not affirmatively assume *all* obligations under the Leases. The Actual Cure Costs include all known monetary obligations that are due and owing under the Leases. However, there may also be unknown, contingent or unliquidated monetary obligations

---

[3] As set forth in the Initial Objection, and pursuant to section 16.01 of the One Penn Plaza Lease, the Debtors are required to reimburse Landlord for attorneys' fees incurred in connection with, among other things, enforcing the terms of the lease.

that arose prior to or after the filing of this Supplemental Obligation (the "Unknown Obligations"). All such Unknown Obligations must be assumed by Buyer or its affiliates in connection with the contemplated assumption and assignment. The Leases also contain certain non-monetary obligations, including but not limited to, insurance, contributions and indemnification obligations. If Buyer or its affiliates seek to take assignment of the Leases, then Buyer or its affiliates must take the Leases in their entirety, i.e., with all existing insurance, contribution and indemnification obligations and all Unknown Obligations, among others. See In re New York Skyline, Inc., 432 B.R. 66, 76 (Bankr. S.D.N.Y. 2010) ("When the debtor assumes the lease or the contract under § 365, it must assume both the benefits and the burdens of the contract. Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party."). Buyer must also cure all non-monetary defaults, including relating to the curing of the violations and threatened liens described herein.

**(II)    The Debtors Failed to Provide Adequate Assurance of Future Performance**

15.    Pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code, a debtor is required to provide "adequate assurance of future performance" with respect to its leases. The debtor bears the burden of persuasion that the requirements for assumption under section 365 have been met. See In re M. Fine Lumber Co., Inc., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008); In re Embers 86th Street, Inc., 184 B.R. 892, 902 (Bankr. S.D.N.Y. 1995). In assessing adequate assurance of future performance, "the test is not one of guaranty, but simply whether it appears that the rent will be paid and other obligations met." In re Embers, 184 B.R. at 902 (citing In re THW Enterprises, Inc., 89 B.R. 351, 357 (Bankr. S.D.N.Y. 1988)). In performing this analysis, courts "look for evidence of profitability…a plan that would earmark money exclusively for the landlord…or the willingness of debtor or debtor's assignee to fund the cure payments." In re

Embers, 184 B.R. at 902.

16. At this time, the Debtors and/or Buyer have failed under sections 365(b)(1)(C) and 365(f)(2) of the Bankruptcy Code to provide Landlord with "adequate assurance of future performance" under the Leases. Therefore, Landlord objects to any proposed assumption and assignment of the Leases until the Debtor and/or Buyer satisfies its obligations under the Bankruptcy Code, and delivers to Landlord, evidence of adequate assurance of future performance, in a form and manner reasonably satisfactory to Landlord.

17. Landlord acknowledges that, at some point subsequent to the filing of this Supplemental Objection, the Debtors may provide evidence of adequate assurance of future performance under the Leases in order to satisfy its obligations under sections 365(b)(1)(C) and 365(f)(2) of the Bankruptcy Code. Accordingly, Landlord further reserves its right to object to the form and manner of any adequate assurance of future performance that the Debtors and/or Buyer may deliver in connection with the proposed assumption and assignment of the Leases.

## RESERVATION OF RIGHTS AND JOINDER

18. Except as expressly set forth herein, this Supplemental Objection shall not, by implication or otherwise, alter, modify, amend or in any way affect any of the terms, amounts or arguments contained in the Initial Objection, all of which are ratified and affirmed in all respects and shall continue in full force and effect.

19. Landlord reserves its right to supplement this Supplemental Objection and make such other and further objections as it deems necessary and appropriate. Landlord also reserves all rights to object to any proposed assumption and assignment of the Leases on any ground.

20. Further, Landlord joins in the objections filed by Debtors' other landlords to the extent such objections are not inconsistent with the relief requested in this Supplemental Objection.

**WHEREFORE**, Landlord enters this Supplemental Objection to the Designation Notice and requests that the Bankruptcy Court enter an Order for such relief as the Bankruptcy Court deems just and proper.

Dated:  New York, New York
        May 2, 2019

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By:  /s/  Jennifer L. Rodburg

One New York Plaza
New York, New York 10004
Telephone:  212.859.8000
Facsimile:   212.859.4000

*Attorneys for Vornado Realty L.P.,*
*770 Broadway Owner LLC and*
*One Penn Plaza LLC, as Landlord*