Holland & Knight LLP
Barbra R. Parlin, Esq.
31 West 52nd Street
New York, New York 10019
Telephone No.:  (212) 513-3200
Facsimile No.:  (212) 385-9010
*Attorneys for Fringe Area (II), S.E.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*[1] | Case No. 18-23538 (RDD) |
| Debtors. | Jointly Administered |

### SUPPLEMENTAL OBJECTION OF FRINGE AREA (II), S.E.
### TO DEBTORS' STATED CURE AMOUNT

Landlord, Fringe Area (II), S.E. ("Landlord"), through its counsel, hereby files

this supplemental objection ("Supplemental Objection") to the cure amounts set forth in

the *Notice of Cure Costs and Potential Assumption and Assignment of Executory*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe oration (4816).

*Contracts and Unexpired Leases in Connection With Global Sale Transaction* [ECF No. 1731] ("Cure Notice") and the *Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Global Sale Transaction* [ECF No. 1774] ("Supplemental Cure Notice"); and *Notice of Assumption and Assignment of Additional Designatable Leases* [ECF No. 3298] ("Cure Designation Notice"). In support of this Supplemental Objection, Landlord respectfully states::

1.     On October 15, 2018 ("Petition Date"), the above captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2.     The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.     Landlord is a party to an unexpired lease of nonresidential real property with the Debtors ("Lease") identified on the: (1) Assumption and Assignment Notice as Store No. 7783 – Contract K7783-A.  A true and correct copy of the Lease is attached as Exhibit A to the Initial Cure Objection (defined below) that was filed.

4.      On January 18, 2019, Debtors filed their *Notice of Successful Bidder and Sale Hearing* ("Successful Bid") [ECF No. 1730] naming the Buyer the winning bidder for the Global Assets (as defined in the Bidding Procedures Order) ("Proposed Global Asset Sale").

5.     On January 18, 2019, Debtors filed the Cure Notice [ECF No. 1731].

6.     On January 23, 2019, Debtors filed their Supplemental Cure Notice [ECF No. 1774].

7.     The Debtors' Cure Notice and Supplemental Cure Notice reference a proposed cure amount of $0.

8.     On January 25, 2019, Landlord timely and properly filed its *Limited Objection to the Cure Notice and Supplemental Cure Notice* ("Initial Cure Objection") [ECF No. 1927].

9.     On April 19, 2019, Debtors filed their Cure Designation Notice [ECF No. 3298] again listing the Debtors' proposed cure amounts as $0 for Store No. 7783.

## OBJECTION

10.     Landlord does not object to the Debtors' Proposed Cure Amount of $0.00 as set forth in the Cure Designation Notice, but Landlord reserves the right to later object if it needs to include any additional unknown charges that may accrue and as set forth below.

11.     Landlord further objects to the Debtors' proposed cure amount to the extent that it does not take into consideration the passage of time between the filing of the Cure Designation Notice, this Supplemental Objection, and the effective date of any assumption of the Lease by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the Lease must require that the Debtors (i) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption of the Lease; and (ii) cure any additional defaults that may occur under the Lease between the date of this Supplemental Objection and the effective date of any assumption by the Debtors. See 11 U.S.C. § 365(b)(1).

12.     Landlord further objects to the Debtors' proposed cure amount to the extent that it does not include amounts that may become due under the Lease after the

Lease is assumed, but which may relate to the pre-assumption period (i.e., real estate tax and common area maintenance reconciliations). Any order establishing the cure amount in connection with the assumption of the Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease, notwithstanding the Debtors' proposed cure amount.

13.    Landlord further objects in that the Lease provides that the Debtors must indemnify and hold Landlord harmless with respect to any existing claims that may not become known until after the assumption of the Lease (i.e., personal injury claims, damage to the leased premises or shopping center caused by the Debtors or their agents). Any order approving the assumption of the Lease must therefore provide that the assumption is pursuant to the terms of the Lease, and that the Debtors will continue to be responsible for all such indemnification obligations, regardless of when they arose.

14.    Finally, under the Lease, Landlord is entitled to attorneys' fees and costs. These amounts are currently unliquidated because as of the date hereof Landlord cannot be certain whether the Lease will be assumed and when such assumption will occur.  The Cure Amount should therefore also include all of Landlords' attorneys' fees and costs to which it is entitled under the Leases.

## ARGUMENT

15.    Section 365 of the Bankruptcy Code obligates the Debtor to promptly cure all existing defaults before assuming any unexpired lease of non-residential real property. *See* 11 U.S.C. § 365(b)(1)(A) and (B); *Agri Star Meat & Poultry, LLC v. Nevel Props. Corp.* (*In re Nevel Props. Corp.*), 765 F.3d 846, 849 (8th Cir. 2014) (stating that a lease cannot be assumed unless a cure has been effected); *In re Alipat, Inc.*, 36 B.R. 274, 276

(Bankr. E.D. Mo. 1984) ("[I]f there has been a default in an executory contract or unexpired lease, the trustee may not assume such contract or lease unless he or she cures the default, compensates the other party, and provides adequate assurance of future performance…"). The Debtors are therefore required to promptly cure all existing defaults by paying Landlord the Cure Amount immediately upon the assumption of the Leases.

16.    Prior to the Lease actually being assumed, all other amounts that will become due and owing under the Lease, including attorneys' fees also need to be cured to the extent such amounts remain unpaid.

