**Objection Deadline: May 12, 2019 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                       :
                                                            :    **Chapter 11**
**SEARS HOLDINGS CORPORATION**, *et al.*,                   :
                                                            :    **Case No. 18-23538 (RDD)**
                                                            :
Debtors.[1]                                                 :    **(Jointly Administered)**
------------------------------------------------------------ x

### NOTICE OF REJECTION OF UNEXPIRED
### LEASE OF NONRESIDENTIAL REAL PROPERTY
### AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

PLEASE TAKE NOTICE that, on October 15, 2018 (the "**Commencement Date**"), Sears Holdings Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), each commenced with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

PLEASE TAKE FURTHER NOTICE that, on November 16, 2018, the Bankruptcy Court entered an order granting certain expedited procedures for the rejection of the Debtors' unexpired real property leases and the abandonment of the Debtors' property located at such leased premises (ECF No. 800) (the "**Rejection Procedures Order**"). An electronic copy of the Rejection Procedures Order can be found at https://restructuring.primeclerk.com/sears.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Rejection Procedures Order, the Debtors hereby give notice of their intent to reject the lease set forth on **Annex A** attached hereto (the "**Lease**"), effective as of (unless otherwise ordered by the Court) the later of (i) service and filing of the Rejection Notice and (ii) the date the Debtors have surrendered the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the Landlord, or, if not delivering such keys or codes, providing notice that the landlord may re-let the premises, as such estimated date is set forth on **Annex A** (the "**Rejection Date**").

PLEASE TAKE FURTHER NOTICE that any personal property including inventory, furniture, fixtures, equipment or other materials remaining at the premises subject to the Lease as of the Rejection Date shall be deemed abandoned by the Debtors to the applicable Landlord.

PLEASE TAKE FURTHER NOTICE that with respect to any personal property that is leased to the Debtors by a third party or owned by a third party, such third party shall contact the Debtors and remove or cause to be removed such personal property from the leased premises prior to the Rejection Date. If any such personal property remains on the leased premises after the Rejection Date, the Landlord may dispose of any and all such property as set forth above and without notice or liability to the Debtors or any third party.

PLEASE TAKE FURTHER NOTICE that, any party wishing to object to the Debtors' proposed rejection of the Lease or abandonment of personal property remaining on the leased premises, must file with the Bankruptcy Court and serve a written objection setting forth the legal and factual bases for such objection (an "**Objection**") so that it is actually filed with the Bankruptcy Court and served on the following parties no later than ten (10) calendar days after the date of filing and service of this Rejection Notice (the "**Rejection Objection Deadline**"): (i) the Debtors c/o Sears Holdings Corporation, 3333 Beverly Road, Hoffman Estates, Illinois 60179; (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Sunny Singh, Esq.); (iii) the applicable counterparty to the Lease that is the subject of the Objection; (iv) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Paul Schwartzberg, Esq. and Richard Morrissey, Esq.); (v) counsel for the DIP ABL Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times

Square, New York, New York, 10036 (Attn: Paul D. Leake, Esq., Shana A. Elberg, Esq., and George R. Howard, Esq.); and (vi) counsel to the Official Committee of Unsecured Creditors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Philip C. Dublin, Esq., Ira Dizengoff, Esq., and Sara Lynne Brauner, Esq.).

PLEASE TAKE FURTHER NOTICE that if no Objection is filed and served in compliance with the foregoing, the Debtors may submit to the Bankruptcy Court after the Rejection Objection Deadline a proposed order approving the rejection of the Lease (a "**Rejection Order**"), substantially in the form attached hereto as **Annex B**, and the Bankruptcy Court may enter such order without a hearing.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Rejection Procedures Order, if no Objection is properly filed and served in compliance with the foregoing, the rejection of the Lease shall become effective as of the Rejection Date. The deadline to file a proof of claim to assert any damage claim arising from the rejection of a Lease shall be the later of (i) the deadline to file general unsecured proofs of claim fixed by the Court; and (ii) thirty (30) days after the entry of the Rejection Order.

