**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------x<br>In re:<br><br>SEARS HOLDINGS CORPORATION, et al.<br><br>Debtors<br><br>------------------------------------------------------------x | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**SUPPLEMENTAL OBJECTION TO CURE AND ADEQUATE ASSURANCE INFORMATION BY DEDEAUX INLAND EMPIRE PROPERTIES RE ONTARIO, CA. LEASE (List No. 8729, Lease No. 872900) (SUPPLEMENTING PREVIOUS OBJECTION FILED JANUARY 29, 2019, Dkt. 2169)**

Dedeaux Inland Empire Properties ("DIEP"), by its undersigned counsel, submits this supplemental objection in response to the April 19, 2019 "Notice of Assumption and Assignment of Additional Designatable Lease" ("Assumption Notice") (Dkt. 3298) filed by Transform Holdco LLC ("Holdco") and as a supplement to DIEP's January 29, 2019 Objection to Cure and Adequate Assurance Information (Dkt. 2169).

**DIEP's Unexpired Lease**

DIEP is the lessor and Debtor Innovel Solutions, Inc. ("Innovel" or "Sears" or "Debtor") is the lessee of a warehouse located at 5691 Philadelphia Avenue, Ontario, California 91761 (the "Ontario Lease" and "the Ontario Warehouse").  The Ontario Lease is unexpired and runs to June 30, 2024.  A true and correct copy of the Ontario Lease, as amended and extended, was attached as Exhibit A to DIEP's April 10, 2019 proof of claim (POC 17998) and to the declaration of Ashok Aggarwal in support of DIEP's March 28, 2019 motion to compel assumption or rejection of the Ontario Lease (Dkt. 2890-1).

**DIEP is the Lessor, Not Raoul Dedeaux**

Holdco's April 19, 2019 notice incorrectly shows the lessor on the Ontario Lease as "Raoul Dedeaux." Dkt. 3298, p.11. This is wrong. Raoul Dedeaux is a retired officer of DIEP who signed the original Ontario Lease on DIEP's behalf; however, he is not and has never been the lessor and DIEP has always been the lessor.

**The Debtors Are in Default on the Ontario Lease**

Innovel and Sears Holdings designated the Ontario Lease as "Lease No. 347, Contract No. S8729-73-A" in their January 23, 2019 Supplemental Notice of Cure Costs (Dkt. 1774, p.55). Holdco for its part identifies the lease as List No. 8729, Lease No. 872900 (Dkt. 3298, p.11).

Innovel is in post-petition default on the Ontario Lease. DIEP contends it is entitled to administrative priority for those defaults under 11 U.S.C. § 503 and further contends it is entitled to have the lease defaults cured before Innovel can assume and Holdco take an assignment.

The filing of this objection is not a waiver of any of DIEP' rights to seek administrative expense treatment of the current defaults and to seek additional amounts for damages if the Ontario Lease is ultimately rejected.

There are three classes of default on the Ontario Lease:

1. **Failure to Reimburse for Insurance**:

Paragraph 10(a) of the Ontario Lease provides DIEP, as landlord, is to obtain commercial general liability insurance and at-risk property insurance for the Ontario Warehouse site and Innovel shall bear the expense of this insurance (see Exhibit A to Dkt. 2890-1, pp.DART000018-19). Paragraph 10(a) further provides that Innovel shall reimburse DIEP for the insurance premiums within 30 days of DIEP presenting Innovel with receipts showing the premiums were

paid in full.

DIEP has paid the total insurance premium on the Ontario Warehouse for the operating year June 1, 2018 to June 1, 2019.  Innovel was presented with the premium payment receipt totalling $96,968.68 but has only made two, partial payments against it and there remains owing and unpaid by Innovel the balance of $60,200.00 on the annual insurance premium. Despite numerous requests, the Debtors have not paid DIEP the remaining balance required for the insurance premium.

**2.     Failure to Perform or Pay For Required Maintenance:**

Paragraphs 8 and 10 of the Ontario Lease require Innovel as lessee to periodically maintain and upgrade the warehouse facility (see Exhibit A, Dkt. 2890-1, pp. DART000012-16, 18-20).  Under ¶8(b) the lessee is required to maintain overhead doors, dock ramps and levelers. Paragraph 8(g) specifies if a lessee fails to do the door and dock maintenance, DIEP as landlord can perform these items and add them to the lessee's obligations.

