**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------x<br>In re:<br><br>SEARS HOLDINGS CORPORATION, et al.<br><br>Debtors<br><br>------------------------------------------------------------x | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**SUPPLEMENTAL OBJECTION TO CURE AND ADEQUATE ASSURANCE INFORMATION, AND TO NOTICE OF REJECTION, BY DART INTERNATIONAL RE FLEET TRANSPORTATION AGREEMENT (List. Nos. 1965-1966, Contract Nos. 520768 and 518187) (SUPPLEMENTING JANUARY 29, 2019 OBJECTION DKT. 2170)**

DART International ("DART Intl."), by its undersigned counsel, submits this supplemental objection in response to the April 12, 2019 "Notice of Assumption and Assignment of Additional Designatable Lease" ("Assumption Notice") (Dkt. 3172) filed by Transform Holdco LLC ("Holdco"). As discussed below, DART previously objected in January 2019 with respect to the proposed cures on the fleet transportation agreement between it and debtor Innovel Solutions, Inc. ("Innovel" or "Sears" or "Debtor") (see DART Intl's objection at Dkt. 2170). The instant filing is therefore supplemental and informational and does not obviate DART Intl.'s preservation of its objections through the January 2019 filings.

**DART Intl. believes Debtors Have Made a Mistake in Identifying the DART Intl. Executory Contracts**

**There is no "SC-Dart Warehouse - SOW 2011 Invoicing" agreement between <u>DART Intl.</u> and the Debtors**

As indicated in DART Intl.'s January 29, 2019 Objection, DART Intl. and Innovel are parties to a Fleet Transportation Agreement dated July 13, 2016 which runs to July 13, 2019.

Debtors had identified these contracts as list nos. 1965 and 1966, contract nos. 520768, 518187 in their January 18, 2019 cure notice (Dkt. 1731, p.89).

However, the Debtors' April 12, 2019 Assumption Notice (Dkt. 3172, p. 11) identifies DART Intl. as being the counter-party on a contract identified as "SC-Dart Warehouse - SOW 2011 Invoicing," Contract no. CW2330726, with an expiration date of December 31, 2019.

DART Intl. is not party to a "SOW" aka "Statement of Work" for invoicing with the Debtors and it believes this reference in Dkt. 3172 is to a Master Services Agreement and Statement of Work for the warehouse in Naperville, Il. Those agreements are between Innovel and DART Warehouse Corporation, NOT DART Intl. Debtors have given separate notice of intent to assume the Naperville MSA and SOW (see Dkt. 3298); DART Warehouse filed cure objections with respect to those two agreements in January 2019 (Dkt. 2167, 2168) and DART Warehouse is filing a separate supplemental objection to the Debtors' April 19, 2019 Notice of Assumption on this date.

DART Intl. is not a party to a SOW with the Debtors, so there is no SOW involving DART Intl. for the Debtors to assume and assign.

**Debtors' April 22, 2019 statement of rejection (Dkt. 3311, p. 20) also mis-identifies DART Intl.'s agreements with the Debtors**

The Statement of Rejection lists an amendment to a transportation agreement, contract no. 520768 with an expiration of March 31, 2019 as one of the executory contracts being rejected. However, DART Intl. is not aware of the referenced agreement and, as noted above, it has a fleet transportation agreement with the Debtors which expires July 13, 2019 (not March 31, 2019). DART Intl. is filing this objection in an excess of caution to ensure there is no confusion between the transportation agreement between it and the Debtors, as opposed to the Master

Services Agreement ("MSA") and Statement of Work ("SOW") concerning the Naperville warehouse which are between the Debtors and DART Warehouse Corp.

**Conclusion: DART Intl. Requests an Order Clarifying the Separation Between It and DART Warehouse Corp. and Specifying the Agreements the Debtors are Assuming Versus the Ones Being Rejected.**

As noted above, Debtors appear to have mis-identified the contracts between themselves, on the one hand, and DART Intl. and DART Warehouse on the other hand. DART Intl. is concerned that both its rights and those of DART Warehouse be protected.

THEREFORE, DART Intl. prays for the following relief:

1. For an order requiring the Debtors to correctly identify which contracts they have with DART Intl. and DART Warehouse, respectively, and to specify which contracts are being assumed and which rejected; and

2. For such other and further relief as the court deems just and proper.

Dated: May 2, 2019
San Diego, CA

LAW OFFICE OF WILLIAM P. FENNELL, APLC

By: /s/William P. Fennell
William P. Fennell, Esq.
401 West A Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 325-1560
Facsimile: (619) 325-1558
Email: william.fennell@fennelllaw.com

*Attorneys for DART International*