**SQUIRE PATTON BOGGS (US) LLP**
Norman N. Kinel, Esq.
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
Telephone: (212) 872-9800
Fax: (212) 872-9815
norman.kinel@squirepb.com

*Counsel for KDI Rivergate Mall, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SEARS HOLDINGS CORPORATION,** *et al.*[1] | **Case No. 18-23538 (RDD)** |
| Debtors. | **(Jointly Administered)** |

**KDI RIVERGATE MALL, LLC'S (A) OBJECTION TO NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES, (B) OBJECTION TO PROPOSED CURE AMOUNT, AND (C) RESTRICTIVE COVENANT OBJECTION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

- 2 -

KDI Rivergate Mall, LLC ("Landlord"), by and through its undersigned counsel, hereby objects to the (A) *Notice of Assumption and Assignment of Additional Designatable Leases* [Docket No. 3298] filed by Transform Holdco LLC (the "Buyer") on April 19, 2019 (the "Notice"), (B) Objection to Cure Amounts, and (C) Restrictive Covenant Objection (the "Objection"). In support of the Objection, Landlord respectfully states as follows:

1. Landlord is the owner of certain non-residential real property known as Rivergate Mall, located at 1000 Rivergate Parkway, Goodlettsville, Tennessee 37072, in which Debtors operated a Sears Store (Store No. 1386) pursuant to that certain lease dated December 24, 1986 (as subsequently amended, modified and/or extended, the "Rivergate Lease").

2. The Rivergate Lease is a lease "of real property in a shopping center" for purposes of 11 U.S.C. §365(b)(3).

3. In the schedule attached to the Notice filed by the Buyer on April 19, 2019 (the "Designation Schedule"), the Rivergate Lease is listed among the "Additional Designatable Leases," with the proposed assignee identified as Transform Leasco, LLC, an affiliate of Buyer (the "Proposed Assignee").

4. Buyer's proposed cured amount for Store No. 1386 is listed as $0 (the "Proposed Cure Amount").

5. Landlord objects to the Proposed Cure Amount. On April 9, 2019 Landlord filed a proof of claim in these cases (the "POC"), a copy of which is attached hereto as Exhibit "A." As of the date thereof, the outstanding balance due and owing to Landlord under the Rivergate Lease as an administrative expense claim was $36,105.22. In the POC, Landlord specifically reserved its right to amend, revise and/or supplement its POC.

6.   As of the date hereof, the fixed amount of Landlord's claim is no less than $36,104.22, comprised of:

| | |
|---|---|
| 2018 Year End RE Tax Adjustment: | $26,230.90 |
| CAM (4/1/19) | $9,874.32 |
| Payment (4/29/19) | ($9,875.32) |
| CAM (5/1/19) | $9,874.32 |
| Total: | $36,104.22 |

7.   In addition to the foregoing, additional fees, including attorney's fees and expenses,, continue to accrue under the Rivergate Lease, and other obligations may arise or become known to Landlord prior to the proposed assumption of the Rivergate Lease (collectively and as may be adjusted from time to time, the "Correct Cure Amount").

8.   The items comprising the Correct Cure Amount were not due or billed when Debtor filed its *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* on January 18, 2019 [Docket No. 1731]. Accordingly, at that time no objection to the cure amount was warranted.

9.   Landlord further objects to the Notice insofar as the Proposed Cure Amount does not include amounts that may become due under the Rivergate Lease after it is assumed and assigned, but which may relate to the pre-assumption period (including, but not limited to, year-end common area maintenance reconciliations, year-end adjustments and adjustments for prior year which have not yet been billed or have not yet become due under the terms of the Rivergate Lease (collectively, the "Adjustment Amounts"). Any order establishing a cure amount in connection with the assumption and assignment of the Rivergate Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Rivergate Lease. The Buyer or the Proposed Assignee must be responsible to satisfy the Adjustment

Amounts, if any, when due in accordance with the terms of the Rivergate Lease, regardless of whether such Adjustment Amounts were incurred before or after assumption or assignment of the Rivergate Lease.

8. Paragraph 18 of the Notice provides that Buyer "intends to designate the [Rivergate Lease] for assumption and assignment free and clear" of the Restrictive Covenants (as defined therein), but fails to identify the Restrictive Covenants that the Buyer is seeking to extinguish or diminish. In any event, Landlord objects to the assignment of the Rivergate Lease free and clear of any Restrictive Covenants; any transfer of the Rivergate Lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants. Accordingly, Landlord hereby submits its "Restrictive Covenant Objection" (as defined in the Notice).

9. The Notice further fails to provide any adequate assurance information with respect to the Proposed Assignee, including, but not limited to, (i) where the Proposed Assignee is in the Buyer's organizational structure, (ii) the Proposed Assignee's and Buyer's current financial position, including financial wherewithal and current availability under any credit facilities and/or any other financial resources, and (iii) the Buyer's and the Proposed Assignee's operational experience, resources and capabilities.

10. Accordingly, Landlord hereby objects to the Notice and the proposed assignment of the Rivergate Lease, as neither the Buyer nor the Proposed Assignee have met their burden of demonstrating adequate assurance of future performance as required under Section 365(b)(3) of the Bankruptcy Code.

## RESERVATION OF RIGHTS AND JOINDER

12. Landlord reserves its rights to supplement this Objection and joins in objections filed by other Landlords to the extent not inconsistent with the relief requested herein.

## CONCLUSION

**WHEREFORE**, Landlord respectfully requests that: (a) the proposed assumption and assignment of the Rivergate Lease be denied; (b) any assumption of the Rivergate Lease be conditioned upon payment of a cure amount totaling not less than the Correct Cure Amount as of the date hereof (plus monthly rent and additional interest and sums that may accrue and/or become due under the Lease after the date hereof); (c) the Correct Cure Amount should be allowed (subject to adjustment by Landlord as rent and additional amounts become due and owing); (d) any order approving the assumption and assignment of the Rivergate Lease require payment of the Adjustment Amounts; (e) any order approving the assumption and assignment of the Rivergate Lease be subject to and conditioned upon the Buyer or the Proposed Assignee providing adequate assurance of future performance; (f) any order approving the assumption and assignment of the Rivergate Lease expressly provide that it is subject to, and not free from, all of the Restrictive Covenants of the Rivergate Lease; and (g) the Court grant Landlord such other and further relief as it deems just and proper.

Dated: May 2, 2019

*/s/ Norman N. Kinel*
Norman N. Kinel
SQUIRE PATTON BOGGS (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
Telephone: (212) 407-0130
Fax: (212) 872-9815
norman.kinel@squirepb.com

*Counsel for KDI Rivergate Mall, LLC*