Kurt Ramlo
Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: kr@lnbyb.com

Attorneys for EMA Investments San Diego, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SEARS HOLDINGS CORPORATION**, *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered) |

## Limited Objection of EMA Investments San Diego, LLC to Assignment of Lease

EMA Investments San Diego, LLC ("EMA Investments") objects and responds to the *Notice of Assumption and Assignment of Additional Designatable Leases* (ECF No. 3298, April 19, 2019, the "Designation Notice") filed by Transform Holdco LLC (the "Buyer") as follows: (1) the revised cure amount of $17,850.48 therein fails to account for overdue real

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

estate taxes of $101,266.80 and accruing attorneys' fees, and (2) EMA Investments objects to the alteration of any Restrictive Covenants in the lease to be assigned except as described by the Buyer in accordance with the ¶ 59 of the Sale Order (ECF No. 2507, February 8, 2019) and ¶ 26 of the Assumption and Assignment Order (ECF No. 3008, April 2, 2019).

## BACKGROUND

1. EMA Investments owns the real property formerly occupied by Kmart as tenant under a lease (the "Lease") for Store #4290 in San Diego, California. Kmart closed the store and subleased a portion of the premises to two subtenants. The Debtors (and Buyer) now refer to the location as Store 31882.

2. On April 19, 2019, the Buyer served the Designation Notice on EMA Investments, indicating that (1) the cure amount for Store 31882 had been reduced from $65,262.21 to $17,850.48, (2) the assignee of the Lease would be its affiliate, Transform Leaseco LLC, and (3) the Buyer would seek to have the Lease assigned "free and clear of any interests, covenants, or rights applicable to such real estate leases to the extent the same limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, 'Restrictive Covenants') that are executory and do not run with the land."

3. In accordance with ¶ 59 of the Sale Order and ¶ 26 of the Assumption and Assignment Order, the Buyer provided EMA Investments with the following description of the Restrictive Covenants it seeks to have the Lease assigned free and clear of: "any rights of first refusal, rights of first offer, or similar restrictions contained in your lease that you would attempt to rely on with respect to the assignment of the lease to Transform . . . ." The Buyer's description also included any go-dark provisions of the Lease during the 150-day go-dark period set forth in ¶ 43(x)(iv) of the Sale Order. Collectively, these particular Restrictive Covenants for the Lease as duly described by the Buyer are referred to herein as the "Buyer's Proposed EMA Restrictive Covenants".

# OBJECTION

**A.  The cure amount must include overdue real estate taxes of $101,266.80 and attorneys' fees.**

4. Section 365(b) provides that if there has been a default in an unexpired lease of the Debtor, the debtor in possession may not assume the lease unless, at the time of assumption of the lease, the debtor in possession cures, or provides adequate assurance that the debtor in possession will promptly cure, the default. Cure includes attorneys' fees payable under the unexpired lease. *See Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric*, 127 S. Ct. 1199, 1206 (2007); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 756 (Bankr. S.D.N.Y. 1986).

5. Sears is responsible for paying the real estate taxes for the two parcels that constitute the premises. Under California law, the second installment of taxes for the fiscal year of July 1, 2018 through June 30, 2019 had to be paid by April 10, 2019 to avoid the imposition of a 10% penalty. The records of the taxing agency indicate that the second installment has not been paid and thus the amounts have increased to $63,879.66 and $37,387.14, respectively, for an aggregate total of $101,266.80.

6. These taxes did not become overdue until April 10, 2019, and thus they were not capable of being raised in an objection to the supplemental cure notice served in January. (ECF No. 1774, January 23, 2019).

7. The cure amount must be increased to at least $101,266.80 plus the attorneys' fees incurred in seeking to correct the cure amount and to address other assign-related issues such as insurance and the Buyer's Restrictive Covenant elimination request discussed immediately below.

