Benjamin W. Reeves
SNELL & WILMER L.L.P.
One Arizona Center
Phoenix, Arizona 85004-2202
Tel: 602-382-6506

    - and –

Patrick Collins
Darren A. Pascarella
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, New York 11556
Tel:    (516) 227-0700

*Attorneys for Univest-BTC S&R, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| SEARS HOLDINGS CORPORATION, *et al.*, | : Case No. 18-23538 (RDD) |
| | : (Jointly Administered) |
| Debtors. | : |

---------------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF
RIGHTS OF UNIVEST-BTC S&R, LLC TO
ASSUMPTION AND ASSIGNMENT OF LEASE**

Univest-BTC S&R, LLC, a Colorado limited liability company ("Univest") makes this limited objection and reservation of rights to the *Notice of Assumption and Assignment of Additional Designatable Leases* (Doc. 3298) (the "Additional Assumption Notice"). In support of this limited objection, Univest states as follows:

1.    Univest owns, and leases to Sears, Roebuck and Co. ("Debtor"), the real property located at 2050 Southgate Rd., Colorado Springs, CO 80906 (the "Univest Property").

2.    Univest leases the Univest Property to Debtor pursuant to an "Agreement of Lease" dated December 9, 1955, as amended (the "Univest Lease"). A copy of the Univest Lease, with

amendments, is attached as <u>Exhibit 1</u>.

3. On January 18, 2019, the Debtors filed their *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Global Sale Transaction* [ECF No. 1731] (the "Notice of Cure Costs and Potential Assumption and Assignment"). In the Notice of Cure Costs and Potential Assumption and Assignment, the Debtors indicate, at line 7196 of Exhibit "A" that they may seek to assume an unidentified contract with Univest and assign the Lease to Transform Holdco, LLC (the "Buyer") in connection with the Global Asset Sale Transaction. The Notice of Cure Costs and Potential Assumption and Assignment does not indicate a cure amount for the Debtors contract with Univest. The defaults referenced in this Limited Objection had not arisen at the time the Debtors filed their Notice of Cure Costs and Potential Assumption and Assignment.

4. The Additional Assumption Notice identifies the Lease as a lease designated by Buyer for assumption by the Debtor and assignment to Buyer or an affiliate of Buyer. As indicated in the Additional Assumption Notice, Debtor's store on the Univest Property is closed. It has been closed since March 10, 2019.

5. The Additional Assumption Notice provides, in part, that if a party does not object, "then the counterparty shall be forever barred from asserting any objection with regard to the amount to cure any default under the applicable Additional Designatable Lease[.]" *See* Additional Assumption Notice, ¶ 16.

6.  Univest objects to the Additional Assumption Notice, because Debtor is, or will soon become, in default of the Univest Lease. Article XVII of the Univest Lease provides for a default if Debtor ceases operations for more than ninety (90) days. Specifically, the Univest Lease provides as follows:

> In the event that, after completing that building or those buildings which will have the minimum floor area above provided and commencing the operation of its retail store therein, Tenant should cease operation of said store for more than ninety (90) days for any reason except where such cessation of operation is caused by act of God, strikes, accidents, destruction of buildings or serious damage thereto by fire or any casualty, or by war, insurrection or governmental order curtailing the sale of merchandise or operation of said store, then Landlord shall have the right, at Landlord's sole option, to terminate this Lease by giving Tenant Written notice of such termination within a period of One (1) year next following such cessation of the operation of said store…

7.  Since Debtor ceased operations on or about March 10, 2019, Univest will have the right to terminate the Univest Lease on or before June 8, 2019. Any party that assumes the Univest Lease should be aware of this termination right, and take subject to this right.

8.  11 U.S.C. § 365(b)(1)(A) provides, in pertinent part, that a Debtor may not assume a lease unless the Debtor cures. Specifically, the Debtor must cure as follows: "if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph."

9.  Accordingly, Debtor or the assignee must begin operations, or make adequate assurances that operations will begin, as a "Sears" store by no later than June 8, 2019.

10. Paragraph 18 of the Additional Assumption Notice provides that Buyer "intends to designate the [Univest Lease] for assumption and assignment free and clear" of the Restrictive Covenants (as defined therein), but fails to identify the Restrictive Covenants that the Buyer is

3

seeking to extinguish or diminish. In any event, Landlord objects to the assignment of the Univest Lease free and clear of any Restrictive Covenants; any transfer of the Univest Lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants. Accordingly, Univest hereby submits its "Restrictive Covenant Objection" (as defined in the Additional Assumption Notice).

11.  Univest reserves all of its rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Objection, to seek discovery, and to raise additional objections during or prior to any hearing regarding the issues identified in this Objection. Univest joins in objections filed by other landlords to the extent not inconsistent with the relief requested herein.

[CONTINUED ON NEXT PAGE]

WHEREFORE, Univest requests that the Court Order that: (i) Debtor cures any existing breaches of the Univest Lease, (ii) Debtor pays Univest its attorneys' fees and costs in prosecuting this objection to compensate Univest for pecuniary loss arising from Debtor's breaches, (iii) any assignee of the Univest Lease take subject to Univest's termination rights and (iv) any transfer of the Univest Lease must be subject to, and cannot be free and clear of, applicable Restrictive Covenants.

Dated: Uniondale, New York
       May 3, 2019                          FARRELL FRITZ, P.C.

By:    /s/ *Patrick Collins*
       Patrick Collins
       Darren A. Pascarella
       400 RXR Plaza
       Uniondale, New York 11556
       Tel:   (516) 227-0700
       Fax:  (516) 227-0777

            - and –

Benjamin W. Reeves
Snell & Wilmer L.L.P.
One Arizona Center
Phoenix, Arizona 85004-2202
Tel: 602-382-6506

*Attorneys for Univest-BTC S&R, LLC*

FF\8358657.1