Rafael X. Zahralddin-Aravena, Esq. (DE Bar No. 4166) *Admitted pro hac vice*
Shelley A. Kinsella, Esq. (DE Bar No. 4023) *Admitted pro hac vice*
Eric M. Sutty, Esq. (DE Bar No. 4007) *Admitted pro hac vice*
ELLIOTT GREENLEAF, P.C.
1105 N. Market Street, Suite 1700
Wilmington, DE 19801

*Attorneys for McDonald's Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| SEARS HOLDING CORPORATION, *et al.*,[1] | Case No. 18-23538 (RDD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF
RIGHTS OF MCDONALD'S CORPORATION TO NOTICE OF
ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

McDonald's Corporation ("McDonald's"), by and through its attorneys, hereby files this

limited objection and reservation of rights ("Response") to the *Notice of Assumption and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); Bluel.brht.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Koart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

The Debtors also include SRe Holding Corporation, filed as Case No.19-22031 (the "Additional Debtor"). The Additional Debtor filed a motion in its separate chapter 11 case requesting joint administration with the Debtors for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.

*Assignment of Additional Designatable Leases* [Docket No. 3298] (the "Notice of Assumption and Assignment"). In support of this Response, McDonald's states as follows:

## BACKGROUND

1. On October 15, 2018 (the "Petition Date") and continuing thereafter, the above-captioned debtors (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors have continued to operate its business and manage its properties as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. McDonald's and the Debtors are party to multiple executory contracts, easement agreements, and unexpired leases throughout the country.

3. On November 19, 2018, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket No. 816] (the "Global Bidding Procedures Order").[2]

4. In accordance with the Global Bidding Procedures Order, on January 18, 2019, the Debtors filed the *Notice of Successful Bidder and Sale Hearing* (the "Successful Bidder Notice") [Docket No. 1730], which among other things, announced that the Debtors determined that the offer submitted by Transform Holdco, LLC (the "Buyer"), established by ESL Investments, Inc. ("ESL") to acquire all or substantially all of the global assets, was the highest or best offer for the global assets. A copy of the asset purchase agreement between the Debtors and the Buyer (the "APA") was attached to the Successful Bidder Notice as Exhibit B.

5. On January 18, 2019, the Debtors filed the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Global Bidding Procedures Order.

2

*Global Sale Transaction* [Docket No. 1731] (the "First Cure Notice"). Exhibit A to the First Cure Notice lists three (3) contracts with McDonald's (collectively, the "Contracts"). *See* First Cure Notice, Exhibit A, page 205 of 342, nos. 4750, 4751, and 4752. The First Cure Notice indicates that the cure amount for each of the Contracts is $0.00.

6. On January 25, 2018, McDonald's filed a limited objection to the First Cure Notice [Docket No. 1878] (the "Limited Objection"). Thereafter, on February 2, 2019, McDonald's filed a supplement to the Limited Objection [Docket No. 2365] (the "Supplemental Objection").

7. On February 8, 2019, the Court entered the *Order (I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III0 Authorizing the Assumption and Assignment of Certain Executory Contracts, and Leases in Connection Therewith and (IV) Granting Related Relief* [Docket No. 2507] (the "Sale Order").

8. On March 5, 2019, the Debtors filed its Third Cure Notice. Exhibit B to the Third Cure Notice lists one (1) sublease with McDonald's in regards to Store No. 36, located at 23222 W Valencia Blvd, Valencia, CA 91355 (the "Valencia Easement Agreement"). *See* Third Cure Notice, Exhibit B, page 28 of 29, no. 36. The Third Cure Notice indicates that the cure amount for the Valencia Easement Agreement is $0.00.

9. On March 18, 2019, McDonald's filed a limited objection and reservation of rights to the Third Cure Notice [Docket No. 2872] (the "Third Objection").

10. On April 19, 2019, counsel for the Buyer filed the Notice of Assumption and Assignment, which provided, among other things, a list of additional contracts and lease to be assumed in connection with the proposed ESL transactions, including proposed cure amounts for

such contracts and leases. Exhibit 1 to the Notice of Assumption and Assignment lists three (3) subleases with McDonald's (collectively, the "Easement Agreements"). *See* Notice of Assumption and Assignment, Exhibit 1, pages 8-9 of 13, nos. 188, 318, and 319. The Notice of Assumption and Assignment indicates that the cure amount for each of the Easement Agreements is $0.00 (the "Proposed Cure Amount"). *See* **Exhibit A** (excerpt attached in relevant part).

**OBJECTION**

11. McDonald's is currently conducting an estoppel process to determine whether any amounts are owed or whether any obligations are outstanding under the Easement Agreements (the "Estoppel Process"), which is labeled a "sublease" in the Notice of Assumption and Assignment. Upon information and belief, the Estoppel Process may take up to two (2) weeks for completion. As a result, at this juncture, McDonald's is unable to verify the accuracy of the Proposed Cure Amount.

