# EXHIBIT A

**Benesch**

Michael J. Barrie
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801-1611
Direct Dial: 302.442.7068
Fax: 302.442.7012
mbarrie@beneschlaw.com

October 30, 2018

**VIA FEDEX**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Ray C. Schrock, P.C.
    Garrett A. Fail
    Jacqueline Marcus
    Sunny Singh

    Re:    Hanover Mall

Dear counsel:

This firm represents PREP Hanover Real Estate LLC ("Landlord"). Reference is made to that certain Lease dated October 12, 1973 (which Lease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "Lease") between Landlord and Sears, Roebuck and Co. ("Tenant"). Pursuant to that Lease, Tenant leases space currently containing approximately 125,546 rentable square feet, commonly known to Tenant as Store No. 1243 (the "Leased Premises"), located in the Hanover Mall in Hanover, Massachusetts (the "Shopping Center").

As you know, the Leased Premises includes a Sears Auto Center (the "Auto Center"). Landlord understands that Tenant has, from time to time, dismantled or altered certain vehicle lifts and underground hydraulic storage units in, on, or under the Auto Center. Pursuant to section 25 of the Lease, Tenant is responsible for any and all alterations to the Leased Premises. In order to assess whether such alterations to the Auto Center were performed correctly and without causing any environmental effects, please provide Landlord with the following information in connection with the condition of the Leased Premises or Tenant's operations or activities at the Leased Premises:

• All reports, assessments, audits, studies, analyses, monitoring results, sampling maps or diagrams (completed, draft or uncompleted) or other documents relating to hazardous materials and substances (including petroleum and petroleum byproducts, asbestos and polychlorinated biphenyls), waste, pollutants or contaminants, underground or aboveground storage tanks, or relating to compliance with environmental laws and regulations or environmental liability or contamination of the Leased Premises;

11621295 v2

Sears, Roebuck and Co.
October 30, 2018
Page 2

- All correspondence and communications with any governmental entity or third-party in connection with environmental liability or compliance with environmental laws and regulations; and

- All notices of violation, governmental orders, warning letters, or requests for information with respect to environmental liability or environmental laws and regulations.

In addition, it has come to Landlord's attention that Tenant's actions have caused damage to the HVAC air handler which services the Leased Premises. Specifically, we understand that Tenant failed to install an HVAC controls system and instead directed its employees to manually open and close the dampers. Pursuant to section 23.6(d)(2), only a "qualified engineer" is authorized to service the HVAC equipment. The employees charged with manually operating the HVAC equipment are not "qualified engineers" and they, at least twice, left the dampers open, thereby causing the air handler pipes to freeze. Landlord's engineers believe that Tenant's actions have caused permanent damage to the chiller, thereby shortening its remaining working life, and potentially requiring replacement of the entire HVAC system by Tenant. Pursuant to section 23.6(a), Tenant is responsible for all repairs and replacements to the HVAC system caused by its fault or neglect.

Landlord appreciates Tenant's anticipated cooperation. We request the foregoing information by November 9, 2018. Please contact me with any questions.

Very truly yours,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

*Michael J. Barrie /kmc*

Michael J. Barrie

MJB:kmc

11621295 v2