18-23538-shl    Doc 3563    Filed 05/03/19    Entered 05/03/19 10:35:37    Main Document
                                        Pg 1 of 11

GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
T: 212.813.8800
F: 212.355.3333
Michael H. Goldstein (admitted *pro hac vice*)
Barry Z. Bazian
mgoldstein@goodwinlaw.com
bbazian@goodwinlaw.com

*Counsel to Urban Edge Properties LP
and its subsidiaries*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SEARS HOLDINGS CORPORATION,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**MOTION OF URBAN EDGE PROPERTIES LP FOR LEAVE TO FILE UNDER SEAL
ITS OBJECTION AND SUPPORTING DECLARATIONS IN RESPONSE TO
TRANSFORM HOLDCO LLC'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF
<u>ADDITIONAL DESIGNATABLE LEASES</u>**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

Urban Edge Properties LP ("Urban Edge"), on behalf of UE Bruckner Plaza LLC and UE Montehiedra Acquisition LP, by and through its undersigned counsel, hereby files this Motion (the "Motion") for entry of an order (the "Order") authorizing Urban Edge to file under seal the *Objection of Urban Edge Properties LP to Notice of Assumption and Assignment of Additional Designatable Leases* (the "Objection"),[2] the *Declaration of Robert R. DiVita in Support of Objection of Urban Edge Properties LP to Notice of Assumption and Assignment of Additional Designatable Leases* (the "DiVita Declaration"), and the *Declaration of Artem Skorostensky in Support of Objection of Urban Edge Properties LP to Notice of Assumption and Assignment of Additional Designatable Leases* (the "Skorostensky Declaration"), redacted versions of which are being filed on the public docket contemporaneously herewith. Urban Edge seeks entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), determining that the confidential and non-public information in the Objection, the DiVita Declaration, Exhibit D to the DiVita Declaration, and the Skorostensky be withheld from public view. In further support of this Motion, Urban Edge respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

---

[2] Capitalized terms used but not defined herein have the meanings given to them in Objection.

**BACKGROUND**

4. Beginning on October 15, 2018 (the "Petition Date") and continuing thereafter, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have been operating and managing their businesses as debtors-in-possession.

5. On November 19, 2018, the Court entered the *Order Approving Global Bidding Procedures and Granting Related Relief* [Docket No. 816] (the "Bidding Procedures Order"). The Bidding Procedure Order provides, *inter alia*, that "[t]he Debtors shall provide or cause to be provided to applicable Counterparties Adequate Assurance Information on a strictly confidential basis . . . Adequate Assurance Objection that discloses confidential, non-public information included in the Adequate Assurance Information, which shall be expressly identified as non-public and confidential therein, ***must be filed with the Court with such confidential, non-public information redacted*** . . . ." Bidding Procedures Order at ¶ 37 (emphasis added).

6. On April 19, 2019, Transform Holdco LLC (the "Buyer") filed the *Notice of Assumption and Assignment of Additional Designatable Leases* [Docket No. 3298] (the "April 19 Designation Notice") designating for assumption and assignment various real property leases, including the UE Leases. According to the April 19 Designation Notice, the Buyer seeks to assign the UE Leases to an entity named "Transform Operating Stores LLC" (the "Proposed Assignee").

7. On April 26, 2019, in response to Urban Edge's request for the Proposed Assignee's evidence of adequate assurance of future performance under the UE Leases, the Buyer's counsel provided to Urban Edge's counsel a letter containing information regarding the Buyer and its affiliates (the "Adequate Assurance Letter"). The Adequate Assurance Letter is

marked as "Confidential and Proprietary" and states that the information contained therein is "non-public and confidential". The Adequate Assurance Letter states that, per the Bidding Procedure Order, the Buyer has provided the Adequate Assurance Letter on a "strictly confidential basis", and instructs that any objection disclosing information from the Adequate Assurance Letter must be filed with the Bankruptcy Court with such information redacted. In addition, the Buyer provided to Urban Edge (through their respective counsel) certain documents that the Buyer has designated as "privileged and confidential" and protected "pursuant to the Bidding Procedures Order" (such documents, together with the Adequate Assurance Letter, the "Confidential Buyer Documents").

8. Certain statements in the Objection, the DiVita Declaration and the Skorostensky Declaration either directly quote, summarize, or reference information from the Confidential Buyer Documents (such information the "Confidential Buyer Information").

9. A copy of the Adequate Assurance Letter is attached to the DiVita Declaration as Exhibit D.

10. Therefore, as required by the Bidding Procedures Order and as requested by the Buyer, Urban Edge respectfully requests that the Court permit Urban Edge to file the Confidential Buyer Information under seal.

