# GIORDANO, HALLERAN & CIESLA, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
WWW.GHCLAW.COM

DONALD F. CAMPBELL, JR.
SHAREHOLDER
DCAMPBELL@GHCLAW.COM
DIRECT: (732) 219-5494

*Please Reply To:*
125 HALF MILE ROAD
RED BANK, NEW JERSEY 07701

May 3, 2019

Client/Matter No. 15676/158

**Via CM/ECF**
Hon. Robert D. Drain, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   In re Sears Holdings Corporation, *et al*., Debtors
      Chapter 11 Case No. 18-23538 (RDD) Bankr. S.D.N.Y.

**Reservation of Rights as to Assignment of Lease**

Your Honor:

This firm represents Saker ShopRites, Inc. ("*Saker*"), an interested party in the above-referenced matter. Saker submits the following in limited opposition to the Notice to Assume and Assign filed by Transform Holdco, LLC ("*THC*") dated April 19, 2019 [Doc. 3298] (the "*Notice*") which seeks, in part, the assignment of a lease agreement ("*Lease*"), dated June of 1985, between Kmart Corporation, as tenant, and Levcom Wall Plaza Associates, as landlord, related to the real property located at 1825 Highway 35 in Wall, New Jersey (the "*Premises*"). The Debtor currently operates Store Number 7602 on the Premises pursuant to said Lease.

The Premises has been and continues to be subject to a restrictive covenant dated August 20, 1985 between Jonathan Craig Corp. ("*Grantor*") and Levcom Wall Plaza Associates ("*Grantee*") recorded on August 20, 1985 in Book 4587 at Page 905 ("*Restrictive Covenant*"). A

---
RED BANK  •  TRENTON  •  NEW YORK CITY

GIORDANO, HALLERAN & CIESLA
A Professional Corporation
ATTORNEYS-AT-LAW

Hon. Robert D. Drain, U.S.B.J.
May 3, 2019
Page 2

true and accurate copy of the recorded Restrictive Covenant is attached hereto as "**Exhibit A**."

The Restrictive Covenant states that no portion of the Premises may:

> ...be used as a supermarket, nor for the sale of wine, beer or other alcoholic beverages for off-premises consumption as long as a supermarket or liquor store is located on contiguous premises upon which is now located a Shop Rite Shopping Center and a Jonathan Craig Liquor. Each of said restrictions shall be deemed waived if the prohibited use shall have been discontinued for a continuous period of twenty-four (24) months. Conveyance shall be made subject to further restrictions that the premises set forth in Deed Book 3896 page 91 may not be used as a pizzeria or for the sale or manufacture of pizza products which restriction expires December 27, 1987, nor shall a pharmacist or druggist be employed nor be engaged in any business, nor shall any prescription drugs be sold, on any portion of the premises herein conveyed. This restriction shall be deemed waived if the prohibited use shall have been discontinued for a period of twenty-four (24) months.

Saker operates a supermarket on a portion of the Premises and, therefore, Saker is an interested beneficiary of the Restrictive Covenant. For that reason, the assumption of store 7602 is subject to the Restrictive Covenant.

Further, the Court's Order dated February 9, 2019, to which this Notice of Assumption is subject, contains a clause regarding the Debtor or any other party's right to modify or limit a restrictive covenant such as this one. Specifically, the clause, which is located on page 73, paragraph 59, subsection (a), of the Court's Order *(I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and*

---

GIORDANO, HALLERAN & CIESLA
A Professional Corporation
ATTORNEYS-AT-LAW

Hon. Robert D. Drain, U.S.B.J.
May 3, 2019
Page 3

*Assignment of Certain Executory Contracts, and Leases in Connection therewith, and (IV) Granting Related Relief*, [Doc. 2507] provides:

> 59. **Restrictive Covenants; Master Leases**.
>
> (a) Nothing herein or in the Assert Purchase Agreement or any related document shall authorize, absent further order of the Court or agreement among the Debtors or the Buyer, on the one hand, and the applicable non-Debtor counterparty, on the other hand, the sale of any real estate property owned by any of the Debtors, free and clear (and shall not extinguish or otherwise diminish) any interests, covenants, or rights applicable to such real estate assets that limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements covenants, licenses, or permits (collectively, "Restrictive Covenants") that are not executory or that run with the land. To the extent that the Debtors or any other party seek to assume and assign any real estate leases to which a Debtor is a party free and clear of any Restrictive Covenant, the Debtors or such party shall file a notice that describes the Restrictive Covenant that the party is seeking to extinguish or otherwise diminish and any non-Debtor counterparty to a Restrictive Covenant will have fourteen (14) calendar days form the filing and service of notice of such requested relief to file and serve an objection thereto; any such issues shall be determined by the Court or otherwise resolved consensually prior to the effectiveness of the assignment of any Lease, and all rights, remedies and positions of all parties with respect to any such relief are preserved.

The Notice does not seek to assume and assign the Lease free and clear of the Restrictive Covenant and does not seek to extinguish or diminish the Restrictive Covenant or notify the non-debtor parties of any such request. As a result, the Lease to THC or any other assignee will remain subject to the Restrictive Covenant.

                                            Respectfully Submitted,

                                            */s/ Donald F. Campbell, Jr.*

                                            DONALD F. CAMPBELL, JR.

DFC/GEL

---

RED BANK • TRENTON • NEW YORK CITY

GIORDANO, HALLERAN & CIESLA
A Professional Corporation
ATTORNEYS-AT-LAW

Hon. Robert D. Drain, U.S.B.J.
May 3, 2019
Page 4

cc: Parties on attached Service List


Docs #3750937-v1