**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SEARS HOLDINGS CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-23538 (RDD)<br>(Jointly Administered)<br><br>Re: Docket No. 3298 |

**DECLARATION OF JOHN HRICKO IN SUPPORT OF OBJECTION
OF REGENCY CENTERS, L.P. TO NOTICE OF ASSUMPTION
AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES**

I, John Hricko, declare:

1. I am the Vice President and Market Officer of the Northeast Region and Baltimore Portfolio of Regency Centers, L.P. ("Regency"). Regency is the landlord (the "Landlord") for the leased premises (the "Leased Premises") listed on **Exhibit A**. The above-captioned Debtors are tenants with respect to the Leased Premises.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); SHC Licensed Business LLC (3718); and SHC Promotions LLC (9626). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

2. Based at Regency's Philadelphia office, I oversee the leasing, operations and asset management of 36 shopping centers in the company's Northeast Region and Baltimore portfolio, totaling about 4.7 million square feet. As the Vice President and Marketing Officer for the Northeast Region, I am familiar with Regency's asset portfolio, documents, and business records, and I (and those working with me and at my direction) have been personally involved in various capacities in connection with asset management, leasing and dispositions.

3. I have over twenty years of experience in real estate management and development, including over ten years of experience in the retail industry. Prior to joining Regency, I served as Director of Development at Starbucks Coffee Company in the Mid-Atlantic and Northeast Regions, managing a team of real estate managers, construction managers and store designers. Before Starbucks, I worked for Wendy's International, Pepsi and Mobil in both real estate and development. I began my current tenure with Regency as Vice President in 2006 in Washington D.C., and relocated to Philadelphia in 2007 to facilitate the growth of the Northeast region.

4. This declaration is submitted in response to the Notice of Assumption and Assignment filed at Docket No. 3298 (the "Assignment Notice"). Pursuant to the Assignment Notice, Transform Holdco, LLC ("Transform"), the buyer of substantially all of the Debtors' assets, has designated the Lease for assignment to Transform Operating Stores LLC (the "Assignee").

5. In connection with my role, I am one of the custodians of records of the Landlord's books, records, and files related to the use and occupancy of retail premises at the Leased Premises. I am personally familiar with the Leased Premises, which are located in a shopping center. The Lease is not attached to this declaration but can be produced upon request. If called upon to testify

2

in this proceeding as to the matters set forth in this declaration, I could and would competently testify thereto, since the facts set forth herein are personally known to me to be true.

6. The Leased Premises are located in a "shopping center" as that term is used in the Bankruptcy Code. I understand that in determining whether a lease is in a shopping center, courts generally consider whether there are a combination of leases, whether all leases are held by a single landlord, the presence of a common parking area, and the contiguity of retail stores. The Leased Premises satisfy these requirements. The website listed on **Exhibit A** provides details as to the tenant list and location of the Leased Premises, in addition to the total retail space in square feet, the number of retailers located in each shopping center, and the site plan.

7. In the ordinary course of its business, Regency, as Landlord, requires credit enhancements, in the form of security deposits, letters of credit and third party guaranties when leasing (or assessing a proposed assignment of a lease) to certain companies based on their financial information and history. In the case of a new company, particularly a recently-capitalized "newco" created for the purpose of acquiring distressed assets, Regency would ordinarily seek security in the form of cash deposits or letters of credit covering monetary obligations under assigned leases. Alternatively, or in combination with such deposits, when faced with a potential lease assignment to a "newco," the landlord would typically seek a continuing guaranty of lease obligations from a parent company with sufficient assets to meet those guaranty obligations.

8. The Debtors, Transform, and the Assignee have not provided Regency with any information analyzing the Assignee's current or projected financial condition or operational capabilities compared to the Debtors at any time period, including at the time the Lease was entered into.

9. To my knowledge, neither the Assignee nor Buyer have proposed to invest significant sums in the Leased Premises through remodeling, restoration and other capital improvements that would demonstrate a long-term commitment to the Leased Premises and potentially ameliorate credit risk.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Philadelphia, Pennsylvania
May 2, 2019

/s/ *John Hricko*
John Hricko

## **EXHIBIT A**

| **Store No.** | **Mall Name** | **Location** | **Website** |
|---|---|---|---|
| 3873 | Pike Creek - Kmart | Wilmington, DE | https://www.regencycenters.com/property/detail/155/Pike-Creek |