# Exhibit 3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       :       Chapter 11
                                                             :
**SEARS HOLDINGS CORPORATION,** *et al.,*                    :       Case No. 18-23538 (RDD)
                                                             :
                    Debtors.¹                                :       (Jointly Administered)
                                                             :
------------------------------------------------------------ x

## DECLARATION OF JOE F. TEAGUE JR.

Pursuant to 28 U.S.C. § 1746, I, Joe F. Teague, Jr., declare as follows:

1. I am over 18 years of age, of sound mind, and am capable of testifying to the facts contained in this declaration. I make this declaration based on my personal knowledge unless otherwise stated herein.

2. I submit this declaration in support of the *Objection and Reservation of Rights of the MCG Landlords with Respect to Notice of Assumption and Assignment of Lease Number 7043*, which is filed in the above-captioned jointly administered cases (the "Objection").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); and Sears Brands Management Corporation (5365). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

3. I am a licensed attorney in the State of North Carolina. I am the President of Madison Capital Group, LLC ("MCG"). MCG is the manager of MCG Rock Hill, LLC and VCP Rock Hill Storage, LLC (together, the "MCG Landlords").

4. The MCG Landlords are the owners of certain real property and improvements located at 2302 Cherry Road, Rock Hill, South Carolina (the "Rock Hill Property").

5. On or about September 24, 2018, the MCG Landlords purchased the Rock Hill Property from Seritage SRC Finance LLC ("Seritage").

6. As of the closing date, debtor Kmart Operations LLC operated a Kmart store at the Rock Hill Property. I am informed that the debtors refer to the store operated at the Rock Hill Property as Store No. 7043.

7. Store 7043 was operated pursuant to the terms of that certain Lease dated September 24, 2018, by and among Seritage, as landlord, and Kmart Operations LLC, as tenant, (the "Lease"). A copy of the Lease is attached as Exhibit 1 to the Objection.

8. The Lease was assigned by Seritage to the MCG Landlords, pursuant to an Assumption and Assignment of Lease dated as of September 24, 2018. A copy of the Lease assignment is attached as Exhibit 2 to the Objection.

9. Debtor Kmart Operations LLC ceased operating Store 7043 on or about January 6, 2019, and the employees completed the closing of the store on or about January 18, 2019. Store 7043 has not been operated since January 2019.

10. As of the date of the Objection, the tenant is in default of various provisions of the Lease, including but not limited to defaults for failure to: (1) continuously operate in violation of sections 7.3 and 13.1 of the Lease; (2) maintain all applicable insurance in violation of sections 11.1 and 13.1 of the Lease; (3) pay all applicable taxes in violation of sections 4.5 and 13.1of the

2

Lease; and (4) pay all of MCG Landlords' costs, including attorney's fees, associated with the assignment of the Lease in violation of sections 9.5 and 13.1 of the Lease.

11. As of the date of the Objection, in order to cure the monetary defaults under the Lease, debtor Kmart Operations LLC must pay the following sums to the MCG Landlords: (a) $64,156.08 representing the property taxes for 2018, (b) $21,092.41 representing the 2019 pro-rated property taxes that have accrued through April 30, 2019, (c) $15,482.00 representing the property insurance paid by the MCG Landlords, and (d) $15,784.80 representing the legal fees and expenses incurred in enforcing the Lease (through April 30, 2019).

12. In addition, the MCG Landlords were served with a *Notice of Assumption and Assignment of Additional Designatable Leases* on April 19, 2019 (the "Designation Notice"). [ECF No. 3298]. The Designation Notice states that the Debtors propose to assume the Lease and assign it to an entity called Transform Leaseco LLC ("Leaseco"). I have never heard of Leaseco, nor have I ever received any information regarding Leaseco's relationship to the debtors or the buyer in the global asset sale.

13. Moreover, I have not received any information supporting Leaseco's financial capabilities or wherewithal to perform its potential obligations under the Lease. Nor have I received any information to demonstrate that Leaseco intends to restart operations at the Rock Hill Property, or its ability and experience to operate under the Lease. I do not believe that Leaseco has provided any evidence to demonstrate that it is capable of performing its obligations under the Lease.

14. In the event that the Court approves the assumption and assignment of the Lease to Leaseco, I am informed that Section 365(l) of the Bankruptcy Code authorizes the Court to require a proposed assignee of a Lease to provide additional security for the performance of the

debtor's obligations under the Lease.  If the Court is to approve the assumption and assignment of the Lease, the Court should require Leaseco and its affiliates to provide the following additional security for the performance of the debtor's obligations under the Lease: (a) a two month security deposit of $66,308.36 (monthly base rent is $33,154.18 under the Lease), and (b) an unlimited guaranty of Leaseco's obligations under the Lease from a solvent parent company.

    I certify under penalty of perjury, this 2nd day of May, 2019, that the foregoing is true and correct.

_____
Joe F. Teague, Jr.