**BURR & FORMAN LLP**
Richard A. Robinson
1201 N. Market Street, Suite 1407
Wilmington, DE 19801
Telephone: (302) 830-2300
Email: rrobinson@burr.com
*Attorneys for California Drive In Theaters, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| **SEARS HOLDINGS CORPORATION,** *et al.,* | Case No. 18-23538 (RDD) |
| Debtors.[1] | (Jointly Administered) |

-----------------------------------------------------------

### LIMITED OBJECTION OF CALIFORNIA DRIVE IN THEATERS, INC. TO DEBTORS' NOTICE OF ASSUMPTION AND ASSIGNMENT OF ADDITIONAL DESIGNATABLE LEASES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); Service Live Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859);Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); Sears, Roebuck de Puerto Rico, Inc. (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC(8915); MyGofer LLC (5531); Sears Brands Business Unit Corporation (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816). The location of the Debtors' corporate headquarters is 3333 Beverly Road, Hoffman Estates, Illinois 60179.

33356887 v2

California Drive In Theaters, Inc. ("Landlord"), by counsel, files this Limited Objection to Cure Amount in response to Debtors' Notice of Assumption and Assignment of Additional Designatable Leases ("Assumption Notice") (ECF No. 3298). In support of this Limited Objection, Landlord states as follows:

1. Landlord is the owner and lessor of real property located at Los Altos Gateway, 2900 Bellflower Boulevard, Long Beach Florida, 90815 (the "Real Property"). Landlord leased the property to KMart Corporation ("Tenant") where the Tenant operated Store No. 9328 and occupied the Real Property pursuant to that certain Ground Lease by and between Landlord and Tenant dated July 15, 1996; that certain First Amendment to Ground Lease by and between Landlord and Tenant dated July 18, 1997; that certain Amended and Restated Ground Lease by and between Landlord and Tenant dated October 9, 1998; and that certain First Amendment to Amended and Restated Ground Lease by and between Landlord and Tenant dated May 17, 1999 ("Ground Lease").

2. On August 30, 2018, Tenant was notified of breaches of the Ground Lease.

3. On October 15, 2018, Debtors filed a voluntary case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Debtors have continued to operate and manage their business as debtors-in-possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

4. Landlord timely filed its Proof of Claim in this case, Claim No. 16181 ("Proof of Claim") asserting a total claim of $718,139.75, comprised of $705,000.00 in amounts generally due under the Ground Lease, $6,774.27 for CAM Reconciliation 2018, and $ 6,365.48 for CAM Reconciliation 2019.

5. On February 8, 2019, this Court entered an order approving the sale of substantially all of the Debtors' assets to Transform Holdco, LLC (the "Buyer"). The Order *(I) Approving the Asset Purchase Agreement Among Sellers and Buyer, (II) Authorizing the Sale of Certain of the*

*Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Leases in Connection Therewith, and (IV) Granting Related Relief* (ECF No. 2507) (the "Sale Order"). The Sale Order preserved issues relating to cure amounts, adequate assurance of future performance, and other matters relating to the assumption and assignment of real estate leases that were not Initial Assigned Agreements (as defined in the Sale Order). The Ground Lease is not included among the Initial Assigned Agreements.

6. On April 19, 2019, the Buyer filed the Assumption Notice that included the Ground Lease with a proposed cure amount of $4,050.00. The Assumption Notice provides that the objection deadline is May 3, 2019 at 11:30 a.m.

## OBJECTION

7. To assume and assign the Ground Lease, the Debtor is required to (1) cure the default, or provide adequate assurance that it will promptly cure it; (2) compensate, or provide adequate assurance that the trustee will promptly compensate, the non-debtor party to the contract for any actual monetary loss caused by the debtor's default; and (3) provide adequate assurance of future performance under the contract. *In re Wireless Data, Inc.*, 547 F.3d 484, 489 (2d Cir. 2008); 11 U.S.C. § 365(b)(1)(A)-(C). The purpose of requiring a debtor to cure strives to restore the "debtor-creditor relationship . . . to pre-default conditions." *Id.* (citing *In re Taddeo*, 685 F.2d 24, 27 (2d Cir. 1982)).

8. The Assumption Notice states that the cure amount is $4,050.00. This amount, is incorrect. As stated in the Landlord's Proof of Claim, the cure amount due is $718,139.75. Thus, in order to assume the Ground Lease, Debtor must cure or provide adequate assurance that it will promptly cure the default. To the extent that Debtor intends to cure and assume the Ground Lease, the amount to cure is well in excess of the proposed $4,050.00.

9. Moreover, Bankruptcy Code sections 365(f)(2)(B) and 365(b)(1) require that adequate assurance of future performance by a proposed assignee be provided, whether or not there has been a default under a contract or lease. This is particularly true, when as here, the future performance involves a lease of real property in a shopping center. *See In re Jamesway Corp.*, 201 B.R. 73, 77 (Bankr. S.D.N.Y. 1996).

10. Adequate assurance of future performance of a lease in a shopping center under Section 365(b)(3) includes:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11. Here, the Assumption Notice filed by the Buyer does not meet the enumerated requirements for adequate assurance of future performance. The Assumption Notice proposes that the Ground Lease will be assigned to an entity other than the Buyer, identified as Transform Operating Stores, LLC. The Debtor has, nevertheless, failed to provide the Landlord with adequate assurance of future performance concerning Transform Operating Stores or its ability to perform under the Ground Lease. More specifically, the Landlord has not been provided with information with respect to the financial condition and operating performance of Transform Operating Stores,

or its position within the organizational structure of Buyer. The Landlord has also not been provided with information necessary to determine that the rent due under the Ground Lease will not decline substantially on account of the new tenant or that the assignment will not disrupt the tenant mix in the shopping center. Accordingly, the Landlord reserves all rights with respect to Debtors' obligation to demonstrate adequate assurance of future performance.

## JOINDER AND RESERVATION OF RIGHTS

12. Landlord reserves the right to make other and further objections as may be appropriate as additional information is provided. Landlord also hereby joins in any objections filed by the Debtors' other landlords and the Official Committee of Unsecured Creditors to the extent not inconsistent with this Limited Objection, and expressly reserves its right to object to the lack of adequate assurances in the event that an individual or entity other than Transform Operating Stores is designated as the ultimate assignee of the lease.

WHEREFORE Landlord respectfully requests that this Honorable Court deny the assumption and assignment of the Ground Lease unless and until the issues identified herein are addressed, including the payment of the entire cure amount, and that this Honorable Court grant the Landlord such other and further relief as is just and proper.

Dated May 3, 2019

**BURR & FORMAN LLP**

/s/  *Richard A. Robinson*
Richard A. Robinson
1201 N. Market Street, Suite 1407
Wilmington, DE 19801
Telephone:  302-397-4852
Facsimile:  205-458-5100
Email: rrobinson@burr.com
*Attorneys for California Drive In Theaters, Inc.*

# CERTIFICATE OF SERVICE

I, Richard A. Robinson, hereby certify that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case, and by Email to all the parties listed on the below service list on this the 3rd day of May, 2019.

/s/ *Richard A. Robinson*

# SERVICE LIST

Sears Holdings Corporation
Attn: Stephen Sitley, Esq. (stephen.sitley@searshc.com)
Attn: Luke J. Valentino, Esq. (luke.valentino@searshc.com)
3333 Beverly Road
Hoffman Estates, IL 60179

Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock (ray.schrock@weil.com)
Attn: Jacqueline Marcus (jacqueline.marcus@weil.com)
Attn: Garret A. Fail (garrett.fail@weil.com)
Attn: Sunny Singh (sunny.singh@weil.com)
767 Fifth Avenue
New York, NY 10153

Office of the United States Trustee
Attn: Paul Schwartzberg (paul.schwartzberg@usdoj.gov)
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

Bank of America, N.A.
c/o Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Paul D. Leake (paul.leake@skadden.com)
Attn: Shana A. Elberg (shana.elberg@skadden.com)
Attn: George R. Howard (george.howard@skadden.com)
4 Times Square
New York, NY 10036

Citibank, N.A.
c/o Davis Polk & Wardell LLP
Attn: Marshall S. Huebner, Esq. (marshall.huebner@davispolk.com)
Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com)
450 Lexington Ave
New York, NY 10017

JPP, LLC
c/o Cleary Gottlieb Steen & Hamilton LLP
Attn: Sean A. O'Neal (soneal@cgsh.com)
One Liberty Plaza
New York, NY 10006

Computershare Trust Company, N.A.
c/o Kelley Drye & Warren LLP
Attn: Eric R. Wilson, Esq. (ewilson@kelleydrye.com)
Benjamin D. Feder, Esq. (bfeder@kelleydrye.com)
T. Charlie Liu, Esq. (cliu@kelleydrye.com)
101 Park Ave
New York, NY 10178

Wilmington Trust, N.A.
c/o Seyfarth Shaw LLP
Attn: Edward M. Fox, Esq. (emfox@seyfarth.com)
620 Eighth Ave
New York, NY 10018

The Bank of New York Mellon Trust Company
c/o Carter Ledyard & Milburn LLP
Attn: James Gadsden, Esq. (gadsden@clm.com)
2 Wall Street
New York, NY 10015

Pension Benefit Guaranty Corporation
c/o Locke Lord LLP
Attn: Brian A. Raynor, Esq. (braynor@lockelord.com)
111 South Wacker Drive
Chicago, IL 60606

Official Committee of Unsecured Creditors
c/o Akin Gump Strauss Hauer & Feld LLP
Attn: Philip C. Dublin, Esq. (pdublin@akingump.com)
Attn: Ira S. Dizengoff, Esq. (idizengoff@akingump.com)
Attn: Sara Lynne Brauner, Esq. (sbrauner@akingump.com)
One Bryant Park
New York, NY 10036

Transform Holdco LLC
c/o Cleary Gottlieb Steen & Hamilton LLP
Attn: Sean A. O'Neal, Esq. (soneal@cgsh.com)
Attn: Luke A. Barefoot, Esq. (lbarefoot@cgsh.com)
One Liberty Plaza
New York, NY 10006