## RESERVATION OF RIGHTS AND JOINDER

17.    Landlord reserves its right to assert any and all other claims against the Debtors arising out of or related to the Lease, including without limitation, claims for (a) the costs of any repair that may be necessary after inspection of the interior of the leased premises; (b) post-petition rent and other charges accruing under the Lease that Landlord has yet to discover; (c) pecuniary losses suffered by Landlord as a result of any defaults by Debtors under the Lease, including, but not limited to, attorneys' fees and costs incurred as a direct result of any further defaults; and (d) non-monetary defaults of which Landlord does not have knowledge at this time. Landlord reserves all rights to object to any proposed assignee of the Lease on any basis, to the extent the Debtors seek to assign the Lease, as well as any other rights it now has or may have under applicable law with respect to this matter including but not limited to any rights under Section 365 of the Bankruptcy Code. To the extent not inconsistent herewith, Landlord hereby joins in the objections raised by other landlords.

WHEREFORE, Landlord respectfully requests the Court sustain this Supplemental Objection to the Debtors' Stated Cure Amounts, and for such other relief as the Court may deem proper and just.

Dated: May 2, 2019.                          HOLLAND & KNIGHT LLP

                                             /s/ *Barbra R. Parlin*
                                             Barbra R. Parlin, Esq.
                                             31 West 52nd Street
                                             New York, NY 10019
                                             Telephone: (212) 513-3200
                                             Facsimile: (212) 385-9010

                                             *-and-*

                                             Jose A. Casal, Esq.
                                             Joaquin J. Alemany, Esq.
                                             HOLLAND & KNIGHT LLP
                                             701 Brickell Avenue, Suite 3300
                                             Miami, Florida 33131
                                             Telephone: (305) 789-7763
                                             Facsimile:  (305) 789-7799
                                             Email: jose.casal@hklaw.com
                                                        joaquin.alemany@hklaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 2, 2019, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications to all parties and counsel of record, served electronically by email, and/or via first class mail, postage prepaid upon all of those identified on the Master Service List as of May 2, 2019, including but not limited to the below listed parties, and in accordance with: (i) this Court's Amended Order Implementing Certain Notice and Case Management Procedures entered on November 1, 2018 [ECF No. 405]; and (ii) the Supplemental Notice of Assumption and Assignment [ECF No. 1774] and the service requirements established thereby.

## <u>VIA EMAIL</u>

I. Bid Notice Parties
    a. Debtors
        Rob Riecker: rob.riecker@searshc.com
        Luke Valentino: luke.valentino@searshc.com
        Mohsin Meghji: mmeghji@miiipartners.com
        General Counsel: counsel@searshc.com

    b. Debtors' counsel
        Ray Schrock, Esq.: ray.schrock@weil.com
        Jacqueline Marcus, Esq.: jacqueline.marcus@weil.com
        Garrett A. Fail, Esq. garrett.fail@weil.com
        Sunny Singh, Esq. sunny.singh@weil.com
        Ellen J. Odoner, Esq. Ellen.Odoner@weil.com
        Gavin Westerman, Esq. Gavin.Westerman@weil.com

    c. Debtors' investment banker:
        Brandon Aebersold and Levi Quaintance: project.blue.rx@lazard.corn

II. Buyer Parties
    a. Buyer
        Kunal S. Kamlani: kunal@eslinvest.com
        Harold Talisman: harold@eslinvest.com

    b. Counsel
        Christopher E. Austin, Esq.: caustin@cgsh.com
        Benet J. O'Reilly, Esq.: boreilly@cgsh.com
        Sean A. O'Neal, Esq.: soneal@cgsh.com

III. Consultation Parties
    a. Bank of America
        Paul Leake, Esq.: Paul.Leake@skadden.com
        Shana Elberg, Esq.: Shana.Eiberg@skadden.com
        George Howard, Esq.: George.Howard@skadden.com

    b. Wells Fargo Bank
        Kevin J. Simard, Esq.: ksimard@choate.com
        Jonathan D. Marshall, Esq.: jmarshall@choate.com

    c. Committee
        Ira S. Dizengoff, Esq. : idizengoff@akingump.com
        Philip C. Dublin, Esq.: pdublin@akingump.com
        Abid Qureshi, Esq.: aqureshi@akingump.com
        Sara L. Brauner, Esq.: sbrauner@akingump.com

## **VIA FIRST CLASS, OVERNIGHT DELIVERY SERVICE**

Transform Holdco, LLC
c/o ESL Partners, Inc.
Attention: Kunal S. Kamlani and Harold Talisman
1170 Kane Concourse, Suite 200
Bay Harbor Islands, FL 33154

Sears Holdings Corporation
Attn: General Counsel
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attention: Ray C. Schrock, P.C.,
Ellen J. Odoner, Gavin Westerman and Sunny Singh
767 Fifth Avenue
New York, New York 10153

Cleary Gottlieb Steen & Hamilton LLP
Attention: Christopher E. Austin,
Benet J. O'Reilly and Sean A. O'Neal
One Liberty Plaza
New York, NY 10006

By:   /s/ *Barbra R. Parlin*
Barbra R. Parlin, Esq.
31 West 52nd Street
New York, NY 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
Email: barbra.parlin@hklaw.com