PLEASE TAKE FURTHER NOTICE that, if an Objection is properly filed and served in compliance with the foregoing, a hearing will be scheduled to consider the Objection. If the Objection is overruled or withdrawn, the effective date of rejection shall be the (i) Rejection Date; (ii) such other date to which the Debtors and the counterparty to the Unresolved Objection have agreed; or (iii) such other date as determined by the Court.

PLEASE TAKE FURTHER NOTICE that a copy of all pleadings filed in these chapter 11 cases, including the motion (ECF No. 24) that sought the relief granted in the Rejection Procedures Order, is available for free at https://restructuring.primeclerk.com/sears or for a fee via PACER at https://ecf.nysb.uscourts.gov.

Dated: May 2, 2019
      New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail
Sunny Singh

Attorneys for Debtors
and Debtors in Possession

## Annex A

### Rejected Lease

| STORE ID NO. | COUNTERPARTY-LANDLORD AND ADDRESS | COUNTERPARTY-SUBTENANT/ASSIGNEE AND ADDRESS | DEBTOR | PROPERTY ADDRESS | ABANDONED PERSONAL PROPERTY | ESTIMATED REJECTION DATE |
|---|---|---|---|---|---|---|
| 30941 | Zeilser Morgan Properties<br>Attn: Susan Sommers<br>30000 Chagrin Suite 100<br>Cleveland, Ohio 44124 | N/A | Kmart Corporation | 3709 East 10Th Street Sioux Falls, 57103 | | 5/2/2019 |

**<u>Annex B</u>**

**Rejection Order**

WEIL:\97021528\1\73217.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                                        :
                                                             :    Chapter 11
SEARS HOLDINGS CORPORATION, *et al.*,                        :
                                                             :    Case No. 18-23538 (RDD)
                                                             :
                          Debtors.[1]                        :    (Jointly Administered)
------------------------------------------------------------ x

ORDER APPROVING THE REJECTION
OF UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY
AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH

Pursuant to and in accordance with the *Order Authorizing Debtors to Establish Procedures for Rejection of Unexpired Leases of Nonresidential Real Property and Abandon Property in Connection Therewith* (ECF No. 800) (the "**Rejection Procedures Order**")[2] entered in the above-captioned chapter 11 cases of Sears Holdings Corporation and its debtor affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice, dated May 2, 2019 (ECF No. [●]) (the "**Rejection**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365).  The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

**Notice**") of their intent to reject that certain unexpired lease identified on **Exhibit 1** hereto (the "**Lease**") and to abandon any property remaining at the leased premises on the Rejection Date of the applicable Lease that the Debtors determine is too difficult to remove or expensive to store, such that the economic benefits of removing or storing such remaining property would by outweighed by the attendant costs in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and a proper exercise of business judgment; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Lease is hereby rejected pursuant to 11 U.S.C. § 365 as set forth herein, effective as of the later of (i) service and filing of the Rejection Notice and (ii) the date the Debtors have surrendered the premises to the Landlord via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the Landlord, or, if not delivering such keys or codes, providing notice that the Landlord may re-let the premises, as such estimated date is set forth on Exhibit 1 (the "**Rejection Date**").

2. Any and all personal property remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned pursuant to 11 U.S.C. § 554 upon the Rejection Date and as contemplated by the Rejection Procedures Order and herein without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances.

3. With respect to any assets abandoned at the Debtors' leased properties, the applicable Landlord or other designee shall be free, notwithstanding the automatic stay, to dispose of such property without liability to any party (including any third parties) and without further notice or order of the Court; and the applicable Landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to such claims.

4. <u>If any affected non-Debtor party (each, a "**Counterparty**") to a Lease asserts a claim against the Debtors arising from the rejection of the Lease, the Counterparty shall submit a proof of claim by the later of (i) the deadline to file general unsecured proofs of claim (the "**Bar Date**") fixed by the Court; and (ii) thirty (30) days after the entry of this Order. If a Counterparty does not timely file a proof of claim in accordance with the terms of this Order, the Counterparty shall forever be barred from asserting a claim arising from the rejection of their Lease, absent further order of this Court to the contrary.</u>

5. Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption, of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

6. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

        7.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

        8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

                                  _____
                                  THE HONORABLE ROBERT D. DRAIN
                                  UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Rejected Lease

WEIL:\97021528\1\73217.0004