Despite repeated requests from DIEP, Innovel has not maintained the overhead doors, dock ramps and levelers and DIEP will therefore be compelled to make the repairs and upgrades. pursuant to the Ontario Lease.  The current estimate of the costs of repairing and correcting the maintenance items on the Ontario Warehouse is approximately $400,000.

**3.     Stormwater Issues:**

Beyond the unpaid insurance premium and the outstanding care, maintenance and upgrade requirements, DIEP has been alerted to problems with the Santa Ana Regional Water Quality Control which has cited the Ontario location for being out of compliance with run-off regulations. [This lack of compliance with the Regional Water Quality Control requirements was

acknowledged by Innovel in its statement of financial affairs DN 1628, p. 45.]   As with the insurance and maintenance issues, compliance with government codes and regulations is a condition of the Ontario Lease.

**Total Cure:**

The total sum due and owing on the defaults on the Ontario Lease is $460,200, which is the sum of the insurance premium balance ($60,200), the estimated maintenance and repairs to the docks and levelers (approximately $400,000) and an unknown amount regarding the storm water problem.

**Holdco's Inadequate Listing of the Cure Amount**

Holdco's notice lists $24,069.49 as its proposed amount of cure (Dkt. 3298, p.11).  As indicated above, this is less than ten percent of the amount required to cure the lease defaults.

**Previous Objection to Proposed Cure**

The Debtors' January 24, 2019 "Supplemental Notice of Cure Costs and Potential Assumption and Assignment" (Dkt. 1774, p. 55) listed $347,340.35 as the cure amount on the Ontario Lease.  DIEP, for its part, filed an objection to both the cure amount proposed in the January 24, 2019 supplemental notice and the lack of adequate assurance information regarding any potential assignees.  See Dkt. 2169.

**The Ontario Lease is Linked to an Expired Contract**

DIEP's associated entity, DART Warehouse Corporation provides services to Innovel at the Ontario Warehouse through a Warehouse Agreement dated July 5, 2009 and which, as amended and extended, expired on January 31, 2019.  Prior to the agreement's expiration, DART filed an objection to Innovel's proposed cure on it (Dkt. 2166).

DART and Sears and Holdco have been discussing a new version of the Warehouse Agreement and Sears and Holdco have advanced a proposal with respect to the Ontario Lease. However, the discussions on the Warehouse Agreement have been very slow and no new agreement has been reached. Likewise with respect to the Ontario Lease, no agreement has been reached on the cure amount or any other lease issue.

Accordingly, the status of the Ontario Lease and of the Warehouse Agreement are not resolved. DIEP stresses these points to avoid confusion and to avoid any possibility either Sears or Holdco may later contend a cure settlement on the Ontario Lease will, *per se,* cure any defaults or revive the expired Warehouse Agreement or create a new one. Likewise, resolution of the Warehouse Agreement alone will not, *per se*, cure the Ontario Lease.

**Conclusion: DIEP Requests a Hearing on the Cure Issue**

On May 1, 2019 Holdco filed a Notice of Hearing on Assumption and Assignment and Cure Notices of Transform Holdco LLC (Dkt 3461), which sets for hearing on May 8, 2019 the cure issues on the above referenced unexpired nonresidential leases and executory contracts. Consistent with that Notice undersigned counsel has contacted Holdco's counsel by telephone as directed in the Notice and by email and requested adjournment of this creditor from that May 8th hearing. Adjournment from the May hearing is requested so that Holdco and the clients of undersigned counsel have an opportunity to continue to discuss and potentially resolve cure issues as herein discussed.

Paragraph 19 of the April 19, 2019 Notice of Assumption (Dkt. 3298), states if the cure dispute between Holdco and the counterparty cannot be negotiated to settlement, the counterparty is entitled to a hearing before the Bankruptcy Court on its objection to the proposed

cure amount. To date, the cure issue is not resolved. Therefore, DIEP prays for the following relief:

1. For an order setting a hearing on its objection to Holdco's proposed cure on the Ontario Lease;

2. For an order declaring that assumption or rejection of the Ontario Lease will not have any effect on the expired Warehouse Agreement between DART and the Debtors and that resolution of the Warehouse Agreement will not, by itself, have any effect on the Ontario Lease; and

3. For such other and further relief as the court deems just and proper.

Dated: May 2, 2019
    San Diego, CA

LAW OFFICE OF WILLIAM P. FENNELL, APLC

By: /s/William P. Fennell
William P. Fennell, Esq.
401 West A Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 325-1560
Facsimile: (619) 325-1558
Email: william.fennell@fennelllaw.com

*Attorneys for Dedeaux Inland Empire Properties*