**B.  The Lease must be assigned in its entirety, although EMA Investments has no objection to the Restrictive Covenants described by the Buyer for temporary unenforceability.**

8. Except as expressly stated in Section 365, assumption and assignment of unexpired lease is of the entire lease and not just some of its provisions. *See N.L.R.B. v. Bildisco*

*& Bildisco*, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere*."); *AGV Prods., Inc. v. Metro-Goldwyn-Mayer, Inc.*, 115 F. Supp. 2d 378, 391 (S.D.N.Y. 2000), *aff'd,* 37 F. App'x 555 (2d Cir. 2002) ("[The debtor] could not have assumed some of the provisions of an agreement and rejected others, because under the law of bankruptcy a contract cannot be assumed in part or rejected in part"); *Pieco, Inc. v. Atlantic Computer Sys. (In re Atlantic Computer Sys.)*, 173 B.R. 844, 849 (S.D.N.Y. 1994) ("[U]nder Section 365 of the [Bankruptcy] Code, a debtor may not 'cherry pick' pieces of contracts it wishes to assume."); *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part . . . The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits.").

9. This rule applies to rights of first refusal and similar restrictions. *See In re IT Grp., Inc., Co.*, 302 B.R. 483, 488 (D. Del. 2003) (failure to recognize right of first refusal in bankruptcy sale context would unjustly "usurp a cognizable property right"); *see also In re E-Z Serve Convenience Stores, Inc.*, 289 B.R. 45, 49 (Bankr. M.D.N.C. 2003) (holding that where lease is assumed, right of first refusal is also assumed and stating that "[w]hen an executory contract or lease is assumed, it must be assumed *cum onere*, with all of its benefits and burdens.").

10. The free-and-clear provisions of Section 363(f), to the extent they are applicable and satisfied, do not relieve the debtor in possession from complying with the requirements of Section 365. *See Cinicola v. Scharffenberger*, 248 F.3d 110, 124 (3d Cir. 2001) ("the sale of an executory contract triggers the protections afforded sales of the bankruptcy estate property but also requires satisfaction of the requirements for assuming and/or assigning the same executory contract").

11. As noted above, ¶ 59 of the Sale Order and ¶ 26 of the Assumption and Assignment Order required the Buyer to provide a description of the Restrictive Covenants sought to be extinguished or otherwise diminished. The Buyer advised EMA Investments that it

4

seeks to diminish the Buyer's Proposed EMA Restrictive Covenants, i.e., two types of provisions with respect to the Lease: (a) any rights of first refusal, rights of first offer, and similar restrictions that would affect the assignment of the Lease to Transform Leaseco LLC, and (b) any go-dark restrictions during the 150-day time period governed by the go-dark provisions of the Sale Order.

12. EMA Investments will not object to the temporary unenforceability of the Buyer's Proposed EMA Restrictive Covenants, as so defined and duly described by the Buyer.

13. To the extent the Debtors or the Buyer seek to assign the Lease free and clear of the Buyer's Proposed EMA Restrictive Covenants for any other time period or to diminish any other provisions of the Lease, EMA Investments objects based on the grounds and law set forth above.

## JOINDER AND RESERVATION OF RIGHTS

14. EMA Investments reserves the right to make other and further objections as may be appropriate if additional notices, documentation, or information is provided. EMA Investments specifically reserves all rights, remedies (including rights of setoff and recoupment), and positions with respect amending or updating any cure amounts (including attorneys' fees) or changes in the proposed Restrictive Covenants with respect to the Lease. EMA Investments joins in any objections filed by the Debtors' other landlords and the official committee of unsecured creditors to the extent not inconsistent with this limited objection.

## CONCLUSION

WHEREFORE, EMA Investments respectfully requests that the Court (i) condition the proposed assumption and assignment of the Lease on (a) the payment of a cure amount that includes overdue real estate taxes of $101,266.80 and attorneys' fees, and (b) assigning the Lease free and clear only of the Buyer's Proposed EMA Restrictive Covenants; (ii) overrule any assignment free and clear of any other Restrictive Covenant; and (iii) grant such relief as the Court deems just and proper.

Dated: Los Angeles, California
May 3, 2019

        **LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

        By: /s/ *Kurt Ramlo*
        Kurt Ramlo
        Levene, Neale, Bender, Yoo & Brill L.L.P.
        10250 Constellation Boulevard, Suite 1700
        Los Angeles, California 90067
        Telephone: (310) 229-1234
        Facsimile: (310) 229-1244
        Email: kr@lnbyb.com

        Attorneys for EMA Investments San Diego, LLC