12. Further, while the Notice of Assumption and Assignment identifies the Easement Agreements, the Notice of Assumption and Assignment does not identify McDonald's rights associated with the Easement Agreements. It is unclear whether any potential assumption and assignment with respect to the Easement Agreements remains subject to McDonald's rights under the same. Accordingly, McDonald's files this statement and reservation of rights to preserve its rights and interests under the Easement Agreements, applicable state law, and under the Bankruptcy Code.

13. In addition, to the extent McDonald's is entitled to reimbursement of legal fees or any other fees under the Easement Agreements, the Buyer and/or the Debtor is required to take into account additional cure amounts related to legal fees and other related pecuniary losses

4

suffered by McDonald's resulting from the Buyer's assignment and assumption of the Easement Agreements.

## RESERVATION OF RIGHTS

14. McDonald's has preliminarily identified approximately fifty-one (51) locations in which there is a relationship between McDonald's and the Debtors (the "Locations"). A list of the Locations is attached hereto as **Exhibit B**. To the extent that the Notice of Assumption and Assignment impacts any of the Locations, McDonald's incorporates by reference its Limited Objection, Supplemental Objection, and Third Objection.

15. McDonald's reserves the right to supplement this Response with additional charges, obligations and costs (including attorney's fees and expenses) that may arise under the Easement Agreements prior to the effective date of any assumption of the Easement Agreements. Additionally, McDonald's reserves all of its rights, including without limitation, with respect to all Reserved Lease Issues as defined in the Sale Order. Nothing herein shall be interpreted as consent by McDonald's to the assumption or assignment of the Easement Agreements and defenses to any request by the Debtors and/or the Buyer to assume or assign the Easement Agreements are expressly preserved.

16. Further, under the Sale Order, McDonald's rights are fully reserved with respect to, among other things, all issues relating to the Buyer's, any other assignee's and/or the Debtors' obligations to comply with the terms, conditions, covenants and obligations, whether related to the pre- or post-assignment period. *See* Sale Order ¶ 3. These rights include the right to object to "adequate assurance of future performance and to the payment of all amounts due and owing and performance of all other obligations under a Contract of Lease." *Id*. Similarly, all of McDonald's rights are also expressly preserved for further resolution in accordance with the

*Order (I) Authorizing Assumption and Assignment of Certain Executory Contracts and Leases and (II) Granting Related Relief* [Docket No. 3008] (the "Assumption Order"). *See* Assumption Order ¶¶ 28-29.

17. The Notice of Assumption and Assignment states that there are two proposed assignees in regards to the Easement Agreements: (1) Transform Leaseco LLC and (2) Transform Operating Stores LLC (the "Assignees"). *See* Notice of Assumption and Assignment, Exhibit 1, pages 8-9 of 13, nos. 188, 318, and 319. The Notice of Assumption and Assignment provides no information regarding (i) where the Assignee's sit in the Buyer's organizational structure, (ii) the Assignees' and the Buyer's current financial position, including financial wherewithal and current availability under credit facilities, and any other financial resources, and (iii) the Buyer and the Assignee's operating experience, resources, and capabilities.[3]

18. McDonald's continues to review its records, the APA, the Sale Order, the Assumption Order, and other relevant documents and information that have been filed with the Court. In addition, a number of other agreements, additional pleadings, and information may be filed or disclosed after the filing of this Response. Accordingly, McDonald's expressly reserves the right to further supplement or amend the Response as information becomes available.

WHEREFORE, McDonald's respectfully requests that this Court enter an Order: (1) allowing additional time so that McDonald's may complete its Estoppel Process and assess the accuracy of the Proposed Cure Amount; (2) requiring the Debtors or the Buyer to cure any default under the Easement Agreements if it is assumed and/or assigned; (3) in the event the Buyer does not wish to take an assignment of the Easement Agreements, permitting McDonald's to immediately cease providing the services and performing any obligations pursuant to the

---

[3] Upon information and belief, the Buyer has not provided any information regarding adequate assurance information for the Assignees. Based on the lack of any material detail, McDonald's reserves the right to seek additional adequate assurance information from the Assignees.

Easement Agreements related to the stores and other premises that were sold to the Buyer; and

(4) granting such other and further relief as is just and appropriate.

Date:  May 3, 2019                               **ELLIOTT GREENLEAF, P.C.**

/s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena, Esq.
  (DE Bar No. 4166) *Admitted pro hac vice*
  (NY Bar No. 5344676)
Shelley A. Kinsella, Esq. (DE Bar No. 4023)
  *Admitted pro hac vice*
Eric M. Sutty, Esq. (DE Bar No. 4007)
  *Admitted pro hac vice*
1105 N. Market Street, Suite 1700
Wilmington, DE 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
rxza@elliottgreenleaf.com
sak@elliottgreenleaf.com
ems@elliottgreenleaf.com

*Attorneys for McDonald's Corporation*