### RELIEF REQUESTED

11. By this Motion, Urban Edge seeks entry of the attached Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rules 9018 and 9037 of the Bankruptcy Rules, granting Urban Edge permission to (a) file the Objection, the DiVita Declaration, Exhibit D to the DiVita Declaration, and the Skorostensky Declaration under seal (the "Sealed Documents"), by providing them to the Clerk of this Court in an envelope clearly

indicating that the same has been filed under seal by Order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court, and (b) file redacted versions thereof on the public docket of this case; provided that Urban Edge redact only the Confidential Buyer Information.

## BASIS FOR RELIEF

12. The Bankruptcy Code provides strong support for filing the information under seal. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may— (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b)(1).

13. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

14. Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id*. at 27. Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id*.

15. Here, the Objection, the DiVita Declaration, Exhibit D to the DiVita Declaration, and the Skorostensky Declaration contain Confidential Buyer Information, which the Buyer has identified as "non-public", "privileged" and/or "confidential" and protected by the Bidding Procedures Order. Accordingly, pursuant to the Bidding Procedures Order and as requested by the Buyer, Urban Edge respectfully requests that the Court grant the instant Motion authorizing Urban Edge to file the Sealed Documents under seal and redacted versions on the public docket.

16. The Proposed Order is narrowly tailored to restrict access only to the Confidential Buyer Information. Thus, the redactions are limited to the Adequate Assurance Letter and statements within the Objection, the DiVita Declaration and the Skorostensky Declaration that either directly quote, summarize, or reference information from the Confidential Buyer Documents.

## **NOTICE**

17. Notice of this Motion will be provided in accordance with the procedures set forth in the *Amended Order Implementing Certain Notice and Case Management Procedures*, entered on November 1, 2018 [Docket No. 405]. Urban Edge respectfully submits that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, Urban Edge respectfully requests that the Court (a) enter the Proposed Order (i) authorizing Urban Edge to file the Objection, the DiVita Declaration, Exhibit D to the DiVita Declaration, and the Skorostensky Declaration under seal, and (ii) to file redacted versions thereof on the public docket of this case; provided that Urban Edge redact only the Confidential Buyer Information, and (c) grant to Urban Edge any such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         May 3, 2019

                            */s/ Michael H. Goldstein*
                            GOODWIN PROCTER LLP
                            The New York Times Building
                            620 Eighth Avenue
                            New York, New York 10018
                            T: 212.813.8800
                            F: 212.355.3333
                            Michael H. Goldstein *(admitted pro hac vice)*
                            Barry Z. Bazian
                            mgoldstein@goodwinlaw.com
                            bbazian@goodwinlaw.com
                            *Counsel to Urban Edge Properties LP*
                            *and its subsidiaries*

# **Exhibit 1**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SEARS HOLDINGS CORPORATION,** *et al.***,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-23538 (RDD)<br><br>(Jointly Administered) |

**[PROPOSED] ORDER GRANTING MOTION OF URBAN EDGE PROPERTIES LP FOR LEAVE TO FILE UNDER SEAL URBAN EDGE PROPERTIES LP'S OBJECTION AND SUPPORTING DECLARATION TO TRANSFORM HOLDCO LLC'S NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

Upon the motion (the "Motion") of Urban Edge Properties LP ("Urban Edge") for entry of an order (this "Order") authorizing Urban Edge to file the Objection, the DiVita Declaration, Exhibit D to the DiVita Declaration, and the Skorostensky Declaration under seal; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that Urban Edge provided appropriate notice of the Motion and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Urban Edge is authorized to (a) file the Objection, the DiVita Declaration, Exhibit D to the DiVita Declaration, and the Skorostensky Declaration under seal (the "Sealed Documents"), by providing them to the Clerk's Office at 300 Quarropas Street along with a copy of this Order, and (b) to file the redacted versions thereof on the public docket of this case; provided that Urban Edge redact only the Confidential Buyer Information, subject to further order of the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

3. Except upon further order of the Court after notice to Urban Edge, the Sealed Documents shall remain under seal, and shall not be made available to anyone without the Consent of the Buyer, with the exception that unredacted copies of the Sealed Documents shall be provided to (a) the Court, (b) the United States Trustee, and (c) any other party as may be ordered by the Court or agreed to by the Buyer, in each case, under appropriate confidentiality agreements satisfactory to the Buyer. Each party to whom disclosure is made shall keep the Sealed Documents confidential.

4. Urban Edge is authorized to take all actions necessary to effectuate the ruling set forth in this Order.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Sealed Documents or any part thereof.

6. Counsel for Urban Edge shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents within 10 days after resolution of the Objection. Upon Urban Edge's failure to do so, the Clerk of the Court is authorized to destroy the Sealed Documents.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
       White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE